

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.coughlinduffy.com

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

LORNA A. DOTRO
DIRECT DIAL: (973) 631-6016
EMAIL: LDOTRO@COUGHLINDUFFY.COM

November 10, 2016

**VIA ECF**
The Honorable Freda Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    *In Re: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION   MDL No. 2738*
            *Dkt. No: 3:16-md-2738*

Dear Judge Wolfson:

       This firm, along with Gordon & Rees Scully and Mansukhani, represents defendant Imerys Talc America, Inc., f/k/a Luzenac America, Inc. ("Imerys"). Pursuant to the Court's October 20, 2016 directive, Imerys submits the following status report.

       Imerys has met and conferred with counsel for the Johnson & Johnson Defendants ("J&J") as well as counsel for the Personal Care Products Council Defendant and hereby joins in the proposal submitted by J&J. Imerys strongly believes that the interests of efficiency and judicial economy would best be served by the Court assessing the scientific validity of plaintiffs' claims at the earliest possible instance. Therefore, Imerys encourages the Court to adopt the proposal set forth by J&J.

<u>**Background on Imerys Talc America Inc.**</u>

       By way of background, Imerys is a supplier of the raw material (talc) that is integrated into the Johnson & Johnson body powder products at issue in this litigation. Talc is an inherently safe raw material that is used in hundreds of products. Imerys mines talc from talc mines both inside and outside the United States. Talc ore is an inert, naturally-occurring mineral that is mined from rock, pulverized into a powder, and used in

Page 2
November 10, 2016



hundreds of applications and products, including in foods, medicines, chewing gum, paper, plastics, prescription drugs approved by the U.S. Food and Drug Administration ("FDA"), rubber, ceramics, packaging materials, agricultural supplies, animal feed, coatings, electronic and electrical equipment, adhesives, asphalt, cosmetics, soaps, household appliances, and automobile parts, all with no reported adverse health effects.

Imerys sells talc to Johnson & Johnson pursuant to supply agreements between the companies. These supply agreements contain Johnson & Johnson's specifications for how Imerys must process the talc that it sells to Johnson & Johnson, including its purity and fineness. In particular, Imerys' talc must meet Johnson & Johnson's specifications, specifications set forth by the Cosmetics Toiletries and Fragrances Association ("CTFA"), and specifications propounded by the United States Pharmacopeia Convention ("USP"), which are enforceable by the FDA. Once the talc is supplied to Johnson & Johnson, Imerys has no further involvement with the material. In particular, Imerys is not (and never has been) involved with the design, manufacture, composition, testing, labeling, processing, packing, assembly, marketing, or sale of any application Johnson & Johnson makes with the talc, or with Johnson & Johnson's integration of the talc into any finished products, including body powders.

### *History of Litigation against Imerys Talc America Inc.*

In 2009, Deanne Berg filed a lawsuit in the Southern District of South Dakota alleging that her use of Johnson & Johnson Baby Powder in the genital area caused her ovarian cancer. Although Imerys was joined as a party, the district court granted summary judgment to Imerys prior to trial on two separate bases. First, the court held that pursuant to the raw materials supplier doctrine, Imerys had no obligation to warn the end user of the finished product into which the talc was integrated. Second, the court found that Berg lacked evidence to support her conspiracy claim. The first trial in Missouri State Court, *Fox v. Johnson & Johnson et. al.*, occurred in February 2016. The jury found Imerys not liable. The second trial in Missouri State Court occurred in the *Ristesund v. Johnson & Johnson et. al.*, matter on May 2016. A second jury found Imerys not liable in this trial.

The majority of cases are concentrated in Missouri, California and New Jersey state courts. In fact, New Jersey was chosen by the JPML for the location of this MDL, in part, because of New Jersey's existing consolidated state court action. That New Jersey Multi-County consolidated action ("MCL") is presided over by The Honorable Nelson C. Johnson, J.S.C. in Atlantic County, Atlantic City, New Jersey.

As discussed in the J&J proposal, Judge Johnson recently held two full weeks of *Kemp* hearings (the New Jersey equivalent of *Daubert*) in *Carl v. Johnson & Johnson et. al.* and *Balderamma v. Johnson & Johnson et. al.* (the first two proposed trial cases in the New Jersey MCL) wherein he analyzed and evaluated the science behind Plaintiff's

*247446-1*

Page 3
November 10, 2016



claims. After taking testimony from all of Plaintiff's proposed experts and evaluating the full body of scientific literature regarding an association between talc and ovarian cancer, Judge Johnson issued a 55 page written opinion containing 22 pages of Appendices, wherein he ruled that Plaintiffs lacked adequate scientific evidence of general causation (*i.e.*, that talc can cause ovarian cancer). As a result, he granted summary judgment in the Defendants' favor and dismissed the plaintiffs' claims for lack of sufficient, reliable evidence of general causation between talc and ovarian cancer. That opinion is now on appeal to the New Jersey Appellate Division.

In the *Giannecchini* trial, the last state court trial in Missouri that concluded on October 27, 2016, the jury found against the defendants and apportioned 10% liability to Imerys. Imerys will appeal this sole verdict against it and will contend, amongst other things, that the Missouri state court erred in its interpretation of the raw materials supplier doctrine, and, therefore, instructed the jury erroneously.

As of the date of this writing, Imerys has been named as a Defendant in 47 cases that have been transferred to this MDL.

### DISCOVERY TO DATE

Imerys has produced documents and answered interrogatories in numerous state court cases, most of which involve the same Plaintiff's counsel who are part of this MDL. To date, Imerys has produced 355,356 pages/87,492 documents.

### SETTLEMENT DISCUSSIONS

No settlement discussions have occurred to date.

### PENDING MOTIONS

The chart of pending motion submitted in the J&J proposal adequately reflects the motions filed by Imerys, and for the sake of brevity, Imerys does not repeat the same information here.

### LEAD AND LIASON COUNSEL

Because the Defendants each have different roles and interests, Imerys respectfully requests that Nancy M. Erfle, Esq. from Gordon & Rees Scully and Mansukhani be named

*247446-1*



Lead Counsel for Imerys and that Lorna A. Dotro, Esq. from Coughlin Duffy LLP be named Liaison Counsel for Imerys.

**PROPOSED AGENDA ITEMS FOR THE UPCOMING CONFERENCE**

Imerys adopts and joins in the proposed agenda submitted by J&J.

Lorna A. Dotro, Esq. from Coughlin Duffy LLP and Nancy M. Erfle, Esq. and Leslie A. Benitez, Esq. from Gordon & Rees Scully and Mansukhani will be attending the conference in person and look forward to meeting with Your Honor next Thursday.

If Your Honor requires any additional information, please do not hesitate to contact me.

Thank you for your kind attention to this matter.

Respectfully submitted,

COUGHLIN DUFFY LLP

/s/ Lorna A. Dotro
Lorna A. Dotro, Esq.

CC: The Honorable Lois Goodman, U.S.M.J.
All Counsel of Record (via ECF)

*247446-1*