## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND LIABILITY LITIGATIONS** | Master Docket No. 3:16-md-2738 (FLW) <br><br> MDL 2738 <br><br> Honorable Freda L. Wolfson |
| This document relates to: <br><br> Mihalich v. Johnson & Johnson, et al., S.D. Illinois, C.A. No. 3:14-00600 <br><br> Estrada v. Johnson & Johnson, et al., E.D. California, C.A. No. 2:14-01051 | Case No.:   3:16-cv-6695 (FLW) <br><br><br> Case No.    3:16-cv-7492 (FLW) |

--------------------------------------------------------------------------------
**CONSUMER PROTECTION CLASS ACTION PLAINTIFFS' STATUS REPORT**
--------------------------------------------------------------------------------

Timothy G. Blood
Paula R. Brown
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
T: 619/338-1100
F: 619/338-1101
tblood@bholaw.com
pbrown@bholaw.com

*Attorneys for Plaintiffs*
*Barbara Mihalich and Mona Estrada*

(Additional Counsel on Signature Page)

00110411

Plaintiffs Mona Estrada ("Estrada") and Barbara Mihalich ("Mihalich") (together, "Consumer Protection Plaintiffs") submit this status report in response to the Court's Order Scheduling In-Person Organizational Conference (ECF No. 4, "Order"), on behalf of the two economic loss class actions in this MDL, *Mihalich v. Johnson & Johnson*, No. 3:13-cv-00600 (S.D. Ill.) and *Estrada v. Johnson & Johnson*, No. 2:14-cv-01051 (E.D. Cal.) (together, the "Consumer Protection Actions").

## I. PROCEDURAL BACKGROUND OF THE CONSUMER PROTECTION CLASS ACTIONS

The Consumer Protection Actions were each brought as class actions under state consumer protection laws generally alleging that Johnson & Johnson and Johnson & Johnson Consumer, Inc. (together, "J&J") violated these laws by selling its talc-based Baby Powder through false advertising, including omitting material facts that using cosmetic talc in the very manner intended can result in an increased risk of ovarian cancer. Unlike the personal injury actions, the Consumer Protection Actions concern the sale of a falsely advertised product and seek traditional legal and equitable relief available under the state consumer protection laws, and not personal injury damages.

The plaintiffs in the Consumer Protection Actions are represented by the same counsel who have efficiently coordinated efforts since their filing in 2014. Estrada filed her action against J&J in the Eastern District of California on April 28, 2014. J&J's motion to dismiss Estrada's initial complaint pursuant to Fed. R. Civ. P. 12(b)(1) was granted with leave to amend on March 27, 2015. J&J's motion to dismiss Estrada's first amended complaint pursuant to Rule 12(b)(1) and (6) has been fully briefed since June 25, 2015 and is pending.

Mihalich filed her action against J&J in the Southern District of Illinois on May 23, 2014. On December 28, 2015, J&J's motion to dismiss Mihalich's initial complaint pursuant to Rule

12(b)(1) was denied, but its motion pursuant to Rule 12(b)(6) was granted with leave to amend. On September 20, 2016, the court denied J&J's Rule 12(b)(6) motion to dismiss Mihalich's first amended complaint with respect to all claims except injunctive relief, for which the court found Mihalich does not have Article III standing. The parties have been conducting discovery in *Mihalich* and where prepared to complete discovery relating to class certification and filing her class certification motion. As discussed below, the MDL transfer has complicated these plans.

Below, Consumer Protection Plaintiffs address each of the categories of information requested by the Court in its Order and propose that the Court: (1) rule on the pending motion to dismiss in *Estrada*; (2) appoint Timothy G. Blood as class counsel pursuant to Rule 23(g); (3) permit all plaintiffs to share in all discovery taken to date in the Consumer Protection Actions and personal injury cases and in all discovery going forward; and (4) permit Consumer Protection Plaintiffs to proceed with discovery, including the class discovery that is different from the discovery needed in personal injury cases.

## II.  DISCOVERY TAKEN TO DATE AND STAGE OF DISCOVERY

In *Mihalich*, the parties have completed some discovery primarily focusing on class certification under Seventh Circuit standards, which differ considerably from Third Circuit standards relating to "ascertainability." *Compare Byrd v. Aaron's, Inc.*, 784 F.3d 154 (3rd Cir. 2015) *with Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015), *cert. denied*, 2016 U.S. LEXIS 1538 (U.S. Feb. 29, 2016) (expressly rejecting Third Circuit approach). The Third Circuit's ascertainability rule requires additional discovery not required under the Seventh Circuit rule, including discovery from third parties.

After a protective order was entered, J&J responded to an initial round of written discovery and produced over 470,000 pages of documents. Mihalich also responded to written

discovery and was deposed on August 25, 2015.

Meanwhile, discovery in *Estrada* was stayed pending decision on J&J's motion to dismiss (*see* discussion below) and thus, no protective order has been entered or discovery taken. However, the discovery produced to date in *Mihalich* can be used in *Estrada*.

To date, J&J's document production in *Mihalich* is essentially the same production made to plaintiffs in several of the state personal injury cases. For the sake of efficiency, all discovery, including documents, written discovery responses, and deposition testimony, should be shared among all actions in this MDL. Currently, two separate, though largely identical, document databases exist –one created by the Consumer Protection Plaintiffs and one created by a group of the state personal injury plaintiffs. Despite efforts to reduce costs and duplicate time spent reviewing the same documents, J&J has not agreed to allow both groups of plaintiffs to share one database. We believe this is wasteful and inefficient and that no valid reason exists to keep the two databases separate. Consumer Protection Plaintiffs request that all documents be shared among all cases in the MDL through one document database and that all other written discovery and deposition testimony be shared.

