# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND LIABILITY LITIGATIONS** | Master Docket No. 3:16-md-2738 (FLW) |
| | MDL 2738 |
| | Honorable Freda L. Wolfson |
| This document relates to: | |
| Mihalich v. Johnson & Johnson, et al., S.D. Illinois, C.A. No. 3:14-00600 | Case No.:   3:16-cv-6695 (FLW) |
| Estrada v. Johnson & Johnson, et al., E.D. California, C.A. No. 2:14-01051 | Case No.    3:16-cv-7492 (FLW) |

---------------------------------------------------------------------------------------------------------------

**[PROPOSED] ORDER APPOINTING INTERIM CLASS COUNSEL
PURSUANT TO RULE 23(g) OF CONSUMER PROTECTION ACTIONS**

---------------------------------------------------------------------------------------------------------------

00110676

It appearing to the Court that the appointment of Interim Class Counsel of the Consumer Protection Actions is necessary to the efficient administration of this case it is hereby ORDERED as follows:

## I.  APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' COUNSEL

### A.  Appointment of Interim Class Counsel for Consumer Protection Actions

Timothy G. Blood of Blood, Hurst & O'Reardon, LLP ("BHO") is appointed as Interim Class Counsel pursuant to Fed. R. Civ. P. 23 (g)(3) to act on behalf of the plaintiffs in the following Consumer Protection Actions: *Mihalich v. Johnson & Johnson*, No. 3:13-cv-00600 (S.D. Ill.) and *Estrada v. Johnson & Johnson*, No. 2:14-cv-01051 (E.D. Cal.). As Interim Class Counsel, Mr. Blood shall maintain a current list of all Consumer Protection Actions.

### B.  Responsibilities of Interim Class Counsel

1.      Interim Class Counsel is expected to maintain communications and promote harmonious dealings among all Consumer Protection Plaintiffs' counsel for their respective actions. Interim Class Counsel shall be responsible for and have plenary authority to provide general supervision of the activities of Plaintiffs' counsel in the Consumer Protection Actions. Specifically, Interim Class Counsel shall have the authority to:

a.      Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs in the Consumer Protection Actions on all matters arising during pretrial proceedings;

b.      Coordinate and conduct discovery on behalf of Plaintiffs in the Consumer Protection Actions consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including any discovery and scheduling orders that the Court may issue,

1

including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c.      Host or co-host a common document depository for the Consumer Protection Plaintiffs and monitor the review of documents to ensure proper performance and non-duplication of effort;

d.      Coordinate the selection and preparation of expert witnesses for the Plaintiffs in the Consumer Protection Actions;

e.      Conduct settlement negotiations on behalf of Plaintiffs in the Consumer Protection Actions;

f.      Delegate specific tasks to other counsel and appoint such informal committees of counsel as necessary to ensure that pretrial preparation for the Plaintiffs in the Consumer Protection Actions is conducted efficiently and effectively;

g.      Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

h.      Prepare and distribute periodic status reports for the Consumer Protection Plaintiffs to the Court and/or the parties;

i.      Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

j.      Perform such other duties as may be incidental to proper coordination of Consumer Protection Plaintiffs' pretrial activities or authorized by further order of the Court.

2.      Interim Class Counsel also shall maintain lists of all Consumer Protection Plaintiffs' counsel and their respective addresses and will be responsible for receiving and

2

distributing to all Plaintiffs' counsel in the Consumer Protection Actions all notices, orders and other communications from the Court.

       3.     No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel in the Consumer Protection Actions without the advance approval of Interim Class Counsel. No discovery shall be conducted by the Consumer Protection Plaintiffs without the advance approval of Interim Class Counsel. This is intended to prevent duplication of pleadings, discovery or tasks by Consumer Protection Plaintiffs' counsel. All pleadings or other papers filed with the Court on behalf of any Consumer Protection Plaintiff shall be filed through Interim Class Counsel.

       4.     All Plaintiffs' counsel in the Consumer Protection Actions shall submit to Interim Class Counsel as appropriate a record of time expended and expenses incurred in the manner, form and frequency directed by Interim Class Counsel.

## II.    NOTICE OF SUBSEQUENTLY FILED CASES

This order shall apply to each consumer protection case arising out of the same or substantially the same transactions or events which are subsequently filed in, removed to or transferred to this Court, unless a party objecting to any provision of this order files an application for modification within ten days after such party receives a copy of this order and this Court deems it appropriate to grant the application.

## III.    ADMISSION OF ATTORNEYS

All attorneys of record to the parties who appeared in actions in a transferor court prior to transfer to this MDL need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing of any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedure of

3

the Judicial Panel on Multidistrict Litigation. Association of local counsel is not required. Counsel are expected to familiarize themselves with prior court orders and proceedings as well as the local rules of the District of New Jersey.

## V.       SERVICE OF DOCUMENTS

The parties will comply with the Electronic Case Filing (ECF) Policies and Procedures Manual for the District of New Jersey for all documents submitted for filing before this Court. Service through ECF shall be deemed sufficient with no additional service required. For documents to be served but not filed, service on Interim Class Counsel constitutes service on all other attorneys or parties in the Consumer Protection Actions, and service may be made electronically pursuant to FRCP 5, written consent of Interim Class Counsel having been obtained.

## VI.      COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity. Similarly, the mere communication of information among and between counsel for Defendants shall not be deemed a waiver of any applicable privilege.

## VII.     MISCELLANEOUS

Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in this action.

**IT IS SO ORDERED.**

Dated:_____

_____
HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT COURT JUDGE

00110676