UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: ALL CASES** | **DOCKET # 3:16-md-2738 (FLW) (LHG)**<br><br><br>**JUDGE FREDA L. WOLFSON**<br><br>**MAG. JUDGE LOIS H. GOODMAN** |

### APPLICATION FOR APPOINTMENT OF RICAHRD L. ROOT TO THE MDL-2738 PLAINTIFFS' STEERING COMMITTEE

Richard L. Root, pursuant to the Court's direction in the initial Status Conference on November 17, 2016, respectfully submits this application for consideration by this Honorable Court for appointment to the Plaintiffs' Steering Committee in the above captioned matter.

A.  **WILLINGNESS AND AVAILABILITY TO COMMIT TO A TIME-CONSUMING PROJECT**

Undersigned counsel is fully and unequivocally committed to this case. I am lead counsel for the Morris Bart firm's Johnson & Johnson talcum powder cases transferred to MDL-2738. We currently represent 388 former users of Johnson & Johnson talcum powder products in this litigation. As of the filing of this application, we have twelve (12) suits pending in this MDL (See Exhibit A, attached.)

The Morris Bart law firm has 14 offices throughout four states - Louisiana, Mississippi, Alabama and Arkansas. Because of the firm's commitment to the Johnson & Johnson Talcum Powder litigation, we have hired additional in-house staff, including lawyers and paralegals to work exclusively on these cases. The ability to access the firm's considerable resources means

1

that the undersigned will be able to delegate non-MDL-2738 practice matters to other counsel within the firm should the need arise, guaranteeing that the applicant will be able to commit to PSC duties no matter how time-consuming they may be.

Undersigned practices out of the firm's New Orleans office, which consists of 63,000 square feet of offices and a dozen conference rooms. There is no question that service on the PSC will be extremely time-consuming, requiring a constant availability to be personally present for MDL proceedings before this Court. The undersigned does not currently serve on any other PSC, nor are any other attorneys at Morris Bart currently serving on a PSC.

### B.    ABILITY TO WORK COOPERATIVELY WITH OTHERS

The Applicant is committed to working cooperatively with all counsel in this case. I have worked productively with attorneys throughout the United States on pharmaceutical and defective products cases over the years, beginning in 1992 with the MDL 926 breast implant litigation and have developed the professional relationships that will be necessary to effectively and efficiently conduct and coordinate discovery, motion practice and trial in this matter.

The Applicant personally attended and participated in the initial status conference before your Honor, and prior to the conference conveyed my willingness to serve on the PSC to Ms. O'Dell, the proposed Co-Lead Counsel.  Undersigned Applicant and his firm are personally familiar with, and have worked successfully in the past with many of the attorneys and firms seeking liaison and PSC appointments in this litigation.

### C.    PROFESSIONAL EXPERIENCE IN THIS TYPE OF LITIGATION

The Applicant has over 25 years of experience litigating complex cases in federal and state courts, including products liability litigation against major multinational companies, Civil Rico litigation against global banking entities, and Civil Rights litigation against a

variety of corporations and law enforcement agencies.  I have developed an appreciation for the importance of planning, organization and cooperation in complex litigation.

The Applicant and Morris Bart LLC currently represent hundreds of plaintiffs in a number of Multi-District litigation actions throughout the country, including Xarelto, Testosterone, Talcum Powder, Chinese Dry Wall, Plavix, Transvaginal Mesh, Yaz, Actose and Januvia, among others.  Applicant represented more than 450 clients in federal court in their claims against the manufacturers of silicone breast implants in individual federal court filings in MDL 926, and represented thousands of client victims in state court in the Spitzfaden v. Dow Chemical Company class action, CDC 92-2589.

