# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND LIABILITY LITIGATIONS** | Master Docket No. 3:16-md-2738 (FLW)<br><br>MDL 2738<br><br>Honorable Freda L. Wolfson |
| This document relates to:<br><br>Mihalich v. Johnson & Johnson, et al., S.D. Illinois, C.A. No. 3:14-00600 | Case No.:   3:16-cv-6695 (FLW) |
| Estrada v. Johnson & Johnson, et al., E.D. California, C.A. No. 2:14-01051 | Case No.    3:16-cv-7492 (FLW) |

---

### CONSUMER PROTECTION PLAINTIFFS' APPLICATION FOR APPOINTMENT OF TIMOTHY G. BLOOD AS INTERIM LEAD CLASS COUNSEL AND TO THE PLAINTIFFS' STEERING COMMITTEE

---

Timothy G. Blood
Paula R. Brown
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
T: 619/338-1100
F: 619/338-1101
tblood@bholaw.com
pbrown@bholaw.com

*Attorneys for Plaintiffs*
*Barbara Mihalich and Mona Estrada*

(Additional Counsel on Signature Page)

0

00112195

## TABLE OF CONTENTS

          **Page**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ......................................................................................2

III. ARGUMENT ...........................................................................................................2

    A. Mr. Blood Is Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in This MDL ................................................3

    B. Mr. Blood's Advancement of the Matter ..............................................6

    C. Mr. Blood's Firm Is Well-Capitalized and Has the Demonstrated Willingness and Ability to Expend the Resources Required to Advance the Litigation ........................................................................7

IV. APPOINTMENT OF MR. BLOOD TO THE PSC IS APPROPRIATE .................7

V. CONCLUSION ........................................................................................................8

I.     **INTRODUCTION**

This MDL proceeding involves both personal injury cases and consumer protection class actions that generally relate to the sale of talc-based baby powder. There are two Consumer Protection Actions currently in this MDL – *Mihalich v. Johnson & Johnson*, No. 3:13-cv-00600 (S.D. Ill.) and *Estrada v. Johnson & Johnson*, No. 2:14-cv-01051 (E.D. Cal.). Plaintiffs in the Consumer Protection Actions respectfully request appointment pursuant to Fed. R. Civ. Proc. 23(g) of Timothy G. Blood of Blood Hurst & O'Reardon, LLP as Interim Lead Class Counsel for the Consumer Protection Actions and appointment to the Plaintiffs' Steering Committee ("PSC") for formal coordination with the personal injury cases.

Mr. Blood readily meets the criteria for appointment as Interim Lead Class Counsel under Rule 23(g). He is recognized nationally for his ability to lead and successfully resolve complex consumer class action cases, including in complex multi-district litigation. Mr. Blood has spent his career litigating on behalf of consumers and has achieved extraordinary results in numerous class actions involving deceptive trade practices and false advertising similar to those at issue here. He has also achieved successful recoveries in class actions adjudicated in MDL matters, and is well-versed in Third Circuit, local, and MDL practice and procedure. In light of these accomplishments, all counsel for the Consumer Protection Action plaintiffs support his appointment and defendants in the Consumer Protection Actions do not oppose the appointment.

Mr. Blood has already invested substantial resources towards advancing the litigation. With the assistance of co-counsel, Mr. Blood has briefed four rounds of motions to dismiss, engaged in discovery, consulted with and retained experts, and coordinated litigation efforts with attorneys in the personal injury cases.

For these reasons, more fully explained below, the Consumer Protection Action plaintiffs request that Mr. Blood be appointed Interim Lead Class Counsel for the Consumer Protection Actions and to the PSC to efficiently and effectively coordinate with the personal injury cases.

