UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) |

### HUNTER J. SHKOLNIK APPLICATION FOR APPOINTMENT TO THE PLAINTIFFS' EXECUTIVE COMMITTEE IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION MDL No. 2738

Our office represents 1500 women who have been diagnosed with ovarian cancer and were users of products containing talc manufactured and distributed by the Defendants. I submit this application in support of the leadership structure and slate proposed by Michelle A. Parfitt and Leigh O'Dell to lead this complex mass tort. As if often the situation in "mega" mass tort cases such as the talc litigation many highly experienced and well financed law firms seek leadership and often this is a battle of wills. However, the later is not the case here. Ms. Parfitt and O'Dell have adeptly put together a group of otherwise competing firms into a uniform structure which will allow the Talc MDL to be staffed adequately and financed appropriately to compete on an equal footing with the teams of lawyers put forth by the various defendants. The Co-Lead Counsel with a smaller Executive Committee and a larger PSC structure has been used successfully in many Mega MDL's. Most recently Judge Doherty in *In Re: Actos Product Liability Litigation MDL: 2299* appointed the exact type of structure suggested here and was able to bring the MDL to conclusion in less than 3 years. The large leadership structure provided the resources needed to move the case along

aggressively against two major pharmaceutical companies.

Currently, I am acting as the coordinating counsel in the Plavix Litigation pending before this Court, where my Partner Shayna Sacks is Liaison Counsel, (*In Re: Plavix Marketing, Sales Practices, and Products Liability Litigation MDL No. 2418)*, as well as, in the Courts of the states of New York, Delaware & California. As correctly pointed out by the Court at the November 17, 2016 Talc CMC the Plavix leadership is comprised of a very small group of lawyers and no Plaintiff Steering Committee. The Court questioned the need of anything more than that here. As a member of the Plavix leadership team and the partner of the Court appointed Liaison Counsel I am able to explain how this litigation is quite different. First and foremost, there is simple no other firms with cases to work on the Plavix litigation than the small group before the court. As was pointed out to the JPML in Plavix, the small group of lawyers were all working together from the inception of the litigation and were a *de facto* leadership group ie I was leading the California JCCP cases; Ms. Sacks and Mr. Salim were leading the MDL proceeding; the Parker Waichman firm was leading the New York cases and I was overseeing the Cook County and Delaware State Court litigations; and the State Attorney General cases were moving on their own track but coordinating with us for the most part. Here the larger proposed structure brings the similar approach but on a grander scale thereby tying those disparate groups together under the control of the MDL court and ensuring coordination and cooperation.

I am a founding Partner at Napoli Shkolnik PLLC (NS), a law firm with over 200 employees, 55 lawyers, and offices in New York, New Jersey, Pennsylvania, Illinois, California, Delaware, Texas, and Florida.  We are recognized nationally for handling complex product liability and other significant class action and mass tort actions. NS is heavily involved in litigations requiring client representation all over the country, for drug, product and other toxic exposures; as well as consumer class actions. I personally have presented and published extensively in such areas as class actions, ethics in class actions, toxic tort, trial practice, drug and medical device litigation, medical malpractice, automobile, substantial truck product liability, expert witness preparation and *Daubert*

hearings.

    I have had the privilege of serving as court-appointed Co-Lead Counsel, Liaison Counsel, National Settlement Counsel and as a member of the Plaintiffs' Steering and Executive Committees in many complex multidistrict proceedings in the United States, including those described in

greater detail in the list of cases attached as Exhibit "A". From these experiences I have learned how important it is to have strong leadership, supported by a diverse steering committee, with highly skilled lawyers with the knowledge and skill set to address the demands and challenges presented in massive litigations like the present action. Moreover, I understand the importance of having, not only first-rate legal minds, as well as seasoned and respected leaders, but top notch lawyers who will accept any assignment.

It would be my privilege to apply my experience to the plaintiffs' common benefit here, and, if appointed, I will commit my personal and firm's time and resources to so serve. I would welcome the opportunity to serve as a member of the Plaintiffs' Executive Committee.

As Exhibit "A" shows, I personally am, or have been, a court appointed member of the Plaintiffs Steering Committee, Liaison and/or a Lead Counsel in various drug product liability, class action and other mass tort litigation areas. I have been appointed by state and federal courts throughout the country to serve in leadership capacities, including lead counsel, settlement counsel and executive committee member. This includes over 5 high-profile MDLs. I have been appointed to MDL trial teams, MDL negotiating teams and participated in negotiating over $2 billion in MDL-related settlements. I have also been appointed to a variety of MDL Federal and MDL State Coordination Committees. These appointments and opportunities have provided me with the knowledge and ability to be a useful member of the Plaintiffs' Steering Committee in this litigation.

In the last two and half years I have been appointed Lead or Co-Class Counsel in 4 diverse class actions: (1) *In Re: Daily Fantasy Sports Litigation*, a consumer class action for damages arising out of improper or illegal conduct by the nation's two largest operators of online daily fantasy sports contests; (2) *Sterling, et al. v. Stratfor Enterprises, LLC, et al.*, a consumer class action for damages arising from Defendants' failure to secure its computer storage systems to

protect Defendant Stratfor's users', subscribers', and those persons and entities that provided Defendant Stratfor with personal and financial information; (3) *Hernandez-Ortiz, et al. v. 2 Gold, L.L.C., et al.*, a class action alleging that Defendants caused Plaintiffs damages due to Defendants' failure to exercise due care to adequately secure Premises before Hurricane Sandy; (4) *Carolyn Roberts, Alexander Wood and Mayer & Lee, P.C. v. Ocean Prime, LLC*, a class action alleging that Defendants caused Plaintiffs damages due to Defendants' failure to exercise due care to adequately secure, Premises before Hurricane Sandy; *In Re: Taxotere (Docetaxel) Products Liability Litigation,* appointed to Plaintiffs Steering Committee a product liability mass tort alleging that cancer victims that used the defendants products were left with permanent hair loss; *In Re: Edgewell Consumer Products Litigation,* appointed interim co-lead counsel in a consumer class action arising from a suntan lotion manufacturer falsely labeling the SPF factor its products.

    I have a proven track record of working well with others in the many Class and Mass Torts Actions where I have been appointed as either Lead Counsel and/or to the Plaintiffs Steering Committee, and in many cases various sub-committees. As the extensive list of cases set forth in Exhibit "A" reveals, I have served in every level of the MDL structure, from my early days doing document review, to leading discovery committees, science committees, deposition teams, bellwether trial selection teams, trial teams, as well as serving as national settlement counsel. This vast experience of working within complex MDL structures and very different leaderships allows me to bring a wealth of knowledge that is needed in this litigation. I am further willing to commit the necessary resources to assist Lead Counsel in pursuing this litigation at an expeditious pace. I believe that without exception, I have succeeded in maintaining the highest standards of decorum, cooperation and collegiality among plaintiff and defense counsels alike.  Should the Court so desire, I would be pleased to provide a list of co-counsel and defense counsels who will vouch for my

professionalism and ability. I represent to the Court that my firm possesses ample resources, in terms of personnel and funding, to prosecute this case in a timely and efficient manner.

     Over the course of 30 years of practice I have the opportunity to teach, lecture and write on various topics related trial practice, class actions, mass tort, ethics, product liability, complex litigation, etc. These important opportunities have helped me develop a very pragmatic outlook on complex litigation and the need to effectively, economically and expeditiously litigate and resolve very complex matters. I believe these characteristics will be important in bringing this case to resolution.

Dated: November 22, 2016

                                                         Respectfully Submitted,

                                                         /s/ *Hunter Shkolnik*
                                                         Hunter J. Shkolnik
                                                         **NAPOLI SHKOLNIK PLLC**
                                                         360 Lexington Avenue, 11th Floor
                                                         New York, New York 10017
                                                         (212) 397-1000
                                                         hunter@napolilaw.com