UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: JOHNSON & JOHNSON )
TALCUM POWDER PRODUCTS )
MARKETING, SALES PRACTICES, AND )
PRODUCTS LIABILITY LITIGATION ) MDL No. 16-2738
) (FLW)(LHG)
)
This Document Relates to: )
All Cases )
)

## DEFENDANTS' RESPONSE TO JOINT APPLICATION FOR APPOINTMENT OF THE PLAINTIFFS' STEERING COMMITTEE

Defendants Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc. ("JJCI") (collectively, the "J&J Defendants"), respectfully submit this short response to the joint application for appointment of the plaintiffs' steering committee. The J&J Defendants do not take a position on the structure or composition of the plaintiffs' steering committee. However, the following comments are offered to clarify plaintiffs' characterizations of the discovery already conducted in this litigation, to express concern about the potential injection of third-party litigation funding into this proceeding, to propose an inquiry about case numbers, and to make a suggestion regarding federal-state court coordination.

*First*, there is no basis for plaintiffs' assertion that "there is much discovery that remains to be done" in this litigation and that, "[t]o date, there has been only limited production of documents[.]" (Joint App. For Appt. Of The Pls.' Steering Comm., at 2, Dkt. No. 54 (filed 11/21/2016).) As the Court observed at the Organizational Conference, some limited legitimate discovery may remain. But plaintiffs' suggestion that the discovery to date has barely scratched

1

the surface is inconsistent with both their own recent representations to the MDL Panel[1] and the clear record. The J&J Defendants have engaged in substantial fact and expert discovery, including the production of documents and the furnishing of expert reports, in the aggregate claim litigation proceeding pending in Missouri state court and the coordinated New Jersey litigation, as well as in the *Berg* case previously tried before the U.S. District Court for the District of South Dakota and the *Chakalos* case pending before this Court. Discovery from those proceedings has been shared and used in all pending talc litigation, including *Chakalos,* and will be available to all plaintiffs in this proceeding. The discovery from the J&J defendants includes approximately 500,000 pages of documents and responses to multiple rounds of interrogatories. In addition, several corporate representatives have been deposed.

***Second***, the J&J Defendants are troubled by the prospect of third-party litigation finance playing a role in this MDL proceeding. In his application for appointment, counsel Richard L. Root states that his law firm, Morris Bart, LLC, "self-funds its mass torts practice, providing [him] [with] the financial resources to participate in the MDL litigation for as long as necessary."

---

[1] In briefing before the MDL Panel on the motion to create this MDL proceeding, several plaintiffs' counsel urged that common discovery was complete (or largely complete) regarding the claims at issue. See *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litig.*, MDL No. 2738, 2016 WL 5845997, at *1 (J.P.M.L Oct. 4, 2016) ("the opposing plaintiffs argue that centralization is unnecessary because thousands of claims have been pending in state courts for several years and, thus, the common discovery in these actions is already complete"); *see also, e.g.*, Pl. Mahnaz Khorrami's Resp. in Opp'n to Moving Plaintiff Tanashiska Lumas' Mot. for Consolidation & Transfer Pursuant to 28 U.S.C. § 1407 at 3, JPML ECF No. 53 (filed Aug. 9, 2016) ("The discovery that has occurred in this litigation is substantial. Plaintiff is aware that approximately 170,000 documents have been produced and seven depositions of Defendants' corporate witnesses have either taken place and/or are scheduled to take place."); Pls. Mona Estrada's & Barbara Mihalich's Interested Party Resp. in Opp'n to Mot. for Consolidation & Transfer of Actions Pursuant to 28 U.S.C. §1407 at 4, JPML ECF No. 46 (filed Aug. 5, 2016) ("The State Courts have served as the epicenter of this litigation for years. There has been significant corporate discovery, several depositions, voluminous motions practice, and multiple trials to date in this litigation.").

(App. For Appt. Of Richard L. Root To The MDL-2738 Pls.' Steering Comm., at 4, Dkt. No. 55 (filed 11/21/2016).) That statement suggests awareness that other applicants for the plaintiffs' steering committee are *not* self-funded, but instead are being financed by outside entities through a practice commonly referred to as third-party litigation funding (or "TPLF").

TPLF involves a person or entity with no other connection to a lawsuit (usually a specialized investment company) acquiring a contingent right to share in the proceeds of a litigation in exchange for up-front payment of counsel fees or litigation expenses. The J&J Defendants respectfully submit that the Court should require the applicants to identify any persons or entities (other than the named parties and counsel of record) who have a contingent monetary interest in the outcome of the litigation.

The identification of these unnamed investors is critical to ensure avoidance of conflicts of interest (inasmuch as some such investors are publicly traded) and to make the Court and all parties aware of unnamed hedge funds or other entities that may exert control or influence over plaintiffs' conduct of this litigation. In sum, if TPLF is going to be used in this litigation, its use should be transparent. *See Gbarabe v. Chevron Corp.,* Case No. 14-cv-00173-SI (N.D. Cal. Aug. 5, 2016) (requiring disclosure of third-party funding arrangements in aggregated personal injury/economic loss litigation). Further, the terms of its usage (if any) may be relevant to the selection of plaintiffs' steering committee members in this case. *Id.*

***Third,*** in making leadership determinations, the Court presumably should know whether each counsel/firm leadership candidate will be able and willing to give priority attention to this MDL proceeding (as opposed to parallel proceedings in other courts). Thus, it may be prudent to ask each applicant to advise the Court about the number of talc-related claims it has pending before this Court (versus other courts).

3

*Finally*, with several parallel talc-related state court proceedings in progress and more likely to develop, coordination with state courts will become increasingly important. With that in mind, the J&J Defendants submit that in appointing plaintiffs' leadership, the Court may wish to designate one or more counsel to serve in a state court case liaison role, taking account of which attorneys have meaningful involvement in those other proceedings.

Respectfully submitted,

Dated: November 28, 2016

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Facsimile: 973-360-9831
E-mail: susan.sharko@dbr.com

Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
713-227-8008

John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
202-371-7000

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., now known as Johnson & Johnson Consumer Inc.*

**CERTIFICATE OF SERVICE**

    The foregoing document has been electronically filed with the Court this 28th day of November 2016. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                      DRINKER BIDDLE & REATH LLP

                                                      */s/ Julie L. Tersigni*
                                                      Julie L. Tersigni
                                                      600 Campus Drive
                                                      Florham Park, New Jersey 07932-1047
                                                      Telephone: (973) 549-7000
                                                      Facsimile: (973)-360-9831
                                                      E-mail: julie.tersigni@dbr.com

                                                      *Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. formerly known as Johnson & Johnson Consumer Companies, Inc.*