IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738<br><br>**CASE MANAGEMENT ORDER NO. 1** |

**THESE MATTERS** having come before the Court during the Organizational Conference held on Thursday, November 17, 2016, and for good cause shown and the parties consenting to the form, substance and entry of this Order,

**IT IS ON THIS** ____ **DAY of November 2016 ORDERED:**

1. The Court will hold a Science Day on January 23, 2017, commencing at 9:30 AM, during which counsel will present to the Court an overview of the litigation's scientific and medical issues in an objective format. The Court will hold its next status conference on that same date following the completion of Science Day.

2. The third status conference will be held February 22, 2017, beginning at 10:00 AM.

3. Plaintiffs' counsel seeking appointment as lead counsel for the MDL proceeding, as a member of the Plaintiff Steering Committee, and/or as interim counsel for the consumer class action lawsuits (pursuant to Fed. R. Civ. P. 23(g)) shall file an application by November 21, 2016. Plaintiffs' counsel supporting the proposed Plaintiff Steering Committee structure shall also file justification for the proposed size of that Committee and set forth the tasks to be assigned to each member. Responses are due December 2, 2016.

4. Multi-plaintiff complaints may not be filed in this MDL proceeding. All complaints shall involve only one plaintiff and derivative claims, if applicable.

5. All multi-plaintiff complaints that have been transferred to this Court as of the date of this Order shall be severed into individual cases to be further papered as directed by the Clerk's Office.

**DEFENSE PROPOSED LANGUAGE:** The sole exception to this severance shall be multi-plaintiff complaints in which remand motions have been filed on the ground that removal was untimely.

**PLAINTIFF PROPOSED LANGUAGE:** The exception to this severance shall be multi-plaintiff complaints in which remand motions have been or will be filed.

6. Plaintiffs may file complaints directly with this Court. The parties shall meet and confer as to whether a Direct Filing Order is necessary and, if so, the content and form of that Order.

7. Plaintiffs shall meet and confer with Defendants regarding the form of a Short Form Complaint. Defendants shall meet and confer with Plaintiffs regarding the form of a Short Form Answer. Plaintiffs shall file and serve a Master Complaint and Short Form Complaints within 30 days from the appointment of lead counsel. Defendants shall file a Master Answer and Short Form Answers 30 days from the date of service.

8. **DEFENSE PROPOSED LANGUAGE:** The parties shall meet and confer as to the information to be contained in Plaintiff Fact Sheets and the categories of disclosures Plaintiffs desire to request from Defendants as soon as reasonably possible after the appointment of lead counsel.

==PLAINTIFF PROPOSED LANGUAGE:== The parties shall meet and confer as to the information to be contained in Plaintiff Fact Sheets. Plaintiffs request a Defense Fact Sheet and the parties will meet and confer about the information sought therein.

9. ==DEFENSE PROPOSED LANGUAGE:== Plaintiffs will review the Protective Order and ESI Protocol entered by the Court in the *Chakalos* case and notify the Court as to their position on whether these Orders should be adopted in this MDL proceeding as soon as reasonably possible after the appointment of lead counsel.

==PLAINTIFF PROPOSED LANGUAGE:== Plaintiffs will review the Protective Order entered by the Court in the *Chakalos* case and notify the Court as to their position on whether the Order should be adopted in this MDL proceeding as soon as reasonably possible after the appointment of lead counsel.

Plaintiffs will review the ESI Order entered in the *Chakalos* case and shall propose an ESI Protocol as soon as reasonably possible after the appointment of lead counsel.

10. All motions pending in cases that have been transferred into this MDL proceeding as of the date of this Order are hereby administratively terminated, without prejudice to being re-filed before this Court.

   a. **Motions to Remand:** In *Dysart, et al. v. Johnson & Johnson, Inc., et al.*, a motion to remand for lack of subject matter jurisdiction may be filed on or before December 1, 2016. A response is due on December 15, 2016, and a reply brief is due on December 22, 2016. All other motions to remand may be filed on or before December 23, 2016. Responses are due on January 6, 2016, and reply briefs are due January 13, 2017.

3

b. **Motions to Dismiss:** Motions to dismiss may be filed on or before December 23, 2016. Responses are due on January 23, 2016, and reply briefs are due February 6, 2017.

c. This provision is not intended to render untimely the filing of any previously asserted motion. For timing purposes only, any terminated motion that is re-filed in accordance with this Order shall be deemed to have been filed on the date originally lodged.

11. All motions pending in cases transferred into this MDL proceeding in the future shall be administratively terminated on the date the case is docketed before this Court. Any such motions, however, may be re-filed within thirty (30) days of that termination date. Responses shall be due thirty (30) days after the re-filing of the motion, and reply briefs will be due fifteen (15) days after the response is filed. This provision is not intended to render untimely the filing of any previously asserted motion. For timing purposes only, any terminated motion that is re-filed in accordance with this Order shall be deemed to have been filed on the date originally lodged.

12. **DEFENSE PROPOSED LANGUAGE:** Plaintiffs in the *Marchetti* case may file a motion to issue to the Judicial Panel on Multidistrict Litigation a Suggestion of Remand to the transferor court. Plaintiffs shall propose a briefing schedule to the Court as soon as possible.

[Plaintiffs position: The Court did not mention the Marchetti case on the record. During the off record portion of the status conference, the Court addressed the Marchetti case with counsel of record and advised counsel to file a Suggestion of Remand. There was no discussion of a briefing schedule. As such, Plaintiffs' position is that this

==matter is not appropriate for CMO-1 and that any proposed order related to this specific case should be proposed after discussion with counsel for plaintiffs in the *Marchetti* case.]==

13. The parties shall meet and confer on a protocol for *in extremis* depositions and propose to the Court a pretrial order setting out a procedure for *in extremis* depositions as soon as reasonably possible after the appointment of lead counsel.

Dated: _____        _____
                                      Hon. Freda L. Wolfson, U.S.D.J.