# EXHIBIT C

**Relevant Long-arm Statutes**

**Alabama:**  Ala. R. Civ. P. 4.2(b):

An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state if the action could have been maintained against the decedent or ward.

**California:**  Cal. Code of Civ. Pro. § 410.10:

Except as so limited, Section 410.10 delegates to each court the power to exercise jurisdiction on any basis or contact not denied it by the state and federal Constitutions.

**Florida:**  Fla. Stat. Ann. § 48.193(1):

(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
>
> 4. Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> 5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

36975084v.1

      a. The defendant was engaged in solicitation or service activities within this state; or

      b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.

9. Entering into a contract that complies with s. 685.102.

**Indiana:** Indiana Trial Rule 4.4(A):

Acts Serving as a Basis for Jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

(5) owning, using, or possessing any real property or an interest in real property within this state;

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state; or

(8) abusing, harassing, or disturbing the peace of, or violating a protective or restraining order for the protection of, any person within the state by an act or omission done in this

2

state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state.

In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

**Kentucky:** Ky. Rev. Stat. Ann. § 454.210:

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

    1. Transacting any business in this Commonwealth;

    2. Contracting to supply services or goods in this Commonwealth;

    3. Causing tortious injury by an act or omission in this Commonwealth;

    4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

    5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

    6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated;

    7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

    8. Committing sexual intercourse in this state which intercourse causes the birth of a child when:

        a. The father or mother or both are domiciled in this state;

        b. There is a repeated pattern of intercourse between the father and mother in this state; or

3

      c. Said intercourse is a tort or a crime in this state; or

  9. Making a telephone solicitation, as defined in KRS 367.46951, into the Commonwealth.

(b) When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him.

**Louisiana:** La. R.S. 13:3201:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

  (1) Transacting any business in this state.

  (2) Contracting to supply services or things in this state.

  (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

  (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

  (5) Having an interest in, using or possessing a real right on immovable property in this state.

  (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

  (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

  (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

**Maryland:**  Md. Code, Courts and Judicial Proceedings § 6-103:

(a) If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section. (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:

   (1) Transacts any business or performs any character of work or service in the State;

   (2) Contracts to supply goods, food, services, or manufactured products in the State;

   (3) Causes tortious injury in the State by an act or omission in the State;

   (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

   (5) Has an interest in, uses, or possesses real property in the State; or

   (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

**Massachusetts:**  Mass. Gen. Laws ch. 223A, § 3:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

   (a) transacting any business in this commonwealth;

   (b) contracting to supply services or things in this commonwealth;

   (c) causing tortious injury by an act or omission in this commonwealth;

   (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

   (e) having an interest in, using or possessing real property in this commonwealth;

   (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

   (g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

5

> (h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

**Missouri:** Mo. Rev. Stat. § 506.500(1):

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;
>
> (4) The ownership, use, or possession of any real estate situated in this state;
>
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
>
> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

**Nevada:** Nev.Rev.Stat. § 14.065(1):

A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States.

**New York:** N.Y. C.P.L.R. § 302(a):

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

6

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

> 4. owns, uses or possesses any real property situated within the state.

**Oklahoma:**  Okla. Stat. tit. 12, § 2004(F):

A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States. The Committee Comment to § 2004 explains that Oklahoma's long arm statute "authorizes the exercise of judicial power to the limits of the due process clauses of the Oklahoma and United States Constitutions.

**Pennsylvania:**  42 Pa. Cons. Stat. § 5322(a):

A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

> (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:
>
>> (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
>>
>> (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.
>>
>> (iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.
>>
>> (iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.
>>
>> (v) The ownership, use or possession of any real property situate within this Commonwealth.
>
> (2) Contracting to supply services or things in this Commonwealth.
>
> (3) Causing harm or tortious injury by an act or omission in this Commonwealth.

7

36975084v.1

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

(5) Having an interest in, using, or possessing real property in this Commonwealth.

(6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

(ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.

(iii) Engaging in conduct described in section 504 of the act of May 17, 1921 (P.L. 789, No. 285), known as The Insurance Department Act of 1921.1

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

> (i) Personal representative of a decedent.
>
> (ii) Guardian of a minor or incapacitated person.
>
> (iii) Trustee or other fiduciary.
>
> (iv) Director or officer of a corporation.

(8) Executing any bond of any of the persons specified in paragraph.

(9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

(b) Exercise of full constitutional power over nonresidents.--In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

**South Carolina:** S.C. Code Ann. § 36–2–802:

A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action.

8

And, S.C. Code Ann. § 36–2–803:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:

>(1) transacting any business in this State;

>(2) contracting to supply services or things in the State;

>(3) commission of a tortious act in whole or in part in this State;

>(4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;

>(5) having an interest in, using, or possessing real property in this State;

>(6) contracting to insure any person, property, or risk located within this State at the time of contracting;

>(7) entry into a contract to be performed in whole or in part by either party in this State; or

>(8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

**Texas:** Tex. Civ. Prac. & Rem. Code Ann. § 17.042:

In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:

>(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;

>(2) commits a tort in whole or in part in this state; or

>(3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

9