# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738<br><br>Case No. 3:16-md-02738-FLW-LHG |

### DECLARATION OF MARK A. POLLAK IN SUPPORT OF PERSONAL CARE PRODUCTS COUNCIL'S OMNIBUS MOTION TO DISMISS

I, Mark A. Pollak, hereby declare, under penalty of perjury, as follows:

1. I am Senior Executive Vice President for Strategic Initiatives of the Personal Care Products Council ("PCPC"). I am over the age of twenty-one years, of sound mind, suffer no legal disabilities, and am fully competent in all respects to make this declaration. The statements below are based on my personal knowledge, investigation, and review of PCPC business records.

2. As Senior Executive Vice President for Strategic Initiatives, I am responsible for supervising a wide variety of PCPC's activities.

3. I have worked for PCPC for thirty-three years, and I have been continuously employed here since February 1983. Based on the positions I hold and have held, I am familiar with the general activities and day-to-day operations at PCPC, both at present and during my tenure at PCPC.

4. PCPC is a Washington, D.C.-incorporated and Washington, D.C.-based nonprofit trade association for the cosmetic and personal care products industry. PCPC's only office is located in Washington, D.C. PCPC was formerly known as the Cosmetic, Toiletry, and Fragrance Association ("CTFA").

36138767v.3

5. PCPC has never manufactured, marketed, distributed, promoted, tested, sold nor otherwise placed into the stream of commerce any product containing talc, or any other cosmetic or personal care product.

6. PCPC is not licensed to do business in Alabama, California, Florida, Illinois, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Mississippi, Missouri, Nevada, New York, Oklahoma, Pennsylvania, South Carolina or Texas (the "Relevant States").

7. PCPC has no agent for service of process in any of the Relevant States.

8. PCPC neither owns nor leases, nor holds liens or mortgages on, any real property in any of the Relevant States.

9. PCPC has no address, phone number, bank account, or office in any of the Relevant States.

10. None of PCPC's employees are based in any of the Relevant States nor regularly travels to or conducts business there on PCPC's behalf.

11. PCPC has never brought a lawsuit in any court of the Relevant States.

12. PCPC maintains no records or any other property in any of the Relevant States.

13. PCPC holds an annual meeting in California and may hold or attend other meetings there periodically. The meetings, however, do not relate to talc.

14. PCPC holds an annual meeting in Florida. However, no part of that meeting relates to talc.

15. Over the years, PCPC employees have occasionally attended conferences in Illinois. Such conferences have been infrequent and have not related to talc or any of the issues raised in this lawsuit.

36138767v.3

16. PCPC has held a meeting in Louisiana three times in the past twenty-five years, but none of these meetings related to talc.

17. PCPC contracts with a Maryland-based publisher and a Maryland-based publication-fulfillment warehouse for the publishing and shipment of print materials created by PCPC. Members and others may purchase publications from PCPC's online bookstore, which is located and administered in Washington, DC. Publications are manufactured and shipped from third parties in Maryland.

18. PCPC held a conference in South Carolina four times in the past twenty years. No part of the conferences related to talc.

19. Like many other national trade associations located in Washington, D.C., in the regular course of its business, PCPC monitors state-level legislative and regulatory developments of interest to its members. Occasionally, PCPC lobbyists or others acting on PCPC's behalf may have communicated with or testified before state legislators from California, Florida, Illinois, Massachusetts, Maryland, New York, and Pennsylvania; and other government officials from California, Florida, Illinois, Massachusetts, Maryland, New York, and Pennsylvania on issues of interest to PCPC's members. Any such communications have not related to talc or the issues raised in this lawsuit. PCPC lobbyists or others acting on PCPC's behalf have not communicated with or testified before legislators or any other government officials from and in Alabama, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Nevada, Oklahoma, South Carolina, or Texas.

20. Members of PCPC pay dues that are based on the amount of the member company's total personal care product sales. Any change in the sales of talc products by Johnson

& Johnson and Imerys would have only a *de minimis* effect on their member dues and, in turn, only a *de minimis* effect on the total dues collected by PCPC.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 6, 2017

Mark A. Pollak

4

36138767v.3