# EXHIBIT F

**EXHIBIT F**
**Relevant Anti-SLAPP Statutes**

**District of Columbia:** D.C. Code § 16-5501 et seq:

**Definitions:** D.C. Code § 16-5501:

For the purposes of this chapter, the term:

(1) "Act in furtherance of the right of advocacy on issues of public interest" means:

(A) Any written or oral statement made:

(i) In connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or

(ii) In a place open to the public or a public forum in connection with an issue of public interest; or

(B) Any other expression or expressive conduct that involves petitioning the government or communicating views to members of the public in connection with an issue of public interest.

(2) "Claim" includes any civil lawsuit, claim, complaint, cause of action, cross-claim, counterclaim, or other civil judicial pleading or filing requesting relief.

(3) "Issue of public interest" means an issue related to health or safety; environmental, economic, or community well-being; the District government; a public figure; or a good, product, or service in the market place. The term "issue of public interest" shall not be construed to include private interests, such as statements directed primarily toward protecting the speaker's commercial interests rather than toward commenting on or sharing information about a matter of public significance.

(4) "Personal identifying information" shall have the same meaning as provided in § 22-3227.01(3).

**Special Motions to Dismiss:** D.C. Code Ann. § 16-5502:

(a) A party may file a special motion to dismiss any claim arising from an act in furtherance of the right of advocacy on issues of public interest within 45 days after service of the claim.

(b) If a party filing a special motion to dismiss under this section makes a prima facie showing that the claim at issue arises from an act in furtherance of the right of advocacy on issues of public interest, then the motion shall be granted unless the responding party demonstrates that the claim is likely to succeed on the merits, in which case the motion shall be denied.

(c)

(1) Except as provided in paragraph (2) of this subsection, upon the filing of a special motion to dismiss, discovery proceedings on the claim shall be stayed until the motion has been disposed of.

(2) When it appears likely that targeted discovery will enable the plaintiff to defeat the motion and that the discovery will not be unduly burdensome, the court may order that specified discovery be conducted. Such an order may be conditioned upon the plaintiff paying any expenses incurred by the defendant in responding to such discovery.

(d) The court shall hold an expedited hearing on the special motion to dismiss, and issue a ruling as soon as practicable after the hearing. If the special motion to dismiss is granted, dismissal shall be with prejudice.

**Special Motion to Quash:** D.C. Code Ann. § 16-5503:

(a) A person whose personal identifying information is sought, pursuant to a discovery order, request, or subpoena, in connection with a claim arising from an act in furtherance of the right of advocacy on issues of public interest may make a special motion to quash the discovery order, request, or subpoena.

(b) If a person bringing a special motion to quash under this section makes a prima facie showing that the underlying claim arises from an act in furtherance of the right of advocacy on issues of public interest, then the motion shall be granted unless the party seeking his or her personal identifying information demonstrates that the underlying claim is likely to succeed on the merits, in which case the motion shall be denied.

**Fees and Costs** (D.C. Code Ann. § 16-5504):

(a) The court may award a moving party who prevails, in whole or in part, on a motion brought under § 16-5502 or § 16-5503 the costs of litigation, including reasonable attorney fees.

(b) The court may award reasonable attorney fees and costs to the responding party only if the court finds that a motion brought under § 16-5502 or § 16-5503 is frivolous or is solely intended to cause unnecessary delay.

**Fees and Costs:** D.C. Code Ann. § 16-5505:

This chapter shall not apply to any claim for relief brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct from which the claim arises is:

(1) A representation of fact made for the purpose of promoting, securing, or completing sales or leases of, or commercial transactions in, the person's goods or services; and

(2) The intended audience is an actual or potential buyer or customer.


**California:** Cal. Civ. Proc. Code § 425.16 et seq.:

**Anti-SLAPP Motions:** Cal. Civ. Proc. Code § 425.16:

2

(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

(b)

(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(c)

(1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

(2) A defendant who prevails on a special motion to strike in an action subject to paragraph (1) shall not be entitled to attorney's fees and costs if that cause of action is brought pursuant to Section 6259, 11130, 11130.3, 54960, or 54960.1 of the Government Code. Nothing in this paragraph shall be construed to prevent a prevailing defendant from recovering attorney's fees and costs pursuant to subdivision (d) of Section 6259, or Section 11130.5 or 54960.5, of the Government Code.

(d) This section shall not apply to any enforcement action brought in the name of the people of the State of California by the Attorney General, district attorney, or city attorney, acting as a public prosecutor.

(e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

3

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,

(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,

(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or

(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest

(f) The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

(g) All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.

(h) For purposes of this section, "complaint" includes "cross-complaint" and "petition," "plaintiff" includes "cross-complainant" and "petitioner," and "defendant" includes "cross-defendant" and "respondent."

(i) An order granting or denying a special motion to strike shall be appealable under Section 904.1.

(j)

(1) Any party who files a special motion to strike pursuant to this section, and any party who files an opposition to a special motion to strike, shall, promptly upon so filing, transmit to the Judicial Council, by e-mail or facsimile, a copy of the endorsed, filed caption page of the motion or opposition, a copy of any related notice of appeal or petition for a writ, and a conformed copy of any order issued pursuant to this section, including any order granting or denying a special motion to strike, discovery, or fees.

(2) The Judicial Council shall maintain a public record of information transmitted pursuant to this subdivision for at least three years, and may store the information on microfilm or other appropriate electronic media.

**Legislative Findings and Declarations Regarding California Anti-SLAPP Law:** Cal. Civ. Proc. Code § 425.17:

(a) The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the

exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process or Section 425.16.

(b) Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:

(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision.

(2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.

(3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

(c) Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:

(1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services.

(2) The intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, or the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation, except where the statement or conduct was made by a telephone corporation in the course of a proceeding before the California Public Utilities Commission and is the subject of a lawsuit brought by a competitor, notwithstanding that the conduct or statement concerns an important public issue.

(d) Subdivisions (b) and (c) do not apply to any of the following:

(1) Any person enumerated in subdivision (b) of Section 2 of Article I of the California Constitution or Section 1070 of the Evidence Code, or any person engaged in the dissemination of ideas or expression in any book or

5

academic journal, while engaged in the gathering, receiving, or processing of information for communication to the public.

(2) Any action against any person or entity based upon the creation, dissemination, exhibition, advertisement, or other similar promotion of any dramatic, literary, musical, political, or artistic work, including, but not limited to, a motion picture or television program, or an article published in a newspaper or magazine of general circulation.

(3) Any nonprofit organization that receives more than 50 percent of its annual revenues from federal, state, or local government grants, awards, programs, or reimbursements for services rendered.

(e) If any trial court denies a special motion to strike on the grounds that the action or cause of action is exempt pursuant to this section, the appeal provisions in subdivision (i) of Section 425.16 and paragraph (13) of subdivision (a) of Section 904.1 do not apply to that action or cause of action.

**SLAPPback actions; motion to strike; limitations periods; discovery; remedies:** Cal. Civ. Proc. Code § 425.18:

(a) The Legislature finds and declares that a SLAPPback is distinguishable in character and origin from the ordinary malicious prosecution action. The Legislature further finds and declares that a SLAPPback cause of action should be treated differently, as provided in this section, from an ordinary malicious prosecution action because a SLAPPback is consistent with the Legislature's intent to protect the valid exercise of the constitutional rights of free speech and petition by its deterrent effect on SLAPP (strategic lawsuit against public participation) litigation and by its restoration of public confidence in participatory democracy.

(b) For purposes of this section, the following terms have the following meanings:

(1) "SLAPPback" means any cause of action for malicious prosecution or abuse of process arising from the filing or maintenance of a prior cause of action that has been dismissed pursuant to a special motion to strike under Section 425.16.

(2) "Special motion to strike" means a motion made pursuant to Section 425.16.

(c) The provisions of subdivisions (c), (f), (g), and (i) of Section 425.16, and paragraph (13) of subdivision (a) of Section 904.1, shall not apply to a special motion to strike a SLAPPback.

(d)

(1) A special motion to strike a SLAPPback shall be filed within any one of the following periods of time, as follows:

(A) Within 120 days of the service of the complaint.

(B) At the court's discretion, within six months of the service of the complaint.

6

(C) At the court's discretion, at any later time in extraordinary cases due to no fault of the defendant and upon written findings of the court stating the extraordinary case and circumstance.

(2) The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

(e) A party opposing a special motion to strike a SLAPPback may file an ex parte application for a continuance to obtain necessary discovery. If it appears that facts essential to justify opposition to that motion may exist, but cannot then be presented, the court shall grant a reasonable continuance to permit the party to obtain affidavits or conduct discovery or may make any other order as may be just.

(f) If the court finds that a special motion to strike a SLAPPback is frivolous or solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

(g) Upon entry of an order denying a special motion to strike a SLAPPback claim, or granting the special motion to strike as to some but less than all causes of action alleged in a complaint containing a SLAPPback claim, an aggrieved party may, within 20 days after service of a written notice of the entry of the order, petition an appropriate reviewing court for a peremptory writ.

(h) A special motion to strike may not be filed against a SLAPPback by a party whose filing or maintenance of the prior cause of action from which the SLAPPback arises was illegal as a matter of law.

(i) This section does not apply to a SLAPPback filed by a public entity.

**Florida:** Fla. Stat. § 768.295:

**Strategic Lawsuits Against Public Participation (SLAPP) prohibited:** Fla. Stat.§ 768.295:

(1) It is the intent of the Legislature to protect the right in Florida to exercise the rights of free speech in connection with public issues, and the rights to peacefully assemble, instruct representatives, and petition for redress of grievances before the various governmental entities of this state as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution. It is the public policy of this state that a person or governmental entity not engage in SLAPP suits because such actions are inconsistent with the right of persons to exercise such constitutional rights of free speech in connection with public issues. Therefore, the Legislature finds and declares that prohibiting such lawsuits as herein described will preserve this fundamental state policy, preserve the constitutional rights of persons in Florida, and assure the continuation of representative government in this state. It is the intent of the Legislature that such lawsuits be expeditiously disposed of by the courts.

(2) As used in this section, the phrase or term:

> (a) "Free speech in connection with public issues" means any written or oral statement that is protected under applicable law and is made before a governmental entity in connection with an issue under consideration or review by a governmental entity, or is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work.

> (b) "Governmental entity" or "government entity" means the state, including the executive, legislative, and the judicial branches of government and the independent establishments of the state, counties, municipalities, corporations primarily acting as instrumentalities of the state, counties, or municipalities, districts, authorities, boards, commissions, or any agencies thereof.

(3) A person or governmental entity in this state may not file or cause to be filed, through its employees or agents, any lawsuit, cause of action, claim, cross-claim, or counterclaim against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue, or right to peacefully assemble, to instruct representatives of government, or to petition for redress of grievances before the various governmental entities of this state, as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution.

(4) A person or entity sued by a governmental entity or another person in violation of this section has a right to an expeditious resolution of a claim that the suit is in violation of this section. A person or entity may move the court for an order dismissing the action or granting final judgment in favor of that person or entity. The person or entity may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the claimant's or governmental entity's lawsuit has been brought in violation of this section. The claimant or governmental entity shall thereafter file a response and any supplemental affidavits. As soon as practicable, the court shall set a hearing on the motion, which shall be held at the earliest possible time after the filing of the claimant's or governmental entity's response. The court may award, subject to the limitations in s. 768.28, the party sued by a governmental entity actual damages arising from a governmental entity's violation of this section. The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.

(5) In any case filed by a governmental entity which is found by a court to be in violation of this section, the governmental entity shall report such finding and provide a copy of the court's order to the Attorney General no later than 30 days after such order is final. The Attorney General shall report any violation of this section by a governmental entity to the Cabinet, the President of the Senate, and the Speaker of the House of Representatives. A copy of such report shall be provided to the affected governmental entity.

**Indiana:** Ind. Code § 34-7-7-1 et seq.:

**Applicability:** Ind. Code § 34-7-7-1:

> (a) This chapter applies to an act in furtherance of a person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue or an issue of public interest that arises after June 30, 1998. This chapter does not apply to an action that was filed and is pending before July 1, 1998.

> (b) This chapter does not apply to an enforcement action brought in the name of the state of Indiana by the attorney general, a prosecuting attorney, or another attorney acting as a public prosecutor

**"Act in furtherance of a person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue" defined:** Ind. Code § 34-7-7-2:

As used in this chapter, "act in furtherance of a person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue" includes any conduct in furtherance of the exercise of the constitutional right of:

> (1) petition; or

> (2) free speech;

in connection with a public issue or an issue of public interest.

**"Claim" defined:** Ind. Code § 34-7-7-3:

As used in this chapter, "claim" means:

> (1) a lawsuit;

> (2) a cause of action;

> (3) a petition;

> (4) a complaint;

> (5) a cross claim;

> (6) a counterclaim; or

> (7) any other judicial pleading or filing;

that requests legal or equitable relief.

**"Person" defined:** Ind. Code § 34-7-7-4:

As used in this chapter, "person" means any of the following:

> (1) An individual.

> (2) Any other legal entity.

**Conditions under which rights of petition or free speech may be used as defense:** Ind. Code § 34-7-7-5:

It is a defense in a civil action against a person that the act or omission complained of is:

(1) an act or omission of that person in furtherance of the person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue; and

(2) an act or omission taken in good faith and with a reasonable basis in law and fact.

**Discovery; stay pending motion to dismiss:** Ind. Code § 34-7-7-6:

All discovery proceedings in the action are stayed upon the filing of a motion to dismiss made under this chapter, except for discovery relevant to the motion.

**Costs and attorneys' fees; defendant successful in motion to dismiss:** Ind. Code § 34-7-7-7:

A prevailing defendant on a motion to dismiss made under this chapter is entitled to recover reasonable attorney's fees and costs.

**Costs and attorneys' fees; defendant unsuccessful in motion to dismiss:** Ind. Code § 34-7-7-8:

If a court finds that a motion to dismiss made under this chapter is:

(1) frivolous; or

(2) solely intended to cause unnecessary delay;

the plaintiff is entitled to recover reasonable attorney's fees and costs to answer the motion.

**Motion to dismiss; procedures and determination:** Ind. Code § 34-7-7-9:

(a) If a person files a motion to dismiss under this chapter, the court in which the motion is filed shall do the following:

(1) Treat the motion as a motion for summary judgment.

(2) Establish a reasonable time period, not to exceed one hundred eighty (180) days, to expedite and rule on the motion.

(3) Specify time limits for the discovery of evidence to respond to material issues raised in the motion.

(b) The person who files a motion to dismiss must state with specificity the public issue or issue of public interest that prompted the act in furtherance of the person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana.

(c) The court shall make its determination based on the facts contained in the pleadings and affidavits filed and discovered under the expedited proceeding.

(d) The motion to dismiss shall be granted if the court finds that the person filing the motion has proven, by a preponderance of the evidence, that the act upon which the claim is based is a lawful act in furtherance of the person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana.

(e) The court must act on the motion to dismiss within thirty (30) days from the submission of evidence made by motion to the court that is discovered within the specific expedited time period allowed.

(f) If a court does not act within the thirty (30) days provided in subsection (e), the person filing the motion may appeal the matter based on the court's failure to rule on the motion.

**Remedy in addition to other remedies provide by law:** Ind. Code § 34-7-7-10:

The remedy provided by this chapter is in addition to other remedies provided by law.

**Louisiana:** La. Code Civ. Proc. Ann. art. 971:

**Special motion to strike:** La. Code Civ. Proc. Ann. art. 971:

A.

(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.

B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

C.

(1) The special motion may be filed within ninety days of service of the petition, or in the court's discretion, at any later time upon terms the court deems proper.

(2) If the plaintiff voluntarily dismisses the action prior to the running of the delays for filing an answer, the defendant shall retain the right to file a special motion to strike within the delays provided by Subparagraph (1) of this Paragraph, and the motion shall be heard pursuant to the provisions of this Article.

(3) The motion shall be noticed for hearing not more than thirty days after service unless the docket conditions of the court require a later hearing.

D. All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding

the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.

E. This Article shall not apply to any enforcement action brought on behalf of the state of Louisiana by the attorney general, district attorney, or city attorney acting as a public prosecutor.

F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(2) "Petition" includes either a petition or a reconventional demand.

(3) "Plaintiff" includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention.

(4) "Defendant" includes either a defendant or respondent in a principal action or a defendant or respondent in reconvention.


**Maryland:** Md. Code Ann. Cts. & Jud. Proc. § 5-807:

**Strategic lawsuits against public participation (SLAPP):** Md. Code Ann. Cts. & Jud. Proc. § 5-807:

**SLAPP suit defined:**

(a) In this section, "SLAPP suit" means a strategic lawsuit against public participation.

**SLAPP suits, generally:**

(b) A lawsuit is a SLAPP suit if it is:

(1) Brought in bad faith against a party who has communicated with a federal, State, or local government body or the public at large to report on, comment on, rule on, challenge, oppose, or in any other way exercise rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights regarding any matter within the authority of a government body or any issue of public concern;

(2) Materially related to the defendant's communication; and

(3) Intended to inhibit or inhibits the exercise of rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights.

**Communications with federal, State, or local government bodies or the public:**

(c) A defendant in a SLAPP suit is not civilly liable for communicating with a federal, State, or local government body or the public at large, if the defendant, without constitutional malice, reports on, comments on, rules on, challenges, opposes, or in any other way exercises rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights regarding any matter within the authority of a government body or any issue of public concern.

**Motions to dismiss or stay proceedings:**

(d) A defendant in an alleged SLAPP suit may move to:

(1) Dismiss the alleged SLAPP suit, in which case the court shall hold a hearing on the motion to dismiss as soon as practicable; or

(2) Stay all court proceedings until the matter about which the defendant communicated to the government body or the public at large is resolved.

**Construction and application of section(e):**

This section:

(1) Is applicable to SLAPP suits notwithstanding any other law or rule; and

(2) Does not diminish any equitable or legal right or remedy otherwise available to a defendant in a SLAPP suit.

**Massachusetts:** Mass. Gen. Laws Ann. ch. 231 § 59H:

**Strategic litigation against public participation; special motion to dismiss:** Mass. Gen. Laws Ann. ch. 231 § 59H:

In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party

may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

The attorney general, on his behalf or on behalf of any government agency or subdivision to which the moving party's acts were directed, may intervene to defend or otherwise support the moving party on such special motion.

All discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of entry of the order ruling on the special motion.

Said special motion to dismiss may be filed within sixty days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.

If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. Nothing in this section shall affect or preclude the right of the moving party to any remedy otherwise authorized by law.

As used in this section, the words "a party's exercise of its right of petition" shall mean any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

**Nevada:** Nev. Rev. Stat. §§ 41.635–41.670:

**Definitions:** Nev. Rev. Stat. § 41.635:

As used in NRS 41.635 to 41.670, inclusive, unless the context otherwise requires, the words and terms defined in NRS 41.637 and 41.640 have the meanings ascribed to them in those sections.

**"Good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" defined:** Nev. Rev. Stat. § 41.637:

"Good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" means any:

1. Communication that is aimed at procuring any governmental or electoral action, result or outcome;

2. Communication of information or a complaint to a Legislator, officer or employee of the Federal Government, this state or a political subdivision of this state, regarding a matter reasonably of concern to the respective governmental entity;

3. Written or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law; or

4. Communication made in direct connection with an issue of public interest in a place open to the public or in a public forum,

which is truthful or is made without knowledge of its falsehood.

**"Political subdivisions" defined:** Nev. Rev. Stat. § 41.640:

"Political subdivision" has the meaning ascribed to it in NRS 41.0305.

**Limitation of Liability:** Nev. Rev. Stat. § 41.650:

A person who engages in a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern is immune from any civil action for claims based upon the communication.

**Attorney General or chief legal officer of political subdivision may defend or provide support to person sued for engaging in right to petition or free speech in direct connection with an issue of public concern; special counsel; filing special motion to dismiss; stay of discovery; adjudication upon merits:** Nev. Rev. Stat. § 41.660:

1. If an action is brought against a person based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern:

(a) The person against whom the action is brought may file a special motion to dismiss; and

(b) The Attorney General or the chief legal officer or attorney of a political subdivision of this State may defend or otherwise support the person against whom the action is brought. If the Attorney General or the chief legal officer or attorney of a political subdivision has a conflict of interest in, or is otherwise disqualified from, defending or otherwise supporting the person, the Attorney General or the chief legal officer or

15

attorney of a political subdivision may employ special counsel to defend or otherwise support the person.

2. A special motion to dismiss must be filed within 60 days after service of the complaint, which period may be extended by the court for good cause shown.

3. If a special motion to dismiss is filed pursuant to subsection 2, the court shall:

(a) Determine whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern;

(b) If the court determines that the moving party has met the burden pursuant to paragraph (a), determine whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim;

(c) If the court determines that the plaintiff has established a probability of prevailing on the claim pursuant to paragraph (b), ensure that such determination will not:

(1) Be admitted into evidence at any later stage of the underlying action or subsequent proceeding; or

(2) Affect the burden of proof that is applied in the underlying action or subsequent proceeding;

(d) Consider such evidence, written or oral, by witnesses or affidavits, as may be material in making a determination pursuant to paragraphs (a) and (b);

(e) Except as otherwise provided in subsection 4, stay discovery pending:

(1) A ruling by the court on the motion; and

(2) The disposition of any appeal from the ruling on the motion; and

(f) Rule on the motion within 20 judicial days after the motion is served upon the plaintiff.

4. Upon a showing by a party that information necessary to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purpose of ascertaining such information.

5. If the court dismisses the action pursuant to a special motion to dismiss filed pursuant to subsection 2, the dismissal operates as an adjudication upon the merits.

6. The court shall modify any deadlines pursuant to this section or any other deadlines relating to a complaint filed pursuant to this section if such modification would serve the interests of justice.

7. As used in this section:

(a) "Complaint" means any action brought against a person based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern, including, without limitation, a counterclaim or cross-claim.

(b) "Plaintiff" means any person asserting a claim, including, without limitation, a counterclaim or cross-claim.

**Award of reasonable costs, attorney's fees and monetary relief under certain circumstances; separate action for damages; sanctions for frivolous or vexatious special motion to dismiss; interlocutory appeal:** Nev. Rev. Stat. § 41.670:

1. If the court grants a special motion to dismiss filed pursuant to NRS 41.660:

(a) The court shall award reasonable costs and attorney's fees to the person against whom the action was brought, except that the court shall award reasonable costs and attorney's fees to this State or to the appropriate political subdivision of this State if the Attorney General, the chief legal officer or attorney of the political subdivision or special counsel provided the defense for the person pursuant to NRS 41.660.

(b) The court may award, in addition to reasonable costs and attorney's fees awarded pursuant to paragraph (a), an amount of up to $10,000 to the person against whom the action was brought.

(c) The person against whom the action is brought may bring a separate action to recover:

(1) Compensatory damages;

(2) Punitive damages; and

(3) Attorney's fees and costs of bringing the separate action.

2. If the court denies a special motion to dismiss filed pursuant to NRS 41.660 and finds that the motion was frivolous or vexatious, the court shall award to the prevailing party reasonable costs and attorney's fees incurred in responding to the motion.

3. In addition to reasonable costs and attorney's fees awarded pursuant to subsection 2, the court may award:

(a) An amount of up to $10,000; and

(b) Any such additional relief as the court deems proper to punish and deter the filing of frivolous or vexatious motions.

4. If the court denies the special motion to dismiss filed pursuant to NRS 41.660, an interlocutory appeal lies to the Supreme Court.

**New York:** N.Y. Civ. Rights Law § 70-a & 76-a:

**Actions involving public petition and participation; recovery of damages:** N.Y. Civ. Rights Law § 70-a:

1. A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:

(a) costs and attorney's fees may be recovered upon a demonstration that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law;

(b) other compensatory damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights; and

(c) punitive damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights.

2. The right to bring an action under this section can be waived only if it is waived specifically.

3. Nothing in this section shall affect or preclude the right of any party to any recovery otherwise authorized by common law, or by statute, law or rule.

**Actions involving public petition and participation; when actual malice to be proven:**
N.Y. Civ. Rights Law § 76-a:

1. For purposes of this section:

(a) An "action involving public petition and participation" is an action, claim, cross claim or counterclaim for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission.

(b) "Public applicant or permittee" shall mean any person who has applied for or obtained a permit, zoning change, lease, license, certificate or other entitlement for use or permission to act from any government body, or any person with an interest, connection or affiliation with such person that is materially related to such application or permission.

(c) "Communication" shall mean any statement, claim, allegation in a proceeding, decision, protest, writing, argument, contention or other expression.

(d) "Government body" shall mean any municipality, the state, any other political subdivision or agency of such, the federal government, any public benefit corporation, or any public authority, board, or commission.

2. In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.

3. Nothing in this section shall be construed to limit any constitutional, statutory or common law protections of defendants to actions involving public petition and participation.

**Oklahoma:** Okla. Stat. tit. 12, § 1430 et seq.:

**Short title--Oklahoma Citizens Participation Act:** Okla. Stat. tit. 12, § 1430:

A. This act may be known and shall be cited as the "Oklahoma Citizens Participation Act".

B. The purpose of the Oklahoma Citizens Participation Act is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

**Definitions:** Okla. Stat. tit. 12, § 1431:

As used in the Oklahoma Citizens Participation Act:

1. "Communication" means the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual or electronic;

2. "Exercise of the right of association" means a communication between individuals who join together to collectively express, promote, pursue or defend common interests;

3. "Exercise of the right of free speech" means a communication made in connection with a matter of public concern;

4. "Exercise of the right to petition" means any of the following:

a. a communication in or pertaining to:

(1) a judicial proceeding,

(2) an official proceeding, other than a judicial proceeding, to administer the law,

(3) an executive or other proceeding before a department or agency of the state or federal government or a political subdivision of the state or federal government,

19

(4) a legislative proceeding, including a proceeding of a legislative committee,

(5) a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity,

(6) a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue,

(7) a proceeding of the governing body of any political subdivision of this state,

(8) a report of or debate and statements made in a proceeding described by division (3), (4), (5), (6) or (7) of this subparagraph, or

(9) a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting,

b. a communication in connection with an issue under consideration or review by a legislative, executive, judicial or other governmental body or in another governmental or official proceeding,

c. a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial or other governmental body or in another governmental or official proceeding,

d. a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial or other governmental body or in another governmental or official proceeding, and

e. any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the Oklahoma Constitution;

5. "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official or body of this state or a political subdivision of this state, including an agency, board or commission, or by an officer, official or body of the federal government;

6. "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, counterclaim or any other judicial pleading or filing that requests legal or equitable relief;

7. "Matter of public concern" means an issue related to:

a. health or safety,

b. environmental, economic or community well-being,

c. the government,

      d. a public official or public figure, ore. a good, product or service in the marketplace;

8. "Official proceeding" means any type of administrative, executive, legislative or judicial proceeding that may be conducted before a public servant; and

9. "Public servant" means a person elected, selected, appointed, employed or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

      a. an officer, employee or agent of government,

      b. a juror,

      c. an arbitrator, referee or other person who is authorized by law or private written agreement to hear or determine a cause or controversy,

      d. an attorney or notary public when participating in the performance of a governmental function, or

      e. a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

**Motion to dismiss legal actions--Time limit for filing--Suspension of discovery:** Okla. Stat. tit. 12, § 1432:

A. If a legal action is based on, relates to or is in response to a party's exercise of the right of free speech, right to petition or right of association, that party may file a motion to dismiss the legal action.

B. A motion to dismiss a legal action under this section shall be filed no later than sixty (60) days after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.

C. Except as provided in Section 6 of the Oklahoma Citizens Participation Act, on the filing of a motion under subsection A of this section, all discovery in the legal action shall be suspended until the court has ruled on the motion to dismiss.

**Time limits on hearing for motion to dismiss:** Okla. Stat. tit. 12, § 1433:

A. A hearing on a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act shall be set no later than sixty (60) days after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than ninety (90) days after service of the motion to dismiss, except as provided by subsection C of this section.

B. In the event that the court cannot hold a hearing in the time required by subsection A of this section, the court may take judicial notice that court docket conditions required a hearing at a later date, but in no event shall the hearing occur more than ninety (90) days after service of the motion to dismiss, except as provided by subsection C of this section.

C. If the court allows discovery under subsection B of Section 6 of this act, the court may extend the hearing date to allow discovery under that subsection, but in

no event shall the hearing occur more than one hundred twenty (120) days after the service of the motion to dismiss.

**Time limit for ruling on motion--Standard of proof:** Okla. Stat. tit. 12, § 1434:

A. The court shall rule on a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act no later than thirty (30) days following the date of the hearing on the motion.

B. Except as provided by subsection C of this section, on the motion of a party filed pursuant to Section 3 of this act, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to or is in response to the party's exercise of:

    1. The right of free speech;

    2. The right to petition; or

    3. The right of association.

C. The court shall not dismiss a legal action under this section if the party filing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

D. Notwithstanding the provisions of subsection C of this section, the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

**Evidence to consider by court--Limited discovery:** Okla. Stat. tit. 12, § 1436:

A. At the request of a party making a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

B. The court shall issue findings under subsection A of this section no later than thirty (30) days after the date a request is made under subsection A of this section.

**Failure to rule on motion--Expedited appeals:** Okla. Stat. tit. 12, § 1437:

A. If a court does not rule on a motion to dismiss filed pursuant to Section 3 of the Oklahoma Citizens Participation Act in the time prescribed by Section 5 of the act, the motion shall be considered denied by operation of law and the moving party may appeal.

B. An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action filed pursuant to Section 3 of this act or from a trial court's failure to rule on that motion in the time prescribed by Section 5 of this act.

**Costs and fees--Sanctions:** Okla. Stat. tit. 12, § 1438:

A. If the court orders dismissal of a legal action under the Oklahoma Citizens Participation Act, the court shall award to the moving party:

> 1. Court costs, reasonable attorney fees and other expenses incurred in defending against the legal action as justice and equity may require; and

> 2. Sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in the Oklahoma Citizens Participation Act.

**Actions excluded:** Okla. Stat. tit. 12, § 1439:

The Oklahoma Citizens Participation Act shall not apply to:

> 1. An enforcement action that is brought in the name of this state or a political subdivision of this state by the Attorney General or a district attorney;

> 2. A legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct the action is based upon arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer;

> 3. A legal action seeking recovery for bodily injury, wrongful death or survival or to statements made regarding that legal action; or

> 4. A legal action brought under the Oklahoma Insurance Code or arising out of an insurance contract.

**Application with other laws--Construction:** Okla. Stat. tit. 12, § 1440:

> A. The Oklahoma Citizens Participation Act shall not abrogate or lessen any other defense, remedy, immunity or privilege available under other constitutional, statutory, case or common law or rule provisions.

> B. The Oklahoma Citizens Participation Act shall be construed liberally to effectuate its purpose and intent fully.

**Texas:** Tex. Civ. Prac. & Rem. Code Ann. § 27.001 et seq.:

**Definitions:** Tex. Civ. Prac. & Rem. Code Ann. § 27.001:

In this chapter:

> (1) "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

> (2) "Exercise of the right of association" means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.

> (3) "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

23

(4) "Exercise of the right to petition" means any of the following:

(A) a communication in or pertaining to:

(i) a judicial proceeding;

(ii) an official proceeding, other than a judicial proceeding, to administer the law;

(iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;

(iv) a legislative proceeding, including a proceeding of a legislative committee;

(v) a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

(vi) a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;

(vii) a proceeding of the governing body of any political subdivision of this state;

(viii) a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), (vi), or (vii); or(ix) a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

(B) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(C) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D) a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E) any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

(5) "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government.

(6) "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief.

(7) "Matter of public concern" includes an issue related to:

> (A) health or safety;
>
> (B) environmental, economic, or community well-being;
>
> (C) the government;
>
> (D) a public official or public figure; or
>
> (E) a good, product, or service in the marketplace.

(8) "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(9) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

> (A) an officer, employee, or agent of government;
>
> (B) a juror;
>
> (C) an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;
>
> (D) an attorney or notary public when participating in the performance of a governmental function; or
>
> (E) a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

**Purpose:** Tex. Civ. Prac. & Rem. Code Ann. § 27.002:

The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

**Motion to Dismiss:** Tex. Civ. Prac. & Rem. Code Ann. § 27.003:

> (a) If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action.
>
> (b) A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.
>
> (c) Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.

**Hearing:** Tex. Civ. Prac. & Rem. Code Ann. § 27.004:

(a) A hearing on a motion under Section 27.003 must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(b) In the event that the court cannot hold a hearing in the time required by Subsection (a), the court may take judicial notice that the court's docket conditions required a hearing at a later date, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(c) If the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003.

**Ruling:** Tex. Civ. Prac. & Rem. Code Ann. § 27.005:

(a) The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion.

(b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:

> (1) the right of free speech;
>
> (2) the right to petition; or
>
> (3) the right of association.

(c) The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

(d) Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

**Evidence:** Tex. Civ. Prac. & Rem. Code Ann. § 27.006:

(a) In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.

(b) On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.

**Additional Findings:** Tex. Civ. Prac. & Rem. Code Ann. § 27.007:

(a) At the request of a party making a motion under Section 27.003, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

(b) The court must issue findings under Subsection (a) not later than the 30th day after the date a request under that subsection is made.

**Appeal:** Tex. Civ. Prac. & Rem. Code Ann. § 27.008:

(a) If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b) An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

(c) Repealed by Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 5.

**Damages and Costs:** Tex. Civ. Prac. & Rem. Code Ann. § 27.009:

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

> (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

> (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

**Exemptions:** Tex. Civ. Prac. & Rem. Code Ann. § 27.010:

(a) This chapter does not apply to an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney.

(b) This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

(c) This chapter does not apply to a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action.

(d) This chapter does not apply to a legal action brought under the Insurance Code or arising out of an insurance contract.

**Construction:** Tex. Civ. Prac. & Rem. Code Ann. § 27.011:

(a) This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.

(b) This chapter shall be construed liberally to effectuate its purpose and intent fully.