## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) |

*THIS DOCUMENT RELATES TO ALL CASES*

## CASE MANAGEMENT ORDER NO. 2
## (Direct Filing)

This Case Management Order is entered to eliminate delays typically associated with the transfer into this MDL proceeding of "tag along" cases originally filed in or removed to another federal court and to otherwise promote efficiency. Accordingly, it is **ORDERED** as follows:

A. In order to eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL No. 2738 as a "tag-along" case may file his or her complaint against all Defendants directly in MDL No. 2738 in the U.S. District Court for the District of New Jersey. Any plaintiff who wishes to file a complaint directly in MDL No. 2738 pursuant to this Order must do so by using the agreed-upon Master Short Form Complaint, filed with the Court on January 5, 2017 (Dkt. No. 83), and attached hereto as Exhibit 1.

B. Moreover, pursuant to paragraph 10 of the Master Short Form Complaint, any plaintiff who files a complaint directly in MDL No. 2738 pursuant to this Order thereby designates the federal district in which the complaint should be deemed to have otherwise been originally filed (i.e., the district to which the plaintiff ultimately seeks transfer in accordance

with the terms of this Order), absent this Order.  As required by paragraphs 11 through 15 of the Master Short Form Complaint, Plaintiff shall include information that supports any such designation (including information regarding Plaintiff's current and prior residency, information on location of diagnosis and injury, and information on location of production purchase and usage).

C.	Cases directly filed in this Court pursuant to this Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium plaintiff(s) as permitted by law and, in the event of a wrongful death action, the appropriate representative(s) of the Estate.

D.	All Defendants shall stipulate and agree that as to any complaint properly filed pursuant to this Order, they will not assert any objection pursuant to Fed. R. Civ. P. 12(b) that the District of New Jersey is an improper venue during the pendency of this MDL proceeding. Defendants reserve all rights to object on improper venue, personal jurisdiction, or other appropriate grounds to the Original District specified in the Complaint.  Such objections may be asserted by motion for resolution in this MDL proceeding.

E.	Each case filed directly pursuant to this Order shall be deemed a constituent action in MDL No. 2738, and will be filed in MDL No. 2738 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 4, 2016, Transfer Order (Doc. No. 1), and 28 U.S.C. § 1407.

F.	For all cases directly filed in this MDL No. 2738 proceeding pursuant to this Order that are not selected to be tried as bellwether trials in this District, upon completion of all pretrial proceedings, this Court, pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1404(a), will transfer that case to the federal district court designated by Plaintiff, subject to Defendants' challenges and any rulings by the Court.

G. The inclusion of any action in *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738, whether such action was or will be filed originally or directly in the District of New Jersey, shall not constitute a determination by this Court that venue is proper in this district.

H. All parties stipulate and agree that in any case filed pursuant to this Order, choice of law determinations shall be made in accordance with the law of the jurisdiction that would apply to the action had the matter been initially filed in the Original District. The term Original District as used in this Direct Filing Order refers to the jurisdiction designated by the Plaintiff in paragraph 10 of the Short Form Complaint, i.e., the district to which the Plaintiff seeks transfer upon completion of pretrial proceedings.

I. All Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2738 pursuant to this Order shall stop the running of any statute of limitations or prescriptive period as if the complaint had been filed in an appropriate venue.

J. The references to "All Defendants" herein shall not constitute an appearance by or for any Defendant not properly served.

K. The caption for any complaint that is directly filed in MDL No. 2738 before this court shall bear the caption as set forth in Exhibit 2, attached to this Order.

**SO ORDERED.**

**IT IS** on this 7th day of February, 2017.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:_____<br>_____ | MDL No. 2738 (FLW) (LHG) |

**SHORT FORM COMPLAINT
AND JURY DEMAND**

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

# IDENTIFICATION OF PARTIES

## Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s): _____ .

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of _____ .

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____

4. Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: _____

5. Plaintiff/Decedent was born on _____ and died on _____ .

6. Plaintiff is filing this case in a representative capacity as the _____ _____ of the _____, having been duly appointed as the _____ by the _____ Court of \_\_\_\_ _____ .

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    _____ injury to herself

    _____ injury to the person represented

    _____ wrongful death

    _____ survivorship action

    _____ economic loss

    _____ loss of services

    _____ loss of consortium

    _____ other: _____

                      _____

**Identification of Defendants**

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

    ☐ Johnson & Johnson

    ☐ Johnson & Johnson Consumer Inc.

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

☐ Imerys Talc America, Inc. ("Imerys Talc")

☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐ Other(s) Defendant(s) (please specify): _____

_____

_____

## **JURISDICTION & VENUE**

**Jurisdiction:**

9.   Jurisdiction in this Short Form Complaint is based on:

☐ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

_____

_____

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State):

    _____.

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

    _____.

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): _____ on _____ (date).

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: _____ and continued the use of talcum powder product(s) through about the following date: _____.

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): _____.

16. Plaintiff/Decedent used the following talcum powder products:

    ☐   Johnson & Johnson's Baby Powder

    ☐   Shower to Shower

## CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

- ☐ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

- ☐ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

- ☐ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

- ☐ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

- ☐ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

- ☐ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

- ☐ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

- ☐ Count VIII: Negligence (Against Imerys Talc)

- ☐ Count IX: Negligence (Against the Johnson & Johnson Defendants)

- ☐ Count X: Negligence (Against PCPC)

- ☐ Count XI: Negligent Misrepresentation (Against the Johnson &

        Johnson Defendants)

☐      Count XII: Fraud (Against the Johnson & Johnson Defendants)

☐      Count XIII: Fraud (Against PCPC)

☐      Count XIV: Violation of State Consumer Protection Laws of the State of _____ (Against the Johnson & Johnson Defendants).

☐      Count XV: Fraudulent Concealment (Against Imerys Talc)

☐      Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐      Count XVII: Fraudulent Concealment (Against PCPC)

☐      Count XVIII: Civil Conspiracy (Against All Defendants)

☐      Count XIX: Loss of Consortium (Against All Defendants)

☐      Count XX: Punitive Damages (Against All Defendants)

☐      Count XXI: Discovery Rule and Tolling (Against All Defendants)

☐      Count XXII: Wrongful Death (Against All Defendants)

☐      Count XXIII: Survival Action (Against All Defendants)

☐      Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements

of the Federal Rules of Civil Procedure. _____

_____

_____

_____

_____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated:_____                                          Respectfully Submitted by,

_____

_____
**Counsel for Plaintiff(s)**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>_____,<br><br>                    Plaintiff,<br>v.<br><br>_____,<br><br>                    Defendants. | **MDL NO. 16-2738 (FLW) (LHG)**<br>**JUDGE FREDA L. WOLFSON**<br>**MAG. JUDGE LOIS H. GOODMAN**<br><br>COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: _____<br><br>DIRECT FILED ACTION |

14