**Drinker Biddle & Reath LLP**

Susan M. Sharko
973-549-7350
susan.sharko@dbr.com

Law Offices

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC

February 15, 2017

**VIA ECF**

The Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building
 & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*
MDL No. 2738

Dear Judge Wolfson:

I am writing to advise the Court of a dispute between the parties in two cases pending in this MDL proceeding: *Dysart v. Johnson & Johnson*, No. 3:16-cv-08564, and *Lovato v. Johnson & Johnson*, 3:16-cv-07427. The Johnson & Johnson defendants filed motions to dismiss for lack of personal jurisdiction in *Dysart* and *Lovato* on December 15 and December 23, respectively. The deadline for plaintiffs' opposition briefs has long passed, but they refused to file any responsive briefs on the ground that the motions to dismiss should be put off until plaintiffs' motions to remand are resolved by the Court. According to plaintiffs, resolution of the pending remand motions in their favor could moot the arguments set forth in defendants' motions to dismiss.

Defendants respectfully submit that the proper course is to adjudicate the motions to dismiss because if those motions are granted, it would moot plaintiffs' remand motions. Numerous courts are in accord. *See, e.g.*, *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1045-46 (N.D. Ill. 2016) (deciding personal jurisdiction before assessing its subject-matter jurisdiction because the former was "more straightforward and [did] not present a 'complex question of state law,'" while the latter was "'rather complicated'" due to the fraudulent misjoinder issue) (citations omitted); *Addelson v. Sanofi S.A.*, No. 4:16-cv-01277-ERW, 2016 WL 6216124, at *7-9 (E.D. Mo. Oct. 25, 2016) (deciding personal jurisdiction first where "[t]he personal jurisdiction question [was] straightforward, while the issue of subject matter jurisdiction [was] more complicated, due to the doctrine of fraudulent misjoinder"); *see also Bernstein v. Stiller*, No. 09-659, 2013 U.S. Dist. LEXIS 90760, at *7 (E.D. Pa. June 27, 2013) ("The straightforward nature of the personal jurisdiction question here, when compared to the complicated question of subject-matter jurisdiction, weighs in favor of addressing personal jurisdiction first."); *Scott v. Kerry*,

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

Established 1849

87669313.1
212159/548737

DrinkerBiddle&Reath
LLP

Honorable Freda L. Wolfson
February 15, 2017
Page 2

No. 15-5983, 2016 U.S. Dist. LEXIS 164873, at *4, *6 n.1 (E.D. Pa. Nov. 30, 2016) (deciding personal jurisdiction question first where federal question issue presented "a considerably more complex inquiry that determining whether we have personal jurisdiction over [defendant]").

In short, the Johnson & Johnson defendants respectfully request that plaintiffs be required to promptly submit any responsive briefs should they wish to oppose the pending motions to dismiss.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

*s/ Susan M. Sharko*

Susan M. Sharko

cc: All Counsel of Record (via ECF)

87669313.1
212159/548737