

*A Professional Corporation*

**HOUSTON**
The Lanier Law Firm, PC
6810 FM 1960 West
Houston, TX 77069
Post Office Box 691448
Houston, TX 77269
(713) 659-5200
Fax (713) 659-2204

**LOS ANGELES**
The Lanier Law Firm, PC
Suite 1940
Los Angeles, CA 90067
(310) 277-5100
Fax (310) 277-5103

**NEW YORK**
The Lanier Law Firm, PLLC
Tower 56
126 East 56th Street
6th Floor
New York, NY 10022
(212) 421-2800
Fax (212) 421-2878

lanierlawfirm.com

February 16, 2017

The Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re:   In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation**
**MDL No. 2738**

Dear Judge Wolfson,

The undersigned law firm represents the Plaintiffs in the *Dysart v. Johnson & Johnson* matter and writes this response to the open letter to the Court from the Johnson & Johnson Defendants ("J&J").

The Court's December 22, 2016 Consent Order to Amend Case Management Order No. 1 (Dkt. # 79) states that with the consent of J&J "to the form, substance and entry of this Order . . . the filing deadlines and briefing schedule set forth in Paragraph 10(b) of Case Management Order #1 with respect to the filing of Motion to Dismiss is hereby suspended." Plaintiffs read this order as suspending the filing and responses to *all* motions to dismiss, including both J&J and Imerys' Motions to Dismiss (3:12-cv-08564, Dkt. #62 and 63).

On February 1, 2017, counsel for J&J informed Plaintiffs they had missed the deadline for responding to J&J's Motions to Dismiss. Counsel for Plaintiffs disagreed with that contention based upon the Court's December 22, 2016 Order. Nevertheless, Plaintiffs attempted to resolve the dispute without involving the Court by proposing to put off briefing motions to dismiss until the Plaintiffs' Motion to Remand (Dkt. #50) is resolved. Plaintiffs' proposal is consistent with this Court's instructions concerning potential severance of bundled complaints and the resulting requirement of filing new short form complaints, which would obviate all personal jurisdiction issues raised in J&J's Motion to Dismiss. J&J never responded to Plaintiffs' proposal, and instead filed their February 15, 2017, letter to the Court without a complete account of Plaintiffs' position.

The remand motion at issue in this case is extremely straightforward. The primary issue for the Court is whether J&J's removal is timely. J&J's only argument against timeliness is that Plaintiffs have introduced a "new document" that allows them to remove after the time restrictions imposed by the Rules of Civil Procedure. However, the new document is an amended petition that adds Plaintiffs from States that were already represented in the petition. Therefore, the Court must simply decide if Plaintiffs' amended petition adds new facts that would allow J&J to remove outside the time restrictions. Plaintiffs believe that the Court will not need to reach the issue of personal jurisdiction nor should it. Defendants' citation to very limited case law does not command the result they seek. In fact, other courts

1

have cast doubt on the analysis in the case law J&J cites to. *See e.g., Hall v. Bayer Corp.,* No. 4:16-cv-1523, 2017 WL 86011, at *2 (E.D. Mo. Jan. 10, 2017); finding that a joinder of claims similar to those at issue here was a simple enough inquiry for the court to first determine subject matter jurisdiction).

One purpose of an MDL, as stated on the JPML court website, is "to conserve the resources of the parties, their counsel and the judiciary." J&J's actions indicate that it has no intention of conserving the resources of the parties, their counsel and the judiciary, and instead wishes to bury Plaintiffs in unnecessary and redundant motion practice, all the while preventing this case from returning to its proper forum.

Finally, counsel for Plaintiffs and J&J have already agreed on a new briefing schedule for responding to J&J's Motions to Dismiss in the event this Court wishes to take up the Motions to Dismiss. Strangely, J&J omitted that fact in their letter brief. Nevertheless, Plaintiffs respectfully request that the Court suspend the deadline for responding to J&J's Motions to Dismiss, and stay consideration of those Motions pending its ruling on Plaintiffs' Motion to Remand.

Very truly yours,
**THE LANIER LAW FIRM, PC**

/s Catherine Heacox

Catherine Heacox, Esq.
*New York Office*

Michael Akselrud, Esq.
*Los Angeles Office*

Richard Meadow, Esq.
*Houston Office*

cc: All Counsel of Record (via ECF)

2