## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------

IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION

:
:
:
:
:
:
:
:
:

Civil Action No. 3:16-md-2738-FLW-LHG

MDL No. 2738

------------------------------------------------

## PROPOSED JOINT AGENDA AND REPORT FOR MARCH 28, 2017
## STATUS CONFERENCE

### I.   STATUS OF PLEADINGS

On March 15, 2017, the Court granted Plaintiffs leave to file a First Amended Master Long Form Complaint and modified deadlines related to responsive pleadings. Plaintiffs filed the First Amended Master Long Form Complaint on March 16, 2017.

### II.   STATUS OF DISCOVERY (Discovery Taken/Requested/Set since last Case Management Conference)

#### a.   Johnson & Johnson Defendants

#### A. Depositions

**Johnson & Johnson Defendants' Position:** The J&J defendants have agreed to plaintiffs' request for the deposition of Dr. Joanne Waldstreicher to be taken jointly in the MDL and the Missouri state court litigation.  Defendants object to multiple depositions of witnesses.

**Plaintiffs' Position:**  Plaintiffs in the Missouri State Court litigation have noticed the deposition of Dr. Joanne Waldstreicher for April 19, 2017. Plaintiffs in

the MDL intend to cross notice this deposition so as to be able to attend and participate at the deposition. Due to the status of the document productions and ongoing requests for documents, Plaintiffs reserve the opportunity to take a supplemental (non-duplicative) deposition of Dr. Waldstreicher as may be needed based upon the production of documents and other discovery to occur subsequent to the presently scheduled April 19, 2017 deposition of Dr. Waldstreicher. Accordingly, Plaintiffs' appearance and participation at the April 19, 2017 deposition is not to be construed as a waiver of Plaintiffs' right to depose that witness in the future.

### B. Discovery Requests in Missouri

**Johnson & Johnson Defendants' Position:** On March 15, 2017, the Special Master overseeing the talc litigation in St. Louis conducted a hearing at which he considered the Lanier Law Firm's Motions to Compel answers to the plaintiffs' second set of interrogatories (17 interrogatories), fourth requests for production (31 RFP's), and first set of requests for admission (47 RFAs). At the hearing, defense counsel advised the Special Master that discussions about the scope of additional discovery were taking place in the context of the MDL (including with the Lanier Law Firm). The plaintiffs' counsel encouraged the Special Master to move forward with rulings. At the conclusion of this hearing, the Special Master stated he would issue rulings on the Johnson & Johnson Defendants' objections to these additional discovery requests. On March 16, 2017, one day after the hearing with the Special Master, the plaintiffs' counsel (the Lanier Law Firm) served the Johnson & Johnson Defendants with a fifth round of Requests for Production (86 RFP's). Defendants have not yet responded to these 86 new, additional RFP's.

**Plaintiffs' Position**: On March 15, 2017, the Special Master overseeing the talc litigation in St. Louis conducted a hearing at which he considered the Lanier Law Firm's (1) Motion to Compel Further Responses and (2) Motion to Compel Compliance. The Motion for Compliance relates to J&J's failure to comply with the Special Master's rulings after an October 2016 hearing on a set of discovery propounded by Plaintiffs in the Summer of 2016 that specifically deal with Dr. Joanne Waldstreicher and other comments made by J&J representatives on the J&J blog. Seeing that the parties could not agree to a solution, the Special Master decided to rule on J&J's objections. The Motion to Compel Further Responses deals with J&J's responses to Plaintiffs' first round of substantive discovery (as all prior requests dealt with production of materials already produced in other state court cases). Since the responses contained only objections and because J&J refused to engage in any meet and confer efforts, the Special Master decided to

rule on J&J's objections. The Lanier Law Firm has since propounded another set of document requests (second round of substantive discovery) clarifying some of the requests that J&J took issue with in the prior round and seeking discovery not previously requested.

## C. Discovery Requests in the MDL

- Litigation Hold:

  On March 18, 2017, the Johnson & Johnson Defendants provided Plaintiffs the date the litigation hold notice was issued in connection with the first talc ovarian cancer lawsuit.

- Rule 26 Disclosures:

  **Johnson & Johnson Defendants' Position:** The Johnson & Johnson Defendants provided responses to Plaintiffs' Request for Rule 26 Disclosures on March 24, 2017.

  **Plaintiffs' Position:** J&J Defendants had agreed to provide Rule 26 Disclosures by March 17, 2017.  Defendants provided these Disclosures on March 24, 2017.  Plaintiffs have not had opportunity to review them.

- Copies of Written Discovery:

  **Johnson & Johnson Defendants' Position:** The Johnson & Johnson Defendants provided Plaintiffs with copies of all responses to written discovery previously served in the talc litigation on March 24, 2017.

  **Plaintiffs' Position:** J&J Defendants produced to Plaintiffs copies of responses to written discovery previously served in the state talc litigation on March 24, 2017, and Plaintiffs have not had opportunity to review this information.

- Custodial Files:

  The Johnson & Johnson Defendants reviewed the lists of former and current employees and are working on identifying and confirming the titles of these employees.  They are also working to determine/confirm whether the files of these employees have been produced in the talc litigation.  The Johnson &

Johnson Defendants anticipate that they will be done collecting this information and will be able to provide it to Plaintiffs by April 15, 2017.

- Third Party Documents:

  The Johnson & Johnson Defendants are considering Plaintiffs' request for information related to third party documents. Defendants understand this request to relate to documents relevant to issues in this litigation that are in the possession or control of the Johnson & Johnson Defendants, but are held by a third party.

- Discovery Requests by Plaintiffs:

  **Johnson & Johnson Defendants' Position:** The Johnson & Johnson Defendants respectfully request that Plaintiffs be ordered to serve pared down discovery demands by April 30, 2017 so that the parties and this Court can focus on the central issue in this litigation, general causation.

  **Plaintiffs' Position:** Defendants provided the Rule 26 Disclosures on March 24, 2017. Plaintiffs will review these Disclosures in an effort to streamline discovery requests.

- Search Terms:

  The Johnson & Johnson Defendants provided information regarding search terms used during the various state productions on March 8, 2017. These terms included 10 search terms from the initial document collection and 10 terms from the modified search in 2016.

- Documents Produced in Other Talc Cases:

  **Johnson & Johnson Defendants' Position:**  The Johnson & Johnson Defendants believed Plaintiffs had access to documents previously produced by them in other talc cases including directly to Ms. O'Dell's law firm, Beasley Allen, such that a supplemental production was not necessary in this MDL, based on the discovery meet and confer calls that have taken place to date.  The Johnson & Johnson Defendants reached out to Plaintiffs' counsel to confirm whether Plaintiffs have access to these documents, and since Plaintiffs responded that they do not have access, the Johnson & Johnson Defendants will produce these documents the week of March 27th.

**Plaintiffs' Position**: The Plaintiffs' Steering Committee does not have access to the productions made in the state court litigation. Plaintiffs have confirmed this by email to Defendants and have requested that the productions made in state court be made in the MDL.

**b. <u>Imerys Talc America, Inc.</u>**

**Plaintiffs' Position:** The parties had a meet and confer on March 24, 2017, to discuss the status of the following topics:

- <u>Litigation Hold:</u> Imerys has provided the dates it issued litigation holds.

- <u>Rule 26 Disclosures:</u> Imerys produced Rule 26 Disclosures on March 22, 2017.

- <u>Written Discovery</u>:  Imerys has provided Plaintiffs with copies of all Discovery Responses it has served in any state court ovarian cancer talc matter.

- <u>Custodial Files:</u> Imerys has reviewed their lists of custodial files to determine/confirm whether the files of these employees have been produced. They have confirmed that full custodial files from an earlier collection of 20/21 people on a list attached as Exhibit A to Plaintiffs' February 8th correspondence have been provided. Imerys has not confirmed that Plaintiffs have a full custodial file for three additional custodians and will continue to research and advise whether the files of these custodians have been fully produced in the talc litigation.

- <u>Search Terms:</u> Imerys provided information regarding search terms used during the individual state productions on March 2, 2017. Imerys's list included 111 search terms.

**Defendant Imerys' Position**

In addition to the above items, Imerys notes that it has provided Plaintiffs with a hard drive containing all documents it has produced to date in any ovarian cancer talc matter. This hard drive contained 77, 330 documents totaling 355,356

pages. Further, Imerys has also provided via CD and FTP link, all discovery responses it has served in any ovarian cancer talc matter. To date, Imerys has responded to 254 Interrogatories, with an additional 218 subparts, 224 Requests for Production with an additional 21 subparts and 34 Requests for Admission. Imerys will continue to meet and confer with Plaintiffs to determine what additional information they may require.

### c. <u>Personal Care Products Council</u>

PCPC and Plaintiffs held a meet and confer on March 23, 2017.

**Plaintiffs Position:** On March 15, 2017, the Court approved an extension of time for Plaintiffs' to respond to PCPC's Motion to Dismiss Plaintiffs' Master Long Form Complaint. On March 16, 2017, Plaintiffs filed their First Amended Master Long Form Complaint. Plaintiffs believe that the filing of the First Amended Master Long Form Complaint moots PCPC's pending Motion to Dismiss that was directed at a pleading that has now been superseded. In the event PCPC does not file a new Motion to Dismiss directed to Plaintiffs' First Amended Master Long Form Complaint, Plaintiffs will be prepared to file an opposition to PCPC's Motion to Dismiss on the due date set prior to the filing of the First Amended Master Long Form Complaint, but with citation to the facts and allegations contained in Plaintiffs' First Amended Master Long Form Complaint.

**PCPC's Position**: In an attempt to survive PCPC's Motion to Dismiss, on March 16, 2017, Plaintiffs filed an Amended Master Complaint, which Plaintiffs contend supersedes all prior complaints. As a result, PCPC will withdraw its pending Omnibus Motion to Dismiss and file an Omnibus Motion to Dismiss the Amended Master Complaint.

There is an issue regarding which Plaintiffs are making claims against PCPC and when PCPC should file its Omnibus Motion to Dismiss the Amended Master Complaint. When PCPC filed its Omnibus Motion to Dismiss on February 6, 2017, only approximately 5% of Plaintiffs had named PCPC as a defendant. It will not be clear until each Plaintiff files a Short Form Complaint which Plaintiffs will be pursuing claims against PCPC and what their claims may be. Accordingly, although PCPC would prefer to have an earlier resolution of its motion, it may not be practicable for PCPC to file its Omnibus Motion to Dismiss the Amended Master Complaint until after each Plaintiff files a Short Form Complaint.

## III.   *DAUBERT* HEARINGS ON GENERAL CAUSATION

**Defendants' Position**:  Defendants propose that a date for *Daubert* hearings on general causation be set for October 2017, and the parties can then meet and confer on a schedule for the necessary expert discovery leading up to that date.

**Plaintiffs' Position**: For a number of reasons, Plaintiffs believe that it is premature to consider scheduling *Daubert* proceedings in October 2017 as the issue will not be ripe for consideration at that time. Johnson & Johnson Defendants produced Rule 26 Disclosures on March 24, 2017. Defendant Imerys produced their Rule 26 Disclosures on March 22, 2017. Document productions have only recently begun. On March 9, 2017, Imerys produced the state court production for use in the MDL. On March 24, 2017, PCPC produced the state court production for use in the MDL.  Johnson & Johnson Defendants have not produced the state court productions.  An October *Daubert* date is not reasonable considering the discovery responsibilities of the parties.

## IV.   STATUS OF DISCOVERY ORDERS

### Preservation Order

**Defendants' Position:**  There is one item in dispute in the Preservation Order: whether there should be a provision in the Order setting forth a specific time period for Plaintiffs to send letters to treating physicians requesting that pathology and medical records be preserved.  Given the passage of time, important records may not be preserved by healthcare providers.  To avoid a spoliation claim, Plaintiffs should be required to take affirmative and documented steps now to preserve all such records and pathology samples.

**Plaintiffs' Position:**  The parties have met and conferred on a Preservation Order that addresses Defendants duty to preserve documents and other materials within its possession.  Plaintiffs have agreed to provisions that require preservation of documents within their possession.  As noted below, Plaintiffs have proposed a comprehensive Pathology Protocol to ensure the preservation of pathologic evidence and the attendant records associated with pathology.  Defendants have insisted that Plaintiff's counsel in individual cases be required to send letters to all of Plaintiff's healthcare providers requesting that medical records be preserved within 14 days of the date of the order or the filing of a complaint. The law imposes no such requirement and doing so, would be unduly burdensome and impractical.

**Pathology Protocol**

Plaintiffs and Defendants have exchanged drafts of a proposed Pathology Protocol. On March 22, 2017, Defendants submitted to Plaintiffs their edits. Plaintiffs provided an edited version to Defendants on March 24, 2017.

**ESI Protocol**

Plaintiffs sent Defendants a revised ESI Protocol on Monday, March 13th ("ESI Protocol").  Defendants had been working off of the Chakalos Protocol that was previously revised and proposed by Plaintiffs ("revised Chakalos Protocol"). The parties had a call on March 23, 2017, to discuss with Plaintiffs' ESI experts and attorneys how the ESI Protocol differs from the revised Chakalos Protocol so that the parties can expeditiously work out an agreed upon protocol to submit to the Court.  A second call is scheduled for March 24, 2017.

## V.   *HOLLIDAY* STIPULATION OF DISMISSAL

**Defendants' Position:**   On March 6, 2017, plaintiffs in *Holliday, et al. v. Johnson & Johnson, et al.*, Docket No. 3:16-cv-09507, filed a stipulation of dismissal without prejudice pursuant to FED. R. CIV. P. 41(a).   FED. R. CIV. P. 41(a)(1)(A)(i) permits a plaintiff to dismiss an action without prejudice without a court order by filing "a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment".   The Johnson & Johnson Defendants filed an Answer to Plaintiffs' Complaint on December 6, 2016. Therefore, the stipulation of dismissal was improperly filed without Defendants' consent, and the action should not be dismissed at this time.

**Plaintiffs Position:** Co-Lead Counsel have communicated with counsel of record in the *Holliday* matter.  Plaintiffs previously filed a Notice of Dismissal which Plaintiffs will withdraw the Notice of Dismissal.  Johnson and Johnson filed a Motion to Dismiss on January 26, 2017.  The parties previously had agreed to have an extension of time for Plaintiffs to file an opposition until April 3, 2017. Plaintiffs will file an opposition by the agreed upon date.

## VI.   WHETHER PLAINTIFFS' COUNSEL MAY WITHDRAW AND THE PROCEDURE TO FOLLOW

**Defendants' Position:**  Motions to withdraw as counsel leave the defendants and the Court to deal with recalcitrant or uncommunicative pro se plaintiffs.  Defendants submit that motions to withdraw should be routinely denied as in the Benicar litigation. Transcript, *In re: Benicar (Olmesartan) Prods. Liab.* 14:16-19 (Apr. 18, 2016).  This issue has been raised in the litigation in *Johanson* case where on March 17 counsel for plaintiffs asked our consent to his motion to withdraw.

**Plaintiffs' Position:** Plaintiffs are not aware of any motions to withdraw related to individual plaintiffs having been filed. This issue should be handled on a case-by-case basis.

## VII.   REPORT ON THE FEDERAL COURT DOCKET

As of March 20, 2017:

    a.   There are currently <u>196 cases</u> pending in the MDL in which the Johnson & Johnson Defendants have been served (and have opened case nos.), totaling <u>1059 Plaintiffs</u> (including 745 <u>Plaintiffs</u> in <u>12 multi-plaintiff</u> cases from cases removed from Missouri state court, <u>101 Plaintiffs</u> in *Harders* removed from Illinois state court, and <u>15 Plaintiffs</u> in *Lovato* removed from New Mexico state court, 2 Plaintiffs in *Robb* removed from Oklahoma state court and 15 plaintiffs from the *Crenshaw* case from the Middle District of Georgia).

    b.   There are 8 additional multi-plaintiff cases pending in E.D. Mo. that have been removed from MO state court (totaling <u>513 plaintiffs</u>) in which Plaintiffs filed motions to remand and opposed the CTO, but the JPML has not yet considered those cases. Two other cases were removed to the Eastern District of Missouri *Lewis (*26 plaintiffs*)* and *Hensley* (76 plaintiffs).

    c.   In total, including the 8 multi-plaintiff cases removed from Missouri state court, that the JPML has not yet considered, there are 2085 plaintiffs from multi-plaintiff cases filed in MO and

*Harders* (1,104 plaintiffs from just the MO cases and not *Harders*).

    **d.** There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL but would not greatly affect the number absent the plaintiffs in the multi-plaintiff cases.

## VIII.  STATE COURT LITIGATION

As of March 20, 2017:

**California:**  There are 118 cases with 472 plaintiffs in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877.  These cases are assigned to Judge Maren E. Nelson.  Judge Nelson recently held Science Day on March 7, 2017.  The first trial date is July 3, 2017.  Sargon (the state court equivalent of *Daubert*) science hearings are scheduled for June 5, 2017 through June 9, 2017.  The next status conference is April 3, 2017.

**Delaware:**  There are currently 24 cases with more than 96 Plaintiffs.  Plaintiffs filed a Motion for Consolidation in November 2016, but it has not been ordered by the Court.  All of the Delaware cases are pending before Hon. Charles E. Butler.  Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction on January 19, 2017.  Plaintiffs served jurisdictional discovery on January 31, 2017

**Missouri:**  There are currently 22 cases with 1411 plaintiffs pending before several judges in the 22nd Judicial Circuit Court, St. Louis (City), Missouri.  Trial in the case of *Daniels v. Johnson & Johnson, et al.* started before Judge Rex Burlison on February 9, 2017 and resulted in a defense verdict on March 3, 2017.  Trial in the case of *Slemp v. Johnson & Johnson, et al.* is scheduled to begin before Judge Rex Burlison on April 10, 2017.  Appeals are pending from judgments entered in the *Jacqueline Fox* and *Gloria Ristesund* cases (individual claims filed in the multi-plaintiff *Tiffany Hogans* matter).

**New Jersey:**  There are currently 201 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300.  The cases are currently stayed for

discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, with the exception of cases where *in extremis* plaintiffs have chosen to proceed for the limited purpose of preserving their testimony in anticipation of their death.

**District of Columbia**:  There is one case pending in Superior Court of the District of Columbia:  *Lori Oules v. Johnson & Johnson , et al.* (2014 CA 8327B) which is pending before Judge Brian Holeman.  The *Oules* case is set for trial on July 10, 2017.

**Illinois:** There are 3 cases pending Illinois state court before Judge William Mudge.

## IX.    STATUS OF PENDING MOTIONS

a.  For the status of motions pending in individual cases, please see Exhibit 1 attached to this Joint Report.

b.  The December 22, 2016 motion to dismiss filed by the Johnson & Johnson Defendants in the *Estrada* Consumer Class case is currently pending. No other motions are pending with regard to the Consumer Class Cases.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.

JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone:  713-227-8008
Facsimile:  713-227-9508
Email:  gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Lorna A. Dotro*
Lorna A. Dotro
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone:  973-631-6016
Facsimile:  973-267-6442
Email: ldotro@coughlinduffy.com

*s/Sheryl Axelrod*
Sheryl Axelrod
THE AXELROD LAW FIRM, PC
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone:  215-461-1768
Facsimile:  215-238-1779
Email: saxelrod@theaxelrodfirm.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP

4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

*s/Timothy G. Blood*
Timothy G. Blood
BLOOD HURST &
O'REARDON LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619-338-1100
Facsimile: 619-338-1101
tblood@bholaw.com

**EXHIBIT 1**

**STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Sonia Dolinger v. Johnson & Johnson, et al.* | 3:16-cv-09485 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed January 26, 2017.  Fully briefed. |
| *Patricia Dysart v. Johnson & Johnson, et al.* | 3:16-cv-08564 | Johnson & Johnson Defendants' Motion to Dismiss 89 Plaintiffs' Claims for Lack of Personal Jurisdiction filed December 15, 2016.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed December 15, 2016. Fully briefed.<br><br>Plaintiffs' Motion to Remand filed December 15, 2016.  Fully briefed. |
| *Charles Fenstemaker, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07418 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff Charles Fenstemaker's Claims for Lack of Personal Jurisdiction filed December 23, 2016.  Fully briefed. |
| *Bridget Graves v. Johnson & Johnson, et al.* | 3:16-cv-08672 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed December 23, 2016.  Fully briefed. |
| *Odell Holliday v. Johnson & Johnson, et al.* | 3:16-cv-09507 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed January 26, 2017. |

Case 3:16-md-02738-MAS-RLS   Document 142   Filed 03/24/17   Page 15 of 18 PageID: 2354

|  |  | Plaintiffs improperly filed a Voluntary Stipulation of dismissal on March 6, 2017.  Defendants filed a letter to the Court informing the Court that the dismissal was improperly filed on March 8, 2017 and requested to be heard on the issue. Plaintiffs will be withdrawing their Notice of Voluntary Dismissal.<br><br>Johnson and Johnson filed a Motion to Dismiss on January 26, 2017.   The parties previously had agreed to have an extension of time for Plaintiff to file an opposition until April 3, 2017.  Plaintiffs will file an opposition by the agreed upon date. |
| *Angela Lovato, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07427 | Johnson & Johnson Defendants' Motion to Dismiss Eleven Plaintiffs' Claims for Lack of Personal Jurisdiction filed December 23, 2016.  Motion has not been opposed.<br><br>Defendant Ethicon Endo-Surgery, Inc.'s Motion to Dismiss Plaintiffs' Claims for Lack of Personal Jurisdiction and Failure to State a Claim filed December 23, 2016.  Motion has not been opposed. |
| *Bridget McBride v. Johnson & Johnson, et al.* | 3:16-cv-07891 | Plaintiff's Motion to Remand filed December 16, 2016.  Fully briefed. |
| *Robert Gendelman v. Johnson & Johnson, et al.* | 3:17-cv-00461 | Plaintiff's Motion to Remand filed January 31, 2017.   Defendants' Opposition was filed February 21, 2017. Plaintiffs' reply is due March 17, 2017. |
| *Christine Harders, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00726 | Plaintiffs' Motion to Remand filed February 9, 2017.   Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017. |

| | | |
|---|---|---|
| | | Defendants' Motion to Dismiss filed March 6, 2017. Plaintiffs' Opposition is due April 5, 2017. Defendants' reply is due April 19, 2017. |
| *Mary Gallow, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00790 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Wynester Logan, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00797 | Plaintiffs' Motion to Remand filed February 10, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 29, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Farrah Starks, et al. v. Johnson & Johnson et al.* | 3:17-cv-00792 | Plaintiffs' Motion to Remand filed February 10, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 29, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Kelly Frazier, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00793 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is |

| | | due April 24, 2017. |
|---|---|---|
| *Kimberly Carney, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00796 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Deanna Valle, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00798 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Joyce Williams, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00799 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Janice Bahmler, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00800 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition is due April 10, 2017. Defendants' reply is due April 24, 2017. |
| *Lisa Eveland, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00794 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. |

| | | |
|---|---|---|
| | | Plaintiffs' reply is due March 28, 2017.<br><br>Defendants' Motion to Dismiss filed March 9, 2017.  Plaintiffs' Opposition is due April 10, 2017.  Defendants' reply is due April 24, 2017. |
| *Grace Watkins v. Johnson & Johnson, et al.* | Docket No. 3:17-cv-01155 | Defendants' Motion to Dismiss filed March 23, 2017.  Plaintiffs' Opposition is due April 24, 2017.  Defendants' Reply is due May 8, 2017. |

88185879.1