Lorna A. Dotro, Esq.
Mark K. Silver, Esq.
**COUGHLIN DUFFY LLP**
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
(973) 267-0058

Nancy M. Erfle, Esq.
**Gordon Rees Scully Mansukhani, LLP**
121 SW Morrison St., Suite 1575
Portland, OR 97204
Phone: (503)382-3852
*Attorneys for Defendant Imerys Talc America Inc. ("Imerys")*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Docket. No. 3:16-md-2738-FLW-LHG<br><br>Civil Action<br><br>**IMERYS TALC AMERICA, INC. f/k/a LUZENAC AMERICA INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED MASTER LONG FORM COMPLAINT AND JURY DEMAND** |

Defendant Imerys Talc America Inc., f/k/a Luzenac America, Inc. ("Imerys"), for its response to Plaintiffs' First Amended Master Long Form Complaint ("Amended Master Complaint") states and answers as follows:

## FIRST RESPONSE TO "INTRODUCTORY PARAGRAPHS"

The Introductory Paragraphs of the Amended Master Complaint state legal conclusions to which no answer is required.  To the extent a response may be required, Imerys admits that Plaintiffs seek damages and other relief.  Imerys denies liability for any injuries or damages alleged in the Amended Master Complaint and further denies the remaining allegations contained in the Introductory Paragraphs of the Amended Master Complaint.

## FIRST RESPONSE TO "PARTIES"

1.      Pursuant to CMO-1, this Answer is a Master Answer filed on behalf of Imerys to Plaintiffs' Amended Master Complaint and, by operation of CMO-1 and CMO-4, all responding paragraphs and defenses pleaded herein are deemed pleaded in any individual plaintiff case by way of a  "Notice of Appearance" filed in lieu of a "Short-Form" Answer.

2.      Paragraph 2 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys denies liability for any injuries or damages alleged in the paragraph and further denies the remaining allegations in paragraph 2 of the Amended Master Complaint.

3.      The allegations contained in Paragraph 3 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Master Complaint.

4.      The allegations contained in Paragraph 4 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Master Complaint.

5.      The allegations contained in Paragraph 5 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Master Complaint.

6.      The allegations contained in Paragraph 6 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Master Complaint.

7.      The allegations contained in Paragraph 7 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Master Complaint.

8.      The allegations contained in Paragraph 8 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Master Complaint.

9.      Imerys admits that it is a Delaware Corporation and that it maintains its principal place of business in San Jose, California.  Imerys also admits that it may be served through The Corporation Trust Company, located at 1209 Orange Street, Wilmington, DE 19801.  Imerys further admits that Imerys Talc America Inc. was formerly known as Luzenac America, Inc. Imerys denies the remaining allegations in paragraph 9 of the Amended Master Complaint.

10.      Imerys admits that it has mined from the earth certain talc which is used in certain cosmetic products. Imerys further admits that it was formerly named Luzenac America, Inc.  Imerys denies the remaining allegations in paragraph 10 of the Amended Master Complaint.

11.     Certain allegations contained in Paragraph 11 of the Amended Master Complaint are directed against other Defendants.   As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of those allegations in paragraph 11 of the Amended Master Complaint.  Imerys admits that it is an associate member of the Personal Care Products Council (formerly known as the CTFA).  Imerys denies any remaining allegations in paragraph 11 of the Amended Master Complaint directed to Imerys.

12.     The allegations contained in Paragraph 12 of the Amended Master Complaint are directed against other Defendants.    Imerys admits PCPC is a national trade association and that it is an associate member of the Personal Care Products Council (formerly known as the CTFA). Imerys denies  the remaining allegations in paragraph 12 of the Amended Master Complaint.

13.     The allegations contained in Paragraph 13 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Master Complaint.

14.     The allegations contained in Paragraph 14 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Master Complaint.

### FIRST RESPONSE TO "JURISDICTION AND VENUE"

15.     Paragraph 15 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys admits that, on the face of the Complaint, the amount in controversy exceeds $75,000, which upon information and belief is the required jurisdictional minimum of this Court, and that the Court has jurisdiction

pursuant to 28 U.S.C. §1332.  Imerys denies any remaining allegations in paragraph 15 of the Amended Master Complaint.

16.     Paragraph 16 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys admits that, on the face of the Complaint, the amount in controversy exceeds the jurisdictional minimum of this Court.

17.     Paragraph 17 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys denies the allegations contained in paragraph 17 of the Amended Master Complaint.

18.     Paragraph 18 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys denies the allegations contained in paragraph 18 of the Amended Master Complaint.

## FIRST RESPONSE TO "FACTUAL ALLEGATIONS"

## FIRST RESPONSE TO "Overview of Talc"

19.      Imerys admits that talc is an inorganic material that is mined from the earth. Imerys denies the remaining allegations in paragraph 19 of the Amended Master Complaint.

20.     Imerys admits that talc is utilized in a wide array of industrial, commercial and cosmetic products and that talc is an ingredient in talcum powders.  Imerys denies the remaining allegations in paragraph 20 of the Amended Master Complaint.

21.     Imerys denies the allegations contained in paragraph 21 of the Amended Master Complaint.

22.     Imerys admits that at times it has mined from the earth certain talc which is used in certain cosmetic products.  Imerys denies the remaining allegations contained in paragraph 22 of the Amended Master Complaint.

23.     Imerys denies the allegations in paragraph 23 of the Amended Master Complaint.

24.     Imerys admits that it provides Material Safety Data Sheets with the talc to its customers, the contents of which speak for themselves. To the extent Plaintiffs' allegations in paragraph 24 differ from the information contained in the Material Safety Data Sheets, those allegations are denied. Imerys denies the remaining allegations in paragraph 24of the Amended Master Complaint.

25.     The allegations contained in Paragraph 25 thereof are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Master Complaint.

26.     The allegations contained in Paragraph 26 thereof are directed against other Defendants.  As such, Imerys is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Master Complaint.

27.     Imerys admits that it mines raw talc, but denies that it designed, manufactured, marketed, advertised, distributed, or sold the products at issue in this case.  Imerys denies the remaining allegations in paragraph 27 of the Amended Master Complaint.

**FIRST RESPONSE TO "Strong Clinical Evidence Links Talc Use To Ovarian Cancer"**

28.     The allegations contained in Paragraph 28 of the Amended Master Complaint contain summaries and conclusions of a study.  Plaintiffs' characterization of this study does not

accurately reflect its methodology or conclusions and is misleading as interpreted by Plaintiffs, and therefore Imerys denies it.  The study being in writing, speaks for itself and to the extent Plaintiffs' allegations are inconsistent with the contents of the study, Imerys denies them. Imerys denies the remaining allegations in paragraph 28 of the Amended Master Complaint.

29.     The allegations contained in Paragraph 29 of the Amended Master Complaint contain summaries and conclusions of documents that are incorrect and taken out of context, and therefore Imerys denies them.  Imerys denies the remaining allegations in paragraph 29 of the Amended Master Complaint.

30.     The allegations contained in Paragraph 30 of the Amended Master Complaint contain summaries and conclusions of a study.  Plaintiffs' characterization of this study does not accurately reflect its methodology or conclusions and is misleading as interpreted by Plaintiffs, and therefore Imerys denies it. The study being in writing, speaks for itself and to the extent Plaintiffs' allegations are inconsistent with the contents of the study, Imerys denies them. As to the remainder of the events alleged in Paragraph 30, they are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Master Complaint.

31.     The allegations contained in Paragraph 31 of the Amended Master Complaint contain summaries and conclusions of documents that are incorrect and taken out of context. The document being in writing, speaks for itself and to the extent Plaintiffs' allegations are inconsistent with the contents of the document, Imerys denies them.  As to the remainder of the allegations in Paragraph 31, they are directed against other Defendants. As such, Imerys lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Master Complaint.

32.     (a-w). The allegations contained in Paragraph 32 of the Amended Master Complaint contain summaries and conclusions of studies.  Plaintiffs' characterization of these studies does not accurately reflect their methodology or conclusions and is misleading as interpreted by Plaintiffs, and therefore Imerys denies it. The studies being in writing, speak for themselves and to the extent Plaintiffs' allegations are inconsistent with the contents of the studies, Imerys denies them.  Imerys denies the remaining allegations in paragraph 32 of the Amended Master Complaint.

33.     The allegations contained in Paragraph 33 of the Amended Master Complaint contain summaries and conclusions of a study.  Plaintiffs' characterization of this study does not accurately reflect its methodology or conclusions and is misleading as interpreted by Plaintiffs, and therefore Imerys denies it. The study being in writing, speaks for itself and to the extent Plaintiffs' allegations are inconsistent with the contents of the study, Imerys denies them.  In addition, this paragraph is inaccurate as it does not take into account critical reviews of this study or contrary research, testing and results related to the subject of this study.  Talc was considered in the United States National Toxicology Program's $10^l$  Report on Carcinogens (RoC) and it was recommended by the NTP Board of Scientific Counselors not to list "talc (non-asbestiform)" in the 10th RoC. Indeed, in October 2005, the National Toxicology Program concluded that the existing scientific data, "provide inadequate characterization of the materials under study to reach definite conclusions concerning the specific substances responsible for the range of adverse health outcomes reported." *See* Federal Register, Vol. 70, No. 200, October 2005.  Further, there were no ovarian lesions in both species (rats and mice) studied in the two year toxicology and

8

carcinogenesis studies of talc by the United States National Toxicology Program.  Imerys denies the remaining allegations in paragraph 33 of the Amended Master Complaint.

34.    The allegations contained in Paragraph 34 of the Amended Master Complaint contain summaries and conclusions of events that are incorrect and taken out of context, and therefore Imerys denies them. Imerys admits that it is an associate member of the Personal Care Products Council (formerly known as the CTFA). Imerys admits that the CTFA formed the Talc Interested Party Task Force and that Johnson & Johnson Consumer Companies Inc. and Luzenac were members.  Imerys further states that The NTP Board of Scientific Counselors recommended not to list "talc (non-asbestiform)" in the 10th RoC Report.  Further, in October 2005, the NTP concluded that the existing scientific data "provide inadequate characterization of the materials under study to reach definite conclusions concerning the specific substances responsible for the range of adverse health outcomes reported."  *See* Federal Register, Vol. 70. No. 200 (Oct. 2005). Imerys denies the remaining allegations in paragraph 34 of the Amended Master Complaint.

35.    The allegations contained in Paragraph 35 of the Amended Master Complaint contain summaries and conclusions of events that are incorrect and taken out of context, and therefore Imerys denies them.  Imerys denies the remaining allegations in paragraph 35 of the Amended Master Complaint.

36.    Certain allegations contained in Paragraph 36 of the Amended Master Complaint are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of those allegations in paragraph 36 of the Amended Master Complaint.  Imerys admits that it is an associate member of the Personal Care Products

Council (formerly known as the CTFA).  Imerys denies the remaining allegations contained in paragraph 36 of the Amended Master Complaint.

37.     Imerys admits that the Cosmetics Ingredient Review ("CIR") has reviewed the safety of ingredients used in the cosmetic and personal care products industry.  Imerys further admits the CIR is an independent regulatory body. Imerys denies the remaining allegations contained in paragraph 37 of the Amended Master Complaint.

38.     Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Master Complaint.

39.     The allegations contained in Paragraph 39 of the Amended Master Complaint are directed against other Defendants.  As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of those allegations in paragraph 39 of the Amended Master Complaint.  Imerys admits that the CIR 2015 final report found talc to be safe as used in cosmetics.  Imerys denies the remaining allegations contained in paragraph 39 of the Amended Master Complaint.

40.     The allegations contained in Paragraph 40 of the Amended Master Complaint contain summaries and conclusions of events that are incorrect and taken out of context and therefore Imerys denies them.  Imerys denies the remaining allegations in paragraph 40 of the Amended Master Complaint.

41.     The allegations contained in Paragraph 41 of the Amended Master Complaint contain Plaintiffs' characterization of a letter, and the allegations do not accurately reflect this document, and therefore Imerys denies them. The letter, being in writing, speaks for itself and to

10

the extent Plaintiffs' allegations are inconsistent with the contents of the letter, Imerys denies them. Imerys denies the remaining allegations in paragraph 41 of the Amended Master Complaint.

42.     The allegations contained in Paragraph 42 of the Amended Master Complaint contain summaries and conclusions of events that are incorrect and taken out of context, and therefore Imerys denies them. Imerys denies the remaining allegations in paragraph 42 of the Amended Master Complaint.

43.     Imerys denies the allegations in paragraph 43 of the Amended Master Complaint.

44.     The allegations contained in Paragraph 44 of the Amended Master Complaint contain summaries and conclusions of a paper.  Plaintiffs' characterization of, and selective quotation from, this IARC paper does not accurately reflect its methodology, limitations or conclusions and is misleading, and therefore Imerys denies it.   In addition, this paragraph is inaccurate as it does not take into account critical reviews of the IARC classification or contrary research, testing and results related to the subject of the evaluation. IARC's  analysis of the human epidemiological literature was based only on eight studies, rather than on the total available epidemiological data.  The total epidemiological data do not show a "high degree of consistency." Further, the category 2B is used for agents, mixtures and exposure circumstances for which there is limited evidence in humans and less than sufficient evidence of carcinogenicity in experimental animals.  Thus, to the extent that this paragraph constitutes factual allegations, all such allegations and any inferences potentially drawn therefrom are denied. The paper being in writing, speaks for itself and to the extent Plaintiffs' allegations are inconsistent with the contents of the paper,

Imerys denies them. Imerys denies the remaining allegations in paragraph 44 of the Amended Master Complaint.

45.     The allegations contained in Paragraph 45 of the Amended Master Complaint contain summaries and conclusions of events that are incorrect and taken out of context, and therefore Imerys denies them.  Imerys states that the WHMIS classification is irrelevant and has nothing to do with genital use of cosmetic powders.  Imerys denies the remaining allegations in paragraph 45 of the Amended Master Complaint.

46.     The allegations contained in Paragraph 46 of the Amended Master Complaint contain summaries and conclusions of events that are incorrect and taken out of context, and therefore Imerys denies them.  Imerys admits that it modified its MSDS sheets in 2006, the contents of which speak for themselves.  Imerys denies the remaining allegations in paragraph 46 of the Amended Master Complaint.

47.     Imerys admits that the CPC filed citizen's petitions with the FDA in 1994 and 2008 in which it sought an ovarian cancer warning on cosmetic talc products.  Imerys states that the citizen's petitions are documents, which speaks for themselves.  Imerys further states that the FDA denied the CPC's citizen's petition in 2014, finding the evidence cited in the petition insufficient to warrant an ovarian cancer warning.  Imerys denies any remaining allegations in paragraph 47 of the Amended Master Complaint.

48.     The allegations contained in Paragraph 48 of the Amended Master Complaint contain summaries and conclusions of a study.  Plaintiffs' characterization of this study does not accurately reflect its methodology or conclusions and is misleading as interpreted by Plaintiffs, and therefore Imerys denies it. The study being in writing, speaks for itself and to the

extent Plaintiffs' allegations are inconsistent with the contents of the study, Imerys denies them. Imerys denies any remaining allegations contained in paragraph 48 of the Amended Master Complaint.

49.     The allegations contained in Paragraph 49 of the Amended Master Complaint contain summaries and conclusions of documents that are incorrect and taken out of context. The document being in writing, speaks for itself and to the extent Plaintiffs' allegations are inconsistent with the contents of the document, Imerys denies them.   Imerys denies any remaining allegations contained in paragraph 49 of the Amended Master Complaint.

50.     The allegations contained in paragraph 50 of the Amended Master Complaint regarding duty contain legal conclusions to which no response is required. To the extent that a response is deemed required, Imerys states that it complied with its duty under the law at all times.  Imerys denies that perineal use of talcum powder causes or is associated with ovarian cancer and further denies the remaining allegations contained in paragraph 50 of the Amended Master Complaint.

51.     Imerys denies that perineal use of talcum powder causes or is associated with ovarian cancer and further denies the remaining allegations contained in paragraph 51 of the Amended Master Complaint.

52.     Imerys denies the allegations contained in paragraph 52 of the Amended Master Complaint.

**FIRST RESPONSE TO** "**Federal Standards And Requirements**"

53.     The allegations contained in paragraph 53 of the Amended Master Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed required, Imerys denies that Imerys is regulated by 21 C.F.R. 740.1.  Imerys denies any remaining allegations contained in paragraph 53 of the Amended Master Complaint.

54.     The allegations contained in paragraph 54 of the Amended Master Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed required, Imerys states that it complied with its duty under the law at all times.  Imerys denies any remaining allegations contained in paragraph 54 of the Amended Master Complaint.

55.     Imerys denies the allegations contained in paragraph 55 of the Amended Master Complaint.

56.     (a-g) Imerys denies the allegations contained in paragraph 56 of the Amended Master Complaint, including all subparts.

**FIRST RESPONSE TO "COUNT I – STRICT LIABILITY- FAILURE TO WARN (AGAINST IMERYS TALC)"**

57.     Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

58.     Imerys denies the allegations contained in paragraph 58 of the Amended Master Complaint.

14

59.     Imerys admits that it has mined from the earth certain talc which is used in certain cosmetic products.  Imerys denies the remaining allegations contained in paragraph 59 of the Amended Master Complaint.

60.     Imerys denies the allegations contained in paragraph 60 of the Amended Master Complaint.

61.     Imerys denies the allegations contained in paragraph 61 of the Amended Master Complaint.

62.     Imerys denies the allegations contained in paragraph 62 of the Amended Master Complaint.

63.     Imerys denies the allegations contained in paragraph 63 of the Amended Master Complaint.

64.     Imerys denies the allegations contained in paragraph 64 of the Amended Master Complaint.

65.     Imerys denies the allegations contained in paragraph 65 of the Amended Master Complaint.

66.     Imerys denies the allegations contained in paragraph 66 of the Amended Master Complaint.

**FIRST RESPONSE TO "COUNT II – STRICT LIABILITY- FAILURE TO WARN
(AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"**

67.     Imerys incorporates by reference its responses to each and every paragraph of the
Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible,
pursuant to all laws that may apply pursuant to choice of law principles.

68.     The allegations contained in Paragraph 68 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 68 of the Amended Master Complaint.  To the extent that the
allegations contained in Paragraph 68 relate to the Products at issue in this litigation, they are
denied.

69.     The allegations contained in Paragraph 69 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 69 of the Amended Master Complaint.  To the extent that the
allegations contained in Paragraph 69 relate to the Products at issue in this litigation, they are
denied.

70.     The allegations contained in Paragraph 70 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 70 of the Amended Master Complaint.  To the extent that the
allegations contained in Paragraph 70 relate to the Products at issue in this litigation, they are
denied.

71.     The allegations contained in Paragraph 71 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 71 relate to the Products at issue in this litigation, they are denied.

72.     Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Master Complaint.

73.     The allegations contained in Paragraph 73 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 73 relate to the Products at issue in this litigation, they are denied.

74.     The allegations contained in Paragraph 74 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 74 relate to the Products at issue in this litigation, they are denied.

75.     The allegations contained in Paragraph 75 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 75 relate to the Products at issue in this litigation, they are denied.

## FIRST RESPONSE TO "COUNT III – STRICT LIABILITY- DEFECTIVE MANUFACTURE AND DESIGN (AGAINST IMERYS TALC)"

76.     Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

77.     Imerys denies the allegations contained in paragraph 77 of the Amended Master Complaint.

78.     Imerys admits that it mines and distributes raw talc.  Imerys denies the remaining allegations contained in paragraph 78 of the Amended Master Complaint.

79.     Imerys denies the allegations contained in paragraph 79 of the Amended Master Complaint.

80.     Imerys denies the allegations contained in paragraph 80 of the Amended Master Complaint.

81.     Imerys denies the allegations contained in paragraph 81 of the Amended Master Complaint.

82.     Imerys denies the allegations contained in paragraph 82 of the Amended Master Complaint.

83.     Imerys denies the allegations contained in paragraph 83 of the Amended Master Complaint.

### FIRST RESPONSE TO "COUNT IV – STRICT LIABILITY- DEFECTIVE MANUFACTURE AND DESIGN (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"

84.     Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

85.     The allegations contained in Paragraph 85 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Master Complaint.  To the extent that the

allegations contained in Paragraph 85 relate to the Products at issue in this litigation, they are denied.

86.     The allegations contained in Paragraph 86 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 86 relate to the Products at issue in this litigation, they are denied.

87.     The allegations contained in Paragraph 87 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 87 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations contained in paragraph 87 of the Amended Master Complaint directed to Imerys.

88.     The allegations contained in Paragraph 88 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 88 relate to the Products at issue in this litigation, they are denied.

89.     The allegations contained in Paragraph 89 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 89 relate to the Products at issue in this litigation, they are denied.

90.     The allegations contained in Paragraph 90 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in

Paragraph 90 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations contained in paragraph 90 of the Amended Master Complaint directed to Imerys.

91.     The allegations contained in Paragraph 91 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 91 relate to the Products at issue in this litigation, they are denied.

92.     The allegations contained in Paragraph 92 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 92 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations contained in paragraph 92 of the Amended Master Complaint directed to Imerys.

**FIRST RESPONSE TO "COUNT V – BREACH OF EXPRESS WARRANTIES (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"**

93.     Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

94.     The allegations contained in Paragraph 94 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 94 relate to the Products at issue in this litigation, they are denied.

95.     The allegations contained in Paragraph 95 thereof are directed against other Defendants. As such, Imerys no response is necessary.  To the extent that the allegations contained in Paragraph 95 relate to the Products at issue in this litigation, they are denied.

96.     The allegations contained in Paragraph 96 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 96 relate to the Products at issue in this litigation, they are denied.

97.     The allegations contained in Paragraph 97 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 97 relate to the Products at issue in this litigation, they are denied.

98.     The allegations contained in Paragraph 98 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 98 relate to the Products at issue in this litigation, they are denied.

99.     The allegations contained in Paragraph 99 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 99 relate to the Products at issue in this litigation, they are denied.

100.    The allegations contained in Paragraph 100 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 100 relate to the Products at issue in this litigation, they are denied.

**FIRST RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"**

101.    Imerys incorporates by reference its responses to each and every paragraph of the
Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible,
pursuant to all laws that may apply pursuant to choice of law principles.

102.    The allegations contained in Paragraph 102 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 102 of the Amended Master Complaint.  To the extent that
the allegations contained in Paragraph 102 relate to the Products at issue in this litigation, they
are denied.

103.    The allegations contained in Paragraph 103 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 103 of the Amended Master Complaint.  To the extent that
the allegations contained in Paragraph 103 relate to the Products at issue in this litigation, they
are denied.

104.    The allegations contained in Paragraph 104 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 104 relate to the Products at issue in this litigation, they are denied.  Imerys denies any
allegations contained in paragraph 104 of the Amended Master Complaint directed to Imerys.

105.    The allegations contained in Paragraph 105 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 105 relate to the Products at issue in this litigation, they are denied.

106.    The allegations contained in Paragraph 106 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 106 relate to the Products at issue in this litigation, they are denied.

107.    The allegations contained in Paragraph 107 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 107 relate to the Products at issue in this litigation, they are denied.

108.    The allegations contained in Paragraph 108 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 108 relate to the Products at issue in this litigation, they are denied.

**FIRST RESPONSE TO "COUNT VII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"**

109.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

110.    The allegations contained in Paragraph 110 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 110 relate to the Products at issue in this litigation, they are denied.

111.   The allegations contained in Paragraph 111 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 111 relate to the Products at issue in this litigation, they are denied.

112.   The allegations contained in Paragraph 112 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 112 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations contained in paragraph 112 of the Amended Master Complaint directed to Imerys.

113.   The allegations contained in Paragraph 113 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 113 relate to the Products at issue in this litigation, they are denied.

114.   The allegations contained in Paragraph 114 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 114 relate to the Products at issue in this litigation, they are denied.

115.   The allegations contained in Paragraph 115 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 115 relate to the Products at issue in this litigation, they are denied.

116.   The allegations contained in Paragraph 116 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 116 relate to the Products at issue in this litigation, they are denied.

## FIRST RESPONSE TO "COUNT VIII – NEGLIGENCE (AGAINST IMERYS TALC)"

117.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

118.    Imerys admits that it has mined from the earth certain talc which is used in certain cosmetic products.  Imerys denies the remaining allegations contained in paragraph 118 of the Amended Master Complaint.

119.    The allegations contained in Paragraph 119 of the Amended Master Complaint state conclusions of law to which no response is required.  To the extent a response is deemed required, Imerys states that it complied with its duty under the law at all times.  Imerys denies any remaining allegations contained in paragraph 119 of the Amended Master Complaint.

120.    Imerys denies the allegations contained in paragraph 120 of the Amended Master Complaint.

121.    Imerys denies the allegations contained in paragraph 121 of the Amended Master Complaint.

122.    Imerys denies the allegations contained in paragraph 122 of the Amended Master Complaint.

123.    Imerys denies the allegations contained in paragraph 123 of the Amended Master Complaint.

**FIRST RESPONSE TO "COUNT IX – NEGLIGENCE (AGAINST THE JOHNSON &
JOHNSON DEFENDANTS)"**

124.    Imerys incorporates by reference its responses to each and every paragraph of the
Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible,
pursuant to all laws that may apply pursuant to choice of law principles.

125.    The allegations contained in Paragraph 125 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 125 of the Amended Master Complaint.  To the extent that
the allegations contained in Paragraph 125 relate to the Products at issue in this litigation, they
are denied.

126.    The allegations contained in Paragraph 126 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 126 of the Amended Master Complaint.  To the extent that
the allegations contained in Paragraph 126 relate to the Products at issue in this litigation, they
are denied.

127.    The allegations contained in Paragraph 127 thereof are directed against other
Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 127 of the Amended Master Complaint.  To the extent that
the allegations contained in Paragraph 127 relate to the Products at issue in this litigation, they
are denied.

128.    The allegations contained in Paragraph 128 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 128 relate to the Products at issue in this litigation, they are denied.

129.    The allegations contained in Paragraph 129 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 129 relate to the Products at issue in this litigation, they are denied.

130.    The allegations contained in Paragraph 130 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 130 relate to the Products at issue in this litigation, they are denied.

131.    The allegations contained in Paragraph 131 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 131 relate to the Products at issue in this litigation, they are denied.

## FIRST RESPONSE TO "COUNT X – NEGLIGENCE (AGAINST THE PCPC)"

132.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

133.    The allegations contained in Paragraph 133 thereof are directed against other Defendants. As such, no response is necessary.  To the extent a response is deemed required, Imerys admits that it is an associate member of the Personal Care Products Council (formerly known as the CTFA).   Imerys denies any remaining allegations in paragraph 133 of the Amended Master Complaint directed to Imerys.

134.    The allegations contained in Paragraph 134 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 134 relate to Imerys or the Products at issue in this litigation, they are denied.  Imerys denies the remaining allegations of Paragraph 134.

135.    The allegations contained in Paragraph 135 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 135 relate to the Products at issue in this litigation, they are denied.

136.    The allegations contained in Paragraph 136 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 136 relate to the Products at issue in this litigation, they are denied.

137.    The allegations contained in Paragraph 137 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 137 relate to the Products at issue in this litigation, they are denied.

138.    The allegations contained in Paragraph 138 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 138 relate to the Products at issue in this litigation, they are denied.

139.    The allegations contained in Paragraph 139 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 139 relate to the Products at issue in this litigation, they are denied.

140.    The allegations contained in Paragraph 140 thereof are directed against other Defendants. As such, no response is necessary.  To the extent a response is deemed required, Imerys denies the allegations contained in paragraph 140 of the Amended Master Complaint.

141.    The allegations contained in Paragraph 141 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 141 relate to the Products at issue in this litigation, they are denied.

## FIRST RESPONSE TO "COUNT XI – NEGLIGENT MISREPRESENTATION (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"

142.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

143.    The allegations contained in Paragraph 143 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Amended Master Complaint.  To the extent that the allegations contained in Paragraph 143 relate to the Products at issue in this litigation, they are denied.

144.    The allegations contained in Paragraph 144 thereof are directed against other Defendants. As such, Imerys lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 144 of the Amended Master Complaint. To the extent that the allegations contained in Paragraph 144 relate to the Products at issue in this litigation, they are denied.

145. The allegations contained in Paragraph 145 thereof are directed against other Defendants. As such, no response is necessary. To the extent that the allegations contained in Paragraph 145 relate to the Products at issue in this litigation, they are denied.

146. The allegations contained in Paragraph 146 thereof are directed against other Defendants. As such, no response is necessary. To the extent that the allegations contained in Paragraph 146 relate to the Products at issue in this litigation, they are denied.

147. The allegations contained in Paragraph 147 thereof are directed against other Defendants. As such, no response is necessary. To the extent that the allegations contained in Paragraph 147 relate to the Products at issue in this litigation, they are denied.

148. The allegations contained in Paragraph 148 thereof are directed against other Defendants. As such, no response is necessary. To the extent that the allegations contained in Paragraph 148 relate to the Products at issue in this litigation, they are denied.

149. The allegations contained in Paragraph 149 thereof are directed against other Defendants. As such, no response is necessary. To the extent that the allegations contained in Paragraph 149 relate to the Products at issue in this litigation, they are denied.

150. The allegations contained in Paragraph 150 thereof are directed against other Defendants. As such, no response is necessary. To the extent that the allegations contained in Paragraph 150 relate to the Products at issue in this litigation, they are denied.

**FIRST RESPONSE TO "COUNT XII – FRAUD  (AGAINST THE JOHNSON &
JOHNSON DEFENDANTS)"**

151.    Imerys incorporates by reference its responses to each and every paragraph of the
Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible,
pursuant to all laws that may apply pursuant to choice of law principles.

152.    The allegations contained in Paragraph 152 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 152 relate to the Products at issue in this litigation, they are denied.

153.    The allegations contained in Paragraph 153 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 153 relate to the Products at issue in this litigation, they are denied.

154.    The allegations contained in Paragraph 154 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 154 relate to the Products at issue in this litigation, they are denied.

155.    The allegations contained in Paragraph 155 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 155 relate to the Products at issue in this litigation, they are denied.

156.    The allegations contained in Paragraph 156 thereof are directed against other
Defendants. As such, no response is necessary.  To the extent that the allegations contained in
Paragraph 156 relate to the Products at issue in this litigation, they are denied.  Imerys denies any
allegations in paragraph 156 of the Amended Master Complaint directed to Imerys.

157.    The allegations contained in Paragraph 157 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 157 relate to the Products at issue in this litigation, they are denied.

158.    The allegations contained in Paragraph 158 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 158 relate to the Products at issue in this litigation, they are denied.


**FIRST RESPONSE TO "COUNT XIII – FRAUD  (AGAINST THE PCPC)"**

159.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

160.    The allegations contained in Paragraph 160 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 160 relate to the Products at issue in this litigation, they are denied.

161.    The allegations contained in Paragraph 161 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 161 relate to the Products at issue in this litigation, they are denied.

162.    The allegations contained in Paragraph 162 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 162 relate to the Products at issue in this litigation, they are denied.

163.     The allegations contained in Paragraph 163 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 163 relate to the Products at issue in this litigation, they are denied.

164.     The allegations contained in Paragraph 164 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 164 relate to the Products at issue in this litigation, they are denied.

165.     The allegations contained in Paragraph 165 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 165 relate to the Products at issue in this litigation, they are denied.

166.     The allegations contained in Paragraph 166 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 166 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations in paragraph 166 of the Amended Master Complaint directed to Imerys.

167.     The allegations contained in Paragraph 167 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 167 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations in paragraph 167 of the Amended Master Complaint directed to Imerys.

168.     The allegations contained in Paragraph 168 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 168 relate to the Products at issue in this litigation, they are denied.

169.    The allegations contained in Paragraph 169 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 169 relate to the Products at issue in this litigation, they are denied.

170.    The allegations contained in Paragraph 170 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 170 relate to the Products at issue in this litigation, they are denied.

**FIRST RESPONSE TO "COUNT XIV – VIOLATION OF CONSUMER PROTECTION LAWS (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"**

171.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

172.    The allegations contained in Paragraph 172 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 172 relate to the Products at issue in this litigation, they are denied.

173.    The allegations contained in Paragraph 173 thereof are directed against other Defendants. As such, no response is necessary.  To the extent a response is deemed required, Imerys states that the allegations contained in Paragraph 173 of the Amended Master Complaint state conclusions of law to which no response is required.  To the extent a response is deemed required, Imerys denies  the allegations contained in paragraph 173 of the Amended Master Complaint.

34

174.   The allegations contained in Paragraph 174 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 174 relate to the Products at issue in this litigation, they are denied.

175.   The allegations contained in Paragraph 175 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 175 relate to the Products at issue in this litigation, they are denied.

176.   The allegations contained in Paragraph 176 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 176 relate to the Products at issue in this litigation, they are denied.

177.   The allegations contained in Paragraph 177 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 177 relate to the Products at issue in this litigation, they are denied.

### FIRST RESPONSE TO "COUNT XV– FRAUDULENT CONCEALMENT (AGAINST IMERYS TALC)"

178.   Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

179.   Imerys denies the allegations contained in paragraph 179 of the Amended Master Complaint.

180.   Imerys denies the allegations contained in paragraph 180 of the Amended Master Complaint.

181.    Imerys denies the allegations contained in paragraph 181 of the Amended Master Complaint.

182.    Imerys denies the allegations contained in paragraph 182 of the Amended Master Complaint.

183.    Imerys denies the allegations contained in paragraph 183 of the Amended Master Complaint.

184.    Imerys denies the allegations contained in paragraph 184 of the Amended Master Complaint.

185.    Imerys denies the allegations contained in paragraph 185 of the Amended Master Complaint.

186.    Imerys denies the allegations contained in paragraph 186 of the Amended Master Complaint.

## FIRST RESPONSE TO "COUNT XVI – FRAUDULENT CONCEALMENT (AGAINST THE JOHNSON & JOHNSON DEFENDANTS)"

187.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

188.    The allegations contained in Paragraph 188 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 188 relate to the Products at issue in this litigation, they are denied.

189.   The allegations contained in Paragraph 189 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 189 relate to the Products at issue in this litigation, they are denied.

190.   The allegations contained in Paragraph 190 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 190 relate to the Products at issue in this litigation, they are denied.

191.   The allegations contained in Paragraph 191 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 191 relate to the Products at issue in this litigation, they are denied.

192.   The allegations contained in Paragraph 192 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 192 relate to the Products at issue in this litigation, they are denied.

193.   The allegations contained in Paragraph 193 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 193 relate to the Products at issue in this litigation, they are denied.

194.   The allegations contained in Paragraph 194 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 194 relate to the Products at issue in this litigation, they are denied.

195.   The allegations contained in Paragraph 195 thereof are directed against other Defendants. As such, no response is necessary.   To the extent that the allegations contained in Paragraph 195 relate to the Products at issue in this litigation, they are denied.

196.   The allegations contained in Paragraph 196 thereof are directed against other Defendants.  As such, no response is necessary.  To the extent that the allegations contained in Paragraph 196 relate to the Products at issue in this litigation, they are denied.

## FIRST RESPONSE TO "COUNT XVII – FRAUDULENT CONCEALMENT (AGAINST THE PCPC)"

197.   Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

198.   The allegations contained in Paragraph 198 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 198 relate to the Products at issue in this litigation, they are denied.

199.   The allegations contained in Paragraph 199 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 199 relate to the Products at issue in this litigation, they are denied.

200.   The allegations contained in Paragraph 200 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 200 relate to the Products at issue in this litigation, they are denied.

201.   The allegations contained in Paragraph 201 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 201 relate to the Products at issue in this litigation, they are denied.

202.   The allegations contained in Paragraph 202 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 202 relate to the Products at issue in this litigation, they are denied.  Imerys denies any allegations contained in paragraph 202 of the Amended Master Complaint directed to Imerys.

203.   The allegations contained in Paragraph 203 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 203 relate to the Products at issue in this litigation, they are denied.

204.   The allegations contained in Paragraph 204 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 204 relate to the Products at issue in this litigation, they are denied.

205.   The allegations contained in Paragraph 205 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 205 relate to the Products at issue in this litigation, they are denied.

206.   The allegations contained in Paragraph 206 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 206 relate to the Products at issue in this litigation, they are denied.

207.   The allegations contained in Paragraph 207 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 207 relate to the Products at issue in this litigation, they are denied.

208.   The allegations contained in Paragraph 208 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in Paragraph 208 relate to the Products at issue in this litigation, they are denied.

### FIRST RESPONSE TO "COUNT XVIII– CIVIL CONSPIRACY (AGAINST ALL DEFENDANTS)"

209.   Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

210.   Imerys denies the allegations contained in paragraph 210 of the Amended Master Complaint.

211.   Imerys denies the allegations contained in paragraph 211 of the Amended Master Complaint.

212.   Imerys denies the allegations contained in paragraph 212 of the Amended Master Complaint.

213.   Imerys denies the allegations contained in paragraph 213 of the Amended Master Complaint, including all subparts.

214.   Imerys denies the allegations contained in paragraph 214 of the Amended Master Complaint.

215.   The allegations contained in Paragraph 215 thereof are directed against other Defendants. As such, no response is necessary.  To the extent that the allegations contained in

Paragraph 215 relate to the Products at issue in this litigation, they are denied. Imerys denies any allegations contained in paragraph 215 of the Amended Master Complaint directed to Imerys.

216.    Imerys denies the allegations contained in paragraph 216 of the Amended Master Complaint.

## FIRST RESPONSE TO "COUNT XIX– LOSS OF CONSORTIUM (AGAINST ALL DEFENDANTS)"

217.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint. All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

218.    Imerys denies the allegations contained in paragraph 218 of the Amended Master Complaint.

219.    Imerys denies the allegations contained in paragraph 219 of the Amended Master Complaint.

220.    Imerys denies the allegations contained in paragraph 220 of the Amended Master Complaint.

221.    Imerys denies the allegations contained in paragraph 221 of the Amended Master Complaint.

222.    Imerys denies the allegations contained in paragraph 222 of the Amended Master Complaint.

223.    Imerys denies the allegations contained in paragraph 223 of the Amended Master Complaint.

## FIRST RESPONSE TO "COUNT XX– PUNITIVE DAMAGES (AGAINST ALL DEFENDANTS)"

224.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

225.    Imerys denies the allegations contained in paragraph 225 of the Amended Master Complaint.

226.    Imerys denies the allegations contained in paragraph 226 of the Amended Master Complaint.

227.    Imerys denies the allegations contained in paragraph 227 of the Amended Master Complaint.

228.    Imerys denies the allegations contained in paragraph 228 of the Amended Master Complaint.

229.    Imerys denies the allegations contained in paragraph 229 of the Amended Master Complaint.

230.    Imerys denies the allegations contained in paragraph 230 of the Amended Master Complaint.

231.    Imerys denies the allegations contained in paragraph 231 of the Amended Master Complaint.

232.    Imerys denies the allegations contained in paragraph 232 of the Amended Master Complaint.

233.    Imerys denies the allegations contained in paragraph 233 of the Amended Master Complaint.

234.    Imerys denies the allegations contained in paragraph 234 of the Amended Master Complaint.

235.    Imerys denies the allegations contained in paragraph 235 of the Amended Master Complaint.

236.    Imerys denies the allegations contained in paragraph 236 of the Amended Master Complaint.

237.    Imerys denies the allegations contained in paragraph 237 of the Amended Master Complaint.

238.    Imerys denies the allegations contained in paragraph 238 of the Amended Master Complaint.

239.    Imerys denies the allegations contained in paragraph 239 of the Amended Master Complaint.

**FIRST RESPONSE TO "COUNT XXI– DISCOVERY RULE AND TOLLING (AGAINST ALL DEFENDANTS)"**

240.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

241.    Paragraph 241 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys denies that any of the pled statutory and/or common law rights related to tolling or extension are applicable in this action and opposes the utilization and/or implementation of same.  Imerys denies any remaining allegations contained in paragraph 241 of the Amended Master Complaint.

242.    Paragraph 242 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys denies that the discovery rule is applicable in this action and opposes the utilization and/or implementation of same.  Imerys denies any remaining allegations contained in paragraph 242 of the Amended Master Complaint.

243.    Imerys denies the allegations contained in paragraph 243 of the Amended Master Complaint.

244.    Imerys denies the allegations contained in paragraph 244 of the Amended Master Complaint.

## FIRST RESPONSE TO "COUNT XXI– WRONGFUL DEATH (AGAINST ALL DEFENDANTS)"

245.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

246.    Paragraph 246 of the Amended Master Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Imerys lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 of the Amended Master Complaint regarding Plaintiffs.  Imerys admits that Plaintiffs have filed this action.  Imerys denies liability for any injuries or damages alleged in the Amended Master Complaint and further denies any remaining allegations contained in paragraph 246 of the Amended Master Complaint.

247.    Imerys denies the allegations contained in paragraph 247 of the Amended Master Complaint.

248.    Imerys admits that Plaintiffs have filed this action and seek damages.  Imerys denies liability for any injuries or damages alleged in the Amended Master Complaint and further denies the remaining allegations contained in paragraph 248 of the Amended Master Complaint.

249.    Imerys admits that Plaintiffs seek damages.  Imerys denies the remaining allegations contained in paragraph 249 of the Amended Master Complaint.

**FIRST RESPONSE TO "COUNT XXIII– SURVIVAL ACTION**
**(AGAINST ALL DEFENDANTS)"**

250.    Imerys incorporates by reference its responses to each and every paragraph of the Amended Master Complaint.  All of Imerys' responses are pled in the broadest sense possible, pursuant to all laws that may apply pursuant to choice of law principles.

251.    Imerys admits that Plaintiffs have filed this action.  Imerys denies liability for any injuries or damages alleged in the Amended Master Complaint and further denies the remaining allegations contained in paragraph 251 of the Amended Master Complaint.

252.    Imerys admits that Plaintiffs have filed this action.  Imerys denies the remaining allegations contained in paragraph 252 of the Amended Master Complaint.

253.    Imerys denies the allegations contained in paragraph 253 of the Amended Master Complaint.

254.    Imerys admits that Plaintiffs have filed this action and seek damages.  Imerys denies the remaining allegations contained in paragraph 254 of the Amended Master Complaint.

255.    Imerys denies the allegations contained in paragraph 255 of the Amended Master Complaint.

256.    Imerys denies the allegations contained in paragraph 256 of the Amended Master Complaint.

257.    Imerys admits that Plaintiffs seek damages.  Imerys denies liability for any injuries or damages alleged in the Amended Master Complaint and further denies any remaining allegations contained in paragraph 257 of the Amended Master Complaint.

258.    Imerys admits that Plaintiffs seek damages.   Imerys denies liability for any injuries or damages alleged in the Amended Master Complaint and further denies the remaining allegations contained in paragraph 258 of the Amended Master Complaint.

**WHEREFORE**, Imerys denies any and all liability with regard to Plaintiffs' claims, and respectfully requests that Plaintiffs' claims against it be dismissed with prejudice and that Imerys be awarded such general, further relief as justice may require.

## SEPARATE AND AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Imerys in this matter.  Imerys accordingly preserves the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Imerys may withdraw any of these additional defenses as may be appropriate.  Imerys further reserves the right to amend its answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.

Further answering, and by way of additional defense, Imerys states as follows:

## FIRST SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Complaint and each and every count contained therein must be dismissed because the transferor courts lack personal jurisdiction over Defendant.  Defendant's activities within the forum state are insufficient to give rise to the court's exercise of jurisdiction that comports with due process.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131  S. Ct. 2846 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

## SECOND SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Amended Master Complaint and each and every count contained therein fail to state a cause of action or claim upon which relief can be granted against Imerys.

### THIRD SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

### FOURTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred in whole or in part by laches, waiver, and/or estoppel.

### FIFTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Amended Master Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

### SIXTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Amended Master Complaint fails to state a claim for fraud, misrepresentation, deceit, concealment, suppression and/or omission, and fails to allege the circumstances constituting fraud with the required particularity.

### SEVENTH SEPARATE DEFENSE TO ALL COUNTS

The alleged damages and injuries, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Imerys.

### EIGHTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs have not suffered any actual injury, loss, or damages because of the alleged use of the talc that Imerys supplied.

### NINTH SEPARATE DEFENSE TO ALL COUNTS

The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and no act or omission on the part of Imerys was a proximate or competent producing cause of such alleged injuries or damages.

48

## TENTH SEPARATE DEFENSE TO ALL COUNTS

The injuries sustained by Plaintiffs, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, for which Imerys has no legal responsibility.

## ELEVENTH SEPARATE DEFENSE TO ALL COUNTS

The acts and omissions of Plaintiffs and/or other persons or entities, over whom Imerys had no supervision or control and for whose actions and omissions Imerys has no legal responsibility, caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of comparative negligence.  Plaintiffs' recovery, if any, therefore is barred or should be reduced and/or apportioned in accordance with applicable law.

## TWELFTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred pursuant to the Restatement (Second) of Torts, section 402A, comment k.

## THIRTEENTH SEPARATE DEFENSE TO ALL COUNTS

To the extent applicable to Plaintiffs' claims, Imerys will rely upon the rights, defenses and presumptions accorded to it under the terms and provisions of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et. seq., and the following New Jersey statutes: N.J.S.A. 2A:53A-2; N.J.S.A. 4:42-11(b) and N.J.S.A. 12A:1-101 et seq, and/or any other state law deemed to apply. In addition, Imerys asserts all available rights, defenses, and presumptions accorded to it under any applicable state product liability law.

## FOURTEENTH SEPARATE DEFENSE TO ALL COUNTS

Talc is a raw and bulk material that is supplied to manufacturers and used in a wide array of end products, including paint, paper, plastic, ceramics, cosmetics and medicine. Talc is a

chemically inert raw material mined from the ground and is itself not flawed, defective, or unsafe for human use.  As a mining company that simply provides talc as a raw material and/or component part for multiple other uses, Imerys does not participate in the integration of talc into end-products, including the products at issue in this case.  Imerys provides talc material safety data sheets to its customers. As a bulk supplier and/or component part supplier who provides adequate information concerning the qualities and characteristics of talc,  Imerys is not liable to Plaintiff or any of her claims or causes of action as set forth in Section 5 of the Restatement (Third) of Torts and any applicable statutory or common law.

## FIFTEENTH SEPARATE DEFENSE TO ALL COUNTS

Imerys was under no legal duty to warn Plaintiffs of the potential hazards associated with the use of products containing talc.  Imerys further alleges that those who manufactured, marketed, packaged and sold, and/or certain third parties yet to be identified, were knowledgeable and sophisticated intermediaries who were in a better position than Imerys to warn Plaintiffs of any of the alleged risks associated with using their products containing talc. These parties or individuals, knew or should have known of the potential hazards of using their products. Assuming (without admitting) that a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiffs' damages, if any.  As such, any duty of Imerys to warn of any danger incident to use of the end products, if any, (the existence of such duty is denied) was discharged by those sophisticated and learned intermediaries' intervening duties to give Plaintiffs all required warnings.  *See* Restatement (Second) of Torts § 388.

## SIXTEENTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred because the risk, if any, associated with the use of the products allegedly at issue are outweighed by their utility.

## SEVENTEENTH SEPARATE DEFENSE TO ALL COUNTS

Upon information and belief, each item of economic loss alleged in the Amended Master Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources such as insurance, social security, worker's compensation or other employee benefit programs.  To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

## EIGHTEENTH SEPARATE DEFENSE TO ALL COUNTS

If Plaintiffs suffered injury or damage as alleged, which is denied, the same resulted solely from acts or omissions of other persons or entities for which Imerys is neither liable nor responsible, including those who use Imerys-mined talc to produce end-use products, or are due solely, or in substantial part, to disease and other causes that are not related or connected with any talc that was mined, processed, sold, or distributed by Imerys.  Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage.

## NINETEENTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Amended Master Complaint fails to state a claim upon which relief can be granted in that the talc that was mined, processed, sold or supplied by Imerys, if any, was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable codes, standards, regulations, specifications, government safety and/or industry

standards, including, but not limited to adequate warnings and instructions with respect to the product's use. . Plaintiffs' claims are barred, in whole or in part, because based on the state of scientific, industrial and technical knowledge during the relevant time periods, the talc allegedly provided by Imerys was reasonably safe for their normal and foreseeable uses at all relevant times, in light of existing reasonable available scientific, industrial and technical knowledge.

### TWENTIETH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning talc.

### TWENTY-FIRST SEPARATE DEFENSE TO ALL COUNTS

Imerys states that the talc it mined and sold is an inert mineral that contained no danger that was known to, or should have been known to, Imerys such that Imerys cannot be held liable to Plaintiffs.

### TWENTY-SECOND SEPARATE DEFENSE TO ALL COUNTS

Imerys denies that it or any of its predecessors in interest participated in any conspiracy or conduct designed or intended to deceive or misrepresent the qualities, characteristics, or properties of any raw materials or product it mined, processed or sold.

### TWENTY-THIRD SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred, in whole or in part, by the discretionary actions of the Food and Drug Administration under the Food and Drug Cosmetics Act 21 U.S.C. §301, et seq. and/or the National Toxicology Program.

### TWENTY-FOURTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs cannot state a claim with regard to the warnings and labeling for the products at issue because the remedy sought by Plaintiffs are subject to the regulation of the Occupational

Safety and Health Administration (OSHA), and is therefore, preempted by federal law. Plaintiffs' Amended Master Complaint, in whole or in part, is barred because the OSHA has exclusive jurisdiction or primary jurisdiction over matters asserted herein. Plaintiffs' claims are barred, in whole or in part, by the deference common law gives to the discretionary actions by the OSHA under governing statutes and regulations.

**TWENTY-FIFTH SEPARATE DEFENSE TO ALL COUNTS**

Plaintiffs cannot state a claim with regard to the warnings and labeling for the products at issue because the remedy sought by Plaintiffs are subject to the exclusive regulation of the United States Food and Drug Administration ("FDA"), and are therefore, preempted by federal law including (without limitation) the federal, Food Drug and Cosmetic Act. Plaintiffs' Amended Master Complaint, in whole or in part, is barred because the FDA has exclusive jurisdiction or primary jurisdiction over matters asserted herein. Plaintiffs' claims are barred, in whole or in part, by the deference common law gives to the discretionary actions by the FDA under the FDCA.

**TWENTY-SIXTH SEPARATE DEFENSE TO ALL COUNTS**

To the extent Plaintiffs asserts claims that depend solely on the violations of federal law, including any claims of "fraud on the FDA" or on another governmental agency with respect to Defendants' disclosure of information related to the safety of the products, such claims are barred and should be dismissed. See *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-SEVENTH SEPARATE DEFENSE TO ALL COUNTS

The conduct of Defendants, as well as the products at issue, conformed with the FDCA and the requirements of the FDA. Moreover, the activities of Defendants alleged in the Amended Master Complaint conformed with all state and federal regulations and industry standards based on the state of knowledge existing at the relevant time(s) alleged in the Complaint.

## TWENTY-EIGHTH SEPARATE DEFENSE TO ALL COUNTS

Imerys is not liable to Plaintiffs as the raw material talc that it supplied, if any, that was used in the products that she used was processed to standards and specifications set forth by the manufacturer(s) of such end-products.

## TWENTY-NINTH SEPARATE DEFENSE TO ALL COUNTS

Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government, freedom to engage in speech and the freedom of association.  Further, Plaintiffs' claims are barred in whole or in part because the commercial speech relating to talc and the products allegedly at issue was not false or misleading and is protected under the First Amendment to the United States Constitution and by applicable state constitutional provisions, and the *Noerr-Pennington* doctrine.

## THIRTIETH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred in whole or in part because the commercial speech relating to talc and the products at issue was not false or misleading and is protected under the First Amendment to the United States Constitution and by applicable state constitutional provisions.

54

## THIRTY-FIRST SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate his or her alleged damages.

## THIRTY-SECOND SEPARATE DEFENSE TO ALL COUNTS

To the extent Plaintiffs has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Master Complaint, the liability of Imerys, if any, should be reduced accordingly.  Pursuant to the common law right to credits, reductions and setoffs, as well as N.J.S.A. 2A:53A-2, 2A:53A-3 and other applicable law, any settlement reached between Plaintiffs and a named defendant in this action shall reduce the amount of Plaintiffs' recovery by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

## THIRTY- THIRD SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Amended Master Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, treble, or punitive damages.

## THIRTY-FOURTH SEPARATE DEFENSE TO ALL COUNTS

Any claim for prejudgment interest is barred by Plaintiffs' failure to make a demand for payment or offer of settlement in writing, failure to send the demand or offer by certified mail, and failure to leave the demand or offer open for sixty days under N.J.S.A. 4:42-11(b) and/or any other applicable state law.

## THIRTY-FIFTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Complaint fails to state a claim against Imerys upon which relief can be granted for punitive or exemplary damages.

## THIRTY-SIXTH SEPARATE DEFENSE TO ALL COUNTS

Imerys denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiffs has produced evidence sufficient to support or sustain the imposition of punitive damages against Imerys pursuant to the applicable standards of proof.

## THIRTY-SEVENTH SEPARATE DEFENSE TO ALL COUNTS

Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad, would violate Imerys's constitutional rights as secured by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, and would contravene the prohibition of excessive fines and other provisions of the United States Constitution, the New Jersey Constitution, and any other applicable state constitution.

## THIRTY-EIGHTH SEPARATE DEFENSE TO ALL COUNTS

Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).  Permitting recovery of punitive or exemplary damages in this action would contravene Imerys's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and other provisions of the United States Constitution and the New Jersey Constitution.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be

imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, the New Jersey Constitution and the Constitutions of other states whose law applies to the claims of any plaintiff, and applicable state common law and public policies.

### THIRTY-NINTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claim for punitive damages against Imerys cannot be maintained because any award of punitive damages would be by a jury that: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Imerys; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Imerys's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the New Jersey Constitution and the Constitutions of

other states whose law applies to the claims of any plaintiff, and also would be improper under applicable state common law and public policies.

## FORTIETH SEPARATE DEFENSE TO ALL COUNTS

To the extent that the applicable state law permits punishment to be measured by the net worth or financial status of Imerys and imposes greater punishment on a defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the New Jersey Constitution and the Constitutions of other states whose law applies to the claims of any plaintiff.

## FORTY-FIRST SEPARATE DEFENSE TO ALL COUNTS

With respect to Plaintiffs' demand for punitive or exemplary damages, Imerys incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under New Jersey and Texas laws and asserts that same are controlling in this matter.

## FORTY-SECOND SEPARATE DEFENSE TO ALL COUNTS

No act or omission of Imerys was intentional, fraudulent, malicious, reckless, in any way morally culpable, or made with conscious, malicious, or intentional disregard for the health and well-being of Plaintiffs or others.

## FORTY-THIRD SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' Amended Master Complaint fails to state a claim on which relief can be granted for joint and several liability.

58

### FORTY-FOURTH SEPARATE DEFENSE TO ALL COUNTS

Imerys preserves all defenses relating to venue and asserts that venue is improper in this action.

### FORTY-FIFTH SEPARATE DEFENSE TO ALL COUNTS

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution and any related provisions of the Constitution of any other State that guarantees the freedom to engage in speech and the freedom to associate.

### FORTY-SIXTH SEPARATE DEFENSE TO ALL COUNTS

Defendant provided adequate and complete warnings for its product talc.

### FORTY-SEVENTH SEPARATE DEFENSE TO ALL COUNTS

The talc allegedly sold by Imerys was not defective and there was no fault, negligence or other basis for liability of the party of Imerys.

### FORTY-EIGHTH SEPARATE DEFENSE TO ALL COUNTS

If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, and if there is a finding of any liability in favor of Plaintiffs or settlement or judgment against Imerys, Imerys requests that the Court or Jury make an apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co*. and *American Motorcycle Association v. Superior Court* or other applicable state laws.  Imerys further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### FORTY-NINTH SEPARATE DEFENSE TO ALL COUNTS

If Plaintiffs suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by

Plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiffs' assumption of the risk.

**FIFTIETH SEPARATE DEFENSE TO ALL COUNTS**

Plaintiffs' recovery of compensatory and/or punitive damages is limited and capped by any applicable state limitations and caps on such awards.

**FIFTY-FIRST SEPARATE DEFENSE TO ALL COUNTS**

Imerys incorporates by reference all applicable defenses set forth in other applicable state statutes and common law.

**FIFTY-SECOND SEPARATE DEFENSE TO ALL COUNTS**

Imerys adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Imerys' defenses pleaded in this Answer.

**WHEREFORE**, Imerys denies any and all liability with regard to Plaintiffs' claims, and respectfully requests that Plaintiffs' claims against it be dismissed with prejudice and that Imerys be awarded such general, further relief as justice may require.

**JURY DEMAND**

Imerys respectfully requests that a jury try the issues in this matter.

Dated: April 4, 2017        /s/ Lorna A. Dotro

      **COUGHLIN DUFFY LLP**
      350 Mount Kemble Avenue
      Lorna A. Dotro
      Mark K. Silver
      Morristown, New Jersey 07962
      (973) 267-0058

      And

60

Nancy M. Erfle, Esq.
**Gordon Rees Scully Mansukhani, LLP**
121 SW Morrison St., Suite 1575
Portland, OR 97204
Phone: (503)382-3852

Michael R. Klatt, Esq.
Leslie A. Benitez, Esq.
**Gordon Rees Scully Mansukhani, LLP**
816 Congress Avenue, Suite 1510
Austin, TX 78701
Phone: (512) 582-6485

Ann Thornton Field, Esq.
**Gordon Rees Scully Mansukhani, LLP**
2005 Market Street
Suite 2900
Philadelphia, PA 19103
Phone: (215) 717 4002

*Attorneys for Defendant*
*Imerys Talc America, Inc. f/k/a Luzenac America*
*Inc.*