IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA MOORE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, *et al.*, <br><br> Defendants. | MDL No. 3:16-md-02738-FLW-LHG <br><br> Case No. 3:17-cv-02404-FLW-LHG |

## PLAINTIFFS' RENEWED MOTION TO REMAND

COME NOW all Plaintiffs in the above-titled action and file this, their Renewed Motion to Remand pursuant to Case Management Order No. 1. Plaintiffs respectfully request that this Court transfer this action to the Eastern District of Missouri for the purpose of remanding it to the Twenty-Second Judicial Circuit, St. Louis City, Missouri.

Defendants Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Companies, Inc. ("JJCI"), (collectively, the "Johnson & Johnson Defendants") removed this case to the Eastern District of Missouri on December 8, 2016. The Judicial Panel on Multidistrict Litigation transferred this action to this Court on April 6, 2017, as part of the *In re Talcum Powder* MDL.

The Johnson & Johnson Defendants allege diversity of citizenship as their grounds for removal. *See* 28 U.S.C. § 1332. However, it is undisputed that complete diversity does not exist on the face of the Amended Petition. Thus, the Johnson & Johnson Defendants rely on the doctrine of "fraudulent misjoinder" in arguing that the federal court should create diversity jurisdiction by severing and dismissing certain Plaintiffs they deem to be improperly joined.

This Court, in recognition that the Third Circuit has not addressed the issue of fraudulent misjoinder, has followed the majority of courts within this District and others and held that, "the issue of misjoinder should be resolved by the state court as a matter of removal jurisprudence."

*In re Plavix Product Liability and Marketing Litigation,* MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654, *10 (D.N.J. Oct. 1, 2014) (Wolfson, J.) (citing *Kaufman v. Allstate Ins. Co.,* No. 07–6160, 2010 WL 2674130, at *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp.,* No. 11–02900, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011) ("This Court declines to include procedural misjoinder as an alternative ground for fraudulent joinder."); *see also In re Paulsboro Derailment Cases,* No. 13–5583, 2014 WL 197818, at *3–7 (D.N.J. Jan.13, 2014); *Prudential Ins. Co. of Am. v. Barclays Bank PLC,* No. 12–5854, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan.22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of *Plaintiffs,* and some courts refuse to do so.") *report and recommendation adopted,* No. 12–05854, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronics, Inc.,* No. 10–3019, 2010 WL 4628439, at *5–6 (D.N.J. Nov.5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was accepted in this Circuit (which it clearly is not), it would not apply here.") *report and recommendation adopted,* No. 10–3019, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)).

The Circuit Court of the City of St. Louis has found that the joinder of plaintiffs in product liability actions involving the same products and defendants involved herein is proper. *See Hogans v. Johnson & Johnson*, No. 1422-CC09012-01 (22nd Cir. Ct. Mo. Mar. 17, 2015), *Farrar v. Johnson & Johnson*, No. 1422-CC09964-01 (22nd Cir. Ct. Mo. May 4, 2015).

For the reasons stated in Plaintiffs' Memorandum in Support, incorporated herein, Plaintiffs respectfully request that this Court immediately transfer this action to the Eastern

District of Missouri for the purpose of remanding it to the Circuit Court of the City of St. Louis, Missouri, and afford Plaintiffs such other and further relief as may be just and proper.

Dated: April 10, 2017

Respectfully submitted,

s/ D. Todd Mathews_____
D. Todd Mathews, #52502
Gori Julian & Associates, P.C.
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833 – Telephone
(618) 659-9834 – Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered parties.

                                                _/s/ D. Todd Mathews_____
                                                D. Todd Mathews