IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA MOORE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>Defendants. | **MDL No. 3:16-md-02738-FLW-LHG**<br><br>**Case No. 3:17-cv-02404-FLW-LHG** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RENEWED MOTION TO REMAND**

                                                                                                   D. Todd Mathews
                                                                                                    Gori Julian & Associates, P.C.
                                                                                                    156 N. Main Street
                                                                                                    Edwardsville, IL 62025
                                                                                                    (618) 659-9833 – Telephone
                                                                                                    (618) 659-9834 – Facsimile

                                                                            *Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii

    I. INTRODUCTION ..............................................................................................1

    II. PROCEDURAL HISTORY ................................................................................1

    III. FACTUAL BACKGROUND .............................................................................2

    IV. ARGUMENT

        A.   STANDARD OF REVIEW ........................................................................4

        B.   THIS COURT HAS HELD THAT FRAUDULENT MISJOINDER SHOULD BE RESOLVED BY THE STATE COURT AS A MATTER OF REMOVAL JURISPRUDENCE……………………………..5

        C.   MISSOURI STATE COURTS HAVE CONCLUDED THAT THE JOINDER OF MULTIPLE PLAINTIFFS IN CASES INVOLVING THE SAME PRODUCTS AND DEFENDANTS AT ISSUE HEREIN IS PROPER……………………………………………………………..7

        D.   JUDGES OF THE EASTERN DISTRICT OF MISSOURI AND THE EIGHTH CIRCUIT HAVE CONSISTENTLY DECLINED ADOPTION OF "FRAUDULENT MISJOINDER"……………….8

        E.   THIS COURT SHOULD DECLINE CONSIDERATION OF DEFENDANTS' PERSONAL JURISDICTION ARGUMENTS AS THE SUBJECT MATTER JURISDICTION ANALYSIS IS STRAIGHT FORWARD………………………………………………………………12

    V. CONCLUSION……………………………………………………………………13

    CERTIFICATE OF SERVICE ........................................................................................14

# INDEX OF AUTHORITIES

**Case(s)**

*Barron, et al., v. Abbott Labs., Inc.*,
No. ED103508 (Mo. Ct. App. Nov. 8, 2016)……………………………………………………….8

*Farrar v. Johnson & Johnson*,
No. 1422-CC09964-01 (22nd Cir. Ct. Mo. May 4, 2015)……………………………………...6-7

*Hogans v. Johnson & Johnson*,
No. 1422-CC09012-01 (22nd Cir. Ct. Mo. Mar. 17, 2015)……………………………………..6-7

*Hogans v. Johnson & Johnson*,
No. 4:14-cv-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24, 2014) (Hamilton, J.)………...11

*In re Paulsboro Derailment Cases,*
No. 13–5583, 2014 WL 197818 (D.N.J. Jan.13, 2014)…………………………………………...5

*In re Plavix Product Liability and Marketing Litigation,*
MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654 (D.N.J. Oct. 1, 2014) (Wolfson, J.)…….5-6, 8

*In re Prempro Prods. Liab. Litig.*,
591 F.3d 613, 623-24 (8th Cir. 2010)…………………………………………………….……8-11

*Johnson v. SmithKline Beecham Corp.*,
724 F.3d 337 (3d Cir. 2013)……………………………………………………………………….4

*Matthews v. Fresenius Med. Care N. Am., Inc.*,
No. 4:14-cv-979-JAR, 2014 WL 3579941 (E.D. Mo. July 21, 2014) (Ross, J.)……………........10

*PAS v. Travelers Ins. Co.*,
7 F.3d 349 (3d Cir. 1993)………………………………………………………………………….4

*Prudential Ins. Co. of Am. v. Barclays Bank PLC,*
 No. 12–5854, 2013 WL 221995 (D.N.J. Jan. 22, 2013)…………………………………………………………………………………………….5

*Reuter v. Medtronics, Inc.,*
No. 10–3019, 2010 WL 4628439 (D.N.J. Nov.5, 2010)…………………………………………..6

 *Ruhrgas AG v. Marathon Oil Co.,*
526 U.S. 574, 583-84 (1999)……………………………………………………………....……..12

*Samuel-Bassett v. KIA Motors Am., Inc.*,
 357 F.3d 392 (3d Cir. 2004)……………………………………………………………………….4

*Timms v. Johnson & Johnson,*
No. 4:16-cv-00733, 2016 WL 3667982 (E.D. Mo. July 11, 2016)………………………...….12

*West Virginia v. Bristol Myers Squibb Co.,*
No. 13-cv-1603-FLW, 2014 WL 793569 (D.N.J. Feb. 26, 2014) (Wolfson, J.)………………….4

**Statute(s)**

28 U.S.C. § 1441(a)………………………………………………………………………….…..4
.
28 U.S.C. § 1447(c)……………………………………………………………………………...….4

28 U.S.C. § 1332(a)………………………………………………………………………….....4

FED. R. CIV. P. 20……………………………………………………………………………...…..9

Missouri Rule of Civil Procedure 52.05(a)…………………………………………………….…7

## I.     INTRODUCTION

Plaintiffs[1] in the above-titled action respectfully file their Memorandum in Support of Renewed Motion to Remand, pursuant to Case Management Order No. 1. Plaintiffs request that this Court transfer this action to the Eastern District of Missouri for the purpose of remanding it to the Twenty-Second Judicial Circuit, St. Louis City, Missouri. In support, Plaintiffs state as follows:

## II.     PROCEDURAL HISTORY

On December 8, 2016, Defendants Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Companies, Inc. ("JJCI"), (collectively, the "Johnson & Johnson Defendants") removed this case to the Eastern District of Missouri (Doc. 1). The Judicial Panel on Multidistrict Litigation transferred this action to this Court on April 6, 2017, as part of the *In re Talcum Powder* MDL (Doc. 38).

The Johnson & Johnson Defendants allege diversity of citizenship pursuant to 28 U.S.C. § 1332(a), as their basis for removal. Plaintiffs are citizens of Alabama, Arizona, California, Connecticut, Delaware, the District of Columbia, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Washington, and Wisconsin, (*See* Doc. 1, ¶¶ 25-45; 13, ¶¶ 2-75; 13-1, at ¶¶ 3-56). The Johnson & Johnson Defendants are citizens of New Jersey. Defendant Imerys Talc America f/k/a Luzenac America, Inc. ("Imerys Talc") is a citizen of Delaware and California (Doc. 1, ¶¶ 46-48). Thus, complete diversity is lacking on the face of the Amended Petition, as the Plaintiffs that are citizens of Delaware, California and New Jersey share citizenship with the Defendants.

---

[1] Plaintiffs in this action are the users of J&J's Products or the representatives thereof. For ease of reference, this Response refers to all Plaintiffs as the users of J&J's Products.

1

Despite this facial lack of complete diversity, the Johnson & Johnson Defendants allege that federal subject matter jurisdiction exists because the claims of the non-resident Plaintiffs are improperly joined as there is no personal jurisdiction over the Defendants in regards to the non-resident Plaintiffs' claims and the parameters of FEDERAL RULE OF CIVIL PROCEDURE 20 are not satisfied; thus, the claims of the non-resident Plaintiffs should be dismissed to create diversity (*See* Doc. 1).

### III.    FACTUAL BACKGROUND

At all relevant times, Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing of talcum powder and/or the talcum powder based products, Johnson & Johnson Baby Powder and Shower to Shower (hereinafter "the PRODUCTS"), and introduced such products into interstate commerce with knowledge and intent that such products be sold in the States of Alabama, Arizona, California, Connecticut, Delaware, the District of Columbia, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Washington, Wisconsin, and all other States.

Plaintiffs jointly allege state law claims against Defendants for injuries suffered as a direct result of Plaintiffs' perineal use of the PRODUCTS. Specifically, Plaintiffs allege, among other things, the PRODUCTS: when put to a reasonably foreseeable use, were in an unreasonably dangerous and defective condition because they failed to contain adequate and proper warnings and/or instructions regarding the increased risk of ovarian cancer associated with the use of the PRODUCTS by women to powder their perineal area; were defective because they failed to conform to express factual representations upon which Plaintiffs justifiably relied

2

in electing to use the products; did not meet the standard of merchantable quality, safe for the use in the perineal area, for which the PRODUCTS were intended; and were not fit for their common, ordinary and intended uses, including by women in the perineal area.

It is further alleged Defendants: failed to properly and adequately warn and instruct Plaintiffs as to the risks and benefits of the PRODUCTS given Plaintiffs' need for this information; knew or should have known the use of talcum powder based products in the perineal area significantly increases the risk of ovarian cancer based upon scientific knowledge dating back to the 1960s, while also knowing warnings were not provided to consumers of the PRODUCTS; failed to properly test their products to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use, thereby failing to determine the increased risk of ovarian cancer during the normal and/or intended use of the PRODUCTS; failed to inform users of the safe and proper methods of handling and using the PRODUCTS; failed to remove the PRODUCTS from the market when the Defendants knew or should have known the PRODUCTS were defective; failed to instruct the public in general and the Plaintiffs in particular of the known dangers of using the PRODUCTS for dusting the perineum; failed to advise users how to prevent or reduce exposure that caused increased risk for ovarian cancer; marketed and labeled the PRODUCTS as safe for all uses despite knowledge to the contrary; failed to act like reasonably prudent companies under the circumstances; conspired and acted in concert among themselves to cause Plaintiffs' injuries by exposing the Plaintiffs to harmful and dangerous PRODUCTS by depriving the Plaintiffs the opportunity of informed free choice as to whether to use the PRODUCTS or expose her to said dangers through willful misrepresentation and suppression of the truth as to the risks and dangers associated with the use of and exposure to the PRODUCTS; and acted willfully, wantonly, with an evil motive, and with

reckless disregard by knowingly exposing Plaintiffs to an unreasonably high risk of ovarian cancer, while affirmatively minimizing the risk through marketing and promotional efforts and product labeling.

As noted above, complete diversity is lacking on the face of the Amended Petition, as the Plaintiffs that are citizens of California, New Jersey, and Delaware share citizenship with Defendants.

## IV. ARGUMENT

### A. Standard of Review

As this Court has recognized, as this is an MDL-related proceeding which originated in Missouri on the alleged basis of diversity of citizenship, this Court shall apply the substantive law of the transferor court, including choice-of-law rules, and the procedural law of the Third Circuit. *See West Virginia v. Bristol Myers Squibb Co.,* No. 13-cv-1603-FLW, 2014 WL 793569, *2 (D.N.J. Feb. 26, 2014) (Wolfson, J.) (citing *Paul v. Intel Corp.,* No. 05–1717, 2010 U.S. Dist. LEXIS 144511, at *163 (D. Del. Jul. 28, 2010); *Various Plaintiffs v. Various Defendants ("Oil Field Cases"),* 673 F. Supp. 2d 358, 363 (E.D. Pa. 2009)).

A defendant may remove, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of showing that at all stages of litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "The removal statute should be strictly construed and all doubts resolved in favor of remand," *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

4

Plaintiffs challenge removal through motions to remand to state court. *See* 28 U.S.C. § 1447(c). Grounds for remand include: (1) lack of subject-matter jurisdiction or (2) a defect in the removal procedures. *See PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) (citing 28 U.S.C. § 1447(c)). Plaintiffs instantly argue that subject-matter jurisdiction does not exist as diversity of citizenship is not present on the face of the Amended Petition. Diversity jurisdiction under 28 U.S.C. § 1332(a) exists only where there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a).

### B. This Court has Held that Fraudulent Misjoinder Should be Resolved by the State Court as a Matter of Removal Jurisprudence

The Johnson & Johnson Defendants' removal arguments rest on the theory of "fraudulent misjoinder" as they argue Plaintiffs' claims do not arise out of the same transaction or occurrence and thus should be severed and dismissed to create diversity. *See* FED. R. CIV. P. 20. The Eleventh Circuit first noted that while improper joinder can operate to defeat a defendant's right of removal, the joinder at issue must be "egregious." *See In re Plavix Product Liability and Marketing Litigation,* MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654, *10 (D.N.J. Oct. 1, 2014) (Wolfson, J.) (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996)). In *Tapscott,* the "egregious" nature of the joinder arose in part from the fact there was "no real connection" among the facts of the underlying claims. *Id.* (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1289 (11th Cir. 1998)). As this Court has recognized, the Third Circuit has not addressed the issue of fraudulent misjoinder. *Id.* at *11 (citing *In re Avandia Mktg., Sales Practices & Products Liab. Litig.,* 624 F. Supp. 2d 396, 412 n. 46 (E.D. Pa. 2009)). However, this Court has noted that the "overwhelming number of courts in this district have declined to apply the fraudulent misjoinder doctrine." *Id.* (citing *Kaufman v. Allstate Ins. Co.,* No. 07–6160, 2010 WL 2674130, at *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third

5

Circuit, and noting other district courts' reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp.,* No. 11–02900, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011) ("This Court declines to include procedural misjoinder as an alternative ground for fraudulent joinder."); *In re Paulsboro Derailment Cases,* No. 13–5583, 2014 WL 197818, at *3–7 (D.N.J. Jan.13, 2014); *Prudential Ins. Co. of Am. v. Barclays Bank PLC,* No. 12–5854, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan.22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of *Plaintiffs,* and some courts refuse to do so.") *report and recommendation adopted,* No. 12–05854, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronics, Inc.,* No. 10–3019, 2010 WL 4628439, at *5–6 (D.N.J. Nov.5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was accepted in this Circuit (which it clearly is not), it would not apply here.") *report and recommendation adopted,* No. 10–3019, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)).

Further, this Court has reviewed the extensive, persuasive case law on the subject, and noted that the application of fraudulent misjoinder, "amounts to an improper expansion of the scope of federal jurisdiction by federal courts," has created "enormous judicial confusion and inconsistencies engendered by the doctrine," and would unnecessarily require, "the Court to wade into a thorny thicket of unsettled law." *Id.* at 12 (citing *Rutherford v. Merck & Co., Inc.,* 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006)). Ultimately, this Court held, in the context of a multidistrict pharmaceutical litigation similar to the one at issue herein, that "the issue of misjoinder should be resolved by the state court as a matter of removal jurisprudence." *Id.* at *10. The Court should follow its previous reasoning and similarly hold that fraudulent misjoinder does not apply in this instance to create subject matter jurisdiction.

### C. Missouri State Courts have Concluded that the Joinder of Multiple Plaintiffs in Cases Involving the Same Products and Defendants at Issue Herein is Proper

This Court has expressly held that the issue of misjoinder should be resolved by the state court. Thus, it is relevant to note that the state court at issue, the Circuit Court of the City of St. Louis, Missouri, has already determined that the joinder of plaintiffs in actions involving these same products and defendants instantly at issue is proper. *See Hogans v. Johnson & Johnson*, No. 1422-CC09012-01 (22nd Cir. Ct. Mo. Mar. 17, 2015) (attached as Ex. 1); *Farrar v. Johnson & Johnson*, No. 1422-CC09964-01 (22nd Cir. Ct. Mo. May 4, 2015) (attached as Ex. 2). In both *Hogans* and *Farrar,* the court recognized that "[t]he policy of the law is to try all issues arising from the same occurrence or series of occurrences together." (*Hogans*, Ex. 1, at 20; *Farrar*, Ex. 2, at 23). "Events arise out of the same series of transactions or occurrences when they have either a common scheme or design, or if all acts or conduct are connected with a common core, common purpose, or common event." (*Hogans*, Ex. 1, at 20; *Farrar*, Ex. 2, at 23-24). In applying the applicable joinder rules to plaintiffs' claims in *Hogans* and *Farrar*, the circuit court stated:

> Here, the . . . Plaintiffs' claims clearly do present common questions of both law and fact as to, *inter alia*, the origins of Plaintiffs' ovarian cancer injuries, and arise out of the same "series" of transactions or occurrences within the broad meaning of Rule 52.05. Plaintiffs allege that they each were damaged by the same wrongful conduct of mining, manufacturing, studying, testing distributing, marketing, and selling, etc., the talcum-based products in question. For each individual Plaintiff's claim herein, *many* of the core issues are commonly and essentially the same: the same talc miner and manufacturer; the same basic injuries; same defect; same alleged duty owed to each Plaintiff; same causes of action alleged; same alleged failure to warn *in spite of* alleged knowledge that the Products were carcinogenic; and during the course of litigation it is likely that much or even most of the evidence will deal with liability and causation issues that are common and shared among all of the Plaintiffs relative to the dangers inherent in perineal use of the two talc products at issue; etc.

7

(*Hogans*, Ex. 1, at 21-22; *Farrar*, Ex. 2, at 24-26). Thus, the circuit court concluded that the Plaintiffs' claims were properly joined pursuant to Missouri Rule of Civil Procedure 52.05(a), and that severance was thus not required (*Hogans*, Ex. 1, at 22; *Farrar*, Ex. 2, at 26). The Defendants filed Petitions for Writ of Prohibition and/or Mandamus with the Court of Appeals for the Eastern District of Missouri and the Missouri Supreme Court, which were all denied (*See Hogans* and *Farrar* Court of Appeals and Supreme Court Orders (attached as Ex. 3)). There is no procedural distinction between the joinder of Plaintiffs' claims in this action and those at issue in *Hogans* and *Farrar*. Moreover, the Missouri Supreme Court has recently reiterated that the joinder of claims asserted against defendants for the same conduct, including the failure to disclose information concerning the harmful effects of a product, is proper under Missouri law. *Barron, et al., v. Abbott Labs., Inc.,* No. ED103508 (Mo. Ct. App. Nov. 8, 2016) (attached as Ex. 4). Thus, as the propriety of joinder is an issue to be decided by the state court, this Court should transfer this action to the Eastern District of Missouri with instructions for its remand to the Circuit Court of the City of St. Louis, Missouri, for a determination of whether joinder is proper. *In re Plavix,* 2014 WL 4954654 at *10.

### D. Judges of the Eastern District of Missouri and the Eighth Circuit Have Consistently Declined Adoption of "Fraudulent Misjoinder"

While not binding on this Court, as these cases were removed to the Eastern District of Missouri, it is notable that the Eighth Circuit and the vast majority of judges within the Eastern District of Missouri do not recognize the application of fraudulent misjoinder under the circumstances presented here. *See Plavix,* 2014 WL 4954654 at *13 ("While these California decisions [referring to the decisions of federal district courts in California that explicitly rejected the doctrine] are not binding on this Court, they are nonetheless helpful because the instant

member cases are transferred from California."). The Eighth Circuit has stated that when presented with an argument of fraudulent misjoinder, the court's sole task is to determine whether the Plaintiffs are so egregiously misjoined that fraudulent joinder has taken place; it is not the reviewing court's place to determine whether the claims are properly joined. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 623-24 (8th Cir. 2010). Similarly to this Court, the Eighth Circuit has noted that the propriety of joinder is an issue for the state court to decide. *See id* (citing *Johnson v. Glaxo Smith Kline*, 214 F.R.D. 416, 421 (S.D. Miss. Mar. 29, 2002)).

In *Prempro*, the claims of diverse and non-diverse women, or next-of-kin of deceased women, were joined in three cases against various manufacturers of hormone replacement therapy (HRT) drugs alleged to have caused breast cancer. *See* 591 F.3d at 617. The district court denied the plaintiffs' motion for remand on the basis of fraudulent misjoinder. *Id.* In reversing the district court, the *Prempro* Court analyzed FEDERAL RULE OF CIVIL PROCEDURE 20(a)(1), which "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *Id.* at 622. Specifically, "[i]n construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *Id.* Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Id.* (citing *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

In light of the Rule 20 standards, which are identical to those of Missouri Rule of Civil Procedure 52.05(a), the *Prempro* Court found the defendants had not met their burden of establishing subject matter jurisdiction. The plaintiffs' claims arose from a series of transactions between HRT pharmaceutical manufacturers and individuals that used HRT drugs; the plaintiffs

9

alleged that the manufacturers conducted a national sales and marketing campaign to falsely promote the safety and benefits and understate the risks of HRT drugs; the plaintiffs' allegations were logically related as they claimed that they developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs; and some of the plaintiffs took several HRT drugs made by different manufacturers. *Id.* at 623. Further, given the nature of the plaintiffs' claims, the litigation was likely to contain common questions of law and fact, such as causation and the manufacturers' knowledge. Given the likely "palpable connection between the plaintiffs' claims against the manufacturers," the court could not say that the plaintiffs' claims had "'no real connection' to each other such that they [were] egregiously misjoined." *Id.* Thus, the *Prempro* Court concluded that, "[b]ecause the joinder of claims in this case does not constitute egregious misjoinder, complete diversity does not exist and the district court erred in denying plaintiffs' motions to remand to state court." *Id.* at 624.

A multitude of judges within the Eastern District of Missouri have followed the reasoning of *Prempro* and found that joinder of plaintiffs' claims alleging injuries arising from the same prescription drug product are "sufficiently related to support joinder." *See, e.g., Matthews v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-cv-979-JAR, 2014 WL 3579941 (E.D. Mo. July 21, 2014) (Ross, J.).[2] Plaintiffs request that this Court apply the same reasoning to the circumstances of this talcum powder products liability case.

---

[2] *See also Triplett v. Janssen Pharms., Inc.,* No. 4:14-cv-02049-AGF (E.D. Mo. July 7, 2015) (Risperdal); *Dickerson v. GlaxoSmithKline, LLC,* No. 4:10-CV-972-AGF, 2010 U.S. Dist. LEXIS 69070 (E.D. Mo. July 12, 2010) (Avandia); *Liston Ward, et al. v. Janssen Pharms., Inc., et al.*, No. 4:14-cv-1349-JCH (E.D. Mo. July 15, 2015) (Risperdal) *see also Hogans v. Johnson & Johnson*, No. 4:14–cv–1385-JCH, 2014 WL 4749162 (E.D. Mo. Sep. 24, 2014) (Talcum Powder); *Loyd v. Johnson & Johnson*, No. 4:14-cv-1904-RWS (E.D. Mo. Nov. 13, 2014) (Talcum Powder); *Swann v. Johnson & Johnson,* No. 4:14-cv-1546 (E.D. Mo. Dec. 3, 2014) (Talcum Powder); *Littlejohn, et al. v. Janssen Research & Development, LLC, et al.,* No. 15-cv-00194-NAB-CDP (Xarelto); *Clark et al. v. Pfizer, Inc., et al.*, 4:15-cv-546-HEA (E.D. Mo. Aug. 5, 2015) (Lipitor); *Antone Gracey, et al., v. Janssen Pharms., Inc., et al.,* 4:15-cv-407 –CEJ (E.D. Mo. May 4, 2015) (Risperdal); *Clayton, et al. v. Janssen Pharms., Inc,* No. 14-cv-1927-

As District Judge Hamilton of the Eastern District of Missouri stated when remanding a nearly identical action:

> Plaintiffs have alleged joint action between the Defendants in the manufacturing, testing, promoting, warning, marketing, and selling of products containing talcum powder. They claim that the main substance in talcum powder has long been linked with an increased risk of ovarian cancer, that Defendants at least should have known about that increased risk, and that Defendants acted in concert to conceal the information from customers. Plaintiffs have all allegedly used talcum powder in a similar manner, albeit for different periods of time, and they have all allegedly developed ovarian cancer as a result. While the [Johnson & Johnson Defendants] are correct that there may be some differences between each of the Plaintiffs' claims, the similarity to the facts in *Prempro* requires the conclusion that there is a logical connection between the claims such that the fraudulent misjoinder doctrine, even if it were adopted, is inapplicable.

---

JAR (E.D. Mo. Apr. 16, 2015) (Risperdal); *Morgan v. Janssen Pharms., Inc.,* No. 4:14-CV-1346 (CAS), 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014) (Risperdal)*; Butler v. Ortho-McNeil-Janssen Pharms., Inc.,* No. 4:14-CV-1485 (RWS), 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014) (Risperdal); *Orrick v. Smithkline Beecham Corp.*, No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014); *Davwood v. Pfizer Inc.,* 4:14-CV-970-CEJ, 2014 U.S. Dist. LEXIS 78678, at *5 (E.D. Mo. June 10, 2014) (remanding Lipitor cases); *Fenner v. Wyeth,* 912 F. Supp. 2d 795 (E.D. Mo. 2012) (Prempro); *Hall v. GlaxoSmithKline, LLC,* 706 F. Supp. 2d 947 (E.D. Mo. 2010) (Avandia); *Pryor v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-CV-964-JAR, 2014 U.S. Dist. LEXIS 98514 (E.D. Mo. July 21, 2014); (Granuflo); *Couch v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-CV-955-JAR, 2014 U.S. Dist. LEXIS 98519 (E.D. Mo. July 21, 2014) (Granuflo); *Nesbitt v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-CV-976-JAR, 2014 U.S. Dist. LEXIS 98525 (E.D. Mo. July 21, 2014) (Granuflo); *Matthews v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-CV-979-JAR, 2014 U.S. Dist. LEXIS 98526 (E.D. Mo. July 21, 2014) (Granuflo); *McGee v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-CV-967-SNLJ, 2014 U.S. Dist. LEXIS 90735 (E.D. Mo. July 3, 2014) (Granuflo); *Bluestein v. Fresenius Med. Care N. Am., Inc.,* No. 4:14-CV-973-ERW, 2014 U.S. Dist. LEXIS 86933 (E.D. Mo. June 26, 2014) (citing *Weaver, et al., v. Fresenius Medical Care N. Amer., Inc.,* No. 4:14- CV-959-RWS, slip op. (E.D. Mo. May 29, 2014)) (Granuflo); *Jennings v. Pfizer, Inc.,* No. 4:14-CV-276-HEA, 2014 U.S. Dist. LEXIS 81044 (E.D. Mo. May 8, 2014) (Lipitor); *Lovett v. Pfizer, Inc.,* No. 4:14-CV-458-CEJ, 2014 U.S. Dist. LEXIS 39983 (E.D. Mo. Mar. 26, 2014) (Lipitor); *Spiller v. Fresenius USA, Inc.,* No. 4:13-CV-2538- HEA, 2014 U.S. Dist. LEXIS 9727, 2014 WL 294430 (E.D. Mo. Jan. 27, 2014) (Granuflo); *Woodside v. Fresenius Med. Care N. Am.,* No. 4:13-CV-2463-CEJ, 2014 U.S. Dist. LEXIS 5078, 2014 WL 169637 (E.D. Mo. Jan. 15, 2014) (Granuflo); *Aday v. Fresenius Med. Care N. Am., Inc.,* No. 4:13-CV-2462-CEJ, 2014 U.S. Dist. LEXIS 5066, 2104 WL 169634 (E.D. Mo. Jan. 15, 2014) (Granuflo); *Agnew v. Fresenius Medical Care North America, Inc.,* No. 4:13-CV-2468-TCM, 2014 U.S. Dist. LEXIS 2536, 2014 WL 82195 (E.D. Mo. Jan. 9, 2014) (Granuflo); *Jackson v. Pfizer Inc.,* No. 4:13-CV-1915-RWS, 2013 U.S. Dist. LEXIS 186545 (Oct. 15, 2013) (Lipitor); *Spears v. Fresenius Med. Care N. Am.,* Case No. 4:13-CV-855-CEJ, 2013 U.S. Dist. LEXIS 82423, 2013 WL 2643302 (E.D. Mo. June 12, 2013) (Granuflo); *M.B. v. Abbott Labs., Inc.,* No. 4:12-CV-1250-CAS, 2012 U.S. Dist. LEXIS 152588 (E.D. Mo. Oct. 24, 2012) (Depakote); *T.F. v. Pfizer, Inc.,* Case No. 4:12-cv-01221-CDP, 2012 U.S. Dist. LEXIS 101859 (E.D. Mo. July 23, 2012) (Zoloft); *S.L. v. Pfizer, Inc.,* No. 4:12-cv-00420-CEJ, 2012 U.S. Dist. LEXIS 103134 (E.D. Mo. April 4, 2012) (Zoloft); *Madderra v. Merck Sharpe & Dohme Corp.,* No. 4:11-CV-1673-JCH, 2012 U.S. Dist. LEXIS 22862 (E.D. Mo. Feb. 23, 2012) (Fosamax); *Townsend v. Hoffmann-La Roche, Inc.,* No. 4:11-CV- 1420, 2011 U.S. Dist. LEXIS 98964 (E.D. Mo. Sept. 1, 2011) (Accutane); *Coleman v. Bayer Corp,* No. 4:10-CV-1639-SNLJ, 2010 U.S. Dist. LEXIS 143673 (E.D. Mo. Dec. 9, 2010) (Trasylol); *Hudson v. Glaxosmithkline, LLC,* No. 4:10-CV-970-TIA, 2010U.S. Dist. LEXIS 72650 (E.D. Mo. July 20, 2010) (Avandia); *Aurillo v. GlaxoSmithKline, LLC,* No. 4:10-CV-968 SNLJ, 2010 U.S. Dist. LEXIS 68348 (E.D. Mo. July 9, 2010) (Avandia); *Douglas v. GlaxoSmithKline, LLC,* No. 4:10-CV-971-CDP, 2010 U.S. Dist. LEXIS 66234 (E.D. Mo. July 1, 2010) (Avandia).

*Hogans v. Johnson & Johnson*, No. 4:14-cv-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24, 2014) (Hamilton, J.).

Thus, Plaintiffs' claims all relate to ovarian cancer allegedly caused by Plaintiffs' use of the PRODUCTS in their perineal regions and Defendants' knowledge of the risks of such injuries. Issues surrounding Defendants' testing, marketing, and labeling are common to all Plaintiffs' claims. In this instance, Plaintiffs' claims are related to a single substance, talc, manufactured by Defendant Imerys Talc, which was used in the development of talc-based products that were manufactured by the Johnson & Johnson Defendants. Thus, the case for proper joinder is even more persuasive here than in *In re Prempro*. Moreover, Defendants have failed to present evidence that the joinder of the non-diverse Plaintiffs borders on a "sham." Because common issues of fact and law are likely to arise, Plaintiffs' joinder does not warrant application of fraudulent misjoinder and complete diversity does not exist. Accordingly, remand of this action is required. *See id.*

### E. This Court Should Decline Consideration of Defendants' Personal Jurisdiction Arguments as the Subject Matter Jurisdiction Analysis is Straight Forward

Additionally, the Johnson & Johnson Defendants' Notice of Removal urges the federal court to address personal jurisdiction before determining whether subject-matter jurisdiction exists. District courts have the discretion to address certain threshold issues, such as personal jurisdiction, without a finding of subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999). However, *Ruhrgas* makes clear this discretion should only be used in cases where the subject matter jurisdiction inquiry is "arduous" in comparison to personal jurisdiction. *Id.* at 588.

In this case, complete diversity is indisputably not present on the face of the Amended Petition. The Johnson & Johnson Defendants' allegations of subject matter jurisdiction rest on

12

"fraudulent misjoinder," a doctrine that this Court and many others within this District have declined to adopt. Again, although not binding on this Court, it is notable that judges within the Eastern District of Missouri have remanded similar talcum powder products liability actions, specifically finding that the identical subject matter jurisdiction inquiry presented herein is straight-forward and not arduous. *See Timms v. Johnson & Johnson,* No. 4:16-cv-00733, 2016 WL 3667982, *2 (E.D. Mo. July 11, 2016) (citing *Ruhrgas.,* 526 U.S. at 586-88) ("the Court declines to rule on issues of personal jurisdiction first, as the inquiry regarding subject matter jurisdiction is not arduous, and the issues of personal jurisdiction and venue would require a more fact-intensive inquiry"). Notably, Missouri state courts have rejected Defendants' personal jurisdiction arguments. (*Hogans*, Ex. 1, at 4-18; *Farrar*, Ex. 2, at 4-21). Thus, Plaintiffs request that this Court address the issue of subject matter jurisdiction before addressing personal jurisdiction, as it is straightforward and not arduous. *See Ruhrgas,* 526 U.S. at 586-88.

## V. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant their renewed motion to remand this action and enter an Order transferring this action to the Eastern District of Missouri for the purpose of remand to the Circuit Court of the City of St. Louis, Missouri, together with any further orders that this Court deems just and proper.

Dated: April 10, 2017

                              Respectfully submitted,

                              s/ D. Todd Mathews_____
                              D. Todd Mathews, #52502
                              Gori Julian & Associates, P.C.
                              156 N. Main Street
                              Edwardsville, IL 62025
                              (618) 659-9833 – Telephone
                              (618) 659-9834 – Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered parties.

                                            /s/ D. Todd Mathews
                                            D. Todd Mathews