## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) |
| | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This Document Relates to: All Plaintiffs

## DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED MASTER LONG FORM COMPLAINT AND JURY DEMAND

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc. (collectively "Defendants") respond to Plaintiffs' First Amended Master Long Form Complaint (hereinafter "Amended Master Complaint") as follows. Defendants deny each and every allegation, statement, matter and thing contained in Plaintiffs' Amended Master Complaint except as is hereinafter expressly admitted or alleged. The repetition of some of the Amended Master Complaint's subheadings is done solely for organization purposes and is not an admission as to their truth.

## PARTIES

1.     Defendants deny the allegations in paragraph 1 of the Amended Master Complaint.

2.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same. Defendants deny the remaining allegations in paragraph 2 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

3.     Defendants admit that Johnson & Johnson is incorporated and has its principal in the State of New Jersey. Defendants state that the remaining allegations in paragraph 3 of the Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary, but, to the extent a response may be required, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.

4.     Defendants deny the allegations in paragraph 4 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, tested, promoted, sold, distributed, or introduced into commerce, JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.

5.     Defendants admit that Johnson & Johnson Consumer Inc. is incorporated and has its principal in the State of New Jersey. Defendants state that

the remaining allegations in paragraph 5 of the Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary, but, to the extent a response may be required, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.

6.     Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and Shower to Shower®, during relevant time periods. Defendants further state that Johnson & Johnson Consumer Inc.'s products, including JOHNSON'S® Baby Powder and Shower to Shower®, are retailed and sold nationwide. Defendants deny the remaining allegations in paragraph 6 of the Amended Master Complaint.

7.     Defendants admit that JOHNSON'S® Baby Powder and SHOWER TO SHOWER are the products of Defendant Johnson & Johnson Consumer Inc. and that this entity manufactured, designed, and marketed the products at issue during relevant time periods and that the products at issue in this suit are retailed and sold nationwide.  Defendants specifically deny that Johnson & Johnson, designed, manufactured, or marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® or introduced these products into interstate commerce during

relevant time periods.  Defendants deny all remaining allegations in paragraph 7 of the Amended Master Complaint.

8.     Defendants admit that Johnson & Johnson Consumer Inc. is a wholly owned subsidiary of Johnson & Johnson and deny all remaining allegations in paragraph 8 of the Amended Master Complaint.

9.     The allegations contained in paragraph 9 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

10.     The allegations contained in paragraph 10 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary except that Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc. including for the products at issue in this case during time periods relevant to this lawsuit.

11.     Defendants state that PCPC is a trade association representing the cosmetics industry.  Defendants admit that Johnson & Johnson Consumer Inc. has been a member of PCPC (formerly CTFA) since 1983.  The remaining allegations contained in paragraph 11 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

12.     Defendants state that PCPC is a trade organization representing the cosmetics industry.  The remaining allegations contained in paragraph 12 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is necessary, Defendants deny the remaining allegations in paragraph 12 of the Amended Master Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Amended Master Complaint concerning Defendants John Does/Jane Does 1-30, and therefore, Defendants deny the same.  Defendants reserve the right to amend their answer in the event Plaintiffs amend their complaint substituting parties currently unknown to Defendants.

14.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Amended Master Complaint concerning Defendants Unknown Businesses and/or Corporations A-Z, and therefore, Defendants deny the same.  Defendants reserve the right to amend their answer in the event Plaintiffs amend their complaint substituting parties currently unknown to Defendants.

## JURISDICTION AND VENUE

15.     In the context of a Master Complaint, this allegation cannot be addressed; Defendants admit this Court has jurisdiction where there is diversity of citizenship.

16.     Defendants admit that Plaintiffs have pleaded a claim for damages that meets the amount in controversy requirement.   All remaining allegations contained in paragraph 16 of the Amended Master Complaint are denied.

17.     Defendants state that the allegations in paragraph 17 of the Amended Master Complaint call for a legal conclusion to which no response is necessary, but, to the extent a response may be required, the allegations are denied.

18.     Defendants state that the allegations in paragraph 18 of the Amended Master Complaint pertaining to jurisdiction and venue call for a legal conclusion to which no response is necessary, but, to the extent a response may be required, the allegations are denied.

## FACTUAL ALLEGATIONS

19.     Defendants state that talc is a powdered, selected, natural, hydrated magnesium silicate that is mined from the earth.

20.     Defendants state that talc is used in a wide array of products, including cosmetics.  Defendants further state that there are cosmetic powders that

are comprised mainly of talc as well as other cosmetic powders that include talc with a blend of other ingredients.

21.     Defendants deny the allegations in paragraph 21 of the Amended Master Complaint.

22.     Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for JOHNSON'S® Baby Powder and Shower to Shower®—products manufactured and marketed exclusively by Johnson & Johnson Consumer Inc. during relevant time periods.   Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 22 of the Amended Master Complaint, and therefore, Defendants deny the same.

23.     The allegations contained in paragraph 23 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

24.     Defendants state that Plaintiffs' interpretations of the events described in paragraph 24 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 24 of the Amended Master Complaint.

25.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-

provided labeling accompanying the product during relevant time periods. Defendants further state that the statements on the bottle of JOHNSON'S® Baby Powder and from the JOHNSON'S® Baby Powder and SHOWER TO SHOWER® websites speak for themselves.

26.     Defendants state that Johnson & Johnson Consumer Inc. marketed SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods.   Defendants further state that the statements on the bottle of SHOWER TO SHOWER® speak for themselves.

27.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.   Defendants state that the labels referenced in paragraph 27 of the Amended Master Complaint speak for themselves.  Defendants deny the remaining allegations in paragraph 27 of the Amended Master Complaint.

28.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the study cited in paragraph 28 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 28 of the Amended Master Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Amended Master Complaint.

30.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the study cited in paragraph 30 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations concerning this study in paragraph 30 of the Amended Master Complaint.  Further, Defendants state that Plaintiffs' interpretations of the events described in paragraph 30 of the Amended Master Complaint are erroneous and/or taken out of context. Therefore, Defendants deny the allegations concerning the events described in paragraph 30 of the Amended Master Complaint.

31.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the document referenced in paragraph 31 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 31 of the Amended Master Complaint.

32.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the studies referenced in paragraph 32 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 32 of the Amended Master Complaint.

33.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the study cited in paragraph 33 of the Amended Master Complaint are

erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 33 of the Amended Master Complaint.

34.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 34 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 34 of the Amended Master Complaint.

35.    Defendants deny the allegations in paragraph 35 of the Amended Master Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Amended Master Complaint.

37.    Defendants state that the Cosmetic Ingredient Review reviews the safety of ingredients used in the cosmetic and personal care products industry. Defendants deny the remaining allegations in paragraph 37 of the Amended Master Complaint.

38.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 38 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 38 of the Amended Master Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Amended Master Complaint.

40.     Defendants state that Plaintiffs' interpretations of the events described in paragraph 40 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 40 of the Amended Master Complaint.

41.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the letter and study cited in paragraph 41 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 41 of the Amended Master Complaint.   Additionally, Defendants state that Plaintiffs' interpretations of the events described in paragraph 41 of the Amended Master Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 41 of the Amended Master Complaint.

42.     Defendants state that Plaintiffs' interpretations of the events described in paragraph 42 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 42 of the Amended Master Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Amended Master Complaint.

44.     Defendants state that Plaintiffs' interpretations of and conclusions drawn by the paper cited in paragraph 44 of the Amended Master Complaint are

erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 44 of the Amended Master Complaint.

45.    Defendants state that Plaintiffs' interpretations of the events and Act described in paragraph 44 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 45 of the Amended Master Complaint.

46.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 45 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 46 of the Amended Master Complaint.

47.    Defendants admit that the Cancer Prevention Coalition filed a Citizen Complaint with the Food and Drug Administration ("FDA") regarding talc products and further state that the interpretations of and conclusions drawn in the Citizen Complaint, as cited by Plaintiffs, are erroneous and/or taken out of context. As such, Defendants deny the remaining allegations in paragraph 47 of the Amended Master Complaint.

48.    Defendants state that Plaintiffs' interpretations of and conclusions drawn by the study cited in paragraph 48 of the Amended Master Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 48 of the Amended Master Complaint.

49.     Defendants state that Plaintiffs' interpretations of the events described in paragraph 49 of the Amended Master Complaint are erroneous and/or taken out of context.   Defendants further state that Plaintiffs' interpretations of and conclusions drawn by the pamphlet cited in paragraph 49 of the Amended Master Complaint are erroneous and/or taken out of context.   As such, Defendants deny the allegations in paragraph 49 of the Amended Master Complaint.

50.     Defendants state that the allegations in paragraph 50 of the Amended Master Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations. Responding further, Defendants deny the remaining allegations in paragraph 50 of the Amended Master Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

52.     Defendants deny the allegations in paragraph 52 of the Amended Master Complaint.

## Federal Standards and Requirements

53.     Defendants admit that talcum powder products are cosmetic products and that they are regulated by the FDA.

54.     Defendants state that the allegations in paragraph 54 of the Amended Master Complaint call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.   Defendants further state that Johnson & Johnson Consumer Inc. designed, manufactured, and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants deny the remaining allegations in paragraph 54 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, designed, marketed, branded, labeled, distributed, or sold the products at issue in this case during relevant time periods.

55.     Defendants deny the allegations in paragraph 55 of the Amended Master Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Amended Master Complaint.

## COUNT I – STRICT LIABILITY – FAILURE TO WARN
### (Against Imerys Talc)

57.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint. The allegations contained in paragraph 57 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

58.    Defendants deny the allegations in paragraph 58 of the Amended Master Complaint.

59.    Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for JOHNSON'S® Baby Powder and SHOWER TO SHOWER®—products manufactured and marketed by Johnson & Johnson Consumer Inc. during relevant time periods.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and Shower to Shower® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 59 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, packaged, or sold the products at issue in this case during relevant time periods.

60.    Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for JOHNSON'S® Baby Powder and SHOWER TO SHOWER®—products manufactured and marketed by Johnson & Johnson Consumer Inc. during relevant time periods.  Defendants specifically deny that Johnson & Johnson manufactured, designed, or produced the products at issue in this case during relevant time periods.  Defendants deny the remaining allegations in paragraph 60 of the Amended Master Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Amended Master Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Amended Master Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Amended Master Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Amended Master Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Amended Master Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT II – STRICT LIABILITY – FAILURE TO WARN
### (Against the Johnson & Johnson Defendants)

67.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 67 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

68.     Defendants deny the allegations in paragraph 68 of the Amended Master Complaint.

69.     Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.   Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this case, are retailed and sold nationwide.   Defendants deny the remaining allegations in paragraph 69 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, formulated, designed, marketed, tested, promoted, sold, or distributed the products at issue in this case, or otherwise introduced the products into interstate commerce during relevant time periods.

70.     Defendants deny the allegations in paragraph 70 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

71.     Defendants deny the allegations in paragraph 71 of the Amended Master Complaint, and specifically deny that cosmetic grade talc causes ovarian cancer.   Defendants further specifically deny that Johnson & Johnson manufactured and supplied the products at issue in this suit during relevant time periods.

72.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 72 of the Amended Master Complaint concerning Plaintiffs' alleged usage of the products at issue, and, therefore, Defendants deny the same.  Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and Shower to Shower® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 72 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, or supplied, the products at issue in this case during relevant times.

73.     Defendants deny the allegations in paragraph 73 of the Amended Master Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

75.     Defendants deny the allegations in paragraph 75 of the Amended Master Complaint.

## COUNT III – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against Imerys Talc)

76.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The allegations contained in paragraph 76 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is required.

77.     Defendants deny the allegations in paragraph 77 of the Amended Master Complaint.

78.     Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for JOHNSON'S® Baby Powder and SHOWER TO SHOWER®—products manufactured and marketed by Johnson & Johnson Consumer Inc. during relevant time periods.    Defendants deny the remaining allegations in paragraph 78 of the Amended Master Complaint.

79.     The allegations contained in paragraph 79 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

80.     Defendants deny the allegations in paragraph 80 of the Amended Master Complaint.

81.    Defendants deny the allegations in paragraph 81 of the Amended Master Complaint.

82.    Defendants deny the allegations in paragraph 82 of the Amended Master Complaint.

83.    Defendants deny the allegations in paragraph 83 of the Amended Master Complaint.

## COUNT IV – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against the Johnson & Johnson Defendants)

84.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 84 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

85.    Defendants deny the allegations in paragraph 85 of the Amended Master Complaint.

86.    Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed JOHNSON'S® Baby Powder and Shower to Shower® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this case, are retailed and sold nationwide.  Defendants deny the remaining allegations in

paragraph 86 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, formulated, created, designed, tested, labeled, packaged, supplied, marketed, promoted, sold, advertised, or distributed the products at issue in this case, or otherwise introduced the products into interstate commerce during relevant time periods.

87.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 87 of the Amended Master Complaint, and therefore Defendants deny the same.

88.    Defendants deny the allegations in paragraph 88 of the Amended Master Complaint.

89.    Defendants deny the allegations in paragraph 89 of the Amended Master Complaint.

90.    Defendants deny the allegations in paragraph 90 of the Amended Master Complaint.

91.    Defendants deny the allegations in paragraph 91 of the Amended Master Complaint.

92.    Defendants deny the allegations in paragraph 92 of the Amended Master Complaint.

## COUNT V – BREACH OF EXPRESS WARRANTIES
### (Against the Johnson & Johnson Defendants)

93.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 93 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

94.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants further state that the statements on the referenced websites speak for themselves.  Defendants deny the remaining allegations in paragraph 94 of the Amended Master Complaint.

95.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  All remaining allegations in paragraph 95 of the Amended Master Complaint are denied.

96.    Defendants deny the allegations in paragraph 96 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

22

97.     Defendants deny the allegations in paragraph 97 of the Amended Master Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Amended Master Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 99 of the Amended Master Complaint concerning Plaintiffs' alleged usage of the products at issue in this suit, and, therefore the Defendants deny the same.  Defendants further deny the allegations in paragraph 99 of the Amended Master Complaint.

100.   Defendants deny the allegations in paragraph 100 of the Amended Master Complaint.

## COUNT VI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against the Johnson & Johnson Defendants)

101.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 101 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

102.   Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and Shower to Shower®

for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 102 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, labeled, promoted, distributed, or sold the products at issue in this suit during relevant time periods.

103.   The allegations in paragraph 103 of the Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, they are denied.

104.   Defendants deny the allegations in paragraph 104 of the Amended Master Complaint.

105.   Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs relied upon and, therefore, deny the same.  Defendants deny the remaining allegation in paragraph 105 of the Amended Master Complaint.

106.   Defendants deny the allegations in paragraph 106 of the Amended Master Complaint.

107.   Defendants deny the allegations in paragraph 107 of the Amended Master Complaint.

108.   Defendants deny the allegations in paragraph 108 of the Amended Master Complaint.

## COUNT VII – BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE
### (Against Johnson & Johnson Defendants)

109.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 109 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

110.   Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and Shower to Shower® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 110 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, supplied, or sold the products at issue in this suit during relevant time periods.

111.   The allegations in paragraph 111 of the Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, they are denied.

112.   Defendants deny the allegations in paragraph 112 of the Amended Master Complaint.

113.   Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs relied upon and, therefore, deny the same.  Defendants deny the remaining allegation in paragraph 113 of the Amended Master Complaint.

114.   Defendants deny the allegations in paragraph 114 of the Amended Master Complaint.

115.   Defendants deny the allegations in paragraph 115 of the Amended Master Complaint.

116.   Defendants deny the allegations in paragraph 116 of the Amended Master Complaint.

## COUNT VIII – NEGLIGENCE
### (Against Imerys Talc)

117.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The allegations of paragraph 117 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

118.   Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for JOHNSON'S® Baby Powder and Shower to Shower®—products manufactured and marketed exclusively by Johnson & Johnson Consumer Inc. during relevant time periods.  Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S®

Baby Powder and Shower to Shower® during relevant time periods.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and Shower to Shower® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 118 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, packaged, or sold the products at issue in this case during relevant time periods.

119.   Defendants state that the allegations in paragraph 119 of the Amended Master Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary, but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.

120.   Defendants deny the allegations in paragraph 120 of the Amended Master Complaint.

121.   Defendants deny the allegations in paragraph 121 of the Amended Master Complaint

122.   Defendants deny the allegations in paragraph 122 of the Amended Master Complaint.

123.   Defendants deny the allegations in paragraph 123 of the Amended Master Complaint.

## COUNT IX – NEGLIGENCE
### (Against the Johnson & Johnson Defendants)

124.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.   The remaining allegations in paragraph 124 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.   To the extent a response is required, the allegations are denied.

125.   Defendants state that Johnson & Johnson Consumer Inc. designed, manufactured, and marketed the products at issue during relevant time periods. Defendants deny the remaining allegations in paragraph 125 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, designed, formulated, marketed, tested, promoted, supplied, sold, or distributed the products at issue in this case during relevant time periods.

126.   Defendants state that the allegations in paragraph 126 of the Amended Master Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary, but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.   Defendants specifically deny that Johnson & Johnson designed,

developed, marketed, labeled, manufactured, formulated, tested, monitored, distributed, or sold the products at issue in this case during relevant time periods.

127.   Defendants state that the allegations in paragraph 127 of the Amended Master Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary, but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.   Responding further, Defendants deny the remaining allegations in paragraph 127 of the Amended Master Complaint.

128.   Defendants deny the allegations in paragraph 128 of the Amended Master Complaint.

129.   Defendants deny the allegations in paragraph 129 of the Amended Master Complaint.

130.   Defendants deny the allegations in paragraph 130 of the Amended Master Complaint.

131.   Defendants deny the allegations in paragraph 131 of the Amended Master Complaint.

## COUNT X – NEGLIGENCE
### (Against PCPC)

132.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.   The allegations in paragraph 132 of the Amended Master

Complaint are not directed to these Defendants and, therefore, no response is necessary.

133.   Defendants state that PCPC is a trade association representing the cosmetics industry.  Defendants admit that Johnson & Johnson Consumer Inc. has been a member of PCPC (formerly CTFA) since 1983.  Defendants deny the remaining allegations in paragraph 133 of the Amended Master Complaint.

134.   Defendants deny the allegations in paragraph 134 of the Amended Master Complaint.

135.   Defendants deny the allegations in paragraph 135 of the Amended Master Complaint.

136.   Defendants deny the allegations in paragraph 136 of the Amended Master Complaint.

137.   Defendants deny the allegations in paragraph 137 of the Amended Master Complaint.

138.   Defendants deny the allegations in paragraph 138 of the Amended Master Complaint.

139.   Defendants deny the allegations in paragraph 139 of the Amended Master Complaint.

140.   Defendants deny the allegations in paragraph 140 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

141.   Defendants deny the allegations in paragraph 141 of the Amended Master Complaint.

## COUNT XI – NEGLIGENT MISREPRESENTATION
### (Against the Johnson & Johnson Defendants)

142.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 142 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

143.   Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.   Defendants deny the remaining allegations in paragraph 143 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, formulated, marketed, tested, promoted, sold, or distributed the products at issue in this case during relevant time periods.

144.   Defendants state that the allegations in paragraph 144 of the Amended Master Complaint concerning "duty" call for a legal conclusion to which no

response is necessary.   To the extent a response is necessary, Defendants deny those allegations.  Defendants deny the remaining allegations in paragraph 144 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

145.   Defendants deny the allegations in paragraph 145 of the Amended Master Complaint.

146.   Defendants deny the allegations in paragraph 146 of the Amended Master Complaint.

147.   Defendants deny the allegations in paragraph 147 of the Amended Master Complaint.

148.   Defendants deny the allegations in paragraph 148 of the Amended Master Complaint.

149.   Defendants deny the allegations in paragraph 149 of the Amended Master Complaint.

150.   Defendants deny the allegations in paragraph 150 of the Amended Master Complaint.

## COUNT XII – FRAUD
### (Against the Johnson & Johnson Defendants)

151.  Defendants  incorporate  by  reference  as  if  fully  set  forth  their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.   The remaining allegations in paragraph 151 of the Amended

Master Complaint call for a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations are denied.

152.   Defendants deny the allegations in paragraph 152 of the Amended Master Complaint.

153.   Defendants deny the allegations in paragraph 153 of the Amended Master Complaint.

154.   Defendants deny the allegations in paragraph 154 of the Amended Master Complaint.

155.   Defendants deny the allegations in paragraph 155 of the Amended Master Complaint.

156.   Defendants deny the allegations in paragraph 156 of the Amended Master Complaint.

157.   Defendants deny the allegations in paragraph 157 of the Amended Master Complaint.

158.   Defendants deny the allegations in paragraph 158 of the Amended Master Complaint.

## COUNT XIII – FRAUD
### (Against PCPC)

159.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint. The allegations in paragraph 159 of the Amended Master

Complaint are not directed to these Defendants and, therefore, no response is necessary.

160.    Defendants deny the allegations in paragraph 160 of the Amended Master Complaint.

161.    Defendants deny the allegations in paragraph 161 of the Amended Master Complaint.

162.    Defendants deny the allegations in paragraph 162 of the Amended Master Complaint.

163.    Defendants deny the allegations in paragraph 163 of the Amended Master Complaint.

164.    Defendants deny the allegations in paragraph 164 of the Amended Master Complaint.

165.    Defendants deny the allegations in paragraph 165 of the Amended Master Complaint.

166.    Defendants deny the allegations in paragraph 166 of the Amended Master Complaint.

167.    Defendants deny the allegations in paragraph 167 of the Amended Master Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Amended Master Complaint.

169.   Defendants deny the allegations in paragraph 169 of the Amended Master Complaint.

170.   Defendants deny the allegations in paragraph 170 of the Amended Master Complaint.

## COUNT XIV – VIOLATION OF CONSUMER PROTECTION LAWS
### (Against The Johnson & Johnson Defendants)

171.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 171 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

172.   Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of the Amended Master Complaint concerning Plaintiffs' alleged purchase and use of the products at issue and, therefore, Defendants deny the same.  Defendants deny the remaining allegations in paragraph 172 of the Amended Master Complaint.

173.   Defendants deny the allegations in paragraph 173 of the Amended Master Complaint.

174.   Defendants deny the allegations in paragraph 174 of the Amended Master Complaint.

175.   Defendants deny the allegations in paragraph 175 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson marketed the products at issue in this case during relevant time periods.

176.   Defendants deny the allegations in paragraph 176 of the Amended Master Complaint.

177.   Defendants deny the allegations in paragraph 177 of the Amended Master Complaint.

## COUNT XV – FRAUDULENT CONCEALMENT
### (Against Imerys Talc)

178.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The allegations contained in paragraph 178 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

179.   Defendants deny the allegations in paragraph 179 of the Amended Master Complaint.

180.   Defendants deny the allegations in paragraph 180 of the Amended Master Complaint.

181.   Defendants deny the allegations in paragraph 181 of the Amended Master Complaint.

182.    Defendants deny the allegations in paragraph 182 of the Amended Master Complaint.

183.    Defendants deny the allegations in paragraph 183 of the Amended Master Complaint.

184.    Defendants deny the allegations in paragraph 184 of the Amended Master Complaint.

185.    Defendants deny the allegations in paragraph 185 of the Amended Master Complaint.

186.    Defendants deny the allegations in paragraph 186 of the Amended Master Complaint.

## COUNT XVI – FRAUDULENT CONCEALMENT
### (Against The Johnson & Johnson Defendants)

187.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 187 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

188.    Defendants deny the allegations in paragraph 188 of the Amended Master Complaint.

189.    Defendants deny the allegations in paragraph 189 of the Amended Master Complaint.

190.   Defendants deny the allegations in paragraph 190 of the Amended Master Complaint.

191.   Defendants deny the allegations in paragraph 191 of the Amended Master Complaint.

192.   Defendants deny the allegations in paragraph 192 of the Amended Master Complaint.

193.   Defendants deny the allegations in paragraph 193 of the Amended Master Complaint.

194.   Defendants deny the allegations in paragraph 194 of the Amended Master Complaint.

195.   Defendants deny the allegations in paragraph 195 of the Amended Master Complaint.

196.   Defendants deny the allegations in paragraph 196 of the Amended Master Complaint.

<u>**COUNT XVII – FRAUDULENT CONCEALMENT**</u>
<u>**(Against PCPC)**</u>

197.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The allegations contained in paragraph 197 of the Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

198.   Defendants deny the allegations in paragraph 198 of the Amended Master Complaint.

199.   Defendants deny the allegations in paragraph 199 of the Amended Master Complaint.

200.   Defendants deny the allegations in paragraph 200 of the Amended Master Complaint.

201.   Defendants deny the allegations in paragraph 201 of the Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson designed and marketed the products at issue in this suit during relevant time periods.

202.   Defendants deny the allegations in paragraph 202 of the Amended Master Complaint.

203.   Defendants deny the allegations in paragraph 203 of the Amended Master Complaint.

204.   Defendants deny the allegations in paragraph 204 of the Amended Master Complaint.

205.   Defendants deny the allegations in paragraph 205 of the Amended Master Complaint.

206.   Defendants deny the allegations in paragraph 206 of the Amended Master Complaint.

207.   Defendants deny the allegations in paragraph 207 of the Amended Master Complaint.

208.   Defendants deny the allegations in paragraph 208 of the Amended Master Complaint.

## COUNT XVIII – CIVIL CONSPIRACY
### (Against All Defendants)

209.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 209 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

210.   Defendants deny the allegations in paragraph 210 of the Amended Master Complaint.

211.   Defendants deny the allegations in paragraph 211 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

212.   Defendants deny the allegations in paragraph 212 of the Amended Master Complaint.

213.   Defendants deny the allegations in paragraph 213 of the Amended Master Complaint.

214.   Defendants deny the allegations in paragraph 214 of the Amended Master Complaint.

215.   Defendants deny the allegations in paragraph 215 of the Amended Master Complaint.

216.   Defendants deny the allegations in paragraph 216 of the Amended Master Complaint.

## COUNT XIX – LOSS OF CONSORTIUM
### (Against All Defendants)

217.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 217 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

218.   Defendants deny the allegations in paragraph 218 of the Amended Master Complaint.

219.   Defendants deny the allegations in paragraph 219 of the Amended Master Complaint.

220.   Defendants deny the allegations in paragraph 220 of the Amended Master Complaint.

221.   Defendants deny the allegations in paragraph 221 of the Amended Master Complaint.

222.   Defendants deny the allegations in paragraph 222 of the Amended Master Complaint.

223.   Defendants deny the allegations in paragraph 223 of the Amended Master Complaint.

## COUNT XX – PUNITIVE DAMAGES
### (Against All Defendants)

224.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 224 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

225.   Defendants deny the allegations in paragraph 225 of the Amended Master Complaint.

226.   Defendants deny the allegations in paragraph 226 of the Amended Master Complaint.

227.   Defendants deny the allegations in paragraph 227 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

228.   Defendants deny the allegations in paragraph 228 of the Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

229. Defendants deny the allegations in paragraph 229 of the Amended Master Complaint.

230. Defendants deny the allegations in paragraph 230 of the Amended Master Complaint.

231. Defendants deny the allegations in paragraph 231 of the Amended Master Complaint.

232. Defendants deny the allegations in paragraph 232 of the Amended Master Complaint.

233. Defendants deny the allegations in paragraph 233 of the Amended Master Complaint.

234. Defendants deny the allegations in paragraph 234 of the Amended Master Complaint.

235. Defendants deny the allegations in paragraph 235 of the Amended Master Complaint.

236. Defendants deny the allegations in paragraph 236 of the Amended Master Complaint.

237. Defendants deny the allegations in paragraph 237 of the Amended Master Complaint.

238. Defendants deny the allegations in paragraph 238 of the Amended Master Complaint.

239.   Defendants deny the allegations in paragraph 239 of the Amended Master Complaint.

## COUNT XXI – DISCOVERY RULE AND TOLLING
### (Against All Defendants)

240.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 240 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

241.   Defendants deny the allegations in paragraph 241 of the Amended Master Complaint.  Defendants further specifically deny that tolling applies in these cases.

242.   Defendants deny the allegations in paragraph 242 of the Amended Master Complaint.  Defendants further specifically deny that the discovery rule applies in the manner described by Plaintiffs.  Defendants further specifically deny that the discovery rule applies in these cases.

243.   Defendants deny the allegations in paragraph 243 of the Amended Master Complaint.  Defendants further specifically deny that the discovery rule applies in the manner described by Plaintiffs.  Defendants further specifically deny that the discovery rule applies in these cases.  Additionally, Defendants specifically

deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

244.    Defendants deny the allegations in paragraph 244 of the Amended Master Complaint. Defendants further specifically deny that the "running of the statute of limitations in this cause is tolled due to equitable tolling."  Defendants further specifically deny that they are "estopped from asserting a statute of limitations defense."

## COUNT XXII – WRONGFUL DEATH
### (Against All Defendants)

245.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 245 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

246.    Defendants state that the allegations in paragraph 246 of the Amended Master Complaint call for a legal conclusion to which no response is necessary, but, to the extent a response may be required, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.

247.    Defendants deny the allegations in paragraph 247 of the Amended Master Complaint.

248.   Defendants deny the allegations in paragraph 248 of the Amended Master Complaint.

249.   Defendants deny the allegations in paragraph 249 of the Amended Master Complaint.

## COUNT XXIII – SURVIVAL ACTION
## (Against All Defendants)

250.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.  The remaining allegations in paragraph 250 of the Amended Master Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

251.   Defendants deny the allegations in paragraph 251 of the Amended Master Complaint.

252.   Defendants deny the allegations in paragraph 252 of the Amended Master Complaint.

253.   Defendants deny the allegations in paragraph 253 of the Amended Master Complaint.

254.   Defendants deny the allegations in paragraph 254 of the Amended Master Complaint.

255.   Defendants deny the allegations in paragraph 255 of the Amended Master Complaint.

256.   Defendants deny the allegations in paragraph 256 of the Amended Master Complaint.

257.   Defendants deny the allegations in paragraph 257 of the Amended Master Complaint.

258.   Defendants deny the allegations in paragraph 258 of the Amended Master Complaint.

## PRAYER FOR RELIEF

Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 258 of the Amended Master Complaint.

Defendants deny that Plaintiffs are entitled to any of the damages requested in the Amended Master Complaint, including each subpart identified in the "Prayer for Relief" section of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations in the Amended Master Complaint and having denied any liability whatsoever, Defendants further deny any allegations that have not been expressly admitted and assert the following affirmative defenses.  By asserting the matters set forth below, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.   Defendants assert as follows:

## FIRST DEFENSE

The Amended Master Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The claims asserted in the Amended Master Complaint are barred, in whole or in part, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Amended Master Complaint.

## THIRD DEFENSE

The claims asserted in the Amended Master Complaint are preempted by federal law, including (without limitation) the Federal Food, Drug, and Cosmetic Act.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the assumption of the risks alleged in the Amended Master Complaint.

## FIFTH DEFENSE

Plaintiffs' claims are barred because the risks, if any, associated with the use of products at issue are outweighed by their utility.

## SIXTH DEFENSE

Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## SEVENTH DEFENSE

If Plaintiffs (or Decedents) have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendants and for which Defendants are not liable.

## EIGHTH DEFENSE

Plaintiffs may not recover from Defendants because the methods, standards, or techniques of designing, manufacturing, and labeling of the products at issue complied with and were in conformity with the generally recognized state of the art laws of each Plaintiff's home state, at the time the products were designed, manufactured, and labeled.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

## ELEVENTH DEFENSE

Plaintiffs' warranty-based claims are barred by Plaintiffs' (or Decedents') failure to give proper or timely notice of any alleged defect or breach of warranty.

## TWELFTH DEFENSE

To the extent that Plaintiffs' claims relate to Defendants' advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by that of any other state whose laws may apply such claims are barred.  Plaintiffs' claims are also barred in whole or in part by the *Noerr-Pennington* Doctrine.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' (or Decedents') failure to mitigate any damages allegedly sustained.

## FOURTEENTH DEFENSE

Plaintiffs' (or Decedents') damages, if any, were the direct result of Plaintiffs' (or Decedents') pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Defendants had and continue to have no control.

## FIFTEENTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation, or employee benefit program. To the extent that Plaintiffs are seeking recovery for any benefits from any other source for injuries and damages alleged, such benefits are not recoverable in this action under applicable law.

## SIXTEENTH DEFENSE

Plaintiffs' (or Decedents') injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom Defendants had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred and/or reduced by Plaintiffs' (or Decedents') contributory or comparative negligence and Plaintiffs' contributory or comparative fault.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiffs or third parties of the products at issue.

## NINETEENTH DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of any other state whose laws may apply.  Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages in an

amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## TWENTIETH DEFENSE

Plaintiffs' warranty-based claims are barred because Plaintiffs (or Decedents) were not in privity with Defendants, and are further barred and/or limited by any and all express conditions or disclaimers given by Defendants, and by Plaintiffs' (or Decedents') lack of reliance upon such warranties.

## TWENTY-FIRST DEFENSE

Plaintiffs' injuries and damages, if any, were due to Plaintiffs' (or Decedents') preexisting condition or idiosyncratic reaction to the products at issue, for which Defendants cannot be held responsible.

## TWENTY-SECOND DEFENSE

Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in the Amended Master Complaint.

## TWENTY-THIRD DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs (or Decedents), and/or by the fault of Plaintiffs (or Decedents), and thus any recovery might be reduced accordingly or eliminated altogether in accord with applicable statutes and common law, including the law of any state whose law may apply.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the limitations and defenses set out in the applicable statutes and common law, including but not limited to, the "state of the art" defense.  Defendants incorporate by reference all defenses and/or limitations

set forth or referenced in applicable statutes and common law, including the law of any state whose law may apply.

### TWENTY-FIFTH DEFENSE

Defendants are entitled to the protections and limitations from the imposition of punitive damages afforded under the United States Constitution and any applicable State Constitution.  Plaintiffs' claims for punitive damages, and all allegations pertaining to punitive damages, are governed by the law of New Jersey.  Alternatively, to the extent Plaintiffs' claims are governed by any other state whose law may apply and to the extent Plaintiffs seek punitive or aggravating circumstances damages, any award of such damages is limited by the applicable law, including the law of any state whose law may apply.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs (or Decedents) did not rely to their detriment upon any statement by Defendants in determining to use the products at issue.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

## TWENTY-EIGHTH DEFENSE

To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to Defendants' disclosure of information related to the safety of the products, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-NINTH DEFENSE

The conduct of Defendants, as well as the products at issue, conformed with the FDCA and the requirements of the FDA.   Moreover, the activities of Defendants alleged in the Amended Master Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the Amended Master Complaint.

## THIRTIETH DEFENSE

Defendants assert that venue may be improper in this action.

## THIRTY-FIRST DEFENSE

Defendants provided adequate and complete warnings for their products.

## THIRTY-SECOND DEFENSE

If it is determined that any product of Defendants was substantially and materially changed in condition, misused or abused, or was used in any

unintentional or unforeseeable manner, the claims against Defendants must be barred.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred because based on the state of scientific, industrial, and technical knowledge during the relevant time periods, Defendants' products at issue were reasonably safe for their normal and foreseeable use at all relevant times, in light of existing reasonably available scientific, industrial, and technical knowledge.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine described in Section 4 of the Restatement (Third) of Torts: Products Liability because the product(s) at issue complied with applicable product safety statutes and administrative regulations.

## THIRTY-FIFTH DEFENSE

To the extent that Plaintiffs are alleging fraud, conspiracy, deceit, or other similar conduct, Plaintiffs have failed to plead these claims with sufficient particularity.

## THIRTY-SIXTH DEFENSE

Defendants assert that this Court may lack personal jurisdiction over Defendants.

## THIRTY-SEVENTH DEFENSE

To the extent that Plaintiffs are alleging fraud, conspiracy, deceit, or other similar conduct, Plaintiffs have failed to plead these claims with sufficient particularity.

## THIRTY-EIGHTH DEFENSE

The Amended Master Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, or treble damages.

## THIRTY-NINTH DEFENSE

Defendants deny that they participated in any conspiracy or conduct designed or intended to deceive or misrepresent the qualities and characteristics of any of their products sold.

## FORTIETH DEFENSE

No act or omission of Defendants was intentional, fraudulent, malicious, reckless, in any way morally culpable, or made with conscious, malicious, or intentional disregard for the health and well-being of Plaintiffs or others.

## FORTY-FIRST DEFENSE

Recovery of medical or health care expenses, if any, by Plaintiffs must be limited to the amount that is both reasonable and necessary and actually paid or

incurred by or on behalf of the Plaintiffs pursuant to Plaintiffs' home state or any other applicable law.

### FORTY-SECOND DEFENSE

Defendants preserve all defenses relating to personal jurisdiction and venue, including forum non conveniens.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable law, and Defendants are entitled to and do assert all defenses and presumptions available under applicable law.

### FORTY-FOURTH DEFENSE

Pursuant to the law of any state whose laws may apply, Defendants request application of the Collateral Source Rule limiting economic damages for medical expenses to the amounts actually paid to a healthcare provider.  Plaintiffs' alleged damages, if any, are subject to any applicable credit or set-off allowance for any medical costs that were credited, written off, forgiven, or otherwise extinguished.

### FORTY-FIFTH DEFENSE

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Defendants.

## FORTY-SIXTH DEFENSE

To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries asserted in the Amended Master Complaint, any liability of Defendants, if any, should be reduced accordingly.

## FORTY-SEVENTH DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by the Plaintiffs without substantially impairing the usefulness or intended purpose of the product.

## FORTY-EIGHTH DEFENSE

The claims of Plaintiffs should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the New Jersey Joint Tortfeasors Law, N.J.S.A. § 2A:53A-3, et seq., and any applicable provisions of Plaintiffs' home state law (or other applicable state law) on comparative negligence or that address alleged joint tortfeasors.

## FORTY-NINTH DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages or consumer fraud (as currently pled in the Amended Master Complaint), are governed by the law of Plaintiffs' home state.

## DEFENSES RESERVED

Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserve their right to amend their Answer and to assert any such defenses.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

## JURY DEMAND

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. request a trial by jury on all issues so triable.

WHEREFORE, Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. request that the Amended Master Complaint, and all claims alleged therein, be dismissed with prejudice, that Johnson & Johnson and Johnson & Johnson Consumer Inc. be awarded the costs, disbursements, and attorneys' fees incurred in the defense of this action, and that Johnson & Johnson and Johnson & Johnson Consumer Inc. be granted any other relief to which it may be entitled.

Dated:  April 13, 2017                     Respectfully submitted,

                                           /s/ Susan M. Sharko
                                           Susan M. Sharko
                                           DRINKER BIDDLE & REATH LLP
                                           600 Campus Drive
                                           Florham Park, New Jersey 07932
                                           Telephone:  973-549-7000
                                           Facsimile:  973-360-9831
                                           susan.sharko@dbr.com

                                           Gene M. Williams
                                           SHOOK, HARDY & BACON L.L.P.
                                           JPMorgan Chase Tower
                                           600 Travis St., Suite 3400
                                           Houston, TX 77002
                                           Telephone:  713-227-8008
                                           Facsimile:  713-227-9508
                                           gmwilliams@shb.com

                                           John H. Beisner
                                           SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP
                                           1440 New York Avenue, N.W.
                                           Washington, D.C. 20005
                                           Telephone:  202-371-7000
                                           Facsimile:  202-661-8301
                                           john.beisner@skadden.com

                                           *Attorney for Johnson & Johnson and
                                           Johnson & Johnson Consumer Inc.,
                                           formerly known as Johnson & Johnson
                                           Consumer Companies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2017, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Julie L. Tersigni
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  julie.tersigni@dbr.com