**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

**PROPOSED JOINT AGENDA AND REPORT
FOR MAY 2, 2017 STATUS CONFERENCE**

### I. STATUS OF DISCOVERY

#### a. **Johnson & Johnson Defendants**

Discovery Taken/Requested/Set since Last Case Management Conference:

**Deposition:** The deposition of Dr. Joanne Waldstreicher was taken on April 19, 2017.

**Custodian List:** On February 28, 2017, the PSC requested that Johnson & Johnson Defendants identify the titles and status of production of custodial files for 67 employees whom Plaintiffs allege as possibly possessing documents relevant to this litigation.

On April 17, 2017, the Johnson & Johnson Defendants provided a response to Plaintiffs' request to identify the titles and status of production of custodial files for 67 employees whom Plaintiffs allege as possibly possessing documents relevant to this litigation. In addition, the J&J Defendants confirmed that they had produced custodial files for 52 of these employees. Of the 15 remaining employees, J&J represented that it had not produced files for 9 custodians. The Johnson & Johnson Defendants are still working to determine the status of

documents produced for six of the 67 employees identified and will provide this information to Plaintiffs promptly.

On April 21, 2017 the PSC requested clarification of the information provided by the Johnson & Johnson Defendants on April 17, 2017. Specifically, the PSC requested clarification of when the J&J defendants will produce the 6 supplemental custodial files that they had committed to supplement. The PSC also requested that the Johnson & Johnson Defendants clarify whether they will provide the PSC with custodial files for the 9 custodians they had represented were not produced. The PSC has not received any further information about the status of these 15 custodial files which were requested on February 28, although the Johnson & Johnson Defendants have requested a meet and confer specifically to discuss this topic.

**Collection of Documents and Prior Productions:** The parties have continued to meet and confer on Plaintiffs' questions regarding prior document collection and production. During the exchange of correspondence on these issues, Defendants learned that privileged documents, including a privileged memorandum to one of the lead defense counsel, were inadvertently produced. Immediate steps were taken by Johnson & Johnson Defendants to claw back these documents pursuant to the Protective Order in place. Plaintiffs disagree as to the status of the memorandum as privileged. The Johnson & Johnson Defendants will be producing a privilege log identifying the privileges that extend to each document in their claw back correspondence. In order to evaluate the privileges asserted and whether they were waived, the PSC has requested that Johnson & Johnson Defendants produce the identity of attorneys and non-attorneys that had access to the disputed documents.

The parties last met and conferred on April 20, 2017 to discuss outstanding discovery issues. During this conference, the parties discussed a potential resolution to Plaintiffs' questions about prior document production and collection procedures and the claw back of inadvertently produced privileged documents. The current status of the document production issues discussed at the last status conference are set forth below:

- The **Collection** of potential relevant documents: The PSC has raised concerns that certain potentially relevant and discoverable documents were not collected by the Johnson & Johnson Defendants for purposes of production in the talc litigation. As part of the meet and confer process with the Defendants, the PSC produced evidence that documents, files and other

2

materials may have been collected and maintained in the normal course of business as far back as 1998. The Johnson & Johnson Defendants have objected to discussion of that evidence claiming that Plaintiffs' understanding was based on allegedly privileged information referenced above, and the Johnson & Johnson Defendants have attempted to claw back that evidence. As set forth above, the parties continue to confer on that issue.

- The **Analysis** of collected Documents: Following the March 28th Status conference, the PSC provided to the Johnson & Johnson Defendants a list of sample search terms on April 6, 2017 to test whether the original search terms were adequate for the purposes of identification of potentially relevant documents in the documents collected. Johnson & Johnson objected to the methodology proposed by the PSC. The parties continue to confer on a process that would provide some assurance that Johnson & Johnson's search term analysis adequately identified potentially relevant documents on issues relevant to this litigation.

- The **Responsiveness** of Johnson & Johnson's production: The Court has permitted the Johnson & Johnson Defendants to produce documents in these MDL proceedings that were produced in response to discovery served in the various state courts. The Court has further ordered the PSC to not serve Defendants with discovery that was previously responded to in state court proceedings. In order to draft such non-duplicative discovery, the PSC has requested that the Johnson & Johnson Defendants identify which state court document requests to which they had specifically produced documents, as opposed to incorporating prior productions by reference. The Johnson & Johnson Defendants have objected to producing their "responsiveness criteria" alleging that it is attorney work product. The PSC has revealed its own work product on this issue which suggests that Johnson & Johnson's document production was premised on document requests pending in the St. Louis Courts in 2014 and that, for the most part, any subsequent production was based on these 2014 requests and not on any document requests that occurred thereafter. The parties continue to confer on this issue,

   b. **Imerys Talc America, Inc.**

Since the last case management conference, the parties have continued to meet and confer and Imerys has provides any additional information requested. Imerys awaits service of the pared down discovery demands from the PSC.

### c. **Personal Care Products Council**

On March 16, 2017, Plaintiffs filed an Amended Master Complaint, which supersedes prior complaints. On March 29, 2017, PCPC withdrew its pending Omnibus Motion to Dismiss. Consistent with the Case Management Order No. 3, by May 18, 2017, PCPC will file a Motion to Dismiss the Amended Master Complaint and applicable Short Form Complaints.

In the interim, Plaintiffs and PCPC have conferred regarding the scope of Plaintiffs' interrogatories and document requests. PCPC previously produced approximately 85,000 pages of documents. PCPC is in the process of searching for additional responsive documents.

### d. **Third Party Subpoenas**

On April 11th, Robert Dassow and Susanne Scovern, on behalf of the Plaintiffs' Steering Committee, served Third Party Subpoenas on Johns Manville, Proctor & Gamble, Brenttag, Colgate Palmolive, and William Kelly. Defendants were not aware the subpoenas were being sent to these entities before they were served with copies.

The PSC provided notice to the Parties pursuant to Fed. R. Civ. P. 45(a)(4). Plaintiffs' position is that each subpoena addresses topics that are central to general causation, such as Defendants' knowledge of the increased risk of cancer caused by Johnson's Baby Powder and Shower-to-Shower products, contaminants found in these products (including asbestos, arsenic, silica, and other adulterants), testing of the talcum powder products, and other causation-related topics. The evidence sought by these 3rd party subpoenas is intended for use by not only the personal injury cases but also class actions in the MDL which include marketing-related claims.

On the April 26th meet and confer call, Defendants raised the issue that the subpoenas were overly broad and beyond the scope of discovery. For instance, the way the subpoenas are drafted, Plaintiffs would obtain information and documents as to products not at issue in these cases. The document demands and topics to be covered during depositions also include those beyond Plaintiffs' general causation allegations, and during the February 22 status conference, the Court specifically limited discovery to general causation issues. As stated above, Plaintiffs disagree

4

that the scope of the subpoenas is overly broad. The parties agreed to seek the Court's guidance on the dispute at this upcoming conference.

## II.  STATUS OF DISCOVERY ORDERS

### Preservation Order

**Plaintiffs' Position:**  The parties have continued to meet and confer on a Preservation Order. The parties disagree on the scope of the treating physicians to whom Plaintiffs will be required to send preservation letters and the time by which those letters must be sent. Plaintiffs have proposed that preservation letters be sent to the following healthcare providers:  1) all gynecologists for the lifetime of a plaintiff; 2) oncologists, pathologists, and other healthcare providers involved in the diagnosis and treatment of ovarian and other related cancers (including hospitals and cancer treatment centers); 3) hospice; 4) primary care physicians for the 5 years prior to the filing of a complaint; and 5) pharmacies for the 5 years prior to the filing of a complaint. Defendants insist that Plaintiff's counsel in individual cases be required to send letters to Plaintiff's healthcare providers without limitation as to time – i.e., all physicians that may have seen a plaintiff from the beginning of talcum powder use even if exposure began as an infant. Defendants' proposed health care providers include all primary care physicians, pharmacies, gastroenterologists, hepatologists, and psychologists or psychiatrists, in addition to the cancer-related providers.

Plaintiffs propose that the order should require that the letters be sent within 90 days of the date of the order for those cases currently pending in the MDL and 60 days from the date a case is transferred into the MDL or a complaint is filed in the MDL. Defendants insist that this should be done within 14 days of the date of the order or the filing of a complaint. A 14-day deadline to comply with the order is unworkable in light of the number of letters that will be required in most individual cases and the number of cases currently pending in the MDL. It is unnecessarily draconian and is only intended to place Plaintiffs in a position of noncompliance.

The parties despite efforts to reach a compromise have been unable to do so and will be submitting a joint letter seeking the Court's assistance in resolving the remaining areas of disagreement.

**Defendants' Position:**  There are two issues in dispute related to Plaintiffs' obligation to preserve medical records: (1) the scope of providers to whom

Plaintiffs need to send such preservation letters and (2) whether the time period to send the preservation letters is reasonable. Consistent with the Court's instructions at the last CMC, Defendants have attempted to narrow the scope of providers to whom Plaintiffs should send preservation letters by determining categories of providers whose records may be relevant to the claims in these cases. Since the alleged injury in these cases is cancer, and there are any number of potential causes of cancer, Defendants should be allowed to ensure that they will have access to the records necessary to defend against the primary allegation in this litigation, i.e., that the use of cosmetic talcum powder causes ovarian cancer. Further limiting the scope of providers to whom Plaintiffs must send records or limiting the time period that Plaintiffs must go back to ensure that basic records such as primary care physician records are preserved significantly handicaps the adequate defense of these cases. Defendants have therefore limited the types of providers to whom Plaintiffs shall be required to send preservation letters and have proposed a reasonable time period after Plaintiffs' counsel learns of the existence of these providers to send a preservation letter.

### **Pathology Protocol**

The parties met and conferred, most recently on April 24, 2017. There are significant protocol issues that remain open for additional discussion and that directly impact the method of pathology examination and testing. The parties have agreed to propose additional draft edits for consideration and to continue their discussions.

### **ESI Protocol**

The parties met and conferred on several occasions, most recently on April 24, 2017. The parties are working to present to the Court an agreed upon protocol at the next Status Conference.

## III. *DAUBERT* HEARING AND CLOSE OF DISCOVERY

**Plaintiffs' Position**: Due to the considerable amount of discovery that must be completed as to all Defendants, it remains premature to consider scheduling *Daubert* proceedings. Only within the last week have the Johnson & Johnson Defendants produced state court productions in a useable format. As noted above, discussions with Defendants have made it clear that there is a significant amount of additional discovery that must be accomplished in relation to science and general

6

causation, including document production, document review, and depositions. Additional discovery is also required in relation to third parties. This discovery is necessary to properly prepare for the disclosure of experts in anticipation of *Daubert* proceedings. The schedule for the disclosure of expert reports and *Daubert* proceedings should be considered after additional discovery has been accomplished.

**Defendants' Position:** The Defendants request that the Court set a date for completion of discovery related to general causation issues and set a date for a *Daubert* hearing.

## IV. REPORT ON THE FEDERAL COURT DOCKET

As of April 21, 2017:

  a. There are currently <u>291 cases</u> pending in the MDL in which the Johnson & Johnson Defendants have been served (and have opened case nos.), totaling <u>1461 Plaintiffs</u> (including <u>1191 Plaintiffs</u> in <u>18 multi-plaintiff</u> cases from cases removed from Missouri state court, <u>15 Plaintiffs</u> in *Lovato* removed from New Mexico state court, 2 Plaintiffs in *Robb* removed from Oklahoma state court and 15 plaintiffs from the *Crenshaw* case from the Middle District of Georgia).

  b. There are 5 additional multi-plaintiff cases pending in the E.D. Mo. that have been removed from MO state court (totaling 416 plaintiffs) in which Plaintiffs filed motion to remand and opposed the CTO, but the JPML has not yet considered those cases.

  c. In total, including the 5 multi-plaintiff cases removed from Missouri state court, that the JPML has not yet considered, there are 1607 plaintiffs from multi-plaintiff cases filed in MO.

  d. There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL but would not greatly affect the number absent the plaintiffs in the multi-plaintiff cases.

## V.  STATE COURT LITIGATION

As of April 21, 2017:

**California:**  There are 123 cases with 620 plaintiffs in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877.  These cases are assigned to Judge Maren E. Nelson.  Judge Nelson recently held Science Day on March 7, 2017.  The first trial date is July 3, 2017.  Sargon (the state court equivalent of *Daubert*) science hearings are scheduled for June 5, 2017 through June 9, 2017.  The next status conference is May 2, 2017.

**Delaware:**  There are currently 40 cases with more than 109 Plaintiffs.  Plaintiffs filed a Motion for Consolidation in November 2016, but it has not been ordered by the Court.  All of the Delaware cases are pending before Hon. Charles E. Butler.  Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction on January 19, 2017.  Plaintiffs served jurisdictional discovery on January 31, 2017

**Missouri:**  There are currently 22 cases with 1382 plaintiffs pending before several judges in the 22nd Judicial Circuit Court, St. Louis (City), Missouri.  Trial in the case of *Slemp v. Johnson & Johnson, et al.* before Judge Rex Burlison began April 10, 2017, and is expected to last several weeks.  Trial in the case of *Swann v. Johnson & Johnson, et al.* is scheduled to begin before Judge Rex Burlison on June 12, 2017.  Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017.  Post-trial motions including a motion for new trial have been filed.  Appeals are pending from judgments entered in the *Jacqueline Fox, Gloria Ristesund,* and *Deborah Giannecchini* cases (individual claims filed in the multi-plaintiff *Tiffany Hogans* matter).

**New Jersey:**  There are currently 223 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300.  The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, with the exception of cases where *in extremis* plaintiffs have chosen to proceed for the limited purpose of preserving their testimony in anticipation of their death.  The briefing on the appeals is now complete.

**District of Columbia**: There is one case pending in Superior Court of the District of Columbia: *Lori Oules v. Johnson & Johnson, et al.* (2014 CA 8327B) which is pending before Judge Brian Holeman The *Oules* case is set for trial on July 10, 2017.

**Illinois:** There are 3 cases pending Illinois state court before Judge William Mudge.

**VI.    STATUS OF PENDING MOTIONS**

      **a.** For the status of motions pending in individual cases, please see Exhibit 1 attached to this Joint Report.

      **b.** The December 22, 2016 motion to dismiss filed by the Johnson & Johnson Defendants in the *Estrada* Consumer Class case is currently pending. No other motions are pending with regard to the Consumer Class Cases.

      Respectfully submitted,

      *s/Susan M. Sharko*
      Susan M. Sharko
      DRINKER BIDDLE & REATH LLP
      600 Campus Drive
      Florham Park, New Jersey 07932
      Telephone: 973-549-7000
      Facsimile: 973-360-9831
      Email: susan.sharko@dbr.com

      *s/Gene M. Williams*
      Gene M. Williams
      SHOOK, HARDY & BACON L.L.P.
      JPMorgan Chase Tower
      600 Travis St., Suite 3400
      Houston, TX 77002
      Telephone: 713-227-8008
      Facsimile: 713-227-9508
      Email: gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Lorna A. Dotro*
Lorna A. Dotro
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone:  973-631-6016
Facsimile:  973-267-6442
Email: ldotro@coughlinduffy.com

*s/Sheryl Axelrod*
Sheryl Axelrod
THE AXELROD LAW FIRM, PC
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone:  215-461-1768
Facsimile:  215-238-1779
Email: saxelrod@theaxelrodfirm.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone:  703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

*s/Timothy G. Blood*
Timothy G. Blood
BLOOD HURST &
O'REARDON LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619-338-1100
Facsimile: 619-338-1101
tblood@bholaw.com

# EXHIBIT 1

## STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Sonia Dolinger v. Johnson & Johnson, et al.* | 3:16-cv-09485 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed January 26, 2017. Plaintiffs' Opposition is due February 27, 2017. Defendants' Reply is due March 10, 2017. Fully briefed. |
| *Patricia Dysart v. Johnson & Johnson, et al.* | 3:16-cv-08564 | Johnson & Johnson Defendants' Motion to Dismiss 89 Plaintiffs' Claims for Lack of Personal Jurisdiction filed December 15, 2016. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed December 15, 2016. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction as to the 2 Missouri Plaintiffs filed March 9, 2017. Fully briefed.<br><br>Plaintiffs' Motion to Remand filed December 15, 2016. Fully briefed. |
| *Charles Fenstemaker, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07418 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff Charles Fenstemaker's Claims for Lack of Personal Jurisdiction filed December 23, 2016. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Cerrone-Kennedy, Dolores v. Johnson & Johnson, et al.* | 3:16-cv-07895 | Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Plaintiffs to file Opposition on May 5, 2017. Reply due May 12, 2017. |
| *Bridget Graves v. Johnson & Johnson, et al.* | 3:16-cv-08672 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed December 23, 2016. Fully briefed. |
| *Odell Holliday v. Johnson & Johnson, et al.* | 3:16-cv-09507 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed January 26, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed.<br><br>Plaintiffs' Motion to Withdraw Notice of Dismissal filed April 3, 2017. |
| *Angela Lovato, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07427 | Johnson & Johnson Defendants' Motion to Dismiss Eleven Plaintiffs' Claims for Lack of Personal Jurisdiction filed December 23, 2016. Motion has not been opposed.<br><br>Defendant Ethicon Endo-Surgery, Inc.'s Motion to Dismiss Plaintiffs' Claims for Lack of Personal Jurisdiction and Failure to State a Claim filed December 23, 2016. Motion has not been opposed. |
| *Bridget McBride v. Johnson & Johnson, et al.* | 3:16-cv-07891 | Plaintiff's Motion to Remand filed December 16, 2016. Fully briefed. |
| *Robert Gendelman v. Johnson & Johnson, et al.* | 3:17-cv-00461 | Motion to Withdraw Motion to Remand filed on 3/31/2017. |
| *Christine Harders, et* | 3:17-cv- | Plaintiffs' Motion to Remand filed |

13

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *al. v. Johnson & Johnson, et al.* | 00726 | February 9, 2017. Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 6, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 6, 2017. Fully briefed. |
| *Mary Gallow, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00790 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition filed April 17, 2017. Reply due May 2, 2017.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Plaintiffs' Opposition filed April 17, 2017. Reply due May 2, 2017. |
| *Wynester Logan, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00797 | Plaintiffs' Motion to Remand filed February 10, 2017. Defendants' Opposition was filed March 14, 2017. Plaintiffs' reply is due March 29, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Farrah Starks, et al. v.* | 3:17-cv- | Plaintiffs' Motion to Remand filed |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Johnson & Johnson et al.* | 00792 | February 10, 2017. Defendants' Opposition was filed March 14, 2017. Plaintiffs' reply is due March 29, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Kelly Frazier, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00793 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Kimberly Carney, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00796 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Plaintiffs' Opposition filed April 17, 2017. Reply due May 2, 2017.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Plaintiffs' Opposition filed April 17, |

15

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | 2017.  Reply due May 2, 2017. |
| *Deanna Valle, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00798 | Plaintiffs' Motion to Remand filed February 9, 2017.  Defendants' Opposition was filed March 13, 2017.  Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Joyce Williams, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00799 | Plaintiffs' Motion to Remand filed February 9, 2017.  Defendants' Opposition was filed March 13, 2017.  Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Janice Bahmler, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00800 | Plaintiffs' Motion to Remand filed February 9, 2017.  Defendants' Opposition was filed March 13, 2017.  Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Plaintiffs' Opposition filed April 17, 2017.  Reply due May 2, 2017.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | Jurisdiction filed March 9, 2017. Plaintiffs' Opposition filed April 17, 2017. Imerys' Reply due May 2, 2017. |
| *Lisa Eveland, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00794 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Donna Mason, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00802 | Johnson & Johnson Defendants' Motion to Dismiss Filed March 9, 2017. Motion has not been opposed. |
| *Amber Lucas, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00791 | Plaintiffs' Motion to Remand filed February 16, 2017. Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Grace Watkins v. Johnson & Johnson, et al.* | 3:17-cv-01155 | Johnson & Johnson Defendants' Motion to Dismiss filed March 23, 2017. Plaintiffs' Opposition due April 24, 2017. Reply due May 9, 2017. |
| *Deborah Kursch, et al. v. Johnson & Johnson, et al.* | 3:17-cv-01363 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017. Plaintiffs' Opposition due May 1, 2017. Reply due May 16, 2017. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *David Hagstrom v. Johnson & Johnson, et al.* | 3:17-cv-01364 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017. Plaintiffs' Opposition due May 1, 2017. Reply due May 16, 2017. |
| *Jeanie Foster and David Foster v. Johnson & Johnson, et al.* | 3:17-cv-01365 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017. Plaintiffs' Opposition due May 1, 2017. Reply due May 16, 2017. |
| *Ruth Edwina Ewing v. Johnson & Johnson, et al.* | 3:17-cv-01366 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017. Plaintiffs' Opposition due May 1, 2017. Reply due May 16, 2017. |
| *Brenda Wilder, et al. v. Johnson & Johnson, et al.* | 3:17-cv-01543 | Johnson & Johnson Defendants' Motion to Dismiss filed April 6, 2017. Plaintiffs' Opposition due May 8, 2017. Reply due May 23, 2017. |
| *Elizabeth Brown v. Johnson & Johnson, et al.* | 3:17-cv-01544 | Johnson & Johnson Defendants' Motion to Dismiss filed April 6, 2017. Plaintiffs' Opposition due May 8, 2017. Reply due May 23, 2017. |
| *Linda Nard and Mark Nard v. Johnson & Johnson, et al.* | 3:17-cv-01545 | Johnson & Johnson Defendants' Motion to Dismiss filed April 6, 2017. Plaintiffs' Opposition due May 8, 2017. Reply due May 23, 2017. |
| *Teresa Wilson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-01859 | Johnson & Johnson Defendants' Motion to Dismiss filed April 20, 2017. Plaintiffs' Opposition due May 22, 2017. Reply due June 6, 2017. |
| *Melissa Dean v. Johnson & Johnson, et al.* | 3:17-cv-01858 | Johnson & Johnson Defendants' Motion to Dismiss filed April 20, 2017. Plaintiffs' Opposition due May 22, 2017. Reply due June 6, 2017. |
| *Hinton, Barbara, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2394 | Plaintiffs' Motion to Remand filed April 17, 2017. Defendants' Opposition due May 15, 2017. Reply due May 30, 2017. |
| *Jones, Annie, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2396 | Plaintiffs' Motion to Remand filed April 17, 2017. Defendants' Opposition due May 15, 2017. Reply due May 30, 2017. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Moore, Cassandra v. Johnson & Johnson, et al.* | 3:17-cv-2404 | Plaintiffs' Motion to Remand filed April 10, 2017. Defendants' Opposition due May 10, 2017. Reply due May 25, 2017. |