## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2738 (FLW) (LHG) ) ) |
| *This document relates to:* CLYDE LAGRONE, *et al.*, Plaintiffs, vs. JOHNSON & JOHNSON, *et al.*, Defendants. | ) ) ) ) ) Civil Case No.: 3:17-cv-02398-FLW-LHG ) ) ) ) ) |

## PLAINTIFFS' MOTION TO REMAND

**COME NOW** Plaintiffs pursuant to 28 U.S.C. § 1447 and move the Court to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, from where it was removed by Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (collectively "Johnson & Johnson" or "Defendants"). In support, Plaintiffs are concurrently filing a Memorandum of Law which fully explains the legal basis for their motion. Plaintiffs further state as follows:

1. On November 15, 2016, Plaintiffs filed this tort action in the Circuit Court, City of St. Louis, Missouri seeking recovery for permanent damages they sustained as a result of Defendants' negligent, willful, and wrongful conduct in connection with the design, manufacture, and marketing of Johnson and Johnson Baby Powder and Shower to Shower products (hereinafter "Products"). (Petition, Attached as Ex. 1). Plaintiffs' claims are based on state law theories of liability, with causes of action for failure to warn, negligence, breach of warranty, misrepresentation, civil conspiracy, and concert of action.

2. On January 9, 2017, Defendants removed this action alleging the existence of diversity jurisdiction under 28 U.S.C. §1332 based on the notion of fraudulent misjoinder. (Ex. 2, Notice of Removal). On April 6, 2017, the case was transferred to this MDL Court.

3. This action should be remanded because there is no complete diversity between the parties. Plaintiff Margrit M. Shehata and Johnson & Johnson are citizens of New Jersey. (See Petition, ¶¶ 50, 87, 89). Further, plaintiffs Michael Paul, Mina Leon, Christine Judkins, Cheryl Pimentel, Cathy Sweeney and defendant Imerys Talc America Inc. are all citizens of California. (Petition, ¶¶ 8, 24, 39, 77, 82, and 91). These Plaintiffs are properly joined under Fed. R. Civ. P. 20, as are Plaintiffs Clyde LaGrone, representative of the Estate of Martha LaGrone, Gale Sayles, and Rebecca Wall, who are all citizens of Missouri. While Defendants argue that these Plaintiffs have no connection with each other, and that their joinder in this action constitutes an egregious misjoinder, they are incorrect.

4. The Third Circuit has not addressed nor adopted the "fraudulent misjoinder" theory. *In re Plavix Product Liability and Marketing Litigation*, MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654, *10 (D.N.J. Oct. 1, 2014) (Wolfson, J.); *In re Paulsboro Derailment Cases*, No. 13-5583, 2014 WL 197818, at *3-7 (D.N.J. Jan. 13, 2014). However, the majority of courts within this District and other federal courts take the position that "the issue of misjoinder should be resolved by the state court as a matter of removal jurisprudence." *Plavix*, 2014 WL 4954654 *10; *See also Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, at *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp.*, No. 11-029090, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011) ("This Court decline to

2

include procedural misjoinder as an alternative ground for fraudulent joinder."); *Prudential Ins. Co. of Am. V. Barclays Bank PLC*, No. 12-5854, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan. 22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of Plaintiffs, and some courts refuse to do so."), *report and recommendation adopted*, No. 12-05854, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronic, Inc.*, No. 10-3019, 2010 WL 4628439, at *5-6 (D.N.J. Nov. 5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was acted by this Circuit (which it clearly is not), it would not apply here."), *report and recommendation adopted*, No. 10-3019, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)).

5.  The relevant state court here, the Circuit Court of the City of St. Louis, Missouri, has concluded that the joinder of multiple plaintiffs in cases involving these same Products and Defendants is proper. *See Hogans v. Johnson & Johnson*, No 1422-CC09012-01 (22nd Cir. Ct. Mo., Mar. 17, 2015) (attached as Ex. 3); *Farrar v. Johnson & Johnson*, No. 1422-CC09964-01 (22nd Cir. Ct. Mo., May 4, 2015) (attached as Ex. 4). Moreover, the Eastern District of Missouri has remanded claims brought by plaintiffs against these same Defendants as a result of their use of the same Products at issue here. *See, e.g., Timms v. Johnson & Johnson,* No. 4:16-CV-00733-JAR, 2016 WL 3667982 (E.D. Mo. July 11, 2016); *Swann v. Johnson & Johnson,* Case No. 4:14-CV-1546 (E.D. Mo. December 3, 2014 slip opinion) (attached as Ex. 5); *Lloyd v. Johnson & Johnson,* Case No. 4:14CV1904(slip opinion)(E.D. Mo. November 13, 2014) (attached as Ex. 6); *Hogans v. Johnson & Johnson*, Case No. 4:14CV1385(JCH), 2014 WL 4749162 (E.D. Mo. September 24, 2014).

[1] The actions of Defendants in conspiring to conceal and suppress medical information regarding the increased risk of cancer arising from the use of talc products and to disseminate other misleading information regarding the risks which attend the use of those products was the result of singular and direct scheme which applied across state boundaries. Defendants' propagation of this misinformation was the same as to each of the Plaintiffs, was the same transaction for joinder purposes, and the joinder of the Plaintiffs in this case is wholly consistent with the law as to proper joinder of claims, as explained in the annexed Memorandum of Law. The case law supports Plaintiffs being permitted to remain together to pursue their common claim of a single scheme to sell an injurious product, committed by these Defendants against each of them together.

---

[1]   The orders of remand in *Timms*, *Swann, Hogans* and *Lloyd* are in accord with a host of other decisions from the Eastern District of Missouri remanding to state court cases involving multiple plaintiffs exposed to the same pharmaceutical product. *See, e.g., Fenner v. Wyeth*, 912 F. Supp. 2d 795 (E.D. Mo. 2012) (remanding prempro cases after return from MDL); *Aday v. Fresenius Medical Care N. Am., Inc*., 2014 WL 169634 (E.D. Mo. Jan. 15, 2014) (Granuflo), *Agnew v. Fresenius Medical Care N Am., Inc*., 2014 WL 82195 (E.D. Mo. Jan. 9. 2014) (Granuflo), *Woodside v. Fresenius Medical Care N. Am., Inc*., 2014 WL 169637 (E.D. Mo. Jan. 15, 2014) (Granuflo); *Spillers v. Fresenius Medical Care N. Am., Inc*., 2014 WL 294430 (E.D. Mo. Jan. 27, 2014) (Granuflo); *M.B. v. Abbott Labs., Inc*., No. 4:12-CV-1250, 2012 WL 5258957 *2 n.1 (E.D. Mo. Oct. 24, 2012) (Depakote) ["While the exact nature of the birth defects may differ, plaintiffs' claims need not share a common outcome, so long as common questions of law and fact are likely to arise in the litigation."]; *T.F. v. Pfizer, Inc*., Case No. 4:12-cv-01221-CDP, 2012 WL 3000229 (E.D. Mo. July 23, 2012) (Zoloft) ; *Madderra v. Merck Sharpe & Dohme Corp.*, No. 4:11-CV-1673 (JCH), 2012 U.S. Dist. LEXIS 22862 (E.D. Mo. Feb. 23, 2012) [Fosamax]; *Coleman v. Bayer Corp*, No. 4:10CV01639 SNLJ, 2010 WL 10806572 (E.D. Mo. Dec. 9, 2010) (Trasylol); *Hall v. GlaxoSmithKline, LLC*, 706 F. Supp. 2d 947 (E.D. Mo. 2010) (Avandia); *Dickerson v. GlaxoSmithKline, LLC,* No. 4:10CV00972 2010 WL 275339 (E.D. Mo. July 12, 2010) (Avandia); *Aurillo v. GlaxoSmithKline, LLC*, No. 4:10CV968 SNLJ, 2010 WL 2735663 (E.D. Mo. July 9, 2010) (Avandia); *Douglas v. GlaxoSmithKline*, LLC, No. 4:10CV971 CDP, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia). *Valle v. Ethicon,* 4:13-cv-798 *(*RWS)(E.D. Mo. April 29, 2013) [Transvaginal Mesh]; *Atwell v. Boston Scientific Corp*., 4:12-cv-2363 (CEJ) 2013 U.S. Dist. LEXIS 3941, ( E.D. Mo. Jan. 10, 2013) [Transvaginal Mesh]; *Johnson v. Coloplast Corp*., No. 4:12-cv-0255 (CDP) (January 7, 2013) [Transvaginal Mesh]; *Brannen v. Ethicon. Inc.*, No. 4:12-cv-1429 (RWS) (E.D. Mo. Aug. 14, 2012) [Transvaginal Mesh]; *S.L. v. Pfizer Inc.*, No. 4:12-CV-420 (CEJ), 2012 U.S. Dist. LEXIS 103134 (E.D. Mo. Apr. 4, 2012) [Zoloft];; *Townsend v. Hoffmann-La Roche, Inc.*, No. 4:11-CV-1420 (AGF), 2011 U.S. Dist. LEXIS 98964 (E.D. Mo. Sept. 1, 2011) [Accutane]; *Hudson v. GlaxoSmithKline, LLC*, No. 4:10-CV-970 (TIA), 2012 U.S. Dist. LEXIS 72650 [Avandia]; *Spears v. Fresenius Medical Care North America, supra* [Granuflo]; *Smith v. Medtronic, Inc.*, No. 4:14-CV-1636 (CEJ), 2014 WL 5489301 (E.D. Mo. Oct. 30, 2014) (Infuse); *Anders v. Medtronic, Inc.*, No. 4:14CV00194 (ERW), 2014 WL 1652352 (E.D. Mo. April 24, 2014) (Infuse).

6. For the reasons more fully discussed in Plaintiffs' Memorandum of Law, Defendants cannot establish diversity jurisdiction, and this case should therefore be remanded for lack of subject-matter jurisdiction.

WHEREFORE, Plaintiffs respectfully request that this Court grant this motion and remand this case to the Twenty-Second Judicial Circuit Court of the City of St. Louis, Missouri, and any further orders that this Court deems just and proper.

Respectfully submitted,

*/s/ Eric D. Holland*
Eric D. Holland - Bar #: 39935MO
R. Seth Crompton – Bar #: 57448MO
Patrick R. Dowd – Bar #: 64820MO
Holland Law Firm, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
Tel: 314-241-8111
Fax: 314-241-5554
Email: eholland@allfela.com
Email: scrompton@allfela.com
Email: pdowd@allfela.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/ Eric D. Holland*
Eric D. Holland - Bar #: 39935
Holland Law Firm, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
Tel: 314-241-8111
Fax: 314-241-5554
Email: eholland@allfela.com