UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2738 (FLW) (LHG) ) ) |
| *This document relates to:* CLYDE LAGRONE, *et al.*, Plaintiffs, vs. JOHNSON & JOHNSON, *et al.*, Defendants. | ) ) ) ) ) Civil Case No.: 3:17-cv-02398-FLW-LHG ) ) ) ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Pursuant to 28 U.S.C. §1447(c) and for the reasons that follow, this action should be remanded to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, for lack of subject-matter jurisdiction.

### I.  FACTUAL & PROCEDURAL BACKGROUND

#### A.  Plaintiffs Each Allege Claims Of Personal Injury Arising From Their Use Of Defendants' Talc Products.

Plaintiffs in this case are 82 individuals (or their personal representatives) who claim to have developed cancer as a result of their use of talcum powder which in turn resulted from the Defendants' negligent, willful and wrongful conduct in connection with the design, development, marketing and sale of Johnson & Johnson Baby Powder and Shower to Shower ("Products"). (Ex. 1, Petition ¶¶ 1-93). According to Plaintiffs' Petition, the link between talcum powder and cancer was first suggested in a study conducted in 1971. (Petition ¶ 103). In the years following, more than twenty-two additional studies were performed which confirmed talc as a carcinogen and reported an elevated risk for ovarian cancer associated with genital talc use in in women. (Petition ¶¶ 104-05). Plaintiffs' Petition alleges that the Defendants had a duty to know and warn of these

risks but that they responded by failing to warn and by procuring and disseminating false, misleading and biased information regarding the safety of their talc products. (Petition ¶¶ 113-115). Plaintiffs have asserted claims against the Defendants for failure to warn, negligence, breach of warranty, misrepresentation, civil conspiracy and concert of action. (Petition ¶¶ 117-162).

**B.  There Is No Diversity Of Citizenship Because There Are Plaintiffs And Defendants In This Case Who Are Citizens Of The Same State.**

Defendants Johnson & Johnson and Johnson Consumer Corporation ("Defendants") admit that they are citizens of New Jersey. (Ex. 2, Notice of Removal, ¶¶ 21, 111, 112). *See* 28 U.S.C. 1331(c)(1)(a corporation is a citizen of state in which it is incorporated and of state where it has principal place of business). Plaintiff Margrit Shehata is also a citizen of New Jersey. (Petition ¶ 50). In addition, defendant Imerys Talc America Inc. is a Delaware corporation with its principal place of business in California. (Petition ¶ 91). The defendants concede this allegation, (Ex. 2, Notice, ¶ 113), and thus concede that defendant Imerys is a citizen of Delaware and California. Five Plaintiffs are also citizens of California, including Michael Paul (Petition ¶ 8); Mina Leon (Petition ¶ 24); Christine Judkins (Petition ¶ 39); Cheryl Pimentel (Petition ¶ 77); and Cathy Sweeney (Petition ¶ 82).

It is therefore undisputed that there are plaintiffs and defendants who live in the same states. Diversity of citizenship therefore does not exist. Nevertheless, on January 9, 2017, Defendants removed this case on diversity grounds. They base their removal on a fraudulent misjoinder theory which the Third Circuit has not adopted and which the majority of courts in this District believe is an issue best resolved by the state court as a matter of removal jurisprudence. Therefore, there is no complete diversity and this Court should remand this case back to Missouri state court.

## II. ARGUMENT

### A.  Legal Standard For A Motion To Remand.

In an MDL-related proceeding which originated in Missouri on the alleged basis of diversity of citizenship, this Court shall apply the substantive law of the transferor court, including choice-of-law rules, and the procedural law of the Third Circuit.  *See West Virginia v. Bristol Myers Squibb Co.*, No. 13-cv-1603-FLW, 2014 WL 793569, *2 (D.N.J. Feb. 26, 2014) (Wolfson, J.) (citing *Paul v. Intel Corp.*, No. 05-1717, 2010 U.S. Dist. LEXIS 144511, at *163 (D. Del. July 28, 2010); *Various Plaintiffs v. Various Defendants ("Oil Field Cases")*, 673 F.Supp.2d 358, 363 (E.D. Pa. 2009)).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Plavix Product Liability and Marketing Litigation*, MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654, *2, 10 (D.N.J. Oct. 1, 2014) (Wolfson, J.).  "In a removal matter, the defendant seeking to remove bears the burden of showing that federal subject matter jurisdiction exists, that removal was timely filed, and that the removal was proper." *Id.* (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert denied,* 498 U.S. 1085 (1991)).  A case must be remanded if it appears that subject matter jurisdiction is lacking.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).  "The removal statute should be strictly construed and all doubts resolved in favor of

remand." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996).

In regards to the doctrine of fraudulent misjoinder, which Defendants' removal is dependent upon, although the Third Circuit has not adopted the doctrine, it has stated the following in regards to the fraudulent joinder analysis:

> A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. When a nondiverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. ***But the removing party carries a heavy burden of persuasion in making this showing. It is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.***
>
> Joinder is fraudulent when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. But, ***if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand to state court***. . . .
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (emphasis added), (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992) (punctuation and citations omitted).

Defendants have not and cannot satisfy this admittedly heavy burden here because complete diversity of citizenship is lacking.

### B. Fraudulent Misjoinder Should Be Resolved By The State Court As A Matter Of Removal Jurisprudence.

Defendants' removal rests on a theory of "fraudulent misjoinder", arguing that Plaintiffs' claims do not arise out of the same transaction occurrence and therefore should be severed and

4

dismissed which will then create the diversity jurisdiction they seek. *See* Fed. R. Civ. P. 20. The Third Circuit has not addressed nor adopted the "fraudulent misjoinder" theory. *Plavix*, 2014 WL 4954654, at *10; *In re Paulsboro Derailment Cases*, No. 13-5583, 2014 WL 197818, at *3-7 (D.N.J. Jan. 13, 2014). As this Court noted in *Plavix*, the consensus amongst the New Jersey District Courts and various other federal courts is against the adoption of such a doctrine:

> The fraudulent misjoinder doctrine was first articulated by the Eleventh Circuit in *Tapscott v. M.S. Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996). . . . Other circuits have since acknowledged the fraudulent misjoinder doctrine, but few have explicitly adopted it. . . .Even amongst the courts that have adopted the fraudulent misjoinder doctrine, no clear standard for its application has emerged. . . .
>
> I note that the Third Circuit has not addressed the issue for fraudulent misjoinder. . . . At least one court in this district, cited by Removal Defendants here, has however applied the fraudulent misjoinder doctrine. *See In re Fosamax (alendronate Sodium) Products Liab. Litig. (No. 11)*, No. 11-3045, 2012 WL 1118780 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014). In *Fosamax*, the Court acknowledged that fraudulent misjoinder has not been universally adopted and that the Third Circuit has not addressed the issue. . . . Nevertheless, the *Fosamax* court applied the doctrine in a pharmaceutical action. Despite *Fosamax*, however, as a general matter and without regard to the nature of the case, it appears that ***an overwhelming number of courts in this district have declined to apply the fraudulent misjoinder doctrine***.

*Id.* at *11-12 (emphasis added) (citing *Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, at *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district court's reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp.,* No. 11–02900, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011) ("This Court declines to include procedural misjoinder as an alternative ground for fraudulent misjoinder."); *Paulsboro Derailment,* 2014 WL 197818 at *3–7; *Prudential Ins. Co. of Am. v. Barclays Bank PLC,* No. 12–5854, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan.22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of Plaintiffs,

5

and some courts refuse to do so."), *report and recommendation adopted,* No. 12–05854, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronic, Inc.,* No. 10–3019, 2010 WL 4628439, at *5–6 (D.N.J. Nov. 5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was accepted in this Circuit (which it clearly is not), it would not apply here."), *report and recommendation adopted,* No. 10–3019, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)). Additionally, this Court recognized that the foregoing New Jersey District Court decisions "find substantial support in other decisions across the country," and "[a] review of federal cases reveals that the consensus amongst other courts is against the adoption of such a doctrine." *Id.* at *12. There is no reason for this Court to adopt such doctrine now.

Even if the theory of fraudulent misjoinder were applied to the underlying facts, it is clearly inapplicable since the joinder here was proper, it was not misjoinder, and it certainly was not egregious misjoinder. The theory of fraudulent misjoinder states that a defendant's right of removal cannot be defeated by a fraudulent joinder of a party having no real connection with the controversy. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). Mere misjoinder is not enough, however, the joinder must be found to be "so egregious as to constitute fraudulent joinder." *Id.* In *Tapscott*, the joinder was found to be "egregious" because there was "no real connection" among the facts and the underlying claims. *Id.*; *See also Palermo v. Letourneau Tech., Inc.*, 542 F.Supp.2d 499, 515 (S.D. Miss. 2008) (stating fraudulent misjoinder requires a finding that there is "no reasonable possibility" that the state court would find joinder proper); *In re Brisco*, 448 F.3d at 217 (citing Third Circuit case law stating that joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, but if there is even the possibility the state court would find a cause of action, the federal court must find joinder to be proper and remand to state court); *See In re*

6

*Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620-21, 623 (8th Cir. 2010) (distinguishing *Tapscott* where the egregious misjoinder was based on an attempt by the plaintiffs to join two different class actions involving different products and different defendants into one action from the claims of multiple plaintiffs who alleged similar injures resulting from their use of the same or similar products manufactured by the defendants.). Here, each Plaintiff alleges that they, or their decedent, have developed cancer as a result of their use of Defendants' Products and that the Defendants were guilty of negligent, willful and wrongful conduct in connection with the design, development, marketing and sale of the same Products. (Petition ¶¶ 1-93). As a result, Plaintiffs assert claims against the Defendants for failure to warn, negligence, breach of warranty, misrepresentation, civil conspiracy and concert of action. (Petition ¶¶ 117-162).

The factual variances among the Plaintiffs' claims raised by Defendants do not constitute misjoinder, let alone fraudulent misjoinder. In support for their removal, Defendants argue that this action is unique because 2 of the 82 plaintiffs allegedly suffered endometrial cancer and one suffered cervical dysplasia, not ovarian cancer. (Ex. 2, Notice, pp. 2-3). Defendants fail to demonstrate how such relatively insignificant factual variances constitute egregiousness and fraudulent misjoinder. Nevertheless, as demonstrated by this Court in *Plavix*, such factual variances are not sufficient to render joinder improper under Federal Rule 20 since liability still arises out of the same transaction or occurrence and there are common questions of law or fact. *See Plavix*, 2014 WL 4954654 at *10 ("[T]he Removal Defendants argue that these plaintiffs do not allege that they received Plavix from the same prescribing physician, suffered the same type of injuries, used Plavix alone or in combination with aspirin, ingested Plavix for the same reasons, used Plavix for similar lengths of time, or took similar dosages of Plavix."). And unlike the instant case where all Plaintiffs developed cancer, the risks associated with Plavix varied from "suffering

a heart attack, stroke, internal bleeding, blood disorder, or death." *Id.* at *1. Fed. R. Civ. P. 20(a). The factual variances here are far less than those in *Plavix* which the Court found to be inconsequential. This action involves multiple plaintiffs who were injured by the same Products, suffered similar injuries, caused by the same mechanism of injury, who bring the same causes of action against the same Defendants.

In *Paulsboro Derailment*, *supra*, the Honorable Robert B. Kluger of this Court held that the addition of a plaintiff that is properly joined under the applicable joinder rules is not "egregious," even if the joinder was done with the intention of preventing removal:

> The only argument that Defendants advance toward egregiousness is the addition of Bogusky to the lawsuit when it was re-filed in New Jersey, ostensibly to prevent diversity jurisdiction. . . . Defendants cite no law to suggest that adding a party to prevent diversity jurisdiction is "egregious." To the contrary, courts have long recognized that plaintiffs are "the master[s] of their claim." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). ***The key issue is whether Bogusky may be joined in the case under applicable joinder rules, and not the subjective intent of Bogusky or other plaintiffs in filing jointly. Even if certain parties are added to prevent removal, that is [plaintiff's] privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum. . . . Thus, the Court finds nothing "egregious," collusive or improper in the addition of Bogusky to the complaint, even if it was done with the intention of preventing removal.***

*Paulsboro Derailment*, 2014 WL 197818 at *4-5 (emphasis added).

As this Court recognized in *Plavix*, the rationale against applying the doctrine of fraudulent misjoinder in federal cases "is well articulated and persuasive":

> First, as the court in *Rutherford* [*v. Merck & Co., Inc.*, 428 F.Supp.2d 842 (S.D.Ill. 2006)] explained, ***the fraudulent misjoinder doctrine amounts to an improper expansion of the scope of federal jurisdiction by federal courts***. *Rutherford*, 428 F.Supp.2d at 851-52. ***Indeed, nothing in the jurisprudence of the Supreme Court suggests that matters of state civil procedure, including joinder of claims, are questions that implicate the subject matter jurisdiction of a federal court.*** *Id.*; *Shamrock Oil & Gas Corp. v. Sheets,* 313 US. 100, 104 (1941); *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("[State] procedural provisions cannot control the privilege [of] removal granted by the federal statute."). ***In that regard, federal courts traditionally have held that matters of state civil procedure have***

8

> *no bearing on the existence or nonexistence of federal subject matter jurisdiction*. *Id. It then logically follows that federal courts should hesitate to exercise jurisdiction to determine whether claims are misjoined pursuant to state procedural rules.*
>
> Second, the Court's review of the case law regarding the fraudulent misjoinder doctrine that has emerged since *Tapscott* *reveals enormous judicial confusion and inconsistencies engendered by the doctrine*. . . . . More specifically, courts differ on the question of what facts constitute egregious misjoinder under the doctrine. . . . *Such an unclear standard militates against adoption of the doctrine.*

2014 WL 4954654 at *12-13 (emphasis added). Based on this rationale, the Court concluded in *Plavix* that "there are considerable reasons against adopting the fraudulent misjoinder doctrine." *Id.* at *13.

> Conducting fraudulent misjoinder analysis in this case *necessarily requires the Court to wade into a thorny thicket of unsettled law; indeed, disagreements exist as to numerous questions about the doctrine, and the last thing the federal courts need is more procedural complexity*. . . . In fact, these unresolved issues have raised significant doubt in the context of remand. Absent a Third Circuit directive, this Court declines to adopt the fraudulent misjoinder doctrine. As a matter of policy, this approach is prudent in light of the *Third Circuit's well-settled principle that the removal statutes should be strictly construed, and all doubts regarding the propriety of removal are to be resolved in favor of remand.* *See Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d. Cir.1985). Moreover, *creating a new doctrine having the effect of expanding the removability of state court cases that, on their face, do not fall within the limited jurisdiction of the federal courts is neither wise nor warranted*. . . . Indeed, doing so would contravene the circuit court's instruction to narrowly construe the removal statutes.
>
> As a final note, my decision against adopting the fraudulent misjoinder doctrine is based on careful consideration of the removal statutes and the accompanying case law on this issue. Such a result, in my view, comports with the traditional notion of the limited nature of federal jurisdiction.

*Id.* at *13-14 (emphasis added). Thus, this Court concluded that the question of misjoinder should be *left to the sound judgment of the state court*, and it remanded the cases to state court. *Id.* at *14 (emphasis added). Here, this Court should follow its previous reasoning and hold that fraudulent misjoinder either does does not apply to create subject-matter jurisdiction, or is not shown, and remand this case to state court.

9

### C. The 22nd Judicial Circuit Of The City Of St. Louis Has Found That The Joinder Of Multiple Plaintiffs In Cases Involving These Same Products And Same Defendants Is Proper.

The Missouri state court where this case would be remanded has already found joinder of multiple plaintiffs alleging the same causes of action against these same Defendants for similar injuries caused by the same Products is proper. *See Hogans v. Johnson & Johnson*, No. 1422-CC09012-01 (22nd Cir. Ct. Mo., Mar. 17, 2015) (attached as Ex. 3); *Farrar v. Johnson & Johnson*, No. 1422-CC09964-01 (22nd Cir. Ct. Mo., May 4, 2015) (attached as Ex. 4). In both *Hogans* and *Farrar*, the court acknowledged that "[t]he policy of the law is to try all issues arising from the same occurrence or series of occurrences together." (*Hogans*, Ex. 3, at 20; *Farrar*, Ex. 4, at 23). "Events arise out of the same series of transactions or occurrences when they have either a common scheme or design, or if all acts or conduct are connected with a common core, common purpose, or common event." (*Hogans*, Ex. 3, at 20; *Farrar*, Ex. 4, at 23-24). In applying the applicable joinder rules to the plaintiffs in *Hogans* and *Farrar*, the circuit court stated:

> Here, the . . . Plaintiffs' claims clearly do present common questions of both law and fact as to, *inter alia*, the origins of Plaintiffs' ovarian cancer injuries, and arise out of the same "series" of transactions or occurrences within the broad meaning of Rule 52.05. Plaintiffs allege that they each were damaged by the same wrongful conduct of mining, manufacturing, studying, testing distributing, marketing, and selling, etc., the talcum-based products in question. For each individual Plaintiff's claim herein, *many* of the core issues are commonly and essentially the same: the same talc miner and manufacturer; the same basic injuries; same defect; same alleged duty owed to each Plaintiff; same causes of action alleged; same alleged failure to warn *in spite of* alleged knowledge that the Products were carcinogenic; and during the course of litigation it is likely that much or even most of the evidence will deal with liability and causation issues that are common and shared among all of the Plaintiffs relative to the dangers inherent in perineal use of the two talc products at issue; etc.

(*Hogans*, Ex. 3, at 21; *Farrar*, Ex. 4, at 24-25). Thus, the circuit court concluded that the plaintiffs were properly joined under Mo. R. Civ. P. 52.05(a) and their claims should not be severed. (*Hogans*, Ex. 3, at 22; *Farrar*, Ex. 4, at 26).

In response to the circuit court's orders in *Hogans* and *Farrar*, Defendants filed Petitions for Writ of Prohibition and/or Mandamus with the Court of Appeals for the Eastern District of Missouri, and the Missouri Supreme Court. Both courts denied Defendants' writs. (*See Hogans* and *Farrar* Court of Appeals and Supreme Court Orders). (attached as Ex. 7). Moreover, the Missouri Supreme Court recently reiterated that the joinder of claims asserted against defendants for the same conduct, including the failure to disclose the information concerning the harmful effects of a product, is proper under Missouri law. *Barron, et al. v. Abbott Labs., Inc.*, No. ED103508 (Mo. Ct. App., Nov. 8, 2016) (attached as Ex. 8).

Like the plaintiffs' claims in *Hogans* and *Farrar,* the joinder of Plaintiffs' claims in this case is clearly proper under Missouri law. Thus, there is nothing "egregious" about their joinder, and this Court should remand this case to Missouri state court. *See Paulsboro Derailment*, 2014 WL 197818 at *5 ("a finding of fraudulent misjoinder is ultimately a finding that the requirements of the applicable permissive joinder rule are not satisfied," and "[i]f parties are properly joined under Rule 20, fraudulent misjoinder cannot exist") (citing 7 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal practice & Procedure § 3723 (4th ed. 2009)).

### D. The Missouri Appellate Courts, Both State And Federal, Consistently Refuse To Adopt "Fraudulent Misjoinder".

The Eighth Circuit has also declined to adopt the doctrine of fraudulent misjoinder. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). *Prempro* involved state law claims brought by numerous plaintiffs against the manufacturers and marketers of hormone

11

replacement therapy (HRT) drugs for injuries sustained as a result of their use of HRT drugs. *Prempro*, 591 F.3d at 617. The defendants removed the case to federal court based upon the notion of fraudulent misjoinder, and the district court concluded that the plaintiffs' claims were misjoined to defeat diversity jurisdiction. *Id.* at 616. The plaintiffs appealed, and the Eighth Circuit reversed, noting that Rule 20 permits all reasonably related claims for relief to be tried in a single proceeding, construing Rule 20 to provide "a very broad definition for the term 'transaction'", and concluding that even if the doctrine were applicable the alleged misjoinder was not so egregious as to constitute fraudulent misjoinder. *Id.* at 617, 622.

Based on *Prempro*, the Eastern District of Missouri has remanded claims brought by plaintiffs against these same Defendants as a result of their use of the same Products at issue here. *See, e.g., Timms v. Johnson & Johnson,* No. 4:16-CV-00733-JAR, 2016 WL 3667982 (E.D. Mo. July 11, 2016); *Swann v. Johnson & Johnson,* Case No. 4:14-CV-1546 (E.D. Mo. December 3, 2014 slip opinion) (attached as Ex. 5); *Lloyd v. Johnson & Johnson,* Case No. 4:14CV1904(slip opinion)(E.D. Mo. November 13, 2014) (attached as Ex. 6); *Hogans v. Johnson & Johnson*, Case No. 4:14CV1385(JCH), 2014 WL 4749162 (E.D. Mo. September 24, 2014).

[1] In remanding those cases, the Eastern District rejected Defendants' arguments that the plaintiffs' claims were fraudulently misjoined. *See id.*

### E. This Court Should Decline Defendants' Request To Consider Their Personal Jurisdiction Argument First Because The Issue Of Subject-Matter Jurisdiction Is Straightforward.

To support their diversity argument, Defendants urge the federal court to determine the existence of personal jurisdiction over Defendants for 79 of the 82 Plaintiffs before turning to the

---

[1] The orders of remand in *Timms*, *Swann, Hogans* and *Lloyd* are in accord with a host of other decisions from the Eastern District of Missouri remanding to state court cases involving multiple plaintiffs exposed to the same pharmaceutical product. *See, e.g., Fenner v. Wyeth*, 912 F. Supp. 2d 795 (E.D. Mo. 2012) (remanding prempro cases after return from MDL); *Aday v. Fresenius Medical Care N. Am., Inc.*, 2014 WL 169634 (E.D. Mo. Jan. 15, 2014) (Granuflo), *Agnew v. Fresenius Medical Care N Am., Inc.*, 2014 WL 82195 (E.D. Mo. Jan. 9. 2014) (Granuflo), *Woodside v. Fresenius Medical Care N. Am., Inc.*, 2014 WL 169637 (E.D. Mo. Jan. 15, 2014) (Granuflo); *Spillers v. Fresenius Medical Care N. Am., Inc.*, 2014 WL 294430 (E.D. Mo. Jan. 27, 2014) (Granuflo); *M.B. v. Abbott Labs., Inc.*, No. 4:12-CV-1250, 2012 WL 5258957 *2 n.1 (E.D. Mo. Oct. 24, 2012) (Depakote) ["While the exact nature of the birth defects may differ, plaintiffs' claims need not share a common outcome, so long as common questions of law and fact are likely to arise in the litigation."]; *T.F. v. Pfizer, Inc.*, Case No. 4:12-cv-01221-CDP, 2012 WL 3000229 (E.D. Mo. July 23, 2012) (Zoloft) ; *Madderra v. Merck Sharpe & Dohme Corp.*, No. 4:11-CV-1673 (JCH), 2012 U.S. Dist. LEXIS 22862 (E.D. Mo. Feb. 23, 2012) [Fosamax]; *Coleman v. Bayer Corp*, No. 4:10CV01639 SNLJ, 2010 WL 10806572 (E.D. Mo. Dec. 9, 2010) (Trasylol); *Hall v. GlaxoSmithKline, LLC*, 706 F. Supp. 2d 947 (E.D. Mo. 2010) (Avandia); *Dickerson v. GlaxoSmithKline, LLC,* No. 4:10CV00972 2010 WL 275339 (E.D. Mo. July 12, 2010) (Avandia); *Aurillo v. GlaxoSmithKline, LLC*, No. 4:10CV968 SNLJ, 2010 WL 2735663 (E.D. Mo. July 9, 2010) (Avandia); *Douglas v. GlaxoSmithKline*, LLC, No. 4:10CV971 CDP, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia). *Valle v. Ethicon,* 4:13-cv-798 *(*RWS)(E.D. Mo. April 29, 2013) [Transvaginal Mesh]; *Atwell v. Boston Scientific Corp*., 4:12-cv-2363 (CEJ) 2013 U.S. Dist. LEXIS 3941, ( E.D. Mo. Jan. 10, 2013) [Transvaginal Mesh]; *Johnson v. Coloplast Corp*., No. 4:12-cv-0255 (CDP) (January 7, 2013) [Transvaginal Mesh]; *Brannen v. Ethicon. Inc.*, No. 4:12-cv-1429 (RWS) (E.D. Mo. Aug. 14, 2012) [Transvaginal Mesh]; *S.L. v. Pfizer Inc.*, No. 4:12-CV-420 (CEJ), 2012 U.S. Dist. LEXIS 103134 (E.D. Mo. Apr. 4, 2012) [Zoloft];; *Townsend v. Hoffmann-La Roche, Inc.*, No. 4:11-CV-1420 (AGF), 2011 U.S. Dist. LEXIS 98964 (E.D. Mo. Sept. 1, 2011) [Accutane]; *Hudson v. GlaxoSmithKline, LLC*, No. 4:10-CV-970 (TIA), 2012 U.S. Dist. LEXIS 72650 [Avandia]; *Spears v. Fresenius Medical Care North America, supra* [Granuflo]; *Smith v. Medtronic, Inc.*, No. 4:14-CV-1636 (CEJ), 2014 WL 5489301 (E.D. Mo. Oct. 30, 2014) (Infuse); *Anders v. Medtronic, Inc.*, No. 4:14CV00194 (ERW), 2014 WL 1652352 (E.D. Mo. April 24, 2014) (Infuse).

question of its own subject-matter jurisdiction. (Ex. 2, Notice of Removal, ¶¶ 2-5). In asserting this argument Defendants correctly cite *Ruhgras v. Marathon Oil Co.,* 526 U.S. 574 (1999), for the proposition that district courts have discretion in appropriate circumstances to decide personal jurisdictional issues before deciding questions of subject-matter jurisdiction. But their discussion of *Ruhgras* omits important qualifying language at the conclusion of the opinion which states that subject-matter jurisdiction should be decided first when that decision will not involve an arduous inquiry and clarifies that deciding subject-matter first should be the rule rather than the exception. Thus, the Supreme Court in *Ruhgras* concluded:

> In accord with Judge Higginbotham, we recognize in most instances subject matter jurisdiction will involve no arduous inquiry. *See* 145 F.3d at 229 ("engag[ing]" subject matter jurisdiction "at the outset of a case..[is] often…the most efficient way of going"). In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first. *See Canto Fitzgerald L.P. v. Peaslee,* 88 F. 3d152, 155 (2d Cir. 1996)(a court disposing of a case on personal jurisdiction grounds "should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved.)

*Rughgras,* 526 U.S. at 587-588.

In this case, there can be no doubt that the subject-matter jurisdiction question is not an arduous inquiry. The face of the Petition shows that there are plaintiffs and defendants who are citizens of the same state, thus defeating diversity jurisdiction. Moreover, Defendants' attempt to create subject-matter jurisdiction rests on a fraudulent misjoinder doctrine that this Court and many others in this District have declined to adopt. As Judge Shaw stated in *Swann,* "the issue of subject matter jurisdiction is a straight forward legal issue that has already been addressed by judges in this district, including the undersigned. Issues of personal jurisdiction and venue would require a more fact-intensive inquiry." (*Swann*, Ex. 5, at 3). Judge Sippel reached the same conclusion in *Lloyd* expressly finding that the subject-matter decision was not arduous and declining to decide Defendants' personal jurisdiction challenge. (*Lloyd*, Ex. 6, at 2). Since the subject-matter decision

is not arduous, this Court should address the issue, find subject-matter jurisdiction to be lacking, and remand this case to Missouri state court.

## III. CONCLUSION

Plaintiffs respectfully request that this Court issue an order remanding this case to the Twenty-Second Judicial Circuit Court of the City of St. Louis, Missouri.

        Respectfully submitted,

        */s/ Eric D. Holland*
        Eric D. Holland - Bar #: 39935MO
        R. Seth Crompton – Bar #: 57448MO
        Patrick R. Dowd – Bar #: 64820MO
        Holland Law Firm, LLC
        300 N. Tucker Blvd., Suite 801
        St. Louis, MO 63101
        Tel: 314-241-8111
        Fax: 314-241-5554
        Email: eholland@allfela.com
        Email: scrompton@allfela.com
        Email: pdowd@allfela.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        Respectfully submitted,

        */s/ Eric D. Holland*
        Eric D. Holland - Bar #: 39935
        Holland Law Firm, LLC
        300 N. Tucker Blvd., Suite 801
        St. Louis, MO 63101
        Tel: 314-241-8111
        Fax: 314-241-5554
        Email: eholland@allfela.com