# EXHIBIT 1

**1622-CC11294**

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

CLYDE LAGRONE, ON BEHALF OF
MARTHA LAGRONE, DECEASED

and

FRANCIS CERNIGLIA, ON BEHALF OF
JANET CERNIGLIA, DECEASED

and

VLADISLAV BLACK, ON BEHALF OF
INNA BLACK, DECEASED,

and

CLAUDIA GREGORY and STEVE
GREGORY,

and

BRUCE KUMFER, ON BEHALF OF
THELMA KUJAT, DECEASED,

and

MICHAEL PAUL, ON BEHALF OF
LOLA PAUL, DECEASED,

and

ELEANOR GILBANE, ON BEHALF OF
THE ESTATE OF MARY RAY HEARD,

and

CYNTHIA YARNELL,

and

LINDA HESELTON,

and

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

BEVERLY DENNY,

And

KAREN NEWPORT,

And

ROBIN PARKER,

And

SARAH BROOKS,

And

BRENDA STEINBARTH,

And

JAYSON CHRISTENSEN, ON BEHALF
OF JODIE STEELE,

And

LAURIE LANDRUM,

And

ROBIN LOWE,

And

CATHY HAWKINS-PANEK,

And

ELEANOR CARRINGTON,

And

GALE SAYLES,

And

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

KRISTAL KNIGHT,

And

MINA LEON,

And

DON BIGELOW, ON BEHALF OF
LISA BIGELOW,

And

JULIUS STOEHR, ON BEHALF OF
JOANNE STOEHR,

And

CHARLES HAYER, ON BEHALF OF
CHARLENE HAYER,

And

SCOTT MUELLER, ON BEHALF OF
RACHEL MUELLER,

And

KIMBERLY FANCIULLO,

And

MARY FAMEREE,

And

DONNA KOVAL,

And

LAURA BRUTON,

And

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

BETTY WILLIS,

And

SHIRLEY STRICKLAND,

And

REBECCA WALL,

And

SUZANNE BELLOTTO,

And

ROBERTA MORELLO,

And

KAY DAWSON,

And

CHRISTINE JUDKINS,

And

CARROL JANAK,

And

LULA USSERY,

And

JOAN DOUGLAS,

And

CAROL DODGE,

And

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

RENEE BARROW,

And

MICHELLE KIRBY,

And

JANICE FITZGERALD,

And

SILVIA DIAZ,

And

JOYCE GIBSON,

And

BETTY OWENS,

And

MARGRIT SHEHATA,

And

LINDA CLARKE,

And

TAHNEE JOHNSON,

And

DESIREE YOUNG,

And

CYNTHIA ACKERMAN,

And

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

JOYCE FOX,

And

TOMMICA WINZER,

And

CAROLYN LESTER,

And

LORRAINE TURK,

And

ANN GORDON,

And

MARY ASCHINGER and BRAD
ASCHINGER,

And

SHATAPHY BAUGHNS,

And

JANET GRESKE and THOMAS
GRESKE,

And

MARY RAY,

And

RENEA REHBEIN,

And

DEANNA SMITH,

And

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

STEPHANIE SMITH,

And

KIMBERLY STEIN, ON BEHALF OF
PATRICIA TAUBIG, DECEASED,

And
RHONDA DANIELS,

And

JANICE BARKER,

And

DENISE KHOURY and VICTOR
KHOURY,

And

JOHN MOEN,

And

RICHARD SLACK,

And

LORRAINE VEGA,

And

CHERYL PIMENTEL,

And

JUDY A. MACDONALD,

And

LYNNE D SMITH,

And

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

MELINDA W. OBERT,

And

LINDA SUE SCHROEDER,

And

CATHY SWEENEY,

And

DONNA KALMAN,

And

SHEILA BUNCH,

And

PAMELA KNAPP,

And

LAURA GAMBLE

                   Plaintiffs,

v.

JOHNSON & JOHNSON

**Serve:**   Steven M. Rosenberg
              Registered Agent
              One Johnson & Johnson Plaza
              New Brunswick, NJ 08933

and

JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.

**Serve:**   Person in Charge
              One Johnson & Johnson Plaza
              New Brunswick, NJ 08933

and

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

| | |
|---|---|
| IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC.<br><br>**Serve:**   CSC-Lawyers Incorporating Service Company<br>Registered Agent<br>221 Bolivar<br>Jefferson City, MO 65101<br><br>Defendants. | |

## **PETITION**

COME NOW Plaintiffs, by and through their undersigned counsel, and for their cause of action against Defendants Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; and Imerys Talc America, Inc., f/k/a Luzenac America, Inc., alleging the following upon information and belief (including investigation made by and through Plaintiffs' counsel), except those allegations that pertain to Plaintiffs, which are based on personal knowledge:

## **INTRODUCTION**

1.      Plaintiffs bring this cause of action against Defendants pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure as their claims arise out of the same series of transactions and occurrences, and their claims involve common questions of law and/or fact. All claims in this action are a direct and proximate result of Defendants' and/or their corporate predecessors negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the products known as Johnson & Johnson Baby Powder and Shower to Shower (hereinafter "the PRODUCTS"). All Plaintiffs in this action seek recovery for damages as a result of developing ovarian cancer, which was directly and proximately caused by such wrongful conduct by Defendants, the unreasonably dangerous and defective nature of talcum powder, and the attendant effects of developing ovarian cancer. All of the claims in this action involve common legal and medical issues.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

**PARTIES**

2.      Plaintiff, Clyde LaGrone, is an adult whose principal place of residence is the City of St. Louis, State of Missouri, and brings this action in his capacity as representative of the Estate of Martha LaGrone.  Plaintiff is pursuing this action due to the wrongfully caused premature death of Martha LaGrone on behalf of that decedent's estate. The premature death of Martha LaGrone was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

3.      Plaintiff, Francis Cerniglia, is an adult whose principal place of residence is the City of Old Bethpage, State of New York, and brings this action in his capacity as representative of the Estate of Janet Cerniglia. Plaintiff is pursuing this action due to the wrongfully caused premature death of Janet Cerniglia on behalf of that decedent's estate. The premature death of Janet Cerniglia was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

4.      Plaintiff, Vladislav Black, is an adult whose principal place of residence is the City of Virginia Beach, State of Virginia, and brings this action in his capacity as representative of the Estate of Inna Black. Plaintiff is pursuing this action due to the wrongfully caused premature death of Inna Black on behalf of that decedent's estate. The premature death of Inna Black was the direct

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

5.      Plaintiff, Claudia Gregory, is a citizen of the City of Hudson, State of Illinois. At all pertinent times, including from approximately 1979 through 2006, Plaintiff, Claudia Gregory, purchased and applied talcum powder in the State of Illinois. In or around January 4, 2006, Plaintiff, Claudia Gregory, was diagnosed with ovarian cancer, which developed in the State of Illinois. Plaintiff, Claudia Gregory, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Claudia Gregory, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Claudia Gregory, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Claudia Gregory, applied talcum powder in the State of Illinois.

6.      Plaintiff, Steve Gregory, is the husband of Claudia Gregory.  As a result of the medical conditions developed by his wife and the medical treatment and hospitalization that she has and will endure, Plaintiff, Steve Gregory, lost a substantial measure of his wife's household services; and lost, and will continue to lose in the future, a substantial measure of his wife's consortium.

7.      Plaintiff, Bruce Kumfer, is an adult whose principal place of residence is the City of Petoskey, State of Michigan, and brings this action in his capacity as representative of the Estate of Thelma Kujat. Plaintiff is pursuing this action due to the wrongfully caused premature death of

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Thelma Kujat on behalf of that decedent's estate. The premature death of Thelma Kujat was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

8.      Plaintiff, Michael Paul, is an adult whose principal place of residence is the City of Santa Rosa, State of California, and brings this action in his capacity as representative of the Estate of Lola Paul. Plaintiff is pursuing this action due to the wrongfully caused premature death of Lola Paul on behalf of that decedent's estate. The premature death of Lola Paul was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

9.      Plaintiff, Eleanor Gilbane, is an adult whose principal place of residence is the City of Houston, State of Texas brings this action in her capacity as representative of the Estate of Mary Ray Heard. Plaintiff is pursuing this action due to the wrongfully caused premature death of Mary Ray Heard on behalf of that decedent's estate. The premature death of Mary Ray Heard was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

10.    Plaintiff, Cynthia Yarnell, is a citizen of the City of Atlanta, State of Georgia. At all pertinent times, including from approximately 1973 until 2016, Plaintiff, Cynthia Yarnell, purchased and applied talcum powder in the States of Mississippi and Georgia. In or around October, 2014, Plaintiff Cynthia Yarnell, was diagnosed with ovarian cancer, which developed in the State of Georgia. Plaintiff, Cynthia Yarnell, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Cynthia Yarnell, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Cynthia Yarnell, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Cynthia Yarnell, applied talcum powder in the States of Mississippi and Georgia.

11.    Plaintiff, Linda Heselton, is a citizen of the City of Medina, State of Ohio. At all pertinent times, including from approximately 1977 until 2009, Plaintiff, Linda Heselton, purchased and applied talcum powder in the States of Ohio and New York. In or around October, 2015, Plaintiff, Linda Heselton, was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff, Linda Heselton, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Linda Heselton, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Linda Heselton, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Linda Heselton, applied talcum powder in the States of Ohio and New York.

12.     Plaintiff, Beverly Denny, is a citizen of the City of Miamisburg, State of Ohio. At all pertinent times, including from approximately 1959 until 2015, Plaintiff, Beverly Denny, purchased and applied talcum powder in the State of Ohio. In or around June, 2015, Plaintiff, Beverly Denny, was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff, Beverly Denny, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Beverly Denny, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Beverly Denny, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Beverly Denny, applied talcum powder in the State of Ohio.

13.     Plaintiff, Karen G. Newport, is a citizen of the City of Indianapolis, State of Indiana. At all pertinent times, including from approximately 1991 until 2004, Plaintiff, Karen G. Newport, purchased and applied talcum powder in the State of Indiana. In or around November,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

2004, Plaintiff, Karen G. Newport, was diagnosed with ovarian cancer, which developed in the State of Indiana. Plaintiff, Karen G. Newport, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Karen G. Newport, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Karen G. Newport, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Karen G. Newport, applied talcum powder in the State of Indiana.

14.     Plaintiff, Robin Parker, is a citizen of the City of Marietta, State of Georgia. At all pertinent times, including from approximately 1970 until 2012, Plaintiff, Robin Parker, purchased and applied talcum powder in the States of Georgia, New York, and Louisiana. In or around May, 2012, Plaintiff, Robin Parker, was diagnosed with ovarian cancer, which developed in the State of Georgia. Plaintiff, Robin Parker, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Robin Parker, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Robin Parker, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Robin Parker, applied talcum powder in the States of Georgia, New York, and Louisiana.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

15.     Plaintiff, Sarah Brooks, is a citizen of the City of Fort Lauderdale, State of Florida. At all pertinent times, including from approximately 1986 until 2016, Plaintiff, Sarah Brooks, purchased and applied talcum powder in the State of Florida. In or around June, 2016, Plaintiff, Sarah Brooks, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Sarah Brooks, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Sarah Brooks, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Sarah Brooks, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Sarah Brooks, applied talcum powder in the State of Florida.

16.     Plaintiff, Brenda Steinbarth, is a citizen of the Village of Monee, State of Illinois. At all pertinent times, including from approximately 1973 until 2012, Plaintiff, Brenda Steinbarth, purchased and applied talcum powder in the State of Illinois. In or around April, 2012, Plaintiff, Brenda Steinbarth, was diagnosed with ovarian cancer, which developed in the State of Illinois. Plaintiff, Brenda Steinbarth, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Brenda Steinbarth, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Brenda Steinbarth, has otherwise been damaged in a personal and

16

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

pecuniary nature. At all pertinent times, Plaintiff, Brenda Steinbarth, applied talcum powder in the State of Illinois.

17.    Plaintiff, Jayson Christensen, is an adult whose principal place of residence is the City of South Jordan, State of Utah, and brings this action in his capacity as representative of the Estate of Jodie Steele. Plaintiff is pursuing this action due to the wrongfully caused premature death of Jodie Steele on behalf of that decedent's estate. The premature death of Jodie Steele was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

18.    Plaintiff, Laurie Landrum, is a citizen of the City of North Augusta, State of South Carolina. At all pertinent times, including from approximately 1982 until 2016, Plaintiff, Laurie Landrum, purchased and applied talcum powder in the States of South Carolina and Georgia. In or around June, 2013, Plaintiff, Laurie Landrum, was diagnosed with ovarian cancer, which developed in the State of South Carolina. Plaintiff, Laurie Landrum, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Laurie Landrum, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Laurie Landrum, has

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Laurie Landrum, applied talcum powder in the States of South Carolina and Georgia.

19.     Plaintiff, Robin Lowe, is a citizen of the City of Waco, State of Texas. At all pertinent times, including from approximately 1986 until 2016, Plaintiff, Robin Lowe, purchased and applied talcum powder in the States of Texas and California. In or around January, 2011, Plaintiff, Robin Lowe, was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff, Robin Lowe, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Robin Lowe, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Robin Lowe has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Robin Lowe, applied talcum powder in the States of Texas and California.

20.     Plaintiff, Cathy Hawkins-Panek, is a citizen of the City of Flowery Branch, State of Georgia. At all pertinent times, including from approximately 1990 until 2007, Plaintiff, Cathy Hawkins-Panek, purchased and applied talcum powder in the States of Georgia, Tennessee, and Florida. In or around September, 2007, Plaintiff, Cathy Hawkins-Panek, was diagnosed with ovarian cancer, which developed in the State of Georgia. Plaintiff, Cathy Hawkins-Panek, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion,

distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Cathy Hawkins-Panek, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Cathy Hawkins-Panek, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Cathy Hawkins-Panek, applied talcum powder in the States of Georgia, Tennessee, and Florida.

21.     Plaintiff, Eleanor Carrington, is a citizen of the City of Omaha, State of Nebraska. At all pertinent times, including from approximately 1949 until 2014, Plaintiff, Eleanor Carrington, purchased and applied talcum powder in the States of Nebraska, Minnesota, and South Dakota. In or around December, 2014, Plaintiff, Eleanor Carrington, was diagnosed with ovarian cancer, which developed in the State of Nebraska. Plaintiff, Eleanor Carrington, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Eleanor Carrington, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Eleanor Carrington, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Eleanor Carrington, applied talcum powder in the States of Nebraska, Minnesota, and South Dakota.

22.     Plaintiff, Gale A. Sayles, is a citizen of the City of Kansas City, State of Missouri. At all pertinent times, including from approximately 1970 until 2016, Plaintiff, Gale A. Sayles, purchased and applied talcum powder in the State of Missouri. In or around July, 2016, Plaintiff,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Gale A. Sayles, was diagnosed with ovarian cancer, which developed in the State of Missouri. Plaintiff, Gale A. Sayles, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Gayle A. Sayles, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Gale A. Sayles, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Gayle A. Sayles, applied talcum powder in the State of Missouri.

23.     Plaintiff, Kristal Knight, is a citizen of the City of Aurora, State of Colorado. At all pertinent times, including from approximately 1999 until 2015, Plaintiff, Kristal Knight, purchased and applied talcum powder in the States of Colorado and Arkansas. In or around November, 2015, Plaintiff, Kristal Knight, was diagnosed with ovarian cancer, which developed in the State of Colorado. Plaintiff, Kristal Knight, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Kristal Knight, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Kristal Knight, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Kristal Knight, applied talcum powder in the States of Colorado and Arkansas.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

24.     Plaintiff, Mina Leon, is a citizen of the City of Riverside, State of California. At all pertinent times, including from approximately 1970 until 2012, Plaintiff, Mina Leon, purchased and applied talcum powder in the State of California. In or around July, 2012, Plaintiff, Mina Leon, was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff, Mina Leon, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Mina Leon, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Mina Leon, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Mina Leon, applied talcum powder in the State of California.

25.     Plaintiff, Don Bigelow, is an adult whose principal place of residence is the City of Draper, State of Utah, and brings this action in his capacity as representative of the Estate of Lisa Bigelow. Plaintiff is pursuing this action due to the wrongfully caused premature death of Lisa Bigelow on behalf of that decedent's estate. The premature death of Lisa Bigelow was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

26.     Plaintiff, Julius Stoehr, is an adult whose principal place of residence is the City of Newnan, State of Georgia, and  brings this action in his capacity as representative of the Estate of Joanne Stoehr. Plaintiff is pursuing this action due to the wrongfully caused premature death of Joanne Stoehr on behalf of that decedent's estate. The premature death of Joanne Stoehr was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

27.     Plaintiff, Charles Hayer, is an adult whose principal place of residence is the City of Saint Louis, State of Michigan, and brings this action in his capacity as representative of the Estate of Charlene Hayer. Plaintiff is pursuing this action due to the wrongfully caused premature death of Charlene Hayer on behalf of that decedent's estate. The premature death of Charlene Hayer was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

28.     Plaintiff, Scott Mueller, is an adult whose principal place of residence is the Village of Hustisford, State of Wisconsin, and brings this action in his capacity as representative of the

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Estate of Rachel Mueller. Plaintiff is pursuing this action due to the wrongfully caused premature death of Rachel Mueller on behalf of that decedent's estate. The premature death of Rachel Mueller was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

29.     Plaintiff, Kimberly Fanciullo, is a citizen of the City of Goodyear, State of Arizona. At all pertinent times, including from approximately 1976 until 2001, Plaintiff, Kimberly Fanciullo, purchased and applied talcum powder in the State of Arizona. In or around April, 2006, Plaintiff, Kimberly Fanciullo, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Kimberly Fanciullo, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Kimberly Fanciullo, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Kimberly Fanciullo, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Kimberly Fanciullo, applied talcum powder in the State of Arizona.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

30.     Plaintiff, Mary Fameree, is a citizen of the City of Green Bay, State of Wisconsin. At all pertinent times, including from approximately 1970 until 2000, Plaintiff, Mary Fameree, purchased and applied talcum powder in the State of Wisconsin. In or around January, 2011, Plaintiff, Mary Fameree, was diagnosed with ovarian cancer, which developed in the State of Wisconsin. Plaintiff, Mary Fameree, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Mary Fameree, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Mary Fameree, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Mary Fameree, applied talcum powder in the State of Wisconsin.

31.     Plaintiff, Donna Koval, is a citizen of the Town/Village of Harrison, State of New York. At all pertinent times, including from approximately 1970 until 2011, Plaintiff, Donna Koval, purchased and applied talcum powder in the State of New York. In or around December, 2011, Plaintiff, Donna Koval, was diagnosed with ovarian cancer, which developed in the State of New York. Plaintiff, Donna Koval, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Donna Koval, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

enjoyment of life, and Plaintiff, Donna Koval, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Donna Koval, applied talcum powder in the State of New York.

32.     Plaintiff, Laura Bruton, is a citizen of the City of Argyle, State of Texas. At all pertinent times, including from approximately 1978 until 2015, Plaintiff, Laura Bruton, purchased and applied talcum powder in the States of North Carolina, South Carolina, Missouri, and Texas. In or around June, 2015, Plaintiff, Laura Bruton, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Laura Bruton, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Laura Bruton, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Laura Bruton, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Laura Bruton, applied talcum powder in the States of North Carolina, South Carolina, Missouri, and Texas.

33.     Plaintiff, Betty Willis, is a citizen of the City of Texas City, State of Texas. At all pertinent times, including from approximately 1969 until 2002, Plaintiff, Betty Willis, purchased and applied talcum powder in the State of Texas. In or around March, 2002, Plaintiff, Betty Willis, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Betty Willis, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Betty Willis, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Betty Willis, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Betty Willis, applied talcum powder in the State of Texas.

34.    Plaintiff, Shirley Strickland, is a citizen of the Community of Fountain, State of Florida. At all pertinent times, including from approximately 1965 until 2015, Plaintiff, Shirley Strickland, purchased and applied talcum powder in the State of Florida. In or around February, 2015, Plaintiff, Shirley Strickland, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Shirley Strickland, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Shirley Strickland, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Shirley Strickland, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Shirley Strickland, applied talcum powder in the State of Florida.

35.    Plaintiff, Rebecca Wall, is a citizen of the City of Grandview, State of Missouri. At all pertinent times, including from approximately 1974 until 2016, Plaintiff, Rebecca Wall, purchased and applied talcum powder in the State of Missouri. In or around January, 2015, Plaintiff, Rebecca Wall, was diagnosed with ovarian cancer, which developed in the State of Missouri. Plaintiff, Rebecca Wall, developed ovarian cancer, and suffered effects attendant

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Rebecca Wall, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Rebecca Wall, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Rebecca Wall, applied talcum powder in the State of Missouri.

36.     Plaintiff, Suzanne Bellotto, is a citizen of the Village of Murrells Inlet, State of South Carolina. At all pertinent times, including from approximately 1959 until 2016, Plaintiff, Suzanne Bellotto, purchased and applied talcum powder in the States of South Carolina and New York. In or around April, 2016, Plaintiff, Suzanne Bellotto, was diagnosed with ovarian cancer, which developed in the State of South Carolina. Plaintiff, Suzanne Bellotto, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Suzanne Bellotto, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Suzanne Bellotto, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Suzanne Bellotto, applied talcum powder in the States of South Carolina and New York.

37.     Plaintiff, Roberta Morello, is a citizen of the City of Everett, State of Massachusetts. At all pertinent times, including from approximately 1960 until 2016, Plaintiff, Roberta Morello,

purchased and applied talcum powder in the State of Massachusetts. In or around April, 2010, Plaintiff, Roberta Morello, was diagnosed with ovarian cancer, which developed in the State of Massachusetts. Plaintiff, Roberta Morello, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Roberta Morello, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Roberta Morello, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Roberta Morello, applied talcum powder in the State of Massachusetts.

38.     Plaintiff, Kay Lyn Dawson, is a citizen of the City of Bowei, State of Texas. At all pertinent times, including from approximately 1953 until 2016, Plaintiff, Kay Lyn Dawson, purchased and applied talcum powder in the State of Texas. In or around November, 2015, Plaintiff, Kay Lyn Dawson, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Kay Lyn Dawson, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Kay Lyn Dawson, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Kay Lyn Dawson, has otherwise been

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Kay Lyn Dawson, applied talcum powder in the State of Texas.

39.     Plaintiff, Christine Judkins, is a citizen of the City of Susanville, State of California. At all pertinent times, including from approximately 1964 until 2016, Plaintiff, Christine Judkins, purchased and applied talcum powder in the States of Nevada, New Jersey, and California. In or around July, 2008, Plaintiff, Christine Judkins, was diagnosed with ovarian cancer, which developed in the State of Nevada. Plaintiff, Christine Judkins, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Christine Judkins, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Christine Judkins, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Christine Judkins, applied talcum powder in the States of Nevada, New Jersey, and California.

40.     Plaintiff, Carrol Janak, is a citizen of the Community of Rosharon, State of Texas. At all pertinent times, including from approximately 1960 until 2016, Plaintiff, Carrol Janak, purchased and applied talcum powder in the State of Texas. In or around November, 2003, Plaintiff, Carrol Janak, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Carrol Janak, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

direct and proximate result of these injuries, Plaintiff, Carrol Janak, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Carrol Janak, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Carrol Janak, applied talcum powder in the State of Texas.

41.     Plaintiff, Lula Ussery, is a citizen of the City of Garland, State of Texas. At all pertinent times, including from approximately 1981 until 2015, Plaintiff, Lula Ussery, purchased and applied talcum powder in the State of Texas. In or around April, 2015, Plaintiff, Lula Ussery, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Lula Ussery, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Lula Ussery, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Lula Ussery, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Lula Ussery, applied talcum powder in the State of Texas.

42.     Plaintiff, Joan K. Douglas, is a citizen of the Town of Tiverton, State of Rhode Island and Providence Plantations. At all pertinent times, including from approximately 1946 until 2010, Plaintiff, Joan K. Douglas, purchased and applied talcum powder in the State of Rhode Island and Providence Plantations. In or around April, 2009, Plaintiff, Joan K. Douglas, was diagnosed with ovarian cancer, which developed in the State of Rhode Island and Providence Plantations. Plaintiff, Joan K. Douglas, developed ovarian cancer, and suffered effects attendant

thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Joan K. Douglas, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Joan K. Douglas, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Joan K. Douglas, applied talcum powder in the State of Rhode Island and Providence Plantations.

43.     Plaintiff, Carol Dodge, is a citizen of the Town of Cornith, State of New York. At all pertinent times, including from approximately 1976 until 2000, Plaintiff, Carol Dodge, purchased and applied talcum powder in the State of New York. In or around June, 2013, Plaintiff, Carol Dodge, was diagnosed with ovarian cancer, which developed in the State of New York. Plaintiff, Carol Dodge, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Carol Dodge, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Carol Dodge, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Carol Dodge, applied talcum powder in the State of New York.

44.     Plaintiff, Renee Barrow, is a citizen of the City of Mountain Home, State of Arkansas. At all pertinent times, including from approximately 1957 until 2016, Plaintiff, Renee Barrow, purchased and applied talcum powder in the States of Arkansas, Missouri, and Iowa. In

or around September, 2014, Plaintiff, Renee Barrow, was diagnosed with ovarian cancer, which developed in the State of Arkansas. Plaintiff, Renee Barrow, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Renee Barrow, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Renee Barrow, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Renee Barrow, applied talcum powder in the States of Arkansas, Missouri, and Iowa.

45.     Plaintiff, Michelle Kirby, is a citizen of the City of Lexington, State of Illinois. At all pertinent times, including from approximately 1989 until 2000, Plaintiff, Michelle Kirby, purchased and applied talcum powder in the States of Illinois and Indiana. In or around November, 2007, Plaintiff, Michelle Kirby, was diagnosed with ovarian cancer, which developed in the State of Illinois. Plaintiff, Michelle Kirby, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Michelle Kirby, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Michelle Kirby, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Michelle Kirby, applied talcum powder in the States of Illinois and Indiana.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

46.     Plaintiff, Janice Fitzgerald, is a citizen of the City of Richmond, State of Virginia. At all pertinent times, including from approximately 1952 until 2015, Plaintiff, Janice Fizgerald, purchased and applied talcum powder in the State of Virginia. In or around September, 2001, Plaintiff, Janice Fitzgerald, was diagnosed with ovarian cancer, which developed in the State of Virginia. Plaintiff, Janice Fitzgerald, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Janice Fitzgerald, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Janice Fitzgerald, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Janice Fitzgerald, applied talcum powder in the State of Virginia.

47.     Plaintiff, Silvia Diaz, is a citizen of the City of Miami, State of Florida. At all pertinent times, including from approximately 1971 until 2016, Plaintiff, Silvia Diaz, purchased and applied talcum powder in the State of Florida. In or around December, 2015, Plaintiff, Silvia Diaz, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Silvia Diaz, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Silvia Diaz, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Silvia Diaz,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Silvia Diaz, applied talcum powder in the State of Florida.

48.     Plaintiff, Joyce Gibson, is a citizen of the City of Kannapolis, State of North Carolina. At all pertinent times, including from approximately 1985 until 2015, Plaintiff, Joyce Gibson, purchased and applied talcum powder in the States of North Carolina and Georgia. In or around August, 2015, Plaintiff, Joyce Gibson, was diagnosed with ovarian cancer, which developed in the State of North Carolina. Plaintiff, Joyce Gibson, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Joyce Gibson, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Joyce Gibson, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Joyce Gibson, applied talcum powder in the States of North Carolina and Georgia.

49.     Plaintiff, Betty Owens, is a citizen of the Town of Zebulon, State of North Carolina. At all pertinent times, including from approximately 1969 until 2015, Plaintiff, Betty Owens, purchased and applied talcum powder in the States of North Carolina, South Carolina, and Georgia. In or around September, 2015, Plaintiff, Betty Owens, was diagnosed with ovarian cancer, which developed in the State of North Carolina. Plaintiff Betty Owens developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Betty Owens, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Betty Owens, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Betty Owens, applied talcum powder in the States of North Carolina, South Carolina, and Georgia.

50.     Plaintiff, Margrit M. Shehata, is a citizen of the Borough of Morris Plains, State of New Jersey. At all pertinent times, including from approximately 1949 until 2016, Plaintiff, Margrit M. Shehata, purchased and applied talcum powder in the Arab Republic of Egypt and the State of New Jersey. In or around July, 2015, Plaintiff, Margrit M. Shehata, was diagnosed with ovarian cancer, which developed in the State of New Jersey. Plaintiff, Margrit M. Shehata, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Margrit M. Shehata, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Margrit M. Shehata, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Margrit M. Shehata, applied talcum powder in the Arab Republic of Egypt and the State of New Jersey.

51.     Plaintiff, Linda Clarke, is a citizen of the City of Frisco, State of Texas. At all pertinent times, including from approximately 1962 until 2012, Plaintiff, Linda Clarke, purchased and applied talcum powder in the French Republic, Taiwan, and the States of Texas and Oklahoma. In or around November, 2012, Plaintiff, Linda Clarke, was diagnosed with ovarian cancer, which

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

developed in the State of Texas. Plaintiff, Linda Clarke, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Linda Clarke, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Linda Clarke, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Linda Clarke, applied talcum powder in the French Republic, Taiwan, and the States of Texas and Oklahoma.

52.     Plaintiff, Tahnee Johnson, is a citizen of the City of Omaha, State of Nebraska. At all pertinent times, including from approximately 1988 until 2008, Plaintiff, Tahnee Johnson, purchased and applied talcum powder in the State of Nebraska. In or around November, 2013, Plaintiff, Tahnee Johnson, was diagnosed with ovarian cancer, which developed in the State of Nebraska. Plaintiff, Tahnee Johnson, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Tahnee Johnson, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Tahnee Johnson, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Tahnee Johnson, applied talcum powder in the State of Nebraska.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

53.     Plaintiff, Desiree Young, is a citizen of the City of Wylie, State of Texas. At all pertinent times, including from approximately 1986 until 2015, Plaintiff, Desiree Young, purchased and applied talcum powder in the States of Texas and Tennessee. In or around October, 2015, Plaintiff, Desiree Young, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Desiree Young, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Desiree Young, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Desiree Young, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Desiree Young, applied talcum powder in the States of Texas and Tennessee.

54.     Plaintiff, Cynthia Jean Ackerman, is a citizen of the City of Savage, State of Minnesota. At all pertinent times, including from approximately 1987 until 2012, Plaintiff, Cynthia Jean Ackerman, purchased and applied talcum powder in the States of Minnesota and Colorado. In or around August, 2014, Plaintiff, Cynthia Jean Ackerman, was diagnosed with ovarian cancer, which developed in the State of Colorado. Plaintiff, Cynthia Jean Ackerman, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Cynthia Jean Ackerman, has incurred and will incur medical expenses in the future, has endured

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Cynthia Jean Ackerman, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Cynthia Jean Ackerman, applied talcum powder in the States of Minnesota and Colorado.

55. Plaintiff, Joyce Fox, is a citizen of the Hamlet of Plainview, State of New York. At all pertinent times, including from approximately 1959 until 2006, Plaintiff, Joyce Fox, purchased and applied talcum powder in the State of New York. In or around November, 2006, Plaintiff, Joyce Fox, was diagnosed with ovarian cancer, which developed in the State of New York. Plaintiff, Joyce Fox, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Joyce Fox, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Joyce Fox, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Joyce Fox, applied talcum powder in the State of New York.

56. Plaintiff, Tommica Winzer, is a citizen of the City of Columbus, State of Ohio. At all pertinent times, including from approximately 1997 until 2013, Plaintiff, Tommica Winzer, purchased and applied talcum powder in the States of Ohio and California. In or around November, 2013, Plaintiff, Tommica Winzer, was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff, Tommica Winzer, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

As a direct and proximate result of these injuries, Plaintiff, Tommica Winzer, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Tommica Winzer, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Tommica Winzer, applied talcum powder in the States of Ohio and California.

57.    Plaintiff, Carolyn Lester, is a citizen of the Village of Lexington, State of Michigan. At all pertinent times, including from approximately 1989 until 2013, Plaintiff, Carolyn Lester, purchased and applied talcum powder in the State of Michigan. In or around November, 2011, Plaintiff, Carolyn Lester, was diagnosed with ovarian cancer, which developed in the State of Michigan. Plaintiff, Carolyn Lester, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Carolyn Lester, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Carolyn Lester, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Carolyn Lester, applied talcum powder in the State of Michigan.

58.    Plaintiff, Lorraine Turk, is a citizen of the Town of Cedaredge, State of Colorado. At all pertinent times, including from approximately 1962 until 2009, Plaintiff, Lorraine Turk, purchased and applied talcum powder in the States of Colorado, North Dakota, and California. In or around October, 2009, Plaintiff, Lorraine Turk, was diagnosed with ovarian cancer, which developed in the State of Colorado. Plaintiff, Lorraine Turk, developed ovarian cancer, and

suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Lorraine Turk, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Lorraine Turk, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Lorraine Turk, applied talcum powder in the States of Colorado, North Dakota, and California.

59.     Plaintiff, Ann Gordon, is a citizen of the Town of Davie, State of Florida. At all pertinent times, including from approximately 1980 until 2016, Plaintiff, Ann Gordon, purchased and applied talcum powder in the State of Florida. In or around June, 2009, Plaintiff, Ann Gordon, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Ann Gordon, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Ann Gordon, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Ann Gordon, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Ann Gordon, applied talcum powder in the State of Florida.

60.     Plaintiff, Mary Aschinger, is a citizen of the City of Wall Lake, State of Iowa. At all pertinent times, including from approximately 1975 until 1986, Plaintiff, Mary Aschinger, purchased and applied talcum powder in the State of Iowa. In or around June, 2000,  Plaintiff,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Mary Aschinger, was diagnosed with ovarian cancer, which developed in the State of Iowa. Plaintiff, Mary Aschinger, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Mary Aschinger, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Mary Aschinger, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Mary Aschinger, applied talcum powder in the State of Iowa.

61.     Plaintiff, Brad Aschinger, is the husband of Mary Aschinger. As a result of the medical conditions developed by his wife and the medical treatment and hospitalization that she has and will endure, Plaintiff, Brad Aschinger, lost a substantial measure of his wife's household services; and lost, and will continue to lose in the future, a substantial measure of his wife's consortium.

62.     Plaintiff, Shataphy Baughns, is a citizen of the City of Athens, State of Georgia. At all pertinent times, including from approximately 1990 until 2016, Plaintiff, Shataphy Baughns, purchased and applied talcum powder in the State of Georgia. In or around May, 2011, Plaintiff, Shataphy Baughns, was diagnosed with ovarian cancer, which developed in the State of Georgia. Plaintiff, Shataphy Baughns, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

direct and proximate result of these injuries, Plaintiff, Shataphy Baughns, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Shataphy Baughns, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Shataphy Baughns, applied talcum powder in the State of Georgia.

63.     Plaintiff, Janet Greske, is a citizen of the City of Bolingbrook, State of Illinois. At all pertinent times, including from approximately 1974 until 2004, Plaintiff, Janet Greske, purchased and applied talcum powder in the State of Illinois. In or around January, 2004,  Plaintiff, Janet Greske, was diagnosed with ovarian cancer, which developed in the State of Illinois. Plaintiff, Janet Greske, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Janet Greske, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Janet Greske, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Janet Greske, applied talcum powder in the State of Illinois.

64.     Plaintiff, Thomas Greske, is the husband of Janet Greske. As a result of the medical conditions developed by his wife and the medical treatment and hospitalization that she has and will endure, Plaintiff, Thomas Greske, lost a substantial measure of his wife's household services; and lost, and will continue to lose in the future, a substantial measure of his wife's consortium.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

65.     Plaintiff, Mary Ray, is a citizen of the City of Golden, State of Colorado. At all pertinent times, including from approximately 1990 until 2008, Plaintiff, Mary Ray, purchased and applied talcum powder in the State of Colorado. In or around March, 2009, Plaintiff, Mary Ray, was diagnosed with ovarian cancer, which developed in the State of Colorado. Plaintiff, Mary Ray, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Mary Ray, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Mary Ray, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Mary Ray, applied talcum powder in the State of Colorado.

66.     Plaintiff, Renea Rehbein, is a citizen of the City of Circle Pines, State of Minnesota. At all pertinent times, including from approximately 1970 until 2016, Plaintiff, Renea Rehbein, purchased and applied talcum powder in the State of Minnesota. In or around January, 2001, Plaintiff, Renea Rehbein, was diagnosed with ovarian cancer, which developed in the State of Minnesota. Plaintiff, Renea Rehbein, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Renea Rehbein, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Renea Rehbein, has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

pecuniary nature. At all pertinent times, Plaintiff, Renea Rehbein, applied talcum powder in the State of Minnesota.

67.     Plaintiff, Deanna Smith, is a citizen of the City of Ingalls, State of Indiana. At all pertinent times, including from approximately 2010 until 2016, Plaintiff, Deanna Smith, purchased and applied talcum powder in the State of Indiana. In or around June, 2015, Plaintiff, Deanna Smith, was diagnosed with endometrial cancer, which developed in the State of Indiana. Plaintiff, Deanna Smith, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Deanna Smith, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Deanna Smith, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Deanna Smith, applied talcum powder in the State of Indiana.

68.     Plaintiff, Stephanie Smith, is a citizen of the City of Range, State of Alabama. At all pertinent times, including from approximately 1991 until 2005, Plaintiff, Stephanie Smith, purchased and applied talcum powder in the State of Alabama. In or around June , 2013, Plaintiff, Stephanie Smith, was diagnosed with ovarian cancer, which developed in the State of Alabama. Plaintiff, Stephanie Smith, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Stephanie Smith, has incurred and will incur

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Stephanie Smith, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Stephanie Smith, applied talcum powder in the State of Alabama.

69.     Plaintiff, Kimberly Stein, is an adult whose principal place of residence is the City of Belleville, State of Illinois, and brings this action in his capacity as representative of the Estate of Patricia Taubig. Plaintiff is pursuing this action due to the wrongfully caused premature death of Patricia Taubig on behalf of that decedent's estate. The premature death of Patricia Taubig was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

70.     Plaintiff, Rhonda Daniels, is a citizen of the City of Swansea, State of Illinois. At all pertinent times, including from approximately 1976 until 1986, Plaintiff, Rhonda Daniels, purchased and applied talcum powder in the State of Illinois. In or around May, 2016, Plaintiff, Rhonda Daniels, was diagnosed with ovarian cancer, which developed in the State of Illinois. Plaintiff, Rhonda Daniels, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Rhonda Daniels, has incurred and will incur

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Rhonda Daniels, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Rhonda Daniels, applied talcum powder in the State of Illinois.

71.     Plaintiff, Denise Khoury, is a citizen of the City of West Palm Beach, State of Florida. At all pertinent times, including from approximately 1988 until 2013, Plaintiff, Denise Khoury, purchased and applied talcum powder in the State of Florida. In or around December, 2015, Plaintiff, Denise Khoury, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Denise Khoury, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Denise Khoury, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Denise Khoury, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Denise Khoury, applied talcum powder in the State of Florida.

72.     Plaintiff, Victor Khoury, is the husband of Denise Khoury. As a result of the medical conditions developed by his wife and the medical treatment and hospitalization that she has and will endure, Plaintiff, Victor Khoury, lost a substantial measure of his wife's household services; and lost, and will continue to lose in the future, a substantial measure of his wife's consortium.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

73.     Plaintiff, John Moen, is an adult whose principal place of residence is the City of Mount Pocono, State of Pennsylvania, and brings this action in his capacity as representative of the Estate of Deborah Moen. Plaintiff is pursuing this action due to the wrongfully caused premature death of Deborah Moen on behalf of that decedent's estate. The premature death of Deborah Moen was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

74.     Plaintiff, Lorraine Vega, is a citizen of the City of New York, State of New York. At all pertinent times, including from approximately 1974 until 2015, Plaintiff, Lorraine Vega, purchased and applied talcum powder in the State of New York. In or around October, 2001, Plaintiff, Lorraine Vega, was diagnosed with ovarian cancer, which developed in the State of New York. Plaintiff, Lorraine Vega, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Lorraine Vega, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Lorraine Vega, has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

pecuniary nature. At all pertinent times, Plaintiff, Lorraine Vega, applied talcum powder in the State of New York.

75.     Plaintiff, Richard Slack, is an adult whose principal place of residence is the City of Fort Myers, State of Florida, and brings this action in his capacity as representative of the Estate of Mary Slack. Plaintiff is pursuing this action due to the wrongfully caused premature death of Mary Slack on behalf of that decedent's estate. The premature death of Mary Slack was the direct and proximate result of her application of talcum powder and subsequent endometrial cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, et seq., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

76.     Plaintiff, Janice Renee Barker, is a citizen of the City of Henderson, State of North Carolina. At all pertinent times, including from approximately 1982 until 2016, Plaintiff, Janice Renee Barker, purchased and applied talcum powder in the State of North Carolina and the State of Pennsylvania. In or around July, 2002, Plaintiff, Janice Renee Barker, was diagnosed with cervical dysplasia, which developed in the State of Pennsylvania. Plaintiff, Janice Renee Barker, developed cervical dysplasia, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Janice Renee Barker, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Janice Renee Barker, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Janice Renee Barker, applied talcum powder in the State of North Carolina and the State of Pennsylvania.

77.    Plaintiff, Cheryl Pimentel, is a citizen of the Town of San Andreas, State of California. At all pertinent times, including from approximately 1956 until 2016, Plaintiff, Cheryl Pimentel, purchased and applied talcum powder in the States of California and Nevada. In or around July, 2009, Plaintiff, Cheryl Pimentel, was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff, Cheryl Pimentel, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Cheryl Pimentel, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Cheryl Pimentel, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Cheryl Pimentel, applied talcum powder in the States of California and Nevada.

78.    Plaintiff, Judy A. MacDonald, is a citizen of the City of Cape Coral, State of Florida. At all pertinent times, including from approximately 1978 until 2014, Plaintiff, Judy A. MacDonald, purchased and applied talcum powder in the State of Florida. In or around April, 2015, Plaintiff, Judy A. MacDonald, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Judy A. MacDonald, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Judy A. MacDonald, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Judy A. MacDonald, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Judy A. MacDonald, applied talcum powder in the State of Florida.

79.    Plaintiff, Lynne D. Smith, is a citizen of the City of Muscatine, State of Iowa. At all pertinent times, including from approximately 1971 until 2012, Plaintiff, Lynne D. Smith, purchased and applied talcum powder in the State of Iowa. In or around November, 2013, Plaintiff, Lynne D. Smith, was diagnosed with ovarian cancer, which developed in the State of Iowa. Plaintiff, Lynne D. Smith, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Lynne D. Smith, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Lynne D. Smith, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Lynne D. Smith, applied talcum powder in the State of Iowa.

80.    Plaintiff, Melinda W. Obert, is a citizen of the City of Big Timber, State of Montana. At all pertinent times, including from approximately 1957 until 2016, Plaintiff, Melinda W. Obert, purchased and applied talcum powder in the States of Montana and Vermont. In or around February, 2009, Plaintiff, Melinda W. Obert, was diagnosed with ovarian cancer, which

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

developed in the State of Montana. Plaintiff, Melinda W. Obert, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Melinda W. Obert, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Melinda W. Obert, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Melinda W. Obert, applied talcum powder in the States of Montana and Vermont.

81.    Plaintiff, Linda Sue Schroeder, is a citizen of the Village of Beecher, State of Illinois. At all pertinent times, including from approximately 1967 until 2016, Plaintiff, Linda Sue Schroeder, purchased and applied talcum powder in the State of Illinois. In or around March, 2016, Plaintiff, Linda Sue Schroeder, was diagnosed with ovarian cancer, which developed in the State of Indiana. Plaintiff, Linda Sue Schroeder, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Linda Sue Schroeder, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Linda Sue Schroeder, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Linda Sue Schroeder, applied talcum powder in the State of Illinois.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

82.     Plaintiff, Cathy Sweeney, is a citizen of the City of Avalon, State of California. At all pertinent times, including from approximately 1946 until 2015, Plaintiff, Cathy Sweeney, purchased and applied talcum powder in the State of California. In or around July, 2015, Plaintiff, Cathy Sweeney, was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff, Cathy Sweeney, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Cathy Sweeney, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Cathy Sweeney, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Cathy Sweeney, applied talcum powder in the State of California.

83.     Plaintiff, Donna Kalman, is a citizen of the City of Katy, State of Texas. At all pertinent times, including from approximately 1960 until 1996, Plaintiff, Donna Kalman, purchased and applied talcum powder in the States of Texas, Alabama, Virginia, Georgia, Arizona, Tennessee, New York, and Kansas, and the District of Columbia. In or around July, 2012, Plaintiff, Donna Kalman, was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff, Donna Kalman, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Donna Kalman, has incurred and will incur

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Donna Kalman, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Donna Kalman, applied talcum powder in the States of Texas, Alabama, Virginia, Georgia, Arizona, Tennessee, New York, and Kansas, and the District of Columbia.

84.     Plaintiff, Sheila Bunch, is a citizen of the City of Cocoa, State of Florida. At all pertinent times, Plaintiff, Sheila Bunch, purchased and applied talcum powder in the State of Florida. In or around June, 2011, Plaintiff, Sheila Bunch, was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff, Sheila Bunch, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Sheila Bunch, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Sheila Bunch, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Sheila Bunch, applied talcum powder in the State of Florida.

85.     Plaintiff, Pamela Knapp, is a citizen of the City of Lexington, State of Kentucky. At all pertinent times, including from approximately 1962 until 2016, Plaintiff, Pamela Knapp, purchased and applied talcum powder in the States of Kentucky, Illinois, Texas, Georgia, South Carolina, and North Carolina. In or around January, 2014, Plaintiff, Pamela Knapp, was diagnosed with ovarian cancer, which developed in the State of Kentucky. Plaintiff, Pamela Knapp, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result

of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Pamela Knapp, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Pamela Knapp, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Pamela Knapp, applied talcum powder in the States of Kentucky, Illinois, Texas, Georgia, South Carolina, and North Carolina.

86.     Plaintiff, Laura Gamble, is a citizen of the City of Hyatsville, State of Maryland. At all pertinent times, including from approximately 1995 until 2016, Plaintiff, Laura Gamble, purchased and applied talcum powder in the States of Maryland and South Carolina. In or around December, 2015, Plaintiff, Laura Gamble, was diagnosed with ovarian cancer, which developed in the State of Maryland. Plaintiff, Laura Gamble, developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff, Laura Gamble, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Laura Gamble, has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff, Laura Gamble, applied talcum powder in the States of Maryland and South Carolina.

87.     The Defendant, Johnson & Johnson, is a New Jersey corporation with its principal place of business in the State of New Jersey.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

88.     At all pertinent times, Johnson & Johnson was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all pertinent times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

89.     The Defendant, Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

90.     At all pertinent times, Johnson & Johnson Consumer Companies, Inc. was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all pertinent times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

91.     The Defendant, Imerys Talc America, Inc., f/k/a Luzenac America, Inc., is a Delaware corporation with its principal place of business in the State of California.

92.     At all pertinent times, Imerys Talc America, Inc., f/k/a Luzenac America, Inc., has been in the business of mining and distributing talcum powder for use in talcum powder based products, including the PRODUCTS, in all States of the United States, including the State of Missouri. Imerys Talc is the successor or continuation of Luzenac America, Inc., and Imerys Talc America, Inc. is legally responsible for all liabilities incurred when it was known as Luzenac America, Inc.

93.     At all pertinent times, all Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing of PRODUCTS, and introduced such products into interstate commerce with knowledge and intent that such products be sold in the States of Alabama, Arizona, Arkansas, California, Colorado, District of Columbia, Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota,

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Mississippi, Missouri, New Jersey, New York, New Hampshire, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, Vermont, Washington and Wisconsin.

## VENUE

94.     Venue is proper in this Court because Plaintiff, Martha LaGrone, was first exposed in the City of St. Louis, State of Missouri, as this is where, at most if not all pertinent times, she purchased, ingested, and was exposed to the product at issue. Plaintiff, Martha LaGrone, was treated for her injuries exclusively in the City of St. Louis, State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

95.     Talc is a magnesium trisilicate and is mined from the earth. Talc is an inorganic mineral. The Defendant, Imerys Talc America, Inc., f/k/a Luzenac America, Inc., mined the talc contained in the PRODUCTS.

96.     Talc is the main substance in talcum powders. The Johnson & Johnson Defendants manufactured the PRODUCTS. The PRODUCTS are composed almost entirely of talc.

97.     At all pertinent times, a feasible alternative to the PRODUCTS has existed. Cornstarch is an organic carbohydrate that is quickly broken down by the body with no known health effects. Cornstarch powders have been sold and marketed for the same uses with nearly the same effectiveness.

98.     Imerys Talc[1] has continually advertised and marketed talc as safe for human use.

99.     Imerys Talc supplies customers with material safety data sheets for talc. These material safety data sheets are supposed to convey adequate health and warning information to its customers.

100.     Historically, "Johnson's Baby Powder" has been a symbol of freshness, cleanliness, and purity. During the time in question, the Johnson & Johnson Defendants advertised and marketed this product as the beacon of "freshness" and "comfort", eliminating friction on the

---

[1] All allegations regarding actions taken by Imerys Talc also include actions taken while that entity was known as Luzenac America, Inc.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

skin, absorbing "excess wetness" helping keep skin feeling dry and comfortable, and "clinically proven gentle and mild". The Johnson & Johnson Defendants compelled women through advertisements to dust themselves with this product to mask odors. The bottle of "Johnson's Baby Powder" specifically targets women by stating, "For you, use every day to help feel soft, fresh, and comfortable."

101.    During the time in question, the Johnson & Johnson Defendants advertised and marketed the product "Shower to Shower" as safe for use by women as evidenced in its slogan "A sprinkle a day keeps odor away", and through advertisements such as "Your body perspires in more places than just under your arms. Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day." And "SHOWER to SHOWER can be used all over your body."

102.    The Plaintiffs used the PRODUCTS to dust their perineum for feminine hygiene purposes. This was an intended and foreseeable use of the PRODUCTS based on the advertising, marketing, and labeling of the PRODUCTS.

103.    In 1971, the first study was conducted that suggested an association between talc and ovarian cancer. This study was conducted by Dr. WJ Henderson and others in Cardiff, Wales.

104.    In 1982, the first epidemiologic study was performed on talc powder use in the female genital area. This study was conducted by Dr. Daniel Cramer and others. This study found a 92% increased risk in ovarian cancer with women who reported genital talc use. Shortly after this study was published, Dr. Bruce Semple of Johnson & Johnson came and visited Dr. Cramer about his study. Dr. Cramer advised Dr. Semple that Johnson & Jonhson should place a warning on its talcum powders about the ovarian cancer risks so that women can make an informed decision about their health.

105.    Since 1982, there have been approximately twenty-two (22) additional epidemiologic studies providing data regarding the association of talc and ovarian cancer. Nearly all of these studies have reported an elevated risk for ovarian cancer associated with genital talc use in women.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

106.     In 1993, the United States National Toxicology Program published a study on the toxicity of non-asbestiform talc and found clear evidence of carcinogenic activity. Talc was found to be a carcinogen, with or without the presence of asbestos-like fibers.

107.     In response to the United States National Toxicology Program's study, the Cosmetic Toiletry and Fragrance Association (CTFA) formed the Talc Interested Party Task Force (TIPTF). Johnson & Johnson, Inc., Johnson & Johnson Consumer Companies, Inc. and Luzenac were members of the CTFA and were the primary actors and contributors of the TIPTF. The stated purpose of the TIPTF was to pool financial resources of these companies in an effort to collectively defend talc use at all costs and to prevent regulation of any type over this industry. The TIPTF hired scientists to perform biased research regarding the safety of talc, members of the TIPTF edited scientific reports of the scientists hired by this group prior the submission of these scientific reports to governmental agencies, members of the TIPTF knowingly released false information about the safety of talc to the consuming public, and used political and economic influence on regulatory bodies regarding talc. All of these activities have been well coordinated and planned by these companies and organizations over the past four (4) decades in an effort to prevent regulation of talc and to create confusion to the consuming public about the true hazards of talc relative to ovarian cancer.

108.     On November 10, 1994, the Cancer Prevention Coalition mailed a letter to then Johnson & Johnson C.E.O, Ralph Larson, informing his company that studies as far back as 1960's ". . . show[ ] conclusively that the frequent use of talcum powder in the genital area pose[ ] a serious health risk of ovarian cancer." The letter cited a recent study by Dr. Bernard Harlow from Harvard Medical School confirming this fact and quoted a portion of the study where Dr. Harlow and his colleagues discouraged the use of talc in the female genital area. The letter further stated that 14,000 women per year die from ovarian cancer and that this type of cancer is very difficult to detect and has a low survival rate. The letter concluded by requesting that Johnson & Johnson withdraw talc products from the market because of the alternative of cornstarch powders, or at a

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

minimum, place warning information on its talc-based body powders about ovarian cancer risk they pose.

109.    In 1996, the condom industry stopped dusting condoms with talc due to the health concerns of ovarian cancer.

110.    In February of 2006, the International Association for the Research of Cancer (IARC) part of the World Health Organization published a paper whereby they classified perineal use of talc based body powder as a "Group 2B" human carcinogen. IARC which is universally accepted as the international authority on cancer issues, concluded that studies from around the world consistently found an increased risk of ovarian cancer in women from perineal use of talc. IARC found that between 16-52% of women in the world were using talc to dust their perineum and found an increased risk of ovarian cancer in women talc users ranging from 30-60%. IARC concluded with this "Evaluation": "There is limited evidence in humans for the carcinogenicity of perineal use of talc-based body powder." By definition "Limited evidence of carcinogenicity" means "a positive association has been observed between exposure to the agent and cancer for which a causal interpretation is considered by the Working Group to be credible, but chance, bias or confounding could not be ruled out with reasonable confidence."

111.    In approximately 2006, the Canadian government under The Hazardous Products Act and associated Controlled Products Regulations classified talc as a "D2A" , "very toxic", "cancer causing" substance under its Workplace Hazardous Materials Information System (WHMIS). Asbestos is also classified as "D2A".

112.    In 2006, Imerys Talc began placing a warning on its Material Safety Data Sheets (MSDS) it provided to the Johnson & Johnson Defendants regarding the talc it sold to them to be used in the PRODUCTS. These MSDSs not only provided the warning information about the IARC classifications but also including warning information regarding "States Rights to Know" and warning information about the Canadian Government's "D2A" classification of talc as well.

113.    The Defendants had a duty to know and warn about the hazards associated with the use of the PRODUCTS.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

114. The Defendants failed to inform its customers and end users of the PRODUCTS of a known catastrophic health hazard associated with the use of its products.

115. In addition, the Defendants procured and disseminated false, misleading, and biased information regarding the safety of the PRODUCTS to the public and used influence over governmental and regulatory bodies regarding talc.

116. As a direct and proximate result of the Defendants' calculated and reprehensible conduct, Plaintiffs were injured and suffered damages, namely ovarian cancer, which required surgeries and treatments.

<b><u>COUNT ONE – STRICT LIABILITY FOR FAILURE TO WARN</u></b><br><b><u>(Imerys Talc and Johnson & Johnson Defendants)</u></b>

117. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

118. At all pertinent times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants, which it knew that Johnson & Johnson was then packaging and selling to consumers as the PRODUCTS and it knew that consumers of the products were using it to powder their perineal regions.

119. At all pertinent times, the Johnson & Johnson Defendants were manufacturing, marketing, testing, promoting, selling and/or distributing the PRODUCTS in the regular course of business.

120. At all pertinent times, Plaintiffs used the PRODUCTS to powder their perineal area which is a reasonably foreseeable use.

121. At all pertinent times, all Defendants in this action knew or should have known that the use of talcum powder based products in the perineal area significantly increases the risk of ovarian cancer based upon scientific knowledge dating back to the 1960s.

122. At all pertinent times, including the time of sale and consumption, the PRODUCTS, when put to the aforementioned reasonably foreseeable use, were in an unreasonably dangerous and defective condition because they failed to contain adequate and proper warnings

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

and/or instructions regarding the increased risk of ovarian cancer associated with the use of the PRODUCTS by women to powder their perineal area. Defendants themselves failed to properly and adequately warn and instruct Plaintiffs as to the risks and benefits of the PRODUCTS given Plaintiffs' need for this information.

123.    Had the Plaintiffs received a warning that the use of the PRODUCTS would have significantly increased their risk of ovarian cancer, she would not have used the same. As a proximate result of Defendants' design, manufacture, marketing, sale, and distribution of the PRODUCTS, Plaintiffs have been injured catastrophically, and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

124.    The development of ovarian cancer by the Plaintiffs was the direct and proximate result of the unreasonably dangerous and defective condition of the PRODUCTS at the time of sale and consumption, including their lack of warnings; Plaintiffs have suffered injuries and damages including but not limited to conscious pain and suffering of Plaintiffs, medical expenses and lost wages.

125.    The Defendants' products were defective because they failed to contain warnings and/or instructions, and breached express warranties and/or failed to conform to express factual representations upon which the Plaintiffs justifiably relied in electing to use the products. The defect or defects made the products unreasonably dangerous to those persons, such as Plaintiffs, who could reasonably be expected to use and rely upon such products. As a result, the defect or defects were a producing cause of the Plaintiffs' injuries and damages.

126.    The Defendants' products failed to contain, and continue to this day not to contain, adequate warnings and/or instructions regarding the increased risk of ovarian cancer with the use of their products by women. The Defendants continue to market, advertise, and expressly represent to the general public that it is safe for women to use their product regardless of application. These Defendants continue with these marketing and advertising campaigns despite having scientific

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

knowledge that dates back to the 1960's that their products increase the risk of ovarian cancer in women when used in the perineal area.

WHEREFORE, Plaintiffs pray for judgment against Imerys Talc and the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TWO – NEGLIGENCE
### (Imerys Talc)

127.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

128.    At all pertinent times, Defendants had a duty to exercise reasonable care to consumers, including Plaintiffs herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the PRODUCTS.

129.    At all pertinent times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants, which it knew and/or should have known was then being packaged and sold to consumers as the PRODUCTS by the Johnson and Johnson Defendants. Further, Imerys Talc knew and/or should have known that consumers of the PRODUCTS were using it to powder their perineal regions.

130.    At all pertinent times, Imerys Talc knew or should have known that the use of talcum powder based products in the perineal area significantly increases the risk of ovarian cancer based upon scientific knowledge dating back to the 1960s.

131.    At all pertinent times, Imerys Talc knew or should have known that Johnson & Johnson was not providing warnings to consumers of the PRODUCTS of the risk of ovarian cancer posed by talc contained therein.

132.    At all pertinent times. Imerys Talc was negligent in providing talc to the Johnson & Johnson Defendants, when it knew or should have known that the talc would be used in the PRODUCTS, without adequately taking steps to ensure that ultimate consumers of the

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

PRODUCTS, including Decedent, received the information that Imerys Talc possessed on the carcinogenic properties of talc, including its risk of causing ovarian cancer.

133.     As a direct and proximate result of Imerys Talc's negligence, Plaintiffs purchased and used, as aforesaid, the PRODUCTS that directly and proximately caused Plaintiffs to develop ovarian cancer; Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering, and/or death; Plaintiffs were caused to sustain damages as a direct and proximate result, in some cases to include untimely death, funeral and burial costs, as well as the loss of his wife's services, companionship, comfort, instruction, guidance, counsel, training and support.

WHEREFORE, Plaintiff prays for judgment against Imerys Talc in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT THREE – NEGLIGENCE
### (Johnson & Johnson Defendants)

134.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

135.     The Johnson & Johnson Defendants were negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing the PRODUCTS in one or more of the following respects:

- In failing to warn Plaintiffs of the hazards associated with the use of the PRODUCTS;

- In failing to properly test their products to determine adequacy and effectiveness or safety measures, if any prior to releasing the PRODUCTS for consumer use;

- In failing to properly test their products to determine the increased risk of ovarian cancer during the normal and/or intended use of the PRODUCTS;

- In failing to inform ultimate users, such as Plaintiffs as to the safe and proper methods of handling and using the PRODUCTS;

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

- In failing to remove the PRODUCTS from the market when the Defendants knew or should have known the PRODUCTS were defective;

- In failing to instruct the ultimate users, such as Plaintiffs, as to the methods for reducing the type of exposure to the PRODUCTS which caused increased risk of ovarian cancer;

- In failing to inform the public in general and the Plaintiffs in particular of the known dangers of using the PRODUCTS for dusting the perineum;

- In failing to advise users how to prevent or reduce exposure that caused increased risk for ovarian cancer;

- In marketing and labeling the PRODUCTS as safe for all uses despite knowledge to the contrary;

- In failing to act like a reasonably prudent company under similar circumstances.

Each and all of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs.

136.    At all pertinent times, the Johnson & Johnson Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

137.    As a direct and proximate result of the Johnson & Johnson Defendants' negligence in one or more of the aforementioned ways, Plaintiffs purchased and used, as aforesaid, the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer; Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in the fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT FOUR – BREACH OF EXPRESS WARRANTY
### (Johnson & Johnson Defendants)

138.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

139.    Johnson & Johnson Defendants expressly warranted, through direct-to-consumer marketing, advertisements, and labels, that the PRODUCTS were safe and effective for reasonably anticipated uses, including use by women in the perineal area.

140.    The PRODUCTS did not conform to these express representations because they cause serious injury when used by women in the perineal area in the form of ovarian cancer.

141.    As a direct and proximate result of the Defendants' breach of warranty, Plaintiffs purchased and used, as aforesaid, the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer; Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in the fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT FIVE – BREACH OF IMPLIED WARRANTIES
### (Johnson & Johnson Defendants)

142.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

143.    At the time the Defendants manufactured, marketed, labeled, promoted, distributed and/or sold the PRODUCTS, the Johnson & Johnson Defendants knew of the uses for which the PRODUCTS were intended, including use by women in the perineal area, and impliedly warranted the PRODUCTS to be of merchantable quality and safe for such use.

144.    Defendants breached their implied warranties of the PRODUCTS sold to Plaintiffs because they were not fit for their common, ordinary and intended uses, including use by women in the perineal area.

145.    As a direct, foreseeable and proximate result of the Defendants' breaches of implied warranties, Plaintiffs purchased and used, as aforesaid, the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer; Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in the fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT SIX – CIVIL CONSPIRACY
### (All Defendants)

146.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

147.     Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Plaintiffs' injuries, disease, and/or illnesses by exposing the Plaintiffs to harmful and dangerous PRODUCTS. Defendants further knowingly agreed, contrived, confederated and conspired to deprive the Decedent and Plaintiff of the opportunity of informed free choice as to whether to use the PRODUCTS or to expose her to said dangers. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to the PRODUCTS.

148.     In furtherance of said conspiracies, Defendants performed the following overt acts:

    a.     For many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports which clearly indicated that use of their by women resulting from ordinary and foreseeable use of the PRODUCTS were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

    b.     Despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully and maliciously:

        i.     Withheld, concealed and suppressed said medical information regarding the increased risk of ovarian cancer from Plaintiff and Decedent (as set out in the "Facts" section of this pleading); In addition, on July 27, 2005 Defendants as part of the TIPTF corresponded and agreed to edit and delete portions of scientific papers being submitted on their behalf to the United States Toxicology Program in an attempt to prevent talc from being classified as a carcinogen;

        ii.     The Defendants through the TIPTF instituted a "defense strategy" to defend talc at all costs. Admittedly, the Defendants through the TIPTF

used their influence over the NTP Subcommittee, and the threat of litigation against the NTP to prevent the NTP from classifying talc as a carcinogen on its 10th RoC. According to the Defendants, ". . . we believe these strategies paid off";

iii.   Caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of ovarian cancer which Defendants knew were incorrect, incomplete, outdated, and misleading. Specifically, the Defendants through the TIPTF collectively agreed to release false information to the public regarding the safety of talc on July 1, 1992; July 8, 1992; and November 17, 1994. In a letter dated September 17, 1997, the Defendants were criticized by their own Toxicologist consultant for releasing this false information to the public, yet nothing was done by the Defendants to correct or redact this public release of knowingly false information.

b.   By these false and representations, omissions, and concealments, Defendants intended to induce the Plaintiffs to rely upon said false and fraudulent representations, omissions and concealments, and to continue to expose herself to the dangers inherent in the use of and exposure to the PRODUCTS.

149.   Plaintiffs reasonably and in good faith relied upon the aforementioned fraudulent representations, omissions, and concealments made by Defendants regarding the nature of the PRODUCTS.

150.   As a direct, foreseeable and proximate result of the Defendants' breaches of implied warranties, Plaintiffs purchased and used, as aforesaid, the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer; Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against a Defendants in the fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

## COUNT SEVEN – CONCERT OF ACTION
### (All Defendants)

151.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

152.    At all times, Imerys Talc and the Johnson & Johnson Defendants knew that the PRODUCTS should contain warnings on the risk of ovarian cancer posed by women using the product to powder the perineal region, but purposefully sought to suppress such information and omit from talc based products so as not to negatively affect sales and maintain the profits of the Johnson & Johnson Defendants and  Imerys Talc.

153.    As a direct, foreseeable and proximate result of the Defendants' breaches of implied warranties, Plaintiffs purchased and used, as aforesaid, the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer; Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants in the fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT EIGHT– PUNITIVE DAMAGES
### (All Defendants)

154.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

155.    The Defendants have acted willfully, wantonly, with an evil motive, and recklessly in one or more of the following ways:

   a.  Defendants knew of the unreasonably high risk of ovarian cancer posed by the PRODUCTS before manufacturing, marketing, distributing and/or selling the PRODUCTS, yet purposefully proceeded with such action;

   b.  Despite their knowledge of the high risk of ovarian cancer associated with the PRODUCTS, Defendants affirmatively minimized this risk through marketing and promotional efforts and product labeling.

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

c. Through PRODUCTS, yet purposefully proceeded with such action; to the safety of users of the PRODUCTS, including Plaintiffs. Defendants' conduct, as described herein, knowing the dangers and risks of the PRODUCTS, yet concealing and/or omitting this information, in furtherance of their conspiracy and concerted action was outrageous because of Defendants' evil motive or a reckless indifference to the safety of users of the PRODUCTS.

156.    As a direct and proximate result of the willful, wanton, evilly motivated and/or reckless conduct of the Defendants, the Plaintiffs have sustained damages as set forth above.

WHEREFORE, Plaintiff prays for a judgment for punitive damages against all Defendants in a fair and reasonable amount sufficient to punish Defendants and deter them and others from engaging in similar conduct in the future, costs expended herein, and such further and other relief as the Court deems just and appropriate.

## COUNT NINE– NEGLIGENT MISREPRESENTATION
### (All Defendants)

157.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

158.    Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, Plaintiffs and the public, that the PRODUCTS had been tested and found to be safe and effective for use in the perineal area. The representations made by Defendants, in fact, were false.

159.    Defendants failed to exercise ordinary care in the representations concerning the PRODUCTS while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because Defendants negligently misrepresented the PRODUCTS' high risk of unreasonable, dangerous, adverse side effects.

160.    Defendants breached their duty in representing that the PRODUCTS have no serious side effects.

161.    As a foreseeable, direct and proximate result of the negligent misrepresentation of Defendants as set forth herein, Defendants knew, and had reason to know, that the PRODUCTS had been insufficiently tested, or had not been tested at all, and that they lacked adequate and

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

accurate warnings, and that it created a high risk, and/or higher than acceptable risk, and/or higher than reported and represented risk, of adverse side effects.

162.    As a proximate result of Defendants' conduct, Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them individually, jointly, severally and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## TOLLING STATUTE OF LIMITATIONS

163.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

164.    Plaintiffs have suffered an illness that has a latency period and does not arise until many years after exposure. Plaintiffs' illness did not distinctly manifest itself until she was made aware that her ovarian cancer could be caused by her use of the Defendants' products. Consequently, the discovery rule applies to this case and the statute of limitations has been tolled until the day that Plaintiffs knew or had reason to know that her ovarian cancer was linked to her use of the Defendants' products.

165.    Furthermore, the running of any statute of limitations has been equitably tolled by reason of Defendants' fraudulent concealment and conduct. Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs the true risks associated with PRODUCTS.

166.    As a result of Defendants' actions, Plaintiffs were unaware, and could not reasonably know or have learned through reasonable diligence that Plaintiffs had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

167.    Furthermore, Defendants are estopped from relying on any statute of limitations because of their concealment of the truth, quality and nature of PRODUCTS. Defendants were

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

under a duty to disclose the true character, quality and nature of PRODUCTS because this was non-public information which the Defendants had and continue to have exclusive control, and because the Defendants knew that this information was not available to Plaintiffs, their medical providers and/or their health facilities.

168.    Defendants had the ability to and did spend enormous amounts of money in furtherance of their purpose of marketing and promoting a profitable drug, notwithstanding the known or reasonably known risks. Plaintiffs and medical professionals could not have afforded and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and were forced to rely on Defendants' representations.

Dated: November 15, 2016                    Respectfully submitted,

**HOLLAND LAW FIRM**

By:    /s/ Eric D. Holland
       Eric D. Holland
       R. Seth Crompton
       300 N. Tucker Blvd., Suite #801
       Saint Louis, Missouri, 63101
       314-241-8111 telephone
       314-241-5554 facsimile
       eholland@allfela.com
       scrompton@allfela.com

       -and-

**THE LANIER LAW FIRM, PLLC**
W Mark Lanier
WML@lanierlawfirm.com
Richard D. Meadow
Richard.Meadow@LanierLawFirm.com
126 East 56th Street, 6th Floor
New York, NY 10022
212-421-2800 telephone
212-421-2878 facsimile

       -and-

Electronically Filed - City of St. Louis - November 15, 2016 - 12:22 PM

**THE LANIER LAW FIRM, PC**
Lee A. Cirsch
Lee.Cirsch@lanierlawfirm.com
Michael A. Akselrud
Michael.Akselrud@lanierlawfirm.com
10866 Wilshire Blvd., #400
Los Angeles, CA 90024
310-277-5100 telephone
310-277-5103 facsimile

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by e-filing through the

Missouri Electronic Filing System, and/or by United States Mail, postage prepaid, this 15th day

of November, 2016.

**HOLLAND LAW FIRM**

By:  /s/ Eric D. Holland
Eric D. Holland
300 N. Tucker Blvd., Suite #801
St. Louis, MO 63101
314-241-8111 telephone
314-241-5554 facsimile
eholland@allfela.com