# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

VALERIE SWANN, et al.,                    )
                                          )
            Plaintiffs,                   )
                                          )
    v.                                    )            No. 4:14-CV-1546 CAS
                                          )
JOHNSON & JOHNSON, et al.,                )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand for lack of federal jurisdiction. Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., Imerys Talc America, Inc., and Person Care Products Council oppose the motion. For the following reasons, plaintiffs' motion will be granted, and this action will be remanded to the Circuit Court of the City of St. Louis.

### *Background*

On July 31, 2014, plaintiffs filed this action in the City of St. Louis Circuit Court, alleging eleven state law claims against defendants arising out of the design, testing, promotion, and sale of Johnson & Johnson Baby Powder and Shower to Shower (the "Talc Products"). Plaintiffs are sixty-two individuals who are citizens Missouri, New Jersey, California, Alabama, Arizona, Arkansas, Connecticut, Florida, Georgia, Hawaii, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Nebraska, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, and Virginia. They allege that they or a decedent family member used the Talc Products to dust their perineum areas for feminine hygiene purposes, and as a result they developed ovarian cancer. They bring claims for strict liability for failure to warn (Count I);

negligence (Count II); negligence (Count III); breach of express warranty (Count IV); breach of implied warranties (Count V); civil conspiracy (Count VI); concert of action (Count VII); punitive damages (Count VIII); wrongful death (Count IX); concert of action (Count X); and negligence misrepresentation (Count XI).

On September 10, 2014, defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. removed the action to this Court on the basis of diversity jurisdiction. The parties, however, are not diverse. One of the plaintiffs and two of the defendants, Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., are citizens of New Jersey; and four of the plaintiffs and one of the defendants, Imerys Talc America, Inc., are citizens of California. Despite the lack of complete diversity on the face of the complaint, defendants state that federal diversity jurisdiction exits because the plaintiffs are procedurally misjoined. Defendants also argue that the Court lacks personal jurisdiction over defendants for the out-of-state plaintiffs' claims, and that the Court should address the threshold issue of personal jurisdiction prior to subject matter jurisdiction.

Plaintiffs move to remand the case to the City of St. Louis Circuit Court, stating that pursuant to controlling case law, In re Prempro Products Liability Litigation, 591 F.3d 613 (8th Cir. 2010), plaintiffs' claims have been properly joined, and defendants' fraudulent misjoinder theory must be rejected. Plaintiffs further argue that the Court should address the straight-forward issue of subject matter jurisdiction before addressing personal jurisdiction, which is fact dependant.

### Discussion

A federal court may not proceed in a case unless it has subject matter jurisdiction. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 164 (8th Cir. 2001). Certain threshold issues, however, such as personal jurisdiction, may be addressed without a finding of subject matter

jurisdiction, "provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999).  It is within the Court's discretion to determine whether to decide the issue of personal jurisdiction or subject matter jurisdiction first.  Id. In this case, the Court finds that the issue of subject matter is a straight forward legal issue that has already been addressed by judges in this district, including the undersigned.  Issues of personal jurisdiction and venue would require a more fact-intensive inquiry.  Therefore, the Court will first take up the issue of subject matter jurisdiction.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

A state civil action may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Manning v. Wal–Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The diversity jurisdiction statute has also been interpreted to require complete diversity, which means that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373

3

(1978). Here, defendants assert that this case falls within fraudulent misjoinder doctrine, which is an exception to the requirement of complete diversity.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010) (citing 14B Charles Alan Wright et al., Federal Practice and Procedure § 3723 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. Fraudulent misjoinder is a more recent exception to the complete diversity rule. As explained by the Eighth Circuit, " '[f]raudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" Id. (quoting Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008)). While acknowledging the fraudulent misjoinder doctrine, the Eighth Circuit has expressly declined to either adopt or reject it. Id. at 622.

In Prempro, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs, alleging they (or a decedent family member) had developed breast cancer from taking the drugs. As in our case, defendant manufacturers removed to federal court, arguing that plaintiffs fraudulently misjoined their claims. The Prempro defendants argued plaintiffs' claims did not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20(a). Defendants argued that plaintiffs were residents of different states, were prescribed different HRT drugs, by different doctors, for different lengths of time, in different amounts, and

they suffered different injuries. Id. at 618. The district court agreed with defendants that the

plaintiffs' claims had been improperly joined under Rule 20.

After considering the Rule 20 joinder standards, the Eighth Circuit reversed, concluding that

the defendant manufacturers had not met their burden of establishing plaintiffs' claims were

egregiously misjoined. Despite all the differences in their claims, plaintiffs' claims were "logically

related because they each developed breast cancer as a result of the manufacturers' negligence in

designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." Id. at

623. The Eighth Circuit found several common questions of law and fact, including the causal link

between HRT drugs and breast cancer, and whether the manufacturers knew of the dangers of HRT

drugs. The Eighth Circuit found that even if the fraudulent misjoinder doctrine were applicable, the

plaintiffs' alleged misjoinder was not so egregious as to constitute fraudulent misjoinder. Id. at 622.

The facts of this case are essentially indistinguishable from Prempro. This Court agrees with

the Honorable Jean C. Hamilton, who in a nearly identical case with the same defendants wrote:

> Plaintiffs have alleged joint action between the Defendants in the manufacturing,
> testing, promoting, warning, marketing, and selling of products containing talcum
> powder. They claim that the main substance in talcum powder has long been linked
> with an increased risk of ovarian cancer, that Defendants at least should have known
> about that increased risk, and that Defendants acted in concert to conceal the
> information from consumers. Plaintiffs have all allegedly used talcum powder in a
> similar manner, albeit for different periods of time, and they have all allegedly
> developed ovarian cancer as a result. While the J & J Defendants are correct that
> there may be some differences between each of the Plaintiffs' claims, the similarity
> to the facts in Prempro requires the conclusion that there is a logical connection
> between the claims such that the fraudulent misjoinder doctrine, even if it were
> adopted, is inapplicable.

Hogans v. Johnson & Johnson, No. 4:14-CV-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24,

2014) (remanding to state court). Plaintiffs' claims here are just as logically connected to one

another than the Prempro plaintiffs. Plaintiffs allege claims arising out of, inter alia, defendants'

failure to warn, breach of express and implied warranties, and negligent misrepresentations.  As in

Prempro, common questions of law and fact are likely to arise in this case, including the causal link

between talcum powder and ovarian cancer, whether defendants knew of the alleged danger of

ovarian cancer, and the terms of any express or implied warranties given by defendants. Because the

plaintiffs all allege injuries arising out of the use of talcum powder and the connection to ovarian

cancer, the Court cannot say plaintiffs' claims have no real connection to each other such that they

are egregiously misjoined. See Prempro, 591 F.3d at 623.

      In support of the application of the doctrine of fraudulent misjoinder in this case, defendants

cite to a case decided by the undersigned, Boschert v. Pfizer, Inc., No. 4:08-CV-1714, 2009 WL

1383183 (E.D. Mo. May 14, 2009). Boschert, however, was decided in 2009, prior to the Prempro

decision. This Court decided the case without the benefit of the Eighth Circuit's guidance on the

doctrine of fraudulent misjoinder as detailed in Prempro, and therefore, the Court declines to follow

the outdated reasoning in Boschert.  In addition, defendants cite to a number of cases from districts

in New Jersey, Florida, New York, Pennsylvania, Texas, and Ohio.  The Court does not find these

cases to be persuasive. They "are not sufficient indicators that the Eighth Circuit Court of Appeals

is likely to alter a precedent that has been applied consistently in the Eighth Circuit."[1]  Hogans,

2014 WL 4749162 at *3 (rejecting authority outside the Eighth Circuit).  Defendants also encourage

this Court to veer from the Eighth Circuit's decision in Prempro in light of decisions from other

circuits.  The Court declines defendants' invitation to reject the egregiousness standard as set forth

by the Eighth Circuit in Prempro.  The Court is bound to follow Eighth Circuit precedent, and the

---

[1]Defendants do cite to In re Baycol Prods. Liab. Litig., MDL No. 1431, 2002 WL 32155269,
at *2 (D. Minn. July 5, 2002), a case from Minnesota, a district within the Eighth Circuit.  But like
Boschert, this case was decided prior to the Prempro decision.

Court does not find defendants' arguments to be persuasive that there is "substantial doubt" as to whether the Eighth Circuit would adhere to its decision in <u>Prempro</u> if presented with the issue of fraudulent misjoinder again.

In sum, plaintiffs' claims are sufficiently related to support joinder in this case. Because there is not complete diversity between the parties, the Court lacks subject matter jurisdiction. Thus, this matter must be remanded to state court for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED.** [Doc. 13]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that defendants' motions to dismiss and plaintiffs' motion to stay or, in the alternative, for leave to initiate discovery on the issue of personal jurisdiction are **DENIED without prejudice as moot.** [Docs. 5, 9, 11, 17, 19, and 21]

An appropriate Order of Remand will accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __3rd__ day of December, 2014.