# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEEWING LOYD, SR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1904 RWS |
| ) | |
| JOHNSON & JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This newly-removed case is before me on my review for subject matter jurisdiction. Plaintiffs are women or their representatives who filed this action in state court claiming that the women developed ovarian cancer from Johnson & Johnson's talcum powder products. Plaintiffs sued Johnson & Johnson, the talc supplier, and a trade organization.

On November 10, 2014, defendant Johnson & Johnson removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Although five plaintiffs and two defendants are allegedly citizens of New Jersey and California, defendant urges me to disregard the citizenship of the non-diverse plaintiffs as fraudulently misjoined. Defendant also argues that the non-Missouri plaintiffs cannot establish personal jurisdiction over defendants in Missouri.

To the extent defendant is asking me to rule on issues of personal jurisdiction

before determining whether I have subject-matter jurisdiction over this case, in the exercise of my discretion I decline to do so, as the inquiry regarding subject-matter jurisdiction is not "arduous". See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.").

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

2

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id.

Here defendant is claiming fraudulent misjoinder. The Eighth Circuit Court of Appeals has not yet determined whether fraudulent misjoinder is a valid basis for removal. Prempro, 591 F.3d at 620. The Eighth Circuit recently discussed the doctrine of fraudulent misjoinder, stating:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction. Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Id. (footnotes omitted).

In Prempro, plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. Id. at 613. Defendants removed the cases to federal court, alleging diversity jurisdiction. In support of removal,

3

defendants argued that plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a). Id. at 618.

The Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine, holding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id. at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving HRT manufacturers and users and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation. Id. at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1986), and declining to apply it and fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham' . . . .").

Similarly, in this case, there is no need to express an opinion on the validity of the fraudulent misjoinder doctrine because defendant has failed to demonstrate that the joinder of New Jersey citizens with other plaintiffs in this action "is so egregious and grossly improper . . . . that plaintiffs' misjoinder borders on a 'sham' . . . ." Prempro, 591 F.3d at 624. As other judges from this district and I have

4

found, the joinder of plaintiffs alleging injury from a single drug is not "egregious" because common issues of law and fact connect plaintiffs' claims.  See, e.g., S.F., et al. v. Pfizer Inc., Case Number 4:12CV420 CEJ (E.D. Mo. April 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®).   Plaintiffs in this case have filed suit against defendants for injuries caused by the same products and arising out of the same development, marketing and sales practices for those products, and common issues of law and fact are likely to arise in the litigation.

    Defendant attempts to distinguish this case from Prempro and the previous remands from this Court by arguing in their Notice of Removal that each plaintiffs' claim will depend upon unique factual determinations, that the laws of many states apply to plaintiffs' claims, and that plaintiffs must have filed this suit for the sole purpose of defeating federal jurisdiction.   These arguments are woefully insufficient to demonstrate the propriety of jurisdiction here.   Plaintiffs' claims need not arise from the same transaction or occurrence, nor do they need to share a common outcome or state law, as long as common questions or law are fact are likely to arise in the litigation.  See Prempro, 591 F.3d at 623.   Nor has defendant demonstrated that joinder is "so egregious and grossly improper . . . that [it] borders on a 'sham' . . . ."  Id. at 624.

Plaintiffs' claims are sufficiently related to support joinder in this case, and defendant has not met its burden of demonstrating that the parties are diverse or that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332. Because I lack subject-matter jurisdiction over this case, I will remand the action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri from which it was removed under 28 U.S.C. § 1447(d).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2014.

6