**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:  JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 |

**DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S**
**<u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Thomas T. Locke (DC Bar No. 454144)
Rebecca Woods (DC Bar No. 468495)
James Billings-Kang (DC Bar No. 984152)
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, DC  20004
Telephone:  (202) 463-2400
Facsimile:  (202) 828-5393
tlocke@seyfarth.com
rwoods@seyfarth.com
jbillingskang@seyfarth.com

Sheryl L. Axelrod (NJ Bar No. 017091994)
**THE AXELROD FIRM, PC**
The Beasley Building
1125 Walnut Street
Philadelphia, PA  19107
Phone: (215) 461-1770
Facsimile: (215) 238-1779
saxelrod@theaxelrodfirm.com

*Attorneys for Defendant*
*Personal Care Products Council*

39020976v.3

# **TABLE OF CONTENTS**

                        **Page**

PROCEDURAL HISTORY ................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.      This Court Has Authority to Dismiss Lawsuits Based on Lack of Personal Jurisdiction. ............................................................................................................ 2

II.     Plaintiffs Cannot Meet Their Burden of Establishing Personal Jurisdiction. ...... 3

        A.      Plaintiffs Cannot Establish Long-Arm Jurisdiction. ................................. 4

        B.      General Jurisdiction Does Not Exist Over PCPC. ..................................... 7

        C.      Specific Jurisdiction Does Not Exist Over PCPC. ..................................... 9

CONCLUSION ................................................................................................................ 13

Exhibit A – Identification of Pending Lawsuits to which Motion to Dismiss Applies

Exhibit B – *Cebulske v. Johnson & Johnson*, 2015 WL 1403148 (S.D. Ill. Mar. 25, 2015)

Exhibit C – Long-Arm Statutes from Applicable Jurisdictions

Exhibit D – Declaration of Mark A. Pollak

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allaham v. Naddaf*,
   635 Fed. App'x 32 (3d Cir. 2015) ................................................................................. 3, 4

*Block Indus. v. DHJ Indus.*,
   495 F.2d 256 (8th Cir. 1974) ............................................................................................ 5

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................................................... 9, 10

*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
   334 F.3d 390 (4th Cir. 2003) ............................................................................................ 5

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ........................................................................................ 8

*Cebulske v. Johnson & Johnson*,
   No. 14-cv-00627, 2015 WL 1403148 (S.D. Ill. Mar. 25, 2015) .................................. 2, 12

*Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*,
   536 F.3d 757 (7th Cir. 2008) ............................................................................................ 4

*Coen v. Coen*,
   590 F.3d 900 (8th Cir. 2007) ............................................................................................ 5

*Conwill v. Greenberg Traurig, L.L.P.*,
   No. 09-4365, 2009 WL 5178310 (E.D. La. Dec. 22, 2009) ............................................ 11

*Copia Commc'n v. AMResorts, L.P.*,
   812 F.3d 1 (1st Cir. 2016) ................................................................................................. 5

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ........................................................................................................ 8

*Doe v. Unocal Corp.*,
   248 F.3d 915, 923 (9th Cir. 2001) .................................................................................... 4

*D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*,
   566 F.3d 94 (3d Cir. 2009) ............................................................................................... 3

*Fed. Ins. Co. v. Lake Shore Inc.*,
   886 F.2d 654 (4th Cir. 1989) ............................................................................................ 5

*Fraser v. Smith*,
 594 F.3d 842 (11th Cir. 2010) ...................................................................................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011)................................................................................................................7, 8

*Graziose v. Am. Home Prods. Corp.*,
 161 F. Supp. 2d 1149 (D. Nev. 2001).......................................................................................12

*Grimes v. Vitalink Commc'ns Corp.*,
 17 F.3d 1553 (3d Cir. 1994).......................................................................................................4

*In re Gypsum Wallboard*,
 302 F. Supp. 794 (Jud. Pan. Mult. Lit. 1969) ............................................................................2

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*,
 757 F. Supp. 2d 904, 912 n.1 (W.D. Mo. 2010) ......................................................................11

*Hanson v. Denckla*,
 357 U.S. 235 (1958)...................................................................................................................9

*Hardy v. Pioneer Parachute Co.*,
 531 F.2d 193, 195 (4th Cir. 1976) .............................................................................................5

*Helicopteros Nacionales de Colo., S.A. v. Hall*,
 466 U.S. 408 (1984)..........................................................................................................6, 7, 8

*Insurance Co. of North America v. Marina Salina Cruz*,
 649 F.2d 1266 (9th Cir. 1981) ...................................................................................................4

*Int'l Shoe v. Washington*,
 326 U.S. 310 (1945).......................................................................................................4, 9, 10

*Intera Corp. v. Henderson*,
 428 F.3d 605 (6th Cir. 2005) .....................................................................................................5

*J. McIntyre Mach. v. Nicastro*,
 131 S. Ct. 2780 (2011)...............................................................................................................9

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
 615 F.3d 579, 584 (5th Cir. 2014) .............................................................................................5

*Johnston v. Multidata Sys. Int'l Corp.*,
 523 F.3d 602 (5th Cir. 2008) .....................................................................................................5

*Kulko v. Superior Court of California*,
 436 U.S. 84 (1978)...................................................................................................................10

*In re Linerboard Antitrust Litig.*,
   No. 04-400, 2005 WL 1625040 (E.D. Pa. July 11, 2005) ....................................................... 3

*Lakin v. Prudential Secs., Inc.*,
   348 F.3d 704 (8th Cir. 2003) ................................................................................................... 7

*Le Bleu Corp. v. Standard Capital Grp.*,
   11 Fed. Appx. 377 (4th Cir. 2001) ........................................................................................... 5

*Matthews v. Brookstone Stores*,
   469 F. Supp. 2d 1056 (S.D. Ala. 2007) .................................................................................. 12

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
   241 F.R.D. 435 (S.D.N.Y. 2007) ............................................................................................. 3

*Miles v. WTMX Radio*,
   15 Fed. Appx. 213 (6th Cir. 2001) ........................................................................................... 5

*Estate of Moore v. Carroll*,
   159 F. Supp.3d 1002 (8th Cir. 2016) ....................................................................................... 5

*Nat'l Indus. Sand Ass'n v. Gibson*,
   897 S.W.2d 769 (Tex. 1995) .................................................................................................. 11

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007) ..................................................................................................... 4

*Oticon, Inc. v. Sebotek Hearing Sys., LLC*,
   865 F. Supp. 2d 501 (D.N.J. 2011) .......................................................................................... 4

*Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*,
   246 P.3d 343 (Ariz. 2011) (*en banc*) ...................................................................................... 4

*Ploense v. Electrolux Home Prods.*,
   882 N.E.2d 653 (Ill. App. Ct. 2007) ................................................................................ 10, 11

*Remick v. Manfredy*,
   238 F.3d 248, 255 (3d Cir. 2001) ............................................................................................. 5

*Riggs v. AHP Settlement Trust*,
   421 Fed. App'x 136 (3rd Cir. 2011) ........................................................................................ 3

*Rio Props., Inc. v. Rio Intern. Interlink*,
   284 F.3d 1007, 1019 (9th Cir. 2002) ....................................................................................... 5

*Rivera v. Ballys Park Place, Inc.*,
   798 F. Supp. 2d 611 (E.D. Pa. 2011) ................................................................................. 3, 10

*Rush v. Savchuk*,
  444 U.S. 320 (1980)..................................................................................................10

*Sieber v. Campbell*,
  810 So. 2d 641, 644 (Ala. 2001).................................................................................4

*Siskiyou Prop., LLC v. Bennett Holdings, LLC*,
  13 Fed. Appx. 553 (9th Cir. 2001)..............................................................................5

*St. Louis v. Am. Tobacco Co.*,
  No. 982-09652, 2003 WL 23277277 (Mo. Cir. Dec. 16, 2003) ...............................11

*Stanton v. St. Jude Medical, Inc.*,
  340 F.3d 690 (8th Cir. 2003) ......................................................................................5

*Sugartown Worldwide LLC v. Shanks*,
  Civ. A. No. 14-5063, 2015 WL 1312572 (E.D. Pa. Mar. 24, 2015)........................11

*Szabo v. Med. Info. Bureau*,
  127 Cal. App.3d 51 (1981) .......................................................................................10

*Trujillo v. Williams*,
  465 F.3d 1210 (10th Cir. 2006) ..................................................................................5

*Ex parte United Ins. Companies, Inc.*,
  936 So. 2d 1049 (Ala. 2006).....................................................................................12

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
  75 F.3d 147 (3d Cir. 1996).........................................................................................4

*Walden. Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*,
  757 F. Supp. 2d 904 (W.D. Mo. 2010) .....................................................................11

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014)..........................................................................................2, 11

*Wells Dairy, Inc. v. Food Movers Int'l*,
  607 F.3d 515 (8th Cir. 2010) ......................................................................................4

*Williams v. Bowman Livestock Equip. Co.*,
  927 F.2d 1128, 1131 (10th Cir. 1991) ........................................................................5

*Wince v. Easterbrooke Cellular Corp.*,
  681 F.Supp.2d 688 (N.D.W.Va. 2010) .......................................................................5

*World–Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)...............................................................................................4, 10

*Yanmar Co. v. Slater*,
    386 S.W.3d 439 (Ark. 2012)........................................................................................4

*Young v. New Haven Advocate*,
    315 F.3d 256 (4th Cir. 2002) .......................................................................................5

*In re Zofran (Onbansetron) Prods. Liab. Litig.*,
    No. 1:15-cv-13760-FDS, 2016 WL 2349105 (D. Mass. May 4, 2016)......................2

**Statutes**

Conn. Gen. Stat. Ann. § 33-929....................................................................................7

Fla. Stat. Ann. § 48.193(1)............................................................................................7

Ga. Code Ann. § 9-10-91 ..............................................................................................7

Idaho Code Ann. § 5-514 ..............................................................................................7

Ky. Rev. Stat. Ann. § 454.210 ......................................................................................7

Mass. Gen. Laws ch. 223A, § 3 ....................................................................................5

Miss. Code Ann. § 13-3-57...........................................................................................7

Mo. Ann. Stat. § 506.500..............................................................................................7

Ohio Rev. Code Ann. § 2307.382.................................................................................7

Wis. Stat. Ann. 801.05 ..................................................................................................7

**Other Authorities**

Indiana Trial Rule 4.4(A)..............................................................................................7

N.Y. C.P.L.R. § 302(a) .................................................................................................7

U.S. Constitution Due Process Clause ..............................................................3, 4, 6, 11

In their amended master complaint, Plaintiffs allege that they or their decedents developed ovarian cancer from Johnson & Johnson Baby Powder® and/or Shower to Shower® (the "Products"). Plaintiffs name the Johnson & Johnson entities as defendants because Johnson & Johnson Consumer, Inc. manufactured the Products. Plaintiffs name Imerys Talc America, Inc. as a defendant because, for a period of time, it supplied the talc used as an ingredient.

A minority of Plaintiffs also name as a defendant Personal Care Products Council ("PCPC"), a non-profit trade association for the cosmetics industry. PCPC does not design, manufacture, sell or regulate any cosmetic products. PCPC should be dismissed based on lack of personal jurisdiction from the lawsuits identified on Exhibit A and any other lawsuit in which a plaintiff seeks to have a trial in a jurisdiction other than Washington, DC or New Jersey.

## PROCEDURAL HISTORY

On February 6, 2017, PCPC filed a motion to dismiss all then pending MDL lawsuits based on lack of personal jurisdiction and because the First Amendment, the *Noerr-Pennington* doctrine, and anti-SLAPP statutes preclude liability for lobbying and related activities. On March 16, 2017, Plaintiffs filed an Amended Master Complaint. Case Management Order ("CMO") No. 3 provides that, consistent with the Short Form Complaints filed pursuant to CMO No. 2, the allegations set forth in the Amended Master Complaint are incorporated in each lawsuit. A minority of Plaintiffs in jurisdictions other than Washington, DC or New Jersey subsequently asserted claims against PCPC. PCPC seeks dismissal of those lawsuits based on lack of personal jurisdiction. PCPC is participating in discovery in connection with the lawsuits emanating from Washington, DC subject to Plaintiffs' agreement that such participation does not waive jurisdictional issues. After the jurisdictional issues are resolved, PCPC intends to file a motion for summary judgment based on the First Amendment, the *Noerr-Pennington* doctrine, anti-SLAPP statutes, and other grounds.

**ARGUMENT**

PCPC has no contacts and transacts no meaningful business in any jurisdiction other than Washington, DC.  PCPC has consented to personal jurisdiction for talc lawsuits filed and litigated in New Jersey.  In all other jurisdictions, Plaintiffs cannot meet their burden of establishing that personal jurisdiction exists over PCPC.

The U.S. District Court for the Southern District of Illinois granted PCPC's motion to dismiss a talc lawsuit making the same allegations.  *See Cebulske v. Johnson & Johnson*, No. 14-cv-00627, 2015 WL 1403148, at *3 (S.D. Ill. Mar. 25, 2015), attached as Exhibit B (holding that "Due process requires that a Defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the state") (*citing Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014)).  PCPC likewise should be dismissed from the cases identified on Exhibit A.[1]

**I.   THIS COURT HAS AUTHORITY TO DISMISS LAWSUITS BASED ON LACK OF PERSONAL JURISDICTION.**

PCPC's Motion is properly before this Court.  "In a multidistrict litigation, a transferee court has personal jurisdiction over a defendant only if the transferor court would have had jurisdiction."  *In re Zofran (Onbansetron) Prods. Liab. Litig.*, No. 1:15-cv-13760-FDS, 2016 WL 2349105, at *3 (D. Mass. May 4, 2016).  MDL transferee courts have authority to resolve motions to dismiss for lack of personal jurisdiction.  *In re Gypsum Wallboard*, 302 F. Supp. 794, 794  (Jud. Pan. Mult. Lit. 1969) (holding that motions to "dismiss for lack of jurisdiction are

---

[1] Exhibit A includes two parts: Part I and Part II.  Part I identifies all of the lawsuits in the MDL that lack personal jurisdiction over PCPC in which PCPC has already been served (as of May 18, 2017).  Part II identifies all of the lawsuits in the MDL in which PCPC has yet to be served (as of May 18, 2017).  PCPC should be dismissed from every case identified both in Part I and Part II. To the extent that PCPC is served with any additional lawsuits outside of DC or New Jersey after May 18, 2017, they too should be dismissed for all of the reasons set forth herein.

2

being routinely considered by courts to which multidistrict litigation has previously been transferred"). *See also Riggs v. AHP Settlement Trust*, 421 Fed. App'x 136, 137 (3rd Cir. 2011) (noting that "[t]he District Court . . . dismissed the complaint against [defendant] for lack of personal jurisdiction pursuant to Rule 12(b)(2)").

Personal jurisdiction is a two-step analysis. MDL courts first determine whether jurisdiction exists pursuant to the long-arm statute of the state where the transferee court is located or where a lawsuit filed directly in the MDL court will be transferred following pretrial proceedings. If there is long-arm jurisdiction (or the forum state's long-arm statute is coterminous with federal due process considerations), then the MDL court determines whether the exercise of jurisdiction violates the principles of the Due Process Clause of the U.S. Constitution. In determining whether personal jurisdiction exists under the second part of the analysis, an MDL transferee court analyzes the law of its Circuit. *See, e.g.*, *In re Linerboard Antitrust Litig.*, No. 04-400, 2005 WL 1625040, at *4 (E.D. Pa. July 11, 2005); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 241 F.R.D. 435, 439 (S.D.N.Y. 2007).

## II. **PLAINTIFFS CANNOT MEET THEIR BURDEN OF ESTABLISHING PERSONAL JURISDICTION.**

Plaintiffs bear the burden of making a *prima facie* showing that the Court has personal jurisdiction. *Allaham v. Naddaf*, 635 Fed. App'x 32, 36–37 (3d Cir. 2015); *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). To meet their burden, "plaintiff[s] may not rely on the bare pleadings alone in order to withstand a defendant's . . . motion to dismiss for lack of personal jurisdiction; instead, the plaintiff[s] must present competent evidence, such as sworn affidavits, to support [their] jurisdictional allegations." *Rivera v. Ballys Park Place, Inc.*, 798 F. Supp. 2d 611, 615 (E.D. Pa. 2011) (citation omitted).

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Oticon, Inc. v. Sebotek Hearing Sys., LLC*, 865 F. Supp. 2d 501, 506 (D.N.J. 2011). "[T]he central inquiry is whether the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Under the Due Process Clause, personal jurisdiction may be established under either "general" or "specific" theories. *Allaham*, 635 Fed. App'x at 37-38 (citing *Grimes v. Vitalink Commc'n Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)). "A court has general jurisdiction when a defendant has 'continuous and systematic' contacts with the forum state." *Id.* at 38 (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007)). "A court has specific jurisdiction when a plaintiff's claim arises from a defendant's actions within the forum state, such that the defendant could 'reasonably anticipate being haled into the state's courts.'" *Id.* (citing *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

### A.   Plaintiffs Cannot Establish Long-Arm Jurisdiction.

Exhibit C sets forth the relevant portions of the state long-arm statutes for the lawsuits identified on Exhibit A. Twenty-five of the relevant states have long-arm statutes that are expressly, or by operation of case law, coextensive with federal due process analysis. Accordingly, courts collapse the two inquiries into the federal due process analysis. Those states are: **Alabama**: *Sieber v. Campbell*, 810 So. 2d 641, 644 (Ala. 2001); **Alaska**: *Ins Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1269 (9th Cir. 1981); **Arizona**: *Planning Group of Scottsdale v. Lake Mathews Mineral Prop.*, 246 P.3d 343, 346 (Ariz. 2011) (en banc); **Arkansas**: *Yanmar Co. v. Slater*, 386 S.W.3d 439, 443-44 (Ark. 2012); **California**: *Doe v. Unocal Corp.*,

4

248 F.3d 915, 923 (9th Cir. 2001); **Illinois**: *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 760-61 (7th Cir. 2008); **Iowa**: *Wells Dairy, Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010); **Louisiana**: *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2014); **Maryland**: *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396–97 (4th Cir. 2003); **Massachusetts**:[2] *Copia Commc'n v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016); **Michigan**: *Miles v. WTMX Radio*, 15 Fed. Appx. 213, 214 (6th Cir. 2001); **Minnesota**: *Coen v. Coen*, 590 F.3d 900, 905 (8th Cir. 2007); **Nebraska**: *Stanton v. St. Jude Med.*, 340 F.3d 690, 693 (8th Cir. 2003); **Nevada**: *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); **New Mexico**: *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); **North Carolina**: *Le Bleu Corp. v. Standard Capital Grp.*, 11 Fed. Appx. 377, 379 (4th Cir. 2001); **Oklahoma**: *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1131 (10th Cir. 1991); **Oregon**: *Siskiyou Prop., LLC v. Bennett Holdings, LLC*, 13 Fed. Appx. 553, 555 (9th Cir. 2001); **Pennsylvania**: *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001); **South Carolina**: *Hardy v. Pioneer Parachute Co.*, 531 F.2d 193, 195 (4th Cir. 1976); *Fed. Ins. Co. v. Lake Shore Inc*., 886 F.2d 654, 657 (4th Cir. 1989); **South Dakota**: *Estate of Moore v. Carroll*, 159 F. Supp.3d 1002, 1007 (8th Cir. 2016); *Block Indus. v. DHJ Indus.*, 495 F.2d 256, 259 (8th Cir. 1974); **Tennessee**: *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005); **Texas:** *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); **Virginia**: *Young v. New Haven Advocate*, 315 F.3d 256, 261(4th Cir. 2002) and **West Virginia**: *Wince v. Easterbrooke Cellular Corp.*, 681 F.Supp.2d 688, 691 (N.D.W.Va. 2010).  Thus, the personal

---

[2] The First Circuit expressed a possible split regarding this interpretation.  As with the other states discussed below, however, none of the eight factors set forth in the Massachusetts long arm statute apply to PCPC.  Mass. Gen. Laws ch. 223A, § 3.

jurisdiction inquiry in those states is the same as the federal due process inquiry discussed below in Parts II. B. and C.

Other relevant states have long-arm statutes that have varying requirements. In each instance, these long-arm statutes do not confer jurisdiction here. PCPC is a non-profit trade association that represents the interests of the cosmetic and personal care products industry. *See* Declaration of Mark A. Pollak ("Decl.") ¶ 4 (attached as Exhibit D). PCPC is the successor or continuation of the Cosmetic, Toiletry, and Fragrance Association ("CTFA"). Decl. ¶ 4. PCPC does not design, test, manufacture, market, sell or regulate any cosmetic or personal care products containing talc, or any other chemical agreement. Decl. ¶¶ 4, 5. PCPC is not licensed to do business in any of the forum states. Decl. ¶ 6. PCPC has no agent for service of process in any of the forum states. Decl. ¶ 7. PCPC neither owns nor leases property, nor holds liens or mortgages on any real property in any of the forum states. Decl. ¶ 8. PCPC has no address, phone number, bank account, or office in any of the forum states. Decl. ¶ 9. None of PCPC's employees are based in any of the forum states nor do PCPC's employees regularly travel to or conduct business in any of the forum states on PCPC's behalf. Decl. ¶ 10. PCPC has never brought a lawsuit in a court in any of the forum states. Decl. ¶ 11. PCPC maintains no records or any other property in any of the forum states. Decl. ¶12. Finally, contrary to Plaintiffs' specious allegations, as discussed below, PCPC has not lobbied any state governments in relation to talc. Decl. ¶ 19.

As to the lawsuits transferred from **Florida,** its long-arm statute on general personal jurisdiction extends to the limits imposed by the Due Process Clause. *See Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010). Although PCPC holds an annual meeting in Florida, that does not constitute being "at home in the forum." *See Helicopteros Nacionales de Colo., S.A. v. Hall*,

6

466 U.S. 408, 416 (1984). Florida's specific jurisdiction long-arm statute extends personal jurisdiction to operating a business in Florida, committing a tortious act there, having or using real property there, and causing injury to a person by manufacturing or selling a product used in Florida. Fla. Stat. Ann. § 48.193(1) (quoted in Exhibit C). PCPC has not engaged in any of those acts. *See* Decl. ¶¶ 5,6, 8, 9, 10, 14, 19.

As to the lawsuits transferred from or the direct-filed lawsuit where Plaintiff's home state is **Connecticut**, **Georgia**, **Idaho**, **Indiana**, **Kentucky**, **Mississippi**, **Missouri**, **New York**, **Ohio,** or **Wisconsin**, the long-arm statutes of those states set forth various factors for establishing personal jurisdiction over a non-resident, including doing business in the state, causing injury by manufacturing or selling a product used in the state, or having or using real property there. Conn. Gen. Stat. Ann. § 33-929; Ga. Code Ann. § 9-10-91; Idaho Code Ann. § 5-514; Indiana Trial Rule 4.4(A); Ky. Rev. Stat. Ann. § 454.210; Miss. Code Ann. § 13-3-57; Mo. Ann. Stat. § 506.500; N.Y. C.P.L.R. § 302(a); Ohio Rev. Code Ann. § 2307.382; Wis. Stat. Ann. 801.05 (each is quoted in Exhibit C). None of those acts apply here. *See* Decl. ¶¶ 5, 6, 8, 9, 10, 19. Accordingly, under their long-arm statutes, personal jurisdiction does not exist in Connecticut, Georgia, Idaho, Indiana, Kentucky, Mississippi, Missouri, New York, Ohio, and Wisconsin, and the Court need not continue its analysis as to the lawsuits filed in those states. With respect to Florida, there is no specific jurisdiction under that state's long-arm statute. And, as discussed in the next part, there is no general jurisdiction in Florida or any other states.

  B.  **General Jurisdiction Does Not Exist Over PCPC.**

To be subject to general jurisdiction, the nonresident corporation must have developed "continuous and systematic general business contacts" with the forum state "so as to render [it] essentially at home in the forum." *Helicopteros*, 466 U.S. at 416; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Because it requires extensive and

sustained contacts, "most courts[ ] are hesitant to exercise general jurisdiction over non-resident defendants." *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 708 (8th Cir. 2003) (quotation marks omitted); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 758 (2014) ("general jurisdiction has come to occupy a less dominant place in the contemporary scheme."); *Goodyear*, 564 U.S. at 925 ("[S]pecific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction plays a reduced role." (quotation marks omitted)).

General personal jurisdiction over PCPC plainly does not exist as to the forum states at issue. The Pollak Declaration establishes that PCPC has no or few business contacts with the forum states, much less the sort of contacts that are "so constant and pervasive as to render it essentially at home" in those states. *Daimler*, 134 S. Ct. at 751 (quotation marks and brackets omitted). *See* Decl. ¶¶ 5–19. Having a meeting once a year in Florida, occasionally lobbying in Pennsylvania, and having a contract with a publisher and a warehouse in Maryland do not render PCPC "essentially at home" in those forums. *Helicopteros*, 466 U.S. at 416; *see also Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business.").

In *Daimler*, the plaintiff, who was seeking to recover for injuries sustained in a foreign jurisdiction, sued a nonresident corporation in California based on general personal jurisdiction. 134 S. Ct. at 751–52. The plaintiff argued that general jurisdiction existed because one of the defendant's subsidiaries conducted business in California. *Id.* at 752. The Supreme Court rejected the argument, holding that, even if the subsidiary was at home in California for purposes of general jurisdiction and its conduct could be attributed to the defendant, "there would still be

8

no basis to subject [the defendant] to general jurisdiction in California, for [its] slim contacts with the State hardly render it at home there." *Id*. at 760.  As emphasized by *Daimler*, the relevant test for determining whether a defendant is subject to general jurisdiction is whether the defendant *itself* has "affiliations with the [forum] State . . . so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 761 (quotation marks omitted).

Because Plaintiffs cannot establish that PCPC is essentially "at home" anywhere other than Washington, D.C., there is no general jurisdiction as to the cases identified in Exhibit A.

C. **Specific Jurisdiction Does Not Exist Over PCPC.**

The exercise of specific personal jurisdiction is appropriate only if:  (1) "the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), (2) the cause of action arises out of or relates to the defendant's activities within the state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and (3) exercising jurisdiction over the defendant does "not offend traditional notions of fair play and substantial justice," *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).  Only by ***purposefully*** establishing contacts does a defendant "submit[ ] to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State."  *J. McIntyre Mach. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (plurality op.).

Plaintiffs cannot meet their burden of showing that PCPC purposefully established contacts in the forum states.  In their Amended Master Complaint, Plaintiffs attempt to correct the fatal flaw of their prior complaints.  The prior complaints failed to allege that PCPC directed any activities towards the relevant states.  Now, Plaintiffs repeatedly allege that PCPC "interact[s] with and influenc[es] local, state and federal governmental agencies on issues related to…the regulation and marketing of talc based body powders and the PRODUCTS."  Amended

9

Master Compl. ¶¶ 12, 35, 134, 139, 161, 163, 164(d), 166, 199.  With respect to purported interactions with local and state governments, those allegations are false.  PCPC has not lobbied state or local governments regarding talc.  Decl. ¶¶ 5, 19.  Plaintiffs may not rely on their specious allegations to withstand PCPC's motion to dismiss.  "[I]nstead, the plaintiff[s] must present competent evidence, such as sworn affidavits, to support [their] jurisdictional allegations."  *Rivera*, 798 F. Supp. 2d at 615.  Plaintiffs will not be able to do so, notwithstanding the over 600,000 pages of documents that have been produced by defendants in this litigation.

Plaintiffs also allege that "[t]he actions of Defendant PCPC in Washington DC has and have had repercussions throughout the talc industry, and in all states of the United States."  Amended Master Compl. ¶ 12.  Not only is that allegation an admission that PCPC's "actions" took place in Washington, DC, the assertion is legally irrelevant for jurisdictional purposes.

Merely causing alleged "repercussions" in a forum is not sufficient grounds for establishing jurisdiction there.  *See Szabo v. Med. Info. Bureau*, 127 Cal. App.3d 51, 55 (1981) (citing *World-Wide Volkswagen*[, 444 U.S. at 296 (holding that "[m]erely causing an effect in the forum state is not sufficient to justify personal jurisdiction.")]).  As the United States Supreme Court observed, Plaintiffs "confuse[] the question of [defendant's] liability with that of the proper forum in which to determine that liability."  *Kulko v. Superior Court of California*, 436 U.S. 84, 95 (1978).  *See also Ploense v. Electrolux Home Prods.*, 882 N.E.2d 653, 668 (Ill. App. Ct. 2007) ("As both *Kulko* and *World–Wide Volkswagen* teach, it is not enough that the [trade association] caused or contributed to an 'effect' in [the forum]…. [it] must have purposefully aimed at the state in causing the effect.") (citations omitted).

Moreover, contacts that other defendants may have with the transferee states cannot be the basis for jurisdiction.  *See Burger King*, 471 U.S. at 475.  "The requirements of *International*

10

*Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Indeed, the Supreme Court recently reaffirmed that a plaintiff cannot "satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between . . . third parties and the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2015). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for jurisdiction over him." *Id.* The Due Process Clause does not permit the exercise of personal jurisdiction over a nonresident defendant based solely on the conduct of alleged third-party "co-conspirators." This principle is exemplified here, where the Complaints do not allege that any "conspiracy" activities took place in any of the forum states. *See, e.g.*, *Sugartown Worldwide LLC v. Shanks*, Civ. A. No. 14-5063, 2015 WL 1312572, at *4 (E.D. Pa. Mar. 24, 2015).

Although the Court need look only to Third Circuit law, courts in the forum states themselves have long adhered to these bedrock due process principles traceable from *International Shoe* to *Walden*. *See, e.g.*, *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, 757 F. Supp. 2d 904, 912 n.1 (W.D. Mo. 2010) ("[I]t does not appear that the law imposes personal jurisdiction on a party based solely on a co-conspirator's actions."); *St. Louis v. Am. Tobacco Co.*, No. 982-09652, 2003 WL 23277277, at *7 (Mo. Cir. Dec. 16, 2003) ("[P]ersonal jurisdiction cannot constitutionally be obtained over [nonresident] based on the imputed forum-related conduct of other, non-affiliated Defendant companies alleged to be 'co-conspirators'. . . Rather, personal jurisdiction can only properly be based on [nonresident's] own forum-related conduct."); *Ploense*, 882 N.E.2d at 668 (Ill. App. Ct. 2007) (no personal jurisdiction based on "conspiracy theory" over a nonresident trade association with no contacts in state); *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995) ("We decline to recognize the assertion

11

of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy."); *Conwill v. Greenberg Traurig, L.L.P.*, No. 09-4365, 2009 WL 5178310, at *4–5 (E.D. La. Dec. 22, 2009) ("[T]he Fifth Circuit has never adopted a conspiracy theory of jurisdiction.") (citation and quotation marks omitted); *Matthews v. Brookstone Stores*, 469 F. Supp. 2d 1056, 1066 (S.D. Ala. 2007) (citing *Ex parte United Ins. Cos.*, 936 So. 2d 1049 (Ala. 2006)) (requiring plaintiff to plead with particularity the conspiracy and overt acts taken within Alabama).

As one federal court succinctly explained in dismissing a lawsuit with similar allegations against another trade association also located solely in the District of Columbia:

> [T]here is not a specific act enumerated by Plaintiffs that [the trade association] committed in, or directed at, [the forum state] that gave rise to their Complaint. General allegations that the "Defendants," (which would generically include [the trade association]) "intentionally and deliberately withheld warnings and concealed information to the consuming public and to Plaintiffs concerning the severity of the products' toxic effects," and "conducted a sales and marketing campaign to promote the sale of the aforementioned products and willfully deceived plaintiffs, and the general public, as to the health risks in using the aforementioned product," even if true . . . **does not establish personal jurisdiction over [the trade association] because it does not sell, market, or promote any of the products referenced in the Complaint—in [the forum state], or anywhere else**. The Complaint makes general allegations but fails to specify which particular defendant did what, or when. The "consuming public" includes "millions of individuals" throughout the United States. Such a claim does not allege activities directed at or conducted in [the forum state]. This is not a case where this Defendant manufactures or sells products which it should know will likely be purchased in [the forum state].

*Graziose v. Am. Home Prods. Corp.*, 161 F. Supp. 2d 1149, 1153 (D. Nev. 2001) (emphasis added); *see also Cebulske*, No. 14-cv-00627, 2015 WL 1403148, attached as Exhibit B (dismissing PCPC from talc lawsuit).

12

## **CONCLUSION**

For the foregoing reasons, PCPC respectfully requests that the Court dismiss PCPC from all of the lawsuits naming it as a defendant.

Dated:   May 19, 2017                                               Respectfully submitted,

*/s/ Thomas T. Locke, Esq.*
Thomas T. Locke (DC Bar No. 454144)
Rebecca Woods (DC Bar No. 468495)
James Billings-Kang (DC Bar No. 984152)
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, DC  20004
Telephone:  (202) 463-2400
Facsimile:  (202) 828-5393
tlocke@seyfarth.com
rwoods@seyfarth.com
jbillingskang@seyfarth.com

Sheryl L. Axelrod (NJ Bar No. 017091994)
**THE AXELROD FIRM, PC**
The Beasley Building
1125 Walnut Street
Philadelphia, PA  19107
Phone: (215) 461-1770
Facsimile: (215) 238-1779
saxelrod@theaxelrodfirm.com

*Attorneys for Defendant*
*Personal Care Products Council*