# EXHIBIT C

**EXHIBIT C**
**Relevant Long-arm Statutes**

**Alabama:**  Ala. R. Civ. P. 4.2(b):

An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state if the action could have been maintained against the decedent or ward.

**Alaska:**  AS § 09.05.015:

(a) A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according to the rules of civil procedure

(1) in an action, whether arising in or out of this state, against a defendant who, when the action is commenced,

(A) is a natural person present in this state when served;

(B) is a natural person domiciled in this state;

(C) is a domestic corporation; or

(D) is engaged in substantial and not isolated activities in this state, whether the activities are wholly interstate, intrastate, or otherwise;

(2) in an action that may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant;

(3) in an action claiming injury to person or property in or out of this state arising out of an act or omission in this state by the defendant;

(4) in an action claiming injury to person or property in this state arising out of an act or omission out of this state by the defendant, provided, in addition, that at the time of the injury either

(A) solicitation or service activities were carried on in this state by or on behalf of the defendant; or

(B) products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed in this state in the ordinary course of trade;

(5) in an action that

(A) arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services in this state or to pay for services to be performed in this state by the plaintiff;

(B) arises out of services actually performed for the plaintiff by the defendant in this state, or services actually performed for the defendant by the plaintiff in this state if the performance in this state was authorized or ratified by the defendant;

(C) arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive in this state or to ship from this state goods, documents of title, or other things of value;

(D) relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the order or direction of the defendant; or

(E) relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to the carrier occurred;

(6) in an action that arises out of

(A) a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to create in either party an interest in, or to protect, acquire, dispose of, use, rent, own, control, or possess by either party real property situated in this state;

(B) a claim to recover a benefit derived by the defendant through the use, ownership, control, or possession by the defendant of tangible property situated in this state either at the time of the first use, ownership, control, or possession or at the time the action is commenced; or

(C) a claim that the defendant return, restore, or account to the plaintiff for an asset or thing of value that was in this state at the time the defendant acquired possession or control over it;

(7) in an action to recover a deficiency judgment upon a mortgage note or conditional sales contract or other security agreement executed by the defendant or a predecessor of the defendant to whose obligations the defendant has succeeded and the deficiency is claimed

(A) in an action in this state to foreclose upon real property situated in this state;

(B) following sale of real property in this state by the plaintiff; or

(C) following resale of tangible property in this state by the plaintiff;

(8) in an action against a defendant who is or was an officer or director of a domestic corporation where the action arises out of the defendant's conduct as such officer or director or out of the activities of the corporation while the defendant held office as a director or officer;

(9) in an action for the collection of taxes or assessments levied, assessed, or otherwise imposed by a taxing authority after April 10, 1968;

(10) in an action that arises out of a promise made to the plaintiff or some third party by the defendant to insure upon or against the happening of an event if

(A) the person insured was a resident of this state when the event out of which the cause of action is claimed to arise occurred;

(B) the event out of which the cause of action is claimed to arise occurred in this state; or

(C) the promise to insure was made in the state;

(11) in an action against a personal representative to enforce a claim against the deceased person represented if one or more of the grounds stated in (2)--(10) of this subsection would have furnished a basis for jurisdiction over the deceased if living, and it is immaterial under this paragraph whether the action was commenced during the lifetime of the deceased;

(12) in an action for annulment, divorce, legal separation, or separate maintenance when a personal claim is asserted against the nonresident party if

(A) the parties resided in this state in a marital relationship for not less than six consecutive months within the six years preceding the commencement of the action;

(B) the party asserting the personal claim has continued to reside in this state; and

(C) the nonresident party receives notice as required by law.

(b) In an action brought in reliance upon jurisdictional grounds stated in (a)(2) - (10) of this section, there cannot be joined in the same action any other claim or cause against the defendant unless grounds exist under this section for personal jurisdiction over the defendant as to the claim or cause to be joined.

(c) The jurisdictional grounds stated in (a)(2) - (10) of this section are cumulative and in addition to any other grounds provided by the common law.

**Arizona**:  16 A.R.S. R. of Civ. Proc., Rule 4.2:

(a) Extraterritorial Jurisdiction; Personal Service Outside Arizona. An Arizona state court may exercise personal jurisdiction over a person, whether found within or outside Arizona, to the maximum extent permitted by the Arizona Constitution and the United States Constitution. A party may serve any person located outside Arizona as provided in this rule, and, when service is made, it has the same effect as if personal service were accomplished within Arizona.

**Arkansas**:  Ark. Code  Ann. § 16-4-101:

A. Definition of "Person". As used in this section, "person" includes an individual or his or her executor, administrator, or other personal representative, or a corporation, partnership,

association, or any other legal or commercial entity, whether or not a citizen or domiciliary of this state and whether or not organized under the laws of this state.

B. Personal Jurisdiction. The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution.

C. Service. When the exercise of personal jurisdiction is authorized by this section, service may be made either within or outside this state.

D. Inconvenient Forum. When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.

**California:**  Cal. Code of Civ. Proc. § 410.10:

Except as so limited, Section 410.10 delegates to each court the power to exercise jurisdiction on any basis or contact not denied it by the state and federal Constitutions.

**Connecticut:**  Conn. Gen. Stat. Ann. § 33-929:

(a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the foreign corporation. When the registered agent is other than the Secretary of the State and his successors in office, service may be effected by any proper officer or other person lawfully empowered to make service by leaving a true and attested copy of the process, notice or demand with such agent or, in the case of an agent who is a natural person, by leaving it at such agent's usual place of abode in this state.

(b) A foreign corporation may be served by any proper officer or other person lawfully empowered to make service by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority or in its most recent annual report if the foreign corporation: (1) Has no registered agent or its registered agent cannot with reasonable diligence be served; (2) has withdrawn from transacting business in this state under section 33-932; or (3) has had its certificate of authority revoked under section 33-936.

(c) When the Secretary of the State and his successors in office have been appointed a foreign corporation's registered agent, a foreign corporation may be served by any proper officer or other person lawfully empowered to make service by leaving two true and attested copies thereof together with the required fee at the office of the Secretary of the State or depositing the same in the United States mail, by registered or certified mail, postage prepaid, addressed to said office. The Secretary of the State shall file one copy of such process and keep a record of the date and hour of such receipt. He shall, within two business days after such service, forward by registered or certified mail the copy of such process to the corporation at the address of its principal office as last shown on his records.

(d) Service is effective under subsection (b) of this section at the earliest of: (1) The date the foreign corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the foreign corporation; and (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed. In the case of service on the Secretary of the State, service so made shall be effective as of the date and hour received by the Secretary of the State as shown on his records.

(e) Every foreign corporation which transacts business in this state in violation of section 33-920 shall be subject to suit in this state upon any cause of action arising out of such business.

(f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

(g) In any action brought under subsection (e) or (f) of this section, or in any foreclosure or other action involving real property located in this state in which a foreign corporation, although not transacting business in this state, owns or claims to own an interest, service of process on such corporation may be made as provided in subsection (b) of this section, except that the service shall be addressed to the corporation at its principal office or, if it has no such office or the address of such office is not known, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process.

(h) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation. sfeasance or nonfeasance.

**Florida:** Fla. Stat. Ann. § 48.193(1):

(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

2. Committing a tortious act within this state.

3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

4. Contracting to insure a person, property, or risk located within this state at the time of contracting.

5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

      a. The defendant was engaged in solicitation or service activities within this state; or

      b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.

9. Entering into a contract that complies with s. 685.102.

**Georgia:** Ga. Code Ann. § 9-10-91:

A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(4) Owns, uses, or possesses any real property situated within this state;

(5) With respect to proceedings for divorce, separate maintenance, annulment, or other domestic relations action or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph shall not change the residency requirement for filing an action for divorce; or

(6) Has been subject to the exercise of jurisdiction of a court of this state which has resulted in an order of alimony, child custody, child support, equitable apportionment of debt, or equitable division of property if the action involves modification of such order and the moving party resides in this state or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

**Idaho:**  Idaho Code Ann. § 5-514:

Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

(b) The commission of a tortious act within this state;

(c) The ownership, use or possession of any real property situate within this state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting;

(e) The maintenance within this state of matrimonial domicile at the time of the commission of any act giving rise to a cause of action for divorce or separate maintenance;

(f) The engaging in an act of sexual intercourse within the state, giving rise to a cause of action for paternity under chapter 11, title 7, Idaho Code. The provisions of this subsection shall apply retroactively, and for the benefit of any dependent child, whether born before or after the effective date of this act, and regardless of the past or current marital status of the parents of the child.

**Illinois:**  Ill. Comp. Stat. Ann. § 2-209:

Act submitting to jurisdiction--Process.

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

(3) The ownership, use, or possession of any real estate situated in this State;

(4) Contracting to insure any person, property or risk located within this State at the time of contracting;

(5) With respect to actions of dissolution of marriage, declaration of invalidity of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action;

(6) With respect to actions brought under the Illinois Parentage Act of 1984,1 as now or hereafter amended, or under the Illinois Parentage Act of 20152 on and after the effective date of that Act, the performance of an act of sexual intercourse within this State during the possible period of conception;

(7) The making or performance of any contract or promise substantially connected with this State;

(8) The performance of sexual intercourse within this State which is claimed to have resulted in the conception of a child who resides in this State;

(9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State;

(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;

(11) The breach of any fiduciary duty within this State;

(12) The performance of duties as a director or officer of a corporation organized under the laws of this State or having its principal place of business within this State;

(13) The ownership of an interest in any trust administered within this State; or

(14) The exercise of powers granted under the authority of this State as a fiduciary.

(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:

(1) Is a natural person present within this State when served;

8

(2) Is a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served;

(3) Is a corporation organized under the laws of this State; or

(4) Is a natural person or corporation doing business within this State.

(b-5) Foreign defamation judgment. The courts of this State shall have personal jurisdiction over any person who obtains a judgment in a defamation proceeding outside the United States against any person who is a resident of Illinois or, if not a natural person, has its principal place of business in Illinois, for the purposes of rendering declaratory relief with respect to that resident's liability for the judgment, or for the purpose of determining whether said judgment should be deemed non-recognizable pursuant to this Code, to the fullest extent permitted by the United States Constitution, provided:

(1) the publication at issue was published in Illinois, and

(2) that resident (i) has assets in Illinois which might be used to satisfy the foreign defamation judgment, or (ii) may have to take actions in Illinois to comply with the foreign defamation judgment.

The provisions of this subsection (b-5) shall apply to persons who obtained judgments in defamation proceedings outside the United States prior to, on, or after the effective date of this amendatory Act of the 95th General Assembly.

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

(d) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

(e) Service of process upon any person who resides or whose business address is outside the United States and who is subject to the jurisdiction of the courts of this State, as provided in this Section, in any action based upon product liability may be made by serving a copy of the summons with a copy of the complaint attached upon the Secretary of State. The summons shall be accompanied by a $5 fee payable to the Secretary of State. The plaintiff shall forthwith mail a copy of the summons, upon which the date of service upon the Secretary is clearly shown, together with a copy of the complaint to the defendant at his or her last known place of residence or business address. Plaintiff shall file with the circuit clerk an affidavit of the plaintiff or his or her attorney stating the last known place of residence or the last known business address of the defendant and a certificate of mailing a copy of the summons and complaint to the defendant at such address as required by this subsection (e). The certificate of mailing shall be prima facie evidence that the plaintiff or his or her attorney mailed a copy of the summons and complaint to the defendant as required. Service of the summons shall be deemed to have been made upon the defendant on the date it is served upon the Secretary and shall have the same force and effect as though summons had been personally served upon the defendant within this State.

39021031v.1

(f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a).

(g) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

**Indiana:**  Indiana Trial Rule 4.4(A):

Acts Serving as a Basis for Jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:

> (1) doing any business in this state;

> (2) causing personal injury or property damage by an act or omission done within this state;

> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

> (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

> (5) owning, using, or possessing any real property or an interest in real property within this state;

> (6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;

> (7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state; or

> (8) abusing, harassing, or disturbing the peace of, or violating a protective or restraining order for the protection of, any person within the state by an act or omission done in this state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state.

In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

**Iowa:**  Iowa Court Rules, Rule 1.306:

Every corporation, individual, personal representative, partnership or association that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state, and the courts of this state shall hold such corporation, individual, personal representative, partnership or association amenable to suit in Iowa in every case not contrary to the provisions of the Constitution of the United States.

Service may be made on any such corporation, individual, personal representative, partnership or association as provided in rule 1.305 within or without the state or, if such service cannot be so made, in any manner consistent with due process of law prescribed by order of the court in which the action is brought.

Nothing herein shall limit or affect the right to serve an original notice upon any corporation, individual, personal representative, partnership or association within or without this state in any manner now or hereafter permitted by statute or rule.

**Kentucky:**  Ky. Rev. Stat. Ann. § 454.210:

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

>   1. Transacting any business in this Commonwealth;

>   2. Contracting to supply services or goods in this Commonwealth;

>   3. Causing tortious injury by an act or omission in this Commonwealth;

>   4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

>   5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

>   6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8. Committing sexual intercourse in this state which intercourse causes the birth of a child when:

> a. The father or mother or both are domiciled in this state;

> b. There is a repeated pattern of intercourse between the father and mother in this state; or

> c. Said intercourse is a tort or a crime in this state; or

9. Making a telephone solicitation, as defined in KRS 367.46951, into the Commonwealth.

(b) When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him.

**Louisiana:**  La. Rev. Stat. 13:3201:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

> (1) Transacting any business in this state.

> (2) Contracting to supply services or things in this state.

> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

> (5) Having an interest in, using or possessing a real right on immovable property in this state.

> (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

> (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the

12

manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

**Maryland:**  Md. Code, Courts and Judicial Proceedings § 6-103:

(a) If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section. (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

**Massachusetts:**  Mass. Gen. Laws ch. 223A, § 3:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth;

13

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

(h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

**Michigan**:  Mich. Comp. Laws Ann. 600.715:

Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

**Minnesota**:  M.S.A. § 543.19:

Subdivision 1. Personal jurisdiction. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or the individual's personal representative, in the same manner as if it were a domestic corporation or the individual were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

(1) owns, uses, or possesses any real or personal property situated in this state; or

(2) transacts any business within the state; or

(3) commits any act in Minnesota causing injury or property damage; or

(4) commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

(i) Minnesota has no substantial interest in providing a forum; or

(ii) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice.

Subd. 2. Service of process. The service of process on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons upon the defendant outside this state with the same effect as though the summons had been personally served within this state.

Subd. 3. Acts enumerated. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over the defendant is based upon this section.

Subd. 4. No limit right to serve process. Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereafter provided by law or the Minnesota Rules of Civil Procedure.

Subd. 5. Definition. "Nonresident individual," as used in this section, means any individual, or the individual's personal representative, who is not domiciled or residing in the state when suit is commenced.

**Mississippi:**  Miss. Code Ann. § 13-3-57:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Any such cause of action against any such nonresident, in the event of death or inability to act for itself or himself, shall survive against the executor, administrator, receiver, trustee, or any other selected or appointed representative of such nonresident. Service of process or summons may be had or made upon such nonresident executor, administrator, receiver, trustee or any other selected or appointed representative of such nonresident as is provided by the Mississippi Rules of Civil Procedure, and when such process or summons is served, made or had against the nonresident executor, administrator, receiver, trustee or other selected or appointed

15

representative of such nonresident it shall be deemed sufficient service of such summons or process to give any court in this state in which such action may be filed, in accordance with the provisions of the statutes of the State of Mississippi or the Mississippi Rules of Civil Procedure, jurisdiction over the cause of action and over such nonresident executor, administrator, receiver, trustee or other selected or appointed representative of such nonresident insofar as such cause of action is involved.

The provisions of this section shall likewise apply to any person who is a nonresident at the time any action or proceeding is commenced against him even though said person was a resident at the time any action or proceeding accrued against him.

**Missouri:**  Mo. Rev. Stat. § 506.500(1):

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

**Nebraska:**  Neb. Rev. St. § 25-536:

A court may exercise personal jurisdiction over a person:

(1) Who acts directly or by an agent, as to a cause of action arising from the person:

(a) Transacting any business in this state;

(b) Contracting to supply services or things in this state;

(c) Causing tortious injury by an act or omission in this state;

(d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

(e) Having an interest in, using, or possessing real property in this state; or

(f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or

(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

**Nevada:**  Nev. Rev. Stat. § 14.065(1):

A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States.

**New Mexico:**  N.M. Stat. Ann. § 38-1-16:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

(2) the operation of a motor vehicle upon the highways of this state;

(3) the commission of a tortious act within this state;

(4) the contracting to insure any person, property or risk located within this state at the time of contracting;

(5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

B. Service of process may be made upon any person subject to the jurisdiction of the courts of this state under this section by personally serving the summons upon the defendant outside this state and such service has the same force and effect as though service had been personally made within this state.

C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

D. Nothing contained in this section limits or affects the right to serve any process in any other manner now or hereafter provided by law.

**New York:**  N.Y. C.P.L.R. § 302(a):

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

**North Carolina:** N.C. Gen. Stat. Ann. § 1-75.4:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure1 under any of the following circumstances:

(1) Local Presence or Status.--In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

a. Is a natural person present within this State; or

b. Is a natural person domiciled within this State; or

c. Is a domestic corporation; or

d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

(2) Special Jurisdiction Statutes.--In any action which may be brought under statutes of this State that specifically confer grounds for personal jurisdiction.

(3) Local Act or Omission.--In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

(4) Local Injury; Foreign Act. -- In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;

b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade; or

c. Unsolicited bulk commercial electronic mail was sent into or within this State by the defendant using a computer, computer network, or the computer services of an electronic mail service provider in contravention of the authority granted by or in violation of the policies set by the electronic mail service provider. Transmission of commercial electronic mail from an organization to its members shall not be deemed to be unsolicited bulk commercial electronic mail.

5) Local Services, Goods or Contracts.--In any action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or

b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or

c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or

d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction; or

e. Relates to goods, documents of title, or other things of value actually received by the plaintiff in this State from the defendant through a carrier without regard to where delivery to the carrier occurred.

(6) Local Property.--In any action which arises out of:

a. A promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to create in either party an interest in, or protect, acquire, dispose of, use, rent, own, control or possess by either party real property situated in this State; or

b. A claim to recover for any benefit derived by the defendant through the use, ownership, control or possession by the defendant of tangible property situated within this State either at the time of the first use, ownership, control or possession or at the time the action is commenced; or

c. A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this State at the time the defendant acquired possession or control over it; or

d. A claim related to a loan made in this State or deemed to have been made in this State under G.S. 24-2.1, regardless of the situs of the lender, assignee, or other holder of the loan note and regardless of whether the loan payment or fee is received through a loan servicer, provided that: (i) the loan was made to a borrower who is a resident of this State, (ii) the loan is incurred by the borrower primarily for personal, family, or household purposes, and (iii) the loan is secured by a mortgage or deed of trust on real property situated in this State upon which there is located or there is to be located a structure or structures designed principally for occupancy of from one to four families.

(7) Deficiency Judgment on Local Foreclosure or Resale.--In any action to recover a deficiency judgment upon an obligation secured by a mortgage, deed of trust, conditional sale, or other security instrument executed by the defendant or his predecessor to whose obligation the defendant has succeeded and the deficiency is claimed either:

a. In an action in this State to foreclose such security instrument upon real property, tangible personal property, or an intangible represented by an indispensable instrument, situated in this State; or

b. Following sale of real or tangible personal property or an intangible represented by an indispensable instrument in this State under a power of sale contained in any security instrument.

(8) Director or Officer of a Domestic Corporation.--In any action against a defendant who is or was an officer or director of a domestic corporation where the action arises out of the defendant's conduct as such officer or director or out of the activities of such corporation while the defendant held office as a director or officer.

(9) Taxes or Assessments.--In any action for the collection of taxes or assessments levied, assessed or otherwise imposed by a taxing authority of this State after the date of ratification of this act.

(10) Insurance or Insurers.--In any action which arises out of a contract of insurance as defined in G.S. 58-1-10 made anywhere between the plaintiff or some third party and the defendant and in addition either:

a. The plaintiff was a resident of this State when the event occurred out of which the claim arose; or

b. The event out of which the claim arose occurred within this State, regardless of where the plaintiff resided.

(11) Personal Representative.--In any action against a personal representative to enforce a claim against the deceased person represented, whether or not the action was commenced during the lifetime of the deceased, where one or more of the grounds stated in subdivisions (2) to (10) of this section would have furnished a basis for jurisdiction over the deceased had he been living.

(12) Marital Relationship.--In any action under Chapter 50 that arises out of the marital relationship within this State, notwithstanding subsequent departure from the State, if the other party to the marital relationship continues to reside in this State.

**Ohio:**  Ohio Rev. Code Ann. § 2307.382:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state. As used in this division, "principal" and "sales representative" have the same meanings as in section 1335.11 of the Revised Code.

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

**Oklahoma:**  Okla. Stat. tit. 12, § 2004(F):

A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States. The Committee Comment to § 2004 explains that Oklahoma's long arm statute "authorizes the exercise of judicial power to the limits of the due process clauses of the Oklahoma and United States Constitutions.

**Oregon:** Or. Rules of Civ. Proc., Rule 4:

Personal jurisdiction. A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

A Local presence or status. In any action, whether arising within or without this state, against a defendant who when the action is commenced:

A(1) Is a natural person present within this state when served; or

A(2) Is a natural person domiciled within this state; or

A(3) Is a corporation created by or under the laws of this state; or

A(4) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise; or

A(5) Has expressly consented to the exercise of personal jurisdiction over such defendant.

B Special jurisdiction statutes. In any action which may be brought under statutes or rules of this state that specifically confer grounds for personal jurisdiction over the defendant.

C Local act or omission. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

D Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

D(1) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

D(2) Products, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

E Local services, goods, or contracts. In any action or proceeding which:

E(1) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or

E(2) Arises out of services actually performed for the plaintiff by the defendant within this state or services actually performed for the defendant by the plaintiff within this state, if such performance within this state was authorized or ratified by the defendant; or

E(3) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to send from this state goods, documents of title, or other things of value; or

22

E(4) Relates to goods, documents of title, or other things of value sent from this state by the defendant to the plaintiff or to a third person on the plaintiff's order or direction; or

E(5) Relates to goods, documents of title, or other things of value actually received in this state by the plaintiff from the defendant or by the defendant from the plaintiff, without regard to where delivery to carrier occurred.

F Local property. In any action which arises out of the ownership, use, or possession of real property situated in this state or the ownership, use, or possession of other tangible property, assets, or things of value which were within this state at the time of such ownership, use, or possession; including, but not limited to, actions to recover a deficiency judgment upon any mortgage, conditional sale contract, or other security agreement relating to such property, executed by the defendant or predecessor to whose obligation the defendant has succeeded.

G Director or officer of a domestic corporation. In any action against a defendant who is or was an officer or director of a domestic corporation where the action arises out of the defendant's conduct as such officer or director or out of the activities of such corporation while the defendant held office as a director or officer.

H Taxes or assessments. In any action for the collection of taxes or assessments levied, assessed, or otherwise imposed by a taxing authority of this state.

I Insurance or insurers. In any action which arises out of a promise made anywhere to the plaintiff or some third party by the defendant to insure any person, property, or risk and in addition either:

I(1) The person, property, or risk insured was located in this state at the time of the promise; or

I(2) The person, property, or risk insured was located within this state when the event out of which the cause of action is claimed to arise occurred; or

I(3) The event out of which the cause of action is claimed to arise occurred within this state, regardless of where the person, property, or risk insured was located.

J Securities. In any action arising under the Oregon Securities Law, including an action brought by the Director of the Department of Consumer and Business Services, against:

J(1) An applicant for registration or registrant, and any person who offers or sells a security in this state, directly or indirectly, unless the security or the sale is exempt from ORS 59.055; or

J(2) Any person, a resident or nonresident of this state, who has engaged in conduct prohibited or made actionable under the Oregon Securities Law.

K Certain marital and domestic relations actions.

K(1) In any action to determine a question of status instituted under ORS chapter 106 or 107 when the plaintiff is a resident of or domiciled in this state.

23

K(2) In any action to enforce personal obligations arising under ORS chapter 106 or 107, if the parties to a marriage have concurrently maintained the same or separate residences or domiciles within this state for a period of six months, notwithstanding departure from this state and acquisition of a residence or domicile in another state or country before filing of such action; but if an action to enforce personal obligations arising under ORS chapter 106 or 107 is not commenced within one year following the date upon which the party who left the state acquired a residence or domicile in another state or country, no jurisdiction is conferred by this subsection in any such action.

K(3) In any proceeding to establish paternity under ORS chapter 109 or 110, or any action for declaration of paternity where the primary purpose of the action is to establish responsibility for child support, when the act of sexual intercourse which resulted in the birth of the child is alleged to have taken place in this state.

L Other actions. Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States.

M Personal representative. In any action against a personal representative to enforce a claim against the deceased person represented where one or more of the grounds stated in sections A through L would have furnished a basis for jurisdiction over the deceased had the deceased been living. It is immaterial whether the action is commenced during the lifetime of the deceased.

N Joinder of claims in the same action. In any action brought in reliance upon jurisdictional grounds stated in sections B through L, there cannot be joined in the same action any other claim or cause against the defendant unless grounds exist under this rule, or other rule or statute, for personal jurisdiction over the defendant as to the claim or cause to be joined.

O Defendant defined. For purposes of this rule and Rules 5 and 6, "defendant" includes any party subject to the jurisdiction of the court.

**Pennsylvania:** 42 Pa. Cons. Stat. § 5322(a):

A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

(5) Having an interest in, using, or possessing real property in this Commonwealth.

(6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

(ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.

(iii) Engaging in conduct described in section 504 of the act of May 17, 1921 (P.L. 789, No. 285), known as The Insurance Department Act of 1921.1

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

(i) Personal representative of a decedent.

(ii) Guardian of a minor or incapacitated person.

(iii) Trustee or other fiduciary.

(iv) Director or officer of a corporation.

(8) Executing any bond of any of the persons specified in paragraph.

(9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

25

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

(b) Exercise of full constitutional power over nonresidents.--In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

**South Carolina:**  S.C. Code Ann. § 36–2–802:

A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action.

And, S.C. Code Ann. § 36–2–803:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:

(1) transacting any business in this State;

(2) contracting to supply services or things in the State;

(3) commission of a tortious act in whole or in part in this State;

(4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;

(5) having an interest in, using, or possessing real property in this State;

(6) contracting to insure any person, property, or risk located within this State at the time of contracting;

(7) entry into a contract to be performed in whole or in part by either party in this State; or

(8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

**South Dakota:** S.D.C.L. § 15-7-2:

Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, through an agent or through a subsidiary, of any of the following acts:

(1) The transaction of any business within the state;

(2) The commission of any act which results in accrual within this state of a tort action;

(3) The ownership, use, or possession of any property, or of any interest therein, situated within this state;

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting;

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state by such person;

(6) Acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within this state, or as personal representative of any estate within this state;

(7) Failure to support a minor child residing in South Dakota;

(8) Having sexual intercourse in this state, which act creates a cause of action for the determination of paternity of a child who may have been conceived by that act of intercourse;

(9) With respect to any action for divorce, separate maintenance, or spousal support the maintenance in this state of a matrimonial domicile at the time the claim arose or the commission in this state of an act giving rise to the claim, subject to the provisions of § 25-4-30;

(10) Entering into negotiations with any person within the state with the apparent objective of contracting for services to be rendered or materials to be furnished in this state;

(11) Commencing or participating in negotiations, mediation, arbitration, or litigation involving subject matter located in whole or in part within the state;

(12) Doing any act for the purpose of influencing legislation, administrative rule-making or judicial or administrative decision-making by any local, state, or federal official whose official function is being performed within the state, providing that an appearance to contest personal jurisdiction shall not be within this subsection;

(13) The commission of any act which results in the accrual of an action in this state for a violation of the antitrust laws of the United States or chapter 37-1;

(14) The commission of any act, the basis of which is not inconsistent with the Constitution of this state or with the Constitution of the United States.

27

**Tennessee**:  Tenn. Code Ann. § 20-2-214:

(a) Persons who are nonresidents of this state and residents of this state who are outside the state and cannot be personally served with process within this state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(1) The transaction of any business within this state;

(2) Any tortious act or omission within this state;

(3) The ownership or possession of any interest in property located within this state;

(4) Entering into any contract of insurance, indemnity or guaranty covering any person, property or risk located within this state at the time of contracting;

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state;

(6) Any basis not inconsistent with the constitution of this state or of the United States;

(7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, notwithstanding one party's subsequent departure from this state, as to all obligations arising for alimony, custody, child support or marital dissolution agreement, if the other party to the marital relationship continues to reside in this state.

(b) As used in this section, "person" includes corporations and all other entities that would be subject to service of process if present in this state.

(c) Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner described in subsection (a) through an agent or personal representative.

**Texas**:  Tex. Civ. Prac. & Rem. Code Ann. § 17.042:

In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:

> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;

> (2) commits a tort in whole or in part in this state; or

> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

**Virginia**:  VA Code Ann. § 8.01-328.1:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8. Having (i) executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth, or to a person who has satisfied the residency requirements in suits for annulments or divorce for members of the armed forces or foreign service officers of the United States pursuant to § 20-97 provided proof of service of process on a nonresident party is made by a law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located, (ii) been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person, or (iii) shown by personal conduct in this Commonwealth, as alleged by affidavit, that the person conceived or fathered a child in this Commonwealth;

9. Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein; or

10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

Jurisdiction in subdivision 9 is valid only upon proof of service of process pursuant to § 8.01-296 on the nonresident party by a person authorized under the provisions of § 8.01-320. Jurisdiction under subdivision 8 (iii) of this subsection is valid only upon proof of personal service on a nonresident pursuant to § 8.01-320.

39021031v.1

B. Using a computer or computer network located in the Commonwealth shall constitute an act in the Commonwealth. For purposes of this subsection, "use" and "computer network" shall have the same meanings as those contained in § 18.2-152.2.

C. When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him; however, nothing contained in this chapter shall limit, restrict or otherwise affect the jurisdiction of any court of this Commonwealth over foreign corporations which are subject to service of process pursuant to the provisions of any other statute.

**West Virginia:**  W. Va. Code, § 56-3-33:

(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the Secretary of State, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;

(2) Contracting to supply services or things in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Having an interest in, using or possessing real property in this state; or

(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

(c) Service shall be made by leaving the original and two copies of both the summons and the complaint, and the fee required by section two, article one, chapter fifty-nine of this code with the Secretary of State, or in his or her office, and such service shall be sufficient upon such nonresident: Provided, That notice of such service and a copy of the summons and complaint shall forthwith be sent by registered or certified mail, return receipt requested, by a means which may include electronic issuance and acceptance of electronic return receipts, by the Secretary of State to the defendant at his or her nonresident address and the defendant's return receipt signed by himself or herself or his or her duly authorized agent or the registered or certified mail so sent by the Secretary of State which is refused by the addressee and which registered or certified mail is returned to the Secretary of State, or to his or her office, showing thereon the stamp of the post-office department that delivery has been refused. After receiving verification from the United States postal service that acceptance of process, notice or demand has been signed, the Secretary of State shall notify the clerk's office of the court from which the process, notice or demand was issued by a means which may include electronic notification. If the process, notice or demand was refused or undeliverable by the United States postal service the Secretary of State shall return refused or undeliverable mail to the clerk's office of the court from which the process, notice or demand was issued. If any defendant served with summons and complaint fails to appear and defend within thirty days of service, judgment by default may be rendered against him or her at any time thereafter. The court may order such continuances as may be reasonable to afford the defendant opportunity to defend the action or proceeding.

(d) The fee remitted to the secretary of state at the time of service shall be taxed in the costs of the action or proceeding. The secretary of state shall keep a record in his or her office of all such process and the day and hour of service thereof.

(e) The following words and phrases, when used in this section, shall for the purpose of this section and unless a different intent be apparent from the context, have the following meanings:

(1) "Duly authorized agent" means and includes among others a person who, at the direction of or with the knowledge or acquiescence of a nonresident, engages in such act or acts and includes among others a member of the family of such nonresident or a person who, at the residence, place of business or post office of such nonresident, usually receives and receipts for mail addressed to such nonresident.

(2) "Nonresident" means any person, other than voluntary unincorporated associations, who is not a resident of this state or a resident who has moved from this state subsequent to engaging in such act or acts, and among others includes a nonresident firm, partnership or corporation or a firm, partnership or corporation which has moved from this state subsequent to any of said such act or acts.

(3) "Nonresident plaintiff or plaintiffs" means a nonresident of this state who institutes an action or proceeding in a circuit court in this state having jurisdiction against a nonresident of this state pursuant to the provisions of this section.

(f) The provision for service of process herein is cumulative and nothing herein contained shall be construed as a bar to the plaintiff in any action or proceeding from having process in such action served in any other mode or manner provided by the law of this state or by the law of the

31

place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.

(g) This section shall not be retroactive and the provisions hereof shall not be available to a plaintiff in a cause of action arising from or growing out of any of said acts occurring prior to the effective date of this section.

**Wisconsin:**  Wis. Stat. Ann. 801.05:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(1) Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

(a) Is a natural person present within this state when served; or

(b) Is a natural person domiciled within this state; or

(c) Is a domestic corporation or limited liability company; or

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

(2) Special jurisdiction statutes. In any action which may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant.

(3) Local act or omission. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

(4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

(5) Local services, goods or contracts. In any action which:

(a) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or

(b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or

(c) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or

(d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction; or

(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred.

(6) Local property. In any action which arises out of:

(a) A promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to create in either party an interest in, or protect, acquire, dispose of, use, rent, own, control or possess by either party real property situated in this state; or

(b) A claim to recover any benefit derived by the defendant through the use, ownership, control or possession by the defendant of tangible property situated within this state either at the time of the first use, ownership, control or possession or at the time the action is commenced; or

(c) A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it.

(7) Deficiency judgment on local foreclosure or resale. In any action to recover a deficiency judgment upon a mortgage note or conditional sales contract or other security agreement executed by the defendant or predecessor to whose obligation the defendant has succeeded and the deficiency is claimed either:

(a) In an action in this state to foreclose upon real property situated in this state; or

(b) Following sale of real property in this state by the plaintiff under ch. 846; or

(c) Following resale of tangible property in this state by the plaintiff under ch. 409.

(8) Director, officer or manager of a domestic corporation or limited liability company. In any action against a defendant who is or was an officer, director or manager of a domestic corporation or domestic limited liability company where the action arises out of the defendant's conduct as such officer, director or manager or out of the activities of such corporation or limited liability company while the defendant held office as a director, officer or manager.

(9) Taxes or assessments. In any action for the collection of taxes or assessments levied, assessed or otherwise imposed by a taxing authority of this state after July 1, 1960.

(10) Insurance or insurers. In any action which arises out of a promise made anywhere to the plaintiff or some 3rd party by the defendant to insure upon or against the happening of an event and in addition either:

(a) The person insured was a resident of this state when the event out of which the cause of action is claimed to arise occurred; or

(b) The event out of which the cause of action is claimed to arise occurred within this state, regardless of where the person insured resided.

(11) Certain marital actions. In addition to personal jurisdiction under sub. (1) and s. 801.06, in any action affecting the family, except for actions under ch. 769, in which a personal claim is asserted against the respondent commenced in the county in which the petitioner resides at the commencement of the action when the respondent resided in this state in marital relationship with the petitioner for not less than 6 consecutive months within the 6 years next preceding the commencement of the action and the respondent is served personally under s. 801.11. The effect of any determination of a child's custody shall not be binding personally against any parent or guardian unless the parent or guardian has been made personally subject to the jurisdiction of the court in the action as provided under this chapter or has been notified under s. 822.08 as provided in s. 822.06.

(11m) Certain restraining orders or injunctions. (a) Subject to subch. II of ch. 822, and in addition to personal jurisdiction under sub. (1) and s. 801.06, in any action filed pursuant to s. 813.12, 813.122, 813.123, or 813.125, if any of the following apply:

1. Subject to par. (b), an act or threat of the respondent giving rise to the petition occurred outside the state and is part of an ongoing pattern of harassment that has an adverse effect on the petitioner or a member of the petitioner's family or household, and the petitioner resides in this state.

2. Subject to par. (b), the petitioner or a member of the petitioner's family or household has sought safety or protection in this state as a result of an act or threat of the respondent giving rise to the petition.

3. Personal jurisdiction is permissible under the constitution of the United States or of the state of Wisconsin.

(b) Paragraph (a)1. or 2. applies if, while the petitioner or a member of the petitioner's family or household resides or is temporarily living in this state, the respondent has had direct or indirect communication with the petitioner or a member of the petitioner's family or household or if the respondent has indicated a threat to the physical health or safety of the petitioner or of a member of the petitioner's family or household. A communication or indication for the purpose of this paragraph includes communication through mail, telephone, electronic message or transmittal, and posting on an electronic communication site, web page, or other electronic medium. Communication on any electronic medium that is generally available to any individual residing in this state is sufficient to exercise jurisdiction under par. (a)1. or 2.

(c) If a court has personal jurisdiction pursuant to par. (a) and a respondent has been served but does not appear or does not file a response or motion asserting the defense of lack of personal jurisdiction, the court shall hear the action. This paragraph does not limit the respondent's right to challenge personal jurisdiction on appeal.

(12) Personal representative. In any action against a personal representative to enforce a claim against the deceased person represented where one or more of the grounds stated in subs. (2) to (11) would have furnished a basis for jurisdiction over the deceased had the deceased been living and it is immaterial under this subsection whether the action had been commenced during the lifetime of the deceased.

(13) Joinder of claims in the same action. In any action brought in reliance upon jurisdictional grounds stated in subs. (2) to (11) there cannot be joined in the same action any other claim or cause against the defendant unless grounds exist under this section for personal jurisdiction over the defendant as to the claim or cause to be joined.

39021031v.1