UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2378 (FLW) (LHG)<br><br>This document relates to: ALL CASES |

CASE MANAGEMENT ORDER NO. 6
(PRESERVATION OF DOCUMENTS, ELECTRONICALLY
STORED INFORMATION AND TANGIBLE THINGS)

The Court finds that an Order regarding the preservation of documents and other potential evidence is both desirable and necessary. **IT IS HEREBY ORDERED** as follows:

I.  **APPLICABILITY OF ORDER**

This Order governs the preservation of potentially relevant documents, electronically stored information, and tangible things within the Parties' possession, custody and/or control relevant to claims and defenses in all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, any tag-along actions, and all related cases originally filed in this Court or transferred or removed to this Court. The preservation obligations set out herein are explicitly intended to be reasonable in scope and to be interpreted and applied in a manner consistent with the factors set forth in Rule 26.

II. **DEFINITIONS**

A. As used herein, "Documents, electronically stored information, and tangible things" shall be interpreted broadly, but also consistently with Rule 26, to include those things encompassed within Fed. R. Civ. P. 34(a)(1) and is intended to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; E-mail; hard drives; printouts; document image files; Web pages; databases; spreadsheets; books; ledgers; journals; orders;

1

invoices; bills; vouchers; check statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material such as file inventories, file folders, indices, and metadata, is also included in this definition.

B. In order to not unduly interfere with business needs relating to the replacement or upgrade of equipment, no Defendant is obligated to preserve hardware on which data that is required to be preserved resides, so long as the substance of such data and associated metadata have first been preserved on another hardware device in a reasonable form. Nothing in this subparagraph shall be deemed to require any Defendant, in taking steps authorized by this subparagraph, to convert data files that were not reasonably accessible on the original hardware into a form that is reasonably accessible. Plaintiff's obligations and options as to retention of hardware are set forth in Sections IV and V.

C. For purposes of this order, material that may be Relevant to this action ("Relevant Material") means documents, electronically stored information and tangible things that deal in a reasonably direct manner with the claims or defenses in this litigation, including the legal claims and theories alleged by Plaintiffs in individual Complaints pending in this multi-district litigation or otherwise made known to Defendants as of the date of this Order that are proportional to the needs of the case. This definition may be amended by agreement or upon motion.

D. "Preservation" shall be reasonably interpreted to accomplish the goal of maintaining the integrity of Relevant Material. Consistent with Rule 26 and its associated Committee Notes acknowledging, *inter alia*, that electronically stored information is extremely volatile, that normal business use of electronically stored information necessarily and inevitably

causes changes in some metadata associated with that information, and that identical electronically stored information can be duplicated in different forms within an entity's electronic systems, preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as any mishandling that would make material incomplete or inaccessible.

### III. GENERAL PRESERVATION OBLIGATIONS

A. All parties and their counsel shall take reasonable steps to preserve Relevant Material. The duty extends to documents, electronically stored information, and tangible things in the possession, custody, and control of all Parties to this action, and any employees, agents, contractors, or other nonparties who possess Relevant Material. Parties are obligated to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties, of the requirements of this Order.

B. The Parties' preservation obligations extend not just to Relevant Material generated on or after this date but Relevant Material in existence on this date no matter when created. Furthermore, Defendants shall terminate or indefinitely suspend deletion policies and schedules for all employees and/or departments likely to possess information relating to JOHNSON'S® Baby Powder, SHOWER TO SHOWER®, and the use of cosmetic talc in JOHNSON'S® Baby Powder and SHOWER TO SHOWER® to the extent necessary to preserve materials subject to this Order.

### IV. DESTRUCTION OF DOCUMENTS

If, prior to the entry of this Order, counsel for any Party has become aware of the destruction and/or loss of Relevant Material that should have been preserved in the anticipation

3

or conduct of this litigation and is covered by this Order, counsel for the Party shall inform and notify opposing counsel of the destruction or loss no later than thirty (30) days after the date upon which this order is entered. If, during the pendency of this order, any Party or counsel learns or becomes aware that Relevant Material that should have been preserved in the anticipation or conduct of this litigation and is covered by this Order has been destroyed or lost, counsel for the Party shall inform and or notify all opposing counsel no later than fourteen (14) days after learning or becoming aware of such destruction or loss.

## V.     OBLIGATIONS FOR INDIVIDUAL PERSONAL INJURY PLAINTIFFS

The Preservation activities set forth in this section shall fully satisfy the preservation obligations of the individual personal injury Plaintiffs in the Litigation:

A. Preserve all potentially relevant documents, electronically stored information, and tangible things in their possession, custody or control concerning talcum powder, talc-based body powders, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, including all bottles, product packaging, containers of any kind, and receipts showing Plaintiff purchased JOHNSON'S® Baby Powder, SHOWER TO SHOWER®, and/or any other talc-based body powder.

B. Preserve any documents, electronically stored information, and tangible things relating to their use of JOHNSON'S® Baby Powder, SHOWER TO SHOWER®, and/or any other talc-based body powder or their alleged injuries at issue in this litigation that are stored on the hard drive of a computer owned or controlled by the Plaintiffs. This obligation does not require a Plaintiff to copy or create a duplicate image of the hard drive. Plaintiff's obligation is fulfilled if the relevant ESI and documents are retained on the hard drive; however, if the

computer is replaced, the Plaintiff will, at Plaintiff's sole option, retain the old computer hard drive or create an accessible electronic forensic image of the hard drive.

    C.    Preserve any documents relating to Plaintiff's use of JOHNSON'S® Baby Powder, SHOWER TO SHOWER®, and/or any other talc-based body powder or her alleged injuries at issue in this litigation that are stored on any removable media owned or controlled by Plaintiff. This obligation does not require a Plaintiff to copy or create a duplicate image of the media. Plaintiff's obligation is fulfilled if the relevant documents are retained on the media.

    D.    Preserve all medical and pathology records in their possession, custody or control and records of all medical expenses allegedly incurred in connection with the use of JOHNSON'S® Baby Powder and SHOWER TO SHOWER®.

    E.    No later than 45 days following the entry of this Order, Plaintiffs shall send preservation letters to the following entities or individuals who have provided health care services:

        1.    Without restriction as to the date of the provision of service, all

            a.    Gynecologists;

            b.    Geneticists; and

            c.    Oncologists, pathologists, hospitals, etc., associated with the diagnosis and treatment of cancer.

        2.    For the period commencing five years before an individual plaintiff's diagnosis with cancer to the present, all

            a.    primary care physicians (PCPs);

            b.    pharmacies;

            c.    gastroenterologists;

            d.    hepatologists; and

     e. psychologists or psychiatrists.

For all other cases transferred to the MDL or filed in the MDL following the date of entry of this Order, individual plaintiffs must send preservation letters to the health care service providers identified above within 30 days from date of transfer or filing.

Preservation letters shall notify the healthcare service providers identified above of the pendency of this suit and the existence of this Order. Preservation letters shall further direct the healthcare service providers identified above to preserve all records in their possession relating to the provision of health care services to the individual plaintiff that are in existence as of the date they receive the letter. An example preservation letter is attached to this Order as Exhibit A.

  F. Plaintiffs shall provide written notice of this Order to individual plaintiffs with cases pending in this MDL proceeding.

## VI. OBLIGATIONS FOR INDIVIDUAL CLASS ACTION PLAINTIFFS

The Preservation activities set forth in this section shall fully satisfy the preservation obligations of individual class action Plaintiffs in the Litigation:

  A. Preserve all potentially relevant documents, electronically stored information, and tangible things in their possession, custody or control concerning the purchase of talcum powder, talc-based body powders, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, including all bottles, product packaging, containers of any kind, and receipts showing Plaintiffs purchased JOHNSON'S® Baby Powder, SHOWER TO SHOWER®, and/or any other talc-based body powder.

## VII. ACCEPTABLE METHODS OF PRESERVATION BY DEFENDANTS

The preservation activities set forth in this section shall fully satisfy the preservation obligations of the Defendants, and with respect to any other corporation or organization that may

become a party to this Litigation in the future. Individual personal injury plaintiffs' obligations are governed by Section IV, above, and this section is not applicable to such plaintiffs. Individual class action plaintiffs' obligations are governed by Section V, above, and this section is not applicable to such plaintiffs. A Defendant may select any of the alternative methods set forth under each subsection A-C as the means to preserve documents or data and the decision as to which method to use is at the sole judgment of the Defendant. In so doing, Defendants will comply with obligations imposed by the ESI Protocol. This provision shall in no way be interpreted to limit, narrow, or diminish Defendants' obligations in section III, *supra*.

    A.    E-mail

        Consistent with the terms of the ESI Protocol, Defendants shall preserve e-mail communications, including all associated metadata and associated attachments relevant to claims or defenses in this action (1) by maintaining such email files on a server or within an electronic archive that is not subject to a deletion schedule, or (2) by creating an electronic snapshot of implicated email on servers, or (3) by maintaining one set of backup tapes for implicated email servers.

    B.    Databases

        Defendants shall preserve data relevant to claims or defenses and held in databases (1) by maintaining such data in accessible electronic systems that are not subject to a deletion schedule, or (2) by creating an electronic snapshot of relevant database servers or an export of relevant data on database servers, or (3) by maintaining one set of backup tapes for relevant database servers.

    C.    Electronic documents contained in Shared or Home Directories

        Where electronic documents relevant to claims or defenses in this action and located in shared or home directories (e.g., word processing documents, spreadsheets, and PowerPoint presentations) are subject to a deletion schedule, the parties shall preserve such documents (1) by maintaining such directories and files contained therein in accessible electronic systems that are not subject to a deletion schedule, or (2) by creating an electronic snapshot of relevant shared drive or home directory servers, or (3) by maintaining one set of backup tapes for relevant servers.

7

## VIII. <u>RESERVATION OF RIGHTS</u>

The Parties do not concede that any of the information subject to this Order is discoverable, relevant, or admissible, and the Parties expressly reserve the right to challenge any specific discovery request concerning such information. The Parties also reserve the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of such documents, information, or material in these or any subsequent proceedings or at the trial of these or any other actions, in this or any other jurisdiction.

This Order does not expand the preservation requirements under the Federal Rules of Civil Procedure, and it does not limit any protection provided by Fed. R. Civ. P. 37(e) or other applicable Rules.

## IX. <u>SUPPLEMENTATION AND AMENDMENTS TO THIS ORDER</u>

A. This Order may be modified in the interest of justice, expedience, or judicial economy on the Court's own motion or a motion by the Parties for good cause shown after the Parties meet and confer to determine whether modifications to the obligations specified herein are necessary or desirable.

**IT IS SO ORDERED.**

Dated: May 22, 2017

_____
Hon. Lois H. Goodman, U.S.M.J.

# EXHIBIT A

«Provider_or_Facility_Name»
«Provider_Address»
«Provider_Address2»
«Provider_City», «Provider_State_spell_out_state» «Provider_Zip_Code»

  **Re:**  **«Client_First_Name» «Client_Last_Name» v. Johnson & Johnson, et al.**
    **Docket No.: «Docket_No»**
    **Patient Name: <<injured party>>**
    **DOB: «DOB_for_injured»**
    **SSN: «SSN_for_injured»**

Dear Physical Evidence and Medical and Billing Records Custodians for «Injured_Party»:

  This is a notice to you to preserve ALL physical evidence and medical and billing records pertaining to the patient listed above. Please be advised this is **NOT A REQUEST FOR RECORDS** at this time; however, we may be asking for them in the future.

  A lawsuit has been filed in which «Injured_Party» claims to have been injured. The parties to the lawsuit will soon begin the task of collecting medical and billing records and physical evidence pertaining to the above-referenced individual in relation to the pending litigation. The Court presiding over this litigation has entered an Order that requires us to send you this notice to preserve records.

  You have been identified as having provided medical treatment or services to this individual and may be in possession of materials or information that relate to this litigation. We know that it is common practice for most facilities to retain medical and billing records and physical evidence for only a certain period of time before destroying them. Therefore, you are hereby put on notice of your obligation to preserve and retain all medical evidence and/or records-regardless of the format or location (electronic, hard copy, physical evidence or otherwise kept onsite or in storage)—that pertain to this patient that are in existence as of the date you receive this letter.

  Medical evidence that should be preserved and retained includes, but is not limited to, the following:

- Medical records such as inpatient, outpatient, or clinic records, including physician's notes, nurse's notes, consultations, reports, correspondence, and all laboratory test results and narrative reports. This includes records from other physicians or health care providers in your possession regarding this patient.

- Radiological, radiation therapy and nuclear medicine films, CAT scans, MRIs, ultrasounds, photographs, and tapes, along with their corresponding reports, taken in connection with any medical diagnoses, medical and surgical treatments or medical examinations.

10

- Pathology specimens (stained or unstained), slides, wet tissue, and tissue blocks, along with their corresponding reports and requisition records, relating to all medical diagnoses, medical examinations, medical and surgical treatments and procedures.

- Billing records.

- All correspondence or other documents you have received from or sent to any attorney, representative of an attorney, consultants or experts retained by any attorney, or other entity regarding this patient.

Thank you for your attention to this matter. Please contact us immediately if you have any questions.

Very truly yours,

[Counsel of Record]