## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------

IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION

:
:
:
:
:
:
:
:
:
:

Civil Action No. 3:16-md-2738-FLW-LHG


MDL No. 2738

-------------------------------------------------

## PROPOSED JOINT AGENDA AND REPORT
## FOR JUNE 21, 2017 STATUS CONFERENCE

### I.    STATUS OF DISCOVERY

####      a.  **Johnson & Johnson Defendants**

Discovery Taken/Requested/Set since Last Case Management Conference:

**Search Terms:** The Court has requested that the plaintiffs provide Johnson & Johnson Defendants with sample search terms at Plaintiffs' request. The Johnson & Johnson Defendants have run the list of 20 additional search terms requested by Plaintiffs against our collection. The search terms identified 11,500 additional documents. These documents have been reviewed for responsiveness and 1,583 documents are being processed for production. Of the 1,583 documents being produced, 1,411 documents were found to be responsive to the additional search terms Plaintiffs requested, 148 documents were previously produced but are being reproduced again per the ESI protocol, and 24 slip sheets are being produced per the ESI protocol. The Johnson & Johnson Defendants anticipate that they will be able to produce these documents by the end of this week. Plaintiffs learned of the number of documents to be produced during the preparation of this Joint Report and will be prepared to address this matter during the status conference.

On June 13th, Plaintiffs advised the Johnson & Johnson Defendants on a meet and confer call that they may request a broader list of relevant search terms to

their initial list of search terms because the application of additional search terms yielded additional responsive documents for production. The Johnson & Johnson Defendants have agreed to run these additional search terms, assuming reasonable in number as represented.

**Custodian List:**   The Johnson & Johnson Defendants have collected available records that have not been previously produced from the custodians identified by Plaintiffs' counsel and which Defendants agree should be collected. Many of the documents collected are in hard copy due to the age of the products at issue, requiring Defendants to undertake great efforts to manually review the documents for potential relevancy, collect, scan and queue up for individual review and production consistent with the newly agreed upon ESI protocol. Defendants anticipate being able to produce these documents within the next sixty (60) days.

Plaintiffs will continue to review the production for any additional relevant custodians and will promptly communicate these to Johnson & Johnson.

**Collection of Documents and Prior Productions:**   On May 25, 2017, the Johnson & Johnson Defendants sent Plaintiffs a 16 page chart identifying documents that were produced that pertain to the types of documents listed in the privileged attorney-client work product Mehaffey Weber Memo, which is the memo that is the subject of a clawback letter from the Johnson & Johnson Defendants regarding inadvertently produced privileged documents. The Johnson & Johnson Defendants believe they have fully identified the documents, or categories of documents, referenced in the memo.

Plaintiffs are analyzing the chart produced by Johnson & Johnson for adequacy. Plaintiffs may request that, they be permitted to examine the original documents.

**Pared Down Discovery:**   On May 16, 2017, Plaintiffs provided the Johnson & Johnson Defendants and Imerys with pre-service versions of proposed discovery requests for the purpose of resolving objections prior to formal service. These pared down requests include 60 requests for production, including 62 subparts, and 70 interrogatories, including 149 subparts. The Johnson & Johnson Defendants reviewed the requests and identified three major categories of objections during a conference call to discuss the requests on June 13, 2017: (1) requests beyond the scope of general causation and talc safety issues; (2) requests that are duplicative of requests responded to by the Johnson & Johnson Defendants in various other talc litigations; and (3) requests that are overbroad and impossible to answer.

In their meet and confer call, Plaintiffs disagreed that these Johnson & Johnson requests exceeded the scope of discovery described by the Court. Plaintiffs also informed Johnson & Johnson that these requests were not duplicative of previously filed state court discovery and were fully capable of answer noting that similar discovery was served on co-defendant who, for the most part, did not object to substantively responding to plaintiffs pared down discovery on them. (See below)   Nevertheless, plaintiffs considered Johnson & Johnson's objections and further modified the draft discovery.  Plaintiffs served the Johnson & Johnson Defendants with further modified Interrogatories and Requests for Production of documents on June 16, 2017.

**Class Discovery**:

**Plaintiffs' Position:** During the February 22, 2017, status conference, the Court stated that Consumer Class Plaintiffs could proceed with class-related discovery. Pursuant to that instruction and the PSC's continued efforts to work through discovery issues, on May 18, 2017, Consumer Class Plaintiffs sent identical sets of Johnson & Johnson Defendants their requests for production of documents (37 requests to each defendant) and interrogatories (14 interrogatories to each defendant)  targeted at marketing and sales information. Consumer Class Plaintiffs provided the requests to Johnson & Johnson Defendants in advance of serving them in an effort to resolve any possible objections. On June 5, 2017, the parties met and conferred regarding the class discovery. Johnson & Johnson stated that it was unwilling to respond to any of the Consumer Class Plaintiffs' discovery requests because, according to Johnson & Johnson, the requests do not relate to general causation. Johnson & Johnson did not raise any specific objection concerning the number of requests made or to any particular request. Based on the Court's prior instruction, Consumer Class Plaintiffs served their discovery on June 16, 2017.

Consumer Class Plaintiffs disagree that the issues to be decided in general causation for personal injury claims are necessarily dispositive of the class claims. The issue in the consumer case is whether information material to a reasonable consumer was misrepresented or omitted. Therefore, if Johnson & Johnson represented expressly or by implication that talc was perfectly safe and "gentle," knowing that it was not or might not be, it would violate the consumer protection laws at issue if a reasonable person would find this information material under the circumstances (which includes the availability of a functionally equivalent product known to be safe).   Moreover, Johnson & Johnson Defendants position is contrary to the Court's specific directive that discovery regarding the Consumer Class

3

Plaintiffs' consumer protection claims should proceed. Nonetheless, in addition to being class-related, some of the class discovery goes directly to general causation. For example, Johnson & Johnson may have directed scientific studies or opinions not based on the science, but based on marketing studies. The marketing information would then be used for impeachment of the science. However, there is no proper way to craft a discovery request directed solely at impeachment information and Johnson & Johnson Defendants should not be permitted to unilaterally decide what is impeachment related. Further, even if Johnson & Johnson was tasked with culling possible impeachment discovery from other responsive discovery, it would be required to process and review all potentially responsive discovery. Having processed and reviewed such information, withholding it from production saves nothing. Accordingly, the broader request must and should be made. Finally, the district court for the Southern District of Illinois has already ruled in favor of plaintiff Mihalich and there is no motion to dismiss pending in *Mahalich*. The issues in the *Estrada* class are not dispositive of the discovery that the Court has already ordered would be allowed in *Mihalich*. Therefore, at a minimum discovery should go forward on these issues in *Mihalich*.

**Defendants' Position:** Consumer Class Plaintiffs' new set of discovery requests (74 requests for production and 28 special interrogatories served on the Johnson & Johnson Defendants) are improper at this time because they comprise full scope discovery solely into the marketing, advertising, and sale of Baby Powder—and not to issues of general causation. Johnson & Johnson disputes that, at the February 22, 2017, status conference, the Court permitted Consumer Class Plaintiffs to conduct such discovery. At the February conference, the Court directed the parties to focus on general causation and instructed that discovery relating to marketing or sales should not proceed because it is unnecessary to determining general causation. And at the more recent May 2 status conference, the Court confirmed this staged discovery approach.

Plaintiffs' discovery requests all relate exclusively to marketing, advertising, and sales, and Johnson & Johnson disagrees this discovery "goes directly to general causation." The Court already considered and rejected the same "impeachment" arguments Plaintiffs raise here at February's status conference because questions about the alleged motivation for certain studies was not relevant to the question of how the studies were conducted and what the science shows. Consumer Class Plaintiffs are also incorrect that their claims can proceed in the absence of general causation. Unless they can prove that "the use of cosmetic grade talc in the perineal area can cause cancer of the reproductive system,"

4

Consumer Class Plaintiffs' claims fail. Finally, Consumer Class Plaintiffs' discovery requests are also premature because the proper scope of discovery in the consumer cases will depend in large part on how the Court resolves Johnson & Johnson's pending motion to dismiss in the *Estrada* case (Case No. 3:16-cv-7492, ECF. No. 47). *Estrada* is a putative <u>nationwide</u> class action, whereas the *Mihalich* case that Plaintiffs reference in arguing that full scope discovery should proceed is a single state class action (in Illinois). And in any event, the general causation issue will still be critical - - and potentially dispositive - - for *Mihalich*. As the Court observed at the February 22, 2017, status conference, whether, and to what extent, additional discovery is needed related to the Consumer Class Cases should be determined only after the Court has resolved the pending motion to dismiss in the *Estrada* case.

**Depositions**: In addition to the written discovery, plaintiffs have provided the Johnson &Johnson Defendants with a list of four (4) witnesses who they would like to depose during the first wave of depositions. These witnesses were chosen based on the current state of Johnson &Johnson's production of documents (including expected productions through August) and Plaintiffs' review of documents which is continuing. In light of the current state of the Johnson & Johnson production, the depositions were requested for September.

Plaintiffs expect that the parties will meet and confer on these depositions and the steps to be taken to ensure that documents that relate to a witness have been produced prior to the dates upon which the witness' deposition is scheduled.

As the Johnson & Johnson document production is ongoing and Plaintiffs' document review is proceeding, additional requests for depositions are expected.

### b. <u>Imerys Talc America, Inc.</u>

**Written Discovery:** Plaintiffs informally provided Imerys with a Pared Down Set of Discovery Demands. These contain 51 requests for production and 40 interrogatories. The purpose of that informal exchange was to prospectively resolve as many objections as possible Imerys reviewed and provided comments and objections to same. The parties subsequently engaged in a lengthy meet and confer and resolved many of the objections Imerys had to these demands. Plaintiffs have now served their demands upon Imerys and Imerys has agreed to respond over objection.

Imerys has further noted that a number of these demands (8 interrogatories and 8 Requests for production) are new requests related to asbestos-related issues that have never been requested in other litigations. Therefore, Imerys expects the collection and review of documents with regard to these new areas to take additional time. Imerys will provide plaintiffs with an expected timeframe for responding to this asbestos-related discovery as soon as practicable. Imerys will also l provide rolling discovery to plaintiffs as it is received and processed.

**Depositions:** In addition to written discovery, plaintiffs have provided Imerys with a list of witnesses who they would like to depose in a first wave of depositions. The parties will meet and confer on these depositions and the steps to be taken to ensure that documents that related to that witness have been produced prior to the dates upon which these witnesses' depositions are scheduled.

### c.  **Personal Care Products Council**

PCPC is in the process of finalizing PCPC's responses/objections to Plaintiffs' First Interrogatories and Document Requests and anticipates producing these the week of 6/19, if not sooner.

### d.  **Third Party Subpoenas**

Plaintiffs sent revised third-party subpoenas on four of the third parties to Defendants. Defendants reviewed and provided their objections and comments on these proposed subpoenas. Plaintiffs' position is that the subpoenas were modified to address all of Defendant's objections, eliminating the need to meet and confer, and the subpoenas were served. Defendants were not provided with copies of the modified subpoenas before they were served.

Defendants have been provided copies of the served subpoenas as required by FRCP Rule 45 on June 19, 2017. Plaintiffs continue to meet and confer with counsel for Imerys regarding the subpoena to William Kelly. Plaintiffs will be serving additional subpoenas to third parties.

## II.    **STATUS OF DISCOVERY ORDERS**

### **Pathology Protocol**

There are two main issues in dispute regarding the Pathology Protocol. The first issue relates to the timeframe during which Plaintiffs have to notify

Defendants of the receipt of pathology materials and/or send Defendants recut slides after service of expert reports.  The second issue relates to whether Plaintiffs shall have the obligation to preserve half of all pathology materials or whether the facilities from which the materials have been requested have this burden.  The parties have submitted a separate letter to Judge Goodman outlining the issues in dispute.

## III.   *DAUBERT* HEARING

**Plaintiffs' Position:** Additional discovery must be accomplished in relation to science and general causation prior to the disclosure of expert reports and the setting of a *Daubert* hearing.  Defendants have not yet produced documents in response to Plaintiffs' discovery requests. Johnson & Johnson Defendants have not yet produced the documents identified from the employment of additional search terms. These documents must be reviewed and depositions taken.  Plaintiffs have requested depositions dates for corporate witnesses during September in light of the Court's directive that documents be produced by August 2017.  In addition, there are outstanding discovery requests to third parties that must be completed. The schedule for the disclosure of expert reports and *Daubert* proceedings should be considered after this necessary discovery has been accomplished.

**Defendants' Position:**  As the Court has recognized, there have been five cases tried to verdict by the same law firms in Missouri State Court and one case tried to verdict by the same law firms in a Federal Court based on the same discovery previously served by the Johnson & Johnson Defendants and Imerys. Defendants have been working to respond to Plaintiffs' voluminous discovery demands and are continued to be advised that there is more discovery coming their way, yet Plaintiffs' counsel in Missouri and California are proceeding to trial and science hearings.  Defendants request that a specific date be set for *Daubert* hearings.

## IV.   *BRISTOL-MYERS* RULING

The parties will be prepared to discuss the supplementation of relevant briefing in light of the decision in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County, et al.,* 582 U.S. ____ (June 19, 2017) at the conference.

## V.   REPORT ON THE FEDERAL COURT DOCKET

As of June 16, 2017:

   a. There are currently <u>441 cases</u> pending in the MDL in which the Johnson & Johnson Defendants have been served (and have opened case nos.), totaling <u>1942 Plaintiffs</u> (including <u>1397 Plaintiffs</u> in <u>23 multi-plaintiff</u> cases from cases removed from Missouri state court, <u>15 Plaintiffs</u> in *Lovato* removed from New Mexico state court, 2 Plaintiffs in *Robb* removed from Oklahoma state court and 15 plaintiffs from the *Crenshaw* case from the Middle District of Georgia).

   b. In total, including the 6 multi-plaintiff cases removed from Missouri state court, that the JPML has not yet considered, there are 1706 plaintiffs from multi-plaintiff cases filed in MO.

   c. There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL but would not greatly affect the number absent the plaintiffs in the multi-plaintiff cases.

## VI.   STATE COURT LITIGATION

As of June 16, 2017:

**California:** There are 151 cases with 724 plaintiffs in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson. The first trial date is July 10, 2017. Sargon (the state court equivalent of *Daubert*) science hearings will take place June 26, 2017 through June 30, 2017. The next status conference has not been scheduled yet.

**Delaware**: There are currently 137 cases pending in the Superior Court of Delaware covering approximately 133 individual Plaintiffs. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler. On January 19, 2017, the Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017 the Johnson and Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. Briefing on the motion

for protective order was completed on April 17, 2017 and is awaiting an argument date.

**Missouri:**  There are currently 19 cases with 1210 plaintiffs pending before several judges in the 22nd Judicial Circuit Court, St. Louis (City), Missouri.  On June 19, 2017, a mistrial was declared in the consolidated trial of the cases of *Shawn Blaes v. Johnson & Johnson, et al., Angela Dawn Hershman v. Johnson & Johnson, et al.,* and *Eron Evans. Johnson & Johnson, et al.* by Judge Rex Burlison in light of the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County, et al.,* 582 U.S. ____ (June 19, 2017).  Trial in the case of *Slemp v. Johnson & Johnson, et al.* resulted in a verdict in the amount of $110 million on May 4, 2017.  Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017.  Post-trial motions, including a motion for new trial will be filed.  Appeals are pending from judgments entered in the *Jacqueline Fox, Gloria Ristesund,* and *Deborah Giannecchini* cases (individual claims filed in the multi-plaintiff *Tiffany Hogans* matter).

**New Jersey:**  There are currently 223 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300.  The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, with the exception of cases where *in extremis* plaintiffs have chosen to proceed for the limited purpose of preserving their testimony in anticipation of their death.   The briefing on the appeals is now complete.

**District of Columbia**:  There is one case pending in Superior Court of the District of Columbia: *Lori Oules v. Johnson & Johnson, et al.* (2014 CA 8327B) which is pending before Judge Brian Holeman. The *Oules* case is set for trial on April 30, 2018.

**Illinois:** There are three cases pending in Madison County, Illinois state court before Judge William Mudge, and there is one case pending in Cook County, Illinois.

**Georgia:**   There is one case pending in state court in Fulton County, Georgia before Judge Jane Morrison.

## VII.   STATUS OF PENDING MOTIONS

**a.** For the status of motions pending in individual cases, please see Exhibit 1 attached to this Joint Report.

**b.** The December 22, 2016 motion to dismiss filed by the Johnson & Johnson Defendants in the *Estrada* Consumer Class case is currently pending. No other motions are pending with regard to the Consumer Class Cases.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone:  713-227-8008
Facsimile:  713-227-9508
Email:  gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Lorna A. Dotro*
Lorna A. Dotro
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone: 973-631-6016
Facsimile: 973-267-6442
Email: ldotro@coughlinduffy.com

*s/Sheryl Axelrod*
Sheryl Axelrod
THE AXELROD LAW FIRM, PC
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone: 215-461-1768
Facsimile: 215-238-1779
Email: saxelrod@theaxelrodfirm.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue

Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

**EXHIBIT 1**

**STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Sonia Dolinger v. Johnson & Johnson, et al.* | 3:16-cv-09485 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed January 26, 2017.  Plaintiffs' Opposition is due February 27, 2017.  Defendants' Reply is due March 10, 2017.  Fully briefed. |
| *Patricia Dysart v. Johnson & Johnson, et al.* | 3:16-cv-08564 | Johnson & Johnson Defendants' Motion to Dismiss 89 Plaintiffs' Claims for Lack of Personal Jurisdiction filed December 15, 2016.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed December 15, 2016.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction as to the 2 Missouri Plaintiffs filed March 9, 2017.  Fully briefed.<br><br>Plaintiffs' Motion to Remand filed December 15, 2016.  Fully briefed. |
| *Charles Fenstemaker, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07418 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff Charles Fenstemaker's Claims for Lack of Personal Jurisdiction filed December 23, 2016.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017.  Fully |

| Case Name | Case No. | Status of Pending Motions |
|-----------|----------|---------------------------|
| | | briefed. |
| *Cerrone-Kennedy, Dolores v. Johnson & Johnson, et al.* | 3:16-cv-07895 | Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Plaintiffs to file Opposition on May 5, 2017. Reply due May 12, 2017. |
| *Bridget Graves v. Johnson & Johnson, et al.* | 3:16-cv-08672 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed December 23, 2016. Fully briefed. |
| *Odell Holliday v. Johnson & Johnson, et al.* | 3:16-cv-09507 | Johnson & Johnson Defendants' Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction filed January 26, 2017. Fully briefed.

Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed.

Plaintiffs' Motion to Withdraw Notice of Dismissal filed April 3, 2017. |
| *Angela Lovato, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07427 | Johnson & Johnson Defendants' Motion to Dismiss Eleven Plaintiffs' Claims for Lack of Personal Jurisdiction filed December 23, 2016. Stipulations of Dismissal filed May 12, 2017.

Defendant Ethicon Endo-Surgery, Inc.'s Motion to Dismiss Plaintiffs' Claims for Lack of Personal Jurisdiction and Failure to State a Claim filed December 23, 2016. Stipulations of Dismissal filed May 12, 2017. |
| *Bridget McBride v. Johnson & Johnson, et al.* | 3:16-cv-07891 | Plaintiff's Motion to Remand filed December 16, 2016. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Robert Gendelman v. Johnson & Johnson, et al.* | 3:17-cv-00461 | Motion to Withdraw Motion to Remand filed on 3/31/2017. |
| *Christine Harders, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00726 | Plaintiffs' Motion to Remand filed February 9, 2017.  Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 6, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 6, 2017. Fully briefed. |
| *Mary Gallow, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00790 | Plaintiffs' Motion to Remand filed February 9, 2017.  Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017.  Fully briefed. |
| *Wynester Logan, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00797 | Plaintiffs' Motion to Remand filed February 10, 2017.  Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017.  Fully briefed. |
| *Farrah Starks, et al. v.* | 3:17-cv- | Plaintiffs' Motion to Remand filed |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Johnson & Johnson et al.* | 00792 | February 10, 2017. Fully briefed. Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Kelly Frazier, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00793 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Kimberly Carney, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00796 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Deanna Valle, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00798 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Joyce Williams, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00799 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Janice Bahmler, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00800 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017. Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017. Fully briefed. |
| *Lisa Eveland, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00794 | Plaintiffs' Motion to Remand filed February 9, 2017. Defendants' Opposition was filed March 13, 2017. Plaintiffs' reply is due March 28, 2017. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017.  Fully briefed. |
| *Donna Mason, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00802 | Johnson & Johnson Defendants' Motion to Dismiss Filed March 9, 2017.  Motion has not been opposed. |
| *Amber Lucas, et al. v. Johnson & Johnson, et al.* | 3:17-cv-00791 | Plaintiffs' Motion to Remand filed February 16, 2017.  Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed March 9, 2017.  Fully briefed.<br><br>Defendant Imerys Talc America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction filed March 9, 2017.  Fully briefed. |
| *Grace Watkins v. Johnson & Johnson, et al.* | 3:17-cv-01155 | Johnson & Johnson Defendants' Motion to Dismiss filed March 23, 2017.  Fully briefed. |
| *Deborah Kursch, et al. v. Johnson & Johnson, et al.* | 3:17-cv-01363 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017.  Fully briefed. |
| *David Hagstrom v. Johnson & Johnson, et al.* | 3:17-cv-01364 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017.  Fully briefed. |
| *Jeanie Foster and David Foster v. Johnson & Johnson, et al.* | 3:17-cv-01365 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017.  Fully briefed. |
| *Ruth Edwina Ewing v. Johnson & Johnson, et* | 3:17-cv-01366 | Johnson & Johnson Defendants' Motion to Dismiss filed March 30, 2017.  Fully |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *al.* | | briefed. |
| *Brenda Wilder, et al. v. Johnson & Johnson, et al.* | 3:17-cv-01543 | Johnson & Johnson Defendants' Motion to Dismiss filed April 6, 2017. Fully briefed. |
| *Elizabeth Brown v. Johnson & Johnson, et al.* | 3:17-cv-01544 | Johnson & Johnson Defendants' Motion to Dismiss filed April 6, 2017. Fully briefed. |
| *Linda Nard and Mark Nard v. Johnson & Johnson, et al.* | 3:17-cv-01545 | Johnson & Johnson Defendants' Motion to Dismiss filed April 6, 2017. Fully briefed. |
| *Teresa Wilson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-01859 | Johnson & Johnson Defendants' Motion to Dismiss filed April 20, 2017. Fully briefed. |
| *Melissa Dean v. Johnson & Johnson, et al.* | 3:17-cv-01858 | Johnson & Johnson Defendants' Motion to Dismiss filed April 20, 2017. Fully briefed. |
| *Hinton, Barbara, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2394 | Plaintiffs' Motion to Remand filed April 17, 2017. Defendants' Opposition filed May 15, 2017. Reply due May 30, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed May 8, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed May 8, 2017. Fully briefed. |
| *Jones, Annie, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2396 | Plaintiffs' Motion to Remand filed April 17, 2017. Defendants' Opposition filed May 15, 2017. Reply due May 30, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed May 8, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed May 8, 2017. Fully briefed. |
| *Moore, Cassandra v. Johnson & Johnson, et* | 3:17-cv-2404 | Plaintiffs' Motion to Remand filed April 10, 2017. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *al.* | | Johnson & Johnson Defendants' Motion to Dismiss filed May 8, 2017.   Fully briefed.<br><br>Imerys' Motion to Dismiss filed May 8, 2017.  Fully briefed. |
| *Lagrone, Clyde, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02398 | Plaintiffs' Motion to Remand filed May 4, 2017.  Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss Filed May 8, 2017. |
| *Rea, Mary, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02397 | Plaintiffs' Motion to Remand filed May 22, 2017.  Defendants' Opposition due June 21, 2017.  Reply due July 6, 2017.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed May 8, 2017.   Fully briefed. |
| *Daniel, Dorian v. Johnson & Johnson, et al.* | 3:17-cv-02498 | Johnson & Johnson Defendants' Motion to   Dismiss   filed   May   12,   2017. Plaintiffs'   Opposition   filed   June   12, 2017.  Reply brief due June 27, 2017. |
| *York, Dennis, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02497 | Johnson & Johnson Defendants' Motion to   Dismiss   filed   May   12,   2017. Plaintiffs'   Opposition   filed   June   12, 2017.  Reply brief due June 27, 2017. |
| *Barshay, Leena v. Johnson & Johnson, et al.* | 3:17-cv-02509 | Johnson & Johnson Defendants' Motion to   Dismiss   filed   May   12,   2017. Plaintiffs'   Opposition   filed   June   12, 2017.  Reply brief due June 27, 2017. |
| *Wolff, Marc v. Johnson & Johnson, et al.* | 3:17-cv-02496 | Johnson & Johnson Defendants' Motion to   Dismiss   filed   May   12,   2017. Plaintiffs'   Opposition   filed   June   12, 2017.  Reply brief due June 27, 2017. |
| *Summerlin, Donna and Timmy v. Johnson & Johnson, et al.* | 3:17-cv-02511 | Johnson & Johnson Defendants' Motion to   Dismiss   filed   May   12,   2017. Plaintiffs'   Opposition   filed   June   12, |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | 2017.  Reply brief due June 27, 2017. |
| *Thompson, Lisa v. Johnson & Johnson, et al.* | 3:17-cv-02495 | Johnson & Johnson Defendants' Motion to Dismiss filed May 12, 2017. Plaintiffs' Opposition filed June 12, 2017.  Reply brief due June 27, 2017. |
| *Ferrell, Glenda v. Johnson & Johnson, et al.* | 3:17-cv-02510 | Johnson & Johnson Defendants' Motion to Dismiss filed May 12, 2017. Plaintiffs' Opposition filed June 12, 2017.  Reply brief due June 27, 2017. |
| *Paniagua, Anastasia, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02663 | Johnson & Johnson Defendants' Motion to Dismiss filed May 19, 2017. Plaintiffs' Opposition due June 19, 2017. Reply brief due July 5, 2017. |
| *Cavazos, Amie, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02938 | Johnson & Johnson Defendants' Motion to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |
| *Andrews, Brenda v. Johnson & Johnson, et al.* | 3:17-cv-02939 | Johnson & Johnson Defendants' Motion to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |
| *Sutton, Rick, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02937 | Johnson & Johnson Defendants' Motion to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |
| *Anderson, Brenda, et al. v. Johnson & Johnson, et al.* | 3:17-cv-02943 | Johnson & Johnson Defendants' Motion to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |
| *Gordon, Florida v. Johnson & Johnson, et al.* | 3:17-cv-02940 | Johnson & Johnson Defendants' Motion to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |
| *Crowl, Sandra v. Johnson & Johnson, et al.* | 3:17-cv-02936 | Johnson & Johnson Defendants' Motion to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |
| *Graf-Spiegel, Susan v.* | 3:17-cv- | Johnson & Johnson Defendants' Motion |

| Case Name | Case No. | Status of Pending Motions |
|-----------|----------|---------------------------|
| *Johnson & Johnson, et al.* | 02942 | to Dismiss filed May 31, 2017. Plaintiffs' Opposition due June 30, 2017. Reply due July 15, 2017. |

89124970.1