# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 |

## DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Thomas T. Locke
Rebecca Woods
James Billings-Kang
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, DC 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
tlocke@seyfarth.com
rwoods@seyfarth.com
jbillingskang@seyfarth.com

Sheryl L. Axelrod
**THE AXELROD FIRM, PC**
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Phone: (215) 461-1768
Facsimile: (215) 238-1779
*saxelrod@theaxelrodfirm.com*

*Attorneys for Defendant
Personal Care Products Council*

39729794v.2

# **TABLE OF CONTENTS**

**Page**

I. PLAINTIFFS FAIL TO MEET THEIR BURDEN. ........................................2

II. GENERAL JURISDICTION DOES NOT EXIST OVER PCPC. ..................2

III. SPECIFIC JURISDICTION DOES NOT EXIST OVER PCPC. ....................6

IV. CONTACTS OTHER DEFENDANTS MAY HAVE HAD WITH FORUM STATES DO NOT ESTABLISH JURISDICTION OVER PCPC. ..............................................................................................................9

    A. The Conspiracy Theory of Jurisdiction is Inconsistent with Supreme Court Precedent. ................................................................10

    B. The Conspiracy Theory of Jurisdiction Does Not Apply Here ...........11

V. EXERCISING JURISDICTION OVER PCPC WOULD VIOLATE TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE .....................................................................................................13

VI. JURISDICTIONAL DISCOVERY IS NOT WARRANTED. ......................14

CONCLUSION ........................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Auto. Antitrust Cases I & II*,
   135 Cal. App.4th 100 (2005) ................................................................................9

*BNSF Ry. Co. v. Tyrrell*,
   137 S. Ct. 1549 (2017).................................................................................2, 3, 4

*Bristol-Myers Squibb v. Super. Ct. of Cal.*,
   137 S.Ct. 1773 (2017).....................................................................................5, 15

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..............................................................................................6

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ...........................................................................4

*Cebulske v. Johnson & Johnson*,
   No. 14-cv-00627, 2015 WL 1403148 (S.D. Ill. Mar. 25, 2015)..........................8

*Chirila v. Conforte*,
   47 F. App'x 838 (9th Cir 2002) .........................................................................11

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) .............................................................................7

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014).............................................................................3, 4, 5, 10

*Execu-Tech Bus. Sys. v. New Oji Paper*,
   752 So. 2d 582 (Fla. 2000) ................................................................................10

*First Community Bank, N.A. v. First Tennessee Bank, N.A.*,
   489 S.W.3d 369 (Tenn. 2015) ...........................................................................10

*Gibbs v. PrimeLending*,
   381 S.W.3d 829 (Ark. 2011) .............................................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)..............................................................................................3

*Graziose v. Am. Home Prod. Corp.*,
    161 F. Supp.2d 1149 (D.Nev. 2001) ................................................................. 6, 9

*Guidry v. U.S. Tobacco Co.*,
    188 F.3d 619 (5th 1999) ..................................................................................... 8, 9

*Hammond v. Butler, Means, Evins & Brown*,
    388 S.E.2d 796 (S.C. 1990) ................................................................................... 10

*Hanson v. Denckla*,
    357 U.S. 235 (1958) ................................................................................................. 7

*Herman v. Cataphora, Inc.*,
    730 F.3d 460 (5th Cir. 2013) .............................................................................. 7, 8

*Herman v. YellowPages.com*,
    780 F. Supp.2d 1028 (S.D. Cal. 2011) .................................................................. 6

*Hunt v. Air Prods. & Chems.*,
    No. 052-9419, 2006 WL 1229082 (Mo. Cir. Ct. Apr. 20, 2006) ........................ 9

*Hunt v. Nevada State Bank*,
    172 N.W.2d 292 (Minn. 1969) ............................................................................. 10

*Isaacs v. Arizona Bd. of Regents*,
    608 F. App'x 70 (3d Cir. 2015) ............................................................................ 2, 5

*J. McIntyre Mach., Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) ........................................................................................ 7, 12

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ................................................................................................ 10

*Klinghoffer v. S.N.C. Achille Lauro*,
    937 F.2d 44 (2d Cir.1991) ....................................................................................... 6

*Mackey v. Compass Mktg.*,
    892 A.2d 479 (Md. 2006) ................................................................................ 10, 12

*Petrucelli v. Rusin*,
    642 F. App'x 108 (3d Cir. 2016) ............................................................................ 2

*Ploense v. Electrolux Home Products*,
  882 N.E.2d 653 (Ct. App. Ill. 2007) ................................................................................ 9

*Ratcliff v. Am. Honda Motor Co., Inc.*,
  16-2-SEA-18128-7 SEA (Wash. Super. Ct., King Cty., June 2,
  2017) ................................................................................................................................ 8

*Remick v. Manfredy*,
  238 F.3d 248 (3rd Cir. 2001) ........................................................................................... 7

*Reynolds v. Int'l Amateur Athletic Fed.*,
  23 F.3d 1110 (6th Cir. 1994) ........................................................................................... 7

*Rundquist v. Vapiano SE*,
  798 F. Supp. 2d 102 (D.D.C. 2011) ................................................................................. 8

*Rush v. Savchuk*,
  444 U.S. 320 (1980) ....................................................................................................... 11

*Textor v. Bd. of Regents of N. Illinois Univ.*,
  711 F.2d 1387 (7th Cir. 1983) ....................................................................................... 11

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ....................................................................................... 10, 12, 13

*World-Wide Volkswagen v. Woodson*,
  444 U.S. 286 (1980) ............................................................................................... 6, 7, 12

In their Opposition, Plaintiffs concede that Personal Care Products Council ("PCPC") is a Washington, DC based non-profit trade association that does not manufacture or sell any cosmetic products in any jurisdiction. (Opp. at 4, 8). And, Plaintiffs concede by omission that:

- PCPC is not licensed to do business in any of the forum states;
- PCPC has no agent for service of process in any of the states;
- PCPC neither owns nor leases property, nor holds liens or mortgages on any real property in any of the states; and
- PCPC has no address, phone number, bank account, or office in any of the states.

Pollak Decl. ¶¶ 4-9 (attached as Exh. D to PCPC's Opening Brief, Dkt. 256). Nonetheless, Plaintiffs argue that 36 "forum states can properly exercise both specific and general personal jurisdiction over PCPC based on the Defendants['] contacts with the forum states." (Opp. at 28). Plaintiffs' argument fails.

General jurisdiction does not exist because PCPC has no or few contacts with each of the forum states, much less the sort of contacts that are so constant and pervasive as to render PCPC at home in every state. Specific jurisdiction does not exist because Plaintiffs' claims do not arise from any action by PCPC within or directed at each state. And, contacts that other defendants may have with the forum states cannot be the basis for jurisdiction over PCPC.

Therefore, PCPC should be dismissed based on lack of personal jurisdiction from the lawsuits identified on Exhibit A to its Motion to Dismiss.

I.     **PLAINTIFFS FAIL TO MEET THEIR BURDEN.**

The Third Circuit recently affirmed that

> the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable particularity sufficient contacts between the defendant and the forum state.

*Petrucelli v. Rusin*, 642 F. App'x 108, 109 (3d Cir. 2016) (quotations omitted). "If the defendant contradicts the plaintiff's allegations through opposing affidavits, . . . a plaintiff must present particular evidence in support of personal jurisdiction." *Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70, 74 (3d Cir. 2015). Plaintiffs have failed to meet their burden.

II.    **GENERAL JURISDICTION DOES NOT EXIST OVER PCPC.**[1]

Plaintiffs concede that PCPC is not incorporated and does not have its principle place of business in any of the forum states. Nevertheless, Plaintiffs argue that this is the "exceptional case" in which general jurisdiction exists because PCPC's activities in each state are "'so substantial and of such a nature as to render'" PCPC at home in every state. (Opp. at 34 (quoting *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017))). Plaintiffs' argument is specious.

A court may assert general jurisdiction over corporations only "when their affiliations with the State are so 'continuous and systematic' as to render them

---

[1] Because the majority of forum states have long-arm statutes that are coextensive with federal due process, this reply focuses on the Constitutional issues that will determine jurisdiction for all states. PCPC relies on its Opening Brief at 4-7 regarding the lack of long-arm jurisdiction in the minority of forum states.

2

39729794v.2

essentially at home in the forum State." *Goodyear Dunlop Tires v. Brown*, 564 U.S. 915, 919 (2011). Only in "exceptional" circumstances will "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n.19 (2014).

Plaintiffs argue that, although PCPC neither has property nor employees in any of the forum states, PCPC represents the exceptional case because it is more at home in all states than the corporations were at home in individual states at issue in the recent U.S. Supreme Court decisions. That argument is, at best, disingenuous.

Even assuming that PCPC had nationwide operations—and it does not—general jurisdiction would not exist in the 36 forum states. As the Supreme Court explained in *Daimler*, "[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*. at 762 n.20 (citations omitted).

Plaintiffs' two examples highlight other flaws in their argument. In *BNSF Railway*, the Supreme Court held that general jurisdiction did not exist even though the defendant has 2,061 miles of track and 2,100 employees in the forum state, and generates nearly 10% of its income there. 137 S. Ct. at 1554. In *Daimler*, the Supreme Court held that no jurisdiction existed though the defendant's subsidiary

3

39729794v.2

has multiple forum state-based facilities, is the largest supplier of luxury vehicles to the state, and 10% of all of its take place there. 134 S. Ct. at 752, 762. The Supreme Court reached its decisions notwithstanding that defendants are operating in the forum states to effectuate their goals. Plaintiffs' efforts to distinguish those cases from PCPC's activities falls flat.

Plaintiffs' reliance on *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201 (11th Cir. 2015), also is misplaced. There, the Eleventh Circuit held that jurisdiction did not exist, even though the defendant had a forum state bank account, two addresses and consented to the jurisdiction in a federal district court for certain lawsuits. PCPC has none of those connections with any of the 36 forum states. Accordingly, PCPC is even less at home in the forum states than the defendants in those cases.

Plaintiffs cite Justice Sotomayor's dissent in *BNSF Railway* for the proposition that a "fact-intensive analysis" is required, and Plaintiffs argue that discovery is necessary to conduct that analysis. (Opp. at 4, 36) That argument is fatally flawed. First, *Daimler* addressed similar concerns. The majority noted that Justice Sotomayor "fears that our holding will lead to greater unpredictability by radically expanding the scope of jurisdictional discovery. **But it is hard to see why much in the way of discovery would be needed to determine where a corporation is at home**." *Daimler*, 134 S. Ct. at 762 n.20 (emphasis added).

Second, Plaintiffs do not even attempt to undertake a "fact-intensive

4

analysis" or to offer relevant evidence, which is required. *See Isaacs*, 608 F. App'x at 74. Plaintiffs' opposition barely mentions the overwhelming majority of the states. Instead, Plaintiffs cherry pick a few jurisdictions where PCPC purportedly engaged in limited activity, most of which relates to California. (Opp. at 5-6) However, because defendant Imerys Talc America, Inc., is at home in California, there would appear to be no subject matter jurisdiction there. Accordingly, a California-focused personal jurisdiction inquiry establishes nothing.

Third, even if nationwide general jurisdiction could exist—a notion that the Supreme Court has rejected, *see Daimler*, 134 S. Ct. at 762 n.20—the evidence does not support Plaintiffs' argument. Plaintiffs cite to a 16-year-old report of legislative activity in 12 states for the proposition that PCPC currently lobbies in all states. PCPC's executive vice president refuted the assertion that PCPC lobbies in all states. Further, even if Plaintiffs' assertions were true, lobbying would not establish that PCPC is at home in each state. In *Bristol-Myers Squibb v. Superior Court of California*, 137 S.Ct. 1773 (2017), the Supreme Court acknowledged that having a lobbying office in a state would not make a defendant at home in the state. *Id.* at 1778. Other courts have reached the same result.

> It would chill constitutionally protected rights of free speech and governmental contacts to expose every person, who addressed a state legislature or public official, to jurisdiction over claims that did not arise out of such conduct. This Court joins with the Second Circuit in holding that personal jurisdiction may not be founded upon any kind of lobbying or "government dnent contacts."

5

*Graziose v. Am. Home Prod. Corp.*, 161 F. Supp.2d 1149, 1153 (D. Nev. 2001) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 51 (2d Cir. 1991)). *See also Herman v. YellowPages.com*, 780 F. Supp.2d 1028, 1034 (S.D. Cal. 2011) (holding that "the lobbying efforts of [defendant] does not support a finding that [defendant] has continuous and systematic contacts with the forum state").

Therefore, nationwide general jurisdiction does not exist over PCPC.

### III. SPECIFIC JURISDICTION DOES NOT EXIST OVER PCPC.

"Specific jurisdiction over a defendant exists when that defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Plaintiffs' claims do not arise out of activities that PCPC purposefully directed at each of the forum states.

Plaintiffs argue that lobbying regulators and providing information regarding the safety of cosmetic ingredients are PCPC's contacts. That argument fails.

**First**, Plaintiffs fail to produce any evidence that PCPC lobbied regarding talc in any state. PCPC has denied that it undertook such lobbying. (Decl. ¶ 19)

**Second**, Plaintiffs' exhibits demonstrate that lobbying of federal regulators regarding talc took place in Washington, DC. Such activity was not "purposefully directed" toward each of the forum states such that PCPC could "reasonably anticipate being haled into court[s]" across the country. *World-Wide Volkswagen*

6

*Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The defendant must intend, by "purposefully avail[ing] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of [the forum']s laws," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), to submit itself to the forum's jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011). That is, PCPC must have intentionally targeted each state. PCPC did not.

Nor does the "effects" test support jurisdiction. It requires that a defendant: (1) commit an intentional act; (2) aimed at the forum; (3) causing harm, the brunt of which the defendant knew would be suffered in the forum. *CollegeSource v. AcademyOne*, 653 F.3d 1066, 1077 (9th Cir. 2011). Plaintiffs do not show that PCPC aimed an act at each state expecting that the act would cause harm there.

**Third**, Plaintiffs argue that generally making information available to the public regarding the safety of cosmetic ingredients, including talc, creates jurisdiction in every state. However, making information available is not activity "purposefully directed" to each of the States such that PCPC could "reasonably anticipate being haled into court[s]" across the country. *World-Wide Volkswagen*, 444 U.S. at 297. The national circulation of statements or publications is insufficient to serve as a basis for specific jurisdiction. *See, e.g., Remick v. Manfredy*, 238 F.3d 248, 259 (3rd Cir. 2001); *Herman v. Cataphora*, 730 F.3d 460, 465 (5th Cir. 2013); *Reynolds v. Int'l Amateur Athletic Fed.*, 23 F.3d 1110, 1120

(6th Cir. 1994); *Rundquist v. Vapiano*, 798 F. Supp. 2d 102, 116-17 (D.D.C. 2011).

Plaintiffs rely almost exclusively on *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619 (5th 1999). But, Plaintiffs largely ignore the decisions regarding trade associations rendered in the nearly two decades since then, including two cases involving PCPC. Last month, a Washington State court held that no jurisdiction existed where, like here, plaintiff alleged that PCPC engaged in fraud, conspiracy, misrepresentation and improper influence of regulators. *Ratcliff v. Am. Honda Motor*, 16-2-SEA-18128-7 SEA (Wash. Super. Ct., June 2, 2017); 2d Amended Compl. at 14-22 (attached as Exh. 1) Plaintiffs' effort to distinguish *Cebulske* (discussed in the Opening Br.) fails because plaintiff alleged that PCPC engaged in the same activity as alleged here. *Cebulske* Compl. ¶¶ 22, 28-30, 60-67, Exh 2. Plaintiffs' effort to distinguish *Cebulske* based on lobbying fails because, as discussed above, any state lobbying did not involve talc.  Pollak Decl. ¶ 19.

Plaintiffs' reliance on *Guidry* is misplaced because it may no longer be good law and is factually distinguishable. In 2013, the Fifth Circuit held that specific jurisdiction does not exist based on nationwide distribution of information not targeted at a particular forum.  *Herman*, 730 F.3d 460 at 465.  And, in *Guidry*, unlike here, one tobacco advocacy group had its representatives appear on national network television programs broadcast in the forum state and another placed articles or advertisements in national publications sold in the state. *Guidry v. U.S.*

8

39729794v.2

*Tobacco Co.*, 188 F.3d at 626. Moreover, *Guidry* involved the analysis of whether specific jurisdiction existed in one particular state, not nationwide jurisdiction. Importantly, none of Plaintiffs' citations hold that nationwide jurisdiction exists for a mere trade association. Other cases support the opposite result.

*Ploense v. Electrolux Home Products*, 882 N.E.2d 653, 668 (Ct. App. Ill. 2007), presents similar facts. There, like here, the plaintiff sued a trade association for allegedly conspiring to suppress research and to block regulation. *Id*. at 656-57. The court held that jurisdiction did not exist, reasoning that the association merely presented information to the public. "[T]he mere likelihood that [the information would] find its way into the forum State will not subject the [association] to the personal jurisdiction." *Id.* at 668. *See also Hunt v. Air Prods. & Chems.*, 2006 WL 1229082, at *2 (Mo. Cir. Ct., Apr. 20, 2006) (granting motion to dismiss trade associations); *In re Auto. Antitrust I & II*, 135 Cal. App.4th 100, 114 (2005) (same); *Graziose*, 161 F. Supp.2d at 1149 (same); Opening Br. at 12.

In short, Plaintiffs have not met their burden to establish that PCPC "expressly aimed" and "intentionally directed" relevant activities from which plaintiffs' claims arise towards each of the 36 forum states.

### IV. CONTACTS OTHER DEFENDANTS MAY HAVE HAD WITH FORUM STATES DO NOT ESTABLISH JURISDICTION OVER PCPC.

Implicitly recognizing that PCPC has no relevant contacts with the forum states, Plaintiffs attempt to establish personal jurisdiction by arguing "that a

9

defendant may be subject to jurisdiction if acting in concert with co-conspirators." (Opp. 36) However, Plaintiffs bury until the final sentence of their brief the concession that their argument applies to, at most, only 10 states. (Opp. at 40) As to this minority of states, Plaintiffs' conspiracy argument fails because it (1) is inconsistent with U.S. Supreme Court precedent and (2) does not apply here.

A. **The Conspiracy Theory of Jurisdiction is Inconsistent with Supreme Court Precedent.**

There is good reason why Plaintiffs concede that their alternative theory applies in only a small minority of forum states.[2] The Supreme Court has not recognized the theory and it is inconsistent with due process.

The Supreme Court has long held that personal jurisdiction is determined by analyzing the contacts of a defendant, "not the plaintiff or third parties" *See, e.g.*, *Walden v. Fiore*, 134 S. Ct. 1115, 1126 (2014); *Daimler*, 134 S. Ct. at 759-60; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Plaintiffs cannot "satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between . . . third parties and the forum State." *Walden*, 134 S. Ct. at

---

[2] Only six forum state highest courts have articulated the theory of "conspiracy jurisdiction." *Gibbs v. PrimeLending*, 381 S.W.3d 829 (Ark. 2011); *Execu-Tech Bus. Sys. v. New Oji Paper*, 752 So. 2d 582 (Fla. 2000); *Mackey v. Compass Mktg.*, 892 A.2d 479 (Md. 2006); *Hunt v. Nevada State Bank*, 172 N.W.2d 292 (Minn. 1969); *Hammond v. Butler, Means, Evins & Brown*, 388 S.E.2d 796 (S.C. 1990); *First Community Bank, N.A. v. First Tennessee Bank, N.A.*, 489 S.W.3d 369 (Tenn. 2015). Lower courts in other states have applied the theory, but often without considering due process.

10

1122. To be subject to personal jurisdiction, "the relationship [between the defendant and the forum] must arise out of contacts that the defendant *himself* creates with the forum State." *Id.* "[A] defendant's relationship with a . . . third party, standing alone, is" insufficient. *Id.* at 1123. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State," and not based on "contacts he makes by interacting with other persons." *Id.*

In *Rush v. Savchuk*, 444 U.S. 320 (1980), the Supreme Court rejected an approach similar to the theory Plaintiffs propose. There, the underlying court aggregated the parties' contacts with the forum to create jurisdiction over a defendant with no contacts to the forum. The Supreme Court held that "[s]uch a result is plainly unconstitutional."

As the Ninth Circuit opined—more than a decade before the recent Supreme Court jurisdictional decisions—"[t]here is a great deal of doubt surrounding the legitimacy of this conspiracy theory of personal jurisdiction." *Chirila v. Conforte*, 47 F. App'x 838, 842 (9th Cir 2002).

      **B.**    **The Conspiracy Theory of Jurisdiction Does Not Apply Here.**

Plaintiffs argue that, for jurisdiction to exist, they must show "'both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum state.'" (Opp. at 39) (quoting *Textor v. Bd. of Regents*, 711 F.2d 1387, 1393 (7th Cir. 1983)). This is a watered-down version of the already

11

questionable conspiracy theory of jurisdiction. Plaintiffs argue that it is sufficient to analyze only the contacts that the alleged conspiracy has with the forum, and there is no need to analyze the contacts that each defendant has to the forum. In other words, Plaintiffs argue that jurisdiction over PCPC may exist even if it did not purposefully avail itself to benefits of the forum states. That argument is inconsistent with due process. *See, e.g., Walden*, 134 S. Ct. at 1122-23.

Other courts have articulated a conspiracy theory of jurisdiction arguably more consistent with due process: At the time of forming the conspiracy, each alleged conspirator must reasonably expect that an overt act will lead to consequences in the forum state. *See, e.g.*, *Mackey*, 892 A.2d at 486, 489. Under this version, the defendant-focused contacts are essential to ensure that the theory comports with due process. *Id.* at 487. The timing of the out-of-state defendant's reasonable expectation is important. *Id.* at 489. Courts reason that this requirement is necessary to ensure that the defendant purposely availed itself to the privilege of conducting activities in the forum. *See, e.g., id.* at 495.[3]

Plaintiffs have not presented evidence supporting the essential requirements of the conspiracy theory of jurisdiction. Whatever actions defendants may have

---

[3] This reasoning still is inconsistent with the Supreme Court's decisions holding that "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen*, 444 U.S. at 295. *See also J. McIntyre Mach.*, 131 S. Ct. at 2789 (reasoning that foreseeability has no place in the inquiry).

12

taken in furtherance of the alleged conspiracy, as plaintiffs concede, those actions took place in Washington, DC. No substantial act in furtherance of the alleged conspiracy was performed in the forum states. And, Plaintiffs do not even attempt to show that, at the time of making the alleged conspiracy, a reasonable person in PCPC's position would have anticipated that co-conspirators would commit acts in furtherance of the conspiracy within the forum states. (Opp. at 39-40)

Therefore, even if the conspiracy theory were still valid—and it should not be—Plaintiffs have not met their burden and the theory cannot be applied here.

## V. EXERCISING JURISDICTION OVER PCPC WOULD VIOLATE TRADITIONAL NOTIONS OF FAIR PLAY AND JUSTICE.

Traditional notions of fair play and substantial justice require consideration of whether the relationship between the defendant, the litigation, and the forum arises out of contacts that the defendant creates with the forum state, not with persons who reside there. *Walden*, 134 S. Ct. at 1122. The question is not whether the Plaintiffs suffered injury, but whether a "defendant's conduct connects [it] to the forum in a meaningful way." *Id*. at 1122, 1125, n.9. This inquiry "protects the liberty of the non-resident defendant," and "not the interests of the Plaintiff." *Id*.

PCPC has no contact with majority of the forum states and few contacts (none of which relate to talc) with the other forum states. Requiring PCPC to try hundreds of matters in jurisdictions across the country—none of which PCPC has any presence in—would be unduly burdensome and unfair.

13

## VI. <u>**JURISDICTIONAL DISCOVERY IS NOT WARRANTED.**</u>

Notwithstanding their contention that "[d]iscovery in this matter has been ongoing for only a short period of time" (Opp. at 3 n.4), Plaintiffs had for months approximately 83,000 pages of PCPC documents relating to, among other topics, interactions with federal regulators and information made available to the public regarding talc. March 24, 2017 Ltr. to MDL Plaintiffs' counsel, Exh. 3.[4] Most lead Plaintiffs' counsel have had those documents for nearly two years. And, most lead Plaintiffs' counsel have deposed PCPC's corporate representative in other talc-ovarian cancer lawsuits.  Dep. Tr. M. Pollak dated Feb. 18, 2016, Exh 4. Nevertheless, as demonstrated above, Plaintiffs have not been able to present relevant evidence in support of personal jurisdiction.

Additional discovery will not establish that PCPC purposefully directed activities towards each of the forum states.  To the contrary, the Pollak Declaration establishes that PCPC has no contacts with the vast majority of forum states and only a few irrelevant contacts with other states.  Consequently, the request for additional discovery is unwarranted.

Likewise, Plaintiffs' request to delay a decision on the issue because PCPC

---

[4] Because PCPC will remain in the MDL litigation—at least for now—in connection with the lawsuits originating from Washington, DC, ten days ago, PCPC produced an additional approximately 160,000 pages of scientific materials in response to Plaintiffs' extraordinarily broad document requests.  Those documents do not show relevant contacts with any of the forum states.

14

39729794v.2

will remain in the MDL litigation should be rejected. That request is inconsistent with the Supreme Court's admonition that the interests of the non-resident defendant be protected. *Bristol-Myers Squibb*, 137 S.Ct. at 1780-81.

## CONCLUSION

For the foregoing reasons, PCPC respectfully requests that the Court grant PCPC's motion to dismiss.

Dated: July 5, 2017

Respectfully submitted,

*/s/ Thomas T. Locke, Esq.*
Thomas T. Locke
Rebecca Woods
James Billings-Kang
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, DC  20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
tlocke@seyfarth.com
rwoods@seyfarth.com
jbillingskang@seyfarth.com

Sheryl L. Axelrod
**THE AXELROD FIRM, PC**
The Beasley Building
1125 Walnut Street
Philadelphia, PA  19107
Phone: (215) 461-1768
Facsimile: (215) 238-1779
*saxelrod@theaxelrodfirm.com*

*Attorneys for Defendant
Personal Care Products Council*