UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) |

*THIS DOCUMENT RELATES TO ALL CASES*

### AMENDED MOTION OF THE PLAINTIFFS' EXECUTIVE COMMITTEE FOR ENTRY OF A CASE MANAGEMET ORDER ESTABLISHING STANDARDS AND PROCEDURES FOR COUNSEL WHO IN THE FUTURE WILL BE SEEKING REIMBURSEMENT FOR COMMON BENEFIT FEES AND COSTS AS TO HOW TO REPORT THEIR TIME AND EXPENSES

In response to the Court's questions during the June 20, 2017 conference, the Plaintiffs' Executive Committee ("PEC") hereby files an amended motion for the entry of an Order to provide standards and procedures for counsel who will be seeking, at some point in the future, compensation for their common benefit time and for reimbursement of their common benefit expenses in the case, to report their time and expenses. The entry of such an order provides for an ability for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

Presently, the PEC does not ask the Court to establish an assessment percentage to be levied against cases in this MDL to create a fund by which to compensate counsel for their common benefit time and reimburse counsel their common benefit expenses, nor that the proposed order require counsel to execute a "participation agreement" that will be a pre-requisite to counsel having access to the common benefit work product that is created in this MDL case. The PEC plans to

1

address the issues of the establishment of an assessment percentage, the amount of the percentage, and the form of a participation agreement later.

For present purposes, the PEC seeks to collect from counsel performing common benefit work and expending funds for common benefit purposes the counsel's information about their common benefit efforts, so that the information can be recorded on a contemporaneous basis, and be available for review and audit at a later date.

To facilitate this, the PEC has retained a certified public accountant who has performed work like this in other cases, Alan B. Winikur, CPA of the accounting firm of Zelnick, Mann and Winikur, PC. Mr. Winikur's curriculum vitae is attached to this Motion as Exhibit "A". Mr. Winikur has thus far obtained a tax ID number for a joint account that the PEC established in order that there will be funding available for the payment of "shared costs" to be incurred for the common benefit, and has assisted in the creation of the reporting forms to be used by the attorneys who will be reporting their common benefit time and expenses monthly. The PEC and PSC have voted to fund an account for the payment of "shared expenses." The cost of that funding will be included in each firm's monthly report, along with their report of their "shared costs" and "held costs" incurred for the common benefit. The forms for the monthly reporting are attached hereto as Exhibits "B" and "C", representing the monthly detail report to be submitted, and a cumulative report to be submitted monthly, respectively.

The PEC desires that the common benefit counsel be required to report all historical common benefit time and expenses through July 31, 2017 by August 31, 2017, and will be prepared to discuss this motion if the court so desires at the July 20, 2017 status conference. The request is that the Court will enter the proposed case management order at or soon after the July 20, 2017

conference so that the PEC will be able to circulate it to the counsel so that they can comply with an August 31, 2017 first report date.

The establishment of guidelines for reporting common benefit time and expenses in an MDL case has become commonplace. Indeed, not only have reporting guidelines been established, but an assessment percentage against participating cases is routinely set as well.

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Zyprexa Prods. Liab.*, 594 F.3d 113 (2d Cir. 2010); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. Aug. 4, 2005), *available at* http://www.laed.uscourts.gov/vioxx/Orders/Orders.htm (follow "Pretrial Order No. 19 link).

Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, trial, a potential settlement process, and all other work that advances this litigation to conclusion. Common benefit expenses are the expenses incurred that are associated with the performance of common benefit legal services. As for common benefit expenses, they are routinely defined as those that are "shared expenses" which are ones that were incurred for the common benefit but paid for by a joint litigation account established by the PEC leadership (the account noted above that was established by Mr. Winikur and has begun to be funded), or those that are "held expenses" that are also incurred for the

3

common benefit, but are paid for by the law firm incurring those expenses with the idea they would be reimbursed later from the common benefit fund established through the assessment of cases that produce a fund from a plaintiff verdict or settlement. The differentiation between "shared expenses" and "held expenses" is described fully in the proposed case management order.

    WHEREFORE, the PEC respectfully requests the Court to enter the attached propose Case Management Order that will establish the reporting guidelines for time and expenses by the common benefit counsel.

Dated: July 12, 2017　　　　　　　　　　　Respectfully submitted,

    By: */s/ P. Leigh O'Dell*_____
    P. LEIGH O'DELL
    Beasley, Allen, Crow, Methvin, Portis & Miles, P.C
    218 Commerce Street
    Montgomery, Alabama 36104
    334-269-2343
    leigh.odell@beasleyallen.com

    */s/ Michelle A. Parfitt*
    MICHELLE A. PARFITT
    Ashcraft & Gerel, LLP
    4900 Seminary Road
    Suite 650
    Alexandria, Virginia 22311
    703-931-5500
    mparfitt@ashcraftlaw.com

    **Plaintiffs' Co-Lead Counsel**

    */s/Christopher M. Placitella*
    Christopher M. Placitella
    COHEN PLACITELLA ROTH, PC
    127 Maple Avenue
    Red Bank, NJ 07701
    888-219-3599
    cplacitella@cprlaw.com

    **Plaintiffs' Liaison Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Respectfully submitted,

By: */s/ P. Leigh O'Dell*_____
P. LEIGH O'DELL
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C
218 Commerce Street
Montgomery, Alabama 36104
334-269-2343
leigh.odell@beasleyallen.com

**Plaintiffs' Co-Lead Counsel**