## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) |

*THIS DOCUMENT RELATES TO ALL CASES*

### (Proposed) Case Management Order No. _____

### (ESTABLISHING STANDARDS AND PROCEDURES FOR COUNSEL SEEKING REIMBURSEMENT FOR COMMON BENEFIT FEES AND COSTS)

## I.     SCOPE OF ORDER

This Order is entered to provide standards and procedures for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

### A.     Governing Principles and the Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987); *In re Zyprexa Prods. Liab.*, 594 F.3d 113 (2d Cir. 2010); *In re Vioxx Prods. Liab. Litig.*,

MDL No. 1657 (E.D. La. Aug. 4, 2005), *available at* http://www.laed.uscourts.gov/vioxx/Orders/Orders.htm (follow "Pretrial Order No. 19 link). Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, trial, a potential settlement process, and all other work that advances this litigation to conclusion.

### B.     Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as:  *In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, And Products Liability Litigation*, MDL No. 2738.

This Order further applies to each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court.

### C.     Establishing a Common Benefit Fee and Cost Fund

At the appropriate time the Court will establish a mechanism for creating funds for reimbursing counsel for common benefit costs and awarding common benefit fees.  The following standards and procedures are to be utilized by any counsel seeking reimbursement for common benefit costs and who may seek an award of common benefit fees.

## II.     PLAINTIFFS' COUNSEL'S TIME AND EXPENSE SUBMISSIONS

Reimbursement for costs and/or an award of fees for services of all plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking an award of fees and/or expense reimbursement.

**A.      Time and Expense Reporting Forms**

(1)  The Court hereby adopts two templates for the reporting of time and expenses.

(2)  The time reporting template that is attached to this Case Management Order as Exhibit "A" that is titled "Talcum Powder Marketing, Sales Practices and Product Liability Litigation- Time Detail Worksheet" shall be used by each attorney submitting time that the attorney desires to be considered as common benefit time. Specifically, all counsel shall keep a daily record of their time spent in connection with common benefit work of this litigation, indicating with specificity, the hours reported in one-tenth $(1/10^{th})$ of an hour increments, location and particular activity (such as "conduct of deposition of A.B." or "trial and hearing attendance"). The failure to maintain such records, as well as insufficient description of the activity, may result in a forfeiture of the time that is reported that does not meet these requirements.

(3)  The template that is attached to this Case Management Order as Exhibit "B" that is titled "Case Name: Talcum Powder Marketing, Sales Practices and Product Liability Litigation" which is in an excel template format shall be used by each firm to provide summary information as to the time reported by the firm on a current monthly basis and on a cumulative basis, providing the name of the timekeeper and the code for the type of work performed as well as the timekeeper's professional status and hourly rate information including a calculated lodestar for both the current time period and cumulative time. Page 2 of Exhibit "B" is the portion of the monthly report that shall set forth the expenses incurred by the law firm on both a current monthly basis and the firm's cumulative expenses.

**B.      General Standards**

(1)      All time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Executive Committee ("PEC") or for work that the PEC knows is being incurred without objection by the PEC to the performance of the work.

(2)      These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL No. 2738. Further, any claimant's counsel that may seek at a later date reimbursement of expenses or compensation for common benefit time (including any state court counsel) shall comply with these Time and Expense Guidelines and any submission by such counsel shall be in accordance with this Case Management Order.

(3)     The PEC has retained and the Court approves the retention of Alan B. Winikur, CPA/ABV/CFF a Shareholder in Zelnick, Mann and Winikur, PC to assist and provide accounting services to the PEC, Plaintiffs' Liaison Counsel, the Plaintiffs' Steering Committee ("PSC"), and the Court in MDL No. 2738. Alan B. Winikur will be assisting in compiling submissions and will provide reports to the PEC. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to Alan B. Winikur shall be considered as if submitted under seal.  Alan B. Winikur shall periodically submit to the PEC detailed bills for all services rendered by himself and his firm, Zelnick, Mann and Winikur, PC in connection with this litigation. These bills shall be considered a shared cost, and these bills shall be paid upon approval by the Court.  *See supra* Paragraphs II(C) & (D).

(4)     Time and expense submissions must be submitted timely, on a monthly basis, to Alan B. Winikur electronically at the website set up to handle time/billing submissions at "Johnson & Johnson Talc MDL-2738." It is essential that each firm, on a monthly basis, timely submit its records for the preceding month. All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission.

(5)     The first submission is due on August 31, 2017 and should include all time and expense through July 30, 2017. Thereafter, time and expense records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month. Any time or expense records submitted more than six (6) months in arrears may not be considered or included in any compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval.

**C.     Time Reporting**

(1)     Only time spent on matters common to all claimants in MDL No. 2738 will be considered in determining fees. <u>No time spent on developing or processing any case for an individual client (plaintiff/claimant) will be considered or should be submitted</u>.

(2)     All time must be accurately and contemporaneously maintained. Time shall be kept in accordance with these guidelines.

(3)     All time for each firm shall be maintained in one-tenth (1/10-th) of an hour increments. Failure to do so may result in time being disallowed.

(4)     All time records for each attorney that is recorded on the time reporting template (Exhibit "A") shall be submitted to the Alan B. Winikur website noted above in Section II.A.(4), together with a summary report compiled

by each law firm using the template attached to this Case Management Order as Exhibit "B" of the total member firm time broken down by each timekeeper and with a description of the task performed as set forth in the template reflecting the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period. The summary report shall be uploaded to the "Johnson & Johnson Talc MDL-2738" website established by Alan B. Winikur.

(5)     The summary report form shall be certified by a senior partner of the submitting firm each month attesting to the accuracy and correctness of the monthly submission.

**D**.     **Expense Reporting**

(1)     Advanced costs will be deemed as either "Shared" or "Held."  Both Shared and Held Costs are those incurred for the common benefit of this MDL No. 2738 as a whole; no individual client-related costs will be considered as Shared or Held Costs.

(2)     Until the Court establishes a Common Benefit Cost Fund, Shared Costs will be paid out of a separate PEC-MDL 2738 Fund account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the PEC, the PSC, and Plaintiffs' Liaison Counsel. The PEC-MDL 2738 Fund account has been established at PNC Bank with an account title of: "Talc MDL Litigation Account." The Talc MDL Litigation Account will be jointly administered by Plaintiffs' Liaison Counsel, Christopher M. Placitella, Esquire, and Plaintiff Steering Committee members, Laurence S. Berman, Esquire and Sindhu S. Daniel, Esquire. Laurence S. Berman's law office shall be the custodian of the account. Co-Lead Counsel Michelle A. Parfitt, Esquire and P. Leigh O'Dell, Esquire shall have oversight authority for the account.

(3)     Held Costs are those that will be carried by each attorney in MDL No. 2738 and reimbursed as and when determined by the Court.

(4)     Each member of the PEC, the PSC and Plaintiffs' Liaison Counsel will contribute to the PEC-MDL No. 2738 Fund at times and in amounts sufficient to cover the administration of this MDL No. 2738. The timing and amount of each assessment will be determined by the PEC.

**E**.     **Shared Costs**

(1)     Shared Costs are costs incurred for the common benefit of this MDL No. 2738 as a whole. No individual client-related costs can be considered as Shared Costs. All costs of a substantial nature that are for the common benefit of this MDL No. 2738 and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the PEC-MDL No. 2738 Fund account (Talc

MDL Litigation Account), until the Court establishes a Common Benefit Cost Fund. All Shared Costs must be approved by the PEC prior to the cost being incurred and prior to payment, or be of a nature that the PEC is aware that the costs are being or are to be incurred and there is no objection by the PEC to the costs being incurred.  Shared Costs include:

  a.      Court filing and service costs;
  b.      Deposition and court reporter costs;
  c.      Document Depository: creation, operation, staffing, equipment and administration;
  d.      Plaintiffs' Liaison Counsel's administrative costs involving such matters as: expenses for equipment, technology, courier services, long distance, conference calls, tele-copier, electronic service, postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.);
  e.      PEC group administration matters such as meetings and conference calls;
  f.      Legal and accountant fees;
  g.      Expert witness and consultant fees and expenses;
  h.      Printing, copying, coding, shipping, scanning (both in and out of house or extraordinary firm cost);
  i.      Research by outside third party vendors/consultants/attorneys;
  j.      Common witness expenses including travel;
  k.      Translation costs;
  l.      Bank or financial institution charges;
  m.      Investigative services;
  n.      Claims Administrator charges;
  o.      Special Master charges;
  p.      CPA's charges.

(2)      The PEC or a member of the PSC or Plaintiffs' Liaison Counsel, as the PEC shall direct, shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel, the PEC, the PSC, Plaintiffs' Liaison Counsel and other counsel claiming to be performing common benefit work and incurring common benefit expenses, reimbursement procedures and the forms associated therewith. Any request for payment must include sufficient information to allow the PEC and Alan B. Winikur to account properly for the costs incurred and for the request for reimbursement, and to provide adequate detail to the Court when requested by the Court.

**F.      Held Costs**

(1)      Held Costs are costs incurred for the global benefit of this MDL No. 2738. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs

can be considered as Held Costs. All costs of a substantial nature that are for the common benefit and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PEC and the Court for future reimbursement.

    a.    Telefax charges
    b.    Postage, shipping, courier, certified mail
    c.    Printing and photocopying (in-house)
    d.    Computerized research - Lexis/Westlaw
    e.    Telephone - long distance (actual charges only)
    f.    Travel - pursuant to Travel Limitations set forth below, including travel for counsel to attend depositions, court or legislative matters.
        i    Airfare
        ii    Reasonable ground transportation
        iii    Hotel
        iv    Reasonable meals and entertainment
        v    Reasonable other (parking)
        vi    Car rental, cabs, etc.

**G**.    **Travel Limitations**

Except in extraordinary circumstances approved by the PEC, PSC or Plaintiffs' Liaison Counsel all travel reimbursements are subject to the following limitations:

(1)    **Airfare**. Only the lowest-price available coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, business class airfare shall be allowed for flights that exceed four-hours non-stop flight time or international flights. This provision applies to non-stop flights and shall apply to flights in excess of four hours based upon combined flight time for multiple segments. Airfare expense submissions must be supported by an invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination. If an invoice or receipt is not available, a canceled check or credit card statement may be submitted provided an Affidavit from the traveler is also submitted stating that the expense was for coach airfare, within the limitations of this Case Management Order, and that the trip was for common benefit. If first class if flown and only coach fare is reimbursable, proof of applicable coach fare shall be submitted.

(2)    **Hotel**.  Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels (or comparable) in that city. Hotel expense submissions must be supported by a hotel issued receipt. By way of example, in the event a hotel is required in a city where the usual room rate for a Hyatt, Hilton, Starwood, Marriott, Westin or comparable hotel in that city exceeds $300 per night (e.g., New York

City), then the amount of the hotel expense will be reimbursed even though it may exceed the $300 per night excluding taxes cap, provided the hotel stay was in a Hyatt, Hilton, Starwood, Marriott or comparable hotel. In the event the booking of a hotel had to occur on a last-minute basis, and a room was not available in a Hyatt, Hilton, Starwood, Marriott or comparable hotel, and the room rate for the hotel that was utilized exceeded $300 per night excluding taxes, upon showing of the necessity for obtaining the room under such circumstances, the hotel room expense will be reimbursed.

(3)   **Meals**. Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal. Meal expenses should not include alcohol.

(4)   **Cash Expenses**. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5)   **Rental Automobiles**. Luxury automobile or limousine rentals will not be fully reimbursed. If luxury automobiles or Limos are selected, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances and airport. The use of hired limousines is discouraged.

(6)   **Mileage**. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently (calendar year 2017) 53.5 cents per mile).

**H**.   **Non-Travel Limitations**

The following apply:

(1)   **Long Distance and Cellular Telephone**: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

(2)   **Shipping, Courier, and Delivery Charges**: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3)     **Postage Charges**: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(4)     **Telefax Charges**: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

(5)     **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

(6)     **Computerized Research - Lexis/Westlaw**: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.  If any bulk rate or reduced rates are applicable, the lowest cost incurred by the firm shall be charged.

III.     **PROCEDURES TO BE ESTABLISHED TO IMPLEMENT AND CARRY OUT THE TIME AND EXPENSE SUBMISSIONS REQUIRED BY THE COURT AND NECESSARY TO COMPILE AND MAINTAIN THE RECORDS**

Alan B. Winikur has established forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records. These forms are attached hereto as Exhibits "A" and "B" and are available in electronic format from Alan B. Winikur upon accessing the website he has established for reporting time and expenses. The website shall be user word and password protected.  Exhibit "A" shall be the form to be submitted on a monthly basis showing the specific common benefit work performed during the month, while Exhibit "B" shall be the form to be submitted on a monthly basis showing the cumulative common benefit work performed as well as the common benefit expenses incurred on both a current and cumulative basis.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to:  Michelle A. Parfitt, Esquire, P. Leigh O'Dell, Esquire as Co-Lead Counsel, or to Laurence S. Berman, Esquire as a member of the PSC and the Administrative Sub-Committee established to, *inter alia,* manage the time and expense reporting.

**Approved by the Court this _____ day of _____, 2017.**

_____

**Hon. Freda L. Wolfson, U.S.D.J.**

# Exhibit A

**TALCUM POWDER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION**

**Time Detail Worksheet**

| Firm: | | | | |
|---|---|---|---|---|
| **Timekeeper Name** | **Date** | **Hours** | **Description** | **Category** |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Categories**

| | |
|---|---|
| 1 | Pleadings, Motions, Briefs & Legal Research |
| 2 | Preparing & Responding to Discovery Requests |
| 3 | Factual Research and Document Analysis |
| 4 | Expert Work |
| 5 | Depositions (Including Preparation) |
| 6 | Officially-Called Meetings of Counsel |
| 7 | Common Benefit Case Management |
| 8 | Court Appearances |
| 9 | Trial Preparation & Trial |
| 10 | Appeals |
| 11 | Settlement |

# Exhibit B

**CASE NAME:  TALCUM POWDER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION**

**REPORTING PERIOD:**

**FIRM NAME:**

| SUMMARY TIME REPORT<br><br>Timekeeper Name | Professional Status* | Current Hourly Rate | 1: Pleadings, Motions, Briefs & Legal Research | 2: Preparing & Responding to Discovery Requests | 3: Factual Research and Document Analysis | 4: Expert Work | 5: Depositions (Including Preparation) | 6: Officially-Called Meetings of Counsel | 7: Common Benefit Case Management | 8: Court Appearances | 9: Trial Preparation & Trial | 10: Appeals | 11: Settlement | CURRENT TIME REPORTED |  | CUMULATIVE TIME REPORTED |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | Hours | Hours x Hourly Rate | Hours | Hours x Hourly Rate |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | - | 0.00 | - |
| **TOTALS** |  |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | - | 0.00 | - |

*Professional Status:        P-Partner        A-Associate        OC-Of Counsel        PL-Paralegal        LC-Law Clerk

| EXPENSE REPORT | | |
|---|---|---|
| **Category** | **Current Expenses** | **Cumulative Expenses** |
| Assessments | | - |
| Commercial Copies | | - |
| Computerized Research (Westlaw, Lexis, etc.) | | - |
| Court Reporters/Transcripts | | - |
| Expert Services | | - |
| Facsimile | | - |
| Filing & Service Fees | | - |
| In-House Copies | | - |
| Long Distance Telephone | | - |
| Postage/Express Delivery | | - |
| Travel/Meals/Lodging | | - |
| Miscellaneous (Describe) | | - |
| | | - |
| | | - |
| | | - |
| | | - |
| **TOTAL EXPENSES:** | **-** | **-** |

Enter additional pertinent information
regarding your Time and/or Expenses here:

| RECAP OF CUMULATIVE TOTALS | |
|---|---|
| **TOTAL CUMULATIVE HOURS TO DATE** | - |
| **TOTAL CUMULATIVE FEES TO DATE** | $ - |
| **TOTAL CUMULATIVE EXPENSES TO DATE** | $ - |
| **TOTAL CUMULATIVE FEES AND EXPENSES TO DATE** | $ - |