**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------

IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION

:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 3:16-md-2738-FLW-LHG

MDL No. 2738

---------------------------------------------------

**PROPOSED JOINT AGENDA AND REPORT
FOR July 20, 2017 STATUS CONFERENCE**

## I.   STATUS OF DISCOVERY

### a.  Johnson & Johnson Defendants

Discovery Taken/Requested/Set since Last Case Management Conference:

**Custodian List:**  The Johnson & Johnson Defendants have collected and are reviewing available records that have not been previously produced from the custodians identified by Plaintiffs' counsel and which Defendants agree should be collected.  Defendants anticipate being able to produce these documents within the next thirty (30) days on a rolling basis.  The first set was produced on July 14, 2017.

Plaintiffs have requested documents for three additional custodians. Defendants have agreed to collect and review documents for these custodians and will produce any resulting responsive documents.

**Pared Down Discovery:** On June 16, 2017, Plaintiffs served each of the Johnson & Johnson Defendants with 59 Requests for Production with 67 subparts and 67 Interrogatories with 143 subparts.  The Johnson & Johnson Defendants

object to the size and breadth of these discovery requests and will ask the Court to strike them.

As indicated during the May status conference, the PSC informally provided all defendants, including the Johnson & Johnson defendants, with pared back discovery requests from those initially served in January 2017. Plaintiffs' position is that like it had done with the other defendants, including Imerys, the PSC pared back its discovery substantially to focus on issues relating to general causation. The Johnson & Johnson Defendants' position was that the discovery requests sent were overbroad and not focused on general causation. The PSC and Johnson & Johnson defendants had a meet-and-confer. Plaintiffs' position is that when it became clear that the PSC's informal attempts to narrow the scope of dispute would not be successful, the PSC served separate discovery on both Johnson & Johnson defendants on June 16, 2017.

With respect to interrogatories, the PSC reduced the number of questions to Johnson & Johnson from 127 to 67. With respect to Requests for Production, the PSC reduced the number of requests from 172 to 59. The PSC similarly pared back its discovery against Johnson and Johnson Consumer, Inc. (JJCI).

On July 14th, Defendants sent the PSC a letter indicating that they would refuse to answer 28 of 62 interrogatories for each defendant and 18 of 58 requests for production, as the Johnson & Johnson Defendants' position is that these are not related to general causation or "science". They further indicated that they will request that these pared down discovery requests be stricken.

**Depositions:** In addition to the written discovery, Plaintiffs have provided the Johnson &Johnson Defendants with a list of four (4) witnesses who they would like to depose during the first wave of depositions and which to begin after documents are produced in August. These requests were made by the PSC on June 16th. These Johnson & Johnson deponents, none of which have been deposed before in the talcum powder litigation, with the witnesses' title, are:

1.   Charles Wajszczuk:  Senior Director, product safety
2.   Homer Swei:  Associate Director, Product Stewardship
3.   Nancy Musco:  Product Director
4.   Timothy McCarthy:  Director, Office of Safety and Toxicology

The Johnson & Johnson Defendants responded to the PSC's request on July 14th. The Johnson & Johnson Defendants object to these depositions as beyond the

scope of discovery needed to progress to *Daubert* hearings. The PSC requests that the Court compel these witnesses to appear for deposition after documents are produced in August.

### b.  Imerys Talc America, Inc.

**Pared Back Discovery:**  As it had done with the J&J defendants, the PSC informally provided Imerys with pared back discovery requests. The PSC's reduced discovery requests substantially to scientific issues.  After a successful meet and confer in which most objections were discussed and resolved, the PSC served its discovery requests on Imerys  With respect to interrogatories, the PSC reduced the number of questions to Imerys from 108 to 49.  With respect to Requests to Produce, the PSC reduced the number of requests for production from 152 to 39.

It is expected that Imerys will provide responses to the PSC's requests, preserving all objections.

**Depositions:**  In addition to the written discovery, plaintiffs have provided the Imerys with a list of four (4) witnesses who they would like to depose during the first wave of depositions which are to begin after documents are produced in August.  These requests were made by the PSC on June 16.  These depositions, with the witnesses' title, are:

1. Eric Turner:  Vice President, HSE/Sustainability
2. Jocelyn Ferret:  Product Stewardship and Analytical Lab Manager
3. Julie Pier:  Analytic Expert
4. Ed McCarthy:  Scientist

The PSC has not yet received dates for these witnesses' depositions.  These witnesses have not been deposed previously in the talcum powder litigation.

### c.  Personal Care Products Council

On June 23, 2017, PCPC produced its responses and objections to Plaintiffs' First Document Requests.  PCPC is currently in the process of responding to Plaintiffs' First Interrogatories, which it anticipates completing by early August.

### d. **Third Party Subpoenas**

On July 14, 2017, Plaintiffs sent Defendants revised versions of subpoenas to third parties Brenntag Specialties, Colgate, Colorado School of Mines and Whittaker Clark & Daniels. The parties have met and conferred twice and have reached agreement on all but two issues: 1.) the discovery of documents related to the third party communications with Defendants regarding the actions of foreign regulatory bodies relative to the safety of talcum powder used in Johnson & Johnson's Baby Powder and Shower to Shower products; and 2.) Plaintiffs' request to third parties for invoices, bills of lading and other documents containing lot numbers or other identifying information for raw talcum powder.

Plaintiffs seek information and communications between Defendants and 3rd parties regarding the discussions with and actions of foreign regulatory bodies relative to the safety of talc. Plaintiffs' position is that these communications are relevant to general causation as they relate to Defendants knowledge of the health hazards that may be associated with the use of Johnson's Baby Powder and Shower-to-Shower products. Secondly, bills of lading, invoices, and other documents identifying specific lots of talc are relevant to the source and testing of the talc, both of which are clearly relevant to general causation. Discovery of both types of documents are well within the scope of discovery as outlined by the Court.

Defendants' position is that documents regarding a third party's communications with foreign regulatory bodies who have different regulations and guidelines are irrelevant, prejudicial and beyond the scope of discovery in this litigation. Defendants object to discovery of documents regarding foreign regulatory bodies. As to Plaintiffs' attempts to request business documents from third parties such as invoices, etc., it is Defendants' position that Plaintiffs' requests go well beyond the scope of general causation (i.e. – the requests would not assist the Court in answering the question "does talc cause ovarian cancer?").

## II.   STATUS OF DISCOVERY ORDERS

### Pathology Protocol

The Pathology Protocol will be submitted to the Court on July 18, 2017.

4

## III.   *BRISTOL-MYERS* RULING

The parties have been meeting and conferring per the Court's instruction regarding cases that have been impacted by the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County, et al.,* 582 U.S. ____ (June 19, 2017).  The Johnson & Johnson Defendants have proposed the following concept to Plaintiffs' counsel and counsel for Imerys, subject to further discussion and working out additional details:

> As to any claim potentially subject to dismissal on personal jurisdiction grounds, Defendants would agree to toll the limitations period on that claim for the period the original case was pending, provided that the claim is "re-filed" in the MDL through the existing short-form complaint protocol.  The re-filed complaint would be subject to the direct-filing order entered in the MDL proceeding, such that the plaintiff would need to designate the federal district court to which the case would be remanded for trial upon completion of the MDL proceeding.  Consistent with the direct-filing order, Defendants would retain their right to challenge the designated remand district on personal jurisdiction, venue, or other grounds.  This proposal would be limited to cases currently pending in or transferred to the MDL proceeding during the pendency of the offer (without prejudice to extending to others).  There would be a deadline for accepting the offer.

The parties are considering this proposal and will provide an update on their status at the conference.

## IV.   MOTION TO STRIKE

On June 20, 2017, the Johnson & Johnson Defendants filed a motion to strike the privileged attorney-client work product Mehaffey Weber Memo, which was filed under seal but attached to Plaintiffs' Opposition to Defendants Motion to Dismiss in *Harders, et al. v. Johnson & Johnson, et al.*, Docket No. 3:17-cv-726. Briefing on the motion to strike is complete.  Defendants would like to discuss this motion at the conference.

## V.  *DAUBERT* HEARING

Defendants request that the Court set a specific date for *Daubert* hearings. Plaintiffs' position is that they have not received the requested discovery relating to general causation and that the issue of when a *Daubert* hearing should be scheduled is not yet ripe, a fact which the Court pointed out during the June 21, 2017 status conference.

## VI.   REPORT ON THE FEDERAL COURT DOCKET

As of July 14, 2017:

**a.** There are currently 524 cases pending in the MDL in which the Johnson & Johnson Defendants have been served (and have opened case nos.), totaling 2036 Plaintiffs (including 1919 Plaintiffs in 24 multi-plaintiff cases from cases removed from Missouri state court, 15 Plaintiffs in *Lovato* removed from New Mexico state court, 2 Plaintiffs in *Robb* removed from Oklahoma state court and 15 plaintiffs from the *Crenshaw* case from the Middle District of Georgia).

**b.** There are currently 26 multi-plaintiff cases removed from Missouri state court and currently pending in the Eastern District of Missouri, discussed below, that the JPML has not yet considered (totaling 1919 plaintiffs).  In total, including those 26 multi-plaintiff cases pending in the Eastern District of Missouri, there are 3336 plaintiffs from multi-plaintiff cases filed in Missouri.

The following 26 cases removed from Missouri state court are pending in the Eastern District of Missouri and are assigned to various judges as noted below:

**Judge Henry E. Autrey**

1. Evelyn Austin, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01848 (CTO-48)

2. Curtis Buchek, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01850 (CTO-48)

**Magistrate Judge John M. Bodenhausen**

3. Raymond Schmitz, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01860 (CTO-48)

4. Karen Thompson, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01654 (CTO-44)

**Judge Jean C. Hamilton**

5. Tiffany Hogans, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01842 (CTO-48)

6. Lesa M. Moore, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01856 (CTO-48)

**Judge Stephen N. Limbaugh Jr.**

7. Brenda Reppell, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01858 (CTO-48)

8. Gail Lucille Ingham, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01857 (CTO-48)

9. Robert Swann, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01845 (CTO-48)

10. Glen Livaudais, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01851 (CTO-48)

11. Jerie Rhode, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01554 (CTO-42)

12. Anna Gallardo, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01601 (CTO-43)

**Judge Catherine D. Perry**

13. Tenesha Farrar, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01854 (CTO-48)

14. Charmel Rice, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01224 (CTO-29)

**Judge John A. Ross**

15. Joann Anglin, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01844 (CTO-48)

16. Vickie Forrest, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01855 (CTO-48)

17. Janene Timms, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01859 (CTO-48)

18. Peggy Dunn, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01846 (CTO-48)

19. Donna McNichols, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01473 (CTO-39)

20. Sharon McBee, et al. v. Johnson & Johnson et al., Case No.: 4:17-cv-01496 (CTO-39)

**Judge Rodney W. Sippel**

21. Mabel Hall, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01843 (CTO-48)

22. Alice McCullen, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01852 (CTO-48)

23. Leewing Loyd, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01853 (CTO-48)

**Judge E. Richard Webber**

24. Tracey Yvette Young, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01861 (CTO-48)

25. Rebecca Jinright, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01849 (CTO-48)

**Judge Ronnie L. White**

26. Lillie Lewis, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01847 (CTO-48)

c. There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL but would not greatly affect the number absent the plaintiffs in the multi-plaintiff cases.

## VII.    STATE COURT LITIGATION

As of July 14, 2017:

**California:** There are 151 cases with 724 plaintiffs in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson. Sargon (the state court equivalent of *Daubert*) science hearings have been held and the parties will report on the Court's rulings. The Court issued a tentative ruling granting summary judgment in favor of Imerys in the first trial case on the basis that it cannot be held liable under California law for negligence, defective design or any other of the causes of action pled by Plaintiffs, but a final order has not yet been entered. Imerys has been dismissed from the trial case in its entirety. Trial is set to begin on July 18, 2017.

**Delaware**: There are currently 65 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of

9

the Delaware cases have been consolidated before the Hon. Charles E. Butler. On January 19, 2017, the Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017, the Johnson and Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. Briefing on the motion for protective order was completed on April 17, 2017 and is awaiting an argument date.

**Missouri:** There are currently no cases pending in the 22nd Judicial Circuit Court, St. Louis (City), Missouri. The cases that remained pending in St. Louis were recently removed to the Eastern District of Missouri on June 29, 2017. Trial in the case of *Blaes, et al. v. Johnson & Johnson, et al.* before Judge Rex Burlison began June 9, 2017 (individual claims filed in the multi-plaintiff *Valerie Swann* matter). On June 19, 2017, the Court granted Defendants' Motion to Mistrial in the *Blaes, et al.* case following the United States Supreme Court's decision issued in *Bristol-Meyers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) that same day. Trial in the case of *Slemp v. Johnson & Johnson, et al.* resulted in a Plaintiff verdict on May 4, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Post-trial motions were filed. Appeals are pending from judgments entered in the *Jacqueline Fox, Gloria Ristesund,* and *Deborah Giannecchini* cases (individual claims filed in the multi-plaintiff *Tiffany Hogans* matter).

Additionally, on July 11, 2017, the Missouri Supreme Court issued Orders denying the Johnson & Johnson Defendants and Imerys' pending petitions for writs of prohibition regarding dismissal of non-Missouri plaintiffs' claims related to the *Valerie Swann* matter. The Missouri Supreme Court "denied [the petitions] without prejudice to filing a motion in circuit court to dismiss nonresident plaintiffs based on the opinion of the Supreme Court of the United States in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), which is dispositive on the issue."

**New Jersey:** There are currently 223 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, with the exception of cases where *in extremis* plaintiffs have chosen to proceed for the limited purpose of preserving their

testimony in anticipation of their death.   The briefing on the appeals is now complete.

**District of Columbia**:  There is one case pending in Superior Court of the District of Columbia: *Lori Oules v. Johnson & Johnson , et al.* (2014 CA 8327B) which is pending before Judge Brian Holeman. The *Oules* case is set for trial on April 30, 2018.

**Florida:**  There is one case pending in Miami-Dade County, Florida before Judge Rodolfo Ruiz.  There is one case pending in Volusia County, Florida before Judge Michael A. Robinson.

**Georgia:**  There is one case pending in state court in Fulton County, Georgia before Judge Jane Morrison.

**Illinois:** There are three cases pending in Madison County, Illinois state court before Judge William Mudge, and there is one case pending in Cook County, Illinois and one case pending in McLean County, Illinois.

**Pennsylvania:**  There is one case pending in state court in Allegheny County, PA before Judge Robert Colville.

## VIII.   STATUS OF PENDING MOTIONS

    **a.** On July 6, 2017, the parties provided the Court with a list of terminated motions involving personal jurisdiction issues based on the discussion at the June 21, 2017 Case Management Conference.  For the status of remaining motions pending in individual cases, please see Exhibit 1 attached to this Joint Report.

    **b.** On July 14, 2017, the Court granted the Johnson & Johnson Defendants' motion to dismiss in the *Estrada* Consumer Class case and dismissed the First Amended Complaint in its entirety. The Court gave the Consumer Class Plaintiffs thirty days to amend their complaint consistent with the Court's Order.  No other motions are pending with regard to the Consumer Class Cases.

    **c.** Personal Care Products Council's motion to dismiss is currently pending.  Briefing is complete.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone:  713-227-8008
Facsimile:  713-227-9508
Email:  gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Lorna A. Dotro*
Lorna A. Dotro
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone:  973-631-6016
Facsimile:  973-267-6442
Email: ldotro@coughlinduffy.com

*s/Sheryl Axelrod*
Sheryl Axelrod
THE AXELROD LAW FIRM, PC
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone:  215-461-1768
Facsimile:  215-238-1779
Email: saxelrod@theaxelrodfirm.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone:  703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

**EXHIBIT 1**

**STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Bridget McBride v. Johnson & Johnson, et al.* | 3:16-cv-07891 | Plaintiff's Motion to Remand filed December 16, 2016.  Fully briefed. |
| *Paul Feldman, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03163 | Plaintiff's Motion to Remand filed May 18, 2017.  Fully briefed. |
| *Freddie Landrum, et al. v. Johnson & Johnson, et al.* | 3:17-cv-04032 | Johnson & Johnson Defendants Motion to Dismiss filed July 6, 2017. |

89647904.1

14