# DrinkerBiddle&Reath LLP

Susan M. Sharko
973-549-7350 Direct
973-360-9831 Fax
Susan.Sharko@dbr.com

Law Offices

600 Campus Drive
Florham Park, NJ
07932-1047

(973) 549-7000
(973) 360-9831 fax
www.drinkerbiddle.com

A Delaware Limited
Liability Partnership

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

August 9, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Honorable Lois H. Goodman
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re: **JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**
> Case No. 3:16-MD-02738-FLW-LHG

Dear Judge Wolfson and Judge Goodman:

On behalf of Defendants, Johnson & Johnson and Johnson & Johnson Consumer Inc. (the "J&J Defendants"), we are writing to request a conference call today or tomorrow with Your Honors and Plaintiffs' counsel to discuss an urgent matter regarding the fair allocation among thousands of litigants in these actions and others for destructive testing of a limited number of artifacts that may contain evidence related to the claims pertaining to Johnson's® Baby Powder. These artifacts are owned and in the possession of the J&J Defendants in New Brunswick and former employee of the J&J Defendants, Dr. John Hopkins.

Andrew B. Joseph
Partner responsible for
Florham Park Office

We have notified liaison discovery counsel for Plaintiffs (Leigh O'Dell) that we would make this request today. Ms. O'Dell does not agree that this issue should be put before the Court at this time and objects to having a conference call. All Plaintiffs' counsel in this litigation are copied here by ECF.

Based on discovery demands and statements made by Plaintiffs' counsel, it is certain that, if produced, these artifacts would be the subject of destructive testing, the results of which plaintiffs contend may be evidence and, further, plaintiffs contend may be used to support expert witness testimony in this litigation and in thousands of pending

Established 1849

DrinkerBiddle&Reath

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson
Honorable Lois H. Goodman
August 9, 2017
Page 2

actions and future actions here and in courts across the country. It is equally clear that there is not nearly enough of the subject materials available to satisfy all of the anticipated demand for production and destructive testing.

We respectfully request the intervention of this Court to prevent a nationwide rush for first-come, first-served orders for production and destructive testing that will deplete the materials long before the needs of all litigants can be met. Under Rule 26 (c) as to the litigants in this MDL and, further, by reason of the location of the majority of the artifacts in New Jersey and the operation of the applicable interpleader statutes and rules, Your Honor has jurisdiction and the authority to intervene and act to prevent the manifest injustice of the threatened immediate and irreparable injury to thousands of claimants alleging talc injury and defendants, including the J&J Defendants.

Some background: The artifacts in question include 92 containers bearing labels that indicate they once did or were intended to contain Johnson's® Baby Powder. They are owned by Johnson & Johnson and are stored in the Johnson & Johnson Museum located at the company's headquarters under lock and key in a controlled physical environment. Identifying data on the subject containers indicate that the containers date to various times over the last 125 years and relate to various locations around the world. Some appear to contain materials, but the exact composition of these materials is not known to the J&J Defendants.

Indeed, much is unknown about the subject containers, including whether any of them actually contain Johnson's® Baby Powder, talc-based material or anything else. The subject containers located in New Brunswick were obtained by the Johnson & Johnson Museum from a variety of sources, including donations from consumers and employees in unknown locations and at unknown times. The specific sources of the subject containers are unknown. Thus, the conditions under which the containers were maintained, used or stored before their possession by the Johnson & Johnson Museum are unknown. As a result, there is no way to verify the chain of custody, usage or storage particulars for any of the subject containers and the materials that may or may not be contained therein.

Former J&J Defendant employee, Dr. John Hopkins, is also in possession of an undetermined quantity of Johnson's® Baby Powder containers spanning various periods of time. These containers were obtained from the J&J Ltd. Museum in England upon decommissioning. Like the containers in the J&J New Brunswick museum, the exact composition of these materials is not known to the J&J Defendants, nor is the chain of custody determinable prior to the time the containers arrived at the J&J Ltd. Museum.

DrinkerBiddle&Reath

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson
Honorable Lois H. Goodman
August 9, 2017
Page 3

Against this backdrop, we respectfully request that Your Honor set a briefing schedule on an emergent application for protective and injunctive relief by which the Court would assume control and constructive possession and custody of the subject containers while they remain in the actual possession and custody of the Johnson & Johnson Museum and Dr. Hopkins, pending the appointment of a committee of counsel in this litigation to recommend a process for the orderly and equitable distribution of the containers among all interested parties and, in the interim, enjoining pursuant to 28 U.S. Code § 2361 all parties in this and all other talc-injury actions from instituting or prosecuting any proceeding in any federal or state court in any jurisdiction affecting the subject containers pending the entry of a final order or judgment in this cause.

We appreciate Your Honors' consideration of the foregoing, and we look forward to notification by the Court of a time for the requested conference call.

Respectfully,

/s/ Susan M. Sharko

Susan M. Sharko

/s/ Julie Tersigni

Julie Tersigni

cc: All Counsel of Record via ECF
P. Leigh O'Dell (via ECF and Electronic Mail)
Michelle Parfitt (via ECF and Electronic Mail)
Christopher Placitella (via ECF and Electronic Mail)

89820261.1