

218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA 36103-4160
(334) 269-2343
(800) 898-2034
FAX: (334) 954-7555
BEASLEYALLEN.COM

August 10, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

    Re: *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*
       MDL No. 2738

Dear Judge Wolfson and Judge Goodman:

  Plaintiffs are in receipt of Defendants Johnson & Johnson and Johnson Consumer, Inc.'s letter to the Court, dated August 9, 2017. Without filing a formal motion, or even articulating the appropriate legal standards, Defendants request that the Court enjoin <u>all</u> parties in <u>all talc-related actions in all federal and state proceedings</u> (including cases involving mesothelioma and other injuries) from any efforts to obtain samples of its Baby Powder and Shower-to-Shower products. The unsubstantiated request is contrary to the law, and any action by the Court regarding samples of Defendants' products would be premature at this time.

  Plaintiffs in this MDL have not yet requested the production of samples. However, Plaintiffs anticipate that the testing of samples will be required and have so indicated to Defendants. Plaintiffs are discussing this issue with their experts, but decisions have not yet been made regarding, *inter alia,* the types of testing to be performed, the number of tests necessary, or the amount of product per sample that will be required.

  Kat Frazier, counsel for Defendants, contacted the undersigned and represented that there was a state court mesothelioma case in which samples had been requested. As the undersigned conveyed to Ms. Frazier, Plaintiffs' counsel is not involved in that proceeding. Plaintiffs' counsel is not familiar with the requests for samples that have been made in that proceeding. Plaintiffs' counsel is not aware of the procedural posture of the case or any motion practice that may be ongoing in relation to requests for samples.

Honorable Freda L. Wolfson, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
August 10, 2017
Page 2 of 3

  Defendants suggest that this matter regarding product samples is urgent because it relates to the "fair allocation among thousands of litigants." Defendants allude to the possibility that individual plaintiffs in the MDL would be required to conduct their own testing of samples. This is simply not the case. Any testing that may ultimately be conducted by the Plaintiff's Steering Committee would be undertaken for the benefit of all plaintiffs with cases pending in the MDL, consistent with the purpose of creating an MDL and appointing a Plaintiff's Steering Committee.

  Defendants suggest that there will be a "nationwide rush for first-come, first-served orders" for production of samples and destructive testing. Defendants have made no showing as to any requests that are pending, other than <u>one</u> request in an unspecified state court proceeding that does not involve ovarian cancer. Defendants have made no showing that the contemplated testing is destructive.

  Defendants have put forth no evidence to establish the inventory of the product samples available for testing. Defendants have put forth no evidence of the size of the individual samples. Defendant have put forth no evidence regarding the sources of the talc contained in the product samples. In their letter, Defendants reference their Baby Powder product, but fail to mention their Shower-to-Shower product.

  In order Plaintiffs to have adequate information to formulate requests regarding samples, Defendants should produce evidence and information regarding the samples that are available, the source of the talc in the sample products, the manufacturing date, the amount of material available in the sample, information regarding the storage of the sample, and the results of any testing previously performed on the sample. The attached exhibits to this letter suggest that the information contained in Defendants' letter is either inaccurate, or at best, incomplete. *See* Exs. A and B (submitted *in camera*). A 30(b)(6) deposition may be necessary to address the discrepancies.

  Defendants' letter is an improper, unsubstantiated, All Writs Act-type effort to enjoin all federal and state court proceedings involving their talcum powder products. Not only is a letter an inappropriate procedural vehicle for seeking such relief, Defendants fail to meet the high burden of establishing that such extraordinary relief is warranted. As Plaintiff's counsel conveyed to Ms. Frazier during the brief call prior to this letter being filed, this issue is not properly before the Court and a conference call with the Court on the issue at this time would be premature.[1]

---

[1] The Plaintiffs' Steering Committee reserves the right to file a fulsome substantive opposition if Defendants should file a formal motion.

Honorable Freda L. Wolfson, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
August 10, 2017
Page 3 of 3

                              Respectfully submitted,

                              BEASLEY, ALLEN, CROW, METHVIN,
                              PORTIS & MILES, P.C.

                              */s/ P. Leigh O'Dell*

                              P. Leigh O'Dell
                              Co-Lead Counsel

cc:     Michelle A. Parfitt, Co-Lead Counsel.
         Christopher M. Placitella, Plaintiffs' Liaison Counsel
         Plaintiffs' Steering Committee
         All Counsel of Record via ECF
         Susan M. Sharko (via ECF and Electronic mail)
         Julie Tersigni (via ECF and Electronic mail)