

218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA 36103-4160
(334) 269-2343
(800) 898-2034
FAX: (334) 954-7555
BeasleyAllen.com

August 21, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

    Re: *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*
       MDL No. 2738

Dear Judge Wolfson and Judge Goodman:

  Plaintiffs are in receipt of your letter of August 18, 2017 (Doc. 482). We want to take this opportunity to apologize for any unintended offense caused by our own letter of August 18, 2017, wherein we objected to the appointment of the Hon. Joel Pisano as master in these proceedings and offered the names of three retired female jurists as candidates. We certainly agree with the Court that Federal Rule of Civil Procedure 53 places no litmus test—gender or otherwise—on the appointment of masters. Plaintiffs put forth Judges Marina Corodemus, Shira A. Scheindlin and Diane M. Welsh because they are exemplary former judges who have successfully handled discovery matters in complex cases and have earned reputations for excellence and efficiency.

  We seek through this letter to further explain many of the considerations behind our objection to Judge Pisano and proffer of additional candidates. Respectfully, we further ask that the Court reconsider its decision to appoint Judge Pisano as special master without further proceedings and a record of the same.

  At the time of our objection on Friday, August 18, Judge Pisano had not provided a *curriculum vitae* or an affidavit made pursuant to Rule 53(b)(3). Without reviewing Judge Pisano's disclosures, we were and continued to be reluctant to object or urge that he should be disqualified. Nevertheless, we are very concerned that Judge Pisano's association with the Walsh Pizzi O'Reilly Falanga firm raises serious questions concerning his ability to serve. We note that during Judge Pisano's association, the firm has represented several large pharmaceutical and

Honorable Freda L. Wolfson, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
August 21, 2017
Page 2 of 4

cosmetic manufacturers, including Pfizer, Inc. Ex. A, Drug Cos. Tell 3rd Circuit to Affirm Eye Drop Suit Dismissal, *available at* http://walsh.law/drug-cos-tell-3rd-circuit-to-affirm-eye-drop-suit-dismissal/ . A Pfizer subsidiary, Pfizer Consumer Healthcare, is a member of Personal Care Products Council, a party to these proceedings. Ex. B, PCPC Membership Listing, *available at* http://www.personalcarecouncil.org/members?tid=27&tid_1=10 .

We also note that Pfizer is a party to numerous suits alleging that plaintiffs developed mesothelioma after inhaling talcum powder tainted with asbestos. As the Court is aware, plaintiffs are currently investigating the link between our clients' ovarian cancers and talcum powder containing asbestos fibers. We will provide the Court *in camera* documents produced in the mesothelioma cases and in this case demonstrating Pfizer's awareness of significant asbestos contamination in talcum powder deposits and its response to federal regulations related to asbestos contamination. *See* Exs. C & D.

In addition, it appears that the Walsh Pizzi O'Reilly Falanga firm also previously represented Merck Sharp & Dohme Corp., a subsidiary of Merck engaged in selling and manufacturing consumer products. *See* Ex. E, Civil Docket Sheet, *Merck, Sharp & Dohme Corp., et al. v. Hetero USA Inc.*, 1:13-cv-01402 (D.N.J.). Merck's Consumer Care division is also a member of Defendant Personal Care Products Council. Ex. F, PCPC Membership Listing, *available at* http://www.personalcarecouncil.org/members?tid=24&tid_1=10 . We will also provide the Court *in camera* documents produced in this litigation demonstrating that Merck was a producer of talcum powder whose products were tested for asbestos contamination. *See* Exs. G & H (page 32 of document).

With all due respect to Judge Pisano, especially without the benefit of reviewing his required disclosure, these facts raise reasonable questions regarding the proposed master's impartiality, his knowledge of the disputed facts, and whether his continuing interest in his current firm might be affected by these proceedings. As the Court is certainly aware, this is a highly visible and contested case. The perception of the litigants and the public dictate that the parties and the Court should proceed carefully in selecting a master if there is any question concerning the ties of the proposed master's law firm to either side.

In light of the concerns raised herein with respect to the appointment of Judge Pisano, we respectfully request that the Court institute a procedure consistent with Rule 53 that will allow for the parties to seek consensus on the appointment of a master. In our experience and as suggested by the Manual for Complex Litigation (Fourth), "[i]t is generally preferable to appoint special masters with the parties' consent, and either to permit the parties to agree on the selection or to make the appointment from a list submitted by the parties." Manual for Complex Litigation, Fourth, §11.5.52.

Honorable Freda L. Wolfson, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
August 21, 2017
Page 3 of 4

      Plaintiffs are not suggesting that there is only one way to proceed with the appointment of a master, but particularly in cases where the master's remit embraces all discovery disputes, courts have deemed it appropriate to proceed with an ordered process providing a full opportunity for hearing.  As an example, in *In re: Automotive Parts Antitrust Litigation*, 2:12-md-02311 (E.D. Mich.), a case in which certain counsel for plaintiffs participated, the court instructed plaintiffs and defendants to prepare a joint submission regarding the appointment of a facilitator.  The parties first exchanged lists, agreeing to a certain number of peremptory strikes.  Thereafter, the parties jointly agreed on two names for the court's consideration.  *See* Ex. I, Joint Status Report Appointment of a Facilitator.

      *In re: Vioxx Products Liability Litigation*, 2:05-md-01657 (E.D. La.), in which many of plaintiffs' counsel also participated, provides another example of how the process of appointing a special master has proceeded in other district courts.  In that case, after the defendant inundated the court with thousands of documents for privilege determinations and following appellate review, the court gave notice to the parties under Rule 53 that it intended to appoint a master for the narrow purpose of reviewing the documents.  Ex. J. Notice.  The court provided a resume of the candidate it was considering.  *Id.* Only after providing an opportunity to be heard at a status conference three weeks following the notice did the *Vioxx* court proceed with its appointment.

      Your Honors, we again extend our apologies over any concerns or offense caused by our August 18 submission.  We appreciate the careful consideration the Court has given to the parties' concerns in the past, and we thank you in advance for such consideration here.

      The appointment of a master in this case is a matter of significant importance.  As such, Plaintiffs respectfully re-urge their objection to the appointment of Judge Pisano and respectfully, ask the Court to reconsider its decision.  Plaintiffs further request that the Court allow opportunity for the parties to confer in an attempt to agree on an alternative candidate for the Court's consideration. Plaintiffs also ask for an opportunity to hear from the Court and be heard on the scope of the master's duties and authority and the means for compensating the master.

                                  Respectfully submitted,

                                    */s/ P. Leigh O'Dell*
                                    P. Leigh O'Dell

                                  */s/ Michelle A. Parfitt*
                                    Michelle A. Parfitt

                                  */s/ Christopher M. Placitella*
                                    M. Christopher M Placitella

Honorable Freda L. Wolfson, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
August 21, 2017
Page 4 of 4

cc: All Counsel of Record (via ECF filing)
　　　Susan M. Sharko
　　　Julie Tersigni
　　　Kat Frazier
　　　Lorna Dotro
　　　Mark Silver
　　　Thomas Locke
　　　Sheryl Axelrod