# Drinker Biddle & Reath LLP

Susan M. Sharko
973-549-7350 Direct
973-360-9831 Fax
Susan.Sharko@dbr.com

*Law Offices*
600 Campus Drive
Florham Park, NJ
07932-1047

(973) 549-7000
(973) 360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

August 23, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**
**Case No. 3:16-MD-02738-FLW-LHG**

Dear Judge Wolfson:

Defendants are in receipt of Plaintiffs' August 18th letter objecting to Judge Pisano's appointment as special master in the above-captioned MDL proceeding, the Court's August 18th response letter stating that Judge Pisano will be appointed as special master, and Plaintiffs' August 21st letter renewing their objection to this appointment. Defendants do not object to Judge Pisano's appointment as special master as stated on the August 16th teleconference with the Court. Defendants have no doubt that Judge Pisano will serve as a fair jurist in this regard.

Defendants note that Plaintiffs' objections to Judge Pisano's appointment appear to be without merit and based on a misinterpretation of Rule 53. Rule 53 does not, as Plaintiffs suggest, require Judge Pisano to provide a conflicts report to the parties. Instead, the rule simply states that "[a] master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455" and that the master must submit an affidavit disclosing any such conflicts. FED. R. CIV. P. 53(a)(2); FED. R. CIV. P. 53(b)(3).

Plaintiffs seem to suggest that Judge Pisano is disqualified by 28 U.S.C. § 455(b)(2) because Judge Pisano's firm represented pharmaceutical manufacturers (none of which are involved in this case) in a consumer class action case regarding the sales of prescription eye drops and a patent infringement case. However, 28 U.S.C. § 455(b)(2) states that a judge must disqualify himself "[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter. . . ." The simple fact

*Andrew B. Joseph*
*Partner responsible for*
*Florham Park Office*

*Established* 1849

89894728.1

DrinkerBiddle&Reath
LLP

Honorable Freda L. Wolfson, U.S.D.J.
August 23, 2017
Page 2

that Judge Pisano's law firm represented other pharmaceutical manufacturers in non-products liability cases does not meet the standard under 28 U.S.C. § 455(b)(2).

For these reasons, Defendants respectfully request that Judge Pisano not be removed as the special master in the above-captioned MDL proceeding.

Respectfully,

/s/ Susan M. Sharko

Susan M. Sharko

cc:   All Counsel of Record via ECF
      P. Leigh O'Dell (via ECF and Electronic Mail)
      Michelle Parfitt (via ECF and Electronic Mail)
      Christopher Placitella (via ECF and Electronic Mail)

89894728.1