UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (FLW) (LHG) |

### DECLARATION OF JOEL A. PISANO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53

I, Joel A. Pisano, hereby declare and state as follows:

1. I am an attorney of the State of New Jersey, and Of Counsel at Walsh Pizzi O'Reilly Falanga, LLP (the "Walsh Pizzi firm").

2. I respectfully submit this Declaration in support of my appointment as Special Master pursuant to Federal Rule of Civil Procedure 53.

3. In August 2017, The Honorable Freda L. Wolfson, U.S.D.J., informed me that she was considering appointing me to serve as a Special Master in the above-captioned case.

4. After the Court advised me that I was being considered to be a Special Master in the above-referenced matter, I reviewed the pleadings and checked my firm's conflict system to determine whether there was any conflict that would require disclosure to the Court and the parties, or that would otherwise preclude me from serving as Special Master.

5. The conflict check revealed that no party to this case is represented by the Walsh Pizzi firm, nor have I ever been associated with any of the parties to the case.

6. I am confident that neither I nor the Walsh Pizzi firm are involved in any matter with a party to this case, or represent any party in this case, or have any relationship with any counsel for a party in this case, which would preclude me from accepting the appointment of the Court pursuant to Federal Rule of Civil Procedure 53.

7. One disclosure is needed here: Prior to the creation of the Walsh Pizzi firm, some of our attorneys practiced at Connell Foley LLP. I understand that Connell Foley represented Imerys Talc, a defendant in this case, in an unrelated case. During my short time at Connell Foley, I had no involvement in that case. In the event any attorney at the Walsh Pizzi firm was involved in that representation while associated with Connell Foley, I will ensure that he or she is walled off and will have no involvement with my efforts as Special Master in this case.

8. I am aware that Plaintiffs' counsel have raised various objections to my appointment. I have read the letters of August 18 and August 21, 2017, in which those objections are stated.

    a. The first objection was based upon the fact that I am not a woman, and plaintiffs' counsel prefer the appointment of a woman. I believe that Judge Wolfson rejected that objection in her letter of August 18. I do not know if further inquiry on this subject is warranted, but suffice it to say, I am associated with a women-owned firm, the majority of my former law clerks are women, I have been married to the same woman for 46 years, my dentist is a woman, and I am happy to answer any relevant questions which counsel may have on that subject.

    b. The objection to my appointment raised in their August 21 letter is based upon counsels' concern that my association with the Walsh Pizzi firm presents a conflict of interest which disqualifies my service because the Walsh Pizzi firm has represented

Pfizer, Merck, and "several large pharmaceutical and cosmetic manufacturers." While I believe that general statement to be true, I do not see the basis for my disqualification.

c. As to Pfizer, my only contact with the "Eye Drop" suit, where the Walsh Pizzi firm served as local counsel, was to review appellate arguments in advance of Pfizer's defense in the Third Circuit. I do not know the current status of that case. Pfizer is not a party to this case. As to Pfizer's subsidiary being a member of PCBC, I have no knowledge whatsoever. Nor do I have any knowledge about any Pfizer involvement in any asbestos-related case, or in any other case, for that matter.

d. As to Merck, the only case in which the Walsh Pizzi firm represented Merck was the Hetero USA matter, where the Walsh Pizzi firm served as local counsel. I understand that the case was settled before discovery was had. I had no involvement in that case. And, as with Pfizer, I am unaware of any Merck association with PCBC or its talcum powder business, if any.

e. Counsel's letter of August 21 concludes that "these facts raise reasonable questions regarding [my] impartiality, [my] knowledge of the disputed facts, and whether [my] continuing interest in [my] current firm might be affected by these proceedings". First, I have presided over thousands of cases in my career as a judge, and never has my impartiality been questioned, particularly before I have even gotten assigned to a case. I state without hesitation that I have no bias for or against any party to this case. Second, I have no knowledge at this time of any of the disputed facts of this case, other than what may have been published in newspapers. Third, my interest in the Walsh Pizzi firm will not be "affected" in any way—I am not a partner of the firm, I do not share in firm profit, and my compensation is simply by regular salary.

  f. I have been appointed Special Master in several cases, both in federal and state courts in New Jersey.[1] I have taken my role in that capacity seriously and with an end to follow the court's directions, in order to provide efficient attention to issues of case management. I have served in this capacity in matters involving thousands of documents, multiple disputes over deposition scheduling and content, review of disputed privileges, and I have rendered recommendations for decisions on motions. I further understand that the work of a Special Master is subject to review by the court. I am aware of the need to respect the parties' resources, and I commit, if given this appointment, that I and my staff will work diligently and efficiently to assist the parties in this case.

Dated: August 23, 2017

                    _____
                    Joel A. Pisano
                    Walsh Pizzi O'Reilly Falanga LLP
                    One Riverfront Plaza
                    1037 Raymond Blvd., Suite 600
                    Newark, NJ 07102
                    Telephone: (973) 757-1035

---

[1] I have been appointed to serve as Special Master in the following cases: *Carpenter Co., et al. v. BASF SE, et al. (Urethane Antitrust)*, 2:08-cv-05169 (WJM-MF); *The Weitz Co., LLC v. Alpine Country Club, et al.*, 12-cv-6610 (JMV-JBC); *Milington Quarry, Inc. et al. v. Tilcon New York, Inc., et al.*, SOM-L-261-12; *McLain v. Brown*, BER-C-313-16; *Ohio Casualty Insurance Co., et al. v. Wal-Mart Stores, Inc., et al.*, 16-4029 (MAS-LHG); *Care One Management, LLC et al. v. United Healthcare Workers East, SEIU et al.*, 12-6371 (SDW-MAH); *The Islamic Society of Basking Ridge, et al. v. Township of Bernards, et al.*, 16-cv-01369 (MAS-LHG); *Haines, et al. v. Liggett Group, et al.*, 2:84-cv-678.