IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

IN RE: JOHNSON & JOHNSON TALCUM : Civil Action No. 16-md-2738-FLW-LHG
POWDER PRODUCTS MARKETING, :
SALES PRACTICES AND PRODUCTS :
LIABILITY LITIGATION : MDL No. 2738
:
: **ORDER APPOINTING SPECIAL**
: **MASTER**
:
:

---

**THIS MATTER** having been opened to the Court *sua sponte*; it appearing that pursuant to Fed. R. Civ. P. 53(b)(1), the Court provided the parties with notice and an opportunity to be heard regarding the appointment of a special discovery master in this Multi-District Litigation ("MDL"), by way of a telephone conference on August 16, 2017 (the "August Teleconference"); the Court makes the following findings:

1. During the August Teleconference, the Court informed the parties that the Court intends to appoint the Hon. Joel Pisano, U.S.D.J. (now-retired), as the special discovery master, and in that regard, the Court commented that Judge Pisano is well-qualified because he has, in the past, sat an MDL judge, that he has a background as a magistrate judge, and that he served numerous years as a district judge.

2. All counsel consented to the appointment of a special discovery master.

3. In accordance with Fed. R. Civ. P. 53(b)(3), Judge Pisano has submitted a Declaration, attesting that no grounds for disqualification under 28 U.S.C. § 455 exist.

4. Defense counsel assented to the appointment of Judge Pisano as the special master.

5. Lead Plaintiffs' counsel, however, objected to the appointment of Judge Pisano on various bases, one of which is that counsel believed that a female special master should be

appointed, instead, due to the nature of this case. However, that objection was denied by this Court's Letter dated August 18, 2017.

5. Lead Plaintiffs' counsel further objected on the basis that a conflict exists because of Judge Pisano's position as "Of Counsel" with the Walsh Pizzi firm. Counsel maintains that because the Firm has represented Pfzer, Merck and other pharmaceutical cosmetic manufacturers, these representations raise questions regarding Judge Pisano's impartiality.

6. In response to such objections, Judge Pisano has attested that he has no prior relationships with any of the parties in this case, and that he has not had any involvement with the representations that the Walsh Pizzi Firm undertook as to the various pharmaceutical companies, such that his impartiality would reasonably be questioned.

7. Based on Judge Pisano's Declaration, this Court is satisfied that there are no grounds to disqualify Judge Pisano under 28 U.S.C. § 455. Indeed, the Court does not find that Judge Pisano has a personal bias or prejudice concerning the parties in this case, and more importantly, despite Plaintiffs' suggestion of conflict arising out of Judge Pisano's association with the Walsh Pizzi Firm, none of those reasons are a proper basis to disqualify Judge Pisano under § 455, particularly in light of Judge Pisano's assurances that he had no previous involvement in any of the representations, by the Walsh Pizzi Firm, that included Pizer, Merck or other pharmaceutical companies. *See* 28 U.S.C. §§ 455(a) and (b).

8. As the parties agree, a special discovery master in this case is necessary to address pretrial matters "that cannot be effectively and timely addressed" by this Court, *see* Fed. R. Civ. P. 53(a)(1)(c), and the Court finds that to minimize delay in these proceedings, the appointment of a special master is appropriate and necessary for the prompt adjudication of pending, and future, discovery disputes. Accordingly,

**IT IS** on this 30th day of August, 2017,

**ORDERED** that the Hon. Joel Pisano, U.S.D.J. (now-retired), shall be appointed as the special discovery master in this MDL matter; and it is further

**ORDERED** that a separate order shall issue to set forth the special discovery master's authority and other matters, pursuant to Fed. R. Civ. P. 53(b)(2) and (c).


/s/          Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.