**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to: ABBEDUTO, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-03061 | **MDL No. 2738 (FLW) (LHG)**<br><br>Hearing Date: October 2, 2017<br>Courtroom: 5E |

### RENEWED MOTION TO REMAND CASE TO THE CIRCUIT COURT OF COOK COUNTY

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Plaintiffs MAUREEN ABBEDUTO and KEITH ABBEDUTO (hereinafter, "Plaintiffs") hereby respectfully move this Court pursuant to Case Management Order No. 1 to remand this case to the Circuit Court of Cook County, Illinois.

As set forth in the concurrently-filed Memorandum of Law in support, defendants Johnson & Johnson and Johnson & Johnson Consumer Companies (collectively referred to as the "Johnson & Johnson Defendants" or "J&J") improperly removed this action in violation of 28 U.S.C. § 1447(c) on May 24, 2017. The Judicial Panel on Multidisrict Litigation transferred this action to this Court on August 3, 2017, as part of the In re Talcum Powder MDL. Plaintiffs seek prompt remand of this action to the Circuit Court of Cook County.

Plaintiffs' motion to remand should be granted because (1) complete diversity of citizenship is lacking, as Plaintiffs and Defendant Walgreens are citizens of Illinois and (2) Plaintiffs' claims against Walgreens are recognized as meritorious under prevailing Illinois law and, therefore, Walgreens was not fraudulently joined in this action.

This Court, in recognition that the Third Circuit has not addressed the issue of fraudulent

misjoinder, has followed the majority of courts within this District and others and held that, "the issue of misjoinder should be resolved by the state court as a matter of removal jurisprudence." *In re Plavix Product Liability and Marketing Litigation*, MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654, *10 (D.N.J. Oct. 1, 2014) (Wolfson, J.) (citing *Kaufman v. Allstate Ins. Co.*, No. 07–6160, 2010 WL 2674130, at *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *Belmont Condo. Ass'n, Inc. v. Arrowpoint Capital Corp.*, No. 11–02900, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011) ("This Court declines to include procedural misjoinder as an alternative ground for fraudulent joinder."); see also *In re Paulsboro Derailment Cases*, No. 13–5583, 2014 WL 197818, at *3–7 (D.N.J. Jan.13, 2014); *Prudential Ins. Co. of Am. v. Barclays Bank PLC*, No. 12–5854, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan.22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of Plaintiffs, and some courts refuse to do so.") report and recommendation adopted, No. 12–05854, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronics, Inc.*, No. 10–3019, 2010 WL 4628439, at *5–6 (D.N.J. Nov.5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was accepted in this Circuit (which it clearly is not), it would not apply here.") report and recommendation adopted, No. 10–3019, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)).

Plaintiffs make this Motion based the accompanying Memorandum, all pleadings and exhibits on file and any oral argument, if any, in this matter.

Dated: August 31, 2017

                                                    Respectfully submitted,

*/s/ Tayjes M. Shah*
Tayjes M. Shah  (01750)
**THE MILLER FIRM, LLC**
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
Ph: (540) 672-4224
Fax: (540) 672-3055
E-Mail: tshah@millerfirmllc.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically on the court's ECF system and is available for viewing and downloading from the ECF system. All counsel of record listed on the Court's CM/ECF system are to be served by the Court via Notice of Electronic Filing (NEF).

By: *Tayjes M. Shah*