Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA HARRIS and BART HARRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17 C 2889 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Plaintiffs' motion to remand brought pursuant to 28 U.S.C. § 1447(c). [13]. All other pending motions are denied as moot without prejudice to refile. All pending dates and deadlines are stricken. The Clerk's Office is directed to remand this case to the Circuit Court of Cook County, Illinois forthwith.

## STATEMENT

On April 17, 2017 Defendant Johnson & Johnson ("J&J") removed this lawsuit from the Circuit Court of Cook County based on the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1446. Before the Court is Plaintiffs' motion to remand brought pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court grants Plaintiffs' motion to remand.

## BACKGROUND

Plaintiffs Andrea and Bart Harris originally filed this lawsuit on March 1, 2017 in the Circuit Court of Cook County, Illinois, County Department, Law Division, 2017 L 002169, against Defendants J&J and Walgreen Company ("Walgreens"). In particular, Plaintiffs' action arises out of Andrea Harris' diagnosis of ovarian cancer, which Plaintiffs allege was directly and proximately caused by her regular and prolonged exposure to talcum powder found in J&J's baby powder and "Shower-to-Shower" products (R. 1-1, Compl. ¶ 1.) Plaintiffs allege that Andrea Harris routinely purchased J&J's baby powder for personal use in the perineal area from Walgreens during the time period of 1980 until 2014 and also purchased Shower-to-Shower products from 1984 to 1989. (*Id*. ¶ 33.) Furthermore, Plaintiffs assert that Walgreens is in the business of marketing and selling J&J's products and marketed and sold these products to Andrea Harris during the relevant time period. (*Id*. ¶ 10.) Also, Plaintiff alleges that Walgreens "knew or should have known that the use of talcum powder based products in the perineal area significantly increases the risk of cancer, including, but not limited to, ovarian cancer, based on the scientific knowledge dating back for decades." (*Id*. ¶ 118.) In their Complaint, Plaintiffs bring eight claims against Walgreens: (1) strict liability – failure to warn; (2) negligence; (3) breach of express warranty; (4) breach of implied warranties; (5) negligent misrepresentation; (6)

fraudulent concealment; (7) common law fraud – intentional misrepresentation; and (8) violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*

## REMOVAL STANDARD

"Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1441(a); *Citadel Sec., LLC v. Chicago Bd. Options Exch., Inc.,* 808 F.3d 694, 701 (7th Cir. 2015) ("A state claim may be removed to federal court only if the federal court has original jurisdiction, unless Congress expressly provides otherwise."). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo,* 718 F.3d 660, 668 (7th Cir. 2013); *see also Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").

## ANALYSIS

In their motion, Plaintiffs argue that the Court should remand this case to state court because Defendant Walgreens and Plaintiffs share Illinois citizenship, which defeats diversity jurisdiction. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.,* 823 F.3d 416, 420 (7th Cir. 2016) ("Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant."). In response, J&J argues that because it is common knowledge that Walgreens does nothing more than provide shelf space for retail products, Plaintiffs fraudulently joined Walgreens to avoid removal to federal court.

"Under the fraudulent joinder doctrine (the "doctrine"), an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has "no chance of success." *Morris*, 718 F.3d at 666 (citation omitted). Pursuant to this doctrine, "the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Schur*, 577 F.3d at 764. "A party seeking a different forum on the basis of fraudulent joinder bears a heavy burden to show that, after resolving all issues of fact and law in favor of the non-moving party, the non-moving party cannot establish a cause of action." *Thornton v. M7 Aerospace, LP*, 796 F.3d 757, 765 (7th Cir. 2015); *see also Morris,* 718 F.3d at 666 ("To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'") (citation omitted) (emphasis in original).

Under this standard, J&J argues that because Walgreens is a "pass-through retailer" Plaintiffs' claims against Walgreens fail under Illinois' "seller's exception" also known as the "distributor's statute," namely, 735 ILCS 5/2-621. To clarify, under Illinois law, "an injured consumer may bring allegations of strict product liability against all entities in the distributive chain, including the product's manufacturer, supplier, wholesaler, retailer, and commercial

lessor." *Chraca v. U.S. Battery Mfg. Co.*, 24 N.E.3d 183, 185 (1st Dist. 2014). Under 735 ILCS 5/2-621, however, there is an exception in "products liability actions whereby any non-manufacturing defendant who has not contributed to the alleged defect is entitled automatically to dismissal from a products liability action." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1065 (S.D. Ill. 2006); *see also Murphy v. Mancari's Chrysler Plymouth, Inc.*, 381 Ill. App. 3d 768, 770 (1st Dist. 2008) ("Pursuant to section 2–621, also known as the "seller's exception," a nonmanufacturer defendant in a strict product liability action may be dismissed from the action if it certifies the correct identity of the manufacturer of the product which allegedly caused the injury.").

Resolving all issues of fact and law in Plaintiffs' favor, *see Thornton*, 796 F.3d at 765, Plaintiffs allege more than a strict liability claim against Walgreens, including claims of negligence, negligent misrepresentation, breach of express warranty, breach of implied warranties, fraudulent concealment, common law fraud, and an ICFA claim. Thus, questions regarding Plaintiffs' strict product liability claim do not form a sufficient basis for dismissal under the seller's exception as to Plaintiffs' other claims. *See Lewis v. Johnson & Johnson,* No. 15 CV 0565, 2015 WL 5121417, at * 3 (S.D. Ill. Aug. 31, 2015); *Harlan v. Johnson & Johnson*, No. 15 CV 0418, 2015 WL 5121408, at *3 (S.D. Ill. Aug. 31, 2015); *see also Whelchel v. Briggs & Stratton Corp.,* 850 F. Supp. 2d 926, 936 (N.D. Ill. 2012) ("Even if [defendant] is entitled to dismissal of the strict liability claims under the Distributor Statute, defendant may be properly named in Plaintiff's claims of negligence."); *Sheffer v. Cottrell, Inc.,* No. 08 CV 0791, 2009 WL 1231037, at *4 (S.D. Ill. Apr. 30, 2009) ("breach of warranty and [] negligence claims are outside the scope of 735 ILCS 5/2-621."); *Yount,* 472 F.Supp.2d at 1066 (seller's exception does not apply to negligence claims). In addition, "section 2–621 provides that a distributor who is conditionally dismissed can be reinstated under certain circumstances," therefore, "numerous courts have held that section 2–621 cannot be the basis for finding fraudulent joinder because any dismissal is merely conditional." *Kopitke v. Depuy Orthopaedics, Inc.,* No. 11 C 0912, 2011 WL 856865, at *3 (N.D. Ill. Mar. 8, 2011) (listing cases); *see also Kellerman v. Crowe,* 119 Ill. 2d 111, 115-16, 115 Ill.Dec. 591, 518 N.E.2d 116 (Ill. 1987) ("A dismissal under section 2–621 does not dispose of the rights of the parties. Rather, the statute clearly contemplates the possibility of further action[.]"). Based on this persuasive authority, J&J has not established that the "seller's exception" applies to Plaintiffs' claims and that Plaintiffs have no chance of success on remand. *See Morris,* 718 F.3d at 666; *Schur,* 577 F.3d at 764.

Further underscoring this conclusion, Defendants do not cite nor attempt to distinguish the factually similar talc-based product liability cases in the Southern District of Illinois. *See Lewis v. Johnson & Johnson,* No. 15 CV 0565, 2015 WL 5121417, at * 3 (S.D. Ill. Aug. 31, 2015); *Harlan v. Johnson & Johnson*, No. 15 CV 0418, 2015 WL 5121408, at *3 (S.D. Ill. Aug. 31, 2015). In those cases, the plaintiffs alleged that they developed ovarian cancer as a result of their perineal use of J&J's two talc-based products. After J&J removed these actions to federal court, plaintiffs sought remand despite J&J's fraudulent joinder arguments. After examining the plaintiffs' allegations – including that Walgreens marketed, promoted, and sold the talc-based products – the district court concluded that J&J did not clear the high hurdle of establishing that the plaintiffs fraudulently joined Walgreens. In particular, the district court reasoned:

The J & J Defendants contend that Walgreens was fraudulently joined because it could potentially be dismissed under § 2–621. While Illinois substantive law

applies in this case, the "innocent seller statute" does not mandate the dismissal of Walgreens. First, § 2–621 may not actually apply to the claims asserted against Walgreens. Although Count I of the Complaint alleges claims against Walgreens that are labeled "strict liability," such labels are not controlling in federal court. *See Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) ("Labels [of claims for relief] do not matter."); *Paige v. Hines*, 2006 WL 2252703, at *2 (N.D.Ill. Aug. 3, 2006) ("A plaintiff is not bound by legal characterizations of the claims contained in the complaint."). Thus, Plaintiff's pleading of a strict liability failure to warn claim is not determinative as to the necessary dismissal of Walgreens from the action.

*Lewis,* 2015 WL 5121417, at *3; *see also Harlan,* 2015 WL 5121408, at *3. In relation to the plaintiffs' other claims, the district court stated:

> Additionally, the Complaint contains allegations of negligence and civil conspiracy that are not within the scope of 735 ILCS 5/2–621. *See LaRoe v. Cassens & Sons, Inc.,* 472 F.Supp.2d 1041, 1047-48 (S.D. Ill. 2006); *Ison v. Invacare Corp.,* 2004 WL 539982, at *1 (N.D. Ill. Mar. 12, 2004); *Aron v. Brown & Williamson Tobacco Corp.*, 2003 WL 21305531, at *2 (N.D. Ill. Feb. 10, 2003). These allegations are properly pled and are taken as true. Accordingly, Walgreens will remain in the lawsuit even if it has a valid defense to the strict liability claim. *See Korologos v. Radium Chem. Co.,* 1986 WL 7700, at *3 (N.D. Ill. June 27, 1986).

*Lewis*, 2015 WL 5121417, at *3; *see also Harlan,* 2015 WL 5121408, at *3.

Turning to J&J's argument that Walgreens is merely a "pass-through retailer," Plaintiffs allege that Walgreens was part of J&J's marketing and selling team and that Walgreens jointly developed a business plan with J&J to coordinate sales, distribution, marketing, shopper insight, and customer loyalty. (*Id.* ¶¶ 10, 11.) Plaintiffs' further allege that J&J and Walgreens jointly analyzed, assessed, and strategized meaningful methods of selling, promoting, and marketing of the baby powder products, including implementing strategies from data analytics of customer purchases. (*Id.* ¶ 31.) Also, Plaintiffs assert that "[a]t all pertinent times, Defendants were jointly assessing and analyzing the safety, efficacy and suitability of the baby powder products, and created labels, promotional materials, marketing campaigns and utilized methods to target and promote the usage and sale of J&J baby powder to Walgreens customers. With the assistance of J&J, Walgreens developed campaigns, including rewards and loyalty programs, specific to J&J's baby products." (*Id.* ¶ 116.) Resolving all issues of fact in Plaintiffs' favor, Defendant's argument that Walgreens is merely a "pass-through retailer" is belied by Plaintiffs' allegations.

Defendant next attempts to show that Plaintiffs cannot establish their claims sounding in tort because Walgreens had no duty to Plaintiffs. Defendants, however, rely on case law in which the plaintiff failed to allege specific factual allegations concerning Walgreens' role in the marketing and promotion of the product – unlike here. *See Hale v. Bayer Corp.,* No. 15 CV 0745, 2015 WL 5474298, at *3 (S.D. Ill. Sept. 16, 2015). Also, Defendant's reliance on case law concerning the standard of duty for pharmacists is not applicable to Plaintiffs' negligence claims in this lawsuit. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab.*

4

*Litig.*, No. 3:09 CV 2100, 2010 WL 4904488, at *2 (S.D. Ill. Nov. 24, 2010). Further, J&J's reliance on cases where the court made factual determinations at summary judgment do not guide the Court's assessment at this stage of the proceedings. *See, e.g., Smith v. Phoenix Seating Sys., LLC,* 894 F. Supp. 2d 1088, 1098 (S.D. Ill. 2012).

Moreover, Defendant takes issue with the fact that Walgreens did not design or manufacture the products at issue and argues that Plaintiffs claims against Walgreens merely arise from the fact that Walgreens sells J&J's consumer products. *See, e.g., Jones v. UPR Prod., Inc.,* No. 14 C 1248, 2015 WL 3463367, at *4 (N.D. Ill. May 29, 2015). Here, Plaintiffs do not allege or rely on the fact that Walgreens designed and manufactured the baby powder and Shower-to-Shower products, but rather they allege that Walgreens provided more than shelf space for J&J's products because Walgreens jointly marketed these products, coordinated distribution, and assessed the suitability of the talc-powder products with J&J. These allegations form the basis of Plaintiffs' claims sounding in tort, breach of warranty, and fraud.

Last, J&J makes cursory arguments concerning Plaintiffs' fraud and breach of warranty claims. *See United States v. Cisneros,* 846 F.3d 972, 978 (7th Cir. 2017) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Arguments made in footnotes are similarly waived. *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.,* 848 F.3d 822, 829 (7th Cir. 2017). Under the circumstances, J&J has failed in its "heavy burden" of establishing that Plaintiffs do not have a reasonable possibility of success concerning their eight claims against Walgreens on remand, especially when viewing all issues of fact and law in Plaintiffs' favor. *See Thornton,* 796 F.3d at 765; *see also Morris,* 718 F.3d at 668 ("doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court."). The Court therefore grants Plaintiffs' motion to remand.

**Dated:** May 30, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**