Exhibit D

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION          MDL No. 2738

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the twenty-five actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc., oppose the motions.

In support of their motions to vacate, plaintiffs in eight of the actions (pending in the Northern District of Illinois, the Eastern District of Missouri, and the Southern District of New York) argue that federal subject matter jurisdiction is lacking and that plaintiffs' pending motions to remand to state court should be decided by the transferor courts. As we regularly hold, such jurisdictional issues do not present an impediment to transfer. Plaintiffs can present these arguments to the transferee judge.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs in the seventeen actions pending in the District of Rhode Island, as well as plaintiffs in the four actions pending in the Northern District of Illinois, argue that transfer of those actions is not appropriate because they involve a different named defendant—specifically, the pharmacy that allegedly sold the talcum powder products to plaintiffs—than the other actions pending in the MDL and thus will involve different discovery. Plaintiff in the action pending in the Southern District of New York suggests that her action is distinct because she alleges that the talcum powder products that she used were contaminated with asbestos.[2] These arguments are not

---

[*] Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[2] Other than alleging that the talc was "contaminated with asbestos at times," *Gavin* Compl. ¶ 35, plaintiff's complaint does not significantly differ from those pending in MDL No. 2738.

-2-

persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). All of these actions arise from a common factual core—that plaintiffs or their decedents allegedly developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products. Accordingly, transfer is appropriate. Moreover, we have transferred several actions involving claims against retailer defendants to the MDL. *See, e.g.*, Transfer Order (*Moore*) at 1, MDL No. 2738 (J.P.M.L. May 31, 2017), ECF No. 595 (transferring action asserting claims against Rite Aid).

Therefore, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356 (J.P.M.L. 2016). Plaintiffs in these actions similarly allege that they or their decedents developed ovarian or other gynecological cancer following perineal application of the talcum powder products.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Charles R. Breyer     Lewis A. Kaplan
R. David Proctor     Catherine D. Perry

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**       MDL No. 2738

## SCHEDULE A

    <u>Northern District of Illinois</u>

BROWN v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-03052
BENNETT v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-03057
KNIGHT v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-03059
ABBEDUTO, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-03061

    <u>Eastern District of Missouri</u>

RICE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17-01224
MCNICHOLS, ET AL. v. JOHNSON & JOHNSON, INC., ET AL.,
    C.A. No. 4:17-01473
MCBEE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17-01496

    <u>Southern District of New York</u>

GAVIN v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-03308

    <u>District of Rhode Island</u>

BECKER v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00205
CHANTHAPANYA v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00206
DERRENBACHER v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00207
DICARLO v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00208
DIPALERMO v. JOHNSON & JOHNSON, ET AL., C.A. No.1:17-00209
DONALDSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00210
DUNBAR v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00211
EWING v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00212
FEMMINELLA v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00213
FRANKLIN v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00215
GUPTILL v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00216
KINDLEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00217
KLEMETSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00219
MARINACCIO v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00220
OGLETREE v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00221
VIENT v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00222
WHITNEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-00223