Exhibit G

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JUDYTH HARLAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CV-418-SMY-SCW** |
| | ) | |
| **JOHNSON & JOHNSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

On January 20, 2015, Plaintiff filed her Complaint against Defendants in the Circuit
Court of Madison County, Illinois, asserting that she developed ovarian cancer as a result of
perineal use of two talc-based products, Johnson's Baby Powder and Shower-to-Shower
("subject products") (Doc. 1, Ex. A). On April 13, 2015, Defendants Johnson & Johnson and
Johnson & Johnson Consumer Companies, Inc. ("J&J Defendants") removed this case to the
Southern District of Illinois asserting that Defendant Walgreen Co. was fraudulently joined (Doc.
1). On April 20, 2015, Defendant Imerys Talc America, Inc. ("Imery Talc") filed a Motion to
Dismiss asserting lack of personal jurisdiction (Doc. 13). On April 28, 2015, District Judge J.
Phil Gilbert, noting "a potentially serious jurisdictional issue" ordered Plaintiff to respond to the
arguments made in the Notice of Removal regarding the fraudulent joinder theory (Doc. 16).

Instead of filing a response to the Motion to Dismiss, on May 4, 2015, Plaintiff filed a
Motion to Remand (Doc. 17). On June 11, 2015, this case was reassigned to the undersigned
district judge. On August 28, 2015, the Court entered an Order granting Imerys Talc's Motion to

Dismiss based on Plaintiff's failure to timely respond pursuant to Local Rule 7.1(c) (*See* Doc.

35).

The Court, *sua sponte,* deems it appropriate to vacate its Order granting Imerys Talc's

Motion to Dismiss in order to fully address the merits of Plaintiff's Motion for Remand. *See*

*Judson v. Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 385 (7th

Cir.2008) (recognizing that a majority of circuits have held that a court may *sua sponte* vacate a

judgment or order under Rule 60(b)); *Moro v. Shell Oil Co. .,* 91 F.3d 872, 876 (7th Cir.1996)

(Rule 59(e) allows a court to correct its own errors and avoid an unnecessary appeal)).

Specifically, the Court finds that federal diversity jurisdiction under 28 U.S.C. § 1332(a) does not

exist. Therefore, this Court lacked jurisdiction to grant Imerys Talc's Motion to Dismiss.

Accordingly, the Court **VACATES** the Order, dated August 28, 2015 (Doc. 35) and, for the

reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

In the Motion to Remand, Plaintiff contends that "(1) complete diversity of citizenship is

lacking because Plaintiff and Defendant Walgreens are citizens of Illinois and (2) Plaintiff's

claims against Walgreens are recognized as meritorious under prevailing Illinois law and,

therefore, Walgreens was not fraudulently joined" (See Doc. 18). The J&J Defendants counter

that this Court should disregard the citizenship of Walgreens because it is fraudulently joined as

a defendant.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by

the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). "For a cause to be within the diversity jurisdiction of the federal courts, diversity must

be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."

*Fidelity & Deposit Co. of Md. V. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

Additionally, an amount in excess of $75,000, exclusive of interest and costs, must be in controversy.  *See* 28 U.S.C. § 1332(a)(1).

Out-of-state defendants seeking removal must clear a high hurdle to show that a plaintiff fraudulently joined a party.  The Seventh Circuit has noted, [t]he defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).  Where the defendant makes such a showing, the federal court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers*, 577 F.3d at 752, 763 (7th Cir. 2009)).

Count I of Plaintiff's Complaint alleges that Walgreens is subject to strict liability for failure to warn because they marketed, promoted, and sold the product in the regular course of business.  It further alleges that Plaintiff purchased the product at stores owned and operated by Walgreens.  Plaintiff asserts that the Defendants, including Walgreens, knew or should have known that the use of the talcum powder product in the perineal area significantly increases the risk of ovarian cancer from studies dating back to the 1960s.

In Count IV, Plaintiff alleges Walgreens knew or should have known that the use of talcum powder based products in the perineal area significantly increases the risk of ovarian cancer from studies dating back to the 1960s.  It is further alleged that Walgreens knew or should have known that the products were being used on powder users' perineal region and that the products contained no warnings regarding the risk of ovarian cancer.  The specific allegations of negligence include:

> failure to warn of the hazards associated with talcum powder products; selling and marketing a product it knew did not contain such a warning; failing to advise

3

Case 3:15-cv-00418-SMY-SCW Document 97-9 Filed 06/31/15 Page 4 of 6 Page ID #226

users now to prevent or reduce exposure to the risk; advertising and marketing the products to women with knowledge that the products posed a risk of ovarian cancer and with knowledge that the products did not contain warnings of the risk; and advertising and marketing products to women without adequate warnings while knowing that the manufacturers of the products and suppliers of talc were trying to suppress information regarding the risk of cancer posed by the use of the products.

The J&J Defendants argue that Plaintiff cannot prevail on any of the claims against Walgreens under 735 ILCS 5/2-621, often referred to as the "innocent seller statute." Under Illinois law, all entities in the chain of distribution for an allegedly defective product are subject to strict liability in tort. *See Hammond v. North Am. Asbestos Corp.*, N.E.2d 210, 216–17 (1983). However, pursuant to 735 ILCS 5/2–621, there is an exception in products liability actions whereby any non-manufacturing defendant who has not contributed to the alleged defect is automatically entitled to dismissal:

Product liability actions.

(a) In any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. The commencement of a product liability action based in whole or in part on the doctrine of strict liability in tort claim against such defendant or defendants shall toll the applicable statute of limitation and statute of repose relative to the defendant or defendants for purposes of asserting a strict liability in tort cause of action.

(b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. Due diligence shall be exercised by the certifying defendant or defendants in providing the plaintiff with the correct identity of the manufacturer or manufacturers, and due diligence shall be exercised by the plaintiff in filing an action and obtaining jurisdiction over the manufacturer or manufacturers….

4

Case 3:15-cv-00418-SMY-SCW Document 97-9 Filed 06/31/15 Pages 5 of 6 Page ID #229

  (c) A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following:

> (1)    That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect *1046 in the product which caused the injury, death or damage; or
>
> (2)    That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or
>
> (3)    That the defendant created the defect in the product which caused the injury, death or damage.

(*See* 735 ILCS 5/2–621).

The J&J Defendants contend that Walgreens was fraudulently joined because it could potentially be dismissed under § 2-621. While Illinois substantive law applies in this case, the "innocent seller statute" does not mandate the dismissal of Walgreens. First, § 2–621 may not actually apply to the claims asserted against Walgreens. Although Count I of the Complaint alleges claims against Walgreens that are labeled "strict liability," such labels are not controlling in federal court. *See Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir.2000) ("Labels [of claims for relief] do not matter."); *Paige v. Hines*, 2006 WL 2252703, at *2 (N.D.Ill. Aug.3, 2006) ("A plaintiff is not bound by legal characterizations of the claims contained in the complaint."). Thus, Plaintiff's pleading of a strict liability failure to warn claim is not determinative as to the necessary dismissal of Walgreens from the action.

Additionally, the Complaint contains allegations of negligence and civil conspiracy that are not within the scope of 735 ILCS 5/2–621. *See LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1047-48 (S.D. Ill. 2006); *Ison v. Invacare Corp.*, 2004 WL 539982, at *1 (N.D.Ill. Mar.12, 2004); *Aron v. Brown & Williamson Tobacco Corp.*, 2003 WL 21305531, at *2 (N.D.Ill.Feb.10, 2003). These allegations are properly pled and are taken as true. Accordingly,

5

Walgreens will remain in the lawsuit even if it has a valid defense to the strict liability claim.

*See Korologos v. Radium Chem. Co.*, 1986 WL 7700, at *3 (N.D.Ill. June 27, 1986).

The Court is required to resolve all issues of state law against removal and, to the extent

there is any ambiguity as to whether 735 ILCS 5/2–621 applies to negligence claims, the Court

must resolve that ambiguity in Plaintiff's favor.  *See Riddle v. Merck & Co.*, 2006 WL 1064070,

at *6 (S.D.Ill. Apr. 21, 2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1047-48

(S.D. Ill. 2006).  Accordingly, Plaintiff's Motion to Remand is **GRANTED.**  The Court

**REMANDS** this case to the Circuit Court of Madison County, Illinois for further proceedings

and **DIRECTS** the Clerk of Court to enter judgment accordingly.


**IT IS SO ORDERED.**

**DATE: August 31, 2015**

> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**