UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2738**<br>**JUDGE FREDA L. WOLFSON**<br>**MAG. JUDGE LOIS H. GOODMAN** |
| **APRIL HANAWAY**, Special Administrator For the Estate of **MARTHA JANE ODLE**, | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | Civil Action No. _____ |
| -vs- | **DIRECT FILED ACTION** |
| **JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER, INC.; IMERYS TALC AMERICA, INC. PERSONAL CARE PRODUCTS COUNCIL (PCPC)** | |
| Defendants. | |

**SHORT FORM COMPLAINT
AND JURY DEMAND**

The Plaintiff named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel.  Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, MDL NO. 2738 in the United States District Court for the District of New Jersey.  Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint,* were certain claims require specific pleadings and/or amendments, Plaintiff shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff:**

1.   Name of individual injured due to the use of talcum powder products:

Mary Jane Odle, Deceased

2.   At the time of the filing of the specific case, Plaintiff, and Decedent at the time of her death, are/were citizens of the State of Indiana.

3.   Consortium Claim:  The following individual alleges damages for loss of consortium:

April Hanaway, Individually and as the representative of her mother's estate bring this action on behalf of her deceased mother.

4.   Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder products related death:  416 North Plum Street, Union City, IN  47390.

5.   Plaintiff Decedent was born on January 27, 1947 and died on September 10, 2015.

6.   Plaintiff is filing this case in a representative capacity as the Special Administrator of the Estate of Martha Jane Odle, having been duly appointed as the Special Administrator by the Randolph Circuit Court of Indiana, Cause No. 68C01-1702-EU-00025.

7.   As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

| | |
|---|---|
| __X__ | injury to herself |
| __X__ | injury to the person represented |
| __X__ | wrongful death |
| __X__ | survivorship action |
| __X__ | economic loss |
| __X__ | loss of services |
| __X__ | loss of consortium |
| _____ | Other: _____ |

## Identification of Defendants

8.  Plaintiff, Individually and as Special Administrator of the Estate of Martha Jane Odle, is suing the following Defendants:[1]

    ☑ Johnson & Johnson

    ☑ Johnson & Johnson Consumer, Inc.

    ☑ Imerys Talc America, Inc. ("Imerys Talc")

    ☑ Personal Care Products Council ("PCPC")

### Additional Defendants:

    ☐ Other Defendants(s) (please specify): _____

_____

_____

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) a to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

3

## JURISDICTION & VENUE

### Jurisdiction:

9.    Jurisdiction in this Short Form Complaint is based on:

☑ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in

sufficient detail as required by the applicable Federal Rules of Civil Procedure).

_____

_____

### Venue:

10.   District Court(s) and Division (if any) in which venue was proper where you might have

otherwise filed this Short Form Complaint absent the direct filing Order entered by this

Court and to where remand could be ordered by the Judicial Panel for trial:

   United States District Court, Southern District of Indiana

_____

## CASE SPECIFIC FACTS

11.   Plaintiff currently resides in Union City, Indiana.

12.   At the time of the Plaintiff's Decedent's diagnosis with talcum powder products injury,

Plaintiff's Decedent resided in Union City, Indiana.

13.   The Plaintiff's Decedent was diagnosed with talcum powder products injury in

   Muncie                          , Indiana on or about July 7, 2008.

14.   To the best of Plaintiff's knowledge, Plaintiff's Decedent began using talcum powder

products on or about the following date:   My mother used the talc powder for 20 to 30

4

years and continued the use of talcum powder products through about the following date:

___July 7, 2008_____.

15.   The Plaintiff's Decedent purchased talcum powder products in the following states:

Indiana _____.

16.   Plaintiff's Decedent used the following talcum powder products:

☑ Johnson & Johnson's Baby Powder

☐ Shower to Shower

17.   Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.   The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff:

☑ Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☑ Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☑ Count III:  Products Liability – Strict Liability – Defective Manufacture and Design (Against Imerys Talc)

☑ Count IV:  Products Liability – Strict Liability – Defective Manufacture and Design (Against the Johnson & Johnson Defendants)

☑ Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☑ County VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☑ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☑ County VIII:  Negligence (Against Imerys Talc)

☑ Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☑  Count X:  Negligence (Against PCP)

☑  County XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☑  Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☑  Count XIII:  Fraud (Against PCPC)

☑  Count XIV:  Violation of State Consumer Protection Laws of the State of Indiana___   (Against the Johnson & Johnson Defendants).

☑  Count XV:  Fraudulent Concealment (Against Imerys Talc)

☑  Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☑  County XVII:  Fraudulent Concealment (Against PCPC)

☑  County XVIII:  Civil Conspiracy (Against All Defendants)

☑  County XIX:  Loss of Consortium (Against All Defendants)

☑  County XX:  Punitive Damages (Against All Defendants)

☑  Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☑  County XXII:  Wrongful Death (Against All Defendants)

☑  County XXIII:  Survival Action (Against All Defendants)

☐  Furthermore, Plaintiff asserts the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above.  If Plaintiff includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled in Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure.  _____

_____

**WHEREFORE,** Plaintiff, in her individual capacity and as Special Administrator for the Estate of Martha Jane Odle, prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

Respectfully submitted,

Daniel N. Abraham  (OH-0023457)
Colley Shroyer & Abraham Co. LLC
536 South High Street
Columbus, Ohio 43215
Tele:  (614) 228-6453
Fax:   (614) 228-7122
Email:  dabraham@csajustice.com
Counsel for Plaintiff
April Hanaway, Individually and as
Special Administrator for the
Estate of Martha Jane Odle, Deceased

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated:  September __6__, 2017

Daniel N. Abraham    (OH-0023457)