# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG |
| THIS DOCUMENT APPLIES TO ALL ACTIONS | MDL No. 2738 |

## CASE MANAGEMENT ORDER NO.
### (Re-filing of Complaints Subject to Personal Jurisdiction Objections)

WHEREAS, some actions in this MDL proceeding originally filed in federal or state courts across the United States have been or may be challenged for lack of personal jurisdiction (including actions now pending in this proceeding by reason of (a) removal to federal court and then transfer to this MDL proceeding or (b) transfer to this MDL proceeding after being first instituted in a federal court);

WHEREAS, some counsel believe some such actions may have been impacted by the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County, et al.,* 582 U.S. _____ (June 19, 2017);

WHEREAS, some such actions have been dismissed or may be subject to dismissal on personal jurisdiction grounds;

WHEREAS, some of those actions may be time-barred under applicable statute of limitations principles because they may be found not to have been properly filed in their original venues and the time to file a new action in a proper venue has expired; and

WHEREAS, plaintiffs' lead counsel and defendants wish to facilitate the re-filing of such actions in this MDL proceeding by tolling applicable limitations periods;

NOW, THEREFORE, subject to the approval of this Court, plaintiffs' lead counsel and defendants in this MDL proceeding hereby agree and stipulate as follows:

1. The limitations periods applicable to any individual talc-related personal injury action within the definition of this MDL proceeding that was originally filed in a federal or state court arguably lacking personal jurisdiction shall be tolled for the period between the date on which that action was originally filed through the deadline stated in Paragraph 2, provided that such actions are either: (a) re-filed in this Court pursuant to Case Management Order No. 2 (ECF No. 102) entered in this proceeding on February 7, 2017 (the "Direct Filing Order"); or (b) re-filed in another federal district court and transferred to this MDL proceeding without objection pursuant to 28 U.S.C. § 1407.

2. Such tolling shall be applied only to actions re-filed as specified in this Order within 60 days of the date of this Order.

3. As to any re-filed actions, defendants reserve all rights to object on improper venue, personal jurisdiction, or other appropriate grounds to the "Original District" specified in the Complaint (if the action is re-filed in this Court pursuant to the Direct Filing Order) or to the district in which the action is re-filed (if the action is re-filed in another federal district court).  Said objections are preserved, and motions asserting such challenges need not be filed until such time as the case is ready for remand.

4.  If the action is timely re-filed pursuant to this Case Management Order (the "re-filed action") and the re-filed action is then dismissed for lack of personal jurisdiction, any tolling provided by Paragraph 1 of this Order shall not apply during the period the re-filed action was pending.

5. Any action re-filed pursuant to the Direct Filing Order shall be served on defendants in accordance with Case Management Order No. 3 (ECF No. 148) entered in this proceeding on March 28, 2017.

6. Any Complaint filed pursuant to this Order shall include a notation on the first page that it is a "Case Management Order No. 8 Matter."

7. Any Short Form Complaint filed pursuant to this Order that is a re-filing of claims already pending in this MDL proceeding shall include a notation on the

first page indicating the caption and docket number of the existing action in which those claims were originally asserted.

**SO ORDERED.**

This the 6th day of September, 2017.

Hon. Freda L. Wolfson, U.S.D.J