# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

## ORDER REGARDING SPECIAL MASTER'S DUTIES AND AUTHORITY

**THIS MATTER** having been opened to the Court *sua sponte* regarding the appointment of a special master to oversee discovery disputes that may arise in this litigation pursuant to Fed. R. Civ. P. 53; and the Court having entered an Order on August 30, 2017 appointing Hon. Joel A. Pisano (Ret.) as Special Master in this MDL proceeding; and it appearing that the parties have agreed to the following duties of Hon. Joel A. Pisano (Ret.) as Special Master; the Court hereby holds as follows:

### 1. Duties of the Special Master

The Special Master shall proceed with all reasonable diligence to resolve all discovery disputes in any case in the above-captioned MDL proceeding that are referred to the Special Master by the Court.

The Special Master shall have the rights, powers, and duties provided by Rule 53 and may adopt such procedures that are not inconsistent with this rule or other orders of the Court.

The Special Master shall maintain a complete record of the evidence considered in making or recommending findings of fact on the basis of the evidence. All substantive hearings before the master shall be stenographically recorded by a court reporter, subject to the Special Master's preferences and the agreement of both parties. The court reporter shall make such transcripts available to the Special Master within 7 days of the hearing.

As an agent and officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability and damages as those enjoyed by other federal judicial adjuncts performing similar functions.

**2. Ex Parte Communications**

Fed. R. Civ. P. 53(b)(2)(B) directs the Court to set forth the circumstances in which the Special Master may communicate *ex parte* with the Court or parties. The Special Master may communicate *ex parte* with the Court at his discretion, without providing notice to the parties, for the purposes of providing updates on the status of the proceedings. The Special Master may not communicate *ex parte* with any attorney on substantive matters without providing notice and giving the other party the opportunity to object. The Special Master may have *ex parte* communications

with attorneys regarding administerial matters. Where the Special Master engages in an *ex parte* communication a record shall be kept of any such communication.

### 3. Judicial Review of Special Master's Findings/Recommendations

After issuing an order, the Special Master shall reduce the order or report to writing and file it electronically on the case docket via Electronic Case Filing ("ECF").

Any party objecting to an order or report of the Special Master shall file such objections within fourteen (14) days after service of the Special Master's order or report, which shall be filed with the objections and shall be deemed a recommendation to this Court.

The Court shall review the findings of the Special Master according to the standards of review set forth in Fed. R. Civ. P. 53(f)(3)-(5). Any appeals shall be heard by the Hon. Freda L. Wolfson, U.S.D.J.

### 4. Compensation of the Special Master

The Special Master shall receive a fee of $700 per hour for his services.

Generally, all fees and costs associated with the Special Master shall be split equally, with Defendants collectively responsible for half and Plaintiffs collectively responsible for half, unless otherwise ordered by the Special Master for good cause shown. Plaintiffs shall decide amongst themselves how to allocate Plaintiffs' share

among Plaintiffs' law firms. Defendants shall decide amongst themselves how to allocate Defendants' share amongst themselves.

The Special Master may utilize the services of associates or assistants in his firm in order to fulfill his responsibilities in the most efficient manner possible and at the least cost to the parties. A schedule of fees is attached as Exhibit A.

The Special Master's Compensation shall be borne solely by those parties who executed the Special Master Retention agreement, unless otherwise ordered by the Special Master or the Court. A separate retention letter setting forth the financial terms of that arrangement is available to any party to this proceeding upon request.

### 5. Affidavit

Fed. R. Civ. P. 53(b)(3) requires a Special Master to submit an affidavit "disclosing any ground for disqualification under 28 U.S.C. § 455" before appointment. A copy of Judge Pisano's affidavit is attached to this order as Exhibit B. The Special Master and parties shall notify the Court immediately if they become aware of potential grounds for disqualification.

### 6. Procedures

The submissions related to any discovery motion authorized by the Special Master shall be submitted directly to the Special Master via email in electronic format. All motion papers shall comply with applicable Federal or Local Rules of Civil Procedure, unless otherwise ordered by the Special Master. Nothing herein

shall preclude the Special Master from adopting or utilizing informal procedures to resolve disputes including, but not limited to, in-person or telephone conferences, a requirement that the parties meet and confer, submission and/or exchange of letters in lieu of briefs, or any other method chosen by the Special Master.

### 7. Contact Information

The Special Master's name, business address, and telephone number are as follows:

> Hon. Joel A. Pisano (Ret.)
> Walsh Pizzi O'Reilly Falanga
> 1037 Raymond Blvd.
> Suite 600
> Newark, NJ 07102
> (983)757-1100

_____
Hon. Freda L. Wolfson, U.S.D.J.

# Exhibit A

## In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation

### 3:16-MD-02738-FLW-LHG

### Special Master Fee Schedule

| Walsh Pizzi O'Reilly Falanga LLP<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 600<br>Newark, New Jersey 07102 ||
|---|---|
| Hon. Joel A. Pisano, U.S.D.J. (Ret.) | $700 per hour |
| Colleen Maker, Esq. | $285 per hour |
| Gerhard Buehning, Esq. | $285 per hour |
| Paralegals | $190 per hour |

# Exhibit B

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

IN RE: JOHNSON & JOHNSON PRACTICES, AND PRODUCTS LIABILITY LITIGATION

MDL No. 2738 (FLW) (LHG)

## DECLARATION OF JOEL A. PISANO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53

I, Joel A. Pisano, hereby declare and state as follows:

1. I am an attorney of the State of New Jersey, and Of Counsel at Walsh Pizzi O'Reilly Falanga, LLP (the "Walsh Pizzi firm").

2. I respectfully submit this Declaration in support of my appointment as Special Master pursuant to Federal Rule of Civil Procedure 53.

3. In August 2017, The Honorable Freda L. Wolfson, U.S.D.J., informed me that she was considering appointing me to serve as a Special Master in the above-captioned case.

4. After the Court advised me that I was being considered to be a Special Master in the above-referenced matter, I reviewed the pleadings and checked my firm's conflict system to determine whether there was any conflict that would require disclosure to the Court and the parties, or that would otherwise preclude me from serving as Special Master.

5. The conflict check revealed that no party to this case is represented by the Walsh Pizzi firm, nor have I ever been associated with any of the parties to the case.

6. I am confident that neither I nor the Walsh Pizzi firm are involved in any matter with a party to this case, or represent any party in this case, or have any relationship with any counsel for a party in this case, which would preclude me from accepting the appointment of the Court pursuant to Federal Rule of Civil Procedure 53.

7. One disclosure is needed here: Prior to the creation of the Walsh Pizzi firm, some of our attorneys practiced at Connell Foley LLP. I understand that Connell Foley represented Imerys Talc, a defendant in this case, in an unrelated case. During my short time at Connell Foley, I had no involvement in that case. In the event any attorney at the Walsh Pizzi firm was involved in that representation while associated with Connell Foley, I will ensure that he or she is walled off and will have no involvement with my efforts as Special Master in this case.

8. I am aware that Plaintiffs' counsel have raised various objections to my appointment. I have read the letters of August 18 and August 21, 2017, in which those objections are stated.

    a. The first objection was based upon the fact that I am not a woman, and plaintiffs' counsel prefer the appointment of a woman. I believe that Judge Wolfson rejected that objection in her letter of August 18. I do not know if further inquiry on this subject is warranted, but suffice it to say, I am associated with a women-owned firm, the majority of my former law clerks are women, I have been married to the same woman for 46 years, my dentist is a woman, and I am happy to answer any relevant questions which counsel may have on that subject.

    b. The objection to my appointment raised in their August 21 letter is based upon counsels' concern that my association with the Walsh Pizzi firm presents a conflict of interest which disqualifies my service because the Walsh Pizzi firm has represented

Pfizer, Merck, and "several large pharmaceutical and cosmetic manufacturers." While I believe that general statement to be true, I do not see the basis for my disqualification.

c. As to Pfizer, my only contact with the "Eye Drop" suit, where the Walsh Pizzi firm served as local counsel, was to review appellate arguments in advance of Pfizer's defense in the Third Circuit. I do not know the current status of that case. Pfizer is not a party to this case. As to Pfizer's subsidiary being a member of PCBC, I have no knowledge whatsoever. Nor do I have any knowledge about any Pfizer involvement in any asbestos-related case, or in any other case, for that matter.

d. As to Merck, the only case in which the Walsh Pizzi firm represented Merck was the Hetero USA matter, where the Walsh Pizzi firm served as local counsel. I understand that the case was settled before discovery was had. I had no involvement in that case. And, as with Pfizer, I am unaware of any Merck association with PCBC or its talcum powder business, if any.

e. Counsel's letter of August 21 concludes that "these facts raise reasonable questions regarding [my] impartiality, [my] knowledge of the disputed facts, and whether [my] continuing interest in [my] current firm might be affected by these proceedings". First, I have presided over thousands of cases in my career as a judge, and never has my impartiality been questioned, particularly before I have even gotten assigned to a case. I state without hesitation that I have no bias for or against any party to this case. Second, I have no knowledge at this time of any of the disputed facts of this case, other than what may have been published in newspapers. Third, my interest in the Walsh Pizzi firm will not be "affected" in any way—I am not a partner of the firm, I do not share in firm profit, and my compensation is simply by regular salary.

f. I have been appointed Special Master in several cases, both in federal and state courts in New Jersey.[1] I have taken my role in that capacity seriously and with an end to follow the court's directions, in order to provide efficient attention to issues of case management. I have served in this capacity in matters involving thousands of documents, multiple disputes over deposition scheduling and content, review of disputed privileges, and I have rendered recommendations for decisions on motions. I further understand that the work of a Special Master is subject to review by the court. I am aware of the need to respect the parties' resources, and I commit, if given this appointment, that I and my staff will work diligently and efficiently to assist the parties in this case.

Dated: August 23, 2017

_____
Joel A. Pisano
Walsh Pizzi O'Reilly Falanga LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
Telephone: (973) 757-1035

---

[1] I have been appointed to serve as Special Master in the following cases: *Carpenter Co., et al. v. BASF SE, et al. (Urethane Antitrust)*, 2:08-cv-05169 (WJM-MF); *The Weitz Co., LLC v. Alpine Country Club, et al.*, 12-cv-6610 (JMV-JBC); *Milington Quarry, Inc. et al. v. Tilcon New York, Inc., et al.*, SOM-L-261-12; *McLain v. Brown*, BER-C-313-16; *Ohio Casualty Insurance Co., et al. v. Wal-Mart Stores, Inc., et al.*, 16-4029 (MAS-LHG); *Care One Management, LLC et al. v. United Healthcare Workers East, SEIU et al.*, 12-6371 (SDW-MAH); *The Islamic Society of Basking Ridge, et al. v. Township of Bernards, et al.*, 16-cv-01369 (MAS-LHG); *Haines, et al. v. Liggett Group, et al.*, 2:84-cv-678.