## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------
IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION
-------------------------------------------------

:
:
:
:
:
:
:
:
:

Civil Action No. 3:16-md-2738-FLW-LHG

MDL No. 2738

## PROPOSED JOINT AGENDA AND REPORT
## FOR OCTOBER 5, 2017 STATUS CONFERENCE

### I.   STATUS OF DISCOVERY

The parties have continued their meet and confer efforts on the status of discovery, including the scope of discovery after the last case management conference.  A joint letter discussing the status of current discovery issues was submitted to Judge Pisano on October 2, 2017 in preparation for the meeting with Judge Pisano on October 4, 2017.  A copy of this letter has been sent to the Court under separate cover.

### II.   MOTION TO STRIKE

Following the Court's direction at the last status conference, the Johnson & Johnson Defendants have gone back and reviewed the history of document production and issues surrounding the Mehaffy Weber memo.   The parties submitted a letter to the Court responding to the Court's questions on these issues on October 2, 2017.  A copy of this letter was also sent to Judge Pisano to be discussed in more detail at the October 4, 2017 meeting.

### III.   SAMPLES AND MUSEUM ARTIFACTS DISCOVERY

The parties have continued to meet and confer on a way to resolve the dispute regarding samples discovery and testing of museum artifacts.  The status of

this issue is described in further detail in the October 2nd letter submission to Judge Pisano.

## IV.   DEPOSITIONS OF DR. JIJO JAMES AND DR. SUSAN NICHOLSON

**Johnson & Johnson Defendants' Position:**

Plaintiffs in the Missouri state case, *Ingham, et al. v. Johnson & Johnson, et al.*, No. 1522-CC10417-01, noticed the deposition of two company witnesses of the Johnson & Johnson Defendants for Saturday, October 7, 2017.  The notices were served and the depositions will be taken by a lawyer from one of the firms on the MDL Plaintiffs' Steering Committee.  The depositions were scheduled for one day, on a Saturday, in an effort to accommodate the personal schedule of plaintiffs' counsel.

Consistent with federal and state coordination practices Defendants cross-noticed these depositions on September 22, 2017 in the MDL.  As the Court is aware, this was previously done for the deposition of Dr. Joanne Waldstreicher, Chief Medical Officer of Defendant Johnson & Johnson, which went forward with coordination and without incident.  On this same day, Defendants sent Judge Pisano a letter notifying him of the depositions and requesting his presence at the depositions to address live discovery disputes.

On September 27, 2017, Plaintiffs in the *Ingham* case filed a motion for a protective order essentially seeking to limit the depositions of Dr. James and Dr. Nicholson to the *Ingham* case only and requesting that "the depositions be officiated by Special Master Hon. Glenn A. Norton (ret.)", the special master of the Missouri state court talc cases.  Plaintiffs cite the limited amount of time for depositions as a reason for limiting the depositions to this Missouri case.  Defendants will formally object to this motion in Missouri, but we wanted to keep the Court apprised of these ongoing discovery issues for purposes of federal and state coordination.

The parties have made efforts in this litigation to limit duplicative discovery, and this Court has made clear that witnesses should be deposed one time, to the extent possible.  Defendants understand that the time for these depositions has been limited pursuant to counsel's other commitments in the Missouri cases.  If the MDL lawyers need to reconvene these depositions at a later date to explore new discovery or for non-repetitive questioning, Defendants will not object.  However, to the extent duplicative discovery can be limited by attendance and even

participation of the MDL lawyers in these depositions, Defendants' position is that the depositions should also proceed in the MDL. Defendants and their witnesses should not be inconvenienced by having to sit through multiple depositions with duplicative questioning because the personal schedule of one lawyer in a state court case cannot accommodate a more lengthy deposition.

Defendants strongly disagree with plaintiffs' (mis)characterization of Dr. Waldstreicher's testimony, Plaintiffs' spin on the Court's comments and rulings on discovery, and Plaintiffs' (mis)characterization of their intent on the meet and confer process and the defense response to same.

**Plaintiffs' Position:**

The Ingham case, pending in the City of St. Louis, Missouri, includes a single-injury case scheduled to proceed to trial on January 29, 2018. In anticipation of that trial, the Ingham plaintiffs noticed the deposition of two J&J corporate witnesses, Drs. Nicholson and James. Dr. Nicholson is the Vice President of Safety Surveillance and Risk Management in the Office of Consumer Medical Safety at Johnson & Johnson Consumer Inc., and Dr. James is Johnson & Johnson Consumer Inc.'s Chief Medical Officer. The Ingham plaintiffs sought these two J&J corporate witnesses in that case because these two witnesses were identified by Dr. Joanne Waldstreicher as being specifically responsible for reviewing the scientific literature about talc and because they were involved in reassuring J&J that the product was "free of asbestos."

Originally, these depositions were scheduled for August 2nd. Subsequently, the Ingham plaintiffs re-noticed the depositions for September 1, 2017. J&J objected to the September 1st date. The Inghams' trial counsel, Mark Lanier, has limited availability because of a trial involving Johnson & Johnson's Pinnacle hip implant, so the parties agreed to half-day depositions of each deponent on Saturday, October 7.

The PSC have written Judge Pisano, seeking an order striking the cross notices for four reasons. First, the MDL Court itself has indicated that depositions in these MDL proceedings should *not* occur until *after* written discovery and document production are substantially complete in the MDL. This discovery would *include* asbestos discovery that the J&J Defendants have previously refused to produce in the MDL. J&J has *not* yet complied with the Court's directive to supplement written discovery in compliance with the Court's instructions.

Second, far from attempting to *coordinate* the Nicholson and James depositions with the PSC as it should have if it intended to cross notice them here, J&J has been adamantly *opposed to* depositions in the MDL and has resisted *any* attempt to set them. See, e.g., Joint Letter to Judges Wolfson and Goodman at 16, Aug. 5, 2017 (The PSC's requested depositions "should be held in abeyance"). Having taken the position that it is premature to have depositions in the MDL—a position that the Court only recently addressed—it is inconsistent for J&J to now seek to require the PSC to participate in a hastily convened deposition of these important J&J witnesses.

Notably, and with respect to depositions of J&J witnesses, the PSC has *repeatedly* sought to confer with J&J about depositions since the September 6th status conference. Despite the PSC's repeated requests, J&J has not yet conferred on this issue. According to J&J's most recent correspondence, it is still "considering [the PSC's] deposition requests." Although the Court specifically directed the parties to confer on this and other issues, J&J has indicated that it would not be prepared to *even begin* discussing depositions and other requests the Court ordered until Monday, October 1st.

Third, J&J has been directed to revise its written discovery and to produce documents that the Court determined on September 6th are within the scope of permissible discovery. Regarding these "discovery related requests" J&J has informed the PSC that it is "working to respond in line with the Court's now expanded guidance." Thus, documents relating to these witnesses—including asbestos-related documents—have not been produced, creating yet another impediment to the PSC conducting a fair deposition of these witnesses.

Fourth, and perhaps most importantly, it is clear that the PSC will be unable to meaningfully participate in this deposition on behalf of the thousands of litigants whose cases are pending in this MDL. The depositions of these important witnesses are, by agreement between the Ingham plaintiffs and the J&J defendants—*but not the PSC*—limited to a mere half-day each. The Ingham plaintiffs intend to use the entire time allotted, making it impossible for the counsel from the MDL to participate.

## V.   REQUEST FOR *DAUBERT* HEARING DATE

Defendants respectfully request that the Court set a date for a *Daubert* hearing.

## VI.   REPORT ON FEDERAL DOCKET

As of September 29, 2017:

   a.   There are currently <u>1,073 cases</u> pending in the MDL in which the
        Johnson & Johnson Defendants have been served (and have
        opened case nos.), totaling <u>2,688 Plaintiffs</u> (including <u>1,513</u>
        <u>Plaintiffs</u> in <u>25 multi-plaintiff</u> cases removed from Missouri state
        court, <u>102 Plaintiffs</u> in *Harders* removed from Illinois state court,
        <u>11 Plaintiffs</u> in *Lovato* removed from New Mexico state court, <u>2</u>
        <u>Plaintiffs</u> in *Robb* removed from Oklahoma state court and <u>17</u>
        <u>plaintiffs</u> from the *Crenshaw* case from the Middle District of
        Georgia).

        Individual Plaintiffs in the multi-plaintiff cases are in the process
        of filing Short Form Complaints on individual dockets.  Thus far,
        all of the individual Plaintiffs in the following multi-plaintiff cases
        have filed Short Form Complaints on individual dockets: *Charmel*
        *Rice, et al.* and *Lillie Lewis, et al.*

   b.   There are currently 7 multi-plaintiff cases removed from Missouri
        state court and currently pending in the Eastern District of
        Missouri, discussed below, that the JPML has not yet considered
        (totaling 466 plaintiffs).   Motions to dismiss and motions to
        remand have been filed in each of these cases.   In one case,
        *Jinright v. Johnson & Johnson, et al.*, Docket No. 4:17-cv-01849,
        the Eastern District of Missouri granted Defendants' motion to
        dismiss and denied Plaintiffs' motion to remand on August 30,
        2017.   Since the last status conference, 19 cases involving 1524
        plaintiffs have been remanded from the Eastern District of
        Missouri to Missouri state court.

        The 7 multi-plaintiff cases pending in the Eastern District of
        Missouri are listed below along with the judges to which they are
        assigned.

        <u>**Judge Henry E. Autrey**</u>

1. Evelyn Austin, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01848 (CTO-48)

**Magistrate Judge John M. Bodenhausen**

2. Karen Thompson, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01654 (CTO-44)

**Judge Jean C. Hamilton**

3. Tiffany Hogans, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01842 (CTO-48)

4. Lesa M. Moore, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01856 (CTO-48)

**Judge Stephen N. Limbaugh Jr.**

5. Jerie Rhode, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01554 (CTO-42)
6. Anna Gallardo, et al. v. Johnson & Johnson, et al., Case No.: 4:17-cv-01601 (CTO-43)

**Judge E. Richard Webber**

7. Rebecca Jinright, et al., v. Johnson & Johnson, et al., Case No.: 4:17-cv-01849 (CTO-48)

c. There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL but would not greatly affect the number absent the plaintiffs in the multi-plaintiff cases.

d. On September 27, 2017, plaintiff and defendants agreed to the dismissal of the Oules case pending in the District of Columbia Superior Court.  Plaintiffs reserved the right to refile this case in the MDL.

## VII.    STATE COURT LITIGATION

As of September 29, 2017:

**California:**  There are 168 cases with 731 plaintiffs in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877.  These cases are assigned to Judge Maren E. Nelson. Pre-trial, a *Sargon* hearing was held on the admissibility of expert testimony. Imerys Talc America was dismissed from *Echeverria* on its motion for summary judgment.  Trial in the *Echeverria* case resulted in a plaintiff verdict awarding compensatory and punitive damages on August 21, 2017.  Post-trial motions, including a motion for new trial and motion for judgment notwithstanding the verdict, have been  filed.  The hearing on the Johnson & Johnson Defendants' post-trial motions will be held on October 12, 2017.

**Delaware**:  There are currently 89 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served.  All of the Delaware cases have been consolidated before the Hon. Charles E. Butler.  On January 19, 2017, the Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction.  On January 31, 2017, Plaintiffs served jurisdictional discovery.  On March 2, 2017, the Johnson and Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery.  Briefing on the motion for protective order was completed on April 17, 2017 and is awaiting an argument date.  Judge Butler ordered additional briefing from all parties on the *Bristol Myers* decision to be submitted by September 4, 2017.

**Missouri:**  There are currently 15 cases pending in the 22nd Judicial Circuit Court, St. Louis (City).  Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Rex Burlison is set to begin October 16, 2017, and is expected to last several weeks.  The Court denied Defendants' Motion to Stay in that matter in which Defendants asked the Court to delay the trial pending the resolution of personal jurisdictional challenges and any jurisdictional discovery.  Trial in the case of *Blaes, et al. v. Johnson & Johnson, et al.* before Judge Rex Burlison began June 9, 2017.  On June 19, 2017, the Court granted Defendants' Motion for Mistrial in the *Blaes, et al.* case following the United States Supreme Court's decision issued in *Bristol-Meyers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) that same day.  Trial in the case of *Slemp v. Johnson & Johnson, et al.* resulted in a Plaintiff verdict on May 4, 2017, against both Johnson & Johnson Defendants and Imerys. Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3,

2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter).  Post-trial motions were filed.  Appeals are pending from judgments against Johnson & Johnson Defendants entered in favor of plaintiffs in the *Jacqueline Fox* and *Gloria Ristesund* cases.  An appeal is pending from a judgment against Johnson & Johnson Defendants and Imerys entered in favor of the plaintiff in the *Deborah Giannecchini* case.

Additionally, on July 11, 2017, the Missouri Supreme Court issued Orders denying the Johnson & Johnson Defendants and Imerys' pending petitions for writs of prohibition regarding dismissal of non-Missouri plaintiffs' claims related to the *Valerie Swann* matter.  The Missouri Supreme Court "denied [the petitions] without prejudice to filing a motion in circuit court to dismiss nonresident plaintiffs based on the opinion of the Supreme Court of the United States in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), which is dispositive on the issue."

**New Jersey:**  There are currently 228 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300.  The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, with the exception of cases where *in extremis* plaintiffs have chosen to proceed for the limited purpose of preserving their testimony in anticipation of their death.  The briefing on the appeals is now complete.

**Florida:**  There are two cases pending in Broward County, Florida before Judge Michael A. Robinson:  *Deborah Bluth v. Johnson & Johnson, et al* (CACE17012421) and *Judith Ricketts v. Johnson & Johnson, et al.* (CACE17001153). There is one case pending in Miami-Dade County, Florida before Judge Rodolfo Ruiz: *Stephanie Farrington v. Johnson & Johnson, et al.* (2016-16715-CA-01).

**Georgia:**  There is one case pending in state court in Fulton County, Georgia before Judge Jane Morrison:  *Diane Brower v. Johnson & Johnson, et al.* (16EV005534).

**Illinois:** There are three cases pending in Madison County, Illinois state court before Judge William Mudge: *Nicole Grant v. Johnson & Johnson, et al.* (2016L000736); *Judyth Harlan v. Johnson & Johnson, et al.* (2015L000084); and *Candace Lewis v. Johnson & Johnson, et al.* (2015L000409), one case pending in

Cook County, Illinois before Judge Daniel T. Gillespie: *Andrea Harris v. Johnson & Johnson, et al.* (2017L002169), and one case pending in McLean County, Illinois before Judge Rebecca Foley: *Diane Doty v. Johnson & Johnson, et al.* (2017L000050).

**Pennsylvania:** There is one case pending in state court in Allegheny County, PA before Judge Robert Colville: *Lori Mendicino v. Johnson & Johnson, et al.* (GD-17-4176).

## VIII.   STATUS OF PENDING MOTIONS

   a. The status of motions pending in individual cases is attached hereto as Exhibit A.

   b. On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51. The Court dismissed and entered judgment in Estrada's lawsuit on August 10, 2017. ECF No. 53. Estrada intends to appeal that decision. No other motions are pending with regard to the Consumer Class Cases.

   With regard to *Mihalich v. Johnson & Johnson et al.,* although plaintiffs disagree with the ruling in *Estrada*, parties in *Mihalich* submitted a short stipulation and proposed order requesting the dismissal of *Mihalich* on the same basis as *Estrada* on XXX.

   c. Personal Care Products Council's motion to dismiss is currently pending. Briefing is complete.

   Respectfully submitted,

   *s/Susan M. Sharko*
   Susan M. Sharko
   DRINKER BIDDLE & REATH LLP
   600 Campus Drive
   Florham Park, New Jersey 07932
   Telephone: 973-549-7000
   Facsimile: 973-360-9831
   Email: susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone:  713-227-8008
Facsimile:  713-227-9508
Email:  gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Lorna A. Dotro*
Lorna A. Dotro
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone:  973-631-6016
Facsimile:  973-267-6442
Email: ldotro@coughlinduffy.com

*s/Sheryl Axelrod*
Sheryl Axelrod
THE AXELROD LAW FIRM, PC
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone:  215-461-1768
Facsimile:  215-238-1779
Email: saxelrod@theaxelrodfirm.com

_s/Michelle A. Parfitt_
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

_s/P. Leigh O'Dell_
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

_s/Christopher M. Placitella_
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

**EXHIBIT A**
**STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Bridget McBride v. Johnson & Johnson, et al.* | 3:16-cv-07891 | Plaintiff's Motion to Remand filed December 16, 2016. Fully briefed. |
| *Paul Feldman, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03163 | Plaintiffs' Motion to Remand filed May 18, 2017. Fully briefed. |
| *Bernadine Moore v. Johnson & Johnson, et al.* | 3:17-cv-04034 | Plaintiffs' Motion to Remand filed June 28, 2017. Johnson & Johnson Defendants' Opposition filed July 28, 2017. Imerys' Opposition filed July 28, 2017. |
| *Gavin v. Johnson & Johnson, et al.* | 3:17-cv-05907 | Plaintiffs' Motion to Remand filed August 10, 2017. Fully briefed. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017. Johnson & Johnson Defendants' Opposition filed October 2, 2017. Plaintiffs' Reply due October 17, 2017. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017. Johnson & Johnson Defendants' Opposition filed October 2, 2017. Plaintiffs' Reply due October 17, 2017. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017. Johnson & Johnson Defendants' Opposition filed October 2, 2017. Plaintiffs' Reply due October 17, 2017. |
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017. Johnson & Johnson Defendants' Opposition filed October 2, 2017. Plaintiffs' Reply due October 17, 2017. |
| *Sharon McBee, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *v. Johnson & Johnson, et al.* | | to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8. |
| *Sandra Lee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03548 | Plaintiffs' Motion to Remand filed September 25, 2017.  Defendants' Opposition due October 25, 2017. Plaintiffs' Reply due October 9, 2017. |
| *Ruth Carver v. Johnson & Johnson, et al.* | 3:17-cv-03549 | Plaintiffs' Motion to Remand filed September 25, 2017.  Defendants' Opposition due October 25, 2017. Plaintiffs' Reply due October 9, 2017. |

90224938.1

13