UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the ten actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., oppose all the motions, while Imerys Talc America, Inc., opposes the motions as to the seven actions in which it is a named defendant.

In support of their motions to vacate, plaintiffs in all ten actions argue that federal subject matter jurisdiction is lacking and that plaintiffs' pending motions to remand to state court should be decided by the transferor courts. Several of the Louisiana plaintiffs further argue that transfer would be inefficient because the transferee court recently ordered remand of an action that had been removed from Louisiana state court on substantially identical grounds as the actions now before us. The Panel, however, does not have the authority to determine the applicability of one judge's remand ruling in one case to other arguably similar cases, and thus we often have ordered transfer over the objection that remand is required by applicable precedent. *See, e.g., In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1871, 2013 U.S. Dist. LEXIS 143287, at *2-3 (J.P.M.L. Oct. 3, 2013) (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" based on the transferee court's prior remand decisions). These jurisdictional issues do not present an impediment to transfer, and plaintiffs can present their remand arguments to the transferee judge.[1] *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

Case 3:16-md-02738-MAS-RLS Document 2881 Filed 12/05/17 Page 2 of 4 PageID: 9586
Case MDL No. 2738 Document 931 Filed 12/05/17 Page 2 of 4

-2-

Plaintiffs in the six actions pending in Louisiana district courts and in the *Baker* action pending in the Northern District of Illinois also argue that transfer of those actions is not appropriate because plaintiffs assert claims against a unique defendant—specifically, K&B Louisiana Corp. in the Louisiana cases and Walgreen Company in the Illinois case. These defendants allegedly sold the talcum powder products to plaintiffs or their decedents.[2] Plaintiffs thus contend that these actions will involve different discovery than most of the actions in the MDL, which focus on the alleged liability of Johnson & Johnson and Imerys Talc America. Plaintiffs' arguments are not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). Plaintiffs' claims, like those of plaintiffs in the MDL, arise from a common factual core—that plaintiffs or their decedents allegedly developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products. Accordingly, transfer is appropriate. Moreover, we have transferred several actions involving claims against retailer defendants to the MDL. *See, e.g.*, Transfer Order at 1-2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738 (J.P.M.L. Aug. 3, 2017), ECF No. 738 (transferring seventeen actions from the District of Rhode Island that asserted claims against CVS Pharmacy).

Therefore, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357-58 (J.P.M.L. 2016). Plaintiffs in these actions similarly allege that they or their decedents developed ovarian cancer following perineal application of the talcum powder products.

---

[2] The Louisiana plaintiffs also contend that K&B Louisiana Corp., in addition to distributing Johnson & Johnson's talcum powder products, manufactured and distributed its own talcum powder product under its own brand name. The complaints, though, ascribe liability to K&B Louisiana Corp. for its marketing and sales of Johnson & Johnson's talcum powder products. Whether plaintiffs also were exposed to K&B Louisiana Corp.'s talcum powder products does not impact our analysis of plaintiffs' motions.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| R. David Proctor | Catherine D. Perry |

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 2738

## SCHEDULE A

Northern District of Illinois

BAKER v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-06595
MORRILL v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-06791
MAY v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-06794
JAMES v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17-06800

Eastern District of Louisiana

LIGHTFOOT v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:17-08698
COMARDELLE v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:17-08720

Middle District of Louisiana

AIKENS v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:17-00561
MOUTON v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:17-00617
SANSONE v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:17-00618

Western District of Louisiana

PECK v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:17-01125