# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

## PROPOSED JOINT AGENDA AND REPORT
## FOR DECEMBER 7, 2017 STATUS CONFERENCE

### I. STATUS OF DISCOVERY

    **a. Johnson & Johnson Defendants**

Since the last status conference, Defendants have continued to revisit the document sources from which previous collections were conducted and have expanded the scope of their searches in an effort to further address Plaintiffs' First Set of Requests for Production of Documents. Defendants began a rolling production of responsive documents in November 2017 and have produced two installments of documents that total approximately 40,000 documents. Defendants' position is that many of these documents are duplicative of what has already been produced. Defendants are presently on track to complete the production and provide supplemental written responses to Plaintiff's First Set of Interrogatories and Document Requests by December 20, 2017, consistent with the Court's November 9th order. If there are any small discrete categories of documents that, despite best efforts, lag behind a bit, Defendants will let Plaintiffs know that.

In addition, on October 2, 2017, Defendants produced in the MDL all document productions they previously produced in asbestos personal injury cases brought against the J&J group of defendants involving the use of their talcum powder products.

### b. Imerys

Imerys has completed its main document production and has responded to all written discovery requests. Imerys continues to meet and confer with the Plaintiff Steering Committee on discovery issues. A final supplemental production will be made on or before January 5, 2018.

### c. Personal Care Products Council

On November 20, 2017, counsel for Plaintiffs and The Personal Care Products Council ("PCPC") conferred regarding PCPC's June 23, 2017 document production and responses to Plaintiffs' requests for production. PCPC produced during its June production 7,798 documents (144,925 pages), which was in addition to the 2,412 documents (83,690 pages) that PCPC produced in March 2017, which had been produced in 2015 in the state proceedings. On December 1, 2017, PCPC produced its privilege log. On or before December 15, 2017, PCPC will supplement its responses to Plaintiffs' requests for production and produce a modest number of additional documents.

## II. SAMPLES AND MUSEUM ARTIFACTS DISCOVERY

The parties have continued to meet and confer on a protocol to test samples and museum artifacts in possession of the Johnson & Johnson Defendants and will present the protocol to the Court by December 20, 2017.

## III. MOTION TO QUASH

**Defendants' Position:** On November 22, 2017, plaintiffs in the California asbestos litigation noticed the deposition of Dr. Fred Pooley. Because of his health, age and the possible relevance of his deposition to this litigation, Dr. Pooley's deposition was cross-noticed in the MDL. Defendants will be prepared to discuss this issue at the status conference.

**Plaintiffs' Position:** On December 4, 2017, Plaintiffs propounded a letter to Judge Pisano copying the Court requesting an Order striking Johnson & Johnson's ("J&J") cross-notice of a state court deposition of Frederick Pooley, Ph.D scheduled to take place in Cardiff, Wales on December 13-15, 2017. (Served on December 4, 2017, attached as Exhibit 1). Importantly, a related issue concerning Defendants' cross-notice of the state court depositions of Dr. Nicholson and Dr. James was addressed by Judge Pisano at the October 4, 2017 Hearing wherein Judge Pisano

ruled that Plaintiffs' application to strike the cross-notices was granted. (*See* Exhibit 2, Special Master Order, October 13, 2017).

## IV.   DISCOVERY SCHEDULE

**Plaintiffs' Position:**  Defendants have requested both expert report deadlines dates for Daubert hearings. (*See* Section V, below).  As previously discussed with the Court, the PSC believes that any deadlines relating to experts must also include a discovery period where the PSC can review documents produced by defendants and the parties can conduct depositions.

Both the Court and the Special Master have directed that depositions cannot commence in the MDL until *after* written discovery is exchanged.  Defendants J&J and Imerys sought, and received a 45–90 day extension to produce its documents. See Amended CMO No. 9, Doc 2050 (Nov. 9, 2017). According to Amended CMO 9, Defendants will not be complete their document production until early January 2018.

**Defendants' Position:**   Per Amended CMO 9, the Johnson & Johnson Defendants must produce all documents and supplemental responses to written discovery by December 20th, and Imerys must produce all documents by January 5th.  The Johnson & Johnson Defendants are willing to work with Plaintiffs to set deposition dates for the four fact witnesses previously identified by Plaintiffs for deposition, but Defendants' position is that a more specific discovery schedule beyond that is unnecessary for *Daubert* purposes.

## V.   *DAUBERT* HEARING

**Defendants' Position:** Defendants respectfully request that the Court set a date for the service of the reports of Plaintiffs' experts.  Until Plaintiffs' expert reports are served, it is premature for Defendants to identify their experts.

**Plaintiffs' Position:**  On November 6, 2017, pursuant to CMO 9, the Plaintiffs identified and provided a brief summary of the expert's area of expertise and topics expected to be discussed by the experts. Plaintiffs respectfully request that the Court set a date for the Defendants to identify and provide a brief summary of their expert's expertise and exchange this information with the parties. Plaintiffs submit that no Daubert schedule be set until Defendants identify their experts in the same manner as Plaintiffs. Moreover Plaintiffs submit that the Parties entertain discussions

3

regarding a Discovery schedule that addresses the remaining discovery and expert deadlines.

## VI. STATUS OF CASES RE-FILED IN THE MDL PER CMO 8

Per CMO 8, Plaintiffs were to refile cases in bundled complaints by November 6, 2017. As of December 1, 2017, 1,947 Plaintiffs filed Short Form Complaints on individual dockets pursuant to CMO 8. As of December 1, 2017, 375 Plaintiffs from bundled complaints in cases pending in the MDL have not re-filed Short Form Complaints on individual dockets pursuant to CMO 8. The parties have negotiated a stipulation to allow Plaintiffs who originally filed their claims in the California Coordinated Proceeding an additional 30 days to refile their Complaints in this MDL. The parties are also discussing stipulations that would allow non-diverse California and New Jersey residents the opportunity to refile their cases in California or New Jersey state courts, consistent with the provisions of CMO 8.

## VII. RE-FILING OF CLAIMS PENDING IN MDL IN STATE COURT

Defendants have become aware of a multi-plaintiff talc action (*Cartwright*) filed several weeks ago in Missouri state court (St. Louis) in which the overwhelming majority of plaintiffs have claims that were previously transferred into this MDL proceeding and remain pending here. Obviously, those 37 plaintiffs cannot simultaneously pursue their claims in two forums, and they are not at liberty to unilaterally dismiss their claims before this Court because answers have been filed as to their original complaints. Fed. R. Civ. P. 41(a)(2). Plaintiffs have proposed resolving this issue by (a) proceeding with the filing of short-form complaints on behalf of those 37 plaintiffs in this MDL forum and (b) dismissing without prejudice the claims filed against the J&J Defendants and Imerys in the new Missouri action. The parties are discussing that proposal.

## VIII. REPORT ON FEDERAL DOCKET

As of December 1, 2017:

    a. There are currently <u>3,659 cases</u> pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case nos.),

4

totaling 4,003 Plaintiffs (including 324 Plaintiffs in 34 multi-plaintiff cases removed from Missouri state court that have not filed Short Form Complaints on individual dockets,  23 Plaintiffs in *Harders* removed from Illinois state court that have not filed Short Form Complaints on individual dockets, 11 Plaintiffs in *Lovato* removed from New Mexico state court that have not filed Short Form Complaints on individual dockets, 1 Plaintiff in *Robb* removed from Oklahoma state court that have not filed Short Form Complaints on individual dockets and 16 plaintiffs from the *Crenshaw* case from the Middle District of Georgia that have not filed Short Form Complaints on individual dockets).

Individual Plaintiffs in the multi-plaintiff cases are in the process of filing Short Form Complaints on individual dockets.  Thus far, all of the individual Plaintiffs in the following multi-plaintiff cases have filed Short Form Complaints on individual dockets: *Charmel Rice, et al.*, *Karen Glenn, et al.*, and *Lillie Lewis, et al.* Additionally, all of the individual Plaintiffs in the *Clyde Lagrone, et al.* and *Mary Rea, et al.* multi-plaintiff cases have filed Short Form Complaints on individual dockets, except individual Plaintiffs Clyde Lagrone and Mary Rea.

There are an additional seven Plaintiffs named as the lead Plaintiffs in multi-plaintiff cases who did not refile Short Form Complaints on individual dockets, but filed a Short Form Complaint in their corresponding multi-plaintiff case dockets.  These include the lead Plaintiffs from five multi-plaintiff cases removed from Missouri state court (*Brenda Anderson, et al.*, *Lillie Lewis, et al.*, *Anastasia Paniagua o/b/o Manuela Maria Diaz, et al.*, J*erie Rhode, et al.*, and *Charmel Rice, et al.*), Marie Robb in the *Robb* case removed from Oklahoma State, and Deborah Crenshaw from the *Crenshaw* case originally filed in the Middle District of Georgia.

b. There is currently 1 multi-plaintiff case and 1 single-plaintiff case removed from Missouri state court and currently pending in the Eastern District of Missouri, discussed below, that the JPML has not yet transferred into the MDL (totaling 74 plaintiffs).  Motions to dismiss and motions to remand have been filed in both of these cases.  Since the last status conference, 7 multi-plaintiff cases

involving 466 plaintiffs have been transferred to the MDL from the Eastern District of Missouri.

The 2 cases pending in the Eastern District of Missouri are listed below along with the judges to which they are assigned.

**Judge Stephen N. Limbaugh Jr.**
Amy Johnson, et al. v Johnson & Johnson, et al., Case No.: 4:17-cv-02651-SNLJ

**Judge Ronnie L. White**
Dawn Hannah v. Johnson & Johnson, et al., Case No.: 4:17-cv-02647-RLW

c. There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL but would not greatly affect the number absent the plaintiffs in the multi-plaintiff cases.

## IX. STATE COURT LITIGATION

As of December 1, 2017:

**California:** There are 417 cases with 438 plaintiffs in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson. Before trial in the *Echeverria* case, a *Sargon* hearing was held on the admissibility of expert testimony. Imerys Talc America was dismissed from *Echeverria* on its motion for summary judgment. The *Echeverria* trial resulted in a plaintiff verdict awarding compensatory and punitive damages on August 21, 2017. The Court entered the judgment of dismissal on behalf of Imerys on September 14, 2017. On November 27, 2017, a Notice of Appeal of Imerys Dismissal was filed in Superior Court of the State of California, County of Los Angeles. As to the Johnson & Johnson Defendants, post-trial motions, including a motion for new trial and motion for judgment notwithstanding the verdict, were filed on September 15, 2017. The Court held a hearing on those motions on October 12, 2017. On October 20, 2017, the Court entered Orders granting the Johnson & Johnson Defendants' motions for judgment notwithstanding the verdict and, alternatively, for a new trial. The Court granted the motions for new trial on grounds of: (1) insufficiency of the evidence as to causation as to both defendants; (2) error

in law occurring at trial and excepted to by defendants; (3) misconduct of the jury; and (4) excessive compensatory damages (as to Johnson & Johnson) and excessive punitive damages (as to both Johnson & Johnson defendants).  Judgment was entered on November 17, 2017.

The next status conference will be held on March 22, 2018. The Johnson & Johnson Defendants' Motion to Quash regarding personal jurisdiction as to non-California resident plaintiffs will also be heard on March 22.

**Delaware**:  There are currently 158 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served.  All of the Delaware cases have been consolidated before the Hon. Charles E. Butler.  On January 19, 2017, the Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction.  On January 31, 2017, Plaintiffs served jurisdictional discovery.  On March 2, 2017, the Johnson and Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery.  Briefing on the motion for protective order was completed on April 17, 2017 and is awaiting an argument date.  Judge Butler ordered additional briefing from all parties on the *Bristol Myers* decision to be submitted by September 4, 2017.

**Missouri:**  There are currently 15 cases pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter).  Plaintiff filed a motion for new trial on April 10, 2017. Trial in the case of *Slemp v. Johnson & Johnson, et al.* (individual claim filed in the multi-plaintiff *Valerie Swann* matter) resulted in a Plaintiff verdict on May 4, 2017, against both Johnson & Johnson Defendants and Imerys. Post-trial motions were filed.  Defendants' post-trial motions were denied on November 29, 2017.  In the November 29, 2017 order, Judge Rex Burlison found that plaintiffs have established that specific personal jurisdiction exists in Missouri state court over the Johnson & Johnson Defendants and Imerys, a ruling defendants expect to challenge on appellate review.

Appeals are pending from judgments against Johnson & Johnson Defendants entered in favor of plaintiff in the *Gloria Ristesund* case. An appeal is pending from

a judgment against Johnson & Johnson Defendants and Imerys entered in favor of the plaintiff in the *Deborah Giannecchini* case.

Trial in the case of *Blaes, et al. v. Johnson & Johnson, et al.* before Judge Rex Burlison began June 9, 2017. On June 19, 2017, the Court granted Defendants' Motion for Mistrial in the *Blaes, et al.* case following the United States Supreme Court's decision issued in *Bristol-Meyers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), that same day.

Additionally, on July 11, 2017, the Missouri Supreme Court issued Orders denying the Johnson & Johnson Defendants and Imerys' pending petitions for writs of prohibition regarding dismissal of non-Missouri plaintiffs' claims related to the *Valerie Swann* matter. The Missouri Supreme Court "denied [the petitions] without prejudice to filing a motion in circuit court to dismiss nonresident plaintiffs based on the opinion of the Supreme Court of the United States in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), which is dispositive on the issue."

Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Burlison was set to begin October 16, 2017. The Court denied Defendants' Motion to Stay in that matter in which Defendants asked the Court to delay the trial pending the resolution of personal jurisdictional challenges and any jurisdictional discovery. The Missouri Court of Appeals denied Defendants' petitions for writs of prohibition. On October 13, 2017, the Supreme Court of Missouri granted the Johnson & Johnson Defendants' petition for writ of prohibition relating to the scheduled October 16, 2017 trial in St. Louis City of Plaintiff Michael Blaes's claims, allowing a stay of the trial. The Johnson & Johnson Defendants had requested the trial court sever Blaes' claims from the multi-plaintiff Swann matter and transfer the venue to St. Louis County, the venue in which Blaes' deceased wife allegedly used the products. The Supreme Court of Missouri issued a preliminary writ of prohibition, which barred the St. Louis City trial court from acting other than vacating the court's order overruling the Johnson & Johnson Defendants' renewed motion to sever Plaintiff Blaes' claims and transfer venue. The Missouri Supreme Court has ordered full briefing on the matter. On November 20, 2017, the parties sent letters to the Court regarding the Court holding oral argument on February 27, 2018.

On October 17, 2017, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Jacqueline Fox* case for lack of personal jurisdiction, relying on the United State Supreme Court's holding in *BMS* and

8

finding that the trial court erred in exercising personal jurisdiction over the Johnson & Johnson Defendants because the Alabama Plaintiff's claims did not arise out of the Johnson & Johnson Defendants' activities in Missouri. The Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On October 31, 2017, Plaintiffs filed a motion for rehearing in the Missouri Court of Appeals, or in the alternative, transfer to the Missouri Supreme Court.

On October 18, 2017, the day after the *Fox* opinion was issued, Plaintiff filed a Motion to Temporarily Vacate Order of Judgment and Open Discovery on Personal Jurisdiction in the *Slemp* case (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Judge Burlison entered a final Judgment in the *Slemp* case on August 3, 2017. The Johnson & Johnson Defendants and Imerys timely filed post-trial motions. On November 29, 2017, the Court issued two orders. First, the Court entered an order striking the language from the August 3, 2017 Judgment stating there was no just reason for delay and certifying the Judgment as final for purposes of appeal. Second, the Court entered an order denying: (1) Plaintiff's untimely Motion to Temporarily Vacate Order of Judgment and Open Discovery on Personal Jurisdiction; (2) the Johnson & Johnson Defendants' and Imerys' Motions to Dismiss the claims of the Plaintiffs in the *Swann* matter for Lack of Personal Jurisdiction; (3) the Johnson and Johnson Defendants and Imerys' post-trial motions.

The multi-plaintiff *Gail Lucielle Ingham, et al. v. Johnson & Johnson, et al.* case is set for trial on June 4, 2018 before Judge Rex Burlison.

**New Jersey:** There are currently 296 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, with the exception of cases where *in extremis* plaintiffs have chosen to proceed for the limited purpose of preserving their testimony in anticipation of their death. The briefing on the appeals is now complete.

**Florida:** There are three cases pending in Broward County, Florida before Judge Michael A. Robinson: Massimo Mancuso, as Personal Representative of the Estate of Sonia Ortiz, deceased, and on behalf of the survivors of Sonia Ortiz v. Johnson & Johnson, et al. (CACE-17- 15669(03)), *Deborah Bluth v. Johnson & Johnson, et al* (CACE17012421), and *Judith Ricketts v. Johnson & Johnson, et al.* (CACE17001153). There is one case pending in Miami-Dade County, Florida before Judge Rodolfo Ruiz: *Stephanie Farrington v. Johnson & Johnson, et al.* (2016-

16715-CA-01). In the Ricketts matter, Imerys' Motion to Dismiss for Personal Jurisdiction was denied on November 9, with the Court granting 30 days for Imerys to file an appeal. That appeal will be filed on December 11.

**Georgia:** There is one case pending in state court in Fulton County, Georgia before Judge Jane Morrison: *Diane Brower v. Johnson & Johnson, et al.* (16EV005534).

**Illinois:** There are two cases pending in Madison County, Illinois state court before Judge William Mudge: *Judyth Harlan v. Johnson & Johnson, et al.* (2015L000084) and *Candace Lewis v. Johnson & Johnson, et al.* (2015L000409), one case pending in Cook County, Illinois before Judge Daniel T. Gillespie: *Andrea Harris v. Johnson & Johnson, et al.* (2017L002169), and one case pending in McLean County, Illinois before Judge Rebecca Foley: *Diane Doty v. Johnson & Johnson, et al.* (2017L000050).

**Pennsylvania:** There is one case pending in state court in Allegheny County, PA before Judge Robert Colville: *Lori Mendicino v. Johnson & Johnson, et al.* (GD-17-4176). On Monday, November 13, 2017 the Court granted Imerys' Preliminary Objections to personal jurisdiction in Pennsylvania and dismissed plaintiff's claims against Imerys.

**Louisiana**: There is one case pending in the Parish of Orleans, Louisiana before Judge Robin M. Giarrusso: *Bridget McBride v. Johnson & Johnson, et al.* (No. 16-09413). Imerys' Motion to Dismiss for Personal Jurisdiction was granted on December 1, 2017.

## X.  STATUS OF PENDING MOTIONS

    **a.** The status of motions pending in individual cases is attached hereto as Exhibit A.

    **b.** On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51. The Court dismissed and entered judgment in Estrada's lawsuit on August 10, 2017. ECF No. 53. Estrada has appealed this

decision. No other motions are pending with regard to the Consumer Class Cases.

With regard to *Mihalich v. Johnson & Johnson et al.,* although plaintiffs disagree with the ruling in *Estrada*, parties in *Mihalich* submitted a short stipulation and proposed order requesting the dismissal of *Mihalich* on the same basis as *Estrada* on September 27, 2017, which was granted by the Court on September 28, 2017.

**c.** Personal Care Products Council's motion to dismiss is currently pending. Briefing is complete.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Facsimile: 973-360-9831
Email: susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: 713-227-8008
Facsimile: 713-227-9508
Email: gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-7000

11

Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Lorna A. Dotro*
Lorna A. Dotro
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone:  973-631-6016
Facsimile:  973-267-6442
Email: ldotro@coughlinduffy.com

*s/Sheryl L. Axelrod*
Sheryl L. Axelrod
THE AXELROD FIRM, PC
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone:  215-461-1768
Facsimile:  215-238-1779
Email: saxelrod@theaxelrodfirm.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone:  703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

## EXHIBIT A
## STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Paul Feldman, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03163 | Plaintiffs' Motion to Remand filed May 18, 2017.  Fully briefed. |
| *Bernadine Moore v. Johnson & Johnson, et al.* | 3:17-cv-04034 | Plaintiffs' Motion to Remand filed June 28, 2017.  Johnson & Johnson Defendants' Opposition filed July 28, 2017.  Imerys' Opposition filed July 28, 2017. |
| *Gavin v. Johnson & Johnson, et al.* | 3:17-cv-05907 | Plaintiffs' Motion to Remand filed August 10, 2017.  Fully briefed. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017.  Fully briefed. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017.  Fully briefed. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017.  Fully briefed. |
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017.  Fully briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017.  Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017.  Motion to be terminated pursuant to CMO 8. |
| *Sandra Lee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03548 | Plaintiffs' Motion to Remand filed September 25, 2017.  Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Ruth Carver v. Johnson & Johnson, et al.* | 3:17-cv-03549 | Plaintiffs' Motion to Remand filed September 25, 2017.  Fully briefed. |
| *Monica Belcher v. Johnson & Johnson, et al.* | 3:17-cv-3452 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Barbara Newton v. Johnson & Johnson, et al.* | 3:17-cv-7409 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Anne Giles, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1158 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Wendy Creamer-Zintel v. Johnson & Johnson, et al.* | 3:17-cv-7366 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Vicki Foster v. Johnson & Johnson, et al.* | 3:17-cv-1134 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Connie Hilabrand v. Johnson & Johnson, et al.* | 3:17-cv-1159 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Maria Velardo, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1154 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Tasha Martin v. Johnson & Johnson, et al.* | 3:17-cv-7406 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |