I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the ... on file in my office ... NEW JERSEY WILLIAM T. WALSH, CLERK By _____ Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the two actions pending in the Eastern District of Missouri and listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred these actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson, Johnson & Johnson Consumer, Inc., and Imerys Talc America, Inc., oppose the motion.

In support of their motion to vacate, plaintiffs argue that federal subject matter jurisdiction is lacking, and plaintiffs' motions to remand to state court are pending. The Panel, though, has held that jurisdictional issues generally do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs also argue that transfer will cause them inconvenience and delay the resolution of their remand motions. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See, e.g., In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Therefore, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                MDL No. 2738

## SCHEDULE A

<u>Eastern District of Missouri</u>

HANNAH v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:17-02647
JOHNSON, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:17-02651