

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.coughlinduffy.com

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-485-0105
fax: 212-480-3899

LORNA A. DOTRO, ESQ.
DIRECT DIAL: (973) 631-6016
EMAIL: ldotro@coughlinduffy.com

March 2, 2018

*Via Electronic Mail*
Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Joel Pisano, USDJ (Ret.)
Walsh Pizzi O'Reilly Falanga
1037 Raymond Boulevard, 6th Floor
Newark, NJ 07102

Re: *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738

Your Honors:

As you are aware, this firm, together with Gordon & Rees LLP is counsel for Defendant Imerys Talc America, Inc. ("Imerys"). We write in response to the Appeal filed by the Plaintiff Steering Committee of Special Master Pisano's February 6, 2018 ruling.

We are in receipt of Johnson & Johnson's opposition to the PSC's appeal and hereby join and adopt its arguments.

Additionally, Imerys respectfully submits that Judge Pisano's ruling should be upheld because Plaintiffs failed to comply with the letter and/or spirit of this Court's directives. On December 7, 2017, Your Honor directed the Plaintiffs to issue a list of deponents Plaintiff's believed they needed to complete their expert reports on scientific causation. Rather than honing the issues and targeting discrete issues, Plaintiffs named every potential deponent



possible and took no steps to comply with the directive from this Court. Imerys expected to receive a short list of deponents from the Plaintiffs, with explanation as to how the testimony of each was necessary in order for Plaintiffs to serve expert reports on general causation. Instead, as they did with the prior massive expert witness designation, Plaintiffs have served a litany of names with no detail whatsoever and with no attempt to comply with Your Honor's direction. As a result, Judge Pisano quite appropriately struck their entire proposed deponent list.

Then, at the February 2018 Case Management Conference, the PSC raised its displeasure with Judge Pisano's ruling, and attempted an informal appeal of his ruling. The Court correctly stated at that time that it was not inclined to modify Judge Pisano's rulings because the 30(b)(6) deposition parameters set by Judge Pisano essentially gave the PSC everything necessary to address the question to be determined. Nothing has changed since that conference. None of the proffered witnesses will offer any testimony that is relevant to the production of expert reports on causation. The science on which these claims are based on has been fully detailed, presented and argued by these Plaintiffs, both before the Court in Science Day (almost exactly a year ago to this day) and before numerous other courts around the Country. As was amply evident at the Court's Science Day hearing in January 2017, the issue of talc and ovarian cancer has been extensively discussed in the published medical and scientific literature for over 35 years. There is nothing new to be gleaned from any of these witnesses and there is no testimony that will alter the science upon which the plaintiffs' theories are based.

Therefore for all of the reasons above and in J&J's opposition, Imerys respectfully requests that the appeal be denied.

We thank your Honor for your time and consideration.

Respectfully submitted,
COUGHLIN DUFFY LLP
*/s/ Lorna A. Dotro*
Lorna A. Dotro

Nancy M. Erfle, Esq.
Gordon & Rees Scully Mansukhani
121 SW Morrison Street, Ste. 1575
Portland, OR 97204

LAD/jb