March 22, 2018

Honorable Freda L. Wolfson
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

      **Re:**    *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, **MDL No. 2738**

             *Williams Lance Davis, et al. v. Johnson & Johnson, et al.*, **No. 3:17-cv-09411-FLW-LHG**

             **Plaintiff Cheryl Noelle Adams, Individually and as Surviving Adult Child of Connie Lu Tendick, Decedent**

Dear Judge Wolfson,

      We write to object to Plaintiff's improper effort to dismiss the case of Plaintiff Cheryl Noelle Adams, Individually and as Surviving Adult Child of Connie Lu Tendick, Decedent, without prejudice.

      Here are the facts. Plaintiff's claims are bundled in the *Davis, et al.*, No. 3:17-cv-09411, case with the claims of five additional Plaintiffs, individually and as surviving adult children of Decedent Connie Lu Tendick. On March 16, 2018, without consent from Defendants, Plaintiff filed, on the master docket of MDL No. 2738, a Notice of Voluntarily Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) in an attempt to dismiss Plaintiff's claims. (*See* Dkt. No. 5215).

      Plaintiff's Notice of Voluntary Dismissal is improper. Defendants filed notices of appearance in the *Davis, et al.* case (No. 3:17-cv-09411). Counsel for Johnson & Johnson Defendants entered notices of appearance on January 29, 2018 and January 30, 2018 (Dkt. Nos. 3-7), counsel for Personal Care Products Council entered a notice of appearance on February 7, 2018 (Dkt. No. 8), and counsel for Imerys entered a notice of appearance on February 16, 2018 (Dkt. No. 9). Pursuant to CMO No. 4, because Defendants have filed Notices of Appearance, "the requirements of Fed. R. Civ. P. 41(a) shall attach for a voluntary dismissal such that any dismissal shall occur only upon a stipulation of dismissal signed by all parties who have appeared or by Court Order after a properly noticed motion." (*See* CMO No. 4). Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), because Defendants have answered Plaintiffs' Complaint, Plaintiff was required to either obtain Defendants' consent for dismissal or file a motion to dismiss. Neither happened here. Defendants should not be prejudiced by Plaintiff being allowed to unilaterally dismiss her case without prejudice when Defendants have responded to the operative pleading in the case as required by Rule 41(a)(1)(A)(i).

Accordingly, Plaintiff's March 16 notice of voluntary dismissal should be rejected and not processed by the Court Clerk.  We do not consent to dismissal of this case without prejudice.

Respectfully submitted,

_s/Susan M. Sharko_
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
E-mail:  susan.sharko@dbr.com

Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone:  713-227-8008
Facsimile:  713-227-9508
gmwilliams@shb.com

John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
john.beisner@skadden.com

_Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., now known as Johnson & Johnson Consumer Inc._