UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION             MDL No. 2738

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the four actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Imerys Talc America, Inc., oppose the motions as to each of the actions. Defendants PTI Royston, LLC, and PTI Union, LLC, oppose the motions as to the two Eastern District of Missouri actions.

In support of their motions to vacate, plaintiffs argue that federal subject matter jurisdiction over their actions is lacking, and plaintiffs' motions for remand to state court are pending. The Panel has held that jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

Plaintiffs in the two actions pending in the Middle District of Pennsylvania also argue that transfer of those actions is not appropriate because they involve different named defendants (Acme Markets, Inc., in *Callahan*, and Giant Food Stores, LLC, in *Smith*) than the other actions pending in the MDL, and thus these actions entail the application of different state laws. Transfer under Section 1407, though, does not require a complete identity of factual issues or parties as a prerequisite to transfer when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). The actions listed on Schedule A arise from a common factual core—plaintiffs, like those in the MDL, allege that they developed ovarian cancer due to exposure to defendants' talcum powder products.

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356 (J.P.M.L. 2016). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

## SCHEDULE A

Eastern District of Missouri

CARTWRIGHT, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17-02851
KASSIMALI, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:18-00014

Middle District of Pennsylvania

CALLAHAN, ET AL. v. ACME MARKETS, INC., ET AL., C.A. No. 3:18-00022
SMITH, ET AL. v. GIANT FOOD STORES, LLC, ET AL., C.A. No. 3:18-00023