# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG <br><br> MDL No. 2738 |

## PROPOSED JOINT AGENDA AND REPORT
## FOR MAY 15, 2018 STATUS CONFERENCE

### I. STATUS OF DISCOVERY

#### A. OUTSTANDING DISCOVERY ISSUES

##### i. 30(b)(6) Depositions

**Johnson & Johnson Defendants:**

Defendants' Position:

The Johnson & Johnson Defendants served brief objections to Plaintiffs' amended deposition notice on April 2, 2018 and offered dates for depositions in May. Plaintiffs rejected the May dates, and the parties met and conferred on the Johnson & Johnson Defendants' objections on May 1, 2018. On May 10, 2018, the Johnson & Johnson Defendants followed up with a written response which offered further compromises in an effort to resolve the Plaintiffs' issues including June dates for depositions. The Plaintiffs did not respond but instead made a unilateral submission to Judge Pisano. The Johnson & Johnson Defendants will respond to Plaintiffs' submission to Judge Pisano.

Plaintiffs' Position:

Special Master Pisano found that the PSC was entitled at this stage of the litigation to one 30(b)(6) per defendant. In response to the PSC's individual 30(b)(6) notices to both Johnson & Johnson and Johnson & Johnson Consumer, Inc. (JJCI), the Johnson & Johnson Defendants served a single joint objection and have refused to produce any witness(es) specific to Defendant Johnson & Johnson's knowledge of the topics identified in the notice. Numerous other general and specific objections have been raised which despite the parties attempt to meet and confer will require resolution by the Special Master.

The back-to-back May dates for depositions offered by the Johnson & Johnson Defendants were rejected by the Plaintiffs for several reasons. These include the fact that one of the dates was Memorial Day while the other was a Saturday, dates which are wholly unnecessary. Further, the Johnson & Johnson Defendants did not identify which topics would be covered on which dates and by which witness so as to allow the PSC to staff these depositions. They also refused to produce witness(es) in relation to specific topics which the PSC believes the Special Master previously ruled were appropriate areas of inquiry. Defendants sent a letter to the PSC on May 10, 2018 offering dates in June as to narrow topics for JJCI only. The Special Master's guidance as to the significant areas in dispute is needed before depositions can proceed. On May 11, 2018, the PSC submitted a letter to the Special Master outlining the issues and seeking a ruling.

**IMERYS**: Imerys and the PSC have met and conferred on several occasions regarding Plaintiffs' Amended 30(b)(6) deposition notice. The parties have significantly narrowed the issues in dispute and continue to meet and confer. The parties will contact Judge Pisano in a timely matter if his assistance is needed.

**PCPC**: On April 17, 2018, PCPC served objections to the Plaintiffs' amended notice. On April 23, 2018, Plaintiffs and PCPC conferred. Progress was made on several issues but a few issues remained unresolved. Some of those issues should be resolved by the deposition protocol discussed in subpart I.A.ii below. On April 28, 2018, at Plaintiffs' request, PCPC submitted supplemental questions and comments regarding the amended notice. The PSC is currently reviewing PCPC's questions and comments and expects to provide PCPC a response prior to the status conference. If there are any outstanding issues after that, the parties will contact Judge Pisano.

2

### ii. Deposition Protocol

The PSC and the Defendants have met and conferred regarding the terms of the Deposition Protocol and have agreed upon a protocol which will be submitted to the Court.

### iii. Third Party Documents and Motions to Compel

The PSC has previously sought documents from three non-party percipient witnesses: Joshua Muscat, Ph.D; Michael Hunchareck, M.D.; and John Bailey. These three witnesses were Defendants' non-litigation consultants on scientific matters relating to the link between talc and ovarian cancer during the past 2 decades. As required by the Court, the PSC provided Defendants with a copy of the PSC's subpoenas for documents to these three witnesses prior to service. Following a meet-and-confer concerning the scope of the PSC's requests for production of documents, it was learned that these 3 witnesses have subsequently been retained as consultants/experts in this litigation. By agreement, the subpoenas were served as drafted with the understanding that the witnesses would not produce communications with litigation counsel. When the witnesses failed to return documents, the PSC contacted Defendants to determine whether they had received responsive documents. The PSC provided proof of service the Defendants at their request and, since the Defendants have not received documents from these third parties either, the PSC requests an order compelling production from each of these witnesses. The PSC will promptly serve the orders on these third parties who have not responded to validly served subpoenas.

Defendants responded to the PSC that there was not a specific agreement for Defendants to produce responsive documents for these witnesses, but in the spirit of compromise, Defendants were willing to work with these witnesses to produce any non-privileged, responsive documents upon proof the witnesses were served with the subpoenas as required by Local Rule 5(1)(B).

### iv. Privilege Issues

On January 17, 2018, the PSC challenged Imerys' attorney-client privilege claims with respect to a number of withheld documents identified in Imerys' privilege logs, and the parties have held numerous meet and confers on the matter pursuant to Local Rule 37.1 over the past several months. The PSC has repeatedly narrowed the scope of challenged documents, but the parties are now at an impasse.

The PSC will submit correspondence to the Honorable Joel A. Pisano no later than Monday, May 14, 2018, requesting his assistance in resolving this discovery dispute.

Imerys will respond after it receives the PSC's submission to Judge Pisano.

### B. SAMPLES & TESTING

The parties have completed the division of samples identified by the Johnson & Johnson Defendants and Imerys. The samples have been provided to the PSC's experts. Testing of the samples has begun and is expected to be completed in 120 days. Defendants submit that this is too long a period of time given that Plaintiffs have had the Johnson & Johnson Defendants' samples since March 27th (within three weeks of the parties reaching agreement on the samples selected) and Imerys' samples since April 10th.

## II. REQUEST FOR EXPERT REPORTS AND *DAUBERT* HEARING DATE

In accordance with Judge Pisano's order of February 6, 2018, the PSC will serve general causation expert reports 45 days after the testing of samples is completed.

Defendants respectfully request that the Court set a specific, earlier date for the service of the reports of Plaintiffs' general causation expert reports and also set a specific date for a *Daubert* hearing.

## III. MOTIONS TO DISMISS AND NOTICES OF DISMISSAL WITHOUT PREJUDICE

Per the Court's request, below is a list of pending motions to dismiss and stipulations of dismissal without prejudice that have been filed by Plaintiffs and which Defendants dispute. The parties have met and conferred and cannot reach agreement on the parameters of the protocol.

<u>Plaintiffs' Position:</u>  As stated during the last status conference, the PSC's position is that if a case is re-filed in the future, the plaintiff should have the right to refile the case in the MDL or another appropriate jurisdiction. Defendants insist that the refiling of cases be restricted to the MDL only and only as to the Defendants named in the original complaint. Such a limitation does not comply with the law of the Third Circuit.

<u>Defendants' Position:</u>  The plaintiffs' proposed order, however, isn't limited in any way that reflects their articulated rationale.  To the contrary, their proposal would let plaintiffs dismiss their cases now (including cases that may have already been filed, properly removed, and transferred to the MDL proceeding) and then immediately re-file them in state court with new defendants to prevent removal.   If they need/want to add a defendant, nothing prevents them from doing that here (except that federal jurisdiction won't be disturbed).  Defendants do not believe that Plaintiffs should be permitted to jump ship from the MDL and refile cases in what they perceive to be a more favorable forum.  Since the parties have been unable to reach agreement on the protocol, competing orders have been submitted to the Court.

| Case Name | Docket No. | Motion/Notice |
|---|---|---|
| *Monica Belcher v. Johnson & Johnson, et al.* | 3:17-cv-3452 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Barbara Newton v. Johnson & Johnson, et al.* | 3:17-cv-7409 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Anne Giles, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1158 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Wendy Creamer-Zintel v. Johnson & Johnson, et al.* | 3:17-cv-7366 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Vicki Foster v. Johnson & Johnson, et al.* | 3:17-cv-1134 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Connie Hilabrand v. Johnson & Johnson, et al.* | 3:17-cv-1159 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Maria Velardo, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1154 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Tasha Martin v. Johnson & Johnson, et al.* | 3:17-cv-7406 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |

| Case Name | Docket No. | Motion/Notice |
|---|---|---|
| *Brenda Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018.  Defendants' opposition filed March 5, 2018. |
| *Daniel Mitchell, et al. v. Johnson & Johnson, et al.* | 3:17-cv-10528 | Plaintiffs' Notice of Voluntary Dismissal filed March 23, 2018.  Defendants' Letter objecting to dismissal filed March 23, 2018. |
| *Cheryl Noel Adams, et al. v. Johnson & Johnson, et al.* | 3:17-cv-9411 | Plaintiffs' Notice of Voluntary Dismissal Filed March 16, 2018 on the master docket (*see* Dkt. No. 5215).  Defendants' Letter objecting to dismissal filed March 22, 2018. |
| *Debbie Goldberg, et al. v. Johnson & Johnson, et al.* | 3:17-cv-11900 | Plaintiffs' Notice of Voluntary Dismissal filed February 9, 2018.  Defendants' Letter objecting to dismissal filed February 9, 2018. |
| *Bahmler, et al. v. Johnson & Johnson, et al.* | 3:17-cv-0800 | Plaintiffs' Notice of Voluntary Dismissal pertaining to Tracianne Hartnett filed December 7, 2017.  Defendants' Letter objecting to dismissal filed December 8, 2017. |
| *Brenda Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiffs' Notice of Voluntary Dismissal pertaining to multiple plaintiffs filed November 6, 2017.  Defendants' Letter objecting to dismissal filed November 15, 2017. |

## IV.   CMO 10 DISMISSALS

CMO 10 ordered that PCPC be dismissed from all cases designating a court for remand other than the U.S. District Court for District of New Jersey or the U.S. District Court for the District of Columbia unless Plaintiffs amended their complaints within 60 days of the order designating remand to either the U.S. District Court for the District of New Jersey or the U.S. District Court for the District of Columbia.  The 60-day period has expired.  Accordingly, PCPC has been dismissed from cases in which complaints were not amended. For administrative purposes, PCPC has requested that Plaintiffs consent to a letter advising the Clerk of Court of the cases in which PCPC has been dismissed.

6

Consistent with CMO 10, PCPC also has requested that Plaintiffs consent to a motion to dismiss PCPC from all the cases that have been filed since the entry of CMO 10 that are not designated for remand to either the U.S. District Court for the District of New Jersey or the U.S. District Court for the District of Columbia. The PSC is reviewing the letter and will advise PCPC of any objections.

### V. AMENDED COMPLAINTS WITHOUT MOTIONS FOR LEAVE TO AMEND OR DEFENDANTS' CONSENT

Defendants have noticed that Plaintiffs have been filing amended complaints without properly filing motions to amend or obtaining Defendants' consent. There are now 55 amended complaints where this issue has occurred. Plaintiffs have requested that the parties meet and confer on the issue and Defendants agree to do that and to report to the Court at the June status conference.

### VI. STATUS OF CASES RE-FILED IN THE MDL PER CMO 8

There are 104 cases where Plaintiffs who were previously part of a multi-plaintiff complaint have filed short form complaints in this MDL proceeding but have not complied with CMO 8 in either serving the short form complaint on Defendants or filing a notice of filing on the master docket. *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file short form complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).

There are also 331 plaintiffs from multi-plaintiff cases pending in the MDL who have not filed Short Form Complaints pursuant to CMO 8. There are 219 plaintiffs from multi-plaintiff cases that were recently transferred into the MDL who have not yet filed Short Form Complaints.

### VII. DUPLICATE FILED CASES

There are 73 plaintiffs in this MDL who have multiple cases pending. There are two primary scenarios where duplicate filing of cases occurred: (1) the case was filed in another federal district and transferred into the MDL, but prior to transfer, plaintiffs' counsel opened up another case directly in the MDL; or (2) two different firms have filed a case for the same plaintiff. The parties are continuing to work to address duplicate filed cases.

## VIII. REPORT ON FEDERAL DOCKET

As of May 1, 2018:

**A.** There are currently 6,509 cases pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case numbers), totaling 7,024 Plaintiffs (including 477 Plaintiffs in 37 multi-plaintiff cases removed from Missouri state court that have not filed Short Form Complaints on individual dockets, 21 Plaintiffs in *Harders* removed from Illinois state court that have not filed Short Form Complaints on individual dockets, 10 Plaintiffs in *Lovato* removed from New Mexico state court that have not filed Short Form Complaints on individual dockets, 1 Plaintiff in *Robb* removed from Oklahoma state court that have not filed Short Form Complaints on individual dockets, 16 plaintiffs from the *Crenshaw* case from the Middle District of Georgia that have not filed Short Form Complaints on individual dockets, and 25 plaintiffs from the *Rodriguez* case from the District of Puerto Rico).

Individual Plaintiffs in the multi-plaintiff cases are in the process of filing Short Form Complaints on individual dockets. Thus far, all of the individual Plaintiffs in the following multi-plaintiff cases have filed Short Form Complaints on individual dockets: *Karen Glenn, et al.* and *Mary Rea, et al.* (one *Rea* Plaintiff, Exia Monroe, a New Jersey resident, has re-filed in New Jersey state court). Additionally, all of the individual Plaintiffs in the *Charmel Rice, et al.* and *Lillie Lewis, et al.* multi-plaintiff cases have filed Short Form Complaints on individual dockets, except individual Plaintiffs Charmel Rice and Lillie Lewis.

There are six Plaintiffs named as the lead Plaintiffs in multi-plaintiff cases who did not refile Short Form Complaints on individual dockets, but filed a Short Form Complaint in their corresponding multi-plaintiff case dockets. These include the lead Plaintiffs from four multi-plaintiff cases removed from Missouri state court (*Brenda Anderson, et al.*, *Lillie Lewis, et al.*, *Charmel Rice, et al.*, and *Jerie Rhode, et al.*), Marie Robb in the *Robb* case removed from

8

Oklahoma State, and Deborah Crenshaw from the *Crenshaw* case originally filed in the Middle District of Georgia.

**B.** There are currently two multi-plaintiff cases removed from Missouri state court and pending in the Eastern District of Missouri, discussed below, that the JPML has not yet transferred into the MDL (totaling 169 plaintiffs). Motions to dismiss and motions to remand have been filed in these cases.

The two cases pending in the Eastern District of Missouri are listed below along with the judges to which they are assigned.

### Judge Ronnie L. White

Sherron Gavin, et al. v. Johnson & Johnson, et al. Case No. 4:18-cv-00212-RLW

### Judge Jean C. Hamilton

Amanda Reising, et al. v. Johnson & Johnson, et al. Case No. 4:18-cv-00380-JCH

**C.** There are a handful of other single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL. These cases would not greatly affect the number of cases pending in the MDL absent the plaintiffs in the multi-plaintiff cases.

## IX.  STATE COURT LITIGATION

As of May 1, 2018:

**California:** There are approximately 391 cases involving 445 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson, Los Angeles Superior Court. To date, a *Sargon* hearing has been held, and one case—*Echeverria*—proceeded to trial. Prior to that trial, on July 10, 2017, the court granted Imerys' motion for summary judgment, dismissing all claims against Imerys as to the *Echeverria* case only. The *Echeverria* trial resulted in a plaintiff verdict against the Johnson & Johnson Defendants; however, on October 20, 2017, the Court granted the Johnson & Johnson

9

Defendants' motions for judgment notwithstanding the verdict and, alternatively, for a new trial. Elisha Echeverria, Acting Trustee of the 2017 Eva Echeverria Trust, filed her Notice of Appeal on December 18, 2017. The Johnson & Johnson Defendants filed their Cross-Notice of Appeal on January 4, 2018. Appellants' Opening Brief is due May 16, 2018, and Respondents' and Cross-Appellants' Brief is due 60 days after the Appellant's Opening Brief is filed.

On May 3, the Court ordered the J&J Defendants to file their Motion to Quash as to the non-California Plaintiffs on personal jurisdictional grounds before ruling on Plaintiffs' request for jurisdictional discovery. The Court further ordered that once the J&J Defendants to file their Motion to Quash the non-California Plaintiffs, Plaintiffs must submit a proposed jurisdictional "discovery plan" by July 16, 2018 "specifically outlining the discovery [Plaintiffs' Executive Committee] requires to oppose the motion(s) and how it has a tendency to show that specific jurisdiction may be exercised" over the J&J Defendants. To date, general discovery (liability and causation) as well as jurisdictional discovery has not yet commenced in JCCP. It is anticipated that the Plaintiffs will file an amended master complaint during the week of May 14, 2018. The next status conference will be held on September 21, 2018.

**Delaware**: There are currently 189 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler. On January 19, 2017, the Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017, the Johnson and Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. Briefing on the motion for protective order was completed on April 17, 2017 and is awaiting an argument date. Judge Butler ordered additional briefing from all parties on the *Bristol Myers* decision to be submitted by September 4, 2017. On December 21, 2017, Judge Butler issued an order requesting Plaintiffs respond to questions about jurisdictional discovery by January 31, 2018. Plaintiffs filed briefing in response to this request. On February 14, 2018, Judge Butler sent a letter to all counsel noting that jurisdictional discovery and personal jurisdiction are too intertwined to be treated separately and requesting Plaintiffs submit any supplemental briefing on personal jurisdiction by March 16, 2018. Judge Butler stated that he will only request a responsive brief from Johnson & Johnson if he feels Plaintiffs have raised a point requiring a response. On March 16, 2018, Plaintiffs submitted supplemental briefing on personal jurisdiction. Judge Butler has not requested anything further from Defendants on the personal jurisdiction issue.

**Missouri:** There are currently 15 cases, with a total of 700 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Plaintiffs filed a motion for new trial on April 10, 2017, which is pending before the trial court.

Appeals are pending from judgments against Johnson & Johnson Defendants entered in favor of plaintiff in the *Gloria Ristesund* case. Appeals are also pending from judgments against the Johnson & Johnson Defendants and Imerys in the *Deborah Giannecchini* and *Lois Slemp* cases.

Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Rex Burlison is currently stayed and briefing on Defendants' petitions for writs of prohibition is pending before the Missouri Supreme Court on venue challenges. Oral argument took place on February 27, 2018. On March 2, 2018, the Missouri Supreme Court issued amended preliminary writs of prohibition ordering that Judge Burlison may proceed only with a determination of jurisdiction, but can take no other action until further order by the Missouri Supreme Court.

In the *Lois Slemp* case, that trial court found that plaintiffs had established personal jurisdiction exists in Missouri state court over the Johnson & Johnson defendants and Imerys. The *Slemp* case is on direct appeal to the Missouri Court of Appeals. The Missouri Court of Appeals denied Johnson & Johnson's writ of prohibition in the *Slemp* case.

On October 17, 2017, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Jacqueline Fox* case for lack of personal jurisdiction. The Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On December 19, 2017, the Court denied Plaintiff's Motion for Rehearing. On March 6, 2018, the Missouri Supreme Court denied Plaintiff's requested review of the decision. On March 12, 2018, the Missouri Court of Appeals issued the mandate. On March 30, 2018, the

trial court entered an order enforcing the mandate from the appellate court that the *Fox* judgment be reversed and vacated for lack of personal jurisdiction.

In the multi-plaintiff *Gail Lucille Ingham, et al. v. Johnson & Johnson, et al.* case, the trial court ordered the claims of all plaintiffs set for trial on June 4, 2018, without resolving pending personal jurisdiction and venue challenges. Defendants filed a writ with the Supreme Court of Missouri challenging the order of setting the claims of all plaintiffs for trial, which was denied. The case is set for trial on June 4, 2018.

Another multi-plaintiff trial is set to begin on September 14, 2018.

**New Jersey:** There are currently 410 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues. On January 8, 2018, the New Jersey Appellate Division issued a *Sua Sponte* Order staying the appeals for six months or until the New Jersey Supreme Court decides the appeal pending in *In re: Accutane Litigation*, A-25-17, 079958, and *In re: Accutane Litigation*, A-26/27-17, 079933. Oral argument occurred in the Accutane Litigation on April 23, 2018.

**Florida:** There are fifteen cases pending in Florida state court. There are five cases pending in Broward County, Florida, including three cases before Judge Michael A. Robinson, one case before Judge David Haimes, and one case before Judge Sandra Periman. There are three cases pending in Miami-Dade County, Florida, including one case before Judge Rodolfo Ruiz, one case before Judge Dennis Murphy, and one case before Judge Barbara Areces. There are two cases pending in Hillsborough County, Florida before Judge Rex Barbas. There is one case pending in Osceola County, Florida before Judge Margaret Schreiber. There are two cases pending in Palm Beach County, Florida (one case before Judge Thomas Barkdull and one case before Edward A. Garrison). There is one case pending in Volusia County, Florida before Judge Christopher France. There is one case in Orange County, Florida before Judge Jose R. Rodriguez.

In the *Ricketts* matter, pending in Broward County, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was denied on November 9, with the Court granting 30 days for Imerys to file an appeal. That appeal was filed on December 8, 2017.

**Georgia:** There is one case pending in state court in Fulton County, Georgia before Judge Jane Morrison. On January 10, 2018, the Court stayed all discovery in this case.

**Illinois:** There are fourteen cases pending in Illinois. There are two cases in Madison County, Illinois state court before Judge William Mudge. There are eleven cases pending in Cook County, Illinois; one case before Judge Daniel T. Gillespie, one case before Judge Christopher Lawler, one case before Judge Moira S. Johnson, one case before Judge Allen Walke, one case before Judge Patricia O'Brien Sheahan, and six cases before Judge James P. Flannery. There is one case pending in McLean County, Illinois before Judge Rebecca Foley.

**Pennsylvania:** There is one case pending in state court in Allegheny County, PA before Judge Robert Colville. On November 13, 2017, the Court granted Imerys' Preliminary Objections to personal jurisdiction in Pennsylvania and dismissed plaintiff's claims against Imerys in this case. There is one case pending in state court in Philadelphia County, PA before Judge Lisa Rau.

**Louisiana**: There are thirteen cases pending in Louisiana State Court. There are eleven in the Parish of Orleans, Louisiana, including two cases before Judge Robin M. Giarrusso, two cases before Judge Melvin Zeno, one case before Judge Paulette Irons, three cases before Judge Kern Reese, one case before Judge Piper Griffin, one case before Judge Donald Johnson, and one case before Judge Christopher Bruno. There are two cases pending in East Baton Rouge Parish, one before Judge Janice Clark and one before Judge Donald Johnson.

In the *McBride* matter, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was granted on December 1, 2017. On January 3, 2018, the Court denied the Plaintiff's motion for a new trial on this ruling. In the *Rose Bowie* case, the Johnson and Johnson Defendants and Imerys have filed several motions, which are due to be heard on May 18, 2018, along with a motion for an expedited trial setting.

## X. STATUS OF PENDING MOTIONS

    **A.** The list of motions pending in individual cases is attached hereto as Exhibit A.

    **B.** On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51. The Court dismissed and entered judgment in Estrada's

lawsuit on August 10, 2017. ECF No. 53. Estrada has appealed this decision. No other motions are pending with regard to the Consumer Class cases.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Facsimile: 973-360-9831
Email: susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: 713-227-8008
Facsimile: 713-227-9508
Email: gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-661-8301
Email: john.beisner@skadden.com

*s/Mark K. Silver*
Mark K. Silver
COUGHLIN DUFFY LLP

14

350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone: 973-631-6016
Facsimile: 973-267-6442
Email: msilver@coughlinduffy.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

# **EXHIBIT A**

## **STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Bernadine Moore v. Johnson & Johnson, et al.* | 3:17-cv-04034 | Plaintiffs' Motion to Remand filed June 28, 2017. Johnson & Johnson Defendants' Opposition filed July 28, 2017. Imerys' Opposition filed July 28, 2017. |
| *Gavin v. Johnson & Johnson, et al.* | 3:17-cv-05907 | Plaintiffs' Motion to Remand filed August 10, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/8/17. Fully briefed 10/10/17. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Sandra Lee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03548 | Plaintiffs' Motion to Remand filed September 25, 2017. Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed 10/24/2017. Plaintiffs' Opposition filed November 8, 2017.<br><br>Imerys' Motion to Dismiss filed 10/9/17. Fully briefed. |
| *Ruth Carver v. Johnson & Johnson, et al.* | 3:17-cv-03549 | Plaintiffs' Motion to Remand filed September 25, 2017. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | Johnson & Johnson Defendants' Motion to Dismiss filed 10/24/2017. Plaintiffs' Opposition filed November 8, 2017.<br><br>Imerys' Motion to Dismiss filed 10/9/17. Fully briefed. |
| *Monica Belcher v. Johnson & Johnson, et al.* | 3:17-cv-3452 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Barbara Newton v. Johnson & Johnson, et al.* | 3:17-cv-7409 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Anne Giles, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1158 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Wendy Creamer-Zintel v. Johnson & Johnson, et al.* | 3:17-cv-7366 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Vicki Foster v. Johnson & Johnson, et al.* | 3:17-cv-1134 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Connie Hilabrand v. Johnson & Johnson, et al.* | 3:17-cv-1159 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Maria Velardo, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1154 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Tasha Martin v. Johnson & Johnson, et al.* | 3:17-cv-7406 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Rebecca Bowers v. Johnson & Johnson, et al.* | 3:17-cv-12308 | Plaintiffs' Motion to Remand filed December 4, 2017. Defendants' Opposition filed December 19, 2017. |
| *Peck, et al. v. Johnson & Johnson, et al.* | 3:17-cv-12665 | Plaintiffs' Motion to Remand filed January 11, 2018. Defendants' Opposition filed January 22, 2018. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018. Defendants' opposition is due March 5, 2018. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Glenn, Karen v. Johnson & Johnson, et al.* | 3:17-cv-05071 | Imerys' Motion to Dismiss filed 8/21/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Dawn Hannah v. Johnson & Johnson, et al.* | 3:18-cv-01422 | Plaintiff's Motion to Remand filed March 5, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed 4/4/18. Plaintiff's Opposition filed 5/4/18. Imerys' Reply Due on 5/21/18. |
| *Callahan, Janice v. Johnson & Johnson, et al.* | 3:18-cv-05557 | Plaintiff's Motion to Remand filed May 4, 2018. Defendants' Opposition due June 4, 2018. |
| *Smith, Phyllis v. Johnson & Johnson, et al.* | 3:18-cv-05556 | Plaintiff's Motion to Remand filed May 4, 2018. Defendants' Opposition due June 4. 2018. |