

**WALSH**
PIZZI
O'REILLY
FALANGA

One Riverfront Plaza

1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

May 23, 2018

**VIA ECF AND ELECTRONIC MAIL**
All Counsel of Record

Re: *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
Case No. 3:16-md-02738-FLW-LHG

Dear Counsel,

By Orders of the Honorable Freda L. Wolfson, U.S.D.J. dated August 30, 2017 (D.I. 536) and September 11, 2017 (D.I. 704), I was appointed as Special Master for the purpose of overseeing discovery disputes that may arise in the above-captioned multi-district litigation ("MDL"). This MDL contains product liability cases in which Plaintiffs allege that certain Johnson & Johnson products containing talcum powder (the "Products") have been the cause of ovarian cancer for thousands of women who have used the Products.[1]

This letter order resolves disputes as submitted by the parties in correspondence dated May 11, 2018 and May 18, 2018. These disputes generally relate to Plaintiffs' Amended Notice of Rule 30(b)(6) depositions which Plaintiffs served on the Defendants, and which Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (together the "Johnson & Johnson Defendants") have objected to in part.

On February 6, 2018, I submitted a letter opinion and accompanying case management order which addressed disputes among the parties over fact depositions requested by Plaintiffs and a protocol for testing certain samples of the Products (D.I. 4173). Resolution of these disputes was necessary to allow the case to proceed expeditiously toward expert reports and,

---

[1] I do not provide a detailed factual and procedural background, as I write for the benefit of the Court and the parties, all being familiar with the facts of this case.

May 23, 2018
Page 2

ultimately, a *Daubert* motion relating to issues of general causation.

With respect to the dispute over fact depositions, I ordered that Plaintiffs be permitted to take one deposition per Defendant, limited to the following categories: (1) composition of the Products; (2) testing of the Products by Defendants; (3) sampling of the Products by Defendants; and (4) any influence or bias in the published literature caused by Defendants. With respect to any testing of the Products, the parties agreed to a sample testing protocol, which was reduced to writing and approved by the Court (D.I. 4032).

Plaintiffs served original Rule 30(b)(6) deposition notices to Defendants on February 21, 2018, and, after receiving guidance from the Court during the March 6, 2018 status conference, served Amended 30(b)(6) notices on the Johnson & Johnson Defendants on March 19, 2018 (the "Amended Notice"). The Johnson & Johnson Defendants provided both general and specific objections to the Amended Notice. According to Defendants, many of those objections have been resolved, and only a discrete set of issues remain, which will be addressed in this letter opinion and order.

### *Defendants' Assertion of General Objections*

Plaintiffs complain that Defendants' assertion of general objections to the Amended Notice creates uncertainty regarding on which topics the Johnson & Johnson Defendants intend to produce a 30(b)(6) witness. The Johnson & Johnson Defendants' letter of May 18, 2018 confirms that, with the limited exceptions discussed herein, the Johnson & Johnson Defendants intend to produce a witness on each topic noticed in the Amended Notice. The general objections are not intended to avoid production of any particular witness.

However annoying general objections may be, they are standard in modern litigation practice and should not be interpreted as a strategy to avoid producing witnesses on relevant topics. Indeed, the Johnson & Johnson Defendants have confirmed that the general objections should not be over-analyzed, and that they intend to produce witnesses on almost every topic in the Amended Notice. I therefore find that this concern is resolved.

### *Separate Witnesses for the Johnson & Johnson Defendants*

In response to the Amended Notice, the Johnson & Johnson Defendants have agreed to produce witnesses that will represent both Johnson & Johnson and Johnson & Johnson Consumer Inc., rather than produce separate witnesses for each company. Plaintiffs allege this is improper and seek to compel production of separate witnesses for each of the Johnson & Johnson Defendants.

May 23, 2018
Page 3

Federal Rule of Civil Procedure 30(b)(6) provides that an organization named in a notice of subpoena must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf… The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The Federal Rules thus permit an entity to designate anyone of its choosing with knowledge on the noticed topics. Plaintiffs have not provided any persuasive reason to require the Johnson & Johnson Defendants to produce separate witnesses. If the Johnson & Johnson Defendants elect to produce witnesses that will bind both entities, as they have stated, it is their right to do so.

***Topic I.1***

Topic I.1 of the Amended Notice seeks to depose a witness regarding "[t]he identity of J&J's Talcum Powder Products marketed in the United States, by year, and the relationship between J&J and JJCI with respect to the manufacture, testing, and purity of such products. The identity of and J&J's business relationship with any companies who manufactured or bottled the talcum powder products or designed components of the products (i.e. labels) during this time period."

Defendants have objected to the deposition topic but have offered to produce a chart cataloging "(1) each iteration of the JBP and STS talcum powder sold in the U.S. during the relevant period and (2) which J&J corporate entity was responsible for such products over time." Such a chart is sufficient to provide Plaintiffs with the relevant information regarding this topic. Thus, the Johnson & Johnson Defendants are hereby ordered to produce a chart cataloguing this information, and upon doing so, this topic is hereby stricken from the Amended Notice.

***Topics III.1(d), 3, and 5***

A dispute remains between the parties relating to Topics III.1(d), 3, and 5 of the Amended Notice. These topics pertain to samples of talc and the Product. Specifically, the disputed topics are as follows:

Topic III.1(d): The sampling of talc intended for use in Johnson & Johnson Talcum Powder Products – For talc samples that have been lost, discarded, or destroyed, the circumstances surrounding their loss, disposition, or destruction and by whom.

Topic III.3: Location of samples including lost or destroyed samples – The location of any talc samples collected by you or other entities on your behalf that have been discarded or destroyed. For talc samples that have been lost, discarded, or destroyed, the circumstances surrounding their loss, disposition, or destruction and by whom.

May 23, 2018
Page 4

Topic III.5: Location of other relevant talc samples – The location of any talc samples either from a source (e.g. the mine) which supplied talc for use in Johnson & Johnson's talcum powder products or from any point in the chain of production, other than as identified in Exhibits 1 and 2, even if those samples are not in your custody and control.

The Johnson & Johnson Defendants object to these topics, arguing that information regarding samples that no longer exist are not relevant or probative and have refused to produce a witness relating to these topics. Plaintiffs assert that the chain of custody and testing of samples is of upmost importance in this case and therefore this information is relevant.

The fact that samples may have been lost or discarded does not lead to anything discoverable and is not relevant to general causation. Reading Plaintiffs' May 11, 2018 letter on the subject (see page 8), I am not persuaded by Plaintiffs' reciting the number of samples which have been or may not have been produced in various time periods to be probative of any issues in this case. To permit argument about samples that have been lost or discarded will introduce speculation to a factual background that is already complex and presents a daunting challenge to the litigants as they go through the testing protocol on samples that have been preserved. Therefore, the Johnson & Johnson Defendants will not be required to produce a witness on these topics.

### Topic IV.9

Topic IV.9 relates to foreign regulatory reviews and seeks to depose a witness regarding "Johnson & Johnson's direct and indirect communications with any foreign regulatory bodies concerning the science of ovarian cancer and talc, including the purity and testing of talcum intended for use in [JJCI's] cosmetic products." The Johnson & Johnson Defendants object to this Topic as it relates to communications with regulatory bodies about the use and sale of talc abroad, claiming the Topic is outside the scope of this litigation. Defendants do not object, however, to providing similar information relating to communications relating to the purity, testing, and sale of foreign talc sold in the U.S.

In order to practically resolve this dispute, more information is needed relating to the magnitude and burden of producing a witness on this topic. I am thus requesting further information from the Johnson & Johnson Defendants regarding the practical problems with producing a witness on this topic. For example, information regarding the form and volume of relevant communications, and whether the witness testifying as to communications regarding U.S. sales might also be able to testify on the foreign communications is helpful to determine the practicality of this request. Once I have a better understanding of the practical problems in complying with this request, I will supplement this opinion and order deciding whether the Request must be complied with.

May 23, 2018
Page 5

***Topic IV.16***

Topic IV.16 relates to Board of Director's Strategy and Discussions and seeks "[a]ll internal discussions, communications, documents, and strategies developed or prepared by the Johnson & Johnson Board of Directors, including any subcommittee such as SATAC, to address issues concerning the safety of talcum powder products manufactured by Johnson & Johnson and its subsidiaries, and the resulting external communications from these strategies."

The Johnson & Johnson Defendants have refused to produce a witness on this Topic, claiming it has produced J & J Board and Committee materials relating to health and safety issues in connection with talc, and therefore producing a witness on this Topic is unnecessarily cumulative, irrelevant, burdensome, and harassing. Plaintiffs argue this topic is relevant to influence on the science and safety of the Products.

In my February 6, 2018 letter opinion and order, I found that Plaintiffs are entitled to, among other things, 30(b)(6) witnesses for each Defendant relating to "influence on and bias in the science and literature." Communications within the J & J Board of Directors concerning safety of the Products, and external communications regarding its strategies, is potentially relevant to influence and bias on the science and literature. Therefore, the Johnson & Johnson Defendants are hereby compelled to produce a witness with knowledge on this topic.

***Scheduling Depositions***

Finally, with respect to scheduling the 30(b)(6) depositions, the Court expects the parties to cooperate in scheduling the depositions without further delay. The parties are directed to submit a schedule for these 30(b)(6) depositions not later than May 31, 2018.

An order resolving these disputes is submitted herewith.

Very truly yours,

Joel A. Pisano

cc: Honorable Freda L. Wolfson (via ECF and First-Class Mail)
Honorable Lois H. Goodman (via ECF and First-Class Mail)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No.: 16-MD-2738-FLW-LHG<br><br>MDL No. 2738<br><br>**CASE MANAGEMENT ORDER OF THE SPECIAL MASTER** |

**THIS MATTER** having come before the undersigned, Joel A. Pisano, U.S.D.J. (Ret.) appointed as Special Master by Court Order; and after review of submissions on behalf of each party, and for good cause shown,

**IT IS** on this 23rd day of May 2017 hereby:

**ORDERED** as follows:

1. Plaintiffs' request to compel each Johnson & Johnson Defendant[1] to produce a separate witness in the 30(b)(6) depositions is DENIED.

2. Topic I.1 of the Amended Notice is hereby STRICKEN.

3. Plaintiffs' request to compel production of a 30(b)(6) witness from the Johnson & Johnson Defendants related to topics III.1(d), 3, and 5 of the Amended Notice is hereby DENIED.

4. The Johnson & Johnson Defendants are directed to provide additional information to the Special Master regarding the magnitude and burden of producing a witness on topic IV.9 of the Amended Notice.

---

[1] All capitalized terms are as defined in the Letter Opinion of the Special Master filed herewith.

1

5.	Plaintiffs' request to compel production of a 30(b)(6) witness from the Johnson & Johnson Defendants related to topic IV.16 of the Amended Notice is hereby GRANTED.

6.	The parties are directed to cooperate in scheduling the 30(b)(6) depositions without further delay, and are directed to submit a schedule for the 30(b)(6) depositions to the Special Master not later than May 31, 2018

DATED: May 23, 2018

_____
Joel A. Pisano, U.S.D.J. (Ret.)