

Susan M. Sharko
973-549-7350 Direct
973-360-9831 Fax
Susan.Sharko@dbr.com

*Law Offices*
600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

May 31, 2018

**VIA ELECTRONIC MAIL AND ECF**

Honorable Freda L. Wolfson, U.S.D.J.
United States District Judge
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: *In re: Johnson & Johnson Talcum Powder Products Marketing Sales Practices, and Products Liability Litigation*, MDL No. 2738

Dear Judge Wolfson:

  I am writing this letter to make the Court aware of recent developments regarding *Mihalich v. Johnson & Johnson*, a case that was, at the plaintiff's urging, previously dismissed with prejudice by the Court for lack of injury. Despite this Court's dismissal with prejudice, the plaintiff in *Mihalich* recently refiled nearly identical claims in Illinois state court. Pursuant to the Class Action Fairness Act, defendants properly removed the case to the U.S. District Court for the Southern District of Illinois, where it is currently pending before the Hon. David R. Herndon.

  Defendants have noticed the case as a tagalong action to the JPML, and it was conditionally transferred to this proceeding, but plaintiff has moved to vacate the CTO, delaying final transfer. Plaintiff is also seeking remand to state court, arguing that this Court's dismissal order establishes that federal jurisdiction is lacking in the case because she cannot satisfy Article III standing. In short, the plaintiff in *Mihalich* is attempting to leverage this Court's dismissal order to manipulate jurisdiction and avoid participation in this MDL proceeding.

  As Your Honor may recall, *Mihalich* was a putative single-state economic loss class action alleging claims under Illinois law that the plaintiff suffered economic loss as a result of purchasing Johnson's Baby Powder. The case was transferred to this Court for participation in the talcum powder MDL proceeding. The allegations in the *Mihalich* case were nearly identical to those alleged in *Estrada v. Johnson & Johnson*, a putative nationwide class action pending before this Court that involved claims under California law, brought by the same counsel. On July 14, 2017, the Court issued a detailed 32-page opinion dismissing the *Estrada* case in its entirety for failing to allege an injury-in-fact, with partial leave to amend. *See Estrada v. Johnson & Johnson*, No. 3:16-cv-07492, 2017 WL 2999026 (D.N.J. July 14, 2017). In the Court's order, Your Honor noted that "[b]ecause [the plaintiff's] claims under the [California statutes] require her to demonstrate

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established* 1849

92736894.1

DrinkerBiddle&Reath
LLP

Honorable Freda L. Wolfson, U.S.D.J.
May 31, 2018
Page 2

that she suffered an economic injury-in-fact, and [her] sole theory of harm for Article III purposes is economic injury, the Court will analyze standing under Article III and the California statutes concurrently." *Id*. at *15-16. The Court went on to hold that the plaintiff in *Estrada* failed to plead facts to show that she suffered any sort of economic injury, because "[a]bsent an allegation of adverse health consequences from using Baby Powder, or that Baby Powder failed to perform satisfactorily for its intended use," neither of which was alleged, "[plaintiff] cannot claim she was denied the benefit of her bargain." *Id*. at *25.

On September 26, 2017, the plaintiff in the nearly-identical *Mihalich* case sought to dismiss her complaint with prejudice, asserting that she could not show any economic injury "for the same reasons" as in *Estrada*. (*See* Joint Stipulation & Request For Entry Of Final Judgment; And [Proposed] Order, MDL Dkt. 95, at 3 (D.N.J. Sept. 26, 2017).) Specifically, the plaintiff in *Mihalich* researched Illinois law "per the Court's instruction" and concluded that she had no viable economic loss or other claim of injury under Illinois law. (*Id*. at 1.) Thus, the plaintiff in *Mihalich* stipulated to dismissal of her claims "with prejudice" and requested that Your Honor "[e]nter final judgment" so that she could appeal the dismissal. Your Honor subsequently dismissed the *Mihalich* plaintiff's complaint "with prejudice," entered a final judgment, and ordered that "[t]he *Mihalich* matter be CLOSED." (*Id*. at 3.)

The plaintiff in *Mihalich*, however, chose not to appeal. Instead, she filed a new complaint in Illinois state court on February 28, 2018. The new complaint asserts the same claims based on the same fundamental allegations as her initial suit. Thus, the plaintiff is seeking relief in state court for claims that this Court has already dismissed with prejudice. Further, the plaintiff is also attempting to avoid federal jurisdiction by arguing that this Court's prior dismissal order was predicated exclusively on a finding that Article III standing is lacking in the case – and therefore federal jurisdiction does not exist.

In opposing plaintiff's remand motion, we have urged Judge Herndon to stay the case pending MDL transfer rather than rule on the motion so that this Court can decide the motion consistent with Your Honor's prior orders.

Given the history of the case, we thought the Court would want to be aware of these developments.

Respectfully submitted,

*/s/ Susan M. Sharko*

Susan M. Sharko

cc:    All Counsel of Record (via ECF)

92736894.1