

BLOOD
HURST &
O'REARDON | LLP

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

June 1, 2018

**VIA ECF AND ELECTRONIC MAIL**

Honorable Freda L. Wolfson, U.S.D.J
United States District Judge
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

Re:   *In re: Johnson & Johnson Talcum Powder Products Marketing Sales*
      *Practices, and Products Liability Litigation*, MDL No. 2738

Dear Judge Wolfson:

I write in response to the May 31, 2018 letter from Susan Sharko regarding *Mihalich v. Johnson & Johnson*, Case No. 3:16-cv-06695-FLW-LHG (Doc. No. 6309). Ms. Sharko's letter is inaccurate and does nothing more than invite error from the Court concerning an issue the Court has already decided and that is not now before it.

Without detailing the numerous inaccuracies contained in Ms. Sharko's letter, the Court dismissed *Mihalich* with prejudice based on jurisdictional grounds, only. As a matter of law, it did not and could not make any determination on the merits and the judgment entered reaches no further than the issue of federal jurisdiction. Defendant failed to appeal that judgment, yet now seeks to re-litigate the jurisdictional issue in the Southern District of Illinois and, indirectly, through its May 31, 2018 letter. The issue of federal jurisdiction in *Mihalich* has been finally decided by this Court. The fact that defendant has changed its mind is not relevant. The parties discussed litigating *Mihalich* in Illinois state court where all parties agree jurisdiction exists and proceeded accordingly. Defendant never challenged this Court's dismissal with prejudice, so it cannot now complain that it is barred from relitigating the jurisdictional issue again.

As the Court may recall, *Mihalich* was one of two consumer protection class actions in the above-captioned MDL litigation. The other was *Estrada v. Johnson & Johnson et al.* ("*Estrada*"), Case No. 3:16-cv-07492-FLW-LHG.

On December 22, 2016, J&J moved to dismiss *Estrada* for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Case No. 3:16-cv-07492, Doc. No. 47. On July 14, 2017, the Court granted J&J's motion. Case No. 3:16-cv-07492, Doc. No. 50 at 31. Because the Court agreed with J&J on the jurisdictional issue, it did not rule on J&J's Rule 12(b)(6) merits motion, holding: "[I]t is well-settled that, absent subject matter jurisdiction, the Court is without authority to address the parties' remaining merit-based arguments." *Id.* On August 10, 2017, the Court dismissed and entered judgment in *Estrada*. Case No. 3:16-cv-07492, Doc. No. 53.



Honorable Freda L. Wolfson, U.S.D.J.
June 1, 2018
Page 2

After dismissal of *Estrada* under Article III, J&J indicated to Class Counsel that it intended to move to dismiss *Mihalich* on similar grounds. On September 11, 2017, the parties discussed the issue with the Court telephonically. Per the Court's instruction, the parties "considered the similarities and differences (if any) between California and Illinois law on the relevant issues and [] reviewed Ms. Mihalich's claims under Illinois law in light of the Court's reasoning and ruling in *Estrada*." Case No. 3:16-cv-06695, Doc. No. 95 at 1. The parties agreed that, rather than re-brief the same Article III standing issue in *Mihalich*, the parties would stipulate to dismissal on the same Article III basis as the Court found in *Estrada*.

Accordingly, the parties' stipulation provides that the parties intended *Mihalich* be dismissed pursuant to Article III grounds only. It states that "although Plaintiffs disagree with the Court's reasoning and ruling in *Estrada*, . . . if the Court applies the same reasoning as it did in *Estrada* it would conclude that Ms. Mihalich likewise cannot allege any injury in fact and lacks standing to bring suit." Case No. 3:16-cv-06695, Doc. No. 95 at 1. Therefore, "to save the resources of the Court and the Parties in re-briefing this issue in *Mihalich*" the parties jointly requested that *Mihalich* "**be dismissed for the same reasons as set forth in the Court's opinion in Estrada** (ECF No. 50). . . ." *Id*. at 2. The Court then dismissed *Mihalich* for failure to "allege injury in fact" under Article III as the parties intended. *Id.*

The Court's dismissal for lack of Article III standing cannot do more than what the law says it can. Consistent with well-established precedent, the Court's dismissal was "with prejudice" as to the jurisdictional issue only. It is not a merits decision. *See Collier v. SP Plus Corp.*, No. 17-2431, 2018 U.S. App. LEXIS 12454, at *7 (7th Cir. May 14, 2018); *Frederisksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot refile in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits."); *Figueroa v. Buccaneer Hotel*, 188 F.3d 172, 182 (3d Cir. 1999) (dismissal for lack of subject matter jurisdiction is not an adjudication on the merits). J&J's attempt to relitigate the jurisdictional issue by removing the case to federal court and re-raising jurisdictional issues with this Court is baseless. Indeed, if J&J did not agree with dismissal under Article III it should have appealed the issue or sought some other form of dismissal. It did not.

While the jurisdictional issue is dead, the Court has made clear that there has been no determination on the merits in either *Estrada* or *Mihalich*. *See* Case No. 3:16-cv-07492, Doc. No. 53.

Accordingly, without federal jurisdiction and no judgment on the merits, Plaintiff filed in Illinois state court where Article III does not apply. *See ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("[T]he constraints of Article III do not apply to state courts. . . ."). This should have been no surprise to J&J as potential implications of the dismissal for lack of standing, including the filing in Illinois state court, were discussed with the Court and counsel at O'Melveny &



BLOOD
HURST &
O'REARDON | LLP

Honorable Freda L. Wolfson, U.S.D.J.
June 1, 2018
Page 3

Myers who are representing J&J in *Mihalich*. While Ms. Sharko was not part of those conversations, the lawyers representing J&J in *Mihalich* most certainly were.

*Mihalich* is now before Judge Herndon in the Southern District of Illinois who will hear Plaintiff's fully-briefed motion to remand. Judge Herndon previously ordered expedited briefing on that motion and therefore, Plaintiff anticipates it will be heard in the very near future. Additionally, Plaintiff moved to vacate the conditional transfer order of the JPML. As such, *Mihalich* is not before the Court, and may never be before the Court, and therefore, there is nothing for the Court to do in *Mihalich* at this time.

Respectfully submitted,

s/ *Timothy G. Blood*

TIMOTHY G. BLOOD

TGB:jk

cc:    All Counsel – via CM/ECF



Honorable Freda L. Wolfson, U.S.D.J.
June 1, 2018
Page 4

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was electronically filed with the United States District Court, District of New Jersey, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on June 1, 2018.

*s/ Timothy G. Blood*
_____
TIMOTHY G. BLOOD

00136456