# **EXHIBIT 6**



# Ashcraft & Gerel, LLP

Attorneys & Counsellors at Law

*Established in 1953*    Lee C. Ashcraft 1908 – 1993 | Martin E. Gerel 1918 – 2011

Michelle A. Parfitt, Esq.
mparfitt@ashcraftlaw.com
Main:  703-931-5500
Direct:  703-824-4772
Fax:  703-820-0630

May 23, 2018

**VIA ELECTRONIC MAIL**

Honorable Joel A. Pisano, U.S.D.J. (Ret.)
Walsh Pizzi O'Reilly Falanga, LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ 07102

      Re:    *In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, **MDL 2738**

Dear Judge Pisano:

    We write for the PSC in reply to the May 18, 2018 letter submitted by Johnson & Johnson ("J&J") and Johnson & Johnson Consumer, Inc. ("JJCI") (collectively, "Defendants") in response to the Plaintiffs' Steering Committee's (PSC") May 11, 2018 letter regarding the PSC's Amended Notices of 30(b)(6) Depositions directed to Defendants. Defendants' response letter makes it facially appear that there are few and only minor issues to be resolved. We disagree and request an opportunity to have a conference or conference call with Your Honor towards resolving the disputes that remain.

    The PSC will rely upon the representation, made clear by Defendants for the first time, that they will produce witnesses subject to their objections. When asked about this on May 11, and again in their letter to the PSC, Defendants failed to clarify this issue, necessitating the PSC's letter. With this clarification, the PSC agrees that the focus should be on the remaining areas of dispute.

| Washington D.C. | Alexandria | Manassas | Rockville | Landover | Baltimore |
|---|---|---|---|---|---|
| 1825 K Street, NW | 4900 Seminary Road | 10432 Balls Ford Road | 11300 Rockville Pike | 4301 Garden City Drive | 10 East Baltimore Street |
| Suite 700 | Suite 650 | Suite 300 | Suite 1002 | Suite 301 | Suite 1212 |
| Washington, D.C., 20006 | Alexandria, VA 22311 | Manassas, VA 20109 | Rockville, MD 20852 | Landover, MD 20785 | Baltimore, MD 21202 |

Hon. Joel A. Pisano, U.S.D.J. (Ret.)
Page 2

Among the issues that the PSC desires to discuss are the following:

**1. Defendants' position that they are not required to produce a separate witness for J&J**

The PSC's position on this dispute is as noted in our opening letter, that because this litigation involves both J&J and JJCI as independent and separate defendants, and for other reasons stated in our opening letter, the PSC is entitled to depose a witness for each of these two Defendants.

The PSC understands that, ultimately, these Defendants might produce the same witness for J&J and JJCI on a particular topic. Regardless, the argument that their obligation is satisfied by collapsing the process into one deposition is incorrect. These are separate Defendants, each having been noticed for deposition as permitted by Your Honor and, therefore, separate depositions should occur. While J&J asserts that it is a mere "holding company" that did nothing related to any of the 30(b)(6) topics, the PSC is entitled to testimony from the J&J Defendant. Indeed, the PSC believes that testimony from J&J will reveal that it was far more involved than its objections suggest.

There are practical problems as well: What Defendants seem to be suggesting - that a single deposition can be taken to bind both Defendants - seems to overly complicate the process. For example, if the PSC asks a question during a single deposition meant to bind both Defendants, the PSC will need to ask that the question be answered twice, first on behalf of JJCI and then again on behalf of J&J. If the answers are not precisely the same, or if the witness is unable to answer on behalf of both Defendants, the transcript will be utterly confusing to the prejudice of the PSC and plaintiffs who are relying on the PSC to develop generic evidence for all.

Thus, we ask that these Defendants be required to each produce a witness on each topic, even if the Defendants opt to produce the same person.

**2. Topic I.1**

On the dispute relating to this deposition topic, Defendants claim that they can satisfy their obligation by producing a chart that will provide the PSC with all the relevant information requested. The PSC has not yet received the chart described, nor was it indicated by Defendants that the chart will be supported by an appropriate affidavit binding both Defendants.

The PSC is willing to receive the chart mentioned, and to review it without prejudice to the right to continue to insist on depositions for this topic in the event the PSC finds the chart to be insufficient/inadequate to provide the information that the PSC seeks.

**3. Topic I.2**

Defendants state there is no dispute related to the formulas and that testimony will be provided with the understanding that it will be subject to the confidentiality order. The PSC seeks testimony regarding the chemical and structural formulas for both Johnson's Baby Powder and Shower to Shower, including grade of talc, fragrances and other additives, by year. The production of formulas has been hotly contested in state court with Defendants refusing to produce historical formulas. To date, only the contemporary formula for both products has been produced. For that

Hon. Joel A. Pisano, U.S.D.J. (Ret.)
Page 3

reason, the PSC seeks a clear directive on this topic to ensure there is no misunderstanding when the depositions proceed.

### 4. Topics III.1(d), 3 and 5

The crux of the dispute relating to these topics is the PSC's desire to obtain evidence about samples that no longer exist, the absence of which may have had an impact on the science causation. This area of inquiry is critical. The PSC's position is that science and causation can be influenced as much by what is no longer available as it may be by available evidence that was skewed, or the product of some bias or influence.

Defendants' position that simply because samples are no longer available there is no need for a witness to discuss the topics is incorrect. The PSC should be permitted to depose each Defendant about the samples that no longer exist, how it came to pass that they no longer exist, what historical information may have been retained about the samples, whether information about the samples was ever disseminated to scientists or otherwise, and whether the circumstances might establish that the evidence was spoliated, etc.

Contrary to what Defendants state, evidence that no longer exists may nevertheless have some relevance to causation, since influence or bias can occur not only overtly, but also by withholding relevant evidence from scientists that may have otherwise shaped their conclusions.

### 5. Topic IV.9

Defendants maintain their refusal to provide deposition testimony concerning communications with foreign regulatory bodies regarding talcum powder products. As noted in our initial letter, it is an artificial limit to the scope of evidence to matters relating to sourcing of products sold in the United States from foreign mines. The PSC seeks testimony regarding Defendants' communications with regulatory agencies and scientists that relate to the safety of its talcum powder products. Defendants' communications made to these foreign regulatory bodies and scientists to the degree they are inconsistent, more expansive, or even the same as statements made to U.S. regulatory bodies and scientists are relevant, but for purposes of these initial depositions, the PSC will withdraw the request for communications between defendants and foreign regulatory bodies, and reserve the right to explore this area of inquiry during future depositions.

### 6. Topic IV.16 (Johnson & Johnson Only)

J&J opposes the PSC's request to depose a 30(b)(4) witness about the scientific strategy set out by the J&J Board or Directors and/or its Board of Scientific Advisors (SATAC). J&J argues that because it has produced some documents, it has satisfied its burden of discovery on the issues and, therefore, there is no need to produce a witness. Defendants cannot point to any ruling in this case that would deny the PSC a deposition simply because documents have been produced that may address the topic. Indeed, with the production of documents, that makes it all the more important for the PSC to be able to depose a witness on the topic to obtain an explanation of the documents, the thought processes behind the creation of the documents, and other pertinent information.

Hon. Joel A. Pisano, U.S.D.J. (Ret.)
Page 4

    We appreciate your consideration of these issues. In anticipation of the upcoming depositions, we stand ready to participate in a hearing at your earliest convenience.

                        Respectfully submitted,

                        */s/ Michelle A. Parfitt*

                        Michelle A. Parfitt, Esq.
                        P. Leigh O'Dell, Esq.

cc:    Honorable Freda L. Wolfson, U.S.D.J.
        Honorable Lois H. Goodman, U.S.M.J.
        Susan Sharko, Esq. (via e-mail)
        Julie Tersigni, Esq. (via e-mail)
        Lorna Dotro, Esq. (via e-mail)
        Mark Silver, Esq. (via e-mail)
        Nancy Erfle, Esq. (via e-mail)
        Tom Locke, Esq. (via e-mail)
        Chris Placitella, Esq. (via e-mail)
        Warren Burns, Esq. (via e-mail)
        Richard Golomb, Esq. (via e-mail)
        Richard Meadow, Esq. (via e-mail)
        Hunter Shkolnik, Esq. (via e-mail)
        Christopher V. Tisi, Esq. (via e-mail)
        Larry Berman, Esq. (via e-mail)
        Dan Lapinski, Esq. (via e-mail)