# EXHIBIT 13

```
                                                                    1
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
                    CIVIL ACTION NO 16-MD-2738(FLW)(LHG)


   BBBBBBBBBBBBBBBBBBBBBBBBBB   :
   IN RE JOHNSON & JOHNSON      : 75A16&5,37 2)
   POWDER PRODUCTS MARKETING,   : 67A786 &21)(5(1&(
   SALES PRACTICES.             :
   --------------------------   : )(B58A5Y 7, 2018




CLARKSON S. FISHER UNITED STATES COURTHOUSE
402 EAST STATE STREET, TRENTON, NJ  08608



B E F O R E:  THE HONORABLE FREDA L. WOLFSON, USDJ



A P P E A R A N C E S:

BEASLEY ALLEN, ESQUIRES
BY:  P. LEIGH O'DELL, ESQUIRE (ALABAMA)
         -and-
ASHCRAFT & GEREL, ESQUIRES
BY:  MICHELLE A. PARFITT, ESQUIRE (VIRGINIA)
     CHRIS TISI, ESQUIRE  (VIRGINIA)
         -anG-
COHEN, PLACITELLA & ROTH, ESQUIRES
BY:  CHRISTOPHER M. PLACITELLA, ESQUIRE
On Behalf of the Plaintiffs Steering Committee

DRINKER, BIDDLE & REATH, ESQUIRES
BY:  SUSAN M. SHARKO, ESQUIRE
     JULIE L. TERSIGNI, ESQUIRE
         -anG-
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, ESQUIRES
BY:  JOHN H. BEISNER, ESQUIRE  (WASHINGTON, D.C.)
On behalf of Defendant Johnson & Johnson


                         * * * * *
              VINCENT RUSSONIELLO, RPR, CRR, CCR
                 OFFICIAL U.S. COURT REPORTER
                       (609) 588-9516
```

11

1  Pisano identified them as 30(b)(6) witnesses, the
2  areas that he has said that they have to be prepared
3  to testify about are broad and they are all of the
4  areas that you've identified.  I'll put that right on
5  the record.
6          He said you've identified four categories of
7  information:
8          Composition of the products;
9          Testing of the products by defendants;
10         Sampling of the products by defendants; and
11         Any influence or bias in the published
12 literature caused by defendants.
13         So he already said that the 30(b)(6) witnesses
14 are to be prepared on those four areas.  He's given
15 you that, which is why I guess I'm taking some issue
16 in perhaps how this is being interpreted.  What he's
17 done instead of saying, You pick out your four
18 witnesses, because maybe those four witnesses aren't
19 the ones who are going to give all the information and
20 then we're stuck.  You'll to come back and say, Let's
21 identify three more.
22         The burden is on the defendants to identify
23 one, two, three, whatever it might be, of their
24 corporate representatives that could respond to those
25 four inquiries.

16

1  position where our experts are opining in a vacuum
2  that is --
3          JUDGE WOLFSON:  It's not a vacuum.  They have
4  the documents.
5          MR. TISI:  Well, the defendants, I can see
6  very clearly they'll say, Well, the plaintiffs
7  cherry-picked documents.  The plaintiffs are taking
8  documents out of context.
9          There is nothing like having a witness before
10 you that says, This is your document.  You wrote it.
11 What did you mean when you wrote it?
12         That's why those kinds of things are very
13 important.
14         JUDGE WOLFSON:  But that also goes to whoever
15 your 30(b)(6) is that's going to talk about the
16 testing that would include that.  That's already an
17 identified topic.  These are broad topics.
18         Have a seat, Mr. Tisi.
19         They are very broad topics and, frankly, I
20 thought, Judge Pisano really gave you everything you
21 wanted without having you select the people to be
22 deposed because it is extremely broad.
23         What you might have at some point, obviously,
24 is some dispute during the dep, whether it's going
25 beyond the parameters or not, and frankly you should