**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------

| | | |
|---|---|---|
| IN RE: JOHNSON & JOHNSON | : | Civil Action No. 3:16-md-2738-FLW-LHG |
| TALCUM POWDER PRODUCTS | : | |
| MARKETING, SALES PRACTICES | : | |
| AND PRODUCTS LIABILITY | : | MDL No. 2738 |
| LITIGATION | : | |
| | : | |
| | : | |
| | : | |
| | : | |

-------------------------------------------------

**PROPOSED JOINT AGENDA AND REPORT**
**FOR JULY 9, 2018 STATUS CONFERENCE**

## I.   SAMPLES AND TESTING

**Plaintiffs' Position:** During the May 15, 2018 status conference, the PSC explained that a representative number of known Johnson & Johnson and Imerys samples had been identified for testing. Due to the time necessary to complete the testing and the numbers involved, the PSC explained that based upon information from the experts charged with responsibility for the testing that testing could be completed on or before September 15, 2018.  The PSC heard the Court's admonition and instructed Dr. William Longo and his colleagues at MAS, LLC to complete testing as quickly as possible. The testing was proceeding smoothly and the PSC expected testing to be completed on or before September 15, 2018, as promised.

On May 30, 2018, Imerys notified that PSC of the existence of **previously undisclosed samples**.  From May 30, 2018 until June 22, 2018, the PSC was provided inventories totaling **216 new samples, nearly doubling the previously disclosed number of Imerys samples**.  Importantly, these newly discovered samples are largely not duplicative or overlapping of ones previously produced. Rather, they are from time frames — indeed decades — for which samples had not previously been disclosed.  These newly disclosed samples arise from the 1960's, 1970's, 1980's and 1990's — very relevant decades for plaintiffs' use of talcum powder products that were not represented in the sample disclosure attached to the

Order and Stipulation regarding Imerys samples (Doc. 4757).  The inventory to which Imerys stipulated listed samples solely from the 2000's.

| Time Period | Imerys Order & Stipulation (Feb. 2018) | Supplemental Imerys Disclosure (May 30, 2018) |
|---|---|---|
| 1967-1987 | None | 20 |
| 1988 | None | 137 |
| 1998 | None | 12 |
| 2001-2009 | 129 | 26 |
| 2010-2014 | 57 | 21 |
| No date | 59 | None |
| **Total** | **245** | **216** |

These newly disclosed samples materially change the number of Imerys samples that need to be tested, a proposition that Imerys has not disputed as it has offered to allow PSC immediate access to the samples.

On an expedited basis, the PSC in consultation with Dr. Longo selected an additional 58 samples to be tested from these newly disclosed samples and is reviewing the previously selected samples to reduce the number that will actually be tested.  As explained during the May 15th hearing, all samples must be analyzed by Transmission Electron Microscopy (TEM).  MAS, LLC has one Transmission Electron Microscope, a million-dollar specialized microscope, and samples must be analyzed one at a time.  Dr. Longo and his colleagues, however, are making every effort to complete the testing of all samples as quickly as possible and no later than October 15th.  To be clear, neither the PSC nor Dr. Longo and his lab are the cause of this delay. The delay is the result of Imerys's untimely disclosure of relevant samples.

**Defendants' Position:**  After hearing from the PSC on the time needed to complete their sample testing, Judge Pisano set a deadline of "approximately mid-June 2018" to complete sample testing.  Feb. 6, 2018 Letter Order from Hon. Joel A. Pisano (Ret.) (Dkt. No. 4173).  At the last status conference, Plaintiffs doubled the amount of time anticipated by Judge Pisano, claiming that they would need until September 15th (or 120 days from the date they received the samples) to complete testing.  Defendants submit that this time-period is excessive.  The Court urged Plaintiffs to get the testing done in 90 days, by August.

As the Court pointed out at the last conference, while Plaintiffs have stated that it takes approximately 29 to 35 hours to prepare and test each of the 135 samples they have selected, Plaintiffs have provided no information about the amount of manpower involved in testing or the number of tests being conducted at the same time.  Plaintiffs have described Dr. Longo's laboratory as the "premier" testing lab in the country in testing for asbestos.  May 15, 2018 Tr. at 14:9-14.  Surely, this "premier" lab should have the capacity to complete testing of the 135 samples selected in 90 days, bringing the completion date to mid-August 2018, and should give the MDL proceedings priority above all the other state court cases being pressed by many of these same lawyers.  If Dr. Longo's laboratory has insufficient capacity, Plaintiffs should consider using additional laboratories to complete the testing process.

The disclosure of additional samples by Imerys has no bearing on the time it will take Plaintiffs to complete testing of the original group of samples, which they have had for months.  Nor should Plaintiffs' desire to now test an additional 58 samples, for a total of approximately 200 samples selected, cause further delay here. Plaintiffs have provided no evidence that the additional samples disclosed by Imerys will have any impact on the testing they have already completed and/or are in the process of completing, nor do Plaintiffs contend that they do not already have enough samples of the product at issue to conduct sufficient testing without adding these extra samples.

Plaintiffs should be ordered to complete their testing by August 15, 2018 and serve expert reports on general causation by September 30, 2018.

**Imerys' Position in Response to PSC:**  Imerys disputes the PSC's claim that it has "moved aggressively to see that a subset of these newly produced samples are tested". Imerys made its supplemental sample disclosure on May 30, 2018. Imerys made several requests to the PSC to identify additional samples that it wants to test, but Imerys did not receive the requested information until July 5, 2018. Imerys will coordinate with the lab and make sure that the samples will be split with all due speed. The PSC has had 55 Imerys samples in its possession since April 10, 2018. It is almost 90 days later and the PSC has not completed the testing of those samples. Yet, it now alleges that it is prepared to acquire and test an additional 58 samples in less than 90 days. IF that is true, the PSC should have the original testing completed and be in position to issue its expert reports in late August or early September. Testing of the new samples should not affect the PSC's timetables on issuing expert reports.

## II.   REQUEST FOR EXPERT REPORTS AND *DAUBERT* HEARING

The Court has previously ordered that the general causation reports are to be filed 45 days following the completion of testing of the samples. *See* Special Master Pisano Order of Feb. 6, 2018 (Doc. 4173). As discussed in Section I, Imerys notified the PSC of the existence of previously undisclosed samples on May 30, 2018 following the May status conference with the Court. This unanticipated production resulted in an additional 216 new and relevant samples covering a period of nearly 60 years. The PSC has moved aggressively to see that a subset of these newly produced samples are tested. As discussed before the Court at the May 15, 2018 status conference, the PSC is cognizant of the Court's admonition to expedite this process and have proceeded with that intent.

Defendants respectfully request that the Court set September 30, 2018 as the deadline for the service of the reports of Plaintiffs' general causation experts and also set a specific date for a *Daubert* hearing.

## III.   STATUS OF DISCOVERY AND PENDING MOTIONS

### A. SPECIAL MASTER PISANO'S MAY 23, 2018 ORDER (Doc. 6212)

On May 23, 2018, Special Master Pisano issued an order addressing certain issues relating to the PSC's 30(b)(6) deposition notices. Three (3) issues remain outstanding with respect to that order:

> i.  **Lost and Destroyed Samples:** The PSC sought discovery from Defendants relating to talc samples that may have been lost or destroyed. After hearing objections to that topic filed by J&J, the Special Master concluded that lost or destroyed samples are "not relevant to general causation." Id. at p 4. Importantly, Special Master Pisano made this ruling ***before*** Imerys produced additional samples. The PSC appealed this ruling (Docs. 6419 and 6473) so that the PSC can be assured that it has all relevant samples for testing. Defendants objected to this appeal on the grounds that there is no evidence that samples may have been lost or destroyed or that such samples would have any impact on Plaintiffs' testing results. That appeal is pending.

4

**ii.** **Foreign Regulatory Reviews:**  The PSC also sought discovery of foreign regulatory information to which the Defendants objected. After receiving the parties' briefs, the Special Master reserved ruling and asked J&J to provide additional, specific information relating to the "burden" imposed by the PSC's request.  The J&J Defendants responded on June 29th outlining the enormous burden of having to produce a witness on foreign regulatory issues and reiterating its objection to having to do so. The PSC believes that this letter is vague and conclusory and does not answer the specific questions posed by the Special Master.  The Special Master has not yet resolved this issue.

**iii.** **Product Identification Chart:**

1. **Plaintiffs' Position:**  In their 30(b)(6) Notices, the PSC requested that J&J produce a witness who could testify to the talcum powder products it sold during relevant time periods and the J&J corporate entities  responsible for those products.  In lieu of producing a witness, J&J offered to produce – and stipulate to – a chart containing that information for both its Baby Powder and Shower to Shower Powder products.  In his May 23 Order, and on the basis of J&J's offer, the Special Master agreed that this topic could be "stricken" from the PSC's 30(b)(6) Notices *upon production of these charts*.  On June 27, J&J produced a chart with respect to its Baby Powder only but this chart does not contain the promised stipulation.   In addition, J&J has still not produced a chart with respect to its Shower to Shower Products. The PSC requests that this topic <u>not</u> be stricken from its 30(b)(6) notices as J&J has not fully complied with either its offer or Special Master Pisano's Order.

2. **Defendants' Position:**  Defendants advised Plaintiffs on June 27th that they were continuing to collect information related to SHOWER TO SHOWER and would provide this information as soon as possible.  Defendants provided this information on July 6th.  Defendants maintain that by providing these charts, they have complied with Judge Pisano's May 23 Order.

5

### B. 30 (B) (6) DEPOSITIONS

   **i.** The Parties have embarked on the process of completing the 30(b)(6) depositions ordered by Judge Pisano. Currently there are dates set for the completion of the depositions of Johnson & Johnson, Imerys and PCPC. The status of the depositions are set forth below:

        1. JOHNSON & JOHNSON – One witness was deposed over two days on June 28 and June 29, 2018.  Four witnesses will be deposed in July over the course of six days, with depositions expected to be  completed by July 27th.

        2. PCPC – Two witnesses are scheduled to be deposed in July and August over three days for PCPC, with the depositions expected to be completed on by August 29th.

        3. IMERYS – Three witnesses are scheduled to be deposed in July and August for Imerys over the course of six days, with depositions expected to be completed by August 10th.

### C. THIRD PARTY WITNESSES

The PSC has served or is in the process of serving deposition notices for numerous Third Parties and is in the process of completing service and finalizing dates for these depositions.

Defendants continue to object to the necessity of third party depositions for *Daubert* purposes.

### D. DOCUMENT DISCOVERY

The parties continue to work through various issues related to document discovery from both Defendants and third parties.  The parties will apprise the Court and Special Master Pisano of any issues that the parties are unable to resolve.

## IV.   MOTIONS TO DISMISS AND NOTICES OF DISMISSAL WITHOUT PREJUDICE

The parties have submitted a proposed Order to resolve the following motions to dismiss and notices of dismissal without prejudice:

| Case Name | Docket No. | Motion/Notice |
|---|---|---|
| *Monica Belcher v. Johnson & Johnson, et al.* | 3:17-cv-3452 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Barbara Newton v. Johnson & Johnson, et al.* | 3:17-cv-7409 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Anne Giles, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1158 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Wendy Creamer-Zintel v. Johnson & Johnson, et al.* | 3:17-cv-7366 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Vicki Foster v. Johnson & Johnson, et al.* | 3:17-cv-1134 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Connie Hilabrand v. Johnson & Johnson, et al.* | 3:17-cv-1159 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Maria Velardo, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1154 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Tasha Martin v. Johnson & Johnson, et al.* | 3:17-cv-7406 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Brenda Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018.  Defendants' opposition filed March 5, 2018. |
| *Daniel Mitchell, et al. v. Johnson & Johnson, et al.* | 3:17-cv-10528 | Plaintiffs' Notice of Voluntary Dismissal filed March 23, 2018. Defendants' Letter objecting to dismissal filed March 23, 2018. |

| Case Name | Docket No. | Motion/Notice |
|---|---|---|
| *Cheryl Noel Adams, et al. v. Johnson & Johnson, et al.* | 3:17-cv-9411 | Plaintiffs' Notice of Voluntary Dismissal Filed March 16, 2018 on the master docket (*see* Dkt. No. 5215). Defendants' Letter objecting to dismissal filed March 22, 2018. |
| *Debbie Goldberg, et al. v. Johnson & Johnson, et al.* | 3:17-cv-11900 | Plaintiffs' Notice of Voluntary Dismissal filed February 9, 2018. Defendants' Letter objecting to dismissal filed February 9, 2018. |
| *Bahmler, et al. v. Johnson & Johnson, et al.* | 3:17-cv-0800 | Plaintiffs' Notice of Voluntary Dismissal pertaining to Tracianne Hartnett filed December 7, 2017. Defendants' Letter objecting to dismissal filed December 8, 2017. |
| *Brenda Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiffs' Notice of Voluntary Dismissal pertaining to multiple plaintiffs filed November 6, 2017. Defendants' Letter objecting to dismissal filed November 15, 2017. |

## V.   CMO 10 DISMISSALS

CMO 10 ordered that PCPC be dismissed from all cases designating a court for remand other than the U.S. District Court for District of New Jersey or the U.S. District Court for the District of Columbia unless Plaintiffs amended their complaints within 60 days of the order designating remand to either the U.S. District Court for the District of New Jersey or the U.S. District Court for the District of Columbia.  The 60-day period has expired.  Accordingly, PCPC has been dismissed from cases in which complaints were not amended. For administrative purposes, PCPC and Plaintiffs are preparing a letter advising the Clerk of the Court of the cases in which PCPC has been dismissed.

Consistent with CMO 10, PCPC also has requested that Plaintiffs consent to a motion to dismiss PCPC from all the cases that have been filed since the entry of CMO 10 that are not designated for remand to either the U.S. District Court for the District of New Jersey or the U.S. District Court for the District of Columbia.  The parties are working together on an order reflecting the consent dismissals.

## VI.  AMENDED COMPLAINTS WITHOUT MOTIONS FOR LEAVE TO AMEND OR DEFENDANTS' CONSENT

Defendants have noticed that Plaintiffs have been filing amended complaints without properly filing motions to amend or obtaining Defendants' consent, as required by Fed. R. Civ. P. 15(a)(2).  There are now 59 amended complaints that were filed in this manner.  The parties are meeting and conferring on a proposed joint stipulation to resolve these outstanding amended complaints.

Counsel are reminded that if they seek to file an Amended Short Form Complaint outside the time allowed by Fed. R. Civ. P. 15(a)(1), they should reach out to Defendants to determine whether Defendants will consent to the amendment and then shall file a motion for leave to amend their Short Form Complaint with the Court pursuant to Fed. R. Civ. P. 15(a)(2).

## VII.  STATUS OF CASES RE-FILED IN THE MDL PER CMO 8

There are 22 cases where Plaintiffs who were previously part of a multi-plaintiff complaint have filed short form complaints in this MDL proceeding but have not complied with CMO 8 in either serving the short form complaint on Defendants or filing a notice of filing on the master docket.  *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file short form complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).

There are also 711 plaintiffs from multi-plaintiff cases pending in the MDL who have not filed Short Form Complaints pursuant to CMO 8.  This includes 169 plaintiffs from multi-plaintiff cases that were recently transferred into the MDL who have not yet filed Short Form Complaints.

## VIII.  DUPLICATE FILED CASES

There are 86 plaintiffs in this MDL who have multiple cases pending.  There are two primary scenarios where duplicate filing of cases occurred: (1) the case was filed in another federal district and transferred into the MDL, but prior to transfer, plaintiffs' counsel opened up another case directly in the MDL; or (2) two different firms have filed a case for the same plaintiff.  The parties are continuing to work to address duplicate filed cases.

## IX.   REPORT ON FEDERAL DOCKET

As of June 25, 2018:

**A.** There are currently 7,152 cases pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case numbers), totaling 7,826 Plaintiffs (including 638 Plaintiffs in 39 multi-plaintiff cases removed from Missouri state court that have not filed Short Form Complaints on individual dockets, 21 Plaintiffs in *Harders* removed from Illinois state court that have not filed Short Form Complaints on individual dockets, 10 Plaintiffs in *Lovato* removed from New Mexico state court that have not filed Short Form Complaints on individual dockets, 1 Plaintiff in *Robb* removed from Oklahoma state court that have not filed Short Form Complaints on individual dockets, 16 plaintiffs from the *Crenshaw* case from the Middle District of Georgia that have not filed Short Form Complaints on individual dockets, and 25 plaintiffs from the *Rodriguez* case from the District of Puerto Rico).

Individual Plaintiffs in the multi-plaintiff cases are in the process of filing Short Form Complaints on individual dockets. Thus far, all of the individual Plaintiffs in the following multi-plaintiff cases have filed Short Form Complaints on individual dockets: *Karen Glenn, et al.* and *Mary Rea, et al.* (one *Rea* Plaintiff, Exia Monroe, a New Jersey resident, has re-filed in New Jersey state court). Additionally, all of the individual Plaintiffs in the *Charmel Rice, et al.* and *Lillie Lewis, et al.* multi-plaintiff cases have filed Short Form Complaints on individual dockets, except individual Plaintiffs Charmel Rice and Lillie Lewis.

There are six Plaintiffs named as the lead Plaintiffs in multi-plaintiff cases who did not refile Short Form Complaints on individual dockets, but filed a Short Form Complaint in their corresponding multi-plaintiff case dockets. These include the lead Plaintiffs from four multi-plaintiff cases removed from Missouri state court (*Brenda Anderson, et al.*, *Lillie Lewis, et al.*, *Charmel Rice, et al.*, and *Jerie Rhode, et al.*), Marie Robb in the *Robb* case removed from

10

Oklahoma State, and Deborah Crenshaw from the *Crenshaw* case originally filed in the Middle District of Georgia.

**B.** There are a handful of single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL. These cases would not greatly affect the number of cases pending in the MDL absent the plaintiffs in the multi-plaintiff cases.

## X.   STATE COURT LITIGATION

As of June 25, 2018:

**California:** There are approximately 449 cases involving 503 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson, Los Angeles Superior Court. To date, a *Sargon* hearing has been held, and one case—*Echeverria*—proceeded to trial. Prior to that trial, on July 10, 2017, the court granted Imerys' motion for summary judgment, dismissing all claims against Imerys as to the *Echeverria* case only. The *Echeverria* trial resulted in a plaintiff verdict against the Johnson & Johnson Defendants; however, on October 20, 2017, the Court granted the Johnson & Johnson Defendants' motions for judgment notwithstanding the verdict and, alternatively, for a new trial. Elisha Echeverria, Acting Trustee of the 2017 Eva Echeverria Trust, filed her Notice of Appeal on December 18, 2017. The Johnson & Johnson Defendants filed their Cross-Notice of Appeal on January 4, 2018. Appellants' Opening Brief is due July 18, 2018, and Respondents' and Cross-Appellants' Brief is due 60 days after the Appellant's Opening Brief is filed.

On May 3, the Court ordered the J&J Defendants to file their Motion to Quash as to the non-California Plaintiffs on personal jurisdictional grounds before ruling on Plaintiffs' request for jurisdictional discovery. The Court further ordered that once the J&J Defendants filed their Motion to Quash the non-California Plaintiffs, Plaintiffs must submit a proposed jurisdictional "discovery plan" by July 16, 2018 "specifically outlining the discovery [Plaintiffs' Executive Committee] requires to oppose the motion(s) and how it has a tendency to show that specific jurisdiction may be exercised" over the J&J Defendants. To date, general discovery (liability and causation) as well as jurisdictional discovery has not yet commenced in JCCP. Plaintiffs filed their amended master complaint on May 14, 2018. Defendants filed their motion to quash Plaintiffs' Second Amended Complaint on June 29, 2018. The next status conference will be held on September 21, 2018.

**Delaware**: There are currently 190 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler.  On January 19, 2017, the Johnson and Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017, the Johnson and Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. Briefing on the motion for protective order was completed on April 17, 2017 and is awaiting an argument date. Judge Butler ordered additional briefing from all parties on the *Bristol Myers* decision to be submitted by September 4, 2017. On December 21, 2017, Judge Butler issued an order requesting Plaintiffs respond to questions about jurisdictional discovery by January 31, 2018. Plaintiffs filed briefing in response to this request. On February 14, 2018, Judge Butler sent a letter to all counsel noting that jurisdictional discovery and personal jurisdiction are too intertwined to be treated separately and requesting Plaintiffs submit any supplemental briefing on personal jurisdiction by March 16, 2018. On March 16, 2018, Plaintiffs submitted supplemental briefing on personal jurisdiction.  Oral argument on Defendants' motions to dismiss for lack of personal jurisdiction are set for July 30, 2018.

**Missouri:** There are currently 16 cases, with a total of 827 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter).  Plaintiffs filed a motion for new trial on April 10, 2017, which is pending before the trial court.

Appeals are pending from judgments against the Johnson & Johnson Defendants and Imerys in the *Deborah Giannecchini* and *Lois Slemp* cases.

Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Rex Burlison is currently stayed and briefing on Defendants' petitions for writs of prohibition is pending before the Missouri Supreme Court on venue challenges.  Oral argument took place on February 27, 2018. On March 2, 2018, the Missouri Supreme Court issued amended preliminary writs of prohibition ordering that Judge Burlison may proceed only with a determination of jurisdiction, but can take no other action until further order by the Missouri Supreme Court.

In the *Lois Slemp* case, that trial court found that plaintiffs had established personal jurisdiction exists in Missouri state court over the Johnson & Johnson defendants and Imerys.   The *Slemp* case is on direct appeal to the Missouri Court of Appeals.   The Missouri Court of Appeals denied Johnson & Johnson's writ of prohibition in the *Slemp* case.

On October 17, 2017, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Jacqueline Fox* case for lack of personal jurisdiction.   The Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts.   On December 19, 2017, the Court denied Plaintiff's Motion for Rehearing.   On March 6, 2018, the Missouri Supreme Court denied Plaintiff's requested review of the decision.   On March 12, 2018, the Missouri Court of Appeals issued the mandate.   On March 30, 2018, the trial court entered an order enforcing the mandate from the appellate court that the *Fox* judgment be reversed and vacated for lack of personal jurisdiction.

On June 29, 2018, consistent with the Court's opinion and ruling in *Fox*, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Gloria Ristesund* case for lack of personal jurisdiction.   Consistent with the *Fox* opinion, the Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts.

In the multi-plaintiff *Gail Lucille Ingham, et al. v. Johnson & Johnson, et al.* case, the trial court ordered the claims of all plaintiffs for trial, which began on June 4, 2018 and is expected to be completed by July 13, 2018.

Another multi-plaintiff trial, *Vicki Forrest, et al. v. Johnson & Johnson, et al.*, is set to begin on January 7, 2019.

**New Jersey:** There are currently 432 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues. On January 8, 2018, the New Jersey Appellate Division issued a *Sua Sponte* Order staying the appeals for six months or until the New Jersey Supreme Court decides the appeal pending in *In re: Accutane Litigation*, A-25-17, 079958, and *In re: Accutane Litigation*, A-26/27-17, 079933. Oral argument occurred in the Accutane Litigation on April 23, 2018.

**Florida:** There are fifteen cases pending in Florida state court. There are five cases pending in Broward County, Florida, including three cases before Judge Michael A. Robinson, one case before Judge David Haimes, and one case before Judge Sandra Periman.  There are three cases pending in Miami-Dade County, Florida, including one case before Judge Rodolfo Ruiz, one case before Judge Dennis Murphy, and one case before Judge Barbara Areces. There are two cases pending in Hillsborough County, Florida before Judge Rex Barbas.  There is one case pending in Osceola County, Florida before Judge Margaret Schreiber.  There are two cases pending in Palm Beach County, Florida (one case before Judge Thomas Barkdull and one case before Edward A. Garrison).  There is one case pending in Volusia County, Florida before Judge Christopher France.  There is one case in Orange County, Florida before Judge Jose R. Rodriguez.

In the *Ricketts* matter, pending in Broward County, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was denied on November 9, with the Court granting 30 days for Imerys to file an appeal. That appeal was filed on December 8, 2017.

**Georgia:** There are six cases pending in Georgia state court. One in Fulton County, Georgia before Judge Jane Morrison.  The other five cases are pending in Gwinnet County, Georgia before Judge Shawn F. Bratton.

**Illinois:** There are nineteen cases pending in Illinois. There are two cases in Madison County, Illinois state court before Judge William Mudge. There are sixteen cases pending in Cook County, Illinois; two cases before Judge Daniel T. Gillespie, two cases before Judge Christopher Lawler, two cases before Judge Moira S. Johnson, one case before Judge Larry Axelrood, one case before Judge John Callahan, one case before Judge John Ehlrich, one case before Judge Kathy Flanagan, one case before Judge William Gomolinski, one case before Judge James O'Hara, two cases before Judge Patricia O'Brien Sheahan, one case before Judge Allen Walker, and one case before Judge James P. Flannery. There is one case pending in McLean County, Illinois before Judge Rebecca Foley.

**Pennsylvania:** There is one case pending in state court in Allegheny County, PA before Judge Robert Colville.  On November 13, 2017, the Court granted Imerys' Preliminary Objections to personal jurisdiction in Pennsylvania and dismissed plaintiff's claims against Imerys in this case. There is one case pending in state court in Philadelphia County, PA before Judge Lisa Rau.

**Louisiana**: There are fourteen cases pending in Louisiana State Court.  There are twelve in the Parish of Orleans, Louisiana, including two cases before Judge

14

Robin M. Giarrusso, two cases before Judge Melvin Zeno, one case before Judge Paulette Irons, three cases before Judge Kern Reese, one case before Judge Piper Griffin, one case before Judge Donald Johnson, one case before Judge Christopher Bruno, and one case before Judge Rachael Johnson. There are two cases pending in East Baton Rouge Parish, one before Judge Janice Clark and one before Judge Donald Johnson.

In the *McBride* matter, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was granted on December 1, 2017. On January 3, 2018, the Court denied the Plaintiff's motion for a new trial on this ruling. In the *Rose Bowie* case, the Johnson and Johnson Defendants and Imerys have filed several motions, which are due to be heard on May 18, 2018, along with a motion for an expedited trial setting.

## XI.    STATUS OF PENDING MOTIONS

    **A.** The list of motions pending in individual cases is attached hereto as Exhibit A.

    **B.** On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51. The Court dismissed and entered judgment in Estrada's lawsuit on August 10, 2017. ECF No. 53. Estrada has appealed this decision. No other motions are pending with regard to the Consumer Class cases.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Facsimile: 973-360-9831
Email: susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams

SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: 713-227-8008
Facsimile: 713-227-9508
Email: gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-661-8301
Email: john.beisner@skadden.com

*s/Mark K. Silver*
Mark K. Silver
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone: 973-631-6016
Facsimile: 973-267-6442
Email: msilver@coughlinduffy.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311

16

Telephone:  703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

17

**EXHIBIT A**

**STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Bernadine Moore v. Johnson & Johnson, et al.* | 3:17-cv-04034 | Plaintiffs' Motion to Remand filed June 28, 2017. Johnson & Johnson Defendants' Opposition filed July 28, 2017. Imerys' Opposition filed July 28, 2017. |
| *Gavin v. Johnson & Johnson, et al.* | 3:17-cv-05907 | Plaintiffs' Motion to Remand filed August 10, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/8/17. Fully briefed 10/10/17. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17.  Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Sandra Lee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03548 | Plaintiffs' Motion to Remand filed September 25, 2017. Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed 10/24/2017.  Plaintiffs' Opposition filed November 8, 2017.<br><br>Imerys' Motion to Dismiss filed 10/9/17. Fully briefed. |
| *Ruth Carver v. Johnson & Johnson, et al.* | 3:17-cv-03549 | Plaintiffs' Motion to Remand filed September 25, 2017. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | Johnson & Johnson Defendants' Motion to Dismiss filed 10/24/2017.  Plaintiffs' Opposition filed November 8, 2017.  Imerys' Motion to Dismiss filed 10/9/17. Fully briefed. |
| *Monica Belcher v. Johnson & Johnson, et al.* | 3:17-cv-3452 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Barbara Newton v. Johnson & Johnson, et al.* | 3:17-cv-7409 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Anne Giles, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1158 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Wendy Creamer-Zintel v. Johnson & Johnson, et al.* | 3:17-cv-7366 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Vicki Foster v. Johnson & Johnson, et al.* | 3:17-cv-1134 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Connie Hilabrand v. Johnson & Johnson, et al.* | 3:17-cv-1159 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Maria Velardo, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1154 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Tasha Martin v. Johnson & Johnson, et al.* | 3:17-cv-7406 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Rebecca Bowers v. Johnson & Johnson, et al.* | 3:17-cv-12308 | Plaintiffs' Motion to Remand filed December 4, 2017. Defendants' Opposition filed December 19, 2017. |
| *Peck, et al. v. Johnson & Johnson, et al.* | 3:17-cv-12665 | Plaintiffs' Motion to Remand filed January 11, 2018. Defendants' Opposition filed January 22, 2018. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018. Defendants' opposition is due March 5, 2018. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Glenn, Karen v. Johnson & Johnson, et al.* | 3:17-cv-05071 | Imerys' Motion to Dismiss filed 8/21/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Dawn Hannah v. Johnson & Johnson, et al.* | 3:18-cv-01422 | Plaintiff's Motion to Remand filed March 5, 2018.  Fully Briefed.<br><br>Imerys' Motion to Dismiss filed 4/4/18. Plaintiff's Opposition filed 5/4/18. Imerys' Reply Due on 5/21/18. |
| *Callahan, Janice v. Johnson & Johnson, et al.* | 3:18-cv-05557 | Plaintiff's Motion to Remand filed May 4, 2018.  Fully briefed. |
| *Smith, Phyllis v. Johnson & Johnson, et al.* | 3:18-cv-05556 | Plaintiff's Motion to Remand filed May 4, 2018.  Fully briefed. |
| *Baker v. Johnson & Johnson, et al.* | 3:17-cv-07712 | Plaintiff's Motion to Remand filed June 8, 2018.  Johnson & Johnson Defendants' Opposition due July 16, 2018 (per agreement of parties). |