# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (FLW) (LHG) |

**PLAINTIFFF STEERING COMMITTEE'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT IMERYS TALC AMERICA, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs' Steering Committee requests that Defendant Imerys Talc America, Inc. (hereinafter, "Imerys") produce the following documents and things within 30 days for inspection and copying at the Beasley Allen Law Firm, 218 Commerce Street, Montgomery, AL 36104.

**DEFINITIONS & INSTRUCTIONS**

The following definitions and instructions apply to these requests for production:

1. "ASBESTOS" and "ASBESTOS MATERIALS," refer to all materials, substance, or matter used or assembled or fabricated during the manufacture of a product, and that contains at least some asbestos fibers. It would also include chrysotile, tremolite, anthophylite, actinolite, serpentine, antigorite, crocidolite, or fibrous talc.

2. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. The terms "DEFENDANT" "YOU" "YOUR" "YOUR COMPANY" all mean the corporate defendant answering these Requests, and any of its merged, consolidated, or acquired Predecessors, divisions, subsidiaries, foreign subsidiaries, foreign subsidiaries or

1

predecessors, and or affiliates. This definition includes present and former officers, directors, agents, employees and all other persons, acting or purporting to act on behalf of the corporate DEFENDANT or its predecessors, subsidiaries, and affiliates.

4. JOHNSON AND JOHNSON or J&J. The terms "Johnson and Johnson" or J&J shall include Johnson and Johnson, Johnson and Johnson Consumer Inc (JJCI) or any other J&J affiliated entity which purchased talcum powder from YOU.

5. ALL/ANY/EACH. The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

6. AND/OR. The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. TALC or RAW TALC PRODUCT. The terms "Talc" and "Raw talc product" refers to any raw, processed, and/or packaged talc used in, or intended for use in, the Johnson's Baby Powder and/or Shower to Shower line of products, whether on a permanent, interim, or trial basis, and includes any talc derived from the same mine or ore body as talc used in or intended for use in the Johnson's Baby Powder and/or Shower to Shower line of products.

8. HEAVY METALS. The term "Heavy Metals" refers to any of the following: nickel, mercury, lead, manganese, copper, cobalt, chromium, magnesium, cadmium, aluminum, and arsenic.

9. ACCESSORY MINERALS. The term "Accessory Minerals" refers to any of the following free crystalline, silica, including quartz, cristobalite, and tridymite; and mica.

10. SAMPLES means any and all samples, artifacts, exemplars, or other collections of talc or raw talc product collected received, collected, provided and or maintained by you or

any agent servant or employee of yours in the ordinary course of business. This definition includes, but is not limited to, talc collected and maintained for the purposes of testing and quality assurance.

11.     CONSULTANT or EXPERT means any and all persons, entities or third parties who were contacted by YOU for the purposes of testing, advising or rendering advice, opinions or services regarding raw talc product.

12.     These requests are continuing in nature and, therefore, require supplemental responses and/or production by you of supplemental information or documents if other, further or different information or documents are secured or available prior to the trial of the above identified proceeding.

13.     Unless otherwise specified in a document request, you shall produce all documents requested that are available to you, including, without limitation, all documents in your possession of any of your agents, attorneys, or other representatives or otherwise subject to your custody or control.

14.     If any documents or materials called for by these requests are withheld based on a claim of attorney-client privilege, work product immunity, or any other grounds, for each document or material, identify the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

15.     All definitions and instructions referenced herein shall be interpreted so that all terms and phrases are afforded their usual and customary meanings in the industry.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All samples and/or exemplars of talc and/or talc ore or raw talc product from mines that supplied talc or talcum powder products to J&J for use in the manufacture and/or processing of J&J's talcum powder products between 1960 and 2017.

**REQUEST FOR PRODUCTION NO. 2:**

All samples and/or exemplars of talc and/or talc ore or raw talc product from your mines in Italy, Vermont, France, China, Montana, North Carolina, Alabama and California.

**REQUEST FOR PRODUCTION NO. 3:**

All samples and exemplars of Johnson & Johnson personal care powders or talcum powder products (including "Shower to Shower" and "Johnson's Baby Powder") provided to you by J&J.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not previously produced in MDL 2738, all records, results, analysis, correspondence, summaries, data, reports, charts, photomicrographs or other depictions, files, materials, and other documents relating to the testing and/or analysis of talc or raw talc product, products for asbestos, heavy metals and/or accessory minerals between 1960 and 2017 from mines which supplied such products to J&J.

Dated:   September 1, 2017                     RESPECTFULLY SUBMITTED,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Tel: 703-931-5500

Fax: 703-820-1656
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: 334-269-2343
Fax: 334-954-7555
Leigh.odell@beasleyallen.com
***Plaintiffs' Co-Lead Counsel***

/s/ *Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Tel: 732-747-9003
Fax: 732-747-9004
cplacitella@cprlaw.com
***Plaintiffs' Liaison Counsel***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (FLW) (LHG) |

**PLAINTIFF STEERING COMMITTEE'S SECOND SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT IMERYS TALC AMERICA, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Plaintiffs' Steering Committee ("PSC") requests that Defendant Imerys Talc America, Inc. (hereinafter "Imerys") answer the following Interrogatories, separately and fully, in writing and under oath, and in accordance with the following Instructions and Definitions, within 30 days from the date of service of these Interrogatories.

**DEFINITIONS & INSTRUCTIONS**

1. "ASBESTOS" and "ASBESTOS MATERIALS," refer to all materials, substance, or matter used or assembled or fabricated during the manufacture of a product, and that contains at least some asbestos fibers. It would also include chrysotile, tremolite, anthophylite, actinolite, serpentine, antigorite, crocidolite, or fibrous talc.

2. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. The terms "DEFENDANT" "YOU" "YOUR" "YOUR COMPANY" all mean the corporate defendant answering these Requests, and any of its merged, consolidated, or acquired Predecessors, divisions, subsidiaries, foreign subsidiaries, foreign subsidiaries or

1

predecessors, and or affiliates. This definition includes present and former officers, directors, agents, employees and all other persons, acting or purporting to act on behalf of the corporate DEFENDANT or its predecessors, subsidiaries, and affiliates.

4. The term "JOHNSON AND JOHNSON" shall include Johnson & Johnson and Johnson and Johnson Consumer Inc, or any other J&J related entity that purchased talc or raw talc product or ore from you.

5. ALL/ANY/EACH. The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

6. AND/OR. The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. TALC or RAW TALC PRODUCT. The terms "Talc" and "Raw talc product" refers to any raw, processed, and/or packaged talc used in, or intended for use in, the Johnson's Baby Powder and/or Shower to Shower line of products, whether on a permanent, interim, or trial basis, and includes any talc derived from the same mine or ore body as talc used in or intended for use in the Johnson's Baby Powder and/or Shower to Shower line of products

8. HEAVY METALS. The term "Heavy Metals" refers to any of the following: nickel, mercury, lead, manganese, copper, cobalt, chromium, magnesium, cadmium, aluminum, and arsenic.

9. ACCESSORY MINERALS. The term "Accessory Minerals" refers to any of the following free crystalline, silica, including quartz, cristobalite, and tridymite; and mica.

10. SAMPLES means any and all samples, artifacts, exemplars, or other collections of talc or raw talc product collected received, collected, provided and or maintained by you or

2

any agent servant or employee of yours in the ordinary course of business. This definition includes, but is not limited to, talc collected and maintained for the purposes of testing and quality assurance.

11. CONSULTANT or EXPERT means any and all persons, entities or third parties who were contacted by YOU for the purposes of testing, advising or rendering advice, opinions or services regarding raw talc product.

12. The RELEVANT TIMEFRAME shall be 1960 through the present.

13. These requests are continuing in nature and, therefore, require supplemental responses and/or production by you of supplemental information or documents if other, further or different information or documents are secured or available prior to the trial of the above identified proceeding.

14. Unless otherwise specified in a document request, you shall produce all documents requested that are available to you, including, without limitation, all documents in your possession of any of your agents, attorneys, or other representatives or otherwise subject to your custody or control.

15. If any documents or materials called for by these requests are withheld based on a claim of attorney-client privilege, work product immunity, or any other grounds, for each document or material, identify the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

16. All definitions and instructions referenced herein shall be interpreted so that all terms and phrases are afforded their usual and customary meanings in the industry.

17. Certain terms in these interrogatories have been given specific definitions, delineated above. These definitions are to be used when answering these interrogatories and their use is necessary to provide a complete and responsive answer to the same.

## **INTERROGATORIES**

1. Identify all Imerys employees, during the relevant timeframe, who are or were responsible for managing and maintaining logs of talc or raw talc products samples received, collected or maintained from mines that supplied talc, talc ore of raw talc product to J&J.

2. Identify all Talc, Talc ore or Raw Talc Product samples or artifacts that were collected by you from mines which supplied talc, talc ore or raw talc products to J&J and maintained by you in the normal course of business during the relevant timeframe over which you still have custody and control ("Hereinafter identified as "Maintained Talc Samples").

3. For each maintained talc sample as defined in Interrogatory #2 above identify:

   a. The entity that provided each maintained talc sample;

   b. Identifying information for each maintained talc sample;

   c. The source of each maintained sample, including the mine from which it came and the owner of that mine;

   d. The company that mined each maintained talc sample;

   e. The company that maintained each maintained talc sample;

   f. The dates that each maintained talc sample was mined;

   g. Each place each maintained talc sample has been maintained since it was collected by you, including dates;

   h. The current location of each maintained talc sample;

   i. The person or entity which currently has possession of each maintained talc sample, including its address;

   j. Any protocol for the storage of maintained talc samples;

   k. Storage documents relating to the maintained talc samples; and

5

    l.   The identity of any testing documents related to each maintained talc sample, including bates number;

4. Identify all Talc Raw Talc Product samples or artifacts that were collected by you from mines which supplied talc, talc ore or raw talc product to J&J and maintained in the normal course of business during the relevant timeframe for which you no longer have custody and /or control (Hereinafter identified as "Disposed of Talc Samples").

5. For each disposed of talc sample as defined in Interrogatory #4 above identify,

    a.   The entity that provided each disposed of talc sample;

    b.   Identifying information for each disposed of talc sample;

    c.   The source of each disposed of talc sample, including the mine from which it came and the owner of that mine;

    d.   The company that mined each disposed of talc sample;

    e.   The company that provided each disposed of talc sample;

    f.   The dates that each disposed of talc sample was mined;

    g.   The date each disposed of talc sample was provided to you;

    h.   The date that each disposed of samples was disposed of;

    i.   The reasons that the disposed of sample was disposed of;

    j.   Each place a disposed of sample was been maintained from the time it was provided to you, including dates;

    k.   The current or last known location of each disposed of sample;

    l.   The person or entity which last had possession of each disposed of sample, including its address;

    m.   Any protocol for the disposal or destruction of talc samples; and

    n.  The identity of any testing documents related to each disposed of talc sample, including bates number.

6. The identity of all nonemployee consultants, service providers, contractors, or similar entities retained by you during the relevant timeframe who are or were responsible for maintaining talc samples and artifacts from mines that produced talc, talc ore or raw talc products sold to J&J.

Dated: September 1, 2017             RESPECTFULLY SUBMITTED,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Tel: 703-931-5500
Fax: 703-820-1656
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: 334-269-2343
Fax: 334-954-7555
Leigh.odell@beasleyallen.com
**Plaintiffs' Co-Lead Counsel**

/s/ *Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Tel: 732-747-9003
Fax: 732-747-9004
cplacitella@cprlaw.com
**Plaintiffs' Liaison Counsel**