UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                MDL No. 2738

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the nine actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the District of New Jersey for inclusion in MDL No. 2738. Defendant Johnson & Johnson Consumer, Inc., opposes the motions as to each of the actions, while Defendant Johnson & Johnson opposes the motions as to all the actions except the *Mihalich* action pending in the Southern District of Illinois. Defendant Imerys Talc America, Inc., opposes the motion as to the action pending in the Eastern District of New York.

In support of their motions to vacate, plaintiffs primarily argue that federal subject matter jurisdiction over their actions is lacking, and that plaintiffs' motions for remand to state court are pending. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge. Additionally, with respect to *Mihalich*, the transferee judge is uniquely positioned to decide the pending remand motion, as that motion is based in large part on a stipulated dismissal of a previous action by plaintiff that had been centralized in MDL No. 2738.

Plaintiff in the Eastern District of New York *Jiminez* action also argues that transfer will cause her delay and prejudice. This argument is not persuasive. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

Case 3:16-md-02738-MAS-RLS Document 6955 Filed 08/02/18 Page 2 of 3 PageID: 19331
Case MDL No. 2738 Document 1325 Filed 08/01/18 Page 2 of 3

-2-

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah Vance

Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION    MDL No. 2738

## SCHEDULE A

### Northern District of Illinois

CABEZA v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02091
LYMAN III v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02123
TORRES v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02126
GOMES v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02130
SCHULTZ v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02206
COHN v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02262
O'HALLORAN v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-02410

### Southern District of Illinois

MIHALICH v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 3:18-01027

### Eastern District of New York

JIMINEZ v. DUANE READE, INC., ET AL., C.A. No. 1:18-02152

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk