AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS, MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-02738-FLW-LHG |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mr. Jerome B. Krause, 5182 Baby Doe Rd., Golden, CO 80403

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: ~~Courtyard by Marriott Denver West/Golden~~ 14700 W. 6th Ave. Frontage Road Golden, CO 80401 | Date and Time: July 17, 2018, at 9:00 AM. |
|---|---|

The deposition will be recorded by this method: Video and stenographic recording.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Steering Committee for the above captioned litigation , who issues or requests this subpoena, are:
Robert T. Dassow, rdassow@hovdelaw.com, (317) 818-3100, Hovde Dassow and Deets, LLC, 10201 N. Illinois. St., Suite 500, Indianapolis, IN 46290

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:16-md-02738-FLW-LHG

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 2738 |

### THE PLAINTIFFS' STEERING COMMITTEE'S NOTICE OF VIDEOTAPED DEPOSITION OF MR. JEROME B. KRAUSE

TO:  Mr. Jerome B. Krause
5182 Baby Doe Rd.
Golden, CO 80403

PLEASE TAKE NOTICE that pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, The Plaintiffs Steering Committee, will take the videotaped deposition(s) of Mr. Jerome B. Krause, on July 17, 2018 at 9:00 a.m. at:

Courtyard by Marriott Denver West/Golden
14700 W. 6th Ave. Frontage Road
Golden, CO 80401

or at some other time and/or place that the parties may agree to.

The deposition will be taken for the purposes of discovery and/or for use as evidence at trial. The deposition will be taken by audiovisual and stenographic means before a person authorized by law to administer oaths and will continue day-to-day until the examination is complete.

Dated: May 30, 2018                           Respectfully Submitted,

                                              /s/ Robert T. Dassow
                                              Robert T. Dassow
                                              HOVDE DASSOW AND DEETS, LLC
                                              10201 N. Illinois St., Suite 500
                                              Indianapolis, IN 46290
                                              (317) 818-3100
                                              rdassow@hovdelaw.com
                                              beckhart@hovdelaw.com

                                              Susanne N. Scovern
                                              SCOVERN LAW
                                              201 Spear St., Suite 1105
                                              San Francisco, CA 94105
                                              (888) 725-1890
                                              scovern@scovernlaw.com
                                              joseph_mcpeak@scovernlaw.com

                                              ***On behalf of the Plaintiffs Steering
                                              Committee***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

## CASE MANAGEMENT ORDER NO. 11
(Deposition Guidelines)

This Order shall govern the conduct of depositions of fact witnesses and experts for (1) cases directly filed in this Court pursuant to this Court's Direct Filing Order of CMO 2; (2) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation; (3) any tag-along action subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (4) all related cases originally filed in this Court or transferred or removed to this Court.

**I.   GENERAL PROVISIONS**

  **A.   Cooperation at Deposition**

  1.   Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

  2.   Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Courts at the time of the depositions. Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the Court and not in full

compliance with the civil rules of practice and all other orders of the Courts. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

**B.     Attendance**

3.     <u>Who May be Present</u>: Unless otherwise ordered under Fed. R. Civ. P. 26(c) or otherwise agreed to by the PSC or Defense Lead or Liaison Counsel, depositions may be attended in person only by counsel of record in this MDL or state court Talc counsel of record and employees of their firms who are assisting in the litigation and whose presence is reasonably required by the attorney, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel), court reporters, videographers, the deponent and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL – 2592 Protective Order shall be excluded from the deposition.

4.     <u>Unnecessary Attendance</u>:  Unnecessary attendance by counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

5.     <u>Notice of Intent to Attend a Deposition</u>: In order to make arrangements for adequate deposition space, Liaison Counsel for each party shall confer regarding the expected attendance in advance of the deposition. Ten days prior to the deposition, the noticing party shall provide the number of attendees.

**II.     CONDUCT OF DEPOSITIONS**

**A.     Duration**

2

#9703821.14(164320.003)

6. The time limitations imposed by Fed. R. Civ. P. 30(d)(1)—one (1) day of seven (7) hours—shall be the prima facie limitation on the duration of depositions in the MDL, unless the parties agree to a different time limitation or the Court establishes a different time limitation. However, because many witnesses of defendants to be deposed are legacy witnesses, who may possess information that spans decades, a limitation of one (1) day of seven (7) hours for the duration of the deposition of such witnesses may be insufficient time. Accordingly, as to such legacy type witnesses being deposed or where the deposition has been cross-noticed, the plaintiffs reserve the right to depose such witnesses for a duration that is longer than one (1) day of seven (7) hours. The parties shall make a good faith effort to reach agreement on the precise amount of duration of a legacy witness' or cross-noticed deposition, and upon the parties failing to reach an agreement, the issue shall be presented in the first instance to Special Master Pisano for resolution. Where a deposition is cross-noticed and state court counsel desire to question, the parties shall coordinate and cooperate to avoid duplicate questioning of the witness.

7. The MDL litigants shall attempt to address disputes related to depositions by raising same with Special Master Pisano in the form that he desires, unless the timing of a forthcoming deposition or other event does not permit.

8. To the extent that a party other than the noticing party conducts a direct examination, the noticing party may conduct a re-cross for the same amount of time used by the non-noticing party.

**B. Means of Recording**

9. Stenographic Recording: A certified Court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter

shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.

10. Deposition notices shall state whether the deposition is to be videotaped.

11. Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

12. Subject to the terms of the Protective Order entered in these proceedings, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the court reporter.

13. The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.

14. <u>Videotape Operator</u>: The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of Fed. R. Civ. P. 28 and similar state court rules.

15. <u>Swearing The Witness</u>: At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator(s) shall produce both video and DVD formats of each deposition.

C. **Scheduling and Notice of Deposition**

16. Individuals to be deposed should be given a reasonable amount of advance notice of the date of the deposition. All notices propounded pursuant to Fed. R. Civ. P. 30(b)(6) must give the witness to be deposed adequate time to prepare himself or herself on the subject matter of the deposition.

17. If a defendant in this MDL anticipates that it will cross notice a deposition in this MDL, the defendant shall make reasonable efforts to consult with PSC counsel in an effort to schedule the deposition at a mutually agreeable time and place, and in a manner that shall accommodate the PSC's examination of the witness.

4

#9703821.14(164320.003)

18. Any Deposition Notice served pursuant to Fed. R. Civ. P. 45 will attach this Deposition Protocol.

19. Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition. The deposition notice shall generally be served thirty (30) days prior to a scheduled deposition; said notice shall not be filed on the Court docket.

20. Plaintiffs' counsel in the MDL shall use best efforts to coordinate the scheduling and taking of depositions. Prior to issuing a deposition notice, absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for the proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions.

21. After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, the Noticing Party shall serve an amended Notice (if necessary) reflecting the agreed upon date and location; said notice shall not be filed on the Court docket.

**D.  Deposition Day**

22. A deposition shall commence at 9:00 a.m. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be at least a 15 minute morning break and a 15 minute afternoon break, with one (1) hour for lunch. Additional reasonable breaks may be taken, in which case the end time may be extended accordingly. Counsel should be efficient in depositions.

23. Objections Preserved Until Time Of Trial: All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

24. Objection By One Is For All: Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.

5

25. <u>No Speaking Objections</u>: Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel shall use best efforts to not engage in repetitive questioning.

26. <u>Limited Instruction To Not Answer</u>: Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information or a deponent or his or her counsel intend to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

27. <u>Consulting With Witness During Deposition</u>: Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

28. <u>Objections To Documents</u>: Objections to the admissibility of documents are not waived and are reserved for later ruling by the Court or trial judge. A party need not "move" the admission of a document in a deposition to preserve its use at trial.

29. <u>Authenticity Of Documents</u>: Any objection to the authenticity of an exhibit used in the deposition must be made by defendants within 30 days of the deposition or the exhibit will

be deemed to be authentic. If a defendant subsequently obtains information that an exhibit is not authentic, it will promptly notify the PSC. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document on the grounds of authenticity prior to trial or prior to any remand of cases prior to trial in the transferor courts. If more than 75 exhibits are used at a deposition, the parties shall meet and confer on a schedule for raising objections to authenticity.

### E. Location of Depositions

30. The Court expects counsel to mutually agree upon deposition locations. In the absence of agreement, depositions of witnesses located in the United States will take place in the deponent's home district, within a reasonable proximity to the deponent's residence or place of work, or at such other location as is agreed to by them and the deponent. The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

### F. Coordination with State Actions

31. Except for expert depositions to which this paragraph shall not apply, plaintiffs' counsel in the MDL shall use their best efforts to coordinate the scheduling of depositions with state court plaintiffs in order to minimize the number of times that a witness shall appear for a deposition. In a coordinated deposition, the Court expects counsel for plaintiffs in the MDL and plaintiffs' counsel in a coordinated state court proceeding to cooperate in selecting a primary examiner and equitably dividing the time. Upon conclusion of the examination by the primary examiner, other counsel may ask non-duplicative additional questions prior to the completion of the deposition, pursuant to the provisions contained in II. of this Order. It is the intent of this Order that counsel for MDL Plaintiffs shall be the primary examiner in depositions coordinated with a state court proceeding.

#9703821.14(164320.003)

### G. Cross-Noticing

32. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, inter alia, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to talc products. Any witness deposition noticed in this MDL proceeding may be cross-noticed by any party in any related action pending in any state court and vice versa. To the extent practicable, the parties shall endeavor to allow for full participation by all jurisdictions in each deposition. To the extent modifications to this section of the Protocol are required for expert witness depositions, the parties shall meet and confer to tailor the provisions as required by good cause.

33. If a deposition originally noticed in this MDL proceeding has been cross-noticed in another state court subject to this Order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown. Nothing herein shall preclude Defendants from opposing repeated depositions of corporate representatives or other witnesses. Any disputes among the parties of this MDL under this provision shall be resolved, and good cause determined by the MDL court. Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the courts.

### H. Postponement

34. Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between Lead and/or Liaison Counsel for each side or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of Court for good cause.

I. **Disputes During or Relating to Depositions**

35. If a dispute arising during a deposition requires expedited consideration the party requesting the intervention of the Court will send a short email to Special Master Pisano at jpisano@walsh.law stating as follows: "The parties to the Talc MDL request your assistance resolving a dispute in connection with an ongoing deposition, and request a time to confer with Special Master Pisano by telephone, at his earliest convenience." The party requesting assistance shall provide Special Master Pisano with a brief, non-argumentative description of the dispute that needs resolution. The email shall be copied to lead counsel present at the deposition and to the designated lead and liaison counsel in the MDL. The email shall include the best telephone number(s) at which to reach the counsel involved in the deposition in which there is a dispute. After receipt of the email, Special Master Pisano will endeavor to initiate a telephone conference between Special Master Pisano and counsel as soon as possible. To the extent the parties can continue to proceed with the deposition on other matters while awaiting a response from Special Master Pisano, they shall do so, provided however, if the deposition cannot continue to proceed until the dispute is resolved, the deposition may be recessed pending the resolution of the dispute. Nothing herein shall act as a waiver of the right of state court litigants to have their disputes resolved under their own state law by their state court judge.

J. **Documents Used in Connection with Depositions**

36. Production Of Documents: Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition, with a copy of the subpoena served as required by Fed. R. Civ. P. 45. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences.

37.  **Marking Exhibits**: The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document. Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose. Thereafter, the exhibit shall be referred to by its deposition exhibit number. Counsel shall use reasonable efforts to mark exhibits sequentially and shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

38.  As directed by the Court at the March 6, 2018 Status Conference, as exhibits to any 30(b)(6) deposition notice, counsel shall forthwith produce representative documents to provide clarity to the topics for which a 30(b)(6) deponent is being requested.

39.  **Copies**:  A copy of any document about which examining counsel expects to question the deponent should ordinarily be provided to the reporter, the deponent, primary counsel. Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.

### K.    Video Depositions

40.  By so indicating in its notice of a deposition, a party may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

41.  **Video Operator**: The operator(s) of the video record equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

#9703821.14(164320.003)

42. <u>Index</u>: The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

43. <u>Attendance</u>: Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.

44. <u>Standards</u>: Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat).

45. <u>Additional Cameras</u>: Any party, at its own expense and with notice 48 hours in advance of the deposition to opposing counsel, may arrange for additional cameras to film the attorneys examining and defending the deposition. If more than one camera is employed, the party arranging for the additional cameras shall pay for the expense of synchronization of the videotapes from the additional cameras if the party intends to show videotape from the additional cameras at trial. Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers

may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

46. <u>Filing</u>: After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

47. <u>Technical Data</u>: Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

L. **Telephone Depositions**

48. By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent. The court reporter shall be in the same room with the deponent.

M. **Correcting and Signing Depositions**

49. Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition. If no corrections are made during this time, the transcript will be presumed accurate.

50. Parties in jurisdictions where rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

III. **USE OF DEPOSITIONS**

#9703821.14(164320.003)

51.     Depositions of Defendants' current and former employees conducted in this MDL or in any state court may be used in related cases in this MDL or any state Court to the extent permitted by applicable federal rules or that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1) - (4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation):

    a)    who is a party to this litigation;

    b)    who was present or represented at the deposition; or

    c)    who was served with prior notice of the deposition or otherwise had reasonable notice thereof.

## IV.   TIMING OF TRIAL PRESERVATION DEPOSITION AFTER DISCOVERY DEPOSITIONS.

52.     To the extent defendants wish to conduct a "preservation" deposition for trial of a current or former employee or a consultant, the PSC shall be afforded reasonable notice of the intent to take the preservation deposition and an opportunity to take a discovery deposition of that witness if a discovery deposition has not already been taken in this MDL. In the event the PSC chooses to take a discovery deposition of the witness, the preservation deposition to be taken by defendants shall not commence any sooner than seventy-two (72) hours after the completion of the discovery deposition.

## V.   SUPPLEMENTAL DEPOSITIONS.

53.     The initial noticed deposition shall be presumed to be the complete deposition for discovery purposes barring exceptional circumstances. In the event a party seeks to re-depose a fact witness, the parties shall meet and confer regarding the request for a second deposition. If the parties are unable to reach an agreement, the party requesting the deposition may move the Court

13

#9703821.14(164320.003)

for an order permitting the deposition. The parties shall attempt to address disputes related to depositions by presenting a letter brief on the issue in the first instance to Special Master Pisano, unless the timing of a forthcoming deposition or other event does not permit.

## VI. CUSTODIAL FILES

54. This paragraph does not apply to 30(b)(6) depositions or expert depositions. As to the non-30(b)(6) depositions of other witnesses who are current or former employees of the Defendants, if the last production of the deponent's custodial file was made more than one year before the date noticed for the deposition, then the Defendants will update the custodial file production. Defendants will have at least 45 days from the date of the notice to supplement. If the documents for the deponent's custodial file were never produced, then the parties will meet and confer as to the need to produce and if there is to be a production, Defendants will have at least 60 days to produce. Defendants will provide a Rule 26(g) statement as to custodial productions made pursuant to this paragraph. If the last custodial file production was made within a year, there is no obligation to supplement and, if not previously provided, Defendants will provide a Rule 26(g) statement with regard to the production as of the time of the last production.

Trenton, This _____ day of May, 2018

_____
UNITED STATES DISTRICT JUDGE

#9703821.14(164320.003)