# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND LIABILITY LITIGATIONS** | Master Docket No. 3:16-md-2738 (FLW)<br><br>District Judge Freda L. Wolfson<br>Magistrate Judge Lois H. Goodman |
| This document relates to:<br><br>BARBARA MIHALICH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHNSON & JOHNSON CONSUMER, INC.,<br><br>        Defendant. | Case No.   3:18-cv-12421 (FLW) |

-------------------------------------------------------------------------------------------------------------
**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
-------------------------------------------------------------------------------------------------------------

Timothy G. Blood
Thomas J. O'Reardon II
Paula R. Brown
BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
T: 619/338-1100
F: 619/338-1101
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Attorneys for Plaintiff Barbara Mihalich*

(Additional Counsel on Signature Page)

00140023

## TABLE OF CONTENTS

                                                                                                                                              **Page**

I. INTRODUCTION ................................................................................................1

II. PROCEDURAL HISTORY..................................................................................2

       A. The Court's Prior Dismissal for Lack of Article III Standing ..............................2

       B. The Current Action and J&J's Removal ..............................................................3

III. THE COURT MUST REMAND THE CASE.....................................................3

       A. Remand Is Required Because There Is No Federal Jurisdiction...........................3

       B. The Court's Prior Dismissal "With Prejudice" Estops Defendant from Re-Litigating the Standing Issue; It Does Not Prevent Plaintiff from Filing in a Court of Proper Jurisdiction ................................................................5

IV. CONCLUSION......................................................................................................7

**I.      INTRODUCTION**

Plaintiff alleges that Defendant Johnson & Johnson Consumer, Inc. ("J&J") violated Illinois state law by selling its talc-based Baby Powder through false advertising, including omitting material facts that using the Baby Powder in the very manner intended, results in an increased risk of ovarian cancer. Plaintiff alleges these claims on behalf of herself and other Illinois consumers.

This is the second time this case has been before this Court. Plaintiff originally filed her action in the Southern District of Illinois. After being transferred to this Court as part of the J&J Baby Powder multi-district litigation ("MDL"), the Parties stipulated that this case did not belong in federal court because federal subject matter jurisdiction is lacking. The Parties agreed that based on the Court's dismissal for lack of Article III standing in *Estrada v. Johnson & Johnson et al.*, "if the Court applies the same reasoning as it did in *Estrada* it would conclude that Ms. Mihalich likewise cannot allege any injury in fact and lacks standing to bring suit." Ex. A at 1. Based on the Parties' stipulation, the Court dismissed Mihalich's action for lack of Article III standing.

After dismissal, Plaintiff filed the current case in Illinois state court where the Parties agree jurisdiction exists. J&J then removed the case, apparently changing its mind and deciding it would rather litigate in federal court. J&J cannot have it both ways.

In a removed action, if the federal court lacks subject matter jurisdiction, the court must remand the action to state court where Article III does not apply. 28 U.S.C. § 1447(c). The Parties and the Court agree that this Court does not have subject matter jurisdiction. Accordingly, the Court has no ability to adjudicate the case and therefore, must remand the action back to Illinois state court.

## II.     PROCEDURAL HISTORY

### A.     The Court's Prior Dismissal for Lack of Article III Standing

After Plaintiff originally filed this action in the Southern District of Illinois, it was transferred to this Court along with one other consumer class action, entitled *Estrada v. Johnson & Johnson, et al.* ("*Estrada*"), as part of the broader J&J Baby Powder MDL proceeding. *See Mihalich v. Johnson & Johnson, et al.* ("*Mihalich I*"), No. 3:16-cv-06695-FLW-LHG. Once in the MDL, J&J moved to dismiss *Estrada* for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

On July 14, 2017, the Court granted J&J's motion, dismissing *Estrada* for lack of Article III standing and finding that Estrada did not allege injury in fact. *Estrada*, No. 3:16-cv-07492-FLW-LHG, ECF No. 50 at 31. Because the Court agreed with J&J in finding the Court lacked jurisdiction under Article III, it did not rule on J&J's Rule 12(b)(6) motion. On August 10, 2017, the Court dismissed and entered judgment in *Estrada*. *Id.*, ECF No. 53.

After dismissal of *Estrada*, J&J indicated that it intended to move to dismiss Mihalich's case on similar grounds for lack of Article III standing. After discussing the issue with the Court, and per its instruction, the Parties "considered the similarities and differences (if any) between California and Illinois law on the relevant issues and [] reviewed Ms. Mihalich's claims under Illinois law in light of the Court's reasoning and ruling in *Estrada*." Ex. A at 1. The Parties then stipulated that "although Plaintiffs disagree with the Court's reasoning and ruling in *Estrada*, … if the Court applies the same reasoning as it did in *Estrada* it would conclude that Ms. Mihalich likewise cannot allege any injury in fact and lacks standing to bring suit." *Id*. Therefore, "to save the resources of the Court and the Parties in re-briefing this issue in *Mihalich*" the Parties jointly requested that *Mihalich* "be dismissed for the same reasons as set forth in the Court's opinion in

2

*Estrada* (ECF No. 50).…" *Id*. at 2. Plaintiff's action was then dismissed for failure to "allege injury in fact" under Article III. *Id.*

### B. The Current Action and J&J's Removal

After dismissal by the Court for lack of federal subject matter jurisdiction, Plaintiff refiled her case in Illinois state court where Article III does not apply. Despite J&J's prior agreement and order from the Court that Plaintiff does not have Article III standing and federal subject matter jurisdiction is lacking, J&J immediately removed the case to the Southern District of Illinois pursuant to CAFA. *Mihalich v. Johnson & Johnson Consumer Companies, Inc.* ("*Mihalich II*"), No. 3:18-cv-12421, ECF No. 1. J&J's removal papers make no mention of the basis for federal subject matter jurisdiction.

On the same day it removed the action, J&J moved to dismiss, arguing that "Plaintiff's claims are barred as a matter of law by principles of res judicata and collateral estoppel." *Mihalich II*, ECF No. 4 at 1. J&J also moved to transfer the action to this Court for MDL purposes. Plaintiff immediately moved for remand. *Id.*, ECF No. 12. On August 1, 2018, the action was transferred to this Court before J&J's motion to dismiss or Plaintiff's motion to remand were heard by the Southern District of Illinois. *Id.*, ECF No. 24. Plaintiff now moves for remand before this Court pursuant to Case Management Order No. 1, ¶11. MDL, ECF No. 74.

### III. THE COURT MUST REMAND THE CASE

#### A. Remand Is Required Because There Is No Federal Jurisdiction

The removing defendant shoulders the burden of demonstrating that federal jurisdiction lies in the case. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). Any doubt regarding federal jurisdiction must be resolved in favor of remand. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). If a plaintiff cannot meet the requirements of Article

3

III, federal subject matter jurisdiction does not exist, and the court has no power to adjudicate the case on the merits. *Katz v. Six Flags Great Adventure, LLC*, No. 18-116 (FLW) (DEA), 2018 U.S. Dist. LEXIS 135913, at *13 (D.N.J. Aug. 13, 2018) ("As an element of subject matter jurisdiction, '[t]he question of standing is not subject to waiver.'") (quoting *U.S. v. Hays*, 515 U.S. 737, 742 (1995)).

In a removed action, if the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c); *Katz*, 2018 U.S. Dist. LEXIS 135913, at *24-25. "[T]he literal words of § 1447(c), … on their face, give … no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case shall be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (citation, emphasis and internal quotations omitted); *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997). Where Article III standing is not satisfied in a removed case, remand is the appropriate remedy because state courts are not bound by Article III. *See ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("[T]he constraints of Article III do not apply to state courts.…"); *Katz*, 2018 U.S. Dist. LEXIS 135913, at *25 ("[B]ecause state courts are not bound by the constraints of the Article III case or controversy requirement, it follows that a 'lack of federal jurisdiction does not obviate the remand requirement of § 1447(c).'") (quoting *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, No. 17-1794, 2018 U.S. App. LEXIS 21662, *10 (8th Cir. Aug. 6, 2018)).

The same is true in cases removed pursuant to CAFA. *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1032-33 (8th Cir. 2014); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Katz*, 2018 U.S. Dist. LEXIS 135913, at *23 n.6 (holding that because plaintiff did not have Article III standing "CAFA is not a basis for removal"). If the plaintiff does

4

not have Article III standing, then "CAFA does not extend federal jurisdiction to th[e] case." *Wallace*, 747 F.3d at 1033; *Polo*, 833 F.3d at 1196 ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well [in] a case removed pursuant to CAFA.…"); *Katz*, 2018 U.S. Dist. LEXIS 135913, at *23 n.5.

J&J cannot possibly meet its burden of demonstrating federal jurisdiction because it has already conceded federal jurisdiction does not exist. In fact, J&J has repeatedly taken the position that the federal courts lack jurisdiction over this case. It should now be estopped from taking a different position in an effort to obtain a different result. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427-28 (7th Cir. 1993).

The parties stipulated, and the Court agreed, that based on the Court's order dismissing *Estrada* for lack of subject matter jurisdiction, Plaintiff similarly does not have Article III standing to bring her claims in federal court. J&J fails to allege any new facts in its removal papers that would confer Article III standing. In fact, despite repeatedly taking—and stipulating to—the position that Plaintiff lacks Article III standing, J&J fails to address the issue at all in its removal papers. Regardless of whether J&J's removal papers satisfy CAFA, removal is improper because Article III is not satisfied, and therefore, subject matter jurisdiction is lacking. Under Section 1447(c), the case must be remanded.

**B.     The Court's Prior Dismissal "With Prejudice" Estops Defendant from Re-Litigating the Standing Issue; It Does Not Prevent Plaintiff from Filing in a Court of Proper Jurisdiction**

J&J incorrectly argues that because the Court's dismissal for lack of subject matter jurisdiction pursuant to the Parties' stipulation was "with prejudice," Plaintiff is prevented from refiling her action in a court of proper jurisdiction. *Mihalich II*, ECF No. 4 at 1. However, only

5

00140023

adjudications on the merits can have a preclusive effect on the re-filing of a case. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). Article III standing is a justiciability issue and does not involve an adjudication on the merits. *Warth v. Seldin*, 422 U.S. 490, 500 (1975); *see also* Fed. R. Civ. P. 41(b). Therefore, dismissal for lack of Article III standing cannot preclude the re-filing of the case in a court of proper jurisdiction.

That is true even if the dismissal for lack of Article III standing is "with prejudice." As the Third Circuit has held, "[o]f course, the dismissal 'with prejudice' is not res judicata as a final decision upon the merits since the ground of dismissal is jurisdiction." *Wade v. Rogala*, 270 F.2d 280, 282 (3d Cir. 1959).

The dismissal "with prejudice" simply bars re-litigation of the standing issue. "[A] dismissal for lack of subject matter jurisdiction does have a preclusive effect on subsequent litigation of that ground for dismissal, in this case lack of standing[.]" *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 630 F. Supp. 2d 576, 583 (W.D. Pa. 2008), *vacated on other grounds*, 569 F.3d 1328 (Fed. Cir. 2009); *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987) ("[A] ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its res judicata effect is limited to the question of jurisdiction."). However, it does not bar re-filing in a court of proper jurisdiction.

If a federal court finds that Article III standing is lacking, the dismissal "will be with prejudice to the reinstitution of th[e] action in the District Court but will be without prejudice to institution of a similar action in the state courts." *Goode v. City of Phila.*, 539 F.3d 311, 327 (3d Cir. 2008); *see also Johnson v. Lasalle Bank Nat'l Ass'n*, 663 F. Supp. 2d 747, 767 (D. Minn. 2009). "[A] decision to dismiss based on any of the doctrines under the justiciability heading should preclude relitigation of the same justiciability issue but not a second suit on the same

claim even if arising out of the identical set of facts." *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981).

The fact that the Court dismissed the case for lack of jurisdiction "with prejudice" does not, and cannot, preclude Plaintiff from re-filing her case in a court of proper jurisdiction. After the Court dismissed Plaintiff's case for lack of federal subject matter jurisdiction, Plaintiff filed her case in Illinois state court where Article III does not apply. Because this Court lacks subject matter jurisdiction, the action must be remanded back to Illinois state court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand should be granted and the case remanded to Illinois state court.

                    Respectfully submitted,

Dated: September 4, 2018

BLOOD HURST & O'REARDON, LLP
Timothy G. Blood
Thomas J. O'Reardon II
Paula R. Brown (254142CA)

By:   *s/ Timothy G. Blood*

Timothy G. Blood
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

GOLDENBERG HELLER & ANTOGNOLI, PC
Mark C. Goldenberg
Thomas P. Rosenfeld
Ann E. Callis
Kevin P. Green
2227 South State Route 157
Edwardsville, IL  62025
Tel: 618/656-5150
618/656-230 (fax)
mark@ghalaw.com
tom@ghalaw.com
acallis@ghalaw.com
kevin@ghalaw.com

7

BEASLEY, ALLEN, CROS, METHVIN
 PORTIS & MILES, P.C.
W. Daniel "Dee" Miles, III
Lance C. Gould
Alison Douillard Hawthorne
272 Commerce Street
P.O. Box 4160
Montgomery, AL  36103
Tel: 334/269-2343
224/954-7555 (fax
Dee.Miles@BeasleyAllen.com
Lance.Gould@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com

*Attorneys for Plaintiff*

00140023

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the United States District Court, District of New Jersey, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on September 4, 2018.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD
