UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No.: 2738 3:16-MD-02738-FLW-LHG** |
| THIS DOCUMENT ALSO RELATES TO: SANDRA JIMINEZ, v. JOHNSON & JOHNSON, INC., et al., | CASE NO.: 3:18-cv-12526-(FLW) (LHG) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND PERMIT THE AMENDMENT OF PLAINTIFF'S COMPLAINT**

**Return Date:  September 17, 2018**

**PHILLIPS & PAOLICELLI, LLP**

By:    Daniel J. Woodard, Esq.
101 Grovers Mill Road
Lawrenceville, NJ 08648
747 Third Avenue, 6th Floor
New York, NY 10017
dwoodard@p2law.com
(212) 388-5100

{00039711}

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

PROCEDURAL HISTORY ..................................................................................... 4

FACTUAL BACKGROUND .................................................................................... 6

ARGUMENT
   I.  DIVERSITY JURISDICTION DID NOT EXIST AT THE TIME
       OF THE INITIAL FILING OR REMOVAL THEREFORE
       REMAND IS APPROPRIATE ........................................................................ 8

   II.  PERMITTING THE AMENDMENT OF PLAINTIFF'S
       COMPLAINT PURSUANT TO 28 U.S.C. 1447(e) WOULD
       BE A PROVIDENT EXERCISE OF THE COURT'S
       DISCRETION EVEN THOUGH IT WOULD DEPRIVE
       THE COURT OF SUBJECT MATTER JURISDICTION ................................ 13

CONCLUSION ...................................................................................................... 18

## T<small>ABLE OF</small> A<small>UTHORITIES</small>

**Cases**                                                                 **Page(s)**

*American Mutual Liability Ins. Co. v. The Flintkote Co.*,
    565 F. Supp. 843 (S.D.N.Y. 1983) ................................................... 9

*Augienello v. FDIC*,
    310 F. Supp. 2d 582 (S.D.N.Y. 2004) ....................................... 2, 11

*Bielicki v T.J. Bentey, Inc.*,
    248 A.D.2d 657 (A.D. 2nd Dept. 1998) ................................. 15, 16

*Boyer v. Snap-on Tools Corp.*,
    913 F.2d 108 (3rd Cir. 1990) ....................................................... 10

*Carter v. Dover Corp., Rotary Lift Div.*,
    753 F. Supp. 577 (E.D.P.A 1991) ................................................ 18

*Da Cruz v. Towmasters of N.J., Inc.*,
    217 F.R.D. 126 (E.D.N.Y. 2003) ........................................... 14, 16

*DiNardi v. Ethicon, Inc.*,
    145 F.R.D. 294 (N.D.N.Y. 1993) ................................................ 13

*Gateway 2000, Inc. v. Cyrix Corp.*,
    942 F. Supp. 985 (D.N.J. 1996) .................................................... 9

*Gebo v Black Clawson Co.*,
    92 N.Y.2d 387 (1998) .................................................................. 15

*Gilberg v. Stepan Co.*,
    24 F. Supp. 2d 355 (D.N.J. 1998) ........................................... 14, 17

*Glass Molders, Pottery, Plastics & Allied Workers Int'l Union v.*
    *Wickes Cos.*,
    707 F. Supp. 174 (D.N.J. 1989) .................................................. 10

*Gursky v. Northwestern Mutual Life Ins. Co.*,
    139 F.R.D. 279 (E.D.N.Y. 1991) ................................................ 16

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ................................. 2, 3, 11

ii

*Keene Corp. v. United States*,
   508 U.S. 200 (1993)........................................................................ 8

*Liberty Ins. Underwriters, Inc. v. Wiss & Co*.,
   LLP, 2014 U.S. Dist. LEXIS 197391 (D. N.J. 2014) ...................... 2

*Lupo v. Human Affairs Int'l, Inc.*,
   28 F.3d 269 (2d Cir. 1994) ............................................................. 9

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig*.,
   No. 1:00-CV-1898, MDL 1358, 2006 U.S. Dist. LEXIS 20575,
   2006 WL 1004725 (S.D.N.Y. 2006)............................................. 10

*Moorco Int'l v. Elsag Bailey Process Automation*,
   881 F. Supp. 1000 (E.D. Pa. 1995).................................................. 8

*OneWest Bank, N.A. v. Melina*,
   827 F.3d 214 (2d Cir. 2016) ......................................................... 12

*Peters v. TimeSpan Communs., Inc*.,
   1999 U.S. Dist. LEXIS 2797 (S.D.N.Y. 1999)......................... 2, 11

*Rivera v. Duracell, U.S.A., Div. of Duracell, Inc*.,
   1990 U.S. Dist. LEXIS 16260 (S.D.N.Y. 1990).................... 14, 15

*Robison v. Tom Cawley's Aviation Serv.*,
   2017 U.S. Dist. LEXIS 166579 (S.D.N.Y. 2017)......................... 10

*Rodriguez v. Abbott Labs*,
   151 F.R.D. 529 (S.D.N.Y. 1993).................................................. 16

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100 (1941)......................................................................... 9

*Smith v. Toyota Motor Sales, U.S.A. Corp.*,
   2007 U.S. Dist. LEXIS 39397 (D.N.J. 2007) ................................. 9

*Stan Winston Creatures, Inc. v. Toys "R" Us, Inc*.,
   314 F. Supp. 2d 177 (S.D.N.Y. 2003) ...................................... 8, 10

*Sukljian v Charles Ross & Son Co.,*
   69 N.Y.2d 89 (1986).................................................................. 15, 16

*Toanone v. Williams*,
    405 F. Supp. 36 (E.D. Pa. 1975) .................................................... 10

*Vasura v. Acands*,
    84 F. Supp. 2d 531 (S.D.N.Y. 2000) ................................................ 9

*Voss v Black & Decker Mfg. Co.*,
    59 N.Y.2d 102 (1983) .................................................................. 15

*Wyant v. National R.R. Passenger Corp.*,
    881 F. Supp. 919 (S.D.N.Y. 1995) ................................................ 17

*Zerafa v. Montefiore Hosp. Hous. Co., Inc.*,
    403 F. Supp. 2d 320 (S.D.N.Y. 2005) ............................................ 9

**Statutes**

28 U.S.C. 1332 (c)(1) .................................................................. 2, 10, 13

28 U.S.C. § 1332 ...................................................................... 1, 2 13

28 U.S.C. § 1447 .............................................................................. 1

28 U.S.C. § 1447(e) ................................................................. *passim*

Pursuant to 28 U.S.C. § 1447, 28 U.S.C. § 1332 and Fed. R. Civ. P. 15, Plaintiff Sandra Jimenez files this Memorandum in Support of Plaintiff's Motion to Remand and to permit the amendment of Plaintiff's Complaint and would respectfully request that this case be remanded to New York State, Supreme Court, Kings County for the following reasons:

## **INTRODUCTION**

This is a properly filed state court action that had been improperly removed by Defendants Johnson & Johnson, Inc., and Johnson & Johnson Consumer, Inc., (hereinafter "the Removing Defendants") and transferred to MDL No. 2738 as federal court subject matter jurisdiction was and is lacking. Plaintiff submits that complete diversity pursuant to 28 U.S.C. § 1332 did not exist at the time of the filing of the initial Complaint and did not exist at the time of removal. Therefore, this case should be remanded to state court, where it was initially filed.

This is a product liability action. Plaintiff alleges she contracted ovarian cancer as a result of her daily use of Johnson & Johnson's Baby Powder and Shower to Shower ("the subject products"), on her genital area over many years (1983 to 2004). In June 2015, as a result of the Plaintiff' use of the subject products, she contracted and now has Stage IIIC metastatic ovarian cancer.

The Removing Defendants, claim that there was complete diversity pursuant to 28 U.S.C. §1332 at the time of the filing of the initial Complaint. This is Defendants sole jurisdictional basis for the removal. Plaintiff, who is a resident of New York, denies that complete diversity existed at the time of the initial filing as Defendant Duane Reade Inc.'s principal place of business, corporate headquarters and the centralized location of their business operations are located in the State and City of New York. Since Plaintiff and Defendant Duane Reade, Inc. are

{00039711}                                          1

both New York citizens, complete diversity between the parties does not exist and subject matter jurisdiction is lacking.

Upon the filing of the Notice of Removal, Plaintiff immediately amended her Complaint to assert claims against Duane Reade Holdings, Inc., Duane Reade Inc., a/k/a DRI-I, Inc., DRI-I Inc., f/k/a Duane Reade Inc., and Duane Reade, a New York General Partnership. The Removing Defendants agree that if the Complaint is permissibly amended (as it should be) the federal courts will be deprived of jurisdiction as complete diversity will not exist. (**Exhibit E** pages 2-3)[1]

For the purposes of analyzing whether diversity jurisdiction exists under 28 U.S.C. § 1332 a corporate Defendant is a citizen of each state in which it has been incorporated and has its principal place of business.  28 U.S.C. § 1332 (c)(1).

The principal place of business of a corporation is the state where the corporate headquarters is located, (*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)) or where the activities of the business are centralized in one location, where the "nerve center" is located, "which  serves as the center of overall corporate control and direction for the corporation, not merely the location where its board of directors meets" *Liberty Ins. Underwriters, Inc. v. Wiss & Co*., LLP, 2014 U.S. Dist. LEXIS 197391, *10 (D. N.J. 2014); *see also  Peters v. TimeSpan Communs., Inc*., 1999 U.S. Dist. LEXIS 2797, *16-17 (S.D.N.Y. 1999); *Augienello v. FDIC*, 310 F. Supp. 2d 582, 584 (S.D.N.Y. 2004)  where the "corporation has its most extensive contacts with, or its greatest impact on, the general public" *Peters v. TimeSpan Communs., Inc*., 1999 U.S. Dist. LEXIS 2797, *16-17 (S.D.N.Y. 1999); *Augienello v. FDIC*, 310 F. Supp. 2d 582, 584 (S.D.N.Y. 2004).

---

[1] Exhibit E is the Removing Defendants opposition to Plaintiff's request for a pre-motion conference before Hon Pamela K. Chen, United States District Court, Eastern District of New York. Judge Chen was assigned to this matter upon its removal from State Court, prior to the entry of the Conditional Transfer Order.

Defendant Duane Reade, Inc., is a Delaware corporation, who was acquired by Walgreens in 2010. At the time of the filing of this action Duane Reade Inc. was a subsidiary of Walgreens. Duane Reade Inc. has maintained a separate headquarters from the parent corporation, located at the time this action was filed and at the time of removal at 40 Wall Street, 22nd Floor, New York, New York.

Since all factual ambiguities must be construed in favor of the Plaintiff on a motion to remand, and the weight of the documentary evidence indicates that Duane Reade, Inc.'s headquarters is located at 40 Wall Street, New York, New York, Duane Reade is a citizen of New York at the time of the initial filing and at the time of removal.  Additionally, when analyzed through the lens of the "nerve center  test set forth in *Hertz Corp. v. Friend,* Duane Reade is undoubtedly a citizen of New York for the purposes of this diversity jurisdiction analysis.  Duane Reade has over 150 stores in Manhattan and over 250 in the New York Metropolitan area. It makes perfect sense that its headquarters would be in New York as its impact and nexus is greatest on and with the New York community.

Under either test, complete diversity did not exist at the time of the filing of the initial Complaint and at the time of removal. Therefore, federal diversity jurisdiction never existed and remand is appropriate.

Less than two weeks (13 days) after the matter was removed, Plaintiff amended her Complaint to add Duane Reade Holdings, Inc., Duane Reade Inc., a/k/a DRI-I, Inc., DRI-I Inc., f/k/a Duane Reade Inc., and Duane Reade, a New York General Partnership. These entities are interrelated and connected within the corporate structure of Duane Reade, Inc.  They are not "new" Defendants, as the theories of liability as a seller of the alleged defective product are identical to that of Duane Reade, Inc. These Defendants have been added to assure that all

responsible parties for the sale of the subject product from the Duane Reade stores by Plaintiff are named in this litigation so that Plaintiff can have a complete adjudication of her claim. There is simply no malicious or improper motive to be drawn from this amendment as it is Plaintiff's position that diversity jurisdiction never existed.

Plaintiff has met all of the criteria for the Court to permit this amendment pursuant to 28 U.S.C. § 1447(e). There was virtually no delay (13 days) in making the amendment; the amendment does not cause Defendants any demonstrable prejudice; the likelihood of multiple actions in both state and federal court is great as the Duane Reade stores were the retail outlet where Plaintiff purchased the subject products; and Plaintiff's motivation for the amendment is to assure that all necessary parties are included in the litigation to permit the proper adjudication of her claims. For these reasons, this matter should be remanded back to state court as there is no subject matter jurisdiction.

## PROCEDURAL HISTORY

Plaintiff's initial Complaint was filed in New York Supreme Court, Kings County, on April 6, 2018. The Complaint named Imerys Talc America, Inc., Duane Reade, Inc., and the Johnson & Johnson Companies as Defendants.[2] Plaintiff is a New York resident.  Plaintiff alleged in the initial Complaint that Duane Reade, Inc. was a Delaware corporation with its principal place of business in New York (¶3 of **Exhibit A**).  The Johnson & Johnson Defendants filed their Notice of Removal on April 11, 2018 (**Exhibit B**). The Removing Defendants allege

---

[2] It is alleged that Defendant Imerys is a Delaware corporation with its principal place of business in California. Defendant Imerys was served with the Complaint on May 7, 2018. The Johnson & Johnson Defendants are New Jersey corporations with their principal place of business in New Jersey. The only relevant Defendant for this diversity jurisdiction analysis is Duane Reade, Inc.

that Duane Reade, Inc., is a Delaware corporation with their principal place of business in the State of Illinois (**Exhibit B** at ¶4).

On April 19, 2018 Plaintiff filed her First Amended Complaint in the United States District Court for the Eastern District of New York, adding, Duane Reade Holdings, Inc., Duane Reade Inc., a/k/a DRI-I, Inc., DRI-I, Inc., f/k/a Duane Reade Inc., and Duane Reade, a New York General Partnership, (hereinafter "Duane Reade GP") as Defendants (**Exhibit C**).  Plaintiff alleges in the First Amended Complaint that as Duane Reade, Inc., Duane Reade Holdings, Inc. and DRI-I, Inc., are Delaware corporations with their principal places of business, executive and corporate offices in New York (**Exhibit C** at ¶¶ 5-8). Plaintiff alleges that Defendant Duane Reade GP is a New York General Partnership with its principal place of business and executive and corporate offices in New York (**Exhibit C** at ¶¶ 9-10).

On April 19, 2018, Conditional Transfer Order-85 ("CTO-85") was filed in this matter.

On April 24, 2018, Plaintiff filed her Pre-Motion Letter to Remand the matter and for permission to amend her Complaint pursuant to Rule 3(A) of Hon. Pamela Chen's Individual Rules. **Exhibit D** (exhibits omitted)**.**

On April 24, 2018, Plaintiff filed her Notice of Opposition to Conditional Transfer Order-85 regarding inclusion of this matter in MDL 2738. (DKT #15).

On May 1, 2018, the Removing Defendants filed their opposition to Plaintiff's request for a pre-motion conference before United States District Court Judge Pamela K. Chen. (**Exhibit E**)

On May 7, 2018, Hon. Pamela Chen denied Plaintiff's request for a pre-motion conference to file her motion to remand, defer its decision until after the JPMDL adjudicates Plaintiff's motion to vacate the transfer order. (**Exhibit F**).

On May 9, 201, Plaintiff filed her Motion to Vacate CTO-85.

On August 1, 2018 the JPMDL ordered the transfer of this action to this MDL. (DKT #27)

On August 8, 2018 this matter was docketed in this MDL. (DKT #29).

## FACTUAL BACKGROUND

Defendant Duane Reade, Inc., was acquired by and became a subsidiary of Walgreens in 2010. (**Exhibit G** are excerpts of the Walgreen Co. Form 10-K for 2010, see page 2).  Duane Reade Inc., is the 99% owner of Duane Reade, GP. (**Exhibit G** pages 3-4).  DRI-I Inc. is a 1% owner of Duane Reade, GP. (**Exhibit G** pages 3-4).[3]

Duane Reade Holdings, Inc. is a parent of Duane Reade, Inc. (**Exhibit G** pages 3-4). Similar to Duane Reade, Inc., Duane Reade Holdings, Inc. was incorporated in Delaware with their principal place of business in New York, specifically, 40 Wall Street. (**Exhibit I**, www.bloomberg.com webpage for Duane Reade Holdings, Inc.). Duane Reade, GP, based on Walgreens Form 10-K is a New York entity. (**Exhibit G** page 4, **Exhibit H** page 4).

The Removing Defendants do not dispute that the addition of Duane Reade Holdings, Inc., Duane Reade, GP and DRI-I, Inc. will deprive the federal courts of subject matter jurisdiction, as complete diversity between all parties will not exist. (**Exhibit E**).

Notwithstanding this conceded fact, the documentary evidence clearly shows that Duane Reade Inc.'s headquarters at the time of the initial filing and removal was located at 40 Wall Street, New York, New York.

Duane Reade Inc.'s LinkedIn page indicates that their headquarters is in New York, New York (**Exhibit J**). Duane Reade Inc.'s Hoovers/Dun and Bradstreet page indicates that their offices are located at 40 Wall Street, 22nd Floor, New York, New York (**Exhibit K**). Duane

---

[3] Exhibit H are excerpts for the Walgreens Boots Alliance Inc. Form 10-K from 2017 showing that the Duane Reade Defendants are still only subsidiaries of Walgreen Co.

Reade Inc.'s Experian Business Report from LexisNexis indicates that their corporate offices and headquarters are located at 40 Wall Street, New York, New York. (**Exhibit L**).

In addition, documentation from www.bloomberg.com (**Exhibit M**) and the New York Department of State website (**Exhibit N**) confirm Plaintiff's allegation that Duane Reade, Inc.'s principal place of business is located in New York, specifically in New York County, at 40 Wall Street, New York, New York. In addition, various news publications reported, subsequent to their acquisition by Walgreens, that Duane Reade's corporate headquarters are located at 40 Wall Street, New York, New York (**Exhibit O**).

The New York State Department of State ("NYDOS") webpage for Duane Reade, Inc., does indicate that its executive offices are located at 108 Wilmont Road, Deerfield, Illinois and that its Chief Executive Officer is Richard Ashworth. (**Exhibit P**)  However, Mr. Ashworth is the President of Operations of Walgreens, the parent corporation and 108 Wilmont Road is the corporate offices of Walgreens and not Duane Reade Inc. (**Exhibit P**).  In addition, the County of Incorporation for Duane Reade Inc., is listed as "New York" on the NYDOS website. (**Exhibit N**).  In addition, service of the First Amended Complaint was delivered to an accepted for Duane Reade, Inc., Duane Reade Holding, Inc., DRI-I, Inc. and Duane Reade GP at 40 Wall Street, New York, New York. (**Exhibit R**).

Defendant Duane Reade Inc. has over 150 stores in Manhattan and over 250 in the New York Metropolitan area (**Exhibit G** page 2, **Exhibit K**, page 1 and **Exhibit O** page 1).  The focus of its business and location of its retail locations are without a doubt, New York centered and New York based.

Plaintiff submits that this documentary evidence supports the allegations in Plaintiff's Complaint that Duane Reade Inc.'s principal place of business is located in New York.  When

viewed against the backdrop of the Removing Defendants' complete lack of proof, this evidence, at minimum, creates severe doubt about the exercise of federal jurisdiction in this matter, tilting the scales in favor of remanding this matter based on a lack of subject matter jurisdiction.

## ARGUMENT

### I.   DIVERSITY JURISDICTION DID NOT EXIST AT THE TIME OF THE INITIAL FILING OR REMOVAL THEREFORE REMAND IS APPROPRIATE

As a preliminary note, Plaintiff submits that the law of New York and the Second Circuit should apply to this motion. A "district court on motion to remand must apply law of forum suggested by plaintiff if there is a colorable basis for such law's application" *Moorco Int'l v. Elsag Bailey Process Automation*, 881 F. Supp. 1000, 1004 (E.D. Pa. 1995) *citing Abels v. State Farm Fire & Casualty Co*., 770 F.2d 26, n. 10 (3d Cir. 1985).  Plaintiff resides in New York and New York is where she was used and was exposed to Defendants product, where her diagnosis was made and where her medical treatment is being rendered. As such, there is more than a "colorable basis" for the application of New York law. However, whether decided pursuant to Second Circuit or Third Circuit precedent, Plaintiff submits that the result is the same, diversity jurisdiction is lacking and this matter should be remanded to state court.

Federal courts are courts of limited jurisdiction. See, *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). The independence of state courts is an important consideration when weighing whether limited federal jurisdiction has been properly invoked. The statute conferring federal court jurisdiction on the basis of removal should be construed "narrowly, resolving any doubts against removability" *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc*., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (quoting *Somlyo v. J. Lu-Rob Enter., Inc*., 932 F.2d 1043, 1045-46 (2d Cir. 1991));See also *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, (1941)

(federalism concerns call for "the strict construction" of the removal statute, requiring remand to state court if any doubt exists over whether the removal was proper); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability"); *Zerafa v. Montefiore Hosp. Hous. Co., Inc*., 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed in as much as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum."); *Vasura v. Acands*, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000) ("In resolving a motion to remand, courts must be mindful of considerations of federalism and the limited jurisdiction conferred on subject matter jurisdiction courts and should strictly construe the federal removal statute, resolving all doubts in favor of remand."); *Smith v. Toyota Motor Sales, U.S.A. Corp.*, 2007 U.S. Dist. LEXIS 39397, *6-7 (D.N.J. 2007) (It is "well-settled that out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability"); *See also Gateway 2000, Inc. v. Cyrix Corp*., 942 F. Supp. 985, 989 (D.N.J. 1996) (stating that "Federal removal statutes are to be strictly construed, resolving any doubts in favor or remand").

In *American Mutual Liability  Ins. Co. v. The Flintkote Co.,* 565 F. Supp. 843 (S.D.N.Y. 1983) the Court held that retention of a case where there is even the "slightest doubt" of the ability to retain jurisdiction, is ill advised, as questions of subject matter jurisdiction can be raised at any stage of the litigation. *Id.* at 850. Because of the mandated strict construction of the removal statute which confers only limited jurisdiction, the burden is on the Removing Defendants to show by competent proof that federal diversity jurisdiction exists in this matter.

(*Stan Winston Creatures*, 314 F. Supp. 2d at 179; "the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof"); *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig*., No. 1:00-CV-1898, MDL 1358, 2006 U.S. Dist. LEXIS 20575, 2006 WL 1004725, at *2 (S.D.N.Y. 2006), on a motion to remand, the burden is on the removing party "to establish its right to a federal forum by competent proof"); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990) (The defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper).

Plaintiff contends that the Removing Defendants have not met their burden, especially where as here, the Court must accept "as true all relevant allegations in the complaint" and must construe "all factual ambiguities in favor of plaintiffs" *Robison v. Tom Cawley's Aviation Serv.*, 2017 U.S. Dist. LEXIS 166579, at *2 (S.D.N.Y. 2017). (*See Glass Molders, Pottery, Plastics & Allied Workers Int'l Union v. Wickes Cos*., 707 F. Supp. 174, 179 (D.N.J. 1989) "Ambiguity in plaintiffs' pleadings is not fatal to their motion to remand. To the contrary, as Judge Higginbotham pointed out in *Toanone v. Williams*, 405 F. Supp. 36, (E.D. Pa. 1975) 'all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction.'").

The ambiguities and weight of evidence submitted by Plaintiff tilt the scales toward a finding that complete diversity does not exist as Duane Reade, Inc., is a citizen of the state of New York as their headquarters is located in downtown Manhattan.

Pursuant to 28 U.S.C. 1332 (c)(1) a corporation is a citizen of the States in which it is incorporated and where it has its principal place of business. The principal place of business of a corporation, has been interpreted, in the context of the analysis to determine if the Court has

proper diversity jurisdiction as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, (2010).

The Supreme Court has described the characteristics of a corporation's principal place of business as, "the corporation's nerve center." *Id*. at 93. This means

> it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings.

*Id.* at 93.

In contrast to the "nerve center test" Courts have held that "where corporations are centralized", it is appropriate to apply the "place of operations" or "locus of operations" test to determine a corporation's principal place of business. "A corporation's principal place of business under this test is the location in which the corporation has its most extensive contacts with, or its greatest impact on, the general public" *Peters v. TimeSpan Communs., Inc*., 1999 U.S. Dist. LEXIS 2797, *16-17 (S.D.N.Y. 1999). (See also; *Augienello v. FDIC*, 310 F. Supp. 2d 582, 584, (S.D.N.Y. 2004) "Where corporations are centralized, courts apply the "place of operations" or "locus of operations" test to determine a corporation's principal place of business. "A corporation's principal place of business under this test is the location in which the corporation has its most extensive contacts with, or its greatest impact on, the general public").

It is the corporate headquarters/principal place of business of the subsidiary which is relevant to the analysis to determine whether or not federal diversity jurisdiction exists. The principal place of business and state of incorporation of the parent is not relevant. When formal separation is maintained between a corporate parent and its corporate subsidiary, such as in this case between Walgreens and the Duane Reade entities, "a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction" *OneWest Bank,*

*N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016). Duane Reade and Walgreens have separate headquarters and separate Boards of Directors (**Exhibit Q**).

Duane Reade has over 150 stores in Manhattan and 258 stores total in the New York Metropolitan area (**Exhibit G** page 2, **Exhibit K** page 1, **Exhibit O** page 1).

Under all of the tests for determining the citizenship of a corporation, Duane Reade, Inc., is a New York citizen. Its headquarters under the "nerve center test" is located on Wall Street. Their locus of activity and operations is centralized on in Manhattan in the City and State of New York. Moreover, Duane Reade functions as a separate operational entity. As such, their principal place of business for the diversity analysis as opposed to the place of incorporation and principal place of business of the parent corporation, Walgreens, is determinative. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016).[4]

The Removing Defendants have not met their burden nor provided any competent proof to show that Duane Reade Inc.'s principal place of business is located in Illinois. (**Exhibit B** at ¶4). Moreover, "all relevant allegations in the complaint" and "factual ambiguities" must be construed in favor of the plaintiffs regarding whether remand is appropriate. *Robison* at 2. When construing all allegations and resolving all ambiguities in Plaintiff's favor, Duane Reade Inc. should be considered a citizen of New York. Therefore complete diversity does not exist this case should be remanded to state court.

II.   **PERMITTING THE AMENDMENT OF PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. 1447(e) WOULD BE A PROVIDENT EXERCISE OF THE COURT'S DISCRETION EVEN THOUGH IT WOULD DEPRIVE THE COURT OF SUBJECT MATTER JURISDICTION**

---

[4] The Removing Defendants will undoubtedly raise the fact that the NYSDOS website indicates that the executive offices of Duane Reade Inc., are located in Deerfield, Illinois and that their CEO is Richard Ashworth. As indicated in the attached **Exhibit P**, Mr. Ashworth is the President of Operations of Walgreens and not the CEO of Duane Reade, Inc. In addition, Deerfield, Illinois address is the corporate headquarters of Walgreens and not Duane Reade, Inc. (**Exhibit P**).

When a party seeks to amend the Complaint after the matter has been removed to federal court to add non-diverse parties, which would deprive the court of subject matter jurisdiction under 28 U.S.C. § 1332, the Court can permit, in its discretion, the amendment of the Complaint. Under Section 1447(e), the Court has the discretion to either deny joinder of a non-diverse defendant and retain jurisdiction, or to permit joinder and remand the case to state court. See, *DiNardi v. Ethicon, Inc*., 145 F.R.D. 294, 297 (N.D.N.Y. 1993).

In response to the Notice of Removal, Plaintiff conducted an additional investigation into the corporate structure of Duane Reade, Inc. This additional investigation was conducted: 1) in response to the Removing Defendants assertion that Duane Reade Inc.'s principal place of business was located in Illinois; 2) to obtain documentary proof that Duane Reade Inc.'s principal place of business was located in New York as alleged in the initial Complaint; and 3) to obtain support for Plaintiff's eventual application to remand.

This investigation revealed that Duane Reade, Inc., is the 99% owner of Duane Reade, GP and that DRI-I Inc. is a 1% owner of Duane Reade, GP. (**Exhibit G** pages 3-4) This investigation also revealed that Duane Reade Holdings, Inc. is a parent of Duane Reade, Inc. (**Exhibit G** pages 3-4). Upon discovering these interconnected entities within the corporate structure and ownership of the Duane Reade stores, Plaintiff immediately amended her Complaint to include them as Defendants.

Because this amendment will destroy diversity after removal[5], in determining whether this amendment is appropriate, the Courts have considered the following factors: "(1) any delay,

---

[5] It is Plaintiff's position that diversity jurisdiction has never existed in this matter. However, with the additional of Duane Reade GP as a Defendant, there can be no question that this entity, at a minimum, destroys diversity, requiring remand as no subject matter jurisdiction exists.

{00039711}                                    13

and the reason for delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend" *Da Cruz v. Towmasters of N.J., Inc.,* 217 F.R.D. 126, 134 (E.D.N.Y. 2003). In evaluating a motion to amend pursuant to 1447(e) "a court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities" *Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 357 (D.N.J. 1998).

The burden is on the Removing Defendants to show that Plaintiff's joinder of the non-diverse parties cannot be established even when Plaintiff's allegations are construed in a light most favorable to them.

In *Rivera v. Duracell, U.S.A., Div. of Duracell, Inc*., 1990 U.S. Dist. LEXIS 16260, *1-2, (S.D.N.Y. 1990) the Court discussed the applicable test in permitting Plaintiffs amendment under 28 U.S.C. § 1447 (e):

> Basically, the defendant must show with specificity that the facts as stated in the complaint, under the present law of the forum, form no basis for recovery against the defendant who defeats diversity. In applying this test the court should resolve all disputed questions of fact in favor of the plaintiff. . . . The burden of proving the right to a federal forum falls squarely on the party seeking removal. . . . The defendant must show that the plaintiff's allegations, taken in the light most favorable to him, cannot establish any liability on the part of [the party whose joinder is sought].

*Id*. at 1-2.

In *Rivera* which is factually similar to this matter, the Court permitted the amendment to destroy diversity and ordered remand. In *Rivera*, as here, Plaintiff alleged that he sustained injury as a result of a defective product (batteries) which were manufactured by Defendant Duracell and

sold by the Defendant to be joined, KLC from whom the Plaintiff alleges he purchased the defective product. In holding that the amendment was permissible, the Court explained that, the Removing Defendant had "failed to carry its burden of proving that there are no circumstances in which Rivera could recover from KLC for his injuries. Moreover, Duracell has not succeeded in showing that Rivera's motion should be denied as untimely. Therefore, the motion to amend the complaint to add KLC as a defendant is granted." Id. at 1-2

Plaintiff seeks to recover from the Duane Reade Defendants, who she alleges are the sellers or distributors of the defective product, manufactured by the Removing Defendants. New York law has long held that in strict products liability, the retailer, seller, distributor or wholesalers, who sell the defective product, in this case, Johnson & Johnson's Baby Powder and Shower to Shower as much as the manufacturer, are liable for injury which results from the use of the product "regardless of privity, foreseeability or the exercise of due care" See *Gebo v Black Clawson Co.,* 92 N.Y.2d 387, 392 (1998); *Sukljian v Charles Ross & Son Co*., 69 N.Y.2d 89, 94-95 (1986); *Bielicki v T.J. Bentey, Inc.,* 248 A.D.2d 657, 659-660 (A.D. 2nd Dept. 1998).

The plaintiff must only prove or at this juncture allege that the product was defective in the way it was manufactured, designed or that there was a failure to warn and that the defect was a substantial factor in causing the Plaintiff injury. (See *Sukljian v Charles Ross & Sons Co*., supra; *Voss v Black & Decker Mfg. Co*., 59 N.Y.2d 102, 106-107 (1983)).

It has long been held that sellers, distributors and retailers such as the Duane Reade Defendants can be held strictly liable for a defective product when they merely sold the product. (*Sukljian v Charles Cross & Sons, Inc*., supra at 95; *Bielicki v T.J. Bentey, Inc*., supra). Any right of indemnification that a seller, distributor or retailer may have against the manufacturer is of no moment when evaluating whether the claim asserted by Plaintiff is one that is cognizable under

New York for which the Plaintiff has alleged a basis to recover damages against the Duane Reade Defendants.

Plaintiff delayed a mere 13 days in amending her Complaint. This delay is extremely brief and weighs in favor of permitting joinder. *Da Cruz v. Towmasters of N.J., Inc.* at 134 (delays of 26, 24, 16 and 6 months held to be too long to permit joinder).

Defendants cannot claim legitimate prejudice by this joinder. The Removing Defendants are multinational corporations litigating these identical cases in Courts throughout the country. There has been no discovery as this case is still in its infancy. Court's have held that even when discovery is almost complete, that fact is insufficient to deny the amendment and ordered remand. (See, *Rodriguez v. Abbott Labs*, 151 F.R.D. 529, 533 (S.D.N.Y. 1993); *Gursky v. Northwestern Mutual Life Ins. Co.*, 139 F.R.D. 279, 283 (E.D.N.Y. 1991)). Here, no discovery has taken place. Therefore, any claim of prejudice would be suspect.

The Duane Reade Defendants are New York citizens. Therefore, there is no cognizable prejudice for them to litigate this claim in New York State Court. The party to be prejudiced is Plaintiff who, by virtue of transfer to the MDL, would likely not see her day in Court due to her premature death caused by the disease, ovarian cancer, caused by Defendants alleged negligent conduct.

The likelihood of multiple litigations is also high. It is unclear at this point which entity holds the applicable insurance to cover Plaintiff's claims on behalf of Duane Reade. Plaintiff's exposure to and purchase of the subject product spanned decades from 1983 to 2004, prior to the Walgreens acquisition. Plaintiff's motivation to amend the Complaint is to make sure that she has all necessary parties to proceed with the proper adjudication of her claim. In the complex world of corporate structures, mergers and acquisitions multiple amendments of a Complaint

{00039711}                                    16

regularly occur at the inception of litigation as additional information is learned and provided by counsel and defendants. There is no reason to infer ill motive in the addition of other corporate entities connected to an originally named defendant. Plaintiff is merely adding other corporate actors connected with a seller/distributor, i.e, Duane Reade, Inc., named in the initial Complaint. As discussed in *Short v. Bulk-Matic Transp. Co.*, "Unless a plaintiff seeks to add a non-diverse party **solely** to destroy the court's basis for diversity jurisdiction, the court is required to remand the action to state court" *Id.* at 1994 U.S. Dist. LEXIS 9478, (S.D.N.Y. July 13, 1994);(*see also Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 358 (D.N.J. 1998) "The fact that plaintiff was unable to effect the substitution before Stepan removed does not somehow convert any subsequent effort at substitution into a joinder "for the sole purpose of destroying diversity." (citations omitted)).

Where as here Plaintiff's amendment is motivated by a "good faith desire" to seek legitimate recovery from the entities who she alleges are liable to her, which also happens to defeat diversity, the amendment and joinder should be permitted pursuant to 28 U.S.C. § 1447(e). *Wyant v. National R.R. Passenger Corp.,* 881 F. Supp. 919, 923 (S.D.N.Y. 1995) (permitting the amendment of the complaint and remanding the matter back to state court, holding "the plaintiffs appear to be motivated not solely by a desire to defeat diversity jurisdiction, but rather by a good faith desire to seek recovery from those parties they contend are liable to them").

The Court's reasoning in *Carter v. Dover Corp., Rotary Lift Div.,* 753 F. Supp. 577, 580 (E.D.P.A 1991) is instructive in evaluating Plaintiff's request to amend:

> Plaintiff moved to join the additional parties promptly after learning of their existence and potential liability. The case involves exclusively state law issues. The alternative to joinder is the litigation of separate suits with an attendant inefficient use of judicial resources. The most logical, economical and equitable approach is to determine the

respective rights and liabilities of all relevant parties *inter se* in one proceeding. Virtually all of the courts which have interpreted or applied § 1447(e) have determined that it permits joinder and remand in these circumstances. Accordingly, plaintiff's motions will be granted.

*Id.* at 508.

In this case, Plaintiff promptly moved to amend her Complaint after the discovery of the existence of other corporate entities connected to Duane Reade, Inc. The high likelihood of companion competing dual state and federal court actions, should the Court deny this amendment will also result in the "inefficient use of judicial resources" *Id.* at 580. Therefore, as in *Carter*, the most "logical, economical and equitable approach" would be to permit the amendment of the Complaint and remand the matter to state court for a lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1447(e).

For these reasons, Plaintiffs amendment should be deemed appropriate and the case remanded back to New York State Supreme Court, County of Kings where it was initially filed. for want of federal diversity jurisdiction.

## **CONCLUSION**

For the reasons above, Plaintiff's ask that the Court grant her motion to remand this matter back to New York State Supreme Court based on this Court's lack of subject matter jurisdiction.

DATED: August 23, 2018

/s/ Daniel J. Woodard
Daniel Woodard (8846)
Email: dwoodard@p2law.com
Phillips & Paolicelli, LLP
747 Third Ave 6th Floor
New York, NY 10017

212-388-5100
Fax: 212-388-5200
*Counsel for Plaintiffs*