# EXHIBIT D

**PHILLIPS & PAOLICELLI, LLP**
ATTORNEYS AT LAW
747 THIRD AVENUE
6TH FLOOR
NEW YORK, NY 10017

(212) 388-5100
FAX: (212) 388-5200

NJ OFFICE
QUAKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648

TELEPHONE: (609) 789-5600

GOSHEN OFFICE
42 PARK PLACE
GOSHEN, NY 10924

TELEPHONE: (845) 228-3200

April 24, 2018

**Via ECF**
Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Sandra Jimenez v. Duane Reade, Inc., et al.
1:18-CV-02152 (PKC-SMG)
**Pre-motion letter**

Dear Judge Chen:

This office represents Plaintiff in the above referenced matter, which was removed to Federal Court by the Johnson & Johnson Defendants (the "Removing Defendants"). This is a product liability action. Plaintiff alleges that as a result of her daily use of Johnson's Baby Powder and Shower to Shower powder, on her perineal area over many years (1983 to 2004), she has developed, what is now Stage IIIC metastatic ovarian cancer. Over the years, Plaintiff purchased the Removing Defendants' talc products at various Duane Reade stores in Brooklyn. Plaintiff respectfully requests a pre-motion conference pursuant to Rule 3(A) of Your Honor's Individual Rules as Plaintiff seeks remand of this matter to State court and permission to amend the Complaint to add additional Duane Reade defendants pursuant to 28 U.S.C. § 1447(e). The Removing Defendants sole basis for removal is complete diversity of all parties pursuant to 28 U.S.C. §1332. Plaintiff contends that complete diversity did not exist at the time of filing of this action and does not exist now. Therefore, remand is appropriate.

Plaintiff's initial Complaint was filed in New York Supreme Court, Kings County, on April 6, 2018. The Complaint named Imerys Talc America, Inc., Duane Reade, Inc., and the Johnson & Johnson Companies as Defendants.[1] Plaintiff is a New York resident. Plaintiff alleged in the initial Complaint that Duane Reade, Inc. was a Delaware corporation with its principal place of business in New York (¶3 of Ex. A Dkt. 1). The Johnson & Johnson Defendants filed their Notice of Removal on April 11, 2018. The Removing Defendants allege that Duane Reade, Inc., is a Delaware corporation with their principal place of business in the State of Illinois[2] (¶4 Notice of Removal Dkt. 1). On April 19, 2018 Plaintiff filed a First Amended Complaint adding, Duane Reade Holdings, Inc., Duane Reade Inc., a/k/a DRI-I, Inc., DRI-I, Inc., f/k/a Duane Reade Inc., and Duane Reade, a New York General Partnership,

---

[1] Defendant Imerys is a Delaware corporation with its principal place of business in California. The Johnson & Johnson Defendants are New Jersey corporations with their principal place of business in New Jersey. The only relevant Defendant for this diversity analysis is Duane Reade, Inc.
[2] Duane Reade Inc., was served with the initial Complaint on April 16, 2018. They have answered the Complaint.

{00037853}

Hon. Pamela K. Chen
April 24, 2018
Page 2

(hereinafter Duane Reade GP) as Defendants. Plaintiff alleges in the First Amended Complaint that as Duane Reade, Inc., Duane Reade Holdings, Inc. and DRI-I, Inc., are Delaware corporations with their principal places of business and executive offices in New York (¶¶ 5-8 Dkt. 10). Plaintiff alleges that Defendant Duane Reade GP is a New York General Partnership with its principal place of business and executive offices in New York (¶¶ 9-10 Dkt. 10).

Remand to State Court pursuant to 28 U.S.C. §1447(c) is appropriate as Defendant Duane Reade, Inc., and the newly added Duane Reade Defendants, like Plaintiff are citizens of the State of New York. Therefore, this Court does not have appropriate diversity jurisdiction.

In considering a motion to remand, the Court must accept "as true all relevant allegations in the complaint" and must construe "all factual ambiguities in favor of plaintiffs" *Robison v. Tom Cawley's Aviation Serv.*, 2017 U.S. Dist. LEXIS 166579, *2 (S.D.N.Y. 2017). On a motion to remand, the burden is on the removing party "to establish its right to a federal forum by competent proof". *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2006 U.S. Dist. LEXIS 20575, 2006 WL 1004725, at *2 (S.D.N.Y. 2006) (citations omitted). In addition, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citations omitted).

Documentation from www.bloomberg.com, and the New York Department of State website confirm Plaintiff's allegation that Duane Reade, Inc.'s principal place of business is located in New York, specifically in New York County, at 40 Wall Street, New York, New York (Exhibit A). In addition, various news publications reported, subsequent to their acquisition by Walgreens[3], that Duane Reade's corporate headquarters are located at 40 Wall Street, New York, New York (Exhibit B).

Defendants have not met their burden nor provided any proof to show that Duane Reade Inc.'s principal place of business is located in Illinois. (¶4 of Notice of Removal). Moreover, "all relevant allegations in the complaint" and "factual ambiguities" must be construed in favor of the Plaintiff to determine whether remand is appropriate. *Robison* at 2. When construing all allegations and resolving all ambiguities in Plaintiff's favor, Duane Reade Inc. should be considered a citizen of New York. Therefore, complete diversity does not exist.

In response to the Notice of Removal, Plaintiff conducted an additional investigation into the corporate structure of Duane Reade, Inc. This investigation revealed that Duane Reade, Inc., is the 99% owner of Duane Reade, GP and that DRI-I Inc. is a 1% owner of Duane Reade, GP. (Exhibit C are excerpts from Walgreen Co., Form 10-Ks from October 2010 and October 2017). This investigation also revealed that Duane Reade Holdings, Inc., is a parent of Duane Reade,

---

[3] Walgreens purchased Duane Reade, Inc., in February 2010. The Duane Reade defendants are subsidiaries of Walgreens. (Exhibit C). It is only the corporate headquarters/principal place of business of the subsidiary which is relevant to the analysis to determine whether or not federal diversity jurisdiction exists. The principal place of business and state of incorporation of the parent is not relevant. When formal separation is maintained between a corporate parents and its corporate subsidiary, such as in this case between Walgreens and the Duane Reade entities, "a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016)

{00037853}

Hon. Pamela K. Chen
April 24, 2018
Page 3

Inc. (Exhibit C). Similar to Duane Reade, Inc., Duane Reade Holdings, Inc. and DRI-I, Inc., were incorporated in Delaware with their principal place of business in New York, specifically, 40 Wall Street. (Exhibit D). Regarding, Duane Reade, GP, Walgreens Form 10-K's represent without question that it is a New York entity. (Exhibit C). Upon discovering these interconnected entities within the corporate structure and ownership of the Duane Reade stores, Plaintiff amended her Complaint to include them as Defendants.

Pursuant to Rule 15, Plaintiff was permitted to amend her Complaint once as of right as less than 21 days had passed since the Removing Defendants served and filed their Answer. Fed. R. Civ. P. R. 15(a)(1)(B). However, since the amendment occurred after removal, 28 U.S.C. 1447(e) may be implicated. In determining, whether this amendment is appropriate because it will destroy diversity[4], the Court may consider the following factors to determine whether the amendment is appropriate: "(1) any delay, and the reasons for delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Da Cruz v. Towmasters of N.J., Inc.*, 217 F.R.D. 126, 134 (E.D.N.Y. 2003).

Plaintiff delayed a mere 13 days in amending her Complaint. This delay is extremely brief and weighs in favor of permitting joinder. *Id.* at 134 (delays of 26, 24, 16 and 6 months held to be too long to permit joinder). Defendants cannot claim legitimate prejudice by this joinder. The Removing Defendants are multinational corporations litigating these identical cases in Courts throughout the country. The Duane Reade Defendants are New York citizens. Therefore, there is no prejudice to them in litigating in New York State Court. The party to be prejudiced is Plaintiff who, by virtue of transfer to the MDL, would likely not see her day in Court due to her premature death caused by the disease, ovarian cancer, caused by Defendants negligent conduct. The likelihood of multiple litigations is high. It is unclear at this point which entity holds the applicable insurance to cover Plaintiff's claims on behalf of the Duane Reade. Plaintiff's exposure to and purchase of the subject product spanned decades from 1983 to 2004, prior to the Walgreens acquisition. Plaintiff's motivation to amend the Complaint is to make sure that she had all necessary parties to proceed with the proper adjudication of her claim. In the complex world of corporate structures, mergers and acquisitions multiple amendments of a complaint regularly occur at the inception of litigation as additional information is learned and provided by counsel and defendants. There is no reason to infer ill motive in the addition of other corporate entities connected to an originally named defendant. For these reasons, Plaintiffs amendment should be deemed appropriate and the matter remanded to State Court.

Respectfully submitted,

By: _____
Daniel J. Woodard

CC: All Counsel via ECF

---

[4] It is Plaintiff's position that diversity jurisdiction did not exist on the initial Complaint. However, with the additional of Duane Reade GP as a defendant, there can be no question that this entity at a minimum destroys diversity, requiring remand.

{00037853}