# EXHIBIT E

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 1, 2018

**By ECF**

Thomas P. Kurland
Associate
(212) 336-2019
Direct Fax: (212) 336-2445
tkurland@pbwt.com

Hon. Pamela K. Chen, U.S.D.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    **Jiminez v. Johnson & Johnson et al., No. 1:18-cv-02152-GHW-SMG**

Dear Judge Chen:

    We represent Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (f/k/a Johnson & Johnson Consumer Companies, Inc.) (collectively, the "J&J Defendants") in the above-referenced action. We write pursuant to Your Honor's Individual Rule 3.A in response to Plaintiff's April 24, 2018 letter requesting a pre-motion conference in advance of her contemplated motion to remand. (*See* Dkt. No. 15.) For the reasons set forth in greater detail below, Plaintiff's request should be denied because it is both untimely and legally baseless.

    Plaintiff filed this action against Duane Reade, Inc., Imerys Talc America, Inc., Johnson & Johnson, and Johnson & Johnson Consumer Inc. in Kings County Supreme Court on April 6, 2018. (Dkt. No. 1 ¶ 1.) The J&J Defendants subsequently removed this action to this Court on April 11, 2018, based on complete diversity of citizenship and, on information and belief, an amount in controversy in excess of $75,000. (*Id.* ¶ 4.) On April 19, 2018, Plaintiff filed an Amended Complaint, adding Duane Reade Holdings, Inc., Duane Reade Inc., Duane Reade Inc., a/k/a DRI-I, Inc., DRI-I, Inc., f/k/a Duane Reade, Inc., and Duane Reade (A New York General Partnership) ("Duane Reade GP") as defendants.[1] (Dkt. No. 10.)

    This case is currently in the process of being transferred to a Multidistrict Litigation ("MDL") in the District of New Jersey where other cases alleging that the perineal use of cosmetic talc products manufactured and marketed by Johnson & Johnson Consumer Inc. caused plaintiffs to develop ovarian cancer—including several raising nearly identical remand issues—are currently pending. The Judicial Panel on Multidistrict Litigation ("JPML") has issued a Conditional Transfer Order ("CTO") for this case, and Plaintiff has filed a notice of opposition to transfer. (*See generally* Dkt. Nos. 1164, 1182, *In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litig.*, MDL No. 2738 (J.P.M.L. 2017)). The JPML has issued a briefing schedule whereby Plaintiff's motion to vacate is due on May 9, 2018, and the J&J Defendants' response is due on May 30, 2018. (*See id.* at Dkt. No. 1188.)

---

[1] While Plaintiff asserts that Duane Reade Inc. has answered the Complaint, (Dkt. No. 15 at 1, fn. 2), a review of the state and federal dockets in this matter demonstrates that it has not.

Hon. Pamela K. Chen, U.S.D.J.
May 1, 2018
Page 2

   Against this backdrop, Plaintiff's request for a pre-motion conference is procedurally premature. Where a CTO is being challenged and the plaintiff also moves to remand the action to state court, the "general rule" followed by courts in this Circuit is to defer consideration of the remand motion until after the JPML has decided whether the case will be transferred to the MDL. *See North v. Merck & Co.*, 2005 U.S. Dist. LEXIS 27628, at *3–4 (W.D.N.Y. Nov. 4, 2005) (quoting *Jackson v. Johnson & Johnson, Inc.*, 2001 U.S. Dist. LEXIS 22329, at *6 (W.D. Tenn. Apr. 3, 2001)); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Indeed, the JPML has instructed that is the best practice. *See Krieger v. Merck & Co., Inc.*, 05-CV-6338L (W.D.N.Y. Aug. 5, 2005) at Dkt. No. 23 ("Ltr. from JPML to Hon. Ricardo H. Hinojosa"). Following this "general rule" is particularly appropriate where, as here, the jurisdictional issue in question is also at issue in other actions that are a part of the MDL. *See, e.g.*, *Mick v. Glaxosmithkline PLC*, 2008 U.S. Dist. LEXIS 124404, at *10–13 (W.D.N.Y. Aug. 12, 2008); Ltr. from JPML to Hon. Ricardo H. Hinojosa ("[W]aiting until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court . . . ."). Deferring decisions on remand until the JPML renders its decision on an opposed CTO promotes "the avoidance of inconsistent rulings and the conservation of judicial resources." *North*, 2005 U.S. Dist. LEXIS 27628, at *5–6. In pursuit of these worthwhile goals, this Court should follow accepted practice and defer entertainment of Plaintiff's motion until the JPML determines whether this action will be transferred to the MDL. *See Gavin v. Johnson & Johnson et al.*, 1:17-cv-3308-GHW (S.D.N.Y. May 26, 2017) at Dkt. No. 20 (staying talc case pending transfer to MDL No. 2738 and declining to grant pre-motion conference on contemplated remand motion prior to JPML determination).[2]

   Moreover, even if Plaintiff's request was procedurally appropriate, remand of this case is improper, as this action was correctly removed and Plaintiff amended her pleading with an impermissible motive. While Plaintiff claims that Duane Reade, Inc. is a citizen of New York, and therefore complete diversity among the parties never existed, the documents attached to her pre-motion letter demonstrate otherwise. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business, 28 U.S.C. § 1332(c)(1), with the latter defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Here, Duane Reade, Inc.'s registration with the New York Secretary of State, attached to Plaintiff's letter as Exhibit A, identifies its state of incorporation as Delaware and the location of its principal executive office as Illinois. (*See* Dkt. No. 15-1 at 2.) That Plaintiff has identified a third-party source and news clippings over half a decade old suggesting that Duane Reade Inc. has a presence in New York does not show that Duane Reade is a citizen of New York today. *See Hertz Corp.*, 559 U.S. at 93 (rejecting a "business activities" test for corporate citizenship). Indeed, Plaintiff essentially admits as much, contending that the addition of Duane Reade GP destroys diversity. (*See* Dkt. No. 15 at 3, fn. 4.) Therefore, as Plaintiff is a citizen of New York (*see* Dkt. No. 10 ¶ 2), and the remaining original defendants are citizens of California, Delaware,

---

[2] For the Court's convenience, a copy of the *Gavin* Order is attached hereto as **Exhibit A**.

Hon. Pamela K. Chen, U.S.D.J.
May 1, 2018
Page 3

and New Jersey (*see id.* ¶¶ 15, 17, 19), diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, and the J&J Defendants properly removed this matter to this Court.

Because the addition of purportedly non-diverse defendants in order to destroy diversity is not consistent with principles of fundamental fairness, *Grant v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 214078, at *6, *8-9 (S.D.N.Y. Dec. 19, 2017), this Court should not permit Plaintiff to amend her complaint to add non-diverse defendants. 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A plaintiff's "motive for joinder and remand is the most significant consideration in the fairness analysis." *Grant*, 2017 U.S. Dist. LEXIS 214078, at *8.

Here, Plaintiff concedes that she only began researching Duane Reade's corporate structure after the J&J Defendants filed their Notice of Removal. (*See* Dkt. No. 15 at 2.) In conducting this investigation, Plaintiff looked to public filings and years-old news clippings, all available *before* she filed her initial Complaint. This is not a case in which a plaintiff discovers previously-unknowable information that an additional entity may be liable for her injury. Moreover, Plaintiff's new pleading indicates that she does not possess a good faith basis to proceed against the newly-added defendants—her Amended Complaint engages in impermissible group pleading, lumping together all of the entities in the Duane Reade corporate family as "Duane Reade Defendants." (*See* Dkt. Nos. ¶¶ 14, 50, 115-21); *see Grant*, 2017 U.S. Dist. LEXIS 214078, at *10. Finally, though Plaintiff claims that she added the new defendants to ensure that "she had all necessary parties to proceed with the proper adjudication of her claim," (Dkt. No. 15 at 3), she has not, and cannot, argue that without any of the so-called Duane Reade Defendants she could not obtain complete relief, particularly where the J&J Defendants are obliged to indemnify Duane Reade for Plaintiff's products liability claims under New York law. *See, e.g., Godoy v. Abamaster of Miami, Inc.*, 302 A.D.2d 57, 62, 754 N.Y.S. 2d. 301, 306 (2d Dep't 2003) ("[I]t is well settled that a seller or distributor of a defective product has an implied right of indemnification as against the manufacturer of the product") (collecting cases).

In light of the foregoing, the J&J Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion conference at this time. Should the JPML determine that this case is not suitable for inclusion in the MDL, Plaintiff's request can be addressed at a later date.

Respectfully submitted,

Thomas P. Kurland

cc:   All Counsel of Record (by ECF)

# Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| | USDC SDNY |
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: _____ |
| | DATE FILED: 5/26/17 |

-----------------------------------------------------------X

ELLEN GAVIN,

                                Plaintiff,

                    -v-

JOHNSON & JOHNSON, *et al.*,

                              Defendants.

-----------------------------------------------------------X

1:17-cv-3308-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

    Defendants' request to stay this action pending a determination by the Judicial Panel on Multidistrict Litigation of whether this action will be transferred to MDL No. 2738 (Dkt. No. 9) is GRANTED. Defendant Personal Care Products Council's request for an extension of time to answer or otherwise respond to the complaint (Dkt. No. 19) is DENIED AS MOOT in light of the stay.

    The Court expects to address Plaintiff's request for a pre-motion conference in anticipation of a motion to remand this action to state court (Dkt. No. 15) following the JPML's decision on whether this action will be transferred, if necessary.

    The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 9 and 19.

    SO ORDERED.

Dated: May 26, 2017
New York, New York

                                                                             _____
                                                                             GREGORY H. WOODS
                                                                             United States District Judge