UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW)(LHG)<br><br>**PROTECTIVE ORDER REGARDING DEFENDANT IMERYS TALC AMERICA, INC.'S TRANSMISSION ELECTRON MICROSCOPY GRIDS** |

WHEREAS, Plaintiffs in the above captioned action, as well as other actions throughout the country in which plaintiffs have made personal injury claims regarding Defendants' talcum powder ("Talcum Powder Litigation"), have requested that Imerys Talc America, Inc. ("Imerys") produce for inspection Transmission Electron Microscopy Grids that may contain historical specimens of talc that was provided to Johnson & Johnson Consumer Inc. for Johnson's® Baby Powder or Shower to Shower® (collectively "TEM Grids") for testing;

WHEREAS, Imerys has represented it is in possession of a limited number of TEM Grids responsive to Plaintiffs' request; and

WHEREAS, it is Imerys' position that: 1) due to the age of the TEM Grids in question, the handling of the TEM Grids could lead to irreparable damage of the TEM Grids; and 2) examination of the TEM Grids could potentially be a form of "destructive testing" because the act of a TEM beam coming into contact with a TEM Grid during an examination of the TEM Grid could possibly lead to the TEM Grid breaking; and

WHEREAS, it is also Imerys' position that due to the fragile nature of the TEM Grids and the potential for their destruction through examination, a protocol for examination of the TEM Grids must be negotiated and implemented before any inspection of the TEM Grids can occur (by Defendants or Plaintiffs); and

WHEREAS, Imerys has brought an application before this Court seeking a protective order with respect to the production of the TEM Grids so that they can be produced in an orderly manner to avoid the potential spoliation of irreplaceable evidence; and

WHEREAS, it is the PSC's position that 1) TEM Grids in question constitute evidence highly relevant to pending and future claims in this MDL as well as pending and future personal injury claims involving talcum powder products in other jurisdictions; 2) due to the nature of the TEM Grids, an organized and fair process for allowing access to the TEM Grids for purposes of inspection

would inure to the benefit of all Plaintiffs; and 3) that two weeks are needed for all parties to negotiate and finalize a reasonable protocol; and

WHEREAS, this Court has considered the positions of both Imerys and the PSC, and for good cause shown; on the 14th Day of August 2018, it is hereby

ORDERED that Imerys' request for a Protective Order is GRANTED;

IT IS FURTHER ORDERED that in order to protect the integrity of the TEM Grids, Imerys shall retain possession and control over all TEM Grids and is hereby Ordered not to release those TEM Grids to any person or entity for inspection and/or testing until an agreed upon protocol has been negotiated between the parties and approved by this Court. In addition, Imerys is ordered not to inspect and/or test those TEM Grids until an agreed upon protocol has been negotiated between the parties and approved by this Court.

_____ 9/5/18
Freda L. Wolfson, U.S.D.J.

3