# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

## STATUS REPORT AND PROPOSED JOINT AGENDA
## FOR SEPTEMBER 27, 2018 STATUS CONFERENCE

### I. SAMPLES AND TESTING

The testing of historical samples produced by Johnson & Johnson and Imerys remains ongoing. Plaintiffs' experts will substantially complete the testing of the certain selected samples by October 1, 2018, in accordance with the Court's scheduling order.

On September 5, the Court entered an agreed upon Protective Order regarding its Transmission Electron Microscopy Grids ("TEM Grids"). Imerys and the PSC are also still negotiating the form of the TEM Grid Inspection Protocol and will submit it to the Court upon completion.

### II. STATUS OF DISCOVERY

#### A. 30(b)(6) DEPOSITIONS

**i.** JOHNSON & JOHNSON – Five witnesses have been deposed for the Johnson & Johnson Defendants. The parties have to complete the deposition of one corporate witness, which is scheduled to continue on October 17, 2018.

    ii. PCPC – The deposition of one PCPC corporate representative has been completed. Another corporate representative was deposed for one day. Her deposition will be continued on October 1 and completed on October 2.

    iii. IMERYS – Two witnesses have been deposed for Imerys. The parties have one deposition remaining with respect to the chain of custody for samples, and the parties are working to finalize a date for this last deposition.

### B. THIRD PARTY WITNESS DEPOSITIONS

The depositions of two third-party witnesses are scheduled for September 25th and October 18th. The PSC is in the process of scheduling and coordinating with defendants the depositions of two additional third-party witnesses and will inform Defendants when service of subpoenas has been accomplished and the witnesses are available to be deposed.

### C. PRIVILEGED DOCUMENTS

The parties are meeting and conferring, but Imerys anticipates that it will need to brief an issue for Special Master Pisano relating to some documents that it has asked to be claw backed from its production. In short, Imerys produced some communications between an employee and her spouse. The employee is invoking her marital communication privilege as to the documents. The employee has asked Imerys to claw back the documents from its production and Imerys has sent the appropriate notice to the PSC. The PSC disputes Imerys's claim of marital privilege as to each of the documents in question. Moreover, as to one of the documents which deals specifically with testing for asbestos, it is the PSC's position that even if the privilege applied, it has been waived since the document has been admitted into evidence during two trials. During the first trial, the document was admitted without the witness raising the issue of marital privilege.

Plaintiffs anticipate that they will need to brief an issue related to the extensive redactions of asbestos testing results by third-party R.J. Lee, a testing facility that tested talc for both Johnson & Johnson Defendants and Imerys. A privilege log was not produced providing justification for the redactions. Plaintiffs raised this issue for the first time Tuesday evening. Defendants are in the process of looking into this issue, and will meet and confer with Plaintiffs on it.

The parties will meet and confer on the documents in question and bring any remaining issues before Judge Pisano at the appropriate time.

### III. AMENDED COMPLAINTS WITHOUT MOTIONS FOR LEAVE TO AMEND OR DEFENDANTS' CONSENT

Defendants have sent the PSC a chart of amended complaints that Defendants claim were filed outside the time allowed by Fed. R. Civ. P. 15(a)(1).

### IV. STATUS OF CASES RE-FILED IN THE MDL PER CMO 8

There are 59 cases where Plaintiffs who were previously part of a multi-plaintiff complaint have filed short form complaints in this MDL proceeding but have not complied with CMO 8 in either serving the short form complaint on Defendants or filing a notice of filing on the master docket. *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file short form complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).

There are also 630 plaintiffs from multi-plaintiff cases pending in the MDL who have not filed Short Form Complaints pursuant to CMO 8. In approximately 88 cases, motions to remand are pending and the filing of a Short Form Complaint is not appropriate at this time. Of the 633 who have not refiled an individual single plaintiff case in the MDL, 142, have refiled in non-MDL jurisdictions. The majority of these plaintiffs have re-filed in California and New Jersey per an agreement between Defendants and the PSC. The parties will work to submit an order dismissing these duplicate filed cases in the MDL, as it has been determined that jurisdiction in the MDL is not proper in these instances. For any cases that have been refiled outside of the agreement between the PSC and Defendants, Defendants will work with plaintiffs' counsel in that particular case to get one case dismissed.

### V. DUPLICATE FILED CASES

There are 93 plaintiffs in this MDL who have multiple cases pending. Despite numerous meet and confers, the parties respectfully disagree on whether dismissal of these duplicate filed cases should be with or without prejudice and would like to address this issue with the Court at the September 27, 2018 status conference.

## VI. EXPERT DISCOVERY

Plaintiffs respectfully request that the Court order the Defendants to disclose the identity of each of their expert witnesses and the subject matter upon which the expert will offer opinions by November 16, 2018.

The expert schedule for Daubert was set at the hearing on July 9, 2018. All counsel had the opportunity to be heard then. Nothing has changed. The Defendants strongly oppose the Plaintiffs' proposed change which amounts to simultaneous disclosure of experts, which is particularly unfair and inappropriate here where the Plaintiffs' theories seem to change from week to week and Plaintiffs have not provided any realistic list of who their experts will be. The Defendants will be prepared to argue this issue further if necessary at the case management conference.

## VII. REPORT ON FEDERAL DOCKET

As of September 18, 2018:

> **A.** There are currently 8,077 cases pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case numbers), totaling 8,673 Plaintiffs (including <u>568 Plaintiffs</u> in <u>39 multi-plaintiff</u> cases removed from Missouri state court that have not filed Short Form Complaints on individual dockets, <u>13 Plaintiffs</u> in *Harders* removed from Illinois state court that have not filed Short Form Complaints on individual dockets, <u>10 Plaintiffs</u> in *Lovato* removed from New Mexico state court that have not filed Short Form Complaints on individual dockets, <u>1 Plaintiff</u> in *Robb* removed from Oklahoma state court that has not filed Short Form Complaints on individual dockets, <u>16 plaintiffs</u> from the *Crenshaw* case from the Middle District of Georgia that have not filed Short Form Complaints on individual dockets, and <u>25 plaintiffs</u> from the *Rodriguez* case from the District of Puerto Rico).
>
> Individual Plaintiffs in the multi-plaintiff cases are in the process of filing Short Form Complaints on individual dockets. Thus far, all of the individual Plaintiffs in the following multi-plaintiff cases have filed Short Form Complaints on individual dockets: *Karen Glenn, et*

4

*al.* and *Mary Rea, et al.* (one *Rea* Plaintiff, Exia Monroe, a New Jersey resident, has re-filed in New Jersey state court). Additionally, all of the individual Plaintiffs in the *Charmel Rice, et al.* and *Lillie Lewis, et al.* multi-plaintiff cases have filed Short Form Complaints on individual dockets, except individual Plaintiffs Charmel Rice and Lillie Lewis.

There are six Plaintiffs named as the lead Plaintiffs in multi-plaintiff cases who did not refile Short Form Complaints on individual dockets, but filed a Short Form Complaint in their corresponding multi-plaintiff case dockets. These include the lead Plaintiffs from four multi-plaintiff cases removed from Missouri state court (*Brenda Anderson, et al.*, *Lillie Lewis, et al.*, *Charmel Rice, et al.*, and *Jerie Rhode, et al.*), Marie Robb in the *Robb* case removed from Oklahoma State, and Deborah Crenshaw from the *Crenshaw* case originally filed in the Middle District of Georgia.

**B.** There are currently three multi-plaintiff cases removed from Missouri state court and pending in the Eastern District of Missouri, discussed below, that the JPML has not yet transferred into the MDL

(totaling 131 plaintiffs). Motions to dismiss and a motion to remand have been filed in these cases.

The cases pending in the Eastern District of Missouri are listed below along with the judge to which they are assigned.

### Judge Rodney W. Sippel

Cynthia Gibson, et al. v. Johnson & Johnson, et al., Case No. 4:18-cv-01100-RWS

### Magistrate Judge Shirley Padmore Mensah

Lisa Hitler, et al. v. Johnson & Johnson, et al., Case No. 4:18-cv-01474-SPM

### Judge Audrey G. Fleissing

Eleanor Barsh, et al. v. Johnson & Johnson, et al., Case No. 4:18-cv-01464-AGF

**C.** There are a handful of single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL. These cases would not greatly affect the number of cases pending in the MDL absent the plaintiffs in the multi-plaintiff cases.

## VIII. STATE COURT LITIGATION

As of September 18, 2018:

**California:** There are approximately 535 cases involving 589 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson, Los Angeles Superior Court. To date, a *Sargon* hearing has been held, and one case—*Echeverria*—proceeded to trial. Prior to that trial, on July 10, 2017, the court granted Imerys' motion for summary judgment, dismissing all claims against Imerys as to the *Echeverria* case only. The *Echeverria* trial resulted in a plaintiff verdict against the Johnson & Johnson Defendants; however, on October 20, 2017, the Court granted the Johnson & Johnson Defendants' motions for judgment notwithstanding the verdict and, alternatively, for

a new trial. Elisha Echeverria, Acting Trustee of the 2017 Eva Echeverria Trust, filed her Notice of Appeal on December 18, 2017. The Johnson & Johnson Defendants filed their Cross-Notice of Appeal on January 4, 2018. Appellants' Opening Brief was filed on July 18, 2018, and Respondents' and Cross-Appellants' Brief is due in November 2018.

On May 3, the Court ordered the J&J Defendants to file their Motion to Quash as to the non-California Plaintiffs on personal jurisdictional grounds before ruling on Plaintiffs' request for jurisdictional discovery. Plaintiffs filed their amended master complaint on May 14, 2018. Defendants filed their motion to quash Plaintiffs' Second Amended Complaint on June 29, 2018. The Court further ordered that once the J&J Defendants filed their Motion to Quash the non-California Plaintiffs. Plaintiffs must submit a proposed jurisdictional "discovery plan" by July 16, 2018 "specifically outlining the discovery [Plaintiffs' Executive Committee] requires to oppose the motion(s) and how it has a tendency to show that specific jurisdiction may be exercised" over the J&J Defendants. Pursuant to the Court's order, Plaintiffs submitted their discovery plan. On August 15, 2018, also pursuant to the Court's order, Plaintiffs filed a second motion seeking jurisdictional discovery which is set for hearing on October 23, 2018. To date, general discovery (liability and causation) as well as jurisdictional discovery has not yet been ordered in the JCCP. The next status conference will be held on October 23, 2018.

**Delaware**: There are currently 196 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler. On January 19, 2017, the Johnson & Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017, the Johnson & Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. Briefing on the motion for protective order was completed on April 17, 2017 and is awaiting an argument date. Judge Butler ordered additional briefing from all parties on the *Bristol Myers* decision to be submitted by September 4, 2017. On December 21, 2017, Judge Butler issued an order requesting Plaintiffs respond to questions about jurisdictional discovery by January 31, 2018. Plaintiffs filed briefing in response to this request. On February 14, 2018, Judge Butler sent a letter to all counsel noting that jurisdictional discovery and personal jurisdiction are too intertwined to be treated separately and requesting Plaintiffs submit any supplemental briefing on personal jurisdiction by March 16, 2018. On March 16, 2018, Plaintiffs submitted supplemental briefing on personal jurisdiction. Oral argument on Defendants' motions to dismiss for lack of personal jurisdiction took place on July 30, 2018. On

September 10, 2018, the Court granted Johnson & Johnson and Johnson & Johnson Consumer Inc.'s motion to dismiss the claims of nonresident plaintiffs based on lack of personal jurisdiction and, therefore, dismissed the nonresident plaintiffs' claims against the Johnson & Johnson Defendants. On the same day, the Court also granted the Johnson & Johnson Defendants' motion for a protective order to quash the nonresident plaintiffs' jurisdictional discovery requests. Plaintiffs have filed a motion for Reargument that is pending.

**Missouri:** There are currently 15 cases, with a total of 698 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Plaintiffs filed a motion for new trial on April 10, 2017, which is pending before the trial court.

Appeals are pending from judgments against the Johnson & Johnson Defendants and Imerys in the *Deborah Giannecchini* and *Lois Slemp* cases.

Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Rex Burlison is currently stayed and briefing on Defendants' petitions for writs of prohibition is pending before the Missouri Supreme Court on venue challenges. Oral argument took place on February 27, 2018. On March 2, 2018, the Missouri Supreme Court issued amended preliminary writs of prohibition ordering that Judge Burlison may proceed only with a determination of jurisdiction, but can take no other action until further order by the Missouri Supreme Court.

In the *Lois Slemp* case, that trial court found that plaintiffs had established personal jurisdiction exists in Missouri state court over the Johnson & Johnson defendants and Imerys. The *Slemp* case is on direct appeal to the Missouri Court of Appeals. The Missouri Court of Appeals denied Johnson & Johnson's writ of prohibition in the *Slemp* case.

On October 17, 2017, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Jacqueline Fox* case for lack of personal jurisdiction. The Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On December 19, 2017, the Court denied Plaintiff's Motion for Rehearing. On March 6, 2018, the Missouri

8

Supreme Court denied Plaintiff's requested review of the decision. On March 12, 2018, the Missouri Court of Appeals issued the mandate. On March 30, 2018, the trial court entered an order enforcing the mandate from the appellate court that the *Fox* judgment be reversed and vacated for lack of personal jurisdiction.

On June 29, 2018, consistent with the Court's opinion and ruling in *Fox*, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Gloria Ristesund* case for lack of personal jurisdiction. Consistent with the *Fox* opinion, the Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On August 7, 2018, the Missouri Court of Appeals, Eastern District, denied Plaintiff's application for transfer to the Missouri Supreme Court.

The multi-plaintiff *Gail Lucille Ingham, et al. v. Johnson & Johnson, et al.* case was completed on July 12, 2018.

The St. Louis Court has set the following trial dates in the following cases:

January 21, 2019 – Trial in *Vicki Forrest, et al. v. Johnson & Johnson, et al.*

April 8, 2019 – Trial in *Tracey Young, et al. v. Johnson & Johnson, et al.*

August 5, 2019 – Trial in *Leewing Loyd, Sr., et al. v. Johnson & Johnson, et al.*

October 7, 2019 – Trial in *Tenesha Farrar, et al. v. Johnson & Johnson, et al.*

**New Jersey:** There are currently 465 cases pending before Judge Johnson in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues. On January 8, 2018, the New Jersey Appellate Division issued a *Sua Sponte* Order staying the appeals for six months or until the New Jersey Supreme Court decides the appeal pending in *In re: Accutane Litigation*, A-25-17, 079958, and *In re: Accutane Litigation*, A-26/27-17, 079933. Oral argument occurred in the Accutane Litigation on April 23, 2018. On August 1, 2018, the New Jersey Supreme Court affirmed the trial court's decision in the *Accutane Litigation*, and held that the *Daubert* factors are incorporated into New Jersey's Rule 702 analysis of the reliability of expert testimony. The stay has since been lifted in the *Balderrama* and *Carl* cases and the Appellate Division has requested that the parties submit supplemental briefing on certain discreet issues. The first of the briefs was filed on September 13, 2018.

**Florida:** There are fifteen cases pending in Florida state court. There are five cases pending in Broward County, Florida, including three cases before Judge Michael A. Robinson, one case before Judge David Haimes, and one case before Judge Sandra Periman. There are three cases pending in Miami-Dade County, Florida, including one case before Judge Rodolfo Ruiz, one case before Judge Dennis Murphy, and one case before Judge Barbara Areces. There are two cases pending in Hillsborough County, Florida before Judge Rex Barbas. There is one case pending in Osceola County, Florida before Judge Margaret Schreiber. There are two cases pending in Palm Beach County, Florida (one case before Judge Thomas Barkdull and one case before Edward A. Garrison). There is one case pending in Volusia County, Florida before Judge Christopher France. There is one case in Orange County, Florida before Judge Jose R. Rodriguez.

In the *Ricketts* matter, pending in Broward County, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was denied on November 9, with the Court granting 30 days for Imerys to file an appeal. That appeal was filed on December 8, 2017.

**Georgia:** There are seven cases pending in Georgia state court. One in Fulton County, Georgia before Judge Jane Morrison which is set for trial in March of 2019. The court has indicated the case will be tried in March 2019, but Defendants' request for a re-setting to May 2019 is pending. The other six cases are pending in Gwinnet County, Georgia before Judge Shawn F. Bratton.

**Illinois:** There are twenty-two cases pending in Illinois. There are two cases in Madison County, Illinois state court before Judge William Mudge. There are eighteen cases pending in Cook County, Illinois; two cases before Judge Daniel T. Gillespie, one case before Judge Christopher Lawler, two cases before Judge Moira S. Johnson, one case before Judge Larry Axelrood, one case before Judge John Callahan, two cases before Judge John Ehlrich, two cases before Judge Kathy Flanagan, one case before Judge William Gomolinski, one case before Judge James O'Hara, two cases before Judge Patricia O'Brien Sheahan, three cases before Judge Allen Walker, and one case before Judge John P. Callahan, Jr. There is one case pending in McLean County, Illinois before Judge Rebecca Foley.

**Pennsylvania:** There is one case pending in state court in Allegheny County, PA before Judge Robert Colville. On November 13, 2017, the Court granted Imerys' Preliminary Objections to personal jurisdiction in Pennsylvania and dismissed plaintiff's claims against Imerys in this case. There is one case pending in state court

in Philadelphia County, PA before Judge Shelley Robins-New. There is one case pending in state court in Philadelphia County, PA before Judge John M. Younge.

**Louisiana**: There are sixteen cases pending in Louisiana State Court. There are twelve in the Parish of Orleans, Louisiana, including two cases before Judge Robin M. Giarrusso, two cases before Judge Melvin Zeno, one case before Judge Paulette Irons, three cases before Judge Kern Reese, one case before Judge Piper Griffin, one case before Judge Donald Johnson, one case before Judge Christopher Bruno, and one case before Judge Rachael Johnson. There are four cases pending in East Baton Rouge Parish, one before Judge Janice Clark, one before Judge Donald Johnson, one before Judge Todd Hernandez, and one before Judge R. Michael Caldwell.

In the *McBride* matter, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was granted on December 1, 2017. On January 3, 2018, the Court denied the Plaintiff's motion for a new trial on this ruling. In the *Rose Bowie* case, the Johnson and Johnson Defendants and Imerys have filed several motions, which are due to be heard on May 18, 2018, along with a motion for an expedited trial setting.

## IX. STATUS OF PENDING MOTIONS

    **A.** The list of motions pending in individual cases is attached hereto as Exhibit A.

    **B.** On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51. The Court dismissed and entered judgment in Estrada's lawsuit on August 10, 2017. ECF No. 53. Estrada has appealed this decision. On September 6, 20018, a panel of the Third Circuit Court of Appeals affirmed the Court's decision. Estrada filed a petition for rehearing *en banc* on September 20, 2018.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@dbr.com

*s/Gene M. Williams*
Gene M. Williams
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
Telephone:  713-227-8008
Facsimile:  713-227-9508
Email:  gmwilliams@shb.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Mark K. Silver*
Mark K. Silver
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
Morristown, NJ 07962
Telephone:  973-631-6016
Facsimile:  973-267-6442
Email: msilver@coughlinduffy.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone:  703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

# **EXHIBIT A**

## **STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Bernadine Moore v. Johnson & Johnson, et al.* | 3:17-cv-04034 | Plaintiffs' Motion to Remand filed June 28, 2017. Johnson & Johnson Defendants' Opposition filed July 28, 2017. Imerys' Opposition filed July 28, 2017. |
| *Gavin v. Johnson & Johnson, et al.* | 3:17-cv-05907 | Plaintiffs' Motion to Remand filed August 10, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/8/17. Fully briefed 10/10/17. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Sandra Lee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-03548 | Plaintiffs' Motion to Remand filed September 25, 2017. Fully briefed.<br><br>Johnson & Johnson Defendants' Motion to Dismiss filed 10/24/2017. Plaintiffs' Opposition filed November 8, 2017.<br><br>Imerys' Motion to Dismiss filed 10/9/17. Fully briefed. |
| *Ruth Carver v. Johnson & Johnson, et al.* | 3:17-cv-03549 | Plaintiffs' Motion to Remand filed September 25, 2017. Fully briefed. |

15

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| | | Johnson & Johnson Defendants' Motion to Dismiss filed 10/24/2017. Plaintiffs' Opposition filed November 8, 2017.<br><br>Imerys' Motion to Dismiss filed 10/9/17. Fully briefed. |
| *Monica Belcher v. Johnson & Johnson, et al.* | 3:17-cv-3452 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Barbara Newton v. Johnson & Johnson, et al.* | 3:17-cv-7409 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Anne Giles, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1158 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Wendy Creamer-Zintel v. Johnson & Johnson, et al.* | 3:17-cv-7366 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Vicki Foster v. Johnson & Johnson, et al.* | 3:17-cv-1134 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Connie Hilabrand v. Johnson & Johnson, et al.* | 3:17-cv-1159 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Maria Velardo, et al. v. Johnson & Johnson, et al.* | 3:17-cv-1154 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Tasha Martin v. Johnson & Johnson, et al.* | 3:17-cv-7406 | Plaintiffs' Motion to Dismiss filed October 31, 2017. Defendants' Opposition filed November 20, 2017. |
| *Rebecca Bowers v. Johnson & Johnson, et al.* | 3:17-cv-12308 | Plaintiffs' Motion to Remand filed December 4, 2017. Defendants' Opposition filed December 19, 2017. |
| *Peck, et al. v. Johnson & Johnson, et al.* | 3:17-cv-12665 | Plaintiffs' Motion to Remand filed January 11, 2018. Defendants' Opposition filed January 22, 2018. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018. Defendants' opposition is due March 5, 2018. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Glenn, Karen v. Johnson & Johnson, et al.* | 3:17-cv-05071 | Imerys' Motion to Dismiss filed 8/21/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Dawn Hannah v. Johnson & Johnson, et al.* | 3:18-cv-01422 | Plaintiff's Motion to Remand filed March 5, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed 4/4/18. Plaintiff's Opposition filed 5/4/18. Imerys' Reply Due on 5/21/18. |
| *Callahan, Janice v. Johnson & Johnson, et al.* | 3:18-cv-05557 | Plaintiff's Motion to Remand filed May 4, 2018. Fully briefed. |
| *Smith, Phyllis v. Johnson & Johnson, et al.* | 3:18-cv-05556 | Plaintiff's Motion to Remand filed May 4, 2018. Fully briefed. |
| *Baker v. Johnson & Johnson, et al.* | 3:17-cv-07712 | Plaintiff's Motion to Remand filed June 8, 2018. Fully briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Cartwright, Darren v. Johnson & Johnson, et al.* | 3:18-cv-05535 | Plaintiffs' Motion to Remand filed July 25, 2018.  Fully briefed. |
| *Kassimali, Maureen, et al. v. Johnson & Johnson, et al.* | 3:18-cv-05534 | Plaintiffs' Motion to Remand filed July 25, 2018.  Defendants' Opposition filed August 24, 2018.  Plaintiffs' Reply due September 10th. |
| *Kehoe, Tracey, et al. v. Johnson & Johnson, et al.* | 3:18-cv-11509 | Plaintiffs' Motion to Remand filed July 26, 2018.  Defendants' Opposition filed August 27, 2018.  Plaintiffs' Reply due September 11th. |
| *Jiminez, Sandra, et al. v. Johnson & Johnson, et al.* | 3:18-cv-12526 | Plaintiffs' Motion to Remand filed August 23, 2018.  Defendants' Opposition filed September 24, 2018.  Plaintiffs' Reply due October 9th. |