UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 2738

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson, Johnson & Johnson Consumer, Inc., and Imerys Talc America, Inc., oppose both motions. Defendants PTI Union, LLC, and PTI Royston, LLC, oppose the motion pertaining to the Eastern District of Missouri *Gibson* action.

In support of their motions to vacate, plaintiffs in both actions argue that federal subject matter jurisdiction over their actions is lacking, and that plaintiffs' motions for remand to state court are pending. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

Plaintiff in the *Rafferty* action pending in the Northern District of Illinois also argues that transfer of that action is not appropriate because plaintiff asserts claims against a unique defendant—Walgreen Company, which allegedly sold the talcum powder products to plaintiff's decedent. Plaintiff thus contends that *Rafferty* will involve different discovery than most of the actions in the MDL, which focus on the alleged liability of Johnson & Johnson and Imerys Talc America. Plaintiff's arguments are not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). Plaintiff's claims, like those of plaintiffs in the MDL, arise from a common factual core—that plaintiff's decedent allegedly developed ovarian cancer following perineal

---

[*] Judge Charles R. Breyer took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____
Deputy Clerk

-2-

application of Johnson & Johnson's talcum powder products. Accordingly, transfer is appropriate. Moreover, we have transferred numerous actions involving claims against retailer defendants to the MDL. *See, e.g.*, Transfer Order at 2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738 (J.P.M.L. Dec. 5, 2017), ECF No. 931 (transferring action from the Northern District of Illinois asserting claims against Walgreen Company).

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). The actions listed on Schedule A share multiple factual issues with those already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell     Lewis A. Kaplan
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 2738

### SCHEDULE A

Northern District of Illinois

RAFFERTY v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:18-04199

Eastern District of Missouri

GIBSON, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:18-01100