

**One Riverfront Plaza**
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

November 6, 2018

**VIA ECF AND ELECTRONIC MAIL**

All Counsel of Record

    Re:    *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
             Case No. 3:16-md-02738-FLW-LHG

Dear Counsel,

    By Orders of the Honorable Freda L. Wolfson, U.S.D.J. dated August 30, 2017 (D.I. 536) and September 11, 2017 (D.I. 704), I was appointed as Special Master for the purpose of overseeing discovery disputes that may arise in the above-captioned multi-district litigation ("MDL"). This MDL contains product liability cases in which Plaintiffs allege that certain Johnson & Johnson products containing talcum powder (the "Products") have been the cause of ovarian cancer for thousands of women who have used the Products.[1]

    This letter opinion resolves a dispute relating to Imerys' attempt to retrieve ("clawback") certain documents which were produced to the PSC in this litigation, and the PSC's objection to Imerys' claim of privilege over said documents. The Parties raised the dispute by letters to me dated October 19, 2018 and October 29, 2018. I personally reviewed each of the letter submissions. This opinion and accompanying order reflects my findings and opinions with respect to clawback and privilege of the disputed documents.

    The dispute concerns personal messages of an Imerys employee, Julie Pier, to her husband sent on Ms. Pier's work computer. These messages, some of which contained conversation relating to Ms. Pier's work at Imerys, but were otherwise personal in nature, were inadvertently produced during the course of this, and other related litigations. Imerys argues

---

[1] I do not provide a detailed factual and procedural background, as I write for the benefit of the Court and the parties, all being familiar with the facts of this case.

November 6, 2018
Page 2

that these communications are protected by marital privilege, and therefore attempted to retrieve those documents from the body of discovery. The PSC argues, in response, that the marital privilege does not apply because Ms. Pier did not have a reasonable expectation of privacy on her work computer, and, alternatively, that Ms. Pier waived any privilege that existed by testifying about the documents by not invoking the privilege in a timely matter.

Pursuant to New Jersey Rule of Evidence 509, N.J.S.A. 2A:84A-22, marital privilege applies to communications made in confidence between spouses unless both consent to the disclosure. Ms. Pier's choice to communicate with her husband using her work-issued computer does not waive this privilege. Ms. Pier had a reasonable expectation of privacy, and it is wholly within the realm of that privacy to discuss work with her spouse through email. *See United States v. Hamilton*, 701 F.3d 404, 408-09 (4th Cir. 2012) (finding that one has a generally has a reasonable expectation of privacy in emails). I am not persuaded that the fact that the messages were sent from a work computer, with a clear intention that the communication was personal in nature, waives the marital privilege. Although there is case law standing for the proposition that there is no expectation of privacy on a work computer, *see, e.g.*, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex.*, 2011 U.S. District LEXIS 37711, at *5-6 (E.D. La. Mar. 28, 2011), the circumstances here are distinguishable. There is no evidence that Ms. Pier was aware that the communication with her husband may not be privileged; Ms. Pier asked for permission to use her work computer for the personal purpose of communications with her husband. There is no evidence of notice to Imerys employees that communications on a work computer might become public record, only that personal communication was "discouraged." Further, her testimony both in deposition and at trial was as a corporate representative, as such, there was no reason for her to believe her private communications with her husband would be taken as public record. The fact that Ms. Pier was required to testify regarding these communications during other litigations, and that Imerys allowed Ms. Pier to testify regarding the facts also referenced in her emails, does not constitute a waiver of privilege.

Furthermore, Ms. Pier's husband has not waived the privilege. Pursuant to the plain language of N.J.R.E. 509, marital privilege is only waived if *both* spouses consent to the disclosure. There has not been a claim or any indication that Mr. Pier waived the privilege, and Ms. Pier is unable to waive the privilege on his behalf.

And, the PSC will not experience any prejudice by this Court upholding the privilege and allowing the clawback of these few disputed documents. The information contained in the disputed documents has already been provided to the PSC as Imerys permitted Ms. Pier to testify as to work-related facts within her knowledge.

November 6, 2018
Page 3

      I am satisfied that the disputed documents are privileged, and that the marital privilege has not been waived by either Ms. Piers nor her husband. Therefore, Imerys is permitted to retrieve the documents in question and withhold them from discovery.

                          Very truly yours,

                          Joel A. Pisano

cc:    Honorable Freda L. Wolfson (via ECF and First-Class Mail)
        Honorable Lois H. Goodman (via ECF and First-Class Mail)