# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : : : : : | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

**DEFENDANT IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC.'S RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S OBJECTION TO THE SPECIAL MASTER'S LETTER OPINION ON DEFENDANT IMERYS TALC AMERICA'S CLAWBACK REQUEST OF EMPLOYEE EMAILS**

**COUGHLIN DUFFY LLP**
350 Mount Kemble Avenue
Morristown, New Jersey 07962
(973) 267-0058

**GORDON & REES SCULLY MANSUKHANI**
121 SW Morrison Street, Ste. 1575
Portland, OR 97204

1

Defendant Imerys Talc America, Inc. ("Imerys") submits this response to the "PSC's Objection to Special Master's Letter Opinion on Defendant Imerys' Clawback Request of Employee Emails". The PSC claims that the Special Master "erred as a matter of law" when he found that the documents in question were protected by the marital communications privilege. (See PSC's Objection at 4). Conspicuous by its absence however is any reference in the moving papers to the applicable standard that this Court need apply. Specifically, the PSC's brief wholly fails to mention that, in this context, state law is the controlling authority. Similarly absent from the PSC's brief is a single citation to the applicable New Jersey statute and/or a published New Jersey case in support of its position. The explanation for this self-evident – the applicable law does not support the PSC's position. The Special Master correctly identified that neither Ms. Pier nor her husband have ever consented to the disclosure of their marital communications, and, therefore, without the consent of both individuals, pursuant *N.J.S.A* § 2A:84A-22 and *N.J.S.A.* 2A:84A-29, the privilege must be upheld and the documents should be clawbacked.

I.   **STANDARD OF REVIEW**

Although Imerys fully supports the Special Master's ruling and rationale on this issue, Imerys has no objection to this Court's *de novo* review.

II.   **FACTS**

Imerys relies on the facts and underlying certification of Julie Pier as submitted to the Special Master on October 19, 2018 and incorporates them herein. As the PSC continues to erroneously argue Ms. Pier did not have an expectation of privacy with respect to the communications at issue, Ms. Pier's certification sets in forth, in detail, the factual basis establishing that she did, in fact, have an expectation of privacy with respect to these specific

communications. Moreover, Imerys does not dispute Ms. Pier's version of events or her claims relating to her expectation of privacy with respect to these communications.

### III. LEGAL ARGUMENT

Imerys relies upon the legal arguments submitted to the Special Master on October 19, 2018 and incorporates them herein. However, in sum, Imerys reiterates the following:

#### A. The Applicability of the Marital Privilege is Controlled by New Jersey State Law

Federal Rules of Evidence 501 sets forth which law of privilege applies in federal court. It reads:

> The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

While both federal common law and New Jersey law both recognize a privilege for marital communications, as this is a civil case in which state law supplies the rule of decision, New Jersey state law controls. Under New Jersey law, this privilege is statutory.

*N.J.S.A.* § 2A:84A-22 states in relevant part:

**(1)** Except as otherwise provided in this section, no person shall disclose any communication made in confidence between such person and his or her spouse or civil union partner.

**(2)** There is no privilege:
(a) if ***both*** spouses or partners consent to the disclosure;

3

*N.J.S.A.* § 2A:84A-22 is also known as a Rule of Evidence 509 and generally referred to as the "Marital Privilege -- Confidential Communications." The marital privilege generally aims to protect the marital relationship itself. *1 McCormick, Evidence § 72.* Marriage is of sufficient social importance that, as a matter of New Jersey public policy, the evidentiary rules exclude potentially relevant evidence to protect marital integrity. *Id.* In fact, the New Jersey "rules of evidence recognize two marriage-based privileges that protect the tranquility and sanctity of marriage: (1) the marital communications privilege; and, (2) the spousal privilege." *See State v. Mauti*, 208 N.J. 519, 533, 33 A.3d 1216, 1224 (2012). New Jersey permits both of these privileges to "inhibit" the truth-seeking function of courts because "in the particular area concerned, they are regarded as serving a more important public interest than the need for full disclosure." *Mauti*, 208 N.J. at 533 (citing *State v. Briley,* 53 N.J. 498, 506, 251 A.2d 442 (1969)); *see also State v. Szemple* 135 N.J. 406, 414, 640 A.2d 817 (1994)) (citing N.J.R.E. 509). In fact, such communications are protected regardless of whether the parties later divorce. *See Mauti,* 208 N.J. at 533. As noted in the relevant statute, **the communications between spouses may only be disclosed only if "both spouses" consent.** *N.J.S.A*. 2A:84A-22 (emphasis added); N.J.R. 509 (2).

The three criteria that must be met for the marital communications privilege to apply are: 1) there is a communication, 2) the communication is made in confidence, and 3) the communication is between spouses. *N.J.S.A*. 2A:84A-22. The marital communications privilege "'stems from the strong public policy of encouraging free and uninhibited communication between spouses, and, consequently, of protecting the sanctity and tranquility of marriage.'" *State v. Terry*, 218 N.J. 224, 233, 94 A.3d 882 (2014) (quoting *Szemple*, supra, 135 N.J. at 414). The privilege is designed to protect and further marital intimacy as of the time the communication is

4

made between the spouses. Id.   See also *Blau v. United States*, 340 U.S. 332 (1951).  It is the presumption of the court that marital communications are confidential. *Id*. (*citing Wolfe v. United States*, 291 U.S. 7 (1934)). All communications made during a valid marriage are presumed to be confidential, and the opposing party has the obligation of overcoming this presumption. *Blau,* 340 U.S. at 333; *Wolfle,* 291 U.S. at 14.

It is undisputed that neither Ms. Pier nor her husband consented to the disclosure of these communications. Therefore, the marital communications privilege should be upheld.

### B. Neither Ms. Pier Nor Mr. Pier Waived Their Privilege and Imerys Cannot Waive It For Them.

Ms. Pier has not waived the marital communication privilege.  Waiver of the marital privilege is also governed by statute. *N.J.S.A. 2A:84A-29* provides (*emphasis added*):

> A person waives his right or privilege to refuse to disclose or to prevent another from disclosing a specified matter if he or any other person while the holder thereof has (a) contracted with anyone not to claim the right or privilege or, (b) ***without coercion and with knowledge of his right or privilege***, made disclosure of any part of the privileged matter or consented to such a disclosure made by anyone.
>
> A disclosure which is itself privileged or otherwise protected by the common law, statutes or rules of court of this State, or by lawful contract, shall not constitute a waiver under this section. The failure of a witness to claim a right or privilege with respect to one question shall not operate as a waiver with respect to any other question.

The marital communications privilege holds the same weight as other testimonial privileges and can only be waived by "some act or testimony which in fairness places the person in a position not to object to further disclosure." *United States v. Premises known as 281 Syosset Woodbury Rd.*, 71 F.3d 1067 (2d Cir. 1995) (*citing United States v. Brown*, 634 F.2d 819, 829 (5th Cir. 1981)).

Moreover, Ms. Pier cannot waive the privilege on her husband's behalf.  One spouse may waive the ability to assert the marital communication privilege on his or her own behalf, where

5

he or she has not asserted the privilege through a timely objection, *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374 (6th Cir. 1997), *United States v. Vo*, 413 F.3d 1010 (9th Cir. 2005), or has already testified as to certain confidential communications, *United States v. Premises Known as 281 Syosset Woodbury Rd.*, 71 F.3d 1067 (2d Cir. 1995), but the privilege is held by both spouses, and thus it would be inconsistent to permit the waiver by one spouse (by testimony or failure to assert the privilege) to constitute a waiver of the privilege on behalf of the other spouse, see *Knepp v. United Stone Veneer, LLC*, 2007 U.S. Dist. LEXIS 65423, 2007 WL 2597936 (M.D Pa. 2007); *United States v. Jarvison*, 409 F.3d 1221 (10th Cir. 2005), *United States v. Montgomery*, 384 F.3d 1050, 1059 (9th Cir. 2004), *United States v. Porter, 986 F.2d 1014* (6th Cir. 1993).

Judge Simandle addressed a similar issue in *Andrews v. Holloway*, 256 F.R.D. 136, 2009 U.S. Dist. LEXIS 20188 (2009)[1]. There he wrote:

> [A] spousal communication is no longer privileged in a civil proceeding if both spouses consent to disclosure, while consent to disclosure by one spouse suffices in a criminal proceeding, see *N.J. Stat. Ann*. 2A:84A-22, supra; *State v. Szemple*, 263 N.J. Super. 98, 622 A.2d 248, 250-51 (N.J. Super. Ct. App. Div. 1993) (noting that in same proceeding, consent of both parties no longer required), affirmed 135 N.J. 406, 640 A.2d 817 (N.J. 1994) (consent of either spouse in a criminal case waives marital communication privilege). **No New Jersey precedent has been found which speaks to the issue of whether disclosure of the marital communication by one spouse in a civil proceeding will result in a waiver, but that proposition is doubtful, given the statutory language**. If both spouses have testified about the confidential marital communication in a civil case, however, it would appear that the privilege has been waived by such testimony. (emphasis added).

Neither Imerys' production of the emails to Plaintiffs nor Ms. Pier's own conduct has waived Ms. Pier's marital privilege. Indeed, Imerys cannot waive Ms. Pier's privilege. Nor can Imerys or Ms. Pier waive Mr. Pier's privilege. The marital communications privilege may be waived only where a *privilege holder* voluntarily discloses a significant part of the

---

[1] N.J. Stat. Ann. 2A:84A-22 was revised in 2017, but the requirement for both spouses' consent remains unchanged.

communication or has consented to disclosure made by anyone. Any disclosure of the privilege by Imerys, an Imerys' corporate representative, or an Imerys' attorney cannot constitute a waiver because they are not the privilege holder.

### C. The PSC Is Not Entitled To Redacted Copies of the Communications At Issue

The PSC's request for redacted versions of the communications in questions is not supported by fact, or law. As established above, the communications themselves are protected by privilege. The PSC's proposed redactions do nothing to alleviate the improper violation of the Piers' marital communications privilege. Were it not for Imerys' inadvertent disclosure of the documents, the PSC would not know of the communication or their contents. In an ideal world, in order to return all parties to the status quo prior to Imerys' inadvertent disclosure of the communications, the PSC should be barred from utilizing any of the information contained in the communications without independent knowledge or corroboration of same (which they do not have). However, neither Imerys nor Ms. Pier is requesting that. Rather, notwithstanding the fact that the PSC's current knowledge of the information contained in the communications is "fruit of the poisonous tree", Imerys allowed the PSC to ask Ms. Pier about the underlying "facts" contained within the communications during Ms. Pier's deposition. (See Exhibit 4 to Imerys' submission to the Special Master which was submitted to this Court as Exhibit 2 to the PSC's moving papers). Ms. Pier's deposition testimony, which provides the PSC with all of the factual information contained in the privileged communication, is what the PSC may use. It is not entitled to use the privileged communications that alerted it to the facts it wishes to rely upon.

For all of the foregoing reasons, Imerys respectfully requests that the Court uphold the Special Master's rulings on these issues.

Dated: November 27, 2018

                            Respectfully submitted,

                            COUGHLIN DUFFY LLP

                            */s/ Mark K. Silver*
                            Mark K. Silver

                            Nancy M. Erfle, Esq.
                            Ann Field, Esq.
                            Gordon & Rees Scully Mansukhani
                            121 SW Morrison Street, Ste. 1575
                            Portland, OR 97204