i

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM PRODUCTS MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION | MDL No. 2738 |

**BRIEF PURSUANT TO LOCAL CIVIL RULE 5.3 TO SEAL IN SUPPORT OF IMERYS' MOTION TO SEAL CERTAIN PORTIONS OF PLAINTIFFS' STEERING COMMITTEE'S OBJECTION TO SPECIAL MASTER'S LETTER OPINION ON DEFENDANT IMERYS TALC AMERICA, INC.'S CLAWBACK REQUEST OF EMPLOYEE EMAILS**

Mark K. Silver, Esq.
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
Ph.:  (973) 267-0058
Fax:  (973) 267-6442

Nancy M. Erfle, Esq.
Gordon & Rees Scully Mansukhani
121 SW Morrison Street, Ste. 1575
Portland, OR 97204
Telephone: 503-222-1075
Facsimile: 503-616-3600

*Attorney for Defendant Imerys Talc America, Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

BRIEF STATEMENT OF FACTS .......................................................................... 4

LEGAL ARGUMENT

    THE MATERIAL IN QUESTION MUST BE SEALED ........................................ 5

        A.    The parties meet the requirements of Rule 5.3(c)(2) in their request to seal a subset of documents referenced in Imerys' Moving papers ...................... 5

            1.  The nature of the materials or proceedings at issue .............................. 5

            2.  The legitimate private or public interests which warrant the sealing. ... 6

            3.  The clearly defined and serious injury that would result if the statements were not sealed ..................................................................... 7

            4.  Why a less restrictive alternative to the sealing is not available ............................................................................................................. 7

CONCLUSION ......................................................................................................... 8

## **TABLE OF AUTHORITIES**

### **FEDERAL RULES OF CIVIL PROCEDURE**

Fed.R.Civ.P. Local Rule 5.3 .................................................................................................. i, ii

Fed.R.Civ.P. Local Rule 5.3(c)(2) ...............................................................................................5

**BRIEF STATEMENT OF FACTS**

On October 19, 2018, Imerys Talc America, Inc. ("Imerys") requested a ruling from Special Master Judge Pisano by way of a letter application regarding Imerys' request to the Plaintiffs' Steering Committee ("PSC") for the clawback of certain confidential communications between one of its employees, Julie Pier and her husband, Robert Pier. On November 6, 2018, Judge Pisano issued a letter opinion granting Imerys' request to clawback Ms. Pier's communications. He further ruled that the communications were protected by the marital communications privilege and that neither Ms. Pier nor her husband waived that privilege.

On November 20, 2018, PSC filed a formal objection to Judge Pisano's letter opinion with this Court. In connection with their objection, PSC attached the confidential communications at issue under seal as required by the Protective Order entered in this case. Imerys now submits a certification and brief to seal certain portions of the brief and exhibits attached to PSC's Opposition. Imerys respectfully requests that the Court preserve the seal on the exhibits annexed to PSC's Opposition to Special Master's Letter Opinion on Defendant Imerys Talc America's Clawback Request of Employee Emails.

The Exhibits in question contain portions of confidential documents that are protected by the marital communications privilege. The documents and information contained therein reflect personal communications between an Imerys employee and her spouse. The information contained in the documents implicate personal information otherwise not to be disclosed. Imerys takes all reasonable measures to ensure the information is not disseminated to outside sources. Due to the personal nature of the information in these documents, it is essential that the information remain confidential and protected.

For the reasons set forth below, Defendant submits that good cause exists to seal the referenced documents.

## **LEGAL ARGUMENT**

### **THE MATERIAL IN QUESTION MUST BE SEALED**

A.  **The parties meet the requirements of Rule 5.3(c)(2) in their request to seal a subset of documents referenced in PSC's Opposition to Special Master's Letter Opinion on Defendant Imerys Talc America's Clawback Request on Employee Emails**

Pursuant to Rule 5.3(c)(2), to obtain an Order sealing documents, the parties must describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the sealing, (c) the clearly defined and serious injury that would result if the statements are not sealed, and (d) why a less restrictive alternative to the sealing is not available. The parties submit that they meet the four elements of Rule 5.3(c)(2).

1. **The nature of the materials or proceedings at issue:**

The communications at issue are communications that are protected by the marital communications privilege that were inadvertently produced by Imerys. As set forth in the substantive briefing, it is undeniable that the communications are privileged. Therefore, Imerys moves this Court to keep the following documents under seal in their entirety:

(a) IMERYS 299277 and IMERYS 442535-37, attached as Exhibit 1 to PSC's objections;

(b) IMERYS 299277, attached as Exhibit B to Exhibit 2 of PSC's objection;

(c) IMERYS 299277, IMERYS 442535-37, IMERYS 253462, IMERYS 253882, IMERYS 444908 attached as Exhibit 3 to the Certification of Mark K. Silver, Esq. in Support of Imerys' Letter Brief on Julie Pier Marital Privilege as enclosed in Exhibit 2 of PSC's objection.

Further, Imerys moves this Court to seal the portions of the PSC's brief that contain:

(a) Any direct quotations attributed to Ms. Pier as found on pages 1 and 2 of PSC's objection;

(b) Any and all descriptions of the confidential contents at issue as found on pages 9-11 of PSC's objection;

(c) Any and all direct quotations taken from the confidential communications between Ms. Pier and

5

      her husband, specifically stemming from IMERYS 299277 and IMERYS 442535-37 and as found on pages 9 and 10 of PSC's objection.

(d) Any and all portions redacted in PSC's objection.

    **2.    The legitimate private or public interests which warrant the sealing:**

Defendant has a legitimate interest in protecting private communications between an employee and their spouse, particularly when the marital communications privilege has not been waived by either spouse. The documents that Imerys seeks to keep under seal meet this criterion. Mrs. Pier's private communications with her husband were made with an expectation of complete privacy. The privilege holders, Mr. and Mrs. Pier, have not voluntarily waived this privilege. Mrs. Pier has directed Imerys to take all steps necessary to protect this privilege. Special Master Pisano has already found the privilege exists. Therefore, the Exhibits referenced above should be kept under seal.

    **3.    The clearly defined and serious injury that would result if the statements are not sealed:**

The clearly defined and serious injury that would result if CONFIDENTIAL information was made public is to undermine the tenants of the marital communications privilege, particularly as it relates to employees who serve as corporate representatives. If these particular documents are not kept under seal, Mrs. Pier's individual right to assert a marital privilege is threatened and her private communications will be part of the public record.

Due to the private nature of the information in these documents, it is essential to Mrs. Pier and her husband, as well as to Imerys, that the information remain confidential and protected.

    **4.    Why a less restrictive alternative to the sealing is not available:**

There is no less restrictive alternative to sealing these documents as the information would otherwise be publicly available via the ECF and Pacer. Moreover, Imerys only seeks to Seal those Exhibits attached to the PSC's Objection that contain Privileged Information. Imerys does not seek to have the

remaining contents or Exhibits of the PSC's Objection sealed.

## **CONCLUSION**

Based on the foregoing, Imerys submits that good cause exists for the sealing the exhibits annexed to PSC's Opposition to Special Master's Letter Opinion on Defendant Imerys Talc America's Clawback Request on Employee Emails.

> COUGHLIN DUFFY LLP
> Attorneys for Defendant Imerys Talc America, Inc.
>
> s/ *Mark K. Silver*
> Mark K. Silver, Esq.
> COUGHLIN DUFFY LLP
> 350 Mount Kemble Avenue
> P.O. Box 1917
> Morristown, New Jersey 07962-1917
> Ph.:  (973) 267-0058
> Fax:  (973) 267-6442
>
> Nancy M. Erfle, Esq.
> Gordon & Rees Scully Mansukhani
> 121 SW Morrison Street, Ste. 1575
> Portland, OR 97204
> Telephone: 503-222-1075
> Facsimile: 503-616-3600

Dated: December 4, 2018