

One Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

December 27, 2018

**VIA ELECTRONIC MAIL**

All Counsel of Record

    Re:    *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
           Case No. 3:16-md-02738-FLW-LHG

Dear Counsel,

       By Orders of the Honorable Freda L. Wolfson, U.S.D.J. dated August 30, 2017 (D.I. 536) and September 11, 2017 (D.I. 704), I was appointed as Special Master for the purpose of overseeing discovery disputes that may arise in the above-captioned multi-district litigation ("MDL"). This MDL contains product liability cases in which Plaintiffs allege that certain Johnson & Johnson products containing talcum powder (the "Products") have been the cause of ovarian cancer for thousands of women who have used the Products.[1]

       This letter opinion resolves a dispute over document requests by the Johnson & Johnson defendants relating to Plaintiffs' expert, Dr. Ghassan M. Saed, and the PSC's objections to the same. The Parties raised the dispute by letters and emails to me dated December 14, 2018, December 15, 2018, and December 21, 2018, and the PSC's Response and Objections were served on December 20, 2018. I personally reviewed each of the submissions.

       The PSC identified Dr. Saed as an expert witness on general causation, *i.e.*, the allegation that the Products cause ovarian cancer. Dr. Saed was identified more than one year ago and the materials in support of his opinions have been available to the PSC throughout. Dr. Saed's expert report is attached as an exhibit to the papers on this dispute and is dated November 16, 2018. He is currently scheduled to be deposed on January 23, 2019. In anticipation of his deposition, the Johnson & Johnson Defendants served document requests on the PSC. The document

---

[1] I do not provide a detailed factual and procedural background, as I write for the benefit of the Court and the parties, all being familiar with the facts of this case.

December 27, 2018
Page 2

demands are targeted to certain findings and conclusions expressed by Dr. Saed in pages 13 through 21 of his report. In addition to a request for the production of his laboratory notebooks, other demands inquire about specific conclusions that he reached and the basis for those conclusions. I therefore reject the PSC objection that the demands for production are overly broad.

In its response on December 20, 2018, the PSC objected to the requests as being "vague, ambiguous, and unduly burdensome," or that the documents requested have already been produced. They go on, then, to agree to produce Dr. Saed's laboratory notebooks. The objections are overruled for the same reason I reject the argument that the requests are overly broad. I consider the offer of the laboratory notebooks to represent that they will contain the information that actually responds to the Johnson & Johnson Defendants' requests. However, the PSC proposes that Dr. Saed will produce the laboratory notebooks at the time of his deposition.

Federal Rule of Civil Procedure 26(a)(2)(B) requires disclosure of any facts and data considered by an expert in forming his opinion as a matter of general discovery. Although the language of Rule 30(b)(2) technically does not require production of documents until the date of the deposition, such a literal reading is impractical. Without the ability to analyze Dr. Saed's laboratory notebooks prior to conducting the deposition, the Johnson & Johnson Defendants will not have the ability to prepare for a meaningful deposition. In addition, without advanced disclosure of the laboratory notebooks, the Johnson & Johnson Defendants will have no way to determine whether the notebooks actually contain the material sought in their demands. Therefore, the PSC is required to produce the laboratory notebooks by **January 2, 2019**.[2]

In addition, the Johnson & Johnson Defendants have requested information regarding the funding of Dr. Saed's research and testing. I find that to be a legitimate area for discovery and therefore the request for information as to funding should be honored.

Very truly yours,

Joel A. Pisano

cc: Honorable Freda L. Wolfson (via ECF and First-Class Mail)
Honorable Lois H. Goodman (via ECF and First-Class Mail)

---

[2] As the Parties are embarking on expert discovery, and to avoid this from becoming a recurring theme, the Parties are directed to produce all laboratory notebooks and any other technical material of any expert witness who has done scientific testing at least three weeks prior to the scheduled deposition for that expert witness.