IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON "BABY POWDER" and "SHOWER TO SHOWER" MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | |
| | MDL NO. 2738 (FLW)(LHG) |

This document relates to:

| | | |
|---|---|---|
| ELEANOR BARSH, et al., | ) | |
| Plaintiffs, | ) | Civil Case No.: 4:18-CV-01464 |
| v. JOHNSON & JOHNSON, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
RENEWED MOTION FOR REMAND**

COME NOW Plaintiffs, by and through their undersigned counsel, and pursuant to 28 U.S.C. § 1447(c), respectfully move this Honorable Court to remand this case back to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri.  Remand is proper because this Court lacks jurisdiction, given the absence of diversity jurisdiction.  All Defendants to this action have been properly joined, not fraudulently. Additionally, remand is proper because Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., (collectively "Defendant J&J") failed to comply with 28 U.S.C. § 1446(b)(2)(A) in removing this case without Defendant Schnuck Market, Inc. ("Schnuck") written consent to removal, despite being a properly served and joined party.  In support of Plaintiffs' Motion for Remand, Plaintiffs state as follows:

**I.   INTRODUCTION**

Defendant J&J wrongfully removed *Barsh* to federal court based solely on traditional diversity.  The case undeniably does not present a "federal question" conferring federal subject

matter jurisdiction, nor does there exist complete diversity of citizenship among the parties. Accordingly, the matter is due to be remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri.

Remand is proper because this case does not involve a federal question and diversity of citizenship is lacking. There is no diversity of citizenship because Defendant Schnuck, Defendant PTI Union, LLC, and Plaintiffs are all citizens of the same state – Missouri. Defendant J&J does not dispute that Defendant Schnuck is a citizen of Missouri that was instrumental in selling its products, specifically Defendant J&J's Baby Powder and Shower to Shower products, to market, <u>without warning</u>. Yet, Defendant J&J removed this case, claiming Defendant Schnuck was fraudulently joined based on its interpretation of Mo. Rev. Stat. § 537.762 (the "Innocent Seller Statute"). Defendant J&J incorrectly presumes that Missouri's Innocent Seller defense can be assumed as proven by this Court for its removal. However, it is an open question whether Defendant Schnuck will plead and prevail on the affirmative defense of the Innocent Seller Statute. For purposes of determining federal jurisdiction, Defendant Schnuck is a properly joined and served Missouri citizen destroying diversity jurisdiction – it is not for the Court to consider whether Defendant Schnuck will prevail under the Missouri Innocent Seller defense when determining jurisdiction.

Finally, remand is proper because Defendant Schnuck did not consent to removal of this case. Defendant J&J's haste to get this case removed is no more than a calculated tactic to transfer this case to an MDL in which it does not belong to delay Plaintiffs – Missouri residents who have one of the deadliest forms of cancer – their day in court. The flaws in this removal are transparent and the remand analysis straightforward. Therefore, Plaintiffs move this Court to REMAND this matter to the Circuit Court of the City of St. Louis, State of Missouri.

**II.    ARGUMENT AND AUTHORITY**

    **A.    Legal Standards Applicable to This Motion for Remand**

In an MDL-related proceeding which originated in Missouri on the alleged basis of diversity of citizenship, this Court shall apply the substantive law of the transferor court, including choice-of-law rules, and the procedural law of the Third Circuit. *See West Virginia v. Bristol Myers Squibb Co.,* No. 13-cv-1603-FLW, 2014 WL 793569, *2 (D.N.J. Feb. 26, 2014) (Wolfson, J.) (citing *Paul v. Intel Corp.*, No. 05-1717, 2010 U.S. Dist. LEXIS 144511, at *163 (D. Del. July 28, 2010); *Various Plaintiffs v. Various Defendants* ("*Oil Field Cases*"), 673 F.Supp.2d 358, 363 (E.D. Pa. 2009)).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Plavix Product Liability and Marketing Litigation*, MDL No. 3:13-cv-2418-FLW, 2014 WL 4954654, *2, 10 (D.N.J. Oct. 1, 2014) (Wolfson, J.). "In a removal matter, the defendant seeking to remove bears the burden of showing that federal subject matter jurisdiction exists, that removal was timely filed, and that the removal was proper." *Id.* (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert denied*, 498 U.S. 1085 (1991)). A case must be remanded if it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). "The removal statute should be strictly construed and all doubts resolved in favor of remand." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996).

3

In regards to the doctrine of fraudulent joinder, which Defendants' removal is dependent upon, although the Third Circuit has not adopted the doctrine, it has stated the following in regards to the fraudulent joinder analysis:

> A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. When a nondiverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. ***But the removing party carries a heavy burden of persuasion in making this showing. It is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.***
>
> Joinder is fraudulent when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. But, ***if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand to state court. . . .***
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (emphasis added), (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992) (punctuation and citations omitted).

Defendants have not and cannot satisfy this admittedly heavy burden here because complete diversity of citizenship is lacking and Defendant J&J failed to get unanimity of consent.

### B. <u>Defendant Schnuck Was Not Fraudulently Joined</u>

Defendant J&J's removal rests *solely* on the suggestion that Defendant Schnuck has been fraudulently joined. Defendant J&J does not dispute Plaintiffs and Defendant Schnuck are all citizens of Missouri. Accordingly, absent establishing fraudulent joinder by a preponderance of the evidence, federal diversity jurisdiction does not exist and this case must be remanded to state

4

court. Defendant J&J's fraudulent joinder argument fails for the following reasons:

    (1)    Plaintiffs assert viable claims against Defendant Schnuck - a citizen of Missouri;

    (2)    Defendant Schnuck has not raised any affirmative defense and is currently a party to the lawsuit;

    (3)    Defendant Schnuck must consent to removal, which it has not;

    (4)    Even if Defendant Schnuck plead and proved the affirmative defense of the Innocent Seller Statute, Defendant Schnuck must be considered a party for jurisdictional purposes; and

    (5)    Plaintiff pled claims and theories against Defendant Schnuck that are not affected by the Innocent Seller defense.

### 1. Plaintiffs Assert Viable Claims Against Defendant Schnuck

Missouri law recognizes products liability claims based upon both negligence and strict products liability. *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 107 (Mo. App. W.D. 2006) (internal citations omitted). Defendant J&J seemingly acknowledges that causes of action may be brought against Defendant Schnuck. However, Defendant J&J asserts that the Innocent Seller Statute provides for an interlocutory dismissal of the seller if there is another defendant, properly before the Court, from whom total recovery may be sought. [Doc. 1, Defendant J&J's Notice of Removal, ¶ 17]. The Innocent Seller Statute "does not change the substantive law relating to an innocent seller's liability." *Dorsey v. Sekisui American Corp.*, 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999). It is merely an affirmative defense that may be raised by the innocent seller. *Id.* The "innocent seller" defense is not automatic and sometimes the defense fails. *See, e.g., Davis v. Dunham's Athleisure Corp.,* No. 1:16CV271 SNLJ, 2017 WL 1329475, at *3 (E.D. Mo. Apr. 11, 2017) (Innocent Seller defense does not apply in cases where independent negligence claims are pled). Accordingly, although Defendant Schnuck may have a viable affirmative defense which necessitates discovery and fact-finding on such defense in the state court action, Missouri's substantive law undoubtedly allows for a cause of action to proceed against Defendant Schnuck. Plaintiffs allege viable and colorable claims against Defendant Schnuck and it cannot be said that

5

Plaintiffs have fraudulently joined Defendant Schnuck to this suit.

## 2. The Innocent Seller Statute is Only a "Potential" Affirmative Defense

Pursuant to Missouri substantive law, liability may be imposed on Defendant Schnuck as a seller in the chain of commerce. Mo. Rev. Stat. § 537.760. Defendant J&J cannot contest that Missouri law imposes liability on sellers in the stream of commerce under Mo. Rev. Stat. § 537.760. Despite this, Defendant J&J asserts, without Defendant Schnuck raising the affirmative defense, that a *potential* defense (not a *guaranteed* immunity defense) to the claims against Defendant Schnuck arise from Missouri's Innocent Seller Statute. Importantly, Defendant J&J fails to recognize that Missouri's Innocent Seller Statute, "does not affect a defendant's potential liability to a plaintiff at the pleadings stage, but rather establishes <u>*an affirmative defense*</u>." *Fahy v. Taser Int'l, Inc.*, 2010 WL 559249, *2 (E.D. Mo. Feb. 10, 2010) (*citing Dorsey v. Sekisut Am. Corp.*, 79 F. Supp.2d 1089, 1091 (E.D. Mo. 1999)) (emphasis added).

Defendant J&J unilaterally suggests the Innocent Seller's defense may be pertinent without acknowledging that, in order for the Innocent Seller's defense to even be considered, it must be pled with an affidavit from Defendant Schnuck affirmatively asserting, under oath, "that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce." Mo. Rev. Stat. §537.762(3). At the time of removal, Defendant Schnuck had not pled the affirmative defense nor provided the required affidavit mandated by Mo. Rev. Stat. §537.762(3).[1] Without an affidavit, this Court has no ability to rule on the applicability of the Innocent Sellers Statute. *See Miravalle v. One World Technologies, Inc., et al*, 2018 WL 3643722, at *3 (E.D. Mo. Aug. 1, 2018) (Defendant Home

---

[1] The removability of a case on ground of diversity of citizenship and question of whether separate and independent claims exist should be determined on basis of pleadings at time of removal. 28 U.S.C.A. § 1441(c).

6

Depot's affidavit fails to establish that its potential liability is based entirely on its status as a seller).

At this point, Defendant J&J is putting the cart before the horse – at the time of the removal, Defendant Schnuck had not asserted nor proven the Innocent Seller defense. As a result, this Court is not in a position to rule on the validity of the Innocent Seller defense. This issue is premature and this possible affirmative defense cannot and should not be decided by this Court when determining jurisdiction.

Furthermore, it is unknown whether Defendant Schnuck will plead and prevail on the affirmative defense. Plaintiffs have asserted active grounds for liability against Defendant Schnuck beyond its passive status as a seller in the stream of commerce, and similar allegations have been sufficient to overcome the Innocent Seller defense. *See, e.g., Davis v. Dunham's Athleisure Corp.,* 2017 WL 1329475, at *3 (E.D. Mo. Apr. 11, 2017) (Innocent Seller defense does not apply in cases where independent negligence claims are plead); [*see* Doc. 8, Pet. ¶¶165 – 179]. Plaintiffs also allege Defendant Schnuck knew the use of the PRODUCTS had the potential to cause ovarian cancer, yet did not warn of it. [*see* Doc. 8, Pet. ¶¶72-73]. By pleading affirmative acts other than strict liability, Plaintiffs have taken the case out of the purview of the Innocent Seller Statute. *Loo v. Gen. Elec. Co.,* 2010 WL 3892216, at *3 (E.D. Mo. Sept. 29, 2010) (Plaintiffs plead breach of implied warranty which is sufficient to make defendant liable for more than its acts as a seller in the stream of commerce). Therefore, while it is premature for the Court to rule on the Innocent Seller defense, even if confronted with the Innocent Seller defense, Plaintiffs' Petition sufficiently establishes allegations against Defendant Schnuck outside the scope of the Innocent Seller Statute.

Since Defendant J&J cannot establish with certainty that the Innocent Seller defense applies in this case, its entire argument of fraudulent joinder fails. Plaintiffs allege viable causes

of action against Defendant Schnuck, and the Innocent Seller defense does not make joinder of Defendant Schnuck fraudulent. Removal jurisdiction cannot be based on what Defendant J&J hopes will happen with the case; rather, the Court must determine removal jurisdiction at the time of removal. The bottom line is that Plaintiffs from Missouri brought valid and legitimate claims, well recognized under Missouri law, against Defendant Schnuck from Missouri – and federal diversity jurisdiction does not exist.

### 3. Defendant J&J Needs the Consent of All Defendants to Remove and Defendant Schnuck Did Not Consent

In cases involving multiple defendants, such as the present case, "Section 1446 has been construed to require that ... all [defendants] must join in the removal petition[.]" *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985) (emphasis added); *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served *must* join in or consent to the removal of the action.") (emphasis added). The requirement that all defendants must join in or consent to removal is more commonly referred to as the "rule of unanimity." Under the rule of unanimity, a failure of all defendants to join in the notice of removal creates a "defect in the removal procedure within the meaning of § 1447(c)." *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir.2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990)); see also *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

Defendant Schnuck did not consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). Defendant J&J asserts that Defendant Schnuck need not consent since it was fraudulently joined. However, as shown above, Defendant Schnuck was not fraudulently joined and, therefore, the lack of unanimous consent mandates remand of this case. While the unanimity rule has been disregarded in certain fraudulent joinder situations, this exception is not applicable when dealing with consent of proposed "innocent sellers" who have not been dismissed from the lawsuit at the time of removal. *See Draper v. Johnson & Johnson Vision Care, Inc.*, 2009 WL 10671677, at *2 (W.D. Mo. Sept. 22, 2009) (Defendants' removal was procedurally improper due to lack of consent from the proposed "innocent seller"). To allow Defendant J&J to assert that the Innocent Sellers Statute protects Defendant Schnuck from liability, despite not having Defendant Schnuck's consent, is illogical. This Court does not have the necessary foundation or record to rule on the validity of the Innocent Seller affirmative defense. There is a mandated discovery period after a defendant asserts the Innocent Seller defense that must occur before a Court can rule on this defense. The Innocent Sellers Statute is only applicable when the "innocent seller" affirmatively asserts under oath "that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce." Mo. Rev. Stat. §537.762(3). Defendant J&J's argument crumbles without a judicial declaration in favor of Defendant Schnuck on the Innocent Seller defense. Defendant Schnuck's lack of consent prior to removal requires that this case to be remanded back to state court.

### 4. **Pursuant to Missouri's Innocent Sellers Statute, Defendant Schnuck Must be Considered a Party for Jurisdictional Purposes**

The Innocent Seller Statute provides a mechanism by which a defendant may seek interlocutory dismissal without prejudice if its "liability is based solely on his status as a seller in the stream of commerce…" Mo. Rev. Stat. § 537.762(2). Importantly, dismissal is not automatic:

9

the statute provides that "[t]he parties shall have sixty days in which to conduct discovery on the issues raised in the motion and affidavit." Mo. Rev. Stat. §537.762(4). However, the statute specifically states that "no order of dismissal under this section shall operate to divest a court of venue *or jurisdiction* otherwise proper at the time the action was commenced. *A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes*." Mo. Rev. Stat. § 537.726(6) (emphasis added). Finally, Mo. Rev. Stat. § 537.762(7) goes on to state that "an order of dismissal under this section *shall be interlocutory* until final disposition of plaintiff's claim by settlement or judgment and *may be set aside for good cause shown at any time prior to such disposition*" (emphasis added). Simply put, even if Defendant Schnuck prevailed under the Innocent Seller statute, it would still "be considered to remain a party for purposes of jurisdiction." Mo. Rev. Stat. § 537.726(6).

In order to remove this case to federal court and claim that federal jurisdiction is proper, Defendant J&J requests the court ignore the exact statute that it relies upon – which very clearly states "that no order of dismissal . . . will divest a court of venue or jurisdiction . . . and a defendant is considered to remain a party to such action only for such purposes." Mo. Rev. Stat. § 537.726.6. Defendant J&J acknowledges that "a handful of federal courts" in Missouri have remanded cases based on Subsection 6 of the Innocent Seller Statute on the grounds that an "innocent seller remains functionally a party, susceptible of reinstatement at any time before judgment." Defendant J&J went on to state that the Missouri Courts "plainly failed to consider that the obvious fact that a state statute cannot dictate federal subject-matter jurisdiction."

Essentially, Defendant J&J argues that Section 537.762(6) imposes a procedural requirement, and is thus inapplicable in federal court. However, the Eighth Circuit has confronted Defendant J&J's argument numerous times, and repeatedly found that Subsection 6 must be

10

applied by federal courts when considering diversity.[2]

In *Baron v. Ford Motor Co.*, the Western District was presented with the identical arguments and case precedent set forth by Defendant J&J in Paragraph 17 of its Notice of Removal and found that none of the cases cited discussed Subsection 6 of Missouri's Innocent Seller Statute. *Baron v. Ford Motor Co.*, 2012 WL 1898780, at *4 (W.D. Mo. May 23, 2012). Additionally, the *Baron* Court specifically found that the cases cited by Defendant J&J were not controlling, noting that the opinions were issued before the Eighth Circuit's ruling in *Block v. Toyota Motor Corp.*, where the Eighth Circuit specifically addressed the applicability of Subsection 6 of Missouri's Innocent Seller Statute. *Id.* (*citing Block v. Toyota Motor Corp.*, 2011 WL 6306689 (8th Cir. Dec. 19, 2011) (defendants dismissed under Missouri's Innocent Seller statute would likely remain a party for jurisdictional purposes)). The *Block* court found that Missouri's Innocent Sellers Statute allowed for the seller to remain a party for jurisdictional purposes, thereby suggesting that Subsection 6 is substantive, not procedural in nature. *Baron* at *4. After the decision in *Block*, this Court came to the same conclusion in finding that "the Innocent Seller Statute provides an 'avenue of defense only,' the statute does not provide a basis for determining that diversity jurisdiction did not exist at the time of filing based upon the purported fraudulent joinder of a retailer. *Coplin v. Mr. Heater, Inc.*, 2012 WL 1596887, *3 (E.D. Mo. May 7, 2012).

The Eighth Circuit holds that Mo. Rev. Stat. § 537.762(6) is substantive and should be

---

[2] *Baron v. Ford Motor Co.,* No. 11-1149-CV-W-DGK, 2012 WL 1898780 (W.D. Mo. May 23, 2012); *Block v. Toyota Motor Corp.,* 665 F.3d 944 (8th Cir. 2011); *Coplin v. Mr. Heater, Inc.*, No. 4:12CV363 JAR, 2012 WL 1596887 (E.D. Mo. May 7, 2012); *Wiederhold v. Safety Kleen Corp.,* No. 13-01109-CV-W-HFS, 2014 WL 12617435 (W.D. Mo. Feb. 26, 2014); *Draper v. Johnson & Johnson Vision Care, Inc.,* No. 4:09-00538-CV-W-DGK, 2009 WL 10671677 (W.D. Mo. Sept. 22, 2009).

applied in federal court in direct contradiction of Defendant J&J's argument for fraudulent joinder of Defendant Schnuck. Even if this Court has doubts regarding the applicability of Subsection 6, resolution of all facts and ambiguities in the current controlling substantive law must be in favor of Plaintiffs. As a result, the controlling substantive law requires this Court to consider Defendant Schnuck's Missouri citizenship when determining federal jurisdiction – requiring remand.

### 5. Plaintiffs Pled Claims and Theories Against Defendant Schnuck That are Not Affected by the Innocent Seller Defense

The Innocent Seller Statute only provides for dismissal of product liability claims, not negligence, breach of warranty, concert of action, or civil conspiracy claims. *See* Mo. Rev. Stat. 537.762(2); *see also Drake v. N. Am. Phillips Corp.,* 204 F. Supp. 2d 1204 (E.D. Mo. 2002) (the operator was being sued for other than strict liability, as well as for strict liability, and may not have been entitled to full indemnification under Missouri law); *see also Davis* at *3, (Innocent Seller defense does not apply in cases where independent negligence claims are plead). Plaintiffs also allege Defendant Schnuck knew the use of the PRODUCTS had the potential to cause ovarian cancer, yet did not warn of it. [*see* Doc. 8, Pet. ¶¶72-73]. By pleading affirmative acts other than strict liability, Plaintiffs have taken the case out of the purview of the Innocent Seller Statute. *Loo v. Gen. Elec. Co.,* No. 4:10CV1444SNLJ, 2010 WL 3892216, at *3 (E.D. Mo. Sept. 29, 2010) (Plaintiffs pleaded breach of implied warranty which is sufficient to make defendant liable for more than its acts as a seller in the stream of commerce). Defendant J&J has failed to establish that there is absolutely no possibility that Plaintiffs can establish breach of implied warranty, concert of action, and/or civil conspiracy claims against Defendant Schnuck. Therefore, Defendant J&J again fails to meet its burden to support removal.

### C. PTI Union LLC is a Missouri Citizen Subject to Both General and Personal Jurisdiction

### 1. "At Home" Jurisdiction

PTI Union, LLC, is a Missouri resident for determining diversity because it has its principal place of business in Missouri. "[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014). A corporation's place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Id.* (citation omitted). These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable" and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* (citations omitted). Like a corporation, an LLC should only be subject to general jurisdiction where it is "at home." *Finn v. Great Plains Lending, LLC*, 2016 U.S. Dist. LEXIS 21558, *7 n.3 (E.D. Pa. Feb. 23, 2016) (*Daimler* "applies with equal force" to both corporations and LLCs).

Defendant PTI Union, LLC, is located in Union, Missouri – hence the name PTI Union. It is undisputed that Defendant PTI Union, LLC, has been in the business of processing, bottling, labeling, packaging, and/or distributing the PRODUCTS in whole or in part at PTI Union, LLC's manufacturing facility in Union, Missouri. The lack of warnings on the bottle is a central factor in the underlying cases. Plaintiffs have properly pleaded such facts. It is also not disputed that PTI Union, LLC's principal place of business is in Union, Missouri, making it a Missouri defendant for purposes of diversity jurisdiction. In fact, in the case of *Lois Slemp v. Johnson & Johnson, et al.*, the Circuit Court for the City of St. Louis found "that Defendant J&J engaged in relevant acts within the state of Missouri, including enlisting <u>a Missouri company, PTI Union, LLC,</u> to manufacture, mislabel, and package Johnson's Baby Powder and Shower to Shower, the

very products which caused injury to the Plaintiffs. The products were manufactured in <u>Union, Missouri</u> . . ." [**Ex. A** at 6-7] (emphasis added). As such, Plaintiffs and PTI Union, LLC, are all Missouri residents, and there is no complete diversity between the parties. Accordingly, this case must be remanded to state court.

### 2. **PTI Union, LLC, was Not Fraudulently Joined**

Plaintiffs have alleged Defendant J&J's Shower to Shower product caused their disease, including Shower to Shower Shimmer Effects. [Doc. 8, Pet. ¶ 8-11]. Defendant J&J acknowledges Shower to Shower Shimmer Effects was manufactured by Defendant PTI Union, LLC, at its principal place of business in Union, Missouri. Yet, Defendant J&J contends Defendant PTI Union, LLC, has been fraudulently joined because Shimmer Effects is only one subcategory of Shower to Shower, and Plaintiffs did not specifically plead specific allegations of using Shimmer Effects. Defendant J&J is trying to require Plaintiff plead unnecessary evidentiary detail that is not required by Missouri pleading rules. At its core, Defendant J&J's removal is founded on its claim Defendant PTI Union, LLC, has been fraudulently joined because Plaintiffs have not pled their cause of action with enough specificity – "there is no allegation that any plaintiff ever purchased Shimmer Effects, much less that any plaintiff was sufficiently exposed to that product such that it could have been a cause of injury." However, Missouri Supreme Court Rule 55.05 and Mo. Rev. Stat. § 509.050 require only that a pleading include a short, plain statement of facts showing that the pleader is entitled to relief, i.e., ultimate facts. Missouri does not require Plaintiffs to plead evidentiary facts, which is what Defendant J&J complains of here. Nonetheless, Defendants' recourse if dissatisfied with the specificity of the Petition is to file with the Missouri trial court a motion for a more definite and certain statement. Therefore, argument by Defendant J&J over whether Plaintiffs have satisfied Rule 55.05 is not a basis for removal at all – and certainly

does not give rise to a conclusion PTI Union, LLC, has been fraudulently joined. Defendant PTI Union, LLC, printed the faulty warnings on the bottles of talcum powder which is clearly an issue in this case. Plaintiffs have plead that they used this product and were injured by it. [Doc. 8, Pet. ¶ 8-11]. As a result, this case must be remanded.

### 3. Plaintiffs' Allegations of Missouri's Connection With the Controversy Give Rise to Specific Personal Jurisdiction as to All of Plaintiff's Claims

Recently, in the matter of *Lois Slemp v. Johnson & Johnson, et al.*, the Circuit Court for the City of St. Louis denied the Defendants' post-trial motions arguing the Missouri court lacked personal jurisdiction. [See **Exhibit A**, Order, *Lois Slemp v. Johnson & Johnson, et al.*, No. 1422-CC09326-02, Nov. 29, 2017]. In doing so, the court reviewed allegations and evidence substantially the same as those pleaded in the instant matter of PTI Union LLC's and PTI Royston LLC's involvement in bringing the defective products at issue to market. The court found the allegations and evidence demonstrate that "Defendants' conduct giving rise to Plaintiffs' claims occurred in Missouri," in satisfaction of the requirement of *Bristol-Myers* there be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." [**Ex. A**, at 6-7].

In particular, the court recognized the matter at hand is not analogous to that of McKesson's role in *Bristol-Myers*, in that "it was not alleged that BMS engaged in relevant acts together with McKesson in California, nor that BMS was derivatively liable for McKesson's conduct in California." [**Ex. A**, at 6]. The court went on to articulate the distinction:

> Here, by contrast, there is evidence that Defendants' conduct giving rise to Plaintiffs' claims occurred in Missouri. Plaintiffs allege that Defendants engaged in relevant acts within the state of Missouri, **including enlisting a Missouri company, PTI Union, LLC**, to manufacture, mislabel, and package Johnson's Baby Powder and Shower to Shower, the very products which caused injury to the Plaintiffs. **The products were manufactured in Union, Missouri, and at another**

15

> **plant in Royston, Georgia, which was also under the control of the Missouri company**. Plaintiffs allege that with express notice of the hazard of ovarian cancer, PTI Union, at the direction of Johnson & Johnson, manufactured, processed, bottled, mislabeled, and mispackaged the products at issue.

[**Ex. A**, at 7] (emphasis added).

The court concluded, "substantial evidence exists in the record before the court to satisfy the stringent standard for personal jurisdiction set forth in *Bristol-Myers*." *Id*. at 8. Thus, "[u]pon review of the records and the standard as enunciated in *Bristol-Myers*, the Court [found] that Plaintiffs have sufficiently established that specific personal jurisdiction exists over both the Johnson & Johnson Defendants and Imerys." *Id*. Therefore, it is sufficiently clear that specific personal jurisdiction under *Bristol-Myers* exists as to Defendants PTI Royston, LLC, and PTI Union, LLC, and the Court should not fear remanding this matter on the presumption that the parties will not be properly before the state court on a lack of personal jurisdiction.

## III. CONCLUSION

WHEREFORE, Defendants Schnuck and PTI Union, LLC are properly joined, non-diverse parties to this action. Because diversity is lacking and this case does not present a federal question, this Court lacks jurisdiction. Therefore, Plaintiffs respectfully move the Court to remand this action to the Circuit Court for the City of St. Louis, State of Missouri.

Respectfully submitted,

**DAVIS, BETHUNE & JONES, LLC**

By: *Grant L. Davis*
Grant L. Davis, MO#34799
Thomas C. Jones, MO#38499
Timothy C. Gaarder, MO#56595
Thomas E. Ruzicka, MO#63584
John S. Carroll, MO#69031
2930 City Center Square
1100 Main Street
Kansas City, MO 64105

Telephone (816) 421-1600
Facsimile (816) 472-5972
gdavis@dbjlaw.net
tjones@dbjlaw.net
tgaarder@dbjlaw.net
truzicka@dbjlaw.net
jcarroll@dbjlaw.net

The DeFeo Law Firm. LLC
Daniel T. DeFeo, MO #35161
G. Dominic DeFeo, MO #67481
1627 Main Street, Suite 900
Kansas City, MO  64108
Telephone (816) 581-4600
Facsimile (816) 581-4646
ddefeo@defeolaw.com
gdefeo@defeolaw.com

and

Steven J. Stolze, MO #39795
Holland Law, of counsel
300 N. Tucker, Suite 800
St. Louis, MO  63101
Telephone (314) 640-7550
stevenstolze@yahoo.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/     *Grant L. Davis*
***Attorney for Plaintiffs***