# PLAINTIFFS'

# EXHIBIT

# A



**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

NOV 29 2017

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

LOIS SLEMP,                              )
                                        )
          Plaintiff,                    )
                                        )    No. 1422-CC09326-02
vs.                                     )
                                        )    Division No.  10
JOHNSON & JOHNSON, et al.,              )
                                        )
          Defendants.                   )

ENTERED

NOV, 2 9 2017

MDH

## ORDER

The Court has before it Defendant Imerys Talc America, Inc.'s Motion for Judgment Notwithstanding the Verdict in Plaintiff Lois Slemp's Case; Defendant Imerys Talc America, Inc.'s Motion for New Trial in Plaintiff Lois Slemp's Case; Defendant Imerys Talc America, Inc.'s Alternative Motion for Remittitur of Compensatory Damages Award; Defendant Imerys Talc America, Inc.'s Alternative Motion for Remittitur of Punitive Damages Award; Defendant Imerys Talc America, Inc.'s Motion to Amend Form of Judgment Dated August 3, 2017; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion for New Trial in Plaintiff Lois Slemp's Case; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion for Judgment Notwithstanding the Verdict in Plaintiff Lois Slemp's Case; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion for Credit Against Punitive Damages Award Pursuant to §510.263.4; Defendants Johnson & Johnson and Johnson & Johnson Consumer

Companies, Inc.'s Alternative Motion to Amend Judgment to Reduce Unconstitutionally Excessive Punitive Damage Awards; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion for Remittitur of Compensatory Damages Award; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion for Remittitur of Punitive Damages Award; and Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion to Amend Judgment, or For a New Trial. The Court now rules as follows.

On October 18, 2017, Plaintiff Lois Slemp filed a Motion to Temporarily Vacate Order of Judgment and to Open Discovery on Personal Jurisdiction. It is well established that the Court is empowered to "correct, amend, vacate, reopen or modify a judgment upon its own motion (and for good cause)" for 30 days following the entry of judgment. Rule 75.01. The jurisdiction of the Court is extended for a period of 90 days from the timely filing of a motion for a new trial or other authorized post trial motion. Rule 81.05. Following the expiration of the initial 30 day period however, the relief awarded by the Court is confined to the range of remedies suggested by the parties in their timely-filed post-trial motions. State ex rel. Chem. Dynamics, Inc. v. Luten, 581 S.W.2d 921, 923 (Mo.App. E.D. 1979). As the Judgment herein was

2

entered on August 3, 2017, the Court finds that it may not grant relief to Plaintiff in accordance with her untimely-filed motion. Therefore, Plaintiff Lois Slemp's Motion to Temporarily Vacate Order of Judgment and to Open Discovery on Personal Jurisdiction is DENIED.

Nonetheless, the Court finds that the issue of personal jurisdiction is properly before this Court. In Defendant Imerys Talc America, Inc.'s Motion for Judgment Notwithstanding the Verdict in Plaintiff Lois Slemp's Case, and in each of Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s seven timely-filed post-trial motions, Defendants all argue that this Court lacks personal jurisdiction over them with regard to Lois Slemp's case. Defendants argue that the Court did not have personal jurisdiction to try Ms. Slemp's claims against Defendants because Ms. Slemp purchased and used the products and developed cancer in Virginia, not Missouri.

This case was brought on or about July 31, 2014, involving multiple Plaintiffs who allege that the use of Defendants' talc-containing products caused them to develop ovarian cancer. Two Plaintiffs are located in Missouri, and the other 59 are from other states. Plaintiff Lois Slemp is a non-Missouri Plaintiff.

Defendants removed the matter to Federal Court on September 10, 2014 on the basis of diversity jurisdiction. Defendants also challenged personal jurisdiction with the removal. The Federal Court remanded the matter to this Court on December 5, 2014. Defendants moved to dismiss the non-Missouri Plaintiffs for lack of personal jurisdiction on or about January 2, 2015. On November 2, 2015, this Court denied the motion to dismiss, in part reasoning that there was no basis in Missouri law to determine jurisdiction separately as to the claims of each individual plaintiff. The Court of Appeals denied Defendants' Petition for Writ of Prohibition on the issue of personal jurisdiction on December 22, 2016 (No. ED105115), and the Missouri Supreme Court denied the same on January 6, 2017 (No. SC96154). On March 1, 2017, this Court denied Defendants' renewed motion to dismiss. The Court of Appeals denied Defendants' Petition for Writ of Prohibition on March 31, 2017 (No. ED105416). Trial began in this matter on April 5, 2017. The Jury returned a verdict in Plaintiff's favor on May 4, 2017. On June 19, 2017, the United States Supreme Court issued its opinion in Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (2017). Bristol-Myers held, in relevant part, that each non-resident plaintiff must establish an independent basis

4

for specific personal jurisdiction over the defendant in the state, changing the well-established law of this state.

Missouri courts historically have exercised personal jurisdiction over defendants as to joined non-residents' claims so long as jurisdiction exists as to the residents' claims. Estate of Fox v. Johnson & Johnson, No. ED104580, at *4 (Mo.App. E.D. Oct. 17, 2017). The Bristol-Myers decision represented a clear departure from this precedent. See id. at *4 n.2 (law of the case doctrine does not apply "when a change in the law intervenes"); *6 ("BMS represents a change relative to previous joinder practices in Missouri"); *6 n.4 ("If a party has relied on the law as it existed prior to the change, courts may apply the law only prospectively in order to avoid injustice and unfairness"); and *7 ("To be sure, this court generally possesses the authority to remand cases to the trial court for further evidence and analysis, including on jurisdictional questions or due to changes in the law pending appeal.").

On July 11, 2017, the Missouri Supreme Court (No. SC96318) issued the following Order relating to the pending writ applications of the Defendants:

> Now at this day, on consideration of the petition for a writ of prohibition herein to the said respondent, it is ordered by the Court here that the said petition be, and the same is hereby denied without prejudice to filing a

motion in circuit court to dismiss nonresident plaintiffs based on the opinion of the Supreme Court of the United States in Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (2017), which is dispositive on the issue.

Defendants Johnson & Johnson and Imerys filed their conforming motions to dismiss on July 28 and August 2, 2017. The Court entered its Judgment in accordance with the Jury's verdict on August 3, 2017. The Court took the motions to dismiss under submission on September 18, 2017. The issue of personal jurisdiction following the Bristol-Myers decision is now squarely before the Court.

In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017). In Bristol-Myers, the Court noted that "all the conduct giving rise to the nonresidents' claims occurred elsewhere." Id. at 1782. In Bristol-Myers, it was not alleged that BMS engaged in relevant acts together with McKesson in California, nor that BMS was derivatively liable for McKesson's conduct in California.

Here, by contrast, there is evidence that Defendants' conduct giving rise to Plaintiffs' claims occurred in Missouri. Plaintiffs allege that Defendants engaged in relevant acts within the state of Missouri, including enlisting a Missouri company, PTI Union, LLC, to manufacture, mislabel, and package Johnson's Baby Powder and Shower to Shower, the very products which caused injury to the Plaintiffs. The products were manufactured in Union, Missouri, and at another plant in Royston, Georgia, which was also under the control of the Missouri company. Plaintiffs allege that with express notice of the hazard of ovarian cancer, PTI Union, at the direction of Johnson & Johnson, manufactured, processed, bottled, mislabeled, and mispackaged the products at issue.

Defendants argue that Estate of Fox v. Johnson & Johnson, No. ED104580 (Mo.App. E.D. Oct. 17, 2017), "prohibits the Court from retroactively creating jurisdiction in an attempt to validate past actions that the Court had no jurisdiction to take in the first place." In Fox, the Court of Appeals held there was no Missouri precedent illuminating a procedural path for the Court of Appeals to stay a jury verdict pending re-litigation of facts supporting jurisdiction, and the Court of Appeals declined to do so, due to the Fox case's "advanced posture."

7

This Court, however, believes this case is not in such advance posture so as to prohibit a review of jurisdictional facts. Importantly, this Court's previous denials of Defendants' motions to dismiss, and the appellate courts' denials of writs relating to personal jurisdiction, pretermitted any need or opportunity for Plaintiffs to produce any further evidence of Defendants' Missouri activities and relevant acts that may have established personal jurisdiction under the Bristol-Myers standard. The Court finds that fundamental fairness and due process require that the Court allow Plaintiff to make a record that would support personal jurisdiction, in light of the Bristol-Myers decision, a decision that was handed down after a jury verdict was returned in this case. The Court further finds that substantial evidence exists in the record before the Court to satisfy the stringent standard for personal jurisdiction set forth in Bristol-Myers.

Upon review of the record and the standard as enunciated in Bristol-Myers, the Court finds that Plaintiffs have sufficiently established that specific personal jurisdiction exists over both the Johnson & Johnson Defendants and Imerys.

Next, Defendants have filed numerous post-trial motions for New Trial, Judgment Notwithstanding the Verdict, Remittitur, and to Amend the Judgment. A motion for judgment notwithstanding the

verdict under Rule 72.01 "presents the same question as a motion for directed verdict at the close of all the evidence; i.e., whether the plaintiff made a submissible case." Buttram v. Auto-Owners Mut. Ins. Co., 779 S.W.2d 1, 2 (Mo.App. W.D. 1989). In determining whether a submissible case is made, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the claimant's case and disregards all evidence to the contrary. Crane v. Drake, 961 S.W.2d 897, 900 (Mo.App. W.D. 1998). Each and every element essential to establish the liability of a defendant must be supported by substantial evidence. Id. In this regard, substantial evidence is competent evidence from which a trier of fact can reasonably decide the case. Id.

Alternatively, under Rule 78.01, the Court has discretion to grant a new trial for good cause shown. A new trial may be granted where the verdict is against the weight of the evidence. Ray v. Gabbard, 886 S.W.2d 696, 698 (Mo.App. W.D. 1994). The phrase "weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. Lee v. Hiler, 141 S.W.3d 517, 525 (Mo.App. S.D. 2004). Similarly, the remittitur statute, §537.068, allows the Court to remit a verdict if the evidence, viewed in the light most favorable to the verdict, does not support the amount awarded by the jury. Wiley v. Homfeld, 307 S.W.3d 145,

9

148 (Mo.App. W.D. 2009). The trial court has no authority to alter the jury's verdict unless that threshold requirement is met. Id.

Instructional error warrants the granting of a new trial only where the instructional error is prejudicial. Lee v. Mirbaha, 722 S.W.2d 80, 83 (Mo. banc 1986); MFA Oil Co. v. Robertson-Williams Transport, Inc., 18 S.W.3d 437, 439 (Mo.App. W.D. 2000). A trial court's verdict director is presumed to be correct. SKMDV Holdings, Inc. v. Green Jacobson, P.C., 494 S.W.3d 537, 555 (Mo.App. E.D. 2016). Any issue submitted to the jury in an instruction must be supported by substantial evidence from which the jury could reasonably find such issue. Deckard v. Webster Cty., 467 S.W.3d 283, 290 (Mo.App. S.D. 2015). Substantial evidence is evidence which, if true, is probative of the issues and from which the jury can decide the case. Id. If the instruction is not supported by substantial evidence, there is instructional error, which warrants reversal only if the error resulted in prejudice that materially affects the merits of the action. Id.

The Court finds that Plaintiff presented substantial evidence from which the jury could find in her favor on her claims of conspiracy, implied warranty, negligence, and punitive damages. Further, Defendants have not shown that the instructions were erroneous or prejudicial. The Court finds that Plaintiff made a

10

submissible case, that the jury's verdict was a logical conclusion from the evidence presented at trial, and that the verdict was not against the weight of the evidence.

THEREFORE, it is Ordered and Decreed that Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion to Dismiss Plaintiffs' Claims for Lack of Personal Jurisdiction and Defendant Imerys Talc America, Inc.'s Motion to Dismiss Plaintiffs' Third Amended Petition for Lack of Personal Jurisdiction are DENIED;

Further, Defendant Imerys Talc America, Inc.'s Motion for Judgment Notwithstanding the Verdict in Plaintiff Lois Slemp's Case; Defendant Imerys Talc America, Inc.'s Motion for New Trial in Plaintiff Lois Slemp's Case; Defendant Imerys Talc America, Inc.'s Alternative Motion for Remittitur of Compensatory Damages Award; Defendant Imerys Talc America, Inc.'s Alternative Motion for Remittitur of Punitive Damages Award; Defendant Imerys Talc America, Inc.'s Motion to Amend Form of Judgment Dated August 3, 2017; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion for New Trial in Plaintiff Lois Slemp's Case; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Motion for Judgment Notwithstanding the Verdict in Plaintiff Lois Slemp's Case; Defendants Johnson & Johnson and

11

Johnson & Johnson Consumer Companies, Inc.'s Motion for Credit Against Punitive Damages Award Pursuant to §510.263.4; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion to Amend Judgment to Reduce Unconstitutionally Excessive Punitive Damage Awards; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion for Remittitur of Compensatory Damages Award; Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion for Remittitur of Punitive Damages Award; and Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s Alternative Motion to Amend Judgment, or For a New Trial are DENIED.

**SO ORDERED:**

REX M. BURLISON
Circuit Judge
Division 10

Dated: November 29, 2017

12

MOED - CM/ECF (LIVE)                                                                    Page 1 of 2

## Responses and Replies
4:18-cv-01464-AGF Barsh et al v. Johnson & Johnson et al

### U.S. District Court

### Eastern District of Missouri

## Notice of Electronic Filing

The following transaction was entered by Davis, Grant on 9/12/2018 at 4:16 PM CDT and filed on 9/12/2018

Case Name:        Barsh et al v. Johnson & Johnson et al
Case Number:      4:18-cv-01464-AGF
Filer:            Eleanor Barsh
                  Bridget Mendoza
                  Mary Simmons
                  Rosalind Weathers

**Document Number:** 36

**Docket Text:**
**MEMORANDUM in Support of Motion re [35] MOTION to Remand Case to State Court to City of St. Louis Circuit Court filed by Plaintiffs Eleanor Barsh, Bridget Mendoza, Mary Simmons, Rosalind Weathers. (Attachments: # (1) Exhibit Order in Slemp v J&J)(Davis, Grant)**

**4:18-cv-01464-AGF Notice has been electronically mailed to:**

Beth A. Bauer    bab@heplerbroom.com, km2@heplerbroom.com, mjr@heplerbroom.com, par@heplerbroom.com, sat@heplerbroom.com

Caroline M. Tinsley    caroline.tinsley@tuckerellis.com, shelby.fowler@tuckerellis.com, tracey.west@tuckerellis.com

Debbie S. Champion    dchampion@rssclaw.com

Grant L. Davis    gdavis@dbjlaw.net, jcarroll@dbjlaw.net, khensley@dbjlaw.net, tgaarder@dbjlaw.net, truzicka@dbjlaw.net

Mark A. Prost    mprost@sandbergphoenix.com, trc2@sandbergphoenix.com

Mary Anne Mellow    mmellow@sandbergphoenix.com, arc@sandbergphoenix.com

Steven Thomas Walsh    swalsh@sandbergphoenix.com, trc2@sandbergphoenix.com

Victor H. Essen    vessen@rssclaw.com, victorhessenii@hotmail.com

**4:18-cv-01464-AGF Notice has been delivered by other means to:**

MOED - CM/ECF (LIVE)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=9/12/2018] [FileNumber=7752116-0
] [3081a46f1a2aa66c952bd6ed3e28afa0b3566de973231c1d00502c3289332cc469f
687dde9a6bdc0969058bcfebbd5c9d45706291b1f923d875927401c97b96d]]
**Document description:**Exhibit Order in Slemp v J&J
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=9/12/2018] [FileNumber=7752116-1
] [8824299e2a2797eeed87621024a87896aebca0af2d1c07c389fc164a04802595028<
BR>11d0b9c877e7f14515c4a75789ffc438cacc223c9b6590fbe9876d261fb80]]