

Warren T. Burns
wburns@burnscharest.com
469.904.4550

January 23, 2019

**VIA ECF**
Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re: **In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation**
**MDL No. 2738 – Re: Imerys employee Ms. Julie Pier's emails**

Dear Judge Wolfson:

    The Court asked Imerys to provide certain factual information via certification(s) by January 22, 2019 to assist the Court in determining whether the marital communications privilege protects emails authored by Imerys employee Ms. Julie Pier. The burden of proving that a privilege applies rests with the party asserting the privilege. *In re Grand Jury*, 603 F.2d 469, 474 (3d Cir. 1979). Despite being given the opportunity to submit additional support for the privilege assertion, Imerys has still failed to carry its burden. The Court should deny Imerys' eleventh-hour attempt to claw back emails that are highly relevant to this litigation.

    From the beginning, Imerys' claw back request has rested on Ms. Pier's representation that Luzenac/Imerys allowed her to install AOL Instant Messenger on her work computer so that she could communicate with her husband. From there, Ms. Pier extrapolated that she had a reasonable expectation of privacy regarding all communications with her husband, apparently including those sent using her workplace email account. Imerys did not provide any information—statements or affidavits from current/former employees (other than Ms. Pier), written policies, email exchanges between IT employees and Ms. Pier, etc.— to substantiate Ms. Pier's claim that she had a reasonable expectation Luzenac/Imerys would not or could not access particular emails.

    When directly asked by the Court on January 14, 2019 to provide that type of supporting factual information, Imerys failed to do so on several issues:

1. **Did Luzenac/Imerys have a policy regarding employees using workplace accounts for personal communications?** Neither Imerys nor Ms. Pier have provided any new information on this point. The most we know, and Ms. Pier admits, is that the corporate policy discouraged

    employees from using work accounts for personal communications. (Supp. Dec. of Julie Pier, p. 1, para. 3). In fact, Luzenac/Imerys even had software on its workplace computers to prevent employees from downloading communication programs like AOL Instant Messenger (Supp. Dec. of Julie Pier, p. 1, para. 3).

2. **Did Luzenac/Imerys monitor employee computers/emails?** Imerys has failed to directly answer the question. However, Ms. Pier now acknowledges that Luzenac/Imerys ran reports documenting the websites visited by its employees. (Supp. Dec. of Julie Pier, p. 2, para. 5). And, we know that Imerys retained the right to monitor, access, and retrieve emails from its employees' work accounts because it has done so repeatedly as part of this and other litigation.

3. **Did Luzenac/Imerys permit third parties to access company emails?** Here again, Imerys has not answered the question.

Imerys itself has not provided a declaration or affidavit detailing the steps the company took to search for any policies, procedures, handbooks, or internal email communications between Luzenac/Imerys employees and Ms. Pier during the relevant timeframe. Imerys also has not explained what, if any efforts, it took to identify the Luzenac/Imerys employee(s)—including the "IT guy"—who communicated with Ms. Pier about her request to install AOL Instant Messenger.

Therefore, despite having the opportunity to gather additional facts to support the privilege assertion, Ms. Pier and Imerys have still only established one thing: Luzenac/Imerys allowed Ms. Pier to download AOL Instant Messenger on her work computer to communicate with her husband. That was the extent of the "exception" she was granted. There is no evidence that anyone told Ms. Pier her **emails to her husband** would be shielded from access or disclosure by Luzenac/Imerys, or otherwise treated differently than work-related emails. Indeed, all available information indicates that Luzenac/Imerys kept and keeps its employees' computer and email use under surveillance. Ms. Pier's alleged subjective belief that certain emails would remain private is not sufficient. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2011 WL 1193030, at *4 (E.D. La. Mar. 28, 2011) (holding it was not "objectively reasonable for an employee to have an expectation of privacy" where the employer monitored and accessed employee emails and where the emails were subject to production by a subpoena).

The materials submitted by Imerys on January 22, 2019 simply reiterate what we already know: Imerys allowed Ms. Pier to download and use AOL Instant Messenger. There is no evidence that Imerys forfeited its right to access, review, and/or disclose Ms. Pier's work account emails at its discretion, or that Luzenac/Imerys made any representations or promises to Ms. Pier in 2003 that would give rise to a reasonable expectation of privacy on her part. Accordingly, Imerys and Ms. Pier have not met their burden in establishing the marital communications privilege.

Alternatively, even if Imerys and Ms. Pier were able to meet their burden in establishing the applicability of the marital communications privilege, both Ms. Pier and her husband waived the privilege by failing to invoke it in a timely manner. Ms. Pier's Supplemental Declaration offers no further explanation regarding why she and her husband waited several months to invoke the privilege—after Ms. Pier had already been questioned about the emails at a deposition and after they were admitted at trial. Imerys itself clearly did not take the position that the emails were protected from disclosure, and only made the claw back request at Ms. Pier's behest.

      Imerys and Ms. Pier have failed to provide adequate facts to support the privilege claim, and the PSC should not be precluded from using important, relevant documents because of a tardy and unsupported privilege claim.

      Respectfully,

/s/ *Warren T. Burns*
Warren T. Burns (TX #24053119)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: 469.904.4550
F: 469.444.5002
E: wburns@burnscharest.com

s/ *Michelle A. Parfitt*
Michelle A. Parfitt
**ASHCRAFT & GEREL, LLP**
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

s/ *P. Leigh O'Dell*
P. Leigh O'Dell
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS&MILES, PC**
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

CC:    All Counsel of Record (via ECF)