

One Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

February 5, 2019

**VIA ELECTRONIC MAIL**

All Counsel of Record

Re: *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
Case No. 3:16-md-02738-FLW-LHG

Dear Counsel,

By Orders of the Honorable Freda L. Wolfson, U.S.D.J. dated August 30, 2017 (D.I. 536) and September 11, 2017 (D.I. 704), I was appointed as Special Master for the purpose of overseeing discovery disputes that may arise in the above-captioned multi-district litigation ("MDL"). This MDL contains product liability cases in which Plaintiffs allege that certain Johnson & Johnson products containing talcum powder (the "Products") have been the cause of ovarian cancer for thousands of women who have used the Products.[1]

This letter opinion resolves a dispute over document requests by Defendants relating to the PSC's expert, Dr. Alan Campion, and the PSC's objections to the same. The Parties raised the dispute by letters to me dated January 10, 2019, January 18, 2019, January 21, 2019, and January 29, 2019, as well as a telephonic hearing on January 23, 2019 and various email communications. I personally reviewed each of the submissions.

The PSC identified Dr. Campion as an expert witness on general causation, *i.e.*, the allegation that the Products cause ovarian cancer. Dr. Campion's expert report is attached as an exhibit to the papers on this dispute and is dated November 16, 2018. Dr. Campion's expert report relies, in part, on an article that he co-authored dated June 12, 2018 in the journal *Analytical Chemistry*, entitled "Identification of Foreign Particles in Human Tissue Using Raman Microscopy," (the "Article") which is also attached as an exhibit to the papers on this dispute.

---

[1] I do not provide a detailed factual and procedural background, as I write for the benefit of the Court and the parties, all being familiar with the facts of this case.

February 5, 2019
Page 2

During his deposition on January 8, 2019, it was disclosed by Dr. Campion that his underlying research was prompted by communications with Plaintiffs' counsel and was funded by Plaintiffs' counsel. The fact that counsel fully funded the Article was not disclosed by Dr. Campion until he was deposed on January 8, 2019, nor was that fact disclosed in the Article.

During his deposition, Dr. Campion was questioned about communications he may have had with Plaintiffs' counsel which predated his preparation of the Article and which, according to Defendants' counsel, may have influenced the conclusions he and his co-authors reached in the article and then in his expert report. Plaintiffs' counsel objected and asserted the work-product privilege that is preserved in Federal Rule of Civil Procedure 26(b)(4)(C).

In addition to the dispute about the privilege, there arose a second issue, namely, that Dr. Campion (and the PSC) failed to produce all of his research materials, data, and failed to disclose communications among the co-authors of the Article.

As a result, Defendants have requested production of all communications and underlying research materials related to the Article. Defendants also requested a one-hour continuation of Dr. Campion's deposition so that they may question him regarding any new materials produced. The PSC has agreed to produce communications between Dr. Campion and co-authors of the Article's underlying study (the "Study"), and other research materials related to the Study, but object to production of communications between Dr. Campion and Plaintiffs' counsel pursuant to the work product doctrine, and object to producing Dr. Campion for a one-hour continuation to his deposition.

Federal Rule of Civil Procedure 26(b)(3), the basis for the work product doctrine, provides that "a party may not discover document and tangible things that are prepared in anticipation of litigation…" The PSC contends that communications relating to the Study are protected from production by the work product doctrine. Defendants, however, contend that the Study and the Article were not prepared in anticipation of litigation, and therefore all communications should be produced.

The PSC relies on Federal Rule of Civil Procedure 26(b)(4)(C), which protects communications between a Party's attorney and an expert witness except to the extent the communications "(i) relate to compensation for the expert's Study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming opinions to be expressed." On January 30, 2019, Daniel Lapinski, counsel for the PSC, represented that the PSC "did not provide any facts or data to Dr. Campion that he considered in forming his opinions." (Lapinski E-Mail 1/30/2019). Mr. Lapinski also represented that the PSC counsel did not "provide any assumptions to Dr. Campion upon which

2

February 5, 2019
Page 3

he relied in forming the opinions expressed." (Id.) On January 30, 2019, Mr. Lapinski represented in an email that the PSC was accumulating additional data from Dr. Campion and would produce the data by Friday, February 1, 2019. (Lapinski E-mail 1/30/2019). Mr. Lapinski then represented that the additional data was going to be produced yesterday, February 4, 2019. (Lapinski E-Mail 2/4/2019). The PSC has failed to abide by its representation. I order that the PSC shall produce this material by February 6, 2019.

The remainder of documents requested by Defendants fall within the protections of Federal Rule of Civil Procedure 26(b)(4)(C) as privileged and are protected from production. At the January 23, 2019 conference, I ordered the PSC to produce a privilege log. Additionally, the PSC was required to produce documents for *in camera* review. I have reviewed the privilege log and confidential materials submitted *in camera* on January 29, 2019. A review of the invoices and communications with counsel demonstrates that Dr. Campion began working with the PSC in early January 2017, always with the purpose of serving as an expert in the pending litigation. Dr. Campion's work with the PSC and the fact that Dr. Campion ultimately decided to publish an article based on the results of the Study, do not undermine or waive the privileged nature of those communications. Having reviewed copies of invoices, the e-mails between the PSC and Dr. Campion, the privilege log and the January 8, 2019 deposition transcript, I am satisfied that the communications between PSC counsel and Dr. Campion are privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(C).

Furthermore, I have considered Defendants' policy-based argument that the privilege should not attach to Dr. Campion's work because he shielded the extent of Plaintiffs' counsel's influence over the Article by not disclosing that he was serving as Plaintiffs' expert in the pending litigation or that Plaintiffs' counsel served as a funding source for his Study. (Def. Ltr. 1/10/2019 and 1/23/2019 Tele. Conf.) Regardless of Defendants' arguments, the language in Federal Rule of Civil Procedure 26 permits the communications and maintains the privilege. Moreover, the conduct here is commonly seen in litigation. Of course, Dr. Campion's omissions of his funding source from the Article, and the fact that his work was entirely paid for by the PSC are available to Defendants to argue as to the weight of his opinions and whether the circumstances affect his credibility.

February 5, 2019
Page 4

Finally, Defendants request to depose Dr. Campion for an additional hour. There have been subsequent productions since the January 8, 2019 deposition and PSC's counsel states that additional data will be produced. Therefore, it is justified to continue Dr. Campion's deposition. Defendants shall be permitted to continue Dr. Campion's deposition for one hour regarding any new material produced by the PSC.

Very truly yours,

Joel A. Pisano

cc:     Honorable Freda L. Wolfson (via ECF and First-Class Mail)
        Honorable Lois H. Goodman (via ECF and First-Class Mail)