# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PROBUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION               MDL No. 2738

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the *Benford* action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred *Benford* to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson, Johnson & Johnson Consumer, Inc., Imerys Talc America, Inc., PTI Union, LLC, and PTI Royston, LLC, oppose the motion.

In support of their motion to vacate, plaintiffs argue that federal subject matter jurisdiction over *Benford* is lacking, and that plaintiffs' motion for remand to state court is pending. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). *Benford* shares multiple factual issues with the actions already in the MDL.

---

[*] Judge Nathaniel M. Gorton took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Lewis A. Kaplan                Ellen Segal Huvelle
R. David Proctor               Catherine D. Perry
Karen K. Caldwell

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                         MDL No. 2738

## SCHEDULE A

<u>Eastern District of Missouri</u>

BENFORD, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:18-01903