# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

## STATUS REPORT AND PROPOSED JOINT AGENDA
## FOR FEBRUARY 27, 2019 STATUS CONFERENCE

### I.  STATUS OF EXPERT DISCOVERY

As of February 15, 2019, depositions of Plaintiffs' experts are complete, including the continued depositions of Drs. Saed and Campion, as ordered by Judge Pisano.

Defense general causation expert reports are due by February 25, 2019, and the depositions of all potential defense experts are scheduled to commence beginning the week of March 11, 2019 through and including April 10, 2019.

### II.  SCIENCE RELATED DISCOVERY

**PLAINTIFFS' POSITION:**

On December 6, 2018, subsequent to the filing of plaintiffs' MDL expert reports on general causation, Health Canada (the Canadian equivalent of the FDA) issued a comprehensive report analyzing the epidemiologic and non-epidemiologic evidence on the question of whether talcum powder products can cause ovarian cancer. Upon weighing the evidence against the Bradford Hill causation framework, Health Canada concluded that the evidence taken as a whole is "indicative of a causal effect." As a result of that analysis, Health Canada issued a proposed draft risk mitigation plan which included a mandatory warning to

consumers. The Canadian authorities allowed 60 days, until February 6, 2019, for comments on the proposed risk mitigation plan.

Because the causation methodology employed by Health Canada and its scientists were highly corroborative of the methodology employed independently by the PSC experts in this MDL, the PSC alerted the defendants' and Judge Pisano on December 28, 2019 that the PSC requested the contemporaneous production of any documents that relate to J&J's communication with and about the Health Canada analysis. It was the PSC's position that such material as well as any J&J attempt to influence the independent scientific efforts of Health Canada was of obvious significance to the reliability challenges the PSC expects J&J to make in this MDL.

On January 2, 2019, J&J wrote the PSC and Judge Pisano indicating that it would provide such material. As a result, Judge Pisano took no action on the PSC letter.

On February 16, J&J produced to the PSC its *final* comments and objections submitted by it to Health Canada as well as the objections of numerous industry trade groups with which it worked on talc-related issues including for example, the Industrial Minerals Association-North America (IMA-NA). These comments were all submitted to Health Canada at the same time on the last day of the comment period (February 6) and were, by admission of these organizations, a highly coordinated attack on both the methodology and conclusions reached by Health Canada. Included in these submissions were reports which parrot the expected MDL *Daubert* methodology challenges.

On February 20, 2019, the PSC sent J&J a letter requesting that, consistent with its representation to Judge Pisano, it produce any documents which relate to this issue. These include drafts, internal communications as well as J&J communications with the various trade organizations. To the extent that J&J believes that such information is privileged, the PSC further requested a privilege be immediately produced. The PSC has not yet heard back from J&J and expects that this may be an issue that may is addressed by Judge Pisano.

In addition to seeking Health Canada-related documents from J&J, the PSC will seek a supplementation of IMA-NA's prior response to the PSC subpoena on this issue as well as issues subpoenas to the two hired consulting groups that produced the commentary submitted by and relied on by J&J to undercut the Canadian analysis and recommendations.

While the PSC hopes that these issues can be resolved amicably, it also wants to alert the Court that it may need an expedited ruling on materials that are clearly relevant to the Daubert issues.

In addition to these requests, the PSC understands Defendants' requests below that the PSC produce any communications between its experts and Health Canada. The PSC will communicate with its experts and produce communications, if any, as appropriate. Likewise, both J&J Defendants and PCPC should also be required to produce any communications between their experts and Health Canada.

**J&J DEFENDANTS' POSITION:**

As a preliminary matter, The J&J defendants believe that most of the overly broad discovery that the PSC is seeking regarding regulatory matters in other countries (including, but not limited to Health Canada) has no relevance to the question of general causation that is currently before the Court. Nevertheless, in the spirit of cooperation, the J&J defendants represented to Judge Pisano in their January 2, 2019 response to the PSC's request that, "[t]o the extent that a J&J entity makes a submission, the J&J defendants will produce a copy of such submission at or about the time it is made." The J&J defendants went *beyond* what they promised to do, and produced not only a copy of the submission made by the J&J Canadian entity, but also produced copies of submissions made by other organizations shortly after those submissions were made.

As to "drafts, internal communications as well as J&J communications with the various trade organizations" regarding those submissions, the J&J defendants did not offer to produce them, let alone produce them in real time. Nevertheless, the J&J defendants will produce them in the spirit of cooperation and to avoid any effort by plaintiffs to further delay the *Daubert* proceedings, and are in the process of collecting these materials -- many of which were created over the course of the last several weeks -- and expects that it will be in a position to produce them in approximately the next 30 days.

Finally, we note that in our January 2 letter, the J&J defendants requested that, to the extent the PSC either directly or indirectly through individuals, including but not limited to their experts, made any submissions, a copy should likewise be provided to defense counsel along with communications with Health Canada. To date, we have received no materials from the PSC even though at least one of their experts made a submission which was requested both at his deposition

3

and by follow up email on February 16. In response to plaintiffs' request for similar materials regarding Health Canada from the J&J defendants, the J&J defendants to not believe that there are any such materials, but will endeavor to confirm that fact or produce responsive materials if any exist.

### III.    *DAUBERT* HEARING DATE

Pursuant to the February 4, 2019 Order amending the schedule for expert discovery and *Daubert* proceedings, the parties propose that the starting date for the *Daubert* hearing be discussed at the hearing scheduled for February 27, 2019.

### IV.    IMERYS' CHAPTER 11 BANKRUPTCY FILING

On February 13, 2019, Defendant Imerys Talc America, Inc. (as well Imerys Talc Vermont, Inc. and Imerys Talc Canada, Inc.) filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware pursuant to Chapter 11 of the Bankruptcy Code. The filing triggered an automatic stay of all cases as to Defendant Imerys Talc America, Inc. only, and should not impact the current expert discovery schedule.

### V.    STATUS OF CASES RE-FILED IN THE MDL PER CMO 8

There are 65 cases where Plaintiffs who were previously part of a multi-plaintiff complaint have filed short form complaints in this MDL proceeding but have not complied with CMO 8 in either serving the short form complaint on Defendants or filing a notice of filing on the master docket. *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file short form complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).

There are also 787 plaintiffs from multi-plaintiff cases pending in the MDL who have not filed Short Form Complaints pursuant to CMO 8. In seven cases involving approximately 386 plaintiffs, motions to remand are pending and the filing of a Short Form Complaint is not appropriate at this time. Of the 787 who have not refiled an individual single plaintiff case in the MDL, 145 have refiled in non-MDL jurisdictions. The majority of these plaintiffs have re-filed in California and New Jersey per an agreement between Defendants and the PSC. The parties will work to submit an order dismissing these duplicate filed cases in the MDL, as it has been determined that jurisdiction in the MDL is not proper in these instances.

For any cases that have been refiled outside of the agreement between the PSC and Defendants, Defendants will work with plaintiffs' counsel in that particular case to get one case dismissed.

## VI. DUPLICATE FILED CASES

There are 43 plaintiffs in this MDL who have multiple cases pending. The PSC made a request on January 19, 2019 for a listing of the duplicative filings and Defendant responded on January 20 with a list of duplicative cases that require review and discussion. The parties will work together to address any outstanding issues.

## VII. REPORT ON FEDERAL DOCKET

As of February 13, 2019:

A. There are currently 9,807 cases pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case numbers), totaling 10,554 Plaintiffs (including 747 Plaintiffs in 43 multi-plaintiff cases removed from Missouri state court that have not filed Short Form Complaints on individual dockets, 11 Plaintiffs in *Harders* removed from Illinois state court that have not filed Short Form Complaints on individual dockets, 2 Plaintiffs in *Lovato* removed from New Mexico state court that have not filed Short Form Complaints on individual dockets, 1 Plaintiff in *Robb* removed from Oklahoma state court that has not filed Short Form Complaints on individual dockets, 2 Plaintiffs from the *Crenshaw* case from the Middle District of Georgia that have not filed Short Form Complaints on individual dockets, and 24 Plaintiffs from the *Flores-Rodriguez* case from the District of Puerto Rico).

Individual Plaintiffs in the multi-plaintiff cases are in the process of filing Short Form Complaints on individual dockets. Thus far, all of the individual Plaintiffs in the following multi-plaintiff cases have filed Short Form Complaints on individual dockets: *Karen Glenn, et al.* and *Mary Rea, et al.* (one *Rea* Plaintiff, Exia Monroe, a New Jersey resident, has re-filed in New Jersey state court). Additionally, all of the individual Plaintiffs in the *Charmel Rice, et al.* and *Lillie Lewis, et al.*

5

multi-plaintiff cases have filed Short Form Complaints on individual dockets, except individual Plaintiffs Charmel Rice and Lillie Lewis.

There are seven Plaintiffs named as the lead Plaintiffs in multi-plaintiff cases who did not refile Short Form Complaints on individual dockets, but filed a Short Form Complaint in their corresponding multi-plaintiff case dockets. These include the lead Plaintiffs from four multi-plaintiff cases removed from Missouri state court (*Brenda Anderson, et al.*, *Lillie Lewis, et al.*, *Charmel Rice, et al.*, and *Jerie Rhode, et al.*), Marie Robb in the *Robb* case removed from Oklahoma State, and Deborah Crenshaw from the *Crenshaw* case originally filed in the Middle District of Georgia, and Samary Flores-Rodriguez in the *Flores-Rodriguez* case transferred from the District of Puerto Rico.

B. There is currently one multi-plaintiff case removed from Missouri state court and pending in the Eastern District of Missouri, discussed below, that the JPML has not yet transferred into the MDL totaling 77 plaintiffs). Motions to dismiss and motions to remand have been filed in these cases.

The case pending in the Eastern District of Missouri is listed below along with the judge to whom they are presently assigned.

**Judge Rodney W. Sippel**

McConnell, Laura, et al. v. Johnson & Johnson, et al., Case No. 4:18-cv-02083-RWS

C. There are a handful of single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL. These cases would not greatly affect the number of cases pending in the MDL absent the plaintiffs in the multi-plaintiff cases.

## VIII. STATE COURT LITIGATION

As of February 15, 2019:

**California:** There are approximately 592 ovarian cancer cases involving 643 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No.

4877. These cases are assigned to Judge Maren E. Nelson, Los Angeles Superior Court. To date, a *Sargon* hearing has been held, and one case—*Echeverria*—proceeded to trial. Prior to that trial, on July 10, 2017, the court granted Imerys' motion for summary judgment, dismissing all claims against Imerys as to the *Echeverria* case only. The *Echeverria* trial resulted in a plaintiff verdict against the Johnson & Johnson Defendants; however, on October 20, 2017, the Court granted the Johnson & Johnson Defendants' motions for judgment notwithstanding the verdict and, alternatively, for a new trial. Elisha Echeverria, Acting Trustee of the 2017 Eva Echeverria Trust, filed her Notice of Appeal on December 18, 2017. The Johnson & Johnson Defendants filed their Cross-Notice of Appeal on January 4, 2018. Appellants' Opening Brief was filed on July 18, 2018, and Respondents' and Cross-Appellants' Brief was filed on November 26, 2018.

On May 3, the Court ordered the J&J Defendants to file their Motion to Quash as to the non-California Plaintiffs on personal jurisdictional grounds before ruling on Plaintiffs' request for jurisdictional discovery. Plaintiffs filed their amended master complaint on May 14, 2018. Defendants filed their motion to quash Plaintiffs' Second Amended Complaint on June 29, 2018. The Court further ordered that once the J&J Defendants filed their Motion to Quash the non-California Plaintiffs. Plaintiffs must submit a proposed jurisdictional "discovery plan" by July 16, 2018 "specifically outlining the discovery [Plaintiffs' Executive Committee] requires to oppose the motion(s) and how it has a tendency to show that specific jurisdiction may be exercised" over the J&J Defendants. Pursuant to the Court's order, Plaintiffs submitted their discovery plan. On August 15, 2018, also pursuant to the Court's order, Plaintiffs filed a second motion seeking jurisdictional discovery. To date, general discovery (liability and causation) as well as jurisdictional discovery has not yet been ordered in the JCCP. A case management conference is scheduled for March 4, 2019, which will include a hearing to discuss Plaintiffs' Motion to Conduct Jurisdictional Discovery.

**Delaware**: There are currently 12 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler. On January 19, 2017, the Johnson & Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017, the Johnson & Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. On September 10, 2018, the Court granted Johnson & Johnson and Johnson & Johnson Consumer Inc.'s motion to dismiss the claims of nonresident plaintiffs based on lack of personal jurisdiction and, therefore, dismissed the nonresident plaintiffs' claims against the

7

Johnson & Johnson Defendants. On the same day, the Court also granted the Johnson & Johnson Defendants' motion for a protective order to quash the nonresident plaintiffs' jurisdictional discovery requests. On October 26, 2018, the Court denied Plaintiffs' motion for re-argument. The Johnson & Johnson Defendants and Plaintiffs executed a re-filing agreement such that all nonresident plaintiffs' claims would be dismissed and refiled in the MDL or New Jersey MCL. The parties are in the process of filing stipulations of dismissal in 193 matters filed by nonresident plaintiffs.

**Missouri:** There are currently 14 cases, with a total of 579 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Plaintiffs did not appeal.

Appeals are pending from judgments against the Johnson & Johnson Defendants and Imerys in the *Deborah Giannecchini* and *Lois Slemp* cases and against the Johnson & Johnson Defendants in the multi-plaintiff *Gail Ingham, et al.* case.

Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Rex Burlison is currently stayed and briefing on Defendants' petitions for writs of prohibition is pending before the Missouri Supreme Court on venue challenges. Oral argument took place on February 27, 2018. On March 2, 2018, the Missouri Supreme Court issued amended preliminary writs of prohibition ordering that Judge Burlison may proceed only with a determination of jurisdiction, but can take no other action until further order by the Missouri Supreme Court. On February 13, 2019, the Missouri Supreme Court issued an opinion making the preliminary writs of prohibition permanent and ordering that Judge Burlison shall take no further action other than severing Mr. Blaes' claims and transferring them to the proper venue in St. Louis County. The Court concluded that permissive joinder of separate claims does not extent venue to a county when, absent joinder, venue in that county would not otherwise be proper for each claim. The Missouri Supreme Court has now issued a permanent writ in that matter, granting Defendants' venue challenge.

In the *Lois Slemp* case, that trial court found that plaintiffs had established personal jurisdiction exists in Missouri state court over the objections of Johnson

& Johnson defendants and Imerys. The *Slemp* case is on direct appeal to the Missouri Court of Appeals.

On October 17, 2017, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Jacqueline Fox* case for lack of personal jurisdiction. (Imerys, having received a defense verdict, was not part of the appeal.) The Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On December 19, 2017, the Court denied Plaintiff's Motion for Rehearing. On March 6, 2018, the Missouri Supreme Court denied Plaintiff's requested review of the decision. On March 12, 2018, the Missouri Court of Appeals issued the mandate. On March 30, 2018, the trial court entered an order enforcing the mandate from the appellate court that the *Fox* judgment be reversed and vacated for lack of personal jurisdiction. On November 13, 2018, the *Fox* case was refiled in the MDL.

On June 29, 2018, consistent with the Court's opinion and ruling in *Fox*, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Gloria Ristesund* case for lack of personal jurisdiction. (Imerys, having received a defense verdict, was not part of the appeal.) Consistent with the *Fox* opinion, the Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On August 7, 2018, the Missouri Court of Appeals, Eastern District, denied Plaintiff's application for transfer to the Missouri Supreme Court. On October 30, 2018, the Missouri Supreme Court denied Plaintiff's application to transfer the case from the Missouri Court of Appeals.

On December 27, 2018, the Missouri Supreme Court issued a Preliminary Writ of Prohibition against The Honorable Rex M. Burlison prohibiting him from taking any further action against Imerys in the matter of *Vicki Forrest, et al. v. Johnson & Johnson, et al.* until such time as the Missouri Supreme Court could hear argument from Imerys as to whether the State of Missouri holds proper jurisdiction over Imerys. As a result, the trial that was scheduled to begin on January 21, 2019 in the *Forrest* matter was stayed as to Imerys. Earlier, (on January 9, 2019), the Missouri Supreme Court denied Johnson & Johnson Defendants' Petition for Writ of Prohibition in the *Forrest* matter on the issue of personal jurisdiction.

On January 14, 2019, the Missouri Supreme Court issued a Preliminary Writ of Prohibition against The Honorable Rex M. Burlison prohibiting him from taking any further action against the J&J Defendants in the matter of *Vicki Forrest, et al. v. Johnson & Johnson, et al.* until such time as the Missouri Supreme Court could

hear argument from the J&J Defendants as to whether the City of St. Louis was the proper venue for the case. As a result, the trial that was scheduled to begin on January 21, 2019 in the *Forrest* matter was stayed in its entirety.

On January 31, 2019, the Missouri Supreme Court issued a Preliminary Writ of Prohibition against The Honorable Rex M. Burlison prohibiting him from taking any further action in the matter of *Tracey Young, et a. v. Johnson & Johnson, et al.* until such time that as the Missouri Supreme Court could hear argument from Imerys as to whether the State of Missouri holds proper jurisdiction over Imerys. As a result, the trial that is scheduled to being on April 8, 2019 in the *Young* matter was stayed in its entirety.

The St. Louis Court has set the following trial dates in the following cases:

January 21, 2019 – Trial in *Vicki Forrest, et al. v. Johnson & Johnson, et al. (stayed)*

April 8, 2019 – Trial in *Tracey Young, et al. v. Johnson & Johnson, et al. (stayed)*

August 5, 2019 – Trial in *Leewing Loyd, Sr., et al. v. Johnson & Johnson, et al.*

October 7, 2019 – Trial in *Tenesha Farrar, et al. v. Johnson & Johnson, et al.*

On February 12, 2019, the Missouri Supreme Court made permanent the Writ of Prohibition in the *Michael Blaes* case. The plaintiff has until February 27, 2019, to file a motion for rehearing. If no motion is filed or if the motion is filed and denied, the effect of the Writ of Prohibition will be to transfer the bulk of the claims to other counties, with approximately a dozen claims that will move forward to trial in St. Louis City. All claims of non-Missouri plaintiffs will be transferred to neighboring St. Louis County. The remaining Missouri cases will be transferred to other venues across the state according to where the individual was first exposed to the products. The *Blaes* ruling will dispose of the Preliminary Writs of Prohibition in *Forrest* and *Young*.

**New Jersey:** There are currently 522 cases pending in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. The coordinated proceedings were jointly assigned to Judges Johnson and Mendez by the New Jersey Supreme Court, and with Judge Johnson's retirement, have now been scheduled for a status conference before

Judge John Porto, who is the new Multi-County Litigation judge in Atlantic County. The cases are currently stayed for discovery purposes pending resolution of the plaintiffs' appeal of the ruling by Judge Johnson on the *Kemp* issues, but Judge Porto has scheduled a status conference for March 20, 2019. On January 8, 2018, the New Jersey Appellate Division issued a *Sua Sponte* Order staying the appeals for six months or until the New Jersey Supreme Court decides the appeal pending in *In re: Accutane Litigation*, A-25-17, 079958, and *In re: Accutane Litigation*, A-26/27-17, 079933. Oral argument occurred in the Accutane Litigation on April 23, 2018. On August 1, 2018, the New Jersey Supreme Court affirmed the trial court's decision in the *Accutane Litigation*, and held that the *Daubert* factors are incorporated into New Jersey's Rule 702 analysis of the reliability of expert testimony. The stay has since been lifted in the *Balderrama* and *Carl* cases and the Appellate Division requested that the parties submit supplemental briefing on certain discreet issues, which was completed on October 26th. Briefing is now complete.

**Florida:** There are 25 cases pending in Florida state court. There are eleven cases pending in Broward County, Florida, including four cases before Judge Michael A. Robinson, one case before Judge David Haimes, two cases before Judge Sandra Periman, one case before Judge Jeffrey R. Levenson, one case before Judge Carlos Rodriguez, and two cases before Judge Raag Singhal. There are four cases pending in Miami-Dade County, Florida, including one case before Judge Michael Hanzman, one case before Judge Dennis Murphy, one case before Maris de Jesus Santovenia, and one case before Judge Barbara Areces. There are three cases pending in Hillsborough County, Florida before Judge Rex Barbas. There is one case pending in Osceola County, Florida before Judge Margaret Schreiber. There are two cases pending in Palm Beach County, Florida (one case before Judge Jaime Goodman and one case before Meenu Sasser). There is one case pending in Marion County, Florida before Judge Edward L. Scott. There are two cases in Orange County, Florida before Judge Jose R. Rodriguez. There is one case pending in Sarasota County before Judge Andrea McHugh.

In the *Ricketts* matter, pending in Broward County, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was denied on November 9, with the Court granting 30 days for Imerys to file an appeal. That appeal was filed on December 8, 2017.

**Georgia:** There are eight cases pending in Georgia state court. One case in Fulton County, Georgia before Judge Jane Morrison is currently set for trial in July 2019. There are six cases pending in Gwinnet County, Georgia before Judge

11

Shawn F. Bratton.  There is one case pending in Richmond County before Judge Patricia W. Booker.

**Illinois:** There are twenty-three cases pending in Illinois state court. There are two cases in Madison County, Illinois state court before Judge William Mudge. There are nineteen cases pending in Cook County, Illinois, which have been consolidated in the *Harris* matter before Judge Daniel T. Gillespie.  There is one case pending in McLean County, Illinois before Judge Rebecca Foley. There is one case pending in St. Clair County before Judge Christopher T. Kolker.

**Pennsylvania:** There is one case pending in state court in Allegheny County in which Imerys' appeal on personal jurisdiction issues is pending.  There are six cases pending in state court in Philadelphia County, PA.

**Louisiana**: There are eighteen cases pending in Louisiana State Court. There are twelve in the Parish of Orleans, Louisiana, including two cases before Judge Robin M. Giarrusso, two cases before Judge Melvin Zeno, one case before Judge Paulette Irons, three cases before Judge Kern Reese, one case before Judge Piper Griffin, one case before Judge Donald Johnson, one case before Judge Christopher Bruno, and one case before Judge Rachael Johnson. There are six cases pending in East Baton Rouge Parish, two before Judge Janice Clark, one before Judge Donald Johnson, one before Judge Todd Hernandez, and one before Judge R. Michael Caldwell, and one before Judge Wilson Fields.

In the *McBride* matter, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was granted on December 1, 2017. On January 3, 2018, the Court denied the Plaintiff's motion for a new trial on this ruling.

**Arizona**: There is one case pending in Pima County, Arizona before Judge Douglas Metcalf.

## IX. STATUS OF PENDING MOTIONS

    **A.** The list of motions pending in individual cases is attached hereto as Exhibit A.

    **B.** On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51.  The Court dismissed and entered judgment in Estrada's lawsuit on August 10, 2017. ECF No. 53. Estrada has

appealed this decision.  On September 6, 2018, a panel of the Third Circuit Court of Appeals affirmed the Court's decision.  Estrada filed a petition for rehearing *en banc* on September 20, 2018, which was denied on October 3, 2018.

        Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@dbr.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone:  703-931-5500

Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

# EXHIBIT A

## STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Gavin, Sherron, et al. v. Johnson & Johnson, et al.* | 3:18-cv-10319 | Plaintiffs' Motion to Remand filed September 26, 2018. Fully Briefed. <br><br> Imerys' Motion to Dismiss filed October 26, 2018. Fully briefed. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. <br><br> Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. <br><br> Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. <br><br> Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed. <br><br> Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8. <br><br> Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8. <br><br> Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Rebecca Bowers v. Johnson & Johnson, et al.* | 3:17-cv-12308 | Plaintiffs' Motion to Remand filed December 4, 2017. Fully briefed. |
| *Peck, et al. v. Johnson & Johnson, et al.* | 3:17-cv-12665 | Plaintiffs' Motion to Remand filed January 11, 2018. Johnson & Johnson Defendants' Opposition filed January 22, 2018.  Defendant Imerys' Opposition filed February 7, 2018. |
| | | Imerys' Motion to Dismiss filed November 8, 2017. Fully briefed. |
| *Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018. Fully briefed. 2018. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17.  No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17.  No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17.  No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Dawn Hannah v. Johnson & Johnson, et al.* | 3:18-cv-01422 | Plaintiff's Motion to Remand filed March 5, 2018.  Fully Briefed. |
| | | Imerys' Motion to Dismiss filed 4/4/18. Fully briefed. |
| *Callahan, Janice v. Johnson & Johnson, et al.* | 3:18-cv-05557 | Plaintiff's Motion to Remand filed May 4, 2018. Fully briefed. |
| | | Defendant Imerys' Motion to Dismiss filed October 10, 2018.  Fully Briefed. |
| *Smith, Phyllis v. Johnson & Johnson, et al.* | 3:18-cv-05556 | Plaintiff's Motion to Remand filed May 4, 2018. Fully briefed. |
| | | Defendant Imerys' Motion to Dismiss filed October 9, 2018. Fully Briefed. |

16

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Baker v. Johnson & Johnson, et al.* | 3:17-cv-07712 | Plaintiff's Motion to Remand filed June 8, 2018. Fully briefed. |
| | | Defendant Imerys' Motion to Dismiss filed July 9, 2018. No oppositions were filed. |
| | | Plaintiffs' Motion to Stay or Strike Defendant Imerys' Motion to Dismiss filed July 17, 2018. Defendant Imerys' Opposition filed July 27, 2017. |
| *Cartwright, Darren v. Johnson & Johnson, et al.* | 3:18-cv-05535 | Plaintiffs' Motion to Remand filed July 25, 2018. Fully briefed. |
| | | Defendant Imerys' Motion to Dismiss filed August 24, 2018. Fully Briefed. |
| *Kassimali, Maureen, et al. v. Johnson & Johnson, et al.* | 3:18-cv-05534 | Plaintiffs' Motion to Remand filed July 25, 2018. Fully briefed. |
| | | Defendant Imerys' Motion to Dismiss filed August 24, 2018. Fully Briefed. |
| *Kehoe, Tracey, et al. v. Johnson & Johnson, et al.* | 3:18-cv-11509 | Plaintiffs' Motion to Remand filed July 26, 2018. Defendants' Opposition filed August 27, 2018. Plaintiffs' Reply to Johnson & Johnson Defendants' filed October 8, 2018. |
| | | Defendant Imerys' Motion to Dismiss filed October 23, 2018. Fully Briefed. |
| *Jiminez, Sandra, et al. v. Johnson & Johnson, et al.* | 3:18-cv-12526 | Plaintiffs' Motion to Remand filed August 23, 2018.  Fully briefed. |
| *Johnson, Amy v. Johnson & Johnson, et al.* | 3:18-cv-01423 | Plaintiffs' Motion to Remand filed September 26, 2018. Fully Briefed. |
| | | Imerys' Motion to Dismiss filed October 26, 2018. Fully Briefed. |
| *Reising, Amanda, et al. v. Johnson & Johnson, et al.* | 3:18-cv-10320 | Plaintiffs' Motion to Remand filed September 26, 2018.  Fully Briefed. |
| | | Imerys' Motion to Dismiss filed October 26, 2018. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Gendelman, Robert v. Johnson & Johnson, et al.* | 3:17-cv-00461 | On 11/14/18, Defendant Imerys and Plaintiff submitted joint letter to Judge Wolfson withdrawing Motion to Remand and Motion to Dismiss without prejudice. |
| *Aikens, Chelsea v. Johnson & Johnson, et al.* | 3:17-cv-12675 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 14, 2018. Fully Briefed. |
| *Comardelle, Pamela v. Johnson & Johnson, et al.* | 3:17-cv-13365 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 12, 2018. Fully Briefed. |
| *Gibson, Cynthia v. Johnson & Johnson, et al.* | 3:18-cv-14637 | Plaintiffs' Motion to Remand filed November 1, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed December 3, 2018. Plaintiffs' Opposition filed January 2, 2019. Imerys' Reply Brief due January 17, 2019. |
| *Lightfoot, Brandy v. Johnson & Johnson, et al.* | 3:17-cv-13361 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 13, 2018. Fully Briefed. |

18

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Mouton, Geneva v. Johnson & Johnson, et al.* | 3:17-cv-12674 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018. Imerys' Motion to Dismiss filed November 13, 2018. Fully Briefed. |
| *Sansome, Kristina v. Johnson & Johnson, et al.* | 3:17-cv-12673 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter) filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018. Imerys' Motion to Dismiss filed November 15, 2018. Fully Briefed. |
| *Hittler, Lisa v. Johnson & Johnson, et al.* | 3:18-cv-17106 | Motion to Remand filed January 7, 2019. Fully briefed. |
| *Barsh, Eleanor v. Johnson & Johnson, et al.* | 3:18-cv-01464 | Renewed Motion to Remand filed January 9, 2019. Oppositions filed February 6, 2019. |