IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------

IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY
LITIGATION

:
:
:
:
:
:
:
:
:
:

Civil Action No. 3:16-md-2738-FLW-
LHG

MDL No. 2738

---------------------------------------------

STATUS REPORT AND PROPOSED JOINT AGENDA
FOR APRIL 29, 2019 STATUS CONFERENCE

## I.   STATUS OF EXPERT DISCOVERY

### A. Expert Depositions

As of April 18, 2019, all previously scheduled expert depositions have been taken.  Judge Pisano is reviewing Plaintiffs' request for additional time to depose defense expert Dr. Nadia Moore.  Plaintiffs claim that there was a   failure to timely disclose reliance materials; Defendants deny this and oppose the request. At Defendants' request, the deposition of Defendants' expert epidemiologist, Dr. Christian Merlo, took place on April 18th after the April 10th deadline to complete depositions, and the parties agreed that any motion filed in relation to Dr. Merlo is to be due on May 14th with no impact on the remainder of the briefing schedule.

### B. Documents Related to the Funding of Articles Written by Plaintiffs' Experts

**Defendants' Position:**

On April 12, 2019, defendants requested plaintiffs provide all documents related to the funding of three studies used extensively by plaintiffs in depositions of the defense experts — one such study  was written by plaintiffs' experts William

R. Welch, Daniel W. Cramer and John J. Godleski, and two other articles that were written by Dr. Guy Eslick and Dr. Sander Greenland, respectively, who were identified by plaintiffs as experts at the outset of this litigation. Defendants specifically requested all documents related to the funding of these three articles, including but not limited to all funding of any kind by any plaintiff lawyer or law firm who has filed cases in the MDL or has any interest in any case in the MDL. While plaintiffs have advised that the PSC does not have custody or control of such documents, they have also asserted work product objections and not answered the question of whether the studies at issue were funded in whole or in part by lawyers.

### Plaintiffs' Position:

As the PSC has made clear to Defendants, they are not entitled to the information requested, even assuming any such information exists. The work of non-testifying experts is protected work-product immune from disclosure pursuant to Federal Rule of Civil Procedure 26. None of these individuals – Drs. Cramer, Godleski, Greenland, Eslik, or Welch – were identified by the PSC as testifying experts in the PSC's November 14, 2018 disclosure of experts. Therefore, they are non-testifying consultants whose work product is immune from discovery under Rule 26. *See Plymovent Corp. v. Air Tech. Sols., Inc*., 243 F.R.D. 139, 143 (D.N.J. 2007) (prohibiting document production from a retained consulting expert under Rule 26(b)(4)(B)); *Weisbrot v. Schwimmer,* CIV A 97-2711 FLW, 2007 WL 2683642, at *5 (D.N.J. Sept. 7, 2007) (Wolfson, J.) (citations omitted) (denying Defendants' motion to call as witnesses at trial, experts previously retained by Plaintiff under Rule 26(b)(4)(B). Notwithstanding the foregoing (and without waiving the right to oppose any similar requests in the future), the PSC states that it did not provide funding for the studies in question.


## II.   DAUBERT BRIEFING

The Court's guidance is requested on whether specific arguments should be made at this time on expert qualifications.

### Plaintiffs' Position:

*Daubert* and Rule 702 impose three requirements for admissibility of expert testimony: qualification, reliability, and fit." *JVI, Inc. v. Truckform, Inc.*, 11-cv-6218 FLW, WL 6708169, at *4 (D.N.J. Dec. 26, 2012) (quotations and citations omitted). The first requirement mandates that the expert witness must have

specialized expertise on the subject matter at hand so they can provide both insightful and relevant testimony. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008). Many of the experts proffered by Defendants lack the requisite specialized expertise in the subject matters on which they opine. Therefore, the PSC disagrees that *Daubert* briefing should exclude one of the three core requirements of admissibility.

**Defendants' Position:**

Plaintiffs and Defendants have all designated experts in a range of fields, every one of whom is an M.D. or Ph.D. in relevant fields such as gynecologic oncology, epidemiology/biostatistics, pathology, cancer biology, or toxicology. While there are valid qualifications arguments that could be made as to a number of plaintiffs' experts, we recognize that in the posture of this proceeding it would be wasteful to devote resources to challenging experts' qualifications. At this stage, no jury is going to be hearing these experts' testimony, and any qualifications argument is likely to cut both ways since both parties have experts in similar fields. As such, and in order to help streamline the presentation of the parties' arguments to the Court, we propose that the Court not entertain qualifications arguments at this time – and that the parties focus only on the methodological validity and reliability of the various experts' opinions preserved. The Defendants strongly dispute that there is any legitimate challenge that can be made to their experts' qualifications.

## III.   STATUS OF CASES RE-FILED IN THE MDL PER CMO 8

There are 66 cases where Plaintiffs who were previously part of a multi-plaintiff complaint have filed short form complaints in this MDL proceeding but have not complied with CMO 8 in either serving the short form complaint on Defendants or filing a notice of filing on the master docket. *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file short form complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).

There are also 864 plaintiffs from multi-plaintiff cases pending in the MDL who have not filed Short Form Complaints pursuant to CMO 8. In eight cases involving approximately 458 plaintiffs, motions to remand are pending and the filing of a Short Form Complaint is not appropriate at this time. Of the 864 who have not refiled an individual single plaintiff case in the MDL, 145 have refiled in non-MDL

jurisdictions.  The majority of these plaintiffs have re-filed in California and New Jersey per an agreement between Defendants and the PSC.  The parties are working to submit a proposed order to dismiss the duplicate-filed MDL case with prejudice. There are approximately 261 plaintiffs who have not filed short form complaints pursuant to CMO 8.  Defendants request that the Court order these plaintiffs to file short form complaints by May 31, 2019.  For any plaintiff who does not file a short form complaint by that date, defendants ask that the plaintiff's case be dismissed with prejudice. The PSC was provided a list of the 261 cases in question during the preparation of the status report.  The PSC requests sufficient time to review the list and consult with plaintiff's counsel to determine the procedural posture of the cases and whether the filing of a short form complaint is appropriate.  Following this due diligence process, the parties can meet and confer to determine the appropriate steps to ensure compliance with CMO 8 if further action is needed and report back to the Court.

For any cases that have been refiled outside of the agreement between the PSC and Defendants, Defendants will work with plaintiffs' counsel in that particular case to get one case dismissed.

## IV.    DUPLICATE FILED CASES

There are 55 plaintiffs in this MDL who have multiple cases pending.  For any case where it could not be decided which case should be dismissed, defendants request that Your Honor enter an Order to Show Cause as to why a particular case cannot be dismissed to be heard at the next status conference.  The PSC asks that the Court hold this request in abeyance until the list of cases thought to be duplicate filings can be reconciled with plaintiff's counsel in the individual cases.

## V.    REPORT ON FEDERAL DOCKET

As of April 17, 2019:

A.    There are currently 10,556 cases pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case numbers), totaling   10,554 Plaintiffs (including  824 Plaintiffs in  44 multi-plaintiff cases removed from Missouri state court that have not filed Short Form Complaints on individual dockets, 11 Plaintiffs in *Harders* removed from Illinois state

court that have not filed Short Form Complaints on individual dockets, 2 Plaintiffs in *Lovato* removed from New Mexico state court that have not filed Short Form Complaints on individual dockets, 1 Plaintiff in *Robb* removed from Oklahoma state court that has not filed Short Form Complaints on individual dockets, 2 Plaintiffs from the *Crenshaw* case from the Middle District of Georgia that have not filed Short Form Complaints on individual dockets, and 24 Plaintiffs from the *Flores-Rodriguez* case from the District of Puerto Rico).

Individual Plaintiffs in the multi-plaintiff cases are in the process of filing Short Form Complaints on individual dockets. Thus far, all of the individual Plaintiffs in the following multi-plaintiff cases have filed Short Form Complaints on individual dockets: *Karen Glenn, et al.* and *Mary Rea, et al.* (one *Rea* Plaintiff, Exia Monroe, a New Jersey resident, has re-filed in New Jersey state court). Additionally, all of the individual Plaintiffs in the *Charmel Rice, et al.* and *Lillie Lewis, et al.* multi-plaintiff cases have filed Short Form Complaints on individual dockets, except individual Plaintiffs Charmel Rice and Lillie Lewis.

There are seven Plaintiffs named as the lead Plaintiffs in multi-plaintiff cases who did not refile Short Form Complaints on individual dockets, but filed a Short Form Complaint in their corresponding multi-plaintiff case dockets. These include the lead Plaintiffs from four multi-plaintiff cases removed from Missouri state court (*Brenda Anderson, et al.*, *Lillie Lewis, et al.*, *Charmel Rice, et al.*, and *Jerie Rhode, et al.*), Marie Robb in the *Robb* case removed from Oklahoma State, and Deborah Crenshaw from the *Crenshaw* case originally filed in the Middle District of Georgia, and Samary Flores-Rodriguez in the *Flores-Rodriguez* case transferred from the District of Puerto Rico.

**B.**   There are currently two multi-plaintiff cases removed from Missouri state court and pending in the Eastern District of Missouri, discussed below, that the JPML has not yet transferred into the MDL totaling 82

plaintiffs).  Motions to dismiss and motions to remand have been filed in these cases.

The case pending in the Eastern District of Missouri is listed below along with the judge to whom they are presently assigned.

### **Judge Ronnie L. White**

Bathon, Rebecca, et al. v. Johnson & Johnson, et al. Case No. 4:19-cv-000923-RLW

Kannady, Cynthia, et al. v. Johnson & Johnson, et al, Case No. 4:19-cv-00292-RLW

**C.**   There are a handful of single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL.  These cases would not greatly affect the number of cases pending in the MDL absent the plaintiffs in the multi-plaintiff cases.

## VI.   STATE COURT LITIGATION

**Defendants' Position:**

On April 18, 2019, J&J filed a motion under 28 U.S.C. §§ 157(b)(5) and 1334(b), to fix venue for personal injury and wrongful death claims against J&J in the U.S. District Court for the District of Delaware—the district court where Imerys's bankruptcy is pending.  The motion affects claims in approximately 2400 state court actions around the country, including the ovarian cancer perineal exposure claims and the mesothelioma inhalation claims.  In connection with this motion, J&J is in the process of removing those claims pending in state court to federal court under 28 U.S.C. § 1452.  This should not impact the scheduled *Daubert* hearings here.

The Johnson & Johnson Defendants have begun, and will continue, to oppose Plaintiffs' motions for remand. The Johnson & Johnson Defendants submit that 28 U.S.C. § 157(b)(5) vests the Delaware District Court, sitting in the district in which Debtors' bankruptcy case is pending and to whom the motion to fix venue was made, with sole authority to set venue for the State Court Talc Claims. Under 28 U.S.C. § 1334(b), there exists federal subject matter jurisdiction over the removed personal injury and wrongful death claims against J&J because, *inter alia*: (1) supply

agreements between the Debtors and the Johnson & Johnson Defendants contain contractual indemnifications that were triggered upon the filing of the personal injury and wrongful death claims without regard to ultimate findings on liability and (2) Debtors have claimed rights to approximately two billion dollars of J&J's insurance for expenses incurred in defending against the thousands of talc-related lawsuits. These contractual indemnification claims and claims on shared insurance stand to impact the pool of assets available for Debtors' creditors. Moreover, courts have recognized identity of interest in sale of a single product as additional grounds for "related to" jurisdiction. Here, because the Debtors exclusively supplied the talc to the Johnson & Johnson Defendants, each Plaintiff can draw a straight line from the two Johnson & Johnson talcum powder products that Plaintiffs allege caused their injuries to the Debtors' talc.

The Johnson & Johnson Defendants also submit that mandatory abstention is inapplicable in this context, pursuant to 28 U.S.C. § 157(b)(2)B) and (b)(4), and that equitable considerations weigh against mandatory abstention pursuant to 28 U.S.C. § 1334(c)(1) and remand pursuant to 28 U.S.C. § 1452(b) alike. Abstention and/or remand would only frustrate the equitable result that the Johnson & Johnson Defendants seek to effect through the transfer of the personal and injury wrongful death claims to a single court in the District of Delaware that has the resources to expediently adjudicate key threshold issues, thus reducing waste of judicial resources and disparate outcomes for the Debtors' creditors, including Plaintiffs.

**Plaintiffs' Position**

Motions to remand have been filed or will be filed in all of the improvidently removed state court cases. Johnson & Johnson Defendants' have improperly removed these state court product liability actions based on an alleged connection to Imerys Talc America's (and related entities) Chapter 11 bankruptcy petition. The state court plaintiffs' claims are not "related to" the pending bankruptcy proceeding filed by Imerys as the claims that Johnson & Johnson point to as a basis for federal jurisdiction are separate and distinct from plaintiffs' claims against Johnson & Johnson. *See In re Fed.-Mogul Glob., Inc.*, 300 F.3d 368 (3d Cir. 2002). Moreover, 28 U.S.C. § 1334(c)(2) requires remand, as plaintiffs' state court claims: (1) do not arise under the bankruptcy code; (2) are exclusively based on state law; (3) are not subject to federal jurisdiction absent their purported relation to Imerys' bankruptcy; and (4) can be timely adjudicated in the state court. Plaintiffs expect these cases to be remanded back to state court.

It is the stated intent of Johnson & Johnson to request a transfer of all removed state court cases (i.e., all cases alleging that talcum powder products caused a plaintiff's ovarian cancer or mesothelioma) to the Imerys bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Delaware.  The ovarian cancer cases filed in state court are no different factually than the cases pending before this Court, making clear Johnson & Johnson's transparent strategy.

As of April 17, 2019:

**California:** There are approximately 605 ovarian cancer cases involving  655 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Maren E. Nelson, Los Angeles Superior Court.  To date, a *Sargon* hearing has been held, and one case—*Echeverria*—proceeded to trial. Prior to that trial, on July 10, 2017, the court granted Imerys' motion for summary judgment, dismissing all claims against Imerys as to the *Echeverria* case only. The *Echeverria* trial resulted in a plaintiff verdict against the Johnson & Johnson Defendants; however, on October 20, 2017, the Court granted the Johnson & Johnson Defendants' motions for judgment notwithstanding the verdict and, alternatively, for a new trial.  Elisha Echeverria, Acting Trustee of the 2017 Eva Echeverria Trust, filed her Notice of Appeal on December 18, 2017.  The Johnson & Johnson Defendants filed their Cross-Notice of Appeal on January 4, 2018.  Appellants' Opening Brief was filed on July 18, 2018, and Respondents' and Cross-Appellants' Brief was filed on November 26, 2018.  Appellants' Reply Brief and Answer to the Cross-Appeal was filed on January 17, 2019.  Respondents' and Cross-Appellants' Reply on Cross-Appeal was filed on March 6, 2019.  The California Medical Association, California Dental Association and California Hospital Association collectively filed an Amici Curiae Brief in support of Respondents / Cross-Appellants on April 5, 2019.  Respondents-Cross Appellants will file their Answer to the Amici Curiae Brief on April 24, 2019.

On May 3, the Court ordered the J&J Defendants to file their Motion to Quash as to the non-California Plaintiffs on personal jurisdictional grounds before ruling on Plaintiffs' request for jurisdictional discovery.  Plaintiffs filed their amended master complaint on May 14, 2018.  Defendants filed their motion to quash Plaintiffs' Second Amended Complaint on June 29, 2018.  The Court further ordered that once the J&J Defendants filed their Motion to Quash the non-California Plaintiffs. Plaintiffs must submit a proposed jurisdictional "discovery plan" by July 16, 2018 "specifically outlining the discovery [Plaintiffs' Executive Committee]

requires to oppose the motion(s) and how it has a tendency to show that specific jurisdiction may be exercised" over the J&J Defendants. Pursuant to the Court's order, Plaintiffs submitted their discovery plan.  On August 15, 2018, also pursuant to the Court's order, Plaintiffs filed a second motion seeking jurisdictional discovery.   To date, general discovery (liability and causation) as well as jurisdictional discovery has not yet been ordered in the JCCP.  A case management conference is scheduled for May 10, 2019, which will include a hearing to discuss Plaintiffs' Motion to Conduct Jurisdictional Discovery.  A hearing on challenges to Plaintiffs' Executive Committee's Second Amended Complaint is scheduled for May 21, 2019.

On April 22, 2019, the J & J Defendants began removing cases pending in the JCCP to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1452. As of April 24, 2019, there have been seven cases removed.  Plaintiffs are informed and believe that J &J Defendants plan to remove all cases pending in the JCCP. Plaintiffs anticipate filing Remand Motions.

**Delaware**: There are currently 9 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler.  On January 19, 2017, the Johnson & Johnson Defendants filed a motion to dismiss for lack of personal jurisdiction. On January 31, 2017, Plaintiffs served jurisdictional discovery. On March 2, 2017, the Johnson & Johnson Defendants filed a motion for protective order to quash the jurisdictional discovery. On September 10, 2018, the Court granted Johnson & Johnson and Johnson & Johnson Consumer Inc.'s motion to dismiss the claims of nonresident plaintiffs based on lack of personal jurisdiction and, therefore, dismissed the nonresident plaintiffs' claims against the Johnson & Johnson Defendants.  On the same day, the Court also granted the Johnson & Johnson Defendants' motion for a protective order to quash the nonresident plaintiffs' jurisdictional discovery requests.  On October 26, 2018, the Court denied Plaintiffs' motion for re-argument.   The Johnson & Johnson Defendants and Plaintiffs executed a re-filing agreement such that all nonresident plaintiffs' claims would be dismissed and refiled in the MDL or New Jersey MCL.  The parties are in the process of filing stipulations of dismissal in 193 matters filed by nonresident plaintiffs. As of April 22, 2019, the Johnson & Johnson Defendants have begun removing the remaining Delaware-resident plaintiffs' cases to federal court, the same court that is addressing Johnson & Johnson's Motion to Fix Venue for Claims Related to Imerys's Bankruptcy.

**Missouri:** There are currently 14 cases, with a total of 610 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Plaintiffs did not appeal.

Appeals are pending from judgments against the Johnson & Johnson Defendants and Imerys in the *Deborah Giannecchini* and *Lois Slemp* cases and against the Johnson & Johnson Defendants in the multi-plaintiff *Gail Ingham, et al.* case.

Trial in the case of *Michael Blaes on behalf of Shawn Blaes v. Johnson & Johnson, et al.* before Judge Rex Burlison is currently stayed and briefing on Defendants' petitions for writs of prohibition is pending before the Missouri Supreme Court on venue challenges. Oral argument took place on February 27, 2018. On March 2, 2018, the Missouri Supreme Court issued amended preliminary writs of prohibition ordering that Judge Burlison may proceed only with a determination of jurisdiction, but can take no other action until further order by the Missouri Supreme Court. On February 13, 2019, the Missouri Supreme Court issued an opinion making the preliminary writs of prohibition permanent and ordering that Judge Burlison shall take no further action other than severing Mr. Blaes' claims and transferring them to the proper venue in St. Louis County. The Court concluded that permissive joinder of separate claims does not extent venue to a county when, absent joinder, venue in that county would not otherwise be proper for each claim. The Missouri Supreme Court has now issued a permanent writ in that matter, granting Defendants' venue challenge.

In the *Lois Slemp* case, that trial court found that plaintiffs had established personal jurisdiction exists in Missouri state court over the objections of Johnson & Johnson defendants and Imerys. The *Slemp* case is on direct appeal to the Missouri Court of Appeals.

On October 17, 2017, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Jacqueline Fox* case for lack of personal jurisdiction. (Imerys, having received a defense verdict, was not part of the appeal.) The Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On December 19, 2017, the Court denied

Plaintiff's Motion for Rehearing. On March 6, 2018, the Missouri Supreme Court denied Plaintiff's requested review of the decision. On March 12, 2018, the Missouri Court of Appeals issued the mandate. On March 30, 2018, the trial court entered an order enforcing the mandate from the appellate court that the *Fox* judgment be reversed and vacated for lack of personal jurisdiction. On November 13, 2018, the *Fox* case was refiled in the MDL.

On June 29, 2018, consistent with the Court's opinion and ruling in *Fox*, the Missouri Court of Appeals, Eastern District, reversed and vacated the judgment in the *Gloria Ristesund* case for lack of personal jurisdiction. (Imerys, having received a defense verdict, was not part of the appeal.) Consistent with the *Fox* opinion, the Court also rejected Plaintiff's request to remand the case to the trial court to attempt to establish jurisdictional facts. On August 7, 2018, the Missouri Court of Appeals, Eastern District, denied Plaintiff's application for transfer to the Missouri Supreme Court. On October 30, 2018, the Missouri Supreme Court denied Plaintiff's application to transfer the case from the Missouri Court of Appeals.

On December 27, 2018, the Missouri Supreme Court issued a Preliminary Writ of Prohibition against The Honorable Rex M. Burlison prohibiting him from taking any further action against Imerys in the matter of *Vicki Forrest, et al. v. Johnson & Johnson, et al.* until such time as the Missouri Supreme Court could hear argument from Imerys as to whether the State of Missouri holds proper jurisdiction over Imerys. As a result, the trial that was scheduled to begin on January 21, 2019 in the *Forrest* matter was stayed as to Imerys. Earlier, (on January 9, 2019), the Missouri Supreme Court denied Johnson & Johnson Defendants' Petition for Writ of Prohibition in the *Forrest* matter on the issue of personal jurisdiction.

On January 14, 2019, the Missouri Supreme Court issued a Preliminary Writ of Prohibition against The Honorable Rex M. Burlison prohibiting him from taking any further action against the J&J Defendants in the matter of *Vicki Forrest, et al. v. Johnson & Johnson, et al.* until such time as the Missouri Supreme Court could hear argument from the J&J Defendants as to whether the City of St. Louis was the proper venue for the case. As a result, the trial that was scheduled to begin on January 21, 2019 in the *Forrest* matter was stayed in its entirety.

On January 31, 2019, the Missouri Supreme Court issued a Preliminary Writ of Prohibition against The Honorable Rex M. Burlison prohibiting him from taking any further action in the matter of *Tracey Young, et a. v. Johnson & Johnson, et al.* until such time that as the Missouri Supreme Court could hear argument from Imerys as to whether the State of Missouri holds proper jurisdiction over Imerys. As a result,

the trial that is scheduled to being on April 8, 2019 in the *Young* matter was stayed in its entirety.

The St. Louis Court has set the following trial dates in the following cases:

January 21, 2019 – Trial in *Vicki Forrest, et al. v. Johnson & Johnson, et al. (stayed)*

April 8, 2019 – Trial in *Tracey Young, et al. v. Johnson & Johnson, et al. (stayed)*

August 5, 2019 – Trial in *Leewing Loyd, Sr., et al. v. Johnson & Johnson, et al.*

October 7, 2019 – Trial in *Tenesha Farrar, et al. v. Johnson & Johnson, et al.*

On February 12, 2019, the Missouri Supreme Court made permanent the Writ of Prohibition in the *Michael Blaes* case. The plaintiff has until February 27, 2019, to file a motion for rehearing. If no motion is filed or if the motion is filed and denied, the effect of the Writ of Prohibition will be to transfer the bulk of the claims to other counties, with approximately a dozen claims that will move forward to trial in St. Louis City. All claims of non-Missouri plaintiffs will be transferred to neighboring St. Louis County. The remaining Missouri cases will be transferred to other venues across the state according to where the individual was first exposed to the products. The *Blaes* ruling will dispose of the Preliminary Writs of Prohibition in *Forrest* and *Young*.

**New Jersey:** There are currently 524 cases pending in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. All proceedings are stayed while the Appellate Division considers plaintiffs' appeal from Judge Johnson's ruling that the plaintiffs' expert testimony on general causation didn't meet the Kemp standards. Oral argument before the Appellate Division was scheduled to take place on April 10, 2019 and was adjourned without a new date.

**Florida:** There are 27 cases pending in Florida state court. There are eleven cases pending in Broward County, Florida, including four cases before Judge Michael A. Robinson, one case before Judge David Haimes, two cases before Judge Sandra Periman, one case before Judge Jeffrey R. Levenson, one case before Judge Carlos Rodriguez, and two cases before Judge Raag Singhal. There are five cases pending in Miami-Dade County, Florida, including one case before Judge Michael

Hanzman, one case before Judge Dennis Murphy, one case before Maris de Jesus Santovenia, one case before Judge Barbara Areces, and one before Judge Abby Cynamon. There are three cases pending in Hillsborough County, Florida before Judge Rex Barbas. There is one case pending in Osceola County, Florida before Judge Margaret Schreiber. There are two cases pending in Palm Beach County, Florida (one case before Judge Jaime Goodman and one case before Meenu Sasser). There is one case pending in Marion County, Florida before Judge Edward L. Scott. There are two cases in Orange County, Florida before Judge Jose R. Rodriguez. There is one case pending in Sarasota County before Judge Andrea McHugh. There is one case pending in Pasco County, Florida before Judge Declan Mansfield.

In the *Ricketts* matter, pending in Broward County, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was denied on November 9, with the Court granting 30 days for Imerys to file an appeal. That appeal was filed on December 8, 2017.

**Georgia:** There are nine cases pending in Georgia state court. One case in Fulton County, Georgia before Judge Jane Morrison is currently set for trial in July 2019. One case is pending in Richmond County , Georgia before Judge Patricia W. Booker is specially set for trial in June 2020. Six cases are pending in Gwinnet County, Georgia before Judge Shawn F. Bratton. There is one case pending in Clayton County before Judge Linda S. Cowen.

**Illinois:** There are twenty-three cases pending in Illinois state court. There are two cases in Madison County, Illinois state court before Judge William Mudge. There are nineteen cases pending in Cook County, Illinois, which have been consolidated in the *Harris* matter before Judge Daniel T. Gillespie. There is one case pending in McLean County, Illinois before Judge Rebecca Foley. There is one case pending in St. Clair County before Judge Christopher T. Kolker.

**Pennsylvania:** There are nine cases pending in Pennsylvania state court. One case is pending in state court in Allegheny County in which Imerys' appeal on personal jurisdiction issues is pending. There are eight cases pending in state court in Philadelphia County, PA.

**Louisiana**: There are seventeen cases pending in Louisiana State Court. There are eleven in the Parish of Orleans, Louisiana, including two cases before Judge Robin M. Giarrusso, two cases before Judge Melvin Zeno, one case before Judge Paulette Irons, three cases before Judge Kern Reese, one case before Judge Piper Griffin, one case before Judge Donald Johnson, one case before Judge

Christopher Bruno, and one case before Judge Rachael Johnson. There are six cases pending in East Baton Rouge Parish, two before Judge Janice Clark, one before Judge Donald Johnson, one before Judge Todd Hernandez, and one before Judge R. Michael Caldwell, and one before Judge Wilson Fields.

In the *McBride* matter, Imerys' Motion to Dismiss for Lack of Personal Jurisdiction was granted on December 1, 2017. On January 3, 2018, the Court denied the Plaintiff's motion for a new trial on this ruling.

**Arizona**: There is one case pending in Pima County, Arizona before Judge Douglas Metcalf.

## VII.   STATUS OF PENDING MOTIONS

**A.** The list of motions pending in individual cases is attached hereto as Exhibit A.

**B.** On July 14, 2017, the Court issued a dismissal of the *Estrada* Consumer Class case, finding that Estrada did not allege an injury in fact. ECF Nos. 50, 51.  The Court dismissed and entered judgment in Estrada's lawsuit on August 10, 2017. ECF No. 53. Estrada has appealed this decision.  On September 6, 2018, a panel of the Third Circuit Court of Appeals affirmed the Court's decision.  Estrada filed a petition for rehearing *en banc* on September 20, 2018, which was denied on October 3, 2018.

Respectfully submitted,

s/*Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@dbr.com

s/*John H. Beisner*
John H. Beisner

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone:  703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone:  888-219-3599
Facsimile: 215-567-6019

Email: cplacitella@cprlaw.com

## **EXHIBIT A**

## **STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES**

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Gavin, Sherron, et al. v. Johnson & Johnson, et al.* | 3:18-cv-10319 | Plaintiffs' Motion to Remand filed September 26, 2018.  Fully Briefed.<br><br>Imerys' Motion to Dismiss filed October 26, 2018. Fully briefed. |
| *Edna Brown v. Johnson & Johnson, et al.* | 3:17-cv-05724 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Carolyn Bennett v. Johnson & Johnson, et al.* | 3:17-cv-05723 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Maureen Abbeduto, et al. v. Johnson & Johnson, et al.* | 3:17-cv-05812 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Kim Knight v. Johnson & Johnson, et al.* | 3:17-cv-05796 | Plaintiffs' Motion to Remand filed September 1, 2017. Fully briefed.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17.  Fully briefed 10/13/17.  Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17.  Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Rebecca Bowers v. Johnson & Johnson, et al.* | 3:17-cv-12308 | Plaintiffs' Motion to Remand filed December 4, 2017. Fully briefed. |
| *Peck, et al. v. Johnson & Johnson, et al.* | 3:17-cv-12665 | Plaintiffs' Motion to Remand filed January 11, 2018. Johnson & Johnson Defendants' Opposition filed January 22, 2018.  Defendant Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 8, 2017. Fully briefed. |
| *Anderson, et al. v. Johnson & Johnson, et al.* | 3:17-cv-2943 | Plaintiff's Motion for Voluntary Dismissal without prejudice filed February 15, 2018. Fully briefed. 2018. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17.  No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17.  No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17.  No opposition filed.  Motion to be terminated pursuant to CMO 8. |
| *Dawn Hannah v. Johnson & Johnson, et al.* | 3:18-cv-01422 | Plaintiff's Motion to Remand filed March 5, 2018.  Fully Briefed.<br><br>Imerys' Motion to Dismiss filed 4/4/18. Fully briefed. |
| *Callahan, Janice v. Johnson & Johnson, et al.* | 3:18-cv-05557 | Plaintiff's Motion to Remand filed May 4, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed October 10, 2018.  Fully Briefed. |
| *Smith, Phyllis v. Johnson & Johnson, et al.* | 3:18-cv-05556 | Plaintiff's Motion to Remand filed May 4, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed October 9, 2018. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Baker v. Johnson & Johnson, et al.* | 3:17-cv-07712 | Plaintiff's Motion to Remand filed June 8, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed July 9, 2018. No oppositions were filed.<br><br>Plaintiffs' Motion to Stay or Strike Defendant Imerys' Motion to Dismiss filed July 17, 2018. Defendant Imerys' Opposition filed July 27, 2017. |
| *Cartwright, Darren v. Johnson & Johnson, et al.* | 3:18-cv-05535 | Plaintiffs' Motion to Remand filed July 25, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed August 24, 2018. Fully Briefed. |
| *Kassimali, Maureen, et al. v. Johnson & Johnson, et al.* | 3:18-cv-05534 | Plaintiffs' Motion to Remand filed July 25, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed August 24, 2018. Fully Briefed. |
| *Kehoe, Tracey, et al. v. Johnson & Johnson, et al.* | 3:18-cv-11509 | Plaintiffs' Motion to Remand filed July 26, 2018. Defendants' Opposition filed August 27, 2018. Plaintiffs' Reply to Johnson & Johnson Defendants' filed October 8, 2018.<br><br>Defendant Imerys' Motion to Dismiss filed October 23, 2018. Fully Briefed. |
| *Jiminez, Sandra, et al. v. Johnson & Johnson, et al.* | 3:18-cv-12526 | Plaintiffs' Motion to Remand filed August 23, 2018.  Fully briefed. |
| *Johnson, Amy v. Johnson & Johnson, et al.* | 3:18-cv-01423 | Plaintiffs' Motion to Remand filed September 26, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed October 26, 2018. Fully Briefed. |
| *Reising, Amanda, et al. v. Johnson & Johnson, et al.* | 3:18-cv-10320 | Plaintiffs' Motion to Remand filed September 26, 2018.  Fully Briefed.<br><br>Imerys' Motion to Dismiss filed October 26, 2018. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Gendelman, Robert v. Johnson & Johnson, et al.* | 3:17-cv-00461 | On 11/14/18, Defendant Imerys and Plaintiff submitted joint letter to Judge Wolfson withdrawing Motion to Remand and Motion to Dismiss without prejudice. |
| *Aikens, Chelsea v. Johnson & Johnson, et al.* | 3:17-cv-12675 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 14, 2018. Fully Briefed. |
| *Comardelle, Pamela v. Johnson & Johnson, et al.* | 3:17-cv-13365 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 12, 2018. Fully Briefed. |
| *Gibson, Cynthia v. Johnson & Johnson, et al.* | 3:18-cv-14637 | Plaintiffs' Motion to Remand filed November 1, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed December 3, 2018. Plaintiffs' Opposition filed January 2, 2019. Imerys' Reply Brief due January 17, 2019. |
| *Lightfoot, Brandy v. Johnson & Johnson, et al.* | 3:17-cv-13361 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018.<br><br>Imerys' Motion to Dismiss filed November 13, 2018. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Mouton, Geneva v. Johnson & Johnson, et al.* | 3:17-cv-12674 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018. Imerys' Motion to Dismiss filed November 13, 2018. Fully Briefed. |
| *Sansome, Kristina v. Johnson & Johnson, et al.* | 3:17-cv-12673 | Motion to Remand (consolidated under Motion to Remand filed in the Sandra Peck matter) filed January 11, 2018. Defendant Johnson & Johnson's Opposition filed January 22, 2018. Imerys' Opposition filed February 7, 2018. Imerys' Motion to Dismiss filed November 15, 2018. Fully Briefed. |
| *Hittler, Lisa v. Johnson & Johnson, et al.* | 3:18-cv-17106 | Motion to Remand filed January 7, 2019. Fully briefed. |
| *Barsh, Eleanor v. Johnson & Johnson, et al.* | 3:18-cv-01464 | Renewed Motion to Remand filed January 9, 2019. Oppositions filed February 6, 2019. |
| *Benford, Tashay, et al. v. Johnson & Johnson, et al.* | 3:19-cv-5590 | Motion to Remand filed March 8, 2019. J&J Defendants' opposition filed April 10, 2019. |