# EXHIBIT E30

```
 2                IN THE COURT OF COMMON PLEAS
 3           FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
 4                      CIVIL TRIAL DIVISION
 5                            - - -
 6       _____
                                              :
 7       IN RE: XARELTO LITIGATION           :
 8       DANIEL RUSSELL                       :
 9                VS.                         :   NO. 150500362
10       JANSSEN PHARMACEUTICALS,            :
11       INC., et al.                         :
12                            - - -
13               Thursday, April 12, 2018
14                            - - -
15               TRIAL - AFTERNOON SESSION
16                            - - -
17                      COURTROOM 243
18                        CITY HALL
19               PHILADELPHIA, PENNSYLVANIA
20                            - - -
21       B E F O R E:  THE HONORABLE MICHAEL ERDOS, J.
22
23
24
25
```

SHANNAN GAGLIARDI, RDR, CRR, (215)683-8014

```
 2   APPEARANCES:

 3
          LAURA A. FELDMAN, ESQUIRE
 4        Feldman & Pinto
          6706 Springbank Street
 5        Philadelphia, PA  19119
          (215)546-2604
 6
          FRED S. LONGER, ESQUIRE
 7        MICHAEL M. WEINKOWITZ, ESQUIRE
          Levin Sedran & Berman
 8        510 Walnut Street, Suite 500
          Philadelphia, PA  19106
 9        (215)592-1500

10        BRIAN BARR, ESQUIRE
          Levin Papantonio
11        316 South Baylen Street, Suite 600
          Pensacola, FL  32502
12        (850)435-7000

13        EMILY C. JEFFCOTT, ESQUIRE
          The Lambert Firm
14        701 Magazine Street
          New Orleans, LA  70130
15        (504)581-1750

16        REBECCA NEWMAN, ESQUIRE
          Douglas & London, PC
17        59 Maiden Lane, 6th Floor
          New York, NY  10038
18        (212)566-7500

19        ROGER DENTON, ESQUIRE
          Schlicter, Bogard & Denton
20        100 South 4th Street, Suite 1200
          St. Louis, MO  63102
21        (314)621-6115

22        Counsel for the Plaintiff

23

24

25
```

```
 2   APPEARANCES CONT'D:

 3        BRIAN L. STEKLOFF, ESQUIRE
          Wilkinson Walsh & Eskovitz
 4        2001 M Street, NW, 10th Floor
          Washington, DC  20036
 5        (202)847-4030

 6        TAREK ISMAIL, ESQUIRE
          Goldman Ismail Tomaselli Brennan & Baum, LLP
 7        564 West Randolph Street, Suite 400
          Chicago, Illinois  60661
 8        (312)681-6000

 9        CHANDA A. MILLER, ESQUIRE
          Drinker Biddle Reath
10        One Logan Square
          18th and Cherry Streets
11        Philadelphia, PA  19103

12        SHEILA S. BOSTON, ESQUIRE
          Arnold & Porter Kaye Scholer
13        250 West 55th Street
          New York, New York  10019
14
          Counsel for the Defendant
15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      CROSS - KESSLER
 2   works.
 3        Q.   Same on Tuesday?
 4        A.   Every day that I'm working on this, yes,
 5   sir.
 6        Q.   How many hours did you spend working on
 7   this on Tuesday?
 8        A.   Oh, I probably -- I don't know.  I spent a
 9   considerable amount Tuesday reading a lot of stuff.
10   I don't know exactly.  I have to go back and look.
11   But I spent a considerable amount of time.
12        Q.   Can you give the jury an estimate, 10
13   hours, 12 hours?
14        A.   Maybe something like that.
15        Q.   Would you say the same about Monday?
16        A.   I'd have to go back and look.  Yes, I take
17   this very seriously, and I was focusing on reviewing
18   a lot of documents.  So I put that time in, yes.
19        Q.   Same yesterday; right?
20        A.   Oh, yeah, I took this very seriously.
21        Q.   If we include today, we'll see, hopefully
22   we can finish today and we don't have to bring you
23   back tomorrow, but can we say you're going to make
24   about $40,000 this week having been in Philadelphia
25   to work on this case?
```

SHANNAN GAGLIARDI, RDR, CRR, (215)683-8014

```
                         CROSS - KESSLER
 1
 2      A.   You do the math exactly correct, I mean,
 3 yes.
 4      Q.   Now, we heard that you have been involved
 5 on both the plaintiff side and the defense side.
 6           That's what you testified to on direct;
 7 correct?
 8      A.   I have been primarily on the plaintiff side
 9 I think I testified to, but some on the defense side.
10      Q.   I went and counted up.  You've been
11 involved in 28 different litigations.
12           Does that sound right?
13      A.   I don't want to -- I'll take your word for
14 it, Counselor.
15      Q.   I identified four in which you've been on
16 the defense side.
17           Does that sound right?
18      A.   That sounds probably the right proportion.
19 Again, I'll take your word for it.  I've never
20 counted it up, but that's probably the right ratio is
21 my guess.
22      Q.   So one of those was between two different
23 pharmaceutical companies.  So you were on the defense
24 side, but it was against a pharmaceutical company;
25 right?
```

SHANNAN GAGLIARDI, RDR, CRR, (215)683-8014

1                         CROSS - KESSLER

2     A.   I think it was a dispute with two
3 pharmaceutical companies, yes.
4     Q.   One was between a pharmaceutical company
5 and an insurance company, and you were on the
6 insurance side; right?
7     A.   That's exactly what I -- that's correct.
8     Q.   Another was a med-mal-type issue, is that
9 right, where you were on the defense?
10     A.   Yes, I think that was exactly, I believe,
11 involved certain pharmaceutical companies, and I was
12 for the pharmaceutical company, yes.
13     Q.   And then the fourth was for a coffee
14 company, and there were allegations there should be
15 cancer warnings on coffee cups; right?
16     A.   For the major coffee roasters like
17 Starbucks, for that industry.
18     Q.   Those are the four where you've been on
19 this side of the defense; correct?
20     A.   Those are the ones that come to mind. I
21 don't know if there was another insurance company or
22 not. I have to take a look.
23     Q.   So that leaves 24 litigations where you've
24 been an expert; right?
25     A.   Yes, by your math, yes. I'm not disputing

```
 1                    CROSS - KESSLER
 2   any of your -- you counted it.  I appreciate it.
 3        Q.   In all 24 of those cases you have been on
 4   the side of the plaintiff; right?
 5        A.   Yes.
 6        Q.   And in all of those cases that involve the
 7   pharmaceutical company, you have testified against
 8   the pharmaceutical company; correct?
 9        A.   If the pharmaceutical company for those --
10   again, we have to go through it, but, yes, on the
11   plaintiffs, against the defendant, yes.
12        Q.   That's almost all of the 24?
13        A.   If the numbers are exactly what you said,
14   four out of 28, I certainly agree with that.  That's
15   just the way it works.
16        Q.   In any of those cases where a label was at
17   issue, you have testified on behalf of the plaintiffs
18   that the label was inadequate; correct?
19        A.   You know, I've actually gone back and
20   looked.  And sometimes I've been asked a question
21   whether the label was adequate, and I've actually
22   testified, I believe, you have to look at the exact
23   testimony, it's adequate.
24             Most of the time, you're right, in a
25   failure-to-warn case, if I'm testifying and I get to
```

```
                                  CROSS - KESSLER
 1
 2    that stage, you are right, the label would be
 3    inadequate.
 4          Q.    Over 20 times -- in over 20 litigations
 5    against pharmaceutical companies, you have
 6    consistently been on the side of plaintiffs and have
 7    said that the labels at issue are inadequate; right?
 8          A.    Be careful.  I don't think -- a number of
 9    those cases are antitrust cases.
10          Q.    My question is, the ones that involve a
11    label, out of those 24 against pharmaceutical
12    companies, every single time the label is at issue
13    and you have testified, you have said the label is
14    inadequate; right?
15          A.    In some of those cases where the label
16    comes up, I've testified that it's adequate.  I'd
17    have to go back and read the transcript, but
18    generally your point I'm not disputing.  But I just
19    want to get it exactly right, Counselor.
20          Q.    Now, today it's true that you're involved
21    in 10 to 15 cases, having nothing to do with Xarelto,
22    around the country where you are testifying against
23    pharmaceutical companies on behalf of plaintiffs'
24    attorneys?
25          A.    I'm not sure where you get that number of
```

SHANNAN GAGLIARDI, RDR, CRR, (215)683-8014

```
                        CROSS - KESSLER
 1
 2   10 to 15 where I'm actively involved.
 3         Q.   Well, let's show you where I got it from.
 4         A.   Sure, that I'm actively involved today.
 5         Q.   I'm going to show you a transcript from a
 6   different litigation dated March 12, 2018, so a month
 7   ago.
 8         A.   Okay.
 9         Q.   So here you were asked a month ago:  How
10   many other product liability cases, not other cases,
11   how many other products or how many other products
12   are you currently acting as an expert witness for the
13   plaintiff?
14              You said:  I have no idea.  I'd have to
15   think that through and look at a list.
16              Ten, fifteen?
17              No.  I think that's the case.  Again, I
18   don't know sitting here what's accurate, what's not
19   accurate.
20              Right?
21         A.   I take it that's the transcript, but I
22   don't think I'm agreeing there that it's ten to
23   fifteen.  I certainly don't have a number of ten to
24   fifteen in my head that I'm actively involved in.  I
25   think I answered that no.
```

CERTIFICATE

I, Shannan Gagliardi, Registered Diplomate Reporter in and for the Commonwealth of Pennsylvania, do hereby certify that the foregoing is a true and accurate transcript of the notes of testimony of said witness who was first duly sworn on the date and place hereinbefore set forth.

I further certify that I am neither attorney nor counsel for, nor related to or employed by any of the parties to the action in which this trial was taken, and further, that I am not a relative or employee of any attorney or counsel employed in this action, nor am I financially interested in this case.


SHANNAN GAGLIARDI
Registered Diplomate Reporter
Certified Realtime Reporter