# Exhibit F



Susan M. Sharko
973-549-7350 Direct
973-360-9831 Fax
Susan.Sharko@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

Andrew B. Joseph
Partner responsible for
Florham Park Office

*Established* 1849

April 12, 2019

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Hon. Joel A. Pisano (Ret.)
Walsh Pizzi O'Reilly Falanga
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ  07102

Re:   In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation, MDL No. 2738

Dear Judge Pisano:

I am writing to follow up on an outstanding issue related to the production of laboratory notebooks from plaintiffs' expert Dr. Ghassan M. Saed. As Your Honor will recall, on December 27, 2018, Your Honor ordered the PSC to produce Dr. Saed's laboratory notebooks prior to his deposition. In response, the PSC produced a 97-page PDF to defendants. This production was revealed to be incomplete at Dr. Saed's first deposition on January 23, 2019, when Dr. Saed showed up with two physical lab books that were much longer than the materials that had been provided to defense counsel. These lab books were marked as Exhibits 2 and 3 at Dr. Saed's deposition, but were not left with the court reporter.

Prior to Dr. Saed's second deposition on February 14, 2019, the PSC produced two additional PDFs – one comprising pages from another portion of the lab notebook from which the original 97-page PDF had been produced, and the other comprising a small subset of the pages of the second lab notebook. Dr. Saed again brought his physical lab notebooks to the second deposition, but again did not leave them for duplication. It was agreed between the parties that the court reporter could make copies of the lab books in order to create a record of exhibits 2 and 3 to the depositions.

After receiving copies of the deposition exhibits from the court reporter, however, defendants learned that the exhibits only contained the same subset of pages that had been previously produced by plaintiffs' counsel that were copied from Dr. Saed's notebook – and not the complete contents of the notebooks, despite the fact that they had been marked as exhibits at the deposition. Defendants followed up with the court reporter to inquire as to why the full notebooks were not copied and learned that Dr. Saed

DrinkerBiddle&Reath
LLP

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Hon. Joel A. Pisano (Ret.)
April 12, 2019
Page 2

showed up to a copy center per the parties' agreement but refused to let the court reporter copy the notebooks front to back.

Defendants attempted to resolve this issue by reaching out to plaintiffs on March 15, 2019. Plaintiffs responded, "Dr. Saed has been very willing to have all pages of both lab notebooks, front and back pages, copied as they have been previously been scanned and produced in full." Defendants followed up on this statement to clarify that we wanted the entire notebooks, which had never been produced, that is – we want the entire notebooks which were marked as deposition exhibits. We received no response, followed up again on April 7, 2019 and still have received no response.

Defendants respectfully request that Your Honor order plaintiffs to turn over Dr. Saed's full laboratory notebooks to the court reporter immediately so that the complete notebooks can be copied cover to cover and produced.

Thank you for your consideration of this matter.

Respectfully,

*s/Susan M. Sharko*

Susan M. Sharko

cc:  Hon. Freda L. Wolfson, U.S.D.J. (via Electronic Mail)
     Hon. Lois H. Goodman, U.S.M.J. (via Electronic Mail)
     Michelle Parfitt, Esq. (via Electronic Mail)
     Leigh O'Dell, Esq. (via Electronic Mail)
     Christopher Placitella, Esq. (via Electronic Mail)
     Mark Silver, Esq. (via Electronic Mail)
     Thomas Locke, Esq. (via Electronic Mail)