# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **Civil Action No. 3:16-md-2738-FLW-LHG** <br><br> **MDL No. 2738** |
| *THIS DOCUMENT RELATES TO ALL CASES* | |

## THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO HOLD IN ABEYANCE THE BRIEFING RELATED TO DEFENDANT PCPC'S MOTION FOR SUMMARY JUDGMENT

The Plaintiffs' Steering Committee ("PSC") respectfully requests that the Court hold in abeyance the briefing related to Defendant Personal Care Products Council's ("PCPC") Motion for Summary Judgment pending completion of *Daubert* proceedings. The PSC has corresponded with counsel for PCPC and has been advised that counsel for PCPC does not agree to hold the briefing in abeyance. In support of the motion, the PSC states as follows:

1. On August 6, 2018, this Court entered Case Management Order No. 12 ("CMO No. 12") wherein the Court Ordered a schedule for *Daubert* proceedings. (Dkt. No. 6966). CMO No. 12 was subsequently amended and the dates for filing

*Daubert* motions, oppositions, and any replies were amended to May 7, 2019, May 29, 2019, and June 12, 2019, respectively.  Further, at the April 29, 2019 Case Management Conference, the Court set aside July 22 through July 31, 2019 for *Daubert* hearings.

2.     On May 6, 2019, the day before *Daubert* motions were due, Defendant PCPC filed a Motion for Summary Judgment (Dkt. No. 9713), arguing that it should be dismissed from all cases pending in this MDL litigation based upon, among other things, the Noerr-Pennington doctrine and Anti-SLAPP regulations.  The motion is set for June 3, 2019 before this Court and the PSC's opposition to Defendant's motion is due May 20, 2019, a date that obviously falls in the middle of the briefing schedule for the *Daubert* proceedings.

3.     Moreover, on May 7, 2019, the due date for the filing of the *Daubert* motions, even before the Johnson & Johnson Defendants filed their motions, Defendant PCPC filed a joinder to whatever *Daubert* motions the Johnson & Johnson Defendants filed.

4.     It is far from coincidence that although PCPC could have filed its Motion for Summary Judgment at any time prior to May 6, 2019, it waited until the day before the filing of Defendants' 593 pages of *Daubert* briefing, the opposition to which is due on May 29, 2019.

5.      As outlined above, the Court has entered a Case Management Order and set aside significant time in July to address the extensive *Daubert* briefing that has been the focus of this litigation since its inception in 2016.  The focus of the parties and the Court has been and will continue to be *Daubert* proceedings related to general causation expert witnesses for the next several months.

6.      The PSC conducted a meet-and-confer teleconference  with counsel for PCPC wherein it was requested that the parties stipulate to the adjournment of the return date for the Motion for Summary Judgment for 90 to 120 days – a point in time after the Court has addressed the *Daubert* motions – so that the Court did not have to simultaneously review and consider multiple motions.  Counsel for PCPC would not agree to the proposal as set forth by the PSC and agreed to 30 days.

7.      Under these circumstances, this Court should hold the briefing for PCPC's Motion for Summary Judgment in abeyance until final resolution of the *Daubert* motions.  This Court "has inherent power to manage its docket."  *See Garrett v. United States*, 18-cv-14515 (JBS-JS), 2019 U.S. Dist. LEXIS 10688, at *3 (D.N.J. Jan. 23, 2019).  *See also Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket… provides authority to fashion tools that aid the court in getting on with the business of deciding cases.").  PCPC's current motion inhibits the ability of the Court and the parties to focus on *Daubert*, the issue that has been the focus of the

Court and the parties for the past several years, and there is no inherent urgency for the briefing of PCPC's motion to occur at this time.

## CONCLUSION

For the foregoing reasons, the PSC respectfully requests that this Court hold the briefing schedule related to PCPC's Motion for Summary Judgment in abeyance until the completion of *Daubert* proceedings.

This the 17th day of May, 2019.

Respectfully submitted,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-783-6400
Fax: 202-416-6392
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: 334-269-2343
Fax: 334-954-7555
Leigh.odell@beasleyallen.com

***Plaintiffs' Co-Lead Counsel***

**CERTIFICATION OF SERVICE**

I hereby certify that on May 17, 2019, I filed the foregoing motion with the Clerk of the Court of the United States District Court for the District of New Jersey by using the Court's CM/ECF system.  All participants in the case have been served via the CM/ECF system.

*s/ P. Leigh O'Dell*
P. Leigh O'Dell