# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Applies to All Actions Filed Against Defendant Personal Care Products Council | MDL No. 16-2738 (FLW) (LHG) |

### DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S OPPOSITION TO PLAINTIFFS' MOTION TO HOLD IN ABEYANCE BRIEFING RELATED TO PCPC'S MOTION FOR SUMMARY JUDGMENT

Defendant Personal Care Products Council ("PCPC") files this Opposition to the Plaintiffs' Steering Committee's Motion to Hold in Abeyance Briefing Related to PCPC's Motion for Summary Judgment (Dkt. No. 9808). Plaintiffs' motion should be denied because: (1) PCPC's motion for summary judgment is authorized by Rule 56 of the Federal Rules of Civil Procedure; (2) Plaintiffs' counsel are not prejudiced by briefing many of the same issues that they have briefed in other cases; (3) Plaintiffs have scores of attorneys who can respond to PCPC's motion; (4) PCPC offered an extension that would have allowed Plaintiffs to file first their oppositions to Defendants' *Daubert* motions but Plaintiffs never responded and now seek an indefinite stay; and (5) PCPC—which neither manufactures nor sells any products—will be prejudiced by remaining indefinitely in this costly products liability litigation.

First, neither the Federal Rules, nor this Court's rules, nor Court order preclude PCPC from seeking summary judgment at this time. Indeed, Fed. R. of Civ. P. 56(b) provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all

discovery" unless a different time is set by local rule or the court orders otherwise. PCPC has timely filed its motion in accordance with the rules.

Second, Plaintiffs' counsel are not prejudiced by the timing of PCPC's Motion. There is no surprise to PCPC's motion. PCPC raised several of the same issues in its motion to dismiss the original Master MDL Complaint (Dkt. No. 100). Moreover, Plaintiffs' counsel have briefed many of the same issues in other talc litigation. For example, PCPC's motion raises the same Anti-SLAPP issue as Plaintiffs' Lead Counsel Ms. Parfitt and her firm briefed in 2016 in the District of Columbia Superior Court. *See Denise Cecelia Simpson v. Johnson & Johnson, et al.*, Case No. 2016 Ca 001931 B (D.C. Super. Ct.). Likewise, in summer 2016, both Co-Lead Counsel, their firms and many of their Steering Committee colleagues fully briefed the First Amendment, *Noerr-Pennington* doctrine and lack of a genuine dispute regarding material facts issues in response to PCPC's motion for summary judgment in the Atlantic County talc litigation. *See In re: Talc-Based Powder Products*, Case No. 300/Docket No.: ATL-L-2648-15 (N.J. Super. Ct.). And, last year, another Steering Committee law firm repeatedly briefed several of the same issues. *See, e.g.*, *Eller v. Brenntag Specialities, Inc., et al.*, No. MID-L-0325118 (N.J. Super. Ct.) (briefing on PCPC's motion to dismiss). Accordingly, Plaintiffs' counsel is well-equipped to respond to PCPC's motion.

Third, there are scores of Plaintiffs' attorneys, any one of whom are able to respond to PCPC's motion. Plaintiffs' contention that responding affects their "focus" on the *Daubert* motions is belied by the scores of Plaintiffs' attorneys who have been actively involved in this litigation. Plaintiffs' lackluster plea does not amount to hardship or inequity to justify delaying briefing and further adjudicating PCPC's pending Motion. *See generally Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (discussing Supreme Court precedent that a movant must

"make out a clear case of hardship or inequity in being required to go forward" to warrant a court staying proceedings) (citations omitted).

Fourth, to the extent that the briefing on the *Daubert* motions was an issue, PCPC offered Plaintiffs 30 days to respond to its motion. This would have permitted Plaintiffs to file first their oppositions to Defendants' *Daubert* motions. Plaintiffs did not respond to PCPC's offer or further communicate with PCPC on the issue. Instead, they filed their motion to delay indefinitely briefing on PCPC's motion for summary judgment.

Fifth, PCPC would be prejudiced if its motion were held in abeyance. PCPC does not manufacture or sell cosmetics. Yet, PCPC remains in this costly products liability litigation. PCPC continues to incur substantial sums to defend itself. PCPC should not be subjected to Plaintiffs' indefinite delay.

PCPC's motion for summary judgment is not a ploy. Rather, PCPC's motion is based on well-established law. The motion was filed as soon as possible once general causation discovery was completed. In the context of a stay pending resolution of a dispositive motion, courts may "consider whether the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law[.]" *Actelion Pharm. Ltd. v. Apotex Inc.*, No. CIV. 12-5743 NLH/AMD, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (citation omitted). PCPC's Motion should be afforded the attention and urgency it warrants.

Therefore, PCPC respectfully request that the Court deny Plaintiffs' Motion.

Dated: May 20, 2019               Respectfully submitted,

                                  PERSONAL CARE PRODUCTS COUNCIL

                                  By:  */s/ Thomas T. Locke*
                                       Thomas T. Locke, Esq.
                                       Rebecca Woods, Esq.
                                       Renee Appel, Esq.

3

57011066v.2

SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
tlocke@seyfarth.com
rwoods@seyfarth.com
rappel@seyfarth.com

*Attorneys for Defendant Personal Care Products Council*

4

57011066v.2

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document and supporting materials were filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system. The forgoing documents were also served upon all counsel of record via the CM/ECF system on this 20th day of May, 2019.

                                SEYFARTH SHAW LLP
*Attorneys for Personal Care Products Council*

*/s/ Thomas T. Locke*

Thomas T. Locke, Esq.