# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To All Cases | ) ) ) ) MDL Docket No. 2738 ) ) ) ) ) |

**DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S STATEMENT THAT NO REPLY BRIEF IS NECESSARY IN SUPPORT OF CONDITIONAL MOTION TO EXCLUDE CERTAIN PLAINTIFFS' EXPERTS' OPINIONS FOR LACK OF QUALIFICATIONS**

DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

At the April 29, 2019 case management conference, the Court addressed expert qualifications as follows:

> I don't need chapter and verse on it. You preserved your right. That's true on both sides. Just as you've just done. You said you've got someone that's a gynecologist but now they are talking about other things. Highlight it for me. I don't want extensive briefing on it. I don't need to know the law on qualifications. I know the law on qualifications. If you want to tell me as to a particular expert that issue, let me know about it. You can put it in your briefing.[1]

Plaintiffs have nonetheless submitted a 69-page opposition brief that contains extensive discussions of the relevant caselaw and their experts' resumes (and in which they ironically chastise defendants for the length of defendants' 36-page opening brief).[2]

Defendants believe that the parties have already written far more on this issue than the Court cared to hear. Moreover, at the end of the day, and as further set forth in defendants' oppositions to plaintiffs' various *Daubert* motions, any qualifications arguments are self-defeating for plaintiffs, because their experts are far less credentialed than defendants'.[3]

---

[1]   (Tr. of Status Conference 28:14-23, Apr. 29, 2019 (attached as Ex. I5 to 2d Suppl. Certification of Julie L. Tersigni).)

[2]   (Pls.' Steering Committee's Mem. of Law in Resp. & Opp'n to Defs.' Conditional Mot. to Exclude Certain Pls.' Experts Ops. for Lack of Qualifications at 5, May 29, 2019 (ECF No. 9886) (criticizing defendants' "almost forty pages of argument to exclude the opinions of the PSC's experts").)

[3]   (*See, e.g.*, Defs.' Mem. of Law in Opp'n to Pls.' Steering Committee's Mot. to Exclude the Geology Ops. of Drs. Mary Poulton & Laura Webb at 1-2, May 29, 2019 (ECF No. 9876) (noting that plaintiffs' qualifications arguments would apply

Under the circumstances, and especially in light of the Court's admonition about the scope of expected briefing on this issue, no reply brief is necessary or warranted under Local Rule 7.1(d)(4). Accordingly, defendants rest on the arguments set forth in their opening brief.

## CONCLUSION

For the foregoing reasons, and those set forth in defendants' opening brief, while defendants do not believe that challenges to expert qualifications are a good use of the Court's or parties' resources, defendants conditionally request that the Court exclude the opinions offered by plaintiffs' experts referenced in the opening brief on qualifications grounds to the extent it entertains plaintiffs' arguments with respect to the qualifications of defendants' experts.

---

*(cont'd from previous page)*

equally to their experts, Drs. Cook and Krekeler, and all the more so in light of Drs. Poulton and Webb's more impressive credentials); Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Exclude the Ops. of Defs.' Molecular Biologists Drs. Neel, Shih, Boyd & Birrer at 18-19, May 29, 2019 (ECF No. 9873) (noting that plaintiffs' qualifications arguments regarding Drs. Neel and Shih's epidemiology opinions lacks merit and would in any event apply with greater force to plaintiffs' pathology expert, Dr. Kane); *see also, e.g.*, Defs.' Mem. in Opp'n to Pls.' Mot. to Exclude the Geological Testing Ops. of Drs. Ann G. Wylie & Melinda Darby Dyar at 14-23, May 29, 2019 (ECF No. 9879) (explaining how plaintiffs' attacks on the credentials of Drs. Wylie and Dyar would more strongly apply against their own experts, Drs. Longo and Rigler).)

Dated: June 17, 2019                          Respectfully submitted,

*/s/ Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:   973-360-9831
E-mail: susan.sharko@dbr.com

John H. Beisner
Jessica D. Miller
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
202-371-7000

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*