UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (FLW) (LHG)<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S
LIMITED REPLY REGARDING PLAINTIFFS' OMNIBUS
OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS'
GENERAL CAUSATION OPINIONS [ECF DOC. 9888 AND 9914]**

DATED: June 17, 2019

Respectfully submitted,

PERSONAL CARE PRODUCTS COUNCIL

By: */s/ Thomas T. Locke*
    Thomas T. Locke
    Rebecca Woods
    Renee Appel
    SEYFARTH SHAW LLP
    975 F Street, N.W.
    Washington, DC  20004
    Telephone:  (202) 463-2400
    Facsimile:  (202) 828-5393
    tlocke@seyfarth.com
    rwoods@seyfarth.com

Richard W. Wedinger
Jennifer Cheong
BARRY, McTIERNAN & WEDINGER P.C.
10 Franklin Avenue
Edison, NJ 08837
Telephone: (732) 738-5600
Facsimile: (732) 738-7518
ataylor@bmctwlaw.com
jcheong@bmctwlaw.com

*Attorneys for Defendant Personal Care Products Council*

# **TABLE OF CONTENTS**

                                                                        **Page**

ARGUMENT ............................................................................................................. 1

CONCLUSION ........................................................................................................ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gruber v. Xactis Corp.*,
  No. A-3800-10T1, 2013 WL 4746529 (N.J. Super. Ct. App. Div.
  Sept. 5, 2013) ................................................................................................... 2

*Lithuanian Commerce Corp. v. Sara Lee Hosiery*,
  214 F. Supp. 2d 453 (D.N.J. 2002) .................................................................... 2

*Read v. Profeta*,
  No. CV 15-02637, 2019 WL 2307285 (D.N.J. May 29, 2019) ........................... 2

*Weber v. Don Longo, Inc.*,
  No. CV 15-2406, 2018 WL 1135333 (D.N.J. Mar. 2, 2018),
  *reconsideration denied*, No. CV 15-2406, 2018 WL 2296705
  (D.N.J. May 18, 2018), *appeal dismissed*, No. 18-1578, 2018 WL
  4489088 (3d Cir. Aug. 15, 2018) ........................................................................ 2

Defendant Personal Care Products Council ("PCPC") files this Limited Reply regarding Plaintiffs' Omnibus Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Opinions [ECF Doc. 9888 and 9914] to address Plaintiffs' overly broad argument regarding the evidence that they must produce to establish general causation. Plaintiffs argue that, as to general causation, they are "not required to present evidence that is conclusive or unequivocal."[1] With respect to their fraud, fraudulent concealment and conspiracy causes of action, that argument is erroneous. **Plaintiffs must prove each element of those claims—including causation—with clear and convincing evidence.** Contrary to their argument, the law requires that Plaintiffs establish with scientific certainty that any alleged misrepresentation is unequivocally false and not subject to disagreement or debate.

## ARGUMENT

Plaintiffs assert fraud, fraudulent concealment and conspiracy causes of action.[2] The essence of those claims is that defendants misrepresented the science regarding the alleged link between talc and ovarian cancer.[3] Specifically, Plaintiffs allege that PCPC "fraudulently misrepresented" "material facts," released

---

[1] Plaintiffs' Omnibus Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Opinions [ECF Doc. 9888 and 9914] ("Omnibus Opp.") at 73.

[2] *E.g.*, First Amended Master Complaint ¶¶ 151-170; 197-216.

[3] *E.g.*, *id.* ¶¶ 34-36.

1

"intentionally misleading data" to regulators "with the intent that the intentionally misleading data would influence material facts that were or could be disclosed to consumers of talc" and "knowingly released false information about the safety of talc" which caused Plaintiffs to suffer injuries.[4]

Such claims must be proven by "clear and convincing" evidence.[5]  "Clear and convincing evidence" is "evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence."[6] Plaintiffs cannot rely on equivocal statements regarding science.[7]

Yet, in their Omnibus Opposition, that is precisely what Plaintiffs argue. Plaintiffs contend that they are not required to "present evidence that is conclusive or unequivocal" regarding science.[8]  Plaintiffs state that scientists legitimately may

---

[4] *Id.* ¶¶ 162-170.

[5] *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 214 F. Supp. 2d 453, 457 (D.N.J. 2002).  *Accord Weber v. Don Longo, Inc.*, No. CV 15-2406, 2018 WL 1135333, at *16 n.25 (D.N.J. Mar. 2, 2018), *reconsideration denied*, No. CV 15-2406, 2018 WL 2296705 (D.N.J. May 18, 2018), *appeal dismissed*, No. 18-1578, 2018 WL 4489088 (3d Cir. Aug. 15, 2018) ("The standard of proof which governs an action for legal fraud in New Jersey is clear and convincing evidence. . . ."); *Read v. Profeta*, No. CV 15-02637, 2019 WL 2307285, at *25 (D.N.J. May 29, 2019) (same).

[6] *Weber*, 2018 WL 1135333, at *16 n.25.

[7] *See, e.g., Gruber v. Xactis Corp.*, No. A-3800-10T1, 2013 WL 4746529, at *6 (N.J. Super. Ct. App. Div. Sept. 5, 2013) (affirming requirement that, to prove civil conspiracy claim, plaintiff must provide clear and convincing evidence).

[8] Omnibus Opp. at 73.

be in "disagreement" regarding causation, and "[e]qually competent scientists, examining the same information, can arrive at different [causal] conclusions."[9] Plaintiffs further contend that, on epidemiologic issues, "[r]easoned judgment and difference of opinion are part of the process."[10] As to their fraud, fraudulent concealment and conspiracy causes of action, Plaintiffs' proposed equivocal and inconclusive causation standard is erroneous.

A disagreement between scientists regarding whether talc causes ovarian cancer is not "clear and convincing evidence" of fraud-based claims. The falsity of an alleged misrepresentation cannot be based on a "difference of opinion." A misrepresentation must be unequivocally false.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs are required to establish with clear and convincing evidence and scientific certainty their fraud, fraudulent concealment and conspiracy causes of action.[11]

---

[9] *Id*. at 83.

[10] *Id*.

[11] This limited reply does not waive any of PCPC's rights with respect to issues raised by co-Defendants in their reply briefs.

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document and supporting materials were filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system. The forgoing documents were also served upon all counsel of record via the CM/ECF system on this 17th day of June, 2019.

SEYFARTH SHAW LLP
*Attorneys for Personal Care Products Council*

*/s/ Thomas T. Locke*

Thomas T. Locke, Esq.