# EXHIBIT E35

## Page 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

JOANNE ANDERSON and
GARY ANDERSON,

    Plaintiffs,

    vs.      Case No.
        JCCP 5674/BC666513
BORG-WARNER CORPORATION by
its successor-in-interest
BORG-WARNER MORSE TEC,
INC., et al.,

    Defendants.
_____

CAROLYN WEIRICK and ELVIRA
GRACIELA ESCUDERO LORA,

    Plaintiffs,

    vs.      Case No.
        JCCP 4674/BC656425
BRENNTAG NORTH AMERICA,
INC., etc., et al.,

    Defendants.
_____

DEPOSITION OF

WILLIAM E. LONGO, PhD

March 29, 2018
10:00 a.m.

11340 Lakefield Drive
Suite 200
Johns Creek, Georgia

Debra R. Luther, RMR, CRR, CCR-B-881
Atlanta Reporters, Inc.
Georgia Certified Court Reporters
(866) 344-0459
www.atlanta-reporters.com

Atlanta Reporters, Inc.   866-344-0459   www.atlanta-reporters.com

## Page 2

APPEARANCES OF COUNSEL

On behalf of the Plaintiffs:

    CHRIS J. PANATIER, Esq.
    Simon Greenstone Panatier Bartlett, PC
    3232 McKinney Avenue
    Suite 610
    Dallas, Texas 75204
    cpanatier@sgpblaw.com

    STUART J. PURDY, Esq.
    Simon Greenstone Panatier Bartlett, PC
    3780 Kilroy Airport Way
    Suite 540
    Long Beach, California 90806
    spurdy@sgpblaw.com

On behalf of the Defendant
  Johnson & Johnson:

    MEL D. BAILEY, Esq.
    Bailey, Crowe & Kugler, LLP
    6550 Bank of America Plaza
    901 Main Street
    Dallas, Texas 75202-5605
    mbailey@bcklaw.com

On behalf of the Defendants
  Imerys Talc America, Inc., and
  Cyprus Amax Minerals Company:

    BRENDAN G. KRASINSKI, Esq.
    Alston & Bird, LLP
    4200 One Atlantic Center
    1201 West Peachtree Street, NW
    Atlanta, Georgia 30309
    brendan.krasinski@alston.com

    DENISSE LOPEZ CAMPA, Esq.
    Dentons US, LLP
    601 South Figueroa Street
    Suite 2500
    Los Angeles, California 90017-5704
    denisse.lopezc@dentons.com
    (Appearance by telephone)

Atlanta Reporters, Inc.   www.atlanta-reporters.com

## Page 3

APPEARANCES OF COUNSEL (Continued)

On behalf of the Defendant
  Chanel, Inc. (Weirick only):

    CHRISTOPHER O. MASSENBURG, Esq.
    Manion, Gaynor & Manning
    One Canal Place, Suite 3000
    365 Canal Street
    New Orleans, Louisiana 70130
    cmassenburg@mgmlaw.com

On behalf of the Defendant
  Honeywell International Inc., f/k/a AlliedSignal
  Inc., Successor-in-Interest to
  The Bendix Corporation (Anderson only):

    JESSICA J. THOMAS, Esq.
    McDermott, Will & Emery, LLP
    2049 Century Park East
    Suite 3800
    Los Angeles, California 90067-3218
    jthomas@mwe.com
    (Appearance by telephone)

    VANDAD KHOSRAVIRAD, Esq.
    McDermott, Will & Emery, LLP
    2049 Century Park East
    Suite 3800
    Los Angeles, California 90067-3218
    vkhosravirad@mwe.com
    (Appearance by telephone)

On behalf of the Defendant
  Borg Warner Morse TEC LLC (Anderson only):

    KELVIN T. WYLES, Esq.
    Dentons US, LLP
    601 South Figueroa Street
    Suite 2500
    Los Angeles, California 90017-5704
    kelvin.wyles@dentons.com
    (Appearance by telephone)

Atlanta Reporters, Inc.   www.atlanta-reporters.com

## Page 4

APPEARANCES OF COUNSEL (Continued)

On behalf of the Defendant
  Federal-Mogul Asbestos Personal Injury Trust as
  Successor to Felt Products Manufacturing Company
  (Anderson only):

    HOLLY CHANG BEAL, Esq.
    Selman Breitman, LLP
    6 Hutton Centre Drive
    Suite 110
    Santa Ana, California 92707
    hbeal@selmanlaw.com
    (Appearance by telephone)

- - -

Atlanta Reporters, Inc.   www.atlanta-reporters.com

## Page 5

INDEX TO EXAMINATIONS

| Examination | Page |
|---|---|
| Examination by Mr. Bailey | 7 |
| Examination by Mr. Krasinski | 93 |
| Examination by Mr. Massenburg | 154 |

- - -

## Page 6

INDEX TO EXHIBITS

| Defendant's Exhibit | Description | Page |
|---|---|---|
| 1 | Anderson deposition and trial testimony | 61 |
| 2 | Cover letter of 3/14/2018 and subpoenas | 61 |
| 3 | Handwritten notes by Longo for Anderson | 63 |
| 4 | Handwritten notes by Longo for Weirick | 63 |
| 5 | Cover letter of 3/21/2018 from SGPB to Longo | 63 |
| 6 | Report of 2/8/2018 by Lee Poye of J3 Resources | 66 |
| 7 | PowerPoint: Adding TEM to the Global Talc Specification (McCarthy) | 69 |
| 8 | J&J memo of 8/9/1973 re: FDA phone call | 72 |
| 9 | Longo file in Weirick case | 86 |
| 10 | MAS Analyses on talc in Anderson case | 87 |
| 11 | ASTM D5755, Standard Test Method for Microvacuum Sampling and Indirect Analysis of Dust by Transmission Electron Microscopy for Asbestos Structure Number Surface Loading | 121 |

(A disk(s) containing scanned copies of Exhibits 1 through 11 have been attached to the original transcript, the originals having been retained by Dr. Longo.)

## Page 7

(Reporter disclosure made pursuant to Article 10.B. of the Rules and Regulations of the Board of Court Reporting of the Judicial Council of Georgia.)

WILLIAM E. LONGO, PhD, having been first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. BAILEY:

Q. Good morning, Dr. Longo.

A. Good morning, Mr. Bailey. How are you?

Q. I'm great. Thank you. I'm here for Johnson & Johnson Consumer Products. I mentioned that to you earlier; correct?

A. Yes, sir.

Q. I'm here to take your deposition in Joanne Anderson and Carolyn Weirick. Do you understand that?

A. I do.

Q. Can you give me a little bit of information about what preparation work you did, let's take the Anderson case specifically, to prepare for your deposition today?

A. I read her three volumes of testimony -- is it three? I think it was three, either two or

## Page 8

three -- I have them -- and I read her husband's testimony.

Q. About how much time do you think you have in preparing for that part of this deposition?

A. It was around 500, 600 pages. Somewhere around seven to eight hours plus some brief calculations on potential amount of bottles she may have encountered during her -- children during diapering and her bowling, maybe ten hours, eight to ten, somewhere around there.

Q. We'll set aside the fact that you have examined two of the bottles that she provided to her attorneys; correct?

A. Correct.

Q. Okay. So setting that time aside, have you done anything else to prepare for this part of the deposition?

A. I mean, I went through a list of files or studies and files and materials that I would be relying on, just general overview, you know, another few hours.

Q. Have you done any or made any attempt to calculate any exposure levels that Ms. Anderson may have had as a result to any products in this case?

A. I calculated out how many potential

## Page 65

```
11:34:41  1   nothing to do with my opinions.
11:34:42  2       Q.   What are you expecting to find?  I'm just
11:34:45  3   curious why you would do it if it doesn't change your
11:34:48  4   opinion.
11:34:48  5       A.   I just want to fully characterize it
11:34:51  6   because it's not ferro-anthophyllite to the true
11:34:53  7   chemical formula of ferro-anthophyllite, so I just
11:34:56  8   want to be able to say that this is the percentage of
11:34:59  9   iron versus when we don't have any iron in it versus
11:35:03 10   ferro-anthophyllite type thing.  It's still
11:35:06 11   anthophyllite asbestos.
11:35:07 12       Q.   What test will you perform to come to that
11:35:10 13   conclusion?
11:35:10 14       A.   I may do some quantitative EDS and try to
11:35:18 15   look at some standards of high-iron anthophyllite if
11:35:21 16   I can find some.
11:35:25 17       Q.   You have no intention of going back and
11:35:28 18   performing any PLM work on any of the samples you've
11:35:34 19   done; is that true?
11:35:35 20       A.   Well, it's already been done.
11:35:37 21       Q.   Do you have any plans to perform any
11:35:42 22   additional work on any samples that you've performed
11:35:46 23   in the Johnson & Johnson products?
11:35:47 24       A.   All the Johnson & Johnson products for
11:35:50 25   where we had enough material to do both PLM and
```

## Page 66

```
11:35:53  1   XRD -- I have the report -- has already been done.
11:35:57  2            My plan would be to do all the additional
11:35:59  3   samples coming up, especially all the MDL samples, to
11:36:05  4   have a third-party lab do the PLM and XRD.
11:36:08  5       Q.   So that I don't miss something, since
11:36:16  6   August 2nd, 2017, have you done additional tests on
11:36:19  7   the samples that are reflected in that study?
11:36:23  8       A.   The answer would be yes -- and I'm just
11:36:28  9   looking for it.  Off the record.
11:38:17 10            (Discussion off the record.)
11:38:17 11            (Defendant's Exhibit 6 was marked for
11:38:17 12       identification.)
11:38:17 13       Q.   (By Mr. Bailey)  So tell me what Longo 6
11:38:21 14   is for the record.
11:38:23 15       A.   This is a report from JP -- J3, and we
11:38:29 16   sent them -- let me get the chain of custodies out.
11:38:44 17            We sent them 26 samples where we had
11:38:48 18   enough material that they needed 5 to 7 grams to do
11:38:54 19   both XRD and PLM from the original study, and the 26
11:38:59 20   samples included two spikes.  They were sent blind,
11:39:07 21   meaning I gave them new numbers, you know, so that I
11:39:13 22   didn't expect that Lee Poye would have had my report
11:39:19 23   and try to figure out what samples were what, so I
11:39:24 24   switched the samples, gave them new numbers, and he
11:39:27 25   used the R-93 PLM method as well as the EPA -- the
```

## Page 67

```
11:39:32  1   XRD method to determine if he could detect any
11:39:35  2   amphibole asbestos.
11:39:42  3       Q.   Okay.
11:39:45  4       A.   That's the cheat sheet.
11:39:47  5       Q.   All right.  I'll put it back.
11:40:02  6            And this was produced at your deposition
11:40:04  7   last week?
11:40:05  8       A.   Yes, and it was produced five days before
11:40:07  9   that, the exact same thing.
11:40:12 10       Q.   Who determined who you would send this to?
11:40:14 11       A.   I determined it.
11:40:15 12       Q.   Okay.  How did you select them?
11:40:18 13       A.   **I've known Lee for a long time.  He's a**
11:40:23 14   **good lab.**  I also understood he did some initial work
11:40:26 15   for talc companies on the defense side, to do some
11:40:31 16   analysis, and I was looking for a good third-party
11:40:34 17   lab.  And I also heard that he was involved in the
11:40:40 18   Lanzo case as a rebuttal witness, so that's how I got
11:40:43 19   his name.  But I didn't have to get it.  I've known
11:40:47 20   about Mr. Poye for a long time.
11:40:52 21       Q.   How many bottles did you have initially
11:40:55 22   when you did your test?
11:40:57 23       A.   Well, initially we had 31, which include
11:41:03 24   what I was calling at the time control off the shelf.
11:41:11 25   And then we analyzed an additional one that we didn't
```

## Page 68

```
11:41:13  1   get to, 32, so-called missing samples.  No samples
11:41:17  2   were missing.  And he needed 5 to 7 grams of
11:41:23  3   material, so we just took what we had on each of the
11:41:29  4   samples.
11:41:29  5       Q.   I didn't understand them to be missing
11:41:33  6   samples.  I thought they were samples you had but
11:41:35  7   weren't reflected on your report; is that right?
11:41:37  8       A.   Well, they were actually in the chain of
11:41:39  9   custody.  I didn't have my original report where I
11:41:43 10   could find stuff.  So nothing was missing.  It was
11:41:45 11   four empty cans and one sample we didn't get to.
11:42:07 12            MR. BAILEY:  We've been going a little
11:42:09 13       while.  Do you want to take another 5-minute
11:42:14 14       break?
11:42:15 15            THE WITNESS:  Sure.  That would be great.
11:42:16 16            (Recess from 11:42 a.m. to 11:53 a.m.)
11:53:23 17       Q.   (By Mr. Bailey)  Other than what we've
11:53:25 18   discussed in the Anderson case, review of the
11:53:30 19   depositions, the tests you've done, have you done
11:53:33 20   anything else to prepare for the deposition?
11:53:37 21       A.   I went through the calculations for the
11:53:39 22   amount of bottles.  I looked to see what type of
11:53:43 23   exposures these two plaintiffs may have had.
11:53:47 24            You know, we have a below-the-waist study
11:53:51 25   which Mrs. Weirick actually used that type of
```

## Page 189

C E R T I F I C A T E

STATE OF GEORGIA:

COUNTY OF GWINNETT:

I hereby certify that the foregoing transcript was taken down, as stated in the caption, and the questions and answers thereto were reduced to typewriting under my direction; that the foregoing pages 1 through 192 represent a true, complete, and correct transcript of the evidence given upon said hearing, and I further certify that I am not of kin or counsel to the parties in the case; am not in the regular employ of counsel for any of said parties; nor am I in anywise interested in the result of said case.

This, the 5th day of April 2018.

_____
DEBRA R. LUTHER, B-881
Georgia Certified Court Reporter

Atlanta Reporters, Inc.     866-344-0459     www.atlanta-reporters.com

## Page 190

COURT REPORTER DISCLOSURE

Pursuant to Article 10.B. of the Rules and Regulations of the Board of Court Reporting of the Judicial Council of Georgia which states: "Each court reporter shall tender a disclosure form at the time of the taking of the deposition stating the arrangements made for the reporting services of the certified court reporter, by the certified court reporter, the court reporter's employer, or the referral source for the deposition, with any party to the litigation, counsel to the parties or other entity. Such form shall be attached to the deposition transcript," I make the following disclosure:

I am a Georgia Certified Court Reporter. I am here as a representative of Atlanta Reporters, Inc. Atlanta Reporters was contacted by King & Spalding to provide court reporting services for the deposition. Atlanta Reporters will not be taking this deposition under any contract that is prohibited by OCGA 15-14-37(a) and (b).

Atlanta Reporters has no contract/agreement to provide reporting services with any party to the case, any counsel in the case, or any reporter or reporting agency from whom a referral might have been made to cover this deposition. Atlanta Reporters will charge its usual and customary rates to all parties in the case, and a financial discount will not be given to any party to this litigation.

_____
DEBRA R. LUTHER, B-881
Georgia Certified Court Reporter

Atlanta Reporters, Inc.     866-344-0459     www.atlanta-reporters.com

## Page 191

DEPOSITION OF WILLIAM E. LONGO, PhD /DRL

I do hereby certify that I have read all questions propounded to me and all answers given by me on the 29th day of March 2018, taken before Debra R. Luther, and that:

\_\_\_\_\_ 1) There are no changes noted.

\_\_\_\_\_ 2) The following changes are noted:

Pursuant to Rule 30(e) of the Federal Rules of Civil Procedure and/or the Official Code of Georgia Annotated 9-11-30(e), both of which read in part: Any changes in form or substance which you desire to make shall be entered upon the deposition...with a statement of the reasons given...for making them. Accordingly, to assist you in effecting corrections, please use the form below:

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Atlanta Reporters, Inc.     866-344-0459     www.atlanta-reporters.com

## Page 192

DEPOSITION OF WILLIAM E. LONGO, PhD /DRL

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

Page No. \_\_\_\_\_ Line No. \_\_\_\_\_ should read: _____
_____

If supplemental or additional pages are necessary, please furnish same in typewriting annexed to this deposition.

_____
WILLIAM E. LONGO, PhD

Sworn to and subscribed before me,

This, the \_\_\_\_\_ day of _____ 20\_\_\_\_.

_____
Notary Public
My commission expires: _____

Atlanta Reporters, Inc.     866-344-0459     www.atlanta-reporters.com