# EXHIBIT 2

```
 1  SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF NEW YORK - CIVIL TERM - PART 7
 2  ------------------------------------------------------X
    DONNA A. OLSON and ROBERT M. OLSON,
 3
                                 Plaintiff,
 4                                                Index No.
         -against-                                190328/2017
 5
    BRENNTAG NORTH AMERICA, INC.;
 6  BRENNTAG SPECIALTIES, INC.,
         Individually, and f/k/a Mineral Pigment
 7       Solutions, Inc., as successor-in-interest to
         Whittaker, Clark & Daniels, Inc.,
 8  CYPRUS AMAX MINERALS COMPANY,
         Individually and as successor-in-interest to
 9       American Talc Company, Metropolitan Talc
         Company, Inc., Charles Mathieu, Inc., and
10       Resource Processors, Inc.;
    IMERYS TALC AMERICA, INC.,
11  JOHNSON & JOHNSON CONSUMER, INC.;
    WHITTAKER, CLARK & DANIELS, INC.,
12       Individually and as successor-in-interest
         To American Talc Company, Metropolitan Talc
13       Company, Inc., Charles Mathieu, Inc., and
         Resource Processors, Inc.;
14
                                 Defendants.
15  ------------------------------------------------------X
                                        60 Centre Street
16  TRIAL                               New York, New York
                                        May 13, 2019
17
    B E F O R E:
18
                HONORABLE GERALD LEBOVITZ,
19                      Justice; and a jury

20

21
                (Appearances on following page)
22

23

24                              ALAN F. BOWIN, CSR, RMR, CRR
                                LORI A. SACCO
25                              Official Court Reporters
```

```
 1   A P P E A R A N C E S:

 2
          For the Plaintiffs:
 3

 4                LEVY KONIGSBERG, LLP
                       800 THIRD AVENUE
 5                     NEW YORK, NEW YORK 10022
                  BY:  JEROME H. BLOCK, ESQ.
 6
                            -and-
 7
                  MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
 8                     150 WEST 30TH STREET
                       NEW YORK, NEW YORK 10001
 9                BY:  SUZANNE M. RATCLIFFE, ESQ.
                       CHRISTIAN HARTLEY, ESQ.
10                     MARGARET SAMADI, ESQ.

11

12        For the Defendants:

13
                  PATTERSON BELKNAP WEBB & TYLER, LLP
14                     1133 AVENUE OF THE AMERICAS
                       NEW YORK, NEW YORK  10036
15                BY:  THOMAS P. KURLAND, ESQ.

16                          -and-

17                KIRKLAND & ELLIS, LLP
                       300 NORTH LaSALLE STREET
18                     CHICAGO, IL  60654
                  BY:  MIKE BROCK, ESQ.
19                     STACEY GARBIS PAGONIS, ESQ.

20

21

22

23

24

25
```

**RULINGS**

1 test report is hearsay. And as defendants argue, that
2 experts on each side discussed the merits of the report,
3 does not transform it into an admissible document. This is
4 especially true because the experts testimony is reasonably
5 read as limited to the question of how the report did or did
6 not effect their expert opinions. In other words, the
7 experts treated the test report as basis evidence and did
8 not thereby render it admissible for truth as evidence in
9 chief.
10 Plaintiffs also seek the admission of an
11 interrogatory response from another case involving Johnson &
12 Johnson. But plaintiffs have not established that the
13 nature and context of the prior litigation was sufficiently
14 similar to this case to make it admissible under CPLR 3117.
15 Plaintiffs seek production of a report prepared by Dr. Alice
16 Blount, B-L-O-U-N-T, previously withheld by defendants as
17 work product. Plaintiffs argue that the document is neither
18 privilege -- Let me try that again. Plaintiffs argue that
19 the document is either not privileged or that the privilege
20 has been waived.
21 The Court has reviewed the document in-camera and
22 concludes that defendants are entitled to withhold it. On
23 its face the document is prepared by an expert serving
24 informally as a scientific consultant to a party, providing
25 information that may be relevant to legal arguments and

```
 1    strategy.  Although this is a borderline determination by
 2    the Court, the Court finds the contents of the report
 3    relevant to legal arguments and strategy just barely but it
 4    falls within that work product.  It qualifies as work
 5    product under the Court's decisions in Hudson Insurance v.
 6    Oppenheim, 72 A.D.3d 489, 490 that's a 2010 decision and
 7    Santariga, S-A-N-T-A-R-I-G-A versus McCann, M-C capital
 8    C-A-N-N, 161 AD2d 320, 321, and that's a 1990 decision.
 9            (Continue on the next page.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Proceedings**

1    THE COURT:  Plaintiffs argue that any privilege
2    about this document has been waived by the production of
3    other closely related documents, but unlike the
4    attorney-client privilege, questions of waiver with respect
5    to work product must be considered document by document.
6    Waiver as to one document does not waive work product
7    privilege of other documents.
8           So defendants remain entitled to withhold the
9    document as privileged.
10          And I think that covers everything.
11          MR. BLOCK:  Thank you, your Honor.
12          MS. PAGONIS:  Thank you, your Honor.
13          MR. HARTLEY:  Thank you, your Honor.
14          MR. KURLAND:  You're not going to rule on our
15   directed verdict motion?
16          THE COURT:  Oh, I'm sorry.
17          Decision reserved.
18          However, the Court is granting a directed verdict
19   on the two causes of action that you referred to.  One is
20   the manufacturer and the other is the breach of the implied
21   warranty.
22          MR. BLOCK:  Excuse me.
23          For lack of opposition on those two claims; right,
24   your Honor?  Those were the two that we did not put in
25   opposition on.