# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

*THIS DOCUMENT RELATES TO ALL CASES*

---

### THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO JOHNSON & JOHNSON'S SUBMISSION OF THE OPINION OF THE CALIFORNIA COURT OF APPEALS DECISION IN *ECHEVERRIA V. JOHNSON & JOHNSON* (JCCP NO. 4872) AND IN FURTHER OPPOSITION TO J&J'S MOTION TO EXCLUDE PLAINTIFFS' EXPERTS' GENERAL CAUSATION OPINIONS

---

The Plaintiffs' Steering Committee ("PSC") files this brief supplement in Response Johnson & Johnson's submission of the opinion of the California Court of Appeals in *Echeverria v. Johnson & Johnson* (JCCP No. 4872) and in further opposition to *J&J's Motion to Exclude Plaintiffs' Experts' General Causation Opinions* ("J&J's *Daubert* Motion"). When J&J provided a copy of that opinion[1] to the Court it failed to highlight that the California Appellate Court reversed the trial court opinion on general causation, an opinion that J&J relied heavily on in J&J's

---

[1] Opinion of the Court of Appeal of the State of California in *Echeverria v. Johnson & Johnson et al.*, B286283, JCCP No. 4872, dated July 9, 2019, attached as Exhibit A.

*Daubert* Motion.

In its *Daubert* Motion and its reply brief, J&J acknowledged that other state and federal courts have found evidence of general causation sufficient and reliable. Nevertheless, it asked the Court to ignore those rulings and side with the opinion of a California *trial* court in *Echeverria* which granted a Judgment Notwithstanding the Verdict (JNOV) motion on general causation grounds after initially finding such evidence to be reliable and sufficient. For example, on the very first page of *J&J's Reply Memorandum in Support of Motion to Exclude Plaintiffs' General Causation Opinions*,[2] it argued that:

> Although plaintiffs point to a few talc rulings that found their general causation theories to be admissible, each of those was a perfunctory holding that failed to meaningfully analyze the relevant expert opinions. *By contrast the two courts that held hearings did carefully evaluate the science and ultimately determined that plaintiffs' evidence of causation was invalid.*[3]

On July 9, 2019, the California appellate court not only reversed the California trial court's "ultimate decision" on causation in its JNOV order, but that court became the first *appellate* decision to have looked at the causation question and determined that the Plaintiffs' evidence was sufficient to warrant a new trial. Although the record in *Echeverria* had far less evidence supporting general

---

[2] ECF No. 10038.

[3] *Id.* at 1.

causation than is available here[4]—for example, there was no evidence of the components of talcum powder including platy talc, asbestos, fibrous talc, and heavy metals and their cancer-causing properties—the appellate court found that the evidence of causation to be "substantial" and certainly sufficient to submit to a jury.[5] In granting J&J a new trial in *Echeverria,* the California Court of Appeals left intact the trial court's initial *Sargon* rulings,[6] admitting expert testimony on general causation, including from experts before this MDL Court, Dr. Jack Siemiatycki and Dr. Laura Plunkett.

Some of the key highlights from the *Echeverria* appellate opinion are:

1. "Substantial evidence supported the jury's finding that talcum powder was a substantial factor in causing Echeverria's cancer."[7]

2. "[T]he evidence established JJCI was aware of studies showing an association between talc and ovarian cancer, studies showing talc could migrate from the vagina to the ovaries, and the theory and corresponding research suggesting talc caused inflammation, eventually leading to ovarian cancer."[8]

3. "Here, there was substantial evidence that, if credited, allowed the jury to find that by 2007, a reasonable manufacturer would

---

[4] Ms. Echeverria was terminally ill at the time of trial and the case was tried on an expedited basis. She died shortly after the verdict.

[5] *Echeverria,* at 38-56.

[6] *Sargon* is the California case, analogous to *Daubert*, establishing the standards governing the admissibility of expert evidence.

[7] *Echeverria,* at 56.

[8] *Id.* at 57.

> conclude there were facts showing genital talc use was likely to be dangerous, or "probably" dangerous. As noted above, there was evidence of repeated studies showing a statistical association between perineal talc use and ovarian cancer, evidence of migration of talc to the ovaries."[9]

These important points, when coupled with the conclusion of Health Canada about the causal link between the use of talcum powder and ovarian cancer, clearly support the PSC's general causation case.

The PSC respectfully request that this supplemental response concerning the *Echeverria* opinion be considered as part of the initial briefing.

                Respectfully submitted,

                */s/ Michelle A. Parfitt*
                Michelle A. Parfitt
                ASHCRAFT & GEREL, LLP
                1825 K Street, NW, Suite 700
                Washington, DC 20006
                Tel: 202-783-6400
                Fax: 202-416-6392
                mparfitt@ashcraftlaw.com

                /s/ *P. Leigh O'Dell*
                P. Leigh O'Dell
                BEASLEY, ALLEN, CROW, METHVIN,
                PORTIS & MILES, P.C.
                218 Commerce Street
                Montgomery, AL 36104
                Tel: 334-269-2343
                Fax: 334-954-7555
                Leigh.odell@beasleyallen.com

                ***Plaintiffs' Co-Lead Counsel***

---

[9] *Id.* at 41.

4

/s/ *Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Tel: 732-747-9003
Fax: 732-747-9004
cplacitella@cprlaw.com

*Plaintiffs' Liaison Counsel*