# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2738 |
| This Document Relates To All Cases | |

## DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S REPLY TO PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO JOHNSON & JOHNSON'S SUBMISSION OF THE OPINION OF THE CALIFORNIA COURT OF APPEALS DECISION IN ECHEVERRIA V. JOHNSON & JOHNSON (JCCP NO. 4872)

DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

Late last week, the California Court of Appeal issued a ruling in the *Echeverria* case, upholding: (1) the trial court's grant of judgment notwithstanding the verdict as to defendant Johnson & Johnson ("J&J"); (2) the trial court's grant of judgment notwithstanding the verdict as to defendant Johnson & Johnson Consumer Inc. ("JJCI") on punitive damages; and (3) the trial court's grant of a new trial as to JJCI on liability. The J&J defendants submitted the ruling to the Court as a courtesy since the parties had provided the Court with the trial court's post-trial rulings in 2017 (at the Court's request) and the J&J defendants had referenced the trial court rulings in their *Daubert* briefing.

In response to defendants' simple transmittal email on Thursday, plaintiffs have submitted to the Court a substantive filing that grossly mischaracterizes the *Echeverria* appellate ruling. Most egregiously, plaintiffs claim that "the California Appellate Court reversed the trial court opinion on general causation, an opinion that J&J relied heavily on in J&J's *Daubert* Motion." (Pls.' Br. at 1.) This statement is false in two respects.

First, far from "rever[sing] the trial court opinion on general causation," as plaintiffs claim, the California Court of Appeal in fact ***affirmed*** the trial court's grant of a new trial as to JJCI on general causation grounds, explaining that "[t]he evidence . . . supported the trial court's reasoning on general causation." (Op. at 65.) In support of this ruling, the Court of Appeal explained that "no governmental

or scientific agency has reached similar conclusions" to plaintiffs' experts, "medical institutions have not uniformly taken steps to identify genital talc use as even a risk factor for ovarian cancer," and "a 2017 National Cancer Institute physician data query concluded the weight of the evidence did *not* support an association between perineal talc use and ovarian cancer." (*Id.*)

The appellate court also noted in its ruling that the plaintiff had "offered no evidence of any growing general scientific consensus that talc causes ovarian cancer" (*id.*), and that:

- "[N]o published studies, regulatory agencies, or scientific organizations have concluded *talc-based* inflammation *causes* ovarian cancer" (*id.* at 4);

- "[I]t was [] undisputed that there has not been direct, conclusive evidence establishing genital talc use causes ovarian cancer" (*id.* at 58);

- "The evidence demonstrated it is not universally accepted in the scientific or medical community that talc is even a significant risk factor for ovarian cancer" (*id.*); and

- "There was further undisputed evidence that epidemiological studies published in 2016 and 2017 showed statistical associations no greater, and in some cases weaker, than those of earlier studies" (*id.* at 59).

Contrary to plaintiffs' suggestion, the appellate court did not address the admissibility of plaintiffs' general causation experts' opinions. This is so because the trial court granted JJCI judgment as a matter of law on the issue of ***specific***

2

*causation*, not general causation, and that is the only causation ruling on which the trial court was reversed. (Op. at 54.)[1]

Second, plaintiffs' contention that defendants' briefing relied "heavily" on *Echeverria* is demonstrably false. The J&J defendants merely noted in ***one sentence of their 100-page General Causation Daubert brief*** that the California trial court concluded after trial that the verdict could not stand "given the lack of anything other than a hypothesis about causation and the nature of the epidemiological evidence presented." (Defs.' Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Mem. of Law in Supp. of Mot. to Exclude Pls.' Experts' Gen. Causation Ops. at 4 (citing *In re Johnson & Johnson Talcum Powder Cases*, No. BC628228, 2017 WL 4780572, at *19, *25 (Cal. Super. Ct. Oct. 20, 2017)).)[2] To the extent defendants "relied heavily" on anything, they relied on the consensus of the scientific community that talc has not been shown to cause ovarian cancer despite numerous studies on the topic. By contrast, plaintiffs (even in their latest filing) continue to rely almost entirely on a *draft* screening

---

[1] For the same reason, plaintiffs' statement that the Court of Appeal "f[ound] the evidence of causation to be 'substantial' and certainly sufficient to submit to a jury" (Pls.' Br. at 3) is misleading. This quote refers to the portion of the appellate court's ruling addressing specific causation and is thus irrelevant to this Court's *Daubert* proceeding.

[2] Notably, this statement remains accurate after the Court of Appeal's ruling, which ***affirmed*** the trial court's conclusion that the general causation evidence was so insubstantial that the jury's verdict on that issue had to be thrown out.

assessment by a health authority in Canada that talc "may" be harmful to human health and "may" cause ovarian cancer. (Pls.' Br. at 4; Pls.' Steering Committee's Reply to Defs.' Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Mem. of Law in Resp. to the Pls.' Steering Committee's Omnibus Br. Regarding *Daubert* Legal Standard and Scientific Principles for Assessing Gen. Causation at 14-15.)

Dated: July 15, 2019

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Facsimile: 973-360-9831
E-mail: susan.sharko@dbr.com

John H. Beisner
Jessica D. Miller
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
202-371-7000

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*