# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### (609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
CHIEF JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

## LETTER ORDER

July 17, 2019

Michelle A. Parfitt, Esq.
Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, D.C. 20006

P. Leigh O'Dell, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36104

Susan M. Sharko, Esq.
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

   **RE:**   ***In Re: Johnson & Johnson Talcum Powder Products Marketing,
Sales Practices and Products Liability Litigation*, MDL No. 2738**

Counsel:

  Prior to the *Daubert* hearings, Plaintiffs' Steering Committee ("PSC") has filed an expedited motion to compel production of the "Blount Report," listed in Johnson & Johnson and Johnson & Johnson Consumer, Inc.'s (collectively, "J&J") privilege log. J&J opposes production on the basis of work product pursuant to Fed. R. Civ. P. 26(b)(3), and 26(b)(4)(B). At my request, J&J has produced the Blount Report for *in camera* review. Having reviewed the Report, I deny PSC's motion to compel.

1

Dr. Alice Blount is a former Professor of Geology at Rutgers University. In 1998, Mehaffey & Weber, outside counsel to J&J in *Coker v. Bill Thames Pharmacy, Inc.*, retained Dr. Blount as a consulting expert, and, on April 23, 1998, she wrote a letter to Mehaffey & Weber regarding asbestos and talc in connection with the *Coker* litigation ("*Coker* Letter"). Dr. Blount attached three documents to her letter: two papers she had published and the document now known as the Blount Report. J&J has produced to the PSC, the letter and the two papers, but not the Blount Report, claiming work product privilege. During a status conference before this Court on June 27, 2019, the PSC raised the issue of the Blount Report. On July 1, 2019, the PSC and J&J held a telephonic meet-and-confer regarding the document, but the parties did not reach an agreement. Thereafter, the PSC filed its expedited motion to compel on July 3, 2019, arguing that the Blount Report is important for the upcoming *Daubert* hearing, because it integral to the opinions of one of its experts, Dr. William Longo.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant . . . or agent)." Fed. R. Civ. P. 23(b)(3)(A). However, "subject to Rule 26(b)(4), those materials may be discovered if . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* In addition, with respect to expert reports, "a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only . . . on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B) and (D).

The work-product doctrine, codified in these rules, "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). The "substantial need" requirement under Fed. R. Civ. P. 23(b)(3), is more than a mere need for a particular document, but rather, a party must demonstrate "undue hardship" if deprived of the materials. *See Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1256 (3d Cir. 1993); *Peerless Heater Co. v. Mestek, Inc.*, No. 98-6532, 1999 WL 35147370, at *5 (E.D. Pa. Dec. 6, 1999) ("substantial need" shown where "the materials sought are essential to prove the discovering party's case, or where without the information a distinct advantage would accrue to the party having it"); *Georgine v. Amchem Products, Inc.*, No. 93-0215, 1994 WL 502475, at *2 (E.D. Pa. Sep. 2, 1994); *Delco Wire & Cable Co. v. Weinberger*, 109 F.R.D. 680, 689-90 (E.D. Pa. 1986); *see also In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979) (after a witness had died, the work-product protection of a memorandum of an interview of the witness could be overcome).

First, the PSC argues that the Blount Report is not protected by any privilege, because, by challenging Dr. Longo's use of Dr. Blount's work, J&J has put Dr. Blount's findings and opinions directly at issue. Alternatively, the PSC argues that, if the Blount Report is privileged

based upon the work product rule, the PSC has demonstrated the substantial need necessary to overcome the privilege. Specifically, the PSC argues that the Report is critical in refuting J&J's claim that J&J's talc products and samples did not contain asbestos, particularly since, according to the PSC, J&J has challenged Dr. Longo's expert opinions on that basis.  The PSC points to one of the articles written by Dr. Blount, discussing the test results of various talc samples for asbestos, which tests purportedly revealed that one of the samples, known as "Sample I," contained asbestos.  Dr. Blount's *Coker* Letter identified Sample I as "Johnson & Johnson's Vermont talc." The PSC argues that the Blount Report may contain additional information about Sample I and Dr. Blount's testing of that Sample, which may contradict J&J's assertions.

After reviewing the Blount Report *in camera*, I agree with J&J's representation that the Blount Report does not discuss Sample I or include any information that could support, or relate to, the PSC's position that Sample I was a J&J product, or that J&J products contain asbestos. As an initial matter, I find that the Blount Report is clearly a work product document created by a retained-consulting expert in anticipation of the *Coker* litigation.  *See* Fed R. Civ. P. 26(b)(3)(A); 26(4)(B) and (D).  Furthermore, the PSC has failed to demonstrate a "substantial need" for the Blount Report.  I come to that conclusion because the Report does not contain the bases for Dr. Blount's opinions that J&J's talc products contain asbestos — the very reason why the PSC seeks production of that document.  Thus, without such relevance, I find that the Report would not be essential to the PSC's preparation for, and presentation at, the *Daubert* hearings, and that the Committee would not be at an obvious disadvantage without it.  *See George v. Siemens Indus. Automation, Inc.*, 182 F.R.D. 134, 143 (D.N.J. 1998).

Accordingly, the PSC's motion to compel production of the Blount Report is **DENIED**.[1]

**SO ORDERED.**

                                                     Regards,

                                                   /s/ Freda L. Wolfson
                                                 Hon. Freda L. Wolfson
                                                 U.S. Chief District Judge

---

[1] I find it unnecessary to consider *Olson v. Brenntag N. Am., Inc.*, No. 190328/2017 (N.Y. Sup. Ct. May 13, 2019), cited by both parties, which, under New York, rather than federal, law, denied a similar motion to compel production of the Blount Report in a state court talc litigation.