# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

_____

This Document Relates To All Cases

_____

MDL Docket No. 2738

---

**DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S REPLY TO THE PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO JOHNSON & JOHNSON'S MOTION TO EXCLUDE PLAINTIFFS' EXPERTS GENERAL CAUSATION OPINIONS**

---

DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

Defendants make this submission in response to plaintiffs' recent and belated supplement to their general causation briefing including a new affidavit by their expert Dr. Jack Siemiatycki. The defendants object to the plaintiffs' continuing submission of mini-sur reply briefs and new materials including now an expert affidavit supplementing his opinions.

The latest submission by the plaintiffs misses a significant point on  the disparity between Dr. Siemiatycki's in-court and out-of-court opinions. The methodology the paper's authors use to determine whether there is a relationship between shift work and ovarian cancer demonstrates the very same thing. If, as Dr. Siemiatycki claims, perineal talc use causes ovarian cancer, then one would expect the paper to control for this potential confounder. **But talc use was not controlled for as a confounder, _or even considered as a potential confounder_, for purposes of the paper's core analysis.** _See_ Ex. A to Siematycki Aff., Leung et al., _Shift Work Patterns, Chronotype, and Epithelial Ovarian Cancer Risk_, 28(5) Cancer Epidemiol. Biomarkers Prev. (2019) 987, 989 and Supplemental Figure 1 ("Leung 2019"). The failure to control for talc is all the more glaring because Dr. Siemiatycki testified that the PROVAC study (from which the data in the Leung 2019 paper is drawn) collected "very detailed" information on talc usage. Excerpts of the Deposition of Jack Siemiatycki, _Oules v. Johnson & Johnson_, No. 2014 CA 088327 (D.C. Sup. Ct. Dec. 15, 2016) at 162:10-165:20, attached as Ex. 1 to the

Certification of Julie L. Tersigni ("Tersigni Cert."). Moreover, Dr. Siemiatycki was one of the authors of the paper who contributed to the conception and design of the study *and* the development of the methodology. Leung 2019 at 994.

In short, Dr. Siemiatycki is correct that the Leung 2019 article is "wholly unrelated to talcum powder products[.]" Siemiatycki Aff. ¶ 10. That's just the point. The article is about ovarian cancer risk and talc is not mentioned once in contrast to his in-court opinions.

Dated: July 18, 2019

*s/Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
E-mail:  susan.sharko@dbr.com

John H. Beisner
Jessica D. Miller
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
202-371-7000

*Attorneys for Defendants Johnson &*
*Johnson and Johnson & Johnson*
*Consumer Inc.*