UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By
Deputy Clerk

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the seven actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., oppose all of the motions. Defendants Cyprus Amax Mineral Company and Cyprus Mines Corporation oppose the motion to vacate the conditional transfer order in the Eastern District of Missouri *Bathon* action.

In support of their motions to vacate, plaintiffs in all seven actions argue that federal subject matter jurisdiction over their respective actions is lacking, and that plaintiffs' motions for remand to state court should be decided before transfer. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs also argue that transfer will cause them inconvenience and delay the resolution of their remand motions. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See, e.g., In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

In addition, plaintiffs argue that transfer of these actions is not appropriate because plaintiffs assert claims against unique defendants—namely, K&B Louisiana Corporation, d/b/a Rite Aid Corporation (the Louisiana actions), Schnuck Markets, Inc. (*Bathon*), and Walgreen Company (*Fox*). Plaintiffs' arguments are not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). Plaintiffs' claims, like those of plaintiffs in the MDL, arise from a common factual core—that plaintiffs allegedly developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products. That plaintiffs assert additional claims against other

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

defendants does not weigh against transfer. Moreover, we have transferred numerous actions involving claims against retailers and other defendants to the MDL, including several actions involving claims against the K&B Louisiana Corporation, Schnuck Markets, Inc., and Walgreen Company. *See, e.g.,* Transfer Order at 1-2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.,* MDL No. 2738 (J.P.M.L. Dec. 6, 2018), ECF No. 1501 (transferring action naming Schnuck Markets as a defendant); Transfer Order at 2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.,* MDL No. 2738 (J.P.M.L. Dec. 5, 2017), ECF No. 931 (transferring actions naming K&B Louisiana Corporation and Walgreen Company as defendants).

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.,* 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiffs' actions here share multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry
Karen K. Caldwell          Nathaniel M. Gorton

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**     MDL No. 2738

### SCHEDULE A

Northern District of Illinois

FOX, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:19-02001

Eastern District of Louisiana

LANDRY v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:19-09554
BACCHUS v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:19-09666
HUDSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:19-09710
HURLEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:19-09718
MCBRIDE v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:19-09796

Eastern District of Missouri

BATHON, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:19-00923