# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Cammy D. Marchetti and Michael A. Marchetti* | *Civil Action No. 3:16-cv-08082-FLW-LHG* |
| *Nancy Crews Hicks and Brannon Rice Hicks, Sr.* | *Civil Action No. 3:16-cv-07428-FLW-LHG* |
| *Nell Rose Strickland and Charles L. Strickland* | *Civil Action No. 3:16-cv-07337-FLW-LHG* |
| *Allison Walker* | *Civil Action No. 3:16-cv-07503-FLW-LHG* |

# MEMORANDUM IN SUPPORT OF GEORGIA PLAINTIFFS' (MARCHETTI, HICKS, STRICKLAND AND WALKER) NOTICE OF MOTION FOR VOLUNTARILY DISMISSAL
# <u>UNDER FED. R. CIV. P. 41(A)(2)</u>

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES…………………………………………………….…...ii

INTRODUCTION………………………………………………………………..…...1

ARGUMENT AND CITATION TO AUTHORITY……………………………….2

   I.    GEORGIA IS AN APPROPRIATE VENUE FOR TALC CLAIMS……….2

   II.   MOVANTS' REQUEST FOR VOLUNTARY DISMISSAL
        SATISFIES THE FACTORS SET FORTH IN *SPORN*…………………….4

        A. Expense of a potential second litigation……………………………….5

        B. Effort and Expense Incurred by Defendant in
           Preparation for Trial in the Present Case…………………………………6

        C. Extent to Which the Case Has Progressed………………………………..8

        D. Plaintiffs Were Diligent in Bringing this Motion…………………………9

        E. Whether the Filing of this Motion is an Attempt at
           Forum Shopping……………………………………………………………...12

CONCLUSION……………………………………………………...…………12

# TABLE OF AUTHORITIES

Cases

*In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liability Litig.*,
 199 F.R.D. 304 (S.D. Ind. 2001) ..........................................................................7

*CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*,
 940 F. Supp. 2d 141 (D.N.J. 2013) .....................................................................4

*Giordano v. Philadelphia Contributionship Ins. Co.*,
 2015 WL 3866209 (D.N.J. 2015) ............................................................... 6, 8, 12

*Hamilton v. Firestone Tire & Rubber Co., Inc.*,
 679 F.2d 143 (9th Cir. 1982) ...............................................................................7

*Hayden v. Westfield Ins. Co.*,
 586 F.App'x 835 (3rd Cir. 2014) ........................................................................9

*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*,
 728 F.Supp. 1142 (D.N.J.1990) ..........................................................................4

*Kern Oil Refining Co. v. Tenneco Oil Co.*,
 792 F2d 1380 (9th Cir. 1986) ..............................................................................7

*Ockert v. Union Barge Line Corp.*,
 190 F.2d 303 (3rd Cir. 1951) ..............................................................................9

*In re Paoli R.R. Litig.*,
 916 F.2d 829 (3d Cir.1990) .................................................................................4

*In re Paulsboro Derailment Cases*,
 2015 WL 1138452 (D.N.J. March 13, 2015) ......................................................8

*Quality Improvement Consultants, Inc. v. Williams*,
 129 F. App'x 719 (3d Cir.2005) ..........................................................................4

*Shamrock Creek, LLC v. Borough of Paramus*,
 No. 12-02716 (CCC)(MF), 2015 WL 3902307 (D.N.J. June 23, 2015) ...............5

*Smith v. City of Plainfield*,
   2016 WL 4402812 (D.N.J. 2016) .............................................................. 5, 6, 12

*Sporn v. Ocean Colony Condo. Ass'n*,
   173 F.Supp.2d 244 (D.N.J.2001) ...................................................... 4, 8, 9, 12, 13

*Stipanovich v. Astrozeneca Pharma., L.P.*,
   No. C 06-01754 JSW, 2006 WL 2529474 (N.D. Cal. Aug. 31, 2006) ..................7

*Tyco Labs., Inc. v. Koppers Co., Inc.*,
   627 F.2d 54 (7th Cir.1980) ......................................................................................6

*Wei Mon Industry Co., Ltd. v. Chien*,
   2016 WL 6154904 (D.N.J. 2016) .......................................................................6, 8

*Young v. John McShain, Inc.*,
   130 F.2d 31 (4th Cir. 1942) ....................................................................................9

**Statutes**

11 U.S.C. § 362 ..............................................................................................................10

O.C.G.A. § 9-2-61 ............................................................................................................2

O.C.G.A. § 51-14-5 ..........................................................................................................4

O.C.G.A. § 51-14-1 ..........................................................................................................3

O.C.G.A. §§ 51-14-1(12)(b) ............................................................................................3

O.C.G.A. §§ 51-14-2 ........................................................................................................3

O.C.G.A. § 51-14-3 ..........................................................................................................2

O.C.G.A. §51-14-3(2)(A) .................................................................................................3

O.C.G.A. §51-14-4 ............................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 41(a)(2) ........................................................................................ 2, 4, 5, 12

## INTRODUCTION

Georgia MDL Plaintiffs Cammy Marchetti, Nancy Hicks, Nell Strickland and Allison Walker [hereinafter collectively "the Movants"] are alive and still residing in Georgia, where their use of Johnson & Johnson Baby Powder occurred for decades. Each woman was diagnosed with ovarian cancer and filed a separate lawsuit in the Georgia federal courts alleging J&J's baby powder caused or increased their risk of developing ovarian cancer. In October 2016, the Joint Panel on Multi-District Litigation centralized all federal court talcum powder cases as part of the multi-district litigation before this Court. Movants' cases, which did not initially name a Georgia defendant, were transferred to the MDL.[1]

After the MDL was created, Georgia state courts have recently been established as an appropriate venue for talc cases and beginning in October 2018, Movants' counsel filed talc lawsuits in Georgia on behalf of other non-MDL Georgia residents because a Georgia entity, PTI Royston, LLC d/b/a Pharmatech Industries ("PTI") is alleged to also be responsible for the harm Movants suffered as result of their prolonged used of Johnson & Johnson Baby Powder. Due to their advanced stages of cancer, Movants know their time is short and, therefore, seek to have their claims resolved by Georgia courts, surrounded by their families. And now that J&J's effort to remove approximately 2,400 state court cases nationwide and fix venue for

---

[1] *See* CTO-1, ECF. No. 135, Case MDL No. 2738 (JPML Oct. 6, 2016).

them in the District Court of Delaware (including all state court cases pending Georgia) has been pointedly denied, Movants seek this Court's approval to voluntarily dismiss their respective MDL Complaints *without prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2), so they can present evidence of their physical impairment as permitted by O.C.G.A. §§ 51-14-3 and 51-14-4, and pursue their claims in their home state of Georgia.[2]

## ARGUMENT AND CITATION TO AUTHORITY

### I.  GEORGIA IS AN APPROPRIATE VENUE FOR TALC CLAIMS

Currently, eleven (11) state court talc actions are pending throughout Georgia that were filed by the undersigned counsel and other firms alleging plaintiffs' long-term use of Johnson & Johnson Baby Powder caused them to develop cancer.[3]

---

[2] Georgia law expressly permits the recommencement of Movants' actions in the Georgia state courts.  *See* O.C.G.A. § 9-2-61.

[3] *See Charvette Monroe v. Johnson & Johnson, Inc. et al.*, State Court of Richmond County, Civil Action No. 2018RCS0122; *Jackie Archer v. Johnson & Johnson, Inc. et al.*, State Court of Clayton County, Civil Action No. 2019CV00656; *Charles Crow v. Johnson & Johnson, Inc. et al.*, Superior Court of Paulding County Civil Action No. 2019-CV-000974; *Vicki Trieglaff & John Simonton v. Johnson & Johnson, Inc. et al.*, State Court of Fulton County Civil Action File No. 19EV003302 (*the foregoing cases were filed by undersigned counsel)*; and *Anastasia Brower v. Johnson & Johnson, Inc. et al.*, State Court of Fulton County Case No. 16EV005534; *Debra Cook v. Johnson & Johnson, Inc. et al.*, State Court of Gwinnett County Case No. 18-C-04511-S2; *Tina Ginsburg v. Johnson & Johnson, Inc. et al.*, State Court of Gwinnett County Case No. 18-C-03992-S2; *John Long v. Johnson & Johnson, Inc. et al.*, State Court of Gwinnett County Case No. 18-C-03994-S2; *Janet Miller v. Johnson & Johnson, Inc. et al.*, State Court of Gwinnett County Case No. 18-C-03991-S2; *David Sandman v. Johnson & Johnson, Inc. et al.*, State Court of Gwinnett County Case No. 18-C-03993-S2; and *Christine Garen & Kyle Garen v.*

2

Although J&J removed all of these Georgia cases in April of 2019, and sought to fix venue for them in the District Court of Delaware, they all were recently remanded, thus, establishing Georgia as an appropriate venue for talc litigation.

The Georgia General Assembly has enacted O.C.G.A. §§ 51-14-1, *et seq.* (Georgia Asbestos Claims Act) which applies to any claim alleging personal injury or death caused by exposure to asbestos or silica. O.C.G.A. §§ 51-14-2; 51-14-3(2)(A). The Georgia General Assembly expressly stated that the purpose of this legislation is to:

> (1) Give priority to claimants who can demonstrate actual physical harm or illness caused by asbestos or silica;
>
> (2) Preserve the rights of claimants to pursue asbestos or silica claims if an exposed person becomes sick in the future;
>
> (3) Enhance the ability of the courts to supervise and control asbestos litigation and silica litigation; and
>
> (4) Conserve resources to allow compensation of claimants who have cancer and others who are impaired as a result of exposure to asbestos while securing the right to similar compensation for those who may suffer physical impairment in the future.

O.C.G.A. § 51-14-1(12)(b). The limitations period for claims does not begin to run until the exposed person establishes prima-facie evidence of their physical impairment. O.C.G.A. § 51-14-5. Thus, Georgia created a mechanism and a specific

---

*Broadview Investments, LLC et al.,* Superior Court of Camden County Case No. SUCV2018000905 (*represented by other counsel*).

3

process for its residents to redress asbestos exposure claims in Georgia state courts and permits Movants cases to be refiled.

## II. MOVANTS' REQUEST FOR VOLUNTARY DISMISSAL SATISFIES THE FACTORS SET FORTH IN *SPORN*

Because Defendants have answered Movants' complaints, Movants cannot voluntarily dismiss them unless the Court approves their request. Fed. R. Civ. P. 41(a)(2). It is within the sound discretion of this Court to grant Movants' requests for voluntary dismissal without prejudice. *See Quality Improvement Consultants, Inc. v. Williams,* 129 F. App'x 719, 722 (3d Cir.2005). "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant." *Sporn v. Ocean Colony Condo. Ass'n,* 173 F.Supp.2d 244, 255 (D.N.J.2001); (quoting *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578,* 728 F.Supp. 1142, 1146 (D.N.J.1990)); see also *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 171 (D.N.J. 2013); *In re Paoli R.R. Litig.,* 916 F.2d 829, 863 (3d Cir.1990) (Third Circuit in dictum endorsed "liberal" view of granting voluntary dismissals).

In *Sporn* and subsequent cases, this Court has considered the following four factors to analyze whether a defendant would be prejudiced by granting a plaintiff's motion for voluntary dismissal without prejudice:

4

> (1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss.

*Shamrock Creek, LLC v. Borough of Paramus*, No. 12-02716 (CCC)(MF), 2015 WL 3902307 at *2 (D.N.J. June 23, 2015). "Also, although not explicitly recognized as a factor to consider on a Rule 41(a)(2) motion, some courts in this district have examined whether the filing of a Rule 41(a)(2) motion is an attempt at forum shopping in their respective decisions." *Smith v. City of Plainfield*, 2016 WL 4402812 *2 (D.N.J. 2016). As shown below, consideration of these factors demonstrates that J&J will not be prejudiced my Movants' voluntary dismissals.

### A. Expense of a potential second litigation

This first factor considers the expense to a defendant of a second litigation. In this instance, other state court actions against J&J are currently pending in Georgia on the *same* general theories asserted in the MDL cases, *i.e.*, that Johnson's baby powder contains carcinogens and the prolonged use of baby powder caused ovarian cancer.[4] This fact weighs in favor of dismissal without prejudice. *See Smith, supra* *3 (dismissal supported where plaintiff would assert the same claims in a subsequent suit). In the Georgia litigation, J&J and other defendants who are not named in this MDL have retained counsel, filed answers, and are proceeding with

---

[4] *Supra* n. 2.

5

the state court litigation. As the court explained in *Giordano v. Philadelphia Contributionship Ins. Co.,* 2015 WL 3866209 *2 (D.N.J. 2015):

> Defendant would not incur significant expenses preparing for a potential second round of litigation with Plaintiff, since it would likely either be preparing for similar suits at that time or have recent experience with such preparation. Furthermore, even if Plaintiff were to pursue a second lawsuit, the Court does not see why, and Defendant does not point out why, it could not ***re-use its discovery in a future action***. *See Tyco Labs., Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980)(extensive discovery is not prejudicial where evidence discovered could be used in subsequent litigation) (Emphasis added).

*See also Wei Mon Industry Co., Ltd. v. Chien*, 2016 WL 6154904 *2 (D.N.J. 2016). In this case, as in *Smith* and *Giordano*, J&J would not incur significant expenses in a second litigation because J&J is already defending against similar talc litigation in Georgia. Therefore, the first factor supports Movants' voluntary dismissal.

### B. Effort and Expense Incurred by Defendant in Preparation for Trial in the Present Case

The second factor considers the effort and expense incurred by Defendant in preparing for trial. J&J will continue to defend actions in the MDL even if these four cases are dismissed. Therefore, the effort and expense incurred in the present case has not been needlessly expended. This is an MDL seeking to resolve the claims for nearly 10,000 women. Moreover, no trials have been set in this MDL and no dispositive motions have been filed. Even if trial preparations had begun (which Movants dispute) a defendant cannot establish "plain legal prejudice merely by asserting that it has begun trial preparations." *Hamilton v. Firestone Tire & Rubber*

6

*Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).  Defendants who have engaged in "relatively minimal" trial preparation after commencement of discovery are not prejudiced by a voluntary dismissal. *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liability Litig.*, 199 F.R.D. 304, 306 (S.D. Ind. 2001). Only after "significant discovery or pretrial preparations have taken place" can a defendant demonstrate the prejudice necessary to defeat a motion for voluntary dismissal. *Stipanovich v. Astrozeneca Pharma., L.P.*, No. C 06-01754 JSW, 2006 WL 2529474, at *2 (N.D. Cal. Aug. 31, 2006) (citing *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F2d 1380, 1390 (9th Cir. 1986)).

Here, the effort and expense incurred by J&J have largely sought to address only general causation.  Virtually no expense in time or money has been devoted to Movants' individual cases and their underlying cancer diagnosis.  Indeed, only one Movant, Cammy Marchetti, was deposed and that occurred in 2016 *before* her case was even transferred to the MDL.

Because J&J has not expended significant effort or expense in preparation for the trial of Movants' cases, this second factor strongly weighs in favor of dismissal without prejudice.  This is especially true here, because even if J&J has begun trial preparations in this MDL, its efforts will not be wasted.  It will proceed against other MDL plaintiffs, even if Movants' cases are dismissed.

7

## C. Extent to Which the Case Has Progressed

To determine whether J&J would be prejudiced by a voluntary dismissal, the third factor of the *Sporn* test considers the extent to which this case has progressed. To date, the MDL proceedings have focused largely on issues related to general causation and whether J&J's baby powder contains carcinogenic materials. The Court has recently concluded *Daubert* hearings chiefly to assess competing expert opinions about the science and epidemiological studies linking the prolonged usage of baby powder to an increased risk of ovarian cancer. However, discovery is not closed, no discovery has been directed to or from Movants, and no trial date for any MDL participant has been set. Thus, while progress has certainly been made in the MDL proceedings, that progress applies across the board to all MDL parties and will not be lost or wasted by a dismissal of Movants' cases. It simply cannot be said that the MDL proceedings have progressed to the point where J&J will be prejudiced if Movants' cases are voluntarily dismissed. *See, e.g., Wei Mon, supra* at 3 (although action pending for nearly eighteen months, voluntary dismissal without prejudice was granted based on finding that "a substantial amount of work must still be completed in order to bring the case to a disposition on the merits."); *Giordano, supra* at 3 (motion for voluntary dismissal without prejudice granted where it was filed during or shortly after factual discovery was closed, but before any dispositive motions were filed); *In re Paulsboro Derailment Cases,* 2015 WL 1138452 at *3

(D.N.J. March 13, 2015) (motion to dismiss without prejudice granted in consolidated cases because discovery had "just barely closed and was still ongoing at the time that these motions were filed, and the deadline for dispositive motions has not yet come"); *cf. Hayden v. Westfield Ins. Co.*, 586 F.App'x 835, 842 (3rd Cir. 2014) (sufficient prejudice to warrant denial of dismissal where motion to dismiss filed six months after close of discovery); *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3rd Cir. 1951) (prejudice when plaintiff filed motion to voluntarily dismiss on eve of trial); *Young v. John McShain, Inc.*, 130 F.2d 31 (4th Cir. 1942) (affirming denial of motion to voluntarily dismiss made during trial).

Finally, as pointed out above, the progress that has been made in this MDL is not wasted if Movants are allowed to dismiss their complaints – all the work done by J&J will still apply to the thousands of other claims pending in the MDL. Accordingly, this fourth *Sporn* factor also weighs in favor of dismissal without prejudice.

### D. Plaintiffs Were Diligent in Bringing this Motion

Movants have been diligent in bringing this motion. Indeed, this motion is being filed within two weeks of remanding other state court actions pending in Georgia. After this MDL was created, in 2017 "some plaintiffs asserting [ovarian cancer] claims began to assert that their personal injuries also were caused by alleged asbestos contamination of the talc." *In re Imerys Talc America, Inc.,* Case No. 19-

9

10289-LSS (D. Del. Bkr. Feb. 13, 2019), Pickard Decl. in Support of Imerys' First Day Pleadings ¶ 33.  In 2018, Movants' counsel began investigating the asbestos contamination allegations by testing non-MDL plaintiffs' powders and autopsy tissues of deceased women.  Based on the testing results confirming that the same kind of asbestos present in the talc mines was also present in consumer powders and in human tissues of baby powder users, in October 2018, Movants' counsel filed the first talc ovarian cancer case under Georgia's Asbestos Claims Act.  *See Charvette Monroe v. Johnson & Johnson, Inc. et al.*, State Court of Richmond County, Civil Action No. 2018RCS0122 ("the *Monroe* case").

At that time, it was uncertain whether the defendants would remove the *Monroe* case and contest a Georgia state court's exercise of jurisdiction.  Instead, in December 2018 and January 2019, the Georgia talc defendants answered the complaint without removing the case.  The initial status conference in the *Monroe* case was conducted on February 12, 2019, and the very next day, Defendant, Imerys Talc America, Inc., filed for bankruptcy protection in the District of Delaware.  The automatic stay provisions of 11 U.S.C. § 362 temporarily halted the litigation until the State Court of Richmond County Georgia entered a series of orders allowing the case against the non-debtor co-defendants, which included J&J, to proceed and specially setting that case for trial. (Exhibit A – Orders severing proceedings and

10

establishing prima-facie evidence of physical impairment, dated Mar. 19, 2019 & Case Management Order setting trial, dated April 5, 2019, attached hereto.)

Movants' counsel then filed additional cases in Georgia state courts[5] with the intention of seeking these dismissals and began the process of establishing Movants' prima-facie evidence of physical impairment that Georgia law requires as a prerequisite to asserting a claim under Georgia's Asbestos Claims Act. However, on April 18, 2019, J&J began removing the Georgia state court cases and numerous other state court actions pending across the country and sought to fix venue for all state court actions against J&J in the District of Delaware.[6] All the Georgia plaintiffs filed motions to remand their state court claims, and opposed J&J's motion.[7] On July 19, 2019, the District Court of Delaware denied J&J's motion[8] and the last Georgia talc case was remanded on July 31, 2019.[9]

Within two (2) weeks after the last Georgia remand order was entered, which established that all of the Georgia talc cases would be allowed to proceed in state

---

[5] See, J*ackie Archer v. Johnson & Johnson, Inc. et al.*, State Court of Clayton County, Civil Action No. 2019CV00656; *Charles Crow v. Johnson & Johnson, Inc. et al.*, Superior Court of Paulding County Civil Action No. 2019-CV-000974; *Vicki Trieglaff & John Simonton v. Johnson & Johnson, Inc. et al.*, State Court of Fulton County Civil Action File No. 19EV003302.

[6] *In Re: Imerys Talc America, Inc.*, ECF. No. 1, Case 1:19-mc-00103-MN (D. Del. Apr. 18, 2019).

[7] *Id.*, ECF. No. 49 Mem. Opp. & ECF. No. 52 Gov. Barnes Decl.

[8] Id,, ECF No. 96.

[9] *Monroe v. Johnson & Johnson*, ECF. No. 33, Case No. 1:19-cv-00062-JRH-BKE (SD Ga. Jul 31, 2019).

11

court, Movants brought this motion. Thus, this motion was diligently filed as soon talc litigation in Georgia state courts was conclusively established. Accordingly, the fourth factor of the *Sporn* test also weighs in favor of granting this motion for dismissal without prejudice *See also Giordano, supra* at 3 (motion for voluntary dismissal without prejudice granted where plaintiff delayed filing motion until five months *after* Court ordered deadline to file motion, because despite delay, the motion was not sought on eve of trial and would not cause undue prejudice to Defendant).

### E. Whether the Filing of this Motion is an Attempt at Forum Shopping

Finally, as pointed out in *Smith, supra* at *2, some courts consider whether the filing of a Rule 41(a)(2) motion is an attempt at forum shopping. That is not an issue for Movants. This Court has not issued any rulings that Movants seek to avoid. Rather, these women, who are suffering from terminal ovarian cancer, simply wish to dismiss their claims in the MDL so they can seek to establish their impairment under a specific statutory mechanism, and join other non-MDL plaintiffs who are already pursuing the same claims in their home state under Georgia's Asbestos Claims Act.

### CONCLUSION

Cammy Marchetti, Nancy Hicks, Nell Strickland and Allison Walker are requesting this Court to allow them to pursue this litigation in their home state,

surrounded by their families. Their requests for a voluntary dismissal without prejudice from these proceedings satisfies every factor of this Court's *Sporn* test as neatly as any case can. Granting the relief requested will not prejudice J&J because it is already defending several other cases pending in Georgia. Accordingly, Movants respectfully request that this motion be granted, and an order permitting Movants to voluntarily dismiss their complaints without prejudice, the proposed text of which is included as Exhibit B attached hereto.

Respectfully submitted this 15th day of August 2019.

| | |
|---|---|
| */s/ John R. Bevis* | */s/ Robert D. Cheeley* |
| Roy E. Barnes | Robert D. Cheeley |
| GA Bar No. 039000 | GA Bar No. 122727 |
| John R. Bevis | Julia A. Merritt |
| GA Bar No. 056100 | GA Bar No. 159038 |
| Benjamin R. Rosichan | |
| GA Bar No. 296256 | |
| | |
| **BARNES LAW GROUP, LLC** | **CHEELEY LAW GROUP, LLC** |
| 31 Atlanta Street | 2500 Old Milton Parkway |
| Marietta, Georgia 30060 | Suite 200 |
| Tel: (770) 227-6375 | Alpharetta, GA 30009 |
| Fax: (770) 227-6373 | Tel: (770) 861-4100 |
| roy@barneslawgroup.com | Fax: (678) 559-0273 |
| bevis@barneslawgroup.com | bob@cheeleylawgroup.com |
| brosichan@barneslawgroup.com | julia@cheeleylawgroup.com |

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Clerk of Court using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record. Parties may access this filing through the Court's system.

This 15th day of August, 2019.

                **BARNES LAW GROUP, LLC**

                */s/ John R. Bevis*_____
                John R. Bevis
                Georgia Bar No. 056110