UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br>This document relates to *Rita Sostre v. Johnson & Johnson, et al.*, No. - | MDL No. 2738 (FLW) (LHG) |

## SHORT FORM COMPLAINT

## AND JURY DEMAND

The Plaintiff named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United Stated District Court for the District of New Jersey. Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint,* where certain claims require specific pleadings and/or amendments, Plaintiff shall add and include there herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff**

1. Name of individual injured due to the use of talcum powder product(s):
   **Rita Sostre**

2. At the time of the filing of the specific case, Plaintiff is a citizen of:
   **Allentown, Pennsylvania**

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium:
   **Jose L. Sostre**

4. Survival and/or Wrongful Death Claims:
   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: **N/A.**

5. Plaintiff was born on **09/21/1951,** and died on **N/A.**

6. Plaintiff is filing this case in representative capacity as the __N/A__ of the __N/A__, having been duly appointed as the __N/A__ by the __N/A__ Court of __N/A__.

7. As a result of using talcum powder products, Plaintiff suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   |         |                                   |
   |---------|-----------------------------------|
   | __x__   | injury to herself                 |
   | ____    | injury to the person represented  |
   | ____    | wrongful death                    |
   | ____    | survivorship action               |
   | __x__   | economic loss                     |
   | __x__   | loss of services                  |
   | __x__   | loss of consortium                |
   | ____    | other : _____    |

**Identification of Defendants**

8. Plaintiff is suing the following Defendants:

    | x | Johnson & Johnson |
    | x | Johnson & Johnson Consumer, Inc. |
    | x | Imerys Talc America, In. ("merys Talc") |
    | x | Personal Care Products Council ("PCPC") |

**Additional Defendants:**

Other(s) Defendant(s) (please specify: _____

_____

_____

## JURISDICTION AND VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

    __x__  Diversity of Citizenship

    _____  Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure.) _____

_____

_____

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

**Eastern District of Pennsylvania**

## SPECIFIC CASE FACTS

11. Plaintiff currently resides in (City, State): **721 E. Wayne Avenue, Allentown, PA 18103**

12. At the time of the Plaintiff's diagnosis with a talcum powder product(s) injury, Plaintiff resided in (City/State):

    **Allentown, Pennsylvania**

13. The Plaintiff was diagnosed with a talcum powder product(s) injury in (City/State) (date):

    **Puerto Rico in November of 2017.**

14. To the best of Plaintiff's knowledge, Plaintiff began using talcum powder product(s) on or about the following date: **1970**

    and continued the use of talcum powder product(s) through about the following date:

    **Continued use for approximately 47 years thereafter**

15. The Plaintiff purchased talcum powder product(s) in the following state(s):

    **Pennsylvania and New York**

16. Plaintiff used the Following talcum powder products:

    **Johnson & Johnson's Baby Powder**

## CAUSES OF ACTION

17. Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiffs:

- Count I: Products Liability – Strict Liability – failure to Warn (Against Imerys Talc)

- Count II: Products Liability – Strict Liability – Failure to Warn (against the Johnson & Johnson Defendants)

- Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

- Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Johnson & Johnson Defendants)

- Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

- Count VI: Breach of Implied Warranty of Merchantability (against the Johnson & Johnson Defendants)

- Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

- Count VIII: Negligence (Against Imerys Talc)

- Count IX: Negligence (Against Johnson & Johnson Defendants)

- Count X: Negligence (Against PCPC)

- Count XI: Negligent Misrepresentation (Against Johnson & Johnson Defendants)

- Count XII: Fraud (Against Johnson & Johnson Defendants)

- Count XIII: Fraud (Against PCPC)

- Count XIV: Violation of State Consumer Protection Laws of the State of Pennsylvania (Against the Johnson & Johnson Defendants).

- Count XV: Fraudulent Concealment (Against Imerys Talc)

- Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

- Count XVII: Fraudulent Concealment (Against PCPC)

- Count XVIII: Civil Conspiracy (Against All Defendants)

- Count XIX: Loss of Consortium (Against All Defendants)

- Count XX: Punitive Damages (Against All Defendants)

- Count XXI: Discovery Rule and Tolling (Against All Defendants)

- Count XXII: Wrongful Death (Against All Defendants)

- Count XXIII: Survival Action (Against All Defendants)

- Furthermore, Plaintiff asserts the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above. Plaintiff includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive damages, interests, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

                                          Respectfully submitted by:

                                          */s/Irene M. McLafferty*
                                          Irene M. McLafferty, Esquire
                                          Counsel for Plaintiff
                                          Messa & Associates, P.C.
                                          123 S. 22nd Street
                                          Philadelphia, PA  19103
                                          215-568-3500
                                          215-568-3501 – fax

DATED: 10/23/19