

**WALSH
PIZZI
O'REILLY
FALANGA**

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

November 1, 2019

**VIA ELECTRONIC MAIL**
All Counsel of Record

  Re: *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
    Case No. 3:16-md-02738-FLW-LHG

Dear Counsel:

  By Orders of the Honorable Freda L. Wolfson, U.S.D.J. dated August 30, 2017 (D.I. 536) and September 11, 2017 (D.I. 704), I was appointed as Special Master for the purpose of overseeing discovery disputes that may arise in the above-captioned multi-district litigation ("MDL"). This MDL contains product liability cases in which Plaintiffs allege that certain Johnson & Johnson products containing talcum powder (the "Products") have been the cause of ovarian cancer for thousands of women who have used the Products.[1]

  This dispute relates to the recent recall of certain of Johnson & Johnson ("J&J") talcum powder by the FDA after the determination that certain of the Products contain asbestos. Both the PSC and J&J have submitted proposed orders regarding the procedure for preserving and testing samples relating to this recall. I am in receipt of and have analyzed J&J's letter of October 25, 2019 and attachments, the PSC's letter of October 31, 2019 and attachments, as well as various email communications between the parties. In addition, I reviewed the January 31, 2018 Order and an email sent on behalf of Chief Judge Freda L. Wolfson, U.S.D.J to the parties on October 31, 2019. Subsequently, on October 31, 2019, I held a telephone conference with the parties.

  I conclude that the interests of the parties are adequately protected by the terms of the order presented by J&J on October 25, 2019. J&J's proposed order provides for the safeguarding of the recalled product. I find that the proposed order provides for product testing. Further, it provides an opportunity for independent testing and it is consistent with the protocol for product testing that was adopted for historical samples in the prior order and stipulation dated January 31, 2018.

---

[1] I do not provide a detailed factual and procedural background, as I write for the benefit of the Court and the parties, all being familiar with the facts of this case.

All Counsel of Record
November 1, 2019
Page 2

      Thus, I am simultaneously herewith entering J&J's proposed order (the "Order"). I am entering the terms of that order on a going forward basis with respect to the product subject to the recall and the testing. The Order is being entered without prejudice to the PSC making subsequent requests for relevant discovery as to the recall process and the testing of the recalled product.

      Very truly yours,

      */s/ Joel A. Pisano*

      Joel A. Pisano

cc:    Honorable Freda L. Wolfson (*via ECF and First-Class Mail*)
       Honorable Lois H. Goodman (*via ECF and First-Class Mail*)