UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 2738

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
Deputy Clerk

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., oppose both motions. Defendants Cyprus Mines Corporation, Cyprus Amax Minerals Company, PTI Royston, LLC, and PTI Union, LLC, oppose the motion to vacate with respect to the *Abram* action.

In support of their motions to vacate, plaintiffs argue that federal subject matter jurisdiction over their actions is lacking, and that plaintiffs' pending motions for remand to state court should be decided before transfer. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). We are not persuaded by plaintiffs' argument that their jurisdictional objections should be treated differently because remand purportedly is compelled under controlling case law. We regularly order transfer of actions over similar objections, consistent with the well-established principle that the Panel lacks the authority under Section 1407 to decide questions going to the jurisdiction or merits of a case. *See, e.g., In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018). Plaintiffs can present their remand arguments to the transferee judge.

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder*

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

*Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Both of the actions listed on Schedule A share multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

## SCHEDULE A

<u>Eastern District of Missouri</u>

DENWIDDIE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:19−02652
ABRAM, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:19−02711