# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON<br>TALCUM POWDER PRODUCTS<br>MARKETING, SALES PRACTICES<br>AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 |
| This Document Relates to: | 3:16-md-02738-FLW-LHG |
| Melissa Parsons and Terry Lee Parsons,<br><br>v.<br><br>Johnson & Johnson,<br>Johnson & Johnson Consumer, Inc.<br>f/k/a Johnson & Johnson Consumer<br>Companies, Inc. and<br>Pikeville Radiology, PLLC<br><br>Civil Case No. 3:19-cv-21967-FLW | |

## PLAINTIFFS' REPLY TO THE JOHNSON & JOHNSON DEFENDANTS'[1] MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

---

[1] The Johnson & Johnson Defendants include Johnson & Johnson and Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies Inc.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION……………………………………………………………...…………… 1

ARGUMENT………………………………………………………………………………….. 1

    Neither the Third Circuit nor this Court
    apply fraudulent misjoinder to conjure diversity ……………………………………... 1

    It is proper to join product liability and medical malpractice
    Defendants under Rule 20 where both cause plaintiff's damages……………….......... 5

    The test for joinder is not whether the claims arise from the same
    Source of law……………………………………………………….………………..... 6

    Fraudulent misjoinder requires a Rule 20 joinder
    and "egregious" analysis………………………………………….…………………..….... 7

    MDL is not in and of itself reason to sever…………………………………….............9

    The empty chair defense is a compelling reason not to sever……...………………..........10

CONCLUSION…………………………………………………………………………………. 11

i

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Ash v. Providence Hosp.,*
2009 U.S. Dist. LEXIS 12794, 2009 WL 424586
(S.D. Ala. February 17, 2009)……………......................................................................10

*Asher v. Minnesota Mining & Manufacturing Co.,*
2005 U.S. Dist. LEXIS 42266, 2005 WL 1593941
(E.D. Ky. June 30, 2005)…………......................................................................................8, 9

*Asher v. Minnesota Mining & Manufacturing Co.,*
2005 U.S. Dist. LEXIS 25564, 2005 WL 8164926
(E.D. Ky. October 27, 2005)……………......................................................................9

*Burgman v. Costco,*
2019 U.S. Dist. LEXIS 222928, 2019 WL 7373010
(D.N.J. December 31, 2019)……………….......................................................................1

*Brown v. Endo Phar., Inc.,*
38 F. Supp.3d 1312 (S.D. Ala. 2014)……………......................................................................2

*DirectTV, Inc. v. Leto,*
467 F.3d 842 (3d Cir. 2006)……………..….…………………………………...………7

*Echols v. OMNI Medical Group, Inc.,*
751 F. Supp.2d 1214 (N.D. Okla. 2010)……………………….……………...........3, 10

*In re Fosamax (Alendronate Sodium) Products Liability Litigation (No. II),*
751 F.3d 150, 2014 U.S. App. LEXIS 8187,
CCH Prod. Liab. Rep. P19, 2014 WL 1687811
(D.N.J. April 30, 2014)........................................................................................................ 3

*Grennell v. Western Southern Life Ins. Co.,*
298 F. Supp.2d 390
(S.D.W.Va. 2004)……………..…………….…………………………………….…8, 9

*Gonzales v. Wal-Mart Stores, Inc.,* 2014 U.S. Dist. LEXIS 78879,
2014 WL 2591690 (D. Nev. May 22, 2014)……………………………………………………6

*Hagans v. Rogers,*
570 F.3d 146 (3d Cir. 2009)…....…………….………………………………………………7

*Hagensicker v. Boston Sci. Corp.,*
2012 U.S. Dist. LEXIS 32715,
2012 WL 836804 (W.D. Miss. March 12, 2012) …..................................................................2, 3

*Hampton v. Insys Therapeutics, Inc.,*
319 F. Supp. 3d 1204 (D. Nev. 2018)…………………………………………………………..2

*Handshoe v. DePuy Synthes Sales, Inc.,*
2019 U.S. Dist. LEXIS 145057, 2019 WL 4039623
(E.D. Ky. Aug. 27, 2019) .......................................................................................................8, 9, 10

*Hughes v. Sears, Roebuck and Co.,*
2009 U.S. Dist. LEXIS 82550, 2009 WL 2877424
(N.D. W.Va. September 3, 2009) ……………….   …………………………………………….8

*Jacques v. Hyatt Corp.,*
2012 U.S. Dist. LEXIS 102289, 2012 WL 3010969
(N.D. Cal. July 23, 2012)...........................................................................................................6

*Jamison v. Purdue Pharma Co.,*
251 F. Supp. 2d 1315 (S.D. Miss. February 5, 2003)…………………………………………..2

*In re Liu,*
290 S.W.3d 515
(Tex. App. - Texarkana 2009)…………………………………………………………………..7

*Lipson v. Metro Corp. Holdings, Inc.,*
2019 U.S. Dist. LEXIS 107773, 2019 WL 2636081
(D.N.J. 2019)…………………………………………………………………………………….7

*Lyons v. Lutheran Hosp.,*
2004 U.S. Dist. LEXIS 20255 (S.D. Ind. September 15, 2004)…………………...……....2, 6, 11

*Morris v. Paul Revere Ins. Grp.,*
986 F. Supp. 872 (D.N.J. 1997)…………..……………………………………………………7

*Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.,*
790 F. Supp. 2d 590
(E.D. Ky. 2011)……………………………………………………………………………...…6

*Newman-Green, Inc. v. Alfonso-Larrain,*
490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893
(1989)………………………………………....................................................................................2

*In re Plavix Product Liability & Marketing Litigation,*
2014 U.S. Dist. LEXIS 14290, 2014 WL 4954654
(D.N.J. Oct. 1, 2014) ……………………………………………………….............1, 2, 3, 4, 5

*Reuter v. Medtronic, Inc.,*
2010 U.S. Dist. LEXIS 118216, 2010 WL 4628439
(D.N.J. November 5, 2010)……………………………………………...…..5, 7, 8, 9, 10

*Rolfe v. Biomet, 2014 U.S. Dist. LEXIS 120796,*
2014 U.S. Dist. LEXIS 120796, 2014 WL 4261635
(E.D. Mo. August 29, 2014)…………………………...………………………………….5

*Saviour v. Stravropoulos et. al.,*
2015 U.S. Dist. LEXIS 150793, 2015 WL 6810856
(E.D. Pa. November 5, 2015)……………….........................................................................10

*Stone-Jusas v. Wal-Mart Stores, Inc.,*
2014 U.S. Dist. LEXIS 148674, 2014 WL 5341686
(D. Nev. Oct. 20, 2014)………………………………………………………………………6

*Tapscott v. MS Dealer Service Corp.,*
77 F.3d 1353 (11th Cir. 1996)……………………………………………………………….7

*Turner v. Ethicon Endo-Surgery, Inc.,*
2003 U.S. Dist. LEXIS 21644, 2003 WL 22872103
(E.D. La. December 2, 2003)……………………………………………………………..5

*United Mine Workers of Am. v. Gibbs,*
383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218
(1966)…………………………………………..………………………………………….7

*Waterloov Gutter Protection Sys. Co. v. Absolute Gutter Protection, L.L.C.,*
64 F. Supp.2d 398 (D.N.J. 1999)…...…..…………………………………………………7

*Watford v. Balicki,*
2010 U.S. Dist. LEXIS 42344, 2020 WL 1752510
(D.N.J. April 30, 2010)……...…………...…………………………………………………7

*Williams v. Altman,*
2013 U.S. Dist. LEXIS 281, 2013 WL 28378
(E.D.Ky. January 2, 2013)……………………………...…………………………………..5, 9, 10

*Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,*
726 F. Supp. 950, 951 (S.D.N.Y. 1989)…………………………………………....………….6, 7

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,*
2016 U.S. Dist. LEXIS 110644
(E.D. La. August 19, 2016)……………………………………..…………..…………...5, 11

## TREATISE

7 CHARLES ALAN WRIGHT ET AL.,
FEDERAL PRACTICE AND PROCEDURE § 1653……………………………………………6

## STATUTE

Ky. Rev. Stat. Ann. § 411.182……………………………………………………..……...10, 11

## RULES

Fed. R. Civ. P. 20…………………………………………………………………....…7, 8, 11

Fed. R. Civ. P. 21……………………………………………………………………...3, 11

Fed. R. Civ. P. 54(b)………………………………………….…………….………………3

Fed. R. Civ. P. 82……………………………………………………………………….2

Come the Plaintiffs, Melissa Parsons and Terry Parsons, by counsel, and for Plaintiffs' Reply to the Johnson & Johnson Defendants' (hereinafter "J&J") Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("J&J Memo."), state as follows.

## INTRODUCTION

J&J argues that this Court should not properly remand this matter "for one fundamental reason: plaintiffs' medical malpractice claim against Pikeville [Radiology PLLC] is fraudulently misjoined with their product-liability claim against the removing defendants [J&J]." J&J Memo., Dkt. #12277 at 1. However, knowing that the Third Circuit and this Court do not recognize fraudulent misjoinder and refuse to apply same to conjure diversity, J&J argues this Court nonetheless "should sever the malpractice claim against the nondiverse defendants [sic]" to create federal jurisdiction. J&J Memo., Dkt. #12277 at 1. Respectfully, each of these arguments must fail for the additional reasons discussed below.

## ARGUMENT

### *Neither the Third Circuit nor this Court apply fraudulent misjoinder to conjure diversity*

Once again, no matter how badly J&J wishes otherwise, the Third Circuit and this Court do not recognize fraudulent misjoinder and do not apply fraudulent misjoinder to conjure diversity. *See In Re Plavix Product Liability and Marketing Litigation*, 2014 U.S. Dist. LEXIS 142910, 2014 WL 4954654 (D.N.J. October 1, 2014); *See also Burgman v. Costco*, 2019 U.S.Dist. LEXIS 222928, 2019 WL 7373010 (D.N.J. December 31, 2019). In fact, "an overwhelming number of courts in this district have declined to apply the fraudulent misjoinder doctrine . . . . Indeed, these New Jersey district courts decisions find substantial support in other decisions across the country. A review of federal cases reveals that the consensus amongst other courts is against the adoption of such a doctrine." *Plavix* at *639 - 642.

Like many other courts, this Court has articulated a number of reasons why application of fraudulent misjoinder is not warranted. *Plavix* at *637-638, 642-646. These include "the fraudulent misjoinder doctrine amounts to an improper expansion of the scope of federal jurisdiction by federal courts," "the issue of misjoinder should be resolved by the state courts as a matter of removal jurisprudence," the "enormous judicial confusion and inconsistencies engendered by the doctrine," questions as to "what facts constitute egregious misjoinder under the doctrine," "removal statutes should be strictly construed," and "all doubts regarding the propriety of removal are to be resolved in favor of remand." *Id.*

This Court's concern that "the fraudulent misjoinder doctrine amounts to an improper expansion of the scope of federal jurisdiction by federal courts" is well taken.  In fact, Fed. R. Civ. P. 82 provides "[t]hese rules do not extend or limit the jurisdiction of the district courts." This includes Fed. R. Civ. P. 21. *See e.g. Lyons v. Lutheran Hosp.*, 2004 U.S. Dist. LEXIS 20255 (S.D. Ind. September 15, 2004); *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1321 & n.6 (S.D. Miss. February 5, 2003).  In fact, concerning Rule 21 severance, the Supreme Court of the United States has instructed that courts "should carefully consider whether the dismissal of a non-diverse party will prejudice **any** of the parties in the litigation," and to only do so "sparingly." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). In turn, courts have criticized the use of Rule 21 to sever non-diverse defendants in order to create federal jurisdiction. *See e.g. Hampton v. Insys Therapeutics, Inc.*, 319 F.Supp.3d 1204, 1213-14 (D. Nev. 2018) (collecting cases and pointing out that it is impermissible for a court without jurisdiction to create jurisdiction by severance); *Brown v. Endo Phar., Inc.*, 38 F.Supp.3d 1312, 1326-27 (S.D. Ala. 2014) ("Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent"); *Hagensicker v. Boston*

*Sci. Corp.*, 2012 U.S. Dist. LEXIS 32715, 2012 WL 836804 at *4 (W.D. Miss. March 12, 2012) (refusing to sever non-diverse defendants through Rule 21 because it would "create subject matter jurisdiction where it would otherwise not exist"); *Echols v. OMNI Medical Group, Inc.*, 751 F.Supp.2d 1214, 1217 (N.D. Okla. 2010) (severance under Rule 21 to create diversity jurisdiction "constitute[s] an impermissible use of the federal rules to extend federal diversity jurisdiction under Rule 82").

J&J alleges that the Third Circuit adopted fraudulent misjoinder by silent implication in *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.* (No. II), 751 F.3d 150, 2014 U.S. App. LEXIS 8187, CCH Prod. Liab. Rep. P19, 387, 2014 WL 1687811 (D.N.J. April 30, 2014). J&J Memo., Dkt. #12277 at 10-13. This Court has already noted that "the issue of fraudulent misjoinder was not on appeal before the Third Circuit" in *Fosamax*. *Plavix*, *supra* at fn. 12. In fact, the only "jurisdiction" addressed by the Third Circuit in *Fosamax* was whether or not the Court had "appellate jurisdiction" over what started out as a "premature appeal." *Id*. at 155-156. The Court ultimately ruled that it had jurisdiction because the parties "obtained certification from the District Court under Rule 54(b) for 'entry of a final judgment as to one or more, but fewer than all, claims or parties' . . . . [and] [o]btaining a final judgment cure[d] the jurisdictional defect of an otherwise premature appeal." *Id*. *Fosamax* simply had nothing to do with a district court's diversity jurisdiction. Taking J&J's argument to the extreme, one could argue that appellate courts silently and impliedly adopt as law anything that is not before the court on appeal at any time. That is not the law.

J&J also overreaches when it argues that this Court should adopt fraudulent misjoinder because "whatever factual differences existed in *Plavix* pale in comparison" to those in the case at

3

bar. J&J Memo., Dkt. #12277 at 13-14. However, this Court summarized the factual differences in *Plavix* as follows:

> Between 2012 and 2014, Plaintiffs filed these instant actions, involving numerous individual plaintiffs from forty-five states, Ontario, and Puerto Rico, in the California State Superior Court located in San Francisco, California. In each of these Complaints multiple plaintiffs are joined; forty-five out of the sixty member cases subject to this motion have at least one named plaintiff from New York, New Jersey, or Delaware. There are nine cases that have at least one named plaintiff from California. In the remaining six cases, Plaintiffs are completely diverse from BMS, Sanofi and McKesson (the "Completely Diverse Cases"). As for the citizenship of Defendants: BMS is headquartered in New York; Sanofi-Aventis U.S. LLC and Sanofi-Aventis U.S., Inc. are French companies with their American headquarters in New Jersey; Sanofi-Synthelabo, Inc. is a Delaware corporation with its headquarters in New York; and McKesson is a Delaware corporation with its headquarters in California. Because there is at least one non-diverse plaintiff in each of these cases, except for the Completely Diverse Cases, on the face of these Complaints, complete diversity is lacking.
>
> . . . .
>
> As a result of [the] alleged wrongful acts, omissions, and fraudulent representations by Defendants, Plaintiffs assert, inter alia, various product liability and fraud claims against BMS, Sanofi, and McKesson, collectively. Specifically, Plaintiffs bring state law claims of: (1) design defect; (2) manufacturing defect; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) deceit by concealment under California law; (7) negligent misrepresentation; (8) fraud by concealment; (9) violations of California Business & Professions Code § 17200; (10) violations of California Business & Professions Code § 17500; (11) violations of the California Consumers Legal Remedies Act; and (12) wrongful death.

*Plavix* at 612-613. In comparison, in the case at bar, there is one Plaintiff[2] with one injury/damage that was caused by two Defendants - J&J and Pikeville Radiology, PLLC. Respectfully, if anything, "whatever factual differences [exist] in [this case] pale in comparison" to those in *Plavix*.

---

[2] Plaintiff Melissa Parson's husband, Terry Parsons, has also asserted a claim for loss of consortium.

4

### *It is proper to join product liability and medical malpractice defendants under Rule 20 where both cause plaintiff's damages*

J&J nonetheless continues to argue that the Court should decline to apply the reasoning of *Plavix* to the "unique circumstances" of this case. J&J Memo., Dkt. #12277 at 13. J&J claims "court after court has applied the doctrine of fraudulent misjoinder in almost the exact circumstances presented in this case." J&J Memo., Dkt. #12277 at 5. However, joining products liability and medical malpractice defendants who jointly cause plaintiff's damages is not "unique." In fact, just the opposite is true. Courts, including New Jersey, have refused to apply the doctrine of fraudulent misjoinder in such cases. *See e.g. Reuter v. Medtronic, Inc.*, 2010 U.S. Dist. LEXIS 118216, 2010 WL 4628439 (D.N.J. November 5, 2010) (refusing to apply fraudulent misjoinder because it was proper to join a medical malpractice claim with a product liability claim where both defendants jointly caused plaintiff's damages); *Williams v. Altman*, 2013 U.S. Dist. LEXIS 281, 2013 WL 28378 (E.D.Ky. January 2, 2013) (refusing to apply fraudulent misjoinder where plaintiff joined medical malpractice and product liability defendants because defendants jointly caused plaintiff's damages); *Rolfe v. Biomet*, 2014 U.S. Dist. LEXIS 120796, 2014 WL 4261635 at *1-2 (E.D. Mo. August 29, 2014) (holding that even the passage of 14 months between the different events giving rise to the plaintiff's product liability claims and medical malpractice claims did not mean they were egregiously joined); *Turner v. Ethicon Endo-Surgery, Inc.*, 2003 U.S. Dist. LEXIS 21644, 2003 WL 22872103, at *1-*2 (E.D. La. December 2, 2003) (joinder of product liability and medical malpractice claims deemed proper); *Lyons, supra* (joinder was proper where "[defendant's] defective product caused [plaintiff's decedent] to return to the hospital a few days after the surgery [where] decedent encountered the negligence that most immediately caused her death"); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 110644 (E.D. La.

5

August 19, 2016) (joinder proper where "Plaintiffs contend that the Pharmaceutical Defendants, Dr. Kane, and Reliant are each responsible for [decedent's death] on a variety of theories").

### *The test for joinder is not whether the claims arise from the same source of law*

J&J argues the Court should sever the medical malpractice claim from the products liability claim because they arise from different types of liability. J&J Memo., Dkt. #12277 at 14, 16-24. However, "the test for joinder is not whether claims arise from the same source of law." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011). In fact, "[t]he majority of courts have found that joinder of defendants is proper where"—as is the case here—the defendants "are alleged to be successive tortfeasors who each contributed to the same injury." *See Gonzales v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 78879, 2014 WL 2591690, at *4 (D. Nev. May 22, 2014) (collecting cases), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 78877, 2014 WL 2591499 (D. Nev. June 10, 2014). *See also* 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1653, at 410-11 (3d ed. 2001) (courts permit "an injured plaintiff to join both the original tortfeasor and a second tortfeasor whose subsequent negligence aggravated plaintiff's original injuries" because they arise out of the "same transaction or occurrence"); *Stone-Jusas v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 148674, 2014 WL 5341686, at *2, *5 (D. Nev. Oct. 20, 2014) (declining to sever plaintiff's premises liability and automobile negligence claims when plaintiff alleged her slip-and-fall injuries were exacerbated by a car accident that occurred several months later); *Jacques v. Hyatt Corp.*, 2012 U.S. Dist. LEXIS 102289, 2012 WL 3010969, at **1-2, *6 (N.D. Cal. July 23, 2012) (joining premises liability claim based on a slip and fall with a products liability claim based on an allegedly defective knee brace that allegedly exacerbated the plaintiff's injury after his slip and fall); *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950, 951 (S.D.N.Y.

6

1989) (joinder proper where a medical provider's alleged negligence exacerbates a preexisting injury caused by an allegedly defective product); *In re Liu*, 290 S.W.3d 515, 524 (Tex. App. - Texarkana 2009) (finding joinder of the allegedly negligent motorist's insurance carrier and the surgeon who operated on the plaintiff's arm after the car accident proper).

### *Fraudulent misjoinder requires a Rule 20 joinder and "egregious" analysis*

As previously noted by Plaintiffs herein, even if the Third Circuit and this Court were to adopt fraudulent misjoinder, a Rule 20[3] joinder and "egregious" analysis would still be required. *Lipson v. Metro Corp. Holdings, Inc.*, 2019 U.S. Dist. LEXIS 107773, 2019 WL 2636081 (D.N.J. 2019) at 4-5. *Reuter v. Medtronic, Inc.*, *supra,* in holding that joinder of a medical malpractice claim with a products liability claim was proper where both defendants jointly caused plaintiff's damages, discussed the Rule 20 and egregious analysis:

> Party joinder is permissible under FRCP 20(a) when the claim "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and involves "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *see also Waterloov Gutter Protection Sys. Co. v. Absolute Gutter Protection, L.L.C.*, 64 F. Supp. 2d 398, 407 (D.N.J. 1999) (*citing Morris v. Paul Revere Ins. Grp.*, 986 F. Supp. 872, 885-86 (D.N.J. 1997)). Misjoinder occurs when a party is joined on the basis of a claim that does not involve common questions of law or fact or does not arise from the same transaction. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006). Fraudulent misjoinder, however, contemplates something more than "mere misjoinder." *Tapscott*, 77 F.3d at 1360. Instead, the misjoinder must be so "egregious" under the applicable rule that there is "no real connection" between the claims asserted against the two parties. *Triggs*, 154 F.3d at 1289.
>
> Generally, the joinder rules favor "entertaining the broadest possible scope of action consistent with fairness to the parties," and, more specifically, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Courts give the permissive joinder rule liberal construction in the interest of trial convenience and judicial economy. *See Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *Watford v. Balicki*, No. 09-5271, 2010 U.S. Dist. LEXIS 42344, 2010 WL 1752510, at *6 (D.N.J. April 30, 2010) (*citing Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

---

[3] Rule 20 of the Federal Rules of Civil Procedure and Rule 20 of the Kentucky Rules of Civil Procedure contain virtually identical language.

*Reuter* at *14 -16.

In order to sidestep Rule 20 and the "egregious" standard required for fraudulent misjoinder, J&J instead argues that a less strict test should apply – i.e. "whether there is even arguably a reasonable basis for predicting that the state court would find that the claims were properly joined," citing *Asher v. 3M*, 2005 U.S. Dist. LEXIS 42266, 2005 WL 1593941 (E.D.Ky. June 30, 2005)[4] in support of same. J&J Memo., Dkt. #12277 at 15-16. *Asher* was a dust mask case against multiple manufacturers and distributers in which the Court was dealing with whether or not **81 *plaintiffs*** from different states, each with different sets of facts and circumstances, and each with different sets of potential multiple defendants, were properly joined in the same action. *Id.* at 41. *Asher* simply noted that a minority of courts sometimes use a less strict test to determine whether ***plaintiffs*** from different states are properly joined as opposed to the "egregious" test used to determine if claims against nondiverse defendants are properly joined. *Id.* at 32-33. *Asher* explained:

> Likewise, in *Grennell v. Western Southern Life Ins. Co.*, 298 F.Supp.2d 390 (S.D.W.Va.. 2004), the court explained why a less strict standard should be applied to determine whether plaintiffs were fraudulently misjoined than in determining whether a nondiverse defendant had been fraudulently joined:
>
>> When a court holds that a defendant has been fraudulently joined, its only course of action is to dismiss the defendant from the case, thus potentially extinguishing (and certainly complicating) a plaintiff's opportunity to recover from the now-absent party. Upon a finding that nondiverse plaintiffs have been fraudulently joined, however, the court may sever the claims of the nondiverse plaintiffs and remand them to state court. Thus, a plaintiff's ability to recover

---

[4] Of note, *Handshoe v. DePuy Synthes Sales, Inc.,* 2019 U.S. Dist. LEXIS 14507, 2019 WL 4039623 (E.D.Ky. August 29, 2019), cited by Plaintiffs in Plaintiffs' Memorandum in Support of Motion to Remand, Dkt. #11877-1, criticizes *Asher*, stating "[i]n this District [Eastern District of Kentucky], *Asher* flies solo." J&J also cites *Hughes v. Sears, Roebuck and Co*., 2009 U.S. Dist. LEXIS 82550, 2009 WL 2877424 (N.D. Va. September 3, 2009) which severed a products liability claim from a medical malpractice claim contrary to the number of jurisdictions finding it improper to do so noted above. Neither *Asher* nor *Hughes* are controlling.

8

> when a court denies a motion to remand based on fraudulent joinder of plaintiffs is much less at risk than when the court takes the same action because of fraudulent joinder of defendants. [Grennell] at 396-97.

*Asher* at 32-33. The Court found that limited severance of the 81 plaintiffs was appropriate only because in each of the 81 claims the manufacturers of the masks were different, the retailers were different, the plaintiffs allegedly used different masks for varying periods of time and suffered varying degrees of harm, and the safety information conveyed by each company and received by each plaintiff was likely different. *Id.* at 41. Ironically, the Court ultimately also remanded the claims back to state court despite granting severance because it found plaintiffs had asserted colorable claims against the resident defendants. *Asher v. Minn. Mining & Mfg. Co.*, 2005 U.S. Dist. LEXIS 25564, 2005 WL 8164926 at 18 (E.D. Ky. October 27, 2005).

Even if the Court were to adopt the less strict test proposed by J&J, it is clear that Plaintiffs in this case pass same. In other words, applying J&J's test, there is at least arguably a reasonable basis for predicting that both New Jersey and Kentucky, to and from which this case was improperly removed, would find that the claims were properly joined. *See e.g. Reuter*, *supra* (joinder of a medical malpractice claim with a products liability claim was proper where both defendants jointly caused plaintiff's damages); *Williams, supra* (refusing to apply fraudulent misjoinder where plaintiff joined medical malpractice and product liability defendants because defendants jointly caused plaintiff's damages). As noted in *Handshoe*, *supra,* "the causation and apportionment of fault for [plaintiff's] alleged injuries implicate common questions of fact and law as to all defendants." *Handshoe* at 12.

### *MDL is not in and of itself reason to sever*

In criticizing *Handshoe, supra,* J&J would have this Court sever the nondiverse defendant simply because there is an MDL. J&J Memo., Dkt. #12277 at 22-24. However, in addition to the

9

other MDL cases already cited in Plaintiffs' Memorandum of Law in Support of Motion for Remand, a number of additional courts have likewise declined to sever non-diverse defendants even with a pending MDL. *See e.g. Williams, supra; Saviour v. Stavropoulos et al.*, No. 15-5362, 2015 U.S. Dist. LEXIS 150793, 2015 WL 6810856, at *4-5 (E.D. Pa. Nov. 5, 2015); *Echols, supra*; *Ash v. Providence Hosp.*, 2009 U.S. Dist. LEXIS 12794, 2009 WL 424586, at *9 n.19 (S.D. Ala. Feb. 17, 2009). Moreover, the Court in *Handshoe* only noted the lack of a pending MDL **after** the Court already remanded based on many of the reasons set forth herein and in Plaintiffs' Memorandum of Law in Support of Motion to Remand, such as "jurisdictional presumptions," "the questionable basis of the Court's authority to conduct fraudulent-misjoinder analysis," "complexities of fraudulent misjoinder and its relative lack of necessity," "the numerous unsettled doctrinal questions," and "the resulting anomaly of involving federal courts in deciding issues of state joinder law" *Id.* at 9-10. In other words, the lack of an MDL was not determinative in *Handshoe*.

### *The empty chair defense is a compelling reason not to sever*

J&J does not deny that Plaintiffs will face empty chairs if the Court were to sever the Defendants and force separate trials in this case. J&J Memo., Dkt. #12277 at 24.[5] Rather, J&J does its best to downplay the empty chair defenses that severance would create. *Id.* As noted in Plaintiffs Memorandum in Support of Motion to Remand, a number of jurisdictions, including the District of New Jersey, have refused to sever claims due in part to the concern that plaintiffs would then have to battle empty chair defenses in separate trials. This is a very real concern and a compelling reason why courts have refused to place plaintiffs in such a position via severance. *See e.g. Reuter, supra* ("[t]o the extent each Defendant tries to shift liability, the design and

---

[5] J&J also misses or ignores that fact that KRS 411.182 mandates that the jury must determine the responsibility of each defendant for Plaintiffs' **"damages."** J&J Memo., Dkt. **#12277,** fn. #3.

10

manufacture of the product and [the malpractice defendant's] conduct will be central issues. Severing the claims . . . carries with it the potential for inconsistent verdicts"); *Lyons, supra* ("[i]n a series of separate trials, each defendant could try to defend itself by blaming the absent parties"); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 110644 (E.D. La. August 19, 2016) ("severance of the claims will force the [Plaintiffs] to litigate against the Pharmaceutical Defendants' empty chair at the state court proceeding. This would be no simple task. The Court is hesitant to place the [Plaintiffs] in such an untenable position"). Likewise, in this case, forcing Plaintiffs to face empty chairs in separate trials is a compelling factor precluding severance.

## **CONCLUSION**

Once again, even if fraudulent misjoinder were available in this federal circuit and district, J&J has failed to prove that the claims in this case have been "fraudulently misjoined." Each Defendant is responsible for a portion of Plaintiffs' exacerbated damages related to the ovarian cancer she developed as a result of J&J's defective products, each Defendant raises defenses of comparative and third-party fault for plaintiffs' injuries, and KRS 411.182 requires a single determination of damages and Defendants' respective responsibility for same. In turn, the claims were properly joined as mandated by KRS 411.182 and otherwise allowed by Rule 20.

J&J's request to sever-and-remand the claims against Pikeville Radiology pursuant to Rule 21 should be rejected because neither the Third Circuit nor this Court have adopted the doctrine of fraudulent misjoinder, and even if they did, they would then use a Rule 20 and "egregious" standard analysis to determine fraudulent misjoinder. Moreover, this Court does not have subject matter jurisdiction to make a discretionary severance decision, which is better left to the state court. Finally, severance would unfairly prejudice Plaintiffs, but in no way prejudice J&J or Pikeville Radiology.

For the additional reasons set forth above, Plaintiffs respectfully request the Court to remand this action to the Pike Circuit Court. Plaintiffs also respectfully request the Court to set this matter for hearing and oral argument in the event the Court is not inclined to immediately remand this matter.

Respectfully submitted,

GARY C. JOHNSON, P.S.C.

By:   /s/ Michael E. Liska
Gary C. Jonson
Michael E. Liska
Brittany Deskins Johnson
GARY C. JOHNSON, P.S.C.
110 Caroline Avenue
P. O. Box 231
Pikeville, Kentucky 41501
Telephone: (606) 437-4002
Facsimile: (606) 437-0021
gary@garycjohnson.com
mliska@garycjohnson.com
brittany@garycjohnson.com
*Co-Counsel for Plaintiffs*

-and-

Richard H. Friedman
Peter J. Mullenix
Friedman Rubin, PLLP
1109 1st Avenue
Suite 501
Seattle, Washington 98101
Telephone: (206) 501-4446
Facsimile: (206) 623-0794
RFriedman@friedmanrubin.com
PMullenix@friedmanrubin.com
*Co-Counsel for Plaintiffs*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicate on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that I served the foregoing on the following via either electronic mail or United States First Class Mail this the 28th day of February, 2020:

Clayton L. Robinson
Jonathan D. Weber
Robinson & Havens, PSC
101 Prosperous Place
Suite 100
Lexington, KY  40509
***Counsel for Defendant,***
***Pikeville Radiology, PLLC***

Carol Dan Browning
Stites & Harbison, PLLC - Louisville
400 W. Market Street
Suite 1800
Louisville, KY 40202
***Counsel for Defendant,***
***Johnson & Johnson and***
***Johnson & Johnson Consumer Inc.***
***f/k/a Johnson & Johnson Consumer Companies Inc.***

Zachary Myers VanVactor
Stites & Harbison, PLLC - Louisville
400 W. Market Street
Suite 1800
Louisville, KY 40202
***Counsel for Defendant,***
***Johnson & Johnson and***
***Johnson & Johnson Consumer Inc.***
***f/k/a Johnson & Johnson Consumer Companies Inc.***

Scott A. James
Shook Hardy & Bacon, LLP
600 Travis Street, Suite 3400
Houston, TX 77002-2926
*Counsel for Defendant,*
*Johnson & Johnson and*
*Johnson & Johnson Consumer Inc.*
*f/k/a Johnson & Johnson Consumer Companies Inc.*

Susan M. Sharko
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
*Counsel for Defendant,*
*Johnson & Johnson and*
*Johnson & Johnson Consumer Inc.*
*f/k/a Johnson & Johnson Consumer Companies Inc.*

John H. Beisner
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
*Counsel for Defendant,*
*Johnson & Johnson and*
*Johnson & Johnson Consumer Inc.*
*f/k/a Johnson & Johnson Consumer Companies Inc.*

                                                     /s/ Michael E. Liska
                                                  *Co-Counsel for Plaintiffs*