# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

## STATUS REPORT AND PROPOSED JOINT AGENDA
## FOR MAY 6, 2020 STATUS CONFERENCE

**I.      TRIALS AND CASE SPECIFIC WORK UP.**

**Plaintiffs' Position:** To date, no case-specific discovery has been conducted. The PSC will be prepared to discuss with the Court proposed Plaintiff Profile Forms and Defendants' Fact Sheets. Plaintiffs believe that case-specific discovery can be accomplished in an efficient manner. Following the completion of case-specific discovery, the PSC is prepared to proceed to trial in representative and instructive cases as well as have cases remanded to Transferor jurisdictions.

**Defendants' Position:** Priority should be given to setting trial dates as soon as possible. With that in mind, defendants do not believe the parties should at this stage of the litigation divert to a long process of preparing fact sheets for every plaintiff, which would serve only to delay commencement of trials. Defendants prefer the prompt creation of a small pool of plaintiffs about whom discovery could be completed quickly to provide a basis for selecting several cases that would be worked up fully for trial, which should not be delayed. Defendants oppose the use of Defense Fact Sheets and will work with the Plaintiffs and Special Master Hon. Joel Pisano for the prompt creation of instruments for fact discovery from the trial pool of plaintiffs.

## II.     LIABILITY DISCOVERY

**Plaintiffs' Position:** Prior to the *Daubert* hearing last July, the Court made clear that these MDL proceedings would be bifurcated into two phases with issues relating to "general causation" proceeding first and issues relating to Defendants' liability proceeding thereafter. *See e.g.*, Order of Feb 6, 2018, at pp. 1-2 (Pisano, J.) (Doc. 4173) ("In previous case management conferences, the Court has called for staging of discovery, with the initial focus on general causation."). In the first "general causation" phase, the Court permitted a limited number of science-focused 30(b)(6) depositions but prohibited the conduct of individual liability-based corporate depositions. By proceeding in this staged fashion, however, the Court correctly appreciated that the evidence the PSC would need to develop in the first "general causation" phase was not the same as – and was more narrow than – the evidence it would need to develop for the liability phase, *i.e.* the evidence it would need to prepare for a jury trial on the merits on all relevant issues.[1]

With the issuance of the Court's *Daubert* Opinion on April 27, 2020, the case now proceeds to the liability stage of these MDL proceedings. During this second stage, the PSC needs to further develop the factual record relating to Defendants' liability for the injuries caused by J&J's talcum powder products over the past decades.

The PSC will inform Defendants what additional discovery it needs to satisfy its duty to prepare a trial package and factual record for the benefit of the thousands of women whose claims make up this MDL. In so doing, the PSC wishes to emphasize that the liability discovery should proceed in parallel with any trial plan that the Court deems appropriate, including any bellwether trials and/or remands.

**Defendants' Position.** The Defendants disagree that extensive, if any further discovery is needed before trials may begin in the MDL given the massive amount of discovery which has been completed across all jurisdictions, primarily by the

---

[1] For example, the Court did not permit the PSC to conduct depositions of individual J&J corporate fact witnesses because their admissions would relevant for trial, but not for plaintiffs' causation witness's opinions. *See, e.g.,* Dec. 17, 2017 Status Conf. Tr. at p. 20: 20-25 ("That's great for a trial, to put before a jury. Look they admitted that there was a problem here. I understand that. But for your experts to opine, they have to independently and their own opinions stand on their own as to what they are relying on for the science."); *see also,* February 12, 2019 Status Conf. Tr. at p. 14 (same).

same lawyers as in the MDL. To the extent plaintiffs believe there is anything further that they specifically need, they should provide that promptly to the Defendants and if they parties cannot agree they will seek the assistance of Special Master Hon. Joel Pisano.

## III. REPORT ON FEDERAL DOCKET

As of May 1, 2020: There are currently 15,390 cases pending in the MDL in which the Johnson & Johnson Defendants have been served or in which Plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson Defendants (and have opened case numbers), totaling 16,440 Plaintiffs.

- **A.** There is currently one single-plaintiff case removed from Missouri state court and pending in the Eastern District of Missouri before Judge John A. Ross, *Velma Stalnaker, et al. v. Johnson & Johnson, et al*, Case No. 4:20-cv-00356-JAR, that the JPML has not yet transferred into the MDL). A motion to remand has been filed in this case.

- **B.** There are a handful of single-plaintiff cases that have been on CTOs and will be transferred in the near future to the MDL. These cases would not greatly affect the number of cases pending in the MDL absent the plaintiffs in the multi-plaintiff cases.

## IV. STATE COURT LITIGATION

As of May 1, 2020:

**California:** There are approximately 607 ovarian cancer cases involving 670 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*, Judicial Council Coordinated Proceeding No. 4877. These cases are assigned to Judge Daniel J. Buckley.

There has been one case, *Echeverria*, tried to verdict in California state court, which resulted in a plaintiff verdict against the Johnson & Johnson Defendants. The trial court granted the Johnson & Johnson Defendants' motions for judgment notwithstanding the verdict (JNOV) and, alternatively, for a new trial. The Court of Appeal of the State of California, Second Appellate District, Division Three affirmed the JNOV in favor of Johnson & Johnson, partially reversed the JNOV as

to JJCI as to liability, and affirmed the trial court order granting JJCI's motion for new trial.

**Delaware**: There are currently 9 cases pending in the Superior Court of Delaware in which the Johnson & Johnson Defendants have been served. All of the Delaware cases have been consolidated before the Hon. Charles E. Butler.

**Missouri:** There are currently 14 cases, with a total of 608 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which Defendants have been served.

There have been seven cases tried to verdict in Missouri state court.

Trial in the case of *Forrest v. Johnson & Johnson, et al.* resulted in a defense verdict on December 20, 2019 (individual claim filed in the multi-plaintiff *Vickie Forrest* matter). Plaintiffs did not appeal.

Trial in the case of *Daniels v. Johnson & Johnson, et al.* resulted in a defense verdict on March 3, 2017 (individual claim filed in the multi-plaintiff *Valerie Swann* matter). Plaintiffs did not appeal.

The Missouri Court of Appeals, Eastern District reversed and vacated the judgments against the Johnson & Johnson Defendants for lack of personal jurisdiction in the cases of *Jacqueline Fox*, *Gloria Ristesund*, *Deborah Giannecchini*, and *Lois Slemp*.

The appeal is pending from the judgment against the Johnson & Johnson Defendants in the multi-plaintiff *Gail Ingham, et al.* case. Oral argument before the Missouri Court of Appeals, Eastern District was held on April 24, 2020.

**New Jersey:** There are currently 600 cases pending in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300. All proceedings are stayed while the Appellate Division considers plaintiffs' appeal from Judge Johnson's ruling that the plaintiffs' expert testimony on general causation didn't meet the *Kemp* standards. Oral argument before the Appellate Division was held on October 24, 2019.

**Florida:** There are 37 cases pending in Florida state court.

**Georgia:** There are 34 cases pending in Georgia state court. One case, *Brower*, was tried in Fulton County, Georgia before Judge Jane Morrison, which ended in a mistrial on October 8, 2019 as a result of a hung jury. The retrial was set for April 8, 2020, but was postponed due to COVID-19. The new trial date is forthcoming.

**Illinois:** There are 43 cases pending in Illinois state court.

**Pennsylvania:** There are 21 cases pending in Pennsylvania state court.

**Louisiana**: There are 32 cases pending in Louisiana State Court.

**Arizona**: There is one case pending in Pima County, Arizona.

**Rhode Island**: There is one case pending in Providence County, Rhode Island.

**Virginia**: There is one case pending in Chesapeake County, Virginia.

## V.    STATUS OF CASES RE-FILED IN THE MDL PER CMO

There are 75 cases where Plaintiffs who were previously part of a multi-plaintiff complaint have filed short form complaints in this MDL proceeding but have not complied with CMO 8 in either serving the short form complaint on Defendants or filing a notice of filing on the master docket. *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file short form complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).

There are also 1,102 plaintiffs from multi-plaintiff cases pending in the MDL who have not filed Short Form Complaints pursuant to CMO 8. In 14 cases involving approximately 832 plaintiffs, motions to remand are pending and the filing of a Short Form Complaint is not appropriate at this time. Of the 1,102 who have not refiled an individual single plaintiff case in the MDL, 137 have refiled in non-MDL jurisdictions. The majority of these plaintiffs have re-filed in California and New Jersey per an agreement between Defendants and the PSC. The parties are working to submit a proposed order to dismiss the duplicate-filed MDL case with prejudice. There are approximately 135 plaintiffs who have not filed short form complaints pursuant to CMO 8. Defendants request that the Court order these

plaintiffs to file short form complaints by June 30, 2020. For any plaintiff who does not file a short form complaint by that date, defendants ask that the plaintiff's case be dismissed with prejudice. The PSC was provided a list of the 135 cases in question during the preparation of the status report and the parties will meet and confer with regard to the list.

## VI. DUPLICATE FILED CASES

There are 66 plaintiffs in this MDL who have multiple cases pending. For any case where it could not be decided which case should be dismissed, defendants request that Your Honor enter an Order to Show Cause as to why a particular case cannot be dismissed to be heard at the next status conference.

The PSC requests sufficient time to confer with counsel and reconcile whether these 66 cases are actually duplicate filings. The PSC will update the Court at the next status conference.

## VII. PLAINTIFFS' STEERING COMMITTEE'S COMMON BENEFIT ORDER

**PSC's Proposal:** On August 9, 2017, this Court entered Case Management Order No. 7 ("CMO-7"), which established standards and procedures for counsel seeking reimbursement from common benefit fees and costs and outlined the creation of a litigation fund. CMO-7 states "[a]t an appropriate time the Court will establish a mechanism for creating funds for reimbursing counsel for common benefit costs and awarding common benefit fees." The members of the PSC and common benefit attorneys have performed substantial amounts of work and have incurred significant expenses and will continue to do so. To ensure that common benefit attorneys are fairly compensated, the PSC will file a Motion shortly that seeks an order supplementing CMO-7 to establish a common benefit assessment for attorneys' fees and costs for each participating claimant or Plaintiff who receives monetary proceeds in the event her case is resolved through settlement or judgment.

## VIII. STATUS OF PENDING MOTIONS

Personal Care Products Council ("PCPC") filed a Motion for Summary Judgment on May 6, 2019 (Dkt. No. 9713). Plaintiffs filed a Motion to Hold in Abeyance Briefing Related to PCPC's Motion for Summary Judgment (Dkt. No. 9808). Plaintiffs argued that delaying briefing on PCPC's motion was necessary so that they could focus on briefing the *Daubert* motions. On May 21, 2019, the Court

6

granted Plaintiffs' motion. As the Court has issued an Order regarding the Daubert motions, PCPC respectfully requests that the Court lift the stay on PCPC's motion for summary judgment and enter a briefing schedule.

  The list of motions pending in individual cases is attached hereto as Exhibit A.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Facsimile: 973-360-9831
Email: susan.sharko@faegredrinker.com


*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-661-8301
Email: john.beisner@skadden.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

# EXHIBIT A

## STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Gavin, Sherron, et al. v. Johnson & Johnson, et al.* | 3:18-cv-10319 | Plaintiffs' Motion to Remand filed September 26, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed October 26, 2018. Fully briefed.<br><br>PTI Union, LLC's Motion to Dismiss for Failure to State a Claim filed July 9, 2018. Fully Briefed.<br><br>PTI Royston, LLC Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim filed July 9, 2018. Fully Briefed. |
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8.<br><br>Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Hannah, Dawn v. Johnson & Johnson, et al.* | 3:18-cv-01422 | Plaintiff's Motion to Remand filed March 5, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed 4/4/18. Fully briefed.<br><br>PTI Royston, LLC's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim filed June 12, 2018. Fully Briefed<br><br>PTI Union, LLC's Motion to Dismiss for Failure to State a Claim filed June 12, 2019. Fully Briefed. |
| *Cartwright, Darren v. Johnson & Johnson, et al.* | 3:18-cv-05535 | Plaintiffs' Motion to Remand filed July 25, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed August 24, 2018. Fully Briefed.<br><br>PTI Union, LLC's Motion to Dismiss for Failure to State a Claim filed June 12, 2018. Fully Briefed.<br><br>PTI Royston, LLC Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim filed June 12, 2018. Fully Briefed.<br><br>PTI Union, LLC's Motion to Sever Claims filed June 12, 2018. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Kassimali, Maureen, et al. v. Johnson & Johnson, et al.* | 3:18-cv-05534 | Plaintiffs' Motion to Remand filed July 25, 2018. Fully briefed.<br><br>Defendant Imerys' Motion to Dismiss filed August 24, 2018. Fully Briefed.<br><br>PTI Union, LLC's Motion to Dismiss for Failure to State a Claim filed June 12, 2018. Fully Briefed.<br><br>PTI Royston, LLC's Motion to Dismiss for Lack of Personal Jurisdiction filed June 12, 2018. Fully Briefed.<br><br>PTI Union, LLC Motion to Sever Claims filed June 12, 2018. Fully Briefed. |
| *Johnson, Amy v. Johnson & Johnson, et al.* | 3:18-cv-01423 | Plaintiffs' Motion to Remand filed September 26, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed October 26, 2018. Fully Briefed.<br><br>PTI Royston, LLC's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim filed June 12, 2018. Fully Briefed<br><br>PTI Union, LLC's Motion to Sever filed June 12, 2018. Fully Briefed<br><br>PTI Union, LLC's Motion to Dismiss for Failure to State a Claim filed June 12, 2018. Fully Briefed |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Reising, Amanda, et al. v. Johnson & Johnson, et al.* | 3:18-cv-10320 | Plaintiffs' Motion to Remand filed September 26, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed October 26, 2018. Fully Briefed.<br><br>PTI Royston, LLC's Motion to Dismiss for Failure to State a Claim filed July 9, 2018. Fully Briefed.<br><br>PTI Union, LLC's Motion to Dismiss for Failure to State a Claim filed Jul 9, 2019. Fully Briefed.<br><br>PTI Union, LLC Motion to Sever Claims filed July 9, 2019. Fully Briefed. |
| *Gibson, Cynthia v. Johnson & Johnson, et al.* | 3:18-cv-14637 | Plaintiffs' Motion to Remand filed November 1, 2018. Fully Briefed.<br><br>Imerys' Motion to Dismiss filed December 3, 2018. Fully Briefed.<br><br>PTI Union, LLC's Renewed Motion to Dismissed Plaintiffs; Petition for Failure to State a Claim filed November 5, 2018. Fully Briefed<br><br>PTI Union, LLC's Renewed Motion to Sever Claims filed November 5, 2018. Fully Briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed November 5, 2018. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Hittler, Lisa v. Johnson & Johnson, et al.* | 3:18-cv-17106 | Motion to Remand filed January 7, 2019. Fully briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed January 11, 2019 Fully Briefed.<br><br>PTI Union, LLC's Renewed Motion to Dismiss Plaintiffs' First Amended Complaint filed January 11, 2019.<br><br>PTI Union LLC's Motion to Sever filed January 11, 2019. Fully Briefed. |
| *Barsh, Eleanor v. Johnson & Johnson, et al.* | 3:18-cv-01464 | Motion to Remand filed January 9, 2019. Fully Briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed January 10, 2019. Fully Briefed.<br><br>PTI Union, LLC's Renewed Motion to Sever Claims filed January 10, 2019. Fully Briefed. |
| *Benford, Tashay, et al. v. Johnson & Johnson, et al.* | 3:19-cv-5590 | Motion to Remand filed March 8, 2019. J&J Defendants' opposition filed April 10, 2019. No Reply. Fully Briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdictions and Failure to State a Claim filed March 15, 2019. Fully Briefed.<br><br>PTI Union, LLC's Renewed Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim filed March 15, 2019. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *McConnell, Laura, et al.v. Johnson & Johnson, et al.* | 3:19-cv-09365 | Motion to Remand filed May 2, 2019. Fully Briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed May 8, 2019.<br><br>PTI Union, LLC's renewed Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim filed May 8, 2019. |
| *Bathon, Rebecca, v. Johnson & Johnson, et al.t al.* | 3:19-cv-16229 | Motion to Remand filed August 30, 2019. Opposition to Motion to Remand filed September 30, 2019. |
| *Abram, Edwina, et al. v. Johnson & Johnson, et al.* | 3:20-cv-01276 | Motion to Remand filed February 11, 2020. Fully Briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss. Fully Briefed.<br><br>PTI Union, LLC's Renewed Motion to Dismiss Plaintiffs' Petition for Failure to State a Claim. Fully Briefed. |
| *Kannady, Cynthia, et al.* | | Motion to Remand filed July 5, 2019. Fully Briefed.<br><br>PTI Union, LLC's Renewed Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim Filed July 2, 1029 Fully Briefed.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction Filed July 2, 2019 Fully Briefed. |
| *Hicks, Nancy Crew, et al. v. Johnson and Johnson, et al.* | 3:16-cv-07428 | Georgia Plaintiffs' Motion for Voluntary Dismissal Under Fed R. Civ. P. 41(a)(2). Fully Briefed. |
| *Marchetti, Cammy D., et al. v. Johnson & Johnson, et al.* | 3:16-cv-08082 | Georgia Plaintiffs' Motion for Voluntary Dismissal Under Fed R. Civ. P. 41(a)(2). Fully Briefed. |

14

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Strickland, Nell Rose, et al. v. Johnson & Johnson, et al.* | 3:16-cv-07337 | Georgia Plaintiffs' Motion for Voluntary Dismissal Under Fed R. Civ. P. 41(a)(2). Fully Briefed. |
| *Walker, Allison v. Johnson & Johnson, et al.* | 3:16-cv-07503 | Georgia Plaintiffs' Motion for Voluntary Dismissal Under Fed R. Civ. P. 41(a)(2). Fully Briefed. |
| *Mihalich, Barbara v. Johnson & Johnson Consumer Inc.* | 3:18-cv-12421 | Plaintiffs' Motion to Remand filed September 4, 2018. Fully Briefed. |
| *Bowie, George, et al. v. Johnson & Johnson, et al.* | 3:19-cv-13086 | Plaintiffs' Motion to Remand filed May 31, 2019. Fully Briefed. On January 15, 2020, the Johnson & Johnson Defendants filed a letter stating they do not oppose Plaintiffs' Motion to Remand. |