"ATTACHMENT A"

# CERTIFICATE OF TRUST

When you are called upon to act as Trustee, e.g., opening new accounts or acquiring new investments, you may be asked for a certified copy of your Trust. Many times the institution will ask for the "first and last pages" of the Trust as well as the Trustee's powers. What the institution is doing is verifying that a legal Trust has been established and that they are dealing with a proper trustee.

Rather than producing a copy of your entire Trust, the relevant portions of public interest are attached as the Certificate of Trust. Specifically, the Certificate of Trust sets forth the names of the Settlors, Trustees, Successor Trustees, the Trust name and the Trustee's Powers.

You should deliver this original Certificate of Trust to those who request it and let them make a copy of it for their records. Remember to request the original back.

# CERTIFICATE OF TRUST

Concurrently herewith, the undersigned entered into a revocable trust agreement in the capacity of Co-Settlors and Co-Trustees.

A summary of pertinent provisions is as follows:

1. The name of the Trust is THE FLOYD D. BALLIET and CORDA A.R. BALLIET FAMILY TRUST. For convenience, this Trust may be referred to as "THE BALLIET FAMILY TRUST."

2. The date of this Trust is _October 11_, 2005.

3. The Settlors have the power at any time or times during their joint lifetime to amend or revoke the trust.

4. If a Settlor is, at any time, unable or unwilling to serve as Trustee, or unable to manage his or her affairs, then the other Settlor shall serve as sole Trustee. If both Settlors are unable or unwilling to serve, or unable to manage their affairs, then the following individual(s) or organization(s) shall serve as successor Trustee(s) of the Trust, in the order named:

FIRST: LISA ANNA EGNER, Hesperia, CA and KELLY JEAN ARNOLD, Mesa, AZ serving together as successor co-Trustees

SECOND: The remaining first successor co-Trustee

5. The following applies to the powers of the Trustees or Successor Trustee(s):

While the Settlors are administering the Trust Estate as Co-Trustees, any powers and discretion granted to or vested in the Co-Trustees by law or under this Trust Agreement may be exercised by the Co-Trustees jointly, or by either of them individually, and the exercise of any power or discretion by one Co-Trustee in such case shall have the same force and effect as if exercised by both Co-Trustees. If any successor Trustee serves as a Co-Trustee, then any powers or discretion granted to or vested in such Co-Trustees shall be exercised jointly by both such successor Co-Trustees. With respect to each Trust created by this Trust Agreement, and the property of each Trust, the Trustee shall have, in addition to all other powers and discretion granted to or vested in the Trustee by law or by this Trust Agreement, all the rights, powers and discretion that an absolute owner of such property would have, including, but without limitation, the following:

A. To retain any property transferred, devised, or bequeathed to the Trustee, or any undivided interest therein, including the stock of any corporate Trustee, and general and limited partnership interests, regardless of any lack of diversification, risk, or non-productivity; provided, however, any beneficiary or beneficiaries entitled to receive income from any Trust created hereunder shall have the unrestricted right, at all times, to require the Trustee to make unproductive property productive or convert it to productive property within a reasonable time.

B. To invest, and reinvest Trust property, both principal and undistributed income, in any property or undivided interests therein, wherever located, including bonds, secured or unsecured notes, stock of corporations (including stock of any corporate Trustee), real estate or any interest therein, and interests in trusts (including common trust funds of any corporate Trustee), without being limited by any statute or rule of law concerning investments by Trustee, and to hold on deposit or to deposit any funds in one or more banks, credit unions, savings and loans, or other financial institutions (including any Trustee bank), in any form of account whether or not interest-bearing.

C. To sell, transfer, and convey any property of the Trust for cash or on credit at public or private sale; to purchase stocks on margin and operate a margin account; to exchange any property of the Trust for other property; to grant options to purchase or acquire any property of the Trust (including options exercisable after the termination of the Trust), and to determine the prices and terms of sales, exchanges and options; to lease for any period (including periods extending beyond the termination of this Trust) all or part of the property of the Trust upon such terms and conditions and for such consideration as the Trustee may deem advisable; to abandon items of Trust property deemed by the Trustee to be worthless or burdensome.

D. To develop, improve, lease, partition, abandon, subdivide, dedicate as parks, streets and alleys, and grant easements and rights-of-way with respect to any real property or improvements of the Trust, and to improve, construct, repair, alter, reconstruct, or demolish any such improvements.

E. To borrow money and to mortgage or pledge any property of the Trust, and to advance and lend the Trustee's own monies to the Trust and to charge the amount of such advancement or loan and interest thereon as a first lien against Trust property.

F. To operate and manage, at the sole risk of the Trust and not at the risk of the Trustee, any property or business received in trust either as a stockholder, partner or principal, so long as the Trustee deems necessary or advisable; to exercise all powers and execute all documents in furtherance of these activities.

G. To hold the assets of the several Trusts, shares or portions of Trusts created by this Trust Agreement as a single fund for joint investment and management without the need for physical segregation, dividing the income proportionately among them. Segregation of the various Trusts, shares or portions need only be made on the books of the Trustee for accounting purposes.

H. To carry, at the expense of the Trust, insurance of such kinds and in such amounts as the Trustee deems advisable to protect Trust property and the Trustee against any hazard, and to purchase policies of insurance on the life of any beneficiary of the Trust, and to continue in effect or to terminate any life insurance policy which may be owned or held by the Trust, and to pay, from income or principal, any premiums or other charges, and to exercise any and all rights or incidents of ownership in connection therewith; provided, however, the Trustee shall not apply any income or principal of the Survivor's Trust in payment of premiums or other charges on any such life insurance policies without the written consent of the surviving Settlor.

I. To pay all costs, charges, taxes, and expenses of the Trust, including a reasonable compensation to the Trustee for services hereunder, and to employ and compensate attorneys, accountants, and agents. Unless the Trustee's compensation is otherwise provided for in the Trust, reasonable compensation shall be the greater of (1) $15 per hour, or (2) the hourly wage or salary equivalent which the Trustee customarily receives in his or her regular employment, or (3) the standard fee schedule for a corporate Trustee.

J. To apportion receipts and disbursements of the Trust between principal and income on a reasonable basis, giving consideration, to the extent the Trustee deems advisable, to the Trustee's usual accounting practices and the official text of the Uniform Principal and Income Act, as revised from time to time by the National Conference of Commissioners on Uniform State Laws.

K. To commence or defend such litigation with respect to the Trust or any property of the Trust as the Trustee may deem advisable, at the expense of the Trust, and to compromise, abandon or otherwise adjust any claims or litigation against or in favor of the Trust.

L. To keep any property of the Trust in the name of a nominee with or without disclosure of any fiduciary relationship, except as may be required by the provisions of any applicable law or regulation.

M. To have the power to give proxies, pay assessments, or to expend any sums deemed necessary by the Trustee and to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, and liquidations, and to participate in and deposit securities with any creditors, bondholders, stockholders, or other protective committee.

N. To make any distribution or division of Trust property in cash or in kind, or both, and to allot different kinds of disproportionate shares of property or undivided interests in property among the beneficiaries or portions, and to determine the value of any such property; and to continue to exercise any powers and discretion herein given for a reasonable period after the termination of the Trust, but only for so long as no rule of law relating to perpetuities would be violated.

O. To purchase United States Treasury bonds for the Trust Estate, redeemable at par for payment of federal estate taxes, if the Trustee receives notice from the family or principal physician of either Settlor that he or she has a limited life expectancy. The Trustee may obtain funds for the purchase of such bonds either by selling assets of the Trust Estate or by borrowing funds and pledging or otherwise encumbering assets of the Trust Estate to secure such loans. If Co-Trustees are administering the Trust Estate, any power or discretion set forth in this paragraph may be exercised by the Co-Trustees jointly, or by one of them individually, and the exercise of any power or discretion by one Co-Trustee shall have the same force and effect as if exercised by the Co-Trustees jointly.

P. To purchase from, sell to, borrow from, lend to, or otherwise deal with any beneficiary of the Trust, or the Personal Representative or conservator of any beneficiarys' estate, or any corporation, association, partnership, estate, trust or firm with which the Trustee or any beneficiary may be affiliated or in which the Trustee may have an interest.

Q. While one or both Settlors are still living, to continue any gifting program which Settlors may have instituted for and on behalf of any person, whether or not such person is a remainder beneficiary of this Trust. Any such continuation shall be in conformance with the amounts, manner, frequency, and procedure as has been established by Settlors or Settlor.

R. Receive and Exchange Information. Settlors intend that the Trustee or Successor Trustee be treated as Settlors would be with respect to Settlors' rights regarding the use and disclosure of Settlors' health information or other medical records. This release authority applies to any information governed by the Health Insurance Portability and Accountability Act of 1996 (aka HIPAA), 42 USC 130d and 45 CFR 160-164. The Trustee is authorized to receive information in Settlors' health care records and exchange information with any of Settlors' health care providers such as physicians, health care professionals, dentists, health plans, hospitals, clinics, laboratories, pharmacies, or other health care providers, any insurance company, and the Medical Information Bureau, Inc., or other health care clearing house, including information regarding Settlors' health history; any diagnosis, treatment or prognosis Settlors have had; even if such includes information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV), behavioral or mental health services, or treatment for alcohol and drug abuse. Settlors understand that once the above information is disclosed, it may be redisclosed by the Trustee and the information may not be protected by federal privacy laws or regulations. Settlors understand authorizing the use or disclosure of

this information identified is voluntary. The authority given to Trustee has no expiration date and shall expire only if Settlors revoke the authority in writing.

Regardless of any other provision contained herein to the contrary, when in the process of determining a Settlor's incapacity, all individually identifiable health information and medical records may be released to the person who is nominated as the Successor Trustee, including any written opinion relating to a Settlor's incapacity that the person so nominated may have requested.

DATED: _October 11_, 2005.

_____
FLOYD D. BALLIET,
Settlor and Trustee

_____
CORDA A.R. BALLIET,
Settlor and Trustee

STATE OF ARIZONA )
) ss.
County of Maricopa )

The foregoing instrument was acknowledged before me this 11 day of _Oct_, 2005, by FLOYD D. BALLIET and CORDA A.R. BALLIET, in the capacity of Settlors and Trustees.

_____
Notary Public                My Commission Expires:

JASON ARMSTRONG
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Commission Expires
09/15/2006