# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>PAMELA LINDNER and TIMOTHY WHEELER,<br><br>                    Plaintiffs,<br>v.<br><br>JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER INC.,<br><br>                    Defendants. | MDL NO. 16-2738 (FLW) (LHG)<br>JUDGE FREDA L. WOLFSON<br>MAG. JUDGE LOIS H. GOODMAN<br><br>FIRST AMENDED COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: _____<br><br>DIRECT FILED ACTION |

## FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiffs named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiffs incorporate by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiffs file this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

1

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured due to the use of talcum powder product(s):

PAMELA LINDNER

2. At the time of the filing of the specific case, Plaintiffs are a citizen of

Florida

3. Consortium Claim(s): The following individual alleges damages for loss of consortium: TIMOTHY WHEELER

4. Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: N/A

5. Plaintiff/Decedent was born on July 4, 1970, and died on N/A.

6. Plaintiff is filing this case in a representative capacity as the _____ of the _____, having been duly appointed as the _____ by the _____ Court of _____.

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    __X__ injury to herself

    _____ injury to the person represented

    _____ wrongful death

    _____ survivorship action

    __X__ economic loss

    __X__ loss of services

    __X__ loss of consortium

    _____ other: _____

**Identification of Defendants**

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply):

    ☒ Johnson & Johnson

    ☒ Johnson & Johnson Consumer Inc.

    ☐ Imerys Talc America, Inc. ("Imerys Talc")

    ☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐ Other(s) Defendant(s) (please specify): _____

_____

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

☒ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

_United States District Court for the Middle District of Florida_

## CASE SPECIFIC FACTS

11.  Plaintiff currently resides in (City, State):

Palm Bay, FL                                                                                                    .

12.  At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

Palm Bay, FL                                                                                                    .

13.  The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): Melbourne, FL on 12/18/2016 (date).

14.  To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date:  1970's and continued the use of talcum powder product(s) through about the following date: 1980's.

15.  The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)):  Florida                                                                           .

16.  Plaintiff/Decedent used the following talcum powder products:

   ☒ Johnson & Johnson's Baby Powder

   ☒ Shower to Shower

## CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

- ☐ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

- ☒ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

- ☐ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

- ☒ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

- ☒ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

- ☒ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

- ☒ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

- ☐ Count VIII: Negligence (Against Imerys Talc)

- ☒ Count IX: Negligence (Against the Johnson & Johnson Defendants)

- ☐ Count X: Negligence (Against PCPC)

- ☒ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

- ☒ Count XII: Fraud (Against the Johnson & Johnson Defendants)

6

☐ Count XIII: Fraud (Against PCPC)

☒ Count XIV: Violation of State Consumer Protection Laws of the State of <u>Florida</u> (Against the Johnson & Johnson Defendants).

☐ Count XV: Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐ Count XVII: Fraudulent Concealment (Against PCPC)

☒ Count XVIII: Civil Conspiracy (Against All Defendants)

☒ Count XIX: Loss of Consortium (Against All Defendants)

☒ Count XX: Punitive Damages (Against All Defendants)

☒ Count XXI: Discovery Rule and Tolling (Against All Defendants)

☐ Count XXII: Wrongful Death (Against All Defendants)

☐ Count XXIII: Survival Action (Against All Defendants)

☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirement of the Federal Rules of Civil Procedure.

_____

_____

**WHEREFORE**, Plaintiffs pray for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: May 29, 2020                                              Respectfully Submitted by,

/s/ Meghan E. McCormick
Meghan E. McCormick
LEVIN SIMES ABRAMS LLP
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: mmccormick@levinsimes.com

/s/ Rachel B. Abrams
Rachel B. Abrams
LEVIN SIMES ABRAMS LLP
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: rabrams@levinsimes.com

Counsel for Plaintiffs