# Exhibit 72

# Exhibit 6

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DENISE SIMPSON, )
)
        *Plaintiff,* )   Case No. 2016 CA 001931 B
) Judge Marisa Demeo
v. )
) Next Event: June 17, 2016
)
) Initial Conference
)
JOHNSON & JOHNSON, *et al.,* )
)
        *Defendants.* )
)

## DECLARATION OF MARK POLLAK

Mark A. Pollak hereby declares, under penalty of perjury, as follows:

1. I am Senior Executive Vice President for Strategic Initiatives of the Personal Care Products Council ("PCPC"). I am over the age of twenty-one years, of sound mind, suffer no legal disabilities, and am fully competent in all respects to make this declaration. The statements below are based on my personal knowledge, investigation, and review of PCPC business records.

2. As Senior Executive Vice President for Strategic Initiatives, I am responsible for supervising a wide variety of PCPC's activities.

3. I have worked for PCPC and its predecessor, the Cosmetic, Toiletry, and Fragrance Association ("CTFA"), for thirty-three years, and I have been continuously employed here since February 1983. (For purposes of this affidavit, PCPC and CTFA will be collectively referred to as "PCPC.") Based on the positions I hold and have held, I am familiar with the general activities and day-to-day operations at PCPC, both at present and during my tenure at PCPC.

4. PCPC is a Washington, D.C.-incorporated and Washington, D.C.-based nonprofit

trade association for the cosmetic and personal care products industry.

5. Founded in 1894, PCPC represents more than 600 member companies who manufacture, distribute, and supply personal care products in the U.S.

6. PCPC's members include Johnson & Johnson Consumer Companies, Inc., Johnson & Johnson, Inc. and Imerys Talc America, Inc. ("Imerys").

7. PCPC does not manufacture, design, label, market, distribute, sell or lease any products.

8. PCPC does not regulate the cosmetics industry nor does it regulate its members. PCPC has no power to require or enforce any cosmetic manufacturer, supplier, distributor or seller to take any action with respect to cosmetic products.

9. In 1976, PCPC offered a guideline for testing whether asbestos was contained in cosmetic-grade talc. PCPC had no authority to enforce that guideline. In any event, that guideline is unrelated to Plaintiff's allegations, as she has not alleged that asbestos caused her ovarian cancer.

10. As a trade association, PCPC communicates and lobbies federal agencies on issues of interest to some or all of its members, which may involve issues of health, safety and/or products.

I declare under penalty of perjury, under the laws of the District of Columbia, that the foregoing is true and correct. Executed this 2nd day of May, 2016, in Washington, D.C.

_____
Mark A. Pollak

2