# Exhibit 77

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA NARD AND MARK NARD, )
)
      Plaintiffs, )
)
v. )
) Case No.:
JOHNSON & JOHNSON, *et al.*, )
)
      Defendants. )
)

## DECLARATION OF MARK POLLAK

I, Mark A. Pollak, hereby declare, under penalty of perjury, as follows:

1. I am Senior Executive Vice President for Strategic Initiatives of the Personal Care Products Council ("PCPC"). I am over the age of twenty-one years and of sound mind, suffer no legal disabilities, and am fully competent in all respects to make this declaration. The statements below are based on my personal knowledge, investigation, and review of PCPC business records.

2. As Senior Executive Vice President for Strategic Initiatives, I am responsible for supervising a wide variety of PCPC's activities.

3. I have worked for PCPC and its predecessor, the Cosmetic, Toiletry, and Fragrance Association ("CTFA"), for nearly thirty-four years, and I have been continuously employed here since February 1983. (PCPC and CTFA will be collectively referred to as "PCPC.") Based on the positions I hold and have held, I am familiar with the general activities and day-to-day operations at PCPC, both at present and during my tenure at PCPC.

4. PCPC is a Washington, D.C.-incorporated and Washington, D.C.-based nonprofit trade association for the cosmetic and personal care products industry.

5. Founded in 1894, PCPC represents more than 600 member companies who manufacture, distribute, and supply personal care products in the U.S.

6. PCPC does not manufacture, design, label, market, distribute, sell or lease any products containing talc or any other cosmetic products.

7. PCPC does not regulate the cosmetics industry nor does it regulate its members. PCPC has no power to require or enforce any cosmetic manufacturer, supplier, distributor or seller to take any action with respect to cosmetics.

8. As a trade association, PCPC communicates and lobbies federal agencies on issues of interest to some or all of its members, which may involve issues of health, safety and/or products.

9. Members of PCPC pay dues that are based on the amount of the member company's total personal care product sales. Any change in the sales of talc products by Johnson & Johnson and Imerys would have only a *de minimis* effect on their member dues and, in turn, only a *de minimis* effect on the total dues collected by PCPC.

I declare under penalty of perjury, under the laws of the District of Columbia, that the foregoing is true and correct. Executed this 10th day of February, 2017, in Washington, D.C.

_____
Mark A. Pollak

2