# Exhibit 80

```
 1            SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

 2                            CIVIL DIVISION

 3    _____
                                    :
 4    DENISE CECELIA SIMPSON, et al  :
                                    :
 5            Plaintiffs,           :
      v.                            : Civil Action No.
 6                                  :
      JOHNSON & JOHNSON, et al,     : 2016 CA 1931 B
 7                                  :
              Defendant.            :
 8    _____:
                                      Washington, DC
 9                                    January 13, 2017

10            The above-entitled action came on for a hearing
      before the Honorable MARISA DEMEO, Associate Judge, in
11    Courtroom Number 311, commencing at approximately 2:35 p.m.

12            THIS TRANSCRIPT REPRESENTS THE PRODUCT
              OF AN OFFICIAL REPORTER, ENGAGED BY
13            THE COURT, WHO HAS PERSONALLY CERTIFIED
              THAT IT REPRESENTS THE TESTIMONY
14            AND PROCEEDINGS OF THE CASE AS RECORDED.

15       APPEARANCES:

16       On behalf of the Plaintiff:
         James Green, Esquire
17       Patrick Lyons, Esquire

18       On behalf of Defendant PCPC:
         James Billings-Kang, Esquire
19
         On Behalf of Defendant Imerys:
20       Angela Hart-Edwards, Esquire

21       On Behalf of Defendant Johnson & Johnson:
         Chad Coots, Esquire
22

23

24    Sherry T. Lindsay, RPR                      (202) 879-1050
      Official Court Reporter
25
```

1

```
 1  not general public transportation by taxi companies.  As the
 2  Court has listened very carefully to each side of the
 3  argument, it really -- plaintiff's arguments focused
 4  primarily on this -- call it logical thinking which is if
 5  the trade association is representing members and the
 6  members have commercial interests, therefore the Court must
 7  conclude that the trade association is a commercial
 8  interest, as opposed to a public interest.  However, the
 9  Court distinguishes between when a trade association is
10  promoting a specific product or the benefits of a specific
11  product versus when a trade association is speaking more
12  generally about products and the health and safety of those
13  products as opposed to a specific commercial product named.
14           The Court does find in this case that PCPC has
15  made a prima facie showing that its alleged acts were made
16  in furtherance of the right of advocacy on issues of public
17  interest.  So I am focusing now on the public interest
18  component.  This is because plaintiff's complaint does not
19  allege that PCPC made any representations regarding a
20  particular product, only about the safety of talc in
21  general.  Further, defendant PCPC is a nonprofit trade
22  association.  It does not manufacture, design or sell any
23  products.  As a result, PCPC does not have, this Court
24  concludes, a commercial interest to protect.  While
25  plaintiff argues that PCPC does represent the commercial
```

```
 1   the plaintiff.  While plaintiff does argue both in her
 2   briefs and oral arguments and in her complaint that PCPC and
 3   the other defendants acted in concert to collectively defend
 4   talc use and that these statements, in which they were
 5   directed to the other defendants, that is, PCPC's statements
 6   to the other defendants, that those would not be acts in
 7   furtherance of a right of advocacy.  The plaintiff fails to
 8   show what these statements were or how they would further
 9   her underlying claims.  This Court find that plaintiff's
10   additional argument fails.
11            This Court, in light of the full analysis of the
12   elements that are required for the prima facie showing,
13   which is the plaintiff's burden initially, this Court does
14   conclude that the prima facie showing that a claim -- that
15   the claim at issue arises from an act in furtherance of the
16   right of advocacy on issues of public interest has been met.
17   The burden has been met by the plaintiff.  That brings the
18   Court to then the motion shall be granted, unless the
19   responding party demonstrates that the claim is likely to
20   succeed on the merits, in which case the motion shall be
21   denied.
22            So the -- going back to the Mann case for a
23   moment -- again, citing to the Mann case, 2016 DC.App. Lexis
24   435, decided on December 22nd, 2016, the Court of Appeals
25   said that we conclude that in considering a special motion
```