IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| IN RE: JOHNSON & JOHNSON | : | Civil Action No. 3:16-md-2738- |
| TALCUM POWDER PRODUCTS | : | FLW-LHG |
| MARKETING, SALES PRACTICES: | | |
| AND PRODUCTS LIABILITY | : | MDL No. 2738 |
| LITIGATION | : | |

---

## JOINT SUBMISSION ON REMAINING GENERAL CAUSATION DAUBERT ISSUES

Under the Court's *Daubert* order, the parties were "directed to confer and raise any issues with respect to specific experts, *e.g.*, qualifications, that are not covered by this Opinion, within 45 days of the date of the accompanying Order." (Order at 2-3). The parties have conferred and report as follows:

**A. Areas of Agreement**

The parties agree that the Court's rulings on the parties' experts' epidemiology and Bradford-Hill analyses will be binding on all experts who offer opinions in those areas.[1] To the extent these experts seek to offer opinions not

---

[1] Thus, the Court's rulings on the Plaintiffs' Steering Committee's (PSC) experts Dr. Anne McTiernan, Dr. Daniel Clarke-Pearson, and Dr. Arch Carson will be binding on the PSC's other general causation and biologic plausibility experts: Drs. Patricia Moorman, Jack Siemiatycki, Sonal Singh, Rebecca Smith-Bindman, Ellen Blair Smith, Judith Wolf, Sarah Kane, Shawn Levy, Laura Plunkett, and Judith Zelikoff. Similarly, the Court's rulings as to defendants' general causation and biologic plausibility experts will be binding on: Drs. Karla Ballman, Michael Birrer, Jonathan Borak, Kevin Holcomb, Christian Merlo, Nadia Moore, Brooke Mossman, Cheryl Saenz, Ie-Ming Shih, Robert Kurman and Kelly Tuttle.

covered by the Court's rulings, any challenges will be offered in connection with pre-trial motions prior to future trials. The parties agree that the rulings on Dr. Longo will be binding on Dr. Rigler. Plaintiffs have indicated that they will not be using Dr. Zambelli-Weiner as an expert witness and that the motion as to that expert is therefore moot.

### B. Motions and Issues to be Resolved

1. The motions as to Drs. Crowley, Campion, Kessler and as to parts of Dr. Plunkett's opinions remain to be decided. The parties agree that it makes sense to defer ruling on these motions until plaintiffs designate their experts for the first trial in the event that these experts are not designated.

2. The motions on the geology experts – Drs. Cook and Krekeler (PSC) and Drs. Poulton and Webb (defendants) remain to be decided. The PSC would like rulings on these motions now so that the testimony of their expert geologists can be preserved for use in the Trial Package to be prepared by the PSC for use by plaintiffs in individual cases. The defendants believe that rulings on these motions should be made in connection with trial to the extent they are actually designated as trial witnesses.

3. The PSC asks that the Court rule on its motion to exclude the opinions of Dr. Anne Wylie and Dr. Melinda Darby Dyer. The motion has been fully briefed. At this point, defendants haven not decided whether they will call these two

scientists as experts at the first trial, and there is no urgency to resolve the motions. Thus, defendants suggest that the Court could defer resolving the motions until the parties designate trial witnesses.

4. It is defendants' position that there are other issues that remain to be ruled upon such as the admissibility of the plaintiffs' fragrance opinions, MUC-1 antibody theory, and heavy metal theories, and the qualifications of certain experts to offer specific opinions to the extent not yet addressed by the Court. Defendants recognize that the Court briefly addressed heavy metals in a footnote to the *Daubert* order, but seek to verify whether that footnote constitutes a ruling on all the heavy metal theories being offered by plaintiffs' experts. It is the PSC's position that the issues raised by the defendants were adequately addressed by the Court's Order in relation to its general causation experts. Specifically, the Court carefully analyzed the issue of heavy metals in footnote 39 of its Opinion, ruling that as a part of their biologic plausibility opinions the PSC's experts may testify that the presence of heavy metals contributes to the carcinogenicity of the talcum powder products. Thus, the PSC's position is that no further analysis of these issues is needed.

                                  Respectfully submitted,

                                  *s/Susan M. Sharko*
                                  Susan M. Sharko
                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                  600 Campus Drive
                                  Florham Park, New Jersey 07932
                                  Telephone: 973-549-7000

Facsimile: 973-360-9831
Email: susan.sharko@faegredrinker.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-661-8301
Email: john.beisner@skadden.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com
