# Ex. B

```
 1                UNITED STATES DISTRICT COURT

 2                   DISTRICT OF NEW JERSEY

 3

 4      -------------------------------x

 5      IN RE JOHNSON & JOHNSON          ) MDL No.

 6      TALCUM POWDER PRODUCTS           ) 16-2738 (FLW)(LHG)

 7      MARKETING SALES PRACTICES,       )

 8      AND PRODUCTS LIABILITY           )

 9      LITIGATION                       )

10                                       )

11      THIS DOCUMENT RELATES TO         )

12      ALL CASES                        )

13      -------------------------------x

14

            VIDEOTAPED 30(b)(6) DEPOSITION OF DEFENDANT

15                PERSONAL CARE PRODUCTS COUNCIL,

         by and through its Designated Representative,

16

                           MARK POLLAK

17

                         WASHINGTON, D.C.

18

                    WEDNESDAY, AUGUST 29, 2018

19

                             9:30 A.M.

20

21

22

23

24      Reported by: Leslie A. Todd
```

```
 1   scope.
 2              THE WITNESS:  And I don't know.
 3   BY MR. GOLOMB:
 4       Q    And none of the documents that you
 5   reviewed to prepare for your deposition here today
 6   assisted you in that way?
 7       A    So, again, I -- if I recall,
 8   Nichols-Dezenhall was involved perhaps with a
 9   focus group.  I know they had some involvement
10   with the issue and made a proposal, but I...
11       Q    Okay.  If you assume for the purpose of
12   my question that both the Weinberg Group and
13   Nichols-Dezenhall were both hired around the time
14   of -- in 2000 when the NTP was reviewing whether
15   or not to include talc as a carcinogen, I want you
16   to assume that to be true for the purposes of my
17   question.
18              So as you sit here today, you've never
19   read the Weinberg report as it relates to talc?
20              MR. LOCKE:  Objection.  Beyond the
21   scope.
22              THE WITNESS:  I don't recall ever seeing
23   it.
24   BY MR. GOLOMB:
```