UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL FILED AGAINST PERSONAL CARE PRODUCTS COUNCIL* | Civil Action No. 3:16-md-2738-FLW-LHG<br><br>MDL No. 2738 |

**CONSOLIDATED MOTION TO SEAL CERTAIN ACCOMPANYING EXHIBITS TO PLAINTIFFS' OPPOSITION IN RESPONSE TO DEFENDANT PERSONAL CARE PRODUCT COUNCIL'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure and Local Civil Rules 5.3(c) and 7.1, the Plaintiffs' Steering Committee hereby files this consolidated motion to file under seal certain exhibits attached to Plaintiffs' Opposition in Response to Defendant Personal Care Product Council's Motion for Summary Judgment. (ECF No. 13573.) In their Opposition, Plaintiffs filed a number of exhibits temporarily under seal because the documents had been initially produced by Defendants as confidential in this litigation pursuant to the Confidentiality Order (ECF No. 118.)

Pursuant to Local Civil Rule 5.3(c)(2)(i), Plaintiffs, the Johnson & Johnson Defendants, Imerys Talc America, Inc., and Personal Care Products Council conferred. The Johnson & Johnson defendants advised that it is not their position

that their documents which were filed as exhibits are protected hence they do not need to be filed under seal, and Plaintiffs, PCPC, and Imerys conferred and determined that a large number of documents produced by PCPC or Imerys and filed temporarily under seal were either not confidential in the first place or that PCPC or Imerys no longer claim confidentiality on these documents.[1]

The list of the remaining nine (9) exhibits subject to this consolidated motion to seal that either Defendants PCPC or Imerys assert claims of confidentiality are attached as **Appendix 1.**

As to Exhibits 17, 46, 51, 100, and 130 in Appendix 1, PCPC asserts that these documents meet the requirement for sealing under Local Civil Rule 5.3(c) because the information contained in these documents represents internal, proprietary, and non-public information reflecting PCPC's analysis and strategy in legal and regulatory affairs. More specifically, the foregoing documents contain confidential information unrelated or irrelevant to this litigation, consist of draft versions of documents where final versions exist, or are otherwise prejudicial to Defendant PCPC.

---

[1] Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 40, 41, 42, 44, 45, 47, 54, 55, 62, 63, 64, 66, 69, 70, 71, 81, 85, 86, 87, 88, 98, 101, 102, 103, 105, 106, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121, 122, 123, 124, 125, 126, 127, 128, and 129. The Johnson & Johnson Defendants therefore take no position on this motion.

PCPC has a legitimate interest in protecting its business records, including meeting minutes and materials exchanged among its members, insofar as such materials have no bearing on this litigation. The U.S. Supreme Court has held that protection is required for information, maintained in confidence, that has been "acquired or compiled by a corporation in the course and conduct of its business . . . to which the corporation has the exclusive right and benefit." *Carpenter v. United States*, 484 U.S. 19, 26 (1987). Accordingly, courts have held that "[c]onfidential business information" may be protected by the equitable authority of the courts, such as "through the injunctive process or other appropriate remedy." *Id.*

Addressing each exhibit in turn:

- Exhibit 17 contains draft meeting minutes and therefore may not accurately portray the events or conversations reflected. As an alternative to sealing this document, Plaintiffs could file a final version of the meeting minutes.

- Exhibit 46 contains a third-party proposal that Plaintiffs know PCPC did not accept. It was produced by and represents the views of a third-party, not PCPC. Provided the lack of relevance, including this as a public exhibit is more prejudicial to PCPC than helpful to deciding the pending motion.

- Exhibit 51 apparently is a draft transcript of a meeting discussing myriad topics that have nothing to do with talc and, therefore, are irrelevant to this litigation. Insofar as Plaintiffs insist on making this Exhibit public, Plaintiffs should

3

redact the subject matters not relevant to the pending motion.  Additionally, this exhibit should be replaced by a final version of any transcript.

- Exhibit 100 is a draft document that was neither prepared by nor submitted by PCPC and accordingly is not relevant to the pending Motion. Public disclosure of this document would be more prejudicial to PCPC than serving any interest of the public.

- Exhibit 130 are documents relating to a Board of Director's meeting, including numerous topics that have nothing to do with talc and are irrelevant to this litigation.  Insofar as Plaintiffs insist on making this exhibit public, Plaintiffs should redact the subject matters not relevant to the pending motion.

PCPC will be seriously injured if the documents are unsealed because it would enable Plaintiffs to disclose PCPC's private, business activities that have no relation to the claims against PCPC, and in some instances, it would allow plaintiffs and the public to draw erroneous, negative inferences that would be highly prejudicial to PCPC.  PCPC's analysis of and development of strategies with respect to the legal and regulatory matters identified in these exhibit is proprietary and was not intended for public viewing. *See, e.g., Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. CIVA 3-6025FLW, 2007 WL 2085350, at *9 (D.N.J. July 18, 2007) (finding in defendant's favor to seal subject studies, analyses and underlying data that would not be publicly available, but for the discovery process in this litigation, and that the

materials are generally maintained as highly confidential). Like the defendant's concern in *Bracco,* Plaintiffs "pick and choose information … [that] falsely suggest that there are issues" with PCPC's conduct. 2007 WL 2085350, at *8. PCPC would be irreparably harmed by the disclosure of its internal analysis and strategy with respect to how it operates and addresses these regulatory matters, especially ongoing issues unrelated to talc.

PCPC is not aware of a less restrictive alternative except as noted above, but it welcomes any suggestion by the parties or the Court. It is PCPC's understanding that only Plaintiffs object to their sealing request, but Plaintiffs have not identified any public interest served by the unsealing of these particular exhibits. Based on the foregoing, PCPC respectfully requests that these exhibits be sealed or alternatively, modified as suggested.

Of the fourteen (14) Imerys documents temporarily filed under seal, Imerys has agreed to waive the confidentiality designation on all but four of those documents. As to the documents Imerys maintains confidentiality (Exhibits 53, 56, 60, and 61 in Appendix 1), Imerys asserts that these documents meet the requirement for sealing under Local Rule 5.3(c) because the information contained in these documents represents internal, proprietary, and non-public information reflecting Imerys' analysis and strategy in legal and regulatory affairs.

"The sealing of [confidential materials] is an accepted practice in the District of New Jersey." *Jazz Pharms., Inc. v. Amneal Pharms. LLC*, Civil Action No. 13-391, 2018 U.S. Dist. LEXIS 112778, at *4 (D.N.J. July 6, 2018). "[T]he inclusion of trade secrets and other confidential information warrants the sealing of such documents," particularly where the information "might harm a litigant's competitive standing." *Id.* at *3. Courts have not hesitated to seal documents consisting of "privileged communications and commercially, sensitive, proprietary non-public information" including documents discussing a party's "analysis of and strategies developed with respect to legal matters." *Argush v. LPL Fin.*, Civil Action No. 13-7821, 2016 U.S. Dist. LEXIS 198349, at *8 (D.N.J. Dec. 7, 2016).

Each of the exhibits marked confidential by Imerys contains "trade secrets and other confidential information" that "warrant the seeking of such documents." *Mylan Pharms., Inc. v. Celgene Corp.*, Civil Action No. 14-2094, 2017 U.S. Dist. LEXIS 93910, at *4 (D.N.J. June 19, 2017). Specifically, Exhibit 53 is an internal email related to the ACGIH review and includes communications with Bill Kelly, an outside attorney/lobbyist, Imerys retained with respect to that review. The email contains a description of the work the outside attorney/lobbyist was retained to do, as well as strategy related to Imerys' response to the ACGIH review. Exhibit 56 is an internal email related to the use of unpublished data for the CIR review, including a strategical discussion of what to present to the CIR. Exhibit 60 is an internal email

6

related to the parameters for the hiring of contractors, generally, and of hiring Bill Kelly (an outside attorney/lobbyist) specifically. Exhibit 61 is also an internal email related to Imerys' strategy with respect to the CIR review, including the work done by Mr. Kelly.

Imerys' analysis of and development of strategies with respect to these legal and regulatory matters is proprietary and was not intended for public viewing. Imerys has ongoing participating in regulatory matters. Imerys would be irreparably harmed by the disclosure of its internal analysis and strategy with respect to how it handles these regulatory matters. Therefore, Imerys requests that Exhibits 53, 56, 60, and 61 be filed under seal.

Because of the important public health concerns addressed in these documents, Plaintiffs oppose the sealing of these documents. Even with a confidentiality order in place for discovery materials, a party seeking to seal documents still has to show "good cause" as to why the materials should be sealed and must meet the requirements for sealing under Local Rule 5.3(c)(3). Indeed, "[t]he fact that a document is subject to a discovery confidentiality order does not necessarily mean that it meets the standard to be sealed on the public docket." *Ruiz v. N.J. Dep't of Corr.*, No. 15-3304 (NLH) (JS), 2020 U.S. Dist. LEXIS 77617, at *27 (D.N.J. May 1, 2020). "The document must still satisfy the standard set forth in Rule 5.3." *Brooks v. Wal-Mart Stores, Inc.*, No. 1:18-cv-1428-NLH-KMW, 2020

U.S. Dist. LEXIS 72308, at *16-17 (D.N.J. Apr. 24, 2020) (quoting *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 U.S. Dist. LEXIS 24454, *9, n.2 (D.N.J. Mar. 27, 2008). And contrary to PCPC's argument, Plaintiffs are not required to "identif[y] any public interest served by the unsealing of these particular exhibits[;] it's PCPC's burden identify any private interests that warrant sealing.

Plaintiffs do not agree that the requirements for sealing have been met under Local Rule 5.3(c)(3) as PCPC and Imerys have failed to specifically demonstrate the "clearly defined and serious injury that would result" if these documents were made public. Rather, PCPC and Imerys only makes vague and speculative claims as to irreparable harm without specifically articulating what the harm would be. Therefore, the Court should deny the motion to seal.

A proposed order granting the motion as well as an alternative proposed order denying the motion have been attached for the Court's consideration.

Dated: June 29, 2020               Respectfully Submitted,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-783-6400
Fax: 202-416-6392
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,

        PORTIS & MILES, P.C.
        218 Commerce Street
        Montgomery, AL 36104
        Tel: 334-269-2343
        Fax: 334-954-7555
        Leigh.odell@beasleyallen.com

***Plaintiffs' Co-Lead Counsel***