UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (FLW) (LHG) |

**DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Not content with their 60-page Opposition (ECF No. 13573) to Personal Care Products Council's ("PCPC") 21-page Motion for Summary Judgment (ECF No. 2738), Plaintiffs are back again. Plaintiffs' Motion for Leave to File a Sur-Reply (ECF No. 13765) is nothing more than a disingenuous attempt to obtain the last word. Plaintiffs' motion should be denied because Plaintiffs do not identify any new arguments raised in PCPC's Reply (ECF No. 13692).

In addition, Plaintiffs' motion is improper. Rather than identifying any purported new arguments in their Sur-Reply **Motion**, one must read the proposed Sur-Reply to discern that Plaintiffs cynically re-argue issues first raised in PCPC's Motion for Summary Judgment and addressed by Plaintiffs in their Opposition. Thus, Plaintiffs' goal is for the Court to read Plaintiffs' impermissible proposed Sur-Reply in the hope that the Court will consider arguments that Plaintiffs wish they had made in their Opposition. Plaintiffs' tactics should be admonished.

**LEGAL STANDARD**

Plaintiffs fail to cite the standard for seeking leave to file a sur-reply, perhaps recognizing that they cannot meet it. Under Local Rule 7.1(d)(6), "No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." "The purpose of this

64647797v.1

rule is two-fold: first, to preserve the Court's time and to ensure expedited resolution of cases; second, to prevent attorneys from engaging in a battle for the last word of any argument." *Elec. Ins. Co. v. Electrolux N. Am.*, 09-CV-3792, 2010 WL 4338054, at *2 (D.N.J. Oct. 26, 2010).

Generally, "a sur-reply is meant only to address **new issues** raised by the opposing party for the first time in a reply brief" and "is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief." *Zahl v. Local 641 Teamsters Welfare Fund*, 09-CV-1100, 2010 WL 3724520, at *3 (D.N.J. Sept. 14, 2010) (emphasis added); *see also Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 312 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016) (same).

## ARGUMENT

Plaintiffs' Sur-Reply **Motion** fails to explain why a sur-reply is necessary. Instead, the motion refers the Court to Plaintiffs' proposed Sur-Reply. This is an impermissible tactic. Pursuant to L. Civ. R. 7.1(d), motions for relief should be accompanied by a brief or the moving party should otherwise file a statement that no brief is necessary with an explanation. Plaintiffs fail to provide either. *See, e.g.*, *Kleinberg v. Clements*, 09-CV-4924 NLH, 2012 WL 1019290, at *9 (D.N.J. Mar. 23, 2012) (denying plaintiff's motion for leave to file sur-reply because plaintiff did not include a brief with motion or statement that no brief was necessary). The Court should not be required to read the proposed sur-reply to determine whether the Court should consider the proposed sur-reply. Plaintiffs' motion should be denied on that basis.

Even if the Court were to read Plaintiffs' proposed Sur-Reply, the Court should deny Plaintiffs' Sur-Reply Motion because each of the supposedly "new arguments" were, in fact, raised in PCPC's Motion for Summary Judgment and addressed by Plaintiffs in their Opposition. The Court need look no further than the proposed Sur-Reply's Table of Contents—it mirrors the

topics that PCPC first raised in its Summary Judgment brief and addressed by Plaintiffs in their Opposition.  The First Amendment and Noerr-Pennington doctrine were addressed in PCPC's Motion for Summary Judgment at 4-8, and in Plaintiffs' Opposition at 9-17.  Some of the cases that Plaintiffs cite, for the first time in their proposed Sur-Reply, are decades old.  Those cases should have been raised in their Opposition. Choice of Law was addressed in PCPC's Motion for Summary Judgment at 2, and in Plaintiffs' Opposition at 1-5.  Washington D.C.'s Anti-SLAPP Act was addressed in PCPC's Motion for Summary Judgment at 8-10, and in Plaintiffs' Opposition at 18-39.  The failure of Plaintiffs' common law claims was addressed in PCPC's Motion for Summary Judgment at 10-21, and in Plaintiffs' Opposition at 39-59. Plaintiffs' proposed Sur-Reply on these three issues offers no new law, Plaintiffs merely rehash their old arguments.

Plaintiffs' contention that a sur-reply is warranted because the Reply includes "new citations" is equally unavailing.  A sur-reply is permissible when the reply cites new case law not available at the time an opposition was filed, *Popovitch & Popovitch, LLC v. Evanston Ins. Co.*, 07-CV-2225, 2009 WL 2568090, at *5 (D.N.J. Aug.17, 2009), not when a reply merely responds to arguments with supporting case law.  None of the cases cited in the Reply were decided subsequent to Plaintiffs' Opposition.  Moreover, many of the cases on which Plaintiffs offer argument in their proposed Sur-Reply were also cited by Plaintiffs in their Opposition.  *See, e.g.*, *A.D. Bedell Wholesale Co. v. Philip Morris Inc.*, 263 F.3d 239 (3d Cir. 2001) (Opp. at 17); *Hernandez v. Amcord, Inc.*, 215 Cal. App. 4th 659, 678-79 (Cal. Ct. App. 2013) (Opp. at 11); *Whelan v. Abell*, 48 F.3d 1247 (D.C. Cir. 1995) (Opp. at 12); *Wolfe v. McNeil-PPC, Inc.*, 07-348, 2012 U.S. Dist. LEXIS 2160, at *17-19 (E.D. Pa. Jan. 9, 2012) (Opp. at 11).  Furthermore, in an absurd double standard for a party complaining about new citations, some of the cases that

Plaintiffs cite for the first time in their proposed Sur-Reply were not cited by PCPC in its Reply.

Plaintiffs also cite and attach, for the first time, new exhibits that Plaintiffs' could have submitted in their Opposition. This tactic also is impermissible. The addition of new evidence (that Plaintiffs could have included in their Opposition) merely perpetuates an ongoing cycle of responsive briefing, which this jurisdiction does not support. Suffice it to say, enough is enough.

## **CONCLUSION**

PCPC respectfully requests that Plaintiffs' motion for leave to file a Sur-Reply be denied. In the event that the Court grants Plaintiffs' Motion, PCPC respectfully requests the opportunity file a brief addressing Plaintiffs' new citations and exhibits.

DATED: July 1, 2020                    Respectfully submitted,

                                    PERSONAL CARE PRODUCTS COUNCIL

                              By:   */s/* Thomas T. Locke
                                    Thomas T. Locke
                                    Renee Appel
                                    SEYFARTH SHAW LLP
                                    975 F Street, N.W.
                                    Washington, DC  20004
                                    Telephone:  (202) 463-2400
                                    Facsimile:  (202) 828-5393
                                    tlocke@seyfarth.com

                                    Richard W. Wedinger
                                    Jennifer Cheong
                                    BARRY, McTIERNAN & WEDINGER P.C.
                                    10 Franklin Avenue
                                    Edison, NJ 08837
                                    Telephone: (732) 738-5600
                                    Facsimile: (732) 738-7518
                                    ataylor@bmctwlaw.com
                                    jcheong@bmctwlaw.com

                                    *Attorneys for Defendant Personal Care Products Council*

## CERTIFICATE OF SERVICE

I, Thomas T. Locke, hereby certify that I caused a copy of the foregoing Personal Care Products Council's Opposition To Plaintiffs' Motion For Leave To File A Sur-Reply to be filed electronically via the court's electronic filing system this 1st day of July 2020. Those attorneys who are registered with the court's electronic filing system may access these filing through the court's system, and notice of these filings will be sent to these parties by operation of the court's electronic filing system.

/s/ Thomas T. Locke
Thomas T. Locke

64647797v.1