UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| LISA HITTLER, et al., | ) IN RE JOHNSON & JOHNSON "BABY" |
| | ) POWDER" and "SHOWER TO SHOWER" |
| Plaintiffs, | ) MARKETING, SALES PRACTICES AND |
| | ) PRODUCTS LIABILITY LITIGATION |
| v. | ) |
| | ) MDL Docket Number 16-2738 |
| JOHNSON & JOHNSON, et al. | ) Case Number District of New Jersey: |
| | ) 3:18-cv-17106-FLW-LHG |
| Defendants. | ) |
| | ) Transferred from Eastern District of MO |
| | ) Case Number: 4:18-cv-01474-SPM |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CLARIFICATION OF THE COURT'S ORDER OF JUNE 29, 2020 PURSUANT RULE 7.1**

COME NOW Plaintiffs[1], by and through their undersigned counsel, and for their Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of June 29, 2020, Pursuant Rule 7.1, state:

### I.   INTRODUCTION

Plaintiffs respectfully submit the Court's Opinion and Order of June 29, 2020, should be reconsidered to correct clear errors of law or fact and to prevent manifest injustice. In the alternative, Plaintiffs request the Court clarify its Opinion and Order.

First, the Johnson & Johnson Defendants had to have some cognizable basis to remove this case from the outset. They did not. This Court's June 29, 2020 Opinion makes that plain, as do 28 U.S.C. § 1332(a) and § 1441.

---

[1] Plaintiffs herein are those whose Plaintiffs in the captioned matter whose claims were not remanded.

1

Second, the Court did not have subject-matter jurisdiction on the face of the Complaint to sever the properly joined cases to "create" diversity jurisdiction. Rule 21 is not a vehicle to "create" or "retain" diversity jurisdiction where the original choice of a state court forum belonged to properly joined plaintiffs. That is demonstrated by the dearth of authority for doing so, policy considerations respecting the plaintiff's choice and the doctrine of comity, as well as the plain language of Rule 21.

Third, the Court improperly turned its fraudulent joinder analysis into a Rule 12(b)(6) motion. It ignored what is pled, failed to accept the facts as true, and erred in limiting its inquiry to the four corners of the Complaint, disregarding or discounting the mountain of evidence Plaintiffs have brought before the Court substantiating that the claim against PTI Union is anything but frivolous.

Fourth, the Court failed to evaluate whether the PTI Defendants' upstream trusts are traditional trusts or business trusts. Plaintiffs assert they are business trusts, such that the Court should have looked to the citizenship of the trust beneficiaries rather than the trustee.

## II.   ARGUMENT

**A.   There was No Basis for Removal from State Court under the Plain Language of 28 U.S.C. § 1332(a) and § 1441.**

The Court's Order acknowledges all Plaintiffs were properly joined under Rule 20. Properly joined Plaintiffs shared citizenship with properly joined Defendants at the time of removal, namely the Johnson & Johnson Defendants and/or Imerys Talc. The plain language of 28 U.S.C. § 1332(a) and § 1441 did not permit removal. The Court recognizes as much: "Diversity of citizenship must have existed at the time the complaint was filed,

and at the time of removal, and the burden is on the removing party to establish federal jurisdiction." Doc. 137 at 21 (citations omitted). Here, diversity of citizenship did not exist at the time of either filing or removal, and that should have been the end of the Court's inquiry, with the case remanded in its entirety.

The Court's Opinion inherently acknowledges the case was not removable and that the Johnson & Johnson Defendants' cited bases for removal do not hold water. There was no fraud, there was no misjoinder, and there is no doctrine providing for removal based on diversity jurisdiction within those confines. Once it was clear the case was not removable, the Court's analysis should have gone no further.

The Third Circuit has not adopted the doctrine of fraudulent misjoinder, as this Court is aware. *In Re Plavix Prod. Liab. & Mktg. Litig.*, 2014 WL 4954654, at *10 (D.N.J. Oct. 1, 2014) (citing *Prudential Ins. Co. of Am. v. Barclays Bank PLC*, 2013 WL 221995, at *10 n. 13 (D.N.J. Jan.22, 2013) ("The Third Circuit has never approved extending the doctrine to attack the joinder of Plaintiffs, and some courts refuse to do so.") *report and recommendation adopted*, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronics, Inc.*, 2010 WL 4628439, at *5–6 (D.N.J. Nov. 5, 2010) ("Even assuming fraudulent misjoinder in its most expansive form was accepted in this Circuit (which it clearly is not), it would not apply here.") *report and recommendation adopted*, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)).

In *In Re Plavix,* this Court observed "[o]n that question, this Court has reviewed substantial case law on both sides of the aisle and come to a determination that the issue of misjoinder should be resolved by the state court as a matter of removal jurisprudence." *Id*.

3

Here, the Court's Opinion and Order of June 29, 2020, has not only taken that determination away from the state court, it has created an entirely new doctrine. The Court has sprinted past the unadopted fraudulent misjoinder concept, creating a basis for removal where there is neither fraud nor misjoinder.

Defendants' course of action should have been to bring a motion to sever with the state court jurisdiction in which it was filed. They knew that motion would have been denied under the applicable Missouri Rule on joinder, which patterns Federal Rule 20 and this Court's finding the Plaintiffs' claims were properly joined. This Court's opinion sets a dangerous precedent for a removal doctrine sounding in "let's hope the Court takes it upon itself to sever the properly joined Plaintiffs or claims" to dismantle diversity jurisdiction. This is in direct conflict with the fundamental legal principle there must be diversity at the time of filing and the time of removal.

It also violates the longstanding and deep-rooted principle espoused by the United States Supreme Court that "in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation…" *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918). The Court has taken away that power and Plaintiffs respectfully urge the Court reconsider its Opinion and Order.

**B.     The Court Did Not Have Jurisdiction to Rule on Severance and Rule 21 was Not a Vehicle to Sever.**

The Court erred in severing the claims of certain Plaintiffs where there was no subject-matter jurisdiction. In addition, the Court erred in using Rule 21 to do so in unprecedented fashion while relying on inapposite authority. There is no authority for using Rule 21 to sever the claims of properly joined plaintiffs in order to create diversity jurisdiction in a case removed from state court.

The cases dealing with the use of Rule 21 to "retain jurisdiction" are clearly distinguishable from this matter; they involve procedurally distinct cases, most significantly in that they were <u>filed originally in federal court</u>. Importantly, the plaintiffs chose the federal forum in the cases cited in this Court's Opinion. This Court should have acknowledged Plaintiffs' are the master of their complaint and honored their selection of forum. *See, e.g., Foster v. City of Philadelphia*, 826 F. Supp. 2d 778, 781 (E.D. Pa. 2011) ("Although the Third Circuit has not definitively decided the issue, I am persuaded by the rulings of its sister circuits and the long-accepted practice of deferring to the Plaintiff's choice of forum by treating the Plaintiff as the master of his own complaint.") "'It seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed.'" *Id.* (quoting *Gola v. City of Philadelphia*, 2011 WL 2313147, at *4, 2011 U.S. Dist. LEXIS 63279, at *13 (E.D. Pa. June 13, 2011) (citing *Lowe's of Montgomery, Inc. v. Smith*, 432 F. Supp. 1008, 1010 (D. Al. 1977)). The Johnson &

Johnson Defendants had no basis to "originally remove" the instant case; therefore, all Plaintiffs should have been remanded to state court, the forum of their choosing.

This Court cites to two district court cases, *Boyer v. Johnson Matthey, Inc.*, 2004 WL 835082, at *1 n.1 (E.D. Pa. Apr. 16, 2004), and *Lopez v. City of Irvington*, 2008 WL 565776, at *2 (D.N.J. Feb. 28, 2008), for the proposition "Rule 21 may also be invoked to sever the claims of parties otherwise permissively joined pursuant to Rule 20(a) for convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation." Doc. 137 at 17. However, there is simply no authority for invoking the proposition that Rule 21 is applicable to sever the claims of properly joined plaintiffs in order for the Court to "create" diversity jurisdiction.

The Court's quoted language is taken from a footnote in *Boyer* and is *dicta* in itself. *Boyer*, 2004 WL 835082, at *1 n.1. This footnote also serves as the authority cited in *Lopez*. 2008 WL 565776 at *2. The *Boyer* footnote relies solely on *Official Comm. Of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000), where this Court draws the quote "[d]istrict courts may use Rule 21 'to organize problematical issues other than joinder problems.'" Doc. 137 at 17. The only authority *Shapiro* cites for the proposition is 4 Moore's Federal Practice § 21.02(1). The discussion from that section of Moore's Federal Practice identifies no authority for the proposition a court, which clearly does not have subject-matter jurisdiction on the face of the removed complaint, may employ Rule 21 to sever properly joined Plaintiffs in order create subject-matter jurisdiction.

The plain language of 28 U.S.C. § 1332, upon which diversity jurisdiction is founded, does not include notions of "convenience," "avoid[ing] prejudice," "promot[ing]

6

the expeditious resolution of the litigation" or "organiz[ing] problematical issues other than joinder problems." There is no prejudice in properly pled and situated claims being adjudicated in the forum of the Plaintiffs' choosing. The promotion of expeditious resolution of the litigation can just as easily be achieved in the forum of Plaintiffs' choosing. And, lastly, where there is proper joinder, there are no organizational issues to resolve.

In the same vein, the Court's reliance on Wright & Miller for the proposition "[c]ourts frequently employ [Rule] 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under [Rule] 19" is misplaced. Doc. 137 at 17 (citing 7 Wright & Miller *Federal Practice and Procedure* § 1685 (3d ed.)). Again, the line of cases speaking to this practice involve cases <u>filed in federal court</u> whereupon diversity jurisdiction is lacking due to the presence of a non-diverse party, whereby the court may drop a non-diverse party that is not indispensable. In those instances, there had been no improper removal by a defendant and the plaintiff's choice of forum was intact. There is no authority for the proposition these properly joined Plaintiffs, by virtue of an improper removal, can be severed to create diversity.

Had Defendants not removed, without basis, the Missouri state court could have addressed years ago the issues they raise with this Court. The Defendants' removal papers and Plaintiffs' motion to remand have been pending before this Court far longer than it would have taken for the Missouri state court from which they were wrongfully removed to address all of Defendants' qualms. Instead, Defendants' removal fostered Plaintiffs'

7

claims growing stale as they suffer and continue to die from one of the most deadly forms of cancer. The reality is Plaintiffs have been inconvenienced, prejudiced, delayed, and denied the efficient administration of justice due to Defendants' ill-conceived, yet now rewarded, removal.

Because the Court lacked jurisdiction to rule on the motion to sever, Plaintiffs respectfully urge the Court to reconsider its Opinion and Order.

### C.    The Plain Language of Rule 21 Does Not Provide for Severance.

The plain language of Rule 21 does not support severance of <u>Plaintiffs</u> in order to establish subject-matter jurisdiction. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

As the Court points out, "[w]hen a court 'drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice." Doc. 137 at 16 (citation omitted). The Court has not dropped any party, such that the second sentence of Rule 21 is not applicable. Nor is the Court "sever[ing] any claim *against a party*." Rule 21 (emphasis added). The Court has severed the Plaintiffs from one another, but the Plaintiffs have no claims *against* them. They have jointly brought claims *against the Defendants*. Simply put, the Court has severed the claims of the Plaintiffs, not the claims "against any party," and the plain language of Rule 21 does not provide for doing so.

Because Rule 21 does not provide a basis for severance of properly joined plaintiffs, Plaintiffs respectfully urge the Court to reconsider its Opinion and Order.

**D.     The Court Erred in Turning the Fraudulent Joinder Analysis into a Rule 12(b)(6) Motion in Finding PTI Union is Fraudulently Joined.**

The Court has turned Plaintiff's Motion to Remand and J&J's fraudulent joinder argument into a Rule 12(b)(6) motion. *See In re Plavix Product Liab. and Mktg. Litig*, 2014 WL 4954654 (D.N.J. 2014) (Wolfson, J.) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir.1990). The Court's entire analysis is devoted to the sufficiency of the pleadings, not whether the pleadings and supporting evidence demonstrate a non-frivolous claim.

First, it cannot be said that Plaintiffs' claims against PTI Union are frivolous because the allegations do not include the words "Shimmer Effects" after the words "Shower to Shower." By this logic, Plaintiffs' allegations against PTI Royston would be frivolous by the same token because they do not include the words "Sport," "Spice," "Morning Fresh," "Original Fresh," "Breeze Fresh," or "Prickly Heat Powder" after the words "Shower to Shower." The Court has gone further, though, in improperly making a factual finding on the merits (without fact discovery) amounting to a *de facto* determination the Plaintiffs did not use Shower to Shower Shimmer Effects.

Second, it would have been illogical, contradictory, and unnecessary for Plaintiffs to have specified Shower to Shower Shimmer Effects where the allegations as to what Products PTI Union is responsible for include **all** subcategories of Shower to Shower, as well as Johnson's Baby Powder. The Court says, "Plaintiffs assert, without factual support, that PTI Union somehow became Pharma Tech's succession, and that PTI Union continues to do Pharma Tech's bidding." Doc. 137 at 36. To the extent PTI Union, LLC, does not

9

hold the liabilities for Pharma Tech Industries, Inc., PTI Union can mount that defense. However, Plaintiffs had good reason (and most certainly a non-frivolous reason) to name PTI Union, LLC, as a Defendant. Edward "Tee" Noland, Jr.'s own Affidavit[2] demonstrates PTI Union, LLC, acquired the Union, Missouri plant from Pharma Tech Industries, Inc., on April 1, 2008. Significantly, PTI Union does not even dispute it inherited the liabilities for personal injuries caused by product sold before 2008, product which was purchased and used by Plaintiffs.

    The Court also errs in its analysis when stating, "Plaintiffs cannot use their Motion to Remand as a means to amend their Complaint to add these new allegations." To the extent the Court suggests an amendment to the Complaint to add new allegations supported by the evidence would remedy deficiencies, the Court inherently acknowledges PTI Union was not fraudulently joined. However, Plaintiffs need not amend their Complaint, as this is not a Rule 12(b)(6) analysis. Yet, it is apparent this became a Rule 12(b)(6) analysis with the Court's citations to authority for that proposition, not in relation to fraudulent joinder, but motions for summary judgment and motions to dismiss. Doc. 137 at 37 (citing *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) for the proposition, "[a] Plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment"; citing *Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) for the proposition, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

---

[2] See Ex. 3 to PTI Union's Motion to Dismiss for Failure to State a Claim at ¶ 19.

The Court misstates the law when asserting it must look at the four corners of the Complaint and determine whether Plaintiffs have sufficiently alleged facts that would, at least, raise a colorable claim against PTI Union. (Doc. 137 at 37). The law in the Third Circuit is well-established: "In this [fraudulent joinder] phase of our analysis we must look beyond the allegations of plaintiffs' complaint." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985).

Plaintiffs will not, and could not within the allotted page limit, rehash every piece of evidence supporting their claims against PTI Union, including the facts they are one and the same with PTI Royston. Nonetheless, Plaintiffs have brought forth a mountain of evidence that PTI Union bears liability in relation to all the products, not the least of which being that at relevant times **PTI Union purchased <u>all</u> the talc for <u>all</u> the products**. How can it possibly be frivolous in a product liability case to name a defendant in the stream of production who was responsible for the purchase of the defective component of the product?

The Court should reconsider its Opinion and Order.

**E.     The Court Erred in Failing to Determine whether PTI Royston, LLC's Upstream Trust is a Traditional Trust or Business Trust.**

Plaintiffs also believe the Court created legal and factual error in failing to evaluate whether the trusts by which PTI Royston is held are traditional trusts or business trusts, whereby, if the latter, the citizenship of beneficiaries should have been considered. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 39–41 (3d Cir. 2018). Plaintiffs submit the PTI Royston is held in business trusts. Significant to the Court's

analysis are the beneficiaries of the trusts in which PTI Royston is held, who upon information and belief include one or more citizens of Missouri. *See, e.g.,* Plaintiffs' Response in Opposition to Defendant PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State A Claim at Exhibit 17, Saint Louis County Real Estate Information for residence of Michael Anthony and Laura Elizabeth Tarrasch, identifying their address as 14 Pine Valley Road Dr., Saint Louis, MO 63124.

For this reason and those raised above, Plaintiffs urge the Court to reconsider its Opinion and Order.

### III.  REQUEST FOR CLARIFICATION

Should the Court deny Plaintiffs' motion for reconsideration, Plaintiffs identified by the Court as "Class Three" Plaintiffs request clarification of the Court's June 29, 2020 Opinion as to the status of their claims in the MDL proceeding. In the Order, the Court defined "Class Three" Plaintiffs as follows: "'Class Three' includes the Missouri citizens in *Hittler*, *Benford*, *McConnell*, and *Kannady*; the Florida citizens in *Johnson*; and plaintiffs who are not citizens of California, Florida, Georgia, New Jersey, or Missouri in *Johnson*, *Kassimali*, *Gavin*, *Reising*, *Gibson*, *Hittler*, Benford, *McConnell*, and *Kannady*." June 29, 2020 Opinion (Doc. 137 at p. 6). The Court then explained:

> the Court severs the claims of each plaintiff in Class Three and *Barsh*. Consequently, each of Class Three Plaintiffs and the *Barsh* Plaintiffs must file separate complaints and shall each proceed under a separate civil action number upon payment of the requisite filing fee. All claims against PTI Royston by the Class Three Plaintiffs are dismissed for lack of personal jurisdiction. The claims of those Class Three Plaintiffs who are not citizens of Missouri and do not allege they purchased the products in Missouri are dismissed for lack of personal jurisdiction as to the Johnson & Johnson Defendants.

12

*Id.* at p. 7. In the June 29, 2020 Opinion, the Court indicated that 642 plaintiffs "do not allege any connection to Missouri whatsoever." *Id. at* pp. 7-8. Based on the Court's analysis, the Court entered the following instructions:

> These cases are hereby remanded, with the exception of all Class Three Plaintiffs in *Barsh Johnson*, *Kassimali*, *Gavin*, *Reising*, *Gibson*, *Hittler*, *Benford*, *McConnell*, and *Kannady*; that is, all Missouri Plaintiffs who filed their action after June 6, 2018; all Florida Plaintiffs who filed their action before June 6, 2018; and all Plaintiffs who are not citizens of California, Florida, Georgia, New Jersey, or Missouri are not remanded. The Class Three Plaintiffs who are Missouri citizens or allege they purchased the products in Missouri must refile individual complaints and pay the attendant filing fees. Their cases will proceed separately under their own name and civil action number. In these particular complaints, the name defendants will include 1) the Johnson & Johnson Defendants; 2) PTI Union; 3) Imerys; and 4) as to the *Barsh* Plaintiffs, Schnuck Markets. Similarly, the non-Missouri Class Three Plaintiffs shall separately refile their complaints under their own name and civil action number; however, in these complaints, the name defendants will only include 1) Imerys; and 2) PTI Union.

*Id.* at pp. 66-67.

The non-Missouri Class Three Plaintiffs seek additional clarification of this language. This language appears to prohibit the filing of a complaint under their own respective name and civil action number against Johnson & Johnson and Johnson & Johnson Consumer, Inc. It cannot be disputed that this Court would have diversity jurisdiction of the non-Missouri Class Three Plaintiffs with claims against Johnson & Johnson if new actions were filed in the appropriate district of each respective Plaintiff's federal district court naming Johnson & Johnson and Johnson & Johnson Consumer, Inc. as defendants. Upon the filing of such a complaint, the case would be transferred to this MDL for further proceedings. The Court's opinion unduly restricts each non-Missouri

13

Plaintiff (or Plaintiff who alleged purchase in Missouri) from filing a direct action in this Court against Johnson & Johnson in accordance with the direct filing order previously entered by this Court. If any Plaintiff had filed a direct action in this Court, there would be no question that this Court would have personal jurisdiction over the Johnson & Johnson defendants. Upon an eventual remand order, the direct filed action would be remanded to a different court, namely, the Court where the Plaintiff lived or purchased the Johnson & Johnson talcum powder products.

According to Plaintiffs' reading of the Order, it appears that the Court has unduly restricted these Plaintiffs from filing a separate complaint naming Johnson & Johnson and Johnson & Johnson Consumer, Inc. as defendants. Plaintiffs respectfully ask that the Court clarify the order to make clear what the Court intended and to ensure that they can consider the appropriate next steps.

## IV.     CONCLUSION

The Johnson & Johnson Defendants had no cognizable basis to remove this case from the outset. Once wrongly removed, the Court did not have subject-matter jurisdiction on the face of the Complaint to sever the properly joined cases to "create" diversity jurisdiction and Rule 21 was not a vehicle to do so. The Court then improperly turned its fraudulent joinder analysis into a Rule 12(b)(6) motion, ignoring what was pled, failing to accept facts as true, and errantly limiting its inquiry to the four corners of the complaint. Finally, it failed to evaluate whether the PTI Defendants' upstream trusts are traditional trusts or business trusts, such that the Court should have looked to the citizenship of the trust beneficiaries rather than the trustee. Plaintiffs respectfully for these reasons, any and

all of which are dispositive in Plaintiffs' favor, request reconsideration of the Court's Opinion and Order and remand to state court, the forum of their choosing.

In the alternative, Plaintiffs respectfully request clarification as set forth above.

THE ONDER LAW FIRM

By    */s/ W. Wylie Blair*
James G. Onder #38049MO
W. Wylie Blair #58196MO
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
314/963-9000 telephone
314/963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July a copy of the foregoing was e-filed with the Court, which sent notice to all parties entitled to receive pleadings through the Court's CM/ECF system.

*/s/ W. Wylie Blair*