# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION  )))))) | MDL Docket No. 2738 |
| This Document Relates To All Cases  ))) |  |

**THIS MATTER** having been brought before the Court during the May 6, 2020 status conference, and pursuant to the Court's May 15, 2020 Order regarding selection of, and case-specific discovery for, Stage Two cases, and for good cause shown:

**IT IS** on this 23rd day of July, 2020,

**ORDERED** that:

1. **Selection of Discovery Pool.** On September 18, 2020, from the cases listed in Exhibit A to the Court's June 4, 2020 Order, each side shall select 10 cases and the Court shall randomly select 10 cases to compose the Discovery Pool. In accordance with Court's Order of May 15, 2020:  1) Plaintiffs will have two weeks (until October 2, 2020) to dismiss cases with prejudice; and 2) Plaintiffs shall have 30 days (until October 19, 2020) to file a statement with the Court stating that they do not wish to waive their *Lexecon* rights.  Cases that are dismissed and for which

the *Lexecon* wavier is revoked will be replaced by the method they were selected (e.g. random selections by new random selection, plaintiff selections by PSC, defense selections by Defendants), and thereafter, Plaintiffs in the new cases will have 10 days to file a voluntary dismissal with prejudice or revocation of the *Lexecon* waiver.  This process will be repeated until there is a pool of 30 cases.   The parties agree that the process of replacement selection shall not delay the  discovery set forth below.

       **2.**    **Scope of Discovery.**

a.  The plaintiff in each case will be deposed; if a death case, then the spouse or significant other; or if a death case and there is no spouse or significant other, then the named personal representative or a family member selected by the plaintiff.

b.   Up to two healthcare providers may be deposed in this phase with each side selecting one healthcare provider.  The order of selection and questioning will alternate between Plaintiffs and Defendants based on alphabetical order.  The list of cases in the Discovery Pool shall be put in alphabetical order.

Plaintiffs shall select and question a healthcare provider first in every alternate case starting with the first case on the list.  As to the second healthcare provider in cases where Plaintiffs select first, Defendants shall select the second healthcare provider and question that healthcare provider first.

Defendants shall select and question the healthcare provider first in every alternate case starting with the second case on the list. As to the second healthcare provider in cases where Defendants select first, Plaintiffs shall select the second healthcare provider and question that healthcare provider first.

If cases are added to the pool after the creation of the list, they will be put on the bottom of the list and selection and questioning shall proceed in the order above. The time for healthcare provider depositions shall be divided 50/50.

c. Plaintiffs are permitted to engage in *ex parte* communications with Plaintiffs' healthcare providers limited solely to the discussions of the physicians' records, diagnosis, peer-reviewed, published scientific literature and the course of treatment. Documents other than medical records for the individual plaintiff and peer-reviewed, published scientific literature may not be provided to the healthcare providers, directly or indirectly, in any such *ex parte* meeting. If plaintiff's counsel engages in *ex parte* communications with her plaintiff's treating physician, at least 48 hours before the deposition of the Plaintiff's treating physician, plaintiffs' counsel shall disclose to defendants' counsel each of the following:

> i. the date(s) of each such *ex parte* communication;
>
> ii. the method and approximate duration of each such *ex parte* communication;

> iii. the location of each *ex parte* communication, if in person meeting(s);
>
> iv. the participants in each such *ex parte* communication; and
>
> v. shall provide electronic copies of the documents or a specific cross-reference to a set of documents produced to another healthcare provider previously or other materials that were shown or provided to the treating physician by plaintiffs' counsel in connection with each such *ex parte* communication.

If the communications are within 48 hours of the start of the deposition, the above information shall be provided no later than 30 minutes before the start of the deposition. *Ex parte* communications shall encompass substantive conversations regarding Plaintiffs' claims, not discussions of scheduling or logistical matters.

    d.    Defendants' counsel are not permitted to engage in *ex parte* communications with Plaintiffs' treating healthcare providers. Nothing in this Order prohibits Defendants' counsel from retaining a treating health care provider of a given plaintiff in this litigation, subject to the following limitations: (1) under no circumstances shall that treating healthcare provider be retained by Defendants and permitted to offer expert testimony or expert opinions in the MDL litigation about a current or former patient; and (2) Defendants' counsel shall not retain and use as an expert any treating healthcare provider of a plaintiff in the final 30 Discovery Pool cases unless the expert was retained before the Plaintiff is placed in the Discovery Pool of 30.

e. Nothing in this order is intended to place any limits on deposition or trial testimony of a treating healthcare provider other than those provided by Federal Rule of Civil Procedure 26 and the Federal Rules of Evidence.

f. Further discovery will be allowed once the pool of 30 is narrowed to the trial cases. No deposition is waived by not being taken in the Discovery Pool phase of discovery.

g. Within 30 days of being selected for the Discovery Pool, such plaintiffs will provide authorizations for social security disability records and, if a lost wage claim is being made, employment records and tax returns.

**3. Time for Completion of Discovery.** All discovery in this phase of the litigation shall be completed by **January 29, 2021**. If additional time is needed in an individual case for good cause, the parties will meet and confer in good faith to resolve any issues.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson,
U.S. Chief District Judge