

**TRUE AND CERTIFIED COPY**
**Daniel Murphy**
**3:06 pm, Aug 05 2020**

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                          MDL No. 2738

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred these actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., oppose the motions in both actions. Defendants PTI Royston, LLC, and Cyprus Amax Minerals Company oppose the motion to vacate in the Northern District of Georgia *Gregory* action.

In support of their motions to vacate, plaintiffs argue that federal subject matter jurisdiction over their respective actions is lacking, and that plaintiffs' pending or anticipated motions for remand to state court should be decided before transfer.[1] The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[2] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001). We are not persuaded that plaintiffs' jurisdictional objections should be treated differently because remand purportedly is compelled under controlling case law. We regularly order transfer of actions over similar objections, consistent with the well-established principle that the Panel lacks the authority under Section 1407 to decide questions going to the jurisdiction or merits of a case. *See, e.g.*, *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

Plaintiffs in *Gregory* further argue that Johnson & Johnson has engaged in a pattern of frivolous removals, inconsistent with the transferee court's prior remand orders in this docket. This argument likewise does not support vacating the conditional transfer order. Not only would it

---

[1] Plaintiffs in the Central District of California *Willems* action have not yet moved for remand.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

require that we judge the merit of defendants' removals, but the court best placed to recognize and address any pattern of frivolous removals is the transferee court.[3]

Finally, plaintiffs in both actions argue that they will be prejudiced by transfer. This argument is unconvincing. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). The actions listed on Schedule A share multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

---

[3] Whereas the transferee court has been presented with and decided multiple remand motions in the course of the MDL, each transferor court usually is presented with a single remand motion in an individual case.

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PROBLEMS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

## SCHEDULE A

<u>Central District of California</u>

WILLEMS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 8:20−00621

<u>Northern District of Georgia</u>

GREGORY, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:20–01443