UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 3:16-md-2738-FLW-LHG<br><br>JUDGE FREDA L. WOLFSON<br>MAG. JUDGE LOIS H. GOODMAN |
| THIS DOCUMENT RELATES TO:<br><br>*MARGARET HULLINGER v. JOHNSON & JOHNSON, et al.* | Civil Action No. 3:18-cv-04378-FLW-LHG |

### UNOPPOSED MOTION FOR SUBSTITUTION OF PLAINTIFF UNDER RULE 25(a)(1) AND FOR LEAVE TO FILE AMENDMENT OF COMPLAINT TO ASSERT SURVIVAL AND WRONGFUL DEATH CLAIMS

Rodney K. Hullinger, as the Personal Representative of the Estate of Margaret M. Hullinger, moves the Court for an Order substituting him in as the plaintiff in this action and granting him leave to file the Amended Complaint asserting claims for wrongful death and survival. Rodney K. Hullinger should be duly substituted as plaintiff in this action under the provisions of Rule 25(a)(1) of the Federal Rules of Civil Procedure because:

1. Margaret Hullinger, decedent, commenced this action on March 27, 2018, before her death. (Dkt. 1.)

2. Decedent Margaret Hullinger died on January 13, 2019, due to injuries caused by the negligent acts and omissions as alleged in her original Complaint. (Dkt.1) Decedent is survived by her spouse, Rodney K. Hullinger and one child, Trevor J. Hullinger. Notice of and Suggestion of her death was filed with this Court on August 14, 2020. (Dkt. 8).

3. Under Michigan Compiled Laws, Chapter 600. Revised Judicature Act of 1961 § 600.2922, whenever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect,

or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony.

4. Pursuant to Michigan law, the claims made by Margaret Hullinger against Defendants herein survive her death. Michigan Compiled Laws, Chapter 600. Revised Judicature Act of 1961 § 600.2921. Under that law, all actions and claims survive death. The claims of Plaintiff Margaret Hullinger, deceased, survive and pass and if an action is pending at the time of death, the claims may be amended.

5. A proposed First Amended Complaint alleging survival and wrongful death claims is attached hereto as **Exhibit A**.

6. Plaintiff's counsel has met and conferred with Defendants' counsel, who has indicated Defendants do not oppose the motion.

7. This motion is timely in that the deadline for the Wrongful Death Beneficiaries to file a motion for substitution of parties is not expired.

DATED: August 18, 2020                                        Respectfully Submitted,

By: _Trent B. Miracle_
**SIMMONS HANLY CONROY**
ONE COURT STREET
ALTON, IL 62002
618-259-2222
Fax: 618-259-2251
Email: tmiracle@simmonsfirm.com
*Counsel For Plaintiff*