# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 3:16-md-2738-FLW-LHG<br><br>JUDGE FREDA L. WOLFSON<br>MAG. JUDGE LOIS H. GOODMAN |
| THIS DOCUMENT RELATES TO:<br><br>*GUILDA CLAVETTE v. JOHNSON & JOHNSON, et al.* | Civil Action No. 3:18-cv-01462-FLW-LHG |

**FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff(s) named below file(s) this S*hort Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

# IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured due to the use of talcum powder product(s): Guilda Clavette.

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of Derry, New Hampshire.

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: N/A.

4. Survival and/or Wrongful Death Claims: Erik Clavette.
   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: Guilda Clavette Derry, New Hampshire.

5. Plaintiff/Decedent was born September 9, 1952, and died on June 24, 2019.

6. Plaintiff is filing this case in a representative capacity as the Administrator of the Estate of Guilda Clavette, having been duly appointed by the Probate Court of Rockingham County, New Hampshire, on November 13, 2019.

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   - __X__ injury to herself
   - __X__ injury to the person represented
   - __X__ wrongful death
   - __X__ survivorship action
   - __X__ economic loss
   - __X__ loss of services
   - _____ loss of consortium

_____ other: _____

**Identification of Defendants**

8.  Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

- ✓ Johnson & Johnson

- ✓ Johnson & Johnson Consumer Inc.

- ✓ Imerys Talc America, Inc. ("Imerys Talc") was named as a Defendant in Plaintiff's initial complaint previously filed on February 1, 2018. In accordance with the Stay Order issued in the Imerys bankruptcy filed February 13, 2019, in the United States Bankruptcy Court for the District of Delaware, Plaintiff's Amended Complaint is not intended in any way to act as a commencement or continuation of the action as against Imerys Talc America, Inc. as a Defendant, nor is it intended to dismiss, abandon, amend, modify or withdraw any claims or allegations made against Imerys Talc America, Inc. as a Defendant. Plaintiff reserves the right to seek leave to amend upon the lifting of the Stay or other action by the Bankruptcy Court permitting continuation of Plaintiff's action against Imerys.

**Additional Defendants:**

☐   Other(s) Defendant(s) (please specify): _____

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

    ✓ Diversity of Citizenship

    ☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:  <u>United States District Court for the District of New Hampshire</u>

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State): <u>Derry, New Hampshire</u>.

12. At the time of the Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Derry, New Hampshire</u>.

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): <u>Boston, Massachusetts in August 20, 2015</u>.

4

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>1952</u> and continued the-use of talcum powder product(s) through about the following date: <u>2004</u>.

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): <u>New Hampshire and Massachusetts</u>.

16. Plaintiff/Decedent used the following talcum powder products:

    - ✓ Johnson & Johnson's Baby Powder
    - ✓ Shower to Shower

## CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

    Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc). Imerys was named as a Defendant in Plaintiff's initial complaint previously filed on February 1, 2018. In accordance with the Stay Order issued in the Imerys bankruptcy filed February 13, 2019, in the United States Bankruptcy Court for the District of Delaware, Plaintiff's Amended Complaint is not intended in any way to act as a commencement or continuation of the action as against Imerys Talc America, Inc. as a Defendant, nor is it intended to dismiss, abandon, amend, modify or withdraw any claims or allegations made against Imerys Talc America, Inc. as a Defendant. Plaintiff reserves the right to seek leave to amend upon the lifting of the Stay or other action by the Bankruptcy Court permitting continuation of Plaintiff's action against Imerys.

    - ✓ Count II: Products Liability – Strict Liability – Failure to Warn (against the Johnson & Johnson Defendants)

    Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc). Imerys was named as a Defendant in Plaintiff's initial complaint previously filed on February 1, 2018. In accordance with the

6

Stay Order issued in the Imerys bankruptcy filed February 13, 2019, in the United States Bankruptcy Court for the District of Delaware, Plaintiff's Amended Complaint is not intended in any way to act as a commencement or continuation of the action as against Imerys Talc America, Inc. as a Defendant, nor is it intended to dismiss, abandon, amend, modify or withdraw any claims or allegations made against Imerys Talc America, Inc. as a Defendant. Plaintiff reserves the right to seek leave to amend upon the lifting of the Stay or other action by the Bankruptcy Court permitting continuation of Plaintiff's action against Imerys.

- ✓ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

- ✓ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

- ✓ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

- ✓ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

Count VIII: Negligence (Against Imerys Talc). Imerys was named as a Defendant in Plaintiff's initial complaint previously filed on February 1, 2018. In accordance with the Stay Order issued in the Imerys bankruptcy filed February 13, 2019, in the United States Bankruptcy Court for the District of Delaware, Plaintiff's Amended Complaint is not intended in any way to act as a commencement or continuation of the action as against Imerys Talc America, Inc. as a Defendant, nor is it intended to dismiss, abandon, amend, modify or withdraw any claims or allegations made against Imerys Talc America, Inc. as a Defendant. Plaintiff reserves the right to seek leave to amend upon the lifting of the Stay or other action by the Bankruptcy Court permitting continuation of Plaintiff's action against Imerys.

- ✓ Count IX: Negligence (Against the Johnson & Johnson Defendants)

- ☐ Count X: Negligence (Against PCPC)

- ✓ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

- ✓ Count XII: Fraud (Against the Johnson & Johnson Defendants)

- ☐ Count XIII: Fraud (Against PCPC)

- ✓ Count XIV: Violation of State Consumer Protection Laws of the State of <u>Ohio</u> (Against the Johnson & Johnson Defendants)

Count XV: Fraudulent Concealment (Against Imerys Talc). Imerys was named as a Defendant in Plaintiff's initial complaint previously filed on February 1, 2018. In accordance with the Stay Order issued in the Imerys bankruptcy filed February 13, 2019, in the United States Bankruptcy Court for the District of Delaware, Plaintiff's Amended Complaint is not intended in any way to act as a commencement or continuation of the action as against Imerys Talc America, Inc. as a Defendant, nor is it intended to dismiss, abandon, amend, modify or withdraw any claims or allegations made against Imerys Talc America, Inc. as a Defendant. Plaintiff reserves the right to seek leave to amend upon the lifting of the Stay or other action by the Bankruptcy Court permitting continuation of Plaintiff's action against Imerys.

- ✓ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

- ☐ Count XVII: Fraudulent Concealment (Against PCPC)

- ✓ Count XVIII: Civil Conspiracy (Against All Defendants)

- ✓ Count XIX: Loss of Consortium (Against All Defendants)

- ✓ Count XX: Punitive Damages (Against All Defendants)

- ✓ Count XXI: Discovery Rule and Tolling (Against All Defendants)

- ✓ Count XXII: Wrongful Death (Against All Defendants)

- ✓ Count XXIII: Survival Action (Against All Defendants)

- ✓ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

    - Count XXIV: Unjust Enrichment (Against the Johnson &

8

- Johnson Defendants).

- Johnson & Johnson Defendants profited from the manufacture and sale of Johnson & Johnson's Baby Powder and Shower to Shower, and continued to do so long after they were aware of the health risks of their products. Further, Johnson & Johnson Defendants have failed to recall their products to prevent further health risks. Through Johnson & Johnson Defendants' actions and inaction at the expense of Plaintiff, Johnson & Johnson Defendants have been unjustly enriched.

- The Court should award to Plaintiffs as a remedy the expenditures saved and the profits obtained by Johnson & Johnson Defendants at the expense of Plaintiff.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

DATED: August 21, 2020                                        Respectfully Submitted,

THE HANNON LAW FIRM, LLC

By: /s/ Kevin S. Hannon
Kevin S. Hannon, NH Bar No. 269896
1641 Downing Street
Denver, Colorado 80218
Phone: (303) 861-8800
Email: khannon@hannonlaw.com
**DULY AUTHORIZED SIGNATURE OF KEVIN S. HANNON ON FILE AT THE HANNON LAW FIRM, LLC**