

# Ashcraft & Gerel, LLP

Attorneys & Counsellors at Law

*Established in 1953*  Lee C. Ashcraft 1908 – 1993 | Martin E. Gerel 1918 – 2011

September 8, 2020

Honorable Freda L. Wolfson, Chief Judge
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** ***In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*** **(MDL No. 2738)**
>
> Potential Dispute Relating to Plaintiff Profile Forms

Dear Chief Judge Wolfson:

The Plaintiffs' Executive Committee (PEC) anticipates that the Johnson & Johnson Defendants ("J&J") may file an omnibus motion to dismiss individual cases alleging deficiencies by Plaintiffs relating to the production of the completed and verified Plaintiff Profile Forms (PPF), executed Authorizations and certain core medical records. While such a motion would be improper and premature, we nevertheless remain concerned that it will be filed. The PEC will respond to any such motion as it deems appropriate, but we feel it would be in the interest of judicial efficiency and economy that we raise the potential issue now in an effort to avoid unnecessary and premature motion practice.

As the Court may recall, it entered Orders of May 15 (Doc. 13317), May 26 (Doc. 13428), and June 4, 2020 (Doc. 1325) that govern the procedure for Plaintiffs in approximately 1,000 randomly selected cases to take certain action and provide

Hon. Freda L. Wolfson
September 8, 2020
Page 2

Defendants with certain information by September 2, 2020. Individual Plaintiffs are to:

1) Serve a complete and verified PPF by September 2, 2020;
2) Serve an executed limited Authorization to Disclose Health Information form by September 2, 2020; and
3) "Promptly order core medical records and produce them to defense counsel upon receipt".

On September 3, 2020, at 12:09 am, the PEC sent an email to defense counsel Ms. Sharko advising that the PEC's records reflected that 925 PPFs were uploaded and submitted to J&J via MDL Centrality. As of that time, the PEC understood that there were 15 dismissals and 49 cases not yet submitted. In that email the PEC asked counsel for J&J to afford leadership until Friday, September 4, 2020, to reconcile these numbers and shared that there could be multiple reasons for any discrepancies, which included issues with data entry, duplicate cases, or cases that were voluntarily dismissed. (M. Parfitt Email to S. Sharko on Sept. 3, 2020 at 12:09 am, **Exhibit A**).

Regardless of this effort by the PEC to keep this process on track, the PEC was advised late in the morning of September 3, 2020, that individual plaintiff's counsel representing the many potential Bellwether selections began to receive "Notices of Failure to Submit Supporting Documents" from J&J. The majority of the deficiencies lodged at plaintiffs' counsel by defense were for lack of receipt of core medical records. (Email from talc@browngreer.com on Sept. 3, 2020 at 11:19 am, **Exhibit B**).

In response, the PEC sent another email to Ms. Sharko advising that the above referenced Notices being sent to individual plaintiff's counsel were incorrect and misstated the Court's Orders regarding plaintiff's counsel's obligation relating to obtaining and producing core medical records. (Email from P. O'Dell on Sept. 3, 2020 at 2:29 pm, **Exhibit C**).

The Court's Order of May 15, 2020 (**Exhibit D**) requires that within 90 days of the Order identifying Selected Cases, "counsel for Plaintiffs shall promptly order the following core records and produce them to defense counsel upon receipt." The Court's May 26 and June 4 Orders all have consistent language. (**Exhibit E** and **Exhibit F**). The Orders do NOT require production of records within 90 days from

Hon. Freda L. Wolfson
September 8, 2020
Page 3

the date of selection or by September 2, but rather only require that the records be promptly ordered and provided to Defendants upon receipt.

In response to the PEC's email, and without agreement to meet and confer on this issue, Defendants advised that they would hold off until Monday, September 7, 2020, before filing a motion to dismiss cases with prejudice for failure to produce all core medical records. Counsel for J&J urged that individual plaintiff's counsel use the "extra" time (over Labor Day weekend and during the Covid-19 pandemic) to comply with the Order. There was no offer to meet and confer. (Email from S. Sharko on Sept. 3, 2020 at 2:26 pm, **Exhibit G**).

The PEC is advised that since September 3, individual counsel for plaintiffs have been making concerted efforts to advise Defendants that in many cases the Deficiency notices are incorrect and ill-conceived as to the "core medical record issue," and as to other alleged deficiencies, that attempts are being made to address them as appropriate. The PEC is advised that individual plaintiff's counsel have been timely curing deficiencies related, but not limited to, uploading declarations and PPF forms which had been previously uploaded, albeit separately, through MDL Centrality.

The PEC, on behalf of the individual plaintiff's counsel, submit that a unilateral 3-day edict by J&J for plaintiffs' counsel to address and in certain situations, correct deficiencies is violative of the rules. As previously stated, J&J is misconstruing the Court's Orders and demanding something that the Orders do not mandate. To be clear, the Orders do not require production of records 90 days from the date of selection or by September 2, but rather that the records were to be ordered promptly and provided to Defendants upon receipt.

Even so, as to all alleged deficiencies, the parties are required under Local Rule 16.1 (f) to meet and confer with the individual plaintiff's lawyers regarding disputes related to alleged deficiencies with the filing of the PPF. To date, the PEC is of the understanding that J&J counsel have not met and conferred with individual counsel.

Johnson & Johnson Defendants' threat of a motion to dismiss is misplaced and based upon a misreading of this Court's Orders. To the extent that there are legitimate concerns regarding compliance with the Court's Orders, the parties are

Hon. Freda L. Wolfson
September 8, 2020
Page 4

required to individually meet and confer to reconcile any disputes related to the PPF filings.

    Finally, it is the PEC's position that aside from the interpretative question that the Orders required that the individual plaintiff promptly order records and that there was no requirement to actually produce records by September 2, 2020, that any motion that J&J believes it properly can file as to specific case compliance, such a motion should be addressed to the individual plaintiff's counsel with a courtesy copy to the PEC.

                          Respectfully submitted,

    */s/ Michelle A. Parfitt*                */s/ P. Leigh O'Dell*
    Michelle A. Parfitt                        P. Leigh O'Dell

cc:    All counsel of record (via ECF)