# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: Gerald Hermiller, Executor of the Estate of Anne Hermiller, Deceased | MDL No. 2738 (FLW) (LHG) |

**SHORT FORM COMPLAINT
AND JURY DEMAND**

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

# IDENTIFICATION OF PARTIES

## Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s): Anne Hermiller.

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of Findlay, Ohio.

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: Gerald Hermiller

4. Survival and/or Wrongful Death Claims:

   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: Anne Hermiller, Findlay OH

5. Plaintiff/Decedent was born on October 15, 1960 and died on December 1, 2018.

6. Plaintiff is filing this case in a representative capacity as the Executor of the Estate of Anne Hermiller, having been duly appointed as the Executor by the Probate Court of Hancock County, Ohio.

2

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    _____ injury to herself

    X_____ injury to the person represented

    X_____ wrongful death

    X_____ survivorship action

    X_____ economic loss

    X_____ loss of services

    X_____ loss of consortium

    N/A\_\_\_\_\_ other: _____

**Identification of Defendants**

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

    ☑ Johnson & Johnson

    ☑ Johnson & Johnson Consumer Inc.

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

3

☐ Imerys Talc America, Inc. ("Imerys Talc")

☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐ Other(s) Defendant(s) (please specify): _____

_____

_____

## JURISDICTION & VENUE

### Jurisdiction:

9. Jurisdiction in this Short Form Complaint is based on:

☑ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

### Venue:

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

Northern District of Ohio, Toledo Division

_____

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State):

    Findlay, Ohio                                                    .

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

    Findlay, Ohio                                                    .

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): Columbus, Ohio            on August 20, 2014         (date).

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: January, 1978 and continued the use of talcum powder product(s) through about the following date: January, 2014       .

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): Ohio and Kentucky                          .

16. Plaintiff/Decedent used the following talcum powder products:

    ☑  Johnson & Johnson's Baby Powder

    ☐  Shower to Shower

## CAUSES OF ACTION

17.  Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.  The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

- ☐ Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)
- ☑ Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)
- ☐ Count III:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)
- ☑ Count IV:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)
- ☑ Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)
- ☑ Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)
- ☑ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)
- ☐ Count VIII:  Negligence (Against Imerys Talc)
- ☑ Count IX:  Negligence (Against the Johnson & Johnson Defendants)
- ☐ Count X:  Negligence (Against PCPC)

☑ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☑ Count XII: Fraud (Against the Johnson & Johnson Defendants)

☑ Count XIII: Fraud (Against PCPC)

☑ Count XIV: Violation of State Consumer Protection Laws of the State of Ohio_____ (Against the Johnson & Johnson Defendants).

☐ Count XV: Fraudulent Concealment (Against Imerys Talc)

☑ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐ Count XVII: Fraudulent Concealment (Against PCPC)

☑ Count XVIII: Civil Conspiracy (Against All Defendants)

☐ Count XIX: Loss of Consortium (Against All Defendants)

☑ Count XX: Punitive Damages (Against All Defendants)

☑ Count XXI: Discovery Rule and Tolling (Against All Defendants)

☑ Count XXII: Wrongful Death (Against All Defendants)

☑ Count XXIII: Survival Action (Against All Defendants)

☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of

7

recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: September __, 2020

Respectfully Submitted by,

s/Trent B. Miracle
Simmons Hanly Conroy
One Court Street
Alton, Illinois 62002

**Counsel for Plaintiff(s)**

8