**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | : : : : : : : | Civil Action No. 16-2738 (FLW) (LHG) MDL No. 2736 **ORDER** |
| *THIS DOCUMENT RELATES TO ALL CASES* | : : : : | |

**THIS MATTER** comes before the Court on a Motion for Entry of Case Management Order 7(A) ("CMO 7(A)") Establishing the Talc Common Benefit Fee and Expense Accounts to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for Case Administration and the Common Benefit, filed by the Plaintiffs' Steering Committee ("PSC"), through lead counsel Michelle A. Parfitt, Esq. and P. Leigh O'Dell, Esq., (ECF No. 13487); it appearing that certain Plaintiffs (the "Objecting Plaintiffs"), through their counsel Scott S. Segal, Esq., Benedict S. Morelli, Esq., and Jason A. Itkin, Esq., object to the entry of CMO 7(A), (ECF No. 13689); it appearing that the Court, on August 9, 2017, entered Case Management Order Number 7, which, among other things, created a Common Benefit Fund and outlined the rules and procedures for the withholding of certain funds for common benefit work performed by the PSC, (ECF No. 426); it appearing that Common Benefit Funds are a widely used procedure in multidistrict litigation ("MDL") proceedings that permit attorneys who work for the common good of all plaintiffs to recover a percentage of all recoveries as compensation for such work; it appearing that the Objecting Plaintiffs do not challenge the Court's authority to create the Common Benefit Fund nor question the practicality of the Fund; it appearing that, rather, the Objecting Plaintiffs raise five objections to the entry of CMO 7(A) and argue that (1) the PSC has not

provided sufficient justification for the Common Benefit Fund assessment percentages; (2) the PSC has not justified the need for a graduated assessment percentage; (3) the Court does not have jurisdiction to require the withholding of fees and expenses in state cases not yet filed or not in the MDL; (4) the proposed order improperly permits modification of the proposed percentages, and (5) the proposed order lacks a provision for a pro rata return of assessments in excess of fees and expenses ultimately awarded by the Court; the Court having reviewed the submissions of the parties makes the following findings:

1. In Proposed CMO 7(A), the PSC proposes two assessment percentages: (1) 8% (6% for fees and 2% for expenses) for "Early Participation," *i.e.*, attorneys who enter into the Participation Agreement within 45 days of the date CMO 7(A) is entered; and (2) 12% (10% for fees and 2% for expenses) for "Late Participation," *i.e.*, attorneys who enter into the Participation Agreement after the 45 day period expires. The Objecting Plaintiffs contend that the PSC has failed to justify either the proposed percentages or the need for a graduated assessment percentage. The Objecting Plaintiffs' arguments in this regard, however, are premature. The assessment percentages proposed by the PSC are placeholders that may be modified by the Court dependent on later developments in this litigation. As placeholders, the 8% early participation assessment and the 12% late participation assessment are reasonable when compared to percentages applied in other MDLs. *See, e.g.*, *In re Benicar (Olmesartan) Prods. Liab. Litig.*, MDL No. 2606, Case Management Order No. 35 (D.N.J. Aug. 15, 2017) (establishing 8% assessment); *see also In re Juul Labs, Inc. Mkt., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2913, Case Management Order No. 5 (N.D. Cal. Jan 13, 2020) (establishing 7% assessment for early participation and 10% assessment for late

participation); *In re Yasmin and Yaz (Drospirenone) Mkt., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2100, Case Management Order No. 14 (S.D. Ill. Mar. 25, 2010) (establishing 6% assessment for early participation and 10% assessment for late participation). If, however, future resolution of this matter requires lower assessment percentages, the Court may modify its Order prior to awarding any fees or costs.

2. The Objecting Plaintiffs further contend that the increased assessment for "Late Participation" is coercive and antithetical to the concept of the common benefit fund. The Court disagrees. The use of graduated assessment percentages encourages diligence and discourages attorneys from employing a "wait-and-see" approach to common discovery in an attempt to avoid paying into the common benefit fund. Indeed, such graduated assessments are commonly employed. *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, 2015 WL 2165341, at *5 (D. Kan. May 8, 2015) (overruling objection to "different percentages for Participating Counsel based on when such counsel sign a participation agreement" because "there is a benefit to encouraging early participation in the common benefit scheme"). This objection is therefore overruled.

3. Next, the Objecting Plaintiffs challenge the scope of CMO 7(A). Proposed CMO 7(A) applies to several types of claims: (1) all cases subject to the jurisdiction of this Court; (2) all cases in this MDL, regardless of whether the case is resolved while the MDL is pending or after a remand from this Court to the transferor federal court; (3) all cases and/or claims settled pursuant to an MDL-supervised settlement agreement between the parties, which may include cases in any state court and claims that are not filed but participate in any MDL-supervised settlement agreement; (4) cases and/or claims of

any of the ovarian cancer clients of any counsel who signed or are deemed to have signed the "Participation Agreement," including cases filed in state court; and (5) all cases and/or claims of any ovarian cancer clients of any counsel who received, used, or benefited from the Common Benefit Work Product. The Objecting Plaintiffs contend that the Court lacks jurisdiction to subject state court and/or unfiled cases to the Common Benefit Fund. In support of this objection, the Objecting Plaintiffs rely on *In re Syngenta AG MIR 162 Corn Litigation*, in which the court sustained an objection to a common benefit fund that applied "a holdback in cases outside the MDL (essentially, those in state court and those that have not been filed in any court) in which the claimant's attorney [had] not executed a participation agreement agreeing to be bound by the Court's common benefit order." 2015 WL 2165431, at *2. Here, however, the PSC seeks to apply holdbacks only in those state and unfiled cases in which the attorney has signed or has been deemed to have signed a participation agreement. In *Syngenta*, the court explicitly observed that a holdback could apply where counsel signed a participation agreement that related their outside cases to the MDL. *See id.* at *3. In that connection, the Third Circuit and other courts in this circuit have affirmed holdbacks for common benefit funds that apply to cases outside of an MDL where counsel executes a participation agreement consenting to such holdbacks. *See In re Avandia Mkt., Sales Prac. & Prods. Liab. Litig.*, 617 F. App'x 136 (3d Cir. 2015) (finding that district court had jurisdiction to enforce attorney participation agreement which subjected state court cases to common benefit fund assessment); *In re Avandia Mkt., Sales Prac., & Prods. Liab. Litig.*, No. 07-1871, 2015 WL 4480827, at *3–7 (E.D. Pa. July 21, 2015) (upholding assessment on state court settlement where counsel

4

accessed common benefit work product). Because CMO 7(A) limits application of the Common Benefit Fund to cases and claims in which the claimant's counsel has signed or is deemed to have signed a participation agreement, the Court overrules this objection.

4. The Objecting Plaintiffs further contend that proposed CMO 7(A) improperly permits the PSC to modify the proposed percentages, which they contend demonstrates that the PSC is unable to propose fair and reasonable assessment percentages. Specifically, the Objecting Plaintiffs take issue with paragraph 32 of CMO 7(A), which provides that in the event of a global settlement, nothing in CMO 7(A) shall prohibit the PSC "from applying to this Court for attorneys' fees and reimbursement of expenses at a percentage that is different from (greater or lesser [than]) the assessment percentage described [therein]." However, the Objecting Plaintiffs ignore that while the PSC can apply for reimbursement of fees at a different percentage, it cannot unilaterally modify the Order. Indeed, paragraph 28 of the Order explicitly provides that CMO 7(A)

> shall not be altered in any way unless *each* of the following occurs: (1) the PSC is consulted and provided an opportunity to be heard at a formally announcement meeting prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote of the PSC; (3) a noticed motion (including notice to Defendants' counsel) with an opportunity to be heard is granted by the Court, and (4) this Court, upon good-cause shown, amends [the] Order.

Pursuant to this provision, any attempt to seek a different assessment percentage than set forth in CMO 7(A) must be conducted through formal motion practice, with this Court rendering the ultimate decision. This does not give the PSC improper authority to modify the percentages. This objection is therefore overruled.

5. Finally, the Objecting Plaintiffs object to CMO 7(A) on the ground that it does not contain a provision for a pro rata return of assessments that are in excess of the fees and costs ultimately awarded by the Court. The Objecting Plaintiffs argue that absent such a provision the PSC could unfairly receive a windfall at the expense of the participating plaintiffs. The Objecting Plaintiffs concerns in this regard are, again, premature. CMO 7(A) provides that all assessments shall be held in escrow pending the Court's final award for fees and costs and no disbursements will be made until that time. To the extent the ultimate assessment percentage is lower than that proposed here, the Court can resolve any issue of excess funds at that time.

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 17th day of September, 2020,

**ORDERED** that the PSC's Motion (ECF No. 13487) is **GRANTED**; and it is further

**ORDERED** that Case Management Order No. 7(A) shall be entered by the Court separately.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge