UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>**This relates to the following cases included on Exhibit A to Defendants' Motion to Dismiss Plaintiffs' Complaints:**<br><br>**Smith, Pauline**: 3:18-cv-14853<br>**Stallings, Elizabeth**: 3:18-cv-00274<br>**Gray, Martha**: 3:18-cv-00519<br>**Stewart, Kathlene**: 3:19-cv-17655<br>**Wagoner, Earline**: 3:18-cv-05820<br>**Cunningham, Theresa**: 3:16-cv-07889 | MDL No. 3:16-2738 (FLW) (LHG) |

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINTS PURSUANT TO RULE 41(b)**

Plaintiffs Pauline Smith, Elizabeth Stallings, Martha Gray, Kathlene Stewart, Earline Wagoner, and Theresa Cunningham respectfully submit this Response to Defendants' Motion to Dismiss Plaintiffs' Complaints Pursuant to Rule 41(b).

**I.      Plaintiffs Martha Gray and Pauline Smith.**

Plaintiff Martha Gray submitted her plaintiff profile form on September 11, 2020 along with a fully executed declaration, HIPAA, and medical records.

Page 1 of 5

Plaintiff Kerry Smith, on behalf of the decedent Pauline Smith, also submitted a plaintiff profile form on September 11, 2020 along with a fully executed declaration, HIPAA, and medical records. Plaintiffs Gray and Smith therefore cured the deficiencies that are the subject of Defendants' motion to dismiss and are not currently subject to any other deficiencies.

Defendants' motion to dismiss these two cases for failure to submit a plaintiff profile form is therefore moot and should be denied.[1] Plaintiffs Gray and Smith respectfully ask the Court to deny Defendants' motion to dismiss their complaints.

## II. Plaintiffs Kevin Stewart on behalf of Kathlene Stewart and Carol Shoup on behalf of Theresa Cunningham.

Plaintiff Kevin Stewart, on behalf of decedent Kathlene Stewart, passed away in January of 2020. Plaintiff Carol Shoup, on behalf of decedent Theresa Cunningham, passed away in June of 2020. Undersigned counsel did not learn of Mr. Stewart's and Ms. Shoup's passing until this summer and were not able to locate family members in either case until August of this year.

---

[1] Nor should Plaintiffs Gray's and Smith's cases be dismissed for serving their plaintiff profile forms after the September 2, 2020 deadline. Many other plaintiffs in this MDL submitted plaintiff profile forms without executed authorizations, HIPAAs, and/or medical records and have been given until September 25, 2020 to cure those deficiencies. In contrast, Plaintiffs Gray and Smith served *all required documents* to Defendants on September 11, two full weeks before the extended September 25 deadline. Defendants have not been unduly prejudiced by the delay.

Under the circumstances and given the short period of time that Mr. Stewart's and Ms. Shoup's families have been afforded to decide whether they want to pursue the cases and to submit plaintiff profile forms, undersigned counsel respectfully request that these families be granted a 30-day extension from the date of this filing, until October 21, 2020, to comply with this Court's Orders on bellwether discovery. If the families elect not to carry the cases forward, undersigned counsel will immediately inform opposing counsel.

### III. Plaintiff Earline Wagoner.

Undersigned counsel have not been able to make contact with plaintiff Earline Wagoner since 2019. We have made numerous attempts to reach her by telephone and by mail over the last year without success. We have also attempted to locate updated contact information for Plaintiff Wagoner but have not been able to reach her at any of the phone numbers or addresses available in the public record.

Undersigned counsel respectfully asks the Court to grant one 30-day extension from the date of this filing, until October 21, 2020, so that undersigned counsel may make a final attempt to locate Plaintiff Wagoner and bring her into compliance with this Court's Orders on bellwether discovery.

### IV. Plaintiff Elizabeth Stallings.

Plaintiff Elizabeth Stallings has informed undersigned counsel that she no longer wishes to pursue her case and instructed undersigned counsel not to oppose Defendants' motion to dismiss her complaint. Accordingly, undersigned counsel do not submit an opposition or extension request on behalf of Plaintiff Stallings.

V.     **Conclusion.**

Undersigned counsel, on behalf of Plaintiffs Gray, Smith, Stewart, Cunningham, and Wagoner, respectfully ask that the Court: 1) deny Defendants' motion to dismiss Plaintiffs Martha Gray's and Pauline Smith's complaints as moot; and 2) grant a 30-day extension from the date of this filing, to October 21, 2020, to bring Plaintiffs Kevin Stewart, on behalf of Kathlene Stewart, Carol Shoup, on behalf of Theresa Cunningham, and Earline Wagoner into compliance with this Court's Orders on bellwether discovery.

Dated: September 21, 2020            Respectfully submitted,

/s/ *Warren T. Burns*

Korey A. Nelson (LA #30002)
Amanda K. Klevorn (LA #35193)
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
T: 504.799.2845
F: 504.881.1765
E: aklevorn@burnscharest.com
   knelson@burnscharest.com

**AND**

Page 4 of 5

Warren T. Burns (TX #24053119)
Daniel H. Charest (TX #24057803)
Spencer M. Cox (TX #24097540)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: 469.904.4550
F: 469.444.5002
E: wburns@burnscharest.com
　dcharest@burnscharest.com
　scox@burnscharest.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issues through the Court's Electronic Case Filing System on this date.

　　　　　　　　　　　　　　　　　　*/s/ Warren T. Burns*
　　　　　　　　　　　　　　　　　　Warren T. Burns