UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>Jeannine Mahoney-Sexton,<br><br>Plaintiff,<br><br>v.<br><br><br>Johnson & Johnson, et al.,<br><br>Defendants. | MDL NO. 2738 (FLW) (LHG)<br><br>COMPLAINT AND JURY DEMAND<br><br>Civil Action No.:<br>3:18-cv-00278-FLW-LHG<br>DIRECT FILED ACTION |

**AMENDED SHORT FORM COMPLAINT
AND JURY DEMAND**

Plaintiff Jeannine Mahoney-Sexton, by and through counsel, files this *Amended Short Form Complaint and Demand for Jury Trial*. This Amended Short Form Complaint only amends allegations pled against Defendant Johnson & Johnson and Defendant Johnson & Johnson Consumer Inc. in earlier pleadings and incorporates the original Short Form Complaint as applicable to all defendants.

Plaintiff additionally incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738

1

previously filed in the United States District Court for the District of New Jersey as applicable to all defendants. Plaintiff files this Amended Short Form Complaint pursuant to the Court's Case Management Order No. 1 and Fed. R. Civ. P. 15.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured due to the use of talcum powder product(s): Jeannine Sexton-Mahoney.

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of: Redwood City, California.

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: NA

4. Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: NA

5. Plaintiff/Decedent was born on April 24, 1961 and died on NA.

6. Plaintiff is filing this case in a representative capacity as the <u>NA   </u> of the <u> NA   </u>, having been duly appointed as the <u> NA   </u> <u>                              </u> by the <u> NA              </u> Court of <u> NA        </u> <u>                                                                              </u>.

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

<u>    X       </u> injury to herself

<u>            </u> injury to the person represented

<u>            </u> wrongful death

<u>            </u> survivorship action

<u>    X       </u> economic loss

<u>            </u> loss of services

<u>            </u> loss of consortium

<u>            </u> other: <u>                                          </u>

**Identification of Defendants**

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific

3

☒ Johnson & Johnson

☒ Johnson & Johnson Consumer Inc.

☒ Imerys Talc America, Inc. ("Imerys Talc")

☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐ Other(s) Defendant(s) (please specify): _____

# JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

☒ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you

---

Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

4

might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>District of California, Northern</u>.

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State): <u>Redwood City, California</u>.

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Redwood City, California</u>.

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): <u>Mountain View, California</u> on <u>November 18, 2009</u> (date).

14. To the best of Plaintiff's knowledge, Plaintiff began using talcum powder product(s) on or about the following date: <u>1969</u> and continued the use of talcum powder product(s) through about the following date: <u>2006</u>.

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): <u>CA</u>.

16. Plaintiff/Decedent used the following talcum powder products:

    ☒ Johnson & Johnson's Baby Powder

    ☒ Shower to Shower

5

## CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

- ☒ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

- ☒ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

- ☒ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

- ☒ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

- ☒ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

- ☒ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

- ☒ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

- ☒ Count VIII: Negligence (Against Imerys Talc)

☒ Count IX: Negligence (Against the Johnson & Johnson Defendants)

☐ Count X: Negligence (Against PCPC)

☒ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☒ Count XII: Fraud (Against the Johnson & Johnson Defendants)

☐ Count XIII: Fraud (Against PCPC)

☒ Count XIV: Violation of State Consumer Protection Laws of the State of <u>California</u> (Against the Johnson & Johnson Defendants).

☒ Count XV: Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐ Count XVII: Fraudulent Concealment (Against PCPC)

☒ Count XVIII: Civil Conspiracy (Against All Defendants)

☐ Count XIX: Loss of Consortium (Against All Defendants)

☒ Count XX: Punitive Damages (Against All Defendants)

☒ Count XXI: Discovery Rule and Tolling (Against All Defendants)

☐ Count XXII: Wrongful Death (Against All Defendants)

☐ Count XXIII: Survival Action (Against All Defendants)

☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9)

7

above.  If Plaintiff(s) include(s) additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff prays for relief and judgment against all Defendants for compensatory damages, punitive damages, interest, and costs of suit and against Defendant Johnson & Johnson and Defendant Johnson & Johnson Consumer Inc. for economic damages.  Plaintiff further prays for such further relief as the Court deems equitable and just and as set forth in the Master Long Form Complaint as appropriate.

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury as to all claims in this action.

Dated: <u>October 16, 2020</u>                    Respectfully Submitted by,

                                                                             /s/James D. Gotz
                                                                             James D. Gotz
                                                                             Steven B. Rotman
                                                                             Hausfeld
                                                                             1700 K Street NW Suite 650
                                                                             Washington, D.C. 20006
                                                                             jgotz@hausfeld.com
                                                                             srotman@hausfeld.com
                                                                             **Counsel for Plaintiff(s)**