## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) JUDGE FREDA L. WOLFSON MAG. JUDGE LOIS H. GOODMAN |
| SHERRELL GILLESPIE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BARBARA ALEXANDER, DECEASED, | COMPLAINT AND JURY DEMAND |
| Plaintiff, v. | Civil Action No.: 3:18-cv-04609 |
| JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER COMPANIES, INC., | DIRECT FILED ACTION |
| Defendants. | |

## FIRST AMENDED
## SHORT FORM COMPLAINT AND JURY DEMAND[1]

The Plaintiff(s) named below file(s) this *First Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or

---

[1] In accordance with the Court's October 13, 2020 Order, this First Amended Short Form Complaint and Jury Demand is filed to reflect the substituted Plaintiff. Of note, Plaintiff will no longer be pursuing the Loss of Consortium claim.

amendments, Plaintiff(s) shall add and include them herein.

## <u>IDENTIFICATION OF PARTIES</u>

### <u>Identification of Plaintiff(s)</u>

1.      Name of individual injured due to the use of talcum powder product(s):

Barbara Alexander                                                                                          .

2.      At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of

Texas                                                                                                          .

3.      Consortium Claim(s):  The following individual(s) allege damages for

loss  of consortium:  _____

_____

4.      Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the

talcum powder product(s) related death: Barbara Alexander, 7350 Concord

Rd, Beaumont, Texas  77708.                                                              

_____

_____

5.      Plaintiff/Decedent was born on  December 11, 1945    and died on

July 26, 2009.

6.      Plaintiff is filing this case in a representative capacity as the

 wrongful death heir and representative of the Estate of Barbara Alexander

by the Court of Jefferson County, Texas (appointment pending).[2]

_____

[2] At this time, Ms. Gillespie continues to work with an estate attorney for purposes of obtaining this paperwork.

7.    As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

_____injury to herself

__X_____injury to the person represented

__X_____wrongful death

__X_____survivorship action

__X_____economic loss

__X_____loss of services

_____loss of consortium

_____other: _____

**Identification of Defendants**

8.    Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

☒    Johnson & Johnson

☒    Johnson & Johnson Consumer Inc.

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

      ☐     Imerys Talc America, Inc. ("Imerys Talc")

      ☐     Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐     Other(s) Defendant(s) (please specify):_____

_____

_____

## <u>JURISDICTION & VENUE</u>

### <u>Jurisdiction:</u>

9.    Jurisdiction in this Short Form Complaint is based on:

      ☒     Diversity of Citizenship

      ☐     Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

### <u>Venue:</u>

10.  District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

<u>U.S. District Court for the Eastern District of Texas – Beaumont Division</u>

_____

## CASE SPECIFIC FACTS

11.     Plaintiff(s) currently reside(s) in (City, State):

Beaumont, Texas                                                                           .

12.     At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder

product(s) injury,  Plaintiff/Decedent resided in (City, State):

Beaumont, Texas                                                                           .

 13.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s)

injury in  (City/State): Galveston, Texas          on or about

September 25, 2006      (date).

14.     To the best of Plaintiff's knowledge, Plaintiff/Decedent began using

talcum  powder product(s) on or about the following date:  1959 and  continued

the use of talcum powder product(s) through about the following date:

2008                        .

15.     The Plaintiff/Decedent purchased talcum powder product(s) in the

following (State(s)): California and Texas                                          .

16.     Plaintiff/Decedent used the following talcum powder products:

☒     Johnson & Johnson's Baby Powder

☐     Shower to Shower

## CAUSES OF ACTION

17.    Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☐    Count I:  Products Liability –  Strict Liability – Failure to Warn (Against Imerys Talc)

☒    Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☐    Count III:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☒    Count IV:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

☒    Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☒    Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☒    Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☐    Count VIII:  Negligence (Against Imerys Talc)

☒    Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐    Count X:  Negligence (Against PCPC)

☒    Count XI:  Negligent Misrepresentation (Against the Johnson &

Johnson Defendants)

☒ Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐ Count XIII:  Fraud (Against PCPC)

☒ Count XIV:  Violation of State Consumer Protection Laws of the

State of____California and Texas_____(Against the Johnson &

Johnson Defendants).

☐ Count XV:  Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI:  Fraudulent Concealment (Against the Johnson &
Johnson Defendants)

☐ Count XVII:  Fraudulent Concealment (Against PCPC)

☒ Count XVIII:  Civil Conspiracy (Against All Defendants)

☒ Count XIX:  Loss of Consortium (Against All Defendants)

☒ Count XX:  Punitive Damages (Against All Defendants)

☒ Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒ Count XXII:  Wrongful Death (Against All Defendants)

☒ Count XXIII:  Survival Action (Against All Defendants)

☐ Furthermore, Plaintiff(s) assert(s) the following additional  theories

and/or State Causes of Action against Defendant(s) identified in  Paragraph nine

(9) above.  If Plaintiff(s) includes additional theories of  recovery, to the extent they

require specificity in pleadings, the specific facts  and allegations supporting these

theories must be pled by Plaintiff(s) in a  manner complying with the requirements

of the Federal Rules of Civil Procedure. _____

_____

_____

_____

_____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## <u>JURY DEMAND</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: <u>October 16 , 2020</u>                    Respectfully Submitted by,

*/s/ Vanessa H. Gross*
_____
Thomas P. Cartmell             MO# 45366
tcartmell@wcllp.com
Vanessa H. Gross                MO# 61250
vgross@wcllp.com
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
FAX (816) 531-2372
_____
**Counsel for Plaintiff**