UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Plaintiff: <u>Cathleen Oinonen</u><br><br>Civil Action No. 3:19-cv-01822 | **MDL NO. 2738**<br><br>**Judge Freda L. Wolfson** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff <u>Cathleen Oinonen</u>, opposes Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. ("Defendants") motion to dismiss. While Plaintiff's counsel acknowledges question eleven (11) is blank on the Plaintiff Profile Form (PPF), the PPF was amended before the September 25, 2020, deadline, making the PPF complete. The proposed sanction of dismissal requested by Defendants is extreme and not appropriate, considering that a completed PPF was served on Defendants before the September 25, 2020, deadline.

**ARGUMENT AND AUTHORITY**

Dismissal represents extreme sanctions appropriate only in cases of willful misconduct. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). "Dismissal must be a sanction of last, not first, resort." *Id*. at 869. Before choosing the extreme sanction of dismissal, a court should consider a number of factors:

(1) the extent of the *party* 's personal *responsibility;*

(2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a *history* of dilatoriness;

  (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;*

  (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and

  (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

  1.  The Extent of the Party's Personal Responsibility

While Plaintiff is responsible to produce the requested information on the Plaintiff Profile Form (PPF), she should not be penalized if there is no information to provide, after a good faith thorough investigation. Here, there is no and there cannot be a legitimate suggestion that Plaintiff has failed to produce the responsive information to Defendants. Indeed, Plaintiff has amended her PPF several times to add more information as it becomes available. This is therefore not a case that deserves the "extreme sanction of dismissal." *Natl. Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)

  2.  Prejudice To The Adversary

It is inconceivable how Defendants could be prejudiced by information that does not exist. Plaintiff has provided all responsive information to the PPF in a timely manner. What is more, Plaintiff has continued to supplement the PPF as information and medical records become available. Furthermore, this case was not selected as one of the 30 discovery pool cases. Defendant cannot direct this Court to any facts that have prejudiced them.

  3.  A History of Dilatoriness

Defendant cannot point to any delays caused by the lack of information. Information that does not exist. Nor can the Defendant claim that Plaintiff has failed to comply in a timely manner in regard to any deadlines imposed by this Court.

  4.  Whether The Attorney's Conduct Was Willful Or in Bad Faith

There is nothing in the record that Defendants can direct this Court towards that would support a finding that counsel has acted contumaciously or with dilatoriness. The PPF was produced timely and with complete information.

5. Alternative Sanctions

As all the relevant and responsive information has been produced in a timely manner, this Court should not dismiss this case nor should it impose an alternative sanction.

6. Meritoriousness Of The Claim

"In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869–70 (3d Cir. 1984). As such "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* at 869–70.

Here, there can be no dispute that Plaintiff's claims, if established at trial, would support recovery, as many cases with similar facts and circumstances are pending on this Court's docket and have yielded jury verdicts for Plaintiffs on other dockets.

When weighing the above factors in order to determine if the extreme sanction of dismissal is warrantied in this case, this Court should note that not one factor falls in Defendants' favor. As such, Plaintiff requests that Defendants' Motion be denied.

Dated: Friday, October 16, 2020                    Respectfully Submitted,

*/s/ Tayjes M. Shah*
Tayjes M. Shah  (01750)
**THE MILLER FIRM, LLC**
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
Ph: (540) 672-4224

                                  Fax: (540) 672-3055
                                  E-Mail: tshah@millerfirmllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically on the court's ECF system and is available for viewing and downloading from the ECF system. All counsel of record listed on the Court's CM/ECF system are to be served by the Court via Notice of Electronic Filing (NEF).

                                  By: *Tayjes M. Shah*