UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON& JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>--------------------------------------------------<br><br>*This relates to the following case included on Exhibit A to Defendants' Motion to Dismiss:*<br><br>*Feldman v. Johnson & Johnson, et al.*<br>*3:20-cv-01339-FLW-LHG* | MDL No.: 3:16-md-02738<br>Judge Freda L. Wolfson<br>Mag. Judge Lois H. Goodman |

### RESPONSE IN OPPOSITION TO JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S MOTION TO DISMISS

COMES NOW Plaintiff, Ann Marie Feldman, by and through her attorneys, The Driscoll Firm, P.C. and for her Response to Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Motion to Dismiss for Failure to Comply with the Court's Orders Regarding Case-Specific Discovery for Stage One Discovery Pool Cases, states as follows:

1.  Plaintiff Feldman's overall compliance with her Stage One Discovery Pool obligations is substantial and, put in percentage terms, constitutes approximately 95+% compliance with her overall discovery obligations.

2.  Plaintiff Feldman's noncompliance at this point is de minimus, constituting a missing verification page to her Plaintiff Profile Form ("PPF"); signed authorizations; and four de minimus questions left at this point the responses to which would make her PPF complete:  (a) whether she has had a previous tubal ligation procedure; (b) whether any family members have been diagnosed with any genetic mutations; (c) her hospitalizations from 10 years

prior to her ovarian cancer diagnosis; and (d) her highest and lowest weights during the five-year period prior to her ovarian cancer diagnosis.

3. While Plaintiff Feldman's outstanding noncompliance is de minimus, her provision of information and medical records has been very substantial, including a completed PPF (except for the minor deficiencies noted above); 125 pages of medical records from Long Island Jewish Hospital, Queens, New York, including pathology report and full hysterectomy operative report and records; and 58 pages of medical records from St. Joseph's Hospital in Bethpage, New York, which are multiple Emergency Room Department visits for chest and abdominal pain, leading up to her Ovarian Cancer diagnosis.

4. Plaintiff Feldman's counsel has had significant problems getting ahold of Ann Marie Feldman during the past several months.  Plaintiff Feldman's counsel has tried all "normal" channels of communication, including attempted phone calls, emails, and even sending couriers to Ms. Feldman's home.

5. If, as the Plaintiff is requesting, Plaintiff Feldman is granted an additional thirty (30) days within which to cure these deficiencies, Plaintiff Feldman's counsel will continue to attempt to cure these de minimus defects and provide them to the J&J Defendants' counsel as soon as possible.

6. With respect, dismissal with prejudice seems harsh given the 95%-plus compliance which Plaintiff Feldman has provided to counsel for Defendants already, including the ovarian cancer diagnosis medical records, pathology report, hysterectomy operative report, and an overwhelmingly complete PFF.  Plaintiff's counsel will do everything possible under these circumstances to make that 95%-plus compliance completely compliant as soon as possible.

WHEREFORE, Plaintiff, Ann Marie Feldman, respectfully requests that this Court deny the Defendants' Motion to Dismiss and grant her an additional 30 days within which to cure the relative minor deficiencies referenced in the Defendants' Motion to Dismiss.

Dated: October 19, 2020　　　　　　　　　THE DRISCOLL FIRM, P.C.

<u>BY:  /s/ PAUL W. JOHNSON</u>
PAUL W. JOHNSON (#34554)
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
Telephone No. (314) 932-3232
Fax No. (314) 932-3233
Paul@thedriscollfirm.com

*Counsel for Plaintiff*