UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 3:16-md-2738-FLW-LHG<br>The Honorable Freda L. Wolfson<br><br>MDL No. 2738 |
| This Document Relates to:<br>*Felecia Hill-Porter, individually and on behalf of the Estate of Dorothy Hill*<br>*3:18-cv-15598* | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Felecia Hill-Porter, through her counsel, files this Opposition to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12.

## I. INTRODUCTION

Defendant has filed a motion seeking to dismiss what could be a meritorious claim. The issue presented here is whether or not a substantive claim should be dismissed on a technicality. On September 18, 2020, the Court ordered Plaintiff to file a Plaintiff Profile Form (PPF) or, if this was not possible, a statement of counsel as to why this could not be done. Plaintiff's counsel has attempted, on multiple occasions, to contact Plaintiff in order comply with this Court's order. On September 23, 2020, Plaintiff's counsel submitted a statement of counsel explaining why the deficiencies had not been corrected in the PPF (Keith Griffin Statement of Counsel). The firm is continuing its efforts to contact Plaintiff and would urge the Court to defer a ruling so that the case may be resolved on the merits.

## II. ARGUMENT

### A. DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE THE CLAIM SHOULD BE DECIDED ON THE MERITS

A substantive claim should be decided on the merits rather than on a technicality. The Third Circuit has stated its "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984). Cases should be "decided on the merits, rather than by procedural technicalities." *Leiva v. Secretary of Department of Homeland Security*, No. CIV.A. 11-00629 CCC, 2012 WL 1191144, at *5 (D.N.J. Apr. 10, 2012).

The Motion to Dismiss is asking the Court to dismiss the case because there are some deficiencies in the PPF, not because of a substantive dispositive legal issue. Plaintiff's counsel has been diligently attempting to contact Plaintiff in order to cure these deficiencies. On September 1, 2020, the firm attempted to call the Plaintiff, but discovered that the number had been disconnected. That same day, the firm attempted to contact Plaintiff via email, but has not received a response. On September 3, 2020, counsel attempted to send a letter to her last known address, but again did not receive a response. Counsel then conducted an independent database search on September 17, 2020, in order to find new contact information. Once a new phone number and address were found, the firm attempted to contact her again, but both the phone number and address were invalid. On October 16, 2020, Plaintiff's counsel again attempted, unsuccessfully, to contact Plaintiff through email and various phone numbers (Declaration of Keith Griffin). Plaintiff's counsel is continuing its efforts to contact Plaintiff.

Plaintiff's counsel has been persistent in its attempts to contact the Plaintiff in order to comply with the Court's order. This case should be decided on the merits, not on a technicality.

## III. CONCLUSION

For the foregoing reasons, and in the interest of justice, Plaintiff respectfully requests that defendants' Motion to Dismiss be denied.

DATED: October 19, 2020    GIRARDI | KEESE

*/s/ Keith D. Griffin*
kgriffin@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: (213) 977-0211
Facsimile: (213) 481-1554
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was filed via the Court's CM/ECF electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

DATED: October 19, 2020   GIRARDI | KEESE

*/s/ Grace Fujioka*
Grace Fujioka