UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 2738 (FLW) (LHG) |
| THIS DOCUMENT ALSO RELATES TO:<br><br>JULIE MACLIN,<br><br>              Plaintiff,<br>v.<br><br>JOHNSON & JOHNSON, et. al.<br><br>              Defendants | Case No. 3:18-cv-00333-FLW-LHG |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff JULIE MACLIN (JUSTICE) opposes Defendants JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC. ("Defendants") Motion to Dismiss. While Plaintiff's counsel acknowledges the core records have not yet been provided, due diligence has been exercised in order to obtain these records on an expedited basis. The proposed sanction of dismissal by Defendants is extreme and not appropriate, considering there due diligence has been exercised to obtain core records, which are expected to be produced within the next 5-7 business days. With respect to treater records, Plaintiff's counsel is still working diligently to obtain same and expects to be in receipt within the next 15 business days.

## ARGUMENT AND AUTHORITY

Dismissal represents extreme sanctions appropriate only in cases such as, for example, flagrant bad faith and willful misconduct. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863,867 (3d Cir. 1984). "Dismissal must be a sanction of last, not first resort." *Id.* at 869. Before choosing the extreme sanction of dismissal, a court should consider a number of factors:

(1) The extent of the *party's* personal *responsibility*;

(2) The *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A *history* of dilatoriness;

(4) Whether the conduct of the party or the attorney was *willful* or made in *bad faith*;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and

(6) The *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863,868 (3d Cir. 1984).

1. **The Extent of the Party's Personal Responsibility**

While Plaintiff is responsible for producing the core records, she should not be penalized for diligently attempting to retrieve these core records and treatment records. The Declaration of Lauren Parker, account manager, Record Grabber, the

records retrieval service, has been submitted herewith and describes in detail the efforts undertaken to obtain these records. During this period of Covid-19 and operations being substantially reduced, Plaintiff's office and Record Grabber have been diligently endeavoring to obtain these records. The decrease in staffing resources due to Covid-19 is outside the control of Plaintiff. The core records from HEB should be received in the next 5-7 business days and will be immediately uploaded to the MDL Centrality. The records from Mark Messing, M.D., treating physician, are expected to be received within the next 15 business days at which time they will be immediately uploaded to the MDL Centrality. This is not a case that deserves the "extreme sanction of dismissal." *See Natl. Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

## 2. <u>Prejudice to the Adversary</u>

Plaintiff has timely provided all responses to the Plaintiff Profile Form and the necessary authorizations, including the death certificate. Plaintiff has been diligently attempting to secure the core records and the treater's records. Furthermore, this case was not selected as one of the 30 discovery pool cases being worked up for trial. In *Poulis*, plaintiff's counsel had not responded to interrogatories nor was any objection filed, forcing defense counsel to file a motion to compel. *Poulis, supra,* 747 F.2d at 868.

In this case, Plaintiff timely completed the Plaintiff Profile Form and also provided the signed authorizations and death certificate. Defense counsel does not state what prejudice they will suffer because of obtaining these records within the next thirty (30) days.

3. **A History of Dilatoriness**

Defendant cannot point to any delays caused by this lack of information. The herein case was not selected as one of the 30 discovery pool cases which are being worked up for trial. In *Poulis*, the Court noted that the litigation therein was "characterized by a consistent delay by plaintiff's counsel." *Id.* However, in the instant case, there has not been such consistent delay by plaintiff's counsel. The *Poulis* court also held that if compliance was not feasible, a timely request for an extension should be made to the Court. *Id.* Here, Plaintiff's counsel expressly seeks an extension to provide the core and treator records within the next thirty (30) days. Plaintiff's counsel is optimistic that by the time of the hearing date in this matter, November 2, 2020, all of these records will have been uploaded to MDL Centrality.

4. **Whether the Attorney's Conduct Was Willful or In Bad Faith**

Plaintiff's counsel has not acted willfully or in bad faith in not supplying these core records or treator records to defense counsel. *See id.* at 868-869. Rather, Plaintiff's counsel has been in constant communication with Record Grabber and

4

has provided a declaration of Lauren Parker describing due diligence efforts to obtain these records.

### 5. Alternative Sanctions

The Defendants have requested an "extreme sanction" in its motion to dismiss. *Id.* at 870. That is, Defendants have requested a dismissal of Plaintiff's claim in its entirety. As Plaintiff will have produced all records before the hearing on this matter on November 2, 2020, no alternative sanctions should be imposed.

### 6. Meritoriousness of the Claim

"In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards." *Id.* at 869-870. As such, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id*.

Here, there can be no dispute Plaintiff's claims, if established at trial, would support recovery, as other meritorious cases with facts involving talcum powder and Shower-to-Shower are also pending on this Court's docket.

When weighing the above factors in order to determine if the extreme sanction of dismissal is warranted in this case, Plaintiff submits this Court should find not one factor falls in Defendants' favor.

## **CONCLUSION**

Plaintiff, JULIE MACLIN (JUSTICE) respectfully requests this Court deny Defendants' Motion to Dismiss and grant her an additional thirty (30) days within which to cure the deficits, i.e., provide the core records and the treater's records referenced in the Defendants' motion to dismiss.

<table>
<tr><td>By:</td><td>/s/ James A. Morris, Jr.<br>James A. Morris, Jr.<br>4001 W. Alameda Ave.<br>Suite 208<br>Burbank, CA 91505<br>747-283-1144 Phone<br>747-283-1143 Facsimile<br>jmorris@jamlawyers.com</td></tr>
</table>