## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>*This document relates to:*<br><br>JANET APPLEFIELD, as personal representative of the estate of SANDRA APPLEFIELD, deceased**,**<br><br>    Plaintiff,<br>v.<br><br>JOHNSON & JOHNSON, ET AL.<br><br>    Defendants. | **MDL NO. 2738 (FLW) (LHG)**<br>**JUDGE FREDA L. WOLFSON**<br>**MAG. JUDGE LOIS H. GOODMAN**<br><br><br>Civil Action No. 3:17-cv-03080 |

## AMENDED SHORT FORM COMPLAINT
## AND JURY DEMAND

The Plaintiff named below files this *Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Amended Short Form Complaint as permitted by Case Management Order No. 1 of

1

this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured due to the use of talcum powder product(s): Sandra Applefield.

2. At the time of the filing of the specific case, Plaintiffs is a citizen of: Port Richey, Pasco County, Florida.

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: N/A

4. Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: Sandra Applefield, 5033 Waterside Drive, Port Richey, Florida 34668

5. Plaintiff/Decedent was born on  August 13, 1931  and died on  January 27, 2020  .

6. Plaintiff is filing this case in a representative capacity as the  daughter  of the Sandra Applefield, deceased, having been duly appointed as the Personal Representative of the estate of Sandra Applefield, deceased, by the  Circuit Court of Pasco County, Probate Division  5120200CP000371CPAQXWS J Section 

As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    X      injury to herself

  _____   injury to the person represented

    X      wrongful death

  _____   survivorship action

    X      economic loss

  _____   loss of services

  _____   loss of consortium

  _____   other: _____

**Identification of Defendants**

7. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s)

3

(please check all that apply)[1]:

  X  Johnson & Johnson

  X  Johnson & Johnson Consumer Inc.

  X  Imerys Talc America, Inc. ("Imerys Talc")

  X  Personal Care Products Council ("PCPC")

**Additional Defendants:**

  ☐  Other(s) Defendant(s) (please specify):_____

## JURISDICTION & VENUE

**Jurisdiction:**

8. Jurisdiction in this Short Form Complaint is based on:

  X  Diversity of Citizenship

  ☐  Other (The basis of any additional ground for jurisdiction must be pled

in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

**Venue:**

9.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:   Middle District of Florida, Tampa Division   .

### CASE SPECIFIC FACTS

10.   Plaintiff currently resides in (City, State):

   Port Richey, Florida   .

11.   At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

   Port Richey, Florida   .

12.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State):   Tampa, Florida   on   January 5, 2017   (date).

13.   To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date:   1951   and continued the use of talcum powder product(s) through about the following date:   January, 2017   .

14.   The Plaintiff/Decedent purchased talcum powder product(s) in the following

5

(State(s)):   New York, New Jersey, Massachusetts, and Florida                              .

15.     Plaintiff/Decedent used the following talcum powder products:

    ☐     Johnson & Johnson's Baby Powder

    X     Shower to Shower

## CAUSES OF ACTION

16.     Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

17.     The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

    X     Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

    X     Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

    X     Count III:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

    X     Count IV:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

    ☐     Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

    ☐     Count VI:  Breach of Implied Warranty of Merchantability (Against

the Johnson & Johnson Defendants)

☐ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

X Count VIII:  Negligence (Against Imerys Talc)

X Count IX:  Negligence (Against the Johnson & Johnson Defendants)

X Count X:  Negligence (Against PCPC)

X Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

X Count XII:  Fraud (Against the Johnson & Johnson Defendants)

X Count XIII:  Fraud (Against PCPC)

X Count XIV:  Violation of State Consumer Protection Laws of the State of  Florida                          (Against the Johnson & Johnson Defendants).

X Count XV:  Fraudulent Concealment (Against Imerys Talc)

X Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

X Count XVII:  Fraudulent Concealment (Against PCPC)

X Count XVIII:  Civil Conspiracy (Against All Defendants)

☐ Count XIX:  Loss of Consortium (Against All Defendants)

X Count XX:  Punitive Damages (Against All Defendants)

X Count XXI:  Discovery Rule and Tolling (Against All Defendants)

      X      Count XXII:  Wrongful Death (Against All Defendants)

      ☐      Count XXIII:  Survival Action (Against All Defendants)

      ☐      Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) include(s) additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. _____

_____

_____

_____

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## **JURY DEMAND**

Plaintiffs hereby demands a trial by jury as to all claims in this action.

Dated: October 20, 2020                Respectfully Submitted by,

                                            /s/ Joseph H. Saunders

>Joseph H. Saunders, Esquire
>SAUNDERS & WALKER, P.A.
>3491 Gandy Blvd. North, Ste. 200
>Pinellas Park, FL 33780-1637
>(727) 579-4500, FAX (727) 577-9797
>FBN 341746
>joe@saunderslawyers.com
>*Counsel for Plaintiff*

9