IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION </br></br> This Document Relates to: </br> 3:20-cv-03343; *AMATO v. JOHNSON & JOHNSON et al* | MDL Docket No. 2738 |

## PLAINTIFF'S OPPOSITION TO DEFENDANS' MOTION TO DISMISS

COMES now the Plaintiff, Felicia Amato, Deceased, through Counsel, and respectfully appears to oppose the dismissal of her case showing as follows:

1. On June 4, 2020, this Court entered the Order listing the 1,000 randomly selected cases for which discovery would proceed and requiring the completion of the Plaintiff Profile Form ("PPF").

2. A copy of the PPF was mailed to Plaintiff by Plaintiff's Counsel on June 22, 2020.

3. No response was received from Plaintiff.

4. Plaintiff's Counsel immediately and repeatedly attempted to reach Plaintiff by phone and by mail for assistance in completing and signing the required PPF documentation.

5. Attempts to reach Plaintiff were not successful.

6. It was discovered that Plaintiff had passed just prior to the filing of her lawsuit.

7. Attempts have been made to identify and contact potential heirs or the administrator of the Estate.

8. On September 2, 2020, the medical records relevant to the PPF requirements were submitted via MDL Centrality.

9. On September 8, 2020, Defendant was notified of the Plaintiff's passing by undersigned counsel via a letter sent through MDL Centrality and was further notified that a Suggestion of Death would be filed with the Court.

10. Pursuant to Fed. R. Civ. P. 25(a)(1), a suggestion of death was filed with this Court on September 15, 2020 [Document 6].

11. On September 29, 2020, Defendant filed a Motion to Dismiss Plaintiff's case for failure to comply with this Court's Order relating to the PPF.

12. In light of the above, the undersigned counsel and Plaintiff herein respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiff's case. Plaintiff's failure to provide a PPF before the Court's deadline has been due to Plaintiff's passing and the inability to discuss this case with her heirs or the administrator of her estate.

13. Pursuant to Fed. R. Civ. P. 25(a)(1) Plaintiff has ninety (90) days to substitute the proper party to take control of this case. Plaintiff requests this time to locate the proper parties and file a motion for substitution.

14. Dismissal represents extreme sanctions appropriate only in cases such as, for example, flagrant bad faith and willful misconduct. *Poulis v. State Farm Fire and Cas. Co*., 747 F.2d 863,867 (3d Cir. 1984). "Dismissal must be a sanction of last resort, not first resort." *Id*. at 869. Before choosing the extreme sanction of dismissal, a court should consider a number of factors:

    a. The extent of the party's personal responsibility;

    b. The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    c. A history of dilatoriness;

    d. Whether the conduct of the party or the attorney was willful or made in bad faith;

    e. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    f. The meritoriousness of the claim or defense. *Id* at 868.

15. In support of this request, Plaintiff submits that there is no question that element of responsibility cannot be held against the Plaintiff in this matter.

16. Plaintiff further submits that Defendant would suffer little if any prejudice if its request for dismissal of Plaintiff's case is denied by this Court.

17. Plaintiff, and the heirs of her estate, on the contrary, would be greatly prejudiced if this Court grants Defendant's Motion to Dismiss.

18. Here, Defendant's motion is based on a single violation by Plaintiff and there has been no history of dilatoriness.

19. Undersigned counsel has not acted in bad faith and has made every effort to notify Defendant of the circumstances while seeking to discover the appropriate party to substitute for the deceased Plaintiff.

20. Finally, there can be no dispute Plaintiff's claims, if established at trial, would support recovery, as other meritorious cases with facts involving similar facts are also pending on this Court's docket

WHEREFORE, Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss and allow her heirs, or the administrator of her estate, sufficient time to be substituted in as the Plaintiff in this matter.

Date: <u>October 20, 2020</u>

Respectfully submitted,

**JOHNSON LAW GROUP**

 <u>/s/ Matthew S. Yezierski</u>
Matthew S. Yezierski
MYezierski@johnsonlawgroup.com
Texas State Bar No.: 24076989
JOHNSON LAW GROUP
2925 Richmond Avenue, Suite 1700
Houston, Texas 77098
Tel: (713) 626-9336
Fax: (800) 731-6018

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was delivered to the involved parties, by the CM/ECF system.

 <u>/s/ Matthew S. Yezierski</u>
Matthew S. Yezierski