IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2738 |
| This Document Relates to: 3:18-cv-02366; *ADKINS v. JOHNSON & JOHNSON et al* | |

## PLAINTIFF'S OPPOSITION TO DEFENDANS' MOTION TO DISMISS

Plaintiff, Bernadine Adkins, by and through undersigned counsel, respectfully appears to oppose the dismissal of her case for alleged failure to comply with the Court's Orders. Plaintiff is cited by Defendants as having a materially deficient Plaintiff Profile Form ("PPF"). Plaintiff's PPF is allegedly deficient for failure to respond to a single question, Question 11. Therefore, because the noncompliance was *de minimis*, and for the reasons listed below, the Motion to Dismiss should be denied.

## BACKGROUND

On June 4, 2020, this Court entered the Order listing the 1,000 randomly selected cases for which discovery would proceed and requiring the completion of the Plaintiff Profile Form ("PPF"). The deadline to submit the PPF, Plaintiff's signed verification, signed authorization form, and the supporting medical records was September 2, 2020. Plaintiff submitted the PPF and her medical records on that date.

On September 3, 2020, undersigned counsel received a notification from MDL Centrality indicating that Plaintiff's PPF was deficient because the Verification and Authorization had not

been provided and Plaintiff was given three days to correct this deficiency. (Exhibit 1) On September 3, 2020, Plaintiff submitted the required documentation via MDL Centrality. On September 4, 2020, undersigned counsel received another e-mail notification from MDL Centrality listing specific deficiencies related to questions in the PPF that were not answered and again providing three days to correct these errors. (Exhibit 2) Plaintiff Bernadine Adkins was not mentioned on that list of deficiencies.

Defendant filed the Motion to Dismiss Plaintiff's claim on September 29, 2020 and undersigned counsel reached out to counsel for Defendant and stated that Plaintiff's case should not be subject to the motion as the deficiency for which Plaintiff had been notified had been remedied. Counsel for Defendant responded to that e-mail on October 14, 2020 and alleged that the PPF was material deficient for failure to respond to Question 11. (Exhibit 3) Undersigned counsel immediately reviewed the PPF and found that the response that should have been input in Question 11 had been provided in response to Question 9.

## **ARGUMENT AND AUTHORITY**

Dismissal represents extreme sanctions appropriate only in cases such as, for example, flagrant bad faith and willful misconduct. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). "Dismissal must be a sanction of last, not first, resort." *Id*. at 869. Before choosing the extreme sanction of dismissal, a court should consider a number of factors:

1. The extent of the *party's* personal *responsibility*;
2. The *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery;
3. A *history* of dilatoriness;
4. Whether the conduct of the party or the attorney was *willful* or made in *bad faith*;

> 5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> 6. The *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

### 1. The Extent of the Party's Personal Responsibility

Plaintiff has provided the information that has been requested of her in a timely manner. Including the responses to the answers to the PPF, her signed verification, her signed authorization, and the related medical records. However, Defendant has filed the Motion to Dismiss alleging that Plaintiff has failed to comply with the Court's Order in a way that warrants dismissal.

Question 11 of the PPF states: "Limiting your response to visits for issues related to cancer and to gynecological issues other than pregnancy, identify each hospital, clinic, or health care facility where you were hospitalized (inpatient, out-patient, or emergency room visit) from the (10) years prior to your ovarian cancer diagnosis to the present." The appropriate response to this question, Southern Ohio Medical Center, was mistakenly entered in response to Question 9, which asks for information relating to primary care, gynecology, and oncology health care providers.

This is a simple matter of the correct information being put in the wrong place. This is not a case that deserves the "extreme sanction of dismissal." *See Natl. Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

### 2. Prejudice to the Adversary

Plaintiff has timely provided all responses to the Plaintiff Profile Form and the necessary authorizations and medical records. Furthermore, this case was not selected as one of the 30 discovery pool cases being worked up for trial. In *Poulis*, plaintiff's counsel had not responded to interrogatories nor was any objection filed, forcing defense counsel to file a motion to compel.

*Poulis*, supra, 747 F.2d at 868. Here, Defendant has not suffered, and will not suffer, any prejudice based on the oversight that they claim merits dismissal of Plaintiff's case.

### 3. A History of Dilatoriness

Defendant cannot point to any delays caused by a lack of information. Plaintiff's case has not been selected as one of the 30 discovery pool cases which are being worked up for trial. In *Poulis*, the Court noted that the litigation therein was "characterized by a consistent delay by plaintiff's counsel." *Id*. However, there has not been consistent delay by plaintiff's counsel in this case.

### 4. Whether the Attorney's Conduct Was Willful or In Bad Faith

Plaintiff's counsel has not acted willfully or in bad faith in this case. This was an oversight by Plaintiff's counsel that has been remedied and an Amended PPF was uploaded to MDL Centrality where the information sought is relocated to the appropriate answer box.

### 5. Alternative Sanctions

The Defendants have requested an "extreme sanction" in its motion to dismiss. *Id*. at 870. That is, Defendants have requested a dismissal of Plaintiff's claim in its entirety. As Plaintiff Amended the PPF long before the hearing on this matter on November 2, 2020, no alternative sanctions should be imposed.

### 6. Meritoriousness of the Claim

"In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards." *Id*. at 869-870. As such, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id*.

Here, there can be no dispute Plaintiff's claims, if established at trial, would support recovery, as other meritorious cases with facts involving similar facts are also pending on this Court's docket.

When weighing the above factors to determine if the extreme sanction of dismissal is warranted in this case, Plaintiff submits this Court should find not one factor falls in Defendants' favor.

## CONCLUSION

Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss.


Date: October 20, 2020                               Respectfully submitted,

                                                     **JOHNSON LAW GROUP**

                                                      /s/ Matthew S. Yezierski
                                                     Matthew S. Yezierski
                                                     MYezierski@johnsonlawgroup.com
                                                     Texas State Bar No.: 24076989
                                                     JOHNSON LAW GROUP
                                                     2925 Richmond Avenue, Suite 1700
                                                     Houston, Texas 77098
                                                     Tel: (713) 626-9336
                                                     Fax: (800) 731-6018

                                                     **ATTORNEY FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered to the involved parties, by the CM/ECF system.


                                                      /s/ Matthew S. Yezierski
                                                     Matthew S. Yezierski