

| | |
|---|---|
| **Susan M. Sharko**<br>Partner<br>susan.sharko@faegredrinker.com<br>973-549-7350 direct | Faegre Drinker Biddle & Reath LLP<br>600 Campus Drive<br>Florham Park, New Jersey  07932<br>+1 973 549 7000 main<br>+1 973 360 9831 fax |

faegredrinker.com

October 26, 2020

**VIA ECF**

Honorable Freda L. Wolfson, Chief Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 5E
Trenton, NJ 08608

*Re:  In re: Johnson & Johnson Talcum Powder Products Marketing,
Sales Practices and Products Liability Litigation - MDL 2738*

Dear Chief Judge Wolfson:

Please accept this letter in further support of defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Motions to Dismiss for failure to comply with the Court's May 15, May 26, June 4, September 17, and September 19, 2020 Orders ("the Orders") regarding case-specific discovery for Stage One discovery pool cases.

### 1.    Cases in Which Deficiencies Have Been Resolved.

Plaintiffs in the *Winkler obo Sullivan* (3:18-cv-16103), *Welch obo Wasial* (3:19-cv-17838), and *Richard* (3:18-cv-10712) matters have now resolved the discovery deficiencies that are the subject of defendants' motions to dismiss.  As plaintiffs are now in compliance with the Orders, defendants hereby withdraw the motion as to these cases only.

Honorable Freda L. Wolfson,  
Chief Judge

-2-

October 26, 2020

**2.     Cases Which Remain Deficient.**

Of the 55 plaintiffs subject to defendants' motions to dismiss, 12 plaintiffs have failed to comply with the Orders yet oppose dismissal. These plaintiffs fall into three general categories: (1) cases in which plaintiff cannot be located; (2) cases in which there is no sufficient explanation as to why the discovery remains deficient; and (3) cases in which plaintiff is deceased, the discovery remains deficient, and there has been no attempt to substitute an estate representative.

The Orders are clear – failure to produce the required discovery or to provide a satisfactory explanation of why the discovery cannot be produced will result in the case being dismissed with prejudice. See September 17, 2020 Order [Doc. No. 14728]; September 17, 2020 Order [Doc. No. 14729]; September 19, 2020 Order [Doc. No. 14749.] All twelve cases should be dismissed with prejudice.

**A.     Legal Argument**

Dismissal with prejudice for failure to comply with MDL case management orders like this Court's May 15, May 26, June 4, September 17, and September 19, 2020 Orders has long been held to be appropriate. *See, e.g.*, *In re Asbestos Prods. Liab. Litig. (No. IV)*, 718 F.3d 236 (3d Cir. 2013); *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743-44 (E.D. La. 2008), *aff'd*, 388 F. App'x 391, 397 (5th Cir. 2010). Recently, in upholding the dismissal of plaintiffs who failed to comply with the MDL court's orders in *In re Taxotere (Docetaxel) Products Liability Litigation*, 966 F.3d 351 (5th Cir. 2020), the Fifth Circuit observed, "[w]e have explained that the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a Plaintiff for a discovery violation." *Id.* at 358 (*citing In re Deepwater Horizon (Berrera)*, 907 F.3d 232, 235 (5th Cir. 2018) (per curiam) ("There is a special deference required in the context of an MDL")); *see also* 966 F.3d at 359 (*citing In re Asbestos Prods. Liab. Litig. (No. IV)*, 718 F.3d at 248; *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009)).

In affirming the dismissals in *In re Taxotere*, the Fifth Circuit applied "the *Deepwater Horizon* two-factor test [that] helps animate the goals of strict

Honorable Freda L. Wolfson,
Chief Judge
-3-
October 26, 2020

enforcement and efficient management by making it easier for district courts to dismiss non-complying Plaintiffs in MDLs." *Id.* at 359; *see Berrera*, 907 F.3d at 34; *In re Deepwater Horizon (Park Nat'l Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (per curiam).  The two factors identified in *Deepwater Horizon* are (1) whether there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) whether "lesser sanctions" would serve "the best interests of justice." *Id.* at 358.  The test articulated in *Deepwater Horizon* in the MDL context is in line with the six *Poulis* factors applied by courts in the Third Circuit, which are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Casualty Company,* 747 F.2d 863, 868 (3d Cir.1984). Here, under both *Poulis* and *Deepwater Horizon*, dismissal of plaintiffs' claims with prejudice is warranted.

First, dismissal with prejudice is warranted and appropriate because there is a well-developed record of delay.  Each of the twelve plaintiffs who now oppose dismissal have received multiple extensions and still have not come into compliance with the Orders by producing the basic discovery needed for the prosecution and the defense of their cases.  In *In re Taxotere*, the Fifth Circuit upheld dismissal of a case after plaintiffs had a five-month delay in complying with the MDL court's orders.  *Taxotere,* 966 F.3d at 360 (citing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.* 496 F.3d 863, 867 (8th Cir. 2007) (*quoting In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006)) ("Though a delay of five months might be 'insignificant' in some contexts, 'administering cases in multidistrict litigation is different from administering cases on a routine docket.'").  Dismissals by MDL courts on similar delays have been upheld, including by the Fifth Circuit. *Barrera*, 907 F.3d at 234 (finding delay where Plaintiffs failed to submit wet-ink signatures for several months after deadline); *Park Nat'l Corp.*, 805 F. App'x at 265 (finding clear record of delay where plaintiffs were non-compliant for two months); *see also, e.g., Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (affirming MDL court's dismissal for failure to comply with discovery order in YAZ/Yasmin MDL); *In re Avandia Marketing, Sales*

Honorable Freda L. Wolfson,
Chief Judge
-4-
October 26, 2020

*Practices & Prods. Liab. Litig.*, 687 F. App'x 210 (3d Cir. 2017) (affirming MDL court's dismissal for failure to comply with an order in Avandia MDL requiring future plaintiffs to provide an expert report); *Freeman v. Wyeth*, 764 F.3d 806, 809–10 (8th Cir. 2014) (affirming MDL court's dismissal of claims for failure to provide medical authorizations in hormone therapy MDL); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (affirming MDL court's dismissal of claims for failure to comply with discovery orders in implantable defibrillators MDL). Plaintiffs' now months-long delay here is in line with the delay of the plaintiffs in *In re Taxotere*, and *Poulis* factors one through four, and the first *Deep Water Horizon* factor, clearly are satisfied.

Second, no lesser sanction would achieve the ends of justice. *See Berrera*, 907 F.3d at 236. Plaintiffs have received multiple extensions but still have not complied with the Orders. "Providing Plaintiff with a second or third chance" is itself "a lenient sanction, which when met with further default, may justify the ultimate sanction of dismissal with prejudice." *Taxotere*, 966 F.3d at 260 (citing *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1989) (per curiam). That ultimate sanction is warranted here because plaintiffs have already had ample opportunity to comply and have failed to do so.

This basic discovery – a fully complete and verified Plaintiff Profile Form ("PPF"), core medical records, and a signed medical authorization for collection of records – are of critical importance in this case. If a PPF is not properly verified, defendants have no idea what is true and what is not (*i.e.*, *Poulis* factor six) and, without a properly executed medical authorization, we cannot order the records required to evaluate the case. As to the deficient PPF responses, many of these questions are pivotal and all were negotiated by the parties, some word by word. The deal was 100%, not 95% -- plaintiffs cannot pick and choose which questions to answer and which to leave blank. Plaintiffs' failure to provide this discovery has deprived defendants of their ability to defend the cases.

These cases cannot move forward and be prepared for trial without the basic and key discovery that plaintiffs have repeatedly failed to produce.

Honorable Freda L. Wolfson,  
Chief Judge -5- October 26, 2020

When, as here, due process is afforded and plaintiffs continue to fail to comply with the Orders, the cases must be dismissed with prejudice.

    i.    <u>Cases in which plaintiff cannot be located.</u>

Plaintiffs in the *Sara Walker* (3:16-cv-08963), *Porter obo Hill* (3:18-cv-15598), and *Feldman* (3:20-cv-01339) matters continue to be out of compliance with the Orders. Apparently this is because, after many months, the plaintiffs still cannot be found by their counsel.

As the Court observed during the September 15, 2020 status conference, the fact that counsel cannot find plaintiff is not a valid excuse for non-compliance, and there is no reason to believe that the clients will ever be found. Plaintiffs' counsels' requests for further extensions should be denied and the cases dismissed with prejudice.

    ii.    <u>Cases in which no sufficient explanation is offered as to why the Court-ordered discovery remains deficient.</u>

In each of the following three cases, despite multiple extensions and further orders directing compliance, plaintiffs have not met their Court-ordered discovery obligations, nor have they provided a sufficient explanation for the delay.

    1.    *Maclin obo Justice* (3:18-cv-00333)

The case remains deficient for failure to submit **any** core records. Apparently this is because, despite filing this case in 2018 and knowing of her discovery obligations since June, plaintiff only just attempted to order records last month. Lack of due diligence is not an excuse for non-compliance. The case should be dismissed with prejudice.

    2.    *Freeman* (3:17-cv-13814)

The PPF remains unverified and materially deficient for failure to answer 10 questions, including the names of healthcare providers and facilities related to plaintiff's alleged ovarian cancer treatment, and plaintiff has not produced a signed medical authorization. Plaintiff offers no explanation for the delay and the case should be dismissed with prejudice.

Honorable Freda L. Wolfson,
Chief Judge
-6-
October 26, 2020

   3.  *Cambria obo Cambria* (3:17-cv-11175)

  The PPF remains materially deficient for failure to respond to Question No. 8. Without further explanation as to why this deficiency remains, the case should be dismissed with prejudice.

  iii.  <u>Cases in which the plaintiff is deceased.</u>

  In each of the following six cases, despite multiple extensions and further orders directing compliance, plaintiffs still have failed to meet their Court-ordered discovery obligations. Apparently, this is because the named plaintiffs passed away anywhere between nine months and two years ago and counsel only now has attempted to locate a next of kin.

  Discovery deficiencies aside, no suggestions of death or motions for substitution of party have been filed in any of the six cases as required by Federal Rule of Procedure 25(a)(1). Without a proper plaintiff to advance decedents' claims, the lawsuits are moot and should be dismissed. *See* Fed. R. Civ. P. 17. Under these circumstances, dismissals with prejudice are the appropriate remedy. In the unlikely event that an estate obtains the legal status to pursue prosecution, it may seek relief under Rule 60(b), which allows a party relief from a final judgment, order or proceeding, within one year, where there has been "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).

  The six cases which fall into this third category are as follows:

   1.  *Karen White* (3:19-cv-21555)

  Plaintiff passed away 9 months ago in January 2020. The case remains deficient for failure to submit ***any*** core records. The PPF verification and medical authorization are not signed by a court-appointed estate representative and are therefore unusable.

   2.  *Walker obo Walker* (3:19-cv-05458)

  The estate representative plaintiff passed away more than two years ago in June 2018. The case remains deficient for failure to submit supporting

Honorable Freda L. Wolfson,
Chief Judge
-7-
October 26, 2020

documents as the PPF verification and medical authorization are not signed by a court-appointed estate representative and are therefore unusable.

    3.    *Mall* (3:18-cv-13486)

Plaintiff passed away more than two years ago in September 2018. The PPF remains materially deficient. The PPF verification and medical authorization are not signed by a court-appointed estate representative and are therefore unusable.

    4.    *Harris obo Harris* (3:17-cv-01502)

The estate representative is now deceased and counsel cannot locate the next of kin. The PPF remains unverified and materially deficient and plaintiff has not produced a signed medical authorization.

    5.    *Crumpton* (3:18-cv-11058)

Plaintiff passed away one year ago in October 2019. The PPF remains unverified and materially deficient. The medical authorization is not signed by a court-appointed estate representative and is therefore unusable.

    6.    *Brundidge* (3:18-cv-15736)

Plaintiff passed away 9 months ago in January 2020. The PPF remains materially deficient. The PPF verification and medical authorization are not signed by a court-appointed estate representative and are therefore unusable

\*\*\*

For these reasons and the reasons set forth in defendants' moving papers, defendants respectfully request that plaintiffs' complaints be dismissed with prejudice pursuant to Rule 41(b). Thank you for your consideration of this matter.

| | | |
|---|---|---|
| Honorable Freda L. Wolfson, Chief Judge | -8- | October 26, 2020 |

Respectfully submitted,

/s/ *Susan M. Sharko*
Susan M. Sharko
FAEGRE DRINKER BIDDLE
 & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: 973-549-7350
Facsimile:  973-360-9831
E-mail: susan.sharko@faegredrinker.com

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

cc:   All Counsel of Record (via ECF)

ACTIVE.125410998.01