# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>JENNIFER VANDERVEER, JEROME MICHAEL STEPHANSEN, JESSICA STEPHANSEN, and BRIAN SCOTT MESSER, as the surviving heirs at law to the Estate of SHARON LEE STEPHANSEN, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER, INC. f/k/a JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendants. | MDL NO. 2738 (FLW) (LHG)<br>JUDGE FREDA L. WOLFSON<br>MAG. JUDGE LOIS H. GOODMAN<br><br>FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: 3:17-cv-10136-FLW-LHG<br><br>DIRECT FILED ACTION |

## FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiffs named below file this *First Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiffs incorporate by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products*

1

*Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiffs file this First Amended Short Form Complaint as permitted by Court's November 4, 2020, Order Granting Plaintiffs' Motion to Substitute Plaintiff.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiffs shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiffs

1. Name of individual injured due to the use of talcum powder products: Decedent Sharon Lee Stephansen

2. At the time of the filing of the specific case, Decedent was a citizen of: Tennessee

3. Consortium Claim: The following individuals allege damages for loss of consortium: Jennifer Vanderveer, Jerome Michael Stephansen, Jessica Stephansen, and Brian Scott Messer

4. Survival and/or Wrongful Death Claims:

    Name and residence of Decedent when she suffered the talcum powder products related death: Sharon Lee Stephansen; Knoxville, Tennessee

5. Decedent was born on <u>09/19/1942</u> and died on <u>12/02/2017</u>

6. Plaintiffs are filing this case in a representative capacity as the <u>heirs at law to the Estate of SHARON LEE STEHANSEN, Deceased.</u>

7. As a result of using talcum powder products, Plaintiffs suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    _____ injury to herself

    <u>X</u> injury to the person represented

    <u>X</u> wrongful death

    <u>X</u> survivorship action

    _____ economic loss

    _____ loss of services

    <u>X</u> loss of consortium

    _____ other: _____

**Identification of Defendants**

8. Plaintiffs are suing the following Defendants (please check all that apply)[1]:

    ☒ Johnson & Johnson

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiffs as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiffs in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

☒ Johnson & Johnson Consumer Inc.

☒ Imerys Talc America, Inc. ("Imerys Talc")

☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐ Other Defendants (please specify): _____

_____

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

☒ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

10. District Court and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:  Eastern District of Tennessee

## CASE SPECIFIC FACTS

11. Plaintiffs currently reside in City, State: Chattanooga, Tennessee; Knoxville, Tennessee; Bryson City, North Carolina; and Troy, New York, respectively.

4

12. At the time of the Decedent's diagnosis with a talcum powder products injury, Decedent resided in City, State: <u>     Etowah, Tennessee     </u>

13. The Decedent was diagnosed with a talcum powder products injury in City, State: <u>Etowah, Tennessee, in and around approximately May 2012     </u>

14. To the best of Plaintiffs' knowledge, Decedent began using talcum powder products on or about the following date: <u>     Approximately 1950's     </u> and continued the use of talcum powder products through about the following date: <u>Approximately 2011     </u>

15. The Decedent purchased talcum powder products in the following State(s): <u>     Tennessee     </u>

16. Plaintiff used the following talcum powder products:

    ☒ Johnson & Johnson's Baby Powder

    ☐ Shower to Shower

## CAUSES OF ACTION

17. Plaintiffs hereby adopt and incorporate by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiffs:

    ☒ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☒ Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☒ Count III:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☒ Count IV:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

☒ Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☒ Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☒ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☒ Count VIII:  Negligence (Against Imerys Talc)

☒ Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐ Count X:  Negligence (Against PCPC)

☒ Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☒ Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐ Count XIII:  Fraud (Against PCPC)

☒ Count XIV:  Violation of State Consumer Protection Laws of the <u>State of Tennessee</u> (Against the Johnson & Johnson Defendants)

☒ Count XV:  Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐ Count XVII:  Fraudulent Concealment (Against PCPC)

☒ Count XVIII:  Civil Conspiracy (Against All Defendants)

☒ Count XIX:  Loss of Consortium (Against All Defendants)

☒ Count XX:  Punitive Damages (Against All Defendants)

☒ Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒ Count XXII:  Wrongful Death (Against All Defendants)

☒ Count XXIII:  Survival Action (Against All Defendants)

☐ Furthermore, Plaintiffs assert the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above. If Plaintiffs include additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiffs in a manner complying with the requirements of the Federal Rules of Civil Procedure. _____

_____

_____

**WHEREFORE**, Plaintiffs pray for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: November 5, 2020                           Respectfully Submitted by,

By:  /s/ James A. Morris, Jr., Esq.
MORRIS LAW FIRM
4001 West Alameda Avenue, Suite 208
Burbank, CA 91505
(747) 283-1144
Attorney for Plaintiffs,
JENNIFER VANDERVEER, JEROME MICHAEL STEPHANSEN, JESSICA STEPHANSEN, and BRIAN SCOTT MESSER, as the surviving heirs at law to the Estate of SHARON LEE STEPHANSEN, Deceased

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020, the above and foregoing FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND were filed electronically and are available for viewing through the Court's electronic filing system. A true and correct copy has been served upon all counsel of record via the Court's ECF system.

*/s/ James A. Morris, Jr.*
JAMES A. MORRIS, JR.
