

TRUE AND CERTIFIED COPY
Daniel Murphy
2:26 pm, Dec 15 2020

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: JOHNSON & JOHNSON TALCUM POWDER      MDL No. 2738
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

**TRANSFER ORDER**

    **Before the Panel:** Plaintiffs in the *Beniamen* action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred *Beniamen* to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. oppose the motion.

    In support of their motion to vacate, plaintiffs argue that federal subject matter jurisdiction over *Beniamen* is lacking, and that plaintiffs' pending motion for remand to state court should be decided before transfer. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001). We are not persuaded that plaintiffs' jurisdictional objections should be treated differently because remand purportedly is compelled under controlling case law. We regularly order transfer of actions over similar objections, consistent with the well-established principle that the Panel lacks the authority under Section 1407 to decide questions going to the jurisdiction or merits of a case. *See, e.g.*, *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

    Plaintiffs also argue that they will be prejudiced by transfer. This argument is unconvincing. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Plaintiffs can present their remand arguments to the transferee court.

    Additionally, plaintiffs contend—without elaboration—that *Beniamen* involves distinct issues of fact and law subject to unique Ohio statutes. Even assuming this to be true, Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to transfer. *See In re Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381,

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

1382 (J.P.M.L. 2010). *Beniamen* shares a common factual core with the actions pending in the MDL, as the plaintiff is alleged to have developed ovarian cancer as a result of using Johnson & Johnson's talcum powder products.

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). *Beniamen* shares multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: JOHNSON & JOHNSON TALCUM POWDER**        MDL No. 2738
**PRODUCTS MARKETING, SALES PRACTICES**
**AND PRODUCTS LIABILITY LITIGATION**

## SCHEDULE A

<u>Northern District of Ohio</u>

BENIAMEN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:20−01793