Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------

IN RE: JOHNSON & JOHNSON     :
TALCUM POWDER PRODUCTS     :
MARKETING, SALES PRACTICES     :
AND PRODUCTS LIABILITY     :
LITIGATION     :
    :
    :
    :
    :

---------------------------------------------

Civil Action No. 3:16-md-2738-FLW-LHG

MDL No. 2738

## STATUS REPORT AND PROPOSED JOINT AGENDA
## FOR NOVEMBER 17, 2020 STATUS CONFERENCE

## I.      STAGE ONE AND STAGE TWO DISCOVERY POOL CASES.

### A. Stage One Cases

926 cases remain in the original randomly selected pool of 1,000 cases. Motions to dismiss are now pending in 51 of the 926 cases for failure to comply with the Court's Orders regarding case-specific discovery. The motions are fully briefed (13 cases) or unopposed (38 cases), and therefore ripe for decision.

### B. Stage Two Cases

On September 18, the parties exchanged their Stage Two case selections, and on September 21, Judge Pisano circulated the list of random selection Stage Two cases that were automatically generated by Random.org. Two of the ten defense pick cases have been replaced – one was voluntarily dismissed with prejudice after selection and the other declined to waive *Lexecon*. Two plaintiffs selected to fill random slots have dismissed their case with prejudice and eight plaintiffs have declined to waive *Lexecon*, requiring designation of replacements. Another random plaintiff announced last night that she wants to revoke her *Lexecon* waiver past the deadline. That issue will be addressed by Judge Pisano. Two of the random selection plaintiffs still have time to dismiss with prejudice or revoke their automatic Lexecon waivers. The parties have started to schedule case specific depositions

which are to be completed by January 29, 2021.  Following the Court's indication of the number of bellwether trials it envisions occurring in the MDL, the parties will meet and confer in an attempt to agree on a process for case selection and a schedule for expert discovery.

## II.  PLAINTIFFS' SECOND AMENDED MASTER LONG FORM COMPLAINT.

### Plaintiffs' Position:

Plaintiffs filed their Master Complaint on January 5, 2017.  The Master Complaint serves as the foundational pleading for the individual Short Form Complaints being filed in this litigation, whereby individual Plaintiffs adopt by reference the Master Complaint.  On March 15, 2017, Plaintiffs filed the First Amended Master Long Form Complaint.  Nearly four years have passed since the filing of the First Amended Master Long Form Complaint.  During this period time, myriad new facts relevant to this matter have been discovered and are expected to be discovered as discovery proceeds that should be included in the Master Complaint so that the thousands of Plaintiffs who are relying upon the Master Complaint can litigate their cases to the fullest extent that the law and facts permit. Plaintiffs intend to move the Court for an Order permitting Plaintiffs to amend the First Amended Master Long Form Complaint.

### Defense Position:

The Defendants do not object to the Plaintiffs seeking to amend their master complaint.

## III.  LIABILITY EVIDENCE AND TRIAL PACKAGE.

### Plaintiffs' Position:

As the Court is aware, and at the Johnson & Johnson defendants' request, the Court bifurcated the discovery in these proceedings, ordering the parties to focus initially on the general causation question, namely whether there is reliable and admissible evidence that the use of talcum powder products can increase the risk of ovarian cancer. The Court limited the PSC to 30(b)(6) depositions on topics specific to science/general causation issues. The PSC was not permitted to take liability witness depositions or take further steps to prepare liability arguments for trial.

On May 6, 2020, following the Court's *Daubert* decision, the Court held a status conference to discuss the preparation of cases for the first MDL bellwether trial. In addition to developing a plan for case-specific bellwether discovery, the PSC raised the issue of general liability discovery. At that time, the Court instructed the PSC to inform the Johnson & Johnson defendants within 90 days of the depositions of the Johnson & Johnson defendants witnesses that it would like to conduct.

As directed, the PSC provided the Johnson & Johnson defendants with a list of 6 Johnson & Johnson defendant witnesses the PSC wishes to depose in the MDL – 3 fact witnesses on general regulatory issues and 3 30(b)(6) witnesses on issues rating to marketing, risk assessment, mitigation for cosmetic products, and yearly/monthly sales of the Johnson & Johnson defendants talcum powder products. Notably, not one of the witnesses identified by the PSC has ever been deposed, either in a federal or state ovarian cancer case. In addition, the PSC expects to cross notice depositions taken in state court proceedings.

Even though this Court's bifurcation Order strictly prohibited liability discovery until after the *Daubert* issue was resolved, the Johnson & Johnson defendants have objected to any liability depositions of its employees in this MDL. The Johnson & Johnson defendants have argued that the PSC's requests for 6 depositions is burdensome and a duplication of depositions taken in state court cases, most of which involved allegations that the Johnson & Johnson defendants' talcum powder products caused *mesothelioma,* not allegations that these products cause *ovarian cancer.*

The PSC plans to notice the depositions of these current and former employees in accordance with the MDL Deposition protocol with the intention that the depositions take place in the first half of 2021. In addition, the PSC expects to cross-notice depositions that are currently being set in various state court venues, many of which are in the process of being scheduled by agreement. The PSC's liability investigation is currently ongoing. The PSC will notify the Johnson & Johnson defendants of any 3rd party testimony that the PSC intends to preserve.

**Defense Position:**

Defendants set forth their position objecting to these depositions in a letter to the PSC on September 22, 2020. The Defendants stand by their position. Apparently, the Plaintiffs disagree, and if so, the issue is ripe for review.

## IV. REPORT ON FEDERAL DOCKET.

As of November 3, 2020:  There are currently 19,379 cases pending in the MDL in which the Johnson & Johnson defendants have been served or in which plaintiffs from multi-plaintiff cases pending in the MDL have filed Short Form Complaints on individual dockets and have not served the Johnson & Johnson defendants (and have opened case numbers), totaling 19,755 plaintiffs.

## V. STATE COURT LITIGATION.

<u>As of November 3, 2020</u>:

**California:** There are approximately 615 ovarian cancer cases involving 678 plaintiffs pending in the California coordinated proceeding, *Johnson & Johnson Talcum Powder Cases*.

**Delaware**: There are currently 9 consolidated cases pending in the Superior Court of Delaware in which the Johnson & Johnson defendants have been served.

**Missouri:** There are currently 23 cases, with a total of 792 plaintiffs pending in the 22nd Judicial Circuit Court, St. Louis (City) in which the Johnson & Johnson defendants have been served.  A multi-plaintiff trial in *Forrest, et al., v. Johnson & Johnson, et al.* is scheduled to begin on February 17, 2021.  There are currently two cases with a total of 38 plaintiffs pending in the 23rd Judicial Circuit Court, Jefferson County in which the Johnson & Johnson defendants have been served. On November 3, 2020, the Missouri Supreme Court declined to review the decision of a lower appellate court in *Ingham v. Johnson & Johnson, et al.,* affirming the decision of a trial court in favor of plaintiffs, subject to a remittitur of the verdict. The defendants will appeal to the United States Supreme Court.

**New Jersey:** There are currently 1,151 cases pending in the Atlantic County Superior Court Multicounty Litigation, *In re: Talc-Based Powder Products Litigation*, Case No. 300.   On August 5, 2020 the NJ Appellate Division reversed the trial court that excluded plaintiffs' experts and granted the Johnson & Johnson defendants' Motion for Summary Judgment in the *Carl* and *Balderrama* cases. The Johnson & Johnson defendants have filed a Petition for Certification to the NJ Supreme Court which remains pending. The remaining cases remain stayed in the trial division.

**Florida:** There are 44 cases pending in Florida state court.

4

**Georgia:** There are 38 cases pending in Georgia state court.

**Illinois:** There are 53 cases pending in Illinois state court.

**Pennsylvania:** There are 24 cases pending in Pennsylvania state court.

**Louisiana**: There are 36 cases pending in Louisiana State Court.

**Arizona**: There is one case pending in Pima County, Arizona.

**Rhode Island**: There is one case pending in Providence County, Rhode Island.

**Virginia**: There is one case pending in Chesapeake County, Virginia.

## VI.     STATUS OF CASES RE-FILED IN THE MDL PER CMO.

There are 27 cases where plaintiffs who were previously part of a multi-plaintiff complaint have filed Short Form Complaints in this MDL proceeding but have not complied with CMO 8 in either serving the Short Form Complaint on defendants or filing a notice of filing on the master docket.  *See* CMO 8, ¶¶ 1 and 5 (requiring plaintiffs to file Short Form Complaints pursuant to CMO 2 and to serve these complaints pursuant to CMO 3); *see also* CMO 3, ¶¶ 3 and 4 (requiring filing of an ECF notice if the original service of process was proper or requiring service of process where the original complaint was not properly served).  The parties are conferring on a proposed order compelling service or dismissal with prejudice.

## VII.    DUPLICATE FILED CASES.

There are 313 plaintiffs in this MDL who have multiple cases pending. 71 plaintiffs have duplicate filed MDL cases and 242 plaintiffs have cases filed in the MDL and state court.  The parties are conferring on a proposed order dismissing the duplicate filed cases.

## VIII.   STATUS OF PENDING MOTIONS.

The list of motions pending in individual cases is attached hereto as Exhibit A.  PCPC's Motion for Summary Judgment is fully briefed.

On July 31, 2020, at the Court's request, the Johnson & Johnson defendants submitted their position by email as to the impact of Chief Judge Wolfson's June 29, 2020 opinion on the remaining remand motions, including which motions are now moot based on that opinion and which remain to be decided on the merits. Plaintiffs' position is that there was some confusion over the import of the email submission and the need to respond since a motion for reconsideration of the Court's order was pending. Therefore, Plaintiffs' counsel will provide a response to the submission on or before November 20, 2020.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
Email:  susan.sharko@faegredrinker.com

*s/John H. Beisner*
John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:  202-661-8301
Email: john.beisner@skadden.com

*s/Thomas T. Locke*
Thomas T. Locke
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: 202 463-2400
Email: tlocke@seyfarth.com

*s/Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

## EXHIBIT A

### STATUS OF PENDING MOTIONS IN INDIVIDUAL CASES

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Sharon McBee, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5720 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8. |
| | | Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Donna McNichols, et al. v. Johnson & Johnson, et al.* | 3:17-cv-5719 | Johnson & Johnson Defendants' Motion to Dismiss filed September 5, 2017. Motion to be terminated pursuant to CMO 8. |
| | | Imerys' Motion to Dismiss filed 9/5/17. Fully briefed 10/13/17. Motion to be terminated pursuant to CMO 8. |
| *Chathapana, Davahn v. Johnson & Johnson, et al.* | 3:17-cv-05853 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Femminella, Joan v. Johnson & Johnson, et al.* | 3:17-cv-05860 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Guptill, Mary v. Johnson & Johnson, et al.* | 3:17-cv-05869 | Imerys' Motion to Dismiss filed 9/5/17. No opposition filed. Motion to be terminated pursuant to CMO 8. |
| *Bathon, Rebecca, v. Johnson & Johnson, et al.t al.* | 3:19-cv-16229 | Motion to Remand filed August 30, 2019. Fully Briefed. |
| *Abram, Edwina, et al. v. Johnson & Johnson, et al.* | 3:20-cv-01276 | Motion to Remand filed February 11, 2020. Fully Briefed. |
| | | PTI Royston, LLC's Renewed Motion to Dismiss. Fully Briefed. |
| | | PTI Union, LLC's Renewed Motion to Dismiss Plaintiffs' Petition for Failure to State a Claim. Fully Briefed. |

8

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Akins, Diane, et al. v. Johnson & Johnson, et al.* | 3:19-cv-16059 | Motion to Remand filed on August 29, 2019. Fully Briefed.<br><br>PTI Royston, LLC's Motion to Dismiss for Lack of Jurisdiction filed August 29, 2019. Fully Briefed.<br><br>PTI Union, LLC's Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim filed on August 29, 2019. Fully Briefed. |
| *Denwiddie, Monica, et al. v. Johnson & Johnson, et al.* | 3:20-cv-01275 | Plaintiffs' Renewed Motion to Remand filed May 29, 2020. Fully Briefed. |
| *Stalnaker, Velma ,et al. v. Johnson & Johnson, et al.* | 3:20-cv-06780 | Plaintiff's Motion to Remand filed July 2, 2020. Briefing stayed pending resolution of the motions for reconsideration.<br><br>PTI Royston, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed July 6, 2020. Fully Briefed<br><br>PRI Union, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed July 6, 2020. Fully Briefed. |
| *Fox, Laverne, et al. v. Johnson & Johnson, et al.* | 3:19-cv-16650 | Plaintiffs' Renewed Motion to Remand filed May 29, 2020. Fully Briefed. |
| *Cox, Martha* | 3:20-cv-06779 | Motion to Remand filed July 20, 2020. Fully Briefed.<br><br>PTI Royston, LLC's Motion to Dismiss Complaint for Failure to State a Claim. Fully Briefed. |

| Case Name | Case No. | Status of Pending Motions |
|---|---|---|
| *Denney, Connie* | 3:20-cv-06781 | Motion to Remand filed July 20, 2020. Fully Briefed.<br><br>PTI Royston, LLC's Motion to Dismiss Complaint for Failure to State a Claim. Fully Briefed. |
| *Fust, Carol* | 3:20-cv-12394 | Motion to Remand filed on September 8, 2020. Fully Briefed.<br><br>PTI Royston LLC's Motion to Dismiss Complaint for Failure to State a Claim filed October 8, 2020. |
| *Gregory, Sonna* | 3:20-cv-10112 | Motion to Remand filed on September 8, 2020. Fully Briefed.<br><br>PTI Royston LLC's Motion to Dismiss Complaint for Failure to State a Claim. Fully Briefed. |
| *Sumner, Cheryl* | 3:20-cv-06925 | Motion to Remand filed July 20, 2020. Fully Briefed.<br><br>PTI Royston LLC's Motion to Dismiss Complaint for Failure to State a Claim. Fully Briefed. |
| *Weaver, Tammy* | 3:20-cv-03744 | Motion to Remand filed June 1, 2020. Fully Briefed.<br><br>PTI Royston LLC's Motion to Dismiss Complaint for Failure to State a Claim. Fully Briefed. |