## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **Civil Action No. 3:16-md-2738-FLW-LHG** <br><br> **MDL No. 2738** |
| *This Document Relates to All Cases* | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLAINTIFFS' FIRST AMENDED MASTER LONG FORM COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs through the Plaintiffs' Steering Committee ("PSC") submit this Memorandum of Law in support of Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Master Long Form Complaint and state as follows:

### I.       BACKGROUND

After the creation of an MDL for this litigation, which was assigned to this Court by the Judicial Panel for Multidistrict Litigation, and the appointment of a Plaintiff's Steering Committee ("PSC"), this case then proceeded to be litigated pursuant to a Master Complaint filed by the PSC. The PSC filed their Master Long Form Complaint against Defendants Johnson & Johnson ("J&J"), Johnson &

Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. ("J&J Consumer"), Imerys Talc America, Inc., f/k/a Luzenac America, Inc., f/k/a Rio Tinto Minerals, Inc. ("Imerys Talc") and Personal Care Products Council ("PCPC") (collectively referred to as "Defendants") (Doc. No. 82) on January 5, 2017 pursuant to Case Management Order No. 1. The Master Complaint serves as the foundational pleading for the Short Form Complaints being filed by individual Plaintiffs whereby the individual Plaintiffs adopt counts of the Master Complaint that each Plaintiff believes is relevant to her case, thereby stating the claims the individual Plaintiff will be litigating in her case. *See,* CMO No. 2 (Doc. No. 102), CMO No. 2a (Doc. No. 257) and CMO No. 3 (Doc. No. 148), relating to filings of Short Form Complaints.

The Master Complaint was previously amended pursuant to a Stipulation and Pretrial Order Granting Plaintiffs Leave to File A First Amended Master Long Form Complaint and Modifying Deadlines Related to Responsive Pleadings Pursuant to Case Management Order (Doc. No. 131) on March 15, 2017. The First Amended Master Long Form Complaint was filed almost four (4) years ago.  During this period of four (4) years, much has been learned about the facts of this case, that now should be included within a Master Complaint so that the thousands of Plaintiffs who are relying on the Master Complaint for their filing of their individual Short Form Complaints can litigate their individual cases to the fullest extent that the law and facts permit.

More particularly, by this Motion, the PSC, on behalf of all Plaintiffs, seek to amend the First Amended Long Form Master Complaint for the following reasons: 1) to add additional factual allegations discovered that buttress the already existing claim in the case that Defendants engaged in Fraudulent Concealment; 2) to include a new claim for relief under a theory of spoliation that the facts and law support but which was not included as a claim for relief in the First Amended Master Long Form Complaint; and 3) to recite the newly identified constituents of talcum powder products that were learned during discovery and discussed by the PSC's experts in their reports, depositions and during the *Daubert* proceedings that were not identified as constituents of baby powder in the First Amended Master Long Form Complaint.

The proposed Second Amended Long Form Master Complaint for which this Motion seeks leave to file is attached hereto in both a "clean" version (Exhibit B to Plaintiffs' Motion) and a "redlined" version (Exhibit C to Plaintiffs' Motion) for the ease of the Court in identifying the changes desired to be made. The redline version identifies the new facts being pleaded for both the fraudulent concealment claim and the newly identified constituents, while also setting forth the facts and legal elements for the new claim for spoliation.

Finally, the PSC proposes that there is no need for Plaintiffs who have already filed a Short Form Complaint to file an amended Short Form Complaint in order for

Plaintiffs to incorporate into their cases the new allegations relating to fraudulent concealment and the constituents in talcum powder products. Since the cause of action for fraudulent concealment already exists in the case, the new facts merely embellish the facts for the claim and for those Plaintiffs who have stated in their Short Form Complaints that fraudulent concealment is a claim they are asserting, there is no need to amend such a Short Form Complaint. Further, by filing Short Form Complaints, Plaintiffs are deemed to have incorporated the allegations contained in the Master Long Form Complaint.

Similarly, the identification of new constituents need not require an amendment to an existing Short Form Complaint, and the facts relating to the new constituents should be incorporated without the need for further action by an existing Plaintiff with a Short Form Complaint on file.

As to the new claim for spoliation, since that claim was not part of the First Amended Master Long Form Complaint, the PSC proposes that for any Plaintiff who now desires to add that claim to their case, that an amended Short Form Complaint will need to be filed (or some other indication filed on the record) to adopt and incorporate that cause of action into the pleadings of an individual Plaintiff's case. Just as each individual Plaintiff identified which claims she was litigating by checking off same in the Short Form Complaint, such a check off is needed now for an individual Plaintiff to state that she is litigating a spoliation claim. The spoliation

claim was not available for check off prior to this proposed Second Amended Master Long Form Complaint.  The addition of this completely new claim may require action by those Plaintiffs who wish to litigate that claim.

## II.   ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The Court should freely give leave when justice so requires." The Third Circuit has noted that "[g]enerally, Rule 15 motions should be granted" and "the fundamental purpose of Rule 15 is to allow plaintiff 'an opportunity to test his claims on the merits.'" *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) (reversing a district court's denial of leave to amend) (quoting *Forman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987).

Under Rule 15's liberal standards, courts in the Third Circuit have granted leave to amend pleadings absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment." *In re Caterpillar Inc.*, 67 F. Supp. 3d

5

663, 668 (D.N.J. 2014) (citing *Forman*, 371 U.S. at 182). None of these exist here as to give reason why the proposed amendment should not be permitted.

The PSC merely seeks to amend the First Amended Master Long Form Complaint to conform the complaint with facts and allegations learned during the course of discovery, a reason which the Courts of the District of New Jersey have routinely found to warrant granting leave to amend pursuant to Rule 15. *See, e.g. TransWeb, LLC v. 3M Innovative Properties Co.*, No. CIV.A. 10-4413 FSH, 2011 WL 2181189, at *7 (D.N.J. June 1, 2011); *See also Kronfeld v. First Jersey Nat'l Bank,* 638 F.Supp. 1454, 1460 (D.N.J.1986).

Relating to each of the reasons to be considered as to whether an amendment should or should not be permitted, it is clear that the PSC has not engaged in any "undue delay, bad faith, or dilatory motive" and further, this Motion is not being made in an attempt to cure a deficiency in a prior Complaint where it would be futile to permit the amendment. The existing First Amended Long Form Master Complaint has not been the subject of a Motion to Dismiss. If  Defendants choose to test the adequacy and merits of this case, it should be done on the merits as framed by the actual facts that have been developed in discovery, and not on the basis of what is now a somewhat stale First Amended Long Form Master Complaint that was filed almost 4 years ago, prior to discovery.

### A. Amendment to Enhance the Fraudulent Concealment Facts Alleged That Have Been Recently Learned in Discovery

As to the portion of the proposed Second Amended Long Form Master Complaint that addresses the existing fraudulent concealment count, what the PSC desires to do is to conform the pleadings to the evidence in the case. The claim already exists, but the allegations were developed prior to discovery. An amendment that merely conforms the pleadings to the facts well prior to the filing of a dispositive motion and during the ongoing discovery that the Court recently authorized after the *Daubert* hearings, hardly constitutes the PSC acting in bad faith, dilatorily, or in a manner to cause prejudice to Defendants *See Kronfeld*, 638 F. Supp. at 1460.

The redlined version of the proposed Second Amended Long Form Master Complaint, attached hereto as Exhibit C to Plaintiff's Motion, identifies the new facts to be added that are relevant to the existing fraudulent concealment claim in the case at Paragraphs 186 - 286. Clearly these newly learned facts are relevant to the fraudulent concealment claim and should be part of the master pleading in this case.

### B. Amendment to State a Cause of Action and Count in the Master Complaint for Spoliation Based on Newly Discovered Evidence

As to the portion of the proposed Second Amended Long Form Master Complaint that seeks to now plead a specific claim for spoliation, this will be a newly

7

asserted claim in the case and one that is important to those Plaintiffs whose states recognize an independent claim for spoliation to litigate. The absence of that claim in the existing First Amended Long Form Master Complaint may be a basis for argument by Defendants that Plaintiffs whose state law recognizes the claim nevertheless cannot litigate the claim because it was never pleaded in the First Amended Long Form Master Complaint and could not therefore be adopted by a Short Form Complaint.

The PSC's research has identified multiple states that specifically recognize an independent cause of action for spoliation.  Generally, and for example, the law of such states provides that a claim for spoliation rests upon the following allegations: 1) a pending or impending legal action; 2) knowledge of the pending or potential legal action on the part of a party in control of evidence; 3) destruction of such evidence with a culpable state of mind designed to disrupt opposing party's case; 4) disruption of such party's case; and 5) damages proximately caused by the actions of the spoliator. *See e.g., Rizzuto v. Davidson Ladders, Inc*., 280 Conn. 225, 905 A.2d 1165 (2006);  *Smith v. Howard Johnson Co.,* 1993-Ohio-229, 67 Ohio St. 3d 28, 29, 615 N.E.2d 1037, 1038 (1993); *Williams v. Werner Enterprises, Inc.*, 235 W. Va. 32, 38–39, 770 S.E.2d 532, 538–39 (2015) ("The tort of intentional spoliation of evidence consists of the following elements: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful

destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages"); *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 905 P.2d 185, 189-91 (1995) (overruled on other grounds by *Delgado v. Phelps Dodge Chino*, Inc., 131 N.M. 272, 34 P.3d 1148, 1153-55 (2001); *State v. Carpenter*, 171 P.3d 41, 64 (Alaska 2007) ("Although this court has not laid out the exact elements of the spoliation tort, it is clear that a viable underlying cause of action must accompany a spoliation claim, that a plaintiff must show that the spoliation occurred "with the intent to disrupt [the plaintiff's] prospective civil action," and that the spoliation must have prejudiced the prosecution of the action.").

The proposed Second Amended Long Form Master Complaint pleads facts that have been learned in discovery that supports these general elements of a spoliation claim to enable Plaintiffs whose state law recognizes the claim to adopt such a claim through their Short Form Complaints. As the Court knows, there are approximately 20,000 Plaintiffs in this litigation, from virtually all 50 states. The purpose of a Long Form Master Complaint is to identify and plead to the broadest extent possible all claims and causes of action that may exist under the law of any state, so that when an individual Plaintiff files a Short Form Complaint she is able to identify which claims apply under the law of their state and adopt same.

9

The newly learned facts show that a prima facie claim for spoliation seems to exist under the general principles for such a claim and therefore, the PSC is proposing that the Master Complaint be amended to bring such a claim to issue in this case. The redlined version of the proposed Second Amended Long Form Master Complaint, attached hereto as Exhibit C to Plaintiffs' Motion identifies these new facts in Paragraphs 186 – 229 and in the Count for Spoliation at Paragraphs 493 - 500. Clearly these newly learned facts and the spoliation claim are relevant and should be part of the master pleading in this case.

## C. Amendment to State in the Master Complaint the Newly Discovered Constituents of Johnson & Johnson's Talcum Powder Products

Finally, as to the proposal that the amendment be permitted so that the facts alleged conform to evidence developed in the case about the constituents in Johnson's talcum powder products, after Plaintiffs were afforded an opportunity to do discovery, including for the PSC's experts to perform sample testing facilitating their ability to identify the constituents in Defendants' products, the PSC learned additional information not plead in their original or First Amended Long Form Master Complaint. The discovery that has occurred now enables the PSC to know the constituents so that they can be identified in the Second Amended Long Form Master Complaint and to conform the facts of the case with the pleadings. Permitting this portion of the amendment does not prejudice Defendants and in fact, is more in

10

the nature of a house cleaning action than anything else. See *Kronfeld*, 638 F. Supp. at 1460.

The redlined version of the proposed Second Amended Long Form Master Complaint, attached hereto as Exhibit C to Plaintiffs' Motion, identifies the new facts to be added that that describe the newly learned constituents in the baby powder at Paragraphs 51 – 79 and 139 – 185. Clearly these newly learned facts are relevant to the case and should be part of the master pleading in this case.

## III.  CONCLUSION

For these reasons, the Court should grant Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Master Long Form Complaint.

Dated:          December 22, 2020          Respectfully submitted,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-783-6400
Fax: 202-416-6392
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: 334-269-2343
Fax: 334-954-7555

11

Leigh.odell@beasleyallen.com

***Plaintiffs' Co-Lead Counsel***

/s/ *Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Tel: 732-747-9003
Fax: 732-747-9004
cplacitella@cprlaw.com

***Plaintiffs' Liaison Counsel***

12