Exhibit 160, part 2

**Johnson & Johnson**

**WWRIM Policy**
Version 1.1
30 September 2009

## Worldwide Records and Information Management Policy

**Policy**   **Records and information shall be created, valued, protected, managed, and disposed in accordance with applicable laws, regulations and the requirements of this policy and other applicable Johnson & Johnson policies and standards.**

### Scope
This policy specifies requirements for the management, retention, and disposition of records and information in all formats and every medium including electronic information.

### Purpose
Johnson & Johnson recognizes that records and information are valuable resources and important business assets. This policy, along with associated RIM standards, defines the requirements for managing the records and information assets of Johnson & Johnson in accordance with regulatory, legal, and business requirements. This policy and associated RIM standards assure the appropriate creation and management of authentic, reliable, and useable records and information capable of supporting business functions and activities for as long as they are required.

### Responsibilities
Worldwide Records and Information Management (WWRIM) is responsible for the overall governance and strategic direction for the Records and Information Management (RIM) Programs of the Johnson & Johnson Family of Companies.

The Johnson & Johnson Operating Companies are responsible for the implementation and ongoing maintenance of a RIM program in compliance with this policy and associated RIM standards to manage their records and information.

### Definitions
**Records and information**: Any form of recorded information created, maintained or received by Johnson & Johnson in the conduct of its business operations and activities for use at a later time. Records and information include, but are not limited to, documents concerning the Johnson & Johnson organization, business functions, policies, decisions, procedures, operations, and internal or external transactions that are created and retained for business or legal reasons. The form of records and information includes, but is not limited to, paper, electronic, microfilm, microfiche, photograph, map, magnetic or optical disk or tape, software, video, or other recorded information.

**Disposition**: A final administrative action taken with regard to records, including destruction, transfer to another entity, or permanent preservation.

**Standard**: A governance document that specifies the mandatory requirements of a program activity.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

EXHIBIT
Milranthal
27
10-18-18

PENGAD 800-631-6989

1

**WWRIM Policy**
Version 1.1
30 September 2009

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

*Document Hold*:  A communication issued as a result of current or reasonably anticipated litigation, audit, government investigation or other such matter that suspends the normal disposition or processing of records.

*Records Retention Schedule*:  A comprehensive list of records series, indicating for each series the length of time it is to be maintained.

### Compliance

All Johnson & Johnson Operating Companies and their employees shall comply with this policy and associated RIM standards.

### Provisions

1.  The records and information management requirements, as defined by this policy and associated standards, are to be applied consistently and regularly.

2.  Records and information created or received in the course of conducting business shall be accurate and complete.

3.  Records and information shall be created, stored and managed using proper protection and allowing for future access.

    3.1.  Records and information shall be protected, and access to them controlled according to their value as described in the Information Asset Protection Policies (IAPPs) and other applicable Johnson & Johnson policies.

    3.2.  Protection of and access to such records shall comply with the requirements in the IAPPs and other security standards prescribed by Worldwide Information Security.

    3.3.  Records and information shall be classified throughout their lifecycle in a manner that allows future authorized access and use.

4.  Records and information shall be retained in accordance with the Operating Company's Records Retention Schedule including the time that covers a Document Hold.  When a record or information completes its retention period, it shall be disposed in accordance with this policy and associated standards and in compliance with Operating Company procedures.

5.  Disposition of records and information may include, but is not limited to, destruction or deletion, transferring to appropriate inactive records storage, and continuing retention as an active record.  Disposition of records and information shall be conducted in a systematic and routine basis during the course of normal business activity subject to the following requirements:

    5.1.  Records and information relevant to litigation or an investigation and subject to a Document Hold as issued by the Johnson & Johnson Law Department shall be

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

retained and preserved until further notice from the Law Department, regardless of the retention period set forth in the Records Retention Schedule;

5.2. Inactive records and information may be transferred to the Operating Company's designated inactive records storage site for long-term storage to fulfill retention requirements;

5.2.1. Records and information transferred to the Operating Company's designated inactive records storage site shall be managed with appropriate procedures to ensure availability for future business, litigation, and investigation purposes, as necessary.

5.2.2. Records and information subject to a Document Hold that are no longer required for business purposes may be transferred to an appropriate inactive storage site for preservation in coordination with the Johnson & Johnson Law Department and in compliance with paragraph 5.2.1 of this policy.

6. Operating Company records and information that are considered "vital" (i.e. fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions) shall be identified and protected in accordance with this policy and associated RIM standards.

6.1. The identification of "vital" records and the method designated to protect these records shall be included in the Operating Company's risk analysis for business continuity purposes, to ensure they are recoverable when needed.

7. Operating Company records and information in the possession of a departing employee, vendor, external business partner and outside consultant or contractor, shall be managed as follows:

7.1. When an employee leaves Johnson & Johnson or transfers to another Operating Company or department, he or she shall transition their records and information to their supervisor or manager. In the event the employee does not perform this task prior to their departure, the supervisor or manager is responsible for ensuring the departing employee's records and information are managed in accordance with this policy and associated standards;

7.2. Records and information in the possession of a vendor, external business partner, outside consultant or contractor upon termination of contract shall be transferred to the owning Operating Company and managed in accordance with this policy and associated RIM standards.

8. The Operating Company's records manager, or designee, shall conduct audits within their Operating Company for compliance with this policy and associated RIM standards.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions



WWRIM Policy
**Version 1.1**
**30 September 2009**

## Worldwide Records and Information Management Policy

9.  The requirements of this policy and associated RIM standards shall be communicated to, and incorporated into training for, Operating Company employees, vendors, external business partners and outside consultants or contractors.

10. Where appropriate, requirements of this policy and associated RIM standards shall be incorporated into contracts with those vendors, external business partners and outside consultants or contractors requiring access to Johnson & Johnson records and information during the course of the contract.  If contract changes create a need for such access and the contract lacks the proper RIM requirements, they shall be added.

11. Disaster recovery backup tapes shall be created solely for the purpose of accessing and recovering data in the event of a disaster.

*Johnson & Johnson*

**WWRIM Policy**
Version 1.1
30 September 2009

# Worldwide Records and Information Management Policy

## About the WWRIM Policy and associated Standards

This policy and associated standards are maintained by WWRIM.  The most current version of this policy, along with the following associated standards, is available on the <u>WWRIM website</u> (http://it.jnj.com/wwis/WWRIM/Pages/WorldwideRecordsandInformationManagement.aspx).

RIMS-1   Records and Information Management Program Standard
RIMS-2   Convenience Information Standard
RIMS-3   Cleanout Event Standard
RIMS-4   Historic Records Preservation Standard
RIMS-5   Inactive Records and Information Storage Standard
RIMS-6   Litigation Support Standard
RIMS-7   Management of Records and information for Facility Closures and Divestitures Standard
RIMS-8   Management of Records and Information for Mergers and Acquisitions Standard
RIMS-9   Management of Records and Information of Departing Associates Standard
RIMS-10  Records and Information Management Compliance Audit Standard
RIMS-11  Records and Information Management Training and Education Standard
RIMS-12  Records Retention Schedule Standard
RIMS-13  Vital Records Standard
RIMS-14  Management of Records and Information for System Decommissioning Standard
RIMS-15  Electronic Records and Information Management Standard
RIMS-16  Records and Information Archiving Standard
RIMS-17  Disaster Recovery Backup Retention Standard (to be published by October 31, 2009)
RIMS-18  Electronic Messaging Standard (to be published by October 31, 2009)

Approved by

Richard Guida
Vice President, Worldwide Information Security

Review and Approval

| Title | Name | Signature |
|---|---|---|
| Vice President, Worldwide Information Security Information Technology Services | Richard Guida | |

Revision History

| | | |
|---|---|---|
| WWRIM Policy v1.0 | 31 July 2009 | • New Document Issued |
| WWRIM Policy v1.1 | 30 September 2009 | • Modified  final page to include  Standards |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-1**
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Records and Information Management Program Standard

### 1. Purpose

The purpose of this standard is to provide the minimum requirements for the establishment and implementation of a comprehensive Records and Information Management (RIM) program by each Johnson & Johnson Operating Company.

### 2. Background

An effective RIM program ensures consistent and cost-effective management of records throughout their entire lifecycle. The manner in which a RIM program is implemented is determined by the organization's business needs, as well as legal and regulatory requirements for the organization. It is essential to use a systematic approach for managing records that provides the capability for accurate and timely retrieval, protection and preservation for the overall integrity and authenticity, and timely disposition when required. These elements serve to mitigate risks related to managing records and information.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary.***

### 5. Responsibilities

5.1. *Operating Company Management*
The President/Managing Director/Head of each Johnson & Johnson Operating Company is responsible for the planning, implementation, and on-going compliance with the Worldwide Records and Information Management (WWRIM) policy and associated standards through the establishment of a RIM program. This includes:

5.1.1. Ensuring one or more individuals have been designated to initiate, implement, and manage an on-going RIM program (typically known as the Records Manager);

5.1.2. Allocating adequate resources to implement and maintain their RIM program in accordance with WWRIM requirements;

5.1.3. Providing guidance on priorities;

5.1.4. Maintaining oversight.

5.2. *Operating Company Records Manager*
The Operating Company Records Manager is the designated central point of contact for all RIM matters in the Operating Company or Companies for which he or she is responsible. The designation of Records Manager does not reflect job level: any level employee may be designated the Records Manager for an Operating Company by that company's management.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Records and Information Management Program Standard

The Records Manager's responsibilities include the following (specific requirements for each RIM topic/area can be found in the corresponding RIM standard covering that topic):

5.2.1.   Implement and maintain a Operating Company-wide RIM program in compliance with the WWRIM policy and associated standards;

5.2.2.   Develop Operating Company-appropriate RIM lifecycle procedures;

5.2.3.   Ensure appropriate training on RIM requirements is available and provided to Operating Company employees, vendors, and contractors in order to enable compliance with those requirements;

5.2.4.   Comply with WWRIM program requirements including but not limited to submitting annual reports to WWRIM, completing an annual program assessment, etc.;

5.2.5.   Provide program updates on RIM activities to senior Operating Company Management and the WWRIM office;

5.2.6.   Work with Operating Company business units/departments to create, implement, and maintain a Records Retention Schedule;

5.2.7.   Conduct or facilitate RIM Compliance Audits with the business units/departments within the Operating Company;

5.2.8.   Implement and manage RIM services such as inactive storage solutions and/or acquire such services and other RIM products provided by external vendors, as appropriate.

5.3.  *Records Coordinator*
The Records Coordinator role is intended to serve as a liaison between the business unit/department and the RIM program in order to assist and support compliance with RIM requirements. The Operating Company may choose to refer to the Records Coordinator role by different names such as "Departmental Records SME" or "Records Liaison." Operating Company management shall assign appropriate resources from each department (or other agreed-upon organizational unit) to act as Records Coordinators; and the Records Manager shall develop and maintain appropriate procedures around the identification, training, and maintenance of the individuals in the Records Coordinator role.

The Records Coordinator responsibilities include but are not limited to:

5.3.1   Coordination of the transfer of records to and from the approved inactive records storage facilities;

5.3.2   Maintenance of departmental record retention schedule;

5.3.3   Coordination of acquisition of RIM equipment, services, and supplies;

5.3.4   Participation/Coordination of RIM Compliance Audits for their business unit/department.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-1**
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

## Records and Information Management Program Standard

If there are Records Coordinators utilized within the Operation Company but their responsibilities do not align with sections 5.3.1 to 5.3.4, if the Operating Company Records Manager can demonstrate that those responsibilities are documented as managed consistently in a different way, that shall be an acceptable organization alternative.

*Note about Records Coordinators*
While use of Records Coordinators within an Operating Company is required, the Operating Company Manager may obtain formal approval from their Senior Management to not utilize Records Coordinators if they feel their RIM program can be successfully implemented without such a role. However, this decision shall apply across the entire Operating Company; either the Records Coordinator role is used consistently across all business units/departments or the role is not used at all within the Operating Company.

5.4. *Johnson & Johnson Law Department*
The Johnson & Johnson Law Department is responsible for:

    5.4.1    Identifying and notifying the RIM program of records and information that must be maintained during the pendency of any litigation or government proceedings;

    5.4.2    Notifying, at minimum, and/or working with the RIM program when document preservation and/or discovery is conducted;

    5.4.3    The Operating Company Board Attorney, or designated Law Department representative responsible for supporting that Operating Company, is responsible for:

        5.4.3.1    Reviewing for legal compliance and accepting an Operating Company's Records Retention Schedule;

        5.4.3.2    Reviewing for legal compliance any written procedures and documents for implementing the RIM program which for which the Law Department is specifically listed as an owner of responsibilities. Examples of such procedures include but are not limited to the following:
- Document Hold Notice procedures
- Acceptance of Legal Documents procedures

5.5. *Operating Company People Managers/Supervisor*
Operating Company People Managers/Supervisors are responsible for supporting the RIM program by ensuring their staff has the appropriate tools and information to comply with the requirements and procedures of the RIM program. This includes ensuring any vendors or contractors working in their department have been trained on the appropriate RIM requirements.

5.6. *Worldwide Records and Information Management Program Office*
The Worldwide Records and Information Management (WWRIM) Program Office is responsible for the overall governance and strategic direction for RIM across the Johnson & Johnson Family of Companies. This responsibility includes maintaining and publishing the WWRIM policy and associated standards.

## 6. Minimum Implementation Standards

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson$ & $\mathcal{J}ohnson$

**WWRIM Standard RIMS-1**
Version 1.0
30 Sept 2009

### Worldwide Records and Information Management

## Records and Information Management Program Standard

6.1. Each Operating Company shall establish a RIM program that complies with all provisions of the WWRIM policy and associated standards.

6.2. The primary governance component of the Operating Company RIM program shall be documented procedures (with identified controls) for managing, tracking, protecting, storing, and disposing of both active and inactive records and information throughout their lifecycle regardless of format or medium.

6.2.1. Procedures shall address compliance with legal, organizational and technical requirements in addition to meeting the specific requirements of the business they support.

6.2.2. Procedures shall include documented traceability to the requirements of the WWRIM policy and standards.

6.2.3. Procedures shall be formally reviewed and approved by Operating Company Senior Management (e.g., Director-level or higher).

6.2.4. Procedures shall be reviewed and updated on a biannual basis, at minimum, unless business changes require it sooner;

6.2.5. The most recent review and approval date shall be documented even if no changes are warranted.

6.2.6. Procedures may be supported, as appropriate, by work instructions, tools, and/or processes.

6.2.7. Procedures shall include mechanisms to suspend regular RIM procedures as necessary to comply with legal requirements (including, but not limited to litigation and tax holds, and government investigations) as specified in the WWRIM Litigation Support Standard.

6.2.8. The RIM program shall use a formal, approved change management procedure to govern how and when changes to the program's procedures are made due to either regulatory or legal changes or to changes in the business.

6.3. The components of a compliant RIM program shall include:

6.3.1. Documented and approved procedures addressing the requirements of the WWRIM policy and standards as specified in paragraph 6.2 of this document;

6.3.2. Development, maintenance, and implementation of an approved records retention schedule in accordance with the ***WWRIM Records Retention Schedule Standard***;

6.3.3. Conducting of approved records cleanout event(s) in accordance with the ***WWRIM Records Cleanout Event Standard***;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-1**
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

## Records and Information Management Program Standard

6.3.4.   Identification of Operating Company Vital Records and documented methods of protection in accordance with the ***WWRIM Vital Records Standard***.

6.3.5.   Appropriate "boundary agreements" with Operating Company departments or other Johnson & Johnson Operating Company divisions to document any RIM requirements that are operationally "owned" by these entities (i.e., many requirements around electronic records are managed by the Information Technology division of Johnson & Johnson).

6.3.6.   Development and implementation of an ongoing program of records and information training in accordance with the ***WWRIM Training and Education Standard***.

6.3.7.   Facilitation, as appropriate, of requests for documents due to litigation, government inquiry, and audit.

6.3.8.   Establishment of a service providing controlled secondary storage (either on-site and/or off-site), protection, retrieval and disposition of records in accordance with the WWRIM Offsite Storage Standard.

6.3.9.   Conducting or facilitating of compliance monitoring and auditing within the Operating Company, in accordance with the ***WWRIM Records and Information Management Compliance Audit Standard***, to gauge Operating Company compliance with WWRIM policy and standards, and to develop a plan of action to address any gaps in compliance.

6.3.10.   Implementation of a procedure to ensure third-party vendors who create or manage records and information on behalf of the Operating Company are contractually bound and made aware of how to manage those records and information in compliance with the following requirements at minimum:

6.3.10.1.   Records and information created and managed by a third-party on behalf of the Operating Company shall be retained only as long as required by the Operating Company's Records Retention Schedule or as required per an active Document Hold.

6.3.10.2.   Prior to final disposition, the third-party shall notify the Operating Company to ensure that arrangements are made to identify and preserve any records and information that may be relevant to a Document Hold.

**Revision History**

| New Standard Version 1.0 | 30 Sept 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-2
Version 1.0
30 Sept 2009

*Johnson & Johnson*

## Worldwide Records and Information Management

## Convenience Information Standard

## 1. Purpose

The purpose of this standard is to define Convenience Information and provide the requirements for managing, retaining, and disposing this type of information.

## 2. Introduction

Not all information created or received by Johnson & Johnson is a record; nor does it have to adhere to any defined retention period.  This type of information will not further Johnson & Johnson business needs if maintained and is referred to as Convenience Information.  A newspaper is an example of Convenience Information.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

## 5. Implementation Standards

5.1. Convenience Information shall only be retained for as long as it is being used unless it is relevant to the subject matter of a Document Hold.

5.2. Convenience Information subject to a Document Hold shall be retained and preserved in accordance with this standard and the requirements of the Johnson & Johnson Law Department until further notice from the Johnson & Johnson Law Department.

5.3. When disposing of Convenience Information, care shall be taken to ensure any Convenience Information containing elements of classified Johnson & Johnson information be disposed of in a secure manner that prevents unauthorized disclosure of such classified information during or after the disposal process.

5.4. Convenience Information shall not be sent to off-site storage or be archived unless such information is being preserved in compliance with a Document Hold.

5.5. Convenience Information includes:

    5.5.1. *Personal Working Files:*  Personal working files contain documents such as drafts (where a final version exists), rough notes, or revisions of paper or electronic records used to create official signed documents.  These documents shall be disposed of once a final document has been accepted and/or approved provided they are not subject to a Document Hold per section 5.2.

    5.5.2. *Transitory Correspondence:*  Transitory correspondence is casual correspondence (including e-mails) often created for administrative purposes such as to facilitate

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-2
Version 1.0
30 Sept 2009

*Johnson & Johnson*

## Worldwide Records and Information Management

## Convenience Information Standard

meetings or for internal communications. These types of correspondence shall be disposed of after use provided they are not subject to a Document Hold per section 5.2.

5.5.3.  *Duplicate Copies:*  Duplicate copies are exact copies of records and information where the record or information holder is not the owner of that record.  These types of documents shall be disposed of after use provided they are not subject to a Document Hold per section 5.2.

5.5.4.  *Extra Copies:*  Extra copies are duplicates of a document, usually a printed publication where there are many extra copies of the same document and the extra copies are preserved only for the convenience of reference.  Only the original master copy needs to be retained.  These types of documents shall be disposed of when no longer of use provided they are not subject to a Document Hold per section 5.2.

5.5.5.  *Reference Materials:*  Reference materials are documents that may be received and used as review or reference by an employee, but are not documents of the Company's business activities.  These types of materials shall be disposed of when no longer of use provided they are not subject to a Document Hold per section 5.2.

5.5.6.  *Catalogs and Trade Journals:*  Catalogs, trade journals, bulletins, magazines, manuscripts, brochures, conference/seminar handouts, manuals, external newsletters, and supplier files that are external publications shall be disposed of when no longer of use provided they are not subject to a Document Hold per section 5.2.

5.5.7.  *Templates:*  Unused or blank templates that have not been filled out or completed shall be disposed of when no longer of use provided they are not subject to a Document Hold per section 5.2.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-3
Version 1.0
30 Sept 2009

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Records Cleanout Event Standard

### 1. Purpose

The purpose of this standard is to provide the requirements for Johnson & Johnson Operating Companies to follow when planning and conducting a Cleanout Event to ensure that records and information that have passed their retention requirements are disposed in a controlled manner.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 4. Minimum Implementation Standards

4.1.   The Operating Company shall meet the following requirements in order for that Operating Company (or any department(s) of the Operating Company) to conduct a Cleanout Event:

4.1.1.   Have a formal Records Retention Schedule that has been approved by Operating Company management and reviewed and accepted by the Johnson and Johnson Law Department;

4.1.2.   Have a documented procedure(s) for activities related to the Cleanout Event, including but not limited to Cleanout instruction/education, archiving of inactive records and information, and disposition of records and information which have met their retention times;

4.1.3.   Have formal approval from the Johnson & Johnson Law Department to conduct a Cleanout Event for the Operating Company;

4.1.4.   Have formal approval from the Johnson & Johnson Tax Department to conduct a Cleanout Event for the Operating Company (including clearance regarding local, national, and international tax matters);

4.1.5.   Develop and publish Cleanout Event instruction/education (e.g., the Cleanout Communications Kit) for the general population and specialized instruction/education for the Records Coordinators, or other departmental Records Management liaisons, in order to participate in the Cleanout Event.

4.2.   The Operating Company shall conduct a Cleanout Event on an annual basis subject to formal approval of the Johnson & Johnson Law Department and from the Johnson & Johnson Tax Department.

4.3.1.   The Operating Company Records Manager (or delegate) shall request formal approval from the Johnson & Johnson Law Department to conduct a Cleanout Event.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

## Worldwide Records and Information Management

## Records Cleanout Event Standard

This request shall be made at least six weeks in advance of the proposed Cleanout Event date using the WWRIM Cleanout Request process.

4.3.2. The Operating Company Records Manager shall contact the Johnson & Johnson Law Department to either obtain or confirm the list of current active Document Hold Notices for that Operating Company.

4.3.3. The Operating Company Records Manager shall ensure a process and documented procedure is in place to suspend destruction/deletion of records and information that are subject to an active Document Hold.

4.3.4. The Operating Company Records Manager (or delegate) shall contact the Johnson & Johnson Tax Department at least six weeks in advance to obtain formal approval for conducting a Cleanout Event and to obtain the official "Final Tax Audit" date for all jurisdictions (local, national, and international) to determine the records or information relevant to a tax hold and suspend destruction/deletion of these records and information.

4.3. The Cleanout Event conducted by the Operating Company shall apply the requirements of the Records Retention Schedule to all media formats, hard-copy and electronic, originals or copies and draft documents during the Cleanout Event activities.

4.4. The Operating Company shall provide support and notification of dates and activities to associates to assure participation in Cleanout Event activities.

4.5. The Operating Company Records Manager shall include the following language from the Johnson & Johnson Law Department and the Johnson & Johnson Tax Department on Cleanout Event communications and related documents:

### Required Legal Hold Notice Statement:

The [INSERT YOUR OPERATING COMPANY NAME HERE] Records Cleanout Event has been approved by the Johnson & Johnson Law Department on the assumption that each employee, contractor or consultant is knowledgeable of and will scrupulously follow all applicable Legal Hold Notices; instructions for accessing and reviewing Hold Notices will be provided in the Cleanout Communication Kit that you will receive by [INSERT DATE]. If you do not receive the Kit and do not review the compendium of Legal Hold Notices or otherwise cannot for any reason follow precisely the terms of the Legal Hold Notice, then you are NOT permitted to discard ANYTHING.

### Required Tax Related Statement:

The [INSTERT YOUR OPERATING COMPANY NAME] Records Cleanout Event has been approved by the Johnson & Johnson Tax Department on the assumption that each employee, contractor, or consultant is knowledgeable of, and will scrupulously follow all applicable tax-related document holds from [INSERT YEAR] to the present. These tax-related documents are highlighted in a Cleanout Communication Kit that you will receive by [INSERT DATE]. If you do not receive the Kit and/or do not review the tax-related

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$$\mathcal{J}ohnson \mathcal{J}ohnson$$

## Worldwide Records and Information Management

## Records Cleanout Event Standard

documents by [INSERT DATE], or for any other reason cannot follow precisely the terms of the tax-related document holds from [INSERT YEAR] to the present, you are NOT permitted to discard ANY tax related records.

4.6.   Operating Companies shall provide instruction/education on how to participate in the Cleanout Event in advance of the actual event. The instruction/education may be delivered in a variety of formats, including but not limited to, LiveMeeting education sessions, classroom education sessions, etc., but must include a hardcopy or electronic "Cleanout Communications Kit" which shall contain, at minimum, the information listed below:

- Date of Event
- Sites/Departments which can participate in the Cleanout Event
- How to locate, read and use the Records Retention Schedule
- How to locate and review the list of active Document Holds ensure records and information relevant to active Holds are not destroyed/deleted
- The Tax Holds (or Final Tax Audit year) affecting that Operating Company
- Physical and electronic locations where records and information reside which should be considered for review during the Cleanout Event
- Proper methods of destruction and deletion
- Procedure and instructions for transferring records and information to inactive storage
- Required participation sign-offs
- Location of where Cleanout Event information can be found
- Name of departmental Records Coordinator (if applicable) or Cleanout Event contact

4.7.   Activities and participation in the Cleanout Event shall be documented and reported. Reports shall be submitted to WWRIM and the Operating Company's Management within 90 days of the Cleanout Event. The report will include the following information:

- Percentage rates of participation in the Cleanout Event
- Estimated volume of paper documents processed for destruction
- Estimated megabytes/gigabytes of electronic data that was processed for deletion
- Amount of time associates were provided to participate in the Cleanout Event activities (e.g., 1 day, 3 days, etc.)

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-4**
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

## Historic Records Preservation Standard

### 1. Purpose

This standard establishes the criteria for preservation of those records and information that are determined by the Operating Company to be of historic value.

### 2. Background

The historical value of records and information pertains to the original and ongoing development of the organization, its mission, programs, products, major achievements, failures, significant events and personalities, and societal relationships.

### 3. Scope

This standard pertains to the management of company information for historical purposes by the Operating Company Records and Information Management department only. It includes, but is not limited to, preservation of promotional and marketing materials, product displays, books, photographs, artistic renderings, videotapes, audiotapes, movies, etc. that are determined by the Operating Company to have historical value.

In Operating Companies where the formal responsibility for managing historic records does not reside within the Records and Information Management department, the full responsibility and accountability for managing and protecting those historic records shall reside with the designated responsible department or entity. In those situations, this standard shall be considered as "guidance" for the designated responsible department or entity to follow.

Note: This standard does not cover requirements related to "sampling" for good practice (GxP) purposes nor for submission of labeling, packaging, specifications or advertising information in connection with regulatory submissions.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Minimum Implementation Standards

5.1. The Operating Company shall have documented criteria for determining the types of records and information that have historic value and implement procedures for maintaining these records in archival conditions.

5.2. Records and information designated as "historic" and managed by the Operating Company Records and Information Management department shall be formally transferred to the custody of the Operating Company's Records and Information Management department.

5.3. The following data shall be recorded for each historic record that is accepted into archive for historic preservation:

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

## Worldwide Records and Information Management

## Historic Records Preservation Standard

- Transferring office
- Date of transfer
- Records title and other unique identifiers
- Date(s) associated with historic record
- Special instructions for archiving

5.4. The Operating Company shall develop documented criteria and procedures for use of and access to historical records and information for research or legal purposes.

5.5. Historic records and information in hardcopy form shall be preserved under environmental conditions similar to those used for preserving magnetic media and microfilm.

5.6. Historic electronic records and information preserved in digital format shall be stored on media that conforms to ANSI/ISO standards.

5.7. Any technology solution used to preserve historic electronic records and information shall undergo periodic technology reviews to ensure the records and information remains intact and retrievable. In the event it is determined that these requirements cannot be properly ensured, the records and information shall be transferred to another technology solution or to a newer generation of the same technology solution to preserve the integrity of the records and information and to retain the ability to retrieve, display and use over time. Historic electronic records and information shall be formally evaluated and, if appropriate, transferred to a new technology solution at a minimum of once every six years.

5.8. Both historic electronic and hardcopy records and information shall be preserved in a format that does not allow for changes or modifications. The preservation manner shall prevent the records and information from being harmed, manipulated or destroyed by negligence, sabotage, or natural disaster of any kind.

5.9. The retention period for historic records and information is Life of Organization.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\&\mathcal{J}ohnson$

**Worldwide Records and Information Management**

WWRIM Standard RIMS-5
Version 1.0
30 Sept 2009

## Inactive Records and Information Storage Standard

### 1. Purpose

This standard provides the criteria for Johnson & Johnson Operating Companies to follow in managing inactive records and information until their final disposition and for selecting a facility to store Johnson & Johnson inactive records and information.

### 2. Background

Inactive records and information are information that is no longer needed to conduct current business but must be preserved until its retention period has passed. Inactive records should be moved to a secure inactive records storage site/facility which provides the records (1) physical security, (2) increased protection against damage due to natural disasters, and (3) protection from unauthorized access. Additionally moving inactive records to a designated storage site/facility frees up valuable office and work space.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Minimum Implementation Standards

5.1.   As minimum requirements for managing inactive records and information, Operating Companies shall have the following:

5.1.1.   Procedures for identifying, labeling, and indexing records and information as "inactive;"

5.1.1.1.   At minimum, the following information shall be captured for any records being sent to inactive storage:

- Record code
- Record title
- Record description
- Creation date and/or date span of records in container
- Department or business unit name
- Contact information for business owner
- Destruction date ( or "trigger" based on Records Retention Schedule)
- Hold code (if applicable)

5.1.2.   Procedures for transferring active files to inactive storage locations;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\&\mathcal{J}ohnson$

WWRIM Standard RIMS-5
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Inactive Records and Information Storage Standard

5.1.3. Procedures for managing access/authorization to send and retrieve records to and from inactive storage. The procedure shall include requirements for the following:

5.1.3.1. Granting and approving access/authorization to Operating Company users to send and retrieve records to and from storage;

5.1.3.2. Ensuring access/authorization is terminated once the Operating Company user no longer requires it (due to job change, termination, etc.);

5.1.3.3. Ensuring Operating Company users are appropriately trained on procedures dealing with inactive record transfer prior to obtaining their access/authorization;

5.1.3.4. Ongoing maintenance of an authorized access list.

5.1.4. Areas designated for storing inactive records;

5.1.5. A mechanism for tracking inactive records and information at the storage location;

5.1.6. Procedures for ensuring Document Holds are applied to the records being sent to inactive storage or are already stored at inactive storage areas;

5.1.7. Procedures for department owners to request retrieval of records from inactive storage;

5.1.8. Procedures quickly locating and transferring inactive records to the department owners upon their request;

5.1.9. Procedures for conducting records destruction in compliance with the approved Records Retention Schedule when retention times have been met and when there is no Document Hold in place;

5.1.9.1. The Operating Company Records Manager shall review and approve any extensions to retention of inactive records for reasons other than a Document Hold;

5.1.9.2. Department/Business unit management shall approved destruction of their unit's inactive records;

5.1.9.3. The Operating Company RIM program shall maintain copies of approved destruction eligibility documentation for inactive records;

5.1.9.4. The Operating Company Records Manager shall ensure approved destruction of inactive records is conducted in a secure manner consistent with industry good practices that ensures the records and information cannot be recovered or reconstructed by any ordinary means.

5.1.9.5. Certificates of Destruction shall be issued for destroying inactive records and shall be maintained by the Operating Company RIM program.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-5
Version 1.0
30 Sept 2009

### Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

5.2. Inactive records and information may be stored at either an on-site or commercial third-party storage facility.

    5.2.1. Selection of and negotiation with a commercial third-party storage facility shall comply the Operating Company procedures for engaging with third-party vendors.

5.3. Locations that serve as storage facilities shall be properly managed so as to protect the records and information. The following requirements shall be met for both on-site and off-site inactive records storage facilities:

    5.3.1. Records and information shall be indexed and tracked while being stored and managed by the facility.

    5.3.2. Facility shall have processes and procedures that allow for the application of Document Holds to the inactive records stored at the facility.

    5.3.3. The facility must have security measures in place to prevent unauthorized access and these measures are to be tested and documented.

    5.3.4. The facility shall maintain a list of authorized personnel who may access the records and information.

    5.3.5. Facilities shall documentation that employees are appropriately trained on all aspects of the operations.

    5.3.6. Climate controls shall be established so as to maintain constant temperature at 65°F or 18.33°C and humidity at 35 percent.

    5.3.7. Adequate notice shall be provided to the Operating Company by the storage provider for any changes in procedures and or services.

5.4. In addition to meeting the requirements of paragraph 5.3, commercial off-site storage facilities shall meet the following requirements:

    5.4.1. Commercial facilities shall have a written agreement with the Operating Company. Agreement shall include language for services that address normal business operations, appropriate compliance with the Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs), and any other special requirements.

    5.4.2. Employees and contractors or consultants of a commercial storage facility shall be properly screened and bonded.

    5.4.3. Facilities shall have the appropriate business continuity plans that address both natural and man-made disasters with documented procedures that are available for inspection. Business continuity plans and processes shall meet the local requirements and must be tested annually at minimum.

    5.4.4. Facilities shall allow inspection by Johnson & Johnson during normal business hours.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-5
Version 1.0
30 Sept 2009

*Johnson & Johnson*

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

5.5.    Audits of the storage facility shall be conducted by one of the Johnson & Johnson Operating Companies no less than once every three years.  Audits conducted by one Operating Company may be leveraged by other Operating Companies using the same storage facility.

5.6.    New storage facilities must be pre-qualified by a Johnson & Johnson Operating Company prior to use.  Pre-qualification includes a review of the storage facility against, at minimum, the requirements of this standard.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

**WWRIM Standard RIMS-6**
Version 1.0
30 Sept 2009

### Worldwide Records and Information Management

## Litigation Support Standard

### 1. Purpose

The purpose of this standard is to define requirements to assure and demonstrate that a reasonable and good faith effort has been made to comply with Document Holds when issued, and that records and information relevant to the matter of the Document Hold have been preserved, while records not specifically or remotely linked to Document Holds shall be managed in accordance with the approved Worldwide Records and Information Management (RIM) policy and standards.

### 2. Background

Document Holds are issued by the Johnson & Johnson Law Department when litigation, governmental investigation or audit occurs or is reasonably anticipated. Only the Johnson & Johnson Law Department has the authority to release a legal Document Hold.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Standards

5.1. The Operating Company Records Manager shall develop and implement documented procedures, including actions, roles and responsibilities, and internal controls, for the following areas:

5.1.1. Acceptance of legal documents (e.g. Summons and Complaints, Court Orders, Subpoenas, etc.);

5.1.1.1. The Operating Company Records Manager shall work with the Johnson & Johnson Law Department to develop and document procedures or "boundary agreements" for the responsibilities designated as belonging to the RIM program regarding acceptance of legal documents, which are appropriate for that Operating Company.

5.1.2. Communication and/or distribution of Document Holds and Hold Releases;

5.1.2.1. The Johnson & Johnson Law Department shall be solely responsible for the determination and wording of a legal Document Hold as well as identification of the population which shall receive the Document Hold.

***Note:*** Most commonly, the Johnson & Johnson Law Department distributes the Document Holds to the Operating Company Records Manager, who is then responsible for broader distribution of that Hold to the population within that Operating Company which the Law

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\text{-}\mathcal{J}ohnson$

WWRIM Standard RIMS-6
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Litigation Support Standard

Department has identified as potentially having records and information relevant to the subject matter of that Hold.

5.1.3.  Normal RIM practices shall be suspended, including the destruction of records and information according to approved Records Retention Schedules, to comply with the requirements of Document Holds;

5.1.3.1.  Unless otherwise determined and documented by the Johnson & Johnson Law Department, suspension of destruction/deletion of records and information per a Document Hold shall apply only to records and information relevant to that Hold.

5.1.3.2.  A documented procedure(s) shall delineate the steps that must be taken to review the current list of active Document Holds prior to any record or information destruction or deletion to ensure relevant records and information are suspended from any destruction/deletion process. The procedure(s) shall include a provision that if there is uncertainty as to whether a record is relevant to a Document Hold, that record shall be preserved until guidance and clarification can be obtained from the Johnson & Johnson Law Department.

5.1.4.  Preservation, discovery and production of records impacted by Document Holds.

5.1.4.1.  Unless otherwise determined and documented by the Johnson & Johnson Law Department, Operating Company Records Managers shall be notified of release of Operating Company records and information to external parties for legal purposes.

5.2.  The duty to preserve records and information relevant to the subject of a Document Hold applies to all formats and mediums, including paper and electronic documents on any fixed or portable device.

5.3.  Reasonable steps shall be undertaken to preserve records and information, including any Convenience Information that are relevant to the subject matter of a Document Hold. Scheduled or in-progress cleanout of any Hold-relevant records and information must be suspended or stopped regardless of the retention periods.

5.4.  Hard-copy records and information relevant to the subject of a Document Hold, but which are no longer required for day-to-day business operations, may be sent to inactive storage in accordance with Operating Company procedures based on this standard and other applicable WWRIM standards, unless otherwise notified by the Johnson & Johnson Law Department.

5.5.  Preservation of electronic records and information relevant to the subject of a Document Hold shall comply with the requirements of the Johnson & Johnson Law Department.

5.6.  Preservation of any relevant records or information shall continue until the Document Hold has been released by the Johnson & Johnson Law Department.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-6**
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Litigation Support Standard

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

3

WWRIM Standard RIMS-7
Version 1.0
30 Sept 2009

*Johnson & Johnson*

### Worldwide Records and Information Management

## Management of Records and Information for Facility Closures or Divestitures Standard

### 1. Purpose

This standard provides the minimum requirements for managing records and information due to a facility closure or a business, plant, or product divestiture.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 4. Approach

The Operating Company planning to divest itself of a business, plant or product, or planning to close a facility, shall include records and information management requirements in their plans as defined for the situations below:

*Closure of a facility when the business remains intact elsewhere*:  When one or more sites of an Operating Company close, the Operating Company shall retain ownership of the records and information for that site.  Records and information shall be under the direction of the Operating Company Records Manager and shall be governed in accordance with the WWRIM policy and any applicable standards.

*Divestiture of specific products and/or functions where the balance of the Operating Company remains intact within the Johnson & Johnson Family of Companies*:  When the Operating Company divests itself of certain products and/or functions, records and information relevant to the product or function, as outlined in contracted agreement among the parties, shall remain with that product or function.  Only records defined in the contracted agreement shall be transferred to the new company; all other records and information shall remain the property of the Operating Company.

*Complete divestiture of an Operating Company and all its associated products and/or functions:*  When the Operating Company's business is completely divested, the records and information defined in the contracted agreement shall be transferred to the new company.  The remaining records and information shall be managed at the direction of the Johnson & Johnson Law Department, in consultation with the Records Manager of the closing Operating Company and the World Headquarters Records Manager.  Custodianship of the remaining records shall transfer to the World Headquarters Records Manager unless otherwise directed by the Johnson & Johnson Law Department.

*Discontinuation of an Operating Company's business without divestiture:*  When the Operating Company's business ceases, disposition of all records shall be at the direction of the Johnson

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-7
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

# Management of Records and Information for Facility Closures or Divestitures Standard

& Johnson Law Department, in consultation with the Records Manager of the closing Operating Company and the World Headquarters Records Manager. Custodianship of the remaining records shall transfer to the World Headquarters Records Manager unless otherwise directed by the Johnson & Johnson Law Department.

## 5. Minimum Implementation Standards

5.1. Records and information, both in paper and electronic formats, relevant to a divestiture or closure shall be indexed and a current information inventory created.

5.2. Records and information as well as convenience information that have past their retention requirements on or before the official divestiture date or the facility closing date shall be disposed of according to the RRS requirements and the *WWRIM Records Cleanout Event Standard,* unless otherwise advised by the Johnson & Johnson Law Department.

5.3. Records and information identified in the divestiture or closing agreement that are to be transferred to another company shall be segregated from records and information to be retained by the Operating Company.

5.4. Records and information identified for transfer, per the contracted agreement, shall be checked against active Document Holds to determine whether the records and information are subject to a Document Hold.

   5.4.1. If records and information are subject to an active Document Hold, the Operating Company Records Manager shall seek direction from the Johnson & Johnson Law Department as to the management of those records.

5.5. Responsibility for overseeing the proper identification, management and transfer of relevant records and information, in all formats, to the new company shall be assigned to the Operating Company's Records Manager.

5.6. Records and information that are being transferred to the new company but are required by the Operating Company to complete a Tax Audit, shall be copied by the Operating Company and marked as being subject of a Tax Audit, unless otherwise advised by the Johnson & Johnson Law Department or the Johnson & Johnson Tax Department.

5.7. Records and information to be transferred to a new company shall be properly indexed and clearly marked. A copy of the index of records and information transferred to the new company shall be retained by the Operating Company.

5.8. Transfer of records and information shall follow proper chain of custody procedures.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-7
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

# Management of Records and Information for Facility Closures or Divestitures Standard

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-8
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

# Management of Records and Information for Mergers and Acquisitions Standard

## 1. Purpose

The purpose of this standard is to specify the Records and Information Management (RIM) planning requirements for integrating an acquired company's records and information into the acquiring Operating Company, as well as for training the acquired company personnel on Johnson & Johnson's RIM requirements and the Operating Company's RIM-specific procedures.

## 2. Background

When Johnson & Johnson (or one of its Operating Companies) seeks to acquire another company, the company being acquired will ultimately become part of Johnson & Johnson and thus be required to comply with the Johnson & Johnson Worldwide Records and Information Management (WWRIM) Policy and associated standards.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

## 5. Approach

Due to the nature of acquisition planning and integration, and to the unique situations surrounding each acquisition project, the engagement of the Operating Company Records Manager by the Mergers and Acquisitions team may occur at different intervals during the project, and in fact may not begin until the final integration is well underway. Additionally, the Mergers and Acquisitions team may limit the Records Manager's level of engagement or scope of responsibility due a variety of reasons. Hence, the tasks and responsibilities required of a Records Manager will also vary. Below are listed the minimal implementation standards.

## 6. Minimal Implementation Standards

6.1. As part of the acquisition process, the Mergers and Acquisitions team shall engage the Operating Company Records Manager as part of the integration process and/or integration team.

6.2. Within the terms and scope of this engagement (paragraph 5.1), the Records Manager shall do the following:

6.2.1. Facilitate or conduct an evaluation of the records and information management practices of the acquired company, including a gap analysis comparing that company's policies and standards with Johnson & Johnson's WWRIM policy and standards;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-8
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

# Management of Records and Information for Mergers and Acquisitions Standard

6.2.2.  Develop a plan of action to bring the acquired company into compliance with the Johnson & Johnson WWRIM policy and standards after the acquisition finalizes. The plan shall include provisions for the training/communicating the requirements of the RIM program to the acquired company personnel/contractors; the transfer-in or management of the acquired company's records, including evaluation of Document Holds and an estimate of the resources needed to carry-out the plan.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-9
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

# Management of Records and Information of Departing Associates Standard

## 1. Purpose

This standard establishes the minimum requirements for Johnson & Johnson Operating Companies in managing the records and information of departing employees and/or contractors to assure such records and information are reviewed and dispositioned in compliance with laws, regulations, the Operating Company Records Retention Schedule (RRS), and active Document Holds.

## 2. Scope

This Standard applies to all Johnson & Johnson Operating Companies.

## 3. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

## 4. Approach

The hard-copy and electronic records and information left behind when an employee or contractor leaves the Operating Company or transfers into another position either within the Operating Company or with another Johnson & Johnson Operating Company, are referred to as "orphaned files." These files must be actively managed for compliance with business processes and records and information management (RIM) requirements.

Note: Both hard-copy and electronic records and information created or received by an employee in the course of doing business for the Operating Company are the property of that Operating Company and shall remain with the Operating Company upon departure of the employee. The same shall apply with regard to records and information created or received by contractors and/or vendors unless there is a specific documented and approved contractual clause or agreement stating otherwise.

## 5. Minimum Implementation Standards

5.1. The Operating Company RIM department shall have documented procedures for assuring that records and information left behind when an employee leaves the Operating Company are actively managed for compliance with business processes and records and information management requirements.

5.2. The **departing employee**, prior to leaving their position within the Operating Company, shall determine disposition of their records and information by reviewing their records against the Operating Company Records Retention Schedule and the active Document Holds impacting that Operating Company and/or workgroup and/or individual. Convenience Information shall

**Johnson & Johnson Confidential**

*Johnson & Johnson*

### Worldwide Records and Information Management

## Management of Records and Information of Departing Associates Standard

be destroyed/deleted when its use has ended, provided it is not relevant to the subject matter of a Document Hold.

5.2.1. The departing employee shall obtain guidance from their supervisor or the RIM department to ensure they understand and reference the most current version of the RRS and Document Hold listing.

5.2.2. Records and information that must be retained shall be transferred to the employee's supervisor. Within 90 days of employee's departure, the supervisor shall arrange for the transfer of those records and information to themselves, another designated individual(s), or an appropriate secured location. Regardless, the records and information must be retained and managed in compliance with RIM requirements and Operating Company procedures.

5.2.3. Records and information determined to be eligible for destruction or deletion after this review process shall be either:

5.2.3.1. Transferred to the supervisor to retain until the Operating Company's annually scheduled Records Cleanout Event, at which point those records will be re-reviewed, re-dispositioned and destroyed, as appropriate,

5.2.3.2. Or, destroyed/deleted at that time with written approval by the supervisor.

5.2.4. If for any reason, the departing employee does not perform a review and determination of the disposition of their records and information prior to departure, the supervisor shall be responsible for ensuring the records are actively managed in accordance with RIM requirements, specifically the requirements of this standard.

5.3. The **departing contractor or vendor** shall transfer all Operating Company records and information to their Johnson & Johnson sponsor who shall be responsible for ensuring the records and information are actively managed in accordance with RIM requirements, specifically the requirements of this standard.

5.3.1. If for any reason, the departing contractor or vendor does not transfer their records and information to their supervisor, the supervisor shall, within 90 days of the contractor or vendor's departure, transfer those records and information to themselves, another designated individual(s), or an appropriate secured location. Regardless, the records and information must be retained and managed in compliance with RIM requirements and Operating Company procedures.

5.4. The departing employee or contractor may take with them upon departure any personal notes provided these documents, in their entirety, were (1) not prepared, used for, or communicated in the course of transacting Operating Company business, and (2) not subject to an active Document Hold for any reason.

**Johnson & Johnson Confidential**

*Johnson & Johnson*

WWRIM Standard RIMS-9
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

# Management of Records and Information of Departing Associates Standard

5.5.    At the end of the employee or contractor's last day with the Operating Company, any access to Operating Company records and information, including hard-copy and electronic, shall be disabled.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**

*Johnson & Johnson*

WWRIM Standard RIMS-10
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Records and Information Management Compliance Audit Standard

### 1. Purpose

This standard defines the requirements for the Operating Company Records and Information Management (RIM) department to follow in planning and conducting (or facilitating) RIM compliance audits of departments within their Operating Company.

### 2. Background

Audits provide (1) assurance that processes and systems are effective, and compliant with program and/or external requirements, (2) a mechanism for regular scrutiny, (3) a means to identify potential problems and implement corrections, and (4) a vehicle for the improvement of programs.

The RIM compliance audit is conducted to determine how well Operating Company departments are complying with the RIM procedures of that Operating Company.

*Note: The RIM compliance audits discussed in this standard are not to be confused with, nor used in place of, the records and information management audits conducted by Johnson & Johnson Corporate Internal Audit (CIA). CIA conducts audits of the Operating Company RIM program for compliance with WWRIM policy and standards; the criteria and selection process for CIA audits will be determined by CIA.*

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Implementation Standards

5.1. The Operating Company shall conduct audits for compliance with Operating Company RIM procedures on an annual basis.

　5.1.1. The Operating Company Records Manager shall be responsible for conducting or facilitating RIM compliance audits of selected departments within their company or for ensuring those audits are conducted by trained and qualified individuals as appropriate for that Operating Company.

5.2. A risk-based approach shall be used to determine the Operating Company's RIM compliance audit schedule priorities.

　5.2.1. The Operating Company Records Manager shall conduct an assessment to determine which departments within the company shall be considered "high risk" from a RIM perspective.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-10**
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

# Records and Information Management Compliance Audit Standard

5.2.2.    Any department meeting **any** of the following criteria shall be considered "high risk":

     5.2.2.1.   Overall unsatisfactory results during the previous RIM compliance audit;

     5.2.2.2.   Significant RIM compliance audits findings for more than two consecutive audits;

     5.2.2.3.   Impacted by a large number of active Document Holds due to litigation or government investigations **or** preserving a large volume of records and information relevant to active Document Holds;

     5.2.2.4.   Exposed to regulatory audits;

     5.2.2.5.   Or, manages a large number of vital records.

5.2.3.    "High risk" departments shall be prioritized for auditing on an annual basis until they have been audited for two consecutive years with no significant findings. Thereafter, they shall be audited as other departments at a minimum of once every fourth year.

5.2.4.    Departments other than "high risk" shall be audited at a minimum of once every fourth year.

5.3.    The Operating Company RIM department shall have documented procedures for determining "high risk" departments, and for initiating, conducting, and reporting a RIM compliance audit.

5.4.    The scope of the RIM compliance audit shall include department compliance with applicable procedures in the following areas:

- Convenience Information

- Records Retention Schedules, including disposition of records past their retention times

- Training and Education

- Document Hold Notices

- Records Cleanout

- Inactive Records and Information Management

- Vital Records and Information

- If the department has engaged a third party vendor to create, manage and/or store records and information on their behalf, a random audit shall be conducted to ensure that contract terms relating to records and information management are being met.

5.5.    A RIM compliance audit report shall be presented to the senior management of the Operating Company department being audited and shall include significant findings.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}$*ohnson*$\mathcal{J}$*ohnson*

WWRIM Standard RIMS-10
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

# Records and Information Management Compliance Audit Standard

5.6.  The department being audited shall develop a corrective action plan, with timelines, to address significant findings.

5.6.1.  Corrective action plans and timelines shall be signed by senior management of the department and submitted to the Operating Company RIM department for acceptance, and in order to allow for monitoring for completion.

5.6.2.  Department management or their designee shall provide periodic updates on the progress of the action plan.  Any changes to the initial timelines for completion shall be communicated to the Operating Company RIM department soon as possible.

5.6.3.  The Operating Company RIM department shall be responsible for monitoring the status of the corrective action plan to assure its implementation, and for escalating repeated missed deadlines and/or lack of progress to Operating Company senior management.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

<div align="right">
WWRIM Standard RIMS-11
Version 1.0
30 Sept 2009
</div>

$\mathcal{J}ohnson$ & $\mathcal{J}ohnson$

### Worldwide Records and Information Management

## Training and Education Standard

---

## 1. Purpose

This standard establishes the minimum requirements for Johnson & Johnson Operating Companies in providing Records and Information Management (RIM) training and education to assure that the requirements and the expectations of the RIM program are communicated and understood.

## 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 3. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

## 4. Minimum Implementation Standards

4.1.  The Operating Company RIM department shall have a documented ongoing RIM strategy and implementation procedure for their Operating Company to address training and education requirements for (1) Operating Company employees; (2) vendors, external business partners, and outside consultants/contractors; and (3) individuals in special roles/circumstances.

4.2.  The following training and education requirements shall be met by all Operating Companies.

*Note: The requirements may be met through a variety of training and education mechanisms, including but not limited to class-room training, one-on-one training, J&J eUniversity training, web or Live Meeting training, "read and understand" documentation, etc. Further, the requirements may be met via one mode(s) of training during one year and a different mode(s) of training in the subsequent year.*

4.2.1.  *Operating Company Employees*: Operating Company employees shall annually receive general records and information management training addressing, at minimum, the following areas:

- Benefits of properly managed records and information;
- Consequences and risks of non-compliance;
- Overview of the Johnson & Johnson WWRIM Policy;
- Overview of the basic elements of a RIM program;
- General contact information for further RIM assistance/guidance
- Detailed information on
  - The concept of RIM lifecycle methodology
  - The concept of records and information, and Convenience Information;
  - Understanding and using a Records Retention Schedule;
  - Understanding and complying with a Document Hold;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Training and Education Standard

---

  o  Understanding and complying with a records and information cleanout event;
  o  Understanding records and information requirements for electronic records, including e-mail;
  o  Understanding the employee's role and responsibilities within the RIM program

4.2.2. *Vendors, External Business Partners, Contractors/Consultants handling Operating Company records and information:* Vendors, external business partners, and contractors/consultants who handle Operating Company records and information shall receive, within 60 days of beginning their engagement with the Operating Company, general records and information management training/awareness communication addressing, at minimum, the following areas:

- Requirements of the Johnson & Johnson WWRIM Policy;
- Consequences and risks of non-compliance;
- General contact information for further assistance/guidance in complying with RIM requirements;
- Understanding their role and responsibilities in complying with RIM requirements and fulfilling RIM activities.

*Note: It is recommended that long-term contractors/consultants receive annual training covering the same topics as Operating Company employees.*

4.2.3. *Individuals in Special Roles / Circumstances* The following requirements address individuals in special roles /circumstances:

4.2.3.1. *Newly Hired/Transferred-In Employees* Newly hired/transferred-in employees shall receive RIM educational material or training within the first 60 days of reporting to work. The material or training shall address the topics listed in paragraph 4.2.1 of this standard.

4.2.3.2. *Records Coordinators* As the focal point for RIM activities within a department, the Records Coordinator shall received additional, specialized annual training. In addition to receiving general training as specified for Operating Company employees in paragraph 4.2.1 of this standard, the Records Coordinator training shall include the following:

- Guidance on facilitating awareness of RIM requirements within their department
- Requirements on coordinating communication between RIM and their department
- Requirements for facilitating RIM program events and procedures for their department
- Detailed information on RIM requirements and Operating Company procedures for
  o Offsite storage
  o Legal Support / Document Hold compliance

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-11
Version 1.0
30 Sept 2009

*Johnson & Johnson*

## Worldwide Records and Information Management

## Training and Education Standard

---

     o Records and information cleanout
     o RIM program audits
     o Protection of information of departing staff
     o Vital records
     o Compliance with records retention schedules
     o Management of electronic records and e-mail records

    In the event the Records Coordinators' responsibilities differ from the standard, per the **WWRIM Records and Information Management Program Standard**, section 5.3, the training the Records Coordinators the receive shall match the documented responsibilities of those Records Coordinators.

4.3. The Operating Company RIM department shall track and document completion/attendance of all training, education sessions, and courses.

4.4. Training and education materials and training courses may be reviewed and/or updated as needed, but shall be reviewed and/or updated at a minimum of every three years to assure relevancy.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-12
Version 1.0
30 Sept 2009

*Johnson & Johnson*

## Worldwide Records and Information Management

## Records Retention Schedule Standard

### 1. Purpose

This standard provides the requirements for developing, maintaining, and implementing a Records Retention Schedule (RRS) by the Johnson & Johnson Operating Companies.

### 2. Scope

The standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 4. Minimum Implementation Standards

4.1.  Each Operating Company shall develop and manage an RRS for that Operating Company.

4.2.  The Operating Company shall have documented procedures for establishing, updating, maintaining, publishing, and communicating the RRS.

4.3.  The RRS shall be reviewed and accepted by the Operating Company Board Attorney or designated Johnson and Johnson Law Department representative responsible for supporting that Operating Company.  "Acceptance" shall indicate the process for developing the RRS is acceptable in meeting the requirements of the Operating Company.  Evidence of acceptance shall be in the form of a digital or hand-written signature.

4.4.  The RRS shall be accepted, at minimum, by a member of Senior Management of the Operating Company (Vice-President-level or above).  Evidence of acceptance shall be in the form of a digital or hand-written signature.

4.5.  The retention requirements apply to records and information stored on all media formats, including electronic records and information.  The requirements apply to Johnson & Johnson records and information used in the course of business regardless of whether the records reside on an Operating Company computing or storage device, a third-party/partner computing or storage device, or a personally-owned computing or storage device.

4.6.  Record Retention Schedules developed by the Operating Company shall include, at minimum, the following information:

- Record Code
- Record Title
- Record Description
- Trigger Event
- Retention Period (in years)
- Legal Authority and/or Citation

WWRIM Standard RIMS-12
Version 1.0
30 Sept 2009

### Johnson & Johnson

## Worldwide Records and Information Management

## Records Retention Schedule Standard

4.7.  Retention periods shall be sufficient to meet current regional, national, and local laws and/or business needs.

4.8.  Retention periods may exceed regional, national, and local laws and regulations if business needs warrant and if approval is granted by Senior Management of the custodial department, the Operating Company Records Manager and the Johnson & Johnson Law Department.

Note:  Retention periods shall not be exceeded if that action violates any applicable laws or regulations.

4.9.  Retention periods start from the point when the trigger event occurs.   The Operating Company shall use the following common set of trigger events, trigger event descriptions and trigger event acronyms to denote retention triggers in their retention schedules as applicable.

| Trigger Event Acronym | Trigger Event Title | Trigger Event Description |
|---|---|---|
| ACT | Active | Retain the record or information while the document is active, in force or in use.   Once the document is no longer active then the retention period starts and is calculated. |
| BA | Batch Expiry | Begin the retention period after the batch expires. |
| CY | Current Year | Indicates the year in which the record or information was created. |
| FTA | Final Tax Audit | Begin the retention period after the final tax audit has been completed and the records and information are released by the Johnson & Johnson Tax Department, but in no case less than seven years. |
| IND | Indefinitely | Retain the record or information indefinitely. |
| LAS | Life of Affected System | Begin the retention period after the equipment, system or facility to which it relates is taken out of service. |
| LO | Life of Organization | Retain the record or information for the life of the organization. |
| PL | No Longer in Production | Commence the retention period |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-12
Version 1.0
30 Sept 2009

*Johnson&Johnson*

### Worldwide Records and Information Management

## Records Retention Schedule Standard

| | | when the product is no longer in production. |
|---|---|---|
| SUP | Until Superseded | Retain the record or information until a new or later version replaces the record or information. |
| TE | Termination of Employment | Begin the retention period when the employment ends or all provisions of a contract have been fulfilled. |

4.10. Records and information shall not be retained longer than the period of time designated for each Record Title unless a Document Hold has been issued by the Johnson & Johnson Law Department suspending the destruction of those records and information. If a Document Hold is issued, records and information relevant to the subject of the Document Hold are to be preserved until the Document Hold is released by the Law Department

4.11. Operating Company Records Managers shall develop and implement appropriate procedures, communications, and training to assure Operating Company employees, vendors, and contractors understand their responsibilities in complying with the requirements of the RRS and have the necessary knowledge and tools to do so.

4.12. Operating Companies shall regularly apply the requirements of the RRS to their records and information.

4.12.1. Records and information, in both hard-copy and electronic form, having met their retention time and in accordance with this standard shall be disposed of in a secure manner consistent with industry good practices that ensures the records and information cannot be recovered or reconstructed by any ordinary means.

4.13. Operating Companies shall review and republish their RRS at a minimum of once every three years to ensure the information and requirements of the RRS are up-to-date with all laws, regulations and business needs.

4.14. All changes to the RRS shall follow a formally documented Change Management Procedure.

**Revision History**

| New Standard Version 1.0 | 30 Sept 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

3

*Johnson & Johnson*

WWRIM Standard RIMS-13
Version 1.0
30 Sept 2009

## Worldwide Records and Information Management

# Vital Records Standard

## 1. Purpose

This standard establishes the criteria and minimum requirements for the identification, protection, and maintenance of Vital Records for all Johnson & Johnson Operating Companies to assure those records and information are available to promote continuity of core business functions in the event of a records-related disruption of any kind.

## 2. Background

Vital Records are defined as "records that are fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions". Vital Records contain information necessary to maintain or re-establish the organization in the event of a hazard or disaster. As such, they are a critical component of a Business Continuity plan.

Some of the consequences of damages a company may sustain if not equipped with a functioning Vital Records program include:

- Loss or decrease in customer base
- Interruption of revenue flow
- Inability to comply with legal and/or regulatory requirements
- Fines or other penalties for failure to produce required records and information
- Extensive cost of reconstruction of lost records and information
- Damage to company reputation

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

**Vital records** are defined in Paragraph 2 of this standard. Other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

## 5. Approach

The protection of Vital Records is accomplished primarily by the identification, categorization, duplication, and controlled storage of these kinds of records and information and their respective copies. The controlled storage occurs in two different and geographically separate locations. This is a process known as dispersion, and it provides an added layer of protection in the event of a disaster. Dispersion applies to hard-copy as well as electronic records and information. Operating Company Senior Management must agree to protect these records or be willing to tolerate the risk of not protecting them as evidenced by a formal, approved exception statement.

## 6. Minimum Implementation Standards

6.1. Vital Records shall be (1) secured in a manner that preserves and protects the integrity of the record and (2) protected via dispersion.

6.1.1. Means of securing Vital Records (originals or copies) include:

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Vital Records Standard

- Storing in locking fireproof cabinets, safes, or other fireproof devices
- Storing at an offsite storage facility designed for records protection
- Storing at a data center or data backup/recovery center.

6.1.2.  Means of protecting Vital Records via dispersion include storing the original and copy in two different geographic locations while still taking into account necessary recovery times.  Examples include but are not limited to:
- Storing a Vital Record in a file cabinet in the office with the copy stored in a locking fireproof cabinet in a different building on the Operating Company campus;
- Storing a Vital Record in a locked on-site facility with the copy stored at an offsite facility designed for records protection;
- Storing a Vital Record on a department "network shared drive" with a backup of that record being stored and managed by the appropriate Johnson & Johnson IT data center (with the backup tape or disc being stored or replicated offsite).

6.1.3.  The degree to which Vital Records and their copies are geographically separated is determined by the level of risk associated with the potential loss of that Vital Record and/or the level of difficulty and cost involved in reconstructing it.  Generally, the greater the risk associated with loss and the greater the level of difficulty and cost to reconstruct, the greater the degree of geographic separation so as to make it less likely that a disaster in the immediate area impacts the location where the duplicate Vital Records are stored.   The degree and type of dispersion shall be determined by the Operating Company Records Manager working with the department/business owner and, if necessary, Senior Management.

6.2.  The determination of the status of Vital Records shall be made based on the subject content of the record or information and shall not be tied to media format.

6.3.  Records and information shall be identified as Vital Records only for as long as they support critical business functions and processes and fulfill the requirements of a Vital Record.  Once they have fulfilled this role, they should no longer be identified or listed as a Vital Record.

6.4.  Operating Companies shall assign a Recovery Class Level to the Vital Record to denote recovery timeframe requirements.  Recovery Class Levels define the timeframe for recovery of that Vital Record; they do not define or impact the level or type of protection assigned to any Vital Record nor do they denote the level of criticality and importance of a given Vital Record.

| Vital Records Recovery Class Level | |
| --- | --- |
| Level | Definition |
| Recovery Class Level 1 | Records or information needed for emergency operations (one example of this type of record is the Vital Records Listing/Log for the Operating Company). |
| Recovery Class Level 2 | Records or information needed within the first 24 hours after a disaster for immediate resumption and continuation of business. |
| Recovery Class Level 3 | These records and information are essential for reestablishing the legal and financial position of the company and are needed within the first 72 hours after a disaster. |
| Recovery Class Level 4 | These records are vital and but do not require recovery within the first 72 hours after a disaster |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-13
Version 1.0
30 Sept 2009

*Johnson & Johnson*

## Worldwide Records and Information Management

## Vital Records Standard

6.5.   The Operating Company Records Manager shall work with the Operating Company departments/business units to identify records and information as Vital Records, maintain the up-to-date listing of Vital Records, determine and facilitate best protection practices, and assign Recovery Class Levels for each Vital Record.

6.6.   The Operating Company shall develop and maintain procedures to document the following:

6.6.1.   Strategy and decisions for identifying Vital Records, determining protection option, and assigning Recovery Class Levels

6.6.2.   Developing a list of all Vital Records within that Operating Company that includes the following information:
- Record Title
- Record Code
- Media Format (e.g., paper, electronic)
- Recovery Class Level
- Locations (original and backup copy)
- Retention Period
- Method of Protection

6.6.3.   Method of keeping the Vital Records listing up-to-date;

6.6.4.   Method of controlling access to Vital Records and their copies;

6.6.5.   Recovering Vital Records according to their Recovery Class Level;

6.6.6.   Annual testing to assure select Vital Records are effectively and efficiently recovered for resumption of business operations in the event of a disaster.

6.7. Any decisions that are exceptions to this standard must be justified and documented with the written approval of the Operating Company Senior Management.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-14
Version 1.0
30 Sept 2009

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Management of Records for System Decommissioning Standard

### 1. Purpose

This standard defines the Johnson & Johnson records and information management (RIM) requirements for decommissioning a system.

### 2. Background

Due to aging systems or technology or changing business requirements, the need arises to retire, or decommission, a system. The decommissioning process is complex and involves many stakeholders, including but not limited to IT, the system and data business owner(s), and the Operating Company Records Manager(s).

The Operating Company Records Manager's role is to work with the stakeholders to ensure the records and information contained in the system are dispositioned appropriately in accordance with the business needs and the requirements of the Worldwide Records and Information Management policy and standards.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Minimum Implementation Standards

5.1. The Operating Company Records Manager shall develop procedures to ensure the appropriate management of records and information residing within systems which are being decommissioned.

5.2. The Operating Company Records Manager shall work with the business owner of the system and the appropriate IT organization to determine which information shall be retained and which information shall be discarded as part of the decommissioning process.

5.3. The Operating Company Records Manager shall document, in report form, the following decisions and information prior to decommissioning:

5.3.1. A listing of both the information components to be retained and the information components to be discarded based on Operating Company business needs, retention requirements, and active Document Holds. Each information component will include the following documentation:

- Record Type

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

### Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

- Record Code
- Record Retention Period
- Information Classification according to the Worldwide Information Asset Protection Policies (IAPPs)
- Whether the information comprises or is part of a Vital Record
- Whether the information is under an active Document Hold (information subject to a Document Hold shall not be discarded until notification from the Johnson & Johnson Law Department.)

5.4.  Information that must be retained to comply with the requirements of the Operating Company Records Retention Schedule shall be either retained via migration to a new or different system or retained via migration to near-line, off-line storage to be kept until it has met its retention requirements.

5.5.  Information that is either a Vital Record or a component of a Vital Record shall be retained according to paragraph 5.4.  Refer to the *WWRIM Vital Records Standard* and the *WWRIM Records and Information Archiving Standard* for further requirements.

5.6.  Information subject to an active Document Hold shall be retained according to the requirements of the Johnson & Johnson Law Department:

   5.6.1.  Prior to any action to migrate information that is under an active Document Hold, the Johnson & Johnson Law Department shall formally approve the manner and the format that the information will be migrated for purposes of retention to comply with the Document Hold.

5.7.  Information that is migrated to either a new or different system or near-line, off-line storage for retention purposes shall be managed during and after the migration process in such a way as to ensure the integrity of the information and to ensure the requirements associated with its IAPP Information Classification are met.

5.8.  The IT organization responsible for the actual decommissioning of the software and hardware shall takes steps to ensure that any information or information fragments remaining on the system shall be rendered inaccessible and unreadable.

5.9.  Prior to the actual decommissioning of the system, the Operating Company Records Manager shall prepare a written report documenting the following:

   5.9.1.  The listing of information components to retain and discarded per paragraph 5.3.1, including approvals by the Johnson & Johnson Law Department as appropriate;
   5.9.2.  The ultimate disposition of the hardware and software.

5.10.  The report and any other records-related documentation shall be agreed upon and approved by the business owner, the IT organization, and the Operating Company Records Manager.

**Revision History**

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-14
Version 1.0
30 Sept 2009

### Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-15**
Version 1.0
30 Sept 2009

### Worldwide Records and Information Management

## Management of Electronic Records and Information Standard

### 1. Purpose

This standard specifies the minimum requirements related to the management and disposition of electronic records and information for Johnson & Johnson Operating Companies.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

***Electronic records and information*** are defined as any combination of text, graphics, data, audio, pictorial, or other information representation in digital form that is created, modified, maintained, archived, retrieved, or distributed by a computer system.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 4. Minimum Implementation Standards

4.1.   Management of electronic records and information shall comply with the WWRIM policy and standards requirements as well as with the Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs).

4.2.   The Operating company shall develop and implement procedures to assure electronic records and information are managed to meeting the following requirements:

4.2.1.   Electronic records and information shall be subject to the Operating Company's records retention schedule per the WWRIM Records Retention Schedule Standard.

4.2.2.   Electronic records and information subject to active Document Holds shall be retained per the Johnson & Johnson Law Department requirements until formal communication from the Law Department that the Hold has been released.

4.2.3.   Electronic records and information shall be retained in usable format until their authorized disposition dates.

4.2.3.1.   Electronic records and information shall be accessible and managed in active computing environments over the period of time that the information is needed for business purposes.

4.2.3.2.   Electronic records and information that are no longer needed for current business operations may be archived per the ***WWRIM Records and Information Archiving Standard*** and in accordance with the Operating Company procedures.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

**WWRIM Standard RIMS-15**
Version 1.0
30 Sept 2009

### Worldwide Records and Information Management

## Management of Electronic Records and Information Standard

4.2.4.  When electronic records and information have passed their retention requirements, providing they are not subject to active Document Holds, those records and information shall be removed from the production environment for final disposition.

4.2.5.  Electronic records and information that have been approved for destruction per paragraphs 4.2.1, 4.2.2 and 4.2.4, shall be destroyed in a secure manner consistent with industry good practices that ensures the records and information cannot be recovered or reconstructed by any ordinary means.

4.3.  Electronic records and information created, modified, maintained, archived, retrieved, or distributed by computer systems shall be subject to defined procedures and controls to ensure the authenticity, integrity, and confidentiality of those records and information and those systems shall meet the following criteria:

4.3.1.  Systems shall be developed in such as way as to accurately capture or create electronic records and information;

4.3.2.  Systems shall include the ability to create an audit trail of the activity on the electronic records and information'

4.3.3.  Systems shall capture, at minimum, the following metadata associated with electronic records and information:

- A unique record identifier
- Date and time of creation
- Creator's identity and organization
- Source of input
- Date and time of modification
- Modifier's identity and organization

4.3.4.  Systems shall classify or index electronic records and information for ease of finding and accessing for reuse ;

4.3.5.  Systems shall assign security in conformance with IAPP requirements and limit the access to electronic records and information to those individuals in the course of performing their respective responsibilities and functions must have access to and use the electronic records and information;

4.3.6.  Systems shall have regular Disaster Recovery Backup tapes made of the system or application and associated data to sufficiently protect the production environment from loss or damage;

4.3.7.  As needed, a system shall have the ability to target and preserve electronic records and information relevant to the subject of a Document Hold;

4.3.8.  Authorization for access to electronic records and information, other than to perform system administration tasks, shall be controlled by the business owner.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-15
Version 1.0
30 Sept 2009

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Management of Electronic Records and Information Standard

Revision History

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-16
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Records and Information Archiving Standard

### 1. Purpose

This standard specifies the minimum requirements for archiving records and information of Johnson & Johnson Operating Companies in electronic formats. The requirements of this standard enable long-term preservation of records and information in accordance with laws and policy and to assure access to archived records and information. The length of time a record or information is to be retained is indicated on the Operating Company's Records Retention Schedule (RRS).

### 2. Background

Electronic records and information are kept in an active computing environment over the period of time that the information is needed for business purposes (e.g., analysis, summarizing, active information purposes), and internal or external auditing. At the end of this active period, if further retention is required in electronic format, electronic records and information may be archived to an appropriate archive solution using approved records retention periods.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

***Archives*** are storage of electronic records and information in near-line or off-line storage systems appropriate for long-term storage for a prescribed retention period as stated in the Operating Company's Records Retention Schedule.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Standards

5.1. The Operating Company Records Manager, working with the IT organization and the business owners, shall develop and implement procedures for ensuring records and information required to be retained in an archive shall meet the following requirements:

5.1.1. An archive shall be a separate environment from the production systems where records and information resides for daily business need;

5.1.2. The procedure for moving records and information into an archive, including but not limited to the process and format of the migrated data, shall be documented;

5.1.3. Records and information preserved in an archive shall be accessible;

5.1.4. Records and information preserved in an archive shall be unalterable;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-16
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Records and Information Archiving Standard

5.1.5. Records and information preserved in an archive shall be assigned a retention period and monitored for compliance;

5.1.6. Technology used to either store or manage an archive shall be:

5.1.6.1. Appropriate to the requirements of that archive;
5.1.6.2. Stored properly for the media that is used;
5.1.6.3. Backed-up for disaster recovery purposes on a regular basis; and
5.1.6.4. Monitored and maintained to ensure records and information retain their integrity, usability, and accessibility.

5.1.7. An archive shall be distinct from the backups used for the production environment.

5.2. The Operating Company business owners of the records being stored in an archive shall be responsible for:

5.2.1. Assigning retention periods to the records and information when it is migrated to an archive;

5.2.2. Monitoring expiration of retention periods for archive records;

5.2.3. Identifying records in archive which must be held due to Document Hold or regulatory purposes;

5.2.4. Ensuring archive records eligible for destruction are reviewed against current active Document Holds and are retained if subject to a Hold;

5.2.5. Approving archive record destruction, providing records have met their retention periods and are not subject to a current, active Document Hold;

5.2.6. Maintaining documentation related to retention and destruction of archive records.

5.3. Any media used to store electronic records and information in the archives shall guarantee the availability and access of the records and information for a minimum of six years.

5.4. Access to archive records shall be restricted to the business owner or those specifically delegated and authorized by the business owner. Records and information preserved in an archive shall be indexed for access by the record owner or the Johnson & Johnson Law Department.

5.5. The system and/or process to capture and index records and information into an archive shall include the following identifiers:

- Description of records or information
- Operating Company owner/author
- Business Unit and/or Department Owner
- Date(s) of record
- Record Type

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-16
Version 1.0
30 Sept 2009

**Worldwide Records and Information Management**

## Records and Information Archiving Standard

- Retention period
- Disposition date
- Last modified date
- Media identification, if applicable.

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\mathcal{J}ohnson$

WWRIM Standard RIMS-17
Version 1.0
30 Oct 2009

### Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

### 1. Purpose

This standard defines the minimum requirements for Johnson & Johnson Operating Companies for retention of disaster recovery backups.

### 2. Background

Disaster recovery backups are generated to ensure that electronic records and information, and the systems in which these records reside, can be reconstructed in the event of computer hardware or software failures, computer viruses, natural disaster or other problems in the computer operating environment.

Disaster recovery backups are not to be used as archive solutions. When business reasons dictate the offline storage of electronic records and information, the data should be considered as archive information.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

***Disaster recovery backups*** are snapshots of a computer system, including both business data and system data, created for restoration purposes in the event of disaster or computer environment problems. Backups are created and destroyed according to an established schedule.

***Archives*** are storage of electronic records and information in near-line or off-line storage systems appropriate for long-term storage for a prescribed retention period as stated in the Operating Company's records retention schedule and/or as dictated by legal Document Hold requirements.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Standards

5.1.  Disaster recovery backups for computer systems shall be generated on a routine basis according to a rotation schedule which may include generating different types of backups, including Incremental, Weekly, and Monthly backups.

5.2.  Disaster recovery backups shall be retained according to the following:

| System Types | Backup Copy Data Retention Requirement |
|---|---|
| E-mail | 30 days |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-17
Version 1.0
30 Oct 2009

### Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

| Network and Enterprise Services (including file and print servers) | 90 days |
| --- | --- |

5.2.1.   In the event of a request from the Johnson & Johnson Law Department to preserve specific disaster recovery backups due to a Document Hold, those backups shall be preserved as instructed until the Johnson & Johnson Law Department communicates otherwise.

5.2.2.   When disaster recovery backups have met their retention requirements and provided they are not being preserved at the request of the Johnson & Johnson Law Department, the media on which they were copied shall be reused or overwritten. The backups may also be securely destroyed according to formal procedures.

5.2.3.   Disaster recovery backups may be stored on a variety of appropriate media including, but not limited to, magnetic tape and online disk storage.

5.3.   Disaster recovery backups shall be tested and protected (in storage and during transport) in compliance with the ***Johnson & Johnson Information Asset Protection Policies (specifically IAPP S-26 Worldwide Information System Administration and Management Security Policy)*** and according to formal procedures.

5.3.1.   If the disaster recovery backups are stored in a facility that is not operated by Johnson & Johnson, that facility shall be audited by the appropriate Johnson & Johnson entity and approved for the type of storage service they are providing.

5.4.   The appropriate organizations in IT Operations responsible for managing and storing disaster recovery backups, shall have formal procedures for the following:

5.4.1.   Generating disaster recovery backups;

5.4.2.   Ensuring compliance with storage and protection requirements for those backups per IAPP S-26;

5.4.3.   Deleting/overwriting backups and/or rotating backup media for reuse after the defined retention period has passed;

5.4.4.   Testing restoration of select disaster recovery backups;

5.4.5.   Restoring system/application and data into production after the loss of the system/application and/or data due to a disaster or business disruption;

5.4.6.   Receiving formal instruction from the Johnson & Johnson Law Department to preserve disaster recovery backups for Document Hold purposes and also for returning those backups to the rotation cycle or releasing for final disposition upon communication from the Law Department that the information is no longer subject to a Hold;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\text{-}\mathcal{J}ohnson$

**WWRIM Standard RIMS-17**
Version 1.0
30 Oct 2009

## Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

5.4.7. Working with the Johnson & Johnson Law Department and/or the IT Shared Services Records Manager to review and verify, on an annual basis, the status of the Document Holds for which backups are being retained, including verifying the list of backups being retained for those Holds.

5.5. The Operating Company Records Manager shall have formal procedures for the following:

5.5.1. Working with the appropriate organizations in IT Operations responsible for management and storage of backups, with the IT Shared Services Records Manager, as necessary, and with the Johnson & Johnson Law Department to preserve backups per the Law Department's instructions for Document Holds;

5.5.2. Working with the appropriate organizations in IT Operations and/or the IT Shared Services Records Manager to document and approve exceptions to or changes in the standard disaster recovery backup process.

**Revision History**

| | | |
|---|---|---|
| New Standard Version 1.0 | 30 October 2009 | New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson \& \mathcal{J}ohnson$

WWRIM Standard RIMS-18
Version 1.0
30 Oct 2009

## Worldwide Records and Information Management
## Electronic Messaging Standard

### 1. Purpose

The purpose of this standard is to define the requirements for managing electronic messages.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

***Electronic messages*** are documents created or received via an electronic messaging system, including brief notes, formal or substantive narrative documents, and any attachments, such as word processing or other electronic objects, that may be transmitted with the message along with its descriptive transmission metadata.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 4. Standard

4.1. Electronic messages created or received in the course of doing business for the Johnson & Johnson Family of Companies shall be subject to the required Johnson & Johnson policies and standards, including but not limited to the following:

- Johnson & Johnson WWRIM policy and associated standards
- Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs)
- I/T Enterprise Instant Messaging Usage Policy

4.2. Within the Johnson & Johnson Family of Companies, each individual shall be responsible for managing both their records and information and their Convenience Information (see ***WWRIM Convenience Information Standard***).

4.3. Electronic messages that are considered Convenience Information shall be deleted after use provided they are not subject to an active Document Hold.

4.4. Electronic messages that are considered records and information, that is, those that are not Convenience Information, shall be retained according to the Operating Company records retention schedule.

4.4.1. Such electronic messages shall be transferred and retained in appropriate near-line or off-line storage. Examples of this type of storage include, but are not limited to, moving retained e-mails to personal .pst folders residing on the local hard drive or on a removable storage device.

4.5. Electronic messages that must be retained per section 4.4 for longer than ninety days shall not be stored on the Local Area Network (LAN) servers.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}$*ohnson*$\sphericalangle$$\mathcal{J}$*ohnson*

WWRIM Standard RIMS-18
Version 1.0
30 Oct 2009

## Worldwide Records and Information Management
## Electronic Messaging Standard

4.6.     Any electronic messages, including records and information as well as Convenience Information, that are subject to an active Document Hold, shall be preserved and retained as required and instructed by the Johnson & Johnson Law Department until the Law Department issues a formal release of that Hold.

4.7.     Preservation of electronic messages for compliance with the Operating Company records retention schedule or for Document Hold purposes shall ensure that structure, content, metadata, attachments and links, and delivery distribution lists are preserved along with the electronic message.

4.8.     Electronic messages considered as records and information which have met their retention times and are not subject to an active Document Hold shall be deleted or destroyed.

4.9.     Requirements for acceptable use of electronic messaging are defined in *IAPP SU-5 Worldwide Electronic Messaging, Telephone and Network & Computing Resources Acceptable Use Policy*.

4.10.    Disaster recovery backups of e-mail messages shall be retained as specified in *WWRIM Disaster Recovery Backup Retention Standard*.

**Revision History**

| New Standard Version 1.0 | 30 October  2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Policy
Version 2.0
31 January 2011

## Worldwide Records and Information Management Policy

| Policy | Records and information shall be created, valued, protected, managed, and disposed in accordance with applicable laws, regulations and the requirements of this policy and other applicable Johnson & Johnson policies and standards. |
|---|---|

### Scope

This policy specifies requirements for the management, retention, and disposition of records and information in all formats and every medium including electronic information.

### Purpose

Johnson & Johnson recognizes that records and information are valuable resources and important business assets. This policy, along with associated RIM standards, defines the requirements for managing the records and information assets of Johnson & Johnson in accordance with regulatory, legal, and business requirements. This policy and associated RIM standards assure the appropriate creation and management of authentic, reliable, and useable records and information capable of supporting business functions and activities for as long as they are required.

### Responsibilities

Worldwide Records and Information Management (WWRIM) is responsible for the overall governance and strategic direction for the Records and Information Management (RIM) Programs of the Johnson & Johnson Family of Companies.

The Johnson & Johnson Operating Companies are responsible for the implementation and ongoing maintenance of a RIM program in compliance with this policy and associated RIM standards to manage their records and information.

### Definitions

***Records and information***: Any form of recorded information created, maintained or received by Johnson & Johnson in the conduct of its business operations and activities for use at a later time. Records and information include, but are not limited to, documents concerning the Johnson & Johnson organization, business functions, policies, decisions, procedures, operations, and internal or external transactions that are created and retained for business or legal reasons. The form of records and information includes, but is not limited to, paper, electronic, microfilm, microfiche, photograph, map, magnetic or optical disk or tape, software, video, or other recorded information.

***Disposition***: A final administrative action taken with regard to records, including destruction, transfer to another entity, or permanent preservation.

***Standard***: A governance document that specifies the mandatory requirements of a program activity.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions



1

WWRIM Policy
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

*Document Hold*: A communication issued as a result of current or reasonably anticipated litigation, audit, government investigation or other such matter that suspends the normal disposition or processing of records.

*Records Retention Schedule*: A comprehensive list of records series, indicating for each series the length of time it is to be maintained.

### Compliance

All Johnson & Johnson Operating Companies and their employees shall comply with this policy and associated RIM standards.

### Provisions

1. The records and information management requirements, as defined by this policy and associated standards, are to be applied consistently and regularly.

2. Records and information created or received in the course of conducting business shall be accurate and complete.

3. Records and information shall be created, stored and managed using proper protection and allowing for future access.

   3.1. Records and information shall be protected, and access to them controlled according to their value as described in the Information Asset Protection Policies (IAPPs) and other applicable Johnson & Johnson policies.

   3.2. Protection of and access to such records shall comply with the requirements in the IAPPs and other security standards prescribed by Worldwide Information Security.

   3.3. Records and information shall be classified throughout their lifecycle in a manner that allows future authorized access and use.

4. Records and information shall be retained in accordance with the Operating Company's Records Retention Schedule including the time that covers a Document Hold. When a record or information completes its retention period, it shall be disposed in accordance with this policy and associated standards and in compliance with Operating Company procedures.

5. Disposition of records and information may include, but is not limited to, destruction or deletion, transferring to appropriate inactive records storage, and continuing retention as an active record. Disposition of records and information shall be conducted in a systematic and routine basis during the course of normal business activity subject to the following requirements:

   5.1. Records and information relevant to litigation or an investigation and subject to a Document Hold as issued by the Johnson & Johnson Law Department shall be

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Policy
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

retained and preserved until further notice from the Law Department, regardless of the retention period set forth in the Records Retention Schedule;

5.2. Inactive records and information may be transferred to the Operating Company's designated inactive records storage site for long-term storage to fulfill retention requirements;

5.2.1. Records and information transferred to the Operating Company's designated inactive records storage site shall be managed with appropriate procedures to ensure availability for future business, litigation, and investigation purposes, as necessary.

5.2.2. Records and information subject to a Document Hold that are no longer required for day-to-day business operations may be transferred to an appropriate inactive storage site for preservation in coordination with the Johnson & Johnson Law Department and in compliance with paragraph 5.2.1 of this policy.

6. Operating Company records and information that are considered "vital" (i.e. fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions) shall be identified and protected in accordance with this policy and associated RIM standards.

6.1. The identification of "vital" records and the method designated to protect these records shall be included in the Operating Company's risk analysis for business continuity purposes, to ensure they are recoverable when needed.

7. Operating Company records and information in the possession of a departing employee, vendor, external business partner and outside consultant or contractor, shall be managed as follows:

7.1. When an employee leaves Johnson & Johnson or transfers to another Operating Company or department, he or she shall ensure their records are handled appropriately, including reviewing and determining disposition for records in their custody. All records that must be retained shall either be transitioned to the employee's supervisor or manager or to another authorized individual. In the event the employee does not perform this task prior to their departure, the supervisor or manager is responsible for ensuring the departing employee's records and information are managed in accordance with this policy and associated standards;

7.2. Records and information in the possession of a vendor, external business partner, outside consultant or contractor upon termination of contract shall be transferred to the owning Operating Company and managed in accordance with this policy and associated RIM standards.

8. The Operating Company's records manager, or designee, shall conduct audits within their Operating Company for compliance with this policy and associated RIM standards.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Policy
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

9.  The requirements of this policy and associated RIM standards shall be communicated to, and incorporated into training for, Operating Company employees, vendors, external business partners and outside consultants or contractors.

10. Where appropriate, requirements of this policy and associated RIM standards shall be incorporated into contracts with those vendors, external business partners and outside consultants or contractors requiring access to Johnson & Johnson records and information during the course of the contract.  If contract changes create a need for such access and the contract lacks the proper RIM requirements, they shall be added.

11. Disaster recovery backup tapes shall be created solely for the purpose of accessing and recovering data in the event of a disaster.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Policy
Version 2.0
31 January 2011

## Worldwide Records and Information Management Policy

### About the WWRIM Policy and associated Standards

This policy and associated standards are maintained by WWRIM.  The most current version of this policy, along with the following associated standards, is available on the <u>WWRIM website</u> (http://it.jnj.com/wwis/WWRIM/Pages/WorldwideRecordsandInformationManagement.aspx).

RIMS-1  Records and Information Management Program Standard
RIMS-2  Convenience Information Standard
RIMS-3  Records Clean-up Event Standard
RIMS-4  Historic Records Preservation Standard
RIMS-5  Inactive Records and Information Storage Standard
RIMS-6  Litigation Support Standard
RIMS-7  Management of Records and information for Facility Closures and Divestitures Standard
RIMS-8  Management of Records and Information for Mergers and Acquisitions Standard
RIMS-9  Management of Records and Information of Departing Associates Standard
RIMS-10  Records and Information Management Compliance Audit Standard
RIMS-11  Training and Education Standard
RIMS-12  Records Retention Schedule Standard
RIMS-13  Vital Records Standard
RIMS-14  Management of Records for System Decommissioning Standard
RIMS-15  Management of Electronic Records and Information Standard
RIMS-16  Records and Information Archiving Standard
RIMS-17  Disaster Recovery Backup Retention Standard
RIMS-18  Electronic Messaging Standard

Approved by

Marene Allison
Vice President, Worldwide Information Security

Review and Approval

| Title | Name | Signature | |
|---|---|---|---|
| Vice President, Worldwide Information Security Information Technology Services | Marene Allison | **Marene Allison** | Digitally signed by Marene Allison DN: c=US, o=JNJ, ou=Employees, ou=1010331, cn=Marene Allison, email=MAlliso1@ITS.JNJ.COM Date: 2011.01.31 13:54:39 -05'00' |

Revision History

| WWRIM Policy v1.0 | 31 July 2009 | • New Document Issued |
|---|---|---|
| WWRIM Policy v1.1 | 30 September 2009 | • Modified  final page to include  Standards |
| WWRIM Policy v2.0 | 31 January 2011 | • Paragraph [5.2.2] – Changed from "no longer required for business purposes" to |

## Johnson & Johnson Confidential
### Use Pursuant to Company Instructions

WWRIM Policy
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

| | | |
|---|---|---|
| | | "no longer required for day-to-day business operations."<br>• Paragraph [7.1] - Adjusted requirement to show employee's responsibility to review and disposition their records in a departure situation<br>• Minor revision to title of RIMS-3 |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-1
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Records and Information Management Program Standard

### 1. Purpose

The purpose of this standard is to provide the minimum requirements for the establishment and implementation of a comprehensive Records and Information Management (RIM) program by each Johnson & Johnson Operating Company.

### 2. Background

An effective RIM program ensures consistent and cost-effective management of records throughout their entire lifecycle.  The manner in which a RIM program is implemented is determined by the organization's business needs, as well as legal and regulatory requirements for the organization.  It is essential to use a systematic approach for managing records that provides the capability for accurate and timely retrieval, protection and preservation for the overall integrity and authenticity, and timely disposition when required.  These elements serve to mitigate risks related to managing records and information.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary.**

### 5. Responsibilities

5.1. *Operating Company Management*
The President/Managing Director/Head of each Johnson & Johnson Operating Company is responsible for the planning, implementation, and on-going compliance with the Worldwide Records and Information Management (WWRIM) policy and associated standards through the establishment of a RIM program.  This includes:

    5.1.1. Ensuring one or more individuals have been designated to initiate, implement, and manage an on-going RIM program (typically known as the Records Manager);

    5.1.2. Allocating adequate resources to implement and maintain their RIM program in accordance with WWRIM requirements;

    5.1.3. Providing guidance on priorities;

    5.1.4. Maintaining oversight.

5.2. *Operating Company Records Manager*
The Operating Company Records Manager is the designated central point of contact for all RIM matters in the Operating Company or Companies for which he or she is responsible.  The designation of Records Manager does not reflect job level:  any level employee may be designated the Records Manager for an Operating Company by that company's management.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

## Worldwide Records and Information Management

## Records and Information Management Program Standard

The Records Manager's responsibilities include the following (specific requirements for each RIM topic/area can be found in the corresponding RIM standard covering that topic):

5.2.1.  Implement and maintain a Operating Company-wide RIM program in compliance with the WWRIM policy and associated standards;

5.2.2.  Develop Operating Company-appropriate RIM lifecycle procedures;

5.2.3.  Ensure appropriate training on RIM requirements is available and provided to Operating Company employees, vendors, and contractors in order to enable compliance with those requirements;

5.2.4.  Comply with WWRIM program requirements including but not limited to submitting annual reports to WWRIM, completing an annual program assessment, etc.;

5.2.5.  Provide program updates on RIM activities to Operating Company Senior Management and the WWRIM office;

5.2.6.  Work with Operating Company business units/departments to create, implement, and maintain a Records Retention Schedule;

5.2.7.  Conduct or facilitate RIM Compliance Audits with the business units/departments within the Operating Company;

5.2.8.  Implement and manage RIM services such as inactive storage solutions and/or acquire such services and other RIM products provided by external vendors, as appropriate.

5.3. *Records Coordinator*
The Records Coordinator role is intended to serve as a liaison between the business unit/department and the RIM program in order to assist and support compliance with RIM requirements. The Operating Company may choose to refer to the Records Coordinator role by different names such as "Departmental Records SME" or "Records Liaison." Operating Company management shall assign appropriate resources from each department (or other agreed-upon organizational unit) to act as Records Coordinators; and the Records Manager shall develop and maintain appropriate procedures around the identification, training, and maintenance of the individuals in the Records Coordinator role.

The Records Coordinator responsibilities include but are not limited to:

5.3.1   Coordination of the transfer of records to and from the approved inactive records storage facilities;

5.3.2   Maintenance of departmental record retention schedule;

5.3.3   Coordination of acquisition of RIM equipment, services, and supplies;

5.3.4   Participation/Coordination of RIM Compliance Audits for their business unit/department.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-1
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Records and Information Management Program Standard

If there are Records Coordinators utilized within the Operation Company but their responsibilities do not align with sections 5.3.1 to 5.3.4, if the Operating Company Records Manager can demonstrate that those responsibilities are documented as managed consistently in a different way, that shall be an acceptable organization alternative.

*Note about Records Coordinators*
While use of Records Coordinators within an Operating Company is required, the Operating Company Manager may obtain formal approval from their Senior Management to not utilize Records Coordinators if they feel their RIM program can be successfully implemented without such a role.  However, this decision shall apply across the entire Operating Company; either the Records Coordinator role is used consistently across all business units/departments or the role is not used at all within the Operating Company.

5.4. *Johnson & Johnson Law Department*
The Johnson & Johnson Law Department is responsible for:

    5.4.1   Identifying and notifying the RIM program of records and information that must be maintained during the pendency of any litigation or government proceedings;

    5.4.2   Coordinating and conducting document preservation and other discovery activities;

    5.4.3   The Operating Company Board Attorney, or designated Law Department representative responsible for supporting that Operating Company, is responsible for:

        5.4.3.1   Reviewing and accepting an Operating Company's Records Retention Schedule;

        5.4.3.2   Reviewing any written procedures for  the Operating Company's RIM program for which the Law Department is specifically listed as an owner of responsibilities.  Most commonly, these procedures will be limited to:
- Document Hold Notice procedures
- Acceptance of Legal Documents procedures.

5.5. *Operating Company People Managers/Supervisor*
Operating Company People Managers/Supervisors are responsible for supporting the RIM program by ensuring their staff has the appropriate tools and information to comply with the requirements and procedures of the RIM program.  This includes ensuring any vendors or contractors working in their department have been trained on the appropriate RIM requirements.

5.6. *Worldwide Records and Information Management Program Office*
The Worldwide Records and Information Management (WWRIM) Program Office is responsible for the overall governance and strategic direction for RIM across the Johnson & Johnson Family of Companies. This responsibility includes maintaining and publishing the WWRIM policy and associated standards.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

Johnson&Johnson

WWRIM Standard RIMS-1
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Records and Information Management Program Standard

### 6. Minimum Implementation Standards

6.1. Each Operating Company shall establish a RIM program that complies with all provisions of the WWRIM policy and associated standards.

6.2. The primary governance component of the Operating Company RIM program shall be documented procedures (with identified controls) for managing, tracking, protecting, storing, and disposing of both active and inactive records and information throughout their lifecycle regardless of format or medium.

6.2.1. Procedures shall address compliance with legal, organizational and technical requirements in addition to meeting the specific requirements of the business they support.

6.2.2. Procedures shall include documented traceability to the requirements of the WWRIM policy and standards.

6.2.3. Procedures shall be formally reviewed and approved by Operating Company upper Management (e.g., Director-level or higher).

6.2.4. Procedures shall be reviewed and updated on a biennial basis, at minimum, unless business changes require it sooner.

6.2.5. The most recent review and approval date shall be documented even if no changes are warranted.

6.2.6. Procedures may be supported, as appropriate, by work instructions, tools, and/or processes.

6.2.7. Procedures shall include mechanisms to suspend regular RIM procedures as necessary to comply with legal requirements (including, but not limited to litigation and tax holds, and government investigations) as specified in the WWRIM Litigation Support Standard.

6.2.8. The RIM program shall use a formal, approved change management procedure to govern how and when changes to the program's procedures are made due to either regulatory or legal changes or to changes in the business.

6.3. The components of a compliant RIM program shall include:

6.3.1. Documented and approved procedures addressing the requirements of the WWRIM policy and standards as specified in paragraph 6.2 of this document;

6.3.2. Development, maintenance, and implementation of an approved records retention schedule in accordance with the *WWRIM Records Retention Schedule Standard*;

6.3.3. Conducting of approved records cleanout event(s) in accordance with the *WWRIM Records Cleanout Event Standard*;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Records and Information Management Program Standard

6.3.4.  Identification of Operating Company Vital Records and documented methods of protection in accordance with the **WWRIM Vital Records Standard**;

6.3.5.  Appropriate "boundary agreements" with Operating Company departments or other Johnson & Johnson Operating Company divisions to document any RIM requirements that are operationally "owned" by these entities (i.e., many requirements around electronic records are managed by the Information Technology division of Johnson & Johnson);

6.3.6.  Development and implementation of an ongoing program of records and information training in accordance with the **WWRIM Training and Education Standard**;

6.3.7.  Facilitation, as appropriate, of requests for documents due to litigation, government inquiry, and audit;

6.3.8.  Establishment of a service providing controlled secondary storage (either on-site and/or off-site), protection, retrieval and disposition of records in accordance with the WWRIM Offsite Storage Standard;

6.3.9.  Conducting or facilitating of compliance monitoring and auditing within the Operating Company, in accordance with the **WWRIM Records and Information Management Compliance Audit Standard**, to gauge Operating Company compliance with WWRIM policy and standards, and to develop a plan of action to address any gaps in compliance;

6.3.10.  Implementation of a procedure to ensure third-party vendors who create or manage records and information on behalf of the Operating Company are contractually bound and made aware of how to manage those records and information in compliance with the following requirements at minimum:

6.3.10.1.  Records and information created and managed by a third-party on behalf of the Operating Company shall be retained only as long as required by the Operating Company's Records Retention Schedule or as required per an active Document Hold.

6.3.10.2.  Prior to final disposition, the third-party shall notify the Operating Company to ensure that arrangements are made to identify and preserve any records and information that may be relevant to a Document Hold.

### Revision History

| New Standard Version 1.0 | 30 Sept 2009 | New Document Issued |
|---|---|---|
| Version 1.1 | 17 June 2010 | • Change "biannual" to "biennial" |
| Version 2.0 | 31 January 2011 | • Paragraph 5.4.2 – Changed Law Department responsibility : "Coordinating and conducting document preservation and other discovery activities" |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

5

WWRIM Standard RIMS-1
Version 2.0
31 January 2011

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Records and Information Management Program Standard

| | | |
|---|---|---|
| | | • Paragraph 5.4.3.1 – Removed review for "legal compliance"<br>• Paragraph 5.4.3.2 – Clarified Law Department responsibility for specific reviewing procedures<br>• Minor edits |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\text{-}\mathcal{J}ohnson$

**Worldwide Records and Information Management**

## Convenience Information Standard

### 1. Purpose

The purpose of this standard is to define Convenience Information and provide the requirements for managing, retaining, and disposing this type of information.

### 2. Introduction

Not all information created or received by Johnson & Johnson is a record; nor does it have to adhere to any defined retention period. This type of information will not further Johnson & Johnson business needs if maintained and is referred to as Convenience Information. A newspaper is an example of Convenience Information.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Implementation Standards

5.1. Convenience Information shall only be retained for as long as it is being used unless it is relevant to the subject matter of a Document Hold.

5.2. Convenience Information subject to a Document Hold shall be retained and preserved in accordance with this standard and the requirements of the Johnson & Johnson Law Department until further notice from the Johnson & Johnson Law Department.

5.3. When disposing of Convenience Information, care shall be taken to ensure any Convenience Information containing elements of classified Johnson & Johnson information be disposed of in a secure manner that prevents unauthorized disclosure of such classified information during or after the disposal process.

5.4. Convenience Information shall not be sent to off-site storage or be archived unless such information is being preserved in compliance with a Document Hold.

5.5. Convenience Information includes:

    5.5.1. *Personal Working Files:* Personal working files contain documents such as drafts (where a final version exists), rough notes, or revisions of paper or electronic records used to create official signed documents. These documents shall be disposed of once a final document has been accepted and/or approved provided they are not subject to a Document Hold per paragraph 5.2.

    5.5.2. *Transitory Correspondence:* Transitory correspondence is casual correspondence (including e-mails) often created for administrative purposes such as to facilitate

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-2
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Convenience Information Standard

meetings or for internal communications. These types of correspondence shall be disposed of after use provided they are not subject to a Document Hold per paragraph 5.2.

5.5.3. *Duplicate Copies:* Duplicate copies are exact copies of records and information, without any notations or comments, where the record or information holder is not the owner of that record. These types of documents shall be disposed of after use provided they are not subject to a Document Hold per paragraph 5.2.

5.5.4. *Extra Copies:* Extra copies are duplicates of a document, without any notations or comments; usually a printed publication where there are many extra copies of the same document and the extra copies are preserved only for the convenience of reference. Only the original master copy needs to be retained. These types of documents shall be disposed of when no longer of use provided they are not subject to a Document Hold per paragraph 5.2.

5.5.5. *Reference Materials:* Reference materials are documents that may be received and used as review or reference by an employee, but are not documents of the Company's business activities. These types of materials shall be disposed of when no longer of use provided they are not subject to a Document Hold per paragraph 5.2.

5.5.6. *Catalogs and Trade Journals:* Catalogs, trade journals, bulletins, magazines, manuscripts, brochures, conference/seminar handouts, manuals, external newsletters, and supplier files that are external publications shall be disposed of when no longer of use provided they are not subject to a Document Hold per paragraph 5.2.

5.5.7. *Templates:* Unused or blank templates that have not been filled out or completed shall be disposed of when no longer of use provided they are not subject to a Document Hold per paragraph 5.2.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraphs [5.5.3] and [5.5.4] – Clarified language regarding what constitutes exact copies |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-3
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management

## Records Clean-up Event Standard

---

## 1. Purpose

The purpose of this standard is to provide the requirements for Johnson & Johnson Operating Companies to follow when planning and conducting a Clean-up Event to ensure that records and information that have passed their retention requirements are disposed in a controlled manner.

## 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 3. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

## 4. Minimum Implementation Standards

4.1. The Operating Company shall meet the following requirements in order for that Operating Company (or any department(s) of the Operating Company) to conduct a Clean-up Event:

4.1.1. Have a formal Records Retention Schedule that has been approved by Operating Company management and reviewed and accepted by the Johnson and Johnson Law Department;

4.1.2. Have a documented procedure(s) for activities related to the Clean-up Event, including but not limited to Clean-up instruction/education, archiving of inactive records and information, and disposition of records and information which have met their retention times;

4.1.3. Have formal approval from the Johnson & Johnson Law Department to conduct a Clean-up Event for the Operating Company;

4.1.4. Have formal approval from the Johnson & Johnson Law Department on the current active Document Hold Notices for the Operating Company or groups participating in the Clean-Up Event;

4.1.5. Have formal clearance from the Johnson & Johnson Tax Department to conduct a Clean-up Event for the Operating Company, including obtaining "Final Tax Audit" date for all jurisdictions local, national, and international);

4.1.6. Develop and publish Clean-up Event instruction/education (e.g., the Clean-up Communications Kit) for the general population and specialized instruction/education for the Records Coordinators, or other departmental Records Management liaisons, in order to participate in the Clean-up Event.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-3
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Records Clean-up Event Standard

4.2.    The Operating Company shall conduct a Clean-up Event on an annual basis subject to formal approval of the Johnson & Johnson Law Department and clearance from the Johnson & Johnson Tax Department.

    4.2.1.   The Operating Company Records Manager (or delegate) shall request formal approval from the Johnson & Johnson Law Department to conduct a Clean-up Event.

    4.2.2.   The Operating Company Records Manager shall ensure a process and documented procedure is in place to suspend destruction/deletion of records and information that are subject to an active Document Hold.

    4.2.3.   The Operating Company Records Manager shall ensure information on how to access and comply with current Document Hold Notices is provided to the Operating Company prior to the Clean-Up Event.

4.3.    The Clean-up Event conducted by the Operating Company shall apply the requirements of the Records Retention Schedule to all media formats, hard-copy and electronic, originals or copies and draft documents during the Clean-up Event activities.

4.4.    The Operating Company shall provide support and notification of dates and activities to associates to assure participation in Clean-up Event activities.

4.5.    The Operating Company Records Manager shall include the following language from the Johnson & Johnson Law Department and the Johnson & Johnson Tax Department on Clean-up Event communications and related documents:

### Required Legal Hold Notice Statement:

The [INSERT YOUR OPERATING COMPANY NAME HERE] Records Clean-up Event has been approved by the Johnson & Johnson Law Department on the assumption that each employee, contractor or consultant is knowledgeable of and will scrupulously follow all applicable Legal Hold Notices; instructions for accessing and reviewing Hold Notices will be provided in the Clean-up Communication Kit that you will receive by [INSERT DATE]. If you do not receive the Kit and do not review the compendium of Legal Hold Notices or otherwise cannot for any reason follow precisely the terms of the Legal Hold Notice, then you are NOT permitted to discard ANYTHING.

### Required Tax Related Statement:

The [INSTERT YOUR OPERATING COMPANY NAME] Records Clean-up Event has been approved by the Johnson & Johnson Tax Department on the assumption that each employee, contractor, or consultant is knowledgeable of, and will scrupulously follow all applicable tax-related document holds from [INSERT YEAR] to the present. These tax-related documents are highlighted in a Clean-up Communication Kit that you will receive by [INSERT DATE]. If you do not receive the Kit and/or do not review the tax-related documents by [INSERT DATE], or for any other reason cannot follow precisely the terms of the tax-related document holds from [INSERT YEAR] to the present, you are NOT permitted to discard ANY tax related records.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Records Clean-up Event Standard

4.6.    Operating Companies shall provide instruction/education on how to participate in the Clean-up Event in advance of the actual event. The instruction/education may be delivered in a variety of formats, including but not limited to, LiveMeeting education sessions, classroom education sessions, etc., but must include a hardcopy or electronic "Clean-up Communications Kit" which shall contain, at minimum, the information listed below:

- Date of Event
- Sites/Departments which can participate in the Clean-up Event
- How to locate, read and use the Records Retention Schedule
- How to locate and review the list of active Document Holds ensure records and information relevant to active Holds are not destroyed/deleted
- The Tax Holds (or Final Tax Audit year) affecting that Operating Company
- Physical and electronic locations where records and information reside which should be considered for review during the Clean-up Event
- Proper methods of destruction and deletion
- Procedure and instructions for transferring records and information to inactive storage
- Required participation sign-offs
- Location of where Clean-up Event information can be found
- Name of departmental Records Coordinator (if applicable) or Clean-up Event contact

4.7.    Activities and participation in the Clean-up Event shall be documented and reported. Reports shall be submitted to WWRIM and the Operating Company's Management within 90 days of the Clean-up Event. The report will include the following information:

- Percentage rates of participation in the Clean-up Event
- Amount of time associates were provided to participate in the Clean-up Event activities (e.g., 1 day, 3 days, etc.)

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 1.1 | 17 June 2010 | - Change word "cleanout" to "clean-up" per Law Department<br>- Removed reference to any process-related clean-up forms |
| Version 2.0 | 31 January 2011 | - New paragraph [4.1.4] – explicitly states requirement for current list of Document Holds from Law Department for Clean-Up<br>- Paragraph [4.1.5] (formerly [4.1.4]) – changed "approval" to "clearance" regarding Tax Department's role in Clean-Up; updated the information Tax Department will provide<br>- Paragraph [4.2] – clarified requirement for |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**Worldwide Records and Information Management**

**Records Clean-up Event Standard**

| | | |
|---|---|---|
| | | "clearance" from Tax Department |
| | | • Paragraph [4.3.1] – REMOVED "This request shall be made at least six weeks in advance of the proposed Clean-Up Event date."  This is a procedural statement, not a requirement for the Standard. |
| | | • Paragraph [4.3.2] – Moved to the new [4.1.4] and removed procedural element. |
| | | • Paragraph [4.3.3] – added a new [4.3.3] clarifying Records Manager requirement to ensure instructions on how to comply with Document Holds are provided prior to Clean-Up. |
| | | • Paragraph [4.3.4] – REMOVED as it is a procedural statement and not a requirement for the Standard. |
| | | • Paragraph [4.7] – REMOVED two bulleted statements around reporting requirements. |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-4
Version 2.0
31 January 2011

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Historic Records Preservation Standard

### 1. Purpose

This standard establishes the criteria for preservation of those records and information that are determined by the Operating Company to be of historic value.

### 2. Background

The historical value of records and information pertains to the original and ongoing development of the organization, its mission, programs, products, major achievements, failures, significant events and personalities, and societal relationships.

### 3. Scope

This standard pertains to the management of company information for historical purposes by the Operating Company Records and Information Management department only. It includes, but is not limited to, preservation of promotional and marketing materials, product displays, books, photographs, artistic renderings, videotapes, audiotapes, movies, etc. that are determined by the Operating Company to have historical value.

In Operating Companies where the formal responsibility for managing historic records does not reside within the Records and Information Management department, the full responsibility and accountability for managing and protecting those historic records shall reside with the designated responsible department or entity. In those situations, this standard shall be considered as "guidance" for the designated responsible department or entity to follow.

Note: This standard does not cover requirements related to "sampling" for good practice (GxP) purposes nor for submission of labeling, packaging, specifications or advertising information in connection with regulatory submissions.

### 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Standards

5.1.  The Operating Company shall have documented criteria for determining the types of records and information that have historic value and implement procedures for maintaining these records in archival conditions.

5.2.  Records and information designated as "historic" and managed by the Operating Company Records and Information Management department shall be formally transferred to the custody of the Operating Company's Records and Information Management department.

5.3.  The following data shall be recorded for each historic record that is accepted into archive for historic preservation:

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

1

*Johnson & Johnson*

WWRIM Standard RIMS-4
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Historic Records Preservation Standard

- Transferring office
- Date of transfer
- Records title and other unique identifiers
- Date(s) associated with historic record
- Special instructions for archiving

5.4.   The Operating Company shall develop documented criteria and procedures for use of and access to historical records and information for research or legal purposes.

5.5.   Historic records and information in hardcopy form shall be preserved under environmental conditions similar to those used for preserving magnetic media and microfilm.

5.6.   Historic electronic records and information preserved in digital format shall be stored on media that conforms to ANSI/ISO standards.

5.7.   Any technology solution used to preserve historic electronic records and information shall undergo periodic technology reviews to ensure the records and information remains intact and retrievable.  In the event it is determined that these requirements cannot be properly ensured, the records and information shall be transferred  to another technology solution or  to a newer generation of the same technology solution to preserve the integrity of the records and information  and to retain the ability to retrieve, display and use over time.  Historic electronic records and information shall be formally evaluated and, if appropriate, transferred to a new technology solution at a minimum of once every six years.

5.8.   Both historic electronic and hardcopy records and information shall be preserved in a format that does not allow for changes or modifications.  The preservation manner shall prevent the records and information from being harmed, manipulated or destroyed by negligence, sabotage, or natural disaster of any kind.

5.9.   The retention period for historic records and information is Life of Organization.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | No changes to this standard |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-5
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

### 1. Purpose

This standard provides the criteria for Johnson & Johnson Operating Companies to follow in managing inactive records and information until their final disposition and for selecting a facility to store Johnson & Johnson inactive records and information.

### 2. Background

Inactive records and information are information that is no longer needed to conduct current business but must be preserved until their retention period has passed.  Inactive records should be moved to a secure inactive records storage site/facility which provides the records (1) physical security, (2) increased protection against damage due to natural disasters, and (3) protection from unauthorized access.   Additionally moving inactive records to a designated storage site/facility frees up valuable office and work space.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Minimum Implementation Standards

5.1.    As minimum requirements for managing inactive records and information, Operating Companies shall have the following:

5.1.1.    Procedures for identifying, labeling, and indexing records and information as "inactive;"

5.1.1.1.    At minimum, the following information shall be captured for any records being newly sent or returned to inactive storage:

- Record code
- Record title
- Creation date and/or date span of records in container
- Department or business unit name
- Contact information for business owner
- Destruction date ( or "trigger" based on Records Retention Schedule)
- Hold code (if applicable)

5.1.2.    Procedures for transferring active files to inactive storage locations;

5.1.3.    Procedures for managing access/authorization to send and retrieve records to and from inactive storage.  The procedure shall include requirements for the following:

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

**WWRIM Standard RIMS-5**
Version 2.0
31 January 2011

## Worldwide Records and Information Management

# Inactive Records and Information Storage Standard

5.1.3.1. Granting and approving access/authorization to Operating Company users to send and retrieve records to and from storage;

5.1.3.2. Ensuring access/authorization is terminated once the Operating Company user no longer requires it (due to job change, termination, etc.);

5.1.3.3. Ensuring Operating Company users are appropriately trained on procedures dealing with inactive record transfer prior to obtaining their access/authorization;

5.1.3.4. Ongoing maintenance of an authorized access list;

5.1.4.   Areas designated for storing inactive records;

5.1.5.   A mechanism for tracking inactive records and information at the storage location;

5.1.6.   Procedures for ensuring Document Holds are applied to the records being sent to inactive storage or are already stored at inactive storage areas;

5.1.7.   Procedures for department owners to request retrieval of records from inactive storage;

5.1.8.   Procedures quickly locating and transferring inactive records to the department owners upon their request;

5.1.9.   Procedures for conducting records destruction in compliance with the approved Records Retention Schedule when retention times have been met and when there is no Document Hold in place;

5.1.9.1. The Operating Company Records Manager shall review and approve any extensions to retention of inactive records for reasons other than a Document Hold;

5.1.9.2. Department/Business unit management shall approved destruction of their unit's inactive records;

5.1.9.3. The Operating Company RIM program shall maintain copies of approved destruction eligibility and authorization documentation (per the approved Records Retention Schedule) for inactive records managed through RIM inactive storage;

5.1.9.4. The Operating Company Records Manager shall ensure approved destruction of inactive records is conducted in a secure manner consistent with industry good practices that ensures the records and information cannot be recovered or reconstructed by any ordinary means.

5.1.9.5. Certificates of Destruction shall be issued for destroying inactive records when destruction takes place by or at the inactive storage facility and shall be maintained by the Operating Company RIM program.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson &Johnson*

### Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

5.2.   Inactive records and information may be stored at either an on-site or commercial third-party storage facility.

    5.2.1.   Selection of and negotiation with a commercial third-party storage facility shall comply the Operating Company procedures for engaging with third-party vendors.

5.3.   Locations that serve as storage facilities shall be properly managed so as to protect the records and information.  The following requirements shall be met for both on-site and off-site inactive records storage facilities:

    5.3.1.   Records and information shall be indexed and tracked while being stored and managed by the facility;

    5.3.2.   Facility shall have processes and procedures that allow for the application of Document Holds to the inactive records stored at the facility;

    5.3.3.   The facility must have security measures in place to prevent unauthorized access and these measures are to be tested and documented;

    5.3.4.   The facility shall maintain a list of authorized personnel who may access the records and information;

    5.3.5.   Facilities shall maintain documentation that employees are appropriately trained on all aspects of the operations;

    5.3.6.   Climate controls shall be established so as to comply with industry good practices for that geographic region for the type of media being stored;

    5.3.7.   Adequate notice shall be provided to the Operating Company by the storage provider for any changes in procedures and or services.

5.4.   In addition to meeting the requirements of paragraph 5.3, commercial off-site storage facilities shall meet the following requirements:

    5.4.1.   Commercial facilities shall have a written agreement with the Operating Company. Agreement shall include language for services that address normal business operations, appropriate compliance with the Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs), and any other special requirements;

    5.4.2.   Employees and contractors or consultants of a commercial storage facility shall be properly screened and bonded;

    5.4.3.   Facilities shall have the appropriate business continuity plans that address both natural and man-made disasters with documented procedures that are available for inspection.   Business continuity plans and processes shall meet the local requirements and must be tested annually at minimum;

    5.4.4.   Facilities shall allow inspection by Johnson & Johnson during normal business hours.

*Johnson & Johnson*

WWRIM Standard RIMS-5
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

5.5.   Audits of the storage facility shall be conducted by one of the Johnson & Johnson Operating Companies no less than once every three years.   Audits conducted by one Operating Company may be leveraged by other Operating Companies using the same storage facility.

5.6.   New storage facilities must be pre-qualified by a Johnson & Johnson Operating Company prior to use.  Pre-qualification includes a review of the storage facility against, at minimum, the requirements of this standard.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5.1.1.1] – Clarified the requirement applies to records being either returned to storage or being newly sent to storage<br>• Paragraph [5.1.1.1.] – Removed "Record Description" as a mandatory field<br>• Paragraph [5.1.9.3] – Adjusted requirement to include maintenance of documentation for destruction authorization of inactive records.<br>• Paragraph [5.1.9.5] – Clarified the requirement applies to destruction conducted by or at the inactive storage facility<br>• Paragraph [5.3.6] – Changed requirement to refer to industry good practices for climate controls for inactive storage.<br>• Minor grammar and typographical edits |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-6
Version 2.0
31 January 2011

$\mathcal{J}ohnson\mathcal{J}ohnson$

### Worldwide Records and Information Management

## Litigation Support Standard

---

## 1. Purpose

The purpose of this standard is to define requirements to assure and demonstrate that a reasonable and good faith effort has been made to comply with Document Holds when issued, and that records and information relevant to the matter of the Document Hold have been preserved, while records not specifically or remotely linked to Document Holds shall be managed in accordance with the approved Worldwide Records and Information Management (RIM) policy and standards.

## 2. Background

Document Holds are issued by the Johnson & Johnson Law Department when litigation, governmental investigation or audit occurs or is reasonably anticipated. Only the Johnson & Johnson Law Department has the authority to release a legal Document Hold.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

## 5. Minimum Implementation Standards

5.1. The Operating Company Records Manager shall develop and implement documented procedures, including actions, roles and responsibilities, and internal controls, for the following areas:

5.1.1. Acceptance of legal documents (e.g. Summons and Complaints, Court Orders, Subpoenas, etc.);

5.1.1.1. The Operating Company Records Manager shall work with the Johnson & Johnson Law Department to develop and document procedures or "boundary agreements" for the responsibilities designated as belonging to the RIM program regarding acceptance of legal documents, which are appropriate for that Operating Company.

5.1.2. Communication and/or distribution of Document Holds and Hold Releases;

5.1.2.1. The Johnson & Johnson Law Department shall be solely responsible for the determination and wording of a legal Document Hold as well as identification of the population which shall receive the Document Hold.

5.1.3. Normal RIM practices shall be suspended, including the destruction of records and information according to approved Records Retention Schedules, to comply with the requirements of Document Holds;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson\&\mathcal{J}ohnson$

WWRIM Standard RIMS-6
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Litigation Support Standard

5.1.3.1. Unless otherwise determined and documented by the Johnson & Johnson Law Department, suspension of destruction/deletion of records and information per a Document Hold shall apply only to records and information relevant to that Hold.

5.1.3.2. A documented procedure(s) shall delineate the steps that must be taken to review the current list of active Document Holds prior to any record or information destruction or deletion to ensure relevant records and information are suspended from any destruction/deletion process. The procedure(s) shall include a provision that if there is uncertainty as to whether a record is relevant to a Document Hold, that record shall be preserved until guidance and clarification can be obtained from the Johnson & Johnson Law Department.

5.1.4. Preservation, discovery and production of records impacted by Document Holds.

5.1.4.1. Unless previously agreed between the Johnson & Johnson Law Department and the Operating Company Records Manager, the Operating Company Records Manager shall not be responsible for managing and tracking the release of Operating Company records and information to external parties for specific Law Department purposes.

5.2. The duty to preserve records and information relevant to the subject of a Document Hold applies to all formats and mediums, including paper and electronic documents on any fixed or portable device.

5.3. Reasonable steps shall be undertaken to preserve records and information, including any Convenience Information that are relevant to the subject matter of a Document Hold. Scheduled or in-progress cleanout of any Hold-relevant records and information must be suspended or stopped regardless of the retention periods.

5.4. Hard-copy records and information relevant to the subject of a Document Hold, but which are no longer required for day-to-day business operations, may be sent to inactive storage in accordance with Operating Company procedures based on this standard and other applicable WWRIM standards, unless otherwise notified by the Johnson & Johnson Law Department.

5.5. Preservation of electronic records and information relevant to the subject of a Document Hold shall comply with the requirements of the Johnson & Johnson Law Department.

5.6. Preservation of any relevant records or information shall continue until the Document Hold has been released by the Johnson & Johnson Law Department.

### Revision History

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-6
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management

## Litigation Support Standard

| Version 2.0 | 31 January 2011 | • Paragraph 5.1.2.1 – REMOVED the "Note" section<br>• Paragraph 5.1.4.1 – Change requirement whereas Records Managers will not be responsible for tracking documents released to external legal parties unless this is previously agreed to by the Records Manager and the Law Department. |
|---|---|---|

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-7
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Records and Information for Facility Closures or Divestitures Standard

### 1. Purpose

This standard provides the minimum requirements for managing records and information due to a facility closure or a business, plant, or product divestiture.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 4. Approach

The Operating Company planning to divest itself of a business, plant or product, or planning to close a facility, shall include records and information management requirements in their plans as defined for the situations below:

*Closure of a facility when the business remains intact elsewhere*:   When one or more sites of an Operating Company close, the Operating Company shall retain ownership of the records and information for that site.   Records and information shall be under the direction of the Operating Company Records Manager and shall be governed in accordance with the WWRIM policy and any applicable standards.

*Divestiture of specific products and/or functions where the balance of the Operating Company remains intact within the Johnson & Johnson Family of Companies*:   When the Operating Company divests itself of certain products and/or functions, records and information relevant to the product or function, as outlined in contracted agreement among the parties, shall remain with that product or function.   Only records defined in the contracted agreement shall be transferred to the new company; all other records and information shall remain the property of the Operating Company.

*Complete divestiture of an Operating Company and all its associated products and/or functions:*   When the Operating Company's business is completely divested, the records and information defined in the contracted agreement shall be transferred to the new company. The remaining records and information shall be managed at the direction of the Johnson & Johnson Law Department, in consultation with the Records Manager of the closing Operating Company and the World Headquarters Records Manager.   Custodianship of the remaining records shall transfer to the World Headquarters Records Manager unless otherwise directed by the Johnson & Johnson Law Department.

*Discontinuation of an Operating Company's business without divestiture:*   When the Operating Company's business ceases, disposition of all records shall be at the direction of the Johnson

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-7
Version 2.0
31 January 2011

*Johnson & Johnson*

### Worldwide Records and Information Management

## Management of Records and Information for Facility Closures or Divestitures Standard

---

& Johnson Law Department, in consultation with the Records Manager of the closing Operating Company and the World Headquarters Records Manager.  Custodianship of the remaining records shall transfer to the World Headquarters Records Manager unless otherwise directed by the Johnson & Johnson Law Department.

## 5.  Minimum Implementation Standards

5.1.  Records and information, both in paper and electronic formats, relevant to a divestiture or closure shall be indexed and a current information inventory created.

5.2.  Records and information as well as convenience information that have past their retention requirements on or before the official divestiture date or the facility closing date shall be disposed of according to the RRS requirements and the *WWRIM Records Clean-up Event Standard,* unless otherwise advised by the Johnson & Johnson Law Department.

5.3.  Records and information identified in the divestiture or closing agreement that are to be transferred to another company shall be segregated from records and information to be retained by the Operating Company.

5.4.  Records and information identified for transfer, per the contracted agreement, shall be checked against active Document Holds to determine whether the records and information are subject to a Document Hold.

    5.4.1.  If records and information are subject to an active Document Hold, the Operating Company Records Manager shall seek direction from the Johnson & Johnson Law Department as to the management of those records.

5.5.  Responsibility for overseeing the proper identification, management and transfer of relevant records and information, in all formats, to the new company shall be assigned to the Operating Company's Records Manager.

5.6.  Records and information that are being transferred to the new company but are required by the Operating Company to complete a Tax Audit, shall be copied by the Operating Company and marked as being subject of a Tax Audit, unless otherwise advised by the Johnson & Johnson Law Department or the Johnson & Johnson Tax Department.

5.7.  Records and information to be transferred to a new company shall be properly indexed and clearly marked.  A copy of the index of records and information transferred to the new company shall be retained by the Operating Company.

5.8.  Transfer of records and information shall follow proper chain of custody procedures.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-7
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

# Management of Records and Information for Facility Closures or Divestitures Standard

Revision History

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5.2] – changed "Cleanout" to "Clean-up" |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson \text{-} \mathcal{J}ohnson$

WWRIM Standard RIMS-8
Version 2.0
31 January 2011

### Worldwide Records and Information Management

# Management of Records and Information for Mergers and Acquisitions Standard

## 1. Purpose

The purpose of this standard is to specify the Records and Information Management (RIM) planning requirements for integrating an acquired company's records and information into the acquiring Operating Company.

## 2. Background

When Johnson & Johnson (or one of its Operating Companies) seeks to acquire another company, the company being acquired will ultimately become part of Johnson & Johnson and thus be required to comply with the Johnson & Johnson Worldwide Records and Information Management (WWRIM) Policy and associated standards.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

## 5. Approach

Due to the nature of acquisition planning and integration, and to the unique situations surrounding each acquisition project, the engagement of the Operating Company Records Manager by the Mergers and Acquisitions team may occur at different intervals during the project, and in fact may not begin until the final integration is well underway. Additionally, the Mergers and Acquisitions team may limit the Records Manager's level of engagement or scope of responsibility due a variety of reasons. Hence, the tasks and responsibilities required of a Records Manager will also vary. Below are listed the minimal implementation standards.

## 6. Minimal Implementation Standards

6.1. As part of the acquisition process, the Mergers and Acquisitions team shall engage the Operating Company Records Manager as part of the integration process and/or integration team.

6.2. Within the terms and scope of this engagement (paragraph [5]), the Records Manager shall do the following:

6.2.1. Facilitate or conduct an evaluation of the records and information management practices of the acquired company, including a gap analysis comparing that company's policies and standards with Johnson & Johnson's WWRIM policy and standards;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-8
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Records and Information for Mergers and Acquisitions Standard

6.2.2.   Develop a plan of action to bring the acquired company into compliance with the Johnson & Johnson WWRIM policy and standards after the acquisition finalizes.  The plan shall include provisions for the training/communicating the requirements of the RIM program to the acquired company personnel/contractors; the transfer-in or management of the acquired company's records, including evaluation of Document Holds and an estimate of the resources needed to carry-out the plan.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph[1] :  Removed reference to training as this is covered in RIMS-11<br>• Minor edit |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-9**
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Records and Information of Departing Associates Standard

### 1. Purpose

This standard establishes the minimum requirements for Johnson & Johnson Operating Companies in managing the records and information of departing employees and/or contractors to assure such records and information are reviewed and dispositioned in compliance with laws, regulations, the Operating Company Records Retention Schedule (RRS), and active Document Holds.

### 2. Scope

This Standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 4. Approach

The hard-copy and electronic records and information left behind when an employee or contractor leaves the Operating Company or transfers into another position either within the Operating Company or with another Johnson & Johnson Operating Company, are referred to as "orphaned files." These files must be actively managed for compliance with business processes and records and information management (RIM) requirements.

Note:  Both hard-copy and electronic records and information created or received by an employee in the course of doing business for the Operating Company are the property of that Operating Company and shall remain with the Operating Company upon departure of the employee.  The same shall apply with regard to records and information created or received by contractors and/or vendors unless there is a specific documented and approved contractual clause or agreement stating otherwise.

### 5. Minimum Implementation Standards

5.1.    The Operating Company RIM department shall have documented procedures for assuring that records and information left behind when an employee leaves the Operating Company are actively managed for compliance with business processes and records and information management requirements.

5.2.    The **departing employee**, prior to leaving their position within the Operating Company, shall determine disposition of their records and information by reviewing their records against the Operating Company Records Retention Schedule and the active Document Holds impacting that Operating Company and/or workgroup and/or individual.  Convenience Information shall

**Johnson & Johnson Confidential**

*Johnson & Johnson*

WWRIM Standard RIMS-9
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Management of Records and Information of Departing Associates Standard

be destroyed/deleted when its use has ended, provided it is not relevant to the subject matter of a Document Hold.

5.2.1.   The departing employee shall obtain guidance from their supervisor or the RIM department to ensure they understand and reference the most current version of the RRS and Document Hold listing to perform their review.

5.2.2.   Records and information that must be retained shall be transferred to the employee's supervisor.  The supervisor shall arrange for the transfer of those records and information to themselves, another designated individual(s), or an appropriate secured location.  Regardless, the records and information must be retained and managed in compliance with RIM requirements and Operating Company procedures.

5.2.3.   Records and information determined to be eligible for destruction or deletion after this review process shall be either:

5.2.3.1.   Destroyed at that time in accordance with Operating Company procedures; or,

5.2.3.2.   Transferred to the supervisor to retain until the Operating Company's annually scheduled Records Clean-up Event, at which point those records will be re-reviewed, re-dispositioned and destroyed, as appropriate,

5.2.3.3.   Or, destroyed/deleted at that time with written approval by the supervisor.

5.2.4.   If for any reason, the departing employee does not perform a review and determination of the disposition of their records and information prior to departure, the supervisor shall be responsible for ensuring the records are actively managed in accordance with RIM requirements, specifically the requirements of this standard.

5.3.   The **departing contractor or vendor** shall transfer all Operating Company records and information to their Johnson & Johnson sponsor who shall be responsible for ensuring the records and information are actively managed in accordance with RIM requirements, specifically the requirements of this standard.

5.3.1.   If for any reason, the departing contractor or vendor does not transfer their records and information to their supervisor, the supervisor shall transfer those records and information to themselves, another designated individual(s), or an appropriate secured location.  Regardless, the records and information must be retained and managed in compliance with RIM requirements and Operating Company procedures.

5.4.   The departing employee or contractor may take with them upon departure any personal notes provided these documents, in their entirety, were (1) not prepared, used for, or communicated in the course of transacting Operating Company business, and (2) not subject to an active Document Hold for any reason.

**Johnson & Johnson Confidential**

$\mathcal{J}ohnson$ $\mathcal{J}ohnson$

WWRIM Standard RIMS-9
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Records and Information of Departing Associates Standard

### Revision History

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph [5.2.1] – Clarified requirement to enable departing employee to perform their records review in a compliant manner.</li><li>Paragraphs [5.2.2] – REMOVED reference to "within 90 days of employee's departure."</li><li>Paragraph [5.2.3.1] – Added new requirement to allow for destruction of records at time of review, if Operating Company procedures support this – renumbered remaining requirements under [5.2.3]; also changed "Cleanout" to "Clean-up"</li><li>Paragraph [5.3.1] – REMOVED reference to "within 90 days of the contractor or vendor's departure."</li><li>Paragraph [5.5] – REMOVED – this is more appropriately an information security requirement and included in those policies.</li></ul> |

**Johnson & Johnson Confidential**

$\mathcal{J}ohnson \, \mathcal{a} \mathcal{J}ohnson$

WWRIM Standard RIMS-10
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Records and Information Management Compliance Audit Standard

### 1. Purpose

This standard defines the requirements for the Operating Company Records and Information Management (RIM) department to follow in planning and conducting (or facilitating) RIM compliance audits of departments within their Operating Company.

### 2. Background

Audits provide (1) assurance that processes and systems are effective, and compliant with program and/or external requirements, (2) a mechanism for regular scrutiny, (3) a means to identify potential problems and implement corrections, and (4) a vehicle for the improvement of programs.

The RIM compliance audit is conducted to determine how well Operating Company departments are complying with the RIM procedures of that Operating Company.

*Note: The RIM compliance audits discussed in this standard are not to be confused with, nor used in place of, the records and information management audits conducted by Johnson & Johnson Corporate Internal Audit (CIA). CIA conducts audits of the Operating Company RIM program for compliance with WWRIM policy and standards; the criteria and selection process for CIA audits will be determined by CIA.*

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Implementation Standards

5.1.    The Operating Company shall conduct audits for compliance with Operating Company RIM procedures on an annual basis.

    5.1.1.    The Operating Company Records Manager shall be responsible for conducting or facilitating RIM compliance audits of selected departments within their company or for ensuring those audits are conducted by trained and qualified individuals as appropriate for that Operating Company.

5.2.    A risk-based approach shall be used to determine the Operating Company's RIM compliance audit schedule priorities.

    5.2.1.    The Operating Company Records Manager shall conduct an assessment to determine which departments within the company shall be considered "high risk" from a RIM perspective.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

## Worldwide Records and Information Management

## Records and Information Management Compliance Audit Standard

---

5.2.2.    Any department meeting *any* of the following criteria shall be considered "high risk":

    5.2.2.1.    Overall unsatisfactory results during the previous RIM compliance audit;

    5.2.2.2.    Significant RIM compliance audits findings for more than two consecutive audits;

    5.2.2.3.    Impacted by a large number of active Document Holds due to litigation or government investigations *or* preserving a large volume of records and information relevant to active Document Holds;

    5.2.2.4.    Exposed to regulatory audits;

    5.2.2.5.    Or, manages a large number of vital records.

5.2.3.    "High risk" departments shall be prioritized for auditing on an annual basis until they have been audited for two consecutive years with no significant findings.  Thereafter, they shall be audited as other departments at a minimum of once every fourth year.

5.2.4.    Departments other than "high risk" shall be audited at a minimum of once every fourth year.

5.3.    The Operating Company RIM department shall have documented procedures for determining "high risk" departments, and for initiating, conducting, and reporting a RIM compliance audit.

5.4.    The scope of the RIM compliance audit shall include department compliance with applicable procedures in the following areas:

- Convenience Information

- Records Retention Schedules, including disposition of records past their retention times

- Training and Education

- Document Hold Notices

- Records Cleanout

- Inactive Records and Information Management

- Vital Records and Information

- Records of Departing Associates

5.5.    A RIM compliance audit report shall be presented to the upper management of the Operating Company department being audited and shall include significant findings.

5.6.    The department being audited shall develop a corrective action plan, with timelines, to address significant findings.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-10
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Records and Information Management Compliance Audit Standard

5.6.1.   Corrective action plans and timelines shall be signed by senior management of the department and submitted to the Operating Company RIM department for acceptance, and in order to allow for monitoring for completion.

5.6.2.   Department upper management or their designee shall provide periodic updates on the progress of the action plan.  Any changes to the initial timelines for completion shall be communicated to the Operating Company RIM department soon as possible.

5.6.3.   The Operating Company RIM department shall be responsible for monitoring the status of the corrective action plan to assure its implementation, and for escalating repeated missed deadlines and/or lack of progress to Operating Company senior management.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5.4] – Added "Records of Departing Associates" to list of items to be audited<br>• Paragraph 5.4 – REMOVE requirement around conducting a random audit of vendors working with the department who store, manage or create records on the vendor's behalf.<br>• Paragraph [5.5] and [5.6.2] – clarified department "upper" management responsibilities |

WWRIM Standard RIMS-11
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management

## Training and Education Standard

### 1. Purpose

This standard establishes the minimum requirements for Johnson & Johnson Operating Companies in providing Records and Information Management (RIM) training and education to assure that the requirements and the expectations of the RIM program are communicated and understood.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**:

### 4. Minimum Implementation Standards

4.1. The Operating Company RIM department shall have a documented ongoing RIM strategy and implementation procedure for their Operating Company to address training and education requirements for (1) Operating Company employees; (2) vendors, external business partners, and outside consultants/contractors; and (3) individuals in special roles/circumstances.

4.2. The following training and education requirements shall be met by all Operating Companies.

*Note: The requirements may be met through a variety of training and education mechanisms, including but not limited to class-room training, one-on-one training, J&J eUniversity training, web or Live Meeting training, "read and understand" documentation, etc. Further, the requirements may be met via one mode(s) of training during one year and a different mode(s) of training in the subsequent year.*

4.2.1. *Operating Company Employees*: Operating Company employees shall annually receive general records and information management training addressing, at minimum, the following areas:

- Benefits of properly managed records and information;
- Consequences and risks of non-compliance;
- Overview of the Johnson & Johnson WWRIM Policy;
- Overview of the basic elements of a RIM program;
- General contact information for further RIM assistance/guidance;
- Detailed information on
  - The concept of RIM lifecycle methodology;
  - The concept of records and information, and Convenience Information;
  - Understanding and using a Records Retention Schedule;
  - Understanding and complying with a Document Hold;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-11**
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Training and Education Standard

o   Understanding and complying with a records and information cleanout event;
o   Understanding records and information requirements for electronic records, including e-mail;
o   Understanding the employee's role and responsibilities within the RIM program.

> *Exception:   At the Operating Company Records Manager's discretion, abbreviated training topics and/or content may be provided to associates who do not handle Johnson & Johnson records during the usual course of their work activities.*

4.2.2.   *Vendors, External Business Partners, Contractors/Consultants handling Operating Company records and information:*   Vendors, external business partners, and contractors/consultants who handle Operating Company records and information shall receive, within 60 days of beginning their engagement with the Operating Company, general records and information management training/awareness communication addressing, at minimum, the following areas:

- Requirements of the Johnson & Johnson WWRIM Policy;
- Consequences and risks of non-compliance;
- General contact information for further assistance/guidance in complying with RIM requirements;
- Understanding their role and responsibilities in complying with RIM requirements and fulfilling RIM activities.

*Note:  It is recommended that long-term contractors/consultants receive annual training covering the same topics as Operating Company employees.*

4.2.3.   *Individuals in Special Roles / Circumstances*   The following requirements address individuals in special roles /circumstances:

4.2.3.1. *Newly Hired/Transferred-In Employees*   Newly hired/transferred-in employees shall receive RIM educational material or training within the first 60 days of reporting to work.  The material or training shall address the topics listed in paragraph 4.2.1 of this standard.

4.2.3.2. *Records Coordinators*   As the focal point for RIM activities within a department, the Records Coordinator shall receive additional, specialized annual training.  In addition to receiving general training as specified for Operating Company employees in paragraph 4.2.1 of this standard, the Records Coordinator training shall include the following:

- Guidance on facilitating awareness of RIM requirements within their department;
- Requirements on coordinating communication between RIM and their department;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-11
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management

## Training and Education Standard

- Requirements for facilitating RIM program events and procedures for their department;
- Detailed information on RIM requirements and Operating Company procedures for
  - Offsite storage
  - Legal Support / Document Hold compliance
  - Records and information cleanout
  - RIM program audits
  - Protection of information of departing staff
  - Vital records
  - Compliance with records retention schedules
  - Management of electronic records and e-mail records

In the event the Records Coordinators' responsibilities differ from the standard, per the **WWRIM Records and Information Management Program Standard**, section 5.3, the training the Records Coordinators the receive shall match the documented responsibilities of those Records Coordinators.

4.3. The Operating Company RIM department shall track and document completion/attendance of all training, education sessions, and courses.

4.4. Training and education materials and training courses may be reviewed and/or updated as needed, but shall be reviewed and/or updated at a minimum of every three years to assure relevancy.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | - Paragraph [4.2.1] – Added Exception to allow Records Managers discretion in provided abbreviated training to J&J employees who do not handle records during the normal course of their job.<br>- Minor typographical changes |

*Johnson & Johnson*

**WWRIM Standard RIMS-12**
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Records Retention Schedule Standard

### 1. Purpose

This standard provides the requirements for developing, maintaining, and implementing a Records Retention Schedule (RRS) by the Johnson & Johnson Operating Companies.

### 2. Scope

The standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 4. Minimum Implementation Standards

4.1. Each Operating Company shall develop and manage an RRS for that Operating Company.

4.2. The Operating Company shall have documented procedures for establishing, updating, maintaining, publishing, and communicating the RRS.

4.3. The RRS shall be reviewed and accepted by the Operating Company Board Attorney or designated Johnson and Johnson Law Department representative responsible for supporting that Operating Company. "Acceptance" shall indicate the process for developing the RRS is acceptable in meeting the requirements of the Operating Company. Evidence of acceptance shall be in the form of a digital or hand-written signature.

4.4. The RRS shall be accepted, at minimum, by a member of Senior Management of the Operating Company (Vice-President-level or above). Evidence of acceptance shall be in the form of a digital or hand-written signature.

4.5. The retention requirements apply to records and information stored on all media formats, including electronic records and information. The requirements apply to Johnson & Johnson records and information used in the course of business regardless of whether the records reside on an Operating Company computing or storage device, a third-party/partner computing or storage device, or a personally-owned computing or storage device.

4.6. Record Retention Schedules developed by the Operating Company shall include, at minimum, the following information:

- Record Code
- Record Title
- Record Description
- Trigger Event
- Retention Period (in years)
- Legal Authority and/or Citation

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-12
Version 2.0
31 January 2011

*Johnson & Johnson*

## Worldwide Records and Information Management

## Records Retention Schedule Standard

4.7.   Retention periods shall be sufficient to meet current regional, national, and local laws and/or business needs.

4.8.   Retention periods may exceed regional, national, and local laws and regulations if business needs warrant and if approval is granted by upper management of the custodial department, the Operating Company Records Manager and the Johnson & Johnson Law Department.

Note:  Retention periods shall not be exceeded if that action violates any applicable laws or regulations.

4.9.   Retention periods start from the point when the trigger event occurs.   The Operating Company shall use the following common set of trigger events, trigger event descriptions and trigger event acronyms to denote retention triggers in their retention schedules as applicable.

| Trigger Event Acronym | Trigger Event Title | Trigger Event Description |
|---|---|---|
| ACT | Active | Retain the record or information while the document is active, in force or in use.   Once the document is no longer active then the retention period starts and is calculated. |
| BA | Batch Expiry | Begin the retention period after the batch expires. |
| CY | Current Year | Indicates the year in which the record or information was created. |
| FTA | Final Tax Audit | Begin the retention period after the final tax audit has been completed and the records and information are released by the Johnson & Johnson Tax Department. |
| IND | Indefinitely | Retain the record or information indefinitely. |
| LAS | Life of Affected System | Begin the retention period after the equipment, system or facility to which it relates is taken out of service. |
| LO | Life of Organization | Retain the record or information for the life of the organization. |
| PL | No Longer in Production | Commence the retention period when the product is no longer in |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Records Retention Schedule Standard

| | | production. |
|------|------------------------------|--------------------------------------------------------------------------------------------------------------|
| SUP | Until Superseded | Retain the record or information until a new or later version replaces the record or information. |
| TE | Termination of Employment | Begin the retention period when the employment ends or all provisions of a contract have been fulfilled. |

4.10. Records and information shall not be retained longer than the period of time designated for each Record Title unless a Document Hold has been issued by the Johnson & Johnson Law Department suspending the destruction of those records and information. If a Document Hold is issued, records and information relevant to the subject of the Document Hold are to be preserved until the Document Hold is released by the Law Department.

4.11. Operating Company Records Managers shall develop and implement appropriate procedures, communications, and training to assure Operating Company employees, vendors, and contractors understand their responsibilities in complying with the requirements of the RRS and have the necessary knowledge and tools to do so.

4.12. Operating Companies shall regularly apply the requirements of the RRS to their records and information.

4.12.1. Records and information, in both hard-copy and electronic form, having met their retention time and in accordance with this standard shall be disposed of in a secure manner consistent with industry good practices that ensures the records and information cannot be recovered or reconstructed by any ordinary means.

4.13. Operating Companies shall review and republish their RRS at a minimum of once every three years to ensure the information and requirements of the RRS are up-to-date with all laws, regulations and business needs.

4.14. All changes to the RRS shall follow a formally documented Change Management Procedure.

**Revision History**

| New Standard Version 1.0 | 30 Sept 2009 | New Document Issued |
|--------------------------|----------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Version 2.0 | 31 January 2011 | • Paragraph [4.8] – Clarified "upper" management of department in place of "senior" management of department<br>• Paragraph [4.9] – Changed the FTA trigger description by eliminating reference to "in no case less than seven years." |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-13
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Vital Records Standard

### 1. Purpose

This standard establishes the criteria and minimum requirements for the identification, protection, and maintenance of Vital Records for all Johnson & Johnson Operating Companies to assure those records and information are available to promote continuity of core business functions in the event of a records-related disruption of any kind.

### 2. Background

Vital Records are defined as "records that are fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions". Vital Records contain information necessary to maintain or re-establish in the event of a hazard or disaster. As such, they are a critical component of a Business Continuity plan.

Some of the consequences of damages a company may sustain if not equipped with a functioning Vital Records program include:

- Loss or decrease in customer base;
- Interruption of revenue flow;
- Inability to comply with legal and/or regulatory requirements;
- Fines or other penalties for failure to produce required records and information;
- Extensive cost of reconstruction of lost records and information;
- Damage to company reputation.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

**Vital records** are defined in Paragraph 2 of this standard. Other reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Approach

Identified Vital Records must be protected from potential loss. The protection method used is based on record media type, available resources, and environmental and security requirements -- and on an assessment of the risks for each method. There are two basic methods of protecting Vital Records: dispersal and protective storage. Dispersal is the distribution of duplicate copies of records and information to locations other than those where the originals are housed; this may be part of a routine business process or specifically designed to protect identified Vital Records. Most Vital Records programs implement a combination of the two methods of protection. Regardless of the methods selected, procedures must be implemented to ensure the Vital Records are kept current for the Vital Records program to be effective.

Operating Company Senior Management must agree to protect these records or be willing to tolerate the risk of not protecting them as evidenced by a formal, approved exception statement.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-13
Version 2.0
31 January 2011

## Worldwide Records and Information Management

## Vital Records Standard

## 6. Minimum Implementation Standards

6.1.  Vital Records shall be (1) secured in a manner that preserves and protects the integrity of the record and (2) protected via dispersal or protective storage, or a combination of both.

6.1.1.  Means of protecting Vital Records via dispersal and protective storage include but are not limited to the following examples:

- Storing a Vital Record in a file cabinet in the office with the copy stored in a locking fire-resistant cabinet in a different building on the Operating Company campus (example of combination of dispersal and protective storage);
- Storing a Vital Record in a locked on-site facility with the copy stored at an offsite facility designed for records protection (example of combination of dispersal and protective storage);
- Storing a Vital Record in a locked, fire-resistant vault located in an off-site facility designed for records protection (example of protective storage);
- Storing a Vital Record on a department "network shared drive" with a backup of that record being stored and managed by the appropriate Johnson & Johnson IT data center (with the backup tape or disc being stored or replicated off-site) (example of combination of dispersal and protective storage).

6.1.2.  The manner in which Vital Records are protected (i.e. via dispersal alone, via protective storage alone, or via a combination of both) is determined by the level of risk associated with the potential loss of that Vital Record. Generally, the greater the risk associated with loss and the greater the level of difficulty and cost to reconstruct, the greater the protection. This equates to records considered highest risk should be protected by both dispersal and protective storage. Further, regarding dispersal of records, the greater the risk, the greater the degree of geographic separation of the duplicates of those records so as to make it less likely that a disaster in the immediate area would impact the location where the duplicate records are stored. The degree and type of protection shall be determined by the Operating Company Records Manager working with the department/business owner and, if necessary, Senior Management.

6.2.  The determination of the status of Vital Records shall be made based on the subject content of the record or information and shall not be tied to media format.

6.3.  Records and information shall be identified as Vital Records only for as long as they support critical business functions and processes and fulfill the requirements of a Vital Record. Once they have fulfilled this role, they should no longer be identified or listed as a Vital Record.

6.4.  Operating Companies shall assign a Recovery Class Level to the Vital Record to denote recovery timeframe requirements. Recovery Class Levels define the timeframe for recovery of that Vital Record; they do not define or impact the level or type of protection assigned to any Vital Record nor do they denote the level of criticality and importance of a given Vital Record.

| Vital Records Recovery Class Level | |
|---|---|
| Level | Definition |
| Recovery Class Level 1 | Records or information needed for emergency operations (one example of this type of record is the Vital Records Listing/Log for |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}$*ohnson*$\mathcal{J}$*ohnson*

## Worldwide Records and Information Management

## Vital Records Standard

| | the Operating Company). |
|---|---|
| Recovery Class Level 2 | Records or information needed within the first 24 hours after a disaster for immediate resumption and continuation of business. |
| Recovery Class Level 3 | These records and information are essential for reestablishing the legal and financial position of the company and are needed within the first 72 hours after a disaster. |
| Recovery Class Level 4 | These records are vital but do not require recovery within the first 72 hours after a disaster. |

6.5.   The Operating Company Records Manager shall work with the Operating Company departments/business units to identify records and information as Vital Records, maintain the up-to-date listing of Vital Records, determine and facilitate best protection practices, and assign Recovery Class Levels for each Vital Record.

6.6.   The Operating Company shall develop and maintain procedures to document the following:

6.6.1.   Strategy and decisions for identifying Vital Records, determining protection option, and assigning Recovery Class Levels;

6.6.2.   Developing a list of all Vital Records within that Operating Company that includes the following information;
- Record Title
- Record Code
- Record Owner (or Owning Department)
- Media Format (e.g., paper, electronic)
- Recovery Class Level
- Locations (original and backup copy)
- Method of Protection

6.6.3.   Method for keeping the Vital Records listing up-to-date;

6.6.4.   Method for controlling access to Vital Records and their copies;

6.6.5.   Method for recovering Vital Records according to their Recovery Class Level;

6.6.6.   Annual testing to assure select Vital Records are effectively and efficiently recovered for resumption of business operations in the event of a disaster.

6.7.   Any decisions that are exceptions to this standard must be justified and documented with the written approval of the Operating Company Senior Management.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5] – Modified description of acceptable approach for protecting Vital Records per revised |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

3

*Johnson & Johnson*

WWRIM Standard RIMS-13
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Vital Records Standard

| | | | |
|---|---|---|---|
| | | | ANSI/ARMA standard. |
| | | | • Paragraph [6.1] – Added protective storage and protective storage plus dispersal as acceptable means of protecting Vital Records. |
| | | | • Paragraph [6.1.1] and [former 6.1.2] – Merged the two paragraphs to include and expand on examples of acceptable protection for Vital Records. |
| | | | • Paragraph [6.1.2] – Added option of "protective storage" alone to the risk-based protection scenario. |
| | | | • Paragraph [6.6.2] - REMOVED "Retention Period" as a required field.  ADDED "Record Owner" as a required field. |
| | | | • Minor grammatical and typographical changes |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{Johnson\&Johnson}$

### Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

### 1. Purpose

This standard defines the Johnson & Johnson records and information management (RIM) requirements for decommissioning a system.

### 2. Background

Due to aging systems or technology or changing business requirements, the need arises to retire, or decommission, a system.   The decommissioning process is complex and involves many stakeholders, including but not limited to IT, the system and data business owner(s), and the Operating Company Records Manager(s).

The Operating Company Records Manager's role is to work with the stakeholders to ensure the records and information contained in the system are dispositioned appropriately in accordance with the business needs and the requirements of the Worldwide Records and Information Management policy and standards.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Minimum Implementation Standards

5.1.   The Operating Company Records Manager shall develop procedures to ensure the appropriate management of records and information residing within systems which are being decommissioned.

5.2.   The Operating Company Records Manager shall work with the business owner of the system and the appropriate IT organization to determine which information shall be retained and which information shall be discarded as part of the decommissioning process.

5.3.   Information that must be retained to comply with the requirements of the Operating Company Records Retention Schedule shall be either retained via migration to a new or different system or retained via migration to near-line, off-line storage to be kept until it has met its retention requirements.

5.4.   Information that is either a Vital Record or a component of a Vital Record shall be retained according to paragraph 5.4.  Refer to the *WWRIM Vital Records Standard* and the *WWRIM Records and Information Archiving Standard* for further requirements.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-14
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

5.5. Information subject to an active Document Hold shall be retained according to the requirements of the Johnson & Johnson Law Department:

    5.5.1. Prior to any action to migrate information that is under an active Document Hold, the Johnson & Johnson Law Department shall formally approve the manner and the format that the information will be migrated for purposes of retention to comply with the Document Hold.

5.6. Information that is migrated to either a new or different system or near-line, off-line storage for retention purposes shall be managed during and after the migration process in such a way as to ensure the integrity of the information and to ensure the requirements associated with its IAPP Information Classification are met.

5.7. The IT organization responsible for the actual decommissioning of the software and hardware shall takes steps to ensure that any information or information fragments remaining on the system shall be rendered inaccessible and unreadable.

5.8. System decommissioning documentation shall include the following:

    5.8.1. A listing of both the information components to be retained and the information components to be discarded based on Operating Company business needs, retention requirements, and active Document Holds. Each information component will include the following documentation:

- Record Type;
- Record Code;
- Record Retention Period;
- Information Classification according to the Worldwide Information Asset Protection Policies (IAPPs);
- Whether the information comprises or is part of a Vital Record;
- Whether the information is under an active Document Hold (information subject to a Document Hold shall not be discarded until notification from the Johnson & Johnson Law Department;

    5.8.2. Approval by the Operating Company Records Manager;

    5.8.3. Approval by the Johnson & Johnson Law Department, if needed per paragraph 5.5;

    5.8.4. The ultimate disposition of the hardware and software.

### Revision History

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph (former)[5.3] – Moved contents of former [5.3] to [5.8.1]<br>• Paragraph [5.8] – Revised to reflect the |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-14**
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Management of Records for System Decommissioning Standard

| | | |
|---|---|---|
| | | development of system decommissioning documentation is not a Records Manager's responsibility<br>• Paragraph [5.8.2] – Revised to reflect requirement for Records Manager's sign-off<br>• Paragraph [5.10] – REMOVED – partially replaced with [5.8.2] |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-15
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Electronic Records and Information Standard

### 1. Purpose

This standard specifies the minimum requirements related to the management and disposition of electronic records and information for Johnson & Johnson Operating Companies.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

***Electronic records and information*** are defined as any combination of text, graphics, data, audio, pictorial, or other information representation in digital form that is created, modified, maintained, archived, retrieved, or distributed by a computer system.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 4. Minimum Implementation Standards

4.1.  Management of electronic records and information shall comply with the WWRIM policy and standards requirements as well as with the Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs).

4.2.  The Operating company shall develop and implement procedures to assure electronic records and information are managed to meeting the following requirements:

4.2.1.  Electronic records and information shall be subject to the Operating Company's records retention schedule per the WWRIM Records Retention Schedule Standard.

4.2.2.  Electronic records and information subject to active Document Holds shall be retained per the Johnson & Johnson Law Department requirements until formal communication from the Law Department that the Hold has been released.

4.2.3.  Electronic records and information shall be retained in usable format until their authorized disposition dates.

4.2.3.1.  Electronic records and information shall be accessible and managed in active computing environments over the period of time that the information is needed for business purposes.

4.2.3.2.  Electronic records and information that are no longer needed for current business operations may be archived per the ***WWRIM Records and Information Archiving Standard*** and in accordance with the Operating Company procedures.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-15
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Management of Electronic Records and Information Standard

4.2.4. When electronic records and information have passed their retention requirements, providing they are not subject to active Document Holds, those records and information shall be removed from the production environment for final disposition.

4.2.5. Electronic records and information that have been approved for destruction per paragraphs 4.2.1, 4.2.2 and 4.2.4, shall be destroyed in a secure manner consistent with industry good practices that ensures the records and information cannot be recovered or reconstructed by any ordinary means.

4.3. Electronic records and information created, modified, maintained, archived, retrieved, or distributed by computer systems shall be subject to defined procedures and controls to ensure the authenticity, integrity, and confidentiality of those records and information and those systems shall meet the following criteria:

4.3.1. Systems shall be developed in such as way as to accurately capture or create electronic records and information;

4.3.2. Systems shall include the ability to create an audit trail of the activity on the electronic records and information;

4.3.3. Systems shall classify or index electronic records and information for ease of finding and accessing for reuse;

4.3.4. Systems shall assign security in conformance with IAPP requirements and limit the access to electronic records and information to those individuals in the course of performing their respective responsibilities and functions must have access to and use the electronic records and information;

4.3.5. Systems shall have regular Disaster Recovery Backups made of the system or application and associated data to sufficiently protect the production environment from loss or damage;

4.3.6. As needed, a system shall have the ability to target and preserve electronic records and information relevant to the subject of a Document Hold;

4.3.7. Authorization for access to electronic records and information, other than to perform system administration tasks, shall be controlled by the business owner.

**Revision History**

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph (former)[4.3.3] – REMOVED – partially addressed in [4.3.2]<br>• Paragraph 4.3.5 – removed the word "tape" |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-16**
Version 2.0
31 January 2011

### Worldwide Records and Information Management

## Records and Information Archiving Standard

### 1. Purpose

This standard specifies the minimum requirements for archiving records and information of Johnson & Johnson Operating Companies in electronic formats.  The requirements of this standard enable long-term preservation of records and information in accordance with laws and policy and to assure access to archived records and information.  The length of time a record or information is to be retained is indicated on the Operating Company's Records Retention Schedule (RRS).

### 2. Background

Electronic records and information are kept in an active computing environment over the period of time that the information is needed for business purposes (e.g., analysis, summarizing, active information purposes), and internal or external auditing. At the end of this active period, if further retention is required in electronic format, electronic records and information may be archived to an appropriate archive solution using approved records retention periods.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

*Archives* are storage of electronic records and information in near-line or off-line storage systems appropriate for long-term storage for a prescribed retention period as stated in the Operating Company's Records Retention Schedule.

All other reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 5. Minimum Implementation Standards

5.1. The Operating Company Records Manager, working with the IT organization and the business owners, shall develop and implement procedures for ensuring records and information required to be retained in an archive shall meet the following requirements:

5.1.1. An archive shall be a separate environment from the production systems where records and information resides for daily business need;

5.1.2. The procedure for moving records and information into an archive, including but not limited to the process and format of the migrated data, shall be documented;

5.1.3. Records and information preserved in an archive shall be accessible;

5.1.4. Records and information preserved in an archive shall be unalterable;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Records and Information Archiving Standard

5.1.5.   Records and information preserved in an archive shall be assigned a retention period and monitored for compliance;

5.1.6.   Technology used to either store or manage an archive shall be:

5.1.6.1.   Appropriate to the requirements of that archive;

5.1.6.2.   Stored properly for the media that is used;

5.1.6.3.   Backed-up for disaster recovery purposes on a regular basis; and

5.1.6.4.   Monitored and maintained to ensure records and information retain their integrity, usability, and accessibility.

5.1.7.   An archive shall be distinct from the backups used for the production environment.

5.2.   The Operating Company business owners of the records being stored in an archive shall be responsible for:

5.2.1.   Assigning retention periods to the records and information when it is migrated to an archive;

5.2.2.   Monitoring expiration of retention periods for archive records;

5.2.3.   Identifying records in archive which must be held due to Document Hold or regulatory purposes;

5.2.4.   Ensuring archive records eligible for destruction are reviewed against current active Document Holds and are retained if subject to a Hold;

5.2.5.   Approving archive record destruction, providing records have met their retention periods and are not subject to a current, active Document Hold;

5.2.6.   Maintaining documentation related to retention and destruction of archive records.

5.3.   Any media used to store electronic records and information in the archives shall guarantee the availability and access of the records and information for a minimum of six years.

5.4.   Access to archive records shall be restricted to the business owner or those specifically delegated and authorized by the business owner. Records and information preserved in an archive shall be indexed for access by the record owner or the Johnson & Johnson Law Department.

5.5.   The system and/or process to capture and index records and information into an archive shall include the following identifiers:

- Description of records or information
- Operating Company owner/author
- Business Unit and/or Department Owner
- Date(s) of record
- Record Type(s)

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-16
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Records and Information Archiving Standard

- Retention period
- Disposition date
- Media identification, if applicable.

| New Standard Version 1.0 | 30 September 2009 | New Document Issued |
| --- | --- | --- |
| Version 2.0 | 31 January 2011 | • Paragraph [5.5] – Removed "Last modified date" as a required field |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-17
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Disaster Recovery Backup Retention Standard

### 1. Purpose

This standard defines the minimum requirements for Johnson & Johnson Operating Companies for retention of disaster recovery backups.

### 2. Background

Disaster recovery backups are generated to ensure that electronic records and information, and the systems in which these records reside, can be reconstructed in the event of computer hardware or software failures, computer viruses, natural disaster or other problems in the computer operating environment.

Disaster recovery backups are not to be used as archive solutions.  When business reasons dictate the offline storage of electronic records and information, the data should be considered as archive information.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

***Disaster recovery backups*** are snapshots of a computer system, including both business data and system data, created for restoration purposes in the event of disaster or computer environment problems.  Backups are created and destroyed according to an established schedule.

***Archives*** are storage of electronic records and information in near-line or off-line storage systems appropriate for long-term storage for a prescribed retention period as stated in the Operating Company's records retention schedule and/or as dictated by legal Document Hold requirements.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Standards

5.1.   Disaster recovery backups for computer systems shall be generated on a routine basis according to a rotation schedule which may include generating different types of backups, including Incremental, Weekly, and Monthly backups.

5.1.1. Records and information management does not dictate any retention time required for backups of data in Development environments.  However there may be business or other I/T requirements that require a mandatory retention time for this data.  In those cases, those requirements take precedence.

5.2.   Disaster recovery backups shall be retained according to the following timeline before they are returned to the rotation cycle (as applicable, depending on media-type):

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-17
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Disaster Recovery Backup Retention Standard

| System Types | Backup Copy Data Retention Requirement |
|---|---|
| E-mail | 30 days |
| Network and Enterprise Services (including file and print servers) | 90 days |

5.2.1.  In the event of a request from the Johnson & Johnson Law Department to preserve specific disaster recovery backups due to a Document Hold, those backups shall be preserved as instructed until the Johnson & Johnson Law Department communicates otherwise.

5.2.2.  When disaster recovery backups have met their retention requirements and provided they are not being preserved at the request of the Johnson & Johnson Law Department, the media on which they were copied shall be reused or overwritten. The backups may also be securely destroyed according to formal procedures.

5.2.3.  Disaster recovery backups may be stored on a variety of appropriate media including, but not limited to, magnetic tape and online disk storage.

5.3.  Disaster recovery backups shall be tested and protected (in storage and during transport) in compliance with the ***Johnson & Johnson Information Asset Protection Policies (specifically IAPP S-26 Worldwide Information System Administration and Management Security Policy)*** and according to formal procedures.

5.3.1.  If the disaster recovery backups are stored in a facility that is not operated by Johnson & Johnson, that facility shall be audited by the appropriate Johnson & Johnson entity and approved for the type of storage service they are providing.

5.4.  The appropriate organizations in IT Operations responsible for managing and storing disaster recovery backups, shall have formal procedures for the following:

5.4.1.  Generating disaster recovery backups;

5.4.2.  Ensuring compliance with storage and protection requirements for those backups per IAPP S-26;

5.4.3.  Deleting/overwriting backups and/or rotating backup media for reuse after the defined retention period has passed;

5.4.4.  Testing restoration of select disaster recovery backups;

5.4.5.  Restoring system/application and data into production after the loss of the system/application and/or data due to a disaster or business disruption;

5.4.6.  Receiving formal authorization from the Johnson & Johnson Law Department to preserve disaster recovery backups for Document Hold purposes and also for returning those backups to the rotation cycle or releasing for final disposition upon

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-17
Version 2.0
31 January 2011

**Worldwide Records and Information Management**

## Disaster Recovery Backup Retention Standard

communication from the Law Department that the information is no longer subject to a Hold;

5.4.7. Working with the Johnson & Johnson Law Department and/or the IT Shared Services Records Manager to review and verify, on an annual basis, the status of the Document Holds for which backups are being retained, including verifying the list of backups being retained for those Holds.

5.5. The Operating Company Records Manager shall have formal procedures for the following:

5.5.1. Working with the appropriate organizations in I/T responsible for management and storage of backups, with the I/T Shared Services Records Manager, as necessary, and with the Johnson & Johnson Law Department to preserve backups per the Law Department's instructions for Document Holds;

5.5.2. Working with the appropriate organizations in I/T and/or the I/T Shared Services Records Manager to document and approve exceptions to or changes in the standard disaster recovery backup process.

**Revision History**

| New Standard Version 1.0 | 30 October 2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph [5.1.1] – Specified retention of backups for development environment data is not required from a records management perspective</li><li>Paragraph [5.2] – Clarified that backups are returned to the rotation cycle after their active retention period has expired</li><li>Paragraph [5.4.6] - Changed formal "instruction" to formal "authorization";</li><li>Minor organizational name changes</li></ul> |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson$ $\mathcal{J}ohnson$

WWRIM Standard RIMS-18
Version 2.0
31 January 2011

## Worldwide Records and Information Management
## Electronic Messaging Standard

### 1. Purpose

The purpose of this standard is to define the requirements for managing electronic messages.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

*Electronic messages* are documents created or received via an electronic messaging system, including brief notes, formal or substantive narrative documents, and any attachments, such as word processing or other electronic objects, that may be transmitted with the message along with its descriptive transmission metadata.

All other reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 4. Standard

4.1. Electronic messages created or received in the course of doing business for the Johnson & Johnson Family of Companies shall be subject to the required Johnson & Johnson policies and standards, including but not limited to the following:

- Johnson & Johnson WWRIM policy and associated standards
- Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs)
- I/T Enterprise Instant Messaging Usage Policy

4.2. Within the Johnson & Johnson Family of Companies, each individual shall be responsible for managing both their records and information and their Convenience Information (see *WWRIM Convenience Information Standard*).

4.3. Electronic messages that are considered Convenience Information shall be deleted after use provided they are not subject to an active Document Hold.

4.4. Electronic messages that are considered records and information, that is, those that are not Convenience Information, shall be retained according to the Operating Company records retention schedule.

4.4.1. Such electronic messages shall be transferred and retained in appropriate near-line or off-line storage. Examples of this type of storage include, but are not limited to, moving retained e-mails to personal .pst folders residing on the local hard drive or on a removable storage device.

4.5. Electronic messages that must be retained per section 4.4 for longer than ninety days shall not be stored on the Local Area Network (LAN) servers.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

## Worldwide Records and Information Management
## Electronic Messaging Standard

4.6.   Any electronic messages, including records and information as well as Convenience Information, that are subject to an active Document Hold, shall be preserved and retained as required and instructed by the Johnson & Johnson Law Department until the Law Department issues a formal release of that Hold.

4.7.   Preservation of electronic messages for compliance with the Operating Company records retention schedule or for Document Hold purposes shall ensure that structure, content, metadata, attachments and links, and delivery distribution lists are preserved along with the electronic message.

4.8.   Electronic messages considered as records and information which have met their retention times and are not subject to an active Document Hold shall be deleted or destroyed.

4.9.   Requirements for acceptable use of electronic messaging are defined in *IAPP SU-5 Worldwide Electronic Messaging, Telephone and Network & Computing Resources Acceptable Use Policy*.

4.10.  Disaster recovery backups of e-mail messages shall be retained as specified in *WWRIM Disaster Recovery Backup Retention Standard*.

**Revision History**

| New Standard Version 1.0 | 30 October  2009 | New Document Issued |
|---|---|---|
| Version 2.0 | 31 January 2011 | No changes to this standard |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

**WWRIM Policy**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management Policy

Policy     **Records and Information shall be created, valued, protected, managed, and disposed in accordance with applicable laws, regulations and the requirements of this policy and other applicable Johnson & Johnson policies and standards.**

### Scope
This policy specifies requirements for the management, retention, and disposition of records and information in all formats and every medium including electronic information.

### Purpose
Johnson & Johnson recognizes that Records and Information are valuable resources and important business assets. This policy, along with associated RIM standards, defines the requirements for managing the Records and Information assets of Johnson & Johnson in accordance with regulatory, legal, and business requirements. This policy and associated RIM standards assure the appropriate creation and management of authentic, reliable, and useable Records and Information capable of supporting business functions and activities for as long as they are required.

### Responsibilities
Worldwide Records and Information Management (WWRIM) is responsible for the overall governance and strategic direction for the Records and Information Management (RIM) Programs of the Johnson & Johnson Family of Companies.

The Johnson & Johnson Operating Companies are responsible for the implementation and ongoing maintenance of a RIM program in compliance with this policy and associated RIM standards to manage their records and information.

### Definitions
**Records and information**: Any form of recorded information created, maintained or received by Johnson & Johnson in the conduct of its business operations and activities for use at a later time. Records and Information include, but are not limited to, documents concerning the Johnson & Johnson organization, business functions, policies, decisions, procedures, operations, and internal or external transactions that are created and retained for business or legal reasons. The form of Records and Information includes, but is not limited to, paper, electronic, audiovisual material, books, microfilm, microfiche, photograph, map, magnetic or optical disk or tape, software, video, or other recorded information.

**Disposition**: A final administrative action taken with regard to records, including destruction, transfer to another entity, or permanent preservation.

**Standard**: A governance document that specifies the mandatory requirements of a program activity.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions


PENGAD 800-631-6989
EXHIBIT
Millential
29
10-18-18

*Johnson & Johnson*

WWRIM Policy
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management Policy

**Legal Hold**:  A communication issued as a result of current or reasonably anticipated litigation, audit, government investigation or other such matter that suspends the normal disposition or processing of records.

**Records Retention Schedule**:  A comprehensive list of records series, indicating for each series the length of time it is to be maintained.

### Compliance

All Johnson & Johnson Operating Companies and their associates shall comply with this policy and associated RIM standards.

### Provisions

1. The Records and Information management requirements, as defined by this policy and associated standards, are to be applied consistently and regularly.

2. Records and Information shall be created, stored and managed using proper protection and allowing for future access.

   2.1. Records and Information shall be protected, and access to them controlled according to their value as described in the Information Asset Protection Policies (IAPPs) and other applicable Johnson & Johnson policies.

   2.2. Records and Information shall be classified throughout their lifecycle in a manner that allows future authorized access and use.

3. Records and Information shall be retained in accordance with the Operating Company's Records Retention Schedule and in accordance with any Legal Holds.  When a record or information retention period has expired, it shall be disposed in accordance with this policy and associated standards, and in compliance with Operating Company procedures.

4. Records and Information relevant to litigation or an investigation and subject to a Legal Hold as issued by the Johnson & Johnson Law Department shall be retained and preserved until further notice from the Law Department, regardless of the retention period set forth in the Records Retention Schedule.

5. Disposition of Records and Information may include, but is not limited to, destruction or deletion. Disposition of Records and Information shall be conducted in a systematic and routine basis during the course of normal business activity subject to the following requirements:

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Policy
Version 3.0
31 December 2013
Effective – 01 April 2014

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

---

    5.1. Inactive Records and Information may be transferred to the Operating Company's designated inactive records storage site for long-term storage to fulfill retention requirements;

        5.1.1. Records and Information transferred to the Operating Company's designated inactive records storage site shall be managed with appropriate procedures to ensure availability for future business, litigation, and investigation purposes, as necessary;

        5.1.2. Records and Information subject to a Legal Hold that are no longer required for day-to-day business operations may be transferred to an appropriate inactive storage site for preservation in coordination with the Johnson & Johnson Law Department and in compliance with paragraph with this policy.

6. Operating Company Records and Information that are considered "vital" (i.e. fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions) shall be identified and protected in accordance with this policy, associated RIM standards and Operating Company procedures.

7. Operating Company Records and Information in the possession of a departing associate, vendor, external business partner, consultant or contractor, shall be managed as follows:

    7.1. When an employee leaves Johnson & Johnson or transfers to another Operating Company or department, he or she shall ensure their records are handled appropriately, including reviewing and determining disposition for records in their custody. All records that must be retained shall either be transitioned to the associate supervisor, manager, sponsor or another authorized individual.  In the event this task is not  performed prior to departure  the supervisor, manager or sponsor is responsible for ensuring  departing associates Records and Information are managed in accordance with this policy and associated standards;

    7.2. Records and Information in the possession of a vendor, external business partner, consultant or contractor upon termination of contract shall be transferred to the sponsoring Operating Company and managed in accordance with this policy and associated RIM standards.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

**WWRIM Policy**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

8.   The Operating Company's records manager, or designee, shall conduct internal department assessments within their Operating Company for compliance with this policy and associated RIM standards.

9.   The requirements of this policy and associated RIM standards shall be communicated to, and incorporated into training for, Operating Company employees, vendors, and external business partners and outside consultants or contractors.

10.   Where appropriate, requirements of this policy and associated RIM standards shall be incorporated into contracts with those vendors, external business partners and outside consultants or contractors requiring access to Johnson & Johnson Records and Information during the course of the contract.  If contract changes create a need for such access and the contract lacks the proper RIM requirements, they shall be added.

11.   Disaster recovery backups shall be created solely for the purpose of accessing and recovering data in the event of a disaster and shall not be used for maintaining records for normal business purposes.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Policy
Version 3.0
31 December 2013

*Johnson & Johnson*

## Worldwide Records and Information Management Policy

### About the WWRIM policy and associated standards

This policy and associated standards are maintained by WWRIM. The most current version of this policy, along with the following associated standards, is available on WWRIM site (http://it.jnj.com/wwis/WWRIM/Pages/WorldwideRecordsandInformationManagement.aspx).

RIMS-1   Records and Information Management Program Standard
RIMS-2   Convenience Information Standard
RIMS-4   Historic Records Preservation Standard
RIMS-5   Inactive Records and Information Storage Standard
RIMS-6   Litigation Support Standard
RIMS-7   Management of Records and information for Facility Closures and Divestitures Standard
RIMS-8   Management of Records and Information for Mergers and Acquisitions Standard
RIMS-9   Management of Records and Information of Departing Associates Standard
RIMS-10  Records and Information Management Compliance Assessment Standard
RIMS-11  Training and Education Standard
RIMS-12  Records Retention Schedule Standard
RIMS-13  Vital Records Standard
RIMS-14  Management of Records for System Decommissioning Standard
RIMS-15  Management of Electronic Records and Information Standard
RIMS-16  Records and Information Archiving Standard
RIMS-17  Disaster Recovery Backup Retention Standard
RIMS-18  Electronic Messaging Standard

Approved by

Marene Allison
Vice President, Worldwide Information Security

Review and Approval

| Title | Name | Signature |
|---|---|---|
| Vice President, Worldwide Information Security Information Technology Services | Marene Allison | *Marene N. Allison* 12/20/13 |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

**WWRIM Policy**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

Johnson&Johnson

## Worldwide Records and Information Management Policy

### Revision History

| | | |
|---|---|---|
| WWRIM Policy v3.0 | 31 December  2013 | • Changed throughout – "Document Hold" to "Legal Hold."<br>• Where applicable changed throughout "employee" to "associate."<br>• Changed the title of RIMS -10 from "audit" to "assessment" and references throughout the standard.<br>• Paragraph [2] Removed- sentence redundant, tied in with Paragraph [3].<br>• Paragraph [5.2] Removed - reference to inactive records storage.<br>• Paragraph [former 6.1] Removed-condensed with Paragraph [6].<br>• Paragraph [7.1] Added - "sponsor."<br>• Paragraph [11] Removed "tapes" and clarified wording.<br>• Retired RIMS-3 Records Clean-up Event J&J has changed its philosophy on annual clean-ups. Associates shall independently manage their records and information during the normal course of business. |
| WWRIM Policy v2.0 | 31 January 2011 | • Paragraph [5.2.2] – Changed from "no longer required for business purposes" to "no longer required for day-to-day business operations."<br>• Paragraph [7.1] - Adjusted requirement to show employee's responsibility to review and disposition their records in a departure situation<br>• Minor revision to title of RIMS-3 |
| WWRIM Policy v1.1 | 30 September 2009 | • Modified  final page to include  Standards |
| WWRIM Policy v1.0 | 31 July 2009 | • New Document Issued |

$\mathcal{J}ohnson \text{-} \mathcal{J}ohnson$

**WWRIM Standard RIMS-1**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Management Program Standard

### 1. Purpose

The purpose of this standard is to provide the minimum requirements for the establishment and implementation of a comprehensive Records and Information Management (RIM) program by each Johnson & Johnson Operating Company. Each program shall be implemented in a manner that conforms to the Johnson & Johnson WWRIM policy and standards.

### 2. Background

An effective RIM program ensures consistent and cost-effective management of records throughout their entire lifecycle. The manner in which a RIM program is implemented is determined by the organization's business needs, as well as legal and regulatory requirements for the organization. It is essential to use a systematic approach for managing records that provides the capability for accurate and timely retrieval, protection and preservation for the overall integrity and authenticity, and timely disposition when required. These elements serve to mitigate risks related to managing records and information.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary.**

### 5. Responsibilities

5.1. Operating Company Management

The President/Managing Director/Head of each Johnson & Johnson Operating Company is responsible for the planning, implementation, and on-going compliance with the Worldwide Records and Information Management (WWRIM) policy and associated standards through the establishment of a RIM program. This includes:

5.1.1. The Operating Company management will designate a Records Manager for the Operating Company;

5.1.2. Allocating adequate resources to implement and maintain their RIM program in accordance with WWRIM requirements;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-1
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Management Program Standard

5.1.3. Providing guidance on priorities;

5.1.4. Maintaining oversight.

5.2. Operating Company Records Manager

The Operating Company Records Manager is the designated central point of contact for all RIM matters in the Operating Company or Companies for which he or she is responsible. This includes:

5.2.1. Implementing and maintaining an Operating Company-wide RIM program in compliance with the WWRIM policy and associated standards;

5.2.2. Providing clear communications, documented guidelines and a current Legal Hold Notice report to educate on normal course of business practices for handling business records;

5.2.3. Developing Operating Company-appropriate RIM lifecycle procedures;

5.2.4. Ensuring appropriate training and awareness on RIM requirements is available and provided to Operating Company employees, vendors, and contractors in order to enable compliance with those requirements;

5.2.5. Complying with WWRIM program requirements including but not limited to submitting annual reports to WWRIM, completing an annual program assessment, etc.;

5.2.6. Providing program updates on RIM activities to Operating Company Senior Management and the WWRIM office;

5.2.7. Working with Operating Company business units/departments to create, implement, and maintain and build awareness of the Records Retention Schedule;

5.2.8. Conducting or facilitating RIM Compliance assessments with the business units/departments within the Operating Company;

5.2.9. Implementing and managing RIM services such as inactive storage solutions and/or acquire such services and other RIM products provided by external vendors, as appropriate;

5.2.10. Partnering with various Johnson & Johnson departments, such as WWRIM, IT eDiscovery, Johnson & Johnson Law Department and Privacy to ensure alignment.

5.3. Records Coordinator

The Records Coordinator role is intended to serve as a liaison between the Department/Business Unit and the RIM program in order to assist and support compliance with RIM requirements. The Operating Company may choose to refer to the Records Coordinator role by different names such as "Department Coordinator" or "Records Liaison". Operating Company management shall assign appropriate resources from each department (or other

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-1
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Records and Information Management Program Standard

agreed-upon organizational unit) to act as Records Coordinators. The Records Manager shall develop and maintain appropriate procedures around the identification, training, and maintenance of the individuals in the Records Coordinator role.

The Records Coordinator responsibilities include but are not limited to:

5.3.1.  Ensuring that RIM requirements such as identification and labeling, and other routine activities and processes, are conducted within the department in conformance with WWRIM and local Operating Company requirements;

5.3.2.  Serving as a local subject matter expert on RIM matters;

5.3.3.  Coordination of the transfer of records to and from the approved inactive records storage facilities;

5.3.4.  Maintenance of departmental record retention schedule;

5.3.5.  Coordination of acquisition of RIM services and supplies;

5.3.6.  Participation/Coordination of RIM Compliance Assessments for their Department/Business Unit.

The Operating Company shall designate a Records Coordinator responsible for all locations or departments where it is feasible and practical to do so. In cases where a Records Coordinator is not assigned to a specific site or department, approval from Senior Management is required. If the Records Coordinator is not assigned any of the responsibilities set forth in paragraph 5.3, or if a location or department does not have a Records Coordinator, the Records Manager shall assume those responsibilities.

5.4.  Johnson & Johnson Law Department

The Johnson & Johnson Law Department is responsible for:

5.4.1.  Determining the scope of records and information subject to Legal Hold Notices issued pursuant to litigation or other legal or regulatory proceedings;

5.4.2.  Identifying custodians of repositories likely to contain Records and Information responsive to a Legal Hold Notice;

5.4.3.  Notifying, as appropriate, individual custodians and the Operating Company Records Manager of Legal Hold Notices, their scope, and their duties respecting them;

5.4.4.  Providing a current Legal Hold Notice report on a semiannual basis to each Operating Company Records Manager;

5.4.5.  Coordinating document preservation and other discovery activities with Operating Company Record Managers and IT eDiscovery;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-1
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Management Program Standard

5.4.6. The Operating Company Board Attorney, or designated Law Department representative responsible for supporting that Operating Company, is responsible for:

5.4.6.1. Reviewing and accepting an Operating Company's Records Retention Schedule;

5.4.6.2. Reviewing any written procedures for the Operating Company's RIM program for which the Johnson & Johnson Law Department is specifically listed as an owner of responsibilities, including but not limited to:

- Legal Hold Notice procedures
- Acceptance of Legal Documents procedures

5.5. Operating Company People Managers/Supervisor/Sponsors

Operating Company People Managers/Supervisors/Sponsors are responsible for supporting the RIM program by ensuring that their employees and other personnel, including vendors and contractors working in their department, have the appropriate tools, training and information to comply with the requirements and procedures of the RIM program. They are also responsible for ensuring that records and information from departing personnel are managed in accordance with Operating Company procedures.

5.6. Worldwide Records and Information Management Program Office

The Worldwide Records and Information Management (WWRIM) Program Office is responsible for the overall governance and strategic direction for Records and Information Management across the Johnson & Johnson Family of Companies. This responsibility includes maintaining and publishing the WWRIM policy and associated standards.

## 6. Minimum Implementation Requirements

6.1. Each Operating Company shall establish a RIM program that complies with all provisions of the WWRIM policy and associated standards.

6.2. The primary governance component of the Operating Company RIM program shall have documented procedures for managing, tracking, protecting, storing, and disposing of both active and inactive records and information throughout their lifecycle regardless of format or medium.

6.2.1. Procedures shall address local Operating Company business requirements;

6.2.2. Procedures shall be formally reviewed and approved by Operating Company Senior Management (e.g., Director-level or higher);

6.2.3. Procedures shall be reviewed and updated on a biennial basis, at minimum, unless business changes require it sooner;

6.2.4. The most recent review and approval date shall be documented, even if no changes are made;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-1**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Management Program Standard

6.2.5. Procedures may be supported, as appropriate, by work instructions, tools, and/or processes;

6.2.6. The RIM program shall use a formal, approved documented process to govern how and when changes to the program's procedures are made due to either regulatory or legal changes or to changes in the business.

6.3. The components of a compliant RIM program shall include:

6.3.1. Documented and approved procedures addressing the requirements of the WWRIM policy and standards as specified in paragraph 6.2 of this document;

6.3.2. Where applicable, boundary agreements with Operating Company departments or other Johnson & Johnson Operating Company divisions to document any RIM requirements that are operationally "owned" by these entities;

6.3.3. Conducting or facilitating of compliance monitoring and assessments within the Operating Company, in accordance with the ***WWRIM Records and Information Management Compliance Assessment Standard***, to gauge Operating Company compliance with WWRIM policy and standards, and to develop a plan of action to address any gaps in compliance;

6.3.4. Implementation of a procedure to ensure third-party vendors who create or manage Records and Information on behalf of the Operating Company are contractually bound and made aware of how to manage those Records and Information in compliance with the following requirements at minimum:

6.3.4.1. Records and Information created and managed by a third-party on behalf of the Operating Company shall be retained only as long as required by the Operating Company's Records Retention Schedule or as required per an active Legal Hold;

6.3.4.2. Prior to final disposition, the third-party shall notify the Operating Company to ensure that arrangements are made to identify and preserve any Records and Information that may be relevant to a Legal Hold.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-1**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Management Program Standard

**Revision History**

| Version 3.0 | 31 December 2013 | • Changed throughout "Document Hold" to "Legal Hold". |
|---|---|---|
| | | • Purpose [1] Added emphasizing wording. |
| | | • Paragraph [5.1.1] Clarified wording – designation of a Records Manager. |
| | | • Paragraph [5.2] Clarified wording- eliminated redundancy. |
| | | • New Paragraph [5.2.2] Provide communication/guidelines for the handling of records during the normal course of business. |
| | | • New Paragraph [5.2.10] Lists out the various Johnson & Johnson departments. |
| | | • Paragraph and Note section at the end of [5.3] Combined and clarified wording. |
| | | • New paragraphs [5.3.1- 5.3.2] Added additional Record Coordinator responsibilities. |
| | | • New Paragraphs [5.4.4 – 5.4.5] Added additional Law Department and IT eDiscovery responsibilities. |
| | | • Paragraph [5.5] Clarified wording- broadened the scope of "staff" |
| | | • Paragraphs [6.2.1] Clarified wording- condensed redundancy. |
| | | • Paragraph [former 6.2.2] Removed- unnecessary, as supported in the rest of 6.2. |
| | | • Paragraph [former 6.2.7] Removed- reflected in [6.2.6]. |
| | | • Paragraph [former 6.2.8] now [6.2.6] Clarified wording. Minor change |
| | | • Paragraphs [former 6.3.2- 3, 4, 6, 7, 8] Removed- reorganized in concise manner in updates. |
| | | • Paragraph [former 6.3.5] now [6.3.2] Clarified wording. Minor change |
| Version 2.0 | 31 January 2011 | • Paragraph 5.4.2 – Changed Law Department responsibility : "Coordinating and conducting document preservation and other discovery activities" |
| | | • Paragraph 5.4.3.1 – Removed review for "legal compliance" |
| | | • Paragraph 5.4.3.2 – Clarified Law Department responsibility for specific reviewing procedures |
| | | • Minor edits |
| Version 1.1 | 17 June 2010 | • Change "biannual" to "biennial" |
| New Standard Version 1.0 | 30 Sept 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

6

*Johnson & Johnson*

WWRIM Standard RIMS-2
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Convenience Information Standard

### 1. Purpose

The purpose of this standard is to define Convenience Information and provide the requirements for managing, retaining, and disposing this type of information.

### 2. Introduction

Not all information created or received by Johnson & Johnson is a record, nor does all record material have an extended period of business use. Some information is instead created or maintained informally or for only local or personal purposes, and has little or no extended value beyond its immediate use. This kind of information is known as Convenience Information. Information may be considered Convenience Information if:

- it is a copy of a record maintained elsewhere and printed or otherwise captured for the use and convenience of a particular person;
- it is a record which has only transient or short-term business value and is not listed on the records retention schedule; or
- it is non-record material maintained for short-term use.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 5. Minimum Implementation Requirements

5.1   Convenience Information subject to a Legal Hold Notice shall be retained and preserved in accordance with this standard and the requirements of the Johnson & Johnson Law Department until further notice from the Johnson & Johnson Law Department.

5.2   When disposing of Convenience Information, care shall be taken to ensure that any Convenience Information containing elements of classified Johnson & Johnson information (as defined in IAPP S-4 Worldwide Information Classification Policy) is disposed of in a secure manner that prevents unauthorized disclosure of such classified information during or after the disposal process.

5.3   Convenience Information shall not be sent to off-site storage or be archived unless such information is being preserved in compliance with a Legal Hold Notice.

5.4   Convenience Information includes:

5.4.1   Personal Working Files: Personal working files contain documents such as drafts (where a final version exists), rough notes, or revisions of paper or electronic records

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-2
Version 3.0
31 December 2013
Effective – 01 April 2014

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Convenience Information Standard

used to create official signed documents. These documents shall be disposed of once a final document has been accepted and/or approved provided they are not subject to a Legal Hold Notice per paragraph 5.1.

5.4.2    Transitory Correspondence: Transitory correspondence is casual correspondence (including e-mails) often created for administrative purposes such as to facilitate meetings or for internal communications. These types of correspondence shall be disposed of after use provided they are not subject to a Legal Hold Notice per paragraph 5.1.

5.4.3    Duplicate Copies: Duplicate copies, where the record or information holder is not the owner of that record. These types of documents shall be disposed of after use provided they are not subject to a Legal Hold Notice per paragraph 5.1.

5.4.4    Extra Copies: Extra copies are duplicates of a document, usually a printed publication where there are many extra copies of the same document and the extra copies are preserved only for convenience of reference.  Only the original master copy needs to be retained. These types of documents shall be disposed of when no longer of use provided they are not subject to a Legal Hold Notice per paragraph 5.1.

5.4.5    Catalogs and Trade Journals: Reference Materials, Catalogs, trade journals, bulletins, magazines, manuscripts, brochures, conference/seminar handouts, manuals, external newsletters, and supplier files that are external publications shall be disposed of when no longer of use provided they are not subject to a  Legal Hold Notice per paragraph 5.1.

5.4.6    Templates: Blank document templates that have become obsolete and are no longer in use and if not admissible according to pertinent regulations shall be disposed of provided they are not subject to a Legal Hold Notice. Per paragraph 5.1.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-2
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Convenience Information Standard

Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout "Document Hold" to "Legal Hold".<br>• Introduction section- Added additional information to the paragraph and bullets to elaborate on the meaning of Convenience Information.<br>• Paragraph [former 5.1] Removed – information inherent within 5.2.<br>• Paragraph [5.3] Added additional wording- "as defined in IAPP S-4 Worldwide Information Classification Policy."<br>• Paragraph [5.3] Removed wording "disposed of in a secure manner."<br>• Paragraph [5.5.3] Removed wording- "exact copies of records and information without any notations or comments."<br>• Paragraph [former 5.5.4] Removed wording- "without any notations or comments."<br>• Paragraph [former 5.5.5] Removed as subparagraph and condensed into [5.4.5], see following note:<br>• Paragraph [5.4.5] Added -"Reference Materials."<br>• Paragraph [5.4.6] Removed wording- "Unused or blank templates that have not been filled out or completed". Replaced with "Blank document templates that have become obsolete and are no longer in use and if not admissible according to pertinent regulations." |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraphs [5.5.3] and [5.5.4] – Clarified language regarding what constitutes exact copies. |
| New Standard Version 1.0 | 30 September 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-4**
Version 3.0
31 December 2013
*Effective – 01 July 2014*

## Worldwide Records and Information Management

## Historic Records Preservation Standard

### 1. Purpose

This standard establishes the criteria for preservation of those records and information that are determined by the Operating Company to be of historic value.

### 2. Background

The historical value of Records and Information pertains to the original and ongoing development of the organization, its mission, programs, products, major achievements, failures, significant events and personalities, and societal relationships.

### 3. Scope

This standard pertains to how the Operating Company Records and Information Management department handles company information for historical purposes. It includes, but is not limited to, preservation of promotional and marketing materials, product displays, books, photographs, artistic renderings and audiovisual material in order to reflect progress in media and storage technology that is determined by the Operating Company to have historical value.

In Operating Companies where the formal responsibility for managing historic records does not reside within the Records and Information Management department, the full responsibility and accountability for managing and protecting those historic records shall reside with the designated responsible department or entity. In those situations, this standard shall be considered as "guidance" for the designated responsible department or entity to follow.

### 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Requirements

5.1.   The Operating Company shall have documented criteria for determining the types of Records and Information that have historic value and implement procedures for maintaining these records in archival conditions.

5.2.   Records and Information designated as "historic" and managed by the Operating Company Records and Information Management department shall be formally transferred to the custody of the Operating Company's Records and Information Management department.

5.3.   The following data shall be recorded for each historic record that is accepted into archive for historic preservation:

- Transferring office;
- Date of transfer;
- Records title and other unique identifiers;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

**WWRIM Standard RIMS-4**
Version 3.0
31 December 2013
*Effective – 01 July 2014*

*Johnson & Johnson*

## Worldwide Records and Information Management

## Historic Records Preservation Standard

- Date(s) associated with historic record;
- Special instructions for archiving;
- Description context and or background information if necessary;
- Any origin associated with the record necessary or desirable to establish its historical status or provide context for it.

5.4.    The Operating Company shall develop documented criteria and procedures for the use of and access to historical Records and Information for research or legal purposes.

5.5.    Historic Records and Information shall be preserved under environmental conditions appropriate for long-term preservation, in accordance with archival standards.

5.6.    Historic electronic Records and Information preserved in digital format shall be stored on media that conforms to ANSI/ISO standards.

5.7.    Any technology solution used to preserve historic electronic Records and Information shall undergo periodic technology reviews to ensure the Records and Information remains intact and retrievable. In the event it is determined that these requirements cannot be properly ensured, the Records and Information shall be transferred to another technology solution or to a newer generation of the same technology solution to preserve the integrity of the Records and Information and to retain the ability to retrieve, display and use over time. Historic electronic Records and Information shall be formally evaluated and, if appropriate, transferred to a new technology solution at a minimum of once every six years.

5.8.    Both historic electronic and hardcopy Records and Information shall be preserved from being harmed, manipulated, or destroyed by negligence, sabotage, or natural disaster of any kind. Historic electronic Records and Information shall be preserved in a format and on storage media that prevent changes or modifications.

5.9.    The retention period for historic records and information is Life of Organization.

**Revision History**

| Version 3.0 | 31 December 2013 | • Scope [3] Changed – "video tapes, audiotapes, movies etc." to "audiovisual material". Clarified wording and removed Note: referring to GxP.<br>• Paragraph [5.3] Added additional data to be recorded.<br>• Paragraph [5.5] Clarified wording- direct instructions.<br>• Paragraph [5.8] Clarified wording to ensure understanding. |
| --- | --- | --- |
| Version 2.0 | 31 January 2011 | • No changes to this standard |
| New Standard Version 1.0 | 30 September 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson$ & $\mathcal{J}ohnson$

WWRIM Standard RIMS-5
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

### 1. Purpose

This standard provides the criteria for Johnson & Johnson Operating Companies to follow in managing inactive records and information until their final disposition and for selecting a facility to store Johnson & Johnson inactive Records and Information.

### 2. Background

Inactive Records and Information that is no longer needed to conduct current business must be preserved until their retention period has expired.  Only records that must be retained for business, legal or regulatory purposes should be sent to inactive storage. Inactive storage should not be used as a method of storing an excessive accumulation of convenience information.  Inactive records should be moved to a secure inactive records storage site/facility which provides the records (1) physical security, (2) adequate protection against damage due to natural disasters, and (3) protection from unauthorized access.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 5. Minimum Implementation Requirements

5.1.    As minimum requirements for managing inactive Records and Information, Operating Companies shall have the following:

5.1.1.    Procedures for identifying, labeling, and indexing records and information as "inactive;"

5.1.1.1.    At minimum, the following information shall be captured for any records containers or storage units being newly sent or returned to inactive storage. This information may be displayed on the container via a barcode, RFID chip, or similar machine-readable device:

- Record code;
- Record title;
- Creation date and/or date span of records in container;
- Department/Business Unit;
- Destruction date ( or "trigger" based on Records Retention Schedule);
- J&J Legal matter number (if applicable);
- Identify if record is considered vital or historical;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-5
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

5.1.2.  Procedures for ensuring the accuracy and completeness of the data entry for the elements in sec. 5.1.1.1;

5.1.3.  Procedures for transferring active files to inactive storage locations;

5.1.4.  Procedures for managing access/authorization to send and retrieve records to and from inactive storage. The procedure shall include requirements for the following;

5.1.4.1.  Granting and approving access/authorization to Operating Company users to send and retrieve records to and from storage;

5.1.4.2.  Ensuring access/authorization is terminated once the Operating Company user no longer requires it (due to job change, termination, etc.);

5.1.4.3.  Ensuring Operating Company users are appropriately trained on procedures dealing with inactive record transfer prior to obtaining their access/authorization;

5.1.4.4.  Ongoing maintenance of an authorized access list.

5.1.5.  Areas designated for storing inactive records;

5.1.6.  A mechanism for tracking inactive Records and Information at the storage location;

5.1.7.  Procedures for ensuring  Legal Hold Notices are applied to the records being sent to inactive storage or are already stored at inactive storage areas;

5.1.8.  Procedures for Department/Business Unit to request retrieval of records from inactive storage;

5.1.9.  Procedures for ensuring that records retrieved from inactive storage are promptly and systematically returned to storage upon completion of the use for which they were retrieved;

5.1.10.  Procedures for conducting records destruction in compliance with the approved Records Retention Schedule when retention times have been met and when there is no Legal Hold Notice in place;

5.1.10.1.  Department/Business Unit management shall approve destruction of their unit's inactive records;

5.1.10.2.  The Operating Company RIM program shall maintain copies of approved destruction eligibility and authorization documentation (per the approved Records Retention Schedule) for inactive records managed through RIM inactive storage;

5.1.10.3.  The Operating Company Records Manager shall ensure approved destruction of inactive records is conducted in a secure manner consistent with industry good practices that ensures the Records and

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-5
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

Information cannot be recovered or reconstructed by any ordinary means;

5.1.10.4.   Certificates of Destruction for destroying inactive records shall be issued only when required by the business process that owns the records being destroyed.

5.1.11.   The Operating Company may extend the retention period of records due for destruction only as follows:

5.1.11.1.   The person requesting the extension must state the reason and the business value to the Operating Company of granting it;

5.1.11.2.   Retention periods may not be extended in the absence of a valid, documented reason for doing so. A general, unquantifed statement of continuing need does not constitute a valid reason;

5.1.11.3.   Any such reason must be authorized by a person designated by senior management of the Operating Company to grant the extension;

5.1.11.4.   Approval for an extension shall be in writing and shall state the reason for the extension;

5.1.11.5.   The Operating Company Records Manager and Department/Business Owner shall review, approve and document extensions to retention of inactive records for reasons other than a Legal Hold Notice.

5.2.   Inactive Records and Information may be stored at either an on-site or commercial third-party storage facility:

5.2.1.   Selection of and negotiation with a commercial third-party storage facility shall comply with the Operating Company procedures for engaging with third-party vendors.

5.3.   Locations that serve as storage facilities shall be properly managed so as to protect the records and information. The following requirements shall be met for both on-site and off-site inactive records storage facilities:

5.3.1.   Records and Information shall be indexed and tracked while being stored and managed by the facility;

5.3.2.   The facility shall have processes and procedures that allow for the application of Legal Hold Notice to the inactive records stored at the facility;

5.3.3.   The facility must have security measures in place to prevent unauthorized access and these measures are to be tested and documented;

5.3.4.   The facility shall maintain a list of authorized personnel who may access the Records and Information;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-5
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

5.3.5. The facility shall maintain documentation that employees are appropriately trained on all aspects of the operations;

5.3.6. Climate controls shall be established so as to comply with industry good practices for that geographic region for the type of media being stored;

5.3.7. Adequate notice shall be provided to the Operating Company by the storage provider for any changes in procedures and or services;

5.3.8. The facility shall have fire suppression capability that at least meets industry norms;

5.3.9. The facility shall take every precaution to ensure records protected from floods or other natural disasters.

5.4. In addition to meeting the requirements of paragraph 5.3, commercial off-site storage facilities shall meet the following requirements:

5.4.1. Commercial facilities shall have a written agreement with the Operating Company. The agreement shall include language for services that address normal business operations, appropriate compliance with the Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs), and any other special requirements;

5.4.2. Employees and contractors or consultants of a commercial storage facility shall be properly screened and bonded;

5.4.3. Facilities shall have the appropriate business continuity plans that address both natural and man-made disasters with documented procedures that are available for inspection. Business continuity plans and processes shall meet the local requirements and must be tested annually at minimum;

5.4.4. Facilities shall allow inspection by Johnson & Johnson during normal business hours.

5.5. Audits of the storage facility shall be conducted by one of the Johnson & Johnson Operating Companies no less than once every three years. Audits conducted by one Operating Company may be leveraged by other Operating Companies using the same storage facility.

5.6. New storage facilities must be pre-qualified by a Johnson & Johnson Operating Company prior to use. Pre-qualification includes a review of the storage facility against, at minimum, the requirements of this standard.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-5
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Inactive Records and Information Storage Standard

Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout - "Business Owner" to "Department/Business unit".<br>• Changed throughout - "Document Holds" to "Legal Hold Notice".<br>• Background [2] Clarified wording to ensure understanding of inactive records; eliminated redundancy.<br>• Paragraph [5.1.1.1] Added - Identify if record is considered vital or historical. Added - wording "containers or storage units."<br>• Paragraph [5.1.1.1] Added - Option to use barcoding or RFID technology.<br>• New paragraph added [5.1.2] "Procedures for ensuring the accuracy and completeness of the data entry for the elements"<br>• Paragraph [5.1.9] Revised to include the addition of timely retrieval and return of records from storage.<br>• New section added [5.1.11 - 5.1.11.5] Included requirements when extending a retention period, once it meets the destruction date.<br>• Paragraph [former 5.1.9.1] moved to [now 5.1.11.5] Added Department/Business owner responsibilities.<br>• New paragraphs added [5.3.8 and 5.3.9]. Included facility requirements on fire suppression and natural disasters. |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5.1.1.1] – Clarified the requirement applies to records being either returned to storage or being newly sent to storage<br>• Paragraph [5.1.1.1.] – Removed "Record Description" as a mandatory field<br>• Paragraph [5.1.9.3] – Adjusted requirement to include maintenance of documentation for destruction authorization of inactive records.<br>• Paragraph [5.1.9.5] – Clarified the requirement applies to destruction conducted by or at the inactive storage facility<br>• Paragraph [5.3.6] – Changed requirement to refer to industry good practices for climate controls for inactive storage.<br>• Minor grammar and typographical edits |
| New Standard Version 1.0 | 30 September 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-6**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Litigation Support Standard

---

### 1. Purpose

The purpose of this standard is to define requirements to assure and demonstrate that a reasonable and good-faith effort has been made to comply with a Legal Hold Notice when issued, and that Records and Information relevant to the matter of the Legal Hold Notice have been preserved; while records not specifically or remotely linked to Legal Holds shall be managed in accordance with the approved Worldwide Records and Information Management (RIM) policy and standards.

### 2. Background

Legal Hold Notices are issued by the Johnson & Johnson Law Department when litigation, governmental investigation or audit occurs or is reasonably anticipated. Only the Johnson & Johnson Law Department has the authority to issue or release a Legal Hold Notice.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 5. Minimum Implementation Requirements

5.1.  As needed, the Operating Company Records Manager shall work with the Johnson & Johnson Law Department to develop and implement documented procedures, including actions, roles and responsibilities, and internal controls, for the following areas:

5.1.1.  Acceptance of legal documents (e.g. Summons and Complaints, Court Orders, Subpoenas, etc.) received by the Operating Company should be transmitted to the Johnson & Johnson Law Department in a timely manner.

5.1.2.  Communication and/or distribution of Legal Hold Notices and Hold Releases;

5.1.2.1.  The Johnson & Johnson Law Department shall be solely responsible for the determination and wording of a Legal Hold Notice and for the identification of the population which shall receive the Legal Hold Notice.

5.1.2.2.  The Operating Company shall work with the Johnson & Johnson Law Department to develop and implement procedures to ensure that records and information subject to a Legal Hold Notice are clearly identified and protected.

5.1.2.3.  Legal Hold Notices may not be released, nor may any records or information subject to a Legal Hold Notice be destroyed, until the Operating Company has received affirmative written notice from the Johnson & Johnson Law

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

Johnson & Johnson

WWRIM Standard RIMS-6
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Litigation Support Standard

Department that the hold has been released. At that time the Records Manager will return records to the normal retention cycle.

5.1.3.   Normal RIM practices, including the destruction of Records and Information according to approved Records Retention Schedules shall be suspended, when required by a Legal Hold Notice;

5.1.3.1.   A documented procedure(s) shall delineate the steps that must be taken to review the current list of active Legal Hold Notices prior to any record or information destruction or deletion to ensure relevant Records and Information are suspended from any destruction/deletion process.  The procedure(s) shall include a provision that if there is uncertainty as to whether a record is relevant to a Legal Hold Notice that record shall be preserved until guidance and clarification can be obtained from the Johnson & Johnson Law Department.

5.1.4.   Preservation, discovery and production of records covered by a Legal Hold Notice.

5.1.4.1.   Unless previously agreed between the Johnson & Johnson Law Department and the Operating Company Records Manager, the Operating Company Records Manager shall not be responsible for managing and tracking the release of Operating Company Records and Information to external parties for specific Johnson & Johnson Law Department purposes.

5.2.   The duty to preserve Records and Information relevant to the subject of a Legal Hold Notice applies to all formats and media, including paper and electronic records or information.

5.3.   Reasonable steps shall be undertaken to preserve Records and Information, including any Convenience Information that are relevant to the subject matter of a Legal Hold Notice. Scheduled or in-progress disposition of any relevant Records and Information must be suspended or stopped regardless of the retention periods.

5.4.   Hard-copy Records and Information relevant to the subject of a Legal Hold Notice, but which are no longer required for day-to-day business operations, may be sent to inactive storage in accordance with Operating Company procedures based on this standard and other applicable WWRIM standards, unless otherwise notified by the Johnson & Johnson Law Department.

5.5.   Preservation of electronic Records and Information relevant to the subject of a Legal Hold Notice shall comply with the requirements of the Johnson & Johnson Law Department.

5.6.   Preservation of any relevant records or information shall continue until the Legal Hold Notice has been released by the Johnson & Johnson Law Department.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-6**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Litigation Support Standard

### Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout "Document Hold" to "Legal Hold".<br>• Changed throughout from Clean-out to disposition.<br>• Paragraph [5.1] Included - Legal Department as a resource.<br>• Paragraph [5.1.1.] Added - transmission to Legal Department requirement.<br>• Paragraph [former 5.1.1.1] now [5.1.2.2] Removed - boundary agreements.<br>• Paragraph [5.1.2.3] Added – direction on handling release notices.<br>• Paragraph [former 5.1.3.1] Remove-, condensed in a concise manner with former [5.1.3.2] to for new [5.1.3.1].<br>• Paragraph [5.2] Changed - "mediums" to "media" and removed wording "fixed or portable device." |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph 5.1.2.1 – REMOVED the "Note" section<br>• Paragraph 5.1.4.1 – Change requirement whereas Records Managers will not be responsible for tracking documents released to external legal parties unless this is previously agreed to by the Records Manager and the Law Department. |
| New Standard Version 1.0 | 30 September 2009 | New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-7
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Management of Records and Information for Facility Closures or Divestitures Standard

### 1. Purpose

This standard provides the minimum requirements for managing Records and Information due to a facility closure or a business, plant, or product divestiture.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 4. Approach

The Operating Company planning to divest itself of a business, plant, or product, or planning to close a facility, shall include Records and Information management requirements in their plans as defined by the situations below:

Closure of a facility when the business remains intact elsewhere:  When one or more sites of an Operating Company close, the Operating Company shall retain ownership of the Records and Information for that site. Records and information shall be under the direction of the Operating Company Records Manager and shall be governed in accordance with the WWRIM policy and associated standards.

Divestiture of specific products and/or functions where the balance of the Operating Company remains intact within the Johnson & Johnson Family of Companies: When the Operating Company divests itself of individual products and/or functions, Records and Information relevant to the product or function, as outlined in contracted agreement among the parties, and as required by law, shall transfer with that product or function.  Only records specified in the contract shall be transferred to the new owner; all other records and information shall remain the property of the Operating Company.

Complete divestiture of an Operating Company and all its associated products and/or functions: When the Operating Company's business is completely divested, the Records and Information defined in the contract and as required by law shall be transferred to the new owner. The remaining Records and Information shall be managed at the direction of the Johnson & Johnson Law Department, in consultation with the Records Manager of the closing Operating Company and the World Headquarters Records Manager. Custodianship of the remaining records shall transfer to the World Headquarters Records Manager unless otherwise directed by the Johnson & Johnson Law Department.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-7**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

### Worldwide Records and Information Management

## Management of Records and Information for Facility Closures or Divestitures Standard

Discontinuation of an Operating Company's business without divestiture: When the Operating Company's business ceases, disposition of all records shall be at the direction of the Johnson & Johnson Law Department, in consultation with the Records Manager of the closing Operating Company and the World Headquarters Records Manager. Custody of any remaining records shall transfer to the World Headquarters Records Manager, unless otherwise directed by the Johnson & Johnson Law Department.

## 5. Minimum Implementation Requirements

5.1. Records and Information, both in paper and electronic formats, relevant to a divestiture or closure shall be indexed and a current information inventory created.

5.2. Records and Information, whose retention period has expired on or before the official divestiture date or the facility closing date shall be disposed of according to the RRS *unless* otherwise advised by the Johnson & Johnson Law Department.

5.3. Records and Information identified in the divestiture or closing agreement that are to be transferred to another company shall be segregated from Records and Information to be retained by the Operating Company.

5.4. Records and Information identified for transfer to a party outside the Operating Company shall be checked against active Legal Hold Notices to determine whether the Records and Information are subject to a Legal Hold.

5.4.1. If any of them are subject to an active Legal Hold Notice, the Operating Company Records Manager shall seek direction from the Johnson & Johnson Law Department as to the management of those records.

5.5. Responsibility for overseeing the proper identification, management and transfer of Records and Information in all formats to a new owner shall be assigned to an appropriate team of subject matter experts, including as appropriate, personnel from Information Technology, Business Units, Legal, Human Resources, and the Operating Company Records Manager.

5.6. Records and Information that are being transferred to a new owner but are required by the Operating Company to complete a tax audit or for another business purpose shall be copied by the Operating Company and managed accordingly, unless the Operating Company is otherwise advised by the Johnson & Johnson Law Department or the Johnson & Johnson Tax Department.

5.7. Records and Information to be transferred to a new owner shall be properly indexed and clearly marked. A copy of the index of Records and Information transferred to the new owner shall be retained by the Operating Company.

5.8. Unclear or Absent Contract Language. In cases where ownership, division, or transfer of records is unclear, the Operating Company shall seek guidance from the Johnson & Johnson Law Department.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

**WWRIM Standard RIMS-7**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

$\mathcal{J}ohnson\,\&\,\mathcal{J}ohnson$

## Worldwide Records and Information Management

## Management of Records and Information for Facility Closures or Divestitures Standard

5.9. Transfer of Records and Information shall follow proper chain of custody procedures.

**Revision History**

| Version 3.0 | 31 December 2013 | <ul><li>Changed throughout "Document Hold" to "Legal Hold."</li><li>Changed throughout "New Company" to "New Owner."</li><li>Paragraph [5.2] Removed reference to WWRIM Clean-up Event Standard and Convenience Information.</li><li>Paragraph [5.5] Added responsibility to - IT, Legal, HR, and Business Units.</li><li>New paragraph [5.8] to specify procedure for "Unclear or Absent Contract Language."</li></ul> |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph [5.2] – changed "Cleanout" to "Clean-up."</li></ul> |
| New Standard Version 1.0 | 30 September 2009 | <ul><li>New Document Issued</li></ul> |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

3

*Johnson & Johnson*

**WWRIM Standard RIMS-8**
Version 3.0
31 December 2014
*Effective – 01 April 2014*

## Worldwide Records and Information Management

# Management of Records and Information for Mergers and Acquisitions Standard

## 1. Purpose

The purpose of this standard is to specify the Records and Information Management (RIM) planning requirements for integrating an acquired company's records and information into the acquiring Operating Company.

## 2. Background

When Johnson & Johnson (or one of its Operating Companies) seeks to acquire another company, the company being acquired will ultimately become part of Johnson & Johnson, and thus be required to comply with the Johnson & Johnson Worldwide Records and Information Management (WWRIM) policy and associated standards.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

Reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

## 5. Approach

Due to the nature of acquisition planning and integration, and to the unique situations surrounding each acquisition project, the engagement of the Operating Company Records Manager by the Mergers and Acquisitions team may occur at different intervals during the project. Engagement may not begin until the final integration is well underway. The Mergers and Acquisitions team may limit the Records Manager's level of engagement or scope of responsibility due a variety of reasons. Hence, the tasks and responsibilities required of a Records Manager will also vary. Below are listed the minimal implementation standards.

## 6. Minimum Implementation Requirements

6.1. As part of the acquisition process, the Mergers & Acquisitions team shall engage the Operating Company Records Manager as part of the integration process and/or integration team.

6.2. As part of the acquisition process, the Mergers & Acquisitions team and/or the Operating Company Records Manager shall notify WWRIM of the integration.

6.3. Within the terms and scope of this engagement (Paragraph [5]), the Records Manager shall do the following:

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

1

*Johnson & Johnson*

**WWRIM Standard RIMS-8**
Version 3.0
31 December 2014
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Management of Records and Information for Mergers and Acquisitions Standard

---

6.3.1.  Facilitate or conduct an evaluation of the Records and Information management practices of the acquired company, including a gap analysis comparing that company's policies and standards with Johnson & Johnson's WWRIM policy and standards;

6.3.2.  Develop a plan of action to bring the acquired company into compliance with the Johnson & Johnson WWRIM policy and standards after the acquisition finalizes. The plan shall include provisions for the training/communicating the requirements of the RIM program to the acquired company personnel/contractors; the transfer-in or management of the acquired company's records, including evaluation of Legal Holds and an estimate of the resources needed to carry-out the plan.

**Revision History**

| Version 3.0 | 31 December 2013 | <ul><li>Changed throughout "Document Hold" to "Legal Hold."</li><li>New Paragraph [6.2] Added – notification to WWRIM.</li><li>Paragraph [former 6.2 - 6.2.2] now [6.3 – 6.32].</li></ul> |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph[1] :  Removed reference to training as this is covered in RIMS-11.</li><li>Minor edit.</li></ul> |
| New Standard Version 1.0 | 30 September 2009 | <ul><li>New Document Issued</li></ul> |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-9
Version 3.0
31 December 2013

## Worldwide Records and Information Management

# Management of Records and Information of Departing Associates Standard

## 1. Purpose

This standard establishes the minimum requirements for Johnson & Johnson Operating Companies in managing the Records and Information of departing employees and/or contractors to assure such Records and Information are reviewed and dispositioned in compliance with laws, regulations, the Operating Company Records Retention Schedule (RRS), and active Legal Hold Notice.

## 2. Scope

This Standard applies to all Johnson & Johnson Operating Companies.

## 3. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

## 4. Approach

Hard-copy and electronic Records and Information created or received by an associate in the course of doing business are the property of that Operating Company. All records shall remain with the Operating Company upon departure of the associate. The same is applicable of Records and Information created or received by vendors.

Upon transfer or termination of an associate, appropriate steps must be taken to ensure that Records and Information used by them are appropriately managed, including transfer to other personnel, integration into records systems, or as appropriate, destruction.

## 5. Minimum Implementation Requirements

5.1.  The Operating Company RIM department shall have documented procedures for assuring that Records and Information left behind when an associate leaves the Operating Company are actively managed for compliance with business processes and Records and Information management requirements.

5.2.  The **departing associate** prior to leaving their position within the Operating Company, shall determine management and disposition of their Records and Information by reviewing their records against the Operating Company Records Retention Schedule and any active Legal Hold Notices impacting that Operating Company and/or workgroup and/or individual. Convenience Information shall be destroyed/deleted at this time, provided it is not relevant to a Legal Hold Notice.

**Johnson & Johnson Confidential**

*Johnson&Johnson*

WWRIM Standard RIMS-9
Version 3.0
31 December 2013

**Worldwide Records and Information Management**

# Management of Records and Information of Departing Associates Standard

5.2.1.   The departing associate shall obtain guidance from their supervisor or the RIM department to ensure they understand and reference the most current version of the RRS and Legal Hold Notice listing to perform their review.   Management and disposition of records shall conform to the RRS and any relevant Legal Hold Notices as appropriate.   The departing associate shall assist in the transfer of records to other personnel or the integration into existing records and data sources.

5.2.2.   In the event the departing associate does not complete their responsibilities in section 5.2.1, the associate's supervisor, sponsor, or designee will assume those responsibilities.

5.2.3.   Records and Information determined to be eligible for destruction or deletion after this review process shall be destroyed at that time in accordance with Operating Company procedures.

**Johnson & Johnson Confidential**

*Johnson & Johnson*

WWRIM Standard RIMS-9
Version 3.0
31 December 2013

## Worldwide Records and Information Management

# Management of Records and Information of Departing Associates Standard

### Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout- "Document Hold" to "Legal Hold Notice."<br>• Where applicable replaced "employee" to "associate."<br>• Approach section [4] Clarified wording, reworded former "Note" section, and eliminated wordiness and length.<br>• Paragraph [5.2.1] Clarified - departing associates responsibilities.<br>• Paragraph [5.2.2] Clarified - supervisor, sponsor, designee. responsibilities.<br>• Paragraph [5.2.3 & 5.2.3.1] Combined<br>• Paragraph [5.2.3.2 - 5.4] Removed - captured in previous sections. |
| --- | --- | --- |
| Version 2.0 | 31 January 2011 | • Paragraph [5.2.1] – Clarified requirement to enable departing employee to perform their records review in a compliant manner.<br>• Paragraphs [5.2.2] – REMOVED reference to "within 90 days of employee's departure."<br>• Paragraph [5.2.3.1] – Added new requirement to allow for destruction of records at time of review, if Operating Company procedures support this – renumbered remaining requirements under [5.2.3]; also changed "Cleanout" to "Clean-up"<br>• Paragraph [5.3.1] – REMOVED reference to "within 90 days of the contractor or vendor's departure."<br>• Paragraph [5.5] – REMOVED – this is more appropriately an information security requirement and included in those policies. |
| New Standard Version 1.0 | 30 September 2009 | New Document Issued |

**Johnson & Johnson Confidential**

*Johnson & Johnson*

WWRIM Standard RIMS-9
Version 3.0
31 December 2013
Effective – 01 April 2014

### Worldwide Records and Information Management

# Management of Records and Information of Departing Associates Standard

### Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout- "Document Hold" to "Legal Hold Notice."<br>• Where applicable replaced "employee" to "associate."<br>• Approach section [4] Clarified wording, reworded former "Note" section, and eliminated wordiness and length.<br>• Paragraph [5.2.1] Clarified - departing associates responsibilities.<br>• Paragraph [5.2.2] Clarified - supervisor, sponsor, designee. responsibilities.<br>• Paragraph [5.2.3 & 5.2.3.1] Combined for conciseness. |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5.2.1] – Clarified requirement to enable departing employee to perform their records review in a compliant manner.<br>• Paragraphs [5.2.2] – REMOVED reference to "within 90 days of employee's departure."<br>• Paragraph [5.2.3.1] – Added new requirement to allow for destruction of records at time of review, if Operating Company procedures support this – renumbered remaining requirements under [5.2.3]; also changed "Cleanout" to "Clean-up"<br>• Paragraph [5.3.1] – REMOVED reference to "within 90 days of the contractor or vendor's departure."<br>• Paragraph [5.5] – REMOVED – this is more appropriately an information security requirement and included in those policies. |
| New Standard Version 1.0 | 30 September 2009 | New Document Issued |

**Johnson & Johnson Confidential**

$\mathcal{J}ohnson$&$\mathcal{J}ohnson$

WWRIM Standard RIMS-10
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

# Records and Information Management Compliance Assessment Standard

## 1. Purpose

This standard defines the requirements for the Operating Company Records and Information Management (RIM) department to follow in planning and conducting (or facilitating) RIM compliance assessments of departments within their Operating Company.

## 2. Background

RIM compliance assessments provide (1) assurance that Records and Information processes and systems are effective and compliant with business, regulatory and legal requirements, (2) a mechanism for regular scrutiny of records and information processes, (3) a means to identify potential problems and implement corrections, and (4) a vehicle for the improvement of Records and Information programs and processes.

Note: The RIM compliance assessments discussed in this standard are not to be confused with, nor used in place of, the records and information management audits conducted by Johnson & Johnson Corporate Internal Audit (CIA).  CIA conducts audits of the Operating Company RIM program for compliance with WWRIM policy and standards; the criteria and selection process for CIA audits will be determined by CIA.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

## 5. Minimum Implementation Requirements

5.1.   The Operating Company shall conduct assessments for compliance with Operating Company RIM procedures on an annual basis for high risk areas.

   5.1.1.   The Operating Company Records Manager shall be responsible for conducting or facilitating RIM compliance assessments of selected departments within their company or for ensuring those assessments are conducted by trained and qualified individuals as appropriate for that Operating Company.

5.2.   A risk-based approach shall be used to determine the Operating Company's RIM compliance assessment schedule priorities.

   5.2.1.   The Operating Company Records Manager shall conduct an assessment to determine which departments within the company shall be considered "high risk" from a RIM perspective.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

### Worldwide Records and Information Management

## Records and Information Management Compliance Assessment Standard

5.2.2. Any department meeting *any* of the following criteria shall be considered "high risk":

  5.2.2.1. Non-compliant findings from previous RIM compliance assessments;

  5.2.2.2. Impacted by significant legal obligations;

  5.2.2.3. Exposed to regulatory audits;

5.2.3. "High risk" departments will be prioritized on an annual basis and a RIM assessment completed every two years. The significance of the finding of the review may warrant a full assessment in the following year.

5.3. The Operating Company RIM department shall have documented procedures for determining "high risk" departments, and for initiating, conducting, and reporting a RIM compliance assessment.

5.4. The Operating Company RIM department shall have a documented schedule for non "high risk" departments.

5.5. The scope of the RIM compliance assessment shall include department compliance with applicable procedures in the following areas:

- Convenience Information;

- Records Retention Schedules, including disposition of records past their retention times;

- Training and Education;

- Legal Hold Notices;

- Inactive Records and Information Management;

- Vital Records and Protection;

- Records of Departing Associates.

5.6. A RIM compliance assessment report shall be presented to the upper management of the Operating Company department being assessed and shall include significant findings.

5.7. The department being assessed shall develop a corrective action plan, with timelines, to address significant findings.

  5.7.1. Corrective action plans and timelines shall be signed by senior management of the department and submitted to the Operating Company RIM department for acceptance and monitoring till completion. Department designee shall provide periodic updates on the progress of the action plan.

  5.7.2. The Operating Company RIM department shall be responsible for monitoring the status of the corrective action plan to assure its implementation, and for escalating

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-10
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Management Compliance Assessment Standard

repeated missed deadlines and/or lack of progress to Operating Company senior management.

**Revision History**

| Version 3.0 | 31 December 2013 | <ul><li>Background [2] First paragraph - Clarified wording. Minor change, Removed second paragraph.</li><li>Paragraph [5.1] Added "for high risk areas."</li><li>Paragraph [5.2.3] Added - The significance of the finding of the review may warrant a full assessment in the following year for "high risk" departments.</li><li>Paragraph [former 5.2.4] Removed, condensed within new [5.2.3] for conciseness.</li><li>New Paragraph [5.4] The Operating Company RIM department shall have a documented schedule for non-"high risk" departments.</li><li>Paragraph [former 5.2.2.2] Removed, see below</li><li>Paragraph [former 5.2.2.3 – 5.2.2.4] now [5.2.2.2 – 5.2.2.3]</li><li>Paragraph [former 5.2.2.5] Removed- redundant.</li><li>Paragraph [5.4] Removed – Records Cleanout, now [5.5].</li><li>Paragraph [former 5.6.1] now [5.7.1] Added – Department designee shall provide periodic updates on the progress of the action plan.</li><li>Paragraph [former 5.6.2] Removed, condensed within new [5.7.1].</li><li>Paragraph [former 5.6.3] now [5.7.2].</li></ul> |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph [5.4] – Added "Records of Departing Associates" to list of items to be audited.</li><li>Paragraph 5.4 – REMOVE requirement around conducting a random audit of vendors working with the department who store, manage or create records on the vendor's behalf.</li><li>Paragraph [5.5] and [5.6.2] – clarified department "upper" management responsibilities.</li></ul> |
| New Standard Version 1.0 | 30 September 2009 | <ul><li>New Document Issued</li></ul> |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-11
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Training and Education Standard

### 1. Purpose

This standard establishes the minimum requirements for Johnson & Johnson Operating Companies in providing Records and Information Management (RIM) training and education to assure that the requirements and the expectations of the RIM program are communicated and understood.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

Reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 4. Minimum Implementation Requirements

4.1. The Operating Company RIM department shall have a documented procedure to address RIM training and education requirements for (1) Operating Company employees; (2) vendors, external business partners, and outside consultants/contractors; and (3) individuals in special roles/circumstances.

4.2. The following training and education requirements shall be met by all Operating Companies.

4.2.1. Operating Company Employees: Shall annually receive general Records and Information management training addressing at minimum, the following areas:

- Benefits of properly managed Records and Information;
- Consequences and risks of non-compliance;
- Overview of the Johnson & Johnson WWRIM Policy;
- Overview of the basic elements of a RIM program;
- General contact information for further RIM assistance/guidance;
- Detailed information on;

    a) The concept of RIM lifecycle methodology;
    b) The concepts of Records and Information, and Convenience Information;
    c) Understanding and using a Records Retention Schedule;
    d) Understanding and complying with a Legal Hold;
    e) Understanding the employee's role and responsibilities within the RIM program.

4.2.2. These requirements may be met by any combination of training and education mechanisms, including but not limited to class-room training, one-on-one training, J&J eUniversity training, web or Live Meeting training, "read and understand" documentation, etc.. The requirements may be met via one mode(s) of training during one year and a different mode(s) of training in the subsequent year.

$\mathcal{J}ohnson$ & $\mathcal{J}ohnson$

**WWRIM Standard RIMS-11**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Training and Education Standard

4.2.3.  At the Operating Company Records Manager's discretion, abbreviated training topics and/or content may be provided to associates who do not handle Johnson & Johnson records during the usual course of their work activities.

4.2.4.  Vendors, External Business Partners, Contractors/Consultants handling Operating Company Records and Information: Vendors, external business partners, and contractors/consultants who handle Operating Company Records and Information shall receive general records and information management training/awareness addressing, at minimum, the following areas:

- Requirements of the Johnson & Johnson WWRIM Policy;
- Consequences and risks of non-compliance;
- General contact information for further assistance/guidance in complying with RIM requirements;
- Understanding their role and responsibilities in complying with RIM requirements and fulfilling RIM activities;
- Understanding and complying with a Legal Hold.

Note: Annual refresher training is recommended for all long-term contractors/consultants.

4.2.5.  Individuals in Special Roles / Circumstances:  The following requirements address individuals in special roles /circumstances:

4.2.5.1.  Newly Hired/Transferred-In Employee: Shall receive RIM education and training per paragraph 4.2.2 within the first 60 days of reporting to work. The material or training shall address the topics listed in paragraph 4.2.1 of this standard.

4.2.5.2.  Records Coordinators: As the focal point for RIM activities within a department, the Records Coordinator shall receive additional, specialized annual training.  In addition to receiving general training as specified for Operating Company employees in paragraph 4.2.1 of this standard, the Records Coordinator training shall include the following:

- Guidance on facilitating awareness of RIM requirements within their department;
- Requirements on coordinating communication between RIM and their department;
- Requirements for facilitating RIM program events and procedures for their department;
- Detailed information on RIM requirements and Operating Company procedures for:

  a) Offsite storage;
  b) Legal Hold compliance;
  c) RIM program audits;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-11
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Training and Education Standard

d) Protection of information of departing staff;
e) Vital records;
f) Compliance with records retention schedules;
g) Management of electronic records;

4.2.5.3.  In the event the Records Coordinators' responsibilities differ from the standard, per the **WWRIM Records and Information Management Program Standard**, section 5.3, the training the Records Coordinators receive shall match the documented responsibilities of those Records Coordinators.

4.3.  The Operating Company RIM department shall track and document completion/attendance of all training, education sessions, and courses.

4.4.  Training and education materials and training courses may be reviewed and/or updated as needed, but shall be reviewed and/or updated at a minimum of every three years to assure relevancy.

### Revision History

| Version 3.0 | 31 December 2013 | • Paragraph [4.1] Removed - "ongoing RIM strategy." <br> • Former note: section under section [4.2]. Moved to its own section, now [4.2.2]. <br> • Former Exception paragraph in [4.2.1]. Moved to its own section, now [4.2.3]. <br> • Paragraph [former 4.2.2] now [4.2.4] Added - "Understanding and complying with a legal Hold." <br> • Paragraph [4.2.1] Removed - "Cleanup events." <br> • Paragraph [4.2.4] Removed - "60 days" requirement. <br> • Note: section under [4.2.4.] Clarification for contractors. <br> • Paragraph [former 4.2.3. – 4.2.3.2] now [4.2.5 – 4.2.5.2]. |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [4.2.1] – Added Exception to allow Records Managers discretion in provided abbreviated training to J&J employees who do not handle records during the normal course of their job. <br> • Minor typographical changes |
| New Standard Version 1.0 | 30 September 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

3

WWRIM Standard RIMS-12
Version 3.0
31 December 2013
*Effective – 01 April 2014*

$\mathcal{J}ohnson\text{-}\mathcal{J}ohnson$

## Worldwide Records and Information Management

## Records Retention Schedule Standard

---

### 1.  Purpose

This standard provides the requirements for developing, maintaining, and implementing a Records Retention Schedule (RRS) by the Johnson & Johnson Operating Companies.

### 2.  Scope

The standard applies to all Johnson & Johnson Operating Companies.

### 3.  Background

In order to ensure compliance with business and operating needs, records must be maintained in a systematic manner throughout their lifecycle.  A Records Retention Schedule is a policy document stating how long to keep records for business, legal, and compliance purposes.  WWRIM has published a Global Records Retention Schedule (GRRS) applicable to all Johnson & Johnson Operating Companies.  Operating Companies should use the GRRS as a model for its own RRS.

### 4.  Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5.  Minimum Implementation Requirements

5.1.  Each Operating Company shall develop and manage the RRS for that Operating Company. Where possible, the Operating Company RRS shall align to the Johnson & Johnson WWRIM GRRS with respect to form, record series, and retention periods.

5.1.1.  The Operating Company may deviate from the WWRIM GRRS to the extent necessary to optimize their RRS for its own business processes, including:

5.1.1.1.  The addition of record series found in the Operating Company and not found on the WWRIM GRRS;

5.1.1.2.  The extension or reduction of retention periods to meet specific business needs of the Operating Company;

5.1.1.3.  In every case where the Operating Company deems a modification to the Operating Company RRS to be necessary, due to Legal and/or regulatory requirements (but not local business requirements), the Operating Company Records Manager shall submit the modification to WWRIM for potential inclusion on the next scheduled update of the WWRIM GRRS.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

1

Johnson&Johnson

WWRIM Standard RIMS-12
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records Retention Schedule Standard

5.2.  The Operating Company shall have documented procedures for establishing, updating, maintaining, publishing, and communicating the RRS.

5.3.  The RRS shall be reviewed and accepted by the Operating Company Board Attorney or designated Johnson & Johnson Law Department representative responsible for supporting that Operating Company.  "Acceptance" shall indicate the process for developing the RRS is acceptable in meeting the requirements of the Operating Company.  Evidence of acceptance shall be in the form of a digital or hand-written signature.

5.4.  The RRS shall be accepted by the Operating Company.  Acceptance shall be by a member of Senior Management of the Operating Company.  Evidence of acceptance shall be in the form of a digital or hand-written signature.

5.5.  The Operating Company shall submit the RRS with Senior Management and Operating Company Board Attorney or designated Johnson & Johnson Law Department representative acceptance signatures to WWRIM.

5.6.  The retention requirements of the RRS shall apply to Records and Information stored in all media formats, including electronic Records and Information.  The requirements apply to Johnson & Johnson Records and Information, regardless of whether the records reside on an Operating Company computing or storage device, a third-party/partner computing or storage device, or a personally-owned computing or storage device.

5.7.  Record Retention Schedules developed by the Operating Company shall include, at minimum, the following information:

- Record Code;
- Record Title;
- Record Description;
- Trigger Event;
- Retention Period (in years);
- Legal Authority, Citation and/or business requirement (*NOTE: Not required on published version of RRS for business use*).

5.8.  Retention periods shall be sufficient to meet applicable regional, national, and local laws and/or business needs.  In cases where applicable law sets forth a maximum period, retention periods shall not exceed that period.

5.9.  Retention periods may exceed regional, national, and local laws and regulations if business needs warrant and if approval is granted by Senior Management of the custodial department, the Operating Company Records Manager and the Operating Company Board Attorney or designated Johnson & Johnson Law Department representative.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-12
Version 3.0
31 December 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Records Retention Schedule Standard

5.10. Retention periods start from the point when the trigger event occurs.  The Operating Company shall use the trigger events, trigger event descriptions and trigger event acronyms found in the current version of the WWRIM GRRS to denote retention triggers in their retention schedules. An Operating Company may propose a new trigger event to be included in the next scheduled revision of the WWRIM GRRS.

5.11. Records and Information shall not be retained longer than the period of time designated for each Record Title, unless a Legal Hold Notice has been issued by the Johnson & Johnson Law Department suspending the destruction of those Records and Information.  If a Legal Hold is issued, Records and Information relevant to the subject of the Legal Hold Notice are to be preserved until the Legal Hold Notice is released by the Law Department.

5.12. Operating Company Records Managers shall develop and implement appropriate procedures, communications, and training to assure Operating Company employees, vendors, and contractors understand their responsibilities in complying with the requirements of the RRS and have the necessary knowledge and tools to do so.

5.13. Operating Companies shall regularly apply the requirements of the RRS to their Records and Information.

5.13.1. Records and Information, in both hard-copy and electronic form, having met their retention time and in accordance with this standard shall be disposed of in a secure manner that prevents unauthorized disclosure consistent with industry good practices and ensures the Records and Information cannot be recovered or reconstructed by any ordinary means "provided they are not subject to a Legal Hold Notice.

5.14. Operating Companies shall review and republish their RRS at a minimum of once every three years to ensure the information and requirements of the RRS are up-to-date with all laws, regulations and business needs.

5.15. All changes to the RRS shall follow a formally documented Change Management Procedure.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-12
Version 3.0
31 December 2013
*Effective – 01 April 2014*

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Records Retention Schedule Standard

**Revision History**

| | | |
|---|---|---|
| Version 3.0 | 31 December 2013 | • Added a new Section "Background" with a descriptive paragraph.<br>• Added new paragraphs [5.1.1, 5.1.1.1, 5.1.1.2 & 5.1.1.3] Added process around Operating Company RRS modifications and the GRRS.<br>• Paragraph [5.4] deleted the reference to Vice President or above and left reference to Senior Management as the accepted level of signatory.<br>• Paragraph [5.5] Added requirement to submit RRS to WWRIM.<br>• Paragraph [5.7] Last bullet added "and/or business requirement"<br>• Paragraph [5.10] Removed trigger event table and changed to reference the GRRS. |
| Version 2.0 | 31 January 2011 | • Paragraph [4.8] – Clarified "upper" management of department in place of "senior" management of department<br>• Paragraph [4.9] – Changed the FTA trigger description by eliminating reference to "in no case less than seven years." |
| New Standard Version 1.0 | 30 Sept 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-13
Version 3.0
31 December 2013
Effective – 01 July 2014

*Johnson & Johnson*

### Worldwide Records and Information Management

## Vital Records Standard

---

## 1. Purpose

This standard establishes the criteria and minimum requirements for the identification, protection, and maintenance of Vital Records for all Johnson & Johnson Operating Companies to assure those Records and Information are available to promote continuity of core business functions in the event of a records-related disruption of any kind.

## 2. Background

Vital Records are defined as "records that are fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions." Vital Records contain information necessary to maintain or re-establish the organization in the event of a hazard or disaster. As such, they are a critical component of a Business Continuity plan.

Some of the consequences of damages a company may sustain if not equipped with a functioning Vital Records program include:

- Loss or decrease in customer base;
- Interruption of revenue flow;
- Inability to comply with legal and/or regulatory requirements;
- Fines or other penalties for failure to produce required Records and Information;
- Extensive cost of reconstruction of lost Records and Information;
- Damage to company reputation.

The goal is to ensure that critical business records are restored to operating conditions within a period of time that is reasonable based upon the system itself, the nature of the information in it, and the critical nature of the business process it supports.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

**Vital records** are defined in Paragraph 2 of this standard. Other reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

## 5. Approach

Identified Vital Records must be protected from potential loss. The protection method used is based on record media type, available resources, and environmental and security requirements and on an assessment of the risks for each method. There are two basic methods of protecting Vital Records: dispersal and protective storage. Dispersal is the distribution of duplicate copies of Records and Information to locations other than to those where the originals are housed; this may be part of a routine business process or specifically designed to protect identified Vital Records. Most Vital Records programs implement a combination of the two methods of protection. Regardless of the methods selected, procedures must be implemented to ensure the Vital Records are kept current for the Vital Records Program to be effective.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

Johnson & Johnson

WWRIM Standard RIMS-13
Version 3.0
31 December 2013
Effective – 01 July 2014

## Worldwide Records and Information Management

## Vital Records Standard

Operating Company Senior Management must agree to protect these records or be willing to tolerate the risk of not protecting them as evidenced by a formal, approved exception statement.

## 6. Minimum Implementation Requirements

6.1   Records and Information shall be identified as Vital Records only for as long as they support critical business functions and processes, and fulfill the requirements of a Vital Record.  Once they have fulfilled this role, they should no longer be identified or listed as a Vital Record.

6.2   Vital Records shall be (1) secured in a manner that preserves and protects the integrity of the record, and (2) protected via dispersal or protective storage, or a combination of both.

6.2.1   Means of protecting Vital Records via dispersal and protective storage include but are not limited to the following examples:
- Storing a Vital Record in a file cabinet in the office with the copy stored in a locking fire-resistant cabinet in a different building on the Operating Company campus (example of combination of dispersal and protective storage);
- Storing a Vital Record in a locked on-site facility with the copy stored at an offsite facility designed for records protection (example of combination of dispersal and protective storage);
- Storing a Vital Record in a locked, fire-resistant vault located in an off-site facility designed for records protection (example of protective storage);
- Storing a Vital Record on the Johnson & Johnson network with a backup of that record being stored and managed by the appropriate Johnson & Johnson IT data center (with the backup being stored or replicated off-site) (example of combination of dispersal and protective storage).

6.3   The Operating Company shall define the recovery classes for its Vital Records. Each recovery class shall set forth the time frame for which the Vital Records must be restored to operation in hours, days, weeks or other suitable measures of time. The recovery class, and the degree and type of protection shall be determined in cooperation with the Operating Company Records Manager, the Department/Business Unit and, if necessary, Senior Management. Due consideration must be given to the minimum necessary level of protection, the additional costs and other burdens of additional protection and available funding and other resources.

6.3.1   The correct solution for ensuring that a Vital Records is available to the continuity of business processes (i.e. via dispersal alone, via protective storage alone, or via a combination of both) is determined by the level of risk associated with the potential loss of that Vital Record. Generally, the greater the risk associated with loss and the greater the level of difficulty and cost to reconstruct, the greater the protection. In like manner, the immediacy with which a repository must be restored to operational status is determined by the risks and costs associated with its continued unavailability. Records considered highest risk should be protected by both dispersal and protective storage. The greater the risk, the greater the degree of geographic separation of the duplicates of those records so as to make it less likely that a disaster in the immediate area would impact the location where the duplicate records are stored. Again, in like manner, the more immediately a repository must be returned to operational status, the more sophisticated must be the solution for restoring it. However, all of these considerations

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

$\mathcal{J}ohnson$&$\mathcal{J}ohnson$

WWRIM Standard RIMS-13
Version 3.0
31 December 2013
Effective – 01 July 2014

## Worldwide Records and Information Management

## Vital Records Standard

must be balanced against the costs of any potential solutions, and any other downside effects those solutions may have.

6.4   The determination of the status of Vital Records shall be made based on the subject content of the record or information and shall not be based on media format. This is an example of a recovery class scheme:

| Vital Records Recovery Class Level | |
|---|---|
| Level | Definition |
| Recovery Class Level 1 | Records and Information needed for emergency operations (one example of this type of record is the Vital Records Listing/Log for the Operating Company). |
| Recovery Class Level 2 | Records and Information needed within the first xx hours after a disaster for immediate resumption and continuation of business. |
| Recovery Class Level 3 | These Records and Information are essential for reestablishing the legal and financial position of the company and are needed within the first xx days after a disaster. |
| Recovery Class Level 4 | These records are vital but do not require recovery within the first xx weeks after a disaster. |

6.5   The Operating Company shall develop and maintain procedures to document the following:

6.5.1   Strategy and decisions for identifying Vital Records, determining protection option, and assigning Recovery Class Levels;

6.5.2   Developing a list of all Vital Records by type and repository within that Operating Company that includes the following information:

- Repository Name;
- Repository System;
- Record Types within each repository;
- Department/Business Unit;
- Media Format (e.g., paper, electronic);
- Recovery Class Level;
- Method of Protection;
- Locations (original and dispersed copies), if applicable;

6.5.3   Method for keeping the Vital Records listing up-to-date;

6.5.4   Method for controlling access to Vital Records and their copies;

6.5.5   Method for recovering Vital Records according to their Recovery Class Level;

6.5.6   Periodic assessments to assure select Vital Records are effectively and efficiently recovered for resumption of business operations in the event of a disaster.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

Johnson & Johnson

WWRIM Standard RIMS-13
Version 3.0
31 December 2013
Effective – 01 July 2014

## Worldwide Records and Information Management

## Vital Records Standard

6.6 Any decisions that are exceptions to this standard must be justified and documented with the written approval of the Operating Company Senior Management.

**Revision History**

| Version 3.0 | 31 December 2013 | • Background section [2] Added a paragraph on the goal of protecting vital records.<br>• Paragraph [6.4] Removed - specific hours, days, months in recovery class table.<br>• Paragraph [6.5.2] Changed required fields in vital records list.<br>• Paragraph [6.5.6] Changed - testing period from "annual" to "periodic." |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph [5] – Modified description of acceptable approach for protecting Vital Records per revised ANSI/ARMA standard.<br>• Paragraph [6.1] – Added protective storage and protective storage plus dispersal as acceptable means of protecting Vital Records.<br>• Paragraph [6.1.1] and [former 6.1.2] – Merged the two paragraphs to include and expand on examples of acceptable protection for Vital Records.<br>• Paragraph [6.1.2] – Added option of "protective storage" alone to the risk-based protection scenario.<br>• Paragraph [6.6.2] - REMOVED "Retention Period" as a required field. ADDED "Record Owner" as a required field.<br>• Minor grammatical and typographical changes |
| New Standard Version 1.0 | 30 September 2009 | • New Document Issued |

$\mathcal{J}ohnson \, \& \, \mathcal{J}ohnson$

**WWRIM Standard RIMS-14**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

### 1. Purpose

This standard defines the Johnson & Johnson Records and Information Management (RIM) requirements for decommissioning a system.

### 2. Background

Due to aging systems or technology or changing business requirements, the need arises to retire, or decommission, a system. The decommissioning process is complex and involves many stakeholders, including but not limited to IT, the system and data business owner(s), and the Operating Company Records Manager(s).

The Operating Company Records Manager's role is to work with the stakeholders to ensure the Records and Information contained in the system are dispositioned appropriately in accordance with the business needs and the requirements of the Worldwide Records and Information Management policy and standards.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

Reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

### 5. Minimum Implementation Requirements

5.1. The Operating Company Records Manager shall develop communication to ensure the appropriate business owners consult the Operating Company Records Manager of Records and Information residing within systems which are being decommissioned.

5.2. The Operating Company Records Manager shall work with the business owner of the system and the appropriate IT organization to determine which information shall be retained and which information shall be discarded as part of the decommissioning process.

5.3. Information that must be retained in compliance with the requirements of the Operating Company Records Retention Schedule shall be either retained via migration to a new or different system or retained via migration to near-line, off-line storage to be kept until it has met its retention requirements.

5.4. Information that is either a Vital Record or a component of a Vital Record shall be retained according to paragraph 5.3. Refer to the ***WWRIM Vital Records Standard*** and the ***WWRIM Records and Information Archiving Standard*** for further requirements.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-14
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

5.5.  Information subject to an active Legal Hold shall be retained according to the requirements of the Johnson & Johnson Law Department:

  5.5.1.  Prior to any action to retain information that is under an active Legal Hold, the Records Manager shall consult with the Johnson & Johnson Law Department if necessary.

5.6.  Information that is retained to either a new or different system or near-line, off-line storage for retention purposes shall be managed during and after the transfer in such a way as to ensure the integrity of the information shall be preserved in accordance with IAPP Information Classification requirements.

5.7.  The IT organization responsible for the actual decommissioning of the software and hardware shall take steps to ensure that any information or information fragments remaining on the system shall be rendered inaccessible and unreadable.

5.8.  System decommissioning documentation shall include the following:

  5.8.1.  A listing of both the information components to be retained and the information components to be discarded based on Operating Company business needs, retention requirements, and active Legal Holds. Each information component will include the following documentation:

  - Record Type;
  - Record Retention Period;
  - Information Classification according to the Worldwide Information Asset Protection Policies (IAPPs);
  - Whether the information comprises or is part of a Vital Record;
  - Whether the information is under an active Legal Hold (information subject to a Legal Hold shall not be discarded until notification from the Johnson & Johnson Law Department;

  5.8.2.  Approval by the Operating Company Records Manager.

5.9.  Any system decommission request initiated through the IT Systems Development Life Cycle (SDLC) shall follow the current SDLC Retirement Plan.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-14**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Management of Records for System Decommissioning Standard

### Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout "Document Hold" to "Legal Hold"<br>• Paragraph [5.1] Clarified wording – Record Managers shall develop a communication to ensure the appropriate business owners consult them when a system is being decommissioned.<br>• Paragraph [5.6] Clarified wording – Retaining information shall be managed during and after the transfer in such a way as to ensure the integrity of the information.<br>• Paragraph [5.5.1] Clarified wording - Records Manager shall consult with the Johnson & Johnson Law Department if necessary.<br>• Paragraph [5.8.3] Removed- redundancy.<br>• Paragraph [5.8.4] Removed- inherent within new [5.9].<br>• New Paragraph [5.9] Added - reference to SDLC. |
|---|---|---|
| Version 2.0 | 31 January 2011 | • Paragraph (former)[5.3] – Moved contents of former [5.3] to [5.8.1]<br>• Paragraph [5.8] – Revised to reflect the development of system decommissioning documentation is not a Records Manager's responsibility<br>• Paragraph [5.8.2] – Revised to reflect requirement for Records Manager's sign-off<br>• Paragraph [5.10] – REMOVED – partially replaced with [5.8.2] |
| New Standard Version 1.0 | 30 September 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-15**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

### Worldwide Records and Information Management

## Management of Electronic Records and Information Standard

## 1. Purpose

This standard specifies the minimum requirements related to the management and disposition of electronic Records and Information for Johnson & Johnson Operating Companies.

## 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 3. Definitions

**Electronic Records and Information** are defined as any combination of text, graphics, data, audio, pictorial, or other information in digital form that is created, modified, maintained, archived, retrieved, or distributed by a computer system or portable electronic device.

All other reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

## 4. Minimum Implementation Requirements

4.1.  Management of electronic Records and Information shall comply with the WWRIM policy and standards requirements as well as with the Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs).

4.2.  The Operating Company shall develop and implement procedures to assure electronic Records and Information are managed to meeting the following requirements:

    4.2.1.  Electronic Records and Information shall be subject to the Operating Company's records retention schedule per the WWRIM Records Retention Schedule Standard;

    4.2.2.  Electronic Records and Information subject to active Legal Hold Notice shall be retained per the Johnson & Johnson Law Department requirements until formal communication from the Law Department that the Legal Hold Notice has been released;

    4.2.3.  Electronic Records and Information eligible for destruction shall be destroyed in a secure manner consistent with industry "good practice" to ensure the Records and Information cannot be recovered or reconstructed by any ordinary means.

4.3.  The Department/Business Unit shall ensure the electronic Records and Information are managed in a manner that is reasonably calculated for completeness, integrity and confidentiality, based upon their characteristics and use.

    4.3.1.  Systems shall be configured in such a way as to accurately capture or create electronic Records and Information;

    4.3.2.  Systems operators shall assign security to a system in conformance with IAPP requirements;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-15
Version 3.0
31 December  2013
*Effective – 01 April 2014*

*Johnson & Johnson*

### Worldwide Records and Information Management

## Management of Electronic Records and Information Standard

4.3.3.   Systems shall have sufficient Disaster Recovery Backups made of the system, application and associated data to protect the production environment from loss or impairment;

4.3.4.   The Operating Company shall have a procedure for extracting and preserving information subject to a Legal Hold from the system;

4.3.5.   Authorization for access to electronic Records and Information, other than to perform system administration tasks, shall be controlled by the Department/Business Unit;

4.3.6.   Electronic Records and Information shall be accessible and managed in active computing environments over the period of time that the information is needed for business purposes.

4.4.   Electronic Records and Information that are no longer needed for current business operations may be archived as per the **WWRIM Records and Information Archiving Standard** and in accordance with the Operating Company procedures, if they are otherwise eligible for archiving.

**Revision History**

| Version 3.0 | 31 December  2013 | <ul><li>Changed throughout "Document Hold" to "Legal Hold"</li><li>Definitions [3] Added - "or portable electronic device."</li><li>Paragraph [former 4.2.3] Removed- condensed within new [4.2.3].</li><li>Paragraph [former 4.2.3.2] now [4.4] Included "if they are eligible for archiving."</li><li>Paragraph [former 4.2.4] Removed- condensed within new [4.2.3].</li><li>Paragraph [former 4.2.5] now [4.2.3] Clarified wording – removed references to other paragraphs.</li><li>Paragraph [4.3] Clarified wording. Minor change</li><li>Paragraph [ 4.3.1] Changed - "developed" to "configured"</li><li>Paragraph [former 4.3.2 - 4.3.3] Removed- addressed in [4.3.4] and [4.3.5].</li><li>Paragraph [former 4.3.4] now [4.3.2] Reworded – simplified wording.</li><li>Paragraph [former 4.3.5] now [4.3.3] Clarified wording.</li><li>Paragraph [4.3.6] Reworded- Direction for the Operating. Company to have a procedure for extracting and preserving.information subject to a legal Hold.</li></ul> |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph (former)[4.3.3] – REMOVED – partially addressed in [4.3.2].</li><li>Paragraph 4.3.5 – removed the word "tape."</li></ul> |
| New Standard Version 1.0 | 30 September 2009 | <ul><li>New Document Issued</li></ul> |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

Johnson & Johnson

**WWRIM Standard RIMS-16**
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Archiving Standard

### 1. Purpose

This standard specifies the minimum requirements for archiving Records and Information of Johnson & Johnson Operating Companies in electronic formats. The requirements of this standard enable long-term preservation of Records and Information in accordance with laws and policy and to assure access to archived records and information. The length of time a record or information is to be retained is indicated on the Operating Company's Records Retention Schedule (RRS).

### 2. Background

Electronic Records and Information are kept in an active computing environment over the period of time that the information is needed for standard business processes (e.g., analysis, summarizing, active usage), and internal or external auditing/assessments. At the end of this active period, if further retention is required, electronic Records and Information may be archived to an appropriate archive solution using approved records retention periods.

### 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 4. Definitions

**Archives** are storage of electronic Records and Information in near-line or off-line storage systems appropriate for long-term storage for a prescribed retention period, as stated in the Operating Company's Records Retention Schedule.

All other reference terms used in this standard are found in the **Worldwide Records and Information Management Program Glossary**.

### 5. Minimum Implementation Requirements

5.1. The Operating Company Records Manager, working with the IT organization and the Department/Business Unit, shall develop and implement procedures for ensuring that Records and Information retained in an archive meet the following requirements:

5.1.1. An archive shall be a separate environment from the production systems where Records and Information reside for daily business needs;

5.1.2. The procedure for moving Records and Information into an archive, including but not limited to the migration process and format of the migrated data, shall be documented;

5.1.3. Records and Information preserved in an archive shall be accessible;

5.1.4. Records and Information preserved in an archive shall be protected from unauthorized alteration to the extent reasonably possible;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-16
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Archiving Standard

5.1.5.   Records and Information preserved in an archive shall be assigned a retention period and monitored for compliance/disposition at the end of the retention period;

5.1.6.   An archive shall:

5.1.6.1.   Use technology suitable for that archive;
5.1.6.2.   Be stored in an appropriate and safe environment for the media being used;
5.1.6.3.   Be backed-up for on a regular basis when feasible;
5.1.6.4.   Be maintained in a manner that ensures that Records and Information continue to be accessible and readable;

5.1.7.   Backups used for disaster recovery shall not be used for archiving.   Archiving processes and media must be separate.

5.2.   The Operating Company Department\Business Unit  of records being stored in an archive shall be responsible for:

5.2.1.   Assigning retention periods to Records and Information migrated to an archive;

5.2.2.   Monitoring expiration of retention periods for them;

5.2.3.   Identifying archived records which must be held due to a Legal Hold Notice;

5.2.4.   Ensuring archive records eligible for destruction are reviewed against current active Legal Holds' and if subject to a Legal Hold Notice, are retained until the release notice for the hold has been received from the Johnson & Johnson Law Department;

5.2.5.   Maintaining documentation of the retention and destruction of archive records;

5.2.6.   Responsible for requesting the availability and the appropriate retention period to ensure the records will be available and accessible if needed.

5.3.   Access to archive records shall be restricted to the Department\Business Unit or those specifically delegated and authorized by the business owner.

5.4.   Records and Information preserved in an archive shall be indexed for access by the record owner or the Johnson & Johnson Law Department. The system and/or process to capture and index Records and Information into an archive shall include the following identifiers:

- Description of Records or Information;
- Operating Company;
- Department/Business Unit;
- Date(s) of record;
- Record Type(s);
- Retention period;
- Disposition date if applicable;
- Media identification, if applicable;
- Legal Hold Notice, if applicable.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

**Johnson & Johnson**

WWRIM Standard RIMS-16
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Records and Information Archiving Standard

### Revision History

| Version 3.0 | 31 December 2013 | • Changed throughout "Document Hold" to "Legal Hold".<br>• Paragraph [5.1.4] Added - "protected from unauthorized alteration to the extent reasonably possible".<br>• Paragraph [5.1.5] Added – disposition.<br>• Paragraph [5.1.6] Removed – "technology used to either store or manage."<br>• Paragraph [5.1.6.1] Clarified wording. Minor change<br>• Paragraph [5.1.6.2] Clarified wording. Minor change<br>• Paragraph [5.1.6.3] Removed – "disaster and recovery purposes."<br>• Paragraph [5.1.6.4] Clarified wording. Minor change<br>• Paragraph [5.1.7] Revised to include backups used for system restoration shall not be used for archiving.<br>• Paragraph [5.2.4] Revised to Include records eligible for destruction are reviewed against current active Legal Holds' and if subject to a Legal Hold Notice, are retained until the release notice for the hold has been received from the Johnson & Johnson Law Department.<br>• Paragraph [former 5.2.5] Removed- condensed within 5.2.4].<br>• Paragraph [former 5.3] now [5.2.6] Removed the requirement "minimum of six years" and clarified wording.<br>• Moved the last sentence in paragraph [5.3] to the beginning of paragraph [5.4].<br>• Paragraph [5.4] Added – Legal Hold Notice, if applicable. |
| 3Version 2.0 | 31 January 2011 | • Paragraph [5.5] – Removed "Last modified date" as a required field |
| New Standard Version 1.0 | 30 September 2009 | New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

3

*Johnson & Johnson*

**WWRIM Standard RIMS-17**
Version 3.0
31 Decmeber 2013
*Effective – 01 April 2014*

### Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

## 1. Purpose

This standard defines the minimal requirements for Johnson & Johnson Operating Companies for retention of data backups.

## 2. Background

Data backups are generated to ensure that electronic Records and Information, and the systems in which these records reside, can be reconstructed in the event of computer hardware or software failures, computer viruses, natural disaster or other problems in the computer operating environment.

Data backups are not to be used as archive solutions. When circumstances dictate the offline storage of electronic records and information for any purpose other than system restoration, the data should be considered as archive information.

## 3. Scope

This standard applies to all Johnson & Johnson Operating Companies.

## 4. Definitions

**Data backups** are snapshots of a computer system, including both business data and system data, created for restoration purposes in the event of disaster or computer environment problems. Backups are intended only for near-term system restoration purposes (backup tapes are used to recover data in the recent past, not years or decades old), and are created and destroyed according to an established schedule.

**Archives** are storage of electronic Records and Information that require further retention for business or compliance purposes other than disaster recovery, in near-line or off-line storage systems appropriate for long-term storage; for a prescribed retention period as stated in the Operating Company's records retention schedule and/or as dictated by legal Hold Notice requirements.

All other reference terms used in this standard are found in the ***Worldwide Records and Information Management Program Glossary***.

## 5. Minimum Implementation Requirements

5.1.  Data backups for computer systems shall be generated on a routine basis according to a rotation schedule, which may include generating different types of backups, including incremental, weekly, and monthly backups:

5.1.1.  Records and Information management does not dictate any retention time required for backups of data in development environments. However, there may be a business or other IT requirements that require a mandatory retention time for this data. In those cases, those requirements shall apply;

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-17
Version 3.0
31 Decmeber 2013
Effective – 01 April 2014

## Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

5.2.   Disaster recovery backups shall be retained according to the following timeline before they are returned to the rotation cycle (as applicable, depending on media-type):

| System Types | Backup Copy Data Retention Maximum Requirement |
|---|---|
| E-mail | 30 days |
| Network and Enterprise Services (including file and print servers) | 30 days incremental backups 90 days file level full back-up |

5.3.   For any system not covered by the mandatory rotation cycle found in this standard, the Operating Company managing the system shall develop and implement an appropriate rotation cycle. The maximum rotation period shall not exceed 30 days for incremental backups, 30 days for database driven backups and 90 days for file level full backups.

5.3.1.   In the event that a Legal Hold Notice is issued by the Johnson & Johnson Law Department that requires identification and preservation of disaster recovery backups, those backups shall be preserved as instructed until the Johnson & Johnson Law Department communicates otherwise.

5.3.2.   When Data backups have met their retention requirements and provided they are not being preserved at the request of the Johnson & Johnson Law Department, the media on which they were copied shall be reused or overwritten. The backups may also be securely destroyed in compliance with **Johnson & Johnson Information Asset Protection Policy (IAPP) S-26 Worldwide Information System Administration and Management Security Policy** and its associated standards.

5.3.3.   Data backups may be stored on a variety of appropriate media including, but not limited to, magnetic tape and online disk storage.

5.4.   Data backups shall be reasonably protected from damage or data loss during the period they are in rotation in compliance with the **Johnson & Johnson Information Asset Protection Policies (specifically IAPP S-26 Worldwide Information System Administration and Management Security Policy)** and in accordance with written procedures.

5.4.1.   If the backups are stored in a facility that is not operated by Johnson & Johnson, that facility shall be audited by the appropriate Johnson & Johnson entity and approved for the type of storage service they are providing.

5.4.2.   Backup media shall be labeled or tagged with information or metadata sufficient to ensure that the information on the media object can be correlated to a system or repository for purpose of restoration or rotation.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

WWRIM Standard RIMS-17
Version 3.0
31 Decmeber 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

5.5.    The appropriate organizations and IT Operations responsible for creating, managing and storing disaster recovery backups, shall have formal procedures for the following:

5.5.1.   Generating data backups;

5.5.2.   Ensuring compliance with storage and protection requirements for those backups per IAPP S-26;

5.5.3.   Deleting/overwriting backups and/or rotating backup media for reuse after the defined retention period has passed;

5.5.4.   Maintaining data backups in a manner that ensures readability; for the period of time that they are maintained in the active rotation cycle or are subject to a Legal Hold;

5.5.5.   Restoring system/application and data into production after the loss of the system/application and/or data due to a disaster or business disruption;

5.5.6.   Receiving formal notification from the Johnson & Johnson Law Department to preserve data backups for Legal Hold Notice purposes, returning those backups to the rotation cycle or releasing for final disposition upon receipt from the Johnson & Johnson Law Department of a release of the Legal Hold Notice;

5.5.7.   Receiving annual notification from the Johnson & Johnson Law Department identifying which Legal Holds have been released, allowing the backups related to those Legal Holds to also be released;

5.5.8.   Working with the appropriate organizations in IT and/or the IT Shared Services Records Manager to document and approve exceptions to or changes in the standard data backup process.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson & Johnson*

**WWRIM Standard RIMS-17**
Version 3.0
31 Decmeber  2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management

## Disaster Recovery Backup Retention Standard

**Revision History**

| Version 3.0 | 31 December 2013 | <ul><li>Changed throughout "Document Hold" to "Legal Hold".</li><li>Purpose [1.] Changed - "minimum" to 'minimal' and "disaster recovery" to "data backup."</li><li>Background [2.] Changed – "disaster recovery" to "data backup" in both paragraphs. Second paragraph changed "business reasons" to "circumstances."</li><li>Definitions [4.] Changed - "disaster recovery" to "data backup". Revised to include "intended only for near-term system restoration purposes". Second paragraph - included "that require further retention for business or compliance purposes other than disaster recovery" added the definition for near-term.</li><li>Paragraph [5.1] Changed – "disaster recovery" to "data backup" and "take precedence" to "shall apply."</li><li>New Paragraph [5.3] Direction for any system not covered by the mandatory rotation cycle. Added wording in the table "30 days incremental backups" and "90 days file level full back-up."</li><li>Paragraph [5.3.2] Included reference to IAPP Policy S-26.</li><li>Paragraph [5.3.3] Changed - "disaster recovery" to "data backup."</li><li>Paragraph [former 5.3] now [5.4] Changed "in storage and during transport" to "protected from damage or data loss during the period they are in rotation" and "disaster recovery" to "data backup."</li><li>New Paragraph [5.4.2] Direction on backup media shall be labeled or tagged for the purpose of restoration or rotation.</li><li>Paragraph [former 5.4.4] now [5.5.4] Clarified wording. Minor change</li><li>Paragraph [5.4.6] now [5.5.6] Clarified wording. Minor change</li><li>Paragraph [former 5.4.7] now [5.5.7] Clarified wording. Minor Change</li><li>Paragraph [former 5.5.1] Removed, and Paragraph [former 5.5.1] now [5.5.2].</li></ul> |
|---|---|---|
| Version 2.0 | 31 January 2011 | <ul><li>Paragraph [5.1.1] – Specified retention of backups for development environment data is not required</li></ul> |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-17
Version 3.0
31 Decmeber 2013
*Effective – 01 April 2014*

*Johnson & Johnson*

**Worldwide Records and Information Management**

## Disaster Recovery Backup Retention Standard

| | | |
|---|---|---|
| | | from a records management perspective.<br>• Paragraph [5.2] – Clarified that backups are returned to the rotation cycle after their active retention period has expired.<br>• Paragraph [5.4.6]  - Changed formal "instruction" to formal "authorization";<br>• Minor organizational name changes. |
| New Standard Version 1.0 | 30 October 2009 | • New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

*Johnson&Johnson*

WWRIM Standard RIMS-18
Version 3.0
31 December 2013
*Effective – 01 April 2014*

## Worldwide Records and Information Management
## Electronic Messaging Standard

### 1. Purpose

The purpose of this standard is to define the requirements for managing electronic messages.

### 2. Scope

This standard applies to all Johnson & Johnson Operating Companies.

### 3. Definitions

**Electronic messages** are documents created and transmitted or received via an electronic messaging system, including brief notes, formal or substantive narrative documents, and any attachments, such as word processing or other electronic objects, that may be transmitted with the message along with its descriptive transmission metadata.

All other reference terms used in this standard are found in the *Worldwide Records and Information Management Program Glossary*.

### 4. Minimum Implementation Requirements

4.1. Electronic messages created or received in the course of doing business for the Johnson & Johnson Family of Companies are subject to required Johnson & Johnson policies and standards, including but not limited to the following:

- Johnson & Johnson WWRIM policy and associated standards;
- Johnson & Johnson Worldwide Information Asset Protection Policies (IAPPs) and associated standards;
- AU-5 Electronic Mail and Instant Messaging Acceptable Use Policy.

4.2. Within the Johnson & Johnson Family of Companies, each individual is responsible for managing both their Records and Information and their Convenience Information (see *WWRIM Convenience Information Standard*).

4.3. Electronic messages that are Convenience Information shall be deleted after use provided they are not subject to an active Legal Hold.

4.4. Electronic messages that are not considered Convenience Information shall be retained in a manner consistent with the Operating Company records retention schedule.

4.4.1. Copying of electronic messaging objects from Johnson & Johnson messaging systems to personal repositories such as shared drive folders, local hard drives or portable media devices is prohibited.

4.5. Electronic messages that must be retained per section 4.4 for longer than ninety days shall not be stored on user's home drives or any other network shares.

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions

WWRIM Standard RIMS-18
Version 3.0
31 December 2013
Effective – 01 April 2014

*Johnson & Johnson*

## Worldwide Records and Information Management
## Electronic Messaging Standard

4.6.　　Any electronic messages, including both Records and Information, and Convenience Information, that are subject to an active Legal Hold, shall be preserved and retained as required and instructed by the Johnson & Johnson Law Department until the Law Department issues a formal release of that Hold.

4.7.　　Preservation of electronic messages for compliance with the Operating Company records retention schedule or for Legal Hold purposes shall ensure insofar as it is feasible that structure, content, metadata, attachments and links, and delivery distribution lists are preserved along with the electronic message.

4.8.　　Electronic messages considered as Records and Information which have met their retention period and are not subject to an active Legal Hold shall be deleted.

4.9.　　Any data object created, transmitted received or maintained pursuant to this standard is subject to the requirements of IAPP AU-5 Electronic Mail and Instant Messaging Acceptable Use Policy.

4.10.　　Disaster recovery backups of e-mail messages shall be retained as specified in *WWRIM Disaster Recovery Backup Retention Standard*.

**Revision History**

| Version 3.0 | 31 December 2013 | • Changed throughout "Document Hold" to "Legal Hold".<br>• Paragraph [4.1] Replaced "I/T Enterprise Instant Messaging Usage Policy" with "AU-5 Electronic Mail and Instant Messaging Acceptable Use Policy."<br>• Paragraph [4.4.1] Direction on – The copying of electronic messaging objects from Johnson & Johnson messaging systems is prohibited.<br>• Paragraph [4.5] Clarified wording. Minor change<br>• Paragraph [4.9] Added - the new IAPP Policy number. |
|---|---|---|
| Version 2.0 | 31 January 2011 | No changes to this standard |
| New Standard Version 1.0 | 30 October 2009 | New Document Issued |

**Johnson & Johnson Confidential**
Use Pursuant to Company Instructions



**FAMILY OF CONSUMER COMPANIES**

# CONSUMER RECORDS & INFORMATION MANAGEMENT

### Records Retention Schedule (RRS)



**Company:** J&J Family of Consumer Companies - Shared Schedules
**Department:** Records and Information Management



| Record Series Number | Record Series Title | Record Series Description | Retention Period | Vital | GMP |
|---|---|---|---|---|---|
| A0076 - CMP.70 | Audits and Assessments - Records Management | May include internal records assessments, internal audits, departmental compliance assessments and external / third-party commercial record center vendor audits. | ACT+10 | N | N |
| B0048 - ADM.20 | Business Code of Conduct | Signed copies of Business Code of Conduct | ACT+10 | N | N |
| C0069 - CMP.70 | Commercial Records Center File | May include transmittal slips, order confirmations, receipts, manifests and shipping documentation received from a commercial record center vendor. | ACT+10 | N | N |
| F0006 - BNE.10 | Facility Closure / Shutdown | Records related to Plant or facility closure or shutdown | LI+15 | N | N |
| H0019 - COR.10 | Historical Records / Data | Company History / Memorabilia - May include various media - newspaper articles, photographs, mementos of company events, old letterhead, P.R. Media Packets, historical annual reports, Multimedia, etc. May also include awards (i.e. APEX) | IND | N | N |
| L0017 - ADM.10 | Legal Summons and Correspondence | Legal correspondence accepted at the Main Lobby, Security Desk or through Mail Services | ACT+3 | N | N |
| L0053 - ADM.10 | Litigation Records | Any documents subject to a litigation hold or relating to a matter in which litigation is reasonably anticipated. Such documents may include documentation compiled to support discovery requests during litigation. | ACT+3 | N | N |

| RETENTION POLICY EVENT CODES | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ACT - | Active | DLP - | Design Life of Product | LS - | Life of the System | TE - | Termination of Employment | |
| BE - | Batch Expiry | IND - | Indefinitely | NLT - | No Longer Than | | | |
| CY - | Current Year | LI - | Life of Item | PERM - | Permanent | | | |
| DH - | Date of Hire | LP - | Life of Product | PLAN LIFE - | Life of the Plan | | | |

**HOLD NOTICE:** Do not discard records required for Legal Holds, Tax Holds, Audits and/or Investigations. See Legal Hold Notice.

**GMP:** Record is subject to Good Manufacturing Practices (GMP) regulatory requirements and is official document of record used to make GMP decisions.

**Vital:** A record that is fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions. The determination of a Vital Record is independent of the media used and is based upon the content of the record.

EXHIBIT
Mittenthal
30
10-18-18

JNJTALC000793622



# CONSUMER RECORDS & INFORMATION MANAGEMENT
## Records Retention Schedule (RRS)



**Company:** J&J Family of Consumer Companies - Shared Schedules
**Department:** Records and Information Management

| Record Series Number | Record Series Title | Record Series Description | Retention Period | Vital | GMP |
|---|---|---|---|---|---|
| L0034 - ADM.10 | Litigation Support Files | May include documentation compiled to support document requests during litigation. | ACT+3 | N | N |
| L0044 - CMP.70 | Logbooks - General | General Logbooks - used for tracking of signatures for various signing in and out documents and/or access of rooms | ACT+10 | N | N |
| P0038 - HUM.40 | Personnel Files - Manager / Supervisor | Managers working files for direct and/or indirect reports. | TE+10 | N | N |
| P0131 - CMP.40 | Project Files | Such files may include, but are not limited to, schedules, meeting minutes, project plans, proposals, status reports, correspondence, pre-launch files, etc. | CY+6 | N | N |
| R0046 - ADM.20 | Records and Information Management (RIM) Program | May include periodic, annual or year-end snapshots of key elements of the RIM program, including point-in-time listings of records retention schedules, master title listings, departmental reports, and similar records that describe the state of the program at the time the listing is captured. | ACT+10 | N | N |
| R0043 - CMP.70 | Records Clean-Up | Documentation for the Annual Clean-up for Consumer - US - may include the Approval memos, clean-up kits and/or Housekeeping information | ACT+10 | N | N |

| RETENTION POLICY EVENT CODES | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACT - | Active | DLP - | Design Life of Product | LS - | Life of the System | TE - | Termination of Employment |
| BE - | Batch Expiry | IND - | Indefinitely | NLT - | No Longer Than | | |
| CY - | Current Year | LI - | Life of Item | PERM - | Permanent | | |
| DH - | Date of Hire | LP - | Life of Product | PLAN LIFE - | Life of the Plan | | |

**HOLD NOTICE:** Do not discard records required for Legal Holds, Tax Holds, Audits and/or Investigations. See Legal Hold Notice.

**GMP:** Record is subject to Good Manufacturing Practices (GMP) regulatory requirements and is official document of record used to make GMP decisions.

**Vital:** A record that is fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions. The determination of a Vital Record is independent of the media used and is based upon the content of the record.

JNJTALC000793623



**CONSUMER RECORDS &
INFORMATION MANAGEMENT**

Records Retention Schedule (RRS)



**Company:**   J&J Family of Consumer Companies - Shared Schedules
**Department:** Records and Information Management

| Record Series Number | Record Series Title | Record Series Description | Retention Period | Vital | GMP |
|---|---|---|---|---|---|
| R0044 - LEG.10 | Records Destruction Authorization / Certificates | Official authorization from Department Manager authorizing destruction of their department records. Also, correspondence to Data Storage Center to destroy records after department approval.  May include Certificates of Destruction. | ACT+15 | N | N |
| R0048 - ADM.20 | Records Retention Schedules | Includes records retention schedules, schedule approvals and changes/revisions. | ACT+10 | N | N |
| R0049 - ADM.20 | Records Retrieval Requests | Requests for records to be retrieved from the onsite or offsite Records Center. | ACT+10 | N | N |
| R0051 - ADM.20 | Records Transfer Forms | Completed transfer forms for new records being transferred to the Records Center for continued storage. | ACT+10 | N | N |
| R0123 - CMP.70 | Release of Records Custody / Stewardship | Records documenting the transfer of records, information and/or data out of the legal custody or stewardship of the RIM operations department to another entity. | ACT+10 | N | N |
| S0034 - ITE.10 | Scanning Documentation | May include cover pages, forms, and related records documenting the conversion of physical records to electronic format. | LS+6 | N | N |
| S0078 - ADM.20 | Standard Operating Procedures, Policies, Quality Standards and Job Aids | Written descriptives of the operating principles or directives pertaining to the organization. Includes Policy on Business Conduct and Departmental Work Instructions. Also known as SOP. | ACT+10 | Y | N |

| RETENTION POLICY EVENT CODES | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACT - | Active | DLP - | Design Life of Product | LS - | Life of the System | TE - | Termination of Employment |
| BE - | Batch Expiry | IND - | Indefinitely | NLT - | No Longer Than | | |
| CY - | Current Year | LI - | Life of Item | PERM - | Permanent | | |
| DH - | Date of Hire | LP - | Life of Product | PLAN LIFE - | Life of the Plan | | |

| | |
|---|---|
| **HOLD NOTICE:** | Do not discard records required for Legal Holds, Tax Holds, Audits and/or Investigations.  See Legal Hold Notice. |
| **GMP:** | Record is subject to Good Manufacturing Practices (GMP) regulatory requirements and is official document of record used to make GMP decisions. |
| **Vital:** | A record that is fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions.  The determination of a Vital Record is independent of the media used and is based upon the content of the record. |

JNJTALC000793624





## CONSUMER RECORDS & INFORMATION MANAGEMENT
### Records Retention Schedule (RRS)



**Company:**   J&J Family of Consumer Companies - Shared Schedules
**Department:** Records and Information Management

| Record Series Number | Record Series Title | Record Series Description | Retention Period | Vital | GMP |
|---|---|---|---|---|---|
| S0122 - ADM.10 | System Maintenance / Projects | System modifications, changes, revisions made due to organizational moves, etc. | ACT+3 | N | N |
| T0014 - CMP.70 | Temperature Charts / Humidity Charts | Recorder charts of temperature and humidity. May include Refrigerator, cold box, freezer, oven, incubator charts, etc. | ACT+10 | N | N |
| T0058 - HUM.40 | Training Record | Includes GXP Training. Includes attendance sheets and other records that document the training of employees to perform certain tasks. May include Course Evaluation Forms and tabletop exercises. | TE+10 | N | N |
| W0022 - ITE.10 | Website Snapshots / Inventory of Entire Site | Snapshot of a website (may be conducted annually) and other website supporting documentation. | LS+6 | N | N |

| RETENTION POLICY EVENT CODES | | | | | | |
|---|---|---|---|---|---|---|
| ACT - | Active | DLP - | Design Life of Product | LS - | Life of the System | TE - Termination of Employment |
| BE - | Batch Expiry | IND - | Indefinitely | NLT - | No Longer Than | |
| CY - | Current Year | LI - | Life of Item | PERM - | Permanent | |
| DH | Date of Hire | LP - | Life of Product | PLAN LIFE - | Life of the Plan | |

**HOLD NOTICE:**  Do not discard records required for Legal Holds, Tax Holds, Audits and/or Investigations.  See Legal Hold Notice.

**GMP:**  Record is subject to Good Manufacturing Practices (GMP) regulatory requirements and is official document of record used to make GMP decisions.

**Vital:**  A record that is fundamental to the functioning of an organization and necessary to continue operations without delay under abnormal conditions.  The determination of a Vital Record is independent of the media used and is based upon the content of the record.

JNJTALC000793625

**People Interviewed in Talc Fact Finding**

| Company | Function | Name | Title |
|---|---|---|---|
| Consumer | Complaints | Deb Warner | Global Complaints Vigilance |
| Consumer | Complaints | Tom Doyle | Mgr of Quality Applications, Complaint Vigilance |
| Consumer | Complaints | Judy Dowling | Mgr of Quality Applications, Complaint Vigilance |
| Consumer | IT | Kate Gillespie | Sr Director PLM Process and Platform Mgt |
| Consumer | IT | Stephen Vargo | IT Service Management |
| Consumer | Marketing | Katie Martin Decker | Sr Director, Global Oral Care |
| Consumer | Procurement | Eliza Morais | Senior Category Buyer (Brazil) |
| Consumer | Quality | David Allen | Director of Quality |
| Consumer | Quality | Donald Hicks | External Manufacturer and Business Quality (retired) |
| Consumer | Quality | Lisa Kaiser | Sr Director for Global Quality Systems |
| Consumer | Quality | Mark Zappa | Director of supplier quality, North America |
| Consumer | Quality | Nicholas Zhu | Supplier Quality Management (China) |
| Consumer | Quality | Pankaj Verma | Director, APAC External Manufacturing Quality (India) |
| Consumer | Quality | Sean Park | Sr Director, Quality Assurance |
| Consumer | R&D | Lorena Telofski | R&D planning, CMPP (certified medical publication professional) |
| Consumer | Records | Darren Harris | Records Operations Supervisor (contract) |
| Consumer | Records | Joann Dodd | Sr Analyst, Records Mgt |
| Consumer | Records | Michelle Anderson | Sr Manager, RIM |
| Consumer | Records | T. Renay Lawson | Lead, RIM Operations Consumer |
| Consumer | Records | Rosina (Deveney) Bruno-Sheerin | RIM Manager |
| Consumer | Safety | Nilay Gami | Global Case Mgt for J&J Consumer Inc. |
| Consumer | Sourcing | Dane Gilmore | Internal sourcing (Singapore) |
| Consumer | Sourcing | Jannus Shih-Min Lin | Associate Director, EMEA Chemical Strategic Sourcing (Switzerland) |
| Consumer | Sourcing | Uday Sharan | Senior Sourcing Manager (India) |
| Consumer | SupplyChain | Emily Chu | VP of Consumer Supply Chain IT |
| Corporate | eDiscovery | Mike Seid | eDiscovery Manager |
| Corporate | ITS | Ann Marie Krok | IT Manager |
| Corporate | ITS | Lou Chaney | Technology Manager |
| Corporate | ITS | Frank Floyd | Senior Manager, Global Core Infrastructure Services, Backup and Recoverability |
| Corporate | ITS | Wesley Fine | Technology Manager, Sharepoint Services |
| Corporate | Museum | Margaret Gurowitz | J&J Chief Historian |
| Corporate | Records | Cindy Aden | Director, RIM |
| Corporate | Records | Edith Mendez | IT Lead - WWHQ, New Brunswick |
| Corporate | Records | Karen Skellington | IT Director / WW Records & Information Management / eDiscovery |
| Vendor | Triality | Pam Downs | Principal, Triality |
| Vendor | UnitedLex | Andy Reynolds | United Lex case manager |



**Applications Discussed in Talc Fact Finding**

| System | Effective | Function | Preceded by | Migration | Bus Names | IT Names | Notes |
|---|---|---|---|---|---|---|---|
| "Data Room" | | third party deal site for Shower to Shower divestiture with local Sharepoint version | | | Katie Martin Decker | | have all data to be synced on internal site (Project Volt Sharepoint) |
| Acclaro | | call center documents/scripts | | | | | |
| Application Services Factory | 2015 | enterprise archiving | | | | Cindy Aden | overall name for a series of archiving solutions (e.g., Informatica, Metalogics, etc.) |
| Arriba | | A/P, POs | | | | Emily Chu | |
| BOX | | cloud file share | | | | | selected custodians |
| BPCS | | ERP Europe | | | | Emily Chu | |
| BRAVO | | corporate financial reporting | | | Katie Martin Decker | Linda Phelps | rollups, consolidations |
| CAPRI | | approvals | | | | John Gilbert | consumer-specific R&D-managed approvals for product release, clinical trials, like a DHF |
| Cocoon | | R&D doc control/copy approval/labeling | | | | Emily Chu | same as Label Control System? (Don Hicks) |
| ComplianceWire | | training | eUniversity | | | Leslie Williams-Dunn | |
| Concerto | 2016 | R&D information | Optiva | | | | for qualifying new materials or raw materials only; then goes into GSS/TRU |
| CONNECT | | R&D information | | | Mona Nair | Sean Park | development reports, raw material characterization studies, stability reports re: shelf life; APR final versions |
| corporate contribution database | | MS Access database | | | Jennifer Thomas | | |
| Corporate Entity Mgt System | | legal hold | | | | Edith Mendez | |
| CRS | | call center, legacy complaints | | nothing migrated from old system | | Tom Doyle/Judy Dowling | |
| Dassault/Anovia GSS | 2010 | doc control | | | | | includes specs, retention schedules |
| Dassault/Anovia TRU | Jan 2018 | doc control | GSS | only released documents; obsolete or superceded to be archived from GSS | | | includes specs, retention schedules |
| Documentum | | old doc control | until 2008 | | | Mark Zappa | |
| DOS-based system | | old Ft Washington records system | | | | Rosina | |
| Empower | | lab management--chromotography | | | | Emily Chu | |
| eRooms | | collaborative space | | | | Rosina | |
| ETQ Flexible Workflow Engine (FEW) | | investigations (NCs), CAPAs, old audit reports, change control | 2003-2009 | | | Steve Vargo | change control number references doc spec in GSS/TRU and possibly multiple product specs |

Applications Discussed in Talc Fact Finding

| System | Effective | Function | Preceded by | Migration | Bus Names | IT Names | Notes |
|---|---|---|---|---|---|---|---|
| ETQ Reliance ("Symphony") | | investigations, CAPAs, NCs, old audit reports, change control | ETQ FEW | | | Steve Vargo | change control number references doc spec in GSS/TRU and possibly multiple product specs |
| eUniversity | | training | | | Deb Berrien | Emily Chu | |
| Exterro | | legal hold | CEMS | | | Edith Mendez | |
| GIFTS (homegrown Oracle) | | Morris Plains records system | | decom'd 2016 | | Rosina | |
| homegrown DB/2 "Pathfinder" | | ERP | | | | Emily Chu | |
| HP TRIM | | old Skillman records system | | decom'd 2016 | | Rosina | |
| IMConnect | | Iron Mountain records | | | | Edith Mendez | |
| Intake Receipt and Triage System (IRT) | | call center triage | | | Monique Nanney | | connects CRS and SCEPTRE, not a system of record |
| International Contracts Database (ICD) | | contracts | | | | | J&J global system, store int'l and US contracts back to 1990 |
| LCRx | | adverse event filing from SCEPTRE | | | Monique Nanney | Nilay Gami | sends safety info an individual to regulatory authorities |
| legacy mainframe | | mfg forecasting | | | Lorena Telofski | | providing data for forecasting in 1980s, possibly same DB/2 system as above |
| LIMS | | lab management | | | | Emily Chu | |
| Microsoft Office/Outlook/Exchange | | | | moving from 2010 to Office 365 | | | |
| Microsoft Sharepoint | | collaboration, qualification reports | | moving from version 7 to Online | | Pankaj Verma, Rosina | examples include mine health checks and audits, baby, cosmetics, consumer safety mgt, ingredient topics, Project Volt (divestiture of Shower to Shower), patents, Source Quality teams, supplier qualification reports, records training, marketing |
| Movex | | ERP Europe | | | | Emily Chu | |
| network shares | | | | | | | includes baby marketing, RoyData, lobbying reports, trademark info |
| old Call Center System | | call center | | archived | | | "CRS data warehouse" |
| OpenText ERMS | 2014 | records and images | Versatile, TRIM | | | Rosina | |
| Optiva | | R&D information | | | | Pankaj Verma | for qualifying new materials or raw materials only; then goes into GSS/TRU |
| Remetrix PQMS | 2010 | complaints | | migration back to 2006 | | Deb Warner | |
| Remetrix Safety System (RSS) | | adverse events | | | | Tom Doyle/Judy Dow | still up and running with legacy data |
| RMQ | | raw materials questionnaire | | | Tim McCarthy in to | Pankaj Verma | global system |
| Salesforce (*) | | complaints | CRS | | | Tom Doyle/Judy Dow | every region done except North America |
| SAP | | ERP | DB/2 "Pathfinder" | | | Emily Chu | |

**Applications Discussed in Talc Fact Finding**

| System | Effective | Function | Preceded by | Migration | Bus Names | IT Names | Notes |
|---|---|---|---|---|---|---|---|
| SCEPTRE | Nov 2017 | adverse events network | Remetrix RSS | | Monique Nanney | Tom Doyle/Judy Dow | global safety, shared with Janssen |
| ServiceNow/Iris | | audit/management | | | | Cindy Aden | |
| SMART | | signal detection workflow for SCEPTRE | | | Monique Nanney | | also looks at legacy RSS data |
| StageGate tracker | | list of archived systems | | | | Cindy Aden | just a spreadsheet tracking system |
| SUMMIT | | training | ComplianceWire | | Deb Berrien | Emily Chu | |
| The Museum System (TMS) | | cloud-based cataloguing | | | Margaret Gurowitz | | |
| TIBCO Spotfire ("Everest") | | A/E trending | | | | Tom Doyle/Judy Dowling | |
| TrackWise | 2014 | audit reports | ETQ | | | | |
| TruVault | | enterprise SOPs and stds | GSS, DocSpace? | older stds archived | | Rosina | cloud-based |
| Wang | | legacy online specifications | | | Lorena Telofski | | |
| Web sites | | Drupal or Sharepoint back ends | | | | | |
| WERC | | safety datasheets | | | Tim McCarthy in toxocoloy | | "MSDS" |
| Werum | | MES | | | | Emily Chu | would not have been relevant since 2005 and many not have used in Royston |
| WordPerfect | | legacy online specifications | | | Lorena Telofski | | |
| Zasio Versatile | | old Ft Washington records system | DOS-based syste decom'd 2016 | | | Rosina | |

**Dates Observed in Talc Factfinding**

| Date | Event |
|---|---|
| 1930s | museum established |
| 1950s | paper inventories for museum |
| 1972 | J&J transfers Baby Powder to Baby Products division |
| 1979 | J&J transfers Baby Powder to Baby Products company |
| 1981 | move from Piscataway to Skillman |
| 1981 | became a different Baby Products company |
| early 1980s | started vital records program (microfilm) |
| 1997 | J&J deploys Microsoft Exchange |
| 1998 | J&J Consumer Products, Inc. |
| early 1990s | Rosina creates retention schedules based on McNeil templates |
| 1997 | J&J Consumer Companies, Inc. |
| 1997 | Iron Mountain arson in two facilities |
| 1998 | Collection in Coker case by Mehaffey & Weber |
| early 2000s | started scanning for vital records program |
| 2003 | ETQ FWE launched |
| 2004-2005 | Shower to Shower re-launched in different versions |
| 2005 | J&J Consumer stops manufacturing its talc products |
| 2006 | standardized consumer records titles and periods |
| 2006 | Skillman stopped providing box content to Iron Mountain |
| 2006 | imposed access control on museum |
| 2007 | move from DB/2 supply chain system to SAP in US |
| 2008 | consumer SOPs/WIs for RIM |
| 2009 | ETQ Reliance launched |
| 2009 | creation of "global talc spec" - (see TRU system) |
| 2010 | Skillman records goes under Ft Wash; all records procedures put on same SOPs/WI |
| 2010 | start using GSS |
| Jan 2010 | changed to CRS just as front end and PQMS for complaints |
| 2012 | Shower to Shower sold to Valiant |
| 2014 | Source Quality group created |
| 2014 | Royston sold to PTI |
| 2014 | quarterly mine results scanned into Sharepoint |
| 2014 | modernized museum cataloguing |
| 2014-2015 | started StageGate archiving program |
| 2015 | J&J Consumer Inc. |
| 2015 | consumer records started reporting to corp Info Sec Risk Mgt |
| 2015 | WWRIM ERS rolled out (preceded by GRRS) |
| Sept 2017 | letter to Judge re: Mehaffy memo |
| Nov 3, 2017 | Adverse Event migration to SCEPTRE |
| 2018 | move from GSS to TRU |

# J&J LAW DEPARTMENT

# DOCUMENT PRESERVATION NOTICE

# DO NOT DESTROY

# SPECIFIED DOCUMENTS

Date: November 11, 1999

RE:  Hold Notice for Theresa Krushinski v. JJCP

JJCP is party to a lawsuit involving allegations of manufacturing and/or design defect and/or failure to warn in connection with the below product.

In connection with that matter, it is vital to preserve all documents relating in any way to the below listed subject matters until contrary written notice is received from the J&J Law Department.  Failure to preserve these materials could result in harsh penalties or sanctions.  "Document" includes all written materials, including all drafts as well as finalized documents, all e-mails and other electronic media (computer files) and all other types of recorded information such as audiotapes, videotapes, etc.  Electronic files such as e-mails and those materials that may reside on individual hard drives or the LAN should be preserved in personal folders or printed out and preserved in hard copy.  This notice also pertains to all files (on the subjects specified below) you maintain in your office as well as those maintained in shared locations such as general and departmental files.  If you have any questions about what documents should be preserved as a result of this notice, please contact John O'Shaughnessy at (732) 524-2474.  If you cannot locate that person, please contact Taysen Van Itallie at (732) 524-2075.

EXHIBIT
3Z
10-18-18



Subject matters of documents to be preserved:

The following documents pertaining to:  JOHNSON'S BABY POWDER

1. Product Development files, including documents pertaining to:
   Design, development, testing, clinical evaluation, fact books, product history.
2. Regulatory files, including documents pertaining to:
   NDA, IND, IDE, 510k, PMA (as applicable).
   FDA correspondence;
   FDA inspection records, 483s;
   MDRs, 3500As (as applicable);
   Product monograph files (as applicable);
   Recall files (as applicable).
3. Marketing, Sales, Consumer Affairs files, including documents pertaining to:
   Labeling;
   Advertising;
   Dear Doctor letters (Health Care Professional/Distributor/Pharmacy communications);
   Product Complaints/Inquiries;
4. Files dealing with this incident, plaintiff, or event, including documents pertaining to:
   All records of this plaintiff's complaint and incident, if known;
   The product actually involved, if returned or available;
   Manufacturing lot records for this product, if known;
   Retained samples, if lot is known;
   Product complaint, investigation, correspondence, testing for this product, plaintiff, or incident;
   Sales history and records for the hospital, health care facility, doctor, health care professional, distributor, retailer and/or consumer involved (as applicable), if known.

**Johnson&Johnson**

December 15, 2009

RE:   Attached Document Preservation Notice for
      Deane Berg v Johnson & Johnson Consumer Companies, et al.
      Product Liability Matter involving talc

TO:   Debbie Staneruck, Records Manager, J&J Consumer Companies
      Edith Mendez, Records Manager, Johnson & Johnson Corporate

As described in the attached hold notice, J&J Consumer Products is a party to a lawsuit arising out of the alleged use of Johnson's Baby Powder and Shower to Shower powder.

It is imperative that the specified documents be preserved pending further written notice from the Law Department. Please disseminate the full text of the attached notice company-wide by email and, in addition, distribute the notice in hard copy to all of those that do not have computer access and you believe have or might have the documents at issue.

Please review the attached list of operating companies and notify us if you are aware of any companies, other than those that have been check marked, that should receive a copy of the subject preservation notice.

Please assure that departing employees are directed to provide any paper or electronic records to your department covered by this and all active hold notices no later than the pre-exit interview. In addition, please confirm through the IT group that those departing employees that you believe have or might have documents have created the personal folder described hereafter.

For a comprehensive list of hold notices that pertain to your company or Johnson & Johnson headquarters department, please visit the following website: http://documenthold.jnj.com and select the appropriate operating company or corporate department.

Please return to me within five (5) days a copy of the distribution instructions provided for the email and/or hard copy distribution of the document hold memo.

Thank you for your assistance.

Kim M. Giganti
Paralegal

Attachment
cc  Clay Paterson, Board Attorney        Nobel Mathew
    Joe Braunreuther                      Susan Nettesheim
    Marianne De Jianne                    Caitlin Pappas
    Jane Cai                              Paul Serbiak
    Richard D'Souza                       Lorena Telofski
    Nadine Harrison                       Fred Tewell
    Frank Konnings                        Kathy Wille
    Katherine Martin


EXHIBIT
23
10-18-18

## Consumer

- BabyCenter, L.L.C.
- Colbar LifeScience Ltd. (Israel)
- Group Vendome SAS (France)
- Johnson & Johnson AB (Sweden)
- Johnson & Johnson do Brasil Inudstria E Comercio de Produtos Para Saude Ltda.
- Johnson & Johnson (China) Ltd.
- ☒ Johnson &Johnson Consumer Companies, Inc.
- ☒ Johnson & Johnson Consumer & Personal Products Worldwide, Division of Johnson & Johnson Consumer Companies, Inc.
- Johnson & Johnson Consumer France SAS
- Johnson & Johnson GmbH (Germany)
- Johnson & Johnson Healthcare Products Division of McNEIL-PPC, Inc.
- Johnson & Johnson Hemisferica S.A.
- Johnson & Johnson Inc. (Canada)
- Johnson & Johnson Kft. (Hungary)
- Johnson & Johnson • Merck Consumer Pharmaceuticals Co.
- Johnson & Johnson (Philippines), Inc.
- Johnson & Johnson Sales and Logistics Company, LLC
- Johnson & Johnson Taiwan
- McNeil Consumer Healthcare Division of McNEIL-PPC, Inc.
- McNeil Consumer Healthcare Division of Johnson & Johnson Inc. (Canada)
- McNeil Iberica S.L.U. (Spain)
- McNeil Nutritionals, LLC
- McNeil Pediatrics Division of Ortho-McNeil-Janssen Pharmaceuticals, Inc.
- McNeil SAS (France)
- Neutrogena Corporation
- Personal Products Worldwide Division of McNEIL-PPC, Inc.

## Medical Devices & Diagnostics

- Advanced Sterilization Products Division of Ethicon, Inc.
- Animas Corporation
- Biosense Webster, Inc.
- Cardiovations Division of Ethicon, Inc.
- Codman & Shurtleff, Inc.
- Conor MedSystems, LLC
- Cordis Cardiology Division of Cordis Corporation
- Cordis Corporation
- Cordis de Mexico, S.A. de C.V.
- Cordis Endovascular Division of Cordis Corporation
- Cordis Europa N.V. (Netherlands)
- Cordis Holding Italy S.r.l.
- Cordis LLC (Puerto Rico)
- Cordis Medizinische Apparate GmbH (Germany)
- Cordis S.A.S. (France)
- DePuy France S.A.S
- DePuy Hellas SA
- DePuy, Inc.
- DePuy International Limited
- DePuy (Ireland)
- DePuy Mitek, Inc.
- DePuy Orthopadie GmbH
- DePuy Orthopaedics, Inc.
- DePuy Products, Inc.
- DePuy Spine, Inc.
- Diabetes Diagnostics, Inc.
- Ethicon Europe Marketing
- Ethicon, Inc.

- Ethicon Endo-Surgery, Inc.
- Ethicon Endo-Surgery, Mexico
- Ethicon Sarl (Switzerland)
- Ethicon SAS (France)
- Ethicon Scotland
- Ethicon Women's Health & Urology Div. of Ethicon, Inc.
- Hand Innovations LLC
- Heartport, Inc.
- Independence Technology, L.L.C.
- Johnson & Johnson Gateway, LLC
- Johnson & Johnson Health Care Systems Inc.
- Johnson & Johnson Medical GmbH (Germany)
- Johnson & Johnson Medical Korea Limited
- Johnson & Johnson Medical Limited (U.K.)
- Johnson & Johnson Medical S.p.A. (Italy)
- Johnson & Johnnson Medical Taiwan
- Johnson & Johnson Professional Products Limited (U.K.)
- Johnson & Johnson Vision Care (Canada)
- Johnson & Johnson Vision Care, Inc.
- Johnson & Johnson Wound Management Div. of Ethicon, Inc.
- Lifescan, Inc.
- Lifescan Canada Ltd.
- Lifescan Scotland Limited
- Lifescan Switzerland
- Nitinol Development Corporation
- Omrix Biopharmaceuticals, Inc.
- Ortho-Clinical Diagnostics (U.K.)
- Ortho-Clinical Diagnostics, Inc.
- Ortho-Clinical Diagnostics S.A.S. (France)
- SurgRx, Inc.
- Therakos, Inc.
- Veridex, LLC
- Vistakon Pharmaceuticals, LLC

## Pharmaceutical

- ALZA Corporation
- Alza Ireland Limited
- Centocor Biologics (Ireland)
- Centocor B.V.
- Centocor Ortho Biotech Inc.
- Centocor Research & Development, Inc.
- Cilag AG
- Cilag GmbH International
- Global Pharmaceutical Supply Group, LLC
- J-C Health Care Ltd. (Israel)
- Johnson & Johnson Pharmaceutical Research & Development, L.L.C.
- Johnson & Johnson Pharmaceutical Research & Development, a division of Janssen Pharmaceutica N.V.
- Johnson & Johnson Pharmaceutical Research & Development, L.L.C. (U.K.)
- Johnson & Johnson Pharmaceutical Services, LLC
- Janssen (Hong Kong)
- Janssen (Indonesia)
- Janssen Korea Ltd.
- Janssen Pharmaceutica NV (Belgium)
- Janssen Pharmaceutica Inc.
- Janssen Pharmaceutica (Hong Kong)
- Janssen Pharmaceutical K.K. (Japan)
- Janssen Pharmaceutical (Ireland)
- Janssen-Cilag AB (Sweden)
- Janssen-Cilag AG (Switzerland)
- Janssen-Cilag A/S (Denmark)
- Janssen-Cilag A/S (Norway)
- Janssen-Cilag B.V. (Netherlands)

| |
|---|
| ☐ Janssen-Cilag Egypt Ltd. |
| ☐ Janssen-Cilag Farmaceutica, Lda. (Portugal) |
| ☐ Janssen-Cilag Farmaceutica Ltda. (Brazil) |
| ☐ Janssen-Cilag GmbH (Germany) |
| ☐ Janssen Cilag (India) |
| ☐ Janssen Cilag (Indonesia) |
| ☐ Janssen-Cilag Investments, Ltd. (Ireland) |
| ☐ Janssen-Cilag Kft. (Hungary) |
| ☐ Janssen-Cilag Lebanon |
| ☐ Janssen-Cilag Ltd. (Thailand) |
| ☐ Janssen-Cilag Ltd. (U.K.) |
| ☐ Janssen-Cilag MEWA (Saudi Arabia) |
| ☐ Janssen-Cilag NV (Belgium) |
| ☐ Janssen-Cilag OY (Finland) |
| ☐ Janssen-Cilag Pharma GmbH (Austria) |
| ☐ Janssen-Cilag Pharmaceuticals (India) |
| ☐ Janssen-Cilag Pharmaceutical S.A.C.I. (Greece) |
| ☐ Janssen-Cilag (Philippines) |
| ☐ Janssen-Cilag Polska, Sp. z o.o. (Poland) |
| ☐ Janssen-Cilag Pty. Ltd. (Australia) |
| ☐ Janssen-Cilag, S.A.S (France) |
| ☐ Janssen-Cilag S.A. (Spain) |
| ☐ Janssen-Cilag S.p.A. (Italy) |
| ☐ Janssen-Cilag s.r.o. (Czech Republic) |
| ☐ Janssen-Cilag (Singapore/Malaysia) |
| ☐ Janssen-Cilag Taiwan |
| ☐ Janssen Ortho LLC |
| ☐ Janssen-Ortho Inc. (Canada) |
| ☐ Janssen Pharmaceutica (Pty.) Limited (South Africa) |
| ☐ J OM Pharmaceutical Services, Inc. |
| ☐ Noramco, Inc. |
| ☐ OMJ Pharmaceuticals, Inc. |
| ☐ OraPharma, Inc. |
| ☐ Ortho Biologics LLC |
| ☐ Ortho Biotech (Canada) |
| ☐ Ortho Biotech Products, L.P. |
| ☐ Ortho Dermatologics div. of Ortho-McNeil-Janssen Pharmaceuticals, Inc. |
| ☐ Ortho-McNeil-Janssen Pharmaceuticals, Inc. |
| ☐ Ortho-McNeil Janssen Scientific Affairs, LLC |
| ☐ Ortho-McNeil Neurologics Division of Ortho-McNeil-Janssen Pharmaceuticals, Inc. |
| ☐ Ortho Pharmaceuticals (Puerto Rico) |
| ☐ Ortho Women's Health and Urology, a division of Ortho-McNeil-Janssen Pharmaceuticals, Inc. |
| ☐ Patriot Pharmaceuticals, LLC |
| ☐ (PGSM) Pharmaceutical Group Strategic Marketing |
| ☐ PriCara Division of Ortho-McNeil-Janssen Pharmaceuticals, Inc. |
| ☐ Scios Inc. |
| ☐ Tasmanian Alkaloids Pty. Ltd. |
| ☐ Tibotech, Inc. |
| ☐ Tibotec Pharmaceuticals (Ireland) |
| ☐ Tibotec Therapeutic Clinical Affairs, division of Centocor Ortho Biotech Services LLC |
| ☐ Tibotec Therapeutics Division of Centocor Ortho Biotech Products, L.P. |
| ☐ Tibotec-Virco Comm. VA (Belgium) |
| ☐ Xian-Janssen Pharmaceutical Ltd. (China) |

**J&J Corporate (Tier 1)**

| |
|---|
| ☒ Corporate Communications |
| ☐ Corporate Human Resources |
| ☐ Corporate Internal Audit |
| ☐ Corporate Secretary |
| ☐ EEO |

| |
|---|
| ☐ Executive Committee |
| ☐ General Law & Law Library/Trademark |
| ☐ Global Marketing Group |
| ☒ GOC – Consumer & Personal Care |
| ☐ GOC - Corporate |
| ☐ GOC – MD&D – Comprehensive Care |
| ☐ GOC – MD&D – Surgical Care |
| ☐ GOC – Pharmaceutical Group |
| ☐ Government Affairs & Policy |
| ☐ Human Resources HQ |
| ☐ Human Resources VP |
| ☐ Investor Relations |
| ☐ J&J Development Corporation |
| ☐ J&J Process Excellence |
| ☐ Office of CEO |
| ☐ Office of CFO |
| ☐ Office of CIO |
| ☐ Office of Privacy |
| ☐ Patent Law |
| ☒ Quality & Compliance WW (fka QCS) |
| ☐ Sterile Process Technology |
| ☐ Treasurer |
| ☐ Trademark Law |
| ☐ Worldwide Compensation Resources |

**J&J Corporate (Tier 2)**

| |
|---|
| ☐ Accounts Payable |
| ☐ Administrative Services Mngmt. |
| ☐ Aviation |
| ☐ Career Services |
| ☐ Corporate Benefits |
| ☐ Common Ground |
| ☐ Corporate Affairs |
| ☐ Corporate College Recruiting (Global Recruiting) |
| ☐ Corporate Contributions |
| ☐ Corporate Controller |
| ☐ Corporate Office of Science and Technology (COSAT) |
| ☐ Credo Survey |
| ☐ Employee Relations Resource Group (ERRG) |
| ☐ Expense Reporting |
| ☐ Facilities |
| ☐ Financial M&A Analysis |
| ☐ Financial Services Administration |
| ☐ Group Finance |
| ☐ Health & Wellness |
| ☐ Health Care Compliance |
| ☐ HQ Security |
| ☐ HQ Services |
| ☐ Information Lifecycle Management |
| ☐ Information Technology Services, a Division of Johnson & Johnson Services, Inc.   **(Interim RM – Kristen Carey)** |
| ☐ IT Corporate Systems |
| ☐ J&J Business Services, Puerto Rico |
| **(Records Mngr. - Wanda Maldonado)** |
| ☐ J&J Finance Corporation |
| ☐ Medical |
| ☐ Office of Diversity |
| ☐ Payroll |
| ☐ Pension |
| ☐ Placement |
| ☐ Procurement |
| ☐ Recruiting Shared Services (Global Recruiting) |
| ☐ Risk Management |
| ☐ Savings Plan |
| ☐ Strategic Sourcing |
| ☐ Talent Management VP |

| |
|---|
| ☐ Tax |
| ☐ Treasury |
| ☐ Worldwide Security |
| ☐ Worldwide Engineering & Real Estate |
| ☐ Worldwide Environmental Affairs |
| ☐ Worldwide Energy Management |
| ☐ Worldwide Health & Safety |
| ☐ Worldwide Operations |

# J&J LAW DEPARTMENT DOCUMENT PRESERVATION NOTICE DO NOT DESTROY SPECIFIED DOCUMENTS

[Note: For a comprehensive list of hold notices that pertain to your company or Johnson & Johnson headquarters department, please visit the following website: http://documenthold.jnj.com and select the appropriate operating company or corporate department.]

December 14, 2009

RE:  Hold Notice for Deane Berg v J&J Consumer Companies, et al.

Johnson & Johnson Consumer Products is party to a lawsuit involving Johnson's Baby Power and Shower to Shower.

In connection with this matter, it is vital to preserve all documents relating in any way to the below listed subject matters **(attached as Exhibit A)** until contrary written notice is received from the J&J Law Department.  **Failure to preserve these materials could result in Court imposed penalties or sanctions on both the company and/or individual employees.**

**Do not discard, destroy or alter in any way any of the documents (electronic or paper) described below.**  Please ensure that these instructions are followed.

Please save and preserve all documents in categories described below, including emails and attachments, drafts, letters, memos, notes (handwritten or typed), reports and tables (either printed or on the computer), slides or other graphics, data stored on computer, audio or video tapes, "working" or other personal files, notes, guidelines and

procedures and minutes.  Documents must be maintained even if known to be duplicates of documents held by other persons or you, and even if the duplicate has notes or handwritten comments on it.

"Document" includes all written materials, including all drafts as well as finalized documents, all emails and other electronic media (computer files), and all other types of recorded information such as audiotapes, video tapes, etc.

### **Instructions for Handling Electronic Materials**

### **A. General Instructions:**

In the event you have emails and attachments that fall within the identified categories, you should copy or move all such sent or received emails and attachments to the Litigation Hold folder so as to prevent their inadvertent deletion.  You should **copy** records that you need for day to day business and records that are subject to additional records retention.  You should **move** records that are NOT subject to additional records retention and are only being held for Litigation Hold.  This request means <u>all</u> emails and attachments that fit the identified description (whether currently in other folders or not now in folders) should be copied or moved into the Litigation Hold folder.  Specifically this includes copying or moving emails from the "in-box," "sent items," "drafts," and "deleted items" location in Outlook or Exchange.  For all new emails, you should copy or move the emails and attachments to the Litigation Hold folder within three working days of the emails being opened or created by you.  For existing emails, you should copy individual emails or entire folders of emails, if relevant, into the Litigation Hold folder. Documents maintained on hard drives as well as on the LAN should be copied or moved to the Litigation Hold folder on your desktop.

Berg Legal Hold 12-15-09.docx

You have the option to create subfolders in the Litigation Hold folder. Instructions on how to create this folder are attached.

**B.  Case Specific Instructions:**

In the event that you have emails and attachments that fall within the identified categories, you should copy or move all such sent or received emails and attachments to the Berg v J&J folder under the Litigation Hold folder so as to prevent their inadvertent deletion.  You should **copy** records that you need for day to day business records that are subject to additional records retention.  You should **move** records that are NOT subject to additional records retention and are only being held for Litigation Hold.  This request means all emails and attachments that fit the identified description (whether currently in other folders or not now in folders) should be copied or moved into the Berg v J&J folder.  Specifically, this includes copying or moving emails from the "in-box," "sent items," "drafts," and "deleted items" locations in Outlook or Exchange.  For all new emails, you should copy or move the emails and attachments to the Litigation Hold folder within three working days of the emails being opened or created by you.  For existing emails, you should copy individual emails or entire folders of emails, if relevant, into the Berg v J&J folder. Documents maintained on hard drives, as well as on the LAN, should be copied or moved to the Litigation Hold folder on the desktop.

You have the option to create subfolders in the Litigation Hold folder.  Instructions on how to create this folder are attached.

## Creating a Subfolder for Microsoft Outlook/Exchange

1.    Click the mail folder named **"Litigation Hold"** to switch to your "Litigation Hold" folder (if you're not already there.)

2.    Click on the **"File"** menu, **"Folder"** option, **"New Folder"** option (or press Ctrl+Shift+E) to open the Create New Folder dialog box.

3.    Confirm that the mail folder **"Litigation Hold"** is highlighted in the list of folders at the bottom of the Create New Folder dialog box.



4.  In the **Name** text box enter the name of your new folder.

5.  Click OK to close the Create New Folder dialog box.

6.  Visually confirm that the new folder appears.

7.  Copy or move emails and attachments into the new folder.

8.  Please hold these materials until further notice.

If you have any questions about what documents should be preserved as a result of this notice, please contact me at (732) 524-2474.  If you cannot locate me, please contact Joe Braunreuther at (732) 524-2563.

For additional information or training on how to use the Litigation Hold folder, please login to eUniversity (http://jnjuniversity.jnj.com).

John C. O'Shaughnessy

## Exhibit A

Subject matters of documents to be preserved:

Hold all documents, memoranda, notes, files, emails, etc. relating to: talc

1. **Labeling:**  All documents pertaining to talc labeling or labeling revisions, including draft and final package inserts, patient information, minutes and notes of labeling meetings and all communications regarding same.

2. **Complaints**:  Product Complaint Files, analysis, compilations or discussions of complaints.

3. **Regulatory**:  All final draft communications with regulatory authorities regarding talc including regulatory agency correspondence and inspection records, and other regulatory files and audit files including product monographs files (as applicable).

4. **Research and Development**: All proposed, completed or ongoing studies, investigations, assessments or clinical evaluations, design, development and testing, fact books, product history, budget analysis, presentations and related communications pertaining to talc.

5. **Product Communications**: All documents pertaining to dear doctor letters, communications with health care professionals or consumers including written responses to product inquiries and attachments, telephone logs or other records or communication files dealing with this incident, plaintiff or event including documents pertaining to: records of plaintiff's complaint and incident, if known, and the product actually involved, if returned or available.  Also included should be bibliographies, abstracts, reprints, literature search requests, search results, product complaints, investigations, correspondence and testing of the product at issue.

6. **Marketing and Sales Material**: All documents developed for the marketing of talc, including all print and broadcast marketing materials, contracts and communications with advertising agencies, training and detailing materials, all present and past labeling including package inserts and patient guides held by sales representatives but not for distribution, brochures, graphics, other trade pieces, call logs, notes, diaries or other records pertaining to communications with health care professionals, budgeting, and sales data, including that provided by third party communications regarding same.

7. **Manufacturing Documents**: If product lot batch is known, all talc lot and batch records, quality assurance and manufacturing controls and product complaints.

8. **Distribution:** Retail contracts pertaining to the distribution and wholesale of the product at issue including correspondence, sales information, invoices, bills of lading, distribution tracking or analysis and sales history.



**LAW DEPARTMENT**

### LEGAL HOLD NOTICE
### DO NOT DESTROY SPECIFIED RECORDS AND INFORMATION

| | |
|---|---|
| **Date** | February 6, 2014 |
| **From** | Denise Houghton 732-524-6787 |
| | Kim Giganti 732-524-3712 |
| **Matter Name** | Chesteen, Molly & Randy v J&J Consumer Companies |
| **Matter #** | **JJL2014001154** |
| **Matter Type** | **Product Liability** |
| | |
| **Distribution List** | **Debbie Staneruck, Records Manager** |
| | **Clay Paterson, Board Attorney** |

COUNTRY:
☒ US Only
☐ Ex-US Only
☐ US and Ex-US

SECTOR:
☐ Corporate
☒ Consumer Sector
☐ MD&D Sector
☐ Pharmaceutical Sector

**MATTER DESCRIPTION:**

This is to advise you that a lawsuit has been commenced against Johnson & Johnson Consumer Companies, alleging exposure to talc from J&J Baby Powder and Shower to Shower caused her to develop ovarian cancer.

This Legal Hold Notice ("Notice") contains important information regarding your obligation to preserve all records and information, including convenience information, related to the matter (see below "Categories of Records and Information"). You must continue to preserve these records and information until the Law Department provides specific written notice instructing otherwise.

**CONSEQUENCES OF THE FAILURE TO COMPLY WITH THIS NOTICE:**

**It is of critical importance that you read this Notice in its entirety and comply with the instructions contained in this Notice. The failure to preserve records and information subject to this Notice may result in severe sanctions and penalties against the Company and could also result in disciplinary action against you. All Associates subject to this Notice are prohibited from destroying, deleting or altering relevant records and information.**

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

**CATEGORIES OF RECORDS AND INFORMATION THAT YOU MUST PRESERVE:**

Please preserve all records and information (electronic and paper) until further written notice from the law department. The records and information that you should preserve include, but are not limited to, the following categories:

1. **Labeling:** All documents pertaining to talc labeling or labeling revisions, including draft and final professional package inserts, patient information, minutes and notes of labeling meetings and all communications regarding same.

2. **Pharmacovigilence**: Adverse Event Reports, line listings or other data, analysis, compilations or discussions of adverse events.

3. **Regulatory**: All final draft communications with regulatory authorities regarding talc including FDA correspondence and inspection records, 483's, IND, NDA, BLA, PMA and 510K, and other regulatory files and audit files including product monographs files (as applicable).

4. **Discovery, Research and Development**: All proposed, completed or ongoing studies, investigations, assessments or clinical evaluations, design, development and testing, fact books, product history, budget analysis, presentations and related communications pertaining to talc.

5. **Product Communications**: All documents pertaining to dear doctor letters, communications with health care professionals or patients including written responses to product inquiries and attachments, telephone logs or other records or communication files dealing with this incident, plaintiff or event including documents pertaining to: records of plaintiff's complaint and incident, if known, and the product actually involved, if returned or available. Also included should be bibliographies, abstracts, reprints, literature search requests, search results, product complaints, investigations, correspondence and testing of the product at issue.

6. **Marketing and Sales Material**: All documents developed for marketing of J&J Baby Powder and Shower to Shower, including all print and broadcast marketing materials, contracts and communications with advertising agencies, training and detailing materials, all present and past labeling including package inserts and patient guides held by sales representatives but not for distribution, brochures, graphics, other trade pieces, call logs, notes, diaries or other records pertaining to communications with health care professionals, budgeting, and sales data, including that provided by third party communications regarding same.

7. **Manufacturing Documents**: If product lot batch is known, all talc lot and batch records, quality assurance and manufacturing controls and product complaints.

8. **Distribution:** Retail contracts pertaining to the distribution and wholesale of the product at issue including correspondence, sales information, invoices, bills of lading, distribution tracking or analysis and sales history.

## SCOPE OF THIS LEGAL HOLD NOTICE:

This Legal Hold Notice applies to all records and information described above, including, but not limited to:

- Records and information that you created or received, including items that you inherited from your predecessor or other co-workers and whether or not you think someone else may have the same records or information;

- Records and information *of any and all types* (paper and electronic documents), draft or final versions, *at any and all storage locations.* For example, paper documents stored in file cabinets, or electronic records and information maintained on shared network files (such as local office file and print servers, SharePoint sites), computer hard drives, DVDs, CDs, floppy disks, laptop computers, tablets (e.g., iPad), handheld or pocket PCs (e.g., Palm Pilots), and/or smartphone devices (e.g., Blackberry), database records, email messages, instant messages, voicemail messages and voice recordings. Specific instructions regarding the proper methods to preserve relevant paper, emails and other types of electronic information can be found under Additional Instructions and Resources (see below);

- Records and information that exists today as well as records and information related to the matter that you create or receive in the future, unless otherwise noted above; and

- Records and information owned by the Company, or that the Company has the right to request, that are stored at your home or at a third-party.

If you use a personal computer, personal laptop, personal tablet (e.g., iPad) or other non-Company owned device to perform work on behalf of the Company, you must preserve any relevant records and information stored on these devices. If you use a personal email account(s) to send email related to the matter, you must preserve the related emails. If you use social media (for personal or work-related purposes), and post or blog about issues related to this Notice, you must preserve those postings. *You must make diligent and reasonable efforts to preserve relevant records and information in all locations.*

## WHAT YOU MUST DO:

- **Do not destroy, delete or modify any record or information that may relate to this matter**. You must preserve records and information even if preservation is burdensome or if the contents are potentially damaging to you or to the Company.

- Should you leave the Company, receive a new computer, transfer jobs, transfer to a different Operating Company, or take an extended leave of absence, *prior to your departure or transfer,* you must notify your supervisor and one of the Law Department contacts listed at the top of this Legal Hold Notice. Notification will allow the Law Department to make the arrangements necessary to continue the preservation of relevant records and information.

- You must take affirmative action to move or otherwise preserve any record or information related to this matter that is in a location or format that is likely to be modified or deleted (either due to automatic or manual processes). **Please suspend all standard document destruction programs you have implemented, including programs or processes that automatically delete electronic information at the conclusion of a set period of time.**

**ADDITIONAL INSTRUCTIONS AND RESOURCES:**

- Do NOT reply directly to this Notice.  Rather, please contact the Law Department contacts listed at the top of this Notice.

- Do NOT forward or otherwise distribute this Notice. Rather, please contact the Law Department contacts listed at the top of this Notice if you know of others that have not received this Notice but may possess relevant records or information.

- If you have any questions about the technical aspects of preserving or preventing the modification of records and information related to this matter, please contact one of the Law Department contacts listed at the top of this Notice.

- If you are aware of records or information that may be related to this matter, but are uncertain of the need to preserve the record or information, immediately seek guidance from one of the Law Department contacts listed at the top of this Notice.

- To preserve the confidentiality of Company records and information, the attorney-client privilege and our ability to defend the Company, please do not discuss this matter with anyone, even others inside the Company, except as necessary to fulfill this Notice.  If an individual from outside the Company contacts you for information regarding this matter, please contact the Law Department, advising the Law Department that you were approached.

- Review and refer to the Frequently Asked Questions Regarding Legal Holds ("FAQs") - Legal Hold FAQ and the Instructions for Preservation of Records & Information - Legal Hold Preservation Instructions for additional details regarding your obligations and available resources to assist you with your preservation efforts.  If you are unable to access either of these documents via the links above please contact the Company's Records Manager for a copy.

**QUESTIONS:**

If you have any questions regarding the types of records and information to be maintained, the process of preserving records or information, or any other obligations under this Legal Hold Notice, please review the FAQs and Instructions for Preservation of Records & Information and/or contact the Law Department contact(s) identified above as soon as possible.

Thank you for your prompt attention to this critically important matter.

*Johnson&Johnson*

**LAW DEPARTMENT**

### REVISED LEGAL HOLD NOTICE
### DO NOT DESTROY SPECIFIED RECORDS AND INFORMATION

| | |
|---|---|
| **Date** | May 14, 2014 |
| **From** | Kathryn Meisel (732) 524-2791 |
| | Jocelyn Hester, Paralegal (732) 524-3171 |
| **Matter Name** | Mona Estrada v. Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. |
| **Matter #** | JJL2014005093 |
| **Matter Type** | General |
| **Distribution List** | Johnson & Johnson Consumer Products Company Division of Johnson & Johnson Consumer Companies, Inc *(Debbie Staneruck, Records Manager)* Johnson & Johnson Corporate (Quality & Compliance WW (fka QCS); and Global Marketing Group *(Edith Mendez, Records Manager)* |
| **CC** | Clayton Paterson *(Board Attorney for Johnson & Johnson Consumer Companies, Inc.,)* |

*Estrada Hold 2014*

COUNTRY:
☒ US Only
☐ Ex-US Only
☐ US and Ex-US

SECTOR:
☐ Corporate
☒ Consumer Sector
☐ MD&D Sector
☐ Pharmaceutical Sector

**MATTER DESCRIPTION:**

This is to advise you that Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. have been sued. In the lawsuit, the plaintiff claims that Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. failed to disclose alleged health risks associated with the talc contained in Johnson's® Baby Powder. Specifically, the plaintiff claims that Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. breached implied warranties, violated California's consumer protection statutes (as well as the consumer protection statues of other states) and made negligent misrepresentations (and omissions) in connection with the marketing, labeling, and advertising of Johnson's® Baby Powder.

This Legal Hold Notice ("Notice") contains important information regarding your obligation to preserve all records and information, including convenience information, related to the matter (see below "Categories of Records and Information"). You must continue to preserve these records and information until the Law Department provides specific written notice instructing otherwise.

**CONSEQUENCES OF THE FAILURE TO COMPLY WITH THIS NOTICE:**

**It is of critical importance that you read this Notice in its entirety and comply with the instructions contained in this Notice. The failure to preserve records and information subject to this Notice may result in severe sanctions and penalties against the Company and could also result in disciplinary**

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

EXHIBIT
Mittenthal
35
10-18-18

action against you.  All Associates subject to this Notice are prohibited from destroying, deleting or altering relevant records and information.

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

## CATEGORIES OF RECORDS AND INFORMATION THAT YOU MUST PRESERVE:

Please preserve all records and information (electronic and paper) until further written notice from the Law Department. The records and information that you should preserve include, but are not limited to, the following categories for the following product:

**Johnson's® Baby Powder**

A. Clinical studies, trials, focus groups, efficacy studies, test results and/or other forms of research regarding the use of hydrous magnesium silicate ("talc") as an ingredient or regarding Johnson's® Baby Powder.

B. Clinical studies, trials, focus groups, efficacy studies, test results, and/or other forms of research regarding other ingredients similar to hydrous magnesium silicate ("talc") or regarding other products similar to Johnson's® Baby Powder.

C. Consumer interest in, reaction to, or understanding of Johnson's® Baby Powder and the advertising, labeling and promotions for Johnson's® Baby Powder, including, but not limited to, focus groups, surveys, or other forms of consumer research related to Johnson's® Baby Powder.

D. Comparisons of Johnson's® Baby Powder and other similar products.

E. Johnson's® Baby Powder webpage, including but not limited to the design, construction, development, and administration of the Johnson's® Baby Powder webpage.

F. Advertising, labeling, or promotion of Johnson's® Baby Powder (including the development of such materials).

G. Submissions to or documents provided to any government agency regarding the Johnson's® Baby Powder or hydrous magnesium silicate ("talc"), including (but not limited to) the U.S. Food and Drug Administration ("FDA")

H. Labeling files, advertising files, marketing records, and any other similar materials related to Johnson's® Baby Powder.

I. FDA records, Form 483s, or any other similar materials related to Johnson's® Baby Powder.

J. Sales, pricing, or market share of Johnson's® Baby Powder, including (but not limited to) any information provided or compiled by IRI or similar companies.

K. Manufacturer Raw Material Specification Sheets for each and every ingredient in Johnson's® Baby Powder and in particular hydrous magnesium silicate ("talc").

L. Formulation, development, or testing of Johnson's® Baby Powder or its component ingredients, including (but not limited to) hydrous magnesium silicate ("talc").

M. Any complaints, comments, lawsuits, requests for information or warnings (including from both consumers and from government agencies) regarding either Johnson's® Baby Powder or hydrous magnesium silicate ("talc").

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

N. Records regarding use of any ingredient in Johnson's® Baby Powder, including the following alone and in combination with other active ingredients:

    1. Hydrous magnesium silicate ("talc")

    2. Fragrance

O. All documents, memoranda, notes, files, emails, etc. relating to these aforementioned topics, including any advertising, promotional materials, packaging, website content, educational programs, consumer research or business plans that relate in any way to Johnson's® Baby Powder or hydrous magnesium silicate ("talc").

## SCOPE OF THIS LEGAL HOLD NOTICE:

This Legal Hold Notice applies to all records and information described above, including, but not limited to:

- Records and information that you created or received, including items that you inherited from your predecessor or other co-workers and whether or not you think someone else may have the same records or information;

- Records and information *of any and all types* (paper and electronic documents), draft or final versions, *at any and all storage locations.* For example, paper documents stored in file cabinets, or electronic records and information maintained on shared network files (such as local office file and print servers, SharePoint sites), computer hard drives, DVDs, CDs, floppy disks, laptop computers, tablets (e.g., iPad), handheld or pocket PCs (e.g., Palm Pilots), and/or smartphone devices (e.g., Blackberry), database records, email messages, instant messages, voicemail messages and voice recordings. Specific instructions regarding the proper methods to preserve relevant paper, emails and other types of electronic information can be found under Additional Instructions and Resources (see below);

- Records and information that exist today as well as records and information related to the matter that you create or receive in the future, unless otherwise noted above; and

- Records and information owned by the Company, or that the Company has the right to request, that are stored at your home or at a third-party.

If you use a personal computer, personal laptop, personal tablet (e.g., iPad) or other non-Company owned device to perform work on behalf of the Company, you must preserve any relevant records and information stored on these devices. If you use a personal email account(s) to send email related to the matter, you must preserve the related emails. If you use social media (for personal or work-related purposes), and post or blog about issues related to this Notice, you must preserve those postings. *You must make diligent and reasonable efforts to preserve relevant records and information in all locations.*

**WHAT YOU MUST DO:**

- **Do not destroy, delete or modify any record or information that may relate to this matter**. You must preserve records and information even if preservation is burdensome or if the contents are potentially damaging to you or to the Company.

- Should you leave the Company, receive a new computer, transfer jobs, transfer to a different Operating Company, or take an extended leave of absence, ***prior to your departure or transfer,*** you must notify your supervisor and one of the Law Department contacts listed at the top of this Legal Hold Notice. Notification will allow the Law Department to make the arrangements necessary to continue the preservation of relevant records and information.

- You must take affirmative action to move or otherwise preserve any record or information related to this matter that is in a location or format that is likely to be modified or deleted (either due to automatic or manual processes). **Please suspend all standard document destruction programs you have implemented, including programs or processes that automatically delete electronic information at the conclusion of a set period of time.**

**ADDITIONAL INSTRUCTIONS AND RESOURCES:**

- Do NOT reply directly to this Notice. Rather, please contact the Law Department contacts listed at the top of this Notice.

- Do NOT forward or otherwise distribute this Notice. Rather, please contact the Law Department contacts listed at the top of this Notice if you know of others that have not received this Notice but may possess relevant records or information.

- If you have any questions about the technical aspects of preserving or preventing the modification of records and information related to this matter, please contact one of the Law Department contacts listed at the top of this Notice.

- If you are aware of records or information that may be related to this matter, but are uncertain of the need to preserve the record or information, immediately seek guidance from one of the Law Department contacts listed at the top of this Notice.

- To preserve the confidentiality of Company records and information, the attorney-client privilege and our ability to defend the Company, please do not discuss this matter with anyone, even others inside the Company, except as necessary to fulfill this Notice. If an individual from outside the Company contacts you for information regarding this matter, please contact the Law Department, advising the Law Department that you were approached.

- Review and refer to the Frequently Asked Questions Regarding Legal Holds ("FAQs") - Legal Hold FAQ and the Instructions for Preservation of Records & Information - Legal Hold Preservation Instructions for additional details regarding your obligations and available resources to assist you with your preservation efforts. If you are unable to access either of these documents via the links above please contact the Company's Records Manager for a copy.

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

**QUESTIONS:**

If you have any questions regarding the types of records and information to be maintained, the process of preserving records or information, or any other obligations under this Legal Hold Notice, please review the FAQs and Instructions for Preservation of Records & Information and/or contact the Law Department contact(s) identified above as soon as possible.

Thank you for your prompt attention to this critically important matter.

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*



**LAW DEPARTMENT**

<span style="color:red">**LEGAL HOLD NOTICE**
**DO NOT DESTROY SPECIFIED RECORDS AND INFORMATION**</span>

| Date | *September 19, 2014* |
|---|---|
| From | *Norv McAndrew – 732-524-6346* |
| | *Dan Gadzanku – 732-524-2015* |
| Matter Name | ***State of Mississippi v. Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.*** |
| Matter # | *JJL2013015080* |
| Matter Type | *Government Investigation & Litigation* |
| | |
| Distribution List | *Johnson & Johnson Consumer Companies Inc.; Johnson & Johnson Corporate (Quality & Compliance WW (fka QCS); and Global Marketing Group (Edith Mendez, Records Manager)* |

COUNTRY:
☒ US Only
☐ Ex-US Only
☐ US and Ex-US

SECTOR:
☐ Corporate
☒ Consumer Sector
☐ MD&D Sector
☐ Pharmaceutical Sector

**MATTER DESCRIPTION:**

This is to advise you that Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. have been sued. In the lawsuit, the Mississippi Attorney General claims that Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. failed to disclose alleged health risks associated with the talc contained in Johnson's® Baby Powder and Johnson's® Shower to Shower (a product no longer sold by Johnson & Johnson). More specifically, the Mississippi Attorney General claims that Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. violated Mississippi's consumer protection statutes by making misrepresentations and omissions in connection with the marketing, labeling, and advertising of Johnson's® Baby Powder and Johnson's® Shower to Shower.

This Legal Hold Notice ("Notice") contains important information regarding your obligation to preserve all records and information, including convenience information, related to the matter (see below "Categories of Records and Information"). You must continue to preserve these records and information until the Law Department provides specific written notice instructing otherwise.

**CONSEQUENCES OF THE FAILURE TO COMPLY WITH THIS NOTICE:**

**It is of critical importance that you read this Notice in its entirety and comply with the instructions contained in this Notice. The failure to preserve records and information subject to this Notice may result in severe sanctions and penalties against the Company and could also result in disciplinary**

EXHIBIT
Mittendal
316
10-18-18
PENGAD 800-631-6989

action against you.  All Associates subject to this Notice are prohibited from destroying, deleting or altering relevant records and information.

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

**CATEGORIES OF RECORDS AND INFORMATION THAT YOU MUST PRESERVE:**

Please preserve all records and information (electronic and paper) until further written notice from the Law Department.

Hold **ALL** documents, memoranda, notes, files, emails, electronically stored information, etc. relating to the following products:

**A. Talc-based Body Powders (including but not limited to Johnson's® Baby Powder and Johnson's® Shower to Shower) (the "Products")**

This includes, but is not limited to:

- Labeling:  All documents pertaining to Product labeling or labeling revisions, including draft and final package inserts, patient information, minutes and notes of labeling meetings and all communications regarding same.

- Complaints:  Product Complaint Files, analysis, compilations or discussions of complaints, lawsuits, requests for information, or warnings (including both from consumers and from government agencies).

- Regulatory:  All final draft communications with regulatory or other government authorities regarding hydrous magnesium silicate ("talc") or the Products including regulatory agency correspondence and inspection records, FDA records, Form 483s, and other regulatory files and audit files including product monographs files (as applicable).

- Research and Development:  All proposed, completed or ongoing studies, investigations, surveys, focus groups, assessments or clinical evaluations, design, formulation, development and testing, fact books, product history, budget analysis, presentations and related communications regarding the use of talc as an ingredient or the Products.

- Product Communications:  All documents pertaining to dear doctor letters, communications with health care professionals or consumers including written responses to product inquiries and attachments, telephone logs or other records or communication files dealing with these Products and the plaintiff.  Also included should be bibliographies, abstracts, reprints, literature search requests, search results, product complaints, investigations, correspondence and testing of the product at issue.

- Marketing and Sales Material:  All documents developed for the marketing of talc or the Products, including all print, online, and broadcast marketing materials, contracts and communications with advertising agencies, training and detailing materials, all present and past labeling including package inserts and patient guides held by sales representatives but not for distribution, brochures, graphics, other trade pieces, call logs, notes, diaries or other records pertaining to communications with health care professionals, budgeting, and sales data, including that provided by third party communications regarding same.

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

- Manufacturing Documents:  All Product and talc lot and batch records, quality assurance and manufacturing controls, and Manufacturer Raw Material Specification sheets for every ingredient in the Products.

- Distribution:  Retail contracts pertaining to the distribution and wholesale of the Products at issue including correspondence, sales information, invoices, bills of lading, distribution tracking or analysis and sales history.

## SCOPE OF THIS LEGAL HOLD NOTICE:

This Legal Hold Notice applies to all records and information described above, including, but not limited to:

- Records and information that you created or received, including items that you inherited from your predecessor or other co-workers and whether or not you think someone else may have the same records or information;

- Records and information *of any and all types* (paper and electronic documents), draft or final versions, *at any and all storage locations.*  For example, paper documents stored in file cabinets, or electronic records and information maintained on shared network files (such as local office file and print servers, SharePoint sites), computer hard drives, DVDs, CDs, floppy disks, laptop computers, tablets (e.g., iPad), handheld or pocket PCs (e.g., Palm Pilots), and/or smartphone devices (e.g., Blackberry), database records, email messages, instant messages, voicemail messages and voice recordings.  Specific instructions regarding the proper methods to preserve relevant paper, emails and other types of electronic information can be found under Additional Instructions and Resources (see below);

- Records and information that exists today as well as records and information related to the matter that you create or receive in the future, unless otherwise noted above; and

- Records and information owned by the Company, or that the Company has the right to request, that are stored at your home or at a third-party.

If you use a personal computer, personal laptop, personal tablet (e.g., iPad) or other non-Company owned device to perform work on behalf of the Company, you must preserve any relevant records and information stored on these devices.  If you use a personal email account(s) to send email related to the matter, you must preserve the related emails.  If you use social media (for personal or work-related purposes), and post or blog about issues related to this Notice, you must preserve those postings.  *You must make diligent and reasonable efforts to preserve relevant records and information in all locations.*

## WHAT YOU MUST DO:

- **Do not destroy, delete or modify any record or information that may relate to this matter.**  You must preserve records and information even if preservation is burdensome or if the contents are potentially damaging to you or to the Company.

- Should you leave the Company, receive a new computer, transfer jobs, transfer to a different Operating Company, or take an extended leave of absence, *prior to your departure or transfer,*

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

you must notify your supervisor and one of the Law Department contacts listed at the top of this Legal Hold Notice. Notification will allow the Law Department to make the arrangements necessary to continue the preservation of relevant records and information.

- You must take affirmative action to move or otherwise preserve any record or information related to this matter that is in a location or format that is likely to be modified or deleted (either due to automatic or manual processes). **Please suspend all standard document destruction programs you have implemented, including programs or processes that automatically delete electronic information at the conclusion of a set period of time.**

## ADDITIONAL INSTRUCTIONS AND RESOURCES:

- Do NOT reply directly to this Notice. Rather, please contact the Law Department contacts listed at the top of this Notice.

- Do NOT forward or otherwise distribute this Notice. Rather, please contact the Law Department contacts listed at the top of this Notice if you know of others that have not received this Notice but may possess relevant records or information.

- If you have any questions about the technical aspects of preserving or preventing the modification of records and information related to this matter, please contact one of the Law Department contacts listed at the top of this Notice.

- If you are aware of records or information that may be related to this matter, but are uncertain of the need to preserve the record or information, immediately seek guidance from one of the Law Department contacts listed at the top of this Notice.

- To preserve the confidentiality of Company records and information, the attorney-client privilege and our ability to defend the Company, please do not discuss this matter with anyone, even others inside the Company, except as necessary to fulfill this Notice. If an individual from outside the Company contacts you for information regarding this matter, please contact the Law Department, advising the Law Department that you were approached.

- Review and refer to the Frequently Asked Questions Regarding Legal Holds ("FAQs") - Legal Hold FAQ and the Instructions for Preservation of Records & Information - Legal Hold Preservation Instructions for additional details regarding your obligations and available resources to assist you with your preservation efforts. If you are unable to access either of these documents via the links above please contact the Company's Records Manager for a copy.

## QUESTIONS:

If you have any questions regarding the types of records and information to be maintained, the process of preserving records or information, or any other obligations under this Legal Hold Notice, please review the FAQs and Instructions for Preservation of Records & Information and/or contact the Law Department contact(s) identified above as soon as possible.

Thank you for your prompt attention to this critically important matter.

*Privileged & Confidential*
*Attorney-Client Communication & Attorney Work Product*

7302380v.1

128604



**LAW DEPARTMENT**

<u>**PLEASE READ THIS EMAIL IN ITS ENTIRETY**</u>

**PRIVILEGED & CONFIDENTIAL: DO NOT REPLY OR FORWARD**

**RE:**     TALC OVARIAN CANCER PL LITIGATION *UPDATED LEGAL HOLD NOTICE*

Responsible J&J Attorney: Denise Houghton

Responsible J&J Paralegal: Kim Giganti

Johnson & Johnson Consumer Inc. and Johnson & Johnson are involved in product liability lawsuits alleging that exposure to talc in Johnson's Baby Powder and Shower to Shower causes ovarian cancer.

You have been identified as someone who may have records and information concerning the above-referenced matters (a "Custodian"). Accordingly, you are receiving this Legal Hold Notice ("Notice"), which requires you to preserve certain records and information, as more fully explained below. Your duty to preserve shall continue until the Law Department releases this Notice in writing. Please be advised that this Notice serves as the operative Legal Hold Notice and supersedes previously issued Legal Hold Notices related to Talc ovarian cancer product liability litigation.

To preserve the confidentiality of Company records and information, please do not discuss these matters with anyone - even within the Company - except to comply with this Notice. If someone from outside the Company contacts you concerning these matters, please promptly contact the responsible Johnson & Johnson Attorney, Denise Houghton, or Paralegal, Kim Giganti.

We very much appreciate your assistance and thank you in advance for your cooperation.

<u>**SECTION I.**</u>

<u>**ACKNOWLEDGING THIS NOTICE, VIEWING RECIPIENTS, AND SUGGESTING CUSTODIANS**</u>

**Please access Legal Hold Manager via Google Chrome.**

Within seven (7) days, using the links below, please visit the Legal Hold Manager Compliance Portal, **Legal Hold Manager** ** (optimized for Google Chrome browser) and:



EXHIBIT

Mittasthal

37

10-18-18

PENGAD 800-631-6989

- **Review and Acknowledge This Notice**, i.e., acknowledge that you have read, understand, and agree to comply with this Notice.  **If you do not timely acknowledge this legal hold notice it will be directed to your manager;**
- **View Other Recipients**, i.e., view a list of other individuals receiving this Notice; and
- **Suggest Other Custodians**, i.e., suggest others who you believe may have records and information concerning these matters to assist the Company in fulfilling its preservation obligations.  For example, if any of your colleagues, supervisors, direct reports, sponsored partners (i.e., contractors), or predecessors may have records and information concerning these matters, please "Suggest" them using this link.

** Please be advised that those Legal Hold Notices that you received before Legal Hold Manager was implemented are not currently available on the Legal Hold Manager Compliance Portal.  As always, you are responsible for maintaining and complying with all Legal Hold Notices applicable to you - including those that are not currently available on the Compliance Portal.

## SECTION II.
## THE SCOPE OF YOUR DUTY TO PRESERVE RECORDS AND INFORMATION

You must preserve all records and information relating to the categories described in Section III of this Notice.  Accordingly, you must **not** destroy, delete, or modify any such records and information and you must take affirmative steps to suspend all routine document destruction programs, including those that automatically delete electronic records and information after a set period of time, that apply to such records and information.  Your preservation duty applies to all such records and information, regardless of form, file type or source in which they are maintained.  Records and information subject to this Notice include, for example:

- **Forms of Records and Information**:  electronically stored information, paper documents, and physical objects (e.g., product exemplars or packaging);
- **File Types**:  emails, calendar entries, PDFs, Excel spreadsheets, PowerPoint presentations, and Word documents, etc., including all draft and final versions (i.e., all non-identical copies); and
- **Sources of Records and Information**:  hard drives, shared drives, DVDs or CDs, flash drives, mobile devices (tablets, smartphones), and cloud- or web-based applications or services; the sources of records and information need not be Company-owned to be subject to this Notice *if* the Company has the right to request records and information from that source; this means your personal computers and devices, and records and information in the possession of third-parties, may be subject to this Notice.

The above lists are intended to be illustrative, not exhaustive.  If you have any doubt as to whether specific records and information are subject to this Notice, please preserve such records and information.  You may, of course, seek guidance from the Law Department (Section V., below).

**The failure to preserve records and information subject to this Notice may result in sanctions against the Company and disciplinary action against you.**

**SECTION III.**

**CATEGORIES OF RECORDS AND INFORMATION TO PRESERVE & TIME PERIOD COVERED**

**TIME PERIOD:**

**FROM:**                          **TO:**  Until further written notice from the Law Department

This Notice applies to the following Categories of Records and Information for the Time Period noted immediately above related to talc or talc products Johnson's Baby Powder and Shower to Shower:

1.    **Labeling:**  All documents pertaining to talc products Johnson's Baby Powder and Shower to Shower labeling or labeling revisions, including draft and final professional package inserts, patient information, minutes and notes of labeling meetings and all communications regarding same.

2.    **Pharmacovigilance:**  Adverse Event Reports, line listings or other data, analysis, compilations or discussions of adverse events pertaining to talc or talc products Johnson's Baby Powder and Shower to Shower.

3.    **Regulatory:**  All final draft communications with regulatory authorities pertaining to talc or talc products Johnson's Baby Powder and Shower to Shower including FDA correspondence and inspection records, and other regulatory files and audit files including product monographs files (as applicable).

4.    **Discovery, Research and Development**: All proposed, completed or ongoing studies, investigations, assessments or clinical evaluations, design, development and testing, fact books, product history, budget analysis, presentations and related communications pertaining to talc or talc products Johnson's Baby Powder and Shower to Shower.

5.    **Product Communications**: All documents pertaining to talc or talc products Johnson's Baby Powder and Shower to Shower and relating dear doctor letters, communications with health care professionals or patients including written responses to product inquiries and attachments, telephone logs or other records or communication files dealing with these incidents, plaintiffs or events including documents pertaining to: records of plaintiffs' complaints and incidents, if known, and the products actually involved, if returned or available.  Also included should be bibliographies, abstracts, reprints, literature search requests, search results, product complaints, investigations, correspondence and testing of talc or talc products Johnson's Baby Powder and Shower to Shower.

6.    **Marketing and Sales Material**: All documents developed for marketing of talc or talc products Johnson's Baby Powder and Shower to Shower , including all print and broadcast marketing materials, contracts and communications with advertising agencies, training and detailing materials, all present and

past labelling including package inserts and patient guides held by sales representatives but not for distribution, brochures, graphics, other trade pieces, call logs, notes, diaries or other records pertaining to communications with health care professionals, budgeting, and sales data, including that provided by third party communications regarding same.

7.  **Manufacturing Documents**: If product lot batches are known, all lot and batch records, quality assurance and manufacturing controls and product complaints pertaining to talc or talc products Johnson's Baby Powder and Shower to Shower.

8.  **Distribution**: Retail contracts pertaining to the distribution and wholesale of talc or talc products Johnson's Baby Powder and Shower to Shower including correspondence, sales information, invoices, bills of lading, distribution tracking or analysis and sales history.

<div align="center">

**SECTION IV.**
**ADVISING OF STATUS CHANGES**

</div>

If you leave the Company or transfer to a different Operating Company, you must provide advance notice to your supervisor and either the responsible Johnson & Johnson Attorney, Denise Houghton, or the Paralegal, Kim Giganti. This will allow the Law Department to make the arrangements necessary to continue preserving records and information subject to this Notice.

<div align="center">

**SECTION V.**
**RESOURCES AVAILABLE TO ASSIST YOU WITH COMPLIANCE**

</div>

If you have any questions concerning the records and information subject to this Notice, how to preserve records and information, or any other aspect of your legal duties under this Notice, please visit the **Legal Hold Manager Hub** and review the **Legal Hold Notice FAQs**, **Legal Hold Preservation Guidance**, and the **Quick Reference Video**. You may also call the responsible Johnson & Johnson Attorney, Denise Houghton, or Paralegal, Kim Giganti. Technical questions concerning the Legal Hold Manager Compliance Portal, **Legal Hold Manager**, should be directed to the Help Desk.