UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (FLW) (LHG) |

**DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Personal Care Products Council ("PCPC") opposes Plaintiffs' Motion for Leave to Amend the First Amended Master Long Form Complaint (ECF No. 16132) because: (1) contrary to their assertion, Plaintiffs did not even contact, much less obtain the consent of, PCPC; (2) contrary to another Plaintiffs' assertion, there is a dispositive motion pending—PCPC's motion for summary judgment; (3) PCPC would be unfairly prejudiced by Plaintiffs' tardy amendment because, among other reasons discussed below, re-briefing would be required to address the supposedly "new" facts and cause of action that were well known to Plaintiffs at the time that they filed their lengthy opposition to PCPC's motion for summary judgment—but Plaintiffs failed to cite those "facts."

**ARGUMENT**

Although Fed. R. Civ. P. 15(a)(2) generally provides that "[t]he court should freely give leave when justice so requires," that threshold is not met here. Meeting

that standard requires "the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Gillespie v. Janey*, No. CIVA 2:09-CV-00885, 2010 WL 777954, at *2 (D.N.J. Mar. 5, 2010), aff'd, 441 F. App'x 890 (3d Cir. 2011).  Here, undue delay, undue prejudice and, perhaps, dilatory motive are present.

### A. Plaintiffs Did Not Obtain PCPC's Consent.

Contrary to their assertion (*see* Plaintiffs' Motion at 2[1]), Plaintiffs did not obtain PCPC's consent to file the motion.  In fact, Plaintiffs did not even attempt to contact PCPC.  This is consistent with Plaintiffs' apathy regarding PCPC and the claims asserted against it, most recently demonstrated by Plaintiffs' failure to notify PCPC of the December 14, 2020 hearing.  Plaintiffs' repeated failure to serve PCPC with pleadings and to provide notice to PCPC demonstrates what everyone knows—PCPC is irrelevant to, and does not belong in, this litigation.

Although Rule 15 does not require Plaintiffs to obtain Defendants' consent (the rule is written in the alternative, with defendants' consent *or* leave from court), Plaintiffs cannot misrepresent that they have all Defendants' consent when Plaintiffs do not.

---

[1] Plaintiffs misstate that "Plaintiffs conferred with counsel for Defendants, and counsel for Defendants do not object to the filing of this motion." (Plaintiffs' Motion at 2).

2

### B. Plaintiffs Erroneously State that No Dispositive Motions are Pending.

Plaintiffs' concession by action that PCPC is irrelevant to this litigation is further exhibited by Plaintiffs' misrepresentation that no dispositive motions are pending. *See* Plaintiffs' Motion at 6. In fact, PCPC's Motion for Summary Judgment has been fully briefed for six months.

### C. Plaintiffs' "Facts" Are Not New and PCPC Will Be Unfairly Prejudiced By Plaintiffs' Tardy Amendment.

Plaintiffs' proposed amended complaint would unfairly prejudice PCPC because the complaint would require additional briefing regarding alleged facts that Plaintiffs knew about when they filed their lengthy opposition to PCPC motion, but Plaintiffs failed to cite. And, PCPC would be forced to brief Plaintiffs' tardy and specious spoliation cause of action.

To the extent that Plaintiffs think about PCPC at all, the proposed amended complaint may be a dilatory tactic to avoid adjudication on the completed summary judgment briefing. *See, e.g.*, *Craig v. Norton*, No. CV 06-1981 (JAP), 2008 WL 11383725, at *1 (D.N.J. Apr. 1, 2008) (denying motion to amend based on delay causing prejudice).

Plaintiffs possessed the purported "new" information to amend their complaint for *years*. The supposed "new" facts and theories alleged by Plaintiffs were available to them at the time they filed their lengthy Opposition to the Motion

3

for Summary Judgement back in June 8, 2020. For example, in the proposed amended complaint, Plaintiffs allege anew that "PCPC actively engaged in actions that directly impacted the marketing and sale of the PRODUCTS." Plaintiffs' Motion Ex. C, ¶13. However, alleged facts regarding PCPC would have come to light at the latest through: (a) PCPC's corporate designee depositions, completed in October 2018; (b) PCPC's written discovery responses, last amended in April 2018; or (c) PCPCs document production, last supplemented in January 2019. In other words, Plaintiffs have possessed the purportedly "new" information regarding PCPC for at least two years before seeking to amend their complaint.

Likewise, Plaintiffs' attempt to introduce allegations about scientific findings and documents were available to Plaintiffs before the *Daubert* motions were filed in early May 2019. *See, e.g.,* Plaintiffs' Motion Ex. C, ¶¶43–46; 50(x)–(z); 54–61. As Plaintiffs admit, their allegations cover "four decades" of studies and, accordingly, the amendments do not truly present new information that was not unavailable to Plaintiffs until recently. *Id.*, ¶50(aa). Plaintiffs also seek to amend their complaint to include alleged activities from 1970s through 2012 about PCPC's advocacy efforts and proposed testing method, none of which is "newly discovered." *See generally id.*, ¶¶80–124. The same is true of Plaintiffs' allegations about historical asbestos cases. *See id.*, ¶¶238–286. In short, Plaintiffs set forth no **new** evidence that was not known to them for years. *See, e.g.*, *Tormasi*

4

*v. Hayman*, No. CV 08-4950 (AET), 2009 WL 10677604, at *1 (D.N.J. Nov. 4, 2009) (denying plaintiff's motion because plaintiff had the opportunity to raise proposed amendments when submitting opposition to defendant's motion to dismiss but failed to do so).

Plaintiffs lengthy delay in filing its amended complaint places an unwarranted burden on the court and PCPC. Plaintiffs' amended complaint would delay adjudication of PCPC's summary judgment motion and potentially require additional briefing and time to defend against Plaintiffs' tardy allegations. "Plaintiffs have offered no adequate reason in their moving or reply papers indicating why there has been no previous opportunity to amend." *Craig*, 2008 WL 11383725, at *1.

Although "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Id*. The delay "may become undue when there has been previous opportunity to amend the complaint." *Id*.; *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that three-year lapse between filing complaint and proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). Plaintiffs previously

5

filed an amended complaint and their latest attempt to amend does not present any new facts that would warrant amending after *four* years.

Moreover, Plaintiffs' proposed amendment and the new cause of action would unduly prejudice PCPC by Plaintiffs' apparent attempt to seek additional discovery. *See Tormasi*, 2009 WL 10677604, at *1 (D.N.J. Nov. 4, 2009) (observing that courts will consider whether allowing an amendment would result in additional discovery costs and preparation to defend against new facts or new theories).[2] Although PCPC does not expect any additional document productions because it has been forthcoming in producing responsive documents, Plaintiffs may attempt to propound additional interrogatories or demand additional depositions from PCPC, as Plaintiffs recently have sought additional depositions with respect to the other defendants. This would subject PCPC to significant time, expense, and potential additional briefing should discovery disputes arise. And, Plaintiffs' proposed amendment would extend the litigation schedule, further prejudicing PCPC.

---

[2] While futility also serves as a basis to deny Plaintiffs' Motion, PCPC does not address the merits of Plaintiffs' claim and reserves the right to address this factor as appropriate. The other grounds set forth herein are sufficient to deny Plaintiffs' Motion.

## **CONCLUSION**

Based on the foregoing, PCPC respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Master Long Form Complaint, at least with respect to the new allegations and cause of action asserted against PCPC.

DATED: December 23, 2020   Respectfully submitted,

            PERSONAL CARE PRODUCTS
            COUNCIL

            By: */s/ Thomas Locke*
              Thomas T. Locke
              Renee Appel
              SEYFARTH SHAW LLP
              975 F Street, N.W.
              Washington, DC  20004
              Telephone:  (202) 463-2400
              Facsimile:  (202) 828-5393
              tlocke@seyfarth.com
              rappel@seyfarth.com

              Richard W. Wedinger
              Jennifer Cheong
              BARRY, McTIERNAN &
              WEDINGER P.C.
              10 Franklin Avenue
              Edison, NJ 08837
              Telephone: (732) 738-5600
              Facsimile: (732) 738-7518
              rwedinger@bmctwlaw.com
              jcheong@bmctwlaw.com

              *Attorneys for Defendant Personal Care*
              *Products Council*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the foregoing document to be filed electronically via the court's electronic system this 23rd day of December and all those attorneys registered with the court's electronic filing system received notice of this filing.

*/s/Thomas Locke*
Thomas T. Locke