# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE:  JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS      MDL No. 16-2738 (FLW) (LHG)
MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

### DEFENDANT PERSONAL CARE PRODUCTS COUNCIL'S REVISED[1] OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

    Defendant Personal Care Products Council ("PCPC") opposes Plaintiffs' Motion for Leave to Amend the First Amended Master Long Form Complaint (ECF No. 16132) because PCPC's motion for summary judgment is pending, and PCPC would be unfairly prejudiced by Plaintiffs' tardy amendment because re-briefing would be required to address the supposedly "new" facts and cause of action that were well known to Plaintiffs at the time that they filed their lengthy opposition to PCPC's motion for summary judgment—but Plaintiffs failed to cite those "facts."

### ARGUMENT

    Although Fed. R. Civ. P. 15(a)(2) generally provides that "[t]he court should freely give leave when justice so requires," that threshold is not met here.  Meeting that standard requires "the absence of circumstances such as undue delay, bad faith

---

[1] This filing supersedes ECF No. 16147.

or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Gillespie v. Janey*, No. CIVA 2:09-CV-00885, 2010 WL 777954, at *2 (D.N.J. Mar. 5, 2010), aff'd, 441 F. App'x 890 (3d Cir. 2011).  Here, undue delay, undue prejudice and, perhaps, dilatory motive are present.

Plaintiffs erroneously state that no dispositive motions are pending.  *See* Plaintiffs' Motion at 7 (claiming that Plaintiffs' proposed Second Amended Long Form Master Complaint comes "well prior to the filing of a dispositive motion").  In fact, PCPC's Motion for Summary Judgment has been fully briefed for six months.

Plaintiffs' proposed amended complaint would unfairly prejudice PCPC because the complaint would require additional briefing regarding alleged facts that Plaintiffs knew about when they filed their lengthy opposition to PCPC motion, but Plaintiffs failed to cite.  And, PCPC would be forced to brief Plaintiffs' tardy and specious spoliation cause of action.

The proposed amended complaint may be a dilatory tactic to avoid adjudication on the completed summary judgment briefing.  *See, e.g.*, *Craig v. Norton*, No. CV 06-1981 (JAP), 2008 WL 11383725, at *1 (D.N.J. Apr. 1, 2008) (denying motion to amend based on delay causing prejudice).

Plaintiffs possessed the purported "new" information to amend their complaint for *years*.  The supposed "new" facts and theories alleged by Plaintiffs

were available to them at the time they filed their lengthy Opposition to the Motion for Summary Judgement back in June 8, 2020. For example, in the proposed amended complaint, Plaintiffs allege anew that "PCPC actively engaged in actions that directly impacted the marketing and sale of the PRODUCTS." Plaintiffs' Motion, Ex. C, ¶13. However, alleged facts regarding PCPC would have come to light at the latest through: (a) PCPC's corporate designee depositions, completed in October 2018; (b) PCPC's written discovery responses, last amended in April 2018; or (c) PCPCs document production, last supplemented in January 2019. In other words, Plaintiffs have possessed the purportedly "new" information regarding PCPC for at least two years before seeking to amend their complaint.

Likewise, Plaintiffs' attempt to introduce allegations about scientific findings and documents were available to Plaintiffs before the *Daubert* motions were filed in early May 2019. *See, e.g.,* Plaintiffs' Motion Ex. C, ¶¶43–46; 50(x)–(z); 54–61. As Plaintiffs admit, their allegations cover "four decades" of studies and, accordingly, the amendments do not truly present new information that was not unavailable to Plaintiffs until recently. *Id.,* ¶50(aa). Plaintiffs also seek to amend their complaint to include alleged activities from 1970s through 2012 about PCPC's advocacy efforts and proposed testing method, none of which is "newly discovered." *See generally id.,* ¶¶80–124. The same is true of Plaintiffs' allegations about historical asbestos cases. *See id.,* ¶¶238–286. In short, Plaintiffs

set forth no ***new*** evidence that was not known to them for years. *See, e.g.*, *Tormasi v. Hayman*, No. CV 08-4950 (AET), 2009 WL 10677604, at *1 (D.N.J. Nov. 4, 2009) (denying plaintiff's motion because plaintiff had the opportunity to raise proposed amendments when submitting opposition to defendant's motion to dismiss but failed to do so).

Plaintiffs lengthy delay in filing its amended complaint places an unwarranted burden on the court and PCPC. Plaintiffs' amended complaint would delay adjudication of PCPC's summary judgment motion and potentially require additional briefing and time to defend against Plaintiffs' tardy allegations. "Plaintiffs have offered no adequate reason in their moving or reply papers indicating why there has been no previous opportunity to amend." *Craig*, 2008 WL 11383725, at *1.

Although "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Id.* The delay "may become undue when there has been previous opportunity to amend the complaint." *Id.*; *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that three-year lapse between filing complaint and proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). Plaintiffs previously

4

filed an amended complaint and their latest attempt to amend does not present any new facts that would warrant amending after *four* years.

Moreover, Plaintiffs' proposed amendment and the new cause of action would unduly prejudice PCPC by Plaintiffs' apparent attempt to seek additional discovery. *See Tormasi*, 2009 WL 10677604, at *1 (D.N.J. Nov. 4, 2009) (observing that courts will consider whether allowing an amendment would result in additional discovery costs and preparation to defend against new facts or new theories).[2] Although PCPC does not expect any additional document productions because it has been forthcoming in producing responsive documents, Plaintiffs may attempt to propound additional interrogatories or demand additional depositions from PCPC, as Plaintiffs recently have sought additional depositions with respect to the other defendants. This would subject PCPC to significant time, expense, and potential additional briefing should discovery disputes arise. And, Plaintiffs' proposed amendment would extend the litigation schedule, further prejudicing PCPC.

---

[2] While futility also serves as a basis to deny Plaintiffs' Motion, PCPC does not address the merits of Plaintiffs' claim and reserves the right to address this factor as appropriate. The other grounds set forth herein are sufficient to deny Plaintiffs' Motion.

## CONCLUSION

Based on the foregoing, PCPC respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Master Long Form Complaint at least with respect to the new allegations and cause of action asserted against PCPC.

DATED: December 27, 2020  Respectfully submitted,

PERSONAL CARE PRODUCTS
COUNCIL

By: /s/Thomas Locke
    Thomas T. Locke
    Renee Appel
    SEYFARTH SHAW LLP
    975 F Street, N.W.
    Washington, DC  20004
    Telephone:  (202) 463-2400
    Facsimile:  (202) 828-5393
    tlocke@seyfarth.com
    rappel@seyfarth.com

    Richard W. Wedinger
    Jennifer Cheong
    BARRY, McTIERNAN &
    WEDINGER P.C.
    10 Franklin Avenue
    Edison, NJ 08837
    Telephone: (732) 738-5600
    Facsimile: (732) 738-7518
    rwedinger@bmctwlaw.com
    jcheong@bmctwlaw.com

    *Attorneys for Defendant Personal Care Products Council*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the foregoing document to be filed electronically via the court's electronic system this 27th day of December and all those attorneys registered with the court's electronic filing system received notice of this filing.

*/s/Thomas Locke*
Thomas T. Locke