

Montgomery
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Atlanta
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034

BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

January 20, 2021

Hon. Joel A. Pisano (Ret.)
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102

      **RE:** ***In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation (MDL No. 2738)***

Dear Judge Pisano:

      The PSC writes this brief reply to J&J's January 15, 2021 letter requesting that the PSC coordinate with state court litigants who wish to take the depositions of Johnson & Johnson ("J&J") corporate liability witnesses.[1] The PSC not only agrees with this request where possible, but notes that the MDL Court has already entered Case Management Order No. 11 (Deposition Guidelines) (Doc. 6487) (June 18, 2018) (hereinafter "CMO No. 11") [Exhibit 2] which was specifically designed to promote state-federal coordination and provide for the resolution of "cross-cutting discovery disputes."

      As a preliminary matter, it is notable that Ms. Sharko's position on liability depositions in the MDL has now come full circle. Initially, and following the Court's *Daubert* Ruling in April 2020, Ms. Sharko rejected outright any deposition of any J&J corporate witnesses even though the PSC had been prevented from taking any such depositions because of the Court's bifurcation order. At Judge Wolfson's direction, the PSC informed J&J in August 2020, that it wanted to schedule several 30(b)(6) depositions in this MDL as well as the depositions of three J&J corporate

---

[1] With the exception of one witness (Lorena Telofski) whose deposition was taken long before J&J's document production was complete, the depositions identified in J&J's January 15th letter have not been taken ***in any ovarian cancer case***, to the PSC's knowledge. *See* Exhibit 1.

witnesses (Chudkowski, Han Hsu and James). Ms. Sharko dismissed the PSC's request out-of-hand and "declined" to schedule any of them.[2] At Judge Wolfson's further direction during the November 17, 2020 Status Conference, the PSC wrote Your Honor seeking to compel the MDL depositions and further noted the PSC's intent to "cross notice J&J corporate depositions that are being scheduled in state court proceedings."[3] In J&J's December 22, 2020 response,[4] Ms. Sharko conceded that some depositions might occur in the MDL but suggested a "targeted approach" in which J&J could "manage" the depositions the PSC could take and when the PSC could take them.  It is noteworthy that Ms. Sharko did not address – and certainly did not object – to the PSC's stated intent to cross-notice the depositions of J&J witnesses set in state courts.  Now that J&J's corporate depositions <u>are</u> being set in state courts – something those litigants have every right to do – J&J now in its January 15th letter wants the PSC to not only be able to cross-notice them in this MDL (which the PSC intended to do all along), but also suggests that the PSC take a leadership role in scheduling and managing them.[5]

J&J acknowledges that liability depositions of J&J's corporate witnesses will occur in the post-*Daubert* period and now seeks a procedure for coordination. Indeed, over two years ago, the Court recognized and entered the very coordination order J&J now envisions in CMO No. 11.

The 14-page CMO No. 11 specifically provides for state-federal coordination of depositions and includes a method for handling "cross cutting discovery disputes." Among other things, CMO No. 11 provides for:

- The level of cooperation expected between federal and state court litigants for the scheduling and cross-noticing depositions (CMO 11. at § "C", ¶¶ 16-21);
- Coordination with State Court actions, including the division of time for examiners (Id. at § "F", ¶31);
- The cross noticing of a deposition in the MDL and State Courts. (Id at § "G", ¶32); and

---

[2] *See* Letter from Susan Sharko to PSC, September 22, 2020, attached as Exhibit 2 to Letter from PSC to Judge Pisano, December 16, 2020 (Doc. 16105).

[3] PSC Letter to Judge Pisano (December 16, 2020) (Doc. 16105).

[4] J&J Letter to Judge Pisano (December 22, 2020), attached as Exhibit 3.

- The conduct of the deposition, including the making of objections and the times for breaks (Id. at § "D", ¶22-29).

Finally, the PSC will continue to work professionally and cooperatively with Defendants. J&J overreaches by suggesting a specific person who should handle the process on behalf of the PSC, and its request should be denied.

As set forth above and in the PSC's prior correspondence, the PSC respectfully requests that the depositions requested in this MDL be scheduled promptly and that J&J provide the PSC with a list of witnesses whose testimony has been requested in ovarian cancer cases so that the PSC can attempt to coordinate scheduling as described in CMO No. 11.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ P. Leigh O'Dell*      */s/ Michelle A. Parfitt*
P. Leigh O'Dell              Michelle A. Parfitt

cc: Hon. Freda L. Wolfson, Chief Judge (*via* ECF and email)
Hon. Lois H. Goodman, Magistrate Judge
All counsel of record (*via* ECF)