# Exhibit 1



faegredrinker.com

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

January 15, 2021

Hon. Joel A. Pisano
Walsh Pizzi O'Reilly Falanga LLP
100 Mulberry Street, 15th Floor
Three Gateway Center
Newark, NJ  07102

**Re:**   **In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation, MDL No. 2738**

Dear Judge Pisano:

I am writing on behalf of defendants Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc. ("JJCI") (collectively, the "J&J defendants") to bring to the Court's attention recent developments in related state court talcum powder cases regarding requests for corporate representative and fact depositions.

As you know, the Plaintiffs' Steering Committee ("PSC") recently requested leave to take 30(b)(6) depositions on various topics, as well as individual corporate liability fact depositions of three current or former J&J or JJCI employees: Michael Chudkowski, Dr. Jijo James and Helen Han Hsu.  (*See generally* Letter from PSC to Judge Pisano, Dec. 16, 2020 (attached as Ex. 1).) As it turns out, this has become the tip of the iceberg.

At the same time, plaintiffs' firms in various state-court talcum powder cases – including lawyers from the Beasley Allen firm – are also pressing for state-court depositions which in part overlap with those requested in the MDL.  Specifically:

- In an ovarian cancer case pending in Philadelphia (*Moore v. Johnson & Johnson*), counsel from the Miller Law Firm are seeking a corporate designee on advertising for Johnson's Baby Powder and Shower to Shower, a topic that overlaps with the PSC's pending request for a 30(b)(6) deposition on marketing.

- In an ovarian cancer case pending in St. Louis (*Forrest v. Johnson & Johnson*), counsel – including lawyers from Beasley Allen – are seeking to depose five current or former employees: Timothy McCarthy, Steven Mann, John O'Shaughnessy, Carol Goodrich and John McKeegan.  One of those individuals, Mr. O'Shaughnessy, is a retired J&J in-house lawyer who had responsibility for managing the talc litigation.[1]

---

[1]   Mr. O'Shaughnessy's deposition, if required to proceed, would inevitably raise a number of cross-cutting privilege issues.  Indeed, the J&J defendants are concerned that this deposition was sought in a state-court proceeding and not the MDL in an effort to obtain a more favorable forum on privilege issues.

ACTIVE.125972652.01

Hon. Joel A. Pisano -2- January 15, 2021

- In an ovarian cancer case pending in Broward County, Florida (*Fitzhugh v. Johnson & Johnson*), counsel from Beasley Allen are seeking to depose three separate individuals: Lorena Telofski, Kathleen Wille and Susan Nettesheim.

- In a mesothelioma case pending in New Jersey (*Pulido v. Johnson & Johnson*), lawyers from Levy Konigsberg are seeking to depose Steven Mann.

- In the coordinated ovarian cancer talcum powder proceeding in California (California JCCP No. 4872), lawyers from Robinson Calcagnie and Kisel Law are seeking to depose **no fewer than 17 former/current employees**, including John O'Shaughnessy, Timothy McCarthy and Steven Mann. Moreover, counsel are also seeking to depose Michael Chudkowski, whose deposition is also being sought by the PSC in the MDL proceeding.

As these examples illustrate, many of the recently requested depositions either overlap with proposals in other state cases and/or overlap with deposition requests recently made by the PSC in the MDL proceeding. Absent some degree of cooperation between plaintiffs' counsel in the MDL and counsel representing plaintiffs in the related state cases, there is a significant risk that witnesses will "have to be produced for depositions over and over again in different jurisdictions." *In re Norplant Contraceptive Prods. Liab. Litig.*, MDL No. 1038, 1996 U.S. Dist. LEXIS 7107, at *2-3 (E.D. Tex. May 17, 1996).[2]

To minimize these risks, the J&J defendants respectfully request that as part of the resolution of the deposition issues presented to Your Honor by the MDL plaintiffs, that MDL Plaintiffs' Liaison Counsel, Christopher Placitella, be urged by the Court to confer with counsel in the related state-court cases regarding these depositions and how they can be streamlined (e.g., through cross-notice protocols) and to work with the defense on a plan for this. Indeed, in designating Mr. Placitella to serve in this capacity at the inception of the MDL, Chief Judge Wolfson appeared to envision some "coordination" "in light of numerous pending state court litigations that involve similar liability and damages issues[.]" (Order Appointing Lead Counsel & Pls.' Steering Committee ("MDL Appointment Order"), Dkt. No. 73 (D.N.J. Dec. 6, 2016) (attached as Ex. 2).)

Encouraging Mr. Placitella to confer with counsel in the state-court proceedings and orchestrate some level of coordination would not only "avoid duplicative discovery and [] prevent the unnecessary expenditure of judicial resources," *In re St. Jude*, 2002 U.S. Dist. LEXIS 28028, at *5-6, but also advance the MDL court's central role in overseeing fundamental, cross-cutting discovery disputes.

---

[2] *See also, e.g.*, *In re: Zantac Ranitidine Prods. Liab. Litig.*, MDL 2924, 2020 U.S. Dist. LEXIS 210887, at *9-10 (S.D. Fla. Nov. 11, 2020) ("The parties and the Court desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Zantac/ranitidine."); *In re St. Jude Med., Inc.*, MDL No. 1396, 2002 U.S. Dist. LEXIS 28020, at *5-6 (D. Minn. May 24, 2002) ("[S]teps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL 1396 depositions," which can help "avoid duplicative discovery and [] prevent the unnecessary expenditure of judicial resources").

Hon. Joel A. Pisano　　　　　　　　　　-3-　　　　　　　　　　January 15, 2021

Thank you for your continued consideration of these matters.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Susan M. Sharko

SMS

cc:　Thomas T. Locke, Esq.
　　　Michelle A. Parfitt, Esq.
　　　P. Leigh O'Dell, Esq.