## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>*Carol J. Williams, et al.*, No. 3:19-cv-18778<br><br>*Linda H. Hill*, No. 3:18-cv-08344<br><br>*Bobbie N. Landreth*, No. 3:17-cv-11788<br><br>*Michael Scroggins o/b/o Bertha M. Walton*, No. 3:18-cv-12766 | MDL No. 2738 (FLW) (LHG) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### UNOPPOSED MOTION TO SEAL DOCUMENTS

**FAEGRE DRINKER BIDDLE
& REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
*Attorneys for Defendants Johnson &
Johnson and Johnson & Johnson Consumer
Inc.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ..........................................................................................................2

CONCLUSION .......................................................................................................4

```
```
# 

# **TABLE OF AUTHORITIES**
**Page(s)**

**Cases**

*BBMK Enter., L.L.C. v. Lincare Inc.*,
   Civ. No. 3:16-cv-06768, 2017 WL 7725245, at *2 (D.N.J. May 30, 2017) .................................................................................................................... 2

*Boehringer Ingelheim Pharma GmbH & Co. KG, v. Mylan Pharmaceuticals Inc.*,
   Civ. No. 14-4727, 2015 WL 4715307 (D.N.J. Aug. 7, 2015) ........................... 2, 3

*Goldenberg v. Indel, Inc.*,
   Civ. No. 09-5202, 2012 WL 15909 (D.N.J. Jan. 3, 2012) ................................... 2

*Harris v. Nielsen*,
   Civ. No. 09-2982, 2010 WL 2521434 (D.N.J. June 15, 2010) ............................ 2

**Other Authorities**

L. Civ. R. 5.2 ....................................................................................................... 2, 3, 4

L. Civ. R. 5.3 ........................................................................................................... 2, 3

# **PRELIMINARY STATEMENT**

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "JJCI" or "Defendants"), hereby move to seal two categories of materials: (1) Exhibits 3, 5, 7, 8, 12, 17, and 18 to the Declaration of Jessica L. Brennan, Esq. in Support of Defendants' Omnibus Motion for Summary Judgment filed on June 18, 2021 in their entirety, and the redacted corresponding portions of Defendants' Brief in support thereof; and, (2) only the redacted portions of Exhibits 9, 15, 20, 22, and 23 to Defendants' Omnibus Motion for Summary Judgment filed on June 18, 2021.

First, the documents Defendants seek to seal in their entirety (Exhibits 3, 5, 7, 8, 12, 17, and 18) are medical records of the Plaintiffs, which contain confidential patient information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). And, the redacted portions of Defendants' Brief in Support of the Omnibus Motion for Summary Judgment quote or paraphrase this confidential patient information from those exhibits.

Second, the documents of which Defendants seek to seal only redacted portions of the exhibits (Exhibits 9, 15, 20, 22, and 23) are Plaintiffs' Profile Forms ("PPFs") and one excerpted deposition transcript which contains personal identifying information as defined by L. Civ. R. 5.2 that must be redacted under the Local Rules.

Defendants have consulted with counsel for Plaintiffs, and Plaintiffs do not oppose this Motion.

## LEGAL ARGUMENT

### THE REDACTED PORTIONS OF THE EXHIBITS SHOULD BE SEALED PURSUANT TO LOCAL CIVIL RULES 5.2 AND 5.3

**A. Governing Law**

The general presumption of the public right to access Court-filed information is overcome when a movant demonstrates that good cause exists to seal the records at issue. *Boehringer Ingelheim Pharma GmbH & Co. KG, v. Mylan Pharmaceuticals Inc.*, Civ. No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015); *Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2012 WL 15909, at *1 (D.N.J. Jan. 3, 2012). Courts routinely grant motions to seal when a movant proves that information is confidential and that allowing the general public to access the information will cause specific and serious injury. *BBMK Enter., L.L.C. v. Lincare Inc.*, Civ. No. 3:16-cv-06768, 2017 WL 7725245, at *2 (D.N.J. May 30, 2017); *Harris v. Nielsen*, Civ. No. 09-2982, 2010 WL 2521434, at *2 (D.N.J. June 15, 2010) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 788 (3d. Cir. 1994)); *see also*, *Boehringer*, 2015 WL 4715307, at *2 ("In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate 'good cause' by establishing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'") (citations omitted).

Local Civil Rule 5.2 sets forth that "when making any electronic . . . [f]iling with the Court that contains an individual's Social Security number, taxpayer-identification number, or birth date, . . . or a financial account number, a party . . . making the filing may include only: (1) the last four digits of the Social Security number and tax-identification number; (2) the last four digits of the financial account numbers; . . . [and] (4) the year of the individual's birth." L. Civ. R. 5.2(17). A party filing a document containing these personal data identifiers must file an unredacted version of the documents under seal or file a redacted version of the document and a reference list under seal. *Id*.

Local Civil Rule 5.3(c) and its accompanying comments set forth the requirements for requests to seal documents in this District. Such requests are to be presented by a formal motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(1)-(2); *Boehringer*, 2015 WL 4715307, at *1.

**B. The Standard under Local Rules 5.2 and 5.3 are Satisfied**

The documents at issue here are (1) excerpts from Plaintiffs' medical records which Defendants seek to seal entirety, and (2) PPFs and one excerpted deposition transcript, which Defendants seek to only to seal the redacted portions thereof.

3

The first category of documents contain confidential patient information that is protected by HIPAA, or contain personal data identifiers under Local Civil Rule 5.2. The right to waive HIPAA protection lies with Plaintiffs who, through their counsel, have requested that that the medical records be filed under seal. The general public should not be permitted access to Plaintiff's protected health information.

The second category of documents contain personal data identifiers – including birth dates and social security numbers – and the Local Rules require the redaction and sealing of such information. *See* L. Civ. R. 5.2. Defendants have employed the least-restrictive alternative where possible, redacting the documents, as opposed to moving to seal them in their entirety.

Defendants respectfully submit that good cause exists to seal the exhibit pursuant to Local Civil Rules 5.2 and 5.3(c).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion to Seal.

        Respectfully submitted,

        **FAEGRE DRINKER BIDDLE & REATH LLP**

        *s/  Susan M. Sharko*
            Susan M. Sharko
            600 Campus Drive
            Florham Park, NJ 07932
            Tel.: (973) 549-7000
            susan.sharko@faegredrinker.com

        *Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

Dated: June 18, 2021