## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT NEW JERSEY

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2738 (FLW) (LHG)** |

### DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S RESPONSES TO PLAINTIFFS' AMENDED CROSS NOTICE OF TAKING ORAL DEPOSITION OF JOHN C. O'SHAUGHNESSY

Defendants Johnson & Johnson Consumer Inc. ("JJCI") and Johnson & Johnson (collectively, "Defendants"), by and through its counsel, hereby respond on behalf of John C. O'Shaughnessy ("Mr. O'Shaughnessy") to Plaintiffs' Amended Cross Notice of Taking Oral Deposition of John C. O'Shaughnessy (the "Notice"), including the Documents Requested in the Notice ("Requests") and provide their Responses ("Responses") as follows.

The J&J defendants have agreed to tender Mr. O'Shaughnessy for deposition, without waiver of their position that Mr. O'Shaughnessy's deposition is not warranted, as set forth in their and Mr. O'Shaughnessy's motions to quash his subpoena, and subject to specific terms that are being negotiated by the parties.

### GENERAL OBJECTIONS

Defendants generally object to Plaintiffs' Requests, including but not limited to the Definitions, to the extent that they seek to impose obligations beyond those set forth in the Federal

Rules of Civil Procedure, this Court's Local Rules, Case Management Orders or other orders entered by this Court, or any other applicable law or rules.

## SPECIFIC OBJECTIONS THAT APPLY TO MULTIPLE REQUESTS

Several of Defendants' objections apply to more than one Request. To avoid repetition of objections that may apply to several of the Requests, those objections are set forth in the form of numbered paragraphs below. Where applicable, these objections are specifically incorporated by reference to paragraph number—e.g., "Specific Objection No. 2"—in Defendants' Responses to particular Requests below.

1. <u>Privilege</u>: Defendants object to Plaintiffs' Requests to the extent that they seek documents containing information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, the self-critical analysis privilege, and/or any other privilege recognized by law.

2. <u>Confidential, commercially sensitive and proprietary information</u>: Defendants object to Plaintiffs' Requests to the extent they seek documents containing information that is confidential, commercially sensitive and proprietary, including, but not limited to, information relating to their products' design, testing, and manufacturing. Defendants state that they are not withholding documents based on this objection, but rather have produced such documents subject to the protective order entered in this action. In addition, Defendants may redact certain of the information described above from such documents and produce them in a redacted form.

3. <u>Personal Information</u>: Defendants object to Plaintiffs' Requests to the extent they seek documents containing personal or private information about individuals other than Plaintiffs, including but not limited to home addresses and phone numbers of Defendants' current and former employees and identifying information (including but not limited to medical information)

regarding other consumers of Defendants' products.  This information is not relevant under Rule 26, privileged, private, and/or confidential, and Defendants are required by law to protect some or all of it from disclosure.  Defendants state that they are not withholding documents containing personal information based on this objection, but rather are redacting personal information from documents and producing them in a redacted form.

4.Unreasonable Scope:  Defendants object to Plaintiffs' Requests to the extent that they are unreasonable, overly broad, unduly burdensome, and not proportional to the needs of the case (including but not limited to insofar as they are completely unlimited as to time period or are not limited to a reasonable time period) on the grounds that such Requests violate Rule 26(b)(1) and Rule 26(g)(1)(B)(iii) of the Federal Rules of Civil Procedure.

Subject to the qualifications set forth in the Introductory Statement and without waiver of the objections stated above, Defendants respond to the individual Requests as follows:

**RESPONSES TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**A copy of the witness's current or most recent resume or curriculum vitae.

**RESPONSE**:  Defendants state that Mr. O'Shaughnessy does not have a current resume or curriculum vitae.

**REQUEST NO. 2:**Any and all documents in the witness's possession, custody, or control which discuss, mention, consider, or contemplate the presence of asbestos in talcum powder products.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 3:**Any and all documents in the witness's possession, custody, or control which discuss, mention, consider, or contemplate the presence of asbestos in Johnson's Baby Powder.

3

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 4:**   Any and all documents in the witness's possession, custody, or control which discuss, mention, consider, or contemplate the association between talcum powder products and ovarian cancer.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 5:**   Any and all documents in the witness's possession, custody, or control which discuss, mention, consider, or contemplate the association between Johnson's Baby Powder and ovarian cancer.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 6:**   Any and all documents in the witness's possession, custody, or control which discuss, mention, consider, or contemplate the association between asbestos and ovarian cancer.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 7:**   Any and all documents in the witness's possession, custody, or control which discuss, mention, consider, or contemplate the International Agency for Research on Caner's [sic] (IARC) consideration of talc as a human carcinogen.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 8:**  Any and all documents in the witness's possession, custody, or control which reflect communications with any Johnson and Johnson entity or employee after the witness left employment with Johnson and Johnson.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents regarding the subject matter of this lawsuit.  To the extent that this Request seeks additional documents, Defendants object to this Request on the grounds state in Specific Objection Nos. 1, 2, and 4, and on the additional grounds that it is vague and ambiguous and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**  Any and all documents in the witness's possession, custody, or control which reflect communications with any Johnson and Johnson entity or employee, after the witness left employment with Johnson and Johnson, regarding talcum powder products.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 10:**  Any and all documents in the witness's possession, custody, or control which reflect communications with any Johnson and Johnson entity or employee, including its lawyers, regarding talcum powder products.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 11:**  Any and all documents in the witness's possession, custody, or control which reflect communications specifically with Susan Nicholson, MD after the witness left employment with Johnson and Johnson.

**RESPONSE**:  Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.

**REQUEST NO. 12:**  Any and all documents in the witness's possession, custody, or control which reflect communications specifically John Hopkins, PhD after the witness left employment with Johnson and Johnson.

5

**RESPONSE**: Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.

**REQUEST NO. 13:** Any and all documents in the witness's possession, custody, or control which reflect communications specifically with the Food and Drug Administration (FDA) regarding talcum powder products.

**RESPONSE**: Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 14:** Any and all documents in the witness's possession, custody, or control which reflect communications specifically with Rich Zazenski regarding talcum powder or talcum powder products.

**RESPONSE**: Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

**REQUEST NO. 15:** Any and all documents in the witness's possession, custody, or control which refer or relate to, in any way, the following specific individuals or entities regarding talcum powder products:

      a. Imerys or any of its predecessor companies or entities;
      b. Rio Tinto or any of its predecessor companies or entities;
      c. Luzinac [sic] Group or any of its predecessor companies or entities;
      d. Crowell and Moring LLP, including Ridgeway M. Hall Jr.;
      e. Robert Glenn;
      f. Meta-Analysis Research Group;
      g. Joshua Muscat, MD;
      h. Michael Huncharek;[sic] MD; and
      i. Brooke Mossman, PhD

**RESPONSE**: Defendants have a reasonable and good faith belief that Mr. O'Shaughnessy has no such documents.  To the extent that this Request seeks a different response, Defendants object on the grounds stated in Specific Objection No. 1.

| | |
|---|---|
| Dated: June 25, 2021 | Respectfully submitted, |

<div style="margin-left: 3em;">

/s/ Susan M. Sharko
Susan M. Sharko
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
E-mail:     susan.sharko@faegredrinker.com

John H. Beisner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202-371-7000
Facsimile:         202-393-5760
E-mail:     john.beisner@skadden.com

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

</div>