**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>*Carol J. Williams, et al.*, No. 3:19-cv-18778<br><br>*Linda H. Hill*, No. 3:18-cv-08344<br><br>*Michael Scroggins o/b/o Bertha M. Walton*, No. 3:18-cv-12766 | MDL No. 2738 (FLW) (LHG) |

**DECLARATION OF KAITLYN E. STONE, ESQ.
IN SUPPORT OF DEFENDANTS JOHNSON & JOHNSON
AND JOHNSON & JOHNSON CONSUMER INC.'S
OMNIBUS MOTION FOR SUMMARY JUDGMENT**

1.  I am an attorney of the state of New Jersey and an associate with the law firm Faegre Drinker Biddle & Reath LLP, counsel for Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively "JJCI") in the above-captioned matter. I submit this Declaration in support of JJCI's Omnibus Motion for Summary Judgment dated June 18, 2021, and in support of JJCI's Reply Memorandum in support of same dated July 21, 2021.

2. Attached hereto as **Exhibit A** is a true and correct copy of the relevant portions of the Transcript of the Deposition of Laura M. Plunkett in the matter *Oules v. Johnson & Johnson, et al.*, No. 2014 CA 008327 B, dated January 13, 2017.

3. Attached hereto as **Exhibit B** is a true and correct copy of the relevant portions of the Transcript of the Deposition of Laura M. Plunkett in the matters *Brower v. Johnson & Johnson, et al.*, No. 16-EV-005534-E, and *Forrest v. Johnson & Joshnon, et al.*, No. 1522-CC00419-01, dated September 28, 2018.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 21, 2021

                                           /s/ Kaitlyn Stone
Kaitlyn E. Stone
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
kaitlyn.stone@faegredrinker.com

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

2

# EXHIBIT A

Laura M. Plunkett, Ph.D.

Page 718

1   SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
              CIVIL DIVISION
2
3   LORI OULES,                        )
                                       )
4        Plaintiff,                    )
                                       )
5   v.                                 ) No. 2014 CA 008327 B
                                       ) Judge Brian Holeman
6   JOHNSON & JOHNSON, et al.,         ) Calendar 12
                                       )
7        Defendants.                   )
8
9
10
11       DEPOSITION OF LAURA M. PLUNKETT, Ph.D.
12                January 13, 2017
                    9:02 a.m.
13
14
15
         Reporter:  Jude Arndt, CSR, RPR
16              CSR No. 084-004847
17
18
19
20
21
22
23
24

Case 3:16-md-02738-MAS-RLS Document 23977-3 Filed 07/21/21 Page 5 of 14 PageID: 147944
Laura M. Plunkett, Ph.D.

Page 1144

1  certainly indicates that being able to look at pre and
2  postmenopausal women separately makes -- has an effect
3  on the strength of the signal that you're able to
4  detect. So I think that's an important distinction
5  when Houghton is focusing just on postmenopausal women.
6              Houghton -- the Houghton study only had a
7  single report, self-report of powder use at baseline,
8  so it's not going to be collecting additional
9  information on whether people change from exposure
10 group to non-exposure group, for example, and that can
11 affect sometimes how people are grouped within the
12 study.
13             And the Gonzalez study. This one also
14 wasn't doing a personal interview to gather information
15 about talc, which is different and I think sometimes
16 makes it a little bit more difficult sometimes to
17 gather information. But they were also looking at only
18 use 12 months before enrollment, when we know that with
19 the latency of the disease that that can be problematic
20 as far as relating exposure to response. So I think
21 those are -- that may be the one new thing that I
22 didn't tell you earlier.
23        Q.   What is the latency of the disease?
24        A.   It's -- well, there's different things in

Laura M. Plunkett, Ph.D.

Page 1145

1  the literature, but it's something that can sometimes
2  be decades, depending upon different papers and
3  different sources you look at.  But it definitely is
4  something that -- I think I mentioned earlier today
5  something about 20 years being a number that you see
6  reported.  But cancer in general is a latent disease,
7  but certainly this is one of those diseases that takes
8  time.  So that's all I'd add at this point.
9      Q.  If you would look at Exhibit 91.  This is
10  an exhibit we talked about earlier that's the
11  memorandum from the DHHS with respect to Dr. Cramer's
12  paper.
13      A.  Yes, I have it.
14      Q.  If you look at the very last page, there's
15  a signature page that's signed by seven committee
16  members; correct?
17      A.  Yes.
18      Q.  Do you know any of those individuals?
19      A.  Not personally.  I know who -- I know who
20  at least one of them is.  I know who Dr. Scheuplein is.
21      Q.  Is Dr. Scheuplein a toxicologist?
22      A.  Yes, he is.
23      Q.  Do you know his reputation as a
24  toxicologist?

Laura M. Plunkett, Ph.D.

Page 1170

2          C E R T I F I C A T E

4          I, JUDE ARNDT, a Certified Shorthand
5   Reporter, do hereby certify that prior to the
6   commencement of the examination, LAURA M. PLUNKETT,
7   Ph.D., was sworn by me to testify the truth, the whole
8   truth and nothing but the truth.
9          I DO FURTHER CERTIFY that the foregoing is a
10  true and accurate transcript of the proceedings as
11  taken stenographically by and before me at the time,
12  place and on the date hereinbefore set forth.
13         I DO FURTHER CERTIFY that I am neither a
14  relative nor employee nor attorney nor counsel of any
15  of the parties to this action, and that I am neither a
16  relative nor employee of such attorney or counsel, and
17  that I am not financially interested in this action.

20                 _____
21                 JUDE ARNDT, CSR, RPR
22                 CSR No. 084-004847

Case 3:16-md-02738-MAS-RLS Document 23977-3 Filed 07/21/21 Page 8 of 14 PageID: 147947
Laura M. Plunkett, Ph.D.

Page 1171

1

2

3        I, LAURA M. PLUNKETT, Ph.D., the witness

4   herein, having read the foregoing testimony of the

5   pages of this deposition, do hereby certify it to be a

6   true and correct transcript, subject to the

7   corrections, if any, shown on the attached page.

8

9

10

11                                    _____

12                                    LAURA M. PLUNKETT, Ph.D.

13

14

15  Sworn and subscribed to before me,

16  this _____ day of _____, 201_.

17

18

19  _____

20        Notary Public

21

22

23

24

# EXHIBIT B

Laura M. Plunkett, Ph.D., D.A.B.T.

```
 1            IN THE STATE COURT OF FULTON COUNTY
                      STATE OF GEORGIA
 2    ANASTASIA BROWER, A MINOR   )
      THROUGH HER LEGAL           )
 3    GUARDIAN PAMELA RUSSELL,    )
      AS THE EXECUTRIX OF THE     )
 4    ESTATE OF DIANE BROWER,     )
      DECEASED,                   )
 5                                )
          Plaintiff,              ) Civil Action File
 6                                ) No. 16-EV-005534-E
      VS.                         )
 7                                )
      JOHNSON & JOHNSON,          )
 8    JOHNSON & JOHNSON           )
      CONSUMER COMPANIES, INC.,   )
 9    AND IMERYS TALC AMERICA,    )
      INC.,                       )
10                                )
          Defendants.             )
11
         IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
12                    STATE OF MISSOURI
13    VICKIE FORREST, ET AL,      )
                                  )
14        Plaintiffs,             )
                                  )
15    VS.                         )
                                  )
16    JOHNSON & JOHNSON;          )
      JOHNSON & JOHNSON           ) Case
17    CONSUMER COMPANIES, INC.,   ) No. 1522-CC00419-01
      AND IMERYS TALC AMERICA,    ) Division 16
18    INC., F/K/A LUZENAC         )
      AMERICAN, INC.,             )
19                                )
          Defendants.             )
20
21    ***************************************************
22                    ORAL DEPOSITION OF
23            LAURA M. PLUNKETT, Ph.D., D.A.B.T.
24                    SEPTEMBER 28, 2018
25    ***************************************************
```

Laura M. Plunkett, Ph.D., D.A.B.T.

```
1    ****************************************************

2                      ORAL DEPOSITION OF

3              LAURA M. PLUNKETT, Ph.D., D.A.B.T.

4                      SEPTEMBER 28, 2018

5    ****************************************************

6        ORAL DEPOSITION OF LAURA M. PLUNKETT, Ph.D.,

7    D.A.B.T., produced as a witness at the instance of the

8    DEFENDANTS, and duly sworn, was taken in the

9    above-styled and numbered cause on the 28th of

10   September, 2018, from 9:12 a.m. to 5:47 p.m., before

11   Tamara Vinson, CSR in and for the State of Texas,

12   reported by machine shorthand, at the Hotel ZaZa,

13   Memorial City, 9787 Katy Freeway, Houston, Texas,

14   77024, pursuant to O.C.G.A 9-11-30 and Rule 57 of the

15   Missouri Rules of Civil Procedure and the provisions

16   stated on the record or attached hereto.

17

18

19

20

21

22

23

24

25
```

Laura M. Plunkett, Ph.D., D.A.B.T.

1   A.   But essentially any fiber, the tissue is
2   going to try to remove it from the site of action.
3   It's seen as a foreign -- a foreign body.
4   Q.   And how long do fibers need to stay in the
5   system before they cause cancer?
6   A.   The scientific evidence would indicate that
7   fibers tend to need a decade or more to lead to a
8   cancerous response, but it's highly dependent upon the
9   fiber as well, the chemical reactivity of the fiber.
10  Q.   How long do talc fibers need to stay in the
11  system before they cause ovarian cancer?
12  A.   I don't think we have a minimum threshold
13  identified, in other words, only this long, but
14  certainly we have seen cases where the -- in humans
15  where the latency of the development of the cancer may
16  be anywhere from ten to 15 years.  I would expect it
17  to be more than a decade and that's what some of the
18  epidemiological studies says -- say, I'm sorry.  Some
19  of those studies say.
20  Q.   Do you happen to know off the top of your
21  head the names of those epidemiological studies?
22  A.   Probably if I go to my original report I can
23  try to find you -- do you want me to do that?
24  Q.   No.  If you don't -- sitting here today you'd
25  need to go to that, we can do it another time.

Laura M. Plunkett, Ph.D., D.A.B.T.

1   I, LAURA M. PLUNKETT, Ph.D., D.A.B.T., have read the foregoing deposition and hereby affix my
2   signature that same is true and correct, except as noted above.
3
4
5
                                    _____
6                       LAURA M. PLUNKETT, Ph.D., D.A.B.T.
7
8   THE STATE OF _____)
    COUNTY OF _____)
9
        Before me, _____, on this
10  day personally appeared LAURA M. PLUNKETT, Ph.D., D.A.B.T., known to me (or proved to me under oath or
11  through _____) (description of identity card or other document) to be the person
12  whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for
13  the purposes and consideration therein expressed.
        Given under my hand and seal of office this
14  _____ day of _____,
    _____.
15
16
17
                                    _____
18                      NOTARY PUBLIC IN AND FOR
                        THE STATE OF _____
19                      COMMISSION EXPIRES: _____
20
21
22
23
24
25

```
 1   THE STATE OF TEXAS:
     COUNTY OF FT. BEND:
 2
             I, Tamara Vinson, a Certified Shorthand
 3   Reporter and Notary Public in and for the State of
     Texas, do hereby certify that the facts as stated by
 4   me in the caption hereto are true; that the above and
     foregoing answers of the witness, LAURA M. PLUNKETT,
 5   Ph.D., D.A.B.T., to the interrogatories as indicated
     were made before me by the said witness after being
 6   first duly sworn to testify the truth, and same were
     reduced to typewriting under my direction; that the
 7   above and foregoing deposition as set forth in
     typewriting is a full, true, and correct transcript of
 8   the proceedings had at the time of taking of said
     deposition.
 9
             I further certify that I am not, in any
10   capacity, a regular employee of the party in whose
     behalf this deposition is taken, nor in the regular
11   employ of his attorney; and I certify that I am not
     interested in the cause, nor of kin or counsel to
12   either of the parties.
13           GIVEN UNDER MY HAND AND SEAL OF OFFICE, on
     this, the ____ day of October, 2018.
14
15
16
17
18                       _____
                         Tamara Vinson, Texas CSR No. 3015
19                       Expiration Date:  12-31-2018
20
     GOLKOW LITIGATION SERVICES
21   Texas CRCB Registration #690
     440 Louisiana, Suite 910
22   Houston, Texas  77002
     www.golkow.com
23
24
25
```