UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Civil Docket No. 3:16-md-2738-FLW-LHG

IN RE:

JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

STATUS CONFERENCE VIA REMOTE ZOOM VIDEOCONFERENCE

*  *  *  *

MONDAY, AUGUST 2, 2021

*  *  *  *

BEFORE: SPECIAL MASTER JOEL SCHNEIDER, USMJ, RETIRED
jschneider@mmwr.com
856-488-7797

MASTROIANNI & FORMAROLI, INC.

Certified Court Reporting & Videoconferencing

515 South White Horse Pike

Audubon, New Jersey 08106

856-546-1100

DocuSign Envelope ID: F36B6EF0-6F1D-4122-AB2F-5991B073D47D

Transcript of proceedings in the above matter taken stenographically by Theresa Mastroianni Kugler, Certified Court Reporter, license number 30X100085700, Notary Public of the State of New Jersey and the Commonwealth of Pennsylvania, VIA ZOOM REMOTE VIDEOCONFERENCE, commencing at 4:02 PM.

A P P E A R A N C E S:

MOTLEY RICE, LLC
BY: DANIEL R. LAPINSKI, ESQUIRE
210 LAKE DRIVE EAST - SUITE 101
CHERRY HILL, NEW JERSEY 08002
856-667-0500
FAX - 856-667-5133
800-768-4026
dlapinski@motleyrice.com
ATTORNEYS FOR THE PLAINTIFFS

ASHCRAFT & GEREL, LLP
BY: MICHELLE A. PARFITT, ESQUIRE
1825 K STREET, NW
WASHINGTON, DC 2006
800-674-9725
202-759-7648
mparfitt@ashcraftlaw.com
ATTORNEYS FOR THE PLAINTIFFS

BEASLEY ALLEN LAW FIRM
BY: LEIGH O'DELL, ESQUIRE
218 COMMERCE STREET
P.O. BOX 4160
MONTGOMERY, ALABAMA 36104
800-898-2034
FAX - 334-954-7555
leigh.odell@beasleyallen.com
ATTORNEYS FOR THE PLAINTIFFS

COHEN, PLACITELLA & ROTH, PC
BY: CHRISTOPHER M. PLACITELLA, ESQUIRE
127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701
215-567-3500
732-747-9003
FAX - 215-567-6019
cplacitella@cprlaw.com
ATTORNEYS FOR THE PLAINTIFFS

DocuSign Envelope ID: F36B6EF0-6F1D-4122-AB2F-5991B073D47D

LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR, MOUGEY, PA
BY: CHRISTOPHER V. TISI, ESQUIRE
316 SOUTH BAYLEN STREET
PENSACOLA, FLORIDA 32502
850-435-7000
800-277-1193
ctisi@levinlaw.com
ATTORNEYS FOR THE PLAINTIFFS

LEVIN, SEDRAN & BERMAN, LLP
BY: LAWRENCE S. BERMAN, ESQUIRE
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PENNSYLVANIA 19106-3697
877-882-1011
215-592-1500
FAX - 215-592-4663
lberman@lfsblaw.com
ATTORNEYS FOR THE PLAINTIFFS

FAEGRE DRINKER BIDDLE & REATH, LLP
BY: SUSAN M. SHARKO, ESQUIRE
600 CAMPUS
FLORHAM PARK, NEW JERSEY 07932
DIRECT - 973-549-7350
FAX - 973-360-9831
susan.sharko@faegredrinker.com
ATTORNEYS FOR THE DEFENDANT,
JOHNSON & JOHNSON and JOHNSON & JOHNSON
CONSUMER COMPANIES, INC.,
now known as JOHNSON & JOHNSON CONSUMER, INC.

DocuSign Envelope ID: F36B6EF0-6F1D-4122-AB2F-5991B073D47D

SKADDEN ARPS, SLATE, MEAGHER & FLOM, LLP
BY: RICHARD T. BERNARDO, ESQUIRE
- and -
BY: JESSICA D. MILLER, ESQUIRE
- and -
BY: JOHN H. BEISNER, ESQUIRE
- and -
BY: ADAM J. FINE, ESQUIRE
1440 NEW YORK AVENUE, NW
WASHINGTON, DC 20005
202-371-7410
john.beisner@skadden.com
richard.bernardo@skadden.com
ATTORNEYS FOR THE DEFENDANT,
JOHNSON & JOHNSON and JOHNSON & JOHNSON
CONSUMER COMPANIES, INC.,
now known as JOHNSON & JOHNSON CONSUMER, INC.

A L S O P R E S E N T:

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
BY: RACHEL L. GOODMAN, ESQUIRE
1735 MARKET STREET
21st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7505
215-772-7411
FAX - 215-772-7620
rgoodman@mmwr.com

SPECIAL MASTER SCHNEIDER: This is Special Master Schneider. Thank you for getting on the line, everybody.

There were two main issues I wanted to discuss during this Zoom call, but while we're together, if there are any other issues, feel free to raise them.

One was a follow-up to the July 26th opinion and order dealing with the privilege dispute in the MDL. Obviously, I know that we're only addressing a, quote/unquote, representative sample of the documents and we left open for a future date what was going to happen to the rest of the documents, so hopefully we have some direction on that.

And then I just wanted to clarify with Chris Placitella the spoliation motion, whether there is going to be an amendment. If so, let's get a date and then we'll schedule oral argument. If not, we'll just schedule oral argument.

So why don't we deal with the first issue, the privilege issue. I guess if I had to do this again, I would have moved the oral argument back a little bit because, I don't know, has J&J produced any documents in response to the order?

MR. BERNARDO: Your Honor, so we just

had a call with plaintiffs' counsel to kind of go through where we are in relation to the order. And if that would be okay, I think that might be helpful to your Honor for me to walk you through what I told plaintiffs' counsel --

SPECIAL MASTER SCHNEIDER: Sure.

MR. BERNARDO: -- because I think it will answer the question you're raising, plus some others.

Essentially, there are only a very small number we wish to take some further action with, and I'll get to that in a minute. While respectfully we obviously may disagree with your Honor, we appreciate your rulings and we're obliged to be as conservative as possible in terms of deciding whether we needed to address any of them further by way of appeal or otherwise.

So just to go into a little bit of detail, and plaintiffs have these numbers, there were three documents, your Honor, numbers 46, 56 and 99 that you reserved on. And first, we don't believe any kind of waiver can result from producing these documents. And Mr. O'Shaughnessy, as you may recall, was already deposed about these binders that are referenced in them, so rather than take more of your

time, your Honor, to sort through the issues in the spirit of compromise and to try to move this along, we will produce those. So we're going to give those to the plaintiffs. So you can take those off your list of having to do anything further with. Again, they were 46, 56 and --

SPECIAL MASTER SCHNEIDER: But my big question about those documents, I wasn't so concerned about those documents, they're pretty nonconsequential, but those documents refer to these five binders.

MR. BERNARDO: Um-hum.

SPECIAL MASTER SCHNEIDER: And I don't know what those binders are. It sounds like those binders could be important. It sounds like I'm not -- I don't know. It sounds like they may just be historical documents. And then I saw in the transcript that there had been some discussion about them before, so I didn't know if there was a prior ruling regarding those underlying documents and that's why I reserved on that issue.

MR. BERNARDO: Fair enough, your Honor. And just to address that, those documents have been -- or those binders have probably been the subject of more back and forth with plaintiffs

because they're referenced in so many different internal documents in different ways. And coincidentally, Mr. Placitella and I are discussing them again because he raised some other documents. But the bottom line is plaintiffs have the five binders, they've had them for a good period of time. As I said, they're just referred to in different ways in different documents. So I don't think there is anything further on those.

SPECIAL MASTER SCHNEIDER: Terrific.

MR. BERNARDO: That's what I thought you would want to hear.

The next category, your Honor, I'm going to give it a very top line and Ms. Miller will chime in with additional information, if appropriate, now.

These are the so-called patent documents, your Honor. And there are five of them. And let me just give the numbers for the record so you have them: 51, 52, 53 and 106 -- I'm sorry, 106 and 126.

And again, your Honor, these are five that we went back and forth on whether or not to appeal them, but it's our read of your Honor's order that you are really overruling our claim not because

of the legal issues that impact whether in certain instances patents can be privileged information, but because of our, I'll say, failure in your Honor's view to substantiate them with respect to those particular documents. And that being the case, as I think we represented to your Honor in camera, or maybe on the record, I don't recall, the substance of them is already, you know, in plaintiffs' hands. We're not really concerned about the substance or maintaining that. But as long as your Honor is agreeable that somehow we wouldn't be waiving our arguments with respect to other patent documents, again in the spirit of compromise, we'll provide them.

But we also want to discuss with your Honor, either now or at a later time as other ones might get challenged, what we might do to substantiate our claims with documents that fall into this category. Because obviously, it becomes very challenging when the authors and the recipients of the documents are either deceased or no longer available to the company. We have some ideas and we can defer on those, but as long as your Honor is in agreement with how I characterized your ruling, in other words, it's sort of a failure to substantiate

versus a disagreement on the law, we're willing, in the spirit of compromise, to provide those five as well.

SPECIAL MASTER SCHNEIDER: I think I can give you some comfort on that issue because I do recall that there was at least one patent document, and offhand I don't know the number, where it was explicitly clear that it was a request for legal advice and I didn't direct that that document be produced. Only with regard to those instances where I did not think there was any evidence, either explicit or implicit, to indicate there was a request for legal advice was the privilege assertion overruled. So I think you're right, it was just an evidentiary issue that I didn't feel that J&J satisfied its burden of proof as to a request for legal advice.

I wish I knew the number of that other document offhand, but someone in your team, I'm sure, knows what it is. But if I recall correctly, it was pretty clear in that one document that there was that request for legal advice, which didn't pertain to the other documents. And it was just as likely they were prepared in the normal course of business, so that's why I ruled like I did.

MR. BERNARDO: Understood, your Honor.

And, Jessica, anything at this point to add with respect to those?

MS. MILLER: No.

MR. BERNARDO: Okay. Let me move on to the next category -- so to be clear, your Honor, we will provide 51, 52, 53, 106 and 126 on to plaintiffs.

There are five documents, and I hope I have these number right, I believe I do, I coordinated with Mr. Fine in advance of this call. 60, 61, 72, 103 and 108. Those --

SPECIAL MASTER SCHNEIDER: Can I go back one second? I'm sorry, counsel.

MR. BERNARDO: Sure.

SPECIAL MASTER SCHNEIDER: Sort of to close the loop.

I don't think it's appropriate for me to tell J&J how to satisfy its burden of proof. If the issue ever comes before me again on this patent issue, I'll consider whatever it submits, but I don't think it's my role to tell J&J how to satisfy its burden. There are a lot of smart people working for J&J, a lot smarter than me, and they should be able to figure it out. In no way, shape or form can I say

because the author or recipient are dead that J&J can't satisfy its burden. Obviously, I'm not going to rule that way. So I just leave it to J&J to submit the strongest proofs that it can in support of its position.

But I don't feel comfortable telling J&J what to do because that's not my role. I'll consider whatever J&J gives me.

MR. BERNARDO: Fair enough, your Honor. And I didn't intend to suggest that we were going to ask your Honor to tell us, but rather we were going to sort of explain some ideas we had. But I take your point, and if they come up, we'll, as you say, give it our best, which will be different than how we did it this time and hopefully that will persuade your Honor.

All right. Going to the other ones that I was enumerating, 60, 61, 72, 103 and 108. Your Honor, these are the only -- Jessica, I'm sorry, were you about to say something?

MS. MILLER: I just want to make clear, Rich, that 103 is two different memos. A memo and then an attachment that's also a memo.

MR. BERNARDO: Thank you, Jessica. I didn't have that in front of me.

So those, your Honor, are the five, or six with the attachment, that our judgment was that we would like to appeal. Having said that, we also just want to be as efficient as possible. And to be perfectly candid, your Honor, the reason we focused on those is we felt as if the outcome of those was inconsistent with your Honor's written opinion and some of the points that were made. And we're concerned that perhaps your Honor may have overlooked certain facts in them which we thought was an appropriate thing for our motion for reconsideration. We didn't want to just make that, we really wanted to ask you if that would be something that you would consider in lieu of, you know, taking the next step and appealing, for us to point out how we believe that they're inconsistent. And you're nodding --

SPECIAL MASTER SCHNEIDER: No, I'm nodding that if you think there is something that I overlooked, I'm happy to look at it. I'm happy to look at it and if I overlooked something, I'm not going to hide it, I'll acknowledge it.

You know, I'll be perfectly candid with you, my general impression of all of these documents, I don't know the case like you guys know them and you gals know them, but I certainly didn't see any

DocuSign Envelope ID: F36B6EF0-6F1D-4122-AB2F-5991B073D47D

smoking guns in here. I didn't see anything that's not cumulative of what I've already seen in the case, and I've only seen a smidgen of the case. And I personally think your resources can be devoted in a better fashion than going after these documents and the PR documents, but if that's what you want to do, that's fine.

You know, you've heard this from me before, is the juice worth the squeeze? You're fighting over documents that are inconsequential in my view.

MR. BERNARDO: Your Honor, I wish that -- we completely agree. And we appreciate the comment you made, I believe, in a footnote that you felt as if these were -- you know, these decisions were made or these withholdings were made in good faith.

The struggle we always have, your Honor, is purely and simply waiver and, you know, want to avoid -- we recognize that within this case if some other documents were to come before your Honor, you wouldn't say that there was waiver, but I think as your Honor knows, this litigation is much broader than the group of people on this call in this MDL, so we're always just very concerned about that.

So it really isn't a matter of anything in those documents. I mean, to be candid, I mean, they're probably the most innocuous, who cares substance, but it's really making sure that we could apply the rulings your Honor made consistently across in the withholding of other documents or disclosing other documents consistently. That's really why we're doing this. It's not out of any kind of issue with respect to the these particular documents, it's really because of the broader issues of, you know, proceeding on a forward-going basis and re-reviewing the remaining documents that we wanted to do that.

So maybe reconsideration is the wrong phrase and maybe it's clarification, but we just thought rather than appeal them, Judge Schneider, it made some practical sense to address with you in a short letter of submission, which I think -- and Jessica and I haven't really had the chance to discuss this at length, I think it would probably need to be an in camera submission because what we would be doing is explaining -- obviously, we would be getting down to brass tacks and explaining the details of the documents.

SPECIAL MASTER SCHNEIDER: I'll definitely consider it.

Again, Judge Wolfson has so many important issues to deal with and to me this is fighting over nothing. And you're all -- you're very sophisticated, you're very smart, but, you know, if J&J starts filing motions for reconsideration and appeals, plaintiffs might do the same thing. And I didn't keep a score card on who won or who lost this motion, but my guess is J&J is pretty happy with how it turned out. Maybe the next one won't be. But if J&J starts appealing and filing motions for reconsideration, plaintiffs might do the same thing. Is that what you want? Just something to consider.

But you're more than welcome to file that motion, letter request. I'm happy to consider it and I'll rule promptly on it.

MR. BERNARDO: Thank you, your Honor. And we will -- Jessica, were you going to say something?

No.

Thank you, your Honor. And we will consider it. I understand your words and we certainly consider those. Again, we're just trying to make sure that as we proceed forward, we're doing things consistently and I think perhaps this guidance might help us.

SPECIAL MASTER SCHNEIDER: No problem.

When do you think you're going to file that?

MR. BERNARDO: Jessica?

MS. MILLER: Friday?

SPECIAL MASTER SCHNEIDER: How about Monday so you don't -- there is no rush. I mean, you can -- it's not a complicated issue, I don't want to make people work overnight.

Jessica, if you think Friday is fine or if you want more time, that's fine too.

MS. MILLER: Friday is fine.

SPECIAL MASTER SCHNEIDER: You got it.

MR. BERNARDO: So those are the I'll sort of say nitty points about the documents from a big picture perspective, your Honor. And we just -- I just told plaintiffs this a short time ago, we're on track to provide to them after this call or this evening the documents, and we're going to provide them in real time to Mr. Block as well, so I don't get emails and run cross hairs with that. So we'll downgrade the ones that your honor ruled on and we'll provide them to plaintiffs.

And also, your Honor, just to clarify, that will be in our letter to plaintiffs. We already

did our homework on those other issues that you raised where you asked us to confirm that certain documents had already been produced or that certain versions of things had been produced, and we'll itemize all of that in our letter as well. But we're very comfortable we've done that work as well. I think there may be one submission of a photograph of the Johnson Baby Powder because plaintiffs don't have enough pictures of the bottles of Johnson's Baby Powder.

(Laughter)

MR. BERNARDO: But the exact document may not have already been produced, so we'll produce that as well.

Then, as far as moving forward, what we thought made the most sense rather than have a lot of discussions about it, is we're in the process of going through the remaining -- I think there is about 16 or 17 hundred documents, your Honor, to apply what we believe are the principles that your Honor enumerated in your opinion as well as the rulings to the remainder of the documents. And we think it makes most sense for us just do that, provide them to plaintiffs in a list and we give them the documents and then we can meet and confer with them and maybe

put time on the calendar if there are issues further to raise with your Honor.

Based on your Honor's ruling, we're not anticipating these to be a very large number, just given the nature of your ruling. But we'll do that. And we think we can get that done in a couple of weeks. And we'll follow up with plaintiffs.

So that's my report in relation to your order and with respect to privileged documents as well.

SPECIAL MASTER SCHNEIDER: So we'll get the letter from Jessica on Friday and I won't do anything further until I hear from you with regard to the rest of the challenged documents.

That's great.

MS. MILLER: And your Honor, my plan was to submit a redacted version that would be shared with plaintiffs and then an unredacted version in camera.

Is that okay?

SPECIAL MASTER SCHNEIDER: Yes, that's okay with me. You can email to it me, Jessica.

MS. MILLER: Okay.

SPECIAL MASTER SCHNEIDER: Okay. We're done with that.

And just getting to the spoliation motion, Chris. One of the last times we spoke, you indicated that you may want to make an amendment. I think it makes sense if you're going to make the amendment, make it, and I'll give you leave to do it so we can just decide it once rather than multiple times.

MR. BERNARDO: And, your Honor, just for clarification because you've referred to it as a spoliation motion. I just want to make sure I'm following. My understanding was that it was a motion for amended complaint to add --

SPECIAL MASTER SCHNEIDER: That's what I meant.

MR. BERNARDO: Fair enough.

SPECIAL MASTER SCHNEIDER: That's what I meant.

MR. BERNARDO: I just wanted to make sure I didn't miss a motion.

SPECIAL MASTER SCHNEIDER: You're correct, Rich. You're a hundred percent correct. It's a motion to amend dealing with a spoliation issue.

MR. PLACITELLA: So a couple of things. I don't really anticipate that the briefing will

change. There might be a little tweak in the oral argument on the motion. What we would amend is basically the proposed complaint to take into account, you know, facts that have been disclosed since the original filing of the motion. And some of that may be dependent on the subpoenas that we're still working through.

I know that Rich has indicated that they're moving to quash one of the subpoenas in its entirety. The other, we are trying to work through the issues to see if a deposition is actually necessary versus some type of certified statement as to the location or non-existence of the documents in lieu of a deposition. So I feel like we're a couple, three weeks away from being able to give a final amended complaint, but I don't really see the briefing changing or I think the issues have changed.

SPECIAL MASTER SCHNEIDER: You tell me, Chris, can we say if you're going to submit a proposed amended complaint, do it by September 1?

Or the day after Labor Day, the day after Labor Day.

MR. PLACITELLA: I guess that depends on how the subpoenas get resolved. Because some of the information we would want would be the product

of -- or pinning down some of the information that's in the subpoenas.

SPECIAL MASTER SCHNEIDER: Yeah, but we can't keep it open infinitum. Why don't we say September 7 -- well, September 8, the Wednesday after Labor Day and this way I can schedule argument in mid September.

MR. PLACITELLA: Okay. Could I indulge the court for the 10th only because my daughter is getting married the weekend before and --

SPECIAL MASTER SCHNEIDER: You got it. You got it.

MR. PLACITELLA: -- my world here will be upside down that weekend.

Thank you.

SPECIAL MASTER SCHNEIDER: Congratulations.

MR. PLACITELLA: Thank you.

SPECIAL MASTER SCHNEIDER: And then we'll schedule oral argument after that.

And I think you're right, if you want to submit any brief with the proposed amendment, do it by the 10th. And defendants, if there is going to be any additional briefing, submit something by, say, the 17th. And then right after that we'll have oral

argument.

MR. BERNARDO: That schedule works, your Honor. And congratulations, Chris.

MR. PLACITELLA: Thanks.

MR. BERNARDO: But I do want to note just for the record, without getting into a side discussion of this, your Honor, is we do disagree quite strongly with the fact that there is anything to add to this. These subpoenas, which are 30(b)(6) deposition notices, are basically rehashing issues. In fact, I think my first letter, and I know Chris may disagree, my first letter to Mr. Placitella was pointing him to prior communications I've had about these issues. They're age old issues that have been coming up in depositions time and time again.

MR. PLACITELLA: I know, but I read --

MR. BERNARDO: Let me finish. Let me finish, Chris.

So I really just wanted to do it, I didn't want to get into a back and forth, I just want to note for the record that we object to the need for that because I think these are issues that have come up before and if they haven't come up before, they should have come up before because they're based upon productions of documents and issues that go back

several years. I just want to note that for the record.

And Now you can go, Chris.

MR. PLACITELLA: I disagree.

(Laughter)

SPECIAL MASTER SCHNEIDER: Chris, can I ask you a question? I didn't study the motion to amend in detail, but are there only five states that you're seeking to assert this claim under?

MR. PLACITELLA: Well, there are five states in addition to New Jersey and I don't know what cases, frankly, are sitting in the MDL that should have been filed in New Jersey and are still there. So putting the New Jersey piece aside, there are five states with independent causes of action that we've been able to analyze. That doesn't mean, however, that the facts would not give rise to an adverse inference in the context of any trial, you know, over and above a separate cause of action.

SPECIAL MASTER SCHNEIDER: Do I have to decide as to each of the five states whether you pleaded an appropriate cause of action?

MR. PLACITELLA: I really don't think so. I think it's kind of germane to all. I mean they -- J&J may have a different perspective on that,

but it doesn't feel like that's going to be necessary. And their arguments that they're made in opposition the first time around really don't go -- as I recall, don't even go to those issues in particular. Although now you might have given them something to think about.

SPECIAL MASTER SCHNEIDER: Another question.

Again, I didn't study those papers in detail, but I know that the defendants attached opinions where -- at least two opinions I remember skimming through where the courts denied, I don't remember if it was a motion for summary judgement or not, but I know that the request to assert the claim was denied. Are there any decisions, when I read your papers, where courts have allowed this sort of amendment or cause of action just to be pleaded before summary judgement?

MR. PLACITELLA: There is a talc decision on point from the Third Circuit Court of Appeals, Williams vs. BASF, by Judge Fuentes that lays out the causes of action, not on the state law that is applicable for the other five states based on New Jersey law, but on analogous facts.

MR. BERNARDO: And, your Honor, I just

want to point out that I think the words "on point" have rarely been so loosely used, as I'm sure these -- we've said in our papers, this decision is not at all on point, it has nothing to do with Johnson & Johnson, the facts are so dissimilar, but I just want to point out that --

MR. PLACITELLA: It actually has everything to do with Johnson & Johnson, but we'll leave that for the brief.

MR. BERNARDO: I just want to point out, your Honor, and this is what I meant before, in terms of the fact that these are not new allegations. And the reason I know is that I've personally argued this motion before I can't even count the numbers of judges including Judge Viscomi. And it has been routinely denied based upon exactly the same factual assertions (indiscernible crosstalk).

MR. PLACITELLA: I would say --

MR. BERNARDO: Judge Visic in Kentucky, Judge, whose name I've now forgotten, in the Hirschberg case, this comes up time and time again. But we'll go through all of that.

But I strongly disagree with any applicability, as your Honor can see when you read

the papers.

MR. PLACITELLA: Well, I think this record is quite different, but we'll just say I disagree.

SPECIAL MASTER SCHNEIDER: Okay.

MR. BERNARDO: Your Honor, there is one more thing I just want to raise and this relates to these. And I just want to talk about the timing issue.

So plaintiffs have served two additional 30(b)(6) deposition notices, one that I would just call a potpourri or hodgepodge of a variety of different issues. While we disagree with it in putting up a witness and having it come at this stage of the proceeding when it's dealing with issues that were ripe several years ago, in the category of life-is-short-and-why-argue-when-you-don't-have-to, I've been working cooperatively with Mr. Placitella, we'll try to get him some stipulations if we need to, but I think we can -- I think Chris and I would agree that we're likely to be able to address that without your Honor's input.

There is a second one, and I won't get into it, but suffice it to say it relates to an issue I believe your Honor heard at Mr. O'Shaughnessy's

deposition about when documents were produced in other lawsuits, and things like that, that we disagree is appropriate subject matter for discovery and we would like to make a motion to quash. I would think, your Honor, we can do that in an informal letter brief to your Honor, but I just want to make sure that that's the right way to proceed. And we're working on that and can get that to your Honor sometime next week.

SPECIAL MASTER SCHNEIDER: Is this a motion to quash the 30(b)(6) notice?

MR. BERNARDO: Correct.

SPECIAL MASTER SCHNEIDER: And what were the subject matters in that --

MR. BERNARDO: It's really -- it's just one subject matter that's divided into a bunch of different categories, but it's essentially, you know, tell me when and in what particular lawsuit going back over 30 years you first produced each of these documents. I mean that's essentially what it is.

SPECIAL MASTER SCHNEIDER: And your argument is going to be proportionality?

MR. BERNARDO: Proportionality, relevance, burden, yes. And we'll lay it out for your Honor, I just want to have a mechanism to do

that so we don't --

SPECIAL MASTER SCHNEIDER: I don't need a formal motion, that's for sure.

MR. BERNARDO: That's what we thought.

SPECIAL MASTER SCHNEIDER: I'd rather you submit a letter brief and, plaintiff, the opposition, if you can agree on a briefing schedule, whatever you agree to that's reasonable is fine with me.

MR. BERNARDO: Perfect. I'll work that out with Chris, then. We just wanted to make sure your Honor was --

SPECIAL MASTER SCHNEIDER: Yes. I would rather not have a formal motion, I would rather do by letter brief. It gets done quicker and easier that way.

MR. BERNARDO: Perfect. We'll proceed that way and I'll coordinate with Chris.

SPECIAL MASTER SCHNEIDER: Okay. So I think we've covered the issues --

MR. PLACITELLA: That's fine.

SPECIAL MASTER SCHNEIDER: -- to raise.

Are there any other issues anybody wants to raise?

I'm trying to think.

The only thing I'm waiting for now that I think I have on my plate is, Rich, we talked about you'll get me a date for that oral argument in the state case. That ruling is going to come out very soon, right after the oral argument. It's the same -- almost identical, there aren't really any legal issues in that motion that we haven't seen in the first motion, so I think you're going to get the same rulings. Most of the documents in that case -- those two cases are the three PR firms. So I think that's it.

MR. BERNARDO: Great.

SPECIAL MASTER SCHNEIDER: Okay. I thank you all.

Thank you, Theresa, as always.

MS. KUGLER: Thank you, Judge.

SPECIAL MASTER SCHNEIDER: Have a good day and we'll see everybody.

(Hearing concluded)

C E R T I F I C A T E

I, Theresa Mastroianni Kugler, a Notary Public and Certified Shorthand Reporter of the State of New Jersey, do hereby certify that the foregoing is a true and accurate transcript of the testimony as taken stenographically by and before me at the time, place, and on the date hereinbefore set forth.

I DO FURTHER CERTIFY that I am neither a relative nor employee nor attorney nor counsel of any of the parties to this action, and that I am neither a relative nor employee of such attorney or counsel, and that I am not financially interested in the action.

DocuSigned by:
Theresa Kugler
439DA67C1C71495...

Theresa Mastroianni Kugler, C.S.R.
Notary Public, State of New Jersey
My Commission Expires May 5, 2021
Certificate No. XI0857
Date: August 2, 2021

A
**able** 12:24 22:15 25:16 28:21
**account** 22:4
**accurate** 32:6
**acknowledge** 14:21
**action** 7:11 25:15,19,22 26:17,22 32:11 32:14
**ADAM** 5:5
**add** 12:3 21:12 24:9
**addition** 25:11
**additional** 9:15 23:24 28:11
**address** 7:16 8:23 16:16 28:21
**addressing** 6:11
**advance** 12:11
**adverse** 25:18
**advice** 11:9,13 11:17,22
**age** 24:14
**ago** 18:17 28:16
**agree** 15:13 28:20 30:7,8
**agreeable** 10:11
**agreement** 10:24
**ALABAMA** 3:17
**allegations** 27:13
**ALLEN** 3:15
**allowed** 26:16
**amend** 21:22 22:2 25:8
**amended** 21:12 22:16,20
**amendment** 6:17 21:3,5 23:22 26:17
**analogous** 26:24
**analyze** 25:16
**answer** 7:8
**anticipate** 21:25
**anticipating** 20:4
**anybody** 30:23
**appeal** 7:17 9:24 14:3 16:15
**appealing** 14:15 17:10
**appeals** 17:6 26:21
**applicability** 27:25
**applicable** 26:23
**apply** 16:4 19:19
**appreciate** 7:14 15:13
**appropriate** 9:15 12:18 14:11 25:22 29:3
**argued** 27:14
**argument** 6:18 6:19,22 22:2 23:6,20 24:1 29:22 31:3,5
**arguments** 10:12 26:2
**ARPS** 5:2
**ASHCRAFT** 3:9
**aside** 25:14
**asked** 19:2
**assert** 25:9 26:14
**assertion** 11:13
**assertions** 27:17
**attached** 26:10
**attachment** 13:23 14:2
**attorney** 32:10 32:12
**ATTORNEYS** 3:7,13,19,25 4:5,11,17 5:8
**Audubon** 1:21
**August** 1:11 32:21
**author** 13:1
**authors** 10:20
**available** 10:22
**AVENUE** 3:22 5:6
**avoid** 15:20

B
**Baby** 19:8,9
**back** 6:22 8:25 9:23 12:14 24:20,25 29:19
**BANK** 3:22
**BARR** 4:1
**based** 20:3 24:24 26:23 27:16
**BASF** 26:21
**basically** 22:3 24:10
**basis** 16:11
**BAYLEN** 4:2
**BEASLEY** 3:15
**BEISNER** 5:4
**believe** 7:21 12:10 14:15 15:14 19:20 28:25
**BERMAN** 4:7,7
**BERNARDO** 5:2 6:25 7:7 8:12,22 9:11 12:1,5,15 13:9 13:24 15:12 17:16 18:4,14 19:12 21:8,15 21:18 24:2,5 24:17 26:25 27:10,20 28:6 29:12,15,23 30:4,10,17 31:12
**best** 13:14
**better** 15:5
**BIDDLE** 4:13
**big** 8:7 18:16
**binders** 7:24 8:11,14,15,24 9:6
**bit** 6:23 7:18
**Block** 18:20
**bottles** 19:9
**bottom** 9:5
**BOX** 3:16
**brass** 16:22
**brief** 23:22 27:9 29:6 30:6,15
**briefing** 21:25 22:17 23:24 30:7
**broader** 15:24 16:10
**BUCHANAN** 4:1
**bunch** 29:16
**burden** 11:16 12:19,23 13:2 29:24
**business** 11:24

C
**C** 3:1 32:1,1
**C.S.R** 32:19
**calendar** 20:1
**call** 6:5 7:1 12:11 15:24 18:18 28:12
**camera** 10:6 16:20 20:19
**CAMPUS** 4:14
**candid** 14:5,22 16:2
**card** 17:7
**cares** 16:3
**case** 10:5 14:24 15:2,3,20 27:22 31:4,9
**cases** 25:12 31:10
**categories** 29:17
**category** 9:13 10:19 12:6 28:16
**cause** 25:19,22 26:17
**causes** 25:15 26:22
**certain** 10:1 14:10 19:2,3
**certainly** 14:25 17:22
**Certificate** 32:21
**certified** 1:19 2:8 22:12 32:4
**certify** 32:5,9
**challenged** 10:17 20:14
**challenging** 10:20
**chance** 16:18
**change** 22:1
**changed** 22:17
**changing** 22:17
**characterized** 10:24
**CHERRY** 3:5
**chime** 9:15
**Chris** 6:16 21:2 22:19 24:3,11 24:18 25:3,6 28:20 30:11,18
**CHRISTOPH...** 3:21 4:2
**Circuit** 26:20
**Civil** 1:2
**claim** 9:25 25:9 26:14
**claims** 10:18
**clarification** 16:14 21:9
**clarify** 6:15 18:24
**clear** 11:8,21 12:6 13:21
**close** 12:17
**COHEN** 3:21

**coincidentally** 9:3
**come** 13:13 15:21 24:22,23 24:24 28:14 31:4
**comes** 12:20 27:22
**comfort** 11:5
**comfortable** 13:6 19:6
**coming** 24:15
**commencing** 2:12
**comment** 15:14
**COMMERCE** 3:16
**Commission** 32:20
**Commonwealth** 2:10
**communicatio...** 24:13
**COMPANIES** 4:18 5:9
**company** 10:22
**complaint** 21:12 22:3,16,20
**completely** 15:13
**complicated** 18:8
**compromise** 8:2 10:13 11:2
**concerned** 8:8 10:9 14:9 15:25
**concluded** 31:19
**confer** 19:25
**CONFEREN...** 1:5
**confirm** 19:2
**congratulations** 23:17 24:3
**conservative** 7:15
**consider** 12:21 13:8 14:14 16:25 17:12,14 17:21,22
**consistently** 16:5 16:7 17:24
**CONSUMER** 4:18,18 5:9,10
**context** 25:18
**cooperatively** 28:18
**coordinate** 30:18
**coordinated** 12:11
**correct** 21:21,21 29:12
**correctly** 11:20
**counsel** 7:1,5 12:14 32:10,12
**count** 27:15
**couple** 20:6 21:24 22:14
**course** 11:24
**court** 1:1,19 2:8 23:9 26:20
**courts** 26:12,16
**covered** 30:20
**cplacitella@c...** 3:24
**cross** 18:21
**crosstalk** 27:18
**ctisi@levinla...** 4:4
**cumulative** 15:2

**D**

**D** 5:3
**DANIEL** 3:4
**date** 6:12,17 31:3 32:8,21
**daughter** 23:9
**day** 22:21,21,21 22:22 23:6 31:18
**DC** 3:11 5:6
**dead** 13:1
**deal** 6:20 17:2
**dealing** 6:9 21:22 28:15
**deceased** 10:21
**decide** 21:6 25:21
**deciding** 7:16
**decision** 26:20 27:3
**decisions** 15:15 26:15
**DEFENDANT** 4:17 5:8
**defendants** 23:23 26:10
**defer** 10:23
**definitely** 16:25
**denied** 26:12,15 27:16
**dependent** 22:6
**depends** 22:23
**deposed** 7:24
**deposition** 22:11 22:14 24:10 28:11 29:1
**depositions** 24:15
**detail** 7:19 25:8 26:10
**details** 16:23
**devoted** 15:4
**different** 9:1,2,7 9:8 13:14,22 25:25 28:3,13 29:17
**direct** 4:15 11:9
**direction** 6:14
**disagree** 7:13 24:7,12 25:4 27:24 28:4,13 29:3
**disagreement** 11:1
**disclosed** 22:4
**disclosing** 16:6
**discovery** 29:3
**discuss** 6:5 10:15 16:19
**discussing** 9:3
**discussion** 8:18 24:7
**discussions** 19:17
**dispute** 6:9
**dissimilar** 27:5
**DISTRICT** 1:1 1:1
**divided** 29:16
**dlapinski@m...** 3:7
**Docket** 1:2
**document** 11:6,9 11:19,21 19:12
**documents** 6:12 6:13,24 7:20 7:23 8:8,9,10 8:17,20,23 9:2 9:4,8,18 10:5 10:12,18,21 11:23 12:9 14:23 15:5,6 15:10,21 16:2 16:6,7,9,12,23 18:15,19 19:3 19:19,22,24 20:9,14 22:13 24:25 29:1,20 31:9
**doing** 16:8,21 17:23
**downgrade** 18:22
**DRINKER** 4:13
**DRIVE** 3:4

**E**

**E** 3:1,1 5:13,13 32:1,1
**easier** 30:15
**EAST** 3:4
**efficient** 14:4
**either** 10:16,21 11:11
**email** 20:22
**emails** 18:21
**employee** 32:10 32:12
**entirety** 22:10
**enumerated** 19:21
**enumerating** 13:18
**ESQUIRE** 3:4 3:10,15,21 4:2 4:7,14 5:2,3,4 5:5,15
**essentially** 7:10 29:17,20
**evening** 18:19
**everybody** 6:3 31:18
**evidence** 11:11
**evidentiary** 11:15
**exact** 19:12
**exactly** 27:16
**Expires** 32:20
**explain** 13:12
**explaining** 16:21 16:22
**explicit** 11:12
**explicitly** 11:8

**F**

**F** 32:1
**fact** 24:8,11 27:12
**facts** 14:10 22:4 25:17 26:24 27:5
**factual** 27:17
**FAEGRE** 4:13
**failure** 10:3,25
**Fair** 8:22 13:9 21:15
**faith** 15:17
**fall** 10:18

**far** 19:15
**fashion** 15:5
**FAX** 3:6,18,24 4:10,16 5:18
**feel** 6:6 11:15 13:6 22:14 26:1
**felt** 14:6 15:15
**fighting** 15:10 17:3
**figure** 12:25
**file** 17:13 18:2
**filed** 25:13
**filing** 17:5,10 22:5
**final** 22:15
**financially** 32:13
**fine** 5:5 12:11 15:7 18:10,11 18:12 30:8,21
**finish** 24:17,18
**FIRM** 3:15
**firms** 31:10
**first** 6:20 7:21 24:11,12 26:3 29:19 31:8
**five** 8:11 9:5,18 9:22 11:2 12:9 14:1 25:8,10 25:15,21 26:23
**FLOM** 5:2
**FLOOR** 5:16
**FLORHAM** 4:15
**FLORIDA** 4:3
**focused** 14:5
**follow** 20:7
**follow-up** 6:8
**following** 21:11
**footnote** 15:14
**foregoing** 32:5
**forgotten** 27:21
**form** 12:25
**formal** 30:3,14
**FORMAROLI** 1:18
**forth** 8:25 9:23 24:20 32:8
**forward** 17:23 19:15
**forward-going** 16:11
**frankly** 25:12
**free** 6:6
**Friday** 18:5,10 18:12 20:12
**front** 13:25
**Fuentes** 26:21
**further** 7:11,17 8:5 9:9 20:1,13 32:9
**future** 6:12

**G**

**gals** 14:25
**general** 14:23
**GEREL** 3:9
**germane** 25:24
**getting** 6:2 16:22 21:1 23:10 24:6
**give** 8:3 9:14,19 11:5 13:14 19:24 21:5 22:15 25:17
**given** 20:5 26:5
**gives** 13:8
**go** 7:1,18 12:13 24:25 25:3 26:3,4 27:23
**going** 6:13,17 8:3 9:14 13:2 13:10,11,17 14:21 15:5 17:17 18:2,19 19:18 21:4 22:19 23:23 26:1 29:18,22 31:4,8
**good** 9:6 15:16 31:17
**GOODMAN** 5:15
**great** 20:15 31:12
**group** 15:24
**guess** 6:21 17:8 22:23
**guidance** 17:24
**guns** 15:1
**guys** 14:24

**H**

**H** 5:4
**hairs** 18:21
**hands** 10:8
**happen** 6:13
**happy** 14:19,19 17:8,14
**hear** 9:12 20:13
**heard** 15:8 28:25
**Hearing** 31:19
**help** 17:25
**helpful** 7:3
**hereinbefore** 32:8
**hide** 14:21
**HILL** 3:5
**Hirschberg** 27:22
**historical** 8:17
**hodgepodge** 28:12
**homework** 19:1
**honor** 6:25 7:4 7:14,20 8:1,22 9:13,18,22 10:6,10,16,23 12:1,6 13:9,11 13:16,19 14:1 14:5,9 15:12 15:19,22,23 16:5 17:16,20 18:16,22,24 19:19,20 20:2 20:16 21:8 24:3,7 26:25 27:11,25 28:6 28:25 29:5,6,8 29:25 30:12
**Honor's** 9:24 10:3 14:7 20:3 28:22
**hope** 12:9
**hopefully** 6:14 13:15
**Horse** 1:20
**hundred** 19:19 21:21

**I**

**ideas** 10:22 13:12
**identical** 31:6
**impact** 10:1
**implicit** 11:12
**important** 8:15 17:2
**impression** 14:23
**including** 27:15
**inconsequential** 15:10
**inconsistent** 14:7,16
**independent** 25:15
**indicate** 11:12
**indicated** 21:3 22:8
**indiscernible** 27:17
**indulge** 23:8
**inference** 25:18
**infinitum** 23:4
**informal** 29:5
**information** 9:15 10:2 22:25 23:1
**innocuous** 16:3
**input** 28:22
**instances** 10:2 11:10
**intend** 13:10
**interested** 32:13
**internal** 9:2
**issue** 6:21,21 8:21 11:5,15 12:20,21 16:8 18:8 21:23 28:9,24
**issues** 6:4,6 8:1 10:1 16:10 17:2 19:1 20:1 22:11,17 24:10 24:14,14,22,25 26:4 28:13,15 30:20,23 31:7
**itemize** 19:5

**J**

**J** 5:5
**J&J** 6:23 11:15 12:19,22,24 13:1,3,7,8 17:5 17:8,10 25:25
**Jersey** 1:1,21 2:10 3:5,22 4:15 25:11,13 25:14 26:24 32:5,20
**Jessica** 5:3 12:2 13:19,24 16:18 17:17 18:4,10 20:12,22
**JOEL** 1:14
**JOHN** 5:4
**john.beisner...** 5:7
**Johnson** 1:5,5 4:17,17,17,17 4:18,18 5:9,9,9 5:9,10,10 19:8 27:5,5,8,8
**Johnson's** 19:9
**jschneider@m...** 1:14
**Judge** 16:15

17:1 26:21
27:15,20,21
31:16
**judgement**
26:13,18
**judges** 27:15
**judgment** 14:2
**juice** 15:9
**July** 6:8

**K**

**K** 3:10
**keep** 17:7 23:4
**Kentucky** 27:20
**kind** 7:1,22 16:8
25:24
**knew** 11:18
**know** 6:10,23
8:14,16,19
10:8 11:7
14:14,22,24,24
14:25 15:8,15
15:19 16:10
17:4 22:4,8
24:11,16 25:11
25:19 26:10,14
27:13 29:17
**known** 4:18 5:10
**knows** 11:20
15:23
**Kugler** 2:8
31:16 32:3,19

**L**

**L** 5:13,15
**Labor** 22:21,22
23:6
**LAKE** 3:4
**LAPINSKI** 3:4
**large** 20:4
**Laughter** 19:11
25:5
**law** 3:15 11:1
26:22,24
**LAWRENCE**
4:7

**lawsuit** 29:18
**lawsuits** 29:2
**lay** 29:24
**lays** 26:22
**lberman@lfsb...**
4:11
**leave** 13:3 21:5
27:9
**left** 6:12
**legal** 10:1 11:8
11:13,17,22
31:7
**LEIGH** 3:15
**leigh.odell@b...**
3:18
**length** 16:19
**let's** 6:17
**letter** 16:17
17:14 18:25
19:5 20:12
24:11,12 29:6
30:6,15
**LEVIN** 4:1,7
**LIABILITY** 1:6
**license** 2:9
**lieu** 14:14 22:14
**life-is-short-a...**
28:17
**line** 6:3 9:5,14
**list** 8:5 19:24
**litigation** 1:6
15:23
**little** 6:23 7:18
22:1
**LLC** 3:3
**LLP** 3:9 4:7,13
5:2,15
**location** 22:13
**long** 10:10,23
**longer** 10:21
**look** 14:19,20
**loop** 12:17
**loosely** 27:2
**lost** 17:7
**lot** 12:23,24
19:16

**M**

**M** 3:21 4:14
**main** 6:4
**maintaining**
10:10
**making** 16:4
**MAPLE** 3:22
**MARKET** 5:16
**MARKETING**
1:5
**married** 23:10
**Master** 1:14 6:1
6:2 7:6 8:7,13
9:10 11:4
12:13,16 14:17
16:24 18:1,6
18:13 20:11,21
20:24 21:13,16
21:20 22:18
23:3,11,16,19
25:6,20 26:7
28:5 29:10,13
29:21 30:2,5
30:13,19,22
31:13,17
**Mastroianni**
1:18 2:8 32:3
32:19
**matter** 2:7 16:1
29:3,16
**matters** 29:14
**McCRACKEN**
5:15
**MDL** 6:10 15:25
25:12
**MEAGHER** 5:2
**mean** 16:2,2
18:7 25:16,24
29:20
**meant** 21:14,17
27:11
**mechanism**
29:25
**meet** 19:25
**memo** 13:22,23

**memos** 13:22
**MICHELLE**
3:10
**mid** 23:6
**Miller** 5:3 9:14
12:4 13:21
18:5,12 20:16
20:23
**minute** 7:12
**Monday** 1:11
18:7
**MONTGOM...**
3:17 5:15
**motion** 6:16
14:11 17:8,14
21:2,10,11,19
21:22 22:2,5
25:7 26:13
27:14 29:4,11
30:3,14 31:7,8
**motions** 17:5,10
**MOTLEY** 3:3
**MOUGEY** 4:1
**move** 8:2 12:5
**moved** 6:22
**moving** 19:15
22:9
**mparfitt@ash...**
3:12
**multiple** 21:6

**N**

**N** 3:1 5:13
**name** 27:21
**nature** 20:5
**necessary** 22:12
26:2
**need** 16:20
24:21 28:19
30:2
**needed** 7:16
**neither** 32:9,11
**new** 1:1,21 2:10
3:5,22 4:15 5:6
25:11,13,14
26:24 27:12

32:4,20
**nitty** 18:15
**nodding** 14:16
14:18
**non-existence**
22:13
**nonconsequen...**
8:10
**normal** 11:24
**Notary** 2:9 32:3
32:20
**note** 24:5,21
25:1
**notice** 29:11
**notices** 24:10
28:11
**number** 2:9 7:11
11:7,18 12:10
20:4
**numbers** 7:19
7:20 9:19
27:15
**NW** 3:10 5:6

**O**

**O** 5:13
**O'BRIEN** 4:1
**O'DELL** 3:15
**O'Shaughnessy**
7:23
**O'Shaughness...**
28:25
**object** 24:21
**obliged** 7:14
**obviously** 6:10
7:13 10:19
13:2 16:21
**offhand** 11:7,19
**okay** 7:3 12:5
20:20,22,23,24
23:8 28:5
30:19 31:13
**old** 24:14
**once** 21:6
**ones** 10:16 13:17
18:22

**open** 6:12 23:4
**opinion** 6:9 14:7 19:21
**opinions** 26:11 26:11
**opposition** 26:3 30:7
**oral** 6:18,19,22 22:1 23:20,25 31:3,5
**order** 6:9,24 7:2 9:24 20:9
**original** 22:5
**outcome** 14:6
**overlooked** 14:9 14:19,20
**overnight** 18:9
**overruled** 11:14
**overruling** 9:25

**P**

**P** 3:1,1 5:13
**P.O** 3:16
**PA** 4:1
**PAPANTONIO** 4:1
**papers** 26:9,16 27:3 28:1
**PARFITT** 3:10
**PARK** 4:15
**particular** 10:5 16:9 26:5 29:18
**parties** 32:11
**patent** 9:17 10:12 11:6 12:20
**patents** 10:2
**PC** 3:21
**Pennsylvania** 2:11 4:9 5:17
**PENSACOLA** 4:3
**people** 12:23 15:24 18:9
**percent** 21:21
**Perfect** 30:10,17
**perfectly** 14:5 14:22
**period** 9:6
**personally** 15:4 27:14
**perspective** 18:16 25:25
**persuade** 13:15
**pertain** 11:22
**PHILADELP...** 4:9 5:17
**photograph** 19:7
**phrase** 16:14
**picture** 18:16
**pictures** 19:9
**piece** 25:14
**Pike** 1:20
**pinning** 23:1
**place** 32:8
**Placitella** 3:21 3:21 6:16 9:3 21:24 22:23 23:8,13,18 24:4,12,16 25:4,10,23 26:19 27:7,19 28:2,18 30:21
**plaintiff** 30:6
**plaintiffs** 3:7,13 3:19,25 4:5,11 7:19 8:4,25 9:5 12:8 17:6,11 18:17,23,25 19:8,24 20:7 20:18 28:10
**plaintiffs'** 7:1,5 10:8
**plan** 20:16
**plate** 31:2
**pleaded** 25:22 26:17
**plus** 7:8
**PM** 2:12
**point** 12:2 13:13 14:15 26:20 27:1,1,4,6,11
**pointing** 24:13
**points** 14:8 18:15
**position** 13:5
**possible** 7:15 14:4
**potpourri** 28:12
**Powder** 1:5 19:8 19:10
**PR** 15:6 31:10
**practical** 16:16
**PRACTICES** 1:6
**prepared** 11:24
**pretty** 8:9 11:21 17:8
**principles** 19:20
**prior** 8:19 24:13
**privilege** 6:9,21 11:13
**privileged** 10:2 20:9
**probably** 8:24 16:3,19
**problem** 18:1
**proceed** 17:23 29:7 30:17
**proceeding** 16:11 28:15
**proceedings** 2:6
**process** 19:17
**PROCTOR** 4:1
**produce** 8:3 19:13
**produced** 6:23 11:10 19:3,4 19:13 29:1,19
**producing** 7:22
**product** 22:25
**productions** 24:25
**PRODUCTS** 1:5 1:6
**promptly** 17:15
**proof** 11:16 12:19
**proofs** 13:4
**proportionality** 29:22,23
**proposed** 22:3 22:20 23:22
**provide** 10:13 11:2 12:7 18:18,19,23 19:23
**Public** 2:9 32:3 32:20
**purely** 15:19
**put** 20:1
**putting** 25:14 28:14

**Q**

**quash** 22:9 29:4 29:11
**question** 7:8 8:8 25:7 26:8
**quicker** 30:15
**quite** 24:8 28:3
**quote/unquote** 6:11

**R**

**R** 3:1,4 5:13 32:1
**RACHEL** 5:15
**RAFFERTY** 4:1
**raise** 6:7 20:2 28:7 30:22,24
**raised** 9:4 19:2
**raising** 7:8
**rarely** 27:2
**re-reviewing** 16:11
**read** 9:24 24:16 26:15 27:25
**real** 18:20
**really** 9:25 10:9 14:12 16:1,4,7 16:10,18 21:25 22:16 24:19 25:23 26:3 29:15 31:6
**reason** 14:5 27:13
**reasonable** 30:8
**REATH** 4:13
**recall** 7:23 10:7 11:6,20 26:4
**recipient** 13:1
**recipients** 10:20
**recognize** 15:20
**reconsideration** 14:11 16:13 17:5,11
**record** 9:19 10:7 24:6,21 25:2 28:3
**RED** 3:22
**redacted** 20:17
**refer** 8:10
**referenced** 7:25 9:1
**referred** 9:7 21:9
**regard** 11:10 20:13
**regarding** 8:20
**rehashing** 24:10
**relates** 28:7,24
**relation** 7:2 20:8
**relative** 32:10,12
**relevance** 29:24
**remainder** 19:22
**remaining** 16:12 19:18
**remember** 26:11 26:13
**REMOTE** 1:5 2:11
**report** 20:8
**Reporter** 2:8 32:4
**Reporting** 1:19
**representative** 6:11

**represented** 10:6
**request** 11:8,12 11:16,22 17:14 26:14
**reserved** 7:21 8:21
**resolved** 22:24
**resources** 15:4
**respect** 10:4,12 12:3 16:9 20:9
**respectfully** 7:13
**response** 6:24
**rest** 6:13 20:14
**result** 7:22
**RETIRED** 1:14
**rgoodman@m...** 5:18
**RHOADS** 5:15
**RICE** 3:3
**Rich** 13:22 21:21 22:8 31:2
**RICHARD** 5:2
**richard.berna...** 5:8
**right** 11:14 12:10 13:17 23:21,25 29:7 31:5
**ripe** 28:16
**rise** 25:17
**role** 12:22 13:7
**ROTH** 3:21
**routinely** 27:16
**rule** 13:3 17:15
**ruled** 11:25 18:22
**ruling** 8:20 10:24 20:3,5 31:4
**rulings** 7:14 16:5 19:21 31:9
**run** 18:21
**rush** 18:7

**S**

**S** 3:1 4:7 5:13,13
**SALES** 1:6
**sample** 6:11
**satisfied** 11:16
**satisfy** 12:19,22 13:2
**saw** 8:17
**schedule** 6:18,19 23:6,20 24:2 30:7
**Schneider** 1:14 6:1,2 7:6 8:7 8:13 9:10 11:4 12:13,16 14:17 16:15,24 18:1 18:6,13 20:11 20:21,24 21:13 21:16,20 22:18 23:3,11,16,19 25:6,20 26:7 28:5 29:10,13 29:21 30:2,5 30:13,19,22 31:13,17
**score** 17:7
**second** 12:14 28:23
**SEDRAN** 4:7
**see** 14:25 15:1 22:11,16 27:25 31:18
**seeking** 25:9
**seen** 15:2,3 31:7
**sense** 16:16 19:16,23 21:4
**separate** 25:19
**September** 22:20 23:5,5,7
**served** 28:10
**set** 32:8
**shape** 12:25
**shared** 20:17
**SHARKO** 4:14
**short** 16:17 18:17
**Shorthand** 32:4
**side** 24:6
**simply** 15:19
**sitting** 25:12
**six** 14:2
**SKADDEN** 5:2
**skimming** 26:12
**SLATE** 5:2
**small** 7:11
**smart** 12:23 17:4
**smarter** 12:24
**smidgen** 15:3
**smoking** 15:1
**so-called** 9:17
**soon** 31:5
**sophisticated** 17:4
**sorry** 9:20 12:14 13:19
**sort** 8:1 10:25 12:16 13:12 18:15 26:16
**sounds** 8:14,15 8:16
**South** 1:20 4:2
**Special** 1:14 6:1 6:2 7:6 8:7,13 9:10 11:4 12:13,16 14:17 16:24 18:1,6 18:13 20:11,21 20:24 21:13,16 21:20 22:18 23:3,11,16,19 25:6,20 26:7 28:5 29:10,13 29:21 30:2,5 30:13,19,22 31:13,17
**spirit** 8:2 10:13 11:2
**spoke** 21:2
**spoliation** 6:16 21:1,10,22
**squeeze** 15:9
**stage** 28:15
**starts** 17:5,10
**state** 2:10 26:22 31:4 32:4,20
**statement** 22:12
**states** 1:1 25:8 25:11,15,21 26:23
**STATUS** 1:5
**stenographica...** 2:7 32:7
**step** 14:14
**stipulations** 28:19
**STREET** 3:10 3:16 4:2,8 5:16
**strongest** 13:4
**strongly** 24:8 27:24
**struggle** 15:18
**study** 25:7 26:9
**subject** 8:25 29:3,14,16
**submission** 16:17,20 19:7
**submit** 13:4 20:17 22:19 23:22,24 30:6
**submits** 12:21
**subpoenas** 22:6 22:9,24 23:2 24:9
**substance** 10:7,9 16:3
**substantiate** 10:4,18,25
**suffice** 28:24
**suggest** 13:10
**SUITE** 3:4 4:8
**summary** 26:13 26:18
**support** 13:4
**sure** 7:6 11:19 12:15 16:4 17:23 21:10,19 27:2 29:7 30:3 30:11
**SUSAN** 4:14
**susan.sharko...** 4:16

**T**

**T** 5:2,13 32:1,1
**tacks** 16:22
**take** 7:11,25 8:4 13:12 22:3
**taken** 2:7 32:7
**talc** 26:19
**TALCUM** 1:5
**talk** 28:8
**talked** 31:2
**team** 11:19
**tell** 12:19,22 13:11 22:18 29:18
**telling** 13:6
**terms** 7:15 27:12
**Terrific** 9:10
**testimony** 32:6
**thank** 6:2 13:24 17:16,20 23:15 23:18 31:14,15 31:16
**Thanks** 24:4
**Theresa** 2:8 31:15 32:3,19
**thing** 14:11 17:6 17:11 28:7 31:1
**things** 17:24 19:4 21:24 29:2
**think** 7:3,7 9:8 10:6 11:4,11 11:14 12:18,22 14:18 15:4,23 16:17,19 17:24 18:2,10 19:7 19:18,22 20:6 21:4 22:17 23:21 24:11,22

25:23,24 26:6
27:1 28:2,20
28:20 29:5
30:20,25 31:2
31:8,10
**Third** 26:20
**thought** 9:11
14:10 16:15
19:16 30:4
**three** 7:20 22:15
31:10
**time** 8:1 9:6
10:16 13:15
18:11,17,20
20:1 24:15,15
26:3 27:22,22
32:7
**times** 21:2,7
**timing** 28:8
**TISI** 4:2
**told** 7:4 18:17
**top** 9:14
**track** 18:18
**transcript** 2:6
8:18 32:6
**trial** 25:18
**true** 32:6
**try** 8:2 28:19
**trying** 17:22
22:10 30:25
**turned** 17:9
**tweak** 22:1
**two** 6:4 13:22
26:11 28:10
31:10
**type** 22:12

**U**
**Um-hum** 8:12
**underlying** 8:20
**understand**
17:21
**understanding**
21:11
**Understood** 12:1
**UNITED** 1:1

**unredacted**
20:18
**upside** 23:14
**USMJ** 1:14

**V**
**V** 4:2
**variety** 28:13
**version** 20:17,18
**versions** 19:4
**versus** 11:1
22:12
**VIDEOCONF...**
1:6 2:11
**Videoconfere...**
1:19
**view** 10:4 15:11
**Viscomi** 27:15
**Visic** 27:20
**vs** 26:21

**W**
**waiting** 31:1
**waiver** 7:22
15:19,22
**waiving** 10:11
**walk** 7:4
**WALKER** 5:15
**WALNUT** 4:8
**want** 9:12 10:15
13:21 14:4,12
15:6,20 17:12
18:8,11 21:3
21:10 22:25
23:21 24:5,20
24:20 25:1
27:1,6,10 28:7
28:8 29:6,25
**wanted** 6:4,15
14:12 16:12
21:18 24:19
30:11
**wants** 30:24
**WASHINGT...**
3:11 5:6
**wasn't** 8:8

**way** 7:17 12:25
13:3 23:6 29:7
30:16,18
**ways** 9:2,7
**we'll** 6:18,18
10:13 13:13
18:21,22 19:4
19:13 20:5,7
20:11 23:20,25
27:8,23 28:3
28:19 29:24
30:17 31:18
**we're** 6:5,10
7:14 8:3 10:9
11:1 14:8
15:25 16:7
17:22,23 18:17
18:19 19:5,17
20:3,24 22:6
22:14 28:21
29:7
**we've** 19:6 25:16
27:3 30:20
**Wednesday** 23:5
**week** 29:9
**weekend** 23:10
23:14
**weeks** 20:7
22:15
**welcome** 17:13
**went** 9:23
**White** 1:20
**Williams** 26:21
**willing** 11:1
**wish** 7:11 11:18
15:12
**withholding**
16:6
**withholdings**
15:16
**witness** 28:14
**Wolfson** 17:1
**won** 17:7
**words** 10:25
17:21 27:1
**work** 18:9 19:6

22:10 30:10
**working** 12:23
22:7 28:18
29:8
**works** 24:2
**world** 23:13
**worth** 15:9
**wouldn't** 10:11
15:22
**written** 14:7
**wrong** 16:13

**X**
**XIO857** 32:21

**Y**
**Yeah** 23:3
**years** 25:1 28:16
29:19
**YORK** 5:6

**Z**
**Zoom** 1:5 2:11
6:5

**0**
**07701** 3:22
**07932** 4:15
**08002** 3:5
**08106** 1:21

**1**
**1** 22:20
**101** 3:4
**103** 12:12 13:18
13:22
**106** 9:20,20 12:7
**108** 12:12 13:18
**10th** 23:9,23
**126** 9:21 12:7
**127** 3:22
**1440** 5:6
**16** 19:19
**17** 19:19
**1735** 5:16
**17th** 23:25
**1825** 3:10

**19103-7505** 5:17
**19106-3697** 4:9

**2**
**2** 1:11 32:21
**20005** 5:6
**2006** 3:11
**202-371-7410**
5:7
**202-759-7648**
3:12
**2021** 1:11 32:20
32:21
**210** 3:4
**215-567-3500**
3:23
**215-567-6019**
3:24
**215-592-1500**
4:10
**215-592-4663**
4:10
**215-772-7411**
5:17
**215-772-7620**
5:18
**218** 3:16
**21st** 5:16
**26th** 6:8

**3**
**3:16-md-2738-...**
1:2
**30** 29:19
**30(b)(6)** 24:9
28:11 29:11
**30X100085700**
2:9
**316** 4:2
**32502** 4:3
**334-954-7555**
3:18
**36104** 3:17

**4**
**4:02** 2:12

**4160** 3:16
**46** 7:20 8:6

**5**

**5** 32:20
**500** 4:8
**51** 9:20 12:7
**510** 4:8
**515** 1:20
**52** 9:20 12:7
**53** 9:20 12:7
**56** 7:20 8:6

**6**

**60** 12:12 13:18
**600** 4:14
**61** 12:12 13:18

**7**

**7** 23:5
**72** 12:12 13:18
**732-747-9003** 3:23

**8**

**8** 23:5
**800-277-1193** 4:4
**800-674-9725** 3:11
**800-768-4026** 3:6
**800-898-2034** 3:17
**850-435-7000** 4:3
**856-488-7797** 1:15
**856-546-1100** 1:22
**856-667-0500** 3:5
**856-667-5133** 3:6
**877-882-1011** 4:9

**9**

**973-360-9831** 4:16
**973-549-7350** 4:15
**99** 7:20