

TRUE AND CERTIFIED COPY
Daniel Murphy
12:33 pm, Aug 17 2021

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION     MDL No. 2738

### TRANSFER ORDER

**Before the Panel**:*  Plaintiff in the Southern District of California *Valdez* action moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Valdez* to the District of New Jersey for inclusion in MDL No. 2738.  Defendant Johnson & Johnson Consumer Inc. opposes the motion.

In support of his motion to vacate, plaintiff argues that federal subject matter jurisdiction over *Valdez* is lacking, and that his pending motion for remand to state court should be decided before transfer.  We are not persuaded by these arguments.  The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").  Moreover, the transferor court denied plaintiff's remand motion in *Valdez* on July 15, 2021 (after the close of briefing).

Plaintiff also argues that transfer will inconvenience him because his witnesses primarily are in California.  Centralization under Section 1407 is for pretrial proceedings only, however, and there usually is no need for parties or witnesses to travel to the transferee court for depositions or court hearings.  *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003).  Moreover, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay.  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

---

* Judge Roger T. Benitez did not participate in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer or other gynecologic cancer following perineal application of Johnson & Johnson talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiff's claims in *Valdez*, like those of plaintiffs in the MDL, center on the allegation that his decedent developed vaginal cancer caused by perineal application Johnson's Baby Powder. *Valdez* thus shares multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Dale A. Kimball | |

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**          MDL No. 2738

## SCHEDULE A

<u>Southern District of California</u>

VALDEZ v. JOHNSON & JOHNSON CONSUMER INC., ET AL.,
    C.A. No. 3:21-00873