**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** <br> **This document relates to:** <br><br> VIRGINIA ANKENBRAND, <br><br>                  Plaintiff, <br> v. <br><br> JOHNSON AND JOHNSON, JOHNSON AND JOHNSON CONSUMER INC., <br><br>                  Defendants. | **MDL NO. 16-2738 (FLW) (LHG)** <br> **JUDGE FREDA L. WOLFSON** <br> **MAG. JUDGE LOIS H. GOODMAN** <br><br> AMENDED COMPLAINT AND JURY DEMAND <br><br><br> Civil Action No.: 3:21-cv-03394-FLW-LHG <br><br> DIRECT FILED ACTION |

**AMENDED SHORT FORM COMPLAINT**
**AND JURY DEMAND**

The Plaintiff named below files this *Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Amended Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff

1.      Name of individual injured due to the use of talcum powder product(s):

Virginia Ankenbrand.

2.      At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of New York.

3.      Consortium Claim(s): The following individual(s) allege damages for loss of consortium: Not Applicable.

4.      Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder product related death: Not Applicable.

5.      Plaintiff was born on July 30, 1945.

6.      Plaintiff is filing this case in a representative capacity as the Not Applicable of the Not Applicable, having been duly appointed as the Not Applicable by the Not Applicable Court of Not Applicable.

7.      As a result of using talcum powder products, Plaintiff suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

        X          injury to herself

        _____ injury to the person represented

        _____ wrongful death

        _____ survivorship action

        X          economic loss

2

_____ loss of services

_____ loss of consortium

_____ other: _____

## Identification of Defendants

8.   Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

   X   Johnson & Johnson

   X   Johnson & Johnson Consumer Inc.

   _   Imerys Talc America, Inc. ("Imerys Talc")

   _   Personal Care Products Council ("PCPC")

## Additional Defendants

□   Other(s) Defendant(s) (please specify): Not Applicable.

## JURISDICTION & VENUE

## Jurisdiction

9.   Jurisdiction in this Short Form Complaint is based on:

   X   Diversity of Citizenship

   □   Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). Not Applicable.

---

[1]   If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

**Venue**

10.    District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

Eastern District of New York.

## CASE SPECIFIC FACTS

11.    Plaintiff currently resides in (City, State): <u>Medford, New York.</u>

12.    At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Medford, New York.</u>

13.    The Plaintiff was diagnosed with a talcum powder product(s) injury in (City/State): <u>Port Jefferson, New York</u> on <u>January 6, 2020</u>.

14.    To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>January 1974</u> and continued the use of talcum powder product(s) through about the following date: <u>December 2016</u>.

15.    The Plaintiff/Decedent purchased talcum powder product(s) in the following State: <u>New York</u>.

16.    Plaintiff/Decedent used the following talcum powder products:

<u>X</u>    Johnson & Johnson's Baby Powder

☐    Shower to Shower

## CAUSES OF ACTION

17.    Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

4

18.    The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

_    Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

X    Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

_    Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

X    Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

X    Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

X    Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

X    Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

_    Count VIII: Negligence (Against Imerys Talc)

X    Count IX: Negligence (Against the Johnson & Johnson Defendants)

_    Count X: Negligence (Against PCPC)

X    Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

X    Count XII: Fraud (Against the Johnson & Johnson Defendants)

_    Count XIII: Fraud (Against PCPC)

X    Count XIV: Violation of State Consumer Protection Laws of the State of New York Against the Johnson & Johnson Defendants).

_    Count XV: Fraudulent Concealment (Against Imerys Talc)

X    Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

5

   \_     Count XVII: Fraudulent Concealment (Against PCPC)

   X     Count XVIII:  Civil Conspiracy (Against All Defendants)

   ☐     Count XIX: Loss of Consortium (Against All Defendants)

   X     Count XX:  Punitive Damages (Against All Defendants)

   X     Count XXI: Discovery Rule and Tolling (Against All Defendants)

   ☐     Count XXII:  Wrongful Death (Against All Defendants)

   ☐     Count XXIII:  Survival Action (Against All Defendants)

   ☐     Furthermore, Plaintiff asserts the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above.   If Plaintiff includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. Not Applicable.

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all claims in this action.

Dated: September 15, 2021

Respectfully Submitted by,

**GITLIN, HORN AND VAN DE KIEFT LLP**

/s/ Moshe Horn
2095 Broadway, Suite 411
New York, New York 10023
212-514-5437
mhorn@ghvlaw.com

**THE FINK LAW FIRM, P.C.**

/s/ Steven M. Fink
401 Franklin Avenue - Suite 300
Garden City, NY 11530
516-541-3400
sfink@thefinklawfirmpc.com