

TRUE AND CERTIFIED COPY
Daniel Murphy
12:10 pm, Oct 13 2021

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION     MDL No. 2738

### TRANSFER ORDER

**Before the Panel**: Plaintiffs in the *Khan* action listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred *Khan* to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. oppose the motion.

In support of their motion to vacate, plaintiffs argue that federal subject matter jurisdiction over their action is lacking and that their anticipated motion for remand to state court should be decided before transfer. We are not persuaded by these arguments. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Plaintiffs additionally argue that transfer will cause them inconvenience and delay. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson talcum powder products (namely,

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiffs in *Khan*, like plaintiffs in the MDL, allege that they developed ovarian cancer caused by perineal application of defendants' talcum powder products. *Khan* thus shares multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**     MDL No. 2738

## SCHEDULE A

District of Oregon

KHAN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−01054