UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | MDL NO. 2738 (FLW) (LHG) |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE AND OBJECTIONS TO THE AMENDED NOTICE OF ORAL DEPOSITION OF JOHN GODLESKI, MD AND DUCES TECUM**

The Plaintiffs' Steering Committee ("PSC") responds and objects to Defendants' Amended Notice of Oral Deposition of John Godleski, MD and Duces Tecum. These objections apply to all named Defendants in *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 and are stated as follows:

**GENERAL OBJECTIONS**

The PSC objects to Defendants' Amended Notice of Oral Deposition of John Godleski, MD and Duces Tecum to the extent that it exceeds the scope of discovery or seeks to place obligations on the PSC or Dr. Godleski that are not required under the Federal Rules of Civil Procedure, Case Management Order No. 11, or any other Order of the Court. The PSC further objects to Defendants' request that Dr. Godleski produce certain documents "no later than two (2) weeks prior to the deposition." Pursuant to applicable federal rules, "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things ***at the deposition***." *See* Fed. R. Civ. P. 30(b)(2) (emphasis added). Pursuant to Special Master Order, Plaintiffs are only required to produce documents three days prior to deposition.

The PSC objects to every request that seeks discovery beyond that which is required to be

1

produced by experts under Rule 26 of the Federal Rules of Civil Procedure and seeks protected communications. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communication, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Materials exempted from discovery by the foregoing Rules will not be produced.

    The PSC objects to every request that seeks documents or other information that has been previously produced to Defendants on the grounds that it is duplicative, unduly burdensome, and imposes undue expense on the PSC or Dr. Godleski. The PSC further objects to any request that seeks the production of publicly available documents or documents previously produced by Defendants. The PSC further objects to any request that seeks documents or other information included in, referenced or attached to Dr. Godleski's expert report because it is duplicative and equally available to Defendants. Lastly, the PSC objects to any request that seeks the production of documents protected by either confidentiality agreements or protective orders in other litigations.

    Any documents produced or referenced in response to Defendants' request are produced subject to these general objections as well as the specific objections stated below.

## RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED

1.     A complete and current copy of Your curriculum vitae (CV).

    **RESPONSE:** Will be produced.

2.     Copies of any materials related to Your retention or payment for services as a testifying

expert related to this MDL and/or the Talc Litigation since the date of your last MDL deposition. This request does not include payments by patients for medical care. It does include, without limitation:

    A.    All retainer agreements or other agreements entered into since the date of your last MDL deposition and pursuant to which You have been or will be paid for work related to this MDL and/or the Talc Litigation.

    B.    All documents reflecting work done, time spent, or expenses incurred by You, Your organization, or anyone under Your direction or control or the direction or control of Your organization in connection with this MDL and/or the Talc Litigation since the date of your last MDL deposition, and all bills, invoices, or accounts rendered to attorneys, law firms or others in connection with those activities.

    C.    All records of payments of any kind received by You from any source related to Your work as a testifying expert regarding Talc or the Talc Products in connection with claims or litigation since the date of your last MDL deposition.

    **RESPONSE:** The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is overly broad. Notwithstanding the aforementioned, Dr. Godleski has already produced documents responsive to this Request.

3.    All documents related to all payments paid since the date of your last MDL deposition to any third party, including any charitable contribution, gift or other thing of value paid as compensation for testifying in connection with:

    A.    The Talc Litigation.

    B.    Any other work as a testifying expert witness in connection with litigation in the last five years.

    **RESPONSE:** The PSC incorporates by reference the general objections stated above. The

PSC further objects to this request and each of its subparts to the extent it is overly broad or seeks documents that have no relevance to this litigation. Notwithstanding the aforementioned, Dr. Godleski has no documents responsive to this Request.

4. All records of payments of any other kind received by You since the date of your last MDL deposition from any journalist, media outlet or other third party for assistance or information related to Talc and/or the Talc Products. This request does not include payments made for medical care or treatment.

**RESPONSE:** The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is overly broad or seeks documents that have no relevance to this litigation. Notwithstanding the aforementioned, Dr. Godleski has no documents responsive to this Request.

5. A copy of all materials of any kind added since the date of your last MDL deposition to Your complete file or files related to the work done concerning this MDL or the Talc Litigation more generally. Your complete file is intended in its broadest sense and includes without limitation any hard copy, electronic or other material of any kind that refers or relates to Talc, the Talc Products, any examination or analysis of Talc or the Talc Products, the Talc Litigation, or Your opinions in this MDL. Examples of these materials, without limitation, include:

  A. Any reports, summaries, or explanations, or memoranda created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

  B. Any photographs, measurements, videos, recordings, test results, or other data obtained, created by or provided to You and any analysis thereof.

  C. All documents, including but not limited to deposition transcripts, provided to You by anyone, including Plaintiffs' counsel. If such documents have been produced in this litigation by the parties, identification by bates number will suffice in lieu of production of hard copies, except that You are commanded to produce any copies of documents upon which You rely to any

extent in forming or supporting Your opinions containing post-production notes, highlights, or markings. If the transcripts are of depositions taken in the MDL, identification by deponent and date of deposition will suffice in lieu of production of hard copies, <u>except</u> that you are commanded to produce any copies of documents containing post-production notes, highlights, or markings.

  D. Any diagrams, drawings, animations, or simulations created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

  E. Any correspondence created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions, including but not limited to non-privileged communications between You and a party's attorney(s) that "(1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed," as provided by Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

  F. Any documents prepared by You or those assisting You and upon which You rely to any extent information or supporting Your opinions.

  G. All documents, literature, or other reference material or information obtained by or provided to You in connection with this litigation, and upon which You rely to any extent in forming or supporting Your opinions, including but not limited to, scientific and technical articles, publications, rules, standards, and other literature.

  H. Any other documents relied upon by You in arriving at any of Your opinions or conclusions concerning the issues involved in the Talc Litigation, including but not limited to all scientific and technical articles, publications, codes and standards.

  I. All documents or other tangible things which You rely on to any extent in forming or supporting Your opinions. This includes without limitation communications with third parties,

such as geologists, mineralogists, oncologists, gynecologists or other physicians, or other technical experts.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad or unduly burdensome. The PSC further objects to this request and each of its subparts to the extent it requests documents that have been produced by Defendants in this litigation or documents that are publicly available. Subject to the aforementioned, Dr. Godleski has already produced documents responsive to this Request.

6. Copies of all written communications (including any documents exchanged) with other expert witnesses retained to testify on behalf of plaintiffs in any talc litigation, including any experts designated in this MDL since the date of your last MDL deposition.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague, undefined, unduly burdensome and assumes Dr. Godleski is aware of all expert witnesses retained to testify on behalf of plaintiffs in any talc litigation. Notwithstanding the aforementioned, no relevant, responsive documents exist.

7. Any lists or compilations of lawsuits in which You have been involved in as a testifying witness in deposition or at trial within the last four years.

**RESPONSE:** The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it requests that Dr. Godleski prepare documents in response to the request. Notwithstanding the aforementioned, Dr. Godleski has provided an updated list herewith.

8. With respect to scientific or technical materials prepared in whole or in part by You since the date of your last MDL deposition:

    A. A current bibliography listing all publications authored by You.

    B. Any list of the subset of scientific or technical publications authored in whole or in

part by You which discuss the Talc Products and/or Talc.

**RESPONSE:** The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it requests that Dr. Godleski prepare documents in response to the request. Notwithstanding the aforementioned, Dr. Godleski has provided this information herewith as part of his CV as requested in paragraph 1.

9. Copies of all documents reflecting requests by You for funding to study Talc and/or the Talc Products, the amount of funding (if any) received by You to study Talc and/or the Talc Products, and the identity of the sources for any funding received by You to study Talc and/or the Talc products.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague, undefined and overly broad. Notwithstanding the aforementioned, no responsive documents exist.

10. Copies of documents related to communications with employees or representatives of any Johnson & Johnson-affiliated company which discuss the Talc Products and/or Talc or which relate to, support or provide a foundation for any of Your opinions. These documents include without limitation:

    A. All emails sent to (whether addressed to or copied to) or received from such persons.

    B. Copies of all notes, tape recordings, or other memorialization of communications with such persons.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad and assumes Dr. Godleski is aware of any and all affiliations individuals may have with Johnson & Johnson companies. Notwithstanding the aforementioned, no responsive documents exist.

11. Copies of documents related to communications with employees or representatives of any

other cosmetic talc product manufacturer since the date of your last MDL deposition which discuss the Talc Products and/or Talc, or which relate to, support or provide a foundation for any of Your opinions. These documents include without limitation:

    A.    All emails sent to (whether addressed to or copied to) or received from such persons.

    B.    Copies of all notes, tape recordings, or other memorialization of communications with such persons.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad and assumes Dr. Godleski is aware of any and all affiliations individuals may have with cosmetic talc product manufacturers. Notwithstanding the aforementioned, no responsive documents exist.

12.    Copies of documents related to communications with employees or representatives of any journalist, reporter, broadcaster, blogger, commentator, or media outlet of any kind which discuss Johnson & Johnson or any Johnson & Johnson-affiliated company, the Talc Products and/or Talc since the date of Your last MDL deposition. These documents include without limitation:

    A.    All emails sent to (whether addressed to or copied to) or received from such persons.

    B.    Copies of all notes, tape recordings, or other memorialization of communications with such persons.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad and assumes Dr. Godlesi is aware of any and all affiliations individuals may have with various media outlets. Notwithstanding the aforementioned, no responsive documents exist.

13.    All documents relating to any communications since the date of your last MDL deposition

between You and any employee of the United States Food and Drug Administration, the Environmental Protection Agency, the National Institute of Occupational Health and Safety, the Occupational Safety and Health Administration, The United States Bureau of Mines, The United States Geological Survey, Health Canada, and/or any other federal, state, or local governmental agency regarding Talc, the Talc Products, and/or alleged contamination of talc with asbestos, asbestiform minerals, or elongate mineral particles.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. Notwithstanding the aforementioned, documents responsive to this request were previously provided to Defendants pursuant to their recent Request for Production.

14. All materials containing statements by You since the date of your last MDL deposition expressing opinions, views, describing the advantages and disadvantages of Talc and/or the Talc Products.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. Notwithstanding the aforementioned, Dr. Godleski has already produced relevant documents responsive to this request.

15. Advertisements or other documents for solicitation of expert witness work by You since the date of your last MDL deposition.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague, overly broad and seeks documents that are not relevant to this litigation. Notwithstanding the aforementioned, no responsive documents exist.

16. All documents related to research, experiments, testing or any other study that has been done or is planned to be done by You since the date of your last MDL deposition, at Your request,

9

or upon which You may rely in this matter, which relates to the Talc and/or the Talc Products.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent Dr. Godleski has reserved the right to supplement his opinions and may do so in the future.

17.     All models, illustrations, photographs, exhibits, or other documents prepared or obtained by or provided to You that explain, illustrate, or demonstrate any fact or opinion considered relevant to the case and/or to Your assignment, investigation, and/or opinions since the date of your last MDL deposition.  This request specifically includes any resources or exhibits that you may use to explain Your testimony to the fact finder.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is duplicative and seeks documents that have already been produced.  Neither the PSC nor Dr. Godleski is currently required to disclose what documents or information may be used to explain testimony to the finder of fact. Notwithstanding these objections, documents and materials responsive to this request have already been provided to Defendants.

18.     Any and all documents, records, information, tangible things, or other materials reviewed by You since the date of your last MDL deposition in preparation for this deposition.

**RESPONSE:** The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is overly broad and duplicative of other requests. Notwithstanding the aforementioned, any responsive documents have been produced. Plaintiffs reserve the right to supplement this response if Dr. Godleski reviews any additional documents not previously produced.

Dated: October 18, 2021

Respectfully Submitted,

*s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*s/ P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, PC
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

***Plaintiffs' Co-Lead Counsel***

*s/ Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

***Plaintiffs' Liaison Counsel***

11

## CERTIFICATION OF SERVICE

I hereby certify on this 18th day of October, 2021, I caused a true and correct copy of Plaintiffs' Steering Committee's Response and Objections to the Notice of Oral and Videotaped Deposition of John Godleski, MD and Duces Tecum to be served via electronic mail on the following counsel for Defendants:

Susan M. Sharko, Esq.
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
susan.sharko@dbr.com

Allison M. Brown, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
allison.brown@skadden.com

*s/ P. Leigh O'Dell*
P. Leigh O'Dell