# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL NO. 16-2738 |

### DEFENDANT JOHNSON & JOHNSON'S REPLY TO PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC.'S NOTICE OF BANKRUPTCY FILING AND STAY OF PROCEEDINGS

The Plaintiffs here raise issues that are already the subject of intense litigation before the United States Bankruptcy Court for the Western District of North Carolina as a result of the October 14, 2021, petition for relief under chapter 11 of the Bankruptcy Code filed there by LTL Management LLC. As such, there is no need for this MDL Court to address these issues at this time.

The petition was filed because, although most juries that have considered the issue have rejected the idea that talcum powder causes ovarian cancer and/or mesothelioma, a handful of large outlier verdicts and mounting litigation costs threatened to undermine the just resolution of the outstanding claims. The goal of the bankruptcy proceedings is to confirm a plan of reorganization that will maximize and preserve the value of the chapter 11 estate and promote the efficient administration of the case, drawing on a trust that will be dedicated for use in resolving all current and future claims in an equitable, permanent, and efficient manner rather than the lottery-like system that has thus far prevailed in nationwide litigation.

As the PSC notes, Defendants promptly filed a Stay Notice in this Court.  Dkt. No. 25928.  The bankruptcy court has already held that litigation is stayed as to certain Defendants in this MDL and is actively receiving evidence and holding hearings to determine whether and to what extent the bankruptcy stays litigation involving additional Defendants.  This Court should defer to the bankruptcy court's subject matter expertise and fuller evidentiary record and abstain from determining the extent to which the bankruptcy filing stays the MDL.

**Objection and Reservation of Rights**

On October 12, 2021, Johnson & Johnson Consumer Inc. ("Old JJCI") completed an internal corporate restructuring.  As a result of that restructuring, Old JJCI ceased to exist and two new companies were created.  The first new company is named LTL Management LLC ("LTL").  The second new company, like the former company, is named Johnson & Johnson Consumer Inc. ("New JJCI").  LTL is the entity responsible for all talc-related claims asserted against Old JJCI, Johnson & Johnson ("J&J"), or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  LTL is the entity responsible for talc-related claims asserted in this case.

On October 14, 2021, LTL filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court").  Upon that filing, the automatic stay under section 362 of the Bankruptcy Code became effective immediately.  A Notice of Suggestion of Bankruptcy (the "Notice") was filed in this case on October 15, 2021.  That Notice informed the parties and this court of LTL's chapter 11 filing and LTL's position regarding the scope of the automatic stay—that it applies to all talc-related claims against Old JJCI, New JJCI, J&J, and their other corporate affiliates, among other parties that share an identity of interest with LTL concerning talc-related claims and/or against whom fixing talc-related liabilities would be tantamount to fixing those liabilities against LTL.

In response to litigation conduct at odds with the scope of the stay, (i) on October 18, 2021, LTL filed in the Bankruptcy Court an Emergency Motion to Enforce the Automatic Stay ("Stay Motion"); and (ii) on October 21, 2021, LTL filed in the Bankruptcy Court an adversary complaint and motion for an order declaring that the automatic stay applies to certain actions against non-debtors or preliminarily enjoining such actions against non-debtors and granting a temporary restraining order pending a final hearing (the "Adversary Proceeding").  In the Adversary Proceeding, LTL seeks a declaration that the stay applies not only to LTL and Old JJCI, but to New JJCI, J&J, other of their corporate affiliates, identified retailers, insurance companies, and certain others (collectively, the "Protected Parties").

On October 22, 2021, the Bankruptcy Court issued an oral ruling confirming that all talc-related claims asserted against Old JJCI and LTL are stayed pursuant to the automatic stay under

section 362 of the Bankruptcy Code. The Bankruptcy Court did not enter a temporary restraining order against claims asserted against the other Protected Parties but set a hearing on LTL's request for a preliminary injunction for November 4 and 5, 2021. The Bankruptcy Court will then consider further, whether by virtue of the application of the automatic stay or otherwise, talc-related claims against New JJCI, J&J and the other Protected Parties are automatically stayed pursuant to section 362(a) of the Bankruptcy Code or should be enjoined pursuant to section 105(a) of the Bankruptcy Code.

J&J and all other implicated J&J non-debtor affiliates maintain that the automatic stay applies to them and any other Protected Parties in this case. J&J objects to any further proceedings against it and any other Protected Parties. J&J reserves all rights under applicable law with respect to any violations of the automatic stay. In the event that the Bankruptcy Court determines on November 5, 2021, or thereafter, that talc-related claims against J&J or any of the other Protected Parties are automatically stayed, any actions taken in the interim in violation of the stay will be null and void as a matter of law.

**Argument**

The premise of the Plaintiffs' October 20, 2021 application, rightly or wrongly on the law, was that no request for preliminary injunction or adversarial proceeding had been filed in the bankruptcy court. See Plaintiffs' Steering Committee's Memorandum of Law in Response and Opposition to Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Notice of Bankruptcy Filing and Stay of Proceedings ("PSC Memo"), Dkt. No. 26003, at ¶¶ 23 and 25. But now such a filing has been made. *See* Exhibit 1, Debtor's Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies to Certain Actions Against Non-Debtors or, (II) Preliminarily Enjoining Such Actions and (II) Granting a Temporary Restraining Order Pending a Final Hearing, *In re LTL Management* LLC, No. 21-30589 (Bankr. W.D.N.C. Oct. 21, 2021) (No. 128). The bankruptcy court has held two days of oral argument on this application, issued a temporary injunction as to JJCI and will continue the hearing on all other issues, including the relief sought by Plaintiffs here, on November 4 and 5. It is anticipated that between now and November 4, discovery will be taken in the bankruptcy court on all relevant issues, and that there

US.135087334.01

will be an evidentiary hearing on November 4 in addition to continued oral argument. Under these circumstances, the MDL court should abstain from leaping into this dispute.

Although a district court "has jurisdiction to determine the applicability of [an] automatic stay," "[w]hether it ought to exercise its authority to make such a determination, however, is a different question." *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985). "In making its decision, the district court should be mindful that exercising concurrent jurisdiction may inhibit the bankruptcy court's authority and equitable powers to assure the orderly conduct of the reorganization process and prevent the bankruptcy court from construing its own stay." *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 737 (S.D. Fla. 2010) ("The question whether to extend the automatic stay to the present action is one that is, in these circumstances, most appropriately considered by the bankruptcy court overseeing the [debtor's] bankruptcy proceedings and the Court will defer to its judgment on the matter.") For that reason, district courts generally defer to bankruptcy courts on whether a stay applies to certain actions and certain debtors. In *CresCom Bank v. Terry*, for example, the district court was "not persuaded" that the action should be stayed against non-bankrupt co-defendants of the debtor. 499 B.R. 494, 496-97 (D.S.C. 2013). Nevertheless, rather than rejecting an application to extend the stay to non-debtors, the court deferred to the bankruptcy court's "expertise, greater access to financial facts, and jurisdiction to adopt the proposed reorganization plan" and concluded that it was "in a superior position to assess the validity of these arguments" regarding the stay. *See also NHI REIT of TX-IL, LLC v. LaSalle Grp., Inc.*, 387 F. Supp. 3d 850, 853 (M.D. Tenn. 2019) ("[W]hether the stay should be extended is best left to the decision of the bankruptcy court, and this Court will defer to its judgment.")

If this Court nevertheless wants to proceed independently to decide whether the MDL should be stayed, then an evidentiary hearing is necessary with further submissions by both sides. As the PSC observes, courts that have made the decision whether to extend a stay to a non-debtor have done so "on a full record after evidentiary hearing."  PSC Memo at ¶¶ 27-30 (collecting cases).  Such a record is now being made in the bankruptcy court, not only through submission of declarations and documentary evidence but also through multiple days of evidentiary hearings. Although this Court should defer to the bankruptcy court rather than requiring the parties to duplicate efforts by recreating that same record here, at a minimum the Court should refrain from determining the applicability of the stay without setting a briefing schedule and holding hearings to fully develop the record.

If the bankruptcy court issues a stay of all litigation as to all parties, then Plaintiffs' application in the MDL will be moot.  If the relief provided by the bankruptcy court falls short of that, and the MDL trial preparation needs to resume, the parties here will meet and confer promptly and agree on an adjusted case management order within one week, or present competing orders to the Court.  Indeed, defense counsel has already contacted the PSC to propose a modification to the applicable deadlines that would permit the litigation as to J&J to move forward if there is no stay. *See* Exhibit 2, October 24, 2021 Email from S. Sharko to L. O'Dell and M. Parfitt.  The PSC had yet to respond to that proposal as of the filing of the instant brief, and the parties have scheduled a meet and confer on these issues for Wednesday.

**Conclusion**

The bankruptcy court, which has subject matter expertise and the benefit of a well-developed record, is in the process of determining whether the bankruptcy filing stays the entire

MDL. A ruling on that issue should be clear in the coming weeks. There is no need for this Court to determine the issue. Defendant requests that the Court simply defer to the bankruptcy court.

Dated: October 26, 2021                              Respectfully submitted,

By: */s/ Susan M. Sharko*
 Susan M. Sharko
 FAEGRE DRINKER BIDDLE & REATH LLP
 600 Campus Drive
 Florham Park, New Jersey 07932
 Telephone: 973-549-7000
 Facsimile: 973-360-9831
 E-mail: susan.sharko@faegredrinker.com

 John H. Beisner
 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
 1440 New York Avenue, N.W.
 Washington, D.C. 20005
 Telephone: 202-371-7000

 *Attorneys for Defendant Johnson & Johnson*