# EXHIBIT 2

**Brennan, Jessica L.**

| | |
|---|---|
| From: | Sharko, Susan M |
| Sent: | Tuesday, October 26, 2021 11:58 AM |
| To: | Brennan, Jessica L. |
| Subject: | Fwd: Talc - Proposed Compromise w/o Prejudice or waiver of objections - limited to J&J |

---------- Forwarded message ----------
From: "Sharko, Susan M" <susan.sharko@faegredrinker.com>
Date: Oct 24, 2021 1:00 PM
Subject: Talc - Proposed Compromise w/o Prejudice or waiver of objections - limited to J&J
To: Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>,mparfitt@ashcraftlaw.com
Cc:

Leigh and Michelle:

Without prejudice and subject to the objection and reservation of rights set forth below, with regard to plaintiffs' claims against J&J we propose the following to moot the motion practice before Chief Judge Wolfson and to address your desire to allow some parts of the MDL to proceed as against J&J only on a temporary basis until there is a final ruling on the stay, and if the stay is not granted, to keep the April trial date as against J&J.   Please advise.  I am available this afternoon if you want to discuss.   Thanks.   Susan.

1.   The hearing before Judge Schneider will be put back on the calendar for a mutually convenient date and the briefing  resumed accordingly.

2.   Dr. Godleski will be produced for depositions on a set of two mutually convenient consecutive days in the next three weeks.

3.   The deadlines for defense expert reports and depositions and R. 702/dispositive motions will be pushed back and reset to run commencing  30 days after the final decision on the stay.  So for example, hypothetically, if the final decision on the stay occurs on November 5 and there is no stay as to J&J, then defense expert reports as to J&J would be due on December 5, depositions would be completed by January 16, motions due on February 3, opposition March 3 and replies March 17.    All other deadlines and the tentative trial date will remain in place.   We haven't cleared availability with our experts  so there may be some stragglers, just as there were with yours.

4.   All PFS deadlines will remain stayed until final order on the stay.

5.   Plaintiffs will withdraw their brief filed on October 20, 2021, and their request that Chief Judge Wolfson decide the stay issue instead of the bankruptcy court.

<u>Objection and Reservation of Rights</u>

On October 12, 2021, Johnson & Johnson Consumer Inc. ("<u>Old JJCI</u>") completed an internal corporate restructuring.  As a result of that restructuring, Old JJCI ceased to exist and two new companies were created.  The first

new company is named LTL Management LLC ("LTL"). The second new company, like the former company, is named Johnson & Johnson Consumer Inc. ("New JJCI"). LTL is the entity responsible for all talc-related claims asserted against Old JJCI, Johnson & Johnson ("J&J"), or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). LTL is the entity responsible for talc-related claims asserted in this case.

On October 14, 2021, LTL filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court"). Upon that filing, the automatic stay under section 362 of the Bankruptcy Code became effective immediately. A Notice of Suggestion of Bankruptcy (the "Notice") was filed in this case on October 15, 2021. That Notice informed the parties and this court of LTL's chapter 11 filing and LTL's position regarding the scope of the automatic stay—that it applies to all talc-related claims against Old JJCI, New JJCI, J&J, and their other corporate affiliates, among other parties that share an identity of interest with LTL concerning talc-related claims and/or against whom fixing talc-related liabilities would be tantamount to fixing those liabilities against LTL.

In response to litigation conduct at odds with the scope of the stay, (i) on October 18, 2021, LTL filed in the Bankruptcy Court an Emergency Motion to Enforce the Automatic Stay ("Stay Motion"); and (ii) on October 21, 2021, LTL filed in the Bankruptcy Court an adversary complaint and motion for an order declaring that the automatic stay applies to certain actions against non-debtors or preliminarily enjoining such actions against non-debtors and granting a temporary restraining order pending a final hearing (the "Adversary Proceeding"). In the Adversary Proceeding, LTL seeks a declaration that the stay applies not only to LTL and Old JJCI, but to New JJCI, J&J, other of their corporate affiliates, identified retailers, insurance companies, and certain others (collectively, the "Protected Parties").

On October 22, 2021, the Bankruptcy Court issued an oral ruling confirming that all talc-related claims asserted against Old JJCI and LTL are stayed pursuant to the automatic stay under section 362 of the Bankruptcy Code. The Bankruptcy Court did not enter a temporary restraining order against claims asserted against the other Protected Parties but set a hearing on LTL's request for a preliminary injunction for November 4 and 5, 2021. The Bankruptcy Court will then consider further, whether by virtue of the application of the automatic stay or otherwise, talc-related claims against New JJCI, J&J and the other Protected Parties are automatically stayed pursuant to section 362(a) of the Bankruptcy Code or should be enjoined pursuant to section 105(a) of the Bankruptcy Code.

J&J and all other implicated J&J non-debtor affiliates maintain that the automatic stay applies to them and any other Protected Parties in this case. J&J objects to any further proceedings against it and any other Protected Parties. J&J reserves all rights under applicable law with respect to any violations of the automatic stay. In the event that the Bankruptcy Court determines on November 5, 2021, or thereafter, that talc-related claims against J&J or any of the other Protected Parties are automatically stayed, any actions taken in the interim in violation of the stay will be null and void as a matter of law.

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct / +1 973 360 9831 fax

**Faegre Drinker Biddle & Reath** LLP
600 Campus Dr.
Florham Park, New Jersey 07932 USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.