

TRUE AND CERTIFIED COPY
Daniel Murphy
1:42 pm, Dec 03 2021

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION   MDL No. 2738

### TRANSFER ORDER

**Before the Panel**: Plaintiff in the *Williams* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Williams* to the District of New Jersey for inclusion in MDL No. 2738. Defendant Johnson & Johnson opposes the motion.

As an initial matter, Johnson & Johnson requests that we stay transfer pending an ongoing bankruptcy proceeding that pertains to its talc liabilities. *See In re LTL Management LLC*, No. 21-30589 (Bankr. D.N.J.). As we have previously held, "[t]ransfer under § 1407 of an action containing claims against a defendant in bankruptcy has no effect on the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362). Claims that have been stayed in the transferor court remain stayed in the transferee court. The Panel . . . has never considered the pendency of such stayed claims to be an impediment to transfer of an action." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 421 n.6 (J.P.M.L. 1991). *See also In re Franklin Nat'l Bank Sec. Litig.*, 393 F. Supp. 1093, 1095–96 (J.P.M.L. 1975) ("We are simply indicating the place where the pretrial proceedings of these actions will occur. The question of the effect of the bankruptcy stay and any modification thereof is entirely a problem to be worked out by the transferee court, the bankruptcy court and the parties."). Moreover, the parties to this matter have fully briefed the motion to vacate. And the bankruptcy proceeding is pending in the transferee court, which will facilitate any necessary coordination. Accordingly, we will not stay transfer of *Williams*.

In support of her motion to vacate, plaintiff argues that federal subject matter jurisdiction over *Williams* is lacking and that her pending motion for remand to state court should be decided before transfer. We are not persuaded by these arguments. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

Plaintiff additionally argues that transfer will cause her inconvenience and delay. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiff in *Williams*, like plaintiffs in the MDL, alleges that she developed ovarian cancer caused by application of defendants' talcum powder products. *Williams* thus shares multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline C. Arleo |

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**        MDL No. 2738

## SCHEDULE A

District of South Carolina

WILLIAMS v. JOHNSON & JOHNSON, ET AL., C.A. No. 5:21−03058