# EXHIBIT C

UNITED STATES DISTRICT
COURT DISTRICT OF NEW
JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 3:16-md-2738-FLW-LGHG<br><br>MDL NO. 2738 |
| *THIS DOCUMENT RELATES TO ALL CASES* | |

# EXHIBIT A TO CASE MANAGEMENT ORDER NO. 7(A)
(**Common Benefit Participation Agreement**)

**THIS AGREEMENT** is made this  21st  day of  September , 20<u>20</u>, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the District of New Jersey in MDL 2738 and  The Ferraro Law Firm, P.A.  **[Name of the Firm Executing the Agreement]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the District of New Jersey (MDL 2738) has appointed P. Leigh O'Dell (BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC); Michelle A. Parfitt (ASHCRAFT & GEREL, LLP); Christopher M. Placitella (COHEN PLACITELLA ROTH, PC); Warren T. Burns (BURNS CHAREST, LLP); Richard Golomb (GOLOMB & HONIK, PC); Richard H. Meadow (THE LANIER LAW FIRM, PC); Hunter J. Shkolnik

(NAPOLI SHKOLNIK, PLLC); Laurence S. Berman (LEVIN SEDRAN & BERMAN LLP); Timothy G. Blood (BLOOD, HURST & O'REARDON, LLP); Sindhu S. Daniel (BARON & BUDD, P.C.); Jeff S. Gibson (WAGNER REESE); Kristie M. Hightower (LUNDY, LUNDY, SOILEAU & SOUTH, LLP); Daniel R. Lapinski (MOTLEY RICE, LLC); Victoria Maniatis (SANDERS PHILLIPS GROSSMAN, LLC); Carmen S. Scott (MOTLEY RICE, LLC); Eric H. Weinberg (THE WEINBERG LAW FIRM); Richard L. Root (MORRIS BART, LLC); and Christopher V. Tisi (LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.) to serve as members of the Plaintiffs' Steering Committee ("PSC") to facilitate the conduct of pretrial proceedings in the federal actions pending in this MDL case relating to ovarian cancer/death from ovarian cancer claims involving Johnson & Johnson's Baby Powder and/or Shower to Shower products ("Talcum Powder Products"), and,

**WHEREAS**, the PSC in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product that will be valuable in all proceedings and be of benefit to all plaintiffs alleging ovarian cancer injuries, including death, from the Talcum Powder Products ("PSC Common Benefit Work Product") and,

**WHEREAS**, the undersigned Participating Counsel desires to acquire the PSC Common Benefit Work Product and establish an amicable, working relationship with the PSC for the mutual benefit of its clients, and,

**WHEREAS,** the undersigned Participating Counsel recognizes that those attorneys who: 1) perform work authorized, audited, and approved as common benefit; and 2) who incur expenses for the common benefit, have the right to seek common benefit compensation and reimbursement of common benefit expenses;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## I.     SCOPE AND PURPOSE OF AGREEMENT

1.     This Participation Agreement ("*Agreement*") is a private cooperative agreement between plaintiffs' attorneys who, by their execution of this *Agreement* (or are deemed to have executed this Agreement), are Participating Counsel, who will gain access by executing this *Agreement* to the "PSC Common Benefit Work Product" with regard to personal injury claims involving ovarian cancer injuries, including death, from the Talcum Powder Products, pursuant to Case Management Orders No. 7 and 7(A), and any amendments thereto, Establishing Common Benefit Fee and Expense Fund. Plaintiffs' attorneys who execute this *Agreement* ("Participating Counsel") are entitled to receive the "PSC Common Benefit Work

3

Product" created by those attorneys who have also executed or have been deemed to have executed the *Agreement.*

## II.     AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

2.     Subject to the terms of this *Agreement* and the provisions set forth below and the terms of the corresponding CMO 7 and 7(A), and any amendments, all Plaintiffs and their attorneys who, either agree or have agreed for a monetary consideration to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Talcum Powder Products claims/cases for ovarian cancer injury/death are subject to an assessment of the gross settlement amount, "Gross Monetary Recovery," as provided herein.

### A.     GROSS MONETARY RECOVERY DEFINED

3.     "Gross Monetary Recovery" includes any and all amounts paid to Plaintiffs by Defendants through a settlement or pursuant to a judgment. In measuring the "Gross Monetary Recovery," the parties define the term as follows: (1) it includes all sums to be paid in settlement of the Talcum Powder Products claim/case. To the extent the Plaintiff or claimant has a Medicare, Medicaid, or other private lien asserted against the Plaintiff or claimant, and the lien is resolved from the funds recovered by the Plaintiff or claimant, then such amounts that are used to

4

satisfy the lien are included as part of the Gross Monetary Recovery; (2) it includes the present value of any fixed and certain payments to be made in the future, such as those that come about as a result of a structured settlement of a claim and not the total of the payments being made over time; and (3) excludes court costs that are to be paid by Defendant(s).

4. The assessment shall apply to all of the claims/cases of the Plaintiffs' attorneys who are subject to CMO 7(A), and any amendments, that are pending in the MDL or state court as well as any unfiled or if applicable, tolled claims/cases (if applicable) of such attorneys in which they are counsel or co-counsel, or in which they have any interest.

### B. ASSESSMENT AMOUNT

6. **Early Participation:** In order for an attorney to qualify for the "Early Participation" assessment amount, the attorney must enter into this *Agreement* within 45 days of the entry of CMO 7(A) if the attorney already has a case pending in the MDL at the time of the entry of CMO 7(A) or if no case is already pending in the MDL at the time of the entry of CMO 7(A), within 45 days of the first case of the attorney being docketed in the MDL or any other jurisdiction. All attorneys who are deemed to be bound by the *Agreement* shall also be assessed at the Early Participation assessment percentage. The Early Participation assessment shall be 8% (6% for fees and 2% for expenses) of the Gross Monetary Recovery ("Early

5

Participation").

7. **Late Participation:** For any attorney who does not qualify for Early Participation as defined above by entering into this Agreement within the deadline that is applicable to that attorney as established for Early Participation, and who enters into this Agreement after the deadline that is applicable to the attorney for Early Participation, the assessment that shall apply to the cases/claims of such attorney shall be 12% (10% for fees and 2% for expenses) of the Gross Monetary Recovery ("Late Participation").

8. This assessment represents a hold back pursuant to *In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006), and shall not be altered in any way unless each of the following occurs: (1) the PSC is consulted and provided an opportunity to be heard at a formally announced meeting prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote of the PSC; (3) a noticed motion (including notice to Defendants' Counsel) with an opportunity to be heard is granted by the Court; or (4) the Court, upon good-cause shown, amends CMO 7(A).

C. **COVERED CLAIMS/CASES**

9. Counsel who sign (or who are deemed to have signed) this *Agreement* consent that the assessment shall apply to all the attorneys' ovarian cancer injury/death claims and cases that arise from the Talcum Powder Products including

6

all un-filed claims/cases, tolled (if applicable) claims/cases, and/or claims/cases filed in state court in which they have a fee interest, regardless of the size of that fee interest. The members of the PSC and their law firms are each deemed to have signed this *Agreement* and they are deemed qualified for the Early Participation assessment.

### D. RIGHTS AND OBLIGATIONS OF PARTICIPATING COUNSEL

10. Upon execution of this *Agreement*, the PSC will provide Participating Counsel, with access to the Common Benefit Work Product defined in the Court's CMO 7 and 7(A), and any amendments to which this Exhibit "A" is attached, including access to the document depository as well as all the coding and summarizing of the documents in the depository, access to all deposition transcripts and summaries, deposition cuts for the purpose of trial, medical literature library, legal briefing and research, and, as deemed appropriate by the PSC, expert witness work product. Participating Counsel agree that all cases in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of this *Agreement.*

11. The PSC may periodically request that Participating Counsel produce a list that accurately sets forth the name of each Talcum Powder Product client represented by such counsel (whether a case has or has not been filed for such client) and/or in which they have an interest in the attorneys' fee regardless of what that interest is, together with the Court and docket number (if filed) of each such case.

Participating Counsel shall provide the first such list within 45 days of signing this *Agreement* at participatingcounsel@talc-mdl.com. Thereafter, unless otherwise specified, Participating Counsel shall provide updated lists within 30 days of the request. All such lists shall be provided to Plaintiffs' Co-Lead Counsel in the MDL, P. Leigh O'Dell and Michelle A. Parfitt at the email address above.

### E. ATTORNEY FEE LIEN

12. With respect to each client who a Participating Counsel represents in connection with Talcum Powder Product-related ovarian cancer-cases or related claims that are filed or pending in any federal court, un-filed or subject to a tolling agreement, consistent with CMO 7(A), each Participating Counsel shall agree to have Defendants deposit or cause to be deposited in the Talc Common Benefit Fee Account ("TCBFA") and the Talc Common Benefit Expense Account ("TCBEA"), established by the District Court in the MDL, a percentage proportion of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount, e.g., for an Early Participation client, 6% to the TCBFA and 2% to the TCBEA and for a Late Participation client, 10% to the TCBFA and 2% to the TCBEA. In the event Defendants do not deposit such funds into the TCBFA and the TCBEA, Plaintiff and Plaintiff's Participating Counsel shall deposit or cause to be deposited in the TCBFA and the TCBEA established by the District Court in the

8

MDL, a percentage proportion of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount.

13. Each Participating Counsel shall inform Defendants of the fact that the counsel is a "Participating Counsel" to this Agreement to facilitate the Defendants making the deposits into the TCBFA and TCBEA. Each Participating Counsel shall also advise Defendants whether the counsel is an Early Participation counsel or a Late Participation counsel. Defendants shall then deposit into the TCBFA and TCBEA the amount calculated by the assessment percentage based on whether the Participating Counsel is an Early Participation counsel or a Late Participation Counsel.

14. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any Talcum Powder Product induced ovarian cancer/death case or claim, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this *Agreement.*

15. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

9

16. Participating Counsel also, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any Talcum Powder Product induced ovarian cancer/death case or claim, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this *Agreement*, that arises from any recovery the Participating Counsel achieves for any Talcum Powder Product client from the Imerys Bankruptcy proceeding. In this regard, Participating Counsel shall inform the Trustee in bankruptcy for Imerys of the fact that the Participating Counsel is bound by the terms of this *Agreement*, and provide a copy of this *Agreement* to said Trustee so that the Trustee shall be able to comply with the terms of this *Agreement* by imposing the assessment relating to any fee that the Trustee would be paying to the Participating Counsel so that such assessment shall be paid by the Trustee into the TCBFA and TCBEA. Participating Counsel shall inform the Trustee whether the Participating Counsel is an Early Participation Counsel or a Late Participation Counsel so that the Trustee shall be able to deposit the appropriate amount into the TCBFA and TCBEA.

17. In the event the Trustee in bankruptcy for Imerys fails to make the appropriate deposit into the TCBFA and TCBEA for the Participating Counsel, the Participating Counsel and his/her client remain personally liable to make the

10

appropriate deposit into the TCBFA and TCBEA based on the amount of the recovery that the client obtains in the Imerys bankruptcy proceedings for any Talcum Powder Product induced ovarian cancer/death case or claim.

18. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect the lien and/or security interest relating to any recovery arising out of the Imery Bankruptcy proceeding relating to any Talcum Powder Product induced ovarian cancer/death case or claim.

## II. COMMON BENEFIT EXPENSES

### A. QUALIFIED EXPENSES ELIGIBLE FOR REIMBURSEMENT

19. In order to be eligible for reimbursement, expenses ("Common Benefit Expenses") must meet the requirements of CMO 7 and CMO 7(A) and any amendments thereto. Specifically, said expenses must be (a) for the common benefit, (b) appropriately authorized by the PEC and timely submitted, (c) within the defined limitations set forth in this *Agreement* and CMO 7 and CMO 7(A) and any amendments thereto , and (d) verified by a partner or shareholder in the submitting law firm.

### B. AUTHORIZATION AND SUBMISSION OF EXPENSES

20. Participating Counsel must submit expenses consistent with CMO 7 and CMO 7(A), and any amendments.Expenses incurred on matters common to all

claimants in MDL 2738 and authorized by the MDL PEC may be submitted for reimbursement.

21. No costs spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted, unless that case is an authorized bellwether trial case.

### C. VERIFICATION/CERTIFICATION

22. Attorneys agree to keep receipts for all expenses. Credit card receipts with back-up receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

23. Cost and expense records shall be electronically submitted to Alan B. Winikur, CPA/ABV/CFF electronically at the website set up to handle time/billing submissions https://johnsonandjohnsontalcmdl.securefilepro.com/portal/login.aspx. It is essential that each firm, on a monthly basis, timely submit its records for the preceding month. All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission. Untimely submission of Expense/Cost records will result in a waiver of said costs. Submission of cost and expense records does not entitle the attorney to reimbursement of costs and expenses submitted, as the submission shall be subject to audit and no disbursements shall be made from the TCBEA without a Court Order authorizing same.

## III. COMMON BENEFIT WORK

### A. QUALIFIED COMMON BENEFIT WORK ELIGIBLE FOR REIMBURSEMENT

24. In order to be eligible for reimbursement, time and efforts expended for common benefit work must meet the requirements set forth in CMO 7 and CMO-7(A) and any amendments. Specifically said time and efforts must be: (a) for the common benefit, (b) appropriately authorized by the PEC, (c) timely submitted, and (d) approved by the Court. ("Common Benefit Work Product").

### B. ELIGIBILITY

25. Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel. Any counsel who is not a Participating Counsel, as defined herein, shall be a Non-Participating Counsel. Counsel eligible to perform common benefit work includes Plaintiffs' Liaison Counsel, Co-Lead Counsel, members of the PEC and PSC, Co-Chairs of MDL Committees, and other Participating Counsel called upon and authorized by them to assist in performing their responsibilities.

### C. AUTHORIZATION

26. Time spent on matters common to all claimants in MDL 2738 must be assigned by the PEC to be eligible for consideration for common benefit. No time spent on developing or processing individual issues in any case for an individual

13

client (claimant) (with the exception of selected Bellwether cases) will be considered or should be submitted, nor will time spent on unauthorized and unapproved work.

27. For examples of authorized and unauthorized work please review CMO- 7 and CMO 7(A) and any amendments thereto.

**V. COMMON BENEFIT TIME-KEEPING AND EXPENSE PROTOCOLS**

28. As set forth in CMO 7 and CMO 7(A), and any amendments, all time must be accurately and contemporaneously maintained. Participating Counsel agrees to follow the time-keeping protocols set forth in CMO 7 and CMO 7(A) and any amendments.

29. Participating Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours and particular activity (such as "conducted deposition of John Doe.").

30. Time-entries that are not sufficiently detailed may not be considered for common benefit payments.

31. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

32. Upon order of the Court payments may be made from the TCBFA and the TCBEA to Participating Counsel who provide services or incur expenses for the joint and common benefit of plaintiffs. The provision of services or incurring expenses for their own client or clients does not disqualify a Participating Counsel

14

from being eligible to share in any disbursement from the TCBEA and TCBFA, but such time and expenses relating to individual claims shall not be included in determining the amount of common benefit work and expenses incurred by the Participation Counsel unless the individual client becomes a Bellwether Plaintiff for the litigation. Attorneys eligible are limited to the MDL PEC, PSC, Liaison Counsel and other Participating Counsel called upon by them to assist in performing their responsibilities. These guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2738.

## VI. DISTRIBUTION OF FEES

33. **No Individual Rights to the Funds:** No party or attorney has any individual right to any of the funds in the TCBEA or TCBFA except to the extent of amounts directed to be disbursed to such person by Order of the MDL Court. These funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person. These limitations do not prelude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the TCBEA or TCBFA if permitted by applicable state laws and if subject to the conditions and contingencies of this Agreement.

34. **Court Approval:** The amounts deposited in the TCBFA and the TCBEA shall be available for distribution to attorneys who have performed professional services or incurred expenses for the common benefit. The MDL Court retains jurisdiction over any common benefit award. Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation prior to any recommendation to the Court.

35. **Fee Committee**: I understand that at a later date the MDL Court may appoint a Fee and Expense Committee to make recommendations to the MDL Court on how funds in the TCBFA and the TCBEA should be distributed.

---

**AGREEMENT TO BE LEGALLY BOUND**

Dated:   September 21, 20 20

_____
**Firm Name:** The Ferraro Law Firm, P.A.
**Attorney's Name:** James L. Ferraro, Jr.

I elect to be a **Participating Counsel** and hereby certify that I am signing this Participation Agreement voluntarily. I also certify that have the authority and power to bind my law firm into this Participation Agreement.

**ON BEHALF OF THE PLAINTIFFS' STEERING COMMITTEE**

Dated:   _____, 20____

_____
**NEED TO ADD NAME HERE**

---

16