# EXHIBIT D

Jonesre21Rhon E. Jones (JON093)
rhon.jones@beasleyallen.com
William R. Sutton (SUT013)
william.sutton@beasleyallen.com
Danielle Ingram (ING038)
danielle.ingram@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,**
 **PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION  _____  This document relates to:  **ALL CASES**  _____ | MDL No. 2741  Case No. 3:16-md-02741-VC  **OPPOSITION TO PLAINTIFFS' CO-LEAD COUNSEL'S MOTION TO SUPPLEMENT PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO ESTABLISH AN 8% HOLD-BACK PERCENTAGE**  Hearing Date:  March 3, 2021  Time 1:00 P.M. |

The undersigned counsel (hereinafter "Objectors") represent a small number of plaintiffs that had their cases improperly removed to the MDL and a significant number of plaintiffs with cases filed in Missouri state-court, who have not participated in the MDL in any fashion, submit

this response to oppose the rate of the hold-back in Co-Lead Counsel's motion. The majority of the Objector's lawsuits have been and continue to be litigated independently of this MDL. Their cases have not received MDL work product from MDL Leadership. Objectors have not signed any agreement subjecting them to the jurisdiction of this Court or its orders and have either filed or intend to file motions to remand for the cases removed into the MDL. Moreover, the Objectors have not signed any participation agreement.

PTO 12 specifies who must contribute to the common-benefit fund. It provides that each "**Participating Case** . . . be assessed for common benefit work and costs on a percentage of the gross monetary recovery." Dkt. 161 ¶5 (emphasis added). "Participating Cases" encompass "all cases pending, . . . *filed in, transferred to, or removed to*" the MDL. *Id.* ¶4 (emphasis added). The Order declined to set an assessment percentage, however, stating that the percentage "will be determined in a subsequent order . . . based on the specific circumstances of the litigation." *Id.* As it stands, PTO 12 contains no provision for assessing cases that do not qualify as a Participating Case. However, Co-Lead Counsel proclaims in its motion that the "proposed holdback extends to the efforts of the MDL Leadership, other attorneys who performed substantive work in the MDL or state cases that benefitted and continue to *benefit all plaintiffs in actions within and outside the MDL*." Dkt. 12394 at 13-14 (emphasis added).

Subsequently, on January 26, 2021, this Court entered an Order setting a deadline for and asking objectors to address four questions. First, "[i]s it necessary to issue an order requiring that a percentage of each recovering plaintiff's attorney's fees be held back for potential distribution to co-lead counsel?" Second, "[c]an the Court meaningfully evaluate the need for a hold-back without understanding how much of a premium co-lead has already received on their settlements compared to the typical settlement?" Third, "[i]f a hold-back is warranted, should the Court

consider anew the universe of cases that should be subject to a hold-back?" Fourth, "[i]f a hold-back is truly warranted, why shouldn't it be much lower than the 8% requested by co-lead counsel?" Dkt. 12463.

Whether a common benefit hold-back is warranted in this litigation cannot be principally answered until the Court understands how much, if any, of a premium Co-Lead Counsel has already received on their settlements. At a minimum, a report from the Special Master on the extent to which Co-Lead Counsel has already received a premium for its settlements based on their investment in the litigation would be instructive. Moreover, this Court should not consider expanding the universe of cases subject to a hold-back to those cases that are not subject to this Court's jurisdiction and who have not used federal discovery material. Barbara J. Rothstein & Catherine R. Borden, *Managing Multidistrict Litigation in Products Liability Cases* 14 (Fed. Jud. Ctr. 2011) (emphasis added); *Coordinating Multijurisdiction Litigation* 7 (Fed. Jud. Ctr. 2013) (same).

"The [common benefit] doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Geier v. Sundquist*, 372 F.3d 784, 790 (6th Cir. 2004) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980)). Here, the Objectors largely represent clients in state court, independently from the MDL, and without MDL support. There are, however, instances where Monsanto improperly removed Objectors' cases to federal court and ultimately transferred into the MDL. In sum, the Objectors have prosecuted their own cases, without the assistance of MDL Leadership, through the development of experts and discovery and incurring their own risks and expenses. The Objectors have not been "unjustly enriched" at the Co-Lead

Counsel's expense. While noteworthy, Co-Lead Counsel's attorney work product has been of limited value to the Objector's claims.

In closing, the Objectors herein do not oppose the imposition of a common benefit fund and assessment in principle. Instead, the Objectors oppose the one-size-fits-all 8% rate proposed by Co-Lead Counsel. To the extent this Court opts to amend PTO 12 to include non-participating state court cases, the hold-back percentage should be reduced to a more proportional percentage where the non-participating state court cases have received little or no benefit from the efforts of MDL leadership.

DATED: February 4, 2021

                                                                Respectfully submitted,

/s/Rhon E. Jones
Rhon E. Jones (JON093)
William R. Sutton (SUT013)
Danielle Ingram (ING038)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555
rhon.jones@beasleyallen.com
william.sutton@beasleyallen.com
danielle.ingram@beasleyallen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern Division of California via the Court's CM//ECF Filing System, which shall send electronic notification to counsel of record.

/s/ Rhon E. Jones
Rhon E. Jones