## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | MDL No. 16-2738 <br> Hon. Freda L. Wolfson <br> Magistrate Judge Lois H. Goodman <br><br> Case No.: 3:16-md-02738-FLW-LHG <br><br> Motion Day: January 18, 2022 <br><br> [ORAL ARGUMENT REQUESTED] |

## THE FERRARO LAW FIRM, P.A.'S REPLY IN SUPPORT OF ITS MOTIONS FOR RELIEF FROM COMMON BENEFIT <u>FEE ASSESSMENTS</u>

David A. Jagolinzer
Fla. Bar No. 181153
daj@ferrarolaw.com
James L. Ferraro, Jr.
Fla. Bar No. 107494
jjr@ferrarolaw.com
Angelica L. Novick
Fla. Bar No. 105069
aln@ferrarolaw.com
THE FERRARO LAW FIRM, P.A.
600 Brickell Avenue, Suite 3800
Miami, Florida 33131
Tel.: 305.375.0111

The Ferraro Law Firm (hereafter, "Ferraro Law") respectfully files this Reply in support of its Motions for Relief from Common Benefit Fee Assessments (ECF Nos. 26550 and 26551), and in support thereof states as follows:[1]

## INTRODUCTION

In their Response in Opposition to Ferraro Law's Motions (the "Response"), the Plaintiffs' Steering Committee (the "PSC") sets up several straw men to knock down and otherwise misrepresents facts underlying this dispute supported by a declaration from Ms. O'Dell. Glaringly absent from the PSC's Response is any effort to address—let alone refute—one of Ferraro Law's main arguments in support of its Motions—that the 24 cases it recently settled with the J&J Defendants[2] are exempt from any common benefit fee assessment because they do not fall within the parameters of CMO No. 7(A). The PSC's concession justifies the Court granting Ferraro Law's Motions on that argument alone.

The PSC otherwise does not make any effort to justify Ms. O'Dell's persistent failure to conduct herself in a manner consistent with her role as Co-Lead Counsel in this MDL—a role that Ms. O'Dell apparently volunteered for. *See* Plaintiffs' Status Report, ECF No. 43 at p. 7 (stating that "Counsel for all Plaintiffs with cases

---

[1] Although Ferraro Law's Motions took the form of two separate filings, Ferraro Law submits only this Reply in support of both Motions.

[2] Unless otherwise specified, all capitalized terms in this Reply shall have the meanings given to them in Ferraro Law's Motions and in the PSC's Response. Also, unless otherwise specified, any references to the 24 cases Ferraro Law recently settled with the J&J Defendants shall refer to those cases listed in the Declaration of David A. Jagolinzer filed as Exhibit B to Ferraro Law's Motions.

pending before this Court have met and conferred.  There is unanimous agreement that Michelle A. Parfitt and P. Leigh O'Dell serve as Co-Lead Counsel of the MDL…").  Ms. O'Dell's failures include: (1) her abrupt and unilateral decision to completely block Ferraro Law's access to critical expert witnesses (even for consultation purposes); (2) her corresponding failure to even try to work collaboratively with Ferraro Law as Participating Counsel regarding its request for introductions to Dr. Saed and Ms. Plunkett; and (3) her general lack of responsiveness, including her failure (even to date) to satisfy the provisions of CMO No. 7(A) requiring Plaintiffs' leadership to advise the J&J Defendants' counsel as to the appropriate holdback percentage to apply under CMO No. 7(A) and the Participation Agreement (assuming for the sake of argument that the settlement proceeds should be subjected to any such holdback pending the Court's resolution of Ferraro Law's Motions).  *See* CMO No. 7(A), ¶ 29 (requiring "the PEC [to] advise[] Defendants' counsel in writing whether the individual Plaintiff's attorney's cases are subject to an assessment and the amount…of the assessment…").  As Ferraro Law stated in its Motions, Ms. O'Dell's conduct toward Ferraro Law has prejudiced it and its clients by stymying Ferraro Law's ability to aggressively pursue several of its cases against the J&J Defendants to trial, and now preventing the J&J Defendants from fully funding duly negotiated settlements.

In short, rather than rebutting the bases for Ferraro Law's Motions, the PSC's Response emphasizes that neither the dictates of CMO No. 7(A) nor the legal and equitable principles underlying the common benefit doctrine support subjecting settlements Ferraro Law has and may reach with the J&J Defendants to any common benefit fee assessment.  For these reasons, and as more fully discussed below, the Court should grant Ferraro Law's Motions.

**ARGUMENT**

**A. THE PSC CONCEDES THAT THE COMMON BENEFIT FEE ASSESSMENT IS INAPPLICABLE TO FERRARO LAW'S INVENTORY OF SETTLED CASES PURSUANT TO CMO NO. 7(A).**

As noted above, the PSC's Response does not address, and therefore concedes, that the 24 cases Ferraro Law settled with the J&J Defendants are not subject to any common benefit fee assessment pursuant to CMO No. 7(A). According to its own terms, CMO No. 7(A) applies **only** to:

> a. All cases now or hereafter subject to the jurisdiction of this Court in this MDL litigation, regardless of whether the case is resolved while the case is pending before this Court or is resolved after a remand from this Court to the transferor federal court;
>
> b. All cases and/or claims settled pursuant to an **MDL-supervised settlement agreement** between the parties, which may include cases in any state court and claims that are not filed but participate in any MDL-supervised settlement agreement;
>
> c. All cases and/or claims of any of the ovarian cancer clients of any counsel who signed or are deemed to have signed the "*Participation Agreement*" that is attached to this Order as Exhibit A hereto,

4

whether case was filed, unfiled or tolled, including cases filed in state court; ***and***

d. All cases and/or claims of any ovarian cancer clients of any counsel who received, used, or benefited from the Common Benefit Work Product.

*See* CMO No. 7(A), ECF No. 14741, at ¶ 4 (emphases added).  The word "and" is a conjunction, and as used in the above-quoted section of CMO No. 7(A) operates to require that all of the listed criteria be met in order for a case to be subject to CMO No. 7(A).  *See* "*and*," Merriam-Webster Dictionary, available at www.merriam-webster.com/dictionary/and (last visited Jan. 7, 2022) (including definition of "and" as "a logical operator that requires both of two inputs to be present or two conditions to be met for an output to be made or a statement to be executed.").  **None** of the 24 cases Ferraro Law settled with the J&J Defendants were settled pursuant to an **MDL-supervised settlement agreement**, nor did any of those cases receive, use, or benefit from any Common Benefit Work Product.  *See* Ex. B to Motions, Jagolinzer Dec., ¶¶ 4-5, 7.  Because the 24 cases Ferraro Law settled do not meet all of the criteria enumerated above, CMO No. 7(A) does not apply to them, and therefore, none of the proceeds of those settlements should be assessed under CMO No. 7(A).

In failing to respond to this argument in their Response, the PSC concedes it.  As such, the Court can, and should, grant Ferraro Law's Motions on this argument alone.  *See generally Hollister v. U.S. Postal Service*, 142 F. App'x 576, 577 (3rd Cir. 2005) (noting that where party did not submit responsive arguments to a motion

to dismiss, the motion was appropriately deemed unopposed, and the district court was permitted to grant the motion without analysis of the merits); *see also Millner v. Bayada Nurses, Inc.*, No. Civ. 05-3164(RBK), 2006 L 231993 at *2 (D.N.J. Jan. 30, 2006) (ruling that because plaintiffs failed to oppose defendant's arguments for dismissal of certain of their claims plaintiff's corresponding claims were dismissed).

## B. THE COURT SHOULD OTHERWISE DISREGARD THE PSC'S STRAW MAN ARGUMENTS AND FACTUAL MISREPRESENTATIONS.

Rather than address Ferraro Law's Motions head-on, the PSC sets up several straw man arguments in its Response to distract from the merits of Ferraro Law's arguments. The Court should disregard each of those arguments when ruling on Ferraro Law's Motions. The PSC through Ms. O'Dell also speculates regarding, and otherwise blatantly misrepresents, several facts underlying this dispute, which further supports granting Ferraro Law's Motions.

**1. Ferraro Law does not generally oppose common benefit fee assessments, but only opposes the PSC's entitlement to any such assessments where, as here, the PSC has met neither the letter nor the spirit of such assessments.**

First, the PSC inaccurately claims that Ferraro Law seeks to challenge "this Court's authority to assess cases subject to this coordinated proceeding." *See* PSC Response, p. 9. However, Ferraro Law does not advance any such challenge to the Court's authority to impose a common benefit fee assessment where appropriate. Instead, **Ferraro Law challenges the PSC's entitlement to common benefit fee**

**assessments** against the 24 cases it recently settled with the J&J Defendants, and against any recoveries Ferraro Law may receive on behalf of its clients from the J&J Defendants in the future.  The PSC also hollowly suggests that because Ferraro Law did not object to the Assessment Motion, Ferraro Law somehow waived its ability to seek relief from common benefit fee assessments against any recoveries Ferraro Law achieves on behalf of its clients against the J&J Defendants.  That suggestion is similarly meritless.

To be clear—Ferraro Law does not dispute that where the preconditions of a common benefit fee assessment are met, lead counsel in an MDL should seek to be compensated accordingly.  Ferraro Law does, however, dispute that the preconditions for a common benefit fee assessment against the recoveries it obtained on its clients' behalf have been satisfied here.  As argued above and in its Motions, Ferraro Law's settlements do not fit within the parameters of CMO No. 7(A).  Even if they did, the factual circumstances surrounding the cases Ferraro Law recently settled coupled with Ms. O'Dell's disappointing and reprehensible conduct toward Ferraro Law as Co-Lead Counsel of this MDL weigh heavily in favor of exempting Ferraro Law's settlements to date, and future recoveries, from any common benefit fee assessments.

**2. The PSC's speculation regarding the circumstances surrounding Ferraro Law's settlement negotiations with the J&J Defendants does not deserve credence and ignores facts known to the PSC.**

Without any support, the PSC speculates in its Response that absent its "litigating J&J's liability" and other litigation efforts the J&J Defendants would not have been motivated to negotiate any settlements with Ferraro Law. PSC's Response, pp. 9-10, 13. These assertions are baseless because no member of Plaintiffs' leadership in this MDL was present for or otherwise involved in the negotiations between Ferraro Law and the J&J Defendants' counsel that culminated in the 24 settlements that led to this dispute. Instead, Ferraro Law and the J&J Defendants' settlement discussions were motivated by a combination of Ferraro Law's aggressive litigation of its state court cases, the J&J Defendants' experience with Ferraro Law in other matters (including but not limited to a recent $9 million verdict in another case involving the J&J Defendants' talc products), and impending trial dates in some of Ferraro Law's state court ovarian cancer cases. Declaration of David A. Jagolinzer ("Jagolinzer Dec."), ¶ 4, attached hereto as **Exhibit A**.

When Ferraro Law settled the 24 cases underlying this dispute in the fall of 2021, the J&J Defendants knew (and the PSC was fully aware) that in February of 2020 Ferraro Law obtained the **only** verdict against the J&J Defendants in the State of Florida for claims arising out of that plaintiff's use of J&J's asbestos-containing baby powder products. *Id.* at ¶¶ 4, 5; *see also* Moure-Cabrera Verdict, attached

8

hereto as **Exhibit B.**[3]  Prior to Ferraro Law settling the 24 cases underlying this dispute with the J&J Defendants, it also settled nearly a dozen other cases with the J&J Defendants involving mesothelioma claims related to their baby powder products.  *See* Ex. A, Jagolinzer Dec. at ¶ 3.  It is therefore disingenuous for the PSC to argue or suggest that absent the PSC's vague and unsupported claims regarding its work in this MDL—which Ferraro Law did not receive or otherwise benefit from—the J&J Defendants would not have negotiated settlements in the 24 Ferraro Law cases underlying this dispute.

3. **Ms. O'Dell's factual misrepresentations to the Court in her Declaration further demonstrate her conduct toward Ferraro Law as Co-Lead Counsel in this MDL does not merit imposing any common benefit fee assessment against Ferraro Law's settlement proceeds and calls into question her fitness for the role of Co-Lead Counsel.**

The PSC's Response is supported by a Declaration from Ms. O'Dell that Ms. O'Dell signed pursuant to 28 U.S.C. § 1746, presumably under the penalty of perjury (although Ms. O'Dell does not explicitly make that affirmation).  *See* Ex. A to PSC Response, Declaration of P. Leigh O'Dell ("O'Dell Dec."), ECF No. 26558-1.  In her Declaration Ms. O'Dell makes at least two statements that are knowingly false.

First, Ms. O'Dell states that she, Co-Lead Counsel Michelle Parfitt, and Liaison Counsel Chris Placitella all spoke with undersigned counsel by phone on

---

[3] While the disease at issue in this matter was mesothelioma, and not ovarian cancer, the J&J Defendants' liability for damage caused by its baby powder products was the same.

November 8, 2021.  *Id.* at ¶ 6.[4]  However, in a contemporaneous email to undersigned counsel **that included Ms. O'Dell**, Mr. Placitella confirmed he would not be able to join that call, and indeed, Mr. Placitella was not present for that conversation as he was attending a New Jersey Association for Justice meeting.  Ex. A, Jagolinzer Dec., ¶ 6.  Just as troubling, however, is Ms. O'Dell's statement that undersigned counsel "admitted that he had no basis for an objection" to the common benefit fee assessment at issue in Ferraro Law's Motions.  *See* ECF No. 26558-1, O'Dell Dec. at ¶ 6.  Undersigned counsel did no such thing.  Instead, undersigned counsel acknowledged that, assuming Ferraro Law had executed a Participation Agreement, Ferraro Law would not be able to object to the common benefit fee assessments at issue here on the basis that Ferraro Law is Nonparticipating Counsel as defined in CMO No. 7(A).  Ex. A, Jagolinzer Dec., ¶ 7.  Ms. O'Dell's inclusion of these statements in her Declaration can only be characterized as intentional misrepresentations.   It is most concerning that any attorney, let alone lead counsel in an MDL of this magnitude, would file a declaration that includes such blatant misrepresentations.

---

[4] Ferraro Law takes no issue with Mr. Placitella's performance in his role as Liaison Counsel in this matter, and instead holds him and his firm in the highest esteem, including with respect to their professional ethics and their reputation as capable and zealous advocates.

**C. THE PSC DOES NOT ADDRESS LEAD COUNSEL'S FAILURE TO ADVISE THE J&J DEFENDANTS REGARDING THE HOLDBACK RATE FOR FERRARO LAW'S SETTLEMENTS.**

Ferraro Law devoted pages of its Motions to the alternative argument that the J&J Defendants should be compelled to hold back 8% of Ferraro Law's clients' settlement proceeds for the common benefit fund as Participating Counsel under CMO No. 7(A) (despite the plain language of paragraph 4 of CMO No. 7(A) defining the Order's application), rather than the 12% they actually held back.  Ferraro Law specified that despite its' objection, the J&J Defendants were awaiting confirmation from Lead Counsel as to whether any holdback was appropriate, and if so, what percentage of the settlement proceeds the J&J Defendants should hold back.  Ferraro Law even cited to CMO No. 7(A)'s specific requirement that "the PEC advise[] [the J&J] Defendants' counsel in writing whether the individual Plaintiff's attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order."  *See* Ferraro Law's Motions, p. 14; *see also* CMO No. 7(A), ¶ 29.

In another example of Lead Counsel's disregard for their obligations in this MDL to Participating Counsel like Ferraro Law, the PSC does not address this aspect of Ferraro Law's Motions in its Response.  Instead, in a passing footnote, the PSC confoundingly states it "does not understand Ferraro [Law's] position that its cases are subject to a 12% holdback since it is an Early Participant."  PSC Response, p. 4

11

at n.5.  Unsurprisingly, despite Ferraro Law's and the J&J Defendants' efforts, Lead Counsel has yet to respond to the J&J Defendants' counsel's multiple requests for written confirmation of the appropriate holdback percentage to apply to Ferraro Law's settlements as required by CMO No. 7(A).  Ex. A, Jagolinzer Dec., ¶ 8.

Due to the ongoing prejudice to Ferraro Law and its clients caused by Lead Counsel's confusion on this point, Ferraro Law again respectfully renews its request that this Court consider whether Ms. O'Dell's firm, Beasley Allen, should be responsible for remitting the outstanding 4% of the settlement proceeds the J&J Defendants held back from Ferraro Law.  Due to the bankruptcy stay in *In re: LTL Management LLC*, Case No. 21-30589, pending in the U.S. Bankruptcy Court for the District of New Jersey, Ferraro Law understands the J&J Defendants may currently be unable to fund the remaining settlement amounts owed to Ferraro Law and its clients.

## CONCLUSION

For the foregoing reasons, and for the additional reasons discussed in Ferraro Law's Motions, Ferraro Law respectfully requests that the Court grant its Motions and enter an Order exempting Ferraro Laws' clients' settlements and recoveries to-date and in the future from any common benefit fee assessment under CMO No. 7(A) and the Participation Agreement.  Alternatively, Ferraro Law respectfully requests that the Court enter an Order limiting any such common benefit fee

assessments to 8% of the Gross Monetary Recovery, rather than 12% of the Gross

Monetary Recovery, along with such other and further relief as the Court deems just

and proper under the circumstances.


Dated: January 7, 2022                              Respectfully submitted,

                                                    s/ *David A. Jagolinzer*_____
                                                    David A. Jagolinzer
                                                    Fla. Bar No. 181153
                                                    daj@ferrarolaw.com
                                                    James L. Ferraro, Jr.
                                                    Fla. Bar No. 107494
                                                    jjr@ferrarolaw.com
                                                    Angelica L. Novick
                                                    Fla. Bar No. 105069
                                                    aln@ferrarolaw.com
                                                    THE FERRARO LAW FIRM, P.A.
                                                    600 Brickell Avenue, Suite 3800
                                                    Miami, Florida 33131
                                                    Tel.: 305.375.0111

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of January, 2022, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which sent notification

of such filing to all counsel of record.  Consistent with Rule 7.1(g) of the Local Rules

of the United States District Court for the District of New Jersey, Ferraro Law will

forward a file-stamped courtesy copy of this filing to the Court.

s/ *David A. Jagolinzer*_____
David A. Jagolinzer