

Montgomery
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Atlanta
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com



**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

April 4, 2023

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

> Re:  *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
> **Case No.: 3:16-md-02738-FLW-LHG**

Dear Judge Shipp:

We write on behalf of the Plaintiffs' Steering Committee ("PSC") to ask the Court to schedule a status conference at Your Honor's earliest convenience.

This MDL was created in October 2016.  In October 2021, after years of hard fought litigation during which the Court denied Defendants' *Daubert* motions and found that there was reliable scientific evidence in support of talcum powder causing ovarian cancer, Johnson & Johnson and Johnson & Johnson Consumer, Inc. restructured its talc liabilities through the "Texas Two-Step" and declared bankruptcy.

As the Court is aware, the U.S. Court of Appeals for the Third Circuit issued an opinion and judgment on January 30, 2023, directing that the bankruptcy be dismissed and vacating the March 4, 2022 preliminary injunction order as moot. *See In re: LTL Management, LLC*, No. 22-2003, Judgment (3rd Cir. Jan. 30, 2023) (Doc. 151-1).  The Third Circuit denied LTL's motion for stay and issued a mandate on March 31, 2023.  Judge Kaplan entered an order dismissing the *LTL* bankruptcy today.  The preliminary injunction and automatic stay are now vacated, and Plaintiffs

wish to proceed with alacrity in adjudicating the claims of thousands of women and their families who are suffering, or who have died, of ovarian cancer.

Prior to the bankruptcy filing, Chief Judge Wolfson expressed her intent to conduct at least one bellwether trial. As noted below, the PSC stands ready to try bellwether cases in the MDL court on an accelerated basis. Further, given the thousands of cases pending in the MDL, the PSC also urges the Court to remand cases to Transferor courts for trial at the earliest opportunity. Since the inception of this MDL, approximately 2,700 plaintiffs represented by members of the PSC have died, and of those, 600 died during the pendency of the *LTL* bankruptcy. Sadly, the number of deaths that have occurred in the overall MDL litigation are multiples of these numbers. Expeditious remands will ensure that more living plaintiffs have their day in Court.

In an effort to assist the Court as it "restarts" the MDL litigation, the PSC provides the following information.

### 1. Preparation for Bellwether Trials

At the time of the bankruptcy, the parties were in the throes of preparing for a bellwether trial. Through a multi-stage process beginning with 1,000 cases, the parties had selected six cases to be prepared for trial. *See* Order of April 1, 2021 (Doc. 18906). Plaintiffs had disclosed case-specific experts and, in keeping with the Court's August 2, 2021 Order, Plaintiffs' experts were deposed. *See* Doc. 24511. Defendants filed bankruptcy on October 14, 2021, six days before the October 22, 2021 deadline for submission of Defendants' expert reports.

Having had their claims needlessly derailed for more than 18 months, Plaintiffs wish to proceed to trial as quickly as the Court's schedule and the remaining discovery and motion practice will allow. Plaintiffs have provided Defendants with a proposed amended order, reflecting new deadlines for the remaining expert discovery and establishing a briefing schedule. The parties will meet and confer and submit a proposed revised order to the Court for Your Honor's consideration.

## 2. Liability Discovery

Chief Judge Wolfson previously bifurcated the MDL proceedings, focusing first on general causation and scientific issues. It was only after the Court's *Daubert* decision on April 27, 2020, that Plaintiffs in this MDL were allowed to proceed with certain discovery related to liability issues that will be applicable to the thousands of cases pending in the MDL.

At the time the LTL bankruptcy case was filed, and in tandem with the preparation of MDL bellwether trials, depositions of current and former J&J witnesses were scheduled or were in the process of being scheduled. For example, Plaintiffs had arranged for the depositions of current and former employees, such as Charles Wajszczuk, Sr. Director and Medical Safety Officer, and Paul Serbiak, Vice President of Research, Development and Engineering. The PSC was also in discussions with the J&J Defendants to produce certain 30(b)(6) witnesses relating to key issues such as: a) the sales of Johnson's Baby Powder and Shower to Shower; b) marketing and public relations efforts by J&J Defendants in response to a half century of safety concerns; c) funding (or lack of funding) for safety studies relating to talcum powder and ovarian cancer; and d) J&J's Standard Operating Procedures and policies relating to both the design of cosmetics and warning of potential hazards. In addition, the PSC was in the process of conducting discovery on third party witnesses.

In addition to these depositions which were all in the scheduling process at the time of the bankruptcy, Plaintiffs seek to take additional depositions relating to Defendants' conduct in this case as well as in relation to J&J Defendants' corporate restructuring of their talc liabilities. Moreover, Plaintiffs will serve additional requests for production, interrogatories, and requests for admission on other relevant topics. Plaintiffs will meet and confer with Defendants to ensure that the discovery is accomplished in an efficient manner. This discovery will not impede the expeditious setting of a bellwether trial.

## 3. Motion for Leave to Amend Master Complaint

Plaintiffs filed a Motion for Leave to Amend Plaintiffs' First Amended Master Long Form Complaint on December 12, 2020. (Doc. 16132). The motion was referred to the Special Master, Hon. Joel Schneider (U.S.M.J., retired), and remains pending. The Plaintiffs' Steering Committee will file a Plaintiffs' Renewed Motion

for Leave to File a Second Amended Master Long Form Complaint, attaching a revised and updated Second Amended Master Complaint. The revised Second Amended Master Complaint includes additional Defendants made necessary as a result of Defendants' restructuring: LTL Management, LLC; Johnson & Johnson Consumer, Inc. (new); and Kenvue, Inc. The Second Amend Master Complaint also includes additional facts discovered during the course of the product liability litigation and the bankruptcy. Plaintiffs will be prepared to address the motion at the Court's direction.

### 4. Plaintiffs' Profile Forms

On April 20, 2021, the Court entered an order directing Plaintiffs to submit Plaintiff Profile Forms, medical authorizations, and certain core medical records on a rolling basis. *See* Order of April 20, 2021 (Doc. 19911). These profile forms serve as a substitute for traditional answers to interrogatories and provide basic information about the underlying facts of the individual claims. The initial deadline for the service of Profile Forms and the production of documents was October 20, 2021, 6 days after the bankruptcy filing. Plaintiffs have provided Defendants with a proposed amended order that tracks the schedule previously entered by the Court. The parties will meet and confer for purposes of submitting a revised order for Your Honor's consideration.

Thank you for the Court's consideration of these matters and our request for a status conference.

Very truly yours,

*/s/ P. Leigh O'Dell*          */s/ Michelle A. Parfitt*

P. Leigh O'Dell                Michelle A. Parfitt

cc:   Hon. Joel Schneider, U.S.M.J. (ret.) (via email)
      Susan Sharko, Esq. (via email)
      The Plaintiffs' Steering Committee (via email)
      All Counsel (via ECF)