# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCT MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>*This Document Relates to All Cases* | Civil Action No. 3:16-md-2738-MAS-RLS<br><br>MDL No. 2738 |

## MEMORANDUM OF LAW IN SUPPORT OF PLANTIFFS' RENEWED MOTION FOR LEAVE TO FILE A SECOND AMENDED MASTER LONG FORM COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs, through the Plaintiffs' Steering Committee ("PSC"), submit this Memorandum of Law in support of Plaintiffs' Renewed Motion for Leave to File a Second Amended Master Long Form Complaint ("Second Amended Master Complaint") and state as follows:

### I. BACKGROUND

Shortly after this MDL was created, Plaintiffs filed their Master Long Form Complaint on January 5, 2017 naming as Defendants Johnson & Johnson ("J&J"), Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. ("J&J Consumer"), Imerys Talc America, Inc., f/k/a Luzenac America, Inc., f/k/a Rio Tinto Minerals, Inc. ("Imerys Talc") and Personal Care

Products Council ("PCPC") (collectively referred to as "Defendants") pursuant to Case Management Order No. 1.[1] The Master Complaint is the foundational pleading in the litigation. Each individual Plaintiff is required to file a Short Form Complaint adopting the counts in the Master Complaint that the Plaintiff believes are relevant to her case. *See* CMO No. 2,[2] CMO No. 2a,[3] and CMO No. 3[4] (governing the Short Form Complaint filing process).

The First Amended Master Complaint was filed six-and-a-half years ago, on March 16, 2017, before general causation fact and expert discovery had commenced.[5] The Court previously bifurcated the MDL proceedings, focusing first on general causation and scientific issues. It was only after the Court's *Daubert* decision on April 27, 2020, that Plaintiffs were allowed to proceed with certain discovery related to liability issues. On December 22, 2020, more than three years after the filing of the First Amended Master Complaint and soon after the *Daubert* proceedings had concluded, Plaintiffs filed a Motion for Leave to Amend Plaintiffs' First Amended Master Long Form Complaint.[6] Technically, that Motion is still pending as it was not ruled on. In the interim, through a series of corporate

---

[1] Rec. Doc. 82.
[2] Rec. Doc. 102.
[3] Rec. Doc. 257.
[4] Rec. Doc. 148.
[5] Rec. Doc. 132.
[6] Rec. Doc. 16132 and 16132-1.

restructuring transactions, the J&J Defendants isolated the talc liabilities into a newly invented company called LTL Management LLC ("LTL"), an acronym for "Legacy Talc Litigation."  Shortly thereafter, LTL filed its first petition for bankruptcy on October 14, 2021, that stayed all talcum powder cases across the country, including the MDL litigation, until March 31, 2023. The bankruptcy court dismissed the LTL bankruptcy case on April 4, 2023, but, undeterred by the bad faith findings of the Third Circuit Court of Appeals, LTL re-filed for bankruptcy only a few hours later that same day.  On August 11, 2023, LTL's second bankruptcy was also dismissed. Plaintiffs now renew their request to file a Second Amended Master Complaint which upon the grant of the Motion would result in the proposed Second Amended Master Complaint becoming the operative Master Complaint for the case.

  Plaintiffs' original December 22, 2020 Motion for Leave sought to amend the First Amended Master Complaint as follows: 1) to include newly discovered facts in support of Plaintiffs' claim for fraudulent concealment; 2) to state a claim for relief under a theory of spoliation that the facts and law support but which was not asserted in the First Amended Master Complaint; and 3) to identify with more particularity certain carcinogenic constituents in Defendants' talcum powder products that were first revealed during discovery in 2017 and discussed in Plaintiffs' expert reports, at expert depositions, and during the *Daubert*

3

proceedings. Plaintiff still seek to amend the First Amended Master Complaint to include those allegations and claims.

However, between December 22, 2020 and the present, there have been additional factual and legal developments that warrant further updates to the First Amended Master Complaint. Plaintiffs should be permitted to conform the Master Complaint to the facts as they now exist in the case and seek amendments as follows: 1) adding additional facts and scientific information; 2) adding new Defendants and clarifying the various Defendants' corporate relationships—this is necessary following the creation of LTL Management, LLC, the multiple LTL bankruptcies, certain corporate name changes (including "new and old" Johnson & Johnson Consumer, Inc.), and other developments associated with Johnson & Johnson Defendants' altered corporate structure; and 3) adding new causes of action for Assumption of Duty, Aiding and Abetting, and Acting in Concert.

Plaintiffs' proposed Second Amended Master Complaint is attached to this Motion in both a "clean" version (**Exhibit A**) and a "redlined" version (**Exhibit B**) so that the Court may easily review all of the proposed additions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The Third Circuit has noted that "generally, Rule 15 motions should be granted"

and "the fundamental purpose of Rule 15 is to allow plaintiff 'an opportunity to test his claims on the merits.'" *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) (reversing a district court's denial of leave to amend) (quoting *Forman v. Davis*, 371 U.S. 178 (1962)). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki,* 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

Under Rule 15's liberal standard, courts in the Third Circuit have granted leave to amend pleadings absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment." *In re Caterpillar Inc., 67* F. Supp. 3d 663, 668 (D.N.J. 2014) (citing *Forman*, 37 U.S. at 182). This Court routinely grants leave to amend pursuant to Rule 15. *See, e.g. TransWeb*, *LLC v. 3M Innovative Properties Co.*, CIV.A. 10-4413 FSH, 2011 WL 2181189, at *7 (D.N.J. June 1, 2011); *see also Krondeld v. First Jersey Nat'l Bank*, 638 F.Supp. 1454, 1460 (D.N.J. 1986).

**III.   ARGUMENT**

Plaintiffs seek to file a Second Amended Master Complaint to update the complaint with newly identified defendants, necessitated by multiple corporate

5

restructuring transactions, and facts and causes of action uncovered during the course of general causation discovery and during the period of time that the litigation was stayed due to the multiple LTL bankruptcies. Plaintiffs have not engaged in any "undue delay, bad faith, or dilatory motive." In fact, Plaintiffs have been forced to wait since the October 14, 2021 LTL bankruptcy filing that stayed this case to take any action in the litigation, including amending their complaint. The U.S. Court of Appeals for the Third Circuit denied LTL's request for the *en banc* hearing on March 22, 2023 and issued a mandate on March 31, 2023 vacating the preliminary injunction. The bankruptcy court dismissed LTL's bankruptcy case on April 4, 2023, and LTL refiled for bankruptcy a few hours later. The bankruptcy court dismissed LTL's second bankruptcy filing on August 11, 2023, and Plaintiffs are now moving promptly to amend to add new facts, new Defendants, and new causes of action.

Further, Plaintiffs do not seek to cure any alleged deficiencies in their Second Amended Master Complaint, so the question of the 'futility" of amending is not at issue.[7] The First Amended Master Complaint has been the operative

---

[7] Courts place a "heavy burden" on opponents who challenge amendments on the grounds of futility. *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Amendments should only be denied when, construing all allegations in the plaintiff's favor, the amendment would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

complaint for six years, and Defendants never moved to dismiss it or challenge the sufficiency of Plaintiffs' allegations. If Defendants now choose to test the sufficiency of Plaintiffs' allegations, it should be done on the merits as framed by the full set of the facts that have been developed over the years, not solely on the basis of the First Amended Master Complaint which was filed six years ago and before general causation discovery had commenced.

### A. Amendment to add facts learned during general causation discovery provide further support for Plaintiffs' previously pled claim for fraudulent concealment.

Plaintiffs pled a claim for fraudulent concealment in the First Amended Master Complaint, but the factual allegations in support of the claim were developed before general causation and expert discovery. Plaintiffs learned additional facts during general causation discovery in the MDL that provide further support for their fraudulent concealment claim and now seek to amend to add those facts. This amendment is not made in bad faith, the request is not dilatory (Plaintiffs could not amend while the litigation was stayed), and does not prejudice Defendants in any way when they have been aware of the relevant facts for as long as (indeed, much longer than) Plaintiffs. The redlined version of the proposed Second Amended Master Complaint identifies the new proposed factual allegations, including Paragraphs 38-67, 108(x)-(bb), 115-153, 164-194, and 210-400. These newly learned facts are highly relevant to Plaintiffs' fraudulent

7

concealment claim and should be incorporated in the Second Amended Master Complaint.

### B. Amendment to add a claim for spoliation based on newly discovered facts.

Plaintiffs seek to amend the First Amended Master Complaint to add a claim for spoliation. As the Court is aware, there are approximately 38,000 cases pending in the MDL, with Plaintiffs hailing from every state in the country. Many states specifically recognize an independent cause of action for spoliation. To state a claim for spoliation, Plaintiffs generally must allege the following: 1) a pending or impending legal action; 2) knowledge of the pending or potential legal action on the part of a party in control of evidence; 3) destruction of such evidence with a culpable state of mind designed to disrupt the opposing party's case; 4) disruption of such party's case; and 5) damages proximately caused by the actions of the spoliator. *See e.g., Rizzuto v. Davidson Ladders, Inc.,* 280 Conn. 225, 905 A.2d 1165 (2006); *Smith v. Howard Johnson Co.,* 1993-Ohio-229, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038 (1993); *Williams v Werner Enterprises, Inc.,* 235 W. Va. 32, 38-39, 770 S.E.2d 532, 538-539 (2015) ("The tort of intentional spoliation of evidence consists of the following elements: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to

8

defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages); *Coleman v. Eddy Potash Inc.*, 120 N.M. 645, 905 P.2d 185, 189-91 (1995) (overruled on other grounds by *Delgado v. Phelps Dodge Chino, Inc.*, 131 N.M. 272, 34, P.3d 1148, 1153-55 (2001)); *State v. Carpenter*, 171 P.3d 41, 64 (Alaska 2007).

Plaintiffs' proposed Second Amended Master Complaint pleads facts learned in general causation discovery that support the general elements of a spoliation claim. Moreover, additional fact discovery is expected to occur now that the second bankruptcy has been dismissed that may provide additional support for the spoliation claim. The redlined version of the proposed Second Amended Master Complaint identifies the newly discovered facts that support a claim for spoliation at Paragraphs 210 to 400 and sets forth the claim for spoliation at Paragraphs 1044 to 1051. This amendment is not made in bad faith, is not dilatory (Plaintiffs could not amend while the litigation was stayed), and does not prejudice Defendants in any way when they have been aware of the relevant facts relating to spoliation for as long as (indeed, much longer than) Plaintiffs.

### C. Amendment to discuss the carcinogenic constituents in Defendants' talcum powder products that were revealed during general causation discovery.

During general causation discovery, Plaintiffs' experts conducted tests of Defendants' talcum powder which included testing of historical samples of

Defendants' talcum powder products. Bottles of Johnson's Baby Powder list the ingredients as talc and fragrance. In addition to platy talc, this testing allowed Plaintiffs to identify other carcinogenic constituents in talcum powder, including talc fibers and asbestos. Defendants also produced documents for the first time during general causation discovery that provided substantial evidence of asbestos in Johnson's Baby Powder and Shower to Shower as well as evidence of the presence of high levels of chromium, nickel, and cobalt. Accordingly, Plaintiffs now seek leave to amend the First Amended Master Complaint to identify with particularity these additional carcinogenic constituents. The presence of multiple carcinogenic constituents in the products is highly relevant to general and specific causation and should now be incorporated in the Second Amended Master Complaint as the litigation moves toward bellwether case-specific trials and dispositive motion practice. Plaintiffs did not and could not have known that Defendants' talcum powder products contained numerous carcinogenic constituents, including asbestos, talc fibers, and heavy metals until general causation and expert discovery commenced.

    The redlined version of the proposed Second Amended Master Complaint identifies the newly discovered facts regarding the constituents of the talcum powder products at Paragraphs 122-150 and 166-194. This amendment is not made in bad faith, is not dilatory (Plaintiffs could not amend while the litigation was

10

stayed), and does not prejudice Defendants in any way when they have been aware of the relevant facts relating to the composition of their products for as long as (indeed, much longer than) Plaintiffs.

### D. Amendment to include new facts regarding Defendants' corporate structures and to name new Defendants.

Since prior to the first LTL bankruptcy filing, the Johnson & Johnson Defendants undertook corporate restructuring. Some corporate entities changed names and new corporate entities were created. Plaintiffs now seek leave to amend to add factual allegations regarding those corporate changes and to add certain new Johnson & Johnson entities as Defendants. Plaintiffs specifically seek to name the following new Defendants: 1) Johnson & Johnson Holdco (NA) Inc. f/k/a Johnson & Johnson Consumer Inc. f/k/a Curahee Holding Company Inc. and f/k/a Johnson & Johnson Consumer Companies, Inc., individually and as successor in interest to Old Johnson & Johnson Consumer Inc. ("Old JJCI") ("**New JJCI**"); 2) Kenvue Inc., individually and as successor in interest to "Old JJCI" and "New JJCI" ("**Kenvue**");3) LTL Management LLC, individually and as successor in interest to "Old JJCI" ("**LTL**"); and 4) Janssen Pharmaceuticals, Inc., individually and as successor in interest to "Old JJCI." Information about the newly named Defendants is set out in the proposed Second Amended Master Complaint at Paragraphs 5-16, 19-26, and 38-67, and the causes of action against the newly

11

named Defendants are set forth in separate Counts in the Second Amended Complaint.

The proposed amendments are not made in bad faith, are not dilatory, and do not prejudice Defendants. Several of the new Defendants did not exist until the days immediately leading up to the October 14, 2021 LTL bankruptcy filing or shortly thereafter. And some were created during the pendency of the first LTL bankruptcy. Plaintiffs could not amend to add the new Defendants or the new causes of action until the second LTL bankruptcy was dismissed. Further, Plaintiffs now seek to amend to assert previously pled causes of action against the new Defendants New JJCI, LTL, Janssen, and Kenvue.

### E. Amendment to add new claims for Assumption of Duty, Aiding and Abetting, and Acting in Concert.

Plaintiffs also seek to add the following new causes of action against Defendants Johnson & Johnson, New JJCI, LTL, Janssen and Kenvue: Assumption of Duty, Aiding and Abetting, and Acting in Concert. The facts giving rise to the new causes of action arose from Johnson & Johnson's corporate restructuring discussed above and were therefore revealed during the pendency of the multiple LTL bankruptcies. The amendments are not made in bad faith, are not dilatory, and do not prejudice Defendants. Plaintiffs could not assert these claims until the automatic stay was lifted.

### F. Each MDL Plaintiff's previously filed short form complaint should be deemed to incorporate the Second Amended Complaint in its entirety.

The nearly 38,000 Plaintiffs currently in this MDL (with thousands of new cases likely to be filed now that the automatic stay and preliminary injunction have lifted) should not be required to file amended short form complaints incorporating the newly added Defendants and causes of action. Federal and state courts presiding over consolidated litigation of this size regularly permit amendments to master complaints to be deemed incorporated in short form complaints without the need to amend the short form complaints. Indeed, this Court previously ordered that all short form complaints were deemed to incorporate the First Amended Master Complaint and "any amendments to the Master Complaint that may be granted by the Court in the future without the need of any Plaintiff to take any action to amend their Short Form Complaints that [were] already…filed in this case." *See* Case Management Order No. 2(a) at p. 1, para. 1.[8] *See also In re JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, 19-md-02913-WHO, Rec. Doc 514 at p. 2, para. 4 (N.D. Cal. Apr. 29, 2020) ("All *Short Form Complaints* already filed or to be filed in this MDL are hereby deemed to incorporate the Amended Master Complaint without the need of any Plaintiffs to take any action to amend their *Short Form Complaints*.").

---

[8] Rec. Doc. 257.

13

Accordingly, Plaintiffs likewise ask this Court to order that all short form complaints filed or to be filed in this MDL are deemed to incorporate the Second Amended Master Complaint without the need to amend the short forms complaints.

## IV. CONCLUSION

Plaintiffs' proposed Second Amended Master Complaint does not prejudice Defendants, and Plaintiffs could not have amended any sooner because 1) the facts supporting the proposed amendments emerged during general causation and expert discovery and/or during the pendency of the multiple LTL bankruptcies, and 2) the litigation has been stayed since LTL's first bankruptcy filing on October 14, 2021. Accordingly, Plaintiffs respectfully ask the Court to grant their Motion for Leave to File a Second Amended Master Long Form Complaint and to deem the amendments automatically incorporated in all short form complaints.

Dated:   August 14, 2023                Respectfully submitted,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Telephone: (202) 783-6400
Fax: (202) 416-6392
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555
Leigh.odell@beasleyallen.com

***Plaintiffs' Co-Lead Counsel***

/s/ *Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 00701
Telephone: (732) 747-9003
Fax: (732) 747-9004
cplacitella@cprlaw.com

***Plaintiffs' Liaison Counsel***