

Montgomery
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com



**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

August 23, 2023

*Via ECF*
Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

      Re:   ***Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation***
            **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

      Pursuant to the Court's order of August 14, 2023, the Plaintiffs' Steering Committee (PSC) and the Johnson & Johnson Defendants submit the following proposed *agreed upon* orders: 1) Proposed Amended Plaintiff Profile Form Order (Exhibit A); 2) Proposed Order Setting Briefing Schedule on Plaintiffs' Renewed Motion for Leave to File a Second Amended Master Long Form Complaint (Exhibit B); and 3) Proposed Order Regarding the Status of Death Cases (Exhibit C).

      In addition to the agreed upon orders referenced above, the PSC submits a proposed form of order related to case-specific discovery for Stage Three or bellwether pool cases. As outlined below, the parties were unable to reach agreement on the form of order related to this ongoing bellwether discovery and will

submit separate orders.  The PSC respectfully requests that the Court enter the order attached as Exhibit D to this letter.

On April 27, 2020, Judge Wolfson entered an Order and Opinion setting forth the Court's rulings related to the parties' extensive *Daubert* motions and hearing during which the Court queried the experts.  *See* Docs. 13186 and 13187.  Following the *Daubert* rulings, the parties undertook a multi-stage process to prepare for the first bellwether trial, winnowing down 1,000 cases to six cases selected to be prepared for trial *See* Order of April 1, 2021 (Doc. 18906).  Plaintiffs had disclosed case-specific experts and, in keeping with the Court's August 2, 2021 Order, Plaintiffs' experts were deposed.  *See* Doc. 24511.  These MDL proceedings were stayed pursuant to the LTL bankruptcy filing on October 14, 2021, six days before the October 22, 2023, deadline for submission of Defendants' expert reports.

In proposing an amended order related to case-specific discovery for Stage Three cases, Defendants insist on allotting time for *Daubert* motions.  After delaying this MDL litigation for nearly two years via multiple failed bankruptcy efforts, Defendants seek to further delay bellwether trials by redoing that which has already been done in this case.  Rearguing *Daubert* was not part of the August 2, 2021 amended scheduling order and it should not be part of any orders moving forward.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme court ruled that trial courts must perform a gatekeeping function to ensure the relevance and reliability of expert testimony. *See id.* at 589-95.  "The Third Circuit has explained that 'an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable.'" *In re: Johnson & Johnson Talcum Powder Prods. Liab. Litig.*, 509 F. Supp.3d 116, 131 (2020) (citations omitted).  This means that an "expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective believe or unsupported speculation.'"  *Id.* (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994)).

In the *Daubert* opinion, Judge Wolfson exercised the trial court's gatekeeping function, ensuring the relevance and reliability of expert testimony.  Judge Wolfson painstakingly analyzed the experts' processes and techniques, ultimately ruling that Plaintiffs' experts' methodologies were sound.  *Id.* at 198.  *Daubert* focuses on the methodology employed by the expert, as opposed to his or her conclusions.  *Id.* at

Hon. Michael A. Shipp, U.S.D.J.<br>
Hon. Rukhsanah L. Singh, U.S.M.J.<br>
August 23, 2023<br>
Page 3

132. Although it is acceptable for the court to "at least a limited review of the expert's conclusions 'in order to determine whether they could reliably flow from the facts known to the expert and the methodology used.'" *id.* (citations omitted), neither the passage of time nor the publication of new literature undermines the sound methodologies employed or conclusions reached by Plaintiffs' experts. It is for this reason the PSC requests the Court enter the attached amended scheduling order.

Thank you for your consideration. Please let us know if the Court needs further information.

Respectfully submitted,

*/s/ P. Leigh O'Dell*  */s/ Michelle A. Parfitt*

P. Leigh O'Dell  Michelle A. Parfitt

cc: Hon. Joel Schneider, U.S.M.J. (ret.) (via email)
Susan Sharko, Esq. (via email)
All Counsel (via ECF)