# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (FLW) (LHG) <br> JUDGE FREDA L. WOLFSON <br> MAG. JUDGE LOIS H. GOODMAN |
| ALVESSA ORTIZ, Individually and as Personal Representative of the ESTATE OF MARY ORTIZ, deceased, <br><br>　　　　　　　　　Plaintiffs, <br> v. <br><br> JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC., <br><br>　　　　　　　　　Defendants. | COMPLAINT AND JURY DEMAND <br><br> Civil Action No: _____ <br><br> DIRECT FILED ACTION |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiffs shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiffs:**

1. Name of individual injured due to the use of talcum powder product(s): Mary Ortiz.

2. At the time of the filing of the specific case, Plaintiff, Alvessa Ortiz is currently residing in Orlando, Orange County, Florida.

3. Survival and/or Wrongful Death Claims: Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: Mary Ortiz, 709 Alton Ave., Orlando, Orange County, Florida.

4. Plaintiff/Decedent was born in 1941 and died in 2021.

5. Plaintiff, Alvessa OPrtiz., is filing this case in a representative capacity.

6. As a result of using talcum powder products, Plaintiff/Decedent, Mary Ortiz, suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

- ✓ injury to herself
- ✓ injury to the person represented
- ✓ wrongful death
- ✓ survivorship action
- ✓ economic loss
- ✓ loss of services
- ____ other: _____

**Identification of Defendants:**

7. Plaintiff/Decedent are suing the following Defendants (please check all that apply):

- ✓ Johnson & Johnson

2

- ✓ Johnson & Johnson Consumer Inc.
- ✓ Personal Care Products Council ("PCPC")

**Additional Defendants:**

- ✓ Other(s) Defendant(s) (please specify): LTL Management, LLC, Johnson & Johnson Holdco (NA) Inc., Janssen Pharmaceuticals, Inc., Kenvue, Inc

## JURISDICTION & VENUE

**Jurisdiction:**

8. Jurisdiction in this Short Form Complaint is based on:

- ✓ Diversity of Citizenship

___ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure): _____

**Venue:**

9. District Court and Division in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: Middle District of Florida.

## CASE SPECIFIC FACTS

10. Plaintiff, Alvessa Ortiz currently resides at 709 Alton Avew., Orlando, Orange County, Florida.

11. At the time of the Plaintiff/Decedent's diagnosis with a talcum powder products injury, Plaintiff/Decedent resided in Orlando, Orange County, Florida.

12. The Plaintiff/Decedent was diagnosed with a talcum powder products injury in Orlando, Florida on or about February 2021.

13. To the best of Plaintiff's knowledge, Decedent began using talcum powder products on or about 1970 and continued the use of talcum powder products through about 2021.

3

14. The Plaintiff/Decedent purchased talcum powder products in the following state(s): Florida.

15. Plaintiff/Decedent used the following talcum powder products:

- ✓ Johnson & Johnson's Baby Powder

- ✓ Shower to Shower

16. Plaintiffs hereby adopt and incorporate by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

17. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff:

- ____ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

- ✓ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

- ____ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

- ✓ Count IV: Products Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

- ✓ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)
- ✓ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

- ✓ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

- ____ Count VIII: Negligence (Against Imerys Talc)

- ✓ Count IX: Negligence (Against the Johnson & Johnson Defendants)

- ✓ Count X: Negligence (Against PCPC)

- ✓ Count XI: Negligence Misrepresentation (Against the Johnson & Johnson Defendants)

4

✓ Count XII: Fraud (Against the Johnson & Johnson Defendants)

✓ Count XIII: Fraud (Against PCPC)

✓ Count XIV: Violation of State Consumer Protection Laws of the State of New York and Florida (Against the Johnson & Johnson Defendants).

____ Count XV: Fraudulent Concealment (Against Imerys Talc)

✓ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

____ Count XVII: Fraudulent Concealment (Against PCPC)

✓ Count XVIII: Civil Conspiracy (Against All Defendants)

_____ Count XIX: Loss of Consortium (Against All Defendants)

✓ Count XX: Punitive Damages (Against All Defendants)

✓ Count XXI: Discovery Rule and Tolling (Against All Defendants)

✓ Count XXII: Wrongful Death (Against All Defendants)

✓ Count XXIII: Survival Action (Against All Defendants)

____ Furthermore, Plaintiff(s) assert the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) include additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiffs pray for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: August 22, 2023     Respectfully submitted:

*/s/ mg*

_____
MICHAEL GOETZ, ESQUIRE
Florida Bar No. 963984
Morgan & Morgan
Complex Litigation Group
One Tampa City Center, 7th Floor
201 N. Franklin Street
Tampa, Florida 33602
Telephone (813) 223-5505
Facsimile (813) 223-5402
E-Mail: MGoetz@forthepeople.com
Counsel for Plaintiffs