## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON ) <br> TALCUM POWDER PRODUCTS ) <br> MARKETING, SALES PRACTICES AND ) <br> PRODUCTS LIABILITY LITIGATION ) <br> _____ ) <br> ) <br> This Document Relates To All Cases ) <br> _____ ) | MDL Docket No. 2738 <br><br> **Amended Plaintiff's Profile Form ("PPF") Order** |

**THIS MATTER** having been brought before the Court by the parties, with the purpose of establishing a process for the production of Plaintiff Profile Forms ("PPF") in all cases pending in the MDL Court in the District of New Jersey, and for good cause shown:

**IT IS** on this 1st day of Sept., 2023,

**ORDERED** that the completion and service of Plaintiff Profile Forms shall proceed as follows:

1.    All plaintiffs whose cases are pending in this MDL proceeding (besides those cases in which a motion to remand is pending) as of the date of this Order or filed in the future shall complete and serve a Plaintiff Profile Form (attached as

Exhibit A);[1] produce the core records specified in paragraph 2; and produce a signed medical records authorization (attached as Exhibit B)(which is not a substitute for production of medical records as required herein).

2.     Plaintiffs shall promptly order the following core records and produce them to defense counsel upon receipt:

    a.     All Medical records or reports from any hospital, physician, or other health care provider who treated plaintiff for ovarian cancer or any gynecologic disease, condition or symptom alleged in the Complaint and/or PPF ; and

    b.     If applicable, decedent-user's death certificate.

3.     The parties have agreed to use MDL Centrality®, an online data management tool specifically designed to manage discovery in mass tort litigations, to complete and serve the Plaintiff Profile Forms and for the exchange of any other responsive discovery documents between the parties. The system is accessible at www.mdlcentrality.com/talc. **Plaintiffs' counsel will promptly register with MDL Centrality®.**

4.     Plaintiffs' counsel shall serve upon Defendants via MDL Centrality: (1) a fully complete and verified PPF; (2) core records as outlined above; and (3) an

---

[1] The service of an agreed upon Plaintiff Fact Sheet ("PFS") from another jurisdiction and the production of a signed medical authorization and required records shall comply with this Order. If the plaintiff was living at the time the initial PFS was served, but is now deceased, a PPF shall be served.

executed Limited Authorization to Disclose Health Information in

accordance with the following schedule:

    a.    For cases filed in or transferred to the MDL during the calendar years 2016 and 2017, Plaintiffs shall comply with Paragraphs 1 and 2 on or before **October 16, 2023**;

    b.    For cases filed in or transferred to the MDL during the calendar year 2018, Plaintiffs shall comply with Paragraphs 1 and 2 on or before **December 15, 2023**;

    c.    For cases filed in or transferred to the MDL during the calendar year 2019, Plaintiffs shall comply with Paragraphs 1 and 2 on or before **February 15, 2024**;

    d.    For cases filed in or transferred to the MDL during the calendar year 2020, Plaintiffs shall comply with Paragraphs 1 and 2 on or before **April 15, 2024**;

    e.    For cases filed in or transferred to the MDL during or after calendar year 2021, Plaintiffs shall comply with Paragraphs 1 and 2 on or before **May 31, 2024**; and

    f.    For cases filed in or transferred to the MDL after the date of this Order, Plaintiffs shall comply with Paragraphs 1 and 2 within **90 days** from the date the complaint was filed.

5.    If additional time is needed in a specific case for good cause, the parties will meet and confer in good faith to resolve any issues.

6.    The parties shall meet and confer in good faith with regard to any deficiency notices before a dispositive motion is filed.

7. If certain core records and/or information are not available despite

the best efforts of the plaintiff, the plaintiff shall describe such efforts in response to the question and those efforts may be deemed to be substantial compliance with this Order.

Hon. Michael A. Shipp
United States District Judge

# EXHIBIT A

# PLAINTIFFF PROFILE FORM

This Plaintiff Profile Form ("PPF") must be completed by the plaintiff or the representative of plaintiff's decedent. In completing this PPF, you are under oath and must provide information that is true and complete to the best of your knowledge, information and belief after reasonable inquiry. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect.

In filling out this PPF, please use the following definitions: (1) **"health care provider"** means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) **"document"** means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

Information provided in this PPF will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This PPF is completed pursuant to the Federal Rules of Civil Procedure governing discovery.

1. **CASE INFORMATION**

| | |
|---|---|
| Name of Person Completing Form: | |
| If you are completing this PPF in a representative capacity (e.g., on behalf of the estate of a deceased person), please complete the following: | |
| Your Name: | |
| Your relationship to individual you represent: | |

---

**THE REST OF THIS PLAINTIFF PROFILE FORM REQUESTS INFORMATION ABOUT THE PERSON WHO USED JOHNSON'S BABY POWDER AND/OR SHOWER TO SHOWER AND WAS DIAGNOSED WITH OVARIAN CANCER**

---

2. **PERSONAL INFORMATION**

| | | | |
|---|---|---|---|
| Name: | | | |
| Maiden/Other Names Used | | | |
| Current or Last Known Address: | | | |
| Date of Birth: [Calendar Drop Down] | | Gender: | M _____   F_____ |
| Date of Death (If applicable) [Calendar Drop Down]: | | Social Security Number: | |
| Select Marriage Status: | [DROP DOWN] Single Married Widowed Divorced | Name of Spouse, if Married at time of filing Complaint: | |

3.     **TALCUM POWDER-RELATED CLAIM**

     a.  Have you been diagnosed with one of the following types of cancer? [DROP DOWN]

- ☐ Ovarian
- ☐ Fallopian tube
- ☐ Primary Peritoneal
- ☐ Endometrial
- ☐ Uterine
- ☐ Vaginal
- ☐ Cervical
- ☐ Unknown

     b.  If yes, please provide the approximate date of initial diagnosis (if more than one, for each initial diagnosis):_____[Calendar Drop-Down]

     c.  If you were diagnosed with ovarian cancer, fallopian tube or primary peritoneal cancer, please provide the type: [DROP DOWN]

- ☐ High-Grade Serous
- ☐ Low-Grade Serous
- ☐ Serous (do not know if high grade or low grade)
- ☐ Endometrioid
- ☐ Clear Cell
- ☐ Mucinous
- ☐ Undifferentiated
- ☐ Unknown

     d.  If you were diagnosed with ovarian cancer, fallopian tube or primary peritoneal cancer, please provide the stage: [DROP DOWN]

- ☐ Stage I
- ☐ Stage II
- ☐ Stage III
- ☐ Stage IV
- ☐ Unknown
- ☐ Unstaged

4.     **MEDICAL HISTORY**:

     a.     Have you ever had a tubal ligation? Yes__ No__ [DROP DOWN]

          If yes, date of procedure: [Calendar Drop-Down]

     b.     Have you ever been tested for a genetic mutation or condition? Yes_No_ [DROP DOWN]

Name of Provider who ordered such testing:_____.

c.      Have you ever been diagnosed with any of the following?

| Condition | Yes/No/ Unknown [DROP DOWN] | Name and Address of Diagnosing Provider | Approximate Date of Diagnosis (if applicable) |
|---|---|---|---|
| BRCA1 or BRCA2 mutation | | | |
| Endometriosis | | | |
| Adenomyosis | | | |
| Irregular vaginal bleeding | | | |
| Ovarian Cysts | | | |
| Polycystic ovaries and/or Polycystic Ovarian Syndrome | | | |
| Uterine fibroids | | | |
| Infertility | | | |
| Breast cancer | | | |
| Lynch Syndrome | | | |
| Other cancer (please specify Type of cancer(s): | | | |
| Obesity/overweight | | | |
| Pelvic Inflammatory Disease | | | |
| Colon Polyps | | | |

6.     *Other than* those injuries that you believe were caused by your use of body powder, do you currently suffer from any chronic illnesses or disabilities? Yes __ No [DROP DOWN]

If yes, please identify:

The injury, illness, or disability: _____

Date(s) of diagnosis:_____

## FAMILY MEDICAL HISTORY

7.     Limiting this question to blood relatives, to the best of your knowledge, please indicate whether your *parents, siblings, children, grandparents, aunts, uncles, or first cousins* have ever suffered from or been treated for any type of cancer (including but not limited to ovarian cancer or breast cancer):

| Relative's Name | Relation to you | Type and date of cancer(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

8.   Limiting this question to blood relatives, to the best of your knowledge, please indicate whether your *parents, siblings, children, grandparents, aunts, uncles, or first cousins* have ever been diagnosed with any genetic mutations, including but not limited to BRCA1 or BRCA2 mutations?

    Yes No [DROP DOWN]

    If yes, please identify each such relative's relation to you:_____.

## HEALTH CARE PROVIDERS AND PHARMACIES

9.   Limiting your answer to primary care, gynecology and oncology healthcare providers, identify each doctor or other health care provider who you have seen for medical care and treatment from the ten (10) years prior to your ovarian cancer diagnosis to the present. In particular, please use your best efforts to list all of the primary care providers during this period.

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Approx. Years of Visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

10.   If any of your healthcare providers who you have seen in relation to treatment and care of **ovarian cancer or any other form of cancer** were not identified previously, please identify for each such provider:

| Name and Specialty | Address | Approximate Years of Treatment | Reason for Treatment |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | |
| | | | |

11.   Limiting your response to visits for issues related to cancer and to gynecologic issues other than pregnancy, identify each hospital, clinic, or health care facility where you were hospitalized (inpatient, out-patient, or emergency room visit) from the (10) years prior to your ovarian cancer diagnosis to the present:

| Name | Address | Admission Date(s) | Reason for Admission Approx. Years of visits |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

12.   To the best of your recollection, identify each pharmacy that has regularly dispensed medication to you from the ten (10) years prior to your ovarian cancer diagnosis to the present:

| Name of Pharmacy | Address of Pharmacy | Approx. Years You Used Pharmacy |
|---|---|---|
| | | |
| | | |
| | | |

13.   Has any health care provider told you the cause(s) of your ovarian cancer??

Yes___No_____[DROP DOWN]

If yes, please identify the name of said health care provider, the approximate date on which he/she did so, and the substance of the conversation: _____

_____
_____

14.   Have you had any communications with your health care providers, orally or in writing, about whether your condition is related to your use of Johnson's Baby Powder and/or Shower to Shower?

Yes No_ [DROP DOWN]

If yes, please identify the name and approximate date of communication with said health care provider: _____
_____
_____

**TALCUM POWDER PRODUCT USE**

16.  **Have you ever used Johnson's Baby Powder?**          Yes_____No_____

   If yes, identify:

   a)   Did you apply the product to your genital area?        Yes_____No_____

   b)   Approximate year of first  use:_____

   c)   Approximate year of last use:_____

   d)   Frequency of use during these dates: _____

17.  **Have you ever used Johnson & Johnson Shower to Shower?**      Yes_____No_____

   If yes, identify:

   a)   Did you apply the product to your genital area?        Yes_____No_____

   b)   Approximate year of first use:_____

   c)   Approximate year of last use: _____

   d)   Frequency of use during these dates: _____

18.  **Have you ever used any other cosmetic powder product(s) in your genital area?**

   If yes, identify:

a)   Name of product(s): _____

b)   Approximate year of first use: _____

c)   Approximate year of last use: _____

## MEDICAL BACKGROUND OF BODY POWDER USER

19.   What is your height?_____ft._____ inches.

20.   Highest weight during the five years prior to your ovarian cancer diagnosis:_____lbs.

Lowest weight during the five years prior to your ovarian cancer diagnosis:_____lbs.

21.   Smoking History:

    a.   Do you currently smoke cigarettes? Yes No [DROP DOWN]

      -- If yes, for how long have you smoked?

      -- If yes, how many cigarettes/packs per day do you smoke?

    b.   Have you ever smoked cigarettes in the past? Yes No [DROP DOWN]

      -- If yes, when did you begin such smoking?

      -- When did you stop smoking?

      -- How many cigarettes/packs per day did you smoke until you stopped?

22.   Menstrual History:

    a.  Age at first menstrual  period:_____

    b.  Age at last menstrual  period:_____

    c.  Average length of period:_____

23.   Pregnancies: (with drop downs)

Number of pregnancies?_____

    Years of pregnancy(s):_____ _____

Number of births ? _____

**24.   Employment History:**

| Are you currently employed? | Yes_ No_[DROP DOWN] |
|---|---|
| If yes, please identify your current employer and position: | |

**25.   Education:**

| Highest Educational Degree | [DROP DOWN] High School Diploma GED Bachelor's Post-Graduate | Educational Institution |
|---|---|---|

## DOCUMENT DEMANDS

Documents in your possession, including writings on paper or in electronic form (if you have any of the following materials in your custody or possession, please indicate which documents you have and attach a copy of them to this Plaintiff Profile Form):

1.   All documents relating to plaintiff's purchase(s) or acquisition(s) of Johnson's Baby Powder or Shower to Shower, including but not limited to, store receipts, credit card receipts, containers, labels, or other records of purchase or acquisition.

2.   All medical records, reports, and/or documents from any hospital, physician, or other health care provider who treated plaintiff for ovarian cancer or any gynecologic disease, condition or symptom alleged in the Complaint and/or PPF.

3.   If applicable, decedent-user's death certificate and copies of letters testamentary or letters of administration confirming standing of the named plaintiff.

4.   A copy of all pathology reports related to plaintiff's/decedent's diagnosis or recurrence of ovarian cancer.

5.   A copy of all reports reflecting any genetic testing undertaken on plaintiff/decedent.

## **<u>DECLARATION</u>**

      I declare under penalty of perjury that all of the information provided in connection with this Short Form Plaintiff Profile Form is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry. I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect.

Date:_____        Signature of Plaintiff

_____
Print Name of Signing Plaintiff

# EXHIBIT B

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO:

Patient Name:

DOB:

SSN:


I,_____, hereby authorize you to release and furnish to: <u>Shook, Hardy & Bacon, LLP and Faegre Drinker Biddle & Reath LLP, and/or their duly assigned agents, including Litigation Management, Inc.</u>, copies of the following information:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, patient registration forms, questionnaires/histories, patient consents, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.
* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram, cardiac catheterization reports and any other test and consulting reports.
* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/ histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
* All billing records including all statements, itemized bills, and insurance records.

1.  To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.  I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3.  I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in two years.

4.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5.  A notarized signature is not required. CFR 164.508.  A copy of this authorization may be used in place of an original.

Print Name:_____(plaintiff/representative)

Signature:_____Date_____

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO:

Patient Name:

DOB:

SSN:

    I, _____ (Representative of the Estate of _____ ), hereby authorize you to release and furnish to: Shook, Hardy & Bacon, LLP and Faegre Drinker Biddle & Reath LLP, and/or their duly assigned agents, including Litigation Management, Inc., copies of the following information:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, patient registration forms, questionnaires/histories, patient consents, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.
* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram, cardiac catheterization reports and any other test and consulting reports.
* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/ histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
* All billing records including all statements, itemized bills, and insurance records.

1.  To_____'s medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.  I understand that the information in_____'s health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3.  I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in two years.

4.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5.  A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____(Representative of the Estate of_____)


Signature:_____ Date_____