**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | **MDL No. 2738 (FLW) (LHG)**<br>**JUDGE FREDA L. WOLFSON**<br>**MAG. JUDGE LOIS H. GOODMAN** |
| **CARLA ANDERSON,** | COMPLAINT AND JURY DEMAND |
| Plaintiff,<br>v. | Civil Action No: 23-cv-8389 _____ |
| **JOHNSON & JOHNSON, and JOHNSON & JOHNSON CONSUMER INC., et al.** | DIRECT FILED ACTION |
| Defendants. | |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices,, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

**IDENTIFICATION OF PARTIES**

**Identification of Plaintiff(s)**

1.      Name of individual injured due to the use of talcum powder product(s): Carla Anderson.

2.     At the time of the filing of the specific case, Plaintiff is a citizen of Genoa, Ottawa County, Ohio.

3.     As a result of using talcum powder products, Plaintiff suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

√   injury to herself

_____     injury to the person represented

_____     wrongful death

_____     survivorship action

√   economic loss

_____     loss of services

_____     loss of consortium

other: _____

**Identification of Defendants:**

4.     Plaintiff is suing the following Defendants (please check all that apply)[1]:

√   Johnson & Johnson

√   Johnson & Johnson Consumer Inc.


**Additional Defendants:**

√   Other(s) Defendant(s) (please specify): LTL Management, LLC., Johnson & Johnson Holdco (NA) Inc., Janssen Pharmaceuticals, Inc., and Kenvue, Inc.

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

## JURISDICTION & VENUE

**Jurisdiction:**

5.      Jurisdiction in this Short Form Complaint is based on:

√   Diversity of Citizenship

☐   Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure): _____

6.      District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: U.S. District Court, Northern District of Ohio, Toledo Division.

## CASE SPECIFIC FACTS

7.      Plaintiff currently resides in Genoa, Ottawa County, Ohio.

8.      At the time of the Plaintiff's diagnosis with a talcum powder product(s) injury, Plaintiff resided in Genoa, Ottawa County, Ohio.

9.      The Plaintiff was diagnosed with a talcum powder product(s) injury in Clevland, Ohio on July 10, 2020.

10.     To the best of Plaintiff's knowledge, Plaintiff began using talcum powder product(s) on or about the following date: 1972 and continued the use of talcum powder products through about the following date: 1996.

11.     The Plaintiff purchased talcum powder products in the following state(s):  Hawaii, South Carolian and Ohio.

12.     Plaintiff used the following talcum powder products:

√   Johnson & Johnson's Baby Powder

3

√   Shower to Shower

## CAUSES OF ACTION

13.     Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

14.     The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☐   Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

√   Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☐   Count III:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

√   Count IV:  Products Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

√   Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

√   Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

√   Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☐   Count VIII:  Negligence (Against Imerys Talc)

√   Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐   Count X:  Negligence (Against PCPC)

√   Count XI:  Negligence Misrepresentation (Against the Johnson & Johnson Defendants)

√   Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐   Count XIII:  Fraud (Against PCPC)

√   Count XIV:  Violation of State Consumer Protection Laws of the State of Indiana (Against the Johnson & Johnson Defendants).

4

☐   Count XV:  Fraudulent Concealment (Against Imerys Talc)

√   Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐   Count XVII:  Fraudulent Concealment (Against PCPC)

√   Count XVIII:  Civil Conspiracy (Against All Defendants)

☐   Count XIX:  Loss of Consortium (Against All Defendants)

√   Count XX:  Punitive Damages (Against All Defendants)

√   Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☐   Count XXII:  Wrongful Death (Against All Defendants)

☐   Count XXIII:  Survival Action (Against All Defendants)

☐   Furthermore, Plaintiff(s) assert the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above.  If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

_____

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated:  August 23, 2023                              Respectfully submitted:

_____

MICHAEL GOETZ, ESQUIRE
Florida Bar No. 963984
Morgan & Morgan
Complex Litigation Group
One Tampa City Center, 7th Floor
201 N. Franklin Street
Tampa, Florida 33602
Telephone (813) 223-5505
Facsimile (813) 223-5402
E-Mail:  MGoetz@forthepeople.com
Counsel for Plaintiff