## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: Rita F. Mazur, Stephen Mazur (Spouse), Samantha Mazur (Dependent Child), and Stephanie Mazur (Dependent Child). | MDL No. 2738 (FLW) (LHG) |

## SHORT FORM COMPLAINT
## AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

# IDENTIFICATION OF PARTIES

## Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s): Rita F. Mazur.

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of Monroeville, Ohio (USA).

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: Stephen D. Mazur (Spouse)

4. Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: Not applicable.

5. Plaintiff/Decedent was born on Not applicable. and died on ------.

6. Plaintiff is filing this case in a representative capacity as the Not applicable. of the ---------------------, having been duly appointed as the ------------------------------------------------------- by the ------------Court of ---------------------------------------------------------------------------------------------------.

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    __X__ injury to herself

    _____ injury to the person represented

    _____ wrongful death

    _____ survivorship action

    __X__ economic loss

    __X__ loss of services

    __X__ loss of consortium (including spouse and children)

    _____ other: _____

## Identification of Defendants

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

    ☒ Johnson & Johnson

    ☒ Johnson & Johnson Consumer Inc.

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

☐ Imerys Talc America, Inc. ("Imerys Talc")

☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☒ Other(s) Defendant(s) (please specify): Kenvue Inc., individually and as successor-in-interest to Johnson & Johnson Consumer Inc.; Johnson & Johnson Holdco (NA) Inc., f/k/a Johnson & Johnson Consumer Inc., individually and as successor-in-interest to Johnson & Johnson subsidiary "Old JJCI"; Janssen Pharmaceuticals, Inc., individually and as successor-in-interest to Johnson & Johnson subsidiaries named Johnson & Johnson Consumer Inc., both prior to and after its 2021 restructuring and colloquially known as "Old JJCI" and "New JJCI" and LTL Management LLC.

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

☒ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

United States District Court, Western District of Ohio.

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State):

    Monroeville, Ohio                                                                                      .

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

    Monroeville, Ohio                                                                                      .

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): Monroeville, Ohio            on  7/6/2021             (date).

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: 1974            and continued the use of talcum powder product(s) through about the following date: 2018                  .

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): Ohio                                                                 .

16. Plaintiff/Decedent used the following talcum powder products:

    - ☒ Johnson & Johnson's Baby Powder
    - ☒ Shower to Shower

## CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

    ☐    Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

    ☒    Count II:  Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

    ☐    Count III:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

    ☒    Count IV:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

    ☒    Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

    ☒    Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

    ☒    Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

    ☐    Count VIII:  Negligence (Against Imerys Talc)

    ☒    Count IX:  Negligence (Against the Johnson & Johnson Defendants)

    ☐    Count X:  Negligence (Against PCPC)

    ☒    Count XI:  Negligent Misrepresentation (Against the Johnson &

10

Johnson Defendants)

☒ Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐ Count XIII:  Fraud (Against PCPC)

☒ Count XIV:  Violation of State Consumer Protection Laws of the State of   Ohio   (Against the Johnson & Johnson Defendants).

☐ Count XV:  Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐ Count XVII:  Fraudulent Concealment (Against PCPC)

☒ Count XVIII:  Civil Conspiracy (Against All Defendants)

☒ Count XIX:  Loss of Consortium (Against All Defendants)

☒ Count XX:  Punitive Damages (Against All Defendants)

☒ Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☐ Count XXII:  Wrongful Death (Against All Defendants)

☐ Count XXIII:  Survival Action (Against All Defendants)

☒ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements

11

of the Federal Rules of Civil Procedure.  See attached Exhibit A

Causes of Action include:

Statutory Products Liability under Ohio Revised Code Section 2307.71, *et seq.* (Ohio Products Liability Act); Conspiracy; and Punitive Damages.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Date: September 7, 2023

Respectfully submitted,

*/s/ Joyce Chambers Reichard*
Shawn M. Acton Ohio Bar #0072675
Joyce Chambers Reichard Ohio Bar #0096422
Brian D. Schall Ohio Bar #0087359
KELLEY FERRARO, LLC
950 Main Avenue, Suite 1300
Cleveland, Ohio 44113
(216) 575-0777
(216) 575-0799 (Facsimile)
sacton@kelley-ferraro.com
jreichard@kelley-ferraro.com
bschall@kelley-ferraro.com

*Attorneys for Plaintiff*

12

**EXHIBIT A TO SHORT FORM COMPLAINT**

**ADDITIONAL CAUSES OF ACTION**
**(CONTINUED FROM PARAGRAPH 18, PAGE 12)**

**(ECONOMIC LOSS)**

1. Plaintiffs re-allege paragraphs 1 through 44 above, as if fully rewritten herein.

2. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff Rita F. Mazur incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined and will continue to incur such expense into the future.

3. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff Rita F. Mazur suffered a progressive loss of earning capacity, and other economic damages, and will continue to suffer them throughout her lifetime.

4. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff Rita F. Mazur has contracted a type of ovarian cancer and has suffered and continues to suffer the injuries and damages as set forth herein.

**(STATUTORY PRODUCTS LIABILITY)**

1. Plaintiffs re-allege and incorporate each and every Paragraph and fact set forth above, as though fully set forth here.

2. Plaintiff brings this claim for relief against Defendants for product liability under Ohio Revised Code § 2307.71, et seq. (Ohio Product Liability Act).

3. At all times relevant hereto, Defendants were "manufacturers" and/or "suppliers" of asbestos and asbestos-containing products as those terms are defined under Ohio Revised Code §2307.71.

4. Defendants were engaged in a business to design, formulate, produce, create, make, construct, and assemble talcum products, including the talcum products that exposed Plaintiff Rita F. Mazur to hazardous levels of asbestos.

5. The talcum products mined, labeled, manufactured, and sold by Defendants were defective:

(a) in manufacture and construction as described in Ohio Revised Code §2307.73 (when it left the control of its manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards);

(b) were defective in design or formulation as described in Ohio Revised Code §2307.75 (at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation);

(c) were defective due to inadequate warnings and instructions as described in Ohio Revised Code §2307.76 (manufacturer is an expert in its products and knew or in the exercise of reasonable care should have known about dangers of Johnson & Johnson talcum powder and failed to investigate or test and adequately warn and instruct end users like Plaintiffs about said dangers); and

(d) were defective because they did not conform to representations made by the manufacturer as described in Ohio Revised Code §2307.77 (including but

not limited to Defendants' representations that the product was/is safe or can be used safely).

6. Plaintiffs purchased the defective Johnson & Johnson talcum powder that exposed Plaintiff Rita F. Mazur to carcinogenic asbestos in the State of Ohio from various drug stores and discount stores throughout Ohio.

7. As a direct and proximate result of Defendants' conduct, Plaintiff is permanently injured and has (and will) incur damages.