

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

September 10, 2023

**VIA - ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
404 East State Street
Trenton, NJ 08608

      **Re:**    **Johnson & Johnson Talcum Power Products, Marketing, Sales Practices and Products liability Litigation**
            **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp:

      We write in response to the September 7, 2023, letter to the Court from PSC lead counsel Leigh O'Dell and Michelle Parfit regarding settlement. While Defendants would appreciate sincere and productive engagement in settlement negotiations from MDL leadership, we do not believe that individual discussions with PSC members will be beneficial at this stage. Discussions would be especially unproductive if led or limited to counsel such as Ms. O'Dell and Ms. Parfit, who have actively worked against Defendants' attempts to reach an amicable and fair resolution for all talc claimants, *even in the face of offers more than double the size of their own "good faith" demands.*

      Resolution efforts have been ongoing for almost four years, including direct negotiations between Defendants, Defendants' in-house counsel, Defendants' resolution counsel and the members of Plaintiffs' MDL leadership, in both official and informal settings, as well as via lengthy mediations. The PSC is well aware that Defendants' position is that the only feasible path forward is by way of a global resolution that accounts for the latent nature of the allegations and likelihood of future claims. Indeed, the PSC members actively participated in the recent *LTL* bankruptcy case, wherein the need for a global resolution was extensively addressed, and the terms of an equitable resolutions were extensively vetted. Although the *LTL* case was dismissed as premature, in its dismissal decision the Bankruptcy Court explicitly acknowledged the merits of, and encouraged the parties to pursue the proposed resolution:

            Rather, the Court **urges** the parties to build upon the **remarkable progress** that has been achieved in the past 120 days in reaching a ***viable global*** settlement. The foundation for a

Honorable Michael A. Shipp          -2-          September 10, 2023

> *fair, efficient, and expeditious settlement* has been laid by the dogged efforts of the AHC, Debtor and other parties. While the Court is obliged to dismiss this case, the parties should—and *are strongly encouraged* to—continue to pursue a global resolution.

*In re LTL Mgmt., LLC*, 652 B.R. 433, ___.  The Court also recognized that, in view of its merits, the proposed resolution was supported by the counsel for the vast majority of the claimants, totaling almost 60 thousand.  *Id.*  Unfortunately, lawyers representing a small minority of claimants—including Ms. O'Dell and Ms. Parfit—publicly opposed the proposed settlement terms.

As the Court urged, Defendants are actively moving forward with resolution discussions with the firms and lawyers that supported the proposed resolution.  The PSC is undoubtedly aware of this, as their members frequently communicate with Mikal Watts, who leads the group of firms spearheading resolution of these claims.  Moreover, MDL leadership regularly discusses settlement-related issues directly with Defendants' resolution counsel, and have done so as recently as this past week—a fact they represented to the Court during Wednesday's hearing.

Given the complexity and several year history of the settlement efforts here, we believe that the individual settlement-specific meetings requested by Ms. O'Dell and Ms. Parfit would not be helpful in reaching resolution.  Of course, if the Court would like to learn of the resolution efforts that began with MDL leadership in early 2020, Defendants are happy to take part in that discussion along with Plaintiffs' leadership and/or the lawyers moving forward with the previously announced settlement proposal.  Defendants remain interested in—and are in fact actively pursuing—the previously announced multi-billion dollar resolution of their talc liabilities, and welcome any discussion the Court believes would be helpful in that regard.

Finally, as mentioned at Wednesday's conference, Defendants would be happy to have these discussions through Special Master Schneider and/or through mediator Gary Russo.  Judge Schneider and Mr. Russo's long background assisting the parties in settlement negotiations in this matter would undoubtedly continue to be beneficial, and at the same time the Parties would avoid burdening the Court with separate meetings to hear each various individuals' perspectives, which we believe would be taking a step backward rather than forward.

And with regard to burden, Your Honor has a hefty list of substantive issues to address, a burden which has grown significantly heavier in light of the PSC refusal to consent to Judge Wolfson's involvement in the many 702 issues, a refusal to consent which we do not believe is based in the law or the facts given the timing of her association with the Lowenstein firm, and the narrow scope of the Lowenstein firm's role.

Thank you for your continued consideration of these matters.

                 Respectfully submitted,

                 Susan M. Sharko

Honorable Michael A. Shipp     -3-     September 10, 2023

SMS
cc: All counsel via ECF

US.359406949.01