

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

September 11, 2023

**VIA - ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
404 East State Street
Trenton, NJ 08608

      Re:    Johnson & Johnson Talcum Power Products, Marketing, Sales Practices and Products liability Litigation
              Case No.: 3:16-md-02738-MAS-RLS

Dear Judge Shipp:

We write in response to the PSC letter of September 8, 2023, with regard to the proposed appointment of Hon. Freda L. Wolfson (ret.) as a special master to deal with R. 702 issues. The PSC declined early in the day on the 8th to proceed with a joint submission as directed and we believe that a response to the letter is required.

Judge Wolfson is and always has been a person of unimpeachable ethics. The fact that she joined the Lowenstein firm after retirement from the bench just months before the LTL bankruptcy was terminated does not present a conflict in our view. In particular, we disagree with the opinion submitted by Professor Lynn Baker, the Frederick M. Baron Professor of Law at the University of Texas.[1]

Since joining Lowenstein, based on discussions with our counsel at Lowenstein, Judge Wolfson has been fully walled off from any work on the LTL matter. Further, so the court is aware, Lowenstein served as LTL's local

---

[1] Frederick M. Baron was a very prominent Texas plaintiffs' asbestos lawyer. His firm's memo on how to coach plaintiffs on product identification testimony achieved some renown in the late 1990s. Baron &amp; Budd asbestos memo (en-academic.com)

Honorable Michael A. Shipp        -2-        September 11, 2023

bankruptcy counsel in the LTL matter. The firm was not involved in any way with the preparation or presentation of evidence concerning any merits issues related to the health or safety of talc generally or the history of Johnson & Johnson and/or LTL's manufacture or sale of talc-based products specifically, all of which was handled by special counsel in the matter. Similarly, the firm has never been involved in the defense of the underlying product liability talc cases in any forum.

While of course it is ultimately this Court's decision, we remain of the belief that there is no conflict and that Judge Wolfson is best suited to move this litigation forward expeditiously – she has deep knowledge, she presided over the week long R. 702 hearing on general causation and indeed it was the application of her 141 page opinion that was the focus of much of the case management conference last week. Importantly, direct to Ms. O'Dell's comments about the need to move this litigation expeditiously to trial, using Judge Wolfson on the key R. 702 issues will achieve that goal and avoid the long delay it will take any judicial officer to get up to speed on the issues.

Thank you for your continued consideration of these matters.

Respectfully submitted,

Susan M. Sharko

SMS
cc: All counsel via ECF

US.359442402.01