

faegredrinker.com

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct

**Faegre Drinker Biddle & Reath** LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

September 12, 2023

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S.Courthouse
402 East State Street
Trenton, NJ 08608

Hon. Rukhsanah L. Singh, U.S. Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and
       Products Liability Litigation*
       **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

What follows is the defense submission on motions as directed by the Court.
Unfortunately, the parties could not agree on the contents of the submission, with
Plaintiffs specifically objecting to the inclusion of Point C below, and so we write
separately.

**A.  Pending Non-Dispositive Motions**

The Defendants are not presently aware of such motions other than may have been filed
during the pendency of the bankruptcy proceedings.   The Defendants suggest that all
pending non-dispositive motions should be terminated administratively and then refiled
as appropriate.

**B.  Pending Dispositive Motions**

**  1.  The JNJ Defendants' Motions:**

These motions are pending filed as Documents 22865 and 23977 as an omnibus motion
and should be adjudicated by the Court:

- Carol Williams, 3:19-cv-18778 (New York statute of limitations)
- Linda Hill, 3:18-cv-08344 (Virginia statute of limitations)

Honorable Michael A. Shipp,                  - 2 -                    September 12, 2023
U.S.D.J.
Honorable Rukhsanah L.
Singh, U.S.M.J.


- Michael Scroggins o/b/o Bertha M. Walton, 3:18-cv-12766 (product usage)

To the extent the case law in the motions needs to be updated, the parties have agreed to this schedule for submission of any new relevant case law:

- September 22 – Defendants
- October 13 – Plaintiffs' opposition
- October 20 – Defendants' replies

The motion filed in Landreth (3:17-cv-11788) which was part of the omnibus motion is withdrawn without prejudice and may be terminated on the docket.

## 2.  The PTI Royston LLC ("Royston") and PTI Union, LLC ("Union") Motions

As to the Defendants PTI Royston LLC ("Royston") and PTI Union, LLC ("Union"), the following Motions to Dismiss remaining pending.  PTI Royston LLC's Motion to Dismiss are for Lack of Personal Jurisdiction and PTI Union's Motions to Dismiss are for Failure to State a Claim.  Plaintiffs and Defendants agree that these Motions have been fully briefed and acknowledge that in certain circumstances no opposition to the motions were submitted.

- Boland, Nicholet, et al., 3:21-cv-13450, DNJ ECF 040 and DNJ ECF 04
- Boyd, Dawn, et al., 3:21-cv-13443, DNJ ECF 034 and DNJ ECF 035
- Clark, Tamika, et al., 3:21-cv-11876, DNJ ECF 00
- Collins, Dolores, et al., 3-21-cv-13341, DNJ ECF 040 and DNJ ECF 041
- Creal, Julie, et al., 3-21-cv-13439, DNJ ECF 041 and DNJ ECF 042
- Davis, Danny, et al., 3:21-cv-11878, DNJ ECF 05
- Hall, Donna, et al., 3-21-cv-11880, DNJ ECF 06
- Haluzak, Susan, et al. 3-21-cv-11874, DNJ ECF 05
- Steven, Janelle, et al., 3:21-cv-14150, DNJ ECF 03
- Tollis, Janene, et. al, 3:21-cv-11884, DNJ ECF 05
- Vanness, David, et al., 3:21-cv-11885, DNJ ECF 06
- Wellman, Archie, et. al., 3:21-cv-11888, DNJ ECF 05
- Wynn, Debbie, et. al., 3:21-cv-11882, DNJ ECF 05
- Feher, Barbara, et al., 3:21-cv-13451, DNJ ECF 042 and DNJ ECF 043
- Hinton, Barbara, 3:18-cv-17105, DNJ ECF 74 and DNJ ECF 71
- Mahone, Harriet, 3:21-cv-12944, DNJ ECF 029 and DNJ ECF 030
- Nash, Kimberly, et al., 3:21-cv-13447, DNJ ECF 037 and DNJ ECF 038
- Seyller, Suza, et al., 3:21-cv-13445, DNJ ECF 039 and DNJ ECF 040
- Bennett, Christina, et. al., 3:21-cv-13454, DNJ ECF 038 and DNJ ECF 039

Honorable Michael A. Shipp,      - 3 -      September 12, 2023
U.S.D.J.
Honorable Rukhsanah L.
Singh, U.S.M.J.

### C.  Plan for Motions Going Forward

As the Court heard at the recent status conference, the parties differ substantially as regards settlement valuation for this litigation, with Ms. Parfit emphasizing the number of potential cases, many thousands of which are just now being filed after the 8.9 billion dollar settlement offer was announced.  A review of these new complaints, and many of the other ones, suggests that the cases are likely to lack merit due to the inability to prove the threshold facts – product usage and diagnosis – or because the filing was not timely.  These are just some of the reasons that Defendants question the merit, viability and, thus, the value of broad swaths of the MDL cases.  Resolving these issues may be the most efficient way to move the parties closer to a global settlement.

**First**, the Court should consider ways to address statute of limitations issues on an MDL-wide basis.  The magnitude of the problem is staggering:

- By Defendants' count there are 15,467 cases in this MDL – over 43% of pending cases – in which the plaintiff/decedent was diagnosed with ovarian cancer more than **seven years** before the complaint was filed.  That number is a moving target, as many new cases are being filed daily.

- Of 9,482 cases in which a decedent's date of death is currently known, 5,533 of those cases – over 58% - involve a death that occurred more than two years before the complaint was filed.

- In 3,066 cases – almost a third of all cases for which the date of death is known – the decedent passed away more than five years before the complaint was filed.

To put it mildly, there is reason to suspect that many of these cases face intractable statute of limitations issues and therefore have no value.  Yet, as suggested by the back-of-the-envelope math the PSC shared at the recent status conference, the PSC apparently treats these cases no differently from  other cases for settlement purposes.  Defendants propose a multifactorial approach for testing the viability of these cases.

As Defendants noted at the status conference, cases from Louisiana, Tennessee, and Kentucky – each of which have a one-year statute of limitations – represent a good starting point.  By Defendants' count, over 90% of cases that are governed by the laws of those three states – about 3,000 cases in total – were filed more than a year after the date of diagnosis. The Defendants urge the Court to set a briefing schedule and hearing

Honorable Michael A. Shipp,                    - 4 -                    September 12, 2023
U.S.D.J.
Honorable Rukhsanah L.
Singh, U.S.M.J.

date for motions to address representative cases from Louisiana, Tennessee and Kentucky as well; this will be administratively easier than attempting to address all 3,000 cases at once, but the Court's orders on those cases will be instructive to the parties as to the remaining cases (much like bellwether trials may be instructive as to case value). Additional states can be addressed thereafter.

As a second element, Defendants urge the Court to enter a case management order addressing cases as to which the plaintiff/decedent was diagnosed more than two years before the complaint was filed, taking into account the bankruptcy stay (October 14, 2021–September 8, 2023) where appropriate.  A proposed form of Order is attached as **Exhibit A**.  The plaintiff/decedent's date of diagnosis is required as part of the short form complaint, so this information is readily available to the Court and to the parties.  As to these plaintiffs, Defendants urge the Court to issue an order to show cause as to why the claims are not barred by the applicable statute of limitations and/or statute of repose. Defendants have previously suggested such an order to the PSC, which rejected the proposal out of hand.  However, each of these plaintiffs will eventually need to show that their claims are timely; by requiring the information now rather than later, the Court can give the parties some certainty and greatly streamline the litigation and save the parties time and effort.  If the plaintiffs have a good argument as to the timeliness of their claims, then Defendants can adjust their view of the MDL; if not, then the plaintiffs can adjust their view.  Even if the process does not help the parties see eye to eye, it will facilitate motion practice so the Court can decide the dispute and give the parties certainty.

**<u>Second</u>**, Defendants urge the Court to enter an order requiring proof of product usage. Every plaintiff in this litigation will eventually need to produce such proof, whether in the context of dispositive motions/trial or as part of a settlement.  Yet many plaintiffs will not be able to meet that standard; as the PSC acknowledged at the recent status conference, few – if any – of the plaintiffs in this litigation will have receipts or product packaging demonstrating their use of the products at issue.  And the problem is likely to grow even more severe as settlement becomes increasingly realistic; in the wake of Defendants' unprecedented $8.9 billion offer presented through the bankruptcy system, the MDL is ballooning with new plaintiffs now flocking to the MDL in hopes of being included.  Further, it is highly unlikely given the passage of time that medical records and pathology samples will still be in existence for many of these plaintiffs.  A proposed form of Order is attached as **Exhibit B**.

It is neither controversial nor unusual for MDL courts to require plaintiffs to produce proof of product usage.  In the *In re Benicar (Olmesartan) MDL* litigation, for example, Hon. Robert B. Kugler required plaintiffs who chose not to participate in the Olmesartan Products Resolution Program to produce pharmacy records that would establish use of the products at issue.  Case Management Order No. 34, *In re Benicar (Olmesartan)*

Honorable Michael A. Shipp,                    - 5 -                    September 12, 2023
U.S.D.J.
Honorable Rukhsanah L.
Singh, U.S.M.J.

*Prods. Liab. Litig.*, No. 1:15-md-02606, at 1 (D.N.J. Aug. 1, 2017), available at https://www.njd.uscourts.gov/sites/njd/files/Order1140.pdf; *see also* Case Management Order No. 8, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. 2:14-md-02592, at Exhibit A pp. 2-3 (E.D. La. Mar. 7, 2019)(Hon. Eldon E. Fallon), available at https://www.laed.uscourts.gov/sites/default/files/xarelto/CMO8.pdf (requiring information and documentation concerning product usage).  Such orders are often entered after an MDL has been resolved, but that is not always the case; they are sometimes entered early in a litigation to identify cases that will never be viable.  *See, e.g.*, Case Management Order No. 4, *In re Cook Medical, Inc. IVC Filters Mktg., Sales Practs. and Prods. Liab. Litig.*, No. 1:14-md-2570, at Exhibit 1 pp. 1-2 (S.D. Ind. Apr. 17, 2015), available at https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Case%20Mgmt%20Order%204.pdf (requiring information and documentation concerning product usage); Amended Case Management Order No. 9, *In re DePuy Orthopaedics, Inc., ASR™ Hip Implant Prods. Liab. Litig.*, No. 1:10-md-02197, at Exhibit A p. 3 (N.D. Ohio Sept. 26, 2011), available at https://www.ohnd.uscourts.gov/sites/ohnd/files/MDL2197-amended-CMO-no-9.pdf (same).

Nor are such orders limited to prescription medical products cases.  Hon. Claire C. Cecchi, as part of the Plaintiff Fact Sheet in *In re Proton-Pump Inhibitor Prods. Liab. Litig.*, ordered all plaintiffs who claimed to have used over-the-counter proton-pump inhibitors ("PPIs") to produce "a medical record or other record, a receipt or receipts, packaging or other proof of purchase confirming the PPI, and that you purchased that PPI."  Case Management Order No. 9, *In re Proton-Pump Inhibitor Prods. Liab. Litig.*, No. 1:17-md-2789, at Exhibit A Sections VIII (D.N.J. Feb. 5, 2018), available at https://www.njd.uscourts.gov/sites/njd/files/CaseManagementOrderNo9_0.pdf.

By similarly requiring proof of product usage at this juncture, the Court can help the parties identify cases that will never be able to satisfy their burden and therefore should not be considered in settlement discussions nor clog the docket of the Court.  This will obviously help facilitate resolution of the MDL.  The docket has ballooned since the announcement of an offer to resolve the litigation for 8.9 billion dollars; the odds that there is credible evidence of product usage in each of the thousands of cases that have been filed since the announcement of the settlement offer are low.  Yet, again, the PSC rejected such an order out of hand when Defendants suggested it earlier this year.  Defendants' proposed order is submitted with this letter for the Court's consideration.

The proposed orders, which were shared with the PSC on August 15, will frontload production of the minimal evidence necessary to pursue a case and help clear the docket of improvidently filed cases.  By doing so, it will also help facilitate settlement discussions.

Honorable Michael A. Shipp,                     - 6 -                     September 12, 2023
U.S.D.J.
Honorable Rukhsanah L.
Singh, U.S.M.J.


Thank you for your continued consideration of these matters.

Respectfully,

*Susan Sharko*

Susan M. Sharko for Defendants


*Caroline Tinsley*

Caroline M. Tinsley for Defendants
PTI Royston, LLC and PTI Union, LLC


SMS/emf

cc:     Hon. Joel Schneider, U.S.M.J. (ret.) (via email)
        The Plaintiffs' Steering Committee (via email)
        All Counsel (via ECF)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE: JOHNSON & JOHNSON            )
TALCUM POWDER PRODUCTS              )
MARKETING, SALES PRACTICES AND  )      MDL Docket No. 2738
PRODUCTS LIABILITY LITIGATION      )

### CASE MANAGEMENT ORDER ____ - ORDER TO SHOW CAUSE REGARDING STATUTE OF LIMITATIONS AND STATUTE OF REPOSE

This matter having come before the Court upon the application of Defendants,  and the Court having reviewed the matter and for good cause shown,

IT IS ON THIS _____ day of _____, 2023,

**ORDERED THAT**:

1.     This Order shall apply to all cases filed more than two years after the date of diagnosis listed in the complaint taking into account the stay of the litigation as to defendant Johnson & Johnson  from  October 14, 2021, at which time LTL Management LLC filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina to September 8, 2023.

2.     The plaintiffs in such cases are hereby **ORDERED TO SHOW CAUSE within sixty (60) days of the date of this Order**  why their claims are not barred by the applicable statute of limitations and/or statute of repose.  Responses to this Order to show cause shall include (1) the date on which the alleged injury was first discovered, (2) the manner in which the alleged injury was first discovered, (3) which state's substantive law allegedly governs Plaintiff's claim, (4) a brief explanation of why Plaintiff does not believe the case is barred by the applicable statute of limitations and/or statute of repose, and (5)

if Plaintiff argues that the statute of limitations and/or statute of repose is tolled or that Plaintiff is entitled to application of a discovery rule, a discussion of the facts on which that argument is based.

3.      At any time after the deadline set forth in Paragraph 3 expires, Defendants may file and serve a motion of no more than three (3) pages, referring to this Order and briefly stating why that Plaintiff's case should be dismissed.   The motion procedure described in this Order is intended as a vehicle by which to challenge the timeliness of a Plaintiff's complaint at an early juncture in the case, presumably well before discovery has been completed.  As such, filing a motion pursuant to this Order as described above shall not limit or otherwise prejudice Defendants' right to assert arguments regarding the statute of limitations and/or statute of repose through other procedural vehicles, including but not limited to a motion for summary judgment.

4.      Each Plaintiff whose counsel receives a motion as described in Paragraph 4 above shall have **fifteen (15) days** in which to respond.  Plaintiffs may respond in one of three ways:

a.      A Plaintiff may file and serve a notice of voluntary dismissal with prejudice.;

b.      A Plaintiff may file and serve a response of no more than three (3) pages, demonstrating why Plaintiff's claim should not be dismissed.   Such response should set forth specific facts and/or law sufficient to establish that the case is not barred by the applicable statute of limitations and/or statute of repose.

c.      A Plaintiff may file and serve an affidavit or declaration of no more than three (3) pages, attesting or declaring as to why Plaintiff cannot present facts essential to justify his or her opposition. Affidavits or declarations submitted

pursuant to this provision shall set forth (1) the facts necessary to oppose the motion that are unavailable, (2) how those facts could demonstrate the impropriety of granting the motion, (3) why those facts cannot be presented without additional time, (4) what would be necessary to obtain those facts, and (5) how additional time would allow for rebuttal of Defendants' argument(s).

5.      Defendants may file and serve a reply of no more than three (3) pages within **fifteen (15) days** after a Plaintiff files and serves a response as described in Paragraph 5 above.

6.      In the event that a Plaintiff fails to file and serve a response to a motion within the deadline set forth in Paragraph 5 above, Defendants may file and serve a proposed Order of dismissal with prejudice no sooner than **20 days** after filing and service of the motion.


_____
THE HONORABLE MICHAEL A. SHIPP

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE: JOHNSON & JOHNSON          )
TALCUM POWDER PRODUCTS            )
MARKETING, SALES PRACTICES AND  )       MDL Docket No. 2738
PRODUCTS LIABILITY LITIGATION     )

**CASE MANAGEMENT ORDER _____  -  PRODUCT USE AND MEDICAL EVALUATION, DIAGNOSIS, AND TREATMENT IN CASES WHERE THE ORIGINAL DIAGNOSIS WAS MORE THAN TEN YEARS BEFORE THE FILING OF THE COMPLAINT**

This matter having come before the Court upon the application of Defendants, and the Court having reviewed the matter, and for good cause shown,

IT IS ON THIS _____ day of _____, 2023,

**ORDERED THAT**:

1.      This Order shall apply to all actions currently pending in this MDL where the date of diagnosis as pled in the Short Form Complaint was more than ten years before the filing of the Complaint.

2.      In each case where the date of diagnosis as pled in the Short Form Complaint was more than ten years before the filing of the Complaint, each such Plaintiff shall within 60 days of the date of this Order produce copies or photographs of receipts, product packaging, or other documentation or physical evidence demonstrating use of the Defendants' product.

       a.      By producing copies or photographs of receipts, product packaging, or other documentation or physical evidence, a Plaintiff warrants that the photograph depicts receipts, product packaging, or other documentation or physical evidence specific to Plaintiff's use of the product.  For example, if an

allegedly injured person used a product but discarded the packaging, a Plaintiff may not satisfy this Order by producing a photograph of a package that was never in the allegedly injured person's possession even if it is identical to the package that allegedly was used by the allegedly injured person.

      b.     If receipts, product packaging, or other documentation or physical evidence is unavailable, Plaintiffs shall produce affidavits or declarations by a person with personal knowledge who can attest to the use of the specific product(s) at issue by the allegedly injured person (Plaintiff or Plaintiff's decedent). Affidavits or declarations produced in response to this Order shall specify (1) the reason(s) why documentation or physical evidence of product use is unavailable (for example, that all such documentation or physical evidence has been discarded), (2) the specific product(s) that the allegedly injured person used, (3) how and when the product was used; (4) the date(s) on which the allegedly injured person used each such product, and (5) how the affiant or declarant knows that the allegedly injured person used each specific product.

3.     In each case where the date of diagnosis as pled in the Short Form Complaint was more than ten years before the filing of the Complaint, each such Plaintiff shall within 60 days of the date of this Order produce copies of all medical records, billing records, and radiological films that contemporaneously document the diagnosis pled in the Short Form Complaint and  treatment of injuries, diseases, or conditions that Plaintiff alleges were caused by the product(s) at issue and advise whether pathology samples still exist;

4.     At any time after the deadlines set forth in Paragraphs 2 and 3 expire, Defendants may file and serve a motion of no more than three (3) pages, referring to this

Order and briefly stating why that Plaintiff's case should be dismissed due to Plaintiff's inability to establish product usage or to produce contemporaneous medical records showing the diagnosis and treatment.

      a.    The motion procedure described in this Order is intended as a vehicle by which to screen cases at an early juncture in the case, presumably well before discovery has been completed.  As such, filing a motion pursuant to this Order as described above shall not limit or otherwise prejudice Defendants' right to assert an argument that the Plaintiff cannot prove product usage and/or diagnosis through other procedural vehicles, including but not limited to a motion for summary judgment.

      5.    Each Plaintiff whose counsel receives a motion as described in Paragraph 4 above shall have **fifteen (15) days** in which to respond.  Plaintiffs may respond in one of three ways:

      a.    A Plaintiff may file and serve a notice of voluntary dismissal with prejudice, with each party to bear its own costs and attorney's fees;

      b.    A Plaintiff may file and serve a response of no more than three (3) pages, demonstrating why Plaintiff's claim should not be dismissed; or

      c.    A Plaintiff may file and serve an affidavit or declaration of no more than three (3) pages, attesting or declaring as to why Plaintiff cannot present facts essential to justify his or her opposition. Affidavits or declarations submitted pursuant to this provision shall set forth (1) the facts necessary to oppose the motion that are unavailable, (2) how those facts could demonstrate the impropriety of granting the motion, (3) why those facts cannot be presented without additional

time, (4) what would be necessary to obtain those facts, and (5) how additional time would allow for rebuttal of Defendants' argument(s).

6.      Defendants may file and serve a reply of no more than three (3) pages within **fifteen (15) days** after a Plaintiff files and serves a response as described in Paragraph 5 above.

7.      In the event that a Plaintiff fails to file and serve a response to a motion within the deadline set forth in Paragraph 5 above, Defendants may file and serve a proposed Order of dismissal with prejudice no sooner than **20 days** after filing and service of the motion.


_____
THE HONORABLE MICHAEL A. SHIPP