# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) )   MDL Docket No. 2738 ) ) ) |

**DEFENDANT JOHNSON & JOHNSON'S OPPOSITION TO PLAINTIFFS' MOTION TO SEAL ACCOMPANYING EXHIBIT A TO PLAINTIFFS' STEERING COMMITTEE'S LETTER TO JUDGE MICHAEL A. SHIPP AND JUDGE RUKHSANAH L. SINGH**

**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

*Attorneys for Defendant Johnson & Johnson*

# TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................................1

CONCLUSION .........................................................................................................4

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc.*,
    No. CIV. 14-4727 ...................................................................................................1

*In re Cendant Corp.*,
    260 F.3d 183 (3d Cir. 2001)....................................................................................1

*Cipollone v. Liggett Group, Inc.*,
    785 F.2d 1108 (3d Cir. 1986)..................................................................................1

*Hart v. Tannery*,
    461 F. App'x 79 (3d Cir. 2012)...............................................................................1

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3d Cir. 1995)......................................................................................1

Defendant Johnson & Johnson ("J&J") opposes the Plaintiffs' Motion to Seal the report of Professor Lynn Baker ("the Motion," Dkt. 28031). Plaintiffs have not made and cannot make the requisite showing necessary to seal the document in question. J&J therefore respectfully requests that the Court deny the Motion.

## ARGUMENT

"There is a presumption of access to judicial records." *Hart v. Tannery*, 461 F. App'x 79, 81 (3d Cir. 2012) (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). "[W]hile litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings." *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc.*, No. CIV. 14-4727 NLH/KMW, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1995)). "In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate 'good cause' by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy*, 23 F.3d at 786). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing." *Pansy*, 23 F.3d at 786 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also In re Cendant Corp.*, 260 F.3d at 194.

Nothing in the PSC's 17-line motion (Dkt. 28031) or 11-line certification (Dkt. 28033) comes close to meeting this standard. The only justification they provide for sealing Professor Baker's analysis is that it "states sensitive information . . . that the PSC believes should be under seal." (Dkt. 28031 at 1.) This is merely an expression of subjective desire by the PSC, not a "broad allegation[] of harm, unsubstantiated by specific examples or articulated reasoning," let alone a "clearly defined and serious injury." For these reasons alone, the motion to seal should be denied.

Moreover, the PSC's claim that "the matters presented in the Declaration arise out of specific facts involving this case alone" such that "there is no public interest for having access to this information" is patently inaccurate. This Court instructed the parties to present their positions on whether conflicts of interest prevent the appointment of Hon. Freda L. Wolfson, U.S.D.J. (ret.), a former Chief Judge of this Court, from serving as a special master to address expert admissibility issues. (Dkt. 27574 at 1.)

The PSC has previously described Judge Wolfson's extensive work on these key scientific and evidentiary issues as "masterful." Transcript of Case Management Conference 9/6/23 at 12:9. As the Court accurately observed, Judge Wolfson is "fully familiar" with the issues. *Id. at* 22:18. Judge Wolfson is a logical person to hear the issues and prepare a report and recommendation to Judge Shipp, something which will expedite the litigation. The PSC has frequently spoken of their

2

responsibility to the over 30,000 plaintiffs to move the litigation quickly. The basis for their opposition to an appointment which could help achieve this goal is clearly a matter of public interest.

According to the PSC's Motion, "Professor Baker is an expert in legal ethics" and "[t]he Declaration contains Professor Baker's analysis of the potential appointment of [Judge Wolfson]." (Dkt. 28031 at 1.) It is difficult to understand why the PSC felt the need to engage an "expert in legal ethics" if it felt that Judge Wolfson's potential appointment presented well-worn legal issues that have already been addressed elsewhere and are of no interest to other litigants who might face this issue in the future. If the PSC felt the need to retain an expert to address this issue, it stands to reason that the issues involved here are not so dull or straightforward as to negate the policy rationale behind the public's right to obtain information about judicial proceedings. On the contrary, the considerations involved in appointing a retired District Court judge as a special master to address issues over which she previously presided are clearly of interest not only to other litigants but to current judges, legal commentators, professors (like Professor Baker), and the public at large. For all of these reasons, the motion to seal should be denied.

3

## **CONCLUSION**

Plaintiffs have fallen well short of meeting their burden on the Motion to Seal. J&J respectfully requests that the Court deny the Motion (Dkt. 28031).

Dated: September 20, 2023        Respectfully Submitted,

*s/Susan M. Sharko*
Susan M. Sharko
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
E-mail:  susan.sharko@faegredrinker.com

*Attorneys for Defendant Johnson & Johnson*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko