# EXHIBIT 2

**FILED**
June 1, 2023
ANA C. VISCOMI, J.S.C.

John C. Garde, Esq. – Attorney ID# 014171986
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Defendants Kenvue Inc., Janssen Pharmaceuticals, Inc., and Johnson & Johnson Holdco (NA) Inc.*

| | |
|---|---|
| WALTER PRESSLER et al. *(MID-L-001944-23)* <br> JUSTIN BERGERON et al. *(MID-L-002089-23)* <br> MABLE DUMAS et al. *(MID-L-002090-23)* <br> GEORGES EL-RAMADI et al. *(MID-L-002092-23)* <br> LUCILA CRUZ et al. *(MID-L-002093-23)* <br> GEORGE BOYLE *(MID-L-002094-23)* <br> SUSAN DROLET *(MID-L-002095-23)* <br> MARISA MAGEE *(MID-L-002268-23)* <br><br>                   Plaintiffs, <br> v. <br><br> KENVUE INC., et al. <br><br>                   Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: <br> MIDDLESEX COUNTY <br><br> Docket Nos. <br> MID-L-001944-23 <br> MID-L-002089-23 <br> MID-L-002090-23 <br> MID-L-002092-23 <br> MID-L-002093-23 <br> MID-L-002094-23 <br> MID-L-002095-23 <br> MID-L-002268-23 <br><br> CIVIL ACTION <br> ASBESTOS LITIGATION <br><br> **ORDER** |

THIS MATTER having come before the Court on the Defendants Kenvue Inc., Janssen Pharmaceuticals, Inc., and Johnson & Johnson Holdco (NA) Inc.'s Motion to Dismiss and the Court having reviewed the moving and opposition papers, if any, and for good cause shown:

IT IS ON THIS  1st  DAY OF    June         , 2023,

ORDERED, that the Defendants Kenvue Inc., Janssen Pharmaceuticals, Inc., and Johnson & Johnson Holdco (NA) Inc.'s Motion to Dismiss be ~~granted;~~ **DENIED**

~~AND IT IS FURTHER ORDERED, that Defendants Kenvue Inc., Janssen Pharmaceuticals, Inc., and Johnson & Johnson Holdco (NA) Inc. shall be awarded the fees and~~

~~expenses incurred in preparing this motion. Defendants shall submit a bill of costs within thirty (30) days~~. **DENIED**

AND IT IS FURTHER ORDERED, that a copy of the within Order shall be served on all Parties by uploading to eCourts.

                                                                        _/s/ Ana C. Viscomi_
                                                                Honorable Ana C. Viscomi, J.S.C.

_X_ Opposed

___ Unopposed

**For reasons set forth on the record on May 24, 2023, as further supplemented in the attached Statement of Reasons.**

## STATEMENT OF REASONS

In moving to dismiss pursuant to R.4:6-2(e), defendants assert plaintiffs are attempting to circumvent the automatic bankruptcy stay which prevents any lawsuits from being filed against LTL. The court determined plaintiffs have made a prima facia showing, according to all reasonable inferences asserted as to these defendants in the complaint and referenced filings, to deny the within motions.

In defendants' motion, they discuss the 3d Circuit ruling [1] under Texas law, of the 2021 corporate restructuring, but what is at issue herein is the re-structuring that occurred after the 3d Circuit decision reversing the bankruptcy court approval of the LTL bankruptcy. Defendants indicate in their motion that they have "presumed for the purposes of this motion only" that New Jersey law applies with regard to successor liability. (Plaintiff Boyle is a resident in New Jersey; Pressler (Indiana); Bergeron (Louisiana), Dumas (Texas); El-Ramadi (Pennsylvania); Drolet (Maine); and Magee (Florida). It isn't until the reply brief that they assert Texas law should apply. That argument should have been made in their moving brief.

Plaintiffs point out, however; that these defendants, Kenvue, Janssen, and J&J Holdco (NA) – are all New Jersey companies, and that defendants have conceded that New Jersey law applies pursuant to In Re Accutane Litigation 234 NJ 22 (2018).[2] To be clear, this has nothing to do with LTL but all to do with the presently operating restructured companies, all of which are New Jersey corporations.

Plaintiffs argue that successor liability applies under Ramirez through the mere continuation and/or product line exceptions.

As indicated during the ruling on the record, the court is guided by Printing Mart v. Sharps Electronics, 116 NJ 739 (1989). A full record must be developed based on appropriate discovery as to the successor liability issue.

---

[1] In Re: LTL Mgmt, 64F.4th 84 (3d Cir 2023)

[2] Plaintiffs assert that even if Texas Law applies, these entities would be responsible pursuant to Texas Bus. Orgs. Code Ann §10.008(a)(4).