

TRUE AND CERTIFIED COPY
Jaweia Campbell
12:01 pm, Sep 21 2023

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                  MDL No. 2738

**TRANSFER ORDER**

  **Before the Panel**:  Plaintiff in the *Corbett* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Corbett* to the District of New Jersey for inclusion in MDL No. 2738.  Defendant Walmart Inc. opposes the motion.

  In support of her motion to vacate, plaintiff argues that transfer is not warranted because, unlike most of the actions in the MDL, *Corbett* is a consumer class action against Walmart seeking economic damages relating to its sale of Johnson's Baby Powder.  From its outset, though, this MDL has encompassed consumer class claims alleging that defendants deceptively marketed Johnson & Johnson's talcum powder products for feminine hygienic use without disclosing talc's alleged carcinogenic properties.  *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016) (transferring, *inter alia*, two consumer class actions).  *See also In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1382 (J.P.M.L. 2019) ("The Panel often has recognized the efficiencies of centralizing economic loss class actions with personal injury actions, explaining that 'liability discovery in all the cases will certainly overlap,' and that, in our experience, the individual discovery required in personal injury actions is 'regularly and successfully coordinated' within MDLs involving both kinds of actions.") (citations omitted).

  That the claims in *Corbett* are directed against Walmart, not Johnson & Johnson, does not weigh against transfer in this instance.  Those claims are directed to Walmart's sale of Johnson & Johnson's talcum powder products.  Thus, common factual questions exist relating to the risk of cancer posed by talcum powder products, whether defendant knew or should have known of this alleged risk, and whether it provided adequate instructions or warnings with respect to the products.  Discovery pertaining to these issues likely will overlap significantly.  In any event, transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core.  *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016).

  Plaintiff additionally argues that transfer will cause her inconvenience and delay.  But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay.  *See In re*

- 2 -

*Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Further, "[i]t is incumbent upon the parties to bring their concerns to the attention of the transferee court and to propose ways to resolve them." *In re Walgreen's Herbal Supplements Mktg. & Sales Practices Litig.*, 109 F. Supp. 3d 1373, 1376 (J.P.M.L. 2015).

We are not persuaded that the procedural posture of the newly-filed *Corbett* vis-à-vis the more advanced MDL presents an obstacle to transfer. The adjudication of previous consumer class actions transferred to the MDL has not been impeded by the separate schedule for the personal injury actions. *Cf. In re Proton Pump Inhibitor Prods. Liab. Litig. (No. II)*, 261 F. Supp. 3d 1351, 1354–55 (J.P.M.L. 2017) (observing that the transferee court has discretion to employ separate litigation tracks or other appropriate pretrial management techniques to address unique issues or claims presented by individual cases). We acknowledge, however, that many of the consumer class actions previously transferred to MDL No. 2738 have been resolved, either through dismissal or remand orders. If the transferee court determines that the continued inclusion of plaintiff's action in the MDL is no longer warranted, it is free to suggest Section 1407 remand of the action, which can be accomplished with a minimum of delay. *See* Panel Rules. 10.1–10.3.

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods.*, 220 F. Supp. 3d at 1357. For the reasons stated, *Corbett*—which at its core involves allegations that Johnson & Johnson's talcum products can cause cancer—shares multiple questions of fact with the actions already in the MDL.

There is one final issue that merits discussion. Walmart asserts that plaintiff's claims, along with all talcum powder actions, have been stayed by the bankruptcy court overseeing the bankruptcy petition of a Johnson & Johnson subsidiary. *See In re LTL Management LLC v. Parties Listed on Appx. A to the Complaint*, Adv. Pro. No. 21-03032 (Bankr. W.D.N.C. Nov. 15, 2021), ECF No. 102.[1] As we have previously held, "[t]ransfer under § 1407 of an action containing claims against a defendant in bankruptcy has no effect on the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362). Claims that have been stayed in the transferor court remain stayed in the transferee court. The Panel . . . has never considered the pendency of such stayed claims to be an impediment to transfer of an action." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 421 n.6 (J.P.M.L. 1991). *See also In re Franklin Nat'l Bank Sec. Litig.*, 393 F. Supp. 1093, 1095–96 (J.P.M.L. 1975) ("We are simply indicating the place where the pretrial proceedings of these actions will occur. The question of the effect of the bankruptcy stay and any

---

[1] The bankruptcy proceeding subsequently was transferred to the District of New Jersey.

- 3 -

modification thereof is entirely a problem to be worked out by the transferee court, the bankruptcy court and the parties."). The bankruptcy proceeding is pending in the transferee district, which will facilitate any necessary coordination. And the parties to this matter have fully briefed the motion to vacate. Accordingly, we will not defer transfer of *Corbett*.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

**IN RE: JOHNSON & JOHNSON TALCUM POWDER**
**PRODUCTS MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2738

**SCHEDULE A**

<u>Western District of New York</u>

CORBETT v. WALMART INC., C.A. No. 1:21−00996