## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (MAS) (RLS) |

*This Document Relates to All Cases*

## REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE A SECOND AMENDED MASTER LONG FORM COMPLAINT

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES**.................................................................................ii

**I.    INTRODUCTION** ...................................................................................1

**II.   ARGUMENT** .........................................................................................2

   A.   Defendants Have Not Demonstrated Undue Prejudice...........................2

   B.   The PSC's Proposed Amendments Are Not Futile.................................4

      1.   The Amendments Proposed By The PSC Are Not Frivolous ...........6

      2.   The Facts Alleged In The Amended Complaint Are Legally Sufficient To Warrant Amendment.........................................................................10

   C.   Where the Defendant Cannot Show Prejudice, Arguments Of Delay, Bad Faith, and Dilatory Motives Have No Merit.................................................14

**III.  CONCLUSION** ....................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**Cases**

*Burt v. Key Trading LLC*,
  12-6333 (KM-SCM), 2014 WL 5437070 (D.N.J. Oct. 22, 2014) .........................5

*40 Eisenhower Drive, LLC v. Karoon Cap. Mkts., Inc.*,
  No. A-2620-12T4, 2014 WL 6977813 (App. Div. Dec. 11, 2014) ....................14

*Adams v. Gould Inc.*,
  739 F.2d 858 (3d Cir. 1984).......................................................................... 3, 14

*Arevalo v. Saginaw Mach. Sys., Inc.*,
  344 N.J. Super. 490 (App. Div. 2014) ..................................................... 9, 10, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................1

Bechtel v. Robinson,
  886 F.2d 644 (3d Cir. 1989)...............................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................1

*Berg Chilling Sys. v. Hull Corp.*,
  435 F.3d 455 (3d Cir. 2006) ...............................................................................8

*Bussell v. Dewalt Prods. Corp.*,
  259 N.J. Super. 499 (App. Div. 1992) ..............................................................12

*Colombo v. Bd. of Educ. For the Clifton Sch. Dist.*,
  No. 11-785, 2016 WL 6403081 (D.N.J. Oct. 27, 2016) ......................................6

Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,
  573 F.2d 820 (3d Cir. 1978)...............................................................................2

*Cort v. Ash*,
  422 U.S. 66 (1975) .............................................................................................8

*Coventry v. U.S. Steel Corp.*,
  856 F.2d 514 (3d Cir. 1988)...............................................................................4

*Cuffy v. Getty Ref. & Mktg. Co.*,
  648 F. Supp. 802 (D. Del. 1986) ........................................................................3

*Cureton v. NCAA*,
  252 F.3d 267 (3d Cir. 2001)......................................................................... 3, 15

*Dawejko v. Jorgensen Steel Co.*,
  434 A.2d 106 (Pa. 1981) ...................................................................................12

*Diaz v. Palakovich*,
  448 F. App'x 211 (3d Cir. 2011)........................................................................2

*Diversified Indus., Inc. v. Vinyl Trends, Inc.*,
   No. 13-6194 (JBS/JS), 2014 WL 1767471 n.1 (D.N.J. May 1, 2014)..................6

*First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*,
   462 U.S. 611 (1983) ..................................................................................8

*Forman Indus., Inc. v. Blake-Ward*, No. A-5,
   581-06T3, 2008 WL 4191155 (App. Div. Sept. 15, 2008) ...................................13

*Garcia v. Coe Mfg. Co.*,
   933 P.2d 243 (N.M. 1997)...........................................................................12

*Hall v. Armstrong Cork*,
   103 Wn. 2d 258 (Wa. 1984)........................................................................12

*Harrison Beverage Co. v. Dribeck Imps., Inc.*,
   133 F.R.D 43 (D.N.J. 1990) ..........................................................................5

*Harrison Beverage Co.*,
   133 F.R.D. ...............................................................................................15

Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.,
   663 F.2d 419 (3d Cir. 1981).........................................................................2

*In re Accutane Litig.*,
   235 N.J. 229 (2018)......................................................................... 8, 9, 10

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997).......................................................................5

*In re Fleming Cos., Inc.*,
   323 B.R. 144 (Bankr. D. Del. 2005) ..............................................................3

*In re LTL Mgmt.*,
   64 F.4th 84 (3d Cir. 2023).................................................................... 9, 11

*Lake v. Arnold*,
   232 F.3d 360 (3d Cir. 2000).........................................................................2

*Long v. Wilson*,
   393 F.3d 390 (3d Cir. 2004).........................................................................3

*Lorenz v. CSX Corp.*,
   1 F.3d 1406 (3d Cir. 1993).......................................................................3, 4

*M. Cohen & Sons, Inc. v. Platte River Ins. Co.*,
   No. 20-2149 (ZNQ) (RLS), 2023 WL 3736354 (D.N.J. May 30, 2023)...............5

*Marlowe Patent Holdings, LLC v. Dice Elecs., LLC*,
   293 F.R.D. 688 (D.N.J. 2013) ........................................................................5

*Nieves v. Bruno Sherman Corp.*,
   86 NJ. 361 (1981)................................................................................ 12, 13

*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*,
   106 F. Supp. 2d 761 (D.N.J. 2000) ................................................................5

*Printing Mart v. Sharps Electronics*,
   116 N.J. 739 (1989)...................................................................................7

*Ramirez v. Amsted Indus., Inc.*,
  86 N.J. 332 (1981) ............................................................................. 12
*Ray v. Alad Corp.*,
  19 Cal. 3d 22 (1977) .......................................................................... 12
*S.M. v. Freehold Reg'l High Sch. Dist. Bd. of Educ.*,
  No. 22-107 (FLW) (RLS), 2022 WL 4226354 (D.N.J. Sept. 13, 2022) ............... 4
*Selvaggi v. Point Pleasant Beach Borough*,
  2023 WL 3794884 (D.N.J. June 2, 2023) ............................................... 4
*Strategic Env't. Partners, LLC v. Bucco*,
  No. 13-5032 (CCC), 2014 WL 3817295 (D.N.J. Aug. 1, 2014) ...................... 6
*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ............................................................................ 7
*VantagePoint Venture Partners 1996 v. Examen, Inc.*,
  871 A.2d 1108 (Del. 2005) .................................................................. 7
*Whitecap Mktg., Inc. v. IMS Trading, Corp.*,
  No. A-3461-19, 2021 WL 6131988 (App. Div. Dec. 29, 2021) ..................... 14
*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) ................................................................ 5
*Woodrick v. Jack J. Burke Real Estate, Inc.*,
  306 N.J. Super. 61 (1997) .................................................................. 13

## Regulations

Tex. Bus. Orgs. Code. Ann. § 10.008(a)(4) ................................................. 9

## Rules

Fed. R. Civ. P. 15 ........................................................................... 1, 2, 5
Rule 15(a) ....................................................................................... 3

## Other Authorities

Restatement (Second) of Conflict of Laws § 302 ........................................ 7

## I.      INTRODUCTION

The Plaintiffs' Steering Committee's ("PSC") proposed Second Amended Master Long Form Complaint ("SAC") contains over 1,000 paragraphs of factual contentions, citations to supporting documents and information, scientific principles, causes of action, and allegations. The breadth and content of the PSC's proposed SAC easily meet the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in that the SAC does not simply plead conclusory claims, but it provides detailed legal and factual allegations regarding the claims at issue and the responsible defendants (including newly named defendants). This alone shows that the SAC is not frivolous and that permitting its filing would not be an exercise in futility.

Rather than contesting that Plaintiffs' Motion does not meet the requirements of Fed. R. Civ. P. 15, Defendants' Opposition reads more like a premature motion to dismiss.  While Defendants pay lip service to Rule 15 issues of timeliness, futility, and frivolity, they primarily focus their response on the new defendants the PSC seeks to add. With nearly 75% of their brief focusing on this issue, Defendants necessarily incorporate by reference their prior briefing and arguments relating to the portion of the SAC that seeks to add a cause of action for spoliation.[1] In other

---

[1] The current Motion updates the December 2020 motion to amend, which was derailed by the two bad-faith bankruptcy filings.  But for the bankruptcies, the first motion likely would have been allowed. There also would not have been a need

words, the central dispute here is whether the PSC should be permitted to add Kenvue, Inc., Johnson & Johnson Holdco (NA), Inc. ("Holdco"), and Janssen Pharmaceuticals, Inc. as new defendants.

The PSC incorporates by reference its prior briefing in support of the original Motion for Leave to Amend in addition to the briefing on the instant motion, and for the additional reasons set out below, the PSC's Motion to Amend should be granted.

## II.   ARGUMENT

Leave to amend should be freely granted and be denied only when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith[,] or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Diaz v. Palakovich*, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

### A. Defendants Have Not Demonstrated Undue Prejudice

Undue prejudice is the "touchstone for the denial of leave to amend." *See, e.g.*, *Heyl & Patterson Int'l*, *Inc. v. F. D. Rich Housing of Virgin Islands*, *Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (quoting *Cornell & Co.*, *Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). In the absence of undue

---

to add new defendants. Indeed, everything that has delayed this case and made it more complicated has been the product of Defendants' conduct. *See infra* discussion of Rule 15 standards relating to delay, futility, and prejudice.

or substantial prejudice, leave to amend should be granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  In other words, if Defendants cannot make a preliminary showing that allowing the amendment would cause "undue" prejudice, the Court may allow amendment without requiring that the movant explain the alleged delay or prove the amendment is not futile. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

Under Rule 15(a), undue prejudice focuses not on the weakening of the defendants' litigating position in the abstract, but on the practical "hardship to the defendants if the amendment were permitted." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). To show undue prejudice, the opposing party must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" if amendment is allowed. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). This inquiry requires the Court to consider "additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.  "The amount of prejudice needed to justify the denial of leave to amend is significant; it must be 'substantial or undue.'" *In re Fleming Cos., Inc.*, 323 B.R. 144, 148 (Bankr. D. Del. 2005) (quoting *Cureton*, 252 F.3d at 273).  On the other hand, mere "inconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice." *Id.* (citing *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802,

806 (D. Del. 1986)); *see also Selvaggi v. Point Pleasant Beach Borough*, 2023 WL 3794884, at *11-12 (D.N.J. June 2, 2023) (granting motion to amend where defendants would suffer nothing more than minor inconvenience).

Defendants have offered no argument as to the undue prejudice they would suffer, nor can they.  The PSC's proposed amendments relate to the same subject matter that has been at issue in this case since inception, namely, the propensity of Defendants' talcum powder products to cause ovarian cancer.  "[I]f a party has notice of potential claims sought to be added and the new claim relates to 'the same subject matter as an issue already in the case,' then the Third Circuit has found that amendment would not be unduly prejudicial." S.M. v. Freehold Reg'l High Sch. Dist. Bd. of Educ., No. 22-107 (FLW) (RLS), 2022 WL 4226354, at *2 (D.N.J. Sept. 13, 2022) (quoting *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3d Cir. 1988)).

Absent substantial or undue prejudice, a denial "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, at 1414.  None of this is present here.

### B.  The PSC's Proposed Amendments Are Not Futile

Defendants' opposition largely focuses on the merits of Plaintiffs' successor liability arguments as to the newly added J&J Defendants. Defendants' futility arguments are misplaced and undermine proper procedure for this stage of litigation.

4

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Rule 15 futility does not contemplate substantive motion practice on the merits of the claims asserted. *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D 43, 46 (D.N.J. 1990). Instead, it requires the Court to "tak[e] all pleaded allegations as true and view[] them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007). For this reason, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Defendants do not meet this burden.

A futility analysis **should not** include "a conclusive determination on the merits of a claim or defense; rather, the futility of an amendment may **only** serve as a basis for denial of leave to amend when the proposed amendment is frivolous or advances a claim that is legally insufficient on its face." *M. Cohen & Sons, Inc. v. Platte River Ins. Co.,* No. 20-2149 (ZNQ) (RLS), 2023 WL 3736354, at *4 (D.N.J. May 30, 2023) (emphasis added); *see also Burt v. Key Trading LLC*, 12-6333 (KM-SCM), 2014 WL 5437070, at *4 (D.N.J. Oct. 22, 2014) (explaining that "a court looks only to the pleadings" when determining futility and "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper"); *Marlowe Patent Holdings, LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J.

5

2013) (same). Otherwise, substantive arguments about the alleged claims "are better suited for consideration in the context of a motion to dismiss." *Colombo v. Bd. of Educ. For the Clifton Sch. Dist.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016).[2]

### 1. The Amendments Proposed By The PSC Are Not Frivolous

Courts in similar cases have recently found these entities are proper defendants sufficient to survive motions to dismiss. *See* Ex. A (*Nesko v. Johnson & Johnson, et al.*, Case No. 300 (Super. Ct. of New Jersey) ("*Nesko* Order"); Ex. B (*Pressler et al. v. Kenvue Inc., et al.*, Case No. MID-L001944-23 (Super. Ct. of New Jersey) ("*Pressler* Order")).[3] Indeed, determining successor liability typically cannot be determined on the pleadings as it requires a full record developed through appropriate discovery, meaning that determining the potential liability of the new

---

[2]     Numerous other cases support this same point. *See, e.g., Strategic Env't. Partners, LLC v. Bucco*, No. 13-5032 (CCC), 2014 WL 3817295, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194 (JBS/JS), 2014 WL 1767471, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice[,]" that the amended counter-claim should be treated as the operative pleading for the purposes of motion to dismiss despite the fact that the court had not yet granted leave to amend).

[3]     Defendants cite to *LaSalle v. Am. Int'l Indus.*, No. 23-2-08165-0SEA (Wash. Super. Ct.).  However, unlike the instant matter, plaintiffs' allegations in *LaSalle* were not robust, leading to short consideration by the court.

J&J Defendants is better reserved for summary judgment. *See Pressler* Order at 3 (citing *Printing Mart v. Sharps Electronics*, 116 N.J. 739 (1989)).

Defendants' half-developed arguments on successor liability demonstrate why Plaintiffs' Motion should be granted. Defendants recognize that choice of law is a threshold issue and requires application of each of the forum state's choice of law rules. *See* Opp. at 9 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (choice of law rules of the transferor courts apply)). However, Defendants do not conduct this choice of law analysis, which includes many cases subject to New Jersey law.

Instead, Defendants point to two nonprecedential, unpublished decisions, arguing that the laws of the states where the new J&J Defendants are incorporated (Texas, New Jersey, and Delaware) apply. Opp. at 10-11. However, the internal affairs doctrine, referred to by Defendants, does not apply here. *VantagePoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1113 n.14 (Del. 2005) ("The internal affairs doctrine does not apply where the rights of third parties external to the corporation are at issue, *e.g.*, contracts and torts.").

As a general matter, the law of the state of incorporation normally determines issues relating to the *internal* affairs of a corporation. Application of that body of law achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation. *See* Restatement (Second) of Conflict of Laws § 302, Comments a & e, (1971); *see also*

7

*Cort v. Ash*, 422 U.S. 66, 84 (1975). Different conflicts principles apply, however, where the rights of third parties *external* to the corporation are at issue. *See* Restatement (Second) of Conflict of Laws, *supra,* § 301.9. "To give conclusive effect to the law of the chartering state in determining whether the separate juridical status of its instrumentality should be respected would permit the state to violate with impunity the rights of third parties under international law while effectively insulating itself from liability in foreign courts." *First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 636 (1983).

Additionally, choice of law is not so simple. *See*, *e.g.*, *Berg Chilling Sys. v. Hull Corp.*, 435 F.3d 455, 462-64 (3d Cir. 2006) (conducting extensive choice of law analysis on successor liability claims). The first step is to determine whether there exists a conflict in the laws of the potentially applicable jurisdictions. *See*, *e.g.*, *In re Accutane Litig.*, 235 N.J. 229, 255 (2018) ("If there is not an actual conflict in the substance of the potentially applicable laws of the two jurisdictions, then there is no choice-of-law issue to be resolved and the forum state applies its own laws.") (internal quotations and citations omitted)).

Defendants do not establish any conflict in the potentially applicable laws of New Jersey, Texas, or Delaware, nor do they perform the applicable analysis for any other forum state at issue in this MDL. In *Nesko*, the court considered whether a conflict of law exists between New Jersey and Texas regarding successor liability.

The *Nesko* court found there is no conflict because "the Texas business statute permits other state law to govern organization liability post-merger." *Nesko* Order at 11. Relying on the Third Circuit's recent decision, the *Nesko* court explained that the Texas divisional merger statute "does not contemplate that a corporation that was not assigned liability in the merger to evade liability when required under the laws of other states." *Id.* (citing *In re LTL Mgmt.*, 64 F.4th 84, 95 (3d Cir. 2023)).

In *LTL Mgmt.*, The Third Circuit recognized that under Texas law, the newly created successor entity is not liable, unless "otherwise provided by law or contract." *In re LTL Mgmt.*, 64 F.4th at 95 (quoting Tex. Bus. Orgs. Code Ann. § 10.008(a)(4)). Because Texas law permits the application of another state's laws, the *Nesko* court held that Texas and New Jersey laws on successor liability do not conflict, and that the law of New Jersey as the forum applied. *Nesko* Order at 11.

The same is true here. Because Texas law specifically permits application of other states' laws, there is no conflict and the laws of forum states, including New Jersey, may apply. Under New Jersey law, a corporation "cannot avoid liability for the product it manufactured by simply transferring all … operations, assets, and accompanying obligations" to another corporation. *Arevalo v. Saginaw Mach. Sys., Inc.*, 344 N.J. Super. 490, 498, 501-02 (App. Div. 2014). Instead, where the successor is simply a "new hat" of the old corporation, even if it no longer manufactures the same defective product, the successor corporation is directly liable because it is "the

same entity as [its predecessor], responsible for liability claims from defects in [the] products." *Id.* at 495-96, 501-02.

Even if the law of one of the forum states conflicts with the laws of Texas or Delaware (which is not the case here), under proper choice of law analyses, the forum state's laws still applies when it has the most significant contacts or a greater interest in applying its laws. *See Accutane*, 235 N.J. at 264-65 (New Jersey law applied over the laws of each plaintiff's home state where defendants were located in New Jersey and New Jersey had a greater interest in applying its laws). This is a fact intensive analysis that should not be resolved on a Rule 15 motion. Prior determinations that the newly proposed J&J entities are viable defendants coupled with substantive issues related to choice of law demonstrate that Plaintiffs' proposed amendments are not frivolous and Defendants' arguments on this point should be reserved for summary judgment.

## 2. The Facts Alleged In The Amended Complaint Are Legally Sufficient To Warrant Amendment

Plaintiffs' new factual allegations, taken as true, demonstrate the amendments as to the new J&J Defendants are legally sufficient on their face. Plaintiffs allege that even though Defendants used the Texas divisional merger to strategically allocate assets and non-talc related liabilities, talc-related liabilities follow the talc-related manufacturing assets and operations. The proposed SAC alleges that Old JJCI was responsible for milling, manufacturing, labeling, selling, supplying, and

distributing Defendants' talcum powder products. To avoid or eliminate liability, Old JJCI was restructured in Texas by splitting into two separate entities to isolate talc liability in a newly created company, LTL, which immediately filed for bankruptcy.

Plaintiffs further allege the assets of Old JJCI, including those used to manufacture, market, and sell Johnson's® Baby Powder, were transferred to a new company, New JJCI. Subsequently, New JJCI—in addition to changing its name to Holdco—transferred assets and operations, including the Johnson's® Baby Power product line, to Kenvue, another J&J subsidiary, through Kenvue's parent, Janssen.[4] Aside from attempting to evade liability, this divisional merger did nothing to change Defendants' consumer products business; Janssen and Kenvue continued running the business just as Old JJCI had before. Although Old JJCI ceased to exist, New JJCI (later Janssen and Kenvue) continued "operating the business of formerly held Old Consumer." *LTL Mgmt.*, 64 F.4th at 97. The new J&J Defendants function the same as Old JJCI, manufacture the same product, have the same leadership and ownership, and use the same Johnson's® Baby Powder brand and manufacturing assets. As a result, the new J&J Defendants are simply Old JJCI reconstituted, and therefore, directly liable.

Even if not directly liable, under New Jersey law, a successor corporation is liable for the product liability claims of its predecessor where it "acquires all or

---

[4] Discovery related to all of these corporate transactions is ongoing.

substantially all the assets of the predecessor corporation for cash and continues essentially the same manufacturing operation as the predecessor corporation . . ." *Ramirez v. Amsted Indus., Inc.*, 86 N.J. 332, 335 (1981). This is known as the "product line" exception.

The key is "the successor's continuation of the actual manufacturing operation." *Id.* at 347, 350. However, this does not require that the successor manufacture the exact same product. *Bussell v. Dewalt Prods. Corp.*, 259 N.J. Super. 499, 518 (App. Div. 1992). Continued manufacture of essentially the same product bearing the same product name is sufficient. *Id.* at 519. Additionally, using a predecessor's goodwill is a touchstone of the product line exception. *See id.*; *Nieves v. Bruno Sherman Corp.*, 86 NJ. 361, 369 (1981).[5]

Intermediate successors also may be held liable. *Nieves*, 86 N.J. at 364-65; *see also Arevalo*, 344 N.J. Super. at 497. The product line exception does not serve only to find "one viable, extant corporate defendant." *Nieves*, 86 N.J. at 370-71; *see* Opp. at 16. Instead, even if an intermediate successor corporation has since transferred the assets and liabilities to another corporation, the intermediate entity may be held

---

[5]     Other states within this MDL recognize a similar product line exception. *See*, *e.g.*, *Hall v. Armstrong Cork*, 103 Wn. 2d 258, 263-64 (Wa. 1984); *Ray v. Alad Corp.*, 19 Cal. 3d 22, 34 (1977); *Dawejko v. Jorgensen Steel Co.*, 434 A.2d 106, 111 (Pa. 1981); *Garcia v. Coe Mfg. Co.*, 933 P.2d 243, 249 (N.M. 1997).

liable as it "contributed to the destruction of the plaintiff's remedies against the original manufacturer." *Id.* at 371.

Plaintiffs have sufficiently alleged that new J&J Defendants have continued manufacturing the Johnson's® Baby Powder product-line, a reformulated baby powder product that is functionally the same, serves the same purpose, uses the same name, and which Defendants market to the same consumer segments. The J&J Defendants also continue to use and profit from the Johnson's® trademark and trustmark branding. Kenvue's disclosures to the Securities and Exchange Commission confirm that Kenvue is the same company and sells the same brands that Old JJCI did: "Our cosmetic products include…Johnson's Baby Powder…." The new J&J Defendants have not just used Old JJCI's goodwill but have kept manufacturing Johnson's® Baby Powder. These allegations are sufficient for amendment under Rule 15.

Finally, under New Jersey law, new J&J Defendants are liable because the Texas merger constituted a de facto merger/mere continuation of Old JJCI's business. *Woodrick v. Jack J. Burke Real Estate, Inc.*, 306 N.J. Super. 61, 73 (1997). Defendants recognize that "most states" follow this exception. Opp. at 22.  In imposing mere continuation status on successors, courts have considered several factors, including "commonality in name", continuity of the location of operations, key employees, and customer basis. *Forman Indus., Inc. v. Blake-Ward*, No. A-5581-

06T3, 2008 WL 4191155, at *6 (App. Div. Sept. 15, 2008); *see also Whitecap Mktg., Inc. v. IMS Trading, Corp.*, No. A-3461-19, 2021 WL 6131988, at *5 (App. Div. Dec. 29, 2021) (denying summary judgment where the "names of the two companies are similar," many employees stayed, and the predecessor continued to manufacture "the same product lines and sell those same products to many of the same customers"); *40 Eisenhower Drive, LLC v. Karoon Cap. Mkts., Inc.*, No. A-2620-12T4, 2014 WL 6977813, at *5 (App. Div. Dec. 11, 2014) (emphasizing the transfer of the successor's "principal asset," its customer base, along with employees and contracts, as a basis for imposing successor liability).

As Plaintiffs allege, since the 2021 divisional merger, the manufacturing operations and entire consumer business once done under Old JJCI switched to New JJCI, to Janssen, and then to Kenvue, but the business has remained the same. They have continued marketing and selling Johnson's® Baby Powder, and continued using the same facilities, personnel, intellectual property, and assets. As a result, Old JJCI lives on through the new J&J Defendants.

### C. Where the Defendant Cannot Show Prejudice, Arguments Of Delay, Bad Faith, and Dilatory Motives Have No Merit

Delay alone is an insufficient basis to deny leave to amend. *See Adams*, 739 F.2d at 868. Courts will deny a request for leave to amend only if the delay rises to the level of being undue, such as when the amendment will create an "unwarranted burden on the court." *Id*. To the extent there is any question of delay, the "focus [is]

on the movant's reasons for not amending sooner." *Cureton,* 252 F.3d at 273. Plaintiffs need only "demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co.*, 133 F.R.D. at 468.

The PSC initially moved to amend in December 2020, but the motion was never decided because of the filing of Defendants' first bankruptcy in October 2021. The PSC's 2021 Motion to Amend incorporated facts and causes of action developed over the course of the litigation. There has been no delay caused by the PSC, since the bulk of the delay in these proceedings has been caused solely by Defendants' bad-faith bankruptcies and corporate reorganizations. The PSC promptly filed this renewed motion after applicable bankruptcy stays were lifted. This motion necessarily updates the prior motion, including changes in Defendants' corporate structure. Thus, for all purposes, what is at issue now is the first request for leave to amend, and not a request for leave to amend after the failure of prior attempts to were denied. This renewed motion does not seek to cure a deficiency, but to bring the master complaint up to date.

## III.   CONCLUSION

The right to amend should be liberally granted when justice so requires, enabling Plaintiffs the opportunity to test their claims on the merits. For the foregoing reasons, the PSC's Renewed Motion for Leave to File a Second Amended Master Long Form Complaint should be granted.

Respectfully Submitted,

Dated: October 4, 2023

*/s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Rd., Suite 650
Alexandria, VA 22311
Tel: 703-931-5500
Fax: 703-820-1656
mparfitt@ashcraftlaw.com

*/s/ P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
218 Commerce St.
Montgomery, AL 36104
Tel: 334-269-2343
Fax: 334-954-7555
leigh.odell@beasleyallen.com
**Plaintiffs' Co-Lead Counsel**

*/s/ Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Ave.
Red Bank, NJ 07701
Tel: 732-747-9003
Fax: 732-747-9004
clpacitella@cprlaw.com
**Plaintiffs' Liaison Counsel**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Respectfully submitted,

*s/ P. Leigh O'Dell*

P. Leigh O'Dell