UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>*Carol J. Williams, et al.*, No. 3:19-cv-18778<br><br>*Linda H. Hill*, No. 3:18-cv-08344<br><br>*Bobbie N. Landreth*, No. 3:17-cv-11788<br><br>*Michael Scroggins o/b/o Bertha M. Walton*, No. 3:18-cv-12766 | MDL No. 2738 (MAS) (LRS) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION TO SEAL DOCUMENTS**

**FAEGRE DRINKER BIDDLE
& REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
*Attorneys for Defendant Johnson & Johnson*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ..............................................................................................................2

CONCLUSION ...........................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BBMK Enter., L.L.C. v. Lincare Inc.*,
  Civ. No. 3:16-cv-06768, 2017 WL 7725245, at *2 (D.N.J. May 30, 2017) ................................................................................................................ 2

*Boehringer Ingelheim Pharma GmbH & Co. KG, v. Mylan Pharmaceuticals Inc.*,
  Civ. No. 14-4727, 2015 WL 4715307 (D.N.J. Aug. 7, 2015) ........................... 2, 3

*Goldenberg v. Indel, Inc.*,
  Civ. No. 09-5202, 2012 WL 15909 (D.N.J. Jan. 3, 2012) ................................... 2

*Harris v. Nielsen*,
  Civ. No. 09-2982, 2010 WL 2521434 (D.N.J. June 15, 2010) ............................ 2

**Other Authorities**

L. Civ. R. 5.2 ......................................................................................... 3, 4, 5

L. Civ. R. 5.3 ............................................................................................ 3, 5

## **PRELIMINARY STATEMENT**

Defendant Johnson & Johnson ("Defendant") hereby moves to seal an unredacted version of a brief that was previously filed in redacted form in this action on June 18, 2021 (*Hill*, 3:18-cv-08344 ("*Hill* Dkt."), at ECF 18-1; *Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practs., & Prods. Liab. Litig.*, 3:16-md-02738 ("MDL Dkt."), at ECF 22865-1). The redacted material comprises confidential patient information that is quoted or paraphrased from (1) medical records of the Plaintiffs that is protected by the Health Insurance Portability and Accountability Act ("HIPAA"), or (2) portions of Plaintiffs' Profile Forms ("PPFs") and/or deposition transcripts that contain personal identifying information as defined by L. Civ. R. 5.2. The Court has already granted Defendant's previous unopposed motion to seal the underlying records from which this information was excerpted and the redacted portions of the brief that are at issue in the instant motion. (*Hill* Dkt. at 21; MDL Dkt. at 26540.) However, because it appears that no unredacted version of the brief was filed previously, the Court has now required Defendant to file an unredacted version of the brief no later than November 16, 2023. (*Hill* Dkt. at ECF 22; MDL Dkt. at 28664.) Defendant therefore files the unredacted version on the brief that is available in redacted form at *Hill* Dkt. ECF 18-1 and MDL Dkt. ECF 22865-1 and moves to maintain this unredacted version under seal, consistent with the Court's prior orders.

1

Defendant has consulted with counsel for Plaintiffs, and Plaintiffs do not oppose this Motion.

## **LEGAL ARGUMENT**

### **THE UNREDACTED BRIEF SHOULD BE SEALED PURSUANT TO LOCAL CIVIL RULES 5.2 AND 5.3**

**A. Governing Law**

The general presumption of the public right to access Court-filed information is overcome when a movant demonstrates that good cause exists to seal the records at issue. *Boehringer Ingelheim Pharma GmbH & Co. KG, v. Mylan Pharmaceuticals Inc.*, Civ. No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015); *Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2012 WL 15909, at *1 (D.N.J. Jan. 3, 2012). Courts routinely grant motions to seal when a movant proves that information is confidential and that allowing the general public to access the information will cause specific and serious injury. *BBMK Enter., L.L.C. v. Lincare Inc.*, Civ. No. 3:16-cv-06768, 2017 WL 7725245, at *2 (D.N.J. May 30, 2017); *Harris v. Nielsen*, Civ. No. 09-2982, 2010 WL 2521434, at *2 (D.N.J. June 15, 2010) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 788 (3d. Cir. 1994)); *see also*, *Boehringer*, 2015 WL 4715307, at *2 ("In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate 'good cause' by establishing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'") (citations omitted).

2

Local Civil Rule 5.2 sets forth that "when making any electronic . . . [f]iling with the Court that contains an individual's Social Security number, taxpayer-identification number, or birth date, . . . or a financial account number, a party . . . making the filing may include only: (1) the last four digits of the Social Security number and tax-identification number; (2) the last four digits of the financial account numbers; . . . [and] (4) the year of the individual's birth." L. Civ. R. 5.2(17). A party filing a document containing these personal data identifiers must file an un-redacted version of the documents under seal or file a redacted version of the document and a reference list under seal. *Id*.

Local Civil Rule 5.3(c) and its accompanying comments set forth the requirements for requests to seal documents in this District. Such requests are to be presented by a formal motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(1)-(2); *Boehringer*, 2015 WL 4715307, at *1.

**B. The Standard under Local Rules 5.2 and 5.3 are Satisfied**

The document at issue in the instant motion is a brief that quotes and/or paraphrases (1) Plaintiffs' medical records and (2) PPFs and one excerpted deposition transcript.

3

The Court has already granted a previous motion to seal the medical records and the sensitive portions of the PPFs and deposition transcript, together with the portions of the brief that excerpts the sealed materials. The first category of documents (medical records) contain confidential patient information that is protected by HIPAA, or contain personal data identifiers under Local Civil Rule 5.2. The right to waive HIPAA protection lies with Plaintiffs who, through their counsel, have requested that that the medical records be filed under seal. The general public should not be permitted access to Plaintiff's protected health information.

The second category of documents (PPFs and a deposition transcript) contain personal data identifiers – including birth dates and social security numbers – and the Local Rules require the redaction and sealing of such information. *See* L. Civ. R. 5.2.

Defendant has already filed a redacted version of the brief at issue herein, thereby seeking to employ the least-restrictive alternative by redacting the sensitive information rather than moving to seal the brief in its entirety. Moreover, because the previously filed redacted version of the brief (*Hill* Dkt. ECF 18-1; MDL Dkt. ECF 22865-1) includes all of the information that is not subject to the instant motion to seal, sealing the now-filed document in its entirety will not shield from the public any information except confidential patient information and personal data identifiers.

Defendant respectfully submits that good cause exists to seal the exhibit pursuant to Local Civil Rules 5.2 and 5.3(c).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Seal.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

s/ Susan M. Sharko
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932
Tel.: (973) 549-7000
susan.sharko@faegredrinker.com

*Attorneys for Defendant*
*Johnson & Johnson*

Dated: November 8, 2023