**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

**DECLARATION OF ERIK HAAS**

I, Erik Haas, hereby declare and state as follows:

1. I am over the age of eighteen, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify completely to these facts if called to do so.

2. I am Worldwide Vice President, Litigation for Johnson & Johnson ("J&J"), a position I have held since November 2020.

3. In this position, I became familiar with work performed for J&J by attorney James Conlan of the law firm of Faegre Drinker between July 2020 and early 2022. I have also reviewed time entries submitted by Mr. Conlan for his work representing J&J.

4. From July 2020 through early 2022, Mr. Conlan represented J&J as part of a team of attorneys evaluating legal strategies for resolution of pending and

1

future claims by plaintiffs asserting liability for illnesses allegedly caused by J&J's talc products.

5. Billing submitted by Mr. Conlan reflects that, during this period, Mr. Conlan billed almost 1,600 hours on the talc matter, including 1,154 hours in 2021 alone. The records reflect that Mr. Conlan billed J&J $2.24 million for this work.

6. Those same billing records show that during this time period, Mr. Conlan attended dozens of meetings and phone conferences with members of the J&J Law Department, including myself, J&J's former head of litigation, Joseph Braunreuther, former product liability lead John Kim, and current product liability head, Andrew White.

7. Mr. Conlan's time entries in the billing records also show that he communicated regularly with other members of J&J's outside counsel team on the talc matter throughout the same time period, and in May 2021, met personally as J&J's counsel with the Debtor's counsel and counsel for the Future Claims Representative in the Imerys bankruptcy over rounds of golf, dinner, and drinks.

8. At no point did J&J, or any of its officers or agents, waive attorney-client privilege as to Mr. Conlan's representation of the Company.

9. Attached as Exhibit 1 is a true and correct copy of an email that Mr. Conlan sent to me on August 23, 2022.

10. Attached as Exhibit 2 is a true and correct copy of the transcript of J&J's Q3 earnings call, held October 17, 2023.

11. Attached as Exhibit 3 is a true and correct copy of an email from Mr. Conlan to Johnson & Johnson Treasurer Duane Van Arsdale, dated October 18, 2023.

12. Attached as Exhibit 4 is a true and correct copy of excerpts from the transcript of the April 17, 2023 deposition of Andy Birchfield, taken in *In re: LTL Management LLC*, No. 23-12825 (Bankr. D.N.J.).

13. Attached as Exhibit 5 is a true and correct copy of a letter from James Murdica to Mr. Conlan, dated November 5, 2023.

14. Attached as Exhibit 6 is a true and correct copy of a letter and attachment from Mr. Conlan to the Johnson & Johnson Board of Directors, dated November 9, 2023.

15. Attached as Exhibit 7 is a true and correct copy of an email I sent to John Gasparovic, copying Mr. Conlan and others, dated November 9, 2023.

16. On November 15, 2023, J&J learned that Mr. Conlan and Mr. Birchfield were set to appear at a November 29, 2023 symposium hosted by Gordon Haskett Research Advisors on "JNJ: Talc Litigation & 3rd Bankruptcy" to discuss the "viability" of "J&J's potential 3rd bankruptcy," "potential settlement issues," and "how J&J could resolve the litigation outside of bankruptcy."

I declare under penalty of perjury that the foregoing is true and correct.

           Executed this 5th day of December, 2023.

           <u>/s/ *Erik Haas*      </u>
           Erik Haas
           Worldwide Vice President, Litigation
           Johnson & Johnson