# EXHIBIT 1

**From:** James Conlan <james.conlan@legacyliability.com>
**Sent:** Tuesday, August 23, 2022 11:16 AM
**To:** Haas, Erik [JJCUS] <EHaas8@its.jnj.com>
**Subject:** [EXTERNAL]

**WARNING:** This email originated from outside the company. Do not click on links unless you recognize the sender and have confidence the content is safe. If you have concerns about this email, send it as an attachment to SuspiciousEmail@ITS.JNJ.COM

Confidential

Eric, I hope you're well and enjoying the summer. I'm in NY today through tomorrow afternoon and would be delighted to buy you a coffee or a drink.

I am among those who think the likelihood of plan confirmation/injunction (for solvent non debtor affiliates) in a Texas two step bankruptcy case (particularly outside of the asbestos context) has gone from low to essentially non existent.

I would like to talk to you about a dismissal -- with Legacy taking the ownership of LTL and causing an indemnity to be issued that would provide J&J and its other affiliates with the best available protection -- sufficient to cause your auditors to remove your ASC 450 disclosure relating to talc/baby powder. J&J would have to fund LTL with cash in excess of the PV of the tort system value of all current and future talc related claims against LTL.

The capital markets, not the bankruptcy courts, are the answer to achieving closure (current and future claims) for solvent mass tort defendants.



**James F. Conlan**
Chief Executive Officer and Co-Founder
Legacy Liability Solutions
Bermuda | Dallas | Chicago | Paris
Email | james.conlan@legacyliability.com
Mobile | +312.927.7572
www.legacyliability.com