# EXHIBIT 5



One North Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313
www.btlaw.com

James F. Murdica
Partner
(312) 214-4869
JMurdica@btlaw.com

November 5, 2023

Mr. James Conlan
Legacy Liability Solutions LLC
161 N. Clark Street, Suite 1700
Chicago, IL 60601

          **RE:**    **Bloomberg Law**

Dear Jim:

      I write on behalf of Johnson & Johnson ("J&J") to express concern regarding the confidentiality of J&J's legal strategy known to you and learned by you in a privileged attorney-client relationship with J&J.  As you know, while a partner at Faegre Drinker Biddle Reath ("FDBR") in 2020 and 2021, you represented J&J and LTL Management, Inc. ("LTL") regarding strategies for resolution of its talc liabilities, including various bankruptcy options and proposed structural optimizations.  Indeed, you attended—with me—many high level meetings with J&J in-house counsel regarding talc bankruptcy and settlement strategies in addition to weekly strategy calls with J&J in-house and outside counsel.  There can be little doubt that the content shared and discussed during all of these meetings is privileged, and accordingly protected from disclosure.

      It has come to J&J's attention that on November 2, 2023 Bloomberg published an article you wrote entitled "Time to Ditch the Texas Two-Step for a New Mass Tort Strategy."  In that article, you discuss the LTL bankruptcy and what "the companies believed" certain strategies would accomplish.  With respect to LTL, you learned this information through the attorney-client relationship with J&J.  Moreover, you also wrote that a resolution strategy you recommended as J&J legal counsel and in which you assisted executing as J&J counsel is "a disaster," and that a service marketed by your new business enterprise "is the right answer."

      While we appreciate that you would like to promote your post-legal career business ventures—and, indeed, J&J met with you regarding those ventures two months ago—J&J requests you leave J&J and LTL out of any future publications.  You learned highly privileged information about J&J and LTL strategies from the attorney-client relationship.  And while publicly disparaging your own legal strategies that you recommended to J&J might be permissible if J&J or LTL were not included in the article, J&J believes that criticizing your former client for implementing a strategy you recommended as their counsel is not appropriate either.

Mr. James Conlan
Legacy Liability Solutions, LLC
November 5, 2023
Page 2

   Please cease and desist from further similar publications, and be mindful of the highly confidential and strategic information you learned from J&J while in an attorney-client relationship.

                    Sincerely,

                    Jim Murdica

**BARNES & THORNBURG** LLP