IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | | |
|---|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2738 |
| **This Document Relates to:** | ) | |
| | ) | Civil Action Nos. |
| TAMIKA CLARK, | ) | 3:21-cv-11876-FLW-LHG |
| DANNY DAVIS, | ) | 3:21-cv-11878-FLW-LHG |
| DONNA HALL, | ) | 3:21-cv-11880-FLW-LHG |
| SUSAN HALUZAK, | ) | 3:21-cv-11874-FLW-LHG |
| JANENE TOLLIS, | ) | 3:21-cv-11884-FLW-LHG |
| DAVID VANNESS, | ) | 3:21-cv-11885-FLW-LHG |
| ARCHIE WELLMAN, and | ) | 3:21-cv-11888-FLW-LHG |
| DEBBIE WYNN | ) | 3:21-cv-11882-FLW-LHG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| IMERYS TALC AMERICA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PTI UNION, LLC'S MOTION TO RECONSIDER THE ORDER DENYING IN PART ITS OMNIBUS MOTION TO DISMISS PLAINTIFFS' SHORT FORM COMPLAINTS FOR FAILURE TO STATE A CLAIM</u>

Caroline M. Tinsley (MO #49377)
TUCKER ELLIS LLP
100 South 4th St., Suite 600
St. Louis, MO 63102
Telephone:   (314) 256-2550
Facsimile:    (314) 256-2549
caroline.tinsley@tuckerellis.com

and

Janet L. Poletto, Esq. (024871980)
Robert E. Blanton, Esq. (028392012)
HARDIN KUNDLA MCKEON & POLETTO
673 Morris Avenue
Springfield, NJ  07081
Telephone:   (973) 912-5222
Facsimile:    (973) 912-9212
jpoletto@hkmpp.com
rblanton@hkmpp.com
*Attorneys for Defendant PTI Union, LLC*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................2

    A. The Court Should Reconsider its Order Denying in Part PTI Union,
    LLC's Omnibus Motion to Dismiss Because Plaintiffs' Complaints
    Fail to Meet Federal Pleading Standards........................................................2

        1. The Court's Order is inconsistent with previous decisions of this
        Court in this same litigation involving PTI Union, LLC. .........................3

        2. The scope of materials the Court considered in review of PTI
        Union, LLC's Omnibus Motion to Dismiss was overly restrictive. ..........6

III. CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Anspach ex rel. Anspach v. Philadelphia Dept. of Public Health*, 503 F.3d 256, 273 n. 11 (3d Cir. 2007)................................................................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...........................................................3

*Clark v. Imerys Talc America, Inc.*, No. 21-11876 (MAS) (RLS), 2023 WL 8374813 (D.N.J. Dec. 1, 2023)...................................................................................1

*Global Elec. Solutions, Inc. v. Energy Automation Sys., Inc.,* No. 3:08-00619, 2009 WL 463981, *2 (M.D. Tenn. Feb. 23, 2009)........................................................7

*Hannah v. Johnson & Johnson, Inc*., No. 18-1422 (FLW), 2020 WL 3497010 (D. N.J. June 29, 2020) .................................................................................................3

*In re Plum Baby Food Litigation*, 637 F.Supp.3d 210, 219-20 (D.N.J. Oct. 31, 2022) ......................................................................................................................8

*Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 678,  (Mo. Ct. App. 2020) ..........5

*Kelly v. Okaloosa-Walton Community College Foundation, Inc.*, No. 3:05CV317-RS, 2006 WL 8444000, *2 (N.D. Fla. Apr. 19, 2006)..........................................7

*Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11-cv-368-Orl-19GJK, 2012 WL 13103015, *6 (M.D. Fla. Jan. 18, 2012) ..........................6

*Shirley Medical Clinic, P.C. v. U.S.*, 446 F.Supp.2d 1028, 1035 (S.D. Iowa July 10, 2006) ......................................................................................................................7

*Sun Chemical Corp. v. Am. Home Assurance Co.*, No. 20-6252 (SRC), 2020 WL 5406171, *7 (D.N.J. Sept. 9, 2020)......................................................................6

*Vista Exploration Co. v. Mewbourne Oil Co.,* No. CIV-10-213-C, 2010 WL 1980196, *2 n.3 (W.D. Okla. May 17, 2010).......................................................7

**Other Authorities**

*Products Liability: Necessity and Sufficiency of Identification of Defendant as Manufacturer or Seller of Product Alleged to Have Caused Injury*, 51 A.L.R.3d 1344, § 2(a) ...................................................................................8

**Rules**

Fed. R. Civ. P. 12(e) .................................................................................................1

Fed. R. Evid. 201(b)..................................................................................................8

Federal Rule of Evidence 201 ...................................................................................6

Defendant PTI Union, LLC ("Union"), by and through its attorneys, hereby files its Motion to Reconsider its Omnibus Motion to Dismiss and dismiss each Plaintiff's claims against it for failure to state claims upon which relief may be granted.  In support, Union states as follows:

## I.      INTRODUCTION

This motion addresses product liability actions brought by the eight remaining unrelated plaintiffs after this Court granted in part and denied in part Union's Omnibus Motion to Dismiss. *See Clark v. Imerys Talc America, Inc.*, No. 21-11876 (MAS) (RLS), 2023 WL 8374813 (D.N.J. Dec. 1, 2023) (hereinafter the "Order"); *see also* Clark Compl., Davis Compl., Hall Compl., Haluzak Compl., Tollis Compl., Vanness Compl., Wellman Compl., and Wynn Compl., attached hereto collectively as Exhibit A. Plaintiffs allege that they, and/or the decedents they represent, developed ovarian cancer following exposure to various talcum powder products including—Johnson's® Baby Powder ("JBP") and/or Shower to Shower products("STS"). The Court found Plaintiffs' pleading sufficient based on the allegation that Union was involved in "processing, bottling, labeling, packaging, and/or distributing talcum powder-based products including Johnson & Johnson's ('J&J') Baby Powder and Shower to Shower products ('STS') (collectively the "Products")." Order, *2.

As explained below, this Court should reconsider its Order that partially denied Union's Omnibus Motion and dismiss Plaintiffs' Short Form Complaints ("Complaints") against Union for two independent reasons. ***First***, the Court's Order is inconsistent with the previous decisions of this Court made in the same multi-district litigation finding that the exact allegations at issue here were insufficiently pleaded. ***Second***, the Court's Order unnecessarily limits the scope of material that can be properly considered in review of a motion to dismiss, including facts present in the instant case that are dispositive of four Plaintiffs' claims against Union.

## II.   ARGUMENT

### A.   The Court Should Reconsider its Order Denying in Part PTI Union, LLC's Omnibus Motion to Dismiss Because Plaintiffs' Complaints Fail to Meet Federal Pleading Standards.

The Court's December 1, 2023, Order denied portions of Union's Omnibus Motion to Dismiss for Failure to State a Claim ("Omnibus Motion") reasoning that Plaintiffs' pleadings were sufficiently detailed to meet federal pleading standards, and that facts dispositive of the claims against Union cannot be considered at this stage of the case because they are extrinsic to Plaintiffs' Complaints. This Order, however, is inconsistent with previous decisions of this Court made in the same multi-district litigation. It also overlooks undisputed facts that are within the Court's knowledge and appropriate for consideration in deciding a motion under Rule

12(b)(6). As such, Union requests that the Court reconsider its Order, and dismiss Plaintiffs' Complaints against Union for failure to state a claim.

###    1.    The Court's Order is inconsistent with previous decisions of this Court in this same litigation involving PTI Union, LLC.

This Court should reconsider its partial denial of Union's Omnibus Motion in consideration of its earlier decision in *Hannah v. Johnson & Johnson, Inc*., No. 18-1422 (FLW), 2020 WL 3497010 (D. N.J. June 29, 2020). Certain plaintiffs in that case moved for remand to state court, arguing that Union's presence as a defendant in the case extinguished complete diversity amongst the parties. *Id.*, *10–11. Union and other defendants opposed remand, contending that Union had been fraudulently joined. *Id.*, *10–11. The Court provided that it could only consider facts that were alleged within "the four corners of the Complaint" to determine whether remand was proper. *Id*., *13. It also explained the standard for its review: joinder of a diversity-defeating defendant is proper so long as the pleading's allegations against it state a claim that is "more than 'frivolous.'" *Id.*, *9. Its review did not rise to the level of scrutiny applied in consideration of a Rule 12(b)(6) motion, which turns on whether an alleged claim is "'plausible.'" *Id.* ("Even if a party fails to state a claim against a defendant, that does not necessarily mean that defendant was fraudulently joined."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The allegations at issue here are identical to those analyzed in *Hannah*. Plaintiffs allege that Union is involved in "processing, bottling, labeling, packaging,

3

and/or distributing talcum powder-based products including Johnson & Johnson's ('J&J') Baby Powder and Shower to Shower products ('STS') (collectively the "Products")." Order, *2; *Hannah*, 2020 WL 3497010, *12. The Court in *Hannah* found that the pleadings lacked specificity because plaintiffs use of the general term "Johnson & Johnson's Baby Powder and Shower to Shower products" to refer to numerous different products and did not otherwise allege the particular product(s) for which Union is being sued. *Hannah*, 2020 WL 3497010,*13 (explaining that "the allegations hurled against PTI Union are an after-thought" and are "the very kind of pleading that cannot survive fraudulent joinder scrutiny").

But the Court recently deviated from that understanding of the federal pleading standards when it partially denied Union's Omnibus Motion. The Order deemed the identical allegation to be sufficiently pleaded, even though it used the same generalized term as a stand-in for a group of products. Order, *5. The Order reasons that it found the allegation sufficient because it could not consider extrinsic evidence that demonstrated that the general term was representative of many products and that Union was only involved with a single product of that group. *Id.* As a result, the Court simply interpreted the Complaints under review as alleging that Union was involved with the entire group of products the allegation was referencing. *Id.*

4

But as the Court provided in *Hannah*, an allegation that refers to many products without specifying the particular product for which a party is named is "untenable." *Hannah*, *13 (finding the identical allegation against Union was "not a substitute for an affirmative allegation that the individual plaintiffs used" the product for which Union is named). When Union is alleged to be involved with "processing, bottling, labeling, packaging, and/or distributing talcum powder-based products including Johnson & Johnson's Baby Powder and Shower to Shower products," it includes products both unrelated to Union and that Plaintiffs did not actually use. Therefore, even in the absence of extrinsic evidence, Union's Omnibus Motion should have been granted to dismiss the claims against it because Plaintiffs' Complaints fail to identify the specific product that they used for which Union is responsible.[1] Accordingly, Union respectfully requests that this Court grant its Motion for Reconsideration, vacate its previous Order on Union's Omnibus Motion, and dismiss Plaintiffs' Complaints for failure to state a claim.

---

[1] Nonetheless, several publicly available sources exist from which the Court can take judicial notice to confirm that there are several formulations of Shower to Shower branded talcum powder products. For example, in *Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 678, (Mo. Ct. App. 2020), the Missouri Court of Appeals, Eastern District, discussed the only formulation of Shower to Shower product that PTI Union made, "Shimmer Effects," in finding that the trial court could not exercise personal jurisdiction over the claims of two out-of-state plaintiffs who only used the Johnson's Baby Powder product, which was made in Georgia by PTI Royston, not PTI Union. *See also, id.*, at 678 (noting two of the several different formulations of Shower to Shower, "Sport" and "Shimmer Effects"). Further, even Google searches will reveal the several different formulations of Shower to Shower products, such as "Prickly Heat," "Morning Fresh," "Island Fresh," and "Original Fresh." And even a plaintiffs' counsel website advertising talc litigation notes that there are several different formulations of "Shower to Shower." *See* Shower-to-Shower Class Action Lawsuit, www.classactionlawsuithelp.com/shower-shower-class-action-lawsuit/ (last accessed Dec. 15, 2023).

2.    **The scope of materials the Court considered in review of PTI Union, LLC's Omnibus Motion to Dismiss was overly restrictive.**

The Court's Order that partially denied Union's Omnibus Motion overlooked an undisputed fact that is dispositive of the claims brought by four Plaintiffs that affirmatively allege their use of the products at issue ceased, or the alleged harm that resulted from such use occurred, prior to Union's existence. The Court reasoned in its Order that it could not consider the date of Union's formation because it was not alleged in the Complaint and was supported only by extrinsic evidence. Order, *5. However, the scope of items proper for consideration that the Court described in its Order is overly-narrow.

While the Court's Order is accurate in stating that it must accept the well pleaded allegations as true, its description of the review of Union's Omnibus Motion as strictly limited to the "four corners of the complaint" is not complete. Order, *3–4. Various materials that are not within a complaint can also be considered, including public records subject to judicial notice. *Anspach ex rel. Anspach v. Philadelphia Dept. of Public Health*, 503 F.3d 256, 273 n. 11 (3d Cir. 2007); *Sun Chemical Corp. v. Am. Home Assurance Co.*, No. 20-6252 (SRC), 2020 WL 5406171, *7 (D.N.J. Sept. 9, 2020); *see also Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11-cv-368-Orl-19GJK, 2012 WL 13103015, *6 (M.D. Fla. Jan. 18, 2012) (citing to Federal Rule of Evidence 201 when taking judicial notice of

documents from the Secretary of State because they "possess the 'requisite level of reliability' required for a court to take judicial notice"); *Kelly v. Okaloosa-Walton Community College Foundation, Inc.*, No. 3:05CV317-RS, 2006 WL 8444000, *2 (N.D. Fla. Apr. 19, 2006); *Vista Exploration Co. v. Mewbourne Oil Co.,* No. CIV-10-213-C, 2010 WL 1980196, *2 n.3 (W.D. Okla. May 17, 2010) ("A certified public record kept by the Secretary of State is clearly" a record that is "capable of accurate and ready determination ... that cannot reasonably be questioned"); *Global Elec. Solutions, Inc. v. Energy Automation Sys., Inc.,* No. 3:08-00619, 2009 WL 463981, *2 (M.D. Tenn. Feb. 23, 2009) (taking judicial notice of filings from the Texas Secretary of State); *Shirley Medical Clinic, P.C. v. U.S.*, 446 F.Supp.2d 1028, 1035 (S.D. Iowa July 10, 2006) ("[A] district court may take judicial notice of public records, such as documents filed with the Secretary of State and judicial rulings, and consider them on a motion to dismiss.").

Here, four Plaintiffs allege that their use of the products at issue ceased, or the harm that use is alleged to have caused was diagnosed, before Union's formation. It is undisputed that Union was formed as a limited liability company in Delaware on November 13, 2007. This fact is evident by its Certificate of Formation, which is publicly available on the Delaware Secretary of State's website and attached to this motion as Exhibit B. The Union Complaints of Plaintiffs Davis, Haluzak, and Vanness allege that use of the relevant products ceased in 1998, 1997, and 2000,

respectively. Davis Compl., ¶ 14; Haluzak Compl., ¶ 14; Vanness Compl., ¶ 14.

Plaintiff Clark's Complaint alleges that use of the relevant product ended in

"approximately 2007," and that "Plaintiff/Decedent was diagnosed with a talcum

powder product(s) injury […] on or about March 16, 2007." Clark Compl., ¶¶ 13–

14. While Plaintiff Clark's allegation as to when use of the product ended refers

unspecifically to the year 2007, Union still could not be responsible for an injury

diagnosed prior to its existence. *See, e.g.*, *Products Liability: Necessity and

Sufficiency of Identification of Defendant as Manufacturer or Seller of Product

Alleged to Have Caused Injury*, 51 A.L.R.3d 1344, § 2(a) ("Regardless of the theory

which liability is predicated upon, . . . it is obvious that to hold a producer,

manufacturer, or seller liable for injury caused by a particular product, there must

first be proof that the defendant produced, manufactured, sold, or was in some way

responsible for the product . . . .").

The Court can take judicial notice of the fact that Union's formation took place

subsequent to Plaintiffs' use of relevant products because Union's formation date is

capable of accurate and ready determination by sources whose accuracy cannot be

reasonably questioned. *See In re Plum Baby Food Litigation*, 637 F.Supp.3d 210,

219-20 (D.N.J. Oct. 31, 2022) (citing Fed. R. Evid. 201(b)). Records containing

pertinent details of business entities kept by the Secretary of State of any state in the

United States are one such source. *Id.* As such, when all allegations of Plaintiffs'

8

Complaints are accepted as true, no set of facts can show that Union caused the alleged damages because it is undisputable that Union did not exist when Plaintiffs used or were harmed by the relevant products. Accordingly, this Court should reconsider its Order denying Union's Omnibus Motion, and dismiss the Complaints of Plaintiffs Clark, Davis, Haluzak, and Vanness.

## III.   CONCLUSION

Identical allegations examined by this Court cannot be both frivolous and plausible. This Court's earlier ruling, that the allegations at issue were an "afterthought" and could not even meet the minimal fraudulent joinder standard, was correct. Further, Union cannot be held liable for products and damages that pre-date its existence. And the Court need not consider extrinsic evidence to ascertain the date of Union's formation: its formation in 2007 is undisputed by Plaintiffs and a matter of public record for which the Court may take judicial notice. For all of these reasons, this Court should reconsider its decision to deny in part Union's Omnibus Motion and Plaintiffs' Complaints against Union should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, for the reasons set forth above and in its accompanying Motion for Reconsideration of its Omnibus Motion to Dismiss, Defendant PTI Union, LLC moves for dismissal with prejudice as to all counts, and for such other and further relief as the Court deems proper.

Dated: December 15, 2023                Respectfully submitted,

/s/ *Caroline M. Tinsley*
Caroline M. Tinsley (MO #49377)
TUCKER ELLIS LLP
100 South 4th St., Suite 600
St. Louis, MO 63102
Telephone:  (314) 256-2550
Facsimile: (314) 256-2549
caroline.tinsley@tuckerellis.com

and

/s/ *Janet L. Poletto*
Janet L. Poletto, Esq. (024871980)
Robert E. Blanton, Esq. (028392012)
HARDIN KUNDLA MCKEON & POLETTO
673 Morris Avenue
Springfield, NJ  07081
Telephone:  (973) 912-5222
Facsimile:   (973) 912-9212
jpoletto@hkmpp.com
rblanton@hkmpp.com

*Attorneys for Defendant PTI Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 15, 2023 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ *Janet L. Poletto*
Janet L. Poletto, Esq. (024871980)
HARDIN KUNDLA MCKEON &
POLETTO
673 Morris Avenue
Springfield, NJ  07081
Telephone:  (973) 912-5222
Facsimile:   (973) 912-9212
jpoletto@hkmpp.com

*Attorney for Defendant PTI Union, LLC*

11