# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) JUDGE FREDA L. WOLFSON MAG. JUDGE LOIS H. GOODMAN |
| SUSAN HALUZAK, INDIVIDUALLY AND AS WRONGFUL DEATH HEIR OF ELSIE BIERMANN, DECEDENT, | COMPLAINT AND JURY DEMAND Civil Action No.: 3:21-cv-11874 |
| Plaintiff, | |
| v. | DIRECT FILED ACTION |
| IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC, D/B/A PHARMA TECH INDUSTRIES, | |
| Defendants. | |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## **IDENTIFICATION OF PARTIES**

### **Identification of Plaintiff(s)**

1.   Name of individual injured due to the use of talcum powder product(s): <u>Elsie Biermann</u>

2.   At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Racine County, Wisconsin</u>.

3.   Consortium Claim(s):   The following individual(s) allege damages for loss of consortium: <u>            N/A            </u>.

4.   Survival and/or Wrongful Death Claims:

   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: <u>       Elsie Biermann, Minocqua, WI.            </u>

5.   Plaintiff/Decedent was born on <u>1934 </u> and died on <u>July 19, 1997</u>.

6.   Plaintiff is filing this case in a representative capacity as the<u>       daughter  and  next  of kin            </u> of the <u>Elsie Biermann, Deceased</u>.

7.   As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   <u>       </u>   injury to herself

   <u>   X   </u>   injury to the person represented

   <u>   X   </u>   wrongful death

   <u>   X   </u>   survivorship action

   <u>   X   </u>   economic loss

Case 3:16-md-02738-MAS-RLS   Document 28817-3   Filed 12/15/23   Page 4 of 62 PageID:
169186
Case 3:21-cv-11874-FLW-LHG   Document 1   Filed 05/27/21   Page 3 of 7 PageID: 3

    X     loss of services

            loss of consortium

            other:_____

### **Identification of Defendants**

8.    Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all

that apply)[1]

        ☐    Johnson & Johnson

        ☐    Johnson & Johnson Consumer Inc.

        ☒    Imerys Talc America, Inc. ("Imerys Talc")

        ☐    Personal Care Products Council ("PCPC")

**Additional Defendants:**

        ☐    Other(s) Defendant(s) (please specify): PTI Union, LLC ("PTI Union")

### **JURISDICTION & VENUE**

### **Jurisdiction:**

9.    Jurisdiction in this Short Form Complaint is based on:

        ☒    Diversity of Citizenship

        ☐    Other (The basis of any additional ground for jurisdiction must be pled in

sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

**Venue:**

10.     District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Eastern District of Wisconsin.</u>

## CASE SPECIFIC FACTS

11.     Plaintiff(s) currently reside(s) in (City, State): <u>Burlington, WI</u>.

12.     At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Minocqua, WI</u>.

13.     The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Minocqua, WI</u> on or about <u>December 1996</u>.

14.     To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>1947</u> and continued the use of talcum powder product(s) through about the following date: <u>1997</u>.

15.     The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Wisconsin</u>.

16.     Plaintiff/Decedent used the following talcum powder products:

        ☒     Johnson & Johnson's Baby Powder

        ☐     Shower to Shower

## CAUSES OF ACTION

17.     Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.     The following claims and allegations asserted in the *Master Long Form Complaint and*

*Jury Demand* are herein adopted by reference by Plaintiff(s):

☒    Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☐    Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☒    Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☐    Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

☐    Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☐    Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☐    Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☒    Count VIII:  Negligence (Against Imerys Talc)

☐    Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐    Count X:  Negligence (Against PCPC)

☐    Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☐    Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐    Count XIII:  Fraud (Against PCPC)

☐    Count XIV:  Violation of State Consumer Protection Laws of the State(s) of Wisconsin (Against the Johnson & Johnson Defendants)

☒    Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐    Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐    Count XVII:  Fraudulent Concealment (Against PCPC)

☒    Count XVIII:  Civil Conspiracy (Against All Defendants)

☐    Count XIX:  Loss of Consortium (Against All Defendants)

☒    Count XX:  Punitive Damages (Against All Defendants)

☒    Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒    Count XXII:  Wrongful Death (Against All Defendants)

☒    Count XXIII:  Survival Action (Against All Defendants)

☒    Count XXIV: Products Liability – Strict Liability – Failure to Warn (Against PTI Union

☒    Count XXV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against PTI Union)

☒    Count XXVI: Negligence (Against PTI Union)

☒    Count XXVII: Breach of Express Warranties (Against PTI Union)

☒    Count XXVIII: Fraud (Against PTI Union)

☒    Count XXIX:  Fraudulent Concealment (Against PTI Union)

☐    Furthermore, Plaintiff(s) assert(s) the following additional theories and/or

6

State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. _____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## <u>JURY DEMAND</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:  /s/ Stephanie Rados_____
     James G. Onder, #38049
     William W. Blair, #58196
     Stephanie L. Rados, #65117
     110 E. Lockwood, 2nd Floor
     St. Louis, MO  63119
     314-963-9000 telephone
     314-963-1700 facsimile
     onder@onderlaw.com
     blair@onderlaw.com
     rados@onderlaw.com

     **Counsel for Plaintiff(s)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) JUDGE FREDA L. WOLFSON MAG. JUDGE LOIS H. GOODMAN |
| JANENE TOLLIS, Plaintiff, | COMPLAINT AND JURY DEMAND Civil Action No.: 3:21-cv-11884 |
| v. IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC D/B/A PHARMA TECH INDUSTRIES, Defendants. | DIRECT FILED ACTION |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.   Name of individual injured due to the use of talcum powder product(s): <u>Janene Tollis</u>

2.   At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Frederick County, VA.</u>

3.   Consortium Claim(s):   The following individual(s) allege damages for loss of consortium: _____.

4.   Survival and/or Wrongful Death Claims:

   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: _____

   _____

5.   Plaintiff/Decedent was born on _____ and died on ___<u>N/A</u>___.

6.   Plaintiff is filing this case in a representative capacity as the_____ of the _ _____, having been duly appointed as the _____ _____ by the _____ Court of _____ _____.

7.   As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   <u>X</u>____   injury to herself

   _____   injury to the person represented

_____  wrongful death

_____  survivorship action

__X__  economic loss

__X__  loss of services

_____  loss of consortium

_____  other:_____

### **Identification of Defendants**

8.  Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all that apply)[1]

    ☐  Johnson & Johnson

    ☐  Johnson & Johnson Consumer Inc.

    ☒  Imerys Talc America, Inc. ("Imerys Talc")

    ☐  Personal Care Products Council ("PCPC")

**Additional Defendants:**

    ☒  Other(s) Defendant(s) (please specify): PTI Union, LLC ("PTI Union")

### **JURISDICTION & VENUE**

### **Jurisdiction:**

9.  Jurisdiction in this Short Form Complaint is based on:

    ☒  Diversity of Citizenship

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint.*

      ☐     Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10.    District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Western District of Virginia</u>.

## CASE SPECIFIC FACTS

11.    Plaintiff(s) currently reside(s) in (City, State): <u>Winchester, Virginia</u>.

12.    At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Winchester, Virginia</u>.

13.    The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Winchester, Virginia</u> on or about <u>August 19, 2016</u> (date).

14.    To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>approximately 1970</u> and continued the use of talcum powder product(s) through about the following date: <u>approximately 2016</u>.

15.    The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Virginia, Pennsylvania, and California</u>.

16.    Plaintiff/Decedent used the following talcum powder products:

        ☒    Johnson & Johnson's Baby Powder

        ☒    Shower to Shower

4

## CAUSES OF ACTION

17.    Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

      ☒      Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

      ☐      Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

      ☒      Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

      ☐      Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

      ☐      Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

      ☐      Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

      ☐      Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

      ☒      Count VIII:  Negligence (Against Imerys Talc)

      ☐      Count IX:  Negligence (Against the Johnson & Johnson Defendants)

      ☐      Count X:  Negligence (Against PCPC)

      ☐      Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

5

☐ Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐ Count XIII:  Fraud (Against PCPC)

☐ Count XIV:  Violation of State Consumer Protection Laws of the State(s) of California, Pennsylvania, and Virginia (Against the Johnson & Johnson Defendants)

☒ Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐ Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐ Count XVII:  Fraudulent Concealment (Against PCPC)

☒ Count XVIII:  Civil Conspiracy (Against All Defendants)

☐ Count XIX:  Loss of Consortium (Against All Defendants)

☒ Count XX:  Punitive Damages (Against All Defendants)

☒ Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☐ Count XXII: Wrongful Death (Against All Defendants)

☐ Count XXIII:  Survival Action (Against All Defendants)

☒ Count XXIV: Products Liability – Strict Liability – Failure to Warn (Against PTI Union

☒ Count XXV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against PTI Union)

☒ Count XXVI: Negligence (Against PTI Union)

☒ Count XXVII: Breach of Express Warranties

6

(Against PTI Union)

☒    Count XXVIII: Fraud (Against PTI Union)

☒    Count XXIX: Fraudulent Concealment (Against PTI Union)

☐    Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. _____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

<u>**JURY DEMAND**</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:    /s/ Stephanie Rados
         James G. Onder, #38049
         William W. Blair, #58196
         Stephanie L. Rados, #65117
         110 E. Lockwood, 2nd Floor
         St. Louis, MO  63119

314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

**Counsel for Plaintiff(s)**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2738 (FLW) (LHG)**<br>**JUDGE FREDA L. WOLFSON**<br>**MAG. JUDGE LOIS H. GOODMAN** |
| DAVID VANNESS, AS ANTICIPATED PERSONAL REPRESENTATIVE OF THE ESTATE OF ELAINE VANNESS, DECEASED, | COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: 3:21-cv-11885 |
| Plaintiff, | |
| v. | DIRECT FILED ACTION |
| IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC D/B/A PHARMA TECH INDUSTRIES | |
| Defendants. | |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.    Name of individual injured due to the use of talcum powder product(s): <u>Elaine Vanness</u>

2.    At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Milwaukee County, WI</u>.

3.    Consortium Claim(s):   The following individual(s) allege damages for loss of consortium: _____.

4.    Survival and/or Wrongful Death Claims:

     Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: _____<u>Elaine Vanness, Wisconsin</u>_____

     _____

5.    Plaintiff/Decedent was born on <u>February 10, 1926</u> and died on <u>February 3, 2009</u>.

6.    Plaintiff is filing this case in a representative capacity as the_____<u>son and next of kin</u>_____ of the <u>decedent Elaine Vanness</u>.

7.    As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

     _____ injury to herself

     <u>X</u>_____ injury to the person represented

     <u>X</u>_____ wrongful death

     <u>X</u>_____ survivorship action

X _____    economic loss

X _____    loss of services

_____    loss of consortium

_____    other:_____

### **Identification of Defendants**

8.   Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all

that apply)[1]

☐   Johnson & Johnson

☐   Johnson & Johnson Consumer Inc.

☒   Imerys Talc America, Inc. ("Imerys Talc")

☐   Personal Care Products Council ("PCPC")

**Additional Defendants:**

☒   Other(s) Defendant(s) (please specify): PTI Union, LLC ("PTI Union") _____

## **JURISDICTION & VENUE**

### **Jurisdiction:**

9.   Jurisdiction in this Short Form Complaint is based on:

☒   Diversity of Citizenship

☐   Other (The basis of any additional ground for jurisdiction must be pled in

sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

**Venue:**

10.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Eastern District of Wisconsin.</u>

## CASE SPECIFIC FACTS

11.   Plaintiff(s) currently reside(s) in (City, State): <u>Muskego, Wisconsin</u>.

12.   At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Oak Creek, Wisconsin</u>.

13.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Milwaukee, Wisconsin</u> on or about <u>July 28, 2006</u> (date).

14.   To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>approximately 1950</u> and continued the use of talcum powder product(s) through about the following date: <u>approximately 2000</u>.

15.   The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Wisconsin</u>.

16.   Plaintiff/Decedent used the following talcum powder products:

      ☒   Johnson & Johnson's Baby Powder

      ☐   Shower to Shower

## CAUSES OF ACTION

17.   Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form*

4

*Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

    ☒    Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

    ☐    Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

    ☒    Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

    ☐    Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

    ☐    Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

    ☐    Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

    ☐    Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

    ☒    Count VIII: Negligence (Against Imerys Talc)

    ☐    Count IX: Negligence (Against the Johnson & Johnson Defendants)

    ☐    Count X: Negligence (Against PCPC)

    ☐    Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

    ☐    Count XII: Fraud (Against the Johnson & Johnson Defendants)

    ☐    Count XIII: Fraud (Against PCPC)

☐    Count XIV:  Violation of State Consumer Protection Laws of the State(s) of Wisconsin (Against the Johnson & Johnson Defendants)

☒    Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐    Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐    Count XVII:  Fraudulent Concealment (Against PCPC)

☒    Count XVIII:  Civil Conspiracy (Against All Defendants)

☐    Count XIX:  Loss of Consortium (Against All Defendants)

☒    Count XX:  Punitive Damages (Against All Defendants)

☒    Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒    Count XXII:  Wrongful Death (Against All Defendants)

☒    Count XXIII:  Survival Action (Against All Defendants)

☒    Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. __Please see additional sheet.__

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of

compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

**JURY DEMAND**

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By: /s/ Stephanie Rados
James G. Onder, #38049
William W. Blair, #58196
Stephanie L. Rados, #65117
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

**Counsel for Plaintiff(s)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) JUDGE FREDA L. WOLFSON MAG. JUDGE LOIS H. GOODMAN |
| ARCHIE WELLMAN, AS ANTICIPATED PERSONAL REPRESENTATIVE OF THE ESTATE OF CATHERINE WELLMAN, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC, D/B/A PHARMA TECH INDUSTRIES<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: 3:21-cv-11888<br><br><br>DIRECT FILED ACTION |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s): <u>Catherine Wellman</u>

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Gladwin County, Michigan.</u>

3. Consortium Claim(s):  The following individual(s) allege damages for loss of consortium:  <u>Archie Wellman</u>.

4. Survival and/or Wrongful Death Claims:

   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: _____ <u>Catherine Wellman, Michigan</u> _____

5. Plaintiff/Decedent was born on <u>1933</u> and died on <u>May 26, 2016</u>.

6. Plaintiff is filing this case in a representative capacity as the_____ <u>Spouse and Next of Kin</u> of the _____ <u>Decedent Catherine Wellman</u> .

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   _____ injury to herself

   <u>X</u> injury to the person represented

   <u>X</u> wrongful death

   X      survivorship action

   X      economic loss

   X      loss of services

   X      loss of consortium

           other:_____

### Identification of Defendants

8.  Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all that apply)[1]

- ☐ Johnson & Johnson
- ☐ Johnson & Johnson Consumer Inc.
- ☒ Imerys Talc America, Inc. ("Imerys Talc")
- ☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

- ☒ Other(s) Defendant(s) (please specify): PTI Union ("PTI Union, LLC")

## JURISDICTION & VENUE

### Jurisdiction:

9.  Jurisdiction in this Short Form Complaint is based on:

- ☒ Diversity of Citizenship
- ☐ Other (The basis of any additional ground for jurisdiction must be pled in

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Eastern District of Michigan.</u>

## CASE SPECIFIC FACTS

11.   Plaintiff(s) currently reside(s) in (City, State): <u>Sanford, Michigan</u>.

12.   At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Sanford, Michigan</u>.

13.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Midland, Michigan</u> on or about <u>February 2, 2016</u> (date).

14.   To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>approximately 1986</u> and continued the use of talcum powder product(s) through about the following date: <u>approximately 2016</u>.

15.   The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Michigan</u>.

16.   Plaintiff/Decedent used the following talcum powder products:

☒   Johnson & Johnson's Baby Powder

☐   Shower to Shower

## CAUSES OF ACTION

4

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

    ☒ Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

    ☐ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

    ☒ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

    ☐ Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

    ☐ Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

    ☐ Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

    ☐ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

    ☒ Count VIII:  Negligence (Against Imerys Talc)

    ☐ Count IX:  Negligence (Against the Johnson & Johnson Defendants)

    ☐ Count X:  Negligence (Against PCPC)

    ☐ Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

    ☐ Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐　　　Count XIII:  Fraud (Against PCPC)

☐　　　Count XIV:  Violation of State Consumer Protection Laws of the State(s) of Michigan (Against the Johnson & Johnson Defendants)

☒　　　Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐　　　Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐　　　Count XVII:  Fraudulent Concealment (Against PCPC)

☒　　　Count XVIII:  Civil Conspiracy (Against All Defendants)

☒　　　Count XIX:  Loss of Consortium (Against All Defendants)

☒　　　Count XX:  Punitive Damages (Against All Defendants)

☒　　　Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒　　　Count XXII:  Wrongful Death (Against All Defendants)

☒　　　Count XXIII:  Survival Action (Against All Defendants)

☒　　　　　　Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. Please see additional sheet.

6

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:   /s/ Stephanie Rados
James G. Onder, #38049
William W. Blair, #58196
Stephanie L. Rados, #65117
110 E. Lockwood, 2nd Floor
St. Louis, MO  63119
314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

**Counsel for Plaintiff(s)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG)<br>JUDGE FREDA L. WOLFSON<br>MAG. JUDGE LOIS H. GOODMAN |
| DEBBIE WYNN, AS ANTICPATED PERSONAL REPRESENTATIVE OF TH E ESTATE OF PATRICIA SMITH, DECEASED,<br><br>        Plaintiff,<br><br>v.<br><br>IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC, D/B/A PHARMA TECH INDUSTRIES,<br><br>        Defendants. | COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: 3:21-cv-11882<br><br><br>DIRECT FILED ACTION |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## **IDENTIFICATION OF PARTIES**

### **Identification of Plaintiff(s)**

1.  Name of individual injured due to the use of talcum powder product(s): <u>Patricia Smith</u>

2.  At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Wayne County, Michigan.</u>

3.  Consortium Claim(s):  The following individual(s) allege damages for loss of consortium: _____.

4.  Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: ____<u>Patricia Smith, Michigan</u>_____

    _____

5.  Plaintiff/Decedent was born on <u>1944</u>_____ and died on <u>July 8, 2016</u>___.

6.  Plaintiff is filing this case in a representative capacity as the_____ <u>sister and next of kin</u> _____ of the <u>decedent Patricia Smith</u>_____.

7.  As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    _____  injury to herself

    __X__  injury to the person represented

    __X__  wrongful death

    __X__  survivorship action

X      economic loss

X      loss of services

_____  loss of consortium

_____  other:_____

## **Identification of Defendants**

8.    Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all that apply)[1]

    ☐    Johnson & Johnson

    ☐    Johnson & Johnson Consumer Inc.

    ☒    Imerys Talc America, Inc. ("Imerys Talc")

    ☐    Personal Care Products Council ("PCPC")

**Additional Defendants:**

    ☒    Other(s) Defendant(s) (please specify): PTI Union, LLC ("PTI Union")

## **JURISDICTION & VENUE**

**Jurisdiction:**

9.    Jurisdiction in this Short Form Complaint is based on:

    ☒    Diversity of Citizenship

    ☐    Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

**Venue:**

10.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Eastern District of Michigan.</u>

## CASE SPECIFIC FACTS

11.   Plaintiff(s) currently reside(s) in (City, State): <u>Detroit, Michigan</u>.

12.   At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Detroit, Michigan</u>.

13.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Southfield, Michigan</u> on or about <u>May 16, 2016</u> (date).

14.   To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>approximately 1996</u> and continued the use of talcum powder product(s) through about the following date: <u>approximately 2016</u>.

15.   The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Michigan</u>.

16.   Plaintiff/Decedent used the following talcum powder products:

      ☒   Johnson & Johnson's Baby Powder

      ☐   Shower to Shower

## CAUSES OF ACTION

17.   Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form*

4

*Complaint and Jury Demand* as if fully set forth herein.

18.     The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☒     Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☐     Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☒     Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☐     Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

☐     Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☐     Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☐     Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☒     Count VIII:  Negligence (Against Imerys Talc)

☐     Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐     Count X:  Negligence (Against PCPC)

☐     Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☐     Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐     Count XIII:  Fraud (Against PCPC)

☐    Count XIV:  Violation of State Consumer Protection Laws of the State(s) of Michigan (Against the Johnson & Johnson Defendants)

☒    Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐    Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐    Count XVII:  Fraudulent Concealment (Against PCPC)

☒    Count XVIII:  Civil Conspiracy (Against All Defendants)

☐    Count XIX:  Loss of Consortium (Against All Defendants)

☒    Count XX:  Punitive Damages (Against All Defendants)

☒    Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒    Count XXII:  Wrongful Death (Against All Defendants)

☒    Count XXIII:  Survival Action (Against All Defendants)

☒ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.   Please see additional sheet.

_____

_____

     **WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## <u>JURY DEMAND</u>

     Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

          Respectfully Submitted by,

          ONDERLAW, LLC

By:    /s/ Stephanie Rados
        James G. Onder, #38049
        William W. Blair, #58196
        Stephanie L. Rados, #65117
        110 E. Lockwood, 2nd Floor
        St. Louis, MO  63119
        314-963-9000 telephone
        314-963-1700 facsimile
        onder@onderlaw.com
        blair@onderlaw.com
        rados@onderlaw.com

        **Counsel for Plaintiff(s)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2738 (FLW) (LHG)**<br>**JUDGE FREDA L. WOLFSON**<br>**MAG. JUDGE LOIS H. GOODMAN** |
| TAMIKA CLARK, AS ANTICIPATED PERSONAL REPRESENTATIV OF THE ESTATE OF BEVERLY CLARK, DECEASED, | COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: 3:21-cv-11876 |
| Plaintiff, | |
| v. | DIRECT FILED ACTION |
| IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC, D/B/A PHARMA TECH INDUSTRIES, | |
| Defendants. | |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.   Name of individual injured due to the use of talcum powder product(s): <u>Beverly Clark</u>

2.   At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Genesee County, Michigan.</u>

3.   Consortium Claim(s):   The following individual(s) allege damages for loss of consortium: _____.

4.   Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: ____<u>Beverly Clark, Michigan</u>_____

_____

5.   Plaintiff/Decedent was born on _<u>October 18, 1957</u>____ and died on _____<u>July 8, 2013</u>.

6.   Plaintiff is filing this case in a representative capacity as the_____<u>daughter and next of kin</u>_____ of the <u>decedent Beverly Clark</u>_____.

7.   As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

_____ injury to herself

_<u>X</u>__ injury to the person represented

_<u>X</u>__ wrongful death

_<u>X</u>__ survivorship action

        __X__    economic loss

        __X__    loss of services

        _____    loss of consortium

        _____    other:_____

### Identification of Defendants

8.    Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all that apply)[1]

      ☐    Johnson & Johnson

      ☐    Johnson & Johnson Consumer Inc.

      ☒    Imerys Talc America, Inc. ("Imerys Talc")

      ☐    Personal Care Products Council ("PCPC")

**Additional Defendants:**

      ☒    Other(s) Defendant(s) (please specify): PTI Union, LLC ("PTI Union")

### JURISDICTION & VENUE

### Jurisdiction:

9.    Jurisdiction in this Short Form Complaint is based on:

      ☒    Diversity of Citizenship

      ☐    Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

**Venue:**

10.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Eastern District of Michigan.</u>

## CASE SPECIFIC FACTS

11.   Plaintiff(s) currently reside(s) in (City, State): <u>Flint, Michigan</u>.

12.   At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Flint, Michigan</u>.

13.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Flint, Michigan</u> on or about <u>March 16, 2007</u> (date).

14.   To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>approximately 1973</u> and continued the use of talcum powder product(s) through about the following date: <u>approximately 2007</u>.

15.   The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Michigan</u>.

16.   Plaintiff/Decedent used the following talcum powder products:

        ☒   Johnson & Johnson's Baby Powder

        ☐   Shower to Shower

## CAUSES OF ACTION

17.   Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

4

18.   The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

 ☒ Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

 ☐ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

 ☒ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

 ☐ Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

 ☐ Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

 ☐ Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

 ☐ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

 ☒ Count VIII:  Negligence (Against Imerys Talc)

 ☐ Count IX:  Negligence (Against the Johnson & Johnson Defendants)

 ☐ Count X:  Negligence (Against PCPC)

 ☐ Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

 ☐ Count XII:  Fraud (Against the Johnson & Johnson Defendants)

 ☐ Count XIII:  Fraud (Against PCPC)

 ☐ Count XIV:  Violation of State Consumer

Protection Laws of the State(s) of Michigan
(Against the Johnson & Johnson Defendants)

☒   Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐   Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐   Count XVII:  Fraudulent Concealment (Against PCPC)

☒   Count XVIII:  Civil Conspiracy (Against All Defendants)

☐   Count XIX:  Loss of Consortium (Against All Defendants)

☒   Count XX:  Punitive Damages (Against All Defendants)

☒   Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☒   Count XXII:  Wrongful Death (Against All Defendants)

☒   Count XXIII:  Survival Action (Against All Defendants)

☒   Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.   Please see additional sheet.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of

compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:    /s/ Stephanie Rados
       James G. Onder, #38049
       William W. Blair, #58196
       Stephanie L. Rados, #65117
       110 E. Lockwood, 2nd Floor
       St. Louis, MO  63119
       314-963-9000 telephone
       314-963-1700 facsimile
       onder@onderlaw.com
       blair@onderlaw.com
       rados@onderlaw.com

       **Counsel for Plaintiff(s)**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) JUDGE FREDA L. WOLFSON MAG. JUDGE LOIS H. GOODMAN |
| DANNY DAVIS, AS ANTICIPATED PERSONAL REPRESENTATIVE OF THE ESTATE OF TIRA MAE DAVIS, DECEASED, | COMPLAINT AND JURY DEMAND Civil Action No.: 3:21-cv-11878 |
| Plaintiff, | |
| v. | DIRECT FILED ACTION |
| IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC, D/B/A PHARMA TECH INDUSTRIES, | |
| Defendants. | |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.  Name of individual injured due to the use of talcum powder product(s): <u>Tira Mae Davis</u>

2.  At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Saline County, Kansas</u>.

3.  Consortium Claim(s):  The following individual(s) allege damages for loss of consortium: _____.

4.  Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death:  <u>Tira Mae Davis, Kansas</u> _____

    _____

5.  Plaintiff/Decedent was born on <u>January 10, 1934</u> and died on <u>October 26, 1998</u>.

6.  Plaintiff is filing this case in a representative capacity as the <u>son and next of kin</u> of the <u>decedent Tira Mae Davis</u>.

7.  As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    _____  injury to herself

    __X__  injury to the person represented

    __X__  wrongful death

    __X__    survivorship action

    __X__    economic loss

    __X__    loss of services

    _____    loss of consortium

    _____    other:_____

### Identification of Defendants

8.    Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all that apply)[1]

    ☐    Johnson & Johnson

    ☐    Johnson & Johnson Consumer Inc.

    ☒    Imerys Talc America, Inc. ("Imerys Talc")

    ☐    Personal Care Products Council ("PCPC")

**Additional Defendants:**

    ☒  Other(s) Defendant(s) (please specify): PTI Union, LLC ("PTI Union")

## JURISDICTION & VENUE

### Jurisdiction:

9.    Jurisdiction in this Short Form Complaint is based on:

    ☒    Diversity of Citizenship

    ☐    Other (The basis of any additional ground for jurisdiction must be pled in

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

3

sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10.   District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the District of Kansas.</u>

## CASE SPECIFIC FACTS

11.   Plaintiff(s) currently reside(s) in (City, State): _____<u>Assaria, Kansas</u>___.

12.   At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): ___<u>Assaria, Kansas</u>_____.

13.   The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): ___<u>Wichita, Kansas</u>_____ on or about _____<u>September 28, 1998</u>____ (date).

14.   To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: ___<u>approximately 1946</u>_____ and continued the use of talcum powder product(s) through about the following date: ___<u>approximately 1998</u>_____.

15.   The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): _____<u>Kansas</u>.

16.   Plaintiff/Decedent used the following talcum powder products:

     ☒    Johnson & Johnson's Baby Powder

     ☐    Shower to Shower

## CAUSES OF ACTION

17.   Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.   The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☒   Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☐   Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☒   Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☐   Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

☐   Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☐   Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☐   Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☒   Count VIII:  Negligence (Against Imerys Talc)

☐   Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐   Count X:  Negligence (Against PCPC)

☐   Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☐   Count XII:  Fraud (Against the Johnson & Johnson Defendants)

5

☐　　Count XIII:  Fraud (Against PCPC)

☐　　Count XIV:  Violation of State Consumer
　　　Protection Laws of the State(s) of Kansas
　　　(Against the Johnson & Johnson Defendants)

☒　　Count XV:  Fraudulent Concealment (Against
　　　Imerys Talc)

☐　　Count XVI:  Fraudulent Concealment (Against
　　　the Johnson & Johnson Defendants)

☐　　　Count XVII:  Fraudulent Concealment
　　　　(Against PCPC)

☒　　Count  XVIII:   Civil  Conspiracy  (Against  All
　　　Defendants)

☐　　Count XIX:  Loss of Consortium (Against All
　　　Defendants)

☒　　Count  XX:   Punitive  Damages  (Against  All
　　　Defendants)

☒　　Count  XXI:   Discovery  Rule  and  Tolling
　　　(Against All Defendants)

☒　　Count  XXII:    Wrongful  Death  (Against  All
　　　Defendants)

☒　　Count  XXIII:   Survival  Action  (Against  All
　　　Defendants)

☒Furthermore, Plaintiff(s) assert(s) the following additional theories
and/or State Causes of Action against Defendant(s) identified in
Paragraph nine (9) above. If Plaintiff(s) includes additional theories of
recovery, to the extent they require specificity in pleadings, the specific
facts and allegations supporting these theories must be pled by Plaintiff(s)
in a manner complying with the requirements of the Federal Rules of Civil

Procedure.   Please see additional sheet.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:   /s/ Stephanie Rados
James G. Onder, #38049
William W. Blair, #58196
Stephanie L. Rados, #65117
110 E. Lockwood, 2nd Floor
St. Louis, MO  63119
314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

**Counsel for Plaintiff(s)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | **MDL NO. 16-2738 (FLW) (LHG)** **JUDGE FREDA L. WOLFSON** **MAG. JUDGE LOIS H. GOODMAN** |
| DONNA HALL, | COMPLAINT AND JURY DEMAND |
| Plaintiff, | Civil Action No.: 3:21-cv-11880 |
| v. | |
| IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., AND PTI UNION, LLC D/B/A PHARMA TECH INDUSTRIES, | DIRECT FILED ACTION |
| Defendants. | |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.  Name of individual injured due to the use of talcum powder product(s): <u>Donna Hall</u>

2.  At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Wayne County, MI</u>.

3.  Consortium Claim(s):   The following individual(s) allege damages for loss of consortium: <u>   N/A   </u>.

4.  Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: <u>   N/A   </u>

5.  Plaintiff/Decedent was born on <u>1957</u> and died on <u>   N/A   </u>.

6.  Plaintiff is filing this case in a representative capacity as the _____ of the _____, having been duly appointed as the _____ _____ by the _____ Court of _____ _____.

7.  As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

    <u>  X  </u>   injury to herself

    <u>      </u>   injury to the person represented

_____ wrongful death

_____ survivorship action

__X__ economic loss

__X__ loss of services

_____ loss of consortium

_____ other:_____

### **Identification of Defendants**

8.  Plaintiff(s)/Decedent Plaintiff(s) is/are using the following Defendant(s) (please check all that apply)[1]

    ☐   Johnson & Johnson

    ☐   Johnson & Johnson Consumer Inc.

    ☒   Imerys Talc America, Inc. ("Imerys Talc")

    ☐   Personal Care Products Council ("PCPC")

**Additional Defendants:**

    ☒   Other(s) Defendant(s) (please specify):_ PTI Union, LLC ("PTI Union")_

### **JURISDICTION & VENUE**

### **Jurisdiction:**

9.  Jurisdiction in this Short Form Complaint is based on:

    ☒   Diversity of Citizenship

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

3

    ☐     Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure). _____

_____

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the Western District of Michigan.</u>

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State): <u>Belleville, WI</u>.

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Belleville, WI</u>.

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>Ypsilanti, WI.</u> on or about <u>May 2011.</u>

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>1969</u> and continued the use of talcum powder product(s) through about the following date: <u>2011</u>.

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Virginia and Michigan.</u>

16. Plaintiff/Decedent used the following talcum powder products:

        ☒     Johnson & Johnson's Baby Powder

        ☒     Shower to Shower

4

## CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☒ Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☐ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

☒ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☐ Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

☐ Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

☐ Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

☐ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

☒ Count VIII:  Negligence (Against Imerys Talc)

☐ Count IX:  Negligence (Against the Johnson & Johnson Defendants)

☐ Count X:  Negligence (Against PCPC)

☐ Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

☐     Count XII:  Fraud (Against the Johnson & Johnson Defendants)

☐     Count XIII:  Fraud (Against PCPC)

☐     Count XIV:  Violation of State Consumer Protection Laws of the State(s) of Michigan (Against the Johnson & Johnson Defendants)

☒     Count XV:  Fraudulent Concealment (Against Imerys Talc)

☐     Count XVI:  Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐     Count XVII:  Fraudulent Concealment (Against PCPC)

☒     Count XVIII:  Civil Conspiracy (Against All Defendants)

☐     Count XIX:  Loss of Consortium (Against All Defendants)

☒     Count XX:  Punitive Damages (Against All Defendants)

☒     Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☐     Count XXII:  Wrongful Death (Against All Defendants)

☐     Count XXIII:  Survival Action (Against All Defendants)

☒     Count XXIV:  Products Liability – Strict Liability – Failure to Warn (Against PTI Union

☒     Count XXV:  Products Liability – Strict Liability – Defective Manufacturer and Design (Against PTI Union)

☒     Count XXVI: Negligence (Against PTI Union)

☒     Count XXVII: Breach of Express Warranties (Against PTI Union)

☒    Count XXVIII: Fraud (Against PTI Union)

☒    Count XXIX: Fraudulent Concealment (Against PTI Union)

☐    Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure. _____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

<u>**JURY DEMAND**</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:    /s/ Stephanie Rados
James G. Onder, #38049
William W. Blair, #58196
Stephanie L. Rados, #65117
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
314-963-9000 telephone
314-963-1700 facsimile

7

onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

**Counsel for Plaintiff(s)**

# EXHIBIT B

# Delaware

*PAGE 1*

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "PTI UNION, LLC", FILED IN THIS OFFICE ON THE THIRTEENTH DAY OF NOVEMBER, A.D. 2007, AT 12:19 O'CLOCK P.M.



4456914   8100

071215840

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

**AUTHENTICATION: 6156944**

**DATE: 11-13-07**

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:19 PM 11/13/2007
FILED 12:19 PM 11/13/2007
SRV 071215840 - 4456914 FILE

## CERTIFICATE OF FORMATION

### OF

### PTI UNION, LLC

1.   The name of the limited liability company is PTI UNION, LLC.

2.   The address of its registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle. The name of its registered agent at such address is the Corporation Trust Company.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation of PTI UNION, LLC this 13th day of November, 2007.

By: _____
Thomas L. Benson, III