**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738 (MAS)/(RLS)<br><br>MLD Case No. 2738<br><br>[FILED ELECTRONICALLY]<br><br>Return Date: January 2, 2024 |

**ANDY D. BIRCHFIELD, JR. AND BEASLEY ALLEN'S OPPOSITION TO DEFENDANTS JOHNSON & JOHNSON AND LTL MANAGEMENT LLC'S MOTION FOR ORDER TO SHOW CAUSE SEEKING THE DISQUALIFICATION FROM THIS LITIGATION OR REMOVAL FROM THE PLAINTIFFS' STEERING COMMITTEE**

**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
Jeffery M. Pollock, Esq.
Michael W. Sabo, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: 609-896-7660
Facsimile: 609-896-1469
*Attorneys for Andy Birchfield and Beasley Allen*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ................................................................................................................ 3

    A.  Mr. Birchfield is a Competent, Ethical Attorney, Who is Presumptively Entitled to Continue Representing Plaintiffs in this Case ................................................................. 3

        1.  Mr. Birchfield's Substantial Background and Experience Litigating Complex Mass Torts Cases and Class Actions ........................................................................ 3

        2.  J&J's Baseless Allegations and Mr. Birchfield's Thirty (30) Years of Ethical Conduct and Compliance with the Attorney Rules of Professional Conduct .............................. 4

    B.  Mr. Conlan Never Shared or Disseminated Confidential or Privileged Attorney-Client Information with Mr. Birchfield or Beasley Allen ......................................................... 5

    C.  J&J's *Modus Operandi* and Strategy of Attacking Lawyers and Witnesses Against Them Destroys Its Credibility ............................................................................................... 6

ARGUMENT ...................................................................................................................... 6

I.  J&J HAS FAILED TO CARRY ITS HEAVY BURDEN THAT BIRCHFIELD AND BEASLEY ALLEN SHOULD BE DISQUALIFIED FROM THIS LITIGATION AS A MATTER OF LAW ........................................................................................................ 6

    A.  Standard of Review ........................................................................................................ 7

    B.  J&J Fails to Carry Its Heavy Burden to Disqualify Birchfield or Beasley Allen Because There is No Evidence that Birchfield or Beasley Allen Ever Obtained J&J's Confidential or Privileged Client Information and Conlan is Not (and Was Never) an Attorney at Beasley Allen ................................................................................................................ 8

        1.  J&J Does Not Provide Any Evidence That Conlan Shared Confidential Privileged Information with Mr. Birchfield or Beasley Allen ................................................. 8

        2.  No Conflict May Be Imputed to Beasley Allen because Conlan has no Attorney or Employment Relationship with Beasley Allen ........................................................ 9

    C.  The Motion Should Be Denied Because J&J's Application Lacks Not Only Legal Merit but Their Strategy of Attacking Anyone and Everyone Dilutes Any Credibility for J&J and its Counsel ................................................................................................................. 11

II.  THERE IS NO BASIS TO REMOVE BEASLEY ALLEN FROM THE PLAINTIFFS' STEERING COMMITTEE .............................................................................................. 13

CONCLUSION ............................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alexander v. Primerica Holdings, Inc.*,
   822 F. Supp. 1099 (D.N.J. 1993) ...............................................................................7

*Alvarez v. Am. Lafrance, LLC*,
   Civ. A. No. 15-civ-8446 (KSH), 2017 WL 2709562 (D.N.J. June 23, 2017) ..........10

*In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litig.*,
   495 F. Supp. 2d 1027 (N.D. Cal. 2007) .....................................................................4

*In re Cedent Corp. Sec. Litig.*,
   124 F. Supp. 2d 235 (D.N.J. 2000) ...........................................................................10

*Chi Ming Yau v. He Cheng Rest. Corp.*,
   Civ. A. No. 12-civ-6754 (MCA)/(LDW), 2015 WL 3540596 (D.N.J. June 2,
   2015). .........................................................................................................................8

*City of Atl. City v. Trupos*,
   992 A.2d 762 (N.J. 2010) ......................................................................................7, 10

*Commando v. Nugiel*,
   436 N.J. Super. 203 (App. Div. 2014) ........................................................................7

*Cordy v. Sherwin-Williams Co.*,
   156 F.R.D. 575 (D.N.J. 1994) ..................................................................................10

*Delso v. Trs. For Ret. Plan For Hourly Emps. of Merck & Co., Inc.*,
   Civ. A. No. 04-civ-3009, 2007 WL 766349 (D.N.J. Mar. 6, 2007) ...........................7

*Dewey v. R.J. Reynolds*,
   109 N.J. 201 (1988) ....................................................................................................7

*Dewey v. R.J. Reynolds Tobacco Co.*,
   536 A.2d 243 (N.J. 1988) .........................................................................................11

*Estep v. Pharmacia & Upjohn Co. (In re Testosterone Replacement Therapy
   Prods. Liab. Litig.)*,
   67 F. Supp. 3d 952 (N.D. Ill. 2014) ............................................................................4

*Ford Motor Co. v. Edgewood Properties, Inc.*,
   Civ. A. No. 06-civ-1278, 2011 WL 5080347 (D.N.J. Oct. 25, 2011) ......................10

*Fragoso v. Piao*,
    433 F. Supp. 3d 623 (D.N.J. 2019) ..................................................................9, 11, 13

*Hester v. Bayer Corp.*,
    206 F.R.D. 683 (M.D. Ala. 2001) ..................................................................................4

*High 5 Games, LLC v. Marks*,
    Civ. A. No. 13-civ-7161 (JMV), 2018 WL 2278103 (D.N.J. May 18, 2018) .........11

*Estate of Kennedy v. Rosenblatt*,
    447 N.J. Super. 444 (App. Div. 2016) ...........................................................................7

*In re Lisse*,
    921 F.3d 629 (7th Cir. 2019) ..........................................................................................9

*In re LTL Mgmt., LLC*,
    652 B.R. 433 (Bankr. D.N.J. 2023) ................................................................................1

*LTL Mgmt., LLC v. Those Parties Listed on Appendix A To Complaint (In re LTL
    Mgmt., LLC)*,
    58 F.4th 738 (3d Cir. 2023) .................................................................................1, 2, 12

*Maldonado v. New Jersey*,
    225 F.R.D. 120 (D.N.J. 2004) ........................................................................................7

*Nasdaq, Inc v. Miami Int'l Holdings, Inc.*,
    Civ. A. No. 17-civ-6664 (BRM), 2018 WL 6171819 (D.N.J. Nov. 26, 2018) .........7

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*,
    278 F.3d 175 (3d Cir. 2002) .........................................................................................11

*Richard H. Weatherly v. Depuy Orthopaedics*,
    Case No. 1:23-civ-00134-(LCB)/(JEP) (filed July 20, 2023) ....................................13

*In re Vioxx Prod. Liab. Litig.*,
    802 F. Supp. 2d 740 (E.D. La. 2011) ............................................................................3

**Other Authorities**

Fed. R. Civ. P. 103.1(a) ..........................................................................................................7

RPC 1.6 ............................................................................................................................4, 5, 8

RPC 1.6(a) ...............................................................................................................................8

RPC 1.9 ..................................................................................................................................10

RPC 1.9(a) ..........................................................................................................................7, 9

RPC 1.9(a) and 1.9(c) ...........................................................................................................4, 5

RPC 1.10 ................................................................................................................................8, 10

**PRELIMINARY STATEMENT**

Johnson & Johnson (J&J)'s motion to disqualify Andy Birchfield and Beasley Allen fails because: (1) the application is deficient as a matter of law, and (2) J&J lacks credibility in this challenge given the company's unhinged practice of bad faith bankruptcy filings, *ad hominem* attacks on opposing counsel, and unfounded efforts to disqualify any who oppose it. Practicing law is a profession, not a locker-room brawl.

Context is illuminating: Twice J&J has attempted to minimize its talc liability to cancer victims by filing Chapter 11 bankruptcy petitions of its subsidiary, LTL Management LLC (LTL). Twice it failed. Two courts have dismissed J&J's flawed bankruptcy petition because J&J lacked financial distress.[1] Now J&J's seeks to derail jury trials by filing in bankruptcy a third time.[2] J&J blames Andy Birchfield, Leigh O'Dell, and the Beasley Allen Firm for its two defeats and seeks to have this Court remove them as obstacles as it prepares for its third bankruptcy attempt.[3]

Earlier this year, the United States Court of Appeals for the Third Circuit held that J&J filed their bankruptcy petition in bad faith with "no valid bankruptcy purpose" but rather filed

---

[1]     *See LTL Mgmt., LLC v. Those Parties Listed on Appendix A To Complaint (In re LTL Mgmt., LLC)*, 58 F.4th 738 (3d Cir. 2023) (dismissing J&J's first bankruptcy petition because it was filed in bad faith and it was not a debtor in distress); *In re LTL Mgmt., LLC*, 652 B.R. 433 (Bankr. D.N.J. 2023) (dismissing J&J's second bad faith bankruptcy because talc lawsuits did not make J&J a distressed debtor).

[2]     *See* Haas, Exh. 2 at 9 (stating on October 17, 2023 that J&J is considering filing yet "another bankruptcy").

[3]     *See* J&J Br. at 5 (stating that "Birchfield took his opposition all the way to the Third Circuit and managed to defeat the bankruptcy plan"); *id.* at 7 (stating that "Once again, Birchfield and Beasley Allen… raised objections. Their opposition, orchestrated from Beasley Allen's perch on the Plaintiffs' Steering Committee in this MDL, again led to dismissal in July 2023"). As the Court is aware, the appeal that resulted in the Third Circuit reversal was prosecuted by the Official Committee of Tort Claimants (TCC) and other appellants. Beasley Allen's client is a member of the TCC. Neither Beasley Allen nor Mr. Birchfield were appellants.

1

merely to "beat back talc litigation in trial courts." *LTL Mgmt., LLC v. Those Parties Listed on Appendix A To Complaint (In re LTL Mgmt., LLC)*, 58 F.4th 738 (3d Cir. 2023). J&J has not attacked merely Andy Birchfield, Leigh O'Dell, and their law firm – rather they have attacked everyone on their "enemies list." Declaration of Jeffrey M. Pollock, Esq. ("Pollock Decl.") at Exh. D.

  J&J bears a "heavy burden" in its efforts to disqualify Mr. Birchfield and his firm, but its application is premised entirely on conjecture, speculation, and hypothesis. Instead of providing any evidence of misconduct by Mr. Birchfield or Beasley Allen, J&J attacks its own former counsel James Conlan and his company Legacy Liability Solutions LLC (Legacy). Neither Mr. Conlan nor Legacy have ever been employees, attorneys, or partners of the Beasley Allen firm. J&J offers not a scintilla of evidence warranting disqualification of Mr. Birchfield.

  New Jersey's ethics rules are clear that the Court must deny J&J's motion of to disqualify Mr. Birchfield and his firm because the New Jersey Supreme Court places a greater value on respecting a client's right to choose counsel than the competing issue of a purported violation of the ethics rules. Even assuming *arguendo* J&J's unsupported attacks on Mr. Birchfield had any merit (which they do not), the balance must favor denial of J&J's Order to Show Cause because under New Jersey law, greater weight is to be given to the client's right to choose counsel. Moreover, a finding against Mr. Birchfield would also by imputed disqualification prohibit Ms. O'Dell (who was appointed by the Court to the Plaintiffs' Steering Committee) from proceeding as counsel in this matter. Not only are there no facts warranting disqualification in the first place but weighing the balance in favor of disqualification—rather than preserving Ms. O'Dell and Mr. Birchfield as their client's chosen champion—flies in the face of established New Jersey law.

  Neither Birchfield nor Beasley Allen received any confidential or privileged J&J

2

information from Conlan. Conlan did not divulge any confidential or privileged information to Birchfield or Beasley Allen. These facts are undisputed and dispositive. J&J's motion should be denied.

## BACKGROUND

### A. Mr. Birchfield is a Competent, Ethical Attorney, Who Is Presumptively Entitled to Continue Representing Plaintiffs In This Case.

#### 1. Mr. Birchfield's Substantial Background and Experience Litigating Complex Mass Torts Cases and Class Actions.

Mr. Birchfield is a competent, ethical attorney, who is presumptively entitled to represent Plaintiffs in this case. Declaration of Andy D. Birchfield ("Birchfield Decl.") at ¶¶3-12. He is a member in good standing of the Alabama State Bar. *Id.* He is admitted to practice law in the State of Alabama, the United States District Court for the Northern, Middle and Southern Districts of Alabama, the United States District Court for the Eastern District of Louisiana, the United States Court of Appeals for the Eleventh Circuit, the United States Court of Appeals for the Fifth Circuit, and the United States Supreme Court. *Id.* at ¶3. Plaintiffs hired Mr. Birchfield because he has significant trial experience in both state and federal court, and decades of experience handling mass tort cases. *Id.* at ¶¶4-5.

Mr. Birchfield joined Beasley Allen in 1996, and he has worked as an attorney at the firm since that time. *Id.* at ¶5. At Beasley Allen, Mr. Birchfield manages the firm's Mass Torts Section, which includes approximately 132 people, including attorneys and staff. *Id.* Under Mr. Birchfield's leadership, the Beasley Allen Mass Torts section has successfully resolved claims for thousands of clients in the Vioxx, Bextra/Celebrex, Actos, Xarelto, Baycol, Rezulin, PPA, Transvaginal Mesh, Ephedra and other litigations. *Id. See, e.g.*, *In re Vioxx Prod. Liab. Litig.*, 802 F. Supp. 2d 740, 779 (E.D. La. 2011) (MDL Docket No. 1567) (Judge Eldon E. Fallon noting that "Birchfield provided the leadership necessary to bring this complex litigation to a successful and efficient resolution.

3

Andy Birchfield's commitment to the litigation from beginning to end is unmatched; he played crucial roles in MDL leadership, bellwether trials, settlement negotiations, and administration."); *Estep v. Pharmacia & Upjohn Co. (In re Testosterone Replacement Therapy Prods. Liab. Litig.)*, 67 F. Supp. 3d 952, 957 (N.D. Ill. 2014) (MDL Docket No. 2545); *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litig.*, 495 F. Supp. 2d 1027, 1029 (N.D. Cal. 2007) (MDL Docket No. 1699); *Hester v. Bayer Corp.*, 206 F.R.D. 683 (M.D. Ala. 2001). *Id.* Beasley Allen's pending litigation against J&J involving J&J's talcum powder-based products has been ongoing for more than ten years. *Id.* Mr. Birchfield has not represented either J&J or LTL. *Id.* at ¶6. Beasley Allen has not represented either J&J or LTL. *Id.* At no point in time has Mr. Conlan ever been a member, partner, employee, or counsel at Beasley Allen. *Id.* at ¶7.

Mr. Birchfield is presently a member of the American Association for Justice and the Montgomery Trial Lawyers Associations. *Id.* at ¶8. He has also served as president of the Alabama Young Lawyers, as well as on numerous task forces and committees of the Alabama State Bar. *Id.* Mr. Birchfield has served on the Committee for Character and Fitness of Alabama, which assesses those attributes with respect to applicants for admission to the Bar. *Id.*

> **2. J&J's Baseless Allegations and Mr. Birchfield's Thirty (30) Years of Ethical Conduct and Compliance with the Attorney Rules of Professional Conduct.**

Mr. Birchfield is aware of and has complied with the Rules of Professional Conduct, including RPC 1.6 Confidentiality of Information. *Id.* at ¶¶9-10. Mr. Birchfield has respected and understood the attorney-client privilege and the confidentiality of client communications—and acted accordingly since he took and passed the bar exam. *Id.* Similarly, Mr. Birchfield has at all relevant times been aware of and complied with RPC 1.9(a) and 1.9(c), which govern an attorney's professional and ethical obligations to former clients. *Id.* at ¶¶10-11.

4

Directly relevant to this matter, Mr. Birchfield has neither received, disseminated, nor shared confidential information, including trial strategy, litigation strategies, settlement practices, or proprietary information belonging to J&J. *Id.* at ¶11. Mr. Conlan has never shared privileged or confidential information he obtained from any of his former clients (including J&J) with Mr. Birchfield or his firm Beasley Allen. *Id.* at ¶12.

### B. Mr. Conlan Never Shared or Disseminated Confidential or Privileged Attorney-Client Information with Mr. Birchfield or Beasley Allen.

Mr. Conlan, a non-practicing lawyer, neither shared nor disseminated confidential or privileged attorney-client information belonging to J&J with Mr. Birchfield or Beasley Allen. Declaration of James F. Conlan ("Conlan Decl."), at ¶¶9-10; Birchfield Decl. at ¶12. Mr. Conlan received his juris doctor in 1988 from the University of Iowa College of Law. Conlan Decl. at ¶2. Since his graduation from law school in 1988, he has had several law firm jobs. *Id.* at ¶3. He served as Global Practice Leader of Sidley Austin's world-wide Restructuring Practice where he practiced for 32 years. *Id.* Most recently, Mr. Conlan served as a Partner and Global Co-Head of Restructuring at Faegre Drinker Biddle & Reath, LLP until 2022. *Id.* In March of 2022, Conlan co-founded Legacy. *Id.* at ¶5. Conlan currently serves as the Chief Executive Officer of Legacy. *Id*. During his tenure as Partner and Global Co-Head of Restructuring at Faegre Drinker Biddle & Reath, LLP, Conlan represented J&J. *Id.* at ¶4. At no point in time has Conlan ever been a member, partner, employee or counsel at Beasley Allen, Mr. Birchfield's law firm. *Id.* at ¶7.

Conlan is aware of the Rules of Professional Conduct, including RPC 1.6 Confidentiality of Information. *Id.* at ¶8. Conlan understands that the attorney-client privilege is the bedrock of client communications, and he has understood and acted accordingly since he took and passed the bar exam. *Id.* at ¶¶8-9. Similarly, Conlan has at all relevant times been aware of and complied with RPC 1.9(a) and 1.9(c), which govern an attorney's professional and ethical obligations to former

5

clients. *Id.* at ¶¶9-10. Consistent with the Rules of Professional Conduct, Conlan has never disclosed to Mr. Birchfield or any member of his firm, Beasley Allen, any confidential information belonging to J&J—nor that of any other client from Conlan's previous years of practice. *Id.* at ¶¶8-10.[4]

        **C.    J&J's *Modus Operandi* and Strategy of Attacking Lawyers and Witnesses Against them Destroys Its Credibility.**

J&J's pattern and practice in this and related matters like the failed LTL bankruptcy filings has been to personally attack lawyers, doctors, experts, and plaintiffs. J&J Br. at 5, 7; Pollock Decl., Exhs. A-K. J&J's counsel has been held in contempt for repeated misconduct and personal attacks against a plaintiff's expert and their attorneys. *See Barden v. Brennatag* trial, MID-L-1809-17 transcripts, *infra*, at Argument, Section C. *See* Pollock Decl., Exh. J (the trial court warning J&J's counsel to "not to violate that order [barring inflammatory comments] You will refrain from that . . . during openings and the entirety of the case"); *id.* at Exh. K (J&J's counsel accusing Plaintiff's counsel of "manufactur[ing]" the litigation). Having had multiple bankruptcy petitions dismissed—and raising the possibility of filing yet another bankruptcy—J&J brings this Motion to disqualify Mr. Birchfield and Beasley Allen for successfully and powerfully advocating for their clients.

## ARGUMENT

## POINT ONE

**J&J HAS FAILED TO CARRY ITS HEAVY BURDEN THAT BIRCHFIELD AND BEASLEY ALLEN SHOULD BE DISQUALIFIED FROM THIS LITIGATION AS A MATTER OF LAW.**

---

[4]     John J. Gasparovic, the Executive Chairman of Legacy, has also never received any of J&J's confidential or privileged information from Conlan. Declaration of John J. Gasparovic, at ¶¶6-8. Legacy therefore is not in possession of J&J's confidential privileged information, and it could not be disclosed to Beasley Allen or Mr. Birchfield. *Id.*

6

### A. Standard of Review.

On a motion to disqualify, the movant bears the burden of proof, and it is a "heavy burden." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993). "Courts disfavor such motions and grant them only when absolutely necessary." *Maldonado v. New Jersey,* 225 F.R.D. 120, 136-37 (D.N.J. 2004) (citation omitted). In this district, courts look to the New Jersey Rules of Professional Conduct with regard to issues of professional ethics. L. Civ. R. 103.1(a). "When interpreting the RPC, the Court looks to New Jersey's state courts' interpretation of the RPC as primary authority and modifies it when required by federal law." *Delso v. Trs. For Ret. Plan For Hourly Emps. of Merck & Co.*, *Inc.*, Civ. A. No. 04-civ-3009, 2007 WL 766349, at *5 (D.N.J. Mar. 6, 2007). In light of J&J's invocation of a full arsenal of attacks on opposing counsel, on experts, on consultants, and on anyone who opposes J&J's efforts to avoid its duty to compensate cancer victims, this Court should look askance at J&J's application here.

The party seeking disqualification bears the burden of production and "proving that disqualification is appropriate because the RPC was violated." *Nasdaq, Inc v. Miami Int'l Holdings, Inc.*, Civ. A. No. 17-civ-6664 (BRM)/(DEA), 2018 WL 6171819, at *4 (D.N.J. Nov. 26, 2018) (citing *City of Atl. City v. Trupos*, 992 A.2d 762, 771 (N.J. 2010)). The burden of persuasion on all elements under RPC 1.9(a) remains <u>with the moving party</u>, it "bears the burden of proving that disqualification is justified." *Id.* (emphasis added) (citation omitted). The determination of whether counsel should be disqualified is an issue of law. *Id.*

New Jersey law strongly favors—especially when weighing the interests of a client's right to choose counsel versus a purported ethical violation—that the courts respect the client's choice of counsel. Mr. Birchfield and his firm are the plaintiffs' choice here. *Estate of Kennedy v. Rosenblatt*, 447 N.J. Super. 444, 453 (App. Div. 2016); *Dewey v. R.J. Reynolds*, 109 N.J. 201, 253 (1988); *City of Atlantic City v. Trupos*, 201 N.J. 447, 460 (2010); *Commando v. Nugiel*, 436 N.J.

7

Super. 203, 213 (App. Div. 2014). New Jersey's scales of justice require here that the weight of the law is squarely and on the side of denying J&J's application to disqualify Mr. Birchfield. .

> B. **J&J Fails to Carry Its Heavy Burden to Disqualify Birchfield or Beasley Allen Because There is No Evidence That Birchfield or Beasley Allen Ever Obtained J&J's Confidential or Privileged Client Information and Conlan is Not (and Was Never) an Attorney at Beasley Allen.**
>
> 1. **J&J Does Not Provide Any Evidence That Conlan Shared Confidential Privileged Information with Mr. Birchfield or Beasley Allen.**

J&J fails to carry its heavy burden to disqualify Mr. Birchfield of Beasley Allen because there is no evidence that Conlan shared any confidential or privileged information with Birchfield or Beasley Allen. "Confidentially between attorneys and their clients is governed by RPC 1.6." *Chi Ming Yau v. He Cheng Rest. Corp.*, Civ. A. No. 12-civ-6754 (MCA)/(LDW), 2015 WL 3540596, at *5 (D.N.J. June 2, 2015). RPC 1.6(a) states, "[a] lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c), and (d)." *Id.*[5]

Despite a lot of bluster about Mr. Conlan, J&J provides no basis (let alone evidence sufficient to satisfy its heavy burden) to disqualify Birchfield or Beasley Allen because neither Mr. Birchfield nor Beasley Allen received confidential information or knowingly used any privileged information. J&J's moving brief does not specify any fact, theory, strategy, or piece of confidential information that Conlan purportedly shared with Birchfield or Beasley Allen. Instead, J&J claims—without evidence—that Conlan (not Birchfield or Beasley Allen) supposedly

---

[5] Curiously, J&J does not cite or reference RPC 1.6 or RPC 1.10 in its opening brief.

8

"undermined" his former client and "flouted" ethical boundaries. J&J Br. at 6-8.[6] J&J does not provide any evidence for any of these allegations—which J&J concedes are "serious."

The fact that J&J brings this incompetent motion against Birchfield and Beasley Allen, not Conlan, is inexplicable. Neither Birchfield nor Beasley Allen ever represented J&J at any point in time, and Beasley Allen's representation of its clients is not before the Court. If J&J genuinely believed misconduct occurred related to Conlan, it would have (and should have) included him as a party to this application. J&J's decision to not seek relief here against Conlan speaks volumes. Therefore, the Motion should be denied because J&J cannot satisfy its burden of production. *Fragoso v. Piao*, 433 F. Supp. 3d 623, 627 (D.N.J. 2019).

### 2. No Conflict May Be Imputed to Beasley Allen Because Conlan Has No Attorney or Employment Relationship with Beasley Allen.

Because Mr. Conlan is not and has never been associated professionally as a lawyer with the Beasley Allen firm, imputed disqualification fails. No conflict may be imputed from Conlan to Beasley Allen because Conlan has never been—and is not now—an attorney at Beasley Allen. Under RPC 1.9(a), "[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." The "prohibition [of RPC 1.9(a)] is triggered when two factors coalesce: the matters between the present and former clients must be 'the same or ... substantially

---

[6] J&J's repeated baseless accusations of attorney misconduct against Mr. Birchfield and Beasley Allen is itself sanctionable. *See, e.g.*, *In re Lisse*, 921 F.3d 629, 644 (7th Cir. 2019) ("Flippant, unfounded accusations of misconduct and fraud by opposing counsel and court officials demean the profession and impair the orderly operation of the judicial system."). Mr. Birchfield and Beasley Allen reserve the right to file a motion for attorneys' fees and sanctions at an appropriate time.

related,' and the interests of the present and former clients must be 'materially adverse.'" *City of Atl. City*, 992 A.2d at 771 (citation omitted).

Because neither Mr. Birchfield nor Beasley Allen never represented J&J, RPC 1.9 and the "substantially related" inquiry does not apply. Similarly, J&J cannot argue (and has not argued) that Conlan's prior work as J&J's counsel trigger imputed disqualification of Beasley Allen because Conlan was never a partner, associate, or otherwise an employee of Beasley Allen.[7] Under RPC 1.10(c), "[w]hen a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under RPC 1.9 unless: (1) the matter does not involve a proceeding in which the personally disqualified lawyer had primary responsibility." *Ford Motor Co. v. Edgewood Properties, Inc.*, Civ. A. No. 06-civ-1278, 2011 WL 5080347, at *3 (D.N.J. Oct. 25, 2011).

There is also no concurrent adverse representation issue here that would potentially warrant disqualification. *See In re Cedent Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 249 (D.N.J. 2000) ("New Jersey simply does not permit concurrent representation where the interests of two current clients are adverse."), *with Alvarez v. Am. Lafrance, LLC,* Civ. A. No. 15-civ-8446 (KSH), 2017 WL 2709562, at *2 (D.N.J. June 23, 2017) (noting that "disqualification is a harsh remedy which must be used sparingly.").

Although J&J has not yet attacked Legacy (the dispute resolution company where Mr. Conlan works), we might as well address that entity too because J&J has attacked nearly everything else. Mr. Conlan's work with Legacy is no basis for disqualification against Beasley Allen. Legacy is not an adverse party to J&J. Rather, Legacy proposed an innovative resolution to J&J's talc

---

[7]     Again, Conlan is not a party to this action or the Motion. Unlike the expert in *Cordy v. Sherwin-Williams Co.*, 156 F.R.D. 575, 576 (D.N.J. 1994) that was disqualified for switching sides, Conlan is not a Beasley Allen attorney and does not represent Plaintiffs in any capacity.

problem. Legacy offered to acquire J&J's talc liability for all time providing J&J the finality it purportedly seeks.  Although J&J has taken the false position that finality could only come through bankruptcy and a 524(g)-channeling injunction, Legacy's proposal demonstrates that true finality could be achieved without bankruptcy. Therefore, the Motion should be denied on the additional basis that Legacy is not an adverse party to J&J or LTL.[8]

The Motion should also be denied because the Plaintiff talc cancer victims have the right to choose their own lawyer. When reviewing a motion to disqualify an attorney, a court must balance competing interests, weighing the "need to maintain the highest standards of the profession" against "a client's right freely to choose his counsel." *Dewey v. R.J. Reynolds Tobacco Co.*, 536 A.2d 243, 244-45 (N.J. 1988); *accord High 5 Games, LLC v. Marks*, Civ. A. No. 13-civ-7161 (JMV), 2018 WL 2278103, at *4 (D.N.J. May 18, 2018) ("Clients have a well-established, strongly protected right to choose their own lawyer."). The Motion is an impermissible tactic to intimidate Plaintiffs. *See Fragoso*, 433 F. Supp. 3d at 628 ("Courts should take care that parties do not use motions to disqualify counsel for tactical reasons."). J&J fails to carry its heavy burden that disqualification is warranted. The record is devoid of any evidence to support disqualification and J&J should not be allowed to choose (i.e. disqualify) Plaintiffs' counsel.

     **C.**    **The Motion Should Be Denied Because J&J's Application Lacks Not Only Legal Merit but Their Strategy of Attacking Anyone and Everyone Dilutes Any Credibility for J&J and its Counsel.**

The Motion should be denied because it is merely the latest example in a long line of smear

---

[8] J&J filed a nearly identical motion to disqualify Beasley Allen in the Superior Court of New Jersey, Atlantic County. Pollock Decl. at Exh. H. It is apparent that J&J filed these applications to harass Plaintiffs' counsel and as a litigation tactic, not for any legitimate purpose. *See In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175 (3d Cir. 2002) (discussing remedies to address a party that files identical motions and papers for improper purposes, including harassment).

tactics where J&J has levied personal attacks at lawyers, doctors, experts, and plaintiffs to deflect from their own misconduct. The Third Circuit saw through J&J's sham conduct and dismissed its bad faith bankruptcy petition because it had "no valid bankruptcy purpose" and was filed to "beat back talc litigation in trial courts." *LTL Mgmt., LLC*, 58 F.4th at 763 n.19. Faced with mounting liability and dwindling options, J&J now attacks Plaintiff's counsel, Mr. Birchfield, and his firm Beasley Allen. It is fair to assume all counsel of record for Plaintiffs (including the undersigned) in this case and in the other cases nationwide will face similar baseless disqualification motions if their opposition reaches a sufficient level of dissatisfaction to J&J. The Court should not countenance J&J's use of the judicial system to inflict more harm on tort victims and their attorneys.

J&J's pattern, practice, and course of dealing of improper conduct is well-documented. For example:

1. *See* Pollock Decl., Exh. A ("Weil Gotshal's Lawyers Tough Tactics Sealed J&J Talc Win," Bill Weichart, Law 360 (Oct. 31, 2018) (Weil Gotshal hammered hard that the asbestos claims against J&J alleged **plaintiffs' lawyers are perpetrating a fraud**));

2. *See* Pollock Decl., Exh. C ("Johnson & Johnson Uses 'Project Plato' to Potentially Avoid Talcum Power Payouts," Clay Hodges, North Carolina Product Liability Lawyer Blog (Feb. 9, 2022) (stating Step 1 of J&J's strategy is to obtain an automatic stay by filing bankruptcy); and

3. The Third Circuit rejected J&J's efforts to dump all of its liabilities into an underfunded Texas entity (LTL). *See LTL Mgmt., LLC v. Those Parties Listed on Appendix A To Complaint (In re LTL Mgmt., LLC)*, 58 F.4th 738 (3d Cir. 2023)—even though J&J was (and still) is not in demonstrable financial distress.

These are just some examples, but J&J's counsel have moved to disqualify witnesses,[9] to attack counsel, and have been admonished for their overly aggressive tactics against not merely plaintiffs

---

[9] *See* Pollock Decl., Exh. E ("In Talc Defense, Johnson & Johnson Sues 4 Doctors Over Their 'Junk Litigation Opinions,'" Kevin Dunleavy, Pharma, (July 14, 2023) (J&J sues Richard Lawrence Kradin, Theresa Swain Emory, John Coultger Maddox, and Dr. Jacqueline Miriam

12

but repeatedly against the plaintiffs lawyers.[10] For years—and again in this Motion— J&J's strategy has been to attack lawyers and witnesses that stand up against them. J&J's claims are simply not credible. The company was once revered and trusted. Not anymore.[11]

## POINT TWO
### THERE IS NO BASIS TO REMOVE BEASLEY ALLEN FROM THE PLAINTIFFS' STEERING COMMITTEE

J&J fails to articulate any basis to disqualify (remove) Beasley Allen from the Plaintiffs' Steering Committee. J&J concedes that Mr. Birchfield is not even on the Plaintiffs' Steering Committee in his individual capacity. *See* J&J Br. at 7 (stating that "Beasley Allen" is on the Steering Committee). The Motion to remove Beasley Allen from the Plaintiffs' Steering Committee should be denied. Leigh O'Dell was appointed by this Court to serve as Co-lead Counsel of the Plaintiffs' Steering Committee, and she has served diligently in that role for seven years. The Beasley Allen clients, as well as hundreds of lawyers representing tens of thousands of cancer victims, know the tremendous effort that Ms. O'Dell has made to protect their interests and

---

Moline because they provided opinions adverse to J&J)); *See* Pollock Decl., Exh. G (Dupuy Orthopaedics (a J&J subsidiary) moved to disqualify Dr. Dana Medlin in North Carolina, *Richard H. Weatherly v. Depuy Orthopaedics*, Case No. 1:23-cv-00134-(LCB)/(JEP) (filed July 20, 2023)); *See* Pollock Decl., Exh. F ("J&J Subsidiary Sues More Talc Researchers," Rebecca Trager, Chemistry World, (July 18, 2023) (**J&J sues pathologists Theresa Emory, John Maddox, and Richard Kardin**) because they testified against J&J on talc-based cancers).

[10]    In the recent *Barden v. Brennatag* trial, MID-L-1809-17 (July through September 2019) tried before Judge Viscomi), the Court had to admonish J&J's counsel against personally attacking plaintiffs' lawyers in order to prejudice the jury in favor of J&J: Pollock Decl., Exh. I (5T45:12-13) (court entering order barring J&J's counsel from making "comments" "aimed at prejudicing the jury against plaintiff's counsel" and excluding such comments); *See* Pollock Decl., Exh. B ("A Look At Biglaw's Tough Trial Tactics," Kathryn Rubino, Above the Law, (Nov. 2, 2018) (J&J's lawyer, Diane Sullivan **invoked strategy of attacking asbestos lawyers as selling sham claims**).

[11]    The Court should not countenance J&J's vindictive, heavy-handed tactics, and unmoored personal attacks. *See Fragoso*, 433 F. Supp. 3d at 628 ("Courts should take care that parties do not use motions to disqualify counsel for tactical reasons.").

they have the right to expect that she, along with Mr. Birchfield, will remain in this matter to champion their concerns. If this Court were to grant J&J's motion here, J&J's next motion would undoubtedly be to disqualify anyone at Beasley Allen (including Ms. O'Dell who was appointed by this Court to the Plaintiffs' committee) by virtue of imputed disqualification. New Jersey law and its interpretation of the Rules of Professional Conduct does not support granting J&J's flimsy unsupported motion in light of the much greater weight in the scales of justice in favor of letting Ms. O'Dell and Mr. Birchfield remain in the arena to represent their clients.

## CONCLUSION

The Rules of Professional Conduct (RPCs) are proscriptive, meaning that when applied to legal counsel they are read narrowly and strictly. Put differently, the rules are the rules, but they are not to be expanded—as J&J seeks to do here—beyond their literal wording. J&J's motion fails on the law and on the lack of any facts to support it. As there is no basis for J&J's motion, it should be denied, and the litigation should proceed toward bellwether trials with Mr. Birchfield and Ms. O'Dell continuing to act zealously on behalf of their clients, while fighting tirelessly to resolve talc litigation in the face of J&J's unproductive harassment, delay, and bad faith.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*Attorneys for Andy Birchfield and Beazley Allen*

/s/ Jeffrey M. Pollock
JEFFREY M. POLLOCK
Certified by the Supreme Court of
New Jersey as a Civil Trial Lawyer

Dated: December 19, 2023