Jeffrey M. Pollock, Esq.
Michael W. Sabo, Esq.
**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: 609-896-7660
Facsimile: 609-896-1469
*Attorneys for Andy Birchfield and Beasley Allen*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738 (MAS)/(RLS) <br><br> MLD Case No. 2738 <br><br> [FILED ELECTRONICALLY] <br><br> Return Date: January 2, 2024 |

## DECLARATION OF ANDY D. BIRCHFIELD, Jr., ESQ.

I, ANDY D. BIRCHFIELD, Jr., ESQ., declare:

**Personal Qualifications, Accolades, and Basis of Knowledge**

1. I make this declaration based on personal knowledge and in opposition to Defendants Johnson & Johnson and LTL Management, LLC (collectively, J&J)'s Order to Show Cause Seeking to Disqualify myself and Beasley Allen Crow Methvin Portis & Miles, P.C. (Beasley Allen) from this litigation and remove Beasley Allen from the Plaintiffs' Steering Committee.

2. I attended Faulkner University's Thomas Goode Jones School of Law from 1988 through 1991, and I graduated with my juris doctor *magna cum laude* in 1991.

3. I am a member in good standing of the Alabama State Bar. I am admitted to practice law in the State of Alabama, the United States District Court for the Northern, Middle, and Southern Districts of Alabama, the United States District Court for the Eastern District of Louisiana, the United States Court of Appeals for the Eleventh Circuit, the United States Court of Appeals for the Fifth Circuit, and the United States Supreme Court.

4. I have significant trial experience in both state and federal court, and my practice encompasses a wide range of legal matters including personal injury and civil rights cases. For the past 25 years, however, my practice has focused primarily on mass tort product liability litigation.

5. I joined the firm Beasley Allen in 1996 and have worked as an attorney at the firm since that time. At Beasley Allen, I manage the firm's Mass Torts Section, which includes approximately 132 people, including attorneys and staff. The section has successfully resolved claims for thousands of clients in the Vioxx, Bextra/Celebrex, Actos, Xarelto, Baycol, Rezulin, PPA, Ephedra, Transvaginal mesh, and other litigations. *See, e.g., In re Vioxx Prod. Liab. Litig.*, 802 F. Supp. 2d 740, 779 (E.D. La. 2011) (MDL Docket No. 1567) (the Court noting that "Birchfield provided the leadership necessary to bring this complex litigation to a successful and efficient resolution. Andy Birchfield's commitment to the litigation from beginning to end is unmatched; he played crucial roles in MDL leadership, bellwether trials, settlement negotiations, and administration."); *Estep v. Pharmacia & Upjohn Co. (In re Testosterone Replacement Therapy Prods. Liab. Litig.)*, 67 F. Supp. 3d 952, 957 (N.D. Ill. 2014) (MDL Docket No. 2545); *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litig.*, 495 F. Supp. 2d 1027, 1029 (N.D. Cal. 2007) (MDL Docket No. 1699); *Hester v. Bayer Corp.*, 206 F.R.D. 683 (M.D. Ala. 2001). Our firm has pending litigation against J&J involving J&J's talcum powder-based products that has been going on for over 10 years.

6. I have never represented J&J or LTL, nor has Beasley Allen ever represented J&J or LTL.

7. At no point in time has Mr. Conlan ever been a member, partner, employee, or counsel at Beasley Allen.

8. I am also a member of the American Association for Justice and the Montgomery Trial Lawyers Associations. I have served as president of the the Alabama Young Lawyers, as well as on numerous task forces and committees of the Alabama State Bar. I have served on the Committee for Character and Fitness of Alabama, which assesses those attributes with respect to applicants for admission to the Bar.

**J&J's Baseless Allegations and My Thirty (30) Years of Ethical Conduct and Compliance with the Attorney Rules of Professional Conduct**

9. I am aware of and have complied with the Rules of Professional Conduct, including R.P.C. 1.6 Confidentiality of Information. This Rule states from the outset R.P.C. 1.6(a) "A lawyer shall not reveal information relating to representation of a client . . . ." The attorney-client privilege is the bedrock of client communications and I have understood this—and acted accordingly—since I took and passed the bar exam. Similarly, I have at all relevant times been aware of and complied with R.P.C. 1.9(a) and 1.9(c), which govern an attorney's professional and ethical obligations to former clients.

10. Since I graduated law school over thirty (30) years ago, I have always diligently followed the Rules of Professional Conduct (including R.P.C. 1.6, and 1.9).

11. At no time have I ever violated a client's confidences or attorney-client privilege. I have never received, disseminated, or shared confidential information, including trial strategy, litigation strategies, settlement practices, or proprietary information (if any) that I learned from any client. Specifically, I refer here to R.P.C. 1.9 Duties to Former Clients—which prohibits a lawyer from representing a new client "in the same or substantially related matter in which that

3

client's interests are materially adverse to the interests of the former client . . . ."

12.     Mr. Conlan has never shared privileged or confidential information he obtained from any of his former clients (including J&J) with me or my firm Beasley Allen.

Under 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2023

_____
ANDY D. BIRCHFIELD, Jr. ESQ.