# Exhibit A

```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
 2     _____

 3     IN RE JOHNSON & JOHNSON TALCUM
       POWDER PRODUCTS, MARKETING,           16-MD-2738-MAS-RLS
 4     SALES PRACTICES, AND PRODUCTS
       LIABILITY LITIGATION                  STATUS CONFERENCE
 5
       _____
 6     CLARKSON S. FISHER BUILDING & U.S. COURTHOUSE
       402 East State Street, Trenton, New Jersey  08608
 7     September 6, 2023
       Commencing at 9:59 a.m.
 8

 9     B E F O R E:        THE HONORABLE MICHAEL A. SHIPP
                           UNITED STATES DISTRICT JUDGE
10
                           THE HONORABLE RUKHSANAH L. SINGH
11                         UNITED STATES MAGISTRATE JUDGE

12

13     A P P E A R A N C E S:

14     FOR PLAINTIFFS:

15     ASHCRAFT & GERAL
       BY:  MICHELLE A. PARFITT, ESQUIRE
16     BY:  JAMES GREEN, ESQUIRE

17     BEASLEY ALLEN
       BY:  P. LEIGH O'DELL, ESQUIRE
18
       COHEN PLACITELLA & ROTH
19     BY:  CHRISTOPHER PLACITELLA, ESQUIRE
       BY:  JUSTIN PLACITELLA, ESQUIRE
20

21
              Proceedings recorded by mechanical stenography
22          Transcript produced by computer-aided transcription

23
              Shannan Gagliardi, Official Court Reporter
24                shannan_gagliardi@njd.uscourts.gov
                          (609) 851-2750
25
```

```
 1   GOLOMB SPIRT & GRUNFELD
     BY:  RICHARD GOLOMB, ESQUIRE
 2
     MOTLEY RICE
 3   BY:  DANIEL LAPINSKI, ESQUIRE

 4   GRANT & EISENHOFER
     BY:  SINDHU DANIEL, ESQUIRE
 5
     MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN
 6   BY:  VICKI MANIATIS, ESQUIRE

 7   NAPOLI SHKOLNIK
     BY:  CHRIS LoPALO, ESQUIRE
 8

 9   FOR DEFENDANT JOHNSON & JOHNSON:

10   FAEGRE DRINKER BIDDLE & REATH
     BY:  SUSAN M. SHARKO, ESQUIRE
11   BY:  ERIC FRIEDMAN, ESQUIRE

12   SHOOK HARDY & BACON
     BY:  KATHLEEN FRAZIER, ESQUIRE
13
     SKADDEN ARPS
14   BY:  ALLISON BROWN, ESQUIRE

15   KING & SPALDING
     BY:  KRISTEN FOURNIER, ESQUIRE
16
     JOHNSON & JOHNSON
17   BY:  ANDREW C. WHITE, ESQUIRE

18
     FOR DEFENDANT PCPC:
19
     SEYFARTH SHAW
20   BY:  DAVID KATZENSTEIN, ESQUIRE
     BY:  RENÉE APPEL, ESQUIRE
21

22   FOR DEFENDANT PTI:

23   HARDIN KUNDLA McKEON & POLETTO
     BY:  JANET POLETTO, ESQUIRE
24

25
```

1     And then third, a list of dispositive motions that
2 are pending.
3     If there are any discrepancies, when the Court
4 reviews the joint submission, we'll follow up with counsel.
5 But I'd like for you folks to meet-and-confer and e-file a
6 joint submission by next week, a week from today, which would
7 be about September -- I have to look at my calendar here,
8 September 12.  Let's have them on September 12.
9     The next item I have is a scheduling order.  Counsel
10 submitted proposed forms of scheduling orders.  The proposed
11 scheduling orders are identical with the exception of
12 paragraph 8, which addresses dispositive and Daubert motions.
13     Plaintiffs' version of paragraph 8 reads as follows:
14 Quote, dispositive motions, including any Daubert motions
15 relating to case-specific and general expert opinions not
16 previously addressed by the Court's April 27, 2020 Daubert
17 opinion, shall be filed by May 6, 2024.
18     Defendant's version of that same paragraph 8 reads as
19 follows:  Quote, dispositive motions, including Daubert
20 motions, shall be filed by May 6, 2024, closed quote.
21     I've reviewed your written submissions regarding
22 this.  Is there anything else you need to briefly add for the
23 record?  And, again, you folks have done a really comprehensive
24 job setting forth your respective positions, but I do want to
25 afford you an opportunity in case there's something additional

1           MS. PARFITT:  Yeah.  And counsel reminds me that,
2  certainly, if they change their mind and said, oh, I was wrong,
3  there is no causation, certainly that would be permitted.  I
4  assure the Court that's not happening.  That's the Perry Mason
5  difference, right?  That doesn't happen in our world.
6           Thank you.  And I stand ready to answer any other
7  questions.
8           THE COURT:  Thank you, Ms. Parfitt.
9           Ms. Sharko.
10          MS. SHARKO:  So the problem with plaintiffs' proposed
11 language is that it would handcuff the Court and handcuff
12 counsel to a hearing that took place in 2019, to reports that
13 were written in 2019, to an opinion based on the law as it
14 existed in 2020, and to a different rule.  And we think that
15 that's inappropriate.
16          A practical solution here is to adopt the defense
17 language, which has no reference to the Daubert opinion.  And
18 then when we make our Rule 702 challenges on specific causation
19 and other issues, if the plaintiffs think that we are not
20 following what Chief Judge Wolfson would have done based on
21 2019 science and 2020 law, they can raise that in their
22 opposition, we can respond, and you will rule on that.  But you
23 shouldn't foreclose any arguments on 702 that may have been
24 raised before.
25          Now, there have been new articles.  We cited some of