**Amanda K. Klevorn**
aklevorn@burnscharest.com

January 5, 2024

**Via ECF:**
Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

> Re: In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation- MDL 2738

Dear Magistrate Judge Singh:

We write on behalf of the Burns Charest Plaintiffs listed in Exhibit A to Defendants' December 14, 2023, letter to the Court. Undersigned counsel has worked diligently to submit Profile Forms for each listed Plaintiff. As a result of those efforts, we have produced Profile Forms for 7 of the 18 Plaintiffs on the list. The remaining Plaintiffs have either been nonresponsive to our requests for information or are deceased. We are in the process of locating a next of kin for the deceased Plaintiffs.

We respectfully request a 90-day extension from the date of this letter to **April 4, 2024**, to submit Profile Forms for the remaining 11 Plaintiffs. This will allow undersigned counsel to make one final attempt to locate the Plaintiffs and/or their next of kin and warn them of their discovery obligations before the cases are dismissed. This modest, 90-day extension will not unduly prejudice Defendants. We further request that any dismissal be **without** prejudice—for the reasons discussed below, there is no basis for imposing the most severe terminating sanction, a dismissal with prejudice, in this situation.

## I.     LEGAL ARGUMENT

A trial court has the discretionary power to impose sanctions for failure to comply with discovery requests. *Hirsch v. Gen. Motors Corp.*, 266 N.J. Super. 222, 628 A.2d 1108 (Law. Div. 1993). Although it is the policy of the law that discovery rules must be complied with, it is also the rule that drastic sanctions should be imposed only sparingly. *Lang v. Morgan's Home Equipment Corp.*, 6 N.J. 333, 339-40, 78 A.2d 705 (1951). The penalty that is imposed should be appropriate and fair to both parties. *Williams v. Am. Auto. Logistics*, 226 N.J. 117, 124, 140 A.3d 1262 (2016).

Dismissal with prejudice is the ultimate sanction and should only be ordered when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party. *Johnson v. Mountainside Hosp., Resp. Disease Assoc.*, 199 N.J.Super. 114, 119, (App.Div.1985) (citing *Zaccardi v. Becker, 88 N.J. 245, 253* (1982)). The paramount consideration when determining the penalty for a discovery violation is whether a lesser sanction than dismissal would suffice to erase the prejudice by the non-delinquent party. *Id.* As such, the dismissal of a party's cause of action, with prejudice, should only be invoked in those cases where the discovery "goes to the very foundation of the cause of action, ... or where the refusal to comply is deliberate and contumacious...." *Id.*

## II.     RESOLVED DEFICIENCIES

Certain Burns Charest Plaintiffs included in Defendants' letter have resolved their delinquency status. They have produced Profile Forms, and their cases **should not be dismissed**. We have informed Defendants of the resolved status of these cases, which are also listed here out of an abundance of caution to ensure that the cases are not dismissed.

| | | |
|---|---|---|
| Gavin, Camille | 3:17-cv-06484 | PPF submitted 10/11/2023 |
| Forsberg, Jan | 3:17-cv-02780 | PPF submitted 10/11/2023 by Nachawati Law Firm the name of NOK Jessica Humphrey |
| Knight, Mary | 3:17-cv-02910 | PPF submitted 01/05/2024 under name of NOK Annie Fulton |
| Lama, Lanie | 3:17-cv-07078 | PPF submitted 01/05/2024 |
| Cooper, Kortete | 3:17-cv-03413 | PPF submitted 01/05/2024 under the name of NOK Annemae Makor |
| Campbell, Joann | 3:17-cv-07665 | PPF submitted 12/21/2023 |
| Korotka, Barbara | 3:17-cv-07876 | PPF submitted 01/04/2024 |

We will continue to submit Profile Forms with supporting records for other Plaintiffs to the extent possible before the January 10, 2024 status conference and we will provide an updated list to Defendants in advance of the hearing.

## III.    UNRESOLVED DEFICIENCIES

The remaining 11 Burns Charest Plaintiffs have been nonresponsive to our many attempts to gather the necessary information or they are deceased. Nor have we received these Plaintiffs' consent to voluntarily dismiss their cases. Many of the Plaintiffs involved in this litigation continue to suffer from underlying health conditions, including ovarian cancer, and sadly, many have passed away since filing their lawsuits.

Burns Charest has sent multiple warning letters, emails, and made multiple calls to all addresses, emails, and telephone numbers available in the public record for the Plaintiffs at issue. All of the correspondence has asked the Plaintiffs to contact undersigned counsel immediately in order to cure the delinquencies, and has advised that Johnson & Johnson seeks to dismiss their cases. All of the Plaintiffs at issue have been provided undersigned counsel's contact information on multiple occasions. We will continue to make all reasonable and diligent efforts to locate these Plaintiffs and fulfill their discovery obligations.

We respectfully request that the Court grant an additional 90-day extension until April 4, 2024 for the nonresponsive and deceased Plaintiffs listed below to submit their Plaintiff Profile Forms.

| | | |
|---|---|---|
| Allen, Allison | 3:17-cv-06082 | Unresponsive |

| Clark, Patricia | 3:17-cv-05696 | Unresponsive |
| --- | --- | --- |
| Dawson, Scott | 3:17-cv-08749 | Unresponsive |
| Maldonado, Velsa | 3:17-cv-08279 | Deceased, attempting to locate NOK |
| McDeavitt, Cynthia | 3:17-cv-07283 | Unresponsive |
| Payne, Kay | 3:17-cv-06502 | Unresponsive |
| Rice, Renna | 3:17-cv-12283 | Deceased, attempting to locate NOK |
| Robinson, Carol | 3:16-cv-07502 | Deceased, attempting to locate NOK |
| Talbott, Sheri | 3:17-cv-06078 | Deceased, attempting to locate NOK |
| Todd, Emma Jean | 3:17-cv-07094 | Unresponsive |
| Williams, Sandra | 3:17-cv-07994 | Deceased, attempting to locate NOK |

This extension will allow undersigned counsel to make one final attempt to locate these Plaintiffs or their next of kin and warn them of their discovery obligations before their cases are dismissed. One additional modest extension will not upset any critical deadlines in the litigation or otherwise prejudice the parties, particularly when these are not bellwether cases. If the Plaintiffs at issue are unable to cure by April 4, 2024, we ask that their cases be dismissed **without** prejudice—dismissal with prejudice is the ultimate sanction, and is wholly inappropriate here where Plaintiffs have failed to meet one discovery deadline and where the delay does not impact any other important litigation deadlines. And, if the Court is not inclined to grant the 90-day extension to April 4, 2024, we still respectfully ask that the cases be dismissed **without** prejudice.

Best regards,

**BURNS CHAREST LLP**

/s/ *Amanda Klevorn*
Amanda Klevorn, Partner
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
T: (504) 799-2845
F: (504) 881-1765
E: aklevorn@burnscharest.com

*Attorneys for Burns Charest LLP Plaintiffs*

cc: All Counsel of Record (via ECF)