

Montgomery
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Atlanta
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

January 5, 2024

Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

>   Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
>         Case No.: 3:16-md-02738-MAS-RLS

Dear Judge Singh:

In accordance with the Court's Order of December 18, 2023, I write on behalf of Beasley Allen to respond to the deficiencies raised in the Johnson & Johnson Defendants' letter of December 14, 2023, regarding the service of Plaintiff Profile Forms (PPF).

### I. Beasley Allen Has Complied with the Court's September 1, 2023 Order (PPF Order)

Defendants asserted that Beasley Allen failed to serve a PPF in the 196 cases that were listed on Exhibit A to Ms. Sharko's December 14th letter to the Court. We believe the attached chart addressing the 196 cases provides helpful context to Beasley Allen's compliance with the Court's September 1, 2023 PPF Order (Doc. 27291). *See* Exhibit A.

Beasley Allen has served a Plaintiff Profile Form in all of its cases listed in Exhibit A to Ms. Sharko's December 14th letter to the court. We have met and conferred with counsel for Defendants. Defendants have agreed to remove Beasley

Allen's cases from Exhibit A and have agreed to a 30-day extension to address any remaining questions or deficiencies with those submissions. We will continue to meet and confer regarding the production of Plaintiff Profile Forms and associated documents.

## II. Plaintiffs Request That Defendants Utilize MDL Centrality to Serve Deficiency Letters and Overdue Notices

The parties agreed to use MDL Centrality, an online data management tool specifically designed to manage discovery in mass tort litigations, to complete and serve the PPFs *and for the exchange of any other responsive discovery documents between the parties.* The Court's PPF Order requires that Plaintiffs produce all PPFs, medical records, and authorizations via MDL Centrality. Service by email, though allowed under the Federal Rules of Civil Procedure, is not an option.

MDL Centrality not only provides each law firm with an exclusive portal listing all of its cases in which a PPF has been produced, but also provides access to this information to Plaintiffs' Leadership, the Defendant, and the Court. Moreover, it allows the parties to track all deficiencies (and their types) across all filed cases. Service via MDL Centrality also ensures that the responsible staff and counsel for plaintiffs receives the necessary communication. This vehicle is efficient, cost effective and convenient and is the procedure that is contemplated by the Court's order. Importantly, all other litigations in which MDL Centrality is used, including MDLs involving Johnson & Johnson such as the *In re: Xarelto Prod. Liab. Litig.*, MDL No. 2592 employ this process.[1]

We raise this issue because all overdue notices were communicated by Ms. Sharko's colleague, Sean Garret, via email. Co-Lead Counsel was copied on each email to individual firms (approximately 125, most of which were sent over 4 days). The emails were directed to only one lawyer per firm. For example, an email was sent to me for Beasley Allen, but as Co-Lead Counsel, I did not realize it addressed Beasley Allen cases as opposed to another firm. I was unaware that Defendants had

---

[1] MDL Courts widely employ MDL Centrality as a litigation management platform for the production of Plaintiff Fact Sheets and other documents as well as the administration of settlements. Current cases in which MDL Centrality is being used are 3M Earplug, Valsartan, Zantac, Abilify, Taxotere, Mirena, Exactech, Zantac, RoundUp, Viagra, among others. MDL Centrality was previously used in the Vioxx, Actos, NFL Concussion, Chinese Drywall, and BP Oil Spill, among others.

raised any questions about Beasley Allen cases until Ms. Sharko's letter was filed on December 14th. My colleagues, who are also counsel of record on some of these cases, were not copied on the email, and thus, the correspondence was missed.

While I acknowledge my mistake in missing the email, this situation illustrates why MDL Centrality should be used. Just as Plaintiffs are only allowed to produce PPFs via MDL Centrality, Defendants should also be required to serve any overdue notices and deficiency letters via MDL Centrality. If overdue notices and deficiencies were posted via MDL Centrality, it would ensure notification to all responsible counsel and staff.

Moreover, if deficiency letters and overdue notices were served on MDL Centrality, leadership would have insight into the overall PPF process, so they could better support Counsel with cases in the MDL and interact with both Defendants and the Court. While MDL Centrality does have the ability to issue deficiency notices on served PPFs, it does not currently have a process to issue overdue letters. Based on preliminary discussions with representatives of Brown Greer who own and operate MDL Centrality, it is believed that a process can be put into place quickly.

There are numerous deadlines upcoming this year for the production of PPFs. PPFs will be served in tens of thousands of cases in the coming months. For that reason, it is important to address the inefficiencies of this process. The parties have conferred and agree that employing MDL Centrality in this way is a worthwhile pursuit and will continue to work together to effectuate this change.

### III. Beasley Allen and Plaintiffs' Counsel Are Working Diligently to Comply with the Court's Order

Counsel for Defendants writes in her letter (Doc. 28797) that a sizable group of plaintiffs have not complied with the Court's September 1st Order. As an initial matter, a substantial number of the 374 cases listed on Exhibit A to the letter were included in error. But beyond that, Defendants fail to mention that more than 21,000 PPFs have been served since the PPF Order was entered. Additionally, more than 120,000 medical records and documents have been produced. Since September 1st, Beasley Allen alone has served 2,235 PPFs and 17,620 medical records and other documents.[2]

---

[2] In total, Beasley Allen has served 3,285 PPFs in its cases in compliance with the Court's PPF orders.

Hon. Rukhsanah L. Singh, U.S.M.
January 5, 2024
Page 4

In her letter of December 14th, Counsel for Defendants also states that "This group of plaintiffs (cases filed in or transferred to the MDL in 2016 and 2017) was originally compelled to provide the above noted discovery by October 20, 2021, per the Court's Order of April 20, 202 (Doc. 19911), however, they have failed to meet either deadline." Counsel fails to state that the reason that plaintiffs did not comply with the October 20, 2021 deadline was because they could not do so. Johnson & Johnson filed its first of two bad faith bankruptcies on October 14, 2021, resulting in a lengthy stay that *prohibited* any further compliance with the order.

LTL's two bankruptcy filings brought the litigation to a grinding halt for nearly two years. During this time, the health of plaintiffs with cases pending in this MDL continued to deteriorate. Thousands of women died during the pendency of the bankruptcies that needlessly delayed the litigation and resulted in many women not living long enough to see any measure of justice in their cases. Many others have been hospitalized, and moved to long-term care facilities, subjecting them and their families to crippling financial burdens. These tragic developments also impede counsel's ability to maintain contact with clients and their families and comply with the Court's order.

In sum, Beasley Allen and other plaintiffs' counsel have worked diligently to comply with the Court's order over the last 90 days as is demonstrated by the tremendous number of cases for which PPFs and medical records have been produced.

Thank you for your consideration of these matters. We look forward to discussing these matters with the Court in more detail at that time during the January 10, 2024 status conference.

Respectfully submitted,

*/s/ P. Leigh O'Dell*

P. Leigh O'Dell

cc:   All Counsel (via ECF)