# faegre drinker

faegredrinker.com

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

January 9, 2024

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

Re:  *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738*

Dear Magistrate Judge Singh:

In anticipation of the hearing set for January 10, we write on behalf of defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., to the Court to provide an update on which plaintiffs in the first group[1] have failed to provide Plaintiff Profile Forms ("PPFs") and related discovery in violation of the Court's September 1, 2023, discovery Order (Doc. 27291), and to respond to the points raised in the letters filed on January 5, 2024, by Beasley Allen (Doc. No. 28889), Milberg Coleman (Doc. No. 28881), Burns Charest (Doc. No. 28882) and Motley Rice (Doc. No. 28872).

### 1. Remaining Cases in Violation of the Order and Relief Requested

Attached as *Exhibit A* is an updated list of 92 cases filed by 30 law firms for which we seek leave to file a motion to dismiss as set forth in our letter dated December 14, 2023 (Doc. No. 28797). The discovery in these cases is now almost 90 days overdue and these plaintiffs have failed to comply with paragraphs 5 and 7 of the Order.

We start with two basic principles. First, lawsuits should not be filed unless and until plaintiffs have solid evidence of product usage and the alleged medical event. Second, plaintiffs' counsel have the professional and ethical obligations to

---

[1] The Order, at the request of the plaintiffs, divides the cases into groups by date the complaint was filed and sets staggered deadlines. This first group of plaintiffs filed their complaints in 2016 and 2017.

keep track of their clients. The fact that bankruptcies were filed does not relieve the plaintiffs of these legal and ethical obligations and the Court should reject this excuse proffered by Beasley Allen, Burns Charest, Motley Rice, and other plaintiffs' counsel.

It is important to note that plaintiffs were originally ordered by this Court on April 20, 2021, to produce PPFs and the related discovery by October 20, 2021 – a period of almost six months. See Plaintiff's Profile Form Order (Doc. No. 19911). LTL's bankruptcy filing was on October 14, 2021, mere days before the PPFs were originally ordered to be due. So, while the September 1, 2023, Order extended the due date for the first group until October 16, 2023, the reality is that this discovery has now been outstanding for over two years. Plaintiffs have been given more than sufficient time to serve the discovery, and any prior stay in this litigation cannot justify further extensions of time for plaintiffs to comply in serving discovery.

The task at hand for defendants, ensuring plaintiffs' compliance with the requirements of this Court's Amended Plaintiff Profile Form Order (Doc. No. 27291), has been no easy feat. For this first group of plaintiffs, cases filed in 2016 and 2017, there were 4,620 plaintiffs who were required to file PPFs and corresponding documents on MDL Centrality by October 16, 2023. See Amended Plaintiff Profile Form Order (Doc. No. 27291). Over 10% failed to do so. In early November, defendants compiled a list of over 500 plaintiffs who did not appear to meet that Court ordered deadline and issued notice to approximately 105 law firms informing them of the cases which were deficient in serving the discovery and granting them an automatic three-week extension of time. The notices were sent via e-mail to counsel of record listed for the cases. Defendants copied plaintiffs' lead counsel, Michelle Parfitt and Leigh O'Dell, on all the notices. In response to requests from individual lawyers, defendants agreed to extensions, and at times multiple extensions, on over 100 individual matters beyond the original 3-week extension provided in the letter noticing plaintiffs of their deficiencies.

Since the time defendants sent notice to plaintiffs, the original list of offenders has gone down significantly. 286 cases previously noticed as deficient have now complied in serving the discovery[2], 22 cases have been dismissed with prejudice, and several hundred cases have been noted to be settled. There remain approximately 92 individual cases which received extensions that will expire by next month.[3] Many plaintiffs were reported to be deceased, but Suggestions of Death pursuant to F.R.C.P. 25 have been filed in very few of those cases.

---

[2] Defendants have not yet reviewed the discovery for sufficiency of information provided. At this time, defendants have only sought to determine whether the required discovery was properly uploaded and published on MDL Centrality.

[3] As pending extensions afforded to numerous plaintiffs expire, defendants anticipate the need to file a further motion to dismiss regarding 2016/2017 matters once all extensions of time expire and a final tally of deficient 2016/2017 matters is obtained.

At this juncture, defendants seek leave to file a motion to dismiss with prejudice the 92 cases contained on the enclosed updated deficiency list. A majority of the matters on this updated list are ones in which no extension request was made, and plaintiff's counsel did not respond to our outreach (nor were the e-mails returned as undeliverable).[4] Dismissal of these matters is appropriate as these respective plaintiffs have been provided nearly three months to cure the alleged deficiencies but have failed to do so. Further, dismissing these matters with prejudice will ensure going forward that all plaintiffs are aware that, after being afforded considerable time to comply, their failure to abide by the Court's Order will result in dismissal of their matter.

## 2. Beasley Allen's Letter of January 5, 2024, (Doc. No. 28889).

### A. Lead Counsel's Request for an Extraordinary Extension of Time Should be Rejected.

The Beasley Allen law firm, with by far the largest number of cases on the list, did not respond to defendants' notice sent on November 9, 2023, nor to defendants' letter to the Court on December 14, 2023. Finally, after I reached out directly to Ms. O'Dell as a professional courtesy on January 2, 2024, counsel for Beasley Allen provided a spreadsheet addressing 195 cases. Of the 195 cases contained in their response, Beasley Allen requested 90-day extensions on 68 matters. In response, I offered 30-day extensions on these matters (this is on top of the almost 3 months plaintiffs have already had to cure these deficiencies), explaining that we had not agreed to 90-day extensions for other firms and could not do a "special deal" for one of the lead counsel. Beasley Allen apparently rejects this offer.

### B. The Use of MDL Centrality to Serve Notices is Not Feasible at This Time.

Beasley Allen asks that defendants utilize MDL Centrality to issue notices of deficiencies to plaintiffs as opposed to directly contacting counsel of record. At this time, such a procedure is not possible on MDL Centrality. MDL Centrality is not set up to recognize the deadline for filing of PPFs for each group of cases, and if a plaintiff firm is not registered on MDL Centrality with Brown Greer, the firm which manages MDL Centrality, notices cannot be generated and sent to the firm to alert them of such deficiencies. Further, there is no provision authorizing the use of MDL Centrality as an alternative form of service in this manner.

Plaintiffs and defendants have met and conferred on this issue, and the parties have agreed to review this proposed procedure to determine if changes to MDL Centrality can be made in order to effectuate plaintiffs' proposal. However,

---

[4] There are several matters on the enclosed list in which defendants sent notice via regular mail and RRR mail as the contact information for the attorney of record was outdated. The receipts demonstrating acceptance of the mailed notice letters are attached following the updated list.

there remains an issue of sufficiency in noticing cases on MDL Centrality. Defendants cannot agree to noticing cases on MDL Centrality without agreement from plaintiffs that such notice complies with the Rules of Federal Civil Procedure. To change the noticing process without such an agreement would undoubtedly lead to future complications in dismissing cases which continue to fail to comply with the Court's Amended Plaintiff Profile Form Order.

### C. Beasley Allen's Other Excuses Should Be Rejected by The Court.

Beasley Allen asserts that the reason for the significant delay in plaintiffs serving PPFs is, in part, due to the prior bankruptcy actions instituted by LTL Management. This position is unfounded as outlined above and should be rejected out of hand.

Beasley Allen also blames the defendants for errors in **plaintiffs'** inputting of data into MDL Centrality. This excuse is equally unavailing. As defendants have come to learn, many plaintiffs who were noticed as deficient in serving PPFs failed to publish the discovery uploaded to MDL Centrality (*i.e.*, make it available to the defendants) which resulted in defendants being unable to determine if certain plaintiffs served the discovery. In addition, numerous PPFs have been submitted under the names of representatives and not the names of the original plaintiff, or submitted in the wrong locations on MDL Centrality, complicating defendants' task further. Defendants have provided suggestions to the Plaintiff Steering Committee on how plaintiffs should be filing the discovery at issue in order to address some of the problems noted above.

### 3. Milberg Coleman Bryson Phillips Grossman's Letter of January 5, 2024, re Theresa Allen (Doc. No. 28881).

Counsel for plaintiff Theresa Allen, matter 3:17-cv-12473, has requested the Court dismiss her case without prejudice to allow her to change courts and pursue a later filed action in the New Jersey state court. *See* Letter of Milberg Coleman (Doc. No. 28881). Plaintiff filed her federal action on December 4, 2017, (Doc. No. 1, 3:17-cv-12473), and two and a half years later filed a second action in New Jersey Superior Court, Docket ATL-L-2341-20, on July 30, 2020.

Defendants oppose this apparent effort to forum shop. Similar efforts in other MDL cases have been rejected by the Court as should this one. *See e.g.,* Letter Order issued by Chief Judge Wolfson dated Sept. 15, 2020, in *Marchetti, et al. v. Johnson & Johnson*, 3:16-cv-8082 (Doc. No. 75). "Courts abhor forum shopping and accordingly have held that 'discouraging forum shopping is a proper judicial goal'". *Zarrilli v. Johnson & Johnson*, No. ATL-L-1480-16, 2017 WL 751985, at *3 (N.J. Super. Feb. 3, 2017); *see Mehle v. Trinity Highway Prods. LLC*, 131 F. Supp. 3d 857, 860 (D. Minn. 2015) (denying plaintiff's motion to dismiss where the Court believed that plaintiff had buyer's remorse for filing in federal court and hoped to

gain an advantage by having her action heard in state court). Plaintiff chose this federal forum first and her case should remain here.

### 4. Burns Charest's Letter of January 5, 2024 (Doc. No. 28882)

The Burns Charest letter presents a buffet of issues. First is one of lack of diligence. 6 of the 11 matters for which Burns requests 90-day extensions are marked as the plaintiff being "unresponsive." However, a quick internet search reveals that at least 1 of the 6 "unresponsive" plaintiffs is quite likely unresponsive because she is dead and has been dead for some time. *See* https://www.knoxnews.com/obituaries/kns034814, her obituary which was easily located online. This information begs the question - how much effort did Burns Charest expend in attempting to locate their clients or next of kin? The effort, if any, was not described as required by Paragraph 7 of the Amended Plaintiff Profile Form Order. Counsel's request for an additional 90 days to locate their clients should be rejected.

Second, as to the 5 plaintiffs Burns identifies as deceased, counsel should comply with *F.R.C.P.* 25 and file Suggestions of Death. Rule 25 provides for a dismissal process which affords counsel considerable time to locate and substitute their deceased plaintiff prior to a dismissal occurring in the action.

#### A. Burns Charest's Requests for 90 Day Extensions Should be Rejected.

For all of these cases, Burns Charest seeks a 90-day extension, but in the event their deficient cases are dismissed, asks that those dismissals be without prejudice. The request for 90 days is excessive and is an extension that no other firm has received. We will agree to a 30-day extension here.

#### B. Burns Charest's Requests for Dismissals Without Prejudice Should be Rejected.

Likewise, the request to dismiss cases "without prejudice" should be rejected. That just kicks the can down the road and gives the plaintiffs a free pass for a redo in what they may perceive as a more favorable forum. Such requests have been rejected in this MDL, as discussed in more detail above.

There is no doubt that the Court has the power to order dismissals "with prejudice". District courts are empowered to sanction parties, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent," *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (finding the district court did not abuse its discretion to dismiss plaintiff's complaint with prejudice for failing to answer interrogatories for over a year after receiving numerous extensions.)

      Plaintiffs are not entirely without relief from a dismissal with prejudice. *F.R.C.P.* 60 provides that the court may provide relief from a final order due to, *inter alia*, inadvertence, excusable neglect, the results of the judgment no longer being equitable, or other reasons that justify relief. See *F.R.C.P.* 60(b). Should plaintiffs cure their deficiencies, or locate their next of kin, they have a vehicle to seek relief from any order dismissing their matter with prejudice for their failure to comply with the Court's Order. Defendants respectfully request that any matters dismissed by the Court for failure to adhere to the deadlines enumerated in the Amended Plaintiff Profile Form Order be with prejudice.

## 5. Letter of Motley Rice dated January 5, 2024 (Doc. No. 28872)

      The firm of Motley Rice has written to the Court and indicated there remain 8 plaintiffs they represent that they cannot locate. Counsel insinuates it is the defendants' actions in previously filing for bankruptcies that have led to their inability to locate their clients. While this assertion is misguided as noted above, it is also wholly unsupported and fails to comply with paragraph 7 of the Court's Amended Plaintiff Profile Form Order (Doc. No. 27291), which states if counsel is unable to obtain the discovery/information at issue, they are required to describe their efforts and attempts to obtain such in order to be found in substantial compliance with the Court's Order. The letter of Motley Rice does not in any way demonstrate the efforts expended to date to locate their clients. As a result, these matters should be dismissed with prejudice.

      Counsel has been afforded significant time to locate their clients or discover their passing. Additional time provided to these matters will only serve to bog down these proceedings further with cases that should be removed from the docket. Notably, thousands of fact sheets were due in December, and even more are due in the coming months. Finally, if counsel can determine their clients have passed, Suggestions of Death should be filed, and in the event there are other extenuating circumstances, *F.R.C.P.* 60 provides plaintiffs with a safety valve to challenge any dismissal with prejudice.

      Thank you for your consideration of these matters.

Respectfully submitted,

/s/

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932

Telephone: 973-549-7350
Facsimile:  973-360-9831
E-mail: susan.sharko@faegredrinker.com

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. now known as Johnson & Johnson Consumer Inc.*

SMS/scg

Cc: All counsel (via ECF)

Encl: Exhibit A