UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS) |

*THIS DOCUMENT RELATES TO ALL CASES*

**MEMORANDUM OF LAW IN SUPPORT THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA DIRECTED AT NORTHWELL HEALTH, INC.**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), submit this Memorandum of Law in support of their Motion for Protective Order Regarding Subpoena served by Johnson & Johnson on non-party Northwell Health, Inc. on December 13, 2023.

## BACKGROUND

On December 13, 2023, Johnson & Johnson issued a subpoena to Northwell for the production of two documents: (1) an unredacted key identifying the individuals Jacqueline Moline, MD, MSc, included in her article "Mesothelioma Associated With the Use of Cosmetic Talc";[1] and (2) an unredacted key identifying the participants Dr. Moline included in her article "Exposure to cosmetic talc and mesothelioma."[2] *See* Subpoena attached as **Exhibit A**. Dr. Moline's articles concern the link between cosmetic talc use and mesothelioma—not ovarian cancer. Dr. Moline is not an expert in this MDL. On Wednesday, December 27, 2023, the PSC timely objected to

---

[1] Jacqueline Moline, MD, MSc, et al., *Mesothelioma Associated With the Use of Cosmetic Talc*, 62:1 J. Occup. Environ. Med. 11 (2020).

[2] Jacqueline Moline, MD, MSc, et al., *Exposure to cosmetic talc and mesothelioma*, 18:1 J. Occup. Med. Toxicol. 1 (2023).

Johnson & Johnson's subpoena. *See* PSC's Objection Letter attached as **Exhibit B**. The parties met and conferred on January 2, 2023, but Johnson & Johnson would not agree to withdraw the subpoena. Northwell served its own objections on January 10, 2023. *See* Northwell's Objections attached as **Exhibit C**.

## ARGUMENT

As a preliminary matter, the PSC has standing to seek a protective order on behalf of Northwell, the non-party former employer of Dr. Moline, who is also a non-party and is **not retained as an expert in this MDL**. Specifically, Rule 26(c) permits the Court, upon good cause shown, to issue a protective order to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), particularly when the requested records are <u>irrelevant and unlikely to be admissible at trial</u>. *See, e.g., Rudelli v. Eli Lilly & Co.*, 2020 WL 13694732, at *2 (D.N.J. Nov. 13, 2020) (stating that "[a] party may move for a protective order for a subpoena issued to a non-party if the party's interests 'are jeopardized by discovery from a third party' or <u>if the discovery sought from a third party is irrelevant</u>.") (emphasis supplied); *EEOC v. United Galaxy*, 2011 WL 4072039 (D.N.J. Sept. 13, 2011).

"[T]he party seeking discovery must first demonstrate relevance before the party seeking a protective order must demonstrate good cause." *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 195 (D.N.J. 2010), *aff'd*, No. 08-6292, 2010 WL 3724271 (D.N.J. Sept. 15, 2010). "The Third Circuit has set forth a list of seven factors that a trial court may consider in determining if good cause exists to issue a protective order:" (1) "whether disclosure will violate any privacy interests;" (2) "whether the information is being sought for a legitimate purpose or for an improper purpose;" (3) "whether disclosure of the information will cause a party embarrassment;" (4) "whether confidentiality is being sought over information important to public health and safety;" (5)

"whether the sharing of information among litigants will promote fairness and efficiency;" (6) "whether a party benefitting from the order of confidentiality is a public entity or official;" and (7) "whether the case involves issues important to the public." *Sciore v. Centric Bank*, 2021 WL 3128682, at \*2–3 (E.D. Pa. Jul. 23, 2021) (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)) (internal quotations and citations omitted).

Here, good cause exists for this Court to issue a protective order because Johnson & Johnson seeks irrelevant information from a third-party hospital for an improper purpose and intrudes on the privacy interests of non-party patients who have no connection to this litigation.

## A. Johnson & Johnson Seeks Information that is Irrelevant to this Ovarian Cancer Litigation.

Johnson & Johnson's subpoena is improper because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Rather, it is part of a nationwide campaign to discredit Dr. Jacqueline Moline and her opinions regarding the association between talcum powder products and mesothelioma—a disease that is not at issue in this MDL. That is not a legitimate basis for serving discovery upon non-party Northwell for the records of non-party Dr. Moline that implicate the privacy interests of multiple non-party mesothelioma victims.

Evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Johnson & Johnson seeks production of an unredacted copy of the key identifying the participants Dr. Moline included in her article "Mesothelioma Associated With the Use of Cosmetic Talc," as well as an unredacted copy of the key identifying the participants who were included in her article "Exposure to cosmetic talc and mesothelioma." The requested information concerns the association between talcum powder products and mesothelioma. As such, it does not tend to make more or less probable any fact that is of consequence in determining issues in this

MDL, which is limited to women alleging that they developed <u>ovarian cancer</u> after using Johnson & Johnson's talcum powder products.

There are no allegations of mesothelioma caused by talcum powder products in the MDL master complaint, and Dr. Moline is not an expert in this MDL. At the parties' meet and confer, counsel for Johnson & Johnson argued that the information is relevant because certain MDL plaintiffs' experts listed Dr. Moline in their references and materials considered lists. But of course, experts often review and consider a wide range of materials, including materials being offered by an opposing party to support its own claims. The MDL plaintiffs' experts do not <u>rely</u> on Dr. Moline's mesothelioma studies to support their opinions about the link between talcum powder products and <u>ovarian cancer</u>. And even if they did, Johnson & Johnson has failed to explain why <u>the names of the mesothelioma victims</u> included in the studies are material to any fact at issue in the MDL. In short, there is no connection between the information sought and this MDL at all. Accordingly, the information is entirely irrelevant, and Johnson & Johnson has no legitimate basis for obtaining it in this litigation. *See Hashem v. Hunterdon Cnty.*, 2017 WL 2215122, at *2 (D.N.J. May 18, 2017) (explaining that "while the scope of discovery is broad, it is not unlimited and should not serve as a fishing expedition"); *Constantino v. City of Atlantic City*, 2015 WL 12806490, at *3 (D.N.J. Nov. 4, 2015) (rejecting "the notion that a party can subpoena irrelevant documents in a case with impunity").[3]

---

[3] Additionally, and upon information and belief, multiple courts in other jurisdictions have already rejected Johnson & Johnson's attempts to obtain the same information from Northwell in mesothelioma cases. Accordingly, Johnson & Johnson's attempt to obtain the information in this MDL is an end-run around those prior courts' rulings.

**B. Johnson & Johnson's Subpoena Seeks to Annoy, Harass, and Intrude on the Privacy Interests of Non-Parties.**

Johnson & Johnson's attempt to obtain this irrelevant information is particularly egregious because it implicates the confidential health information of non-party patients. Courts have "a responsibility to protect privacy and confidentiality interests" and "authority to fashion a set of limitations that allow as much relevant material to be discovered as possible . . . while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *1 (D.N.J. 2007). Further, "[i]t has been recognized in various contexts that medical records and information stand on a different plane than other relevant material" as demonstrated by the fact that "the Federal Rules of Civil Procedure impose a higher burden for discovery of reports of the physical and mental condition of a party or other person than for discovery generally." *U.S v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980). The keys Dr. Moline used in writing her articles implicate the protected health information of several individuals with mesothelioma who have <u>no connection</u> to this MDL.

Courts routinely deny such requests absent "good cause shown for the release of the requested records." *Boykins v. inVentiv Com. Servs., L.L.C.*, 2014 WL 413538, at *2 (D.N.J. 2014). That requires, in part, "independent evidence that provides a reasonable basis" to believe relevant evidence can be discovered from such an intrusive request. *Id.* As discussed, Johnson & Johnson has no such evidence. There is no authority supporting the legitimacy of a subpoena that seeks <u>irrelevant and inadmissible evidence</u> from the non-party former employer (Northwell) of another non-party (Dr. Moline) implicating the privacy interests of non-parties (the mesothelioma victims).

### C. Johnson & Johnson's Subpoena is Unduly Burdensome, Oppressive, and Harassing.

Finally, the PSC objects to the subpoena—served shortly before Christmas and with a return date of January 2 at 10:00 a.m., no less—on the ground that it is unduly burdensome, oppressive, and harassing. A subpoena is considered unduly burdensome when it "is unreasonable or oppressive." *DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citing *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)). Courts consider "the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity." *Schmulovich*, 2007 WL 2362598 at *4.

Because the information sought is not relevant to this MDL, Johnson & Johnson cannot show a need for the production or that the production will advance the litigation. Additionally, as a non-party to the litigation, it is indisputably burdensome for Northwell to exert time, effort, and expense producing confidential non-party patient information that is irrelevant to the litigation. In all, the factors demonstrate that the subpoena is unreasonable, burdensome, and oppressive. There is no sound basis for requesting this information from non-party Northwell in this MDL, which is exclusively focused on ovarian cancer victims.

For these reasons, the PSC respectfully requests that this Court issue a protective order relieving non-party Northwell from the burden of producing the irrelevant and confidential health information of non-party mesothelioma victims.

Dated: January 12, 2023

Respectfully submitted,

*/s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-335-2600
mparfitt@ashcraftlaw.com

*/s/ P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
218 Commerce St.
Montgomery, AL 36104
Tel: 334-269-2343
leigh.odell@beasleyallen.com

***Plaintiffs' Co-Lead Counsel***

*/s/ Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Ave.
Red Bank, NJ 07701
Tel: 732-747-9003
clpacitella@cprlaw.com

***Plaintiffs' Liaison Counsel***