# EXHIBIT B

**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

December 27, 2023

Susan M. Sharko
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

**Re:** ***Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation***
**Case No.: 3:16-md-02738-MAS-RLS**
**Northwell Health, Inc. December 13, 2023 subpoena**

Dear Ms. Sharko:

Please be advised that the Plaintiffs' Steering Committee (PSC), on behalf of all plaintiffs in this multidistrict litigation (MDL), objects to the Subpoena served upon Northwell Health, Inc. (Northwell) on December 13, 2023. The PSC reserves all rights, including the right to supplement or amend these objections, with respect to this or any future subpoena. The PSC's objections to the Subpoena include, without limitation, the following:

1. **Irrelevant Information**. The PSC objects to the Subpoena as it seeks information that is neither relevant to the subject matter of the pending MDL, nor reasonably calculated to lead to the discovery of admissible evidence. *Rudelli v. Eli Lilly & Company*, 2020 WL 13694732, at *2 (D.N.J. Nov. 13, 2020) ("A party may move for a protective order for a subpoena issued to a non-party if…the discovery sought from a third party is irrelevant.") The Subpoena seeks production of an unredacted copy of the key identifying the participants Jacqueline Moline, MD, MSc, included in her article "Mesothelioma Associated With the Use of Cosmetic Talc," as well as an unredacted copy of the key identifying the participants who were included in her article "Exposure to cosmetic talc and mesothelioma." This information, concerning the association between talcum powder products and <u>mesothelioma</u>, is irrelevant to the subject matter of the pending MDL, which is limited to women alleging that they developed <u>ovarian cancer</u> after using Johnson & Johnson's talcum powder products. There are no allegations of mesothelioma caused by talcum powder products in the MDL master complaint, and Dr. Moline is not an expert in this MDL. There is no connection between the information sought and this MDL at all. The PSC further notes that Johnson & Johnson's multiple prior <u>failed</u> attempts at subpoenaing Northwell for the same information occurred in the context of mesothelioma litigation. As such, this Subpoena is even more baseless.

2. **Undue Burden**. The PSC objects to the Subpoena—served shortly before Christmas and with a return date of January 2 at 10:00 a.m., no less—on the ground that it is unduly burdensome, oppressive, and harassing. As a non-party to the litigation, it is unduly burdensome for Northwell to exert time, effort, and expense in producing confidential information that is irrelevant to the pending litigation. *See, e.g., Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813–14 (9th Cir. 2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that subpoenas were "served for the purpose of annoying and harassment"). There is no sound basis for requesting this information from Northwell in this ovarian-cancer MDL, particularly when multiple courts have already denied the same information to Johnson & Johnson in the context of mesothelioma litigation.

3. **Unretained Expert**. The PSC objects to the Subpoena as it requires disclosure of information underlying an unretained expert's opinion. As explained above, Dr. Moline is not an expert in this MDL, and the information sought is wholly unconnected to this MDL. Under Federal Rule of Civil Procedure 45(d)(3)(B)(ii), this alone is grounds for quashing the Subpoena.

4. **Confidential Information**. The PSC objects to the Subpoena on the ground that it requires disclosure of confidential information. Specifically, the Subpoena seeks unredacted copies of the keys Dr. Moline used in writing her articles, which include protected health information of several individuals who have no connection to the MDL.

Please let us know your availability for a meet and confer on **December 28 or 29**. If your client does not withdraw the subpoena, the PSC will file a Motion for Protective Order.

Sincerely,

*/s/ P. Leigh O'Dell* — P. Leigh O'Dell

*/s/ Michelle A. Parfitt* — Michelle A. Parfitt

cc: Chris Tisi (via email)
Christopher Placitella (via email)
Amanda Klevorn (via email)