# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

IN RE: JOHNSON & JOHNSON TALCUM POWDER,

    Plaintiff,

-against-

PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION,

    Defendant.

Civil Action No.:
3:16-md-2738-MAS-RLS

**NORTHWELL HEALTH, INC.'S OBJECTIONS AND RESPONSE TO THE SUBPOENA ISSUED BY DEFENDANT JOHNSON & JOHNSON**

---

  **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Northwell Health, Inc. ("Northwell") states its objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action dated December 13, 2024 [sic] (the "Subpoena") issued by Defendant Johnson & Johnson ("Defendant") in the captioned action (the "Subpoena"), as follows:

### GENERAL OBJECTIONS

  1. As more fully amplified in its Specific Objections and Responses, Northwell objects to the Subpoena as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence with respect to the claims and defenses in the captioned action.

  2. Northwell objects to the Subpoena as calling for the production of documents not relevant to the claims and defenses in the captioned action for the reasons set forth in Point I of the December 27, 2023 letter from counsel for Plaintiffs to counsel for Defendant, a true and accurate copy of which is annexed as Exhibit 1 hereto and incorporated by reference herein.

3. As more fully amplified in its Specific Objections and Responses, Northwell objects to the Subpoena, and any implied or express instruction or direction in the Subpoena, that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules Local Rules Of The United States District Courts For The Southern And Eastern Districts Of New York.

4. As more fully amplified in its Specific Objections and Responses, Northwell objects to the Subpoena to the extent it seeks disclosure of information protected under the attorney-client privilege, the work-product doctrine, the Federal Policy for Protection of Human Subjects (the "Common Rule") or any other applicable privilege or immunity.

5. As more fully amplified in its Specific Objections and Responses, Northwell objects to the Subpoena to the extent it seeks disclosure of proprietary and/or confidential business information of Northwell. To the extent the Subpoena does seek such information, Northwell will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c).

6. Northwell reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the Subpoena, unless Northwell specifically states otherwise.

7. As more fully amplified in its Specific Objections and Responses, Northwell objects to the Subpoena to the extent it requires production of documents in the possession, custody, or control of former directors, officers, employees, agents, partners, representatives, and attorneys of Northwell or its subsidiaries. Documents such persons might possess are not within the possession, custody, or control of Northwell.

8. As more fully amplified in its Specific Objections and Responses, Northwell objects to the Subpoena to the extent it requires production of documents in the possession,

custody, or control of companies in which Northwell does not have a controlling interest, as documents are not in the possession, custody, or control of Northwell.

9. Northwell's General Objections are applicable to, and included in, Northwell's specific objections and answers set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

1. An unredacted copy of the five-page key identifying the plaintiffs that Dr. Moline chose to include in her article Moline J, Bevilacqua K, Alexandri M, Gordon RE. Mesothelioma Associated With the Use of Cosmetic Talc. J OCCUP ENVIRON MED. 2020 Jan;62(1):11-17. Doi: 10.1097/JOM.0000000000001723, including Erratum in: J OCCUP ENVIRON MED. 2023 May 1 ;65(5):e362. PMID: 31609780.

    a. Attached hereto as **Exhibit A** is a copy of Moline J, Bevilacqua K, Alexandri M, Gordon RE. Mesothelioma Associated With the Use of Cosmetic Talc. OCCUP ENVIRON MED. 2020 Jan;62(1): 11-17. Doi: 10.1097/JOM.0000000000001723, including Erratum in: J OCCUP ENVIRON MED. 2023 May 1 ;65(5):e362. PMID: 31609780. [original emphasis]

    b. Attached hereto as **Exhibit B** is a redacted copy of the five-page key identifying the plaintiffs that Dr. Moline chose to include in her article. [original emphasis]

**RESPONSE TO REQUEST NO. 1**

First, Northwell objects to this Request to the extent it is based on the false premise that Northwell is in possession of the "unredacted copy of the five page key" that is the subject of this Request and to the extent Defendant seeks information beyond Northwell's possession, custody, or control, and/or more appropriately obtainable from other persons or entities.

Second, Northwell objects to this Request as unduly burdensome to the extent Defendant requests that Northwell disclose the identities of research subjects in contravention of Northwell's duties and responsibilities under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Federal Policy for the Protection of Human Subjects (the "Common Rule"), and bedrock and widely accepted Institutional Review Board ("IRB")

3

requirements of confidentiality and privacy. Northwell suffers an undue burden not only in that Defendant requests it to breach these various duties of confidentiality, but in the chilling effect of such breach. The disclosure of identities of research subjects in breach of confidentiality would foreseeably negatively impact others' willingness to participate in future research studies and thereby hinder Northwell's ability to conduct medically relevant research. As a non-party, these burdens on Northwell are entitled to special weight and consideration.

Third, Northwell objects to this Request because it requires disclosure of privileged or other protected matter. In that regard, by requesting the identities of research subjects, Defendant seeks trade secrets, proprietary, or other confidential research information protected from disclosure by the attorney-client privilege, work-product doctrine, the Common Rule, the HIPAA Privacy Rule, or any other applicable legal privileges or protections. Pursuant to the Common Rule, bedrock and widely accepted IRB requirements of confidentiality and privacy, and applicable case law, it would be improper for Northwell to identify the research subjects on which Dr. Moline's Article is based or to produce documentation from which the identities of the research subjects could be identified. Moreover, because Northwell is a "covered entity" under HIPAA, and because identifying research subjects would divulge their protected health information ("PHI")—namely, that they have mesothelioma—it would be improper for Northwell to identify the research subjects under HIPAA.

Fourth, relatedly, Northwell objects to this request because the information requested can have no relevance or probative value to Defendant, and in any event, any possible probative value to Defendant would be outweighed by the burden and harm to Northwell. Northwell's fundamental interests in protecting privacy, confidentiality, and the integrity of human-subject research, as described above, outweigh Defendant's interest in discovering the identities of the

individuals referenced in the Article. To the extent that none of the 166 individuals referenced in the Article are parties to this litigation, knowledge of their identities can have no relevance or probative value to any of the issues in this case. To the extent that Defendant desires the names of the research subjects to determine whether they had any other asbestos fiber exposure beyond that to cosmetic talc, that information is already supplied in the Article. Further in that regard, outside of the identities of the research subjects, and their specific ages, the Article already contains any other pertinent data as to each individual.

Fifth, Northwell objects to this request as an abuse of process to the extent Defendant served this subpoena with the purpose to (1) do harm to Northwell and Dr. Moline, who is referenced in the Request, and/or (2) gain an advantage outside of the legitimate ends of this process, including advantage in litigation pending in other jurisdictions.

2. An unredacted copy of the key identifying the plaintiffs that Dr. Moline chose to include in her article Moline J, Patel K, Frank AL. Exposure to cosmetic talc and mesothelioma. J OCCUP MEDTOXICOL. 2023 Jan 18; 18(1):1. Doi: 10.1 186/s12995-023-00367-5.PMID: 36653798; PMCID: PMC9847157.

   a. Attached hereto as Exhibit C is a copy of Moline J, Patel K, Frank AL. Exposure to cosmetic talc and mesothelioma. J OCCUP MED TOXICOL. 2023 Jan 18;18(1):1. Doi: 10.1 186/sl2995-023-00367-5. PMID: 36653798; PMCID:PMC9847157.

**RESPONSE TO REQUEST NO. 2**

First, Northwell objects to this Request to the extent it is based on the false premise that Northwell is in possession of the "unredacted copy of the five page key" that is the subject of this Request and to the extent Defendant seeks information beyond Northwell's possession, custody, or control, and/or more appropriately obtainable from other persons or entities.

Second, Northwell objects to this Request as unduly burdensome to the extent Defendant requests that Northwell disclose the identities of research subjects in contravention of

5

Northwell's duties and responsibilities under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule, Federal Policy for the Protection of Human Subjects (the "Common Rule"), and bedrock and widely accepted Institutional Review Board ("IRB") requirements of confidentiality and privacy. Northwell suffers an undue burden not only in that Defendant requests it to breach these various duties of confidentiality, but in the chilling effect of such breach. The disclosure of identities of research subjects in breach of confidentiality would foreseeably negatively impact others' willingness to participate in future research studies and thereby hinder Northwell's ability to conduct medically relevant research. As a non-party, these burdens on Northwell are entitled to special weight and consideration.

Third, Northwell objects to this Request because it requires disclosure of privileged or other protected matter. In that regard, by requesting the identities of research subjects, Defendant seeks trade secrets, proprietary, or other confidential research information protected from disclosure by the attorney-client privilege, work-product doctrine, the Common Rule, the HIPAA Privacy Rule, or any other applicable legal privileges or protections. Pursuant to the Common Rule, bedrock and widely accepted IRB requirements of confidentiality and privacy, and applicable case law, it would be improper for Northwell to identify the research subjects on which Dr. Moline's Article is based or to produce documentation from which the identities of the research subjects could be identified. Moreover, because Northwell is a "covered entity" under HIPAA, and because identifying research subjects would divulge their protected health information ("PHI")—namely, that they have mesothelioma—it would be improper for Northwell to identify the research subjects under HIPAA.

Fourth, relatedly, Northwell objects to this request because the information requested can have no relevance or probative value to Defendant, and in any event, any possible probative

6

value to Defendant would be outweighed by the burden and harm to Northwell. Northwell's fundamental interests in protecting privacy, confidentiality, and the integrity of human-subject research, as described above, outweigh Defendant's interest in discovering the identities of the individuals referenced in the Article. To the extent that none of the 166 individuals referenced in the Article are parties to this litigation, knowledge of their identities can have no relevance or probative value to any of the issues in this case. To the extent that Defendant desires the names of the research subjects to determine whether they had any other asbestos fiber exposure beyond that to cosmetic talc, that information is already supplied in the Article. Further in that regard, outside of the identities of the research subjects, and their specific ages, the Article already contains any other pertinent data as to each individual.

Fifth, Northwell objects to this request as an abuse of process to the extent Defendant served this subpoena with the purpose to (1) do harm to Northwell and Dr. Moline, who is referenced in the Request, and/or (2) gain an advantage outside of the legitimate ends of this process, including advantage in litigation pending in other jurisdictions.

Dated: Katonah, New York
January 10, 2024

Your, etc.,

GordonLaw LLP

By: _____
Michael R. Gordon

*Attorneys for Non-Party Northwell Health, Inc.*

51 Bedford Road, Suite 2
Katonah, New York 10536
914.671.6873
mgordon@gordonlawllp.com