

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath LLP**
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

January 18, 2024

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products
      Liability Litigation*
      **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Singh,

I am writing to seek the Court's assistance in addressing three issues that have arisen
with respect to expert depositions.  The parties have met and conferred and have not been able
to resolve their differences without the assistance of the Court.  In brief, each of the issues
concerns the length of time that defendants are entitled to spend questioning plaintiffs' expert
witnesses at deposition pursuant to the Court's October 10, 2023 Order (Dkt. No. 28516) and, in
one case, the August 2, 2021 Order (Dkt. No. 24511).

**Dr. Moorman.**  Dr. Patricia Moorman submitted her first report on general causation in
the MDL proceeding on November 16, 2018.  She was deposed concerning the opinions in that
report on January 25, 2019.  Subsequent to that report and deposition, Dr. Moorman authored
two supplemental expert reports: (1) an "Addendum to Rule 26 Expert Report of Patricia G.
Moorman," dated and signed April 21, 2021; and (2) a "Supplemental Expert Report of Patricia
G. Moorman," dated and signed November 15, 2023.  Both the 2021 and 2023 reports were
simultaneously produced to defendants in a single document on November 15, 2023.  (*See*
November 15, 2023 Moorman Disclosure (attached as Ex. A).

Had Dr. Moorman's April 21, 2021 report been produced in the MDL in 2021, defendants
would have been entitled to four hours of time to question her.  (*See* August 2, 2021 Order, Dkt.
No. 24511 ¶ 4.)  Pursuant to the Court's October 10, 2023 Order (Dkt. No. 28516 ¶ 6),
defendants would also have an additional four hours of time in which to question Dr. Moorman
on the November 15, 2023 report.  However, because her April 21, 2021 report was not
produced in the MDL proceeding until 2023, defendants did not have an opportunity in 2021 to
question Dr. Moorman about the new studies and opinions contained therein.  Thus, Dr.
Moorman's deposition will have to cover two separate reports.

In order to ensure they would have adequate time to cover the two reports, defendants
asked plaintiffs to allow them eight hours of time to question Dr. Moorman (four hours for each
supplemental report).  Plaintiffs refused, taking the position that because the 2021 report was
previously produced in a state-court proceeding, it is not an MDL report and defendants are not
entitled to additional time to question Dr. Moorman about its contents.  This position is illogical
and contradicted by Dr. Moorman's 2023 report.  Indeed, the very first two sentences of Dr.

Honorable Rukhsanah L.                        - 2 -                        January 18, 2024
Singh, U.S.M.J.

Moorman's 2023 report make clear that she considers the 2021 report to be the second part of an MDL report trilogy:

> This report serves as a supplemental report to my 2021 addendum and my 2018 report, which together describe my review of the scientific and medical evidence on genital talc use and ovarian cancer risk. Since the submission of my 2018 and 2021 reports, additional relevant literature on talc and ovarian cancer has been published including peer-reviewed papers describing epidemiologic analyses of talc use and ovarian cancer . . .

(2023 Moorman Rep. at 1.)  Similarly, Dr. Moorman's 2023 report refers to her 2021 report multiple times when discussing correspondence relating to the O'Brien 2020 article.  (*See* 2023 Moorman Rep. at 14 ("The 2021 addendum to my report described the paper by O'Brien . . ."); *see also id.* ("I had not discussed these comments in my 2021 addendum.").)  It is thus clear that the 2021 report is part of this proceeding and that Dr. Moorman's 2023 opinions are intended to supplement her opinions in that 2021 report, which has not yet been the subject of a deposition.

Defendants therefore ask the Court to issue a ruling allowing counsel eight hours total to question Dr. Moorman on both new reports.

***Dr. Clarke-Pearson.***  Dr. Clarke-Pearson has been disclosed as a general causation expert in addition to serving as a case-specific expert for three individual bellwether plaintiffs in the MDL proceeding.  Defendants received four new reports on November 15, 2023 corresponding to amended opinions regarding:  (1) general causation; (2) Ms. Hilary Converse; (3) Ms. Tamara Newsome; and (4) Ms. Pasqualina Rausa.  According to the plain language of the October 10, 2023 Order, defendants are therefore entitled to 14 total hours of deposition time to question Dr. Clarke-Pearson regarding his four amended reports.  The October 10, 2023 Order states, in relevant part:

> Depositions of experts who address case-specific issues for individual Plaintiffs in addition to providing new or supplemental reports on general causation shall be limited to a total of one day/seven hours of testimony unless the expert issues case-specific reports in three or more cases, in which case the deposition is limited to two days/14 hours of testimony time.

(Dkt. No. 28516 ¶ 7.)  Nonetheless, plaintiffs' counsel unilaterally ended Dr. Clarke-Pearson's deposition on January 17, 2024, after four hours and before defendants could pose a single question about his new case-specific reports or opinions.

Plaintiffs' counsel's refusal to honor and comply with the Court's October 2023 Order was particularly prejudicial because of counsel's numerous, long-winded objections that repeatedly ground the deposition to a halt.  In particular, questions had to be re-asked and re-read back to the expert because the witness could not even recall the posed question after waiting for counsel to finish lengthy objections.  (*See, e.g.*, 1/17/2024 Clarke-Pearson Dep. 28:4-29:3 (attached as Ex. B) (requiring court reporter to repeat pending question); *id.* 181:22-182:14 (same); *id.* 175:6-16, 197:6-19.)  Counsel's repeated speaking objections not only slowed down the deposition but also essentially instructed the witness how to testify.  (*See id.* 123:24-124:1 ("Objection to form the data in 2020 is different than the data that was supplied by O'Brien for this Woolen paper."); *see also id.* 168:5-7 ("Object to form. He stated he doesn't know who's written the letter or whether they're in litigation or not."); *id.* 177:21-178:1 ("Dr.

Honorable Rukhsanah L.                         - 3 -                                    January 18, 2024
Singh, U.S.M.J.

Clarke-Pearson, you're welcome to respond again but if . . . it's the same answer previously given again you can so say that.").)

Although defendants are entitled to 14 hours under the plain terms of the October 10, 2023 Order, defendants instead request a single eight-hour day to depose Dr. Clarke-Pearson on all of his new opinions and respectfully request that the Court admonish plaintiffs' counsel to merely object to form or otherwise keep objections during the second day of Dr. Clarke-Pearson's deposition to an appropriate length rather than offering repeated colloquies during the deposition.

**_Dr. Wolf._**  Like Dr. Clarke-Pearson, Dr. Wolf has been disclosed as a general causation expert in addition to serving as a case-specific expert for three individual bellwether plaintiffs in the MDL proceeding.  Defendants received four new reports on November 15, 2023 corresponding to amended opinions regarding:  (1) general causation; (2) Ms. Linda Bondurant; (3) Ms. Anna Gallardo; and (4) Ms. Carter Judkins.  Thus, as was the case with Dr. Clarke-Pearson, the plain language of the October 10, 2023 Order grants defendants 14 total hours of deposition time to question Dr. Wolf regarding her four amended reports.

Dr. Wolf's deposition was noticed for January 10, 2024.  Pursuant to Special Master Order No. 6 (Dkt. No. 24431 ¶ 1), all documents considered by Dr. Wolf in forming her opinions and all documents requested in defendants' notice of deposition were to be produced no later than January 7, 2024.  However, a number of Dr. Wolf's materials were produced to defense counsel for the first time on the morning of the deposition, January 10, 2024.  (*See* 1/10/2024 Wolf Dep. 18:15-21:13 (attached as Ex.C.)  Even though defendants did not have an opportunity to prepare questioning on the materials that had been untimely produced, defense counsel spent four hours questioning Dr. Wolf that day on other topics.  Those four hours were interrupted at times by lengthy speaking objections from plaintiffs' counsel.  (*See, e.g.*, *id.* 237:11-245:21 (pages-long objection and argument over questioning witness on a portion of a document).)

Following the deposition, defense counsel reached out to plaintiffs' counsel to request an additional two hours of time to question Dr. Wolf concerning the materials that had not been timely produced.  Plaintiffs refused, taking the position that no additional time was warranted and offering 30 minutes as a compromise.  When defense counsel pointed out that defendants still had 10 of the 14 total hours granted to them by the October 10, 2023 Order, plaintiffs' counsel disagreed and offered one hour.

Although defendants are entitled to an additional 10 hours with Dr. Wolf pursuant to the October 10, 2023 Order, defendants merely request two additional hours to complete the deposition.  And, as was the case with Dr. Clarke-Pearson, defendants request that the Court admonish plaintiffs' counsel to merely object to form and refrain from speaking objections.

Thank you for your consideration of these matters.

Honorable Rukhsanah L.                    - 4 -                         January 18, 2024
Singh, U.S.M.J.

Respectfully submitted,

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

Allison M. Brown
Jessica Davidson
**SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**

SMS/emf

cc:     All Counsel (via ECF)