# Exhibit 8



Deposition of:

# Jaqueline Moline , M.D., MSc, FACP, FACOEM

*February 26, 2020*

In the Matter of:

# Zimmerman, Linda Vs. Autozone Inc., Et Al.

Veritext Legal Solutions

800.808.4958 | calendar-atl@veritext.com | 770.343.9696

Jaqueline Moline, M.D., MSc, FACP, FACOEM          February 26, 2020
Zimmerman, Linda Vs. Autozone Inc., Et Al.

Page 1

```
 1      SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2            FOR THE COUNTY OF LOS ANGELES
 3   Coordinated Proceeding      JCCP NO. 4674
     Special title (Rule 3.550)  Case No. BC720153
 4

     LAOSD ASBESTOS CASES
 5

     LINDA ZIMMERMAN,
 6         Plaintiff,
 7      vs.
 8   AUTOZONE, INC., et al.,
           Defendants.
 9
                        - - -
10

      Telephonic Deposition of JACQUELINE MOLINE, MD,
11             MSc, FACP, FACOEM,
12           Taken by Meghan B. Senter,
13           Before Jennifer D. Hamon,
             Certified Court Reporter,
14
             On Wednesday, February 26, 2020,
15    Beginning at 10:06 a.m. and ending at 1:42 p.m.
16                      - - -
17
18
19
20
21
22
23
24
25
```

Jaqueline Moline, M.D., MSc, FACP, FACOEM                February 26, 2020
Zimmerman, Linda Vs. Autozone Inc., Et Al.

Page 2

1  APPEARANCES OF COUNSEL
2  For the Plaintiff:
3      LEAH KAGAN
         (Via Telephone)
4      Simon Greenstone Panatier Bartlett PC
         Suite 540
5      3780 Kilroy Airport Way
         Long Beach, CA 90806
6      562.590.3400
         lkagan@sgpblaw.com
7
8  For the Defendant Chanel:
9      MEGHAN B. SENTER
         (Via Telephone)
10     MG+M
         One Canal Place, Suite 3000
11     365 Canal Street
         New Orleans, LA 70130
12     504.535.2879
         msenter@mgmlaw.com
13
14 For the Defendants Johnson & Johnson and
    Johnson & Johnson Consumer Inc.:
15
       JULIA ROMANO
16     (Via Telephone)
       King & Spalding
17     Suite 1600
       633 West Fifth Street
18     Los Angeles, CA 90071
       213.443.4365
19     jromano@kslaw.com
20
21
22
23
24
25 (Continued on next page)

Page 3

1  For the Defendants Ralphs Grocery Company and
    Thrifty Payless Inc. dba Rite Aid Pharmacy:
2
       GABRIELLE ANDERSON-THOMPSON
3      (Via Telephone)
       Barnes & Thornburg LLP
4      Suite 300
       2029 Cnetury Park East
5      Los Angeles, CA 90067
       310.284.3884
6      gathompson@btlaw.com
7
    For the Defendant Whittaker Clark & Daniels Inc.:
8
       REBECCA BELLOW
9      (Via Telephone)
       Berkes Crane Robinson & Seal
10     Suite 1500
       515 South Figueroa
11     Los Angeles, CA 90071
       213.955.1150
12     rbellow@bcrslaw.com
13
    For the Defendants Revlon and Macy's:
14
       PETER D. POLCHINSKI
15     (Via Telephone)
       Hawkins Parnell & Young LLP
16     8th Floor
       600 Lexington Avenue
17     New York, NY 10022
       212.897.9655
18     ppolchinski@hpylaw.com
19
20
21
22
23
24
25

Page 4

1           INDEX TO PROCEEDINGS
2             EXAMINATION INDEX
3  JACQUELINE MOLINE, MD, MSC, FACP, FACOEM
4  Examination by Ms. Senter           5
    Examination by Ms. Romano           61
5  Examination by Mr. Polchinski         107
    Examination by Ms. Anderson-Thompson    130
6  Re-Examination by Ms. Senter         131
    Re-Examination by Ms. Romano         133
7  Examination by Ms. Kagan            135
8  Certificate Page                142
9  _____
10           EXHIBIT INDEX
11 Exhibits
12 Exhibit 1 J&J Defendants' Notice of Deposition    6
       of Plaintiff's Expert Witness Dr.
13     Jacqueline Moline and Requests for
       Production of Documents
14
    Exhibit 2 Depositions and Testimony 2015-2019,   6
15     Revised 12/19/2019
16 Exhibit 3 Curriculum Vitae             6
17 Exhibit 4 Reference List - Linda Zimmerman    6
18 Exhibit 5 Handwritten notes            6
19 Exhibit 6 Wind Rose Plot              18
20
21 (Original Exhibits 1 through 6 have been attached
    to the original transcript.)
22
23
    (End of Index)
24
25

Page 5

1           February 26, 2020
2           10:06 a.m.
3       (Pursuant to OCGA 15-14-37 (a) and (b) a
4    written disclosure statement was submitted
5    by the court reporter to all counsel present
6    at the deposition and is attached hereto.)
7  JACQUELINE MOLINE, MD, MSc, FACP, FACOEM,
8    being first duly sworn, was examined and
9    testified as follows:
10 EXAMINATION
11 BY MS. SENTER:
12    Q   Good morning, Dr. Moline.  This is
13 Meghan Senter.  We met via telephone just a few
14 moments ago.  I think I'm going to be starting us
15 off today, and I want to cover just a little bit
16 of background.  All right?
17    A   Okay.
18    Q   I promise I'm going to try not to be
19 redundant.  I know you've done this a few times.
20 I'm not going to try and run you through
21 everything.  But it's fair for me to kind of
22 dispense with the usual admonitions?  You're
23 familiar with the process?
24    A   Yes.
25              - - -

2 (Pages 2 - 5)

Case 3:16-md-02738-MAS-RLS   Document 28919-9   Filed 01/22/24   Page 6 of 7
PageID: 170687

Jaqueline Moline, M.D., MSc, FACP, FACOEM    February 26, 2020
Zimmerman, Linda Vs. Autozone Inc., Et Al.

Page 42

1  Q   Do you recall what the substance of
2  those comments were?
3     A   Some of it was they wanted us to take
4  out some of the initial -- what we had initially
5  submitted was -- there was some quotation in some
6  of the introduction to the conclusion. They
7  asked that we add a line about whether there was
8  any genetic testing, which we did.
9         There was a -- some clarifications I
10 think on the tables. There were some minor
11 changes. It was nothing that was not --
12 obviously, it was nothing that prevented it from
13 being published. It was a very constructive
14 review in terms of making it clearer to the
15 reader.
16    Q   Understood. I assume that you made
17 those revisions; is that right?
18    A   When we were able to, yes. I mean,
19 sometimes the reviewer will suggest things that
20 are not possible to do, and you note that it's
21 not possible to do it. But in general, one tries
22 to be responsive to the reviewers' requests.
23    Q   Do you recall any specific request
24 made by the reviewers on this article that you
25 were unable to make?

Page 43

1     A   No.
2     Q   As we go forward, I am 99 percent sure
3  that I know your answers to these questions. I
4  just have to ask them for the record. You have a
5  key for the 33 cases that are included in your
6  paper that associates those 33 cases with
7  specific plaintiffs in talc litigation; is that
8  right?
9         MS. KAGAN: Foundation, vague, and
10 argument as to "you have a fee."
11        THE WITNESS: Are you asking me if I
12 have a way of associating who is who with what's
13 described in the paper?
14 BY MS. SENTER:
15    Q   Yes.
16    A   Yes. I mean, I don't know if I would
17 call it a key, but yes.
18    Q   So the paper talks about 33 different
19 individuals, and those were all -- those
20 individuals were all plaintiffs in litigation;
21 correct?
22    A   Yes.
23    Q   And for each of those 33 individuals,
24 you have been hired or retained to provide an
25 opinion in association with their litigation;

Page 44

1  correct?
2     A   Correct.
3     Q   And because you were a retained expert
4  on each of those 33 cases associated with the
5  paper, you do have a way of identifying each of
6  the 33 individuals described within your
7  published paper; right?
8     A   I personally -- yes. I have a way of
9  identifying who is patient 1 or who is patient
10 33.
11    Q   And for reasons that you can explain,
12 you will not provide the listing or any
13 information about which specific individual is
14 associated with any given case; correct?
15        MS. KAGAN: I'm sorry. Can you reask
16 the first part of the question? For reasons she
17 can or cannot explain?
18        MS. SENTER: Can.
19 BY MS. SENTER:
20    Q   For reasons that Dr. Moline can state
21 in response to my question, Dr. Moline will not
22 identify the specific individuals that are the
23 subject of your paper; correct?
24    A   I will not name names in this
25 deposition. That is correct.

Page 45

1     Q   And what is the reason that you have
2  that you will not give the identities of the
3  individuals who were used in this paper?
4     A   I'm following -- the paper was
5  submitted for IRB approval, Institutional Review
6  Board approval. I was -- it's to protect the
7  privacy of the individuals who we included in the
8  paper with their data in a way that it's not
9  identified in some fashion so that people can't
10 go knocking on their doors or sending them nasty
11 tweets.
12    Q   When you submitted for IRB approval,
13 was the approval granted conditionally upon the
14 individuals remaining anonymous?
15    A   We described that -- how we would be
16 describing the individuals, and we said that no
17 names would be included in the paper. So to that
18 extent, yes.
19    Q   Would it have been possible to submit
20 the scope of this project for IRB approval
21 without the anonymity that you specified in
22 your --
23    A   I don't know. I've never tried that.
24 It's never been my practice in any of the 70 or
25 80 papers that I've published to ever include

Jaqueline Moline, M.D., MSc, FACP, FACOEM  February 26, 2020
Zimmerman, Linda Vs. Autozone Inc., Et Al.

Page 142

CERTIFICATE
STATE OF GEORGIA:
COUNTY OF COBB:

    I hereby certify that the foregoing transcript was taken down, as stated in the caption, and the colloquies, questions and answers were reduced to typewriting under my direction; that the transcript is a true and correct record of the evidence given upon said proceeding.

    I further certify that I am not a relative or employee or attorney of any party, nor am I financially interested in the outcome of this action.

    I have no relationship of interest in this matter which would disqualify me from maintaining my obligation of impartiality in compliance with the Code of Professional Ethics.

    I have no direct contract with any party in this action and my compensation is based solely on the terms of my subcontractor agreement.

    Nothing in the arrangements made for this proceeding impacts my absolute commitment to serve all parties as an impartial officer of the

Page 143

court.

    This the 2nd day of March, 2020.

*Jennifer D. Hamon*

Jennifer D. Hamon, CCR B-2287, RPR

37 (Pages 142 - 143)