# EXHIBIT 2

```
                         SUPERIOR COURT OF NEW JERSEY
                         LAW DIVISION: CIVIL PART
                         ATLANTIC COUNTY
                         DOCKET NO.: ATL-L-2648-15
                         A.D. # _____

                              )
IN RE: JOHNSON AND JOHNSON    )         TRANSCRIPT
TALCUM-BASED POWDER           )            OF
PRODUCTS LITIGATION           )          MOTION
                              )

             Place: Atlantic County Civil Crt.
                    1201 Bacharach Blvd.
                    Atlantic City, NJ 08401

             Date: January 17, 2024

BEFORE:

     HONORABLE JOHN C. PORTO, J.S.C.

TRANSCRIPT ORDERED BY:

     SEAN C. GARRETT, ESQ., (Faegre Drinker Biddle &
     Reath, L.L.P.)

APPEARANCES:

     JEFFREY M. POLLOCK, ESQ., (Fox Rothschild, L.L.P.)
     Attorney for Plaintiff

     TED MEADOWS, ESQ., AND
     ANDY BIRCHFIELD, ESQ., (Beasley Allen)
     Attorneys for Plaintiff

*(Appearances continued)


                         Transcriber: Nitsa Carrozza
                         PHOENIX TRANSCRIPTION
                         796 Macopin Road
                         West Milford, NJ 07480
                         (862) 248-0670

                         Audio Recorded
                         Recording Opr: Bashu Dev
```

APPEARANCES CONTINUED:

    RICHARD M. GOLOMB, ESQ., (Golomb Law)
    Attorney for Plaintiff

    SUSAN M. SHARKO, ESQ. AND
    SEAN C. GARRETT, ESQ., (Faegre Drinker Biddle &
    Reath, L.L.P.)
    Attorneys for Defendant

    ERIK HASS, ESQ., (World Wide Vice President,
    Litigation, Johnson and Johnson)
    Attorney for J and J

    STEVE BRODY, ESQ., (O'Melveny & Myers)
    Attorney for Defendant

I N D E X

                                                    PAGE
Colloquy/Housekeeping............................4,63

ORDER TO SHOW CAUSE:

ARGUMENTS:                                          PAGE
BY: Mr. Brody                                   6,48,60
BY: Mr. Pollock                                   24,55

| | |
|---|---|
| 1 | answer is, they've had discussions and the highest goal |
| 2 | of the bar.  You've encouraged, I'm sure Your Honor, |
| 3 | countless people to resolve and to settle their |
| 4 | disputes. |
| 5 | My understanding is that they did work |
| 6 | together to come up with a strategy to try and resolve |
| 7 | or settle disputes.  I don't know that, that |
| 8 | necessarily, is a bad thing.  I thought the Court |
| 9 | promoted it but there's no proof that Mr. Conlon ever |
| 10 | shared any confidential inside baseball regarding what |
| 11 | J and J believed at that point in time. |
| 12 | THE COURT:  Yeah, I'm not suggesting anything |
| 13 | is improper.  I mean, I came here, just for our record, |
| 14 | with an open mind.  I read the papers, read the cases, |
| 15 | looked at the exhibits and I heard what counsel had to |
| 16 | say. |
| 17 | MR. POLLOCK:  Yes, Your Honor. |
| 18 | THE COURT:  That's my standard operatis, |
| 19 | that's how I address motions. |
| 20 | MR. POLLOCK:  And I respect that. |
| 21 | THE COURT:  And can you tell me what purpose |
| 22 | or role Mr. Conlon and his new company are serving with |
| 23 | either Mr. Birchfield or Beasley Allen or both? |
| 24 | MR. POLLOCK:  I don't know that they're |
| 25 | having any role right now because I believe that this |