# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **23STCV11850** | August 15, 2023 |
| **BRAD M. YANDELL vs JOHNSON & JOHNSON, et al.** | 9:00 AM |

Judge: Honorable Laura A. Seigle  
Judicial Assistant: N. Quispe  
Courtroom Assistant: M. Torres  

CSR: Rhona S. Reddix, CSR # 10807  
ERM: None  
Deputy Sheriff: None  

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

Other Appearance Notes: Plaintiff's Counsel: Rebecca Cucu   Defendant's Counsel: Mihran Yezbekyan, Paul Johnson via (LACourtConnect)

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Rhona S. Reddix, CSR # 10807, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is posted online for the parties to review.

The matter is called for hearing.

After reading and considering all moving documents, and oral arguments, the Court adopts its tentative ruling as the final order of the Court, as follows:

ORDER RE MOTION TO QUASH

Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson Holdco (NA) Inc., and Kenvue Inc. filed a motion to quash for lack of personal jurisdiction. Plaintiff Brad Yandell alleges Lucia Yandell was injured by exposure to asbestos in talc in Defendants' products. Plaintiff alleges Lucia Yandell used talcum powder products from the mid-1950s to 2016. (Complaint, Ex. A.)

A defendant may move to quash service of summons on the ground of lack of jurisdiction. (Code Civ. Proc., § 418.10, subd. (a)(1).) The court may dismiss without prejudice the complaint in whole, or as to that defendant, when dismissal is made pursuant to Section 418.10. (Code Civ. Proc., § 581, subd. (h).)

"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.) "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **23STCV11850** | August 15, 2023 |
| **BRAD M. YANDELL vs JOHNSON & JOHNSON, et al.** | 9:00 AM |

Judge: Honorable Laura A. Seigle  CSR: Rhona S. Reddix, CSR # 10807
Judicial Assistant: N. Quispe  ERM: None
Courtroom Assistant: M. Torres  Deputy Sheriff: None

---

forum with which he has established no meaningful 'contacts, ties, or relations.'" (Burger King Corp. v. Rudzewicz (1985) 471 U.S. 462, 471-472.) A state court may not exercise personal jurisdiction over a party under circumstances that would offend "traditional notions of fair play and substantial justice." (Asahi Metal Industry Co., Ltd., v. Superior Court of California, Solano County (1987) 480 U.S. 102, 113.)

When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction. (Jayone Foods, Inc. v. Aekyung Industrial Co. Ltd. (2019) 31 Cal.App.5th 543, 553.) Once facts showing minimum contacts with the forum state are established, the defendant has the burden to demonstrate that the exercise of jurisdiction would be unreasonable. (Ibid.) "The plaintiff must provide specific evidentiary facts, through affidavits and other authenticated documents, sufficient to allow the court to independently conclude whether jurisdiction is appropriate. [Citation.] The plaintiff cannot rely on allegations in an unverified complaint or vague and conclusory assertions of ultimate facts. [Citation.]" (Strasner v. Touchstone Wireless Repair & Logistics, LP (2016) 5 Cal.App.5th 215, 222.)

A defendant is subject to a state's general jurisdiction if its contacts "are so continuance and systematic as to render [it] essentially at home in the forum State." (Saimler AG v. Bauman (2014) 571 U.S. 117, 127.) A nonresident defendant may be subject to the specific jurisdiction of the forum "if the defendant has purposefully availed himself or herself of forum benefits [citation], and the 'controversy is related to or "arises out of" a defendant's contacts with the forum.' [Citations.]" (Vons Companies, Inc. v. Seabest Foods, Inc. (1996) 14 Cal.4th 434, 446.) This test does not require a "causal relationship between the defendant's in-state activity and the litigation." (Ford Motor Co. v. Montana Eighth Judicial District Court (2021) 141 S.Ct. 1017, 1026.) The "arise out" of standard "asks about causation," but "relate to" does not. (Ibid.) "[W]hen a corporation has 'continuously and deliberately exploited [a State's] market, it must reasonably anticipate being haled into [that State's] court[s]' to defend actions 'based on' products causing injury there." (Id. at p. 1027.)

Plaintiff does not dispute that there is no general jurisdiction over Defendants.

Defendants contend Plaintiff cannot show California has specific jurisdiction over Defendants because they never sold talc-based powder in California or the U.S. (Motion at p. 2.) In other words, Defendants argue Plaintiff's claims do not arise out of or relate to Defendants' contacts with California. According to Defendants, Johnson & Johnson Holdco (NA) Inc. and Kenvue Inc. came into existence after 2020 and never sold talc-based powder in California at any time. (Motion at p. 2.) LTL Management, LLC holds the liability for talc-related claims against

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| 23STCV11850 | August 15, 2023 |
| BRAD M. YANDELL vs JOHNSON & JOHNSON, et al. | 9:00 AM |

| | |
|---|---|
| Judge: Honorable Laura A. Seigle | CSR: Rhona S. Reddix, CSR # 10807 |
| Judicial Assistant: N. Quispe | ERM: None |
| Courtroom Assistant: M. Torres | Deputy Sheriff: None |

---

Johnson & Johnson Consumer Inc. (Motion at p. 3.) And Defendants state Janssen is a pharmaceutical company that never sold talcum powder products. (Motion at p. 4.)

Plaintiff starts by arguing Defendants have consented to California jurisdiction by registering to do business in California. (Opposition at p. 9.) This argument is meritless. First, California courts have repeatedly held that "designation of an agent for service or process and qualification to do business in California alone are insufficient to permit general jurisdiction. (Thomson v. Anderson (2003) 113 Cal.App.4th 258, 268.) Plaintiff ignores this well-established California law. Second, Plaintiff's reliance on the recent case Supreme Court case Mallory v. Norfolk Southern Railway Co. skips over the key distinguishing fact – that case analyzed a Pennsylvania statute "requir[ing] out-of-state companies that register to do business in the Commonwealth to agree to appear in its courts on 'any cause of action' against them. 42 Pa. Cons. Stat. § 5301 (a)(2)(i), (b) (2019)." (Mallory v. Norfolk Southern Railway Co. (2023) 143 S.Ct. 2028, 2033.) No such statute exists in California. Plaintiff's argument based on Mallory has absolutely no merit.

Next, Plaintiff argues that this court should deny this motion for the same reasons that a New Jersey court denied a motion to quash brought by Defendants. (Opposition at pp. 10-11.) But Plaintiff does not disclose the fact that the New Jersey court found all three Defendants are New Jersey corporations. (Ex. 17 at p. 3.) All three have their principal place of business in New Jersey, so of course New Jersey has jurisdiction over them. (Motion at pp. 2-3.) If they all had their principal place of business in California, then California would have jurisdiction. But that is not the case.

Then, Plaintiff argues that the original Johnson & Johnson Consumer, Inc. merged into all three Defendants, making Defendants responsible for its talc-based liabilities. (Opposition at pp. 11-12.) The Third Circuit in LTL Management, LLC, 64 F.4th 84 (3rd. Cir. 2023) has already done most of the work in analyzing the structure of the J&J companies and the liability for talc-based claims. It explained that the original Johnson & Johnson Consumer Inc. ("Old Consumer") was a wholly owned subsidiary of Johnson & Johnson and sold baby powder. (Id. at p. 92.) "[S]ince 1979 only Old Consumer and its predecessors . . . have directly sold Johnson's Baby Powder." (Id. at p. 93.) In October 2021, Old Consumer was restructured into LTL Management and Johnson & Johnson Consumer, Inc. ("New Consumer"), and Old Consumer ceased to exist. (Id. at pp. 95-96.) In the restructuring, LTL Management took on all of the liabilities of Old Consumer for talc-related claims. (Id. at p. 96.) And New Consumer received all of the assets and other liabilities. (Id. at p. 97.) The Third Circuit determined that LTL Management "was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future," and "has a funding backstop, not unlike an ATM disguised as a contract, that

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**

Central District, Spring Street Courthouse, Department 15

| | |
|---|---:|
| **23STCV11850** | August 15, 2023 |
| **BRAD M. YANDELL vs JOHNSON & JOHNSON, et al.** | 9:00 AM |

Judge: Honorable Laura A. Seigle  CSR: Rhona S. Reddix, CSR # 10807
Judicial Assistant: N. Quispe  ERM: None
Courtroom Assistant: M. Torres  Deputy Sheriff: None

---

it can draw on to pay liabilities without any disruption to its business or threat to its financial viability." (Id. at pp. 108, 109.) Because of that solvency, the Third Circuit dismissed the bankruptcy action.

Plaintiffs do not explain where the Third Circuit went wrong in determining that LTL Management holds all of the talc-based liabilities. If in fact, New Consumer actually held those liabilities and then merged with Janssen Pharmaceuticals, Inc., Johnson & Johnson Holdco (NA) Inc., and Kenvue Inc., making those three Defendants now liable, one would expect the Third Circuit to have mentioned that. This argument has no merit.

Plaintiff goes on to argue that Defendants are all product line successors under Ray v. Alad (1977) 19 Cal.3d 22 because they continue to manufacture and sell baby powder. (Opposition at p. 13.) The court in Ray analyzed the successor liability of a purchaser of the assets of a corporation. (Ray, supra, 19 Cal.3d at p. 28.) Generally, "the purchaser does not assume the seller's liabilities unless: (1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." (Ibid.) The case also recognized strict tort liability for defective products when a party acquires a manufacturing business and continues the output of its line of products "holding itself out to potential customers as the same enterprise," thereby exploiting the prior business' "established reputation as a going concern manufacturing a specific product line." (Id. at p. 34.) The justification for imposing strict liability on the successor rests on "(1) the virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business, (2) the successor's ability to assume the original manufacturer's risk-spreading role, and (3) the fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's goodwill being enjoyed by the successor in the continued operation of the business." (Id. at p. 31.)

Plaintiff cited no evidence that Janssen is holding itself out to consumers as the same enterprise as Old Consumer. It is a pharmaceutical company. In any event, Plaintiff did not establish he has no remedies "against the original manufacturer caused by the successor's acquisition of the business." To the contrary, the Third Circuit concluded that LTL Management has more than enough resources to cover any liability in the foreseeable future. (LTL Management, supra, 64 F.4th at pp. 108, 109.) Thus, Plaintiff did not come close to showing a potential for product line liability.

Finally, Plaintiff contends the three Defendants engaged in a fraudulent transfer to avoid

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **23STCV11850** | August 15, 2023 |
| **BRAD M. YANDELL vs JOHNSON & JOHNSON, et al.** | 9:00 AM |

Judge: Honorable Laura A. Seigle  
Judicial Assistant: N. Quispe  
Courtroom Assistant: M. Torres  

CSR: Rhona S. Reddix, CSR # 10807  
ERM: None  
Deputy Sheriff: None  

---

liability. Plaintiff cites no law supporting this argument, which hinges on the assertion that Plaintiff has "been left with no remedy for [Lucia Yandell's] injury." (Opposition at p. 14.) That is not correct. As the Third Circuit determined, LTL Management has assets to cover talc-based liabilities. If the bankruptcy is not dismissed, Plaintiff can pursue his claims in the bankruptcy court. If it is dismissed, Plaintiff can sue LTL Management in this or another action.

Plaintiff asks for jurisdictional discovery. A plaintiff must show a basis in fact for jurisdictional discovery, some reason to conclude discovery is likely to produce evidence of California contacts sufficient for personal jurisdiction. (In re Automobile Antitrust Cases (2005) 136 Cal.App.4th 100, 127 ["In order to prevail on a motion for a continuance for jurisdictional discovery, the plaintiff should demonstrate that discovery is likely to lead to the production of evidence of facts establishing jurisdiction"].) When a plaintiff is not able to make an offer of proof of the existence of "additional relevant jurisdictional evidence," a court does not abuse its discretion in denying jurisdictional discovery. (Ibid.)

Plaintiff did not demonstrate that discovery is likely to lead to the production of evidence of facts establishing jurisdiction over Defendants. Plaintiff wants broad discovery into all of Defendants' contacts with California, all talcum power sales, and the manufacturing of talcum powder. This is extremely extensive discovery without the required explanation about how it is likely to lead to evidence showing jurisdiction. Lucia Yandell stopped using talcum powder in 2016, long before Johnson & Johnson Holdco (NA) Inc. and Kenvue Inc. even existed. Likewise, Old Consumer stopped selling talc-based powder in 2020 in the U.S, before Johnson & Johnson Holdco (NA) Inc. and Kenvue Inc. were formed. (Ex. C; Ex. D at pp. 128.) Therefore, her claims cannot arise out of Johnson & Johnson Holdco (NA) Inc.'s and Kenvue Inc.'s contacts with California.

And Plaintiff presented no evidence that Janssen was involved in talcum powder during the period she was using the product. Given that J&J is a public company, if Janssen was involved with manufacturing, marketing, distributing or selling talcum powder in the years before 2016, one would expect some mention of that in the public record, bankruptcy court filings, or Third Circuit decision. To the contrary, the Third Circuit stated that only Old Consumer sold baby powder. (LTL Management, supra, 64 F.4th at p. 93.)

Plaintiff states he want discovery into the three Defendants' corporate formation and restructures. A significant amount of that information is in the public record – both SEC filings and bankruptcy court filings. Plaintiff did not identify what additional information about the Defendants he expects to find that would establish jurisdiction in California.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **23STCV11850** | August 15, 2023 |
| **BRAD M. YANDELL vs JOHNSON & JOHNSON, et al.** | 9:00 AM |

Judge: Honorable Laura A. Seigle  
Judicial Assistant: N. Quispe  
Courtroom Assistant: M. Torres  

CSR: Rhona S. Reddix, CSR # 10807  
ERM: None  
Deputy Sheriff: None

---

In sum, the proper defendant holding liability for Plaintiff's claims is LTL Management. Either LTL Management's bankruptcy case will be dismissed, in which case Plaintiffs can litigate its claims against LTL Management in this case or another state court action. Or the bankruptcy will proceed, and Plaintiff can pursue claims in the bankruptcy court. In both scenarios, Plaintiff have remedies against LTL Management.

The motion is GRANTED as follows:

The Hearing on Motion to Quash Service of Summons for Lack of Personal Jurisdiction for Specially Appearing Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson Holdco (NA) Inc. and Kenvue Inc. (Yandell-23STCV11850) scheduled for 08/15/2023 is 'Held - Motion Granted' for case 23STCV11850.

The motion is GRANTED and the complaint against Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson Holdco (NA) Inc., and Kenvue Inc. is DISMISSSED as follows:

[23STCV11850] The Court orders Johnson & Johnson Holdco (NA) Inc., Janssen Pharmaceuticals, Inc. and Kenvue Inc. in Complaint filed by Brad M. Yandell on 05/25/2023 dismissed without prejudice.

This dismissal is pursuant to Code of Civil Procedure section 581, subdivision (h).

Moving parties are to give notice.

A copy of this minute order will append to the following coordinated case under JCCP4674: 23STCV11850.