# EXHIBIT 8

Case 3:16-md-02738-MAS-RLS Document 28922-10 SDFiled 01/24/22 Page 2 of 19
Case 1:16-md-02738-MAS-RLS Document 28922-10 Filed 01/24/22 Page 2 of 18
PageID: 171253

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

This Document Relates to the Non-Federal Securities Actions

## JOINT STATUS REPORT

Plaintiffs and Defendants in the cases that are not governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* (the "PSLRA"), by and through undersigned counsel, have conferred and hereby submit a Joint Status Report pursuant to the Court's May 18, 2021 Order [ECF No. 310], regarding proposed procedural and other next steps the Court should take to ensure the just and efficient disposition of the non-federal securities cases in this multidistrict litigation ("MDL").

In support thereof, the parties state as follows:

1. As determined by the Court in finding that this litigation will proceed most efficiently with four groups, or "tranches," of claims, (*see id.*), and as summarized in the Updated Case List attached as **Exhibit "A"** hereto, the cases that comprise this MDL include: (i) claims brought under the antitrust laws (the "Antitrust Tranche"); (ii) state-law claims against the Robinhood entities and Robinhood-related Defendants (the "Robinhood Tranche"); (iii) state-law claims against other-broker dealer Defendants and other related Defendants (the "Other Broker Tranche"); and (iv) claims under the federal securities laws (the "Federal Securities Tranche").

2. Plaintiffs anticipate filing one or more amended and consolidated complaints ("Master Complaints"), including claims with respect to the Antitrust Tranche, the Robinhood Tranche, and the Other Broker Tranche. Such Master Complaints will supersede the individual complaints filed to date and will constitute the operative pleadings with respect to those claims pursuant to Fed. R. Civ. P. 8. The parties agree that no more than one Master Complaint should be filed per tranche.

3. The parties agree that claims brought under the federal securities laws are governed by the procedural and substantive considerations of the PSLRA, including but not limited to provisions governing notice, appointment of lead plaintiff and lead counsel, a heightened pleading standard under Fed. R. Civ. P. 9 and the PSLRA, and a mandatory stay of discovery unless and until a motion to dismiss is denied.

4. The parties agree that the Antitrust Tranche, the Robinhood Tranche, and the Other Broker Tranche should proceed under a consolidated schedule with respect to the timing of the filing of Plaintiffs' Master Complaints and a briefing schedule for any responsive motions and pleadings. Plaintiffs' position is that the single consolidated schedule governing the Antitrust Tranche, the Robinhood Tranche, and the Other Broker Tranche should be separate from, and not delayed by, the schedule to be entered with respect to the Federal Securities Tranche. Defendants believe that it would be most efficient to coordinate the Federal Securities Tranche with the other tranches as much as practicable, and believe that issue should be discussed with lead plaintiffs for the federal securities actions once they are appointed.

## I. FILING OF MASTER COMPLAINTS; BRIEFING SCHEDULE FOR RESPONSIVE MOTIONS AND PLEADINGS

5. The parties respectfully propose the following schedule governing the filing of Master Complaints and any responses thereto with respect to the Antitrust, Robinhood, and Other Broker Tranches:

   a. Master Complaints shall be filed on or before **July 30, 2021**.

   b. Any responses to the Master Complaints shall be filed on or before **September 24, 2021**. Defendants named in any Master Complaint for a tranche that contains more than one defendant will coordinate with other defendants in that tranche and, in an effort to avoid duplication, will endeavor to coordinate joint briefing to the extent practicable.

   c. Plaintiffs' oppositions shall be filed on or before **November 19, 2021**.[1]

   d. Defendants' replies shall be filed on or before **December 17, 2021**.

(*See* [Proposed] First Scheduling Order, **Exhibit "B"** hereto.) The parties will meet and confer regarding page limits for the briefing following service of the Master Complaints.

## II. RULE 26 CONFERENCE, INITIAL DISCLOSURES, AND INITIATING DISCOVERY

6. The parties met and conferred with respect to initial case management items and the initiation of discovery and were unable to agree upon a schedule for a Fed. R. Civ. P. 26(f) conference and initial disclosures. Based on Defendants' review of the complaints filed in

---

[1] In the interest of transparency to the parties and the Court, Co-Lead Counsel for the Antitrust Tranche is slated to begin a multi-week jury trial on either August 16, 2021 or November 29, 2021, and that court will advise Co-Lead Counsel of the trial date by early June. *See In re Capacitors Antitrust Litig.*, No. 17-md-02801-JD (N.D. Cal. May 14, 2021), ECF No. 1511. Should the trial date be set for November 29, 2021, Co-Lead Counsel for the Antitrust Tranche reserves the right to confer with the parties to seek a reasonable accommodation to the briefing schedule, subject to this Court's approval.

3

connection with this MDL, Defendants intend to move for a discovery stay pending resolution of the amended pleadings. Plaintiffs oppose any stay and would request that the issue be resolved promptly to avoid any unnecessary delay.

7. **Plaintiffs' Position.** The complaints in this case were filed at the beginning of this year, on or about January 28, 2021. As a result of the Judicial Panel for Multidistrict Litigation's ("JPML") centralization process, there has already been a *de facto* six-month stay of discovery. Plaintiffs do not agree with Defendants' request that this Court further prolong discovery or other case management into the end of this year. *See* Fed. R. Civ. P. 1 (the Federal Rules disfavor such stays consistent with their directive "to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also MindbaseHQ LLC v. Google LLC*, No. 20-cv-24742-BLOOM/Otazo-Reyes, at *1 (S.D. Fla. Feb. 22, 2021) ("Motions to stay discovery 'are not favored'" in this District) (citation omitted).

Given the months that this matter has been pending and the proceedings before the JPML, Defendants are sufficiently apprised of the nature and scope of Plaintiffs' claims to promptly present any stay motion to the Court. Moreover, during the meet and confer on May 27, 2021, Defendants confirmed their intention to move the Court to stay discovery *irrespective* of what Plaintiffs plead in their Master Complaints. As such, by their own admissions, any forthcoming motion to stay all discovery would be untethered to the Plaintiffs' Master Complaints. Defendants cite no authority to support their proposition to delay filing their inevitable motion to stay. Instead, the authority Defendants cite is specific to the standard courts apply while simultaneously deciding two sets of briefing. That is not the case here—as Defendants have briefed nothing at this time.

Defendants simply assert that it is "common" in MDLs for discovery to be stayed, but they omit how commonly courts deny such requests to stay all discovery are routinely denied. *See, e.g., In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *3 (S.D.N.Y. Jan. 22, 2002); *In re Capacitors Antitrust Litig.*, No. 3:14-cv-3264-JD, ECF No. 514, at 2 (N.D. Cal. Jan. 14, 2015); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13–MD–02420 YGR, 2013 WL 2237887, at *2 (N.D. Cal. May 21, 2013).

Even if Defendants' abridged argument herein is considered their "motion" to stay all discovery, such a motion is premature and plainly insufficient to meet the Rule 26(c) "good cause" standard. Defendants are moving the goalpost by requesting a "preliminary peek" to the preliminary peek. The authority cited by Defendants herein is inapplicable as there is no pending motion to stay, and a preview of their anticipated motion to dismiss is insufficient for the Court to make its determination. *See Krukever v. TD Ameritrade, Inc.*, No. 18-21399-CIV, 2018 WL 2382008, at *2 (S.D. Fla. May 23, 2018) ("Defendants have not yet filed their announced motion to dismiss, so there is no dispositive motion available for the Court to preliminarily take a peek at. . . .Yet, with only a two-page summary of a forthcoming motion to dismiss, 'the Court cannot say that this case is surely destined for dismissal.'") (citations omitted). *Feldman* instructs that a court "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997); *see also Runton v. Brookdale Senior Living, Inc.*, No. 17-60664-CIV, 2017 WL 9672657, at *1 (S.D. Fla. June 16, 2017) (Defendants must demonstrate that they will "succeed in obtaining a dismissal of *all* of Plaintiff's claims.") (emphasis added). Such a determination is impossible when there is no pending motion before the Court. Thus,

5

Defendants' request to stay all discovery—pending resolution of their yet-to-be-filed motions to dismiss—should be denied.

Plaintiffs respectfully request that the Court to set a deadline within **14 days** of the Court's First Scheduling Order for the filing of a motion to stay.[2] Plaintiffs further propose that a stay should not delay the orderly progress of other case management orders. Finally, Plaintiffs request that that the pendency of a motion to stay should not prevent Defendants from producing copies of documents previously produced pursuant to a request, subpoena, or civil investigative demand to any governmental or regulatory entity, including, but not limited to, any Congressional committee or subcommittee thereof, related to the claims asserted in this MDL, within 30 days of the Court's First Scheduling Order.[3]

8. **Defendants' Position**. Defendants respectfully submit that all discovery should be stayed pending the Court's ruling on the anticipated motions to dismiss. Pursuant to the

---

[2] Plaintiffs believe that a motion to stay should be filed jointly on behalf of all Defendants, i.e., any Defendant-specific argument should be presented in a single-document.

[3] Producing documents that Defendants previously produced will be minimally burdensome, will advance Plaintiffs' actions efficiently, and would avoid inefficiency and waste. In particular, Defendants should produce documents produced in response to subpoenas issued by the Congressional House Financial Services Committee directly in response to the trading restrictions imposed on or around January 28, 2021. The issues addressed by government proceedings, including the highly publicized hearings by the House Financial Services Subcommittee, all arose out of the very same events as Plaintiffs' claims. Thus, it is without question that those documents produced to the government are relevant to a party's claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Production of documents that were previously produced could potentially reduce discovery requests in this action as the governmental actions likely raised common factual questions and were seeking common answers. Defendants make no assertions regarding the burden associated with producing the same documents they produced to government agencies, unlike in the cases they cite, as their production was presumably modest in volume and recent in time. *See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs., LLC*, No. 2:09-cv-1054, 2010 WL 2541366, at *1-2 (S.D. Ohio June 18, 2010) (ordering production of documents produced to governmental regulators while motions to dismiss were "undecided" where burden was "relatively slight"). In any event, Defendants should tell Plaintiffs—and the Court—what the burden of producing these documents actually is.

Court's Order dated April 19, 2021, Defendants therefore intend to file a joint motion to stay discovery.

Defendants believe it is premature to commence briefing on whether to stay discovery prior to filing the motions to dismiss. *See Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."). Courts in this Circuit have found it "helpful, and often necessary to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (internal quotation marks omitted); *see also Prohias v. Asurion Corp.*, No. 05-22259-CIV, 2006 WL 8433152, at *1 (S.D. Fla. Jan. 10, 2006) (courts often take "preliminary peek" at pending motions to dismiss to determine whether "good cause" to stay discovery exists). As discussed below, a "preliminary peek" likely will be especially important to resolving such a motion to stay here. Defendants therefore propose that: (i) Defendants' joint motion to stay discovery be filed simultaneously with Defendants' motions to dismiss the Master Complaints, and (ii) the current stay of discovery be extended until the Court's resolution of Defendants' joint motion to stay discovery. Defendants, however, recognize Plaintiffs' interest in resolving the motion to stay expeditiously and so propose the motion to stay be briefed on a shorter schedule than the motions to dismiss. Defendants respectfully request the Court enter the following briefing schedule with respect to their motion to stay discovery:

    a. Defendants' joint motion to stay shall be filed on or before **September 24, 2021**.[4]

---

[4] Certain Defendants may seek leave to file short, supplemental briefing to Defendants' joint motion to stay discovery in order to address certain Defendant-specific arguments.

  b. Plaintiffs' opposition shall be filed on or before **October 8, 2021**.

  c. Defendants' joint reply shall be filed on or before **October 15, 2021**.

Although Defendants' arguments in support of their motion to stay will depend in part on the allegations pleaded in Plaintiffs' Master Complaint(s), there are several reasons why there is good cause to stay discovery pending the Court's resolution of their motions to dismiss. *First*, based on Defendants' review of the complaints filed to date, the Court's resolution of the motions to dismiss likely will dispose of the entire action, or at least one or more tranches of cases, as a "preliminary peek" likely will demonstrate.[5] It is common in multi-tranche, multi-defendant MDLs like this one for discovery to be stayed until the court resolves motions to dismiss and determines what if any claims (and associated discovery) can proceed. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1338–39 (S.D. Fl. 2011). *Second*, the discovery burdens in this MDL will be immense; the MDL involves four different tranches and 57 named defendants. *Third*, the mandatory stay provision of the PSLRA—which the parties agree applies to the federal securities law claims—counsels in favor of a global stay of discovery. The claims in all four tranches are based on the same or similar facts and circumstances and therefore the discovery sought with respect to the federal securities law tranche is likely to overlap significantly with the other tranches. Having discovery proceed in the non-federal securities claims tranches would result in burdensome inefficiencies by imposing duplicative discovery processes on Defendants and the Court. Accordingly, all discovery should be stayed pending resolution of the anticipated motions to dismiss.

---

[5] Indeed, the one federal court to rule on the merits of the legal issues raised in this MDL concluded that the plaintiff had no likelihood of succeeding on the merits, at least against Robinhood. *See Cobos v. Robinhood Financial LLC, et al.*, No. 2:21-cv-00843-VAP-MRWx (C.D. Cal. Feb. 10, 2021) (Minute Order Denying Plaintiff's Ex Parte Application for a Temporary Restraining Order [ECF No. 30]).

Finally, Plaintiffs' alternative proposal to require Defendants to produce any discovery previously produced to government entities or related to other investigations should be denied because Plaintiffs have not established that any of the issues addressed by government proceedings are relevant or responsive to the claims they plan to assert in the Master Complaints. *See In re: Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2015 WL 11022887, at *3 (W.D. Mo. Feb. 24, 2015) (granting discovery stay including with respect to materials already produced to the government because "[d]ocuments submitted to a government agency often need to be reviewed for confidential and privileged information before being submitted in a civil case" and because "[d]efendants would have to review everything previously produced to determine if it is relevant to the current antitrust claim"); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (granting a motion to stay discovery, including with respect to documents previously produced to the government, because "the compelled act of turning records over to the government pursuant to [a] subpoena does not mean that everyone else has an equal right to rummage through the same records" prior to the relevant claims being tested under Fed. R. Civ. P. 12(b)(6)).

9. To the extent the Court permits any discovery prior to the resolution of the motions to dismiss, the parties to the Antitrust Tranche, the Robinhood Tranche and the Other Broker Tranche agree that any materials provided by Defendants or produced to Plaintiffs will not be shared or provided to counsel for Plaintiffs in the Federal Securities Tranche.

10. The parties will negotiate and submit to the Court within 30 days hereof additional case management orders that will aid in the efficient disposition of the Antitrust Tranche, the Robinhood Tranche and the Other Broker Tranche, including, but not limited, to (i) a protective order governing the production, filing and use of confidential materials; (ii) an order

governing the production of electronically stored information; and (iii) an order regarding privileged material under Fed. R. Evid. 502(d).

11. If needed to resolve the parties' disagreement outlined herein, the parties respectfully request a scheduling conference regarding the timing of Defendants' Joint Motion to Stay Discovery and initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

### III. MISCELLANEOUS ITEMS

12. There is one action, *D'Agostino v. Ally Financial, et al.*, No. 21-cv-21458 (S.D. Fla.), that is currently pending before Judge Gayles that the parties believe belongs in this MDL. The Robinhood Defendants filed a notice of related action on April 18, 2021 (*D'Agostino* ECF No. 4), and the *D'Agostino* Plaintiffs filed a notice of related action on May 17, 2021 (*D'Agostino* ECF No. 11).

13. There is one action, *Thompson v. Robinhood Financial LLC*, No. 2:21-cv-02230 (C.D. Cal.), in which the plaintiff filed a motion to vacate the order entered by the JPML that conditionally transferred that action to this MDL. The briefing on the plaintiff's motion to vacate was completed on May 24, 2021 and is awaiting a decision from the JPML.

Dated: June 2, 2021                                                       Respectfully submitted,

*/s/ Peter Safirstein*                                                    */s/ Natalia M. Salas*
**SAFIRSTEIN METCALF LLP**                                                **THE FERRARO LAW FIRM, P.A.**
Peter Safirstein (NY SBN 2044550)                                         Natalia M. Salas (FBN 44895)
Elizabeth S. Metcalf (NY SBN 4644431)                                     James L. Ferraro (FBN 381659)
1345 Avenue of the Americas, 2nd Floor                                    James Ferraro, Jr. (FBN 107494)
New York, NY 10105                                                        Bruce S. Rogow (FBN 067999)
Tel: (212) 201-5845                                                       Sean A. Burstyn (FBN 1028778)
psafirstein@safirsteinmetcalf.com                                         600 Brickell Avenue, Suite 3800
emetcalf@safirsteinmetcalf.com                                            Miami, FL 33131
                                                                          Tel: (305) 375-0111
                                                                          nms@ferrarolaw.com
                                                                          jlf@ferrarolaw.com
                                                                          jjr@ferrarolaw.com
                                                                          bsr@ferrarolaw.com
                                                                          sab@ferrarolaw.com

*/s/ Joseph R. Saveri*                                                    */s/ Frank Schirripa*
**JOSEPH SAVERI LAW FIRM, LLP**                                           **HACH ROSE SCHIRRIPA &**
Joseph R. Saveri (CA SBN 130064)                                          **CHEVERIE LLP**
Steven N. Williams (CA SBN 175489)                                        Frank Schirripa (NY SBN 4103750)
Anupama K. Reddy (CA SBN 324873)                                          Kathryn Hettler (NY SBN 5126065)
Christopher K.L Young (CA SBN 318371)                                     Seth Pavsner (NY SBN 4969689)
601 California Street, Suite 1000                                         112 Madison Ave, 10th Floor
San Francisco, CA 94108                                                   New York, New York 10016
Tel: (415) 500-6800                                                       Tel: (212) 213-8311
jsaveri@saverilawfirm.com                                                 fschirripa@hrsclaw.com
swilliams@saverilawfirm.com                                               khettler@hrsclaw.com
areddy@saverilawfirm.com                                                  SPavsner@hrsclaw.com
cyoung@saverilawfirm.com

*Plaintiffs' Lead Counsel*

/s/Rachel W. Furst
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134-6040
rwf@grossmanroth.com

*Plaintiffs' Liaison Counsel*

*/s/ Gabriel Amin Assaad*                                                 */s/ Jeffrey A. Klafter*

11

**MCDONALD WORLEY, P.C.**
Gabriel Amin Assaad (TX SBN 24076189)
Matthew Yezierski (TX SBN 24076989)
McDonald Worley
1770 St. James Place, Suite 100
Houston, TX 77056
Tel: (713) 523-5500
gassaad@mcdonaldworley.com
matt@mcdonaldworley.com
don@mcdonaldworley.com

**KLAFTER LESSER, LLP**
Jeffrey A. Klafter (NY SBN 1662428)
Amir Alimehri (NY SBN 5631262)
Two International Drive Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
jak@klafterlesser.com
amir.alimehri@klafterlesser.com

*/s/ Maurice D. Pessah*
**Pessah Law Group, PC**
Maurice D. Pessah (CA SBN 275955)
Michael Morris-Nussbaum (CA SBN 317146)
Summer E. Benson (CA SBN 326398)
Jason Sunshine (CA SBN 336062)
Stuart Neil Chelin (CA SBN 320357)
661 N Harper Avenue, Suite 208
West Hollywood, California 90048
Tel: (310) 772-2261
maurice@pessahgroup.com
mmnussbaum@pessahgroup.com
sbenson@pessahgroup.com
jsunshine@pessahgroup.com
stuart@chelinlaw.com

*/s/ Roy T. Willey, IV*
**ANASTOPOULO LAW FIRM**
Roy T. Willey, IV (SC SBN 101010)
Eric M. Poulin (SC SBN 100209)
Blake Abbott (SC SBN 104423)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
roy@akimlawfirm.com
eric@akimlawfirm.com
blake@akimlawfirm.com

*Plaintiffs' Steering Committee*

*/s/ Kevin J. Orsini*
**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
Gustavo Javier Membiela (FBN 513555)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
gmembiela@huntonak.com
mcastellanos@hunton.com

**CRAVATH, SWAINE & MOORE LLP**

*/s/ Marc De Leeuw*
**SULLIVAN & CROMWELL LLP**
Marc De Leeuw
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
deleeuwm@sullcrom.com

**SULLIVAN & CROMWELL LLP**
Adam S. Paris
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600

12

| | |
|---|---|
| Antony L. Ryan<br>Kevin J. Orsini<br>Brittany L. Sukiennik<br>New York, NY 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br>aryan@cravath.com<br>korsini@cravath.com<br>bsukiennik@cravath.com<br><br>*Counsel for Defendants Robinhood Financial LLC, Robinhood Securities, LLC, Robinhood Markets, Inc. and Robinhood Crypto, LLC* | Facsimile: (310) 712-8800<br>parisa@sullcrom.com<br><br>**SHOOK, HARDY & BACON L.L.P.**<br>Jennifer A. McLoone (Fla. Bar No. 0029234)<br>Citigroup Center Suite 3200<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: 305-358-5171<br><br>*Counsel for Defendant Ally Financial, Inc.* |
| */s/ Justina K. Sessions*<br>**WILSON SONSINI GOODRICH & ROSATI**<br>Justina K. Sessions<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, California 94105<br>Telephone: (415) 947-2197<br>Facsimile: (415) 947-2099<br>jsessions@wsgr.com<br><br>**WILSON SONSINI GOODRICH & ROSATI**<br>Kenneth R. O'Rourke<br>Brendan J. Coffman<br>1700 K Street NW, 5th Floor<br>Washington, DC 20006<br>Telephone: (202) 973-8800<br>Facsimile: (202) 973-8899<br>korourke@wsgr.com<br>bcoffman@wsgr.com<br><br>*Counsel for Defendant Open to the Public Investing, Inc.* | */s/ Christopher D. Kercher*<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Christopher D. Kercher<br>51 Madison Avenue, 22nd Floor,<br>New York, New York, 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>christopherkercher@quinnemanuel.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Marina E. Lev<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>marinalev@quinnemanuel.com<br><br>**BARTLIT BECK LLP**<br>Adam L. Hoeflich<br>Dawson Robinson<br>54 W. Hubbard St., Ste. 300<br>Chicago, IL 60654<br>Telephone: (312) 494-4400<br>Facsimile: (312) 494-4440<br>adam.hoeflich@bartlitbeck.com<br>dawson.robinson@bartlitbeck.com<br><br>*Counsel for Defendants Citadel Enterprise* |

13

*Americas, LLC and Citadel Securities LLC*

/s/ *Daniel J. Kramer*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Daniel J. Kramer
Richard Tarlowe
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
dkramer@paulweiss.com
rtarlowe@paulweiss.com

***Counsel for Defendant Point72 Asset Management, L.P.***

/s/ *Harry A. Olivar, Jr.*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Harry A. Olivar, Jr.
Korinna S. Anderson
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
harryolivar@quinnemanuel.com
korinnaanderson@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Linda J. Brewer
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
lindabrewer@quinnemanuel.com

***Counsel for Defendant Sequoia Capital Operations LLC***

/s/ *Jason J. Mendro*
**GIBSON, DUNN & CRUTCHER LLP**
Jason J. Mendro
Russell B. Balikian
1050 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 887-3726
jmendro@gibsondunn.com
rbalikian@gibsondunn.com

***Counsel for Defendants Charles Schwab & Co., Inc.; TD Ameritrade, Inc.; TD Ameritrade Clearing, Inc.; TD Ameritrade Holding Corporation; and The Charles Schwab Corporation***

/s/ *Shari Ross Lahlou*
**DECHERT LLP**
Shari Ross Lahlou
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
shari.lahlou@dechert.com

**Dechert LLP**
Andrew J. Levander
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698 3500
Facsimile: (212) 698 3599
andrew.levander@dechert.com

**DECHERT LLP**
Steven Bizar
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994 4000
Facsimile: (215) 994 2222
steven.bizar@dechert.com

*Counsel for Defendant Interactive Brokers LLC*

*/s/ Robin Nunn*
**MORGAN, LEWIS & BOCKIUS LLP**
Robin Nunn
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-3001
robin.nunn@morganlewis.com

*Counsel for Defendant Stash Financial, Inc.*

*/s/ Thomas E. Redburn, Jr.*
**LOWENSTEIN SANDLER LLP**
Thomas E. Redburn, Jr.
Maya Ginsburg
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (973) 597-2457
tredburn@lowenstein.com
mginsburg@lowenstein.com

**LOWENSTEIN SANDLER LLP**
Zarema Arutyunova Jaramillo
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
zjaramillo@lowenstein.com

*Counsel for Defendant Melvin Capital Management LP and Candlestick Capital Management LP*

*/s/ Peter W. Homer*
**HOMER BONNER JACOBS ORTIZ, P.A.**
Peter W. Homer (Florida Bar No. 291250)
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5139
Facsimile: (305) 372-2738
phomer@homerbonner.com

*/s/ Patrick Gibbs*
**COOLEY LLP**
Patrick Gibbs
Brett De Jarnette
Rebecca Ferrari
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

15

**DAVIS POLK & WARDWELL LLP**
Brian S. Weinstein
Gina Cora
Janet Jones-Duffey
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5972
brian.weinstein@davispolk.com
gina.cora@davispolk.com
janet.jones-duffey@davispolk.com

*Counsel for Defendants Morgan Stanley Smith Barney LLC, E\*TRADE Financial Corporation, E\*TRADE Securities LLC and E\*TRADE Financial Holdings, LLC*

pgibbs@cooley.com
bdejarnette@cooley.com
rferrari@cooley.com

*Counsel for Defendant M1 Finance, LLC*

/s/ Thomas G. Haskins, Jr.
**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Allison Gerard
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
thaskins@btlaw.com
allison.gerard@btlaw.com

**BARNES & THORNBURG LLP**
Kevin Rising
2029 Century Park E, Suite 300
Los Angeles, CA 90067-2904
Telephone: (310) 284-3888
Facsimile: (310) 284-3894
krising@btlaw.com

**BARNES & THORNBURG LLP**
Paul Olszowka
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-5612
Facsimile: (312) 759-5646
paul.olszowka@btlaw.com

/s/ Jack E. Pace III
**WHITE & CASE LLP**
Jack E. Pace III
Bryan D. Gant
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
bgant@whitecase.com

**WHITE & CASE LLP**
J. Mark Gidley
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com

**WHITE & CASE LLP**
Angela Daker
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 995-5297
Facsimile: (305) 358-5744
adaker@whitecase.com

16

| | |
|---|---|
| **Counsel for Defendants Dough, LLC and tastyworks, Inc.** | **Counsel for Defendant Apex Clearing Corp.** |
| | |
| */s/ Alfred C. Pfeiffer, Jr.* | */s/ Gregory M. Boyle* |
| **LATHAM & WATKINS LLP** | **JENNER & BLOCK, LLP** |
| Alfred C. Pfeiffer, Jr. | Gregory M. Boyle |
| Belinda S Lee | 353 North Clark Street |
| 505 Montgomery Street, Suite 2000 | Chicago, Illinois 60654-3456 |
| San Francisco, CA 94111-6538 | Telephone: (312) 923-2651 |
| Telephone: (415) 391-0600 | gboyle@jenner.com |
| Facsimile: (415) 395-8095 | |
| al.pfeiffer@lw.com | **Counsel for Defendants The Depository Trust & Clearing Corporation; The Depository Trust Company** |
| belinda.lee@lw.com | |
| | |
| **Counsel for Defendants Square, Inc. and Cash App Investing LLC** | |
| | */s/ Leiv H. Blad, Jr.* |
| | **LOWENSTEIN SANDLER LLP** |
| | Leiv H. Blad, Jr. |
| | Allison M. Vissichelli |
| | 2200 Pennsylvania Avenue, NW |
| | Washington, DC 20037 |
| | Telephone: (202) 753-3800 |
| | Facsimile: (202) 753-3838 |
| | lblad@lowenstein.com |
| | avissichelli@lowenstein.com |
| | |
| | **LOWENSTEIN SANDLER LLP** |
| | H. Gregory Baker |
| | 1251 Avenue of the Americas |
| | New York, NY 10020 |
| | Telephone: (212) 262-6700 |
| | Facsimile: (973) 597-2457 |
| | hbaker@lowenstein.com |
| | |
| | **Counsel for Defendants Alpaca Securities LLC, eToro USA Securities Inc., WeBull Financial LLC and Fumi Holdings, Inc.** |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2021, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing.

By: /s/ Rachel W. Furst
    Rachel W. Furst
    rwf@grossmanroth.com
    **GROSSMAN ROTH YAFFA COHEN, P.A**.
    2525 Ponce de Leon Blvd Ste 1150
    Coral Gables, FL 33134-6040
    *Plaintiffs' Liaison Counsel*