# EXHIBIT E

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **22STCV21416** | June 22, 2023 |
| **DARREN METCALF, , et al. vs BARRETTS MINERALS, INC., et al.** | 10:00 AM |

| | |
|---|---|
| Judge: Honorable Laura A. Seigle | CSR: Amanda R. Bosco/ CSR #13129 |
| Judicial Assistant: K. Sandoval | ERM: None |
| Courtroom Assistant: M. Torres | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

Other Appearance Notes: Plaintiff's counsel: Leonard Sandoval and Joseph Mandia (X);

Defense counsel: Jackie Dubois and William Coggshall (X);

**NATURE OF PROCEEDINGS:** Final Status Conference (Metcalf-22stcv21416)

Conference is called for hearing.

The Court issues a Tentative Ruling as the the Motions in Limine. Counsel argue and submit. The Court adopts the Tentative Ruling as the Final Court Order as follows:

ORDER RE MOTIONS IN LIMINE

Plaintiffs' MIL Nos. 1-3

No motions were filed.

Plaintiffs' MIL No. 4

Plaintiffs move to exclude statements to the effect that everyone would have mesothelioma if cosmetic talcum powder caused the disease. This motion is too vague. In addition, pursuant to the July 8, 2022 CMO, motions to exclude evidence and arguments about causation are deemed made and denied. Plaintiffs did not show good cause to depart from that order.

The motion is denied without prejudice to objections at trial.

Plaintiffs' MIL No. 5

Plaintiffs move to exclude references to any of Defendants' employees, representatives, and expert witnesses using Gold Bond talc powder as irrelevant. Defendants argue the fact their

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| 22STCV21416 | June 22, 2023 |
| DARREN METCALF, , et al. vs BARRETTS MINERALS, INC., et al. | 10:00 AM |

Judge: Honorable Laura A. Seigle  CSR: Amanda R. Bosco/ CSR #13129
Judicial Assistant: K. Sandoval  ERM: None
Courtroom Assistant: M. Torres  Deputy Sheriff: None

---

employees, representatives, and experts used the product shows the product did not contain asbestos and that Defendants did not know about any asbestos contamination.

Whether a defense employee, representative, or expert used Gold Bond talc powder is irrelevant, will confuse the jury, will consume an undue amount of trial time, and will be more prejudicial than probative. For example, that defense employees, representatives, and experts used the product does not prove anything about its asbestos content. Darren Metcalf and a lot of other people also used the product, but that does not prove the product did or did not contain asbestos. Likewise, that they used the product is not evidence that Defendants did not know about asbestos contamination. Defendants could have known the product contained asbestos but not informed their employees, representatives, or the public. Allowing such evidence will require spending time delving into the time period and amount of each employee's, representative's, and expert's use and what that person knew about the product, all of which is not be particularly probative, will be confusing to the jury, and will take up trial time in an already overly long trial.

The motion is granted.

Plaintiffs' MIL Nos. 6-12

No motions were filed.

Plaintiffs' MIL No. 13

Plaintiff moves to exclude evidence that Darren Metcalf or any family member smoked. The motion is granted as to argument that smoking evidence is relevant to failure to warn claims. Smoking cigarettes (which are highly addictive) is not similar to using asbestos-containing products (unlikely to be highly addictive), such that the evidence has little probative value regarding whether Metcalf would have followed warnings about products containing asbestos. The motion is otherwise denied as the evidence may be relevant to Plaintiff's life expectancy.

The motion is granted in part and denied in part without prejudice to objections at trial.

Plaintiffs' MIL No. 14

Plaintiffs move to exclude references to the federal litigation Bell v. American International Industries, Inc. and a workers compensation claim filed by Betty Bell. Plaintiffs also move to exclude arguments that Jaqueline Moline and Theresa Emory made false statements in articles

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| 22STCV21416 | June 22, 2023 |
| DARREN METCALF, , et al. vs BARRETTS MINERALS, INC., et al. | 10:00 AM |

Judge: Honorable Laura A. Seigle  　　CSR: Amanda R. Bosco/ CSR #13129
Judicial Assistant: K. Sandoval  　　ERM: None
Courtroom Assistant: M. Torres  　　Deputy Sheriff: None

---

that included data about Bell.

If Plaintiffs rely on Moline's or Emory's publications that includes Bell's data, Defendants have the right to cross-examine Moline and Emory (assuming they are witnesses) or the other experts relying on those articles about Moline's and Emory's analysis and data in the articles, including the data about Bell.

However, the decision in Bell v. American International Industries that Moline's and Emory's articles are flawed is not admissible because the unpublished federal district court's decision has no preclusive effect in California state court. Likewise, the workers compensation decision has no preclusive effect here. Allowing evidence of those decisions will likely confusing the jury and lead them to believe those decisions have conclusively established the issues. Also, the parties would spend time explaining the background of the federal district court case and workers compensation decision, Bell's claims in those proceedings, and differences and similarities of those proceedings with this case. This would consume an undue amount of time in an already overly long trial. Defendants can cross-examine the experts about the Moline and Emory articles and the reliability of the data used in those articles without reference to the Bell litigation and decision and workers compensation decision.

The motion is granted in part as to the Bell v. American International Industries litigation and decision and the decision on the workers compensation claim, and otherwise is denied.

Plaintiffs' MIL No. 15

No motion was filed.

Plaintiffs' MIL No. 16

Plaintiffs seek to exclude evidence of a procedure called talc pleurodesis as not relevant to causation and irrelevant, prejudicial, and confusing to the jury. If Darren Metcalf had this procedure, the motion is denied without prejudice to an objection at trial. If he did not have this procedure, the motion is granted as the evidence would require an undue amount of trial time and confusing medical evidence explaining the purposes of the procedure and when and how it is used.

Plaintiffs' MIL Nos. 17-23

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| 22STCV21416 | June 22, 2023 |
| DARREN METCALF, , et al. vs BARRETTS MINERALS, INC., et al. | 10:00 AM |

Judge: Honorable Laura A. Seigle          CSR: Amanda R. Bosco/ CSR #13129
Judicial Assistant: K. Sandoval           ERM: None
Courtroom Assistant: M. Torres            Deputy Sheriff: None

---

No motions were filed.

Plaintiffs' MIL No. 24

Plaintiffs seek to preclude arguments that US Pharmacopeia ("USP") is a government body and that its talc monograph is a government regulation because, according to Plaintiffs, those statements are not true. Defendants contend the USP is an official compendium of standards for drugs recognized by Congress and that FDA regulations incorporate its standards.

That one side believes the other side's position is untrue is not a basis to exclude that position. In addition, Plaintiffs' motion is vague about what "a government body" is. Plaintiffs cite USP's website stating it is an independent non-profit organization. Defendants refer to a federal case stating USP is "an independent compendium of drug standards whose authority is recognized by reference in federal law" and citing federal regulations mandating compliance with at least certain requirements of USP. (Medical Center Pharmacy v. Mukasey (2008) 536 F.3d 383, 388, n. 2.) So USP is something more than a typical non-profit. It has authority under federal law to determine what a "drug" and "device" is and to establish standards. (21 U.S.C. §§ 321 (g), (h), (j).) Likewise, Plaintiffs are vague about "monograph." Federal law establishes the USP as an "official compendium" that sets standards for drugs. (21 U.S.C. § 321 (j).) If a "monograph" is part of that "official compendium", then it is recognized by federal law. In sum, the motion is too vague.

If Defendants argue at trial that US Pharmacopeia is a government body and that its talc monograph is a government regulation, then Plaintiffs can cross-examine Defendants' witnesses about the basis for those statements. If Defendants fail to prove elicit any evidence at trial to support those statements, Plaintiffs can point out that deficiency in closing arguments.

The motion is denied without prejudice to objections at trial.

Plaintiffs' MIL Nos. 25-26

No motions were filed.

Plaintiffs' MIL No. 27

Plaintiffs move to exclude evidence about Johnson & Johnson's complaints against Jaqueline Moline, Theresa Emory, Richard Kradin, and John Maddox filed in the Johnson & Johnson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **22STCV21416** | June 22, 2023 |
| **DARREN METCALF, , et al. vs BARRETTS MINERALS, INC., et al.** | 10:00 AM |

Judge: Honorable Laura A. Seigle   CSR: Amanda R. Bosco/ CSR #13129
Judicial Assistant: K. Sandoval   ERM: None
Courtroom Assistant: M. Torres   Deputy Sheriff: None

---

bankruptcy, in which Johnson & Johnson alleged they had disparaged and made false statements about Johnson & Johnson's products. Because the federal court dismissed the bankruptcy case, there was no ruling on those complaints.

The fact that Johnson & Johnson filed the complaints and alleged Moline, Emory, Kradin and Maddoxi made false and disparaging statements has no relevance. Anyone can file a lawsuit claiming someone committed fraud, and the fact of the filing does not mean the fraud claims have any merit. Allowing evidence that Johnson & Johnson filed the complaints will turn this trial into a trial of Johnson & Johnson's fraud claims – Defendants will try to prove the Johnson & Johnson fraud claims were true, and Plaintiffs will try to prove they were false. This will take an undue amount of time and will confuse the jury about what is really at issue in this case.

While Defendants can cross-examine Moline (assuming she is a witness) and any expert that relies on her articles about the bases for her statements in the articles, the motion is granted as to the Johnson & Johnson complaints filed in the bankruptcy case.

Defendants' MIL Nos. 1-5

The defendant making these motions settled.

Defendants' MIL Nos. 6-15

No motions were filed.

Defendants' MIL Nos. 16-17

The defendant making these motions settled.

The moving party is to give notice.

Court and counsel discuss trial documents.

The Court continues the following:

On the Court's own motion, the Final Status Conference (Metcalf-22stcv21416) scheduled for 06/22/2023 is continued to 06/26/2023 at 09:00 AM in Department 15 at Spring Street Courthouse for case 22STCV21416.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

Central District, Spring Street Courthouse, Department 15

| | |
|---|---|
| **22STCV21416** | June 22, 2023 |
| **DARREN METCALF, , et al. vs BARRETTS MINERALS, INC., et al.** | 10:00 AM |

Judge: Honorable Laura A. Seigle  
Judicial Assistant: K. Sandoval  
Courtroom Assistant: M. Torres  

CSR: Amanda R. Bosco/ CSR #13129  
ERM: None  
Deputy Sheriff: None  

---

Counsel shall bring hard copies of trial documents and exhibit list with stipulations.

Notice of the continuance is deemed waived.

A copy of this minute order will append to the following coordinated case under JCCP4674: 22STCV21416.