# Exhibit 38

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Doris Jackson, | : | CIVIL ACTION NO. |
| 4708 Piney Branch Road, N.W., | : | |
| Washington, DC 20011 | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| COLGATE-PALMOLIVE COMPANY, | : | |
| **Serve:  Corp. Guarantee & Trust Co.** | : | |
| **1150 Connecticut Ave., NW, Suite 900** | : | |
| **Washington, DC 20036** | : | |
| Defendant. | | |

**CIVIL ACTION COMPLAINT**
**and Demand for Jury Trial**

Plaintiff Doris Jackson sues the above-named Defendant for compensatory and punitive damages and alleges as follows:

**PARTIES**

1. Plaintiff Doris Jackson is a citizen and resident of the city of Washington, District of Columbia.

2. Defendant, COLGATE-PALMOLIVE COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, COLGATE-PALMOLIVE COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing Cashmere Bouquet Talc Powder.  COLGATE-PALMOLIVE COMPANY has done and does business in Washington, District of Columbia.

1

3. Plaintiff brings this action for monetary damages as a result of Plaintiff Doris Jackson contracting an asbestos-related disease. Plaintiff Doris Jackson was diagnosed with mesothelioma in November 2014.

4. Plaintiff Doris Jackson was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

    (a) Plaintiff Doris Jackson used asbestos-containing Cashmere Bouquet Talc Powder from the 1950s to the 1990s.

5. At all times pertinent hereto, the Defendant acted through its duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendant.

6. At all material times, the Defendant manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos-containing products either directly or indirectly to Plaintiff Doris Jackson or to such other entities so that these products were caused to be used by Plaintiff Doris Jackson.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendant because the Defendant is duly licensed to do business in Washington, District of Columbia, and/or at all material times is or has been engaged in business in Washington, District of Columbia.

8. Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because a substantial part of the events or omissions occurred in the District of Columbia.

9. Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the parties to the suit are completely diverse in that the Defendant is not a citizen of the

Case 3:16-md-02738-MAS-RLS  Document 28977-507 Filed 02/02/24 Page 4 of 4
Case 1:13-cv-01466-RLB  Document 289-7  Filed 07/15/2015  Page 13 of 13
PageID: 172650

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000.00 plus interest as provided by law and the costs of this action.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 7th day of July 2015.

                                  **BROWN & GOULD, LLP**

                                  */s/ Daniel A. Brown*
                                  Daniel A. Brown (Bar No. 444772)
                                  Eileen M. O'Brien (Bar No. 483451)
                                  7316 Wisconsin Avenue, Suite 200
                                  Bethesda, MD  20814
                                  Tel: 301-718-4548
                                  dbrown@brownandgould.com
                                  eobrien@brownandgould.com

                                  **ATTORNEYS FOR THE PLAINTIFF**