# Exhibit 41

Case 1:20-cv-05589-GBD-VF Document 833-8 Filed 05/02/23 Page 2 of 3
Case 1:24-cv-03555-JHS-VF Document 77-8 Filed 06/02/24 Page 2 of 3
PageID: 172660

*From the desk of:*
*James M. Kramer, Esq.*

May 1, 2023

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Gref v. Am. Int'l Indus.*, et al., 20-cv-05589

Dear Judge Figueredo,

      Plaintiff writes regarding AII's motion to compel the identities of the subjects of Dr. Moline's article "Mesothelioma Associated with the Use of Cosmetic Talc" Journal of Occupational Medicine, Vol. 62, No. 1, Jan. 2020 ("Moline Article"). Plaintiff has significant concerns that this issue is creating an inordinate delay in the trial of a living mesothelioma case. These concerns are exacerbated by fears of either side appealing this Court's order, no matter Your Honor's decision.

      In order to alleviate those concerns, Plaintiff withdraws his experts' reliance on the Moline Article in this matter. This resolves the issue before Your Honor because AII's rationale for requiring Dr. Moline to produce the information is that "Dr Moline Cannot use her study offensively as reliance material then refuse to answer questions about it based on alleged privileges." Def. Br. at 12. To be clear, neither Dr. Moline nor any of Mr. Gref's experts will use this article offensively in this matter. The mootness of the issue is further underscored by Mr. Thackston asking me whether I would "stipulate that none of his experts will mention [the article]" at oral argument regarding the subpoena of Dr. Emory in this matter in the Eastern District of Virginia. (Relevant Portions from Transcript *Peninsula Pathology Associates v. American International Inc.*, 4:22mcl at 20:13-17 attached as Exhibit "A"). Since Plaintiff is withdrawing reliance on the article, there can be no argument that the identity of the subjects of the Moline Article are relevant in Mr. Gref's lawsuit.

      Additionally, Plaintiff agrees to produce Dr. Moline for a limited, three-hour deposition on her dose calculations as well as on any relevant literature she has authored and intends to rely on since she was last deposed.[1]

---

[1] Defendants' initial request to further depose Dr. Moline rested on their belief that they did not receive ample opportunity to explore Dr. Moline's opinions regarding the doses of asbestos Plaintiff's exposure would have exposed him to via Defendants' talc products. With the issue of the identities of the human subjects now mooted, these

Because there is no longer a dispute before the Court regarding the Moline Article or the continuation of Dr. Moline's deposition, Plaintiff respectfully requests that AII's motion to continue the deposition of Dr. Moline and its motion to enforce the subpoena be denied as moot. We thank the Court for its time and energy in hearing this issue.

Respectfully yours,

James M. Kramer

cc: All Counsel of Record (via ECF)

---

calculations, along with any other reliance information Dr. Moline has accumulated, are now the only relevant topics to be explored.

We stand for our clients.

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |