UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS) |

## ORDER

**(Regarding Defendants' Motion for an Order to Show Cause)**

**PRESENTLY** before this Court is a Motion by Defendants Johnson & Johnson and LTL Management LLC (collectively, "Defendants") for the entry of an Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not be Disqualified from this Litigation or Removed from the Plaintiffs' Steering Committee (the "Motion"). (Dkt. No. 28760). Andy Birchfield and the Beasley Allen law firm oppose the Motion, (Dkt. No. 28826), to which Defendants have replied, (Dkt. No. 28853). On February 2, 2024, the parties supplemented the record on the Motion with an initial order and decision, additional declarations, and transcripts of proceedings on an identical motion filed in the Multicounty Litigation of *In Re Talc Based Powder Products Litigation*, Docket Number ATL-L-2648-15, MCL Case Number 300, pending before the Honorable John C. Porto, Presiding Civil Judge, in the Superior Court of New Jersey, Atlantic County (the "NJ MCL"). (Dkt. No. 28976). Notably, in the NJ MCL, on January 31, 2024, Judge Porto issued an Initial Order and Decision For An Evidentiary Hearing (the "Initial Decision"), wherein the state court found that, to make a fully informed decision on the motion under New Jersey law, it required an evidentiary hearing. (*See* Dkt. No. 28976 at ECF pages 3-16). On February 7, 2024, this Court heard oral argument on the Motion. (Dkt. No. 29008). The Court has considered the submissions

1

of the parties, as well as arguments of counsel. Upon such review, the Court finds that additional information is required to determine the issue of disqualification here.

While the Court can consider a motion to disqualify counsel based "on the affidavits and documentary evidence submitted," the Court may, in its discretion, conduct an evidentiary hearing where factual gaps remain or credibility determinations must be made. *Carreno v. City of Newark*, 834 F. Supp. 2d 217, 221 n.2 (D.N.J. 2011) (citing *City of Atlantic City v. Trupos*, 201 N.J. 447, 463 (2010)); *see also Montgomery Academy v. Kohn*, 82 F. Supp. 2d 312, 317 (D.N.J. 1999) ("Whether or not to convene an evidentiary hearing on a contested issue is wholly within the discretion of a Magistrate Judge hearing a motion."). Here, on a near identical record, Judge Porto in the NJ MCL found that an evidentiary hearing was necessary. This Court reaches the same conclusion. Additional information, including credibility determinations, would aid the Court in determining whether such a severe remedy of disqualification is appropriate.

Further, in the context of a Multidistrict Litigation like this one, the Manual for Complex Litigation, Fourth, recommends coordination between the federal and state courts on motions and hearings to reduce potential duplication of efforts and to promote efficiency. *See Manual for Complex Litigation* § 20.31 (4th ed. 2004). Considering the NJ MCL has already scheduled the evidentiary hearing on the precise issues at stake in Defendants' present Motion, this Court finds good cause to coordinate with the NJ MCL. *See id.* at § 20.313 (recognizing that state and federal judges have coordinated joint hearings in complex matters); *see also* Fed. R. Civ. P. 1. Accordingly, the undersigned will attend the evidentiary hearing scheduled in the NJ MCL. Following the hearing, the parties may supplement the Motion pending in this Court with additional briefing as to the issues presented.

2

Accordingly, for those reasons and good cause shown,

**IT IS** on this **9th** day of **February 2024**, hereby

**ORDERED** that, by no later than fourteen (14) days after the evidentiary hearing scheduled in the NJ MCL, the parties may supplement their briefing on the pending Motion for an Order to Show Cause. Any replies thereto may be filed by no later than seven (7) days thereafter.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**