UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS)<br><br>MEMORANDUM OPINION AND ORDER |

SINGH, United States Magistrate Judge.

PRESENTLY before this Court is a Motion by Defendants Johnson & Johnson and LTL Management LLC (collectively, "Defendants") to Strike Plaintiffs' Improper Supplemental Reports (the "Motion"). (Dkt. No. 28798). The Plaintiffs' Steering Committee opposes the Motion, (Dkt. No. 28857), to which Defendants have replied, with leave of Court, (Dkt. No. 28901). On January 29, 2024, the Court heard oral argument on the Motion. (*See* Dkt. No. 28950). For the reasons set forth below, and for good cause shown, the Court DENIES Defendants' Motion to Strike but GRANTS IN PART Defendants' request, in the alternative, for a modification of the current Case Management Schedule.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As the facts are well-known to the parties and the Court, they are not set forth at length. Instead, only those facts and procedural history related to the instant application are discussed herein.

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") created this Multidistrict Litigation ("MDL") to manage complaints relating to allegations that perineal use of Johnson & Johnson's ("J&J") talcum powder products causes ovarian cancer. Through the action, Plaintiffs initially designated twenty-one (21) experts in 2018 (the "2018 Expert Disclosures").

1

The MDL moved towards a trial in six (6) bellwether cases, and the Court entered scheduling orders setting deadlines for expert discovery.

Pursuant to an Order dated March 3, 2021, the Court set a deadline of July 2, 2021 for Plaintiffs to "designate all general and case specific experts pursuant to Rule 26(a)(2)(A) and serve on defense counsel the Rule 26(a)(2)(B) reports of all general and case specific expert witnesses they may use at trial in any of the Stage Three cases[.]" (Dkt. No. 17833 at ¶ 2.b). The March 3, 2021 Order also set a deadline for Defendants to designate their respective experts and serve those experts' reports, which the Court later extended to October 22, 2021 pursuant to the August 2, 2021 Order. (Dkt. No. 17833 at ¶ 2.d; Dkt. No. 24511 at ¶ 2). On July 2, 2021, Plaintiffs designated ten (10) experts and served their respective reports for the six (6) bellwether cases (the "2021 Bellwether Expert Disclosures").[1] Defendants thereafter deposed all but one (1) of those experts. On October 14, 2021, J&J initiated bankruptcy proceedings through a subsidiary, which triggered a stay of this matter. Because of the stay, Defendants did not disclose their experts or serve the experts' reports on October 22, 2021, and have yet to do so.

Ultimately, in July 2023, the bankruptcy stay was lifted, and, on September 6, 2023, this Court held a case management conference to discuss this matter's next stages, including any need to supplement expert reports and the scope of future *Daubert* motion practice. (*See* Dkt. No. 27555 (transcript of September 6, 2023 case management conference)). In anticipation of that case management conference, the parties submitted a proposed scheduling order regarding the stage three (3) bellwether cases. (*See* Dkt. Nos. 26872, 26872-4, 26876). Notably, while the parties

---

[1] Those ten (10) experts are: Daniel Clarke-Pearson, John Godleski, William Longo, Anne McTiernan, Laura Plunkett, Jack Siemiatycki, Rebecca Smith-Bindman, Mark Rigler, William Sage, and Judith Wolf.

disputed one provision of that proposed order, the parties agreed upon the following provision, which the Court ultimately entered as an Order on October 6, 2023[2] (the "October 6, 2023 Order"):

> Plaintiffs shall serve, if necessary, supplemental and amended disclosures of all general and case-specific experts pursuant to Rule 26(a)(2)(A) and serve on Defendants' counsel the Rule 26(a)(2)(B) reports of all general and case-specific expert witnesses they may use at trial in any of the Stage Three cases on or before November 15, 2023.

(Dkt. No. 28516 at ¶ 2).

On November 15, 2023, Plaintiffs served their expert disclosures and reports, adding new experts and expert opinions (the "2023 Expert Disclosures") not previously disclosed. More specifically, Plaintiffs designated four (4) new experts that had not been previously designated: Michele L. Cote; Bernard L. Harlow; Kenneth J. Rothman; and George E. Newman. They also proffered case-specific opinions by Shawn Levy, whom Plaintiffs had disclosed as a general causation expert but not a case-specific expert. Plaintiffs also proffered "supplemental" reports from: Sonal Singh, whom Plaintiffs had disclosed as part of the 2018 Expert Disclosures but not in the 2021 Bellwether Expert Disclosures; Anne McTiernan; Jack Siemiatycki; Rebecca Smith-Bindman; David Kessler; and William Longo.

In a letter dated November 20, 2023, Defendants requested a case management conference before the District Judge to discuss the new and revised expert reports. (Dkt. No. 28727). Defendants thereafter filed the instant Motion, seeking the Court to: strike the Cote, Harlow, Rothman, and Newman reports and the case-specific portion in the Levy report; and compel Singh, Siemiatycki, Smith-Bindman, McTiernan, Longo, and Kessler to supplement their respective

---

[2] The Order was dated and entered October 6, 2023, but was not electronically filed with the Court until October 10, 2023. (*See* Dkt. No. 28516). At times, the parties refer to the Order as the "October 10, 2023 Order" based on the electronic filing date.

3

reports to address only developments that occurred after July 2021.  (*See* Dkt. No. 28798-1 at p. 23).  In the alternative, Defendants request an extension of the schedule for expert disclosures.[3]  (*See* Dkt. No. 28798-1 at pp. 22-23).

Through the Motion, Defendants argue that the eleven (11) new and revised expert reports are untimely pursuant to the Court's orders and exceed the scope of supplementation permitted pursuant to the Court's October 6, 2023 Order and/or Rule 26(e) of the Federal Rules of Civil Procedure.  More specifically, Defendants interpret paragraph 2 of the October 6, 2023 Order to permit only supplementation of the 2021 Bellwether Expert Disclosures based on updates since July 2021 and nothing more.  Defendants further focus on statements made by counsel for the Plaintiffs' Steering Committee during the September 6, 2023 case management conference regarding the scope of any future *Daubert* motion practice; according to Defendants, those statements equate to a representation that Plaintiffs' November 2023 expert disclosures would be limited to supplementation based on updates post-July 2021.

In seeking to strike the reports, Defendants rely upon Rule 37(c)(1) of the Federal Rules of Civil Procedure and contend that Plaintiffs cannot establish that the new and revised reports are substantially justified or harmless.  More specifically, Defendants contend that Plaintiffs can offer no justification, let alone a substantial one, for the untimely reports because the new experts and opinions "were not necessitated by recent scientific developments."  (Dkt. No. 28798-1 at p. 16).  According to Defendants, Plaintiffs are injecting experts and opinions that could have been raised in the 2021 Bellwether Expert Disclosures but were not and are seeking to "rehabilitate" their 2021 Bellwether Expert Disclosures that were the subject of the Court's prior *Daubert* rulings.

---

[3] Through its Motion, Defendants requested a four (4) month extension.  During oral argument on the Motion, Defendants modified the request to six (6) months.

4

Defendants also argue that the 2023 Expert Disclosures are not harmless. Defendants proffer that they would require substantial and extensive expert discovery and motion practice, which would unduly delay this litigation, undermining any efficiency that could be gained from the MDL structure and prior proceedings in this matter. (*See* Dkt. No. 28798-1).

In opposing the Motion, Plaintiffs contend that the 2023 Disclosed Experts are timely and within the scope of proper supplementation under both the Court's October 6, 2023 Order and Rule 26(e). Plaintiffs argue that the October 6, 2023 Order permitted the service of all expert reports that may be used at trial and was not limited to only post-2021 supplementation of the reports served with the 2021 Expert Disclosures. (*See* Dkt. No. 28857 at pp. 10-13). Plaintiffs point to the plain language of paragraph 2 of that Order and further explain that counsel's representations during the September 2023 case management conference was specifically in response to the anticipated *Daubert* motion practice, rather than the expert disclosures. (*See* Dkt. No. 27555 at 13:77-22, 16:10-14). Even if the 2023 Disclosed Experts are untimely, according to Plaintiffs, the untimeliness is substantially justified because they reasonably relied on their interpretation of paragraph 2 of the October 6, 2023 Order and Defendants had delayed the matter for approximately two (2) years during the bankruptcy proceedings, leading to a need to update the expert disclosures and reports.

Plaintiffs also contend that any untimeliness is harmless. (*See* Dkt. No. 28857 at pp. 14-19). First, Plaintiffs argue that the 2023 Expert Disclosures were of no surprise to Defendants as Defendants have been aware of the issues at stake in this matter for years. Second, any prejudice could be cured by a (modest) extension of the expert discovery schedule.[4] Lastly, Plaintiffs

---

[4] Plaintiffs oppose an extension of four (4) or six (6) months as being too lengthy and unnecessary.

maintain that permitting the 2023 Expert Disclosures will not lead to the disruption of any trial proceedings and were not made in bad faith. (*See* Dkt. No. 28857).

In reply, Defendants contend that Plaintiffs' interpretation of the October 6, 2023 Order is illogical, as the Court would not have permitted Plaintiffs to introduce new experts and reports with only two (2) months for Defendants to properly vet, challenge, and depose these experts. Defendants also contend that Plaintiffs' representations at the September 6, 2023 conference do not support their interpretation of the October 6, 2023 Order. Further, Defendants argue that application of the relevant factors weighs in favor of striking the untimely reports and opinions.

## II.     LEGAL STANDARD

There is no doubt that parties must make their respective expert disclosures according to Court-ordered deadlines. Fed. R. Civ. P. 26(a)(2)(D); *see also* Fed. R. Civ. P. 16(b). Rule 26(e) further requires parties to timely supplement disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A party's failure to disclose "a witness as required by Rule 26(a) or (e)" may result in the preclusion of that witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Dandy v. Ethicon Women's Health & Urology*, 579 F. Supp. 3d 625, 631 (D.N.J. 2022) (holding that plaintiff's supplement to their expert report did not constitute a proper supplement because it relied on materials available before the deadline).

Substantial justification arises where it is reasonable to find "that parties could differ as to whether the party was required to comply with the disclosure request." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n. 23 & 141 (3d Cir. 2009) (quoting *Tolerico v. Home Depot*,

205 F.R.D. 169, 175-76 (M.D. Pa. 2002)). Thus, a court may find substantial justification if there is "a genuine dispute concerning compliance." *Id.* at 140 n. 23; *accord Landau v. Lamas*, No. 15-1327, 2021 WL 2930078, at *2 (M.D. Pa. July 12, 2021). Courts also consider a set of factors to determine whether an untimely disclosure is harmless, including:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*. The Court may also consider the importance of the issues at stake. *Id.* at 904. Ultimately, excluding "critical evidence is an extreme sanction." *Id.* at 905 (internal quotation marks and citation omitted); *see also Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997) (finding that the "exclusion of evidence is a severe sanction and is therefore often inappropriate unless the failure to disclose or supplement is in bad faith or the resultant prejudice to the opposing party cannot be cured because, for example, use of the evidence is 'imminent or in progress'").

Defendants seek, in the alternative, an extension of the deadlines set by the October 6, 2023 Order, pointing out that they did not anticipate the new experts and opinions now proffered by Plaintiffs. Indeed, modifications of a scheduling order are made only for good cause and with the Court's consent. Fed. R. Civ. P. 16(c); *see also, e.g.*, *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

### III.   DISCUSSION

The parties dispute whether the newly disclosed experts and opinions served with the 2023 Expert Disclosures are untimely under the Court's scheduling order and Rule 26 of the

7

Federal Rules of Civil Procedure. The Court declines to reach that issue because, even if found untimely, Plaintiffs are substantially justified in their interpretation of the Court's October 6, 2023 Order and an extension of the current case schedule mitigates any harm caused by the 2023 Expert Disclosures.

It is apparent that the parties did not have a meeting of the minds as to their respective interpretations of their consented-to proposed paragraph 2 of order that ultimately became the October 6, 2023 Order. Notably, as agreed to by the parties, paragraph 2 of the October 6, 2023 Order mirrors in substantial part the language of the March 3, 2021 Order, which set the deadline for Plaintiffs' initial 2021 Bellwether Expert Disclosures.[5] (*Compare* Dkt. No. 28516 at ¶ 2 *with* Dkt. No. 17833 at ¶ 2.b.). It is not unreasonable for Plaintiffs to have interpreted the plain language of the October 6, 2023 Order to permit supplementation *and amendment* of their 2021 Bellwether Expert Disclosures plus additional Rule 26(a)(2)(B) expert reports. *See United States v. Dentsply Int'l, Inc.*, No. 99-5, 2000 WL 654378, at *7 (D. Del. 2000) (finding any failure by the government to comply with Rule 26(a)(1) was substantially justified where the government held a reasonable belief that the disclosure of survey materials was not required). In addition, while Defendants point to Plaintiffs' counsel's representations during the September 2023 case management conference as to the anticipated "supplemental reports," those representations were in the specific context of the scope of future *Daubert* motion practice

---

[5] Notably, the timeline in the two Orders are similar. The original schedule provided that the depositions of Plaintiffs' experts would occur within approximately 56 days upon Plaintiffs' service of their disclosures, and Defendants would serve their respective expert disclosure and reports within approximately 49 days of concluding the depositions of Plaintiffs' experts. (*See* Dkt. No. 17833). The October 6, 2023 Order provided for similar timelines: depositions of Plaintiffs' experts would occur within approximately 68 days upon Plaintiffs' service of their disclosures, and Defendants' expert disclosure and reports would be due within 42 days of concluding the depositions of Plaintiffs' experts. (*See* Dkt. No. 28516).

as to experts that were the subject of the Court's prior *Daubert* ruling. The Court does not interpret counsel's representations to have been directed towards the scope of Plaintiffs' anticipated expert disclosures in accordance with paragraph 2 of the October 6, 2023 Order.

Moreover, balancing the *Pennypack* factors and considering the "extreme" sanction of striking reports at this stage of the litigation, the Court finds that any harm by Plaintiffs' purported untimely or overbroad disclosures is outweighed by other factors and can be mitigated. First, while Defendants may have been surprised by the newly disclosed experts and opinions, it is difficult to find that Defendants are unduly prejudiced when they have been aware of the issues at stake in this matter for years and have not yet disclosed their designated experts and expert opinions. The procedural posture of this case, indeed, is distinct from those at issue in the case law relied upon by Defendants where the harm was sufficient to justify a striking of expert reports. *See Raritan Baykeeper, Inc. v. NL Indus., Inc.*, No. 09-4117, 2022 WL 815846, at *1 (D.N.J. Mar. 17, 2022) (affirming the magistrate judge's order striking a supplemental expert report served after the close of fact and expert discovery, after decisions on summary judgment and *Daubert* motions, and as the case proceeded to trial); *Dandy v. Ethicon Women's Health and Urology*, 579 F. Supp. 3d 625, 632 (D.N.J. 2022) (granting motion to strike supplemental report served after the close of all discovery and while fully-briefed summary judgment motions remained pending before the court). The fact that Defendants may need more time to address the new experts and opinions does not equate to an undue harm in a complex matter such as this. As a result, the first *Pennypack* factor does not weigh in favor of striking the newly disclosed experts and expert opinions.

Second, any prejudice can be cured by an extension of the deadlines currently provided for in the October 6, 2023 Order, particularly where, as here, Defendants have yet to serve their

9

expert disclosures and reports.  An extension of the schedule would permit Defendants sufficient time to complete the depositions of Plaintiffs' experts and prepare their respective expert reports.  Defendants further could dispute the experts and expert opinions proffered by Plaintiffs through their 2023 Expert Disclosures in future *Daubert* and/or summary judgment motions.  Third, while an extension of the schedule would delay the trial of the bellwether cases, those trial dates have not yet been set.  Generally, the third *Pennypack* factor rarely weighs in favor of striking an expert report if no trial date has been set.  *See Kimmel v. Massachusetts Bay Ins. Co.*, No. 21-12743, 2023 WL 8714336, at *10 (D.N.J. Dec. 15, 2023) (citing, *inter alia*, *White v. Beaver Cnty.*, No. 17-998, 2019 WL 5395212, at *2 (W.D. Pa. Oct. 22, 2019)).  Accordingly, the Court finds the second and third *Pennypack* factors weigh against striking the reports here.

Under the fourth *Pennypack* factor, the Court considers whether Plaintiffs engaged in bad faith or willfully failed to comply with their obligations.  Here, Defendants suggest that Plaintiffs engaged in bad faith by trying to expanding the scope of the expert opinions or, at the least, willfully ignored the Court's October 6, 2023 Order and Rule 26.  As discussed above, the parties met and conferred on the language that they ultimately proposed to the Court for inclusion as paragraph 2 of the October 6, 2023 Order.  That they ultimately intended different things by that language does not reflect bad faith or a willful disregard for Court orders or discovery obligations.  At best, it reflects a failure to have a meeting of the minds as to the intent of that provision.  Accordingly, the Court finds that the fourth *Pennypack* factor does not weigh in favor of striking the reports here.

The Court also considers the importance of the disclosures and opinions that are sought to be struck.  Cases, no doubt, should be decided on their merits.  Striking all or portions of eleven

(11) of Plaintiffs' proffered experts and expert opinions could undermine the goals of reaching the merits of not only the bellwether cases, but also the tens of thousands of cases that are waiting for this MDL to progress.  Given the importance of the issues at stake in this litigation, as well as the number of individuals on all sides of this litigation who have been waiting for many years to reach the merits of the claims at issue, the last *Pennypack* favor weighs against striking the experts and opinions.

The Court, therefore, denies Defendants' Motion to the extent it seeks to strike certain experts and opinions proffered by Plaintiffs in the 2023 Expert Disclosures pursuant to Rule 37(c) and *Pennypack*.[6]

Finally, as to Defendants' request to extend the schedule in light of the 2023 Expert Disclosures, good cause exists to extend the deadlines set forth in the October 6, 2023 Order. However, an extension of six (6) months or even four (4) months is not warranted, particularly in light of the time that has already lapsed since Defendants received the 2023 Expert Disclosures and the lengthy delays that have impacted this matter.  The Court, therefore, will extend the deadline for Plaintiffs' expert depositions by sixty (60) days from the date of this Memorandum Opinion and Order and will extend the subsequent deadlines by the same intervals previously agreed to by the parties.  The Court will issue a separate case management order with those deadlines.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above and for good cause shown,

**IT IS** on this **9th** day of **February 2024** hereby,

---

[6] Through this Opinion and Order, the Court makes no findings as to the propriety of the 2023 Expert Disclosures under Federal Rule of Evidence 703 and *Daubert*.

**ORDERED** that Defendants' Motion to Strike Plaintiffs' Improper Supplemental Reports (Dkt. No. 28798) is **DENIED**; and it is further

**ORDERED** that Defendants' request for an extension of the deadlines set by the October 6, 2023 Order deadlines is hereby **GRANTED IN PART**; and it is further

**ORDERED** that the Clerk of Court is directed to **TERMINATE** the Motion pending at Docket Entry No. 28798.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**