

faegredrinker.com

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

February 12, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
      **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp,

On behalf of the Johnson & Johnson Defendants, I write in response to the Morelli Law Firm's letter (Dkt. No. 29020) which seeks guidance from the Court regarding interpretation of Case Management Order No. 9 (Dkt. No. 27293) and the Court's October 10, 2023 Order Governing Amendments to Complaints (Dkt. No. 28519).

Put simply, there is no tension between the two orders Mr. Morelli cites and no need for the Court to grant the relief Mr. Morelli seeks.  Case Management Order No. 9 ("CMO 9") was entered on September 1, 2023 and applies "to all actions currently pending in this MDL only as of the date of this order."  (Dkt. No. 27293, ¶ 1.)  In cases in which "the Plaintiff is now deceased" – i.e., as of September 1, 2023 – CMO 9 requires counsel to take one of two actions within 180 days of the order (i.e., on or before February 28, 2024): (1) "file and serve a motion to substitute a proper party," or (2) "file and serve a notice explaining why a proper party may not be substituted at this time."  (*Id.*, ¶ 2.)  Thus, CMO 9 applies only to cases in which the named plaintiff was deceased as of September 1, 2023 and provided six months in which to substitute a proper party.  If that is not sufficient, CMO 9 permits counsel to file and serve a notice explaining why it is not sufficient.

In contrast, the Court's October 10, 2023 Order applied to all cases in the MDL and did not discuss deadlines for substitutions.  It merely offered an alternate procedure by which substitutions could be accomplished:

> Plaintiffs are hereby granted leave to amend their complaint to substitute the party plaintiff so long as no new defendants are added to the complaint and as necessary, documents establishing the newly substituted plaintiff's authority to prosecute the action (as defined by applicable state law) are attached as an exhibit to the complaint.  No further permission of the Court is required for amendments that comply with these requirements.

(Dkt. No. 28519, ¶ 1.)  Nothing in the October 10, 2023 Order can be reasonably interpreted as superseding the deadline imposed by CMO 9 nor was that the intent of the Order.

Honorable Michael A. Shipp, U.S.D.J.          - 2 -          February 12, 2024

      In short, by February 28, 2024, Mr. Morelli will have had six months in which to prepare and submit a motion to substitute in any case to which that CMO 9-imposed deadline applies. The Court's October 10, 2023 Order provided an alternative to filing a motion to substitute but did not alter the February 28, 2024 deadline by which to take action on the cases to which CMO 9 applies. And if Mr. Morelli is unable to meet the February 28, 2024 deadline, CMO 9 directs him to file and serve a notice explaining why he is unable to meet it. There is therefore no need for the Court to take action on Mr. Morelli's letter.

Thank you for your consideration of these matters.

Respectfully submitted,

*Susan Sharko*

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

SMS/emf

cc:     All Counsel (via ECF)

US.362178162.01