AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-md-2738-MAS-RLS |
| PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Pricewaterhousecoopers LLP (attn: Custodian of Records) c/o United Agent Group Inc.
600 MAMARONECK AVENUE, #400, HARRISON, NY, UNITED STATES, 10528

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   All communications and documents set forth in Schedule A.

| Place: Golomb Legal 1835 Market St #2900 Philadelphia, PA 19103 | Date and Time: February 29, 2024 at 12 p.m. Eastern |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/15/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | s/ Michelle A. Parfitt |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs' Steering Committee _____ , who issues or requests this subpoena, are:

Ashcraft & Gerel, LLP, 1825 K Street NW, Suite 700, Washington, DC 20006, mparfitt@ashcraftlaw.com, (703) 824-4762

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-md-2738-MAS-RLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following definitions shall apply:

1.      The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2.      "Communication," whether singular or plural, means oral communications, correspondence, memoranda, reports, records of telephone calls, text messages, records of minutes or any meetings, emails, social media, and all other forms of oral or written expression by which information may be conveyed or maintained.

3.      "J&J" refers to Johnson & Johnson, Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc., and LLT Management LLC, as well as all of their partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives, including all corporations and entities affiliated with J&J.  The term "J&J" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives.  The term "J&J" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, attorneys, joint venturers or other representatives.

4.      "Person," whether singular or plural, means the plural as well as the singular and includes any natural person, alive or deceased, any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation, any city, state, its agencies or political subdivisions, any court, the federal government, the state government, any other government entity, or any form of legal entity.

1

5.      The singular form shall be deemed to apply to the plural where applicable, and vice versa.

6.      "PWC," "You," "Your," or "Yourself" means the plural as well as the singular and includes the responding party as well as all agents, employees, directors, officers, attorneys, any other representatives, predecessors, or successors.

## INSTRUCTIONS

1.      *Manner of Responding:* In responding to these Document requests, You should furnish such Information that is known or available to You, regardless of whether this Information is obtained directly by You, at Your direction, or obtained by any of Your attorneys or other agents or representatives.  Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated.  If the refusal relates to part of an item or category, the part shall be specified.

2.      *In Case of Ambiguity.* If you object that a request is vague or ambiguous, identify the objectionable aspect of the request and set forth the construction used in responding.

3.      *Manner of Producing.*

(a)     One legible copy of each non-duplicate Document requested is to be produced.  Any copy of a Document that varies in any way whatever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced.

(b)     All Documents produced in response to an individual request shall be physically segregated from Documents produced in response to any other requests, and the request to which they are responsive shall be specifically

2

identified.  If a Document is responsive to more than one request, each of the requests to which the Document is responsive shall be specifically identified.

(c)     In producing the Documents, all Documents which are physically attached to each other shall be left so attached.  Documents which are segregated or separated from other Documents, whether by inclusion in folders, sub-folders, binders, files, sub-files, or by use of dividers, tabs, or other methods, shall be left so segregated or separated.  If the folders, sub-folders, binders, files, sub-files, dividers, tabs or other method of segregating or separating documents bears a name or label, such name or label shall also be produced with the Documents.  Documents shall be retained in the order in which they are maintained in the file where they are found.

(d)     In producing ESI, all Documents shall be produced in the format in which they are kept in the ordinary course of business.  For example, Documents maintained in Excel shall be produced in Excel.  If Documents are maintained in proprietary software, they shall be produced in a reasonably usable format agreed upon by the Parties prior to production. ESI should be produced in native format.

4.     *Possession, Custody, Control.* These requests seek Documents within Your possession, custody, or control.  Where Documents or things in the possession, custody, or control of any individual, firm, corporation, or partnership are requested, such request also pertains to Documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and – unless privileged or protected – attorneys of such individuals, firms, corporations, or partnerships.

5.    *Time Frame.* Unless otherwise stated, the answering party must produce documents from January 1, 2014 through February 14, 2024.

6.    *Lost or Destroyed Documents.*  If any Documents herein have been lost, discarded, or destroyed, please furnish a list identifying each such Document as completely as possible including, without limitation, the following information: its author and addressee, each Person to whom copies of the Document were furnished or to whom the contents thereof were communicated, a summary of the substance of the Document, the date that the Document was created, the date that the Document was communicated to the addressee, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the Person authorizing its disposal, and the Person disposing of the Document.

7.    *Burdensomeness.*   If a refusal to produce Documents is stated on the ground of burdensomeness, identify the number and nature of Documents that must be searched to locate the requested Documents, and the number of Person hours and costs required to conduct the search.

## DOCUMENTS SUBJECT TO SUBPOENA

1.    All communications between J&J, its internal and external advisors and PWC regarding its contingent liability for J&J's talcum powder products including, but not limited to, the process for removing said talc liability from its balance sheet (or consolidated balance sheet).