UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | MDL No. 2738 (MAS) (RLS) |

**SPECIAL MASTER ORDER NO. 18**
**(ADDRESSING J&J's SUBPOENA DIRECTED TO KCIC, INC.)**

The Special Master ("SM") and parties having conducted oral argument on February 23, 2024 on "Plaintiffs' Motion to Quash or for Protective Order Regarding [Johnson & Johnson's] Subpoena Directed at KCIC, Inc."; and plaintiffs objecting to J&J's subpoena on the ground, inter alia, that the responsive documents are protected from discovery by the mediation privilege; and the SM reserving its final decision on plaintiffs' motion until further relevant information is identified and produced; and the SM finding that in order to decide plaintiffs' motion the KCIC documents responsive to J&J's subpoena need to be identified; and the SM further finding that, before it decides plaintiffs' motion, plaintiffs should list on a privilege log the KCIC documents they claim are privileged; and J&J confirming that its subpoena requests "KCIC's documents relating to Legacy and communications between KCIC and Legacy, Conlon, Birchfield and/or Beasley Allen" that relate to J&J's talc litigation; and the SM finding that J&J's subpoena concerns documents relating to its pending disqualification motion and therefore the subpoena requests relevant documents; and accordingly,

IT IS HEREBY ORDERED this 26th day of February, 2024 as follows:

1. Promptly after receipt of this Order, plaintiffs shall serve KCIC with a copy of this Order;

2. Within three (3) business days after receipt of this Order, KCIC shall serve plaintiffs with the documents responsive to J&J's subpoena;

3. Within three (3) business days after plaintiffs receive KCIC's documents, plaintiffs shall identify for J&J and KCIC the documents they determine are not privileged. Plaintiffs shall notify KCIC that these documents will be produced to J&J unless KCIC objects in writing with a copy to plaintiffs and J&J within three (3) business days. KCIC shall set forth in detail the basis of its objections. Thereafter the parties shall promptly meet and confer to attempt to resolve any disputes. J&J is granted leave to file an application with the SM for production of KCIC's non-privileged documents if the parties cannot resolve their disputes after they meet and confer. Plaintiffs shall promptly produce to J&J all non-privileged documents to which KCIC does not set forth a timely objection.

4. Within five (5) business days after plaintiffs receive KCIC's documents, plaintiffs shall identify on a privilege log the documents they claim are protected by the mediation privilege. Thereafter plaintiffs and J&J shall promptly meet and confer to attempt to resolve any disputes. J&J is granted leave to file an application with the SM for production of the alleged privileged documents if the parties cannot resolve their disputes after they meet and confer.

Dated: February 26, 2024

By: s/*Joel Schneider*
Judge Joel Schneider (Ret.)
Special Master