# Exhibit 1



**Brian Armstrong**
**Office of the General Counsel**

VIA E-MAIL

February 28, 2024

Michelle A. Parfitt, Esq.
Ashcraft & Gerel, LLP
1825 K Street NW, Suite 700
Washington, DC 20006

        Re: In re Johnson & Johnson Talcum Powder
            Civ. Action No. 3: 16-md-2738-MAS-RLS
            Subpoena to PricewaterhouseCoopers LLP

Dear Ms. Parfitt:

      PricewaterhouseCoopers LLP ("PwC"), a United States member firm of the PricewaterhouseCoopers global network, has received the subpoena dated February 15, 2024, and served on February 16, 2024 (the "Subpoena") in connection with the above-referenced proceeding (the "Proceeding"). The Subpoena requests that PwC, a non-party, produce documents on February 29, 2024.

      PwC provides the following response, including objections, to the Subpoena pursuant to the Federal Rules of Civil Procedure (the "Rules"). By making this response, PwC does not represent that it is in possession, custody or control of documents responsive to the Subpoena.

Objections

      The following Objections apply to the Request included in the Subpoena, regardless of whether they are repeated in the Objections To Specific Document Request set out below.

      1. PwC objects to the extent that the Subpoena purports to: (i) impose on PwC obligations or duties beyond those provided for by the Rules and/or any other applicable rules in connection with responding to the Subpoena; or (ii) alter or modify the rights granted to PwC by the Rules and/or any other applicable rules in connection with responding to the Subpoena. By way of example, and without limitation, PwC objects to the definitions of "PwC," "You," and "Your" set out in Definition No. 6 to the extent they seek documents from anyone other than PricewaterhouseCoopers LLP, a United States member firm of the PricewaterhouseCoopers global network, and to Definition Nos. 2, 3, and 4 and to Instruction Nos. 1, 3(b), 5, 6 and 7.



Michelle A. Parfitt, Esq.                                                                                   February 28, 2024

  2. PwC objects to the Subpoena because, by seeking all communications relating to the request set out in the Subpoena, the Subpoena is overbroad and seeks communications that are not relevant to any party's claim or defense and proportional to the needs of the case. Further, given the broad definitions of "communication" set out in the Subpoena and PwC's status as a non-party, requiring PwC to search for and produce all documents and communications sought by the Subpoena would impose an impermissible burden on PwC. PwC further objects to the relevant period of January 1, 2014 through February 14, 2024, a period of over 10 years, as being impermissibly overbroad and burdensome.

  3. The Subpoena fails to provide reasonable time for compliance.

  4. PwC objects to the extent that the Subpoena seeks production of materials that are exempt from discovery by the accountant-client privilege, the attorney-client privilege, the work product doctrine or any other applicable privilege, exemption, immunity or doctrine.

  5. Any inadvertent production of privileged materials, or of any other materials otherwise protected from disclosure, would not constitute a waiver of any claim of privilege or exemption from production.

  6. PwC objects to the Subpoena to the extent it seeks the production of documents that are protected from discovery by statute, including but not limited to section 7216 of the Internal Revenue Code and regulations thereunder.

  7. PwC objects to producing information in response to the Subpoena absent an agreement from you that your firm or your client will reimburse PwC for its reasonable costs and expenses incurred in responding to the Subpoena, including internal and/or third party vendor costs relating to the processing and/or production of electronic materials, photocopying or other production charges and reasonable compensation for professional, attorney and administrative time spent gathering, reviewing and/or producing information in response to the Subpoena.

  8. For the reasons stated herein, the Subpoena is defective because it fails to take reasonable steps to avoid imposing undue burden and/or expense on PwC. By way of example, and without limitation, PwC objects to the extent the Subpoena purports to require it to search for, review and produce, for a multi-year period, all documents and communications relating to the request set out in the Subpoena (including but not limited to paper files wherever maintained, e-mail communications and other electronic materials).



Michelle A. Parfitt, Esq.                                                                                    February 28, 2024

Objections To Specific Document Request

    For the reasons set out in Objection Nos. 2 and 4, PwC objects to Request No. 1 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects to the relevant period of January 1, 2014 through February 14, 2024, a period of more than 10 years, as being impermissibly overbroad and burdensome. Finally, the communications referenced in Request No. 1 are protected under the work product doctrine or other privilege, and accordingly, PwC may not produce materials related to such communications absent prior consent from Johnson & Johnson or its counsel.

    Please note that counsel for Johnson & Johnson has communicated to PwC its intention to file a motion to quash the Subpoena. In light of this, as well as in light of the objections stated above, PwC will not produce documents responsive to the Subpoena on or before February 29, 2024.

    PwC reserves the right to amend, modify or supplement its objections and responses to the Subpoena although it is under no obligation to do so. In addition, nothing contained herein shall constitute a waiver of PwC's rights to seek to quash or modify the Subpoena or to obtain any other relief to which it is entitled.

Sincerely,

Brian Armstrong.

cc. Steve Brody, Esq.