# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>-------------------------------------------<br><br>*This relates to all cases* | MDL No. 3:16-md-02738<br><br>Case No. 3:16-md-2738-MAS-RLS<br><br>**DEFENDANTS' OMNIBUS RESPONSE TO CMO 9 NOTICES OF INABILITY TO SUBSTITUTE** |

Case Management Order 9 ("CMO 9," Doc. No. 27293), entered on September 1, 2023, required counsel in all cases in which the plaintiff was at that time deceased to undertake one of two actions within 180 days. Counsel could file and serve either (1) a motion to substitute a proper party, or (2) a notice "explaining why a proper party may not be substituted at this time." The "why" anticipated a full-throated explanation of the status of locating an heir and probate process. Notably, while CMO 9, entered as a consent order, gave the plaintiffs 180 days to accomplish this, the equivalent Federal Rule of Civil Procedure 25 provides only 90 days in which to file a motion to

substitute after notifying the court of a party's death, or the action "must be dismissed."

Over 900 plaintiffs have filed CMO 9 notices regarding their alleged inability to substitute the party plaintiff. These notices largely break down into two categories: those in which plaintiffs routinely state without any elaboration that they have retained probate counsel to aid in having a representative appointed (listed in the attached **Exhibit A**), and those that do not indicate probate counsel has been retained (listed in the attached **Exhibit B**). Notably, few of the notices in either category heed the Court's call to "explain[] why a proper party may not be substituted at this time." Even notices which indicate probate counsel is retained are often templated responses that provide no detail about the status of the probate process, the identity of probate counsel, or whether probate is even required in the state in which the deceased plaintiff resided. *See, e.g.,* **Exhibit C**. Nor do these notices indicate when probate will be completed and a representative appointed. Notices that do not reference a probate attorney provide even less information, often simply stating that the next-of-kin or proper party cannot be located. *See, e.g.,* **Exhibit D**. The common thread is that few, if any, CMO 9 notices actually explain what efforts counsel has made to this point to locate the proper party and, thus, why substitution still cannot be accomplished

2

despite the passage of twice the time allowed by Rule 25, nor do they indicate any timeline on which the mandatory tasks will be accomplished.

Indeed, in some cases, a notice of inability to substitute has been filed despite that the plaintiff has been deceased for years. *See, e.g.,* **Exhibit E** (Docket 3:19-cv-14040, case filed June 20, 2019, Doc. No. 9, stating the plaintiff died on December 5, 2019). Many CMO 9 notices do not even indicate when the plaintiff died, leaving the Court and defendants to guess at how many months or years a substitute plaintiff has already had in which to come forward. Such vacuous CMO 9 notices merely "notify," rather than "explain," why substitutions are not forthcoming. This is not what CMO 9 was designed to accomplish; indeed, such notices do nothing except serve as a "statement noting the death" for purposes of starting Rule 25's 90-day clock. Such notices can and should have been filed back in September 2023 when CMO 9 was first entered, rather than waiting 180 days and making no measurable progress toward substitution in the interim.

Rather than attempt to evaluate the more than 900 CMO 9 filings individually, defendants will treat all CMO 9 filings as "statement[s] noting the death" for purposes of Rule 25, and consent to extend plaintiffs' deadline to substitute a proper plaintiff 90 days from February 28, 2024, (the current deadline provided in CMO 9) to May 28, 2024; and ask the Court to require

plaintiffs who remain unable to substitute as of May 28, 2024 to provide a notice that follows a specified form and requires specified information to enable defendants and the Court to evaluate the validity of the claimed inability to substitute.

This first two points – deeming all CMO 9 notices to start the Rule 25 clock and providing a global deadline – are merely housekeeping measures. Some plaintiffs have combined their CMO 9 notices and suggestions of death into a single pleading, while others have filed CMO 9 notices and suggestions of death separately. The majority appear to have filed only a CMO 9 notice without filing a suggestion of death. In order to standardize the process across the entire MDL while remaining fair and offering clarity, and to eliminate the burden on Plaintiffs of filing separate Rule 25 notices, defendants will recognize that all CMO 9 notices will be treated as "statement[s] noting the death" for purposes of Rule 25. The proposed uniform substitution deadline of May 28, 2024 – i.e., 90 days after February 28, 2024, will be easy to administer and is in line with requests made by several plaintiffs seeking this same extension. *See, e.g.,* **Exhibit E**.

Moreover, in order to avoid merely repeating the present round of detail-free notices again in May, defendants suggest that the Court require plaintiffs who fail to meet the May 28, 2024, deadline to provide specific

details such as to what has been done to obtain a substitute plaintiff and why that still has not been accomplished. Defendants offer a proposed order for the Court's consideration that sets out details that should reasonably be included in any future notices of inability to substitute, along with a proposed procedure by which to address cases that fail to provide such details.

      The Court, having entered CMO 9, cannot allow cases with deceased plaintiffs to hang in limbo without repercussion indefinitely. Many of these cases involve unexplained – and seemingly inexplicable – delay in having a representative appointed and the original plaintiff substituted. Plaintiffs will have had 180 days from the entry of CMO 9, in addition to the time since the respective plaintiff's passing, in which to have an estate opened and the party plaintiff substituted. Requiring plaintiffs to comply with Rule 25 will aid the Court and parties in determining which matters should be pending in this action and which should be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court enter the attached proposed order.

Dated: March 6, 2024

                                      Respectfully submitted,

                                      /s/ *Susan M. Sharko*
                                      Susan M. Sharko
                                      **FAEGRE DRINKER BIDDLE & REATH LLP**

                                      *Attorneys for Defendants Johnson & Johnson and LLT Management, Inc., f/k/a LTL Management, Inc.*