

**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com



**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

March 7, 2024

**VIA ECF**
Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

   **Re:** *In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices, and Products Liability Litigation*
      Case No.: 3:16-md-02738-MAS-RLS

Dear Judge Singh:

  Pursuant to the Court's request for bi-monthly reports, the parties jointly offer the following update on recent MDL activities.

**Subpoenas and Orders**:

- On February 29, 2024, Judge Schneider granted the Plaintiffs' request for a Protective Order regarding J&J's subpoena to Northwell Health and barred enforcement of the subpoena requesting the production of the identities of the individuals in the Moline study, without prejudice to J&J's right to re-serve the subpoena if evidence is produced that Plaintiffs' trial experts will rely on Dr. Moline's articles (Doc. 29138).

- On February 26, 2024, Judge Schneider reserved final decision on Plaintiffs' Motion to Quash or for Protective Order Regarding J&J's subpoena directed at KCIC, Inc. until further relevant information is identified and produced. Plaintiffs are required to list on a privilege log the KCIC documents they claim are privileged relating to the pending disqualification. KCIC has been served with a copy of Judge Schneider's Order. Pursuant to the Special Master's

Hon. Rukhsanah L. Singh, U.S.M.J.
March 7, 2024
Page 2

Order, plaintiffs advised KCIC on March 5, 2024, whether there are any documents to which the PSC is not objecting based on privilege grounds. KCIC has three business days (March 8th) thereafter to object to the production of any of the documents. A meet and confer process will occur. Plaintiffs are to produce to J&J all non-privileged documents to which KCIC does not object. Judge Schneider has scheduled a second hearing on the issues for March 11, 2024 (Doc.29077).

- J&J filed a Motion to Quash or for Protective Order in relation to a subpoena served upon Price Waterhouse Coopers (PwC) on February 29, 2024 (Doc. 29164). The subpoena, which was served on February 15, 2024, seeks "communications between J&J, its internal and external advisors and PwC" regarding J&J's estimable liability for J&J's talcum powder products, including the process for removing J&J's talc liability from its balance sheet (or consolidated balance sheet). Plaintiffs' opposition is due March 18, 2024. J&J has requested oral argument.

**Status of Outstanding Requests for Production**:

- **Dr. Rebecca Smith-Bindman**: Defendants served a request for production on the PSC on February 5, 2024. The PSC's responses were due on March 6, 2024, and the PSC served objections and responses on that date. Defendants also sent informal follow-up requests on February 2, 2024 and again on February 27, 2024 with questions related to documents previously produced in September 2021. The PSC continues to review this request in order to provide a response and has provided several documents thus far that were responsive to the earlier requests but not previously produced.

- **Dr. Ghassan Saed**: Defendants sent an informal follow up request on February 2, 2024 with questions related to documents previously produced in September 2021. The PSC continues to review this request in order to provide a response but, to date, the review has shown that documents sought by defendants either do not exist or have previously been produced.

- **Dr. John Godleski**: The PSC timely replied to Defendants' Second Set of Requests for Production. Defendants sent an informal follow up request on February 12, 2024, indicating that some of the responses were either inaccurate or incomplete. In an email dated February 16, 2024, the PSC

confirmed the accuracy and completeness of the prior responses. Defendants will address the requests during Dr. Godleski's deposition.

**Disqualification Hearing**:

- Judge Porto will conduct an evidentiary hearing on the Motion for an Order to Show Cause / Disqualification regarding Andy Birchfield and Beasley Allen, with Judge Singh in attendance, on March 25, 2024.

**Status of New Jersey Proceedings before Judge Porto**:

- There are approximately 2700 cases in state court in Atlantic County. The bellwether process is underway on two tracks. The first trial (Carl) trial is scheduled to begin on September 16, 2024. Plaintiffs' expert reports have been produced. Defendants will serve their expert reports in April.

- Second, a BW pool of 63 randomly selected cases will be reduced to 15 cases on March 8. Those 15 cases will then be worked up for trial and each side will be permitted to strike four cases prior to moving to the expert phase of discovery. Of the 15, five have already been randomly selected and the other ten (five plaintiff picks and five defense picks) will be announced during an upcoming meet and confer on March 8, 2024.

- Additionally, in NJ state court, the parties are meeting and conferring on an expert deposition coordination order as well as CMOs related to Amended Complaints and Substitutions of Death.

**Status of Plaintiffs Expert Depositions**:

- Defendants have completed the depositions of plaintiffs' experts Dr. Plunkett and Dr. Moorman.

- The depositions of Drs. Rigler (4 hours) and Dr. Clarke Pearson (4 hours) will occur this week on March 6, and March 8, 2024.

- The Parties continue to conduct expert depositions in compliance with the court's orders. Time limits for the upcoming deposition range from 4 to 7 to 14 hours based upon the Court's Order of October 10, 2023. The parties have scheduled the remaining Plaintiff expert depositions. The depositions, by

Hon. Rukhsanah L. Singh, U.S.M.J.
March 7, 2024
Page 4

agreement of the parties, are ongoing through April 17th due to scheduling conflicts.

**Plaintiff Profile Forms**:

- On March 1, 2024, Defendants filed a list of cases (Doc. 29168) that have failed to produce a Plaintiff Profile Form (PPF). Pursuant to the Court's February 13, 2024 Case Management Order, Defendants will file an order to show cause on May 1, 2024 as to matters that have not provided the overdue discovery by that time.

- Notice was provided through MDL Centrality for a second large group of cases with overdue discovery. Those cases which are not cured will appear on the April 1, 2024 filing pursuant to the Court's February 13, 2024, Case Management Order.

**Case Management Order No. 9**:

- Plaintiffs have filed notices of inability to substitute a proper party plaintiff pursuant to Case Management Order No. 9 in over 900 individual cases. Defendants filed a global response to those notices on March 6, 2024 (Doc. 29283), along with a proposed order that requires substitutions in all such cases by no later than May 28, 2024 or notices explaining why substitution cannot be accomplished by that time. In accordance with the Court's order of March 7, 2024, the PSC will respond on or before March 13, 2024.

**Trials**

- The latest ovarian cancer case to be tried, *Sugarman v. Johnson & Johnson, et al.*, was tried in Florida state court and resulted in a mistrial when the jury was unable to reach a unanimous decision.

Respectfully submitted,

*s/ P. Leigh O'Dell*          *s/ Michelle A. Parfitt*
P. Leigh O'Dell          Michelle A. Parfitt

Plaintiffs' Co-Lead Counsel

cc: Susan Sharko, Esq. (via email)
    All Counsel (via ECF)