**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

**SUPPLEMENTAL BRIEF IN SUPPORT OF THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA DIRECTED AT KCIC, LLC**

Pursuant to the Special Master's Order No. 20, Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), submit this Supplemental Brief in Support of their Motion to Quash or for Protective Order Regarding Subpoena served by Defendants Johnson & Johnson and LTL Management, LLC ("Defendants") on non-party KCIC, LLC on December 19, 2023. Rec. Doc. 2945.

## FACTUAL BACKGROUND AND TIMELINE

On October 14, 2021, Defendant Johnson & Johnson filed its first bankruptcy petition, and the *In re LTL Management LLC* Tort Claimants Committee ("TCC") was appointed shortly thereafter. Decl. of Michelle A. Parfitt

1

("Parfitt Decl."), Ex. 1 at para. 9. Bankrupcy Judge Michael Kaplan ordered mediation in the case ("LTL-1") and appointed mediators as well as a Rule 706 expert to prepare a report estimating the liability for talc claims. Parfitt Decl., Ex. 1 at paras. 11-12. The mediation effort lasted for approximately a year, with back and forth among the TCC and other parties regarding many issues, including the strengths and weaknesses of ovarian cancer cases. Parfitt Decl., Ex. 1 at paras. 11-12.

On January 30, 2023, the Third Circuit issued its decision that LTL-1 must be dismissed, and the bankruptcy court issued the order of dismissal on April 4, 2023. Parfitt Decl., Ex. 1 at para. 13. On April 4, 2023, a few hours after the order was entered dismissing LTL-1, Defendant Johnson & Johnson filed its second bankruptcy petition ("LTL-2") and the LTL-2 TCC was created shortly thereafter. Parfitt Decl., Ex. 1 at paras. 15-16.

TCC ovarian cancer counsels' first contact with non-party Legacy was in the LTL-2 proceeding on April 27, 2023 via a phone call facilitated by counsel for the TCC. Parfitt Decl., Ex. 1 at para. 17. Legacy was a company that approached the TCC to discuss a potential resolution of ovarian cancer claims. Parfitt Decl., Ex. 1 at para. 18. On May 2, 2023, counsel for ovarian cancer claimants on the TCC had an initial meeting with Legacy. Parfitt Decl., Ex. 1 at para. 18. The TCC ovarian cancer counsel made clear that they wanted to include "Legacy in upcoming J&J

mediation," with the express expectation that mediation efforts would continue in LTL-2 and that all such communications would be for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. PSC Privilege Log, Doc. No. 257, KCIC 001594; Parfitt Decl. at para. 6. Indeed, the LTL-2 Mediation Order was entered only a few days later on May 8, 2023 appointing co-mediators. Parfitt Decl., Ex. 2. The Mediation Order remained in place until LTL-2 was dismissed on August 11, 2023. Parfitt Decl., Ex. 3.

## ARGUMENT

New Jersey law recognizes that mediation-related communications are privileged and the scope of the privilege is very broad: a mediation communication includes "any statement, whether verbal or nonverbal…made for purposes of **considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator**." *Napolitano v. Corbishley*, 2021 WL 3486901, at *2 (D.N.J. Aug. 9, 2021) (*citing Kernaham v. Home Warranty Adm'r of Fla., Inc.*, 236 N.J. 301 (2019) (emphasis supplied); *Sandoz, Inc. v. United Therapeutics Corp.*, 2021 WL 5122069, at *2 (D.N.J. Nov. 2, 2021) (stating that documents prepared for or in furtherance of a mediation are privileged); *see also* N.J. R. Evid. 519.

The majority of the communications included on the PSC's privilege log are dated after the entry of the May 8, 2023 LTL-2 Mediation Order and before the

3

bankruptcy court's August 11, 2023 dismissal of LTL-2. That is, the communictions were made while the LTL-2 Mediation Order was in place and for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation. Parfitt Decl. at para. 6. The handful of documents that fall outside that window are protected by the mediation privilege for the same reasons, as set forth below.

> **A. Communications dated shortly before the entry of the May 8, 2023 LTL-2 Mediation Order are privileged because they were made for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation.**

- **Dated May 4, 2023 – PSC Privilege Log, Doc. No. 257[1]** (four days before entry of May 8, 2023 LTL-2 Mediation Order): This e-mail references Legacy's initial meeting with members of the LTL-2 TCC and explicitly notes the TCC's stated objective to include "Legacy in upcoming J&J mediation." The document reflects the fact that the TCC's communications with Legacy were made with the expectation that mediation efforts would continue in LTL-2 as they had in LTL-1 and for the purpose of considering, conducting, participating in, initiating, and/or continuing those mediation efforts. Parfitt Decl. at para. 6.

- **Dated May 4, 2023 – PSC Privilege Log, Doc. Nos. 94, 220, 224, 262, 412[2]** (four days before entry of May 8, 2023 LTL-2 Mediation Order): These e-

---

[1] Parfitt Decl., Ex. 4.
[2] Parfitt Decl., Ex. 4.

4

mails discuss the preparation of a confidentiality agreement between TCC ovarian cancer counsel and Legacy's proposed claims administration vendor, KCIC, LLC, for the purpose of exchanging ovarian cancer claimant information as part of mediation discussions in LTL-2. Parfitt Decl. at para. 6. An un-executed copy of KCIC's form confidentiality agreement was also included in KCIC's production. **PSC Privilege Log, Doc. No. 201.**[3]

- **Dated May 7, 2023 – PSC Privilege Log, Doc. Nos. 16, 283, 366**[4] (one day before entry of May 8, 2023 LTL-2 Mediation Order): These e-mails reference TCC ovarian cancer counsels' ovarian cancer estimation presentation which had been prepared during the pendency of LTL-1 for the court-appointed estimator. Parfitt Decl. at para. 6. This information was shared by TCC ovarian cancer counsel for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

- **Dated May 7, 2023 – PSC Privilege Log, Doc. Nos. 109, 410**[5] (one day before entry of May 8, 2023 LTL-2 Mediation Order): These are copies of TCC ovarian cancer counsels' ovarian cancer estimation presentation which had been prepared during the pendency of LTL-1 for the court-appointed estimator. Parfitt Decl. at para. 6. This information was shared by TCC ovarian cancer counsel for

---

[3] Parfitt Decl., Ex. 4.
[4] Parfitt Decl., Ex. 4.
[5] Parfitt Decl., Ex. 4.

the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

- **Dated May 7, 2023 – PSC Privilege Log, Doc. Nos. 198, 274, 347, 361**[6] (one day before entry of May 8, 2023 LTL-2 Mediation Order): These e-mails reference TCC ovarian cancer counsels' ovarian cancer memorandum regarding ovarian cancer injuries and damages. This information was shared by TCC ovarian cancer counsel for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

- **Dated May 7, 2023 – PSC Privilege Log, Doc. Nos. 127, 165, 166, 191, 321**[7] (one day before entry of May 8, 2023 LTL-2 Mediation Order): These are copies of the memorandum prepared by TCC ovarian cancer counsel for Legacy regarding ovarian cancer injuries and damages. This information was shared by TCC ovarian cancer counsel for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

- **Dated May 7, 2023 – PSC Privilege Log, Doc. Nos. 29, 37**[8] (one day before entry of May 8, 2023 LTL-2 Mediation Order): These e-mails reference

---

[6] Parfitt Decl., Ex. 4.
[7] Parfitt Decl., Ex. 4.
[8] Parfitt Decl., Ex. 4.

TCC ovarian cancer counsels' ovarian cancer "methodology" presentation. This information was shared by TCC ovarian cancer counsel for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

- **Dated May 7, 2023 – PSC Privilege Log, Doc. Nos. 39, 124, 329**[9] (one day before entry of May 8, 2023 LTL-2 Mediation Order): These are copies of TCC ovarian cancer counsels' ovarian cancer "methodology" presentation (created during the pendency of LTL-1 in 2022), which was not shared with Legacy until May 7, 2023. Parfitt Decl. at para. 7. This information was shared by TCC ovarian cancer counsel for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

  B. **Communications dated shortly after the entry of the August 11, 2023 LTL-2 Dismissal Order are privileged because they reference communications with TCC ovarian cancer counsel made for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation.**

- **Dated August 17 – 23, 2023 – PSC Privilege Log, Doc. Nos. 1, 3, 6, 10, 21, 30, 51, 60, 67, 87, 90, 92, 107, 108, 150, 151, 173, 199, 208, 240, 252, 280, 297, 300, 310, 331, 335, 356, 371, 372, 398, 407, 411**[10] (six to twelve days after

---

[9] Parfitt Decl., Ex. 4.
[10] Parfitt Decl., Ex. 4.

7

entry of August 11, 2023 LTL-2 Dismissal Order): These documents comprise an internal email string between Legacy and KCIC discussing possible next steps after entry of the LTL-2 Dismissal Order. The communications refer back to discussions with TCC ovarian cancer counsel during the pendency of LTL-2 regarding ovarian cancer claim resolution and therefore reveal communications made for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding. Parfitt Decl. at para. 6.

## CONCLUSION

All of the documents included in the PSC's privilege log involve communications made for the purpose of considering, conducting, participating in, initiating, and/or continuing the mediation of ovarian cancer claims in the LTL-2 proceeding. Parfitt Decl. at para. 6. They are protected by New Jersey's broad mediation privilege and should not be produced to Defendants in this case. The PSC respectfully asks the Court to grant its Motion to Quash or for Protective Order with respect to the privileged documents.

Dated: March 15, 2024                     Respectfully submitted,

*/s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-335-2600
mparfitt@ashcraftlaw.com

8

/s/ P. Leigh O'Dell
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
218 Commerce St.
Montgomery, AL 36104
Tel: 334-269-2343
leigh.odell@beasleyallen.com

**Plaintiffs' Co-Lead Counsel**

/s/ Christopher M. Placitella
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Ave.
Red Bank, NJ 07701
Tel: 732-747-9003
clpacitella@cprlaw.com

**Plaintiffs' Liaison Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Respectfully submitted,

/s/ Michelle A. Parfitt
Michelle A. Parfitt