**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

### DECLARATION OF MICHELLE A. PARFITT

I, Michelle A. Parfitt, hereby declare and state as follows:

1. I am over the age of eighteen, of sound mind, and in all respects competent to testify. I have personal knowledge of the information contained in this Declaration and would testify completely to these facts if called to do so.

2. I am counsel for Plaintiffs and Court-appointed Co-Lead Counsel in the above-captioned action.

3. On December 19, 2023, Defendant Johnson & Johnson served non-party KCIC, LLC with a subpoena duces tecum. On January 12, 2024, the Plaintiffs' Steering Committee ("PSC") filed a Motion To Quash Or For Protective Order regarding the KCIC subpoena. Rec. Doc. 28912. Defendants Johnson & Johnson and LTL Managament, LLC ("Defendants") filed an Opposition to the Motion to Quash on January 22, 2024. Rec. Doc. 28920.

4. Special Master Judge Joel Schneider (Ret.) conducted a hearing on the PSC's Motion to Quash on February 23, 2024. On February 26, 2024, the Special Master

1

ordered the PSC to produce a privilege log to support its mediation privilege assertions. Rec. Doc. 29077.

5. The Special Master conducted a second hearing on March 11, 2024. On March 12, 2024, the Special Master ordered the PSC to "produce all evidence to support their privilege claim." Rec. Doc. 29451.

6. I and other representatives of ovarian cancer members of the second *In re LTL Management LLC* ("LTL-2") Tort Claimants Committee ("TCC") communicated with non-party Legacy in the LTL-2 proceeding regarding Legacy's proposal to resolve ovarian cancer claims. All such communications between the initial meeting with Legacy on May 2, 2023 and the dismissal of the LTL-2 proceeding on August 11, 2023 were made for the purpose of considering, conducting, participating in, initiating, and/or continuing mediation in the LTL-2 proceeding.

7. Certain ovarian cancer claim-related documents provided by TCC ovarian cancer counsel to Legacy for the first time during the LTL-2 proceeding had been previously prepared by TCC ovarian cancer counsel for other purposes during the LTL-1 proceeding and litigation outside of bankruptcy.

8. Attached as **Exhibit 1** is a true and correct copy of the January 29, 2024 Supplemental Certification of Andy D. Birchfield, Jr., Esq. In Support of Beasley Allen's Opposition to Johnson & Johnson's Order to Show Cause Seeking to Disqualify Beasley Allen, filed in *In re: Talc-Based Powder Products Litigation*,

2

Master Docket No. ATL-L-2648-15, MCL Case No. 300, Superior Court of New Jersey (Law Division), Atlantic City.

9. Attached as **Exhibit 2** is a true and correct copy of the May 8, 2023 Order Appointing Co-Mediators and Establishing Mediation Protocol, *In re: LTL Management, LLC*, Case No. 23-12825 (MBK), United States Bankruptcy Court for the District of New Jersey. Rec. Doc. 459.

10. Attached as **Exhibit 3** is a true and correct copy of the August 11, 2023 Order Dismising Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. 1112(b), *In re: LTL Management, LLC*, Case No. 23-12825 (MBK), United States Bankruptcy Court for the District of New Jersey. Rec. Doc. 1211.

11. Attached as **Exhibit 4** is a true and correct copy of the March 7, 2024 PSC Privilege Log for documents produced by non-party KCIC, LLC.

        Executed this 15th day of March, 2024.

        *s/ Michelle A. Parfitt*
        Michelle A. Parfitt

        ***Plaintiffs' Co-Lead Counsel***