**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** <br><br> *THIS DOCUMENT RELATES TO ALL CASES* | **MDL No. 16-2738 (MAS) (RLS)** |

### [PROPOSED] ORDER REGARDING CMO 9 NOTICES

**THIS MATTER,** having been brought before the Court by the filing of notices of inability to substitute a party plaintiff pursuant to Case Management Order No. 9 and Defendants Johnson & Johnson and LLT Management, Inc., f/k/a LTL Management, Inc.'s ("Defendants") Omnibus Response to those notices; and the Court having considered the papers and any opposition thereto; and having considered the arguments of counsel, if any; and for good cause shown;

**IT IS** on this _____ day of _____, 2024, **ORDERED** as follows:

1. All notices of inability to substitute the party plaintiff filed by plaintiffs pursuant to Case Management Order 9 are hereby deemed to be notices of death for purposes of Fed. R. Civ. P. 25.

2. All cases to which Case Management Order No. 9 applies (i.e., those in

which the plaintiff was deceased as of September 1, 2023) shall either move to substitute a proper plaintiff or file an amended complaint pursuant to Paragraph 1 of the Court's October 10, 2023 Order Governing Amendments to Complaints (ECF 28519) no later than May 28, 2024.

3. If the deadline imposed in Paragraph 2 above cannot be met in an individual case, counsel for plaintiff shall file and serve a Notice of Inability to Substitute, using the form filed as Exhibit A to this Order.

4. Cases that fail to comply with either the deadline in Paragraph 2 above or the notice requirements in Paragraph 3 above shall be subject to a show cause order as to why the case should not be dismissed with prejudice.

<br>

                                                    **RUKHSANAH L. SINGH**
                                                    **UNITED STATES MAGISTRATE JUDGE**