# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738<br><br>Motion Day: April 15, 2024 |

**DEFENDANTS JOHNSON & JOHNSON'S AND LLT MANAGEMENT LLC'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO SEAL EXHIBIT 4 TO SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA DIRECTED AT KCIC, LLC**

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................1

CONCLUSION ...............................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Symington*,
 211 B.R. 520 (D. Md. 1997)...................................................................................2

*Jorjani v. N.J. Inst. of Tech.*,
 2022 WL 1811304 (D.N.J. June 2, 2022)...............................................................2

*Novo Nordisk A/S v. Sanofi-Aventis U.S. LLC*,
 2008 WL 323611 (D.N.J. Feb. 4, 2008) .............................................................1, 2

*Pansy v. Borough of Stroudsburg*,
 23 F.3d 772 (3d Cir. 1994).......................................................................................1

*Westinghouse Elec. Corp. v. Rep. of Philippines*,
 951 F.2d 1414 (3d Cir. 1991)...................................................................................2

**Rules**

Fed. R. Civ. P. 26(b)(5)(A)(ii)......................................................................................2

Local Rule 5.3(c)(3)..................................................................................................1, 2

## ARGUMENT

The PSC was ordered to produce a privilege log in response to a subpoena J&J served on KCIC, LLC. *See* Special Master Order No. 18, ECF No. 29077, at 2. The PSC produced that privilege log to J&J on March 7, 2024. The PSC now seeks to file the privilege log under seal, claiming that the log itself is work product—even though they already produced the privilege log to J&J. The PSC's motion to seal should be denied for two reasons.

*First*, the PSC has not carried its burden to satisfy the requirements for sealing. To justify sealing, a party must make multiple showings under Local Rule 5.3(c)(3). *Novo Nordisk A/S v. Sanofi-Aventis U.S. LLC*, 2008 WL 323611, at *2 (D.N.J. Feb. 4, 2008) (detailing burden on party moving to seal). The PSC has not submitted the type of documentation required for a motion to seal. *See* L.R. 5.3(c)(3) (requiring "affidavit, declaration, certification, or other" similar document describing multiple elements "with particularity"). And it has not attempted to make the required showings, *see* L.R. 5.3(c)(3), or demonstrated "good cause" to justify a sealing order, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). For instance, the PSC does not assert how it could possibly suffer "a clearly defined and serious injury" if its privilege log were made public (especially when the PSC already produced the log to J&J). *Pansy*, 23 F.3d at 786 (internal quotation marks omitted);

1

*see* L.R. 5.3(c)(3). Having failed even to attempt to comply with Local Rule 5.3(c)(3), the PSC's motion should be denied.

*Second*, the privilege log is not protected work product, because it has already been produced to Plaintiffs' litigation adversary, J&J. *See Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1427–31 (3d Cir. 1991). There is no basis to seal the privilege log when J&J already has it.

In addition, the privilege log was not protected work product to begin with. The PSC's privilege log, like all privilege logs, describes in general terms "the nature of the" communications involved—who sent them, who received them, and what, generally they are about—"without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A)(ii). The PSC does not explain why its privilege log reveals protected information (in contravention of Rule 26(b)(5)(A)(ii)), and a garden-variety "privilege log cannot be protected as the work product of counsel because the turnover of the privilege log is mandated" by the Federal Rules. *In re Symington*, 211 B.R. 520, 522 (Bankr. D. Md. 1997). As courts in this district have explained, "a privilege log that does not reveal the substance of privileged communication does not generally qualify for sealing." *Jorjani v. N.J. Inst. of Tech.*, 2022 WL 1811304, at *7 (D.N.J. June 2, 2022) (citing *Novo Nordisk*, 2008 WL 323611, at *2).

2

## CONCLUSION

For the foregoing reasons, the PSC's motion to seal the privilege log (ECF No. 29599) should be denied.

Dated: April 1, 2024                                Respectfully submitted,

/s/ Stephen D. Brody
Stephen D. Brody
O'MELVENY & MYERS LLP
1625 Eye Street N.W.
Washington, DC 20006
Tel.: 202-383-5300
sbrody@omm.com

Susan M. Sharko
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Tel.: 973-549-7000
susan.sharko@faegredrinker.com

*Attorneys for Johnson & Johnson and LTL Management, LLC n/k/a LLT Management LLC*