# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

## NOTICE OF SUBPOENA FOR DEPOSITION UPON WRITTEN QUESTIONS

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 31 and 45, defendants Johnson & Johnson and LLT Management LLC ("Defendants") hereby notify all parties of the attached Subpoena to Testify at a Deposition in a Civil Action (Upon Written Questions), which will be served by electronic mail upon Gary J. Russo, Esq., Jones Walker LLP, 600 Jefferson Street, Ste. 1600, Lafayette, LA 70501, on April 2, 2024, and, should Mr. Russo not agree to accept service by email, by subsequent, personal service.

The deposition upon written questions shall be taken before the following officer, Veritext Legal Solutions, 9522 Brookline Avenue, Suite 217, Baton Rouge, LA 70809, or such other officer as shall be agreed to by Defendants and Mr. Russo.

| | |
|---|---|
| Dated:  April 2, 2024 | By: */s/ Stephen D. Brody*<br>Stephen D. Brody<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street N.W.<br>Washington, D.C. 20006<br>Tel.: 202-383-5300<br>sbrody@omm.com |

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
Tel: 973-549-7000
susan.sharko@faegredrinker.com

*Attorneys for Defendant Johnson & Johnson and LLT Management LLC*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER )<br>*Plaintiff*  )<br>v.  )<br>PRODUCTS MARKETING, SALES PRACTICES  )<br>AND PRODUCTS LIABILITY LITIGATION  )<br>*Defendant*  ) | Civil Action No.  3:16-md-2738-MAS-RLS |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Gary J. Russo, Esq., Jones Walker LLP, 600 Jefferson Street, Ste. 1600, Lafayette, LA 70501

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext Legal Solutions, 9522 Brookline Avenue, Suite 217, Baton Rouge, LA 70809 | Date and Time: 04/05/2024 9:30 am |
|---|---|

The deposition will be recorded by this method: Upon written questions, set forth in Schedule A.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/02/2024

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | *[Signature]* |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Johnson & Johnson and LLT Management LLC , who issues or requests this subpoena, are:
Stephen D. Brody, 1625 Eye Street NW, Washington, DC 20006, sbrody@omm.com, (202) 383-5300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:16-md-2738-MAS-RLS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

1. On March 25, 2024, during a hearing before New Jersey Superior Court Judge John C. Porto and United States Magistrate Judge for the District of New Jersey Ruksanah L. Singh, on Johnson & Johnson's and LTL Management LLC's Motions for Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from representing plaintiffs in MCL Case No. 300 and MDL Case No. 2738, counsel for Beasley Allen and Mr. Birchfield stated: (1) "Were you aware that it was the mediators in the LTL 2 – the LTL matter that requested that Mr. Conlan participate?"; and (2) "you cannot answer the question whether the mediators asked that Mr. Conlan participate in trying to reach a resolution; is that correct?" (March 25, 2024 Hr'g Tr. 289:2-4, 289:17-20.)

    Confirm that you did not request that former Faegre Drinker Biddle & Reath LLP partner James Conlan participate with the Tort Claimants Committee in the LTL 2 mediation.

    Answer:
    _____
    _____
    _____
    _____

2. Confirm that you were not aware at any time prior to December 5, 2023, when Johnson & Johnson and LTL Management LLC filed a Motion for Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from MDL Case No. 2738, *In re Johnson & Johnson Talcum Products Marketing, Sales Practices and Products Liability Litigation*, that James Conlan had previously represented Johnson & Johnson as outside counsel in the talcum powder products litigation as a partner at Faegre Drinker Biddle & Reath LLP.

    Answer:
    _____
    _____
    _____
    _____

(Questions continued on next page)

3. Confirm that if served with a subpoena for deposition upon written questions in *In re Talc-Based Powder Products Litigation*, Case No. ATL L-2648-15, MCL Case 300 (N.J. Super. Ct., Atlantic Cnty.), your answers to the foregoing two questions would be the same.

   Answer:
   _____
   _____
   _____
   _____