# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2182**

CHAMBERS OF
FREDA L. WOLFSON
CHIEF JUDGE

Clarkson S. Fisher Federal
Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

June 24, 2020

Susan M. Sharko, Esq.
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

Michelle A. Parfitt, Esq.
Ashcroft & Gerel, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311

Leigh O'Dell, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36104

Thomas T. Locke, Esq.
Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004

      **RE:**  *In re Johnson & Johnson Talcum Powder Products Market, Sales Practices and Products Liability Litigation*
            **MDL No. 2738**

Counsel:

      In accordance with the Court's directive in the *Daubert* Order, the parties recently submitted a joint letter addressing the remaining general causation *Daubert* issues. More specifically, because I held that my Order applies with equal force to the remaining *Daubert*

motions, I asked the parties to confer as to whether there are any outstanding motions that the Court must resolve for trial purposes. In that regard, the parties appear to agree that the Court's rulings with respect to epidemiology and the Bradford Hill analyses are binding on all experts who offer such opinions. The parties further agree that the Court's rulings with respect to Dr. Longo's testimony will be binding on Dr. Rigler.

However, according to the parties, certain issues remain to be resolved. First, the Court has yet to rule on the motions to exclude Drs. Crowley, Campion, Kessler, and Plunkett. The parties agree, as do I, that the Court should refrain from ruling on these motions until Plaintiffs designate their experts for the first trial. Next, the motions on Plaintiffs' geology experts—Drs. Cook and Krekeler and Drs. Poulton and Webb—have also not been decided. While Plaintiffs seek rulings on these experts in advance of trial, Defendants maintain that the Court should defer ruling on these motions until they are designated as trial witnesses. I agree with Defendants' position—any ruling on those motions to exclude, in the interest of judicial economy and efficiency, will also be deferred until the parties designate their expert witnesses for trial. Similarly, with respect to Drs. Anne Wylie and Melinda Darby Dyer, the Court will await trial to decide those motions should Defendants call these experts for trial purposes.

Finally, Defendants posit issues remain on the admissibility of Plaintiff's experts on fragrance opinion, MUC-1 antibody theory, and heavy metal theories. As to the issue of heavy metals, the parties dispute whether the Court has, in a footnote to the *Daubert* Opinion, adequately addressed the admissibility of all heavy metal theories presented by Plaintiffs. To be clear, that footnote applies only to the question of whether the epidemiology experts may rely on the presence of carcinogenic heavy metals in talc in the context of their Bradford Hill analyses. To the extent that Plaintiffs rely on a theory that other heavy metals present in talc, aside from asbestos, can

2

Case 3:16-md-02738-MAS-RLS   Document 31080-4   Filed 04/04/24   Page 4 of 14
Case 3:16-md-02738-FLW-LHG   Document 13715   Filed 06/24/20   Page 3 of 3 PageID: 115529
PageID: 178420

cause ovarian cancer, the Court has not yet addressed that issue. Importantly, at this time, Plaintiffs do not seek a ruling on these issues in advance of trial. If Plaintiffs wish to introduce other theories of causation based on the presence of heavy metals, besides asbestos, at trial, the Court will rule on their admissibility at a later date.

                                                Best regards,

                                                /s/ Freda L. Wolfson
                                                Freda L. Wolfson
                                                Chief U.S. District Judge