UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) |

**SPECIAL MASTER ORDER NO. 22
(DECIDING MOTION OF JOHNSON & JOHNSON
AND LLT MANAGEMENT LLC TO QUASH
OR FOR PROTECTIVE ORDER REGARDING
<u>PLAINTIFFS' SUBPOENA DIRECTED TO PWC</u> )**

This matter is before the Special Master on the motion of Johnson & Johnson and LLT Management LLC (hereinafter collectively "J&J") to Quash or for Protective Order Regarding Plaintiffs' Subpoena Directed to PwC (Dkt. No. 29164). The Special Master received plaintiffs' response, J&J's reply, and determined that oral argument is not necessary to decide the motion, Fed.R.Civ.P. 78; L.Civ.R. 78.1. For the reasons to be discussed J&J's motion is granted.

**<u>BACKGROUND</u>**

This MDL involves in excess of 50,000 filed claims wherein the plaintiffs allege the talc in J&J's baby powder contained asbestos and that exposure to the baby powder caused plaintiffs' ovarian cancer. J&J steadfastly denies plaintiffs' allegations.

In connection with the ongoing litigation J&J served J&J's Auditor, Pricewaterhouse Coopers ("PwC"), with a subpoena asking PwC to produce the documents J&J gave to PwC to enable J&J to comply with Accounting Standard ASC 450 which requires a company to describe its potential legal liabilities under certain circumstances and estimate their total value. See Declaration of Erik Haas ("Haas Decl.") ¶3. Specifically, plaintiffs' subpoena seeks "[a]ll communications between J&J, its internal and external advisors and PwC regarding J&J's

contingent liability for J&J's talcum powder products including, but not limited to, the process for removing said talc liability from its balance sheet (or consolidated balance sheet"). PwC Subpoena Schedule A at 4. According to Haas, PwC was charged with evaluating whether J&J's potential talc liabilities required disclosure and, if so, to estimate the value of the potential liabilities for disclosure purposes. Id. ¶¶5-6.

      J&J moves under Fed.R.Civ.P. 45(d) and 26(c) for an order quashing plaintiffs' subpoena or, in the alternative, for a protective order.[1] Plaintiffs do not challenge J&J's standing to file its motion. In support of its motion J&J argues: (1) plaintiffs seek irrelevant information; (2) the subpoena requests J&J's protected work-product; (3) the subpoena seeks information protected by the attorney-client privilege, and; (4) a privilege log is not required because all requested communications are irrelevant and protected from discovery. J&J also argues plaintiffs' subpoena serves no valid purpose, is meant to harass J&J and PwC, and needlessly increases the cost of litigation. Corrected Memo of Law at 10-11.

      In response plaintiffs argue their requested discovery is relevant because J&J has put its ability to resolve its talc liability at issue by initiating "two bad faith bankruptcy cases and now publicly threatening to file a third bankruptcy case [.]" Response at 2. As a result, plaintiffs argue, "[d]ocuments pertaining to assessments of Defendants' talc liability, including their liability in this MDL, are directly relevant to that question." Id. at 2. Plaintiffs seek the requested documents, "to determine the validity behind Defendants' claims about its solvency, not as a 'back door' scheme to uncover Defendants' attorneys' legal theories." Id. at 4.

---

[1] PwC served a letter objecting to plaintiffs' subpoena (see J&J's Motion, Exhibit 1) but did not join in J&J's motion.

Much of plaintiffs' argument focuses on J&J's subpoena directed to KCIC. KCIC and Legacy Solutions collaborated with plaintiffs' counsel to present a settlement proposal to J&J. Plaintiffs objected to producing the bulk of KCIC's documents on the ground they were protected by the mediation privilege. Plaintiffs argue if KCIC's documents reflecting plaintiffs' damage and value assessments of ovarian cancer claims are produced, "so too should Defendants' own non-privileged assessments of their liability for talc ovarian cancer claims be discoverable." Id. at 3-4. Plaintiffs add that if their counsels' opinions and assessments of the value of ovarian cancer cases is produced J&J's assessments should be as well. Id. at 4-5.

**DISCUSSION**

Before addressing whether plaintiffs' subpoena requests protected discovery it must first be determined whether plaintiffs' request relevant discovery. If not that is the end of the Special Master's inquiry. There is no need to determine whether PwC's documents are work-product or protected by the attorney-client privilege if the documents plaintiffs request are irrelevant. There is clearly no duty to produce irrelevant documents. As will be discussed, J&J's motion is granted because plaintiffs' subpoena requests irrelevant information.

Fed.R.Civ.P. 26(b) provides that parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Plaintiffs do not and cannot show that the documents they request have any relevance to a claim or defense in the case. The crux of plaintiffs' argument is that they want to "determine the validity behind Defendants' claims about its solvency." Response at 4. But, as J&J correctly points out, information about J&J's solvency is not relevant to this case since J&J's solvency will not be tried before any jury in these proceedings. Reply at 2.

Plaintiffs' inquiry directed to J&J's solvency and financial status is akin to pre-judgment financial and asset discovery. It is well settled this discovery is not permitted until a plaintiff

-3-

prevails on its claims.  F.T.C. v. Turner, 609 F.2d 743, 745 (5th Cir. 1980) (the amount of an opponent's assets is not relevant to an inquiry into whether a violation of the law exists); Corizon Health, Inc. v. Correctek, Inc., C. A. No. 5:17-CV-35-TBR-LLK, 2017 WL 7693390, at *3 (W.D. Ky. Dec. 12, 2017) (quotation omitted) ("Ordinarily, Fed. R. Civ. P. 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to discovery of admissible evidence" ); In re Classicstar Mare Lease Litig., MDL No. 1877, 2009 WL 1313311, at *3 (E.D. Ky. May 12, 2009) (finding that a party's financial condition and the present location of assets is not discoverable under Rule 26 before judgment).

Plaintiffs seemingly want PwC's documents to prepare in the event J&J's files for bankruptcy in the future.  However, again, this discovery is irrelevant to the claims and defenses at issue.  The Special Master agrees with J&J that "speculation about what might or might not happen in the future is not a sufficient basis to permit irrelevant discovery in this case now." Reply at 2.  To the extent plaintiffs request documents regarding damage and value assessments, this too is irrelevant to the claims and defenses at trial.  The requested discovery has nothing to do with whether exposure to J&J's baby powder caused plaintiffs' ovarian cancer which is the heart of the case.

The SM's ruling regarding KCIC's documents is not helpful to plaintiffs.  See Special Master Order No. 21 (Granting and Denying in Part Plaintiffs' Motion to Quash or for Protective Order Regarding Subpoena Directed to KCIC, LLC).  The subpoenaed documents were relevant to J&J's disqualification motion, not to any claim or defense in the case in chief.  Second, unlike J&J, plaintiffs admitted some of the subpoenaed documents were responsive and non-privileged.  See 3/11/24 Hr'g Tr. 6:11-17.  Last, none of the documents revealing plaintiffs' counsel's

-5-

opinions and assessments of the value of ovarian cancer cases was produced. See Special Master Order No. 21.

**CONCLUSION**

For all the foregoing reasons the motion to quash filed by J&J and LLT is granted.

**O R D E R**

For the reasons expressed above, IT IS HEREBY ORDERED this 5th day of April, 2024, that the Motion of Johnson and Johnson and LLT Management LLC to Quash or for Protective Order Regarding Plaintiffs' Subpoena Directed to PwC is GRANTED; and it is further

ORDERED that plaintiffs subpoena directed to PwC is QUASHED.


By: ___s/Joel Schneider___
     Judge Joel Schneider (Ret.)
     Special Master

Dated: April 5, 2024