

Mail: P.O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Jeffrey M. Pollock
Certified by the Supreme Court of New Jersey
   as a Civil Trial Attorney
Direct Dial:  (609) 896-7660
Email Address:  jmpollock@foxrothschild.com

April 11, 2024

*Via* **PACER/ECF**

The Honorable Rukhsanah L. Singh, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7W
Trenton, New Jersey

     Re:     *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Product Liability Litig.*, **Case No. 3:16-md-2738 (MAS)/(RLS)**

Dear Judge Singh:

     This Firm represents Beasley Allen and Andy D. Birchfield, Jr., Esq. (together Beasley Allen) in J&J's Motion to Disqualify Beasley Allen (the Motion) pending before the Court. *See* ECF No. 28760. As Your Honor may recall, the Motion plenary hearings before Your Honor and Judge Porto proceeded March 25, 2024 and yesterday April 10, 2024.

     At the hearing, Your Honor permitted the undersigned to mark for identification as P-3 and P-4 the February 2, 2023 correspondence from Mr. Conlan to Johnson & Johnson and the mediators' Federal Rule of Civil Procedure 31 certified written deposition responses and transcripts respectively. Beasley Allen encloses both exhibits for the record.

     Thank you for your time and continued consideration of this matter.



The Honorable Rukhsanah L. Singh, U.S.M.J.
April 11, 2024
Page 2

Respectfully submitted,

*/s/  Jeffrey M. Pollock*

JEFFREY M. POLLOCK

cc:  All Counsel (*via* ECF)
     The Honorable John C. Porto, P.J. Civ. (via eCourts)



**February 2, 2023**

Via Email
Joaquin Duato
Chairman of the Board and Chief Executive Officer
Johnson & Johnson

Erik Haas
Worldwide Vice President, Litigation
Johnson & Johnson

This is a proposal for Agreement between Legacy Liability Solutions (Legacy) and Johnson & Johnson (J&J). Legacy and J&J will agree as follows:

1. LTL Management LLC (LTL) will dismiss its pending bankruptcy proceeding.

2. Closing will occur within [60] days of the signing of a definitive Agreement embodying the terms herein. Closing of this transaction will result in disaffiliation of LTL under GAAP ASC 450.

3. At closing of this transaction:

    a. J&J will remove any and all operating assets from LTL;

    b. J&J and its non-debtor affiliates will fund LTL with $[16] billion ($[16,000,000,000]) in cash;

    c. Legacy will contribute additional value to LTL equal to ten percent (10%) of the amount set forth in 3.b. above;

    d. A Legacy affiliate will acquire one hundred percent (100%) ownership of LTL;

    e. Except as described in 3.b. above, all J&J affiliate indemnity/funding obligations in favor of LTL will be terminated; and

    f. All potentially applicable insurance, rights of indemnification, and similar obligations from unaffiliated parties relating to the liabilities of LTL and its subsidiaries will be contributed to LTL.

4. Ownership and entitlement of tax assets/attributes related to this transaction and the subject liabilities will be negotiated prior to Closing.



5. LTL and the Legacy affiliate owning LTL will provide a full, unlimited, and perpetual indemnity in favor of J&J and its remaining affiliates with respect to any liability of LTL or its subsidiaries.

6. Legacy reserves the right, in its discretion, to negotiate settlements with interested asbestos-plaintiff law firms of some or all pending claims filed by such firms, all such settlements to become effective at Closing.

*James F. Conlan*

James F. Conlan
Chief Executive Officer
Legacy Liability Solutions, Ltd.

2

Page 1

1                UNITED STATES DISTRICT COURT

2                  DISTRICT OF NEW JERSEY

3                CASE NO. 3:16 MD-2738-MAS-RLS

4       _____

5       IN RE:   JOHNSON & JONSON TALCUM      )

6       POWDER PRODUCTS MARKETING, SALES      )

7       PRACTICES AND PRODUCTS LIABILITY      )

8       LITIGATION,                           )

9       _____)

10

11

12                DEPOSITION UPON WRITTEN QUESTIONS OF

13      ERIC D. GREEN, Esq., called as a witness by and on

14      behalf of the Johnson & Johnson and LLT Management

15      LLC Defendants, pursuant to the applicable

16      provisions of the Federal Rules of Civil Procedure,

17      before P. Jodi Ohnemus (remotely), RPR, RMR, CRR,

18      CA-CSR #13192, NH-LSR #91, MA-CSR #123193, and

19      Notary Public, within and for the Commonwealth of

20      Massachusetts, at Concord, Massachusetts, on

21      Monday, April 8, 2024, commencing at 4:30 p.m.

22

23

24

25

**PLAINTIFF'S EXHIBIT**
P-4
tabbies

Page 2

```
 1          I N D E X
 2
 3  TESTIMONY OF:        DIRECT    CROSS
 4
 5  ERIC D. GREEN          3        5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1          P R O C E E D I N G S
 2     ERIC D. GREEN, ESQ., having
 3     satisfactorily been identified by
 4     the production of a driver's license,
 5     and first duly affirming before the Notary
 6     Public, was examined and testified as
 7     follows to written questions propounded
 8     by Defendants Johnson & Johnson and LLT
 9     Management LLC
10  DIRECT EXAMINATION BY WRITTEN QUESTIONS:
11     Q.  Question 1: On March 25, 2024, during a
12  hearing before New Jersey Superior Court Judge John
13  C. Porto and United States Magistrate Judge for the
14  District of New Jersey Rukhsanah L. Singh, on
15  Johnson & Johnson's and LLT Management LLC's
16  motions for order to show cause why Andy Birchfield
17  and Beasley Allen should not be disqualified from
18  representing plaintiffs in MCL Case No. 300 and MDL
19  Case No. 2738, counsel for Beasley Allen and Mr.
20  Birchfield stated: (1) "Were you aware that it was
21  the mediators in the LTL 2 -- the LTL matter that
22  requested that Mr. Conlan participate?"; and (2)
23  "you cannot answer the question whether the
24  mediators asked that Mr. Conlan participate in
25  trying to reach a resolution; is that correct?"
```

Page 4

```
 1  (March 25, 2024 Hr'g Tr. 289:2-4, 289:17-20.)
 2     Confirm that you did not request that
 3  former Faegre Drinker Biddle & Reath LLP partner
 4  James Conlan participate with the tort claimants
 5  committee in the LTL 2 mediation.
 6     A.  I object to this question and decline to
 7  answer because the question calls for the
 8  disclosure of confidential mediation information in
 9  violation of the confidentiality requirements and
10  protection -- and protections set forth in the
11  amended order appointing co-mediators in
12  establishing mediation protocol entered by the
13  bankruptcy court for the District of New Jersey in
14  the matter of LTL Management LLC, Case No. 23-12825
15  (MBK) on May 25, 2023, hereinafter the amended
16  mediation order; in particular, but not limited to,
17  paragraph 5 therein and the provisions cited in
18  paragraph 4 therein, in particular, but not limited
19  to, D.N.J. LBR 9019-2 and in violation of NJSA
20  2A:24C-4.b.
21     Q.  Question 2: Confirm that you were not
22  aware at any time prior to December 5, 2023, when
23  Johnson & Johnson and LTL Management LLC filed a
24  motion for order to show cause why Andy Birchfield
25  and Beasley Allen should not be disqualified from
```

Page 5

```
 1  MDL Case No. 2738, In Re: Johnson & Johnson Talcum
 2  Products Marketing, Sales Practices and Products
 3  Liability Litigation, that James Conlan had
 4  previously represented Johnson & Johnson as outside
 5  counsel in the talcum powder products litigation as
 6  a partner at Faegre Drinker Biddle & Reath LLP.
 7     A.  I confirm that I was not so aware.
 8     Q.  Question 3: Confirm that if served with a
 9  subpoena for deposition upon written questions in
10  In Re: Talc-Based Powder Products Litigation, Case
11  No. ATL L-2648-15, MCL Case 300 (N.J. Super. Ct.,
12  Atlantic Cnty.), your answers to the foregoing two
13  questions would be the same.
14     A.  I confirm that my answers to the following
15  two questions would and are the same -- would be
16  and are the same if served with a subpoena for
17  depositions upon written questions.
18          CROSS-EXAMINATION
19  BY WRITTEN QUESTIONS:
20     Q.  Question 1: In the LTL 2 mediation, did
21  the deponent receive any information that he
22  believed was J&J's confidential information?
23     A.  I object to this question and decline to
24  answer because the question calls for the
25  disclosure of confidential mediation information in
```

2 (Pages 2 - 5)

Page 6

1  violation of the confidentiality requirements and
2  protections set forth in the amended mediation
3  order, in particular, but not limited to, paragraph
4  5 therein and the provisions cited in paragraph 4
5  therein, in particular, but not limited to, D.N.J.
6  LBR 9019-2 and in violation of NJSA 2A:24C-4.b.
7     Q.  Question 2:  Did the deponent invite
8  Legacy to participate in the mediation?
9     A.  I object to this question and decline to
10  answer because the question calls for the
11  disclosure of confidential mediation information in
12  violation of the confidentiality requirements and
13  protections set forth in the amended mediation
14  order, in particular, but not limited to, paragraph
15  5 therein and the provisions cited in paragraph 4
16  therein, in particular, but not limited to, D.N.J.
17  LBR 9019-2 and in violation of NJSA 2A:24C-4.b.
18         (Whereupon the deposition by written
19         questions ended at 4:36 p.m.)
20
21
22
23
24
25

Page 7

1  Commonwealth of Massachusetts
2  Middlesex, ss.
3
4
         I, P. Jodi Ohnemus, Notary Public
5  in and for the Commonwealth of Massachusetts,
   do hereby certify that there came before me
6  (remotely) on the 8th day of April 2024, the
   deponent herein, who was duly sworn by me; that the
7  ensuing examination upon oath of the said deponent
   was reported stenographically by me and transcribed
8  into typewriting under my direction and control;
   and that the within transcript is a true record of
9  the questions asked and answers given at said
   deposition.
10
11        I FURTHER CERTIFY that I am neither
   attorney nor counsel for, nor related to or
12  employed by any of the parties to the action
   in which this deposition is taken; and, further,
13  that I am not a relative or employee of any
   attorney or financially interested in the outcome
14  of the action.
15
          IN WITNESS WHEREOF I have hereunto set my
16  hand and affixed my seal of office this
   8th day of April, 2024, at Waltham.
17
18
19
20  *Patricia Jodi Ohnemus*
21  P. Jodi Ohnemus, RPR, RMR, CRR,
    CSR, Notary Public,
22  Commonwealth
    of Massachusetts
23  My Commission Expires:
    3/3/2028
24
25

3 (Pages 6 - 7)

[& - decline]                                      Page 1

**&**

**&**   1:5,14 3:8,15
    4:3,23 5:1,4,6

**1**

**1**   3:11,20 5:20
**123193**   1:18
**13192**   1:18

**2**

**2**   3:21,22 4:5,21
    5:20 6:7
**2023**   4:15,22
**2024**   1:21 3:11
    4:1 7:6,16
**23-12825**   4:14
**24c**   4:20 6:6,17
**25**   3:11 4:1,15
**2648-15**   5:11
**2738**   1:3 3:19
    5:1
**289:17-20**   4:1
**289:2-4**   4:1
**2a**   4:20 6:6,17

**3**

**3**   2:5 5:8
**3/3/2028**   7:23
**300**   3:18 5:11
**3:16**   1:3

**4**

**4**   4:18 6:4,15
**4.b.**   4:20 6:6,17
**4:30**   1:21
**4:36**   6:19

**5**

**5**   2:5 4:17,22
    6:4,15

**6**

**6433**   7:20

**8**

**8**   1:21
**8th**   7:6,16

**9**

**9019-2**   4:19 6:6
    6:17
**91**   1:18

**a**

**action**   7:12,14
**affirming**   3:5
**affixed**   7:16
**allen**   3:17,19
    4:25
**amended**   4:11
    4:15 6:2,13
**andy**   3:16 4:24
**answer**   3:23
    4:7 5:24 6:10
**answers**   5:12
    5:14 7:9
**applicable**   1:15
**appointing**
    4:11
**april**   1:21 7:6
    7:16
**asked**   3:24 7:9
**atl**   5:11

**atlantic**   5:12
**attorney**   7:11
    7:13
**aware**   3:20
    4:22 5:7

**b**

**bankruptcy**
    4:13
**based**   5:10
**beasley**   3:17,19
    4:25
**behalf**   1:14
**believed**   5:22
**biddle**   4:3 5:6
**birchfield**   3:16
    3:20 4:24

**c**

**c**   3:1,13
**ca**   1:18
**called**   1:13
**calls**   4:7 5:24
    6:10
**case**   1:3 3:18
    3:19 4:14 5:1
    5:10,11
**cause**   3:16 4:24
**certify**   7:5,11
**cited**   4:17 6:4
    6:15
**civil**   1:16
**claimants**   4:4
**cnty**   5:12
**commencing**
    1:21

**commission**
    7:23
**committee**   4:5
**commonwealth**
    1:19 7:1,5,22
**concord**   1:20
**confidential**   4:8
    5:22,25 6:11
**confidentiality**
    4:9 6:1,12
**confirm**   4:2,21
    5:7,8,14
**conlan**   3:22,24
    4:4 5:3
**control**   7:8
**correct**   3:25
**counsel**   3:19
    5:5 7:11
**court**   1:1 3:12
    4:13
**cross**   2:3 5:18
**crr**   1:17 7:21
**csr**   1:18,18
    7:21
**ct**   5:11

**d**

**d**   1:13 2:1,5 3:1
    3:2
**d.n.j.**   4:19 6:5
    6:16
**day**   7:6,16
**december**   4:22
**decline**   4:6 5:23
    6:9

[defendants - new]                                          Page 2

**defendants**
  1:15 3:8
**deponent**  5:21
  6:7 7:6,7
**deposition**  1:12
  5:9 6:18 7:9,12
**depositions**
  5:17
**direct**  2:3 3:10
**direction**  7:8
**disclosure**  4:8
  5:25 6:11
**disqualified**
  3:17 4:25
**district**  1:1,2
  3:14 4:13
**drinker**  4:3 5:6
**driver's**  3:4
**duly**  3:5 7:6

**e**

**e**  2:1 3:1,1
**employed**  7:12
**employee**  7:13
**ended**  6:19
**ensuing**  7:7
**entered**  4:12
**eric**  1:13 2:5
  3:2
**esq**  1:13 3:2
**establishing**
  4:12
**examination**
  3:10 5:18 7:7
**examined**  3:6

**expires**  7:23

**f**

**faegre**  4:3 5:6
**federal**  1:16
**filed**  4:23
**financially**  7:13
**first**  3:5
**following**  5:14
**follows**  3:7
**foregoing**  5:12
**former**  4:3
**forth**  4:10 6:2
  6:13
**further**  7:11,12

**g**

**g**  3:1
**given**  7:9
**green**  1:13 2:5
  3:2

**h**

**hand**  7:16
**hearing**  3:12
**hereinafter**
  4:15
**hereunto**  7:15
**hr'g**  4:1

**i**

**identified**  3:3
**information**
  4:8 5:21,22,25
  6:11
**interested**  7:13
**invite**  6:7

**j**

**j&j's**  5:22
**james**  4:4 5:3
**jersey**  1:2 3:12
  3:14 4:13
**jodi**  1:17 7:4,21
**john**  3:12
**johnson**  1:5,14
  1:14 3:8,8,15
  4:23,23 5:1,1,4
  5:4
**johnson's**  3:15
**jonson**  1:5
**judge**  3:12,13

**l**

**l**  3:14 5:11
**lbr**  4:19 6:6,17
**legacy**  6:8
**liability**  1:7 5:3
**license**  3:4
**limited**  4:16,18
  6:3,5,14,16
**litigation**  1:8
  5:3,5,10
**llc**  1:15 3:9 4:14
  4:23
**llc's**  3:15
**llp**  4:3 5:6
**llt**  1:14 3:8
**lsr**  1:18
**ltl**  3:15,21,21
  4:5,14,23 5:20

**m**

**ma**  1:18
**magistrate**  3:13
**management**
  1:14 3:9,15
  4:14,23
**march**  3:11 4:1
**marketing**  1:6
  5:2
**mas**  1:3
**massachusetts**
  1:20,20 7:1,5
  7:22
**matter**  3:21
  4:14
**mbk**  4:15
**mcl**  3:18 5:11
**md**  1:3
**mdl**  3:18 5:1
**mediation**  4:5,8
  4:12,16 5:20,25
  6:2,8,11,13
**mediators**  3:21
  3:24 4:11
**middlesex**  7:2
**monday**  1:21
**motion**  4:24
**motions**  3:16

**n**

**n**  2:1 3:1
**n.j.**  5:11
**neither**  7:11
**new**  1:2 3:12,14
  4:13

[nh - violation]                                                                 Page 3

nh   1:18
njsa   4:19 6:6
    6:17
notary   1:19 3:5
    7:4,21

**o**

o   3:1
oath   7:7
object   4:6 5:23
    6:9
office   7:16
ohnemus   1:17
    7:4,21
order   3:16 4:11
    4:16,24 6:3,14
outcome   7:13
outside   5:4

**p**

p   1:17 3:1 7:4
    7:21
p.m.   1:21 6:19
paragraph
    4:17,18 6:3,4
    6:14,15
participate
    3:22,24 4:4 6:8
particular   4:16
    4:18 6:3,5,14
    6:16
parties   7:12
partner   4:3 5:6
plaintiffs   3:18
porto   3:13

powder   1:6 5:5
    5:10
practices   1:7
    5:2
previously   5:4
prior   4:22
procedure   1:16
production   3:4
products   1:6,7
    5:2,2,5,10
propounded
    3:7
protection   4:10
protections
    4:10 6:2,13
protocol   4:12
provisions   1:16
    4:17 6:4,15
public   1:19 3:6
    7:4,21
pursuant   1:15

**q**

question   3:11
    3:23 4:6,7,21
    5:8,20,23,24
    6:7,9,10
questions   1:12
    3:7,10 5:9,13
    5:15,17,19 6:19
    7:9

**r**

r   3:1
reach   3:25

reath   4:3 5:6
receive   5:21
record   7:8
related   7:11
relative   7:13
remotely   1:17
    7:6
reported   7:7
represented   5:4
representing
    3:18
request   4:2
requested   3:22
requirements
    4:9 6:1,12
resolution   3:25
rls   1:3
rmr   1:17 7:21
rpr   1:17 7:21
rukhsanah
    3:14
rules   1:16

**s**

s   3:1
sales   1:6 5:2
satisfactorily
    3:3
seal   7:16
served   5:8,16
set   4:10 6:2,13
    7:15
show   3:16 4:24
signature   7:20
singh   3:14

ss   7:2
stated   3:20
states   1:1 3:13
stenographic...
    7:7
subpoena   5:9
    5:16
super   5:11
superior   3:12
sworn   7:6

**t**

taken   7:12
talc   5:10
talcum   1:5 5:1
    5:5
testified   3:6
testimony   2:3
time   4:22
tort   4:4
tr   4:1
transcribed   7:7
transcript   7:8
true   7:8
trying   3:25
two   5:12,15
typewriting   7:8

**u**

under   7:8
united   1:1 3:13

**v**

violation   4:9,19
    6:1,6,12,17

**[waltham - x]**                                        Page 4

**w**

**waltham** 7:16
**whereof** 7:15
**witness** 1:13
  7:15
**written** 1:12
  3:7,10 5:9,17
  5:19 6:18

**x**

**x** 2:1

**RESPONSES OF MEDIATOR ERIC D. GREEN TO
DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS UPON WRITTEN
DEPOSITION
PURSUANT TO SUBPOENA SERVED ELECTRONICALLY ON APRIL 3, 2024
In the Matter of Johnson & Johnson Talcum Powder Products
MDL, 3:16-md-02738-MAS-RLS**

1.      On March 25, 2024, during a hearing before New Jersey Superior Court Judge John C.
Porto and United States Magistrate Judge for the District of New Jersey Rukhsanah L.
Singh, on Johnson & Johnson's and LTL Management LLC's Motions for Order to Show
Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from
representing plaintiffs in MCL Case No. 300 and MDL Case No. 2738, counsel for
Beasley Allen and Mr. Birchfield stated: (1) "Were you aware that it was the mediators
in the LTL 2 – the LTL matter that requested that Mr. Conlan participate?"; and (2) "you
cannot answer the question whether the mediators asked that Mr. Conlan participate in
trying to reach a resolution; is that correct?" (March 25, 2024 Hr'g Tr. 289:2-4, 289:17-
20.)

Confirm that you did not request that former Faegre Drinker Biddle & Reath LLP partner
James Conlan participate with the Tort Claimants Committee in the LTL 2 mediation.

Answer:

*Deponent objects to this question and declines to answer because the question calls for the
disclosure of confidential mediation information in violation of the confidentiality requirements
and protections set forth in the AMENDED ORDER (I) APPOINTING CO-MEDIATORS AND
(II) ESTABLISHING MEDIATION PROTOCOL entered by the Bankruptcy Court for the District
of New Jersey in the matter of LTL Management, LLC, Case No.: 23-12825 (MBK), on May 25,
2023 (hereinafter "the Amended Mediation Order"), in particular but not limited to paragraph 5
therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J.
LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

2.      Confirm that you were not aware at any time prior to December 5, 2023, when Johnson &
Johnson and LTL Management LLC filed a Motion for Order to Show Cause Why Andy
Birchfield and Beasley Allen Should Not Be Disqualified from MDL Case No. 2738, *In
re Johnson & Johnson Talcum Products Marketing, Sales Practices and Products
Liability Litigation*, that James Conlan had previously represented Johnson & Johnson as
outside counsel in the talcum powder products litigation as a partner at Faegre Drinker
Biddle & Reath LLP.

Answer:

*Deponent confirms that he was not so aware.*

(Questions continued on next page)

3.    Confirm that if served with a subpoena for deposition upon written questions in *In re Talc-Based Powder Products Litigation*, Case No. ATL L-2648-15, MCL Case 300 (N.J. Super. Ct., Atlantic Cnty.), your answers to the foregoing two questions would be the same.

Answer:

*Deponent confirms that his answers to the foregoing two questions would be the same if served with a subpoena for deposition upon written questions.*

## CROSS-EXAMINATION QUESTIONS TO BE PROPOUNDED TO THE WITNESS

1.    In the LTL 2 mediation, did the deponent receive any information that he believed was J&J's confidential information?

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the Amended Mediation Order, in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

2.    Did the deponent invite Legacy to participate in the mediation?

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the Amended Mediation Order, in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

Signed under the pains and penalties of perjury this 8th day of April, 2024.

_____
Eric D. Green

Page 1

1              UNITED STATES DISTRICT COURT

2                DISTRICT OF NEW JERSEY

3              CASE NO. 3:16 MD-2738-MAS-RLS

4    _____

5    IN RE:  JOHNSON & JONSON TALCUM       )

6    POWDER PRODUCTS MARKETING, SALES      )

7    PRACTICES AND PRODUCTS LIABILITY      )

8    LITIGATION,                           )

9    _____)

10

11           DEPOSITION UPON WRITTEN QUESTIONS OF

12   FOUAD KURDI, ESQ., called as a witness by and on

13   behalf of the Defendants Johnson & Johnson and LLT

14   Management LLC, pursuant to the applicable

15   provisions of the Federal Rules of Civil Procedure,

16   before P. Jodi Ohnemus (remotely), RPR, RMR, CRR,

17   CA-CSR #13192, NH-LSR #91, MA-CSR #123193, and

18   Notary Public, within and for the Commonwealth of

19   Massachusetts, at Concord, Massachusetts, on

20   Monday, April 8, 2024, commencing at 4:47 p.m.

21

22

23

24

25

Page 2

1          I N D E X
2
3  TESTIMONY OF:        DIRECT   CROSS
4
5  FOUAD KURDI          3     5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1       P R O C E E D I N G S
2       FOUAD KURDI, ESQ., having
3  satisfactorily been identified by
4  the production of a driver's license,
5  and being first duly sworn by the Notary
6  Public, was examined and testified as
7  follows to interrogatories
8  EXAMINATION BY WRITTEN QUESTIONS:
9    Q.  Question 1:  On March 25, 2024, during a
10  hearing before New Jersey Superior Court Judge John
11  C. Porto and United States Magistrate Judge for the
12  District of New Jersey Rukhsanah L. Singh, on
13  Johnson & Johnson's and LTL Management LLC's
14  motions for order to show cause why Andy Birchfield
15  and Beasley Allen should not be disqualified from
16  representing plaintiffs in MCL Case No. 300 and MDL
17  Case No. 2738, counsel for Beasley Allen and Mr.
18  Birchfield stated:  (1) "Were you aware that it was
19  the mediators in the LTL 2 -- the LTL matter that
20  requested that Mr. Conlan participate?"; and (2)
21  "you cannot answer the question whether the
22  mediators asked Mr. Conlan participate in trying to
23  reach a resolution; is that correct?"  (March 25,
24  2024 H'r'g Tr. 289:2-4, 289:17-20.)
25      Confirm that you did not request that

Page 4

1  former Faegre Drinker Biddle & Reath LLP partner
2  James Conlan participate with the tort claimants
3  committee in the LTL 2 mediation.
4    A.  I object to this question and decline to
5  answer because the question calls for the
6  disclosure of confidential mediation information in
7  violation of the confidentiality requirements and
8  protections set forth in the amended order
9  appointing co-mediators and establishing mediation
10  protocol entered by the bankruptcy court for the
11  District of New Jersey in the matter of LTL
12  Management LLC, Case No. 23-12825 MBK on May 25th,
13  2023, in particular, but not limited to, paragraph
14  5 therein, the provisions cited in paragraph 4
15  therein, in particular, but not limited to, D.N.J.
16  LBR 9019-2 and in violation of NJSA 2A:24C-4.b.
17    Q.  Question 2:  Confirm that you were not
18  aware at any time prior to December 5, 2023, when
19  Johnson & Johnson and LTL Management LLC filed a
20  motion for order to show cause why Andy Birchfield
21  and Beasley Allen should not be disqualified from
22  MDL Case No. 2738, In Re: Johnson & Johnson Talcum
23  Products Marketing, Sales Practices and Products
24  Liability Litigation, that James Conlan had
25  previously represented Johnson & Johnson as outside

Page 5

1  counsel in the talcum powder products litigation as
2  a partner at Faegre Drinker Biddle & Reath LLP.
3    A.  I confirm that I was not aware.
4    Q.  Question 3:  Confirm that if served with a
5  subpoena for deposition upon written questions in
6  In Re: Talc-Based Powder Products Litigation, Case
7  No. ATL L-2648-15, MCL Case 300 (N.J. Super. Ct.,
8  Atlantic Cnty.), your answers to the foregoing two
9  questions would be the same.
10    A.  I confirm that my answers to the -- these
11  two questions would be the same if I was served
12  with a subpoena for deposition upon written
13  questions.
14         CROSS-EXAMINATION
15    Q.  Question 1:  In the LTL 2 mediation, did
16  the deponent receive any information that he
17  believed was J&J's confidential information?
18    A.  I object to this question and decline to
19  answer because the question calls for the
20  disclosure of confidential mediation information in
21  violation of the confidentiality requirements
22  protections set forth in the amended mediation
23  order, in particular, but not limited to, paragraph
24  5 therein, and the provisions cited in paragraph 4
25  therein, and in particular, but not limited to,

2 (Pages 2 - 5)

Page 6

1 D.N.J. LBR 9019-2 and in violation of NJSA
2 2A:24C-4.b.
3    Q.   Question 2:  Did the deponent invite
4 Legacy to participate in the mediation?
5    A.   I object to this question and decline to
6 answer because the question calls for the
7 disclosure of confidential mediation information in
8 violation of the confidentiality requirements and
9 protections set forth in the amended mediation
10 order in particular, but not limited to, paragraph
11 5 therein and the provisions cited in paragraph 4
12 therein, in particular, but not limited to, D.N.J.
13 LBR 9019-2 and in violation of NJSA 2A:24C-4.b.
14       (Whereupon the deposition by
15       written questions ended at 4:54 p.m.)
16
17
18
19
20
21
22
23
24
25

Page 7

1 Commonwealth of Massachusetts
2 Middlesex, ss.
3
4
5 I, P. Jodi Ohnemus, Notary Public
 in and for the Commonwealth of Massachusetts,
 do hereby certify that there came before me
6 on the 8th day of April, 2024, the deponent herein,
 who was duly sworn by me; that the ensuing
7 examination upon oath of the said deponent was
 reported stenographically by me and transcribed
8 into typewriting under my direction and control;
 and that the within transcript is a true record of
9 the questions asked and answers given at said
 deposition.
10
11 I FURTHER CERTIFY that I am neither
 attorney nor counsel for, nor related to or
12 employed by any of the parties to the action
 in which this deposition is taken; and, further,
13 that I am not a relative or employee of any
 attorney or financially interested in the outcome
14 of the action.
15
16 IN WITNESS WHEREOF I have hereunto set my
 hand and affixed my seal of office this
 8th day of April, 2024, at Waltham.
17
18
19
20
21 P. Jodi Ohnemus, RPR, RMR, CRR,
 CSR, Notary Public,
22 Commonwealth
 of Massachusetts
23 My Commission Expires:
 3/3/2028
24
25

3 (Pages 6 - 7)

| & | | | |
|---|---|---|---|

**&**

**&**  1:5,13 3:13
  4:1,19,22,25
  5:2

**1**

**1**  3:9,18 5:15
**123193**  1:17
**13192**  1:17

**2**

**2**  3:19,20 4:3,17
  5:15 6:3
**2023**  4:13,18
**2024**  1:20 3:9
  3:24 7:6,16
**23-12825**  4:12
**24c**  4:16 6:2,13
**25**  3:9,23
**25th**  4:12
**2648-15**  5:7
**2738**  1:3 3:17
  4:22
**289:17-20**  3:24
**289:2-4**  3:24
**2a**  4:16 6:2,13

**3**

**3**  2:5 5:4
**3/3/2028**  7:23
**300**  3:16 5:7
**3:16**  1:3

**4**

**4**  4:14 5:24
  6:11

**4.b.**  4:16 6:2,13
**4:47**  1:20
**4:54**  6:15

**5**

**5**  2:5 4:14,18
  5:24 6:11

**6**

**6433**  7:19

**8**

**8**  1:20
**8th**  7:6,16

**9**

**9019-2**  4:16 6:1
  6:13
**91**  1:17

**a**

**action**  7:12,14
**affixed**  7:16
**allen**  3:15,17
  4:21
**amended**  4:8
  5:22 6:9
**andy**  3:14 4:20
**answer**  3:21
  4:5 5:19 6:6
**answers**  5:8,10
  7:9
**applicable**  1:14
**appointing**  4:9
**april**  1:20 7:6
  7:16
**asked**  3:22 7:9

**atl**  5:7
**atlantic**  5:8
**attorney**  7:11
  7:13
**aware**  3:18
  4:18 5:3

**b**

**bankruptcy**
  4:10
**based**  5:6
**beasley**  3:15,17
  4:21
**behalf**  1:13
**believed**  5:17
**biddle**  4:1 5:2
**birchfield**  3:14
  3:18 4:20

**c**

**c**  3:1,11
**ca**  1:17
**called**  1:12
**calls**  4:5 5:19
  6:6
**case**  1:3 3:16
  3:17 4:12,22
  5:6,7
**cause**  3:14 4:20
**certify**  7:5,11
**cited**  4:14 5:24
  6:11
**civil**  1:15
**claimants**  4:2
**cnty**  5:8

**commencing**
  1:20
**commission**
  7:23
**committee**  4:3
**commonwealth**
  1:18 7:1,5,22
**concord**  1:19
**confidential**  4:6
  5:17,20 6:7
**confidentiality**
  4:7 5:21 6:8
**confirm**  3:25
  4:17 5:3,4,10
**conlan**  3:20,22
  4:2,24
**control**  7:8
**correct**  3:23
**counsel**  3:17
  5:1 7:11
**court**  1:1 3:10
  4:10
**cross**  2:3 5:14
**crr**  1:16 7:21
**csr**  1:17,17
  7:21
**ct**  5:7

**d**

**d**  2:1 3:1
**d.n.j.**  4:15 6:1
  6:12
**day**  7:6,16
**december**  4:18
**decline**  4:4 5:18
  6:5

[defendants - njsa]                                                   Page 2

**defendants**
  1:13
**deponent**  5:16
  6:3 7:6,7
**deposition**  1:11
  5:5,12 6:14 7:9
  7:12
**direct**  2:3
**direction**  7:8
**disclosure**  4:6
  5:20 6:7
**disqualified**
  3:15 4:21
**district**  1:1,2
  3:12 4:11
**drinker**  4:1 5:2
**driver's**  3:4
**duly**  3:5 7:6

**e**

**e**  2:1 3:1,1
**employed**  7:12
**employee**  7:13
**ended**  6:15
**ensuing**  7:6
**entered**  4:10
**esq**  1:12 3:2
**establishing**  4:9
**examination**
  3:8 5:14 7:7
**examined**  3:6
**expires**  7:23

**f**

**faegre**  4:1 5:2

**federal**  1:15
**filed**  4:19
**financially**  7:13
**first**  3:5
**follows**  3:7
**foregoing**  5:8
**former**  4:1
**forth**  4:8 5:22
  6:9
**fouad**  1:12 2:5
  3:2
**further**  7:11,12

**g**

**g**  3:1
**given**  7:9

**h**

**hand**  7:16
**hearing**  3:10
**hereunto**  7:15
**hr'g**  3:24

**i**

**identified**  3:3
**information**
  4:6 5:16,17,20
  6:7
**interested**  7:13
**interrogatories**
  3:7
**invite**  6:3

**j**

**j&j's**  5:17
**james**  4:2,24
**jersey**  1:2 3:10
  3:12 4:11

**jodi**  1:16 7:4,21
**john**  3:10
**johnson**  1:5,13
  1:13 3:13 4:19
  4:19,22,22,25
  4:25
**johnson's**  3:13
**jonson**  1:5
**judge**  3:10,11

**k**

**kurdi**  1:12 2:5
  3:2

**l**

**l**  3:12 5:7
**lbr**  4:16 6:1,13
**legacy**  6:4
**liability**  1:7
  4:24
**license**  3:4
**limited**  4:13,15
  5:23,25 6:10,12
**litigation**  1:8
  4:24 5:1,6
**llc**  1:14 4:12,19
**llc's**  3:13
**llp**  4:1 5:2
**llt**  1:13
**lsr**  1:17
**ltl**  3:13,19,19
  4:3,11,19 5:15

**m**

**ma**  1:17
**magistrate**  3:11

**management**
  1:14 3:13 4:12
  4:19
**march**  3:9,23
**marketing**  1:6
  4:23
**mas**  1:3
**massachusetts**
  1:19,19 7:1,5
  7:22
**matter**  3:19
  4:11
**mbk**  4:12
**mcl**  3:16 5:7
**md**  1:3
**mdl**  3:16 4:22
**mediation**  4:3,6
  4:9 5:15,20,22
  6:4,7,9
**mediators**  3:19
  3:22 4:9
**middlesex**  7:2
**monday**  1:20
**motion**  4:20
**motions**  3:14

**n**

**n**  2:1 3:1
**n.j.**  5:7
**neither**  7:11
**new**  1:2 3:10,12
  4:11
**nh**  1:17
**njsa**  4:16 6:1
  6:13

notary  1:18 3:5
  7:4,21

**o**

o  3:1
oath  7:7
object  4:4 5:18
  6:5
office  7:16
ohnemus  1:16
  7:4,21
order  3:14 4:8
  4:20 5:23 6:10
outcome  7:13
outside  4:25

**p**

p  1:16 3:1 7:4
  7:21
p.m.  1:20 6:15
paragraph
  4:13,14 5:23,24
  6:10,11
participate
  3:20,22 4:2 6:4
particular  4:13
  4:15 5:23,25
  6:10,12
parties  7:12
partner  4:1 5:2
plaintiffs  3:16
porto  3:11
powder  1:6 5:1
  5:6
practices  1:7
  4:23

previously  4:25
prior  4:18
procedure  1:15
production  3:4
products  1:6,7
  4:23,23 5:1,6
protections  4:8
  5:22 6:9
protocol  4:10
provisions  1:15
  4:14 5:24 6:11
public  1:18 3:6
  7:4,21
pursuant  1:14

**q**

question  3:9,21
  4:4,5,17 5:4,15
  5:18,19 6:3,5,6
questions  1:11
  3:8 5:5,9,11,13
  6:15 7:9

**r**

r  3:1
reach  3:23
reath  4:1 5:2
receive  5:16
record  7:8
related  7:11
relative  7:13
remotely  1:16
reported  7:7
represented
  4:25

representing
  3:16
request  3:25
requested  3:20
requirements
  4:7 5:21 6:8
resolution  3:23
rls  1:3
rmr  1:16 7:21
rpr  1:16 7:21
rukhsanah
  3:12
rules  1:15

**s**

s  3:1
sales  1:6 4:23
satisfactorily
  3:3
seal  7:16
served  5:4,11
set  4:8 5:22 6:9
  7:15
show  3:14 4:20
signature  7:19
singh  3:12
ss  7:2
stated  3:18
states  1:1 3:11
stenographic...
  7:7
subpoena  5:5
  5:12
super  5:7
superior  3:10

sworn  3:5 7:6

**t**

taken  7:12
talc  5:6
talcum  1:5 4:22
  5:1
testified  3:6
testimony  2:3
time  4:18
tort  4:2
tr  3:24
transcribed  7:7
transcript  7:8
true  7:8
trying  3:22
two  5:8,11
typewriting  7:8

**u**

under  7:8
united  1:1 3:11

**v**

violation  4:7,16
  5:21 6:1,8,13

**w**

waltham  7:16
whereof  7:15
witness  1:12
  7:15
written  1:11
  3:8 5:5,12 6:15

**x**

x  2:1

**RESPONSES OF MEDIATOR FOUAD KURDI TO**
**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS UPON WRITTEN**
**DEPOSITION**
**PURSUANT TO SUBPOENA SERVED ELECTRONICALLY ON APRIL 3, 2024**
**In the Matter of Johnson & Johnson Talcum Powder Products**
**MDL, 3:16-md-02738-MAS-RLS**

1.      On March 25, 2024, during a hearing before New Jersey Superior Court Judge John C. Porto and United States Magistrate Judge for the District of New Jersey Rukhsanah L. Singh, on Johnson & Johnson's and LTL Management LLC's Motions for Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from representing plaintiffs in MCL Case No. 300 and MDL Case No. 2738, counsel for Beasley Allen and Mr. Birchfield stated: (1) "Were you aware that it was the mediators in the LTL 2 – the LTL matter that requested that Mr. Conlan participate?"; and (2) "you cannot answer the question whether the mediators asked that Mr. Conlan participate in trying to reach a resolution; is that correct?" (March 25, 2024 Hr'g Tr. 289:2-4, 289:17-20.)

Confirm that you did not request that former Faegre Drinker Biddle & Reath LLP partner James Conlan participate with the Tort Claimants Committee in the LTL 2 mediation.

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the AMENDED ORDER (I) APPOINTING CO-MEDIATORS AND (II) ESTABLISHING MEDIATION PROTOCOL entered by the Bankruptcy Court for the District of New Jersey in the matter of LTL Management, LLC, Case No.: 23-12825 (MBK), on May 25, 2023 (hereinafter "the Amended Mediation Order"), in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

2.      Confirm that you were not aware at any time prior to December 5, 2023, when Johnson & Johnson and LTL Management LLC filed a Motion for Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from MDL Case No. 2738, *In re Johnson & Johnson Talcum Products Marketing, Sales Practices and Products Liability Litigation*, that James Conlan had previously represented Johnson & Johnson as outside counsel in the talcum powder products litigation as a partner at Faegre Drinker Biddle & Reath LLP.

Answer:

*Deponent confirms that he was not so aware.*

(Questions continued on next page)

3.    Confirm that if served with a subpoena for deposition upon written questions in *In re Talc-Based Powder Products Litigation*, Case No. ATL L-2648-15, MCL Case 300 (N.J. Super. Ct., Atlantic Cnty.), your answers to the foregoing two questions would be the same.

Answer:

*Deponent confirms that his answers to the foregoing two questions would be the same if served with a subpoena for deposition upon written questions.*

**CROSS-EXAMINATION QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

1.    In the LTL 2 mediation, did the deponent receive any information that he believed was J&J's confidential information?

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the Amended Mediation Order, in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

2.    Did the deponent invite Legacy to participate in the mediation?

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the Amended Mediation Order, in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

Signed under the pains and penalties of perjury this 8th day of April, 2024.

_____
Fouad Kurdi

Page 1

1              UNITED STATES DISTRICT COURT

2                 DISTRICT OF NEW JERSEY

3

4    IN RE: JOHNSON & JOHNSON   * CASE NO.:

5    TALCUM POWDER PRODUCTS     * 3:16-md-2738-MAS-RLS

6    MARKETING, SALES PRACTICES * MDL CASE NO.: 2738

7    AND PRODUCTS LIABILITY     *

8    LITIGATION                 *

        * * * * * * * * * * * * * * * * * * * * * * * * *

9

10           The Zoom teleconference Deposition Upon

11        Written Questions of GARY J. RUSSO, ESQ.,

12        propounded by Kim Taylor, Certified Court

13        Reporter, on the 8th day of April 2024,

14        beginning at 3:59 p.m.

15

16

17

18

19

20

21

22

23

24

25

Page 2

1 DIRECT QUESTIONS PROPOUNDED TO THE WITNESS:
2    MS. TAYLOR:
3       On March 25, 2024, during a hearing
4    before New Jersey Superior Court Judge John
5    C. Porto and United States Magistrate Judge
6    for the District of New Jersey Ruksanah L.
7    Singh, on Johnson & Johnson's and LTL
8    Management, LLC's Motion for Order to Show
9    Cause Why Andy Birchfield and Beasley Allen
10   Should Not Be Disqualified from
11   representing plaintiffs in MCL Case No. 300
12   and MDL Case No. 2738, counsel for Beasley
13   Allen and Mr. Birchfield stated: (1) "Were
14   you aware that it was the mediators in the
15   LTL 2 - the LTL matter that requested that
16   Mr. Conlan participate?"  And (2), "You
17   cannot answer the question whether the
18   mediators asked that Mr. Conlan participate
19   in trying to reach a resolution; is that
20   correct?"
21   MR. RUSSO:
22      You're ready?
23   MS. TAYLOR:
24      Yes, sir.
25   MR. RUSSO:

Page 3

1       Okay.  I object to the question and
2    decline to answer because the question
3    calls for the disclosure of confidential
4    mediation information in violation of the
5    confidentiality requirements and
6    protections sent forth in the amended
7    order, one, appointing co-mediators and,
8    two, establishing mediation protocol
9    entered by the bankruptcy court for the
10   District of New Jersey in the matter of LTL
11   Management, LLC, Case No. 23-12825 (MBK),
12   on May 25, 2023 (hereinafter "the amended
13   mediation order"), in particular but not
14   limited to paragraph five therein and the
15   provisions cited in paragraph four therein,
16   in particular but not limited to D.N.J.
17   LBR9019-2, and in violation of NJSA2A:24C-
18   4.B.
19   MS. TAYLOR:
20      I'm sorry, was that "V" as in Victor or
21   "B" as in boy?
22   MR. RUSSO:
23      "B" as in boy.
24   MS. TAYLOR:
25      Thank you.  Is that all of your answer,

Page 4

1    sir?
2    MR. RUSSO:
3       Yes, ma'am.
4    MS. TAYLOR:
5       We will go on to question two.  Confirm
6    that you were not aware at any time prior
7    to December 5, 2023, when Johnson & Johnson
8    and LTL Management, LLC filed a Motion for
9    Order to Show Cause Why Andy Birchfield and
10   Beasley Allen Should Not Be Disqualified
11   from MDL Case No. 2738 In Reference Johnson
12   & Johnson Talcum Products Marketing, Sales
13   Practices and Products Liability
14   Litigation, that James Conlan had
15   previously represented Johnson & Johnson as
16   outside counsel in the talcum powder
17   products litigation as a partner of Faegre
18   Drinker Biddle & Reath, LLP.  I'm ready.
19   MR. RUSSO:
20      I confirm -- yeah, okay.  I confirm
21   that I was not so aware.
22   MS. TAYLOR:
23      And then number three, Mr. Russo.
24   Confirm that if served with a subpoena for
25   deposition upon written questions in In

Page 5

1    Reference Talc-Based Powder Products
2    Litigation, Case No. ATL L-2648-15, MCL
3    Case 300 (New Jersey Superior Court,
4    Atlantic County), your answers to the
5    foregoing two questions would be the same.
6    MR. RUSSO:
7       Ready?
8    MS. TAYLOR:
9       Yes, sir.
10   MR. RUSSO:
11      I do confirm that the answers I've
12   given to the foregoing two questions would
13   be the same if served with a subpoena for
14   deposition upon written questions.
15   MS. TAYLOR:
16      Is that it, Mr. Russo?
17   MR. RUSSO:
18      Yes, ma'am.
19   MS. TAYLOR:
20      Okay.  Ending at 4:05.

2 (Pages 2 - 5)

Page 6

```
 1          CERTIFICATE
 2
 3      This certification is valid only for a
 4  transcript accompanied by my original signature and
 5  original required seal on this certificate.
 6      I, Kim Taylor, Certified Court Reporter in and
 7  for the State of Louisiana, as the officer before
 8  whom this testimony was taken, do hereby certify
 9  that GARY RUSSO, ESQ., after having been duly sworn
10  by me upon authority of R.S. 37:2554, did testify on
11  the 8th day of April 2024, as hereinbefore set forth
12  in the foregoing 8 pages; that this testimony was
13  reported by me in the Stenographic reporting method,
14  was prepared and transcribed by me or under my
15  personal direction and supervision, and is true and
16  correct to the best of my ability and understanding;
17  that the transcript has been prepared in compliance
18  with the transcript format guidelines required by
19  statute and rules of the board; that I am informed
20  about the complete arrangement, financial or
21  otherwise, with the person or entity making
22  arrangements for deposition services; that I have
23  acted in compliance with the prohibition on
24  contractual relationships, as defined by Louisiana
25  Code of Civil Procedure Article 1434 and rules of
```

Page 7

```
 1  the board; that I have no actual knowledge of any
 2  prohibited employment or contractual relationship,
 3  direct or indirect, between a court reporting firm
 4  and any party litigant in this matter, nor is there
 5  any such relationship between myself and a party
 6  litigant in this matter; that I am not related to
 7  counsel or to any of the parties hereto, I am in no
 8  manner associated with counsel for any of the
 9  interested parties to this litigation, and I am in
10  no way concerned with the outcome thereof.
11      This 8th day of April 2024, Lafayette,
12  Louisiana.
13
14
15      _____
16          Kim Taylor, CCR  #91244
17
18
19
20
21
22
23
24
25
```

3 (Pages 6 - 7)

[& - duly]

| & | | |
|---|---|---|
| **&** 1:4 2:7 4:7 4:12,15,18 | | |

| 1 | | |
|---|---|---|
| **1** 2:13 | | |
| **1434** 6:25 | | |

| 2 | | |
|---|---|---|
| **2** 2:15,16 | | |
| **2023** 3:12 4:7 | | |
| **2024** 1:13 2:3 6:11 7:11 | | |
| **23-12825** 3:11 | | |
| **24c** 3:17 | | |
| **25** 2:3 3:12 | | |
| **2648-15** 5:2 | | |
| **2738** 1:5,6 2:12 4:11 | | |

| 3 | | |
|---|---|---|
| **300** 2:11 5:3 | | |
| **37:2554** 6:10 | | |
| **3:16** 1:5 | | |
| **3:59** 1:14 | | |

| 4 | | |
|---|---|---|
| **4.b.** 3:18 | | |
| **4:05** 5:20 | | |

| 5 | | |
|---|---|---|
| **5** 4:7 | | |

| 8 | | |
|---|---|---|
| **8** 6:12 | | |
| **8th** 1:13 6:11 7:11 | | |

| 9 | | |
|---|---|---|
| **91244** 7:15 | | |

**a**

ability 6:16
accompanied 6:4
acted 6:23
actual 7:1
allen 2:9,13 4:10
amended 3:6 3:12
andy 2:9 4:9
answer 2:17 3:2,25
answers 5:4,11
appointing 3:7
april 1:13 6:11 7:11
arrangement 6:20
arrangements 6:22
article 6:25
asked 2:18
associated 7:8
atl 5:2
atlantic 5:4
authority 6:10
aware 2:14 4:6 4:21

**b**

b 3:21,23

bankruptcy 3:9
based 5:1
beasley 2:9,12 4:10
beginning 1:14
best 6:16
biddle 4:18
birchfield 2:9 2:13 4:9
board 6:19 7:1
boy 3:21,23

**c**

c 2:5
calls 3:3
case 1:4,6 2:11 2:12 3:11 4:11 5:2,3
cause 2:9 4:9
ccr 7:15
certificate 6:1,5
certification 6:3
certified 1:12 6:6
certify 6:8
cited 3:15
civil 6:25
code 6:25
complete 6:20
compliance 6:17,23
concerned 7:10
confidential 3:3

confidentiality 3:5
confirm 4:5,20 4:20,24 5:11
conlan 2:16,18 4:14
contractual 6:24 7:2
correct 2:20 6:16
counsel 2:12 4:16 7:7,8
county 5:4
court 1:1,12 2:4 3:9 5:3 6:6 7:3

**d**

d.n.j. 3:16
day 1:13 6:11 7:11
december 4:7
decline 3:2
defined 6:24
deposition 1:10 4:25 5:14 6:22
direct 2:1 7:3
direction 6:15
disclosure 3:3
disqualified 2:10 4:10
district 1:1,2 2:6 3:10
drinker 4:18
duly 6:9

| **e** | **i** | llp  4:18 | **number**  4:23 |
|---|---|---|---|
| employment 7:2 | indirect  7:3 | louisiana  6:7 6:24 7:12 | **o** |
| entered  3:9 | information 3:4 | ltl  2:7,15,15 3:10 4:8 | object  3:1 |
| entity  6:21 | informed  6:19 | **m** | officer  6:7 |
| esq  1:11 6:9 | interested  7:9 | ma'am  4:3 5:18 | okay  3:1 4:20 5:20 |
| establishing 3:8 | **j** | magistrate  2:5 | order  2:8 3:7 3:13 4:9 |
| **f** | j  1:11 | making  6:21 | original  6:4,5 |
| faegre  4:17 | james  4:14 | management 2:8 3:11 4:8 | outcome  7:10 |
| filed  4:8 | jersey  1:2 2:4,6 3:10 5:3 | manner  7:8 | outside  4:16 |
| financial  6:20 | john  2:4 | march  2:3 | **p** |
| firm  7:3 | johnson  1:4,4 2:7 4:7,7,11,12 4:15,15 | marketing  1:6 4:12 | p.m.  1:14 |
| five  3:14 | johnson's  2:7 | mas  1:5 | pages  6:12 |
| foregoing  5:5 5:12 6:12 | judge  2:4,5 | matter  2:15 3:10 7:4,6 | paragraph 3:14,15 |
| format  6:18 | **k** | mbk  3:11 | participate 2:16,18 |
| forth  3:6 6:11 | kim  1:12 6:6 7:15 | mcl  2:11 5:2 | particular  3:13 3:16 |
| four  3:15 | knowledge  7:1 | md  1:5 | parties  7:7,9 |
| **g** | **l** | mdl  1:6 2:12 4:11 | partner  4:17 |
| gary  1:11 6:9 | l  2:6 5:2 | mediation  3:4,8 3:13 | party  7:4,5 |
| given  5:12 | lafayette  7:11 | mediators  2:14 2:18 3:7 | person  6:21 |
| go  4:5 | lbr9019-2  3:17 | method  6:13 | personal  6:15 |
| guidelines  6:18 | liability  1:7 4:13 | motion  2:8 4:8 | plaintiffs  2:11 |
| **h** | limited  3:14,16 | **n** | porto  2:5 |
| hearing  2:3 | litigant  7:4,6 | new  1:2 2:4,6 3:10 5:3 | powder  1:5 4:16 5:1 |
| hereinafter 3:12 | litigation  1:8 4:14,17 5:2 7:9 | njsa2a  3:17 | practices  1:6 4:13 |
| hereinbefore 6:11 | llc  3:11 4:8 | | prepared  6:14 6:17 |
| hereto  7:7 | llc's  2:8 | | |

[previously - zoom]                                                    Page 3

**previously** 4:15
**prior** 4:6
**procedure** 6:25
**products** 1:5,7
  4:12,13,17 5:1
**prohibited** 7:2
**prohibition**
  6:23
**propounded**
  1:12 2:1
**protections** 3:6
**protocol** 3:8
**provisions** 3:15

**q**

**question** 2:17
  3:1,2 4:5
**questions** 1:11
  2:1 4:25 5:5,12
  5:14

**r**

**r.s.** 6:10
**reach** 2:19
**ready** 2:22 4:18
  5:7
**reath** 4:18
**reference** 4:11
  5:1
**related** 7:6
**relationship**
  7:2,5
**relationships**
  6:24
**reported** 6:13

**reporter** 1:13
  6:6
**reporting** 6:13
  7:3
**represented**
  4:15
**representing**
  2:11
**requested** 2:15
**required** 6:5,18
**requirements**
  3:5
**resolution** 2:19
**rls** 1:5
**ruksanah** 2:6
**rules** 6:19,25
**russo** 1:11 2:21
  2:25 3:22 4:2
  4:19,23 5:6,10
  5:16,17 6:9

**s**

**sales** 1:6 4:12
**seal** 6:5
**sent** 3:6
**served** 4:24
  5:13
**services** 6:22
**set** 6:11
**show** 2:8 4:9
**signature** 6:4
**singh** 2:7
**sir** 2:24 4:1 5:9
**sorry** 3:20
**state** 6:7

**stated** 2:13
**states** 1:1 2:5
**statute** 6:19
**stenographic**
  6:13
**subpoena** 4:24
  5:13
**superior** 2:4
  5:3
**supervision**
  6:15
**sworn** 6:9

**t**

**taken** 6:8
**talc** 5:1
**talcum** 1:5 4:12
  4:16
**taylor** 1:12 2:2
  2:23 3:19,24
  4:4,22 5:8,15
  5:19 6:6 7:15
**teleconference**
  1:10
**testify** 6:10
**testimony** 6:8
  6:12
**thank** 3:25
**thereof** 7:10
**three** 4:23
**time** 4:6
**transcribed**
  6:14
**transcript** 6:4
  6:17,18

**true** 6:15
**trying** 2:19
**two** 3:8 4:5 5:5
  5:12

**u**

**under** 6:14
**understanding**
  6:16
**united** 1:1 2:5

**v**

**v** 3:20
**valid** 6:3
**victor** 3:20
**violation** 3:4,17

**w**

**way** 7:10
**witness** 2:1
**written** 1:11
  4:25 5:14

**y**

**yeah** 4:20

**z**

**zoom** 1:10

**RESPONSES OF MEDIATOR GARY RUSSO TO**
**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS UPON WRITTEN**
**DEPOSITION**
**PURSUANT TO SUBPOENA SERVED ELECTRONICALLY ON APRIL 3, 2024**
**In the Matter of Johnson & Johnson Talcum Powder Products**
**MDL, 3:16-md-02738-MAS-RLS**

1.    On March 25, 2024, during a hearing before New Jersey Superior Court Judge John C. Porto and United States Magistrate Judge for the District of New Jersey Rukhsanah L. Singh, on Johnson & Johnson's and LTL Management LLC's Motions for Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from representing plaintiffs in MCL Case No. 300 and MDL Case No. 2738, counsel for Beasley Allen and Mr. Birchfield stated: (1) "Were you aware that it was the mediators in the LTL 2 – the LTL matter that requested that Mr. Conlan participate?"; and (2) "you cannot answer the question whether the mediators asked that Mr. Conlan participate in trying to reach a resolution; is that correct?" (March 25, 2024 Hr'g Tr. 289:2-4, 289:17-20.)

Confirm that you did not request that former Faegre Drinker Biddle & Reath LLP partner James Conlan participate with the Tort Claimants Committee in the LTL 2 mediation.

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the AMENDED ORDER (I) APPOINTING CO-MEDIATORS AND (II) ESTABLISHING MEDIATION PROTOCOL entered by the Bankruptcy Court for the District of New Jersey in the matter of LTL Management, LLC, Case No.: 23-12825 (MBK), on May 25, 2023 (hereinafter "the Amended Mediation Order"), in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

2.    Confirm that you were not aware at any time prior to December 5, 2023, when Johnson & Johnson and LTL Management LLC filed a Motion for Order to Show Cause Why Andy Birchfield and Beasley Allen Should Not Be Disqualified from MDL Case No. 2738, *In re Johnson & Johnson Talcum Products Marketing, Sales Practices and Products Liability Litigation*, that James Conlan had previously represented Johnson & Johnson as outside counsel in the talcum powder products litigation as a partner at Faegre Drinker Biddle & Reath LLP.

Answer:

*Deponent confirms that he was not so aware.*

(Questions continued on next page)

3.     Confirm that if served with a subpoena for deposition upon written questions in *In re Talc-Based Powder Products Litigation*, Case No. ATL L-2648-15, MCL Case 300 (N.J. Super. Ct., Atlantic Cnty.), your answers to the foregoing two questions would be the same.

Answer:

*Deponent confirms that his answers to the foregoing two questions would be the same if served with a subpoena for deposition upon written questions.*

## CROSS-EXAMINATION QUESTIONS TO BE PROPOUNDED TO THE WITNESS

1.     In the LTL 2 mediation, did the deponent receive any information that he believed was J&J's confidential information?

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the Amended Mediation Order, in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

2.     Did the deponent invite Legacy to participate in the mediation?

Answer:

*Deponent objects to this question and declines to answer because the question calls for the disclosure of confidential mediation information in violation of the confidentiality requirements and protections set forth in the Amended Mediation Order, in particular but not limited to paragraph 5 therein, and the provisions cited in paragraph 4 therein, in particular but not limited to D.N.J. LBR 9019-2, and in violation of NJSA 2A:24C-4.b.*

Signed under the pains and penalties of perjury this 8th day of April, 2024.

*Gary Russo /ccR*

Gary Russo