UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS)<br><br>*THIS DOCUMENT RELATES TO ALL CASES* |

PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION OF THE
COURT'S MARCH 27, 2024 TEXT ORDER PROVIDING
FOR A FULL REFILING OF *DAUBERT* MOTIONS

Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"),

respectfully submit this Reply Memorandum in Support of their Motion for

Reconsideration of the Court's March 27, 2024 Text Order (Dkt. No. 30260) that

provides for a "full refiling of *Daubert* motions" in this case.

I.      **Defendants' Own Opposition Supports Plaintiffs' Argument That a Streamlined *Daubert* Process Focused On <u>New</u> Experts And <u>New</u> Opinions Is Appropriate, Not A Full Refiling Of All *Daubert* Motions.**

While Defendants say they agree that a full refiling of *Daubert* on <u>every</u>

expert issue is necessary, their own language in their Opposition brief belies that

assertion: "Defendants have a fundamental right to challenge these **new opinions**

and the experts' treatment of the **new scientific data** discussed in their reports."

Defendants' Opp. at 14 (emphasis supplied). Plaintiffs agree that that the parties

have the right to challenge new experts and new opinions. Indeed, that is precisely

1

what both parties requested in their letter briefing and argument prior to the

Court's March 27, 2024 Text Order, and it is precisely what Plaintiffs request in

their Motion for Reconsideration.[1]

Defendants cannot and do not offer any justification for a full refiling of all

*Daubert* Motions, specifically those relating to general causation and biologic

plausibility. The Court made clear that its 2020 *Daubert* Order applied "with equal

force" to any remaining or supplemental *Daubert* Motions, and specifically noted

the parties' agreement that the Court's ruling with respect to epidemiology and the

Bradford Hill analyses were <u>binding on all experts</u> who offered such opinions. *See*

**Exhibit C** to Plaintiffs' Motion for Reconsideration at 1-2. ECF No. 31080-4.  All

Defendants provide in support of a full refiling of *Daubert* motions is a modest list

of discrete "new" issues that can be efficiently addressed via a streamlined

*Daubert* briefing process to the extent necessary:

- **The "O'Brien 2020" Study**: Defendants acknowledge that this study was published in January 2020, several months before Judge Wolfson issued her April 27, 2020 *Daubert* Opinion. Defendants certainly could have sought leave to submit supplemental briefing about this study in support of their *Daubert* motions at the time, yet they failed to do so. The existence of this now four-year-old study does not justify a full refiling of all general causation briefing—at most, the parties could be required to submit limited

---

[1] *See* Plaintiffs' Proposed Order requesting further *Daubert* briefing be limited to new issues not previously addressed: "newly disclosed experts who employed different methodologies than addressed by the prior *Daubert* Order;" "previously disclosed experts not addressed by the prior *Daubert* Order;" and "expert opinions not addressed by the prior *Daubert* Order." ECF No. 31080-9.

supplemental briefing addressing the study's impact, or lack thereof, on the overall relevant science.

- **Drs. Michele Cote and Bernard Harlow**: These general causation experts were newly designated by Plaintiffs in 2023, but they employ the same methodologies previously accepted by the Court in the 2020 *Daubert* Order. The Court's 2020 *Daubert* Order therefore applies with "equal force" to their methodologies. *See* **Exhibit C** to Motion for Reconsideration. While Plaintiffs dispute that there is anything truly "new" presented by these experts that would require additional *Daubert* briefing, this is an issue the parties can discuss and potentially present to the Court via streamlined *Daubert* briefing focused on, for example, Drs. Cote's and Harlow's qualifications.

- **Dr. George Newman**: Dr. Newman is a marketing expert disclosed by the PSC in 2023. Because he is a new expert on a new issue not addressed in the prior *Daubert* proceedings, Plaintiffs do not oppose *Daubert* motion practice regarding Dr. Newman. There is no dispute here.

- **Dr. Anne McTiernan**: Defendants note that epidemiologist Dr. McTiernan was excluded in a different MDL in 2022. Plaintiffs dispute that the exclusion of Dr. McTiernan in an entirely different case justifies a full re-evaluation of her qualifications and methodologies here, when she was already carefully examined by the Court during the *Daubert* hearing and accepted. At most, this is a discrete issue that can be addressed via focused *Daubert* briefing if needed. It does not justify or necessitate a full resubmission on all epidemiological experts and issues.

- **Dr. William Longo**: Defendants argue that Dr. Longo has employed a "new" Polarized Light Microscopy analysis of J&J talc samples using a method not previously disclosed in this MDL.  Dr. Longo's methodology for identifying chrysotile asbestos is well known to Defendants in state court litigation.  Dr. Longo's reports, disclosed in November 2023, outline additional results of testing Johnson's Baby Powder and Shower to Shower for chrysotile asbestos.  In addition, Dr. Longo conducted an exposure analysis for each bellwether plaintiff, based on detailed usage information not available at the time of the original *Daubert* briefing. These discrete issues can be addressed via focused *Daubert* briefing if needed. It does not justify or necessitate a full resubmission on Drs. Longo's and Rigler's work

identifying the presence of amphibole asbestos and fibrous talc in J&J talc samples which was previously addressed in the Court's *Daubert* order.

- **"Expanded" Opinions regarding Bradford Hill, statistical significance, and "other scientific concepts":** Defendants fail to cite a single specific example of Plaintiffs' expert epidemiologist's purported "expanded opinions." Plaintiffs' experts have not expanded their opinions regarding Bradford Hill, statistical significance, etc.  Defendants' vague assertions on this point do not justify a full resubmission on all epidemiological experts and issues.

The *Daubert* briefing submitted in 2019 was voluminous, and touched on many issues that are clearly unrelated to and unaffected by the handful of purportedly "new" issues described above. Just the number of 1) experts whose opinions the Court deferred ruling on in 2020, and 2) experts who have been newly disclosed since 2020 is substantial. *See* **Exhibit A** to this Reply, List of Plaintiffs' Experts (identifying five experts whose *Daubert* motions were briefed but deferred, and five experts disclosed since 2020). Plaintiffs respectfully submit that a more limited, streamlined *Daubert* process is appropriate in these circumstances. The parties could negotiate a list of agreed topics to be addressed via *Daubert* practice. To the extent there are any disputed topics, the parties could provide competing submissions regarding the disputed topics along with a brief explanation as to why *Daubert* briefing on those topics is or is not needed. The parties could then submit *Daubert* briefing on the discrete agreed and ordered topics by the July 23 and August 22, 2024 deadlines previously set by the Court's Text Order.

4

II.    **A Streamlined *Daubert* Process Focused on New Experts and Opinions Comports with the Supreme Court's Instruction that the Amendments to Rule 702 be Applied to Pending Cases Only When Just and Practicable.**

Defendants argue that a full refiling of *Daubert* Motions on general causation after the Rule 702 amendments took effect is not manifestly unjust because it does not constitute an indisputable error of any importance to the larger proceedings. Defendants' Opp. at 13. However, Plaintiffs' proposed streamlined *Daubert* process comports with the Supreme Court's instruction in its Order adopting the amendments to Federal Rule of Evidence 702. Attached as **Exhibit A**. The Order provides:

> 2.    The foregoing amendments to the Federal Rules of Evidence shall take effect on December 1, 2023, and shall govern in all proceedings thereafter commenced and, **insofar as just and practicable, all proceedings then pending**.

(emphasis supplied). As Plaintiffs have argued, it would be manifestly unjust to require the parties to fully resubmit *Daubert* briefing on every expert, opinion, and issue regardless of whether they can be truthfully characterized as "new" or not and when the amendments to Rule 702 were not substantive. The time and resources required for such an undertaking are particularly unjustified here where the MDL has already been pending for eight years, with two full years lost to Defendants' meritless bankruptcy filings.

The Supreme Court's Order acknowledges this concern by generally limiting

the application of the Rule 702 amendments to proceedings commencing <u>after</u>

December 1, 2023. To revisit Rule 702 in an already pending proceeding requires a

showing that it is "just and practicable" to do so. Courts regularly decline to apply

amendments to Federal Rules in pending cases where it is not just and practicable.

*See, e.g., Trowery v. O'shea*, No. 12-6473 (NLH/AMD), 2015 WL 9587608, at *5,

fn. 11 (D.N.J. Dec. 30, 2015) (finding it would not be "just and practicable" to

apply amendments to Federal Rules of Civil Procedure to pending motions fully

briefed under prior Rules); *Fowler v. City of New York*, No. 13-cv-2372

(KAM)(RML), 2015 WL 9462097, at *3 (E.D.N.Y. Dec. 23, 2015) (declining to

apply amendments to Federal Rules of Civil Procedure); *In re Bexar County*

*Health Facilities Development Corp.*, No. MDL 768, 1992 WL 24711, at *2 (E.D.

Pa. Sep. 25, 1992) (declining to apply amendments to Federal Rules of Civil

Procedure).

Even where Courts have recently applied the amendments to Federal Rule of

Evidence 702 in pending cases, they have done so when the parties' *Daubert*

motions were pending, not when the motions had previously been **ruled on** by the

Court. In doing so, the Courts have typically noted that the changes to Rule 702 are

not substantive in nature and the "result would be the same regardless of whether

the Court applied the current or prior version of Rule 702." *Perry v. Jenkins &*

*Stiles, LLC*, 3:21-cv-414-KAC-JEM, 2024 WL 23359, at *2, n. 2 (E.D. Tenn. Jan. 2, 2024) (applying 2023 amendments to Rule 702 to pending *Daubert* briefing not previously ruled on) (*citing Nash-Perry v. City of Bakersfield*, No. 18-cv-01512-JLT-CDB, 2023 WL 8261305, at *13 (E.D. Cal. Nov. 29, 2023 ("Regardless, as Plaintiffs explicitly acknowledge, the changes are not substantive.")). *See also, United States v. Candelaria,* No. 22-cr-767-KWR, 2023 WL 8185932, at *1, n. 1 (D.N.M. Nov. 27, 2023) (applying 2023 amendments to Rule 702 to pending *Daubert* briefing not previously ruled on because trial set to occur after effective date, but noting the Court would reach "the same outcome under either formulation of FRE 702"); *Polk v. General Motors LLC,* No. 3:20-cv-549-MMH-LLL, 2024 WL 326624, at *4, n. 6 (M.D. Fla. Jan. 29, 2024) (applying 2023 amendments to Rule 702 to pending *Daubert* briefing not previously ruled on); *Greene v. LEDVANCE, LLC*, No. 3:21-cv-256-TAV-JEM, 2023 WL 8636962, at *3, n. 1 (E.D. Tenn. Dec. 13, 2023) (applying 2023 amendments to Rule 702 to pending *Daubert* briefing not previously ruled on); *Ziegler v. Polaris Industries, Inc.*, No. 23-cv-00112-MR-WCM, 2024 WL 482212, at *2, n. 3 (W.D.N.C. Feb. 7, 2024) (applying 2023 amendments to Rule 702 to pending *Daubert* briefing not previously ruled on).  *See also*, *Rudd v. General Motors Corp.*, 127 F.Supp.2d 1330, 1339 (M.D. Ala. 2001) (applying 2000 amendments to Rule 702 to pending motion regarding admissibility of expert testimony); *Whatley v. Merit Distribution*

*Services*, 166 F.Supp.2d 1350, 1353, n. 2 (S.D. Ala. 2001) (applying 2000 amendments to Rule 702 to pending evidentiary motions).

Respectfully, the "just and practicable" standard is not met in this case and the Court erred by ordering a full refiling of every *Daubert* motion previously ruled on, particularly where the amendments to Rule 702 are not substantive in nature and Defendants cannot identify more than a handful of purportedly "new" expert issues for the parties to address.

## III.   Conclusion.

Plaintiffs respectfully ask the Court to reconsider its Order requiring a full refiling of *Daubert* motions.  It is neither just nor practicable to require the parties to resubmit briefing on every expert issue that was previously litigated and decided when only a limited number of truly "new" issues have arisen in the intervening years. Rather than subjecting the parties to the extraordinarily time consuming and expensive process of fully relitigating *Daubert*, Plaintiffs ask that the parties be permitted to negotiate and submit a more streamlined docket of truly "new" expert issues for the Court's consideration. The new *Daubert* briefing could be submitted in accord with the July 23 and August 22, 2023 deadlines already set by the Court so as not to upset any other aspects of the scheduling order or the timely progression of bellwether cases to trial.

Dated: April 29, 2024                    Respectfully submitted,

*/s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-335-2600
mparfitt@ashcraftlaw.com
**Plaintiffs' Co-Lead Counsel**

*/s/ P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
218 Commerce St.
Montgomery, AL 36104
Tel: 334-269-2343
leigh.odell@beasleyallen.com
**Plaintiffs' Co-Lead Counsel**

*/s/ Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Ave.
Red Bank, NJ 07701
Tel: 732-747-9003
clpacitella@cprlaw.com
**Plaintiffs' Liaison Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Respectfully submitted,

*/s/ P. Leigh O'Dell*
P. Leigh O'Dell