

O'Melveny & Myers LLP  
1625 Eye Street, NW  
Washington, DC 20006-4061

T: +1 202 383 5300  
F: +1 202 383 5414  
omm.com

April 30, 2024

**Stephen D. Brody**  
D: +1 202 383 5167  
sbrody@omm.com

**VIA EFILING**

The Honorable John C. Porto, P.J. Civ.  
Atlantic County Civil Courts Building  
1201 Bacharach Blvd., Fl. 3  
Atlantic City, New Jersey 08401

The Honorable Rukhsanah L. Singh, U.S. Magistrate Judge  
United States District Court  
Clarkson S. Fisher Building & U.S. Courthouse  
402 East State Street  
Trenton, NJ 08608

Re: *In re: Johnson & Johnson Talc-Based Powder Prods. Litig., Docket No. ATL-L-02648-15, MCL No. 300; MDL Case No. 2738*

Dear Judge Porto and Judge Singh:

I write on behalf of Johnson & Johnson and LLT Management LLC ("J&J") in connection with J&J's pending motion to disqualify Beasley Allen and Andy Birchfield, Esq. in the above-referenced matter.

On April 23, 2024, Beasley Allen submitted a letter to the Court requesting that the entirety of a November 5, 2023 email from Mr. Conlan to Mr. Murdica be admitted into the record as evidence.

On April 22, J&J informed Beasley Allen that it does not object to the submission of the letter into the record, subject to two minor redactions to protect against the disclosure of privileged information (Redacted Ex. B). J&J offered to meet with Beasley Allen's counsel to discuss the proposed redactions in an attempt to resolve this issue without the Court's intervention, but Beasley Allen proceeded to file the April 23 letter without further discussion.[1]

We think it is important to note that the only two redactions proposed by J&J appear in the body of Mr. Conlan's email. The redactions at the top of the page were made by Beasley Allen before the proposed exhibit was shared with us, and we have not seen what was removed (although it appears it is likely information about how and when Mr. Conlan sent the response to counsel for

---

[1] Beasley Allen filed another letter with the Court today, April 30, 2024, which inexplicably indicates that "[a]t the Courts' direction we attempted to resolve this with opposing counsel, but to date they have not consented to that [unredacted] exhibit's admission." Counsel for Beasley Allen has not reached out to us to discuss this issue since filing its original, April 23 letter with the Court.



Beasley Allen, notwithstanding the fact that it contains information J&J considers to be privileged, Mr. Conlan never sought permission to disclose J&J's privileged information to Beasley Allen, and J&J never consented to any disclosure).

In any event, we believe that Beasley Allen misconstrues the scope of the Court's ruling on J&J's privilege objection at the April 10, 2024 plenary hearing. The Court did not conclude that J&J waived privilege over the *entirety* of Mr. Conlan's November 5, 2023 email. Rather, the Court found that J&J waived privilege as to one specific piece of information: whether the decision to file the first LTL bankruptcy was Mr. Conlan's "own strategy[.]" 4/10/24 Tr. 189:2-191:2. The Court found this limited waiver because J&J referenced Mr. Conlan "disparaging [his] own strategies" in a letter from Mr. Murdica to Mr. Conlan that had already been submitted in the record. *See id.* at 190:23-191:2. The modest redactions proposed by J&J were intended to avoid interfering with the Court's ruling on that narrow issue.

We therefore request that only the version containing J&J's redactions be made part of the evidentiary record.

Respectfully,

Stephen D. Brody

cc:   Jeffrey M. Pollock, Esquire
      Michelle A. Parfitt, Esquire
      Leigh O'Dell, Esquire
      Susan M. Sharko, Esquire