**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 16-2738 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiffs' Steering Committee's (the "PSC") Motion for Reconsideration of this Court's March 27, 2024 Text Order. (ECF No. 31080.) Defendants opposed the PSC's Motion. (ECF No. 32026), and the PSC replied (ECF No. 32118). After considering the parties' briefing, the PSC's Motion for Reconsideration is denied. The Court, however, enters this Memorandum Order to elaborate on the March 27, 2024 Text Order.

The Court's March 27, 2024 Text Order reads as follows:

> This matter comes before the Court upon Plaintiffs' and Defendants' August 23, 2023 correspondences detailing a disagreement as to the scope of *Daubert* motions. Upon review of the parties' contentions, the Court is persuaded that the recent changes to Federal Rule of Evidence 702, the emergence of new relevant science, and the language of Chief Judge Wolfson's previous *Daubert* Opinion make a full refiling of *Daubert* motions appropriate. Accordingly, *Daubert* motions shall be filed by July 23, 2024, and any oppositions shall be filed by August 22, 2024. No replies shall be permitted. Any subsequent scheduling orders will reflect this timeline.

(Mar. 27 Text Order, ECF No. 30260.) The PSC challenges this Court's holding that "recent changes to Federal Rule of Evidence 702, the emergence of new relevant science, and the language of Chief Judge Wolfson's previous *Daubert* Opinion make a full refiling of *Daubert* motions appropriate." (PSC's Moving Br. 1, ECF No. 31080.) Specifically, the PSC seems particularly

concerned by the Court allowing a "full refiling of *Daubert* motions." (*Id.* at 7.) After considering the parties' briefing, however, it appears the parties misunderstand the Court's order.

To be clear, on August 23, 2023, the PSC and Defendants detailed for the Court a dispute between the parties regarding how the Court should handle *Daubert* motions moving forward. (PSC's Correspondence, ECF No. 26872; Defs.' Correspondence, ECF No. 26876.) For the PSC's part, it submitted that this Court should adopt the following language pertaining to future *Daubert* briefing: "Dispositive motions, including any *Daubert* motions relating to case-specific and general expert opinions not previously addressed by the Court's April 27, 2020 *Daubert* opinion [(the "2020 Opinion")], shall be filed by May 6, 2024." (Defs.' Correspondence 1; *see generally* PSC's Correspondence.) Defendants, for their part, submitted the following language instead: "Dispositive motions, including *Daubert* motions, shall be filed by May 6, 2024.[1]" (Defs.' Correspondence 1.) The Court interpreted these separate positions as outlining two discernable choices for the Court: either (1) the Court opens up all expert opinions to *Daubert* challenges, even those previously considered by Chief Judge Wolfson ("Option One"); or (2) the Court precludes Defendants from challenging expert opinions considered by Chief Judge Wolfson altogether, and restrains future *Daubert* motions to only those that Chief Judge Wolfson did not address in the 2020 Opinion ("Option Two"). As the Court's Text Order makes clear, the Court is persuaded that Option One is the only appropriate route forward and, therefore, a full opportunity to refile *Daubert* motions is in order.

---

[1] The Court notes that Defendants, by asking the Court to adopt this language, did not appear to seek a plenary *Daubert* review by the Court. (Defs.' Correspondence 3.) Instead, the Court interpreted Defendants' briefing as requesting that Chief Judge Wolfson's findings in the 2020 Opinion be open to challenge. (*Id.* (requesting "that the Court refrain from prohibiting *Daubert* arguments on issues that were addressed in" the 2020 Opinion).)

2

Perplexingly, however, the PSC seemingly has concluded that because this Court credited Option One, this Court *sua sponte* threw away Chief Judge Wolfson's findings and intends to start *Daubert* motions over from scratch.[2] Indeed, if true, that would be an outcome that was not contemplated by either party, or the Court, when stating their *Daubert* positions. Fortunately, this is not what the Text Order says or what the Court holds.

In sum, Option One is the appropriate path forward because to hold otherwise would be inconsistent with the 2020 Opinion, prohibit consideration of new and potentially relevant science, and ignore Rule[3] 702's most recent clarifications. First, and crucially, Chief Judge Wolfson contemplated that her *Daubert* rulings may be subject to change as new scientific knowledge propagated over time. (Apr. 27, 2020 Op. 4 n.6, ECF No. 13186.) As such, the PSC's proposition that Defendants should be precluded altogether from challenging previous *Daubert* holdings is expressly inconsistent with the 2020 Opinion.[4] (*Id.* (holding that "[b]ecause of talc's alleged carcinogenic properties, studies continue to be conducted by the scientific community" and therefore the Court will not "foreclose the possibility that the parties may seek leave from the Court

---

[2] Defendants at times in their briefing contend that the March 27, 2024 Text Order authorized "plenary *Daubert* briefing." (Defs.' Opp'n Br. 5, 11, ECF No. 32026.) As articulated above, the Court interprets this argument as supporting the imposition of Option One, and in which case, Defendants are correct. The Court notes, however, that to the extent that Defendants may also understand the March 27, 2024 Text Order as doing away with the 2020 Opinion, such is not the case.

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Evidence.

[4] The Court rejects the PSC's contention that the 2020 Opinion constitutes the "law of the case." (PSC's Moving Br. 9.) As Defendants point out, this is simply not true. *U.S. ex rel. Patratos v. Genentech, Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (holding that interlocutory orders remain open to trial court reconsideration, and do not constitute the law of the case (citation omitted)). Worse, even if the Court accepted the PSC's contention, then the PSC's claims that the 2020 Opinion is "the law of the case" directly contradicts its position that the 2020 Opinion cannot be changed. This is because the 2020 Opinion, which by the PSC's logic is the "law of the case," expressly states an intent to stay malleable and does not purport to be a fixed determination. (*Compare* PSC's Moving Br. 9 *with* Apr. 27, 2020 Op. 4 n.6.)

to supplement an expert's report . . . [a]nd . . . if such supplemental reports impact [the Court's] *Daubert* decisions made in this Opinion, [the Court] may amend [its] rulings at a later time").)

Second, and to this end, Defendants provide at least some evidence that medical science has changed over the last three years such that it may be appropriate, upon a proper showing by Defendants, to reconsider some of the Court's prior *Daubert* rulings.[5] (Defs.' Correspondence 2.) Again, Chief Judge Wolfson expressly contemplated this scenario and articulated a willingness to reconsider her previous holdings if this scenario manifested. (*See* Apr. 27, 2020 Op. 4 n.6.) As such, the PSC's contention that Defendants should be precluded altogether from presenting new scientific evidence affecting previous *Daubert* rulings by this Court is unavailing notwithstanding the PSC's protestations derailing the alleged new science.

Third and finally, as the PSC vigorously maintains, Rule 702 did not change evidentiary standards, but clarified them. (PSC's Moving Br. 6-7.) The Court agrees with PSC's contention, but rejects PSC's conclusion that therefore the Rule 702 amendments do not allow *Daubert* motions to be refiled. The fact that Rule 702 is not a change in the law but a clarification is precisely *why* it would be inappropriate for this Court to *preclude* Defendants from challenging this Court's previous *Daubert* holdings. (PSC's Moving Br. 7-8.) To be clear, the 2023 amendments provide that Rule 702:

> 'clarif[ied] and emphasize[d] that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule.' The amendment was motivated by the Advisory Committee's 'observation that in "a

---

[5] The parties' back-and-forth briefing on whether or not potential emerging science, in fact, has changed over the last three years is of no moment in evaluating the instant motion. The question for the Court is whether Defendants should have the *opportunity* to challenge previous *Daubert* holdings and *contend* that new science renders a previous *Daubert* finding obsolete. The Court does not make any finding at this time as to whether or not, in fact, the science Defendants cite will be sufficient to reconsider previous *Daubert* findings by this Court.

4

>number of federal cases . . . judges did not apply the preponderance standard of admissibility to Rule 702's requirements of sufficiency of basis and reliable application of principles and methods, instead holding that such issues were ones of weight for the jury.'" The Committee emphasized that rulings which have held 'the critical questions of the sufficiency of an expert's basis for his testimony, and the application of the expert's methodology, are generally questions of weight and not admissibility' 'are an incorrect application of Rules 702 and 104(a).'

*Allen v. Foxway Transp., Inc.*, No. 21-156, 2024 WL 388133, at *3 (M.D. Pa. Feb. 1, 2024) (citations omitted). These clarifications not only guide courts in the future, but outline a consistent and concerning misapplication of Rule 702 by federal courts in the *past*. In light of these amendments, and Chief Judge Wolfson's express desire to keep her *Daubert* rulings malleable, it is self-evident that Defendants should be allowed to contest previous *Daubert* holdings by this Court should Defendants be able to identify any incorrect application of Rule 702 in the 2020 Opinion.

With the basis for the Court's previous text order established, the Court will provide in more vivid detail how it intends for *Daubert* motions to proceed. In holding that a full refiling of *Daubert* motions is appropriate, the Court intended, and still intends, to adopt Option One proposed by Defendants, i.e., to open up all expert opinions to *Daubert* challenges, even those previously considered by Chief Judge Wolfson. This holding, consistent with the parties' briefing on this issue, does not do away with Chief Judge Wolfson's previous *Daubert* holdings altogether. Instead, the Court simply will not *preclude* any retrospective challenges to Chief Judge Wolfson's previous *Daubert* holdings in light of "recent changes to Federal Rule of Evidence 702, the emergence of new relevant science, and the language of Chief Judge Wolfson's previous *Daubert* Opinion." (Mar. 27 Text Order.)

To ensure there is no room for confusion by the parties, the *Daubert* procedure moving forward is as follows: if Chief Judge Wolfson entered a decision on an issue and either party wishes to challenge that decision, briefing on the upcoming in limine motions should set forth Chief Judge Wolfson's previous decision and on what basis the party contends that decision should be reconsidered. In other words, the briefing should identify either: (1) that Chief Judge Wolfson's previous Opinion demonstrably fails to adhere to Rule 702 as clarified by the 2023 amendments; or (2) new science is shown to directly contradict or challenge Chief Judge Wolfson's previous findings. To the extent that the parties seek to file new *Daubert* motions not previously considered by the Court, the parties may file traditional *Daubert* motions without restriction.[6]

For the reasons outlined above,

**IT IS** on this 30th day of April 2024, **ORDERED** as follows:

1. The PSC's Motion for Reconsideration (ECF No. 31080) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that the motion submission deadlines are currently July 23, 2024 and August 22, 2024. The Court encourages the parties to meet and confer and to jointly propose earlier briefing dates. Fully briefed motions will facilitate an earlier trial date. Under no circumstances will the Court consider an extension of the current briefing schedule.