

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

## Via ECF

May 1, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

> Re:  *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738*

Dear Magistrate Judge Singh:

The Johnson & Johnson Defendants submit the enclosed Order to Show Cause why cases listed on the attached **Exhibit A** should not be dismissed with prejudice for their failure to serve a Plaintiff Profile Form ("PPF") pursuant to the process set up in the Case Management Order dated February 13, 2024 (ECF 29032).

As Your Honor is aware, this Court originally ordered all Plaintiffs to submit Plaintiff Profile Forms on MDL-Centrality by dates certain in the Amended Plaintiff's Profile Form Order (ECF 27291). Pursuant to that Order, the cases listed on the enclosed **Exhibit A** (2016/2017 cases) were required to submit PPFs by October 16, 2023. However, these Plaintiffs failed to file their PPFs by that deadline and to date have not provided Defendants with a PPF.

Counsel for these Plaintiffs have received notice on MDL-Centrality (if registered) and via e-mail (whether registered or not) informing them that they had failed to serve a PPF. Pro se Plaintiffs (there are two) were sent notice via regular mail and certified mail, return receipt requested. The Plaintiffs were thereafter listed in a filing on March 1, 2024 (ECF 29168) further notifying them of their failure to provide a PPF to Defendants by the above noted deadline. These same Plaintiffs were then listed in a filing on April 1, 2024 (ECF 30612), again noting their failure to provide a PPF to Defendants and that their continued failure to do so would potentially result in dismissal of their matter.

The Plaintiffs listed in **Exhibit A** still have not complied with the Court Orders requiring service of a PPF. The Court's February 13, 2024, Order is clear- Plaintiffs who continue to fail to provide a PPF, after being listed in a PPF Report to the Court over a period of 60 days, shall be subject to an Order to Show Cause why their case should not be dismissed with prejudice. Before making this submission, the Plaintiffs' lead counsel was provided with an opportunity to review and edit. Their edits to the Order were accepted and nearly all of their edits to the list were accepted.

The Court should not hesitate to order the noted Plaintiffs to show cause why their case should not be dismissed with prejudice. In the event a Plaintiff fails to show cause, and her case is dismissed with prejudice, Fed. R. Civ. P. 60(b) provides an avenue of relief should the circumstances surrounding the failure to provide a PPF justify reversal of the dismissal. There is simply no reason to permit Plaintiffs any additional time to serve PPFs in light of the safety net provided by Rule 60.

Accordingly, Defendants respectfully request Your Honor enter the attached Order to Show Cause and dismiss any matter, with prejudice, which fails to show cause why their case should not be dismissed for their continued and blatant failure to serve a PPF.

Thank you for your consideration of these matters.

Respectfully,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

SMS/scg
Encl: (1)
Cc: All counsel of record (via ECF)