**O'Melveny**

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

May 14, 2024

**Stephen D. Brody**
D: +1 202 383 5167
sbrody@omm.com

**VIA ECF/ECOURTS**

The Honorable John C. Porto, P.J. Civ.
Atlantic County Civil Courts Building
1201 Bacharach Blvd., Fl. 3
Atlantic City, New Jersey 08401

The Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *In re: Johnson & Johnson Talc-Based Powder Prods. Litig., Docket No. ATL-L-02648-15; MCL No. 300*

*In re: Johnson & Johnson Talcum Powder Prods., Mktg., Sales Practices and Prods. Liability Litig., Case No.: 3:16-md-02738-MAS-RLS*

Dear Judge Porto and Judge Singh:

      I write on behalf of Johnson & Johnson and LLT Management LLC ("J&J") and submit this letter in connection with J&J's motions to disqualify Beasley Allen and Andy Birchfield in the above-referenced matters, and to remove Beasley Allen from the Plaintiffs' Steering Committee in the federal proceeding. Pursuant to the Courts' instruction, J&J's post-hearing briefing is due this Friday. *See* ECF 29022; 5/3 Plenay Hrg. Tr. 141:17-21. For the reasons set forth below, J&J respectfully requests that the page limit applicable to briefs under the District of New Jersey's Local Rules be increased to one-and-a-half times that ordinarily permitted, or from 40 to 60 pages for the parties' initial briefs and from 15 to 22.5 pages for the parties' replies. *See* L.R. Civ. 7.2(b). To the extent New Jersey Rule 1:6-5's 40-page limits for briefs in support of a motion applies here (as opposed to the 65-page limit for dispositive motions), we likewise ask that it be extended to 60 pages.

      The circumstances warrant expanding the default page limit under Local Rule 7.2(b) and New Jersey Rule 1:6-5 for three core reasons. First, the parties' post-hearing briefing is the functional equivalent of post-trial findings of fact and conclusions of law. Those types of filings often (if not typically) exceed the default page limit because they summarize all the evidence and arguments presented at trial.

      Second, and relatedly, the record created over the past six months is substantial. In addition to the 13 certifications and declarations already filed, the MCL hearing spanned three days, involved

testimony from four live witnesses, and produced a nearly 700-page transcript. The Courts also received 25 exhibits, in addition to voluminous *in camera* submissions. Given that disqualification decisions must be based in fact, it is imperative that the parties have the opportunity to present all relevant facts in their briefing.

Third, the gravity of the issues here demands particular attention and care. Disqualification never should be taken lightly. And here, the issue arises in cases representing J&J's biggest potential liability. Additional pages are warranted to allow the parties to present their arguments in detail and to allow them to grapple with the nuances of the other side's position. Here, for example, J&J will explain how James Conlan violated multiple ethical rules (1.6, 1.9(a), and 1.9(c)) and how Beasley Allen is responsible for those violations (under Rules 5.3, 1.10, 8.3, and 8.4). In addition, J&J will explain how Beasley Allen violated the Rules of Professional Conduct directly—namely, Rules 8.4 and 3.3. Extra pages are required to give these arguments the attention they deserve in this highly contentious matter. And ultimately, the Courts will benefit from that care and attention.

The seriousness of this matter, the issues involved, and the voluminous evidentiary record, all compel the conclusion that the parties should be allotted 60 pages for their opening briefs and up to 22.5 pages for replies.

We met and conferred with counsel for Beasley Allen in an effort to reach agreement on page limits, but Beasley Allen does not agree to an increase in page limits for opening briefs. Beasley Allen did, however, propose that the default limit for replies be more than doubled, to 25-pages using 12-point Times New Roman font, or an equivalent of 33.33 pages in the default 14-point Times New Roman font size. As noted, J&J is requesting a more modest increase in page limits for reply briefs.

Thank you for your continued consideration of these matters.

Respectfully,

*[signature]*

Stephen D. Brody


cc:   All counsel of record (via ECF and eCourts)