

Mail: P.O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Jeffrey M. Pollock
Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney
Direct Dial:  (609) 896-7660
Email Address:  jmpollock@foxrothschild.com

May 14, 2024

**VIA ECF ONLY**

The Honorable Rukhsanah L. Singh, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7W
Trenton, New Jersey 08608

      Re:    ***In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Product Liability Litig.*, Case No. 3:16-md-2738 (MAS)/(RLS)**

Dear Judge Singh:

      This Firm represents Beasley Allen and Mr. Andy D. Birchfield, Jr., Esq. in Johnson & Johnson's pending Motion to Disqualify (Motion) related to the above referenced matter. As Your Honor may recall, at the conclusion of the plenary hearing on May 3, 2024, the Court ordered the parties to submit supplemental briefing within fourteen (14) days and replies thereto within seven (7) days. ECF Doc. No. 29022.

      After meeting and conferring on the issue, the parties are at an impasse regarding the maximum length for the Court ordered briefs to be submitted. We proposed a joint letter to the Court. However, counsel for J&J advised that it would separately write to the Court.

      Beasley Allen respectfully submits that the initial brief length should be limited to thirty pages (30) size 12 Times New Roman font and the reply brief be limited to twenty-five (25) pages size 12 Times New Roman font. The sole issue in this case, *i.e.* whether there was an R.P.C. violation from a purported confidential disclosure from Jim Conlan to Beasley Allen—has been briefed before Your Honor and Judge Porto multiple times, and the Court heard testimony during



May 14, 2024
Page 2

three days of hearings. All of the evidence in this case has been submitted for the Court's review. *See Celino v. Gen. Acc. Ins.*, 211 N.J. Super. 538 (App. Div. 1986) (reaffirming that briefs provide written presentation of legal argument based on facts already of record, and briefs are "not an acceptable vehicle for the presentation of facts or documents not of record or judicially noticeable."). Briefing in this case will not affect witness credibility or alter the testimony before the Court.

There is simply no reason to permit J&J to submit an overlength brief of sixty (60) pages—most of which will presumably be a regurgitation of evidence provided and testimony already heard. J&J's request to file a substantially overlength brief is inconsistent with both the New Jersey state rules and the District of New Jersey local rules. *Compare* N.J. Ct. Rule 1:6-5 (moving and opposition briefs "shall not exceed 40 pages" and reply briefs "shall not exceed 15 pages"), *with* District of New Jersey Local Rule 7.2(d) (requiring briefs to be no more than thirty (30) pages in length for size twelve (12) font); *see, e.g., Capaldi v. BJ's Wholesale Club*, 2020 U.S. Dist. LEXIS 89596, 2020 WL 2569965, at *2-3 (D.N.J. May 21, 2020) (collecting cases and denying motion because defendant's brief was 83 pages). For these reasons, the Court should order that the standard briefing requirements apply to J&J's motion.

I thank the Court for its time and continued attention to this matter.

                                                                Respectfully submitted,

                                                                */s/ Jeffrey M. Pollock*
                                                                 JEFFREY M. POLLOCK

cc: Hon. John C. Porto, P.J. Civ.
     Counsel of record (*Via* ECF)