

faegredrinker.com

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

**Faegre Drinker Biddle & Reath LLP**
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

*Via ECF*

May 16, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

**Re:**   **In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738**

Dear Magistrate Judge Singh:

Pursuant to the Court's request for bi-monthly reports, the parties jointly offer the following update on recent activities in the MDL:

**Expert Depositions/Discovery:**

- The depositions of the Plaintiffs' experts, Drs. McTiernan, Clarke-Pearson, Rigler, Cote, Moorman, Smith-Bindman, Siemiatycki, Sage, Godleski, Kessler, Singh, Harlow, Wolf, Longo, Newman, and Levy have been conducted.

- The defense expert reports are due to be served on May 21, 2024. The parties have nearly completed the scheduling of depositions of Defendants' experts and will seek the Court's assistance if necessary.

- Defendants' Position:  In order to determine the breadth of the upcoming R. 702 briefing and hearing, Defendants have inquired with the PSC as to whether the following experts, who were previously identified by the PSC in 2018/2019 and have not served amended reports in 2024, will be called as witnesses for the ten day trial scheduled in the MDL to occur in December 2024: Drs. Campion, Carson, Cook, Crowley, Kane, Krekeler, Smith, Zambelli-Weiner, and Zelikoff.  The PSC has not responded to Defendants' query.  This issue is time sensitive in light of the R. 702 schedule and will require intervention by the Court if not promptly resolved.  It cannot wait until the October 8 deadline which is long past the briefing schedule for R. 702 motions and Defendants are entitled to clarity on the full scope of issues that will proceed in the trials and should be addressed in their upcoming R. 702 briefing

Plaintiffs' Position: Plaintiffs are considering which experts will be called during the upcoming trial and will advise Defendants in due course, but the deadline by which to serve a final list of experts for the first bellwether trial is October 8, 2024. The Court denied *Daubert* motions in relation to Drs. Carson, Kane, Smith, and Zelikoff in its April 2020 order. Further, *Daubert* motions in relation to Drs. Cook, Crowley, and Krekeler were previously filed by Defendants and opposed by Plaintiffs.

- Plaintiffs have responded to Defendants' request for production of certain notes, invoices, and other documents from Drs. McTiernan, Clarke-Pearson, and Siemiatycki that were requested at the time of their depositions. Plaintiffs have agreed to produce further documents from Drs. Siemiatycki.

- On April 18, 2024, Defendants requested another deposition of Plaintiffs' expert Dr. Saed on the basis that Plaintiffs' other experts rely on multiple publications by Dr. Saed since his last deposition. Plaintiffs have yet to respond. This issue is time sensitive in light of the R. 702 schedule and will require intervention by the Court if not promptly resolved.

- On May 10, 2024, Defendants served a new set of requests for production concerning a new publication in May 2024 by Plaintiff's expert Dr. Saed regarding talcum powder and ovarian cancer.

**Defendants' Request for Production of Documents by Plaintiffs' Expert Dr. Longo and Request for Inspection:**

- On April 18, 2024, Defendants served an amended notice of deposition for Dr. William Longo that included both a request for preservation and production of certain core documents and materials relevant to his testing of Johnson's Baby Powder, as well as a request to inspect Dr. Longo's laboratory and methodology for analyzing talc. On May 1, 2024, Plaintiffs objected to the requests across the board. A meet and confer has been scheduled for May 16, 2024. This issue is time sensitive in light of the R. 702 schedule and will require intervention by the Court if not promptly resolved. To that end, in the absence of a negotiated agreement on May 16, Defendants anticipate filing an application with the Court on Friday.

.

**Plaintiffs' Subpoena to Public Library of Science (PLOS):**

- On March 20, 2024, the PSC served the Public Library of Science (PLOS) with a subpoena for information related to a manuscript submitted by Plaintiffs' expert Dr. Saed to PLOS in 2020.

- On April 12, 2024, Counsel for PLOS served an objection to the subpoena claiming privilege and confidentiality and attaching to the objection a Privilege Log on counsel for the Plaintiffs.

**Case Management Order 9:**

- The parties submitted an agreed upon order which the Court entered on May 15, 2024.

**Bellwether Discovery Responses:**

- On April 1, 2024, Plaintiffs served responses to Defendants' Request for Admissions, Production Requests, and Interrogatories on the six Bellwether Plaintiffs. The parties continue to meet and confer on the adequacy of the responses.

**Notice of Subpoena to Paul Hess:**

- Defendants filed an Amended Notice of Intent to Serve Subpoena on April 23, 2024 (ECF 32037). The subpoena is for a videotaped deposition of Paul Hess, a non-party and employee of Plaintiffs' expert, Dr. William Longo. On May 7, 2024, the PSC wrote to Defendants objecting to the subpoena directed at Paul Hess. The parties will meet and confer on this issue and report back to the Court. This issue is time sensitive in light of the R. 702 schedule and will require intervention by the Court if not promptly resolved.

**Plaintiff Profile Forms:**

- On May 1, 2024, Defendants filed an Order to Show Cause in regard to any matters listed on the March 1, 2024, PPF Report (2016-2017 cases) which remain noncompliant. Defendants respectfully request the May 1st OTSC be entered by the Court.

- With regard to PPF Reports, the parties agree that if a Plaintiff contends that Defendants have mistakenly placed a Plaintiff's case on the deficiency list, counsel for the Plaintiff will reach out directly to defense counsel to advise of that error with Defendants to correct the list as needed. The parties agree that Plaintiffs should confirm the accuracy of the MDL Centrality information and close the MDL Centrality account for a particular plaintiff when a case is dismissed. The PPF Report will be updated as corrections are received.

**Status of New Jersey Proceedings Before Judge Porto:**

- Depositions of Plaintiffs' case specific experts in the *Carl* and *Balderrama* matters were completed for Drs. Godleski, Wolf, and Cramer.

- Depositions of Defendants' case specific experts in the *Carl* and *Balderrama* matters were completed for Drs. Finan (*Carl* & *Balderrama*) and Nagarsheth (*Balderrama*). Defendants' other case specific expert for *Carl* and *Balderrama*, Dr. Felix, is scheduled to be deposed on June 22.

- The completion of the Plenary hearing regarding disqualification of Beasley Allen occurred on May 3, 2024. The parties will simultaneously submit briefing on the issue of disqualification on May 17th to Your Honor and Judge Porto and will file reply briefs

simultaneously on May 24th.

Thank you for your attention to these matters.

Respectfully,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

Encl: (0)
Cc: Leigh O'Dell, Esq. (*via e-mail*)
　　Michelle Parfitt, Esq., *(via e-mail)*
　　All counsel of record (via ECF)