UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS) <br><br> *THIS DOCUMENT RELATES TO ALL CASES* |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA DIRECTED AT PAUL HESS**

Pursuant to Federal Rules of Civil Procedure 45(d) and 26(c), Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), submit this Memorandum of Law in support of their Motion to Quash, or in the alternative, for Protective Order regarding the subpoena issued by Johnson & Johnson on non-party Paul Hess on April 23, 2024.

## BACKGROUND

On April 23, 2024, Johnson & Johnson issued a subpoena to non-party Paul Hess for deposition and for the production of several documents and communications related to (1) Mr. Hess's employer Materials Analytical Services, LLC's ("MAS") methodology, processes, standard operating procedures, laboratory standards, data, documentation, calculations, or results of its polarized light microscopy ("PLM") preparations of cosmetic talc for the analysis of the presence

1

of chrysotile and its PLM analyses of cosmetic talc for the presence of chrysotile; and (2) Mr. Hess's departure from MAS in 2023.[1] *See* Subpoena attached as **Exhibit A**. MAS is the testing laboratory of Plaintiffs' expert, Dr. William Longo. Paul Hess is a non-party who is unrelated to this action, and while he works for MAS, he has not been retained as an expert by any party. On Tuesday, May 7, 2024, the PSC timely objected to Johnson & Johnson's subpoena. *See* PSC's Objection Letter attached as **Exhibit B**. Similar attempts to depose Mr. Hess have been made in state court cases.

## ARGUMENT

**A. Legal Standard**

Federal Rule of Civil Procedure 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A non-party subpoena authorized by Federal Rule of Civil Procedure 45 "must fall within the scope of discovery permissible under Rule 26(b)." *Gov't Emps. Ins. Co. v. Trnovski*, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018) (citing *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, 2008 WL 4952445 (D.N.J. Nov. 18, 2008)). If a non-party subpoena exceeds the bounds of permissible discovery, the court may issue a protective order, modify the subpoena, or quash the subpoena entirely. *See* Fed. R.

---

[1] Mr. Hess rejoined MAS as an employee in 2024.

Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); Fed. R. Civ. P. 45(d)(3)(A) (providing four circumstances in which quashing or modifying a subpoena is required); Fed. R. Civ. P. 45(d)(3)(B) (setting forth two instances in which quashing or modifying a subpoena is permitted).

A party has standing to quash a non-party subpoena pursuant to Fed. R. Civ. P. 45 "when it claims a privilege or privacy interest in the information sought." *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (citing *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434–435 (E.D. Pa. 2001)). Courts must quash or modify a subpoena that requires "disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Alternatively, Fed. R. Civ. P. 26 permits the Court, for good cause, to issue a protective order to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see Costantino v. City of Atl. City*, 2015 WL 12806490, at *3 (D.N.J. Nov. 4, 2015) (good cause requirement satisfied where plaintiff demonstrated that third-party subpoena sought irrelevant documents). A party "ha[s] standing to move

3

under Rule 26(c) for a protective order limiting, or altogether disallowing, the third-party discovery, on the basis that it seeks information beyond the scope of Rule 26(b)(1)." *Ramos v. Walmart, Inc.*, 2023 WL 2327208, at *3 n.3 (D.N.J. Mar. 2, 2023); *see also* Special Master Order No. 19, Doc. No. 29138 (Feb. 29, 2024) (PSC has standing to seek protective order regarding non-party subpoena on relevancy grounds); *Staff4Jobs, LLC v. List Logistics, LLC,* 2020 WL 13580942, at *3 (D.N.J. Oct. 19, 2020) ("Even if the moving party has no standing as traditionally considered under Rule 45, it may nonetheless seek to prevent the discovery pursuant to Rule 26."); *Costantino*, 2015 WL 12806490, at *3; *Rudelli v. Eli Lilly & Co.*, 2020 WL 13694732, at *2 (D.N.J. Nov. 13, 2020).

**B. Johnson & Johnson's Subpoena Seeks Irrelevant Information and Exceeds the Scope of Discovery.**

The information and testimony sought from non-party Mr. Hess by Johnson & Johnson's subpoena exceeds the scope of discovery. *See Gross-Quatrone v. Mizdol*, 2021 WL 9978409, at *2 (D.N.J. Mar. 1, 2021) ("First, the subpoenaing party must demonstrate that the information sought is relevant to any party's claim or defense and proportional to the needs of the case under Rule 26(b)(1)." (citation omitted)); *Trnovski*, 2018 WL 5281424, at *2; *Ramos*, 2023 WL 2327208, at *3 n.3.

First, discovery sought by the subpoena is neither relevant to the subject matter of the pending MDL, nor reasonably calculated to lead to the discovery of admissible evidence. "Generally, courts afford greater protection to non-parties in

4

discovery, and non-party subpoenas must meet a higher standard of relevance than subpoenas directed toward parties." *Staff4Jobs,* 2020 WL 13580942, at *3 (citing *Weinstein v. Brisman*, 2020 WL 1485960, at *6 (D.N.J. Mar. 26, 2020)). Johnson & Johnson cannot meet this higher standard. Mr. Hess is a non-party who is unrelated to this action. He is not an expert for Plaintiffs in this MDL. Rather, Mr. Hess is an employee of MAS, the commercial laboratory of Plaintiffs' expert Dr. William Longo, Founder and CEO. Johnson & Johnson has not demonstrated why the discovery sought from Mr. Hess is relevant, and a simple look at the subpoena shows that it is not. For example, the subpoena seeks communications and documents regarding Mr. Hess's departure from MAS in 2023. But information surrounding Mr. Hess's employment at MAS bears no relevance to this litigation whatsoever. "While the scope of discovery is broad, it is not unlimited . . . and should not serve as a fishing expedition." *Hashem v. Hunterdon Cnty.,* 2017 WL 2215122, at *2 (D.N.J. May 18, 2017).

Second, even if any of the information sought is relevant, it is not discoverable if it is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The subpoena vaguely seeks all communications and documents related to MAS's methodology, processes, standard operating procedures, laboratory standards, data, documentation, calculations, or results of its PLM preparations of cosmetic talc for the analysis of the presence of chrysotile and its PLM analyses of cosmetic talc for

5

the presence of chrysotile. These requests—seeking vast amounts of information related to whole facets of MAS's operation as a laboratory—are overly broad and flout the requirement that discovery be proportional to the needs of the case. *See Seven Z Enterprises, Inc. v. Giant Eagle, Inc.*, 2020 WL 7240365, at *3 (W.D. Pa. Mar. 6, 2020) ("The sheer scope of the subpoenas speaks to [the document requests'] disproportionality.").

Moreover, to the extent any of the requested information is relevant, it should instead be sought from Plaintiffs' <u>retained expert</u> Dr. Longo. *See Narcisse v. All Ways Transportation, LLC*, 2023 WL 6545423, at *7 (M.D. La. July 7, 2023) (granting motion for protective order because information sought from non-party should have been "directed at the individual experts themselves" and was therefore outside the scope of discovery); *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should consider whether information is available to the requesting party from other sources when determining whether a non-party subpoena is proportional to the needs of the case); *In re Novartis & Par Antitrust Litig.*, 2019 WL 5722055, at *7 (E.D. Pa. Nov. 5, 2019) (same). Johnson & Johnson has given no reason why the information it seeks regarding MAS's operations cannot be

obtained from Dr. Longo himself—the founder and CEO of MAS <u>and</u> Plaintiffs' expert.[2]

Further, Defendants have had full opportunity to examine Dr. Longo and any and all aspects of his and his lab's methodology, processes, standard operating procedures, laboratory standards, data, documentation, calculations, or results of its polarized light microscopy ("PLM") preparations of cosmetic talc for the analysis of the presence of chrysotile and its PLM analyses of cosmetic talc for the presence of chrysotile. Dr. Longo has served as an expert not only in this MDL but in numerous state court mesothelioma and ovarian cancer cases over the course of the litigation. Dr. Longo's expert opinions in both federal and state court have largely focused on the same testing of historical samples produced in the MDL litigation by Johnson & Johnson and Imerys Talc America. Dr. Longo has been cross-examined by Defendants either in deposition or trial for more than 33 days, including a two-day deposition in this MDL. *See* Testimony List of William Longo, PhD attached as **Exhibit C**. This effort to subpoena Mr. Hess is a bald attempt at additional discovery of Dr. Longo to which Defendants are not entitled.

---

[2] It is no surprise that Rule 26(b)(1)'s proportionality requirement tracks with Rule 26(b)(2)(C)(i)'s requirement that the Court must limit discovery if it determines the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."

### C. Johnson & Johnson's Subpoena Improperly Seeks Discovery from a Non-Testifying Expert.

Federal Rule of Civil Procedure 26(b)(4)(D) establishes that a party may only seek discovery from a non-testifying expert "as provided in Rule 35(b)" or "on showing of exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." As a scientist who has not been disclosed to testify in this case, Mr. Hess is afforded protection by Rule 26(b)(4)(D), and Johnson & Johnson cannot "discover facts known or opinions held" by him absent showing of exceptional circumstances. Such exceptional circumstances are not present here because Johnson & Johnson can discover the information it seeks from Dr. Longo. *See, e.g., Kaisha v. Lotte Int'l Am. Corp.*, 2019 WL 13258468, at *3 (D.N.J. Jan. 23, 2019) (denying motion to compel production of surveys conducted by employees at testifying expert's employer because defendant "has not specified any facts or opinions held by [those] employees that it cannot obtain from [the testifying expert] himself "); *Vopak N. Am. Inc.,* 2018 WL 10561115, at *1 (C.D. Cal. Sept. 14, 2018) (denying motion to compel the testimony of testifying expert's assistant because the moving party could not identify any part of the expert's report or opinion that the expert could not explain himself); *Lowery v. Cir. City Stores, Inc.*, 158 F.3d 742, 765 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999) (district court did not abuse discretion by refusing to compel discovery from non-testifying experts related to methods and data runs used by

8

testifying expert because the moving party could obtain that information from the testifying expert himself).

### D. Johnson & Johnson's Subpoena is Unduly Burdensome, Oppressive, and Harassing.

The PSC also objects to the subpoena because it is unduly burdensome, oppressive, and harassing.[3] A subpoena is considered unduly burdensome when it "is unreasonable or oppressive." *DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citing *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)). Courts consider "the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity." *Schmulovich*, 2007 WL 2362598 at *4.

Because the discovery sought by the subpoena is neither relevant to this MDL nor proportional to the needs of the case, Johnson & Johnson cannot show a need for the production or that the production will advance the litigation. Additionally, it

---

[3] Importantly, the burden imposed by the non-party subpoena is a factor considered by the court under Fed. R. Civ. P. 26 as well as under Fed. R. Civ. P. 45. *See Costantino*, 2015 WL 12806490, at *3 ("Pursuant to Fed. R. Civ. P. 26(b) (2) (C) (iii), the Court has discretion to sua sponte bar discovery if the burden or expense of the discovery outweighs its benefit.").

is unreasonable for Mr. Hess, a non-party, to exert time, effort, and expense in locating, reviewing, producing, and testifying to information that would be more appropriately sought, if at all, from Plaintiffs' disclosed expert Dr. Longo.

### E. Johnson & Johnson's Subpoena Implicates Privileged and Protected Documents and Communications.

Finally, the subpoena broadly seeks "[a]ny and all Documents and/or Communications" between Mr. Hess and Dr. Longo, as well as other employees at or agents acting on behalf of MAS, related to a variety of topics. Such broad requests may implicate or reveal Plaintiffs' attorneys' work product and/or privileged communications, and Plaintiffs have a legitimate interest in preventing the disclosure of that information. Certain communications between Plaintiffs' counsel and Dr. Longo are privileged, and that privilege is not waived by disclosure to Mr. Hess. *See* Fed. R. Civ. P. 26(b)(4)(C) (acknowledging protection, with certain exceptions, of "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications"); Advisory Committee Notes to 2010 Amendments to Fed. R. Civ. P. 26 ("Protected 'communications' include those between the party's attorney and assistants of the expert witness.").

Moreover, disclosure of any attorney work product within Dr. Longo's possession to Mr. Hess, an employee at Dr. Longo's laboratory, does not waive work product protection. *See Westinghouse Elec. Corp. v. Republic of Philippines*, 951

10

F.2d 1414, 1428 (3d Cir. 1991) ("Because the work-product doctrine serves . . . to protect an attorney's work product from falling into the hands of an adversary, a disclosure to a third party does not necessarily waive the protection of the work-product doctrine.").

## CONCLUSION

For the foregoing reasons, the Court should quash Johnson & Johnson's subpoena directed at non-party Paul Hess, or in the alternative, issue a protective order enjoining Mr. Hess's obligation to comply with the subpoena. Not only does the subpoena risk revealing privileged and protected documents and communications, but the discovery it seeks is irrelevant, disproportionate to the needs of this case, unduly burdensome, and improperly sought from a non-testifying expert.

Dated: May 17, 2024            Respectfully submitted,

*/s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-335-2600
mparfitt@ashcraftlaw.com
**Plaintiffs' Co-Lead Counsel**

*/s/ P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
218 Commerce St.

11

Montgomery, AL 36104
Tel: 334-269-2343
leigh.odell@beasleyallen.com
***Plaintiffs' Co-Lead Counsel***

*/s/ Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Ave.
Red Bank, NJ 07701
Tel: 732-747-9003
clpacitella@cprlaw.com
***Plaintiffs' Liaison Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

Respectfully submitted,

<i>/s/ P. Leigh O'Dell</i><br>P. Leigh O'Dell