# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (MAS) (RLS) |

### DEFENDANTS' AMENDED NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendants Johnson & Johnson and LLT Management, LLC, hereby give notice of its intent to serve the following subpoena, attached hereto as Exhibit A:

1. Subpoena to Testify at a Deposition in a Civil Action to Paul Hess.

Dated: April 23, 2024

/s/Susan M. Sharko
Susan M. Sharko
**FAEGRE DRINKER**
**BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Email: susan.sharko@faegredrinker.com

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC, f/k/a LTL Management, LLC.*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. MDL No. 16-2738 (MAS) (RLS) |
| In re Johnson & Johnson Talcum Powder Prods. Marketing, Sales Pracs., and Prods. Liab. Litig. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Paul Hess, 1440 Glen Oaks Cir. SW, Marietta, Georgia 30008

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: King & Spalding LLP<br>1180 Peachtree St, Ste 1600<br>Atlanta, GA 30309 | Date and Time:<br>05/29/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Videotaped and stenograhically recorded

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/23/24

*CLERK OF COURT*

OR

/s Susan M. Sharko

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Johnson & Johnson , who issues or requests this subpoena, are:

Susan M. Sharko, Faegre Drinker Biddle & Reath LLP, 600 Campus Dr., Florham Park, NJ 07932; T: 973-549-7000; susan.sharko@faegredrinker.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. MDL No. 16-2738 (MAS) (RLS)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (MAS) (RLS) |

**AMENDED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF PAUL HESS AND SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 45(a) and 30(b), Defendants will take the deposition upon oral examination of Paul Hess. The deposition will commence on **May 29, 2024 at 9:00 am ET at King & Spalding LLP, 1180 Peachtree St., Suite 1600, Atlanta, GA 30309**. The deposition will take place before a court reporter authorized to administer oaths, pursuant to Federal Rule of Civil Procedure 28. The deposition will be recorded on video as well as by ordinary stenographic means. This deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and other applicable rules.

Pursuant to Federal Rule of Civil Procedure 30(b)(2), the witness is requested to produce true, correct and complete copies of all documents, materials and information listed in Schedule A, no later than two (2) weeks prior to his deposition.

2

DATED: April 23, 2024 Respectfully submitted,

*s/Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER**
**BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: 973-549-7000
Email: susan.sharko@faegredrinker.com

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC, f/k/a LTL Management, LLC*

2

# SCHEDULE A

# DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed incorporated into each document request listed below:

1. "You" and "Your" or "witness" shall mean the deponent.

2. The term "Talc Products" shall refer to Johnson's® Baby Powder and Shower to Shower® cosmetic talc products sold in the United States.

3. The term "Talc" shall refer to any talc used in the Talc Products.

4. The term "Talc Litigation" shall mean the above-captioned Multidistrict Litigation proceeding ("MDL") and/or any claims or lawsuits involving Talc Products.

5. The term "Document" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. The terms "and," "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

7. "Your Former Laboratory" shall mean Materials Analytical Services ("MAS") at 3945 Lakefield Ct, Suwanee, GA 30024.

## DOCUMENTS TO BE PRODUCED

1.  A complete and current copy of Your curriculum vitae (CV) or resume.

2.  Any and all Documents and/or Communications (including but not limited to text messages) between You and Dr. William Longo, any employee at MAS, or anyone acting on behalf of MAS related to Your Former Laboratory's methodology, processes, standard operating procedures ("SOPs"), laboratory standards, data, documentation, calculations, or results of its polarized light microscopy ("PLM") preparations of cosmetic talc for the subsequent analysis for the presence of chrysotile during the time that you were employed by MAS.

3.  Any and all Documents and/or Communications (including but not limited to text messages) between You and Dr. William Longo, any employee at MAS, or anyone acting on behalf of MAS related to Your Former Laboratory's methodology, processes, SOPs, laboratory standards, data, documentation, calculations, or results of its PLM preparations of cosmetic talc for the subsequent analysis for the presence of chrysotile after the time that you were employed by MAS.

4.  Any and all Documents and/or Communications (including but not limited to text messages) between You and Dr. William Longo, any employee at MAS, or anyone acting on behalf of MAS related to Your Former Laboratory's methodology, processes, SOPs, laboratory standards, data, documentation, calculations, or results of its PLM analyses of cosmetic talc for the presence of chrysotile during the time that you were employed by MAS.

5.  Any and all Documents and/or Communications (including but not limited to text messages) between You and Dr. William Longo, any employee at MAS, or anyone acting on behalf of MAS related to Your Former Laboratory's methodology, processes, SOPs, laboratory standards, data, documentation, calculations, or results of its PLM analyses of cosmetic talc for the presence of chrysotile after the time that you were employed by MAS.

6. Any and all Documents and/or Communications (including but not limited to text messages and e-mails) between You and any other person or entity related to Your Former Laboratory's methodology, processes, SOPs, laboratory standards, data, documentation, calculations, or results of its PLM preparations of cosmetic talc for the subsequent analysis for the presence of chrysotile.

7. Any and all Documents and/or Communications (including but not limited to text messages and e-mails) between You and any other person or entity related to Your Former Laboratory's methodology, processes, SOPs, laboratory standards, data, documentation, calculations, or results of its PLM analyses of cosmetic talc for the presence of chrysotile.

8. Any and all Documents and/or Communications (including but not limited to text messages) between You and Dr. William Longo, any employee at MAS, or anyone acting on behalf of MAS related to Your departure from MAS in 2023.

9. Any and all Contracts entered into between You and Your Former Laboratory related to Your departure from MAS in 2023.

5

## CERTIFICATE OF SERVICE

I certify that on this day, April 23, 2024, I served a true and correct copy of the foregoing **DEFENDANTS' AMENDED NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY** via electronic mail to all counsel of record.

*/s/ Susan M. Sharko*
Susan M. Sharko