# EXHIBIT B

**burns charest** llp

Amanda Klevorn
aklevorn@burnscharest.com

March 7, 2024

**Via E-mail Only**

Susan M. Sharko
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932
susan.sharko@faegredrinker.com

Steve Brody
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
sbrody@omm.com

Re:   *Talc MDL 2738* – PSC's Objections to April 23, 2024 Paul Hess Subpoena

Dear Counsel:

Please be advised that the Plaintiffs' Steering Committee (PSC), on behalf of all Plaintiffs in this multidistrict litigation (MDL), objects to the subpoena served upon Mr. Paul Hess on April 23, 2024. The PSC reserves all rights, including the right to supplement or amend these objections, with respect to this or any future subpoena. The PSC's objections to the subpoena include, without limitation, the following:

1. **Irrelevant Information.** The PSC objects to the subpoena because it seeks information that is neither relevant to the subject matter of the pending MDL, nor reasonably calculated to lead to the discovery of admissible evidence. *Rudelli v. Eli Lilly & Company*, 2020 WL 13694732, at *2 (D.N.J. Nov. 13, 2020) ("A party may move for a protective order for a subpoena issued to a non-party if . . . the discovery sought from a third party is irrelevant."). Mr. Hess is a nonparty who is wholly unrelated to this action—while he works at Materials Analytical Services, LLC ("MAS"), he is not an expert for Plaintiffs in this MDL. The subpoena broadly seeks communications and documents related to MAS's methodology, processes, standard operating procedures, laboratory standards, data, documentation, calculations, or results of its PLM preparations of cosmetic talc for the analysis of the presence of chrysotile. To the extent any of the requested information is discoverable, it should instead be sought from Plaintiffs' <u>retained expert</u> Dr. Longo. *See Kaisha v. Lotte Int'l Am. Corp.*, 2019 WL 13258468, at *3 (D.N.J. Jan. 23, 2019) ("[Defendant] has not specified any facts or opinions held by [testifying expert's employer's] employees that it cannot obtain from [testifying expert] himself . . ."). The subpoena also seeks communications and documents regarding Mr. Hess's departure from MAS in 2023. Mr. Hess rejoined MAS as an employee in 2024. Information surrounding Mr. Hess's employment bears no relevance to this litigation and is a blatant abuse of the discovery process. *See Hashem v. Hunterdon Cnty.*, 2017 WL 2215122, at *2 (D.N.J. May 18, 2017) ("While the scope of discovery is broad, it is not unlimited . . . and should not serve as a fishing expedition." (cleaned up)).

May 7, 2024
Page 2

2. **Privileged and Protected Information**. The PSC objects to the subpoena to the extent that it calls for documents and communications protected by the work product doctrine and/or privilege. *See ExteNet Sys., Inc. v. Twp. of N. Bergen*, 2021 WL 5782977, at *2 (D.N.J. Dec. 7, 2021) (a party has standing to challenge third-party subpoena when claiming a privilege or privacy interest). The subpoena broadly seeks communications and documents between Mr. Hess and Dr. Longo, as well as other employees at or agents acting on behalf of MAS. Such broad requests may implicate or reveal Plaintiffs' attorneys' work product and/or privileged communications, and Plaintiffs have a protected interest in preventing the disclosure of that information.

3. **Non-Testifying Expert.** The PSC objects to the subpoena as it seeks discovery of facts known or opinions held by a non-testifying expert. As explained above, Mr. Hess is not a retained expert in this MDL. As a scientist who has not been disclosed to testify in this case, Mr. Hess is afforded protection by Federal Rule of Civil Procedure 26(b)(4)(D), which requires the showing of "exceptional circumstances" to discover facts known or opinions held by a non-testifying expert. Defendant has presented no such circumstances. *See Vopak N. Am. Inc.,* 2018 WL 10561115, at *1 (C.D. Cal. Sept. 14, 2018) (denying motion to compel the testimony of a testifying expert's assistant); *Kaisha*, 2019 WL 13258468, at *3 (denying motion to compel production of surveys previously conducted by employees at testifying expert's employer).

4. **Unretained Expert.** The PSC objects to the subpoena as it requires disclosure of information underlying an unretained expert's opinion. Again, Mr. Hess is not a retained expert in this MDL. Under Federal Rule of Civil Procedure 45(d)(3)(B)(ii), this alone is grounds for quashing the subpoena.

5. **Undue Burden**. The PSC objects to the subpoena because it is unduly burdensome and oppressive. It is unduly burdensome for Mr. Hess, a nonparty, to exert time, effort, and expense in locating, reviewing, producing, and testifying to information that is irrelevant and/or would be more appropriately sought, if at all, from Plaintiffs' disclosed expert Dr. Longo.

Please confirm no later than **May 13, 2024** whether Defendants will withdraw the subpoena.

Best regards,

**BURNS CHAREST LLP**

_____
Amanda Klevorn, Partner