# Exhibit N

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | MDL NO. 2738 (MAS) (RLS) |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSES AND OBJECTIONS TO THE UPDATED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF WILLIAM LONGO, PH.D., DUCES TECUM, NOTICE TO PRESERVE AND NOTICE OF INSPECTION**

The Plaintiffs' Steering Committee ("PSC") responds and objects to Defendants' Updated Notice of Oral and Videotaped Deposition of William Longo, Ph.D., Duces Tecum, Notice to Preserve and Notice of Inspection. These objections apply to all named Defendants in *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 and are stated as follows:

## GENERAL OBJECTIONS

The PSC objects to Defendants' Notice of Oral Deposition of William Longo, Ph.D., and Duces Tecum to the extent that it exceeds the scope of discovery or seeks to place obligations on the PSC or Dr. Longo that are not required under the Federal Rules of Civil Procedure, Case Management Order No. 11, or any other Order of the Court. The PSC further objects to Defendants' request that Dr. Longo produce certain documents "no later than two (2) weeks from date of service of [the] Notice," which contravenes the rules and orders applicable to this matter.

The PSC objects to every request that seeks discovery beyond that which is required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure and seeks protected communications. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communication, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Materials exempted from discovery by the foregoing Rules will not be produced.

The PSC objects to every request that seeks documents or other information that has been previously produced to Defendants on the grounds that it is duplicative, unduly burdensome, and imposes undue expense on the PSC or Dr. Longo. The PSC further objects to any request that seeks the production of publicly available documents or documents previously produced by Defendants. The PSC further objects to any request that seeks documents or other information included in, referenced in or attached to Dr. Longo's expert reports because it is duplicative and equally available to Defendants. Lastly, the PSC objects to any request that seeks the production of documents protected by either confidentiality agreements or protective orders in other litigations.

Any documents produced or referenced in response to Defendants' request are produced subject to these general objections as well as the specific objections stated below.

## RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED

1.    A complete and current copy of Your curriculum vitae (CV).

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC previously provided a copy of Dr. Longo's current curriculum vitae (*see* November 17, 2023 report).

2.      Copies of any materials related to Your retention or payment for services as a testifying expert related to this MDL and/or the Talc Litigation since the date of your last MDL deposition. This request does not include payments by patients for medical care. It does include, without limitation:

A.      All retainer agreements or other agreements entered into since the date of your last MDL deposition and pursuant to which You have been  or will be paid for work related to this MDL and/or the Talc Litigation.

B.      All documents reflecting work done, time spent, or expenses incurred by You, Your organization, or anyone under Your direction or control or the direction or control of Your organization in connection with this MDL and/or the Talc Litigation since the date of your last MDL deposition, and all bills, invoices, or accounts rendered to attorneys, law firms or others in connection with those activities.

C.      All records of payments of any kind received by You from any source related to Your work as a testifying expert regarding Talc or the Talc Products in connection with claims or litigation since the date of your last MDL deposition.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is overly broad. Notwithstanding the aforementioned, the PSC will produce Materials Analytical Services, Inc. invoices related to the MDL talcum powder litigation that have not previously been produced.

3.      All documents related to all payments paid since the date of your last MDL deposition to any third party, including any charitable contribution, gift or other thing of value paid as

compensation for testifying in connection with:

    A.      The Talc Litigation.

    B.      Any other work as a testifying expert witness in connection with litigation in the last five years.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is overly broad or seeks documents that have no relevance to this litigation. Notwithstanding the aforementioned, no responsive documents exist.

4.    All records of payments of any other kind received by You since the date of your last MDL deposition from any journalist, media outlet or other third party for assistance or information related to Talc and/or the Talc Products. This request does not include payments made for medical care or treatment.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is overly broad or seeks documents that have no relevance to this litigation. Notwithstanding the aforementioned, no responsive documents exist.

5.    A copy of all materials of any kind added since the date of your last MDL deposition to Your complete file or files related to the work done concerning this MDL or the Talc Litigation more generally. Your complete file is intended in its broadest sense and includes without limitation any hard copy, electronic or other material of any kind that refers or relates to Talc, the Talc Products, any examination or analysis of Talc or the Talc Products, the Talc Litigation, or Your opinions in this MDL. Examples of these materials, without limitation, include:

    A.      Any reports, summaries, or explanations, or memoranda created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

    B.      Any photographs, measurements, videos, recordings, test results, or other data

obtained, created by or provided to You and any analysis thereof.

C.      All documents, including but not limited to deposition transcripts, provided to You by anyone, including Plaintiffs' counsel. If such documents have been produced in this litigation by the parties, identification by bates number will suffice in lieu of production of hard copies, except that You are commanded to produce any copies of documents upon which You rely to any extent in forming or supporting Your opinions containing post-production notes, highlights, or markings. If the transcripts are of depositions taken in the MDL, identification by deponent and date of deposition will suffice in lieu of production of hard copies, except that you are commanded to produce any copies of documents containing post-production notes, highlights, or markings.

D.      Any diagrams, drawings, animations, or simulations created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

E.      Any correspondence created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions, including but not limited to non-privileged communications between You and a party's attorney(s) that "(1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed," as provided by Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

F.      Any documents prepared by You or those assisting You and upon which You rely to any extent information or supporting Your opinions.

G.      All documents, literature, or other reference material or information obtained by or provided to You in connection with this litigation, and upon which Your rely to any extent in

forming or supporting Your opinions, including but not limited to, scientific and technical articles, publications, rules, standards, and other literature.

      H.     Any other documents relied upon by You in arriving at any of Your opinions or conclusions concerning the issues involved in the Talc Litigation, including but not limited to all scientific and technical articles, publications, codes and standards.

      I.     All documents or other tangible things which You rely on to any extent in forming or supporting Your opinions. This includes without limitation communications with third parties, such as geologists, mineralogists, oncologists, gynecologists or other physicians, or other technical experts.

      **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad or unduly burdensome. The PSC further objects to this request and each of its subparts to the extent it requests documents that have been produced by Defendants in this litigation or documents that are publicly available. The PSC further objects to this request and each of its subparts to the extent Dr. Longo had made specific reference to documents by source and bates number throughout his report. Subject to the aforementioned, the PSC previously provided a copy of Dr. Longo's list of materials considered (*see* November 17, 2023 report) and has produced documents responsive to this Request.

6.     Copies of all written communications (including any documents exchanged) with other expert witnesses retained to testify on behalf of plaintiffs in any talc litigation, including any experts designated in this MDL since the date of your last MDL deposition.

      **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague, undefined, unduly burdensome and assumes Dr. Longo is aware of all expert witnesses retained to testify on behalf of plaintiffs in

any talc litigation. The PSC further objects to this request to the extent it seeks protected

communication. Notwithstanding the aforementioned, no relevant, responsive documents exist.

7.      Any lists or compilations of lawsuits in which You have been involved in as a

testifying witness in deposition or at trial within the last four years.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The

PSC further objects to this request to the extent it requests that Dr. Longo prepare documents in

response to the request.  Subject to  the aforementioned, the PSC previously provided a list of cases

in which Dr. Longo provided testimony within the last four years (*see* November 17, 2023 report).

8.      With respect to scientific or technical materials prepared in whole or in part by You since

the date of your last MDL deposition:

    A.      A current bibliography listing all publications authored by You.

    B.      Any list of the subset of scientific or technical publications authored in whole or in

part by You which discuss the Talc Products and/or  Talc.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The

PSC further objects to this request and each of its subparts to the extent it requests that Dr. Longo

prepare documents in response to the request.  Subject to  the aforementioned, the PSC previously

provided Dr. Longo's curriculum vitae which provides a listing of all publications he has authored

(*see* November 17, 2023 report).

9.      Copies of all documents reflecting requests by You for funding to  study Talc and/or  the

Talc Products, the amount of funding (if any) received by You to study Talc and/or the  Talc

Products, and the identity of the sources for any funding received by You to study Talc and/or the

Talc products.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The

PSC  further  objects  to  this  request  to  the  extent  it  is  vague,  undefined  and  overly  broad.

Notwithstanding the aforementioned, no responsive documents exist.

10.      Copies of documents related to communications with employees or representatives of any Johnson & Johnson-affiliated company which discuss the Talc Products and/or Talc or which relate to, support or provide a foundation for any of Your opinions. These documents include without limitation:

      A.      All emails sent to (whether addressed to or copied to) or received from such persons.

      B.      Copies of all notes, tape recordings, or other memorialization of communications with such persons.

      **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad and assumes Dr. Longo is aware of any and all affiliations individuals may have with Johnson & Johnson companies. Notwithstanding the aforementioned, no responsive documents exist.

11.      Copies of documents related to communications with employees or representatives of any other cosmetic talc product manufacturer which discuss the Talc Products and/or Talc, or which related to, support or provide a foundation for any of Your opinions. These documents include without limitation:

      A.      All emails sent to (whether addressed to or copied to) or received from such persons.

      B.      Copies of all notes, tape recordings, or other memorialization of communications with such persons.

      **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad and assumes Dr. Longo is aware of any and all affiliations individuals may have with cosmetic

talc product manufacturers. Notwithstanding the aforementioned, no responsive documents exist.

12.     Copies of documents related to communications with employees or representatives of any journalist, reporter, broadcaster, blogger, commentator, or media outlet of any kind which discuss Johnson & Johnson or any Johnson & Johnson-affiliated company, the Talc Products and/or Talc. These documents include without limitation:

     A.     All emails sent to (whether addressed to or copied to) or received from such persons.

     B.     Copies of all notes, tape recordings, or other memorialization of communications with such persons.

     **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is vague, overly broad and assumes Dr. Longo is aware of any and all affiliations individuals may have with various media outlets. Notwithstanding the aforementioned, no responsive documents exist.

13.     All documents relating to any communications since the date of your last MDL deposition between You and any employee of the United States Food and Drug Administration, the Environmental Protection Agency, the National Institute of Occupational Health and Safety, the Occupational Safety and Health Administration, The United States Bureau of Mines, The United States Geological Survey, Health Canada, and/or any other federal, state, or local governmental agency regarding Talc, the Talc Products, and/or alleged contamination of talc with asbestos, asbestiform minerals, or elongate mineral particles.

     **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. Notwithstanding the aforementioned, Dr. Longo participated in the IWGACP meeting on February 4, 2020 and

provided a presentation which is publicly available.

14.    All materials containing statements by You since the date of your last MDL deposition expressing opinions, views, describing the advantages and disadvantages of Talc and/or the Talc Products.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad.  Notwithstanding the aforementioned, no such documents exist.

15.    Advertisements or other documents for solicitation of expert witness work by You since the date of your last MDL deposition.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague, overly broad and  seeks documents that are not relevant to this litigation. Notwithstanding the aforementioned, no responsive documents exist.

16.    All documents related to research, experiments, testing or any other study that has been done or is planned to be done by You since the date of your last MDL deposition, at Your request, or upon which You may rely in this matter, which relates to the Talc and/or the Talc  Products.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent Dr. Longo has reserved the right to supplement his opinions and may do so in the future.

17.    To the extent Your opinions or testimony will be based in whole or in part on facts and information learned and opinions formed in connection with treating patients, copies of redacted medical records and x-rays of patients treated by You.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request as Dr. Longo is offering no medical opinions in this case. Without waiving said objections, Dr. Longo has no relevant, responsive documents to produce.

18.    All models, illustrations, photographs, exhibits, or other documents prepared or obtained by or provided to You that explain, illustrate, or demonstrate any fact or opinion considered relevant to the case and/or to Your assignment, investigation, and/or opinions since the date of your last MDL deposition.  This request specifically includes any resources or exhibits that you may use to explain Your testimony to the fact finder.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is duplicative and/or seeks documents that have not yet been drafted. Neither the PSC nor Dr. Longo is currently required to disclose what documents or information may be used to explain testimony to the finder of fact.

19.    Any and all documents, records, information, tangible things, or other materials reviewed by You since the date of your last MDL deposition in preparation for this  deposition.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is overly broad and duplicative of other requests. Notwithstanding the aforementioned, any responsive documents have been listed in the materials considered list provided with Dr. Longo's expert report produced on November 17, 2023. Plaintiffs reserve the right to supplement this response if Dr. Longo reviews any additional documents not previously produced.

20.    All materials related to Your or Your Laboratory's testing of Johnson's Baby Powder or Shower to Shower, including but not limited to:

11

  A.    TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

  B.    PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks, including but not limited to Chrysotile in Talc by PLM – Count Sheets;

  C.    SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

  D.    PCM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks; and

  E.    XRD data and spectra.

 **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

21. All materials related to Your or Your Laboratory's testing of potential sources of cosmetic talc that You opine may be present in Johnson's Baby Powder or Shower to Shower, including but not limited to:

  A.    TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

  B.    PLM data, bench sheets, worksheets, count sheets, photographs,

photomicrographs, slides, and/or blanks, including but not limited to Chrysotile in Talc by PLM –
Count Sheets;

     C.      SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data,
photographs, photomicrographs, grids, and/or blanks;

     D.      PCM data, bench sheets, worksheets, count sheets, photographs,
photomicrographs, slides, and/or blanks; and

     E.      XRD data and spectra.

     **RESPONSE**: The PSC incorporates by reference the general objections stated above. The
PSC further objects to this request to the extent it is vague and overly broad. The PSC further
objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents
that have not yet been drafted. The PSC further objects to this request to the extent it seeks
materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving
said objections, any materials responsive to this request have already been produced during the
talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr.
Longo is not aware of any responsive documents.

22.     All materials related to Your or Your Laboratory's simulation studies involving cosmetic
talc, including but not limited to:

     A.      TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data,
photographs, photomicrographs, grids, and/or blanks;

     B.      PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs,
slides, and/or blanks;

     C.      SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data,
photographs, photomicrographs, grids, and/or blanks;

     D.      PCM data, bench sheets, worksheets, count sheets, photographs, photomicrographs,

slides, and/or blanks; and

  E.  XRD data and spectra.

 **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any discoverable materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

23.  All materials related to Your or Your Laboratory's development of heavy liquid density separation techniques for the identification of chrysotile, including but not limited to:

  A.  TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

  B.  PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks;

  C.  SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks; and

  D.  Worksheets, measurements, spreadsheets, lab memoranda, and/or experimental data.

 **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving

said objections, any materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

24.     All copies of Your or Your Laboratory's chrysotile PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

25.     All copies of Your or Your Laboratory's Calidria PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr.

Longo is not aware of any responsive documents.

26.     All copies of Your or Your Laboratory's Antigorite PLM reference bench sheets,
worksheets, photomicrographs, photographs, and/or images, including but not limited to standards
in 1.550 and 1.560 refractive index oil.

   **RESPONSE**: The PSC incorporates by reference the general objections stated above. The
PSC further objects to this request to the extent it is vague and overly broad. The PSC further
objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents
that have not yet been drafted. The PSC further objects to this request to the extent it seeks
materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving
said objections, any materials responsive to this request have already been produced during the
talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr.
Longo is not aware of any responsive documents.

27.     All copies of Your or Your Laboratory's Lizardite PLM reference bench sheets, worksheets,
photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and
1.560 refractive index oil.

   **RESPONSE**: The PSC incorporates by reference the general objections stated above. The
PSC further objects to this request to the extent it is vague and overly broad. The PSC further
objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents
that have not yet been drafted. The PSC further objects to this request to the extent it seeks
materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving
said objections, any materials responsive to this request have already been produced during the
talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr.
Longo is not aware of any responsive documents.

28.     All copies of Your or Your Laboratory's talc PLM reference bench sheets, worksheets,

photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

     **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

29.     All copies of Your or Your Laboratory's bentonite PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

     **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

30.     All written asbestos testing protocols You have ever cited or followed in connection with Your testing of talc or talcum powder for the presence of or release of asbestos.

     **RESPONSE**: The PSC incorporates by reference the general objections stated above. The

PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, Dr. Longo refers Defendants to each of his reports submitted in the talc litigation, all of which have a Materials & Methods Section. Any other materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

31.     All standard operating procedures ("SOPs") maintained by Your Laboratory for testing bulk materials for asbestos by PLM, TEM, and SEM.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Finally, the PSC objects to this request on the basis that SOPs are confidential and contain trade secret information.

32.     All SOPs maintained by MAS for activity-based air sampling for asbestos.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Finally, the PSC objects to this request on the basis that SOPs are confidential and contain trade secret information.

33.     All documents related to the identification of asbestos on blanks identified in connection

with Your Laboratory's testing of any cosmetic talcum powder samples.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter. Without waiving said objections, any relevant, discoverable materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

34.    All documents related to the identification of asbestos on blanks identified in connection with Your Laboratory's testing of any industrial talc samples.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter and outside the scope of the litigation. Without waiving said objections, any relevant, discoverable materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

35.    All documents related to the identification of asbestos on blanks identified in connection with Your Laboratory's testing of any tissue samples.

    **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further

objects to this request to the extent it is overly burdensome, duplicative and/or seeks documents that have not yet been drafted. The PSC further objects to this request to the extent it seeks materials or information not relevant to Dr. Longo's opinions in this matter and outside the scope of the litigation. Without waiving said objections, any relevant, discoverable materials responsive to this request have already been produced during the talcum powder litigation and, therefore, are already in possession of Defendants. Otherwise, Dr. Longo is not aware of any responsive documents.

36.     All demonstrative exhibits of every character, sort, and description that You expect to use and/or make use of or otherwise refer to during Your testimony at the trial of this Action, including but not limited to micrographs.

        **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is vague and overly broad. The PSC further objects to this request to the extent it is duplicative and/or seeks documents that have not yet been drafted. Neither the PSC nor Dr. Longo is currently required to disclose what documents or information may be used to explain testimony to the finder of fact.

## <u>DEMAND FOR PRESERVATION</u>

With respect to the materials referenced in requests for production 21-24, Defendants demand that You maintain and preserve all samples and PLM preparations, including but not limited to slides and cover slips, for any such samples in which Your Laboratory has identified "chrysotile" by PLM.

**RESPONSE:** The PSC incorporates by reference the general objections stated above. Without regard to Defendants' demand, Dr. Longo will preserve evidence relevant to this matter in accordance with the Federal Rules of Evidence, Federal Rules of Civil Procedure, relevant statutory and case law, as well as the Court's Orders in this matter.

**NOTICE OF INSPECTION PURSUANT TO F.R.C.P 34(a)(2)**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 34(a)(2), Defendants and their designated expert(s) will inspect:

(1) the following areas of the MAS Laboratory at 3945 Lakefield Ct, Suwanee, GA 30024: (a) talc intake and/or storage area; (b) talc sample preparation area(s); (c) talc PLM analysis area(s); (d) talc TEM analysis area(s); and (e) talc SEM analysis area(s);

(2) all PLM microscopes used by MAS for its analysis of the materials referenced in requests for production 20-24;

(3) MAS's methodology for preparing the materials referenced in requests for production 20-24 for subsequent analysis by PLM for the identification of "chrysotile," including but not limited to observing in real time the preparation of one or more samples of Johnsons Baby Powder performed by MAS; and

(4) MAS's methodology for analyzing the materials referenced in requests for production 20-24 for analysis by PLM for the identification of "chrysotile," including but not limited to observing in real time the analyses performed by MAS on the samples of Johnsons Baby Powder, as well as Defendants' experts undertaking real time, contemporaneous observation of the samples on the same PLM equipment used by MAS in which MAS has previously reported, and may during the inspection report, observing "chrysotile."

The inspection by Defendants and their designated expert(s) will commence at 3945 Lakefield Ct, Suwanee, GA 30024 on May 28, 2024 at 9:00 a.m. Eastern, or at another date mutually agreed upon by the Parties. The inspection will begin with (1), (2), and the portion of (3) leading up to and concluding with the start of MAS's 72-hour centrifugation preparation step. After the 72-hour centrifugation preparation step of (3) concludes, the inspection will continue with the remaining

steps of (3) followed by (4) on May 31, 2024 at 9:00 a.m. Eastern, or at another date mutually agreed upon by the parties.

The inspection will be recorded by video. The inspection is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and other applicable rules, including but not limited to any *Daubert* hearing conducted in this matter.

**RESPONSE**: The PSC incorporates by reference the general objections stated above. Moreover, the PSC objects to the Notice of Inspection on the grounds that it seeks to inspect places or things not relevant to the litigation and because the request is not proportional to the needs of the case. Further, inspections such as those demanded by Defendants are disfavored where, as here, the same evidence may be obtained through less obtrusive means of discovery. Specifically, Dr. Longo has produced documents and provided instructions specific enough for Defendants' experts to replicate his testing if they should choose. Further, Defendants have provided no authority that would require Dr. Longo to redo the testing in his report. Moreover, Dr. Longo's laboratory is replete with confidential, trade secret, and privileged materials, much of which is proprietary and/or the subject of ongoing litigation. Defendants' notice is unprecedented in scope, and the inspection proposed would be unduly burdensome in that it would interrupt business operations and unnecessarily impose upon Dr. Longo's employees. Entry onto Dr. Longo's premises entails much greater burden than the production of documents and things and is entirely unnecessary. MAS Laboratories will not be made available for Defendants' inspection on May 28, May 31, nor at any other time, absent Court Order.

Dated:  May 1, 2024                         Respectfully Submitted,

                                            *s/ P. Leigh O'Dell*
                                            P. Leigh O'Dell
                                            BEASLEY, ALLEN, CROW,
                                            METHVIN, PORTIS & MILES, PC
                                            218 Commerce Street
                                            Montgomery, AL 36104
                                            Telephone: 334-269-2343
                                            Email: leigh.odell@beasleyallen.com

                                            *s/ Michelle A. Parfitt*
                                            Michelle A. Parfitt
                                            ASHCRAFT & GEREL, LLP
                                            4900 Seminary Road, Suite 650
                                            Alexandria, VA 22311
                                            Telephone: 703-931-5500
                                            Email: mparfitt@ashcraftlaw.com

                                            *Plaintiffs' Co-Lead Counsel*

                                            *s/ Christopher M. Placitella*
                                            Christopher M. Placitella
                                            COHEN PLACITELLA ROTH, PC
                                            127 Maple Avenue
                                            Red Bank, NJ 07701
                                            Telephone 888-219-3599
                                            Facsimile: 215-567-6019
                                            Email: cplacitella@cprlaw.com

                                            *Plaintiffs' Liaison Counsel*

<u>CERTIFICATION OF SERVICE</u>

I hereby certify on this 1st day of May, 2024, I caused a true and correct copy of Plaintiffs'

Steering Committee's Response and Objections to Defendants' Updated Notice of Oral and

Videotaped Deposition of William Longo, Ph.D., Duces Tecum, Notice to Preserve and Notice of

Inspection to be served via electronic mail on the following counsel for Defendants:

> Susan M. Sharko, Esq.
> DRINKER BIDDLE & REATH LLP
> 600 Campus Drive
> Florham Park, New Jersey 07932
> susan.sharko@dbr.com

> *s/ P. Leigh O'Dell*
> P. Leigh O'Dell

25