# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS)<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants Johnson & Johnson and LLT Management LLC hereby notifies all parties of its intent to serve the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on FIG LLC d/b/a Fortress Investment Group LLC on May 17, 2024 or as soon thereafter as reasonably practicable.

Dated: May 17, 2024

/s/ *Allison M. Brown*
Allison M. Brown

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3222
Facsimile:   (917)   777-3222
Allison.Brown@skadden.com

*Attorneys for Defendants*
*Johnson & Johnson and*
*LLT Management LLC*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### District of New Jersey

| | |
|---|---|
| In Re Johnson & Johnson Talcum Powder Product Marketing, Sales Practices, and Products Liability Litigation ) ) ) ) ) ) | Civil Action No. 3:16-md-02738-MAS-RLS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    FIG LLC d/b/a Fortress Investment Group LLC 1345 Avenue of the Americas, 46th Floor, New York, NY 10105 USA

*(Name of person to whom this subpoena is directed)*

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A for a List of documents to be produced.

| Place: Patterson Belknap Webb & Tyler LLP<br>1133 6th Ave<br>New York, NY 10036 | Date and Time:<br><br>30 Days from date of service of this subpoena |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | **Date and Time:** |
|---|---|

  The following provisions of Fed. R. Civ. P. 45 are attached-Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/17/2024

| *CLERK OF COURT* | OR | /s/ Peter C. Harvey |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

  The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Johnson & Johnson and LLT Management, LLC , who issues or requests this subpoena, are: Peter C. Harvey, Patterson Belknap Webb & Tyler LLP, 1133 6th Ave, New York, NY 10036

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. **R.** Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:16-md-02738-FLW-LHG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (I) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees--0n a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--0r to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form/or Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required-and also, after a motion is transferred, the issuing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

**EXHIBIT A – SUBPOENA TO FIG LLC d/b/a FORTRESS INVESTMENT GROUP LLC**

TO: Fortress Investment Group LLC
1345 Avenue of the Americas
New York, NY 10105

PLEASE TAKE NOTICE that pursuant to Rules 30, 34, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, Johnson & Johnson and LLT Management LLC, by and through counsel, hereby commands FIG LLC d/b/a Fortress Investment Group LLC (hereinafter "You") to produce any and all documents and/or information in its possession, custody, and control responsive to the requests in schedule a, *infra,* within 30 days of the date of service of this subpoena at the address below:

Patterson Belknap Webb & Tyler LLP
1133 6th Ave
New York, NY 10036

| | |
|---|---|
| Dated: May 17, 2024 | Respectfully Submitted,<br><br>*/s/ Peter C. Harvey*<br>Peter C. Harvey<br>**PATTERSON BELKNAP WEBB & TYLER LLP**<br>1133 6th Ave<br>New York, NY 10036<br><br>***Counsel for Defendants Johnson & Johnson and LLT Management LLC*** |

# **DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Civil Rules for the District of New Jersey are hereby incorporated and apply to the Subpoena to Produce Documents, Information or Objects (the "Requests"). In addition, the following definitions apply to the Requests:

1. The term "Agreement" shall mean and include every manner or means of contract, arrangement, understanding, bargain or other meeting of the minds, in any form whether written or oral.

2. As used herein the term "Beasley Allen" means the Beasley Allen Law Firm, Andy Birchfield and any Person or entity acting on its behalf, including directors officers, employees, attorneys, and agents.

3. The term "Claimant" means litigants or potential litigants in the Cosmetic Talcum Powder Litigation.

4. The term "Communication(s)" and/or "Correspondence" shall mean and include every manner or means of correspondence, disclosure, transfer, or exchange, and every correspondence, disclosure, transfer or exchange of information, whether orally, electronically or by documents, or whether face-to-face, by telephone, mail, email, text messaging, instant messaging, facsimile, personal delivery, overnight delivery, or otherwise.

5. The term "concerning" means referring to, relating to, describing, regarding, evidencing, or constituting; and each such term shall be deemed synonymous to the others where used herein.

6. As used herein, the terms "Defendants" shall refer to Defendants Johnson & Johnson and LLT Management LLC, and any Person or entity acting on their behalf, including

directors, officers, employees and agents.

7. As used herein, the terms "You," And "Your" shall refer to Fortress Investment Group LLC, (d/b/a FIG LLC) ("Fortress") and any Person or entity acting on its behalf, including directors, officers, employees, and agents.

8. As used herein, the term "Law Firm" means any law firm and any Person or entity acting on its behalf, including directors officers, employees, attorneys, and agents.

9. "Documents" and "Documentation" means paper and electronic writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained and translated through electronic means. If a document was prepared in several copies and if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever, including notations on the front or back of any pages thereof, then each such copy must be produced. Consistent with the above definition, the term document shall include, without limitation, any computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

10. The term "Date" means exact day, month and year, if ascertainable, or the best available approximations, including any relationship to other known events (designate whether exact or approximate).

11. The term "Employee" includes, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, independent contractor, and/or other person who is or was employed by you or who provided services to you under an

independent contractor arrangement.

12. The terms "Fund" or "Funding" as used herein is the provision of any Remuneration.

13. The term "Identify," when used in reference to a document, means to state the title of the document, its date, its author, its serial or identification number (if any), and its Bates number (if previously produced in the Litigation).

14. The term "Identify," when used in reference to an object, means to state the generic and proprietary name of the object, its version or edition (if applicable), title of the document, its date, its author, its serial or identification number (if any), and the date it was created (if available) with sufficient specificity so that the object (or a reasonable facsimile of it) can be positively identified.

15. As used herein, the term "Identify" as used with respect to the identification of a Person calls for the following information: the full name of the Person; the name of the Person's employer and job title; if the Person is other than a natural person, a description of the nature of the entity; the Person's last known business address and telephone number; and the Person's last known home address, email address and telephone number.

16. As used herein, the term "Person" refers to any and every natural individual, firm, agency, organization, association, partnership, joint venture, corporation, public entity or any other kind of business, legal or governmental entity or association and any and every other identifiable entity.

17. The "Proposed Plan of Reorganization" refers to the plan for Resolution of certain claims in the Cosmetic Talcum Powder Litigation announced by LLT Management on May 1, 2024.

18. The use of the singular herein shall be deemed to include the plural and vice versa; and the use of one gender shall include the other, as appropriate in the context. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

19. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

20. "Related to," or "regarding," mean, without limitation, concern, discuss, describe, reference, allude to, contain, list, evidence, mention, reflect, deal with, pertain to, analyze, evaluate, estimate, explain, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

21. "Remuneration" means to pay, compensate, satisfy, reimburse, indemnify, or otherwise compensate whether through money or any other financial incentive or benefit.

22. "Resolution" or "Resolve" means to settle a legal claim outside of the tort system.

23. The term "Third Party Funding" relates to any benefit received from any Person that is not a party to the above-captioned matter that provides support for, or incentive to continue, the above-captioned matter, including both individual cases filed within the action as well as the multi-district litigation matter IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION as a whole. This includes, without limitation providing funding for some or all of the costs of the instant action or an individual case filed within the action in exchange for a) any financial interest in the outcome of this or other Litigation, or b) a non-monetary result. *See* Local Rule 7.1.1. For example, Third Party Funding includes any Funding received from Fortress Investment Group, LLC (d/b/a FIG LLC) ("Fortress") in connection with the above-captioned

action.

24. The term "Litigation" as used herein, refers to the any conduct or action taken in furtherance of the Cosmetic Talcum Powder Litigation and/or the Bankruptcy Proceedings.

25. The term "Bankruptcy Proceedings" as used herein include the Chapter 11 Filings from LLT Management (Case No. 21-30589 and Case No. 23-12825).

26. The term "Cosmetic Talcum Powder Litigation," includes, without limitation, any claims concerning Johnson & Johnson's talcum powder products filed or contemplated against the Defendants, regardless of the underlying injury or disease alleged.

## INSTRUCTIONS

The following instructions are incorporated in and apply to each of the categories of Requests below:

1. You are requested to furnish all information in Your possession, custody, or control, regardless of whether such information is possessed directly by You or Your agents, Your attorneys or their agents, or anyone else acting on Your behalf.

2. If You are unable to provide information in response to any Request, or cannot produce the requested information in full, so state and indicate whether the information ever existed or whether the information once existed but cannot be located and/or the reasons for Your inability to make a complete production. If any information once was, but is no longer, in Your possession, custody or control, state the whereabouts of such information when last in Your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent any information has been lost or destroyed, produce any documents that support Your assertion that the information was lost or destroyed, and provide the date thereof. The terms defined above and in the Requests should be construed broadly to the

7

fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure and the Local Civil Rules.

3. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual constructions will serve to bring within the scope of these Requests any documents that would otherwise not be brought within its scope.

4. The use of the singular form of any word includes the plural, and vice versa.

5. These Requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You obtain or discover additional information called for by the Requests between the time of the original response and the time set for trial.

6. If You withhold any information responsive to these Requests based upon any privilege, provide the following for each piece of information withheld:

   a. the type of information withheld;

   b. the general subject matter of the information withheld;

   c. the creation date of the information withheld;

   d. the author(s) of the information and their title(s); the recipient(s) of the information and their title(s); and

   e. the basis for withholding such information.

7. With respect to each Document required to be identified by these Requests to which a claim of privilege is asserted, separately state the following:

   a. The type of document (*e.g.*, letter, memorandum, note, etc.);

   b. Its date;

   c. The name, business address and present position of its author(s);

   d. The position of its author(s) at the time the document was prepared;

8

   e. The name, business address and present position of its addressee(s) and all other recipients of the document;

   f. The position of its addressee(s) and all other recipients at the time the document was prepared and at the time it was received;

   g. A general description of the subject of the document;

   h. The basis of the claim of privilege; and

   i. If the basis for the claim of privilege is the work product doctrine, identify the proceeding for which the document was prepared.

8. Failure to properly identify any withheld Documents may result in a waiver of any right to later assert privilege.

9. This Request imposes a continuing obligation upon you. If after producing Documents or information responsive to this Demand additional information or Documents become available to you, you are required to produce such additional Documents or information.

10. All documents are to be produced in accordance with Case Management Order No. 5 (Protocol for Production of Document and ESI), attached hereto.

## DOCUMENTS TO BE PRODUCED

1. All Communications or Agreements between You and Law Firms related to the Litigation.

2. All Communications, Agreements, or Documents that reflect which Law Firms You have provided Funding to related to the Litigation.

3. All Communications, Agreements, or Documents that reflect when You began providing Funding to Law Firms related to the Litigation.

4. All Communications, Documents, or agreements that reflect in any way to Funding You provided to Law Firms related to the Litigation.

5. All Communications, Agreements, or Documents, that reflect the terms of the Funding You provided to Law Firms related to the Litigation.

6. All Communications between You and Law Firms related to Defendants' proposed Resolutions of the Litigation from 2020 the present, including Communications related to the Litigation and the Proposed Plan of Reorganization.

7. All Communications between You and Law Firms related to the Proposed Plan of Reorganization and the solicitation of Claimants regarding same.

8. All Communications between You and Beasley Allen related to the Litigation.

9. All Documents related to Your Funding Beasley Allen's activities related to the Litigation.

10. All Documents, Communications, or Agreements that concern the conveyance, sale, syndication, factoring or other transfer of Third-Party Funding You provided to Beasley Allen that any way relates to the Litigation and/or claims that have or may be asserted therein.