**burns charest llp**

**Amanda K. Klevorn**
aklevorn@burnscharest.com

May 22, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

>   Re:   In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation – MDL 2738

Dear Magistrate Judge Singh:

We write on behalf of the three Burns Charest Plaintiffs listed in Exhibit A to Defendants' May 1, 2024, letter to the Court. One of these Plaintiffs was listed in error, and the remaining two Plaintiffs are currently non-responsive. We respectfully request an additional sixty (60) days to cure any alleged PPF deficiencies for the remaining two Plaintiffs' cases, or in the alternative, that the cases be dismissed **without** prejudice. For the reasons discussed below, there is no basis for imposing the most severe terminating sanction, a dismissal with prejudice, in this situation.

### I. LEGAL ARGUMENT

A trial court has the discretionary power to impose sanctions for failure to comply with discovery requests. *Hirsch v. Gen. Motors Corp.*, 266 N.J. Super. 222, 628 A.2d 1108 (Law. Div. 1993). Although it is the policy of the law that discovery rules must be complied with, it is also the rule that drastic sanctions should be imposed only sparingly. *Lang v. Morgan's Home Equipment Corp.*, 6 N.J. 333, 339-40, 78 A.2d 705 (1951). The penalty that is imposed should be appropriate and fair to both parties. *Williams v. Am. Auto. Logistics*, 226 N.J. 117, 124, 140 A.3d 1262 (2016).

Dismissal with prejudice is the ultimate sanction and should only be ordered when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party. *Johnson v. Mountainside Hosp., Resp. Disease Assoc.,* 199 N.J. Super. 114, 119, (App. Div. 1985) (citing *Zaccardi v. Becker,* 88 N.J. 245, 253 (1982)). The paramount consideration when determining the penalty for a discovery violation is whether a lesser sanction than dismissal would suffice to erase the prejudice by the non-delinquent party. *Id.* As such, the dismissal of a party's cause of action with prejudice should only be invoked in those cases where the discovery "goes to the very foundation of the cause of action, ... or where the refusal to comply is deliberate and contumacious...." *Id.*

### II. RESOLVED DEFICIENCIES

One Burns Charest Plaintiff included in Defendants' letter was submitted in error as their delinquency status has been resolved. Scott Dawson produced Profile Forms on April 29, 2024, and his case **should not be dismissed**. Although Defendants have acknowledged this error, we have listed it here out of an abundance of caution to ensure that the case is not dismissed.

| Dawson, Scott | 3:17-cv-08749 | PPF submitted 4/29/2024 |

Magistrate Judge Singh
January 5, 2023
Page 2

### III.  UNRESOLVED DEFICIENCIES

The remaining two Burns Charest Plaintiffs are currently non-responsive. Burns Charest has sent multiple warning letters, emails, and made multiple calls to all addresses, emails, and telephone numbers available in the public record for the Plaintiffs at issue. This correspondence has asked the Plaintiffs to contact undersigned counsel immediately in order to cure the deficiencies and has advised that Johnson & Johnson seeks to dismiss their cases. Both of these Plaintiffs have been provided undersigned counsel's contact information on multiple occasions.

| Clark, Patricia | 3:17-cv-05696 | Nonresponsive |
| McDeavitt, Cynthia | 3:17-cv-07283 | Nonresponsive |

We respectfully request an additional sixty (60) days to cure any alleged PPF deficiencies, or in the alternative, that their cases be dismissed **without** prejudice. Dismissal with prejudice is the ultimate sanction and is wholly inappropriate here where these Plaintiffs have failed to meet one discovery deadline, and the delay does not impact any other important litigation deadlines.

Best regards,

**BURNS CHAREST LLP**

Amanda Klevorn, Partner
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
T: (504) 799-2845
F: (504) 881-1765
E: aklevorn@burnscharest.com

*Attorneys for Burns Charest LLP Plaintiffs*

cc: All Counsel of Record (via ECF)