**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738 (MAS)/(RLS)<br><br>MLD Case No. 2738<br><br>[FILED ELECTRONICALLY]<br><br>Return Date: July 1, 2024 |

**NON-PARTY BEASLEY ALLEN'S BRIEF IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER OVER SUBPOENA DIRECTED TO THE BEASLEY ALLEN LAW FIRM**

**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
Jeffrey M. Pollock, Esq.
Michael W. Sabo, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: 609-896-7660
Facsimile: 609-896-1469
*Attorneys for Andy Birchfield and Beasley Allen*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

RELEVANT FACTS AND PROCEDURAL HISTORY .................................................. 2

ARGUMENT ........................................................................................................................ 4

J&J SUBPOENA DIRECTED TO NON-PARTY BEASLEY ALLEN (ITS LITIGATION ADVERSARY IN THIS CASE) MUST BE QUASHED .................................................. 4

    A. Legal Standard ........................................................................................................ 4

    B. The Subpoena is Void as it is Issued from the District of New Jersey but Demands Production of Documents Outside the District of New Jersey ............................. 4

    C. The Subpoena Must Be Quashed Because it Seeks Irrelevant, Privileged Information, and the Subpoena Exceeds the Scope of its Discovery ............................................ 5

        1. The Subpoena seeks irrelevant information including documents and communications concerning Third-Party Litigation Funding ................................. 6

        2. The Subpoena seeks documents and communications not proportional to the needs of the MDL .................................................................................................... 7

        3. The Subpoena to J&J's litigation opposing counsel Beasley Allen is unduly burdensome, oppressive and harassing ................................................................. 9

        4. J&J's Subpoena to its litigation opponent Beasley Allen seeks privileged and confidential documents and communications concerning client settlement ........ 10

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Benitez v. Lopez*,
    2019 WL 1578167 (E.D.N.Y. March 14, 2019) ...................................................................6

*Corp. Incentives, Inc. v. Unified Safe Guard, LLC*,
    2023 WL 6164278 (D.N.J. July 25, 2023) .........................................................................5

*Costantino v. City of Atl. City*,
    2015 WL 12806490 (D.N.J. Nov. 4, 2015) .......................................................................4

*DIRECTV, Inc. v. Richards*,
    2005 WL 1514187 (D.N.J. June 27, 2005) ........................................................................9

*Glenmede Tr. Co. v. Thompson*,
    56 F.3d 476 (3d Cir. 1995) ................................................................................................4

*In re Grand Jury Investigation*,
    599 F.2d at 1228 ..............................................................................................................11

*Gross-Quatrone v. Mizdol*,
    2021 WL 9978409 (D.N.J. Mar. 1, 2021) ..........................................................................6

*Hallamore Corp. v. Capco Steel Corp.*,
    No. 08–cv00075S, 259 F.R.D. 76 (D.Del.2009) ...............................................................4

*Hashem v. Hunterdon Cnty.*,
    2017 WL 2215122 (D.N.J. May 18, 2017) ........................................................................8

*Hinsinger v. Conifer Ins. Co.*,
    2024 WL 866529 (D.N.J. Feb. 29, 2024) ........................................................................10

*James v. Booz-Allen Hamilton, Inc.*,
    206 F.R.D. 15 (D.D.C. 2002) ............................................................................................5

*Kaplan v. S.A.C. Capital Advisors, L.P., S.A.C.*,
    2015 WL 5730101 (S.D.N.Y. Sept. 10, 2015), *aff'd*, 141 F. Supp. 3d 246
    (S.D.N.Y. 2015) .................................................................................................................6

*Kremen v. Cohen*,
    2007 WL 1119396 (N. Cal. Apr. 16, 2007) .......................................................................5

*Maximum Hum. Performance, LLC v. Sigma-Tau HealthScience, LLC*,
    2013 WL 4537790 (D.N.J. Aug. 27, 2013) .......................................................................6

*McVicker v. King*,
    266 F.R.D. 92 (W.D. Pa. 2010) ...............................................................................................11

*Memory Bowl v. N. Pointe Ins. Co.*,
    280 F.R.D. 181 (D.N.J. 2012) .................................................................................................11

*Miller UK Ltd. v. Caterpillar, Inc.*,
    17 F. Supp. 3d 711 (N.D. Ill. 2014) ......................................................................................6, 8

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*,
    278 F.3d 621 (6th Cir. 2002) ....................................................................................................9

*Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*,
    2023 WL 1990488 (D.N.J. Feb. 14, 2023) ...............................................................................9

*Schmulovich v. 1161 Rt. 9 LLC*,
    2007 WL 2362598 (D.N.J. Aug. 15, 2007) ..............................................................................9

*Seven Z Enterprises, Inc. v. Giant Eagle, Inc.*,
    2020 WL 7240365 (W.D. Pa. Mar. 6, 2020) ............................................................................9

*Space Data Corp. v. Google LLC*,
    2018 WL 3054797 (N.D. Cal. June 11, 2018) .........................................................................7

*Staff4Jobs, LLC v. List Logistics, LLC*,
    2020 WL 13580942 (D.N.J. Oct. 19, 2020) ..........................................................................6, 8

*Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*,
    2012 WL 1191214 (D.N.J. Apr. 10, 2012) ............................................................................4, 5

*Times of Trenton Pub. Corp. v. Pub. Util. Serv. Corp.*,
    2005 WL 1038956 (D.N.J. May 3, 2005) .........................................................................10, 11

*Too Much Media, LLC v. Hale*,
    206 N.J. 209 (2011). RFP Nos. 7 and 8 .................................................................................10

*Topolewski v. Quorum Health Res., LLC*,
    2013 WL 99843 (M.D. Tenn. Jan. 8, 2013) .............................................................................9

*In re Valarsatan*,
    405 F. Supp. 3d 612 (D.N.J. 2019) .......................................................................................6, 7

**Statutes**

N.J.S.A. 2A:84A-21 ..........................................................................................................................10

Shield Law ........................................................................................................................................10

**Other Authorities**

First Amendment ...........................................................................................................................11

Seventh Amendment ......................................................................................................................2

Fed. R. Civ. P. 26 ..........................................................................................................................4

Fed. R. Civ. P. 26(b)(3)(A) ..........................................................................................................11

Fed. R. Civ. P. 26(c) .....................................................................................................................4

Fed. R. Civ. P. 45(d)(3)(A) .....................................................................................................4, 10

Fed. R. of Evid. 408 ....................................................................................................................10

N.J.R.E. 508 ................................................................................................................................10

Rule 26(b)(1) .......................................................................................................................6, 7, 8

Rule 45 ..........................................................................................................................................5

Rule 45(a)(2)(C) ............................................................................................................................5

Rule 45(c)(2)(A) ............................................................................................................................5

**PRELIMINARY STATEMENT**

Johnson & Johnson and LLT Management, LLC's (together J&J) subpoena (the Subpoena) directed to its years-long litigation adversary Beasley Allen must be quashed as it is the latest move in J&J's revenge campaign against Mr. Andy D. Birchfield Jr., Esq., Beasley Allen, and its asbestos-talc victim clients. J&J served the Subpoena because—in its own words—Beasley Allen opposed J&J's bad faith bankruptcy filing "all the way to the Third Circuit and managed to defeat the bankruptcy plan." After the Third Circuit and later the Bankruptcy Court dismissed J&J's repeated bad faith bankruptcy filings, J&J moved to disqualify its successful litigation opponents Beasley Allen and Mr. Birchfield from this MDL. J&J refuses to withdraw the Subpoena even after it obtained and submitted an affidavit affirming Mr. Birchfield's sworn testimony that Beasley Allen does not have any talc-related litigation funding.

Not content with filing a disqualification motion for purely tactical reasons and to harass opposing counsel, J&J served a subpoena on Beasley Allen to obtain irrelevant, privileged communications with its clients. The Subpoena must be quashed because it issued from this Court but orders a Montgomery, Alabama non-party to produce documents in New York. The Subpoena is therefore fatally defective and void. On the merits, the Subpoena must also be quashed because it seeks wholly irrelevant and privileged documents, including: (1) non-existent third-party litigation funding; (2) purported communications exchanged between Beasley Allen and the press; and (3) privileged settlement communications between Beasley Allen and its clients. The Subpoena is a new low for J&J in its proxy war with opposing counsel Beasley Allen and its assault on its own customers—individuals harmed by J&J's products and Beasley Allen's clients. The Court should quash the Subpoena because J&J must be sent a clear message: J&J's repeated abuses of the legal system—including in this MDL and the bankruptcy code—shall go no further.

1

## RELEVANT FACTS AND PROCEDURAL HISTORY

Like prior attacks on scientists and others opposing it, J&J set its sights on Beasley Allen and Birchfield after its second bankruptcy attempt was dismissed for lack of good faith. Beasley Allen opposed both J&J's initial bankruptcy (which the Third Circuit dismissed as a bad faith petition) and J&J's second attempt was dismissed months later by the bankruptcy court. Beasley Allen opposed both bankruptcy petitions because the plans did not offer fair and reasonable compensation to cancer victims and attempted to strip plaintiffs of their Seventh Amendment right to a jury trial. Beasley Allen's goal all along has been to obtain the best and fairest recovery for its clients. J&J now threatens cancer victims with the prospect of a third bad faith "pre-packaged" bankruptcy petition to be filed in Texas that would "cram down" an undervalued settlement and divest this Court of its jurisdiction.

In December 2023, J&J filed a motion to disqualify Beasley Allen and Andy D. Birchfield, Jr., Esq. from this litigation and remove Beasley Allen from the Plaintiffs' Steering Committee. (ECF No. 28760). Beasley Allen opposed the motion. (ECF No. 28826). Then, during the pendency of the motion to disqualify, J&J tried to obtain Beasley Allen's privileged communications with court-appointed mediators and litigation resolution company KCIC, LLC. (ECF No. 28912). J&J sought mediation-protected documents and communications between or among Beasley Allen, KCIC, LLC, and the court appointed mediators—the same mediation that J&J refused to take part in. (ECF No. 29999). Plaintiffs sought a protective order, and the Court-appointed Special Master Joel Schneider, U.S.M.J. (ret.) granted the motion finding that the mediation privilege covered many of the documents J&J sought. (*Id.*)

On May 17, 2024, J&J filed a "Notice of Intent to Serve Subpoena" to Beasley Allen. (ECF No. 32201). The Subpoena seeks irrelevant, overly burdensome, and privileged documents including: (1) non-existent third-party litigation funding; (2) purported communications

2

exchanged between Beasley Allen and the press; and (3) privileged settlement communications between Beasley Allen and its clients. That same day, J&J sought entry of an order expediting a response to the Subpoena.[1]

By letter dated May 20, 2024, J&J notified the Court that it was withdrawing its subpoena to Fortress Investment Group LLC (ECF No. 32213). The May 20, 2024 letter also leveled baseless allegations against Beasley Allen concerning purported undisclosed litigation funding and various alleged financial arrangements. (*Id.*). J&J's letter included a declaration from David Meisels (the Meisels Declaration), Head of Litigation for Fortress. (*Id.* at Exh. A). The Meisels Declaration confirmed that "Neither Fortress nor any Fortress managed fund has provided any financing to the Beasley Allen law firm (Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.)." *Id.* at ¶3.

J&J served the Subpoena on May 20, 2024. In response, Beasley Allen timely served a written objection to J&J's counsel and demanded that J&J withdraw the Subpoena as it seeks irrelevant, burdensome and privilege materials. (ECF No. 32251-1). J&J refused to withdraw the Subpoena even after J&J obtained an affidavit from Fortress affirming the sworn testimony of Birchfield that Beasley had no talc litigation funding. On May 22, 2024, the Court denied J&J's request for an expedited response. (ECF No. 32249). Beasley Allen filed and served a timely written objection to the Subpoena on May 20, 2024. (ECF No. 32251). In the objection letter, Beasley Allen argued that "litigation funding (if it existed) is not relevant and therefore not discoverable here." *Id.* at 13 (citing *In re Valarsatan*, 405 F. Supp. 3d 612, 615-20 (D.N.J. 2019)). Beasley Allen now seeks an order from this Court barring J&J from further abusing civil discovery,

---

[1] J&J also served notices of intent to serve subpoenas on other non-parties, including: (1) Ellington Management (ECF Doc. 32215), (2) Thomson Reuters Corporation (ECF Doc. 32204), (3) Fortress Investment Group, LLC (ECF Doc. 32203), and The Smith Law Firm (ECF Doc. 32226).

3

including enforcing the Subpoena and continuing to serve non-party discovery upon opposing counsel, its litigation adversary.

### ARGUMENT

### J&J'S SUBPOENA DIRECTED TO NON-PARTY BEASLEY ALLEN (ITS LITIGATION ADVERSARY IN THIS CASE) MUST BE QUASHED.

**A.  Legal Standard.**

Courts must quash or modify a subpoena that requires "disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Alternatively, Fed. R. Civ. P. 26 permits the Court, for good cause, to issue a protective order to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see Costantino v. City of Atl. City*, 2015 WL 12806490, at *3 (D.N.J. Nov. 4, 2015) (good cause requirement satisfied where third-party subpoena sought irrelevant documents).

**B.  The Subpoena is Void as it is Issued from the District of New Jersey but Demands Production of Documents Outside the District of New Jersey.**

The Subpoena is void and must be quashed for two reasons: (1) the Subpoena issued from the District of New Jersey but demands production of documents in New York; and (2) this Court cannot compel compliance with a subpoena issued to a Montgomery, Alabama non-party nearly 1,000 miles away.

First, the Subpoena must be quashed because it issued from the wrong court. A "subpoena issued from the wrong court is 'void or invalid on its face under Rule 45' and cannot be amended by the court." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, 2012 WL 1191214, at *6 (D.N.J. Apr. 10, 2012) (citation omitted); *Hallamore Corp. v. Capco Steel Corp.*,

4

No. 08–cv00075S, 259 F.R.D. 76, 80 (D.Del.2009) (finding subpoena issued from incorrect district "invalid, unenforceable and [could] not be amended"). The Subpoena issued from this Court, but seeks production at "King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036." (ECF No. 33201 at 2). The Subpoena is void or invalid on its face under Rule 45 and must be quashed because this Court cannot compel the production of documents outside its jurisdiction (New York). Neither the documents sought nor the place of compliance falls within this District. *See Tattle Tale Portable Alarm Sys., Inc.*, 2012 WL 1191214, at *5-6 (denying motion to compel where subpoena calls for the production of documents to be made in Columbus, Ohio, not in the territorial jurisdiction of the District of New Jersey); *Kremen v. Cohen*, 2007 WL 1119396, at *1 (N. Cal. Apr. 16, 2007) (subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); *James v. Booz-Allen Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) (subpoena quashed as improper).

Second, the Subpoena must be quashed because it seeks production of documents from a Montgomery, Alabama non-party in New Jersey—well beyond the 100-mile limit required by Rule 45(c)(2)(A). *Corp. Incentives, Inc. v. Unified Safe Guard, LLC,* 2023 WL 6164278, at *2 (D.N.J. July 25, 2023) (noting that under Rule 45(c)(2)(A) "a subpoena may command the production of documents and other materials "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."). Here, the Subpoena commands a Montgomery, Alabama non-party to produce documents in New York City—nearly 1,000 miles from Beasley Allen's office. The Subpoena cannot be enforced, and it must be quashed.

### C. The Subpoena Must Be Quashed Because it Seeks Irrelevant, Privileged Information, and the Subpoena Exceeds the Scope of Discovery.

The Subpoena must be quashed because it seeks irrelevant, privileged information that

5

exceeds the permissible scope of discovery.[2]

### 1. The Subpoena seeks irrelevant information including documents and communications concerning Third-Party Litigation Funding.

The Subpoena must be quashed because it seeks irrelevant information, including documents and communications concerning litigation funding. *See Gross-Quatrone v. Mizdol*, 2021 WL 9978409, at *2 (D.N.J. Mar. 1, 2021) ("First, the subpoenaing party must demonstrate that the information sought is relevant to any party's claim or defense and proportional to the needs of the case under Rule 26(b)(1).") (citation omitted). "Generally, courts afford greater protection to non-parties in discovery, and non-party subpoenas must meet a higher standard of relevance than subpoenas directed toward parties." *Staff4Jobs, LLC v. List Logistics, LLC*, 2020 WL 13580942, at *3 (D.N.J. Oct. 19, 2020) (citation omitted).

Discovery "directed to a plaintiff's litigation funding is irrelevant." *In re Valarsatan*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (collecting cases finding litigation funding irrelevant). *See also Benitez v. Lopez*, 2019 WL 1578167, at *1 (E.D.N.Y. March 14, 2019) ("As to the litigation funding documents, Defendants fail to establish that such discovery is 'relevant to any party's claims or defense.'"); *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 742 (N.D. Ill. 2014) (same); *Kaplan v. S.A.C. Capital Advisors, L.P., S.A.C.*, 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015), *aff'd*, 141 F. Supp. 3d 246 (S.D.N.Y. 2015). (same).

The Subpoena seeks all documents and communications relating to "funding" Beasley Allen received from Fortress (there is none) and funding from any other third party or person. *See*

---

[2] For the reasons discussed below, this Court should impose appropriate sanctions, including attorney's fees, on J&J for failing "to comply with the Rule's directives." *See* Fed. F. Civ. P. 45(c)(1); *Maximum Hum. Performance, LLC v. Sigma-Tau HealthScience, LLC*, 2013 WL 4537790, at *3 (D.N.J. Aug. 27, 2013).

(ECF No. 32201 at RFP Nos. 1-2). Similarly, the Subpoena seeks all documents, communications and agreements related to "remuneration" and litigation funding. *See id.* at Nos. 3-5. First, as Judge Joel Schneider, U.S.M.J. ruled in denying a similar request, *see In re Valarsatan*, 405 F. Supp. 3d 612, 615-20, (D.N.J. 2019), the prejudicial value greatly outweighs the probative value (if any) of the existence of litigation funding particularly in an MDL like the case at issue here. Further, the Meisels Affidavit is telling. Mr. Meisels states that he has no knowledge of any litigation funding by Beasley Allen. *See* ECF Document 32213, at 4.

Second, Mr. Meisels indicates that the last time he engaged in any litigation with the Smith Law Firm, PLLC was over 3 years ago. *See id.* at ¶4. J&J makes no proffer that a loan that expired three (3) years ago on a prior legal matter by Mr. Smith is somehow relevant today in the pending MDL. Third, Mr. Birchfield has already testified that Beasley Allen has not used litigation funding in this matter. *See* Motion to Disqualify (ECF Document 32153) May 3 Tr. at 60 to 62.[3] The documents sought in RFPs Nos. 1-5 (even if they existed) are irrelevant. "The fact that defendants have raised no nonspeculative basis for their discovery request" should result in quashing the Subpoena. *In re Valarsatan*, 405 F. Supp. 3d at 616 (citing cases). For these reasons, RFP Nos. 1-5 must be quashed.

> 2. **The Subpoena seeks documents and communications not proportional to the needs of the MDL.**

The Subpoena must be quashed because it seeks documents and communications not "proportional to the needs of the" MDL. Rule 26(b)(1). *See In re Valarsatan*, 405 F. Supp. 3d at 615-19 (finding request for litigation funding in MDL disproportionate); *Space Data Corp. v.*

---

[3] Moreover, Judge Porto in the Motion to Disqualify plenary hearing already found the issue of litigation funding to be irrelevant. *Id.* at 61 to 62. The demand for discovery of litigation funding is inappropriate in light of New Jersey law but is particularly unwarranted when it has already been the subject of direct testimony before Your Honor and Judge Porto. *Id.*

7

*Google LLC*, 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018) (denying litigation funding discovery and because that information is irrelevant and "[e]ven if litigation funding were relevant (which is contestable), potential litigation funding is a side issue at best. The Court finds that there is much discovery that would be more ... important in resolving the merits of this case."); *Miller UK Ltd.*, 17 F.Supp. 3d at 721 (discovery was never "intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest.").

At the outset, the Subpoena must be quashed because J&J must (and cannot) show a heightened need and relevance for discovery directed to non-parties like Beasley Allen. *Staff4Jobs, LLC*, 2020 WL 13580942, at *3. Beasley Allen is also J&J's litigation opponent, which raises serious questions about its legitimacy. *See*, *infra*, Section C.3 (discussing federal practice heavily disfavoring discovery to litigation adversary). The Subpoena broadly seeks "all documents or communications" or "agreements" without any limitation. (ECF No. 32201). J&J issued the Subpoena to harass opposing litigation counsel, not for any legitimate or relevant basis. And Beasley Allen did not use litigation funding in this MDL. Fortress confirmed same. *See* ECF Document 32213, at 4.

RFP Nos. 7 and 8 must also be quashed because J&J has not demonstrated why the discovery sought from Beasley Allen and Thomson Reuters is relevant. For example, the subpoena seeks "all" communications and documents with Thomson Reuters concerning regarding J&J's proposed reorganization plan and solicitation of "personal injury Plaintiffs." But communications with Thomson Reuters bears no relevance to this litigation whatsoever. Whether Beasley Allen (J&J's litigation opposing counsel) communicated with new organizations is not reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1). "While the scope of discovery is broad, it is not unlimited . . . and should not serve as a fishing expedition." *Hashem*

8

*v. Hunterdon Cnty.,* 2017 WL 2215122, at *2 (D.N.J. May 18, 2017); *See Seven Z Enterprises, Inc. v. Giant Eagle, Inc.*, 2020 WL 7240365, at *3 (W.D. Pa. Mar. 6, 2020) ("The sheer scope of the subpoenas speaks to [the document requests'] disproportionality."). For the reasons detailed above, the Subpoena must be quashed.

### 3. The Subpoena to J&J's litigation opposing counsel Beasley Allen is unduly burdensome, oppressive, and harassing.

The Subpoena must be quashed because it is unduly burdensome, oppressive, and harassing. A subpoena is considered unduly burdensome when it "is unreasonable or oppressive." *DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citation omitted); *see Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *4 (D.N.J. Aug. 15, 2007) (outlining eight factor test for unreasonableness).

A party should not be permitted to serve a subpoena (seeking all documents and communications with third-parties) upon its litigation adversary to harass opposing counsel. "In general, a subpoena directed to opposing counsel in a pending action is improper, and is subject to a motion to quash or for a protective order. This is so because obtaining discovery or testimony from opposing counsel undermines the adversarial system and increases the time and cost of litigation, because questions of attorney-client privilege and work product protections are practically unavoidable when counsel becomes a witness." *Topolewski v. Quorum Health Res., LLC,* 2013 WL 99843, at *4 (M.D. Tenn. Jan. 8, 2013) (quoting MOORE'S FEDERAL PRACTICE 3D § 45.05[1][c][2], p. 45–36); *see Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2023 WL 1990488, at *4 (D.N.J. Feb. 14, 2023) (discussing heightened burden to depose opposing counsel). After the baseless motion to disqualify, the Subpoena is J&J's latest unfounded attack on Beasley Allen (its litigation adversary); *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628–629 (6th Cir. 2002) (motion for discovery from opposing

9

counsel properly denied when movant failed to show either relevance or that information sought was critical to case). J&J has not articulated any basis to subpoena Beasley Allen for an unlimited trove of irrelevant documents in the MDL. J&J must be put on notice that its litigation tactics and abuses of the courts cannot continue.

  **4. J&J's Subpoena to its Litigation Opponent Beasley Allen Seeks Privileged and Confidential Documents and Communications Concerning Client Settlement.**

The Subpoena must be quashed because RFP No. 6 seeks Beasley Allen's attorney-client privileged communications, including "All Documents, Communications, or Agreements" that concern the "authority to settle or otherwise resolve" the asbestos-talc litigation. (ECF No. 32201 at 14). The "Court 'must quash or modify a subpoena' that, *inter alia,* requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed, R. Civ. P. 45(d)(3)(A)" *Hinsinger v. Conifer Ins. Co.*, 2024 WL 866529, at *5 (D.N.J. Feb. 29, 2024).

"The attorney-client privilege applies to communications by a client, made in confidence, for the purpose of seeking legal advice from an attorney who is acting in his or her capacity as an attorney." *Hinsinger v. Conifer Ins. Co.*, 2024 WL 866529, at *7 (D.N.J. Feb. 29, 2024) (citation omitted). *See Times of Trenton Pub. Corp. v. Pub. Util. Serv. Corp.*, 2005 WL 1038956, at *6 (D.N.J. May 3, 2005) (finding documents relating "to legal strategy regarding a settlement offer" "protected by the attorney-client privilege and the work-product doctrine"); *see also* Fed. R. of Evid. 408.[4] The Subpoena must be quashed because it broadly seeks "All Documents,

---

[4] The Court should quash the Subpoena (including RFP Nos. 7 and 8) and the subpoena to Thomson Reuters for independent reasons, including that New Jersey's broad "Shield Law," *see* N.J.S.A. 2A:84A-21; N.J.R.E. 508 (codifying same), bars a party like J&J from obtaining Thomson Reuters' sources, authors, methods, and memoranda, as well as "any news or information obtained in the course of pursuing" professional activities from "news media." *See Too Much Media, LLC v. Hale*, 206 N.J. 209, 228-30 (2011). RFP Nos. 7 and 8 should also be quashed

Communications, or Agreements" that concern "the authority to settle or otherwise resolve" the MDL litigation. Documents and communications related to settlement legal strategy between lawyer and client are privileged. *Times of Trenton Pub. Corp.*, 2005 WL 1038956, at *6.

Similarly, the Subpoena should be quashed because RFP No. 6 seeks documents protected by the work product doctrine, including documents and agreements exchanged with clients concerning settlement. The work product doctrine "is 'distinct and broader than the attorney-client privilege.'" *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). The doctrine protects from disclosure those documents and "materials [that are] prepared or collected by an attorney 'in the course of preparation for possible litigation.'" *In re Grand Jury Investigation*, 599 F.2d at 1228 (quoting *Hickman v. Taylor*, 329 U.S. 495, 505 (1947)); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, ... insurer, or agent)."). *See Times of Trenton Pub. Corp.*, 2005 WL 1038956, at *6 (finding that work product doctrine applied to communications concerning settlement offers between client and attorney). The documents J&J seeks in RFP No. 6 includes documents, communications, and agreements exchanged between Beasley Allen and its clients concerning settlement, *i.e.*, Beasley Allen's protected settlement-related mental processes. Therefore, the Subpoena must be quashed.

## **CONCLUSION**

The Subpoena served upon Beasley Allen is J&J's latest attempt to use the civil courts and

---

because compliance would infringe upon Beasley Allen's First Amendment right to provide information to the public (via the media). *See, e.g.*, *McVicker v. King*, 266 F.R.D. 92, 97 (W.D. Pa. 2010) (denying motion to compel compliance with subpoena seeking media communications based upon "speculation"). These subpoenas are merely an attempt to gain Beasley Allen's privileged and constitutionally protected communications through the "back-door."

11

the bankruptcy code to harass Beasley Allen and its talc-asbestos victim clients. The Subpoena must be quashed because it is procedurally (and fatally) defective for two reasons. First, the Subpoena issued from this Court, but orders documents to be produced in New York. Second, the Subpoena orders an Alabama non-party to produce documents in New York, more than 1,000 miles away from the subpoena target's place of business. On the substance, the Subpoena must be quashed because it seeks: (1) irrelevant, non-existent litigation funding; (2) attorney-client privileged communications and documents concerning settlement; and (3) communications between Beasley Allen and the press with no relevance to the pending MDL. J&J must be put on notice that its repeated abuses of the federal courts—including issuing a subpoena to its litigation adversary (opposing counsel) cannot continue.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*Attorneys for Andy Birchfield and Beasley Allen*

*/s/ Jeffrey M. Pollock*
    Jeffrey M. Pollock
    Michael W. Sabo

Dated: May 30, 2024

12

## CERTIFICATE OF SERVICE

I, Jeffrey M. Pollock, Esq., hereby certify that I caused a true and correct copy of the foregoing Brief in Support of Beasley Allen's Motion to Quash and/or for Protective Order to be served upon all Counsel of Record via the Court's CM/ECF system.

*/s/ Jeffrey M. Pollock*

Jeffrey M. Pollock, Esq.
Michael W. Sabo, Esq.
*Attorneys for Andy Birchfield and Beasley Allen*

Dated: May 30, 2024

13