

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

faegredrinker.com

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

**Via ECF**

June 3, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

Re: *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738*

The Johnson & Johnson Defendants submit the enclosed Order to Show Cause why cases listed on the attached **Exhibit A** should not be dismissed with prejudice for their failure to serve a Plaintiff Profile Form ("PPF") pursuant to the process set up in the Case Management Order dated February 13, 2024 (ECF 29032).

As Your Honor is aware, this Court originally ordered all Plaintiffs to submit Plaintiff Profile Forms on MDL-Centrality by dates certain in the Amended Plaintiff's Profile Form Order (ECF 27291). Pursuant to that Order, the cases listed on the enclosed **Exhibit A** were required to submit PPFs as follows: 2018 cases were due December 15, 2023; 2019 cases were due February 15, 2024; and the 2023 cases listed were due ninety (90) days after filing their complaints. However, these Plaintiffs failed to file their PPFs by those deadlines and to date have not provided Defendants with a PPF.

Counsel for these Plaintiffs have received notice on MDL-Centrality (if registered) and via e-mail (whether registered or not) informing them that they had failed to serve a PPF. *Pro se* Plaintiffs were sent notice via regular mail and certified mail, return receipt requested. The Plaintiffs were then listed in a filing on April 1, 2024 (ECF 30612) noting their failure to provide a PPF to Defendants and that their continued failure to do so would potentially result in dismissal of their matter. These Plaintiffs were listed again on the May 1, 2024 (ECF 32127) filing.

The Plaintiffs listed in **Exhibit A** still have not complied with the Court Orders

requiring service of a PPF. The Court's February 13, 2024, Order is clear- Plaintiffs who continue to fail to provide a PPF, after being listed in a PPF Report to the Court over a period of 60 days, shall be subject to an Order to Show Cause why their case should not be dismissed with prejudice. Before making this submission, the Plaintiffs' lead counsel was provided with an opportunity to review and edit. Their edits to the Order were accepted but Defendants did not hear back on this proposed list of cases.

The Court should not hesitate to order the noted Plaintiffs to show cause why their case should not be dismissed with prejudice. In the event a Plaintiff fails to show cause, and her case is dismissed with prejudice, Fed. R. Civ. P. 60(b) provides an avenue of relief should the circumstances surrounding the failure to provide a PPF justify reversal of the dismissal. There is simply no reason to permit Plaintiffs any additional time to serve PPFs in light of the safety net provided by Rule 60.

Accordingly, Defendants respectfully request Your Honor enter the attached Order to Show Cause and dismiss any matter, with prejudice, which fails to show cause why their case should not be dismissed for their continued and blatant failure to serve a PPF.

Thank you for your consideration of these matters.

Respectfully,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

*Attorneys for Defendants*
*Johnson & Johnson and*
*LLT Management, LLC*

SMS/scg

Encl: (1)

Cc: Leigh O'Dell, Esq. (via email)
    Michelle Parfitt, Esq. (via email)
    All counsel of record (via ECF)