# EXHIBIT A

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT NEW JERSEY**

| | |
|---|---|
| **IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2738 (FLW) (LHG)** |

**UPDATED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF WILLIAM LONGO, PH.D., DUCES TECUM, <u>NOTICE TO PRESERVE AND NOTICE OF INSPECTION</u>**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b), Defendants will take the deposition upon oral examination of William Longo, Ph.D. The deposition will commence remotely on May 2, 2024, at 11:00 a.m. Eastern and May 3, 2024, at 9:00 a.m. Eastern via video conference. The deposition will take place before a court reporter authorized to administer oaths, pursuant to Federal Rule of Civil Procedure 28. The deposition will be recorded on video as well as by ordinary stenographic means. This deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and other applicable rules.

Pursuant to Federal Rule of Civil Procedure 30(b)(2), the witness is requested to produce true, correct and complete copies of all documents, materials and information listed in Schedule A, no later than two (2) weeks prior to his deposition.

DATED:  April 18, 2024                                    Respectfully submitted,

<p style="margin-left: 40%"><u>s/Susan M. Sharko</u><br>
Susan M. Sharko<br>
FAEGRE DRINKER BIDDLE & REATH LLP<br>
600 Campus Drive<br>
Florham Park, New Jersey 07932<br>
Telephone:  973-549-7000<br>
Facsimile:  973-360-9831<br>
Email:  susan.sharko@faegredrinker.com</p>

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.*

## SCHEDULE A

## DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed incorporated into each document request listed below:

1. "You" and "Your" or "witness" shall mean the deponent.

2. The term "Talc Products" shall refer to Johnson's® Baby Powder and Shower to Shower® cosmetic talc products sold in the United States.

3. The term "Talc" shall refer to any talc used in the Talc Products.

4. The term "Talc Litigation" shall mean the above-captioned Multidistrict Litigation proceeding ("MDL") and/or any claims or lawsuits involving Talc Products.

5. The term "Document" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. The terms "and," "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

7. "Your Laboratory" shall mean Materials Analytical Services ("MAS") at 3945 Lakefield Ct, Suwanee, GA 30024.

## **DOCUMENTS TO BE PRODUCED**

1. A complete and current copy of Your curriculum vitae (CV).

2. Copies of any materials related to Your retention or payment for services as a testifying expert related to this MDL and/or the Talc Litigation since the date of your last deposition in this MDL. This request does not include payments by patients for medical care. It does include, without limitation:

   A. All retainer agreements or other agreements entered into since the date of your last MDL deposition and pursuant to which You have been or will be paid for work related to this MDL and/or the Talc Litigation.

   B. All documents reflecting work done, time spent, or expenses incurred by You, Your organization, or anyone under Your direction or control or the direction or control of Your organization in connection with this MDL and/or the Talc Litigation since the date of your last MDL deposition, and all bills, invoices, or accounts rendered to attorneys, law firms or others in connection with those activities.

   C. All records of payments of any kind received by You from any source related to Your work as a testifying expert regarding Talc or the Talc Products in connection with claims or litigation since the date of your last MDL deposition.

3. All documents related to all payments paid since the date of your last MDL deposition to any third party, including any charitable contribution, gift or other thing of value paid as compensation for testifying in connection with:

   A. The Talc Litigation.

   B. Any other work as a testifying expert witness in connection with litigation in the last five years.

4. All records of payments of any other kind received by You since the date of your last MDL deposition from any journalist, media outlet or other third party for assistance or information related to Talc and/or the Talc Products. This request does not include payments made for medical care or treatment.

5. A copy of all materials of any kind added since the date of your last MDL deposition to Your complete file or files related to the work done concerning this MDL or the Talc Litigation more generally. Your complete file is intended in its broadest sense and includes without limitation any hard copy, electronic or other material of any kind that refers or relates to Talc, the Talc Products, any examination or analysis of Talc or the Talc Products, the Talc Litigation, or Your opinions in this MDL. Examples of these materials, without limitation, include:

   A. Any reports, summaries, or explanations, or memoranda created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

   B. Any photographs, measurements, videos, recordings, test results, or other data obtained, created by or provided to You and any analysis thereof.

   C. All documents, including but not limited to deposition transcripts, provided to You by anyone, including Plaintiffs' counsel. If such documents have been produced in this litigation by the parties, identification by bates number will suffice in lieu of production of hard copies, except that You are commanded to produce any copies of documents upon which You rely to any extent in forming or supporting Your opinions containing post-production notes, highlights, or markings. If the transcripts are of depositions taken in the

MDL, identification by deponent and date of deposition will suffice in lieu of production of hard copies, except that You are commanded to produce any copies of documents containing post-production notes, highlights, or markings.

  D. Any diagrams, drawings, animations, or simulations created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

  E. Any correspondence created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions, including but not limited to non-privileged communications between You and a party's attorney(s) that "(1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed," as provided by Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

  F. Any documents prepared by You or those assisting You and upon which You rely to any extent informing or supporting Your opinions.

  G. All documents, literature, or other reference material or information obtained by or provided to You in connection with this litigation, and upon which You rely to any extent in forming or supporting Your opinions, including but not limited to, scientific and technical articles, publications, rules, standards, and other literature.

  H. Any other documents relied upon by You in arriving at any of Your opinions or conclusions concerning the issues involved in the Talc Litigation, including but not limited to all scientific and technical articles, publications, codes, and standards.

      I.      All documents or other tangible things which You rely on to any extent in forming or supporting Your opinions. This includes without limitation communications with third parties, such as geologists, mineralogists, oncologists, gynecologists or other physicians, or other technical experts.

6. Copies of all written communications (including any documents exchanged) with other expert witnesses retained to testify on behalf of plaintiffs in any talc litigation, including any experts designated in this MDL since the date of your last MDL deposition.

7. Any lists or compilations of lawsuits in which You have been involved in as a testifying witness in deposition or at trial within the last four years.

8. With respect to scientific or technical materials prepared in whole or in part by You since the date of your last MDL deposition:

      A.      A current bibliography listing all publications authored by You.

      B.      Any list of the subset of scientific or technical publications authored in whole or in part by You which discuss the Talc Products and/or Talc.

9. Copies of all documents reflecting requests by You for funding to study Talc and/or the Talc Products, the amount of funding (if any) received by You to study Talc and/or the Talc Products, and the identity of the sources for any funding received by You to study Talc and/or the Talc Products.

10. Copies of documents related to communications with employees or representatives of any Johnson & Johnson-affiliated company since the date of your last MDL deposition which discuss the Talc Products and/or Talc or which relate to, support, or provide a foundation for any of Your opinions. These documents include without limitation:

   A. All emails sent to (whether addressed to or copied to) or received from such persons.

   B. Copies of all notes, tape recordings, or other memorialization of communications with such persons.

11. Copies of documents related to communications with employees or representatives of any other cosmetic talc product manufacturer since the date of your last MDL deposition which discuss the Talc Products and/or Talc, or which relate to, support, or provide a foundation for any of Your opinions. These documents include without limitation:

   A. All emails sent to (whether addressed to or copied to) or received from such persons.

   B. Copies of all notes, tape recordings, or other memorialization of communications with such persons.

12. Copies of documents related to communications with employees or representatives of any journalist, reporter, broadcaster, blogger, commentator, or media outlet of any kind which discuss Johnson & Johnson or any Johnson & Johnson-affiliated company, the Talc Products and/or Talc since the date of Your last MDL deposition. These documents include without limitation:

   A. All emails sent to (whether addressed to or copied to) or received from such persons.

   B. Copies of all notes, tape recordings, or other memorialization of communications with such persons.

13. All documents relating to any communications since the date of your last MDL deposition between You and any employee of the United States Food and Drug Administration,

8

the Environmental Protection Agency, the National Institute of Occupational Health and Safety, the Occupational Safety and Health Administration, The United States Bureau of Mines, The United States Geological Survey, Health Canada, and/or any other federal, state, or local governmental agency regarding Talc, the Talc Products, and/or alleged contamination of talc with asbestos, asbestiform minerals, or elongate mineral particles.

14. All materials containing statements by You since the date of your last MDL deposition expressing opinions, views, describing the advantages and disadvantages of Talc and/or the Talc Products.

15. Advertisements or other documents for solicitation of expert witness work by You since the date of your last MDL deposition.

16. All documents relating to research, experiments, testing or any other study that has been done or is planned to be done by You since the date of your last MDL deposition, at Your request, or upon which You may rely in this matter, which relates to the Talc and/or the Talc Products.

17. To the extent Your opinions or testimony will be based in whole or in part on facts and information learned and opinions formed in connection with treating patients, copies of redacted medical records and x-rays of patients treated by You.

18. All models, illustrations, photographs, exhibits, or other documents prepared or obtained by or provided to You that explain, illustrate, or demonstrate any fact or opinion considered relevant to the case and/or to Your assignment, investigation, and/or opinions since the date of your last MDL deposition. This request specifically includes any resources or exhibits that You may use to explain Your testimony to the fact finder.

19. Any and all documents, records, information, tangible things, or other materials reviewed by You since the date of your last MDL deposition in preparation for this deposition.

20. All materials related to Your or Your Laboratory's testing of Johnson's Baby Powder or Shower to Shower, including but not limited to:

    A. TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

    B. PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks, including but not limited to Chrysotile in Talc by PLM – Count Sheets;

    C. SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

    D. PCM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks; and

    E. XRD data and spectra.

21. All materials related to Your or Your Laboratory's testing of potential sources of cosmetic talc that You opine may be present in Johnson's Baby Powder or Shower to Shower, including but not limited to:

    A. TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

    B. PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks, including but not limited to Chrysotile in Talc by PLM – Count Sheets;

C. SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

D. PCM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks; and

E. XRD data and spectra.

22. All materials related to Your or Your Laboratory's simulation studies involving cosmetic talc, including but not limited to:

A. TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

B. PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks;

C. SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

D. PCM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks; and

E. XRD data and spectra.

23. All materials related to Your or Your Laboratory's development of heavy liquid density separation techniques for the identification of chrysotile, including but not limited to:

A. TEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks;

B. PLM data, bench sheets, worksheets, count sheets, photographs, photomicrographs, slides, and/or blanks;

      C.    SEM data, bench sheets, worksheets, count sheets, EDS spectra, SAED data, photographs, photomicrographs, grids, and/or blanks; and

      D.    Worksheets, measurements, spreadsheets, lab memoranda, and/or experimental data.

24. All copies of Your or Your Laboratory's chrysotile PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

25. All copies of Your or Your Laboratory's Calidria PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

26. All copies of Your or Your Laboratory's Antigorite PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

27. All copies of Your or Your Laboratory's Lizardite PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

28. All copies of Your or Your Laboratory's talc PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

29. All copies of Your or Your Laboratory's bentonite PLM reference bench sheets, worksheets, photomicrographs, photographs, and/or images, including but not limited to standards in 1.550 and 1.560 refractive index oil.

30. All written asbestos testing protocols You have ever cited or followed in connection with Your testing of talc or talcum powder for the presence of or release of asbestos.

31. All standard operating procedures ("SOPs") maintained by Your Laboratory for testing bulk materials for asbestos by PLM, TEM, and SEM.

32. All SOPs maintained by MAS for activity-based air sampling for asbestos.

33. All documents related to the identification of asbestos on blanks identified in connection with Your Laboratory's testing of any cosmetic talcum powder samples.

34. All documents related to the identification of asbestos on blanks identified in connection with Your Laboratory's testing of any industrial talc samples.

35. All documents related to the identification of asbestos on blanks identified in connection with Your Laboratory's testing of any tissue samples.

36. All demonstrative exhibits of every character, sort, and description that You expect to use and/or make use of or otherwise refer to during Your testimony at the trial of this Action, including but not limited to micrographs.

## **DEMAND FOR PRESERVATION**

With respect to the materials referenced in requests for production 21-24, Defendants demand that You maintain and preserve all samples and PLM preparations, including but not limited to slides and cover slips, for any such samples in which Your Laboratory has identified "chrysotile" by PLM.

## NOTICE OF INSPECTION PURSUANT TO F.R.C.P 34(a)(2)

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 34(a)(2), Defendants and their designated expert(s) will inspect:

(1) the following areas of the MAS Laboratory at 3945 Lakefield Ct, Suwanee, GA 30024: (a) talc intake and/or storage area; (b) talc sample preparation area(s); (c) talc PLM analysis area(s); (d) talc TEM analysis area(s); and (e) talc SEM analysis area(s);

(2) all PLM microscopes used by MAS for its analysis of the materials referenced in requests for production 20-24;

(3) MAS's methodology for preparing the materials referenced in requests for production 20-24 for subsequent analysis by PLM for the identification of "chrysotile," including but not limited to observing in real time the preparation of one or more samples of Johnsons Baby Powder performed by MAS; and

(4) MAS's methodology for analyzing the materials referenced in requests for production 20-24 for analysis by PLM for the identification of "chrysotile," including but not limited to observing in real time the analyses performed by MAS on the samples of Johnsons Baby Powder, as well as Defendants' experts undertaking real time, contemporaneous observation of the samples on the same PLM equipment used by MAS in which MAS has previously reported, and may during the inspection report, observing "chrysotile."

The inspection by Defendants and their designated expert(s) will commence at 3945 Lakefield Ct, Suwanee, GA 30024 on May 28, 2024 at 9:00 a.m. Eastern, or at another date mutually agreed upon by the Parties.  The inspection will begin with (1), (2), and the portion of (3) leading up to and concluding with the start of MAS's 72-hour centrifugation preparation step. After the 72-hour centrifugation preparation step of (3) concludes, the inspection will continue

15

with the remaining steps of (3) followed by (4) on May 31, 2024 at 9:00 a.m. Eastern, or at another date mutually agreed upon by the parties.

      The inspection will be recorded by video. The inspection is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and other applicable rules, including but not limited to any *Daubert* hearing conducted in this matter.