

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

*Via ECF*

June 4, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

*Re:  In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738*

<u>**This relates to:**</u> *King v. Johnson & Johnson, et al.*
Case No. 3:18-cv-03342

Dear Magistrate Judge Singh:

I write on behalf of Defendants Johnson & Johnson and LLT Management, LLC, in response to the letter (ECF 32676) filed by Chicago counsel for Plaintiff Roger King, Case No. 3:18-cv-03342, regarding the inclusion of the *King* case on the June 3, 2024, list of cases subject to an Order to Show Cause for failure to serve Plaintiff Profile Forms (PPF) (ECF 32601).

The *King* case was listed on the April 1, 2024 PPF Report (ECF 30612) and there was no response or objection from Plaintiff's counsel.  The case was again listed on  the May 1, 2024 PPF Report (ECF 32127).  Again, there was no response or objection from Plaintiff's counsel.  Nor did Plaintiff's counsel comply with the requirement in the Court's Order on adjudication of deficient cases (ECF 29032) that they meet and confer with counsel for these Defendants before filing any request for relief with the Court regarding PPF deficiencies.

Had Defendants been notified at any time before the filing of the June 3rd

OTSC, that the deficiency had been corrected, albeit two months late, the *King* case would have been removed from Defendants' deficiency list. But now that we know, we will remove the case and it will not be listed in the final dismissal order to be filed with the Court thirty-five (35) days after the entry of the June 3rd Order to Show Cause.

Plaintiff's letter requests the Court enter an order requiring a series of actions. Such an order is unnecessary as the *King* case has now been removed from Defendants' deficiency list and in light of Plaintiff's counsel's failure to follow the procedures outlined in the Case Management Order.

Thank you for your consideration of these matters.

Respectfully,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

*Attorneys for Defendants*
*Johnson & Johnson and*
*LLT Management, LLC*

SMS/scg
Cc: Shannon M. McNulty, Esq. (via e-mail)
    All counsel of record (via ECF)