# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kristen Renee Fournier
Partner
Direct Dial: +1 212 790 5342
kfournier@kslaw.com

June 5, 2024

**VIA ECF**
Honorable Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

Re: **In RE: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation (MDL No. 2738) – Notice of Supplemental Authority ISO Defendants' Opposition to the Plaintiff Steering Committee's Motion to Quash or for Protective Order Regarding Subpoena Directed at Paul Hess**

Dear Judge Schneider:

I write on behalf of Defendants Johnson & Johnson and LLT Management, LLC ("Defendants") to update the Court on relevant supplemental authority that came to light immediately after Defendants filed their Opposition to the Plaintiff Steering Committee's Motion to Quash or for Protective Order Regarding Subpoena Directed at Paul Hess ("Opposition") on June 3, 2024. Yesterday (June 4), Defendants were made aware of an Order by U.S. Magistrate Judge Walter E. Johnson that issued the same day that Defendants filed their Opposition (the "Order"). Significantly, the Order denied Paul Hess and Material Analytical Services, LLC's Motion to Quash Subpoena and for Protective Order, Ex. A, *Hess*

June 4, 2024
Page 2

*et al. v. American Int'l Indus. et al.,* No. 1:24-cv-02195, ECF No. 7 (N.D. Ga.)[1], which raised substantially similar arguments to those raised by the PSC here.

Judge Johnson noted that there, like here, plaintiff "retained MAS to provide product testing reports in addition to testifying expert services related to those reports. Mr. Hess performed the product testing and Dr. Longo testified about Mr. Hess's testing." *Id.* at 6. Judge Johnson ordered the deposition of Mr. Hess because "whether the Court considers Mr. Hess a consulting expert employed only for trial preparation, a non-testifying consultant whose work was reviewed by a testifying expert, or simply a fact witness, exceptional circumstances exist to allow his deposition and the subpoena imposes no undue burden on him." *Id.* at 6-7. The Court further stated "[i]t is difficult to see Mr. Hess as an innocent bystander" because he is employed by MAS, an entity through which Dr. William Longo has made millions of dollars testifying in asbestos cases. *Id.* at 5, n.4.

Defendants urge the Court to consider this supplemental authority in support of their Opposition, and of course stand ready to coordinate with defendants in the *Gref* matter to ensure only one deposition of Mr. Hess occurs to minimize his time away from analysis.

Regards,

Kristen Renee Fournier

cc: All counsel (via ECF)

KRF

---

[1] Defendants are not parties to this case, which involves another talc defendant, American International Industries.