

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

*Via ECF*

June 5, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

Re:  *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738*

**This relates to:**

*Smith v. Johnson & Johnson, et al.*
 Case No. 3:19-cv-20329

*Prickett v. Johnson & Johnson, et al.*
Case No. 3:19-cv-20353

Dear Magistrate Judge Singh:

I write on behalf of Defendants Johnson & Johnson and LLT Management, LLC, in response to the letter (ECF 32714) filed by counsel for Plaintiffs Roberta Lynn Smith, Case No. 3:19-cv-20329, and Sandra Kopp Prickett, Case No. 3:19-cv-20353, regarding the inclusion of those cases on the June 3, 2024, list of cases subject to an Order to Show Cause for failure to serve Plaintiff Profile Forms (PPF) (ECF 32601).

The PPFs for both matters noted above were due on February 15, 2024, per the Amended Plaintiff's Profile Form Order (ECF 27291). Plaintiffs failed to comply with that deadline.  Therefore, these cases were listed on the April 1,

2024, PPF Report (ECF 30612). Plaintiffs' counsel didn't respond or object. These cases were again listed on the May 1, 2024, PPF Report (ECF 32127). Again, there was no response or objection from Plaintiffs' counsel.

Plaintiffs' letter states the PPFs were filed on May 16, 2024, over three months late. Contrary to the standard, and common sense, practice in this litigation for cases noticed as deficient in serving a PPF, and knowing these cases could be potentially facing an Order to Show Cause, Plaintiffs' counsel did not reach out and tell us that the overdue PPFs were finally filed. Although the Court's Order on adjudication of deficient cases (ECF 29032) required Plaintiffs' counsel to meet and confer with counsel for these Defendants before filing any request for relief with the Court regarding PPF deficiencies, Plaintiffs' counsel failed to abide by that provision in the Court's Order.

Had Defendants been notified at any time before the filing of the June 3rd OTSC, that the deficiency had been corrected, albeit three months late, the *Smith* and *Prickett* cases would have been removed from Defendants' deficiency list. But now that we know, we will remove the cases and they will not be listed in the final dismissal order to be filed with the Court thirty-five (35) days after the entry of the June 3rd Order to Show Cause.

Plaintiffs' letter requests the Court enter an order requiring a series of actions. Such an order is unnecessary as these cases have now been removed from Defendants' deficiency list and in light of Plaintiffs' counsel's failure to follow the procedures outlined in the Case Management Order.

Thank you for your consideration of these matters.

Respectfully,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

*Attorneys for Defendants*
*Johnson & Johnson and*
*LLT Management, LLC*

SMS/scg
Cc: Michael B. Lynch, Esq. (via e-mail)
    Levi M. Plesset, Esq. (via e-mail)
    All counsel of record (via ECF)