


Montgomery
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Atlanta
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

June 7, 2024

Honorable Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

> ***Re:   In Re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation (MDL No. 2738) – Supplemental Letter Brief ISO the Plaintiffs' Steering Committee's Opposition to Defendants' Motion to Compel Inspection of Dr. William Longo's Laboratory***

Dear Judge Schneider:

Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), write to supplement their Opposition to Defendants' Motion to Compel the Inspection of Dr. William Longo's Laboratory in light of expert reports Defendants recently disclosed in the MDL. On May 28, 2024, Defendants disclosed the reports of their experts Drs. Ann G. Wylie and Shu-Chun Su. See Exhibits A (Wylie) and B (Su). These very reports confirm that Defendants have no need to inspect Dr. Longo's laboratory.

The crux of Defendants' argument is that an inspection of Dr. Longo's laboratory—and the contemporaneous (and unprecedented) observation of Dr. Longo and MAS's PLM analysis— "is critical to Defendants' defense of these cases and Rule 702 analysis." Defs' Motion to Compel at 10. The bottom line of Defendants' argument is that their experts need to see what Dr. Longo sees in real time in order to respond to Dr. Longo's conclusions regarding the presence of chrysotile asbestos in Johnson's Baby Powder. But as evidenced by their reports,

Defendants' experts have *already* provided their opinions in response to Dr. Longo's conclusions. This fact completely undercuts Defendants' rationale for "needing" the inspection.

Indeed, while Defendants claim that the inspection and observation is necessary because they cannot rely on the images produced in Dr. Longo's reports, Defendants' own experts have *already* opined on Dr. Longo's reports, including the photomicrographs used in those reports. For example, Defendants' expert Dr. Wylie opines that "the particles MAS identified as chrysotile are actually composed of the mineral talc." Wylie Report at 1 (attached as Exhibit A). To come to her conclusion, Dr. Wylie analyzes numerous photomicrographs from Dr. Longo's reports. The same is true for Defendants' expert Dr. Su. Dr. Su's report includes a 79-page presentation analyzing dozens of photomicrographs of samples analyzed by Dr. Longo and MAS. In his report, Dr. Su uses these images to assert, in his opinion, why Dr. Longo and MAS's identification of chrysotile is "incorrect and unreliable." Su Report at 3 (attached as Exhibit B).

For example, Defendants argue that the only way to determine the true color of the area of the particle Dr. Longo is relying on is to look live through a microscope, not at the produced images. Defs' Motion to Compel at 11. But Dr. Su has *already* used the produced images to opine that Dr. Longo and MAS assigned incorrect refractive index values to particles and, further, contend what refractive index values he believes should have been applied to those particles. *See, e.g.,* Exhibit C to Su Report at 7-9.

In short, Defendants' experts have had no problem drawing conclusions from Dr. Longo's reports, including the photomicrographs of the samples used in those reports. Defendants therefore have no need to inspect Dr. Longo's laboratory or require that Dr. Longo and MAS technicians repeat their PLM analyses. This puts Defendants' notice of inspection squarely beyond the bounds of permissible discovery and proves it is unreasonable. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case"); *McConnell v. Canadian Pacific Realty*, 280 F.R.D. 188, 191 (M.D. Pa. 2011) ("[T]he touchstone for analysis of a Rule 34 inspection request is reasonableness."); *Belcher v. Basset Furniture Industries*, 588 F.2d 904, 908 (4th Cir. 1978); (the court should balance the need for the inspection

against the burdens and dangers created by the inspection); *National Manufacturing Co. v. Janed Enterprises, Inc.*, 2013 WL 12470870 at 1 (D.N.J. July 3, 2013) (citing *Belcher*). Because there is no legitimate need for the inspection, Defendants' true motivation here is clear – pure harassment. Accordingly, the Court should deny Defendants' motion to compel.

Respectfully submitted,

*/s/ P. Leigh O'Dell*        */s/ Michelle A. Parfitt*

P. Leigh O'Dell        Michelle A. Parfitt

cc: Hon. Joel Schneider, U.S.M.J. (ret.) (via email)
       Susan Sharko, Esq. (via email)
       All Counsel (via ECF)