# Exhibit AB

Case 3:16-md-02738-MAS-RLS   Document 32878-2   Filed 06/06/24   Page 2 of 9
Case 1:24-cv-02195-MHC-WEJ   Document 8   Filed 06/03/24   Page 1 of 9
PageID: 186532

FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jun 03 2024

**KEVIN P. WEIMER**, Clerk

By: Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAUL HESS and MATERIAL ANALYTICAL SERVICES, LLC, <br><br> Movants, <br><br> v. <br><br> AMERICAN INTERNATIONAL INDUSTRIES, et al., <br><br> Respondents. | CIVIL ACTION FILE NO. <br><br> 1:24-CV-02195-MHC-WEJ |

**ORDER**

This matter is before the Court on a Motion to Quash Subpoena and for Protective Order [1] filed by Paul Hess and his employer, Material Analytical Services, LLC ("MAS"). For the reasons explained below, the Court **DENIES** these Motions.

**I.   BACKGROUND**

This matter arises out of an action filed in the Southern District of New York, Brian Joseph Gref v. American International Industries, et al., No. 1:20-CV-5589-GBD (S.D.N.Y.). In that underlying action, Mr. Gref alleges that he developed mesothelioma due to exposure to cosmetic talc products sold by defendants,

including exposure to "Clubman" brand talcum powder sold by American International Industries ("AII"). Movants Paul Hess and MAS are not parties to the Gref litigation. Mr. Hess is a microscopist employed by MAS who has not been disclosed as an expert in that underlying case. Instead, Mr. Gref retained and disclosed Dr. William Longo of MAS as an expert witness.

AII served Mr. Hess with a deposition subpoena on April 2, 2024. (Movants' Ex. A [1-2].)[1] Movants seek to quash the subpoena on the grounds that Dr. Longo's opinions were disclosed in his expert reports; defendants took Dr. Longo's deposition over the course of three days; and Mr. Hess has never testified in asbestos litigation for MAS, despite being employed by MAS for more than 30 years, as "testifying was never a job responsibility for him." (Movants' Br. [1-1] 5.) According to Dr. Longo, MAS scientists like Mr. Hess perform specialized tasks, which Dr. Longo reviews before forming his own conclusions. He also doublechecks his colleagues' work and asserts that he personally ensured that Mr. Hess's findings are accurate. Dr. Longo also consults with Mr. Hess

---

[1] The cover letter transmitting the subpoena to Mr. Hess makes no mention that he was tendered fees for one day's attendance and mileage as required by Fed. R. Civ. P. 45(b)(1). Movants do not raise this as a defect with service of the subpoena.

2

contemporaneously during microscope analysis. (Id. at 5-6.) Movants contend that the scientists at MAS work collaboratively and rely upon each other's work to complete projects. A collaborative approach is necessary as projects are often complex, span multiple scientific disciplines, and are time consuming. This makes it impractical, if not impossible, for one scientist to complete the work alone. (Id. at 7.) Movants contends that the subpoena served on Mr. Hess subjects him to undue burden and is unreasonable, oppressive, and unauthorized, because it is beyond the scope of discovery.[2] (Id. at 10.)

AII responds that for Dr. Longo to say he can recreate Mr. Hess's work away from the microscope ignores his own limitations. Dr. Longo is not an expert in geology or polarized light microscopy; he is not the one who does the day-to-day analytical work where MAS claims to prove the existence of Calidria-like chrysotile in AII's products; he did not complete the analysis he relies upon for his opinions concerning the "asbestos" content of Clubman Talc; he did not develop the reference standards used to prove the alleged existence of Calidria chrysotile in

---

[2] Movants initially asserted that the subpoena was untimely because discovery has closed in the underlying matter. However, Respondents show that the Magistrate Judge stated in an Order dated April 24, 2024 that discovery has not closed. (See Order, filed as Resp. Ex. E [6-6] 7.)

3

cosmetic talc; he did not calibrate the equipment or prepare the samples of Clubman Talc; he did not perform any of the underlying calculations used to identify the mineral particles; and he does not have the firsthand experience of looking down the barrel of the microscope to identify mineral particles as "asbestos" in AII's products. Instead, it was Mr. Hess alone who performed this work at MAS. (Resp.'s Br. [6] 7-8.) In sum, Mr. Hess's analysis involves complex preparations, observations, and calculations related to the testing of Clubman Talc. His firsthand observations of the colors seen through a polarized light microscope determine the purported identification of "asbestos." Because these observations are subjective and unrepeatable, no one can retroactively observe what Mr. Hess saw — not even Dr. Longo.

## II.     DISCUSSION

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. "The scope of information that may be sought via a Rule 45 subpoena is the same as the scope of discovery generally allowable pursuant to Rule 26(b)." KKMB, LLC v. Khader, No. 1:20-CV-3997-JPB-JSA, 2020 WL 13593895, at *2

(N.D. Ga. Oct. 9, 2020).³ Rule 45 imposes on the subpoena's issuer an affirmative duty to avoid imposing undue burden or expense on the non-party. See Fed. R. Civ. P. 45(d)(1).⁴ This duty reflects a balancing between the litigants' need to obtain information from non-parties and the need to protect outsiders to the litigation from having to incurring undue burden and expense. Thus, on a timely motion, a court is required to quash a subpoena which "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or which "subjects a person to undue burden." Id. Rule 45(d)(3)(A)(iii)-(iv).

With regard to Movants' claim that Mr. Hess is a non-testifying expert who may not be deposed due to privilege, they contend that Rule 45 is informed by

---

³ Under Rule 26, a party is entitled to obtain discovery:

> Regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

⁴ It is difficult to see Mr. Hess as an innocent bystander. He is employed by MAS and, according to Respondents, through MAS Dr. Longo has made millions of dollars testifying in asbestos cases.

5

provisions of Rule 26. (Movants' Br. [1-1] 12.) This Rule provides in relevant part as follows:

> (D) *Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> . . .
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D)(ii).

Upon review of the parties' arguments, Mr. Gref retained MAS to provide product testing reports in addition to testifying expert services related to those reports. Mr. Hess performed the product testing and Dr. Longo testified about Mr. Hess's testing. Given that situation, the Court agrees with Respondents that, whether the Court considers Mr. Hess a consulting expert employed only for trial preparation, a non-testifying consultant whose work was reviewed by a testifying expert, or simply a fact witness, exceptional circumstances exist to allow his deposition and the subpoena imposes no undue burden on him. Indeed, the

6

subpoena does not seek documents and requires only a one-day deposition that is limited to seven hours under the Federal Rules of Civil Procedure.

The undersigned agrees with the decision of Cobb County Superior Court Judge Henry Thompson, who was presented with the same question raised here. He ordered Mr. Hess to testify about his testing. See Materials Analytical Service, LLC v. Johnson & Johnson, et al. as it relates to Matthew Streck, et al. v. Johnson & Johnson, et al., Civ. No. 23106785 (Cobb Cnty. Supr. Ct. Oct. 20, 2023). Judge Thompson found:

> that the subpoena for the deposition of Mr. Hess seeks discovery of information that is relevant to the issues in the Kentucky action concerning the testing of Gold Bond and other talc products at issue. The Court further finds that the subpoena is not unreasonable, oppressive or duly burdensome to MAS or Mr. Hess.

(Resp.'s Ex. U [6-23] 3.)

The same is true here. The subpoena for the deposition of Mr. Hess seeks discovery of information that is relevant to the issues in the underlying New York action concerning the testing of Clubman talcum powder. The Court further finds that the subpoena is not unreasonable, oppressive, or duly burdensome to MAS or Mr. Hess. Therefore, it should be enforced.

### III.     CONCLUSION

For the reasons stated above, the Court **DENIES** the Motions to Quash and for Protective Order [1] and **DIRECTS** the parties to cooperate in setting a date and time for Mr. Hess's deposition within the next thirty (30) days. If objections are filed with the presiding District Judge, then the deposition is stayed until those objections are resolved. If no objections are filed within seventeen (17) days of the date of this Order, then the Clerk is **DIRECTED** to **CLOSE** this case. See 28 U.S.C. § 636(b)(1) (permitting parties to file written objections within fourteen days); Fed. R. Civ. P. 6(d) (adding three days to service period).

**SO ORDERED**, this 3rd day of June, 2024.

                 /s/ Walter E. Johnson
                 WALTER E. JOHNSON
                 UNITED STATES MAGISTRATE JUDGE