AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER<br>*Plaintiff*<br>v.<br>PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br>*Defendant* | Civil Action No. 3:16-md-2738-MAS-RLS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Analysis Group LLC, 111 Huntington Ave., 14th Floor, Boston, MA 02199
Serve: CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communications and documents set forth in Schedule A.

| Place: In Person: Any Mutually Agreed Location within limits contained in FRCP 45(c)(2)(A); By Email: mparfitt@ashcraftlaw.com; By Mail at Address Below | Date and Time:<br>06/25/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/11/2024

CLERK OF COURT

_____           OR           s/ Michelle A. Parfitt
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs' Steering Committee, Michelle Parfitt, Esq., Co-Lead Counsel, who issues or requests this subpoena, are:
1825 K Street NW, Suite 700, Washington, DC 20006, mparfitt@ashcraftlaw.com, (703) 824-4762

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:16-md-2738-MAS-RLS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:16-md-02738-MAS-RLS    Document 32809-1    Filed 06/11/24    Page 3 of 11
PageID: 186934

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**ATTACHMENT TO ANALYSIS GROUP SUBPOENA**

**DEFINITIONS**

The following definitions apply to the Notice of Deposition and are deemed to be incorporated into each subject matter and document requested and listed below. To the extent a term commonly in use in the cosmetic and/or personal care product industry or in use in the medical community is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the cosmetic and/or personal care product industry.

1. The term "Johnson & Johnson" or "Johnson & Johnson Defendants" is used to refer to Johnson & Johnson and/or Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. and all of their partners, directors, officers, employees, servants, agents, attorneys, joint ventures, third-party contractors or other representatives, including any corporations and entities affiliated with Johnson & Johnson.

2. "Documents" and "Documentation" means paper and electronic writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained and translated through electronic means. If a document was prepared in several copies and if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever, including notations on the front or back of any pages thereof, then each such copy must be produced. Consistent with the above definition, the term document shall include, without limitation, any computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

3. The term "Communication(s)" and/or "Correspondence" shall mean and include every manner or means of correspondence, disclosure, transfer, or exchange, and every correspondence, disclosure, transfer or exchange of information, whether orally, electronically or by documents, or whether face-to-face, by telephone, mail, email, text messaging, instant messaging, facsimile, personal delivery, overnight delivery, or otherwise.

4. The term "Identify," when used in reference to a person, means to state that person's full name, name of his or her employer, job title or position, and that person's last known residence and/or business addresses, telephone numbers, and e-mail addresses.

5. The term "Identify," when used in reference to a document, means to state the title of the document, its date, its author, its serial or identification number (if any), and its bates number (if previously produced in this lawsuit).

6. The term "Identify", when used in reference to an object, means to state the generic and proprietary name of the object, its version or edition (if applicable), title of the document, its date, its author, its serial or identification number (if any), and the date it was created (if available) with sufficient specificity so that the object (or a reasonable facsimile of it) can be positively identified.

7. The term "Date" means exact day, month and year, if ascertainable, or the best available approximations, including any relationship to other known events (designate whether exact or approximate).

8. The use of the singular herein shall be deemed to include the plural and vice versa; and the use of one gender shall include the other, as appropriate in the context. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

10. "Related to," or "regarding," mean, without limitation, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

11. The term "Concerning" means referring to, relating to, describing, regarding, evidencing, or constituting; and each such term shall be deemed synonymous to the others where used herein.

## **INSTRUCTIONS**

1. In responding to this Request, you are required to produce all Documents known or reasonably available to you, regardless of whether such Documents are in your possession, custody, or control or in the possession, custody, or control of your agents, consignees, representatives or investigators, including your attorneys or their agents, employees, representatives, or investigators.

2. If any of the Documents or information Requested cannot be produced in full, you are required to specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such Documents, if at all.

3. If any Request is deemed to call for the production of privileged or otherwise protected information or materials, you must provide the following information in a written response, designating and identifying those Documents or information withheld from production on grounds of privilege:

    (a) The reason for withholding the Document or information;
    (b) A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;
    (c) A brief description of the Document, including:
        i. The date of the Document;
        ii. The number of pages, attachments, and appendices;
        iii. The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person;
        iv. The name of each person who was sent, shown, or copied on the Document, or has had access to or custody of the Document, together with an identification of each such person;
        v. The present custodian; and
        vi. The subject matter of the Document, and in the case of any Document relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

  4.  Failure to properly identify any withheld Documents may result in the waiver of any right to assert a privilege later.

  5.  This Request imposes a continuing obligation upon you. If after producing Documents or information responsive to this Demand additional information or Documents become available to you, you are required to produce such additional Documents or information.

  6.  With respect to each Document Requested that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, you shall provide the following information separately as to each such Document:

    (a) A general description of the subject matter, author, recipient(s), date;
    (b) The identity of each person who has received a copy or had an opportunity to receive a copy thereof;
    (c) The last custodian of the Document or copies thereof; and
    (d) The full particulars or circumstances whereby the Document was disposed of, destroyed, or otherwise lost.

  7.  All Documents produced in response to these Requests shall be either:

    (a) Organized and labeled to correspond with the number of the specific Request to which the Documents are responsive, or
    (b) Produced in the order and in the manner that they are kept in the usual course of business.

  8.  All Documents requested shall include all Documents and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to relevant time period.

  9.  All documents are to be produced in accordance with Case Management Order No. 5 (Protocol For Production Of Document and ESI).

**SCHEDULE A – DOCUMENTS TO BE PRODUCED**

1.	Please provide any and all communications between Analysis Group (including any of its managers and agents) and Kathleen Sutcliffe, PhD regarding any consulting or expert work related to the Johnson & Johnson talcum powder litigation since 2019.  This request includes, but is specifically not limited to communications relating to expert reports rendered in the cases entitled <u>Brandi Carl, et al. v. Johnson & Johnson, et al.</u>; <u>Diana Balderrama, et al v. Johnson & Johnson, et al</u> and <u>In re Johnson and Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation</u> (D.N.J.).

2.	Please produce all billing records to relating to work performed by Analysis Group for any consulting or expert work of Kathleen Sutcliffe, PhD related to the Johnson & Johnson talcum powder litigation since 2019.  This request includes, but is specifically not limited to work done in support of the reports rendered by Kathleen Sutcliffe, PhD, related to the cases entitled <u>Brandi Carl, et al. v. Johnson & Johnson, et al.</u>; <u>Diana Balderrama, et al v. Johnson & Johnson, et al</u> and <u>In re Johnson and Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation</u> (D.N.J.).

3.	Please produce all billing records or requests relating to work performed by Kathleen Sutcliffe, PhD for any consulting or expert work related to the Johnson & Johnson talcum powder litigation since 2019.  This request includes, but is specifically not limited to. work done in connection with reports rendered in the cases entitled <u>Brandi Carl, et al. v. Johnson & Johnson, et al.</u>; <u>Diana Balderrama, et al v. Johnson & Johnson, et al</u> and <u>In re Johnson and Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation</u> (D.N.J.).

4.	Please provide the retention contact and fee structure relating to the work performed

by Kathleen Sutcliffe PhD and/or the Analysis group for work performed in connections with the Johnson & Johnson Talcum Powder Litigation.

5. Please provide all payments sent to Kathleen Sutcliffe in her employment as an expert for Johnson & Johnson regarding any talcum powder investigation.

6. Please provide any and all notes of meetings between Kathleen Sutcliffe, PhD and any agent, employee or manager of the Analysis Group relating to work performed on the Johnson & Johnson Talcum Powder Litigation.

7. Please provide any internal communications between any agent, employee or manager of the Analysis Group relating to Kathleen Sutcliffe and her work on the Johnson & Johnson Talcum Powder Litigation.

8. Please provide documents relating the relationship between Kathleen Sutcliffe, PhD and Analysis Group.

9. Please provide any employment agreement, independent contractor agreement or fee sharing agreement between Kathleen Sutcliffe and Analysis Group.

# DISCOVERY REQUEST CERTIFICATION OF INFORMATION PRODUCED IS COMPLETE AND CORRECT TO DEPONENT'S KNOWLEDGE

Pursuant to Federal Rules of Civil Procedure 26(g), the deponent hereby asserts that the information provided is complete and correct at the time it is made.

**The Analysis Group**

By: _____

Its: _____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared _____, the _____ of **THE ANALYSIS GROUP**, who is personally known to me OR who is not personally known to me and therefore produced the following as identification: _____, and who acknowledges that he/she has read the foregoing answers to interrogatories and that the answers are true and correct to the best of his/her knowledge and belief.

Given under my hand and official seal in the State and County named above this day of _____ , 2024.

_____
Notary Public

(SEAL)