UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | MDL No. 16-2738 (MAS) (RLS) |

**REPLY IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA DIRECTED AT PAUL HESS**

Pursuant to Federal Rules of Civil Procedure 45(d) and 26(c), Plaintiffs, by and through the Plaintiffs' Steering Committee ("PSC"), submit this Reply in support of their Motion to Quash, or in the alternative, for Protective Order regarding the subpoena issued by Johnson & Johnson on non-party Paul Hess on April 23, 2024.

## INTRODUCTION

Defendants' Opposition resounds with the same inaccurate and misleading argument that they proffer in their Motion to Compel the Inspection of Dr. Longo's laboratory. Defendants cherry-pick isolated statements from Dr. Longo's testimony in *other cases* to construct a narrative that Dr. Longo refuses to testify about the conclusions contained in his expert reports. But the reality is that Dr. Longo has testified to the analyses and conclusions contained in his expert reports and no

1

exceptional circumstances exist to allow the deposition of a non-testifying employee of Dr. Longo's lab, Material Analytical Services. For the same reason, the deposition testimony Defendants seek from Mr. Hess is not proportional to the needs of the case.

## ARGUMENT

Defendants inappropriately isolate statements from Dr. Longo's prior testimony in *other cases* to then leap to the false assertion that "Dr. Longo himself has testified that he cannot independently verify Mr. Hess's conclusions based on the images provided in his own report." Defs' Opp. at 2. Dr. Longo has testified to no such thing. Defendants have not pointed to anywhere in Dr. Longo's MDL deposition testimony where Dr. Longo has supposedly "dodged questions regarding the conclusions and methods from his report."[1] *Id.*

Because Defendants can obtain all of the information they seek regarding Dr. Longo's reports from Dr. Longo himself, no exceptional circumstances exist to depose Mr. Hess. The few cases Defendants cite to support their argument that Rule 26(b)(4)(D)'s "exceptional circumstances" standard does not apply to a deposition of Mr. Hess are not binding on this Court. Further, Defendants exaggerate that Dr. Longo does not have experience with PLM analysis by arguing, for example, that he

---

[1] See the PSC's Opposition to Defendants' Motion to Compel the Inspection of Dr. Longo's Laboratory at 11-12 for further discussion regarding Defendants' misleading arguments about Dr. Longo's testimony in the *Valadez* case.

2

has not taken any courses on using PLM to detect asbestos. Defs' Opp. at 7. But Dr. Longo explained that he has "a Ph.D. in material science and engineering where you know everything about every type of microscope, et cetera, and typically Ph.D. levels don't take basic PLM classes," he "know[s] the science really well on PLM," and "could analyze those samples but it would take [him] all day so [he doesn't] do it." Ex. A, Longo *Clark* Hr'g (Vol. I) 43:20-44:2.

Moreover, this situation is not like the cases where courts have found that exceptional circumstances apply. MAS scientists like Mr. Hess perform specialized tasks. Dr. Longo directs the analysis of samples. Dr. Longo also views structures under the polarized light microscope. Just because Dr. Longo is not named as the analyst does not mean he does not contribute to the analysis. Indeed, Dr. Longo specifically testified that he does look into the microscope to review the analyst's decisions, stating "when I sit down . . . and look at it and go through it" or "when . . . there's a structure that there's some debate on it and I sit down and look at it and go through it, I don't put my name down for one structure." Ex. A, Longo *Clark* Hr'g (Vol. I) 44:12-17. Dr. Longo also reviews the documentation from the testing, including photomicrographs, before forming his own conclusions as reflected in his expert report. *See e.g.,* ECF 32684-8 (Exhibit H, PSC's Opposition). *See Oki Am., Inc. v. Advanced Micro Devices, Inc.,* 2T006 WL 2987022, at *2 (N.D. Cal. Sept. 27, 2006) (no exceptional circumstances existed to depose consulting company who

3

assisted expert where the expert "independently verified [the conclusions] before submitting them in his expert report.").

The cases Defendants cite are distinguishable from the case at bar. For example, in *Derrickson v. Circuit City Stores, Inc.*, 1999 WL 1456538 (D. Md. Mar. 19, 1999), the expert relied on data chosen by his assistant, could not explain how his assistant chose the data, and the "information [was] exclusively within the assistant's cognizance." *Id.* at *8. In *Herman v. Marine Midland Bank*, 207 F.R.D. 26 (W.D.N.Y. 2002), the court ordered a deposition of an expert's collaborator because "the fruits of [their] labor [were] indivisible." *Id.* at 31. And in *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 6662727 (C.D. Cal. July 7, 2016), the expert reports at issue presented the results of the assistants' work—an Industry Essentiality Analysis—"as underlying facts." *Id.* at 2. There, "the testifying experts [could not] answer many of [opposing party]'s questions regarding how the conclusions of these reports were actually reached or answer sufficient questions that would allow [opposing party] to test whether the entirety of the Census and Industry Essentiality Analysis was done properly." *Id.* at *3. The same cannot be said for Dr. Longo.

Here, on the contrary, Defendants "identif[y] no part of [Dr. Longo]'s *report or opinion* that he could not explain." *Vopak N. Am. Inc.*, 2018 WL 10561115, at *1 (C.D. Cal. Sept. 14, 2018); *see also In re Cook Med., Inc., IVC Filters Mktg., Sales*

4

*Pracs. & Prod. Liab. Litig.*, 2018 WL 6113466, at *2 (S.D. Ind. Nov. 21, 2018) ("[T]he fact that [the assistant] put together the data charts does not mean the underlying data and its implications are exclusively within [the assistant]'s mind and out of reach through cross-examination of [the expert]."); *see also id.* ("[Opposing party] fails to show [expert] was unable to answer its questions about his report, his conclusions, or his methodology.").

In short, although Paul Hess performs the PLM analyses encompassed in Dr. Longo's reports, Defendants have not demonstrated that Dr. Longo cannot testify to the conclusions in his reports. A handful of nitpicked lines from deposition testimony does not suffice. Therefore, no exceptional circumstances exist to depose Mr. Hess under Rule 26(b)(4)(D). For the same reason, the deposition testimony sought from Mr. Hess is not proportional to the needs of the case. See. Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, the Court should quash Johnson & Johnson's subpoena directed at non-party Paul Hess, or in the alternative, issue a protective order enjoining Mr. Hess's obligation to comply with the subpoena.

Dated: June 11, 2024                                Respectfully submitted,

                                                    */s/ P. Leigh O'Dell*
                                                    P. Leigh O'Dell

5

>BEASLEY, ALLEN, CROW, METHVIN
>PORTIS & MILES, P.C.
>218 Commerce St.
>Montgomery, AL 36104
>Tel: 334-269-2343
>leigh.odell@beasleyallen.com
>***Plaintiffs' Co-Lead Counsel***
>
>
>*/s/ Michelle A. Parfitt*
>Michelle A. Parfitt
>ASHCRAFT & GEREL, LLP
>1825 K Street, NW, Suite 700
>Washington, DC 20006
>Tel: 202-335-2600
>mparfitt@ashcraftlaw.com
>***Plaintiffs' Co-Lead Counsel***
>
>*/s/ Christopher M. Placitella*
>Christopher M. Placitella
>COHEN, PLACITELLA & ROTH, P.C.
>127 Maple Ave.
>Red Bank, NJ 07701
>Tel: 732-747-9003
>clpacitella@cprlaw.com
>***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

          Respectfully submitted,

          */s/ P. Leigh O'Dell*
          P. Leigh O'Dell