UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) |

SPECIAL MASTER ORDER NO. 23
(DECIDING PLAINTIFFS' MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA DIRECTED AT PAUL HESS, DKT. NO. 32195)

This matter is before the Special Master ("SM") on plaintiffs' Motion to Quash or for Protective Order Regarding Subpoena Directed at Paul Hess.[1] The SM received defendants' opposition, plaintiffs' reply, and recently held oral argument. For the reasons to be discussed, plaintiffs' motion is denied.[2]

**BACKGROUND**

The parties are familiar with the background of this matter so a detailed discussion is not necessary. Although plaintiffs' motion addresses a deposition subpoena directed to Paul Hess ("Hess"), the motion relates to the trial testimony of plaintiffs' expert Dr. William Longo ("Longo").[3] Plaintiffs present Longo as an expert in materials science who will testify as to the presence of asbestos in defendants' talc products. Longo is the President and 75% owner of his lab – Material Analytical Services ("MAS"). Longo has testified at numerous depositions and trials regarding his tests for the presence of asbestos in talc products, including a two-day

---

[1] This motion was filed by the plaintiffs' Steering Committee. The opposition was filed by defendants Johnson & Johnson and LLT Management LLC. (Hereinafter collectively referred to as "J&J").

[2] Defendants have withdrawn their document request directed to Hess.

[3] The SM expresses no opinion as to the admissibility of Longo's testimony at trial.

Case 3:16-md-02738-MAS-RLS   Document 32817   Filed 06/12/24   Page 2 of 8 PageID: 187011

deposition in this MDL. As to this MDL, Longo proposes to testify that his tests revealed the presence of "chrysotile" asbestos in bottles of talc products he tested, including J&J's baby powder. No one can dispute that this testimony is directed to a central issue in the case, i.e., whether J&J's baby powder contained asbestos. Defendants correctly describe Longo's testimony as "case-defining." Earlier in the case the Court ruled that Longo's polarized light microscopy ("PLM") testing was not reliable. See In re Johnson & Johnson Talcum Powder Marketing, Sales Practices, and Products Litigation, 509 F.Supp.3d 116, 154-156 (D.N.J. 2020). Subsequently, Longo began using a new PLM method that he intends to rely upon at trial.

As noted, defendants' subpoena seeks to depose Paul Hess, a non-testifying expert and a longtime employee of MAS. Hess is important because Hess, not Longo, is the analyst that conducted the PLM tests that support Longo's opinions. Hess, not Longo, did the microscopic analysis required under the PLM methodology. Defendants write, "it was not Dr. Longo but Mr. Hess who looked at the particular particle through the microscope and made a determination concerning its identification." Opposition ("Opp.") at 2. Citing from Longo's deposition testimony from another case, defendants write that Hess is "the one who's looking through the PLM microscope[.]" Id. at 8. Longo also testified that Hess is "the person that [performs the analysis] from start to finish" and that Hess is the one "identifying the [asbestos] particles." Id. at 9. Defendants also quote Longo as testifying that "[t]esting talc for chrysotile by PLM has been 'really up to one person at MAS [Hess].'" Id. Further, Hess is the lead person at MAS who conducted PLM chrysotile analysis on J&J's talc and whose name is on MAS's reports that will be relied upon at trial. Longo Dep. (5/2/24) 165:17 to 166:10.

In support of their motion, plaintiffs argue that Hess's deposition would be irrelevant, disproportionate to the needs of the case, and unduly burdensome. Plaintiffs also claim that

6548381v2

defendants' subpoena "seeks discovery from a non-testifying expert and risks revealing privileged and protected documents and communications." Brief at 1. Unsurprisingly, defendants disagree on all counts.

**DISCUSSION**

The SM rejects plaintiffs' argument that "Johnson & Johnson has not demonstrated why the discovery sought from Mr. Hess is relevant[.]" Brief at 5. Defendants have established that Hess has key firsthand information regarding the tests upon which Longo relies. Hess, not Longo, has decades of experience doing PLM testing and is the expert Longo will rely upon to support his opinion that defendants' talc products contained asbestos. Hess, not Longo, did the microscopic analysis and identified asbestos particles in defendants' products by PLM. As a result, the how and why of the testing, which will undoubtedly be covered at Hess's deposition, is important testimony. Defendants aptly argue that Hess's testimony does not address an ancillary or tangential issue. Hess's work and testing is critical to Longo's conclusion that defendants' talc products contained asbestos. This subject matter is unquestionably relevant to key issues in the case.

Additionally, defendants have demonstrated why Longo does not provide all the answers to their inquiries and, thus, why Hess's deposition is necessary. Longo testified in other cases that he is unable to answer certain of defendants' questions about his conclusions without looking through a microscope. Opp. at 10 n. 4.[4] Hess, therefore, is likely to provide missing

---

[4] See also Reply in Support of Defendants' Motion to Compel Inspection of Dr. William Longo's Laboratory at 5-8. Dkt. No. 32808. Defendants' numerous citations to Dr. Longo's testimony from other cases, including testimony held weeks ago in a New Jersey State court case, is illustrative of the fact that defendants are not "nitpicking" as plaintiffs argue.

6548381v2

answers.  Indeed, in <u>Hess, et al. v. American Int'l Indus., et al.</u>, No. 1:24-CV-02195 ECF (N.D. Ga. June 3, 2024),[5] the Court wrote:

> Mr. Hess's analysis involves complex preparations, observations, and calculations related to [his testing].  His firsthand observations of the colors seen through a polarized light microscope determine the purported identification of "asbestos."  Because these observations are subjective and unrepeatable, no one can retroactively observe what Mr. Hess saw – not even Dr. Longo.

<u>Id.</u> at 4.  The Special Master, therefore, disagrees with plaintiffs' argument that, "Defendants can obtain all of the information they seek regarding Dr. Longo's reports from Dr. Longo himself[.]" Reply Br. at 2.

Further, contrary to plaintiffs' argument, defendants are not required to accept at face value that Longo's written methodology was followed.  Defendants should have an opportunity to hear from the MAS expert with firsthand knowledge (i.e., Hess) of what was done.  Thus, the SM discounts plaintiffs' argument that defendants "have had full opportunity to examine Dr. Longo and any and all aspects of his lab's methodology, … and its PLM analyses of cosmetic talc for the presence of chrysotile." <u>See</u> Brief at 7.  Defendants correctly note that, "[i]f looking down the microscope is necessary to explain the basis for MAS's findings, then Defendants are entitled to depose the person [i.e., Hess] who actually did that."  Opp. at 11.  Needless to say, therefore, the SM does not accept plaintiffs' argument that, "Johnson & Johnson has given no reason why the information it seeks regarding MAS's operations cannot be obtained from Dr. Longo himself[.]"  Brief at 7.

---

[5] A copy of the Order is included at Dkt. No. 32717.

Not only is Hess's testimony relevant but it is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Hess has firsthand knowledge directly relevant to the critical issue of whether defendants' products contained asbestos. Defendants persuasively argue:

> Mr. Hess is the one making all the key decisions. He's the one determining the particle's color and matching it to its corresponding RI value - the critical step in the analysis…. As part of that, he is the one choosing what <u>area</u> of the particle to use for the color match.

Opp. at 12 (emphasis in original).

In ruling on the scope of discovery, the SM has previously pointed out that this MDL involves issues of paramount importance to the defendants, general public, and the over 50,000 plaintiffs. Plaintiffs, as well as defendants, should have a complete record to decide the important issues being litigated. Hess has important firsthand information relevant to a crucial issue in the case that may not be obtained from another source. The burden of a one-day deposition to Hess and MAS is minimal and is easily outweighed by the importance of Hess's testimony.[6] The SM concludes that Hess's deposition is proportional to the needs of the case.[7]

The SM's conclusion that the deposition of Hess is appropriate is supported by the only two decisions that addressed whether Hess could be deposed. In both cases defendants sought and were granted leave to depose Hess because he was the microscopist whose tests Longo relied upon to identify asbestos in defendants' talcum products. See <u>Hess</u>, supra; <u>Materials Analytical</u>

---

[6] In the interest of brevity, plaintiffs' argument that defendants' subpoena is unduly burdensome, oppressive, and harassing is summarily rejected. Brief at 9-10. Plaintiffs' argument is premised on their belief that Hess's testimony is irrelevant, not proportional, and cumulative of Longo's testimony. <u>Id.</u> As discussed, these arguments have been rejected.

[7] While this motion was pending, defendants produced extensive expert reports disputing Longo's conclusions. Plaintiffs argue this demonstrates why Hess's deposition is not necessary. Although the argument has merit, the SM believes the compelling public interest in a complete record warrants denying plaintiffs' motion.

6548381v2

Services, LLC v. Johnson & Johnson, et al., No. 2310 6785 (Super. Ct. Ga., Cobb Cnty).[8]  In Hess, the Court wrote:

> whether the Court considers Mr. Hess a consulting expert employed only for trial preparation, a non-testifying consultant whose work was reviewed by a testifying expert, or simply a fact witness, exceptional circumstances exist to allow his deposition and the subpoena imposes no undue burden on him.

Order at 6.  Similarly, in Materials Analytical Services the Court wrote:

> [t]he Court finds that the subpoena for the deposition of Mr. Hess seeks discovery of information that is relevant to the issues in the Kentucky action concerning the testing of Gold Bond and other talc products at issue.  The Court further finds that the subpoena is not unreasonable, oppressive or unduly burdensome to MAS or Mr. Hess.

Order at 2.

Plaintiffs' reliance on Fed. R. Civ. P. 26(b)(4)(D) to foreclose Hess's deposition is unavailing.  Ordinarily a party may not discover facts known or opinions held by a consulting expert who is not expected to be called as a witness at trial.  However, the expert's materials are discoverable upon a "showing [of] exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Id.  Defendants have shown exceptional circumstances which warrant permitting Hess's deposition since Hess has exclusive firsthand knowledge relevant to Longo's opinions about a critical issue in this MDL. Accord Hess, supra, at 6.  In addition, since MAS's testing methodology changes as more research is done, exceptional circumstances exist to depose Hess because it will likely be difficult or impossible to recreate the exact conditions that existed when Hess's tests were done. See Longo Dep. (5/2/24) 47:6-13; Bank Brussels Lambert v. Chase Manhattan Bank, N.A., 175

---

[8] See Defendants' Opp. at Exhibit G.

F.R.D. 34, 44 (S.D.N.Y. 1997) (exceptional situations exist where the object or condition observed by the non-testifying expert is no longer observable).

Further, substantial authority exists for the proposition that where a testifying expert and his assistant closely collaborate, like was done here, Rule 26(b)(4)(D) does not apply. TCL Commc'n Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson, 2016 WL 6662727, at *4 (C.D. Cal. July 7, 2016) (citations omitted) ("when a non-testifying expert's work forms the substance of a report of the testifying expert, that non-testifying expert may be subjected to deposition as an appropriate means of testing the reliability of the report."); see also Herman v. Marine Midland Bank, 207 F.R.D. 26, 31 (W.D. N.Y. 2002) (depositions of expert's assistant was appropriate where expert's report was the result of "substantial collaborative" work and the final report was the result of "indivisible" labor); Derrickson v. Cir. City Stores, Inc., 1999 WL 1456538, at *7-8 (D. Md. Mar. 19, 1999) (deposition of testifying expert's assistant appropriate where they worked together "hand-in-glove" and the expert's opinions were the result of a "seamless collaboration" with his assistant). The cases cited in plaintiffs' Reply Brief are not controlling. Unlike the cases plaintiffs rely on, defendants have shown that Hess and Longo closely collaborated, that Longo substantially relied on Hess, and that Hess made key decisions regarding how Longo's tests were conducted and interpreted.

Plaintiffs' argument that Hess's deposition should not be permitted because it may implicate privileged or work product information is premature and will not be addressed in this Order. It is not appropriate to offer an advisory opinion on inquires that may or may not be

covered at Hess's deposition.  Plaintiffs' privilege objections will be addressed in the normal course of events if the need arises.[9]

**CONCLUSION**

For all the reasons stated herein, it will be ordered that plaintiffs' motion is denied.

**ORDER**

The Special Master having considered plaintiffs' motion, defendants' opposition, and plaintiffs' reply, and oral argument having been conducted, it is hereby ORDERED this 12th day of June, 2024, that Plaintiffs' Motion to Quash or for Protective Order Regarding Subpoena Directed at Paul Hess is DENIED.

Dated:  June 12, 2024                    By: *s/Joel Schneider*
                                                          Special Master
                                                          Hon. Joel Schneider (Ret.)

---

[9] Since plaintiffs have not argued that Hess's deposition is late or untimely, the SM will not address the issue.  The same is true for a standing defense which has not been raised.