# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kristen Renee Fournier
Partner
Direct Dial: +1 212 790 5342
kfournier@kslaw.com

June 21, 2024

**VIA E-MAIL**

The Honorable Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
457 Haddonfield Road, Suite 600
Cherry Hill, New Jersey 08002
jschneider@mmwr.com

    Re:    Scope of Defendants' Subpoenas Subject to Pending Motions to Quash

Dear Judge Schneider:

    I write in response to your June 19 request that Defendants clarify the scope of their document requests set forth in subpoenas to the Beasley Allen Law Firm (ECF No. 32201), the Smith Law Firm (ECF No. 32226), Ellington Management Group (ECF No. 32215), Fortress Investment Group LLC (ECF No. 32203), and Thomson Reuters (ECF No. 32204).

    The subpoenas to Fortress and Thomson Reuters are not at issue in the pending motions to quash. Defendants have withdrawn their subpoena to Fortress after receiving the declaration of Mr. David Meisels, who testified that the Smith Law Firm has received $24,000,000 in litigation funding for talc litigation. *See* ECF No. 32827-13. Further, Defendants have chosen not to pursue their subpoena to Thomson Reuters.

    The subpoenas to Beasley Allen, the Smith Law Firm, and Ellington Management remain at issue. As set forth in Defendants' Response (ECF No. 32827), the recipients should be compelled to respond to those subpoenas because the information sought is relevant, nonprivileged, and critical to resolution of this MDL. Defendants, however, are willing to limit the scope of the subpoenas as set forth below.

Hon. Joel Schneider
June 21, 2024
Page 2

***Subpoenas to Beasley Allen and the Smith Law Firm***

Defendants' subpoena requested the following eight categories of documents from Beasley Allen (which are substantially similar to the eight requests in the Smith Law Firm subpoena):

1. All Documents or Communications that reflect or relate to any Funding You received from Fortress concerning the above-captioned case, and/or claims that have or may be asserted therein, including when the funding first began and on what terms.

2. All Documents or Communications that reflect or relate to any Third-Party Funding You have received in any way related to the Litigation and/or claims that have or may be asserted therein, including, without limitation, any Documents or Communications that relate to Funding received from Fortress concerning the above-captioned case.

3. All Agreements You have entered into with any person to provide You with Funding in any way related to the Litigation, and/or claims that have or may be asserted therein including, without limitation, any Agreements with Fortress concerning the above-captioned case.

4. All Documents, Communications, or Agreements that concern how much Remuneration You have received in Third-Party Funding in any way related to the Litigation, and/or claims that have or may be asserted therein including, without limitation, any Documents, Communications or Agreements that relate to Funding received from Fortress concerning the above-captioned case.

5. All Documents, Communications, or Agreements that concern the conveyance, sale, syndication, factoring or other transfer of Third-Party Funding You have received that relates, in any way, to the Litigation and/or claims that have or may be asserted therein.

6. All Documents, Communications, or Agreements that concerning [sic] the authority to settle or otherwise resolve the Litigation and/or claims that have or may be asserted therein.

7. All Communications You have had with any Person who is not a party to this action, including news organizations like Thomson Reuters or Fortress, related to the Proposed Plan of Reorganization and the solicitation of personal injury Plaintiffs regarding same.

8. All Communications You have had with any person who is not a party to this action, including news organizations like Thomson Reuters or Fortress, related to settlement offers made to You by Defendants in connection with the Litigation.

ECF No. 32201; ECF No. 32226.

Requests 1-6 remain pending an in dispute. In an effort to compromise regarding the scope of discovery sought, Defendants agree to forego Requests 7-8. Defendants also agree to limit the

Hon. Joel Schneider
June 21, 2024
Page 3

scope of Requests 1-6 to exclude communications to journalists to the extent those communications might have been responsive to those requests. Additionally, Defendants of course do not expect privileged communications to be produced, such as communications solely between Beasley Allen or the Smith Law Firm and their clients regarding legal advice.

*Subpoena to Ellington Management*

Defendants' subpoena seeks the following documents and information from Ellington Management:

1. All Communications or Agreements between You and Law Firms related to the Litigation.
2. All Communications, Agreements, or Documents that reflect which Law Firms You have provided Funding to related to the Litigation.
3. All Communications, Agreements, or Documents that reflect when you began providing Funding to Law Firms related to the Litigation.
4. All Communications, Documents, or agreements that reflect in any way to Funding You provided to Law Firms related to the Litigation.
5. All Communications, Agreements, or Documents, that reflect the terms of the Funding You provided to Law Firms related to the Litigation.
6. All Communications between You and Law Firms related to Defendants' proposed Resolutions of the Litigation from 2020 to present, including Communications related to the Litigation and the Proposed Plan of Reorganization.
7. All Communications between You and Law Firms related to the Proposed Plan of Reorganization and the solicitation of Claimants regarding same.
8. All Communications between You and Beasley Allen related to the Litigation.
9. All Documents related to Your Funding Beasley Allen's activities related to the Litigation.
10. All Documents, Communications, or Agreements that concern the conveyance, sale, syndication, factoring or other transfer of Funding You provided to Beasley Allen that any way relates to the Litigation and/or claims that have or may be asserted therein.
11. All Communications between You and the Smith Firm related to the Litigation.
12. All Documents related to Your Funding the Smith Firm's activities related to the Litigation.
13. All Documents, Communications, or Agreements that concern the conveyance, sale, syndication, factoring or other transfer of Funding You provided to the

Hon. Joel Schneider
June 21, 2024
Page 4

       Smith Firm that any way relates to the Litigation and/or claims that have or may be asserted therein.

ECF No. 32215.

       All these requests remain pending and in dispute. As discussed above, Defendants agree to limit the scope of those requests to exclude communications to Thomson Reuters or other journalists to the extent those communications might have somehow been otherwise responsive.

* * *

       I hope the above clarifies the scope of Defendants' document requests and the issues that remain for decision in the pending motions to quash. Should Your Honor have further questions or require additional information, we remain ready to assist.

       Respectfully submitted,

       */s/ Kristen Renee Fournier*

       Kristen Renee Fournier

cc: All Counsel (via ECF)