# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
P: 609.275.0400
F: 609.275.4511

120 Sanhican Drive
Trenton, NJ 08618
P: 609.771.8611
F: 609.771.8612

The Atrium at 47 Maple Street
3rd Floor
Summit, NJ 07901
P: 908.219.4219
F: 908.219.4561
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Janine G. Bauer***
Bruce M. Sattin***
Jonathan I. Epstein
Samuel M. Gaylord*+++

*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars

Brian M. Schwartz**
Edward S. Kahn
Robert P. Panzer
Benjamin T. Branche*
Michael D. Brottman**
Janine Danks Fox*
Thomas J. Manzo**
Brian A. Heyesey
Lindsey Moskowitz Medvin**
Janis A. Eisl*
Marc A. Brotman**
Max H. Steinberg
Alexandrea M. Jacinto

+Certified Matrimonial Attorney
++Certified Civil Trial Attorney
+++Certified Workers Comp Attorney
++++Certified Workers Comp & Civil Trial Attorney

Of Counsel
Stephen L. Skillman
Anthony J. Parrillo
Jeffrey M. Hall
Bryce S. Chase++++
Kim A. Otis
Kristine Dress Brown**

Counsel
Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512
P: 609.655.3600

Retired:
Jeffrey P. Blumstein
Steven Blader
Linda R. Feinberg

June 24, 2024
jschneider@mmwr.com

The Honorable Joel Schneider (U.S.M.J. Ret.)
Montgomery McCracken Walker & Rhoads LLP
457 Haddonfield Road, Suite 600
Cherry Hill, New Jersey 08002

Re: Reply of the Smith Law Firm To Brief Filed by Johnson & Johnson and LLT Management LLC in Response to the Brief Filed by the Smith Law Firm to Quash Subpoena

Dear Judge Schneider:

Please accept this letter submitted in reply to the brief filed by Johnson & Johnson and LLT Management LLC (collectively "J&J") in Response to the Brief Filed by the Smith Law Firm ("Smith") to quash a subpoena issued to it by J&J.

7079970.1



## ARGUMENT

### POINT I

### THE INFORMATION SOUGHT IN THE J&J SUBPOENA FROM NON-PARTY SMITH, IS NOT RELEVANT TO A "CLAIM OR DEFENSE" IN THIS LITIGATION

At this juncture, the Smith Law Firm understands that J&J has limited the scope of its subpoena to information:

> regarding litigation funding and their [the Smith Law Firm] communications with third parties (including communications between the firms and their litigation financiers) regarding settlement authority generally and the proposed reorganization plan specifically.

In *In re Valsartan*. 405 F. Supp. 3d 612, 615 (D.N.J. 2019), Your Honor determined that litigation funding discovery is not appropriate unless "there is a showing that something untoward occurred." The sole allegation with regard to Smith in the J&J brief appears at pages 9 and 10 of that brief in which it argues that the Smith Law Firm and Beasley Allen have partnered on talc litigation and the former acquired litigation funding in the amount of $24 million. The J&J brief fails to explain how the Smith Law Firm did anything "untoward."



June 24, 2024
Page 3

Moreover, in *Valsartan* Your Honor's ruling dealt with parties to litigation, not with attorneys who were not parties to litigation. Local Civ. R. 7.1.1 applies only to "parties" - which the Smith Law Firm is not. In that regard, J&J does not dispute the statement in paragraph 4 of Mr. Smith's Declaration that his firm is "neither a party in [this] matter nor counsel to any party in this matter." Therefore, Smith does not fall within the category of persons required to make any disclosures by Local Civ. R. 7.1.1, let alone the irrelevant disclosures sought by J&J.

Even were the rule applicable, it only permits an application to be made for additional discovery upon a "showing of good cause." J&J does not suggest any basis to support a "good cause" claim for discovery from Smith and fails to cite to a single rule or case that permits discovery of litigation funding from a lawyer who is not counsel in the case in which the discovery is sought.

In addition, J&J's reliance on *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) is misplaced as "Rule 26(b) has been amended multiple times during the four decades following Oppenheimer, all to shrink the scope of permissible discovery." *Stag v. Smith*, 2019 U.S. Dist. LEXIS 172737, *9 (E.D. La. Oct 4, 2019); *accord, Rescap Liquidating Trust v. United States Bank N.A.*, 2018 U.S. Dist. LEXIS 237981, *17 (D. Minn., Feb 14, 2018); *Sentry Select Ins.*



*Co. v. Seatruck, Inc.*, 2010 U.S. Dist. LEXIS 151244, *4 (S.D. Fla., June 15, 2010). Even the case upon which J&J relies with regard to *Oppenheimer, Henry v Morgan's Hotel Gr.*, 2016 U.S. Dist. LEXIS 8406 (S.D, N.Y., Jan. 25, 2016), reads the 2015 Rule 26 amendments to require Judges to more aggressively police discovery abuses.

Other cases upon which J&J relies all deal with discovery from parties and are, for other reasons, inapposite. For instance, in *Hobbs v. Am. Commercial Barge Line LLC*, 2023 U.S. Dist. LEXIS 171310, *11 to 12 (S.D. Ind. Sep. 26, 2023), the Court allowed discovery of medical financing agreements because they were relevant to the amount of damages that the plaintiff sustained, and noted that "this ruling should not be read to support a blanket conclusion that discovery related to medical financing or litigation funding will always be discoverable." *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 U.S. Dist. LEXIS 21506, *3 (D. Del. Feb. 9, 2018) only found litigation funding discoverable with regard to "central issues like validity and infringement valuation" of a patent. This case was later distinguished by Your Honor in *In re Valsartan*, 405 F. Supp. at 618, n.7 as a minority opinion.



In *Gbarabe v. Chevron Corp.*, No. 14-cv-00173, 2016 U.S. Dist. LEXIS 103594 at *2 (N.D. Cal. Aug. 5, 2016), the litigation funding agreement was conceded to be relevant: "Plaintiff's opposition concedes the relevance of the funding agreement to the class certification adequacy determination." *Id.* *5. In *In re Am. Med. Sys., Inc.*, MDL No. 2325, 2016 U.S. Dist. LEXIS 84838 *5 (S.D. W. Va. May 31, 2016), the Court permitted discovery as relevant to plaintiff's decision to undergo surgery. In *Nelson v. Millennium Labs., Inc.*, No. 2:12-cv-01301, 2013 U.S. Dist. LEXIS 191155 (D. Ariz. May 17, 2013), the Court permitted discovery only to determine if a competitor was funding the plaintiff's claim of wrongful termination.

While, as J&J argues at page 18 of its brief, a variety of orders have required litigation funding disclosures, none appear to have been litigated and the basis for those orders is not discussed.

As for champerty, Federal common law does not recognize the champerty doctrine. *In re Antitrust Litig*, 2024 U.S. Dist. LEXIS 56236 (N.D. Ill., Mar. 28, 2024). Moreover, if a litigation funding agreement were champertous, then no litigation funding agreement could possibly be lawful which is not the case.



June 24, 2024<br>Page 6

In summary any litigation funding arrangement with the Smith Law Firm, who is not a party to his matter, is not relevant to a "claim of defense" of J&J and its subpoena should be quashed.

## POINT II

### J&J'S SUBPOENA IS PROCEDURALLY FLAWED

Finally, J&J seems to acknowledge that its subpoena runs afoul of the 100-mile limit set forth in Fed. R. Civ. P. 45(c)(2)(c)(A) but makes the unsupported assumption that the Smith Law Firm will be in New Jersey to argue the instant motion. That argument, however, will occur over ZOOM and be attended by the undersigned counsel.

## CONCLUSION

The J&J subpoena to the Smith Law Firm should be quashed.

Respectfully submitted,

**SZAFERMAN, LAKIND,<br>BLUMSTEIN & BLADER, P.C.**

*s/Arnold C. Lakind*
Arnold C. Lakind, Esq.

C:   Allen Smith, Esq.