# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br>Cassie Smith v. Johnson & Johnson, Inc., et al.<br><br>Case No. 3:17-cv-11212-MAS-RLS | Civil No. 3:16-md-2738-MAS-RLS |

## <u>PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE</u>

### INTRODUCTION

Plaintiff Cassie Smith ("Plaintiff") respectfully files her response to the Court's Order to Show Cause. In Plaintiff's individual case, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) on January 22, 2024 (Doc. 17). Defendant filed its Memorandum of Law in Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice on February 5, 2024 (Doc. 18) and Plaintiff filed its Reply in Support of Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) on February 13, 2024 (Doc. 19.) Plaintiff's motion remains pending.

Plaintiff seeks from this Court a voluntary dismissal without prejudice of her current claims against Defendants under Fed. R. Civ. P. 41(a)(2). This is not a

1

strategic move by plaintiff – Plaintiff has not provided discovery because she no longer wishes to proceed with her claim, which is also why she seeks dismissal at this time.

## LEGAL STANDARD

"Under Rule 41(a)(2), if a defendant has served an answer or a motion for summary judgement and has not consented to a stipulation of dismissal, as is the case here, 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Wei Mon Indus. Co. v. Chien,* No. 14-7853 (SRC), 2016 WL 6154904, at *1 (D.N.J. Oct. 21, 2016) (internal citations omitted).

Although it is within the Court's discretion whether to grant a motion for dismissal under Rule 41(a)(2), the motion "should not be denied absent substantial prejudice to the defendant." *Smith v. City of Plainfield,* No. 15-7258, 2016 WL 4402812, at *2 (D.N.J. Aug. 15, 2016)(quoting *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 171 (D.N.J. 2013).

## ARGUMENT

I. **PLAINTIFF HAS ESTABLISHED A PROPER AND VALID BASIS FOR DISMISSAL WITH PREJUDICE**

   a. **The Factors For Consideration Weigh In Plaintiff's Favor.**

"Courts generally agree that Rule 41(a)(2) motions should be allowed unless

2

defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Shappell v. PPL Corp.,* No. 06-2078, 2007 WL 893910 at *1 (D.N.J. Mar. 21, 2007); *see also In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)(applying "liberal" view toward granting voluntary dismissals).

Here, the defendants do not face substantial prejudice based on an analysis of the *Smith* factors: 1) the expense of second litigation; 2) the effort and expense incurred by a defendant in preparing for trial in the current case; 3) the extent to which the current case has progressed; and 4) plaintiff's diligence in bringing the motion to dismiss. *Smith v. City of Plainfield,* No. 15-7258, 2016 WL 4402812, at *2 (D.N.J. Aug. 15, 2016). While Defendant may attempt to argue that Plaintiff seeks a more favorable forum, in a Rule 41(a)(2) analysis, "the potential for forum shopping does not count as legal prejudice." *Id*. at *12 (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016)).

First, potential future litigation expenses are not expected to exceed those incurred in the current proceeding. Defendants are already well-informed about the claims that Plaintiff may raise and have prepared responses and dispositive motions addressing those claims. As a result, any additional costs incurred by Defendants in subsequent litigation would likely be minimal, if any, and certainly not greater than if Plaintiff's claims were allowed to proceed without dismissal. Therefore, Defendants will not be prejudiced at the expense of an unlikely second

litigation.

Second, Defendants have not expended any substantial effort and certainly have not incurred any significant expenses specific to Plaintiff at this stage. Absent substantive motion practice or preparation for trial, Defendants is not prejudiced to the extent that would rule in favor of "substantial prejudice." Thus, due to the minimal effort and expenses incurred by Defendants in preparing for trial in the current case, this factor of the analysis favors dismissing Plaintiff without prejudice.

Third, this action is still in its early stages, having not progressed past the pleading stage, thereby minimizing potential prejudice to Defendants. Defendants will not be substantially prejudiced by this factor, thus weighing in favor of granting dismissal without prejudice.

Finally, Plaintiff is diligent in requesting dismissal without prejudice and the ensuing desire not to proceed by her survivors.

### b. Rule 60(b) Is Not Adequate Recourse For Plaintiff If Her Case Is Dismissed With Prejudice

While Federal Rule of Civil Procedure 60(b) provides that a court may provide relief from a final order due to, *inter alia,* inadvertence, excusable neglect, the results of the judgment no longer being equitable, or other reasons that justify relief, relying on this recourse would fail to provide Plaintiff with an adequate or immediate solution that is requested at this time. It is a waste of time and money to

rely on a Rule 60(b) motion, that is not guaranteed, when Plaintiff requests a solution that can be granted now.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that her case be dismissed without prejudice.

Date:  June 27, 2024                                             Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
John G. Simon
Anthony G. Simon
Jeremiah W. Nixon
800 Market Street, Suite 1700
St. Louis, MO 63101
(314) 241-2929
(314) 241-2029 (Fax)
jsimon@simonlawpc.com
asimon@simonlawpc.com
jnixon@simonlawpc.com

***Attorneys for Plaintiff***
***Cassie Smith***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the June 27, 2024, a true and accurate copy of the foregoing was served via electronic mail upon all counsel of record via this Court's CM/ECF system.

*/s/ Anthony G. Simon*