**O'Melveny**

O'Melveny & Myers LLP        T: +1 202 383 5300
1625 Eye Street, NW          F: +1 202 383 5414
Washington, DC 20006-4061    omm.com

July 1, 2024

**Stephen D. Brody**
D: +1 202 383 5167
sbrody@omm.com

**VIA ECF & ECOURTS**

The Honorable John C. Porto, P.J. Civ.
Atlantic County Civil Courts Building
1201 Bacharach Blvd., Fl. 3
Atlantic City, New Jersey 08401

The Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:   *In re: Johnson & Johnson Talc-Based Powder Prods. Litig., Docket No. ATL-L-02648-15; MCL No. 300*
>
> *In re: Johnson & Johnson Talcum Powder Prods., Mktg., Sales Practices and Prods. Liability Litig., Case No.: 3:16-md-02738-MAS-RLS*

Dear Judge Porto and Judge Singh:

    I write on behalf of Johnson & Johnson and LLT Management LLC (together, "J&J") and submit this letter in connection with J&J's motions to disqualify Beasley Allen and Andy Birchfield in the above-referenced matters, and to remove Beasley Allen from the Plaintiffs' Steering Committee in the federal MDL.  Since post-hearing briefing concluded on May 24, the ongoing harm to J&J from Beasley Allen's collaboration with James Conlan—who was exposed to J&J's confidential litigation and settlement strategies—has been readily apparent.  In furtherance of the same objective as the illicit alliance between Beasley Allen and Conlan, Birchfield and Beasley Allen have engaged in a continuous effort to undermine J&J's ability to resolve its talc liabilities on the terms announced on May 1, 2024, and to foreclose a resolution through bankruptcy.  For these reasons—in addition to those articulated in prior briefing—J&J submits this correspondence to raise and preserve its claims relating to the ongoing harm from Beasley Allen's continuing role in this litigation.

    As J&J has demonstrated, and as the evidentiary record makes clear, Beasley Allen improperly colluded with J&J's former lawyer Conlan on the same matters, same claims, and same issues that he worked on for J&J and, as a consequence, received J&J's confidential information from Conlan.  MDL ECF No. 32207 at 18–30.  This involved all aspects of J&J's litigation and resolution strategies, including how J&J evaluates, values, and generally thinks about the talc litigation and potential resolution of those liabilities.  *Id.*  In the month since the parties concluded supplemental briefing on the pending disqualification motions, Beasley Allen has continued its crusade to obstruct and undermine J&J's

legitimate efforts to resolve what is potentially its biggest liability. Indeed, Birchfield and Beasley Allen routinely publicize their effort to derail J&J's preferred—and the fairest—resolution of talc claims, including attacking supporters of the third bankruptcy plan.[1]

On the very day that J&J announced the reorganization plan, Beasley Allen issued a press statement promising to "resist [the bankruptcy plan] at every turn."[2] That blanket objection disregards whether the plan is (or could be) in the best interests of its clients—placing Beasley Allen's economic interests in a resolution outside of bankruptcy above those of its clients. Soon thereafter, on June 11, Birchfield doubled down, this time attacking any potential supporters of the bankruptcy plan.[3] Indeed, Birchfield appeared to question the integrity and intelligence of any lawyer prepared to consider J&J's reorganization plan, apparently "fee[ling] compelled to ask how any plaintiffs' lawyer could recommend their clients accept" J&J's preferred resolution, and characterizing such lawyers as "stripping" their clients of their agency.[4] On June 20, Andy Birchfield and Leigh O'Dell once again attacked the bankruptcy plan, confirming they "will stand firm" and "not flinch" until they "gain resolution outside of" bankruptcy.[5]

And just last week, on June 27, O'Dell asserted in a press release that the Supreme Court's recent decision invaliding Purdue's reorganization plan "should spell doom" for J&J's resolution effort, and expressed her "hope that th[e] decision will derail any attempt by J&J to return the talc litigation to the bankruptcy courts."[6] Of course, the issue that invalidated the Purdue plan—nonconsensual third-party releases outside of 11 U.S.C. § 524(g)—is not present in J&J's plan. To the contrary, the whole point of J&J's plans have been to secure a *consensual* resolution of this litigation. But Beasley Allen remains steadfast in obstructing that goal, and its possession of J&J's confidential information facilitates its efforts to do so and constitutes actual impropriety requiring disqualification. It is unfair—and contrary to New Jersey law—for J&J to be forced to litigate against an adversary that collaborated with its former counsel ***on the same litigation, with respect to the same settlement strategies*** that Birchfield, O'Dell, and Beasley Allen continue to attack.

Of course, Birchfield, O'Dell, and Beasley Allen have not stopped at press statements. On May 22, Beasley Allen, along with other members of the MDL PSC, initiated a fraudulent transfer action

---

[1] *See, e.g.*, EIN-Presswire, *Attorneys In Talc Cancer Litigation Discourage Voting For A Bankruptcy Plan That Will Strip Women Of Personal Rights*, MENAFN (June 11, 2024), https://menafn.com/1108322443/Attorneys-In-Talc-Cancer-Litigation-Discourage-Voting-For-A-Bankruptcy-Plan-That-Will-Strip-Women-Of-Personal-Rights (last accessed June 28, 2024).

[2] *Cheating Victims: J&J's Third Bankruptcy Attempt*, BEASLEY ALLEN LAW FIRM, https://www.beasleyallen.com/article/cheating-victims-jjs-third-bankruptcy-attempt/ (last accessed June 28, 2024).

[3] *Plaintiffs' Attorneys in Talc Cancer Litigation Discourage Voting for a Bankruptcy Plan That Will Strip Women of Their Personal Rights*, LEVIN LAW, https://levinlaw.com/newsroom/bankruptcy-plan-will-strip-women-of-their-personal-rights/ (last accessed June 28, 2024).

[4] *Id.*

[5] *More than 60 Law Firms Oppose J&J Prepack Bankruptcy Scheme*, LEVIN LAW, https://levinlaw.com/newsroom/law-firms-oppose-jj-bankrutcy/ (last accessed June 28, 2024).

[6] *Lawyers for Johnson & Johnson's Ovarian Cancer Victims React to SCOTUS Decision in Purdue*, BUSINESS WIRE, https://www.businesswire.com/news/home/20240627982671/en/ (last accessed June 28, 2024).

against J&J attempting to derail its proposed bankruptcy resolution, *Love, et al. v. LLT Management LLC f/k/a LTL Management, LLC, et al.*, No. 3:24-cv-06320-MAS-RLS ("*Love*"), ECF No. 1 (D.N.J. May 22, 2024), going so far as to seek a TRO enjoining Defendants from (among other things) filing a bankruptcy case anywhere in the U.S. other than the District of New Jersey. *Id.*, ECF No. 6 (D.N.J. June 11, 2024); *see* 28 U.S.C. § 1334.  These fraudulent transfer claims are baseless, belatedly seeking to set aside transfers that were made years ago.  *See id.*, ECF No. 16 (D.N.J. June 18, 2024).  And on June 28, Judge Shipp rightly denied the far-fetched request for a TRO because, among other things, plaintiffs did not "allege any actual harm" and the *Love* complaint "is built entirely on a hypothetical." *Love*, ECF No. 31 at 7–8 (D.N.J. June 28, 2024).  The point of these legal filings by Beasley Allen cannot be to prevail on the merits—they stand no chance of that.  Rather, these filings are yet further demonstrations of Beasley Allen's determination to prevent J&J from resolving its talc liabilities through bankruptcy, all while armed with J&J's confidential information.

And they show precisely the significance of—and ongoing harm from—Beasley Allen's ethical violations.  Beasley Allen is seeking to thwart resolution of the cases in these Courts by challenging actions taken by J&J's legal team while Conlan was a part of it.  And even worse, Beasley Allen's allegations about actions taken by Mr. Haas and the other J&J attorneys while Conlan was J&J's outside counsel on the talc litigation involves the very confidential information that Conlan received while representing J&J—and that he possessed during his months-long collaboration with Birchfield and Beasley Allen.

For the foregoing reasons, J&J is compelled to submit this letter to reserve its rights, remedies and recourse regarding the ongoing harm it is incurring from Beasley Allen's continued role in the matters, claims, and issues before these Courts.

Thank you for your continued consideration of these matters.

Respectfully,

*[signature]*

Stephen D. Brody


cc:   All counsel of record (via ECF & eCourts)