# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION <br><br> *This Document Relates To*: <br><br> *Rico v. Johnson & Johnson,* <br> *Case No. 3:17-cv-11342;* | MDL Docket No. 2738 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

## INTRODUCTION

Defendants Johnson & Johnson and LLT Management, LLC, oppose the Response to the Court's Order to Show Cause filed by Plaintiff Amy Rico on July 1, 2024 (ECF 32871). Plaintiff has failed to provide Defendants with Court-ordered discovery for over eight months. The Response to the Court's Order to Show Cause indicates that Plaintiff is no longer cooperating with counsel or participating in the litigation. The Court should find that this Plaintiff has not shown good cause as to why her case should not be dismissed with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff was originally required to provide a Plaintiff Profile Form ("PPF") to Defendants on October 16, 2023 pursuant to the Amended Plaintiff's Profile Form Order (ECF 27291). Plaintiff failed to provide Defendants with a PPF by that deadline. Defendants thereafter provided Plaintiff with an extension to January 22, 2024 to serve a PPF. After once again failing to provide Defendants with the discovery by the extended deadline, Plaintiff was listed in the March 1, 2024 PPF Report (ECF 29168) and then again in the April 1, 2024 PPF Report (ECF 30612).

Subsequently, due to her continual failure to serve Defendants with a PPF, and in accordance with the Court's Order outlining a protocol for adjudicating

cases that fail to serve PPFs (ECF 29032), Plaintiff was listed in the May 1, 2024 Order to Show Cause issued by the Court (ECF 32811). Plaintiff now comes before the Court in an attempt to prevent the dismissal of her case with prejudice for her failure to provide Court-ordered discovery. Plaintiff seeks a dismissal without prejudice apparently to evade the discovery orders of the Court and preserve her case for another day and potentially another forum. Plaintiff's response clearly demonstrates why the Court should not hesitate to dismiss her case with prejudice due to her discovery delinquency.

## ARGUMENT

Plaintiff's response indicates she has not cooperated with her counsel since approximately September 2023. *See Rico Resp.* at 2 (ECF 32871). The fact that Plaintiff is no longer participating in the litigation and will not provide the Court ordered discovery should end any argument. This admission alone clearly justifies dismissing Plaintiff's cases with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court reject Plaintiff's request to dismiss her case without prejudice and rule that Plaintiff has not shown good cause as to why her case should not be dismissed with prejudice.

Dated: July 3, 2024

Respectfully submitted,

<u>/s/ *Susan M. Sharko*</u>
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*

4