

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

July 16, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
      **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

As we finalize our R. 702 motions it has become increasingly clear that it would be premature to file dispositive motions at the same time for three basic reasons:  *First,* Defendants' objection to the PSC's motion to add one or more new defendants at this late stage is pending. *Second,* in light of the substantial, case-defining issues that will be addressed in the forthcoming Rule 702 motions, it is not yet settled what causes of action under the Master Long Form Complaint remain. *Finally,* neither the Court nor the Defendants know what substantive law will apply because we do not yet know which of the six bellwether plaintiffs (who are from six different states) will be the subject of the first trial.

On behalf of Defendants, I therefore write to request a continuance of the current briefing deadlines pertaining to dispositive motions under the Court's April 30, 2024, Scheduling Order (Dkt. No. 32123) notwithstanding n.1 of the Order which states the Court "will not entertain any requests for an extension of the current briefing dates".  To be clear, we do not seek any extension on the deadline for filing of R. 702 motions, which we are prepared to file next week. Rather, we are simply seeking a reasonable extension of briefing on additional, dispositive motions—some of which may be obviated by the disposition of Defendants' R. 702 motions.  In short, deferring the deadline for dispositive motions would foster the orderly and efficient administration of this MDL proceeding.

First, the pleadings for all six bellwether cases remain—to a significant degree—in flux. On January 10, 2024, Special Master Order No. 17 (Dkt. No. 28902) granted the Plaintiffs' Motion for Leave to File Second Amended Master Long Form Complaint, adding new corporate defendants and new causes of action.  Defendants timely filed their objection to the Special

Hon. Michael A. Shipp, U.S.D.J.  - 2 -  July 16, 2024
and Hon. Rukhsanah L. Singh,
U.S.M.J.

Master's ruling on January 24, 2024 (Dkt. No. 28922), and the briefing on that objection was closed with Defendants' filing of a reply on February 13, 2024 (Dkt. No. 29033). **Defendants' objection to Special Master Order No. 17 remains pending, leaving the parties uncertain as to several issues, most importantly which defendants are included in the cases** to which the April 30, 2024 Scheduling Order (Dkt. No. 32123) applies. This uncertainty is highly consequential—as the Court may recall, one of Defendants' primary responses to Plaintiffs' eleventh hour effort to add new defendants is that these new defendants cannot possibly have any liability under the applicable law governing corporate transfers. *See generally* Dkt. No. 28922. As a result, if these defendants are included in the bellwether cases, Defendants' dispositive motions must include arguments about vicarious liability and corporate transfers that would have no place if the new defendants are not in the cases. It would be far more efficient and prudent to brief these arguments after the Court resolves Defendants' pending objection to Special Master Order No. 17.

Second, an extension of dispositive motion deadlines would effectuate the Court's goal of resolving general causation before considering summary judgment. All of the cases now pending in this MDL—including the bellwether pool from which one case will be selected for trial later this year—require expert evidence in order to support causation in a products liability case. *See, e.g., In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 982 F.3d 113, 124 (2d Cir. 2020) (noting that "all fifty states 'require some evidence of general causation in products liability cases involving complex products liability (or medical) issues.'"). Accordingly, Judge Wolfson contemplated resolving any challenges to Plaintiffs' general causation expert testimony before turning to dispositive motion practice in this MDL. *See* August 6, 2018 Order (Dkt. No. 6966, focusing on discovery into and *Daubert* motions regarding general causation experts); April 27, 2020 Opinion at 2-3 (Dkt. No. 13186, resolving general-causation *Daubert* motions and directing the parties to meet and confer on any remaining issues not resolved by the Opinion); May 15, 2020 Order (Dkt. No. 13317, imposing process for selecting and working up bellwether cases); June 1, 2021 Order (Dkt. No. 22100, imposing schedule for *Daubert* and dispositive motions in Stage Three bellwether cases). And, Your Honor has repeatedly made clear that the prior *Daubert* ruling should be revisited in light of new science and recent amendments to Rule 702. (Dkt. No. 30260; Dkt. No. 32122.). Thus, continuing the dispositive motion briefing deadlines would restore the long-contemplated order of issues in this MDL and allow the Court to address Defendants' challenges to expert evidence of causation before turning to dispositive motions.

Third, under the current scheduling order, the Plaintiffs are not required to identify which of the six bellwether cases will be selected for trial until August 5, 2024—nearly two weeks after the July 23, 2024 deadline for dispositive motions. *See* Dkt. No. 32123 at ¶¶ 8, 11. Thus, the current briefing schedule requires Defendants to present their case-specific arguments under the laws of six different states for all six cases that could potentially be selected when only one will actually be tried. This result was not contemplated in the parties' proposals on a pretrial scheduling order (Dkt. Nos. 26872-4 [Plaintiffs' proposal] and 26876-1 [Defendants' proposal]), which specified no deadline for identification of a trial case as the parties disagreed on how soon that designation should be made. Nor was it contemplated by the Court's scheduling orders of October 10, 2023 (Dkt. No. 28516) or February 9, 2024 (Dkt. No. 29024), which collectively required Plaintiffs to propose a trial case "75 days before the date of the first trial"—a date that was unknown until the Court announced it in the April 30, 2024 Scheduling Order (see Dkt. No. 32123). By continuing the deadline for dispositive motions, the Court would enable Defendants to streamline their dispositive motions to include only those arguments that are relevant to the case that is selected for trial, eliminating at least ten different motions.

Hon. Michael A. Shipp, U.S.D.J. - 3 - July 16, 2024
and Hon. Rukhsanah L. Singh,
U.S.M.J.

     For all of these reasons, Defendants respectfully request that the Court modify the briefing schedule imposed by the April 30, 2024 Scheduling Order (Dkt. No. 32123) as follows:

- (Unchanged) *Daubert* motions due July 23, 2024

- (Unchanged) Oppositions to *Daubert* motions due August 22, 2024

- (Unchanged) No replies permitted for *Daubert* motions

- (New) Dispositive motions due thirty (30) days after the Court rules on the R. 702 motions and the appeal of the Special Master's ruling on the proposed Second Amended Master Long Form Complaint, whichever ruling comes later.

- (Unchanged) Trial commences December 3, 2024

     Thank you for your consideration of these matters.

Respectfully submitted,

*Susan Sharko*

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

SMS/emf

cc:    All Counsel (via ECF)