# EXHIBIT 1

G:\M\18\ISSA\ISSA_177.XML

...................................................................
(Original Signature of Member)

118TH CONGRESS
2D SESSION

# H. R. _____

To amend title 28, United States Code, to provide for transparency and oversight of third-party beneficiaries in civil actions.

_____

## IN THE HOUSE OF REPRESENTATIVES

_____

Mr. Issa introduced the following bill; which was referred to the Committee on _____

_____

# A BILL

To amend title 28, United States Code, to provide for transparency and oversight of third-party beneficiaries in civil actions.

1    *Be it enacted by the Senate and House of Representa-*

2  *tives of the United States of America in Congress assembled,*

3  **SECTION 1. SHORT TITLE.**

4    This Act may be cited as the "Litigation Trans-

5  parency Act of 2024".

g:\VHLD\070224\D070224.011.xml          (929973|3)
July 2, 2024 (11:44 a.m.)

2

1  **SEC. 2. TRANSPARENCY AND OVERSIGHT OF THIRD-PARTY**

2     **BENEFICIARIES IN CIVIL CASES.**

3     (a) IN GENERAL.—Chapter 111 of title 28, United

4  States Code, is amended by adding at the end the fol-

5  lowing:

6  **"§ 1660. Third-party beneficiary disclosure**

7     "(a) IN GENERAL.—In any civil action, a party or

8  any counsel of record for a party shall—

9        "(1) disclose in writing to the court and all

10       other named parties to the civil action the identity

11       of any commercial enterprise (other than counsel of

12       record) that has a right to receive any payment that

13       is contingent on the outcome of the civil action or

14       a group of actions of which the civil action is a part;

15       and

16       "(2) produce to the court and each other named

17       party to the civil action, for inspection and copying,

18       except as otherwise stipulated or ordered by the

19       court, any agreement creating a contingent right re-

20       ferred to in paragraph (1).

21     "(b) DEFINITION.—For purposes of this section, the

22  term 'commercial enterprise'—

23       "(1) means any entity formed for the ongoing

24       conduct of lawful business; and

G:\M\18\ISSA\ISSA_177.XML

3

1    ''(2) does not include any entity that has a

2    right to receive payment described in subsection

3    (a)(1)(B) if the right to receive payment is solely—

4        ''(A) the repayment of the principal of a

5        loan;

6        ''(B) the repayment of the principal of a

7        loan plus interest that does not exceed the high-

8        er of 7 percent or a rate two times the annual

9        average 30-year constant maturity Treasury

10       yield, as published by the Board of Governors

11       of the Federal Reserve System, for the year

12       preceding the date on which the relevant agree-

13       ment was executed; or

14       ''(C) the reimbursement of attorney's fees.

15   ''(c) TIMING.—The disclosures required by subsection

16   (a) shall be made not later than the later of—

17       ''(1) 10 days after the execution of any agree-

18       ment described in subsection (a)(2); or

19       ''(2) the time of the filing of the action before

20       the court.''.

21   (b) CLERICAL AMENDMENT.—The table of sections

22   for chapter 111 of title 28, United States Code, is amend-

23   ed by adding at the end the following:

''1660. Third-party beneficiary disclosure.''.

g:\VHLD\070224\D070224.011.xml        (929973|3)
July 2, 2024 (11:44 a.m.)

4

1 **SEC. 3. APPLICABILITY.**

2       The amendments made by this Act shall apply to any

3 civil action pending on or commenced after the date of

4 enactment of this Act.