# EXHIBIT 2

JAMES COMER, KENTUCKY
CHAIRMAN

ONE HUNDRED EIGHTEENTH CONGRESS

JAMIE RASKIN, MARYLAND
RANKING MINORITY MEMBER

# Congress of the United States
## House of Representatives
### COMMITTEE ON OVERSIGHT AND ACCOUNTABILITY
2157 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6143

MAJORITY   (202) 225–5074
MINORITY   (202) 225–5051

https://oversight.house.gov

July 12, 2024

The Honorable John Roberts
Chief Justice of the United States
Presiding Officer, Judicial Conference
1 First Street, NE
Washington, D.C. 20543

Dear Chief Justice Roberts:

The Committee on Oversight and Accountability (Committee) has been investigating the practice of unaffiliated third parties "investing" in lawsuits in exchange for a percentage of any settlement or judgement, known as "third party litigation funding ("TPLF")."[1] The Committee has received evidence indicating that these investments often hurt, rather than help, litigants, and are sometimes being made by foreign actors. I write to urge the Judicial Conference to examine these unaffiliated funders of litigation and to consider enacting rules requiring disclosures of third-party litigation funding to protect litigants and ensure a fair adjudication of claims.

Third-party litigation funding has been used as a tool for ensuring access to justice, for parties who lack the financial resources to pursue meritorious claims.[2] This mechanism, when used responsibly, has helped to provide necessary financial support to litigants who might otherwise have been unable to afford the costs associated with legal proceedings.[3] However, it is now being abused by domestic and foreign actors. Recently it became public that Fortress Investment Group (Fortress), a private investment firm owned by Abu Dhabi's Mubadala Investment Company, had funded $6.8 billion in litigation financing.[4] In one case, it has been alleged that the firm Beasley Allen's litigation financing agreement with Fortress may have delayed settlement talks and detrimentally impacted claimants.[5]

---

[1] *What You Need to Know About Third Party Litigation Funding*, U.S. CHAMBER OF COMMERCE INSTITUTE FOR LEGAL REFORM (June 7, 2024).
[2] *Id.*
[3] *Id.*
[4] *See* Sunjeet Indap, *Johnson & Johnson settlement shows the new stakes in litigation finance*, FINANCIAL TIMES (May 20, 2024).
[5] Amanda Bronstad, *Johnson & Johnson, Citing 'Eye-Opening Emails, Moves to Subpoena Beasley Allen*, LAW.COM (May 17, 2024); *see also* Sunjeet Indap, *Johnson & Johnson settlement shows the new stakes in litigation finance*, FINANCIAL TIMES (May 20, 2024).

The Honorable John Roberts
July 12, 2024
Page 2 of 3

  Fortress is not the only investment group engaging in questionable practices regarding litigation funding. PG&E Corp. a California utility company, was sued for the role the company played in in the 2017 North Bay Fires and the 2018 Camp Fire and soon thereafter filed for bankruptcy.[6] PG&E later settled the cases for $13.5 billion.[7] However, it was later discovered that the claimant's attorney had received a "'huge' line of credit" from Apollo Global Management (Apollo) and Centerbridge Partners (Centerbridge).[8] While on its own this may seem innocuous, closer examination underscores a troubling divergence of interests and the possibility of manipulation. Appollo held more than $600 million in debt and insurance claims against PG&E and Centerbridge was a shareholder that held nearly $496 million in debt and insurance claims against PG&E.[9] The claimant's attorney had not disclosed these creditors, nor their financial interests in PG&E, to the claimants. This raises serious questions as to whether the attorney was acting in the interest of the claimants, or his benefactors, when negotiating the settlement.

  The lack of oversight and transparency of these arrangements, even by judges, has significant impacts on legal proceedings. Transparency in TPLF is essential to maintain ethical standards and preserve the fairness and credibility of our legal system.[10] Without transparency measures in place, there is a strong risk of profit-driven investment funds, both foreign and domestic, directly influencing litigation proceedings with aims that may not be fully aligned with the interests of claimants.[11]

  Many states have enacted laws addressing the transparency gap.[12] These laws restrain many forms of TPLF arrangements, ensuring that they operate in the interest of the parties litigating the case.[13] In West Virginia and Wisconsin funding contracts must be disclosed to both parties.[14] In Maine and Vermont litigation funders must register with the state and are limited in how much they can charge in interest.[15] The Northern District of California and the District of New Jersey have issued standing orders to restrict TPLF in specific cases, and recommendations have been presented to the Advisory Committee

---

[6] *PG&E Bankruptcy and Wildfire Claims*, PGE Lawsuit Guide, (July 1, 2024).
[7] J.D. Morris, *PG&E victim's lawyer scrutinized over Wall Street connections*, San Francisco Chronicle, (May 2, 2020).
[8] *Id*.
[9] *Id*.
[10] U.S. Gov't Accountability Off., GAO-23-105210, *Third-Party Litigation Financing: Market Characteristics, Data, and Trends* (2022).
[11] *See* Sunjeet Indap, *Johnson & Johnson settlement shows the new stakes in litigation finance*, Financial Times (May 20, 2024).
[12] *Id.*
[13] *Id.*
[14] Consumer Litigation Financing, W. Va. Code. §46A-6N-6 (2023); *see also*, 2017 Wisconsin Act 235, § 12 Wis. Stat. § 804.01(2)(bg).
[15] Consumer Litigation Funding Companies, Vt. Stat. Ann. tit. 8, ch. 74 (2023); *see also* Maine Consumer Credit Code Legal Funding Practices, Me. Rev. Stat. Ann. tit. 9-A, § 12 (2007).

The Honorable John Roberts
July 12, 2024
Page 3 of 3

on Rules of Civil Procedure for mandatory disclosure requirements.[16] However, these efforts have not yet resulted in consistent enforcement of transparency standards at the federal level.[17]

      There is currently no nationwide requirement which would uniformly mandate disclosure of TPLF agreements.[18] Clear, and comprehensive disclosure of TPLF arrangements is essential. Understanding the funding terms, sources, financial details, and potential conflicts of interest are vital to ensuring informed decision-making and guarding against perceptions of undue influence. Such transparency is pivotal in maintaining public trust in the legal profession, demonstrating a commitment to fairness and integrity in litigation decisions.

      Therefore, we request that the Judicial Conference review the role TPLF plays in litigation and work towards enforcing transparency nationwide.

      The Committee on Oversight and Accountability is the principal oversight committee of the U.S. House of Representatives and has broad authority to investigate "any matter" at "any time" under House Rule X. Thank you in advance for your cooperation with this inquiry.

Sincerely,

James Comer
Chairman
Committee on Oversight and Accountability

cc:    The Honorable Jamie Raskin, Ranking Member
       Committee on Oversight and Accountability

---

[16] *Supra* note 10.
[17] *Id.*
[18] *Id.*