# EXHIBIT 19

<u>**MEMORANDUM**</u>

**TO:**     Ed Cooper, Dan Coquillette, Rick Marcus, Cathie Struve

**FROM:**  Patrick A. Tighe, Rules Law Clerk

**DATE:**  February 7, 2018[*]

**RE:**     Survey of Federal and State Disclosure Rules Regarding Litigation Funding

---

This memorandum surveys federal and state rules and laws relevant to the disclosure of litigation financing arrangements in civil litigation. To date, no federal rule requires automatic disclosure of litigation funding agreements in every civil case. This supports Bentham IMF's contention that such agreements and related documents are "ordinarily not discoverable." *See* Letter from Bentham IMF, No. 17-CV-YYYY, at 16 (Sept. 6, 2017) *available at* http://www.uscourts.gov/rules-policies/archives/suggestions/bentham-imf-17-cv-yyyyy-see-also-17-cv-o-suggestion-us-chamber [hereinafter *Bentham Letter*]. However, roughly half of all federal circuit courts and a quarter of all federal district courts require disclosure of the identity of (some) litigation funders for judicial recusal and disqualification purposes, indicating that such information is relevant for the just determination of a civil action by a neutral decision-maker. *But see id.* at 4–5, 12–13 (arguing that the identification of litigation funders is irrelevant, unnecessary, and inappropriate in order to avoid judicial conflicts of interest).

At the state level, no state court rules relevant to the disclosure of litigation funders or litigation funding agreements in civil litigation were identified. That said, eight states have enacted legislation regulating third-party litigation finance. Not one, however, requires disclosure of the identity of litigation funders or their agreements in any civil action. But three states have enacted statutes ensuring that litigation funding arrangements do not undermine legal privileges, including the work product doctrine and the attorney-client privilege.

My research findings are presented in three categories: local circuit court rules; local district court rules; and state-based regulations and laws.

**A. Local Circuit Court Rules**

Six U.S. Courts of Appeals have local rules which require identifying litigation funders. *See* Appendix A. No local rule, however, requires the disclosure or production of the litigation finance agreement itself. *Id.* No circuit court has an order or local form concerning litigation funding. *Id.*

The six circuits that require the identification of litigation funders use local rules to expand disclosure beyond Federal Rule of Appellate Procedure 26.1, which concerns corporate disclosure statements. Appellate Rule 26.1 provides that "[a]ny nongovernmental party to a proceeding in a court of appeals must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation." The

---

[*] All research is current as of November 30, 2017, and any local rule or order amendments made thereafter are not reflected in this memo.

circuits that expand the disclosure statement required under Appellate Rule 26.1 generally require a party to disclose "all persons" or "other legal entities" that "are financially interested in the outcome of the litigation." *See, e.g.*, 5th Cir. L. R. 28.2.1. Some circuits rename the corporate disclosure statement as a "certificate of interested persons." *Id.* If a party has an agreement with a litigation funder in which the funder receives an agreed share of any recovered proceeds, then the funder presumably has a financial interest in the outcome of the litigation. Consequently, under local rules requiring disclosure of "interested persons," parties should disclose the name of any third-party litigation funder in its disclosure statement.[1] The extent to which parties do so, however, is unclear. As evidenced by the Fifth Circuit's local rule, the stated justification for such a broad disclosure requirement is to help judges assess recusal and disqualification. *See id.* (stating that the "certificate of interested persons provides the court with additional information concerning parties whose participation in a case may raise a recusal issue").

The local variations of Rule 26.1 are not uniform. Some circuits require only parties to the appeal to file a disclosure statement whereas other circuits mandate that amicus curiae also must file such disclosure statements. *Compare* 3rd Cir. L. R. 26.1.1(b) *with* 11th Cir. L. R. 26.1-1(a)(1). Some circuits require identifying only publicly traded corporations with a financial interest in the outcome of the litigation.[2] *See, e.g.*, 3rd Cir. L. R. 26.1.1(b). Other circuits, however, require disclosing all "legal entities" with a financial interest in the outcome of the litigation. *See, e.g.*, 5th Cir. L. R. 28.2.1. Some circuits limit disclosure statements to certain types of appeals, such as civil but not criminal appeals. *See, e.g.*, 4th Cir. L. R. 26.1(2)(B). Others only require disclosure if the legal entity has a "direct" or "substantial" financial interest, as opposed to any financial interest, in the outcome of the litigation.[3] *Compare* 3rd Cir. L. R. 26.1.1(b) (requiring "a financial interest"), *with* 4th Cir. L. R. 26.1(2)(B) (requiring " a direct financial interest"), *and* 6th Cir. L. R. 26.1(b)(2) (requiring "a substantial financial interest"). And finally, some circuits require parties not only to identify the entities with a financial interest in the outcome of the litigation, but to describe the nature of the interest. *See, e.g.*, 3rd Cir. L. R. 26.1.1(b).

## B. Local District Court Rules

No U.S. District Court requires automatic disclosure of litigation finance agreements in every civil action. That said, out of the 94 federal district courts in the United States, 24 – or roughly 25% of all U.S. District Courts – require disclosure of the identity of litigation funders in a civil case. *See* Appendix B. Some require parties to describe the nature of the litigation funder's interest in the case. *Id.* These district courts mandate such disclosure using different procedural mechanisms. Out

---

[1] Burford acknowledges that such local rules do extend to litigation funders. *See infra* note 5.

[2] Such a rule would encompass some litigation finance companies. Bentham Capital LLC is the U.S. operating subsidiary of Bentham IMF, an Australian Securities Exchange-listed company. Burford Capital LLC is the U.S. operating subsidiary of Burford Capital Limited, a London Stock Exchange-listed company.

[3] The use of the term "substantial" financial interest may stem from the use of "substantial" in the Code of Conduct for United States Judges. *See* Canon 3C(1)(c), Code of Conduct for United States Judges (requiring judges to disqualify themselves in a proceeding in which they have "a financial interest . . . or any other interest that could be affected *substantially* by the outcome of the proceeding" (emphasis added)); *see also* Fed. R. Civ. P. 7.1, Advisory Committee Notes to 2002 Adoption (noting that Rule 7.1 is based off of F.R.A.P. 26.1, which reflects Canon 3C(1)(c) of the Code of Conduct for United States Judges).

of the 24 district courts, 14 have local rules requiring the identification of litigation funders in a civil case, 2 have standing orders, and 10 have local forms.[4]  *Id.*

Most notably, in 2016, the U.S. District Court for the Northern District of California considered a proposal to amend its Civil Local Rule 3-15.  Local Rule 3-15 at the time required each party to a case to disclose the identity of any entity with "a financial interest" in the outcome of the litigation or with "any other kind of interest" that could be "substantially affected by the outcome of the proceeding."  *See* N.D. Cal. L. R. 3-15.  The proposal under consideration would have explicitly named "litigation funders" as one type of entity with a financial interest that the parties would have to identify in every civil action.  *See* U.S. District Court for the Northern District of California, *Draft Revision of Civil Local Rule 3-15*, http://www.cand.uscourts.gov/news/23.  The court rejected the proposal, opting not to single out any particular entity with a financial interest, such as "litigation funders," in Local Rule 3-15.[5]  *See* U.S. District court for the Northern District of California, *Notice Regarding Civil Local Rule 3-15*, http://www.cand.uscourts.gov/news/210.  By standing order, however, the Northern District of California expressly requires parties to "any proposed class, collective, or representative action" to disclose "any person or entity that is funding the prosecution of any claim or counterclaim."  *See* Standing Order for All Judges of Northern District of California – Contents of Joint Case Management Statement, at 2 (eff. Jan. 17, 2017), http://cand.uscourts.gov/filelibrary/373/Standing_Order_All_Judges _1.17.2017.pdf.  Thus, although the plain language of Local Rule 3-15 already requires disclosure of litigation funders in every civil action, the court made explicit that parties must identify litigation funders in class action lawsuits.  Other districts may consider similar local rule revisions in light of the Northern District of California's amendment.  *See* Ben Hancock, *Bentham Hires Yetter Coleman Partner as It Expands to Texas*, Texas Lawyer (Feb. 21, 2017), https://www.law.com/texaslawyer/almID/1202779591965/ ("After the [Northern District of California] disclosure rule was announced, Ron Clark, chief judge

---

[4] The Northern District of California has both a local rule and a standing order, and the Northern District of Ohio has both a local rule and local form.  Hence, the double counting.

[5] In opposing the proposed amendment to the Northern District of California's Civil Local Rule 3-15, Burford asserted that revising Local Rule 3-15 to expressly require the identification of "litigation funders" was unnecessary because the plain language of the local rule already required parties to identify litigation funders.  *See* Letter from Burford to Susan Y. Soong Regarding Response to Proposed Revision to Civil Local Rule 3-15, at 2 (July 22, 2016), http://www.cand.uscourts.gov/filelibrary/2879/Comments-Received-On-Draft-CLR-3-15.pdf ("Local Rule 3-15 already requires broader disclosure than the Federal Rule.  The existing rule already requires disclosure of litigation funders (*e.g.*, as entities that have an interest that could be substantially affected by the outcome of the proceeding) . . . Instead, the rule should be left as is, relying on the existing definition to require disclosure of entities with a financial interest in the litigation.").

Despite Burford's concession, the scope of Local Rule 3-15 remains murky.  The Northern District Court of California may have declined to revise Local Rule 3-15 for reasons other than the one advanced by Burford.  Moreover, a trial court order in *Gbarabe v. Chevron Corp.* may shed some doubt on Burford's contention.  There, a trial court in the Northern District of California ordered the plaintiff to produce its third-party litigation finance agreement to the defense because the plaintiff conceded that the funding agreement was relevant to the class certification adequacy determination and provided no sufficient reason as to why it should not be disclosed.  *See Gbarabe v. Chevron Corp.*, No. 14-cv-00173-IS, Dkt. No. 159, at 3 (N.D. Cal. Aug. 5, 2016).  The defense sought to require the plaintiff to comply with Civil Rule 3-15, which required a party to disclose any entity with a financial interest in the outcome of the litigation.  *Id.*  The Court declined to reach this issue for prudential reasons, noting that: 1) disclosure of the agreement itself would identify the third-party litigation funder; 2) the district court was considering amending its local rule to explicitly state "litigation funders"; and 3) no case law interpreting Local Rule 3-15 in regards to third-party litigation funder could be found.  *Id.* at 4 n.3.  The third-party litigation funder in that case, however, was Therium Capital Management Limited.

of the Eastern District of Texas, told Texas Lawyer that jurists in his division may follow the Northern District of California's lead and consider similar measures.").

No other district court has (yet) followed the Northern District of California's lead to identify expressly class action lawsuits as a civil action in which the disclosure of litigation funders is required. But, 23 other district courts already mandate that parties identify litigation funders in any civil action under local rules related to Federal Rule of Civil Procedure 7.1. *See* Appendix B. Federal Civil Rule 7.1 provides in relevant part that any "nongovernmental corporate party must file 2 copies of a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or states that there is no such corporation." Twenty-three districts have promulgated local rules broader in scope than the Federal Civil Rule 7.1. Like the circuit courts, these districts typically require disclosure of any person or entity (other than the parties to the case) that has a "financial interest in the outcome of the proceeding." *See, e.g.*, Md. L. R. 103.3(b) (requiring party to file a statement including the "identity of any . . . other business entity, not a party to the case, which may have any financial interest whatsoever in the outcome of the litigation, and the nature of its financial interest."). The plain language of these local rules encompasses litigation funders because a litigation funder will receive proceeds from the settlement or judgment if the contracting party prevails. Some districts go even further than requiring identification of litigation funders and direct parties to describe the nature of litigation funder's financial interest. *See, e.g.*, S.D. Iowa L. R. 7.1 (requiring "the names of all entities that . . . have a direct or indirect pecuniary interest in the plaintiff's outcome in the case" and "a description of its connection to or interest in the litigation"). Even these rules do not require disclosure of the litigation finance agreement itself.

Five additional observations about these local rules are of note. First, out of the 24 district courts that require disclosure of litigation funders, one jurisdiction does not mandate disclosure under a local variation of Civil Rule 7.1. Instead, in the Western District of Texas, a party may use interrogatories to ascertain if there is any corporation with a financial interest in the outcome of the litigation and the nature of the financial interest. *See* W.D. Tex. L. R. CV-33. Some quick Westlaw research did not identify any case law interpreting and applying this rule in regards to litigation funders. Beyond Civil Rule 7.1 and Civil Rule 26(a)(1)(A), this is another way to approach the disclosure of litigation funders.

Second, district courts impose the enhanced disclosure obligation in a variety of ways. Most – 14 courts to be exact – have local rules promulgated pursuant to 28 U.S.C. § 2071 which impose broader disclosure obligations than those required under Federal Civil Rule 7.1. *See* Appendix B. Two district courts – the Northern District of California and the Middle District of Florida – have standing orders which mandate such disclosure under Civil Rule 7.1. *Id.* However, in the Middle District of Florida, the broader disclosure requirement applies only to parties appearing before select judges; so, in other words, the disclosure requirements are not uniform within the jurisdiction. *Id.*

Interestingly, 9 of the 24 district courts have no local rule or order mandating a broader disclosure statement. *Id.* Instead, in these districts, the local form – typically titled the Corporate Disclosure Statement – requires parties to identify the litigation funder and the nature of the funder's financial interest. *See, e.g.*, U.S. District Court for the District of Arizona, Corporate Disclosure Statement Form (requiring a party to list the identity of any "[p]ublicly held corporation, not a party

to the case, with a financial interest in the outcome" and "the nature of the financial interest").  It is unclear on what basis a federal court can require broader disclosure under a local form than what the national rule, local rule, or local order requires.[6]

Third, the stated purpose for these broader local rules is to assist judges with assessing possible recusal or disqualification.  *See, e.g.*, C.D. Cal. L. R. 7.1-1 (imposing disclosure requirements "[t]o enable the Court to evaluate possible disqualification or recusal").  One district even expressly states that its broader local rule is based on the local circuit court rule imposing the same disclosure requirement.  *See* E.D. Mich. L. R. 83.4 (noting in its comment that the local rule "is based on 6th Cir. R. 26.1").  Bentham IMF argues that such amendments to Rule 7.1 are inappropriate because it "expand[s] that rule beyond its carefully crafted scope."  *See Bentham Letter* at 12.  However, a quarter of district courts have concluded otherwise, finding that a broader scope is appropriate in order to ensure that a judge's "impartiality might [not] reasonably be questioned." *See* 28 U.S.C. § 455(a).

Fourth, it is unclear to what extent parties comply with this disclosure obligation even when the plain language of these rules, orders, and forms clearly encompass litigation funders.  One indication of compliance exists.  For example, in *Realtime Adaptive Streaming LLC v. Hulu, LLC*, the plaintiff applied ex parte to file under seal the "Certification and Notice of Interested Parties" required by Local Rule 7.1-1[7] because the litigation funding agreement specifically provided that the identities of the parties to the agreement was confidential and "public disclosure of the identities of [the litigation funders] would undermine the confidential nature of those [litigation finance] agreements."  *See* Proposed Order & Declaration of Reza Mirazaie, *Realtime Adaptive Streaming LLC v. Hulu, LLC*, No. 2:17-cv-07611-SJO-FFM, Dkt. No. 4 (C.D. Cal. Oct. 18, 2017).  The district court denied the application, finding no good cause to restrict public access to court records.  *See* Order Denying Ex Parte Application to File Document Under Seal, *Realtime Adaptive Streaming LLC v. Hulu, LLC*, No. 2:17-cv-07611-SJO-FFM, Dkt. No. 16 (C.D. Cal. Oct. 20, 2017).  Consequently, the plaintiff filed an unredacted version of its "Certification and Notice of Interested Parties" with the court, which identified its litigation funder and characterized the funder's interest as the plaintiff's investor.  *See* Notice of Interested Parties, *Realtime Adaptive Streaming LLC v. Hulu, LLC*, No. 2:17-cv-07611-SJO-FFM, Dkt. No. 18 (C.D. Cal. Oct. 24, 2017).

Corporate litigation funders themselves disagree about the extent of disclosure obligations.  As discussed above, Burford concedes that local rules in some contexts can require disclosing the identities of litigation funders despite the fact that these rules do not explicitly mention litigation funders.  *See supra* note 5.  Bentham IMF, however, argues that courts should not require the automatic disclosure of the identity of litigation funders without a showing of relevance.  *See Bentham Letter* at 4 & n.9.  In support of this position, Bentham cites to three cases:  *VHT, Inc. v. Zillow Group, Inc.*, No. C15-1096JLR, 2016 WL 7077235 (W.D. Wash. Sept. 8, 2016), *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-cv-9350, 2015 WL 5730101 (S.D.N.Y. Sept. 10, 2015), and

---

[6] Not all local district court rules expressly require parties to use an existing broader-in-scope local corporate disclosure form.  *Compare* Ariz. L.R. Civ. 7.1.1 (requiring parties to use its broader-in-scope local Corporate Disclosure Form provided by the Clerk) *with* W.D. Michigan Local Civil Rules (imposing no obligation to use its local yet broader Corporate Disclosure Form).

[7] The Central District of California's Local Rule 7.1-1 provides that all non-governmental parties "shall list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case . . . ."  *See* C.D. Cal. L. R. 7.1-1.

*Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711 (N.D. Ill. 2014). *See id.* Interestingly, none of these cited jurisdictions has local rules, orders, or forms requiring the parties to list the names of any entity with a financial interest in the outcome of the litigation. *See* Appendix B.

Compliance with these local rules is difficult to ascertain because district courts have not drafted their Local Rule 7.1 in a uniform manner. That is, some only require a disclosure statement if the party to the action is a corporation. *See, e.g.*, E.D. Mich. L. R. 83.4 (requiring a disclosure statement only from "all corporate parties to a civil case"). So, if the plaintiff in a civil action is a natural person, that person would not have to disclose the identity of a litigation funder even though the local rule would require a corporate party to do so. Other district courts, on the other hand, require all parties – corporate or not – to file such disclosure statements. *See, e.g.*, E.D.N.C. L. R. 7.3 (requiring the filing of a financial interest disclosure statement by "[a]ll parties to a civil or bankruptcy case, whether or not they are covered by the terms of Fed. R. Civ. P. 7.1").

Similarly, district courts vary in the type of financial interest that parties must disclose. Some require identifying any entity with "a financial interest" whereas others require disclosing only those entities with a "direct financial interest" or a "substantial financial interest."[8] *Compare* C.D. Cal. L. R. 7.1-1 (stating "a pecuniary interest in the outcome of the case"), *and* N.D. Ga. L. R. 3.3 (stating "a financial interest in or other interest which could be substantially affected by the outcome of this particular case"), *with* E.D. Mich. L. R. 83.4 (stating "a substantial financial interest in the outcome of the litigation"), *and* W.D. N.C. Form, Entities with a Direct Financial Interest in Litigation (stating "a direct financial interest in the outcome of the litigation").

Additionally, district courts differ in their approach to whose financial interest must be disclosed. Some require disclosing all entities with a financial interest whereas others mandate disclosure only of publicly traded companies with a financial interest in the outcome of the litigation. *Compare* N.D. Cal. L. R. 3-15 (requiring disclosure of "any persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities other than the parties themselves" with a financial interest in the outcome of the litigation) *with* N.D. Ohio L. Civ. R. 3.13(b) (requiring identification of "[a]ny publicly held coroporation or its affiliate that has a substantial financial interest"). Lastly, as noted earlier, some district courts have no local rule or order mandating this broader disclosure obligation; instead, in these jurisdictions, the courts accomplish this through a local form. If a local form is not required but just recommended, a party may not disclose the identity of a litigation funder if the party elects not to use the recommended form.[9]

The diversity of approaches indicates three relevant factors district courts consider when crafting local disclosure rules. First, courts consider who has to file a disclosure statement (*e.g.*, all parties or only corporate parties). Second, courts consider what type of interest must be disclosed (*e.g.*, any financial interest, a substantial interest, or a direct financial interest). And third, courts consider whose interest in the litigation must be disclosed (*e.g.*, any entity or only publicly traded

---

[8] The use of the term "substantial" may stem from the use of the term "substantial" in the Code of Conduct for United States Judges. *See supra* note 3. The Committee Notes to Rule 7.1 assert that the "information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges." *See* Fed. R. Civ. P. 7.1, Advisory Committee Notes to 2002 Adoption.

[9] Not all district courts mandate using the local forms. *See supra* note 6.

corporations). How district courts decide these questions affect the extent to which the identity of litigation funders are disclosed in a given jurisdiction.

Fifth, and finally, this research is not comprehensive. Disclosure requirements could not be ascertained in a few jurisdictions. Two jurisdictions – namely the District of Oregon and the Western District of Oklahoma – require parties to complete a disclosure statement form electronically through CM/ECF. In these courts, no local form appears on the court's website; a party must use CM/ECF to answer disclosure questions. Although these districts do not have a local rule or order mandating the identification of litigation funders, I could not verify if the disclosure questions a party must answer on CM/ECF were broader than what the local rule or order required. Because many local forms deviate from the local rule or order, such deviations are possible. Moreover, this research only considered civil disclosure requirements. Some local criminal rules and forms require similar disclosure of litigation funders. *See, e.g.*, District of Nebraska Criminal Form, Disclosure of Corporate Affiliations, Financial Interest, and Business Entity Citizenship (requiring, pursuant to Fed. R. Crim. P. 12.4, any nongovernmental corporate party to identify "[a]nother publicly held corporation or another publicly held entity [that] has a direct financial interest in the outcome of the litigation" and "the nature of their interest"). To the extent amendments to Civil Rule 7.1 are considered, similar amendments to Federal Rule of Criminal Procedure 12.4 may be necessary.

## C. State Regulations

No state court has prescribed procedural rules regarding the disclosure of litigation funders or their agreements. Moreover, unlike the federal circuit and district courts, no state court requires parties to identify litigation funders in corporate disclosure statements or the like. That said, eight states have enacted legislation regulating litigation funding. *See* Appendix C & Table 1. None of these laws requires automatic disclosure of the identity of litigation funders or litigation funding agreements in civil litigation. *Id.* Three states, however, have enacted statutes ensuring that litigation funding arrangements do not undermine legal privileges, including the work product doctrine and the attorney-client privilege. *Id.* One state law also specifically prohibits a litigation funder from "[m]ak[ing] a decision relating to the conduct, settlement, or resolution of the underlying legal claim," thereby ensuring that litigation funders do not control the litigation. *See* Okla. Stat. tit. 14-A, § 3-814(7). These regulations seem principally aimed at consumer litigation finance, not commercial litigation finance.

In general, when regulating litigation finance, the states face two primary questions: First, are litigation agreements enforceable? If so, how should litigation finance companies and agreements be regulated, if at all?

In regards to the enforceability of litigation finance agreements, state legislative, executive, and judicial branches have pursued a patchwork of approaches. For instance, some state courts have determined that public policy doctrines such as maintenance, champerty, or barratry prohibit such agreements and render such agreements unenforceable. *See, e.g., WFIC, LLC v. LaBarre*, 148 A.3d 812, 818–19 (Pa. Super. Ct. 2016) (finding litigation finance agreement unenforceable because agreement was champertous). In some states, such as New York, the legislature has passed laws exempting any transaction in excess of $500,000 from the prohibition against champerty. *See* N.Y. Jud. Law § 489(2). Consequently, litigation finance agreements in excess of $500,000 are not

subject to the doctrine of champerty. In other states, state bars have reached various conclusions about the permissibility of litigation finance arrangements. *See, e.g.*, Utah Bar Ethics Opinion 06-03 (finding a particular litigation agreement ethically impermissible but concluding that a non-recourse litigation agreement in which it is "mathematically impossible for the lawyer to be able to reduce the lawyer's losses by obtaining no recovery for the client" to be ethically permissible). Professors Nieuwveld and Shannon surveyed this question and concluded that courts in 31 states "would uphold classic third-party funding arrangements . . . so long as the litigation is not frivolous, the motive is not improper, and the funder is not controlling either the representation or any possible settlement." Lisa Bench Nieuwveld & Victoria Shannon, Third-Party Funding in International Arbitration 145 (Wolters Kluwer, 1st ed. 2012). They also concluded that in 19 states and the District of Columbia "a classic third-party funding contract may violate statutes, case law, or public policy . . . ." *Id.* Because this first question is beyond the scope of this memorandum, please see Appendix D, which reproduces Professors Nieuwveld and Shannon's findings.

If litigation funding agreements are enforceable in a given state, the question remains how to regulate, if at all, these arrangements. Again, states have adopted disparate approaches. Some state courts have construed litigation funding agreements as traditional consumer loans subject to interest rate caps, state usury laws, and Truth in Lending requirements. *See, e.g., Oasis Legal Fin. Grp., L.L.C v. Coffman*, 361 P.3d 400, 401 ¶ 4 (Colo. 2015) (holding that a litigation finance agreement constituted a "loan" subject to Colorado's Uniform Consumer Credit Code). At the executive level, some state agencies have likewise regulated litigation funding arrangements by construing them as loans subject to the same interest rate caps imposed on other consumer loan products. *See, e.g.*, Administrative Interpretation: Legal/Litigation Funding Transactions, South Carolina Department of Consumer Affairs (Nov. 14, 2014) (concluding that legal funding agreements are "loans" under South Carolina's Consumer Protection Code). In New York, the State Attorney General entered a consent decree with numerous litigation funding companies, which in essence set forth the basic disclosure requirements litigation funding companies must follow when contracting in New York. *See* American Legal Finance Association Agreement, Assurance of Discontinuance Pursuant to Executive Law § 63(15), New York State Attorney General (Feb. 17, 2005). Notably, in both instances, the South Carolina Department of Consumer Affairs and the New York State Attorney General acted without a direct legislative mandate to regulate litigation funding.

Many state legislatures have considered proposed legislation regulating litigation funding. *See* Heather Morton, *Litigation or Lawsuit Funding Transactions 2015 Legislation*, National Conference of State Legislatures (Jan. 8, 2016), http://www.ncsl.org/research/financial-services-and-commerce/litigation-or-lawsuit-funding-transactions-2015-legislation.aspx. But to date, only eight states have enacted litigation funding regulations. *See* Appendix C. Generally, the state legislatures have enacted one of two regulatory models: a disclosure model or a registration model. *See* Richard A. Blunk, "Have the States Properly Addressed the Evils of Consumer Litigation Finance," *A Model Litigation Finance Contract* (Jan. 20, 2014), http://litigationfinancecontract.com/have-the-states-properly-addressed-the-evils-of-consumer-litigation-finance/. A disclosure model seeks to prevent consumers from entering litigation agreements they do not understand, and the states typically require: a) disclosure of key financial terms, including the total amount to be advanced, all the fees, the annual percentage rate, the imputed interest, etc.; b) disclosure of the non-recourse nature of the advance; and c) the use of various disclaimers. *Id.*

8

A registration model, on the other hand, couples the aforementioned consumer disclosure protections with additional regulations. *Id.* These regulations range from requiring funders to register with a state executive agency and paying annual registration fees to prohibiting the use of false advertising to requiring that all lending be done from the location specified in the funder's application. *Id.* In addition to adopting either a disclosure or registration model, some states impose caps on fees and rates funders can charge. *Id.* What annual rate cap a state legislature imposes is a hotly contested special interest issue because low caps can effectively force litigations funders to exit a state market. *See, e.g.*, Andrew G. Simpson, *Litigation Financing Firm Exits Tennessee as New Law Goes into Effect*, Insurance Journal (July 3, 2014), https://www.insurancejournal.com/news/southeast/2014/07/03/333772.htm.

Table 1 below lists the states which have enacted legislation regarding litigation funding, classifies the state's approach according to the aforementioned typology, and identifies features of the regulatory scheme.

**Table 1.** *State Statutory Approaches to Regulating Third-Party Litigation Funders*

| STATE | STATUTES | Summary |
|-------|----------|---------|
| **Arkansas** | Ark. Code Ann. §§ 4-57-104, 4-57-109. | -Disclosure Model<br>-Cap on Rates/Fees (17%) |
| **Indiana** | Ind. Code §§ 24-4.5-1-201.1, 24-4.5-1-301.5, 24-4.5-3.-110, 24-4.5-3-110.5, 24-4.5-3-202, 24-4.5-3-502, 24-12 et. seq. | -Registration Model<br>-Cap on Rates/Fees (36%)<br>-Legal Privileges Protection |
| **Maine** | Me. Rev. Stat. tit. 9-a, §§ 12-101 - 107 | -Registration Model<br>-No Cap on Rates/Fees, but Shall Not Assess Fees for Period Exceeding 42 months |
| **Nebraska** | Neb. Rev. St. § 25-3301-3309 | -Registration Model<br>-No Cap on Rates/Fees, but Shall Not Assess Fees for Period Exceeding 36 months<br>-Legal Privileges Protection |
| **Ohio** | Ohio Rev. Code § 1349.55 | -Disclosure Model |
| **Oklahoma** | Okla. Stat. tit. 14-A, §§ 3-801 - 3-817 | -Registration Model<br>-Prohibits funder from controlling litigation |
| **Tennessee** | Tenn. Code §§ 47-16-101 – 110 | -Registration Model<br>-Cap on Rates/Fees (10%) |
| **Vermont** | Vt. Stat. tit. 8, §§ 2251-2260 | -Registration Model<br>-Legal Privileges Protection |

9

THIS PAGE INTENTIONALLY BLANK

**Appendix A**: *Local Circuit Court Rules Regarding Disclosure of Third-Party Litigation Finance Arrangements*

| Circuit Court | Local Rule or Order | Text |
|---|---|---|
| **3rd Circuit** | 3rd Cir. L. R. 26.1.1(b) | "Every party to an appeal must identify on the disclosure statement required by FRAP 26.1 every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. The form must be completed only if a party has something to report under this section." |
| **4th Circuit** | 4th Cir. L. R. 26.1(2)(B) | "A party in a civil, agency, bankruptcy, or mandamus case, other than the United States or a party proceeding in forma pauperis, must file a disclosure statement, except that a state or local government is not required to file a disclosure statement in a case in which the opposing party is proceeding without counsel." "A party must identify any publicly held corporation, whether or not a party to the present litigation, that has a direct financial interest in the outcome of the litigation by reason of a franchise, lease, other profit sharing agreement, insurance, or indemnity agreement, or state that there is no such corporation." |
| **5th Circuit** | 5th Cir. L. R. 28.2.1 | "Certificate of Interested Persons. The certificate of interested persons required by this rule is broader in scope than the corporate disclosure statement contemplated in FED. R. APP. P. 26.1. The certificate of interested persons provides the court with additional information concerning parties whose participation in a case may raise a recusal issue. A separate corporate disclosure statement is not required. Counsel and unrepresented parties will furnish a certificate for all private (non-governmental) parties, both appellants and appellees, which must be incorporated on the first page of each brief before the table of contents or index, and which must certify a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent corporations, or other legal entities who or which are financially interested in the outcome of the litigation. If a large group of persons or firms can be specified by a generic description, individual listing is not necessary. Each certificate must also list the names of opposing law firms and/or counsel in the case. The certificate must include all information called for by FED. R. APP. P. 26.1(a). Counsel and unrepresented parties must supplement their certificates of interested persons whenever the information that must be disclosed changes." |

| | | "Each certificate must list <u>all</u> persons known to counsel to be interested, on all side of the case, whether or not represented by counsel furnishing the certificate. Counsel has the burden to ascertain and certify the true facts to the court." |
|---|---|---|
| **6th Circuit** | 6th Cir. L. R. 26.1(b)(2) | "With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement. A negative report is required except in the case of individual criminal defendants."<br><br>"Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall a dvise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation."<br><br>Local Form asks the following question: "Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:" |
| **10th Circuit** | 10th Cir. L. R. 46.1(D) | (D)(1): "Each entry of appearance must be accompanied by a certificate listing the names of all interested parties not in the caption of the notice of appeal so that the judges may evaluate possible disqualification or recusal."<br><br>(D)(2): "The certificate must list all persons, associations, firms, partnerships, corporations, guarantors, insurers, affiliates, and other legal entities that are financially interested in the outcome of the litigation. For corporations, *see* Fed. R. App. P. 26.1." |
| **11th Circuit** | 11th Cir. L. R. 26.1-1(a)(1); 11th Cir. L. R. 26.1-2(a) | 26.1-1(a)(1): "Every party and amicus curiae ("filers") must include a certificate of interested persons and corporate disclosure statement ("CIP") within every motion, petition, brief, answer, response, and reply filed." |

| | | 16.1-2(a): "A CIP must contain a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party." |

**THIS PAGE INTENTIONALLY BLANK**

**Appendix B:** *Local District Court Rules Regarding Disclosure of Third-Party Litigation Finance Arrangements*

| District Court | Local Rule, Order, or Form | Text |
|---|---|---|
| **Arizona** | Form - Corporate Disclosure Statement; No local rule or order | Form asks the filing party to declare if there is a "[p]ublicly held corporation, not a party to the case, with a financial interest in the outcome." If so, the party must list the identity of the corporation and the nature of the financial interest. |
| **C.D. California** | C.D. Cal. L. R. 7.1-1 | The local rule provides as follows: "To enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties shall file with their first appearance a Notice of Interested Parties, which shall list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case, including any insurance carrier that may be liable in whole or in part (directly or indirectly) for a judgment in the action or for the cost of defense."<br><br>It further provides that "[c]ounsel shall be under a continuing obligation to file an amended Notice if any material change occurs in the status of interested parties, as through merger or acquisition or change in carrier that may be liable for any part of a judgment." |
| **N.D. California** | N.D. Cal. L. R. 3-15; Standing Order for All Judges of the N.D. Cal. (1/17/2017) | **L. R. 3-15:** "Upon making a first appearance in any proceeding, each party must file with the Clerk a 'Certification of Interested Entities or Persons' pursuant to this Rule. The Rule does not apply to any governmental entity or its agencies. (1) The Certification must disclose any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." The local rule also states that the term "financial interest" has the meaning assigned by 28 |

1

| | | U.S.C. § 455 (d)(4). |
|---|---|---|
| | | **Standing Order, Paragraph 19:** "Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the 'Certification of Interested Entities or Persons' required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim." |
| **M.D. Florida** | Interested Persons Order for Civil Cases (6/14/2013) (only applies to some judges); No local rule or order applicable to all district court judges | Some judges require parties to complete a form, which mandates that parties disclose "the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings." |
| **N.D. Georgia** | N.D. Ga. L. R. 3.3 | "In order to enable judges and magistrate judges of this court to evaluate possible disqualification or recusal, counsel for all private (non-governmental) parties in civil cases must at the time of first appearance file with the clerk a certificate containing: (1) A complete list of the parties and the corporate disclosure statement required by FRCP 7.1. (2) A complete list of other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case." |
| **S.D. Georgia** | S.D. Ga. L. R. 7.1 | "The disclosure statement required by Federal Rule of Civil Procedure 7.1 shall be furnished by counsel for all private (non-government) parties, both plaintiffs and defendants, and shall be filed with the |

|  |  | Complaint and Answer. It shall certify a full and complete list of all parties, all officers, directors, or trustees of parties, and all other persons, associations of persons, firms, partnerships, subsidiary or parent corporations, or organizations which have a financial interest in, or another interest which could be substantially affected by, the outcome of the particular case, including any parent or publicly-held corporation that holds ten percent (10%) or more of a party's stock. Should a merger or acquisition occur during the pendency of litigation, counsel shall so notify the Court thereof in writing. The form to be used to comply with the provisions of this rule is in Appendix of Forms to this section of these Local Rules." |
|---|---|---|
| **N.D. Iowa** | N.D. Iowa L. R. 7.1 | Requires each nongovernmental plaintiff or defendant that is not a natural person to file a statement containing: 1) "The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and" 2) "With respect to each such entity, a description of its connection to or interest in the litigation." |
| **S.D. Iowa** | S.D. Iowa L. R. 7.1 | Requires each nongovernmental plaintiff or defendant that is not a natural person to file a statement containing: 1) "The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and" 2) "With respect to each such entity, a description of its connection to or interest in the litigation." |
| **Maryland** | Md. L. R. 103.3(b) | Requires counsel shall file a statement containing the following information: "The identity of any corporation, unincorporated association, partnership, or other business entity, not a party to the case, which may have any financial interest whatsoever in the outcome of the litigation, and the nature of its financial interest. The term 'financial interest in the outcome of the litigation' includes a potential obligation of an insurance company or other person to represent or to indemnify any party to the case. Any notice given to the Clerk under |

3

| | | |
|---|---|---|
| | | this Rule shall not be considered as an admission by the insurance company or other person that it does in fact have an obligation to defend the litigation or to indemnify a party or as a waiver of any rights that it might have in connection with the subject matter of the litigation." |
| **E.D. Michigan** | E.D. Mich. L. R. 83.4 | Applies to "all corporate parties to a civil case" <br><br> "Whenever, by reason of insurance, a franchise agreement, lease, profit sharing agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the case, has a substantial financial interest in the outcome of the litigation, counsel for the party whose interest is aligned with that of the publicly owned corporation or its affiliate must file the statement of disclosure provided in (c) identifying the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation." <br><br> "COMMENT: LR 83.4 is based on 6th Cir. R. 26.1." |
| **W.D. Michigan** | Form - Corporate Disclosure Statement; No local rule or order | Form asks: "Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  If yes, identify entity and nature of interest:" |
| **Nebraska** | Form - Corporate Disclosure Statement; No local rule or order | Pursuant to Fed. R. Civ. P. 7.1, the form asks if "[a]nother publicly held corporation or another publicly held entity has a direct financial interest in the outcome of the litigation.  If yes, identify all corporations or entities and the nature of their interest:" |
| **Nevada** | Nev. L. R. 7.1-1 | "Unless the court orders otherwise, in all cases except habeas corpus cases, pro se parties and attorneys for private non-governmental parties must identify in the disclosure statement all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case." |
| **E.D. North Carolina** | E.D. N.C. L. R. 7.3 | "All parties to a civil or bankruptcy case, whether or not they are covered by the terms of Fed. R. Civ. P. 7.1, shall file a corporate affiliate/financial interest disclosure statement.  This rule does not |

4

| | | |
|---|---|---|
| | | apply to the United States or to state and local governments in cases in which the opposing party is proceeding without counsel."<br><br>The statement shall include: "All parties shall identify any publicly held corporation, whether or not a party to the present litigation, that has a direct financial interest in the outcome of this litigation by reason of a franchise, lease, other profit sharing agreement, insurance, or indemnity agreement;" |
| **M.D. North Carolina** | Form - Disclosure of Corporate Affiliations; No local rule or order | The recommended form asks: "Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation.  If yes, identify entity and nature of interest:" |
| **W.D. North Carolina** | Form - Entities with a Direct Financial Interest in Litigation Form; No local rule or order | The form asks: "Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  If yes, identify entity and nature of interest." |
| **N.D. Ohio** | N.D. Ohio L. Civ. R. 3.13(b); Form - Corporate Disclosure Statement | **L. R. 3.13(b):** Requires "[a]ny non-governmental corporate party to a case" to file a corporate disclosure statement identifying "[a]ny publicly held corporation or its affiliate that has a substantial financial interest in the outcome of the case by reason of insurance, a franchise agreement or indemnity agreement."<br><br>**Form** asks a slightly different question: "Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome?" |
| **S.D. Ohio** | S.D. Ohio L. R. 7.1.1 | Extends disclosure requirements to "entities appearing amici curiae"<br><br>"In addition to the disclosures required under Fed. R. Civ. P. 7.1, nongovernmental corporate parties and parties appearing amici curiae shall disclose the identity of any publically held corporations or their affiliates that are not parties to the case or appearing amici curiae that have substantial financial interests in the outcome of the litigation by reason of insurance, a franchise agreement, or an indemnity agreement. |

5

| | | The nature of that substantial financial interest shall also be disclosed." |
|---|---|---|
| **E.D. Oklahoma** | Form - Corporate Disclosure Statement; No local rule or order | Form asks: "Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? If YES, identify entity and nature of interest:" |
| **N.D. Oklahoma** | Form - Corporate Disclosure Statement; No local rule or order | Form asks: "Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? If YES, identify entity and nature of interest:" |
| **N.D. Texas** | N.D. Tex. L. R. 3.1(c), 3.2(e), 7.4, 81.1 | **L. R. 3.1(c), 3.2(e):** A complaint must be accompanied by: "a separately signed certificate of interested persons—in a form approved by the clerk—that contains—in addition to the information required by Fed. R. Civ. P. 7.1(a)—a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case. If a large group of persons or firms can be specified by a generic description, individual listing is not necessary."<br><br>**L. R. 7.4:** "The initial responsive pleading that a defendant files in a civil action must be accompanied by a separately signed certificate of interested persons that complies with LR3.1(c) or 3.2(e). If the defendant concurs in the accuracy of another party's previously-filed certificate, the defendant may adopt that certificate."<br><br>**L. R. 81.1:** These rules apply to the party or parties that remove a civil action from state court. |
| **W.D. Texas** | W.D. Tex. L. R. CV-33 | "A party that serves written interrogatories under Federal Rule of Civil Procedure 33 may use any of the following approved interrogatories," including "If [name of party to whom the interrogatory is directed] is a partner, a partnership, or a subsidiary or affiliate of a publicly owned corporation that has a financial interest in the outcome of this lawsuit, list the identity of the parent corporation, affiliate, partner, or partnership and the relationship between it and [the named party]. If there is a publicly owned corporation or a holding company not a party |

6

| | | to the case that has a financial interest in the outcome, list the identity of such corporation and the nature of the financial interest." |
|---|---|---|
| **W.D. Virginia** | Form - Disclosure of Corporate Affiliations and Other Entities with a Direct Financial Interest in Litigation; No local rule or order | The form asks: "Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  If yes, identify all such owners:" |
| **W.D. Wisconsin** | Form - Disclosure of Corporate Affiliations and Financial Interest; No local rule or order | The form asks: "Is there a publicly owned corporation, not a party to this case, that has a financial interest in the outcome?  If the answer is YES, list the identify of such corporation and the nature of the financial interest to the named party:" |

7