UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2738<br><br>Civil Action No. 16-2738 (MAS) (RLS)<br><br>**SCHEDULING ORDER** |

**THIS MATTER** having been brought before the Court upon Defendants' correspondence requesting an extension for the parties to file dispositive motions (ECF No. 32974), and for good cause shown;

**IT IS** on this ___22nd___ day of July, 2024,

**ORDERED** that the discovery deadlines set forth in the Court's April 30, 2024 Scheduling Order are hereby amended as follows:

1. Pursuant to their discovery obligations, plaintiffs should have ordered and served updated medical records, authorizations, and pathology materials for the cases in the Bellwether Trial Pool by **October 4, 2023**.

2. Plaintiffs should have served, if necessary, supplemental and amended disclosures of all general and case-specific experts pursuant to Rule 26(a)(2)(A) and served on Defendants' counsel the Rule 26(a)(2)(B) reports of all general and case-specific expert witnesses they may use at trial in any of the Stage Three cases on or before **November 15, 2023.**

3. Any depositions of Plaintiffs' expert witnesses should have been completed on or before **April 9, 2024.**

4. Defendants should have designated all general and case-specific experts pursuant to Rule 26(a)(2)(A) and served on Plaintiffs' counsel the Rule 26(a)(2)(B) reports of all general and case-specific expert witnesses they may use at trial in any of the Stage Three cases on or before **May 21, 2024**.

5. Any depositions of Defendants' expert witnesses should have been completed by **July 2, 2024.**

**IT IS FURTHER ORDERED** that:

6. Depositions of general causation experts may only be taken if the expert provides a supplemental report, in which case the deposition shall be limited to four hours of testimony time and may only address new material contained in the supplemental report.

7. Depositions of experts who address case-specific issues for individual plaintiffs in addition to providing new or supplemental reports on general causation shall be limited to a total of one day/seven hours of testimony unless the expert issues case-specific reports in three or more cases, in which case the deposition is limited to two days/14 hours of testimony time.

**IT IS FURTHER ORDERED** that:

8. *Daubert* motions shall be filed by **July 23, 2024**.[1]

9. Oppositions to *Daubert* motions shall be filed by **August 22, 2024**.

10. Dispositive motions shall be filed by **August 23, 2024**.

11. Oppositions to dispositive motions shall be filed by **September 23, 2024**.

12. Replies in further support of any dispositive motions shall be filed by **October 11, 2024**.[2]

**IT IS FURTHER ORDERED** that:

13. Plaintiffs shall identify the case or the cases to be consolidated for the first trial by **August 5, 2024.**

14. Plaintiffs shall serve their final list of trial experts for the first bellwether trial by **October 4, 2024**; Defendants shall serve their final list of trial experts for the first bellwether trial by **October 11, 2024.**

---

[1] The Court will not entertain any requests for an extension of the current briefing dates.

[2] Replies will not be permitted for *Daubert* motions.

15. By **November 6, 2024**, the parties shall e-file their joint proposed final pretrial order as an attachment to correspondence and submit a joint proposed final pretrial order to the Honorable Rukhsanah L. Singh, U.S.M.J., via email at RLS_Orders@njd.uscourts.gov.[3]

16. Judge Singh shall conduct a final pretrial conference on **November 14, 2024** at the Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 E. State Street, Courtroom 7W, Trenton, N.J.

17. By **November 18, 2024**, counsel shall electronically file correspondence that indicates:

    a. Whether or not they require the use of any of the Court's audio, visual, or other equipment;[4] and

    b. Whether counsel intend to bring their own audio, visual, or other equipment.

18. By **November 21, 2024,** counsel must submit a **Joint Exhibit List and Two (2) Bench Books.** (Except for the exhibits that are solely for impeachment purposes, only the exhibits included on the joint exhibit list may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth or it shall be deemed waived. All parties agree that it will not be necessary to bring in the custodian of any exhibit as to which no objection is made.)

19. By **November 21, 2024**, counsel shall electronically file a witness list that contains each witness's full name and the witness's city and state of residence.

20. By **November 22, 2024**, each party shall electronically file a trial brief in accordance with Local Civil Rule 7.2(b), with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a party fails to file a brief, the delinquent party's complaint or defense may be stricken.

---

[3] The parties must include all instructions in the joint proposed final pretrial order. In addition, the parties may not "reserve any rights" in the joint proposed final pretrial order. Purported "reservations of rights" will be summarily stricken as non-compliant.

[4] See https://www.njd.uscourts.gov/courtroom-technology for a list of the Court's audio-visual equipment.

3

21. By **November 25, 2024**, counsel shall electronically file a joint proposed trial schedule, that includes:

    a. The witnesses scheduled to testify on each day of trial; and

    b. The anticipated length of testimony for each witness.[5]

22. By **November 25, 2024**, counsel must submit joint proposed jury instructions and a joint proposed verdict sheet.[6] **Counsel must submit the actual, numbered instructions.**[7] To the extent that counsel do not agree on any given jury instruction, the joint proposed jury instructions must contain each party's proposed instruction and each party's position with respect to the instruction, supported by citations to relevant authority.[8] <u>Failure to cite relevant authority may result in the Court's adoption of the opposing party's proposed instruction.</u>[9]

23. The Court will conduct an in-person pretrial conference on **November 26, 2024** at **3:30 p.m.** <u>Trial counsel and clients must attend the in-person pretrial conference.</u>

---

[5] The Court understands that the submitted proposed schedule is subject to change. The parties, however, should generally be prepared to call their witnesses in the order set forth in the proposed schedule and in a timely, efficient manner to avoid breaks in the trial.

[6] Counsel shall electronically file the document. In addition, counsel shall submit a Word version directly to: Chambers_of_Judge_Michael_Shipp@njd.uscourts.gov.

[7] Counsel **may not** simply list model jury instruction numbers from the Third Circuit, the State of New Jersey, or any other source with the expectation that the Court create the actual document.

[8] Counsel **may not** submit separate documents and/or separate versions of proposed jury instructions. Counsel **must** follow the format required by this Order.

[9] The Court understands that the final jury instructions may change based on the evidence introduced at trial. The Court, accordingly, will conduct a charging conference towards the end of the trial. The Court, nevertheless, expects counsel to include **all** potential jury instructions in their joint proposed submission. If appropriate, irrelevant and/or unnecessary instructions can later be deleted. If the joint proposed jury charges require revisions, the Court shall instruct counsel on the record to that effect. <u>If counsel fail to submit the required revisions by the Court's deadline, the noncompliant portion(s) of the jury instruction(s) may be stricken or the Court may adopt the compliant party's proposed jury instruction(s).</u>

24. Trial shall commence on **December 3, 2024 at 9:30 a.m.** The Court has currently set aside ten (10) days for trial.[10]

*[signature]*
Hon. Michael A. Shipp
United States District Judge

---

[10] Should counsel assert that they require more than ten trial days, they must include the request for additional trial days, with detailed reasoning for the request, in their joint proposed final pretrial order.