# Exhibit 14

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| ANTHONY HERNANDEZ VALADEZ<br>　　　Plaintiff/Petitioner(s)<br>vs.<br>JOHNSON & JOHNSON et al<br>　　　Defendant/Respondent(s) | No.　　22CV012759<br>Date:　05/04/2023<br>Time:　1:30 PM<br>Dept:　18<br>Judge:　Richard Seabolt<br><br>ORDER re: Hearing on Motion to Compel Limited Genetic Testing |

APPEARANCES:

Counsel on Zoom: See Attendance List
Joseph Satterlery, Denyse Clancy and Michael Stewart (In Person) representing plaintiff.

Tentative ruling was contested and hearing was held. After oral argument, the court affirms its tentative ruling set forth below.

The Motion to Compel Limited Genetic Testing filed by LTL MANAGEMENT LLC, individually, JOHNSON & JOHNSON on 03/14/2023 is Denied.

Defendants Johnson & Johnson's and LTL Management, LLC's (collectively, "Defendants") Motion to Conduct Limited Genetic Testing of plaintiff Anthony Valadez ("Plaintiff") is DENIED.

First, the Motion is procedurally defective in that neither the Notice of Motion nor the attached MPA clearly identify what "limited, targeted genetic testing" Defendants wish to conduct or the legal authority for the present motion. (See Moving MPA at p. 1:7; see also Weil & Brown, Rutter Guide: Cal. Civ. Pro. Before Trial at § 9:38, stating in relevant part: "The notice of motion must state in the first paragraph exactly what relief is sought and why (what grounds)," citing to CCP § 1010, CRC Rule 3.1110(a), and People v. American Sur. Ins. Co. (1999) 75 Cal.App.4th 719, 726.) In light of the privacy interests necessarily raised by a motion to conduct genetic testing, the failure to state in either the Notice or the attached moving MPA the specific genetic testing sought or the legal grounds for the motion and the discovery sought is sufficient grounds to summarily deny the motion.

Plaintiff makes arguments in Opposition regarding the applicable provisions of CCP § 2032.010 et seq. that govern the present motion. In the Court's previously expressed view, a Motion for Leave to Conduct Genetic Testing is properly brought under CCP § 2032.310 et seq.; however, the Court will also allow a motion brought pursuant to the procedures set forth in CCP § 2032.210 et seq. Defendants' Moving papers do not comply with the procedural requirements of either §§ 2032.210 et seq. or 2032.310 et seq.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

Defendants in Reply make arguments regarding why they could not comply with CCP § 20232.210 et seq., arguments they could have made in the moving papers but did not. Defendants' Reply fails to explain why they could not have complied with the notice requirements of CCP § 2032.310(b).

Second, the Motion is fundamentally misleading. Although the Motion is expressly titled "Motion to Compel Limited Genetic Testing," the Moving Van Zyl Declaration makes clear that Defendants are actually seeking broad genetic testing:

"starting with the Comprehensive Hereditary Cancer Panel by Blueprint Genetics [footnote omitted] (focused on 160 genes shown in the published literature to be related to hereditary cancers), to possibly much more in-depth panels with significantly more genes covering a wider variety of genetic pathways, all the way to the gold standard, which is whole genome sequencing that produces information on more than 20,000 genes." (Van Zyl Dec. at ¶ 2.)

Although this Court has considered numerous motions in recent years from defendants for permission to conduct genetic testing of mesothelioma plaintiffs, this Court has consistently allowed genetic testing solely as to specific germline (inherited) genetic mutations where the moving defendant has presented evidence in the form of peer-reviewed medical literature to support a finding that a specific germline genetic mutation can be cause of mesothelioma independent of any alleged asbestos exposure the plaintiff has experienced. (See e.g., Court's 3/1/2022 Order in Basgal v. Amcord, Inc., Alameda Sup.Ct. Case No. RG 20-077265; Court's 1/28/2022 Order in Hill v. Johnson & Johnson, Alameda Sup.Ct. Case No. RG21-099490.) Although Defendants may not have been parties to those prior actions as a result of Defendants' recent bankruptcy filings, the Court's standards are readily discoverable in light of the fact that the same designated defense counsel ("DDC") represents defendants collectively in every asbestos torts action in this Court. In fact, Defendants in Reply submit a declaration showing that they are aware of the Court's rulings in prior actions regarding requests to conduct genetic testing.

This Court has never allowed the type of broad genetic testing Defendants are apparently requesting here, and the Court doubts that any defendant could cite to published medical journal articles establishing that mutations to each of, at a minimum, 160 different genes could be an independent cause of mesothelioma unrelated to alleged asbestos exposures.

Third, the Van Zyl Declaration contains no foundation for his apparent claim to be an expert in human genetics or human genetic cancer syndromes. Paragraph 1 of the Van Zyl conclusorily states that Dr. Van Zyl is an expert in genetic and genomic analysis and provides a copy of his CV as the sole basis of his expertise. Review of his attached CV, however, reveals that Dr. Van Zyl has a Ph.D. in microbiology but that his scientific publications have exclusively involved plants or "brain gene expression in neonatal rats."

Fourth, even if the Van Zyl Declaration laid an adequate foundation for Dr. Van Zyl's expert opinions, the Van Zyl Declaration fails to identify any specific germline genetic mutation that published peer-reviewed medical literature asserts is an independent cause of mesothelioma. For example, ¶ 4 of the Van Zyl Declaration cites to a number of published medical journal articles, but none of these articles is attached to the Van Zyl Declaration, and the Van Zyl Declaration

does not specifically identify what germline gene mutations these articles assert could independently cause mesothelioma.

Similarly, ¶¶ 5-7 of the Van Zyl Declaration asserts that several cancers have occurred in Plaintiff's biological relatives, including bone cancer in Plaintiff's biological father and breast cancer in some of Plaintiff's female relatives and that these cancers "suggest" that Li Fraumeni Syndrome or Hereditary Breast and Ovarian Cancer Syndrome could be present in these family members. However, the Van Zyl Declaration cites to no medical literature supporting a finding that Plaintiff's pericardial mesothelioma is associated with either of these syndromes.

In sum, Defendants have not made an adequate showing that the broad genetic testing they wish to conduct is reasonably calculated to lead the discovery of admissible evidence at trial in light of Plaintiff's recognized privacy interest in his genetic information.

Finally, in Reply Defendants argue that this Court's prior order in the Basgal action, supra, is "on all fours" with the present circumstances. This Court respectfully disagrees. The Basgal action motion presented a declaration from Dr. Richard Attanoos, M.D., a medical expert witness who has testified many times at trial regarding specific germline genetic mutations, which Dr. Attanoos opines can be in independent cause of mesothelioma. The Attanoos declaration in the Basgal action identified a specific germline gene mutation (BAP1), a specific cancer syndrome (BAP1 Cancer Syndrome), contained evidence that cancers or related conditions previously experienced by the Basgal plaintiff and his biological family members are associated with that specific cancer syndrome and attached actual peer-reviewed medical journal articles supporting the contention that the identified germline mutation cancer syndrome could be a cause of mesothelioma unrelated to asbestos exposures. The Van Zyl Declaration here fails to present any such evidence. Instead, Defendants' Reply sticks to their position that this Court should permit broad genetic testing without any actual showing that any of the germline genetic mutations that might be discovered could be an independent cause of mesothelioma based on the peer-reviewed medical literature.

Wherefore, the Court DENIES Defendant's Motion to Conduct Genetic Testing.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 05/04/2023

Richard Seabolt / Judge