# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | Civil Action No. 3:16-md-2738-MAS-RLS <br><br> MDL No. 2738 |
| *THIS DOCUMENT RELATES TO ALL CASES* | |

## THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS OF DRS. JUAN FELIX AND TERI LONGACRE

The PSC respectfully submits this motion to exclude portions of the testimony and opinions of the Johnson & Johnson Defendants' ("J&J") pathology experts, Dr. Juan Felix and Dr. Teri Longacre, pursuant to Federal Rule of Evidence 104 (a), 702, 703 and 403.

## I.     INTRODUCTION AND SUMMARY

Certain specific microscopy opinions of Defendants' pathologists Dr. Juan Felix and Dr. Teri Longacre are based on pure speculation, with no methodology or scientific support whatsoever.  Drs. Felix and Longacre claim the talc and asbestos observed in Plaintiffs' tissue by Plaintiffs' expert, Dr. John Godleski, are the result of lab contamination, and were not present in the tissue *in vivo*.  These opinions are based on pure speculation and thus must be excluded.

## II.    LEGAL STANDARD

The PSC incorporates the legal standard set forth in The Plaintiffs' Steering Committee's Brief Regarding the Rule 702 Standard ("Rule 702 Standard Brief") and supplements it as set forth herein.

## III.   OVERVIEW OF J&J'S DESIGNATED PATHOLOGISTS

Generally speaking, a pathologist studies diseases and their origins.  As in their general practice, and in their primary role in this litigation, Drs. Felix and Longacre studied surgical slides with a routine light microscope to determine the type of cancer suffered by the plaintiffs and report other relevant observations. They

2

also used a polarizing lens on the light microscope to identify particles with birefringence (an optical property of certain materials including talc that makes them appear bright under the polarizing lens), although both defense experts acknowledge polarizing slides is not part of their normal, everyday job.

Plaintiffs' expert, Dr. John Godleski, is not only a world-renown anatomic pathologist, he is also a well-recognized expert in the field of particle identification by Scanning Electron Microscopy (SEM) and Energy Dispersive X-ray Spectroscopy (EDX). Neither Dr. Felix nor Dr. Longacre have any expertise whatsoever in particle identification by SEM or EDX. In addition to studying Plaintiffs' tissue with light microscopy and polarized light microscopy, Dr. Godleski used SEM and EDX to locate and unequivocally identify talc and asbestos in Plaintiffs' tissue, and observe the cellular structures associated with the particles and fibers, as he has done throughout his career that spans more than five decades.

Drs. Felix and Longacre, with no scientific support or expertise whatsoever, opine that the particles observed by Dr. Godleski using SEM and EDX are contaminants that somehow reached the internal structures of the tissue *after* the tissue was removed from Plaintiffs. This wildly speculative, unreliable, and

unsupported opinion has no basis in fact and absolutely no methodological foundation, and should be excluded.[1]

IV.  **DRS. FELIX AND LONGACRE OFFER NO METHODOLOGY AND NO RELIABLE SCIENTIFIC SUPORT FOR THEIR OPINIONS THAT THE TALC AND ASBESTOS FOUND IN PLAINTIFFS' TISSUE ARE POSTMORTEM LAB CONTAMINANTS THAT SOMEHOW INFILTRATED PLAINTIFFS' TISSUE**

Because of their ovarian cancer, each of the bellwether Plaintiffs underwent a total abdominal hysterectomy and salpingo oophorectomy (removal of uterus, cervix, ovaries, and fallopian tubes). Representative tissue samples of those organs were carefully preserved by the hospital pathology department for diagnoses and treatment. The tissue samples were sealed in paraffin wax, and then sectioned for staining. The remainder of the paraffinized tissue blocks were stored by the pathology lab.

Plaintiffs' expert pathologist and analytical microscopist, Dr. John Godleski, obtained Plaintiffs' tissue blocks to study them with light microscopy, SEM, and EDX. Dr. Godleski discovered platy talc, fibrous talc, and asbestos within the corpus of Plaintiffs' tissue blocks.

One useful feature of SEM is it allows the microscopist to peer beneath the surface of the tissue block, allowing the microscopist to see particles at significant

---

[1] Dr. Longacre is only disclosed in the *Newsome* bellwether case, and her specific case opinions address only that case. Dr. Felix is disclosed in the five remaining bellwether cases.

4

magnification *inside the tissue*, along with the surrounding tissue structures (such as macrophages or lymph nodes).  Another feature of Dr. Godleski's scanning electron microscope is its energy dispersive x-ray spectroscopy (EDX).  The EDX instrument identifies particles in a spectrum by atomic composition using computer-generated analytics. For example, the EDX software identifies particles as talc by measuring the atomic ratio of the magnesium, silicon, and oxygen atoms of the particles. The same is done for other minerals like asbestos.

Dr. Godleski has been teaching pathology and SEM/EDX analytical microscopy at Harvard Medical School since 1978 (recently retiring as Professor Emeritus) and serving as Senior Pathologist at the Brigham and Women's Hospital in Boston (a teaching hospital of Harvard Medical School).  *See* Dr. Godleski's Curriculum Vitae (**Exhibit 1**).  Dr. Godleski has published over 150 articles and studies in peer-reviewed medical and scientific journals, many of them involving the identification of materials in tissue by SEM/EDX.  He has also published textbook chapters and given countless lectures around the world on pathology and SEM/EDX topics.  With other pathologists and scientists, he has published several peer-reviewed studies specifically on identifying talc and other particles in human tissue.

On the other hand, by their own admission, Drs. Felix and Longacre have no expertise whatsoever in particle identification by SEM or EDX.[2] They have never published on, or even used, a scanning electron microscope. The only microscope technique either of them uses is routine light microscopy.[3] Dr. Felix has opined light microscopy alone is inadequate to identify foreign particles like talc in tissue.[4]

Despite their admitted lack of expertise in particle identification in tissue, and lack of experience with the methodologic tools (i.e., SEM) used in particle identification the defendants' pathologists opine the talc and asbestos found in the plaintiffs' tissue blocks by Dr. Godleski by SEM/EDX were not in the tissue when the tissue was in Plaintiffs' bodies. In *every case*, and even in *every tissue block* where Dr. Godleski found talc or asbestos, Drs. Felix and Longacre dismissively claim the talc and asbestos came from some mystical, unidentified source after the tissue was removed from the body. Amazingly, they offer these opinions despite the fact neither expert even examined nor studied the blocks. Inexplicably, both experts testified that they never once studied a single tissue block of any plaintiff. In fact,

---

[2] Felix 2024 Dep. at 91:8-13 ("Q: Well, you would, would you agree with me that you're not an SEM expert? A: I am not. Q: An expert in scanning electron microscopy? A: I'm not an expert.") (**Exhibit 2**); Trial Testimony of Dr. Teri Longacre, *Kleiner v. J&J, et al*, Sept. 13, 2021, at 10:16-22 ("Q. And you don't study anything with scanning electron microscopy, right? A. That's correct. Q. And you're not even knowledgeable enough to operate a scanning electron microscopy-- microscope; am I right? A. That's correct.") (**Exhibit 3**).
[3] Longacre 2024 Dep. at 32:11-12.
[4] Felix 2024 Dep. at 198:24-199:5.

the lawyers for J&J did not even send any of Plaintiffs' tissue blocks to their experts.[5] This is true despite the fact Dr. Godleski, as part of his expert report, provided photomicrographs and the exact SEM coordinates of each talc and asbestos particle and fiber, so anyone with a scanning electron microscope could observe the same particles and fibers. For Drs. Felix and Longacre to opine wholesale and guess that all the talc and asbestos Dr. Godleski identified through intensive microscopic examination is postmortem contamination from some unidentified source is spurious reasoning and without any evidentiary basis. Neither expert studied or ever even had in their possession the tissue blocks and without offering any additional support or articulated methodology, their opinions can only be considered pure speculation and conjecture.

Both experts testified that the talc and asbestos must have infiltrated the blocks during the handling and preservation process in the hospital lab. But they offer no evidence of this contamination whatsoever, nor do they offer a single study or journal article, or reference of any kind, to support this theory. The fact is, neither defense pathologist offers *any* methodology or proof that would support their speculation about tissue contamination from a lab they've never been to, or made appropriate inquiry of.

---

[5] *See* Felix 2024 Dep., Exhibit 2, at 202:3-8, 213:23-25, 223:14-16, 242:1-3, 251:9-14; *see also* Longacre 2024 Dep., Exhibit 3, at 97:25-98:8.

Furthermore, Drs. Felix and Longacre did not, and cannot, establish within a reasonable degree of medical certainty that Plaintiffs' tissue blocks were contaminated with talc and/or asbestos in the hospital pathology lab where they were diagnosed – *six* separate facilities in *six* different states as Connecticut, Florida, Louisiana, Maryland, Missouri, and New Hampshire. An expert witness cannot simply offer baseless opinions without some scientific support other than, stating as a pathologist I know things. Defendants' pathologists offered no proof whatsoever that the talc and asbestos Dr. Godleski identified was lab contamination – from labs they never visited, in blocks they never examined. Their opinions are mere *ipse dixit* statements that should not be permitted, and their opinions should be excluded.

## V. CONCLUSION

For this and the other foregoing reasons, the Court should grant the PSC's motion to exclude the opinions of Drs. Juan Felix and Teri Longacre as they pertain to speculative lab contamination of Plaintiffs' tissue blocks.

Respectfully submitted,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006
Tel: 202-783-6400
Fax: 202-416-6392
mparfitt@ashcraftlaw.com

/s/ *P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: 334-269-2343
Fax: 334-954-7555
Leigh.odell@beasleyallen.com

*Plaintiffs' Co-Lead Counsel*


/s/ *Christopher M. Placitella*
Christopher M. Placitella
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
Tel: 732-747-9003
Fax: 732-747-9004
cplacitella@cprlaw.com

*Plaintiffs' Liaison Counsel*

**PLAINTIFFS' EXECUTIVE COMMITTEE:**

Warren T. Burns
BURNS CHAREST LLP
500 North Akard Street, Suite 2810
Dallas, TX 75201
Tel: 469-904-4551
Fax: 469-444-5002
wburns@burnscharest.com

Richard Golomb
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
rgolomb@golombhonik.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue, 11thFloor
New York, NY 10017
Tel: 212-397-1000
hunter@napolilaw.com

**PLAINTIFFS' STEERING COMMITTEE:**

Laurence S. Berman
LEVIN, SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: 215-592-4663
lberman@lfsblaw.com

Timothy G. Blood
BLOOD, HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619-338-1100
Fax: 619-338-1101
tblood@bholaw.com

Sindhu S. Daniel
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, #1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181
sdaniel@baronbudd.com

Jeff S. Gibson
WAGNER REESE, LLP
11939 N. Meridian St.
Carmel, IN 46032
Tel: (317) 569-0000
Fax: (317) 569-8088
jgibson@wagnerreese.com

Kristie M. Hightower
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street

Daniel R. Lapinski
MOTLEY RICE LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002

<div style="display:flex">

Lake Charles, LA 70601
Tel: 337-439-0707
Fax: 337-439-1029
khightower@lundylawllp.com

Victoria Maniatis
SANDERS PHILLIPS GROSSMAN, LLC
100 Garden City Plaza, Suite 500
Garden City, NJ 11530
Tel: 516-640-3913
Fax: 516-741-0128
vmaniatis@thesandersfirm.com

Christopher V. Tisi
LEVIN PAPANTONIO
316 South Baylen St.
Pensacola, FL 32502
(850) 435-7000
ctisi@levinlaw.com

</div>

Tel: 856-667-0500
Fax: 856-667-5133
dlapinski@motleyrice.com

Carmen S. Scott
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: 843-216-9162
Fax: 843-216-9450
cscott@motleyrice.com