# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - -

---------------------------

IN RE: JOHNSON & JOHNSON :
TALCUM POWDER PRODUCTS :
MARKETING, SALES PRACTICES, :
AND PRODUCTS LIABILITY :
LITIGATION :
THIS DOCUMENT RELATES TO: : MDL No. 16-2738
:
HILARY CONVERSE, et al., :
Plaintiff, : Case No. 3:18-cv-
v : 17586-FLW-LHG
JOHNSON & JOHNSON, et al., :
Defendants. :

---------------------------

- - -

JANUARY 28, 2021

- - -

Remote Oral Video Deposition, taken via Zoom, of PETER SCHWARTZ, M.D., commencing at 10:01 a.m., on the above date, before Margaret M. Reihl, Realtime Reporter and Certified Court Reporter for the State of New Jersey.

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

APPEARANCES:
ONDER LAW, LLC
BY: CYNTHIA L. GARBER, ESQUIRE
110 East Lockwood Avenue
St. Louis, Missouri 63119
(314) 408-6197
garber@onderlaw.com
Representing the Plaintiff

SHOOK, HARDY & BACON, LLP
BY: SCOTT A. JAMES, ESQUIRE
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, TX 77002
(713) 227-8008
sjames@shb.com
Representing the Defendant, Johnson & Johnson

Also present: Kayleigh Duran, Videographer

- - -
INDEX
- - -

Testimony of: PETER SCHWARTZ, M.D.
By Mr. James 4, 84
By Ms. Garber 64

- - -
EXHIBITS
- - -

| SCHWARTZ DEPOSITION EXHIBITS | | MARKED |
|---|---|---|
| No. 1 | Notice of Deposition | 9 |
| No. 2 | Curriculum Vitae | 10 |
| No. 3 | Medical records ConverseH-SchwartzP-00001 through 00065 | 12 |
| No. 4 | Medical records CONVERSE HILARY DRPETERSCHWARTZ 0001 through 00130 | 12 |
| No. 5 | Operative Report CONVERSE HILARY YALENEWHAVENHOSPITAL 00090 through 00094 | 12 |
| No. 6 | ProHealth Physicans record HConverse-PL-69 through 73 | 12 |
| No. 7 | Yale Medicine Pamphlet Ovarian Cancer | 60 |

– – –

THE VIDEOGRAPHER: We are now on the record. My name is Kayleigh Duran, a videographer for Golkow Litigation Services. Today's date is January 28, 2021 and the time is 10:01 a.m. This deposition is being held by remote Zoom in the matter of Talc, Hilary Converse versus Johnson & Johnson, et.al. The deponent today is Dr. Peter Schwartz.

All parties to the deposition are appearing remotely and have agreed to the witness being sworn in remotely. All appearances are noted on the stenographic record.

Will the court reporter please administer the oath.

PETER EDWARD SCHWARTZ, M.D., having been duly sworn as a witness, was examined and testified as follows:

BY MR. JAMES:

Q. Good morning, Dr. Schwartz. As we said just a second ago, my name is Scott James and I am counsel for the Johnson & Johnson defendants.
Can you hear me okay?
A. Yes, I can.

Q. Can you please state your full name for the record.
A. Peter Edward Schwartz.
Q. And, Dr. Schwartz, do you have a particular medical specialty?
A. I'm a gynecologic oncologist.
Q. And, Doctor, we are here to take your deposition filed in a case by your patient, Hilary Converse.
Do you understand that?
A. Yes, I do.
Q. And Ms. Converse has filed a case against the Johnson & Johnson defendants alleging that her use of talcum powder has caused ovarian cancer.
Do you generally understand that allegation?
A. Yes, I do.
Q. Do you understand that you are not a party to this case?
A. I've been told that, yes.
Q. Do you understand that no one on today's deposition is contending that you've done anything wrong in the care and treatment of Mrs. Converse?
A. I do.
Q. Doctor, we've never spoken before today, have we?

Page 30

Q. Okay. And then you see here on page 4 of this path report it says [redacted]?
A. Yes.
Q. Again, do you have any impressions or understandings about why we're seeing a reference to [redacted] in the same record?
A. The operative note [redacted].
Q. Okay. Very helpful. Thank you.
So at the end of the day Ms. Converse is being diagnosed with a clear-cell ovarian cancer, correct?
A. That is correct.
Q. Was there anything unusual to you about Ms. Converse's histologic diagnosis?

Page 31

MS. GARBER: Object to the form.
THE WITNESS: I'm sorry, I seem to -- oh boy, okay. Sorry about that. Okay. Could you repeat the question, sir. I didn't -- I got interrupted by the phone. Sorry.
BY MR. JAMES:
Q. Sure. No worries. And if you do need to take a phone call or a break, just let us know at any time. I should have said that earlier.
Was there anything unusual or remarkable about this pathology report in your mind?
MS. GARBER: Object to the form.
THE WITNESS: No, nothing unusual.
BY MR. JAMES:
Q. These are -- this report is similar to the reports that you see for many patients, correct?
A. Yes, that's right.
Q. Is there anything in this pathology report that would have told you as a clinician what was the cause of her cancer?
MS. GARBER: Object to the form.
THE WITNESS: What this pathology report tells me is [redacted]

Page 32

[redacted].
BY MR. JAMES:
Q. Is there anything in this report, when you look at this report, that would tell you as a clinician that talc was the cause of Ms. Converse's ovarian cancer?
MS. GARBER: Object to the form.
THE WITNESS: No.
BY MR. JAMES:
Q. Okay. I'm going to stop screen sharing the pathology report and go back to looking at each other for a quick sec.
Dr. Schwartz, do you recall consulting or seeing with Mrs. Schwartz as recently as September 2020?
A. I'm sorry, you asked me about with Mrs. Schwartz?
Q. I'm sorry, thank you for catching. You have a good ear, thank you.
Do you recall sitting -- seeing Mrs. Converse as recently as September 2020?
A. I don't believe I saw her.

Page 33

Q. Do you recall consulting with her?
A. We had a telephone consultation.
Q. And did you have a chance to see that medical record in the set of records that was produced to you yesterday?
A. Yes, I did.
Q. I'm going to screen share this record with you, Dr. Schwartz. And for purposes of the record we are looking at Converse Hilary Dr. Peter Schwartz 125 through 130, which is part of Exhibit 4. And the screen share is on its way, Dr. Schwartz.
A. Thank you. Okay. I see it says Scott James started screen sharing.
Q. Okay. Dr. Schwartz, has that popped up with you?
A. Yes, it has.
Q. Do you see here, again, that we are looking at a record that has progress notes; is that right?
A. Yes.
Q. And this record reflects an appointment of 9/25/2020, correct?
A. Yes, it does.
Q. And if we look down we can see from the interim history section of the report that you are conducting a telephone appointment for a follow-up

THE WITNESS: That was correct. Yes, that was correct.

BY MR. JAMES:

Q. Did Ms. Converse ever ask you your medical judgement about whether her perineal talc use caused her ovarian cancer?

MS. GARBER: Object to the form.

BY MR. JAMES:

Q. I'm sorry, Doctor, I didn't hear your answer. I'm sorry.

A. Not to my knowledge.

Q. To your knowledge, has Ms. Converse asked any of her healthcare professionals whether her perineal talc use caused her ovarian cancer?

A. Not to my knowledge.

Q. Doctor, finally, I see in your CV, that I was scrolling through during my break, that you were past president of the SGO; is that correct?

A. That is correct.

Q. And that's an organization that you maintain active membership in; is that right?

A. Yes, that's correct.

Q. Are you aware of whether the SGO publishes informational materials on ovarian cancer risk factors?

A. I assume they do. I have no direct knowledge. I can't answer that.

Q. Do you maintain current contacts with anyone at the SGO?

A. Are you talking about SGO headquarters?

Q. Yeah, let me rephrase.

Do you maintain current contacts with anyone at SGO leadership?

A. No, not really.

MR. JAMES: Okay, Doctor, that's all the questions I have again today. Thank you for your time.

THE WITNESS: Thank you.

MS. GARBER: I don't have anything further. Thank you so much, Doctor, for your time.

THE WITNESS: Thank you.

THE VIDEOGRAPHER: Okay. The time is 11:50 a.m. Off record.

(Witness excused.)

– – –

C E R T I F I C A T I O N

I, MARGARET M. REIHL, a Registered Professional Reporter, Certified Realtime Reporter, Certified Court Reporter, Certified LiveNote Reporter and Notary Public, do hereby certify that the foregoing is a true and accurate transcript of the testimony as taken stenographically, by and before me, remotely, via Zoom, to the best of my ability, and on the date hereinbefore set forth.

I DO FURTHER CERTIFY that I am neither a relative nor employee nor attorney nor counsel of any of the parties to this action, and that I am neither a relative nor employee of such attorney or counsel, and that I am not financially interested in the action.

------------------------------------------------
Margaret M. Reihl, RPR, CRR, CLR
CCR License #XI01497
NCRA License #047425

ACKNOWLEDGMENT OF DEPONENT

I, PETER SCHWARTZ, M.D., do hereby certify that I have read the foregoing pages and that the same is a correct transcription of the answers given by me to the questions therein propounded, except for the corrections or changes in form or substance, if any, noted in the attached Errata Sheet.

______________________________________
PETER SCHWARTZ, M.D. DATE