# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To All Cases | ) ) ) ) ) ) ) ) ) ) ) <br><br> MDL Docket No. 2738 |

## DEFENDANTS JOHNSON & JOHNSON AND LLT MANAGEMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE REBUTTAL EXPERT REPORT OF DR. ELIZABETH STUART

**FAEGRE DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001-8602
(212) 735-3000

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*

Plaintiffs have attempted to slip in an expert declaration by Elizabeth Stuart, a completely new expert to this litigation, by attaching it to their motion to exclude the opinions of Dr. John Kornak. This declaration is highly improper because it comes long after the deadline for plaintiffs to identify new experts and violates Judge Singh's order that all expert opinions responding to the O'Brien 2024 paper by either side were due on May 28, as well as Judge Shipp's orders setting deadlines for expert reports.[1] Needless to say, a party cannot evade expert disclosure deadlines by including a declaration from a new expert in a *Daubert* motion.

Moreover, because the Court has prohibited any further depositions of plaintiffs' experts or any other modifications of the current pretrial schedule, defendants would never have an opportunity to meaningfully challenge Dr. Stuart's new opinions in advance of trial. That is exactly the kind of prejudice that Rule 26 is designed to prevent. For all of these reasons, the Court should strike the Stuart declaration.

## BACKGROUND

---

[1] Under Paragraph 2 of Judge Shipp's July 22, 2024 Order, "Plaintiffs **should have served**, if necessary, supplemental and amended disclosures of all general and case-specific experts pursuant to Rule 26(a)(2)(A) and served on Defendants' counsel the Rule 26(a)(2)(B) reports of **all** general and case-specific expert witnesses they may use at trial in any of the Stage Three cases on or before **November 15, 2023**." (ECF No. 32991 at 1 (emphasis added).)

On May 17, 2024, four days before defendants' expert disclosures were to be served, plaintiffs alerted the Court to the publication of a new paper entitled "Intimate Care Products and Incidence of Hormone-Related Cancers: A Quantitative Bias Analysis" by Katie O'Brien et al. ("O'Brien 2024"). (*See* ECF No. 32197.) Defendants responded by requesting that the May 21 deadline for defendants' expert reports be extended so that the defense experts could address the new paper. (ECF No. 32198; *see also* May 20, 2024 11:56 AM Email from L. O'Dell to Judge Singh (Ex. 1 to Decl. of Susan Sharko ("Sharko Decl.")).) Defendants initially proposed extending the deadline for plaintiffs' supplemental reports regarding O'Brien 2024 to May 28, 2024 with follow-up two-hour depositions of plaintiffs' experts, and an extension of the deadline for defense reports until June 14, 2024. (*See* May 20, 2024 12:11 PM Email from S. Sharko to Judge Singh (Sharko Decl. Ex. 2).) Plaintiffs rejected this proposal, arguing that it would "up-end the *Daubert* deadlines" and demanded simultaneous disclosure of all expert reports on May 28, 2024 with no additional depositions of plaintiffs' experts. (*See* May 20, 2024 11:56 AM Email from L. O'Dell to Judge Singh (Sharko Decl. Ex. 1).)

In response, defendants proposed a modestly staggered disclosure schedule: plaintiffs would file their supplemental reports to address O'Brien 2024 by May 28, 2024, and defendants would file their reports three days later, on May 31, so

2

that defense experts would at least "have the ability to see Plaintiffs' experts' new opinions on the O'Brien paper before issuing their reports." (May 20, 2024 12:11 PM Email from S. Sharko to Judge Singh (Sharko Decl. Ex. 2).) Plaintiffs again rejected this proposal, insisting that "the parties should serve their respective reports on May 28th simultaneously." (May 20, 2024 11:56 AM Email from L. O'Dell to Judge Singh (Sharko Decl. Ex. 1).) Nowhere in plaintiffs' communications did they request, let alone raise the possibility of, introducing rebuttal reports at a later date. (*Id.*)

Magistrate Judge Singh denied defendants' proposal of a three-day staggered disclosure schedule and ordered simultaneous expert submissions from defendants and plaintiffs by May 28, 2024. (ECF No. 32214.) Judge Singh also ordered that "[n]o further depositions of Plaintiffs' experts will be granted." (*Id.*) Thus, defendants were not permitted to rebut plaintiffs' experts' opinions on O'Brien 2024. Conversely, plaintiffs were able to depose defense experts on their opinions concerning O'Brien 2024.

Nonetheless, on July 23, 2024—***56 days after*** plaintiffs' deadline to file their supplemental reports concerning O'Brien 2024—plaintiffs disclosed a new rebuttal report from a new expert, Dr. Stuart, by attaching the report as an exhibit to their *Daubert* motion to exclude expert Dr. Kornak. (*See* ECF Nos. 33011-1 & 33011-11.) Even though plaintiffs have had Dr. Kornak's opinions since May 28, and

3

were aware that all *Daubert* briefing was due July 23, 2024, they never requested permission to file a rebuttal report or alerted defendants to the possibility that they would file a rebuttal report.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In addition, Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he party who failed to timely disclose[] 'ha[s] the burden to prove "substantial justification for its conduct or that the failure to produce was harmless."'" *Perez v. Great Wolf Lodge of the Poconos LLC*, No. 3:12-CV-01322, 2017 U.S. Dist. LEXIS 19251, at *10 (M.D. Pa. Feb. 9, 2017) (citations omitted).

The Court should strike Dr. Stuart's rebuttal report under this standard because: (1) it violates the applicable case management orders without substantial justification; (2) it is highly prejudicial; and (3) the prejudice cannot be rectified in light of the Court's explicit statement that further extensions related to expert evidence will not be considered.

4

***First***, plaintiffs' disclosure of Dr. Stuart's rebuttal report is clearly untimely and constitutes a "flagrant disregard" of the Court's case management orders. *See, e.g.*, *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 194 (3d Cir. 2007) (affirming district court's exclusion of belatedly disclosed experts given plaintiff's "flagrant disregard of the [d]istrict [c]ourt's order requiring experts to be designated" nine months earlier); *Perez*, 2017 U.S. Dist. LEXIS 19251, at *9-10 (submission of five new expert reports from new witnesses was "untimely" under the court's scheduling order and thus violated Rules 26(a) and (e)). Those orders clearly prohibited rebuttal reports; rather, the parties were required to serve any supplemental reports related to O'Brien ***simultaneously*** on May 28, 2024.

Plaintiffs have contravened those orders on multiple levels, not only serving a previously undisclosed rebuttal report but also injecting an entirely new expert who has had no previous involvement in this litigation. *See Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *2-3 (N.D. Cal. Nov. 15, 2011) (barring "a new expert who did not serve any opening report" from making "a reply submission attacking the opposition reports served by the other side" because even though not explicit, "[t]he case management scheduling order cannot fairly be read to bless expansion of the expert roster at the reply stage").

Moreover, plaintiffs' attempt to "disclose" Dr. Stuart's report by an attachment to their *Daubert* motion, long after expert discovery was completed,

5

separately violates Rule 26 because "merely attaching [an expert report] to a brief does not constitute 'disclosure'" under Rule 26. *See, e.g.*, *United States v. Brace*, 334 F.R.D. 472, 476-84 (W.D. Pa. 2020) (excluding expert report that was not served on plaintiff until it was attached as an exhibit to defendants' Rule 60(b)(5) motion, in part, because "merely attaching exhibits to a brief does not constitute 'disclosure'" under Rule 26); *Forrestal Guarani S.A. v. Daros Int'l, Inc.*, No. 03-4821 (FSH), 2012 WL 13187472, at *6 (D.N.J. Apr. 2, 2012) ("Forrestal's attempt to introduce an expert report in an opposition brief to a [m]otion for [s]ummary [j]udgment, and at this late stage of the case, is improper and prejudicial and in complete and utter disregard of" the court's case management orders). There is no —much less substantial—justification for this eleventh-hour procedurally improper disclosure nearly two months after plaintiffs first notified the Court of O'Brien 2024's publication.

*Second*, plaintiffs' untimely disclosure is also highly prejudicial because it has effectively given them the last word on scientific evidence that plaintiffs claim supports their theory of causation. This is doubly unfair since plaintiffs bear the burden of proof in this case. *See, e.g.*, *Sandata Techs., Inc. v. Infocrossing, Inc.*, Nos. 05 Civ. 09546(LMM)(THK) & 06 Civ. 01896(LMM)(THK), 2007 WL 4157163, at *1 (S.D.N.Y. Nov. 16, 2007) ("It is routine that the party with the burden of proof on a particular issue be the first to submit its expert reports

6

addressing the issue. The other party then is given the opportunity to submit a rebuttal report and, if requested and allowed by the [c]ourt, a reply expert report may follow.").[2] As the court in *Oracle America* eloquently put it: "A party with the burden of proof on an issue should not be allowed to secretly prepare an army of 'rebuttal' experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy. If they were allowed to do so, their work would not be subject to a direct response from any opposing expert." 2011 WL 5572835, at *3. The Court should not countenance such unfairness, particularly given that plaintiffs were able to probe and challenge defendants' experts' opinions on O'Brien 2024, while the Court prohibited depositions of plaintiffs' experts after May 28, 2024. (*See* ECF No. 32214.)

Moreover, plaintiffs' disclosure, to borrow plaintiffs' phrasing, would necessarily "***up-end***" the Court's carefully crafted expert discovery schedule. Should the Court permit Dr. Stuart's report, defendants would need to depose Dr. Stuart, possibly file additional Rule 702 motions concerning her opinions, and offer rebuttal reports of their own. Because the Court has made clear that it will

---

[2]  Indeed, the Advisory Committee note to Federal Rule of Civil Procedure 26 provides that "***in most cases*** the party with the burden of proof on an issue should disclose its expert testimony on that issue ***before*** other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (emphasis added).

7

not entertain any further extensions of pretrial deadlines, there is no way to make that happen.  (ECF No. 32991 at 2 n.1 ("The Court will not entertain any requests for an extension of the current briefing dates.").)  As a result, unless Dr. Stuart's patently untimely and unjustified report is stricken, defendants will have no way to challenge it in advance of trial.

## **CONCLUSION**

For the foregoing reasons, the Court should strike the expert report from Dr. Stuart in full.

Dated:  July 30, 2024

Respectfully submitted,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

Allison M. Brown
Jessica Davidson
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*

8