

**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

July 31, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

> Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
>        Case No.: 3:16-md-02738-MAS-RLS

Dear Judge Shipp and Judge Singh:

We write on behalf of the Plaintiffs' Steering Committee (PSC) to seek the Court's guidance regarding deadlines impacting dispositive motions and case(s) to be identified for bellwether purposes. The Court's Order of April 30, 2024 (ECF No. 32123) set out the following in paragraph 8: "In accord with this Court's March 27, 2024 text order (ECF No. 31080), dispositive motions, including *Daubert* motions, shall be filed by **July 23, 2024**." The Court made clear that it would not entertain any requests for an extension of the current briefing deadlines. *See* ECF No. 32123, at n 1.

In contravention of the Court's order, on July 16, 2024, the Johnson & Johnson Defendants requested an extension of time to file dispositive motions. The Court has not ruled on that request. The Johnson & Johnson Defendants did not file dispositive motions prior to the expiration of the deadline.

Hon. Michael A. Shipp, U.S.D.J.<br>
Hon. Rukhsanah L. Singh, U.S.M.<br>
July 31, 2024<br>
Page 2

It is the PSC's position that the deadline has now passed, and the Johnson & Johnson Defendants have waived the opportunity to file dispositive motions.

We write to seek direction from the Court, however, for the important reason that Plaintiffs are required under the scheduling order to "identify the case or cases to be consolidated for trial by **August 5, 2024.**" *See* ECF No. 32123, at ¶ 11. Provided dispositive motions will not be allowed, Plaintiffs are ready to proceed with identifying the case or cases to be consolidated for the first trial in this MDL in compliance with the Court's order. However, if the Court contemplates allowing the Johnson & Johnson Defendants to file dispositive motions in the future, the PSC seeks leave to identify the case or cases to be consolidated for trial shortly after dispositive motions are filed. The PSC needs to understand the legal challenges that will be made by Defendants (other than those contained in Defendants' *Daubert* motions) in order to effectively evaluate the strengths and weaknesses of the bellwether cases.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ P. Leigh O'Dell*                              */s/ Michelle A. Parfitt*

P. Leigh O'Dell                                    Michelle A. Parfitt

cc:   Susan Sharko, Esq. (via email)