

faegredrinker.com

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

July 31, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:  Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation
     **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

I write in response to the PSC's letter earlier today (Dkt. No. 33040), in which the PSC seeks "guidance" regarding its obligation to identify the case that is selected for trial on August 5, 2024.  The PSC's letter is premised on the misconception that Defendants missed their dispositive motion deadline; apparently the PSC missed Dkt. No. 32991, which extended the dispositive motion deadline to August 23, 2024.

Based on the erroneous view that Defendants "have waived the opportunity to file dispositive motions," the PSC asks the Court for leave to identify a trial case "shortly after dispositive motions are filed."  In short, the PSC wants to see what the Defendants believe are the PSC's weakest cases before making its trial selection.  This request flies in the face of the currently operative scheduling order (Dkt. No. 32991), which contemplates the PSC identifying its trial selection by August 5, 2024 and dispositive motions being filed *after* the trial case has been selected.  Indeed, Defendants' request to continue the dispositive motion deadline was premised in part on the efficiency that would be gained by knowing which case would be the target of the dispositive motions (Dkt. No. 32974).  The PSC does not even acknowledge this history, instead merely arguing that it "needs to understand the legal challenges that will be made by Defendants (other than those contained in Defendants' *Daubert* motions) in order to effectively evaluate the strengths and weaknesses of the bellwether cases."  The PSC already has an advantage by being allowed to select the first bellwether case for trial; there is no basis for deferring that selection until the filing of summary judgment motions.

Thank you for your consideration of these matters.

Hon. Michael A. Shipp, U.S.D.J._____- 2 -_____July 31, 2024
and Hon. Rukhsanah L. Singh,
U.S.M.J.

Respectfully submitted,

*Susan Sharko*

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

SMS/emf

cc:     All Counsel (via ECF)