# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (MAS) (RLS) |

NOTICE OF ORAL DEPOSITION OF
GREGORY DIETTE, M.D., MHS AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, the Plaintiffs' Steering Committee (PSC) will take the oral deposition of Gregory Diette, M.D., MHS. The deposition, which shall be taken by stenographic means before a certified court reporter or other person authorized to administer oaths pursuant to Federal Rule of Civil Procedure 28, will commence on June 19, 2024, and June 20, 2024, at 9:00 a.m. EST at Nelson Mullins Riley Scarborough, LLP, 100 S. Charles Street, Suite 1600, Baltimore, Maryland 21201.

Pursuant to Federal Rule of Civil Procedure 30(b)(2), the witness is requested to produce true, correct, and complete copies of all documents, materials and information listed in Schedule A, no later than three (3) days prior to the deposition.

Dated: June 10, 2024                    Respectfully Submitted,

/s/ *Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

1

/s/ P. Leigh O'Dell
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*Plaintiffs' Co-Lead Counsel*


/s/ Christopher M. Placitella
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone: 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

*Plaintiffs' Liaison Counsel*

2

**CERTIFICATION OF SERVICE**

I, hereby certify on this 10th day of June, 2024, I caused a true and correct copy of Plaintiffs' Steering Committee's Notice of Oral Deposition of Gregory Diette, M.D., MHS. and Duces Tecum to be served via electronic mail on the following counsel for Defendants:

Susan M. Sharko, Esq.
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey
07932
susan.sharko@dbr.com

                                              *s/ P. Leigh O'Dell*
                                              P. Leigh O'Dell

## SCHEDULE A

## DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject matter and document request listed below. To the extent a term commonly in use in the cosmetic and/or personal care product industry or in use in the medical community is not defined herein, it shall be understood to be consistent with the meaning commonly ascribed to that term in the cosmetic, personal care product industry or medical community.

1. "You" and "Your" or "Witness" shall mean the deponent.

2. "Defendants" refer to all Defendants in this action, including "Defendants" refer to all Defendants in this action, including Johnson & Johnson, Johnson & Johnson Holdco (NA) Inc.; Kenvue Inc., Janssen Pharmaceuticals, Inc. Johnson & Johnson Consumer Companies, Inc., LLT Management L.L.C. f/k/a LTL Management L.L.C. (both collectively and individually) as well as all of their partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives, including all corporations and entities affiliated with Defendants. The term "Defendants" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives. The term "Defendants" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, attorneys, joint venturers or other representatives.

3. The term "Talcum Powder Products" refers to Johnson's Baby Powder and Shower to Shower lines of talcum powder products.

4. The term "Talc," as distinguished from "Talcum Powder Products," refers to the talc that is mined, manufactured, or processed for the purposes of use in the Talcum Powder Products and their processing.

5. The term "Document" and "Documentation" as used in these discovery requests shall be synonymous in meaning and equal in scope to the usage of the term "Document or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Talcum Powder Litigation" shall mean the above-captioned Multidistrict Litigation proceeding ("MDL") and/or any claims or lawsuits involving Talcum Powder Products.

## DOCUMENTS TO BE PRODUCED

1. A complete and current copy of Your curriculum vitae (CV).

2. Copies of any materials related to Your retention or payment for services as a testifying expert related to this Talcum Powder Litigation including, but not limited to:

    a. All retainer agreements or other agreements pursuant to which You have been or will be paid for work related to Talcum Powder Litigation.

    b. All documents reflecting work done, time spent, or expenses incurred by You, Your organization, or anyone under Your direction or control or the direction or control of Your organization in connection with this MDL Talcum Powder Litigation and/or MCL, and all bills, invoices, or accounts related to attorneys, law firms or others in connection with those activities.

    c. All records of payments of any kind received by You from any source related to Your work as a testifying expert regarding Talcum Powder Products or Talc.

    d. Payments made to third parties, including any charitable contributions, gifts or other things of value in consideration for Your work done related to Talcum Powder Litigation.

    e. Payments received by You for work done on behalf of Defendants, their counsel or representatives in connection with Talcum Powder Products.

    f. All records of payments of any kind received by You for work related to Talcum Powder Products and/or Talc.

    g. Payments received by You for work done as a testifying expert witness in connection with litigation in the past five years.

3. A copy of Your complete file or files related to work done concerning Talcum Powder Litigation, Talcum Powder Products or Talc, in general. Your complete file is intended to be construed in the broadest sense and includes, without limitation, anything in Your possession, custody or control that refers or relates to Talc, Talcum Powder Products, Talcum Powder Litigation, or Your opinions in this litigation. Examples of these materials may include, but are not limited to:

    a. Any reports, summaries, memoranda or explanations created by or provided to You.

    b. Any computer discs, external computer drives, photographs, images, measurements, diagrams, drawings, animations, videos, recordings test results or simulations created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

    c. All documents, including but not limited to deposition transcripts or expert reports, provided to You by anyone, including counsel for Defendants. To the extent any

such documents contain notes, highlights, or markings, such documents inclusive of the notes, highlights, or markings are to be produced in addition to a copy of the document as originally produced. To the extent any such document has been produced in this litigation by the parties, identification by Bates number is sufficient unless the document contains post-production highlights or markings as indicated above. Likewise, if a transcript is of a deposition taken in this Talcum Powder Litigation, identification by deponent and date of deposition will suffice, unless the transcript contains notes, highlights, or markings.

4. All documents supplied by any defendants named in this litigation or named in paragraph 2 of "Definitions" above.

5. All documents and materials, published or unpublished, on which You intend to rely as a basis, in whole or in part, for Your opinions related to Talcum Powder Litigation, Talc and Talcum Powder Products.

6. All documents and materials, published or unpublished, which You considered in forming Your opinions related to Talcum Powder Litigation, Talc and Talcum Powder Products.

7. All articles, papers, and/or scientific or technical publications written, prepared and/or presented by You or in which you participated in writing, preparing or presenting, that relate to or concern Talcum Powder Products, Talc and/or talcum powder.

8. All documents concerning any research that You have undertaken that relates to or concerns Talcum Powder Products or Talc, regardless of the outcome of the research.

9. All communications between You and any other expert retained or consulted by Defendants in connection with Talcum Powder Litigation, Talcum Powder Products, Talc.

10. All scientific or technical publications authored in whole or in part by You which discuss Talcum Powder Products, Talc or talcum powder.

11. Documents reflecting requests by You or offers to You of funding to study Talcum Powder Products, Talc or talcum powder.

12. Documents related to communications with employees or representatives of any Johnson & Johnson company or affiliates which discuss Talcum Powder Products, Talc and/or talcum powder, or which relate to, support or provide a foundation for any of Your opinions.

13. Documents related to communications with employees or representatives of any cosmetic talcum powder manufacturer which discuss Talcum Powder Products, Talc and/or talcum powder.

14. Documents related to communications with employees or representatives of any government, regulatory, professional organization, institution, or trade organization and/or agency which discuss Talcum Powder Products, Talc and /or talcum powder.  Such entities include, without limitation:

   a. Authors of any published scientific studies concerning talcum powder products/talc and ovarian cancer

   b. Center for Regulatory Effectiveness (CRE)

   c. Colorado School of Mines

   d. Cosmetic Ingredient Review (CIR)

   e. Environmental Protection Agency

   f. Food & Drug Administration (FDA)

   g. Health Canada

   h. Society of Gynecologic Oncology

i. American Congress of Obstetrics and Gynecology

j. American Society of Clinical Oncology

k. American Association for Cancer Research

l. Any cancer center to include John Hopkins Hospital

m. Industrial Minerals Association – North America (IMA – North America)

n. International Agency for Research on Cancer (IARC)

o. National Institute of Occupational Health and Safety

p. National Institutes of Health

q. National Cancer Institute (NCI)

r. National Toxicology Program

s. Occupational Safety and Health Administration

t. Personal Care Products Council (PCPC)

u. Talc Interested Party Task Force

v. United States Bureau of Mines

w. United States Geological Survey

x. American Cancer Society (ACS)

y. American Conference of Governmental Industrial Hygienists (ACGIH)

z. Centers for Disease Control (CDC)

aa. Interagency Working Group on Asbestos in Consumer Products (IWGACP)

bb. National Comprehensive Cancer Network (NCCN)

cc. Ovarian Cancer Research Alliance (OCRA)

dd. Registration, Evaluation, Authorization and Restriction of Chemicals (REACH)

15. All documents related to communications with employees, representatives, editors, or reviewers of any scientific or medical journal which discuss Talcum Powder Products, Talc and/or talcum powder.

16. All documents related to research, experiments, testing or any other study that has been done or is planned to be done by You, at Your request, or upon which You may rely in this Talcum Powder Litigation, which relates to Talcum Powder Products, Talc and or talcum powder.

17. All slide decks, outlines, presentations or other materials You have created or utilized in connection with any presentations on talcum powder, Talc and/or Talcum Powder Products.

18. Copies of all affidavits, reports, and sworn testimony given by You, whether at deposition or trial, that relate to or concern Talcum Powder Products, Talc and/or talcum powder.

19. All bills and invoices for any work performed for Johnson & Johnson in connection with Talc Litigation including, but not limited to, <u>Brandi Carl, et al. v. Johnson & Johnson, et al.</u>; <u>Diana Balderrama, et al v. Johnson & Johnson, et al</u> and <u>In re Johnson and Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation</u> (D.N.J.).

    a. Include with your response the time sheets (electronic or otherwise) and underlying support for the bills and invoices submitted;

    b. Include a summary invoice for all earnings related to expert work in the talcum powder litigation;

    c. Include all bills and invoices for any work performed by your independent contractor, Medical Science Affiliates (MSA) for administrative and expert work in the talcum powder litigation.

20. All time sheets which identify what was done hourly or daily and support the invoices produced.

21. All communications with any person or entity, other than Johnson & Johnson or its counsel, concerning Health Canada's Screening Assessment on Talc, either the draft assessment (1999) or the final assessment (2022).

22. Any and all communications with any person or entity, other than Johnson & Johnson or its counsel, concerning the upcoming 2024 IARC meeting in Lyon, France to discuss the talcum powder classification.

23. Records of any and all presentations made by you concerning talcum powder and cancer.

24. Records of any communications between you and any expert designated in this case, including Christian Merlo, MD and Kathleen Sutcliffe, PhD.

25. Any and all peer review comments you have authored relating to any manuscript that explores the relationship between talc and ovarian cancer.

26. Any and all communications with any colleague or person, other than Johnson & Johnson or its counsel, concerning any of the following publications:

   a. O'Brien, K, et al, <u>Association of Powder Use in the Genital Area With Risk of Ovarian Cancer JAMA 2020: 323 (1); 49-59;</u>

   b. O'Brien, K, et al <u>Intimate Care Products and Incidence of Hormone-Related Cancers: A Quantitative Bias Analysis</u> 2024 J. Clin Oncol 002:11.6.

27. Any and all documents or communications which support your opinions regarding the results of O'Brien KM, Wentzensen N, Ogunsina K, et al. Intimate Care Products and

Incidence of Hormone- Related Cancers: A quantitative Bias Analysis. J Cain. Once 2024: Jco 2302037. (In eng). DOI:10.1200/jco.23.02037.

    28.    Records of any and all communications with or from any author or editor of the "Physicians Desk Query" (PDQ) about talc and ovarian cancer.

    29.    Any and all documents related to serving as a Key Opinion Leader (KOL), in the present or in the past, for Johnson & Johnson products, pharmaceuticals and/or cosmetics.