

**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com



**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

August 1, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

> Re: *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
> Case No.: 3:16-md-02738-MAS-RLS

Dear Judge Shipp and Judge Singh:

We write on behalf of the Plaintiffs' Steering Committee (PSC) in response to Defendants' letter of July 31, 2024 (ECF 33042). Defendants take the position that Plaintiffs should not be allowed additional time to identify the case or cases to be consolidated for trial, even though Defendants were granted an extension of time to file dispositive motions until August 23, 2024.[1]

The PSC seeks the same sequence of deadlines that was outlined in the Court's Order of April 30, 2024 and prior orders (ECF No. 32123). In the April 30th Order, the deadline for dispositive motions was July 23, 2024. The PSC's deadline for identifying the case or cases for trial was August 5, 2024, thirteen days later.

---

[1] The PSC apologizes for failing to consider the Court's Order of July 22, 2024 in its filing of July 31, 2024 (ECF 33040).

Hon. Michael A. Shipp, U.S.D.J.<br>
Hon. Rukhsanah L. Singh, U.S.M.<br>
August 1, 2024<br>
Page 2

This sequence of deadlines was agreed to by the parties when the original bellwether scheduling orders were entered in 2021, prior to Defendants' first bankruptcy filing (ECF 22100; ECF 24511). The sequence was agreed to again by the parties when they submitted a largely agreed upon proposed bellwether scheduling order in September 2023, the document that formed the basis for the Court's Order of October 10, 2023 (EDF 28516). Throughout the long process to reach a bellwether trial, the Court's orders have always prescribed that dispositive motions be filed prior to the PSC's selection of the case(s) to be tried.

Requiring the PSC to select the case(s) for the December 3, 2024 trial setting prior to evaluating the legal issues and defenses raised in any dispositive motions is prejudicial to the PSC. It would limit the PSC's ability to effectively evaluate the strengths and weaknesses of the bellwether cases, something that we do not believe the Court contemplated when allowing Defendants additional time.

For these reasons, the PSC seeks an extension of the August 5th deadline to allow the PSC to identify the case(s) to be set for trial on or before **September 5, 2024**. The extension of time will put the parties in the same position outlined in the Court's April 30, 2024 Order.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ P. Leigh O'Dell*            */s/ Michelle A. Parfitt*

P. Leigh O'Dell                  Michelle A. Parfitt

cc:   Susan Sharko, Esq. (via email)