IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILTY LITIGATION | No. 3:16-md-02738-MAS-RLS<br><br>MDL No. 16-2738 (MAS) (RLS) |

**RESPONSE IN OPPOSITION TO DEFENDANTS JOHNSON & JOHNSON AND LLT MANAGEMEN LLC'S MOTION TO COMPEL DEPOSITION TESTIMONY OF PAUL HESS AND FOR SANCTIONS**

Non-party Paul Hess hereby responds to Defendants Johnson & Johnson and LLT Management LLC's Motion to Compel Deposition Testimony of Paul Hess and for Sanctions (Dkt. No. 32993-1).[1] The Court should deny that motion, as Defendants are seeking to exceed the scope of permissible discovery to intimidate and harass Paul Hess, who has already given a five-hour deposition in this case and answered all propounded questions that were within the scope of the discovery permitted by the Court. Counsel for Plaintiffs and Hess properly objected and instructed Hess not to answer questions which were outside the scope of the limitations ordered by the Court.

Due to the Defendants' overreaching, the parties reached out to the Court during Hess's deposition to clarify the scope of the deposition, and the Court stated

---

[1] The Undersigned is counsel for non-party Paul Hess. The undersigned is not an attorney of record in this MDL. The Undersigned requests limited permission to make this special purpose Response in Opposition.

- 1 -

that Hess "is only going to testify about his personal observations."[2] The Court restricted the scope of the deposition to "what Mr. Hess did, his tests, his personal observations. The deposition is not to get Mr. Hess's opinion on what somebody else did or what somebody else opines."[3]

> Counsel, I am persuaded by plaintiffs' argument. Really, this shouldn't be that difficult an issue. The boundaries of this deposition were set forth in the requests and my order. It's just about the tests that he did, how he did it, his observations.
>
> It's just about the tests that he did, how he did it, his observations. He is not there to answer questions about why did they get the result in a 2019 test and a different result in a later test; that's not why he is there.
>
> He is there to talk from his personal observation about the new test; <u>that's it</u>.[4]

Despite these rulings, Johnson & Johnson's counsel repeatedly asked Hess questions beyond his personal observations, e.g., "the purpose of a blue light or a daylight filter," whether "a blue light or daylight filter" was used on an image from an expert report in another case, whether ISO 22262-1 "says anything about using blue or daylight filters," "what reference talc looks like from the USC documents," his opinions on exhibits prepared by the Defendants, his opinion of slides from Dr. Su, his opinion on Dr. Wylie's work, the expected effect of switching to 1.560 oil, the effect of tungsten lighting to the color of images, and what CSDS color he would

---

[2] Deposition of Paul Hess (Dkt. No. 32993-3), p. 44.
[3] *Id.* at p. 36.
[4] *Id.* at p. 41 (Emphasis added).

assign to talc plates not in the report.[5] The objections made at the deposition were proper under Federal Rule of Civil Procedure 30(c)(2), "to enforce a limitation ordered by the court."

Johnson & Johnson and LLT Management's efforts to compel yet another deposition of Hess is part of a pattern of talc defendants abusing discovery to wage war against the opinions of Dr. Longo and to harass and intimidate his employees. This strategy is part of a publicly-announced and coordinated "national defense strategy" to prevent acceptance of Dr. Longo's methods.[6]  Mr. Hess was not there to provide "on the spot" opinions.  He is not a trial witness.  He is a non-party compiling with the Court's request.  The questions about opinions are the exclusive domain of Dr. Longo, not Paul Hess; regardless, Defendants' quasi-Daubert motion masked as a Motion to Compel does not present valid arguments for what information was not asked of Dr. Longo (or could have been asked) about these issues.

Rule 26(b) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

---

[5] Deposition of Paul Hess (Dkt. Nos. 32993-3 and 32993-4), p. 44at pp. 65, 69, 72, 75, 81-82, 84-85, 91, 97, 123-130.
[6] *See, e.g.*, Ed Ulloa, *Altering the Science: Dr. Longo's Creating Evidence of Asbestos Contamination in Cosmetic Talc Products* (2021) (published by the Defense Research Institute at https://www.dri.org/docs/default-source/paper-uploads/2021/19_ulloa_longo-dri.pdf?sfvrs=4).

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[7]

The non-party status of a person to whom discovery is directed "is a significant factor in determining whether the burden imposed by a subpoena is undue."[8] Given that Defendants have already taken Hess's deposition and went beyond the limitations imposed by the Court (Hess's personal observations), an additional deposition is not warranted, would impose an undue burden, and would continue the Defendants' harassment and intimidation of Dr. Longo's employees. Hess also adopts and incorporates by reference the Plaintiffs' response to the motion to compel and for sanctions.

It appears that Defendants had no intention of deposing Mr. Hess until it became aware of a Georgia State Court order in *Streck v. Johnson & Johnson*, which addressed a different product, despite the case style. That state court did not identify any exceptional circumstances, the decision was appealed, the manufacturer-

---

[7] FED. R. CIV. P. 26(b)(1).

[8] *Aeritas, LLC v. Delta Airlines, Inc.,* No. 1:13-CV-00346-RWS-WEJ, 2013 U.S. Dist. LEXIS 22654, at *5 (N.D. Ga. Feb. 7, 2013) (citation and punctuation omitted). *See also* Doc. 1-1, pp. 8-9. See also *United States v. 36695* Clarita, No. 15-12679,2015 U.S. Dist. LEXIS 143429, 2015 WL 6437214, at *2 (E.D. Mich. 2015); *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D. D.C. 2005).

movant withdrew the subpoena, and Hess's deposition never took place.[9]

Importantly, the MDL court was not aware that Hess was never deposed in *Streck*. The fact that Cobb Superior Court issued a certificate of immediate review, a subsequent appeal was briefed, and the subsequent withdrawal of the subpoena was not shared with the MDL court until after the undersigned counsel was asked to participate in an informal telephone conference after the entry of the MDL order. To be clear, Hess was never deposed as a result of the *Streck* order.

For the foregoing reasons and those set forth in Plaintiffs' response, the Court should deny the motion to compel and for sanctions.

Respectfully submitted,

|  |  |
|---|---|
| 200 Ashford Center North<br>Suite 500<br>Atlanta, GA  30338-2680<br>Tel:  (770) 391-9100<br>Fax: (770) 668-0878<br>cmm@boviskyle.com<br>eludwig@boviskyle.com<br>rbryant@boviskyle.com | **Bovis, Kyle, Burch & Medlin, LLC**<br>Charles M. Medlin<br>Georgia Bar No. 500688<br>/s/ Eric A. Ludwig<br>Georgia Bar No. 076224<br>/s/ W. Randal Bryant<br>Georgia Bar No. 092039<br>*Counsel for Paul Hess* |

---

[9] *See,* Chattem Inc.'s Notice of Withdrawal of Subpoena (attached as Exhibit A); *See also,* Georgia Court of Appeals docket, Case A24A0741 (https://www.gaappeals.us/wpcontent/themes/benjamin/docket/results_one_record .php?docr_case_num=A24A0741).

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, a true and correct copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Eric A. Ludwig
Ga. State Bar No. 076224