| | |
|---|---|
| In Re Johnson & Johnson Talcum Powder Product Marketing Sales Practices and Products Liability Litigation | Case No. 3:16-md-2738-MAS-RLS<br><br>CIVIL ACTION<br><br>**Declaration of Allen Smith** |

Allen Smith of full age hereby declares:

1. I am an attorney at law admitted to practice in the State of Mississippi.

2. I am the principal and founder of The Smith Law Firm, PLLC, and, in that capacity, I am familiar with the facts set forth in this Declaration.

3. On May 23, 2024, The Smith Law Firm, PLLC, was served with a subpoena attached as Exhibit A.

4. The Smith Law Firm, PLLC is a Mississippi based law firm that is neither a party in the above captioned matter nor counsel of record to any party in this matter.

5. Neither The Smith Law Firm, PLLC nor I has any connection with the Plaintiff in this matter, Ms. Barbara Ross, or with her attorneys and neither my law firm nor I is counsel of record in any case pending before this Court.

6. Neither I nor my firm is a resident of New Jersey. The States of New York and New Jersey are more than 100 miles from where I reside or my law firm

is resident. Neither my law firm nor I is employed or regularly transacts business in person within 100 miles from the States of New York or New Jersey.

Pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

_____
Allen Smith

Dated: June 3, 2024

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

*Rush*

*M.S.*

| | |
|---|---|
| In Re Johnson & Johnson Talcum Powder Product Marketing, Sales Practices, and Products Liability Litigation | Civil Action No. 3:16-md-02738-MAS-RLS |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

*300 Concourse Ste 104*

To: The Smith Law Firm PLLC, Attn: Allen Smith, 681 Towne Center Boulevard, Suite B, Ridgeland, MS 39157

*(Name of person to whom this subpoena is directed)*

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A for a List of documents to be produced.

| Place: King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036 | Date and Time:<br>10 days from date of service of this subpoena |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | **Date and Time:** |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached–Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/21/2024

CLERK OF COURT

OR

_____     /s/ Kristen Fournier
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Johnson & Johnson and LLT Management, LLC , who issues or requests this subpoena, are: Kristen Renee Fournier, King & Spalding LLP, 1185 Ave. of the Americas, New York, NY 10036

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:16-md-02738-FLW-LHG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

**EXHIBIT A – SUBPOENA TO THE BEASLEY ALLEN LAW FIRM**

TO:  The Smith Law Firm, PLLC
     Attn: Allen Smith
     681 Towne Center Boulevard, Suite B
     Ridgeland, MS 39157

PLEASE TAKE NOTICE that pursuant to Rules 30, 34, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, Johnson & Johnson and LLT Management LLC, by and through counsel, hereby commands The Smith Law Firm, PLLC, including any co-counsel representing claims asserted or that may be asserted in the above-captioned matter (hereinafter "You") to produce any and all documents and/or information in its possession, custody, and control responsive to the requests in schedule a, *infra*, within 10 days of the date of service of this subpoena at the address below:

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036

Dated: May 21, 2024

Respectfully Submitted,

/s/ *Kristen Renee Fournier*
Kristen Renee Fournier
King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
(212) 790-5342
kfournier@kslaw.com

**Counsel for Defendants Johnson & Johnson and LLT Management LLC**

2

## DEFINITIONS

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Civil Rules for the District of New Jersey are hereby incorporated and apply to the Subpoena to Produce Documents, Information or Objects (the "Requests"). In addition, the following definitions apply to the Requests:

1. The term "Agreement" shall mean and include every manner or means of contract, arrangement, understanding, bargain or other meeting of the minds, in any form whether written or oral.

2. The term "Claimant" means litigants or potential litigants in the Cosmetic Talcum Powder Litigation.

3. The term "Communication(s)" and/or "Correspondence" shall mean and include every manner or means of correspondence, disclosure, transfer, or exchange, and every correspondence, disclosure, transfer or exchange of information, whether orally, electronically or by documents, or whether face-to-face, by telephone, mail, email, text messaging, instant messaging, facsimile, personal delivery, overnight delivery, or otherwise.

4. The term "concerning" means referring to, relating to, describing, regarding, evidencing, or constituting; and each such term shall be deemed synonymous to the others where used herein.

5. As used herein, the terms "You," And "Your" shall refer to The Smith Law Firm, PLLC, Allen Smith, and any Person or entity acting on their behalf, including directors, officers, employees, attorneys and agents.

6. "Documents" and "Documentation" means paper and electronic writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which

3

information can be obtained and translated through electronic means. If a document was prepared in several copies and if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever, including notations on the front or back of any pages thereof, then each such copy must be produced. Consistent with the above definition, the term document shall include, without limitation, any computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

7. The term "Date" means exact day, month and year, if ascertainable, or the best available approximations, including any relationship to other known events (designate whether exact or approximate).

8. The term "Employee" includes, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, independent contractor, and/or other person who is or was employed by you or who provided services to you under an independent contractor arrangement.

9. The terms "Fund" or "Funding" as used herein is the provision of any Remuneration or any Third Party Funding.

10. The term "Identify," when used in reference to a document, means to state the title of the document, its date, its author, its serial or identification number (if any), and its Bates number (if previously produced in the Litigation).

11. The term "Identify," when used in reference to an object, means to state the generic and proprietary name of the object, its version or edition (if applicable), title of the document, its

date, its author, its serial or identification number (if any), and the date it was created (if available) with sufficient specificity so that the object (or a reasonable facsimile of it) can be positively identified.

12. As used herein, the term "Identify" as used with respect to the identification of a Person calls for the following information: the full name of the Person; the name of the Person's employer and job title; if the Person is other than a natural person, a description of the nature of the entity; the Person's last known business address and telephone number; and the Person's last known home address, email address and telephone number.

13. The term "Person" refers to any and every natural individual, firm, agency, organization, association, partnership, joint venture, corporation, public entity or any other kind of business, legal or governmental entity or association and any and every other identifiable entity.

14. The "Proposed Plan of Reorganization" refers to the plan for Resolution of certain claims in the Cosmetic Talcum Powder Litigation announced by LLT Management on May 1, 2024.

15. The use of the singular herein shall be deemed to include the plural and vice versa; and the use of one gender shall include the other, as appropriate in the context. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

17. "Related to," or "regarding," mean, without limitation, concern, discuss, describe, reference, allude to, contain, list, evidence, mention, reflect, deal with, pertain to, analyze, evaluate, estimate, explain, constitute, study, survey, project, assess, record, summarize, criticize,

report, comment, or otherwise involve, in whole or in part.

18. "Remuneration" means to pay, loan convey, compensate, satisfy, reimburse, indemnify, or otherwise compensate whether through money or any other financial incentive or benefit.

19. 24. The term "Third Party Funding" relates to any benefit received from any Person that is not a party to the above-captioned matter to solicit, procure, aggregate or pursue, or that provides support for, or incentive to continue, the Litigation. This includes, without limitation providing funding for some or all of the costs of soliciting, procuring, aggregating and/or pursuing recovery related to the claims advanced in the Litigation in exchange for a) any financial interest in the outcome of this or other Litigation; or b) the repayment of any loan or other financing secured or collateralized in whole or in part by any the claims advanced or recoveries obtained in connection with this Litigation; or c) a non-monetary result. See Local Rule 7.1.1. For example, Third Party Funding includes (but is not limited to) any Funding received from Fortress Investment Group, LLC (d/b/a FIG LLC) ("Fortress") or any other entity to whom Fortress transferred, syndicated or factored its financing, as well as Ellington Management Group ("Ellington") or any other entity to whom Ellington transferred, syndicated or factored its financing, in connection with the above-captioned action, including (but not limited to) the Funding Andy Birchfield testified to on April 17, 2023.

20. The term "Litigation" as used herein, refers to any conduct or action taken in furtherance of the Cosmetic Talcum Powder Litigation and/or the Bankruptcy Proceedings.

21. The term "Bankruptcy Proceedings" as used herein include the Chapter 11 Filings from LLT Management (Case No. 21-30589 and Case No. 23-12825).

22. The term "Cosmetic Talcum Powder Litigation," includes, without limitation, any

6

claims concerning Johnson & Johnson's talcum powder products filed or contemplated against the Defendants, regardless of the underlying injury or disease alleged. The term "Cosmetic Talcum Powder Litigation" also includes the above-captioned matter including both individual cases filed within the action as well as the multi-district litigation matter IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION as a whole.

## INSTRUCTIONS

The following instructions are incorporated in and apply to each of the categories of Requests below:

1. You are requested to furnish all information in your possession, custody, or control, regardless of whether such information is possessed directly by You or your agents, Your attorneys or their agents, or anyone else acting on Your behalf.

2. If You are unable to provide information in response to any Request, or cannot produce the requested information in full, so state and indicate whether the information ever existed or whether the information once existed but cannot be located and/or the reasons for Your inability to make a complete production. If any information once was, but is no longer, in Your possession, custody or control, state the whereabouts of such information when last in Your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent any information has been lost or destroyed, produce any documents that support Your assertion that the information was lost or destroyed, and provide the date thereof. The terms defined above and in the Requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure and the Local Civil Rules.

3. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual constructions will serve to bring within the scope of these Requests any documents that would otherwise not be brought within its scope.

4. The use of the singular form of any word includes the plural, and vice versa.

5. These Requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You obtain or discover additional information called for by the Requests between the time of the original response and the time set for trial.

6. If You withhold any information responsive to these Requests based upon any privilege, provide the following for each piece of information withheld:

   a. the type of information withheld;

   b. the general subject matter of the information withheld;

   c. the creation date of the information withheld;

   d. the author(s) of the information and their title(s); the recipient(s) of the information and their title(s); and

   e. the basis for withholding such information.

7. With respect to each Document required to be identified by these Requests to which a claim of privilege is asserted, separately state the following:

   a. The type of document (*e.g.*, letter, memorandum, note, etc.);

   b. Its date;

   c. The name, business address and present position of its author(s);

   d. The position of its author(s) at the time the document was prepared;

   e. The name, business address and present position of its addressee(s) and all other recipients of the document;

8

      f.    The position of its addressee(s) and all other recipients at the time the document was prepared and at the time it was received;

      g.    A general description of the subject of the document;

      h.    The basis of the claim of privilege; and

      i.    If the basis for the claim of privilege is the work product doctrine, identify the proceeding for which the document was prepared.

8.    Failure to properly identify any withheld Documents may result in a waiver of any right to later assert privilege.

9.    This Request imposes a continuing obligation upon you. If after producing Documents or information responsive to this Demand additional information or Documents become available to you, you are required to produce such additional Documents or information.

10.    All documents are to be produced in accordance with Case Management Order No. 5 (Protocol for Production of Document and ESI), attached hereto.

11.    Unless otherwise indicated, the "relevant period" for the information sought is 2015 to the present.

## DOCUMENTS TO BE PRODUCED

1. All Documents or Communications that reflect or relate to any Funding and/or Third Party Funding You received concerning the Cosmetic Talcum Powder Litigation, and/or claims that have or may be asserted therein, including when the funding first began and on what terms.

2. All Documents or Communications that reflect or relate to any Funding and/or Third-Party Funding You have received in any way related to the Litigation and/or claims that have or may be asserted therein, including, without limitation, any Documents or Communications that relate to Funding and/or Third Party Funding received from Fortress or Ellington.

3. All Agreements You have entered into with any Person to provide You with Funding or Third Party Funding in any way related to the Litigation, and/or claims that have or may be asserted therein including, without limitation, any Agreements with Fortress or Ellington.

4. All Documents, Communications, or Agreements that concern how much Remuneration You have received in Funding or Third-Party Funding in any way related to the Litigation, and/or claims that have or may be asserted therein including, without limitation, any Documents, Communications or Agreements that relate to Funding received from Fortress or Ellington.

5. All Documents, Communications, or Agreements that concern the conveyance, sale, syndication, factoring or other transfer of Funding or Third-Party Funding You have received that relates, in any way, to the Litigation and/or claims that have or may be asserted therein.

6. All Documents, Communications, or Agreements that concerning the authority to settle or otherwise resolve the Litigation and/or claims that have or may be asserted therein.

7.      All Communications You have had with any Person who is not a party to this action, including news organizations like Thomson Reuters, or with Fortress or Ellington or other entities that provide Funding or Third Party Funding, related to the Proposed Plan of Reorganization and the solicitation of personal injury Plaintiffs regarding same.

8.      All Communications You have had with any Person who is not a party to this action, including news organizations like Thomson Reuters, or with Fortress or Ellington or other entities that provide Funding or Third Party Funding, related to settlement offers made to You by Defendants in connection with the Litigation.