UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) |

**SPECIAL MASTER ORDER NO. 26**
**(DECIDING MOTION TO COMPEL HESS DEPOSITION TESTIMONY)**

This matter is before the Special Master ("SM") on defendants' "Motion to Compel Deposition Testimony of Paul Hess and for Sanctions." [Dkt. No. 32993]. The SM received plaintiffs' response, defendants' reply, and recently held oral argument. For the reasons to be discussed defendants' motion is granted in part and denied in part.

## BACKGROUND

On June 12, 2024 Special Master Order No. 23 was entered denying plaintiffs' Motion to Quash or for Protective Order Regarding Subpoena Directed at Paul Hess. [Dkt. No. 32812]. Hess is a non-testifying expert and a longtime employee of Material Analytical Services ("MAS"), a testing company owned in substantial part by plaintiffs' testimonial expert, Dr. William Longo. Longo opines that MAS's tests identified asbestos in defendants' talc products. Hess is important because he is the analyst who conducted the PLM tests that support Longo's opinions. Hess was deposed on July 10, 2024. Defendants seek to compel Hess to answer the questions he was instructed not to answer.

At the outset of Hess's deposition the parties contacted the SM to address their dispute regarding the proper scope of defendants' questioning. The SM heard argument, decided the dispute, and placed its ruling on the record. After the ruling the parties continued to dispute the guideposts the SM set for Hess's questioning. This resulted in plaintiffs' counsel instructing

6590278v1

Hess not to answer numerous questions. Plaintiffs argue their instructions were proper since the objected to questions were designed to elicit out of bounds testimony. Defendants argue their questions were proper since they addressed issues within the scope of the SM's directions.

**DISCUSSION**

The SM's June 12 Order and July 10 ruling (see Motion, Exhibit A (Transcript of Hess Deposition) ("Exh. A") at 28:15 to 45:13) set the parameters for Hess's testimony. Since Hess was not designated to testify as an expert at trial, the SM did not authorize Hess to be deposed as if he were a testimonial expert. Although Hess is likely to qualify as a microscopist expert in polarized light microscopy, this does not mean the SM authorized Hess to be deposed in this capacity.[1] Instead, the SM ruled that Hess's deposition was authorized to fill in the factual gaps in Longo's testimony. As the SM noted, "defendants have demonstrated why Longo does not provide all the answers to their inquiries and, thus, why Hess's deposition is necessary. … Hess, therefore, is likely to provide missing answers." Order at 3-4. Further, the SM made it clear that Hess's deposition should only cover his firsthand or personal knowledge about the tests at issue in Longo's expert reports. Thus, hypothetical questions are off-limits. So too are questions asking Hess to compare test results. The parameters set by the SM are evident from the language in the June 12 Order where the SM indicated that only Hess's "firsthand knowledge" is fair game for questioning. The SM wrote: "[d]efendants should have an opportunity to hear from the MAS expert with firsthand knowledge (i.e., Hess) of what was done." id. at 4; "Hess has firsthand knowledge directly relevant to the critical issue of whether defendants' products contained asbestos." id. at 5; and, "Hess has important firsthand

---

[1] According to plaintiffs, Hess's involvement involves the analysis of the material and documenting the structures of interest on bench sheets, photomicrographs, etc. Plaintiffs' Opposition at 4 n.4.

information relevant to a crucial issue in the case that may not be obtained from another source." Id. at 5.

Although the SM believes its June 12 Order was clear, the colloquy at the start of Hess's July 10 deposition should have been instructive. As the SM noted:

> Mr. Hess is there to testify about his firsthand knowledge about… this new testing method [.] … [The deposition] was not permitted to go over ground that was covered previously in the case[.]

Exh. A at 36:15-21. The SM also ruled:

> The purpose of this deposition is to ask [Hess] about his personal observations regarding the new test[s]; that's what was in the defendant's [motion] papers. They didn't say anything about asking him to compare old to new.

Id. at 43:13-17; see also id. at 41:6-14 ("[The deposition is] just about the tests that he did, how he did it, his observations. He is not there to answer questions about why did they get the result in a 2019 test and a different result in a later test; that's not why he is there. He is there to talk from his personal observation[s] about the new test[s]; that's it."); id. at 36:12-14 ("The deposition is not to get Mr. Hess' opinion on what somebody else did or what somebody else opines"); and, id. at 39:12-13 ("Ask [Hess] about his tests and what he did and how he did it."). To the extent "how and why" questions fit into these parameters they are permitted.

Thus, given the SM's June 12 Order and July 10 ruling the parameters of Hess's deposition are apparent. Hess may only be questioned about his personal or firsthand knowledge regarding the tests Longo relied upon in his expert reports.[2] Further, Hess's questioning may elicit the factual testimony concerning the relevant tests that Longo could not address. As already emphasized, Hess's deposition was not authorized to permit Hess to be deposed as if he

---

[2] At oral argument the parties agreed these are the tests listed in Tables 1-7 in Longo's "4th Supplemental MDL Report." See Motion, Exhibit D.

-3-

6590278v1

were a testimonial expert.  Also, Hess's deposition was not approved for him to answer hypothetical questions or to comment on defendants' expert reports.  If appropriate, questions of this ilk should be directed to Longo.

In addition, the SM notes that plaintiffs are mistaken if they believe the appropriate demarcation line to use regarding Hess's testimony is whether he offers an "expert opinion."  One reason is because due to Hess's expertise and training the line between his lay and expert opinion is not clear.  See Asplundh Mfg., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng.'g, 57 F.3d 1190, 1201-02 (3rd Cir. 1995) ("A lay witness with firsthand knowledge can offer an opinion akin to expert testimony in most cases.").  The second reason is because the June 12 Order and July 10 ruling set the parameters for Hess's deposition.

With the explanation in this Order, the attached chart contains the SM's rulings on plaintiffs' objections.

Last, defendants' request for sanctions is denied.  This is so because plaintiffs' counsel followed the SM's instruction when they directed Hess not to answer questions to which they objected.  (This includes any request for monetary or striking of testimony sanctions.).  The SM stated on the record, "[i]f the [plaintiffs] think the questioning is going out of [the SM's] boundaries, instruct the witness not to answer.  We'll look at the transcript and we'll make a ruling on a more fulsome record[.]"  Id. at 43:18-22.  Plaintiffs' directions to Hess not to answer questions to which ey objected were "substantially justified" given the SM's instruction.  In fairness, however, defendants should not have to incur the direct costs associated with Hess's continued deposition.  Plaintiffs will be ordered to pay any necessary witness, court reporter and transcript fees associated with Hess's continued questioning.[3]

---

[3] To the extent defendants ask the SM to reverse its prior rulings, the request is denied.

6590278v1

**CONCLUSION**

For all the reasons stated herein it will be ordered that defendants' motion is granted in part and denied in part.[4]

**ORDER**

The SM having considered defendants' motion, plaintiffs' opposition, and defendants' reply, and oral argument having been conducted, it is hereby ORDERED this 6th day of August, 2024, that defendants' motion to compel deposition testimony from Hess is GRANTED in part and DENIED in part in accordance with the rulings on the chart attached hereto and incorporated herein; and it is further

ORDERED that if Hess's deposition continues, the parties shall meet and confer about a convenient date and time.  The SM shall be contacted if a dispute exists; and it is further

ORDERED that defendants' request for monetary or preclusive sanctions is DENIED. However, plaintiffs shall incur the cost of the court reporter and transcript, as well as any witness fee, on account of Hess's continued deposition.

By: *s/ Joel Schneider*
Judge Joel Schneider (Ret.)
Special Master

Dated:  August 6, 2024

---

[4] To be clear, the SM is not weighing in on whether Longo's testimony should be limited or barred based on defendants' argument that his opinions are misleading, evasive, incomplete, etc.  This is an issue for the trial judge to decide.

6590278v1

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) |
|---|---|

RULINGS ON PLAINTIFFS' INSTRUCTIONS TO
HESS NOT TO ANSWER QUESTIONS AT HIS DEPOSITION

| No. | Page/Line | Ruling |
|---|---|---|
| 1 | Page 53:17-54:15 | Objection sustained. |
| 2 | Page 54:17-55:25 | Objection sustained but witness shall answer what color are the particles that you are calling Chrysotile in Tables 1-7 of Longo's report. |
| 3 | Page 58:23-60:4 | Objection overruled. |
| 4 | Page 65:17-66:1 | Objection sustained but witness shall answer with regard to the relevant tests did you use a blue light or daylight filter and why. Witness may also be asked what were the microscope's settings. |
| 5 | Page 66:2-67:5 | Objection sustained. |
| 6 | Page 69:3-17 | Objection sustained but witness shall answer the question at 69:6-8 with regard to the relevant tests. |
| 7 | Page 70:6-71:21 | Objection sustained. |
| 8 | Page 72:18-73:5 | Objection sustained. |
| 9 | Page 76:5-16 | Objection sustained. |
| 10 | Page 76:19-78:9 | Moot. Question answered. |
| 11 | Page 78:10-79:11 | Moot. Question answered. |
| 12 | Page 81:16-82:9 | Objection sustained. |
| 13 | Page 84:8-25 | Objection sustained. |
| 14 | Page 85:2-86:9 | Objection sustained. |
| 15 | Page 90:24-91:12 | Objection sustained. |
| 16 | Page 93:19-96:19 | Objection sustained but witness shall answer with regard to the relevant tests (and if used) did the tungsten lamp add darker golden colors or orange colors to the image. |

| No. | Page/Line | Ruling |
|---|---|---|
| 17 | Page 97:19-98:3 | Objection sustained but witness shall answer with regard to the relevant tests (and if used) whether tungsten lighting is adding golden colors and more orange color to the images. |
| 18 | Page 103:5-15 | Objection sustained. |
| 19 | Page 109:19-110:6 | Objection sustained. |
| 20 | Page 110:16-112:15 | Objection sustained. |
| 21 | Page 112:18-113:18 | Objection sustained. |
| 22 | Page 123:4-124:24 | Objection overruled but only if the question is directed to a relevant test. |
| 23 | Page 125:21-126:6 | Objection overruled. |
| 24 | Page 126:8-127:3 | Objection overruled. |
| 25 | Page 128:3-129:2 | Objection overruled. |
| 26 | Page 129:10-130:5 | Objection overruled. |
| 27 | Page 136:5-18 | Objection overruled. |
| 28 | Page 137:25-138:22 | Objection sustained. |
| 29 | Page 138:24-139:8 | Objection sustained. |
| 30 | Page 140:21-141:13 | Objection sustained. |
| 31 | Page 143:11-25 | Objection overruled but only if question addresses the Valedez report. |
| 32 | Page 147-24-149:12 | Objection sustained but witness shall answer with regard to the tests at issue what were the illumination settings. Witness may also be asked if he used maximum illumination settings. |
| 33 | Page 149:14:150:9 | Objection sustained. |
| 34 | Page 153:23-155:5 | Objection sustained. |
| 35 | Page 158:19-25 | Objection sustained. |
| 36 | Page 159:15-25 | Objection sustained. |
| 37 | Page 164:16-165:4 | Objection sustained. |
| 38 | Page 167:2-22 | Objection sustained but witness shall answer with regard to the relevant tests is what you are identifying as Chrysotile in J&J have magenta in parallel and blue in perpendicular. |
| 39 | Page 174:2-176:3 | Objection sustained. |
| 40 | Page 178:6-179:7 | Objection sustained. |

6590278v1