

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
973-549-7350 direct

**Faegre Drinker Biddle & Reath LLP**
600 Campus Drive
Florham Park, New Jersey  07932
+1 973 549 7000 main
+1 973 360 9831 fax

*Via ECF*

August 14, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

> Re:   *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation - MDL 2738*

Dear Magistrate Judge Singh:

The Johnson & Johnson Defendants submit the enclosed Order to Show Cause why cases listed on the attached **Exhibit A** should not be dismissed with prejudice for their failure to either file a Notice of Inability to Substitute ("NIS") (using the form attached as Exhibit A to the Court's May 15, 2024 Order Regarding CMO 9 Notices (ECF 32181)), move to substitute a proper party plaintiff, or file an amended complaint by July 12, 2024 pursuant to Paragraphs 2 and 3 of the Court's May 15, 2024 Order Regarding CMO 9 Notices (ECF 32181).

On September 1, 2023, this Court issued Case Management Order 9 (ECF 27293), which required all cases involving a deceased Plaintiff as of that date to either file a motion to substitute the proper party plaintiff or submit a notice explaining why substitution could not be made within 180 days (by February 28, 2024). Consequently, over 900 cases submitted notices ("CMO 9 Notices") indicating that the proper party plaintiff could not be substituted at that time (*See* Defendants' Omnibus Response to CMO 9 Notices (ECF 29283), which includes a list of the cases that filed CMO 9 Notices). However, many of these CMO 9 Notices lacked sufficient detail, making it difficult for Defendants to assess whether Plaintiffs were making adequate efforts to substitute the deceased Plaintiff.

After respective submissions by the parties to address the issue of information supplied in the CMO 9 Notices, the parties met and conferred and jointly submitted a

proposed order outlining a process for Plaintiffs to either file an NIS (attached as Exhibit A to the proposed order), amend the complaint to substitute a proper party plaintiff, or move to substitute a proper party plaintiff by July 12, 2024 (ECF 32175).  The Court entered that Order ("Order Regarding CMO 9 Notices) on May 15, 2024 (ECF 32181).

The Court's Order Regarding CMO 9 Notices is clear. Cases in which the Plaintiff was deceased as of September 1, 2023, were given until July 12, 2024, to comply with the directives outlined in the Order or face an Order to Show Cause why their case should not be dismissed with prejudice. (*See* Order Regarding CMO 9 Notices (ECF 32181)). The cases listed in **Exhibit A**, attached hereto, filed CMO 9 Notices (indicating that the Plaintiff was deceased as of September 1, 2023, but no proper party plaintiff had been substituted) but failed to file a NIS, amend the complaint to substitute the proper party plaintiff, or move to amend the complaint by the July 12, 2024, deadline. Given the non-compliance of the cases listed in **Exhibit A** with the Court's Order, the Court should issue the enclosed Order to Show Cause.

The Court should not hesitate to order the Plaintiffs listed on **Exhibit A** to show cause why their case should not be dismissed with prejudice. In the event a Plaintiff fails to show cause, and her case is dismissed with prejudice, Fed. R. Civ. P. 60(b) provides an avenue of relief should the circumstances surrounding the failure to comply with the Court's Order justify reversal of the dismissal.  There is simply no reason to permit Plaintiffs any additional time to comply with the Order Regarding CMO 9 Notices in light of the safety net provided by Rule 60.

Accordingly, Defendants respectfully request Your Honor enter the attached Order to Show Cause and dismiss any matter, with prejudice, which fails to show cause why their case should not be dismissed for their continued and blatant failure to abide by the Court's Order Regarding CMO 9 Notices.

Thank you for your consideration of these matters.

Respectfully,

/s/ *Susan M. Sharko*
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**

*Attorneys for Defendants*
*Johnson & Johnson and*
*LLT Management, LLC*

Hon. Rukhsanah L. Singh, U.S. Magistrate Judge
August 14, 2024
Page 2

SMS/scg

Encl: (1)

Cc: Leigh O'Dell, Esq. (via email)
    Michelle Parfitt, Esq. (via email)
    All counsel of record (via ECF)