# EXHIBIT 9

```
                                                          Page 1
 1           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
 2

 3

 4     _____

       IN RE JOHNSON & JOHNSON        )
 5     TALCUM POWDER PRODUCTS         )MDL NO.
       MARKETING, SALES PRACTICES AND)16-2738 MAS RLS
 6     PRODUCTS LIABILITY LITIGATION )
       _____)
 7

 8

 9

10

11

12

13         DEPOSITION OF MICHELE L. COTE, PH.D., M.P.H.

14

15

16

17           The deposition upon oral examination of
18     MICHELE L. COTE, PH.D., M.P.H., a witness produced
19     and sworn before Wendi Kramer Sulkoske, Notary Public
20     in and for the County of Boone, State of Indiana,
21     taken on behalf of the Defendant at Faegre Drinker
22     Biddle & Reath, 300 North Meridian Street, Suite
23     2500, Indianapolis, Marion County, Indiana on March
24     21, 2024, pursuant to the Applicable Rules of
25     Procedure.
```

```
                                                         Page 110

 1   A    No, not that I'm aware of.
 2   Q    You are not an oncologist, correct?
 3   A    Correct.  I am not an oncologist.
 4   Q    You are not a cell biologist or cancer biologist,
 5        correct?
 6   A    I am not trained in cancer biology, no.  But I
 7        spent about twenty years in the cancer biology, it
 8        was not a department, but we were a training
 9        faculty for cancer biology students.
10             So I do feel like I have a good, but perhaps
11        not expert grasp of cancer biology.
12   Q    And we talked earlier today about the in vitro
13        studies, correct?
14   A    Correct.
15   Q    And your testimony on that from this morning
16        remains?
17   A    Correct.  I do not do in vitro work in my own
18        laboratory.
19   Q    Do you agree that prior to offering an expert
20        opinion on a particular topic that an expert
21        should be expected to conduct a comprehensive
22        review of the evidence on that topic?
23             MS. PARFITT:  Objection.  Form.
24   A    Can you restate that question?
25   Q    Sure.  As a scientist like yourself,
```

```
                                                          Page 111

 1        methodologically before offering an opinion on a
 2        specific topic, do you agree that you should do a
 3        comprehensive review of the medical and scientific
 4        literature on that topic?
 5    A   I agree that a comprehensive review should be
 6        undertaken before entering an opinion, yes.
 7    Q   For purposes of the report and your opinions in
 8        this litigation, did you do a comprehensive review
 9        for medical and scientific evidence on the alleged
10        presence of heavy metals in talc powers?
11    A   I did not do a systematic review of heavy metal in
12        talc powder.
13    Q   And related to that, did you do a systematic or a
14        comprehensive review on the alleged
15        carcinogenicity of heavy metals in talcum powders?
16    A   No, I did not do a systematic review.
17    Q   Did you do a comprehensive review on the alleged
18        relationship between heavy metals and ovarian
19        cancer?
20    A   No, I did not do a comprehensive systematic review
21        regarding heavy metals and ovarian cancer.
22    Q   Did you do a comprehensive review for medical or
23        scientific evidence on the alleged presence or
24        carcinogenicity of chemicals in talcum powder
25        fragrances?
```

```
                                                          Page 112
 1    A    No, I did not do a comprehensive review on
 2         fragrances or heavy metals.
 3    Q    Did you do a comprehensive review of the medical
 4         and scientific literature on the alleged presence
 5         of asbestos and related elements in talcum
 6         powders?
 7               MS. PARFITT:  Objection.
 8    A    I did not do a review specifically of asbestos.  I
 9         certainly reviewed comprehensive reports by, for
10         example, IARC that included asbestos as their main
11         exposure of interest.
12    Q    Just to be more precise, did you do a
13         comprehensive review of evidence related to the
14         alleged presence of asbestos in talcum powders?
15    A    No, I did not do a comprehensive systematic
16         review.
17    Q    Did you do a comprehensive review of the alleged
18         presence of fibrous talc in talcum powders?
19               MS. PARFITT:  Objection.
20    A    Again, I read a lot of literature about fibrous
21         talc.  But I did not do a comprehensive systematic
22         review like I did for the epidemiologic studies.
23    Q    And for the epidemiologic studies on talc and
24         ovarian cancer, correct?
25    A    Yes.  It was talc as a whole.  It was not the
```

```
 1      components.  It was whatever was in the bottles or
 2      containers of talc that the women were using.
 3   Q  Did you do a comprehensive review of the actual
 4      underlying articles on the alleged association or
 5      relationship between asbestos and ovarian cancer?
 6              MS. PARFITT:  Objection.  Form.
 7   A  No, I did not do my own individual review of the
 8      articles going back to the literature.
 9          For example, like what was cited in IARC, for
10      example, I did not do that.
11   Q  I understand from your report you looked at IARC
12      2012, correct?
13   A  There were two others as well.
14   Q  Understood.  For purposes of asbestos you are
15      referring to having reviewed IARC 2012, is that
16      right?
17              MS. PARFITT:  Objection.  Objection.
18              MR. JAMES:  I will just withdraw the
19      question.
20   Q  Before being retained in the litigation what was
21      your opinion on the relationship between talc and
22      ovarian cancer?
23   A  Before being retained?  So based on the paper that
24      we published in 2016, which I, myself, at that
25      time did not perform a systematic review, but it
```