# Exhibit 27

State Court of Fulton County
**E-FILED**
16EV005534
3/26/2019 2:04 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANASTASIA BROWER, a minor, through her )
legal guardian PAMELA RUSSELL, and )
PAMELA RUSSELL, as the Executrix of the )
Estate of Diane Brower, deceased, )
     Plaintiff, )
                     )     CIVIL ACTION FILE
v. )     NO. 16-EV-005534-E
                     )
JOHNSON & JOHNSON, INC.; JOHNSON & )
JOHNSON CONSUMER COMPANIES, INC.; )
and IMERYS TALC AMERICA, INC., )
     Defendants. )

## ORDER ON JOHNSON DEFENDANTS' MOTIONS TO EXCLUDE THE TESTIMONY OF DR. JAMES BARTER, DR. LAURA PLUNKETT, AND DR. JOHN GODLESKI

The matter is before the Court on Defendant Johnson & Johnson, Inc., and Johnson & Johnson Consumer Companies, Inc.'s ("Johnson Defendants'") motions to exclude the expert testimony of various witnesses, filed on October 30, 2019.[1] Plaintiff filed responses in opposition to the motions to exclude on November 29, 2018.

### The *Daubert* Standard

Trial courts act as gatekeepers in assessing an expert witness' qualifications to testify and the relevancy and reliability of that expert's testimony. Kumho Tire Co. v. Carmicheal, 526 U.S. 137, 141 (1999). Motions to exclude testimony of an expert witness are properly granted "where there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." Shiver v. Ga. & Fla. Railnet, Inc., 287 Ga. App. 828, 829 (2007) (quoting Gwinnett Co. v. Howington, 280 Ga. App. 347 (2006)). Expert scientific or technical testimony is admissible only if it is both relevant and reliable. Kumho Tire Co., at 137. The test for determining the reliability of expert testimony is flexible and the *Daubert* factors, such as testing, peer review, error rates, and

---

[1] While the motion was filed by the Defendants, Defendant Imerys Talc America, Inc., filed a notice of bankruptcy on February 13, 2019 and this Court entered an order reserving rulings on all pending motions filed by Defendant Imerys Talc America, Inc.

acceptability within relevant scientific or technical communities, "neither necessarily nor exclusively appl[y] to all experts or in every case." Id., at 142.

The determination of whether a witness is qualified to render an opinion as an expert is a legal determination for the trial court and is not disturbed by reviewing courts absent an abuse of discretion. HNTB Ga., Inc., v. Hamilton-King, 287 Ga. 641, 642 (2010); Yount v. State, 249 Ga. App. 563, 565 (2001). In considering the admissibility of expert testimony, a trial court should first consider whether the factors are reasonable measures of reliability in a given case before evaluating proffered expert testimony. Kumho Tire Co., at 152. The Georgia Court of Appeals has identified the "two methods by which [a] plaintiff in a chemical exposure case may show specific causation in a manner that satisfies the *Daubert* standard: (1) 'dose/response relationship' or 'threshold phenomenon;' and (2) 'differential diagnosis.'" Shiver v. Ga. & Fla. Railnet, Inc., 287 Ga. App. 828 (2007)(quoting Hardyman v. Norfolk & Western R. Co., 243 F3d 225, 263 (2001)). In Hardyman, the Sixth Circuit Court of Appeals noted that Plaintiff's expert testified that "one simply could not quantify the level or dose of risk factors causative of [carpal tunnel syndrome] in a manner consistent with a dose/response relationship or threshold level." Hardyman, at 262. The Hardyman Court likened carpal tunnel syndrome and its unknown dose/response relationship with exposure to toxic substances:

> while precise information concerning the exposure necessary to cause specific harm to humans and exact details pertaining to the plaintiff's exposure are beneficial, such evidence is not always available, or necessary, to demonstrate that a substance is toxic to humans given substantial exposure and need not invariably provide the basis for an expert's opinion on causation.

Hardyman, at 265-66(quoting Westberry v. Gislaved Bummi AB, 178 F.3d 257, 264 (4th Cir. 1999).

Finally, a critical distinction exists between the admissibility of expert testimony and its credibility as determined by the trier of fact: "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993).

**Dr. James Barter**

Defendant moves the Court to limit the expert testimony of Dr. James Barter on the grounds that he failed to rule in Ms. Brower's use of Johnson & Johnson as a possible cause of her ovarian cancer and his failure to rule out other risk factors associated with cancer. Defendant's contentions go to the credibility of his testimony, not its admissibility. <u>Daubert</u>, *supra*. Accordingly, based upon review of the record and applicable law cited above, Defendants' motion to exclude the testimony of Dr. James Barter is DENIED.

**Dr. Laura Plunkett**

Defendant moves the Court to limit the expert testimony of Dr. Laura Plunkett on the basis that she does not have the requisite experience to testify about the causes of ovarian cancer, has never been a business executive or manager of product safety for a cosmetics company, and does not have legal training. A review of the record indicates that Dr. Plunkett has significant experience as a board certified pharmacologist and toxicologist. Accordingly, based upon the record as a whole and applicable law cited above, Defendants' motion to exclude the testimony of Dr. Laura Plunkett is DENIED.

**Dr. John Godleski**

Defendant moves the Court to exclude the expert testimony of Dr. John Godleski on the basis that his report fails to identify the methodology relied on in his conclusion. A review of the record indicates that Dr. Godleski's report details his methodology sufficiently in his report. Accordingly, based upon the record as a whole and applicable law cited above, Defendants' motion to exclude the testimony of Dr. John Godleski is DENIED.

SO ORDERED this 26th day of March, 2019.

Jane Morrison, Judge
FULTON COUNTY STATE COURT

*Copies to Counsel via E-File Georgia.*