# Exhibit 32

Control No. 19110518
Control No. 19110521
Control No. 19110522
Control No. 19110523
Control No. 19110526
Control No. 19110527

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| ELLEN KLEINER and YURY KLEINER w/h **Plaintiffs** v. RITE AID CORPORATION, RITE AID OF PENNSYLVANIA, INC., JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER COMPANIES, INC., IMERYS TALC AMERICA, INC. f/k/a LUZENAC AMERICA, INC., and PERSONAL CARE PRODUCTS COUNCIL f/k/a COSMETIC, TOILETRY, AND FRAGRANCE ASSOCIATION **Defendants** | DOCKETED MAY 22 2020 N. ERICKSON DAY FORWARD  JANUARY TERM, 2017  NO. 2505  RECEIVED MAY 22 2020 N. ERICKSON DAY FORWARD |

## MEMORANDUM in SUPPORT OF ORDERS DENYING MOTIONS TO EXCLUDE OPINIONS PURSUANT TO FRYE

**MASSIAH-JACKSON, J.**

Kleiner Etal Vs Rite Aid Corporation Etal-MEMOR
17010250500403

May 22nd, 2020

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  N. ERICKSON  05/22/2020

**A.     FACTUAL BACKGROUND and PROCEDURAL HISTORY**

In 2011, Mrs. Ellen Kleiner, age 44, was diagnosed with Stage IIIB ovarian cancer. After surgery and chemotherapy treatments, she has been in remission. Mrs. Kleiner started using Johnson & Johnson Baby Powder daily on her body, including her genital area, since she was a teenager in 1982 through 2016.

In January, 2017, Ellen and Yury Kleiner initiated this civil litigation grounded in tort and strict liability. They have named at least seven defendants including Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.

The Johnson & Johnson Defendants filed six Motions to Exclude Plaintiffs' Experts from Testifying pursuant to Rule 207.1 of the Pennsylvania Rules of Civil Procedure and Rule 702(c) of the Pennsylvania Rules of Evidence. Extensive written submissions were received from all parties. Oral argument and PowerPoint presentations on February 21, 2020, were well researched and thorough.

After careful consideration of the records, this Court concludes that the expert opinions do meet the standards set forth in Frye v. United States, 293 F. 1013 (D.C. Cir. 1923); Commonwealth v. Topa, 369 A.2d 1277 (Pa. 1977). The Motions to preclude the opinions of Ghassan M. Saed, Ph.D., Rebecca Smith-Bindman, M.D., Mark Rigler, Ph.D., John Godleski, M.D., Judith Wolf, M.D., and Laura Plunkett, Ph.D., DABT are Denied. To the extent that certain, limited evidence is deemed excluded or requires clarification, this Court will identify the matters in Order issued this date.

**B.     LEGAL DISCUSSION**

The <u>Frye</u> test applies only when a party wishes to introduce novel scientific evidence from the conclusions of an expert witness. <u>Strange v. Janssen Pharmaceuticals, Inc.</u>, 179 A.3d 45, 53 (Pa. Superior Ct. 2018), quoting <u>Trach v. Fellin</u>, 817 A.2d 1102, 1111 (Pa. Superior Ct. 2003). <u>Frye</u> does not bar disputed conclusions of an expert, so long as the methodology employed is generally accepted.

It has been stated that the <u>Frye</u> analysis is a two-step process. First, determine whether the opinions and evidence Defendants want to exclude are "novel scientific evidence". Second, determine whether the expert's methodology "has general acceptance in the relevant scientific community".

In this litigation all parties focused on Step Two, that is, whether the procedures and processes employed by these experts have general acceptance in the relevant scientific community. This Court has determined that the Kleiner Plaintiffs met their burden to establish the general acceptance rule as to each expert. In addition, each of the experts is unequivocally qualified to provide the medical and/or scientific regulatory opinions set forth in their Reports.

The substance of these motions reveal that the Defendants are challenging the weight and conclusions reached by Plaintiffs' experts. The Defendants' scientific and medical expert communities may reach different conclusions than Plaintiffs experts. As long as the basic methodology is sound, **as we have here**, the opinions of Plaintiffs' expert

2

witnesses may be assessed by the triers of fact. e.g. Rost v. Ford Motor Co., 151 A.3d 1032 (Pa. 2014); Betz v. Pneumo Abex LLC, 44 A.3d 27 (Pa. 2012); Grady v. Frito-Lay, Inc., 839 A.2d 1038 (Pa. 2003).

### C.  CONCLUSIONS

For all of the reasons set forth above, the Motions of the Johnson & Johnson Defendants are DENIED.

BY THE COURT:

_____
FREDERICA A. MASSIAH-JACKSON, J.