# EXHIBIT 25

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case No.
3:19-CV-12430-FLW-LHG
****************************

IN RE:  JOHNSON & JOHNSON
TALCUM POWER PRODUCTS
MARKETING, SALES PRACTICES,   MDL No.
AND PRODUCTS LIABILITY        16-2738(FLW)(LHG)
LITIGATION

***************************

This Document Relates To:

CARTER JUDKINS
          Plaintiff,
     v.
JOHNSON & JOHNSON, ET AL,
          Defendants.
****************************
          Remote via Zoom Deposition of ANNE
CARTER JUDKINS, held at the location of the
deponent in Athens, Georgia, commencing at
10:06 a.m., on the 1st of December, 2020,
before Maureen O'Connor Pollard, Registered
Diplomate Reporter, Realtime Systems
Administrator, Certified Shorthand Reporter.
                 - - -

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Anne Carter Judkins

Page 220

1    with their legs and arms in the air cooing

2    and saying something about -- I think they

3    used the word "safe," but we're going way

4    back so I may be mistaken.  But yes, seeing

5    kind of the sweet, endearing ads on TV about

6    Johnson & Johnson Baby Powder.

7            Q.    Did -- I'm sorry, go ahead.

8            A.    And there was a cute little

9    baby in it.  That's all.

10           Q.    Did those advertisements, in

11   fact, make you think that the product was

12   safe to use?

13           A.    Totally.  Absolutely.  Like I

14   said earlier, if it's safe for a baby,

15   wouldn't it be safe for any human?

16           Q.    If there had been a warning on

17   the Johnson & Johnson's Baby Powder bottle

18   that said "this product can cause ovarian

19   cancer, don't use it on your genital area,"

20   would you have applied it to your genital

21   area?

22           A.    Definitely not.

23           Q.    And same question about Shower

24   to Shower.  If the Shower to Shower bottle

# EXHIBIT 26

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------§
IN RE:   JOHNSON & JOHNSON       §   MDL No.
TALCUM POWDER PRODUCTS           §   16-2738(FLW)(LHG)
MARKETING, SALES PRACTICES,      §
AND PRODUCTS LIABILITY           §
LITIGATION                       §
                                 §
_____  §
                                 §
THIS DOCUMENT RELATES TO:        §
                                 §
TAMARA NEWSOME and DANIEL        §   Case No.
FRANCOIS,                        §   3:18-cv-17146-FLW-LHG
                                 §
     Plaintiff,                  §
                                 §
vs.                              §
                                 §
JOHNSON & JOHNSON, et al.,       §
                                 §
     Defendants.                 §
------------------------------ §
                          - - -
             WEDNESDAY, DECEMBER 9, 2020
                          - - -
         This is the Remote Videotaped Deposition of
     TAMARA NEWSOME, commencing at 10:01 a.m., on the
     above date, before Kelly J. Lawton, Registered
     Professional Reporter, Licensed Court Reporter,
     and Certified Court Reporter.


                          - - -


             GOLKOW LITIGATION SERVICES
       877.370.3377 ph | 917.591.5672 fax
                  deps@golkow.com

Tamara Newsome

Page 218

1          for a just a minute while she logs back on.

2                    THE VIDEOGRAPHER:  Okay.  Stand by.

3                    We are going off the record at 4:09 p.m.

4                    (Recess from 4:09 until 4:18 p.m.)

5                    THE VIDEOGRAPHER:  We are on the record,

6          4:18 p.m.

7     BY MS. PITTARD:

8          Q.    Ms. Newsome, we were talking about Johnson &

9     Johnson television commercials right before we went

10    off the record.

11                    Can you describe to us what you remember

12    about those commercials?

13         A.    So Johnson & Johnson's baby powder, you use

14    on your baby.  The impression that I got, that it was

15    safe, it was pure or sterile because it was used on

16    babies.

17         Q.    Okay.  I'm sorry, I just can't hear what you

18    said.  Did you say that it was pure and sterile?

19         A.    That the impression that I got is that it was

20    pure, sterile because you could use it on babies and

21    so it was safe.

22         Q.    Okay.  Okay.

23         A.    -- on my babies.

24         Q.    You said you used it on your babies?

25         A.    Yes, I did.

# EXHIBIT 27

Patient Name: Converse, Hilary · MRN: ▇ · Account #: ▇ · MPI: ▇

**Patient Name:** CONVERSE, HILARY  **Gender:** Female
**MRN #:**  **Birth Date:** ▇ 948

### WP8-864-A-Cytology Nongyn Cases

| Component | 2007-09-06 09:22:00 | | | Reference | Units |
|---|---|---|---|---|---|
| Cytology Nongyn Cases | | F | (1) | | |

**Result Comments**

1    N07-5280



### WP8-864-A-Surgical Cases

| Component | 2007-09-05 18:54:00 | | | Reference | Units |
|---|---|---|---|---|---|
| Surgical Cases | | F | (1) | | |

**Result Comments**

1    S07-31005



8ONCold-Yale New Haven Hospital
CONVERSE_HILARY_YALENEWHAVENHOSPITAL_02086

Patient Name  Converse, Hilary  ·  MRN: ▓▓▓▓  ·  Account #: ▓▓▓▓  ─  MPI: ▓▓▓▓

**Patient Name:** CONVERSE, HILARY

**MRN #:**

**Gender:** Female

**Birth Date:** ▓▓▓▓ 1948



GROSS DESCRIPTION

8ONCold-Yale New Haven Hospital
CONVERSE_HILARY_YALENEWHAVENHOSPITAL_02087

Patient Name: Converse, Hilary · MRN: ███████ · Account #: ███████ · MPI: ███████

**Patient Name:** CONVERSE, HILARY

**MRN #:**

**Gender:** Female

**Birth Date:** ███1948



Patient Name: Converse, Hilary · MRN: ▮▮▮ · Account #: ▮▮▮ · MPI: ▮▮▮

**Patient Name:** CONVERSE, HILARY

**MRN #:**

**Gender:** Female

**Birth Date:** ▮▮▮ 1948



# EXHIBIT 28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) JUDGE FREDA L. WOLFSON MAG. JUDGE LOIS H. GOODMAN |
| HILARY CONVERSE, | COMPLAINT AND JURY DEMAND |
| Plaintiff, | Civil Action No.: 3:18-cv-17586 |
| v. | |
| JOHNSON & JOHNSON, INC., JOHNSON & JOHNSON CONSUMER, INC., AND IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC. | DIRECT FILED ACTION |
| Defendants. | |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.      Name of individual injured due to the use of talcum powder product(s): <u>Hilary Converse</u>

2.      At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>New Haven County, CT.</u>

3.      Consortium Claim(s):  The following individual(s) allege damages for loss of consortium: <u>                                        </u>.

4.      Survival and/or Wrongful Death Claims:

        Name and residence of Decedent Plaintiff when she suffered the talcum powder

        product(s) related death: <u>                                                        </u>

        <u>                                                        </u>

5.      Plaintiff/Decedent was born on <u> 1948 </u>and died on <u>                        </u>.

6.      Plaintiff is filing this case in a representative capacity as the<u>                        </u> of the <u> </u>

        <u>                                        </u>, having been duly appointed as the <u>                </u>

        <u>                                        </u> by the <u>                        </u> Court of <u>        </u>

        <u>                                </u>.

7.      As a result of using talcum powder products, Plaintiff/Decedent suffered personal and

        economic injur(ies) that are alleged to have been caused by the use of the products

        identified in Paragraph 16 below, but not limited to, the following:

        <u>X        </u>    injury to herself

        <u>        </u>    injury to the person represented

_____ wrongful death

_____ survivorship action

  X   economic loss

_____ loss of services

_____ loss of consortium

_____ other:_____

### Identification of Defendants

8.  Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]

    ☒    Johnson & Johnson

    ☒    Johnson & Johnson Consumer Inc.

    ☒    Imerys Talc America, Inc. ("Imerys Talc")

    ☐    Personal Care Products Council ("PCPC")

**Additional Defendants:**

    ☐    Other(s) Defendant(s) (please specify):_____

### JURISDICTION & VENUE

### Jurisdiction:

9.  Jurisdiction in this Short Form Complaint is based on:

    ☒    Diversity of Citizenship

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

☐      Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**<u>Venue:</u>**

10.    District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the District of Connecticut.</u>

## <u>CASE SPECIFIC FACTS</u>

11.    Plaintiff(s) currently reside(s) in (City, State): <u> Beacon Falls, CT.</u>

12.    At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State): <u>Beacon Falls, CT.</u>

13.    The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City, State): <u>New Haven, CT.</u> on or about <u> September 2007.</u>

14.    To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: <u>  1962  </u> and continued the use of talcum powder product(s) through about the following date: <u> 2006</u>.

15.    The Plaintiff/Decedent purchased talcum powder product(s) in the following State(s): <u>Connecticut</u>.

16.    Plaintiff/Decedent used the following talcum powder products:

      ☒    Johnson & Johnson's Baby Powder

      ☐    Shower to Shower

**CAUSES OF ACTION**

17.    Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

&#9746;    Count I:  Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

&#9746;    Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

&#9746;    Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

&#9746;    Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

&#9746;    Count V:  Breach of Express Warranties (Against the Johnson & Johnson Defendants)

&#9746;    Count VI:  Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

&#9746;    Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

&#9746;    Count VIII: Negligence (Against Imerys Talc)

&#9746;    Count IX:  Negligence (Against the Johnson & Johnson Defendants)

&#9744;    Count X:  Negligence (Against PCPC)

&#9746;    Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)



☒      Count XII:   Fraud (Against the Johnson & Johnson Defendants)

☐      Count XIII: Fraud (Against PCPC)

☒      Count XIV:   Violation of State Consumer Protection Laws of the State(s) of Connecticut (Against the Johnson & Johnson Defendants)

☒      Count XV: Fraudulent Concealment (Against Imerys Talc)

☒      Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

☐      Count XVII: Fraudulent Concealment (Against PCPC)

☒      Count XVIII:   Civil Conspiracy (Against All Defendants)

☐      Count XIX: Loss of Consortium (Against All Defendants)

☒      Count XX:   Punitive Damages (Against All Defendants)

☒      Count XXI:   Discovery Rule and Tolling (Against All Defendants)

☒      Count XXII:   Wrongful Death (Against All Defendants)

☒      Count XXIII:   Survival Action (Against All Defendants)

Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## <u>JURY DEMAND</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

ONDERLAW, LLC

By:   <u>/s/ Stephanie L Rados</u>
       James G. Onder, #38049
       William W. Blair, #58196
       Stephanie L. Rados, #65117
       110 E. Lockwood, 2nd Floor
       St. Louis, MO 63119
       314-963-9000 telephone
       314-963-1700 facsimile
       onder@onderlaw.com
       blair@onderlaw.com
       rados@onderlaw.com

       **Counsel for Plaintiff(s)**

# EXHIBIT 29

## PLAINTIFF PROFILE FORM

This Plaintiff Profile Form ("PPF") must be completed by the plaintiff or the representative of plaintiff's decedent.  In completing this PPF, you are under oath and must provide information that is true and complete to the best of your knowledge, information and belief after reasonable inquiry. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect.

In filling out this PPF, please use the following definitions: (1) "**health care provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

Information provided in this PPF will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This PPF is completed pursuant to the Federal Rules of Civil Procedure governing discovery.

1. **CASE INFORMATION**

| Name of Person Completing Form: | Linda | R | Bondurant |
|---|---|---|---|
| | First | M.I. | Last |
| If you are completing this PPF in a representative capacity (e.g., on behalf of the estate of a deceased person), please complete the following: | | | |
| Your Name: | | | |
| | First | M.I. | Last |
| Your relationship to individual you represent: | | | |

---

**THE REST OF THIS PLAINTIFF PROFILE FORM REQUESTS INFORMATION ABOUT THE PERSON WHO USED JOHNSON'S BABY POWDER AND/OR SHOWER TO SHOWER AND WAS DIAGNOSED WITH OVARIAN CANCER**

---

2. **PERSONAL INFORMATION**

| Name: | Linda | R | Bondurant |
|---|---|---|---|
| | First | M.I. | Last |
| Maiden/Other Names Used: | Lynda R. Davis, Lynda Miller, Lynda B. Spooner, Lynda Rene | | |
| Current or Last Known Address: | ▮▮▮▮▮▮ | New Orleans | LA | 70117 |
| Date of Birth: | ▮▮ ▮ 1959 | Gender: Male: ☐ Female: ☑ |
| Date of Death (If Applicable): | ☐ N/A | Social Security Number: ▮▮▮▮ |
| Select Marriage Status: Married | Name of Spouse, if Married at time of filing Complaint: Steven J. Kim |

3.     **TALCUM POWDER-RELATED CLAIM**

    a. Have you been diagnosed with one of the following types of cancer? b. If yes, please provide the approximate date of initial diagnosis (if more than one, for each initial diagnosis). c. If you were diagnosed with ovarian cancer, fallopian tube or primary peritoneal cancer, please provide the type. d. If you were diagnosed with ovarian cancer, fallopian tube or primary peritoneal cancer, please provide the stage.

| a. Type of Cancer | b. Date of Initial Diagnosis | c. Type of Ovarian, Fallopian tube, or Primary Peritoneal Cancer | d. Stage of Ovarian, Fallopian tube or Primary Peritoneal Cancer |
|---|---|---|---|
| Ovarian | Oct     31     2018 | Clear Cell | Stage IV |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

4.     **MEDICAL HISTORY:**



c.    Have you ever been diagnosed with any of the following?

| Condition | Yes/No/Unknown | Name and Address of Diagnosing Provider | Approximate Date of Diagnosis (if applicable) |
|---|---|---|---|
| BRCA1 or BRCA2 mutation | | | |
| Endometriosis | | | |
| Adenomyosis | | | |
| Irregular vaginal bleeding | | | |
| Ovarian Cysts | | | |
| Polycystic ovaries and/or Polycystic Ovarian Syndrome (PCOS) | | | |
| Uterine fibroids | | | |
| Infertility | | | |
| Breast cancer | | | |
| Lynch Syndrome | | | |

| Condition | Yes/No/Unknown | Name and Address of Diagnosing Provider | Approximate Date of Diagnosis (if applicable) |
|---|---|---|---|
| Other cancer (please specify below): | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Obesity/overweight | | | |
| Pelvic Inflammatory Disease (PID) | | | |
| Colon Polyps | | | |

6.    _Other than_ those injuries that you believe were caused by your use of body powder, do you currently suffer from any chronic illnesses or disabilities?

**FAMILY MEDICAL HISTORY**

7.    Limiting this question to blood relatives, to the best of your knowledge, please indicate whether your _parents, siblings, children, grandparents, aunts, uncles, or first cousins_ have ever suffered from or been treated for any type of cancer (including but not limited to ovarian cancer or breast cancer):

| Relative's Name | Relation to you | Type of cancer | Date of cancer |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

8.    Limiting this question to blood relatives, to the best of your knowledge, please indicate whether your *parents, siblings, children, grandparents, aunts, uncles, or first cousins* have ever been diagnosed with any genetic mutations, including but not limited to BRCA1 or BRCA2 mutations?

███████████████████████████████████████

## HEALTH CARE PROVIDERS AND PHARMACIES

9.    Limiting your answer to primary care, gynecology and oncology healthcare providers, identify each doctor or other health care provider who you have seen for medical care and treatment from the ten (10) years prior to your ovarian cancer diagnosis to the present.  In particular, please use your best efforts to list all of the primary care providers during this period.

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Approximate Years of Visits |
|---|---|---|---|
| ███████ | ███████ | ███████ | ███████ |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Approximate Years of Visits |
|---|---|---|---|
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |

10.   If any of your healthcare providers who you have seen in relation to treatment and care
      of **ovarian cancer or any other form of cancer** were not identified previously, please
      identify for each such provider:

| Name and Specialty | Address | Approximate Years of Treatment | Reason for Treatment |
|---|---|---|---|
| ██████████ | ██████████ | ██████████ | ██████████ |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |

11.    Limiting your response to visits for issues related to cancer and to gynecologic issues other than pregnancy, identify each hospital, clinic, or health care facility where you were hospitalized (inpatient, out-patient, or emergency room visit) from the (10) years prior to your ovarian cancer diagnosis to the present:

| Name | Address | Admission Date(s) | Reason for Admission Approx. Years of Visits |
|------|---------|-------------------|----------------------------------------------|
| ███████████ | ███████████ | ███████████ | ███████████ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| Name | Address | Admission Date(s) | Reason for Admission Approx. Years of Visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

12. To the best of your recollection, identify each pharmacy that has regularly dispensed medication to you from the ten (10) years prior to your ovarian cancer diagnosis to the present:

| Name of Pharmacy | Address of Pharmacy | Approx. Years You Used Pharmacy |
|---|---|---|
| ███ | ███ | ███ |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |

| Name of Pharmacy | Address of Pharmacy | Approx. Years You Used Pharmacy |
|---|---|---|
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |

13.   Has any health care provider told you the cause(s) of your ovarian cancer?



| Healthcare Provider's Name | Approximate Date of Conversation | Substance of Conversation |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

14.     Have you had any communications with your health care providers, orally or in writing, about whether your condition is related to your use of Johnson's Baby Powder and/or Shower to Shower?

| Healthcare Provider's Name | Approximate Date of Conversation |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**TALCUM POWDER PRODUCT USE**

16.  Have you ever used Johnson's Baby Powder?  Choose Yes/No: <u>Yes</u>

      If yes, identify:

      a)   Did you apply the product to your genital area?   Choose Yes/No: <u>Yes</u>

      b)   Approximate year of first use: <u>1959</u>

      c)   Approximate year of last use: <u>2015</u>

      d)   Frequency of use during these dates: <u>3 to 5 times a week</u>

17.  Have you ever used Johnson & Johnson Shower to Shower?  Choose Yes/No: <u>Yes</u>

      If yes, identify:

      a)   Did you apply the product to your genital area?     Choose Yes/No: <u>Yes</u>

      b)   Approximate year of first use: <u>1970</u>

      c)   Approximate year of last use: <u>1980</u>

      d)   Frequency of use during these dates: <u>Every day</u>

18.  Have you ever used any other cosmetic powder product(s) in your genital area?

      Choose Yes/No: <u>No</u>

      If yes, identify:

      a)   Name of product(s): _____

      b)   Approximate year of first use: _____

      c)   Approximate year of last use: _____

      a)   Name of product(s): _____

      b)   Approximate year of first use: _____

      c)   Approximate year of last use: _____

## MEDICAL BACKGROUND OF BODY POWDER USER



24.     **Employment History:**

| Are you currently employed?   Choose Yes/No: No |
|---|
| If yes, please identify your current employer and position: |

25.     **Education:**

| Highest Educational Degree | Educational Institution |
|---|---|
| Bachelor''s | Troy State University |

## DOCUMENT DEMANDS

Documents in your possession, including writings on paper or in electronic form (if you have any of the following materials in your custody or possession, please indicate which documents you have and attach a copy of them to this Plaintiff Profile Form):

1.     All documents relating to plaintiff's purchase(s) or acquisition(s) of Johnson's Baby Powder or Shower to Shower, including but not limited to, store receipts, credit card receipts, containers, labels, or other records of purchase or acquisition.

2.     All medical records, reports, and/or documents from any hospital, physician, or other health care provider who treated plaintiff for ovarian cancer or any gynecologic disease, condition or symptom alleged in the Complaint and/or PPF.

3.     If applicable, decedent-user's death certificate and copies of letters testamentary or letters of administration confirming standing of the named plaintiff.

4.     A copy of all pathology reports related to plaintiff's/decedent's diagnosis or recurrence of ovarian cancer.

5.     A copy of all reports reflecting any genetic testing undertaken on plaintiff/decedent.

## **<u>DECLARATION</u>**

I declare under penalty of perjury that all of the information provided in connection with this Short Form Plaintiff Profile Form is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry. I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect.


Date: _____


_____
Signature of Plaintiff


_____
Print Name of Signing Plaintiff

# EXHIBIT 30

CERTIFIED COPY OF VITAL RECORD

# CERTIFICATION OF DEATH

BIRTH NUMBER:     STATE FILE NUMBER: 2020-043-04378

| | | | | | |
|---|---|---|---|---|---|
| **DECEDENT** | DECEDENT'S NAME - (LAST, FIRST, MIDDLE, SUFFIX) <br> BONDURANT, LINDA RENE | DATE OF BIRTH ▮ | DATE OF BIRTH ▮ | | TIME OF DEATH ▮ |

**7788247**

| | | | |
|---|---|---|---|
| PLACE OF BIRTH - (CITY, STATE, COUNTRY) <br> MARIANNA, FL UNITED STATES | SEX <br> FEMALE | SOCIAL SECURITY NUMBER ▮ | AGE <br> 81 YEARS |

DECEDENT'S ALIAS NAME(S) - (LAST, FIRST, MIDDLE, SUFFIX)

| | | |
|---|---|---|
| RESIDENCE OF DECEDENT - (STREET ADDRESS, CITY, STATE, ZIP CODE, COUNTRY) <br> ▮▮▮ NEW ORLEANS, LA 70117 UNITED STATES | WITHIN CITY LIMITS? <br> YES | PARISH/COUNTY <br> ORLEANS |

**PERSONAL**

**DEATH INFO**

**DISPOSITION**

**FUNERAL FACILITY**

**MEDICAL INFO**

## CAUSE OF DEATH

PART I. Enter the chain of events — diseases, injuries, or complications — that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.     APPROXIMATE INTERVAL:

IMMEDIATE CAUSE - (Final disease or condition resulting in death)   a. ▮▮▮

Sequentially list conditions, if any, leading to the cause listed on line a.   b.

Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST   c.

  d.

PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I.

| | | | | |
|---|---|---|---|---|
| WAS AN AUTOPSY PERFORMED? <br> NO | | FINDINGS USED IN DETERMINING CAUSE? <br> NOT APPLICABLE | | |
| **INJURY INFORMATION**   PLACE OF INJURY | DATE OF INJURY | TIME OF INJURY | INJURY AT WORK | IF TRANSPORTATION INJURY, SPECIFY: |
| LOCATION OF INJURY - (STREET ADDRESS, CITY, STATE, ZIP CODE, COUNTRY) | | | | PARISH/COUNTY |
| DESCRIBE HOW INJURY OCCURED | | | | |

## CERTIFIER

I CERTIFY THAT I ATTENDED THE DECEDENT FROM 9/22/2020 TO 10/22/2020 AND THAT DEATH OCCURED ON THE DATE AND HOUR STATED AND DUE TO THE CAUSE(S) AND MANNER STATED.

| | | |
|---|---|---|
| SIGNATURE OF CERTIFIER <br> *-sgn* | DATE <br> 10/22/2020 | |
| CERTIFIER NAME - (LAST, FIRST, MIDDLE, SUFFIX) <br> SEABURN, CHARLES | | |
| CERTIFIER TITLE: CERTIFYING PHYSICIAN | | |
| CERTIFIER ADDRESS - (STREET ADDRESS, CITY, STATE, ZIP CODE, COUNTRY) <br> 1205 AVENUE D, MARRERO, LA 70072 UNITED STATES | | |

| | | | |
|---|---|---|---|
| BURIAL TRANSIT PERMIT <br> 308051 | PARISH OF ISSUE <br> ORLEANS | DATE OF ISSUE <br> 10/23/2020 | DATE FILED WITH REGISTRAR <br> 10/28/2020 |

| | |
|---|---|
| **REGISTRAR**   SIGNATURE OF REGISTRAR | DEVIN GEORGE *-sgn* |

ISSUED BY: Bell, Sandra     Issued On: 10/27/2020 12:49:30 PM

**DHH-OPH**
**LOUISIANA**

007788247

A REPRODUCTION OF THIS DOCUMENT IS VOID AND INVALID.
DO NOT ACCEPT

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA - R.S.40:32, ET SEQ.

DEVIN GEORGE
STATE REGISTRAR



PLAINTIFF'S EXHIBIT

FENCID-Bayonet, N. I.

# EXHIBIT 31

# PLAINTIFF PROFILE FORM

This Plaintiff Profile Form ("PPF") must be completed by the plaintiff or the representative of plaintiff's decedent.  In completing this PPF, you are under oath and must provide information that is true and complete to the best of your knowledge, information and belief after reasonable inquiry. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect.

In filling out this PPF, please use the following definitions: (1) "**health care provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

Information provided in this PPF will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This PPF is completed pursuant to the Federal Rules of Civil Procedure governing discovery.

## 1. CASE INFORMATION

| Name of Person Completing Form: | Hilary | | T. | Converse | |
|---|---|---|---|---|---|
| | First | | M.I. | Last | |
| If you are completing this PPF in a representative capacity (e.g., on behalf of the estate of a deceased person), please complete the following: | | | | | |
| Your Name: | | | | | |
| | First | | M.I. | Last | |
| Your relationship to individual you represent: | | | | | |

---

**THE REST OF THIS PLAINTIFF PROFILE FORM REQUESTS INFORMATION ABOUT THE PERSON WHO USED JOHNSON'S BABY POWDER AND/OR SHOWER TO SHOWER AND WAS DIAGNOSED WITH OVARIAN CANCER**

---

## 2. PERSONAL INFORMATION

| Name: | Hilary | | T. | Converse | |
|---|---|---|---|---|---|
| | First | | M.I. | Last | |
| Maiden/Other Names Used: | Hilary Krevit | | | | |
| Current or Last Known Address: | ███████ | | Prospect | CT | 06712 |
| Date of Birth: | ██ ██ 1942 | | Gender: | Male: ☐ Female: ☒ | |
| Date of Death (If Applicable): | ☒ N/A | | Social Security Number: ███████ | | |
| Select Marriage Status: Married | Name of Spouse, if Married at time of filing Complaint: Marquis S. Converse | | | | |

v1                                    2

3.    **TALCUM POWDER-RELATED CLAIM**

    a.  Have you been diagnosed with one of the following types of cancer? b. If yes, please provide the approximate date of initial diagnosis (if more than one, for each initial diagnosis). c. If you were diagnosed with ovarian cancer, fallopian tube or primary peritoneal cancer, please provide the type. d. If you were diagnosed with ovarian cancer, fallopian tube or primary peritoneal cancer, please provide the stage.

| a. Type of Cancer | b. Date of Initial Diagnosis | c. Type of Ovarian, Fallopian tube, or Primary Peritoneal Cancer | d. Stage of Ovarian, Fallopian tube or Primary Peritoneal Cancer |
|---|---|---|---|
| Ovarian | Sep    6    2007 | Clear Cell | Stage I |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4.    **MEDICAL HISTORY:**



c.    Have you ever been diagnosed with any of the following?

| Condition | Yes/No/Unknown | Name and Address of Diagnosing Provider | Approximate Date of Diagnosis (if applicable) |
|---|---|---|---|
| BRCA1 or BRCA2 mutation | | | |
| Endometriosis | | | |
| Adenomyosis | | | |
| Irregular vaginal bleeding | | | |
| Ovarian Cysts | | | |
| Polycystic ovaries and/or Polycystic Ovarian Syndrome (PCOS) | | | |
| Uterine fibroids | | | |
| Infertility | | | |
| Breast cancer | | | |
| Lynch Syndrome | | | |

| Condition | Yes/No/Unknown | Name and Address of Diagnosing Provider | Approximate Date of Diagnosis (if applicable) |
|---|---|---|---|
| Other cancer (please specify below): | | | |
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Obesity/overweight | | | |
| Pelvic Inflammatory Disease (PID) | | | |
| Colon Polyps | | | |

6.     *Other than* those injuries that you believe were caused by your use of body
       powder, do you currently suffer from any chronic illnesses or disabilities?

████████████████████████████████████████████████████

## FAMILY MEDICAL HISTORY

7.     Limiting this question to blood relatives, to the best of your knowledge, please indicate
       whether your *parents, siblings, children, grandparents, aunts, uncles, or first cousins*
       have ever suffered from or been treated for any type of cancer (including but not
       limited to ovarian cancer or breast cancer):

| Relative's Name | Relation to you | Type of cancer | Date of cancer |
|---|---|---|---|
| ████████ | ████████ | ████████ | ████████ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

8.     Limiting this question to blood relatives, to the best of your knowledge, please indicate whether your *parents, siblings, children, grandparents, aunts, uncles, or first cousins* have ever been diagnosed with any genetic mutations, including but not limited to BRCA1 or BRCA2 mutations?



## HEALTH CARE PROVIDERS AND PHARMACIES

9.     Limiting your answer to primary care, gynecology and oncology healthcare providers, identify each doctor or other health care provider who you have seen for medical care and treatment from the ten (10) years prior to your ovarian cancer diagnosis to the present. In particular, please use your best efforts to list all of the primary care providers during this period.

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Approximate Years of Visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |
|  |  |  | to |

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Approximate Years of Visits |
|---|---|---|---|
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |
| | | | to |

10. If any of your healthcare providers who you have seen in relation to treatment and care of **ovarian cancer or any other form of cancer** were not identified previously, please identify for each such provider:

| Name and Specialty | Address | Approximate Years of Treatment | Reason for Treatment |
|---|---|---|---|
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |
| | | to | |

v1       9

11. Limiting your response to visits for issues related to cancer and to gynecologic issues other than pregnancy, identify each hospital, clinic, or health care facility where you were hospitalized (inpatient, out-patient, or emergency room visit) from the (10) years prior to your ovarian cancer diagnosis to the present:

| Name | Address | Admission Date(s) | Reason for Admission Approx. Years of Visits |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Name | Address | Admission Date(s) | Reason for Admission Approx. Years of Visits |
|------|---------|-------------------|----------------------------------------------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

12.  To the best of your recollection, identify each pharmacy that has regularly dispensed medication to you from the ten (10) years prior to your ovarian cancer diagnosis to the present:

| Name of Pharmacy | Address of Pharmacy | Approx. Years You Used Pharmacy |
|---|---|---|
| ████████████ | ████████████████ | ████████████ |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |
|  |  | to |

| Name of Pharmacy | Address of Pharmacy | Approx. Years You Used Pharmacy |
|---|---|---|
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |
| | | to |

13.    Has any health care provider told you the cause(s) of your ovarian cancer?



| Healthcare Provider's Name | Approximate Date of Conversation | Substance of Conversation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

14.     Have you had any communications with your health care providers, orally or in writing, about whether your condition is related to your use of Johnson's Baby Powder and/or Shower to Shower?

| Healthcare Provider's Name | Approximate Date of Conversation |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**TALCUM POWDER PRODUCT USE**

16.  Have you ever used Johnson's Baby Powder?  Choose Yes/No: <u>Yes</u>

        If yes, identify:

        a)   Did you apply the product to your genital area?   Choose Yes/No: <u>Yes</u>

        b)   Approximate year of first use: <u>1962</u>

        c)   Approximate year of last use: <u>2017</u>

        d)   Frequency of use during these dates: <u>Daily</u>

17.  Have you ever used Johnson & Johnson Shower to Shower?  Choose Yes/No: <u>No</u>

        If yes, identify:

        a)   Did you apply the product to your genital area?     Choose Yes/No: _____

        b)   Approximate year of first use: _____

        c)   Approximate year of last use: _____

        d)   Frequency of use during these dates: _____

18.  Have you ever used any other cosmetic powder product(s) in your genital area?

        Choose Yes/No: <u>No</u>

        If yes, identify:

        a)   Name of product(s): _____

        b)   Approximate year of first use: _____

        c)   Approximate year of last use: _____

        a)   Name of product(s): _____

        b)   Approximate year of first use: _____

        c)   Approximate year of last use: _____

## MEDICAL BACKGROUND OF BODY POWDER USER

24.    **Employment History:**

| Are you currently employed?   Choose Yes/No: No |
| --- |
| If yes, please identify your current employer and position: |

25.    **Education:**

| Highest Educational Degree | Educational Institution |
| --- | --- |
| High School Diploma | Some college courses University of Bridgeport Co |

## DOCUMENT DEMANDS

Documents in your possession, including writings on paper or in electronic form (if you have any of the following materials in your custody or possession, please indicate which documents you have and attach a copy of them to this Plaintiff Profile Form):

1.    All documents relating to plaintiff's purchase(s) or acquisition(s) of Johnson's Baby Powder or Shower to Shower, including but not limited to, store receipts, credit card receipts, containers, labels, or other records of purchase or acquisition.

2.    All medical records, reports, and/or documents from any hospital, physician, or other health care provider who treated plaintiff for ovarian cancer or any gynecologic disease, condition or symptom alleged in the Complaint and/or PPF.

3.    If applicable, decedent-user's death certificate and copies of letters testamentary or letters of administration confirming standing of the named plaintiff.

4.    A copy of all pathology reports related to plaintiff's/decedent's diagnosis or recurrence of ovarian cancer.

5.    A copy of all reports reflecting any genetic testing undertaken on plaintiff/decedent.

## **<u>DECLARATION</u>**

I declare under penalty of perjury that all of the information provided in connection with this Short Form Plaintiff Profile Form is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry. I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect.

Date: _____

_____
Signature of Plaintiff

_____
Print Name of Signing Plaintiff

# EXHIBIT 32

Peter Schwartz, M.D.

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
 2                         -  -  -
 3      --------------------------
        IN RE: JOHNSON & JOHNSON   :
 4      TALCUM POWDER PRODUCTS      :
        MARKETING, SALES PRACTICES,:
 5      AND PRODUCTS LIABILITY      :
        LITIGATION                  :
 6      THIS DOCUMENT RELATES TO:  : MDL No. 16-2738
                                    :
 7      HILARY CONVERSE, et al.,    :
        Plaintiff,                  : Case No. 3:18-cv-
 8      v                           : 17586-FLW-LHG
        JOHNSON & JOHNSON, et al., :
 9      Defendants.                 :
        --------------------------
10
11                         -  -  -
                    JANUARY 28, 2021
12                         -  -  -
13
14              Remote Oral Video Deposition, taken
15        via Zoom, of PETER SCHWARTZ, M.D.,
16        commencing at 10:01 a.m., on the above date,
17        before Margaret M. Reihl, Realtime Reporter
18        and Certified Court Reporter for the State
19        of New Jersey.
20
21            GOLKOW LITIGATION SERVICES
           877.370.3377 ph | 917.591.5672 fax
22                 deps@golkow.com
23
24
25
```

Peter Schwartz, M.D.

```
 1                    MS. GARBER:  Object to the form.
 2                    THE WITNESS:  I'm sorry, I seem to --
 3            oh boy, okay.  Sorry about that.  Okay.
 4            Could you repeat the question, sir.  I
 5            didn't -- I got interrupted by the phone.
 6            Sorry.
 7    BY MR. JAMES:
 8    Q.    Sure.  No worries.  And if you do need to
 9    take a phone call or a break, just let us know at
10    any time.  I should have said that earlier.
11            Was there anything unusual or remarkable
12    about this pathology report in your mind?
13                    MS. GARBER:  Object to the form.
14                    THE WITNESS:  No, nothing unusual.
15    BY MR. JAMES:
16    Q.    These are -- this report is similar to the
17    reports that you see for many patients, correct?
18    A.    Yes, that's right.
19    Q.    Is there anything in this pathology report
20    that would have told you as a clinician what was the
21    cause of her cancer?
22                    MS. GARBER:  Object to the form.
23                    THE WITNESS:  What this pathology
24            report tells me is that it's likely ███
█                    ████████████████████████████████████
```

Peter Schwartz, M.D.

1      ███████████████████████

██     ████████████████████████████████

██     ███████████████████████

██     █████████████████████████████.

5      BY MR. JAMES:

6      Q.      Is there anything in this report, when you

7      look at this report, that would tell you as a

8      clinician that talc was the cause of Ms. Converse's

9      ovarian cancer?

10                 MS. GARBER:  Object to the form.

11                 THE WITNESS:  No.

12     BY MR. JAMES:

13     Q.      Okay.  I'm going to stop screen sharing the

14     pathology report and go back to looking at each

15     other for a quick sec.

16             Dr. Schwartz, do you recall consulting or

17     seeing with Mrs. Schwartz as recently as

18     September 2020?

19     A.      I'm sorry, you asked me about with

20     Mrs. Schwartz?

21     Q.      I'm sorry, thank you for catching.  You have

22     a good ear, thank you.

23             Do you recall sitting -- seeing

24     Mrs. Converse as recently as September 2020?

25     A.      I don't believe I saw her.