# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | MDL NO. 2738 (MAS) (RLS) |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSES AND OBJECTIONS TO THE UPDATED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF WILLIAM LONGO, PH.D., DUCES TECUM, NOTICE TO PRESERVE AND NOTICE OF INSPECTION**

The Plaintiffs' Steering Committee ("PSC") responds and objects to Defendants' Updated Notice of Oral and Videotaped Deposition of William Longo, Ph.D., Duces Tecum, Notice to Preserve and Notice of Inspection. These objections apply to all named Defendants in *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 and are stated as follows:

**GENERAL OBJECTIONS**

The PSC objects to Defendants' Notice of Oral Deposition of William Longo, Ph.D., and Duces Tecum to the extent that it exceeds the scope of discovery or seeks to place obligations on the PSC or Dr. Longo that are not required under the Federal Rules of Civil Procedure, Case Management Order No. 11, or any other Order of the Court. The PSC further objects to Defendants' request that Dr. Longo produce certain documents "no later than two (2) weeks from date of service of [the] Notice," which contravenes the rules and orders applicable to this matter.

1


Longo 050224
Exhibit
**6**

The PSC objects to every request that seeks discovery beyond that which is required to be produced by experts under Rule 26 of the Federal Rules of Civil Procedure and seeks protected communications. Rule 26(b)(4)(B) specifically provides that Rules 26(b)(3)(A) and (B) protect any drafts of any report from disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Furthermore, Rule 26(b)(4)(C) specifically provides that Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communication, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Materials exempted from discovery by the foregoing Rules will not be produced.

The PSC objects to every request that seeks documents or other information that has been previously produced to Defendants on the grounds that it is duplicative, unduly burdensome, and imposes undue expense on the PSC or Dr. Longo. The PSC further objects to any request that seeks the production of publicly available documents or documents previously produced by Defendants. The PSC further objects to any request that seeks documents or other information included in, referenced in or attached to Dr. Longo's expert reports because it is duplicative and equally available to Defendants. Lastly, the PSC objects to any request that seeks the production of documents protected by either confidentiality agreements or protective orders in other litigations.

Any documents produced or referenced in response to Defendants' request are produced subject to these general objections as well as the specific objections stated below.

**RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED**

1. A complete and current copy of Your curriculum vitae (CV).

2

**RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC previously provided a copy of Dr. Longo's current curriculum vitae (*see* November 17, 2023 report).

2.   Copies of any materials related to Your retention or payment for services as a testifying expert related to this MDL and/or the Talc Litigation since the date of your last MDL deposition. This request does not include payments by patients for medical care. It does include, without limitation:

   A.   All retainer agreements or other agreements entered into since the date of your last MDL deposition and pursuant to which You have been or will be paid for work related to this MDL and/or the Talc Litigation.

   B.   All documents reflecting work done, time spent, or expenses incurred by You, Your organization, or anyone under Your direction or control or the direction or control of Your organization in connection with this MDL and/or the Talc Litigation since the date of your last MDL deposition, and all bills, invoices, or accounts rendered to attorneys, law firms or others in connection with those activities.

   C.   All records of payments of any kind received by You from any source related to Your work as a testifying expert regarding Talc or the Talc Products in connection with claims or litigation since the date of your last MDL deposition.

   **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is overly broad. Notwithstanding the aforementioned, the PSC will produce Materials Analytical Services, Inc. invoices related to the MDL talcum powder litigation that have not previously been produced.

3.   All documents related to all payments paid since the date of your last MDL deposition to any third party, including any charitable contribution, gift or other thing of value paid as

3

compensation for testifying in connection with:

 A. The Talc Litigation.

 B. Any other work as a testifying expert witness in connection with litigation in the last five years.

 **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request and each of its subparts to the extent it is overly broad or seeks documents that have no relevance to this litigation. Notwithstanding the aforementioned, no responsive documents exist.

4. All records of payments of any other kind received by You since the date of your last MDL deposition from any journalist, media outlet or other third party for assistance or information related to Talc and/or the Talc Products. This request does not include payments made for medical care or treatment.

 **RESPONSE**: The PSC incorporates by reference the general objections stated above. The PSC further objects to this request to the extent it is overly broad or seeks documents that have no relevance to this litigation. Notwithstanding the aforementioned, no responsive documents exist.

5. A copy of all materials of any kind added since the date of your last MDL deposition to Your complete file or files related to the work done concerning this MDL or the Talc Litigation more generally. Your complete file is intended in its broadest sense and includes without limitation any hard copy, electronic or other material of any kind that refers or relates to Talc, the Talc Products, any examination or analysis of Talc or the Talc Products, the Talc Litigation, or Your opinions in this MDL. Examples of these materials, without limitation, include:

 A. Any reports, summaries, or explanations, or memoranda created by or provided to You and upon which You rely to any extent in forming or supporting Your opinions.

 B. Any photographs, measurements, videos, recordings, test results, or other data

4

Dated: May 1, 2024                            Respectfully Submitted,

*s/ P. Leigh O'Dell*
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, PC
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Email: leigh.odell@beasleyallen.com

*s/ Michelle A. Parfitt*
Michelle A. Parfitt
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
Telephone: 703-931-5500
Email: mparfitt@ashcraftlaw.com

*Plaintiffs' Co-Lead Counsel*

*s/ Christopher M. Placitella*
Christopher M. Placitella
COHEN PLACITELLA ROTH, PC
127 Maple Avenue
Red Bank, NJ 07701
Telephone 888-219-3599
Facsimile: 215-567-6019
Email: cplacitella@cprlaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATION OF SERVICE

I hereby certify on this 1st day of May, 2024, I caused a true and correct copy of Plaintiffs' Steering Committee's Response and Objections to Defendants' Updated Notice of Oral and Videotaped Deposition of William Longo, Ph.D., Duces Tecum, Notice to Preserve and Notice of Inspection to be served via electronic mail on the following counsel for Defendants:

Susan M. Sharko, Esq.
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
susan.sharko@dbr.com

                                                *s/ P. Leigh O'Dell*
                                                P. Leigh O'Dell