# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2738 |
| This Document Relates To All Cases |  |

## DEFENDANTS JOHNSON & JOHNSON AND LLT MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE REBUTTAL EXPERT REPORT OF DR. ELIZABETH STUART

FAEGRE DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
(212) 735-3000

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*

When O'Brien 2024 was published, on the eve of defendants' expert disclosure deadline, plaintiffs strongly objected to a staggered schedule, under which plaintiffs would have supplemented their expert reports first, so that defendants' experts could have responded to plaintiffs' experts' opinions on that paper. The Court agreed with plaintiffs, requiring simultaneous expert opinions from both sides, even though plaintiffs have the burden of proof in this litigation. Plaintiffs have now turned their own argument and the Court's ruling on their head, submitting an untimely report from Dr. Stuart that responds to a *defense* expert report on the O'Brien paper. Plaintiffs attempt to justify Dr. Stuart's untimely report on the supposed ground that defense expert Dr. John Kornak revealed new opinions for the first time in his July deposition. He did not.

Dr. Kornak's opinion that O'Brien 2024 is "flawed and unreliable" was fully and timely disclosed on May 28, 2024 in Dr. Kornak's report. While plaintiffs complain that Dr. Kornak did not specifically mention the peer-review process in that report, Dr. Stuart's report is not limited to that issue; rather, she responds to Dr. Kornak's report generally. Moreover, it was *plaintiffs* who specifically questioned Dr. Kornak about how the paper passed peer review despite its flaws. Asking those questions did not entitle plaintiffs to ignore the Court's order and submit an untimely expert report.

## ARGUMENT

As set forth in defendants' opening brief, the Court should strike Dr. Stuart's rebuttal report because: (1) it is untimely under the applicable case management orders; (2) its admission would be highly prejudicial; and (3) the prejudice cannot be rectified in light of the Court's explicit statement that further extensions related to expert evidence will not be considered. (*See* Mot. at 4-8.) Plaintiffs' various arguments in response lack merit.

*First*, plaintiffs do not seriously dispute that their disclosure of Dr. Stuart's July 21 report was untimely. (*See* Opp'n at 12 ("Plaintiffs regret that they were not able to disclose Dr. Stuart's July 21, 2024 report any earlier.").) Instead, they argue that defendants' expert, Dr. Kornak, "committed the more serious disclosure violation" by supposedly failing to disclose the entirety of his opinions until his July 8, 2024 deposition. (*Id.* at 10.) This claim is both false and self-serving. Dr. Kornak's opinions were fully and timely disclosed in his May 28 report, which identifies seven reasons why the O'Brien 2024 "analysis [is] flawed and unreliable." (Rep. of John Kornak ("Kornak Rep.") at 3, May 28, 2024 (Opp'n Ex. A).) As Dr. Kornak explains in his report: (1) the paper improperly "hinges on the authors' reclassification of women who never indicated genital talc use as genital talc users"; (2) "imputation" of genital talc use data "exacerbates the 'recall bias' problem"; (3) the "chosen imputation method is inappropriate for the dataset"; (4)

2

"'imputed' genital talc use is likely a poor proxy for a woman's actual genital talc use"; (5) "'imputations' of genital talc use rely on circular logic"; (6) an "unreliably large share of the authors' data on genital talc use" is assumed; and (7) the assumed genital talc use data "rely on inconsistent questions across Sister Study enrollment and follow-up questionnaires." (*Id.* at 3-4.)

Plaintiffs claim that Dr. Kornak "expanded his opinions" by testifying at his deposition that the O'Brien 2024 study should have never been published "due to flaws in the peer-review process." (Opp'n at 5.) But Dr. Kornak was simply responding to ***plaintiffs' counsel's*** questions as to how O'Brien 2024 could have satisfied the requirements for peer review in light of the flaws highlighted by Dr. Kornak in his report. For example, when asked if O'Brien 2024 "went through peer review" (Dep. of John Kornak 106:21-22, July 8, 2024 (Opp'n Ex. B)), Dr. Kornak explained that the reviewers "must have not had biostatistical review" or that "nobody picked up on the biostatistical problems in this paper" (*id.* 107:1-3, 165:9-15). Similarly, when asked by plaintiffs' counsel whether the peer reviewers "missed" "[t]he methodology concerns that ***you identify in your report***" (*id.* 166:18-24 (emphasis added)), Dr. Kornak responded: "[t]hey absolutely missed it, yes" (*id.* 167:1-2 (emphasis added)). These responses were not only elicited by plaintiffs' counsel but are also entirely consistent with the crux of Dr. Kornak's report, which is that the O'Brien "analysis [is] flawed and unreliable." (Kornak

3

Rep. at 3.)

As courts have recognized, an expert's responses to questions posed by the other side during a deposition do not constitute "new" (i.e., previously undisclosed) opinions that contravene the requirements of Rule 26.  *See, e.g.*, *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, MDL No. 2846, 2020 U.S. Dist. LEXIS 251315, at *504-05 (S.D. Ohio Apr. 16, 2020) (denying motion to strike allegedly undisclosed opinion where "it was [p]laintiffs' counsel who elicited Dr. Badylak's challenged opinion regarding the ST coating by specifically asking about the timing of the resorption period observed in the animal studies"); *Strickholm v. Evangelical Lutheran Good Samaritan Soc'y*, No. 4:11-cv-00059-BLW, 2013 U.S. Dist. LEXIS 28590, at *13 (D. Idaho Feb. 28, 2013) (plaintiff's expert "did not offer a new opinion with this testimony—she simply related her own experience in response to a question" posed by defendant).  And Dr. Stuart's opinions are not even primarily focused on the peer-review issue. Rather, she takes aim at all of Dr. Kornak's opinions, including those plaintiffs admit were timely disclosed.

In short, Dr. Kornak disclosed the totality of his opinions related to O'Brien 2024 on May 28 in accordance with Judge Singh's order; by contrast, plaintiffs did not serve the entirely new opinions of Dr. Stuart until nearly two months later and without any substantial justification.

*Second*, plaintiffs argue that "[t]here is no 'I get the last word' clause in Rule 26"; rather, Rule 26 only requires "*fair* disclosure and a *fair* opportunity to discover the opposing party's rationales." (Opp'n at 11.) This argument is the height of *chutzpah* since **plaintiffs'** insistence on simultaneous disclosures prevented defendants from responding to any of plaintiffs' experts' opinions regarding O'Brien 2024, even though plaintiffs bear the burden of proving causation. As the authority cited in defendants' opening brief and ignored by plaintiffs explains, "[a] party with the burden of proof on an issue should not be allowed to secretly prepare an army of 'rebuttal' experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy. If they were allowed to do so, their work would not be subject to a direct response from any opposing expert." *See Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *2-3 (N.D. Cal. Nov. 15, 2011).

*Third*, plaintiffs argue that any prejudice can be remediated by "grant[ing] a limited window during which Dr. Stuart could be deposed, and during which time Defendants could file a motion to exclude her." (Opp'n at 13.) But Magistrate Judge Singh expressly ruled that "[n]o further depositions of [p]laintiffs' experts will be granted" (ECF No. 32214), while Judge Shipp made clear that he "will not entertain any requests for an extension of the current briefing dates" (ECF No. 32991 at 2 n.1). Although plaintiffs insist that the Court has not

5

specifically addressed any "necessary supplemental expert discovery or disclosure" (Opp'n at 12), the only logical interpretation of the orders just discussed is that any such supplementation would be ipso facto improper.

Moreover, plaintiffs' proposal is particularly galling because, as discussed above, they previously ***rejected*** defendants' proposal to stagger O'Brien 2024-related expert disclosures and permit additional depositions of plaintiffs' experts on that study, arguing that any deviation from the existing schedule would "up-end the *Daubert* deadlines." (*See* Mot. Ex. 1.) Plaintiffs' own logic forecloses their bid to reopen discovery, which would not only necessitate a deposition of Dr. Stuart, but also require the filing of additional Rule 702 motions concerning her opinions and formulation of rebuttal reports by defendants' experts. In addition, if plaintiffs were permitted to introduce a completely new expert into this litigation in response to one of defendants' experts, it would only be fair to allow defendants, who followed the Court's rules, the corresponding right to disclose new opinions in response to plaintiffs' experts' opinions regarding O'Brien 2024. Declining to strike Dr. Stuart's untimely report would thus "up-end" the Court's entire approach to discovery and current pre-trial schedule, creating significant delay and prejudice.

6

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in defendants' opening brief, the Court should strike Dr. Stuart's expert report in full.

Dated:  August 27, 2024         Respectfully submitted,

/s/ Susan M. Sharko
Susan M. Sharko
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:   973-360-9831
E-mail:  susan.sharko@faegredrinker.com

Allison M. Brown
Jessica Davidson
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
212-735-3000

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*