IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILTY LITIGATION | No. 3:16-md-02738-MAS-RLS |

**NON-PARTY DEPONENT'S RESPONSE IN OPPOSITION
TO DEFENDANTS JOHNSON & JOHNSON AND
LLT MANAGEMENT, LLC'S OBJECTIONS TO THE
SPECIAL MASTER'S ORDER ON DEFENDANTS'
MOTION TO COMPEL MR. HESS'S DEPOSITON TESTIMONY**

Non-party Paul Hess hereby responds to Defendants Johnson & Johnson and LLT Management LLC's Objections to the Special Master's Order on Defendants' Motion to Compel Mr. Hess's Deposition Testimony [Dkt. No. 33106-2].[1] The Court should overrule those objections, because (I) Defendants' objections are untimely, and (II) the Special Master did not abuse his discretion and properly restricted the scope of the deposition of Paul Hess to his personal observations under Federal Rule of Civil Procedure 26(b)(4)(D).

---

[1] The undersigned is counsel for non-party Paul Hess, is not an attorney of record in this MDL, and requests limited permission to make this special purpose Response in Opposition.

## Statement of Facts

Paul Hess is a polarized light microscopy ("PLM") microscopist, employed by Material Analytics Services, LLC ("MAS").[2] He has not been designated as a testifying expert witness in this case. Instead, Plaintiffs retained and disclosed Dr. William Longo of MAS as an expert witness. Hess is one of the scientists at MAS, who perform specialized tasks which Dr. Longo reviews and double-checks before forming his own conclusions.[3]

Plaintiff moved to quash the deposition subpoena directed to Paul Hess under Rule 26(b)(4)(D), given his status as a non-testifying consulting expert. The Special Master denied the motion to quash but limited the deposition to Hess's firsthand or personal knowledge about the tests at issue in Dr. Longo's expert reports.[4]

Paul Hess sat for a five-hour deposition on July 10, 2024. Due to the Defendants' overreaching, the parties contacted the Special Master during Hess's deposition to further clarify the scope of the deposition, and the Special Master reiterated that Hess "is only going to testify about his personal observations."[5] The Special Master restricted the scope of the deposition to "what Mr. Hess did, his

---

[2] Deposition of Paul Hess [Dkt. No. 32993-3], pp. 8-11.
[3] Dr. Longo Aff. (attached hereto as Exhibit A), ¶¶ 10 ("I personally oversee efforts to ensure quality control and that laboratory protocol is followed. This collaborative approach is common practice and is the industry standard."), 12.
[4] *Special Master No. 23 (Deciding Plaintiffs' Motion to Quash or for Protective Order regarding subpoena directed at Paul Hess* [Dkt. No. 32817].
[5] *Deposition of Paul Hess* [Dkt. No. 32993-3], p. 44.

tests, his personal observations. The deposition is not to get Mr. Hess's opinion on what somebody else did or what somebody else opines."[6]

> Counsel, I am persuaded by plaintiffs' argument. Really, this shouldn't be that difficult an issue. The boundaries of this deposition were set forth in the requests and my order.
>
> It's just about the tests that he did, how he did it, his observations. He is not there to answer questions about why did they get the result in a 2019 test and a different result in a later test; that's not why he is there.
>
> He is there to talk from his personal observation about the new test; <u>that's it</u>.[7]

Despite these rulings, Johnson & Johnson's counsel repeatedly asked Hess questions beyond his personal observations, e.g., "the purpose of a blue light or a daylight filter," whether "a blue light or daylight filter" was used on an image from an expert report in another case, whether ISO 22262-1 "says anything about using blue or daylight filters," "what reference talc looks like from the USC documents," his opinions on exhibits prepared by the Defendants, his opinion of slides from Dr. Su, his opinion on Dr. Wylie's work, the expected effect of switching to 1.560 oil, the effect of tungsten lighting to the color of images, and what CSDS color he would assign to talc plates not in the report.[8]

---

[6] *Id.* at p. 36.
[7] *Id.* at p. 41 (emphasis added).
[8] Deposition of Paul Hess [Dkt. Nos. 32993-3 and 32993-4], p. 44 at pp. 65, 69, 72, 75, 81-82, 84-85, 91, 97, 123-130.

Defendants Johnson & Johnson and LLT Management, LLC filed their *Motion to Compel Deposition Testimony of Paul Hess and for Sanctions* [Dkt. No. 32993-1]. In ruling on that motion, the Special Master sustained most objections made at the deposition and overruled others, identifying the questions that Hess would be required to answer if the Defendants chose to resume his deposition. [Dkt. No. 32993]. The Special Master repeated his instructions that the deposition could "only cover [Hess's] firsthand or personal knowledge about the tests at issue in Longo's experts report."[9] That order was filed and served on August 6, 2024.

Defendants did not seek a follow-up deposition. Unsatisfied with the Special Master's rulings and seeking to expand the scope of the deposition, Defendants filed their objections to the Special Master's order on August 21, 2024,[10] after the August 20, 2024 deadline for any objections.[11] Defendants did not seek or obtain any extension or leave of court to allow their late filing.

---

[9] *Special Master Order No. 26 (Deciding Motion to Compel Hess Deposition Testimony)* [Dkt. No. 33067], p. 2.

[10] *Defendants Johnson & Johnson and LLT Management LLC's Objections to the Special Master's Order on Defendants' Motion to Compel Mr. Hess's Deposition Testimony* [Dkt. No. 33106-2].

[11] *See* Sept. 11, 2017 Order Regarding Special Master's Duties and Authority [Dkt. No. 704], p. 3; Order Appointing Special Master [Dkt. No. 18360], p. 2 (providing that September 11, 2017 order "shall remain in full force and effect," with respect to Special Master Joel Schneider)..

**Argument and Citation of Authority**

**I.      Defendants' objections should be overruled as untimely.**

Under the Court's Order Regarding Special Master's Duties and Authority [Dkt. No. 704], "[a]ny party objecting to an order or report of the Special Master shall file such objections within fourteen (14) days after service of the Special Master's order or report …."[12] The Special Master issued rulings on the scope of Hess's deposition on June 12, 2024 (in his order on Plaintiffs' motion to quash) and again on July 10, 2024 (during Hess's deposition), limiting Hess's deposition to his personal observations. Defendants did not object to or appeal those rulings within fourteen days and therefore their objections should be denied on that basis alone.

Furthermore, the Special Master's Order on Defendants' Motion to Compel His Deposition Testimony [Dkt. No. 33067] was filed and served on August 6, 2024. Therefore, any objections to that order were required to be filed by August 20, 2024. Defendants failed to comply with this deadline, instead filing their objections on August 21, 2024, without any extension and without seeking leave of court to file their objections late. "One purpose of appointing a Special Master for discovery is to expedite the resolution of discovery disputes."[13] Defendants'

---

[12] Sept. 11, 2017 Order Regarding Special Master's Duties and Authority [Dkt. No. 704], p. 3.
[13] *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2012 U.S. Dist. LEXIS 194657, at *6-7 (W.D. Pa. Nov. 16, 2012).

unexcused late filing of their objections undermines that purpose. The Court should overrule Defendants' objections as untimely, consistent with the practice of other district courts.[14]

## II. The Special Master did not abuse his discretion in his order on Defendants' motion to compel.

Under Federal Rule of Civil Procedure 53(f), the Court "may set aside a master's ruling on a procedural matter only for an abuse of discretion." "The Special

---

[14] *See, e.g., In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2024 U.S. Dist. LEXIS 106526, at *25 n.1 (S.D.N.Y. June 10, 2024) (denying objections to Special Master's decisions, as untimely); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV 15-02034 JVS(JCGx), 2017 U.S. Dist. LEXIS 225851, at *3 (C.D. Cal. June 27, 2017) (overruling objections to Special Master's order, because those objections were untimely). *See also Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (district court's acceptance of late filing without complying with FRCP 6(b) was an abuse of discretion); *Philbin. v. Brett Dinovi & Assocaites, LLC*, No. 21-cv-20402, 2024 U.S. Dist. LEXIS 80750, at *3 (D.N.J. Jan. 9, 2024) (denying motion as untimely); *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704, 2022 U.S. Dist. LEXIS 148617, at *7-8 (D. Del. Apr. 28, 2022) (striking untimely objections to Special Master's Report and Recommendation); *Matthewson v. Ryan*, No. CV 10-02235-PHX-NVW (LOA), 2012 U.S. Dist. LEXIS 20848, at *4 (D. Ariz. Feb. 16, 2012) ("The absence of a timely objection precludes later assignment of error in [the district] court or in any higher court of the non-dispositive rulings of a magistrate judge."); *Tama Broad. v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 3:08-cv-222-J-34TEM, 2009 U.S. Dist. LEXIS 136690, at *12 (M.D. Fla. Nov. 25, 2009) ("objections could be denied on the basis of untimeliness alone."); *Omar v. Mueller*, Civil Action No. 07-813 (SRC), 2007 U.S. Dist. LEXIS 71439, at *2 (D. N.J. Sep. 26, 2007) ("untimeliness alone constitutes sufficient grounds to deny a motion for reconsideration.").

Master's management of the discovery process is entitled to great deference."[15] The Special Master did not abuse his discretion in his order on Defendants' motion to compel, which sustained some of Plaintiffs' objections to questions propounded at Hess's deposition and overruled others.

Much of Defendants' argument do not relate to the deposition of Paul Hess but instead is directed to disagreements with Dr. Longo's testimony. These arguments are not appropriate at this juncture. To be clear, the Special Master permitted the deposition of Paul Hess; however, it was limited in scope. Defendants simply refuse to accept the Special Master's repeated limiting instructions.

Under Rule 26(b) the Special Master has the authority to limit the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[16] Under Rule 26(b)(4)(D), a party may only obtain discovery from a non-testifying scientist like Paul Hess upon a showing of

---

[15] *In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, No. 2:19-md-02921 (BRM) (ESK), 2022 U.S. Dist. LEXIS 141982, at *20 (D.N.J. Aug. 9, 2022) (citation and punctuation omitted).

[16] FED. R. CIV. P. 26(b)(1).

"exceptional circumstances."[17] And parties may properly object and instruct witnesses not to answer questions at a deposition under Rule 30(c)(2), "to enforce a limitation ordered by the court."

The non-party status of a person to whom discovery is directed "is a significant factor in determining whether the burden imposed by a subpoena is undue."[18]

Defendants have already taken Hess's deposition and went beyond Hess's personal observations, a limit properly imposed by the Special Master which Defendants did not timely appeal. Defendants have failed to show any abuse of discretion by the Special Master or that any of the information sought in their disallowed questions could not be obtained from Dr. Longo, his expert report, or by other means. Hess adopts and incorporates by reference the Plaintiffs' response to Defendants' objections.

Dr. Longo has been deposed many dozens, if not hundreds, of times in talc litigation and Defendants disclosed witnesses who intend to critique Dr. William

---

[17] FED. R. CIV. P. 26(b)(4)(D).
[18] *Aeritas, LLC v. Delta Airlines, Inc.,* No. 1:13-CV-00346-RWS-WEJ, 2013 U.S. Dist. LEXIS 22654, at *5 (N.D. Ga. Feb. 7, 2013) (citation and punctuation omitted). *See also* Doc. 1-1, pp. 8-9. *See also United States v. 36695 Clarita,* No. 15-12679, 2015 U.S. Dist. LEXIS 143429, 2015 WL 6437214, at *2 (E.D. Mich. 2015); *N.C. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 51 (D. D.C. 2005).

Longo.[19] One of Defendants' witnesses, Dr. Shu-Chun Su, even attend the deposition of Mr. Hess before his own testimony.  Significantly these Defendants' witness reports do not mention anything about needing Mr. Hess's testimony or analysis to evaluate Dr. Longo's opinions.  As the Special Master previously stated in rejecting Defendants earlier attempts to compel a laboratory observation testing: "The SM agrees with plaintiffs' conclusions that 'Defendants' experts have had no problem drawing conclusions from Dr. Longo's reports, including the photomicrographs of the samples used in these reports.[']."[20]

Johnson & Johnson and LLT Management's efforts to compel Hess to answer additional questions and render expert testimony is part of a pattern of talc defendants abusing discovery to wage war against the opinions of Dr. Longo and to harass and intimidate his employees. This strategy is part of a publicly-announced and coordinated "national defense strategy" to prevent acceptance of Dr. Longo's methods.[21] The Special Master did not authorize Defendants to depose Hess to obtain Hess's "on the spot" opinions. He is not a trial witness. He is a non-party. The questions about opinions are the exclusive domain of Dr. Longo, not Paul Hess.

---

[19] [Dkt. No. 32807].
[20] Dkt. No. 32826 at p.8.
[21] *See*, *e.g.*, Ed Ulloa, *Altering the Science: Dr. Longo's Creating Evidence of Asbestos Contamination in Cosmetic Talc Products* (2021) (published by the Defense Research Institute at https://www.dri.org/docs/default-source/paper-uploads/2021/19_ulloa_longo-dri.pdf?sfvrs=4).

Regardless, Defendants have not shown that any of their disallowed questions could not have been answered by Dr. Longo or that Dr. Longo was ever given an opportunity to answer those questions.

For these reasons, the Special Master did not abuse his discretion in placing limits on the content of the deposition of Paul Hess pursuant to Federal Rules of Civil Procedure 53(f) and 26(b).

## Conclusion

For the foregoing reasons and those set forth in Plaintiffs' response to Defendants' objections, the Court should overrule Defendants Johnson & Johnson and LLT Management LLC's objections.

Respectfully submitted,

200 Ashford Center North
Suite 500
Atlanta, GA  30338-2680
Tel:  (770) 391-9100
Fax: (770) 668-0878
cmm@boviskyle.com
eludwig@boviskyle.com
rbryant@boviskyle.com

**Bovis, Kyle, Burch & Medlin, LLC**

Charles M. Medlin
Georgia Bar No. 500688

/s/ Eric A. Ludwig
Georgia Bar No. 076224

/s/ W. Randal Bryant
Georgia Bar No. 092039

*Counsel for Paul Hess*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, a true and correct copy of the foregoing response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Eric A. Ludwig
Ga. State Bar No. 076224