UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>KELLY J. LANG, Individually<br><br>Case No. 3:19-cv-02269 | Civil No. 3:16-md-2738-MAS-RLS |

### PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

### INTRODUCTION

Stephanie Sherman of Wisner Baum LLP, counsel of record for Plaintiff Kelly J. Lang, submits the following Response to the Court's August 15, 2024 Order to Show Cause Why Cases on the Attached Exhibit A Should Not Be Dismissed With Prejudice (Dkt. 33096).

### ARGUMENT

Pursuant to the Court's MDL Amended PPF Order dated September 1, 2023 (Dkt. 27291), cases filed in or transferred to the MDL during the calendar year 2019, Plaintiffs were ordered to submit a Plaintiff Profile Form ("PPF") by February 15, 2024.

1

Since the Court's Amended PPF order was put in place, Wisner Baum LLP made numerous attempts to contact plaintiff by telephone, email, and correspondence by mail and FedEx to comply with the MDL discovery deadlines including the PPF. Wisner Baum LLP sought extensions of the discovery deadlines given the lack of response by plaintiffs.

On February 12, 2024, Plaintiff's Counsel notified Defendants requesting an extension until March 15, 2024 to submit Plaintiff's Profile Form. In addition, Wisner Baum LLP advised Defense Counsel on the difficulties reaching Plaintiff and advising that the Plaintiff has been unresponsive. On February 14, 2024, Defendants granted an extension to February 26, 2024 (See **Exhibit A**).

Pursuant to the Court's Case Management Order dated February 13, 2024, beginning on March 1, 2024 and on the first of each month thereafter, defendants were to file a report where cases where a PPF is overdue and/or has major deficiencies (the "PPF Report"). Plaintiffs whose cases are listed on a PPF Report were given an automatic 60 days to submit any deficiencies or submit their overdue PPF via MDL Centrality. Sixty days following the initial listing of a case on a PPF report, Defendants could submit an Order to Show Cause ("OTSC") for those cases where there has been failure to address and/or cure the deficiency. (Dkt. 29032).

On February 28, 2024, our office was informed of the death of Plaintiff Kelly J. Lang and thereafter filed a Notice of Death on February 28, 2024. Plaintiff's Counsel

2

has been working diligently to locate a possible Next of Kin to file an amended Short Form Complaint substituting parties pursuant to CMO 9. Plaintiff's Counsel has sent many correspondences to all known addresses of Plaintiff Kelly J. Lang, but have had no luck in identifying a Next of Kin for Plaintiff Kelly J. Lang.

On April 1, 2024, Defendants listed for the first time Plaintiff's individual case as a non-compliant case for failure to comply with the Court Orders on case specific fact discovery and submitting a PPF. (Dkt. 30612). Plaintiff's counsel continued their efforts in locating a Next of Kin for Plaintiff with no response.

On May 1, 2024, Defendants listed for the second time Plaintiff's individual case for failure to comply with the Court Orders on case specific fact discovery and submitting a PPF. Defendants advised the Court that an Order to Show Cause will be filed on June 1, 2024 should Plaintiff's individual case continue to fail to provide a PPF. (Dkt. 32127). Plaintiff's counsel continued their efforts in locating a Next of Kin for Plaintiff with no response.

On June 1, 2024, Defendants requested the Court to enter the enclosed Order to Show Cause why Plaintiff's individual case should not be dismissed with prejudice for failure to serve a Plaintiff Profile Form ("PPF"). (Dkt. 32601). Plaintiff's counsel continued their efforts in locating a Next of Kin for Plaintiff with no response.

On July 12, 2024, Plaintiff's Counsel submitted for filing a Notice of Inability to

3

substitute stating that the Next of Kin has not yet been identified or retained and probate is required to substitute parties. Plaintiff's counsel continued their efforts in locating a Next of Kin for Plaintiff with no response.

## CONCLUSION

For the foregoing reasons, Wisner Baum LLP is unable to continue its representation of plaintiff in the absence of Next of Kin's guidance, direction, cooperation, or participation in the litigation. Counsel for Plaintiff has had no contact with any of Plaintiff's family members or friends and therefore, Plaintiff's counsel intends to file a Motion to be Relieved as Counsel Pursuant to Local Civil Rule 102.1 on or before October 7, 2024.

Dated: September 4, 2024               Respectfully Submitted by:

/s/ *Stephanie Sherman*
Stephanie Sherman, Esq.
Wisner Baum, LLP
11111 Santa Monica Boulevard, Suite 1750
Los Angeles, CA 90025
Tel: 310-207-3233
Fax: 310-820-7444
ssherman@wisnerbaum.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 4, 2024**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operations of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Stephanie Sherman*
Stephanie Sherman, Esq.
Wisner Baum, LLP
11111 Santa Monica Boulevard, Suite 1750
Los Angeles, CA 90025
Tel: 310-207-3233
Fax: 310-820-7444
ssherman@wisnerbaum.com
