UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>YOULANDA C. WHITTLE, Individually<br><br>Case No. 3:19-cv-13142 | Civil No. 3:16-md-2738-MAS-RLS |

### PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

### INTRODUCTION

Plaintiff Youlanda C. Whittle ("Plaintiff") respectfully submits the following Response to the Court's August 15, 2024 Order to Show Cause Why Cases on the Attached Exhibit A Should Not Be Dismissed With Prejudice (Dkt. 33096).

### ARGUMENT

On May 30, 2019, a Short Form Complaint was directly filed on behalf of Plaintiff Youlanda C. Whittle in MDL No. 2738. Pursuant to the Court's MDL Amended PPF Order dated September 1, 2023 (Dkt. 27291), cases filed in or transferred to the MDL during the calendar year 2019, Plaintiffs were ordered to submit a Plaintiff Profile Form ("PPF") by February 15, 2024.

1

Since the Court's Amended PPF order was put in place, Wisner Baum LLP made numerous attempts to contact plaintiff by telephone, email, and correspondence by mail and FedEx to comply with the MDL discovery deadlines including submission of the PPF.

On February 14, 2024, Plaintiff's Counsel notified Defendants that Plaintiff's case was flagged as a dual rep client between our firm and Onder Law Firm. Plaintiff requested an extension until February 29 2024 to sort out which plaintiff's firm will take lead on behalf of Plaintiff. On February 14, 2024, Defendants granted an extension to February 25, 2024 (See **Exhibit A**).

Pursuant to the Court's Case Management Order dated February 13, 2024, beginning on March 1, 2024 and on the first of each month thereafter, defendants were to file a report where cases where a PPF is overdue and/or has major deficiencies (the "PPF Report"). Plaintiffs whose cases are listed on a PPF Report were given an automatic 60 days to submit any deficiencies or submit their overdue PPF via MDL Centrality. Sixty days following the initial listing of a case on a PPF report, Defendants could submit an Order to Show Cause ("OTSC") for those cases where there has been failure to address and/or cure the deficiency. (Dkt. 29032).

On February 22, 2024, our office met and conferred with the Onder Law firm and confirmed that Wisner Baum LLP would proceed to take lead of Plaintiff's individual case as Wisner Baum LLP filed the Short Form Complaint and signed up the Plaintiff

2

before the Onder Law Firm. At this time, our communication efforts to Plaintiff were continued to inform Plaintiff of the urgency of needing to submit her PPF. Despite multiple letters, phone calls, text messages, and emails, Plaintiff had not responded to Counsel.

On March 7, 2024, our office finally received a phone call from Plaintiff to complete her PPF. Plaintiff's PPF was ultimately finalized and pending her final review and electronic signature. Plaintiff again was unresponsive for the following months. Despite multiple letters, phone calls, text messages, and emails, Plaintiff had not responded to Counsel.

On April 1, 2024, Defendants listed for the first time Plaintiff's individual case as a non-compliant case for failure to comply with the Court Orders on case specific fact discovery and submitting a PPF. (Dkt. 30612). Plaintiff's counsel continued their efforts in reaching out to Plaintiff via phone, email and correspondence to receive her electronic signature in order to successfully submit her PPF - but no response.

On May 1, 2024, Defendants listed for the second time Plaintiff's individual case for failure to comply with the Court Orders on case specific fact discovery and submitting a PPF. Defendants advised the Court that an Order to Show Cause will be filed on June 1, 2024 should Plaintiff's individual case continue to fail to provide a PPF. (Dkt. 32127). Plaintiff's counsel continued their efforts in reaching out to Plaintiff via phone, email and correspondence to receive her electronic signature in

3

order to successfully submit her PPF - but no response.

On June 1, 2024, Defendants requested the Court to enter the enclosed Order to Show Cause why Plaintiff's individual case should not be dismissed with prejudice for failure to serve a Plaintiff Profile Form ("PPF"). (Dkt. 32601). Plaintiff's counsel continued their efforts in reaching out to Plaintiff via phone, email and correspondence to receive her electronic signature in order to successfully submit her PPF - but no response.

On August 28, 2024 our office finally received a phone call from Plaintiff stating that she received our correspondence expressing the urgency and the danger of her case being dismissed for failure to submit her PPF. Plaintiff's counsel received her electronic signature on September 3, 2024 and successfully submitted her PPF on September 4, 2024. (See **Exhibit B**).

## CONCLUSION

For the foregoing reasons, Counsel for Plaintiff respectfully requests the Court to not dismiss Plaintiff's case. Every effort was made by Plaintiff's Counsel in submitting her PPF in a timely manner and because the PPF has been submitted, Plaintiff's case should not be dismissed.

Dated:  September 4, 2024                    Respectfully Submitted by:

                                             /s/ *Stephanie Sherman*

4

>Stephanie Sherman, Esq.
>Wisner Baum, LLP
>11111 Santa Monica Boulevard, Suite 1750
>Los Angeles, CA 90025
>Tel: 310-207-3233
>Fax: 310-820-7444
>ssherman@wisnerbaum.com
>
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 4, 2024**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operations of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

>/s/ *Stephanie Sherman*
>Stephanie Sherman, Esq.
>Wisner Baum, LLP
>11111 Santa Monica Boulevard, Suite 1750
>Los Angeles, CA 90025
>Tel: 310-207-3233
>Fax: 310-820-7444
>ssherman@wisnerbaum.com