burns charest llp

**Warren T. Burns**
wburns@burnscharest.com

September 05, 2024

Honorable Rukhsanah L. Singh, U.S. Magistrate Judge
United States District Court- District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

    *Re:*    In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation - MDL 2738

Dear Magistrate Judge Singh:

    We write on behalf of the Burns Charest Plaintiffs listed in Exhibit A to Defendants' June 3, 2024, letter to the Court. Ten of these Plaintiffs have resolved the alleged deficiency, and the remaining Plaintiffs are currently non-responsive. We respectfully request an additional sixty (60) days to cure any alleged PPF deficiencies for the remaining Plaintiffs' cases, or in the alternative, that the case be dismissed **without** prejudice. For the reasons discussed below, there is no basis for imposing the most severe terminating sanction, a dismissal with prejudice, in this situation.

## I.    LEGAL ARGUMENT

    A trial court has the discretionary power to impose sanctions for failure to comply with discovery requests. *Hirsch v. Gen. Motors Corp.*, 266 N.J. Super. 222, 628 A.2d 1108 (Law. Div. 1993). Although it is policy that discovery rules must be complied with it is also the rule that drastic sanction should be imposed sparingly. *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir. 1974); *Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146, 148 (3rd Cir. 1968) (Trial courts often abuse discretion when failing to apply sanction less severe than dismissal.). The penalty that is imposed should be appropriate and fair to both parties. *Williams v. Am. Auto. Logistics*, 226 N.J. 117, 124, 140 A.3d 1262 (2016).

    Dismissal with prejudice is such a severe sanction to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice. *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643 (1976); *see also Boazman v. Economics Laboratory Inc.*, 573 F.2d 210, 212 (5th Cir. 1976). The normal rule is that the proper sanction "must be no more severe than is necessary to prevent prejudice to the movant." *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 504-05 (4th Cir. 1977). The Third Circuit has agreed with the Supreme Court that because dismissal is a such a harsh sanction it is only "reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 866 (3rd Cir. 1984).

## II.    RESOLVED DEFICIENCIES

The following Burns Charest Plaintiff have resolved their delinquency status. Defendants have acknowledged the resolution of these Plaintiffs delinquency status, we have listed them here out of an abundance of caution to ensure that these cases are not dismissed.

| Christina Walker OBO Nancy Owens | 3:23-cv-18705 |
|---|---|

| Connie Ollis | 3:23-cv-18652 |
|---|---|
| Brenda Carter | 3: 18-cv-02360 |
| Anita Sanders OBO Shannon Sanders | 3: 18-cv-11123 |
| Brenda Simmons | 3: 18-cv-00684 |
| Patricia Jones | 3: 19-cv-05808 |
| Barbara Maxwell | 3: 18-cv-05236 |
| Tasha Boyl | 3:23-cv-18646 |
| Patricia Brooks | 3:23-cv-18718 |
| Wendy Herrera | 3:23-cv-19356 |

### III.  UNRESOLVED DEFICIENCIES

The remaining Burns Charest Plaintiffs are currently non-responsive. Burns Charest has sent multiple warning letters, emails, and made multiple calls to all addresses, emails, and telephone numbers available in the public record for the Plaintiffs at issue. All of the correspondence has asked the Plaintiffs to contact undersigned counsel immediately in order to cure the delinquencies and has advised that Johnson & Johnson seeks to dismiss their cases. These Plaintiffs have been provided undersigned counsel's contact information on multiple occasions.

We respectfully request an additional sixty (60) days to cure any alleged PPF deficiencies, or in the alternative, that their cases be dismissed **without** prejudice. Dismissal with prejudice is the ultimate sanction and is wholly inappropriate here where these Plaintiffs have failed to meet one discovery deadline, and the delay does not impact any other important litigation deadlines.

Best regards,

**BURNS CHAREST LLP**

Warren T. Burns, Partner
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: (469) 904-4550
F: (469) 444-5002
E: wburns@burnscharest.com

Amanda Klevorn, Partner
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
T: (504) 799-2845
F: (504) 881-1765
E: aklevorn@burnscharest.com

*Attorneys for Burns Charest LLP Plaintiffs*

cc: All Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 5, 2024</u>, a copy of the foregoing document was filed via the Court's CM/ECF electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

<u>*/s/ Warren T. Burns*</u>
Warren T. Burns