

**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com



**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

September 5, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
> **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

In accordance with the Court's Orders of April 30, 2024 (ECF 32123) and August 2, 2024 (ECF 33059), affording the Plaintiffs' Steering Committee ("PSC") an opportunity to identify a case *or* cases to be consolidated for the first trial, the Plaintiffs' Steering Committee submits this letter brief identifying the following two cases to be consolidated for the first trial: *Carter Judkins v. Johnson & Johnson, et al.* (No. 3:19-cv-12430-MAS-RLS), and *Pasqualina Rausa, et al. v. Johnson & Johnson, et al.* (No. 3:20-cv-02947-MAS-RLS).

## I.    Consolidation of the Cases Is Permitted under Rule 42

Rule 42 of the Federal Rules of Civil Procedure permits the consolidation for trial of any actions before the court which involve a common question of law or fact. Fed. R. Civ. P. 42(a)(1). *See, e.g.*, *Nanavati v. Burdette Tomlin Memorial Hosp.*, 857

F.2d 96, 103 n. 3 (3d Cir. 1988), *cert. denied,* 109 S. Ct. 1528 (1989) (consolidation is appropriate where there are actions involving common questions of law or fact); *Fields v. Biomatrix, Inc.,* 198 F.R.D. 451, 454 (D.N.J. 2000) (same) (citations omitted). This court has broad discretion in determining whether to consolidate cases. *See Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65, 80 (D.N.J.1993) ("Rule 42(a) gives the [D]istrict [C]ourt 'broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice.'"). "Consolidation is appropriate in order to avoid unnecessary costs and/or delay, and to promote judicial economy." *Liberty Lincoln Mercury,* 149 F.R.D. at 80-81 (citations omitted).

The Federal Judicial Center's Manual on Complex Litigation expounds on Rule 42, stating that "[w]hether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases." *See* Manual on Complex Litigation § 11.631 (4th ed. 2004). If common evidence predominates, consolidation may promote efficiency. *Id.*

## II.    The *Judkins* and *Rausa* Cases Present Common Issues of Law and Fact

Common issues of law and fact do in fact predominate in the *Judkins* and *Rausa* cases. Both women were *frequent* users of Johnson's Baby Powder for more than 45 years during the same time period. Both women were diagnosed with epithelial ovarian cancer, serous subtype. Both women have undergone surgery and similar therapeutic regimens of chemotherapy. Mrs. Rausa is currently undergoing additional chemotherapy following a recurrence of her cancer. Talc particles have been pathologically identified in both women's tissue.

Ms. Judkins is a resident of the state of New Hampshire. Mrs. Rausa is a resident of the state of Florida. Both women assert claims of strict liability, strict liability design defect, strict liability failure to warn, negligence, breach of expressed warranty, breach of implied warranty, negligent misrepresentation, and fraud.

Each case involves the same type of exposure to Johnson & Johnson's talcum powder products (*i.e.,* frequent genital application). Each case will involve the same presentation of liability evidence. Each case will involve the same presentation of general causation evidence. Though the presentation of specific causation evidence

will be individualized, Ms. Judkins and Mrs. Rausa's medical histories are remarkably similar, particularly in terms of ovarian cancer risk factors. Moreover, based on Defendants' previous presentations in other ovarian cancer cases, Defendants' liability evidence, general causation witnesses and case-specific witnesses will be similar, if not the same, in each case.

### III.    Consolidation of Cases for an MDL Bellwether Trial Is Appropriate under Rule 42, a Common Practice, and Creates Efficiencies for the Court

The consolidation of these cases for trial is supported by the Judicial Panel for Multidistrict Litigation's decision to centralize these cases in this MDL – "[a]ll the actions involve factual questions relating to the risk of cancer posed by talc and talc-based body powders, whether the defendants knew or should have known of this alleged risk, and whether defendants provided adequate instructions and warnings with respect to the products." *In re: Johnson & Johnson Talcum Powder Prods. Marketing, Sales Practices and Prods. Liab. Litig.*, MDL No. 2738, 220 F.Supp.3d. 1356 (JPML 2016).

Further, other MDL courts, similarly faced with thousands of pending cases, have consolidated cases for trial in accordance with Rule 42, finding that common issues of law and fact predominate. Following are just a few examples:

- *In re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, MDL No. 2244, 2016 WL 10719395 (N.D. Tex. January 1, 2016) (Kinkeade, J.): The court consolidated five personal injury cases involving allegations that the Pinnacle hip device was defectively designed and/or manufactured, and that defendants failed to provide adequate warnings concerning the device. The court found that the rights of the parties were not prejudiced by consolidation and any differences regarding individualized damages "can be easily explained to a jury, and any potential risks of prejudice or confusion may be avoided through the organized presentation of evidence and cautionary jury instructions." *Id.* at 2.

- *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885, Order of December 30, 2020 (N.D. Fla.) (Rodgers, J.): During the course of the MDL, the Court conducted several multi-plaintiff bellwether trials, including one

which involved five plaintiffs. *See* Exhibit A. The Court found that the "efficiencies to be gained by consolidation . . . for trial far outweigh any potential prejudice to Defendants or potential risk of jury confusion, given the substantial overlap in the issues, facts, witnesses, and other evidence, as well as the similarities in the state law applicable to their claims." *Id.* at 2.

▪ *In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig.,* MDL No. 2326, Pretrial Order # 91 (S.D. W. Va. April 11, 2014) (Goodwin, J.) (Exhibit B): The court, faced with over 50,000 cases in the pelvic mesh MDLs, consolidated for trial five personal injury cases involving the same pelvic floor repair product. The court found that common issues of law and fact favored consolidation because each case involved the same product, similar injuries and the same defendant. The court noted that "[c]onsolidation of cases in multidistrict litigation is not new, and the risk of juror confusion can be avoided if the evidence is presented in an organized manner with carefully crafted jury instructions." *Id.* at 4 (footnote omitted). *See In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig.,* MDL No. 2326, Pretrial Order # 54 (Goodwin, J.) (consolidating four cases for trial involving allegations of a defective stress urinary incontinence product) (Exhibit C); *see also Frankum v. Boston Scientific Corp.,* 2015 U.S. Dist. LEXIS 80444 (W.D. N.C. June 19, 2015) (consolidating two cases involving the same stress urinary incontinence product for trial).

▪ *In re: Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. MDL No. 2004, 2010 WL 797273 (M.D. Ga. Mar. 3, 2010) (Land, J.): The Court consolidated four personal injury cases for trial, finding consolidation appropriate after considering the significant common issues related to the manufacturer's knowledge of risks and proper curative treatment versus what was disclosed to physicians, along with other common evidence such as expert testimony. *Id.* at 2. The Court further explained that:

> Consolidation appears to be a particularly appropriate tool that should be seriously considered in modern-day multidistrict litigation. It has already been determined that cases referred to a district court by the Judicial Panel on Multidistrict Litigation involve common questions of law and fact such that it is deemed appropriate, and preferable, that the pretrial aspect of the cases

be handled in a consolidated manner. Furthermore, it has been found that conducting "bellwether trials" is often an effective way to manage multidistrict litigation to a successful conclusion. For the bellwether trial concept to be an effective gauge for evaluation of other cases, it would appear that the more bellwether trials conducted, the more reliable the gauge. Since a court has limited time and resources to try large numbers of bellwether trials, it would appear that consolidation of multiple cases for trial in the MDL setting would provide the parties with an opportunity to obtain results for multiple claims without burdening the court or the parties with the substantial cost of multiple separate trials.

*Id.* at 2-3 (citations omitted).

- *In re: National Prescription Opiate Litig.*, MDL No. 2804, 2020 WL 2850288 (N.D. Ohio June 2, 2020) (Polster, J.): The court consolidated three cases for the trial of the plaintiffs' public nuisance claims finding that doing so would not prejudice the defendants, would save the parties "immeasurable cost and time," and would "'enable the parties and the court to determine the nature and the strength of the claims' and resolve legal issues common to many cases." *Id.* at 2 (citing the Manual for Complex Litigation (Fourth) § 22.315).

Lastly, Judge Viscomi of the Superior Court of New Jersey, Middlesex County, has consolidated cases involving exposure to Johnson & Johnson's Baby Powder which resulted in mesothelioma. *See Barden, et al. v. Brenntag North Am., et al.*, No. MID L-1809-17AS (Feb. 1, 2019 Sup. Ct. of N.J., Civ. Div., Middlesex County) (Exhibit D); *see also In re: DePuy ASR Hip Implants Litig.*, Master Dkt. No. BER-L-3971-11, Order of Aug. 13, 2013 (Sup. Ct. of N.J., Law Div., Bergen County) (Martinotti, J.S.C) (order denying Defendants' motion to seek separate trials in a consolidated trial of personal injury cases involving allegations of a defective medical device and failure to warn).

In sum, common issues of law and fact predominate, making the consolidation of the *Judkins* and *Rausa* cases appropriate and permissive under Rule 42. Consolidation of the cases for trial will create efficiencies and lessen burdens on the Court, save the parties costs and time, enable the Court and parties to evaluate the

Hon. Michael A. Shipp, U.S.D.J.
Hon. Rukhsanah L. Singh, U.S.M.
September 5, 2024
Page 6

strengths and weaknesses of the claims, and resolve common legal issues applicable to many cases pending in the MDL.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ P. Leigh O'Dell*                    */s/ Michelle A. Parfitt*

P. Leigh O'Dell                    Michelle A. Parfitt


cc:    Susan Sharko, Esq. (via email)
       All Counsel (via ECF)