# Exhibit A

Case 3:19-md-02885-MCR-HTC Document 1826031 Filed 12/09/2024 Page 2 of 5
Case 3:19-md-02885-MCR-HTC Document 1826031 Filed 12/09/2024 Page 2 of 5
PageID: 258193

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Baker*, 7:20cv39 *Estes*, 7:20cv137 *Hacker*, 7:20cv131 *Keefer*, 7:20cv104 *McCombs*, 7:20cv94 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## ORDER

This matter is before the Court on Plaintiffs' motion to consolidate the above-referenced cases for trial. *See* ECF No. 1551. On consideration, the motion is granted with respect to Plaintiffs Luke and Jennifer Estes, Lewis Keefer and Stephen Hacker. Plaintiffs Dustin McCombs and Lloyd Baker will be tried separately and individually.

Under Federal Rule of Civil Procedure 42(a), a district court may consolidate multiple cases involving "common question[s] of law or fact" for trial. A court has broad discretion to determine whether and to what extent consolidation is appropriate. *See Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017). In exercising that discretion, the court must consider the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the

Case 3:16-md-02738-MAS-RLS Document 33681 Filed 12/09/24 Page 3 of 5
Case 3:19-md-02885-MCR-HTC Document 3826 Filed 07/03/24 Page 2 of 4
PageID: 258194

Page 2 of 4

length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants."[1] *Id*. at 1314. While considerations of prejudice to a party or the likelihood of jury confusion may be sufficient to deny consolidation, the court should also determine whether those risks "can be alleviated by utilizing cautionary [jury] instructions" and "controlling the manner in which [the parties' claims and defenses] are submitted to the jury for deliberation." *Id*. at 1313-14. In the Eleventh Circuit, district courts are "urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id*. at 1314.

The Court has carefully considered the above standard in light of the parties' arguments and finds that the efficiencies to be gained by consolidation of Estes, Keefer, and Hacker's cases for trial far outweigh any potential prejudice to Defendants or potential risk of jury confusion, given the substantial overlap in the issues, facts, witnesses, and other evidence, as well as the potential similarities in the state laws applicable to their claims.[2] "Although each plaintiff's proof of causation [will be]

---

[1] As observed by the Fourth Circuit, "[c]onsolidation does not alter the basic standard of care required of manufacturers, and its benefits would seem to run to both plaintiffs and defendants. It is not the tool itself, but how it is utilized." *See Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 76 (4th Cir. 2018).

[2] Although the Court has not yet ruled on the choice-of-law issues in the Trial Group A cases, that ruling will not impact this consolidation decision.

Case No. 3:19md2885/MCR/GRJ

Case 3:19-md-02885-MCR-HTC Document 8265-1 Filed 12/09/24 Page 4 of 5
Case 1:18-md-02738-MAS-RLS Document 1631 Filed 09/03/20 Page 4 of 5
PageID: 258195

Page 3 of 4

necessarily [individualized and] different, generally differences in causation are not enough, standing alone, to bar consolidation of products liability claims." *See id.* To the extent any risk of prejudice or juror confusion remains, it will be ameliorated through prudent trial management and the use of carefully crafted jury instructions.

In any event, Defendants' "central argument" is related to the bellwether process and not prejudice. While the Court appreciates the practicality of Defendants' argument, it cannot overcome the need for efficiency in the trial process. Indeed, separate trials in these three cases would be largely repetitive and thus would implicate the great many burdens, delays, and expenses that consolidation is designed to mitigate. With that said, the Court recognizes the benefit to trying some individual cases for the practical reasons Defendants point to. For that reason, the Court has decided to try two of the five cases individually.

Accordingly:

1. Plaintiffs' motion, ECF No. 1551, is **GRANTED** with respect to Case Nos. 7:20cv137 (Luke and Jennifer Estes); 7:20cv104 (Lewis Keefer); and 7:20cv131 (Stephen Hacker). The consolidated trial will proceed first, and thus is currently set for April 5-30, 2021. If additional time will be required to accommodate the consolidation, then the trial may instead begin on March 29, 2021. The parties are directed to confer on this issue and advise the Court of whether an additional trial week is needed by January 8, 2021.

2. The individual trial in Case No. 7:20cv94 (Dustin McCombs) will be set for May 17-28, 2021.

3. The individual trial in Case No. 7:20cv39 (Lloyd Baker) will be set for June 7-18, 2021.

Case No. 3:19md2885/MCR/GRJ

4. The combined pretrial conference for all Trial Group A cases will proceed the week of March 15, 2021.

**SO ORDERED**, on this 30th day of December, 2020.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**