

**Susan M. Sharko**
Partner
susan.sharko@faegredrinker.com
+1 973 549 7350 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

September 6, 2024

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation
      **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

I write in response to the PSC's letter of yesterday (Dkt. No. 33260), in which the PSC purports to select not one, but two cases (*Judkins* and *Rausa*) to be consolidated for the first bellwether trial in this MDL. Frankly, Defendants are puzzled at this selection; Judge Wolfson was very clear that the bellwethers in this MDL "are going to be single-plaintiff cases. So let's put aside that idea [of multi-plaintiff trials]." Jan. 26, 2021 Status Conference Tr. at 13:18-21. Judge Wolfson's case management orders for the Stage Three cases (*e.g.*, Dkt. No. 24511) likewise contemplated Plaintiffs selecting "the case" – not "the cases" – they propose for trial.

Despite that history, the PSC attempted to sidestep Judge Wolfson's decision in its August 11, 2023 letter to the Court (Dkt. No. 26622) and requested multi-plaintiff trials. Defendants' response to that letter (Dkt. No. 26662) reminded the Court of Judge Wolfson's decision. The topic did not come up at the September 6, 2023 Status Conference, nor has the Court entertained argument on the subject since. To the extent that any case management orders have discussed the possibility of consolidated trials, they represent drift rather than a reasoned change of course following briefing and argument.

Judge Wolfson granted the PSC the right to choose the first case for trial subject to the limitation that the PSC could choose only one case for that first trial. The PSC does not have, and never has had, the unchecked right to opt for a consolidated trial; indeed, Judge Wolfson already rejected the PSC's request for one. The fact that the PSC felt the need to support its September 5, 2024 trial selections in a six-page letter with citations to authority, and not simply with a citation to the governing case management order, speaks volumes. The PSC is not

Hon. Michael A. Shipp, U.S.D.J.      - 2 -     September 6, 2024
and Hon. Rukhsanah L. Singh,
U.S.M.J.

exercising a right that it has – it is asking the Court to ignore the limitation Judge Wolfson placed on the right the PSC attempts to exercise.

    Defendants request that the Court instruct the PSC to go back and pick one case for the first trial. Alternatively, if the Court is going to consider possibly departing from Judge Wolfson's decision, we request until September 16, 2024, to brief the impropriety of multi-plaintiff trials.

    Thank you for your consideration of these matters.

Respectfully submitted,

*Susan Sharko*

Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**


SMS/emf

cc:    Leigh O'Dell and Michelle Parfitt (via email)
       All Counsel (via ECF)