UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Civil Action No. 16-2738 (MAS) (RLS)<br><br>**ORDER** |

This matter comes before the Court upon the Plaintiff's Steering Committee's (the "PSC") correspondence proposing cases for the first bellwether trial in December. (ECF No. 33260.) Defendant Johnson & Johnson ("Defendant") filed correspondence opposing the PSC's proposed cases (ECF No. 33263), and an additional correspondence asking the Court whether further briefing is necessary (ECF No. 33274). No further briefing on this issue is necessary because Chief Judge Freda L. Wolfson (ret.) plainly prohibited the PSC from suggesting consolidated cases for the first trial.

To be clear, the PSC submits two cases to be consolidated for the first bellwether trial: (1) *Carter Judkins v. Johnson & Johnson, et al.* (No. 3:19-cv-12430-MAS-RLS); and (2) *Pasqualina Rausa, et al. v. Johnson & Johnson, et al.* (No. 3:20-cv-02947-MAS-RLS). (PSC's Proposal Correspondence 1, ECF No. 33260.) In so submitting, the PSC maintains that: (1) consolidated trials are permitted under Federal Rule of Civil Procedure 42; (2) it is common practice in multi-district litigations to consolidate cases for a bellwether trial; and (3) the two proposed cases present common issues of law and fact. (*Id.* at 1-5.) Crucially, however, in submitting consolidated cases for consideration, the PSC ignores Chief Judge Wolfson's previous decision to "not try[] multi-plaintiff cases." (Jan. 26, 2021 Status Conference 13:18-21; *see also* Stage Three Cases Scheduling Order, ECF No. 24511 (requiring the PSC to identify "the case,"

not "cases," that they propose for the first trial); PSC's Proposal Correspondence (failing to mention Chief Judge Wolfson's previous decision to prohibit consolidated cases from serving as bellwethers).)

With Chief Judge Wolfson's previous findings in mind, the PSC's contentions that consolidated cases are permitted by the federal rules and present common issues of law and fact are of no moment. Moreover, the Court can find no independent basis to disregard Chief Judge Wolfson's previous findings and break with her decision to not allow consolidated cases to serve as bellwethers in this matter. Accordingly,

IT IS on this 17th day of September 2024, **ORDERED** that:

1. The PSC's request for two consolidated cases to be tried as the first bellwether trial (ECF No. 33260) is **DENIED**.

2. The PSC must identify and e-file correspondence proposing a single case that it would like to be tried as the first bellwether trial **no later than September 24, 2024**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**