# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2738 |
| This Document Relates To All Cases |   |

**DEFENDANTS JOHNSON & JOHNSON AND LLT MANAGEMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERTS' GENERAL CAUSATION OPINIONS AND AFFIDAVIT OF DR. DAVID MUTCH**

**FAEGRE DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001-8602
(212) 735-3000

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*

Plaintiffs have once again ignored this Court's scheduling orders and attempted to submit untimely arguments and evidence, this time in the form of a "supplemental" opposition to defendants' general causation motion and supporting affidavit by Dr. David Mutch—a former member of the Society of Gynecologic Oncology ("SGO"), who also treated one of the plaintiffs in this litigation.[1] The Court should strike these filings because they were submitted two weeks after the deadline for serving any response to defendants' motion. Alternatively, defendants should be allowed to depose Dr. Mutch about the circumstances surrounding the affidavit.

## ARGUMENT

"It is beyond question that [a] District Court has the authority to strike filings that fail to comply with its local rules." *Brown v. City of Philadelphia*, 541 F. Supp. 3d 605, 612 (E.D. Pa. 2021) (citation omitted). This Court set the deadline for all *Daubert* motions and oppositions to be filed by July 23 and August 22, respectively (Scheduling Order at 2, July 22, 2024 (ECF 32991)), but plaintiffs now seek to submit an entirely new brief and additional evidence regarding general

---

[1] Notably, Dr. Mutch testified at his deposition in Anna Gallardo's case that he "do[es] not believe that talc increases a risk of ovarian cancer." (Dep. of David Mutch 59:9-22, *Gallardo v. Johnson & Johnson*, No. 3:18-cv-10840 (D.N.J. Feb. 13, 2021) (Ex. 1 to Decl. of Susan M. Sharko); *id.* 61:12-19 (similar); *see also id.* 60:4-14 ("Q. [I]n caring and treating Ms. Gallardo, do you not believe that talc use caused her endometrioid ovarian cancer? . . . [A.] [B]ased on what I know, which is substantial . . . the answer to that would be yes."); *id.* 62:4-25.)

causation *two weeks past the Daubert filing deadline*.  This is not an isolated violation; rather, as the Court is aware, plaintiffs already tried to inject an entirely new expert who had no previous involvement in this litigation nearly two months after the deadline for expert disclosures and did so by way of an attachment to a motion to exclude a timely-disclosed defense expert.  (*See* ECF 33011-1 & 33011-11.)  Defendants have moved to strike that expert's opinions, and the Court should strike the "supplemental" brief and affidavit of Dr. Mutch as well.  *In re TMI Litig.*, 193 F.3d 613, 722 (3d Cir. 1999), *amended*, 199 F.3d 158 (3d Cir. 2000) (court "responded appropriately" to a party's "practice of continually ignoring . . . deadlines" by excluding proffered evidence); *Kelly v. DeJoy*, No. 19-204, 2021 WL 914207, at *3 (W.D. Pa. Mar. 10, 2021) (striking untimely response to motion for summary judgment; "[i]t is troubling that [p]laintiff's non-compliance with the Local Rules of Court and the Case Management Order was not an isolated incident in this case").[2]

---

[2]  Plaintiffs' purported "additional support" for their general causation arguments (Pls.' Suppl. Br. at 1 (ECF 33252)) is, in any event, meritless.  The gist of plaintiffs' argument—that SGO "'did not undertake [a] systematic or exhaustive review of the scientific and medical research' on talc products and ovarian cancer" (Pls.' Suppl. Br. at 3 (quoting Aff. of David Mutch ("Mutch Aff.") ¶ 11, Sept. 4, 2024 (Pls.' Suppl. Br. Ex. 1)))—misses the point.  Dr. Mutch's affidavit expressly acknowledges that the SGO did in fact consider the "studies" on talc and ovarian cancer (Mutch Aff. ¶ 12), belying any suggestion that the SGO was somehow blind to the literature upon which plaintiffs' experts are relying in deciding not to list talc as a risk factor for ovarian cancer.  The same logic also applies to an affidavit

*(cont'd)*

Alternatively, if the Court decides to consider plaintiffs' untimely submissions, defendants respectfully submit that they should be afforded the opportunity to depose Dr. Mutch about the substance and circumstances surrounding his affidavit, particularly given his status as a percipient witness whose prior testimony is at odds with plaintiffs' theory of causation.

## CONCLUSION

For the foregoing reasons, the Court should strike plaintiffs' supplemental brief on general causation and Dr. Mutch's affidavit in support thereof or, alternatively, permit defendants to depose Dr. Mutch about this new document.

Dated:  September 20, 2024    Respectfully submitted,

/s/ Susan M. Sharko
Susan M. Sharko
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:  973-549-7000
Facsimile:  973-360-9831
E-mail:  susan.sharko@faegredrinker.com

---

plaintiffs attached to their opposition to defendants' general causation motion addressing the American College of Obstetricians and Gynecologists ("ACOG"). (ECF 33129 at 37.)  Even assuming it were proper to serve what is essentially an expert affidavit in a *Daubert* opposition, the affidavit expressly acknowledges that ACOG considered the "medical research" and agreed that "[t]here is no medical consensus that talcum powder causes ovarian cancer."  (Aff. of Nancy O'Reilly ¶ 7, Aug. 14, 2024 (ECF No. 33130-45) (citation omitted).)

3

Allison M. Brown
Jessica Davidson
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
212-735-3000

*Attorneys for Defendants Johnson & Johnson and LLT Management, LLC*