# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 3:16-md-02738-MAS-RLS |

**DECLARATION OF SUSAN M. SHARKO IN SUPPORT OF DEFENDANTS JOHNSON & JOHNSON AND LLT MANAGEMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERTS' GENERAL CAUSATION OPINIONS AND AFFIDAVIT OF DR. DAVID MUTCH**

I, Susan M. Sharko, declare as follows:

I am an attorney and a partner with the law firm Faegre Drinker Biddle & Reath LLP, counsel for Defendants Johnson & Johnson and LLT Management, LLC (hereafter, "Defendants") in the above-captioned matter. The facts stated in this Declaration are true of my own personal knowledge. I submit this Declaration in Support of Defendants' Memorandum of Law in Support of Motion to Strike the Plaintiff's Steering Committee's Supplemental Brief in Support of Its Opposition to Defendants' Motion to Exclude Plaintiffs' Experts' General Causation Opinions and Affidavit of Dr. David Mutch, in the above case.

1.      Attached hereto as **Exhibit 1** is a true and correct excerpt of the transcript of the deposition of David Mutch, M.D., dated February 13, 2021, in the matter of *Gallardo v. Johnson & Johnson*, No. 3:18-cv-10840.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2024                    /s/ *Susan M. Sharko*
                                             Susan M. Sharko

# Exhibit 1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
 2

 3    IN RE:  JOHNSON & JOHNSON
      TALCUM POWDER PRODUCTS
 4    MARKETING, SALES PRACTICES,
      AND PRODUCTS LIABILITY LITIGATION
 5
                                    MDL No. 16-2738 (FLW)(LHG)
 6
      THIS DOCUMENT RELATES TO:
 7    ANNA GALLARDO,                 )
                                     )
 8                                   )
         Plaintiff,                  )Case No. 3:18-cv-10840
 9    v.                             )
                                     )
10    JOHNSON & JOHNSON, et al.,     )
                                     )
11       Defendants.                 )
12
13                          _ _ _
14
                   SATURDAY, FEBRUARY 13, 2021
15
                            _ _ _
16
17         Remote Video Deposition of DAVID G. MUTCH, M.D., taken
18    pursuant to notice and conducted at the location of the
19    witness in the State of Missouri, commencing at 9:04 a.m.,
20    Central Time, on the above date, before Jennifer A. Dunn,
21    Registered Professional Reporter, Certified Court Reporter.
22
23
24                    GOLKOW LITIGATION SERVICES
                 P:  877.370.DEPS | F:  917.591.5672
25                       deps@golkow.com
```

```
 1                    A P P E A R A N C E S
 2
 3   COUNSEL ON BEHALF OF PLAINTIFF:
 4      ONDER LAW FIRM
            BY:   CYNTHIA GARBER, ESQ.
 5          garber@onderlaw.com
            110 E. Lockwood Avenue
 6          St. Louis, Missouri  63119
            Tel:  314.408.6136
 7
 8   COUNSEL ON BEHALF OF DEFENDANT:
 9      SHOOK HARDY & BACON, LLP
            BY:   MARK C. HEGARTY, ESQ.
10          mhegarty@shb.com
            BY:   KERRY STUFFLEBEAN
11          kstufflebean@shb.com
            2555 Grand Boulevard
12          Kansas City, MO  64108
            Tel:  816.474.6550
13
14   COUNSEL ON BEHALF OF DR. DAVID MUTCH:
15      LASHLEY BAER
            BY:   NANCY R. VIDAL, ESQ.
16          nvidal@lashleybaer.com
            714 Locust Street
17          St. Louis, Missouri  63101
            Tel:  314.436.8367
18
19
20
21
22
23
24
25
```

```
 1                    I N D E X
 2
 3  DAVID MUTCH, M.D.                                    Page
 4       Examination by Mr. Hegarty                         6
 5       Examination by Ms. Garber                         70
 6       Examination by Mr. Hegarty                       147
 7       Examination by Ms. Garber                        167
 8       Examination by Mr. Hegarty                       174
 9  Certificate of Court Reporter                         176
10  Letter for Signature                                  177
11  Signature Page                                        178
12  Errata Sheet                                          179
13
14                    E X H I B I T S
15
    NUMBER      DESCRIPTION                              PAGE
16
    1           Curriculum Vitae                           11
17
    2           Current Curriculum Vitae                  ---
18
    3           Operative Report - July 25, 2013           13
19
    4           Pathology Report - August 6, 2013          19
20
    5           Corrected Report - August 1, 2013          20
21
    6           Office Visit Record dated December 18, 2013  28
22              DRMUTCH0078 through 0079
23  7           Office Visit Record dated October 7, 2014   31
                DRMUTCH074
24
    8           Office Visit Record dated May 8, 2015       34
25              DRMUTCH072
```

```
 1                  E X H I B I T S (Continued)
 2
       NUMBER    DESCRIPTION                                   PAGE
 3
       9         Office Visit Record dated December 21, 2016   35
 4               DRMUTCH063 through 064
 5     10        Office Visit Record dated May 8, 2017         37
                 DRWASSERMAN219
 6
       11        Office Visit Record dated May 15, 2018        39
 7               DRMUTCH057 to 058
 8     12        Office Visit Record dated May 22, 2019        41
                 DRMUTCH018 to 019
 9
       13        Office Visit Record dated November 17, 2020   42
10               WUSTLMR-0238 to 0240
11     14        Genetic Counseling Report                     49
                 WUSTLMR-0123 to 0124
12
       15        Genetic Test Report                           50
13               DRMUTCH-01 to 02
14     16        Office Visit Record Dated September 25, 2013  95
                 GALLARDO_ANNA_DRMUTCH_00084 to 086
15
       17        Oncology Genetic Test Report                  105
16               GALLARDO_ANNA_DRMUTCH_00001 to 00004
17     18        "Your Disease Risk" - Siteman Cancer Center   131
18     19        OpenPaymentsData.CMS.gov                      171
19
20
21
22
23
24
25
```

 1   Q   Now, Dr. Mutch, you're aware -- you're aware

 2   that -- or are you aware that we're here today taking your

 3   deposition because Ms. Gallardo is claiming in her lawsuit

 4   that talc use caused her endometrioid ovarian cancer?

 5   A   I would have -- I -- I -- no one has said that,

 6   but since Johnson & Johnson is involved, my, you know, I'm

 7   not blind, so I would have thought that that would be the

 8   likely, you know -- a likely accusation.

 9   Q   Now, you've seen Ms. Gallardo fairly frequently

10   over the last eight years.  At any point in time in the last

11   eight years did she ever ask you whether talc use -- about

12   her talc use and endometrioid ovarian cancer?

13   A   I -- I can't recall.  She might recall that, but I

14   cannot recall her answering that.

15       My -- my answer to her, if she asked that question

16   in this setting, would be that -- that I do not believe that

17   talc increases a risk of ovarian cancer, that if I did, that

18   endometrioid cancer is typically not associated with talc,

19   and that she had no calcifications or psammomatous bodies,

20   so in my opinion that would be highly unlikely.  That would

21   have been my answer to her.  That would be my typical answer

22   to patients who ask that question.

23   Q   Do you recall if Ms. Gallardo ever asked you about

24   filing a lawsuit concerning her talc use?

25   A   I -- I was surprised when I -- I was surprised

```
 1   that she did that, yes.  I mean, but, no, I mean, I was
 2   surprised when we got a request for records, yes, I was
 3   surprised.
 4        Q    And following up on your -- your last answer, is
 5   it correct that in caring and treating Ms. Gallardo, you do
 6   not believe that talc use caused her endometrioid ovarian
 7   cancer?
 8             MS. GARBER:  Object to the form.  Lacks
 9   foundation based on prior testimony.
10             THE WITNESS:  That would be my -- based on
11   what I know, which is substantial --
12             MR. HEGARTY:  I'm sorry, you're --
13             THE WITNESS:  -- endometrioid cancer, the
14   answer to that would be yes.
15             MR. HEGARTY:  Can you start that answer -- I
16   don't know if -- Jennifer, did you get that answer?  Because
17   it sort of broke up for me.
18             COURT REPORTER:  Yes, it broke up for me as
19   well.
20             MR. HEGARTY:  Would you -- would you just
21   read back my question?  Doctor, the -- the video broke up
22   right in the middle of your answer, so Jennifer didn't --
23   wasn't able to type it.
24             Yeah, would you read the question back to the
25   doctor, and, Doctor, would you mind giving your answer?
```

David G. Mutch, M.D.

```
 1                    THE WITNESS:  Am I supposed to answer this?
 2   I mean, there was an objection.
 3                    MR. HEGARTY:  No, you can answer it.
 4                    MS. GARBER:  Well, Mark, sorry.  With due
 5   respect, he's represented.
 6                    MS. VIDAL:  No, Doctor.  You -- subject to
 7   the objection, you can answer.
 8                    MR. HEGARTY:  I'm sorry.  Thank you.  Sorry I
 9   interrupted you.
10                    (The requested portion of the record was read
11   back by the court reporter.)
12                    THE WITNESS:  If she asked me that question,
13   which I cannot remember, that would be my -- my answer would
14   be that I would be -- that I do not believe that talc would
15   be associated with any ovarian cancer in particular, but
16   certainly not with endometrioid cancer, and since there were
17   no calcifications within her disease, that I would, you
18   know, that it would be highly, highly unlikely that this was
19   a talc-associated ovarian cancer.
20   BY MR. HEGARTY:
21       Q    You mentioned --
22                    MS. GARBER:  Let me just make -- Mark, sorry.
23                    MR. HEGARTY:  Go ahead, I'm sorry.
24                    MS. GARBER:  I'm going to make a motion to
25   strike the answer based on lack of foundation and that he
```

```
 1   does not recall being asked that.  And so it calls for
 2   speculation.
 3   BY MR. HEGARTY:
 4       Q    And, Doctor, you mentioned a moment ago that you
 5   have a large file of medical literature on talc and ovarian
 6   cancer; is that right?
 7       A    That is correct.
 8       Q    So is this an area, an issue, talc use and ovarian
 9   cancer, of which you have kept up to date on?
10       A    I would say I'm pretty up to date on it, yes.
11       Q    And with regard to your review of the medical
12   literature, what is your takeaway?
13            MS. GARBER:  Object to the form.
14            THE WITNESS:  Well, there are some studies
15   that show that there's an increased risk, statistical
16   increased risk, which is minimal, and probably not
17   clinically relevant that there is an increased risk.
18            Obviously, we're all aware of the large lawsuits
19   that have resulted from this.  I'm not going to go into
20   that.
21            But, certainly, there are histologic types that
22   are typically not associated with this, and one of those
23   would be endometrioid cancer, and especially cancers that
24   have no calcification, calcium deposits, which this is such
25   a case.
```

```
 1                        CERTIFICATE

 2              I, Jennifer A. Dunn, Registered Professional

 3    Reporter and Certified Court Reporter, do hereby certify

 4    that prior to the commencement of the examination,

 5    DAVID G. MUTCH, M.D., was duly remotely sworn by me to

 6    testify to the truth, the whole truth and nothing but the

 7    truth.

 8              I DO FURTHER CERTIFY that the foregoing is a

 9    verbatim transcript of the testimony as taken

10    stenographically by me at the time, place and on the date

11    hereinbefore set forth, to the best of my ability.

12              I DO FURTHER CERTIFY that I am neither a

13    relative nor employee nor attorney nor counsel of any of the

14    parties to this action, and that I am neither a relative nor

15    employee of such attorney or counsel, and that I am not

16    financially interested in the action.

17

18

19

20            "/s/JENNIFER A. DUNN"

21            Registered Professional Reporter

22            Certified Court Reporter

23

24            Dated:  February 21, 2021

25
```