# Exhibit 71

**DOCKET NO. L-7385-16**

NOTE: At least five (5) jurors must agree on the answer to each question, but the same five (5) jurors do not have to agree on each answer. Your votes for each question must be 5-1 or 6-0. Please answer each question separately and be sure to follow the instructions below each question. Questions <u>must</u> be answered in the order they are presented.

1.    Have Plaintiffs proven by a preponderance of the evidence as to any of the following defendants that Stephen Lanzo was exposed to asbestos from Johnson's Baby Powder and/or Shower to Shower from 1972 through 2003?

|  |  |  |  |
|---|---|---|---|
| Imerys Talc America, Inc. | ___✓___ Yes | ___No | Vote: __6 - 0__ |
| Johnson & Johnson Consumer, Inc. | ___✓___ Yes | ___No | Vote: __6 - 0__ |

For any defendant or defendants as to which you answered "**Yes**," proceed to question 2.

If you answered "**No**" as to all defendants, do not proceed further and tell the court aide that you have reached a verdict. If you answered "**No**" as to one defendant, do not proceed further as to that defendant as you have reached a verdict as to that defendant only.

2.    Have Plaintiffs proven by a preponderance of the evidence that any of the following defendants manufactured, sold, or distributed a product that was not reasonably fit, suitable and safe for its intended or reasonably foreseeable use because it lacked an adequate warning or instruction from 1972 through 2003?

|  |  |  |  |
|---|---|---|---|
| Imerys Talc America, Inc. | ___✓___ Yes | ___No | Vote: __6 - 0__ |
| Johnson & Johnson Consumer, Inc. | ___✓___ Yes | ___No | Vote: __6 - 0__ |

If you answered "**Yes**" as to any defendant, proceed to question number 3 for those defendants for which you answered "**Yes**."
If you answered "**No**" as to all defendants proceed to question number 5.

1

C - 42

3.    Have Plaintiffs proven by a preponderance of the evidence that Stephen Lanzo's exposure to asbestos from a product manufactured, sold, or distributed by any of the following defendants that was not reasonably fit, suitable and safe for its intended or reasonably foreseeable use because it lacked an adequate warning or instruction from 1972 through 2003 was a substantial factor in causing his mesothelioma?

  Imerys Talc America, Inc.   ✓ Yes ____No Vote: 5 - 1
  Johnson & Johnson Consumer, Inc. ✓ Yes ____No Vote: 5 - 1

If you answered "**Yes**" as to any defendant, proceed to question number 4 for those defendants for which you answered "**Yes**."
If you answered "**No**" as to all defendants proceed to question number 5.

4.    Have any of the following defendants proven by a preponderance of the evidence that the risk of harm from their products was not knowable at the time that they were manufactured, distributed and/or sold from 1972 through 2003?

  Imerys Talc America, Inc.   ____Yes ✓ No Vote: 6 - 0

  Johnson & Johnson Consumer, Inc. ____Yes ✓ No Vote: 6 - 0

Proceed to question number 5.

5.    Have Plaintiffs proven by a preponderance of the evidence that Johnson & Johnson Consumer, Inc. manufactured, sold, or distributed a product from 1972 through 2003 that was defectively designed because the risk or danger of the product as designed outweighed its usefulness and therefore a reasonably careful manufacturer or supplier would not have sold the product at all in the form in which it was sold?

      ✓ Yes ____No Vote: 6 - 0

If you answered "**Yes**," proceed to question number 6.
If you answered "**No**," proceed to the instructions in front of question number 8.

6.    Have Plaintiffs proven by a preponderance of the evidence that Stephen Lanzo's exposure to asbestos from 1972 through 2003 from a product manufactured, sold, or distributed by Johnson & Johnson Consumer, Inc. that was defectively designed was a substantial factor in causing his mesothelioma?

      ✓ Yes ____No Vote: 5 - 1

If you answered "**Yes**," proceed to question number 7.
If you answered "**No**," proceed to the instructions in front of question number 8.

2

7.    Has defendant Johnson & Johnson Consumer, Inc. proven by a preponderance of the evidence that at the time the product left its control from 1972 through 2003 there was no practical and technically feasible alternative design that would have prevented Mr. Lanzo's illness without substantially impairing the reasonably anticipated or intended functions of the product?

_____ Yes    ✓ No    Vote: 6 - 0

If you answered "No" to question number 4 or 7 as to any defendant, proceed to question number 8. Otherwise, do not proceed further and tell the court aide that you have reached verdict.

8.    What is the amount of damages that you award Stephen Lanzo for his disability, impairment, loss of enjoyment of life, and pain and suffering?

$ 30,000,000.00    Vote: 5 - 1

Proceed to question number 9.

9.    What is the amount of damages that you award Kendra Lanzo for her loss of Mr. Lanzo's services, society and consortium?

$ 7,000,000.00    Vote: 5 - 1

10.    If you answered "No" as to Imerys Talc America, Inc. in question number 4, and "No" as to Johnson & Johnson Consumer, Inc. in question number 4 or 7, set forth the percentage that you find describes or measures their contribution to the cause of Stephen Lanzo's mesothelioma. The percentages must add up to 100%.

Imerys Talc America, Inc.    30 %

Johnson & Johnson Consumer, Inc.    70 %    Vote: 5 - 1

Foreperson signature: _____    Date: 4 | 05 | 18

Please tell the court aide you have reached a verdict

3

**DOCKET NO. L-7385-16**

NOTE: At least five (5) jurors must agree on the answer to each question, but the same five (5) jurors do not have to agree on each answer. Your votes for each question must be 5-1 or 6-0. Please answer each question separately and be sure to follow the instructions below each question. Questions <u>must</u> be answered in the order they are presented.

1. Have Plaintiffs proven by clear and convincing evidence that the injury suffered by Stephen Lanzo was the result of Imerys Talc America, Inc.'s acts or omissions and that, either such conduct was malicious, or Imerys Talc America, Inc. acted in a wanton and willful disregard of Plaintiffs' rights?

    Yes ✓      No_____      Vote 6 - 0

If you answered "**Yes**," proceed to question 2.

If you answered "**No**," proceed to question 3.


2. As to Imerys Talc America, Inc., what amount of punitive damages should be awarded to Plaintiffs?

    $ 25,000,000.00      Vote 6 - 0

Proceed to question 3.

3. Have Plaintiffs proven by clear and convincing evidence that the injury suffered by Stephen Lanzo was the result of Johnson & Johnson Consumer, Inc.'s acts or omissions and that, either such conduct was malicious, or Johnson & Johnson Consumer, Inc. acted in a wanton and willful disregard of Plaintiffs' rights?

    Yes ✓      No_____      Vote 5 - 1

If you answered "**Yes**," proceed to question 4.

If you answered "**No**," do not answer question 4, have the foreperson sign the verdict form, and please tell the court aide you have reached a verdict.

4. As to Johnson & Johnson Consumer, Inc., what amount of punitive damages should be awarded to Plaintiffs?

    $ 55,000,000.00      Vote 5 - 1

Foreperson signature: _____      Date: 04 | 11 | 18

Please tell the court aide you have reached a verdict.

C-43