Exhibit 77

1722-CC00876

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

ANNA GALLARDO,

AND

MARCIA BEADLE,

AND

PAMELA BLAKE,

AND

LESLIE BLEI, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF DONNA
CARASSALE, DECEASED,

AND

JOSEPH BOWMAN, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF TERRI
BOWMAN, DECEASED,

AND

KIMBERLY BOYKINS,

AND

SARAH BRADFIELD, INDIVIDUALLY AND AS
SPECIAL ADMINISTRATOR OF THE ESTATE OF
RONDA JOHNSTON, DECEASED,

AND

SUSAN BROCK,

AND

IRENE BROWN,

AND

KATEY BRUST,

Cause Number:

Division:

**JURY TRIAL DEMANDED**

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

AND

SCOTT BURNS, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
SHARON BURNS, DECEASED,

AND

LOUISE CARLE,

AND

VIRGINIA CARLISLE,

AND

LAUREN COVINGTON, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF LORI
ANN COVINGTON, DECEASED,

AND

RHONDA KAY DAVIS,

AND

DEBORAH DAWSON,

AND

REBECCA DIOSO,

AND

RICHARD DISNEY, SR., INDIVIDUALLY AND
AS REPRESENTENTATIVE OF THE ESTATE OF
ELLEN DISNEY, DECEASED,

AND

CLAUDIA DUFFY,

AND

KAREN DUTTON,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

AND

RENEE EDMONDS,

AND

WILLIAM ENTERLINE, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
BARBARA ELAINE ENTERLINE, DECEASED,

AND

ANTONIA FITZHUGH,

AND

BRENDA LEE FLACK,

AND

LOTTIE FRANK,

AND

GEORGETTE GIRARD,

AND

MILDRED GODWIN,

AND

CRYSTAL WILLOUGHBY, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE OF
TERESA HAMEL, DECEASED,

AND

WENDY HAWKINS,

AND

LOLA LUCE, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF MARY
HAYES, DECEASED,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

AND

STEVEN HOWARD, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
BERTHA HOWARD, DECEASED,

AND

KATHLEEN HUBBARD,

AND

JANET HUGHES,

AND

PAMELA HUNTER,

AND

JOHN CROWLEY, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF JANICE
CROWLEY, DECEASED,

AND

RALPH JOHNSON, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF ANN
JOHNSON, DECEASED,

AND

LYNN RICHARD, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF MONA
JONES, DECEASED,

AND

KIMBERLY JOYNER,

AND

CYNTHIA ANN KLINE,

AND

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

KEVIN MACDONALD, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
AUDREY MACDONALD, DECEASED,

AND

JUDY MALGERI,

AND

NANCY MASSARO,

AND

MARY L. MILLER,

AND

SYLVIA MINOR,

AND

BONNIE JEAN MITCHELL,

AND

LINDA MITCHELL,

AND

TANYAGALE MONDEAUX,

AND

ROSEANN MORRISON,

AND

LOIS O'DEAR, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
JACQUELINE SIMMONS, DECEASED,

AND

DEBORAH OLIPHANT,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

AND

JO-ANN PACHECO,

AND

VIRGINIA PARSONS,

AND

ELLEN H. PFEIFFER,

AND

MICHELE PULASKI,

AND

LOUELLA REED,

AND

JOANN ROACH,

AND

CYNTHIA SALISBURY,

AND

KATHY SCHMIDT,

AND

ALAN SCHWARTZ, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
ROSALIND SCHWARTZ, DECEASED,

AND

KRISTIE SHELL,

AND

MARTHA SMITH,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

AND

CONSTANCE SONDELSKI,

AND

DIANE SOTO,

AND

CONNIE STUART,

AND

BARBARA SULLIVAN,

AND

CARRIEN TENHET,

AND

LINDA THOMAS,

AND

PATRICIA WEISS,

AND

SUSAN WHITACRE,

AND

RANDALL WHITECOTTON,

AND

ARTHUR WHITMORE, III, INDIVIDUALLY AND
AS EXECUTOR OF THE ESTATE OF EVONNE H.
WHITMORE, DECEASED,

AND

KAREN WILES,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

AND

DEBORAH WOLFE,

               Plaintiffs,

vs.

JOHNSON & JOHNSON, INC.

Serve:   M.H. Ullman
          One Johnson & Johnson Plaza
          New Brunswick, New Jersey 08933

and

JOHNSON & JOHNSON CONSUMER, INC. f/k/a
JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.

Serve:   Johnson & Johnson Registered Agent
          One Johnson & Johnson Plaza
          New Brunswick, New Jersey 08933

and

IMERYS TALC AMERICA, INC. f/k/a LUZENAC
AMERICA, INC.

Serve:   CT Corporation
          120 South Clayton Avenue
          St. Louis, MO 63105

               Defendants.

## **PETITION**

COME NOW Plaintiffs, by and through their undersigned counsel, and for their Petition

against Defendants Johnson & Johnson; Johnson and Johnson Consumer Incorporated f/k/a

Johnson & Johnson Consumer Companies, Inc.; Imerys Talc America, Inc., f/k/a Luzenac

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

America, Inc., allege the following upon information and belief (including investigation made by and through Plaintiffs' counsel), except those allegations that pertain to Plaintiffs, which are based on personal knowledge:

## INTRODUCTION

1.      Plaintiffs bring this cause of action against Defendants pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure, as their claims arise out of the same series of transactions and occurrences, and their claims involve common questions of law and/or fact. All claims in this action are a direct and proximate result of Defendants' and/or their corporate predecessors' negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and/or sale of the products known as Johnson & Johnson Baby Powder and Shower to Shower (hereinafter "the PRODUCTS"). All Plaintiffs in this action seek recovery for damages as a result of developing ovarian cancer, which was directly and proximately caused by such wrongful conduct by Defendants, the unreasonably dangerous and defective nature of talcum powder, and the attendant effects of developing ovarian cancer. All of the claims involve common legal and medical issues.

## PARTIES

2.      Plaintiff Anna Gallardo is a citizen of St. Louis, State of Missouri.  At all pertinent times, including from approximately 1968 to 2016, Plaintiff Anna Gallardo purchased and applied talcum powder in the State of Missouri.  In or around July 2013, Plaintiff Anna Gallardo was diagnosed with ovarian cancer, which developed in the State of Missouri.  Plaintiff Anna Gallardo developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Anna Gallardo has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Anna Gallardo has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Anna Gallardo applied talcum powder in the State of Missouri.

3.    Plaintiff Marcia Beadle is a citizen of the City of Bakersfield, State of California. At all pertinent times, including from approximately September 1966 to 1991, Plaintiff Marcia Beadle purchased and applied talcum powder in the State of California. In or around June 2015, Plaintiff Marcia Beadle was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff Marcia Beadle developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Marcia Beadle has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Marcia Beadle has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Marcia Beadle applied talcum powder in the State of California.

4.    Plaintiff Pamela Blake is a citizen of the City of Lisbon, State of New Hampshire. At all pertinent times, including from approximately 1969 to August 2014, Plaintiff Pamela Blake purchased and applied talcum powder in the States of Massachusetts, New Hampshire,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Florida, Pennsylvania, and Rhode Island.  In or around August 2014, Plaintiff Pamela Blake was diagnosed with ovarian cancer, which developed in the State of New Hampshire.  Plaintiff Pamela Blake developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Pamela Blake has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Pamela Blake has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Pamela Blake applied talcum powder in the States of Massachusetts, New Hampshire, Florida, Pennsylvania, and Rhode Island.

5.      Plaintiff Leslie Blei, an adult whose principal place of residence is in the City of Westampton, State of New Jersey, brings this action individually and in her capacity as executor of the Estate of Donna Carassale. Plaintiff Leslie Blei is pursuing this action due to the wrongfully caused premature death of her mother, Donna Carassale, on behalf the Estate of Donna Carassale and all wrongful death beneficiaries/statutory distributees of Donna Carassale. The premature death of Donna Carassale was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to N.J.S.A 2A:31-1, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

estate, pain and suffering endured by decedent prior to premature death, medical, funeral and

burial expenses, loss of services and support, and other damages as allowed by law.

6.      Plaintiff Joseph Bowman, an adult whose principal place of residence is in the

City of Lenoir City, State of Tennesseee, brings this action individually and in his capacity as

representative of the Estate of Terri Bowman.  Plaintiff Joseph Bowman is pursuing this action

due to the wrongfully caused premature death of his wife, Terri Bowman, on behalf the Estate of

Terri Bowman and all wrongful death beneficiaries/statutory distributees of Terri Bowman. The

premature death of Terri Bowman was the direct and proximate result of her application of

talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the

unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and

negligent conduct in the research, development, testing, manufacture, production, promotion,

distribution, marketing, and sale of talcum powder, and pursuant to Tenn. Code Ann. 20-5-106

and Tenn. Code Ann. 20-5-113,  Plaintiff seeks damages for decedent's loss of future earnings,

loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature

death, medical, funeral and burial expenses, loss of services and support, and other damages as

allowed by law.

7.      Plaintiff Kimberly Boykins is a citizen of the City of Gastonia, North

Carolina.  At all pertinent times, including from approximately 1969-2014, Plaintiff Kimberly

Boykins purchased and applied talcum powder in the State of North Carolina.  In or around May

16, 2014, Plaintiff Kimberly Boykins was diagnosed with ovarian cancer, which developed in the

State of North Carolina.  Plaintiff Kimberly Boykins developed ovarian cancer, and suffered

effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and

defective nature of talcum powder and Defendants' wrongful and negligent conduct in the

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kimberly Boykins has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kimberly Boykins has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kimberly Boykins applied talcum powder in the State of North Carolina.

8.    Plaintiff Sarah Bradfield, an adult whose principal place of residence is in the City of Yuba City, State of California, brings this action individually and in her capacity as Special Administrator of the Estate of Ronda Johnston. Plaintiff Sarah Bradfield is pursuing this action due to the wrongfully caused premature death of her mother, Ronda Johnston, on behalf the Estate of Ronda Johnston and all wrongful death beneficiaries/statutory distributees of Ronda Johnston. The premature death of Ronda Johnston was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to § 377.60 of the California Code of Civil Procedure, which is commonly known as the California "Wrongful Death Act," Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

9.    Plaintiff Susan Brock is a citizen of the City of Olympia, State of Washington.  At all pertinent times, including from approximately 1971 to 2011, Plaintiff Susan Brock purchased

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

and applied talcum powder in the States of California, Nevada, Oregano and Washington. In or around April 2014, Plaintiff Susan Brock was diagnosed with ovarian cancer, which developed in the State of Washington. Plaintiff Susan Brock developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Susan Brock has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Susan Brock has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Susan Brock applied talcum powder in the States of California, Nevada, Oregano and Washington.

10.     Plaintiff Irene Brown is a citizen of the City of Arnold, State of Maryland. At all pertinent times, including from approximately 1969 to 2013, Plaintiff Irene Brown purchased and applied talcum powder in the State of Maryland. In or around August 2014, Plaintiff Irene Brown was diagnosed with ovarian cancer, which developed in the State of Maryland. Plaintiff Irene Brown developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Irene Brown has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Irene Brown has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Irene Brown applied talcum powder in the State of Maryland.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

11.     Plaintiff Katey Brust is a citizen of the City of Mastic, State of New York.  At all pertinent times, including from approximately 1970s to 2010, Plaintiff Katey Brust purchased and applied talcum powder in the State of New York.  In or around April 2010, Plaintiff Katey Brust was diagnosed with ovarian cancer, which developed in the State of New York.  Plaintiff Katey Brust developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Katey Brust has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Katey Brust has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Katey Brust applied talcum powder in the State of New York.

12.     Plaintiff Scott Burns, an adult whose principal place of residence is in the City of Washington, State of Massachusetts, brings this action individually and in his capacity as representative of the Estate of Sharon Burns. Plaintiff Scott Burns is pursuing this action due to the wrongfully caused premature death of his mother, Sharon Burns, on behalf the Estate of Sharon Burns and all wrongful death beneficiaries/statutory distributees of Sharon Burns.  The premature death of Sharon Burns was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Mass. Gen. Laws Ann. 229 §

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

2, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

13.     Plaintiff Louise Carle is a citizen of the City of North Little Rock, State of Arkansas.  At all pertinent times, including from approximately 1967 to 2007, Plaintiff Louise Carle purchased and applied talcum powder in the State of Michigan, California and Arkansas.  In or around April 2014, Plaintiff Louise Carle was diagnosed with ovarian cancer, which developed in the State of Arkansas.  Plaintiff Louise Carle developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Louise Carle has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Louise Carle has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Louise Carle applied talcum powder in the State of Michigan, California and Arkansas.

14.     Plaintiff Virginia Carlisle is a citizen of the City of Jupiter, State of Florida.  At all pertinent times, including from approximately 1969 to 2016, Plaintiff Virginia Carlisle purchased and applied talcum powder in the States of Florida, Connecticut, Georgia and South Carolina.  In or around May 2013, Plaintiff Virginia Carlisle was diagnosed with ovarian cancer, which developed in the State of Florida.  Plaintiff Virginia Carlisle developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Virginia Carlisle has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Virginia Carlisle has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Virginia Carlisle applied talcum powder in the States of Florida, Connecticut, Georgia and South Carolina.

15.     Plaintiff Lauren Covington, an adult whose principal place of residence is in the City of North Augusta, State of Georgia, brings this action individually and in her capacity as representative of the Estate of Lori Ann Covington. Plaintiff Lori Ann Covington is pursuing this action due to the wrongfully caused premature death of her mother,, Lori Ann Covington, on behalf the Estate of Lori Ann Covington, and all wrongful death beneficiaries/statutory distributees of Lori Ann Covington. The premature death of Lori Ann Covington was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Miss. Code. Ann. § 11-7-13, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

16.     Plaintiff Rhonda Kay Davis is a citizen of the City of Lebanon, State of Ohio. At all pertinent times, including from approximately 1986 to 2006, Plaintiff Rhonda Kay Davis

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

purchased and applied talcum powder in the States of Ohio, Kentucky, Indiana, and Illinois. In or around August 2007, Plaintiff Rhonda Kay Davis was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff Rhonda Kay Davis developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Rhonda Kay Davis has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Rhonda Kay Davis has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Rhonda Kay Davis applied talcum powder in the States of Ohio, Kentucky, Indiana, and Illinois.

17.    Plaintiff Deborah Dawson is a citizen of the City of Cleveland, State of Ohio. At all pertinent times, including from approximately 1976 to 2014, Plaintiff Deborah Dawson purchased and applied talcum powder in the State of Ohio. In or around April 2015, Plaintiff Deborah Dawson was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff Deborah Dawson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Deborah Dawson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Dawson has otherwise been

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Deborah Dawson applied talcum powder in the State of Ohio.

18.     Plaintiff Rebecca Dioso is a citizen of the City of Brownstown, State of Michigan.  At all pertinent times, including from approximately 1983 to 2004, Plaintiff Rebecca Dioso purchased and applied talcum powder in the State of Michigan.  In or around September 2008, Plaintiff Rebecca Dioso was diagnosed with ovarian cancer, which developed in the State of Michigan.  Plaintiff Rebecca Dioso developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Rebecca Dioso has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Rebecca Dioso has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Rebecca Dioso applied talcum powder in the State of Michigan.

19.     Plaintiff Richard Disney, Sr., an adult whose principal place of residence is in the City of Lisbon Falls, State of Maine, brings this action individually and in his capacity as representative of the Estate of Ellen Disney. Plaintiff Richard Disney, Sr. is pursuing this action due to the wrongfully caused premature death of his wife, Ellen Disney, on behalf the Estate of Ellen Disney and all wrongful death beneficiaries/statutory distributees of Ellen Disney. The premature death of Ellen Disney was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Me. Rev. Stat. tit. 18-A, § 2-804, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

20.    Plaintiff Claudia Duffy is a citizen of the City of Chattanooga, State of Tennessee. At all pertinent times, including from approximately 1970 to 2016, Plaintiff Claudia Duffy purchased and applied talcum powder in the State of Tennessee. In or around May 2008, Plaintiff Claudia Duffy was diagnosed with ovarian cancer, which developed in the State of Tennessee Plaintiff Claudia Duffy developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Claudia Duffy has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Claudia Duffy has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Claudia Duffy applied talcum powder in the State of Tennessee.

21.    Plaintiff Karen Dutton is a citizen of the City of Marcus Hook, State of Pennsylvania. At all pertinent times, including from approximately 1979 to 1999, Plaintiff Karen Dutton purchased and applied talcum powder in the State of Pennsylvania. In or around May 2015, Plaintiff Karen Dutton was diagnosed with ovarian cancer, which developed in the State of Pennsylvania. Plaintiff Karen Dutton developed ovarian cancer, and suffered effects

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Karen Dutton has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Karen Dutton has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Karen Dutton applied talcum powder in the State of Pennsylvania.

22.     Plaintiff Renee Edmonds is a citizen of the City of Washington, State of Pennsylvania. At all pertinent times, including from approximately 1996 to 2016, Plaintiff Renee Edmonds purchased and applied talcum powder in the State of Pennsylvania. In or around August 2010, Plaintiff Renee Edmonds was diagnosed with ovarian cancer, which developed in the State of Pennsylvania. Plaintiff Renee Edmonds developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Renee Edmonds has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Renee Edmonds has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Renee Edmonds applied talcum powder in the State of Pennsylvania.

23.     Plaintiff William Enterline, an adult whose principal place of residence is in the City of Pittsburgh, State of Pennsylvania, brings this action individually and in his capacity as

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

representative of the Estate of Barbara Elaine Enterline. Plaintiff William Enterline is pursuing this action due to the wrongfully caused premature death of his wife, Barbara Elaine Enterline on behalf the Estate of Barbara Elaine Enterline and all wrongful death beneficiaries/statutory distributees of Barbara Elaine Enterline. The premature death of Barbara Elaine Enterline was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to 42 Pa.C.S.A. § 8302 (Pennsylvania Survival Action Statute) and 42 Pa.C.S.A. § 8301 (Pennsylvania Wrongful Death Statute) , Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

24.     Plaintiff Antonia Fitzhugh is a citizen of the City of North Hollywood, State of California.  At all pertinent times, including from approximately 1978 to 2016, Plaintiff Antonia Fitzhugh purchased and applied talcum powder in the State of California.  In or around April 2015, Plaintiff Antonia Fitzhugh was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Antonia Fitzhugh developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Antonia Fitzhugh has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

suffering and loss of enjoyment of life, and Plaintiff Antonia Fitzhugh has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Antonia Fitzhugh applied talcum powder in the State of California.

25.    Plaintiff Brenda Lee Flack is a citizen of the City of Des Moines, State of Iowa. At all pertinent times, including from approximately 1996 to 2016, Plaintiff Brenda Lee Flack purchased and applied talcum powder in the States of Iowa and Missouri.  In or around April 2015, Plaintiff Brenda Lee Flack was diagnosed with ovarian cancer, which developed in the State of Iowa.  Plaintiff Brenda Lee Flack developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Brenda Lee Flack has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Brenda Lee Flack has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Brenda Lee Flack applied talcum powder in the States of Iowa and Missouri.

26.    Plaintiff Lottie Frank is a citizen of the City of McComb, State of Mississippi.  At all pertinent times, including from approximately 1967 to 2009, Plaintiff Lottie Frank purchased and applied talcum powder in the States of Louisiana and Mississippi.  In or around July 2009, Plaintiff Lottie Frank was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Lottie Frank developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Lottie Frank has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lottie Frank has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lottie Frank applied talcum powder in the States of Louisiana and Mississippi.

27.    Plaintiff Georgette Girard is a citizen of the City of Hobe Sound, State of Florida.  At all pertinent times, including from approximately 1962 to 2011, Plaintiff Georgette Girard purchased and applied talcum powder in the State of Florida.  In or around September 2010, Plaintiff Georgette Girard was diagnosed with ovarian cancer, which developed in the State of Florida.  Plaintiff Georgette Girard developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Georgette Girard has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Georgette Girard has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Georgette Girard applied talcum powder in the State of Florida.

28.    Plaintiff Mildred Godwin is a citizen of the City of Robertsdale, State of Alabama.  At all pertinent times, including from approximately 1974 to May 2015, Plaintiff Mildred Godwin purchased and applied talcum powder in the States of South Carolina, Oklahoma, Texas, and Alabama.   In or around May 2015, Plaintiff Mildred Godwin was

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

diagnosed with ovarian cancer, which developed in the State of Alabama. Plaintiff Mildred Godwin developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Mildred Godwin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mildred Godwin has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Mildred Godwin applied talcum powder in the States of South Carolina, Oklahoma, Texas, and Alabama.

29. Plaintiff Crystal Willoughby, an adult whose principal place of residence is in the City of Lebanon, State of Oregon, brings this action individually and in her capacity as representative of the Estate of Teresa Hamel. Plaintiff Crystal Willoughby is pursuing this action due to the wrongfully caused premature death of her mother, Teresa Hamel, on behalf the Estate of Teresa Hamel and all wrongful death beneficiaries/statutory distributees of Teresa Hamel. The premature death of Teresa Hamel was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Or. Rev. Stat. § 30.020, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

30.     Plaintiff Wendy Hawkins is a citizen of the City of Manitou, State of Kentucky.  At all pertinent times, including from approximately 1985 to 2010, Plaintiff Wendy Hawkins purchased and applied talcum powder in the State of Kentucky.  In or around February 2002, Plaintiff Wendy Hawkins was diagnosed with ovarian cancer, which developed in the State of Kentucky.  Plaintiff Wendy Hawkins developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Wendy Hawkins has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Wendy Hawkins has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Wendy Hawkins applied talcum powder in the State of Kentucky.

31.     Plaintiff Lola Luce, an adult whose principal place of residence is in the City of Houston, State of Texas, brings this action individually and in her capacity as representative of the Estate of Mary Hayes. Plaintiff Lola Luce is pursuing this action due to the wrongfully caused premature death of her sister, Mary Hayes, on behalf the Estate of Mary Hayes and all wrongful death beneficiaries/statutory distributees of Mary Hayes. The premature death of Mary Hayes. was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Neb. Rev. Stat. § 30-810, Plaintiff seeks damages for

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

32.     Plaintiff Steven Howard, an adult whose principal place of residence is in the City of San Leandro, State of California, brings this action individually and in his capacity as representative of the Estate of Bertha Howard. Plaintiff Steven Howard is pursuing this action due to the wrongfully caused premature death of his mother, Bertha Howard, on behalf the Estate of Bertha Howard and all wrongful death beneficiaries/statutory distributees of Bertha Howard. The premature death of Bertha Howard was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to § 377.60 of the California Code of Civil Procedure, which is commonly known as the California "Wrongful Death Act," Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

33.     Plaintiff Kathleen Hubbard is a citizen of the City of Washington, State of Connecticut. At all pertinent times, including from approximately 1966 to 1996, Plaintiff Kathleen Hubbard purchased and applied talcum powder in the State of Connecticut. In or around April 2015, Plaintiff Kathleen Hubbard was diagnosed with ovarian cancer, which developed in the State of Connecticut. Plaintiff Kathleen Hubbard developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Kathleen Hubbard has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kathleen Hubbard has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Kathleen Hubbard applied talcum powder in the State of Connecticut.

34.     Plaintiff Janet Hughes is a citizen of the City of Choudrant, State of Louisiana. At all pertinent times, including from approximately 1959 to 1999, Plaintiff Janet Hughes purchased and applied talcum powder in the State of Louisiana. In or around 2007, Plaintiff Janet Hughes was diagnosed with ovarian cancer, which developed in the State of Louisiana. Plaintiff Janet Hughes developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Janet Hughes has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Janet Hughes has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Janet Hughes applied talcum powder in the State of Louisiana.

35.     Plaintiff Pamela Hunter is a citizen of the City of Nashville, State of Tennessee. At all pertinent times, including from approximately 1993 to 2006, Plaintiff Pamela Hunter purchased and applied talcum powder in the States of Florida and Tennessee. In or

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

around April 2013, Plaintiff Pamela Hunter was diagnosed with ovarian cancer, which developed in the State of Tennessee. Plaintiff Pamela Hunter developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Pamela Hunter has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Pamela Hunter has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Pamela Hunter applied talcum powder in the States of Florida and Tennessee.

36.    Plaintiff John Crowley, an adult whose principal place of residence is in the City of Hanson, State of Massachusetts, brings this action individually and in his capacity as representative of the Estate of Janice Crowley. Plaintiff John Crowley is pursuing this action due to the wrongfully caused premature death of his wife, Janice Crowley, on behalf the Estate of Janice Crowley and all wrongful death beneficiaries/statutory distributees of Janice Crowley. The premature death of Janice Crowley was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Massachusetts General Laws, Part III, Title II, Chapter 229, Section 2, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

37.    Plaintiff Ralph Johnson, an adult whose principal place of residence is in the City of Ft. Pierce, State of Florida, brings this action individually and in his capacity as representative of the Estate of Ann Johnson. Plaintiff Ralph Johnson is pursuing this action due to the wrongfully caused premature death of his wife, Ralph Johnson, on behalf the Estate of Ann Johnson and all wrongful death beneficiaries/statutory distributees of Ann Johnson.  The premature death Ann Johnson, was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Fla. Stat. § 768.16, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

38.    Plaintiff Lynn Richard, an adult whose principal place of residence is in the City of Palmdale, State of California, brings this action individually and in his capacity as representative of the Estate of Mona Jones. Plaintiff Lynn Richard is pursuing this action due to the wrongfully caused premature death of her sister, Mona Jones, on behalf the Estate of Mona Jones and all wrongful death beneficiaries/statutory distributees of Mona Jones. The premature death of Mona Jones was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to § 377.60 of the California Code of Civil Procedure, which is commonly known as the California "Wrongful Death Act," Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

39.    Plaintiff Kimberly Joyner is a citizen of the City of Durham, State of North Carolina.  At all pertinent times, including from approximately 1987 to 2013, Plaintiff Kimberly Joyner purchased and applied talcum powder in the State of North Carolina. In or around March 2010, Plaintiff Kimberly Joyner was diagnosed with ovarian cancer, which developed in the State of North Carolina. Plaintiff Kimberly Joyner developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kimberly Joyner has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kimberly Joyner has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kimberly Joyner applied talcum powder in the State of North Carolina.

40.    Plaintiff Cynthia Ann Kline is a citizen of the City of Beaver Falls, State of Pennsylvania.  At all pertinent times, including from approximately 1978 to 2015, Plaintiff Cynthia Ann Kline purchased and applied talcum powder in the State of Pennsylvania.  In or around June 2016, Plaintiff Cynthia Ann Kline was diagnosed with ovarian cancer, which

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

developed in the State of Pennsylvania. Plaintiff Cynthia Ann Kline developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Cynthia Ann Kline has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cynthia Ann Kline has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Cynthia Ann Kline applied talcum powder in the State of Pennsylvania.

41.    Plaintiff Kevin MacDonald, an adult whose principal place of residence is in the City of Odessa, State of Florida, brings this action individually and in his capacity as representative of the Estate of Audrey MacDonald. Plaintiff Kevin MacDonald is pursuing this action due to the wrongfully caused premature death of his wife, Audrey MacDonald, on behalf the Estate of Audrey MacDonald and all wrongful death beneficiaries/statutory distributees of Audrey MacDonald. The premature death of Audrey MacDonald was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Fla. Stat. § 768.16, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

42.    Plaintiff Judy Malgeri is a citizen of the City of Garden Grove, State of California. At all pertinent times, including from approximately 1960-2016, Plaintiff Judy Malgeri purchased and applied talcum powder in the State of California. In or around 2015, Plaintiff Judy Malgeri was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff Judy Malgeri developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Judy Malgeri has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Judy Malgeri has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Judy Malgeri applied talcum powder in the State of California.

43.    Plaintiff Nancy Massaro is a citizen of the County of Albemarle, State of Virginia.  At all pertinent times, including from approximately 1960 through until 2015 Plaintiff Nancy Massaro purchased and applied talcum powder in the States of Virginia, New York and Pennsylvania.  In or around April 7, 2015 Plaintiff Nancy Massaro was diagnosed with ovarian cancer, which developed in the State of Virginia. Plaintiff Nancy Massaro developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Nancy Massaro has incurred and will incur medical expenses in the future, has

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Nancy Massaro has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Nancy Massaro applied talcum powder in the States of Virginia, New York and Pennsylvania.

44.    Plaintiff Mary Miller is a citizen of the City of Greensboro, State of North Carolina.  At all pertinent times, including from approximately 1970 to June 2014, Plaintiff Mary Miller purchased and applied talcum powder in the State of North Carolina.  In or around June 2014, Plaintiff Mary Miller was diagnosed with ovarian cancer, which developed in the State of North Carolina.  Plaintiff Mary Miller developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Mary Miller has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mary Miller has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Mary Miller applied talcum powder in the State of North Carolina.

45.    Plaintiff Sylvia Minor is a citizen of the City of Cleveland, State of Ohio.  At all pertinent times, including from approximately the 1970s to 2015, Plaintiff Sylvia Minor purchased and applied talcum powder in the State of Ohio.  In or around March 31, 2015, Plaintiff Sylvia Minor was diagnosed with ovarian cancer, which developed in the State of Ohio.  Plaintiff Sylvia Minor developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Sylvia Minor has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Sylvia Minor has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Sylvia Minor applied talcum powder in the State of Ohio.

46.     Plaintiff Bonnie Jean Mitchell is a citizen of the City of Summerfield, State of Florida. At all pertinent times, including from approximately 1975 to 1985, Plaintiff Bonnie Jean Mitchell purchased and applied talcum powder in the State of Florida. In or around August 2013, Plaintiff Bonnie Jean Mitchell was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff Bonnie Jean Mitchell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Bonnie Jean Mitchell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Bonnie Jean Mitchell has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Bonnie Jean Mitchell applied talcum powder in the State of Florida.

47.     Plaintiff Linda Mitchell is a citizen of the City of San Rafael, State of California. At all pertinent times, including from approximately 1978 to 1989, Plaintiff Linda Mitchell purchased and applied talcum powder in the State of California. In or around March

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

2007, Plaintiff Linda Mitchell was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff Linda Mitchell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Linda Mitchell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Linda Mitchell has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Linda Mitchell applied talcum powder in the State of California.

48.    Plaintiff Tanyagale Mondeaux is a citizen of the City of Newburg, State of Missouri. At all pertinent times, including from approximately 1977-2012, Plaintiff Tanyagale Mondeaux purchased and applied talcum powder in the State of Missouri. In or around June 2012, Plaintiff Tanyagale Mondeaux was diagnosed with ovarian cancer, which developed in the State of Missouri. Plaintiff Tanyagale Mondeaux developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Tanyagale Mondeaux has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Tanyagale Mondeaux has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Tanyagale Mondeaux applied talcum powder in the State of Missouri.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

49.     Plaintiff Roseann Morrison is a citizen of the City of Broomell, State of Pennsylvania.  At all pertinent times, including from approximately 1956 to 2006, Plaintiff Roseann Morrison purchased and applied talcum powder in the State of Pennsylvania.  In or around September 2013, Plaintiff Roseann Morrison was diagnosed with ovarian cancer, which developed in the State of Pennsylvania.  Plaintiff Roseann Morrison developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Roseann Morrison has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Roseann Morrison has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Roseann Morrison applied talcum powder in the State of Pennsylvania.

50.     Plaintiff Lois O'Dear, an adult whose principal place of residence is in the City of Marion, State of North Carolina, brings this action individually and in her capacity as Administratrix of the Estate of Jacqueline Simmons. Plaintiff Lois O'Dear is pursuing this action due to the wrongfully caused premature death of her daughter, Jacqueline Simmons, on behalf the Estate of Jacqueline Simmons and all wrongful death beneficiaries/statutory distributees of Jacqueline Simmons. The premature death of Jacqueline Simmons was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to §

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

28A-18-1 of the North Carolina General Statutes, which is commonly known as the Missouri "Wrongful Death Act," Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

51. Plaintiff Deborah Oliphant is a citizen of the City of Smyrna, State of Tennessee. At all pertinent times, including from approximately 1960 to 2000, Plaintiff Deborah Oliphant purchased and applied talcum powder in the State of Tennessee. In or around March 2006, Plaintiff Deborah Oliphant was diagnosed with ovarian cancer, which developed in the State of Tennessee. Plaintiff Deborah Oliphant developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Deborah Oliphant has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Oliphant has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Deborah Oliphant applied talcum powder in the State of Tennessee.

52. Plaintiff Jo-Ann Pacheco is a citizen of the City of Murfreesboro, State of Tennessee. At all pertinent times, including from approximately August 1952 to August 2016, Plaintiff Jo-Ann Pacheco purchased and applied talcum powder in the States of Florida, Massachusetts, and Tennessee. In or around February 2014, Plaintiff Jo-Ann Pacheco was diagnosed with ovarian cancer, which developed in the State of Tennessee. Plaintiff Jo-Ann

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Pacheco developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Jo-Ann Pacheco has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jo-Ann Pacheco has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Jo-Ann Pacheco applied talcum powder in the States of Florida, Massachusetts, and Tennessee.

53.    Plaintiff Virginia Parsons is a citizen of the City of Holyoke, State of Massachusetts. At all pertinent times, including from approximately March 1960 to May 2015, Plaintiff Virginia Parsons purchased and applied talcum powder in the States of Texas, New York, and Massachusetts. In or around May 2015, Plaintiff Virginia Parsons was diagnosed with ovarian cancer, which developed in the State of Massachusetts. Plaintiff Virginia Parsons developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Virginia Parsons has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Virginia Parsons has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Virginia Parsons applied talcum powder in the States of Texas, New York, and Massachusetts.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

54.     Plaintiff Ellen Pfeiffer is a citizen of the City of San Antonio, State of Texas.  At all pertinent times, including from approximately 1968 to 2006, Plaintiff Ellen Pfeiffer purchased and applied talcum powder in the State of Texas.  In or around January 2011, Plaintiff Ellen Pfeiffer was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Ellen Pfeiffer developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Ellen Pfeiffer has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ellen Pfeiffer has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Ellen Pfeiffer applied talcum powder in the State of Texas.

55.     Plaintiff Michele Pulaski a citizen of the City of Brooklyn, New York.  At all pertinent times, including from approximately 1970-2014, Plaintiff Michele Pulaski purchased and applied talcum powder in the State of New York. In or around April 17, 2014, Plaintiff Michele Pulaski was diagnosed with ovarian cancer, which developed in the State of New York.  Plaintiff Michele Pulaski developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Michele Pulaski has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michele Pulaski has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

pecuniary nature. At all pertinent times, Plaintiff Michele Pulaski applied talcum powder in the State of New York.

56.    Plaintiff Louella Reed is a citizen of the City of Magazine, State of Arkansas. At all pertinent times, including from approximately October 1985 to April 2015, Plaintiff Louella Reed purchased and applied talcum powder in the States of New Mexico and Arkansas. In or around November 2014, Plaintiff Louella Reed was diagnosed with ovarian cancer, which developed in the State of Arkansas. Plaintiff Louella Reed developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Louella Reed has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Louella Reed has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Louella Reed applied talcum powder in the States of New Mexico and Arkansas.

57.    Plaintiff JoAnn Roach is a citizen of the City of Ellicott City, State of Maryland. At all pertinent times, including from approximately 1970 to December 2013, Plaintiff JoAnn Roach purchased and applied talcum powder in the State of Maryland. In or around February 2011, Plaintiff JoAnn Roach was diagnosed with ovarian cancer, which developed in the State of Maryland. Plaintiff JoAnn Roach developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff JoAnn Roach has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff JoAnn Roach has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff JoAnn Roach applied talcum powder in the State of Maryland.

58. Plaintiff Cynthia Salisbury is a citizen of the City of Maumelle, State of Arkansas. At all pertinent times, including from approximately 1957 to 2016, Plaintiff Cynthia Salisbury purchased and applied talcum powder in the State of Arkansas. In or around February 2009, Plaintiff Cynthia Salisbury was diagnosed with ovarian cancer, which developed in the State of Arkansas. Plaintiff Cynthia Salisbury developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Cynthia Salisbury has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cynthia Salisbury has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Cynthia Salisbury applied talcum powder in the State of Arkansas.

59. Plaintiff Kathy Schmidt is a citizen of the City of Bradford, State of Rhode Island. At all pertinent times, including from approximately September 1949 to December 2014, Plaintiff Kathy Schmidt purchased and applied talcum powder in the States of Hawaii, Rhode Island, California, Washington, Arizona, and Oregon. In or around December 2014, Plaintiff Kathy Schmidt was diagnosed with ovarian cancer, which developed in the State of Rhode

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Island.  Plaintiff Kathy Schmidt developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kathy Schmidt has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kathy Schmidt has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kathy Schmidt applied talcum powder in the States of Hawaii, Rhode Island, California, Washington, Arizona, and Oregon.

60.    Plaintiff Alan Schwartz, an adult whose principal place of residence is in the City of Manalapan, State of New Jersey, brings this action individually and in his capacity as representative of the Estate of Rosalind Schwartz. Plaintiff Alan Schwartz, is pursuing this action due to the wrongfully caused premature death of his wife, Rosalind Schwartz, on behalf the Estate of Rosalind Schwartz and all wrongful death beneficiaries/statutory distributees of Rosaline Schwartz. The premature death of Rosalind Schwartz was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to N.J.S.A 2A:31-1, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

61.     Plaintiff Kristie Shell is a citizen of the City of Tazewell, State of Tennessee.  At all pertinent times, including from approximately June 1990 to December 2012, Plaintiff Kristie Shell purchased and applied talcum powder in the State of Tennessee.  In or around June 2016, Plaintiff Kristie Shell was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Kristie Shell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kristie Shell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kristie Shell has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kristie Shell applied talcum powder in the State of Tennessee.

62.     Plaintiff Martha Smith is a citizen of the City of Houston, State of Texas.  At all pertinent times, including from approximately 1975 to August 2015, Plaintiff Martha Smith purchased and applied talcum powder in the State of Texas.  In or around June 2015, Plaintiff Martha Smith was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Martha Smith developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Martha Smith has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

enjoyment of life, and Plaintiff Martha Smith has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Martha Smith applied talcum powder in the State of Texas.

63. Plaintiff Constance Sondelski is a citizen of the City of Plover, State of Wisconsin. At all pertinent times, including from approximately 1990 to 2010, Plaintiff Constance Sondelski purchased and applied talcum powder in the State of Wisconsin. In or around August 2010, Plaintiff Constance Sondelski was diagnosed with ovarian cancer, which developed in the State of Wisconsin. Plaintiff Constance Sondelski developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Constance Sondelski has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Constance Sondelski has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Constance Sondelski applied talcum powder in the State of Wisconsin.

64. Plaintiff Diane Soto is a citizen of the City of Whittier, State of California. At all pertinent times, including from approximately 1960 to 2016, Plaintiff Diane Soto purchased and applied talcum powder in the State of California. In or around March 2015, Plaintiff Diane Soto was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff Diane Soto developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Diane Soto has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Diane Soto has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Diane Soto applied talcum powder in the State of Missouri.

65.    Plaintiff Connie Stuart is a citizen of the City of Roswell, State of New Mexico. At all pertinent times, including from approximately 1957 to 2015, Plaintiff Connie Stuart purchased and applied talcum powder in the State of New Mexico. In or around April 6, 2015, Plaintiff Connie Stuart was diagnosed with ovarian cancer, which developed in the State of New Mexico. Plaintiff Connie Stuart developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Connie Stuart has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Connie Stuart has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Connie Stuart applied talcum powder in the State of New Mexico.

66.    Plaintiff Barbara Sullivan is a citizen of the City of Howell, State of New Jersey. At all pertinent times, including from approximately 1980s to 2014, Plaintiff Barbara Sullivan purchased and applied talcum powder in the State of New Jersey. In or around August of 2011, Plaintiff Barbara Sullivan was diagnosed with ovarian cancer, which developed in the State of New Jersey. Plaintiff Barbara Sullivan developed ovarian cancer, and suffered effects

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Barbara Sullivan has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Barbara Sullivan has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Barbara Sullivan applied talcum powder in the State of New Jersey.

67.     Plaintiff Carrien Tenhet is a citizen of the City of Pasco, State of Washington. At all pertinent times, including from approximately October 1956 to April 2014, Plaintiff Carrien Tenhet purchased and applied talcum powder in the States of California and Washington. In or around April 2014, Plaintiff Carrien Tenhet was diagnosed with ovarian cancer, which developed in the State of Washington. Plaintiff Carrien Tenhet developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Carrien Tenhet has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Carrien Tenhet has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Carrien Tenhet applied talcum powder in the States of California and Washington.

68.     Plaintiff Linda Thomas is a citizen of the City of Morgan City, State of Louisiana. At all pertinent times, including from approximately 1950 to 2010, Plaintiff Linda

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Thomas purchased and applied talcum powder in the State of Michigan. In or around February 2010, Plaintiff Linda Thomas was diagnosed with ovarian cancer, which developed in the State of Louisiana. Plaintiff Linda Thomas developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Linda Thomas has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Linda Thomas has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Linda Thomas applied talcum powder in the State of Michigan.

69.     Plaintiff Patricia Weiss is a citizen of the City of Metairie, State of Louisiana. At all pertinent times, including from approximately December 1962 to May 2016, Plaintiff Patricia Weiss purchased and applied talcum powder in the State of Louisiana. In or around May 2015, Plaintiff Patricia Weiss was diagnosed with ovarian cancer, which developed in the State of Louisiana. Plaintiff Patricia Weiss developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Patricia Weiss has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Patricia Weiss has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

pecuniary nature.  At all pertinent times, Plaintiff Patricia Weiss applied talcum powder in the State of Louisiana.

70.     Plaintiff Susan Whitacre is a citizen of the City of Joshua, State of Texas.  At all pertinent times, including from approximately June 1971 to July 2016, Plaintiff Susan Whitacre purchased and applied talcum powder in the States of Maryland and Texas.  In or around July 2015, Plaintiff Susan Whitacre was diagnosed with fallopian tube cancer, which developed in the State of Texas.  Plaintiff Susan Whitacre developed fallopian tube cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Susan Whitacre has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Susan Whitacre has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Susan Whitacre applied talcum powder in the States of Maryland and Texas.

71.     Plaintiff Randall Whitecotton, an adult whose principal place of residence is in the City of Shelby, State of North Carolina, brings this action individually and in his capacity as representative of the Estate of Brandy Whitecotton. Plaintiff Randall Whitecotton is pursuing this action due to the wrongfully caused premature death of his wife, Brandy Whitecotton, on behalf the Estate of Brandy Whitecotton and all wrongful death beneficiaries/statutory distributees of Brandy Whitecotton. The premature death of Brandy Whitecotton was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to North Carolina General Statute Section 28A-18-2, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

72.    Plaintiff Arthur Whitmore, III, an adult whose principal place of residence is in the City of Austell, State of Georgia, brings this action individually and in his capacity as Executor of the Estate of Evonne Whitmore. Plaintiff Arthur Whitmore, III is pursuing this action due to the wrongfully caused premature death of his wife, Evonne Whitmore, on behalf the Estate of Evonne Whitmore and all wrongful death beneficiaries/statutory distributees of Evonne Whitmore. The premature death of Evonne Whitmore was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to § 2125 of the Ohio Revised Code, which is commonly known as the Ohio "Wrongful Death Act," Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

73.    Plaintiff Karen Wiles is a citizen of the City of Ash Flat, State of Arkansas. At all pertinent times, including from approximately 1977 to August 2014, Plaintiff Karen Wiles purchased and applied talcum powder in the State of Arkansas. In or around August 2014,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Plaintiff Karen Wiles was diagnosed with ovarian cancer, which developed in the State of Arkansas. Plaintiff Karen Wiles developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Karen Wiles has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Karen Wiles has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Karen Wiles applied talcum powder in the State of Arkansas.

74. Plaintiff Deborah Wolfe is a citizen of the City of Grove City, State of Ohio. At all pertinent times, including from approximately 1967 to November 2013, Plaintiff Deborah Wolfe purchased and applied talcum powder in the States of Ohio and Kentucky. In or around November 2013, Plaintiff Deborah Wolfe was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff Deborah Wolfe developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Deborah Wolfe has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Wolfe has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Deborah Wolfe applied talcum powder in the States of Ohio and Kentucky.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

75.     Defendant, Johnson & Johnson, is a New Jersey corporation with its principal place of business in the State of New Jersey.

76.     At all relevant times, Johnson & Johnson was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all relevant times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

77.     Defendant Johnson and Johnson Consumer Incorporated f/k/a Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

78.     At all relevant times, Johnson and Johnson Consumer Incorporated[1] was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all relevant times, Johnson and Johnson Consumer Incorporated regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

79.     Defendant Johnson & Johnson formulated, manufactured, marketed, tested, promoted, sold and distributed the PRODUCTS prior to Johnson & Johnson Consumer, Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. coming into existence.

80.     Defendant Imerys Talc America, Inc., f/k/a Luzenac America, Inc. is a Delaware corporation with its principal place of business in the State of California.

81.     At all relevant times, Imerys Talc America, Inc., f/k/a Luzenac America, Inc. (hereinafter described as "Imerys Talc" or "Imerys Talc America, Inc."), has been in the business of mining and distributing talcum powder for use in talcum powder based products, including the

---

[1] All allegations regarding actions taken by Johnson & Johnson Consumer, Inc. also include actions taken while that entity was known as Johnson & Johnson Consumer Companies, Inc.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

PRODUCTS. Imerys Talc is the successor or continuation of Luzenac America, Inc., and Imerys Talc America, Inc. is legally responsible for all liabilities incurred when it was known as Luzenac America, Inc.

82.    At all relevant times, all Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing of PRODUCTS, and introduced such products into interstate commerce with knowledge and intent that such products be sold in all States, including the States of Missouri, Alabama, Arkansas, California, Connecticut, Florida, Georgia, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Virginia, Washington, and Wisconsin.

## **VENUE**

83. RSMo § 508.010, Missouri's general venue statute provides:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

> RSMo § 508.010.4

84.    Plaintiff Anna Gallardo was living in St. Louis City when she first used the PRODUCTS, and therefore was "first injured by the wrongful acts or negligent conduct alleged" in this action in the City of St. Louis, Missouri. Therefore, venue is proper pursuant to RSMo § 508.010.4.

85.    Venue is further proper in this Court pursuant to RSMo § 508.010.4 because Plaintiff Anna Gallardo at all relevant times, purchased, used, and was exposed to the Products in St. Louis, Missouri.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

## ALLEGATIONS COMMON TO ALL COUNTS

86.    Talc is a magnesium trisilicate that is mined from the earth.  Talc is an inorganic mineral. The Defendant, Imerys Talc America, Inc., f/k/a Luzanec America, Inc. mined the talc contained in the PRODUCTS.

87.    Talc is the main substance in talcum powders.   The Johnson & Johnson Defendants manufactured the PRODUCTS. The PRODUCTS are composed almost entirely of talc.

88.    At all relevant times, a feasible alternative to the PRODUCTS has existed. Cornstarch is an organic carbohydrate that is quickly broken down by the body with no known health effects.  Cornstarch powders have been sold and marketed for the same uses with nearly the same effectiveness as the PRODUCTS.

89.    At all relevant times, Defendant Imerys Talc[2] mined the talc contained in the PRODUCTS.

90.    At all relevant times, Imerys Talc continually advertised and marketed talc as safe for human use.

91.    At all relevant times, Imerys Talc supplied its customers, including the Johnson & Johnson Defendants, with Material Safety Data Sheets ("MSDS") for talc, which were supposed to convey adequate health and warning information to its customers.

92.    Historically, "Johnson's Baby Powder" has been a symbol of freshness, cleanliness, and purity.   During the time in question, the Johnson & Johnson Defendants advertised and marketed this product as a symbol of "freshness" and "comfort," eliminating friction on the skin, absorbing "excess wetness" to keep skin feeling dry and comfortable, and

---

[2] All allegations regarding actions taken by Imerys Talc also include actions taken while that entity was known as Luzenac America, Inc.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

"clinically proven gentle and mild."  The Johnson & Johnson Defendants compelled women through advertisements to dust themselves with this product to mask odors.  The bottle of "Johnson's Baby Powder" specifically targets women, stating: "For you, use every day to help feel soft, fresh, and comfortable."[3]

93.    At all relevant times, the Johnson & Johnson Defendants advertised and marketed their "Shower to Shower" product as safe for use by women as evidenced in its slogan, "A sprinkle a day keeps odor away," and through advertisements such as: "Your body perspires in more places than just under your arms.  Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day;" and "SHOWER to SHOWER can be used all over your body."

94.    Plaintiffs used the PRODUCTS to dust their perineum for feminine hygiene purposes. This was an intended and foreseeable use of the PRODUCTS based on the advertising, marketing, and labeling of the PRODUCTS.

95.    Upon information and belief, in 1971, the first study was conducted that suggested an association between talc and ovarian cancer.  This study was conducted by Dr. WJ Henderson and others in Cardiff, Wales.

96.    Upon information and belief, in 1982, the first epidemiologic study was performed on talc powder use in the female genital area.  That study was conducted by Dr. Daniel Cramer and others.  This study found a ninety-two percent increased risk of ovarian cancer with women who reported genital talc use.  Shortly after this study was published, Dr. Bruce Semple of Johnson & Johnson came and visited Dr. Cramer about his study.  Dr. Cramer advised Dr. Semple that Johnson & Johnson should place a warning on its talcum powders about the ovarian cancer risks so that women can make an informed decision about their health.

---

[3] Retailer Wal-Mart lists the labels for Johnson's Baby Powder, http://www.walmart.com/ip/Johnson-s-Baby-Powder-22-oz/10294007.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

97.     Upon information and belief, since approximately 1982, there have been approximately twenty-two additional epidemiologic studies providing data regarding the association of talc and ovarian cancer. Nearly all of these studies have reported an elevated risk of ovarian cancer associated with genital talc use in women.

98.     Upon information and belief, in or about 1993, the United States National Toxicology Program published a study on the toxicity of non-asbestos form talc and found clear evidence of carcinogenic activity.  Talc was found to be a carcinogen, with or without the presence of asbestos-like fibers.[4]

99.     Upon information and belief, in response to the United States National Toxicology Program's study, the Cosmetic Toiletry and Fragrance Association (CTFA), now known as the PCPC, formed the Talc Interested Party Task Force (TIPTF).  Johnson & Johnson, Inc., Johnson and Johnson Consumer Incorporated, and Luzenac—now known as Imerys Talc— were members of the CTFA and were the primary actors and contributors of the TIPTF. The stated purpose of TIPTF was to pool financial resources of these companies in order to collectively defend talc use at all costs and to prevent regulation of any type over this industry. TIPTF hired scientists to perform biased research regarding the safety of talc. TIPTF members, including Johnson & Johnson and Luzenac, then edited these scientific reports hired by this group prior to the submissions of these scientific reports to governmental agencies. In addition, members of TIPTF knowingly released false information about the safety of talc to the

---

[4] Inhalation Toxicology Research Institute Annual Report, 1993 – 1994,
https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=5&ved=0CEEQFjAE&url=http%3A%2F% 2Fwww.dtic.mil%2Fget-tr- doc%2Fpdf%3FAD%3DADA292037&ei=XX4IVMfxPIblsASfyIKwCA&usg=AFQjCNGnPtuTJc4YRHp3v0VFPJ lOV2yH2w&sig2=WTznSlZK9GojkDadkub0Sw&bvm=bv.74649129,d.cWc&cad=rja.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

consuming public and used political and economic influence on regulatory bodies regarding talc. These activities were conducted by these companies and organizations over the past four decades in an effort to prevent regulation of talc and to create confusion to the consuming public about the true hazards of talc and its association to ovarian cancer.

100.    Upon information and belief, on or about November 19, 1994, the Cancer Prevention Coalition sent a letter to then Johnson & Johnson C.E.O. Ralph Larsen, urging him to substitute cornstarch for talcum powder products and to label its products with a warning on cancer risks.[5]

101.    Upon information and belief, in or about 1996, the FDA requested that the condom industry stop dusting condoms with talc due to the health concerns that studies linked talc to ovarian cancer.  Upon this request, all U.S. manufacturers discontinued the use of talc in its condom manufacturing process to reduce the potential health hazards to women.[6]

102.    Upon information and belief, in or about 1990, the U.S. Food and Drug Administration (FDA) asked manufacturers to voluntarily stop putting talc on surgical gloves because mounting scientific evidence showed that it caused adhesions in surgical patients.[7]

103.    Upon information and belief, in or about February 2006, the International Agency for Research on Cancer (IARC), the specialized cancer agency of the World Health Organization, published a paper whereby they classified perineal use of talc-based body powder as a "Group 2B" human carcinogen.[8]  IARC, which is universally accepted as the international

---

[5] Petition Seeking a Cancer Warning on Cosmetic Talc Products, May 13, 2008
http://www.preventcancer.com/publications/pdf/FINAL_CitPetTalcOvCa_may138.pdf.
[6] "A Women's Campaign Against Talc on Condoms," *Philly*.com, http://articles.philly.com/1996-01-08/living/25652370_1_talc-condoms-ovarian-cancer.
[7] *Id.*
[8] IARC, "Perineal use of talc-based body powder (Group 2B)," *available at*
http://monographs.iarc.fr/ENG/Monographs/PDFs/93-talc.pdf.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

authority on cancer issues, concluded that studies from around the world consistently found an increased risk of ovarian cancer in women who used talc in perineal areas.  IARC determined that between 16-52% of women worldwide used talc to dust their perineum and found an increased risk of ovarian cancer in women talc users ranging from 30-60%.

104.    Upon information and belief, in or about 2006, the Canadian government, under The Hazardous Products Act and associated Controlled Products Regulations, classified talc as a "D2A," "very toxic," "cancer-causing" substance under its Workplace Hazardous Materials Information System (WHMIS).  Asbestos is also classified as "D2A."

105.    Upon information and belief, in or about 2006, Defendant Imerys Talc began placing a warning on the MSDS it provided to the Johnson & Johnson Defendants regarding the talc it sold to them for use in the PRODUCTS.  The MSDSs not only provided the warning information about the IARC classification but also included warning information regarding "States Rights to Know" and warning information about the Canadian Government's D2A classification of talc.

106.    In 2008, the Cancer Prevention Coalition submitted a "Petition Seeking a Cancer Warning on Cosmetic Talc Products" to the FDA.  The petition requested that the FDA immediately require cosmetic talcum powder products to bear labels with a prominent warning that frequent talc application in the female genital area is responsible for major risks of ovarian cancer.[9]

---

[9] Cancer Prevention Coalition "Petition Seeking a Cancer Warning on Cosmetic Talc Products" submitted to the FDA on May 13, 2008, http://www.organicconsumers.org/articles/article_12517.cfm

107.    In 2013, Cancer Prevention Research published a study that showed that women who used talcum powder in their groin area had a 20 to 30 percent greater risk of developing ovarian cancer than women who did not use talc products in that area.[10]

108.    Presently, the National Cancer Institute[11] and the American Cancer Society[12] list genital talc use as a "risk factor" for ovarian cancer.

109.    The Gilda Radner Familial Ovarian Cancer Registry, Roswell Park Center Institute, and the Department of Gynecologic Oncology University of Vermont publish a pamphlet entitled, "Myths & Facts about ovarian cancer: What you need to know." In this pamphlet, under "known" risk factors for ovarian cancer, it lists: "Use of Talc (Baby Powder) in the Genital Area."[13]

110.    The Defendants had a duty to know and warn about the hazards associated with the use of the PRODUCTS.

111.    The Defendants failed to inform its customers and end users of the PRODUCTS of a known catastrophic health hazard associated with the use of its PRODUCTS.

112.    In addition, the Defendants procured and disseminated false, misleading, and biased information regarding the safety of the PRODUCTS to the public and used influence over governmental and regulatory bodies regarding talc.

---

[10] "Genital powder use and risk of ovarian cancer: a pooled analysis of 8,525 cases and 9,859 controls," *Cancer Prevention Research*, June 2013, http://cancerpreventionresearch.aacrjournals.org/content/early/2013/06/12/1940-6207.CAPR-13-0037.short.

[11] National Cancer Institute, Ovarian Cancer Prevention, http://www.cancer.gov/cancertopics/pdq/prevention/ovarian/Patient/page3

[12] American Cancer Society, Risk Factors for Ovarian Cancer, http://www.cancer.org/cancer/ovariancancer/detailedguide/ovarian-cancer-risk-factors

[13] Myths and Facts About Ovarian Cancer, http://imaging.ubmmedica.com/cancernetwork/forpatients/pdfs/7_M&F%20Ovarian%20Cancer.pdf.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

113.    As a direct and proximate result of the Defendants' calculation and reprehensible conduct, Plaintiffs were injured and suffered damages, namely ovarian cancer, which required surgeries and treatments.

## FEDERAL STANDARDS AND REQUIREMENTS

114.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

115.    At all relevant times, Defendants had the obligation to comply with federal standards and regulations in the manufacture, design, marketing, branding, labeling, distribution, and sale of the PRODUCTS.

116.    Defendants, each individually, *in solido*, and/or jointly, violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, *et seq.*

117.    Defendants have or may have failed to comply with federal standards and requirements governing the manufacture, design, marketing, branding, and sale of the PRODUCTS including, but not limited to, the following violations of sections and subsections of the United States Code and the Code of Federal Regulations:

a.    The PRODUCTS are adulterated in violation of 21 U.S.C. § 361 because, among other things, they contain a poisonous or deleterious substance which may render them injurious to users under the conditions of use prescribed in the labeling thereof, or under such conditions of use as are customary or usual.

b.    The PRODUCTS are misbranded in violation of 21 U.S.C. § 362 because, among other things, their labeling is false or misleading.

c.    The PRODUCTS are misbranded in violation 21 U.S.C. § 362 because words, statements, or other information required by or under authority of 21 U.S.C. § 362 are not prominently placed thereon with such conspicuousness and in such terms as to render them likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

d.  The PRODUCTS are misbranded in violation of 21 C.F.R. § 701.1 because they contain false or misleading representations that they are safe for daily application to all parts of the female body.

e.  The PRODUCTS do not bear a warning statement, in violation of 21 C.F.R. § 740.1, to prevent a health hazard that may be associated with the PRODUCTS, namely that the PRODUCTS may cause ovarian cancer or a heightened risk of ovarian cancer when applied to the perineal area.

f.  The PRODUCTS do not prominently and conspicuously bear a warning statement, in violation of 21 C.F.R. § 740.2, as to the risk of ovarian cancer caused by the use of the PRODUCTS when applied to the perineal area, in such terms and design that it is likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

g.  The PRODUCTS, in violation of 21 C.F.R. § 740.10, do not conspicuously state on their principal display panel that the safety of the PRODUCTS have not been determined and/or that the safety of the PRODUCTS' principal ingredients have not been determined.

## COUNT ONE – VIOLATION OF MISSOURI MERCHANDIZING PRACTICE ACT, § 407.020 *et seq.*
### (Johnson & Johnson Defendants)

118.  Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

119.  At all relevant times, the Johnson & Johnson Defendants knew or should have known of the unreasonably dangerous and carcinogenic nature of talc, especially when applied in a women's perineal region.

120.  At all relevant times, the Johnson & Johnson Defendants, through their labeling, advertisements, public representations and marketing of the PRODUCTS, intentionally used deception, fraud, false pretenses, false promises, misrepresentations and unfair trade practices in order to mislead consumers that the PRODUCTS were safe for use in the female perineal area.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

121.    The labeling and advertisements for the PRODUCTS include, but are not limited to, the following statements: "For you, use every day to help feel soft, fresh, and comfortable;"[14] "A sprinkle a day keeps the odor away;" "Your body perspires in more places than just under your arms;" "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day;" and "SHOWER to SHOWER can be used all over your body."[15]

122.    In particular, the Johnson & Johnson Defendants advertised the product SHOWER to SHOWER to be applied "all over," and suggested that women use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction. Apply after a bikini wax to help reduce irritation and discomfort."

123.    At all relevant times, the Johnson & Johnson Defendants also engaged in the concealment, suppression and/or omission of material facts in connection with the sale and/or advertisement of the PRODUCTS in trade or commerce. In particular, the Johnson & Johnson Defendants failed to disclose to the public that the PRODUCTS were unsafe and posed serious health hazards, particularly when used in the perineal areas of women. The first study that suggested an association between talc and ovarian cancer was conducted in 1971, and studies confirming this association have been and continue to be conducted. The Johnson & Johnson Defendants were aware of the hazardous risks posed by the PRODUCTS and yet failed to inform the public of these risks through their advertisements, labeling, or other means available to them. The Johnson & Johnson Defendants' failure to state material facts about their PRODUCTS constitutes a violation of V.A.M.S. § 407.020.

124.    At all relevant times, Plaintiffs were deceived by Defendants' intentional misrepresentations and omissions, including by the orchestrated claims made on or in television

---

[14] Retailer Wal-Mart lists the labels for Johnson's Baby Powder, http://www.walmart.com/ip/Johnson-s-Baby-Powder-22-oz/10294007.
[15] Johnson & Johnson Shower to Shower website, http://showertoshower.com/the-power-of-powder.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

commercials, advertising materials, websites, and on product labels and packaging regarding the usage and safety of the PRODUCTS.

125.    At all relevant times, Plaintiffs acted in reasonable reliance upon the Johnson & Johnson Defendants' unlawful trade practices, and had the Johnson & Johnson Defendants not engaged in the deceptive conduct described herein, Plaintiffs would not have purchased and/or received the PRODUCTS.

126.    As a direct and proximate result of Johnson & Johnson Defendants' unlawful trade practices, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TWO – STRICT LIABILITY FOR FAILURE TO WARN
### (Imerys Talc)

127.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

128.    At all relevant times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants with full knowledge that the Johnson & Johnson Defendants were then packaging the talc and selling to consumers as the PRODUCTS and consumers of the PRODUCTS were using it to powder their perineal regions.

129.    At all relevant times, by mining talc and supplying that talc to the Johnson & Johnson Defendants for use in the PRODUCTS, Imerys Talc was knowingly an integral part of

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

the overall manufacture, design, and production of the PRODUCTS and their introduction into the stream of interstate commerce.

130.    At all relevant times, Imerys Talc knew or should have known of the unreasonably dangerous and carcinogenic nature of the talc it was selling to the Johnson & Johnson Defendants, especially when applied to a woman's perineal regions, and it knew or should have known that Johnson & Johnson was not warning its consumers of this danger.

131.    At all relevant times, Imerys Talc knew or should have known that the use of the PRODUCTS significantly increase the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

132.    At all relevant times, the PRODUCTS were defective and unreasonably dangerous when used in a reasonably foreseeable manner because, despite Imerys Talc's knowledge that the PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer, Imerys Talc failed to provide adequate warning and/or instruction to consumers, including Plaintiff, regarding the increased risk of ovarian cancer associated with the use of the PRODUCTS when applied to the perineal area.

133.    Had Plaintiffs received warning or instruction regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiffs would not have used the PRODUCTS in this manner.

134.    Due to the absence of any warning or instruction by the Defendants as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiffs were unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

135.    As a direct and proximate result of Imerys Talc's failure to warn Plaintiffs of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Imerys Talc in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT THREE – STRICT LIABILITY FOR FAILURE TO WARN
### (Johnson & Johnson Defendants)

136.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

137.    At all relevant times, the Johnson & Johnson Defendants were engaged in the business of manufacturing, marketing, testing, promoting, selling and/or distributing, and otherwise introducing into the stream of interstate commerce, the PRODUCTS.

138.    At all relevant times, the Johnson & Johnson Defendants knew or should have known that the use of the PRODUCTS in the female perineal area significantly increased the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

139.    At all relevant times, the PRODUCTS, manufactured and supplied by the Johnson & Johnson Defendants, were defective and unreasonably dangerous because, despite the Johnson & Johnson Defendants' knowledge that its PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer when applied to the female perineal area, a reasonably foreseeable use of the PRODUCTS, the Johnson & Johnson Defendants failed to provide

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

adequate warning or instruction to consumers, including Plaintiffs, regarding the increased risk of ovarian cancer when the PRODUCTS are applied to the female perineal area.

140.    At all relevant times, Plaintiffs used the PRODUCTS to powder their perineal areas, a use that was reasonably foreseeable and for which the PRODUCTS were supplied.

141.    Had Plaintiffs received warning and/or instruction from the Johnson & Johnson Defendants regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiffs would not have used the PRODUCTS in this manner.

142.    Due to the absence of any warning or instruction by the Johnson & Johnson Defendants as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiffs were unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

143.    As a direct and proximate result of Johnson & Johnson Defenadnts' failure to warn Plaintiffs of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT FOUR – STRICT LIABILITY FOR DEFECTIVE MANUFACTURE AND DESIGN
### (Imerys Talc)

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

144.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

145.    At all relevant times, Defendant Imerys Talc was engaged in the business of mining and distributing talcum to Johnson & Johnson Defendants for use in the PRODUCTS, and they were knowingly an integral part of the overall manufacture, design, and production of the PRODUCTS and their introduction into the stream of interstate commerce.

146.    At all relevant times, the PRODUCTS were expected to and did reach Plaintiffs without a substantial change in their condition.

147.    At all relevant times, the PRODUCTS were defectively and improperly manufactured and designed by Imerys Talc in that, when Imerys Talc supplied its talc product to Johnson & Johnson with full knowledge that Johnson & Johnson would use its talc in formulating the PRODUCTS and that the talc would be the primary ingredient in the PRODUCTS, the foreseeable risks of the PRODUCTS far outweighed the benefits associated with their design and formulation.

148.    At all relevant times, the PRODUCTS were defectively manufactured and designed by Imerys Talc in that their design and formulation is more dangerous than an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

149.    At all relevant times, the PRODUCTS created significant risks to the health and safety of consumers that far outweigh the risks posed by other products on the market used for the same therapeutic purpose.

150.    As a direct and proximate result of the defective design and manufacture of the PRODUCTS, Plaintiffs developed ovarian cancer and have been injured catastrophically and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Imerys Talc in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT FIVE – STRICT LIABILITY FOR
### DEFECTIVE MANUFACTURE AND DESIGN
### (Johnson & Johnson Defendants)

151.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

152.    At all relevant times, the Johnson & Johnson Defendants were engaged in the business of manufacturing, formulating, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, and otherwise introducing the PRODUCTS into the stream of interstate commerce, which they sold and distributed throughout the United States.

153.    At all relevant times, the PRODUCTS were expected to and did reach Plaintiff without a substantial change in condition.

154.    At all relevant times, the PRODUCTS were defectively and improperly manufactured and designed by the Johnson & Johnson Defendants in that, when the PRODUCTS left the hands of the Johnson & Johnson Defendants, the foreseeable risks of the PRODUCTS far outweighed the benefits associated with their design and formulation.

155.    At all relevant times, the PRODUCTS were defectively manufactured and designed by the Johnson & Johnson Defendants in that their design and formulation is more

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

dangerous than an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

156.    At all relevant times, the PRODUCTS created significant risks to the health and safety of consumers that far outweigh the risks posed by other products on the market used for the same therapeutic purpose.

157.    At all relevant times, a reasonable and safer alternative design existed, which could have feasibly been employed by the Johnson & Johnson Defendants to manufacture a product with the same therapeutic purpose as the PRODUCTS. Despite knowledge of this reasonable and safer alternative design, the Johnson & Johnson Defendants failed to alter the PRODUCTS' design and formulation. The magnitude of the danger created by the PRODUCTS far outweighs the costs associated with using an alternative, safer design.

158.    As a direct and proximate result of the defective design and manufacture of the PRODUCTS, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT SIX - NEGLIGENCE
### (Imerys Talc)

159.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

160.    At all relevant times, Imerys Talc had a duty to exercise reasonable care to consumers, including Plaintiffs herein, in the design, development, manufacture, testing,

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the PRODUCTS.

161.    At all relevant times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants, which it knew was then being packaged and sold to consumers as the PRODUCTS by the Johnson and Johnson Defendants. Further, Imerys Talc knew that consumers of the PRODUCTS were using it to powder their perineal regions.

162.    At all relevant times, Imerys Talc knew or should have known that the use of the PRODUCTS in the perineal area significantly increases the risk of ovarian cancer based upon scientific knowledge dating back to the 1971.

163.    At all relevant times, Imerys Talc knew that Johnson & Johnson Defendants were not providing warnings to consumers of the PRODUCTS of the risk of ovarian cancer posed by talc contained therein.

164.    At all relevant times, Imerys Talc was negligent in providing talc to the Johnson & Johnson Defendants. Imerys Talc possessed information on the carcinogenic properties of talc, including its risk of causing ovarian cancer. Imerys Talc was negligent because it knew that the talc they provided to Johnson & Johnson Defendants would be used in the PRODUCTS, but they did not adequately take steps to ensure that ultimate consumers of the PRODUCTS, including Plaintiffs, received the information that Imerys Talc possessed on the carcinogenic properties of talc.

165.    As a direct and proximate result of Imerys Talc's negligence, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

WHEREFORE, Plaintiffs pray for judgment against Imerys Talc in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT SEVEN –NEGLIGENCE
### (Johnson & Johnson Defendants)

166.     Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

167.     At all relevant times, the Johnson & Johnson Defendants breached their duty to Plaintiffs and were otherwise negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing the PRODUCTS in one or more of the following respects:

a.  In failing to warn Plaintiffs of the hazards associated with the use of the PRODUCTS;

b.  In failing to properly test their products to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use;

c.  In failing to properly test the PRODUCTS to determine the increased risk of ovarian cancer during the normal and/or intended use of the PRODUCTS;

d.  In failing to inform ultimate users, such as Plaintiffs, as to the safe and proper methods of handling and using the PRODUCTS;

e.  In failing to remove the PRODUCTS from the market when the Defendants knew or should have known the PRODUCTS were defective;

f.  In failing to instruct the ultimate users, such as Plaintiffs, as to the methods for reducing the type of exposure to the PRODUCTS which caused increased risk of ovarian cancer;

g.  In failing to inform the public in general and the Plaintiffs in particular of the known dangers of using the PRODUCTS for dusting the perineum;

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

h.  In failing to advise users how to prevent or reduce exposure that caused an increased risk for ovarian cancer;

i.  In marketing and labeling the PRODUCTS as safe for all uses despite knowledge to the contrary;

j.  In failing to act like a reasonably prudent company under similar circumstances;

k.  In failing to use a safer alternative to talc in the PRODUCTS, such as cornstarch.

Each and all of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs.

168.   At all relevant times, the Johnson & Johnson Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

169.   As a direct and proximate result of the Johnson & Johnson Defendants' negligence, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. As a direct and proximate result, Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT EIGHT – BREACH OF EXPRESS WARRANTY
#### (Johnson & Johnson Defendants)

170.   Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

171.    At all relevant times, the Johnson & Johnson Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

172.    At all relevant times, the Johnson & Johnson Defendants expressly warranted, through direct-to-consumer marketing, advertisements, and labels, that the PRODUCTS were safe and effective for reasonably anticipated uses, including use by women in their perineal area.

173.    At all relevant times, the PRODUCTS did not conform to these express representations because they cause serious injury, including ovarian cancer, when used by women in the perineal area.

174.    As a direct and proximate result of the Defendants' breach of warranty, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT NINE– BREACH OF IMPLIED WARRANTIES
### (Johnson & Johnson Defendants)

175.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

176.    At the time the Defendants manufactured, marketed, labeled, promoted, distributed and/or sold the PRODUCTS, the Johnson & Johnson Defendants knew of the uses for which the PRODUCTS were intended, including use by women in the perineal area. With this

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

knowledge, they impliedly warranted the PRODUCTS to be of merchantable quality and safe for such use.

177.    Defendants breached their implied warranties of the PRODUCTS sold to Plaintiffs because they were not fit for their common, ordinary and intended uses, including use by women in the perineal area.

178.    As a direct and proximate result of the Johnson & Johnson Defendants' breach of implied warranties, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. As a result, Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TEN – CIVIL CONSPIRACY
### (All Defendants)

179.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

180.    Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Plaintiffs' injuries, diseases, and/or illnesses by exposing the Plaintiffs to harmful and dangerous PRODUCTS. Defendants further knowingly agreed, contrived, confederated and conspired to deprive the Plaintiffs of the opportunity of informed free choice as to whether to use the PRODUCTS or to expose themselves to the stated dangers. Defendants committed the wrongs as described herein by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to the PRODUCTS.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

181.    In furtherance of said conspiracies, Defendants performed the following overt acts:

    a.  For many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports that clearly indicated that use of their by women resulting from ordinary and foreseeable use of the PRODUCTS were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

    b.  Despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully and maliciously:

        i.  Withheld, concealed and suppressed said medical information regarding the increased risk of ovarian cancer from Plaintiffs, as described above; In addition, on July 27, 2005, Defendants, as part of the TIPTF, corresponded about and agreed to edit and delete portions of scientific papers being submitted on their behalf to the United States Toxicology Program in an attempt to prevent talc from being classified as a carcinogen;

        ii.  Instituted a "defense strategy" through the TIPTF to defend talc at all costs. In furtherance of this defense strategy, Defendants, through the TIPTF, used their influence over the National Toxicology Program ("NTP") Subcommittee and the threat of litigation against the NTP to prevent the NTP from classifying talc as a carcinogen on its 10th Report on Carcinogens ("RoC");

        iii.  Caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of ovarian cancer which Defendants knew were incorrect, incomplete, outdated, and misleading. Specifically, Defendants, through the TIPTF, collectively agreed to release false information to the public regarding the safety of talc on July 1, 1992; July 8, 1992; and November 17, 1994. In a letter dated September 17, 1997, the Defendants were criticized by their own toxicologist consultant for releasing this false information to the public, yet nothing was done by the Defendants to correct or redact this public release of knowingly false information.

    c.  By these false and fraudulent representations, omissions, and concealments, Defendants intended to induce and did induce the Plaintiffs to rely upon these false and fraudulent representations, omissions and

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

concealments, and to continue to expose themselves to the dangers inherent in the use of and exposure to the PRODUCTS.

182.    Plaintiffs reasonably and in good faith relied upon the fraudulent representations, omissions, and concealments made by Defendants regarding the nature of the PRODUCTS.

183.    As a direct, foreseeable and proximate result of the Defendants' conspiracy, Plaintiffs purchased and used the PRODUCTS in the perineal areas, which directly and proximately caused each Plaintiff to develop ovarian cancer. Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT ELEVEN – CONCERT OF ACTION
### (All Defendants)

184.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

185.    At all relevant times, Imerys Talc and the Johnson & Johnson Defendants knew that the PRODUCTS should contain warnings about the risk of ovarian cancer when women used the PRODUCTS to powder the perineal region, but they purposefully suppressed this information and omitted warnings from the PRODUCTS. They did so to maintain sales and profits of the Johnson & Johnson Defendants and Imerys Talc.

186.    As a direct, foreseeable and proximate result of the Defendants' concert of action, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TWELVE – FRAUD
### (Johnson & Johnson Defendants)

187.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

188.    At all relevant times, the Johnson & Johnson Defendants intentionally, willfully, and/or recklessly, with the intent to deceive, misrepresented and/or concealed material facts to consumers and users, including Plaintiffs.

189.    At all relevant times, the Johnson & Johnson Defendants misrepresented and/or concealed material facts concerning the PRODUCTS to consumers, including the Plaintiffs, with knowledge of the falsity of their misrepresentations.

190.    At all relevant times, upon information and belief, the misrepresentations and concealments concerning the PRODUCTS made by the Johnson & Johnson Defendants include, but are not limited to the following:

    a.  The Johnson & Johnson Defendants falsely labeled and advertised the PRODUCTS in the following ways, among others: "For you, use every day to help feel soft, fresh, and comfortable," "a sprinkle a day keeps the odor away," "your body perspires in more places than just under your arms," "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day," and "SHOWER to SHOWER can be used all over your body."

    b.  The Johnson & Johnson Defendants falsely advertised the PRODUCT SHOWER to SHOWER to be applied "all over," and in particular, urges women to use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction. Apply after a bikini wax to help reduce irritation and discomfort."

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

    c.  The Johnson & Johnson Defendants, through the advertisements described above, knowingly misrepresented to Plaintiff and the public that the PRODUCTS were safe for use all over the body, including the perineal areas of women.

    d.  The Johnson & Johnson Defendants intentionally failed to disclose that talc and the associated PRODUCTS, when used in the perineal area, increase the risk of ovarian cancer.

    e.  The Johnson & Johnson Defendants intentionally failed to include adequate warnings with the PRODUCTS regarding the potential and actual risks of using the PRODUCTS in the perineal area on women and the nature, scope, severity, and duration of any serious injuries resulting therefrom.[16]

    f.  Despite knowing about the carcinogenic nature of talc and its likelihood to increase the risk of ovarian cancer in women, the Johnson & Johnson Defendants falsely marketed, advertised, labeled and sold the PRODUCTS as safe for public consumption and usage, including for use by women to powder their perineal areas.

191.    At all relevant times, the Johnson & Johnson Defendants actively, knowingly, and intentionally concealed and misrepresented these material facts to the consuming public with the intent to deceive the public and Plaintiffs, and with the intent that the consumers would purchase and use the PRODUCTS in the female perineal area.

192.    At all relevant times, the consuming public, including Plaintiffs, would not otherwise have purchased the PRODUCTS and/or applied the PRODUCTS in the perineal area if they had been informed of the risks associated with the use of the PRODUCTS in the perineal area.

193.    At all relevant times, Plaintiffs relied on the Johnson & Johnson Defendants' misrepresentations concerning the safety of the PRODUCTS when purchasing the PRODUCTS and using them in her perineal area, and her reliance was reasonable and justified.

---

[16] Household Products Database, Label for Johnson's Baby Powder, Original, http://householdproducts.nlm.nih.gov/cgi-bin/household/brands?tbl=brands&id=10001040

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

194.    As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' fraudulent conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT THIRTEEN – NEGLIGENT MISREPRESENTATION
### (All Defendants)

195.    As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' fraudulent conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

196.    Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, Plaintiffs and the public that the PRODUCTS had been tested and found to be safe and effective for use in the perineal area. However, the representations made by Defendants, in fact, were false.

197.    Defendants failed to exercise ordinary care in the representations concerning the PRODUCTS while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because Defendants negligently misrepresented the PRODUCTS' high risk of unreasonable, dangerous, adverse side effects.

198.    Defendants breached their duty in representing that the PRODUCTS were safe for use in the perineal areas of women.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

199.    At all relevant times, upon information and belief, the misrepresentations, omissions and concealments concerning the PRODUCTS made by the Defendants include, but are not limited to the following:

a.  The Johnson & Johnson Defendants labeled and advertised the PRODUCTS in the following ways, among others: "For you, use every day to help feel soft, fresh, and comfortable;" "A sprinkle a day keeps the odor away;" "Your body perspires in more places than just under your arms;" "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day; and "SHOWER to SHOWER can be used all over your body."

b.  The Johnson & Johnson Defendants advertised the product SHOWER to SHOWER to be applied "all over," and in particular, urged women to use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction.  Apply after a bikini wax to help reduce irritation and discomfort."

c.  Defendants, through the advertisements described above, among others, misrepresented to consumers, including the Plaintiffs, that the PRODUCTS were safe for use all over the body, including the female perineal area.

d.  Despite actual knowledge of the health risks of the PRODUCTS, the Defendants failed to disclose to the consumers and the Plaintiffs, through adequate warnings, representations, labeling, or otherwise, that the PRODUCTS were inherently dangerous and carcinogenic in nature, which poses serious health risks to consumers.

e.  Despite actual knowledge that the use of the PRODUCTS in the perineal area created a significantly increased risk of ovarian cancer, the Defendants failed to disclose to consumers and the Plaintiff, through adequate warnings, representations, labeling, or otherwise, that material fact.

f.  Despite knowing about the carcinogenic nature of talc and its likelihood to increase the risk of ovarian cancer in women, the Johnson & Johnson Defendants falsely marketed, advertised, labeled and sold the PRODUCTS as safe for public consumption and usage, including for use by women to powder their perineal areas.

200.    At all relevant times, Defendants failed to exercise reasonable care in ascertaining or sharing information regarding the safe use of PRODUCTS, failed to disclose facts indicating

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

that the PRODUCTS were inherently dangerous and carcinogenic in nature, and otherwise failed to exercise reasonable care in communicating the information concerning the PRODUCTS to Plaintiff and/or concealed relevant facts that were known to them.

201.    At all relevant times, Plaintiffs were not aware of the falsity of the foregoing misrepresentations, nor was she aware that material facts concerning talc and the PRODUCTS had been concealed or omitted.  In reasonable reliance upon the Johnson & Johnson Defendants' misrepresentations and/or omissions, Plaintiffs were induced to and did purchase the PRODUCTS and did use the PRODUCTS on her perineal area.  If the Defendants had disclosed true and accurate material facts concerning the risks of the use of the PRODUCTS, in particular the risk of developing ovarian cancer from using the PRODUCTS in the female perineal area, Plaintiffs would not have purchased and/or received the PRODUCTS and/or used the PRODUCTS in that manner.

202.    Plaintiffs' reliance upon the Defendants' misrepresentations and omissions was justified and reasonable because, among other reasons, those misrepresentations and omissions were made by individuals and entities who were in a position to know the material facts concerning the PRODUCTS and the association between the PRODUCTS and the incidence of ovarian cancer, while Plaintiff was not in a position to know these material facts, and because the Johnson & Johnson Defendants failed to warn or otherwise provide notice to the consuming public as to the risks of the PRODUCTS, thereby inducing Plaintiff to use the PRODUCTS in lieu of safer alternatives and in ways that created unreasonably dangerous risks to her health. At all relevant times, the Defendants' corporate officers, directors, and/or managing agents knew of and ratified the acts of the Johnson & Johnson Defendants, as alleged herein.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

203.    As a direct and proximate result of Defendants' conduct, Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, severally, and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT FOURTEEN – WRONGFUL DEATH
### (All Defendants)

204.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

205.    As a direct and proximate result of the acts and/or omissions of Defendants as set forth herein, the Decedents named in this action used the PRODUCTS in their perineal areas. Subsequent to such use, Decedents developed ovarian cancer, suffered substantial pain and suffering, both physical and emotional in nature, and subsequently died.

206.    Plaintiffs, on behalf of themselves and all of the next of kin of Decedents, are entitled to recover damages as Decedents would have if they were living, as a result of acts and/or omissions of Defendants.

207.    Plaintiffs, on behalf of themselves and all of Decedents' next of kin are also entitled to recover punitive damages and damages for substantial pain and suffering caused to Decedents from the acts and/or omissions of Defendants as fully set forth herein, including without limitations, punitive damages.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

208.    As a direct and proximate result of Defendants' conduct, Plaintiffs and Decedents have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, severally, and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT FIFTEEN – PUNITIVE DAMAGES
### (All Defendants)

209.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

210.    The Defendants have acted willfully, wantonly, maliciously, with an evil motive, and recklessly in one or more of the following ways:

    a.  Defendants knew of the unreasonably high risk of ovarian cancer posed by the PRODUCTS before manufacturing, marketing, distributing and/or selling the PRODUCTS, yet purposefully proceeded with such action;

    b.  Despite their knowledge of the high risk of ovarian cancer associated with the PRODUCTS, Defendants affirmatively minimized this risk through marketing and promotional efforts and product labeling;

    c.  Through the actions outlined above, Defendants expressed a reckless indifference to the safety of users of the PRODUCTS, including Plaintiffs. Defendants knew of the dangers and risks of the PRODUCTS, yet they concealed and/or omitted this information from labels and warnings contained on the PRODUCTS in furtherance of their conspiracy and concerted action. These actions were outrageous because of Defendants' evil motive or a reckless indifference to the safety of users of the PRODUCTS.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

211.   As a direct and proximate result of the willful, wanton, malicious, evilly motivated and/or reckless conduct of the Defendants, the Plaintiffs have sustained damages as set forth above.

WHEREFORE, Plaintiffs pray for a judgment for punitive damages against all Defendants, jointly and severally, in a fair and reasonable amount sufficient to punish Defendants and deter them and others from engaging in similar conduct in the future, costs expended herein, and such further and other relief as the Court deems just and appropriate.

## COUNT SIXTEEN – DAMAGES
### (Against All Defendants)

212.   Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

213.   Defendants knew of the dangerous condition of the PRODUCTS, including that they posed a danger to their consumers, including Plaintiffs, but chose not to include any warnings or information regarding the dangerous condition of the PRODUCTS.

214.   Defendants showed complete indifference to or conscious disregard of the safety of Plaintiffs by their conduct described herein. Defendants knew or should have known failure to include a warning for the PRODUCTS would result in women using the PRODUCTS in their perineal areas and subsequently developing ovarian cancer.

215.   Plaintiffs are entitled to exemplary damages to punish Defendants and to deter Defendants and others in similar situations from like conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants for exemplary damages for the aggravating circumstances of decedents' deaths, to punish Defendants, and to deter Defendants and others from like conduct, and such other and further relief as this Court deems just, proper, and equitable.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

## **TOLLING STATUTE OF LIMITATIONS**

216.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

217.    Plaintiffs have suffered an illness that has a latency period and does not arise until many years after exposure. Plaintiffs' illnesses did not distinctly manifest themselves until they were made aware that their ovarian cancer could be caused by their use of the Defendants' products. Consequently, the discovery rule applies to these cases, and the statute of limitations has been tolled until the day that Plaintiffs knew or had reason to know that their ovarian cancer was linked to their use of the Defendants' products.

218.    Furthermore, the running of any statute of limitations has been equitably tolled by reason of Defendants' fraudulent concealment and conduct. Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs the true risks associated with PRODUCTS.

219.    As a result of Defendants' actions, Plaintiffs were unaware, and could not reasonably know or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

220.    Furthermore, Defendants are estopped from relying on any statute of limitations because of their concealment of the truth regarding the safety of PRODUCTS. Defendants were under a duty to disclose the true character, quality and nature of PRODUCTS because this was non-public information over which they continue to have exclusive control. Defendants knew that this information was not available to Plaintiffs, their medical providers and/or their health facilities, yet they failed to disclose the information to the public.

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

221.    Defendants had the ability to and did spend enormous amounts of money in furtherance of their purposes of marketing and promoting a profitable product, notwithstanding the known or reasonably knowable risks. Plaintiffs and medical professionals could not have afforded to and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and they were forced to rely on Defendants' representations.

Respectfully submitted,

ONDER, SHELTON,
O'LEARY & PETERSON, LLC

By:    /s/ Stephanie Rados
James G. Onder, #38049
William W. Blair, #58196
Stephanie L. Rados, #65117
110 E. Lockwood, 2nd Floor
St. Louis, MO  63119
314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

OF COUNSEL:

R. Allen Smith, Jr. – MSB # 99984
THE SMITH LAW FIRM, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157
Telephone:  (601) 952-1422
Facsimile:  (601) 952-1426

Timothy W. Porter – MSB # 9687
Patrick C. Malouf – MSB # 9702
PORTER & MALOUF, PA
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:  (601) 957-1173
Facsimile:  (601) 957-7366

Electronically Filed - City of St. Louis - March 28, 2017 - 11:08 PM

Ted G. Meadows – ALB # MEA014
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

***Attorneys for Plaintiffs***