

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

September 25, 2024

**Stephen D. Brody**
D: 202-383-5167
sbrody@omm.com

**Via PACER/ECF**

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5W
Trenton, New Jersey 08608

The Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7W
Trenton, New Jersey 08608

**Re:** *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, No. 3:16-md-2738-MAS-RLS

Dear Judge Shipp and Judge Singh:

We write in response to Mr. Pollock's letter suggesting that the briefing schedule on Johnson & Johnson's Second Motion to Remove Beasley Allen from the Plaintiffs' Steering Committee (Dkt. 33290) has been suspended by operation of the stay order entered by the Bankruptcy Court for the Southern District of Texas in *In re: Red River Talc LLC* (attached to Mr. Pollock's letter as Exhibit A; complaint attached to Mr. Pollock's letter as Exhibit B). The stay order does not apply to Johnson & Johnson's motion.

The motion asks the Court to remove Beasley Allen from the PSC because it cast votes against the prepackaged Red River bankruptcy plan without claimants' consent and contrary to their wishes. The stay order on which Mr. Pollack relies states that "Defendants listed on **Appendix A** to the Complaint … are prohibited and enjoined from commencing or continuing to prosecute any Debtor Talc Claim (as defined in the Complaint) against any of the parties listed on **Annex A**." Ex. A. For three independent reasons, Johnson & Johnson's motion does not come within the stay order. First, Johnson & Johnson, the party bringing the motion, is not a defendant listed on Appendix A to whom the bankruptcy stay applies. *See* Ex. B at ¶ 13 ("Each named Defendant in Appendix A is *a plaintiff in a pending talc personal injury action* against the Debtor and/or one or more of the Protected Parties to recover on account of Debtor Talc Claims") (emphasis added). Second, Johnson & Johnson is not asserting a Debtor Talc Claim covered by the stay order—defined as "any talc-related claim against the Debtor," Ex. B ¶ 4—for the obvious reason that Beasley Allen and Andy Birchfield are not the debtors in the bankruptcy. Third, the motion



does not involve a claim *against* a party listed on Annex A, which lists the debtor and its affiliates in the *Red River Talc* bankruptcy. Rather, the motion is *brought* by parties listed on Annex A.

Put simply, the stay order prohibits plaintiffs from continuing to prosecute claims against the bankruptcy debtor and its affiliates, to the potential detriment of the bankruptcy estate. It does not prohibit Johnson & Johnson from moving to remove Beasley Allen from the PSC for its misconduct. Nor does it impact Johnson & Johnson's pending motion to disqualify Mr. Birchfield and Beasley Allen from this litigation.

Respectfully submitted,


/s/ *Stephen D. Brody*
Stephen D. Brody


/s/ *Susan M. Sharko*
Susan M. Sharko


cc: All Counsel (*via* ECF)