

Mail: P.O. Box 5231, Princeton, NJ 08543-5231

212 Carnegie Center
Suite 400
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Jeffrey M. Pollock
Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney
Direct Dial:  (609) 896-7660
Email Address:  jmpollock@foxrothschild.com

September 25, 2024

<u>*Via* **PACER/ECF**</u>

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5W
Trenton, New Jersey 08608

The Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7W
Trenton, New Jersey 08608

    Re:    ***In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Product Liability Litig.*, Case No. 3:16-md-2738 (MAS)/(RLS)**

Dear Judge Shipp and Judge Singh:

    Our Firm represents Beasley Allen and Andy D. Birchfield, Jr., Esq. (together "Beasley Allen"). I write in response to Johnson & Johnson's ("J&J") letter, *see* ECF No. 33300, and submit that the Bankruptcy Court for the Southern District of Texas's ("Bankruptcy Court") order stays this case, including the pending Motion to Remove Beasley Allen ("Motion") from the Plaintiffs' Steering Committee ("PSC"). ECF No. 33290; 33299.

    Yesterday I submitted to this Court the stay order entered in the *Red River Talc LLC* litigation, *see* ECF No. 33299, Exh. A, which is J&J's third attempt at discharging its claims in bankruptcy. I strongly disagree with opposing counsel that this stay does not apply to the Motion.



September 25, 2024
Page 2

First and foremost, one of the critical issues before the Bankruptcy Court is whether J&J's third bankruptcy filing is in good faith—as the two previous filings were found not to be in good faith and were dismissed by the Unites States District Court of New Jersey. *See In re LTL Mgmt. LLC*, 2024 WL 3540467, at *1 (3d Cir. July 25, 2024); *In re LTL Mgmt., LLC*, 64 F.4th 84, 93 (3d Cir. 2023). An essential issue before the Court is specifically whether J&J's filing is proper—and Beasley Allen which not only is lead counsel for the Claimant's committee, but it has also served for over ten years on that Committee. This Court's choice to address which lawyer can address what claims on behalf of the Claimants is directly related to which lawyers can advocate for plaintiffs in the Bankruptcy Court.

Second, J&J's position here (and in the Bankruptcy Court) is highly suspect because it has already failed to convince the Superior Court of New Jersey that Beasley Allen committed any inappropriate acts. Permitting the Motion to proceed now while the Bankruptcy Court is already addressing the dispute serves only one purpose: letting J&J (the defendant in the talc claims) decide who the plaintiffs' counsel is going to be. As the Bankruptcy Court is already addressing the claims at this juncture, it would be disrespectful of a sister court for this Court to entertain disqualifying lead counsel in the PSC appearing before the Bankruptcy Court.

Third, a significant portion of the dispute before the Bankruptcy Court relates to whether Mr. Smith (who is a defendant in case captioned *Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. v. The Smith Law Firm, Porter Malouf, P.A.*, M.D.Ala., filed Sept. 10, 2024 for having interfered with Beasley Allen's representation of plaintiffs) actually represents the talc-plaintiffs, and the Bankruptcy Court is already considering which law firm had the right to advise plaintiffs as legal counsel. Therefore, the Smith-related issues are now before the Bankruptcy Court. *See* **Exh. C**. Again, comity dictates that the Bankruptcy Court be permitted to make its findings, which may well have direct relevance or be decisive here.

Thank you for your time and attention to this matter.

Respectfully submitted,

*/s/ Jeffrey M. Pollock*

JEFFREY M. POLLOCK

cc: All Counsel (*via* ECF)