# **EXHIBIT C**



Page Printed From:

https://www.law.com/2024/09/24/im-staying-everything-texas-bankruptcy-judge-halts-talc-trials-against-jj/

   NOT FOR REPRINT

NEWS

# 'I'm Staying Everything': Texas Bankruptcy Judge Halts Talc Trials Against J&J

At a Monday hearing, U.S. Bankruptcy Judge Christopher Lopez in Texas ordered an automatic stay on J&J talc litigation after dual motions were filed to move the Chapter 11 case to New Jersey.

September 24, 2024 at 09:36 AM

Bankruptcy



**Amanda Bronstad**
staff reporter



## What You Need to Know

- A coalition of talc claimants filed a motion to change venue to New Jersey, where the U.S. Trustee in the prior bankruptcy filed a similar request before Chief U.S. Bankruptcy Judge Michael Kaplan in New Jersey.
- The stay order temporarily moots an injunction motion to apply the bankruptcy's automatic stay to talc litigation against Johnson & Johnson.
- A coalition lawyer said he would be filing motions this week for discovery relating to the vote, which he said was 'teetering on a foundation of fraud.'

A federal judge in Texas immediately stayed Johnson & Johnson's latest talc bankruptcy after dual motions were filed to transfer the Chapter 11 case to New Jersey.

At a Monday hearing, U.S. Bankruptcy Judge Christopher Lopez, of the Southern District of Texas, ordered the automatic stay after motions to change venue were filed – one before him, and one before Chief U.S. Bankruptcy Judge Michael Kaplan, who oversaw Johnson & Johnson's two previous talc bankruptcies.

"I have not made a decision one way or the other on it, but it seems like that's a threshold issue that's got to get teed up," Lopez said at the first hearing in the third Chapter 11 case, filed by Johnson & Johnson subsidiary Red River Talc LLC on Sept. 20. "I'm staying everything until we find out where this bankruptcy case will ultimately have a home."

Lopez's order halts trials alleging Johnson & Johnson's baby powder causes ovarian cancer. It also temporarily moots an injunction motion that Lopez was scheduled to take up on Monday to apply the bankruptcy's automatic stay to talc litigation against Johnson & Johnson .

Case 3:16-md-02738-MAS-RLS   Document 33201-1   Filed 09/25/24   Page 3 of 3 PageID: 261807

The bankruptcy is the third attempt for Johnson & Johnson aimed at resolving thousands of lawsuits. The other two, filed in 2021 and 2023, were dismissed after the U.S. Court of Appeals for the Third Circuit found the debtor, Johnson & Johnson subsidiary LTL Management, wasn't in financial distress.

A group called the "Coalition of Counsel for Justice for Talc Claimants," which opposes the latest bankruptcy, filed a separate motion on Sept. 21 before Lopez to transfer the Chapter 11 case to New Jersey, citing Johnson & Johnson's "blatant forum shopping."

But the U.S. Trustee for the 2023 talc bankruptcy, which is still pending, brought motions to stay the latest bankruptcy and change its venue New Jersey. Although Kaplan dismissed the bankruptcy last year, the hearing on closing the case is on Nov. 7.

Jeffrey Sponder, a trial attorney for the U.S. Trustee, wrote in the Sept. 20 motion, "The decision to file for bankruptcy in Texas reflects a strategy to sidestep the ruling of this court and the Third Circuit in order to re-litigate the same issues in a different jurisdiction."

Kaplan has scheduled a hearing on that motion for Tuesday morning.

Lopez said he would impose his stay order through Oct. 11.

"Judge Kaplan will do what Judge Kaplan does," Lopez said. "I'm not going to put myself in any way to tell another bankruptcy judge what to do on a motion before her or him."

## 'Doomed to Failure'

Red River Talc LLC filed the third bankruptcy, which Johnson & Johnson announced four months after introducing a prepackaged plan that would pay $6.48 billion up front to talc claimants. After negotiating with the Smith Law Firm, in Ridgeland, Mississippi, which has nearly 12,000 talc claimants, Johnson & Johnson upped the amount to $9.1 billion, with a nominal value of $10 billion when including future talc claims and other compensation.

On Monday, Lopez wanted to prioritize motions involving "really serious stuff," such as dismissing the Chapter 11 case and challenging the process under which Johnson & Johnson obtained a purported 83% vote of all talc claimants supporting the bankruptcy.

"This case is teetering on a foundation of fraud and, we submit, manipulative and deceptive voting process," said David Molton, a New York partner at Brown Rudnick.

He said the plan won't be confirmed.

"This case also is doomed to failure," he said. "It's déjà vu all over again for a lot of us."

The coalition already has filed a Sept. 21 motion to dismiss the Chapter 11 case.

At the hearing, U.S. Trustee Jayson Ruff  agreed that it was "abundantly clear there does need to be at some point discovery to ensure solicitation efforts were proper."

Jones Day's Greg Gordon, debtor's counsel in Dallas, said that wasn't all the discovery needed.

"Notwithstanding the substantial and widespread support of this plan, this filing has triggered a veritable kitchen sink of oppositions," Gordon told Lopez. "On whose behalf are these firms objecting? From our point of view, discovery will be needed to determine what claimants if any these firms and others in this group, this coalition, represent."

NOT FOR REPRINT