

O'Melveny & Myers LLP  
1625 Eye Street, NW  
Washington, DC 20006-4061  

T: +1 202 383 5300  
F: +1 202 383 5414  
omm.com  

September 26, 2024

**Stephen D. Brody**  
D: 202-383-5167  
sbrody@omm.com

**Via PACER/ECF**

The Honorable Michael A. Shipp, U.S.D.J.  
United States District Court for the District of New Jersey  
Clarkson S. Fisher Building & U.S. Courthouse  
402 East State Street, Courtroom 5W  
Trenton, New Jersey 08608

The Honorable Rukhsanah L. Singh, U.S.M.J.  
United States District Court for the District of New Jersey  
Clarkson S. Fisher Building & U.S. Courthouse  
402 East State Street, Courtroom 7W  
Trenton, New Jersey 08608

**Re:** *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, No. 3:16-md-2738-MAS-RLS

Dear Judge Shipp and Judge Singh:

Beasley Allen's September 24, 2024 letter asked this Court to "confirm" that briefing on Johnson & Johnson's Second Motion to Remove Beasley Allen from the Plaintiffs' Steering Committee (Dkt. 33290) was stayed by operation of the bankruptcy court's temporary stay order in *In re: Red River Talc, LLC* (attached as Exhibit A to Mr. Pollock's letter). As we explained (Dkt. 33000), Beasley Allen's letter misunderstood and misstated the scope of the bankruptcy court's order. By its terms, that order enjoins plaintiffs from prosecuting claims against the bankruptcy debtor and its affiliates. It has no application to a motion by Johnson & Johnson to remove Beasley Allen from the PSC.

In its follow up letter of September 25, Beasley Allen does not contest that reading of the stay order (nor could it). Having abandoned the initial flawed arguments, Beasley Allen's purported reply improperly introduces new (and equally flawed) positions, requiring this response. Specifically, rather than arguing that the bankruptcy court's order stays Johnson & Johnson's motion, its September 25 letter urges the Court to exercise its discretion to stay briefing, largely invoking comity to the bankruptcy court. The overarching premise of the letter is that Beasley Allen intends to argue to the bankruptcy court that the *Red River Talc* petition was improperly filed, and an order from this Court removing it from the PSC will somehow prevent it from doing so. That argument ignores the substance of Johnson & Johnson's motion, which asks for an order removing Beasley Allen from the PSC in this MDL. This Court, not the bankruptcy court, is the only court with the authority to grant that relief.

Indeed, Beasley Allen first asserts that a decision from this Court on whether it can remain on the PSC is "related to which lawyers can advocate for plaintiffs in the Bankruptcy Court." But Beasley



Allen never explains why—or why the asserted relationship warrants this Court staying a decision on Johnson & Johnson's motion and the relief that only this Court can grant.

Beasley Allen next asserts that "it would be disrespectful of a sister court for this Court to entertain disqualifying lead counsel in the PSC appearing before the Bankruptcy Court." Again Beasley Allen does not explain why. Moreover, Beasley Allen's suggestion that this Court should grant a stay because Judge Porto denied Johnson & Johnson's disqualification motion is specious. Judge Porto's decision has no bearing on Johnson & Johnson's motion to remove Beasley Allen from the PSC for *different* conduct. Besides, the New Jersey Appellate Division accepted Johnson & Johnson's interlocutory appeal of Judge Porto's decision, set a merits briefing schedule, and advised that oral argument will occur during the week of February 10, 2025.

Finally, Beasley Allen argues that Johnson & Johnson's motion asks this Court to resolve an issue that will be decided in bankruptcy—namely, which firm (Beasley Allen or Smith Allen) represents certain talc claimants. Johnson & Johnson's motion does not ask this Court to resolve that dispute, and the relief sought does not depend on which firm actually represents those claimants. What matters is that there was a breakdown in leadership of the MDL, and part of the fallout from that breakdown is litigation between counsel for MDL plaintiffs. In adjudicating Johnson & Johnson's motion, the Court will not need to decide any issue that is before the bankruptcy court.

In sum, the Court should reject both Beasley Allen's suggestion that the bankruptcy court stayed proceedings on Johnson & Johnson's Second Motion to Remove Beasley Allen from the PSC and its supplemental letter request to enter a discretionary stay.

Respectfully submitted,


/s/ *Stephen D. Brody*
Stephen D. Brody


/s/ *Susan M. Sharko*
Susan M. Sharko


cc: All Counsel (*via* ECF)