# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kristen Renee Fournier
Partner
Direct Dial: +1 212 790 5342
kfournier@kslaw.com

September 27, 2024

**VIA ELECTRONIC FILING**

The Honorable Michael A. Shipp
United States District Judge
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

Re: Supplemental Authority in Support of Defendants' Objections to Special Master Order No. 25 (ECF No. 32987), *In re J&J Talcum Powder Prods. Marketing, Sales Practices, & Prods. Liab. Litig.*, 3:16-md-02738-MAS-RLS

Dear Judge Shipp:

I write on behalf of Defendants Johnson & Johnson and LLT Management, LLC to provide the Court with a recent decision regarding the discoverability of litigation financing information in connection with Defendants' Objections to Special Master Order No. 25 (ECF No. 32987). This issue is not stayed by the bankruptcy court's order for the very same reasons addressed in Defendants' previous letters concerning Defendants' motions concerning the disqualification of the Beasley Allen firm. *See* ECF Nos. 33300, 33302.

Just this month, in *MSP Recovery Claims Series, LLC v. Sanofi-Aventis U.S. LLC*,[1] Judge Brian Martinotti addressed two arguments central to Defendants' pending Objections: the role of Local Rule 7.1.1 in litigation funding discovery analyses and the relevance of litigation funding generally. His holdings on both issues support Defendants' Objections.

---

[1] No. 2:18-cv-02211 (BRM) (RLS), 2024 WL 4100379 (D.N.J. Sept. 6, 2024).

Hon. Michael A. Shipp
September 26, 2024
Page 2

In *MSP*, plaintiffs first argued that they were not required to disclose their litigation funding in a Rule 7.1.1 statement. Special Master (and former District Judge) Dennis Cavanaugh disagreed, and plaintiffs were compelled to file either a Rule 7.1.1 statement or a certification setting forth why a Rule 7.1.1 statement was not required. Plaintiffs chose the latter, then argued—like Plaintiffs here—that their purported lack of litigation funding was dispositive of defendants' request for litigation financing discovery.

Special Master Cavanaugh again disagreed, finding that defendants' requested discovery was not mooted by plaintiffs' "no funding" certification under Rule 7.1.1. Instead, the Special Master held that information regarding litigation financing was relevant, among other reasons, "to assist [d]efendants in determining who the real parties in interest are, as well as for their 'defenses' of champerty and maintenance." The plaintiffs appealed Special Master Cavanaugh's order to the district court.

Judge Martinotti agreed with the Special Master on both counts. Despite plaintiffs' certification under Rule 7.1.1 that they had not received litigation funding (and their argument, like Plaintiffs here, that their assertion "should have put an end to all third-party litigation financing discovery"), in light of the evidence presented by defendants that litigation funding appeared to be in play at some level within the litigation, the Court allowed defendants to "test" their assertion. The Court likewise agreed with the Special Master that litigation funding documents "are relevant in determining the real party in interest for this litigation and . . . to [d]efendants' defenses of champerty and maintenance."

Judge Martinotti also addressed the "good cause" standard for litigation financing discovery under *In re Valsartan* (notably, the same standard set by Rule 7.1.1). Finding that defendants had presented documents "suggesting" that litigation financiers "have intimate involvement in [p]laintiffs' litigation decision-making," the Court determined that the "good cause" standard for discovery had been satisfied and therefore allowed defendants' proposed discovery into plaintiffs' litigation financing to proceed.

*MSP* provides a roadmap for analyzing litigation financing discovery post-Rule 7.1.1. Following that roadmap, the Court should compel the litigation funding discovery Defendants seek here.

Respectfully submitted,

*/s/ Kristen Renee Fournier*

Kristen Renee Fournier

cc: All Counsel (via ECF)