# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 24, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RED RIVER TALC LLC,[1] | : | Case No. 24-90505 (CML) |
| | : | |
| Debtor. | : | |
| | : | |
| RED RIVER TALC LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 24-03194 (CML) |
| | : | |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
| | : | |
| Defendants. | : | |

**ORDER DETERMINING THAT THE AUTOMATIC STAY
APPLIES AND EXTENDS TO CERTAIN NON-DEBTORS**

(Relates to Docket Nos. 1, 2)

This matter coming before the Court on the *Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies to Certain Actions Against Non Debtors, (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* (the "Complaint") and the *Debtor's Emergency Motion for (I) An Order (A) Declaring That the Automatic Stay Applies to Certain Actions Against Non-Debtors, or (B) Preliminarily Enjoining Such Actions and (II) A Temporary Restraining Order Pending a*

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

8172126.2

*Final Hearing* (the "Motion"), both filed by the above-captioned Plaintiff Red River Talc LLC (the "Debtor"); this Court having reviewed (a) the Complaint, (b) the Motion, (c) the *Declaration of John K. Kim in Support of Debtor's Complaint for Declaratory and Injunctive Relief and Related Motion* (the "Kim Declaration"), (d) the *Declaration of Adam Lisman in Support of Debtor's Complaint for Declaratory and Injunctive Relief and Related Motion* (the "Lisman Declaration"), (e) the *Declaration of John K. Kim in Support of Chapter 11 Case and Certain First Day Pleadings* [Dkt. 17 in No. 24-90505] (the "First Day Declaration") and (f) the *Declaration of Adam C. Silverstein in Support of the Coalition Objection to the Motion* [Dkt. 11] filed in the Chapter 11 Case, together with any responses or answers to the Motion or the Complaint; and having heard the arguments of counsel and considered the testimony of John Kim and evidence adduced at a hearing on October 21, 2024 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Complaint, the Motion, the Kim Declaration, the Lisman Declaration, the First Day Declaration and at the Hearing establish just cause for relief granted herein;

  **THE COURT HEREBY FINDS THAT:**

  A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

  B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.

  C. Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

  D. Notice of the Motion and the Hearing was sufficient and appropriate under the circumstances and complied with the requirements of chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas. No other or further notice is necessary.

E. For purposes of this order (this "Order"), "Debtor Talc Claims" means, collectively, any talc-related claim against the Debtor, including all claims relating in any way to talc or talc-containing products or materials that formerly were asserted against (or that could have been asserted against) LLT Management LLC (f/k/a LTL Management LLC) on any theory of liability (whether direct, derivative, joint and several, successor liability or vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise). Notwithstanding the foregoing, Debtor Talc Claims do not include: (a) any claim or demand that (i) alleges that the relevant injured or deceased individual was exposed to talc or the product or material containing talc, as applicable, in Canada or resided in Canada at the time such claim is filed or (ii) was brought, threatened or pursued in any court in Canada; (b) any claim or demand asserted or assertable by or on behalf of any governmental unit under any federal, state, international or foreign consumer or employee protection rule, statute or regulation; and (c) any claim or demand that alleges that the relevant injured or deceased individual developed Mesothelioma [2] or Lung Cancer [3] in connection with such individual's use of talc or a product or material containing talc.

F. The Plaintiff in this adversary proceeding is Debtor Red River Talc LLC. The Defendants in this adversary proceeding are those parties listed on Appendix A hereto, as well as John and Jane Does 1-1000. The Defendants listed on Appendix A are all named plaintiffs in talc-related lawsuits against the Debtor (or for which the Debtor is responsible or alleged to be

---

[2] "Mesothelioma" means the type of cancer that develops from the mesothelium, i.e., the thin layer of tissue that covers certain internal organs including the pleural, peritoneal, and pericardial cavities.

[3] "Lung Cancer" means a primary lung cancer (i.e., a lung cancer that originates in the lungs and is unrelated to any previous cancer as opposed to a lung cancer that has spread to the lungs from another part of the body).

-3-

responsible) as of or after the Petition Date who sought to hold, or may seek to hold, one or more of the Protected Parties liable for Debtor Talc Claims. The Protected Parties are listed in <u>Appendix B</u>, and their number is substantially less than the number initially proposed by the Debtor. The Debtor agreed to remove its insurers and several hundred of its affiliates and, at the conclusion of the hearing, the Court directed the Debtor to remove Kenvue from the list. Defendants John and Jane Does 1-1000 are prospective plaintiffs who may at any time while the Chapter 11 Case is pending seek to hold one or more of the Protected Parties liable for Debtor Talc Claims.

**For the reasons stated on the record at the Hearing, IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 362(a)(1), (3), (6), and 105(a) of the Bankruptcy Code, the Defendants are stayed from commencing or continuing to prosecute any Debtor Talc Claim against any of the Protected Parties on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, through and including **December 2, 2024**. The activities temporarily prohibited and enjoined by this Order include, without limitation: (a) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Protected Parties; (c) further motions practice related to the foregoing; and (d) any collection activity on account of a Debtor Talc Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

2. For the avoidance of doubt, (a) the relief ordered herein shall apply to all claims asserted in the Pending Actions identified on <u>Appendix A</u> hereto, regardless of whether any such Pending Action has been removed, remanded, transferred, dismissed and refiled under a different case number or is on appeal; and (b) the relief ordered herein shall not apply to Kenvue, Inc. or its subsidiaries. For further avoidance of doubt, and notwithstanding anything to the

contrary in this Order, the stay imposed by this Order is intended to apply to all activity in the Pending Actions, whether offensive or defensive, including the pending motion to disqualify, and to remove from the Executive Committee, the Beasley Allen firm in the federal MDL.

3. This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities, persons and actions not previously identified in Appendix A hereto or on Appendix B. For the avoidance of doubt, the inclusion of a talc-related claim on Appendix A is not an admission that such Defendant holds a currently pending claim against either the Debtor or the Protected Parties.

4. Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown. This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in this Order, any party asserting Debtor Talc Claims, without leave of the Court, may take reasonable steps to preserve the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not preserved during the duration of this Order. Notice shall be provided to the Debtor by notifying counsel for the Debtor of the perpetuation of such testimony, and the parties shall agree on a mutually convenient date as soon as possible after such notice. The Debtor shall have the right to object to the notice on any grounds it would have had if it were a party to the underlying proceeding and not subject to the terms of this Order, and the Debtor may raise any such objection with this Court. The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction. All parties reserve and do not waive any and all objections with respect to such testimony. Defendants or other individuals asserting Debtor Talc Claims may

not seek to perpetuate the testimony of representatives, including directors, officers, employees and agents, of the Debtor or the Protected Parties without the consent of the Debtor or an order of the Court. Notwithstanding the foregoing, parties in lawsuits pending in the MDL who wish to preserve the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not preserved during the duration of this Order shall comply with the process outlined in the In Extremis Deposition Protocol entered on January 23, 2017 in the MDL.

6. This Order shall be immediately effective and enforceable upon its entry.

7. This Order shall toll any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding or any agreement that fixes a period under which an enjoined Defendant is required to commence or continue a civil action in a court other than this Court on any Debtor Talc Claim asserted against the Debtor or any of the Protected Parties until the later of: (a) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (b) 30 days after the termination or expiration of this Order.

8. The deadline to file any answer or other response to the Complaint is tolled indefinitely subject to an order of this Court.

9. The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants within three business days of its entry on the Court's docket.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8172126.2

-7-

11.     This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.

12.     The Court will conduct a further hearing on the Complaint and the Motion on **December 2, 2024 at 1:00 p.m. (CT)** at which it will consider whether the relief granted in this Order should be extended, terminated or otherwise modified.

Signed: October 24, 2024

_____
Christopher Lopez
United States Bankruptcy Judge