UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All Cases | Action No. 16-md-2738 (MAS) (RLS)<br><br>**SEALING ORDER** |

**THIS MATTER** having come before the Court upon the Motions by the Plaintiffs' Steering Committee to seal: (1) Exhibits 5, 7, 8, 9, 28, 29, and 30 to the Declaration of P. Leigh O'Dell submitted in support of the PSC's Response and Opposition to the Motion to Exclude the Opinions of Dr. Daniel Clark-Pearson, filed at Docket Entry Number 33126; and (2) Exhibits 5, 7, 8, 9, 27, and 28 to the Declaration of P. Leigh O'Dell submitted in support of the PSC's Response and Opposition to the Motion to Exclude the Opinions of Dr. Judith Wolf, filed at Docket Entry Number 33122, (collectively, the "Confidential Material"), (*see* Doc. Nos. 33190 and 33191); and the Court recognizing that the Confidential Material reference personal medical histories, diagnoses, and other sensitive personal material that have been maintained confidential; and for good cause shown, the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. The Confidential Material sought to be sealed reference sensitive, confidential, and personally identifying information relating to individual Plaintiffs in this matter.

2. The PSC now seeks to seal the Confidential Material through its Motions to Seal. (Doc. Nos. 33190, 33191).

3. The Plaintiffs have a legitimate privacy interest in maintaining their personal medical histories, diagnoses, and other sensitive material as confidential and not publicly available.

4. Without sealing the Confidential Material, the Plaintiffs' private information could be obtained by third-parties unrelated to this litigation and not entitled to access such information.

5. A clearly defined and serious injury would result to the parties if they are not permitted to keep the Confidential Material under seal, in that it could expose them to substantial risk and serious injury if the Confidential Material became publicly available.

6. There is no less restrictive alternative to maintaining the Confidential Material under seal.

## CONCLUSIONS OF LAW

1. This Court has the power to seal documents on its docket to prevent confidential information from being disclosed to the public. Federal Rule of Civil Procedure 5.2 permits the redaction and sealing of personally identifying and sensitive information. *See* Fed. R. Civ. P. 5.2; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

2. Courts may deny access to and seal a document when it encompasses personally sensitive information that, if made public, could pose harm to an individual. *See* Fed. R. Civ. P. 5.2. Pursuant to Local Civil Rule 5.3(c), this Court may enter an order sealing certain materials upon an appropriate showing. L. Civ. R. 5.3(c).

3. The Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

4. Here, the PSC has shown the Plaintiffs have a legitimate interest in maintaining their medical histories, diagnoses, and other sensitive information confidential through the sealing of the Confidential Materials and there is no less restrictive alternative to protect those privacy interests but for the sealing of the Confidential Materials.

5. Accordingly, the Court finds good cause exists to seal the Confidential Materials.

## ORDER

Pursuant to the Findings of Fact and Conclusions of Law set forth above, and for good cause having been shown,

**IT IS** on this **6th** day of **November 2024**, hereby

**ORDERED** that the PSC's Motions to Seal (Doc. Nos. 33190 and 33191) are hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **MAINTAIN UNDER SEAL**: (1) Exhibits 5, 7, 8, 9, 28, 29, and 30 to the Declaration of P. Leigh O'Dell submitted in support of the PSC's Response and Opposition to the Motion to Exclude the Opinions of Dr. Daniel Clark-Pearson, filed at Docket Entry Number 33126; and (2) Exhibits 5, 7, 8, 9, 27, and 28 to the Declaration of P. Leigh O'Dell submitted in support of the PSC's Response and Opposition to the Motion to Exclude the Opinions of Dr. Judith Wolf, filed at Docket Entry Number 33122; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Motions pending at Docket Entries Numbered 33190 and 33191.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE