

Jessica L. Brennan
Partner
(973) 775-6120
jessica.brennan@btlaw.com

1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973)775-6101
Fax: (973) 775-6102

www.btlaw.com

April 8, 2025

Honorable Michael A. Shipp, U.S.D.J
United States District Court for the District of NJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 5W
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J
United States District Court for the District of NJ
Clarkson S. Fisher Building & US Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

Re: *In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices, and Products Liability Litigation*
Case No.: 3:16-md-02738-MAS-RLS

Dear Judges Shipp & Singh:

Pursuant to the Court's request for a joint status report (ECF 33427) now that the Red River bankruptcy has been dismissed and the Johnson & Johnson Defendants have represented to the Court that the bankruptcy will not be appealed, the parties jointly offer the following updates on all outstanding issues in this MDL.

**<u>Issues Related to Pending Rule 702 Motions</u>**

- **Pending R. 702 Motions – fully briefed**

    o On July 23, 2024, Plaintiffs filed motions: to exclude the geology opinions of Drs. Poulton and Webb (ECF 32996); exclude the opinions of Dr. Sutcliffe (ECF 32998); exclude the opinions of Drs. Finan, Saenz, and Holcomb (ECF 32999); exclude the opinions of Dr. Permuth (ECF 33001); exclude the opinions of Drs. Longacre and Felix (ECF 33002); exclude the opinions of Drs. Sanchez, Wylie, and Su (ECF 33006); exclude the opinions of Dr. DiFeo (ECF 33010); exclude the opinions of Dr. Kornak ECF 33011); and exclude the opinions of Dr.

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.

- 2 -

April 8, 2025

 Boyd (ECF 33060). Plaintiffs also filed a Response to the Court's April 30, 2024 Memorandum and Order Regarding Judge Wolfson's *Daubert* Opinion on General Causation (ECF 33009).

- o On July 23, 2024, Defendants filed motions to exclude the opinions of Dr. Clarke-Pearson with respect to Ms. Rausa, Ms. Converse, and Ms. Newsome (ECF 33007); exclude the opinions of Dr. Wolf with respect to Ms. Bondurant, Ms. Gallardo, and Ms. Judkins (ECF 33003); exclude the opinions of Drs. Kessler, Plunkett, Sage, and Newman (ECF 33000); exclude the opinions of Dr. Godleski (ECF 33004) exclude the opinions Plaintiffs' experts regarding alleged heavy metals and fragrances (ECF 33005); exclude Plaintiffs' experts' general causation opinions (ECF 33008); exclude Plaintiffs' experts' opinions regarding biological plausibility/mechanism (ECF 33013); and exclude Plaintiffs' experts' asbestos-related opinions (ECF 33012).

- o On August 22, 2024, the parties filed their Oppositions to the *Daubert* Motions filed on July 23, 2024.

- o On September 5, 2024, the PSC filed a supplemental brief and affidavit (ECF 33252) without leave of Court to their Opposition to Defendants' Motion to Exclude Plaintiffs' Experts' General Causation Opinions. On September 20, 2024, Defendants filed a Motion to Strike the PSC's Supplemental Brief and the Affidavit of Dr. David Mutch (ECF 33291).

- o The above noted motions were not administratively terminated by the Court during the stay.

- o The parties jointly submit that the resolution of these motions should be the first priority for the orderly and efficient reinstatement of active litigation and the preparation for one or more bellwether trials.

- o The parties further request an opportunity to discuss the format and conduct of any R. 702 related hearing.

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.

- 3 -

April 8, 2025

- **Pending Motions Related to Dr. William Longo**

  - *Defendants' Objections to the Special Master's Order of July 1, 2024, Regarding Inspection of Dr. William Longo's Laboratory (ECF 32872) – fully briefed:*

    - On June 17, 2024, Special Master Schneider denied Defendants' Motion to Compel the Inspection of Dr. William Longo's Laboratory (ECF 32826). Defendants filed an objection to the Special Master's Order on July 1, 2024 (ECF 32872). Plaintiffs' Opposition to Defendants Objections to the Special Master's Order was filed on July 22, 2024 (ECF 32992). Defendants filed their Reply on July 29, 2024 (ECF 33035).

    - In light of the hearing request previously submitted and discussed immediately below, Defendants respectfully request a resolution of this motion prior to the conduct of any R. 702 related hearing.

  - *Hearing On One of the R. 702 Motions:* On September 5, 2024, Defendants wrote to the Court (ECF 33253) regarding R. 702 motions to request a live hearing on Defendants' Motion to Exclude Plaintiffs' Experts' Asbestos-Related Opinions (ECF 33012), particularly as it relates to Dr. William Longo, with cross examination and the ability for Defendants to bring up to two rebuttal witnesses. Plaintiffs continue to oppose Defendants' request as stated; however, if a hearing on all pending *Daubert* motions would assist the Court, Plaintiffs stand ready to participate.

  - *Defendants' Objections to the Special Master's Order of August 20, 2024, Regarding Compelling Mr. Hess To Answer Deposition Questions (ECF 33103, 33104) – fully briefed*

    - The deposition of Mr. Hess, an employee of Dr. Longo, occurred on July 10, 2024. The PSC raised objections to the scope of the inquiry of Mr. Hess at the beginning of the deposition. The Special Master heard argument from the parties, ruled on the objections, and provided instructions for the scope of questions to be asked the witness.

Barnes & Thornburg

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.

- 4 -

April 8, 2025

- It is the PSC's position that the deposition proceeded in keeping with Special Master Schneider's orders. On July 22, 2024, Defendants filed a Motion to Compel further testimony from Mr. Hess and asked for Sanctions (ECF 32993- 26). Plaintiff's' filed opposition on August 1, 2024 (ECF 33056). Paul Hess, through his personal counsel, filed opposition on August 1, 2024 (ECF 33058). Defendants filed their reply on August 2, 2024 (ECF 33057). The matter was heard by Special Master Schneider on August 5, 2024. On August 6, 2023, Special Master Schneider granted in part and denied in part Defendants' motion (ECF 33067).

- Defendants objected to Special Master Schneider's order on August 20, 2024 (ECF 33103, 33104). The PSC filed their Opposition to Defendants' Objections to the Special Master's Order on September 3, 2024 (ECF 33227). Counsel for Mr. Hess separately filed an Opposition on September 3, 2024 (ECF 33228). Defendants filed their Reply on September 9, 2024 (ECF 33268).

- In light of the relationship between Mr. Hess's testimony and the R. 702 issues raised as to Dr. Longo, Defendants respectfully request a resolution of this motion prior to the conduct of any R. 702 related hearing.

- **Defendants' Motion to Strike Rebuttal Expert Report of Dr. Elizabeth Stuart (ECF 33038) – fully briefed**

    o On July 30, 2024, Defendants filed a Motion to Strike Rebuttal Expert Report of Dr. Elizabeth Stuart (ECF 33038). Plaintiffs' Opposition was filed on August 20, 2024 (ECF 33102). Defendants' Reply was filed on August 27, 2024 (ECF 33189).

    o On November 6, 2024, the Court administratively terminated the motion, permitting Defendants to renew the motion upon the removal of the bankruptcy stay (ECF 33412).

    o Defendants will forthwith refile the motion.

Barnes & Thornburg

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.
- 5 -
April 8, 2025

## Issues Related to Non-Ovarian Cancer Claims Filed on the Docket

The parties respectfully submit that the Court's second priority should be the assessment of the claims filed in the MDL. The following motions are the parties' respective approaches to this objective. The resolution of the motions may impact the scope and conduct of the litigation more broadly.

- **The PSC's Motion to Establish a Census (ECF 32931) – fully briefed**

    o On July 10, 2024, the PSC filed a Motion for the Entry of an Order to Establish a Census and Require the Provision of Data by Persons with Unfiled Claims/Cases to Confirm the Plaintiff Suffers from Epithelial Ovarian Cancer, Fallopian Tube Cancer, or Primary Peritoneal Cancer (ECF 32931). Defendants' Opposition was filed July 19, 2024 (ECF 32985). Plaintiffs' Reply to Defendants' Opposition was filed July 29, 2024 (ECF 33032).

    o Plaintiffs believe a reasonable and efficient procedure for addressing claims filed in the MDL may best be devised after the submission and analysis of data regarding both filed and unfiled cases.

    o In light of the dismissal of the Red River Talc bankruptcy, Defendants do not oppose a census, but wish to be heard regarding the timing, scope and design of such an endeavor, as well as the interplay between a census and the motion proposed below.

- **Procedure For Addressing Thousands of Unsupported Claims**

    o Defendants seek a procedure to address dismissal of thousands of non-ovarian claims, many of which are addressed and/or would be covered by the above-described PSC motion (ECF 32931).

    o In addition to statements made by Andy Birchfield there was expert testimony presented by the Coalition and Travelers Insurance regarding non ovarian cases filed in the MDL that were "non compensable". Importantly, both plaintiff and defense experts agree and have testified in the MDL that there is no causal support for the association between talcum powder exposure and non-ovarian cancers.

Barnes & Thornburg

- o Defendants will forthwith file a letter requesting a schedule for the submission of either a motion to address dismissal of such claims, or supplemental briefing in the ECF 32931 motion sequence to request an alternative or addition to census (dismissal), including the use of a *Lone Pine* order.

**Issues Related to Bellwether Trial Cases**

- **Defendants' Motion for Summary Judgment – fully briefed**

  - o Per Order of July 22, 2024 (ECF 32991), J&J and LLT (n/k/a Red River Talc LLC) filed their Motion for Summary Judgment on August 23, 2024 (ECF 33142-33145 in the main docket, copies filed on individual dockets for the six involved cases). On September 13, 2024, the PSC requested an extension of the page limit for their Opposition brief (ECF 33275). The Court granted the PSC an additional 35 pages for their Opposition brief on September 13th (ECF 33276). On September 23, 2024, the PSC filed their Opposition to Defendants' Motion for Summary Judgment (ECF 33293).

  - o Defendants filed their reply brief on October 16, 2024 (ECF 33369). Plaintiffs consented to Defendants' request for an additional 12 pages for their reply brief.

  - o While the Motion for Summary Judgment filed on the main MDL docket (ECF 33142-33145) was not administratively terminated during the stay, the copies of the motion filed on each individual docket for the six involved cases were terminated on March 5, 2025, and counsel were directed to renew their motions upon expiration of the stay.

  - o Defendants will forthwith refile the copies of the Motion for Summary Judgment in each of the six individual dockets.

- **Bellwether Trials in the MDL**

  - o On September 5, 2024, the PSC submitted a letter requesting the *Judkins* and *Rausa* cases be consolidated for the first trial (ECF 33260). Defendants wrote to the Court on September 6th (ECF 33263) objecting to the PSC's request to consolidate multiple cases for the first trial and asking the Court to direct the PSC to select one of the two cases,

Barnes & Thornburg

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.
- 7 -
April 8, 2025

consistent with Judge Wolfson's prior ruling on the issue. Defendants wrote to the Court again on September 13th (ECF 33274) to request the Court's position before submitting briefing. On September 17, 2024, Judge Shipp denied PSC's request for a consolidated trial and ordered the PSC to select a single case to be tried as the first bellwether no later than September 24, 2024 (ECF 33279).

- On September 24, 2024, the PSC submitted a letter noting the bankruptcy stay in effect prevented them from selecting a case to be tried as the first bellwether (ECF 33296). As the stay has expired, it is Defendants' position that the PSC should immediately identify the case it selects to be tried as the first bellwether.

- Plaintiffs renew their request for a multi-plaintiff trial as stated in their letter of September 5, 2024 (ECF 33263). Consolidation is permitted under Rule 42. Moreover, consolidation is appropriate in light of the needless delay as a result of Defendants filing yet a third bankruptcy that was dismissed. The *Judkins* and *Newsome* cases have common issues of fact and law which are appropriate for consolidation. Plaintiffs wish to be heard on the issue of the consolidation of cases for trial.

- Defendants oppose consolidation, an issue that already has been addressed twice. In the event the Court wishes to consider this proposal a third time, Defendants will request the opportunity to submit limited briefing and an expert affidavit in support of their position.

- Further, Plaintiffs will seek the remand of cases for trial in the appropriate transferor jurisdictions. The trial of cases filed in the MDL has been delayed more than <u>three</u> years as a result of Defendants filing three bankruptcies which have subsequently been dismissed. The undue delay has resulted in thousands of plaintiffs dying prior to having their day in Court. Since the dismissal of the Red River Talc LLC bankruptcy, Defendant Johnson & Johnson has stated publicly that it "intends to litigate every filed case." In light of Defendants' position on settlement and the substantial delay caused by the bankruptcies, Plaintiffs will file the appropriate motion(s) with the Court to remand cases for trial to the appropriate district court.

Barnes & Thornburg

- o Defendants position is that it would be premature to discuss remand at this time in advance of resolution of the Rule 702 motions, the census/dismissal motion discussed above, and at least two bellwether trials (plaintiff pick, defense pick), as the MDL process is designed to conclude such activity in the first instance and moreover may render the need for remand moot. Defendants are not opposed to the implementation of an efficient and intentional schedule to reach remand expeditiously at the appropriate time, should the need exist.

- **Scheduling Pretrial Conference and Trial**

  - o Pretrial conferences were previously scheduled for November 14, 2024, and November 26, 2024. On November 1, 2024, this Court adjourned both conferences until such time as the bankruptcy stay was lifted and directed the parties to file a letter requesting the conferences be rescheduled (ECF 33410).

  - o On November 20, 2024, this Court adjourned the previously scheduled trial date of December 3, 2024, and did not set a new date (no corresponding ECF).

  - o The parties request a status conference to discuss with the Court a new trial date as well as the rescheduling of deadlines and conferences consistent with those previously outlined in the Court's April 30, 2024 Scheduling Order.

**Plaintiffs' Steering Committee's Motion to Amend Master Complaint – fully briefed**

- Plaintiffs filed a Renewed Motion for Leave to File a Second Amended Master Long Form Complaint on August 14, 2023 (ECF 26636). Special Master Schneider granted the motion, except as to the addition of a specific claim for spoliation, on January 10, 2024 (ECF 28902).

- Defendants filed an appeal of the Special Master Schneider's order on January 24, 2024 (ECF 28922). Plaintiffs filed a response on February 6, 2024 (ECF 28992). Defendants filed a reply on February 13. 2024 (ECF 29033).

- The issue is fully briefed.

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.

- 9 -

April 8, 2025

## Issues Related to the Composition of the PSC

- **Motion to Remove Beasley Allen from the PSC – additional briefing requested**

    o On September 20, 2024, the Johnson & Johnson Defendants filed a Motion to Remove Beasley Allen from the Plaintiffs' Steering Committee (ECF 33290). The motion was previously referred to Judge Singh and set for hearing on November 4, 2024.

    o Beasley Allen requested, and the Court granted, an extension of the deadline to respond to the motion until October 25, 2024, with a corresponding extension of Johnson & Johnson's reply deadline from October 28 to November 1, 2024 (ECF 33334).

    o On October 24, 2024, Counsel for Beasley Allen submitted a letter on informing this Court that the Bankruptcy Court had issued an order staying this litigation, including the issues of disqualification of Beasley Allen and Andy Birchfield and removal of Beasley Allen from the PSC (ECF 33402).

    o On October 28, 2024, this Court issued a letter order staying the briefing schedule and administratively terminating the motion and permitting counsel to file a letter requesting the motion be reinstated once the bankruptcy stay was lifted (ECF 33406).

    o Defendants will forthwith file a letter requesting the motion be reinstated.

    o Should the Court desire a formal response from Beasley Allen to Defendants' September 30, 2024, filing (ECF 33290), Beasley Allen requests 10 days to finalize and submit response.

    o Defendants also will seek leave to filed supplemental briefing on the issue regarding additional, relevant facts discovered during the course of the Red River Talc bankruptcy matter that also bear on Beasley Allen's fitness for a leadership position in this matter.

Barnes & Thornburg

- o Beasley Allen opposes Defendants' motion to supplement the record because none of the "facts" Defendants obtained in Texas were before the tribunal when J&J filed its motion. This litigation has taken too many twists and turns, and Plaintiffs oppose one more effort by Defendant to adduce facts not before the Court previously.

- o Defendants submit that such supplemental briefing should occur before Beasley Allen is required to respond to the motion, and that the Opposition and Reply deadlines be reset accordingly.

- **Motion for the Disqualification of Beasley Allen and Andy Birchfield – fully briefed**

    - o On December 5, 2023, Defendants J&J and LLT Mgt. (n/k/a Red River Talc LLC) filed a motion to disqualify Beasley Allen and Andy Birchfield from this litigation (ECF 28760). Defendants filed a mirroring motion in the New Jersey Talcum Powder Multicounty Litigation, before the Honorable John C. Porto of the New Jersey Superior Court.

    - o This Court, in conjunction with Judge Porto, subsequently held nearly three full days of hearings on the issue of disqualification of Beasley Allen, takin testimony from a multitude of witnesses. On July 19, 2024 Judge Porto issued a memorandum decision and order denying Defendants' motion filed in New Jersey Superior Court.

    - o On July 19, 2024, this Court entered an order directing the parties to show cause why the MCL Court's findings of fact and conclusions of law should not be adopted (ECF 32984). On July 25, 2024, Defendants filed their response to the Court's July 19, 2024 Show Cause Order (ECF 33026). On August 5, 2024, Beasley Allen submitted a responsive brief (ECF 33065). On August 12, 2024, Defendants filed their Supplemental Reply to the Court's July 19, 2024, Show Cause Order Explaining Why the Court Should Not Adopt the State MCL Judge's Findings of Fact and Conclusions of Law on Their Motion to Disqualify Beasley Allen from This Litigation (ECF 33084).

    - o On October 28, 2024, this Court issued a letter order administratively terminating the motion at ECF 28760 and permitting counsel to file a

> letter requesting the motion be reinstated once the bankruptcy stay was lifted (ECF 33406).

> o Defendants will forthwith file a letter requesting the motion be reinstated.

> o Beasley Allen believes that this matter has been fully briefed, Judge Porto has already ruled in Mr. Birchfield/Beasley Allen's favor (finding no ethical violation), and that this Court should issue an Order adopting the analysis expressed by Judge Porto.

## Issues Related to Various Subpoenas and Similar Issues

- **The PSC's Motion to Compel Defendants To Produce Invoices For All Expert Work Relating To Talc Claims (ECF 33052) – fully briefed**

    o On August 1, 2024, the PSC filed a letter seeking to compel Defendants to produce invoices for all expert work relating to talc claims, whether related to this MDL or not (ECF 33052). On August 1, 2024, Defendants filed a letter in response (ECF 33053) noting the PSC's "motion" is procedurally improper under the Local Rules as it is not actually a motion. On August 9th, the Court instructed the parties to meet and confer no later than August 20th (ECF 33077). If the parties remain at an impasse after that meeting, the Court ordered Defendants to file their Opposition by August 27th, and the PSC to file their Reply by September 4th. On August 19th, the parties met and conferred on the issue but were unable to resolve the dispute. Defendants filed their Opposition to the motion on August 27th (ECF 33187). The PSC filed their Reply on September 4, 2024 (ECF 33232).

- **Plaintiffs' Subpoena to Analysis Group LLC**

    o On June 11, 2024, the PSC served Analysis Group LLC with a subpoena for information related to Defendants' expert Dr. Kathleen Sutcliffe and her work on this litigation.

    o The Defendants view the subpoena as overbroad, raising issues of financial disclosures for all experts in the MDL, which issue is also implicated by the above described motion (ECF 33052).

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.  - 12 -   April 8, 2025

- o Defendants respectfully submit that resolution of the above-described invoice-related motion (ECF 33052) is likely to focus and streamline meet and confer efforts as to this subpoena.

- **Defendants' Objections to Special Master's Order of July 9, 2024, Regarding Subpoenas Served on Beasley Allen Law Firm, Smith Law Firm, and Ellington Management Group (ECF 33061) – additional briefing requested**

    - o On May 20 and 21, 2024, Defendants filed Notices of Intent to Serve Subpoenas on the Beasley Allen Law Firm (ECF 32201), Ellington Management Group (ECF 32215), and the Smith Law Firm (ECF 32226). On May 30, 2024, the Plaintiffs Steering Committee filed a Motion to Quash or for Protective Order regarding these subpoenas (ECF 32483). Also on May 30, 2024, the Beasley Allen Law Firm separately filed a Motion to Quash and/or for Protective Order concerning the subpoena directed to the Beasley Allen Law Firm (ECF 32445). On June 3, 2024, Allen Smith and the Smith Law Firm filed a Motion to Quash the Subpoena directed to them (ECF 32603). Defendants filed one opposition to all three motions on June 17, 2024 (ECF 32827). Beasley Allen served their reply brief on June 24, 2024 (ECF 32858).

    - o All three motions were heard on July 1, 2024, in a hearing conducted by Special Master Schneider. On July 9, 2024, Special Master Schneider granted all three Motions to Quash (ECF 32926).

    - o On July 21, 2024, Defendants J&J and LLT Mgt. (n/k/a Red River Talc LLC) filed their Notice of Objections to Special Master Order No. 25 (ECF 32987). On August 5, 2024, responses in opposition to the Objection were filed by Beasley Allen (ECF 33061); the PSC (33062); and the Smith Law Firm (ECF 33064). On August 12, 2024, Defendants filed their Reply (ECF 33085). On August 26, 2024, Defendants filed a letter apprising the Court of additional relevant authority (ECF 33171). On September 27, 2024, Defendants filed a letter informing the Court of Judge Brian Martinotti's decision in *MSP Recovery Claims Series, LLC v. Sanofi-Aventis U.S. LLC*, Docket No. 2:18-cv-02211 (ECF 33306).

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.
- 13 -
April 8, 2025

- o The motion objecting was not administratively terminated by the Court during the bankruptcy stay and remains pending.

- o It is Defendants' position that discovery concerning the financial backing for this litigation has become all the more paramount as a result of testimony elicited during the Red River Talc bankruptcy matter that directly contradicts certain representations made in the course of prior argument on these matters.

- o Defendants will seek leave to file supplemental briefing on these issues and requesting that the Court set a schedule for both Opposition and Reply deadlines.

- o Plaintiffs assert that no material facts were discovered during the Red River bankruptcy that affect the consideration of Judge Schneider's order, and that further briefing is unnecessary. Defendants' objection to Judge Schneider's order should be denied, but should the Court grant additional briefing, Plaintiffs will respond accordingly.

- **Plaintiffs' Subpoena to Public Library of Science (PLOS)**

  - o On March 20, 2024, the PSC served the Public Library of Science (PLOS) with a subpoena for information related to a manuscript submitted by Plaintiffs' expert Dr. Saed to PLOS in 2020.

  - o On April 12, 2024, Counsel for PLOS served an objection to the subpoena claiming privilege and confidentiality and attaching to the objection a Privilege Log on counsel for the Plaintiffs.

**Issues Related to Various Pending PPF OTSC Motions**

- **Defendants' Proposed Final Dismissal Order Listing 2016-2017 Cases Subject To The June 11th PPF OTSC Which Failed to Show Good Cause To The Court (ECF 32980):**

  - o On June 11, 2024, this Court entered Defendants' Order to Show Cause why the cases listed in Exhibit A attached to the Order should not be dismissed with prejudice for their failure to provide Defendants with Plaintiff Profile Forms (ECF 32811). The Plaintiffs subject to the Order

Barnes & Thornburg

had until July 2, 2024, to show cause why their case should not be dismissed with prejudice. On July 17, 2024, Defendants filed a final dismissal order listing 2016-2017 cases subject to the June 11th OTSC which failed to show good cause to the Court (ECF 32980). The PSC has no objection to the order as submitted by Defendants on July 17, 2024 (ECF 32980). The Defendants request that the final dismissal order be entered.

- **Defendants' Proposed PPF OTSC Filed On July 1st (ECF 32868):**

  o Defendants filed an OTSC on July 1st (ECF 32868) regarding cases filed and/or transferred to this MDL in 2020 which remain deficient in serving PPFs. The cases listed on the July 1st OTSC were previously listed to the Court on the May and June PPF Reports (ECF 32127 & ECF 32599). Defendants respectfully request the July 1st OTSC be entered at the Court's earliest convenience.

- **Defendants' Proposed PPF OTSC Filed On September 3rd (ECF 33224):**

  o Defendants filed an OTSC on September 3rd (ECF 33224) regarding cases filed and/or transferred to this MDL from 2021 to September 1, 2023 which remain deficient in serving PPFs. The cases listed on the September 3rd OTSC were previously listed to the Court on the July and August PPF Reports (ECF 32869 & ECF 33055). Defendants respectfully request the September 3rd OTSC be entered at the Court's earliest convenience.

- **PPF OTSC Entered On August 15, 2024 (ECF 33096)**:

  o On August 15, 2024, Your Honor entered Defendants' Order to Show Cause regarding PPF deficiencies (ECF 33096). Plaintiffs subject to the OTSC had until September 5, 2024, to show cause why their case should not be dismissed with prejudice. Defendants filed replies (ECF 33270; ECF 33269; ECF 33265; ECF 33272; Case No. 3:19-cv-12142, ECF 9; Case No. 3:18-cv-11691, ECF 10) to certain Plaintiffs' responses to the OTSC which requested additional time to serve discovery, dismiss the case without prejudice, or delay dismissal until after a motion to withdraw as counsel is decided. Defendants will file

Barnes & Thornburg

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.    - 15 -    April 8, 2025

a final dismissal order listing the cases subject to the August 15th OTSC which failed to file a PPF and show good cause to the Court.

- o On December 11, 2024, this Court administratively terminated Plaintiffs' Motion for Judicial Notice and Defendants' Motion to Dismiss and directed Plaintiffs to inform the Court of when the bankruptcy stay was lifted and request the motions be reinstated (Case No. 3:24-cv-06320, ECF 53).

**Plaintiffs' Counter Proposal Regarding PPF Orders and Deadlines:**

In an effort to streamline and limit the number of orders the Court will need to enter, Plaintiffs propose that the previous Plaintiff Profile Form deadlines be vacated and the deadlines modified as follows consistent with all other requirements of the Plaintiff Profile Form Order:

- o All Plaintiffs with cases pending as of March 31, 2025 will have 90 days from this date to submit their Plaintiff Profile Form (if not already submitted). Any cases who do not submit a Plaintiff Profile Form by this deadline (June 30, 2025) will automatically be subject to an Order to Show Cause as to why their cases should not be dismissed with prejudice. If any plaintiffs fail to show cause by July 15, 2025, then their cases will be dismissed with prejudice.

- o All Plaintiffs with cases filed after March 31, 2025 will have 90 days after the date of filing to submit their Plaintiff Profile.

- o Defendants do not oppose Plaintiffs' proposal as to those cases submitted after March 31, 2025, and agree that adjusted schedules will have to be created for future monitoring of compliance issues. However, as to those cases already subject to various OTSC, Defendants submit that there is no good cause for those cases which already were afforded multiple opportunities for the individual claimants to submit PPF, to be given even more time for compliance.

**Additional Matters**

- **Defendants' Motion to Dismiss the Complaint in *Bynum* (Case No. 3:24-cv-07065, ECF 11):**

Barnes & Thornburg

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.  - 16 -  April 8, 2025

- o On August 21, 2024, Defendants filed a Motion to Dismiss the *Bynum* Complaint seeking certification of a medical monitoring class (Case No. 3:24-cv-07065, ECF 11). On August 30, 2024, the Parties entered into a Stipulation to Extend Time for the Plaintiffs to Respond to the Motion to Dismiss or file an Amended Complaint by September 26, 2024 (Case No. 3:24-cv-07065, ECF. 12). The Court granted that stipulation the same day (Case No. 3:24-cv-07065, ECF 13).

- o Plaintiffs did not file an opposition to the Motion to Dismiss or an Amended Complaint by September 26, 2024, because of the stay order.

- o On December 11, 2024, this Court stayed the matter and administratively terminated Defendants' motion and directed Plaintiffs to file correspondence notifying the Court when the stay was lifted and requesting the motion be reinstated (Case No. 3:24-cv-07065, ECF 17).

- o The parties will meet and confer and file a joint status report on April 10, 2025, in keeping with the Court's text order of April 3, 2025 (ECF 18).

- **Plaintiffs' and Defendants' Motions in *Love* (Case No. 3:24-cv-06320, ECF 47):**

  - o On June 11, 2024, Plaintiffs filed a Motion for Judicial Notice of Certain Documents (Case No. 3:24-cv- 06320, ECF 7). The motion was unopposed.

  - o On July 11, 2024, Defendants filed a Motion to Dismiss Class Action Complaint in the *Love* matter (Case No. 3:24-cv- 06320, ECF 47). Plaintiffs filed their Opposition to the Motion to Dismiss on July 22, 2024 (Case No. 3:24-cv- 06320, ECF 48). On July 29, 2024, Defendants filed their Reply in Support of their Motion to Dismiss (Case No. 3:24-cv- 06320, ECF 50).

  - o The parties will meet and confer and file a joint status report on April 10, 2025 in keeping with the Court's text order of April 3, 2025 (ECF 54).

Barnes & Thornburg

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh, U.S.M.J.

- 17 -

April 8, 2025

- **Defendants' Omnibus Motion for Summary Judgment In The Matters Of *Williams* (Case No. 3:19-cv-18778) And *Hill* (Case No. 3:18-cv-8344) - fully briefed**

  o On June 18, 2021, Defendants filed an Omnibus Motion for Summary Judgment (ECF 22865) regarding the cases of *Williams* (Case No. 3:19-cv-18778); *Hill* (Case No. 3:18-cv-8344); *Scroggins* (Case No. 3:18-cv-12766); and *Landreth* (Case No. 3:17-cv-11788). Plaintiff Hill filed Opposition to the motion on July 9, 2021 (ECF 23518); Plaintiff Williams filed Opposition to the motion on July 9, 2021 (Case No. 3:19-cv-18778, ECF 24); Plaintiff Landreth filed Opposition to the motion on July 9, 2021 (Case No. 3:17-cv-11788, ECF 25); and Plaintiff Scroggins filed Opposition to the motion on July 9, 2021 (Case No. 3:18-cv-12766, ECF 43). Defendants filed their Reply as to *Williams*, *Hill*, and *Scroggins* on July 21, 2021 (ECF 23977). Defendants withdrew the motion, without prejudice, as to *Landreth* on September 12, 2023 (ECF 27954).

  o Pursuant to the Court's request that an unredacted copy of the Omnibus Motion for Summary Judgment be filed, Defendants refiled the motion on November 8, 2023 (ECF 28668).

  o On December 7, 2023, the Court denied Defendants' motion as to *Scroggins* only (Case No. 3:18-cv-12766, ECF 46).

  o The motion has not been administratively terminated and remains pending as to *Williams* and *Hill*.

- **CMO 9 Notices**

  o On August 14, 2024, Defendants filed an Order to Show Cause (ECF 33089) why cases listed on Exhibit A should not be dismissed with prejudice for their failure to either file a Notice of Inability to Substitute ("NIS"), move to substitute the proper party plaintiff, or file an amended complaint by July 12, 2024, pursuant Paragraphs 2 and 3 of the Court's May 15, 2024, Order Regarding CMO 9 Notices (ECF 32181). Since that time, over 100 cases listed on Exhibit A attached to the proposed OTSC have filed an NIS. Defendants will provide the

**Barnes & Thornburg**

Honorable Michael A. Shipp, U.S.D.J.
Honorable Rukhsanah L. Singh,    - 18 -                                                    April 8, 2025
U.S.M.J.

Court with an updated list of cases which failed to file an NIS and should be subject to the OTSC.

**New Jersey Proceedings Before Judge Porto**

- A case management conference is scheduled before Judge Porto on April 9, 2025, at 10 a.m. ET, to discuss, inter alia, certain issues relative to an individual matter, Nesko.
- The parties have jointly requested a separate and additional case management conference before Judge Porto to address the orderly resumption and conduct of the docket.

- The parties have fully briefed Defendants' *Accutane* and dispositive motions in bellwether cases *Carl* and *Balderrama*. Plaintiffs did not file any *Accutane* or dispositive motions.

- On September 20th, Chief Judge of the Appellate Division, the Honorable Thomas W. Sumners, Jr., granted Defendants leave to file an interlocutory appeal of Judge Porto's order denying Defendants' Motion to Disqualify Beasley Allen. Defendants filed their appeal on October 24, 2024. On November 14, 2024, Chief Judge Sumners, Jr., entered an order staying the matter pursuant to the bankruptcy stay and permitting any party to move to reinstate the appeal upon expiration of the stay. Defendants will forthwith move to reinstate the appeal. The matter is docketed at AM-000215-24.

Thank you for your attention to these matters.

Respectfully submitted,

/s/ Jessica L. Brennan

cc:    Kristen Fournier, Esq. (via email)
       Leigh O'Dell, Esq. (via email)
       Michelle Parfitt, Esq. (via email)
       All Counsel (via ECF)

Barnes & Thornburg