

Jessica L. Brennan
Partner
(973) 775-6120
jessica.brennan@btlaw.com

1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973) 775-6101
Fax: (973) 775-6102

www.btlaw.com

April 14, 2025

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of NJ
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices, and Products Liability Litigation*
      **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Singh:

We represent the Johnson & Johnson Defendants ("J&J") in the above-captioned matter. Earlier today, we e-filed a letter (ECF No. 33618) respectfully requesting that the Court reinstate two J&J motions to its active docket: a Motion to Disqualify Andy Birchfield, Esq., and the Beasley Allen law firm or alternatively remove them from the Plaintiffs' Steering Committee ("Motion to Disqualify") (ECF No. 28760), and a Motion to Remove Beasley Allen from the Plaintiffs' Steering Committee ("Motion to Remove") (ECF No. 33290).

J&J filed these motions because Birchfield and Beasley Allen have engaged in two distinct courses of conduct that independently warrant their disqualification and/or removal from the Plaintiffs' Steering Committee. First, as detailed in the Motion to Disqualify, Birchfield and Beasley Allen knowingly and improperly collaborated with James Conlan, J&J's former counsel, on a mediation adverse to J&J. Second, as described in the Motion to Remove, Beasley Allen attempted to thwart J&J's bankruptcy plan by falsely certifying that it had obtained informed consent to vote against the plan from claimants who did not provide that consent and indeed voted for the plan.

In connection with the Motion to Remove, and as referenced in the joint status report filed on April 8, 2025 (ECF No. 33587), J&J seeks permission to file the attached supplemental brief to address evidence that has only been developed since the time J&J filed its initial motion. That evidence was adduced during the *Red*

April 14, 2025
Page 2

*River Talc* bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas. *In re: Red River Talc, LLC*, No. 24-90505, ECF No. 1424 at 32 (Bankr. S.D. Tex. Mar. 31, 2025).

Concerns of prudence and judicial economy warrant accepting J&J's supplemental brief at this time. J&J's Motion to Remove has not been fully briefed: Beasley Allen did not file its opposition before the stay took effect on October 24, 2024. Beasley Allen will thus not be prejudiced by the supplemental brief, and in fact will benefit from being able to address the new evidence in its opposition. And accepting the brief now will enable the Court to consider all of the evidence warranting Beasley Allen's removal from the Plaintiffs' Steering Committee with respect to its conduct in the bankruptcy proceeding.

For these reasons, J&J respectfully requests that this Court grant permission for J&J to file the enclosed supplemental brief, and that the Court set a new return date on J&J's motion (ECF No. 32290) to establish a schedule for the motion to be fully briefed.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Jessica L. Brennan*

Enclosures: Supplemental Brief, Declaration, and Exhibits

cc:   Kristen Fournier, Esq. (via ECF)
      Leigh O'Dell, Esq. (via ECF)
      Michelle Parfitt, Esq. (via ECF)
      All Counsel (via ECF)

Barnes & Thornburg