# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Johnson & Johnson Talcum Powder Product Marketing Sales Practices and Products Liability Litigation | Case No. 3:16-md-2738-MAS-RLS<br><br>CIVIL ACTION<br><br>Motion Return Date:<br>To be Determined |

---

## THE SMITH LAW FIRM, PLLC's BRIEF IN RESPONSE TO DEFENDANTS' MOTION SEEKING LITIGATION FINANCE DISCOVERY AND TO COMPEL COMPIANCE WITH LOCAL RULE 7.1.1

---

SZAFERMAN, LAKIND,
 BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
By: Arnold C. Lakind, Esquire
Telephone: (609) 275-0400
Fax: (609) 275-4511

Attorneys For The Smith Law Firm. PLLC

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE CASE. .................................................................................. 1

ARGUMENT ........................................................................................................... 3

    THE SMITH LAW FIRM HAS NO DUTY TO DISLOSE
    ANY LITIGATION FUNDING ARRANGEMENT UNDER
    LOCAL CIV. R. 7.1.1

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

### Rules

*L. Civ. R. (N.J.)* 7.1.1 ............................................................................... 1, 2, 3, 4, 7

*New Jersey Federal Practice Rules, with comments and annotations,*
by Allen Z. Lyte, (2025) ................................................................................... 4

This Brief is submitted on behalf of The Smith Law Firm, PLLC ("SLF") in response to "Defendants Brief in Support of its Motion for Litigation Finance Discovery and to Compel Compliance with Local Rule 7.1.1."

## STATEMENT OF THE CASE

This is the second motion filed by Defendants in this matter to obtain litigation funding information from The Smith Law Firm, PLLC. Therefore, SLF will not repeat the facts that underlie this dispute except insofar as those facts are necessary to respond to the statements made in J&J's current brief.

SLF is a Mississippi based law firm that is neither a party in the above captioned matter nor counsel of record to any party in this matter. (Declaration of Allen Smith, ¶ 4).

SLF is, however, a party to a joint venture agreement with Beasley Allen (the "Joint Venture Agreement") to litigate certain cases on behalf of plaintiffs who sustained diseases as a consequence of their exposure to talc containing products manufactured by Johnson and Johnson. (*See* Exhibit A to Declaration of Matthew Bush, Esq.). While SLF shares expenses in certain talc cases with Beasley Allen, SLF's compensation under the Joint Venture Agreement for the referral of talc cases is not related to any debt which SLF has. (*See* Exhibit A to Declaration of Matthew Bush, Esq.).

Like many firms which represent plaintiffs, SLF obtains loans which it uses to finance cases including cases involving talc exposures. (Declaration of Allen Smith, ¶ 6). While the loans are non-recourse, the law firm's repayment obligations are not "based upon the results" of the talc or any other litigation. (Declaration of Allen Smith, ¶ 7). Compare *Loc. R.* 7.1.1. The existence of these loans to SLF which are used to finance SLF's tort practice does not and cannot impact any decision of Beasley Allen to settle this litigation inasmuch as the latter firm has no connection to these loans.

## ARGUMENT

### THE SMITH LAW FIRM HAS NO DUTY TO DISCLOSE ANY LITIGATION FUNDING ARRANGEMENT UNDER *LOCAL CIV. R.* 7.1.1

*Local Rule* 7.1.1 provides as follows:

(a) Within 30 days of filing an initial pleading or transfer of the matter to this district, including the removal of a state action, or promptly after learning of the information to be disclosed, all parties, including intervening parties, shall file a statement (separate from any pleading) containing the following information regarding any person or entity that is not a party and is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal or bank loan, or insurance: * * *

This rule does not apply to the Smith Law Firm for several reasons. First, SLF is not a party in this action nor is it counsel of record to any party in this action. (Declaration of Allen Smith, ¶ 4). Second, while SLF does have non-recourse funding, that funding is not "in exchange for (1) a contingent financial interest based upon the results" of this litigation. Therefore, two of the prerequisites which would warrant making the disclosure set forth in *Local Rule* 7.1.1 have not been satisfied.

In the absence of the satisfaction of those prerequisites, there is no obligation to file a litigation funding statement:

3

> A July 29, 2021 Notice to the Bar clarified that *L. Civ. R.* 7.1.1 only requires that a statement regarding third-party litigation funding be filed when such funding exists. A declaration that there is no third-party litigation funding is not required.

*New Jersey Federal Practice Rules, with comments and annotations,* Allen Z. Lyte, cmt 1 to *L. Civ. R. 71.1* (2025).[1]

Defendants' argument, in several respects, makes unsupported factual assertions, misconstrues this Court's decision set forth in Special Master Order No. 25 (ECF Document 32926), and, as set forth above, incompletely analyzes *Loc. Civ. R.* 7.1.1. Johnson & Johnson asserts that "[T]here is no dispute: Parties in the MDL received third party litigation funding . . .." (Brief filed on behalf of Johnson and Johnson, p. 1). That is incorrect with regard to SLF inasmuch as that law firm is not a party in the MDL nor is it counsel of record to any party in the MDL. (Declaration of Allen Smith, ¶ 4).

At page 5 of its brief, Johnson and Johnson asserts that "the Beasley firm is not able to say yes to any deal because they're way too deep in debt from funding." While that may or may not be true, it is irrelevant to the application addressed to SLF inasmuch as Beasley Allen has no obligation to pay any loans obtained by SLF. (Declaration of Allen Smith, ¶ 9).

---

[1] SLF takes no position with regard to the argument advanced by J&J that the Court should "at a bare minimum require all plaintiffs represented by Beasley Allen to submit a statement of disclosure as required by *Local Rule.* 7.1.1." (J&J Br. at 3).

4

At page 6 of its brief, Johnson and Johnson argues that, because of the co-counsel relationship between Beasley Allen and the Smith Law Firm, "Beasley Allen's 'ability to settle cases (and vice versa)' is impacted by the financing of the Smith Law Firm." This is incorrect: Beasley Allen has no obligations to repay the loans of SLF and has not borrowed any money from SLF. (Declaration of Allen Smith, ¶ 9). Therefore, SLF's financing – which extends to talc and other cases – cannot impact any decision made by Beasley Allen to settle this matter.

Moreover, J&J has given a truncated reading of the Court's July 9, 2024 decision. The Court ruled, at page 7 of its opinion, that litigation funding might be discoverable "in cases where there is a showing that something untoward occurred." (Opinion, p. 7). Among the examples given by the Court that might warrant such discovery is a

> showing that a non-party is making ultimate litigation or settlement decisions, the interests of the plaintiffs or the class are sacrificed or are not being protected, or conflicts of interest exist.

(Opinion, p. 8). There is no allegation of fact made by J&J to satisfy this test nor, based on the fact that Beasley Allen has no obligation to repay any loans of SLF (Declaration of Allen Smith, ¶ 9), could such an allegation be made.

With regard to the SLF, this Court, in its earlier decision, characterized Johnson & Johnson's argument as

> Defendants' subpoena is based on the speculative assertion that the [Smith] firm and Ellington have litigation financing tentacles with Beasley Allen in this MDL.

(Court's opinion, p. 10). Describing Johnson and Johnson's argument, the Special Master notes that they assert that "Smith's financing may therefore impact Beasley Allen's settlement position." (p. 10). However, Beasley Allen has no connection to SLF's financing. (Declaration of Allen Smith, ¶ 9). Therefore SLF's financing could not impact Beasley Allen.

As the Court ruled, there is no "competent evidence . . . to support defendants' argument that 'litigation funding received by the Smith Law Firm has direct implications for Beasley Allen's ability to settle cases.'" J&J has not in its current motion provided that evidence since Beasley Allen has no responsibility to repay the loans" which lenders have made to SLF. (Declaration of Allen Smith, ¶ 9).

J&J appears to misread the Court's earlier decision in another respect. At page 6 of its brief, J&J summarizes SM Order 25 as based upon the Court's finding that

> no competent evidence existed that The Smith Law Firm has any financing arrangement regarding this talc litigation. Order at 10-11.

6

That is not, however, what this Court said. Rather, Your Honor noted that Defendant's subpoena is "based on the speculative assertion that [Smith and its lender] have litigation financing tentacles with Beasley Allen in this MD," or an assertion that Smith's "financing may therefore impact Beasley Allen's settlement position." There is no competent evidence, Your Honor's opinion continues, that "funding received by the Smith Law Firm has direct implications for Beasley Allen's ability to settle cases (and vice versa)." (SM Order 25, at pp. 10 to 11). There was no competent evidence when the Court issued its decision in 2024, and, as noted in the accompanying Declaration of Allen Smith, there is no competent evidence now of such connections, nor could there be such evidence since it does not exist.

In summary, SLF finances its tort practice with loans. However, Beasley Allen has no responsibility for any of SLF's loans. Therefore, SLF's loans could not influence Beasley Allen's views of any settlement proposal, and need not be disclosed under *Local Rule* 7.1.1.

## CONLUSION

For the foregoing reasons, the motion of J&J to compel The Smith Law Firm to provide litigation funding information should be denied.

Respectfully submitted,

**SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.**

*s/Arnold C. Lakind*
Arnold C. Lakind, Esq.

Dated: June 6, 2025