UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2738<br><br>Civil Action No. 16-2738 (MAS) (RLS)<br><br>**ORDER APPOINTING SPECIAL MASTER** |

**THIS MATTER** comes before the Court *sua sponte* regarding the appointment of a limited-purpose Special Master pursuant to Federal Rule of Civil Procedure 53(a), to address the pending Federal Rule of Evidence[1] 702 *Daubert*-related motions ("Rule 702 Motions") in the above-captioned litigation ("MDL"). Having determined the necessity of appointing a limited-purpose Special Master to assist the Court in resolving the Rule 702 Motions, and having conferred with the parties regarding the Court's intention to appoint the Honorable Freda L. Wolfson, U.S.D.J. (ret.) of the firm Lowenstein Sandler LLP ("Lowenstein Sandler") as a limited-purpose Special Master to address these pretrial disputes, the Court makes the following findings:

1. The appointment of a limited-purpose Special Master is both necessary and appropriate in this MDL, where here, there are numerous pending pretrial disputes "that cannot be effectively and timely addressed" by this Court, *see* Fed. R. Civ. P. 53(a)(1)(c), and the appointment of a limited-purpose Special Master would facilitate the prompt adjudication of these disputes and minimize delay in these proceedings.

2. Judge Wolfson is well-qualified to serve as a limited-purpose Special Master in this MDL because she was the former District Judge who presided over this matter prior to her retirement from the District Court of New Jersey, and is therefore intimately familiar with the case, disputed issues, and *Daubert*-related arguments raised by the parties' Rule 702 Motions.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Evidence.

3. In accordance with Federal Rule of Civil Procedure 53(b)(3), Judge Wolfson has submitted an affidavit, attesting that no grounds for disqualification under 28 U.S.C. § 455 exist. (Wolfson Aff. ¶ 10, ECF No. 39404.)

4. Judge Wolfson advised that her firm, Lowenstein Sandler, does not represent any of the named parties in the MDL, nor has she ever personally represented any of the named parties in the MDL. (*Id.* ¶ 6.)

5. Judge Wolfson advised that while Lowenstein Sandler represents Johnson & Johnson in distinct matters, those matters are "corporate-related" and "wholly unrelated" to the MDL. (*Id.* ¶ 7.) Moreover, she has had no involvement with any of those matters since joining the firm. (*Id.*)

6. Judge Wolfson advised that since late December 2023, she has been serving as Special Master in *Johnson & Johnson Health Care Systems Inc. v. Save On SP, LLC, et al.*, Civil Action No. 22-2632, in which the plaintiff is a Johnson & Johnson affiliate. (*Id.* ¶ 9.) To avoid any potential conflict, "an ethical wall has been in place between [her] and all matters involving Johnson & Johnson" at Lowenstein Sandler. (*Id.*)

7. Judge Wolfson further advised that, as counsel for the parties are aware, she served as a "mock judge" for a Johnson & Johnson affiliate, Kenvue, in an unrelated and since-concluded matter. (*Id.* ¶ 8.)

8. Judge Wolfson represented that she is "confident that none of these relationships would preclude [her] from being impartial or unbiased as the [limited-purpose] Special Master in the [] MDL." (*Id.* ¶ 11.)

9. On June 19, 2025, and June 23, 2025, the parties e-filed correspondence consenting to the proposed appointment of Judge Wolfson as a limited-purpose Special Master. (*See* ECF Nos. 39392, 39399.)

10. Having carefully considered Judge Wolfson's affidavit and the parties' e-filed correspondence, the Court finds that there is no conflict that would preclude Judge Wolfson's involvement in this action under 28 U.S.C. § 455.

Accordingly,

**IT IS** on this 26th day of June, 2025, **ORDERED** that:

1. The Honorable Freda L. Wolfson, U.S.D.J. (ret.), shall be appointed as a limited-purpose Special Master to address the Rule 702 Motions in this MDL.

2.  Judge Wolfson shall be compensated on terms to be agreed upon jointly by the parties and the limited-purpose Special Master before addressing the Rule 702 Motions. Judge Wolfson may employ any attorneys and paralegals at her firm to assist her in administering her duties under this Order as she deems necessary. The parties shall share the costs of her services and any related expenses in equal shares, unless they agree otherwise. Any disputes concerning compensation or allocation of fees shall be presented to the Court only if the parties jointly agree to do so.

3.  The Court's previous Order dated September 11, 2017 (ECF No. 704), that sets forth the Special Master's authority and other matters pursuant to Federal Rule of Civil Procedure 53(b)(2) and (c), shall remain in full force and effect as to the duties administered by Judge Wolfson.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**