UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: JOHNSON & JOHNSON
TALCUM POWDER PRODUCTS
MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

MDL No. 16-2738 (MAS) (RLS)

*THIS DOCUMENT RELATES TO
ALL CASES*

[PROPOSED] ORDER (I) APPOINTING MEDIATOR AND (II) ESTABLISHING MEDIATION PROTOCOLS

**WHEREAS**, at a Case Management Conference held on June 17, 2025, in the above-captioned case, Plaintiffs requested that the Court appoint a mediator to explore whether mediation may produce a resolution of all or some of the issues and claims in this case;

**WHEREAS**, Defendants indicated that they do not believe that mediation is appropriate at this time but do not object to appointment of a mediator;

**IT IS HEREBY ORDERED** that:

1. Fouad Kurdi, whose address is Resolutions LLC, 30 Monument Square, Suite 245, Concord, MA 01742, is hereby appointed as Mediator in accordance with the terms of this Order.

2. The Mediator is authorized to mediate (the "Mediation") resolution-

related issues in the pending MDL litigation (the "Mediation Issues").

3. Party-designated representative(s) of MDL plaintiffs and party-designated representative(s) of MDL defendants are referred to the Mediation. The Mediator may determine, in his sole discretion, the manner, timing and/or extent of any Mediation Party's participation in the Mediation. The Mediator shall have the express authority to invite a party or lawyer representing a party to participate in the Mediation.

4. Subject to the terms of this Order and applicable law, including, but not limited to Local Rule 301.1, all confidentiality and privilege provisions therein applicable to mediation, as well as the following terms and guidelines with govern the Mediation process between the Mediation Parties:

    a. The PSC must immediately serve the Mediator with a copy of this Order.

    b. The scheduling and location of all Mediation sessions will be determined by the Mediator. Sessions may be held in person, telephonically or by video conference.

    c. Notwithstanding anything to the contrary in the Local Rules, the Mediator may conduct the Mediation as he sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate to conduct the Mediation, subject to

the terms of this Order.

d. The Mediation Parties will participate in the Mediation in good faith. The Mediation Parties, either personally or through a representative with authority to negotiate and settle the Mediation Issues, will make reasonable efforts to attend all sessions scheduled by the Mediator to which they are invited to attend by the Mediator.

e. The Mediator will be compensated on terms acceptable to the Mediator and the parties, to be negotiated among the Mediator and the Parties.

f. The Mediator is permitted, at his discretion, to speak *ex parte* with the Court. The Mediator is also permitted, at his discretion, to speak with the individual Mediation Parties and/or their representatives about the Mediation Issues.

g. The Mediator may provide periodic status reports as he deems appropriate. Reports shall be filed under seal in the event that such reports disclose confidential settlement terms or proposals.

5. Confidentiality

a. Except as provided in paragraph 5.c., below, unless the Mediator and the Mediation Parties agree otherwise in writing, or unless disclosure is permitted or required by this Order or applicable law, including, without limitation, any state public disclosure laws, the Mediator, the Mediation

Parties, and other participants in the Mediation may not disclose to any entity or person who was not a participant in the Mediation any oral or written communication concerning the Mediation, including any document, report or other writing presented or used solely in connection with the Mediation (hereinafter, the "Protected Information").

b.  A Mediation Party who receives Protected Information may not disclose such Protected Information to another Mediation Party unless the Mediator and the Mediation Party who disclosed such information agree in writing, or unless the disclosure is permitted or required by this Order or applicable law including, without limitation, any state public disclosure laws.

c.  No written record or transcript of any discussion has in the course of Mediation is to be kept, absent express written agreement by the Mediation Parties.

d.  Subject to paragraphs 5.f and 6, Protection Information, whether written or verbal, is not subject to discovery or admissible in evidence in any subsequent proceeding. A Mediation Party may by independent evidence establish the substance of Protected Information in the subsequent proceeding.

e.  The disclosure by a Mediation Party of information to the Mediator that would otherwise be shielded from disclosure in any other proceeding by virtue of the attorney-client, attorney work product, or other

applicable privilege does not waive or otherwise adversely affect the privileged nature of that information. The Mediator shall not provide privileged information or disclose the contents thereof to any other person, entity, or Mediation Party without the consent of the producing party (except that the Mediator may disclose privileged information to any person assisting the Mediator in the performance of his mediation duties, in which event such assistant shall be subject to the same restrictions as the Mediator with respect to such privileged information). For avoidance of doubt, the information that is not privileged before it is shared with the Mediator does not become privileged pursuant to this subparagraph 5.e. solely because it was shared with the Mediator.

  f. Nothing provided in this Order shall prohibit or limit any party's right or obligation to share information, included Protected Information, with any insurer if required under applicable insurance contract and such insurer agrees to maintain the confidentiality of such information.

  6. Notwithstanding entry of this Order, the rights and arguments of all Mediation Parties and other parties in interest with respect to the discoverability or admissibility of information and documents exchanged in connection with the Mediation are expressly preserved.

  7. Except as provided in paragraphs 4 and 5 of this Order, this Order shall

not affect: (a) any right of any party in interest to seek information from a Mediation Party or (b) any obligation of a Mediation Party to disclose information.

8. In the event of a conflict between the terms of this Order and those of D.N.J. Local Rule 301.1, the terms of this Order shall control.

9. All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including the rights to raise any objections, claims or causes of action that may otherwise exist regarding the circumstances giving rise to this litigation.

10. This Order shall be effective immediately upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

~~Hon. Michael A. Shipp~~
~~United States District Judge~~
RUKHSANAH L. SINGH, U.S.M.J.

* The Clerk of the Court shall TERMINATE the Motion pending at Docket Entry Number 39400.