# COHEN, PLACITELLA &ROTH
## LAW OFFICES

127 MAPLE AVENUE, RED BANK, NEW JERSEY 07701
(732) 747-9003   FAX (732) 747-9004   CPRLAW.COM

CHRISTOPHER M. PLACITELLA
cplacitella@cprlaw.com

July 25, 2025

**VIA ECF**
Hon. Rukhsanah L. Singh
United States Magistrate Judge
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation, MDL No. 16-2738 (MAS) (RLS)
*Request Regarding Liaison Counsel Role Under Order of July 17, 2025 (ECF 40326)*

Dear Judge Singh:

    I am writing as the Court-appointed Liaison Counsel in this multi-district litigation (MDL) related to the Order dated July 17, 2025 (ECF 40326). Plaintiffs' Steering Committee is proposing Christopher Seeger as Lead Negotiation Counsel for the MDL. *See* ECF 40696. I look forward to collaborating with Chris as a member of the Plaintiffs' Steering Committee to help negotiate a fair and amicable settlement.

    In recent days, several attorneys representing state court litigants have contacted me regarding the implications of the Court's July 17, 2025 Order. There is widespread concern and a desire among these attorneys to understand how the appointments of a mediator and formal Negotiation Counsel will affect the resolution of cases pending outside the MDL. I respectfully submit that if state court litigants are to support a global settlement, it is crucial for them to feel that their perspectives are considered as part of a collaborative path toward resolution.

    To promote the inclusion of state court litigants in the settlement process, I respectfully request that my role as Liaison Counsel be recognized to include, in addition to serving as an *ex officio* participant in negotiations, the responsibility of keeping state court counsel informed—where appropriate—of significant non-confidential developments in the negotiation process and soliciting their input. This coordination aligns with my responsibilities over the past nine years and is essential for achieving a truly global resolution that incorporates both the MDL and state court proceedings.

CHRISTOPHER M. PLACITELLA, MANAGING NJ ATTORNEY, CERTIFIED CIVIL TRIAL ATTORNEY

PHILADELPHIA, PA   |   LEMOYNE, PA   |   PITTSBURGH, PA   |   CHERRY HILL, NJ

A PENNSYLVANIA PROFESSIONAL CORPORATION



Hon. Rukhsanah L. Singh
July 25, 2025
Page 2

  As Liaison Counsel, I am uniquely positioned to integrate the perspectives of state court litigants.  In this litigation, where divergent perspectives exist not only across opposing sides but also within the plaintiffs' bar, I believe I can help bridge gaps and foster collaboration.  Currently, I serve as local counsel in the New Jersey Talc Multi-County Litigation (MCL) for numerous law firms with thousands of cases in this MDL, many of which held positions differing from our firm during prior bankruptcies affecting this case.

  Based on my experience in previous negotiations, I understand that there are still important issues to resolve to reach a final settlement.  These include addressing medical liens asserted by private insurers and CMS, as well as designing a claims resolution procedure that ensures due process for claimants and provides finality for the defendants facing extensive litigation.  In this regard, I believe it would be helpful at this juncture to formally invite the private insurers, CMS, and the DOJ into the negotiation process as their lack of inclusion created obstacles in prior negotiations.

  I understand that some counsel have requested that the Court formalize a Plaintiffs' Negotiation Committee.  *See, e g.,* ECF 40697, 40698.  While I remain neutral regarding the formation of this committee, I respectfully request that Liaison Counsel be included if the Court decides to establish such a structure.  This would ensure continuity in federal-state coordination and safeguard the representation of a significant constituency within the litigation landscape.

  If it would be helpful for the Court to better assess my historical involvement and commitment to this litigation when considering my inclusion in any formalized negotiation committee, I am happy to provide the following information.  My work in the talc litigation began well before the establishment of this MDL.  Since the resurgence of modern talc litigation in 2009, I have been actively involved in developing liability theories, conducting key depositions, and advocating for those harmed.

  I have successfully tried Johnson's Baby Powder cases against Johnson & Johnson and have resolved cases alleging injury from asbestos-containing cosmetic talc.  This experience has provided me with valuable insights into what effective resolution can look like when all parties are committed to building trust.

  I served as Lead Class Counsel in *Williams, et al. v. BASF Catalysts LLC, et al.*, No. 11-cv-10754 (D.N.J.), a class action settlement approved by Judge Martinotti, where we secured compensation for over 12,000 individuals exposed to industrial talc, who would otherwise have gone without recovery.  This settlement was negotiated with Kirkland & Ellis, LLP, the firm leading the talc ovarian cancer litigation both here and in state courts.

  Additionally, I served as a member of the Tort Claimants' Committee in the Red River Talc Bankruptcy, participating in both the negotiation and trial phases, and was actively involved in the first two talc-related bankruptcies.  Although separate from talc matters, it may also be notable for the Court to know that in the *AHP Diet Drug Litigation*, I helped design an accelerated compensation option that brought timely relief to over 600,000 claimants—
an innovative approach praised by the Court.

Hon. Rukhsanah L. Singh
July 25, 2025
Page 3

    In addition to resolving talc cases affecting thousands of claimants, I have contributed to shaping the legal framework governing these cases. I argued *In re Accutane Litigation*, 191 A.3d 560 (N.J. 2018) before the New Jersey Supreme Court that established the law in New Jersey concerning expert testimony in mass tort matters.  Further, I had the opportunity to argue the issue of whether talc exposure is related to ovarian cancer before the New Jersey Appellate Division—advocacy that continues to influence talc jurisprudence in the state.  *See Carl v. Johnson & Johnson*, 237 A.3d 308 (N.J. App. Div. 2020), *cert. den.,* 244 A.3d 270 (N.J. 2021).

    Through these and other experiences, I have come to understand that resolution in mass torts is not only about facts and figures—it is also about trust, listening, and bringing people together.  That is what I have tried to do throughout my career.

    Whether through my role as Liaison Counsel or as part of a committee structure, I am committed to serving this Court by ensuring that the interests of state court litigants remain integrated into the negotiation process. I am committed to promoting fairness, building consensus, and helping guide this litigation to a resolution that reflects the voices and needs of all who have long participated in it.

    Thank you for your consideration.

    Respectfully submitted,

    **COHEN, PLACITELLA & ROTH, P.C.**

    */s/ Christopher M. Placitella*
    CHRISTOPHER M. PLACITELLA, ESQ.