UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) |
|---|---|

SPECIAL MASTER ORDER NO. 29
(DECIDING DEFENDANTS' MOTION FOR LITIGATION FINANCE
DISCOVERY AND TO COMPEL COMPLIANCE WITH LOCAL RULE 7.1.1)

This matter is before the Special Master ("SM") on Defendants' "Motion for Litigation Finance Discovery and to Compel Compliance with Local Rule 7.1.1." (ECF 34394). When the motion was filed it was directed to the Beasley Allen law firm ("BA"), the Smith law firm ("Smith") and Ellington Management Group ("Ellington").[1] BA represents thousands of talcum powder plaintiffs in this MDL. Smith is not counsel of record but is in a "joint venture" with BA to jointly represent and prosecute thousands of their cases. Ellington is an investment and advisory firm that allegedly provided litigation financing to Smith. The filed motion sought to enforce three subpoenas directed to BA, Smith and Ellington asking for the production of litigation finance documents and to compel a funding disclosure pursuant to Local Rule 7.1.1. On the eve of oral argument defendants withdrew their motion as to Smith and Ellington and are only proceeding against BA. The SM received BA's opposition and defendants' reply. Oral argument was held on July 18, 2025. For the reasons to be discussed, defendants' motion is denied.

---

[1] BA's lead counsel is Andy Birchfield, Esquire. Leigh O'Dell, Esquire is Co-Liaison Counsel.

**BACKGROUND**

As the parties know, the present discovery dispute was previously addressed in SM Order No. 25 ("Order"), issued on July 9, 2024. (ECF 32926). At that time the SM denied defendants' motion asking for litigation financing discovery. The primary grounds for the SM's Order were that BA attested that it had no litigation funding for this MDL, the requested discovery was irrelevant to any party's claim or defense, and good cause did not exist to justify the requested discovery. The SM also denied defendants' argument that BA's alleged litigation funding or interest in a lucrative common benefit payment impacted its settlement position. After the denial defendants appealed the ruling. The disposition of the appeal was stayed as a result of the Red River bankruptcy filing in Texas. After the bankruptcy was dismissed, this MDL was restored to the active docket. Defendants then requested to activate their previously filed appeal and to supplement the record with new information learned after the Order was entered. Thereafter, defendants' appeal was terminated without prejudice and defendants were granted leave to renew their motion.

As noted, defendants were granted leave to file the present motion based on their representation that new developments justified their discovery. The new developments raised by defendants' motion relate to information developed during the Red River bankruptcy proceeding and the fact defendants learned BA and Smith entered into a Joint Venture Agreement in January 2014 to jointly represent and prosecute thousands of plaintiffs in this MDL.

Defendants argue they "ought to be able to get to the bottom of what is really occurring with respect to litigation financing and its effect on settlement decisions because defendants "cannot simply take Beasley Allen at its word that it has not used litigation funding for talc cases in this MDL." Brief at 13. Defendants continue that they "have a right to get to the bottom of what is actually going on and the financial factors motivating the decisions being made by

counsel in this MDL." Id. at 3. Defendants' motion cites to three new developments as to why BA's representations should be questioned and why litigation finance discovery and a Local Rule 7.1.1 disclosure is required: (1) BA falsely certified in the bankruptcy proceedings that it received affirmative consent from their clients to object to the settlement; (2) BA voted against the settlement on behalf of clients whose claims were not compensable in the tort system; and (3) BA directly solicited Johnson & Johnson to talk settlement in the hopes of being rewarded with common benefit fund fees. Brief at 10-12.

Although defendants are no longer pursuing relief from Smith, a brief description of recent developments helps present a complete picture. BA and Smith sued each other for breaching their Joint Venture Agreement with the case pending in the Middle District of Alabama. (C.A. No. 24-582 (RAH/JTA). The lawsuits were filed after BA voted to oppose the proposed Texas bankruptcy settlement and Smith voted to approve the settlement. BA alleges, "that … Smith's motivation for [supporting the settlement] is at least in part [its] desire to alleviate [its] financial distress." First Amended Complaint at ¶ 40. On the eve of oral argument Smith served a Rule 7.1.1 Disclosure Statement. The Statement confirmed defendants' suspicion that Smith received litigation funding relating to the clients it represents in this MDL. However, Smith "does not believe that disclosure is required by Local Rule 7.1.1" and states that the filing was done "in the spirit of full disclosure."

During oral argument defendants raised a new argument as to why the requested relief is required. Citing to Birchfield's deposition testimony taken in connection with the Texas bankruptcy, defendants note that Birchfield testified that BA has not obtained litigation financing or funding for its talc clients. July 18, 2025 Transcript ("Tr.") at 12:2-10. However, defendants point out that Birchfield refused to answer whether the talc claims for which BA is representing

the individual plaintiffs act as securitization or collateralization for any financing. Id. at 12:18 to 13:11. Defendants infer from Birchfield's refusal to answer that BA's talc claims serve as collateral for the firm's loans.[2] Defendants also assume BA has non-recourse loans and that the loans fall within the ambit of Local Rule 7.1.1 requiring disclosure. Id. at 13:17 to 14:11.

BA responded to defendants' motion by again representing that it "has no litigation funding in relation to its ovarian cases." Response at 1. BA argues defendants' motion should be denied because no new material or relevant facts have come to light since the order denying defendants' first motion. BA also represents that it has not received funds from Smith's litigation funding and it "is in no way obligated to the Smith Law Firm's lenders." Declaration of P. Leigh O'Dell, Esquire at ¶¶ 7, 8. (ECF 36608-1). Smith similarly attests, "Beasley Allen has not borrowed any money from [Smith], nor does Beasley have any responsibility to repay any portion of [Smith's] loans." Decl. of Allen Smith, Esquire at ¶ 9. (ECF 36528-1).

## DISCUSSION

The SM will first address the argument in defendants' motion and then turn to defendants' new argument raised at oral argument. In short, the SM finds that no new relevant developments have been revealed to alter the SM's previous Order and, accordingly, defendants' motion will be denied.

Time and time again BA has steadfastly attested that it does not have litigation funding. Most recently during oral argument BA's counsel represented:

> The [simple] representation under the local rule, under the federal rules is, and we made this repeatedly and we repeat it here now, there is zero litigation funding that Beasley Allen has used or relied upon for any of these claims. We stand by that and there is no proof to the contrary.

---

[2] Defendants did not move to compel Birchfield to answer the question.

-4-

6955131.1

Tr. at 44:20-25. The SM finds that no good cause or reason exists to question BA's assertions or to permit defendants to discover BA's internal financial documents.

Defendants argue they should not be required to simply take Beasley Allen at their word that it has not used litigation funding for talc cases in this MDL. Brief at 13. If this reasoning is sufficient to justify finance discovery, defendants could obtain this discovery as a matter of course. The body of case law in this area does not support this result. See NantWorks, LLC v. Niantic, Inc., 2020 WL 1500011, at *2 (N.D. Cal. May 16, 2022) (quotation omitted) (fee and litigation funding agreements are only discoverable when there is a specific articulated reason to suspect bias or conflicts of interest). Defendants' reliance on MSP Recovery Claims Series, LLC v. Sanofi-Aventis U.S. LLC, 2024 WL 4100379 (D.N.J. Sept. 6, 2024), for the proposition that a defendant should always or routinely be able to test with discovery an assertion of no litigation funding on a non-resource basis is misplaced. In MSP Recovery the Court found good cause to justify discovery because the defendants produced documents suggesting that the litigation funders had "intimate involvement in Plaintiff's litigation decision-making." Id. at *6. No such evidence exists as to BA in this case despite BA's numerous depositions, hearing testimony and filings.

The developments defendants cite to in order to justify their skepticism about BA's representations does not lead the SM to reverse its earlier ruling. GOTV Streaming, LLC v. Netflix, Inc., 2023 WL 4237609, at *12 (C.D. Cal. May 29, 2023) (skepticism and mere suspicion are not proper grounds to compel discovery). The voting issues and disputes that arose in the Texas bankruptcy are far removed from the present litigation financing discovery dispute. Further, the parties' explanations as to what happened in Texas differ. BA alleges it had robust communications with its clients before it voted to reject defendants' proposed settlement.

Response at 4-6. Defendants disagree. Now is not the time or context to address tangential fact disputes not related to the merits of this action. In addition, contrary to defendants' belief, BA has proffered a reasonable explanation for why it rejected the proposed bankruptcy settlement on behalf of clients whose claims were non-compensable. Rightly or wrongly, BA did not think it was advantageous for a plaintiff to release a possible future ovarian cancer claim in exchange for a small payment. Response at 7-8. Last, the SM's reading of the letters defendants cite to do not support their contention that BA's settlement position was influenced by its concern over the payment of common benefit fees. In fact, BA's settlement objections may have delayed or possibly eliminated or materially reduced the substantial common benefit payment BA would have likely received if the MDL settled years ago.

Moving on, during oral argument defendants changed the focus of their argument. Local Rule 7.1.1(a) requires a disclosure when:

> Any person or entity that is not a party … is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the results of the litigation[.]

Defendants infer from an instruction not to answer at Birchfield's Texas deposition that BA has non-recourse loans, that talc claims are being used as collateral for the loans, and that BA's funder has a "contingent financial interest based upon the results of the litigation" that triggers a disclosure under Rule 7.1.1. However, the SM finds that no credible or persuasive evidence exists to support defendants' position. The SM will not order a Rule 7.1.1 disclosure or authorize litigation funding discovery under these circumstances. United Access Techs, Inc. v. AT&T Corp., 2020 WL 3128269, at *2. (D.Del. June 12, 2020) (citation and quotation omitted) (denying funding discovery where in the court's judgment the inquiry lies in a speculative area). The situation could be different if there was any reason to believe litigation funding was

impacting BA's settlement positions. This is not the case. BA and defendants simply have a fundamental disagreement about the merits and value of plaintiffs' claims. This is not the first nor will it be the last MDL where counsel for plaintiffs and defendants differ about the settlement value of plaintiffs' claims. Defendants' effort to portray BA as a lone wolf with regard to settlement is unavailing.[3] During oral argument two prominent attorneys who are part of plaintiffs' leadership spoke up and corroborated that BA's settlement position is supported by Plaintiffs' Steering Committee. Tr. at 45:3 to 46:20. To repeat, the fact that parties disagree about settlement values is not enough to justify a reasonable inference that a plaintiff's settlement position is being controlled, dictated or impacted by a litigator funder.

As with their first motion, defendants argue they are entitled to find out if third-party litigation funding is impacting BA's settlement decisions. However, despite Birchfield's multiple depositions and testimony at court hearings in the District Court of New Jersey, State Court in New Jersey, and Bankruptcy Courts in New Jersey and Texas, as well as multiple representations made in BA's Declarations, motion papers, and oral argument, no credible or persuasive evidence has been presented to counter BA's steadfast position that it has no litigation funding for this MDL. Nor is there evidence to counter BA's representation that its past opposition to defendants' settlement offers is motivated by anything other than its genuine interest in what is in the best interests of their clients. Defendants' disagreement does not justify discovery as to BA's litigation financing or the filing of a Rule 7.1.1 disclosure. Defendants conclude by arguing "[t]he evidence…is ample to find good cause that the interests of the parties

---

[3] Defendants argued at oral argument: "All we have been asking here in this matter, …, is what is motivating people to be taking such strident positions. And frankly, mostly focused on what is motivating Beasley Allen to take such strident positions that are so different than everyone else. And so the questions remains, what is the nature of their loans and is it impacting their decisions." Tr. at 40:17-22.

are not being protected, that conflicts of interests exist, and that disclosure is necessary. Discovery into litigation funding is therefore warranted." Brief at 14. The SM disagrees.

**CONCLUSION**

For all the foregoing reasons defendants' Motion for Litigation Finance Discovery and to Compel Compliance with Local Rule 7.1.1 will be denied.

By: *s/ Joel Schneider*
Hon. Joel Schneider (Ret.)
Special Master

Dated: July 28, 2025

6955131.1

## ORDER

AND NOW, to wit, upon consideration of defendants' Motion for Litigation Finance Discovery and to Compel Compliance with Local Rule 7.1.1; and defendants having withdrawn their motion as to the Smith law firm and Ellington; and defendants continuing to pursue their motion as to the Beasley Allen law firm; and for all the reasons stated herein,

IT IS HEREBY ORDERED this 28th day of July, 2025, that defendants' motion is DENIED.

By: *s/ Joel Schneider*
Hon. Joel Schneider (Ret.)
Special Master

Dated: July 28, 2025