UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS) |

## ORDER APPOINTING PLAINTIFFS' LEAD NEGOTIATION COUNSEL

**PRESENTLY** before the Court are applications and proposals for the appointment of a Plaintiffs' Lead Negotiation Counsel (the "PLNC") following the Court's July 17, 2025 Order Regarding the Appointment of Lead Negotiation Counsel. (*See* Doc. No. 40326). Specifically, the Court has received: an application from James G. Onder Sr. of OnderLaw, LLC for appointment as the PLNC or as a member of a Plaintiffs' Negotiation Committee (the "PNC"); a proposal by the Plaintiffs' Steering Committee (the "PSC") for the appointment of Christopher A. Seeger of Seeger Weiss LLP as the PLNC, (Doc. No. 40696); an application from R. Bryant McCulley of Ashcraft & Gerel LLP to serve as a Co-PLNC with Mr. Seeger, (Doc. No. 40697); an application from Hunter J. Shkolnik of Napoli Shkolnik PLLC to serve as a member of the PNC, (Doc. No. 40698); and a request from Christopher M. Placitella of Cohen, Placitella & Roth, P.C., to extend his role as Liaison Counsel to coordinate communications and input of the progress of mediations with counsel to the pending state court matters outside of this Multidistrict Litigation ("MDL"), (Doc. No. 40735). In response, Defendants do not object to the appointment of Mr. Seeger as PLNC and state that Jim Murdica of Barnes & Thornburg LLP is Defendants' lead

settlement counsel. (Doc. No. 40770). Defendants, however, object to the formation of a PNC and the other applications and requests.

As the parties aware, the Court exercises wide discretion in the appointment of counsel and considers the factors set forth in the *Manual for Complex Litigation, Fourth*. *See Manual for Complex Litigation, Fourth* § 10.224. The Court has reviewed the submissions and considers the applicants' respective backgrounds, skills, and prior casework and roles, to determine the appropriate designations that will facilitate an effective leadership structure for purposes of mediation and settlement negotiations.

Accordingly, on this **28th** day of **July 2025**, the Court hereby **ORDERS** as follows:

1. **Plaintiffs' Lead Negotiation Counsel** – The Court designates Christopher A. Seeger of Seeger Weiss LLP as the PLNC. The PLNC shall the have the authority to conduct and lead settlement discussions and negotiations, as well as to settle claims, on behalf of Plaintiffs. The PLNC's responsibilities shall include but are not limited to:

    A. Lead discussions and negotiations on behalf of Plaintiffs regarding settlement;

    B. Attend all mediations or settlement conferences scheduled in this MDL;

    C. Coordinate with the mediator and Defendants' lead negotiation counsel regarding mediations and settlement negotiations;

    D. Coordinate and direct the PNC, including informing the PNC, the PSC, and Liaison Counsel of the status and any progress in mediations and settlement negotiations; and

    E. Communicate with the Court as to any progress in mediation.

2.  **Plaintiffs' Negotiation Committee** – The Court finds the appointment of a small PNC will facilitate the PLNC's role and responsibilities. The Court designates R. Bryant McCulley of Ashcraft & Gerel LLP and Hunter J. Shkolnik of Napoli Shkolnik PLLC. In so designating, the Court notes the extensive experiences and leadership roles Mssrs. McCulley and Shkolnik have had in prior negotiations in this MDL as well as the efficiency to be gained in coordination among Plaintiffs' counsel by including a member of the Ashcraft & Gerel LLP firm, which has served on the PSC for many years, as well as a member from the Plaintiffs' Executive Committee. The PNC's responsibilities shall include but are not limited to:

    A.  Facilitate the PLNC in coordinating communications among Plaintiffs' counsel and soliciting and sharing Plaintiffs' respective positions towards settlement;

    B.  Providing the PLNC with negotiation historical background, if necessary, and working with the PLNC to strategize negotiations;

    C.  Communicate with Plaintiffs' counsel regarding the status and any progress in mediations and settlement negotiations; and

    D.  Other responsibilities at the direction of the PLNC or the Court that would aid the progress of mediation and settlement negotiations.

3.  The Liaison Counsel shall continue in his role and shall inform counsel in the pending New Jersey multi-county litigation ("MCL") of the status and any progress in mediations and settlement negotiations. The Liaison Counsel may inform the PNC of any respective positions held by the plaintiffs in the MCL regarding settlement of their matters.

4.  The Court, in its discretion, may amend the designations, roles, and/or responsibilities set forth herein either upon motion or *sua sponte*.

5. The appointments in this Order are personal. Accordingly, these appointees cannot be substituted by other attorneys, including members of such appointee's law firm, except with Court approval.

6. Nothing in this Order shall be construed to impair the ability of any individual Plaintiff to proceed with the prosecution, trial, and/or settlement of any individual claim, or the ability of any Defendant to assert any defense.

7. The Court finds good cause to schedule an initial mediation session, which will be held on **September 4, 2025 at 10:00 a.m.** in Courtroom 7W of the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey. The mediator, the PLNC, Defendants' lead negotiation counsel, and a representative of Defendants with authority to bind Defendants in resolution shall attend the session in person. In preparation for the initial mediation session, the PLNC shall work and coordinate with the PNC, whose members may attend the initial mediation session at the request of the PLNC. The parties shall comply with any directions given by the mediator in anticipation of the initial mediation session, including any written submissions, conference calls, or the like.

**SO ORDERED.**

*R. Singh*
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE