

# GOLOMB LEGAL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Phone: 215-985-9177
Fax: 215-985-4169
www.golomblegal.com

Richard Golomb, Esquire
rgolomb@golomblegal.com
267-535-5951

July 30, 2025

**Via ECF Only**
The Honorable Rukhsanah L. Singh
United States Magistrate Judge
United States District Court
  For the District of New Jersey
Trenton, NJ  08608

> Re:  Order Appointing Plaintiffs' Lead Negotiation Counsel (ECF 40789)
>      In Re: Johnso n & Johnson Talcum Powder Products Marketing Sales
>      Practices and Products Liability Litigation
>      Case No. 3:16-md-02738-MAS-RLS

Dear Judge Singh:

This is in response to the Court's Order of July 17, 2025 (ECF 40326) and Order Appointing Plaintiffs' Lead Negotiation Counsel (ECF 40789).

I write to you as a member of the MDL Plaintiffs' Executive Committee; co-lead in the New Jersey State Court MCL; co-liaison counsel with Mr. Seeger in the Philadelphia, Pennsylvania state court litigation; and, counsel representing more than 2,500 women and their families.

After a careful reading of Your Honor's Order of July 17, 2025 and transcript from the July 17, 2025 hearing, it was clear to me that (1) Your Honor wanted a single lead negotiator; and, (2) if a negotiation committee was to be Court appointed (rather than informally designated by the appointed lead negotiator) it would only be done, if necessary, in a separate process.  For that reason, I and others qualified to serve, did not file applications seeking appointments to a negotiating committee.

Mr. Seeger is an experienced MDL counsel who has participated in the negotiation of multiple, billion-dollar MDL settlements, and is the obvious choice, at this point, to instill "new blood" into the negotiation.  However, Mr. Seeger is new to this litigation and, by his own admission, does not have the institutional knowledge of this now twelve (12) year old litigation that has been stalled for the past four years by serial bankruptcies in various jurisdictions.

Additionally, the appointment of the negotiating committee in Your Honor's Order dated July 28, 2025, does not adequately reflect the interests of women and their estates in more than 12,000 cases currently before the Court. The two attorneys appointed to this committee previously endorsed the most recent—and unsuccessful—Johnson & Johnson bankruptcy plan.

The Honorable Rukhsanah L. Singh
July 30, 2025
Page – 2 –

Respectfully, Johnson & Johnson's proposed "pre-packaged" resolution, which attempted to dispose of approximately 50,000 legitimate ovarian cancer claims, was fundamentally deficient. The average case valuation under that proposal represented only a small fraction of the medical expenses and corresponding liens incurred by affected claimants. The plan failed to address the mechanisms for lien resolution: by whom, to what extent, and through what process such obligations would be satisfied.

Appointing attorneys who supported this inadequate plan—without also appointing attorneys from firms that opposed it, results in an imbalance that does not serve the equitable representation of all plaintiffs. As presently constituted, the committee disproportionately favors Johnson & Johnson's interests and disadvantages the Plaintiffs by including only firms that have previously indicated acceptance of Johnson & Johnson's settlement terms. I submit that a fair and effective negotiating committee must include counsel with diverse perspectives, including those who have consistently voiced opposition to Johnson & Johnson's prior inadequate settlement proposals.

This position is not held by the undersigned alone. It is shared by leading firms including Beasley Allen; Cohen, Placitella & Roth; Motley Rice; and, Levin, Sedran & Berman all of which have worked tirelessly since the inception of this MDL. These firms have tried cases to verdict and performed extensive work over the course of this decades-long litigation. Their assessment, that the prior proposed resolution was neither fair nor reasonable to their clients - reflects deep experience and active engagement with the factual and legal complexities at issue. Additionally, there are hundreds of law firms – large and small – in this litigation who did not support any of Johnson & Johnson's failed bankruptcies. On the other hand, there were less than thirty firms that supported one or more of Johnson & Johnson's bankruptcies. As mediation approaches on September 4, 2025, the Court should ensure these voices are meaningfully included in the process.

Accordingly, I respectfully urge the Court to initiate an application process that allows for broader participation and perspective in this significant matter. Such a process would furnish the Court and Mr. Seeger with more comprehensive information and a fuller range of viewpoints to consider as it evaluates the path forward.

Respectfully submitted,

Richard M. Golomb
**GOLOMB LEGAL, P.C**

RMG/dbm
*ECF Filed*