

Jessica L. Brennan
Partner
(973) 775-6120
jessica.brennan@btlaw.com

1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973) 775-6101
Fax: (973) 775-6102

www.btlaw.com

July 31, 2025

**VIA ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of NJ
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

**Re:**   *In re: Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices, and Products Liability Litigation*
Case No.: 3:16-md-02738-MAS-RLS

<u>*This Document Relates to the Cases Listed on Exhibit A*</u>

Dear Judge Shipp:

The Johnson & Johnson Defendants respectfully submit this reply to Plaintiffs' response [ECF No. 40405] to the Court's June 17, 2025 Order to Show Cause [ECF No. 38980], which was prompted by Plaintiffs' attempt to unilaterally dismiss their cases without prejudice. As explained below, Plaintiffs' notice was both procedurally improper and substantively inappropriate, and their cases should be dismissed with prejudice.

By way of background, the Johnson & Johnson Defendants entered appearances in the MDL on October 25, 2016 (Case No. 3:16-md-02738, ECF No. 7), and again in the individual case docket after each of the cases listed on Exhibit A were opened in this Court. Under Case Management Order ("CMO") No. 4 (Case No. 3:16-md-02738, ECF No. 149), once a defendant has appeared, "the requirements of Fed. R. Civ. P. 41(a) shall attach for a voluntary dismissal such that any dismissal shall occur only upon a stipulation of dismissal signed by all parties who have appeared or by Court Order after a properly noticed motion." *See* CMO No. 4. Despite Defendants having entered an appearance, Plaintiffs improperly and unilaterally filed notices of voluntary dismissal seeking to dismiss their claims without prejudice.

July 31, 2025
Page 2

Because Plaintiffs failed to obtain either Defendants' consent or leave of Court, on June 17, 2025, the Court entered an Order to Show Cause directing Plaintiffs to show cause why the cases listed on Exhibit A should not be dismissed with prejudice. Plaintiffs' July 18, 2025 show cause response demonstrates that these cases should be dismissed with prejudice. Plaintiffs acknowledge that "the ninety-seven (97) women listed in Exhibit A have not been diagnosed with ovarian or other gynecological cancers as of this time." *See* Case No. 3:16-md-02738, ECF No. 40405 at 2. This multidistrict litigation was established to address common questions of fact "brought by plaintiffs who allege that they or their decedents developed ovarian or uterine cancer following perineal application of Johnson & Johnson's talcum powder products." *See* (Case No. 3:16-md-02738, ECF No. 1). Not only do Plaintiffs' non-ovarian and non-gynecological cancer claims fall outside the scope of this MDL, but both Plaintiffs' leadership and Defendants agree that such non-ovarian cancer claims are not supported by the science and should be dismissed, and are working now with Special Master Schneider to devise a mechanism to dismiss such claims from the docket. There is no legal or factual basis for these cases to proceed, and they should be dismissed with prejudice.

Plaintiffs further argue that dismissal with prejudice may affect their ability to bring a future claim should they later be diagnosed with ovarian cancer. That concern is misplaced. The only claims subject to dismissal are those that are currently before the Court—Plaintiffs' non-ovarian or other gynecological cancer claims. If a plaintiff is later diagnosed with ovarian or uterine cancer and chooses to pursue a claim based on that new injury, such claims would not be affected by this dismissal.[1] To be clear, the Court is not being asked to rule on hypothetical or unaccrued claims that have not been pled.

This Court has already held that dismissal without prejudice is not appropriate under similar circumstances. In its August 16, 2024 decision in *Smith* (Case No. 3:17-cv-11212, ECF No. 21); *Pringle* (Case No. 3:17-cv-06766, ECF No. 20); and *Demelia* (Case No. 3:17-cv-10971, ECF No. 23), the Court held that dismissal without prejudice is not appropriate where, as here, the procedural posture of the case would force Defendants to potentially relitigate issues in a new forum, despite

---

[1] Nothing in this submission should be construed as a waiver of any defenses or argument Defendants may raise in response to any future claims.

**Barnes & Thornburg**

July 31, 2025
Page 3

Plaintiff willingly opting into this MDL. That same reasoning applies here, and there is no basis to depart from that reasoning.

      Accordingly, the Johnson & Johnson Defendants respectfully request that the Court reject Plaintiffs' notices of voluntary dismissal without prejudice and instead dismiss the cases listed in Exhibit A with prejudice.

Respectfully submitted,

/s/ *Jessica L. Brennan*

cc: All Counsel of Record (via ECF)

Barnes & Thornburg