UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS)<br><br>ORDER |

**THIS MATTER** comes before the Court upon the July 30, 2025 letter from Richard M. Golomb of Golomb Legal, P.C. regarding the Court's July 29, 2025 Order Appointing Plaintiffs' Lead Negotiation Counsel (the "PLNC") (the "PLNC Appointment Order"), (Doc. No. 40789). (Doc. No. 40913). By way of background, the Court found good cause to appoint a PLNC and, if necessary, a Plaintiffs' Negotiation Committee (the "PNC") upon consideration of Defendants' Second Motion to Remove the Beasley Allen Law Firm from the Plaintiffs' Steering Committee (the "PSC"). (*See* Doc. No. 40639 at 68:10-69:3). Upon receipt of letters from multiple Plaintiffs' firms, the Court entered the PLNC Appointment Order, appointing the PLNC and a two-member PNC.

Through his letter, Mr. Golomb seeks the Court "to initiate an application process" for the PNC in part because the PNC does not include any Plaintiffs' counsel who opposed Defendants' third bankruptcy plan. (Doc. No. 40913 at p. 1). He contends that, without such counsel, the PNC "does not adequately reflect the interests of women and their estates in more than 12,000" pending cases in this multidistrict litigation ("MDL"). (Doc. No. 40913 at p. 1).

The Court, however, disagrees. First, the two members of the PNC include an attorney at a law firm designated on the PSC and an attorney serving on the Plaintiffs' Executive Committee. In such roles, the attorneys and their respective firms have held leadership roles and coordinated

1

efforts amongst Plaintiffs' counsel and their respective clients since at least December 2016. (*See* Doc. No. 73). In the past almost nine years that this matter has been pending, the Court is unaware of any concerns that these members have failed in their obligations to pursue the diverse interests of Plaintiffs in this matter. The Court sees no reason why the currently comprised PNC cannot adequately coordinate and support the competing views held by the various Plaintiffs regarding potential resolution.

Second, the Court has charged the PNC with soliciting the views and positions of all Plaintiffs to facilitate the streamlining of communications and coordination with the PLNC. (*See* Doc. No. 40789). Nevertheless, the conflicts amongst various Plaintiffs' counsel regarding strategies for any resolution of this MDL is very evident, as shown through the recent proceedings in the third bankruptcy. As the parties are aware, on March 31, 2025, the United States Bankruptcy Court for the Southern District of Texas dismissed Defendants' third attempt to proceed to bankruptcy (styled as *In Re Red River Talc LLC*). (*See* Doc. Nos. 33426, 34027-2). In dismissing the bankruptcy, the Bankruptcy Court found, among other things, multiple and significant errors in the voting process, but declined to find Plaintiffs' counsel engaged in bad faith by committing such errors. (*See* Doc. No. 34027-2). These lapses, however, raise concerns with this Court that not all Plaintiffs are fully informed and/or able to voice their views towards any potential resolution. Indeed, if there is any settlement of the over sixty thousand claims in this MDL— which has proven elusive thus far—it is Plaintiffs themselves whose opinions will matter. As such, the Court finds good cause to amend the PLNC Appointment Order to add another responsibility of the PNC to ensure that, as Mr. Golomb suggests, all the women and their estates at the heart of this MDL are able to share their views and perspectives as to any proposed agreement-in-principle to resolve these matters.

Accordingly, for good cause shown,

**IT IS** on this **4th** day of **August 2025**

**ORDERED** that, in addition to the responsibilities identified in the PLNC Appointment Order, and in the event that the mediation process results in a proposed agreement-in-principle to resolve this matter, the PNC shall solicit feedback from Plaintiffs' counsel of their respective views and shall also propose to the Court a notice and feedback procedure by which each Plaintiff will be informed of the proposed agreement-in-principle and will have an opportunity to set forth their respective views; and it is further

**ORDERED** that no other provisions of the Court's PLNC Appointment Order are amended herein.

**SO ORDERED.**

_____
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**