# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (MAS) (RLS) |

**SURREPLY IN SUPPORT OF OPPOSITION OF NONPARTY PUBLISHER PUBLIC LIBRARY OF SCIENCE ON JURISDICTIONAL GROUNDS TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL**

*THIS DOCUMENT RELATES TO ALL CASES*

Specially Appearing for Nonparty
Publisher Public Library of Science

Bryan Cave Leighton Paisner LLP

1290 Avenue of the Americas
New York, NY 10104-3300
212-541-2000

Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070
415-675-3400

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..............................................................................................1

I. THE MDL STATUTE
    DOES NOT PROVIDE JURISDICTION OVER PLOS ...............................2

II. THE MDL STATUTE
    DOES NOT OVERRIDE AMENDED RULE 45..........................................6

CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
   2020 WL 5578428 (N.D. Fla. Feb. 18, 2020) ................................................. 4, 5

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
   2020 WL 8673437 (N.D. Fla. Nov. 18, 2020) ......................................... 7, 9, 10

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
   366 F. Supp. 3d 1368 (J.P.M.L 2019) ............................................................. 4

*In re Agent Orange Prod. Liab. Litig.*,
   818 F.2d 145 (2d Cir. 1987) ......................................................................... 2, 5

*App. to Enforce Admin. Subpoena Duces Tecum of the S.E.C. v. Knowles*,
   87 F.3d 413 (10th Cir. 1996) .......................................................................... 4

*Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*,
   2021 WL 411379 (S.D.N.Y. Feb. 5, 2021) ..................................................... 9

*In re Asbestos Prods. Liab. Litig.*,
   256 F.R.D. 151 (E.D. Pa. 2009) ...................................................................... 6

*In re Auto. Refinishing Paint*,
   229 F.R.D. 482 (E.D. Pa. 2005) ...................................................................... 5

*In re Auto Refinishing Paint Antitrust Litig.*,
   358 F.3d 288 (3d Cir. 2004) ....................................................................... 2, 5

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   2021 WL 11549921 (E.D. Pa. Oct. 7, 2021) .................................................. 8

*In re Bank of New York Mellon Corp. Forex Transactions Litig.*,
   2014 WL 2884726 (S.D.N.Y. June 26, 2014) ................................................ 8

*In re Blue Cross Blue Shield Antitrust Litig.*,
   2017 WL 11539533 (N.D. Ala. Dec. 4, 2017) ................................................ 8

*Bonnot v. Freeman Chem. Corp.*,
   343 F.2d 68 (8th Cir. 1965) ............................................................................ 6

*In re ClassicStar Mare Lease Litig.*,
  2017 WL 27455 (E.D. Ky. Jan 3, 2017) ............................................................... 8

*In re Delta Dental Antitrust Litig.*,
  509 F. Supp. 3d 1377 (J.P.M.L. 2020) ............................................................ 2, 5

*In re Disposable Contact Lens Antitrust Litig.*,
  306 F. Supp. 372 (D.D.C. 2017) ......................................................................... 8

*In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*,
  2018 WL 4302321 (D. Kan. Sept. 10, 2018) ...................................................... 8

*In re Flat Glass Antitrust Litig.*,
  288 F.3d 83 (3d Cir. 2002) .................................................................................. 8

*In re FMC Corp. Patent Litig.*,
  422 F. Supp. 1163 (J.P.M.L. 1976) ..................................................................... 2

*Fowler v. Vary*,
  2022 WL 3211638 (S.D.N.Y. Aug. 9, 2022) ...................................................... 9

*In re Generic Pharma. Pricing Antitrust Litig.*,
  2:16-md-02724-CMR Doc. 1539 (E.D. Pa. Sept. 30, 2020) ............................... 8

*Grand Entm't Grp. v. Star Media Sales, Inc.*,
  988 F.2d 476 (3d Cir. 1993) ................................................................................ 5

*Gucci Am., Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) ................................................................................ 4

*Hay Grp. v. E.B.S. Acquisition Corp.*,
  360 F.3d 404 (3d Cir. 2004) .................................................................... 1, 6, 7, 8

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  2011 WL 1232352 (S.D. Tex. Mar. 21, 2011) .................................................... 2

*In re Jan. 2021 Short Squeeze Trading Litig.*,
  580 F. Supp. 3d 1243 (S.D. Fla. 2022) .............................................................. 10

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994) ........................................................................................... 10

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
   89 F.R.D. 489 (C.D. Cal. 1981) .................................................................................. 9

*In re Monat Hair Care Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   2020 WL 1950463 (S.D. Fla. Apr. 23, 2020) ........................................................ 7, 8, 9

*In re Monitronics Int'l*,
   2014 WL 12623046 (N.D. W. Va. June 19, 2014) ........................................................ 7

*In re NHL Players' Concussion Inj. Litig.*,
   2019 WL 5079980 (D. Minn. Oct. 10, 2019) ............................................................. 2, 3

*In re NHL Players' Concussion Inj. Litig.*,
   49 F. Supp. 3d 1350 (J.P.M.L. 2014) ............................................................................ 3

*Oak Beach Inn. Corp. v. Babylon Beacon, Inc.*,
   62 N.Y.2d 158 (1984) .................................................................................................... 9

*In re Packaged Seafood Prods. Antitrust Litig.*,
   2018 WL 454440 (S.D. Cal. Jan. 17, 2018) .................................................................. 8

*U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*,
   238 F. Supp. 2d 270 (D.D.C. 2002) .............................................................................. 8

*Shaklee Corp. v. Gunnell*,
   110 F.R.D. 190 (N.D. Cal. 1986) .................................................................................. 9

*In re Subpoena Served on Affiliated Foods, Inc.*,
   2021 WL 4439796 (N.D. Tex. Sept. 28, 2021) .....................................................*passim*

*In re Syngenta AG Mir 162 Corn Litig.*,
   2017 WL 386835 (D. Kan. Jan. 27, 2017) .................................................................... 7

*In re Takata Airbag Prods. Liab. Litig.*,
   396 F. Supp. 3d 1101 (S.D. Fla. 2019) ..................................................................... 2, 3

*In re TelexFree Sec. Litig.*,
   357 F. Supp. 3d 67 (D. Mass. 2019) ......................................................................... 2, 3

*In re TelexFree Sec. Litig.*,
   357 F. Supp. 3d 78 (D. Mass. 2019) ............................................................................. 2

iv

*In re TelexFree Sec. Litig.*,
   54 F. Supp. 3d 1353 (J.P.M.L. 2014) ...................................................................3

*In re Towner Petroleum Co. Sec. Litig.*,
   1986 WL 290 (E.D. Pa. June 30, 1986) ...............................................................3

*VISX, Inc. v. Nidek Co.*,
   208 F.R.D. 615 (N.D. Cal. 2002) ......................................................................6, 7

*In re Welding Rod Prods. Liab. Litig.*,
   406 F. Supp. 2d 1064 (N.D. Cal. 2005) ............................................................6, 7

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
   2022 WL 19425937 (C.D. Cal. Apr. 18, 2022) ............................................6, 7, 9

**Statutes**

15 U.S.C. § 1 ...................................................................................................................5

28 U.S.C. § 1407 ......................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 45 .....................................................................................................*passim*

Fed. R. Evid. 501 ............................................................................................................9

**Other Authorities**

Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation,
   Transferor Courts and Transferee Courts*, 78 F.R.D. 575 (1978) ........................6

# INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") do not argue nonparty publisher Public Library of Science ("PLOS") has the contacts with New Jersey required for personal jurisdiction. Instead, it argues that no such contacts are required – and that the MDL statute divests nonparties of their due process and Rule 45 protections against being hauled into distant forums – on conflicting theories; either 28 U.S.C. § 1407 provides national jurisdiction in all circumstances or it authorizes MDL courts to hear motions to compel nonparty compliance with document-only subpoenas, without ever saying so and despite contrary language in Rule 45, then assess personal jurisdiction as if they were the compliance court. But neither theory is true, and therefore the PSC's motion must be denied.

Even as to parties, there is a difference between those sued before transfer and after. As to the latter, MDL courts assess jurisdiction based on contacts with their state, not the transferor state. The same is no less true of motions filed in the MDL to compel nonparty compliance with discovery in diversity cases (as opposed to federal question cases that use the national contacts analysis the PSC advocates).

Moreover, the PSC's interpretation of § 1407(b) to extend MDL courts' authority to document-only subpoenas conflicts with the reasoning and result of the Third Circuit decision the PSC cites – which refused to "ignor[e] the literal meaning" of a similar provision in the Federal Arbitration Act to extend it to document-only subpoenas "in the name of efficiency," *Hay Grp. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 410 (3d Cir. 2004) – and most cases decided after Rule 45 was amended to assure "local resolution" to protect "'local nonparties.'" *In re Subpoena Served on Affiliated Foods, Inc.*, 2021 WL 4439796, *4 (N.D. Tex. Sept. 28, 2021) (quoting Advisory Comm. Notes to 2013 Amendment to Rule 45).

1

I.

## THE MDL STATUTE DOES NOT PROVIDE JURISDICTION OVER PLOS

The PSC ignores that its jurisdictional argument rests on cases that do not address nonparties, *see* Reply 12-13 & nn.20, 22,[1] but rather found jurisdiction ***over the parties*** in the transferor court ***at the time of transfer*** was sufficient. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 161-63 (2d Cir. 1987) (rejecting challenge by "Appellants, members of the plaintiff class," to personal jurisdiction in MDL court because "'[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue'") (quoting *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)); *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) (quoting same).

The PSC also neglects to mention that, even with respect to parties, the rule that "'the transferee court can exercise personal jurisdiction to the same extent that the transferor court could'" only applies to parties ***prior to transfer***. *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1137 (S.D. Fla. 2019) (quoting *In re Auto Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3d Cir. 2004)); *accord, e.g., In re TelexFree Sec. Litig.*, 357 F. Supp. 3d 78, 79-80 (D. Mass. 2019); *In re NHL Players' Concussion Inj. Litig.*, 2019 WL 5079980, *2 & n.1 (D. Minn. Oct. 10, 2019); *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 2011 WL 1232352, *4 (S.D. Tex. Mar. 21, 2011).

That is because it is "well established that '[i]n an MDL case, personal jurisdiction *is derived from the transferor court*.'" *In re TelexFree Sec. Litig.*, 357 F. Supp. 3d 67, 68-69 (D. Mass. 2019). Consequently, personal jurisdiction with

---

[1] Page citations to the Reply are to the ECF pagination at the top of the page. Unless otherwise noted, citations to quotations within quotations are omitted, emphases in ***bold italics*** are added and those in *italics* were in the original.

2

respect to parties added *after transfer* – and who were not "named as a party nor served process in any of the cases that were transferred … as part of the MDL" – is measured by their contacts, or lack thereof, *with the transferee forum*. *Id.* at 69 (dismissing action against defendant added to amended complaint filed in the MDL for lack of personal jurisdiction in the transferee forum of Massachusetts even though the defendant was "a Georgia Corporation, with a principal place of business in Georgia," and the MDL included cases transferred from Georgia[2]); *see, e.g., In re Towner Petroleum Co. Sec. Litig.*, 1986 WL 290, *10 (E.D. Pa. June 30, 1986) (when defendants sought leave to file third-party claims in the MDL, the MDL court assessed whether it had jurisdiction over third-party defendants "in this district," and only also in the transferor districts "[i]n light of the possibility that these cases may be transferred back to the respective original districts for trial").

The same rule applies to cases directly filed into the MDL even as to defendants also sued in the transferred cases: "when a defendant does not consent to personal jurisdiction in a directly filed suit, any alleged defects in personal jurisdiction are analyzed by examining defendant's contacts with the MDL forum." *In re NHL*, 2019 WL 5079980 at *2 n.1 & *4 (dismissing direct-filed case against the National Hockey League for lack of personal jurisdiction in MDL forum even though "the NHL is headquartered in New York" and the MDL included cases against the NHL transferred from New York[3]); *accord, e.g., In re Takata*, 396 F. Supp. 3d at 1137 ("for the Transferor Actions, the Court must determine whether the transferor district courts had general jurisdiction over the corresponding Domestic Defendants; and for the Direct-File Actions, the Court must determine

---

[2] *In re TelexFree Sec. Litig.*, 54 F. Supp. 3d 1353 (J.P.M.L. 2014).

[3] *In re NHL Players' Concussion Inj. Litig.*, 49 F. Supp. 3d 1350 (J.P.M.L. 2014).

whether *it* can exercise general jurisdiction over the Domestic Defendants").

It necessarily follows that this rule also applies to subpoenas issued to nonparties after cases are transferred into the MDL, at least in diversity cases. That is exactly what the MDL court did in denying a motion to compel for lack of personal jurisdiction in the ***only*** MDL case cited to this Court on the jurisdictional issue that involved a subpoena to a nonparty where, as here, subject matter jurisdiction rested on diversity. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 5578428, *7 (N.D. Fla. Feb. 18, 2020) ("*3M I*").

The PSC claims *3M I* is "distinguishable" because it involved a subpoena to a "foreign nonpart[y]" over which "'Plaintiffs do not allege the Court has personal jurisdiction.'" Reply 12 n.19 (quoting 2020 WL 5578428 at *7). But that argument is misleading because it omits the critical point.

None of the "eight actions in four districts" transferred into the MDL started in Florida, and instead came from California, Minnesota, Oklahoma and Texas. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1369-70 (J.P.M.L 2019). The MDL court did not look to see if jurisdiction existed in those forums. Instead, the MDL court in Florida held it "must … determine if jurisdiction can be obtained under Florida's long-arm statute" and "whether [the subpoenaed entity] has 'sufficient minimum contacts' with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *3M I*, 2020 WL 5578428 at *7.

The *3M I* court also found "instructive" in the MDL context the same non-MDL cases cited by PLOS that applied a test for jurisdiction over nonparties "'focusing on the connection between the nonparty's contacts with the forum and

4

the discovery order at issue.'" *Id.* (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141-42 (2d Cir. 2014) (citing *App. to Enforce Admin. Subpoena Duces Tecum of the S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996)).

But the court concluded it "need not delve into this analysis" because Plaintiffs there – like the PSC here – failed to carry their "initial burden of proving personal jurisdiction" by "not alleg[ing facts showing] the Court has personal jurisdiction" under this test over the nonparty. *Id.* at *7 & n.5.

The reasoning and result in *3M I* is consistent with the other decision holding that an MDL "court must have personal jurisdiction over a nonparty witness in order to compel it to comply," *In re Auto. Refinishing Paint*, 229 F.R.D. 482, 487 (E.D. Pa. 2005). In that case, subject matter jurisdiction did not rest on diversity but instead federal question because the underlying cases alleged antitrust violations of the Sherman Act, 15 U.S.C. § 1. *Id.* at 484. "[I]n a federal court action arising under federal law, the proper forum for assessing minimum contacts is the United States as a whole," *id.* at 487, and the Court found the subpoenaed entity had minimum contacts with the United States. *Id.* at 491.

But had the underlying cases sounded in diversity, as they do here, the Court recognized it could "exercise personal jurisdiction only 'to the extent permissible under the state law of the jurisdiction where the court sits.'" *Id.* at 487 (quoting *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 481 (3d Cir. 1993)).[4]

---

[4] The PSC quotes a footnote in an earlier decision in the *Auto. Refinishing Paint* case observing "'"the transferee court can exercise personal jurisdiction to the same extent that the transferor court could."'" Reply 12 & n.20 (quoting *Delta Dental*, 509 F. Supp. 3d at 1379) (quoting *Auto. Refinishing Paint*, 358 F.3d at 297 n.11). But the Third Circuit was reviewing a finding of jurisdiction over **foreign defendants in a federal question MDL sued prior to transfer**. 358 F.3d at 290-91.

5

## II.

## THE MDL STATUTE DOES NOT OVERRIDE AMENDED RULE 45

The PSC's jurisdictional argument rests on reading the MDL statute as depriving nonparties of their protections under due process and Rule 45. But "statutes extending jurisdiction over nonresidents must be strictly construed." *Bonnot v. Freeman Chem. Corp.*, 343 F.2d 68, 71 (8th Cir. 1965). The PSC's construction of the MDL statute is anything but strict, and it cannot be reconciled with the Third Circuit's rejection of a similar construction of the FAA.

"[T[he plain language of Rule 45 clearly provides that a party moving to compel compliance with a subpoena for documents *must* file that motion in the district where compliance is required." *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19425937, *6 (C.D. Cal. Apr. 18, 2022) (MDL court denying motion to compel nonparty compliance "for lack of jurisdiction"); *accord, e.g., VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002).

In contrast, the MDL statute only "grants district court judges in transferee courts the 'powers of a district court judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.'" *In re Asbestos Prods. Liab. Litig.*, 256 F.R.D. 151, 153 (E.D. Pa. 2009) (quoting 28 U.S.C. § 1407(b)); *see* Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 580 (1978) ("In carrying out the Section 1407 pretrial program, a transferee judge also is empowered to serve as a deposition judge in any federal district.").

The PSC relies on cases that ignore the limiting language in § 1407 on the theory that extending it to "encompass document production subpoenas" furthers "the purpose of the [MDL] statute." *In re Asbestos Prods.*, 256 F.R.D. at 154.

6

But the Third Circuit rejected this form of statutory interpretation in holding a provision allowing arbitrators to command witnesses to appear with documents did not authorize compelling them only "to produce documents." *Hay*, 360 F.3d at 406. Although allowing arbitrators "to require non-parties to produce documents without also subpoenaing them to appear" may be "preferable on policy grounds," and other courts held the FAA "implies th[at] power," *id.* at 408-09, the Third Circuit refused because "a court's policy preferences cannot override the clear meaning of a statute's text." *Id.* at 406 ("'not find[ing] the reasoning of the courts adopting the "majority view" persuasive, because they ignore a textual analysis … and, instead, base their result on policies they find to underlie'" a statute)).

When "'a statute's text is clear,'" it must be followed unless doing so would "'lead to an absurd result.'" *Id.* Here, as in *Hay*, it does not. Rule 45 "can be reconciled with Section 1407(b)'s limited grant of authority in MDL cases for conducting pretrial depositions," *In re Monat Hair Care Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2020 WL 1950463, *2 (S.D. Fla. Apr. 23, 2020), especially since "Rule 45 was amended in 2013 to include subsection (f)," which allows "the court where compliance is required to transfer subpoena-related motions to the court where the underlying action is pending." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 8673437, *4 (N.D. Fla. Nov. 18, 2020) ("*3M II*").

Indeed, since 2013 the "'overwhelming majority of courts'" – to borrow a phrase from the Reply 6-7 & 10 – have found subpoena motions in the MDL were "filed in the wrong court," *In re Syngenta AG Mir 162 Corn Litig.*, 2017 WL 386835, *1 (D. Kan. Jan. 27, 2017); *In re Monitronics Int'l*, 2014 WL 12623046 (N.D. W. Va. June 19, 2014), and that the PSC's "policy considerations do not support an expansive reading of § 1407(b) in view of the 2013 amendments to

7

Rule 45." *3M II*, 2020 WL 8673437 at *4; *ZF-TRW*, 2022 WL 19425937 at *5-6; *In re Subpoena*, 2021 WL 4439796 at *3 (refusing to follow PSC's pre-amendment Fifth Circuit case);[5] *Monat Hair Care*, 2020 WL 1950463 at *2; *In re Packaged Seafood Prods. Antitrust Litig.*, 2018 WL 454440 (S.D. Cal. Jan. 17, 2018); *In re ClassicStar Mare Lease Litig.*, 2017 WL 27455, *1 & n.4 (E.D. Ky. Jan 3, 2017); *see In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 372, 378 (D.D.C. 2017) (granting transfer under Rule 45(f) after MDL court held it lacked authority).

The PSC cites only two cases on Westlaw that adhere to the pre-2013 reading of § 1407 despite the amendments, and another not in a computer database. But ***none*** addressed the new transfer procedure in subsection (f), two misstated or did not discuss the amendment to subsection (d), *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, 2018 WL 4302321, *3 (D. Kan. Sept. 10, 2018); *In re Generic Pharma. Pricing Antitrust Litig.*, 2:16-md-02724-CMR Doc. 1539 (E.D. Pa. Sept. 30, 2020), and the third involved a deposition and document subpoena. *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 11539533 (N.D. Ala. Dec. 4, 2017).[6]

---

[5] The PSC mistakenly claims "section 1407" did not apply in this case. Reply 11. But the parties viewed it as "included in [the] MDL order," and the compliance court held it "cannot and does not interpret Section 1407 to mandate transfer of the [m]otion … to the MDL court." *In re Subpoena*, 2021 WL 4439796 at *4.

[6] Two cases cited by the PSC did not even mention the 2013 amendments to Rule 45. *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 2014 WL 2884726 (S.D.N.Y. June 26, 2014); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2021 WL 11549921 (E.D. Pa. Oct. 7, 2021). The latter also misstated two Third Circuit cases. *Id.* at *4 nn.42-43. One concerned "subpoenae *duces tecum* … for depositions and documents," so its dicta was consistent with § 1407(b). *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 86 & n.12 (3d Cir. 2002). The other, *Hay*, involved the statute giving arbitrators the same authority to compel testimony and related documents that § 1407 gives MDL courts over depositions, which includes "'production of documents at a deposition.'" *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 275 (D.D.C. 2002).

It is thus the PSC that "ignore[s] both the statutory purpose of section 1407 and the historical development of Rule 45." Reply 10. It overlooks that pre-amendment cases were decided under "'a now-outdated version of Rule 45 that did not include the "place of compliance" language for enforcement." *ZF-TRW*, 2022 WL 19425937 at *4 & *6. It overlooks that "Rule 45 did not authorize the use of a documents only subpoena until 1991" means the "term 'pretrial depositions'" in § 1407 could not have included "the production of documents by subpoena without a corresponding deposition." *3M II*, 2020 WL 86734337 at *3. It overlooks that "MDL proceedings are no more undermined than every other federal court proceeding which must adhere to Rule 45's dictates." *Monat Hair Care*, 2020 WL 1950463 at *2. It overlooks that Congress could have revised § 1407(b) when it amended Rule 45, or "added" to Rule 45(f) "that, in a subpoena that is a part of MDL litigation, a court must transfer a motion … to the MDL court." *In re Subpoena*, 2021 WL 4439796 at *3. "Congress chose not to do so." *Id.*

Most importantly, it overlooks Rule 45 was amended "[t]o 'protect local nonparties'" by "'assur[ing] … local resolution of disputes about subpoenas.'" *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, 2021 WL 411379, *2 (S.D.N.Y. Feb. 5, 2021) (quoting F.R.C.P. 45 Adv. Comm. Note to 2013 Amendment).[7]

---

[7] Local resolution is important because, *inter alia*, the PSC continues to contend California's Shield Law cannot apply in federal court, despite California federal courts' repeated recognition **over four decades** that it **does apply** under Federal Rule of Evidence 501, *Shaklee Corp. v. Gunnell*, 110 F.R.D. 190, 192 (N.D. Cal. 1986), regardless of whether it only "immunize[s] journalists from being held in contempt." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 489, 495 (C.D. Cal. 1981). The PSC grounds its contention not on a federal case from California, but a case in New York applying that state's shield law, but not California's, under Rule 501, *Fowler v. Vary*, 2022 WL 3211638 (S.D.N.Y. Aug. 9, 2022), even though it also offers only an "'[e]xemption … from contempt.'" *Oak Beach Inn. Corp. v. Babylon Beacon, Inc.*, 62 N.Y.2d 158, 166 (1984).

9

Consequently, the policies underlying Rule 45 and § 1407 can both be accommodated only by requiring MDL parties to move to compel production in the compliance court and move to transfer to the MDL court under Rule 45(f) if "exceptional circumstances" overweigh the "interest in local resolution." *In re Subpoena*, 2021 WL 4439796 at *4-5. "The consistency and efficiency of resolving subpoena-related motions in the MDL court is more appropriately considered under Rule 45(f) than as a basis to attempt to invoke the MDL court's jurisdiction in the first instance under § 1407(b)." *3M II*, 2020 WL 8673437 at *4.

## CONCLUSION

The PSC could have avoided this problem by filing its motion in California, then trying to transfer it under Rule 45(f). But instead plaintiffs attempted "'to make an end run around the proper procedural framework.'" *In re Jan. 2021 Short Squeeze Trading Litig.*, 580 F. Supp. 3d 1243, 1254 (S.D. Fla. 2022). Even if "they 'thought they were achieving efficiencies' by direct filing," *id.*, they deprived this District of the power to proceed because "'[f]ederal courts are courts of limited jurisdiction[.]'" *Id.* (dismissing for lack of subject matter jurisdiction) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). PLOS therefore respectfully submits that the PSC's motion to compel should be denied.

Respectfully Submitted,                    Dated: August 11, 2025

BRYAN CAVE LEIGHTON PAISER LLP

*/s/ Chris LaRocco*
Chris LaRocco                               Roger Myers
1290 Avenue of the Americas                 Three Embarcadero Center, 7th Floor
New York, NY 10104-3300                     San Francisco, CA 94111-4070
chris.larocca@bclplaw.com                   roger.myers@bclplaw.com
212-541-2000                                415-675-3400

Specially Appearing for Nonparty Publisher Public Library of Science

10

## CERTIFICATE OF SERVICE

I, Chris LaRocco, Esq., hereby certify on this 11th day of August 2025 that a true and correct copy of the **SURREPLY IN SUPPORT OF OPPOSITION OF NONPARTY PUBLISHER PUBLIC LIBRARY OF SCIENCE ON JURISDICTIONAL GROUNDS TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL** was electronically filed with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all counsel of record.

*/s/ Chris LaRocco*
Chris LaRocco, Esq.