

Jessica L. Brennan
Partner
(973) 775-6120
jessica.brennan@btlaw.com

1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973) 775-6101
Fax: (973) 775-6102

www.btlaw.com

August 25, 2025

**VIA ECF**

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of NJ
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
Case No.: 3:16-md-02738-MAS-RLS

Dear Judge Singh:

      Defendants Johnson & Johnson and LLT Management LLC (hereafter, "Defendants") write pursuant to Local Rule 37.1(a)(1) to respectfully request leave to file a motion for protective order pursuant to Federal Rules of Civil Procedure 26(c) to preclude the deposition of Dr. Barry I. Castleman, noticed by the Plaintiffs' Steering Committee for September 3, 2025. ECF No. 41464 at 1. The parties have met and conferred by email and Zoom and agree that this dispute cannot be resolved without the Court's assistance.

      The notice is improper for two reasons. *First*, both fact and expert discovery have long since closed under the Court's scheduling orders, and Plaintiffs themselves have urged that this MDL proceed without further delay to bellwether trials beginning in late 2025 or early 2026. Their attempt to insert a new witness at this stage would do precisely the opposite—compromising both the finality and timeliness that the Court's directives were meant to ensure. *Second*, Plaintiffs seek to rebrand Dr. Castleman as a "fact witness" in this MDL, likely based on a few letters he exchanged with Johnson & Johnson representatives in the 1970s, even though in other asbestos litigations he has invariably been offered by plaintiffs as an expert on historical state-of-knowledge issues. This maneuver is not about eliciting factual testimony but about sidestepping the Court's Rule 702 gatekeeping function and reviving expert discovery that closed long ago.

# BACKGROUND

Dr. Castleman possesses a Bachelor of Science in Chemical Engineering, a Master of Science in Environmental Engineering, and a Doctor of Science in Health Policy, all from Johns Hopkins University. *See* Ex. A, Castleman CV (current as of Oct. 30, 2022). He has authored numerous peer-reviewed articles and is the author of a book entitled Asbestos: Medical and Legal Aspects, which was originally published in 1984, and is now in its fifth edition. *Id.* Over the course of his career, Dr. Castleman has testified in more than **300** asbestos cases nationwide. *Krik v. Crane Co.*, 71 F. Supp. 3d 784, 787 (N.D. Ill. 2014); *see also* Ex. B, Castleman CV (listing deposition and trial appearances from 1994 through 2011). In those proceedings, plaintiffs typically seek to admit Dr. Castleman as an expert[1] on the historical state of knowledge regarding the health risks of asbestos. *See e.g.*, *Krik*, 71 F. Supp. 3d at 788 (plaintiff sought to admit Dr. Castleman "as an expert in order to explain the historical development of knowledge of the health hazards of asbestos" (internal quotation marks omitted)); *Johnson v. Edward Orton, Jr. Ceramic Found.*, No. 19-CV-06937, 2021 WL 5493231, at *3 (N.D. Ill. Nov. 23, 2021) (plaintiff sought to "offer Dr. Castleman to testify on the development of the awareness of the hazards of asbestos in the scientific and technical community" (internal quotation marks omitted)). In addition to his research and published writings, Dr. Castleman exchanged several letters with Johnson & Johnson personnel in the 1970s while he was a graduate student seeking information about talc. *See* Ex. C, Castleman Dep. Except 32:19–33:7 (Aug. 5, 2025).

Against this backdrop, it bears emphasis that both fact and expert discovery have long since closed by order of the Court. Pursuant to the Court's March 3, 2021 Order, fact discovery was to be completed by May 14, 2021. ECF No. 17833 at 3. More recently, the Court's February 9, 2024 Order extended certain expert-related deadlines only, requiring completion of depositions of Plaintiffs' expert witnesses by April 9, 2024. ECF No. 24371 at 1. Defendants were then required to serve their expert reports by May 21, 2024. *Id.* Depositions of Defendants' experts were to be completed by July 2, 2024. *Id.* at 2. Finally, dispositive and Rule 702 motions were to be filed by July 23, 2024, with briefing to conclude by September 12, 2024. *Id.* Those deadlines have now passed, and discovery is closed. The pending motions are currently before Special Master Judge Wolfson, and the Court is preparing for bellwether trials scheduled to begin in early 2026.

---

[1] Defendants do not concede that Dr. Castleman is an expert in any subject matter and expressly reserve all rights and objections.

Barnes & Thornburg

## LEGAL STANDARD

Rule 26(c) empowers the Court, for good cause, to enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As relevant here, "Rule 26(c) grants nonproducing parties standing to move for a protective order." *Doe v. Princeton Univ.*, 349 F.R.D. 92, 97 (D.N.J. 2025) (quoting *Contour Data Sols. LLC v. Gridforce Energy Mgmt., LLC*, 2022 WL 3907530, at *2 (E.D. Pa. July 25, 2022). If the moving party demonstrates good cause, the Court may issue an order "forbidding the disclosure or discovery" altogether. Fed. R. Civ. P. 26(c)(1)(A).

"A court may issue such an order where the discovery requests are untimely." *Telford Borough Auth. v. United States Env't Prot. Agency*, No. 12-CV-6548, 2021 WL 5495765, at *3 (E.D. Pa. Nov. 23, 2021). Ultimately, "Rule 26(c) endows a court with 'broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required.'" *United States ex rel. Salomon v. Wolff*, No. 17CV5456 (EP) (CLW), 2023 WL 6058833, at *3 (D.N.J. Sept. 18, 2023) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## ARGUMENT

At this late stage in the litigation, Plaintiffs' attempt to depose Dr. Castleman is plainly improper. Good cause exists to prohibit the deposition for at least two independent reasons.

*First*, Plaintiffs' noticed deposition of Dr. Castleman is blatantly untimely. "The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984). A party is "not entitled to information that is the subject of an untimely discovery request," which that party "could have sought easily earlier in the discovery period." *Whitman v. Proconex, Inc.*, No. CIV.A. 08-2667, 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009). Indeed, courts routinely issue protective orders barring depositions noticed after the discovery cutoff date. *See, e.g.*, *Geness v. Cox*, 902 F.3d 344, 357 n.9 (3d Cir. 2018) (holding district court did not abuse its discretion in granting protective order precluding deposition where plaintiff sought to depose witness after discovery deadline); *DelPalazzo v. Horizon Grp. Holding, LLC*, No. CV 19-5682-KSM, 2021 WL 1546229, at *2 (E.D. Pa. Apr. 20, 2021)

Barnes & Thornburg

(granting protective order where plaintiff sought to depose witnesses after fact discovery deadline).

This MDL has been pending since 2016. Fact discovery closed in May 2021 and expert discovery closed in July 2024. ECF Nos. 17833, 24371. Those deadlines have long since passed, and the parties are now engaged in Rule 702 proceedings before Special Master Judge Wolfson and approaching the first MDL bellwether trial. Plaintiffs repeatedly urge this Court to move this matter toward trial, yet their eleventh-hour effort to reopen discovery would do precisely the opposite. Allowing such a deposition would not only undercut the finality of the Court's orders, but also reward delay tactics that frustrate—rather than advance—the resolution of this matter.

*Second*, to try to get around this problem, Plaintiffs claim that Dr. Castleman is a fact witness, not an expert witness. *See* Ex. D, Email Communication (Plaintiffs' counsel claiming that "Dr. Castleman is a fact witness, not an expert"). As a hook, they are presumably relying on the fact that Dr. Castleman exchanged letters with Johnson & Johnson personnel in the 1970s when he was a graduate student—though they never informed Defendants of their basis for claiming he is a fact witness. But as a threshold issue, expert *and* fact discovery are closed, so his status as a fact or expert witness is irrelevant. Additionally, they are attempting to use the thinnest reed—a few letters—to evade the expert disclosure requirements and this Court's gatekeeping function.

In hundreds of asbestos cases nationwide, Dr. Castleman has almost always been proffered by plaintiffs as an asbestos historian, and, where permitted, has testified in that capacity as an expert. He is not a family member of any Plaintiff, he has never worked for Johnson & Johnson or in any role connected to the design, testing, or sale of Johnson's Baby Powder, and he is not a treating or consulting physician who provided care to any Plaintiff—nor does he fall into any other category of witness who could conceivably possess personal, first-hand knowledge relevant to Plaintiffs' asbestos claims. The existence of decades-old correspondence does not alter this reality and cannot convert him into a fact witness under Rule 26; it is instead a transparent effort to evade the gatekeeping scrutiny of Rule 702 and to inject expert opinions into the case after discovery has closed.[2] Their effort to

---

[2] What is more, Plaintiffs never identified him in their Rule 26(a)(1) initial disclosures as a fact witness, *see* Ex. E, Initial Fact Disclosure, or in their Rule

Barnes & Thornburg

rebrand him now not only mischaracterizes the extent of his personal knowledge but also underscores the impropriety of their attempted deposition.

## CONCLUSION

For these reasons, Defendants respectfully request leave to file a motion for protective order to preclude the deposition of Dr. Castleman.

Respectfully submitted,

*/s/ Jessica L. Brennan*

Encl: (Exhibits A–F)
CC: All Counsel of Record (via ECF)

---

26(a)(2) disclosures as an expert, *see* Ex. F, Initial Expert Disclosure. Nor did they ever supplement those disclosures to add him, as required by Rule 26(e).

Barnes & Thornburg