**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 3:16-md-02738-MAS-RLS |

**DEFENDANTS JOHNSON & JOHNSON AND LLT MANAGEMENT, LLC'S
BRIEF IN SUPPORT OF THE MOTION FOR PROTECTIVE ORDER PRECLUDING
<u>THE DEPOSITION OF DR. BARRY I. CASTLEMAN</u>**

# TABLE OF CONTENTS

**Page**

BACKGROUND ............................................................................................................. 1

LEGAL STANDARD..................................................................................................... 3

ARGUMENT .................................................................................................................. 3

CONCLUSION............................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Contour Data Sols. LLC v. Gridforce Energy Mgmt., LLC*,
    2022 WL 3907530 (E.D. Pa. July 25, 2022)..............................................................................3

*DelPalazzo v. Horizon Grp. Holding, LLC*,
    No. CV 19-5682-KSM, 2021 WL 1546229 (E.D. Pa. Apr. 20, 2021) ......................................4

*Doe v. Princeton Univ.*,
    349 F.R.D. 92 (D.N.J. 2025)......................................................................................................3

*Geness v. Cox*,
    902 F.3d 344 (3d Cir. 2018).......................................................................................................4

*Johnson v. Edward Orton, Jr. Ceramic Found.*,
    No. 19-CV-06937, 2021 WL 5493231 (N.D. Ill. Nov. 23, 2021) .............................................2

*Krik v. Crane Co.*,
    71 F. Supp. 3d 784 (N.D. Ill. 2014) ...........................................................................................2

*United States ex rel. Salomon v. Wolff*,
    No. 17CV5456 (EP) (CLW), 2023 WL 6058833 (D.N.J. Sept. 18, 2023)................................3

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984).....................................................................................................................3

*Telford Borough Auth. v. United States Env't Prot. Agency*,
    No. 12-CV-6548, 2021 WL 5495765 (E.D. Pa. Nov. 23, 2021) ...............................................3

*Whitman v. Proconex, Inc.*,
    No. CIV.A. 08-2667, 2009 WL 113740 (E.D. Pa. Jan. 14, 2009)............................................4

*Whittaker Corp. v. Execuair Corp.*,
    736 F.2d 1341 (9th Cir. 1984) ...................................................................................................4

**Rules**

Fed. R. Civ. P. 26.............................................................................................................................3

Defendants Johnson & Johnson and LLT Management LLC (hereafter, "Defendants") respectfully move pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding the deposition of Dr. Barry I. Castleman, noticed by the Plaintiffs' Steering Committee. ECF No. 41464 at 1. The notice is improper for two independent reasons.

*First*, both fact and expert discovery have long since closed under the Court's scheduling orders, and Plaintiffs themselves have urged that this MDL proceed without further delay to bellwether trials beginning in late 2025 or early 2026. Their attempt to insert a new witness at this stage would do precisely the opposite—compromising both the finality and timeliness that the Court's directives were meant to ensure.

*Second*, Plaintiffs seek to rebrand Dr. Castleman as a "fact witness" in this MDL, likely based on a few letters he exchanged with Johnson & Johnson representatives in the 1970s, even though in other asbestos litigations he has invariably been offered by plaintiffs as an expert on historical state-of-knowledge issues. This maneuver is not about eliciting factual testimony but about sidestepping the Court's Rule 702 gatekeeping function and reviving expert discovery that closed long ago.

For these reasons, the Court should grant Defendants' motion and enter a protective order precluding the deposition of Dr. Barry I. Castleman and preventing this improper end-run around Rule 702.

## BACKGROUND

Dr. Castleman possesses a Bachelor of Science in Chemical Engineering, a Master of Science in Environmental Engineering, and a Doctor of Science in Health Policy, all from Johns Hopkins University. *See* Ex. A, Castleman CV (current as of Oct. 30, 2022). He has authored numerous peer-reviewed articles and is the author of a book entitled Asbestos: Medical and Legal

Aspects, which was originally published in 1984, and is now in its fifth edition. *Id.* Over the course of his career, Dr. Castleman has testified in more than **300** asbestos cases nationwide. *Krik v. Crane Co.*, 71 F. Supp. 3d 784, 787 (N.D. Ill. 2014); *see also* Ex. B, Castleman CV (listing deposition and trial appearances from 1994 through 2011).

In those proceedings, plaintiffs have sought to admit Dr. Castleman as an expert[1] on the historical state of knowledge regarding the health risks of asbestos. *See e.g.*, *Krik*, 71 F. Supp. 3d at 788 (plaintiff sought to admit Dr. Castleman "as an expert in order to explain the historical development of knowledge of the health hazards of asbestos" (internal quotation marks omitted)); *Johnson v. Edward Orton, Jr. Ceramic Found.*, No. 19-CV-06937, 2021 WL 5493231, at *3 (N.D. Ill. Nov. 23, 2021) (plaintiff sought to "offer Dr. Castleman to testify on the development of the awareness of the hazards of asbestos in the scientific and technical community" (internal quotation marks omitted)). In addition to his research and published writings, Dr. Castleman exchanged several letters with Johnson & Johnson personnel in the 1970s while he was a graduate student seeking information about talc. *See* Ex. C, Castleman Dep. Excerpt 32:19–33:7 (Aug. 5, 2025).

Against this backdrop, it bears emphasis that both fact and expert discovery have long since closed by order of the Court. Pursuant to the Court's March 3, 2021 Order, fact discovery was to be completed by May 14, 2021. ECF No. 17833 at 3. More recently, the Court's February 9, 2024 Order extended certain expert-related deadlines only, requiring completion of depositions of Plaintiffs' expert witnesses by April 9, 2024. ECF No. 24371 at 1. Defendants were then required to serve their expert reports by May 21, 2024. *Id.* Depositions of Defendants' experts were to be completed by July 2, 2024. *Id.* at 2. Finally, dispositive and Rule 702 motions were to be filed by

---

[1] Defendants do not concede that Dr. Castleman is an expert in any subject matter and expressly reserve all rights and objections.

July 23, 2024, with briefing to conclude by September 12, 2024. *Id.* Those deadlines have now passed, and discovery is closed. The pending motions are currently before Special Master Judge Wolfson (ret.), and the Court is preparing for bellwether trials scheduled to begin in early 2026.

## LEGAL STANDARD

Rule 26(c) empowers the Court, for good cause, to enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As relevant here, "Rule 26(c) grants nonproducing parties standing to move for a protective order." *Doe v. Princeton Univ.*, 349 F.R.D. 92, 97 (D.N.J. 2025) (quoting *Contour Data Sols. LLC v. Gridforce Energy Mgmt., LLC*, 2022 WL 3907530, at *2 (E.D. Pa. July 25, 2022)). If the moving party demonstrates good cause, the Court may issue an order "forbidding the disclosure or discovery" altogether. Fed. R. Civ. P. 26(c)(1)(A).

"A court may issue such an order where the discovery requests are untimely." *Telford Borough Auth. v. United States Env't Prot. Agency*, No. 12-CV-6548, 2021 WL 5495765, at *3 (E.D. Pa. Nov. 23, 2021). Ultimately, "Rule 26(c) endows a court with 'broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required.'" *United States ex rel. Salomon v. Wolff*, No. 17CV5456 (EP) (CLW), 2023 WL 6058833, at *3 (D.N.J. Sept. 18, 2023) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## ARGUMENT

At this late stage in the litigation, Plaintiffs' attempt to depose Dr. Castleman is improper. Good cause exists to prohibit the deposition for at least two independent reasons.

*First*, Plaintiffs' noticed deposition of Dr. Castleman is blatantly untimely. "The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence

3

and to assure them adequate time to prepare immediately before trial." *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984). A party is "not entitled to information that is the subject of an untimely discovery request," which that party "could have sought easily earlier in the discovery period." *Whitman v. Proconex, Inc.*, No. CIV.A. 08-2667, 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009). Indeed, courts routinely issue protective orders barring depositions noticed after the discovery cutoff date. *See, e.g.*, *Geness v. Cox*, 902 F.3d 344, 357 n.9 (3d Cir. 2018) (holding district court did not abuse its discretion in granting protective order precluding deposition where plaintiff sought to depose witness after discovery deadline); *DelPalazzo v. Horizon Grp. Holding, LLC*, No. CV 19-5682-KSM, 2021 WL 1546229, at *2 (E.D. Pa. Apr. 20, 2021) (granting protective order where plaintiff sought to depose witnesses after fact discovery deadline).

This MDL has been pending since 2016. Fact discovery closed in May 2021 and expert discovery closed in July 2024. ECF Nos. 17833, 24371. Those deadlines have long since passed, and the parties are now engaged in Rule 702 proceedings before Special Master Judge Wolfson and approaching the first MDL bellwether trial. Plaintiffs have repeatedly urged this Court to move this matter toward trial, yet their eleventh-hour effort to reopen discovery to depose a new "expert" witness – while Rule 702 motions are under review and trial preparation is underway – would do precisely the opposite. Allowing this untimely deposition would not only undercut the finality of the Court's orders but also reward delay tactics that frustrate—rather than advance—the resolution of this matter.

*Second*, to try to get around this problem, Plaintiffs claim that Dr. Castleman is a fact witness, not an expert witness. *See* Ex. D, Email Communication (Plaintiffs' counsel claiming that "Dr. Castleman is a fact witness, not an expert"). As a hook, they are presumably relying on the fact that Dr. Castleman exchanged letters with Johnson & Johnson personnel in the 1970s when

4

he was a graduate student—though they never informed Defendants of their basis for claiming he is a fact witness. But as a threshold issue, expert *and* fact discovery are closed, so his status as a fact or expert witness is irrelevant. Additionally, they are attempting to use the thinnest reed—a few letters—to evade the expert disclosure requirements and this Court's gatekeeping function.

In hundreds of asbestos cases nationwide, Dr. Castleman has almost always been proffered by plaintiffs as an asbestos historian, and, where permitted, has testified in that capacity as an expert. He is not a family member of any Plaintiff, he has never worked for Johnson & Johnson or in any role connected to the design, testing, or sale of Johnson's Baby Powder, and he is not a treating or consulting physician who provided care to any Plaintiff—nor does he fall into any other category of witness who could conceivably possess personal, first-hand knowledge relevant to Plaintiffs' asbestos claims. The existence of decades-old correspondence does not alter this reality and cannot convert him into a fact witness under Rule 26; it is instead a transparent effort to evade the gatekeeping scrutiny of Rule 702 and to inject expert opinions into the case after discovery has closed.[2] Their effort to rebrand him now not only mischaracterizes the extent of his personal knowledge but also underscores the impropriety of their attempted deposition.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and enter a protective order precluding the deposition of Dr. Castleman.

---

[2] Plaintiffs never even identified Dr. Castleman in their Rule 26(a)(1) initial disclosures as a fact witness, *see* or in their Rule 26(a)(2) disclosures as an expert, *see* Ex. E-F, Fact and Expert Disclosures.

5

Dated: September 12, 2025	Respectfully submitted,

       */s/ Kristen R. Fournier*
       Kristen R. Fournier
       Matthew L. Bush
       **KIRKLAND & ELLIS LLP**
       601 Lexington Avenue
       New York, New York 10022
       (212) 446-4800
       kristen.fournier@kirkland.com
       matthew.bush@kirkland.com


       */s/ Jessica L. Brennan*
       Jessica L. Brennan
       **BARNES & THORNBURG LLP**
       67 E. Park Place, Suite 1000
       Morristown, NJ 07960
       Tel.: 973-775-6120
       jessica.brennan@btlaw.com

       *Attorneys for Defendants Johnson & Johnson and LLT Management, LLC (predecessor to Red River Talc LLC)*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, I electronically filed the foregoing document with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Jessica L. Brennan*
Jessica L. Brennan
