# KIRKLAND & ELLIS LLP

Kristen Renee Fournier
To Call Writer Directly:
+1 212 446 4777
kristen.fournier@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

September 17, 2025

Hon. Freda L. Wolfson, U.S.C.J. (ret.)
Lowenstein Sandler
1 Lowenstein Dr.
Roseland, NJ 07068

Re:   *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2738

Dear Judge Wolfson:

We write in response to Plaintiffs' September 15, 2025 letter advising that they now intend to withdraw Dr. Longo's PLM testimony from all six bellwether trials.

First, as the transcript of the September 5, 2025 conference reflects, Your Honor has already rejected Plaintiffs' proposal to avoid scrutiny of Dr. Longo's PLM opinions by disclaiming reliance on them in a single bellwether trial. In summarizing Plaintiffs' position, the Court noted that Plaintiffs had represented they were "not going to use that PLM testing in the Judkins bellwether trial," and therefore the Court "[doesn't] have to worry about it." (Tr. 7:3–5.) Your Honor squarely disagreed, stating:

> "If PLM testing is going to be put forth in *any* of the plaintiffs' cases going forward, you should have a decision on that. . . . [N]ot only does Judge Shipp want all of this resolved, I think to some extent, it also tells everyone where are your cases going to be."

(Tr. 7:6–19 (emphasis supplied).)

Second, Your Honor emphasized that the parties' "do need a hearing" on Dr. Longo's "new PLM testing" because "on the asbestos aspect of these cases, he's front and center on the testing, and I think it is appropriate that I consider whatever this PLM testing is and hear from him." (Tr. 9:1–11.)

These rulings make clear that Plaintiffs cannot evade Rule 702 review of Dr. Longo's PLM testing by strategically abandoning it in piecemeal fashion. To the contrary, Plaintiffs' shifting positions underscore why a hearing is necessary. Plaintiffs' willingness to discard opinions it has long touted as "sound" when faced with the prospect of Rule 702 scrutiny reflects

## KIRKLAND & ELLIS LLP

September 17, 2025
Page 2

the very sort of tactical gamesmanship that makes an evidentiary hearing essential. And Dr. Longo's characterization of what are plainly talc particles as "asbestos" in his PLM analysis further calls into question the credibility and reliability of his TEM testing. Indeed, it casts a broader shadow over his entire body of work as it goes to the core of his credibility as an expert. Plaintiffs' maneuvering to insulate Dr. Longo from examination only heightens the need for Your Honor to consider the admissibility of his PLM testing in a comprehensive manner that will provide guidance across this MDL and the related state matters.

For these reasons, Defendants respectfully submit that Plaintiffs' latest effort to withdraw Dr. Longo's PLM testing does not obviate the need for a hearing. To the contrary, it reinforces the importance of proceeding with one.

Sincerely,

Kristen Renee Fournier, Esq.

cc: Jessica Brennan, Esq.
    P. Leigh O'Dell, Esq.
    Michelle Parfitt, Esq.