UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) |

SPECIAL MASTER ORDER NO. 30
(ADDRESSING THE PLAINTIFFS' STEERING COMMITTEE'S MOTION
TO COMPEL NONPARTY PLOS ONE'S COMPLIANCE WITH SUBPOENA)

This matter is before the Special Master ("SM") on the Plaintiffs' Steering Committee's ("PSC") Motion to Compel Non-party PLOS One's Compliance with Subpoena (ECF 35315). The SM received the opposition of Non-Party Publisher Public Library of Science ("PLOS") (ECF 40078), the Reply of the PSC (ECF 41145), and the Sur-Reply of the PLOS (ECF 41905). Oral argument was recently held. For the reasons to be discussed, the PSC's motion is denied.

**BACKGROUND**

PLOS is a California corporation that publishes 14 journals that are free to read. Decl. of R. Mich. ¶¶4-5. In September 2020, PLOS received a submission from plaintiff's expert, Dr. Saed. The submission was reviewed by two reviewers who both recommended rejecting the manuscript for publication. Id. at ¶¶17-21. This motion derives from the SM's previous order, over the PSC's objection, directing that PLOS's anonymous peer reviewer comments regarding the draft manuscript of Dr. Saed be produced. In connection with the production, the documents were originally designated as "attorneys' eyes only." The SM later changed the designation to "confidential." In SM Order No. 16 (Sept. 25, 2023), all "attorneys eyes only" and "confidential" designations were stricken. The PSC now claims defendants have repeatedly used the reviewer's anonymous comments to challenge Dr. Saed's work. Brief at 3. As a result, plaintiffs claim they are unable to defend against defendants' accusations without knowing the

7061912.2

names of the reviewers. Id. at 3-4. Accordingly, the PSC served PLOS with a subpoena asking PLOS, inter alia, to produce documents identifying the two anonymous reviewers who provided comments on Dr. Saed's manuscript. The PSC's subpoena was served in California where the requested documents were to be produced. PLOS objected on various grounds resulting in the current motion to compel.

The PLOS objects to the PSC's subpoena on various grounds. Most importantly for present purposes, the PLOS argues this court has no jurisdiction to decide this dispute because the PLOS is not subject to personal jurisdiction in New Jersey. PLOS contends that PSC's motion should be heard in the N.D. Cal. where it is located. As to this argument, the PSC counters by arguing that 28 U.S.C. §1407 controls and the statute authorizes this court to decide its motion.

In addition to its jurisdictional defense, the PLOS asserts other objections to PLOS's subpoena, including: (1) the subpoena requests privileged information; (2) the subpoena is unduly burdensome; (3) production of the requested documents is barred under the California or New Jersey Shield Law, or both; (4) the First Amendment and Fed.R.Civ.P. 26 bar disclosure; and (5) Fed.R.Civ.P. 45 requires that the PSC's motion be heard in the N.D. Cal. instead of New Jersey. Without getting into all the details of the PSC's response to these arguments, suffice it to say the PSC opposes all of them.

## DISCUSSION

Although the parties raise numerous challenging issues regarding the interplay of 28 U.S.C. §1407 and Rule 45, as well as common law privilege issues, the SM will only focus on PLOS's jurisdictional argument which, the SM finds, is dispositive of this motion. At the outset

7061912.2

the SM finds there is no dispute that PLOS is not subject to personal jurisdiction in New Jersey.[1]

PLOS repeatedly raised this defense in its papers with no opposition or objection from the PSC.

See Opposition at 5-12.  During oral argument the PSC raised for the first time a challenge to

PLOS's jurisdictional defense.  However, this assertion was not only substantively meritless, but

also late.  By not objecting to PLOS's jurisdictional defense earlier, the PSC waived its

opposition.[2]

      Having determined that there is no personal jurisdiction over PLOS in New Jersey, the

question becomes whether this court has jurisdiction to decide PSC's discovery motion directed

to PLOS.  In other words, whether an MDL court may decide a discovery dispute involving a

non-party over whom the forum state has no personal jurisdiction.  The answer is no.  See In re

3M Combat Arms Earplug Prods. Liab. Litig., No. 3:19-MD-2885, 2020 WL 5578428 (N.D. Fla.

Feb. 18, 2020) ("A court must have personal jurisdiction over a nonparty to compel compliance

---

[1] The forum for assessing personal jurisdiction depends on whether an action is based on diversity or federal law.  In a diversity action such as this MDL, the forum is the state where the court sits, here New Jersey.  Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993).  In an action arising under federal law, the forum for addressing jurisdiction is the United States as a whole.  ISI Int'l, Inc. v. Borden Ladner Gervais, 256 F.3d 548, 551 (7th Cir. 2001).

[2] An argument raised for the first time at oral argument, instead of in the parties' briefs, is impermissible and deemed waived.  See Nagle v. Alspach, 8 F.3d 141, 144 (3d Cir. 1993) ("[I]f raising a new issue in a reply brief is untimely and insufficient to preserve an issue for review … then a fortiori, the mere intention to present new issues at oral argument is untimely and insufficient.") (citing Lunderstadt v. Colafella, 885 F.2d 66, 78 (3d Cir. 1989)); United States v. Lennon, 372 F.3d 535, 541 n. 10 (3d Cir. 2004) ("For the same reason that we will not consider an argument minted at the reply brief stage, we will not consider an argument made by counsel for the first time at oral argument."); Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 315 n. 11 (3d Cir. 1999) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue … will not suffice to bring that issue before this court.'" (quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)); Doe v. Princeton Univ., 349 F.R.D. 92, 98 n. 2 (D.N.J. 2025) ("[A]rguments raised for the first time during oral argument will not be entertained.") (citing Millipore Corp. v. W.L. Gore & Assocs., Inc., 2011 WL 5513193, at *9 (D.N.J. Nov. 9, 2011) ("[I]f raising a 'newly minted argument' is frowned upon in a reply brief, surely a 'newly minted argument' raised for the first time during oral argument is even more problematic")); Baker v. Hopeman Bros., No. 11–01646, 2012 WL 7761420, at *1 (E.D. Pa. Nov. 9, 2012) ("[B]ecause Defendant did not raise a challenge to the sufficiency of Plaintiff's evidence pertaining to … causation, it will not consider such an argument raised for the first time during oral argument."); N.V.E., Inc. v. Palmeroni, No. CV 06-5455, 2017 WL 3917139, *1 (D.N.J. Sept. 7, 2017) (denying defendant's adverse inference argument because it was not raised in his opposition papers, but for the first time at oral argument).

7061912.2

with a discovery request."); In re Automotive Refinishing Paint, 229 F.R.D. 482, 487 (E.D. Pa. 2005) ("A federal court must have personal jurisdiction over a nonparty witness in order to compel it to comply with a valid discovery request[.]"); Matter of Marc Rich & Co., A.G., 707 F.2d 663, 669 (2d Cir. 1983) ("A federal court's jurisdiction is not determined by its power to issue a subpoena; its power to issue a subpoena is determined by its jurisdiction."); In re Sealed Case, 832 F.2d 1268, 1270 (D.C.Cir.1987) (reversing district court order compelling production of companies' records where independent counsel failed to make "the requisite showing" that district court "has personal jurisdiction over each of the companies whose records it seeks"); In re del Valle Ruiz, 939 F.3d 520, 530 (2d Cir. 2019) ("Instead, we think it enough for purposes of due process in these circumstances that the nonparty's contacts with the forum go to the actual discovery sought rather than the underlying cause of action."); Eli Lilly & Co. v. Arch Ins. Co., No. 113CV01770LJMTAB, 2017 WL 2930571, *3 (S.D. Ind. July 10, 2017) ("A district court must have personal jurisdiction over a non-party in order to compel its compliance with a discovery request."); Maine Cmty. Health Options v. Walgreen Co., No. 18-MC-0009, 2018 WL 6696042, *3 (W.D. Wis. Dec. 20, 2018) ("[A] federal court must have personal jurisdiction over a nonparty in order to enforce a subpoena issued within that jurisdiction.") (citing Daimler v. AG v. Bauman, 571 U.S. 117, 127-28 (2014)).

In order to avoid this line of case law, the PSC relies upon 28 U.S.C. §1407 which provides in pertinent part that pretrial proceedings in an MDL shall be conducted by a judge or judges to whom such motions are assigned. The statue provides that the assigned MDL judge "may exercise the powers of a district judge in any district for the purpose of conducting pretrial

depositions in such coordinated or consolidated pretrial proceedings."[3]  The PSC argues that since a New Jersey MDL judge can exercise the same powers as a N.D. Cal. judge, and an N.D. Cal. judge has jurisdiction over PLOS, this court also has jurisdiction over PLOS and may, therefore, decide the present motion.

Despite the language in §1407, the SM finds that PLOS's due process rights are paramount.  Accordingly, since PLOS is not subject to jurisdiction in New Jersey, the PSC's motion to enforce its subpoena directed to PLOS must be denied.[4]  It is well settled that a district court must have personal jurisdiction over a non-party in order to compel it to comply with a valid discovery request under Rule 45.  See Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court, however, must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45."); Nike, Inc. v. Wu, 349 F. Supp. 3d 310, 320 (S.D.N.Y.), aff'd, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ("It is axiomatic that, before compelling a nonparty to comply with a subpoena pursuant to Federal Rule of Civil Procedure 45, a court must have personal jurisdiction over that nonparty.") (citations omitted).

The fact that this is an MDL does not operate as an exception to the cited established caselaw. Although it appears that in the MDL context the issue has not been widely addressed, the only two cases brought to the SM's attention that address the present jurisdictional issue support the SM's ruling.  See In re: 3M Combat Arms Earplug Products Liability Litigation, 2020 WL 5578428; In re: Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. 482.

---

[3] Since the SM is ruling that the jurisdictional issue is dispositive, there is no need to address PLOS's argument as to whether 28 U.S.C. §1407 authorizes an MDL judge to address document subpoenas.

[4] The SM is only addressing PLOS's jurisdictional argument and is not weighing in on the other arguments and defenses it raised.

In Combat Arms the court addressed a motion to compel directed to the French-German Research Institute of St. Louis ("ISL"), a foreign non-party, in an MDL involving defendants' Combat Arms Earplug. Plaintiffs served ISL with a subpoena asking for various documents relating to an earplug or part thereof that ISL designed and tested. ISL objected to the subpoena on various grounds including the fact that it was not subject to personal jurisdiction in the forum state. Agreeing with ISL, the court in Combat Arms denied plaintiffs' motion to compel. In clear language, the court ruled that since it did not have personal jurisdiction over ISL, it could not compel its compliance with a subpoena. 2020 WL 5578428, at *7. ("The court lacks personal jurisdiction over ISL. Accordingly, the court cannot order ISL to comply with Plaintiffs' Rule 45 subpoena."). Despite the fact that Combat Arms was an MDL, the court reiterated that, "[i]t is well-established that [a] court must have personal jurisdiction over a nonparty to compel compliance with a discovery subpoena." Id. at *6.

In an MDL addressing antitrust issues, the court in Automotive Refinishing agreed with the reasoning in Combat Arms. In that case plaintiffs served a subpoena duces tecum on CEPE, a Belgian trade association. Although the court decided to enforce the subpoena, it did so only after an extensive analysis deciding it could exercise personal jurisdiction over CEPE. Nevertheless, it reiterated that a "federal court must have personal jurisdiction over a nonparty witness in order to compel it to comply with a valid discovery request[.]" 229 F.R.D. at 487. In contrast to PLOS, the PSC has not cited any MDL cases that support its argument that §1407 controls here.

## CONCLUSION

Since there is no personal jurisdiction over PLOS in New Jersey, and based upon well-established caselaw, as well as the decisions in Combat Arms and Automotive Refinishing, the

-6-

PSC's motion will be denied.  Section 1407 does not authorize this court to decide the PSC's motion.

## **ORDER**

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 22nd day of October, 2025, that the PSC's Motion to Compel Non-Party PLOS One's Compliance with Subpoena is DENIED.

By: *s/ Joel Schneider*
        Hon. Joel Schneider (Ret.)
        Special Master

Dated:  October 22, 2025

7061912.2