## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2738 (MAS) (RLS)** **JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This Document Relates to: All Plaintiffs

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
## MASTER LONG FORM COMPLAINT AND JURY DEMAND

Defendants Johnson & Johnson, Johnson & Johnson Holdco (NA) Inc. ("New JJCI"), f/k/a Johnson & Johnson Consumer Companies, Inc. ("Old JJCI"),[1] Janssen Pharmaceuticals, Inc., Kenvue, Inc., and LTL Management LLC[2] (collectively "Defendants") respond to Plaintiffs' Second Amended Master Long Form Complaint (hereinafter "Second Amended Master Complaint") as follows. Defendants deny each and every allegation, statement, matter and thing contained in Plaintiffs' Second Amended Master Complaint except as is hereinafter expressly admitted or alleged. The repetition of some of the Second Amended Master Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

### PARTIES

1.    Defendants deny the allegations in paragraph 1 of the Second Amended Master Complaint.

---

[1] Defendants do not adopt Plaintiffs' definition of "New JJCI" or "Old JJCI," but use the terms solely for clarity.

[2] LTL Management LLC ("LTL") was renamed LLT Management LLC ("LLT") on December 29, 2023. On August 19, 2024, LLT underwent a restructuring, which resulted in the creation of three new companies, one of which is Red River Talc, LLC. Red River Talc LLC is responsible for all cosmetic talc-related claims asserted against LLT, LTL, Old JJCI, Johnson & Johnson, or any of their affiliates, in which ovarian cancer or any other reproductive cancer is alleged to have resulted from exposure to such cosmetic talc products (excluding talc-related claims for which the exclusive remedy is provided under works' compensation statues and similar laws).

2.      Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same.  Defendants deny the remaining allegations in paragraph 2 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

3.      Defendants admit that Johnson & Johnson is incorporated and has its principal in the State of New Jersey.  Defendants state that the remaining allegations in paragraph 3 of the Second Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.

4.      Defendants deny the allegations in paragraph 4 of the Second Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, tested, promoted, sold, distributed, or introduced into commerce, JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.

5.      Defendants admit that New JJCI is incorporated and has its principal in the State of New Jersey.  Defendants state that the remaining allegations in paragraph 5 of the Second Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.

6.      Defendants state that Old JJCI manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time

2

periods.  Defendants further state that Old JJCI's products, including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, were retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 6 of the Second Amended Master Complaint.

7.      Defendants admit that Janssen Pharmaceuticals, Inc. is incorporated and has its principal in the State of New Jersey.  Defendants state that the remaining allegations in paragraph 7 of the Second Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.

8.      Defendants deny the allegations in paragraph 8 of the Second Amended Master Complaint, and specifically deny that Janssen Pharmaceuticals, Inc. manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods.  Defendants deny the remaining allegations in paragraph 8 of the Second Amended Master Complaint.

9.      Defendants state that the declaration referenced in paragraph 9 of the Second Amended Master Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 9 of the Second Amended Master Complaint.

10.     Defendants admit that Kenvue, Inc. is a Delaware corporation with its principal in the State of New Jersey.  Defendants state that the remaining allegations in paragraph 10 of the Second Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.

11.   Defendants deny the allegations in paragraph 11 of the Second Amended Master Complaint, and Defendants specifically deny that Kenvue Inc. has ever manufactured, designed, or marketed the products at issue in this case.

12.   Defendants state that the SEC filing referenced in paragraph 12 of the Second Amended Master Complaint speaks for itself.  Defendants deny the remaining allegations in paragraph 12 of the Second Amended Master Complaint.

13.   Defendants state that LTL Management LLC was a North Carolina limited liability company with its principal place of business in New Jersey.  Defendants deny all remaining allegations in paragraph 13 of the Second Amended Master Complaint and state that the remaining allegations in paragraph 13 of the Second Amended Master Complaint concerning service of process call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.

14.   Defendants state that Red River Talc LLC  is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  Defendants deny the remaining allegations in paragraph 14 of the Second Amended Master Complaint.

15.   Defendants admit that JOHNSON'S® Baby Powder and SHOWER TO SHOWER® were the products of Johnson & Johnson Consumer Companies, Inc., and that this entity manufactured, designed, and marketed the products at issue during relevant time periods and that the products at issue in this suit were retailed and sold nationwide.  Defendants deny that Johnson & Johnson, LTL Management LLC, Janssen Pharmaceuticals, New JJCI, and Kenvue Inc.

4

manufactured, designed, and marketed the products at issue during relevant time periods and that the products at issue in this suit are retailed and sold nationwide. Defendants deny all remaining allegations in paragraph 15 of the Second Amended Master Complaint.

16.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 16 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context and specifically deny that New JJCI, LTL, and Janssen are and have been under the complete dominion and control of Defendant Johnson & Johnson. Defendants deny the remaining allegations in paragraph 16 of the Second Amended Master Complaint.

17.    Defendants state that Plaintiffs' description of Johnson & Johnson in paragraph 17 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 17 of the Second Amended Master Complaint.

18.    Defendants admit that prior to October 2021, Old JJCI was a New Jersey corporation with its principal place of business in the State of New Jersey and that Old JJCI manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER®. Defendants deny all remaining allegations in paragraph 18 of the Second Amended Master Complaint.

19.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 19 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 19 of the Second Amended Master Complaint as stated.

20.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 20 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.

As such, Defendants deny the allegations in paragraph 20 of the Second Amended Master Complaint.

21.    Defendants admit that LTL Management LLC was a North Carolina limited liability company with its principal place of business in New Jersey.  Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  Defendants deny all remaining allegations in paragraph 21 of the Second Amended Master Complaint.

22.    Defendants state that the Memorandum Opinion referenced in paragraph 22 speaks for itself and specifically deny Plaintiffs' interpretation thereof.    As such, Defendants deny the allegations contained in paragraph 22 of the Second Amended Master Complaint.

23.    Defendants state that the January 30, 2023, Third Circuit Opinion referenced in paragraph 23 of the Second Amended Master Complaint speaks for itself and specifically deny Plaintiffs' interpretation thereof.   As such, Defendants deny the allegations contained in paragraph 23 of the Second Amended Master Complaint.

24.    Defendants deny Plaintiffs' interpretations of the events described in paragraph 24 of the Second Amended Master Complaint because they are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations contained in paragraph 24 of the Second Amended Master Complaint.

25.    Defendants state that LTL Management LLC's bankruptcy filing as referenced in paragraph 25 of the Second Amended Master Complaint speaks for itself.  Defendants deny Plaintiffs' interpretations of the events described in paragraph 25 of the Second Amended Master

Complaint because they are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations contained in paragraph 25 of the Second Amended Master Complaint.

26.    Defendants state that the Memorandum Opinion referenced in paragraph 26 of the Second Amended Master Complaint speaks for itself. Defendants deny Plaintiffs' interpretations of the events described in paragraph 26 of the Second Amended Master Complaint because they are misleading, inaccurate, and taken out of context. As such, Defendants deny the remaining allegations contained in paragraph 26 of the Second Amended Master Complaint.

27.    Defendants state that the allegations contained in paragraph 27 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

28.    Defendants state that the allegations contained in paragraph 28 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary except that Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Old JJCI including for the products at issue in this case during time periods relevant to this lawsuit.

29.    Defendants state that PCPC is a trade association representing the cosmetics industry. Defendants admit that Old JJCI was a member of PCPC (formerly CTFA). The remaining allegations contained in paragraph 29 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

30.    Defendants state that PCPC is a trade organization representing the cosmetics industry. The remaining allegations contained in paragraph 30 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the

extent a response is necessary, Defendants deny the remaining allegations in paragraph 30 of the Second Amended Master Complaint.

31.    Defendants state that the allegations contained in paragraph 31 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is necessary, Defendants deny the allegations in paragraph 31 of the Second Amended Master Complaint.

32.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 32 of the Second Amended Master Complaint concerning Defendants John Does/Jane Does 1-30, and therefore, Defendants deny the same.  Defendants reserve the right to amend their answer in the event Plaintiffs amend their complaint substituting parties currently unknown to Defendants.

33.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Second Amended Master Complaint concerning Defendants Unknown Businesses and/or Corporations A-Z, and therefore, Defendants deny the same. Defendants reserve the right to amend their answer in the event Plaintiffs amend their complaint substituting parties currently unknown to Defendants.

## JURISDICTION AND VENUE

34.    In the context of a Master Complaint, this allegation cannot be addressed; Defendants admit this Court has jurisdiction where there is diversity of citizenship.

35.    Defendants admit that Plaintiffs have pleaded a claim for damages that meets the amount in controversy requirement. All remaining allegations contained in paragraph 35 of the Second Amended Master Complaint are denied.

36.    Defendants state that the allegations in paragraph 36 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary, but to the extent a response may be required, the allegations are denied.

37.    Defendants state that the allegations in paragraph 37 of the Second Amended Master Complaint pertaining to jurisdiction and venue call for a legal conclusion to which no response is necessary, but to the extent a response may be required, the allegations are denied.

## FACTUAL ALLEGATIONS

38.    Defendants state that the declaration referenced in paragraph 38 of the Second Amended Master Complaint speaks for itself.  As such, Defendants deny the allegations in paragraph 38 of the Second Amended Master Complaint.

39.    Defendants state that Old JJCI manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods.  Defendants further state that Old JJCI's products, including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, were retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 39 of the Second Amended Master Complaint.

40.    Defendants deny the allegations contained in paragraph 40 of the Second Amended Master Complaint.

41.    Defendants deny the allegations contained in paragraph 41 of the Second Amended Master Complaint.

42.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 42 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations contained in paragraph 42 of the Second Amended Master Complaint and specifically deny that Old JJCI's products contained asbestos.

43.     Defendants deny the misleading, inaccurate allegations contained in paragraph 43 of the Second Amended Master Complaint.

44.     Defendants state that the bankruptcy petition referenced in paragraph 44 speaks for itself.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 44 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations contained in paragraph 44 of the Second Amended Master Complaint.

45.     As indicated in response to paragraph 6 of the Second Amended Master Complaint, Defendants state that Old JJCI manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants state that Plaintiffs' interpretations of the events described in paragraph 45 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the remaining allegations contained in paragraph 45 of the Second Amended Master Complaint.

46.     Defendants state that Plaintiffs' interpretations of the events described in paragraph 46 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations contained in paragraph 46 of the Second Amended Master Complaint.

47.     Defendants state that the January 30, 2023 decision referenced in paragraph 47 of the Second Amended Master Complaint speaks for itself.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 47 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the remaining allegations contained in paragraph 47 of the Second Amended Master Complaint.

48.    Defendants state that the documents as referenced in the Second Amended Master Complaint speak for themselves.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 48 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the remaining allegations contained in paragraph 48 of the Second Amended Master Complaint.

49.    Defendants state that the order and bankruptcy petition as referenced in paragraph 49 of the Second Amended Master Complaint speak for themselves.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 49 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the remaining allegations contained in paragraph 49 of the Second Amended Master Complaint.

50.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 50 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 50 of the Second Amended Master Complaint.

51.    Defendants state that the declaration referenced in paragraph 51 of the Second Amended Master Complaint speaks for itself.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 51 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants therefore deny the remaining allegations contained in paragraph 51 of the Second Amended Master Complaint.

52.    Defendants state that the declaration referenced in paragraph 52 of the Second Amended Master Complaint speaks for itself.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 52 of the Second Amended Master Complaint are misleading,

inaccurate, and taken out of context. Defendants therefore deny the remaining allegations contained in paragraph 52 of the Second Amended Master Complaint.

53.    Defendants state that the allegations in paragraph 53 of the Second Amended Master Complaint concerning New Jersey law call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.

54.    Defendants deny the allegations in paragraph 54 of the Second Amended Master Complaint.

55.    Defendants state that the S-1 registration document referenced in paragraph 55 speaks for itself and deny allegations inconsistent therewith.

56.    Defendants state that the S-1 registration document referenced in paragraph 56 speaks for itself and deny allegations inconsistent therewith.

57.    Defendants state that the S-1 registration document referenced in paragraph 57 speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the S-1 registration document referenced in paragraph 57 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 57 of the Second Amended Master Complaint.

58.    Defendants state that the S-1 registration document referenced in paragraph 58 speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the S-1 registration document referenced in paragraph 58 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 58 of the Second Amended Master Complaint.

59.    Defendants state that the S-1 registration document referenced in paragraph 59 speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the S-1 registration document referenced in paragraph 59 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 59 of the Second Amended Master Complaint.

60.    Defendants deny the allegations in paragraph 60 of the Second Amended Master Complaint.

61.    Defendants state that the S-1 documents referenced in paragraph 61 speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the S-1 registration document referenced in paragraph 61 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 61 of the Second Amended Master Complaint.

62.    Defendants state that the labels referenced in paragraph 62 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith.

63.    Defendants state that the SEC filing referenced in paragraph 63 speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the SEC filing referenced in paragraph 63 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 63 of the Second Amended Master Complaint.

64.    Defendants state that testimony referenced in paragraph 64 speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' allegations regarding the testimony referenced in paragraph 64 of the Second Amended Complaint are

misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations in paragraph 64 of the Second Amended Master Complaint.

65.    Defendants state that the website as referenced in paragraph 65 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

66.    Defendants state that the website referenced in paragraph 66 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

67.    Defendants state that the website referenced in paragraph 67 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' allegations regarding the website referenced in paragraph 67 of the Second Amended Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations in paragraph 67 of the Second Amended Master Complaint.

## II.    Overview of Talc & the PRODUCTS

68.    Defendants state that talc is a powdered, selected, natural, hydrated magnesium silicate that is mined from the earth. Defendants deny the remaining allegations in paragraph 68 of the Second Amended Master Complaint.

69.    Defendants state that talcum powder is used in many applications. Defendants state that talcum powders are comprised mainly of talc.

70.    Defendants deny the allegations in paragraph 70 of the Second Amended Master Complaint.

71.    Defendants state that Old JJCI manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants further state that Old JJCI's products, including JOHNSON'S® Baby Powder

and SHOWER TO SHOWER®, were retailed and sold nationwide. Defendants deny the remaining allegations in paragraph 71 of the Second Amended Master Complaint.

72.    Defendants admit the allegations in paragraph 72 of the Second Amended Master Complaint.

73.    Defendants deny the allegations in paragraph 73 of the Second Amended Master Complaint as stated

74.    Defendants deny the allegations in paragraph 74 of the Second Amended Master Complaint.

75.    Defendants deny the allegations in paragraph 75 of the Second Amended Master Complaint.

76.    With respect to the allegations contained in paragraph 76 of the Second Amended Master Complaint, Defendants admit that JOHNSON'S® Baby Powder has been comprised almost entirely of talc (approximately 99%), with the additional ingredient of fragrance, which may also be known as parfum. Defendants further admit that, to offer consumers a choice, a baby powder product that included cornstarch as an ingredient was first introduced approximately 40 years ago. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 76 of the Second Amended Master Complaint.

77.    Defendants deny the allegations in paragraph 77 of the Second Amended Master Complaint.

78.    Defendants deny the allegations in paragraph 78 of the Second Amended Master Complaint as stated.

79.    Defendants admit that SHOWER TO SHOWER® was comprised primarily of talc and cornstarch.   Defendants deny the remaining allegations in paragraph 79 of the Second Amended Master Complaint.

80.    With respect to the allegations contained in paragraph 80 of the Second Amended Master Complaint, Defendants admit that cosmetic-grade talc from mines located in Italy (Fontana mine in Val Chisone), the state of Vermont (Hammondsville, Argonaut, Rainbow, and Hamm (Windham)), and China (Zhizhua quarry) was used in the manufacture of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® sold in the United States.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 80 of the Second Amended Master Complaint.

81.    With respect to the allegations contained in paragraph 81 of the Second Amended Master Complaint, Defendants admit that cosmetic-grade talc from mines in Vermont (Hammondsville, Argonaut, Rainbow, and Hamm (Windham)) was used in the manufacture of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® sold in the United States from approximately 1964 to 2003.  Defendants further admit that Windsor Minerals Inc., a subsidiary of Johnson & Johnson, owned and operated the Hammondsville, Argonaut, and Rainbow mines in Vermont from approximately 1966 to 1989. Except as expressly admitted herein, Defendants deny the allegations in paragraph 74 of Second Amended Master Complaint.

82.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 82 of the Second Amended Master Complaint.  Defendants state that the allegations in paragraph 82 of the Second Amended Master Complaint are unrelated to the present lawsuit.  To the extent a response is required, Defendants deny the allegations in paragraph 82 of the Second Amended Master Complaint.  Defendants further deny Plaintiffs' interpretations

of the events referenced in paragraph 82 of the Second Amended Master Complaint because they are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 82 of the Second Amended Master Complaint.

83. With respect to the allegations contained in paragraph 83 of the Second Amended Master Complaint, Defendants admit that cosmetic-grade talc under the names "Emtal Extra," "Grade 66," "Grade 96," "1615 AGIT," "Grade 00000," and "SUPRA" was used in the manufacture of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® sold in the United States. Except as expressly admitted herein, Defendants deny the allegations in paragraph 83 of the Second Amended Master Complaint.

84. Defendants deny the allegations in paragraph 84 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

85. Defendants deny the allegations in paragraph 85 of the Second Amended Master Complaint.

86. Defendants state that deposition referenced in paragraph 86 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events referenced in paragraph 86 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 86 of the Second Amended Master Complaint.

87. Defendants state that deposition referenced in paragraph 87 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events referenced in paragraph 87 of the Second

Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 87 of the Second Amended Master Complaint.

88.    Defendants state that the motion and the court's decision referenced in paragraph 88 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events referenced in paragraph 88 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 88 of the Second Amended Master Complaint.

89.    Defendants state that the website announcement referenced in paragraph 89 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

90.    Defendants state that the website announcement referenced in paragraph 90 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

91.    Defendants deny the allegations in paragraph 91 of the Second Amended Master Complaint as stated.

92.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 92 of the Second Amended Master Complaint and, therefore, Defendants deny the same.

93.    Defendants deny the allegations in paragraph 93 of the Second Amended Master Complaint as stated.

94.    Defendants state that the JOHNSON'S® Baby Powder advertisements and labels referenced in paragraph 94 of the Second Amended Master Complaint speak for themselves. Defendants deny the remaining allegations in paragraph 94 of the Second Amended Complaint as stated.

18

95.    Defendants state that the SHOWER TO SHOWER® advertisements and labels referenced in paragraph 95 of the Second Amended Master Complaint speak for themselves. Defendants deny the allegations in paragraph 95 of the Second Amended Complaint as stated.

96.    Defendants state that the JOHNSON'S® Baby Powder and SHOWER TO SHOWER® labels referenced in paragraph 96 of the Second Amended Master Complaint speak for themselves. Defendants deny the allegations in paragraph 96 of the Second Amended Master Complaint as stated.

## III.    Alleged Evidence Related to Ovarian Cancer[3]

97.    Defendants state that the documents referenced in paragraph 97 speak for themselves and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events referenced in paragraph 97 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 97 of the Second Amended Master Complaint.

98.    Defendants state that the paper referenced in paragraph 98 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the paper referenced in paragraph 98 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 98 of the Second Amended Complaint.

99.    Defendants state that the paper referenced in paragraph 99 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the paper referenced in paragraph 99 of the Second Amended

---

[3] Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

Master Complaint are misleading, inaccurate, taken out of context. As such, Defendants deny the allegations in paragraph 99 of the Second Amended Complaint.

100. Defendants state that Plaintiffs' allegations regarding documents referenced in paragraph 100 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 100 of the Second Amended Master Complaint.

101. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 101 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 101 of the Second Amended Master Complaint.

102. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 102 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 102 of the Second Amended Master Complaint.

103. Defendants state that Plaintiffs' allegations regarding the documents referenced in paragraph 103 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 103 of the Second Amended Master Complaint.

104. Defendants state that the paper referenced in paragraph 104 of the Second Amended Master Complaint speaks for itself. Plaintiffs' interpretations of the paper referenced in paragraph 104 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 104 of the Second Amended Complaint.

105.    Defendants state that Plaintiffs' allegations regarding the documents referenced in paragraph 105 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 105 of the Second Amended Master Complaint.

106.    Defendants state that the paper referenced in paragraph 106 of the Second Amended Master Complaint speaks for itself.  Plaintiffs' interpretations of the paper referenced in paragraph 106 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 106 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 106 of the Second Amended Master Complaint.

107.    Defendants state that the document referenced in paragraph 107 of the Second Amended Master Complaint speaks for itself.   Plaintiffs' interpretations of the document referenced in paragraph 107 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 107 of the Second Amended Master Complaint.

108.    Defendants state that the papers referenced in paragraph 108 and all subparts in paragraph 108 of the Second Amended Master Complaint speak for themselves.  Plaintiffs' interpretations of the papers referenced in paragraph 108 and all subparts in paragraph 108 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations in paragraph 108 of the Second Amended Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Second Amended Master Complaint.

110.  Defendants state that the study referenced in paragraph 110 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretations of the events described in paragraph 110 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations in paragraph 110 of the Second Amended Master Complaint.

111.  Defendants state that the publications referenced in paragraph 111 of the Second Amended Master Complaint speak for themselves.  Plaintiffs' interpretations of the publications referenced in paragraph 111 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations in paragraph 111 of the Second Amended Master Complaint.

112.  Defendants state that Plaintiffs' interpretations of the document referenced in paragraph 112 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations in paragraph 112 of the Second Amended Master Complaint.

113.  Defendants state that the document referenced in paragraph 113 of the Second Amended Master Complaint speaks for itself.   Defendants further state that Plaintiffs' interpretations of the events described in paragraph 113 of the Second Amended Master Complaint are  misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations in paragraph 113 of the Second Amended Master Complaint.

114.  Defendants state that the deposition referenced in paragraph 114 of the Second Amended Master Complaint speaks for itself.   Defendants further state that Plaintiffs' interpretations of the events described in paragraph 114 of the Second Amended Master Complaint

are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 114 of the Second Amended Master Complaint.

## IV.    Johnson & Johnson Ensured the Safety of All Johnson & Johnson Products[4]

115. Defendants deny the allegations in paragraph 115 of the Second Amended Master Complaint.

116. Defendants state that the testimony referenced in paragraph 116 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretation of the testimony referenced in paragraph 116 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 116 of the Second Amended Master Complaint.

117. Defendants deny Plaintiffs' interpretations of the events described in paragraph 117 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 117 of the Second Amended Master Complaint.

118. Defendants state that the document referenced in paragraph 118 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretation of the document referenced in paragraph 118 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context. Defendants deny the remaining allegations in paragraph 118 of the Second Amended Master Complaint.

119. Defendants state that the document referenced in paragraph 119 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretation of the document referenced in paragraph 119 of the Second Amended Master

---

[4] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

Complaint is misleading, inaccurate, and taken out of context.  Defendants deny the remaining allegations in paragraph 119 of the Second Amended Master Complaint.

120.  Defendants state that the video referenced in paragraph 120 of the Second Amended Master Complaint speaks for itself.  Defendants further state that  Plaintiffs' interpretation of the video referenced in paragraph 120 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context.  Defendants deny the remaining allegations in paragraph 120 of the Second Amended Master Complaint.

121.  Defendants state that Plaintiffs' interpretation of the event referenced in paragraph 121 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 121 of the Second Amended Master Complaint.

**V.    Alleged Asbestos and Other Constituents in Talc**[5]

122.  Defendants deny the allegations in paragraph 122 of the Second Amended Master Complaint.

123.  Defendants deny the allegations in paragraph 123 of the Second Amended Master Complaint.

124.  Defendants state that the publications referenced in paragraph 124 of the Second Amended Master Complaint speak for themselves.  Defendants state that Plaintiffs' interpretations of the publications referenced in paragraph 124 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants therefore deny the remaining allegations contained in paragraph 124 of the Second Amended Master Complaint.

---

[5] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

125.  Defendants state that the paper referenced in paragraph 125 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretation of the document referenced and the events described in paragraph 125 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context.  Defendants therefore deny the allegations contained in paragraph 125 of the Second Amended Master Complaint.

126.  Defendants state that the study referenced in paragraph 126 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretation of the study referenced in paragraph 126 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context.  Defendants therefore deny the remaining allegations contained in paragraph 126 of the Second Amended Master Complaint.

127.  Defendants state that the paper referenced in paragraph 127 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretation of the paper referenced in paragraph 127 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context.  Defendants therefore deny the remaining allegations contained in paragraph 127 of the Second Amended Master Complaint.

128.  Defendants state that the paper referenced in paragraph 128 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretation of the paper referenced in paragraph 128 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context.  Defendants therefore deny the allegations contained in paragraph 128 of the Second Amended Master Complaint.

129.  Defendants state that the paper referenced in paragraph 129 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretation of the paper referenced in paragraph 129 of the Second Amended Master Complaint is misleading,

inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 129 of the Second Amended Master Complaint.

130. Defendants state that the paper referenced in paragraph 130 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretation of the paper referenced and the events described in paragraph 130 of the Second Amended Master Complaint is misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 130 of the Second Amended Master Complaint.

131. Defendants state that Plaintiffs' interpretations of and conclusions drawn by the report referenced in paragraph 131 of the Second Amended Master Complaint are erroneous and/or taken out of context. Defendants deny the allegations in paragraph 131 of the Second Amended Master Complaint.

132. Defendants state that Plaintiffs' interpretations of the events and testing results described in paragraph 132 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations in paragraph 132 of the Second Amended Master Complaint.

## VI.    Alleged Evidence of Asbestos in Defendants' Products[6]

133. Defendants state that Plaintiffs' interpretations of the events described in paragraph 133 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. As such, Defendants deny the allegations in paragraph 133 of the Second Amended Master Complaint.

134. Defendants deny the allegations in paragraph 134 of the Second Amended Master Complaint.

---

[6] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

135. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 135 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 135 of the Second Amended Master Complaint.

136. Defendants state that Plaintiffs' interpretations of the events described in paragraph 136 of the Second Amended Master Complaint are erroneous and taken out of context. Defendants deny the allegations in paragraph 136 of the Second Amended Master Complaint.

137. Defendants deny the allegations in paragraph 137 of the Second Amended Master Complaint.

138. Defendants deny the allegations in paragraph 138 of the Second Amended Master Complaint.

139. Defendants deny the allegations in paragraph 139 of the Second Amended Master Complaint.

140. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 140 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 140 of the Second Amended Master Complaint.

141. Defendants deny the allegations in paragraph 141 of the Second Amended Master Complaint.

142. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 142 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 142 of the Second Amended Master Complaint.

143. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 143 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 143 of the Second Amended Master Complaint.

144. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 144 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 144 of the Second Amended Master Complaint.

145. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 145 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 145 of the Second Amended Master Complaint.

146. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 146 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 146 of the Second Amended Master Complaint.

147. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 147 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 147 of the Second Amended Master Complaint.

148. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 148 of the Second Amended Master Complaint are misleading, inaccurate, and taken

out of context. Defendants deny the allegations in paragraph 148 of the Second Amended Master Complaint.

149. Defendants deny the allegations in paragraph 149 of the Second Amended Master Complaint.

150. Defendants state that Plaintiffs' allegations regarding the testimony and document referenced in paragraph 150 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 150 of the Second Amended Master Complaint.

**VII.    Actions by Regulatory Bodies and Health Organizations**

151. Defendants state that Plaintiffs' interpretations of the events referenced in paragraph 151 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context and Defendants specifically deny that they conspired and/or worked in concert to block efforts to warn consumers. Defendants deny the remaining allegations in paragraph 151 of the Second Amended Master Complaint.

152. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 152 of the Second Amended Master Complaint and, therefore, deny the same.

153. Defendants state that the paper referenced in paragraph 153 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretations of the documents and events described in paragraph 153 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 153 of the Second Amended Master Complaint.

154. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 154 of the Second Amended Master Complaint concerning the FDA's alleged action "in or about 1990." Defendants state that the document referenced speaks for itself. However, Defendants also state that Plaintiffs' interpretations of the documents and events referenced in paragraph 154 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the remaining allegations in paragraph 154 of the Second Amended Master Complaint.

155. Defendants state that the document referenced speaks for itself. Defendants further state that Plaintiffs' interpretations of the paper referenced in paragraph 155 of the Second Amended Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 155 of the Second Amended Master Complaint.

156. Defendants state that the document referenced speaks for itself. Defendants further state that Plaintiffs' interpretations of the documents and events referenced in paragraph 156 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the remaining allegations in paragraph 156 of the Second Amended Master Complaint.

157. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 157 of the Second Amended Master Complaint concerning the FDA's alleged action pertaining to condoms. Defendants state that the allegations contained in paragraph 157 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 157 of the Second Amended Master Complaint.

158. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 158 of the Second Amended Master Complaint concerning the Canadian government. Defendants state that the allegations contained in paragraph 158 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 158 of the Second Amended Master Complaint.

159. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 159 of the Second Amended Master Complaint concerning alleged actions by the Cancer Prevention Coalition. The letter referenced by Plaintiffs in paragraph 159 of the Second Amended Master Complaint speaks for itself. Defendants state that the allegations contained in paragraph 159 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 159 of the Second Amended Master Complaint.

160. Defendants state that the document referenced in paragraph 160 of the Second Amended Complaint speaks for itself. Defendants further state that Plaintiffs' interpretations of the documents and events referenced in paragraph 160 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the remaining allegations in paragraph 160 of the Second Amended Master Complaint.

161. Defendants state that the document referenced in paragraph 161 of the Second Amended Complaint speaks for itself. Defendants further state that Plaintiffs' interpretations of the documents and events referenced in paragraph 161 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the remaining allegations in paragraph 161 of the Second Amended Master Complaint.

162. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 162 of the Second Amended Master Complaint concerning alleged actions by the IARC. Defendants state that the allegations contained in paragraph 162 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 162 of the Second Amended Master Complaint.

163. Defendants state that the pamphlet referenced in paragraph 163 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretations of the pamphlet referenced in paragraph 163 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 163 of the Second Amended Master Complaint.

164. Defendants state that the document referenced in paragraph 164 of the Second Amended Master Complaint speaks for itself. Defendants further state that Plaintiffs' interpretations of the document referenced in paragraph 164 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 164 of the Second Amended Master Complaint.

165. Defendants state that the document referenced in paragraph 165 of the Second Amended Master Complaint speaks for itself. Defendants further state that s Plaintiffs' interpretations of the document referenced in paragraph 165 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations contained in paragraph 165 of the Second Amended Master Complaint.

**VIII.    Defendants' Alleged Actions in Response to the Alleged Evidence of Cancer Risk**[7]

---

[7] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

166.  Defendants deny the allegations in paragraph 166 of the Second Amended Master Complaint.

167.  Defendants state that the document referenced in paragraph 167 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretations of the document referenced and events described in paragraph 167 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants therefore deny the allegations in paragraph 167 of the Second Amended Master Complaint.

168.  Defendants state that the deposition referenced in paragraph 168 of the Second Amended Master Complaint speaks for itself.  Defendants state that Plaintiffs' interpretations of the deposition referenced and events described in paragraph 168 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants therefore deny the allegations in paragraph 168 of the Second Amended Master Complaint.

169.  Defendants state that the deposition referenced in paragraph 169 of the Second Amended Master Complaint speaks for itself.  Defendants deny Plaintiffs' interpretations of the deposition referenced and events described in paragraph 169 of the Second Amended Master Complaint and specifically deny that Old JJCI's cosmetic talcum powder products contain asbestos.  Defendants deny the remaining allegations in paragraph 169 of the Second Amended Master Complaint.

170.  Defendants state that the document referenced in paragraph 170 of the Second Amended Master Complaint speaks for itself.  As such, Defendants deny the allegations in paragraph 170 of the Second Amended Master Complaint.

171.  Defendants state that the labels referenced in paragraph 171 speak for themselves. Defendants state that Johnson and Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder

for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods. Defendants deny the remaining allegations in paragraph 171 of the Second Amended Master Complaint.

172. Defendants state that the labels referenced in paragraph 172 speak for themselves. Defendants state that Johnson and Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods. Defendants state that Plaintiffs' interpretations of the testimony referenced in paragraph 172 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the remaining allegations in paragraph 172 of the Second Amended Master Complaint.

173. Defendants deny the allegations in paragraph 173 of the Second Amended Master Complaint.

174. Defendants deny the allegations in paragraph 174 of the Second Amended Master Complaint.

175. Defendants deny the allegations in paragraph 175 of the Second Amended Master Complaint and specifically deny that Old JJCI's cosmetic talcum powder products contained asbestos.

176. Defendants deny the allegations in paragraph 176 of the Second Amended Master Complaint and specifically deny that Old JJCI's cosmetic talcum powder products contained asbestos.

177. Defendants deny the allegations in paragraph 177 of the Second Amended Master Complaint and specifically deny that Old JJCI's cosmetic talcum powder products contained asbestos.

178. Defendants deny the allegations in paragraph 178 of the Second Amended Master Complaint.

179. Defendants state that Plaintiffs' allegations regarding the events described in paragraph 179 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants therefore deny the allegations in paragraph 179 of the Second Amended Master Complaint.

180. Defendants deny the allegations in paragraph 180 of the Second Amended Master Complaint.

181. Defendants deny the allegations in paragraph 181 of the Second Amended Master Complaint.

182. Defendants deny the allegations in paragraph 182 of the Second Amended Master Complaint.

183. Defendants deny the allegations in paragraph 183 of the Second Amended Master Complaint.

184. Defendants deny the allegations in paragraph 184 of the Second Amended Master Complaint.

185. Defendants deny the allegations in paragraph 185 of the Second Amended Master Complaint.

186. Defendants deny the allegations in paragraph 186 of the Second Amended Master Complaint.

187. Defendants deny the allegations in paragraph 187 of the Second Amended Master Complaint.

188.  Defendants deny the allegations in paragraph 188 of the Second Amended Master Complaint.

189.  Defendants state that the article referenced in paragraph 189 of the Second Amended Master Complaint speaks for itself.  Defendants state that Plaintiffs' interpretations of the article referenced in paragraph 189 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 189 of the Second Amended Master Complaint.

190.  Defendants state that the document referenced in paragraph 190 of the Second Amended Master Complaint speaks for itself.  Defendants deny the allegations in paragraph 190 of the Second Amended Master Complaint.

191.  Defendants state that Plaintiffs' allegations regarding the events described in paragraph 191 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 191 of the Second Amended Master Complaint.

192.  Defendants state that Plaintiffs' allegations regarding the events described in paragraph 192 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 192 of the Second Amended Master Complaint.

193.  Defendants deny the allegations in paragraph 193 of the Second Amended Master Complaint.

194.  Defendants deny the allegations in paragraph 194 of the Second Amended Master Complaint.

195. Defendants deny the allegations in paragraph 195 of the Second Amended Master Complaint.

196. Defendants state that Plaintiffs' allegations regarding the events described in paragraph 196 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 196 of the Second Amended Master Complaint.

197. Defendants state that Plaintiffs' allegations regarding the events described in paragraph 197 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 197 of the Second Amended Master Complaint.

198. Defendants deny the allegations in paragraph 198 of the Second Amended Master Complaint.

199. Defendants state that the Cosmetic Ingredient Review ("CIR") reviews the safety of ingredients used in cosmetic products. Defendants state that Plaintiffs' allegations in paragraph 199 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 199 of the Second Amended Master Complaint.

200. Defendants state that Plaintiffs' allegations in paragraph 200 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 200 of the Second Amended Master Complaint.

201. Defendants deny the allegations in paragraph 201 of the Second Amended Master Complaint.

202. Defendants state that Plaintiffs' allegations in paragraph 202 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants further state that the remaining allegations set forth in paragraph 202 of the Second Amended Master Complaint are directed at parties other than Defendants and thus, no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 202 of the Second Amended Master Complaint.

203. Defendants deny the allegations in paragraph 203 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

204. Defendants deny the allegations in paragraph 204 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system). Defendants state that Plaintiffs' allegations in paragraph 204 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.

205. Defendants deny the allegations in paragraph 205 of the Second Amended Master Complaint.

206. Defendants state that Johnson & Johnson Consumer Companies, Inc. sold SHOWER TO SHOWER® to Valeant Pharmaceuticals International, Inc. in 2012. Defendants state that the remaining allegations set forth in paragraph 206 of the Second Amended Master Complaint are directed at parties other than Defendants and thus, no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 206 of the Second Amended Master Complaint.

207.  Defendants state that Plaintiffs' interpretation of the events described in paragraph 207 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  As such, Defendants deny the allegations in paragraph 207 of the Second Amended Master Complaint.

208.  Defendants deny the allegations in paragraph 208 of the Second Amended Master Complaint.

209.  Defendants deny the allegations in paragraph 209 of the Second Amended Master Complaint.

## IX.    Defendants' Interactions with the Government and Public[8]

210.  Defendants admit that the FDA has made inquiries related to whether cosmetic talcum powder products contain asbestos.  Defendants deny the remaining allegations in paragraph 210 of the Second Amended Master Complaint.

211.  Defendants state that their responses to the FDA speak for themselves.  To the extent Plaintiffs' allegations in paragraph 211 of the Second Amended Master Complaint mischaracterize those responses,  Defendants deny the allegations in paragraph 211 of the Second Amended Master Complaint.

212.  Defendants deny the allegations in paragraph 212 of the Second Amended Master Complaint.

213.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 213 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 213 of the Second Amended Master Complaint.

---

[8] As indicated above, Defendants disagree with the characterization of this heading as included in the Second Amended Master Complaint and instead use this language.

214.  Defendants deny the allegations in paragraph 214 of the Second Amended Master Complaint.

215.  Defendants deny the allegations in paragraph 215 of the Second Amended Master Complaint.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves.

216.  Defendants deny the allegations in paragraph 216 of the Second Amended Master Complaint.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves.

217.  Defendants deny the allegations in paragraph 217 of the Second Amended Master Complaint.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves.

218.  Defendants deny the allegations in paragraph 218 of the Second Amended Master Complaint.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves.

219.  Defendants deny the allegations in paragraph 219 of the Second Amended Master Complaint.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves.  Defendants further state that the statements in the document referenced in paragraph 219 of the Second Amended Master Complaint speak for themselves.

220.  Defendants deny the allegations in paragraph 220 of the Second Amended Master Complaint.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves.  Defendants further state that the statements in

the document referenced in paragraph 220 of the Second Amended Master Complaint speak for themselves.

221. Defendants deny the allegations in paragraph 221 of the Second Amended Master Complaint. Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves. Defendants further state that the statements in the document referenced in paragraph 221 of the Second Amended Master Complaint speak for themselves.

222. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 222 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 222 of the Second Amended Master Complaint.

223. Defendants state that Plaintiffs' allegations regarding the events described in paragraph 223 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 223 of the Second Amended Master Complaint.

224. Defendants deny the allegations in paragraph 224 of the Second Amended Master Complaint.

225. Defendants deny the allegations in paragraph 225 of the Second Amended Master Complaint.

226. Defendants state that Plaintiffs' interpretations of the events described in paragraph 226 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 226 of the Second Amended Master Complaint.

227. Defendants state that Plaintiffs' interpretations of the documents referenced, and events described, in paragraph 227 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 227 of the Second Amended Master Complaint.

228. Defendants state that Plaintiffs' interpretations of the testimony referenced in paragraph 228 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 228 of the Second Amended Master Complaint.

229. Defendants state that Plaintiffs' interpretations of the documents and testimony referenced in paragraph 229 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 229 of the Second Amended Master Complaint.

230. Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves and deny allegations inconsistent therewith.

231. Defendants deny the allegations in paragraph 231 of the Second Amended Master Complaint.

232. Defendants deny the allegations in paragraph 232 of the Second Amended Master Complaint.

233. Defendants deny the allegations in paragraph 233 of the Second Amended Master Complaint.

234. Defendants state that the "Method J4-1" document speaks for itself. Defendants deny the allegations in paragraph 234 of the Second Amended Master Complaint.

235. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 235 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 235 of the Second Amended Master Complaint.

236. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 236 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 236 of the Second Amended Master Complaint.

237. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 237 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 237 of the Second Amended Master Complaint.

238. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 238 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 238 of the Second Amended Master Complaint.

239. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 239 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 239 of the Second Amended Master Complaint.

240. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 240 of the Second Amended Master Complaint are misleading, inaccurate, and taken

out of context.  Defendants deny the allegations in paragraph 240 of the Second Amended Master Complaint.

241.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 241 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 241 of the Second Amended Master Complaint.

242.  Defendants deny the allegations in paragraph 242 of the Second Amended Master Complaint.

243.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 243 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 243 of the Second Amended Master Complaint.

244.  Defendants deny the allegations in paragraph 244 of the Second Amended Master Complaint.

245.  Defendants state that Plaintiffs' allegations regarding the document and testimony referenced in paragraph 245 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 245 of the Second Amended Master Complaint.

246.  Defendants deny the allegations in paragraph 246 of the Second Amended Master Complaint.

247.  Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 247 of the Second Amended Master Complaint are misleading, inaccurate, and taken

out of context.  Defendants deny the allegations in paragraph 247 of the Second Amended Master Complaint.

248.  Defendants deny the allegations in paragraph 248 of the Second Amended Master Complaint.

249.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 249 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 249 of the Second Amended Master Complaint.

250.  Defendants state that Plaintiffs' allegations regarding the documents referenced in paragraph 250 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 250 of the Second Amended Master Complaint.

251.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 251 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 251 of the Second Amended Master Complaint.

252.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 252 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 252 of the Second Amended Master Complaint.

253.  Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 253 of the Second Amended Master Complaint are misleading, inaccurate, and taken

out of context.  Defendants deny the allegations in paragraph 253 of the Second Amended Master Complaint.

254. Defendants deny that Old JJCI's cosmetic talcum powder products contained asbestos.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves and deny allegations inconsistent therewith. Defendants further state that the statements in the document referenced in paragraph 254 of the Second Amended Master Complaint speaks for itself.

255.  Defendants state that communications between Defendants and FDA have been produced to Plaintiffs and speak for themselves and deny allegations inconsistent therewith. Defendants deny the allegations in paragraph 255 of the Second Amended Master Complaint.

256. Defendants state that Plaintiffs' allegations regarding the document referenced in paragraph 256 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 256 of the Second Amended Master Complaint.

## X.    Johnson & Johnson Evidence Preservation[9]

257.  Defendants deny the allegations in paragraph 257 of the Second Amended Master Complaint.

258.  Defendants deny the allegations in paragraph 258 of the Second Amended Master Complaint.

259.  With respect to the allegations in paragraph 259 of the Second Amended Master Complaint, Defendants admit that on April 15, 1969, T.M. Thompson, M.D. wrote W.H. Ashton a letter, which states in part: "We have been concerned to a much greater extent with regard to

_____

[9] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

possible dangers relative to the inhalation of the talc with a spicule or needle-like crystalline structure as compared with the flat, platelet—type of crystalline structure.  There are reports in the literature concerning talcosis which, as you know, is a form of pneumoconiosis attributed to the inhalation of talc. Reported studies have suggested that this does not occur in connection with the flat, platelet-type of talc, but does occur in connection with the spicule-type of crystalline structure characteristic of Tremolite.  The reported instances have been extremely few but have, without exception, involved inhalations of high concentrations on an occupational basis of many years duration…  Since pulmonary diseases, including inflammatory, fibroplastic, and neoplastic types, appear to be on the increase, it would seem to be prudent to limit any possible content of Tremolite in our powder formulation to an absolute minimum."  Except as admitted herein, Defendants deny the allegations in paragraph 259 of the Second Amended Master Complaint.

260.  With respect to the allegations contained in paragraph 260 of the Second Amended Master Complaint, Defendants admit that on April 15, 1969, T.M. Thompson, M.D. wrote W.H. Ashton a letter, which states in part: "To the best of my knowledge, we have never been faced with any litigation involving either skin or lung penetration by our talc formulations.  Some years ago, we were faced with a more or less serious problem resulting from what we consider to have been an unjust accusation of danger due to the presence of a small amount of boric acid in our talc.  This created such a furor that we were more or less compelled to remove boric acid from the formulation.  It is conceivable that a similar situation might eventually arise if it became known that our talc formulations contained any significant amount of Tremolite.  Since the usage of these products is so widespread, and the existence of pulmonary disease is increasing, it is not inconceivable that we could become involved in litigation in which pulmonary fibrosis or other changes might be rightfully or wrongfully attributed to inhalation of our powder formulations.  It

might be that someone in the Law Department should be consulted with regard to the defensibility of our position in the event that such a situation could ever arise." Except as admitted herein, Defendants deny the allegations in paragraph 260 of the Second Amended Master Complaint.

261. With respect to the allegations contained in paragraph 260 of the Second Amended Master Complaint, Defendants admit that on April 15, 1969, T.M. Thompson, M.D. wrote W.H. Ashton a letter, which states in part: "To the best of my knowledge, we have never been faced with any litigation involving either skin or lung penetration by our talc formulations. Some years ago, we were faced with a more or less serious problem resulting from what we consider to have been an unjust accusation of danger due to the presence of a small amount of boric acid in our talc. This created such a furor that we were more or less compelled to remove boric acid from the formulation. It is conceivable that a similar situation might eventually arise if it became known that our talc formulations contained any significant amount of Tremolite." Except as admitted herein, Defendants deny the allegations in paragraph 261 of the Second Amended Master Complaint.

262. Defendants deny the allegations in paragraph 262 of the Second Amended Master Complaint.

263. Defendants deny the allegations in paragraph 263 of the Second Amended Master Complaint.

264. Defendants deny the allegations in paragraph 264 of the Second Amended Master Complaint.

265. Defendants deny the allegations in paragraph 265 of the Second Amended Master Complaint.

266. Defendants deny the allegations in paragraph 266 of the Second Amended Master Complaint.

267. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 267 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 267 of the Second Amended Master Complaint.

268. Defendants deny the allegations in paragraph 268 of the Second Amended Master Complaint.

269. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 269 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 269 of the Second Amended Master Complaint.

270. Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 270 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 270 of the Second Amended Master Complaint.

271. Defendants deny the allegations in paragraph 271 of the Second Amended Master Complaint.

272. Defendants deny the allegations in paragraph 272 of the Second Amended Master Complaint.

273. Defendants deny the allegations in paragraph 273 of the Second Amended Master Complaint.

274.  Defendants deny the allegations in paragraph 274 of the Second Amended Master Complaint.

275.  With respect to the allegations contained in paragraph 275 of the Second Amended Master Complaint, Defendants admit that they were aware that it was the policy of McCrone Environmental Service, Inc. in 1987 "to hold samples for 30 days after issuance of the analysis report at no additional charge to the client.  At the end of the 30 day period, samples will be disposed of unless written request to return has been received in our office."  Defendants further admit that they have not identified information indicating they instructed McCrone to retain samples beyond 30 days.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 275 of the Second Amended Master Complaint.

276.  With respect to the allegations contained in paragraph 276 of the Second Amended Master Complaint, Defendants admit that they have not located the results of each and every test ever conducted for the presence of asbestos or asbestiform minerals in the talc used in the manufacture of Defendants' cosmetic talc products and expect that some may have been lost or disposed of in the ordinary course of business.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 276 of the Second Amended Master Complaint.

277.  Defendants deny the allegations in paragraph 277 of the Second Amended Master Complaint.

278.  Defendants state that Plaintiffs' allegations regarding the testimony referenced in paragraph 278 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 278 of the Second Amended Master Complaint.

279.  Defendants deny the allegations in paragraph 279 of the Second Amended Master Complaint.

280.  Defendants deny the allegations in paragraph 280 of the Second Amended Master Complaint.

281.  Defendants deny the allegations in paragraph 281 of the Second Amended Master Complaint.

282.  Defendants state that the testimony referenced in paragraph 282 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the testimony in paragraph 282 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 282 of the Second Amended Master Complaint.

283.  Defendants deny the allegations in paragraph 283 of the Second Amended Master Complaint.

284.  Defendants deny the allegations in paragraph 284 of the Second Amended Master Complaint as stated.

285.  With respect to the allegations contained in paragraph 285 of the Second Amended Master Complaint, Defendants admit that the June 17, 1985 memorandum from Patricia J. Mills titled Ingestions and Inhalations Requiring Medical Attention Johnson's Baby Powder January, 1982— January, 1985 stated in part as follows regarding Complaint #02043, which a separate document bearing the Bates number JNJ 000058414 identifies as *Joly*: "Consumer used JOHNSON'S Baby Powder for years since unable to use deodorant due to allergies.  He consulted his physician in 1981 due to shortness of breath and chronic cough.  Two years prior he was admitted to the hospital for acute bronchitis and was found to have chronic bronchitis.  Scarring

of lung tissue was noted on x-ray. Pulmonary function studies revealed very severe obstruction of the small airways. Consumer did not respond to bronchodilators.  Talc crystals were identified in consumer's sputum."  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 285 of Second Amended Master Complaint.

286.  Defendants deny the allegations in paragraph 286 of the Second Amended Master Complaint.

287.  Defendants deny the allegations in paragraph 287 of the Second Amended Master Complaint.

288.  Defendants state that the document referenced in paragraph 288 speaks for itself and deny allegations inconsistent therewith.  As such, Defendants deny the allegations contained in paragraph 288 of Second Amended Master Complaint.

289.  Defendants deny the allegations in paragraph 289 of the Second Amended Master Complaint.

290.  Defendants deny the allegations in paragraph 290 of the Second Amended Master Complaint.

291.  Defendants state that the document referenced in paragraph 291 speaks for itself and deny allegations inconsistent therewith.  Defendants state that Plaintiffs' interpretations of the document referenced and the events described in paragraph 291 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 291 of the Second Amended Master Complaint.

292.  Defendants state that Plaintiffs' interpretations of the document referenced, and the events described, in paragraph 292 of the Second Amended Master Complaint are misleading,

inaccurate, and taken out of context. Defendants deny the allegations in paragraph 292 of the Second Amended Master Complaint.

293. Defendants deny the allegations in paragraph 293 of the Second Amended Master Complaint.

294. Defendants admit the statement in paragraph 294 of the Second Amended Master Complaint. Defendants deny any implications Plaintiffs attempt to draw therefrom.

295. With respect to the allegations contained in paragraph 295 of the Second Amended Master Complaint, Defendants admit that John P. Schelz, a Johnson & Johnson employee, was Chairman of the CTFA Task Force on Round Robin Testing of Consumer Talcum Products and was involved in coordination of the round robin testing of talcum powder products manufactured by member companies. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 295 of the Second Amended Master Complaint.

296. With respect to the allegations contained in paragraph 296 of the Second Amended Master Complaint, Defendants admit that as part of the 1977 round robin testing of the CTFA Task Force on Round Robin Testing of Consumer Talcum Products, John P. Schelz received the results of the analyses and prepared a table using code numbers. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 296 of the Second Amended Master Complaint.

297. With respect to the allegations contained in paragraph 227 of the Second Amended Master Complaint, Defendants admit that they have not identified information indicating that John P. Schelz sent the code key to any other company. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 297 of the Second Amended Master Complaint.

298.  With respect to the allegations contained in paragraph 298 of the Second Amended Master Complaint, Defendants admit that as part of the 1977 round robin testing of the CTFA Task Force on Round Robin Testing of Consumer Talcum Products, John P. Schelz sent the only other copy of the code key to Charles Haynes of the CTFA with instruction to contact each of the participating companies and inform them of the results of their product only and then to destroy his copy of the code key.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 298 of the Second Amended Master Complaint.

299.  Defendants deny the allegations in paragraph 299 of the Second Amended Master Complaint.

300.  With respect to the allegations contained in paragraph 230 of the Second Amended Master Complaint, Defendants admit that all participants in the 1977 round robin testing of the CTFA Task Force on Round Robin Testing of Consumer Talcum Products agreed in advance to the process of destroying the code key.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 300 of the Second Amended Master Complaint.

301.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 301 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 301 of the Second Amended Master Complaint.

302.  Defendants deny the allegations in paragraph 302 of the Second Amended Master Complaint.

303.  Defendants deny the allegations in paragraph 303 of the Second Amended Master Complaint.

## XI.    Johnson & Johnson's Court Involvement[10]

304.  Defendants deny the allegations in paragraph 304 of the Second Amended Master Complaint.

305.  Defendants state that the depositions referenced in paragraph 305 of the Second Amended Master Complaint speak for themselves.  Defendants state that Plaintiffs' interpretations of the events described in paragraph 305 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants therefore deny the allegations in paragraph 305 of the Second Amended Master Complaint.

306.  Defendants state that the deposition referenced in paragraph 306 of the Second Amended Master Complaint speaks for itself.  Defendants state that Plaintiffs' interpretations of the deposition referenced in paragraph 306 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 306 of the Second Amended Master Complaint.

307.  Defendants state that the depositions referenced in paragraph 307 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the events described are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 307 of the Second Amended Master Complaint.

308.  Defendants state that the deposition referenced in paragraph 308 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced in paragraph 308 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of

---

[10] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

context. Defendants deny the allegations in paragraph 308 of the Second Amended Master Complaint.

309. Defendants state that the deposition referenced in paragraph 309 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

310. Defendants state that the deposition referenced in paragraph 310 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events described in paragraph 310 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 310 of the Second Amended Master Complaint.

311. Defendants state that the deposition referenced in paragraph 311 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events described in paragraph 311 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 311 of the Second Amended Master Complaint.

312. Defendants state that the deposition referenced in paragraph 312 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events described in paragraph 312 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 312 of the Second Amended Master Complaint.

313. Defendants state that the deposition referenced in paragraph 313 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the events described in paragraph 313 of

the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 313 of the Second Amended Master Complaint.

   **A.** ***Westfall v. Whittaker Clark & Daniels, et al.*, No. 79-0269 (D.R.I.)**

   314.    Defendants admit that David Howard Westfall filed a lawsuit alleging exposure to asbestos-containing talc products in 1979.  Defendants deny that Old J&J's talc products contained asbestos or were the cause of David Howard Westfall's injuries.

   315.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 315 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 315 of the Second Amended Master Complaint.

   316.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 316 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 316 of the Second Amended Master Complaint.

   317.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 316 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 316 of the Second Amended Master Complaint.

   318.    Defendants state that Plaintiffs' interpretations of the events described in paragraph 318 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 318 of the Second Amended Master Complaint.

319. Defendants state that Plaintiffs' interpretations of the events described in paragraph 319 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 319 of the Second Amended Master Complaint as stated.

320. Defendants state that Plaintiffs' interpretations of the events described in paragraph 320 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 320 of the Second Amended Master Complaint.

321. Defendants state that Plaintiffs' interpretations of the events described in paragraph 321 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 321 of the Second Amended Master Complaint.

322. Defendants state that the document referenced in paragraph 322 of the Second Amended Master Complaint speaks for itself.  Defendants further state that Plaintiffs' interpretations of the document described are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 322 of the Second Amended Master Complaint.

**B.  *Gambino v. Johnson & Johnson Baby Products Co.*, No. L-064200-83 (N.J. Super.)**

323. Defendants state that the docket referenced in paragraph 323 of the Second Amended Master Complaint speaks for itself.

324. Defendants state that Plaintiffs' interpretations of the events described in paragraph 324 of the Second Amended Master Complaint are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 324 of the Second Amended Master Complaint.

325. Defendants deny the allegations in paragraph 325 of the Second Amended Master Complaint as stated.

**C.** *Yuhas v. Windsor Minerals, Inc., et al.*, **No. MID-L-029706-84 (N.J. Super.);** *Edley v. Windsor Minerals Inc., et al.*, **No. MID-L-075913-86 (N.J. Super.)**

326. Defendants deny the allegations in paragraph 326 of the Second Amended Master Complaint.

327. Defendants state that the letter referenced in paragraph 327 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the letter referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 327 of the Second Amended Master Complaint.

328. Defendants state that the affidavit referenced in paragraph 328 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the affidavit referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 328 of the Second Amended Master Complaint.

329. Defendants deny the allegations in paragraph 329 of the Second Amended Master Complaint.

330. Defendants state that the affidavit referenced in paragraph 330 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the affidavit referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 330 of the Second Amended Master Complaint.

331.  Defendants deny the allegations in paragraph 331 of the Second Amended Master Complaint.

332.  Defendants state that the letter referenced in paragraph 332 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.  Defendants state that Plaintiffs' interpretations of the letter referenced are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 332 of the Second Amended Master Complaint.

333.  Defendants state that the letter referenced in paragraph 333 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.  Defendants state that Plaintiffs' interpretations of the letter referenced are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 333 of the Second Amended Master Complaint.

334.  Defendants state that the letter referenced in paragraph 334 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.  Defendants state that Plaintiffs' interpretations of the letter referenced are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 334 of the Second Amended Master Complaint.

335.  Defendants state that Plaintiffs' interpretations of the reports referenced because they are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 335 of the Second Amended Master Complaint.

336.  Defendants deny the allegations in paragraph 336 of the Second Amended Master Complaint.

337.  Defendants state that the answer referenced in paragraph 337 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the answer referenced  are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 337 of the Second Amended Master Complaint.

338.  Defendants state that the transcript referenced in paragraph 338 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the transcript referenced  are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 338 of the Second Amended Master Complaint.

339.  Defendants deny the allegations in paragraph 339 of the Second Amended Master Complaint.

340.  Defendants state that Plaintiffs' interpretations of the transcript referenced are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 340 of the Second Amended Master Complaint.

**D.  Case Activity Between 1980 and 1990**[11]

341.  Defendants state that the agreement referenced in paragraph 341 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the agreement referenced  are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 341 of the Second Amended Master Complaint.

---

[11] As noted above, Defendants deny Plaintiffs' characterization of the heading provided in Plaintiffs' Second Amended Master Complaint and therefore provide this revised heading.

342.  Defendants state that the agreement referenced in paragraph 342 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the agreement referenced  are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 342 of the Second Amended Master Complaint.

343.  Defendants state that Plaintiffs' interpretations of the agreement referenced  are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 343 of the Second Amended Master Complaint.

344.  Defendants deny the allegations in paragraph 344 of the Second Amended Master Complaint.

345.  Defendants state that the affidavit referenced in paragraph 345 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the affidavit referenced because they are misleading, inaccurate, and taken out of context.  Defendants deny the remaining allegations in paragraph 345 of the Second Amended Master Complaint.

346.  Defendants state that the affidavit referenced in paragraph 346 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the affidavit referenced  are misleading, inaccurate, and taken out of context.  Defendants deny the  allegations in paragraph 346 of the Second Amended Master Complaint.

347.  Defendants deny the allegations in paragraph 347 of the Second Amended Master Complaint.

348. Defendants state that the testimony referenced in paragraph 348 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the testimony and events referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 348 of the Second Amended Master Complaint.

349. Defendants deny the allegations in paragraph 349 of the Second Amended Master Complaint.

350. Defendants state that Plaintiffs' interpretations of the affidavit and events referenced because they are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 350 of the Second Amended Master Complaint.

351. Defendants deny the allegations in paragraph 351 of the Second Amended Master Complaint.

352. Defendants deny the allegations in paragraph 352 of the Second Amended Master Complaint.

353. Defendants state that the affidavit referenced in paragraph 353 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the affidavit referenced because they are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 353 of the Second Amended Master Complaint.

354. Defendants state that the affidavit referenced in paragraph 354 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the affidavit referenced because they are

misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 354 of the Second Amended Master Complaint.

355.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 355 of the Second Amended Master Complaint and therefore deny the same.

E. *Ritter v. Cyprus, et al.*, No. 93-5121-CV-8 (W.D. Mo.)

356.  Defendants deny the allegations in paragraph 356 of the Second Amended Master Complaint.

357.  Defendants state that the letter referenced in paragraph 357 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.  Defendants further state that Plaintiffs' interpretations of the letter referenced because they are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 357 of the Second Amended Master Complaint.

358.  Defendants deny the allegations in paragraph 358 of the Second Amended Master Complaint.

359.  Defendants state that the documents referenced in paragraph 357 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith.  Defendants further state that Plaintiffs' interpretations of the documents referenced because they are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 359 of the Second Amended Master Complaint.

360.  Defendants state that the testimony referenced in paragraph 360 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.  Defendants further state that Plaintiffs' interpretations of the testimony referenced because they

are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 360 of the Second Amended Master Complaint.

361.  Defendants deny the allegations in paragraph 361 of the Second Amended Master Complaint.

**F.  *Selby v. Johnson & Johnson, et al.*, No. 670577 (Cal. Sup. Ct.)**

362. Defendants state that the docket referenced in paragraph 362 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the case referenced because they are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 362 of the Second Amended Master Complaint.

363.  Defendants state that the interrogatories referenced in paragraph 363 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the interrogatories referenced are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 363 of the Second Amended Master Complaint.

**G.  *Coker v. Johnson & Johnson, et al.*, No. D-157,746 (Tex. 136th Judicial Dist. Ct.)**

364.  Defendants state that the docket referenced in paragraph 364 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the case referenced are misleading, inaccurate,

and taken out of context. Defendants deny the allegations in paragraph 364 of the Second Amended Master Complaint.

365. Defendants admit the allegations in paragraph 365 of the Second Amended Master Complaint.

366. Defendants admit the allegations in paragraph 366 of the Second Amended Master Complaint.

367. Defendants state that the interrogatories referenced in paragraph 367 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the interrogatories referenced  are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 367 of the Second Amended Master Complaint.

368. Defendants state that the interrogatories referenced in paragraph 368 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the interrogatories referenced  are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 368 of the Second Amended Master Complaint.

369. Defendants state that the interrogatories referenced in paragraph 369 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants state that Plaintiffs' interpretations of the interrogatories referenced because they are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 369 of the Second Amended Master Complaint.

370. Defendants state that the interrogatories referenced in paragraph 370 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith.

Defendants further state that Plaintiffs' interpretations of the interrogatories referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 370 of the Second Amended Master Complaint.

371. Defendants state that the deposition referenced in paragraph 371 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 371 of the Second Amended Master Complaint.

372. Defendants deny the allegations in paragraph 372 of the Second Amended Master Complaint.

373. Defendants deny the allegations in paragraph 373 of the Second Amended Master Complaint.

374. Defendants state that the documents referenced in paragraph 374 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the documents referenced  are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 374 of the Second Amended Master Complaint.

375. Defendants state that the documents referenced in paragraph 375 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the documents referenced are misleading,

inaccurate, and taken out of context. Defendants deny the allegations in paragraph 375 of the Second Amended Master Complaint.

376. Defendants deny the allegations in paragraph 376 of the Second Amended Master Complaint.

377. Defendants state that the deposition referenced in paragraph 377 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced because they are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 377 of the Second Amended Master Complaint.

378. Defendants state that the correspondence referenced in paragraph 378 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the correspondence referenced because they are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 378 of the Second Amended Master Complaint.

379. Defendants state that the document referenced in paragraph 379 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the document referenced because they are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 379 of the Second Amended Master Complaint.

380. Defendants deny the allegations in paragraph 380 of the Second Amended Master Complaint.

381. Defendants state that the deposition referenced in paragraph 381 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

Defendants further state that Plaintiffs' interpretations of the deposition referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 381 of the Second Amended Master Complaint.

382. Defendants deny the allegations in paragraph 382 of the Second Amended Master Complaint.

**H. *Krushinski v. Johnson & Johnson Baby Products Cos.*, No. MID-L-9389-99 (N.J. Super.)**

383. Defendants state that the interrogatories referenced in paragraph 383 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the interrogatories referenced because they are misleading, inaccurate, and taken out of context.

384. Defendants state that the interrogatories referenced in paragraph 384 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the interrogatories referenced because they are misleading, inaccurate, and taken out of context.

385. Defendants deny the allegations in paragraph 385 of the Second Amended Master Complaint.

386. Defendants state that the deposition referenced in paragraph 386 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 386 of the Second Amended Master Complaint.

387. Defendants state that the deposition referenced in paragraph 387 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith.

69

Defendants further state that Plaintiffs' interpretations of the deposition referenced are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 387 of the Second Amended Master Complaint.

388.  Defendants state that the deposition referenced in paragraph 388 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 388 of the Second Amended Master Complaint.

389.  Defendants state that the deposition referenced in paragraph 389 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 389 of the Second Amended Master Complaint.

390.  Defendants state that the deposition referenced in paragraph 390 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the deposition referenced because they are misleading, inaccurate, and taken out of context.  Defendants deny the allegations in paragraph 390 of the Second Amended Master Complaint.

**I.** ***Durham v. Metropolitan Life Ins. Co.*, No. 05C-07-136 ASB (Del. Sup. Ct. New Castle Cnty.)**

391.  Defendants state that the affidavit referenced in paragraph 391 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the affidavit referenced  are misleading, inaccurate, and taken out of context.

392. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 392 of the Second Amended Master Complaint. Defendants reserve the right to amend their answer in the event Plaintiffs amend their complaint substituting terms currently unknown to Defendants.

393. Defendants deny the allegations in paragraph 393 of the Second Amended Master Complaint.

394. Defendants state that the document referenced in paragraph 394 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the document referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 394 of the Second Amended Master Complaint.

395. Defendants state that the document referenced in paragraph 395 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the document referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 395 of the Second Amended Master Complaint.

396. Defendants state that the testimony referenced in paragraph 396 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants further state that Plaintiffs' interpretations of the testimony referenced are misleading, inaccurate, and taken out of context. Defendants deny the allegations in paragraph 396 of the Second Amended Master Complaint.

**J.  *Payan v. CBS Corp., et al.*, No. BC 608412 (Cal. Sup. Ct., Los Angeles Cnty.)**

397. Defendants state that the affidavit referenced in paragraph 397 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the affidavit referenced because they are misleading, inaccurate, and taken out of context.

398. Defendants state that the deposition referenced in paragraph 398 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the deposition referenced because they are misleading, inaccurate, and taken out of context.

399. Defendants state that the testimony referenced in paragraph 391 of the Second Amended Master Complaint speaks for itself and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the affidavit referenced because they are misleading, inaccurate, and taken out of context.

400. Defendants deny the allegations in paragraph 400 of the Second Amended Master Complaint.

## XII.    Federal Standards and Requirements

401. Defendants state that the allegations in paragraph 401 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the allegations in paragraph 401 of the Second Amended Master Complaint.

402. Defendants state that the allegations in paragraph 402 of the Second Amended Master Complaint pertaining to a legal duty call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as

Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the allegations in paragraph 402 of the Second Amended Master Complaint.

403. Defendants state that the allegations in paragraph 403 of the Second Amended Master Complaint pertaining to a legal duty call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the allegations in paragraph 403 of the Second Amended Master Complaint.

404. Defendants state that the allegations in paragraph 404 of the Second Amended Master Complaint pertaining to a legal duty call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the allegations in paragraph 404 of the Second Amended Master Complaint.

405. Defendants deny the allegations in paragraph 405 of the Second Amended Master Complaint.

406. Defendants deny the allegations in paragraph 406, and all subparts of paragraph 406, of the Second Amended Master Complaint.

## COUNT I – STRICT LIABILITY – FAILURE TO WARN
### (Against Imerys Talc)

407. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 407 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the remaining allegations in paragraph 407 of the Second Amended Master Complaint.

408. Defendants state that the allegations in paragraph 408 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 408 of the Second Amended Master Complaint.

409. Defendants state that the allegations in paragraph 409 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 409 of the Second Amended Master Complaint.

410. Defendants state that the allegations in paragraph 410 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 410 of the Second Amended Master Complaint.

411. Defendants state that the allegations in paragraph 411 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 411 of the Second Amended Master Complaint.

412. Defendants state that the allegations in paragraph 412 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 412 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

413. Defendants state that the allegations in paragraph 413 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 413 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

414. Defendants state that the allegations in paragraph 414 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 414 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

415. Defendants state that the allegations in paragraph 415 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 415 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

416. Defendants state that the allegations in paragraph 416 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 416 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT II – STRICT LIABILITY – FAILURE TO WARN
### (Against Johnson & Johnson)

417. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 417 of the Second Amended Master Complaint.

418.  Defendants deny the allegations in paragraph 418 of the Second Amended Master Complaint.

419.  Defendants deny the allegations in paragraph 419 of the Second Amended Master Complaint.

420.  Defendants deny the allegations in paragraph 420 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

421.  Defendants deny the allegations in paragraph 421 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

422.  Defendants deny the allegations in paragraph 422 of the Second Amended Master Complaint.

423.  Defendants deny the allegations in paragraph 423 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

424.  Defendants deny the allegations in paragraph 424 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

425.  Defendants deny the allegations in paragraph 425 of the Second Amended Master Complaint.

## COUNT III – STRICT LIABILITY – FAILURE TO WARN
### (Against Old JJCI)

426.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 426 of the Second Amended Master Complaint.

427.  Defendants deny the allegations in paragraph 427 of the Second Amended Master Complaint.

428.  Defendants deny the allegations in paragraph 428 of the Second Amended Master Complaint.

429.  Defendants deny the allegations in paragraph 429 of the Second Amended Master Complaint.

430.  Defendants deny the allegations in paragraph 430 of the Second Amended Master Complaint.

431.  Defendants state that Old JJCI manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods.  Defendants further state that Old JJCI's products, including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, were retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 431 of the Second Amended Master Complaint.

432.  Defendants deny the allegations in paragraph 432 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

433.  Defendants deny the allegations in paragraph 433 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

434.  Defendants deny the allegations in paragraph 434 of the Second Amended Master Complaint.

435.  Defendants deny the allegations in paragraph 435 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

436.  Defendants deny the allegations in paragraph 436 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

437.  Defendants deny the allegations in paragraph 437 of the Second Amended Master Complaint.

## COUNT IV – STRICT LIABILITY – FAILURE TO WARN
### (Against LTL Management LLC)

438.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 438 of the Second Amended Master Complaint.

439.  Defendants deny the allegations in paragraph 439 of the Second Amended Master Complaint.

440.  Defendants deny the allegations in paragraph 440 of the Second Amended Master Complaint.

441.  Defendants deny the allegations in paragraph 441 of the Second Amended Master Complaint.

442.  Defendants deny the allegations in paragraph 442 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

443.  Defendants deny the allegations in paragraph 443 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

444.  Defendants deny the allegations in paragraph 444 of the Second Amended Master Complaint.

445.  Defendants deny the allegations in paragraph 445 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

446.  Defendants deny the allegations in paragraph 446 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

447.  Defendants deny the allegations in paragraph 447 of the Second Amended Master Complaint.

## COUNT V – STRICT LIABILITY – FAILURE TO WARN
### (Against Kenvue Inc.)

448.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 448 of the Second Amended Master Complaint.

449.  Defendants deny the allegations in paragraph 449 of the Second Amended Master Complaint.

450.  Defendants deny the allegations in paragraph 450 of the Second Amended Master Complaint.

451.  Defendants deny the allegations in paragraph 451 of the Second Amended Master Complaint.

452.  Defendants deny the allegations in paragraph 452 of the Second Amended Master Complaint.

453.  Defendants deny the allegations in paragraph 453 of the Second Amended Master Complaint.

454.  Defendants deny the allegations in paragraph 454 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

455.  Defendants deny the allegations in paragraph 455 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

456.  Defendants deny the allegations in paragraph 456 of the Second Amended Master Complaint.

457.  Defendants deny the allegations in paragraph 457 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

458.  Defendants deny the allegations in paragraph 458 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

459.  Defendants deny the allegations in paragraph 456 of the Second Amended Master Complaint.

## COUNT VI – STRICT LIABILITY – FAILURE TO WARN
### (Against Janssen Pharmaceuticals, Inc.)

460.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 460 of the Second Amended Master Complaint.

461.  Defendants deny the allegations in paragraph 461 of the Second Amended Master Complaint.

462.  Defendants deny the allegations in paragraph 462 of the Second Amended Master Complaint.

463.  Defendants deny the allegations in paragraph 463 of the Second Amended Master Complaint.

464.  Defendants deny the allegations in paragraph 464 of the Second Amended Master Complaint.

465.  Defendants deny the allegations in paragraph 465 of the Second Amended Master Complaint.

466.  Defendants deny the allegations in paragraph 466 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

467.  Defendants deny the allegations in paragraph 467 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

468.  Defendants deny the allegations in paragraph 468 of the Second Amended Master Complaint.

469.  Defendants deny the allegations in paragraph 469 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

470.  Defendants deny the allegations in paragraph 470 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

471.  Defendants deny the allegations in paragraph 471 of the Second Amended Master Complaint.

## COUNT VII – STRICT LIABILITY – FAILURE TO WARN
### (Against Imerys Talc)

472.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 472 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 472 of the Second Amended Master Complaint.

473.  Defendants state that the allegations in paragraph 473 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 473 of the Second Amended Master Complaint.

474. Defendants state that the allegations in paragraph 474 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 474 of the Second Amended Master Complaint.

475. Defendants state that the allegations in paragraph 475 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 475 of the Second Amended Master Complaint.

476. Defendants state that the allegations in paragraph 476 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 476 of the Second Amended Master Complaint.

477. Defendants state that the allegations in paragraph 477 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 477 of the Second Amended Master Complaint.

478. Defendants state that the allegations in paragraph 478 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 478 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

479. Defendants state that the allegations in paragraph 479 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 479 of the Second Amended Master Complaint.

## COUNT VIII – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against Johnson & Johnson)

480. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 480 of the Second Amended Master Complaint.

481. Defendants deny the allegations in paragraph 481 of the Second Amended Master Complaint.

482. Defendants deny the allegations in paragraph 482 of the Second Amended Master Complaint.

483. Defendants deny the allegations in paragraph 483 of the Second Amended Master Complaint.

484. Defendants deny the allegations in paragraph 484 of the Second Amended Master Complaint.

485. Defendants deny the allegations in paragraph 485 of the Second Amended Master Complaint.

486. Defendants deny the allegations in paragraph 486 of the Second Amended Master Complaint.

487. Defendants deny the allegations in paragraph 487 of the Second Amended Master Complaint.

488.  Defendants deny the allegations in paragraph 488 of the Second Amended Master Complaint.

## COUNT IX – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against Old JJCI)

489.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 489 of the Second Amended Master Complaint.

490.  Defendants deny the allegations in paragraph 490 of the Second Amended Master Complaint.

491.  Defendants deny the allegations in paragraph 491 of the Second Amended Master Complaint.

492.  Defendants deny the allegations in paragraph 492 of the Second Amended Master Complaint.

493.  Defendants deny the allegations in paragraph 493 of the Second Amended Master Complaint.

494.  Defendants state that Old JJCI manufactured and marketed the products at issue in this case, JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods.  Defendants further state that Old JJCI's products, including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, were retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 494 of the Second Amended Master Complaint.

495.  Defendants deny the allegations in paragraph 495 of the Second Amended Master Complaint.

496. Defendants deny the allegations in paragraph 496 of the Second Amended Master Complaint.

497. Defendants deny the allegations in paragraph 497 of the Second Amended Master Complaint.

498. Defendants deny the allegations in paragraph 498 of the Second Amended Master Complaint.

499. Defendants deny the allegations in paragraph 499 of the Second Amended Master Complaint.

500. Defendants deny the allegations in paragraph 500 of the Second Amended Master Complaint.

## COUNT X – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against LTL Management LLC)

501. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 501 of the Second Amended Master Complaint.

502. Defendants deny the allegations in paragraph 502 of the Second Amended Master Complaint.

503. Defendants deny the allegations in paragraph 503 of the Second Amended Master Complaint.

504. Defendants deny the allegations in paragraph 504 of the Second Amended Master Complaint.

505. Defendants deny the allegations in paragraph 505 of the Second Amended Master Complaint.

506. Defendants deny the allegations in paragraph 506 of the Second Amended Master Complaint.

507. Defendants deny the allegations in paragraph 507 of the Second Amended Master Complaint.

508. Defendants deny the allegations in paragraph 508 of the Second Amended Master Complaint.

509. Defendants deny the allegations in paragraph 509 of the Second Amended Master Complaint.

510. Defendants deny the allegations in paragraph 510 of the Second Amended Master Complaint.

## COUNT XI – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against Kenvue Inc.)

511. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 511 of the Second Amended Master Complaint.

512. Defendants deny the allegations in paragraph 512 of the Second Amended Master Complaint.

513. Defendants deny the allegations in paragraph 513 of the Second Amended Master Complaint.

514. Defendants deny the allegations in paragraph 514 of the Second Amended Master Complaint.

515. Defendants deny the allegations in paragraph 515 of the Second Amended Master Complaint.

516.  Defendants deny the allegations in paragraph 516 of the Second Amended Master Complaint.

517.  Defendants deny the allegations in paragraph 517 of the Second Amended Master Complaint.

518.  Defendants deny the allegations in paragraph 518 of the Second Amended Master Complaint.

519.  Defendants deny the allegations in paragraph 519 of the Second Amended Master Complaint.

520.  Defendants deny the allegations in paragraph 520 of the Second Amended Master Complaint.

521.  Defendants deny the allegations in paragraph 521 of the Second Amended Master Complaint.

522.  Defendants deny the allegations in paragraph 522 of the Second Amended Master Complaint.

## COUNT XII – STRICT LIABILITY – DEFECTIVE MANUFACTURE AND DESIGN
### (Against Kenvue Inc.)

523.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 523 of the Second Amended Master Complaint.

524.  Defendants deny the allegations in paragraph 524 of the Second Amended Master Complaint.

525.  Defendants deny the allegations in paragraph 525 of the Second Amended Master Complaint.

526. Defendants deny the allegations in paragraph 526 of the Second Amended Master Complaint.

527. Defendants deny the allegations in paragraph 527 of the Second Amended Master Complaint.

528. Defendants deny the allegations in paragraph 528 of the Second Amended Master Complaint.

529. Defendants deny the allegations in paragraph 529 of the Second Amended Master Complaint.

530. Defendants deny the allegations in paragraph 530 of the Second Amended Master Complaint.

531. Defendants deny the allegations in paragraph 531 of the Second Amended Master Complaint.

532. Defendants deny the allegations in paragraph 532 of the Second Amended Master Complaint.

533. Defendants deny the allegations in paragraph 533 of the Second Amended Master Complaint.

534. Defendants deny the allegations in paragraph 534 of the Second Amended Master Complaint.

<u>**COUNT XIII – BREACH OF EXPRESS WARRANTIES**</u>
<u>**(Against Johnson & Johnson)**</u>

535. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 535 of the Second Amended Master Complaint.

536. Defendants state that the labels referenced in paragraph 536 and all subparts in paragraph 547 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 536 and all subparts in paragraph 536 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 536 and all subparts in paragraph 536 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

537. Defendants deny the allegations in paragraph 537 of the Second Amended Master Complaint.

538. Defendants deny the allegations in paragraph 538 of the Second Amended Master Complaint.

539. Defendants deny the allegations in paragraph 539 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

540. Defendants deny the allegations in paragraph 540 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

541. Defendants deny the allegations in paragraph 541 of the Second Amended Master Complaint.

542. Defendants deny the allegations in paragraph 542 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XIV – BREACH OF EXPRESS WARRANTIES
### (Against New JJCI)

543. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 543 of the Second Amended Master Complaint.

544. Defendants deny the allegations in paragraph 544 of the Second Amended Master Complaint.

545. Defendants deny the allegations in paragraph 545 of the Second Amended Master Complaint.

546. Defendants deny the allegations in paragraph 546 of the Second Amended Master Complaint.

547. Defendants state that the labels referenced in paragraph 547 and all subparts in paragraph 547 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 547 and all subparts in paragraph 547 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 547 and all subparts of paragraph 547 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

548. Defendants deny the allegations in paragraph 548 of the Second Amended Master Complaint.

549. Defendants deny the allegations in paragraph 549 of the Second Amended Master Complaint.

550. Defendants deny the allegations in paragraph 550 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

551. Defendants deny the allegations in paragraph 551 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

552. Defendants deny the allegations in paragraph 552 of the Second Amended Master Complaint.

553. Defendants deny the allegations in paragraph 553 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XV – BREACH OF EXPRESS WARRANTIES
### (Against LTL Management LLC)

554. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 554 of the Second Amended Master Complaint.

555. Defendants deny the allegations in paragraph 555 of the Second Amended Master Complaint.

556. Defendants state that the labels referenced in paragraph 556 and all subparts in paragraph 556 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 556 and all subparts in paragraph 556 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 556 and all subparts of

paragraph 556 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

557. Defendants deny the allegations in paragraph 557 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

558. Defendants deny the allegations in paragraph 558 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

559. Defendants deny the allegations in paragraph 559 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

560. Defendants deny the allegations in paragraph 560 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

561. Defendants deny the allegations in paragraph 561 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

562. Defendants deny the allegations in paragraph 562 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XVI – BREACH OF EXPRESS WARRANTIES
### (Against Kenvue Inc.)

563.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 563 of the Second Amended Master Complaint.

564.  Defendants deny the allegations in paragraph 564 of the Second Amended Master Complaint.

565.  Defendants deny the allegations in paragraph 565 of the Second Amended Master Complaint.

566.  Defendants deny the allegations in paragraph 566 of the Second Amended Master Complaint.

567.  Defendants state that the labels referenced in paragraph 567 and all subparts in paragraph 567 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith.  Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 567 and all subparts in paragraph 567 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 567 and all subparts of paragraph 567 of the Second Amended Master Complaint.  Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

568.  Defendants deny the allegations in paragraph 568 of the Second Amended Master Complaint.

569.  Defendants deny the allegations in paragraph 569 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

570.  Defendants deny the allegations in paragraph 570 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

571.  Defendants deny the allegations in paragraph 571 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

572.  Defendants deny the allegations in paragraph 572 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

573.  Defendants deny the allegations in paragraph 573 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XVII – BREACH OF EXPRESS WARRANTIES
### (Against Janssen Pharmaceuticals, Inc.)

574.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 574 of the Second Amended Master Complaint.

575.  Defendants deny the allegations in paragraph 575 of the Second Amended Master Complaint.

576. Defendants deny the allegations in paragraph 576 of the Second Amended Master Complaint.

577. Defendants deny the allegations in paragraph 577 of the Second Amended Master Complaint.

578. Defendants state that the labels referenced in paragraph 578 and all subparts in paragraph 578 of the Second Amended Master Complaint speak for themselves and deny allegations inconsistent therewith. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 578 and all subparts in paragraph 578 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 578 and all subparts of paragraph 578 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

579. Defendants deny the allegations in paragraph 579 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

580. Defendants deny the allegations in paragraph 580 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

581. Defendants deny the allegations in paragraph 581 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

582.  Defendants deny the allegations in paragraph 582 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

583.  Defendants deny the allegations in paragraph 583 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

584.  Defendants deny the allegations in paragraph 584 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XVIII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Johnson & Johnson)

585.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 585 of the Second Amended Master Complaint.

586.  Defendants deny the allegations in paragraph 586 of the Second Amended Master Complaint.

587.  Defendants deny the allegations in paragraph 587 of the Second Amended Master Complaint.

588.  Defendants deny the allegations in paragraph 588 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

589.  Defendants deny the allegations in paragraph 589 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

590.  Defendants deny the allegations in paragraph 590 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

591.  Defendants deny the allegations in paragraph 591 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

592.  Defendants deny the allegations in paragraph 592 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XIX – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against New JJCI)

593.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 593 of the Second Amended Master Complaint.

594.  Defendants deny the allegations in paragraph 594 of the Second Amended Master Complaint.

595.  Defendants deny the allegations in paragraph 595 of the Second Amended Master Complaint.

596.  Defendants deny the allegations in paragraph 596 of the Second Amended Master Complaint.

597. Defendants deny the allegations in paragraph 597 of the Second Amended Master Complaint.

598. Defendants deny the allegations in paragraph 598 of the Second Amended Master Complaint.

599. Defendants deny the allegations in paragraph 599 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

600. Defendants deny the allegations in paragraph 600 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

601. Defendants deny the allegations in paragraph 601 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

602. Defendants deny the allegations in paragraph 602 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

603. Defendants deny the allegations in paragraph 603 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XX – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against LTL Management LLC)

604. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 604 of the Second Amended Master Complaint.

605.  Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  Defendants deny the remaining allegations in paragraph 605 of the Second Amended Master Complaint.

606.  Defendants deny the allegations in paragraph 606 of the Second Amended Master Complaint.

607.  Defendants deny the allegations in paragraph 607 of the Second Amended Master Complaint.

608.  Defendants deny the allegations in paragraph 608 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

609.  Defendants deny the allegations in paragraph 609 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

610.  Defendants deny the allegations in paragraph 610 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

611.  Defendants deny the allegations in paragraph 611 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

612.  Defendants deny the allegations in paragraph 612 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against LTL Kenvue Inc.)

613.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 613 of the Second Amended Master Complaint.

614.  Defendants deny the allegations in paragraph 614 of the Second Amended Master Complaint.

615.  Defendants deny the allegations in paragraph 615 of the Second Amended Master Complaint.

616.  Defendants deny the allegations in paragraph 616 of the Second Amended Master Complaint.

617.  Defendants deny the allegations in paragraph 617 of the Second Amended Master Complaint.

618.  Defendants deny the allegations in paragraph 618 of the Second Amended Master Complaint.

619.  Defendants deny the allegations in paragraph 619 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

620.  Defendants deny the allegations in paragraph 620 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

621.  Defendants deny the allegations in paragraph 621 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

622.  Defendants deny the allegations in paragraph 622 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

623.  Defendants deny the allegations in paragraph 623 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Janssen Pharmaceuticals, Inc.)

624.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 624 of the Second Amended Master Complaint.

625.  Defendants deny the allegations in paragraph 625 of the Second Amended Master Complaint.

626.  Defendants deny the allegations in paragraph 626 of the Second Amended Master Complaint.

627.  Defendants deny the allegations in paragraph 627 of the Second Amended Master Complaint.

628.  Defendants deny the allegations in paragraph 628 of the Second Amended Master Complaint.

629.  Defendants deny the allegations in paragraph 629 of the Second Amended Master Complaint.

630.  Defendants deny the allegations in paragraph 630 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

631.  Defendants deny the allegations in paragraph 631 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

632.  Defendants deny the allegations in paragraph 632 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

633.  Defendants deny the allegations in paragraph 633 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

634.  Defendants deny the allegations in paragraph 634 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXIII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (Against Johnson & Johnson)

635.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 635 of the Second Amended Master Complaint.

636. Defendants deny the allegations in paragraph 636 of the Second Amended Master Complaint, and Defendants specifically deny that Johnson & Johnson manufactured, marketed, tested, promoted, sold, distributed, or introduced into commerce, JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.

637. Defendants deny the allegations in paragraph 637 of the Second Amended Master Complaint.

638. Defendants deny the allegations in paragraph 638 of the Second Amended Master Complaint.

639. Defendants deny the allegations in paragraph 639 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

640. Defendants deny the allegations in paragraph 640 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).'

641. Defendants deny the allegations in paragraph 641 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

642. Defendants deny the allegations in paragraph 642 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

**COUNT XXIV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

**(Against New JJCI)**

643. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 643 of the Second Amended Master Complaint.

644. Defendants deny the allegations in paragraph 644 of the Second Amended Master Complaint.

645. Defendants deny the allegations in paragraph 645 of the Second Amended Master Complaint.

646. Defendants deny the allegations in paragraph 646 of the Second Amended Master Complaint.

647. Defendants deny the allegations in paragraph 647 of the Second Amended Master Complaint.

648. Defendants state that the warranty speaks for itself. Defendants deny the remaining allegations in paragraph 648 of the Second Amended Master Complaint.

649. Defendants deny the allegations in paragraph 649 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

650. Defendants deny the allegations in paragraph 650 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

651.  Defendants deny the allegations in paragraph 651 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

652.  Defendants deny the allegations in paragraph 652 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

653.  Defendants deny the allegations in paragraph 653 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT XXV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (Against LTL Management LLC)

654.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 654 of the Second Amended Master Complaint.

655.  Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  Defendants deny the remaining allegations in paragraph 655 of the Second Amended Master Complaint.

656.  Defendants deny the allegations in paragraph 656 of the Second Amended Master Complaint.

657. Defendants deny the allegations in paragraph 657 of the Second Amended Master Complaint.

658. Defendants deny the allegations in paragraph 658 of the Second Amended Master Complaint.

659. Defendants deny the allegations in paragraph 659 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

660. Defendants deny the allegations in paragraph 660 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

661. Defendants deny the allegations in paragraph 661 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

662. Defendants deny the allegations in paragraph 662 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT XXVI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (Against Kenvue Inc.)

663. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 663 of the Second Amended Master Complaint.

664. Defendants deny the allegations in paragraph 664 of the Second Amended Master Complaint.

665. Defendants deny the allegations in paragraph 665 of the Second Amended Master Complaint.

666. Defendants deny the allegations in paragraph 666 of the Second Amended Master Complaint.

667. Defendants deny the allegations in paragraph 667 of the Second Amended Master Complaint.

668. Defendants deny the allegations in paragraph 668 of the Second Amended Master Complaint.

669. Defendants deny the allegations in paragraph 669 of the Second Amended Master Complaint.

670. Defendants deny the allegations in paragraph 670 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

671. Defendants deny the allegations in paragraph 671 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

672. Defendants deny the allegations in paragraph 672 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

673.  Defendants deny the allegations in paragraph 673 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT XXVII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (Against Janssen Pharmaceuticals, Inc.)

674.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 674 of the Second Amended Master Complaint.

675.  Defendants deny the allegations in paragraph 675 of the Second Amended Master Complaint.

676.  Defendants deny the allegations in paragraph 676 of the Second Amended Master Complaint.

677.  Defendants deny the allegations in paragraph 677 of the Second Amended Master Complaint.

678.  Defendants deny the allegations in paragraph 678 of the Second Amended Master Complaint.

679.  Defendants deny the allegations in paragraph 679 of the Second Amended Master Complaint.

680.  Defendants deny the allegations in paragraph 680 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

681.  Defendants deny the allegations in paragraph 681 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

682.  Defendants deny the allegations in paragraph 682 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

683.  Defendants deny the allegations in paragraph 683 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

684.  Defendants deny the allegations in paragraph 684 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXVIII – NEGLIGENCE
### (Against Imerys Talc)

685.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 685 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 685 of the Second Amended Master Complaint.

686.  Defendants state that the allegations in paragraph 686 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants admit that Imerys Talc America, Inc. supplied talc for products manufactured by Old JJCI including for the products at issue in this case during time

periods relevant to this lawsuit.  Defendants deny the remaining allegations in paragraph 686 of the Second Amended Master Complaint.

687.  Defendants state that the allegations in paragraph 687 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 687 of the Second Amended Master Complaint.

688.  Defendants state that the allegations in paragraph 688 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 688 of the Second Amended Master Complaint.

689.  Defendants state that the allegations in paragraph 689 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 689 of the Second Amended Master Complaint.

690.  Defendants state that the allegations in paragraph 690 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 690 of the Second Amended Master Complaint.

691.  Defendants state that the allegations in paragraph 691 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 691 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXIX – NEGLIGENCE
### (Against Johnson & Johnson)

692.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 692 of the Second Amended Master Complaint.

693.  Defendants deny the allegations in paragraph 693 of the Second Amended Master Complaint.

694.  Defendants deny the allegations in paragraph 694 of the Second Amended Master Complaint.

695.  Defendants deny the allegations in paragraph 695 of the Second Amended Master Complaint.

696.  Defendants deny the allegations in paragraph 696 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

697.  Defendants deny the allegations in paragraph 697 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

698.  Defendants deny the allegations in paragraph 698 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

699.  Defendants deny the allegations in paragraph 699 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## <u>COUNT XXX – NEGLIGENCE</u>
### <u>(Against New JJCI)</u>

700.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 700 of the Second Amended Master Complaint.

701.  Defendants deny the allegations in paragraph 701 of the Second Amended Master Complaint.

702.  Defendants deny the allegations in paragraph 702 of the Second Amended Master Complaint.

703.  Defendants deny the allegations in paragraph 703 of the Second Amended Master Complaint.

704.  Defendants deny the allegations in paragraph 704 of the Second Amended Master Complaint.

705.  Defendants deny the allegations in paragraph 705 of the Second Amended Master Complaint.

706.  Defendants deny the allegations in paragraph 706 of the Second Amended Master Complaint.

707.  Defendants deny the allegations in paragraph 707 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

708.  Defendants deny the allegations in paragraph 708 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

113

709.  Defendants deny the allegations in paragraph 709 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

710.  Defendants deny the allegations in paragraph 710 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT XXXI – NEGLIGENCE
### (Against LTL Management LLC)

711.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 711 of the Second Amended Master Complaint.

712.  Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  Defendants deny the remaining allegations in paragraph 712 of the Second Amended Master Complaint.

713.  Defendants deny the allegations in paragraph 713 of the Second Amended Master Complaint.

714.  Defendants deny the allegations in paragraph 714 of the Second Amended Master Complaint.

715.  Defendants deny the allegations in paragraph 715 of the Second Amended Master Complaint.

716.  Defendants deny the allegations in paragraph 716 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

717.  Defendants deny the allegations in paragraph 717 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

718.  Defendants deny the allegations in paragraph 718 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

719.  Defendants deny the allegations in paragraph 719 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXXII – NEGLIGENCE
### (Against Kenvue Inc.)

720.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 720 of the Second Amended Master Complaint.

721.  Defendants deny the allegations in paragraph 721 of the Second Amended Master Complaint.

722.  Defendants deny the allegations in paragraph 722 of the Second Amended Master Complaint.

723.  Defendants deny the allegations in paragraph 723 of the Second Amended Master Complaint.

724. Defendants deny the allegations in paragraph 724 of the Second Amended Master Complaint.

725. Defendants deny the allegations in paragraph 725 of the Second Amended Master Complaint.

726. Defendants deny the allegations in paragraph 726 of the Second Amended Master Complaint.

727. Defendants deny the allegations in paragraph 727 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

728. Defendants deny the allegations in paragraph 728 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

729. Defendants deny the allegations in paragraph 729 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

730. Defendants deny the allegations in paragraph 730 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXXIII – NEGLIGENCE
### (Against Janssen Pharmaceuticals, Inc.)

731. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 731 of the Second Amended Master Complaint.

732. Defendants deny the allegations in paragraph 732 of the Second Amended Master Complaint.

733. Defendants deny the allegations in paragraph 733 of the Second Amended Master Complaint.

734. Defendants deny the allegations in paragraph 734 of the Second Amended Master Complaint.

735. Defendants deny the allegations in paragraph 735 of the Second Amended Master Complaint.

736. Defendants deny the allegations in paragraph 736 of the Second Amended Master Complaint.

737. Defendants deny the allegations in paragraph 737 of the Second Amended Master Complaint.

738. Defendants deny the allegations in paragraph 738 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

739. Defendants deny the allegations in paragraph 739 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

740. Defendants deny the allegations in paragraph 740 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXXIV – NEGLIGENCE
### (Against PCPC)

741. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 741 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 741 of the Second Amended Master Complaint.

742. Defendants state that the allegations in paragraph 742 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 742 of the Second Amended Master Complaint.

743. Defendants state that PCPC is a trade association representing the cosmetics industry.  Defendants admit that Old JJCI was a member of PCPC (formerly CTFA).  The remaining allegations contained in paragraph 743 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 743 of the Second Amended Master Complaint.

744. Defendants state that the allegations in paragraph 744 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 744 of the Second Amended Master Complaint.

745. Defendants state that the allegations in paragraph 745 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 745 of the Second Amended Master Complaint.

746. Defendants state that the allegations in paragraph 746 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 746 of the Second Amended Master Complaint.

747. Defendants state that the allegations in paragraph 747 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 747 of the Second Amended Master Complaint.

748. Defendants state that the allegations in paragraph 748 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 748 of the Second Amended Master Complaint.

749. Defendants state that the allegations in paragraph 749 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 749 of the Second Amended Master Complaint.

750. Defendants state that the allegations in paragraph 750 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 750 of the Second Amended Master Complaint.

751. Defendants state that the allegations in paragraph 751 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 751 of the Second Amended Master Complaint.

752. Defendants state that the allegations in paragraph 752 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 752 of the Second Amended Master Complaint.

753. Defendants state that the allegations in paragraph 753 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 753 of the Second Amended Master Complaint.

754. Defendants state that the allegations in paragraph 754 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 754 of the Second Amended Master Complaint.

755. Defendants state that the allegations in paragraph 755 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 755 of the Second Amended Master Complaint.

756. Defendants state that the allegations in paragraph 756 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 756 of the Second Amended Master Complaint.

### COUNT XXXV – NEGLIGENT MISREPRESENTATION
**(Against Johnson & Johnson)**

757. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 757 of the Second Amended Master Complaint.

758. Defendants deny the allegations in paragraph 758 of the Second Amended Master Complaint.

759. Defendants deny the allegations in paragraph 759 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

760. Defendants deny the allegations in paragraph 760 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

761. Defendants state that the labels referenced in paragraph 761 and all subparts in paragraph 761 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 761 and all subparts in paragraph 761 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 761 and all subparts of paragraph 761 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

762. Defendants deny the allegations in paragraph 762 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

763. Defendants deny the allegations in paragraph 763 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

764. Defendants deny the allegations in paragraph 764 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

765. Defendants deny the allegations in paragraph 765 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXXVI – NEGLIGENT MISREPRESENTATION
### (Against New JJCI)

766. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 766 of the Second Amended Master Complaint.

767. Defendants deny the allegations in paragraph 767 of the Second Amended Master Complaint.

768. Defendants deny the allegations in paragraph 768 of the Second Amended Master Complaint.

769. Defendants deny the allegations in paragraph 769 of the Second Amended Master Complaint.

770.  Defendants deny the allegations in paragraph 770 of the Second Amended Master Complaint.

771.  Defendants deny the allegations in paragraph 771 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

772.  Defendants state that the labels referenced in paragraph 772 of the Second Amended Master Complaint speak for themselves.  Defendants deny Plaintiffs' interpretations of the events described in paragraph 772 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 772 and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

773.  Defendants state that the labels referenced in paragraph 773 and all subparts in paragraph 773 of the Second Amended Master Complaint speak for themselves.  Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 773 and all subparts in paragraph 773 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 773 and all subparts of paragraph 773 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

774.  Defendants deny the allegations in paragraph 774 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

775.  Defendants deny the allegations in paragraph 775 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

776. Defendants deny the allegations in paragraph 776 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

777. Defendants deny the allegations in paragraph 777 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT XXXVII – NEGLIGENT MISREPRESENTATION
### (Against LTL Management LLC)

778. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 778 of the Second Amended Master Complaint.

779. Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). Defendants deny the remaining allegations in paragraph 779 of the Second Amended Master Complaint.

780. Defendants deny the allegations in paragraph 780 of the Second Amended Master Complaint.

781. Defendants deny the allegations in paragraph 781 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

782. Defendants state that the labels referenced in paragraph 782 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of

the events described in paragraph 782 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 782 and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

783. Defendants state that the labels referenced in paragraph 783 and all subparts in paragraph 783 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 783 and all subparts in paragraph 783 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 783 and all subparts of paragraph 783 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

784. Defendants deny the allegations in paragraph 784 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

785. Defendants deny the allegations in paragraph 785 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

786. Defendants deny the allegations in paragraph 786 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

787. Defendants deny the allegations in paragraph 787 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXXVIII – NEGLIGENT MISREPRESENTATION
### (Against Kenvue Inc.)

788.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 788 of the Second Amended Master Complaint.

789.  Defendants deny the allegations in paragraph 789 of the Second Amended Master Complaint.

790.  Defendants deny the allegations in paragraph 790 of the Second Amended Master Complaint.

791.  Defendants deny the allegations in paragraph 791 of the Second Amended Master Complaint.

792.  Defendants deny the allegations in paragraph 792 of the Second Amended Master Complaint.

793.  Defendants deny the allegations in paragraph 793 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

794.  Defendants state that the labels referenced in paragraph 794 of the Second Amended Master Complaint speak for themselves.  Defendants deny Plaintiffs' interpretations of the events described in paragraph 794 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 794 and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

795.  Defendants state that the labels referenced in paragraph 795 and all subparts in paragraph 795 of the Second Amended Master Complaint speak for themselves.  Defendants deny

Plaintiffs' interpretations of the descriptions and events described in paragraph 795 and all subparts in paragraph 795 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 795 and all subparts of paragraph 795 of the Second Amended Master Complaint. Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

796.   Defendants deny the allegations in paragraph 796 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

797.   Defendants deny the allegations in paragraph 797 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

798.   Defendants deny the allegations in paragraph 798 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

799.   Defendants deny the allegations in paragraph 799 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XXXIX – NEGLIGENT MISREPRESENTATION
### (Against Janssen Pharmaceuticals, Inc.)

800.   Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 800 of the Second Amended Master Complaint.

801. Defendants deny the allegations in paragraph 801 of the Second Amended Master Complaint.

802. Defendants deny the allegations in paragraph 802 of the Second Amended Master Complaint.

803. Defendants deny the allegations in paragraph 803 of the Second Amended Master Complaint.

804. Defendants deny the allegations in paragraph 804 of the Second Amended Master Complaint.

805. Defendants deny the allegations in paragraph 805 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

806. Defendants state that the labels referenced in paragraph 806 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of the events described in paragraph 806 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 806 and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

807. Defendants state that the labels referenced in paragraph 807 and all subparts in paragraph 807 of the Second Amended Master Complaint speak for themselves. Defendants deny Plaintiffs' interpretations of the descriptions and events described in paragraph 807 and all subparts in paragraph 807 of the Second Amended Master Complaint and deny the remaining allegations in paragraph 807 and all subparts of paragraph 807 of the Second Amended Master Complaint.

Responding further, Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

808.  Defendants deny the allegations in paragraph 808 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

809.  Defendants deny the allegations in paragraph 809 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

810.  Defendants deny the allegations in paragraph 811 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

811.  Defendants deny the allegations in paragraph 812 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XL – FRAUD
### (Against Johnson & Johnson)

812.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 812 of the Second Amended Master Complaint.

813.  Defendants deny the allegations in paragraph 813 of the Second Amended Master Complaint.

814.  Defendants deny the allegations in paragraph 814 of the Second Amended Master Complaint.

815.  Defendants deny the allegations in paragraph 815 of the Second Amended Master Complaint, and all subparts of paragraph 815 of the Second Amended Master Complaint, and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

816.  Defendants deny the allegations in paragraph 816 of the Second Amended Master Complaint.

817.  Defendants deny the allegations in paragraph 817 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

818.  Defendants deny the allegations in paragraph 818 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

819.  Defendants deny the allegations in paragraph 819 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLI – FRAUD
### (Against New JJCI)

820.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 820 of the Second Amended Master Complaint.

821.  Defendants deny the allegations in paragraph 821 of the Second Amended Master Complaint.

822.  Defendants deny the allegations in paragraph 822 of the Second Amended Master Complaint.

823.  Defendants deny the allegations in paragraph 823 of the Second Amended Master Complaint.

824.  Defendants deny the allegations in paragraph 824 of the Second Amended Master Complaint.

825.  Defendants deny the allegations in paragraph 825 of the Second Amended Master Complaint.

826.  Defendants deny the allegations in paragraph 826 of the Second Amended Master Complaint, and all subparts of paragraph 826 of the Second Amended Master Complaint, and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

827.  Defendants deny the allegations in paragraph 827 of the Second Amended Master Complaint.

828.  Defendants deny the allegations in paragraph 828 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

829.  Defendants deny the allegations in paragraph 829 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

830.  Defendants deny the allegations in paragraph 830 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLII – FRAUD
## (Against LTL Management LLC)

831. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 831 of the Second Amended Master Complaint.

832. Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). Defendants deny the remaining allegations in paragraph 832 of the Second Amended Master Complaint.

833. Defendants deny the allegations in paragraph 833 of the Second Amended Master Complaint.

834. Defendants deny the allegations in paragraph 834 of the Second Amended Master Complaint.

835. Defendants deny the allegations in paragraph 835 of the Second Amended Master Complaint, and all subparts of paragraph 835 of the Second Amended Master Complaint, and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

836. Defendants deny the allegations in paragraph 836 of the Second Amended Master Complaint.

837. Defendants deny the allegations in paragraph 837 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

838.  Defendants deny the allegations in paragraph 838 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

839.  Defendants deny the allegations in paragraph 839 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLIII – FRAUD
## (Against Kenvue Inc.)

840.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 840 of the Second Amended Master Complaint.

841.  Defendants deny the allegations in paragraph 841 of the Second Amended Master Complaint.

842.  Defendants deny the allegations in paragraph 842 of the Second Amended Master Complaint.

843.  Defendants deny the allegations in paragraph 843 of the Second Amended Master Complaint.

844.  Defendants deny the allegations in paragraph 844 of the Second Amended Master Complaint.

845.  Defendants deny the allegations in paragraph 845 of the Second Amended Master Complaint.

846.  Defendants deny the allegations in paragraph 846 of the Second Amended Master Complaint, and all subparts of paragraph 846 of the Second Amended Master Complaint, and

specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

847.  Defendants deny the allegations in paragraph 847 of the Second Amended Master Complaint.

848.  Defendants deny the allegations in paragraph 848 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

849.  Defendants deny the allegations in paragraph 849 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

850.  Defendants deny the allegations in paragraph 850 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLIV – FRAUD
## (Against Janssen Pharmaceuticals, Inc.)

851.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 851 of the Second Amended Master Complaint.

852.  Defendants deny the allegations in paragraph 852 of the Second Amended Master Complaint.

853.  Defendants deny the allegations in paragraph 853 of the Second Amended Master Complaint.

854. Defendants deny the allegations in paragraph 854 of the Second Amended Master Complaint.

855. Defendants deny the allegations in paragraph 855 of the Second Amended Master Complaint.

856. Defendants deny the allegations in paragraph 856 of the Second Amended Master Complaint.

857. Defendants deny the allegations in paragraph 857 of the Second Amended Master Complaint, and all subparts of paragraph 857 of the Second Amended Master Complaint, and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

858. Defendants deny the allegations in paragraph 858 of the Second Amended Master Complaint.

859. Defendants deny the allegations in paragraph 859 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

860. Defendants deny the allegations in paragraph 861 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

861. Defendants deny the allegations in paragraph 861 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLV – FRAUD
## (Against PCPC)

862. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 862 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 862 of the Second Amended Master Complaint.

863. Defendants state that the allegations in paragraph 863 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 863 of the Second Amended Master Complaint.

864. Defendants state that the allegations in paragraph 864 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 864 of the Second Amended Master Complaint.

865. Defendants state that the allegations in paragraph 865 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 865 of the Second Amended Master Complaint.

866. Defendants state that the allegations in paragraph 866 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 866 of the Second Amended Master Complaint.

867. Defendants state that the allegations in paragraph 867 of the Second Amended Master Complaint, and all subparts of paragraph 867 of the Second Amended Master Complaint, are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 867 of the Second Amended Master Complaint and all subparts of paragraph 867 of the Second Amended Master Complaint.

868. Defendants state that the allegations in paragraph 868 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 868 of the Second Amended Master Complaint.

869. Defendants state that the allegations in paragraph 869 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 869 of the Second Amended Master Complaint.

870. Defendants state that the allegations in paragraph 870 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 870 of the Second Amended Master Complaint.

871. Defendants state that the allegations in paragraph 871 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 871 of the Second Amended Master Complaint.

872. Defendants state that the allegations in paragraph 872 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 872 of the Second Amended Master Complaint.

873. Defendants state that the allegations in paragraph 873 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 873 of the Second Amended Master Complaint.

## COUNT XLVI – VIOLATION OF CONSUMER PROTECTION LAWS
### (Against Johnson & Johnson)

874. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 874 of the Second Amended Master Complaint.

875. Defendants state that the allegations in paragraph 875 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 875 of the Second Amended Master Complaint.

876. Defendants state that the allegations in paragraph 876 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 876 of the Second Amended Master Complaint.

877. Defendants deny the allegations in paragraph 877 of the Second Amended Master Complaint.

878. Defendants deny the allegations in paragraph 878 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

879. Defendants state that the allegations in paragraph 879 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 879 of the Second Amended Master Complaint.

880. Defendants deny the allegations in paragraph 880 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLVII – VIOLATION OF CONSUMER PROTECTION LAWS
### (Against New JJCI)

881. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 881 of the Second Amended Master Complaint.

882. Defendants deny the allegations in paragraph 882 of the Second Amended Master Complaint.

883. Defendants deny the allegations in paragraph 883 of the Second Amended Master Complaint.

884. Defendants deny the allegations in paragraph 884 of the Second Amended Master Complaint.

885. Defendants state that the allegations in paragraph 885 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 885 of the Second Amended Master Complaint.

886. Defendants state that the allegations in paragraph 886 of the Second Amended Master Complaint, and all subparts of paragraph 886 of the Second Amended Master Complaint, call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 886 of the Second Amended Master Complaint.

887. Defendants deny the allegations in paragraph 887 of the Second Amended Master Complaint.

888. Defendants deny the allegations in paragraph 888 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

889. Defendants deny the allegations in paragraph 889 of the Second Amended Master Complaint.

890. Defendants deny the allegations in paragraph 890 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLVIII – VIOLATION OF CONSUMER PROTECTION LAWS
### (Against LTL Management LLC)

891. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 891 of the Second Amended Master Complaint.

892. Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). Defendants deny the remaining allegations in paragraph 892 of the Second Amended Master Complaint.

893. Defendants state that the allegations in paragraph 893 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 893 of the Second Amended Master Complaint.

894. Defendants state that the allegations in paragraph 894 of the Second Amended Master Complaint, and all subparts of paragraph 894 of the Second Amended Master Complaint, call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 894 of the Second Amended Master Complaint, and all subparts of paragraph 894 of the Second Amended Master Complaint.

895.  Defendants deny the allegations in paragraph 895 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

896.  Defendants deny the allegations in paragraph 896 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

897.  Defendants deny the allegations in paragraph 897 of the Second Amended Master Complaint.

898.  Defendants deny the allegations in paragraph 898 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT XLIX – VIOLATION OF CONSUMER PROTECTION LAWS
### (Against Kenvue Inc.)

899.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 899 of the Second Amended Master Complaint.

900.  Defendants deny the allegations in paragraph 900 of the Second Amended Master Complaint.

901.  Defendants deny the allegations in paragraph 901 of the Second Amended Master Complaint.

902.  Defendants deny the allegations in paragraph 902 of the Second Amended Master Complaint.

903. Defendants state that the allegations in paragraph 903 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 903 of the Second Amended Master Complaint.

904. Defendants state that the allegations in paragraph 904 of the Second Amended Master Complaint, and all subparts of paragraph 904 of the Second Amended Master Complaint, call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 904 of the Second Amended Master Complaint, and all subparts of paragraph 904 of the Second Amended Master Complaint.

905. Defendants deny the allegations in paragraph 905 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

906. Defendants deny the allegations in paragraph 906 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

907. Defendants deny the allegations in paragraph 907 of the Second Amended Master Complaint.

908. Defendants deny the allegations in paragraph 908 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT L – VIOLATION OF CONSUMER PROTECTION LAWS
### (Against Janssen Pharmaceuticals, Inc.)

909. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 909 of the Second Amended Master Complaint.

910. Defendants deny the allegations in paragraph 910 of the Second Amended Master Complaint.

911. Defendants deny the allegations in paragraph 911 of the Second Amended Master Complaint.

912. Defendants deny the allegations in paragraph 912 of the Second Amended Master Complaint.

913. Defendants state that the allegations in paragraph 913 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 913 of the Second Amended Master Complaint.

914. Defendants state that the allegations in paragraph 914 of the Second Amended Master Complaint, and all subparts of paragraph 914 of the Second Amended Master Complaint, call for a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 914 of the Second Amended Master Complaint, and all subparts of paragraph 914 of the Second Amended Master Complaint.

915.  Defendants deny the allegations in paragraph 915 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

916.  Defendants deny the allegations in paragraph 916 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

917.  Defendants deny the allegations in paragraph 917 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LI – FRAUDULENT CONCEALMENT
### (Against Imerys Talc)

918.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 918 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 918 of the Second Amended Master Complaint.

919.  Defendants state that the allegations in paragraph 919 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 919 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

920.  Defendants state that the allegations in paragraph 920 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 920 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

921. Defendants state that the allegations in paragraph 921 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 921 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

922. Defendants state that the allegations in paragraph 922 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 922 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

923. Defendants state that the allegations in paragraph 923 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 923 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

924. Defendants state that the allegations in paragraph 924 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 924 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

925. Defendants state that the allegations in paragraph 925 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 925 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

926. Defendants state that the allegations in paragraph 926 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 926 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LII – FRAUDULENT CONCEALMENT
### (Against Johnson & Johnson)

927. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 927 of the Second Amended Master Complaint.

928. Defendants deny the allegations in paragraph 928 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

929. Defendants deny the allegations in paragraph 929 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

930. Defendants deny the allegations in paragraph 930 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

931. Defendants deny the allegations in paragraph 931 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

932. Defendants deny the allegations in paragraph 932 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

933. Defendants deny the allegations in paragraph 933 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

934. Defendants deny the allegations in paragraph 934 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

935. Defendants deny the allegations in paragraph 935 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

936. Defendants deny the allegations in paragraph 936 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LIII – FRAUDULENT CONCEALMENT
### (Against New JJCI)

937. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 937 of the Second Amended Master Complaint.

938. Defendants deny the allegations in paragraph 938 of the Second Amended Master Complaint.

939. Defendants deny the allegations in paragraph 939 of the Second Amended Master Complaint.

940. Defendants deny the allegations in paragraph 940 of the Second Amended Master Complaint.

941. Defendants deny the allegations in paragraph 941 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

942. Defendants deny the allegations in paragraph 942 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

943. Defendants deny the allegations in paragraph 943 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

944. Defendants deny the allegations in paragraph 944 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

945. Defendants deny the allegations in paragraph 945 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

946. Defendants deny the allegations in paragraph 946 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

947. Defendants deny the allegations in paragraph 947 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

948. Defendants deny the allegations in paragraph 948 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

949. Defendants deny the allegations in paragraph 949 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LIV – FRAUDULENT CONCEALMENT
### (Against LTL Management LLC)

950. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 950 of the Second Amended Master Complaint.

951. Defendants state that Red River Talc LLC is responsible for all cosmetic-talc related claims asserted against Old JJCI, Johnson & Johnson, or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes

and similar laws).  Defendants deny the remaining allegations in paragraph 951 of the Second Amended Master Complaint.

952.  Defendants deny the allegations in paragraph 952 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

953.  Defendants deny the allegations in paragraph 953 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

954.  Defendants deny the allegations in paragraph 954 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

955.  Defendants deny the allegations in paragraph 955 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

956.  Defendants deny the allegations in paragraph 956 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

957.  Defendants deny the allegations in paragraph 957 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

958.  Defendants deny the allegations in paragraph 958 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

959.  Defendants deny the allegations in paragraph 959 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

960.  Defendants deny the allegations in paragraph 960 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LV – FRAUDULENT CONCEALMENT
### (Against Kenvue Inc.)

961.  Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 961 of the Second Amended Master Complaint.

962.  Defendants deny the allegations in paragraph 962 of the Second Amended Master Complaint.

963.  Defendants deny the allegations in paragraph 963 of the Second Amended Master Complaint.

964.  Defendants deny the allegations in paragraph 964 of the Second Amended Master Complaint.

965.  Defendants deny the allegations in paragraph 965 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

966.  Defendants deny the allegations in paragraph 966 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

152

967.  Defendants deny the allegations in paragraph 967 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

968.  Defendants deny the allegations in paragraph 968 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

969.  Defendants deny the allegations in paragraph 969 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

970.  Defendants deny the allegations in paragraph 970 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

971.  Defendants deny the allegations in paragraph 971 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

972.  Defendants deny the allegations in paragraph 972 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

973.  Defendants deny the allegations in paragraph 973 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LVI – FRAUDULENT CONCEALMENT
### (Against Janssen Pharmaceuticals, Inc.)

974. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 974 of the Second Amended Master Complaint.

975. Defendants deny the allegations in paragraph 975 of the Second Amended Master Complaint.

976. Defendants deny the allegations in paragraph 976 of the Second Amended Master Complaint.

977. Defendants deny the allegations in paragraph 977 of the Second Amended Master Complaint.

978. Defendants deny the allegations in paragraph 978 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

979. Defendants deny the allegations in paragraph 979 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

980. Defendants deny the allegations in paragraph 980 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

981. Defendants deny the allegations in paragraph 981 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

154

982.  Defendants deny the allegations in paragraph 982 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

983.  Defendants deny the allegations in paragraph 983 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

984.  Defendants deny the allegations in paragraph 984 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

985.  Defendants deny the allegations in paragraph 985 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

986.  Defendants deny the allegations in paragraph 986 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT LVII – FRAUDULENT CONCEALMENT
### (Against PCPC)

987. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants state that the allegations in paragraph 987 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.  To the extent a

response is required, Defendants deny the allegations in paragraph 987 of the Second Amended Master Complaint.

988.  Defendants state that the allegations in paragraph 988 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 988 of the Second Amended Master Complaint.

989.  Defendants state that the allegations in paragraph 989 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 989 of the Second Amended Master Complaint.

990.  Defendants state that the allegations in paragraph 990 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 990 of the Second Amended Master Complaint.

991.  Defendants state that the allegations in paragraph 991 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 991 of the Second Amended Master Complaint.

992.  Defendants deny the allegations in paragraph 992 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

993.  Defendants state that the allegations in paragraph 993 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary.

To the extent a response is required, Defendants deny the allegations in paragraph 993 of the Second Amended Master Complaint.

994. Defendants state that the allegations in paragraph 994 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 994 of the Second Amended Master Complaint.

995. Defendants state that the allegations in paragraph 995 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 995 of the Second Amended Master Complaint.

996. Defendants state that the allegations in paragraph 996 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 996 of the Second Amended Master Complaint.

997. Defendants state that the allegations in paragraph 997 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 997 of the Second Amended Master Complaint.

998. Defendants state that the allegations in paragraph 998 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is necessary. To the extent a response is required, Defendants deny the allegations in paragraph 998 of the Second Amended Master Complaint.

## COUNT LVIII – CIVIL CONSPIRACY
### (Against All Defendants)

999. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 999 of the Second Amended Master Complaint.

1000. Defendants deny the allegations in paragraph 1000 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1001. Defendants deny the allegations in paragraph 1001 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1002. Defendants deny the allegations in paragraph 1002 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1003. Defendants deny the allegations in paragraph 1003 of the Second Amended Master Complaint, and all subparts of paragraph 1003 of the Second Amended Master Complaint, and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1004. Defendants deny the allegations in paragraph 1004 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1005. Defendants state that the allegations in paragraph 1005 of the Second Amended Master Complaint are not directed to these Defendants and, therefore, no response is

necessary.  To the extent a response is required, Defendants deny the allegations in paragraph 1005 of the Second Amended Master Complaint.

1006.    Defendants deny the allegations in paragraph 1006 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

**COUNT LIX – LOSS OF CONSORTIUM**
**(Against All Defendants)**

1007.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 1007 of the Second Amended Master Complaint.

1008.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1008 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same.  Defendants deny the remaining allegations in paragraph 1008 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1009.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1009 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same.  Defendants deny the remaining allegations in paragraph 1009 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc

causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1010.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1010 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same. Defendants deny the remaining allegations in paragraph 1010 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1011.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1011 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same. Defendants deny the remaining allegations in paragraph 1011 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1012.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1012 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same. Defendants deny the remaining allegations in paragraph 1012 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1013.        Defendants deny the allegations in paragraph 1013 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT LX – PUNITIVE DAMAGES
### (Against All Defendants)

1014.        Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 1014 of the Second Amended Master Complaint.

1015.        Defendants deny the allegations in paragraph 1015 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1016.        Defendants deny the allegations in paragraph 1016 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1017.        Defendants deny the allegations in paragraph 1017 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1018.        Defendants deny the allegations in paragraph 1018 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1019.        Defendants deny the allegations in paragraph 1019 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1020.    Defendants deny the allegations in paragraph 1020 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1021.    Defendants deny the allegations in paragraph 1021 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1022.    Defendants deny the allegations in paragraph 1022 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1023.    Defendants deny the allegations in paragraph 1023 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1024.    Defendants deny the allegations in paragraph 1024 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1025.    Defendants deny the allegations in paragraph 1025 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1026.    Defendants deny the allegations in paragraph 1026 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1027.    Defendants deny the allegations in paragraph 1027 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1028.    Defendants state that the allegations in paragraph 1028 of the Second Amended Master Complaint, and all subparts of paragraph 1028 of the Second Amended Master Complaint, call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 1028 of the Second Amended Master Complaint, and all subparts of paragraph 1028 of the Second Amended Master Complaint.

1029.    Defendants state that the allegations in paragraph 1029 of the Second Amended Master Complaint, and all subparts of paragraph 1029 of the Second Amended Master Complaint, call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 1029 of the Second Amended Master Complaint, and all subparts of paragraph 1029 of the Second Amended Master Complaint.

### COUNT LXI – WRONGFUL DEATH
### (Against All Defendants)

1030.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 1030 of the Second Amended Master Complaint.

1031.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1031 of the Second Amended Master Complaint concerning Plaintiffs' alleged use of the products at issue in this suit and alleged diagnoses, and therefore, Defendants deny the same. Defendants deny the remaining allegations in paragraph 1031 of the Second Amended Master Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1032.    Defendants deny the allegations in paragraph 1032 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1033.    Defendants deny the allegations in paragraph 1033 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1034.    Defendants deny the allegations in paragraph 1034 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

### COUNT LXII – SURVIVAL ACTION
### (Against All Defendants)

1035.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 1035 of the Second Amended Master Complaint.

1036.     Defendants deny the allegations in paragraph 1036 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1037.     Defendants deny the allegations in paragraph 1037 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1038.     Defendants deny the allegations in paragraph 1038 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1039.     Defendants deny the allegations in paragraph 1039 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1040.     Defendants deny the allegations in paragraph 1040 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1041.     Defendants deny the allegations in paragraph 1041 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1042.     Defendants deny the allegations in paragraph 1042 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1043.　　　Defendants deny the allegations in paragraph 1043 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LXIII – ASSUMPTION OF DUTY
### (Against Johnson & Johnson)

1044.　　　Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 1044 of the Second Amended Master Complaint.

1045.　　　Defendants deny the allegations in paragraph 1045 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1046.　　　Defendants deny the allegations in paragraph 1046 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1047.　　　Defendants deny the allegations in paragraph 1047 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LXIV – AIDING AND ABETTING
### (Against Johnson & Johnson)

1048.　　　Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint.

Defendants deny the remaining allegations in paragraph 1048 of the Second Amended Master Complaint.

1049.    Defendants deny the allegations in paragraph 1049 of the Second Amended Master Complaint.

1050.    Defendants deny the allegations in paragraph 1050 of the Second Amended Master Complaint.

1051.    Defendants deny the allegations in paragraph 1051 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1052.    Defendants deny the allegations in paragraph 1052 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## COUNT LXV – ACTING IN CONCERT
### (Against All Defendants)

1053.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 1053 of the Second Amended Master Complaint.

1054.    Defendants deny the allegations in paragraph 1054 of the Second Amended Master Complaint and specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

1055.    Defendants deny the allegations in paragraph 1055 of the Second Amended Master Complaint.

## DISCOVERY RULE AND TOLLING

1056.        Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 1060 of the Second Amended Master Complaint. Defendants deny the remaining allegations in paragraph 1056 of the Second Amended Master Complaint.

1057.        Defendants deny the allegations in paragraph 1057 of the Second Amended Master Complaint.

1058.        Defendants state that the allegations in paragraph 1058 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.   Defendants deny the remaining allegations in paragraph 1058 of the Second Amended Master Complaint.

1059.        Defendants state that the allegations in paragraph 1059 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.   Defendants deny the remaining allegations in paragraph 1059 of the Second Amended Master Complaint.

1060.        Defendants state that the allegations in paragraph 1060 of the Second Amended Master Complaint call for a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants deny those allegations insofar as Plaintiffs seek to impose obligations on Defendants beyond those required by law.   Defendants deny the remaining allegations in paragraph 1060 of the Second Amended Master Complaint.

## PRAYER FOR RELIEF

Defendants deny the allegations in the "Prayer for Relief" Section at the conclusion of the Second Amended Master Complaint, including subparagraphs (a) through (h) in which Plaintiffs include a prayer for relief against Defendants, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer (or any type of gynecological cancer or cancer of the female reproductive system).

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations in the Second Amended Master Complaint and having denied any liability whatsoever, Defendants further deny any allegations that have not been expressly admitted. Based upon information alleged and disclosed in the Second Amended Master Complaint, Defendants assert the following affirmative defenses. Defendants reserve the right to supplement or amend their Affirmative and Other Defenses based upon information learned or discovered during further discovery and proceedings in this case.

By asserting the matters set forth below, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters. Defendants assert as follows:

## FIRST DEFENSE

Based on facts presently known, the law of New Jersey should govern Plaintiffs' request for punitive damages.

## SECOND DEFENSE

The Second Amended Master Complaint, and each claim contained, therein, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The claims asserted in the Second Amended Master Complaint are barred, in whole or in

part, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Second Amended Master Complaint.

## FOURTH DEFENSE

The claims asserted in the Second Amended Master Complaint are preempted by federal law, including (without limitation) the Federal Food, Drug, and Cosmetic Act.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the assumption of the risks alleged in the Second Amended Master Complaint.

## SIXTH DEFENSE

Plaintiffs' claims are barred because the risks, if any, associated with the use of products at issue are outweighed by their utility.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## EIGHTH DEFENSE

If Plaintiffs have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendants and for which Defendants are not liable.

## NINTH DEFENSE

Plaintiffs may not recover from Defendants because the methods, standards, or techniques of designing, manufacturing, and labeling of the products at issue complied with and were in conformity with the generally recognized state of the art laws of New Jersey at the time the products were designed, manufactured, and labeled.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

## TWELFTH DEFENSE

Plaintiffs' warranty-based claims are barred by Plaintiffs' failure to give proper or timely notice of any alleged defect or breach of warranty.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs' claims relate to Defendants' advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by that of any other state whose laws may apply such claims are barred.  Plaintiffs' claims are also barred in whole or in part by the *Noerr-Pennington* Doctrine.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any damages allegedly sustained.

## FIFTEENTH DEFENSE

Plaintiffs' damages, if any, were the direct result of Plaintiffs' pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Defendants had and continue to have no control.

## SIXTEENTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify Plaintiffs in

whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation, or employee benefit program. To the extent that Plaintiffs are seeking recovery for any benefits from any other source for injuries and damages alleged, such benefits are not recoverable in this action under applicable law.

## SEVENTEENTH DEFENSE

Plaintiffs' injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom Defendants had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred and/or reduced by Plaintiffs' contributory or comparative negligence and Plaintiffs' contributory or comparative fault.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiffs or third parties of the products at issue.

## TWENTIETH DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for

vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out- of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## TWENTY-FIRST DEFENSE

Defendants are entitled to the protections and limitations from the imposition of punitive damages afforded under the United States Constitution and any applicable State Constitution. Plaintiffs' claims for punitive damages, and all allegations pertaining to punitive damages, are governed by the law of New Jersey. Any award of such damages is limited by the applicable law.

## TWENTY-SECOND DEFENSE

Plaintiffs' warranty-based claims are barred because Plaintiffs were not in privity with

Defendants, and are further barred and/or limited by any and all express conditions or disclaimers given by Defendants, and by Plaintiffs' lack of reliance upon such warranties.

## TWENTY-THIRD DEFENSE

Plaintiffs' injuries and damages, if any, were due to Plaintiffs' preexisting condition or idiosyncratic reaction to the products at issue, for which Defendants cannot be held responsible.

## TWENTY-FOURTH DEFENSE

Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in the Second Amended Master Complaint.

## TWENTY-FIFTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs, and/or by the fault of Plaintiffs, and thus any recovery might be reduced accordingly or eliminated altogether in accord with applicable statutes and common law, including the law of any state whose law may apply.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred by the limitations and defenses set out in the applicable statutes and common law, including but not limited to, the "state of the art" defense. Defendants incorporate by reference all defenses and/or limitations set forth or referenced in applicable statutes and common law, including the law of any state whose law may apply.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs did not rely to their detriment upon any statement by Defendants in determining to use the products at issue.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the deference that common law gives

174

to discretionary actions by the FDA under the FDCA.

### TWENTY-NINTH DEFENSE

To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to Defendants' disclosure of information related to the safety of the products, such claims are barred and should be dismissed. *See Buckman v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001) and subsequent cases.

### THIRTIETH DEFENSE

The conduct of Defendants, as well as the products at issue, conformed with the FDCA and the requirements of the FDA. Moreover, the activities of Defendants alleged in the Second Amended Master Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in Plaintiffs' Second Amended Complaint.

### THIRTY-FIRST DEFENSE

Defendants provided adequate and complete warnings for their products.

### THIRTY-SECOND DEFENSE

If it is determined that any product of Defendants was substantially and materially changed in condition, misused or abused, or was used in any unintentional or unforeseeable manner, the claims against Defendants must be barred.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred because based on the state of scientific, industrial, and technical knowledge during the relevant time periods, Defendants' products at issue was reasonably safe for its normal and foreseeable use at all relevant times, in light of existing reasonably available scientific, industrial, and technical knowledge.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine described in Section 4 of the Restatement (Third) of Torts: Products Liability because the product(s) at issue complied with applicable product safety statutes and administrative regulations.

### THIRTY-FIFTH DEFENSE

To the extent that Plaintiffs are alleging fraud, conspiracy, deceit, or other similar conduct, Plaintiffs have failed to plead these claims with sufficient particularity.

### THIRTY-SIXTH DEFENSE

The Second Amended Master Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, or treble damages.

### THIRTY-SEVENTH DEFENSE

Defendants deny that they participated in any conspiracy or conduct designed or intended to deceive or misrepresent the qualities and characteristics of any of their products sold.

### THIRTY-EIGHTH DEFENSE

No act or omission of Defendants was intentional, fraudulent, malicious, reckless, in any way morally culpable, or made with conscious, malicious, or intentional disregard for the health and well-being of Plaintiffs or others.

### THIRTY-NINTH DEFENSE

Recovery of medical or health care expenses, if any, by Plaintiffs must be limited to the amount that is both reasonable and necessary and actually paid or incurred by or on behalf of the Plaintiffs pursuant to Plaintiffs' home state or any other applicable law.

### FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable law, and Defendants are

176

entitled to and do assert all defenses and presumptions available under applicable law.

## FORTY-FIRST DEFENSE

Pursuant to the law of any state whose laws may apply, Defendants request application of the Collateral Source Rule limiting economic damages for medical expenses to the amounts actually paid to a healthcare provider. Plaintiffs' alleged damages, if any, are subject to any applicable credit or set-off allowance for any medical costs that were credited, written off, forgiven, or otherwise extinguished.

## FORTY-SECOND DEFENSE

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Defendants.

## FORTY-THIRD DEFENSE

To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries asserted in the Second Amended Master Complaint, any liability of Defendants, if any, should be reduced accordingly.

## FORTY-FOURTH DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiffs without substantially impairing the usefulness or intended purpose of the products.

## FORTY-FIFTH DEFENSE

The claims of Plaintiffs should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the New Jersey Joint Tortfeasors Law, N.J.S.A. § 2A:53A-3, et seq.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims for consumer fraud are barred or limited by applicable law, including the law of New Jersey or, alternatively, other applicable law.

## DEFENSES RESERVED

Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve their right to amend their Answer and to assert any such defenses.

## DEMAND FOR BIFURCATED TRIAL RESERVED

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary damages, Defendants reserve their right to demand such claims, if any, be bifurcated from the remaining issues.

## DESIGNATION OF TRIAL COUNSEL

Allison M. Brown, Esq., of Kirkland & Ellis, LLP, is hereby designated as the attorney to try this case.

## JURY DEMAND

Defendants hereby demand a trial by a jury of twelve on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Second Amended Master Complaint, and all claims alleged therein, be dismissed with prejudice, that Defendants be awarded the costs, disbursements, and attorneys' fees incurred in the defense of this action, and that Defendants be granted any other relief to which they may be entitled.

Dated: November 10, 2025

Respectfully submitted,

*/s/ Jessica L. Brennan*
Jessica L. Brennan
**BARNES & THORNBURG LLP**
67 E. Park Place, Suite 1000
Morristown, New Jersey 07960
Phone: (973) 775-6120
jessica.brennan@btlaw.com

*/s/ Kristen R. Fournier*
Kristen R. Fournier
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Phone: (212) 446-4800
kristen.fournier@kirkland.com

*Attorney for Johnson & Johnson, Johnson & Johnson (Holdco (NA) Inc., Janssen Pharmaceuticals, Inc., LLT Management LLC, and Kenvue Inc.*