**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034
BeasleyAllen.com

**P. Leigh O'Dell**
leigh.odell@beasleyallen.com

**Michelle A. Parfitt**
mparfitt@ashcraftlaw.com

February 10, 2026

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

    **Re:** ***Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation***
           **Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp:

    The Plaintiffs' Steering Committee ("PSC") writes the Court regarding the January 20, 2026 Report & Recommendation of Special Master Wolfson. (ECF No. 43902, hereinafter "Report"). Pursuant to Federal Rule of Civil Procedure 53(a), Judge Wolfson was appointed Special Master for the limited purpose of addressing the parties' Federal Rule of Evidence Rule 702 motions.  *See* ECF No. 39429. The PSC writes to express agreement with Special Master Wolfson's Report. The Report is in line with decisions in a myriad of other ovarian cancer cases in both federal and state courts over the past 15 years.  Not a single court has agreed with the legal

arguments Defendants have made regarding reliability, fit, and admissibility of Plaintiffs' experts and their opinions.

In addition to her detailed Rule 702 analysis, Special Master Wolfson responds to arguments made by the parties which are outside the scope of a Rule 702 inquiry. These arguments are referred to in the Report as "Special Exclusion Arguments." *See, i.e.,* Section VII(A)(1)(iii), Specific Exclusion Arguments and Legal Standards. For example, as it relates to Dr. Kessler, Special Master Wolfson addressed specific arguments related to "expert witnesses constructing factual narratives, offering legal conclusions, and testifying about corporation's state of mind, intent, or compliance with ethical standards." Report at 557.

Special Master Wolfson held that, while evaluated in her Report, these "Specific Exclusion Arguments" were outside of Rule 702 and better reserved for objection at trial. *Id.* at 560 ("I find that Defendants can object if Dr. Kessler's trial testimony turns into a factual narrative."); 565 ("These examples are not exclusive, but should serve as guideposts for the ultimate admissibility decisions made at trial."); and 623 ("to the extent any expert testimony veers to impermissible factual narratives, legal conclusions, or speculation at trial, appropriate objections may be raised at that time."). Like Special Master Wolfson's holdings, other courts have routinely determined that reservation of these types of "Specific Exclusion

Arguments" for objection at trial is the proper route.[1] In fact, recent decisions in litigation involving this same product and expert witnesses have reserved such objections for trial.[2]

Likewise, the scope of the experts' testimony should be reserved for objections at trial. Rulings on whether to permit certain testimony must be made in

---

[1] *See King v. DePuy Orthopedics, Inc.*, No. 23-00196, 2023 BL 307319, at *4 (D. Ariz. Aug. 31, 2023) ("objections to narrative testimony are best made at trial."); *In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2017 BL 475991 (D. Ariz. Dec. 21, 2017) (rejecting defendants' arguments regarding narrative testimony and holding "Defendants may object at trial if Dr. Kessler begins simply regurgitating facts instead of using relevant facts to support for his expert opinions."); *Wells v. Allergan, Inc.*, Case Number CIV-12-973- C, 2013 BL 419394, at *3 (W.D. Okla. Feb. 4, 2013) ("Defendant may object at trial if Dr. Kessler appears to be simply regurgitating facts, rather than using relevant facts as context for his expert opinions."); *See also Rybas v. Riverview Hotel Corp.*, Civil Action No. ELH-12-3103, 2015 U.S. Dist. LEXIS 176294, at *19 (D. Md. Jan. 15, 2015) ("[t]he line between a permissible opinion on an ultimate issue and an impermissible legal conclusion is not always easy to discern." (citation omitted) Therefore, I will resolve at trial any challenges to Harrison's proposed testimony, on the ground that it contains improper legal conclusions, if timely objections are made during the course of testimony."); *United States v. McIver*, 470 F.3d 550, 562 (2006) ("We have previously recognized that in certain circumstances, such as cases involving specialized industries, "opinion testimony that arguably states a legal conclusion is helpful to the jury, and thus, admissible." (internal citation omitted).

[2] *See Johnson & Johnson Talcum Powder Cases*, JCCP No. 4872 (Cal. Sup. Ct. Oct. 24, 2025) ("To the extent the witness might present speculative opinion on corporate state of mind, the District Court thought this better address with objections at trial.") (citing *In re DePuy Orthopedics, Inc. Pinnacle Hip Implant Products Liab. Litig.*, No. 3:11-MD-2244-K, 2016 WL 9560113, at *7 (N.D. Tex. Oct. 3, 2016) ("This testimony may be subject to narrowed and targeted objections at trial but it will not be excluded now.")).

context, with appropriate foundation, and not in a vacuum. This is especially appropriate here given the nuance of these experts' opinions, the varying contexts within which each opinion will be given, and the different state laws that may ultimately apply. For example, although the Report states "Dr. Kessler must stop short of opining on the technical validity, strength, or aspects of any particular test" (Report at 578), it also holds "Dr. Kessler is permitted to testify about how the FDA evaluates testing data… how testing relates to safety substantiation… whether the testing methods that Johnson & Johnson used were generally consistent with FDA and industry standards." *Id.* The Report further holds that Dr. Kessler "can testify about studies he relied on in forming his opinions and how the FDA might interpret testing results." *Id.* Given the fine line drawn in the Report, it is important for the trial court to be permitted to use discretion at trial in determining admissibility of evidence and testimony given the specific context.

The adoption of Special Master Wolfson's Report ought to be limited to its intended purpose of evaluating the methodology of these experts, the science that underlies their opinions, and ensuring the qualifications, reliability, and fit of each expert and each expert's opinions. The gatekeeping at trial of these specific arguments, which go beyond a *Daubert* analysis of experts' methodologies, will

allow flexibility in determining admissibility and delineating the boundary of the factfinder's function.

Similarly, Special Master Wolfson opines that "Genetics-Related General Causation Opinions" of Defense experts were products of reliable methodology. *See* Report at 371. However, Special Master Wolfson put aside Genetics-Related *Specific* Causation Opinions of Defense experts for a separate Report and Recommendation. *See id.* at 375. The admissibility of genetics-related opinions, beyond the reliability of expert methodology under *Daubert*, is outside the scope of this inquiry and better reserved for further motions *in limine* and objection at trial – especially given the implications of state law on Defendant's burden of proof for alternative causes.

In conclusion, the PSC supports Special Master Wolfson's Report and the swift adoption of it by the District Court with recognition that there remain objections best left for the trial judge. The Federal Rules of Civil Procedure require the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Justice demands it. Plaintiffs Carter Judkins, Anna Gallardo, Hilary Converse, Pasqualina Rausa, Linda Bondurant, Tamara Newsome, and others await their day in court. 67,622 women await progress after years of stalled litigation due to Defendants' ongoing tactics. Time has not stopped for any of the injured Plaintiffs and time will not stop for them. The quick adoption of Special Master Wolfson's

carefully considered Report & Recommendation, which left no stone unturned, will avoid unnecessary delay and will further the interest of justice in this unique and critical litigation.

Thank you for your consideration.

Respectfully submitted,

_s/ P. Leigh O'Dell_          _s/ Michelle A. Parfitt_
P. Leigh O'Dell              Michelle A. Parfitt

cc:   All Counsel (via ECF)