IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL Case No. 2738 |

### ALETHA WILSON'S SUPPLEMENT TO THE RECORD ON JOHNSON & JOHNSON'S MOTION FOR ORDER TO SHOW CAUSE

Pursuant to the Court's Order dated February 9, 2026 [Doc. No. 43988], Aletha Wilson, by and through undersigned counsel, hereby supplements the record on Johnson & Johnson's pending Motion for Order to Show Cause regarding disqualification of Beasley Allen [Doc. No. 28760].

1. Wilson, like thousands of MDL plaintiffs, is represented by both The Smith Law Firm, PLLC ("Smith") and Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen"). Affidavit, Ex. 1 at ¶ 2.

2. Wilson was a lifelong user of Johnson & Johnson baby powder until she was diagnosed with uterine cancer in 2009. Ex. 1 at ¶ 3. In talc litigation, uterine cancer is categorized generally as a gynecological cancer to distinguish it, and other gynecological cancers, from ovarian cancer. Smith and Beasley Allen represent thousands of talc plaintiffs with gynecological cancers. Ex. 2 at p. 34, Memorandum Decision and Order from *In re: Red River Talc*, LLC Case No. 24-90505 (Bankr. S.D. Tex. Mar. 31, 2025) (emphasis added).

3. In the Red River Talc LLC bankruptcy ("Plan"), Beasley Allen's lead attorney in the talc litigation, Andy Birchfield, testified that gynecological cancer claims

are *not* compensable in the tort system because they lack scientific causation. Ex. 2 at p. 34.

4. The final Plan, which included the improvements made by the Smith MOU, included compensation for Wilson and thousands of other clients with gynecological cancers. Ex. 3, Plan at p. 257, section 5.5.2 and Ex. 4, Smith MOU.

5. On July 27, 2024, Beasley Allen voted to reject the Plan on behalf of its talc clients including Wilson and thousands of other clients with gynecological cancers. As a result, Beasley Allen sent Wilson and its other clients with gynecological cancers back into the tort system where, according to Birchfield, their claims are worthless. Ex. 2, p. 34.

6. In the Red River Talc LLC bankruptcy, the federal bankruptcy Judge noted Beasley Allen's conflict. "Birchfield [of Beasley Allen] voted on behalf of [gynecological cancer] clients, *without their consent,* to reject payment under the Initial Plan *even though [Birchfield] believes those clients will not and cannot be paid in the tort system.*" Ex. 2, p. 34 (emphasis added). These facts were not disclosed to Wilson by Beasley Allen. Ex. 5.

7. Wilson describes her own experience as a Beasley Allen client, which confirms the Bankruptcy Court's findings. In her Affidavit, Wilson states that Beasley Allen "voted against my best interest without my consent" to reject the Red River Talc LLC bankruptcy Plan. Affidavit, Ex. 1 at ¶¶ 9-10. Continuing, Wilson states, "I did not advise BA to vote against the Red River Bankruptcy plan on my behalf, yet that is exactly what they did." *Id.* at ¶ 9.

8. One month after the Bankruptcy Court issued its opinion, Beasley Allen emailed Wilson[1] a talc "update" and a power of attorney to sign ("Power of Attorney"). Email dated April 24, 2025, Ex. 5, p. 1; Power of Attorney, Ex. 6. In its email, Beasley Allen told Wilson that the Power of Attorney was necessary to provide "clear authority to submit a vote on [Wilson's] behalf *just in case* we find ourselves in a position where J&J is soliciting votes *for a future bankruptcy attempt*." Affidavit at ¶ 11 [Ex. 1]; Email from Beasley Allen dated April 24, 2025 (emphasis added) [Ex. 5].

9. Beasley Allen described the Power of Attorney as an innocuous prophylactic measure "just in case" Johnson & Johnson makes "a future bankruptcy attempt." However, the Power of Attorney contains language intended to retroactively authorize Beasley Allen to vote on behalf of Wilson against her interest in opposition to the Red River Talc LLC bankruptcy Plan which had already been ruled upon. Specifically, the Power of Attorney defines a "Plan" to include all past plans that "Debtors including Red River Talc LLC have filed…." Power of Attorney, Ex. 6 at ¶ 4. In turn, it expressly authorizes Beasley Allen "to vote" on Wilson's behalf "to ACCEPT or to REJECT any PLAN(S)." *Id.* at 5. (emphasis in original).

10. Given the obvious legal and ethical problems that a retroactive power of attorney presents, Beasley Allen drafted its Power of Attorney to appear to "affirm" and "confirm" existing authorities, rather than to create new ones. *Id.* at ¶ 2. The Power of Attorney states in pertinent part:

---

[1] Based on information and belief, Beasley Allen sent the same letter and power of attorney to thousands of other clients including many with claims pending in the MDL.

3

> ... I want to (a) *affirm my previous* and current *intention* to have [Beasley Allen] represent me regarding all matters in any Johnson and Johnson-related talcum powder product liability or bankruptcy cases now pending and any that are solicited or filed in the future, including but not limited to cases solicited or filed on behalf of Johnson and Johnson and/or any past, present or future Johnson and Johnson affiliate; and (b) *clarify* by way of this specific Limited Power of Attorney and Grant of Authority *that the Firm has my consent and instruction to act on my behalf in all matters identified herein.*

Power of Attorney, Ex. 6 at ¶ 2.

11. Far from simply seeking to "affirm" or "confirm" existing authorities, Beasley Allen sought Wilson's express "consent and instruction to act on [her] behalf in all matters identified herein." *Id.* at ¶ 2. This expressly includes the "full power and authority" to "vote ... to REJECT any PLAN(S)" including the Red River Talc LLC Plan *which already had been dismissed by the bankruptcy Judge. Id.* at ¶ 4.[2]

12. Beasley Allen voted to reject the Red River Talc LLC bankruptcy Plan on behalf of Aletha Wilson, against her interest, and without her knowledge and consent. Nine months later, Beasley Allen asked Wilson to sign a Power of Attorney to authorize its improper actions without disclosing the findings of the bankruptcy Judge.

---

[2] The Power of Attorney states, "I further understand that Debtors *including Red River Talc LLC have filed* and may file *plans ... (hereinafter defined as a "Plan").*

4

13. In her Affidavit, Wilson describes her feelings concerning Beasley Allen's actions. "I feel like BA was trying to trick me into signing this Power of Attorney to cover up the fact that BA voted on behalf of clients, such as myself, without my consent and against my best interest." Affidavit, Ex. 1 at ¶ 18.

Aletha Wilson provides the foregoing supplement and supporting evidence for the Court's consideration in relation to the pending Motion for Order to Show Cause regarding disqualification of Beasley Allen.

Dated: February 18, 2026

Respectfully submitted,

PLAINTIFF ALETHA WILSON

*/s/ Robert Allen Smith, Jr.*

R. Allen Smith, Jr., MSB No. 99984
THE SMITH LAW FIRM, PLLC
300 Concourse Blvd., Suite 104
Ridgeland, Mississippi 39157
Telephone: (601) 952-1422
Facsimile: (601) 952-1426
Email: asmith@smith-law.org

Attorney for Aletha Wilson