# KIRKLAND & ELLIS LLP

Kristen Renee Fournier
To Call Writer Directly:
+1 212 446 4777
kristen.fournier@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

February 18, 2026

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2738
**Beasley Allen Disqualification**

Dear Judge Singh:

Defendants submit this letter pursuant to the Court's February 9, 2026 Order (ECF No. 43988) regarding the disqualification of Beasley Allen. Defendants look forward to discussing the management of the MDL in the wake of the Appellate Division's decision during the conference scheduled for February 24.

Beasley Allen must be disqualified in this MDL. Beasley Allen's violations of the Rules of Professional Conduct and the disqualification required as a result of those violations are matters of state law. The United States "Supreme Court has repeatedly emphasized that state courts are the ultimate authorities on the meaning of state law." *Pinho v. Gonzales*, 432 F.3d 193, 212 (3d Cir. 2005). Indeed, "New Jersey courts are the primary authority when applying the Rules of Professional Conduct to controversies." *Shaikh v. Germadnig*, 2022 WL 16716116, at *3 (D.N.J. Nov. 4, 2022) (Singh, M.J.) (quoting *Chi Ming Yau v. He Cheng Rest. Corp.*, 2015 WL 3540596, at *4 (D.N.J. June 2, 2015)).

As the New Jersey Appellate Division succinctly stated, under New Jersey law, there is no "situation in which the side-switching attorney or his new firm would be permitted to continue representation." Ex. A, *In re Talc-Based Powder Products Litigation*, No. A-0215-24, --- A.3d ----, 2026 WL 318130 (N.J. Super. Ct. App. Div. Feb. 6, 2026) at 29. Because "Beasley Allen knowingly collaborated with Conlan on the same issue and in the same litigation that Conlan represented its adversary," "disqualification" is mandated. *Id.*

## KIRKLAND & ELLIS LLP

Hon. Rukhsanah L. Singh
February 18, 2026
Page 2

Given the Appellate Division's unequivocal decision, Beasley Allen should be disqualified from the MDL, and no longer have any say in this proceeding.

Moving forward, the question of who will represent Beasley Allen's clients is readily answered. Allen Smith of the Smith Law Firm *already* jointly represents all of Beasley Allen's talc clients in this MDL. The two firms are parties to a joint venture agreement. *See In re Red River Talc LLC*, 670 B.R. 251, 272 (Bankr. S.D. Tex. Mar. 31, 2025) ("Allen Smith of the Smith Law Firm was a party to a joint venture agreement with Beasley Allen.").

Under the joint venture agreement, the two firms agreed to "jointly represent *all* of our talcum powder clients." Ex. B, JV Agreement at 2 (emphasis added). As Andy Birchfield himself testified: "████████████████████████████████████████████████████████████████" Ex. C, 11/21/24 Birchfield Dep. 37:11-19 (emphasis added). That meant they would "████████████████████████████████" *Id.* at 74:7-11 (emphasis added).

In fact, in the majority of the Beasley Allen cases that have proceeded to trial since the inception of the litigation, Allen Smith served as lead trial counsel, devising the trial strategy, taking the examinations of nearly all experts, and handling nearly all openings and closings. Ex. D, Certification of Robert Allen Smith, Jr., Esq., *In Re Talc-Based Powder Products Litigation*, ATL-L-2648-15, MCL No. 300. As such, the disqualification of Beasley Allen should not cause significant disruption to Beasley Allen's clients (or this MDL) as one of their current attorneys, with significant trial experience and access to expert resources, can continue to represent them.

Respectfully,

Kristen Renee Fournier, Esq.

cc:   All Counsel (via ECF)