UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS) |

### ORDER

**PRESENTLY** before this Court is a sharply contested Motion brought by Defendants Johnson & Johnson and LTL Management LLC ("LTL") (collectively, "J&J"), seeking the Court to disqualify Andy D. Birchfield, Esq., and Beasley Allen Crow Methvin Portis & Miles, P.C. ("Beasley Allen") as counsel to certain Plaintiffs in this multidistrict litigation ("MDL") and/or to remove them from the Plaintiffs' Steering Committee (the "PSC") (the "Motion"). (*See* Doc. No. 28760). In connection with the Motion, the undersigned presided over an evidentiary hearing and has granted the parties the opportunity to extensively brief the Motion.

J&J brought this Motion based on facts identical to those asserted in a motion to disqualify filed in the related New Jersey Superior Court matter, *In Re Talc Based Powder Products Litigation*, Docket Number ATL-L-2648-15, MCL Case Number 300 (New Jersey Superior Court, Atlantic County) (the "NJ MCL").[1] The NJ MCL issued

---

[1] The instant Motion before this Court differs from the motion before the NJ MCL in that it seeks, in the alternative to disqualification, the removal of Beasley Allen from the PSC.

1

an Opinion and Order denying the motion to disqualify. On February 6, 2026, the New Jersey Superior Court, Appellate Division reversed the NJ MCL's Opinion and Order and directed the NJ MCL to disqualify Beasley Allen, which it has done. *In re Talc Based Powder Prods. Litig.*, No. A-215-24, --- A.3d ---, 2026 WL 318130 (App. Div. Feb. 6, 2026).

While the Motion remained pending before this Court, and in light of the Appellate Division February 6, 2026 Opinion, the Court scheduled a Case Management Conference and permitted the parties to file supplementations to the Motion. (*See* ECF No. 43988). In response, J&J and Beasley Allen supplemented the Motion. (Doc. Nos. 44028-44029, 44032). In addition, Plaintiff Aletha Wilson, through her counsel at The Smith Law Firm, PLLC, filed a supplementation together with her Affidavit. (Doc. No. 44023). Two additional Plaintiffs' counsel filed letters for the Court's consideration. (Doc. Nos. 44215 and 44234).

In relevant part and through its supplementation, Beasley Allen sought this Court to defer ruling on the Motion pending its efforts to seek an appeal of the Appellate Division Opinion to the New Jersey Supreme Court. (*See* Doc. No. 44032). On March 3, 2026, the Court held a Case Management Conference, during which counsel raised arguments as to Beasley Allen's request that this Court defer ruling on the pending Motion. (*See* Doc. No. 44238). After that hearing, on March 3, 2026, Beasley Allen's counsel filed a letter, informing the Court that it received correspondence from the

New Jersey Supreme Court regarding Beasley Allen's efforts to seek appeal from the Appellate Division Opinion. (Doc. No. 44244).

To be clear, in this matter, Beasley Allen has not brought a formal motion to stay.[2] Rather, it requests that the Court maintain the status quo of leadership and counsel in this MDL and defer deciding the underlying issue of whether Beasley Allen should be disqualified or removed from the PSC pending the New Jersey Supreme Court's review of the matter. Importantly, Beasley Allen has filed a Motion for Leave to Appeal ("MLA") with the New Jersey Supreme Court. (*See* Doc. No. 44244). The Clerk's Office of the New Jersey Supreme Court has acknowledged "receipt" of the MLA. (Doc. No. 44244 at ECF pp. 2-4). However, it found the MLA deficient and required Beasley Allen to file amended documentation for the MLA to proceed. (Doc. No. 44244 at ECF pp. 2-4). Indeed, J&J will have an opportunity to oppose that MLA, presumptively if and when the deficiencies are cured. (Doc. No. 44244 at ECF p. 4).

This Court exercises wide discretion in the management of its docket and considers with serious reflection questions of efficiency, comity, fairness, and equity, the import of which are underscored in an MDL of this size and maturity. As discussed during the March 3, 2026 Case Management Conference, the outcome (either way) of the Motion may significantly impact the trajectory of this MDL—and potentially the

---

[2] Beasley Allen sought to stay the execution of the disqualification mandated by the Appellate Division before the NJ MCL and Appellate Division. To date, those requests have been denied, and no New Jersey court has stayed the disqualification order or the Appellate Division Opinion.

related state court matters across the nation. Indeed, there are pending *Daubert* hearings before the Special Master and this Court is prepared to set a trial date for the bellwether case, in which the plaintiff is represented by Beasley Allen. The question becomes what does prudence and fairness dictate: Should the Court further delay considering a critical issue (when it has already awaited a ruling from an intermediary appellate division in a related matter) on the speculation that the New Jersey Supreme Court would, at an unforeseeable point in the future, both: (1) grant Beasley Allen leave to appeal on a presently deficient MLA; <u>and</u> (2) reverse a unanimous, published opinion of the Appellate Division?

Beasley Allen seeks the Court to find the relative harm to the plaintiffs it represents and the cumbersome logistical machinations that may result in the event of disqualification here outweigh other considerations, such as maintaining the integrity of this Court's proceedings as well as the Rules of Professional Conduct. It also seeks the Court to consider the MDL context of the issue, such that transferor courts may apply different standards through their respective rules of professional conduct. Beasley Allen further contends that abstention doctrines—*Younger* abstention and the *Colorado River* doctrine—weigh in favor of this Court deferring ruling on the Motion pending any potential New Jersey Supreme Court review.

The Court is not convinced that further delay is warranted. First, this Court has already deferred ruling on the instant Motion pending J&J's appeal to the Appellate Division of the NJ MCL ruling. While Beasley Allen has filed an MLA, there is no

4

indication as to whether the New Jersey Supreme Court will grant that MLA. Nor could Beasley Allen provide any comfort to this Court, other counsel of record, or the litigants themselves as to the timing of any such ruling. Indeed, even if the New Jersey Supreme Court were to grant the firm leave to appeal, there is no indication as to when that court would rule on the merits of the appeal, which could extend resolution of the pending Motion for months or even longer. Reserving on the Motion pending the speculation of proceedings and timings before the New Jersey Supreme Court would be the equivalent of an ostrich burying its head in the sand—an approach contrary to the fundamentals of MDL management and Federal Rule of Civil Procedure 1, as well as the ability to provide finality and due process to all Plaintiffs and Defendants in this matter. Furthermore, the Court will weigh the relative equities and impact of any disqualification or leadership removal through resolution of the underlying Motion, taking into consideration the fundamentals of fairness to all litigants, integrity of the profession and these proceedings, and administrative implications.

Second, the Court is not persuaded that, on this issue, it must take into account the ethical rules of transferor courts. Throughout the extensive briefing on this Motion, Beasley Allen has consistently argued for the application of New Jersey law and New Jersey Rules of Professional Conduct (the "RPCs"). It also had argued in post-hearing briefing that this Court should adopt the findings of the NJ MCL Opinion and Order, which applied exclusively New Jersey law and the RPCs. The change in position

appears to arise solely because it disagrees with the Appellate Division's Opinion.[3] Moreover, other MDL courts have disqualified counsel, including those in leadership positions, based upon application of the relevant laws and rules of the transferee court's jurisdiction, regardless of the laws and rules of relevant transferor courts. *See, e.g., in re Gabapentin Patent Litig.*, MDL 1384, 407 F. Supp. 2d 607 (D.N.J. 2005) (applying the RPCs); *see also, e.g., in re Nat'l Prescription Opiate Litig.*, MDL 2804, 2024 WL 3387288 (N.D. Ohio March 18, 2024) (applying Ohio's rules of professional conduct); *in re Blue Cross Blue Shield*, MDL 2406, 2025 WL 629279 (N.D. Ala. Feb. 26, 2025) (applying Alabama's rules of professional conduct and rejecting argument that the Alabama rules of professional conduct did not apply to attorneys representing plaintiffs in the MDL outside of the state of Alabama).

Third, Beasley Allen's reliance on abstention doctrines is wholly misplaced and completely inapplicable. A simple review of the standards for *Younger* abstention and the *Colorado River* doctrine make that patently clear; the Court need not waste ink on

---

[3] If the Court were to accept the position that it must consider or defer to the rules of professional conduct of the relevant transferee court jurisdictions, then it begs the query of why should this Court await a ruling from the New Jersey Supreme Court as to inapplicable New Jersey law? Clearly, New Jersey law does apply. Although not cited by counsel, New Jersey has made clear that its RPCs apply in this context through RPC 8.5. RPC 8.5(a) provides:
> A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction regardless of where the lawyer's conduct occurs. A lawyer not admitted in this jurisdiction is subject also to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction.

RPC 8.5(a).

such a misguided argument. Nevertheless, notably, if the Court were to accept the premise that those doctrines have any place in this analysis, the application of such abstention doctrines may lead to a stay of the bellwether trial pending the outcomes of motions and trials pending in related state court litigation or even this MDL in its entirety. Indeed, that cannot be the right result.

Fourth, through the present Motion, J&J seeks alternative relief that is wholly separate and distinct from the issues presented in the NJ MCL and the Appellate Division Opinion: removal from the PSC. This Court exercises wide discretion to appoint leadership in complex litigation and MDLs and need not find violations of any ethical obligations to support removal from such leadership. The Court rather considers a much broader range of factors. As such, the Court can freely consider J&J's alternative request for Beasley Allen's removal from the PSC regardless of any action by the New Jersey state courts, including the New Jersey Supreme Court.

Importantly, deferring resolution of the Motion pending the mere potential for appeal of the Appellate Division Opinion could lead to even greater logistical, administrative, and substantive complications later in time. Real risks exist. Further delaying, indefinitely, the decision on the Motion fails to provide certainty to the tens of thousands of plaintiffs represented by Beasley Allen and Defendants, and it risks compromising the integrity of proceedings going forward as well as thwarting the setting of a bellwether trial. Such risks outweigh the concerns raised by Beasley Allen. At this stage, the parties, counsel, and this Court require resolution of the outstanding

issues raised in the Motion to move this MDL forward in any manageable and equitable fashion.

Accordingly, for those reasons, and for good cause shown,

**IT IS** on this **4th** day of **March 2026** hereby

**ORDERED** that Beasley Allen's request for the Court to defer ruling on the Motion to Disqualify it or to Remove it from the PSC pending proceedings before the New Jersey Supreme Court is hereby **DENIED**; and it is further

**ORDERED** that, exercising the Court's discretion to manage proceedings before it, the parties shall promptly meet and confer and discuss with the Special Master whether alternative counsel to Beasley Allen should be made available for the evidentiary hearings and other proceedings before Her Honor pending resolution of the Motion. The Special Master may exercise Her Honor's discretion as to any disputes regarding the same pending resolution of the Motion; and it is further

**ORDERED** that Beasley Allen and Defendants shall promptly inform this Court of any relevant updates on matters pending before the New Jersey Supreme Court and the NJ MCL.

**SO ORDERED.**

                                                **RUKHSANAH L. SINGH**
                                                United States Magistrate Judge