ORDER ON MOTION
---------------

|  | SUPERIOR COURT OF NEW JERSEY |
|---|---|
|  | APPELLATE DIVISION |
|  | DOCKET NO.:   A-000215-24T1 |
| IN RE TALC BASED POWDER | MOTION NO.:   M-004035-25 |
| PRODUCTS LITIGATION | BEFORE:        PART F |
|  | JUDGE(S):     THOMAS W. SUMNERS JR. |
|  |                       MARK CHASE |
|  |                       LORRAINE AUGOSTINI |

MOTION FILED:   03/09/2026        BY:   BEASLEY ALLEN LAW FIRM
ANSWER(S)                              BY:
FILED:

SUBMITTED TO COURT:   March 19, 2026

ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 19th day of March, 2026, HEREBY ORDERED AS FOLLOWS:

MOTION BY   RESPONDENT

MOTION FOR STAY OF THIS
COURT'S OPINION OF
FEBRUARY 6, 2026.                              DENIED

SUPPLEMENTAL:

On February 6, 2026, we issued an opinion disqualifying the Law Firm of Beasley Allen and Andy Birchfield from representing plaintiffs in the In re Talc Litigation. So that the trial court could effectively manage the underlying litigation, we remanded the matter for the trial court to implement an order consistent with our decision. The trial court did so on February 9, 2026.

Beasley Allen and Andy Birchfield then moved before the trial court to stay it's February 9 order of disqualification.  The trial court denied that motion on February 20. Beasley Allen and Andy Birchfield then filed with us for permission to file an emergent motion to stay the trial court's February 20 order.

We denied that request on February 24, 2026 because:  Plaintiffs should not have sought relief from the trial judge regarding a decision issued by this court.  "It is beyond dispute that a trial judge has the responsibility to comply with pronouncements of an appellate court."  Tomaino v. Burman, 364 N.J. Super. 224, 232 (App. Div. 2003).  On remand, a trial court must follow the mandate of an appellate court.  Id. at 233 (quoting Jersey City Redev. Agency v. The Mack Props. Co. No. 3, 280 N.J. Super. 553, 562 (App. Div. 1995)).  Relief of a stay of this court's decision should have been sought from this court.

Beasley Allen and Andy Birchfield now seek leave to stay the implementation of our February 6, 2026 opinion, stay the trial courts February 9, 2026 order implementing our decision, and are also seeking leave to appeal the trial court's February 20, 2026 order denying the stay of the February 9, 2026 order.

The Court has clearly stated:

> A party seeking a stay must demonstrate that: (1) relief is needed to prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the "relative hardships to the parties reveals that greater harm would occur if a stay is not granted than if it were."  McNeil v. Legis. Apportionment Comm'n, 176 N.J. 484, 486 (2003) (LaVecchia, J., dissenting) (citing Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982)).  The moving party has the burden to prove each of the Crowe factors by clear and convincing evidence.  Brown v. City of Paterson, 424 N.J. Super. 176, 183 (App. Div. 2012) (citation omitted).  "In acting only to preserve the status quo, the court may 'place less emphasis on a particular Crowe factor if another greatly requires the issuance of the remedy.'"  Ibid. (citation omitted).  When a case presents an issue of "significant public importance," a court must consider the public interest in addition to the traditional Crowe factors. McNeil, 176 N.J. at 484.

> [Garden State Equal. v. Dow, 216 N.J. 314, 320-21 (2013).]

Accord State v. Robertson, 228 N.J. 138, 149 (2017); New Jersey State Policemen's Benevolent Ass'n v. Murphy, 470 N.J. Super. 568, 593-95 (App. Div. 2022).

Having reviewed the record and applying these factors to Beasley Allen's motion, we conclude they failed to demonstrate entitlement to relief. To have Beasley Allen litigate cases in our trial courts when they have been disqualified would not be in the interest of justice.

FOR THE COURT:

_____

MARK K. CHASE, J.A.D.

ATL-L-2648-15   ATLANTIC