*Admitted to Practice in New Jersey
** Admitted to Practice in New York

# POLLOCK LAW, LLC

400 Riverview Plaza, Suite 425
Trenton, New Jersey 08611
609-308-7300



Jeffrey M. Pollock
Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney
Direct Dial:  (908) 334-3242
Email Address:  jeff@pollocklaw.net

April 13, 2026

***Via* PACER/ECF**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5W
Trenton, New Jersey 08608

>   **Re:**    ***In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Product Liability Litig.*, Case No. 3:16-md-2738 (MAS)/(RLS)**

Dear Judge Shipp:

In connection with Beasley Allen's appeal (ECF No. 44518) of Magistrate Judge Singh's Order disqualifying Beasley Allen and Andy Birchfield ("Beasley Allen") (ECF No. 44424), Beasley Allen writes to advise the Court that on April 10, 2026, the Superior Court of California denied Johnson & Johnson's motion to revoke the pro hac vice admissions of Beasley Allen in *Johnson & Johnson Talcum Powder Cases*, No. JCCP-4872 (Cal. Super. Ct. Apr. 10, 2026). Beasley Allen highlights the below passages from this opinion relevant to arguments in its appeal:

>   Defendants offer no explanation of how the confidential information Beasley purportedly obtained will have any continuing effect on this litigation. It is far from apparent that confidential information about settlement strategy and case valuation would have an ongoing effect on merits litigation of this kind. While the Court is sensitive to the idea that it is difficult to "predict the effect on the proceedings of information likely to be unknown to the court" (*In re Complex Asbestos Litigation, supra*, 232 Cal.App.3d at 592), the fact is that the nature of the information has apparently been disclosed in Defendants' motion, but Defendants have not articulated how that information will in any way impair their ability to defend the cases brought by Beasley or any other firm.

*Id.* at 7 (*see* App. Br. pages 13-16, 24-29).

Defendants do not explain how the sharing of work product worksheets in the context of fashioning a potential settlement structure with an outside vendor creates an attorney-client relationship between that vendor, Conlon, and either Beasley or any Beasley client, as is required under California Rules of Professional Conduct, Rule 1.9(a). To the extent that Defendants argue this spare evidence gives rise to an "association" between Beasley and Conlon under California Rules of Professional Conduct, Rule 5.3, the Court rejects such a suggestion. That Beasley disclosed work product information while discussing a potential settlement structure with an outside company does not transform that vendor or its principal into an associate within the meaning of the ethics rule. Otherwise, all mediators and other settlement officers might be considered "associated with" lawyers with whom they attempt to facilitate settlement discussions.

*Id.* at 8 (*see* App. Br. pages 13-16).

Defendants' motion is astonishingly and inexcusably late, coming years after the grounds for it emerged and became known to them, and months after the Court completed a bellwether trial prosecuted in part by Beasley. Beasley is set to be trial counsel in at least one bellwether trial expected to begin in the coming months. It is plain to the Court that Defendants have not brought this motion "at the first reasonable opportunity" nor demonstrated circumstances that would justify the delay. (*White v. Superior Court, supra*, 98 Cal.App.3d at 55-56.) Moreover, the prejudice to the plaintiffs is patent and extreme. With Defendants' disqualification motion coming on the heels of a $40 million verdict at a trial helmed by Beasley as one of two lead plaintiffs' counsel and on the verge of a second trial in which Beasley will also participate, and with no legitimate reason for the long delay in raising the disqualification issue here, the Court concludes that the motion has been brought for an improper tactical purpose. Any disqualification order issued now would disrupt the smooth litigation of the upcoming trial and likely cause substantial delay.

*Id.* at 6 (*see* App. Br. pages 26-29).

A copy of this order is enclosed for the Court's convenience.

Respectfully,

*/s/ Jeffrey M. Pollock*

JEFFREY M. POLLOCK

cc: Counsel of Record via ECF