# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>***THIS DOCUMENT RELATES TO ALL CASES*** | MDL No. 16-2738 (MAS) (RLS) |

### APPLICATION OF DAVID R. BUCHANAN
### FOR APPOINTMENT AS PLAINTIFFS' CO-LEAD COUNSEL

Pursuant to the Court's March 26, 2026 Order (Dkt. 44424), David R. Buchanan of Seeger Weiss LLP hereby respectfully submits this application for appointment as Co-Lead Counsel for Plaintiffs in the above-captioned MDL.

This litigation has endured a decade of hard-fought progress and extraordinary procedural complexity, including multiple rounds of bankruptcy proceedings that have tested the patience and resolve of all involved. Against that backdrop, Mr. Buchanan submits this application with the broad MDL experience, commitment, and energy that this litigation's next chapter requires. Mr. Buchanan is prepared to work collaboratively with appointed Co-Lead Counsel Ms. Michelle Parfitt, existing leadership, and the broader plaintiffs' counsel group to build on the foundation already laid and to bring the full weight of Seeger Weiss's litigation, trial, and resolution capabilities to bear toward meaningful recoveries for plaintiffs.

As the Court is aware, Christopher A. Seeger was appointed Lead Negotiation Counsel for Plaintiffs in July 2025. Mr. Buchanan's appointment as Co-Lead Counsel would strengthen and unite resolution and litigation leadership—a structure that has driven favorable results across multiple major MDLs in which Seeger Weiss has served in leadership.

This litigation stands at an inflection point. The bankruptcy proceedings are behind it, the requested *Daubert* re-analysis is nearing its conclusion, and the first trial in the MDL is in view. But the longer-term litigation strategy should be designed with clear recognition of where this litigation more broadly stands. Unlike a typical MDL at the bellwether stage, the parties here are not starting from scratch. Numerous trials have already occurred in parallel state proceedings, with more to follow, giving all parties extensive information about how juries evaluate liability, causation, and damages—and significant insight into the strengths and weaknesses of their respective positions.

That record should inform the broader litigation approach beyond the initial trial proceedings. The go-forward strategy should be informed by the full range of tools available—consolidated trials, large-scale case pools worked up in discovery "waves," remand of cases to transferor districts, or some combination of these and other approaches. Whatever form it takes, the litigation strategy should be designed in coordination with, and in support of, the resolution strategy Mr. Seeger is leading.

Mr. Buchanan has helped design and execute these approaches across multiple MDLs, and he is prepared to work with the Court, Co-Lead Counsel, and broader counsel to develop and implement the right program for this litigation.

Mr. Seeger and Mr. Buchanan bring complementary strengths to what this litigation demands. Mr. Seeger is a consensus leader and settlement architect whose effectiveness at the negotiating table rests on his credibility as a trial lawyer. Mr. Buchanan has spent nearly three decades building that credibility alongside him— developing and trying complex product liability cases across some of the most demanding MDLs in the country: building the liability, scientific, and expert record; shepherding causation proofs through *Daubert* challenge; shaping bellwether programs; and trying cases to verdict. Where early trial results have not produced resolution, he has led the broader litigation efforts—expanded discovery programs, deeper trial pools, and remand case "waves"—that advance the litigation and demonstrate the merit and value of plaintiffs' claims across larger case populations.

That litigation work is the foundation on which resolution is built. Mr. Seeger and Mr. Buchanan have refined this model across decades of shared litigation, producing favorable results in some of the largest and most complex MDLs in the country.

Seeger Weiss maintains a substantial docket of cases across the MDL and related state proceedings—a commitment that predates this application. Through

Mr. Seeger's tenure as Lead Negotiation Counsel in this MDL and the firm's service as Liaison Counsel in the Philadelphia Court of Common Pleas Talc/Ovarian Cancer mass tort program, Seeger Weiss has engaged directly with the causation science, the defense posture, and the broader next-steps litigation considerations—across the same defendants and defense counsel. Mr. Buchanan has participated in that work throughout, supporting Mr. Seeger through review of the litigation and science record, strategic planning, and case evaluation.

Though Mr. Buchanan has not been embedded in the day-to-day litigation of this MDL for the past decade, he comes to the role with the perspective of a lawyer who has built, tried, and resolved cases across dozens of comparable proceedings. Combined with his and the firm's institutional knowledge and investment in this litigation, that perspective equips him to lead collaboratively and effectively from the outset.

Across this litigation and others, Seeger Weiss has built working relationships with many of the plaintiffs' counsel involved in this MDL—relationships forged in MDLs and related proceedings that demanded exactly the kind of sustained, consensus-driven leadership this MDL requires. Mr. Buchanan is prepared to draw on those relationships, and to build new ones, in service of a collaborative leadership structure that earns the confidence of the broader plaintiffs' bar.

## I.    QUALIFICATIONS AND EXPERIENCE

David Buchanan is a senior partner at Seeger Weiss LLP, a trial firm with offices in New Jersey, New York, and Pennsylvania. Based in the firm's New Jersey office, Mr. Buchanan's practice is centered on the litigation and trial of complex products liability claims—defective drugs, medical devices, and consumer products—across federal and state courts nationwide. Over three decades, that work has placed him at the center of many of the most significant mass tort MDLs in the country, typically in a leadership role.

In those roles—whether as liaison counsel, lead counsel, executive or steering committee member—Mr. Buchanan has regularly served as a primary spokesperson for plaintiffs on all manner of discovery, science/expert, and dispositive matters, and as lead trial counsel in bellwether proceedings. He handles cases from inception through resolution—from pre-filing strategy and client vetting through case management, fact and expert discovery, *Daubert* and dispositive motion practice, trial, appeal, and settlement.

Mr. Buchanan has been recognized by Chambers USA (Band 1, Nationwide: Product Liability – Plaintiffs, 2024 - 2025; Band 2, 2015 - 2023), Best Lawyers in America (including "Lawyer of the Year," Mass Tort Litigation/Class Actions-Plaintiffs, 2014 and 2020), and Lawdragon 500 Leading Lawyers in America.  In 2025, the National Law Journal recognized Mr. Buchanan with its Elite Trial

Lawyers Lifetime Achievement Award, honoring members of the plaintiffs' bar whose careers have made an indelible mark on their clients and on the practice of law. A graduate of the Benjamin N. Cardozo School of Law (*magna cum laude*, Law Review), Mr. Buchanan is a Fellow of the International Society of Barristers and a frequent speaker on trial practice, complex litigation, and mass tort MDL strategy.

Chambers USA's peer and adversary assessments are consistent, describing Mr. Buchanan as "a great strategist who can visualize a case from start to finish"; "one of the most strategic lawyers and toughest adversaries I know"; "a rare attorney who is both an excellent trial and appellate lawyer"; and "a renowned trial lawyer who has acted on high-profile cases including opioid litigation, pharmaceutical cases and consumer products."

## II.    TRIAL EXPERIENCE

A decade into this litigation, as the Court is working through *Daubert* challenges to Plaintiffs' causation experts under the amended Rule 702 standard, the science and broader case must now be marshaled and readied for trial. The decisions made now will define the litigation's trajectory. Mr. Buchanan has done this work before—repeatedly and collaboratively—across the most demanding MDLs of the past three decades: building and marshaling the liability and scientific record, shaping bellwether/trial programs, and trying the cases that followed. The representative matters below illustrate the firm's record.

6

- *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, **MDL 2885 (N.D. Fla.):** Co-Lead Counsel & Joint Settlement Committee Chair (CAS), Co-Chair of PSC and Discovery Committee (DRB) in the largest products liability MDL in American history. Led the discovery program and tried multiple bellwether trials as lead or co-lead counsel. Resolved for over $6 billion on behalf of over 250,000 servicemembers—the largest mass tort settlement in U.S. history.

- *In re Vioxx Prods. Liab. Litig.*, **MDL 1657 (E.D. La.)/MCL 619 (N.J. Super.):** Co-Lead MDL Counsel (CAS) and Court-appointed Liaison Counsel (DRB) for the New Jersey proceedings; co-chairs of MDL discovery. Led discovery and served as trial counsel in several bellwether cases; supported numerous additional Vioxx MDL, New Jersey, and other state trials. Led the development of post-bellwether case pools to facilitate future consolidated trials/remand proceedings.  Resolved for $4.85 billion across approximately 27,000 cases.

- *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, **MDL 2545 (N.D. Ill.):** Co-Lead Counsel (CAS) and Chair of the Discovery and Trial Committees (DRB); lead or co-lead trial counsel in the first three bellwether trials against AbbVie. Those victories, and subsequent case-specific discovery "wave" workups, provided the impetus for global resolution.

- *In re Chinese-Manufactured Drywall,* **MDL 2047 (E.D. La.):** Lead Trial Counsel and Trial Committee Chair (CAS). Obtained successful verdicts in a succession of bellwether liability and damages trials that drove a $1 billion settlement on behalf of nearly 5,000 plaintiffs.

- *In re DePuy Orthopaedics ASR Hip Implant Litig.*, **MDL 2197 (N.D. Ohio)/MCL 293 (N.J. Super.):** Court-appointed Lead Counsel for the New Jersey proceedings (DRB) and co-lead for the first MDL bellwether trial. Trial preparation alongside the parallel MDL proceeding drove the approximately $2.45 billion global resolution.

- *In re Accutane Litig., **MCL No. 271 (N.J. Super.):** Liaison Counsel and trial counsel (DRB) across multi-county proceedings against Roche involving thousands of cases. Tried several bellwether cases as lead or co-lead counsel, and served as appellate counsel on associated appeals.

7

- ***In re Fresenius Granuflo/Naturalyte Prods. Liab. Litig., MDL 2428 (D. Mass.):*** Trial counsel in *Lastorka v. Fresenius Medical Care* (CAS/DRB), the first MDL bellwether trial in litigation concerning sudden cardiac deaths suffered by dialysis patients. The case resolved days before trial, with demonstrated trial readiness as the critical driver of the global resolution.

## III.    LEADERSHIP AND RESOLUTION EXPERIENCE

Seeger Weiss holds formal leadership appointments across a broad range of federal and state MDL and coordinated proceedings. In each, the firm has been responsible not only for the litigation work described in the preceding section, but for the broader leadership that organizes and moves complex MDL and multi-court litigation toward resolution: managing large-scale discovery programs, building and maintaining consensus among diverse plaintiff groups, coordinating with the Court on case management, and ensuring that the litigation's trajectory serves the interests of all plaintiffs—not just those with cases nearest to trial.

That leadership has consistently required deep engagement with contested causation issues. Mr. Buchanan has spent most of his career in cases where causation is the central battleground. Across the proceedings described herein, he and the firm's lawyers have developed, marshaled, and presented causation proofs in some of the most contested scientific areas in mass tort litigation—working through primary literature and scientific data together with experts in the field to try complex causation and exposure cases. That scientific fluency, including in the

8

epidemiological and medical disciplines central to this litigation, has shaped the firm's trial strategy and presentation across each of these proceedings.

Across these MDLs, Mr. Seeger and Mr. Buchanan have earned and sustained the trust of large, diverse co-counsel groups over years of contested litigation—through consistent performance, transparent leadership, and equitable treatment of cases across the docket. Mr. Seeger's record of building resolution programs across the proceedings listed below speaks for itself. Mr. Buchanan's contribution to those results—building the evidentiary record, trying the cases, and presenting the scientific foundation on which fair resolution rests—has given all parties a reliable basis on which to evaluate claims and negotiate resolution. Mr. Buchanan is prepared to assume that role here.

The following representative matters, spanning both resolved proceedings and active matters in which Seeger Weiss holds court-appointed leadership roles, reflect that combined record:

- *In re Depo-Provera Products Liability Litigation,* **MDL 3140 (N.D. Fla.):** Serving as Lead Counsel, Settlement Committee Chair, and Trial Committee Chair in this active MDL on behalf of thousands of women suffering meningiomas caused by Pfizer's injectable contraceptive, Depo-Provera.

- *In re National Prescription Opiate Litigation,* **MDL 2804 (N.D. Ohio):** Member of the Executive Committee, Settlement Committee, and Negotiation Class Co-Lead in the largest opioid litigation in U.S. history. Helped achieve over $51 billion in total settlements, including a $26 billion resolution with Johnson & Johnson and major distributors and over $15 billion from the nation's largest pharmacies.

- ***In re Philips CPAP,* MDL 3014 (W.D. Pa.):** Co-Lead Counsel. Led overall litigation and resolution strategy for mass tort injury claims, including discovery management/execution, expert development, and settlement negotiation.  Secured a $1.075 billion personal injury settlement, an uncapped $479 million economic loss settlement, and a $25 million medical monitoring fund.

- ***In re NFL Concussion Litigation*, MDL 2323 (E.D. Pa.):** Co-Lead Counsel in landmark litigation resulting in an uncapped 65-year settlement program that has paid more than $1 billion to retired players to date. Settlement affirmed by the Third Circuit; certiorari denied by the Supreme Court.

- ***Roundup/Glyphosate* (Mo. Cir. Ct.):** Negotiated a $7.25 billion nationwide class settlement filed in February 2026 and granted preliminary approval in March 2026, resolving current and future non-Hodgkin lymphoma claims against Monsanto amid pending U.S. Supreme Court preemption review.

- ***Volkswagen Clean Diesel*, MDL 2672 (N.D. Cal.):** Helped achieve approximately $20 billion in settlements — the largest consumer auto class action recovery in U.S. history — on behalf of more than 500,000 class members.

- ***Mercedes-Benz Emissions Litig.* (D.N.J.):** Co-Lead Counsel in $700 million settlement on behalf of a nationwide consumer class.

- ***In re Insulin Pricing Litig.,* MDL 3080 (D.N.J.):** Court-appointed Co-Lead Counsel and Liaison Counsel for the self-funded payer track, representing hundreds of state and local governments, labor unions, school districts, and other entities in claims against six drug manufacturer and PBM defendants for the recovery of excess insulin costs.

- ***In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.,* MDL 2846 (S.D. Ohio):** Member of the Executive Committee in this products liability MDL concerning defective hernia mesh. The litigation is subject to a master settlement currently in the implementation phase.

- ***Apple Inc. Smartphone Antitrust Litigation,* MDL 3113 (D.N.J.):** Co-Lead Counsel in antitrust class action representing direct purchaser consumers alleging illegal monopolization of the smartphone market.

- ***Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, MDL No. 3047 (N.D. Cal.):** Counsel to the co-leads and settlement counsel in MDL prosecuting product liability, negligence, nuisance, and related claims against social media platforms concerning harm to children and schools.

## IV.    SEEGER WEISS'S RESOURCES AND COMMITMENT

Seeger Weiss has the resources and institutional commitment to fulfill the obligations of Co-Lead Counsel in this litigation. The firm employs approximately 40 attorneys across its New Jersey, New York, and Pennsylvania offices, with a core mass tort team that is deeply experienced in managing and overseeing MDL litigation at this scale. Seeger Weiss further possesses the financial resources to fully prosecute this MDL in a timely and efficient manner.

## V.    CONCLUSION

For the foregoing reasons, David Buchanan respectfully seeks appointment as Plaintiffs' Co-Lead Counsel. He brings to this application the broad MDL experience, collaborative leadership, and energy that this litigation's next chapter requires.

Should the Court wish to inquire further, attached is a list of judges and special masters before whom Mr. Buchanan has appeared, each of whom is familiar with the quality and character of his work.

11

Dated: April 17, 2026

Respectfully submitted,

*/s/ David R. Buchanan*
David R. Buchanan

SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
dbuchanan@seegerweiss.com

*Proposed Co-Lead Counsel for Plaintiffs*

# JUDICIAL & SPECIAL MASTER REFERENCES

*Judges:*
Hon. Anita Brody (Ret.) (*NFL*)
Hon. Clair Cecchi (*Proton Pump Inhibitors*)
Hon. Eldon Fallon (*Vioxx*)
Hon. Brian R. Martinotti (*Insulin Pricing; DePuy ASR (N.J.); Yasmin/Yaz (N.J.); Stryker ABG (N.J.)*)
Hon. Matthew Kennelly (*Testosterone Replacement Therapy*)
Hon. M. Casey Rodgers (*3M Combat Arms; Depo-Provera*)

*Special Masters:*
Hon. David Herndon (Ret.) (*3M Combat Arms; Depo-Provera*)
Hon. Diane Welsh (Ret.) (*Philips CPAP*)
Ellen Reisman (*3M Combat Arms*)

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David R. Buchanan*
David R. Buchanan