## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 16-2738 (MAS) (RLS) |

## APPLICATION OF AMANDA K. KLEVORN OF BURNS CHAREST LLP FOR APPOINTMENT AS CO-LEAD COUNSEL

Pursuant to this Court's March 26, 2026 Order, I, Amanda K. Klevorn, respectfully submit this application for appointment as Co-Lead Counsel.

### I. Relevant Experience Matters.

### A. Talc MDL Experience.

I will make a strong addition to the Plaintiffs' leadership group as Co-Lead counsel because of my 10 years of experience representing clients and litigating in this Talc MDL, as well as my wide-ranging experience litigating major cases throughout the country, including antitrust, products liability, environmental, and data privacy cases. I joined Burns Charest in 2016, the same year this MDL was created, and have been significantly involved in nearly every aspect of the litigation from the beginning. My law partner, Warren T. Burns, is a member of the MDL Executive Committee and together it is our privilege to represent hundreds of plaintiffs in the MDL. My firm has invested significant time and resources toward

advancing this litigation over the last decade. I, along with Mr. Burns and many other talented attorneys at Burns Charest, have the institutional knowledge, resources, and motivation to skillfully steer this MDL to achieve the best possible outcome.

For the last 10 years, I have committed a substantial portion of my professional career to this important litigation, both behind the scenes working on my individual clients' cases and at the forefront of the MDL. My experience in mass tort litigation, including this MDL, is vast. With respect to MDL common benefit work, I have been centrally involved in a variety of law and briefing and deposition work covering numerous issues such as the causation *Daubert* briefing that took place both in 2018 and again more recently, as well as bellwether pool discovery and briefing. Additionally, I have briefed and argued expert and privilege matters before Special Master Hon. Joel Schneider. One of my current clients serves as a member of the tort claimants committee in the *In re Imerys Talc America, Inc. et al.* bankruptcy in the U.S. Bankruptcy Court for the District of Delaware, and another client served as a member of the tort claimants committee in the *In re Red River Talc LLC* bankruptcy case in the U.S. Bankruptcy Court for the Southern District of Texas. I was personally involved in all the tort claimant committee meetings and decision-making processes in both cases. In short, I am familiar with every aspect of this litigation going back to its inception in 2016.

On my individual MDL clients' cases, I have personally: reviewed each of my clients' medical records; investigated the status of my clients' tissue samples; drafted and filed my clients' complaints and fact sheets; communicated with my clients on the telephone and in writing on a regular basis; and traveled the country to meet with dying clients and take their *in extremis* depositions. This list is not meant to be exhaustive, but to demonstrate my in-depth understanding of the client-focused work that is constantly going on behind the scenes in large mass tort MDLs like this one. Having that experience will enable me as Co-Lead Counsel to make informed decisions in the client-management and organizational aspects of the MDL, such as the order to show cause process.

This breadth of involvement over the years gives me an advantage—if appointed as Co-Lead Counsel, I will bring a deep understanding of every aspect of the case, from client management and organizational issues on the one hand, to some of the most complex briefing work that has been done in the MDL on the other. I have a good relationship with Lead Counsel Michelle Parfitt, who I respect greatly. I know based on our decade of working together that we would also work well together as Co-Lead Counsel.

### B. Other Complex Cases.

Beyond the Talc MDL, I have been involved in numerous large, complex cases throughout the country in a variety of practice areas. The depth of my

3

experience litigating complex cases has readied me to take on the role of Co-Lead Counsel in this MDL. An illustrative list of my major cases is provided below, and a more comprehensive overview is provided in my firm biography, attached as **Exhibit 1**.

### a. *Opioids Litigation* (17th JDC, Broward County, Florida).

I led defensive fact discovery on behalf of nearly 30 hospitals in Florida against the manufacturers, distributors, and retailers of opioids in *Florida Health Sciences Center, Inc. et al. v. Richard Sackler, et al.* (CACE 19-018882). My work included all aspects of written discovery (fact sheets, initial disclosures, responding to Interrogatories and Requests for Production), document production, ESI discovery (including negotiating ESI search terms), client communication and management, leading meet and confers, motion to compel practice, and arguing at each monthly hearing. In short, I was responsible for running all aspects of defensive discovery for several years, from July 2022 until the case went to trial in September 2025. At the three-month long multi-plaintiff trial, I directed multiple key witnesses and was heavily involved in preparing the plaintiff hospital witnesses to testify. This recent experience at the forefront of a long, complicated trial involving nearly 30 plaintiffs against three of the largest retail pharmacies in the country (Walmart, Walgreens, and CVS) prepared me to lead this Plaintiffs' leadership group in preparing for and managing future MDL bellwether trials.

### b. *EpiPen Antitrust MDL* (D. Kansas).

My law firm served as Co-Lead Counsel in the *In re Epipen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation MDL* (Case No. 2:17-md-02785-DDC-TJJ). I took key depositions of the defendants' employees and attorneys related to the plaintiffs' antitrust pay for delay allegations, and defended key plaintiff experts. I was a member of the trial team, where I was responsible for deposition designations and ensuing negotiations, mock trial preparation, and preparing witness direct and cross examinations. The case ultimately settled on the eve of trial.

### c. *Blue Cross Blue Shield Antitrust MDL* (N.D. Alabama).

My law firm was appointed Settlement Counsel on behalf of the Administrative Services (or Self-Funded) Subclass in the 2.7 billion dollar antitrust case *In re Blue Cross Blue Shield Antitrust* (Case No. 2:13-cv-20000-RDP). The Subclass retained its own separate experts to assess the appropriate settlement allocation between the Fully-Insured subscribers and the Self-Funded subscriber subclass. I was involved in all aspects of expert work on behalf of the Subclass, including working with the Subclass's experts as they performed their analysis and prepared their report, gathering and reviewing the materials and data that were necessary for the experts' analysis, preparing the Subclass's experts to testify at the final fairness hearing, helping to prepare cross examinations for certain objectors'

experts, and attending the final fairness hearing. The court granted final approval in 2022, and it was one of the largest antitrust settlements in history.

### d. *Harvey Upstream* (Fed. Cl.).

In *In re Upstream Addicks and Barker (Texas) Flood Control Reservoirs* (Sub-Master Docket No. 17-9001L), I prepared and directed the test property plaintiffs and an expert at the just compensation trial. The role required a great deal of organization and attention to detail as I had to track and introduce into evidence voluminous records and receipts substantiating the losses sustained by the plaintiffs during Hurricane Harvey.

## II.    Prior Leadership Appointments and Awards.

I have been extraordinarily fortunate to have worked on numerous complex cases all over the country and in a variety of practice areas during my career. This has given me the opportunity to observe, work with, and learn from some of the best plaintiff and defense attorneys in the country. That experience positioned me to qualify for and receive several leadership appointments and awards during my time at Burns Charest. I have been selected as a Lawdragon 500 Leading Plaintiff Consumer Lawyer and Leading Plaintiff Financial Lawyer every year since 2021, a Lawdragon 500 Leading Global Antitrust & Competition Lawyer since 2025, and a Lawdragon 500 Global Plaintiff Lawyer in 2025. I have repeatedly been named a Louisiana Super Lawyer Rising Star and a Best Lawyers in America "One to

Watch." In 2022, I and two of my partners, including Warren T. Burns, received the Outstanding Antitrust Litigation Achievement in Private Law Practice for our work in the *EpiPen* antitrust litigation.

In 2020, I was appointed to the Plaintiff Steering Committee in *In re TikTok, Inc. Consumer Privacy Litigation MDL* (N.D. Ill.), where I served on behalf of individuals alleging that the creators of the TikTok app violated their rights under Illinois' Biometric Information Privacy Act and other federal and state consumer privacy and protection laws.[1] In 2023, I was appointed to the Plaintiffs' Fact Discovery Committee in *In re Kia Hyundai Vehicle Theft Litigation MDL* (C.D. Ca.), where I served on behalf of consumers alleging the defendants' failure to install certain available technology led to the theft of their vehicles.

I currently serve on the Plaintiffs' Steering Committee in *In re Gilead Tenofovir Cases JCCP* (Cal.), a consolidated state court mass tort litigation brought on behalf of tens of thousands of plaintiffs alleging defendant Gilead Sciences, Inc.'s tenofovir-based drugs caused them to develop kidney and/or bone disease. Fact and expert discovery is complete and an appeal is currently pending with the California Supreme Court regarding the JCCP court's denial of the defendant's motion for

---

[1] Before the *TikTok* litigation was consolidated in the U.S. District Court for the Northern District of Illinois, I was also appointed by the Hon. Lucy Koh to the Plaintiffs' Executive Committee in the consolidated *TikTok* proceedings in the U.S. District Court for the Northern District of California.

summary judgment. My time commitment to this case will not interfere with or take precedence over my work in the Talc MDL if I am appointed Co-Lead Counsel.

### III.    Burns Charest LLP.

If appointed, I will have the full support of my talented, experienced colleagues at Burns Charest who have an established history of working cooperatively with others. My firm can contribute significant time and resources to the case.

Burns Charest LLP is a leading complex litigation boutique in the country. Founded in 2015 by two former Susman Godfrey LLP partners, Burns Charest has since been selected to lead several cases of national importance and scope. We currently employ 40 attorneys, as well as support staff, with offices in Dallas, New Orleans, New York City, and Washington, D.C. More information about my firm's work and accomplishments is included in the firm bio attached as **Exhibit 2**.

As mentioned above, my law partner Warren T. Burns has served on the Talc MDL's Executive Committee since 2016. He practices in a variety of areas, including antitrust litigation, complex class action and commercial cases and recently served as Lead Trial Counsel in the *Opioids* trial in Broward County, Florida mentioned above. My law partner Daniel Charest is likewise familiar with this MDL. He currently serves as Co-Lead Counsel in the *Harvey Upstream* takings case in the U.S. Court of Federal Claims mentioned above. Both Mr. Burns and Mr.

Charest are committed to working with me to advance the MDL if I am appointed Co-Lead Counsel.

As someone who was given the opportunity at Burns Charest to learn and practice the law at a very high level early in my career, I am especially proud to have helped recruit and develop a team of talented young associates over the last few years. Nearly all of our associates completed federal clerkships, and they come from a diverse array of backgrounds and experiences. Of particular note are my colleagues Natalie Earles and Laura Seggerman, associates who have contributed substantial common benefit work to the MDL. My team stands ready and willing to provide whatever support—both in terms of time and financial resources—is needed if I am appointed Co-Lead Counsel.

Finally, both myself and my colleagues at Burns Charest pride ourselves on our ability to work well with co-counsel as well as defense counsel to avoid unnecessary disputes and resolve legitimate disputes as efficiently and amicably as possible. I am confident that the attorneys we have worked with both in past and current cases would speak to our professionalism and the spirit of cooperation we always bring to the table.

A compendium of individual biographies for Mr. Burns, Mr. Charest, Ms. Earles, and Ms. Seggerman is attached as **Exhibit 3**.

## IV.    Conclusion.

I would welcome the opportunity to contribute my experience, time, and resources to this important litigation in the role of Co-Lead Counsel. I care deeply about this litigation and my experience and institutional knowledge of the MDL make me well suited for the role.

I thank the Court for its consideration.

Dated: April 17, 2026                              Respectfully submitted,

                                                   */s/ Amanda K. Klevorn*
                                                   Amanda K. Klevorn
                                                   BURNS CHAREST LLP
                                                   201 Saint Charles Avenue
                                                   Suite 2900
                                                   New Orleans, Louisiana 70170
                                                   T: 504.799.2845
                                                   F: 504.881.1765
                                                   aklevorn@burnscharest.com

                                                   *Proposed Co-Lead Counsel for
                                                   Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

*/s/ Amanda K. Klevorn*
Amanda K. Klevorn

11