

Jessica L. Brennan
Partner
(973) 775-6120
jessica.brennan@btlaw.com

1776 on the Green
67 East Park Place, Suite 1000
Morristown, NJ 07960-7105 U.S.A.
(973) 775-6101
Fax: (973) 775-6102

www.btlaw.com

April 29, 2026

**VIA ECF**
Hon. Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State Street, Courtroom 5W
Trenton, New Jersey 08608

> Re:    *In re: Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, **Case No. 3:16-md-2738/MDL No. 16-2738 (MAS) (RLS)**
> **Notice of Supplemental Authority**

Dear Judge Shipp:

This firm represents the Johnson & Johnson Defendants (J&J) in the above-referenced matter. We write to bring to the Court's attention the April 24, 2026, Memorandum Opinion and Order issued in *Bennett et al. v. Johnson & Johnson et al.*, 2025-L-007046, pending in the Circuit Court of Cook County, Illinois, which is relevant to the arguments in Points I and II of J&J's Opposition to Beasley Allen's Appeal. (*See* Doc. No. 44592). Specifically, in *Bennett*:

- The circuit court "expressly adopt[ed]" Magistrate Judge Singh's "factual summary," which it credited for being "thoughtful, comprehensive, fair, and complete." (p. 8);

- The court agreed that Beasley Allen's "offered interpretation" of "associated with," as used in RPC 5.3's triggering clause, "would render the phrase . . . meaningless and mere surplusage," which is "an unacceptable result." (p. 18). Because "the rule itself does not offer a particular definition" of the phrase, the court turned "to three familiar dictionaries," including *Black's Law Dictionary*, to discern its "plain and ordinary meaning." (pp. 16-17). The court ultimately concluded that Conlan "associated with" Beasley Allen "within the meaning of [RPC] 5.3." (p. 22);

- The court noted that RPC 1.9(a) "does not require a showing that the former client's (J&J here) confidential information was disclosed." (p. 24). Rather, "if the matters in both engagements were the same," as they were here, "the second representation is proscribed under [RPC] 1.9(a)." (pp. 23-24). The court then found, "as conceded by Conl[a]n [and] Birchfield," that Conlan "could not have engaged as a lawyer with Beasley Allen in 2023 in the J&J matters, had Beasley Allen actually hired or retained Conl[a]n in some legal capacity." (p. 24). Thus, the "'engaged in by a lawyer' requirement" of RPC 5.3(c) was "satisfied." (*Id.*);

April 29, 2026
Page 2

- Based on "the events leading up to and occurring during the mediation in J&J's second bankruptcy case," the court determined that Beasley Allen "either ordered or ratified Conl[a]n's conduct." (p. 24); and

- The Conlan-Beasley Allen collaboration represented "a substantial breach and violation of the Code of Professional Conduct," such that the court was "left with little choice but to" terminate the *pro hac vice* appearances of Beasley Allen's lawyers. (p. 27).

A copy of the *Bennett* Memorandum Opinion and Order is attached. Thank you for Your Honor's attention.

Respectfully submitted,

/s/ *Jessica L. Brennan*

Encl.

cc:   All Counsel of Record (via ECF)

**Barnes & Thornburg**