# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | Case No. 3:16-md-2738-MAS-RLS<br><br>MDL No. 2738 |

## CASE MANAGEMENT ORDER NO. 17

**(Filing of Second Amended Master Complaint and Incorporation of Same by Short Form Complaints Filed Prior to the Date of This Case Management Order)**

**IT IS HEREBY ORDERED**, with consent of all Parties, that the following:

1. Pursuant to the Memorandum and Opinion and accompanying Order granting the Plaintiffs' Steering Committee's ("PSC") motion for leave to file its proposed Second Amended Master Complaint, the PSC filed in the above referenced matter its Second Amended Master Complaint ("SAMC") [ECF No. 43100] on September 11, 2025, conformed to the holding in this Court's Memorandum and Opinion of August 5, 2025. [ECF No. 41297], which held that the claim of spoliation is not permitted.

2.      The parties have stipulated that Red River Talc LLC (a Texas limited liability company with its principal place of business in the State of New Jersey) will be substituted in place of LTL Management LLC in the SAMC.

3.      The parties have further stipulated that Johnson & Johnson HoldCo (NA) Inc. will be substituted in place of the now defunct entity that previously existed with the same name.

4.      All Short Form Complaints previously filed in this MDL on or before the date of the filing of the SAMC (conformed) are hereby deemed to incorporate the SAMC without the need of any Plaintiff to take any action to amend their Short Form Complaints that have already been filed in this case.  However, in the event the addition of a new Defendant identified in the SAMC would destroy subject matter jurisdiction in any individual case, the Short Form Complaint in any such case shall not be deemed to incorporate that new Defendant.

5.      With regard to any Plaintiff who files a Short Form Complaint in this MDL pursuant to Case Management Order No. 2 (CMO-2) and/or Case Management Order No. 3 (CMO-3), including any subsequent amendments thereto, the Short Form Complaint filed shall be deemed to incorporate the SAMC and any future amendments to the Master Complaint that may be granted by the Court in the future.

2

6.    Case Management Order No. 3 is amended as follows to reflect updated templates for the Short Form Complaints:

    a. For all cases that are filed directly in the District of New Jersey pursuant to the Direct Filing Order, Plaintiffs shall file a Short Form Complaint in the format set forth in **Exhibit 1** to this Order.

    b. For any case transferred to this MDL pursuant to the Rules of the Judicial Panel on Multidistrict Litigation after the date of this Order (with the exception of the cases in which there is a Motion to Remand pending), a Short Form Complaint in the format set forth in **Exhibit 2** to this Order shall be filed and properly served in accordance with the Court's orders governing service of process within thirty (30) days of the date of transfer to this Court.[1]

This the ___ day of _____ 2026.

_____

Hon. Michael A. Shipp, U.S.D.J.

Hon. Rukhsanah L. Singh, U.S.M.J.

---

[1]    The terms of Case Management Order No. 3 govern except as modified by this Order.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>_____ ,<br><br>              Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, ET AL.,<br><br>              Defendants. | **MDL No. 2738 (MAS) (RLS)**<br>**JUDGE MICHAEL A. SHIPP**<br>**JUDGE RUKHSANAH L. SINGH**<br><br>COMPLAINT AND JURY DEMAND<br><br>Civil Action No. _____<br><br>DIRECT FILED ACTION |

## SHORT FORM COMPLAINT
## AND JURY DEMAND

The Plaintiff(s) named below file(s) this _Short Form Complaint and Demand for Jury Trial_ against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in _Plaintiffs' Second Amended Master Long Form Complaint_ (ECF No. 42100), in _In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation_, MDL No. 2738, in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form

Complaint as permitted by Case Management Order No. 1 (ECF No. 74).

In addition to those causes of action contained in *Plaintiffs' Second Amended Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1.  Name of individual injured due to the use of talcum powder product(s):

    _____.

2.  At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of

    _____.

3.  Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____

    _____.

4.  Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: _____

    _____.

5.  Plaintiff/Decedent was born on _____ and died on

    _____.

2

6.      Plaintiff is filing this case in a representative capacity as the

_____ of the _____,

having been duly appointed as the _____ by the

_____ Court of _____.

7.     As a result of using talcum powder products, Plaintiff/Decedent suffered

personal and economic injur(ies) that are alleged to have been caused by the use

of the products identified in Paragraph 16 below, but not limited to, the

following:

_____ injury to herself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

_____ economic loss

_____ loss of services

_____ loss of consortium

_____ other:  _____

_____

## Identification of Defendants

8.     Plaintiff(s)/Decedent    Plaintiff(s)    is/are    suing    the    following

3

Defendant(s) (please check all that apply):[1]

☐   Johnson & Johnson

☐   Johnson & Johnson Holdco (NA) Inc. (New JJCI)

☐   Janssen Pharmaceuticals, Inc.

☐   Kenvue, Inc.

☐   Red River Talc LLC

☐   Personal Care Products Council (PCPC)[2]

**Additional Defendants:**

☐   Other(s) Defendant(s) (please specify): _____

_____

_____.

## JURISDICTION & VENUE

**Jurisdiction:**

9.   Jurisdiction in this Short Form Complaint is based on:

☐   Diversity of Citizenship

☐   Other (The basis of any additional ground for jurisdiction must be

---

[1]   If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

[2]   A plaintiff may only assert claims against PCPC if designating New Jersey or the District of Columbia as the venue for remand in Paragraph 10 of the Short Form Complaint.

pled in sufficient detail as required by the applicable Federal Rules of Civil

Procedure): _____

_____.

**<u>Venue:</u>**

10.    District Court(s) and Division (if any) in which venue was proper

where you might have otherwise filed this Short Form Complaint absent the

direct filing Order entered by this Court and to where remand could be ordered

by the Judicial Panel for trial:

_____

_____.

## <u>CASE SPECIFIC FACTS</u>

11.    Plaintiff(s) currently reside(s) in (City, State):

_____.

12.    At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder

product(s) injury, Plaintiff/Decedent resided in (City, State):

_____.

13.    The Plaintiff/Decedent was diagnosed with a talcum powder product(s)

injury in (City/State): _____

on _____ (date).

14.    To the best of Plaintiff's knowledge, Plaintiff/Decedent began using

5

talcum powder product(s) on or about the following date: _____ and

continued the use of talcum powder product(s) through about the following date:

_____.

15.    The Plaintiff/Decedent purchased talcum powder product(s) in the

following (State(s)): _____.

16.    Plaintiff/Decedent used the following talcum powder products:

  □    Johnson & Johnson's Baby Powder

  □    Shower to Shower

## CAUSES OF ACTION

17.    Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master*

*Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the *Second Amended*

*Master Long Form Complaint and Jury Demand* are herein adopted by

reference by Plaintiff(s):

  □    Count II: Products Liability – Strict Liability – Failure to Warn
       (Against Johnson & Johnson)

  □    Count III: Products Liability – Strict Liability – Failure to Warn
       (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

  □    Count IV: Products Liability – Strict Liability – Failure to Warn
       (Against Red River Talc LLC)

  □    Count V: Products Liability – Strict Liability – Failure to Warn
       (Against Kenvue Inc.)

6

☐    Count VI: Products Liability – Strict Liability – Failure to Warn (Against Janssen Pharmaceuticals, Inc.)

☐    Count VIII: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Johnson & Johnson)

☐    Count IX: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count X: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Red River Talc LLC)

☐    Count XI: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Kenvue Inc.)

☐    Count XII: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Janssen Pharmaceuticals, Inc.)

☐    Count XIII: Breach of Express Warranties (Against Johnson & Johnson)

☐    Count XIV:  Breach of Express Warranties (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count XV: Breach of Express Warranties (Against Red River Talc LLC)

☐    Count XVI: Breach of Express Warranties (Against Kenvue Inc.)

☐    Count XVII: Breach of Express Warranties (Against Janssen Pharmaceuticals, Inc.)

☐    Count VIII: Breach of Implied Warranty of Merchantability (Against Johnson & Johnson)

☐    Count XIX: Breach of Implied Warranty of Merchantability (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count XX: Breach of Implied Warranty of Merchantability (Against Red River Talc LLC)

7

☐ Count XXI: Breach of Implied Warranty of Merchantability (Against Kenvue Inc.)

☐ Count XXII: Breach of Implied Warranty of Merchantability (Against Janssen Pharmaceuticals, Inc.)

☐ Count XXIII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Johnson & Johnson)

☐ Count XXIV: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count XXV: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Red River Talc LLC)

☐ Count XXVI: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Kenvue Inc.)

☐ Count XXVII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Janssen Pharmaceuticals, Inc.)

☐ Count XXIX: Negligence (Against Johnson & Johnson)

☐ Count XXX: Negligence (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count XXXI: Negligence (Against Red River Talc LLC)

☐ Count XXXII: Negligence (Against Kenvue Inc.)

☐ Count XXXIII: Negligence (Against Janssen Pharmaceuticals, Inc.)

☐ Count XXXIV: Negligence (Against PCPC)

☐ Count XXXV: Negligent Misrepresentation (Against Johnson & Johnson)

☐    Count XXXVI: Negligent Misrepresentation (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count XXXVII: Negligent Misrepresentation (Against Red River Talc LLC)

☐    Count XXXVIII: Negligent Misrepresentation (Against Kenvue Inc.)

☐    Count XXXIX: Negligent Misrepresentation (Against Janssen Pharmaceuticals, Inc.)

☐    Count XL: Fraud (Against Johnson & Johnson)

☐    Count XLI: Fraud (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count XLII: Fraud (Against Red River Talc LLC)

☐    Count XLIII: Fraud (Against Kenvue Inc.)

☐    Count XLIV: Fraud (Against Janssen Pharmaceuticals, Inc.)

☐    Count XLV: Fraud (Against PCPC)

☐    Count XLVI: Violation of State Consumer Protection Laws of the State of _____ (Against Johnson & Johnson)

☐    Count XLVII: Violation of State Consumer Protection Laws of the State of _____ (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count XLVIII: Violation of State Consumer Protection Laws of the State of _____ (Against Red River Talc

9

LLC)

☐ Count XLIX: Violation of State Consumer Protection Laws of the

State of _____ (Against Kenvue Inc.)

☐ Count L: Violation of State Consumer Protection Laws of the

State of _____ (Against Janssen

Pharmaceuticals, Inc.)

☐ Count LII: Fraudulent Concealment (Against Johnson & Johnson)

☐ Count LIII: Fraudulent Concealment (Against Johnson & Johnson
Holdco (NA) Inc. (New JJCI))

☐ Count LIV: Fraudulent Concealment (Against Red River Talc
LLC)

☐ Count LV: Fraudulent Concealment (Against Kenvue Inc.)

☐ Count LVI: Fraudulent Concealment (Against Janssen
Pharmaceuticals, Inc.)

☐ Count LVII: Fraudulent Concealment (Against PCPC)

☐ Count LVIII: Civil Conspiracy (Against All Defendants)

☐ Count LIX: Loss of Consortium (Against All Defendants)

☐ Count LX: Punitive Damages (Against All Defendants)

☐ Count LXI: Wrongful Death (Against All Defendants)

☐ Count LXII: Survival Action (Against All Defendants)

☐ Count LXIII: Assumption of Duty (Against Johnson & Johnson)

☐ Count LXIV: Aiding and Abetting (Against Johnson & Johnson)

10

☐    Count LXV: Acting in Concert (Against All Defendants)

☐    Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above.  If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

_____

_____

_____.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## <u>JURY DEMAND</u>

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated:_____                    Respectfully Submitted by,

_____

11

_____

**Counsel for Plaintiff(s)**

12

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to:<br><br>_____<br><br>_____ | **MDL No. 2738 (MAS) (RLS)** |

## SHORT FORM COMPLAINT
## AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Second Amended Master Long Form Complaint* (ECF No. 42100), in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738, in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 (ECF No. 74).

In addition to those causes of action contained in *Plaintiffs' Second*

*Amended Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s):

    _____.

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of

    _____.

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____

    _____.

4. Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: _____

    _____.

5. Plaintiff/Decedent was born on _____ and died on

    _____.

6. Plaintiff is filing this case in a representative capacity as the

    _____ of the _____,

2

having been duly appointed as the _____ by the

_____ Court of _____.

7.     As a result of using talcum powder products, Plaintiff/Decedent suffered

personal and economic injur(ies) that are alleged to have been caused by the use

of the products identified in Paragraph 16 below, but not limited to, the

following:

_____ injury to herself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

_____ economic loss

_____ loss of services

_____ loss of consortium

_____ other:  _____

_____

**Identification of Defendants**

8.     Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following

Defendant(s) (please check all that apply):[1]

---

[1]     If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom

3

☐    Johnson & Johnson

☐    Johnson & Johnson Holdco (NA) Inc. (New JJCI)

☐    Janssen Pharmaceuticals, Inc.

☐    Kenvue, Inc.

☐    Red River Talc LLC

☐    Personal Care Products Council (PCPC)[2]

**Additional Defendants:**

☐    Other(s) Defendant(s) (please specify): _____

_____

_____.

## **JURISDICTION & VENUE**

**Jurisdiction:**

9.    Jurisdiction in this Short Form Complaint is based on:

☐    Diversity of Citizenship

☐    Other (The basis of any additional ground for jurisdiction must be

pled in sufficient detail as required by the applicable Federal Rules of Civil

Procedure): _____

---

they are alleged must be specifically identified on a separate sheet of paper attached to this
*Short Form Complaint*.

[2]    A plaintiff may only assert claims against PCPC if designating New Jersey or the
District of Columbia as the venue for remand in Paragraph 10 of the Short Form Complaint.

4

_____.

**Venue:**

10.    District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

_____

_____.

## CASE SPECIFIC FACTS

11.    Plaintiff(s) currently reside(s) in (City, State):

_____.

12.    At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

_____.

13.    The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): _____

on _____ (date).

14.    To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: _____ and continued the use of talcum powder product(s) through about the following date:

5

_____.

15.    The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): _____.

16.    Plaintiff/Decedent used the following talcum powder products:

☐    Johnson & Johnson's Baby Powder

☐    Shower to Shower

## CAUSES OF ACTION

17.    Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the *Second Amended Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☐    Count II: Products Liability – Strict Liability – Failure to Warn (Against Johnson & Johnson)

☐    Count III: Products Liability – Strict Liability – Failure to Warn (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐    Count IV: Products Liability – Strict Liability – Failure to Warn (Against Red River Talc LLC)

☐    Count V: Products Liability – Strict Liability – Failure to Warn (Against Kenvue Inc.)

☐    Count VI: Products Liability – Strict Liability – Failure to Warn (Against Janssen Pharmaceuticals, Inc.)

☐    Count VIII: Products Liability – Strict Liability – Defective

6

Manufacturer and Design (Against Johnson & Johnson)

☐ Count IX: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count X: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Red River Talc LLC)

☐ Count XI: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Kenvue Inc.)

☐ Count XII: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Janssen Pharmaceuticals, Inc.)

☐ Count XIII: Breach of Express Warranties (Against Johnson & Johnson)

☐ Count XIV:  Breach of Express Warranties (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count XV: Breach of Express Warranties (Against Red River Talc LLC)

☐ Count XVI: Breach of Express Warranties (Against Kenvue Inc.)

☐ Count XVII: Breach of Express Warranties (Against Janssen Pharmaceuticals, Inc.)

☐ Count VIII: Breach of Implied Warranty of Merchantability (Against Johnson & Johnson)

☐ Count XIX: Breach of Implied Warranty of Merchantability (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count XX: Breach of Implied Warranty of Merchantability (Against Red River Talc LLC)

☐ Count XXI: Breach of Implied Warranty of Merchantability (Against Kenvue Inc.)

7

☐     Count XXII: Breach of Implied Warranty of Merchantability (Against Janssen Pharmaceuticals, Inc.)

☐     Count XXIII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Johnson & Johnson)

☐     Count XXIV: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐     Count XXV: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Red River Talc LLC)

☐     Count XXVI: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Kenvue Inc.)

☐     Count XXVII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Janssen Pharmaceuticals, Inc.)

☐     Count XXIX: Negligence (Against Johnson & Johnson)

☐     Count XXX: Negligence (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐     Count XXXI: Negligence (Against Red River Talc LLC)

☐     Count XXXII: Negligence (Against Kenvue Inc.)

☐     Count XXXIII: Negligence (Against Janssen Pharmaceuticals, Inc.)

☐     Count XXXIV: Negligence (Against PCPC)

☐     Count XXXV: Negligent Misrepresentation (Against Johnson & Johnson)

☐     Count XXXVI: Negligent Misrepresentation (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐     Count XXXVII: Negligent Misrepresentation (Against Red River

8

Talc LLC)

☐ Count XXXVIII: Negligent Misrepresentation (Against Kenvue Inc.)

☐ Count XXXIX: Negligent Misrepresentation (Against Janssen Pharmaceuticals, Inc.)

☐ Count XL: Fraud (Against Johnson & Johnson)

☐ Count XLI: Fraud (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count XLII: Fraud (Against Red River Talc LLC)

☐ Count XLIII: Fraud (Against Kenvue Inc.)

☐ Count XLIV: Fraud (Against Janssen Pharmaceuticals, Inc.)

☐ Count XLV: Fraud (Against PCPC)

☐ Count XLVI: Violation of State Consumer Protection Laws of the State of _____ (Against Johnson & Johnson)

☐ Count XLVII: Violation of State Consumer Protection Laws of the State of _____ (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☐ Count XLVIII: Violation of State Consumer Protection Laws of the State of _____ (Against Red River Talc LLC)

☐ Count XLIX: Violation of State Consumer Protection Laws of the

9

State of _____ (Against Kenvue Inc.)

☐    Count L: Violation of State Consumer Protection Laws of the

State of _____ (Against Janssen

Pharmaceuticals, Inc.)

☐    Count LII: Fraudulent Concealment (Against Johnson & Johnson)

☐    Count LIII: Fraudulent Concealment (Against Johnson & Johnson
Holdco (NA) Inc. (New JJCI))

☐    Count LIV: Fraudulent Concealment (Against Red River Talc
LLC)

☐    Count LV: Fraudulent Concealment (Against Kenvue Inc.)

☐    Count LVI: Fraudulent Concealment (Against Janssen
Pharmaceuticals, Inc.)

☐    Count LVII: Fraudulent Concealment (Against PCPC)

☐    Count LVIII: Civil Conspiracy (Against All Defendants)

☐    Count LIX: Loss of Consortium (Against All Defendants)

☐    Count LX: Punitive Damages (Against All Defendants)

☐    Count LXI: Wrongful Death (Against All Defendants)

☐    Count LXII: Survival Action (Against All Defendants)

☐    Count LXIII: Assumption of Duty (Against Johnson & Johnson)

☐    Count LXIV: Aiding and Abetting (Against Johnson & Johnson)

☐    Count LXV: Acting in Concert (Against All Defendants)

☐    Furthermore, Plaintiff(s) assert(s) the following additional  theories

10

and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above.  If Plaintiff(s) includes additional theories of  recovery, to the extent they require specificity in pleadings, the specific facts  and allegations supporting these theories must be pled by Plaintiff(s) in a  manner complying with the requirements of the Federal Rules of Civil  Procedure.

_____

_____

_____.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of  suit, and such further relief as the Court deems equitable and just, and as set  forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated:_____                    Respectfully Submitted by,

_____

_____

**Counsel for Plaintiff(s)**

11