

|  | **Freda Wolfson** | One Lowenstein Drive |
|---|---|---|
|  | Partner | Roseland, New Jersey 07068 |
|  | U.S. Chief Dist. Judge (ret.) | |

T:  (862) 926-2708
M: (908) 715-8349
E:  fwolfson@lowenstein.com

## LETTER ORDER

**TO ALL COUNSEL OF RECORD**

**Re:**  ***In re Johnson & Johnson Talcum Powder Products Marketing,***
***Sales Practices and Products Liability Litigation***
**Case No. 3:16-md-2738 (MAS) (RLS)**
**MDL No. 2738**

***Diana Balderrama v. Johnson & Johnson, et al.***
**Docket No. ATL-L-6540-14**

***Brandi Carl v. Johnson & Johnson, et al.***
**Docket No. ATL-L-6546-14**

Counsel:

Following the recent *Daubert*/*Accutane* evidentiary hearing on specific causation, Defendants filed a letter dated May 12 on the dockets in the MDL and MCL seeking "leave to file supplemental Rule 702/*Accutane* briefing on Plaintiffs' specific cause experts' opinions in the MDL and MCL bellwether cases." Defendants submit that supplemental briefing is necessary because Plaintiffs' experts—Drs. Clarke-Pearson, Cramer, and Wolf— "radically changed their specific cause opinions" at the hearing.

On May 13, Plaintiffs filed a letter directed to Judge Shipp, Judge Singh, and me requesting that Defendants' May 12 letter "be stricken and removed from the docket." Plaintiffs argue that (1) the Court's processes governing these proceedings do "not include post-hearing briefing" and (2) my comments at the conclusion of the hearing make clear that the matter is concluded and that I "wanted no further oral argument or post-hearing briefing." Plaintiffs filed a similar letter in the MCL.

In a May 18 text order, Judge Shipp referred to me "the dispute regarding the J&J Defendants' request for leave to file supplemental Rule 702/*Accutane* briefing on Plaintiffs' specific cause experts' opinions (ECF No. 44971) and PSC's opposition to the request (ECF No. 44974)."

Having reviewed the parties' submissions and presided over the specific causation evidentiary hearing, I agree that supplemental briefing would assist me in performing my gatekeeping role in the MDL and MCL. Indeed, the experts testified to new information/expert analyses that merit additional discussion.

To be clear, while I stated at the conclusion of the hearing that "this is now teed up for my consideration on the motions that were filed," that was intended to reflect that we had finally

completed hearings and the evidentiary record was complete; I did not address the possibility of post-hearing briefing. Indeed, had the parties requested such an opportunity, I would have granted that request. In fact, during the hearing, defense counsel advised that Defendants were likely to submit a letter brief addressing whether a colloquy between Plaintiffs' counsel and Dr. Cramer waived the attorney-client privilege. I responded: "We have the context in which he said it, and certainly I'm not weighing in today, so we'll just wait and see what comes our way." Rather than precluding additional submissions, I left that possibility open.

Finally, Defendants' letter also seeks "the production of certain new information raised by Dr. Daniel Cramer during his testimony last Friday." Specifically, Defendants assert that they are "entitled to two categories of documents based on Dr. Cramer's hearing testimony: (1) documents relating to his supposed lectures on his specific causation methodology; and (2) documents and communications relating to instances Dr. Cramer supposedly found no specific causation." I reserve decision on Defendants' request for additional discovery and direct the parties to address the issue in their supplemental briefs, including whether I possess the authority under my Special Master/Adjudicator assignment to compel production of the requested materials and, if so, whether the materials are discoverable.

Accordingly, I will permit Plaintiffs and Defendants to file supplemental briefs by Friday, May 29. The briefs shall not exceed 25 pages, excluding any table of contents or table of authorities. The briefs shall contain double-spaced text and single-spaced footnotes or inserts, and the typeface shall be Times New Roman 14, including footnotes. In that connection, I will not consider the substantive arguments raised in Defendants' May 12 letter. Defendants must present their arguments in their supplemental brief.

Dated: May 20, 2026                                  */s/ Freda L. Wolfson*
                                                     Hon. Freda L. Wolfson (ret.)
                                                     Special Master/Adjudicator

2