

June 15, 2026

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street
Trenton, NJ 08608

>    **Re:    *Johnson & Johnson Talcum Powder Products, Marketing, Sales Practices and Products Liability Litigation*
>    Case No.: 3:16-md-02738-MAS-RLS**

Dear Judge Shipp and Judge Singh:

As you are aware, I am Plaintiffs' Co-Lead Counsel in the above-referenced matter. I write on behalf of the Plaintiffs' Steering Committee ("PSC") regarding the PSC's position on a structured remand process which will serve the best interest of the Court and all parties. The parties have conferred in good faith but have not reached agreement on a remand process. Consequently, each party will be submitting their own proposal for your consideration.

The Judicial Panel on Multidistrict Litigation ("JPML") began transferring all federal actions involving talc-related ovarian cancer claims in October 2016 for coordinated pretrial proceedings. (*See* ECF No. 1). At present, this matter is the largest MDL in the country, involving over 70,000 actions filed by women claiming prolonged perineal use of Defendants' talcum powder products causes epithelial ovarian cancer. Sadly, since the JPML coordination of these cases, more than one-third of all plaintiffs have passed away because of their cancer.

What is obvious from the ongoing meet-and-confer process is that Defendants intend to delay trials for as long as possible. Defendants insist that multiple bellwether trials take place before cases are remanded to the transferor courts. However, bellwether trials are not a requirement in MDLs. Bellwether trials are

2020 K Street NW, Suite 505, Washington, DC 20006

meant to be a tool used to promote settlement.  See Manual for Complex Litigation, Fourth, § 20.132 (stating that a transferee court **could** conduct a bellwether trial if it "may otherwise promote settlement in the remaining actions."), and Defendants have already publicly stated their intention to forego settlement in favor of trials in individual cases.  Defendants' position counsels in favor of allowing the PSC to choose the cases best suited for remand because, based upon Defendants' posture, "representative" cases have no bearing on their decisions.

This is not a situation where multiple bellwether trials are necessary, useful, or instructive.  Over the past decade there have been multiple state court trials involving all relevant ovarian cancer subtypes and both living and deceased plaintiffs.  Those trials have created a robust record on all issues related to general and specific causation, rulings on myriad motions in limine, and have resulted in verdicts for both plaintiffs and defendants.  Multiple bellwether trials will add nothing to the existing equation.  Instead, delaying remand in favor of multiple bellwether trials will deprive even more surviving plaintiffs of their day in court.  The women who continue to battle ovarian cancer should be given priority and a timely trial date.

The PSC proposes the Court create parallel paths that will allow the parties to proceed towards one bellwether trial while simultaneously permitting broader discovery and remands for trials in other district courts.  In addition to assigning a trial date for the *Judkins* bellwether, the PSC proposes the Court create waves of cases, wherein case specific discovery will proceed. The PSC proposes the following structure for the remand process:

- 5 Pending Bellwether Pool Cases (*Bondurant*, *Converse*, *Gallardo*, *Newsome*, and *Rausa*)
    - Remand after the Court's rulings on (1) *Daubert*; and (2) pending summary judgment motions

- Wave Discovery Phases and Case Work-Up
    Wave Profile:
    - 300 cases per wave, selected by PSC
    - Initial cases for Wave 1 to be disclosed by October 5, 2026
    - Limited to living plaintiffs
    - Diagnosed with EOC and applicable subtype

Hon. Michael A. Shipp, U.S.D.J.
Hon. Rukhsanah L. Singh, U.S.M.J.
June 15, 2026
Page 3 of 4

- - 90% of cases must be serous ovarian cancer
  - 10% of cases either endometrioid or clear cell
  - Cases must have a completed and served Plaintiff Profile Form
  - The parties shall meet-and-confer within 90 days of entry of this Order on timing and structure of subsequent waves

- Discovery Process for Each Wave
  - Within 30 days of identification of Wave cases plaintiffs must complete the following:
    - Plaintiff must supplement PPF if material changes in health status since submission of most recent PPF
    - Produce updated medical records authorizations
    - Produce any materially relevant supplemental medical records in possession of Plaintiff not already produced
  - Within 120 days of entry of Wave Order:
    - Plaintiff deposition
      - Defendants shall be limited to 7 hours of questioning of Plaintiff pursuant to federal rules
      - If Plaintiff's deposition has already been taken, parties have the right to re-depose only concerning new medical information since the last deposition and limited to two hours (one for each side)
      - All plaintiff depositions shall be conducted in person, unless the parties agree to remote videoconference
    - Fact witnesses' depositions, including treating physician depositions
      - Limit of two treating physician depositions
      - Deposition of one additional fact witness
      - Identification of witnesses shall alternate between parties
        - Noticing party is entitled to ask questions first
      - Depositions limited to 4 hours, with each side allocated 2 hours per deposition
      - All fact witness depositions shall be conducted by remote videoconference, unless the parties agree to in person
  - Within 150 days after entry of Wave Order, cases to be remanded

- Post Remand Process

- o The parties reserve the right to request transferee court for additional depositions limited to witnesses not deposed and appearing on opposing party's trial witness list.
- o Case specific expert disclosures shall occur after remand
- o Summary judgment motions, if any, shall be filed after remand. This Order is not intended to resolve any and all potential dispositive motions, and/or pre-trial proceedings (designations, disclosures, motions in limine, etc.), which shall remain subject to further orders from the transferee courts.

The PSC believes this process will provide the most efficient means by which cases can be prepared for trial and remand. We thank the Court for the consideration.

Respectfully submitted,

*s/ Michelle A. Parfitt*
Michelle A. Parfitt
*Plaintiffs' Co-Lead Counsel*

cc:    All Counsel (via ECF)