**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**<br><br>***THIS DOCUMENT RELATES TO ALL CASES*** | Case No. 3:16-md-02738 (MAS) (RLS)<br><br>MDL No. 2738 |

## CASE MANAGEMENT ORDER NO. 7(B)

## (ORDER SUPPLEMENTING CASE MANAGEMENT ORDER NO. 7(A) TO SUPPORT THE IMPLEMENTATION OF THE TALC CLAIMS RESOLUTION PROGRAM)

**THIS ORDER** is entered to supplement Case Management Order No. 7(A) (ECF No. 14741) and support implementation of the Talc Claims Resolution Program ("TCRP") as follows:

1. On July 27, 2026, the Plaintiffs' Negotiation Committee ("PNC"), with the endorsement of the Plaintiffs' Executive Committee ("PEC") and the Plaintiffs' Steering Committee ("PSC"), announced a historic global private settlement program with Defendants to resolve all current and pending talcum powder claims in this MDL and related state court proceedings. This settlement, known as the TCRP, is uncapped and has a guaranteed minimum amount of $5.8 billion.

2. The TCRP facilitates settlement between Defendants and plaintiffs' law firms who represent one or more talcum powder claimants ("Participating Firms") through the firms' execution of the TCRP's Participation Agreement. Pursuant to the parties' agreement, the TCRP Participation Agreement is confidential.

3. To date, 313 Participating Firms representing over 66,500 claimants have executed the Participation Agreement and agreed to the TCRP's terms, including its provisions related to common benefit fees and expenses. The Court notes that the unanimous endorsement and approval of all 313 Participating Firms, including the PNC, PEC, PSC, and state court leadership, vastly exceeds the requirement in paragraph 28 of CMO 7(A) that the PSC approve any change to the assessment by a majority vote.

4. Further, Paragraph 34 of CMO 7(A) expressly contemplates that, in the event of a litigation-wide global private settlement, the PEC/PSC may apply to this Court for a different assessment or common benefit process.

5. In light of the agreement of all TCRP Participating Firms and to support implementation of the TCRP, the Court finds good cause to enter this Order supplementing CMO 7(A) to effectuate the parties' agreement with regard to the handling of TCRP common benefit fees and expenses.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

6. The TCRP is not subject to the application and scope of CMO 7(A). All common benefit fees and expenses arising from or relating to the TCRP shall be governed exclusively by the common benefit provisions and processes set forth in the TCRP Participation Agreement as agreed to by the Participating Firms and Defendants.

7. So long as Defendants comply with the provisions of the TCRP relating to common benefit fees and expenses, Defendants shall be released from any and all liability to any person, attorney, or claimant with respect to any assessment of the TCRP that would have been required by CMO 7(A).

8. CMO 7 and CMO 7(A) remain in full force and effect as to all cases or claims that are not part of the TCRP.

So Ordered this 7th day of October, 2026.

RUKHSANAH L. SINGH
United States Magistrate Judge