Additionally, Consumer Protection Plaintiffs need to complete discovery that is not common to the other actions in this MDL, including discovery on retail prices, further marketing studies, and documents related to product packaging over the class period, as well as discovery needed to meet the Third Circuit's ascertainability requirement for class certification. Consumer Protection Plaintiffs request the ability to proceed with that discovery.

### III.     SETTLEMENT DISCUSSIONS

To date, the parties to the Consumer Protection Actions have not engaged in any settlement discussions.

## IV. MOTIONS PENDING BEFORE THIS COURT AND MOTIONS THAT HAVE BEEN DECIDED BY THE TRANSFEROR JUDGE

On December 28, 2015, in *Mihalich*, Judge David R. Herndon of the Southern District of Illinois denied J&J's motion to dismiss Mihalich's initial complaint pursuant to Rule 12(b)(1), but granted its motion pursuant to Rule 12(b)(6) with leave to amend. On September 20, 2016, Judge Herndon granted J&J's motion to dismiss Mihalich's injunctive relief claim for lack of Article III standing, but denied J&J's motion to dismiss Mihalich's Illinois Consumer Fraud Act claim. On October 24, 2016, J&J answered the *Mihalich* complaint. There are no other motions pending in *Mihalich*.

On March 27, 2015, Judge Troy L. Nunley of the Eastern District of California granted J&J's initial motion to dismiss pursuant to Rule 12(b)(1) with leave to amend. Estrada amended her complaint to address Judge Nunley's concerns and J&J filed a motion to dismiss the amended complaint. On July 2, 2015, Judge Nunley took J&J's motion to dismiss the first amended complaint under submission. That motion is still pending. Estrada requests that this Court rule on the pending motion to dismiss in *Estrada*. Although that motion is fully briefed, given the passage of time, Estrada suggests that the parties simultaneously exchange briefs of five pages or less within 21 days to update the Court on the additional legal authority related to the issues raised in J&J's motion.

## V. SUGGESTIONS REGARDING LEAD/LIAISON COUNSEL

Consumer Protection Plaintiffs believe that appointment of interim class counsel pursuant to Rule 23(g) is appropriate and no other leadership positions are needed for the Consumer Protection Cases. To ensure seamless coordination with the personal injury plaintiffs, the Consumer Protection Plaintiffs also belief an appointment to the personal injury cases plaintiffs' steering committee is appropriate. All plaintiffs' counsel in both sets of actions agree that

4

Timothy G. Blood from Blood Hurst & O'Reardon, LLP ("BHO") should be appointed Interim Class Counsel pursuant to Rule 23(g) for the Consumer Protection Actions and be appointed to the personal injury plaintiffs' steering committee. J&J does not object to this request. For the Court's reference, the resume for Mr. Blood and his firm is attached as Exhibit A. A proposed order regarding Interim Class Counsel for the Consumer Protection Actions is attached as Exhibit B. Consumer Protection Plaintiffs also agree that Michelle A. Parfitt and P. Leigh O'Dell should serve as Co-Lead Counsel of the personal injury cases.

## VI. OTHER AGENDA ITEMS FOR ORGANIZATIONAL CONFERENCE

At this time, there are no other matters that Consumer Protection Plaintiffs wish to address.

## VII. TOPICS RELATED TO THE COURT'S INITIAL CASE MANAGEMENT ORDER

For the Court's convenience, below are Consumer Protection Plaintiffs' thoughts on the issues identified by the Court for the Initial Case Management Order.

### A. Proposed Deadlines for Joinder of Parties, Amendment of Pleadings, Filing of Motions, and Completion of Discovery

Consumer Protection Plaintiffs do not anticipate joining any additional parties or amending their pleadings at this time. Additionally, once the Court rules on the pending motion to dismiss in *Estrada*, there are no further anticipated motions to dismiss in the Consumer Protection Actions.

The next step in the Consumer Protection Cases is class certification. However, differences in the ascertainability requirement for class certification in the Third Circuit from the other circuits requires additional discovery, including third party discovery, and may be an issue best left for the transferor courts to decide. *Compare Byrd*, 784 F.3d at 163, *with Mullins*, 795 F.3d 661-62.

B.  **Modifications to Rule 26(a)(1) and Setting Dates for Supplementation of Initial Disclosures and Discovery Under Rule 26(e)(1)**

The parties in *Mihalich* exchanged Rule 26(a)(1) disclosures on September 21, 2015. Estrada proposes that the parties in *Estrada* do the same within 14 days. Consumer Protection Plaintiffs do not believe a date for supplementing initial disclosures or discovery pursuant to Rule 26(e)(1) should be set at this time.

Dated: November 10, 2016

BLOOD HURST & O'REARDON, LLP
Timothy G. Blood
Paula R. Brown

By: _____s/ Timothy G. Blood_____
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
T: 619/338-1100
*Attorneys for Plaintiffs*
*Barbara Mihalich and Mona Estrada*

GOLDENBERG HELLER ANTOGNOLI
  & RWOLAND, P.C.
Mark C. Goldenberg 300990221
Thomas P. Rosenfeld #06301401
Kevin P. Green #6299905
222 South State Route 157
Edwardsville, IL 62025
T: 618/656-5150
*Attorneys for Plaintiff Barbara Mihalich*

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
W. Daniel "Dee" Miles, III
Lance C. Gould
Alison Douillard Hawthorne
272 Commerce Street
Post Office Box 4160
Montgomery, AL 36103
T: 334/269-2343

THE SMITH LAW FIRM
Allen Smith, Jr.
618 Towne Center Blvd., Suite B
Ridgeland, MS 39157
T: 601/952-1422
*Attorneys for Plaintiff Mona Estrada*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on November 10, 2016.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

00110411