Applicant served on several committees in the Louisiana state court class action, conducted discovery, helped select our bellwether plaintiffs, and participated in numerous focus groups and participated on the trial team in the only class action trial in the country to hold Dow Chemical Company liable for its role in the manufacture and sale of defective implants.  Although most of Applicants clients in the federal MDL litigation settled with the manufacturers of their implants, Applicant did opt out a number of them for trials federal courts in Louisiana, Alabama and Florida in order to obtain the maximum recovery for those clients.  As such, Applicant is familiar with the value of common benefit discovery taken by any PSC, and understands what common benefit work aids trial practitioners.

Undersigned Applicant has familiarized himself with the *Manual for Complex Litigation – Fourth* and understands this Court will proceed in accordance with the provisions and principles contained therein.

### D. WILLINGNESS TO COMMIT NECESSARY RESOURCES TO PURSUE THIS MATTER

Morris Bart, LLC, has the financial and human resources to assist in conducting discovery, retaining experts, selecting and trying bellwether cases, and stands willing to take all necessary steps to bring this litigation to a successful conclusion.

**Resources Brought To the PSC by the Firm**

Morris Bart, LLC employs approximately one hundred (100) attorneys, and a concomitant number of secretarial, paralegal/research, administrative and accounting support staff. Morris Bart, LLC, self-funds its mass torts practice, providing the Applicant the financial resources to participate in the MDL litigation for as long as is necessary. The Applicant's ability to devote one hundred present of his efforts to the appointment will not be influenced in any way by either the amount of financial resources required to participate as a PSC member, or by the duration of the appointment until a successful recovery or settlement.

**Resources Brought To PSC by the Applicant**

Applicant has also successfully represented numerous plaintiffs in a variety of federal civil rights actions, and defended those jury verdicts upon appeal with success. In one matter, after completion of the jury trial, Applicant worked with the FBI and the US Attorney's office in securing a perjury conviction based upon Applicant's direct examination of the police officer who was responsible for the death of his client's husband.

Prior to joining Morris Bar, LLC, the Applicant was a longtime partner in a small plaintiff firm practice. Applicant has also managed the litigation department of a mid-sized plaintiff firm. Applicant suggests that this diversity of experience will be of value to the PSC in its work. Applicant is a graduate of the University of Florida, and Loyola University, New Orleans, School of Law.

4

In sum, the Applicant understands the enormous commitment required of PSC members, and is willing and available to commit to long-range, time-consuming litigation. He is also cognizant of the Court's expectations regarding the high standard of professionalism and congeniality required of counsel serving on the Plaintiffs' Steering Committee.

For the foregoing reasons, Richard L. Root respectfully requests that he be appointed to serve on the Plaintiffs' Steering Committee.

Respectfully submitted,

MORRIS BART, LLC

By:  /s/ Richard L. Root
Morris Bart, III La Bar # 12345
Richard L. Root, La Bar # 19988
Pan America Life Center
601 Poydras St., 24th Floor
New Orleans, LA 70130
504-525-8000 telephone
504-599-3392 facsimile
morrisbart@morrisbart.com
rroot@morrisbarft.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

By:  /s/ Richard L. Root

**Attachment A**

**Plaintiffs Represented by Morris Bart, LLC / 3:16-md-02738**

| | |
|---|---|
| Tetlow et al v. Johnson & Johnson et al | 2:16-cv-15458 |
| Lee v. Johnson & Johnson et al | 2:16-cv-16009 |
| Meyer v. Johnson & Johnson et al | 2:16-cv-16006 |
| Walker v. Johnson & Johnson et al | 2:16-cv-16-004 |
| Engle v. Johnson & Johnson et al | 5:16-cv-01530 |
| Gary v. Johnson & Johnson et al | 2:16-cv-15988 |
| Daniels v. Johnson & Johnson et al | 2:16-cv-15963 |
| Bier v. Johnson & Johnson et al | 2:16-cv-15961 |
| Jolla v. Johnson & Johnson et al | 2:16-cv-15965 |
| Diamonds v. Johnson & Johnson et al | 5:16-cv-01529 |
| Alfred et v. Johnson & Johnson et al | 2:16-cv-01528 |
| Harris v. Johnson & Johnson et al | 5:16-cv-01510 |