## II.  STATEMENT OF FACTS

Each of the Consumer Protection Actions was brought as a class action under state consumer protection laws generally alleging that Johnson & Johnson and Johnson & Johnson Consumer, Inc. (together, "J&J") violated these laws by selling its talc-based Baby Powder through false advertising, including implied advertising messages that the products are safe to use and omitting material facts that using cosmetic talc in the very manner intended can result in an increased risk of ovarian cancer. Unlike the personal injury actions, the Consumer Protection Actions concern the sale of a falsely advertised product and seek traditional legal and equitable relief available under the state consumer protection laws, and not personal injury damages.

The plaintiffs in both Consumer Protection Actions are represented by the same counsel and all agree that Mr. Blood should be appointed Interim Lead Class Counsel.

## III.  ARGUMENT

When appointing plaintiffs' interim lead counsel, courts generally consider: (1) counsel's experience in litigating class actions, other complex litigation, and the type of claims asserted in the action; (2) counsel's knowledge of applicable law; (3) the work counsel performed in investigating potential claims relating to the action; (4) counsel's ability to commit sufficient resources to represent the class; and (5) any other matters pertinent to counsel's ability. Fed. R. Civ. P. 23(g)(1); *Waudbey v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 175-76 (D.N.J. 2008).

2

Mr. Blood's experience leading and successfully resolving complex class actions, familiarity with applicable law, proven willingness and ability to commit the necessary resources to ensure the vigorous prosecution of this matter, and demonstrated ability to work cooperatively with others, support that Mr. Blood is well-qualified to serve as Interim Lead Class Counsel.

### A.  Mr. Blood Is Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in This MDL

Mr. Blood has extensive experience litigating a variety of significant class actions with an emphasis on the type of state consumer protection claims at issue here. As detailed below, and in the resume submitted to the Court as Exhibit A, this experience includes leading a team of lawyers in multistate litigation to obtain the largest food industry false advertising recovery in history. In another first for consumer protection, Mr. Blood has also partnered with the Federal Trade Commission, with one case resulting in the largest false advertising recovery in FTC history.

Mr. Blood has exhibited the ability to successfully and efficiently lead by coordinating with groups of plaintiffs' counsel and defendants. Examples include an MDL proceeding procedurally similar to this one, *In re Hydroxycut Mktg. and Sales Practices Litig*., MDL No. 2087 (S.D. Cal., Hon. Ted Moskowitz), where he led all discovery, motion practice, and settlement negotiations for the class actions from inception. This required coordination of dozens of separately filed consumer class actions from most of the states with numerous plaintiffs' counsel and counsel from hundreds of parallel personal injury actions. Mr. Blood coordinated efforts between the consumer class actions and personal injury cases to effectively and efficiently move the litigation forward.

Similarly, in *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, MDL No. 2258 (S.D. Cal.), Judge Anthony J. Battaglia selected a six member steering committee to run the case. Mr. Blood was appointed to the steering committee, which was the group that led the case, but also gave Mr. Blood authority and duties beyond those of the steering committee members, including responsibility for actively coordinating discovery, motion practice, and settlement among the other appointed steering committee members.

As one of two lead class counsel and a member of plaintiffs' steering committee in the California statewide coordinated action, *In re Toyota Motor Cases*, JCCP No. 4621 (Cal. Super. Ct., Los Angeles Cnty., Hon. Anthony J. Mohr), Mr. Blood was responsible for litigating the consumer class actions brought on behalf of California owners/lessees of Toyota vehicles relating to unintended acceleration. This required extensive coordination with other plaintiffs' counsel, including the court-appointed leaders of the parallel MDL action pending in the Central District of California.

Confidence in Mr. Blood's ability in consumer protection actions extends to the primary federal agency tasked with consumer protection, the Federal Trade Commission ("FTC"), and other government agencies. As lead counsel, Mr. Blood has worked with the FTC and nearly all of the state attorneys' general (or corresponding state consumer protection offices) in a coordinated effort to resolve corresponding public and private false advertising actions brought on behalf of consumers. As lead counsel in *In re Skechers Toning Shoes Prods. Liab. Litig.*, MDL No. 2308 (W.D. Ky., Hon. Thomas B. Russell) and *In re Reebok Easytone Litig.*, No. 4:10-cv-11977 (D. Mass., Hon. F. Dennis Saylor), Mr. Blood worked with the FTC in a unique public-private partnership to obtain record setting recoveries for consumers. The class action settlement in *In re Skechers* was the largest false advertising recovery in the history of the FTC.

Other recent appointments as lead class counsel in national or multistate consumer class actions involving falsely advertised consumer products include *Mullins v. Premier Nutrition Corp.*, No. 3:13-cv-01271 (N.D. Cal., Hon. Richard Seeborg) (false advertising concerning glucosamine/chondroitin supplement); *Rikos v. The Procter & Gamble Co.*, No. 1:11-cv-226 (S.D. Ohio, Hon. Timothy S. Black)( false adverting concerning probiotic dietary supplement); *Murr v. Capital One Bank (USA), N.A*., No. 1:13-cv-1091 (E.D. Va., Hon. Leonie M. Brinkema) (consumer protection claims involving credit cards); *Johns v. Bayer Corp.*, No. 09-cv-1935 (S.D. Cal., Hon. Anthony J. Battaglia) (certifying UCL and CLRA claims in action involving false advertising); *Rosales v. FitFlop USA LLC*, No. 11-cv-0973 (S.D. Cal., Hon. Thomas J. Whelan) (nationwide false advertising action); *Johnson v. Gen. Mills, Inc*., No. 8:10-cv-61 (C.D. Cal., Hon. Cormac J. Carney) (certifying UCL and CLRA claims in action involving false advertising); *In re Enfamil Lipil Mktg. and Sales Practices Litig.*, MDL No. 2222 (S.D. Fla., Hon. James I. Cohn) (false advertising and labelling of infant formula).

Mr. Blood is also responsible for a number of favorable published appellate decisions. A partial list of precedent-setting consumer protection decisions relevant to this matter include: *Rikos v. P&G*, 799 F.3d 497 (6th Cir. 2015) (consumer protection and false advertising), *cert. denied*, 2016 U.S. LEXIS 2244 (U.S. Mar. 28, 2016); *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013) (consumer protection); *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011) (consumer protection and false advertising); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011) (consumer protection and false advertising); *McKell v. Wash. Mut. Bank, Inc.*, 142 Cal. App. 4th 1457 (2006); *Lebrilla v. Farmers Grp., Inc.*, 119 Cal. App. 4th 1070 (2004); and *Lavie v. Procter & Gamble Co*., 105 Cal. App. 4th 496 (2003) (consumer law and false advertising).

Finally, Mr. Blood brings to this action a demonstrated capacity for a productive, cooperation-based approach to litigation that is essential to efficiently handling complex matters such as an MDL proceeding. *See* Juan Carlos Rodriguez, *Titan of the Plaintiffs Bar: Tim Blood*, Law360 (Sept. 25, 2014), http://www.law360.com/articles/580600/titan-of-the-plaintiffs-bar-tim-blood. Mr. Blood's ability to work productively with defense counsel in false advertising and consumer product cases such as this also is demonstrated by the regular invitations he receives to speak at organizations such as the Grocery Manufacturers Association, the primary trade group for food, beverage, and consumer product companies. His ability to productively lead other lawyers is also demonstrated by his involvement in bar activities, including serving as the 2015 president of the Consumer Attorneys of San Diego and an executive officer from 2013 to the present of Consumer Attorneys of California.

B.  **Mr. Blood's Advancement of the Matter**

As repeatedly demonstrated in other cases, Mr. Blood and his firm are willing and able to commit the necessary resources to this litigation to adequately represent plaintiffs and the proposed classes through trial and, if needed, on appeal.

Mr. Blood and his firm have committed appropriate, yet substantial time and resources to organizing and working with the other Consumer Protection Action plaintiffs' counsel toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue and researching and reviewing information related to the factual issues of this litigation.

Mr. Blood and his firm diligently devoted substantial time and effort to investigating the facts and potential claims at issue including, gathering and reviewing numerous documents from public sources, reviewing numerous scientific studies on the health effects at issue, consulting

6

with experts, researching and considering potentially applicable legal theories and claims, and considering and discussing the most efficient means to streamline the prosecution of the Consumer Protection Actions. Mr. Blood and his firm, along with the assistance of co-counsel, have also briefed four rounds of motions to dismiss, engaged in discovery, and began to prepare for class certification. They have created a document database and have been reviewing the documents in that database.

Organizing plaintiffs' counsel is crucial to litigating complex class actions in an efficient and effective manner – particularly in an MDL like this involving both personal injury and consumer protection cases. Recognizing this fact, before the start of the MDL process and during the MDL process, Mr. Blood reached out to personal injury plaintiffs' counsel to organize and coordinate efforts. As a result, Mr. Blood has an excellent working relationship with the Proposed Lead Counsel for the personal injury plaintiffs and has already begun to coordinate the litigation so that costs and efforts, to the extent they can be shared, are not duplicated.

      **C.**      **Mr. Blood's Firm Is Well-Capitalized and Has the Demonstrated Willingness and Ability to Expend the Resources Required to Advance the Litigation**

Mr. Blood is willing and able to expend the necessary resources to ensure the vigorous prosecution of Consumer Protection Plaintiffs' claims. Mr. Blood's resume (Ex. A) demonstrates his records of success leading and funding complex consumer class action cases against some of the largest and wealthiest corporations in the world. The experience here will be no different. Mr. Blood and his firm possess and will devote the resources necessary to fund the Consumer Protection Actions through pretrial, trial, and appeals.

**IV.**      **APPOINTMENT OF MR. BLOOD TO THE PSC IS APPROPRIATE**

Consumer Protection Plaintiffs also ask that Mr. Blood be appointed to the PSC to permit formal coordination of the Consumer Protection Actions with the personal injury cases.

7

Coordination is particularly important with regard to discovery. Although there is overlap, each set of cases has different discovery needs and different emphasis within a topic of discovery with regard to certain documents or witnesses. If discovery is not coordinated, a witness may end up being deposed twice, documents inefficiently produced or reviewed, or third parties inefficiently subpoenaed. Mr. Blood's presence on the PSC will ensure that the cooperative approach the lawyers in both sets of cases have taken to date continues and that both sets of cases are effectively and efficiently coordinated.

## V. CONCLUSION

For the foregoing reasons, the Court should appoint Timothy G. Blood pursuant to Rule 23(g) as Interim Lead Class Counsel for the Consumer Protection Actions, and to the Plaintiffs' Steering Committee.

Respectfully submitted,

Dated: November 21, 2016

BLOOD HURST & O'REARDON, LLP
Timothy G. Blood
Paula R. Brown

By:      s/ Timothy G. Blood
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA  92101
T: 619/338-1100
*Attorneys for Plaintiffs*
*Barbara Mihalich and Mona Estrada*

GOLDENBERG HELLER ANTOGNOLI
    & RWOLAND, P.C.
Mark C. Goldenberg 300990221
Thomas P. Rosenfeld #06301401
Kevin P. Green #6299905
222 South State Route 157
Edwardsville, IL  62025
T: 618/656-5150
*Attorneys for Plaintiff Barbara Mihalich*

BEASLEY, ALLEN, CROW, METHVIN,

8

00112195

                              PORTIS & MILES, P.C.
W. Daniel "Dee" Miles, III
Lance C. Gould
Alison Douillard Hawthorne
272 Commerce Street
Post Office Box 4160
Montgomery, AL 36103
T: 334/269-2343

THE SMITH LAW FIRM
Allen Smith, Jr.
618 Towne Center Blvd., Suite B
Ridgeland, MS  39157
T: 601/952-1422

*Attorneys for Plaintiff Mona Estrada*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the United States District Court, District of New Jersey, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on November 21, 2016.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD
